From: stmangiaracina@aol.com
To: swaindprcorresp@nysd.uscourts.gov
Cc: stmangiaracina@aol.com
Sent: 8/15/2018 9:19:25 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy

                                                        Sent Via Email & Overnight
Delivery

        Hon. Laura Taylor Swain

        U.S.District Court S.D.N.Y.

        500 Pearl Street

        New York,N.Y. 10007


        My name is Stephen T. Mangiaracina.I recently sent you emails on behalf of my
family,regarding the above on August 10,2018, August 7, 2018June 27, 2018,June 15,2018 and
May 17, 2018. I also copied to the Court correspondence sent to the Willke Farr & Gallagher,
LLP on June 2, 2018.

        I  recently read Barron's (Aug, 10, 2018) Caribbean Business MSC (Aug 8,2018) reporting
the  Oversight  Board release  in part stating the  Oversight Board for the government of Puerto
Rico reached an agreement with  debt holders to restructure the Commonwealth's Cofina
bonds.....  The consensual  deal with all Cofina bondholders proves the Board's and
Government's commitment to reach consensual agreement to Puerto Rico's debt whenever
possible.FOMB director Natalle Jaresko said in a statement....  Under the agreement, the
bondholders of senior and junior bonds will exchange the current notes for new senior lien notes
backed by 54% of a 5.5 sales tax....

....Senior bond holders will receive 93 cents on the dollar,with an additional 2 cents for being in
the negotiating group. Junior bondholders will receive 56.4 cents on the dollar.Good news for
Puerto Rico is good news for three bond insurers. The losses The senior Cofina bonds held by
MBIA (ticker),Ambac Financial Group(AMBC) and Assured Guaranty(AGO) will be "modest'
wrote Harry Fong at MKM Partners bur are likely to be "very close" to what the bond insurers
estimated in their loss reserves as of June 30....Shares of the three companies climbed
Thursday.... The key point today is that the Oversight Board, Puerto Rico and bondholders have
come to an agreement on one of the terrory's debts,Fong wrote...

The Caribbean BusinessMCS news release is similar.

 San Juan- In  separate releases,Puerto Rico's Financial Oversight and Management Board and
the governor both announced that the Board-as representative of the Puerto Rico Sales Tax
Financing Corp.(Cofina by the Spanish acronym)in the bankruptcy-like process underTitle III of
the Puerto Rico Oversight Management and Stability Act(Promesa)-the government and a
number of bondholders reached a deal to restructure the instrumentality debt.

  "The agreement in principle" reached with senior and junior bondholders and monoline insurers
includes new Cofina securities,under "terms that are aligned with the fiscal reality of Puerto

Rico" according to the release issued by the office  of Gov.Ricardo Rossello....


The agreement in principle is the product of a mediation process ordered by Judge Laura Taylor Swain.and led by Judge Barbara House and her team of mediating judges.


 In the Board's release Executive Director Natalle Jaresko wrote that the "objective has been to achieve a debt restructuring agreement with all  COFINA parties consistent with the agreement in principle reached by the agents for the COFINA and Commonwealth,the terms of which were announced on June 7, 2018 and we believe the agreement has honored that goal.

 The court agreed with the proposed protocol to settle the dispute over the 5.5 percent sales & use tax. The designated Cofina agent is Belina Wyhte and the commonwealth agent is Luc Despins, who represents the Unsecured Creditors Committee(UCC) in Title III proceeding,of which bondholders are members....

.....In a statement the Cofina Senior Bondholders Coalition said: This agreement between the Oversight Board and a substantial number of Cofina senior and subordinate creditors marks a major milestone for Puerto Rico on its road to recovery. The terms lay the groundwork for future capital markets access,equitable recoveries and the resumption of restructured cash interest for all bondholders,including a large cross-section of local retirees and individuals.Importantly,the deal also reduces Puerto Rico's debt by approximately $7 billion ,preserves access to low-cost securitizations and increases the Commonwealth's FY2019 sales tax revenue by more than $360 million.

 In my August 7,2018 letter to you, I noted " In a business setting what the Oversight Board is doing,through its Agents would be defined as tortious interference with contract.

 After reading the  releases,I see i was too kind. It now appears to be  a criminal enterprise to conspire to take what is now owned by the  Cofina junior bondholders and attempting to legitimatize the taking by getting the Court to sign off on it.

