Sent from AOL Desktop
From:
stmangiaracina@aol.com
To:
swaindprcorresp@nysd.uscourts.gov
Cc:
STMangiaracina@aol.com

Sent: 8/10/2018 3:08:16 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

                                                            Sent Via Email &  Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl Street

New York,N.Y. 10007

Dear Judge Swain

  My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,regarding the above on August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018. I also copied to the Court correspondence sent to the Willkie Farr & Gallagher,LLP. law firm on July 2, 2018.

  As to the issues that were put before you,via motion on April 10, 2018,for decision addressing the validity of Cofina and the sale of its bonds, I ask  the Court to make an  interim decision first.The Court  granted equitable relief to the unsecured creditors with a stay stopping payments by Cofina to its sales tax bond holders during the pendency of the motion issues. This was done ex parte. Sales tax bond holders,such as my family never had a day in your Court to oppose the granting of the stay because we are not part of the bankruptcy;so I settle for writing letters.The caption on the motion submitted to the Court states the Oversight Board represents the Commonwealth. One issue which would have been  raised is the principle that the government  cannot disavow or act contrary to its own duly passed legislation(.Estoppel).Here, that is the creation of  Cofina by the Commonwealth as an independent corporation and  approved by the executive branch, authorized  to sell bonds secured by sales taxes, that once collected are transferred to the Cofina trustee to meet its obligations to its bond holders.Here  the Oversight Board by its actions is  disavowing Cofina's statutory existence and purpose.Claiming to be neutral does not cut it.Example-The Commonwealth should not be paying the legal fees of the unsecured creditors on what is now before the Court. The Oversight Board thus facilitated the stay.

Another point that would have been raised is that unsecured creditors had record notice at the issuance of the Cofina bond public offerings in 2006 and 2007. If they felt their interests were compromised, they could have lobbied the Commonwealth legislature to express concerns or sought injunctive relief preventing the establishment of Cofina and its bond issues prior to sale, rather than after a bankruptcy filing 10 years later, after sales tax bond holders made their purchases. It was not a secret in 2006/2007 that the Commonwealth of Puerto Rico was credit dead.

The main point I would have argued to the Court is the unlikelihood of success of the claim that Cofina was not validly created.In looking at how the highest courts of several states (Massaachusetts, New York,etc) addressed similar issues, the tests applied are all similar. The courts deferred to the state legislatures.As long as the legislation was tightly defined,all state income does not have to go into its treasury first and withdrawn by specified appropriations by its legislature. The Commonwealth legislature in establishing Cofina did what all these other states did. It's as if they were following a textbook.

The stay was granted ex parte.This justifies starting over. I ask that the Court do so sua sponte It can always be granted again but with due process this time.

Cofina should no longer be treated like the Scarecrow in the Wizard of Oz. It should be given a brain. Willke Farr, or anyone else who answers to the Oversight board, should not be associated with controlling this independent corporation. This Court should appoint attorneys to represent Cofina and approve payment of legal fees.These attorneys should be responsible for representing and arguing in favor of Cofina's validity, its ongoing relationship with its bond holders, meeting Cofina's obligations and protecting it.

Cofina upon being given a brain would now argue for its own life.The caption now states the Oversight Board represents Cofina. This is flawed since Cofina is outside the bankruptcy proceeding.This would simply be changed to its own attorneys representing its interests.

This would address my August 7,2018 correspondence to the Court expressing my feeling of being defenseless. The Court would now be addressing the due process issues affecting my family whose bonds along with Cofina are outside the bankruptcy proceeding.I think it will also be a good thing for the rest of us similarly situated and the Court too..
I believe Cofina's existence including the sale of its bonds is valid. The Court may not have to get to this issue after addressing the equitable ones.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800

Fax 843 785 4100