Sent from AOL Desktop

In a message dated 6/27/2018 9:23:49 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

                                                Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

   My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018. Please see below.

   The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy. Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth. The Commonwealth has not defaulted on any obligations it owes us, since it has none.

   Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government. It is made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

   The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders. The stay imposed by the Court is not a default. If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

   Unless the Court were to first find in the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy. Since Cofina is not in default, its bond holders have no claim against it.

   Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision. It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago. It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision. This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

   Settlement efforts regarding the many creditors of the Commonwealth are not the issue. Cofina and its sales tax bond holders just do not belong in them.

   I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then.  When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

   I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

   If this is true, how can this Court justify holding off on publishing a decision, as soon as reasonably possible, with the stay still in effect?

   The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

   It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st.

 Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

   It would be unconscionable to expose sales tax bond holders,under financial duress,to these settlement predators.  If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

   The equitable remedy of a stay never should have happened.  At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it.  If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

   Those seeking the stay would have had an insurmountable burden to overcome.  For over 10 years, no one including the Commonwealth,ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.

   I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

   Stephen T. Mangiaracina
   5 Salem Road
   Hilton Head Island, SC 29928
   Tel. 843 785 5800
    Fax 843 785 4100