From: stmangiaracina@aol.com
To: ckoenig@willkie.com
Cc: swaindprcorresp@nysd.uscourts.gov, stmangiaracina@aol.com
Sent: 7/2/2018 8:39:33 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy

July 2, 2018

Sent Via Email & Overnight Delivery

Christopher Koenig, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 100019-6009

Dear Chris:

We last spoke when i called you on Wednesday 6/13/2018. I expressed my dismay at learning your firm requested a delay from Judge Swain in rendering a decision on the summary judgment motion submitted to her on April 10, 2018. The reason given is that your firm is engaged in settlement negotiations that would avoid a need for a decision by the Court on the validity of Cofina's existence and its issuance and sale of bonds secured by sales taxes collected. Thus during the delay, the stay preventing the Cofina trustee, although ready, willing and able to make timely interest payments to bond holders, both senior and junior, would remain in effect.

I was very careful not to direct my displeasure at you, a good person but rather at those at your firm calling the shots.  Your firm is conflicted and therefore has no business engaging in "settlement" negotiations that would impact the Cofina bond holders which includes me and my family.

The Oversight Board chose not to acknowledge the validity of Cofina established over ten years ago.  Instead it retained your firm to argue and submit briefs in favor of its existence and actions. It retained another law firm, believed to be Proskauer Rose LLP to argue against it. You had the facts on your side and did outstanding work.

It was assumed the Court would render a decision as soon as reasonably possible, particularly because of the stay on payments by Cofina to its sales tax bond holders who along with Cofina are not part of the bankruptcy.

Apparently, what you did was so good that at the 11th hour the Oversight Board, whose mission it is to steer the Commonwealth of Puerto Rico out of bankruptcy, had both law firms reach out to the Court.  The Oversight Board's purpose was to request a delay in the Court's decision by claiming a settlement was reached.  Willkie Farr should have refused.  It did the job for which it was retained.  The new job assignment for the two firms appears to be deciding how much money to take through "settlement " from the sales tax bond holders like my family and turn it over to the Commonwealth; this is of course all being subject to approval by the Oversight Board, both firms' client. This is settling with yourself.  It is no secret that the Oversight Board pays its New York attorneys very well;  some have said too well, and the Court is addressing this issue.

You said I could object to the settlement approximately in September when everything will be put before the Court for approval. By then it would be to late. The conflict is glaring. Willkie Farr should get out and advise the Court it is no longer seeking a delay on the motion decision.If not, the Court should go forward anyway.

I have included three letters to Judge Swain dated 6/27/2018, 6/15/2018 and 5/17/2018. They express more fully my concerns. I have also copied the Court this correspondence.

Thank you.

Sincerely,

Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
Fax 843 785 4100

Sent from AOL Desktop
In a message dated 6/27/2018 9:30:13 AM Eastern Standard Time, stmangiaracina@aol.com writes:

                                      Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018. Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy. Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth. The Commonwealth has not defaulted on any obligations it owes us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government. It was made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders. The stay imposed by the Court is not a default. If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

Unless the Court were to first find, based on the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy. Since Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision. It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago. It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision. This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the issue. Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then. When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out. Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation. It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process. This is hubris at its best. What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina's sales tax bond holders. How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st?

Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

It would be unconscionable to expose sales tax bond holders, under financial duress, to these settlement predators. If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

The equitable remedy of a stay never should have happened. At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it. If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

Those seeking the stay would have had an insurmountable burden to overcome. For over 10 years, no one including the Commonwealth, ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

.

Sent from [AOL Desktop](AOL Desktop)
In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time, [stmangiaracina@aol.com](stmangiaracina@aol.com) writes:

  Hon. Laura Taylor Swain
  U.S.District Court,S.D.N.Y.
  500 Pearl Street
  New York,N.Y.10007


  Dear Judge Swain:


   My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.


  I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.


  Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.


  Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.


  Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their   client is  one and the same. They cannot  put form over substance to fog up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.


  I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.     They are in effect retained by the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is

fairly imminent? They have the same client,the Oversight Board, no matter what the caption says.The sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.

The fact is that in 2006/2007 Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's representations and actions made over 10 years ago.The Commonwealth and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.

Cofina is a corporation formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr only argued to establish the validity of Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will Willkie Farr argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ? In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.

I submit to the Court that the assigned mission for each firm is to argue opposite sides to enable the Court to render a decision on the merits.It does not include these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people" sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including the outcome to avoid a decision it apparently fears coming soon.We do not have the deep pockets and organizational capability to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.

I respectfully ask the Court to render its decision.Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island,SC 29928
Tel. 843 785 5800
Fax. 843 7852400

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico Bankruptcy


Hon. Laura Taylor Swain

U.S. District Court, S.D.N.Y.

500 Pearl Street

New York,NY 10007


Dear Judge Swain:

My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018 you heard arguments on the issues before you before taking the matter for decision and order.This matter is deciding the rights and priority to the sales taxes collected and set aside to meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying interest owed every 6 mounts and at maturity paying the full par value of the bonds.

Up until the bankruptcy and the Court staying the payment of the interest on these bonds, there has been no default since these bonds were first issued over 10 years ago.There has been no default on the payment of principal on any matured Cofina bonds.
My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane, Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my suggestion. We all await your decision.

I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that the Court finds that the Cofina bond owners, both senior and junior,have continued recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.

5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800

Fax.843 785 2400

Case:17-03283-LTS   Doc#:4215-19   Filed:11/13/18   Entered:11/13/18 12:08:37   Desc: Exhibit July 2    2018 Letter to Wilke Farr & Gallagher   Page 9 of 9