# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 3284-LTS |

## OBJECTION TO THE DISCLOSURE STATEMENT BY FOUR CREDIT UNIONS WHO ARE CREDITORS IN THIS CASE

To the Honorable United States District Court Judge Laura Taylor Swain

COME NOW, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, Cooperativa de Ahorro y Crédito del Valenciano and Cooperativa de Ahorro y Crédito de Juana Díaz (hereafter referred to as ("Credit Unions"), by and through the undersigned counsel, hereby file this objection (the "Objection") to the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* dated October 19, 2018 (the "Disclosure Statement") [Dkt. No. 4073] as submitted by the Financial Oversight and Management Board for Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

(the "<u>Oversight Board</u>"), as representative of the Puerto Rico Sales Tax Financial Corporation (the "<u>Debtor</u>" or "COFINA").

**IDENTITY OF THE OBJECTORS AND THEIR CLAIMS:**

1. In compliance with the Sixth Amended Case Management Procedures Order (ECF No. 3804), each independent objecting party states its name, address, amount and nature of each claim as follows.

    a. Cooperativa de Ahorro y Crédito de Rincón ("Coop. Rincón") is a credit union organized under the laws of the Commonwealth of Puerto Rico who has appeared as a creditor in this case upon the filing of proof of claim number 41478 seeking recovery of $75,922,641.68 which are owed by COFINA.

    b. Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía ("Coop. Zeno Gandía") is a credit union organized under the laws of the Commonwealth of Puerto Rico who has appeared as a creditor in this case upon the filing of proof of claim number 44322 seeking recovery of $9,739,565.45 which are owed by COFINA.

    c. Cooperativa de Ahorro y Crédito Del Valenciano ("VALENCOOP") is a credit union organized under the laws of the Commonwealth of Puerto Rico who has appeared as a creditor in this case upon the filing of proof of claim number 34165 seeking recovery of $1,968,744.00 which are owed by COFINA.

    d. Cooperativa de Ahorro y Crédito de Juana Diaz ("Coop. Juana Diaz") is a credit union organized under the laws of the Commonwealth of Puerto Rico who has appeared as a creditor in this case upon the filing of proof of claim number 45705 seeking recovery of $2,379,108.46 which are owed by COFINA.

**PRELIMINARY STATEMENT:**

2. The "Credit Unions" purport that the Disclosure Statement currently on file fails to

provide adequate information for creditors to make an informed decision regarding the Debtor's *Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "Plan") as required by Bankruptcy Code Section 1125(a) made applicable to herein by section 301 (a) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA").

3. In what can be construed as a plan offering cash or securities to a captive group consisting of the creditors of COFINA, the Disclosure Statement lacks adequate and basic information to enable a hypothetical reasonable investor to make an informed judgment about the plan. Upon our review of the Disclosure Statement and Plan any information estimating the amount of projected or intended claims for each class defined in the Plan is missing.

4. The Disclosure Statement fails to address material contingencies and inherent risks associated to ongoing litigation pending before this Honorable Court. In example, there is no information provided in the Disclosure Statement regarding the "Credit Unions" adversary proceeding filed on March 22, 2018 and docketed as Adversary 18-00028-LTS. Debtor's position regarding this pending case, including its own assessment on the effect or impact this adversary may have on the consummation of the Plan is necessary in order for a hypothetical reasonable investor to make an informed judgment regarding this proposal.

**RELEVANT PROCEDURAL BACKGROUND**

5. On June 30, 2016, the Oversight Board was established pursuant to section l0l(b) of PROMESA.

6. On September 30, 2016, the Oversight Board designated COFINA as a "covered entity" under PROMESA section l0l(d).

7. Thereafter, on May 5, 2017 ("Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a

voluntary petition for relief for COFINA pursuant to section 304(a) of PROMESA, commencing a case under Title III thereof (this "Case"). Pursuant to section 315(b) of PROMESA, the Oversight Board is the representative of the Debtor in this Case.

8. On March 22, 2018, several Credit Unions, including three of the four appearing herein, filed an Adversary Complaint docketed as case no. 18-00028 against the Commonwealth of Puerto Rico; Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico ("COSSEC"); Government Development Bank ("GDB"); GDB Debt Recovery Authority; GDB Public Entity Trust; Puerto Rico Fiscal Agency and Financial Advisory Authority (" FAFFA"); Financial Oversight and Management Board for Puerto Rico ("FOMB," and "Oversight Board"), among others, for (1) Exception to Discharge pursuant to 11 U.S.C § 105, (2) Declaratory Judgment and Exception Discharge pursuant PROMESA provisions; (3) breach of contract and warranties, promissory estoppel; (4) violations of securities statutes; (5) violations of fault/negligence statutes; (6) violations of fiduciary/officious manager statutes; (7) violations of fraud, misrepresentation and omission statutes; (8) claims under common law and; (9) vicarious and joint and severable liability.

