UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER (A) APPROVING LIMITED OMNIBUS OBJECTION PROCEDURES,
(B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6),
(C) GRANTING RELATED RELIEF AND
(D) DIRECTING THE DEBTORS TO FILE ON PRESENTMENT THE FORM OF NOTICE

Upon the *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(E)(6), and (C) Granting Related Relief* (the "Motion," Docket Entry No. 4052)[2] of the above-captioned debtors (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving certain limited Omnibus Objection Procedures attached hereto, (b) authorizing the Debtors to assert objections

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to claims in an omnibus format pursuant to Bankruptcy Rule 3007(c), (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 claims, and (d) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having held a hearing to consider the Motion and the relief requested therein on November 7, 2018; and having found that the relief requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no further notice is required; and the Court having reviewed the Debtors' Motion; and the court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted to the extent set forth herein and in the Objection Procedures attached hereto as <u>Exhibit 1</u>.

2.  Notwithstanding anything to the contrary in PROMESA, the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d)(1) – (7).

3.  Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to as many as five hundred (500) claims in a single Omnibus Objection on any basis provided for in Bankruptcy Rule 3007(d)(1) –

(7).

4. The Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures, which are approved, and in accordance with the other procedural safeguards set forth in Bankruptcy Rule 3007(e), with the exception of Bankruptcy Rule 3007(e)(6), as described in the immediately preceding paragraph.

5. Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

6. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Debtors shall consult with the Creditors' Committee regarding the form of notice that will be used in connection with filing Omnibus Objections.

8. Prior to the filing or service of the first Omnibus Objection, the Debtors shall file on presentment and seek the Court's approval of the form of notice (both the English and Spanish versions) that will be used in connection with filing Omnibus Objections.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

[*Remainder of Page Intentionally Left Blank*]

10. This Order resolves Docket Entry Nos. 4052 and 4197.

SO ORDERED.

Dated: November 14, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge