UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al<br><br>        Debtors | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION<br><br>        Debtor | PROMESA<br>Title III<br><br>No.  17 BK 3284-LTS |

MOTION TO JOIN THE OBJECTION OF SERVICE EMPLOYEES
INTERNATIONAL UNION AND UAW TO COMMONWEALTH OF PUERTO RICO´S
MOTION PURSUANT TO RULE 9019 FOR ORDER TO APPROVE SETTLEMENT
(DOCKET 4067)

TO THE HONORABLE COURT:

Come now, the parties identified below, through the undersigned attorney who respectfully state, pray, and request as follows:

I. THE PARTIES:

The appearing parties correspond to the Plaintiffs in Adversary Complaint 18-0041 before this Court and they are the following:

1. René Pinto-Lugo who is of legal age, married, attorney at law, and resident of San Juan, Puerto Rico. He is also a creditor of the Commonwealth of Puerto Rico as a bond holder and as such has legal standing in this legal action.

2. VAMOS, Movimiento de Concertación Ciudadana Inc., hereinafter VAMOS, is a non for profit corporation organized pursuant to the laws of Puerto Rico and a party with interest and standing in this case inasmuch as among other activities, it provides educational and logistical support to community based organizations and it organizes community based socioeconomic and cultural groups whose constitutional and statutory rights are being violated by the actions undertaken by the FOMB, and is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

3. Unión de Empleados de Oficina y Profesionales de la Autoridad de Edificios Públicos, hereinafter UEOPAEP, is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 120 employees of the Administración de Edificios Públicos, in English Public Buildings Authority of the Commonwealth of Puerto Rico (hereinafter PBA), which is a public corporation created pursuant to act (22 L.P.R.A. §§ 902, et seq.). The PBA and UEOPAEP are signatories to a collective bargaining agreement negotiated in the exercise of the workers' constitutional right to collective bargaining under the Constitution of the Commonwealth of Puerto Rico. The PBA is a public corporation of the Commonwealth of Puerto Rico with legal capacity to sue and be sued. It oversees designing, building, managing, leasing and purveying maintenance to public facilities leased by other public agencies, including departments of the Executive Branch, courts of law, police stations, firehouse stations, most public schools in Puerto Rico and other public corporations of the Commonwealth of Puerto Rico. The UEOPAEP has legal standing as a party to this action since it has pending claims against the PBA under its Collective Bargaining Agreement

(CBA) and insofar as the PBA and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay several economic and non-economic provisions of the CBA and other rights recognized by Puerto Rican statutes allegedly because of the fiscal crisis of the government of Puerto Rico. Those actions have caused damages to Union members and their families that are estimated in hundreds of thousands of dollars and have constituted a breach in the CBA and a violation of the statutory, constitutional and civil rights of said Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

4. Unión Insular de Trabajadores Industriales y Construcciones Eléctricas Inc., hereinafter UITICE, is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 900 employees of the Puerto Rico Energy and Power Authority, hereinafter PREPA, which is a public corporation created pursuant to Act 83 of May 2, 1941, as amended (22 L.P.R.A. §§ 191, et seq.). That public entity of the Commonwealth of Puerto Rico has capacity to sue and be sued and oversees the generation, distribution and sale of electric energy in Puerto Rico. UITICE has legal standing as a party to this action since it has pending claims against PREPA under its CBA and since PREPA and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay a series of economic and non-economic provisions of the CBA, allegedly because of the fiscal crisis of the government of Puerto Rico. Said actions have caused damages to the Union members that are estimated in hundreds of thousands of dollars and have constituted a breach of the CBA and a violation of the statutory, constitutional and civil rights of Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

5. Unión Independiente de Empleados of the Puerto Rico Water and Sewer Authority, hereinafter UIA, is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 4,500 employees of the Puerto Rico Water and Sewer Authority, hereinafter PRASA. PRASA is a public corporation created pursuant to Act 40 of May 1, 1945 (22 L.P.R.A. §§141 et seq.). As an entity of the Commonwealth of Puerto Rico, it has legal capacity to sue and be sued. It is responsible for the production, distribution and sale of potable water and the collection, treatment and disposition of sewage waters in Puerto Rico. As an entity of the Commonwealth of Puerto Rico, it has legal capacity to sue and be sued. It is responsible for the production, distribution and sale of potable water and the collection, treatment and disposition of sewage waters in Puerto Rico. UIA has legal standing as a party to this action since it has pending claims against PRASA under its CBA and because PRASA and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay several economic and non-economic provisions of the CBA and other provisions of law, allegedly as a result of the fiscal crisis of the government of Puerto Rico, actions that have caused damages to the Union members that are estimated in millions of dollars and have constituted a breach of the CBA and a violation of statutory, constitutional and civil rights of the Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

6. Unión de Empleados de Oficina Comercio y Ramas Anexas, Puertos, hereinafter UEOCRA is a labor union franchised under the Puertor Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 300 employees of the Puerto Rico Ports Authority of the Commonwealth of Puerto Rico (hereinafter PRPA) which

is a public corporation created pursuant to act Act 127 of May 7, 1942 (23 L.P.R.A. §331). That government entity of the Commonwealth of Puerto Rico has legal capacity to sue and be sued and it is in charge of the management of the public airports and ocean ports of the government of Puerto Rico. UEOCRA has legal standing to be a party to this action since it has pending claims against the PRPA under its CBA and insofar as the PRPA and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay several economic and non economic provisions of the CBA and other provisions of law, allegedly because of the fiscal crisis of the Government of Puerto Rico. Said actions have caused damages to the Union members that are estimated in millions of dollars and that have constituted a breach of the CBA and a violation of the constitutional and civil rights of the union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

