UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2018 NOV 16 AM 8:29
CLERK'S OFFIC
U.S. DISTRICT CO
SAN JUAN

In re: PROMESA LITIGATION

NOTICE OF OBJECTION TO ADEQUACY
OF THE DISCLOSURE STATEMENT
AND PURPORTED SETTLEMENT

Docket No. 17 BK 3283-LTS
And
Docket No. 17 BK 3284 –LTS

My name is Lawrence B. Dvores and I am the owner of 165M uninsured Puerto Rico Sales Tax Bonds generally known as junior lien COFINA bonds and officially identified by CUSIP numbers 74529JHL2, (40M); 74529JHN8,(25M); and 74529JKJ3,(100M)

I am filing this objection for four basic reasons.

First, the Disclosure Document filed with the Court on October 19, 2018 and which is the subject of a hearing for its approval on November 20, 2018 represents a complete failure to give practicable and adequate notice to ordinary individual bondholders such as myself regarding the terms of the proposed settlement. In particular, this document is 612 pages of complex legal terms and provisions which make it difficult for all but an experienced bankruptcy judge and lawyer to understand. In fact, I needed the help of an expert to locate the proposed settlement recovery for the junior COFINA bonds in EXHIBIT A Page 29 of 97 since the primary Disclosure Document leaves blank all references to the actual percentage of recovery which are proposed for the various classes of bonds covered by this plan of adjustment.

Second, the proposed settlement is grossly unfair to the junior lien bond holders such as myself as to the split of recovery between the junior and senior COFINA bondholders which will provide a 93% recovery to the senior COFINA bondholders but only 56.41% for the juniors. Furthermore, it appears that senior bondholders will receive full payment of all back interest held by the trustee bank pursuant to

a stay order but the junior bondholders will not get paid their share of this escrowed fund. Meanwhile the Puerto Rico sales tax collections keep increasing on a steady basis and are now more than three times the amount needed to pay the full amount due to both the senior and junior bondholders.

Third, it appears that representatives of hedge funds and institutional bondholders took advantage of their insider status in the negotiations concerning this litigation to fashion a settlement which overwhelming favors themselves at the expense of junior COFINA bond holders.

Fourth, it appears that hedge funds and institutional bondholders have used their position as insiders to these confidential negotiations to acquire large blocks of junior COFINA bonds at very low prices to position themselves to control the outcome of the vote on whether to approve the settlement in addition to reaping large gains on junior lien bonds purchased at fire sale prices.

Based on the list of law firms and their clients identified in the NOTICE OF HEARING TO CONSIDER THE ADEQUACY OF THIS DISCLOSURE STATEMENT, it appears the junior bondholders are not represented by separate counsel in this matter and this allowed the hedge funds and institutional holders the opportunity to take advantage of unrepresented junior bond holders. The current hearing on the Disclosure Statement represents an important opportunity to correct this injustice.

Respectfully submitted,

Lawrence B. Dvores, *pro se*
28 Sherbrooke Parkway
Livingston, N.J. 07039

973-535-5000 (office)

Email: LDvores@yahoo.com

Dated: November 9, 2018

CERTIFICATE OF SERVICE

Office of the Clerk,
United States District Court
Southern District Of New York
500 Pearl Street
New York, N.Y. 10007

DOCKET NO. 17-BK-3283-LTS

AND

DOCKET NO. 17-BK-3284-LTS

Enclosed is a Notice of Objection to the Adequacy of the Disclosure Statement and Proposed Settlement in the above referenced litigation.

I have also today mailed a copy of this Notice of Objection by first class mail to each of parties or their attorneys to their addresses as listed in the Notice of Hearing as follows:

(a) Office ofv the United States Trustee for the District of Puerto Rico, Edificio Ochoa
(b) Proskauer Rose LLP, Attn: Martin J. Bienenstock and Brian Rosen
(c) O'Neil &Borges LLC Attn: Hermann D. Bauer
(d) O'Melveny & Myers LLP Attn: John J. Rapisardi, Suzzanne Uhland, and Diana Perez
(e) Marini Pietrantoni Muniz, LLC , Luis C.Marini-Biaggi
(f) Reference to unidentified group of 20 largest unsecured claims against Debtor
(g) Paul Hastings LLP, Luc A. Despins, AndrewTenzer, Michael Comerford, and Alex Bongartz
(h) Casillas, Santiago &Torres LLC Juan J. Casillas Ayala and Alberto J.E. Aneses Negron
(i) Jenner & Block LLP, Robert Gordon, Richard Levin, Catherine Steege, and Melissa Root
(j) Bennazar, Garcia & Milian, CSP, A.J. Bennazar-Zequeira
(k) Milbank, Tweed, Hadley & Mc Cloy LLP, Dennis Dunne & Atara Miller
(l) Cadwalader, W#ickersham &Taft, Mark Ellenberg, Larry Stromfeld, Ivan Lomcar and Casey Servais
(m) National, Weil,Gotshal &Manges LLP, Marcia I. Goldstein and Gabriel Morgan
(n) Quinn Emanuel Urquhart & Sullivan LLP, Susheel Kirpalani and Eric Kay
(o) Kramer Levin Naftalis &Frankel LLP Thomas Mayer, Amy Caton and Douglas Buckley
(p) McDermott, Will & Emery LLP, William P.Smith, David Taub and Alexandra C. Scheibe
(q) White & Case LLP, John K. Cunningham and Fernando de la Hoz
(r) Davis, Polk &Wardell LLP, Donald Bernstein andBrian Resnick
(s) Norton Rose Fulbright US LLP, Lawrence A. Larose and Eric Daucher
(t) Akin Gump Strauss Hauer & Feld LLP, Ira S. Dizengoff and Philip C. Dublin
(u) Simpson Thacher & Bartlett LLP, Sandy Qusba and Nickolas Baker
(v) Strook &Strook & Lavan LLP, Daniel A. Fliman
(w) Paul, Rifkind, Wharton &Garrison LLP, Andrew N. Rosenberg

Lawrence B. Dvores     Dated: November 9, 2018