Estimated Hearing Date: March 13, 2019 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: December 6, 2018 at 4:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUMMARY COVER PAGE TO THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

| General Information | |
| --- | --- |
| Name of Applicant: | Munger, Tolles & Olson LLP |
| Authorized to Provide Services to: | Financial Oversight and Management Board, as Representative for the Debtor Pursuant to PROMESA Section 316 |
| Date of Retention: | August 24, 2017 |
| Period for Which Fee Compensation and Expense Reimbursement is Sought in the Fee Application: | June 1, 2018 – September 30, 2018 |
| Monthly Fee Statements subject to this request: | Monthly Fee Statement for the Period from June 1, 2018 through June 30, 2018; Monthly Fee Statement for the Period from July 1, 2018 through July 31, 2018; and Consolidated Monthly Fee Statement for the Period from August 1, 2018 through September 30, 2018 |

| Summary of Fees and Expenses Sought in the Fee Application | |
| --- | --- |
| Amount of Fee Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $344,778.70 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $462.00 |
| Total Fee Compensation and Expense Reimbursement Requested for the Fee Period: | $345,240.70 |

| **Summary of Past Requests for Compensation and Prior Payments** | |
|---|---|
| Total Amount of Compensation Previously Requested Pursuant to the Interim Compensation Order to Date (in the First and Second Interim Fee Applications): | $787,714.54 |
| Total Amount of Expense Reimbursement Previously Requested Pursuant to the Interim Compensation Order to Date (in the First through Fourth Interim Fee Applications): | $3,397.75 |
| Total Compensation and Expense Reimbursement Approved Pursuant to the Interim Compensation Order to Date: | None |
| Compensation Sought in this Application Already Paid to Date: | $0.00[2] |
| Expenses Sought in this Application Already Paid to Date: | $0.00 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Number of Professionals included in this application: | 6 |
| Difference between fees budgeted and compensation sought: | Not Applicable |
| Number of Professionals billing fewer than 15 hours to this case: | None |
| Rates higher than those approved or disclosed at retention: | Annual rate increases were applied to all billers as detailed in the retention agreement |

---

[2]   This amount represents the amount paid with respect to MTO's June, July, and Consolidated Fee Statements. MTO submitted its June Monthly Fee Statement on July 26, 2018, its July Monthly Fee Statement on August 24, 2018 and its Consolidated Monthly Fee Statement on November 16, 2018.  No objections have been received as of the date of filing this Fee Application.  MTO has not received any compensation for fees or expenses sought in the June, July, or Consolidated Fee Statements as of the date of filing this Fee Application.

Objection Deadline                                    December 6, 2018 at 4:00 p.m. (Atlantic
                                                      Standard Time)


This is a __ monthly _**X**_ interim __ final application.

**Schedule 1**
**Fourth Interim Compensation Period - Fee Statements**
**June 1, 2018 through September 30, 2018**

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|---|
| *Consolidated 6/13/2018 | Consolidated 08/01/2017-04/30/2018 | $739,060.54 | $665,154.50 | $3,397.75 | $658,574.92 | $0.00 |
| *Second 07/06/2018 | 04/28/2018-05/31/2018 | $48,654.00 | $43,788.60 | $0.00 | 0.00 | 0.00 |
| Third 07/26/2018 | 06/01/2018-06/30/2018 | $20,002.63 | $18,002.37 | $0.00 | 0.00 | 0.00 |
| Fourth 08/24/2018 | 07/01/2018-07/31/2018 | $115,212.40 | $103,691.16 | $0.00 | 0.00 | 0.00 |
| Fifth Consolidated 11/16/2018 | 08/01/2018-09/30/2018 | $209,545.50 | $188,607.31 | $462.00 | Pending | Pending |
| | **Totals:** | **$1,132,475.07** | **$1,019,243.94** | **$3,859.75** | **$658,574.92** | **$0.00** |

\* Statements submitted with First Interim Fee Application

**Schedule 2**
**Summary of Professional Services Rendered by Timekeeper for the Period**
**June 1, 2018 through September 30, 2018 on Matter 00002**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anders, Ginger | Litigation - 2005 | $900.00 | 82.3 | $74,070.00 |
| Golder, Chad | Litigation - 2007 | $825.00 | 28.2 | $23,265.00 |
| Verrilli, Donald | Litigation - 1989 | $1,300.00 | 75.7 | $98,410.00 |
| | | **Totals:** | **186.2** | **$195,745.00** |
| **ASSOCIATES** | | | | |
| Boyce, Sarah | Litigation - 2013 | $725.00 | 64.9 | $47,052.50 |
| Miller-Ziegler, Rachel | Litigation - 2017 | $580.00 | 128.9 | $74,762.00 |
| | | **Totals:** | **193.8** | **$121,814.50** |
| **PARALEGALS** | | | | |
| Jacobsen, Arn | Litigation Paralegal | $350.00 | 26.1 | $9,135.00 |
| | | **Totals:** | **26.1** | $9,135.00 |
| | | | | |
| | | **All Professionals:** | **406.1** | **$326,694.50** |
| | | **Less 15% Discount** | | **$277,690.33** |

6

**Summary of Professional Services Rendered by Timekeeper for the Period
June 1, 2018 through September 30, 2018 on Matter 00003**

| NAME OF PROFESSIONAL | DEPARTMENT AND YEAR ADMITTED | HOURLY RATES | TOTAL HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Anders, Ginger | Litigation - 2005 | $900.00 | 9.7 | $8,730.00 |
| Golder, Chad | Litigation - 2007 | $825.00 | 31.2 | $25,740.00 |
| Verrilli, Donald | Litigation - 1989 | $1,300.00 | 23.0 | $29,900.00 |
| | | **Totals:** | **63.9** | **$64,370.00** |
| **ASSOCIATES** | | | | |
| Boyce, Sarah | Litigation - 2013 | $725.00 | 19.5 | $14,137.50 |
| | | **Totals:** | **19.5** | **$14,137.50** |
| **PARALEGALS** | | | | |
| Jacobsen, Arn | Litigation Paralegal | $350.00 | 1.2 | $420.00 |
| | | **Totals:** | **1.2** | **$420.00** |

| | | | |
|---|---|---|---|
| **All Professionals:** | | 84.6 | $78,927.50 |
| **Less 15% Discount** | | | $67,088.38 |

**Schedule 3**
**Summary of Actual and Necessary Expenses Incurred for the Period**
**June 1, 2018 through September 30, 2018**

| Expense Category | Amount |
|---|---|
| Court Fees - First Circuit Admissions | $462.00 |
| Messenger | $0.00 |
| Telephone Conferences | $0.00 |
| Meals | $0.00 |
| Travel - Hotel | $0.00 |
| Travel – Ground | $0.00 |
| **Total:** | **$462.00** |

Dated: November 16, 2018

*/s/ Donald B. Verrilli, Jr.*

**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Chad I. Golder (pro hac vice)
Sarah G. Boyce (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300
Email:     Donald.Verrilli@mto.com
           Ginger.Anders@mto.com
           Chad.Golder@mto.com
           Sarah.Boyce@mto.com
           Adele.El-Khouri@mto.com
           Rachel.Miller-Ziegler@mto.com

*Attorneys for The Financial Oversight and
Management Board for Puerto Rico, as Representative of The
Commonwealth of Puerto Rico*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

To the Honorable United States District Court Judge Laura Taylor Swain:

Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Commonwealth of Puerto Rico ("Commonwealth"), pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), sections 316 and 317 of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") including the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses referenced therein, and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), hereby submits its interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $344,778.70 and reimbursement of actual and necessary expenses in the amount of $462.00 that MTO incurred for the period from June 1, 2018 through September 30, 2018 (the "Fee Period"). In support of this Fee Application, MTO submits the certification of Donald B. Verrilli, Jr., a partner at MTO, (the "Verrilli Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, MTO respectfully states as follows.

## Jurisdiction

1.     The United States District Court for the District of Puerto Rico (the "Court") has jurisdiction over this matter pursuant to PROMESA section 306(a).

2.     Venue is proper pursuant to PROMESA section 307(a).

3.     The bases for the relief requested herein are PROMESA sections 316 and 317, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b). On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.     On August 7, 2017, Aurelius filed a complaint alleging the Board was selected in violation of the Appointments Clause, undermining the Constitutionality of PROMESA.

## MTO Retention

6.　　On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding the challenge to the Constitutionality of PROMESA (matter number 00002).  The Retention Agreement authorizes the Oversight Board to compensate and reimburse MTO in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Agreement also authorizes the Oversight Board to compensate MTO at the standard hourly rates it charges, less a 15% discount, for services of this type and to reimburse MTO for certain actual and necessary out-of-pocket expenses incurred.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of September 5, 2017, which is attached hereto in **Exhibit B**.

7.　　On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan (matter number 00003).  The Retention Amendment adopted the terms of the original Retention Agreement.  The particular terms of MTO's engagement are detailed in the engagement letter by and between MTO and Jaime A. El Koury, the General Counsel of the Oversight Board, effective as of May 29, 2018, which is attached hereto in **Exhibit B**.

8.　　MTO believes that the relief requested herein complies with the controlling guidelines.

## Relief Requested

9.　　Pursuant to the Interim Compensation Order MTO seeks compensation for

professional services rendered to the Oversight Board during the Fee Period in the amount of $344,778.70 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $462.00.  All of the fees and expenses MTO seeks in this Fee Application are allocated to the Oversight Board.

10.     MTO submitted Monthly Fee Statements (as defined in the Interim Compensation Order) seeking payment of (a) 90 percent of the fees incurred by the Oversight Board for reasonable and necessary professional services rendered by MTO and (b) 100 percent of the actual and necessary costs and expenses incurred by MTO in connection with the services provided to the Oversight Board for each month.

11.     On July 26, 2018, MTO served on the Notice Parties (as defined in the interim compensation order) a Third Monthly Fee Statement for the period from June 1, 2018 through June 30, 2018.  In the Third Monthly Fee Statement, MTO requested payment of $18,002.37 (90% of the $20,002.63 billed for professional services) of which $0.00 has been paid to date. On August 24, 2018, MTO served on the Notice Parties a Fourth Monthly Fee Statement for the period from July 1, 2018 through July 31, 2018.  In the Fourth Monthly Fee Statement, MTO requested payment of $103,691.16 (90% of the $115,212.40 billed for professional services) of which $0.00 has been paid to date.  On November 15, 2018, MTO served on the Notice Parties a Consolidated Monthly Fee Statement for the period from August 1, 2018 through September 30, 2018.

12.     No objections were filed to the Third or Fourth Monthly Fee Statements and MTO submitted to the Notice Parties the required Monthly Fee Objection Statements.  To date, MTO has not received any payment for its fees, costs, and expenses incurred during the periods covered by the Third and Fourth Monthly Fee Statements.  The deadline for objections to the

Consolidated Monthly Fee Statement is December 6, 2018.

13.     MTO seeks, by this Fee Application, payment of its fees for the Fourth Interim Fee Period required under the Interim Compensation Order in the amount of $344,778.70 and payment of its expenses in the amount of $462.00.

**Fees and Expenses Incurred During Fee Period**

**A.     Customary Billing Disclosures**.

14.     MTO sets its hourly rates at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure MTO uses in its representation of the Oversight Board are the same as the hourly rates and corresponding rate structure that MTO uses in other representations, and are comparable to the hourly rates and corresponding rate structure that MTO uses for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  In accordance with ordinary practice, hourly billing rates for MTO timekeepers changed effective as of January 1, 2018.  These rates increases were disclosed and agreed to in the Retention Agreement and Retention Amendment.

**B.     Fees Incurred During Fee Period**.

15.      In the ordinary course of practice, MTO maintains computerized records of the time expended to render the professional services required by the Oversight Board.  For the convenience of the Court and all parties-in-interest, attached hereto as **Schedule 2** is a summary, by matter, of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name, title, and department of each attorney and paraprofessional for whose work on these cases compensation is sought;

- The year each attorney was admitted to the bar

- the hourly billing rate for each attorney and each paraprofessional at MTO's billing rates during the Fee Period;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- a calculation of total compensation requested.

**C.     Actual and Necessary Expenses Incurred During Fee Period**.

16.     It is MTO's policy to charge its clients in all areas of practice for expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, court fee, telephone conference call and international call charges, mail, express mail, and overnight delivery service charges, special or hand delivery charges, document retrieval charges, charges for mass mailings (including envelopes and labels) provided by MTO to outside copying services, airfare, meals, lodging, transcription costs, and non-ordinary overhead expenses.  MTO charges the Oversight Board for these expenses in a manner and at rates consistent with charges made generally to MTO's other clients and within the guidelines set forth in the Local Rules, the Bankruptcy Rules, and the Interim Compensation Order.  MTO believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.  MTO does not charge clients for office supplies, standard duplication, facsimile transmissions, or secretarial support.

17.     For the convenience of the Court and all parties-in-interest, **Schedule 3** contains a summary of expenses for which MTO is seeking reimbursement by category and the invoices attached as **Exhibit D** contain MTO's detailed records of expenses incurred during the Fee Period in the rendition of professional services to the Oversight Board.

**Summary of Legal Services Rendered During the Fee Period**

18.     On September 5, 2017, the Oversight Board entered into an agreement to retain MTO (the "Retention Agreement") for legal representation regarding challenges to the Constitutionality of PROMESA.  Since its retention, MTO has worked diligently with representatives of the Oversight Board to prepare for and litigate Constitutional challenges.

19.     On May 29, 2018, the Oversight Board entered into a second agreement to retain MTO (the "Retention Amendment") for legal representation regarding the Board's authority to enforce the requirements of it fiscal plan.  Since the amendment, MTO has worked diligently with representatives of the Oversight Board to create a litigation strategy and prepare

20.     MTO has worked with the Oversight Board and its other counsel to (a) prepare pleadings and briefs in litigation matters; (b) prepare for hearings; (c) research jurisprudence regarding Constitutional issues; and (d) performed other professional services as described in this application and reflected in **Schedule 2** and **Exhibit D**.

