Hearing Date: March 13, 2019 at 9:30 a.m. AST
Objection Deadline: December 6, 2018 (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## SUMMARY COVER SHEET TO THE FOURTH INTERIM APPLICATION OF JENNER & BLOCK LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Retention Date: | June 16, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Period for which compensation and reimbursement is sought: | June 1, 2018–September 30, 2018 |
| Amount of interim compensation sought as actual, reasonable, and necessary: | $1,817,932.76[2] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $108,986.92 |
| Are your fee or expense totals different from the sum of previously served monthly statements? | No |
| Petition Date: | May 3, 2017 |
| Blended rate in this application for all attorneys: | $926 ($787 following 15% fee discount) |
| Blended rate in this application for all timekeepers: | $775 ($659 following 15% fee discount) |

This is an ***interim*** application.

The total time expended for Jenner's fee application preparation for the Interim Fee Period is approximately 20 hours and the corresponding compensation requested is approximately $15,000.

| | |
|---|---|
| Total compensation approved by interim order to date: | $5,974,979.31 |
| Total expenses approved by interim order to date: | $227,316.01 |
| Total compensation paid to date: | $7,753,617.27 |
| Total expenses paid to date: | $336,302.93 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Number of Professionals Included in this Application: | 32 |
| Difference Between Fees Budgeted and Compensation Sought: | $1,222,359.39 less than budget |

---

[2] This total includes $16,302.15 in compensation inadvertently omitted from the Third Interim Application.

Number of Professionals Billing Fewer than
15 Hours to this Case:                          10

Rates Higher than Those Disclosed at              Jenner adjusted its scheduled hourly rates as
Retention:                                        of January 1, 2018.  All time recorded is at
                                                  2018 rates, which are reflected herein

Objection Deadline:                               December 6, 2018 (for parties other than the
                                                  Fee Examiner)

| Name of Professional | Title | Year Admitted | Department | Hourly Billing Rate (2018) | Total Billed Hours (2018) | Total Fees Requested |
|---|---|---|---|---|---|---|
| IAN HEATH GERSHENGORN | Partner | 1993 | Appellate & Supreme Court Practice | $1,150 | 44.00 | $50,600.00 |
| ROBERT D. GORDON | Partner | 1989 | Restructuring & Bankruptcy | $1,100 | 509.60 | $560,560.00 |
| LINDSAY C. HARRISON | Partner | 2003 | Appellate & Supreme Court Practice | $890 | 134.60 | $119,794.00 |
| KERI HOLLEB HOTALING | Partner | 2000 | Complex Commercial Litigation | $850 | 44.40 | $37,740.00 |
| CARTER H. KLEIN | Partner | 1972 | Corporate | $775 | 0.60 | $465.00 |
| RICHARD B. LEVIN | Partner | 1975 | Restructuring & Bankruptcy | $1,300 | 59.90 | $77,870.00 |
| LANDON S. RAIFORD | Partner | 2008 | Restructuring & Bankruptcy | $850 | 211.30 | $179,605.00 |
| MELISSA M. ROOT | Partner | 2003 | Restructuring & Bankruptcy | $890 | 418.70 | $372,643.00 |
| MICHELE L. SLACHETKA | Partner | 2008 | Complex Commercial Litigation | $850 | 0.40 | $340.00 |
| CATHERINE L. STEEGE | Partner | 1982 | Restructuring & Bankruptcy | $1,100 | 145.30 | $159,830.00 |
| WILLIAM K. DREHER | Associate | 2013 | Appellate & Supreme Court Practice | $725 | 85.90 | $62,277.50 |
| SAMUEL JAHANGIR | Associate | 2016 | Litigation | $545 | 14.20 | $7,739.00 |
| NATACHA Y. LAM | Associate | 2014 | Litigation | $605 | 43.80 | $26,499.00 |
| KATHERINE A. ROSOFF | Associate | 2017 | Litigation | $490 | 52.40 | $25,676.00 |
| CARL N. WEDOFF | Associate | 2010 | Restructuring and Bankruptcy | $845 | 187.00 | $158,015.00 |
| WILLIAM A. WILLIAMS | Associate | 2018 | Restructuring & Bankruptcy | $465 | 71.30 | $33,154.50 |
| ALEXIS GABAY | Staff Attorney | N/A | Litigation | $435 | 127.80 | $55,593.00 |
| LAURA E. PELANEK | Staff Attorney | 2004 | Litigation | $475 | 402.70 | $191,282.50 |
| AMANDA E. FACTOR | Paralegal | N/A | Litigation | $340 | 16.10 | $5,474.00 |
| CASEY J. GIOIELLI | Paralegal | N/A | Litigation | $340 | 3.80 | $1,292.00 |
| TOI D. HOOKER | Paralegal | N/A | Restructuring and Bankruptcy | $370 | 98.10 | $36,297.00 |
| MICHAELA E. NOVAKOVIC | Paralegal | N/A | Litigation | $310 | 3.00 | $930.00 |

iii

| | | | | | | |
|---|---|---|---|---|---|---|
| CHERYL L. OLSON | Paralegal | N/A | Litigation | $370 | 14.00 | $5,180.00 |
| TRICIA J. PEAVLER | Library Services | N/A | Information Services | $340 | 0.30 | $102.00 |
| MARY E. RUDDY | Library Services | N/A | Information Services | $340 | 2.30 | $782.00 |
| ASHLEIGH N. HONESTY | Project Assistant | N/A | Litigation | $210 | 1.50 | $315.00 |
| MARC A. PATTERSON | Project Assistant | N/A | Restructuring and Bankruptcy | $220 | 101.80 | $22,396.00 |
| NORA M. PERALTA | Project Assistant | N/A | Restructuring and Bankruptcy | $210 | 0.80 | 168.00 |
| ADAM H. WEIDMAN | Project Assistant | N/A | Litigation | $210 | 1.50 | 315.00 |
| ANNETTE M. YOUNG | Project Assistant | N/A | Litigation | $220 | 7.70 | 1,694.00 |
| ZULAIKHA MASTER | Associate Director of Litigation Support | N/A | Litigation Support | $370 | 3.00 | 1,110.00 |
| JAMES P. WALSH | Administrator | N/A | Information Services | $340 | 1.50 | 510.00 |
| **Sub-Total\*** | | | | | **2809.30** | **2,196,248.50** |
| Less 15% Fee Discount on all matters except the Non-working Travel Matter | | | | | | $301,502.89 |
| Less 50% Discount on Non-working Travel Matter | | | | | | $93,115.00 |
| **Total** | | | | | | **1,801,630.61** |

