**Estimated Hearing Date**: March 13, 2019 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: December 7, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

# SUMMARY SHEET TO
# FOURTH INTERIM FEE APPLICATION OF PROSKAUER
# ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
# AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
# THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
# RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
# <u>PUERTO RICO, FOR THE PERIOD JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## Schedule 1

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Period for Which Compensation is Sought: | June 1, 2018 through September 30, 2018 (the "Compensation Period") |
| Amount of Fees Sought: | $8,001,864.20 |
| Amount of Expense Reimbursement Sought: | $228,540.36 |
| Total Fees and Expenses Sought for Compensation Period: | $8,230,404.56 |

This is a(n)   ____ Monthly   _X_ Interim __ Final Fee Application

This is the fourth interim fee application filed by Proskauer in the Debtor's Title III case.  The total
time expended in connection with the preparation of this interim application is not included herein,
as additional time was expended after the Compensation Period.

**Fourth Interim Compensation Period**
**June 1, 2018– September 30, 2018**

| Statement and Date Served | Period Covered | Total Fees Incurred | Total Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Fourteenth** 7/20/18 | 6/1/18 to 6/30/18 | $1,886,506.40 | $1,697,855.76 | $49,972.71 | $1,697,855.76 | $49,972.71 |
| **Fourteenth (Puerto Rico)** 7/20/18 | 6/1/18 to 6/30/18 | $72,408.60 | $65,167.74 | $0.00 | $65,167.74 | $0.00 |
| **Fifteenth** 9/4/18 | 7/1/18 to 7/31/18 | $2,638,930.60 | $2,375,037.54 | $104,164.61 | $2,375,037.54 | $104,164.61 |
| **Fifteenth (Puerto Rico)** 9/4/18 | 7/1/18 to 7/31/18 | $115,595.70 | $104,036.13 | $0.00 | $104,036.13 | $0.00 |
| **Sixteenth** 9/24/18 | 8/1/18 to 8/31/18 | $1,519,176.90 | $1,367,259.21 | $38,209.23 | $1,367,259.21 | $38,209.23 |
| **Seventeenth** 10/4/18 | 9/1/18 to 9/30/18 | $1,694,788.10 | $1,525,309.29 | $36,193.81 | $1,525,309.29 | $36,193.81 |
| **Seventeenth (Puerto Rico)** 10/4/18 | 9/1/18 to 9/30/18 | $74,457.90 | $67,012.11 | $0.00 | $67,012.11 | $0.00 |
| | **Totals:** | **$8,001,864.20** | **$7,201,677.78** | **$228,540.36** | **$7,201,677.78** | **$228,540.36** |

3

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys | $759.00[2] |
| Blended Rate in This Application for All Timekeepers | $659.91 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $7,201,677.78 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed | $228,540.36 |
| Number of Professionals Included in this Application[3] | 97 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client[4] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period | 32 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  As explained in the Second Interim Application (as defined below), rates increased in accordance with Proskauer's engagement letter on January 1, 2018.  Rates have not increased during the Compensation Period. |

---

[2]  This rate excludes non-attorneys (*e.g.*, paralegals).

[3]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[4]  As noted in the budget Staffing Plan, the number of timekeepers expected to work on the matter during the Compensation Period was 99, and thus the actual number of timekeepers was 2 fewer than anticipated.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period June 1, 2018 through September 30, 2018**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Ashton, Ann M. | Litigation – 1980 | $759 | 249.30 | $189,218.70 |
| Barak, Ehud | BSGR&B[6] – 2010 | $759 | 460.80 | $349,747.20 |
| Bienenstock, Martin J. | BSGR&B  – 1978 | $759 | 415.10 | $315,060.90 |
| Brenner, Guy | Labor & Employment – 2002 | $759 | 136.10 | $103,299.90 |
| Corn, Richard M. | Tax - 2005 | $759 | 18.20 | $13,813.80 |
| Dale, Margaret A. | Litigation – 1990 | $759 | 244.10 | $185,271.90 |
| Faust, Scott A. | Labor & Employment – 1985 | $759 | 1.80 | $1,366.20 |
| Febus, Chantel L. | Litigation – 2003 | $759 | 244.40 | $185,499.60 |
| Ferrara, Ralph C. | Litigation – 1970 | $759 | 221.50 | $168,118.50 |
| Firestein, Michael A. | Litigation – 1983 | $759 | 182.80 | $138,745.20 |
| Gerkis, James P. | Corporate – 1984 | $759 | 46.90 | $35,597.10 |

---

[5] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://oversightboard.pr.gov/documents/) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.  Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and another, lower blended rate (currently $260) for all paraprofessionals, no annual step increases will be applicable to the rates charged in this matter.  As detailed in the Second Interim Application, Proskauer's rates under the Engagement Letter increased from $730 per hour for attorneys and $250 per hour for paraprofessionals to $759 per hour for attorneys and $260 per hour for paraprofessionals on January 1, 2018, during the second interim compensation period. Rates have not increased during this Compensation Period.

[6] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Hamburger, Paul M. | Labor & Employment – 1985 | $759 | 15.10 | $11,460.90 |
| Hamilton, Martin T. | Tax – 2004 | $759 | 1.70 | $1,290.30 |
| Harris, Mark | Litigation – 1992 | $759 | 32.00 | $24,288.00 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $759 | 187.00 | $141,933.00 |
| Martinez, Carlos E. | Corporate – 1988 | $759 | 7.20 | $5,464.80 |
| Mashberg, Gregg M. | Litigation – 1978 | $759 | 140.00 | $106,260.00 |
| Mungovan, Timothy W. | Litigation – 1994 | $759 | 486.90 | $369,557.10 |
| Perra, Kevin J. | Litigation – 1995 | $759 | 254.40 | $193,089.60 |
| Possinger, Paul V. | BSGR&B – 1993 | $759 | 388.70 | $295,023.30 |
| Rappaport, Lary Alan | Litigation – 1979 | $759 | 111.50 | $84,628.50 |
| Ratner, Stephen L. | Litigation – 1975 | $759 | 283.50 | $215,176.50 |
| Rattner, Andrea S. | Tax - 1987 | $759 | 8.50 | $6,451.50 |
| Richman, Jonathan E. | Litigation – 1984 | $759 | 279.70 | $212,292.30 |
| Rosen, Brian S. | BSGR&B – 1983 | $759 | 388.10 | $294,567.90 |
| Snell, Dietrich L. | Litigation – 1983 | $759 | 5.40 | $4,098.60 |
| Triggs, Matthew | Litigation – 1990 | $759 | 1.40 | $1,062.60 |
| Vermal, Ana | Litigation – 2001 | $759 | 28.10 | $21,327.90 |
| **Total for Partners:** | | | **4,840.20** | **$3,673,711.80** |
| *SENIOR COUNSEL* | | | | |
| Forman, Daniel L. | Corporate - 2009 | $759 | 46.20 | $35,065.80 |
| Galler, Jonathan A. | Litigation –2004 | $759 | 9.20 | $6,982.80 |
| Leader, Jordan B. | Litigation – 2000 | $759 | 0.30 | $227.70 |
| Mittman, Jeremy M. | Labor & Employment – 2004 | $759 | 13.90 | $10,550.10 |
| **Total for Senior Counsel:** | | | **69.60** | **$52,826.40** |
| | | | | |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| **ASSOCIATES** | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $759 | 290.50 | $220,489.50 |
| Bargoot, Alexandra V. | Litigation – 2016 | $759 | 198.10 | $150,357.90 |
| Bowman, Courtney M. | Litigation – 2013 | $759 | 26.80 | $20,341.20 |
| Chalett, Zachary | Litigation  – 2017 | $759 | 467.20 | $354,604.80 |
| Clark, Brandon C. | Litigation – 2014 | $759 | 94.20 | $71,497.80 |
| Dalsen, William D. | Litigation – 2011 | $759 | 86.80 | $65,881.20 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $759 | 391.60 | $297,224.40 |
| DiGrande, Melissa | Litigation– 2017 | $759 | 0.60 | $455.40 |
| Esses, Joshua A. | Corporate  – 2017 | $759 | 166.40 | $126,297.60 |
| Fier, Seth D. | Litigation – 2006 | $759 | 43.30 | $32,864.70 |
| Fiur, Seth | Litigation – 2014 | $759 | 11.20 | $8,500.80 |
| Friedman, Amelia | Litigation – 2013 | $759 | 14.30 | $10,853.70 |
| Hayes, Christopher M. | BSGR&B – 2013 | $759 | 38.70 | $29,373.30 |
| Huffman, James R. | Tax – 2017 | $759 | 1.90 | $1,442.10 |
| Kim, Mee R. | Litigation – 2016 | $759 | 392.60 | $297,983.40 |
| Kurland, Zachary R. | Corporate  – 2009 | $759 | 3.30 | $2,504.70 |
| Ma, Steve | BSGR&B – 2014 | $759 | 308.70 | $234,303.30 |
| Minoru, Ruthanne | Tax – 2017 | $759 | 10.20 | $7,741.80 |
| Morris, Matthew J. | Litigation – 2000 | $759 | 245.40 | $186,258.60 |
| Nasser, Sarah M. | Corporate  – 2017 | $759 | 16.50 | $12,523.50 |
| Pellegrino, Nicholas | Corporate  – 2017 | $759 | 75.00 | $56,925.00 |
| Roberts, John E. | Litigation – 2009 | $759 | 30.20 | $22,921.80 |
| Roche, Jennifer L. | Litigation – 2007 | $759 | 44.20 | $33,547.80 |
| Rochman, Matthew I. | Litigation – 2010 | $759 | 29.10 | $22,086.90 |
| Simon, David V. | Corporate  – 2016 | $759 | 20.80 | $15,787.20 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Skellet, Alexandra K. | Litigation – 2003 | $759 | 226.60 | $171,989.40 |
| Stafford, Laura | Litigation – 2012 | $759 | 445.00 | $337,755.00 |
| Stevens, Elliot R. | BSGR&B  – 2018 | $759 | 282.70 | $214,569.30 |
| Teng, Pengtao | Corporate  – 2017 | $759 | 3.70 | $2,808.30 |
| Theodoridis, Chris | BSGR&B – 2011 | $759 | 191.60 | $145,424.40 |
| Webb, Jeramy D. | BSGR&B – 2015 | $759 | 81.70 | $62,010.30 |
| Wolf, Lucy | Litigation – 2017 | $759 | 182.60 | $138,593.40 |
| Wolkinson, Rachel O. | Litigation – 2006 | $759 | 2.60 | $1,973.40 |
| Zajac, Jared | BSGR&B – 2009 | $759 | 28.40 | $21,555.60 |
| Zerjal, Maja | BSGR&B – 2012 | $759 | 355.50 | $269,824.50 |
| **Total for Associates:** | | | **4,808.00** | **$3,649,272.00** |
| *LAW CLERKS* | | | | |
| Carino, Elisa | Litigation Law Clerk – N/A | $260 | 241.70 | $62,842.00 |
| Mazurek, Carl | Litigation Law Clerk – N/A | $260 | 118.30 | $30,758.00 |
| **Total for Law Clerks:** | | | **360.00** | **$93,600.00** |
| *PARAPROFESSIONALS* | | | | |
| Antoon, Isaac L. | Professional Resources – N/A | $260 | 1.70 | $442.00 |
| Birnbaum, Esther N. | Professional Resources – N/A | $260 | 3.20 | $832.00 |
| Chernus, Eric R. | Professional Resources – N/A | $260 | 12.20 | $3,172.00 |
| Cooper, David C. | Corporate Paralegal – N/A | $260 | 144.80 | $37,648.00 |
| Cupplo, Sherri | Professional Resources – N/A | $260 | 0.50 | $130.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Geary, Laura M. | Litigation Paralegal – N/A | $260 | 160.20 | $41,652.00 |
| Giarrusso, Paul V. | Professional Resources – N/A | $260 | 0.60 | $156.00 |
| Giddens, Magali | BSGR&B Paralegal – N/A | $260 | 232.30 | $60,398.00 |
| Golinder, Olia A. | Litigation Paralegal – N/A | $260 | 13.80 | $3,588.00 |
| Healy, Allen F. | Professional Resources – N/A | $260 | 1.00 | $260.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $260 | 2.80 | $728.00 |
| Hernandez, Jesus | Professional Resources – N/A | $260 | 0.20 | $52.00 |
| Ike, Yvonne O. | Professional Resources – N/A | $260 | 9.90 | $2,574.00 |
| Klock, Joseph | Professional Resources – N/A | $260 | 0.70 | $182.00 |
| Lavine, Judy | Professional Resources – N/A | $260 | 2.20 | $572.00 |
| Lopez, Anthony | Professional Resources – N/A | $260 | 0.50 | $130.00 |
| Miller, Tiffany | Labor & Employment | $260 | 218.60 | $56,836.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $260 | 307.80 | $80,028.00 |
| Peterson, Cathleen P. | Professional Resources – N/A | $260 | 3.00 | $780.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $260 | 51.20 | $13,312.00 |
| Sherman, Tayler M. | Litigation Paralegal – N/A | $260 | 87.70 | $22,802.00 |
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $260 | 367.80 | $95,628.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[5] | TOTAL HOURS BILLED (in this application) | FEES BILLED |
|---|---|---|---|---|
| Tarrant, Christopher M. | BSGR&B Paralegal – N/A | $260 | 195.90 | $50,934.00 |
| Urias, Gabriela A. | Litigation Paralegal – N/A | $260 | 14.50 | $3,770.00 |
| Winkelspecht, Michael J. | Professional Resources – N/A | $260 | 41.00 | $10,660.00 |
| Wizner, Eamon | Litigation Paralegal – N/A | $260 | 41.90 | $10,894.00 |
| Wolf, Joseph P. | Litigation Paralegal – N/A | $260 | 112.30 | $29,198.00 |
| Yang, Meesun | Professional Resources – N/A | $260 | 19.60 | $5,096.00 |
| **Totals for Paraprofessionals:** | | | **2,047.90** | **$532,454.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks, and Paraprofessional Totals:** | **12,125.70** | **$8,001,864.20** |

