**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>Puerto Rico Sales Tax Financing Corporation (COFINA),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**THE PUERTO RICO FUNDS' RESPONSE TO**
**BANK OF NEW YORK MELLON'S OBJECTION TO THE PROPOSED**
**DISCLOSURE STATEMENT FOR THE COFINA PLAN OF ADJUSTMENT**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

1

Certain Puerto-Rico based mutual funds (collectively, the "Puerto Rico Funds")[2] hereby submit this this response (the "Response") to the *Objection of the Bank of New York Melon, as Trustee, to the Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [ECF No. 324] (the "Objection"),[3] and respectfully state as follows:

## ARGUMENT

1. In its Objection, the indenture trustee for the COFINA Bonds, Bank of New York Mellon ("BNYM"), disguises its apparent objections to confirmation of the Plan of Adjustment as objections to the Disclosure Statement. The Objection is without merit and should be denied.

2. The Puerto Rico Funds are (i) holders of over $600 million of COFINA Bonds, (ii) parties to the PSA, (iii) Consummation Cost Parties under the proposed Plan of Adjustment, and (iv) parties to litigation concerning COFINA's property rights both prior to and during this Title III Case. Without question, the proposed Plan of Adjustment is a monumental achievement in the rehabilitation of Puerto Rico and its instrumentalities. It is the product of more than a year of arm's length (and at times, arm breaking) negotiations led by the mediation team of distinguished federal judges appointed by this Court.

---

[2] The Puerto Rico Funds are the following Puerto Rico-based funds: Puerto Rico AAA Portfolio Bond Fund II, Inc.; Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund, Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed Income Fund V, Inc.; Puerto Rico Fixed Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; Puerto Rico Investors Bond Fund I; Puerto Rico Investors Tax-Free Fund, Inc.; Puerto Rico Investors Tax-Free Fund, Inc. II; Puerto Rico Investors Tax-Free Fund III, Inc.; Puerto Rico Investors Tax-Free Fund IV, Inc.; Puerto Rico Investors Tax-Free Fund V, Inc.; Puerto Rico Investors Tax-Free Fund VI, Inc.; Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.; and UBS IRA Select Growth & Income Puerto Rico Fund.

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [ECF No. 310] (the "Disclosure Statement").

3. While BNYM tries to shoot holes in the proposed Disclosure Statement over alleged lack of adequate information concerning the Consummation Costs payable to the Consummation Cost Parties under the Plan of Adjustment, the fact remains that the Disclosure Statement contains more than adequate information.

4. BNYM's assertion that if the Consummation Costs are Administrative Expense Claims, the Disclosure Statement fails to "provide information sufficient to enable a hypothetical investor . . . to make an informed judgment about the Plan," Objection, ¶ 19, is simply incorrect.

5. Section 1125(b) of title 11 of the United States Code (the "Bankruptcy Code"), incorporated into in section 301 of the Puerto Rico Oversight, Management and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("PROMESA"), provides that acceptance or rejection of a plan of adjustment from holders of claims or interests may not be solicited unless a disclosure statement approved by the court, containing "adequate information" is transmitted to such holder. 11 U.S.C. § 1125(b).

6. What constitutes "adequate information" varies from case to case. In re Oxford Homes, 204 B.R. 264, 269 (Bankr. D. Me. 1997). A court should evaluate the information provided in a disclosure statement "in light of the particular circumstances of the case and the 'need for a quick solicitation and confirmation.'" In re El Comandante Mgmt. Co., LLC, 359 B.R. 410, 414 (Bankr. D.P.R. 2006) (quoting Norton Bankr. L. & P. 2d § 86.22). Underpinning the adequate information requirement is the idea that "[c]reditors deserve to be fairly informed of the transaction costs entailed in the reorganization plan they are being asked to back." Oxford Homes at 269. The Disclosure Statement does exactly that.

7. Here, the Disclosure Statement has gone beyond simply providing the transaction costs entailed in the proposed reorganization of COFINA. It contains information regarding the

nature, justification, treatment and tax consequences of the Consummation Costs. See Disclosure Stmt., IV.E.4., VI.C.3. XIII.B.2.c(2), XVI.2. The Disclosure Statement also explains that the purpose of the Consummation Costs is "to compensate Consummation Cost Parties for the cost of negotiation, confirmation and consummation of the Term Sheet and the Plan of Adjustment, and in consideration of (a) the negotiation, execution and delivery of the Amended PSA by each Consummation Cost Party and (b) the obligations and covenants contained in the Amended PSA." Disclosure Stmt., VI.C.3.

8. Nevertheless, in response to the Objection, the Puerto Rico Funds understand FOMB is providing additional disclosure. Moreover, the *Response of the COFINA Senior Bondholders' Coalition to the Objections of Bank of New York Mellon to the Proposed Disclosure Statement for the COFINA Plan of Adjustment* [ECF No. 351] outlines additional justification and disclosure regarding the Consummation Costs.

9. As stated, the Consummation Costs are a critical part of a multi-faceted global resolution of the Commonwealth-COFINA Dispute, resulting in the Plan of Adjustment and the Disclosure Statement. The Consummation Cost Parties are entitled to the Consummation Costs as a key component toward obtaining the requisite support for the Plan of Adjustment required to implement the compromises and settlements contained therein. Furthermore, under the PSA, the Consummation Cost Parties have agreed to "lock up" and other trading restrictions concerning their COFINA Bonds during much of the process and forfeit the right to trade such bonds on the open market.

10. In addition to protecting COFINA and COFINA bondholders' interest and facilitating a global resolution that allows COFINA to emerge from its Title III Case, the Consummation Cost Parties, including the Puerto Rico Funds, incurred significant expenses.

The Consummation Cost Parties retained legal counsel and financial advisors to advise them in this process. The Consummation Cost Parties and their professionals devoted countless hours preparing for and attending hearing and mediation sessions.

11. Simply put, the PSA and the Plan would not be possible without the Consummation Cost Parties' efforts. The Objection by BNYM is without merit and the Disclosure Statement should be approved.

## **CONCLUSION**

For the foregoing reasons, the Court should approve the Disclosure Statement.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, November 16, 2018.

By:

| */s/ Alicia I. Lavergne-Ramirez* | */s/ John K. Cunningham* |
|---|---|
| José C. Sánchez-Castro | John K. Cunningham (*pro hac vice*) |
| USDC-PR 213312 | Glenn M. Kurtz (*pro hac vice*) |
| jsanchez@sanpir.com | WHITE & CASE LLP |
| | 1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez | New York, NY 10036 |
| USDC-PR 215112 | Tel. (212) 819-8200 |
| alavergne@sanpir.com | Fax (212) 354-8113 |
| | jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero | gkurtz@whitecase.com |
| USDC-PR 225504 | |
| mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*) |
| | Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC | WHITE & CASE LLP |
| 270 Muñoz Rivera Avenue, Suite 1110 | 200 S. Biscayne Blvd., Suite 4900 |
| San Juan, PR 00918 | Miami, FL 33131 |
| Tel. (787) 522-6776 | Tel. (305) 371-2700 |
| Fax: (787) 522-6777 | Fax (305) 358-5744 |
| | jzakia@whitecase.com |
| *Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target* | csloane@whitecase.com  *Counsel for Puerto Rico AAA Portfolio Bond* |

*Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

*Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*