**Hearing Date**: March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
                                                                         :
In re:                                                                   :
                                                                         :
THE FINANCIAL OVERSIGHT AND                                              :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                        :  Title III
                                                                         :
      as representative of                  :  Case No. 17-BK-3283 (LTS)
                                                                         :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                               :  (Jointly Administered)
                                                                         :
      Debtors.[1]                           :
------------------------------------------------------------------------ x

**NOTICE OF HEARING ON SECOND INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM <u>APRIL 16, 2018 THROUGH SEPTEMBER 15, 2018</u>**

**PLEASE TAKE NOTICE** that a hearing on the annexed *Second Interim Fee Application of Kroma Advertising, Inc., as Communications Advisor to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from April 16, 2018 through September 15, 2018* (the "<u>Application</u>") filed by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

before the Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 1715] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (as defined in the Interim Compensation Order) recommending approval of the Application in full or in part, the Court may grant the Application without a hearing.

Dated: November 16, 2018         */s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date**: March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- x
:
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      :   Title III
                                                                       :
          as representative of                                         :   Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                             :   (Jointly Administered)
                                                                       :
          Debtors.[1]                                                  :
---------------------------------------------------------------------- x

**SECOND INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM APRIL 16, 2018 THROUGH SEPTEMBER 15, 2018**

**SUMMARY COVER SHEET**

| Name of applicant: | Kroma Advertising, Inc. ("Kroma") |
|---|---|
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") |
| Date of retention: | Order entered February 22, 2018, effective as of February 1, 2018 [Docket No. 2572] |
| Period for which compensation and reimbursement are sought: | April 16, 2018 through and including September 15, 2018 (the "Application Period") |

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

-2-

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $150,000.00 |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $4,210.16 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $108,000.00 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $4,210.16 |
| Total compensation approved by interim order to date: | $60,000.00 |
| Total expenses approved by interim order to date: | $19,509.35 |
| Total allowed compensation paid to date: | $54,000.00 |
| Total allowed expenses paid to date: | $19,509.35 |

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|
| **Interim Fee Period: February 15, 2018 through May April 15, 2018** | | | | | | |
| 4/25/18 | 2/15/18 - 3/15/18 | $27,000.00 | $0.00 | $27,000.00 | $0.00 | $3,000.00 |
| 6/1/18 | 3/16/18 - 4/15/18 | $27,000.00 | $19,509.35 | $27,000.00 | $19,509.35 | $3,000.00 |
| **Total** | | **$54,000.00** | **$19,509.35** | **$54,000.00** | **$19,509.35** | **$6,000.00** |
| | | | | | | |
| **Interim Fee Period: April 16, 2018 through September 15, 2018** | | | | | | |
| 8/24/18 | 4/16/18 - 5/15/18 | $27,000.00 | $0.00 | $27,000.00 | $0.00 | $3,000.00 |
| 8/24/18 | 5/16/18 - 6/15/18 | $27,000.00 | $0.00 | $27,000.00 | $0.00 | $3,000.00 |
| 8/24/18 | 6/16/18 - 7/15/18 | $27,000.00 | $4,210.16 | $27,000.00 | $4,210.16 | $3,000.00 |
| 9/24/18 | 7/16/18 - 8/15/18 | $27,000.00 | $0.00 | $27,000.00 | $0.00 | $3,000.00 |
| 11/8/18 | 8/16/18 - 9/15/18 | $27,000.00 | $0.00 | $0.00 | $0.00 | $3,000.00 |
| **Total** | | **$135,000.00** | **$4,210.16** | **$108,000** | **$4,210.16** | **$15,000.00** |

