**Hearing Date**: March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x

|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

------------------------------------------------------------------- x

## NOTICE OF HEARING ON FOURTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

**PLEASE TAKE NOTICE** that a hearing on the annexed *Fourth Interim Fee Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from June 1, 2018 through September 30, 2018* (the "Application") filed by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held before the Honorable Laura

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Taylor Swain, United States District Court Judge, at the United States District Court for the

District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San

Juan, Puerto Rico 00918-1767 on **March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the

"Hearing").

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Application by any party other than the Fee Examiner shall be in writing, shall conform to

the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of

Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court,

including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local

Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in

text-searchable portable document format (PDF), to the extent applicable, and shall be served in

accordance with the *Second Amended Order Setting Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation

Order"), so as to be so filed and received by Paul Hastings LLP and the other Notice Parties (as

defined in the Interim Compensation Order) no later than **December 6, 2018 at 3:00 p.m. (ET) /

4:00 p.m. (AST)** (the "Objection Deadline").

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.


Dated: November 16, 2018          */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer *(Pro Hac Vice)*
Michael E. Comerford *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

**Hearing Date**: March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x

|  |  |
|---|---|
| In re: | : |
|  | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
|  | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
|  | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
|  | : |
| Debtors.[1] | : |

---------------------------------------------------------------------- x

## FOURTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

### SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | June 1, 2018 through and including September 30, 2018 (the "Application Period") |

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | $5,795,270.25 / $4,636,216.20[2] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | $201,725.65 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | No. |
| Total compensation approved by interim order to date: | $16,225,401.74 |
| Total expenses approved by interim order to date: | $194,083.99 |
| Total allowed compensation paid to date: | $13,128,089.00 |
| Total allowed expenses paid to date: | $216,009.72 |
| Blended rate in this Application for all attorneys: | (a) $1,001 /hour / (b) $801/hour[3] |
| Blended rate in this Application for all timekeepers: | (a) $951 /hour / (b) $761/hour[3] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $2,044,887.80 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | $122,695.50 |
| The total time expended for fee application preparation during the Application Period: | Approximately 47.2 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $41,247.50 |
| Number of professionals included in this Application: | 56 |

---

[2]   While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of 80% of these fees, *i.e.*, $4,636,216.20. By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3]   The calculation of the blended hourly rates reflected in (a) does not take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time. However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | N.A. |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | N.A. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 7 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[4]  $5,301,367.00 (compared to $5,795,270.25 under the current rates). The rate adjustments reflect not only Paul Hastings' annual, across-the-board increase in its rate scale, but also step increases due to advancing seniority.[5] While $493,939.25 of Paul Hastings' fees for the Application Period are attributable to the changes in rates effective February 1, 2018 and July 1, 2018, $126,229.50 of this amount is attributable to step increases due to advancing seniority. Thus, only $367,709.75 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention, which is approximately 6.94% of the fees for the Application Period (if calculated at pre-February 1, 2018 rates). |

---

[4]   As is customary, every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  In June 2018, Paul Hastings adjusted its hourly rates for certain attorneys, which adjustments generally apply across-the-board to all Paul Hastings' clients. The Committee approved the rate adjustment effective July 1, 2018, though Paul Hastings continues to discount the hourly rate for two attorneys, as a courtesy to the Committee: for Luc Despins, the firm is charging $1,395 rather than $1,400 per hour, and for Alexander Bongartz, the firm is charging $1,125 rather than $1,200 per hour.

[5]   Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20 | $30,631.53 | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,357,280.60 | $408,763.80 | $1,357,280.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,940,890.20** | **$586,993.66** | **$6,940,890.20** | **$586,993.66** | **$1,735,222.55** |
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $1,228,820.25 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |
| 10/8/18 | 7/1/18 - 7/31/18 | $1,327,289.50 | $77,376.40 | $1,061,831.60 | $77.376.40 | $265,457.90 |

| | | | | | |
|---|---|---|---|---|---|
| 11/2/18 | 8/1/18 - 8/31/18 | $1,611,082.50 | $39,833.17 | $0.00 | $0.00 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,628,078.00 | $39,196.98 | $0.00 | $0.00 | $325,615.60 |
| **Total** | | **$5,795,270.25** | **$201,725.65** | **$2,044,887.80** | **$122,695.50** | **$1,159,054.05** |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed: $9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[6] | Allowed: $111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[7] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed: $6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $82,739.93 Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | N.A. | Allowed: N.A. Paid: $6,940,890.20 Authorized to be paid: N.A. | Allowed: N.A. Paid: $586,996.33 Authorized to be paid: N.A. |

---

[6]   Paul Hastings credited the difference of $13,507.00 against the amounts payable under the January 2018 fee statements.

[7]   Paul Hastings credited the difference of $21,926.16 against the amounts payable under the January 2018 fee statements.

**Hearing Date**: March 13, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: December 6, 2018 at 3:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
                                                                       :
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      : Title III
                                                                       :
          as representative of                                         : Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                             : (Jointly Administered)
                                                                       :
          Debtors.[1]                                                  :
---------------------------------------------------------------------- x

# FOURTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 4

BACKGROUND ................................................................................................................... 10

COMPENSATION AND REIMBURSEMENT REQUEST ..................................................... 14

SUMMARY OF SERVICES .................................................................................................. 18

    I.      Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
          (Matter ID 00002) .......................................................................................... 19

    II.     COFINA Dispute Analysis (Matter ID 00003).................................................. 24

    III.    Communications with Creditors (other than Committee Members) / Website
          (Matter ID 00004) .......................................................................................... 26

    IV.    PREPA (Matter ID 00006) ............................................................................... 26

    V.     HTA (Matter ID 00007)................................................................................... 28

    VI.    ERS (Matter ID 00008).................................................................................... 29

    VII.   Other Adversary Proceedings (Matter ID 00009)............................................. 30

    VIII.  Mediation (Matter ID 00010)........................................................................... 32

    IX.    GO Bond Debt Issues (Matter ID 00011) ........................................................ 33

    X.     Creditors Committee Meetings (Matter ID 00012) .......................................... 34

    XI.    Rule 2004 Investigations (Matter ID 00013).................................................... 35

    XII.   Constitutional Issues (Matter ID 00014)........................................................... 37

    XIII.  Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015) .................................... 38

    XIV.  PBA (Matter ID 00017) ................................................................................... 38

    XV.   GDB (Matter ID 00018).................................................................................... 38

ATTENDANCE AT HEARINGS ........................................................................................... 43

ACTUAL AND NECESSARY DISBURSEMENTS ................................................................ 45

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................................. 46

CONCLUSION...................................................................................................................... 49

## SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A          CUSTOMARY AND COMPARABLE COMPENSATION
                   DISCLOSURES

EXHIBIT B          SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C          BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

   EXHIBIT C-1     BUDGETS

   EXHIBIT C-2     STAFFING PLANS

EXHIBIT D          SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY

   EXHIBIT D-1     SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY AS COMPARED TO BUDGET

                   FURTHER BREAKDOWN OF COMPENSATION REQUESTED BY
                   PROJECT CATEGORY AND BY MATTER

   EXHIBIT D-2     SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                   CATEGORY

EXHIBIT E          BREAKDOWN OF COMPENSATION AND EXPENSE
                   REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                   SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                   PUERTO RICO

SCHEDULE 1         LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2         MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3         PROPOSED ORDER

To the Honorable United States District Court Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"),[1] for its fourth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by Paul Hastings for the period from June 1, 2018 through and including September 30, 2018 (the "Application Period"), and for reimbursement of its actual and necessary expenses incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.      During the Application Period, Paul Hastings has been confronted with a wide range of critical and time-sensitive issues, including multi-billion dollar disputes concerning the ownership of sales and use tax revenues, a multi-billion dollar restructuring of the Government Development Bank for Puerto Rico ("GDB") under Title VI of PROMESA, and the Committee's continued investigation into potential claims against financial institutions in connection with the issuances of Puerto Rico's public bond debt.

---

[1]     Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to also include the Title III cases of HTA, ERS, and PREPA.

[2]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2.      During the Application Period, Paul Hastings, as lead counsel to the Committee, has worked diligently with the Committee to advise it on a host of issues central to these Title III cases.  Perhaps most notably, during the Application Period, Paul Hastings performed extensive work with respect to the contemplated GDB restructuring and related transactions (collectively, the "GDB Restructuring").  Even prior to the commencement of GDB's case under Title VI of PROMESA, Paul Hastings engaged in discussions with Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") regarding the production of documents in order to address a variety of questions that the Committee had with respect to the proposed restructuring.

