**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | No. 17 BK 3283-LTS |
|     as representative of | ) | |
| | ) | Re: ECF No. 4011, 4098, |
| THE COMMONWEALTH OF PUERTO RICO | ) | 4156, 4194 and 4238 |
| *et al.*, | ) | (Jointly Administered) |
|     Debtors[1] | ) | |
| ———————————————————— | ) | |
| In re: | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | No. 17 BK 3566-LTS |
|     as representative of | ) | |
| | ) | This Response relates |
| THE EMPLOYEES RETIREMENT SYSTEM OF | ) | to ERS and shall be filed in |
| THE GOVERNMENT OF THE | ) | Lead Case No. 17 BK 3283- |
| COMMONWEALTH OF PUERTO RICO, | ) | LTS and Case No. 17 BK |
|     Debtor | ) | 3566-LTS |
| ———————————————————— | ) | |
| COOPERATIVA DE AHORRO Y CRÉDITO | ) | |
| VEGABAJEÑA, | ) | |
|       Movant, | ) | |
| v. | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMANT BOARD FOR PUERTO RICO, | ) | |
|     as representative of | ) | |
| | ) | |
| EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO ("ERS"), | ) | |
|     Respondent. | ) | |

**COOPERATIVA DE AHORRO Y CRÉDITO VEGABAJEÑA'S
RESPONSE TO INFORMATIVE MOTION IN SUPPORT OF ERS'S
OBJECTION TO MOTION TO LIFT STAY FILED BY
COOPERATIVA DE AHORRO Y CREDITO VEGABAJEÑA
AND IN COMPLIANCE WITH ORDER (ECF NO. 4194)**

---

[1] The Debtors in this Title III case are: (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283-LTS); (ii) The Employees Retirement System of the Govt. of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566-LTS); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284-LTS); (iv) Puerto Rico Highways and Transportation Authority (Bankr.Case No. 17-bk-3567-LTS); and (v) Puerto Rico Electric Power Authority (Bankr. Case No. 17-bk-4780-LTS).

**TO THE HONORABLE COURT:**

Comes Now secured creditor ***Cooperativa de Ahorro y Crédito Vegabajeña ("Cooperativa"),*** represented by its undersigned attorneys, and pursuant to this Court's Minute Order dated November 7, 2018 (ECF 4194), responds to Informative Motion in Support of the Employees Retirement System of the Government of Puerto Rico's Objection to Motion for Lift of Stay Filed by the Cooperativa de Ahorro y Crédito Vaegabajeña and in Compliance with Order (ECF No. 4194), and states the following:


**INTRODUCTION**

1.      At the omnibus hearing in the above-captioned Title III case held on November 7, 2018 (ECF 4194), this Court requested the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), acting on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, to submit a Supplemental Affidavit, and to submit an informative motion "…on whether or not there is an investigation pertaining to the segregation [of ERS funds]".

2.      On November 15, 2018, AAFAF filed its Informative Motion In Support of ERS's Objections to Motion for Lift of Stay Filed by Cooperativa and in Compliance with Order (ECF 4238), and it filed Declaration of Luis M. Collazo-Rodriguez in

*Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*                                        *3*

Support of the ERS's Objection to Motion for Lift of Stay Filed by Cooperativa.  (ECF 4238-1).

3.     Neither filing by AAFAF on behalf of ERS responds to the Court's order. The Minute Order specifically requested information on whether individual ERS retirement account funds were segregated prior to the enactment of P.R. Act 106-2017 on August 23, 2017, and whether they remain segregated so that ERS can meet its statutory obligation under P.R. Act 106-2017 at Section 7.6.  Under Section 7.6 of P.R. Act 106-2017, all loan programs granted by the ERS prior to August 23, 2017, including the loan program Cooperativa participated in and which is the subject of Cooperativa's Motion to Lift Stay, "*…shall be governed by the laws under which they were granted.*"  The Puerto Rico Law under which Cooperativa's loan programs were granted, P.R. Act 196-2011, as explained in detail below, requires ERS to turn over to Cooperativa individual ERS participants' funds which were assigned to Cooperativa prepetition as collateral for certain loans.

