UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) PROMESA <br> ) Title III <br> ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | ) No. 17 BK 3283-LTS <br> ) <br> ) |
| as a representative of | ) **(Jointly Administered)** <br> ) <br> ) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | ) <br> ) <br> ) |
| Debtors.[1] | ) <br> ) |

### ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS

Upon the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or other Sub-Retained Professionals* (the "**Motion**"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED**;

2. The following additional presumptive standards, which the Fee Examiner has represented embody standards generally and consistently applied since the outset of the review process, shall continue to be applied in the review of fee applications filed in these Title III cases after the entry of this Order:

    a) Professionals seeking fees or expenses through the Title III fee process shall not submit reimbursement requests for any other firm's professional (legal, financial advisory, investment banking, or accounting) services, whether or not those services are characterized as expert witness or consultant fees.

        1. If a professional's retention order or agreement allows for the sub-retention of other professionals, including expert witnesses, any such sub-retention shall be the subject of a notice containing all of the required elements of an application pursuant to 11 U.S.C. § 327(e). The notice shall certify that the professional has the prior written consent of its client to retain the expert or consultant. Any party in interest may object to the retention for any reason, including that the services to be provided are unnecessarily duplicative of another professional's services; and

        2. Any sub-retained consultant or expert witness fees charged as expenses in another professional's fee application should be accompanied by all of the supporting information and data required of retained professionals; and

        3. This presumption shall not apply to sub-retained professionals billing less than $30,000 in any four-month interim compensation period or $150,000 in the aggregate.

    b) Hourly billing rate increases imposed by professionals submitting fees for Court approval shall be presumptively unreasonable unless:

1. The professional firm certifies that it has obtained the express written permission of its client for the rate increases on a timekeeper-by-timekeeper basis; and

2. The professional has filed a notice, at least 21-days prior to the implementation of such rate increases, informing the Court and public of the proposed rate adjustment on a timekeeper-by-timekeeper basis; and

3. The rate increases do not exceed, for any individual timekeeper during any calendar year:

    i. Five percent of the rates previously charged for any owner, director, partner, shareholder, special counsel, or senior counsel; or

    ii. Ten percent of the rates previously charged for any associate or non-owner professional engaged in his or her field of practice for a period of 10 or fewer years.[2]

4. The term "rate increases" includes any increase in rates above those initially charged, whether denominated "step increases" or otherwise.

c) Any party in interest may object to rate increases for any reason, including, but not limited to, their failure to comply with these presumptions.

3. The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the facts and circumstances presented.

4. Nothing in this Order shall restrict any party, including the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5. Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

---

[2] Associates may undergo rate increases twice in a calendar year, but the cumulative effect shall not exceed ten percent for any twelve-month period.

6. Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7. Nothing in this Order shall alter the terms of the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932], which remains in full force and effect.

8. Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

9. The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11. This Order resolves docket entry no. _____.

SO ORDERED.

Dated: _____, 2018

                                              LAURA TAYLOR SWAIN
                                              United States District Judge

19809604.1