**Hearing Date**: December 19, 2018 at 9:30 a.m. (AST) / 8:30 a.m. (ET)
**Objection Deadline**: December 4, 2018 at 4:00 p.m. (AST) / 3:00 p.m. (ET)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

   Debtors.[1]

:   PROMESA
:   Title III
:
:   Case No. 17-BK-3283 (LTS)
:
:   (Jointly Administered)
:

------------------------------------------------------------------------- x

### NOTICE OF HEARING ON MOTION OF OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS FOR ORDER, UNDER BANKRUPTCY RULE 2004,
### AUTHORIZING DISCOVERY OF TITLE III DEBTORS, OTHER THAN COFINA,
### CONCERNING POTENTIAL AVOIDANCE ACTIONS

**PLEASE TAKE NOTICE** that a hearing on the *Motion of Official Committee of*

*Unsecured Creditors for Entry of Order Under Bankruptcy Rule 2004 Authorizing Discovery*

*With Respect to Potential Avoidance Actions* (the "Motion"), will be held before the Honorable

Magistrate Judge Judith Dein, United States Magistrate Judge, at the United States District Court

for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office

150, San Juan, Puerto Rico 00918-1767 on **December 19, 2018 at 9:30 a.m. (Atlantic**

**Standard Time)**.

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections")

to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure

and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a)

by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*,

electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico (the

"Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in text-

searchable portable document format (PDF), to the extent applicable, and shall be served in

accordance with the *Seventh Amended Case Management Procedures* [Docket No. 4086-1], so as

to be so filed and received no later than **December 4, 2018 at 4:00 p.m. (Atlantic Standard**

**Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

District Court may enter an order granting the relief sought without a hearing pursuant to the

*Seventh Amended Case Management Procedures* [Docket No. 4086-1].


Dated: November 27, 2018

*/s/ Luc A. Despins*
PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

2

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: December 19, 2018 at 9:30 a.m. (AST) / 8:30 a.m. (ET)
**Objection Deadline**: December 4, 2018 at 4:00 p.m. (AST) / 3:00 p.m. (ET)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x
                           :

In re:                                     :

                           :

THE FINANCIAL OVERSIGHT AND         : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  : Title III

                           :

       as representative of           : Case No. 17-BK-3283 (LTS)

                           :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  : (Jointly Administered)

                           :

       Debtors.[1]                   :
------------------------------------------------------------------------- x

## MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY OF TITLE III DEBTORS, OTHER THAN COFINA, CONCERNING POTENTIAL AVOIDANCE ACTIONS

To the Honorable United States Magistrate Judge Judith G. Dein:

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), made applicable to the above-captioned cases by section 310 of the Puerto Rico

Oversight, Management, and Economic Stability Act ("PROMESA"),[2] the Official Committee of

Unsecured Creditors (the "Committee") of all Puerto Rico Title III debtors (other than COFINA)

(the "Debtors") hereby files this motion (the "Motion") requesting the production of documents

concerning potential avoidance actions that may be prosecuted by the Debtors or by a trustee

appointed by the Court pursuant to section 926 of title 11 of the United States Code (the

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    PROMESA has been codified at 48 U.S.C. § 2101-2241.

"Bankruptcy Code") applicable pursuant to section 301 of PROMESA, beginning with the

targeted document request ("Document Request") attached hereto as Exhibit B.

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

2.      Venue is proper pursuant to section 307(a) of PROMESA.

3.      Relief is requested pursuant to Bankruptcy Rule 2004, made applicable to these

Title III cases by section 310 of PROMESA.

