# Exhibit B

## Document Request

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF DISCOVERY REQUESTS WITH RESPECT TO POTENTIAL AVOIDANCE ACTIONS**

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to the above-captioned cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Official Committee of Unsecured Creditors ("the Committee") of all Puerto Rico Title III Debtors (other than COFINA) hereby requests that the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, Puerto Rico Electric Power Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtors") produce the documents requested below (the "Document Request") at the offices of ___, on or before 4:00 p.m. on ____ , 2019, or on such other date as may be agreed to by the parties.

**DEFINITIONS AND INSTRUCTIONS**

1. "And" and "or" have both conjunctive and disjunctive meanings and therefore should be read as "and/or." Similarly, "all," "any," "each" and "every" are used in the inclusive sense, and therefore should be read as meaning "each and every." The word "including" should be read as meaning "including without limitation."

2. "Applicable period" means two years preceding the date that the applicable Debtor commenced its title III case. For the avoidance of doubt, the applicable period for the Commonwealth is May 3, 2015 to May 3, 2017; the applicable period for the Puerto Rico Highways and Transportation Authority is May 21, 2015 to May 21, 2017; the applicable period for the Puerto Rico Electric Power Authority is July 2, 2015 to July 2, 2017; and the applicable period for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico is May 21, 2015 to May 21, 2017.

3. "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

4. "Transfer" has the definition set forth in 11 U.S.C. § 101(54).

5. "You" or "Your" means and refers to the applicable Debtor.

6. Reference to the singular in any of these Discovery Requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

7. All information requested herein is to be provided if it is in the possession, custody or control of, or is available and accessible to, You or any of Your agents, representatives or any other Person acting for You or on Your behalf.

8. If You cannot answer any of the following Document Request in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain Your inability to provide a complete answer.

9. If You object to part of the Document Request and refuse to answer that part on the basis of a claim of privilege, state the objection and answer the remaining portion of the request. As to any Communication that You refuse to disclose on the basis of a claim of privilege, identify: (a) the name, address, position, and organization of the participants in the communication, (b) any documents reflecting or summarizing all or part of the communication, including the date, length, and type of document and description of the subject matter of the document, and (c) the specific grounds for claiming that the communication is privileged.

10. This Document Request is to be considered as continuing, and You are to supplement Your responses with additional information as You may hereafter obtain.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** With respect to any Transfer by You having a value of $3,000,000 or more during the Applicable Period, produce either a list of or other documents sufficient to identify: (i) the amount of such Transfer, (ii) the date of such Transfer, (iii) the Person who received such Transfer and/or the Person on whose behalf the Transfer was made, and (iv) a brief description of the nature of the Transfer sufficient to explain the purpose for which the Transfer was made.

Dated: November 27, 2018

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*