IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of | TITLE III |
| | No. 17 BK 03283-LTS |
| THE COMMONWEALTH OF PUERTO RICO | Relief of the Automatic Stay |
| Debtor | |

**REPLY TO OBJECTION OF THE COMMONWEALTH TO MOTION REQUESTING LIFT OF STAY FILED BY MICHAEL E. DANUZ**

COMES NOW, Michael E. Danuz Reyes through the undersigned attorneys and very respectfully moves the Court for an Order pursuant to 11 U.S.C.A. § 362 for relief from the automatic stay and, in support of this motion, states as follows:

1. The Prepetition Action against the Commonwealth, the Puerto Rico Department of Justice ("PRDJ"), and various officials of the PRDJ under the Puerto Rico Whistleblowing Act is a sequel to a case before the Commission for Appeals of Public Service ("CASP") challenging disciplinary measures imposed by the PRDJ (hereinafter referred to as, "First Case"). The First Case is entitled <u>Danuz Reyes v. PRDJ</u>, Case No. 2003-08-0142.

2. On June 30, 2015, the Puerto Rico Court of Appeals ("PRCA") confirmed CASP's findings of fact and law. As such, the PRCA determined that the disciplinary measures imposed on Michael Danuz ("Danuz") were unlawful. The disciplinary measures originated from a report prepared by Danuz's informing illegal acts and administrative violations perpetrated by his supervisor and by other members of the Arms and Drugs Section of the PRDJ during an investigation in Luis Llórens Torres.

1

3. The Prepetition Action stems from the same operative facts as the First Case. In fact, the Prepetition Action and the First Case are so intertwined that the Prepetition Action remained stayed for 11 years by the Commonwealth Court pending resolution of the First Case.

4. In light of the foregoing, it is evident that the collateral estoppel doctrine is applicable in the Prepetition Action filed under the Puerto Rico Whistleblower Act. Collateral estoppel bars the re-litigation of any factual or legal issue that was actually decided in previous litigation on a different cause of action involving a party to the first case. <u>Keystone Shipping Co. v. New England Power Co.</u>, 109 F.3d 46, 51 (1st Cir. 1997). A party seeking to invoke collateral estoppel must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. <u>Ramallo Bros. Printing, Inc. v. El Dia, Inc.</u>, 490 F.3d 86, 90 (1st Cir. 2007).

5. In the First Case, the PRCA confirmed CASP's resolution that Danuz was illegally removed from his position as a result of informing an illegal action by his supervisor and other officials. As such, the PRCA confirmed CASP's award to Danuz, that is, restitution to his previous position, unearned wages and benefits after his destitution. Thus, the issues presented in the Prepetition Action, that is whether Danuz is protected under the Puerto Rico Whistleblower Act for his actions, were actually litigated in the First Case. In fact, CASP, and later on, the PRCA concluded that Danuz's action of reporting the illegal acts perpetrated by his superiors and colleagues were rightful and that his destitution as a result of the later was unlawful. This issue is a final and binding judgment and the aforementioned determination was essential in the First Case.

6. As a result, and contrary to the Commonwealth of Puerto Rico ("Commonwealth") assertion the Prepetition Action is in an advance stage since the issue that is currently pending in the Commonwealth Court was already addressed and determined by a final and binding judgment in the

2

First Case. Furthermore, the damages suffered by Danuz is the only pending matter in the Prepetition Action and we must note that as a result of the First Action they are easily ascertainable. The Puerto Rico Whistleblower Act specifically states that if the employer is held liable, i.e., the Department of Justice, the damage award will be real damages, mental anguish, restitution, unearned wages, benefits, and attorneys' fees. The damages and unearned wages under the Act are doubled. 29 P.R.Laws.Ann. §194(a). As already noted, in the First Case Danuz was restituted to his position. Furthermore, he was awarded unearned wages and benefits. **Thus, the only issue pending in the Prepetition Action is the award of attorneys' fees since the remaining remedies were already granted in the First Case.**

7. Furthermore, the Commonwealth resources will not be depleted in the Prepetition Action. The Commonwealth has thoroughly litigated the case even in an appellate court. As such, the Commonwealth is fully cognizant of the operative facts and applicable law that give life to the Prepetition Action.

8. In light of the foregoing, this Honorable Court should lift the stay in the state court so as to permit the continuation of the state court action.

WHEREFORE: Danuz respectfully requests from the Honorable Court a modification of the stay imposed by Section 362 of the Bankruptcy Code so that Commonwealth Court litigation may continue.

Respectfully submitted on this 30th day of November, 2018.

I HEREBY CERTIFY: that on this same date, copy of this motion was filed with the Clerk of the Court, using the CM/ECF System which will send notification of such filling to the attorneys of record.

INVENIO LAW LLC  
PO Box 9021829  
San Juan, P.R. 00902-1829  
Tel. (787)724-8117/(787) 622-8800  

s/Juan J. Hernández López de Victoria  
U.S.D.C. No. 210713  
jjhernandez@inveniolawpr.com  

s/Laura Beléndez Ferrero  
U.S.D.C. No. 216301  
lbelendez@inveniolawpr.com

4