# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING VOTING RECORD DATE, (III) APPROVING CONFIRMATION HEARING NOTICE, (IV) APPROVING SOLICITATION PACKAGES AND DISTRIBUTION PROCEDURES, (V) APPROVING FORMS OF BALLOTS AND ELECTION NOTICES, AND VOTING AND ELECTION PROCEDURES, (VI) APPROVING NOTICE OF NON-VOTING STATUS, (VII) FIXING VOTING AND ELECTION DEADLINES, AND (VIII) APPROVING VOTE TABULATION PROCEDURES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the motion (the "Motion"),[2] dated October 19, 2018, of the Puerto Rico Sales Tax Financing Corporation ("COFINA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the debtor under PROMESA section 315(b), pursuant to sections 105, 502, 1125, 1126(a), 1126(b), 1126(c), 1126(e), 1126(f), 1126(g), and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3016, 3017, 3018, 3020, 9013, 9014, and 9021, and Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") 3016-2 and 9013-1 requesting an order: (i) approving the proposed Disclosure Statement, (ii) fixing a Voting Record Date for voting on the Plan (as defined below), (iii) approving the Confirmation Hearing Notice, (iv) approving the proposed contents of the Solicitation Package and procedures for distribution thereof, (v) approving the forms of ballots, election notices, and Class 6 Notice, and establishing solicitation, voting, and balloting procedures, (vi) approving the form and manner of Notice of Non-Voting Status – Class 10, (vii) fixing a Voting Deadline and Election Deadline, and (viii) approving procedures for tabulating creditor votes, all as more fully described in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby found and determined that:[3]

A. The Debtor, by and through the Oversight Board, as the Debtor's representative in its Title III case pursuant to PROMESA section 315(b), has full authority to propose and prosecute the *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement") [ECF No. 4364 in Case No. 17-3283] and the *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan") [ECF No. 4363 in Case No. 17-3283].

B. The Disclosure Statement (including the Questions and Answers contained therein and exhibits attached thereto) contains adequate information within the meaning of section 1125 of the Bankruptcy Code, and no other or further information is necessary for purposes of soliciting acceptances and rejections of the Plan as set forth herein.

C. The Disclosure Statement (including the Questions and Answers contained therein and exhibits attached thereto) provides holders of Claims and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Sections 30.2(c), 30.2(d), 30.5, 30.6, 30.7, and 30.11 of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D. The forms of ballots with respect to the Plan, substantially in the forms attached hereto as **Schedules 3A-3G** (each, a "Ballot"), are consistent with Official Bankruptcy Form No. B 314 and adequately address the particular needs of COFINA's Title III Case and are appropriate for the relevant Classes of Claims entitled under the Plan to vote to accept or reject the Plan.

E. The forms of election notices with respect to the Plan and the notice of the treatment of Claims in Class 6 (Junior COFINA Bond Claims (Assured)), substantially in the forms attached hereto as **Schedules 4A-4C** (each, an "Election Notice") and **Schedule 5** (the "Class 6 Notice"), respectively, address the particular needs of COFINA's Title III Case and are appropriate for the relevant Classes of Claims entitled under the Plan to make an election of the form of distribution under the Plan or to receive notice of the treatment provided for under the Plan with respect to Claims in Class 6.

F. With respect to Claims in Classes 2, 3, and 6, Ballots to vote to accept or reject the Plan should be provided to Ambac, National, or Assured, respectively, and such party should be entitled to vote the Claims in such Classes. Beneficial holders of Claims in Classes 2 and 3 shall be entitled to receive Election Notices to make an election with respect to the form of distribution under the Plan.

G. Ballots need not be provided to the holders of Claims in Classes 4 and 7, because the holders of these Claims are deemed to accept the Plan upon electing to be treated under such Class.

H. Ballots need not be provided to the holders of Claims in Class 10, because such holders will receive no distributions pursuant to the Plan and are deemed to reject the Plan.

I. The period set forth during which the Debtor may solicit acceptances and rejections to the Plan and elections with respect to the form of distribution thereunder is a reasonable period

4

of time for holders of Claims entitled to vote on the Plan or make elections regarding the form of distributions pursuant to the Plan.

J. The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), filing of objections to confirmation of the Plan ("Confirmation Objections"), and the distribution and contents of the solicitation packages (the "Solicitation Packages") provide a fair and equitable notice and voting process and comply with Bankruptcy Rules 2002, 3017, and 3018 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Election Deadline, the Confirmation Objection Deadline, the Confirmation Hearing, and all related matters.