 First, the independent corporation Cofina is not now in Title III bankruptcy. The issue on motion submitted to you on April 10,2010, by  the Unsecured Creditors Committee as Agent of the Oversight Board as representative of the Oversight board, and Bettina Whyte as Agent of the Oversight Board as representative of  Cofina, is to determine whether it belongs in the  Commonwealth's Title III bankruptcy.Both sides submitted opposing advisory briefs to you on the motion for summary judgment to this Court .This convoluted set up was necessary because the Oversight Board claimed it wanted to remain neutral.

 About a month after submission, I called Willke Farr and spoke with the primary drafter of the motion,arguing the formation of Cofina by the Commonwealth's legislature with the consent of the executive branch did not violate Puerto Rico's Constitution. He graciously helped me find the submission. I called him back to say he turned out some of the finest papers I ever read. The Cofina legislation is supported by so much case law from many other states' highest courts that ruled on similar issues in favor of such legislation,The courts deferred to a state's legislature, The Commonwealth legislature in establishing Cofina did what these other states did .


 Although I still had doubts about the Oversight Board due to its overlapping relationships,I felt very good, after reading the motion papers, there would be a favorable ruling that Cofina would not be going into the Title III  bankruptcy.If Cofina wins so do its bondholders since, although

not a named party,wee are a very interested one.This was until I learned the Oversight Board
assigned both Agents to work on a "settlement" before this Court had ruled..The Oversight
Board then showed its true colors that it was not neutral at all.


   As I stated before, a government entity cannot act or disavow its own duly passed laws,The
Oversight Board is doing that because it now sits in the Commonwealth's shoes.Here the
legislation was passed over 10 years ago establishing Cofina,This is very prejudicial to to the
Cofina bond holders. The Oversight Board is thus indicating to the Court it wants to avoid a
decision which it believes will be unfavorable to it.It also takes with it the Willke Farr law
firm,after it wrote and submitted winning motion papers to the Court,  to help negotiate with the
unsecured creditors, Willke Farr should have refused and I said so. Does this encourage the
Court to ignore their winning papers and let the motion die. Te Oversight Board is now sending
out self serving joint press releases, about the recent claim of settlement :as to whether if Cofina
is part of the Title III bankruptcy is of no concern, because it is a fait  accompli. Various
participants claim what a great accomplishment the"settlement' is,about how great it is for Puerto
Rico and so many others.I do not mean any disrespect, but are they trying to scare you off from
some unfinished business like a decision  or if you did  render a decision, because of the
pressure, it would most likely go against Cofina .?

   Even though it is doing so without a legal basis, it is also shutting the  Cofina jujnior
bondholders out of negotiations.it is clear from the news releases placed by the  Oversight Board
that the juniors were not represented in the "agreement" negotiation.One Agent represented the
unsecured creditors, with the help of the institutional  holders representative and the  insurance
carrier's representative insuring the senior Cofina bonds

   The 2 cents on the dollar given to senior bond holders to cover their legal expenses for being in
the negotiating group. The junior  bond holders were not awarded this because we were not
included. at the table.

   Senior bond holders have a priority over juniors only if  Cofina were to default.Here Cofina has
enough money to meet all its obligations to both seniors and juniors. If the juniors were at the
table, the response would be that "we get what you get or we are out of here".

 The lack of our presence allowed the senior Cofina's to get  for all practical purposes payment in
full without the court making a decision as to whether Cofina goes into the Title
III  bankruptcy.The insurance carrier guarantor for the seniors had its loss exposure
reduced   because of what was taken from the absent juniors,

   The notice that was given in the Caribbean Business MCS release, given by the Financial
Oversight and Management Board,states "In a statement,the Senior Bondholders Coalition said "
This agreement between the Oversight Board and a substantial number of COFINA senior and
subordinate creditors marks a major milestone for Puerto Rico on its road to rercovery" Why use
the term subordinate rather than junior ?

   I understand there is another request for an extention before you make a decision. This time 60
days so they can present some agreement to you..Wouldn't it be something if their thinking is
presentation of a fully executed settlement document  for you to sign off on and they also have
an order  for you to sign addressing your decision on the motion now before you since its
submission on August `10,2018.