## OBJECTION TO THE ADEQUACY OF THE DISCLOSURE STATEMENT

*Lack of Adequate Information – Claims and Projected Dividends Information Missing:*

9. Pursuant to 11 U.S.C. § 1125(b), made applicable to this Case by section 301(a) of PROMESA, in the Disclosure Statement, the Debtor must provide adequate information in sufficient detail "as far as is reasonably practical in light of the nature and history of the debtor and the condition of the debtor's books and records… that would enable such a hypothetical creditor of the relevant class to make an informed judgment about the plan." 11 U.S.C. 1125(a)(l).

10. As treatises and one Court have sustained, "… the disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."[2] "The "Credit Unions" allege that this is precisely the crucial information missing in this Disclosure Statement.

11. Specifically, nowhere in the Disclosure Statement or the attachments contained therein there is any reference as to what is the amount of amounts due or estimated under each Class defined in the Plan and what estimated dividend, repayment or exchange on new bonds is to be offered for these classes.

12. As a reference to this omission we point to the attention of the Court what has been referenced in the Disclosure Statement as the <u>Summary of Key Components of COFINA's Plan of Adjustment</u>[3] and the lack of any reference or information as to how much is owed per class and what can be expected to be received per each defined class.

13. Given the intricacies and details of this case, it is unreasonable for creditors to vote on the acceptances or rejections on a Plan which based on the numbers assigned to the appearing creditors proofs of claims entails no less than 45,000 claims and debts outstanding as of May 4, 2017 of $17,637 Millions[4] without any information regarding what they would receive in the event the Plan is Confirmed. Aside the technical safeguards and jargon typical to a complex bankruptcy case the "Credit Unions" and all other hypothetical creditor of the relevant classes defined in the class are entitled to know an approximate estimate on where their claims stands. Absent this information, the Disclosure Statement lacks adequate information within the meaning of 11 U.S.C. § 1125(b).

---

[2] Collier on Bankruptcy, Sixteenth Edition, 7 Collier on Bankruptcy P 1125.02.
[3] Docket #4073, Document Page 19 to 37 of 229, Section B <u>Summary of Key Components of COFINA's Plan of Adjustment</u>.
[4] Disclosure Statement Appendix D – Page 139 of 141 and referenced as Page 30 of Fiscal Plan for Cofina.

*Information on Adversary Proceeding 18-00028 is Missing:*

14. Although the Disclosure Statement discusses a number of actions that were commenced challenging the constitutionality of PROMESA, the appointment of the Oversight Board as well as the very existence of COFINA as an entity, information on the Adversary Proceeding to which three out of four creditors appearing herein are also plaintiffs.

15. Notwithstanding the fact that the objectors creditors understand that the disclosure statement need not speculate as to the consequences of possible outcomes of pending litigation, identifying the existence of this cause of action which remains pending before the Court is deemed necessary for other creditors and parties in interest be informed on the risks assumed while voting for the Plan.

16. On this fact, the "Credit Unions" appearing herein pray that the Disclosure Statement be supplemented or amended in order to provide that relevant information on this claim pending against the estate.

**NOTICE**

Notice of this Objection shall be provided to (a) counsel for the Oversight Board, (b) counsel for the Trustee, (c) Office of the United States Trustee for the District of Puerto Rico, (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, (e) attorneys for the Official Committee of Unsecured Creditors, (f) those creditors holding the 20 largest unsecured claims against COFINA, (g) attorneys for the Official Committee of Retired Employees, (h) the attorneys for Ambac Assurance Corporation, (i) the attorneys for Assured Guaranty Municipal Corp., U) the attorneys for National Public Finance Guarantee Corporation, (k) the attorneys for the COFINA Senior Bondholders' Coalition, (1) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, (m) the attorneys for Goldman Sachs Asset Management, L.P., (n) the attorneys for the Puer1o Rico Funds, (o) the attorneys for Bonistas del Patio, Inc. (p) the attorneys to certain of the Insured Senior Holders, (q) the attorneys to GoldenTree Asset Management LP, (r) the attorneys to Tilden Park Capital Management LP, (s) the attorneys to Whitebox Advisors LLC, (t) the attorneys for Aurelius and Six PRC, and (u) all parties that have requested notice pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Credit Unions submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## Reservation of Rights

17. The Credit Unions expressly reserve their right to supplement and amend this objection and introduce evidence at any hearing relating to this objection without in any way limiting any other rights that it may have. The Credit Unions also reserve their right to object to confirmation of the Plan on any grounds, as may be appropriate.

**WHEREFORE**, the Credit Unions respectfully requests that the Court deny approval of the Disclosure Statement and grant to it such other relief as may be just and proper.

## CERTIFICATE OF SERVICE

WE hereby certify that, on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 14th day of November of 2018.

*Lugo Mender Group, LLC*
Attorney for Credit Unions
100 Carr. 165 Suite 501
Guaynabo, P.R. 00968-8052
Tel.: (787) 707-0404
Fax: (787) 707-0412

*S/ Wigberto Lugo Mender*
Wigberto Lugo Mender
USDC-PR 212304
wlugo@lugomender.com

*S/ Alexis A. Betancourt Vincenty*
Alexis A. Betancourt Vincenty
USDC-PR No. 301304
a_betancourt@lugomender.com

Dated: November 14, 2018
San Juan, Puerto Rico