7. Unión de Empleados del Banco de la Vivienda, hereinafter UEBV is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 50 employees of the Housing Bank of the Commonwealth of Puerto Rico (hereinafter HB) which is a public corporation created pursuant to Act 103 of August 11, 2001 (7 L.P.R.A. §924 et seq.). The HB has legal capacity to sue and be sued and it oversees financing the development of low income housing projects and the purchase of housing units by low income families in Puerto Rico. The UEBV has legal standing to be a party to this action because it has pending claims against the HB under its CBA and since the HB and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay a series of economic and non economic provisions of the CBA, allegedly because of the fiscal crisis of the Government of Puerto Rico. Said actions have caused damages to the Union members that are estimated in hundreds of thousands of dollars and that have constituted a breach of the CBA and a

violation of the constitutional and civil rights of the Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

8. Unión de Empleados Profesionales Independientes, hereinafter UEPI, is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 400 employees of PREPA. PREPA is a public corporation of the Commonwealth of Puerto Rico has the legal capacity to sue and be sued and it oversees the generation, distribution, and sale of the electric energy in Puerto Rico. The UEPI has legal standing as a party to this action since it has pending claims against PREPA under its CBA and since PREPA and the Commonwealth of Puerto Rico have undertaken unilateral actions to place in suspense a series of economic and non economic provisions of the CBA, allegedly because of the fiscal crisis of the Government of Puerto Rico. Such actions have caused damages to the Union members that are estimated in millions of dollars and that have constituted a breach of the CBA and a violation of the constitutional and civil rights of the Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

9. Unión Nacional de Educadores y Trabajadores de la Educación, hereinafter UNETE, is a *bona fide* labor organization that represents approximately 450 employees of the Department of Education of the Commonwealth of Puerto Rico (hereinafter DEPR) which is a goverment agency created pursuant to Act 149 of July 15, 1999 (3 L.P.R.A. §143a et seq.) The DEPR, is a public entity of the Commonwealth in charge of the educational services and management of all public schools of Puerto Rico. UNETE has legal standing to be a party to this action inasmuch as it has pending claims against the DEPR and insofar as the DEPR and the Commonwealth have undertaken

unilateral actions to freeze and stay a series of economic and non economic provisions of the statutes that regulate the salary and working conditions of the members of UNETE, allegedly as a result of the fiscal crisis of the Government of Puerto Rico. Said actions have caused damages to the UNETE members that are estimated in hundreds of thousands of dollars and that have constituted violations of the constitutional and civil rights of the UNETE members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

10. Asociación de Inspectores de Juegos de Azar, hereinafter AIJA is a labor union franchised under the Puerto Rico Labor Management Relations Act, Act 130 of May 8, 1945 (29 L.P.R.A. §§61 et seq.), that represents approximately 80 employees of the Puerto Rico Tourism Authority (hereinafter PRTA) which is a public corporation created pursuant to Act 10 of June 18, 1970 (23 L.P.R.A. §§671 et seq). The PRTA, is a public entity of the Commonwealth of Puerto Rico that has legal capacity to sue and be sued and is responsible in charge of implementing public policy regarding the promotion of tourism in Puerto Rico and the regulation of tourist facilities and casinos. The AIJA has legal standing to be a party to this action inasmuch as it has pending claims against the PRTA under its CBA and insofar as the PRTA and the Commonwealth of Puerto Rico have undertaken unilateral actions to freeze and stay a series of economic and non economic provisions of the CBA, allegedly as a result of the fiscal crisis of the Government of Puerto Rico. Said actions have caused damages to the Union members that are estimated in hundreds of thousands of dollars and that have constituted a breach of the CBA and a violation of the constitutional and civil rights of the Union members. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

11. Asociación de Jubilados de la Autoridad de Energía Eléctrica, hereinafter AJAEE, is a non-profit corporation that represents approximately more than 5,000 retired employees of PREPA, with vested rights as former employees of PREPA as part of a pension fund created by statute and also protected under collective bargaining agreements reached with the corresponding labor unions that represent employees in PREPA. In violation of the terms of the corresponding CBAs and its legally binding fiduciary obligations, PREPA has failed to make the corresponding pension benefit payments owing millions of dollars to the fund and to the members of the AJAEE as of the date of this complaint. It is a party with standing and an interest in this matter in as much as the settlement subject to this joinder affects the organization and its members.

II. THE JOINDER:

Through this motion, the appearing parties join the Objection filed by the Service Employees International Union (SEIU) and the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America (UAW) (Docket 4233) pursuant to which they object to the motion submitted by the Commonwealth of Puerto Rico pursuant to Rule 9019 of the Bankruptcy Rules requesting a Court Order to approve the settlement agreement between the Commonwealth of Puerto Rico and the Puerto Rico Sale Tax Financing Corporation (Docket Entry 4067). The appearing parties join the objection referred to herein, (Docket entry 4233), without waiving any of their claims in Adversary Case number 18-LTS-0041. Moreover, in addition to joining the objection set forth herein, as further reasons to oppose the settlement agreement referred to in the Objection referred to above, the appearing parties adopt by reference the allegations and legal arguments set forth in their Amended Adversary Complaint, Docket number 29 in adversary case 18-LTS-0041.

WHEREFORE, it is respectfully requested from the Court to take notice of this joinder for all pertinent legal purposes.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico this 15th day of November 2018.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record and caused to be mailed or emailed a copy, as provided in the Court-approved Case Management Procedures in this case.

Dated: November 15, 2018

S/ROBERTO O. MALDONADO NIEVES
ROBERTO O. MALDONADO NIEVES
U.S. Id. 202209
C/7 N.E. #344, Suite 1-A
Esq. Franklin D. Roosevelt
San Juan, Puerto Rico 00921
Tel.: 782-3221 // 792-5622/ Fax 273-7250
E-mail: romn1960@gmail.com

mpd