21.     Pursuant to the Interim Compensation Order MTO seeks an allowance for professional services rendered to the Oversight Board during the Fee Period in the amount of $344,778.70 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $462.00.  MTO has applied a 15% discount on the hourly rates of all professionals and paraprofessionals working on these matters.

22.     MTO maintains electronic records of time billed for services rendered to the Oversight Board.  Copies of the these records, subject to redaction to preserve confidentiality of work product and attorney-client privilege, are provided in invoice form as **Exhibit D**.

23.     MTO's summary of itemized time records for professionals and paralegals performing services for the Oversight Board during the Compensation Period is attached as

**Schedule 2**.  During the compensation period, MTO recorded 250.1 hours by partners, 213.3 hours by associates, and 27.3 hours by paraprofessionals.  The fees charged by MTO, as set forth in Schedule 2, are in accordance with the firm's existing billing rates in effect during the Compensation Period.

24.    All entries itemized in MTO's time records comply with the requirements set forth in the Guidelines and include a project category, a description of the activity or service performed and the number of hours spent by each individual providing the services.

**Applicant Statement in Compliance with Appendix B Guidelines C.5**

25.    The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

Question:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:    Yes.  As described in the Engagement Letter, MTO agreed to a 15% discount on professional fees.

Question:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    MTO did not prepare budgets for the Compensation Period

Question:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:   Does the fee application include time or fees related to reviewing or
revising time records or preparing, reviewing, or revising invoices? (This
is limited to work involved in preparing and editing billing records that
would not be compensable outside of bankruptcy and does not include
reasonable fees for preparing a fee application.).  If so, please quantify
by hours and fees.

Response:   No.

Question:   Does this fee application include time or fees for reviewing time
records to redact any privileged or other confidential information?  If
so, please quantify by hours and fees.

Response:   No.

Question:   If the fee application includes any rate increases since retention: (i) Did
your client review and approve those rate increases in advance? (ii) Did
your client agree when retaining the law firm to accept all future rate
increases?  If not, did you inform your client that they need not agree
to modified rates or terms in order to have you continue the
representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   Yes.  The Retention Agreement identifies that MTO's rates will increase
annually on January 1.  The Retention Amendment also notes the
increase.

**Professionals Billing Fewer than Five Hours per Month**

26.    The following chart indicates which professionals billed fewer than five hours per
month, the months for which fewer than five hours was billed, and an explanation of why the use
of such professional was reasonable and necessary.

| Professional | Months in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Boyce, Sarah | August 2018 | Ms. Boyce is an associate in MTO's litigation department who assisted with and advised on litigation strategy. |

9

| | | |
|---|---|---|
| Anders, Ginger | June 2018 | Ms. Anders is a Partner in MTO's litigation department who analyzed and advised on litigation strategy. |
| Golder, Chad | August 2018 | Mr. Golder is a Partner in MTO's litigation department who analyzed and advised on litigation strategy. |
| Verrilli, Donald | June 2018 | Mr. Verrilli is a Partner in MTO's litigation department and the lead attorney overseeing work on these matters. |

27.     To provide a meaningful summary of MTO's services provided on behalf of the Oversight Board, MTO has established, in accordance with its internal billing procedures, certain subject matter categories ("Matter Number").

| Matter Number | Matter Category Description | Hours Billed | Total Compensation Billed |
|---|---|---|---|
| 002 | Constitutional Litigation | 406.1 | $277,690.33 |
| 003 | Fiscal Plan Enforcement | 84.6 | $67,088.38 |
| **Total** | | **490.7** | **$344,778.70** |

28.     In addition, subject to redaction for attorney-client privilege, work product doctrine, and confidentiality where necessary to protect the Oversight Board, MTO's computerized records of time expended on its representation of the Oversight Board are attached hereto as **Exhibit D**.

**Summary of Legal Services Provided During the Compensation Pe**riod

29.     The following is a summary, by Matter Category, of the most significant professional services provided by MTO during the Fee Period.

10

    **(a)**    **Constitutional Litigation (Matter Number 2)**

> Total Fees:    $277,690.33
> Total Hours:  490.7

30.    This Matter Category includes time spent by MTO attorneys relating to defending the Board against Aurelius' Appointments Clause challenge.  Specifically, MTO attorneys spent time researching and analyzing Constitutional arguments and strategies; reviewing and preparing briefs, motions, and other pleadings; and planning and preparing for oral arguments.

    **(b)**    **Fiscal Plan Enforcement (Matter Number 3)**

> Total Fees:    $67,088.38
> Total Hours:  84.6

31.    This Matter Category includes time spent by MTO attorneys advising the Board regarding its legal options if the Commonwealth does not comply with the Board's certified Fiscal Plan and budget.

### MTO's Requested Compensation and Reimbursement Should be Allowed

32.    All services for which MTO seeks approval, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board.  In connection with the matters covered by this Application, MTO received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Oversight Board.  There is no agreement or understanding between MTO and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

33.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual,

necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a).   11 U.S.C. § 330(a)(1).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1)  the time spent on such services;
>
> (2)  the rates charged for such services;
>
> (3)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience …; and
>
> (6)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

34.    The services for which MTO seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Oversight Board.  MTO performed the services for the Oversight Board in an efficient and effective manner and the results obtained benefited the Oversight Board.

35.    MTO's services were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Further, MTO used its

reasonable efforts to avoid any duplication of services.  MTO also minimized its disbursements, and the actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances.

36.    In sum, MTO believes that the compensation requested is appropriate given the complexity and breadth of the matters involved, the time expended by MTO professionals and paraprofessionals, the nature and extent of the services rendered by MTO, the necessity of such services, the value of MTO's services, and the cost of comparable services outside of bankruptcy.  Accordingly, MTO respectfully submits that approval of the compensation sought herein is warranted.

## **Reservation of Rights and Notice**

37.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  MTO reserves the right to include such amounts in future fee applications.

38.    Pursuant to the Interim Compensation Order, (a) any Notice Party that wishes to object to the Fee Application must file its objection with the Court and serve it on MTO and the Notice Parties so that it is **actually received** on or before **December 6, 2018 at 4:00 p.m. (Atlantic Standard Time)**.

## **No Prior Request**

39.     No prior application for the relief requested herein has been made to this or any other court.

## **Notice**

40.     Pursuant to the Interim Compensation Order, notice of this Application has been served upon:

i.      attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq.(ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq.(ppossinger@proskauer.com);

ii.     attorneys for the Oversight Board, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D.        Bauer, Esq. (hermann.bauer@oneillborges.com);

iii.    attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq.(suhland@omm.com), and Diana M. Perez, Esq.(dperez@omm.com);

iv.     attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C.Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

v.      the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

vi.     attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

vii.    attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

14

viii.   attorneys for the Official Committee of Retired Employees, Jenner & Block
LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq.
(rgordon@jenner.com) and Richard Levin, Esq.(rlevin@jenner.com), and
Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine
Steege, Esq.(csteege@jenner.com) and Melissa Root,
Esq.(mroot@jenner.com);

ix.   attorneys for the Official Committee of Retired Employees, Bennazar, García
& Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato
Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

x.   the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR
00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central
Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez,
CPA, Assistant Secretary of Central Accounting
(Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy
Assistant Secretary of Internal Revenue and Tax Policy
(angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary
of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and
Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury
(Francisco.Pena@hacienda.pr.gov);

xi.   attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de
León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck
O. Lugo (elugo@edgelegalpr.com); and

xii.   attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street,
Suite 500, Madison, WI 53703, Attn: Katherine Stadler
(KStadler@gklaw.com).

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, MTO respectfully requests that the Court enter an order (a) allowing MTO interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $344,778.70, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $462.00; (b) authorizing and directing the Oversight Board to remit payment to MTO for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: November 16, 2018

*/s/ Donald B. Verrilli, Jr.*
**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
Ginger D. Anders (pro hac vice)
Chad I. Golder (pro hac vice)
Sarah G. Boyce (pro hac vice)
Adele M. El-Khouri (pro hac vice)
Rachel G. Miller-Ziegler (pro hac vice)
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300
Email:         Donald.Verrilli@mto.com
               Ginger.Anders@mto.com
               Chad.Golder@mto.com
               Sarah.Boyce@mto.com
               Adele.El-Khouri@mto.com
               Rachel.Miller-Ziegler@mto.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico*

16

## <u>Exhibit A</u>

**Certification under the Guidelines**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## CERTIFICATION UNDER THE GUIDELIENS FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN REGARD TO THE INTERIM APPLICATION OF MUNGER, TOLLES & OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR THE PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

Pursuant to the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases issued by the Executive Office for the United States Trustee, 28 CFR

Part 58, Appendix B (the "Guidelines"), together with Local Rule 2016-1, the undersigned, a

Partner of the firm Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial Oversight

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

and Management Board for Puerto Rico (the "Oversight Board") pursuant to section 315(b) of

the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] hereby

certifies with respect to MTO's interim application for allowance of compensation for services

rendered and reimbursement of expenses incurred with respect to the Debtor's Title III case,

dated November 16, 2018 (the "Fee Application"), for the period from June 1, 2018 through and

including September 30, 2018 (the "Compensation Period") as follows:

1. I am the professional designated by MTO in respect of compliance with the Guidelines

and Local Rule 2016-1.

2. I make this certification in support of the Fee Application for interim compensation

and reimbursement of expenses incurred during the Compensation Period in accordance

with the Guidelines and Local Rule 2016-1.

3. In connection therewith, I hereby certify that:

a)   I have read the Fee Application

b)   To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and the Guidelines.

c)   Except to the extent disclosed in the Fee Application or prohibited by the Guidelines, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by MTO and generally accepted by MTO's clients.   In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Oversight Board's case.

d)   MTO does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by MTO in-house or through a third party.

e)   MTO is not seeking compensation for time spent reviewing time entries included in invoices.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241

f)        no agreement or understanding exists between MTO and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

g)        All services for which compensation is sought were professional services on behalf of the Oversight Board and not on behalf of any other person.

3. I certify that MTO has previously provided monthly statements of fees and disbursements by serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application), except that completing reasonable and necessary internal accounting and review procedures may have, at times, precluded filing fee statements within the time periods specified in the Order.

Dated: November 16, 2018

*/s/ Donald B. Verrilli, Jr.*                  
**MUNGER, TOLLES & OLSON LLP**
Donald B. Verrilli, Jr. (pro hac vice)
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:    (202) 220-1100
Facsimile:     (202) 220-2300
Email:         Donald.Verrilli@mto.com

*Attorney for The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico*

**Exhibit B**

**Retention Agreement and Retention Amendment**

MUNGER, TOLLES & OLSON LLP

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

—

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

—

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

September 5, 2017

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board for Puerto Rico
    Attention: Jaime A. El Koury
Members of the Financial Oversight and Management Board for Puerto Rico
Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

          Re:    <u>In re: The Financial Oversight and Management Board for Puerto Rico</u>

Lady and Gentlemen:

        We appreciate the opportunity to represent The Financial Oversight and Management Board for Puerto Rico, both in its capacity as such and in its capacity as representative of any debtor in any Title III proceeding (the "Oversight Board") and, in their official capacity as nominal defendants, the members of the Oversight Board listed below, (collectively, "you") in the PROMESA Matters (as defined below). Let me thank you for your expression of confidence in retaining Munger, Tolles & Olson LLP ("MTO," the "firm," "we" and "us"). This letter agreement, including the attached Additional Terms of Representation, contain your agreement with us regarding the engagement of our firm.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
      as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 2

### Scope of Representation

MTO's client in this representation will be only you, and not any other individual
or entity (whether or not related to any of you as an employee, agent, represented debtor, related
entity, overseeing body or otherwise).  Without limitation on the foregoing, you specifically
agree that although MTO will be representing the Oversight Board in its capacity as the
representative of any debtor in any Title III proceeding, MTO will not be representing any such
debtor.  You agree that this representation does not give rise to an attorney-client relationship
between MTO and anyone but you.  So, for example, MTO's representation of you will not be
deemed to be a representation of Puerto Rico, or any agency, department, officer or political
subdivision thereof, any other governmental entity or body of any sort, or any debtor in any Title
III proceeding, for conflict of interest purposes and you agree that we will not be precluded from,
and you will not use MTO's representation of you in this matter as a basis for objecting to
MTO's representing another client adverse to any such person or entity, or any other individual
or entity other than the Financial Oversight and Management Board for Puerto Rico itself.

MTO's engagement is limited to representing you in proceedings in the U.S.
District Court for the District of Puerto Rico in *In re: The Financial Oversight and Management
Board for Puerto Rico*, No. 17 BK 3283-LTS ("No. 17 BK 3283-LTS"),; the U.S. District Court
for the District of Puerto Rico in *In re: The Financial Oversight and Management Board for
Puerto Rico*, No. 17 BK 4780-LTS ("No. 17 BK 4780-LTS"); and any other similar actions filed
that challenge the constitutionality of the Puerto Rico Oversight, Management, and Economic
Stability Act ("PROMESA") on the same bases as those asserted in 17 BK 3283-LTS and No. 17
BK 4780-LTS, and any further appellate proceedings raising the issue of PROMESA's
constitutionality in these matters (collectively, the "PROMESA Matters").  MTO is not your
general counsel, and our engagement does not involve an undertaking to represent you or your
interests in any other matter.  For example, MTO's engagement does not include responsibility
for advising you regarding the extent of your authority or any aspect of your carrying out your
mission.

If not terminated earlier or extended in an express written agreement executed by
a partner in MTO, our representation of you in this matter will conclude upon the earlier of the
settlement or other final resolution of the claims regarding the constitutionality of PROMESA
asserted in the PROMESA Matters, or six months of no work recorded by us on the matter.