## FEE EXAMINER'S REQUESTED ATTACHMENTS TO FEE APPLICATIONS

**List of Professionals** – Exhibit E
**Compensation by Project Category** – Exhibit G
**Expense Summary** – Exhibit F
**List of Professionals by Matter** – Exhibit H
**Detailed Time Records** – Exhibit H
**Detailed Expense Records** – Exhibit I; additional detail submitted to the Fee Examiner under separate cover
**Customary and Comparable Disclosures** – Exhibit D
**Budget & Staffing Plan** – Submitted to the Fee Examiner under separate cover

iv

**Hearing Date: March 13, 2019 at 9:30 a.m. AST**
**Objection Deadline: December 6, 2018** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## FOURTH INTERIM APPLICATION OF JENNER & BLOCK LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

To the Honorable United States District Court Judge Laura Taylor Swain:

Jenner & Block, LLP ("**Jenner**"), attorneys for The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III case ("**Title III Case**"), hereby submits this fourth application (the

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

"**Application**") for an award of interim compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from June 1, 2018 through September 30, 2018 (the "**Interim Period**"). Jenner submits this Application pursuant to: sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. §§ 105(a), 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the *Order Authorizing the Employment of Jenner & Block LLP as Attorneys for the Committee of Retired Employees* (the "**Retention Order**") [Dkt. No. 1002]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); the *First Amended Order Pursuant to PROMESA §§ 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* (the "**Amended Fee Examiner Order**") [Dkt. No. 3324]; the *Order on Fee Examiner's Motion to Impose Presumptive*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to this Title III Case pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

2

*Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932]; and

the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**").  In

support of this Application, Jenner submits the Certification of Robert D. Gordon (the "**Gordon**

**Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

## Preliminary Statement

1.      On August 10, 2017, this Court approved the Retiree Committee's employment of

Jenner, effective as of June 16, 2017.  A copy of Jenner's engagement letter is attached hereto as

**Exhibit B**.  The Retiree Committee represents approximately 167,000 retired employees of the

Commonwealth of Puerto Rico ("**Commonwealth**" or "**Puerto Rico**") and various governmental

bodies and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers,

firefighters, judges, municipal clerks, engineers, and other government workers of all categories

(the "**Retirees**").  The Retirees' pensions are underfunded by at least $58 billion.  They are the

largest group of creditors in these title III cases.

2.      During the Interim Period, Jenner performed a variety of legal services that were

necessary and appropriate for the effective advancement of the Retirees' interests in this Title III

Case, including, among other things: meeting and conferring with the Retiree Committee; advising

the Retiree Committee regarding its powers and duties; advising the Retiree Committee regarding

matters pertaining to or likely to affect Retirees' pension, healthcare, and other accrued retirement

benefits; representing the Retiree Committee at court hearings and mediation and negotiation

sessions involving matters pertaining to or likely to affect the benefits of the Retirees; preparing

on behalf of the Retiree Committee motions, applications, orders, and other legal papers; and

advocating for Retirees in adversary proceedings and contested matters.

3.      Jenner's work during the Interim Period was necessary for, and beneficial to, the

Retirees and served to ensure that the Retirees' interests were properly represented and

safeguarded in this Title III Case.  Jenner respectfully requests that the Court award the fees and expenses requested in this Application.

## Jurisdiction

4.      The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

5.      Venue is proper pursuant to PROMESA section 307(a).

6.      Jenner makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

## Background

7.      On May 3, 2017, Puerto Rico, by and through the Financial Oversight and Management Board for Puerto Rico ("**FOMB**"), as Puerto Rico's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

8.      On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

9.      On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

10.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

11.    On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

12.    Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA title III cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015.  [*See* Dkt. Nos. 242, 537, 1417.]

13.    On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nuñez, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, Rosario Pacheco, and José Marin.[6]  [Dkt. No. 340.]

## Jenner's Retention and Fee Request

14.    On June 16, 2017, the Retiree Committee elected to employ Jenner to represent the Retiree Committee.

15.    On July 19, 2017, the Retiree Committee filed its *Application for an Order Approving the Employment of Jenner & Block LLP* [Dkt. No. 670] (the "**Retention Application**") pursuant to sections 105(a) and 1103 of the Bankruptcy Code.[7]

16.    On August 10, 2017, the Court entered the Retention Order approving Jenner's retention as counsel to the Retiree Committee, effective June 16, 2017, on the terms and conditions

---

[6] José Marin resigned from the Retiree Committee effective April 12, 2018.

[7] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 327.  Because PROMESA does not incorporate section 327 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a).  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

identified in the Retention Application.  A copy of the Retention Order is attached hereto as **Exhibit C**.  Pursuant to the Retention Order, Jenner is entitled to compensation for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

17.     On October 6, 2017, the Court entered an Order appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.  [Dkt. No. 1416.]

18.     On June 20, 2018, the Court entered the Amended Fee Examiner Order.

19.     On December 15, 2017, Jenner filed its *First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 Through September 30, 2017* (the "**First Interim Application**") [Dkt. No. 2050], seeking $2,051,975.37 in compensation and $60,916.21 in expenses.  On March 7, 2018, the Court entered an Order approving the First Interim Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $2,030,996.12 in compensation and $60,485.71 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by Jenner.  Jenner has received 100% payment of the fees and expenses approved in the First Interim Order.