10

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period June 1, 2018 through September 30, 2018**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 604.70 | $458,119.00 |
| 202 | Legal Research | 375.50 | $251,721.20 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 279.80 | $195,901.20 |
| 204 | Communications with Claimholders | 444.90 | $337,230.00 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 155.50 | $118,024.50 |
| 206 | Documents Filed on Behalf of the Board | 3,096.50 | $2,322,449.20 |
| 207 | Non-Board Court Filings | 472.40 | $354,609.50 |
| 208 | Stay Matters | 674.60 | $496,253.00 |
| 209 | Adversary Proceeding | 55.20 | $41,198.20 |
| 210 | Analysis and Strategy | 1,987.00 | $1,382,235.30 |
| 211 | Non-Working Travel Time | 117.10 | $88,878.90 |
| 212 | General Administration | 1,674.60 | $454,906.90 |
| 213 | Labor, Pension Matters | 180.90 | $132,462.80 |
| 214 | Legal/Regulatory Matters | 18.10 | $13,488.40 |
| 215 | Plan of Adjustment and Disclosure Statement | 803.90 | $577,974.60 |
| 216 | Confirmation | 171.40 | $128,645.50 |
| 217 | Tax | 18.10 | $13,737.90 |
| 218 | Employment and Fee Applications | 399.20 | $210,378.40 |
| 219 | Appeal | 593.90 | $421,828.10 |

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 220 | Fee Applications for Other Parties | 2.40 | $1,821.60 |
| | **Total for All Project Categories:** | **12,125.70** | **$8,001,864.20** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period June 1, 2018 through September 30, 2018**

| EXPENSE CATEGORY | AMOUNTS |
|---|---:|
| Airplane | $19,469.42 |
| Dinner Voucher/SWeb | $2,345.75 |
| Filing and Court Costs | $250.00 |
| Food Service/Conf. Dining | $8,247.25 |
| Lexis/ Westlaw | $114,101.00 |
| Litigation Support/Docketing | $8,445.62 |
| Local Meals | $188.31 |
| Lodging | $11,273.43 |
| Messenger/Delivery | $1,017.96 |
| Other Database Research | $462.40 |
| Out of Town Meals | $996.92 |
| Out of Town Transportation | $1,863.07 |
| Outside Reproduction | $297.00 |
| Practice Support Vendors | $36,382.60 |
| Printing, Binding, etc. | $2,802.60 |
| Reproduction | $13,193.10 |
| Taxi, Carfare, Mileage and Parking | $1,773.62 |
| Taxicab/Car Service | $1,178.53 |
| Telephone | $2,211.18 |
| Transcripts & Depositions | $2,040.60 |
| **Total:** | **$228,540.36** |

13

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>**In this fee application[7]** |
| Partners | $1,153 | $759 |
| Senior Counsel | $978 | $759 |
| Associates (7 or more years since first admission) | $879 | $759 |
| Associates (4-6 years since first admission) | $824 | $759 |
| Associates (1-3 years since first admission) | $685 | $759 |
| Law Clerks | $545 | $260 |
| Paraprofessionals | $301 | $260 |
| Other | $472 | $260 |
| **All Timekeepers Aggregated:** | **$854** | **$660** |

---

[7]   As explained in more detail herein and in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, and (b) as of January 1, 2018, partners, counsel, and associates are billed at $759 per hour, and all other staff are billed at $260 per hour.

Estimated Hearing Date: March 13, 2019 at 9:30 a.m. (Atlantic Standard Time)
Objection Deadline: December 7, 2018 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

Case No. 17 BK 3283-LTS

(Jointly Administered)

# FOURTH INTERIM FEE APPLICATION OF PROSKAUER
# ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED
# AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR
# THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
# RICO, AS REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
# PUERTO RICO, FOR THE PERIOD JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board") as representative of the Commonwealth of Puerto

Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this fourth interim

application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 3269] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing June 1, 2018 through and including September 30, 2018 (the "Compensation Period") in the amount of **$8,001,864.20**, $7,739,402.00 of which represents fees earned outside of Puerto Rico and $262,462.20 of which represents fees earned in Puerto Rico; and (b) reimbursement of its actual and necessary expenses in the amount of **$228,540.36** incurred during the Compensation Period. In support of the Application, Proskauer respectfully avers as follows:

### Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case pursuant to PROMESA section 310.

**Background**

4.     On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

5.     Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.     On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.     On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.     Background information regarding the Debtor and its instrumentalities, and the commencement of the Debtor's Title III Case, is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [ECF No. 1], attached to the Commonwealth's Title III petition.

3

10.     On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

11.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

12.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

13.     On July 20, 2018, Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its fourteenth monthly fee statement for the period June 1, 2018 through June 30, 2018.  On September 4, 2018, Proskauer served on the Notice Parties its fifteenth monthly fee statement for the period July 1, 2018 through July 31, 2018.  On September 24, 2018, Proskauer served on the Notice Parties its sixteenth monthly fee statement for the period August 1, 2018 through August 31, 2018.  On October 4, 2018, Proskauer served on the Notice Parties its seventeenth monthly fee statement for the period September 1, 2018 through September 30, 2018.

14.    In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$7,430,218.14** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$7,430,218.14** with respect to fee statements filed during the Compensation Period.

## Summary of Services Rendered by Proskauer During the Compensation Period

15.    This Application is Proskauer's fourth for interim compensation in the Debtor's Title III Case.  Proskauer has continued its representation of the Oversight Board to carry out its statutory missions of restoring fiscal responsibility and reacquiring market access.  This has involved legal representation and advocacy on multiple fronts, including without limitation, (a) defending the Oversight Board (for itself or as representative of a Title III debtor) in over seventy lawsuits brought mostly by creditors, but also by the government or legislature in two instances, (b) formulating confirmable debt restructurings, (c) negotiating resolutions of debt and other issues, and (d) counselling the Oversight Board on the carrying out of its duties to restructure debt and spearhead economic growth.  The Compensation Period (which ended September 30, 2018) continued and manifested significant progress achieved during the first, second, and third interim compensation periods.  In the first interim period, Proskauer transitioned the Commonwealth and certain of its instrumentalities to Title III, and, among other things, proposed and negotiated a mechanism to resolve the Commonwealth-COFINA dispute over which entity owns billions of dollars of sales and use tax revenues, and successfully defended against attempts by creditors to (a) seize the toll revenues HTA needed to maintain the Commonwealth's transportation system and (b) seize PREPA and its revenues by putting PREPA in the hands of a receiver.  In the second interim period, in the face of the devastation wrought by Hurricanes Irma and Maria, Proskauer worked

5

with the Oversight Board's officers and other professionals to assess the situation, take actions to ensure the provision of basic services, and reformulate restructuring initiatives to reflect the changing economic landscape. Proskauer also successfully defended against numerous creditor efforts to enjoin the Oversight Board from proceeding toward a plan of adjustment based on the certified fiscal plan and to seize many revenue streams. In the third interim period, Proskauer secured emergency authorization for the Commonwealth to lend $300 million to PREPA on a superpriority basis, despite significant opposition by creditor groups, and continued its leading role in assisting the Oversight Board with the development, certification, and defense of revised fiscal plans that provide the blueprint for Puerto Rico's future prosperity and fiscal responsibility. Proskauer also successfully defended against numerous creditor efforts to delay or frustrate the debtors' restructurings during these periods.

16. In this Compensation Period, Proskauer built on these important achievements and initiated restructuring negotiations, some of which have already shown substantial progress. Proskauer took the Commonwealth-COFINA settlement that emerged from the mechanism the Oversight Board proposed at the outset of the Commonwealth Title III case, and, through negotiations, transformed it into a consensual Title III plan of adjustment for COFINA. Without finalizing the Commonwealth-COFINA dispute there was no way of knowing what revenues the Commonwealth would have for its fiscal plans, budgets, and plan of adjustment. Likewise, Proskauer represented the Oversight Board as the Administrative Supervisor in the Title VI qualifying modification resolving debt of the Government Development Bank for Puerto Rico ("GDB"). Simultaneously, Proskauer has represented the Oversight Board in negotiations seeking to restructure a major portion of PREPA's debt. COFINA and GDB alone account for over $20 billion of the $74 billion of bond debt in need of restructuring. PREPA accounts for over $9 billion

more.  Thus, substantial progress is being made.  Additionally, Proskauer vigorously protected the Oversight Board's fiscal plan and budgetary powers, as well as the certified fiscal plan and budget themselves, in adversary proceedings commenced by the Governor and Legislature challenging the Oversight Board's authority.  Proskauer also drafted appellate briefs and presented oral arguments before the First Circuit defending orders in this Court and protecting HTA and PREPA from creditor attempts to seize their revenues, and worked with several of the Title III Debtors and their related advisors in opposing a multitude of motions seeking to terminate the automatic stay.

17.    Proskauer's notable undertakings during this Compensation Period, in furtherance of the Oversight Board's mandate to return fiscal responsibility and access to capital markets to Puerto Rico include, among others:

- <u>Commonwealth-COFINA Dispute Resolution</u>.    During the Compensation Period, Proskauer furthered the Oversight Board's important role in driving a resolution to the Commonwealth-COFINA dispute.  Since before even the commencement of the Title III cases, the dispute centered on whether the Commonwealth or COFINA owns the disputed pledged sales tax revenue.  The dispute has been an overarching and gating issue, the resolution of which is one of the keys to Puerto Rico's overall restructuring.  During the Compensation Period, Proskauer devoted a large amount of resources and hours to settling the dispute, including researching, formulating and drafting pleadings that will resolve the dispute once and for all.  These pleadings included (*i*) a Rule 9019 settlement motion between the Commonwealth and COFINA (the "<u>Settlement Motion</u>"); (*ii*) a disclosure statement for COFINA; (*iii*) a plan of adjustment for COFINA; and (*iv*) a motion to approve the disclosure statement.  The Settlement Motion and the consensual resolution to the dispute it embodies are the culmination of over a year of negotiations and litigation relating to the Commonwealth-COFINA dispute.   They form a key milestone in the Debtor's Title III Case and in the overall economic recovery of the island.

- <u>Certification and Defense of Fiscal Plans and Budgets</u>.  Proskauer played an instrumental and substantive role in the development and defense of new and revised fiscal plans and budgets for the Commonwealth and its instrumentalities, recertified to account for ongoing economic and fiscal developments in Puerto Rico.  While the Oversight Board worked closely with the Commonwealth in trying to certify plans and budgets submitted by the Puerto Rican government, it ultimately rejected the fiscal plans and budgets proposed by the Governor as noncompliant with PROMESA and developed and certified several of its own fiscal plans and budgets.  Proskauer assisted the Oversight Board in this regard, working with the Oversight Board's financial advisors to rigorously analyze data, assess the economic and structural impact of proposed fiscal plans, and ultimately

assist the Oversight Board in drafting and certifying fiscal plans and budgets that will help achieve PROMESA's purpose of instilling fiscal responsibility and restoring the island's access to capital markets. When the Governor and the Legislature challenged the Oversight Board's certified Commonwealth fiscal plan by commencing adversary proceedings, Proskauer worked on a very short deadline to research and draft responses to these complaints. The Court adopted many of the positions Proskauer presented in its briefs and dismissed the majority of the counts in the Governor's case and the entirety of the Legislature's complaint. Proskauer's successes in these cases will be instrumental in ensuring the Oversight Board has the authority it needs to fulfill its statutory mandate to restore economic growth to the island of Puerto Rico.

- <u>Defense of GDB Restructuring</u>. For decades, the Government Development Bank for Puerto Rico ("<u>GDB</u>") provided the Commonwealth and its instrumentalities with billions of dollars in financial support during periods of economic distress. Proskauer assisted the Oversight Board, in its capacity as Administrative Supervisor, in overseeing the consensual modification of GDB's bonded debt pursuant to PROMESA Title VI. While the Title VI case was awaiting approval, the Official Committee of Unsecured Creditors (the "<u>UCC</u>") commenced a multi-front assault on the GDB restructuring, initiating no less than five separate actions to halt the process and stop the modification of GDB's debt. Proskauer expended significant effort opposing the UCC's challenges to GDB's restructuring. Proskauer's defense of the UCC's derivative standing motion was of particular importance. The UCC sought to usurp the Oversight Board's role as the sole representative of the Commonwealth and to assert the purported rights of the Commonwealth against GDB. The UCC's actions were resolved by a stipulation that increased the Commonwealth's recoveries from the GDB Title VI case while at the same time resulting in the UCC's various actions being withdrawn with prejudice.