-3-

-4-

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/16/18 Docket No. 3566 | 2/15/18 - 4/16/18 | $60,000.00 | $19,509.35 | Docket No. 4200 | Allowed: $60,000.00 Paid: $54,000.00 Authorized to be paid: $60,000.00 | Allowed: $19,509.35 Paid: $19,509.35 Authorized to be paid: $19,509.35 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                        :
In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND                             :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                       :    Title III
                                                        :
        as representative of                            :    Case No. 17-BK-3283 (LTS)
                                                        :
THE COMMONWEALTH OF PUERTO RICO, et al.,                :    (Jointly Administered)
                                                        :
        Debtors.¹                                       :
------------------------------------------------------------------------ x
```

**SECOND INTERIM FEE APPLICATION OF KROMA ADVERTISING, INC., AS COMMUNICATIONS ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM APRIL 16, 2018 THROUGH SEPTEMBER 15, 2018**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

## **SUPPORTING SCHEDULES**

SCHEDULE 1        MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 2        PROPOSED ORDER

To the Honorable United States District Court Judge Laura Taylor Swain:

Kroma Advertising, Inc. ("Kroma"), communications advisor to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"),[1] for its second application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Kroma for the period from April 16, 2018 through and including September 15, 2018 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## BACKGROUND

1.   On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a) of PROMESA (the "Commonwealth Title III Case").  Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric Power Authority (the "PREPA Title III Case") (and together with the Commonwealth Title III

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

-3-

Case, the "Title III Cases").³ By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

2. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") appointed the Committee as the official committee for the Commonwealth [Docket No. 338]. On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

3. On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").⁴ On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order"). The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

4. On January 25, 2018, the Committee selected Kroma as its communications advisor. On February 1, 2018, the Committee filed an application to retain and employ Kroma as communications advisor, effective February 1, 2018 [Docket No. 2325] (the "Retention Application"). By order of this Court entered February 22, 2018 [Docket No. 2572] (the "Retention Order"), incorporated herein by this reference, Kroma's retention as communications advisor to the Committee was approved effective as of February 1, 2018.

---

3 Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

4 The Interim Compensation Order was most recently amended on June 6, 2018.

-4-

5. The Retention Order authorized Kroma to be compensated on a monthly basis at a flat monthly rate of $30,000 and be reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Kroma under this Order shall be an administrative expense of the Debtors."

6. On July 16, 2018, Kroma filed its first interim fee application with respect to the period from February 15, 2018 through April 15, 2018 [Docket No. 3566] (the "First Interim Fee Application"). The compensation requested in the First Interim Fee Application was allowed pursuant to this Court's order awarding interim allowance of compensation entered on November 9, 2018 [Docket No. 4200].

7. This is Kroma's second interim fee application, covering the period from April 16, 2018 through September 15, 2018. All services for which compensation is requested were performed for or on behalf of the Committee.

**COMPENSATION AND REIMBURSEMENT REQUEST**

8. By this Application, Kroma seeks allowance of compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of $150,000 and expense reimbursements in the aggregate amount of $4,210.16.

9. The Committee has approved the amounts requested by Kroma for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee.

10. To date, Kroma has received payments for services rendered during the Application Period in the amount of $112,210.16. As of the date of this Application, the amount

of $27,000 (reflecting 90% of fees and 100% of expenses for the period from August 16 through September 15, 2018) remains unpaid. In addition, Kroma has not received payments for the 10% holdback (i.e., $6,000.00) on account of the fees sought in Kroma's First Interim Fee Application and which were allowed by order of the Court dated November 9, 2018 [Docket No. 4200].

11. Other than payments made in accordance with the Interim Compensation Order, Kroma has received no payment and no promises of payment from any source for services rendered during the Application Period. By this Application, Kroma requests allowance of all fees and expenses incurred for services rendered during the Application Period. At this time, however, Kroma seeks payment of only (a) 90% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.

12. There is no agreement or understanding between Kroma and any other person, other than the employees and staff of Kroma, for the sharing of compensation to be received for services rendered in these cases.