3.      Subsequently, after GDB commenced its Title VI case on August 10, 2018, the Committee continued to have serious concerns with respect to the GDB Restructuring, because, among other things, related GDB legislation purported to transfer GDB's valuable assets away from the reach of the Title III Debtors to a newly formed entity for the benefit of certain consenting GDB creditors.  Moreover, the Committee was concerned that the GDB Restructuring would result in the Title III Debtors losing valuable claims they might hold against GDB and current and former officers and directors of GDB before there was an adequate investigation with respect to such claims.  In light of these (and other) concerns, the Committee opposed the GDB Restructuring, including by filing a preliminary objection, a motion for derivative standing, and an adversary proceeding seeking a declaratory judgment with respect to the proposed restructuring.

4.      The Committee's efforts ultimately resulted in numerous improvements to the GDB Restructuring that benefited unsecured creditors of the Title III Debtors.  For example, on September 17, 2018, GDB and AAFAF informed the Court that, among other things, the releases to be given by the Title III Debtors and any other government entities under the GDB legislation

would not include **former** officers, directors, employees, agents, or representatives.
Furthermore, on October 5, 2018, after additional negotiations between the parties, the
Committee, GDB, AAFAF and the Financial Oversight and Management Board for Puerto Rico
(the "Oversight Board") entered into a stipulation that resolved the Committee's remaining
concerns with the GDB Restructuring.  The stipulation, which was so-ordered by the Court on
October 9, 2018, provides among other things that:

- GDB will transfer $20 million in cash, plus a potential additional amount of up to $10 million in cash, to the Public Entity Trust for distribution, on a first priority basis, to certain Title III Debtors;

- To the extent that GDB has a property interest in legal claims that GDB may assert or be party to in its capacity as fiscal agent or financial advisor, or such other representative capacity to a Title III Debtor or other non-GDB government entity, such claims will be transferred to the applicable Title III Debtor or other non-GDB government entity;

- GDB's net claim against the Commonwealth will be reduced by the amount of federal funds on deposit at GDB (restored by the Commonwealth) of approximately $312 million, with GDB's claim against the Commonwealth capped at $578 million.  The Title III Debtors reserve the right to challenge GDB's claim; and

- GDB will release a claim of over $324 million against PREPA on account of funds PREPA allegedly withdrew from GDB while GDB was insolvent.

5.      All the while, Paul Hastings has continued to advise the Committee on all issues
bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to
protect their rights, including by:

(i)     preparing an informative motion in response to the final report released by the Oversight Board's investigator on August 20, 2018, which motion set forth the Committee's various concerns with respect to the report;

(ii)    renewing the Committee's request to investigate certain financial institutions and their role in the financial crisis that Puerto Rico faces;

(iii)     preparing a motion to clarify the disclosure requirements under
          Bankruptcy Rule 2019 so that all Rule 2019 groups are required
          to disclose economic interests held with respect to each Title III
          Debtor in whose Title III case the Rule 2019 group has appeared
          in any capacity (which motion was granted by the Court on
          August 1, 2018);

(iv)      opposing the Commonwealth's efforts to extend an $80 million
          loan to PRASA despite PRASA's precarious financial condition
          (which efforts were ultimately abandoned in light of the
          Committee's opposition);

(v)       opposing the appeals brought by Assured and Ambac seeking to
          reverse the Court's rulings dismissing their respective adversary
          proceedings challenging the Commonwealth's "clawback" of
          certain funds;

(vi)      continuing to develop a framework for an alternative dispute
          resolution process for the allowance of claims;

(vii)     maintaining the Committee's website on Prime Clerk and a new
          standalone website developed with the aid of the Committee's
          communications advisor, Kroma; and

(viii)    monitoring pleadings filed and orders entered in the Title III
          cases and related adversary proceedings (including, where
          appropriate, filing objections).

6.       Paul Hastings has continued to perform these services in an economic, effective,

and efficient manner commensurate with the complexity and importance of the issues involved.

For example, the work performed by Paul Hastings was carefully assigned to appropriate

professionals or paraprofessionals according to the experience and level of expertise required for

each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs

of Paul Hastings' services to the Committee by utilizing talented junior attorneys and

paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the

extent practicable, questions of Puerto Rico law to local counsel.  In addition, a small group of

the same Paul Hastings attorneys was utilized for the vast majority of the work in these Title III

cases to minimize the costs of intra-Paul Hastings communication and education about the cases.

Notably, as a general matter, no more than two Paul Hastings attorneys (and often only one

attorney) attended the various hearings held during the Application Period, thereby minimizing

not only the time billed on these hearings but also the cost of travel and lodging.

       7.       Furthermore, to the extent appropriate, Paul Hastings sought to work closely with

counsel to the Oversight Board, counsel to AAFAF, and counsel for the official committee of

retirees (the "Retiree Committee") in order to eliminate unnecessary duplication and allocate

tasks in an efficient manner.  For example, with very limited exceptions, the Committee did not

become involved in addressing stay relief requests and, instead, deferred those matters to

AAFAF.  In addition, to the extent appropriate, the Committee joined in the relief sought by

other parties (as opposed to incurring the cost of preparing its own standalone motions) or

concluded that no pleading was necessary at all.  For example, in response to the motion of

certain ERS bondholders for relief from the automatic stay, the Committee only filed a joinder in

support of the Oversight Board's and Retiree Committee's objections to such motion.  Similarly,

rather than filing its own motion to dismiss the adversary proceeding brought by certain credit

unions, the Committee joined in certain portions of the Oversight Board's motion to dismiss.

The Committee has also continued to be very judicious in determining in which adversary

proceedings to intervene and, despite the First Circuit's ruling affirming the Committee's

unconditional right to intervene in adversary proceedings, is currently an intervenor in only three

(3) pending adversary proceedings (out of a total of 28), excluding dismissed adversary

proceedings.[3]

---

[3]    Finally, we note that Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's
case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in
its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this
time, Paul Hastings seeks allowance of $5,795,270.25 (*i.e.*, 100% of fees for services rendered during the

8.       In sum, Paul Hastings respectfully submits that the services for which it seeks
compensation in this Application were necessary for and beneficial to the Committee, the
Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value
for unsecured creditors during the pendency of these Title III cases.  The results obtained to date
have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in
light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional
services performed and expenses incurred are reasonable under applicable standards.  For all
these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow
interim compensation for professional services performed and reimbursement for expenses as
requested.

9.       This Application is consistent with the Interim Compensation Order (as defined
below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for
Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11
U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").  To the
extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met
by this Application.[4]

10.       In accordance with the U.S. Trustee Guidelines, at the end of this Application are
the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable
  compensation."

---

Application Period), but payment of only $4,636,216.20 (to the extent such amount has not been paid before the
hearing scheduled on this Application), reflecting 80% of the fees for services rendered during the Application
Period.

[4]       The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S.
Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit B</u> contains a summary of Paul Hastings' timekeepers included in this Application.

- <u>Exhibit C-1</u> contains the budgets for Paul Hastings' services during the Application Period.

- <u>Exhibit C-2</u> contains the staffing plans for Paul Hastings' services during the Application Period.

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- <u>Schedule 1</u> contains a list of the professionals providing services during the Application Period by matter.

- <u>Schedule 2</u> includes the monthly fee statements covered in this Application.

- <u>Schedule 3</u> includes the proposed order approving this Application.

## <u>BACKGROUND</u>

11.    On May 3, 2017, the Oversight Board commenced a Title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)

of PROMESA (the "<u>Commonwealth Title III Case</u>").  Thereafter, the Oversight Board

commenced a Title III case for each of COFINA, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (the "<u>ERS Title III Case</u>"), the Puerto Rico

Highways and Transportation Authority (the "<u>HTA Title III Case</u>"), and the Puerto Rico Electric

Power Authority (the "<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III

Case, the "Title III Cases").[5]  By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

12.     On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel to the Committee.

13.     On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application"). By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

14.     On August 23, 2017, the Court entered the Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (as amended, the "Interim Compensation Order").[6]

15.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the

---

[5]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

[6]     The Interim Compensation Order was most recently amended on June 6, 2018.

Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

16.      The Retention Order authorized Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul Hastings under this Order shall be an administrative expense."  In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings' allowed fees and expenses.

17.      Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  For that reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would be governed by Court orders which contained strict procedures and deadlines, and that such order would be complied with.

18.      On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

19.     On December 15, 2017, Paul Hastings filed its first interim fee application with respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the "First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.  On March 7, 2018, the Court approved the First Interim Fee Application, with the agreed-upon adjustments.

20.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application.  Per the Fee Examiner's request, Paul Hastings agreed to certain adjustments in its requested fees and expenses.[7]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

21.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application.  The Fee Examiner and Paul Hastings are in discussions to resolve the Fee Examiner's concerns with respect to the Third Interim Fee Application.  While progress has been

---

[7]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 on account of errors in calculating hourly totals (which have been credited against Paul Hastings' January fee statements), and (c) expense reductions in the amount of $12,722.50 (which also have been credited against Paul Hastings' January fee statements).

made, certain issues remain unresolved.  Paul Hastings continues to work with the Fee Examiner

on these issues and, by mutual agreement, adjourned the hearing on the Third Interim Fee

Application to December 19, 2018.