**DISCUSSION OF AUTHORITY**

4.     Cooperativa seeks relief from the automatic stay pursuant to Title III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), *see* 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. 362), to enforce its statutory lien interests in individual employee retirement pension account funds established prior to the enactment of P.R. Act 106-2017.

5.      The loans Cooperativa entered into were pursuant to the kind of "loan programs" that ERS granted prior to August 23, 2017, which are referred to in Section 7.6 of P.R. Act 106-2017.  Specifically, under P.R. Act 196-2011, Cooperativa entered into loan agreements with ERS participants under which ERS participants could assign up to 65% of his or her individual contributions to the ERS or $25,000, whichever was less, as collateral for the Cooperativa loan.  A copy of a duly certified English translation of Act 196-2011 is attached as Exhibit A to ECF 4156-1.  These assigned contributions were made up of individual salary deductions by ERS participants, which were placed directly into the participant's ERS retirement account.  As provided under Section 2-119 of Act 196-2011, ERS agreed to the assignment of the individual salary contributions by individual participants, under that Section: *"...Contributions that may be designated by the participant as collateral for any loan originated or acquired by these agencies, Savings and Credit Unions, and the Cooperative Bank of Puerto Rico may only be used as collateral for the principal and interests of such loans."*

6.      For each loan, a loan participant and Cooperativa executed an *Assignment Agreement for Participants and/or Pensioners* reflecting the terms of Cooperativa's secured interest in a portion of the individual borrower's ERS contributions.  The *Assignment Agreement* included as Attachment I a *Notification of Assignment* which was received by ERS.  Attachment II is a *Certificate of Estoppel and Recognition of Notification of Assignment of the Product of Contributions*, which was executed by ERS at the time of each loan. Copies are attached as Exhibits B and C to ECF 4156-2 and 4156-3.

*Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*                                           5

7.      Prior to the filing of the Title III case and prior to the enactment of P.R. Act 106-2017, the individual ERS participants who borrowed funds from Cooperativa under the loan program authorized by P.R. Act 196-2011, defaulted on their loans, and most sought bankruptcy protection.  During these individual bankruptcies, the bankruptcy court approved the previous prepetition assignments by individual debtors of their property interest in each of their existing ERS retirement accounts to Cooperativa. These assigned funds, while maintained by ERS, were not ERS property as of the date of the Title III bankruptcy filing, and should have been maintained in a special segregated account.

8.      Again, the assignment of these individual retirement funds by ERS participants to Cooperativa was allowed under the plain language of Section 4-110 of P.R. Act 196-2011.  Under that section, Cooperativa held a statutory lien on the assigned retirement funds as to each individual loan: "*…The statutory lien created in this Section 4-110 shall remain in full force and effect in the event that mortgage or personal loans are transferred by the Administrator to third parties pursuant to Section 4-106 of this Act.*"  This lien, approved by ERS at the time the loans were executed, allowed Cooperativa to collect the assigned funds from the ERS if the individual borrower defaulted.  The borrowers defaulted, and were duly notified.  Again, Cooperativa seeks to recover the funds assigned to it which were required to be segregated and made available to Cooperativa pursuant to both P.R. Act 196-2011 and Section 7.6 of P.R. Act. 106-2017.

9.      In its Informative Motion, ERS fails to acknowledge its statutory obligations to make the individual employee's assigned funds available to Cooperativa. The Informative Motion neither mentions nor acknowledges either P.R. Act 196-2011 or Section 7.6 of P.R. Act 106-2017.  Instead, ERS offers only that it maintained individual accounts for accounting purposes but never segregated funds corresponding to such retirement accounts.

10.     Further, the Informative Motion discusses the reforms to the broken ERS system pursued through the enactment of P.R. Act 106-2017.   While notable and necessary, these reforms are not relevant to the specific issue raised by this Court at the recent omnibus hearing.  Instead, as demonstrated by the plain language of P.R. Act 106-2017, in addition to the numerous and laudable reforms in the Act going forward, under Section 7.6 of the 2017 Act, the Puerto Rico legislature specifically required ERS to fully perform under loan programs in place and granted prior to August 23, 2017 when P.R. Act 106-2017 was enacted.  Further, under Section 7.4, the legislature expressly stated that all regulations, orders, resolutions, circulars, and other administrative documents governing the operations of the ERS shall remain valid until they are expressly altered, modified, amended, repealed, or replaced.  To date, none of the relevant provisions or regulations under P.R. Act 196-2011 have been repealed or modified. Further, neither the *Assignment Agreement for Pensioners and/or Assignment Agreement for Participants* nor the *Certificate of Estoppel and Recognition of Notification of Assignment of Funds* have been repealed, amended, or modified in any way.

*Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*                    7

11.     ERS cannot deny its statutory obligations to make available to Cooperativa the funds individual employees assigned prepetition to Cooperativa pursuant to Puerto Rico law.   Specifically, ERS cannot use the reforms set forth in Act 106-2017 to avoid its obligations to perform under loan programs granted prior to the enactment of Act 106-2017.  It is axiomatic that the intent of the Puerto Rico Legislature is demonstrated by the plain language of the statutes it enacts. ***Autonomous Municipality of San Juan v. Financial Oversight and Mgmt. Bd. of P.R.***, 301 F.Supp.3d 314 (D.P.R. 2017).   Here, under Act 106-2017, the Commonwealth of Puerto Rico intended to both reform the ERS system going forward *and* enforce loan programs previously granted by ERS as stated in Section 7.6. The reform language is not retroactive.

12.     It is uncontested that the individual ERS participant's funds which Cooperativa seeks in state court arise from "…*loans that have already been granted*". *See* Sect. 7.6, Act 106-2017.  These funds were acknowledged and certified by ERS in the numerous *Notification of Assignment* and the *Certificates of Estoppel and Recognition of Notification of Assignment of the Product of Contributions* that were attached to each loan Cooperativa executed with ERS participants pursuant to P.R. Act 196-2011.

13.     Mr. Luis M. Collazo-Rodriguez's admission in his Declaration that the funds deposited into ERS participant's retirement accounts were accepted by ERS, but were never "segregated," (ECF 4238-1) does not excuse ERS from releasing non-Estate funds which were assigned to Cooperativa years ago pursuant to the P.R. Act 196-2011 loans.

*Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*                                          8

Again, such loan obligations must be enforced under Puerto Rico law, as anticipated by the Puerto Rico Legislature when it enacted Act 106-2017.


## CONCLUSION

For each of the additional information provided herein, *Cooperativa de Ahorro y Crédito Vegabajeña* respectfully requests this Court to grant its Motion for Lift of Stay. Cooperativa respectfully requests an Order to modify the automatic stay so that it can be lifted for the limited purpose of allowing Cooperativa to seek the enforcement of its statutory lien interests in the individual employee funds which ERS has a legal obligation to turn over and make available to Cooperativa.  Cooperativa also respectfully seeks an order from this Court that its lien interests are in funds assigned to it prepetition by individual employees and are not estate property, and for whatever further relief this Court deems just and property at this time.

Respectfully submitted:


## NOTICE OF SERVICE

I certify that on this date I filed a true and correct copy of the foregoing ***Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants: ***Hermann Bauer, Esq.,*** Hermann.Bauer@oneillborges.com; ***Ubaldo M. Fernández Barrera, Esq.,*** ubaldo.fernandez@oneillborges.com; counsel to

*Cooperativa A/C Vegabajeña's Response to Informative Motion, etc.*                    9

The Financial Oversight & Management Board For Puerto Rico; ***Diana M. Pérez, Esq,***
dperez@omm.com; ***Luis C. Marini Biaggi, Esq.,*** lmarini@mpmlawpr.com; ***Carolina***
***Veraz-Rivero, Esq.,*** cvelaz@mpmlawpr.com; counsel to the Puerto Rico Fiscal Agency
and Financial Advisory Authority; and by USPS to the U.S. Trustee.

In San Juan, P.R, this 26th day of November 2018.

/s/ Carlos A. Quilichini Paz
USDCPR 120906
Jessica M. Quilichini Ortíz
USDCPR 223803
Attorneys for Cooperativa de
Ahorro y Crédito Vegabajeña
Post Office Box 9020895
San Juan, Puerto Rico 00902-0895
Telephone:    (787) 729-1720
Facsimile:     (787) 724-6000
Email: quilichinipazc@microjuris.com