## PRELIMINARY STATEMENT

4.      From the inception of these cases, the Committee has stressed the need to conduct

a comprehensive investigation into potential avoidance actions ("Avoidance Actions")[3] that

could be asserted against third parties, including other government instrumentalities, individuals,

and private entities, to recover value for the Debtors' unsecured creditors.  To date, however, no

such investigation has been conducted, let alone commenced, and time is rapidly running out—

the statute of limitations on Avoidance Actions for three Debtors (including the Commonwealth)

expires in May 2019.  To ensure that these potentially valuable assets of the Debtors are not lost,

and to protect the right of creditors under section 926 of the Bankruptcy Code to seek

appointment of a trustee to prosecute Avoidance Actions where the Debtor refuses to pursue

such causes of action, the Committee must be allowed to obtain, at the very least, some basic

information from the Debtors concerning such potential claims.  Accordingly, the Committee

files this motion for limited Bankruptcy Rule 2004 discovery.

---

[3]     "Avoidance Actions" are actions that may be prosecuted pursuant to, among other sections, sections 544, 545,
547, and 550 of the Bankruptcy Code.

2

5.      As the Court will recall, this is not the first time the Committee has raised this issue.  In July 2017, the Committee filed an initial Bankruptcy Rule 2004 motion seeking information relating to, among other things, potential causes of action and "potential improprieties and misconduct relating to the structuring, issuance, underwriting and selling of the Commonwealth's debt which may have impacted the value of the Commonwealth's Estate."[4] The response the Committee received at that time was that the investigation would instead be handled by an investigator, Kobre & Kim LLP (the "Investigator"), appointed by the Oversight Board.  The investigation, however—the final report of which was finally issued in August 2018 after several delays—was woefully deficient in many respects,[5] including that it did not conduct any factual inquiry into possible Avoidance Actions whatsoever.  *See* Financial Oversight & Management Board for Puerto Rico, Independent Investigator, *Final Investigative Report* (Aug. 20, 2018) (the "Final Report") at 535 ("We have not been tasked with identifying or analyzing any payments or transfers made by the Debtors, including COFINA, before the Title III Proceedings' filing date.").[6]  Since the Investigator had not begun an investigation of Avoidance Actions, the Oversight Board has very recently proposed to employ yet another counsel to conduct a further investigation, but such counsel has not yet been identified.

6.      The Committee, which has a fiduciary obligation to review the Debtors' pre-petition conduct, cannot afford to keep waiting, hoping that the Oversight Board will eventually investigate Avoidance Actions these causes of action or that it would investigate such causes of action and reach the appropriate conclusion as to whether certain Avoidance Actions should

---

[4]   *Motion of Official Committee of Unsecured Creditors for Order under Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis* [Docket No. 706] (the "July 2017 Motion") ¶ 33.

[5]   *See Creditors' Committee's Informative Motion Regarding Kobre & Kim Final Report* [Docket No. 3866] (the "Kobre & Kim Informative Motion").

[6]   Final Rep., https://drive.google.com/file/d/19-lauVo3w9MPS03xYVe0SWhQin-Q6FEf/view.

3

eventually be prosecuted. The Committee, at the Court's direction, has already adopted a "wait-and-see" approach for more than 18 months and now only five months remain until the statute of limitation expires with respect to most of the Debtors' Avoidance Actions.[7] *See* 11 U.S.C. § 546(a)(1)(A). Given the significance of the task at hand and the fact that Avoidance Actions sometimes provide material recoveries in bankruptcy cases, time is of the essence. The Committee must begin to receive at least basic information necessary to start identifying targets of potential Avoidance Actions.

7.      To be clear, the investigation the Committee seeks to initiate at this time is a limited one. The Committee intends to fully cooperate with the Oversight Board and its professionals to be as efficient as possible by providing the Oversight Board with immediate access to all documents eventually produced by AAFAF in response to the Document Request. At this stage, the Committee requests that the Debtors (other than COFINA) be required to produce a list of all transfers of $3 million or more during the two years preceding the petition date in each of the Title III cases, as more fully described in Exhibit B hereto. The Committee submits that this limited discovery is reasonable, not burdensome, and should be permitted.