K. Objections to the adequacy of the information contained in the Disclosure Statement having been interposed by (i) Lehman Brothers Holdings, Inc. [ECF No. 4213] (the "Lehman Objection"), (ii) the Bank of New York Mellon, as trustee [ECF No. 4210] (the "BNYM Objection"), (iii) Cooperativa de Ahorro y Crédito de Rincón, Cooperativa De Ahorro y Crédito Dr. Manuel Zeno Gandía, Cooperativa de Ahorro y Crédito del Valenciano, and Cooperativa de Ahorro y Crédito de Juana Díaz [ECF No. 4225] (the "Credit Unions Objection"), (iv) Stephen T. Mangiaracina, Esq. [ECF No. 4215] (the "Mangiaracina Objection"), and (v) Lawrence B. Dvores [ECF No. 4244] (the "Dvores Objection").

L. The Court having held a hearing on November 20, 2018 to consider the adequacy of the information contained in the Disclosure Statement and the additional relief requested in the Motion (the "Disclosure Statement Hearing").

5

M. Based upon the modifications made, or agreed to be made, to the Disclosure Statement, the Lehman Objection, the BNYM Objection, and the Credit Unions Objection having been withdrawn at the Disclosure Statement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is granted as modified herein, and the Mangiaracina Objection, the Dvores Objection, and all other objections to the Disclosure Statement are overruled.

2. The Disclosure Statement is approved in its entirety, and the Debtor may accordingly solicit acceptances and rejections of the Plan as set forth herein.

3. The forms of Ballots, Election Notices, and the Class 6 Notice are approved.

4. The record date for purposes of determining creditors entitled to vote on the Plan, to receive the Class 6 Notice, or, in the case of the non-voting Class 10 to receive the Notice of Non-Voting Status – Class 10, shall be November 20, 2018 (the "Voting Record Date").

5. With respect to any transferred Claim, the transferee should be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed, executed, and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by such transferor of such transferred Claim.

6. For the purposes of voting to accept or reject the Plan, Ambac, National, or Assured shall have the sole right to cast the votes to accept or reject such Plan on account of Claims in Classes 2, 3, and 6, respectively.

7. CEDE & Company and The Depository Trust Company shall provide the Debtor within five (5) Business Days of the date of this Order, or as soon as possible thereafter, a listing of the names and addresses of all Nominees that, as of the Voting Record Date, held, directly or indirectly, any of the Existing Securities.

8. The Debtor shall cause the Balloting Agent to complete the mailing of the appropriate Solicitation Package to all known holders (as of the Voting Record Date) of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 6 (Junior COFINA Bond Claims (Assured)), Class 8 (GS Derivative Claim), and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") by no later than the date that is seven (7) Business Days following entry of this Order (the "Solicitation Mailing Date"). Solicitation Packages mailed to creditors holding Claims, or insurers of securities giving rise to such Claims, as applicable, in the Voting Classes will contain, in English and Spanish translation: (i) the Confirmation Hearing Notice; (ii) a flash drive (or hard copy, in the Debtor's discretion) containing this Disclosure Statement Order (without the exhibits hereto) and Disclosure Statement (together with all exhibits thereto, including the Plan); (iii) the appropriate form of Ballot, if any, with instructions for completing the Ballot, and a pre-addressed, pre-paid return envelope; (iv) the appropriate Election Notice, if any; (v) solely with respect to holders of Claims in Classes 8 and 9, a W-9 form or W-8 BEN form, as appropriate, for purposes of collecting certain tax related

information relating to distributions under the Plan; and (vi) in the case of creditors in Class 6, the Class 6 Notice.

9. If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes or elections from) Beneficial Owners by voter information form, email, telephone or other customary means of communications, as applicable, the Nominee may employ that method of communication in lieu of sending the paper Beneficial Ballot, Election Notice, and/or Solicitation Package.

10. The Debtor is authorized, but not required, to distribute the Disclosure Statement (together with all exhibits thereto) and the Disclosure Statement Order to the Voting Classes in electronic format (flash drive), and Confirmation Hearing Notice, Ballots, and W-9 form or W-8 BEN form, as appropriate, shall only be provided in paper format.