   Did the Oversight Board pull a bait and switch to gain total control over the Title III bankruptcy
issue and Cofina? In claiming neutrality ,appointing two Agents,one for the unsecured creditors

and one for Cofina, with each to brief and argue one side of the motion, the Oversight Board has been able to view the submissions to the Court and determine that the unsecured creditors would lose and Cofina would remain tndependant to meet its original obligations to its bondholders. So with no intention of waiting for this decision, it went into

" settlement mode" where it now controls both sides to get a desired outcome
which if approved,it will ripoff the Cofina junior bondholders

 The Oversight Board and the unsecured creditors , with the "settlement" terms that have now been published,have thus admitted that Cofina was validly created by the Commonwealth legislature . The plan is to have Cofina continue to exist, This is an admission that the legislature did not violate Puerto Rico's constitution in creating Cofina.

This is an excerpt from your hearing on April 10,20189 as reported by Nick brown,Edited by N. Zieminski ;

 Stancil and other GO side lawyers said debt is senior to all obligations.

 GO holders have the first claim on " available sources.

 Stancil said and it can't just be assumed away that

 available resources means whatever the legislature

 says"

 " it's up to the court to define,'he said.

 Judge Swain had pointed questions,though,

 How she asked Stancil " Is the court in position

 to determine whether babies should eat or traffic lights

 fiixed before bondholders get paid?

 Swain also noted that Puerto Rico's constitutional debt limit

 only applied to debt backed by Puerto Rico's full faith and credit,

 such as GO debt.

 It could have been written to encompass all debt,she said

 but it wasn't written that way"

 I believe after hearing you,is when a firm decision was made, by the Oversight Board and the

unsecured creditors,to act quickly to entertain "settlement" even though there is no authority to do so.without a decision and order by you.They saw the handwriting on the wall and believed then and now that they will lose.It is clear you were referring to the Cofina bondholders waiting to be paid.

In speaking with insiders to the proposed  "settlement" that, while the goal is have it completed by the end of the year,that is not likely and normally in these situations interest will not be paid,before a decision and order by the Court.

 Cofina junior bondholders should not be forced into an unsecured creditor class subject to majority votes and the actions of others beyond our control,so as to help Puerto Rico out of bankruptcy and reduce the loses of the unsecured  creditors and others.

   The unsecured creditors filed a claim stating Cofina should be in Title III  bankruptcy, submtted  briefs and argued in a proceeding before you on April 10, 2018 when the motion was submitted for a decision on the merits and then,instead of waiting for that decision,  the Oversight Board quickly began "settlement" machinations; sent out self serving press releases, along with input from other participants stating how great this all is for Puerto Rico, claiming success while inferring that Cofina is already in Title III bankruptcy.It was wrongful to ever begin  going down this road so as to deny Cofina junior bondholders,such as my family, the due process of a decision on the merits by you,before our money is taken from us.

   Just our rejection of what is going on is sufficient to stop this take over attempt of Cofina, which is in effect a takeover of Cofina junior bond holders' property.

   I believe there are grounds for a referral to the Department of Justice for investigation.This will not go away.

   I respectfully ask the Court to render a decision and remove the stay sua sponte.Thank you.

   Stephen T. Mangiaracina

   5 Salem Road

   Hilton Headf Island,SC 29928
   Tel. 843 785 5800

   Fax.843 785 5800

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 8/10/2018 3:08:16 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

Sent Via Email &  Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl Street

New York,N.Y. 10007

Dear Judge Swain

   My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my
family,regarding the above on August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018.
I also copied to the Court correspondence sent to the Willkie Farr & Gallagher,LLP. law firm on
July 2, 2018.

   As to the issues that were put before you,via motion on April 10, 2018,for decision addressing
the validity of Cofina and the sale of its bonds, I ask  the Court to make an  interim decision
first.The Court  granted equitable relief to the unsecured creditors with a stay stopping payments
by Cofina to its sales tax bond holders during the pendency of the motion issues. This was done
ex parte. Sales tax bond holders,such as my family never had a day in your Court to oppose the
granting of the stay because we are not part of the bankruptcy;so I settle for writing letters.The
caption on the motion submitted to the Court states the Oversight Board represents the
Commonwealth. One issue which would have been  raised is the principle that the
government  cannot disavow or act contrary to its own duly passed legislation(.Estoppel).Here,
that is the creation of  Cofina by the Commonwealth as an independent corporation
and  approved by the executive branch, authorized  to sell bonds secured by sales taxes, that once
collected are transferred to the Cofina trustee to meet its obligations to its bond holders.Here  the
Oversight Board by its actions is  disavowing Cofina's statutory existence and purpose.Claiming
to be neutral does not cut it.Example-The Commonwealth should not be paying the legal fees of
the unsecured creditors on what is now before the Court. The Oversight Board thus facilitated
the stay.