### Billing

Our billing practice will be to base legal fees upon the amount of time devoted to
this matter at hourly rates for the attorneys and other personnel (such as paralegal assistants and
case clerks) involved in the project.  We believe that our hourly rates are comparable to those
charged for similar kinds of work by lawyers of similar experience and standing in the

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 3

community.  We will provide a 15% discount from our standard hourly rates.  Our pre-discounted hourly rates for the attorneys currently assigned to your matter will be: Donald B. Verrilli, Jr. ($1225), Ginger Anders ($800); Chad Golder ($735); Sarah Boyce ($660); Adele El-Khouri ($600).  Other attorneys in the firm may also be involved in this representation to the extent we find it appropriate.  Paralegal time is billed at rates ranging between $190 and $320 per hour.  We expect to adjust our rates annually on the first of the year, and of course will notify you of any increases in the rates of persons working on your matter.  In addition, upon conclusion of the district court proceedings, we will endeavor to negotiate a mutually satisfactory fixed fee arrangement for proceedings in the Court of Appeals.  We will also endeavor, upon conclusion of proceedings in the Court of Appeals, to negotiate a mutually satisfactory fixed fee arrangement for proceedings (if any) in the United States Supreme Court.

We will send monthly statements to you, and by the signature of your representative below, you agree to pay them.  These statements will show the current status of your account, both for services rendered and for costs incurred on your behalf, and we will expect payment of the balance due on those statements promptly; provided that, all invoices are to be paid in accordance with the court order setting procedures for interim compensation and reimbursement of professionals.  The statements will include time entries by day and timekeeper, with general task descriptions.

### Issues Regarding Joint Representation

As a formal matter, we will jointly represent the Oversight Board and the individual Oversight Board members who have been named in their official capacities as nominal defendants in the Adversary Complaint filed by the Union de Trabajadores De La Industria Electrica y Riego (Utier) in No. 17 BK4780-LTS.

Joint representations may result in economic or tactical advantages.  You should be aware, however, that joint representations sometimes involve significant risks.  For example, joint representations may result in divided or at least shared attorney-client loyalties.  In joint representations, it is possible that issues may arise as to which a lawyer's representation of one client may be materially limited by the lawyer's joint representation of other clients in the same manner.  This could happen if, for example, the interests of one of a group of jointly represented defendants in a matter would be served by the presentation of rights, strategies, claims, or evidence whose presentation would be detrimental to the interests of the other jointly-represented defendants — in other words, if what is in one jointly-represented client's best interests is not in the best interests of other jointly-represented clients.  With respect to the representation here, however, we have not identified any actual or potential conflicts.  Indeed, The individual Board members here have been sued in their official capacities as nominal defendants for declaratory relief only; the central issue is the constitutionality of the Board rather than the propriety (assuming the constitutionality of the Board) of any action that the Board members have taken or

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
        as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 4

authorized, or will take or authorize.  Therefore, it appears to us that the interests of all of you are
organically aligned in this matter.

        As noted above, we will be representing the Oversight Board as such and also in
its capacity as the representative of any debtor in any Title III proceeding.  We believe that the
just-presented analysis would apply to representation of the Oversight Board in this additional
representative capacity where we would not be representing any such debtor itself and the central
issue would remain the constitutionality of the Board rather than the propriety (assuming the
constitutionality of the Board) of any action that the any such debtor has taken or authorized, or
will take or authorize.

        By signing and returning to us the agreement and consent set forth at the end of
this letter, each of you agrees to our joint representation of the Oversight Board, the individual
Board Members listed below in their official capacity as nominal defendants in the identified
litigation, and the Oversight Board in its capacity as the representative of any debtor in any Title
III proceeding, and you will consent to the arrangements discussed above and agree neither to
assert a conflict of interest nor to seek to disqualify us from any representations related to any of
those arrangements.

                                        *   *   *   *   *

        The attorney-client relationship is one of mutual trust and confidence.  We
therefore encourage our clients to feel free at all times to raise questions about any aspect of our
representation, including billing matters.

        Further terms applicable to this engagement are specified in Exhibit A to this
letter.  Please contact me as soon as possible if this letter (including its Exhibit A) does not
accurately reflect your understanding of our agreement.  Any corrections or changes must be in
writing and signed on your behalf and on our behalf.  Otherwise, please sign and return the
enclosed acknowledgment copy of this letter at your earliest convenience.

                                    Very truly yours,

                                    Donald B. Verrilli, Jr.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 5

       This letter, including Exhibit A hereto, accurately sets forth all of the terms of the engagement of Munger, Tolles & Olson LLP as counsel to The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Oversight Board's individual Board members identified below in their official capacities, and the Oversight Board in its capacity as representative of any debtor in any Title III proceeding, is approved and accepted by each of them, through an authorized representative where applicable:

THE FINANCIAL OVERSIGHT AND
   MANAGEMENT BOARD
   FOR PUERTO RICO

By _____        Date: _____
      Jaime El Koury
      General Counsel

JOSÉ B. CARRIÓN III

By _____        Date: _____
      José B. Carrión III

ANDREW G. BIGGS

By _____        Date: _____
      Andrew G. Biggs

CARLOS M. GARCÍA

By _____        Date: _____
      Carlos M. García

ARTHUR J. GONZÁLEZ

By _____        Date: _____
      Arthur J. González

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 6

JOSÉ R. GONZÁLEZ

By _____        Date: _____
     José R. González


ANA J. MATOSANTOS

By _____        Date: _____
     Ana J. Matosantos


DAVID A. SKEEL, JR.

By _____        Date: _____
     David A. Skeel, Jr.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD
FOR PUERTO RICO IN ITS CAPACITY AS
THE REPRESENTATIVE OF ANY DEBTOR
IN ANY TITLE III PROCEEDING        Date: _____

By _____
     Jaime El Koury
     General Counsel

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 7

## EXHIBIT A — MTO ADDITIONAL TERMS OF RETENTION

The following terms apply to your retention of Munger, Tolles & Olson LLP in this matter, and are an integral part of our agreement with you.

**Cooperation.**  To enable us to represent you effectively, you agree to cooperate fully with us in all aspects of your matter, and fully and accurately to disclose to us all facts and documents that may be relevant to the matter or that we may otherwise request.  We may rely on your disclosures without independent verification.  You also will make yourself reasonably available to attend meetings, discovery proceedings and conferences, hearings and other proceedings, as applicable.

**Nature Of Services.**  We provide only legal services.  You are not relying on us for and we are not providing, among other things, investment, insurance, financial, accounting or technical advice or making business decisions, nor are we investigating the character or credit of persons with whom you may be dealing.  We will not express opinions or beliefs as to the financial statements or other financial information of you or anyone else.  Unless otherwise expressly stated in the body of this letter, we shall have no responsibility to investigate or evaluate whether insurance is available relating to your matter or to tender the matter to any insurance carrier.

**No Guarantee Of Outcome.**  We do not and cannot guarantee the outcome of any matter.  Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning the litigation or various courses of action and the results that might be anticipated.  Any such statements are intended to be expressions of opinion only, based on information available to us at the time, and should not be construed as promises or guarantees.

**Estimates Not Binding.**  As you are aware, it is not possible to quote exact amounts to be charged for projects like this one.  Even carefully prepared estimates may turn out to be high or low.  Our experience has been, however, that our clients consider our fees to be reasonable in light of the responsibilities assumed, the effort expended, the result achieved, and the efficiency with which the project is completed.

**Billing And Payment.**  The following billing and payment terms shall apply except that to the extent that, in the body of this letter, it is stated that a third party has agreed to pay our fees and costs in this matter, then the references to your payment obligations in the next three paragraphs shall be interpreted to apply to payment obligations of such third party.

You agree to pay our statements promptly.  There are certain costs and expenses (in addition to the fees for our legal services) which you will be obligated to pay, if incurred,

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 8

reasonable, and documented, such as messenger charges, printing and photocopying costs, air express delivery charges, travel costs, transcript fees, parking charges, filing fees, telephone conference call charges, and other similar costs and expenses. Through an agreement with a vendor, we host electronic documents for mid-size litigation or other matters at a discounted rate. If your matter requires such document hosting, you will be billed a hosting fee that will appear on your monthly invoice as a cost, unless you arrange for document hosting in your matter through a vendor of your choosing and who will invoice you directly. If you prefer to use a vendor of your choosing, please let us know.

    From time to time, with your approval, MTO may engage leased workers for specific work on matters (e.g. first level review of documents, etc). These leased workers would work alongside and be supervised by our regular staff and attorneys. The billing rate for such leased workers may exceed the amount paid by MTO for the leased workers' services. We do not bill clients for fees charged by computerized legal research services, telephone charges other than conference call charges, routine facsimile transmissions or routine postage. We may also retain, at your expense, experts or consultants whose services we believe are necessary for effective representation in this matter. In accordance with our normal practice, we will require that significant bills from outside vendors (including, for example, copy services, experts and consultants) be paid directly by you. You also agree to pay us promptly for our fees, costs and expenses incurred in responding to subpoenas, testifying (and preparing testimony) by deposition or otherwise, or otherwise responding with respect to obligations, claims or demands relating to or arising out of the matters in which we have represented or are representing you, whether or not related to our services and whether or not we are then representing you.

    Any retainer or other advance payment ("advance payment') is for our (and not your) account and benefit; it is not intended as a security deposit. Unless otherwise required by law, any advance payment will not be maintained in a separate account or retained as trust funds, and it will earn no interest, for your benefit. Any request for an advance payment should not be viewed as a quote or a limitation on fees. Our fees could well exceed the amount of the advance. After completion of our engagement and payment of our final statement, if amounts paid (including advances) exceed the amounts charged, the difference will be repaid.

    You agree that we may suspend or terminate services, and may withdraw from our representation of you, if our statements or required advance payments are not timely paid or restored as agreed, subject to any required notice or applicable judicial or professional rules.

    **Informed Written Consent To Certain Future Conflicts Of Interest.** MTO represents many clients on a variety of legal matters. It is possible that in the future some of our present or future clients may have matters that are potentially or actually adverse to you that are not substantially related to the work we have performed for you. Similarly, there may be matters that you ask us to undertake in the future that present a potential or actual conflict with another

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 9

client of the firm.  Absent informed written consent, these conflicts of interest could adversely
affect your ability and the ability of others to choose MTO as their counsel and preclude MTO
from representing you or others in pending or future matters.  Accordingly, in engaging MTO in
this or any other matter, you consent to MTO's representation of others ("other MTO Client(s)")
in (a) transactional matters in which you are a counterparty to, or otherwise affected by, the
transaction, (b) bankruptcy matters in which you are an interested party as an equity holder, a
debtor, a secured or unsecured creditor, or otherwise, (c) litigation matters in which you may or
may not be a party and in which the other MTO Client is not a party but files or seeks leave to
file (individually or as part of a group of other amici or through a trade association) an *amicus
curiae* brief that advocates a position that may be adverse to your interests, (d) litigation matters
(including arbitration and other dispute resolution matters) in which you are not a party but the
other MTO Client or another party in the matter is seeking testimony, documents or other
evidence from or involving you, and (e) litigation (including arbitration and other dispute
resolution matters), transactional, counseling or other matters in which you are not a party but
you may have a business or other interest, for example, because you have a business or other
relationship with a party or because a legal standard relevant to the matter may also be relevant
to matters in which you are or may become involved.  Once again, the consent that we seek
would extend only to matters that are not substantially related to the work we have performed for
you.  (For the avoidance of doubt, you specifically agree that a bankruptcy of or relating to
Puerto Rico is not substantially related to the matter in which you are engaging us.)  Such
matters are referred to as "Permitted Other Representations."  An element of your consent is your
agreement that neither you nor anyone acting on your behalf will assert MTO's representation of
you as a basis for disqualifying MTO from representing another party in any Permitted Other
Representation.  We commit to adhere to our professional obligation not to disclose or use any of
your confidential information for another party's benefit without your consent.

        In deciding whether to agree to this informed consent to future conflicts you
should consider whether there is any material risk that we will be less zealous or eager on your
behalf if we or others in our law firm at the same time represent other parties in Permitted Other
Representations.  Similarly, you should consider whether there is any material risk that your
confidential information will be used adversely to you.  We do not believe that there is a material
risk of the first type because we understand our role as advocates in particular matters and take
our obligations to our clients seriously.  We do not believe that there is a material risk of the
second type because we seek your consent only with respect to matters that are not substantially
related to matters in which we represent you.  Nevertheless, these are issues that you should
consider for yourself and on which we encourage you to seek advice from independent counsel.

        **Electronic Communications.**  During our engagement, we may exchange
materials with you by electronic means such as email, using commercial software.  Such
communications can be victimized by destructive electronic programs (so-called "viruses") and

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 10

interception.  Our virus scanning software also may occasionally reject a communication sent by you, and yours may do the same to something sent by us.  We believe that these sorts of occurrences are to be expected from time to time as part of the ordinary course of business and cannot guarantee against them, although they do affect the security and reliability of electronic communications.  If for these or other reasons you would prefer that we not communicate by electronic means or follow special instructions or use encryptions, you should promptly so advise in writing to those responsible for your matter.

      **Consultation With Firm Counsel.**  We represent many clients and handle a great number of complex matters.  In part because of the number of clients that we represent and the complexity of matters in which we become involved, from time to time issues arise that raise questions as to our professional duties.  These might include, for example, conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter.  Under normal circumstances when such issues arise we would seek the advice of our internal general counsel who are experienced in such matters.  Historically, we have considered such consultations to be attorney-client privileged conversations between firm personnel and the counsel for the firm.  In recent years, there have been judicial decisions suggesting that under some circumstances such conversations involve a conflict of interest between the client and the law firm and that consultation with firm counsel may not be privileged, unless the law firm either withdraws from the representation of its client or obtains the client's consent to consult with firm counsel.

      We believe that it can be in our clients' and our mutual interests that, in the event legal ethics or related issues arise in conjunction with a representation, we receive expert analysis of our obligations.  Accordingly, as part of our agreement concerning our representation of you, you agree that if we determine in our own discretion during the course of or following the representation that it is either necessary or appropriate to consult with our firm counsel (either MTO's in-house general counsel or, if we choose, outside counsel) we have your consent to do so in what are and will be deemed to be communications protected by MTO's attorney-client privilege, and that our representation of you shall not, thereby, waive any attorney-client privilege that MTO may otherwise have to protect the confidentiality of our communications with counsel.