20.     On March 19, 2018, Jenner filed its *Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2017 Through January 1, 2018* (the "**Second Interim Application**") [Dkt. No. 2741], seeking $2,054,446.59 in compensation and $100,461.26 in expenses.  On June 8, 2018, the Court entered an Order approving the Second Interim Application (the "**Second Interim Order**") [Dkt. No. 3279] in the amount of $2,004,389.11 in compensation and $97,413.89 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by Jenner.  Jenner has received 100% payment of the fees and expenses approved in the Second Interim Order.

21.     On July 16, 2018, Jenner filed its Third Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2017 through May 31, 2017 (the "**Third Interim Application**") [Dkt. No. 3535], seeking $1,969,909.52 in compensation and $71,940.52 in expenses.  On November 9, 2018, the Court entered an Order approving the Third Interim Application (the "**Third Interim Order**") [Dkt. No. 4200] in the amount of $1,939,594.08 in compensation and $69,416.41 in expenses, reflecting $30,315.44 in fee reductions and $2,524.11 in expense reductions recommended by the Fee Examiner and agreed to by Jenner.

22.     The Third Interim Application inadvertently omitted a request for compensation for 18.60 hours of services Jenner provided in Puerto Rico for the month of April 2018, which totaled $16,302.15 (after 15% fee reduction).  Detailed time records for these services were filed with Third Interim Application. [*See* Dkt. No. 3535-8 at 171−74.]  By this application, Jenner seeks allowance of $16,302.15 in compensation for these services.  As of the date of this Application, Jenner has received $1,951,741.90 in payment of compensation and $69,416.41 of expenses for the Third Interim Period.

23.     Jenner's fees are based upon hours charged, recorded in tenth-of-an-hour increments, at Jenner's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary, out-of-pocket expenses and other charges incurred by Jenner on behalf of the Retiree Committee.  Jenner adjusts its rates annually at the start of each calendar year.  The rates set forth herein are Jenner's 2018 rates.  These rates are consistent with the rates charged to other clients, including outside of bankruptcy.  Jenner has shared its 2018 rates with the Retiree Committee, and the Retiree Committee has approved these rates.  For this matter, Jenner agreed to provide a 15% discount off

of its fee rates in effect at the time the services are rendered, but no discounting of its out-of-pocket expenses and internal charges.

24.     The cover sheet to this Application contains a schedule setting forth all Jenner professionals and paraprofessionals who have performed services on behalf of the Retiree Committee during the Interim Period, the capacity in which each individual is employed by Jenner, the hourly billing rate charged for services performed by each such individual, the aggregate number of hours expended by all such professionals and paraprofessionals, the aggregate fees billed, and, for attorneys, the year in which each professional was first licensed to practice law.

25.     By this Application, Jenner seeks allowance of compensation in the amount of $1,817,932.76 (including $16,302.15 inadvertently omitted from the Third Interim Application) and reimbursement of expenses in the amount of $108,986.92.  As of the date of this Application, Jenner has received of $1,614,486.56 in compensation for services performed and $108,986.92 in reimbursement for expenses incurred during the Interim Period.

26.     This is Jenner's fourth request for interim compensation in this Title III Case.  As set forth in the Gordon Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with this Title III Case.  To the best of Jenner's knowledge and as disclosed in the *Declaration of Robert D. Gordon in Support of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Jenner and Block LLP* [Dkt. No. 670-2], the *First Supplemental Declaration of Robert Gordon in Support of Application for Order Approving the Employment of Jenner & Block LLP* [Dkt. No. 1766], the *Verified Certification of Robert Gordon in Support of the First Interim Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 2050-1], the *Verified Certification of*

8

*Robert Gordon in Support of the Second Interim Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 2741-1], the *Verified Certification of Robert Gordon in Support of the Third Interim Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 3535-1] (together, the "**Gordon Declarations**"), Jenner is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and except as otherwise specified in the Gordon Declarations, Jenner's partners, associates, and special attorneys do not hold or represent any interest adverse to the Retiree Committee.

27.     Jenner might have in the past represented, might currently represent, and likely in the future will represent parties that are parties in interest in these cases in connection with matters unrelated to the Retiree Committee or the Title III Cases.  In the Gordon Declarations, Jenner disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using reasonable efforts.  Jenner will update such disclosures, as appropriate, if Jenner becomes aware of relevant and material new information.

28.     Jenner performed the services for which it is seeking compensation solely on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

29.     Jenner has not received payment or a promise of payment from any source other than the Commonwealth for its services rendered and expenses incurred on behalf of the Retiree Committee or to be rendered or incurred in any capacity whatsoever in connection with the Title III Cases.

30.     Jenner does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

9

**Fees and Expenses Incurred During Interim Period**

**A.     Customary Billing Disclosures**

31.     Jenner's hourly rates are set at a level designed to compensate Jenner fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by Jenner in this Title III Case are equivalent to the hourly rates and corresponding rate structure used by Jenner for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and intense time pressures.

32.     **Exhibit D** to this Application is a summary of blended hourly rates for (i) Jenner professionals (excluding Restructuring and Bankruptcy attorneys) and (ii) blended hourly rates for timekeepers for which Jenner is seeking hourly compensation in this Application, as required by the UST Guidelines.

**B.     Fees Incurred During Interim Period**

33.     In the ordinary course of Jenner's practice, Jenner maintains records of the time spent on the professional services provided to the Retiree Committee.  **Exhibit E** to this Application is a summary of fees incurred and hours worked during the Interim Period for which compensation is sought on an hourly basis in this Application, setting forth the following information:

- the name of each attorney and paraprofessional for whose work compensation is sought;
- each attorney's year of bar admission and area of practice concentration;
- the aggregate time worked and fees billed by each attorney and each paraprofessional during the Interim Period;

10

- the hourly billing rates for each such attorney and paraprofessional at Jenner's applicable billing rates; and

- a calculation of total compensation requested using the rates disclosed in the Jenner Application.

**C.      Expenses Incurred During Interim Period**

34.      In the ordinary course of Jenner's practice, Jenner maintains a record of expenses incurred in rendering professional services to the Retiree Committee and for which reimbursement is sought.  **Exhibit F** to this Application is a summary of the total amount of expenses for which Jenner seeks reimbursement with respect to each category of expenses for the Interim Period.  The out-of-pocket disbursement sum is broken down into categories of charges.