- <u>UCC's Rule 2004 Motion</u>. Proskauer continued its defense against the renewed motion by the UCC seeking to undertake an expansive discovery program pursuant to Rule 2004. Following Judge Dein's order affirming the Oversight Board's position that a wholesale production of documents relating to the development of fiscal plans was unwarranted and would be counterproductive, the Oversight Board's independent investigator released its comprehensive report pursuant to PROMESA section 104(o). During the Compensation Period, Proskauer worked with the various interested stakeholders in an attempt to resolve the pending issues related to this massive discovery process.

18.     In addition to the above, one of Proskauer's primary roles has been the defense of the Title III debtors' interests in numerous, multi-billion-dollar adversary proceedings and contested matters brought by various bondholders and monoline insurers. Such matters seek, among other things, to enjoin the Oversight Board from (*i*) enforcing fiscal plans and budgets, (*ii*) consummating a Title VI restructuring, and (*iii*) proposing a plan of adjustment consistent with the Commonwealth's certified fiscal plan. Other matters also seek to compel turnovers of billions

8

of dollars of revenues critical to the Commonwealth's viability and the provision of public services

on the island in the wake of the hurricanes. Proskauer has defended against these challenges and

raised numerous legal issues, many of first impression, involving, among other things, creditor

challenges to the constitutionality of various PROMESA provisions, the correct interpretation of

various sections of PROMESA and the Bankruptcy Code, and the validity of certain creditors'

asserted liens. The following is a summary of major litigation matters. Proskauer served as lead

counsel for the Title III debtors in the following cases:

- Rosello Nevares v. The Financial Oversight and Management Board for Puerto Rico, Adv. Proc. No. 18-00080: On July 5, 2018, plaintiffs, the Hon. Ricardo Antonio Rosselló Nevares, in his official capacity as the Governor of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Advisory Authority ("AAFAF"), filed a complaint (the "Rosselló Complaint") against the Oversight Board seeking declarations that the Oversight Board lacks the authority to impose policy initiatives on the Government through certified fiscal plans and/or budgets as well as an injunction against the Oversight Board prohibiting them from implementing and enforcing policy recommendations contained in a certified fiscal plan or budget. This action threatened to substantially curtail the Oversight Board's authority under PROMESA and significantly jeopardize the restructuring of Puerto Rico and the island's economic and fiscal future.

  On July 7, 2018, the Court entered an order drastically shortening the period the Oversight Board had to respond to the Rosselló Complaint, giving Proskauer only seven (7) days to file an answer or dispositive motion (during which time Proskauer also had to respond to the Rivera-Schatz Complaint discussed below). Over the course of the next few weeks, Proskauer responded to the Rosselló Complaint, devoting significant time and energy to research and draft a motion to dismiss the complaint, while at the same time opposing motions to intervene in the proceedings filed by various parties-in-interest. On July 12, 2018, Proskauer filed a motion to dismiss the Rosselló Complaint. This motion was opposed by plaintiffs, and on July 20, 2018 Proskauer filed a reply in support of its motion on a severely truncated timeline. On July 25, 2018, Proskauer argued the merits of its motion to dismiss.

  On August 7, 2018, after taking the matter under advisement, the Court issued a ruling dismissing most of the claims contained in the Rosselló Complaint and adopting many of the positions argued by Proskauer in defense of the Oversight Board's position. Proskauer's success in this litigation is instrumental in enabling the Oversight Board to fulfill its statutory mandate and assist Puerto Rico in achieving prosperity and fiscal responsibility once more.

Since the Court's ruling, Proskauer has continued its work in defense of the Oversight Board's statutory powers under PROMESA, in respect of plaintiffs' urgent motion seeking certification of the Court's August 7, 2018 opinion and order for immediate appeal.

- <u>Rivera-Schatz et al v. The Financial Oversight and Management Board for Puerto Rico et al.</u>, Adv. Proc. No. 18-00081: On July 9, 2018, plaintiffs, the Hon. Thomas Rivera-Schatz, in his official capacity and on behalf of the Senate of Puerto Rico, and the Hon. Carlos J. Méndez-Núñez, in his official capacity and on behalf of the House of Representatives (collectively, the "<u>Legislative Assembly</u>"), filed a complaint (the "<u>Rivera-Schatz Complaint</u>") against the Oversight Board seeking (*i*) a declaration the Oversight Board overreached its powers by demanding the Legislative Assembly approve a bill repealing Law 80 as a condition for the approval of the Commonwealth's budget and (*ii*) an injunction prohibiting the Oversight Board from implementing its FY 2018-19 budget and requiring it to instead certify the FY 2018-19 budget approved by the Legislative Assembly.

  Proskauer was required to respond to the Rivera-Schatz Complaint on a severely shortened timeline and at the same time it defended against the Rosselló Complaint. Proskauer worked day and night researching responses, formulating arguments in defense of the Oversight Board, and drafting a motion to dismiss the Rivera-Schatz Complaint (as well as responses to certain motions to intervene filed by various parties-in-interest). On July 18, 2018, Proskauer filed a motion to dismiss the Rivera-Schatz Complaint. On July 21, 2018, the Legislative Assembly filed an opposition to the motion to dismiss. In the space of two days, Proskauer was required to respond to the significantly different arguments raised by the Legislative Assembly's opposition. The merits of the motion to dismiss were argued at a hearing held on July 25, 2018.

  On August 7, 2018, the Court issued a ruling dismissing all counts of the Rivera-Schatz Complaint and adopting many of the positions argued by Proskauer on behalf of the Oversight Board. The same as with the result achieved in the case filed by AAFAF and the Governor, Proskauer's success in disposing of the Rivera-Schatz Complaint is critical in ensuring the Oversight Board can carry out its statutory mandate and restore Puerto Rico's fiscal responsibility.

  On August 13, 2018 the plaintiffs filed a notice of appeal to the First Circuit. Since that date, Proskauer has again taken up the task of defending the Oversight Board. The deadline for Proskauer to file its Appellee's brief is December 14, 2018.

- <u>Cooperativa de Ahorro y Credito Abraham Rosa, et al. v. Commonwealth of Puerto Rico, et al.</u>, Adv. Proc. No. 18-00028: On March 22, 2018, plaintiff credit unions (holding billions of dollars of debt issued by the Commonwealth), brought an action against the Oversight Board, the Commonwealth, and its instrumentalities, among others, seeking (*i*) a declaratory judgment that their claims are nondischargeable on the basis of fraud; (*ii*) the designation of their claims as a separate class in an eventual plan of adjustment; (*iii*) a declaratory judgment that their claims are nondischargeable under PROMESA; (*iv*) damages for breach of contract; (*v*) remedies available under Commonwealth and

federal securities laws and Commonwealth negligence, fiduciary duty, and fraud laws, and (*vi*) unspecified common law damages. Proskauer took the lead in defending the Oversight Board's interest, filing a motion to dismiss the action on August 6, 2018.

- Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 18-00059: On May 24, 2018, plaintiffs filed a complaint alleging the revised fiscal plan developed and approved by the Oversight Board on April 19, 2018, as well as the Compliance Law (Act No. 21-2016), the Moratorium Law (Act No. 5-2017), and certain Moratorium Orders enacted by the Commonwealth, violate PROMESA and the United States Constitution, including the Contracts, Takings, and Due Process Clauses. The plaintiffs seek a declaratory judgment the Oversight Board cannot use the revised fiscal plan as a basis for proposing a plan of adjustment in the Debtor's Title III Case. Proskauer, working with the other defendants, researched, prepared and filed an urgent motion to stay the litigation on June 25, 2018, arguing that the complaint in this adversary proceeding is substantially similar, if not identical, to that in *Ambac Assurance Corp. v. Commonwealth of Puerto Rico, et. al.*, Adv. Proc. No. 17-00159, in which the Court granted a motion to dismiss that is currently on appeal in the First Circuit. The Court granted the motion to stay the proceedings pending a decision from the First Circuit.

- Pinto-Lugo, et al. v. United States of America, et al., Adv. Proc. No. 18-00041: On April 24, 2018 plaintiffs in this case filed a complaint with this Court seeking (*i*) a declaratory judgment that PROMESA is unlawful under various provisions of domestic and international law, including the United Nations Charter, the United States Declaration of Independence, the United Nations Declaration of Human Rights, and the International Covenant of Civil and Political Rights, as well as damages for the violation of these legal codes; (*ii*) a declaratory judgment that PROMESA is unlawful under the Declaration of Independence and the First, Fifth, and Fourteenth Amendments of the Constitution, as well as damages for the violation of these legal provisions; (*iii*) a forensic audit of Puerto Rico's public debt; and (*iv*) an order prohibiting any sale of PREPA. The plaintiffs filed an amended complaint on July 26, 2018. The firm led the charge in defending against the *Pinto-Lugo* complaint, expending significant time and effort developing responses to plaintiffs' arguments. Proskauer drafted a motion to dismiss plaintiffs' original complaint and was substantially ready to file it when plaintiffs requested, and were granted, leave to amend their complaint. Proskauer had to substantially revise its motion to dismiss in light of the amended complaint. On August 23, 2018, Proskauer filed a motion to dismiss the amended complaint.

- PFZ Properties, Inc. v. Commonwealth of Puerto Rico, Adv. Proc. No. 18-00056: Plaintiff in this action, PFZ Properties, Inc. ("PFZ"), is a creditor of the Commonwealth of Puerto Rico whose only asset is beachfront land comprising approximately 1,300 acre located in the Municipality of Loíza. The Commonwealth commenced eminent domain proceedings in 2008, but eventually voluntarily dismissed the proceedings without prejudice due to a lack of resources to litigate or pay PFZ. PFZ seeks a declaration that the Commonwealth effected a regulatory taking of the property for which the Takings Clause of the Fifth Amendment of the U.S. Constitution requires just compensation in the amount of $75.55 million. PFZ also seeks interest plus attorney's fees on account of the Commonwealth's conduct. Proskauer spent considerable time and effort negotiating

with PFZ in an attempt to obtain a consensual resolution of this case. Eventually, a stipulation was reached with PFZ under which PFZ agreed to dismiss its complaint with prejudice, on certain conditions.

- PBJL Energy Corp. v. Puerto Rico Electric Power Authority, Adv. Proc. No. 18-00063: On May 29, 2018 plaintiff, a power company focused on renewable energy, filed a breach of contract claim against PREPA. The plaintiff claims it executed a contract with PREPA on December 20, 2011, pursuant to which PREPA agreed to (*i*) purchase all of plaintiff's net electricity production, (*ii*) work together with the plaintiff to develop renewable energy projects, and (*iii*) cooperate in good faith to meet the requirements for establishing certain facilities. Plaintiff, alleging PREPA failed to meet its contractual obligations, seeks damages, as well as specific performance of the contract. In addition, plaintiff seeks a declaratory judgment that the contract is a "forward contract" that cannot be disallowed or avoided pursuant to Bankruptcy Code section 546(e). The plaintiff additionally brings a claim under the *Racketeer Influenced Corrupt Organizations Act* seeking treble damages. After researching the issues raised in the complaint, Proskauer filed a motion to dismiss the case on October 15, 2018.

- Western Surety Co., et. al. v Puerto Rico Highways and Transportation Authority, Adv. Proc. No. 18-00065: On May 30, 2018 plaintiffs filed a complaint alleging they issued bonds in connection with public work contracts owned by HTA and have paid bond claims that were payable by HTA in relation to those contracts. The plaintiffs seek declaratory judgments that (*i*) funds remitted by HTA to the prime contractors in these projects are not property of HTA's estate in its Title III case, but are instead property of plaintiffs, and (*ii*) plaintiffs have a security interest over "all contract rights and proceeds" of HTA. Proskauer filed a motion to dismiss the complaint on September 14, 2018.

- Union de Empleados de la Corporacion del Fondo del Seguro del Estado v. Government of the United States of America, et al., Adv. Proc. No. 18-00066: On May 30, 2018, plaintiffs, two labor unions and a labor association representing approximately 2,950 Puerto Rican citizens, brought an action seeking declaratory judgments holding that (*i*) PROMESA and certain acts taken by the Oversight Board pursuant to PROMESA are unconstitutional under the Thirteenth and Fifteenth Amendments of the United States Constitution, (*ii*) that PROMESA violates one or more international agreements on human rights, (*iii*) and that the various defendants in the case should be enjoined from pursuing any Title III cases or exercising any authority under PROMESA. Proskauer expended considerable effort analyzing the complaint, coordinating with the other defendants, and researching and preparing a response to plaintiffs' allegations. Proskauer has drafted and twice had to revise its response to the plaintiffs' complaint, which has been substantially amended two times. The deadline to file an answer to the second amended complaint is November 30, 2018.