13. To the extent that monthly fee or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Kroma has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Kroma reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## **SUMMARY OF SERVICES**

14. During the Application Period, Kroma assisted and advised the Committee in a number of key areas.

15. First, Kroma continued to assist the Committee in connection with the Committee's in-person claims information sessions, in particular the sessions held in Mayagüez, Ponce, and Arecibo, Puerto Rico on April 18, 20, and 26, respectively. As discussed in the First Interim Fee Application, publicity was a key element to the success of these information sessions, and during the Application Period Kroma continued to implement a multi-pronged communications strategy to generate awareness of the information sessions and drive turnout by, among other things, (a) designing and placing newspaper advertisements; (b) designing and arranging for the distribution of flyers in each of the cities in Puerto Rico where the information sessions were held; (c) maintaining and updating the new Committee website used to publish the locations and dates of the information sessions, along with contact information for the Committee's advisors to allow creditors to email or call with questions; and (d) maintaining the Committee's Facebook page to inform additional creditors about the information sessions.

16. Furthermore, in May and June of 2018 the Committee's Kroma-maintained website allowed numerous creditors to obtain information about the proof of claim filing process and to contact the Committee's advisors with questions. Among other things, the website alerted creditors with respect to the extension of the claims-filing deadline from May 29 to June 29, 2018 and provided links to the proof of claim form, the website for the online filing of proofs of claim, and related resources.

17. Kroma also assisted the Committee in providing notice to COFINA bondholders with respect to proposed procedures for the collection of sales-and-use tax in connection with the *Commonwealth Agent's Renewed Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected on or After July 1, 2018* [Docket No. 526 in Adv. Proc. 17-00257-LTS] (the "Renewed

SUT Procedures Motion"). Kroma assisted the Committee with respect to the design and publication of a notice in Puerto Rico's leading newspaper, *El Nuevo Día*, as well as the placement of the notice in a conspicuous location on the Committee's website.

18. Finally, Kroma provided the Committee with other valuable communications services, including but not limited to providing translations of press materials as needed and advising the Committee and its advisors with respect to public relations issues. This assistance was highly valuable during the Application Period given the intense press coverage relevant to the Committee, including, among other things, coverage of the agreement in principle between the Committee (as Commonwealth Agent) and the COFINA Agent in connection with the Commonwealth-COFINA litigation (as well as other competing proposals with respect to the resolution of that litigation), and coverage of the Committee's renewed motion pursuant to Bankruptcy Rule 2004 with respect to an investigation of the causes of Puerto Rico's fiscal crisis.

\* \* \*

19. The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

**ACTUAL AND NECESSARY DISBURSEMENTS**

20. Kroma disbursed $4,210.16 as expenses incurred in providing professional services during the Application Period. This amount includes the reimbursement of expenses for publication of the notice to COFINA bondholders with respect to proposed procedures for the collection of sales-and-use tax in connection with the Renewed SUT Procedures Motion.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

21. Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> > (i) the time spent on such services;
> >
> > (ii) the rates charged for such services;
> >
> > (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
> >
> > (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> >
> > (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
> >
> > (vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c). Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

22. In the instant case, Kroma respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

## NOTICE

23. In accordance with the Interim Compensation Order, Kroma will provide notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián, C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson; and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

[*Remainder of page intentionally left blank.*]

## CONCLUSION

WHEREFORE, Kroma respectfully requests entry of an order, substantially in the form attached hereto as Schedule 2, (i) allowing interim compensation for professional services rendered during the Application Period in the amount $150,000.00, representing 100% of the fees billed during the Application Period, and reimbursement of $4,210.16, representing 100% of the actual and necessary expenses incurred during the Application Period; (ii) authorizing and directing the Debtors' payment of the difference between the sum of 90% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Kroma's right to seek such further compensation and/or payment for the full value of services performed and expenses incurred; and (iv) granting Kroma such other and further relief as is just.

Dated: November 16, 2018

_____
Anthony Román Pagán
Comptroller
KROMA ADVERTISING, INC.
Suite 502, ILA Building, 1055 Kennedy Ave.
San Juan, Puerto Rico 00920