22.    This is Paul Hastings' fourth interim fee application, covering the period from

June 1, 2018 through September 30, 2018.  All services for which compensation is requested

were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

23.    By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $5,795,207.25[8] and expense reimbursements in the aggregate amount of $201,725.65.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $5,215,109.75 | $199,757.73 | $5,414,867.48 |
| HTA Title III Case | $294,119.00 | $801.17 | $294,920.17 |
| ERS Title III Case | $31,709.00 | $221.86 | $31.930.86 |
| PREPA Title III Case | $254,332.00 | $944.89 | $255,277.39 |
| **Total** | **$5,795,270.25** | **$201,725.65** | **$5,996,995.90** |

24.    The Committee has approved the amounts requested by Paul Hastings for services

performed and expenses incurred in each of the monthly statements submitted to, among others,

the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application

Period.

---

[8]    As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.

25.      To date, Paul Hastings has received payments totaling $2,167,583.30 for services rendered during the Application Period, which amount consists of $2,044,887.80 (representing 80% of the fees for services invoices during the period from June 1, 2018 through July 31, 2018) and $122,695.50 (representing 100% of expenses invoices for the same period).  In particular, as of the date of this Application, the amount of **$1,328,699.17** (reflecting 80% of fees and 100% of expenses for August 2018) remains unpaid.[9]  In addition, as of the date of this Application, Paul Hastings is also owed **$1,341,659.38** on account of fees and expenses for the month of September 2018.[10]

26.      Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period.  At this time, however, Paul Hasting seeks payment of only (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.

27.      In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $78,525.75.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance and payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses

---

[9]    There are no pending objections to Paul Hastings' August fee statements, and the deadline to object to these fee statements (other than with respect to matter ID 00006) has passed.  (The deadline to object to the August fee statement for matter ID 00006 is November 19, 2018.)

[10]   The deadline to object to Paul Hastings' September 2018 services is November 26, 2018.  No objections have been received as of the filing of this Application.

totaling $2,879.91 as a courtesy to the Committee during the Application Period.  For details

regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed

concurrently herewith.

28.     There is no agreement or understanding between Paul Hastings and any other

person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of

compensation to be received for services rendered in these cases.

29.     Paul Hastings maintains computerized records, in the form of monthly statements,

of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its

representation of the Committee.  The monthly statements are in the same form regularly used by

Paul Hastings to bill its clients for services rendered and include the date that the services were

rendered, a detailed, contemporaneous narrative description of the services provided, the amount

of time spent for each service, and the designation of the professional who performed the service.

30.     The fees charged by Paul Hastings in the Title III Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period with two

exceptions.[11]  The rates Paul Hastings charges for the services rendered by its professionals and

paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for

professional and paraprofessional services rendered in comparable nonbankruptcy related

matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work

on nonbankruptcy matters, the firm generally charges their standard rate.  Such fees are

reasonable based on the customary compensation charged by comparably skilled practitioners in

comparable nonbankruptcy cases in a competitive national legal market.

---

[11]     As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed
to charge during the Application Period:  (a) $1,395 per hour (rather than the standard rate of $1,400 per hour)
for Luc Despins' services and (b) $1,125 per hour (rather than the standard rate of $1,200 per hour) for
Alexander Bongartz's services.

31.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

32.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 6,094.30 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (1,064.10 hours), counsel (1,912.00 hours), associates (2,613.20 hours), and paraprofessionals (505.00 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $610 to $1,395 per hour.

33.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

34.     During the Application Period, Paul Hastings assisted and advised the Committee

on a regular basis regarding legal matters relating to the restructuring of the Debtors, including

related adversary proceedings, and all other matters arising in the performance of the

Committee's duties.  In addition, Paul Hastings has prepared various motions, applications,

orders, and other pleadings submitted to the Court for consideration, and has performed the

necessary professional services that are described below and in the monthly statements attached

hereto as Schedule 2.[12]  For ease of reference and transparency purposes, Paul Hastings created

several matter numbers for its representation of the Committee.  The matter numbers are divided

by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|---|---|
| 00002 | Official Committee of Unsecured Creditors |
| 00003 | COFINA Dispute Analysis |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00005 | Fiscal Plan Analysis |
| 00006 | PREPA |
| 00007 | HTA |
| 00008 | ERS |
| 00009 | Other Adversary Proceedings |
| 00010 | Mediation |
| 00011 | GO Bond Debt Issues |
| 00012 | Creditors' Committee Meetings |
| 00013 | Rule 2004 Investigations |
| 00014 | Constitutional Issues |
| 00015 | Rule 2004 (Whitefish) |
| 00016 | PREPA Privatization |

---

[12]   The description of services in this Application is limited to those matters in which Paul Hastings provided 5 or more hours of service during the Application Period.

| Matter ID | Matter Name |
|-----------|-------------|
| 00017 | PBA |
| 00018 | GDB |

I.   **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)   Case Administration (Task Code B110)
Fees:   $373,976.00         Total Hours:   452.4

35.      During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and manage workstreams, Paul Hastings maintained a global task list and case calendar, including a tracking chart for all adversary proceedings and non-Title III litigation.  Further, Paul Hastings coordinated with the Committee's financial advisor, Zolfo Cooper LLP ("Zolfo Cooper") regarding Committee communications, case strategy, and workstreams.

36.      In addition, during the Application Period, Paul Hastings has continued to implement interim and long-term strategies to maximize recoveries for general unsecured creditors and held internal team conference calls and occasional meetings to discuss the status of the Title III Cases and to manage workstreams.

37.      Furthermore, on July 3, 2018, in an effort to improve transparency in these Title III cases, the Committee filed a motion seeking to clarify the disclosure requirements under Bankruptcy Rule 2019, so that, among other things, all Rule 2019 groups are required to disclose economic interests held with respect to each Title III Debtor in whose Title III case the Rule 2019 group has appeared in any capacity.  The Court granted the Committee's motion on August 1, 2018, and, thereafter, numerous Rule 2019 groups filed supplemental statements under Bankruptcy Rule 2019 showing their trading activities (and extensive changes in position) during the Title III Cases.

38.     Moreover, on August 20, 2018, the Oversight Board's investigator, Kobre & Kim, released its final report (the "Final Report") with respect to the factors contributing to Puerto Rico's fiscal crisis, as well as Puerto Rico's issuance of debt.  Paul Hastings reviewed and analyzed the Final Report (which is approximately 600 pages long), and subsequently filed an informative motion setting forth the Committee's concerns and positions with respect to the Final Report.  A Paul Hastings attorney also attended the Oversight Board's September 18, 2018 public meeting on the Final Report.

(b)     Pleadings Review (Task Code B113)
        Fees:  $22,272.50          Total Hours:   32.5

39.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

(c)     Meetings of and Communications with Creditors (Task Code B150)
        Fees:  $162,828.00        Total Hours:   163.0

40.     During the Application Period, Paul Hastings continued to prepare reports and summaries to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process.[13]

(d)     Court Hearings (Task Code B155)
        Fees:  $69,373.50          Total Hours:   69.5

41.     During the Application Period, Paul Hastings attended several hearings with respect to the Title III Cases.  Specifically, Paul Hastings attended the June 6, 2018 omnibus hearing in San Juan, Puerto Rico, at which hearing Paul Hastings handled, among other things, the Committee's statement in response to the Retiree Committee's motion with respect to the representation of PREPA retirees and the Committee's Renewed Rule 2004 Motion (defined

---

[13]   Meetings and calls with the Creditors' Committee were recorded separately under matter number 12.

below).  Paul Hastings also attended the July 25, 2018 omnibus hearing, held in San Juan, Puerto

Rico, at which hearing Paul Hastings handled, among other things, the Committee's informative

motion with respect to its Renewed Rule 2004 Motion, the Committee's joinder to the Retiree

Committee's limited objection to the motion of the Oversight Board's investigator to establish

procedures for resolving confidentiality disputes in connection with publication of the

investigator's final report, the Committee's joinder to the Debtor's and Retiree Committee's

objections to the motion of certain secured creditors of ERS for relief from the automatic stay,

and the Committee's motion to clarify the case management procedures with respect to

disclosures under Bankruptcy Rule 2019.[14]

42.     In preparation for these hearings, Paul Hastings also reviewed relevant issues

raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite

informative motions to be heard.

(e)     Fee/Employment Applications (Paul Hastings) (Task Code B160)
        Fees:   $184,237.50         Total Hours:   207.4

43.     During the Application Period, Paul Hastings prepared, among other things, the

monthly fee statements for the months of May, June, July, and August 2018, as well as the Third

Interim Fee Application for the period from February 1, 2018 through May 31, 2018.  In

addition, Paul Hastings continued to identify possible connections between the firm and parties

in interest in the Title III Cases and worked on two supplemental declarations of Luc A. Despins

regarding the firm's retention as Committee counsel.