## BACKGROUND

### A.      Creditors' Committee's Prior Discovery Requests

8.      On July 21, 2017, the Committee sought authority to conduct discovery of the Debtors, among others.[8] The Oversight Board opposed the Committee's motion, arguing that the Oversight Board was the sole proper party to conduct this discovery under PROMESA.[9] Magistrate Judge Judith Dein, however, disagreed with the Oversight Board's narrow

---

[7]    The precise deadline for each of the Debtors is: Commonwealth - May 9, 2019; HTA - May 17, 2019; ERS - May 21, 2019; and PREPA - July 3, 2019.

[8]    *See* July 2017 Mot.

[9]    *See* Oversight Board objection to July 2017 Mot. [Docket No. 859].

interpretation of PROMESA and stated "I think we all agree that the UCC 2004 investigation is
authorized by PROMESA, within my discretion."[10]

9.     Based on representations by the Oversight Board that it would retain the
Investigator, the Court ordered the parties to meet and confer as to whether any investigation
topics could be "spun off" and handed directly to the Committee.[11]  The Oversight Board
subsequently retained Kobre & Kim LLP to serve as the Investigator and remained unwilling to
cede any matters to the Committee.[12]

10.     At the omnibus hearing on November 15, 2017, Magistrate Judge Dein denied the
July 2017 Motion without prejudice, indicating that it was "premature" and that "the
[Investigator] should be given the opportunity to conduct his investigation . . ."[13]  At that point,
based upon representations made by the Investigator and the Oversight Board, the Court and the
Committee were under the impression that the investigation would be completed and a report
filed by, at the latest, April 2018.[14]

11.     On April 5, 2018, after missing its own targeted date for the production of the
Final Report, the Investigator advised the Court that it would not meet the initial delivery target

---

[10]     Aug. 22, 2017 H'g Tr. at 72:22-24.

[11]     Aug. 22, 2017 H'g Tr. at 89:17 - 90:1.

[12]     *See Informative Motion of Official Committee of Unsecured Creditors and Status Report Regarding Discovery
Discussions, Renewed Request for Authorization of Discovery Under Bankruptcy Rule 2004, and Agreed Notice
to Conduct Hearing on Motion at October 4, 2017 Omnibus Hearing* ¶¶ 12, 16 [Docket No. 1284].

[13]     Nov. 15, 2017 H'g Tr. at 72:21; 73:1-2.  The court indicated that the Committee could renew the motion with a
more targeted request.  Nov. 15 Transcript, at 82:25-83:1.  An order denying the July 2017 Motion without
prejudice was entered on November 17, 2017 [Docket No. 1827].

[14]     In the October 30, 2017 Interim Report, the Investigator represented that its work had begun immediately after
being hired by the Oversight Board on September 1, 2017, and that review could be completed within 200 days
of retention, *i.e.* at the latest by March 20, 2018. *Independent Investigator's First Interim Report* (Oct. 30,
2017) ¶ 3, https://drive.google.com/file/d/1l8dlm6776iFN7voR-mIn-RZp1olANauL/view.  During the
November 15, 2017 hearing, the Oversight Board's counsel stated:  "From September 1, 200 days takes us into
late March.  Let's assume that it goes a little longer than that into April.  By April, the investigation, at least
based on current projections, will be completed and a report will be produced."  Nov. 15, 2017 H'g Tr. at 59:22-
60:1.

and that a "realistic time frame for the preparation and delivery of a final investigation report is during the summer of 2018."[15]

12.     In view of the Investigator's lack of progress, and given the scale of the potential claims and causes of action the Committee would need to evaluate, on May 15, 2018 the Committee filed the *Renewed Motion of Creditors' Committee Seeking Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery Program with Respect to Certain Causes of Puerto Rico Financial Crisis Beginning on August 15, 2018* (the "Renewed Motion") [Docket No. 3066]. In the Renewed Motion, the Committee noted that "a delay of even a few additional months could significantly hinder the Committee's claims identification work – as, for example, certain avoidance actions could expire in May 2019, two years after the commencement of the title III cases."[16]   Indeed, during the June 6, 2018 omnibus hearing, the Court stated:  "I accept the concern of the May 2019 date.  I think that that's real."[17]