11. On or before the Solicitation Mailing Date, the Debtor shall provide (i) complete Solicitation Packages (excluding Ballots and Election Notices) to:

(a) the U.S. Trustee,

(b) counsel to AAFAF,

(c) the attorneys for Ambac, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis Dunne, Esq. and Atara Miller, Esq.;

(d) the attorneys for Assured, Cadwalader, Wickersham & Taft, 200 Liberty Street, New York, NY 10281, Attn: Mark Ellenberg, Esq., Lary Stromfeld, Esq., Ivan Loncar, Esq., and Casey Servais, Esq.;

(e) the attorneys for National, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq. and Gabriel Morgan, Esq.;

(f) the attorneys for the Senior Ad Hoc Holders, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, New York, NY 10010, Attn: Susheel Kirpalani, Esq. and Eric Kay, Esq.;

(g) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Attn: Thomas Mayer, Esq., Amy Caton, Esq., and Douglas Buckley, Esq.;

(h) the attorneys for GSAM, McDermott, Will & Emery LLP, 444 West Lake Street, Chicago, IL 60606, Attn: William P. Smith, Esq., David L. Taub, Esq., and Alexandra C. Scheibe, Esq.;

(i) the attorneys for the Puerto Rico Funds, White & Case LLP, 200 South Biscayne Boulevard, Miami, FL 33131, Attn: John K. Cunningham, Esq. and Fernando de la Hoz, Esq.;

(j) the attorneys for the Bonistas, Davis, Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Donald Bernstein, Esq. and Brian Resnick, Esq.;

(k) the attorneys to certain of the Insured Senior Holders, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019, Attn: Lawrence A. Larose, Esq. and Eric Daucher, Esq.;

(l) the attorneys to GoldenTree Asset Management LP, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.;

(m) the attorneys to Tilden Park Capital Management LP, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Sandy Qusba, Esq. and Nicholas Baker, Esq.;

(n) the attorneys to Whitebox Advisors LLC, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038, Attn: Daniel A. Fliman, Esq.;

(o) the attorneys for Aurelius and Six PRC, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew N. Rosenberg, Esq.; and

(p) counsel to the statutory committees appointed in any of the Title III cases;

and (ii) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtor's Bankruptcy Rule 2002 list as of the Voting Record Date.

12. The Debtor shall complete, by no later than the Solicitation Mailing Date, the service of (i) the Confirmation Hearing Notice, and (ii) a Notice of Non-Voting Status – Class 10 to all known holders (as of the Voting Record Date) of Claims in Class 10.

13. The Confirmation Hearing Notice setting forth the time, date, and place of the Confirmation Hearing, substantially in the form attached hereto as **Schedule 2**, is approved.

9

14. The Debtor shall publish the Confirmation Hearing Notice, on one occasion, in each of *El Nuevo Dia* in Spanish (primary circulation is in Puerto Rico), *Caribbean Business* in English (primary circulation is in Puerto Rico), *El Diario* in Spanish (primary circulation is in New York), *El Nuevo Herald* in Spanish (primary circulation is Miami), and *The Bond Buyer*, to the extent possible, on a date not less than twenty-five (25) nor more than thirty-two (32) calendar days prior to the Confirmation Hearing date, which notice is hereby approved and constitutes adequate and sufficient notice and complies with Bankruptcy Rule 2002.

15. The Debtor, through Prime Clerk LLC, shall cause no less than ten (10) radio advertisements, to be aired during the period from December 7, 2018 up to and including December 21, 2018, on (a) WMEG FM (contemporary hit radio) in Spanish and (b) WKAQ AM (Spanish language talk radio) in Spanish, informing listeners of (a) the approval of the Disclosure Statement and the scheduling to the Confirmation Hearing, (b) the date by which Confirmation Objections must be filed and served, (c) the Voting Deadline and the Election Deadline and (d) an information hotline to receive certain additional information.

16. Any Confirmation Objections must (i) be in writing, (ii) state the name, address, and nature of the Claim of the objecting or responding party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received, no later than **5:00 p.m. (Atlantic Standard Time) on January 2, 2019** (the "Confirmation Objection Deadline"), by the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico); (b) attorneys for the Oversight Board as representative of COFINA, Proskauer Rose LLP, 11 Times

10

Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian S. Rosen, Esq.; (c) co-attorneys for the Oversight Board as representative of COFINA, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, Attn: Hermann D. Bauer, Esq.; (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.; (e) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) those creditors holding the 20 largest unsecured claims against the Debtor (on a consolidated basis); (g) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.; (h) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; (i) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.; (j) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

17. Confirmation Objections that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

18. The Debtor and other parties in interest are authorized to file replies or responses to any Confirmation Objections no later than **5:00 p.m. (Atlantic Standard Time) on January 9, 2019**, including any adjournments thereof.