Another point that would have been raised is that unsecured creditors had  record notice at the issuance of the Cofina bond  public offerings in 2006 and 2007. If they felt their interests were compromised, they could have lobbied the Commonwealth legislature to express concerns or  sought injunctive  relief preventing the establishment of Cofina and its bond issues prior to sale, rather than after a bankruptcy filing 10 years later, after sales tax bond holders made their purchases.  It was not a secret  in 2006/2007 that the Commonwealth of Puerto Rico was credit dead.

The main point I would have argued to the Court is the unlikelihood of success of the claim  that Cofina was not validly created.In looking at how the highest courts  of several states (Massaachusetts, New York,etc) addressed similar issues, the tests applied are all similar. The courts deferred to the state legislatures.As long as the legislation was tightly defined,all state income does not have to go into its treasury first and withdrawn by specified appropriations by its legislature. The Commonwealth legislature in establishing Cofina did what all these other states did. It's as if they were following a textbook.

The stay was granted ex parte.This justifies starting over. I ask that the Court do so sua sponte  It can always be granted again but with due process this time.

Cofina should no longer be treated like the Scarecrow in the Wizard of Oz.  It should be given a brain.  Willke Farr, or anyone else who answers to the Oversight board, should not be associated with controlling this independent corporation.  This Court should appoint attorneys to represent Cofina and approve payment of legal fees.These attorneys should be responsible for representing and arguing in favor of Cofina's validity, its ongoing relationship with its bond holders, meeting Cofina's obligations and protecting it.

Cofina upon being given a brain  would now argue for its own life.The caption now states the Oversight Board   represents Cofina. This is flawed since Cofina is outside the bankruptcy proceeding.This would simply be changed to its own attorneys representing its interests.

This would address my August 7,2018 correspondence to the Court expressing my feeling of being defenseless. The Court would now be addressing the due process issues affecting my family whose bonds along with Cofina are outside the bankruptcy proceeding.I think it will also be a good thing  for the rest of us similarly situated  and the Court too..

I believe Cofina's existence including the sale of its bonds is valid.  The Court may not have to get to this issue after addressing the equitable ones.

I respectfully ask the Court to render its decision and remove the stay sua sponte.  Thank you.

Stephen T. Mangiaracina

5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800

Fax 843 785 4100

Sent from AOL Desktop

In a message dated 8/7/2018 3:40:53 PM Eastern Standard Time,
stmangiaracina@aol.com
writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl  Street

New York.N.Y. 10007

Dear Judge Swain:

 My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,
regarding the above on June 27,2018, June 15,2018 and May 17,2018. Please see below. I also
copied to the Court correspondence sent to the Willke ,Farr,& Gallagher.,LLP. law firm on July
2,2018.

 I write to you after reading the attached copy of the August 2,2018 Cate Long Twitter blog
notice. It is a request to delay again a decision date  by the Court, from August 4.2018 to
September 12,2018, on the validity of Cofina and the sale of its bonds, backed by sales tax
revenues of the Commonwealth of Puerto Rico.
,
 What should first be determined is whether the present actions of the Agents who are both
controlled  by the Oversight Board, are legal and ethical. In my opinion I respectfully say "No".
Much of what has to be said,I addressed in my earlier correspondence. Kindly refer.

 As to Cofina, the Willke Farr & Gallagher LLP law firm was retained  by the Oversight Board
only to give the Court an advisory argument in the now submitted  summary  judgment motion
supporting the validity of Cofina. Cofina is presently not part of the Commonwealth bankruptcy.
It remains ready,willing and able to meet all its obligations  to its sales tax bond holders but for
the stay.   My family opposes the firm doing anything that includes claiming to act on behalf of
Cofina to effect a "settlement" that would be contrary to our interests. The caption on the motion
before you states that the Commonwealth is the plaintiff and the defendant is Cofina.The caption
also states that the Oversight Board represents the Commonwealth.