      **Conflict Checks.**  To allow us to conduct a conflict check, you represent that you have identified for us all persons and entities that are or may become involved in the subject matter, including all persons and entities that in any material respect are related, affiliated or associated with you, and other involved or potentially involved parties (such as parent corporations, subsidiaries and other affiliates, officers, directors and principals).  You agree that you will promptly notify us if you become aware of any other persons or entities that are or may

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 11

become involved in the matter.  You agree to cooperate fully with us and provide all necessary information known or available to you that is relevant to our conflict check.

**Public Reference To Representation.**  For matters that are or become public, you confirm that you have no objection to our making public reference to our representation of you, consistent with our responsibilities otherwise to maintain your confidences.  Such reference may include, for example, mention in our firm website, statements of an attorney's experience, and brochures or promotional material.

**Termination Of Representation.**  You have the right to discharge us at any time. We may withdraw with your consent or for good cause, which includes client breach of this agreement or refusal to cooperate with us or follow our advice on a material matter, as well as in any other circumstance permitted by applicable rules.  If you or we terminate our representation of you, you will cooperate with us to effect that termination, including executing all reasonably necessary documents (such as a Substitution of Attorney).  Upon termination, you will remain obligated to pay for all services rendered and costs or expenses paid or incurred on your behalf before the termination or which are reasonably necessary thereafter.

After the conclusion of our representation, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities.  The firm has no continuing obligation to advise you with respect to future legal developments.

**Record Retention.**  At the conclusion of this matter, we will at your request provide a copy of your file to you.  We may destroy our copy of that file after ten years from the conclusion of the matter.  Our own files remain our property and we may destroy our own files after ten years from the conclusion of the matter as well.  Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; as well as internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for our internal use.

**Effective Date.**  The effective date of our agreement is the date on which our services commenced.  The date printed on this letter is for convenience of reference only.

**Confidentiality of Engagement Letter.**  Although this engagement letter may be considered confidential, you agree that we may share the terms of any conflict waivers (excluding otherwise confidential information) with our other affected client(s) and that we may disclose the fact of any conflict waiver, as well as any document memorializing it (after redactions, if appropriate) where reasonably necessary to rebut allegations of improper conflicting representations.

MUNGER, TOLLES & OLSON LLP

Financial Oversight and Management Board for Puerto Rico
Members of the Financial Oversight and Management Board for Puerto Rico
The Financial Oversight and Management Board for Puerto Rico
    as the representative of any debtor in any Title III proceeding
September 5, 2017
Page 12

        **Dispute Resolution.**  In the event of litigation in any way relating to this agreement, California law will apply and personal jurisdiction and venue will be in Los Angeles, California, in state court or, at our option if subject matter jurisdiction exists there, federal court. We maintain errors and omissions insurance coverage applicable to the services to be rendered under this agreement.  This agreement shall be governed by the internal law (and not the law pertaining to choice or conflicts of law) of the State of California

        **Representation In Additional Matters.**  In the event that you request and we agree to representation by us in additional matters, the terms hereof shall control such additional matters except for the then prevailing hourly rates and the amount of a retainer, unless we enter into a new written agreement containing a full statement of the terms.

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
JEFFREY I. WEINBERGER
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
BRADLEY S. PHILLIPS
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. *
TERRY E. SANCHEZ
STEVEN M. PERRY
MARK B. HELM
JOSEPH D. LEE
MICHAEL R. DOREN
MICHAEL E. SOLOFF
GREGORY D. PHILLIPS
KATHLEEN M. M'DOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
SANDRA A. SEVILLE-JONES
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
JUDITH T. KITANO
JEROME C. ROTH
GARTH T. VINCENT
TED DANE
STUART N. SENATOR
MARTIN D. BERN
DANIEL P. COLLINS
ROBERT L. DELL ANGELO
BRUCE A. ABBOTT
JONATHAN E. ALTMAN
KELLY M. KLAUS
DAVID B. GOLDMAN
DAVID H. FRY
LISA J. DEMSKY
MALCOLM A. HEINICKE
TAMERLIN J. GODLEY
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
LUIS LI
MICHAEL B. DESANCTIS*
CAROLYN HOECKER LUEDTKE
C. DAVID LEE
MARK H. KIM
FRED A. ROWLEY, JR.
KATHERINE M. FORSTER

BLANCA FROMM YOUNG
RANDALL G. SOMMER
ROSEMARIE T. RING
TODD J. ROSEN
MELINDA EADES LEMOINE
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
MISTY M. SANFORD
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
ANJAN CHOUDHURY
KYLE W. MACH
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
MATTHEW A. MACDONALD
BRYAN H. HECKENLIVELY
SAMUEL T. GREENBERG
ELAINE J. GOLDENBERG
MARK R. YOHALEM
CHAD GOLDER*
GINGER D. ANDERS*
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ADAM R. LAWTON
JESLYN A. EVERITT
MARK R. SAYSON
JEREMY A. LAWRENCE
CHRISTOPHER M. LYNCH
ADAM I. KAPLAN
KENNETH M. TRUJILLO-JAMISON
LAURA H. LIN
GREGORY M. SERGI
ACHYUT J. PHADKE
MARI OVERBECK
ZACHARY M. BRIERS
JENNIFER M. BRODER
KEVIN L. BRADY
ELLEN MEDLIN RICHMOND
JORDAN D. SEGALL
WESLEY T. L. BURRELL
CHRISTA L. CULVER

KAREN A. LORANG
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
CRAIG A. LAVOIE
ELIA HERRERA
JOSHUA PATASHNIK
JOSHUA S. MELTZER
ROSE LEDA EHLER
MARIA JHAI
ADAM P. BARRY
JENNIFER L. BRYANT
JUSTIN T. HELLMAN
ANDREW CATH RUBENSTEIN
JEFFREY A. PAYNE
HANNAH L. DUBINA
ADAM GOTTSFELD
NICHOLAS D. FRAM
JOHN L. SCHWAB
ALEXANDER D. TEREPKA
J'ME K. FORREST
ASHLEY D. KAPLAN
JESSICA REICH BARIL
JULIANA M. YEE
JEREMY K. BEECHER
MATTHEW K. DONOHUE
ALLYSON R. BENNETT
ARIEL C. GREEN
ELIZABETH A. LAUGHTON
EMILY CURRAN HUBERTY
TIMOTHY J. MOON
JORDAN X. NAVARETTE
JOHN B. MAJOR
LAUREN C. BARNETT
NICHOLAS R. SIDNEY
C. HUNTER HAYES
KIMBERLY D. OWENS
AARON D. PENNEKAMP
TREVOR N. TEMPLETON
STEPHEN T. MAYER
SKYLAR D. BROOKS
ELIZABETH R. AYRAL
ELIZABETH A. KIM
SUSAN S. HAR
THOMAS RUBINSKY
NICHOLAS DUFAU
LAURA M. LOPEZ
MICHAEL C. BAKER

NAJEE K. THORNTON
SARAH G. BOYCE*
HOLLY K. FRIEDEMAN
BENJAMIN WOODSIDE SCHRIER
WILLIAM LARSEN
CELIA R. CHOY*
ADELE M. EL-KHOURI*
COLIN A. DEVINE
DANE P. SHIKMAN
LEXI PEACOCK
MAGGIE THOMPSON
SAMUEL H. ALLEN
ALLISON M. DAY
MARKUS A. BRAZILL
GIOVANNI S. SAARMAN GONZÁLEZ
JONATHAN B. MELTZER*
SAMUEL JOSÉ DÍAZ
LAUREN M. HARDING
NEFI D. ACOSTA
STEPHANIE G. HERRERA
TERESA A. REED
GRANT R. ARNOW
DANIEL BENJAMIN
SARA A. MCDERMOTT
J. MAX ROSEN
M. ELIZA HANEY
RACHEL G. MILLER-ZIEGLER*
ALISON F. KAROL
ANNE K. CONLEY

OF COUNSEL

ROBERT K. JOHNSON
ALAN V. FRIEDMAN
PATRICK J. CAFFERTY, JR.
PETER R. OETRE
ALLISON B. STEIN
BRAD SCHNEIDER
ERIC P. TUTTLE
PETER E. GRATZINGER
JENNY H. HONG
KIMBERLY A. CHI

E. LEROY TOLLES
(1922-2008)

* ADMITTED IN D.C.
ALL OTHERS ADMITTED IN CA.

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 683-3702

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

May 29, 2018

Writer's Direct Contact
(202) 220-1101
(213) 683-4007 FAX
Donald.Verrilli@mto.com

Financial Oversight and Management Board
for Puerto Rico
Attention: Jaime A. El Koury
Jacob Javits Federal Building
26 Federal Plaza, Room 2-128
New York, NY 10278

Dear Jaime:

This will confirm our firm's new representation of The Financial Oversight and Management Board for Puerto Rico ("you" or the "Oversight Board"). In brief, our representation will be to provide advice and potentially in pursue litigation regarding the Board's authority to enforce the requirements of its fiscal plan against the Governor of Puerto Rico. If not terminated earlier or extended in an express written agreement executed by a partner in MTO, our representation of you in this matter will conclude upon the earlier of the settlement or other final resolution of the claims asserted in the matter or six months of no work recorded by us on the matter.

The Oversight Board is the sole client in the matter. We are not representing any other person or entity (whether affiliated with or otherwise related to the Oversight Board).

The terms of our most recent formal engagement letter with the Oversight Board, as modified by any intervening changes in the firm's applicable billing rates, will apply. If you would like an additional copy of that letter, please let me know.

38774651.1

MUNGER, TOLLES & OLSON LLP

May 29, 2018
Page 2

      Thank you again for the opportunity to work with you in this matter.

Very truly yours,

Donald B. Verrilli, Jr.

**Exhibit C**

**Proposed Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO<br>RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO<br>RICO, *et al.*<br><br>      Debtors[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER APPROVING THE INTERIM APPLICATION OF MUNGER, TOLLES &
OLSON LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR
THE PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018**

Upon Application of Munger, Tolles & Olson LLP ("MTO"), attorneys for the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of

the Commonwealth of Puerto Rico ("Commonwealth"), pursuant to section 315(b) of the Puerto

Rico Oversight, Management, and Economic Stability Act, sections 316 and 317 of PROMESA,

Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the District of Puerto Rico including the United

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of
the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686).

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses referenced therein, and in accordance with this Court's First Amended Order Setting

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Dkt.

No. 1715) , seeking an allowance of interim compensation for professional services provided by

MTO in the amount of $344,778.70 and for reimbursement of actual and necessary expenses in

the amount of $462.00 incurred for the period from June 1, 2018 through September 30, 2018;

and, this Court having determined that the legal and factual bases set forth in the Fee Application

establish just cause for the relief requested herein; and after due deliberation, it is hereby

**ORDERED** that:

    1)    The Fee Application is APPROVED as set forth herein.

    2)    Compensation to MTO for professional and paraprofessional services provided during the Fee Period is allowed on an interim basis in the amount of $344,778.70

    3)    Reimbursement to MTO of actual, reasonable, and necessary expenses incurred in the Fee Period is allowed on an interim basis in the amount of $462.00

    4)    The Financial Oversight and Management Board for Puerto Rico is authorized to pay MTO all fees and expenses allowed pursuant to the Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

    5)    The Financial Oversight and Management Board for Puerto Rico is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the application.

Dated: _____, 2018        _____
      San Juan Puerto Rico                     Honorable Laura Taylor Swain
                                       United States District Judge

**Exhibit D**

**Invoices**

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

July 12, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 578052                                    Tax Identification No. 95-2156481

For professional services rendered through June 30, 2018 as follows:

Fiscal Plan Enforcement
MTO Matter Number:  28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 6/16/18 | CIG | 1.40 | Research regarding potential HTA/toll lawsuit (1.3); emails with Ms. Boyce and Ms. Anders regarding same (.1) |
| 6/16/18 | SGB | 1.80 | Analyze viability of enforcement regarding toll increases (1.0); draft email correspondence regarding enforcement regarding toll increases (.8). |
| 6/17/18 | CIG | 0.50 | Emails with Ms. Boyce regarding potential HTA/toll issue (.3); research regarding same (.2). |
| 6/17/18 | SGB | 1.50 | Analyze viability of enforcement regarding toll increases (1.0); draft email correspondences regarding same (0.5). |
| 6/18/18 | CIG | 1.70 | Emails with Ms. Anders and Ms. Boyce regarding enforcement of TA tolls (.3); research regarding same (.3); prepare for meeting regarding same (0.4); participate in meeting with Mr. Verrilli, Ms. Anders, and Ms. Boyce regarding same (0.7). |
| 6/18/18 | DBV | 0.70 | Conference with C. Golder, G. Anders, and S. Boyce regarding strategies and legal issues regarding litigation to enforce Board authority. |
| 6/18/18 | GDA | 1.00 | Prepare for meeting concerning possible litigation regarding HTA toll increases (.3); meeting with Mr. Verrilli, Mr. Golder, and Ms. Boyce concerning possible litigation regarding HTA toll increases (.7). |
| 6/18/18 | SGB | 2.70 | Analyze viability of a enforcement regarding toll increases (.6); draft email correspondence regarding viability of enforcement regarding toll increases (.6); conference with C. Golder regarding enforcement regarding toll increases (.1); conference with MTO team regarding viability of a suit and appropriate strategy (.7); analyze legislative history of PROMESA (.5); draft |