## Summary of Legal Services Provided During the Interim Period

35.      During the Interim Period, Jenner provided important professional services to the Retiree Committee in connection with this Title III Case.  A summary of the various services Jenner provided to the Retiree Committee during the Interim Period is set forth in paragraphs 37 through 61 below.

36.      Jenner has established, in accordance with its internal billing procedures, subject matter categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee.  A schedule setting forth a description of each Matter Category utilized in this case, the number of hours worked by Jenner attorneys and paraprofessionals for each Matter Category, and the aggregate fees associated with each Matter Category is attached as **Exhibit G**. In addition, subject to redaction for attorney-client privilege, work product, and confidentiality where necessary to protect the Retiree Committee, Jenner's records of time worked providing professional services to the Retiree Committee are attached hereto as **Exhibit H**, and Jenner's records of expenses incurred in the rendition of professional services to the Retiree Committee during the Interim Period are attached as **Exhibit I**.

11

37.    The following is a summary, by Matter Category, of the professional services provided by Jenner during the Interim Period.  This summary is organized in accordance with Jenner's internal system of matter numbers.

### Adversary Proceeding – *ACP Master Ltd. v. Commonwealth*

**Total U.S. Hours: 190.30**    **U.S. Fees: $124,932.57**

**Total P.R. Hours: 1.00**    **P.R. Fees: $935.00**

38.    Jenner's recorded time entries in this category reflect (a) reviewing and evaluating materials and filings related to the First Circuit appeal in the *ACP Master Ltd.* adversary proceeding (Adv. Proc. No. 17-189); (b) preparing notices of appearance for participating attorneys; (c) drafting a motion for joinder in an intervention motion; (d) coordinating with the FOMB regarding the bondholders' appeal of the District Court's order; (e) drafting the Retiree Committee's appeal brief to highlight issues unique to retirees; (f) researching and analyzing the legal issues presented in the appeal; and (g) reviewing and analyzing pleadings and court decisions in the adversary proceeding relevant to Retiree Committee constituents. Jenner further states that its separate participation in the GO bondholders' appeal to the District Court was warranted because the arguments advanced by the bondholders in that case directly implicated the interests of retirees.  Both before the District Court and on appeal, Jenner's arguments were complementary to, but distinct from, arguments advanced by the FOMB.  Jenner coordinated with the FOMB to maximize efficiency and minimize duplication of effort.

### Adversary Proceeding – *ERS v. Altair Global Credit Opportunities Fund*

**Total U.S. Hours: 64.40**    **U.S. Fees: $47,510.75**

**Total P.R. Hours: 0.00**    **P.R. Fees: $0.00**

39.    Jenner's recorded time entries in this category reflect (a) reviewing and analyzing Judge Swain's ruling in the *ERS v. Altair* declaratory judgment adversary proceeding (Adv. Proc. No. 17-213); (b) coordinating with the FOMB regarding the bondholders' appeal of that order; (c) drafting the Retiree Committee's opposition to the appeal in that matter; (d) researching and

12

analyzing the legal issues presented in the appeal; and (e) reviewing and analyzing pleadings and court decisions in the adversary proceeding and subsequent appeal relevant to Retiree Committee constituents. Jenner further states that its separate participation in the ERS bondholders' appeal to the District Court was warranted because the relief sought by the ERS bondholders in this adversary proceeding and in the related adversary proceeding brought by the ERS bondholders poses a potentially material threat to the Commonwealth's ability to satisfy its obligations to pensioners. In addition, Jenner's briefing on appeal focused on arguments in addition to those made by the FOMB. Jenner coordinated with the FOMB's counsel to maximize efficiency and minimize duplication of effort.

**Adversary Proceeding – *Altair Global Credit Opportunities Fund v. ERS***
**Total U.S. Hours: 2.40       U.S. Fees: $1,603.10**

**Total P.R. Hours: 0.00       P.R. Fees: $0.00**

40.     Jenner's recorded time entries in this category reflect reviewing and analyzing pleadings and court decisions in the *Altair v. ERS* adversary proceedings (Adv. Proc. Nos. 17-219, 17-220) relevant to Retiree Committee constituents.

**Adversary Proceeding – *UTIER v. Commonwealth***
**Total U.S. Hours: 1.90       U.S. Fees: $1,437.35**

**Total P.R. Hours: 0.00        P.R. Fees: $0.00**

41.     Jenner's recorded time entries in this category reflect (a) reviewing and analyzing pleadings and court decisions in the UTIER adversary proceedings (Adv. Proc. Nos. 17-228, 17-229) relevant to Retiree Committee constituents; and (b) preparing and researching motions to intervene in the omnibus appeal in favor of PROMESA's constitutionality.

**Adversary Proceeding – *Unsecured Creditors Committee v. Whyte***
**Total U.S. Hours: 131.40        U.S. Fees: $122,374.92**

**Total P.R. Hours: 0.50        P.R. Fees: $467.50**

42.     Jenner's recorded time entries in this category regarding the "Commonwealth-COFINA Dispute" reflect (a) reviewing the proposed COFINA settlement and related proposed legislation; (b) drafting briefs regarding a motion to hold the adversary proceeding (Adv. Proc. No. 17-257) in abeyance; (c) reviewing and analyzing briefing from other parties regarding the motion to hold the proceeding in abeyance; (d) communicating with Committee members and other professionals regarding settlement; (e) communicating with counsel to other parties in interest regarding settlement and briefing; (f) drafting briefing for a motion regarding procedures for administering SUT revenues; (g) researching and analyzing the legal issues presented in the adversary proceeding; (h) reviewing and analyzing pleadings and court decisions in the adversary proceeding relevant to Retiree Committee constituents; and (i) reviewing and analyzing public statements regarding the COFINA settlement.