- Hernandez-Montanez et al. v. Financial Oversight and Management Board for Puerto Rico et al., Adv. Proc. No. 18-00090: On July 25, 2018, the leader of the Popular Democratic Party Minority in the Puerto Rico House of Representatives filed a complaint seeking a declaratory judgment (*i*) that PROMESA violates the Appointments Clause of the United States Constitution, and (*ii*) that the Oversight Board overstepped its statutory

12

authority by certifying fiscal plans and budgets containing certain provisions. The Court issued an order certifying matters arising from the alleged violations of the United States Constitution to the Attorney General of the United States. During the Compensation Period, Proskauer has researched the issues raised by the plaintiffs and prepared a motion to dismiss the complaint, which was filed on October 4, 2018.

19.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

20.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of **$8,001,864.20** as compensation for professional services rendered, $7,739,402.00 of which represents fees earned outside of Puerto Rico and $262,462.20 of which represents fees earned in Puerto Rico, and **$228,540.36** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services. Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's request for compensation and reimbursement of expenses in the amount of $238,620.70 and $53,193.59, respectively, on top of the sizeable discount embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

21.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor. Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

22.     Proskauer's budget and staffing plan for the Compensation Period is attached hereto as **Exhibit D**.[5]

23.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  During the Compensation Period, Proskauer billed the Oversight Board for time expended by attorneys based on a set rate of $759 per hour.[6] The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 4,909.80 recorded hours by Proskauer's partners and counsel; 4,808.00 recorded hours by associates; 360.00 recorded hours by law clerks, [7] and 2,047.90 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.

---

[5]  Budgets are only provided for matters Proskauer actually billed time to in a given month.  If no time was billed to a given matter during the month, no monthly budget has been provided for that matter.

[6]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://oversightboard.pr.gov/documents/) (the "Engagement Letter") provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.  Because Proskauer's fees under the Engagement Letter are a blended rate (currently $759) for all attorneys and another, lower blended rate (currently $260) for all paraprofessionals, no annual step increases will be applicable to the rates charged in this matter.  As detailed in the Second Interim Application, Proskauer's rates under the Engagement Letter increased from $730 per hour for attorneys and $250 per hour for paraprofessionals to $759 per hour for attorneys and $260 per hour for paraprofessionals on January 1, 2018, during the second interim compensation period.  Rates have not increased during this Compensation Period.

[7]  Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

24.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

25.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:    Yes.  As explained in more detail in the Engagement Letter, in connection
with its representation of the Oversight Board, both inside and outside of
Title III, Proskauer agreed to a custom fee arrangement, whereby (a) prior
to January 1, 2018, partners, counsel, and associates were billed at $730 per
hour, and all other staff were billed at $250 per hour, and (b) as of January
1, 2018, partners, counsel, and associates are billed at $759 per hour, and all
other staff are billed at $260 per hour.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted
for the time period covered by this fee application are higher by 10% or
more, did you discuss the reasons for the variation with the client?

Response:    The total fees sought in this Application did not exceed total budgeted fees.

**Question**:    Have any of the professionals included in this fee application varied their
hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising
time records or preparing, reviewing, or revising invoices?  (This is limited
to work involved in preparing and editing billing records that would not be
compensable outside of bankruptcy and does not include reasonable fees for
preparing a fee application.).  If so, please quantify by hours and fees.

Response:    No, the Application does not include time or fees related to reviewing time
records or preparing, reviewing or revising invoices in connection with the
preparation of monthly fee statements.  However, the Application does
include time related to the preparation of monthly fee statements.  This work
is unique and non-duplicative of the firm's interim application efforts.
Proskauer expended approximately 66.30 hours for a total charge of
approximately $48,625.10 in performing activities relating to such
preparation, or approximately .61% of total fees incurred.

**Question**:    Does this fee application include time or fees for reviewing time records to
redact any privileged or other confidential information?  If so, please
quantify by hours and fees.

Response:    No time was spent redacting time records on account of privilege concerns.
However, the Application does include time related to reviewing time
records to redact time entries pursuant to Court-ordered mediation
confidentiality.

**Question**:    If the fee application includes any rate increases since retention: (i) Did your
client review and approve those rate increases in advance? (ii) Did your
client agree when retaining the law firm to accept all future rate increases?
If not, did you inform your client that they need not agree to modified rates
or terms in order to have you continue the representation, consistent with
ABA Formal Ethics Opinion 11-458?

Response:    The Engagement Letter agreed to in advance by the Oversight Board
provides that Proskauer's rates will be increased on January 1 (rather than

on November 1, the beginning of Proskauer's fiscal year) by the lower of the percentage rate increase announced as of November 1 and four percent. Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent on January 1, 2018.  Rates have not increased during this Compensation Period.

### Hearings and Conferences

26.    Proskauer attorneys attended hearings and participated in numerous teleconferences with the Oversight Board, the Oversight Board's other professional advisors, AAFAF and its professional advisors, the Unsecured Creditors' Committee and its professional advisors, the Official Committee of Retired Employees and its professional advisors, and the Debtor's creditors and their professional advisors.  Proskauer attorneys also participated in internal meetings and conferences.  The Debtor's Title III Case poses complex, often interrelated issues that frequently require the attendance of more than one professional at hearings and conferences.  This facilitates the sharing of information among professionals handling different but related work streams and possessing different areas of expertise that is brought to bear on a multitude of issues.  Having more than one Proskauer attorney participate in hearings and conferences is often essential when one attorney is not handling every issue, and is beneficial to the Oversight Board when attendance by more than one attorney (telephonic and/or in-person) reduces the need for internal de-briefing meetings and therefore allows Proskauer to represent the Debtor in a more cost-efficient manner that avoids unnecessary duplication and expense.  Proskauer limits multiple participation to the most critical work streams for which attendance by more than one professional is actually necessary to provide efficient and appropriate representation for the Debtor.

27.    The Court and the Fee Examiner have identified certain presumptive standards applicable to the Fee Examiner's review of fee applications filed in the Title III cases.  Under these standards, fees and expenses incurred by timekeepers for attending hearings in which at least one professional anticipates a speaking role, other than fees and expenses related to (*i*) those with

meaningful speaking roles and (*ii*) one additional timekeeper per speaker, are presumed non-compensable.  Likewise, for monitoring hearings (whether in person or by telephone) in which the professional has no meaningful speaking role, fees and expenses incurred by any more than one timekeeper per professional are presumed to be non-compensable.  During the Compensation Period (June 2018 through September 2018), Proskauer continued to strive to staff hearings and events efficiently and leanly, utilizing timekeepers with actual or potential speaking roles, necessary supporting timekeepers, and, in some instances, additional timekeepers for the purposes of monitoring strategic issues.  During the relevant time period, Proskauer staffed the following hearings as follows:

- **June 5, 2018 oral argument to the First Circuit in *Peaje*.**  Three timekeepers invoiced efforts in connection with attending this event: (1) Jeffrey W. Levitan presented oral argument; (2) John E. Roberts provided strategic advising and logistical support to Mr. Levitan; and (3) Lucy Wolf provided additional logistical and organizational support to Mr. Levitan.  Given the scope of the arguments presented and the significance of the issues under discussion, it is Proskauer's position that the variance from the presumptive standard – one additional supporting timekeeper – is justified.  Ms. Wolf's supporting role was not duplicative of Mr. Roberts' strategic advising role, and she had played a lead role in preparing the supporting materials relevant to the hearing.

- **June 5, 2018 oral argument to the First Circuit in the PREPA Receiver Motion Appeal**.  Five timekeepers invoiced efforts in connection with attending this event:  (1) Martin J. Bienenstock presented the oral argument; (2) John E. Roberts provided strategic advising and logistical support to Mr. Bienenstock; (3) Lucy Wolf provided additional logistical and organizational support to Mr. Bienenstock.  Additionally, Jeffrey W. Levitan, who had presented argument to the First Circuit earlier in the day in the *Peaje* matter, invoiced for monitoring a portion of the oral argument, and Michael A. Firestein invoiced efforts for telephonically monitoring a portion of the oral argument.  Given the scope of the arguments presented and the significance of the issues, it is Proskauer's position that the variance from the presumptive standard – three additional supporting timekeepers – is justified.  Ms. Wolf's supporting role was not duplicative of Mr. Roberts' strategic advising role, and she had played a lead role in preparing the supporting materials relevant to the hearing.  Mr. Levitan's attendance efforts were minimal (0.70 hours) and were directly related to monitoring the First Circuit's handling of issues overlapping with his role in the *Peaje* matter.  Mr. Firestein billed minimal efforts to telephonically monitor a portion of the hearing (0.60 hours) for purposes of assessing broader strategic issues.  Had the monitoring timekeepers not attended a

portion of the hearing telephonically, each timekeeper would have incurred additional time reviewing the transcript of this proceeding.

- **June 6, 2018 omnibus hearing**.  Four timekeepers invoiced efforts in connection with attending this event: (1) Brian S. Rosen played a meaningful speaking role during the hearing; (2) Timothy W. Mungovan also played a meaningful speaking role during the hearing; (3) Ehud Barak provided strategic support during the event; and (4) Paul Possinger provided additional strategic support during the hearing.  Proskauer's staffing of this event -- two speakers and one supporting timekeeper per speaker -- complies with the presumptive standards.

- **June 11, 2018 hearing in the *Altair v. US* matter before the Court of Federal Claims**.  One timekeeper invoiced monitoring efforts in connection with the contested hearing in this related proceeding involving the same bondholders as the *ERS* matter (Williams D. Dalsen).  Proskauer's staffing of this event -- one monitoring timekeeper -- complies with the presumptive standards.

- **June 18, 2018 hearing on UCC's renewed Rule 2004 motion**.  Two timekeepers invoiced efforts in connection with attending this event:  (1) Timothy W. Mungovan played a meaningful speaking role during the hearing; (2) Margaret A. Dale provided strategic and logistical support to Mr. Mungovan.  Proskauer's staffing of this event -- one speaker and one supporting timekeeper per speaker -- complies with the presumptive standards.

- **July 25, 2018 omnibus hearing**.  Four timekeepers undertook meaningful speaking roles during this event:  (1) Martin J. Bienenstock; (2) Paul Possinger; (3) Brian S. Rosen; and (4) Margaret A. Dale.  The speaking timekeepers were supported in person by Timothy W. Mungovan and Ehud Barak, and telephonically by Jeffrey W. Levitan and Daniel Desatnik.  Four additional timekeepers invoiced minimal efforts to telephonically monitor portions of the proceedings:  (1) Ralph C. Ferrara (1.60 hours); (2) Elliot Stevens (1.70 hours); (3) Guy Brenner (1.30 hours); and (4) Chris Theodoridis (0.90 hours).  Given the scope of the hearing and the myriad of actual and potential issues under discussion, it is Proskauer's position that the efforts of the additional timekeepers beyond the presumptive standards -- four additional timekeepers -- were reasonable, necessary, and justified.  The additional monitoring efforts were minimal and tailored to inform strategic issues across other related matters.

- **September 13, 2018 omnibus hearing**.  Seven timekeepers invoiced speaking, support, and monitoring efforts in connection with this event:  (1) Martin J. Bienenstock provided a meaningful speaking role during the hearing; and (2)-(7) Paul Possinger (2.90 hours), Daniel Desatnik (2.90 hours), Michael A. Firestein (2.90 hours), Jeffrey W. Levitan (2. 30 hours), Ralph C. Ferrara (0.90 hours), and Steve Ma (0.70 hours) each monitored the hearing or a portion thereof.  It is Proskauer's position that the efforts of the additional timekeepers beyond the presumptive standard (which appears to allow for two of the seven total timekeepers) were reasonable and necessary, and justified under the circumstances   given   the   scope   and   breadth   of   the   hearing   and   issues   under

discussion.  For example, the additional timekeepers monitored the hearing in real time (rather than waiting several days to review the hearing transcript) for purposes of informing and shaping strategic considerations across all matters.  In fact, it would have been counterproductive and wasteful for the additional timekeepers to await the hearing transcript; their real-time ingestion of how the court and counsel addressed certain issues affected strategic issues contemporaneously facing each timekeeper.

28.     In summary, Proskauer remains committed to staffing hearings and events with a minimal amount of necessary timekeepers.  In each instance during the Compensation Period where Proskauer's attendance activities exceeded the presumptive standards adopted by the Court, such variances were necessary and justified under the circumstances.