---

[14]    Attendance at the June 18, 2018 hearing on the Renewed Rule 2004 Motion was recorded under matter number
        13.  Attendance at the September 7, 2018 GDB Title VI procedures hearing and September 13, 2018 omnibus
        hearing was recorded under matter number 18.

(f)     Fee/Employment Applications for Other Professionals (Task Code B165)
             Fees: $ 27,557.00       Total Hours:   38.9

44.     During the Application Period, Paul Hastings prepared the expense

reimbursement requests for certain Committee members, as well as assisted Kroma in preparing

its interim fee application.

(g)     Fee/Employment Objections (Task Code B170)
             Fees: $47,596.50              Total Hours:   50.7

45.     During the application period, Paul Hastings responded to AAFAF's objection to

Paul Hastings' fees, including by drafting pleadings, performing legal research, and

communicating with counsel to AAFAF with respect to its objection, which was subsequently

withdrawn.  In addition, due to AAFAF's nonpayment of fees, Paul Hastings filed a motion, on

behalf of the Committee, to compel AAFAF to comply with the Court's interim compensation

procedures order and, as a result, AAFAF eventually paid the outstanding fees and the motion to

compel was withdrawn.  Paul Hastings also analyzed the Fee Examiner's motion for rebuttable

presumptions in connection with challenging fees and communicated with counsel to the Fee

Examiner regarding the same.

(h)     Other Contested Matters (excl. assumption/rejections motions) (Task Code B190)
             Fees: $34,531.50              Total Hours:   37.1

46.     During the Application Period, Paul Hastings prepared the Committee's reply in

support of its motion to clarify the case management procedures with respect to required

disclosures under Bankruptcy Rule 2019.  As noted, as a result of Paul Hastings' efforts, the

Court amended the case management procedures to require the additional disclosures requested

by the Committee, thereby bringing more transparency to the Title III Cases.

    (i)       Non-Working Travel (Task Code B195) (billed at ½ rate)
           Fees:   $31,218.75         Total Hours:   47.1

47.      During the Application Period, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico, to attend each of the omnibus hearings on June 6 and July 25, 2018, and one Paul Hastings professional traveled to and from San Juan, Puerto Rico, to attend the omnibus hearing on September 13, 2018.  In addition, one Paul Hastings professional traveled to and from San Juan, Puerto Rico, to attend the Oversight Board's September 18, 2018 public hearing with respect to the final report of the Oversight Board's investigator, which hearing was followed by a brief meeting with certain members of the Oversight Board.  Further, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico, to attend an in-person meeting of the Committee held on July 18, 2018.  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.[15]

    (j)       Meetings of and Communications with Debtors/Oversight Board (Task Code B260)
             Fees: $19,554.00       Total Hours:   16.2

48.      During the Application Period, in furtherance of the Committee's goal of working cooperatively with the Debtors, Paul Hastings communicated with representatives of the Oversight Board and AAFAF with respect to matters of interest to the Committee, including, among other things, the GDB restructuring, PRASA financing, and the scheduling of an in-person meeting between members of the Oversight Board and members of the Committee, which took place in October 2018.

---

[15]   Travel to and from the June 18, 2018 hearing in Boston on the Renewed Rule 2004 Motion was recorded under matter number 13.

(k)   Investigations (Task Code B261)
            Fees: $19,443.50          Total Hours:   25.7

49.      During the Application Period, Paul Hastings conducted research regarding,

among other forms of relief, a potential Rule 2004 motion seeking discovery related to the

Commonwealth's contemplated loan to PRASA, the possibility of which concerned the

Committee in light of PRASA's financial condition.  As a result of the Committee's discussions

with the Oversight Board's professionals, the contemplated loan to PRASA did not go forward.

(l)   Claims Administration and Objections (Task Code B310)
            Fees:  $153,154.50          Total Hours:   155.7

50.      During the Application Period, Paul Hastings, with the assistance of Zolfo Cooper

and Prime Clerk, analyzed certain of the filed claims in order to better understand the size and

nature of the claims pool.  In addition, Paul Hastings continued to develop the framework for an

alternative dispute resolution ("ADR") process and to communicate with counsel to the

Oversight Board in an effort to advance the implementation of ADR procedures.  Further, Paul

Hastings also analyzed the issue of whether and to what extent the federal government might be

liable for the indebtedness of the Commonwealth and its instrumentalities.

(m)   Plan and Disclosure Statement (including Business Plan) (Task Code B320)
            Fees: $4,592.50          Total Hours:   6.6

51.      The Committee researched and analyzed issues relating to the potential

impairment of claims under a plan of adjustment.

## II.      COFINA Dispute Analysis (Matter ID 00003)

52.      As the Court is aware, pursuant to the *Stipulation and Order Approving

Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No.

996] (the "Commonwealth-COFINA Stipulation"), the Committee was appointed as the

Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as

defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "Commonwealth Agent").[16]  Bettina M. Whyte (the "COFINA Agent") was appointed as the COFINA representative to act in the same capacity as the Commonwealth Agent on behalf of COFINA.  The Commonwealth-COFINA Dispute concerns the ownership of billions of dollars in sales and use tax revenues.   On September 8, 2017, the Commonwealth Agent commenced an adversary proceeding styled as *Official Committee of Unsecured Creditors v. Whyte*, Adv. Proc. No. 17-257 (the "Commonwealth-COFINA Action").

53.      Paul Hastings has been prosecuting the Commonwealth-COFINA Dispute (on behalf of the Committee, as the Commonwealth Agent), with oral argument on the summary judgment motion having been heard on April 10, 2018.  Concurrently with these litigation efforts, Paul Hastings also advised the Commonwealth Agent in the mediation related to the Commonwealth-COFINA Dispute.  As part of these efforts, Paul Hastings participated in numerous meetings with the mediators, the COFINA Agent, and the other parties involved, exchanged settlement proposals, and prepared presentations to the Committee to evaluate such proposals.  Ultimately, on June 5, 2018, the Commonwealth Agent and the COFINA Agent reached an agreement in principle (the "Agreement in Principle") that contemplated a settlement of the Commonwealth-COFINA Dispute.[17]

54.      During the Application Period, Paul Hastings' work with respect to the Commonwealth-COFINA Dispute focused on these settlement efforts (including work on a draft

---

[16]     The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("SUT")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

[17]     The agreement in principle was subject to various conditions precedent and subsequent.

settlement agreement, motions to hold a ruling on the summary judgment motions in abeyance,

and an informative motion related to the June 29, 2018 certified fiscal plan for the

Commonwealth), and not the Commonwealth-COFINA Action.  The Commonwealth Agent's

work in this regard was recorded under matter number 10 (Mediation).

## III.   Communications with Creditors (other than Committee Members) / Website (Matter ID 00004)

    (a)    <u>General Creditor Inquiries (Task Code B112)</u>
             Fees:   $16,116.00      Total Hours:   18.2

55.      During the Application Period, Paul Hastings received inquiries from various

creditors either telephonically or through email.  Paul Hastings analyzed the inquiries internally

and responded in an appropriate manner.

    (b)    <u>Meetings of and Communications with Creditors (Task Code B150)</u>
             Fees:   $35,521.00      Total Hours:   41.7

56.      During the Application Period, Paul Hastings prepared and regularly updated,

with the assistance of Prime Clerk and Kroma, the Committee's websites regarding the Title III

Cases, including updates on hearings, recent Court orders, and other developments in the Title III

Cases.  In this regard, Paul Hastings also prepared and regularly updated the Spanish-language

sections of the websites.  Paul Hastings also worked with Kroma to develop a strategy to

communicate with unsecured creditors by email and researched legal issues related to email

communications with creditors.

## IV.   PREPA (Matter ID 00006)

    (c)    <u>Case Administration (Task Code B110)</u>
             Fees:   $13,812.50      Total Hours:   12.6

57.      During the Application Period, Paul Hastings continued to review and analyze

materials related to the PREPA Title III Case, including document production received from

PREPA, and documents relating to the PREPA bi-weekly update calls.  Paul Hastings also

monitored a July 25, 2018 congressional hearing held on issues related to PREPA's

transformation and grid rebuild.

    (d)    <u>Pleadings Review (Task Code B113)</u>
            Fees:  $8,553.00        Total Hours:  11.0

    58.    During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered in the PREPA Title III Case, related adversary

proceedings, and other litigation.

    (e)    <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
            Fees:  $13,881.00      Total Hours:  11.6

    59.    During the Application Period, Paul Hastings reviewed and analyzed motions for

relief from stay filed against PREPA in order to gauge whether such motions raised certain

constitutional issues and the potential effect on the Title III Cases.  Paul Hastings also

communicated with counsel to PREPA regarding such motions to ensure the appropriate

response was being taken.