13.     The Court, by order entered July 25, 2018, denied certain of the Committee's requests but directed that the Renewed Motion remain open "such that requests may be made pursuant to it after the publication of the Independent Investigator's report."[18]

---

[15]     *See Independent Investigator's Second Interim Report* (April 5, 2018) ("Second Interim Report") ¶ 6, https://drive.google.com/file/d/1vQwUucUMJ1579DQ3UoSkvIQsXdLo1jqi/view.  In the Second Interim Report, the Investigator claimed that "evidence-recovery and review issues that have arisen in the aftermath of Hurricanes Irma and Maria," justified its failure to meet its own target notwithstanding that the initial target was proposed six weeks after the Hurricanes and the bulk of the documents to be reviewed were on the mainland. Second Interim Rep. ¶ 6.

[16]     Renewed Mot. ¶ 28.

[17]     June 6, 2018 H'g Tr. at 109:8-9.

[18]     *See* Order ¶ 3 [Docket No. 3698]; *see also* June 6, 2018 H'g Tr. at 98:22-99:3 ("What I don't want to do, though, is end up in September with a discussion about what has been produced and what has not been produced. . . .  But that's really a critical concern to me at the moment, because there seems to be shifting representations as to what's been available and what has not been available.").

B.    **The Final Report**

14.    On August 20, 2018, the Investigator filed the Final Report, which as the Committee anticipated, was inadequate in a number of significant aspects.[19]  As the Committee noted in its Kobre & Kim Informative Motion, the Final Report did not opine on the likelihood of success of any claim,[20] in contrast to "other examiner reports [that] have actually outlined the likelihood of any recoveries and the values of those recoveries to the debtors' estates, and have made express references to documents or precise reference to attributable witness statements as support."[21]

15.    The Final Report did not even address the question of whether any Avoidance Actions could be maintained by any of the Debtors.  Indeed, these issues were carved out of the investigation, with the Investigator noting that it did not seek or obtain "comprehensive discovery" relating to prepetition transfers because "[w]e have not been tasked" with this analysis and the Investigator lacked a "solvency analysis."[22]

---

[19]    *See* Kobre & Kim Informative Mot. [Docket No. 3866].

[20]    "The Report also provides a discussion and survey of potential causes of action that the Independent Investigator identified that may arise from the facts learned through the investigation. **That discussion is not intended to provide an exhaustive or definitive list and analysis of causes of action that may be available to investors, creditors, debtors, regulators and other parties.  Indeed, we do not opine on the likelihood of success of any cause of action**."  Final Rep., at 30 (emphasis added).

[21]    Kobre & Kim Informative Mot. ¶ 7, citing, e.g., Final Report of Examiner Richard J. Davis (Volume I – Introduction and Executive Summary), at 1, *In re Caesars Entm't Operating Co.*, No. 15-01145 (Bankr. N.D. Ill. Mar. 15, 2016); Report of Anton Valukas (Volume I), at 45 n.121, *In re Lehman Bros. Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Mar. 11, 2010).

[22]    Final Rep. at 535; *see id*. at 502; 504.  A solvency analysis is not necessary to analyze the viability of certain Avoidance Actions, e.g., actual fraudulent conveyance claims under Bankruptcy Code sections 544 and 548 and avoidance of certain statutory liens pursuant to Bankruptcy Code section 545.  Further, with respect to any challenge to a transfer made within 90 days before the Title III filing on the grounds that such transfer was a preference, insolvency is presumed pursuant to section 547(f) of the Bankruptcy Code.

16.     Because the Final Report did not address Avoidance Actions, the documents

made available to the Committee pursuant to the Investigator's "Exit Plan Order"[23] do not

provide information required to conduct a thorough review of Avoidance Action claims.