19. The Debtor shall not be required to send Solicitation Packages to (i) any holder of an unimpaired Claim under the Plan, (ii) any holder of a Claim in a Class deemed to reject the Plan, (iii) any party who holds a Claim, whether in the form of a filed proof of claim, or an amount listed on the list of creditors filed by the Debtor pursuant to sections 924 and 925 of the Bankruptcy Code (as amended or modified, the "List of Creditors") in an amount of $0.00, (iv) any holder of a Claim to which the Debtor has served an objection or request for estimation, or that has been expunged by order of the Court, and (v) a creditor that has a Claim that has already been paid in full; and it is further

20. With respect to addresses from which notices of the Disclosure Statement hearing were returned as undeliverable by the United States Postal Service, the Debtor is excused from mailing Solicitation Packages or any other materials related to voting on or confirmation of the Plan to entities listed at such addresses unless and until the Debtor is provided with accurate addresses for such entities before the Voting Record Date.

21. The form of Notice of Non-Voting Status – Class 10 (**Schedule 6**) is hereby approved.

22. The Notice of Non-Voting Status – Class 10 is hereby deemed to satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and the Debtor shall not be required to distribute copies of the Plan, Disclosure Statement, and/or Disclosure Statement Order

to any holder of a Claim in Class 10 (Section 510(b) Subordinated Claims), except as to parties who request, in writing, copies of such documents.

23. Each Ballot or Master Ballot (as applicable) must be executed, completed, and delivered to the Balloting Agent (i) by U.S. first-class mail, in the return envelope provided with each Ballot (or otherwise by first-class mail); (ii) by overnight courier; (iii) by hand delivery, or (iv) Prime Clerk's e-balloting platform (where permitted), so that executed and completed Ballots are received by Prime Clerk, the Balloting Agent, by no later than **6:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended** (the "Voting Deadline").

24. An election of the form of distribution under the Plan must be executed, completed, and delivered to the Nominee in accordance with the instructions under the applicable Election Notice so as to be effectuated through ATOP in accordance with the procedures of DTC by no later than **6:00 p.m. (Atlantic Standard Time) on January 8, 2019, unless such time is extended** (the "Election Deadline"); provided, however, that any election of the form of distribution under the Plan executed, completed, and delivered through ATOP in accordance with the procedures of DTC on or before the Election Deadline shall be deemed to be made as of the Election Deadline; provided, further, that any creditor who has executed, completed, and delivered through ATOP in accordance with the procedures of DTC its election of the form of distribution under the Plan may revoke such election and withdraw any securities that have been tendered with respect to an election through ATOP in accordance with the procedures of DTC on or before the Election Deadline.

25. All securities that are tendered with respect to an election of distributions under the Plan shall be restricted from further trading or transfer until the Effective Date of the Plan; provided, however, that, if (i) an order confirming the Plan is not entered within twenty-one (21)

13

days after the Election Deadline, or (ii) the Effective Date does not occur within fourteen (14) days after the entry of an order confirming the Plan, then, upon the request of any PSA Creditor, the Oversight Board shall work in good faith with such PSA Creditor to seek a new Election Deadline.

26. Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtor in any other context, each Claim within a Class of Claims entitled to vote is temporarily allowed in an amount equal to the amount of such Claim as set forth in the claims register; provided:

  a. If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

  b. If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed, undetermined, or unknown in amount, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00, unless such Claim is disputed as set forth in subparagraph "h" below;

  c. If a proof of claim was timely filed in an amount that is liquidated, noncontingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph "h" below;

  d. If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

  e. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

  f. If a Claim is listed in the List of Creditors as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan;

14

    g. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are not entitled to vote;

    h. If the Debtor has served an objection or request for estimation as to a Claim at least twenty (20) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

    i. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated based on the reasonable efforts of the Debtor and Balloting Agent as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

    j. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

    k. If a proof of claim has been amended by a later filed proof of claim, only the later filed amending Claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed Claim;

    l. Notwithstanding anything contained herein to the contrary, the Balloting Agent, in its discretion, may contact voters to cure any defects in the Ballots and is authorized to so cure any defects;

    m. There shall be a rebuttable presumption that any claimant who submits a properly completed, superseding Ballot, or withdraws a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan, such that the earlier submitted Ballot shall be deemed superseded or withdrawn, as applicable; and

    n. Any Class that contains claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan; and it is further