 Willkie Farr argued for the defendant, which as an independent  corporation is not now part of
the Commonwealth bankruptcy proceeding. While being on the payroll of the Oversight Board,
which would gain what the sales tax bond holders would lose in "settlement", Willkie
Farr  would  have to work to bring Cofina, a corporation independent of the Commonwealth,
into the bankruptcy proceeding,along with its bond holders. It is not retained by, nor did it
represent Cofina. Thus it is acting at the behest of its client Oversight Board which is acting in
the interest of the Commonwealth. The Commonwealth and its unsecured creditors have
opposing interests from that of the Cofina bond holders whose interests are secured by the sales
taxes

The unsecured creditors,already in the Commonwealth bankruptcy proceeding,with their legal counsel are in it to settle their claims with the  Oversight Board.The Oversight Board does not have the authority/standing to orchestrate a plot to take control of Cofina,which is not in the bankruptcy proceeding and then going after secured sales tax bond holders like my family,also not in the proceeding,  to approve a predetermined "settlement" agreement.

In a business setting, what the Oversight Board is doing,through its attorneys and Agents, would be defined as tortious interference with contract. In the present environment,sales tax bond holders are defenseless and thus must rely on this Court to protect us. All I can do is write letters to the Court . We should not have to watch as an outcome is manipulated so as to deny us due process. What is going on should not be allowed to take place. As I wrote to the Court in an earlier letter, sales tax bond holders do not have the deep pockets and organizational capacity to fight against this  farce that has been created to drag us into the bankruptcy proceeding

I respectfully ask the Court to render its decision and remove the stay sua sponte.Thank you.

Stephen T. Mangiaracina

5 Salem Road

Hilton Head Island,Sc 29928

Tel. 843 785 5800

843 785 4100



**Cate Long** @cate_long Aug 2

Agents for Puerto Rico govt & Cofina bondholders ask Title lll court to allow them to continue negotiating Cofina settlement past Aug 4 deadline. Req new dealine of Sept 12. Appears that agents dont have sufficient bondholders on board yet (pg 4)

https://drive.google.com/file/d/14hsz0aTGF1CS3EKS15F104lzYYAUZBql/view?usp=sharing … #muniland

5.    Third, the Agents and other parties in interest have been working toward the satisfaction of the various conditions precedent to the Settlement Agreement. Among other conditions precedent, prior to the execution of the Settlement Agreement, (i) the Commonwealth Agent must be satisfied (in its sole discretion) that a sufficient number of holders of COFINA bonds shall support COFINA's title III plan incorporating the Settlement Agreement, and (ii) the COFINA Agent must be satisfied (in its sole discretion) that all restructured securities issued by COFINA (or a new entity established pursuant to COFINA's title III plan) will be tax-exempt to the extent permitted under applicable law. Discussions are ongoing between the Agents and other parties in interest in order to satisfy these conditions precedent, although the Agents cannot disclose any details of those discussions due to the mediation privilege. However, as of the date of this Motion, it is clear that the conditions precedent would not be satisfied on or before August 4, 2018, which is the current expiration date of the abeyance period. Additionally, as mentioned by counsel to the Commonwealth Agent at the omnibus hearing on July 25, 2018, there are several other issues that may require further negotiation and discussion, which may impact the timing, process, and execution of the Settlement Agreement.[4]

Sent from AOL Desktop

In a message dated 6/27/2018 9:23:49 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D.N.Y.

500 Pearl Street

New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina.  I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018.  Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy.  Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth.  The Commonwealth has not defaulted on any obligations it owes us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government.  It is made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders.  The stay imposed by the Court is not a default.  If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

Unless the Court were to first find in the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement  regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy.  Since Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision.  It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago.  It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision.  This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the issue.  Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then.  When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st.

.

Sent from AOL Desktop

In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

     Hon. Laura Taylor Swain

     U.S.District Court,S.D.N.Y.

     500 Pearl Street

     New York,N.Y.10007

     Dear Judge Swain:

   My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.

  I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.

  Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.

  Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.

  Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their   client is  one and the same. They cannot  put form over substance to fog up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.

  I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.     They are in effect retained by

the same Oversight Board. Why bring up settlement now at the 11th hour when a decision is fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.

 The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's  representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.

 Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply  covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.