Matter Desc:     Fiscal Plan Enforcement
MTO Matter #:    28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| | | | email correspondence regarding legislative history of PROMESA (.2). |
| 6/19/18 | CIG | 2.00 | Prepare for meeting regarding HTA issue (0.2); participate in meeting with Mr. Verrilli, Ms. Anders, and Ms. Boyce regarding HTA issue (.5); draft talking points regarding same (.4); prepare conference call with FOMB (0.1); participate in conference call with MTO and FOMB teams (.5); edit draft violation letter (.2); email with Ms. Anders and Ms. Boyce regarding same (.1). |
| 6/19/18 | DBV | 0.50 | Participate in call with J. El Koury, K. Rifkind, G. Anders, C. Golder and S. Boyce regarding strategies and issues regarding Board authority. |
| 6/19/18 | GDA | 0.50 | Teleconference with Mr. Rifkind, Mr. El Koury, and MTO team concerning litigation over HTA toll increases. |
| 6/19/18 | SGB | 0.90 | Draft email correspondence to MTO team regarding possible suit (.2); telephone conference with J. El Koury and K. Rifkind to discuss potential suit (.5); revise letter regarding budgetary variance (.2). |
| 6/20/18 | SGB | 4.50 | Draft memorandum regarding possible suit against HTA. |
| 6/21/18 | CIG | 0.60 | Edit summary of potential HTA lawsuit (.6). |
| 6/22/18 | CIG | 0.10 | Emails with Ms. Boyce regarding memo on 203 issues. |
| 6/25/18 | CIG | 0.50 | Meeting with Ms. Boyce regarding supplemental memorandum regarding Sections 203/205. |
| 6/25/18 | SGB | 7.10 | Conference with C. Golder to discuss memorandum regarding HTA issue(.5); draft memorandum regarding HTA issue (6.6). |
| 6/26/18 | CIG | 0.60 | Edit supplemental memorandum regarding Sections 203/205 (.4); call with Mr. Rifkind and Ms. Anders regarding same (.2). |
| 6/26/18 | GDA | 0.40 | Review and revise draft memo analyzing litigation strategy concerning HTA. |
| | | 29.00 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---|
| TOTAL FEES | $ | 22,787.50 |
|    LESS FEE DISCOUNT | | (3,418.13) |
| NET FEES | | 19,369.38 |
| INVOICE TOTAL | $ | 19,369.38 |

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Golder, Chad I. | CIG | 7.40 | 825.00 | 6,105.00 |

Matter Desc:      Fiscal Plan Enforcement
MTO Matter #:      28720-00003

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Verrilli, Donald B. | DBV | 1.20 | 1,300.00 | 1,560.00 |
| Anders, Ginger D. | GDA | 1.90 | 900.00 | 1,710.00 |
| Boyce, Sarah G. | SGB | 18.50 | 725.00 | 13,412.50 |
| TOTAL | | 29.00 | | 22,787.50 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

July 12, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 578052                                    Tax Identification No. 95-2156481

MTO Matter Number: 28720-00003

For professional services rendered through June 30, 2018 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 22,787.50 |
|    LESS FEE DISCOUNT | | (3,418.13) |
| NET FEES | | 19,369.38 |
| **INVOICE TOTAL** | | **19,369.38** |
| PRIOR BALANCE | | 48,654.00 |
| TOTAL AMOUNT DUE | $ | 68,023.38 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

City National Bank
555 South Flower St., 12th Floor
Los Angeles, CA 90071
Account Name:     Munger, Tolles & Olson LLP
Account#:            210082948
ABA Routing#:      122016066
SWIFT Code:        CINAUS6L

**Please reference invoice number 578052 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 06/25/18 | 577858 | 48,654.00 | 48,654.00 |
|  |  |  | 48,654.00 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

July 12, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 578194                                        Tax Identification No. 95-2156481

For professional services rendered through June 30, 2018 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 6/21/18 | CIG | 0.20 | Review Ms. Boyce's email regarding Lucia (.2). |
| 6/21/18 | SGB | 0.80 | Review Supreme Court's decision in Lucia v. SEC to assess relevance to our case (.5); draft email correspondence regarding relevance of Lucia v. SEC (.3). |
| | | 1.00 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---|
| TOTAL FEES | $ | 745.00 |
| LESS FEE DISCOUNT | | (111.75) |
| NET FEES | | 633.25 |
| INVOICE TOTAL | $ | 633.25 |

FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Golder, Chad I. | CIG | 0.20 | 825.00 | 165.00 |
| Boyce, Sarah G. | SGB | 0.80 | 725.00 | 580.00 |
| TOTAL | | 1.00 | | 745.00 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

July 12, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 578194                                      Tax Identification No. 95-2156481

MTO Matter Number: 28720-00002

For professional services rendered through June 30, 2018 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 745.00 |
| LESS FEE DISCOUNT | | (111.75) |
| NET FEES | | 633.25 |
| **INVOICE TOTAL** | | **633.25** |
| PRIOR BALANCE | | 742,458.28 |
| TOTAL AMOUNT DUE | $ | 743,091.53 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

City National Bank
555 South Flower St., 12th Floor
Los Angeles, CA 90071

Account Name:   Munger, Tolles & Olson LLP
Account#:        210082948
ABA Routing#:    122016066
SWIFT Code:      CINAUS6L

**Please reference invoice number 578194 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 10/10/17 | 569924 | 172,522.38 | 172,522.38 |
| 10/19/17 | 570253 | 226,865.00 | 226,865.00 |
| 01/22/18 | 573097 | 52,561.93 | 52,561.93 |
| 01/22/18 | 573098 | 22,139.52 | 22,139.52 |
| 01/22/18 | 573099 | 99,865.22 | 99,865.22 |
| 05/31/18 | 573699 | 142,774.31 | 142,774.31 |
| 05/31/18 | 576915 | 19,784.17 | 19,784.17 |
| 05/31/18 | 576916 | 5,945.75 | 5,945.75 |
| | | | 742,458.28 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**


August 14, 2018


Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919


Invoice Number: 579077                                    Tax Identification No. 95-2156481

For professional services rendered through July 31, 2018 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 7/09/18 | CIG | 1.30 | Review Aurelius' informative motion (.5); research regarding same (.8). |
| 7/09/18 | DBV | 2.70 | Analyze Aurelius submission regarding Lucia decision (1.2); prepare response to Aurelius Lucia submission (1.5). |
| 7/09/18 | GDA | 0.90 | Review Aurelius' supplemental filing (.2); conference with Ms. Miller-Ziegler regarding drafting a response to Aurelius' filing (.3); analyze Supreme Court decisions on which Aurelius relies (.4). |
| 7/09/18 | SGB | 0.80 | Analyze motion from opposing counsel regarding recent Supreme Court decisions. |
| 7/09/18 | RMZ | 5.40 | Conferences with Ms. Anders regarding Aurelius's motion to inform (.3); review Aurelius's motion to inform (.2); research regarding Aurelius's motion to inform (4.0); draft response to Aurelius's motion to inform (0.9) |
| 7/10/18 | CIG | 0.70 | Call with Ms. Harrison regarding informative motion (.2); call with DOJ attorneys, Ms. Anders, and Ms. Miller-Ziegler regarding same (.5). |
| 7/10/18 | DBV | 1.30 | Prepare response to Aurelius submission on Ortiz and Lucia (1.0); conference with counsel for co-parties regarding same (0.3). |
| 7/10/18 | GDA | 1.50 | Revise response to Aurelius' supplemental filing. |
| 7/10/18 | SGB | 2.50 | Analyze relevance of Ortiz v. United States to our case (1.0); draft email correspondence to MTO team regarding same (1.5). |
| 7/10/18 | RMZ | 6.40 | Call with Ms. Anders, Mr. Golder, and counsel for United States regarding motion to inform (.2); draft motion to inform regarding Ortiz and Lucia (6.2). |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 7/11/18 | CIG | 0.90 | Edit motion to inform. |
| 7/11/18 | DBV | 1.20 | Edit response to Aurelius submission in Ortiz/Lucia. |
| 7/11/18 | SGB | 0.30 | Review response to Aurelius's motion regarding Ortiz and Lucia. |
| 7/11/18 | RMZ | 2.30 | Conference with Mr. Jacobsen regarding procedural requirements for motion to inform (.2); revise motion to inform in connection with edits from Ms. Anders, Mr. Golder, and client. (2.1). |
| 7/11/18 | AJ4 | 1.80 | Review, revise, and cite check Motion to Inform |
| 7/12/18 | CIG | 0.10 | Email with Proskauer regarding filing. |
| 7/12/18 | RMZ | 0.40 | Finalize motion to inform for filing. |
| 7/13/18 | CIG | 2.20 | Review district court decision (1.1); call with Mr. Rifkind regarding same (.2); review other parties' motions to inform regarding Ortiz and Lucia (.4); research regarding 1292(b)/immediate appeal issues (.2); email with Ms. Miller-Ziegler regarding same (.1); review draft public statement (.1); email with Mr. El Koury and Mr. Rifkind regarding same (.1). |
| 7/13/18 | DBV | 2.70 | Analyze district court ruling on appointments clause (1.3); analyze appellate jurisdiction issues related to nature and timing of appeals (1.4). |
| 7/13/18 | SGB | 0.50 | Read opinion denying Aurelius's motion to dismiss (.4); review email correspondence regarding potential interlocutory appeal (.1). |
| 7/13/18 | RMZ | 0.90 | Review motions to inform regarding Ortiz and Lucia filed by U.S. and COFINA bondholders (.3); review decision denying Aurelius's motion to dismiss (.3); emails with internal team regarding interlocutory review statutory provisions, and research regarding same (.3). |
| 7/14/18 | CIG | 0.70 | Review Court of Federal Claims decision. |
| 7/15/18 | DBV | 2.10 | Continue analysis of district court opinion, court of claims opinion and appellate strategies. |
| 7/16/18 | RMZ | 0.30 | Review Court of Federal Claims decision regarding Board as federal entity . |
| 7/18/18 | CIG | 1.40 | Emails with MTO team regarding notice of appeal (.6); research regarding same (.3); call with DOJ attorneys and Ms. Anders regarding notice of appeal (.5). |
| 7/18/18 | DBV | 1.50 | Review research on question of interlocutory appeal (1.1); conference with J. Wall, Deputy SG, regarding appellate issues and coordination (0.4). |
| 7/18/18 | GDA | 2.10 | Correspond with Mr. Verrilli and Mr. Golder concerning strategy in response to Aurelius's notice of appeal (.6); teleconference with Ms. Lin of DOJ and Mr. Golder concerning Aurelius's notice of appeal (.3); reviewed statutory appeal provisions under PROMESA (.3); draft email to Ms. Miller-Ziegler concerning research into governing appeals (.2); teleconference with |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| | | | Mr. Harris and Ms. Febus concerning appellate jurisdiction (.3); teleconference with Mr. Rifkind and Mr. Golder concerning strategy with respect to appeal and Governor's motion to dismiss (.4). |
| 7/18/18 | SGB | 0.70 | Research whether the First Circuit has jurisdiction over an appeal of the district court's order (.3); review email correspondence regarding appellate jurisdiction (.2); conference with R. Miller-Ziegler to discuss jurisdictional question (.2). |
| 7/18/18 | RMZ | 6.00 | Research regarding finality of district court order denying motion to dismiss and denying relief from the stay. |
| 7/19/18 | CIG | 0.50 | Call with DOJ attorneys and Ms. Anders regarding notice of appeal. |
| 7/19/18 | DBV | 1.30 | Continue analysis of research on appellate jurisdiction issue (0.8); conference with G. Anders and C. Golder regarding appellate jurisdiction and strategy issues related to appeal (0.5). |
| 7/19/18 | GDA | 1.40 | Teleconference with Mr. Freeman at DOJ and Mr. Golder concerning strategy in response to Aurelius's notice of appeal (.6); review Ms. Miller-Ziegler's research concerning appellate jurisdiction and ask follow-up questions to Ms. Miller-Ziegler (.5); correspond with Mr. Verrilli and Mr. Golder concerning whether to contest appellate jurisdiction (.3). |
| 7/19/18 | SGB | 0.50 | Review opinion from Court of Federal Claims holding that the Board is a federal entity (.3); conference with R. Miller-Ziegler to discuss appellate jurisdiction (.2). |
| 7/19/18 | RMZ | 0.10 | Review docket for filings related to appeal. |
| 7/23/18 | CIG | 0.40 | Emails with Ms. Anders regarding appeal timing (.1); review Assured Guarantee Complaint (.3). |
| 7/23/18 | GDA | 1.60 | Teleconference with Mr. Rifkind and Mr. El Koury concerning appellate jurisdiction and timing of appeal (.6); formulate strategy for ensuring that there is appellate jurisdiction (.5); review new complaint filed by Gibson Dunn on behalf of Assured Guaranty (.5). |
| 7/23/18 | SGB | 0.30 | Review email correspondence regarding appellate jurisdiction (.2); draft email correspondence to C. Golder regarding jurisdiction (.1). |
| 7/23/18 | RMZ | 0.20 | Review district court for filings regarding notice of appeal and check for CA1 docket. |
| 7/24/18 | CIG | 1.50 | Review Motion to Expedite (.5); emails with Ms. Anders regarding same (.2); review Assured complaint (.5); emails with MTO team regarding Assured complaint (.3). |
| 7/24/18 | DBV | 1.50 | Review relevant legal analysis regarding appellate jurisdiction issues (1.0); exchange emails with team regarding implementation for appellate strategy |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| | | | (0.1); review new adversary complaint (0.4). |
| 7/24/18 | GDA | 2.10 | Discuss how to draft a response to Aurelius' arguments concerning appellate jurisdiction with Ms. Miller-Ziegler (.4); correspond with Mr. Golder concerning strategy for responding to Aurelius' motion to expedite (.5); correspond with Mr. Golder concerning potential standing issue with Assured Guaranty complaint (.1); correspond with Mr. Harris and Ms. Febus concerning Assured's right to file adversary proceeding in the Title III litigation (.1); draft email to Mr. El Koury and Mr. Rifkind explaining Aurelius' motion to expedite, the Assured complaint, and our strategic options for responding to both (.4); correspond with Mr. Verrilli concerning his availability for oral argument in the Aurelius appeal and our strategy for contending that there is no appellate jurisdiction (.3); draft email to Mr. Freeman at Department of Justice concerning Aurelius' motion to expedite and strategic options (.3). |
| 7/24/18 | SGB | 0.30 | Review email correspondence about appellate jurisdiction (.2); draft email correspondence regarding jurisdiction (.1). |
| 7/24/18 | RMZ | 3.70 | Research regarding adversary proceedings, including review of Assured Guaranty complaint. |
| 7/25/18 | CIG | 2.30 | Call with Ms. Anders, Mr. Harris, and Ms. Febus regarding motion to expedite and certify (.5); call with Ms. Anders, Ms. Miller-Ziegler, and DOJ attorneys regarding same (.5); emails with Ms. Anders regarding same (.2); call with Gibson Dunn attorneys, DOJ attorneys, and Ms. Anders regarding same (.6); call with Ms. Anders, Mr. El Koury, Mr. Rifkind, Mr. Skeel, and Mr. Gonzalez regarding same (.5). |
| 7/25/18 | DBV | 0.40 | Continue analysis of strategy options for appeal, scheduling issues and related matters. |
| 7/25/18 | GDA | 3.10 | Discuss response to Aurelius' motion to expedite with Ms. Miller-Ziegler (.3); teleconference with Mr. Harris, Ms. Febus, and Ms. Miller-Ziegler concerning Assured complaint and existence of appellate jurisdiction over Aurelius' appeal (.3); conference to formulate proposal regarding appellate briefing schedule and procedure to resolve jurisdictional issues with Mr. Golder and Ms. Miller-Ziegler (.4); teleconference with Mr. Freeman at Department of Justice concerning strategy in responding to Aurelius' appeal (.3); teleconference with Mr. El Koury, Mr. Rifkind, Judge Gonzalez and Mr. Skeel concerning response to Aurelius (.5); discuss response to Aurelius with Mr. Golder (.2); teleconference with Aurelius' counsel concerning appellate jurisdiction and briefing schedule (.5); conference with Mr. Golder and Ms. Miller-Ziegler regarding Aurelius's counsel's position (.5); correspond with Aurelius' counsel concerning agreement on certification of interlocutory appeal (.1). |