**Adversary Proceeding – *Peaje v. HTA***
**Total U.S. Hours: 3.80        U.S. Fees: $3,137.77**

**Total P.R. Hours: 0.00        P.R. Fees: $0.00**

43.     Jenner's recorded time entries in this category reflect reviewing and analyzing pleadings and court decisions in the *Peaje v. HTA* adversary proceedings (Adv. Proc. Nos. 17-151, 17-152) relevant to Retiree Committee constituents.

**Adversary Proceeding – *Assured Guaranty Corp. v. Commonwealth* and *Ambac v. Commonwealth***
**Total U.S. Hours: 2.20        U.S. Fees: $903.55**

**Total P.R. Hours: 0.00         P.R. Fees: $0.00**

44.     Jenner's recorded time entries in this category reflect reviewing and analyzing pleadings and court decisions in the *Assured* and *Ambac v. Commonwealth* adversary proceedings (Adv. Proc. Nos. 17-155, 17-156, 17-159) relevant to Retiree Committee constituents.

14

**Case Administration/Miscellaneous**
**Total U.S. Hours: 253.80      U.S. Fees: $137,898.52**

**Total P.R. Hours: 0.60          P.R. Fees: $561.00**

45.     Jenner's recorded time entries in this category reflect (a) communicating with Retiree Committee members about developments in the Title III Cases; (b) reviewing and preparing pleadings and court submissions not attributable to another Matter Category; (c) conferring with counsel to other parties in interest and other constituents regarding developments in the Title III Cases; (d) reviewing case developments and litigation activity generally; (e) meeting internally on strategy and other matters; (f) miscellaneous work not attributable to another Matter Category; (g) communicating with the FOMB, AAFAF, the UCC, and other parties-in-interest in the Title III Cases regarding general matters; (h) reviewing legal and political developments that may affect matters in and/or the status of the Title III Cases; and (i) case and project management.  Jenner conducts periodic calls among Jenner professionals and a weekly call among Jenner and the Retiree Committee's other retained professionals to discuss the case status, delegate work, and collaborate on strategy.  These calls are designed to promote efficiency, coordinate the work plan, and eliminate duplication of effort among the Retiree Committee's retained professionals.

**Challenges to PROMESA**
**Total U.S. Hours: 225.60      U.S. Fees: $174,711.97**

**Total P.R. Hours: 0.40          P.R. Fees: $374.00**

46.     Jenner's recorded time entries in this category reflect (a) reviewing and analyzing pleadings and other submissions challenging the constitutionality and implementation of PROMESA; (b) briefing the appeal of PROMESA's constitutionality in the First Circuit; (c) drafting briefing related to intervention in the First Circuit appeal; (d) drafting briefing relating to a scheduling order; and (e) conducting legal research analyzing issues related to PROMESA's

15

constitutionality.  Jenner further states that its separate participation in briefing the issues before

the First Circuit was warranted given the significance of the motion to dismiss the Title III Cases,

and that there was substantial coordination among the FOMB and other parties to ensure that the

appellate briefs were coordinated and substantially non-duplicative. As a result of that

coordination, the Retiree Committee focused particularly on the historical record regarding the

application of the Appointments Clause in the Territories.

**Claims Issues**
**Total U.S. Hours: 2.40          U.S. Fees: $2,005.57**
**Total P.R. Hours: 0.00          P.R. Fees: $0.00**

47.     Jenner's recorded time entries in this category reflect time spent (a) working with

the FOMB to ensure that all bar date materials were clearly communicated to Retirees;

(b) preparing Retiree Committee global proofs of claim and riders for filing in the Title III Cases

of the Commonwealth, ERS, and HTA; and (c) reviewing and evaluating media coverage

regarding the filing of proofs of claim.

**Committee Governance and Meetings**
**Total U.S. Hours: 176.50     U.S. Fees: $145,954.77**
**Total P.R. Hours: 53.10        P.R. Fees: $46,024.95**

48.     Jenner's recorded time entries in this category reflect time spent (a) counseling and

assisting the Retiree Committee in the proper performance of its duties; (b) preparing for,

conducting and participating in all meetings of the Retiree Committee; (c) assisting the Retiree

Committee in preparing agendas and minutes for those meetings; (d) drafting written summaries

of developments in the Title III Cases and the Retiree Committee professionals' work; and

(e) rendering other services related to Committee governance.  For each Committee meeting, the

Jenner and Bennazar attorneys attending the meeting divided up responsibility for presenting to

the Retiree Committee the various agenda items and updates.  Some of the Committee meetings

were conducted by Jenner in-person and some were conducted telephonically, as determined in consultation with the Committee Chairperson.

**Communications with Retirees**
**Total U.S. Hours: 12.7**      **U.S. Fees: $10,178.75**
**Total P.R. Hours: 0.10**      **P.R. Fees: $93.50**

49.    Jenner's recorded time entries in this category reflect (a) working with the Retiree Committee's Information Agent and other professionals to develop and review content for the Retiree Committee website; (b) developing and disseminating answers to frequently asked questions as well as other materials to provide information about the Title III Cases to Retirees through the Retiree Committee website, social media, and other digital properties; (c) monitoring press coverage regarding issues in the Title III Cases affecting Retirees and developing responses to and other information for the media regarding Retiree Committee issues; and (d) communicating to Retirees regarding claims procedures.

**Court Hearings**
**Total U.S. Hours: 12.20**      **U.S. Fees: $9,185.52**
**Total P.R. Hours: 34.00**      **P.R. Fees: $29,911.50**

50.    Jenner's recorded time entries in this category reflect (a) attending and representing the Retiree Committee at Court hearings; (b) preparing for Court hearings, including reviewing pleadings and other submissions considered at or relevant to Court hearings; and (c) drafting informative motions relating to court hearings.

**Economic and Disaster Recovery Analysis**
**Total U.S. Hours: 1.40**      **U.S. Fees: $1,309.00**
**Total P.R. Hours: 0.00**      **P.R. Fees: $0.00**

51.    Jenner's recorded time entries in this category reflect (a) reviewing and analyzing congressional proposals for economic recovery and disaster relief; (b) reviewing and analyzing expert economic analysis of Commonwealth recovery prospects; and (c) reviewing and analyzing

Commonwealth and federal agency recovery initiatives, all as it ultimately relates to the Commonwealth's prospective plan of adjustment.