## Professionals Billing Fewer Than Five Hours per Month

29.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the urgency of certain briefing schedules requires pulling in professionals from different work streams to assist on time-sensitive matters.[8]

---

[8]  Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and without PROMESA Title III.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Antoon, Isaac L. | August | Mr. Antoon is an eDiscovery project manager at Proskauer who assisted with various document production issues. |
| Bowman, Courtney, M. | June | Ms. Bowman is an associate in Proskauer's litigation department who analyzed pleadings and advised on litigation strategy in the *PFZ Properties* adversary proceeding. |
| Birnbaum, Esther N. | September | Ms. Birnbaum is an eDiscovery staff attorney at Proskauer who assisted with various document production issues. |
| Clark, Brandon C. | August | Mr. Clark is an associate in Proskauer's litigation department who analyzed pleadings and advised on the litigation strategy in the *Rosello* adversary proceeding. |
| Corn, Richard M. | July, August | Mr. Corn is a partner in Proskauer's tax department who advised on tax-exempt bond issues and tax disclosures in connection with the development of the Debtor's plan of adjustment. |
| Cupplo, Sherri | June | Ms. Cupplo is a research specialist in Proskauer's library department who assisted with legal research on various issues. |
| DiGrande, Melissa | June | Ms. DiGrande is an associate in Proskauer's litigation department who advised on the litigation strategy in various adversary proceedings involving the Debtor. |
| Faust, Scott A. | August | Mr. Faust is a partner in Proskauer's labor & employment department who advised on labor contract issues in the *UPR* adversary proceeding. |
| Fiur, Seth | June | Mr. Fiur is an associate in Proskauer's litigation department who assisted with providing legal analysis in the Appointment Clause litigation. |
| Friedman, Amelia | July, August | Ms. Friedman is an associate in Proskauer's litigation department who analyzed pleadings and advised on litigation strategy in the *APRUM* adversary proceeding. |
| Galler, Jonathan A. | June - September | Mr. Galler is a senior counsel in Proskauer's litigation department who advised on the dispositive motion in the *Cooperativas* adversary proceeding and on various discovery-related issues. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Gerkis, James P. | September | Mr. Gerkis is a partner in Proskauer's corporate department who advised on disclosure issues in connection with the development of the Debtor's plan of adjustment. |
| Giarrusso, Paul V. | June | Mr. Giarrusso is an eDiscovery project manager at Proskauer who assisted with various document production issues. |
| Golinder, Olia A. | July | Ms. Golinder is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Hamburger, Paul M. | July - September | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on pension-related issues in connection with the development of the Debtor's plan of adjustment. |
| Hamilton, Martin T. | July | Mr. Hamilton is a partner in Proskauer's tax department who advised on tax issues in connection with the development of the Debtor's plan of adjustment. |
| Harris, Mark D. | September | Mr. Harris is a partner in Proskauer's litigation department who advised on stay issues in the Appointment Clause litigation. |
| Hayes, Christopher M. | July | Mr. Hayes is an associate in the BSGR&B group who assisted with research on various confirmation related issues. |
| Healy, Allen F. | September | Mr. Healy is a managing clerk in Proskauer's litigation department who assisted with docket research and filing. |
| Henderson, Laurie A. | June, August, September | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and filing. |
| Hernandez, Jesus | August | Mr. Hernandez is a docketing administrator in Proskauer's litigation department who assisted with docket research and filing. |
| Huffman, James R. | June | Mr. Huffman is an associate in Proskauer's tax department who assisted with analyzing pension liability issues in connection with the development of the Debtor's plan of adjustment. |
| Ike, Yvonne O. | August, September | Ms. Ike is an eDiscovery staff attorney at Proskauer who assisted with various document production issues. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Klock, Joseph | June, September | Mr. Klock is an eDiscovery project manager at Proskauer who assisted with various document production issues. |
| Kurland, Zachary R. | June | Mr. Kurland is an associate in Proskauer's corporate department who assisted with analyzing the Debtor's credit agreements. |
| Lavine, Judy | June | Ms. Lavine is a library manager in Proskauer's library department who assisted with legal research on various issues. |
| Leader, Jordan B. | June | Mr. Leader is a senior counsel in Proskauer's litigation department who advised on various discovery related issues. |
| Lopez, Anthony | August | Mr. Lopez is a docketing administrator in Proskauer's litigation department who assisted with docket research and filing. |
| Mittman, Jeremy M. | September | Mr. Mittman is a senior counsel in Proskauer's labor & employment department who advised on pension-related issues in connection with the development of the Debtor's plan of adjustment. |
| Nasser, Sarah M. | August | Ms. Nasser is an associate in Proskauer's corporate department who assisted with analyzing cash management issues relevant to the development of the Debtor's plan of adjustment. |
| Peterson, Cathleen P. | June, July, September | Ms. Peterson is an eDiscovery senior consultant at Proskauer who assisted with various document production issues. |
| Roberts, John E. | June, July | Mr. Roberts is an associate in Proskauer's litigation department who assisted with First Circuit appellate procedure-related issues in the *ACP Master* adversary proceeding. |
| Roche, Jennifer L. | July, September | Ms. Roche is an associate in Proskauer's litigation department who analyzed pleadings and advised on litigation strategy in the *APRUM* adversary proceeding and on fiscal plan related issues. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Rochman, Matthew I. | June, August | Mr. Rochman is an associate in Proskauer's litigation department who assisted with analyzing intervention issues in the Commonwealth/COFINA dispute and advised on litigation strategy in the *Rosello* adversary proceeding. |
| Sherman, Tayler M. | August | Ms. Sherman is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Teng, Pengtao | June, July | Mr. Teng is an associate in Proskauer's corporate department who assisted with analyzing pleadings in various adversary proceedings involving the Debtor. |
| Triggs, Mathew | August, September | Mr. Triggs is a partner in Proskauer's litigation department who advised on litigation strategy in various adversary proceedings involving the Debtor. |
| Urias, Gabriela A. | June, July, September | Ms. Urias is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Vermal, Ana | July, August | Ms. Vermal is a partner in Proskauer's litigation department who advised on litigation strategy in various adversary proceedings involving the Debtor. |
| Winkelspecht, Michael J. | August | Mr. Winkelspecht is an eDiscovery project manager at Proskauer who assisted with various document production issues. |
| Wizner, Eamon | September | Mr. Wizner is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Wolkinson, Rachel O. | August, September | Ms. Wolkinson is an associate in Proskauer's litigation department who assisted with the First Circuit appellate issues in the *ACP Master* adversary proceeding and with analyzing fiscal plan related issues. |
| Yang, Meesun | July - September | Ms. Yang is an eDiscovery consultant at Proskauer who assisted with various document production issues. |

<u>**Summary Description of Professional Services**</u>

30.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.[9]  Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.

**I.     Matter No. 33260/002 (PROMESA Title III: Commonwealth) and No. 33260/024 (PROMESA Title III: Commonwealth Puerto Rico)**

31.     These matter numbers cover time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and working on disclosure statements or plans of adjustment.

(a)   <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
        <u>(Project Category 201)</u>
        (Fees: <u>$310,417.60</u>; Hours: <u>410.10</u>)
        (Fees for work performed in Puerto Rico: <u>$24,819.30</u>; Hours: <u>32.70</u>)
        (Aggregate Fees: <u>$335,236.90;</u> Aggregate Hours: <u>442.80</u>)

32.     This Project Category includes time spent communicating with the Oversight Board, and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation and related issues.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Oversight Board and its other advisors regarding the Debtor's Title III Case strategy, the Commonwealth's proposed fiscal plan model and revisions thereto, the implementation of the fiscal plan, and proposed revisions to the budget, as well as related debt adjustment, funding, securities, and creditor-related issues;

- Advising the Oversight Board on communications with the Commonwealth regarding fiscal plan and budget-related issues;

---

[9]  Proskauer prepared a separate invoice for each month in the Compensation Period in which any of its professionals billed time to the Debtor while physically in Puerto Rico.  Each such invoice is labeled as applying only to services rendered in Puerto Rico.

- Preparing for and participating in weekly calls with the Oversight Board and its advisors regarding the status of the Debtor's cases;

- Preparing litigation updates for the Oversight Board, and communicating with the Oversight Board and its other advisors regarding litigation strategy, litigation developments, and related issues in the Debtor's Title III Case;

- Advising the Oversight Board on the motion to establish exit procedures for the independent investigation, and communicating with the Oversight Board, the Special Claims Committee, and Independent Investigator regarding the status of the investigation, its findings, and the related disclosure of documents; and

- Advising the Oversight Board and its professionals on creditor discussions and negotiations.

(b) <u>Legal Research (Project Category 202)</u>
(Fees: <u>$140,937.60</u>; Hours: <u>192.00</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$140,937.60</u>; Aggregate Hours: <u>192.00</u>)

33.   This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing a variety of legal issues in connection with the development and implementation of the Debtor's fiscal plan and budget, fiscal plan disputes with the Governor of Puerto Rico and the Legislature, and related issues;

- Researching and analyzing a variety of legal issues related to the Debtor's Title III Case and the Debtor's plan of adjustment, including, among other things, issues relating to liens, bonds, and the dischargeability of claims; and

- Researching and analyzing a variety of legal issues related to the enforcement of policy decisions by the Oversight Board, and the application of various Bankruptcy Code provisions relevant to the Debtor's Title III Case.

26

(c)  <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
(Fees:  <u>$74,634.80</u>; Hours:  <u>119.70</u>)
(Fees for work performed in Puerto Rico:  <u>32,940.60</u>; Hours:  <u>43.40</u>)
(Aggregate Fees: <u>$107,575.40</u>; Aggregate Hours:  <u>163.10</u>)

34.  This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements;
- Communicating with the Court regarding omnibus hearing dates and drafting omnibus hearing agendas;
- Preparing for and participating in omnibus hearings; and
- Reviewing and analyzing transcripts of omnibus hearings.

(d)  <u>Communications with Claimholders (Project Category 204)</u>
(Fees: <u>$88,353.90</u>; Hours:  <u>117.00</u>)
(Fees for work performed in Puerto Rico:  <u>$9,335.70</u>; Hours:  <u>12.30</u>)
(Aggregate Fees: <u>$97,689.60</u>; Aggregate Hours: <u>129.30</u>)

35.  This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the statutory committees and other claimholders, as well as their respective advisors, on revisions to the Debtor's proposed fiscal plan and budget, and issues related thereto;
- Communicating with the statutory committees, other claimholders, and their respective advisors on various legal issues related to mediation and alternative dispute processes in preparation for court-ordered mediation sessions and court hearings;
- Preparing for and participating in court-ordered mediation sessions, meet-and-confer calls and sessions with the statutory committees, labor unions, and other claimholders, as well as their respective advisors;
- Communicating with claimholders, their respective advisors, and with the claims agent on issues related to the retention of the claims reconciliation agent, claims objections process, claims reconciliation, and other claims-related issues; and
- Communicating with the statutory committees, other claimholders, and the Independent Investigator regarding the protocol for document disclosures and access to documents collected during the independent investigation.

(e)  Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees:  $16,394.40; Hours:  21.60)
(Fees for work performed in Puerto Rico:  $2,580.60; Hours:  3.40)
(Aggregate Fees:  $18,975.00; Aggregate Hours:  25.00)

36.   This Project Category includes time spent communicating with the Debtor's representatives in various matters related to the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel and other advisors to AAFAF and the Governor of Puerto Rico on a variety of issues concerning revisions to the Debtor's proposed fiscal plan and budget, their implementation, impact on Commonwealth and non-Commonwealth entities, and fiscal plan disputes with the Governor of Puerto Rico;

- Communicating with counsel and other advisors to AAFAF on the motion to establish exit procedures for the independent investigation, the investigation's findings, and the protocol for access to documents collected during the investigation; and

- Communicating with counsel and other advisors to AAFAF regarding litigation strategy, including, among other things, mediation and discovery-related matters, stay relief issues, and privilege related disputes.

(f)  Documents Filed on Behalf of the Board (Project Category 206)
(Fees:  $49,031.40; Hours:  64.60)
(Fees for work performed in Puerto Rico:  $910.80; Hours:  1.20)
(Aggregate Fees:  $49,942.20; Aggregate Hours:  65.80)

37.   This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting the Oversight Board's statement regarding the motion to establish exit procedures for the independent investigation;

- Conducting research and drafting objections to requests for disclosure of documents collected during the independent investigation;

- Conducting research and drafting revised case management procedures and related order;

28

- Conducting research and drafting a motion regarding procedures for omnibus objections to claims; and

- Conducting research and drafting a motion to amend the joint administration of the debtors' Title III cases.

(g)   Non-Board Court Filings (Project Category 207)
(Fees: $63,528.30; Hours: 83.70)
(Fees for work performed in Puerto Rico: $4,857.60; Hours: 6.40)
(Aggregate Fees: $68,385.90; Aggregate Hours: 90.10)

38.   This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing various filings and orders by Judges Swain and Dein filed in the Debtor's Title III Case;

- Reviewing and analyzing claimholders' and statutory committees' requests for disclosure of documents collected during the independent investigation.

(h)   Analysis and Strategy (Project Category 210)
(Fees: $918,673.60; Hours: 1,367.70)
(Fees for work performed in Puerto Rico: $1,897.50; Hours: 2.50)
(Aggregate Fees: $920,571.10; Aggregate Hours: 1,370.20)

39.   This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(i)   Non-Working Travel Time (Project Category 211)
(Fees: $19,961.70; Hours: 26.30)
(Fees for work performed in Puerto Rico: $48,727.80; Hours: 64.20)
(Aggregate Fees: $68,689.50; Aggregate Hours: 90.50)

29

40.     This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(j)   General Administration (Project Category 212)
      (Fees: $358,130.40; Hours: 1,309.10)
      (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
      (Aggregate Fees: $358,130.40; Aggregate Hours: 1,309.10)

41.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(k)   Labor, Pension Matters (Project Category 213)
      (Fees: $112,936.30; Hours: 150.90)
      (Fees for work performed in Puerto Rico: $17,229.30; Hours: 22.70)
      (Aggregate Fees: $130,165.60; Aggregate Hours: 173.60)

42.     This Project Category includes time spent reviewing employee and retiree benefits issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching, discussing, and analyzing the Debtor's pension-related issues in connection with the proposed revisions to the Debtor's fiscal plan and budget;

- Researching, discussing, and analyzing Social Security and ADEA-related issues in connection with the proposed revisions to the Debtor's fiscal plan and budget;

- Preparing for and participating in discussions with the Retiree Committee, labor unions, and their advisors on issues related to collective bargaining agreements and the proposed restructuring of the Commonwealth's pension plans;

- Reviewing and analyzing the Retiree Committee's and unions' claims, proposals, and memoranda related to the Commonwealth's pension issues; and

- Preparing for and participating in calls with the Pension Subcommittee, and otherwise advising the Oversight Board on the Commonwealth's pension-related issues.