    (f)    <u>General Litigation (Task Code B191)</u>
            Fees:  $8,485.50       Total Hours:  8.8

    60.    During the Application Period, Paul Hastings monitored several PREPA-related

matters, including the First Circuit's decision in the appeal filed by certain PREPA bondholders

with respect to the Court's denial of their motion for relief from stay to appoint a receiver.

    (g)    <u>Meetings of and Communications with Debtors / Oversight Board  (Task Code
B260)</u>
            Fees:  $43,474.00      Total Hours:  36.7

    61.    During the Application Period, Paul Hastings communicated with PREPA and the

Oversight Board's professionals to request documents and other information pertaining to,

among other things, PREPA's integrated resources plan process, insurance policies,

contemplated restructuring and related negotiations, and other financial information pertaining to

PREPA.  Paul Hastings communicated with PREPA and the Oversight Board professionals with

-27-

respect to significant management changes at PREPA during the Application Period and issues

related to PREPA's proposed restructuring pursuant to its RSA with certain creditors.

      (h)    <u>Claims Administration and Objections  (Task Code B310)</u>
             Fees:   $126,940.50      Total Hours:   134.3

62.    During the Application Period, Paul Hastings continued to research and analyze

certain issues related to the PREPA bonds and claims by certain fuel line lenders (which asserted

that they hold priority claims against PREPA in the amount of approximately $700 million based

on "current expenses").  This work included an examination of PREPA's bond issuances, the

fuel line loans, PREPA financial reporting documents, government accounting guidance, and

relevant case law, among other things, and ultimately culminated in an internal memorandum on

these issues.

      (i)    <u>Restructurings  (Task Code B420)</u>
             Fees:   $20,840.00      Total Hours:   17.2

63.    During the Application Period, PREPA announced that it had entered into a

preliminary restructuring support agreement ("<u>PREPA RSA</u>") with certain of its creditors.  Paul

Hastings reviewed and analyzed the PREPA RSA and term sheet and communicated with

counsel to the Oversight Board with respect to the proposed transaction.  Paul Hastings also

analyzed legislation and other materials related to PREPA's contemplated transformation and

restructuring.

**V.**    **HTA (Matter ID 00007)**

      (a)    <u>Case Administration (Task Code B110)</u>
             Fees:   $3,320.00      Total Hours:   7.8

64.    During the Application Period, Paul Hastings handled various administrative

matters related to the First Circuit appellate proceedings related to the HTA Title III Case,

including the filing and service of pleadings.

       (b)     <u>Pleadings Review (Task Code B113)</u>
               Fees:  $12,471.50       Total Hours:  16.4

65.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the HTA Title III Case, related adversary proceedings, and appeals.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

       (c)     <u>General Litigation (Task Code B191)</u>
               Fees:  $273,310.00     Total Hours:  272.2

66.     During the Application Period, the First Circuit granted the Committee's motion to participate in the First Circuit appeal styled *Assured Guaranty Corp., et al. v. Oversight Board, et al.*, Nos. 18-1165 & 18-1166 (the "<u>Assured Appeal</u>"), and Paul Hastings drafted and filed the Committee's appellate brief, conducting extensive legal research and analysis (as well as developing the Committee's strategy) with respect to the Assured Appeal.  Paul Hastings also prepared and filed the Committee's motion to participate in the First Circuit appeal styled *Ambac Assurance Corp.., et al. v. Oversight Board*, et al., No. 18-1214  (the "<u>Ambac Appeal</u>"), which was granted.   Paul Hastings drafted the Committee's appellate brief in the Ambac Appeal and conducted related legal research and analysis.  Moreover, Paul Hastings communicated with counsel to the Oversight Board with respect to legal issues and strategy in order to minimize duplication of efforts with respect to the appellate pleadings.

**VI.**    **ERS (Matter ID 00008)**

       (d)     <u>Pleadings Review (Task Code B113)</u>
               Fees:  $14,601.00       Total Hours:  19.3

67.     During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the ERS Title III Case and related adversary proceedings and appeals.  In addition, Paul Hastings prepared summaries thereof for internal review and review by the Committee.

      (e)      <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
              Fees:   $7,710.00          Total Hours:   6.6

      68.     During the Application Period, Paul Hastings analyzed the motion for relief from stay filed by certain ERS bondholders, communicated with counsel to the Oversight Board with respect to its response to the motion, and prepared a joinder to the objections filed by the Retiree Committee and the Oversight Board.

## VII.   Other Adversary Proceedings (Matter ID 00009)[18]

      (a)      <u>Case Administration (Task Code B110)</u>
              Fees:   $4,450.50          Total Hours: 10.2

      69.     During the Application Period, Paul Hastings continued to handle various case administrative matters, including filing and serving pleadings to be filed in adversary proceedings and appeals related to the Title III Cases.

      (b)      <u>Pleadings Review (Task Code B113)</u>
              Fees:   $41,019.00        Total Hours:   54.0

      70.     During the Application Period, Paul Hastings reviewed the pleadings filed and orders entered in various adversary proceedings related to the Title III Cases generally as well as relevant non-Title III litigation and appeals.  In order to track deadlines, organize documents, and notify the Committee of upcoming matters, Paul Hastings reviewed these dockets to maintain its litigation tracking charts.  In addition, Paul Hastings prepared summaries for the Committee of the various pleadings filed.

      (c)      <u>General Litigation (Task Code B191)</u>
              Fees:   $132,682.00      Total Hours:   126.1

      71.     Paul Hastings dedicated significant time to advising the Committee with respect to the adversary proceeding styled *Rosselló Nevares., et al. v. Financial Oversight and*

---

[18]   To the extent practicable, Paul Hastings tracked work in respect of PREPA-related adversary proceedings under Matter ID 00006, HTA-related adversary proceedings under Matter ID 00007, and ERS-related adversary proceedings under Matter ID 00008.

*Management Board for Puerto Rico, et al.*, Adv. Proc. No. 18-080 (the "Governor's Fiscal Plan Litigation").  The Governor's Fiscal Plan Litigation is of enormous importance to the trajectory of the Title III cases, given that it involves a challenge to the Oversight Board's authority over the Debtors' fiscal plans and budgets.  For that reason, Paul Hastings analyzed the relevant pleadings, conducted legal research, and communicated with the Committee in order to develop the Committee's strategy with respect to the Governor's Fiscal Plan Litigation, including addressing the issue of whether the Committee should intervene in the dispute and to what extent.   Paul Hastings also prepared and filed the Committee's motion to intervene in Governor's Fiscal Plan Litigation.  In addition, a Paul Hastings attorney addressed the Court at the July 25, 2018 omnibus hearing with respect to the Governor's Fiscal Plan Litigation and the importance of the Commonwealth Fiscal Plan in connection with the resolution of the Commonwealth-COFINA Dispute.

72.     Paul Hastings also analyzed the possibility of filing a motion to intervene in the adversary proceeding styled *Rivera Schatz, et al. v. Financial Oversight and Management Board for Puerto Rico, et al*., Adv. Proc. No. 18-081 (the "Legislature's Fiscal Plan Litigation"), but the Committee determined that intervening in the Legislature's Fiscal Plan Litigation would be duplicative of its intervention in the Governor's Fiscal Plan Litigation given the similarity of the issues raised in both proceedings.

73.     Furthermore, during the Application Period, Paul Hastings prepared a motion to intervene in the adversary proceeding styled *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 18-059 (the "Assured Fiscal Plan Litigation").  The Committee determined to intervene in the Assured Fiscal Plan Litigation because the plaintiffs therein are challenging the Commonwealth's fiscal plan, and the adversary proceeding thus

raises fundamental issues in the Title III cases.  Given, however, that the Oversight Board moved

to stay this proceeding (which request was granted by the Court), the Committee has not yet filed

the motion to intervene.

## VIII.   Mediation (Matter ID 00010)

74.     The Committee's role in the mediation process during the Application Period

focused on the efforts to settle the Commonwealth-COFINA Dispute (as expanded by the Scope

Order), with respect to which the Committee is acting as the Commonwealth Agent.[19]

(a)     Case Administration (Task Code B110)
Fees:   $3,632.00          Total Hours:   8.7

75.     During the Application Period, Paul Hastings handled various administrative

matters regarding the Committee's involvement in the mediation process related to the Title III

Cases.  Among other things, Paul Hastings filed pleadings related to the Agreement in Principle.