**C.      Oversight Board's Proposal to Retain Claims Counsel**

17.     On October 24, 2018, over two months after the Final Report was made public,

the Oversight Board's Special Claims Committee (the "Oversight Board Claims Committee")

issued a Request for Proposal (the "RFP") for counsel ("Claims Counsel") to assist the Oversight

Board Claims Committee in its review of the Final Report.[24]  Specifically, the RFP provides that

the "scope of the work" to be completed by Claims Counsel is to "further consider potential

claims that might arise from the conduct described in the Report," and will include "(i) review

and assessment of the Report and the factual materials that form the basis of the Report, (ii) legal

research as necessary to advise the Committee regarding potential causes of action and (iii)

initiation of any litigation arising from the conduct described and/or referrals to prosecutorial or

regulatory bodies."[25]

18.     Given that investigation of Avoidance Actions was specifically carved out of the

Investigator's mandate, it is unclear, to say the least, whether the yet to be retained Claims

Counsel will be tasked with analyzing Avoidance Actions.  In any event, the Motion would not

be mooted by the appointment of Claims Counsel by the Oversight Board Claims Committee as,

given the Oversight Board's failure to undertake any investigation of Avoidance Actions since

---

[23]   *Order Approving Motion of Independent Investigator for an Order (I) Establishing Procedures for Resolving any Confidentiality Dispute in Connection with Publication of the Independent Investigator's Final Report; (II) Approving the Disposition of Certain Documents and Information; (III) Relieving the Independent Investigator from Certain Discovery Obligations; (IV) Exculpating the Independent Investigator in Connection with the Investigation and Publication of the Final Report; and (V) Granting Related Relief*  [Docket No. 3744] (the "Exit Plan Order").

[24]   RFP, https://drive.google.com/file/d/1d073bWZXbsDu5YkFplmYVr_mfT0byWh-/view.

[25]   RFP at 2.  The deadline for submission of proposals was November 12, 2018.  The RFP provides no timeline indicating when it will conclude its review of the responses, or when a Claims Counsel will be selected.

8

its appointment more than 25 months ago, it would be neither prudent nor appropriate for the

Committee to simply rely on the Oversight Board to investigate such actions.

## REQUESTED RELIEF

19.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the

court may order the examination of any entity." FED. R. BANKR. P. 2004(a).  The scope of such

examination may relate to "the acts, conduct, or property or to the liabilities and financial

condition of the debtor, or to any matter which may affect the administration of the debtor's

estate." FED. R. BANKR. P. 2004(b).  The purpose of a Bankruptcy Rule 2004 examination is to

assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing

assets, and examining transactions.  *See In re Washington Mut*., *Inc.*, 408 B.R. 45, 50 (Bankr. D.

Del. 2009); *see also In re Recoton Corp*., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

20.     It is the right and responsibility of this Committee to undertake such an

examination.  Section 1103(c) of the Bankruptcy Code, incorporated into PROMESA pursuant to

section 301(a) of PROMESA, provides, in pertinent part, that a creditors' committee may

"investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the

operation of the debtor's business and the desirability of the continuance of such business, and

any other matter relevant to the case or the formulation of a plan." 11 U.S.C. § 1103(c)(2).  This

includes the investigation of Avoidance Actions.  *See*  7 Collier on Bankruptcy P 1103.05 (16th

2018) ("The committee's investigation should focus not only on the nature of the debtor's assets,

and the extent of the debtor's liabilities and whether there are avoidance actions against third

parties, but also the reasons for the debtor's financial problems and whether the debtor could

assert other claims.").

9

21.     While section 1103(c) states that a committee "may" exercise this authority, a committee, in fact, has a fiduciary duty to its constituents to exercise these powers as necessary to protect the constituents' interests.  *See* 7 Collier on Bankruptcy P 1103.05 (16th 2018), citing *Official Committee of Unsecured Creditors v. Qwest Communications Corp.*, 405 B.R. 234 (E.D. Mich. 2009).