27. The following additional procedures shall apply with respect to tabulating the Master Ballots:

15

a. Votes cast by holders of public securities through Nominees will be applied to the applicable positions held by such Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee shall not be counted in excess of the amount of public securities held by such Nominee as of the Voting Record Date;

b. If conflicting votes or "over-votes" are submitted by a Nominee, the Balloting Agent shall use reasonable efforts to reconcile discrepancies with the Nominee;

c. If over-votes are submitted by a Nominee that are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Nominee, but only to the extent of the Nominee's Voting Record Date position in the public securities; and

d. For the purposes of tabulating votes, each Beneficial Owner or Insurer shall be deemed (regardless of whether such holder includes interest in the amount voted on its Beneficial Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted will be thereafter adjusted by the Balloting Agent, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount with respect to the securities thus voted, including any accrued but unpaid prepetition interest or accreted principal, as applicable.

28. If any claimant seeks to challenge the allowance or disallowance of its Claim for voting purposes in accordance with the above procedures, such claimant shall serve upon counsel for the Debtor, counsel for AAFAF, and counsel for the statutory committees appointed in any of the Title III cases, and file with the Court (with a copy to Chambers) a motion for an order, pursuant to Bankruptcy Rule 3018(a) (a "<u>3018(a) Motion</u>"), temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan, on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice, and (ii) service of notice of an objection or request for estimation, if any, as to such Claim; <u>provided</u>, <u>however</u>, that, as to any claimant filing a 3018(a) Motion, such claimant's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

16

29. Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its Claim therefor.

30. In the event that a creditor casts more than one Ballot voting the same Claim(s) or submits more than one election with respect to the same Claim(s) before the Voting Deadline or Election Deadline, as applicable, the last Ballot received or election made before the Voting Deadline or Election Deadline, as applicable, is hereby deemed to reflect such creditor's intent or election, as applicable, and, thus, to supersede any prior Ballot(s) or elections made, as applicable.

31. Any entity that holds a Claim in more than one Class that is entitled to vote must use separate Ballots for each such Claim; provided, however, that creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their vote(s), and thus neither a Ballot that partially rejects and partially accepts the Plan, nor multiple Ballots casting conflicting votes in respect of the same Class under the Plan shall be counted.

32. The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtor has granted an extension with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Plan; (iv) any unsigned Ballot; (v) any Ballot transmitted to the Balloting Agent by facsimile, electronic mail, or other means not specifically approved herein; (vi) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate either an acceptance or rejection of the Plan; (vii) any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but indicates both an acceptance and rejection of the Plan shall be counted as an

17

acceptance of the Plan; and (viii) any Ballot without an original signature; provided, however, that any Ballot cast via the Balloting Agent's E-Ballot platform shall be deemed to contain an original signature.

33. Except as otherwise set forth herein, and subject to the entry of an order of the Court, the Debtor may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented (a) by an attorney's certification stating the terms, if any, associated with any such waiver, and (b) in the vote tabulation certification prepared by the Ballot Agent.

34. In the event that a Class 2 creditor (A) fails to timely elect to receive the Ambac Certificates referred to in Sections 6.3 and 17.1 of the Plan, or (B) submits an election for less than all of its Class 2 Claims (in which case, such election shall be void and of no force and effect), such creditor shall be deemed to have elected to release, discharge and commute Ambac's obligations and the Ambac Insurance Policy and to receive distributions in accordance with Section 6.1(a) of the Plan.

35. In the event that a Class 3 creditor (A) fails to timely elect to receive the National Certificates referred to in Sections 7.3 and 17.2 of the Plan, or (B) submits an election for less than all of its Claims (in which case, such election shall be void and of no force and effect), such creditor shall be deemed to have elected to release, discharge and commute National's obligations and the National Insurance Policy and to receive distributions in accordance with Section 7.1(a) of the Plan.

36. In accordance with the modification provisions of the Plan and Local Rule 3016-2, the Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Election Notices, the Class 6 Notice, the Notice of Non-Voting Status – Class 10,

and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages as may be necessary, prior to mailing.

37. All notices to be provided pursuant to the procedures set forth herein are deemed good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing and no other or further notice need be provided.

38. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

39. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order, including, without limitation, disputes with respect to the validity of an election of the form of distributions to be made under the Plan.

40. This Order resolves Docket Entry Nos. 4075 and 4365 in Case No. 17-3283 and Docket Entry Nos. 307 and 369 in Case No. 17-3284.

Dated: November 29, 2018
      New York, New York        /s/ Laura Taylor Swain
                                                   Laura Taylor Swain
                                                   United States District Court Judge