 I  submit to the Court that the assigned mission for each firm is to argue opposite  sides to enable the Court to render a decision on the merits.It does not include  these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched  smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including  the outcome  to avoid a decision it apparently  fears coming soon.We do not have the deep pockets and organizational capability  to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.

 I respectfully ask the Court to render its decision.Thank you.
 Stephen T. Mangiaracina
 5 Salem Road
 Hilton Head Island,SC 29928
 Tel. 843 785 5800

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico
Bankruptcy


Sent: 5/17/2018 3:51:12 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

 Hon. Laura Taylor Swain

 U.S. District Court, S.D.N.Y.

 500 Pearl Street

 New York,NY 10007

 Dear Judge Swain:

   My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales
tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018
you heard arguments on the issues before you before taking the matter for decision and
order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to
meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying
interest owed every 6 mounts and at maturity paying the full par value of the bonds.

   Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there
has been no default since these bonds were first issued over 10 years ago.There has been no
default on the payment of principal on  any matured  Cofina bonds.

 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on
behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane,
Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty
Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my
suggestion. We all await your decision.

   I am duly licensed to practice law in the states of New York, South Carolina,and Florida (
presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.
5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800
Fax.843 785 2400

From: stmangiaracina@aol.com
To: ckoenig@willkie.com
Cc: swaindprcorresp@nysd.uscourts.gov, stmangiaracina@aol.com
Sent: 7/2/2018 8:39:33 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy


        July 2, 2018

                                    Sent Via Email & Overnight Delivery


        Christopher Koenig,Esq.
        Willkie Farr & Gallagher LLP
        787 Seventh Avenue
        New York,NY 100019-6009

        Dear Chris:

        We last spoke when i called you on Wednesday 6/13/2018. I expressed my dismay at
learning your       firm  requested a delay from Judge Swain in rendering a decision on the
summary judgment motion submitted to her on April 10, 2018.The reason given is that your firm
is engaged in settlement negotiations that would avoid a need for a decision by the Court on the
validity of Cofina's existence and its issuance and sale of bonds secured by sales taxes collected.
Thus during the delay,the stay preventing  the Cofina   trustee,although ready,willing and able to
make timely interest payments to bond holders,both senior and  junior,would remain in effect.

         I was very careful not to direct my displeasure at you, a good person but rather at those at
your firm calling the shots.  Your firm is conflicted and  therefore has no business engaging in
"settlement" negotiations that would impact the Cofina bond holders which includes me and my
family.

        The Oversight Board chose not to acknowledge the validity of Cofina established over ten
years ago.  Instead it retained your firm to argue and submit briefs in favor of its existence and
actions. It retained another law firm, believed to be Proskauer Rose LLP to  argue against it. You
had the facts on your side and did  outstanding work.

        It was assumed the Court would render a decision as soon as reasonably possible, particularly
because of the stay on payments by Cofina to its sales tax bond holders who along with Cofina
are not part of the bankruptcy.

        Apparently, what you did was so good that at the 11th hour the Oversight Board, whose
mission it is to steer the Commonwealth of Puerto Rico out of bankruptcy, had both law firms
reach out to the Court.  The Oversight Board's purpose was to request a delay in the Court's
decision by claiming a settlement was reached.  Willkie Farr should have refused.  It did the job
for which it was retained.  The new job assignment for the two firms appears to be deciding how
much money to take through "settlement "  from the sales tax bond holders like my family and
turn it over to the Commonwealth; this is of course all being subject to approval by the Oversight
Board, both  firms' client. This is settling with yourself.  It is no secret that the Oversight Board
pays its New York attorneys very well;  some have said too well, and the Court is addressing this
issue.

You said I could object to the settlement approximately in September when everything will be put before the Court for approval. By then it would be to late.  The conflict is glaring.  Willkie Farr should get out and advise the Court it is no longer seeking a delay on the motion decision.If not, the Court should go forward anyway.

I have included three letters to Judge Swain dated 6/27/2018, 6/15/2018 and 5/17/2018.  They express more fully my concerns.  I have also copied the Court this correspondence.

Thank you.