Matter Desc:     Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|---|---|---|---|
| 7/25/18 | SGB | 0.10 | Review email correspondence from R. Miller-Ziegler regarding appellate jurisdiction. |
| 7/25/18 | RMZ | 8.60 | Call with DOJ, Ms. Anders, and Mr. Golder regarding response to Aurelius motion to expedite (.2); call with client, Ms. Anders, and Mr. Golder regarding response to Aurelius motion to expedite (.2); call with Proskauer co-counsel, Ms. Anders, and Mr. Golder regarding response to Aurelius motion to expedite (.2); prepare for filing in First Circuit, including reviewing filing rules and preparing notices of appearance (1.5); research and draft response to motion (5.8); conference with Ms. Anders and Mr. Golder regarding response to Aurelius motion to expedite (.7). |
| 7/25/18 | AJ4 | 1.10 | Review, revise, and research compliance for Response to Motion to Expedite in First Circuit. |
| 7/25/18 | AJ4 | 1.10 | Prepare and file Applications for Admission for S. Boyce and G. Anders. |
| 7/26/18 | CIG | 1.50 | Emails with Ms. Anders regarding certification and motion for abeyance (.2); review emails from opposing counsel regarding same (.1); review drafts regarding same (.2); call with opposing counsel, DOJ, Ms. Anders and Ms. Miller-Ziegler regarding same (.4); draft First Circuit motion for abeyance regarding same (.4); edit Gibson Dunn motion for certification (.2). |
| 7/26/18 | GDA | 4.30 | Teleconference with First Circuit Clerk's office concerning procedure in responding to motion to expedite (.3); correspond with First Circuit clerk's office concerning agreement with Aurelius to extend response deadline (.5); draft emails to DOJ, Aurelius' counsel, and our team concerning First Circuit clerk's guidance (.7); teleconference with Mr. Harris and Ms. Febus concerning Assured complaint and certification procedure (.5); teleconference with First Circuit clerk's office concerning scheduling of oral argument (.1); draft emails to DOJ and our team concerning scheduling of oral argument in light of clerk's office guidance (.1); teleconference with Aurelius' counsel and Mr. Freeman of DOJ concerning certification of interlocutory appeal (.7); discuss Aurelius' position concerning certification with Ms. Miller-Ziegler (.1); teleconference with Aurelius' counsel and Mr. Freeman of DOJ to negotiate certification procedure (.3); draft and send emails briefing five other parties on our certification and scheduling strategy with respect to Aurelius appeal, and seeking consent to a joint certification motion (.6); draft update for Mr. El Koury, Mr. Rifkind, Judge Gonzalez, and Mr. Skeel concerning course of negotiations with Aurelius' counsel, agreement to jointly seek certification of an interlocutory appeal, and negotiations concerning an expedited briefing schedule (.4). |
| 7/26/18 | SGB | 0.20 | Review email correspondence from R. Miller-Ziegler and G. Anders regarding appellate jurisdiction. |
| 7/26/18 | RMZ | 6.00 | Calls with counsel for Aurelius, DOJ, and Ms. Anders regarding response to |

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| | | | motion to expedite and certification (.8); call with Mr. Harris and Ms. Anders regarding response to motion to expedite and certification (.5); draft jurisdictional response and conference with Ms. Anders regarding same (4.4); draft motion for extension of time to respond to motion to expedite (.3). |
| 7/26/18 | AJ4 | 0.40 | Review applications for admission for G. Anders, S. Boyce, and R. Miller-Ziegler. |
| 7/27/18 | CIG | 0.50 | Emails with Ms. Anders regarding certification and motion for abeyance (.2); review emails from opposing counsel regarding same (.1); review drafts regarding same (.2). |
| 7/27/18 | GDA | 2.80 | Arrange for drafting of motion to hold Aurelius' motion to expedite in abeyance (.2); review draft motion to hold Aurelius' motion to expedite in abeyance (.4); edit draft motion to certify interlocutory appeal (.4); correspond with counsel for unsecured creditors concerning strategy with respect to expedited briefing (.3); correspond with counsel for other parties concerning consent to joint motion to certify interlocutory appeal (.5); correspond with Mr. Golder concerning motion to hold appeal in abeyance and Aurelius' proposed edits (.5); teleconference with Mr. Freeman concerning motion to hold appeal in abeyance and appellate strategy going forward (.3); negotiate specific language in motion to hold appeal advance with Aurelius' counsel (.2). |
| 7/27/18 | SGB | 0.40 | Coordinate filing of notices of appearance (.2); review motion for presumptive standards regarding fees and compensation (.1); draft email correspondence to G. Anders regarding motion to stay the motion to expedite (.1). |
| 7/27/18 | AJ4 | 0.40 | Track emails regarding First Circuit filings to confirm success. |
| 7/27/18 | AJ4 | 1.60 | Review, revise, and cite check Joint Motion to Hold Appellants' Motion to Expedite Appeal and Oral Arguments in Abeyance. |
| 7/27/18 | AJ4 | 0.70 | Prepare and file Notices of Appearance in First Circuit. |
| 7/27/18 | AJ4 | 0.50 | Prepare and file applications for admission to the First Circuit for S. Boyce and R. Miller-Ziegler. |
| 7/31/18 | AJ4 | 0.30 | File Notices of Appearance in First Circuit for R. Miller-Ziegler, S. Boyce, and G. Anders. |
| | | 103.30 | TOTAL CHARGEABLE HOURS |

TOTAL FEES                                                                                   $      79,404.00
   LESS FEE DISCOUNT                                                                      (11,910.60)

NET FEES                                                                                             67,493.40

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

## INVOICE TOTAL                                        $   67,493.40

### FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Golder, Chad I. | CIG | 14.00 | 825.00 | 11,550.00 |
| Verrilli, Donald B. | DBV | 14.70 | 1,300.00 | 19,110.00 |
| Anders, Ginger D. | GDA | 19.80 | 900.00 | 17,820.00 |
| Boyce, Sarah G. | SGB | 6.60 | 725.00 | 4,785.00 |
| Miller-Ziegler, Rachel G. | RMZ | 40.30 | 580.00 | 23,374.00 |
| Jacobsen, Arn | AJ4 | 7.90 | 350.00 | 2,765.00 |
| TOTAL | | 103.30 | | 79,404.00 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

August 14, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 579077                                    Tax Identification No. 95-2156481

MTO Matter Number: 28720-00002

For professional services rendered through July 31, 2018 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 79,404.00 |
| LESS FEE DISCOUNT | | (11,910.60) |
| NET FEES | | 67,493.40 |
| **INVOICE TOTAL** | | **67,493.40** |
| PRIOR BALANCE | | 84,516.61 |
| TOTAL AMOUNT DUE | $ | 152,010.01 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

City National Bank
555 South Flower St., 12th Floor
Los Angeles, CA 90071
Account Name:      Munger, Tolles & Olson LLP
Account#:              210082948
ABA Routing#:        122016066
SWIFT Code:          CINAUS6L

**Please reference invoice number 579077 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 10/10/17 | 569924 | 172,522.38 | 17,252.24 |
| 10/19/17 | 570253 | 226,865.00 | 22,686.50 |
| 01/22/18 | 573097 | 52,561.93 | 5,256.19 |
| 01/22/18 | 573098 | 22,139.52 | 2,213.95 |
| 01/22/18 | 573099 | 99,865.22 | 9,986.52 |
| 05/31/18 | 573699 | 142,774.31 | 14,277.43 |
| 05/31/18 | 576915 | 19,784.17 | 6,264.78 |
| 05/31/18 | 576916 | 5,945.75 | 5,945.75 |
| 07/12/18 | 578194 | 633.25 | 633.25 |
| | | | 84,516.61 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**


August 15, 2018


Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919


Invoice Number: 579081                                    Tax Identification No. 95-2156481

For professional services rendered through July 31, 2018 as follows:

Fiscal Plan Enforcement
MTO Matter Number:  28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 7/02/18 | CIG | 0.20 | Research regarding potential lawsuit regarding enforcement of budget and Fiscal Plan. |
| 7/02/18 | SGB | 0.10 | Draft email correspondence to MTO team regarding budget and HTA suit (.1). |
| 7/05/18 | CIG | 1.90 | Review draft complaint (.9); research regarding same (.5); call with Mr. El Koury regarding same (.5). |
| 7/05/18 | SGB | 0.80 | Analyze complaint against Oversight Board. |
| 7/06/18 | CIG | 3.40 | Prepare for conference call with Proskauer team, Mr. El Koury, and Mr. Rifkind regarding case strategy (0.1);  participate in conference call regarding same (1.0); prepare for conference call with E&Y, Proskauer team, Mr. El Koury, and Mr. Rifkind (0.2); participate in conference call regarding same (1.0); research regarding same (.6); review draft response to scheduling motion (.5). |
| 7/06/18 | GDA | 1.00 | Teleconference with Proskauer team concerning strategy in opposing governor's complaint. |
| 7/06/18 | SGB | 0.10 | Analyze complaint. |
| 7/07/18 | CIG | 0.30 | Review Governor's reply regarding scheduling (.2); review Court order regarding same (.1). |
| 7/08/18 | CIG | 1.10 | Call with Mr. Mungovan regarding motion to dismiss strategy (.7); research regarding same (.3); emails with Mr. El Koury and Mr. Rifkind regarding same (.1). |

Matter Desc:     Fiscal Plan Enforcement
MTO Matter #:    28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 7/09/18 | CIG | 2.20 | Review draft motion to dismiss (1.2); draft comments to Proskauer team regarding same (.6); research regarding same (.4). |
| 7/09/18 | DBV | 4.20 | Review and analyze Governor's complaint (2.7); review draft motion to dismiss in response to complaint (1.5). |
| 7/10/18 | CIG | 5.20 | Review subsequent draft motion to dismiss (.6); draft comments to Proskauer team regarding same (1.8); research regarding same (1.2); meetings with Ms. Anders regarding same (.2); emails with Mr. Verrilli regarding same (.2); participate in call with Board members, Board counsel, Proskauer team, and others regarding case strategy (1.2). |
| 7/10/18 | DBV | 5.60 | Continue review and analysis of key materials (1.8); edit draft motion to dismiss (3.0); participate in strategy call with client and co-counsel (0.8). |
| 7/10/18 | GDA | 1.50 | Review and comment on draft motion to dismiss Governor's complaint. |
| 7/11/18 | CIG | 0.30 | Review draft motion to dismiss. |
| 7/11/18 | DBV | 2.20 | Edit updated drafts of motion to dismiss. |
| 7/12/18 | CIG | 3.00 | Call with Mr. Rifkind, Mr. Verrilli, and Ms. Anders regarding draft motion to dismiss (.2); edit draft motion to dismiss (2.8). |
| 7/12/18 | DBV | 4.40 | Edit several iterations of motion to dismiss Governor's complaint (4.1); conference with C. Golder and G. Anders regarding edits to motion to dismiss (0.3). |
| 7/12/18 | GDA | 1.60 | Review draft of motion to dismiss Governor's complaint and comment (1.2); discuss motion to dismiss with Mr. Golder and Mr. Verrilli (.4). |
| 7/16/18 | CIG | 0.90 | Review draft motion to dismiss Legislature's complaint. |
| 7/16/18 | DBV | 1.20 | Edit draft motion to dismiss in Rivera-Schatz litigation. |
| 7/17/18 | CIG | 1.40 | Review Governor's opposition motion (1.3); email with Mr. Verrilli regarding same (.1). |
| 7/17/18 | DBV | 1.40 | Edit updated version of motion to dismiss in Rivera-Schatz matter. |
| 7/18/18 | CIG | 0.60 | Call with Ms. Anders and Mr. Rifkind regarding limiting principles in Governor case (.5); review email from Mr. Rifkind regarding Governor reply brief (.1). |
| 7/18/18 | DBV | 1.80 | Review opposition to motion to dismiss Governor's complaint in preparation for assisting with reply (1.5); conference with G. Anders and C. Golder regarding strategies for reply and oral argument issues regarding motion to dismiss (0.3). |
| 7/19/18 | CIG | 0.30 | Review draft letters for UPR and HTA (.2); email with Mr. Rifkind regarding reply brief (.1). |