**Employment of Professionals/Fee Applications (Jenner Professionals)**
**Total U.S. Hours: 64.60      U.S. Fees: $41,394.56**

**Total P.R. Hours: 0.00      P.R. Fees: $0.00**

52.     Jenner's recorded time entries in this category reflect (a) preparing Jenner's Third Interim Application and monthly fee statements and ensuring compliance with UST Guidelines and those of the Fee Examiner; (b) reviewing Jenner's invoices to protect confidentiality and mediation privilege; and (c) communicating with the U.S. Trustee's office and the Fee Examiner and his team.

**Employment of Professionals/Fee Applications (Non-Jenner Professionals)**
**Total U.S. Hours: 138.5      U.S. Fees: $87,700.44**

**Total P.R. Hours: 2.90      P.R. Fees: $2,193.85**

53.     Jenner's recorded time entries in this category reflect (a) assisting the Retiree Committee's financial advisors, actuaries, Information Agent, and Retiree Committee members with their second interim compensation and expense applications and preparing their monthly statements; (b) communicating with the U.S. Trustee's office and the Fee Examiner and his team concerning appropriate compensation procedures for the Retiree Committee's financial advisors, actuaries, Information Agent, and members; (c) reviewing fee statements submitted by other parties in the Title III Cases; (d) generating summary information and communicating with third parties regarding past-due payments and inappropriate tax withholdings on behalf of all Committee professionals; and (e) drafting supplemental briefing for a motion to compel Hacienda's compliance with the Interim Compensation Order; and (f) working with  Hacienda to ensure its compliance with the Interim Compensation Order.

**ERS Bond Issues**
**Total U.S. Hours: 65.30      U.S. Fees: $42,616.02**

**Total P.R. Hours: 2.40      P.R. Fees: $1,815.60**

54.   Jenner's recorded time entries in this category reflect (a) reviewing, analyzing, and responding to ERS bondholders' court filings, including objecting to ERS bondholders' motion for relief from stay; (b) analyzing legal issues with respect to the motion; and (c) preparing for argument.

**Fiscal Plan/Plan of Adjustment**
**Total U.S. Hours: 202.70      U.S. Fees: $153,691.80**

**Total P.R. Hours: 27.20      P.R. Fees: $24,450.25**

55.   Jenner's recorded time entries in this category reflect (a) reviewing and analyzing the various proposed and certified Fiscal Plans and related documents in this Title III Case as applicable during the Interim Period and, as appropriate, in the other Title III Cases; (b) communicating with the Retiree Committee and the Retiree Committee's advisors and actuaries regarding the Fiscal Plans; (c) reviewing and analyzing challenges to the Fiscal Plans, including the motions of the Puerto Rico legislature and Governor objecting to the Commonwealth Budget and Fiscal Plans, and Court rulings regarding the same; (d) communicating and meeting with the Retiree Committee and the Retiree Committee's advisors and actuaries regarding the Fiscal Plans; (e) conducting legal and factual research concerning potential challenges to the revised Fiscal Plans; (f) conducting legal and factual research concerning potential plan of adjustment issues relevant to the Retiree Committee's constituents; and (g) preparing materials and preparing and meeting with the FOMB regarding plan of adjustment issues relevant to the Retiree Committee's constituents.

**GO Bonds Issues**
**Total U.S. Hours: 2.30        U.S. Fees: $1,720.82**
**Total P.R. Hours: 0.00        P.R. Fees: $0.00**

56.      Jenner's recorded time entries in this category reflect (a) reviewing and analyzing general obligation ("**GO**") bond documents; (b) reviewing and analyzing competing bondholder claims and court submissions; (c) conducting legal research regarding priority and clawback disputes; and (d) reviewing updated Rule 2019 statements.

**Healthcare/OPEB Analysis**
**Total U.S. Hours: 3.60        U.S. Fees: $3,366.00**
**Total P.R. Hours: 0.30        P.R. Fees: $280.50**

57.      Jenner's recorded time entries in this category reflect (a) reviewing and analyzing healthcare issues as they apply to Retiree Committee constituents; and (b) consulting with Retiree Committee professionals and advisors regarding healthcare issues affecting Retiree Committee constituents.

**Mediation**
**Total U.S. Hours: 17.30        U.S. Fees: $16,230.75**
**Total P.R. Hours: 0.20        P.R. Fees: $187.00**

58.      Jenner's recorded time entries in this category reflect time spent representing the Retiree Committee in all aspects of the confidential mediation process.  Due to the confidential nature of the mediation, the time entries have been redacted.  Jenner provided unredacted copies of its time to the Fee Examiner subject to the confidentiality protections set forth in paragraph 10 of the Amended Fee Examiner Order.

**Pension Analysis**
**Total U.S. Hours: 36.60        U.S. Fees: $33,261.77**
**Total P.R. Hours: 0.00        P.R. Fees: $0.00**

59.      Jenner's recorded time entries in this category reflect (a) reviewing and analyzing retiree pension plans and proposed modifications to the Retiree Committee's constituents' accrued

benefits; (b) communicating with other parties in interest, including the FOMB and AAFAF, regarding pension treatment; (c) reviewing and analyzing pension analyses prepared by the Retiree Committee's financial advisors and actuaries and third parties; and (d) communicating with the Retiree Committee's financial advisors and actuaries regarding pension treatment.

**PREPA**
**Total U.S. Hours: 17.50        U.S. Fees: $13,925.12**
**Total P.R. Hours: 0.00          P.R. Fees: $0.00**

60.     Jenner's recorded time entries in this category reflect (a) corresponding with the U.S. Trustee's office regarding representation of PREPA retirees; (b) corresponding with counsel for other parties in the Title III Cases regarding PREPA retirees; (c) reviewing and analyzing pleadings and other submissions affecting PREPA and its retirees; and (d) reviewing and analyzing the Revised PREPA Fiscal Plan as it relates to retirees.  This work was done in advance of and/or in conjunction with the hearing to determine whether the Retiree Committee should be deemed to represent the PREPA retiree interests; such work ceased upon the Court's determination not to appoint the Retiree Committee in PREPA's Title III case.