    (l)    <u>Plan of Adjustment and Disclosure Statement (Project Category 215)</u>
          (Fees: <u>$567,272.70</u>; Hours: <u>789.80</u>)
          (Fees for work performed in Puerto Rico: <u>$9,942.90</u>; Hours: <u>13.10</u>)
          (Aggregate Fees: <u>$577,215.60</u>; Aggregate Hours: <u>802.90</u>)

43.    This Project Category includes time spent on issues related to the terms of a proposed Title III plan.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis of various plan of adjustment-related issues, including, among other things, valuation questions, tax issues, and debt restructuring alternatives;

- Conducting research and drafting a disclosure statement for the Debtor;

- Researching and analyzing multiple financial and legal issues related to the plan and disclosure statement, including, among other things, potential bond-related disputes, cash management issues, and pension restructuring alternatives;

- Reviewing best-interest analyses, conducting further research, and drafting related memoranda; and

- Preparing for and participating in related discussions with the Debtor's other advisors and the Oversight Board.

    (m)    <u>Confirmation (Project Category 216)</u>
          (Fees: <u>$128,493.70</u>; Hours: <u>171.20</u>)
          (Fees for work performed in Puerto Rico: <u>$151.80</u>; Hours: <u>0.20</u>)
          (Aggregate Fees: <u>$128,645.50</u>; Aggregate Hours: <u>171.40</u>)

44.    This Project Category includes time spent reviewing materials relating to plan confirmation.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing confirmation requirements, standards, and other confirmation-related issues for the Debtor's anticipated plan of adjustment and drafting related memoranda for the Oversight Board; and

- Analyzing the Debtor's Title III Case strategy and the actions necessary to take in order to prepare for confirmation; and

- Participating in related discussions with the Debtor's other advisors.

    (n)    <u>Employment and Fee Applications (Project Category 218)</u>

(Fees: $209,239.90; Hours: 397.70)
(Fees for work performed in Puerto Rico: $1,138.50; Hours: 1.50)
(Aggregate Fees: $210,378.40; Aggregate Hours: 399.20)

45.     This Project Category includes time spent on issues related to the compensation of

Proskauer, and the retention and compensation of other Oversight Board professionals, including

the preparation of monthly fee applications.     Specifically, Proskauer attorneys and

paraprofessionals spent time:

- Conducting research and analysis, reviewing objections and proposals, and making revisions to the proposed order further amending interim compensation procedures in the debtors' Title III cases;

- Reviewing and analyzing previously submitted Proskauer monthly fee statements for compliance with the updated certifications requirements of the Second Interim Compensation Order and drafting related retroactive principal certification letters and sworn declarations regarding tax withholding in Puerto Rico;

- Preparing Proskauer's monthly fee statements and drafting Proskauer's third and fourth interim fee applications;

- Preparing for and participating in conferences with the Fee Examiner on issues relevant to preparation of the Debtor's monthly fee statements and interim fee applications; and

- Reviewing and analyzing the changes to presumptive standards and protocols per the Fee Examiner's motion to expand the Fee Examiner's authority.

(o)   Appeal (Project Category 219)
       (Fees: $18,940; Hours: 38.30)
       (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
       (Aggregate Fees: $18,940; Aggregate Hours: 38.30)

46.     This Project Category includes time spent preparing appeals and participating in

appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent

not expressly covered by another Project Category.     Specifically, Proskauer attorneys and

paraprofessionals spent time:

- Researching and analyzing procedural matters in the Debtor's appellate cases; and

- Reviewing court dockets for deadlines and maintaining a chart tracking the status of the Debtor's appellate cases.

## II. Matter No. 33260/033 (Commonwealth Title III – ACP Master) and No. 33260/933 (Commonwealth Title III – ACP Master Puerto Rico)

47.     These matter numbers cover time spent working on the *ACP Master v. Commonwealth* adversary proceeding, Case No. 17-AP-189, and any appeals related thereto.

(a)     Appeal (Project Category 219)
(Fees: $325,546.30; Hours: 446.60)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $325,546.30; Aggregate Hours: 446.60)

48.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Analyzing and identifying appellate issues and standards of appellate review, researching appellate strategies, and drafting the appellee's brief in the pending *ACP* appeal; and
- Conducting legal research and reviewing and analyzing amicus briefs, briefs filed in the *Assured* appeal, and the appellant's reply brief in preparation for oral argument.

## III. Matter No. 33260/034 (Commonwealth Title III – Healthcare) and No. 33260/934 (Commonwealth Title III – Healthcare Puerto Rico)

49.     These matter numbers cover time spent working on adversary proceedings involving healthcare and Medicaid claims in the Debtor's Title III Case, including *Asociacion de Salud Primaria v. Commonwealth*, Case No. 17-AP-227, *Atlantic Medical Center v. Commonwealth,* Case No. 17-AP-278, and *CSI v. Commonwealth*, Case Nos 17-AP-292 and 17-AP-298, and on any appeals related thereto.

33

(a)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $86,289.10; Hours:  115.20)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees:  $86,289.10; Aggregate Hours:  115.20)

50.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time conducting research and drafting a reply to

objections to Judge Dein's report and recommendation suggesting that the Court should grant the

defendants' motion to dismiss in the *Atlantic Medical Center* adversary proceeding.

(b)   Non-Board Court Filings (Project Category 207)
      (Fees:  $7,741.80; Hours:  10.20)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees:  $7,741.80; Aggregate Hours:  10.20)

51.    This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent

time:

- Reviewing and analyzing Judge Dein's report and recommendation, as well as Judge Swain's order granting the Commonwealth's motion for abstention and remand of the *Salud Primaria* adversary proceeding to the Superior Court of Puerto Rico; and

- Reviewing and analyzing Judge Dein's report and recommendation to grant motion to dismiss in the *Atlantic Medical Center* adversary proceeding and related objections.

(c)   Analysis and Strategy (Project Category 210)
      (Fees: $8,349.00; Hours: 11.00)
      (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
      (Aggregate Fees: $8,349.00; Aggregate Hours: 11.00)

52.    This Project Category includes time spent related to (a) legal analysis in, and

strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including

meetings to discuss strategic case considerations, the status of various work streams, and next steps,

and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

**IV.**   **Matter No. 33260/035 (Commonwealth Title III – Appointments Clause) and No. 33260/935 (Commonwealth Title III – Appointments Clause Puerto Rico)**

53.     These matter numbers cover time spent working on the Appointments Clause motions and adversary proceedings filed in the Debtor's Title III Case, including *Assured v. FOMB*, Case No. 18-AP-087, and *Hernandez-Montañez v. FOMB,* Case No. 18-AP-090, and on any appeals related thereto.

(a)   Documents Filed on Behalf of the Board (Project Category 206)
  (Fees:  $21,982.10; Hours:  31.00)
  (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
  (Aggregate Fees:  $21,982.10; Aggregate Hours:  31.00)

54.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting motions to stay the proceedings and dismiss the complaint in the *Hernandez-Montañez* adversary proceeding; and

- Drafting a joint status report in the *Hernandez-Montañez* adversary proceeding.

(b)   Non-Board Court Filings (Project Category 207)
  (Fees:  $16,849.80; Hours:  22.20)
  (Fees for work performed in Puerto Rico:  $607.20; Hours:  0.80)
  (Aggregate Fees:  $17,457.00; Aggregate Hours:  23.00)

55.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing an informative motion filed by Aurelius addressing new Supreme Court authority and the order by Judge Swain rejecting Aurelius's Appointments Clause challenge;

35

- Reviewing and analyzing new Appointment Clause challenge filed by Assured Guaranty Corporation; and

- Reviewing and analyzing the Minority Party's complaint challenging the constitutionality of PROMESA and related pleadings and court orders.

(c)  <u>Stay Matters (Project Category 208)</u>
(Fees: <u>$37,612.20</u>; Hours: 60.60)
(Fees for work performed in Puerto Rico:  <u>$0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees: <u>$37,612.20</u>; Aggregate Hours: 60.6<u>0</u>)

56.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues, including with respect to the *Hernandez-Montañez* adversary proceeding.

(d)  <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$24,895.20</u>; Hours: <u>32.80</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$24,895.20</u>; Aggregate Hours: <u>32.80</u>)

57.    This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(e)  <u>General Administration (Project Category 212)</u>
(Fees: <u>$3,614.00</u>; Hours: <u>13.90</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$3,614.00</u>; Aggregate Hours: <u>13.90</u>)

58.    This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (b) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(f)    Appeal (Project Category 219)
       (Fees: $56,378.20; Hours: 75.20)
       (Fees for work performed in Puerto Rico: $683.10; Hours: 0.90)
       (Aggregate Fees: $57,061.30; Aggregate Hours: 76.10)

59.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing procedural matters in the appeal of Judge Swain's order denying ACP's motion to dismiss the Debtor's Title III Case;

- Reviewing and analyzing appellant's opening brief, amicus briefs, and motions to intervene, identifying appellate issues and standards of appellate review, and drafting the responsive brief in the *Aurelius* appeal; and

- Conducting research and analyzing PROMESA-related issues in connection with the Popular Democratic Party's appeal.

## V.    Matter No. 33260/036 (Commonwealth Title III – UPR) and No. 33260/936 (Commonwealth Title III – UPR Puerto Rico)

60.    These matter numbers cover time spent working on adversary proceedings involving the University of Puerto Rico in the Debtor's Title III Case, including *Asociacion de Profesoras v. Commonwealth*, Case No. 17-AP-197, *Voya v. University of Puerto Rico,* Case No. 17-AP-216, and *University of Puerto Rico v. Voya*, 17-AP-217, and any appeals related thereto.

(a)    Communications with Claimholders (Project Category 204)
       (Fees: $39,316.20; Hours: 51.80)
       (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
        (Aggregate Fees: $39,316.20; Aggregate Hours: 51.80)

61.    This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research, participating in discussions with counsel for AAFAF, and drafting a meet-and-confer letter regarding the motion to dismiss the second amended complaint in the *Asociacion de Profesoras* adversary proceeding;

- Reviewing and analyzing the plaintiffs' response to the meet-and-confer letter, and preparing for and participating in the meet-and-confer session on the motion to dismiss in the *Asociacion de Profesoras* adversary proceeding; and

- Conducting research, preparing for, and participating in court-ordered mediation sessions in the *Voya v. University of Puerto Rico* adversary proceeding.

(b) <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees: <u>$59,733.30</u>; Hours: <u>78.70</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$59,733.30</u>; Aggregate Hours: <u>78.70</u>)

62.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis for, and drafting the Commonwealth's motion to dismiss the second amended complaint in the *Asociacion de Profesoras* adversary proceeding, including discussions with the Oversight Board and counsel for AAFAF on the motion; and

- Reviewing and analyzing the new fiscal plan for the Commonwealth to consider the impact on UPR-related cases.

(c) <u>Analysis and Strategy (Project Category 210)</u>.
(Fees: <u>$14,193.30</u>; Hours: <u>18.70</u>)
(Fees for work performed in Puerto Rico: <u>$227.70</u>; Hours: <u>0.30</u>)
(Aggregate Fees: <u>$14,421.00</u>; Aggregate Hours: <u>19.00</u>)

63.     This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

## VI.   Matter No. 33260/037 (Commonwealth Title III – Commonwealth/COFINA Dispute) and No. 33260/937 (Commonwealth Title III – Commonwealth/COFINA Dispute Puerto Rico)

64.    These matter numbers cover time spent working on items related to the Commonwealth-COFINA dispute in the Debtor's Title III Case, including *UCC v. Whyte*, Case No. 17-AP-257, and any appeals related thereto.

(a)    Communications with Claimholders (Project Category 204)
(Fees: $107,626.20; Hours: 141.80)
(Fees for work performed in Puerto Rico: $14,345.10; Hours: 18.90)
(Aggregate Fees: $121,971.30; Aggregate Hours: 160.70)

65.    This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Preparing for and participating in discussions and meetings with the COFINA and Commonwealth agents, their respective advisors and Judge Houser regarding pending issues and proposed steps to implement the COFINA-Commonwealth settlement;

- Reviewing and analyzing draft proposals, analyses, and memoranda by the parties to the settlement; and

- Preparing for and participating in court-ordered mediation sessions related to the proposed settlement.

(b)    Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $13,358.40; Hours: 17.60)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $13,358.40; Aggregate Hours: 17.60)

66.    This Project Category includes time spent communicating with the Debtor's representatives in various matters related to the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time communicating with COFINA and Commonwealth agents, AAFAF, and their advisors regarding pending issues and proposed steps to implement the COFINA-Commonwealth settlement.