(b)     General Litigation (Task Code B191)
Fees:   $625,746.00        Total Hours:   570.8

76.     During the Application Period, Paul Hastings continued to advise the

Commonwealth Agent on all substantive issues raised in connection with the settlement process

with respect to the Commonwealth-COFINA Dispute.  Among other things, Paul Hastings

exchanged several draft settlement agreements with respect to the Commonwealth-COFINA

Dispute with counsel to the COFINA Agent.  In addition, the Commonwealth Agent worked

with the COFINA Agent in preparing motions requesting that the Court hold a ruling on the

then-pending summary judgment motions in the Commonwealth-COFINA Action in abeyance

(as required by the Agreement in Principle).  The Agent's efforts were interrupted, however, by

---

[19]   Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues
addressed in mediation. Moreover, at the request of the mediation team, Paul Hastings has redacted all
references to specific mediation issues in its monthly fee statements attached to this Application. Paul Hastings
will submit unredacted versions of such statements for the Court's review, if the Court so requests. The Fee
Examiner and the Notice Parties have all received unredacted versions of such statements.

(a) the Oversight Board certifying a revised Commonwealth fiscal plan on June 29, 2018 and (b) the Oversight Board announcing its own COFINA settlement with certain senior and junior COFINA bondholders on August 8, 2018.  As the Commonwealth Agent laid out in its informative motion, dated August 8, 2018, the certification of the June 29 fiscal plan presented a material impediment to the execution or consummation of a settlement because the June 29 fiscal plan materially revised certain of the underlying assumptions that formed the basis of the Commonwealth fiscal plan certified on May 30, 2018, which was in effect when the Agents entered into the Agreement in Principle on June 5 and on which the Commonwealth Agent relied when entering into the Agreement in Principle.  Ultimately, the Commonwealth Agent's concerns were resolved as a result of (a) the certification of a further revised fiscal plan for the Commonwealth on October 23, 2018, which plan reflected a material improvement in the 40-year cash flow projections contained in the June 29 fiscal plan and (b) the Commonwealth Agent entering into a stipulation with the Oversight Board and the COFINA Agent, which stipulation was so-ordered by the Court on November 9, 2018.

  (c) <u>Meetings of and Communications with Debtors/Oversight Board (Task Code B260)</u>
    Fees: $8,950.50   Total Hours: 6.9

  77. During the Application Period, Paul Hastings met and communicated with, among others, counsel to the Oversight Board and counsel to AAFAF, as part of the Committee's effort to settle the Commonwealth-COFINA Dispute as contemplated in the Agreement in Principle.

**IX. GO Bond Debt Issues (Matter ID 00011)**

  (d) <u>Claims Administration and Objections  (Task Code B310)</u>
    Fees: $68,424.00   Total Hours: 70.0

  78. During the Application Period, Paul Hastings continued to research and analyze issues related to constitutional debt limits as they relate to general obligation bonds ("<u>GO</u>

Bonds") and the Puerto Rico Public Buildings Authority ("PBA") bonds ("PBA Bonds"),[20] as

well as other issues related to a potential challenge of the GO bondholders' claims against the

Commonwealth.

## X.     Creditors Committee Meetings (Matter ID 00012)

(e)     Meetings of and Communications with Creditors (Task Code B150)
        Fees:   $237,537.50          Total Hours:   226.7

79.     During the Application Period, Paul Hastings continued to hold regular (and often

bi-weekly) telephonic conferences with the Committee to provide the Committee with updates

on the progress of the Title III Cases and the related mediation process as well as to discuss case

strategy and next steps.  In preparation for these telephonic conferences, Paul Hastings

(a) reviewed relevant pleadings filed in the Title III Cases and related adversary proceeding,

(b) prepared presentations for these meetings, and (c) prepared proposed agenda letters for the

Committee's consideration.

80.     Furthermore, and in addition to regular telephonic conferences, the Committee

also held an in-person meeting in San Juan, Puerto Rico on July 18, 2018, during which Paul

Hastings gave a comprehensive presentation regarding a myriad of legal issues in the Title III

Cases.  Only two Paul Hastings attorneys attended the in-person meeting.  Paul Hastings

prepared detailed PowerPoint presentations of critical and/or strategic issues for the Committee

to review in connection with Committee meetings.  Finally, Paul Hastings also prepared minutes

of the Committee meetings.

---

[20]   Services rendered in connection with the PBA and PBA leases generally were performed under a matter number
00017, discussed in more detail below.

(f)   Non-Working Travel  (Task Code B195) (billed at ½ rate)
Fees:   $6,626.25          Total Hours:   9.5

81.   During the Application Period, two Paul Hastings professionals traveled to and from San Juan, Puerto Rico for the July 18, 2018 in-person Committee meetings.[21]  In accordance with Local Rule 2016-2(d)(viii), Paul Hastings billed for one-half the total time that Paul Hastings professionals spent on non-working travel.

## XI.   Rule 2004 Investigations (Matter ID 00013)

82.   As discussed in previous interim fee applications, from the outset, the Committee believed that it would be important for a successful restructuring of the Title III Cases and to maximize recoveries of general unsecured creditors to establish and implement a discovery program to investigate potential claims against financial institutions in connection with the issuances of Puerto Rico's public bond debt.  In spite of this, when the Court denied the Committee's first Rule 2004 motion, the Committee was more than hopeful that the Oversight Board's own investigation, through its investigator, Kobre & Kim (the "Investigator"), would be comprehensive and targeted.  However, as described in more detail in the Committee's renewed Rule 2004 motion, filed on May 15, 2018 (the Renewed Rule 2004 Motion"), the Investigator's "investigation" was, in the opinion of the Committee, unfocused, the reports issued cursory, and the Investigator missed self-imposed deadlines.  The passage of time and the limited visibility into the Investigator's efforts necessitated the filing of the Renewed Rule 2004 Motion, which resulted in the production of GDB documents to the Committee and prompted the Investigator to commit to concluding its investigation by no later than August 15, 2018, and to agree to a

---

[21]   One of the Paul Hastings attorneys billed this travel time under the general Commonwealth matter number (Matter ID 00002), while the other billed this travel time under the matter  number created for Committee meetings (Matter ID 00012).

procedure to allow for the Committee to receive documents produced by third parties and financial institutions to the Committee.

83.     Subsequent to the filing of Renewed Rule 2004 Motion, Paul Hastings attended successive hearings with respect to the motion on June 6 and June 18, 2018.  Though these hearings did not result in the motion being granted, they did lead to the execution of an NDA between the Committee and AAFAF/GDB with respect to the production of documents, and at a third hearing on the Renewed Rule 2004 Motion on July 25, 2018 the Court noted it would hold the Committee's motion open so that requests for production could be made after review of the Investigator's Final Report.   In addition, Paul Hastings filed the Committee's informative motion with respect to the Renewed Rule 2004 Motion and the Committee's response to the Investigator's motion on "exit plan" procedures for resolving confidentiality disputes in connection with the Investigator's Final Report (the "Exit Plan Motion").  Moreover, subsequent to the Court entering the order (the "Exit Plan Order") granting the Exit Plan Motion (subject to certain revisions) Paul Hastings took charge of the Committee's efforts to obtain documentation pursuant to the procedures in the Exit Plan Order, and to address related discovery issues, which efforts continue apace as of the filing of this Application.

     (g)     Case Administration (Task Code B110)
         Fees:  $37,058.50          Total Hours:  101.3

84.     During the Application Period, Paul Hastings processed the discovery received from Kobre & Kim and other parties, including Banco Popular and Santander.

     (h)     Court Hearings (Task Code B155)
         Fees:  $31,743.50          Total Hours:  34.0

85.     During the Application Period, two Paul Hastings attorneys attended the June 18, 2018 hearing in Boston scheduled specifically with respect to the Committee's Renewed Rule 2004 Motion.  In preparation for this hearing, Paul Hastings reviewed relevant issues raised in

the parties' pleadings, prepared materials for the hearings, and filed the requisite informative

motion to be heard.

    (i)    <u>Investigations (Task Code B261)</u>
            Fees:  $450,561.50        Total Hours:  529.9

    86.    During the Application Period, Paul Hastings, among other things, negotiated

NDAs between the Committee and AAFAF / GDB, as well as a number of other parties,

prepared the Committee's informative motion with respect to its Renewed Rule 2004 Motion,

prepared the Committee's response to the Investigator's Exit Plan Motion, and engaged in

ongoing discussions with AAFAF / GDB and other parties regarding privilege and related

discovery issues.  Paul Hastings also reviewed thousands of documents and conducted legal

research and analysis with respect to discovery issues.

## XII.    Constitutional Issues (Matter ID 00014)

    (j)    <u>General Litigation (Task Code B191)</u>
            Fees:  $87,725.50        Total Hours:  84.8

    87.    During the Application Period, Paul Hastings researched legal issues with respect

to the U.S. Constitution, especially with respect to the procedurally consolidated First Circuit

appeals filed by Aurelius, Assured, and UTIER (the "<u>Appointments Clause Appeal</u>") in

connection with this Court's decision upholding the constitutionality of the Oversight Board

under the Appointments Clause of the U.S. Constitution.  In this regard, Paul Hastings closely

coordinated its efforts with counsel for the Oversight Board and the Retiree Committee in order

to minimize the duplication of efforts.  While the Committee had initially hoped to avoid filing a

standalone pleading, the Committee ultimately filed a short response in order to raise certain

legal points that were not addressed in the Oversight Board's and the Retiree Committees'

responses.  Separately, Paul Hastings also researched constitutional issues in connection with the

GDB Restructuring.