22.     Although Bankruptcy Rule 2004 authorizes an expansive investigation into the Debtors' assets and affairs,[26] the Committee at this time is only seeking authorization to pursue one narrow, targeted inquiry.  Specifically, the Committee asks the Debtors (other than COFINA) to identify all transfers (as defined in section 101(54) of the Bankruptcy Code) of property valued at $3 million or more from the applicable Debtor within the two years prior to the Petition Date by providing (i) the date of the transfer, (ii) the amount of the transfer, (iii) the identity of the recipient of the transfer, and (iv) a brief description of the nature of the transfer sufficient to explain the reason it was made (*e.g.*, "Payment re: contract with XYZ").  This request, as articulated in Exhibit B hereto, is narrowly tailored to the Committee's objective of beginning to identify the targets of potential avoidance claims that could bring substantial value to the Debtors' creditors.  As noted above, the deadline for commencing Avoidance Actions on behalf of many of the Debtors is rapidly approaching in May 2019.  The Committee must therefore obtain this limited information without delay.

---

[26]    *See In re Youk-See*, 450 B.R. 312, 319-20 (Bankr. D. Mass. 2011) ("The examination [] is of necessity to a considerable extent a fishing expedition.") (internal citations omitted);  *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (affirming Bankruptcy Rule 2004 discovery order; noting that "Rule 2004 is broad in nature.") (citation omitted); *In re Pub. Serv. Co. of New Hampshire*, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) ("The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad."); *In re Washington Mut.*, 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'") (internal citations omitted); *see also In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'") (citation omitted).

10

23.     For all of these reasons, the Committee hereby requests that the Court

(1) authorize the Committee's requests for the production of documents concerning potential

avoidance actions; (2) authorize the issuance of the Document Request contained in Exhibit B

hereto; and (3) direct the identified Debtors to meet-and-confer in good faith with the Committee

regarding the timing of document discovery in response to the Document Request.  The

Committee will fully share the results of its discovery efforts without restrictions so as to avoid

duplicative requests and ensure efficient use of resources.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

24.     Commencing on November 19, 2018, the Committee has conferred with counsel

of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (which speaks

for the Debtors with regard to the production of documents in the Debtors' possession) with

respect to the types of documents sought in the Document Request, but no agreement has been

reached to date.  The Committee expects those discussions to continue and is hopeful that an

agreement can be reached before the December 19 hearing on the Motion.  The Committee has

also conferred on several occasions with counsel for the Oversight Board about the topic of

investigating Avoidance Actions over the last several months.

## NOTICE

25.     Notice of this Motion has been provided to the following entities, or their counsel,

if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of

Puerto Rico; (iii) the Oversight Board; (iv) AAFAF; (v) the official committee of retirees;

(vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc

groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have

filed a notice of appearance in the above-captioned Title III cases.

11

WHEREFORE, the Committee respectfully requests that this Court enter an order

substantially in the form attached hereto as Exhibit A granting the relief requested herein, and

granting the Committee such other relief as this Court deems just and proper.


Dated:  November 27, 2018                    */s/ Luc A. Despins*
                                             PAUL HASTINGS LLP
                                             Luc. A. Despins, Esq. *(Pro Hac Vice)*
                                             Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
                                             G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
                                             200 Park Avenue
                                             New York, New York 10166
                                             Telephone:  (212) 318-6000
                                             lucdespins@paulhastings.com
                                             nicholasbassett@paulhastings.com
                                             alexbongartz@paulhastings.com

                                             *Counsel to the Official Committee of Unsecured*
                                             *Creditors*

                                             - and -

                                             */s/ Juan J. Casillas Ayala*

                                             CASILLAS, SANTIAGO & TORRES LLC
                                             Juan J. Casillas Ayala, Esq., USDC - PR 218312
                                             Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
                                             Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
                                             Ericka C. Montull-Novoa, Esq., USDC - PR 230601
                                             El Caribe Office Building
                                             53 Palmeras Street, Ste. 1601
                                             San Juan, Puerto Rico 00901-2419
                                             Telephone: (787) 523-3434
                                             jcasillas@cstlawpr.com
                                             dbatlle@cstlawpr.com
                                             aaneses@cstlawpr.com
                                             emontull@cstlawpr.com

                                             *Local Counsel to the Official Committee of Unsecured*
                                             *Creditors*