Sincerely,

Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

Sent from AOL Desktop
In a message dated 6/27/2018 9:30:13 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina.  I recently sent you emails on behalf of my family
regarding the above on June 15, 2018 and May 17, 2018.  Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico
which is in bankruptcy.  Our bonds were not purchased from, nor secured by the full faith and
credit of the Commonwealth.  The Commonwealth has not defaulted on any obligations it owes
us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent
corporation by the Commonwealth government.  It was made independent, free of any control by
the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its
obligations to all its sales tax bond holders.  The stay imposed by the Court is not a default.  If
Cofina did default, we sales tax bond holders could not claim recourse against the
Commonwealth.

Unless the Court were to first find, based on  the motion papers for summary judgment
before it on April 10, 2018, that the establishment of Cofina and its commitments to its
bondholders are invalid, any settlement  regarding Commonwealth creditors, cannot include
Cofina. Although its very existence is being challenged, it is not part of the bankruptcy.  Since
Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on
April 10, 2018 for decision.  It is one thing for the Court requiring sufficient time to render a
decision on a matter submitted to it over two months ago.  It is quite another for those seeking
the demise of Cofina to request a delay in the publication of a decision.  This would be to the
detriment of the sales tax bond holders such as my family who have already missed two bond
payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the
issue.  Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached
and not to expect anything to happen until sometime in September when I will be given an
opportunity to object to any settlement then.  When I asked if the Court was informed, the reply
was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina's sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st?

Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

It would be unconscionable to expose sales tax bond holders,under financial duress,to these settlement predators.  If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

The equitable remedy of a stay never should have happened.  At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it.  If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

Those seeking the stay would have had an insurmountable burden to overcome.  For over 10 years, no one including the Commonwealth,ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

.

Sent from AOL Desktop
In a message dated 6/15/2018 8:45:04 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

Hon. Laura Taylor Swain
U.S.District Court,S.D.N.Y.
500 Pearl Street
New York,N.Y.10007


Dear Judge Swain:


My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family
regarding the above,  dated 5/17/18. Please see below.


I just learned that there is a proposed settlement that will be presented to you by the agents for
the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the
issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a
decision of record prior to entertaining any settlement discussion,.


Again ,please make a decision on the matters that were submitted to you over two months ago.I
have read the arguments by both agents including the history of the sales tax bonds from their
birth until the present.The papers were submitted by the law firms retained by the Oversight
Board to represent each agent for and against the validity of Cofina and its sales tax bond issues
beginning over 10 years ago.


Whatever your decision, I trust it will be well reasoned and thorough.There is the right to
appeal. It is the only thing that will give due process to the 'little people'. Once settlement is
entertained, the big boys take control over our interests with no end in sight.


Under the unique circumstances of what is before you, I respectfully suggest it would be
unethical for the law  firms representing their "client " to present a settlement proposal to avoid a
decision by you.Their   client is  one and the same. They cannot  put form over substance to fog
up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the
Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court
goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there
will be no issue as to senior or  junior sales tax bond holders since there is more than enough
money collected to meet the obligation to pay both.If there is a settlement,that issue will be
reserved for settlement on another day.If the Court renders a decision,this will not be an issue
later.


I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my
understanding that they only represent the agent for Cofina and not its bondholders. Let me just
say I am content with what I read. Now after hearing about settlement,I am very displeased. By
the quality and extent of their papers I can only imagine what a major national law firm charges
for this work.The same is true for their "adversary" law firm,.      They are in effect retained by
the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is

fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.


 The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's  representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.


 Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply  covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.


 I  submit to the Court that the assigned mission for each firm is to argue opposite  sides to enable the Court to render a decision on the merits.It does not include  these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched  smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including  the outcome  to avoid a decision it apparently  fears coming soon.We do not have the deep pockets and organizational capability  to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.


 I respectfully ask the Court to render its decision.Thank you.


 Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island,SC 29928
Tel. 843 785 5800
Fax. 843 7852400

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico Bankruptcy


Hon. Laura Taylor Swain

U.S. District Court, S.D.N.Y.

500 Pearl Street

New York,NY 10007


Dear Judge Swain:

  My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018 you heard arguments on the issues before you before taking the matter for decision and order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying interest owed every 6 mounts and at maturity paying the full par value of the bonds.

  Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there has been no default since these bonds were first issued over 10 years ago.There has been no default on the payment of principal on  any matured  Cofina bonds.
 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane, Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my suggestion. We all await your decision.

I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.

5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800

Fax.843 785 2400