Matter Desc:     Fiscal Plan Enforcement
MTO Matter #:    28720-00003

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 7/20/18 | CIG | 1.10 | Review draft reply brief (.8); draft comments regarding same (.3). |
| 7/20/18 | DBV | 1.00 | Review reply brief in support of motion to dismiss Governor's claims. |
| 7/20/18 | GDA | 0.60 | Review reply in response to Governor's opposition to motion to dismiss. |
| 7/22/18 | GDA | 2.10 | Formulate moot court questions to aid preparation for oral argument. |
| 7/23/18 | CIG | 1.90 | Prepare for and participate in moot court. |
| 7/23/18 | GDA | 1.00 | Draft moot court questions to assist Mr. Beinenstock in preparing for oral argument on motion to dismiss. |
| 7/27/18 | AJ4 | 1.20 | Research docket entries and prepare materials for review in advance of Meet & Confer. |
|  |  | 55.60 | TOTAL CHARGEABLE HOURS |

| | | |
|---|---|---:|
| TOTAL FEES | $ | 56,140.00 |
| LESS FEE DISCOUNT | | (8,421.00) |
| NET FEES | | 47,719.00 |
| INVOICE TOTAL | $ | 47,719.00 |

### FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|------------|------|-------|------|--------|
| Golder, Chad I. | CIG | 23.80 | 825.00 | 19,635.00 |
| Verrilli, Donald B. | DBV | 21.80 | 1,300.00 | 28,340.00 |
| Anders, Ginger D. | GDA | 7.80 | 900.00 | 7,020.00 |
| Boyce, Sarah G. | SGB | 1.00 | 725.00 | 725.00 |
| Jacobsen, Arn | AJ4 | 1.20 | 350.00 | 420.00 |
| TOTAL | | 55.60 | | 56,140.00 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

August 15, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 579081                                    Tax Identification No. 95-2156481

MTO Matter Number: 28720-00003

For professional services rendered through July 31, 2018 as follows:

| | | |
|---|---|---|
| TOTAL FEES | $ | 56,140.00 |
| LESS FEE DISCOUNT | | (8,421.00) |
| NET FEES | | 47,719.00 |
| **INVOICE TOTAL** | | **47,719.00** |
| PRIOR BALANCE | | 68,023.37 |
| TOTAL AMOUNT DUE | $ | 115,742.37 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

City National Bank
555 South Flower St., 12th Floor
Los Angeles, CA 90071
Account Name:      Munger, Tolles & Olson LLP
Account#:             210082948
ABA Routing#:       122016066
SWIFT Code:          CINAUS6L

**Please reference invoice number 579081 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 515065**
**LOS ANGELES, CA 90051-5065**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 06/25/18 | 577858 | 48,654.00 | 48,654.00 |
| 07/12/18 | 578052 | 19,369.37 | 19,369.37 |
| | | | 68,023.37 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**


November 14, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 581654                                      Tax Identification No. 95-2156481

For professional services rendered through September 30, 2018 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 9/01/18 | SGB | 3.10 | Draft response brief. |
| 9/01/18 | RMZ | 5.10 | Research and draft response brief. |
| 9/03/18 | DBV | 2.00 | Continue review and analysis of Aurelius brief and key cases. |
| 9/03/18 | SGB | 1.20 | Draft response brief. |
| 9/04/18 | GDA | 2.60 | Discuss filing logistics with Mr. Golder (.1); correspond with UTIER counsel concerning filing motion to schedule briefing and consolidate (.1); correspond with Aurelius' counsel and government counsel concerning filing (.1); finalize and file joint motion to consolidate cases in the Aurelius case and joint motion for briefing schedule in UTIER case (2.3). |
| 9/04/18 | SGB | 2.60 | Draft response brief. |
| 9/04/18 | RMZ | 11.30 | Draft motion for consolidation and change in briefing schedule in Aurelius/Assured appeals, and revise UTIER response in connection with same (3.0); research and draft response brief (8.3). |
| 9/04/18 | AJ4 | 0.50 | Cite check Motions to Consolidate and Expedite in the First Circuit. |
| 9/05/18 | DBV | 1.00 | Continue analysis of Aurelius brief and key legal materials. |
| 9/05/18 | SGB | 6.60 | Conference with R. Miller-Ziegler to discuss response brief (.3); draft response brief (6.3). |
| 9/05/18 | RMZ | 12.20 | Draft response brief (11.9); conference with S. Boyce regarding brief (0.3). |
| 9/06/18 | SGB | 9.20 | Draft response brief. |
| 9/06/18 | RMZ | 6.00 | Draft opening brief. |

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 9/07/18 | CIG | 0.10 | Email with MTO team regarding scheduling order. |
| 9/07/18 | DBV | 1.20 | Review relevant secondary sources. |
| 9/07/18 | SGB | 0.30 | Revise response brief (.2); draft email correspondence to R. Miller-Zieger regarding response brief revisions (.1). |
| 9/07/18 | RMZ | 5.10 | Emails with Mr. Verrilli, Mr. Golder, and Ms. Anders regarding consolidation order and timing of oral argument (.3); continue drafting and revise response brief (4.8). |
| 9/08/18 | CIG | 2.10 | Edit response brief. |
| 9/09/18 | CIG | 0.80 | Edit response brief. |
| 9/10/18 | DBV | 2.00 | Continue analysis of key materials. |
| 9/10/18 | SGB | 0.60 | Identify statements in the legislative history that explain why PROMESA is necessary. |
| 9/10/18 | RMZ | 1.60 | Review UTIER brief and email Ms. Anders, Mr. Golder, and Ms. Boyce regarding arguments for same. |
| 9/11/18 | CIG | 0.30 | Call with Mr. Freeman regarding government's scheduling filing. |
| 9/11/18 | GDA | 0.40 | Teleconference with Mr. Freeman concerning oral argument scheduling and briefing strategy (.3); draft email to Proskauer attorneys concerning PROMESA cases being argued (.1). |
| 9/11/18 | SGB | 1.00 | Read amicus briefs to identify any important arguments that warrant attention in the Board's response brief (.6); read email correspondence from R. Miller-Ziegler regarding amicus briefs (.2); draft email correspondence to MTO team regarding amicus briefs (.2). |
| 9/11/18 | RMZ | 1.30 | Compile statutory sources used in response brief (3); review First Circuit cases regarding PROMESA and territories (1.0). |
| 9/12/18 | CIG | 0.10 | Review government's scheduling filing. |
| 9/12/18 | GDA | 1.50 | Research responses to historical arguments in Aurelius's opening brief. |
| 9/12/18 | SGB | 0.10 | Review government's motion regarding oral argument; draft email correspondence to MTO team regarding same. |
| 9/13/18 | DBV | 1.70 | Analyze appellants' briefs (1.1); work on theory for response brief (0.6). |
| 9/13/18 | GDA | 6.00 | Revise response brief. |
| 9/13/18 | SGB | 0.10 | Draft email correspondence to G. Anders regarding research on judicial philosophy of likely First Circuit panel. |
| 9/13/18 | RMZ | 1.70 | Research writings and opinions of potential First Circuit panel. |

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 9/14/18 | GDA | 5.20 | Revise response brief. |
| 9/15/18 | GDA | 8.20 | Draft response brief. |
| 9/16/18 | GDA | 10.50 | Draft response brief. |
| 9/17/18 | GDA | 4.60 | Draft response brief. |
| 9/18/18 | CIG | 1.30 | Edit draft response brief. |
| 9/18/18 | GDA | 7.10 | Draft response brief. |
| 9/19/18 | DBV | 2.60 | Edit draft response brief. |
| 9/19/18 | GDA | 0.50 | Edit response brief. |
| 9/19/18 | SGB | 4.60 | Draft summary of argument for response brief. |
| 9/19/18 | RMZ | 0.10 | Edit draft summary of argument. |
| 9/20/18 | CIG | 0.30 | Edit Proskauer filing (.2); emails with Ms. Anders regarding same (.1). |
| 9/20/18 | DBV | 3.50 | Edit draft response brief. |
| 9/20/18 | GDA | 1.50 | Edit summary of argument for response brief (1.2); review objection to UCC derivative standing for consistency with the Appointments Clause arguments (.3). |
| 9/20/18 | RMZ | 0.10 | Email Ms. Boyce regarding CA1 panel research. |
| 9/21/18 | DBV | 5.00 | Edit response brief. |
| 9/21/18 | SGB | 2.50 | Research jurisprudence of potential First Circuit panel members. |
| 9/22/18 | SGB | 0.60 | Draft email correspondence regarding jurisprudence of possible First Circuit panel members. |
| 9/23/18 | DBV | 4.00 | Edit response brief. |
| 9/24/18 | CIG | 0.30 | Review cases and articles of potential panel members. |
| 9/24/18 | DBV | 4.00 | Edit brief. |
| 9/24/18 | GDA | 0.40 | Draft emails to DOJ and Mr. Verrilli concerning legislators' motion to participate in oral argument (.2); discuss with DOJ attorneys whether to oppose legislators' motion to participate in oral argument (.2). |
| 9/24/18 | SGB | 2.30 | Research jurisprudence of possible First Circuit panel members. |
| 9/25/18 | DBV | 3.70 | Conference with G. Anders regarding substantive issue and party coordination (0.3); edit response brief (3.4). |
| 9/25/18 | GDA | 0.60 | Discuss coordinating party briefs and revising our brief with Mr. Verrilli (.3); draft emails to Mr. Rifkind and Mr. El Koury explaining strategy in connection with circulation of draft merits brief (.3). |

Matter Desc:      Constitutional Litigation
MTO Matter #:     28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 9/25/18 | SGB | 0.20 | Draft email correspondence to R. Miller-Ziegler regarding revising response brief (.1); draft email correspondence to G. Anders regarding revising response brief (.1). |
| 9/25/18 | RMZ | 0.10 | Emails regarding finalizing edits to brief. |
| 9/26/18 | DBV | 6.20 | Edit brief (6.0); conference with G. Anders regarding issues raised by coordination with other parties (0.2). |
| 9/26/18 | GDA | 0.50 | Telephone conference with Mr. Mollen of Paul Hastings, counsel for unsecured creditors (0.3); conference with Mr. Verrilli regarding coordination (0.2). |
| 9/26/18 | SGB | 6.20 | Draft email correspondence to G. Anders regarding revisions to response brief (.2); revise response brief (6.0). |
| 9/26/18 | RMZ | 0.20 | Research regarding edits to response brief. |
| 9/26/18 | AJ4 | 9.70 | Cite check Brief for Appellee in 1st Circuit Aurelius Appeals. |
| 9/27/18 | CIG | 3.10 | Edit draft response brief (2.4); email with MTO team regarding same (.1); call with Ms. Anders and DOJ attorneys (.6). |
| 9/27/18 | DBV | 3.20 | Edit revised version of brief involving review of proposed edits from other parties. |
| 9/27/18 | GDA | 0.80 | Receive edits from cocounsel on draft brief and coordinate their incorporation (.2); telephone conference with DOJ attorneys and Mr. Golder concerning opening brief and historical research (.6). |
| 9/27/18 | SGB | 8.00 | Revise response brief. |
| 9/28/18 | CIG | 1.30 | Review draft response brief (1.1); emails with MTO team regarding same (.2). |
| 9/28/18 | DBV | 3.70 | Edit revised version of brief. |
| 9/28/18 | GDA | 0.40 | Receive comments from the Board and co-counsel and coordinate their incorporation (.2); assist DOJ in verifying total-debt figures for title III proceedings in connection with opening brief (.2). |
| 9/28/18 | SGB | 4.00 | Revise response brief. |
| 9/28/18 | AJ4 | 0.40 | Revise Brief for Appellee in 1st Circuit Aurelius Appeals. |
| 9/30/18 | DBV | 3.10 | Edit final version of brief. |
| 9/30/18 | SGB | 0.20 | Revise response brief. |
| 9/30/18 | AJ4 | 3.20 | Cite check Brief for Appellees in the First Circuit. |
| | | 222.40 | TOTAL CHARGEABLE HOURS |

Matter Desc:        Constitutional Litigation
MTO Matter #:       28720-00002

| | | |
|---|---|---|
| TOTAL FEES | $ | 184,221.50 |
|    LESS FEE DISCOUNT | | (27,633.23) |
| NET FEES | | 156,588.28 |
| INVOICE TOTAL | $ | 156,588.28 |

## FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Golder, Chad I. | CIG | 9.70 | 825.00 | 8,002.50 |
| Verrilli, Donald B. | DBV | 46.90 | 1,300.00 | 60,970.00 |
| Anders, Ginger D. | GDA | 50.80 | 900.00 | 45,720.00 |
| Boyce, Sarah G. | SGB | 53.40 | 725.00 | 38,715.00 |
| Miller-Ziegler, Rachel G. | RMZ | 44.80 | 580.00 | 25,984.00 |
| Jacobsen, Arn | AJ4 | 13.80 | 350.00 | 4,830.00 |
|    TOTAL | | 222.40 | | 184,221.50 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

November 14, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 581654                                  Tax Identification No. 95-2156481

MTO Matter Number: 28720-00002

For professional services rendered through September 30, 2018 as follows:

| | | |
|---|---|---:|
| TOTAL FEES | $ | 184,221.50 |
| LESS FEE DISCOUNT | | (27,633.23) |
| NET FEES | | 156,588.28 |
| **INVOICE TOTAL** | | **156,588.28** |
| PRIOR BALANCE | | 152,010.01 |
| TOTAL AMOUNT DUE | $ | 308,598.29 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have
any questions, please feel free to contact us via email ~Billing@mto.com**

Wells Fargo Bank, N.A.
420 Montgomery
San Francisco, CA 94104
Account Name:     Munger, Tolles & Olson LLP
Account#:          4199311580
ABA Routing#:      121000248
SWIFT Code:        WFBIUS6S

**Please reference invoice number 581654 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 10/10/17 | 569924 | 172,522.38 | 17,252.24 |
| 10/19/17 | 570253 | 226,865.00 | 22,686.50 |
| 01/22/18 | 573097 | 52,561.93 | 5,256.19 |
| 01/22/18 | 573098 | 22,139.52 | 2,213.95 |
| 01/22/18 | 573099 | 99,865.22 | 9,986.52 |
| 05/31/18 | 573699 | 142,774.31 | 14,277.43 |
| 05/31/18 | 576915 | 19,784.17 | 6,264.78 |
| 05/31/18 | 576916 | 5,945.75 | 5,945.75 |
| 07/12/18 | 578194 | 633.25 | 633.25 |
| 08/15/18 | 579077 | 67,493.40 | 67,493.40 |
| | | | 152,010.01 |