**Rule 2004 Investigation**
**Total U.S. Hours: 859.50        U.S. Fees: $418,140.92**
**Total P.R. Hours: 8.40          P.R. Fees: $6,069.00**

61.     Jenner's recorded time entries in this category reflect (a) reviewing, analyzing, and preparing court documents concerning Rule 2004 discovery relating to bond offerings by Puerto Rico and its instrumentalities; (b) communicating and coordinating with counsel to the FOMB, AAFAF, and the UCC regarding Rule 2004 discovery; (c) communicating with the FOMB's special investigator regarding access to discovery; (d) reviewing and analyzing documents and subpoenas issued by the special investigator; (e) reviewing and analyzing documents produced by interested parties; (f) reviewing and drafting proposed Exit Plan; (g) preparing for a hearing

21

regarding the Exit Plan; (h) reviewing and analyzing issues surrounding the establishment of the

Special Claims Committee; and (i) reviewing and analyzing the Investigator's Report.

**Non-Working Travel Time**
**Total U.S. Hours: 189.30      U.S. Fees: $93,115.00**

**Total P.R. Hours: 0.00          P.R. Fees: $0.00**

62.     This time entry reflects non-working travel time, including out-of-town travel for

court appearances, depositions, Retiree Committee meetings, and mediation sessions.  Pursuant to

Local Rule 2016-1(a), Jenner is seeking compensation at one-half of its normal rate for time spent

traveling in connection with its representation of the Retiree Committee.

### Actual and Necessary Expenses Incurred by Jenner During the Interim Period

63.     As summarized in Exhibit F and as set forth in detail in Exhibit I, Jenner has

incurred a total of $108,986.92 in expenses on behalf of the Retiree Committee during the Interim

Period.  The expenses identified in Exhibit F are intended to reimburse Jenner's direct costs that

are not included in Jenner's hourly billing rates.  Only clients who actually use services of the

types set forth in Exhibit F of this Fee Application are separately charged for such services.

### Jenner's Requested Compensation and Reimbursement Should be Allowed

64.     The services for which Jenner seeks compensation in this Application were, at the

time provided, necessary for and beneficial to the Retiree Committee.  Jenner performed these

services economically, effectively, and efficiently.  Jenner submits that the compensation

requested is reasonable in light of the nature, extent, and value of such services to the Retiree

Committee.  Accordingly, Jenner submits that the compensation sought in this Application is

warranted and should be approved.

**A.     Compensation Under Sections 316 and 317 of PROMESA.**

65.     Section 317 of PROMESA authorizes interim compensation of professionals and

incorporates the substantive standards of section 316 of PROMESA to govern the Court's award

of interim compensation. Section 316 of PROMESA provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered," and "reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a)(1), (2). Section 316(c) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or Title 11.

48 U.S.C. § 2176(c).

66. As analyzed below, Jenner submits the elements governing awards of compensation under PROMESA justify the allowance requested.

**1. The Time and Labor Required**

67. During the Interim Period, Jenner's partners, associates, and paraprofessionals spent 2634.50 hours providing professional services to the Retiree Committee for which Jenner

23

seeks compensation on an hourly basis.  Jenner coordinated its efforts with co-counsel to prevent duplication of efforts and thereby not spend more time than required.  Jenner required this amount of time to conduct its investigations, research and analyze numerous complex, novel issues arising from the Title III Cases, advise the Retiree Committee with respect to these issues, participate in seeking resolution of these issues, and the other tasks described herein.

### 2.      The Rates Charged for Such Services

68.      During the Interim Period, Jenner's hourly billing rates ranged from $775.00 to $1,300.00 per hour for partners, from $465.00 to $845.00 for associates, from $435.00 to $475.00 for staff attorneys, from $310.00 to $370.00 for paraprofessionals, and $210.00 to 220.00 for project assistants.   Based on the recorded hours expended by Jenner's attorneys and paraprofessionals, the average hourly billing rate was $926 for Jenner attorneys and $775 for all Jenner timekeepers prior to application of the 15% fee-rate discount provided by Jenner to the Retiree Committee, and $787 for Jenner attorneys and $659 for all Jenner timekeepers after accounting for the 15% discount.

69.      Jenner's hourly rates are set at a level designed to compensate Jenner fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

70.      The hourly rates and corresponding rate structure that Jenner charges in these cases are equivalent to or less than the hourly rates and corresponding rate structure that Jenner charges for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.

24

### 3. The Necessity of the Services and the Benefit to the Estate's Retirees

71.     As described herein, the services rendered by Jenner were necessary for the effective and efficient resolution of the Retiree Committee's interests in this Title III Case.  All of those services directly benefitted the Retiree Committee and the Retirees.

72.     The Retiree Committee has reviewed the Application and has approved the compensation and reimbursement of expenses requested herein.

### 4. The Reasonableness of the Time Spent, Based on the Complexity, Importance, and Nature of the Issues

73.     Jenner's work involved the representation of the Commonwealth's largest creditor constituency—Puerto Rico's 167,000 retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories.  Jenner's professional services during the Interim Period were necessary to ensure that the interests of the Retirees were properly represented and safeguarded and that all matters relevant to the Retiree Committee were handled in an appropriate manner.  Failure of the FOMB and the Commonwealth to properly consider and protect Retiree interests in this Title III Case will undoubtedly cause the failure of any attempt to successfully reorganize and rehabilitate Puerto Rico and its economy.  Moreover, this Title III Case presents complex and vital issues of first impression.  In light of the foregoing, Jenner submits that the compensation requested is reasonable.