(c)  Documents Filed on Behalf of the Board (Project Category 206)
(Fees: $22,694.10; Hours: 29.90)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $22,694.10; Aggregate Hours: 29.90)

67.    This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting a response in support of the COFINA and
  Commonwealth agents' joint motion to hold proceedings in abeyance pending
  settlement discussions; and

- Drafting the motion to approve the settlement for the Commonwealth-COFINA
  dispute.

(d)  Non-Board Court Filings (Project Category 207)
(Fees: $13,282.50; Hours: 17.50)
(Fees for work performed in Puerto Rico: $227.70; Hours: 0.30)
(Aggregate Fees: $13,510.20; Aggregate Hours: 17.80)

68.    This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent

time:

- Reviewing and analyzing COFINA and Commonwealth agents' joint motion to
  hold proceedings in abeyance pending settlement discussions, and related
  objections, responses, motions to intervene by third parties, and multiple court
  orders; and

- Reviewing the agents' urgent motion for order establishing procedures to govern
  sales and use tax revenues, and related objections, responses, and court orders.

(e)  Analysis and Strategy (Project Category 210)
(Fees: $14,724.60; Hours: 19.40)
(Fees for work performed in Puerto Rico: $151.80; Hours: 0.20)
(Aggregate Fees: $14,876.40; Aggregate Hours: 19.60)

69.    This Project Category includes time spent related to (a) legal analysis in, and

strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including

meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

   (f)   Tax (Project Category 217)
         (Fees: $10,701.90; Hours: 14.10)
         (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
         (Aggregate Fees: $10,701.90; Aggregate Hours: 14.10)

   70.   This Project Category includes time spent on tax matters involving the Debtor. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing materials of the proposed COFINA-Commonwealth settlement in order to analyze and deal with tax-related issues.

## VII.   Matter No. 33260/039 (Commonwealth Title III – Rule 2004) and No. 33260/939 (Commonwealth Title III – Rule 2004 Puerto Rico)

   71.   These matter numbers cover time spent working on Rule 2004 motions filed in the Debtor's Title III Case and any appeals related thereto.

   (a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
         (Project Category 201)
         (Fees: $73,774.80; Hours: 97.20)
         (Fees for work performed in Puerto Rico: $1,745.70; Hours: 2.30)
         (Aggregate Fees: $75,520.50; Aggregate Hours: 99.50)

   72.   This Project Category includes time spent communicating with the Oversight Board, and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation and related issues.   Specifically, Proskauer attorneys and paraprofessionals spent time:

   • Conferring with the Oversight Board and its advisors on issues related to the renewed Rule 2004 motion by the Unsecured Creditors' Committee, and preparing for the hearing relating to the same;

   • Conferring with the Oversight Board and its advisors on privilege disputes in connection with the GO bondholders' Rule 2004 motion;

   • Conducting research and drafting the Oversight Board's declarations in support of its opposition to GO bondholders' Rule 2004 production requests;

- Preparing joint status reports on Court-ordered discovery; and
- Conferring with the Oversight Board advisors, the Special Claims Committee, and the Independent Investigator on issues related to the preservation, collection, and production of records in response to discovery requests.

(b)  Legal Research (Project Category 202)
(Fees:  $16,361.30; Hours:  23.20)
(Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
(Aggregate Fees: $16,361.30; Aggregate Hours:  23.20)

73.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting research on issues related to privilege log standards and requirements, as well as other privilege issues arising out of Rule 2004 matters.

(c)  Hearings and Other Non-Filed Communications with the Court (Project Category 203)
(Fees:  $11,363.20; Hours:  15.30)
(Fees for work performed in Puerto Rico:  $10,322.40; Hours:  13.60)
(Aggregate Fees: $21,685.60; Aggregate Hours:  28.90)

74.    This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Preparing for and participating in the hearing on the renewed Rule 2004 motion filed by the Unsecured Creditors' Committee;
- Preparing for and participating in the omnibus hearing related to the independent investigator's exit procedures motion; and
- Reviewing and analyzing transcripts of Court hearings.

(d)   <u>Communications with Claimholders (Project Category 204)</u>
(Fees:  <u>$30,208.20</u>; Hours:  <u>39.80</u>)
(Fees for work performed in Puerto Rico:  <u>$986.70</u>; Hours:  <u>1.30</u>)
(Aggregate Fees: <u>$31,194.90</u>; Aggregate Hours:  <u>41.10</u>)

75.    This Project Category includes time spent communicating with the Debtor's various

claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Unsecured Creditors' Committee and its advisors in
  connection with the renewed Rule 2004 motion by the Unsecured Creditors'
  Committee and proposed protective orders; and

- Communicating with the statutory committees and other claimholders, as well
  as their respective advisors, in connection with the GO bondholders' objections
  to the Debtor's production protocols and privilege logs.

(e)   <u>Communications with the Commonwealth, its Instrumentalities or Representatives of the
Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$28,614.30</u>; Hours: <u>37.70</u>)
(Fees for work performed in Puerto Rico:  <u>$379.50</u>; Hours:  <u>0.50</u>)
(Aggregate Fees: <u>$28,993.80</u>; Aggregate Hours:  <u>38.20</u>)

76.    This Project Category includes time spent communicating with the Debtor's

representatives in various matters related to the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent

time:

- Communicating with counsel and other advisors to AAFAF regarding strategic
  considerations in connection with Rule 2004 production issues, including
  privilege log category development and review;

- Communicating with counsel and other advisors to AAFAF regarding the
  renewed Rule 2004 motion by the Unsecured Creditors' Committee and
  proposed protective orders;

- Communicating with counsel and other advisors to AAFAF in connection with
  the GO bondholders' objections to the Debtor's production protocols and
  proposed revisions to the Debtor's privilege logs;

- Communicating with counsel and other advisors to AAFAF regarding
  deliberative process privilege issues in connection with the production of fiscal
  plan materials.

43

(f)   Documents Filed on Behalf of the Board (Project Category 206)
(Fees:  $161,059.80; Hours:  212.20)
(Fees for work performed in Puerto Rico:  $227.70; Hours:  0.30)
(Aggregate Fees: $161,287.50; Aggregate Hours:  212.50)

77.     This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys and paraprofessionals spent time:

- Opposing challenges to the production protocol of fiscal plan development materials and conducting research and drafting the Oversight Board's declarations supporting the invocation of the deliberative process privilege;

- Opposing challenges to the fiscal plan development material production protocol, conferring with other advisors to the Debtor, and reviewing their proposed declarations supporting the invocation of the deliberative process privilege;

- Drafting an urgent motion to seal exhibits to the Independent Investigator's report and oppositions to motions to compel the production of fiscal plan development materials; and

- Reviewing and revising the joint status report.

(g)   Non-Board Court Filings (Project Category 207)
(Fees:  $12,879.10; Hours:  17.10)
(Fees for work performed in Puerto Rico:  $834.90; Hours:  1.10)
(Aggregate Fees: $13,714.00; Aggregate Hours:  18.20)

78.     This Project Category includes time spent reviewing and commenting on Court

orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly

covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent

time:

- Reviewing and analyzing GO bondholders' objections to the Debtor's production protocols, proposed revisions to the Debtor's privilege logs, and related stipulations;

- Reviewing and analyzing the renewed Rule 2004 motion by the Unsecured Creditors' Committee and the Independent Investigator's related statements; and

- Reviewing and analyzing multiple court orders resolving privilege disputes and addressing challenges to production protocols.

44

(h)   Adversary Proceeding (Project Category 209)
      (Fees:  $36,264.70; Hours:  48.70)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees:  $36,264.70; Aggregate Hours:  48.70)

79.   This project category includes time spent on various contested matters and adversary proceedings, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing sample documents from the Proskauer discovery team and McKinsey in connection with the privilege assessment of challenged categories on the Oversight Board's privilege log.

(i)   Analysis and Strategy (Project Category 210)
      (Fees:  $207,652.40; Hours:  277.40)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees: $207,652.40; Aggregate Hours:  277.40)

80.   This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(j)   General Administration (Project Category 212)
      (Fees:  $38,129.40; Hours:  145.50)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
       (Aggregate Fees: $38,129.40; Aggregate Hours:  145.50)

81.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

**VIII.**  **Matter No. 33260/040 (Commonwealth Title III – Cooperativas) and No. 33260/940 (Commonwealth Title III – Cooperativas Puerto Rico)**

82.     These matter numbers cover time spent working on challenges and adversary proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de Ahorro y Credito Abraham Rosa v. Commonwealth*, 18-AP-028, and any appeals related thereto.

(a)   Communications with Claimholders (Project Category 204)
      (Fees:  $8,576.70; Hours:  11.30)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees: $8,576.70; Aggregate Hours:  11.30)

83.     This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Preparing for and participating in discussions with the Cooperativas' counsel and co-counsel, and drafting a meet-and-confer letter regarding the motion to dismiss the adversary proceeding.

(b)   Documents Filed on Behalf of the Board (Project Category 206)
      (Fees:  $94,495.50; Hours:  124.50)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees: $94,495.50; Aggregate Hours:  124.50)

84.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time analyzing the legal issues of the Cooperativas' complaints, conducting research, and drafting a motion to dismiss the *Cooperativas* adversary proceeding.

(c)   General Administration (Project Category 212)
      (Fees:  $5,850.00; Hours:  22.50)
      (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
      (Aggregate Fees: $5,850.00; Aggregate Hours:  22.50)

85.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

IX.     **Matter No. 33260/041 (Commonwealth Title III – Miscellaneous) and No. 33260/941 (Commonwealth Title III – Miscellaneous Puerto Rico)**

86.     These matter numbers cover time spent working on several different, miscellaneous motions and adversary proceedings, and any appeals related thereto.  In this Compensation Period, items billed to this matter included, among other things, work on (*i*) various motions for relief from the Title III stay; (*ii*) the UCC's stay enforcement motion [Case No. 17 BK 3283-LTS, ECF No. 3797]; (*iii*) the UCC's derivative standing motion [Case No. 17 BK 3283-LTS, ECF No. 3881]; (*iv*) the *Official Committee of Unsecured Creditors et al. v. Commonwealth of Puerto Rico, et al.* adversary proceeding, Case No. 18-AP-101; (*v*) the *Pinto-Lugo* adversary proceeding, Case No. 18-AP-41; (*vi*) the *PFZ* adversary proceeding, Case No. 18-AP-56; and (*vii*) the *UECFSE* adversary proceeding, Case No. 18-AP-66.

(a)     Legal Research (Project Category 202)
        (Fees:  $35,338.10; Hours:  55.50)
        (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
        (Aggregate Fees:  $35,338.10; Aggregate Hours:  55.50)

87.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues related to the Debtor's Title III adversary cases, including motions to stay, dispositive motions, standing issues, and discovery-related matters.

(b)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
(Fees:  <u>$6,982.90</u>; Hours:  <u>9.20</u>)
(Fees for work performed in Puerto Rico:  <u>$2,201.10</u>; Hours:  <u>2.90</u>)
(Aggregate Fees: <u>$9,183.90</u>; Aggregate Hours:  <u>12.10</u>)

88.     This Project Category includes time spent communicating with the Court and
reviewing the Court's communications and procedures.   Specifically, Proskauer attorneys and
paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements; and
- Preparing for and participating in the omnibus hearing addressing the stay enforcement motion filed by the Unsecured Creditors' Committee;

(c)   <u>Communications with Claimholders (Project Category 204)</u>
(Fees: <u>$29,752.80</u>; Hours: <u>39.20</u>)
(Fees for work performed in Puerto Rico:  <u>$0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees: <u>$29,752.80</u>; Aggregate Hours: <u>39.20</u>)

89.     This Project Category includes time spent communicating with the Debtor's various
claimholders.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel for the statutory committees and other claimholders regarding various dispositive motions and standing issues in various adversary proceedings;
- Drafting meet-and-confer letters and preparing for and participating in meet-and-confer calls and sessions with claimholders and their advisors;
- Communicating with the claimholders and their advisors on scheduling and procedural matters.

(d)   <u>Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$25,047.00</u>; Hours:  <u>33.00</u>)
(Fees for work performed in Puerto Rico:  <u>$607.20</u>; Hours:  <u>0.80</u>)
(Aggregate Fees:  <u>$25,654.20</u>; Aggregate Hours:  <u>33.80</u>)

90.     This Project Category includes time spent communicating with the Debtor's
representatives in various matters related to the Debtor's Title III Case, to the extent not expressly
covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent
time:

- Communicating with counsel for the Governor, the Commonwealth, and plaintiffs' counsel on various procedural and scheduling issues;
- Conferring with Commonwealth counsel on motions to stay proceedings, standing issues, and dispositive motions in the Debtor's adversary proceedings.

(e)   Documents Filed on Behalf of the Board (Project Category 206)
       (Fees:  $714,677.00; Hours:  946.60)
       (Fees for work performed in Puerto Rico:  $6,223.80; Hours:  8.20)
       (Aggregate Fees:  $720,900.80; Aggregate Hours:  954.80)

91.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting dispositive motions and responses to complaints in a number of adversary proceedings, such as *Pinto Lugo* and the *Union de Empleados* cases;
- Drafting pleadings related to extension of deadlines and other procedural and scheduling issues; and
- Preparing joint status reports.