## XIII.   Bankruptcy Rule 2004 (Whitefish) (Matter ID 00015)

    (k)      General Litigation (Task Code B191)
             Fees:  $9,922.50        Total Hours:   13.5

88.     During the Application Period, Paul Hastings continued to engage in discussions with counsel for PREPA and Whitefish regarding continued discovery concerning the Whitefish engagement.  Paul Hastings also continued to prepare for such discovery, including by identifying key documents for interviews and/or depositions and preparing for interviews.

    (l)      Investigations  (Task Code B261)
             Fees:  $4,967.00        Total Hours:   6.8

89.     During the Application Period, Paul Hastings continued to prepare for interviews and devise the Committee's strategy with respect thereto.

## XIV.   PBA (Matter ID 00017)

    (m)      General Litigation  (Task Code B191)
             Fees:   $26,653.00        Total Hours:   31.5

90.     During the Application Period, Paul Hastings continued to analyze potential challenges to the PBA leases as disguised financing arrangements.  As part of these efforts, Paul Hastings conducted additional legal research and revised the related draft complaint.

## XV.   GDB (Matter ID 00018)

91.     During the Application Period, Paul Hastings performed extensive work with respect to the GDB restructuring contemplated by AAFAF, GDB, and the Oversight Board which would culminate in the approval of a proposed restructuring (or "Qualifying Modification") of GDB under Title VI of PROMESA.

92.     Prior to the commencement of GDB's Title VI case, Paul Hastings engaged in discussions with AAFAF regarding the production of documents in order to address a variety of questions that the Committee had with respect to the proposed restructuring and reviewed GDB documents that were provided.  In an effort to avoid a litigated outcome with respect to GDB's

restructuring, Paul Hastings also engaged with AAFAF and the Oversight Board over the terms of the amended restructuring support agreement, including, specifically, the treatment of the Title III Debtors and the releases of the GDB, its officers, directors and advisors.

93.     On August 10, 2018, the GDB commenced its Title VI case to seek approval of the Qualifying Modification.  This Qualifying Modification did not purport to restructure the claims of the Title III Debtors and certain other government depositors; rather, these claims would be restructured (or disallowed) through a series of transactions to be effectuated, upon approval of the Title VI Qualifying Modification, pursuant to the Government Development Bank of Puerto Rico Debt Restructuring Act (the "GDB Restructuring Act").

94.     The Committee had serious concerns with respect to the GDB Restructuring. Among other things, the GDB Restructuring Act purported to transfer GDB's valuable assets away from the Title III Debtors to a newly formed entity, *i.e.*, the Public Entity Trust, for the benefit of certain consenting GDB creditors.  Moreover, the Committee was concerned that the GDB Restructuring would result in the Title III Debtors losing valuable claims they might hold against GDB and current and former officers and directors of GDB before there was an adequate investigation with respect to such claims.  For these (and other) reasons, the Committee filed a notice of its intent to object to GDB's Title VI Qualifying Modification[22] and subsequently filed a number of other pleadings challenging the GDB Restructuring in the Title III Cases and in GDB's Title VI case.[23]

95.     On September 17, 2018, GDB and AAFAF informed the Court that, among other things, the releases to be given by the Title III Debtors and any other government entities under

---

[22]   *See* Docket No. 59 in Case No. 18-1561 (LTS).

[23]   *See* Docket Nos. 3797, 3869, 3881, and 3992 in Case No. 17-BK-3283 (LTS); Docket Nos. 1 and 15 in Adv. Proc. No. 18-00101; Docket Nos. 131 and 136 in Case No. 18-1561 (LTS).

the Restructuring Act would not include **former** officers, directors, employees, agents, or representatives.  Furthermore, on October 5, 2018, after additional negotiations between the parties, the Committee, GDB, AAFAF and the Oversight Board entered into a stipulation that resolved the Committee's remaining concerns with the GDB Restructuring.[24]  The stipulation, which was so-ordered by the Court on October 9, 2018, provides a number of new and substantial benefits for the Title III Debtors (and, through them, their creditors), in exchange for the Committee withdrawing its objections to the GDB Restructuring.  Among other things:

- GDB will transfer $20 million in cash, plus a potential additional amount of up to $10 million in cash, to the Public Entity Trust for distribution, on a first priority basis, to certain Title III Debtors;

- To the extent that GDB has a property interest in legal claims that GDB may assert or be party to in its capacity as fiscal agent or financial advisor, or such other representative capacity to a Title III Debtor or other non-GDB government entity, such claims will be transferred to the applicable Title III Debtor or other non-GDB government entity;

- GDB's net claim against the Commonwealth will be reduced by the amount of federal funds on deposit at GDB (restored by the Commonwealth) of approximately $312 million, with GDB's claim against the Commonwealth capped at $578 million.  The Title III Debtors reserve the right to challenge GDB's claim; and

- GDB will release a claim of over $324 million against PREPA on account of funds PREPA allegedly withdrew from GDB while GDB was insolvent.

96.    On November 7, 2018, the Court approved the Qualifying Modification.

97.    In sum, Paul Hastings' efforts (a) resulted in a GDB Restructuring that was much improved with respect to its treatment of the Title III Debtors and their creditors and (b) helped preserve the Commonwealth's potential claims against GDB's former officers and directors.

---

[24]    *See* Docket No. 185 in Case No. 18-1561.

      (a)    <u>Case Administration (Task Code B110)</u>
           Fees:  $387,430.50      Total Hours:  321.9

98.    During the Application Period, Paul Hastings continued to handle various case

administrative matters, including filing and serving pleadings to be filed in the Title III cases and

GDB's Title VI case related to the GDB Restructuring.  In addition, Paul Hastings engaged in

research, review of documents, and internal and external communications with respect to

developing a strategy for challenging the GDB Restructuring through a variety of different

pleadings and procedural devices.

      (b)    <u>Pleadings Review (Task Code B113)</u>
           Fees:  $18,235.00      Total Hours:  20.9

99.    During the Application Period, Paul Hastings continued to review and prepare

summaries of pleadings filed and orders entered related to the GDB Restructuring.  In addition,

Paul Hastings prepared summaries thereof for internal review and review by the Committee.

Paul Hastings also conducted review of GDB documents produced to the Committee.

      (c)    <u>Relief from Stay/Adequate Protection Proceedings (Task Code B140)</u>
           Fees:  $178,282.50      Total Hours:  207.8

100.    During the Application Period, Paul Hastings prepared the Committee's motion to

enforce the automatic stay with respect to the Title III Debtors against GDB, and a reply in

support of the motion, as well as conducting legal research and analysis with respect to such

pleadings.  In its stay motion, the Committee argued that the GDB Restructuring represented a

violation of the automatic stay protecting the Title III Debtors because it contemplated, among

other things, the release of claims belonging to the Title III Debtors and setoffs against Title III

Debtors' accounts at GDB.  While the Court did not agree with the Committee's arguments on

the merits, the Court held that the Committee had standing to prosecute its stay motion.  In any

event, the motion was an important part of the Committee's comprehensive approach to

challenging the GDB Restructuring, an approach which resulted in a GDB Restructuring with

significantly improved terms.

    (d)    <u>Court Hearings (Task Code B155)</u>
        Fees:  $36,778.50        Total Hours:  37.9

    101.    During the Application Period, Paul Hastings attended several hearings on GDB

matters.  Specifically, Paul Hastings attended the September 7, 2018 hearing in New York in the

Title VI case, at which hearing Paul Hastings handled the Committee's objection with respect to

GDB's motion for Title VI procedures.  Paul Hastings also attended the September 13, 2018

omnibus hearing in San Juan, Puerto Rico, at which hearing Paul Hastings handled the

Committee's motion to enforce the automatic stay with respect to the Title III Debtors against

GDB.

    (e)    <u>General Litigation (Task Code B191)</u>
        Fees:  $1,175,735.00      Total Hours:  1,232.9

    102.    During the Application Period, Paul Hastings prepared, among other pleadings

challenging the GDB Restructuring, the Committee's preliminary objection to the GDB Title VI

Qualifying Modification, a motion for derivative standing to represent the Commonwealth with

respect to GDB in the Title III Cases, and an adversary proceeding complaint for a declaratory

judgment that the GDB Qualifying Modification violated PROMESA.  In connection with these

pleadings, Paul Hastings also prepared reply briefs in support of its motion and its GDB Title VI

objection, as well as an objection to the motion to dismiss filed against its adversary proceeding

complaint.  Paul Hastings conducted extensive legal research and analysis in connection with the

preparation of these pleadings.