**MUNGER, TOLLES & OLSON LLP**
**350 SOUTH GRAND AVENUE**
**LOS ANGELES, CA 90071-3426**

November 14, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 581662                                                    Tax Identification No. 95-2156481

For professional services rendered through August 31, 2018 as follows:

Constitutional Litigation
MTO Matter Number:  28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 8/02/18 | CIG | 1.00 | Calls with Gibson Dunn counsel, DOJ counsel, and Ms. Anders regarding briefing schedule (.2); meetings and calls with Ms. Anders regarding same (.2); call with Ms. Anders and DOJ counsel regarding same (.3); emails with Gibson Dunn counsel, DOJ counsel, and Ms. Anders regarding same (.1); review draft stipulation in Assured case (.1); conference with Ms. Boyce to discuss appellate jurisdictions (.1). |
| 8/02/18 | GDA | 0.70 | Teleconference with Mr. McGill of Aurelius and Mr. Freeman of Department of Justice concerning appellate briefing schedule (.5); draft email to other parties seeking consent for briefing schedule (.2). |
| 8/02/18 | SGB | 0.20 | Conference with G. Anders and C. Golder to discuss appellate jurisdiction issue. |
| 8/03/18 | CIG | 0.40 | Emails with Ms. Anders regarding same (.2); review draft motion to expedite (.2). |
| 8/03/18 | GDA | 0.60 | Teleconference with Mr. Dellinger concerning briefing strategy (.1); review draft joint motion to expedite appeal (.5). |
| 8/03/18 | SGB | 0.30 | Coordinate filing of notices of appearance. |
| 8/03/18 | AJ4 | 0.80 | Draft file Notices of Appearance in appeal number 18-8014. |
| 8/07/18 | SGB | 0.10 | Coordinate filing of notices of appearance. |
| 8/07/18 | AJ4 | 0.90 | Draft Notices of Appearance in 1st Circuit Appeal 18-1746. |
| 8/08/18 | CIG | 0.10 | Email with Mr. Eppley regarding potential amicus brief. |
| 8/08/18 | RMZ | 0.10 | Emails with counsel from Aurelius regarding appendix. |

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| 8/10/18 | SGB | 0.40 | Coordinate material for joint appendix (.3); draft email correspondence regarding same (.1). |
| 8/10/18 | RMZ | 0.70 | Review Aurelius and Assured record appendix designations and First Circuit rules regarding same (.4); emails with Ms. Anders, Mr. Golder, and Ms. Boyce regarding appendix designations (.3). |
| 8/13/18 | DBV | 1.10 | Organize preparations for appeal briefing. |
| 8/13/18 | GDA | 0.20 | Discuss appellate briefing with Ms. Boyce and Ms. Miller-Ziegler. |
| 8/13/18 | SGB | 0.20 | Conference with G. Anders and R. Miller-Ziegler to discuss response brief. |
| 8/13/18 | RMZ | 0.20 | Conference with Ms. Anders and Ms. Boyce regarding First Circuit brief. |
| 8/15/18 | CIG | 0.10 | Emails with MTO team regarding scheduling order. |
| 8/15/18 | DBV | 3.20 | Analyze key precedents in preparation for appellate briefing (3.0); conference with G. Anders regarding brief (0.2). |
| 8/15/18 | GDA | 0.20 | Discuss appeal scheduling with Mr. Verrilli. |
| 8/16/18 | RMZ | 0.10 | Emails with counsel for Aurelius regarding joint appendix. |
| 8/20/18 | CIG | 0.30 | Email with Ms. Anders regarding stay in PDP case (.1); review PDP complaint (.2). |
| 8/21/18 | CIG | 0.60 | Call with Ms. Anders and DOJ regarding Utier lawsuit (0.3); call with Ms. Anders, Mr. Harris, and Ms. Febus regarding same (0.3). |
| 8/21/18 | GDA | 0.60 | Discuss UTIER appeal scheduling with Mr. Golder, Ms. Febus, and Mr. Harris (.3); discuss appeal logistics with Department of Justice attorneys (.3). |
| 8/22/18 | DBV | 0.20 | Conference with G. Anders regarding scheduling. |
| 8/22/18 | GDA | 0.20 | Teleconference with Mr. Verrilli concerning argument scheduling. |
| 8/23/18 | SGB | 0.30 | Analyze Aurelius's opening brief. |
| 8/23/18 | RMZ | 1.00 | Review Aurelius opening brief. |
| 8/24/18 | DBV | 3.20 | Review and analyze Aurelius opening brief in preparation for drafting and editing response brief. |
| 8/24/18 | RMZ | 0.70 | Draft opening brief. |
| 8/26/18 | DBV | 2.40 | Continue analysis of Aurelius opening brief in preparation for drafting response brief (2.1); conference with W. Dellinger regarding coordination (0.3). |
| 8/26/18 | SGB | 0.60 | Analyze Aurelius's opening brief. |
| 8/27/18 | CIG | 0.70 | Meeting with S. Boyce, G. Anders, and R. Miller-Ziegler regarding CA1 |

Matter Desc:      Constitutional Litigation
MTO Matter #:   28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
| | | | brief (.5); email with Ms. Anders regarding UTIER scheduling (.2). |
| 8/27/18 | DBV | 2.40 | Continue review of Aurelius opening brief in preparation for drafting response brief (2.1); conference with W. Dellinger regarding coordination (0.3). |
| 8/27/18 | GDA | 1.70 | Discuss scheduling and consolidation of Aurelius and UTIER cases with UTIER counsel (.2); discuss UTIER scheduling with DOJ counsel (.2); discuss filing a single brief with Mr. Dellinger, counsel for the Commonwealth of Puerto Rico (.2); review Aurelius's opening brief (.6); meeting with Mr. Golder, Ms. Boyce and Ms. Miller-Ziegler concerning respondent to Aurelius's brief (.5). |
| 8/27/18 | RMZ | 4.10 | Conference with Ms. Anders, Mr. Golder, and Ms. Boyce regarding opening brief (.5); research for opening brief (3.6). |
| 8/28/18 | CIG | 0.30 | Edit draft reply to UTIER's motion to expedite (0.1); conference with Ms. Anders regarding SG issue (0.2). |
| 8/28/18 | GDA | 1.70 | Review UTIER motion to expedite (.3); discuss strategy in light of UTIER motion with DOJ attorneys (.4); discuss response to UTIER motion with Ms. Miller-Ziegler (.2); draft email to Mr. Rifkind and Mr. El Koury concerning UTIER motion and strategy (.2); discuss Deputy SG Wall's negotiations with Aurelius's counsel with Mr. Golder (.2); review draft response to UTIER's motion and comment (.3); correspond with UTIER's counsel concerning response to motion (.1). |
| 8/28/18 | RMZ | 7.10 | Research and draft opening brief (3.6); review UTIER expedition request (.3); conference with Ms. Anders regarding UTIER expedition request and response to same (.2); draft response to UTIER expedition request, including review of district court docket and filings (3.0). |
| 8/28/18 | AJ4 | 0.50 | Prepare Notices of Appearance in the First Circuit for S. Boyce, C. Golder, D. Verrilli, G. Anders, and R. Miller-Ziegler. |
| 8/29/18 | GDA | 1.00 | Teleconference with Deputy SG Wall concerning agreement to global briefing schedule (.2); correspond with Mr. McGill of Gibson Dunn concerning agreement to global briefing schedule (.4); draft email to team explaining negotiations over global briefing schedule (.4). |
| 8/29/18 | RMZ | 10.30 | Revise response to UTIER motion to expedite (.6); research and draft opening brief (9.7). |
| 8/30/18 | CIG | 0.10 | Email with Ms. Anders regarding scheduling issues. |
| 8/30/18 | DBV | 1.60 | Edit joint schedule submission (0.2); review relevant cases cited in Aurelius opening brief (1.4). |
| 8/30/18 | GDA | 0.50 | Draft email to team outlining response to UTIER's motion in light of ongoing negotiations with Aurelius and DOJ (.2); discuss response with Ms. |

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

| DATE | TKPR | TIME | SERVICES |
|------|------|------|----------|
|  |  |  | Miller-Ziegler (.2); correspond with opposing counsel concerning global scheduling agreement (.1). |
| 8/30/18 | SGB | 0.90 | Review email correspondence regarding Popular Democratic Party amicus brief (.1); conference with R. Miller-Ziegler regarding response brief (.6); research First Circuit procedures for opening an appeal (.2). |
| 8/30/18 | RMZ | 9.30 | Review amicus briefs filed by Popular Democratic Party and legislative officials (.8); conference with Ms. Boyce regarding brief and historical precedent (.6); conference with Ms. Anders regarding territorial execution of federal laws (.2); revise response to UTIER motion to expedite, including research regarding motion for revising briefing schedule and call to Clerk's Office regarding same (1.8); research and draft opening brief (5.9). |
| 8/30/18 | AJ4 | 2.20 | Cite check Motion to Expedite. |
| 8/31/18 | CIG | 0.70 | Emails with Ms. Anders regarding scheduling issues (.1); call with Ms. Anders and counsel for UTIER regarding same (.3); meeting with MTO team regarding CA1 brief (.3) |
| 8/31/18 | GDA | 4.30 | Revise joint Board and United States response to UTIER's motion to expedite (1.5); draft procedural update for Mr. El Koury and Mr. Rifkind (.2); draft email seeking consent for consolidation plan from all other parties (.2); negotiate with Aurelius's counsel and the United States concerning filing (.8); negotiate consent to briefing schedule with counsel for AFSCME (.5); discuss draft filing with DOJ counsel (.2); negotiate consent to consolidation plan with Unsecured Creditors Committee and other parties (.6); discuss procedural route to obtaining consolidation with Aurelius's counsel (.3). |
| 8/31/18 | SGB | 1.10 | Conference with R. Miller-Ziegler to discuss response brief (.3); conference with G. Anders, C. Golder, and R. Miller-Ziegler to discuss response brief (.3); draft response brief (.5). |
| 8/31/18 | RMZ | 10.20 | Conference with Ms. Anders, Mr. Golder, and Ms. Boyce regarding territorial courts argument (.3); conference with Ms. Boyce regarding opening brief (.3); draft opening brief (9.6). |
|  |  | 84.40 | TOTAL CHARGEABLE HOURS |

TOTAL FEES                                                        $      62,324.00
    LESS FEE DISCOUNT                                               (9,348.60)

NET FEES                                                                52,975.40

DISBURSEMENTS

Matter Desc:      Constitutional Litigation
MTO Matter #:    28720-00002

Filing/Recording/Registration Fees - Vendor: 1ST CIR CT          231.00
OF APPEALS - BOSTON  - INV-067270 - 07/27/18 -
Application of Admissions - M. DeSanctis

Filing/Recording/Registration Fees - Vendor: 1ST CIR CT          <u>231.00</u>
OF APPEALS - BOSTON  - INV-022672 - 07/27/18 -
Application for Admissions - M. DeSanctis

**TOTAL DISBURSEMENTS**                                                    462.00

**INVOICE TOTAL**                                          <u>$   53,437.40</u>

FEE SUMMARY

| TIMEKEEPER | TKPR | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Golder, Chad I. | CIG | 4.30 | 825.00 | 3,547.50 |
| Verrilli, Donald B. | DBV | 14.10 | 1,300.00 | 18,330.00 |
| Anders, Ginger D. | GDA | 11.70 | 900.00 | 10,530.00 |
| Boyce, Sarah G. | SGB | 4.10 | 725.00 | 2,972.50 |
| Miller-Ziegler, Rachel G. | RMZ | 43.80 | 580.00 | 25,404.00 |
| Jacobsen, Arn | AJ4 | 4.40 | 350.00 | 1,540.00 |
| TOTAL | | 84.40 | | 62,324.00 |

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

November 14, 2018

Jaime El Koury
General Counsel
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan, PR  00919

Invoice Number: 581662                                    Tax Identification No. 95-2156481

MTO Matter Number: 28720-00002

For professional services rendered through August 31, 2018 as follows:

| | | |
|---|---:|---:|
| TOTAL FEES | $ | 62,324.00 |
| LESS FEE DISCOUNT | | (9,348.60) |
| NET FEES | | 52,975.40 |
| TOTAL DISBURSEMENTS | | 462.00 |
| **INVOICE TOTAL** | | **53,437.40** |
| PRIOR BALANCE | | 152,010.01 |
| TOTAL AMOUNT DUE | $ | 205,447.41 |

**PLEASE RETURN THIS COPY WITH YOUR REMITTANCE**

**The following are instructions for electronic payments to Munger, Tolles & Olson LLP. Should you have any questions, please feel free to contact us via email ~Billing@mto.com**

Wells Fargo Bank, N.A.
420 Montgomery
San Francisco, CA 94104

| | |
|---|---|
| Account Name: | Munger, Tolles & Olson LLP |
| Account#: | 4199311580 |
| ABA Routing#: | 121000248 |
| SWIFT Code: | WFBIUS6S |

**Please reference invoice number 581662 or client number 28720 .**

**MUNGER, TOLLES & OLSON LLP**
**P.O. BOX 847424**
**LOS ANGELES, CA 90084-7424**

The following invoices remain unpaid according to our records:

| DATE | INVOICE | AMOUNT | BALANCE |
|------|---------|--------|---------|
| 10/10/17 | 569924 | 172,522.38 | 17,252.24 |
| 10/19/17 | 570253 | 226,865.00 | 22,686.50 |
| 01/22/18 | 573097 | 52,561.93 | 5,256.19 |
| 01/22/18 | 573098 | 22,139.52 | 2,213.95 |
| 01/22/18 | 573099 | 99,865.22 | 9,986.52 |
| 05/31/18 | 573699 | 142,774.31 | 14,277.43 |
| 05/31/18 | 576915 | 19,784.17 | 6,264.78 |
| 05/31/18 | 576916 | 5,945.75 | 5,945.75 |
| 07/12/18 | 578194 | 633.25 | 633.25 |
| 08/15/18 | 579077 | 67,493.40 | 67,493.40 |
| | | | 152,010.01 |