### 5. The Experience, Reputation, and Ability of the Attorneys Providing Services

74.     As set forth in the Retention Application, the Retiree Committee selected Jenner as its counsel because its attorneys have extensive experience, knowledge, and resources in the areas of complex restructuring and bankruptcy, municipal finance, employee benefits and litigation, and Jenner has the ability to commit substantial resources to the representation of the Retiree Committee.  The attorneys representing the Retiree Committee have particular expertise in the

areas of municipal bankruptcies and retiree committee representation.  Jenner attorneys have achieved a high degree of expertise and positive reputations in their respective fields.  Jenner's Restructuring and Litigation departments frequently receive recognition for their skill and achievements, and Jenner is frequently cited as one of the leading U.S. law firms in these fields. In this complex and high-stakes Title III Case, the unique and specialized skills of Jenner's attorneys are critically important.

### 6.    Customary Compensation

75.    The work for which Jenner seeks compensation in this Application is of the type and nature for which Jenner customarily would seek compensation at the rates identified in this Application, even before applying the 15% discount here.  In addition, the compensation Jenner seeks in this Application is comparable to the compensation it would have sought for comparable work outside of the Title III Cases.

76.    Jenner submits that the compensation requested is reasonable under all the factors considered under sections 316 and 317 of PROMESA and that the factors justify allowing in full Jenner's compensation and reimbursement request.

77.    In view of the foregoing, Jenner respectfully requests that it be allowed interim compensation in the amount of $1,801,630.61 for services rendered during the Interim Period and $16,302.15 for services rendered during the Third Interim Period, for total requested compensation of $1,817,932.76.

### B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Retiree Committee.

78.    For the Interim Period, Jenner requests reimbursement of $108,986.92 for reasonable and necessary costs and expenses incurred on behalf of the Retiree Committee.

79.     Jenner's normal billing rates do not take these costs and expenses into consideration.  Rather, Jenner bills each cost and expense to the applicable client.  Because of the disparity between different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in Jenner's ordinary billing rates.  Accordingly, Jenner generally charges each client for such costs and expenses separately, in each case, at Jenner's costs.

80.     Jenner does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

81.     Jenner represents that its rate for duplication for black-and-white copies is $0.11 per page and for color copies the rate is $0.25 per page.  In accordance with the Fee Examiner's guidance, Jenner is seeking reimbursement for black-and-white copies at the rate of $0.10 per page.  Jenner does not charge for telecopier transmissions.

82.     Any services billed by a third-party vendor, with the exception of certain computer-assisted research charges, are charged to the Retiree Committee in the amount billed to and paid by Jenner.  Like many large law firms, Jenner has negotiated a special arrangement with computerized research companies under which Jenner pays a flat rate monthly fee for computerized research services.  Consistent with its general policy of billing out-of-pocket expenses only to clients for which the use of such services is required, Jenner separately charges each client for computer-assisted research.  To account for such charges while passing through Jenner's cost savings resulting from its special arrangements, Jenner charges those clients for which such services are required at a reduced rate that is less than the rate charged by the

computerized research companies to the general public for such services. These charges are intended to cover Jenner's direct costs for computerized research.

83.     Pursuant to Local Rule 2016-1(b)(7), Jenner seeks reimbursement for air travel limited to the amount spent on coach fare.

84.     Jenner has made reasonable efforts to minimize its costs and expenses in connection with its representation of the Retiree Committee. Prior to the submission of its monthly fee statements, Jenner voluntarily reduced its request for reimbursement of expenses by $236.13 in order to comply with the Fee Examiner Memorandum. Each of the costs and expenses Jenner has incurred in providing professional services to the Retiree Committee was necessary, reasonable, and justified under the circumstances to serve the needs of the Retiree Committee.

### Statement by Jenner Under Paragraph C(5) of the UST Guidelines

85.     This engagement involves variations from Jenner's standard and customary billing rates. Jenner has agreed to discount its fee rates, but not out-of-pocket expenses and internal charges, by 15% off its rates in effect at the time the services are rendered.

86.     None of the professionals included in this Application varied their hourly rate based on the geographic location of their cases.

87.     The Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

88.     The Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

89.     The hourly rates specified in the Retention Application were effective January 1, 2017, and increased on January 1, 2018. Jenner's engagement letter with the Retiree Committee provides that Jenner periodically adjusts its scheduled hourly rates, generally at the beginning of a calendar year.

28

90.     Consistent with the UST Guidelines and the Fee Examiner Memorandum, Jenner began submitting budgets to the Fee Examiner for the period beginning January 2018.  Jenner's budgets estimated fees for the Interim Period at $3,023,990.00.  Jenner is requesting compensation of $1,801,630.61 for the Interim Period—$1,222,359.39 less than the amount budgeted.

**Reservation of Rights and Notice**

91.     It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application.  Jenner reserves the right to include such amounts in future fee applications.

92.     Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

**No Prior Request**

93.     No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, Jenner respectfully requests that the Court enter an order: (a) awarding Jenner compensation of $1,801,630.61 for professional and paraprofessional services provided during the Interim Period; (b) compensation $16,302.15 for professional services rendered during the Third Interim Period; (c) reimbursement of actual, reasonable, and necessary expenses incurred in the Interim Period in the amount of $108,986.92; (d) granting such other relief as is appropriate under the circumstances.

Dated: November 16, 2018                    Respectfully submitted,

                                            JENNER & BLOCK LLP

                                            */s/ Robert Gordon*
                                            Robert Gordon (admitted *pro hac vice*)
                                            Richard Levin (admitted *pro hac vice*)
                                            919 Third Ave
                                            New York, NY 10022-3908
                                            rgordon@jenner.com
                                            rlevin@jenner.com
                                            212-891-1600 (telephone)
                                            212-891-1699 (facsimile)

                                            Catherine Steege (admitted *pro hac vice*)
                                            Melissa Root (admitted *pro hac vice*)
                                            353 N. Clark Street
                                            Chicago, IL 60654
                                            csteege@jenner.com
                                            mroot@jenner.com
                                            312-222-9350 (telephone)
                                            312-239-5199 (facsimile)

                                            *Counsel for The Official Committee of Retired Employees of Puerto Rico*