(f)   Non-Board Court Filings (Project Category 207)
       (Fees:  $67,276.00; Hours:  93.70)
       (Fees for work performed in Puerto Rico:  $1,442.10; Hours:  1.90)
       (Aggregate Fees:  $68,718.10; Aggregate Hours:  95.60)

92.     This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing newly filed adversary complaints involving the Debtor and related motions to stay, abstain, and intervene by various parties;
- Reviewing and analyzing court orders, reports, and recommendations; and
- Analyzing dispositive motions and related briefs filed by claimholders and various parties in interest.

(g)   Stay Matters (Project Category 208)
       (Fees:  $291,313.90; Hours:  387.10)
       (Fees for work performed in Puerto Rico:  $9,791.10; Hours:  12.90)

49

(Aggregate Fees: $301,105.00; Aggregate Hours: 400.00)

93.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing newly filed lift stay requests involving the Commonwealth;

- Conducting research and analyzing stay and intervention issues in pending adversary cases;

- Communicating with AAFAF, claimholders, and their respective counsel regarding a variety of issues related to lift stay requests; and

- Drafting responses to lift-stay motions and stipulations permitting modifications of the stay; and

- Analyzing the UCC's stay enforcement motion and then researching and drafting an opposition to the motion on an expedited time frame.

(h)   Analysis and Strategy (Project Category 210)
(Fees: $65,145.30; Hours: 88.00)
(Fees for work performed in Puerto Rico: $683.10; Hours: 0.90)
(Aggregate Fees: $65,828.40; Aggregate Hours:  88.90)

94.     This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(i)   General Administration (Project Category 212)
(Fees: $20,639.80; Hours: 79.00)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $20,639.80; Aggregate Hours: 79.00)

95.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of

documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team,

the Debtor, and other parties in interest.

     (j)   Legal/ Regulatory Matters (Project Category 214)
          (Fees: $12,144.00; Hours: 16.00)
          (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
          (Aggregate Fees: $12,144.00; Aggregate Hours: 16.00)

96.    This Project Category includes time spent on communications or dealings with any

U.S. regulatory, congressional, or governmental entity. Specifically, Proskauer attorneys and

paraprofessionals spent time:

- Conferring with counsel for the United States, Governor, and Commonwealth on procedural and scheduling issues in *Pinto Lugo v. U.S.*, Case No. 18-AP-41, and *UECFSE v. U.S.*, Case No. 18-AP-66; and

- Preparing for and participating in discussions with Department of Justice and AAFAF concerning litigation strategy in *PFZ Properties, Inc. v. Commonwealth*, Case No. 18-AP-056, and the *UECFSE* adversary proceeding, Case No. 18-AP-66.

## X.   Matter No. 33260/060 (Commonwealth Title III – Assured) and No. 33260/960 (Commonwealth Title III – Assured Puerto Rico)

97.    These matter numbers cover time spent working on the *Assured Guaranty Corp., et*

*al. v. Commonwealth of Puerto Rico, et al.* adversary proceeding, Case No. 18-AP-59, and any

appeals related thereto.

     (a)   Legal Research (Project Category 202)
          (Fees: $10,260.40; Hours: 17.20)
          (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
          (Aggregate Fees: $10,260.40; Aggregate Hours: 17.20)

98.    This Project Category includes time spent researching and analyzing legal issues, as

well as time spent drafting internal memoranda and/or draft briefs related to such research and

analysis, to the extent that such is not expressly covered by another Project Category. Specifically,

Proskauer attorneys and paraprofessionals spent time researching a variety of legal issues related to the stay of actions and a motion to dismiss the *Assured* adversary proceeding.

    (b)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
        (Fees: <u>$113,492.80</u>; Hours: <u>154.00</u>)
        (Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
        (Aggregate Fees: <u>$113,492.80</u>; Aggregate Hours: <u>154.00</u>)

    99.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and drafting a motion to stay proceedings pending the adjudication of Ambac's appeal to the First Circuit Court of Appeals, as well as a motion to extend the time permitted to respond to the adversary complaint.

    (c)   <u>Non-Board Court Filings (Project Category 207)</u>
        (Fees: <u>$15,104.10</u>; Hours: <u>19.90</u>)
        (Fees for work performed in Puerto Rico: <u>$986.70</u>; Hours: <u>1.30</u>)
        (Aggregate Fees: <u>$16,090.80</u>; Aggregate Hours: <u>21.20</u>)

    100.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time analyzing and reviewing legal issues pertaining to the amended complaint filed by Assured, Assured's opposition to the motion to stay the proceedings, and related Court orders in the *Assured* adversary proceeding.

    (d)   <u>Stay Matters (Project Category 208)</u>
        (Fees: <u>$154,317.80</u>; Hours: <u>209.30</u>)
        (Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
        (Aggregate Fees: <u>$154,317.80</u>; Aggregate Hours: <u>209.30</u>)

    101.    This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing Judge Dein's

recommendation and report staying the *Assured* adversary proceeding, Assured's objection thereto, and conducting research for and drafting a response to Assured's objection.

(e)   Analysis and Strategy (Project Category 210)
     (Fees:  $28,945.20; Hours:  40.70)
     (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
     (Aggregate Fees: $28,945.20; Aggregate Hours:  40.70)

102.   This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.

(f)   General Administration (Project Category 212)
     (Fees:  $6,864.00; Hours:  26.40)
     (Fees for work performed in Puerto Rico:  $0.00; Hours:  0.00)
     (Aggregate Fees: $6,864.00; Aggregate Hours:  26.40)

103.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

XI.   **Matter No. 33260/061 (Commonwealth Title III –  Fiscal Plan/ Budget Litigation) and No. 33260/961 (Commonwealth Title III –  Fiscal Plan/ Budget Litigation Puerto Rico)**

104.   These matter numbers cover time spent related to challenges by the Commonwealth government to fiscal plans and budgets certified by the Oversight Board, including *Rossello v. FOMB*, Case No. 18-AP-080, and *Rivera-Schatz v. FOMB,* Case No. 18-AP-081, and on any appeals related thereto.

    (a)   <u>Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants</u>
<u>(Project Category 201)</u>
(Fees: <u>$35,445.30</u>; Hours: <u>46.70</u>)
(Fees for work performed in Puerto Rico: <u>$455.40</u>; Hours: <u>0.60</u>)
(Aggregate Fees: <u>$35,900.70;</u> Aggregate Hours: <u>47.30</u>)

105.    This Project Category includes time spent communicating with the Oversight Board, and its other representatives, agents, and consultants, as well as preparing for and advising on fiscal plans, public meetings, litigation and related issues. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board and its other advisors regarding the complaint allegations in the *Rossello* and *Rivera-Schatz* adversary proceedings;

- Conferring with the Oversight Board and its other advisors regarding litigation strategy and the drafting of dispositive motions in the *Rossello* and *Rivera-Schatz* adversary proceedings; and

- Conferring with the Oversight Board and its other advisors regarding Judge Swain's orders on the *Rossello* and *Rivera-Schatz* complaints.

    (b)   <u>Legal Research (Project Category 202)</u>
(Fees: <u>$39,184.50</u>; Hours: <u>74.90</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$39,184.50</u>; Aggregate Hours: <u>74.90</u>)

106.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching PROMESA's legislative history and a variety of legal and procedural issues for motions to dismiss the *Rossello* and *Rivera-Schatz* adversary proceedings; and

- Conducting research on intervention-related issues in connection with requests to intervene by APRUM and the minority party of the Legislature.

    (c)   <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
(Fees: <u>$31,574.40</u>; Hours: <u>41.60</u>)
(Fees for work performed in Puerto Rico: <u>$25,274.70</u>; Hours: <u>33.30</u>)
(Aggregate Fees: <u>$56,849.10</u>; Aggregate Hours: <u>74.90</u>)

54

107.   This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding scheduling and procedural issues;
- Preparing for and participating in hearings on motions to dismiss the *Rossello* and *Rivera-Schatz* adversary proceedings; and
- Reviewing and analyzing transcripts of Court hearings.

(d)   <u>Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$17,684.70</u>; Hours:  <u>23.30</u>)
(Fees for work performed in Puerto Rico:  <u>$151.80</u>; Hours:  <u>0.20</u>)
(Aggregate Fees:  <u>$17,836.50</u>; Aggregate Hours:  <u>23.50</u>)

108.   This Project Category includes time spent communicating with the Debtor's representatives in various matters related to the Debtor's Title III Case, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel and other advisors to AAFAF and the Governor of Puerto Rico on procedural and scheduling matters in the *Rossello* adversary proceeding;
- Preparing for and participating in the meet-and-confer communications with counsel for the Legislature on procedural and scheduling matters in the *Rivera-Schatz* adversary proceeding;
- Conferring with counsel for the minority party regarding their intention to intervene in the *Rivera-Schatz* adversary proceeding; and
- Conferring with counsel to AAFAF on proposed dispositive motions, responses to requests to intervene, the treatment of the remaining claims in the *Rossello* adversary proceeding, and preparing joint status reports.

(e)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$974,630.20</u>; Hours:  <u>1,307.70</u>)
(Fees for work performed in Puerto Rico:  <u>$16,318.50</u>; Hours:  <u>21.50</u>)
(Aggregate Fees:  <u>$990,948.70</u>; Aggregate Hours:  <u>1,329.20</u>)

109.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor (based upon a very abbreviated schedule), to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and drafting dispositive motions and related briefs in the *Rossello* and *Rivera-Schatz* adversary proceedings;

- Conducting research and drafting opposition to motions to intervene by APRUM and the minority party; and

- Drafting a response to the Governor's complaint, a stipulation addressing the remaining claims, and an opposition to the Governor's motion to certify questions for appeal in the *Rossello* adversary proceeding.

(f)    Non-Board Court Filings (Project Category 207)
(Fees:  $141,781.20; Hours:  186.80)
(Fees for work performed in Puerto Rico:  $531.30; Hours:  0.70)
(Aggregate Fees:  $142,312.50; Aggregate Hours:  187.50)

110.    This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing complaints, multiple intervention motions, and responses to dispositive motions in the *Rossello* and *Rivera-Schatz* adversary proceedings;

- Reviewing and analyzing multiple related Court orders and opinions.

(g)    Analysis and Strategy (Project Category 210)
(Fees: $90,369.90; Hours: 119.10)
(Fees for work performed in Puerto Rico: $151.80; Hours: 0.20)
(Aggregate Fees: $90,548.70; Aggregate Hours:  119.30)

111.    This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps,

and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(h)   <u>Non-Working Travel Time (Project Category 211)</u>
(Fees: <u>$3,187.80</u>; Hours: <u>4.20</u>)
(Fees for work performed in Puerto Rico: <u>$8,045.40</u>; Hours: <u>10.60</u>)
(Aggregate Fees: <u>$11,233.20</u>; Aggregate Hours: <u>14.80</u>)

112.   This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(i)   <u>General Administration (Project Category 212)</u>
(Fees: <u>$18,263.30</u>; Hours: <u>68.90</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$18,263.30</u>; Aggregate Hours: <u>68.90</u>)

113.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(j)   <u>Appeal (Project Category 219)</u>
(Fees: <u>$12,940.00</u>; Hours: <u>22.90</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$12,940.00</u>; Aggregate Hours: <u>22.90</u>)

114.   This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with counsel for AAFAF and the Governor regarding the filing of an interlocutory appeal;

- Researching and analyzing procedural matters in the *Rossello* and *Rivera-Schatz* appellate cases in the First Circuit Court of Appeals;
- Reviewing and analyzing appellate briefs, researching appellate strategies, and identifying appellate issues and standards of appellate review.

*       *       *       *

115.    The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

116.    In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

## **Actual and Necessary Expenses of Proskauer**

117.    Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

118.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers,

58

(d) local travel to and from airports, (e) out-of-town travel and lodging, (f) out-of-town meals, (g) court fees, (h) transcription services, (i) litigation support, and (j) professional services. All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available. The reasons for the expenses are self-explanatory. In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

119. Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**. As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading. The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

120. During the Compensation Period, Proskauer has disbursed **$228,540.36** as necessary and reasonable expenses. These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not require extensive photocopying and other facilities and services). Only clients who actually benefit from services of the kind set forth in **Exhibit B** are separately charged for such services. Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.

The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

121.   All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

122.   PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded
> … the court shall consider the nature, the extent, and the value of
> such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

123.    As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

## **Reservations**

124.    To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## **Notice**

125.    Pursuant to the Interim Compensation Order, notice of this Application has been filed in the Debtor's Title III Case and served upon:

61

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges. com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com)   and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner. com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@ hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$8,001,864.20** (which represents 100% of compensation sought for the Compensation Period, including the 10% professional compensation holdback amount), $7,739,402.00 of which represents fees earned outside of Puerto Rico and $262,462.20 of which represents fees earned in Puerto Rico, and reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$228,540.36**; (b) directing the Debtor to pay promptly to Proskauer the difference between (*i*) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (*ii*) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional

compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: November 16, 2018
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
        ppossinger@proskauer.com
        ebarak@proskauer.com
        mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*