(f)     Meetings of and Communications with Debtors/Oversight Board (Task Code B260)
        Fees:  $10,987.50          Total Hours:   9.3

103.    During the Application Period, Paul Hastings communicated with AAFAF and the Oversight Board professionals regarding the GDB Restructuring and document production related thereto.

(g)     Claims Administration and Objections (Task Code B310)
        Fees:  $16,191.00          Total Hours:   18.2

104.    During the Application Period, Paul Hastings prepared an objection to the proof of claim filed by GDB against the Commonwealth.  The claim objection was not filed given the negotiated resolution of the Committee's objections to the GDB Restructuring.

(h)     Restructurings (Task Code B420)
        Fees:  $363,888.00    Total Hours:   362.9

105.    During the Application Period and prior to the commencement of GDB's Title VI case, Paul Hastings continued discussions with AAFAF regarding the production of documents, reviewed GDB documents that were provided, and began to prepare pleadings in connection with a potential challenge of the GDB restructuring.  Paul Hastings also engaged in negotiations over the terms of the amended GDB RSA, including the treatment of the Title III Debtors and the releases of the GDB, its officers, directors, and advisors.

*  *  *

106.    The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

## ATTENDANCE AT HEARINGS

107.    In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee*

*Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides

the following summary regarding the attendance of Paul Hastings professionals at Court

hearings:[25]

- June 6, 2016: The June 6, 2018 omnibus hearing was attended by Mr. Despins (speaking role), with Mr. Bongartz (for a portion of the hearing) and Mr. Comerford (for a portion of the hearing) attending by telephone. Paul Hastings submits that the participation of Mr. Bongartz and Mr. Comerford (who generally handles PREPA matters) was reasonable, in light of the breadth of matters to be addressed at the June 6, 2018 omnibus hearing. Among other things, the hearing covered the Committee's Renewed Rule 2004 Motion, Paul Hastings' and other fee applications, a status update on the PREPA case and the other Title III cases, as well as certain PREPA-related motions (including a motion to appoint an official committee of PREPA retirees).

- June 18, 2018: The June 18, 2018 hearing on the Committee's Renewed Rule 2004 Motion was attended by only two Paul Hastings professionals, Mr. Despins (speaking role) and Mr. Gray. Their attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

- July 25, 2018: The July 25 omnibus hearing was attended by Mr. Despins (speaking role) and Mr. Gray (for a portion of the hearing), with Mr. Bongartz, Mr. Barron (for a portion of the hearing), and Mr. Newman (for a portion of the hearing) attending the hearing by telephone. We note that the participation of Mr. Barron and Mr. Newman at the July 25, 2018 omnibus hearing was extremely limited (namely 0.2 hours and 0.3 hours respectively). In addition, Mr. Gray only attended the portion of the hearing (2.2 hours) related to his work assignment, namely the Committee's Renewed Rule 2004 Motion. Paul Hastings submits that, the attendance of the foregoing attorneys was reasonable given the breadth of matters to be addressed at the July 25 omnibus hearing. Among other things, the July 25, 2018 omnibus hearing covered the Committee's Renewed Rule 2004 Motion, the Investigator's exit plan motion, the Committee's motion to amend the case management procedures, and the motion to dismiss the litigation brought by the Governor of Puerto Rico against the Oversight Board.

- September 7, 2018: The September 7, 2018 hearing on the GDB procedures motion was attended by Mr. Despins (speaking role) and Mr. Bassett, with Mr. Bongartz attending the hearing by telephone. Paul Hastings submits that, given the importance of the GDB restructuring and given Mr. Bassetts' and Mr.

---

[25]   Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

Bongartz' significant involvement in this matter (including the preparation of substantive pleadings), the attendance of these two attorneys was reasonable.

- <u>September 13, 2018</u>: The September 13, 2018 omnibus hearing was attended by Mr. Despins (speaking role), with Mr. Bongartz attending the hearing by telephone. Their attendance complies with the presumptive standards set forth in the Presumptive Standards Order.

## **ACTUAL AND NECESSARY DISBURSEMENTS**

108.    As set forth in <u>Exhibit D-2</u> hereto, Paul Hastings disbursed $201,725.65 as expenses incurred in providing professional services during the Application Period. Because Paul Hastings believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

109.    The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands. Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

110.    Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services. In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's ("<u>ABA</u>") guidelines, as set

forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

111. Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
>> (i) the time spent on such services;
>>
>> (ii) the rates charged for such services;
>>
>> (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>>
>> (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>
>> (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>>
>> (vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee . . . may apply to the court not more than once every 120 days . . . for such compensation for services rendered . . . ."

112.    In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases.  The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

113.    The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings communication and education about the Title III Cases.  As demonstrated by this Application, Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

## NOTICE

114.    In accordance with the Interim Compensation Order, Paul Hastings will provide

notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and

O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $5,795,270.25 representing 100% of the fees billed during the Application Period, and reimbursement of $201,725.65, representing 100% of the actual and necessary expenses incurred during the Application Period; (ii) authorizing and directing the Debtors' payment of the difference between the sum of 80% of the fees allowed plus 100% of the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred; and (iv) granting Paul Hastings such other and further relief as is just.

Dated:  November 16, 2018

>               */s Luc A. Despins*        
>
> PAUL HASTINGS LLP
> Luc A. Despins, Esq. *(Pro Hac Vice)*
> Andrew V. Tenzer *(Pro Hac Vice)*
> Michael E. Comerford *(Pro Hac Vice)*
> G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
> 200 Park Avenue
> New York, New York 10166
> Telephone:  (212) 318-6000
> lucdespins@paulhastings.com
> andrewtenzer@paulhastings.com
> michaelcomerford@paulhastings.com
> alexbongartz@paulhastings.com
>
> *Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------------  x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
            as representative of                    :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO, et al.,            :   (Jointly Administered)
                                                    :
            Debtors.¹                               :
----------------------------------------------------------------------  x
```

## DECLARATION OF LUC A. DESPINS IN SUPPORT OF FOURTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JUNE 1, 2018 THROUGH SEPTEMBER 30, 2018

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

¹   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

support of the *Fourth Interim Application of Paul Hastings LLP, Counsel to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from June 1, 2018 through September 30, 2018* (the "Application").[2]

2.     The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.     I hereby certify that I have read the Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, (a) the compensation and reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation and reimbursement of expenses are billed at rates no less favorable to the Debtors than those customarily employed by Paul Hastings generally.

4.     Paul Hastings provides the following response to the request for information set forth in the U.S. Trustee Guidelines:

Question:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

Response:     Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period, Paul Hastings agreed to the following voluntary reductions / write-offs:

Paul Hastings waived fees totaling $78,525.75, as follows:

(i)     We reduced the hourly rate of Luc A. Despins from $1,400.00 to $1,395.00, resulting in a reduction of $2,169.00 in fees; and

(ii)    We reduced the hourly rate of G. Alexander Bongartz from $1,200.00 to $1,125.00, resulting in a reduction of $56,126.25 in fees.

---

[2]     Capitalized terms used but not defined herein have the meanings set forth in the Application.

(iii)    While Paul Hastings instituted a firm-wide rate scale adjustment on June 1, 2018, Paul Hastings did not apply the adjustment for services in the Title III Cases until July 1, 2018, resulting in a waiver of fees in the amount of $20,230.50.

In addition, Paul Hastings waived expenses totaling $2,879.91, as follows:

(iv)    We waived all charges with respect to late-work, in-office meals (even though the Fee Examiner guidelines permit in-office meal charges of up to $20.00 per meal). At a $20.00 cap per meal, this translates into a total write-off of $1,120.39;

(v)    We capped car service charges at $100.00 resulting in a write-off of $366.69;

(vi)    We reduced all lodging charges in San Juan, Puerto Rico to $250 per night (even though the Fee Examiner's guidelines permit lodging charges in Puerto Rico of up to $300 per night), lodging charges in Boston, Massachusetts to $350 per night, and lodging charges in Washington, D.C., to $500 per night, resulting in a write-off of $1,126.58; and

(vii)    To comply with Local Rule 2016-1(b)(1), we reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $266.25.

The aggregate amount of the foregoing reductions/write-offs is $81,405.66

<u>Question</u>:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

<u>Response</u>:    Not applicable.

<u>Question</u>:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

<u>Response</u>:    No.

<u>Question</u>:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:    The Application includes approximately 30.3 hours and associated fees of approximately $31,161.50 related to preparing, reviewing, and revising Paul Hastings' fee statements.

Question:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:    No.

Question:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rates increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:    As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  Effective July 1, 2018, with the Committee's approval, Paul Hastings adjusted its hourly rates for certain attorneys in accordance with the Retention Order, the Retention Application, and the *Declaration of Mark Richard* in support of the Retention Application.

5.    I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 16th day of November, 2018

*/s/ Luc A. Despins*
Luc A. Despins

-4-