UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER<br>AUTHORITY, | |
| Debtor. | |

----------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY,<br>Debtor. | |

----------------------------------------------------------x

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## AUTONOMUS MUNICIPALITY OF PONCE NOTICE OF APPEAL OF ORDER DENYING MOTION TO PARTIAL LIFT THE AUTOMATIC STAY

Notice is hereby given that the Official Committee of Unsecured Creditors of all Title III

Debtors (other than COFINA) hereby appeals to the United States Court of Appeals for the First

Circuit from the *Memorandum Order Denying Motion of Official Committee of Unsecured

Creditors for Entry of an Order Enforcing the Automatic Stay* [Docket No. 3941] (the "Order"),

entered in the United States District Court for the District of Puerto Rico on November 2, 2018.

A copy of the Order is attached.

The parties to the Order appealed from and the names and addresses of their respective

attorneys are as follows:

AUTONOMUS MUNICIPALITY OF PONCE

**Carlos Fernandez-Nadal**, Esq.
818 Hostos Ave. Ste. B
Ponce PR 00716
Telephone: (787) 848-4612
carlosfernandez@cfnlaw.com

Financial Oversight and Management Board for Puerto Rico

**PROSKAUER ROSE LLP**
Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Maja Zerjal
Eleven Times Square
New York, New York 10036-8299
mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

**O'NEILL & BORGES LLC**
Hermann D. Bauer, Esq.
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
hermann.bauer@oneillborges.com

Commonwealth Of Puerto Rico
WANDA VÁZQUEZ GARCED
Secretary of Justice
WANDYMAR BURGOS VARGAS
Deputy Secretary in Litigation
Department of Justice P.O. Box 9020192 San Juan, Puerto
Rico 00902-0192
 Phone: 787-721-2940 Ext. 2500, 2501


Puerto Rico Electric Power Authority
**CANCIO, NADAL, RIVERA & DIAZ, PSC**
 Arturo Diaz-Angueira Esq.
 Katiuska Bolaños-Lugo Esq.
403 Muñoz Rivera Ave. San Juan, PR 00918-3345 Tel: (787)
767-9625 Fax: (787) 622-2230


Puerto Rico Fiscal Agency and Financial Advisory Authority

**O'MELVENY & MYERS LLP**
John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq
7 Times Square New York, New York 10036
jrapisardi@omm.com; suhland@omm.com ; pfriedman@omm.com; mitchelln@omm.com;
mdiconza@omm.com


**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero Esq.
María T. Álvarez-Santos Esq MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917
lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com
 malvarez@mpmlawpr.com


Dated:  November 30, 2018

*/s/ Carlos Fernandez-Nadal*

Carlos Fernandez-Nadal, Esq.,
USDC - PR 209208
818 Hostos Ave. Ste. B
Ponce, Puerto Rico 00716-
Telephone: (787) 848-4612
 carlosfernande@cfnlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:                                                          PROMESA
                                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

          as representative of                                  No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                (Jointly Administered)
et al.,

                    Debtors.[1]
---------------------------------------------------------------x

In re:                                                          PROMESA
                                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

          as representative of                                  No. 17 BK 4780-LTS

PUERTO RICO ELECTRIC POWER
AUTHORITY,

                    Debtor.
---------------------------------------------------------------x

In re:                                                          PROMESA
                                                                Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

          as representative of                                  No. 17 BK 3567-LTS

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-
        LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
        Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
        Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
        ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:
        3808); (iv) Employees Retirement System of the Government of the Commonwealth of
        Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of
        Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA")
        (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).
        (Title III case numbers are listed as Bankruptcy Case numbers due to software
        limitations.)

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,

           Debtor.

-------------------------------------------------------------x

MEMORANDUM ORDER DENYING THE AUTONOMOUS MUNICIPALITY OF
PONCE'S MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 3268)

Before the Court is the *Motion for Partial Lift of Stay* (Docket Entry No. 3019,[2] the "Motion") filed by the Autonomous Municipality of Ponce ("Ponce" or "Movant"). Ponce seeks relief from the automatic stay imposed by the filing of the above-captioned Title III cases (the "Title III Cases") on a case captioned Municipio de Ponce v. Autoridad de Carreteras y Transportacion, et al., No. AC93-0485 (the "Litigation"), which is currently pending in the Puerto Rico Court of First Instance, Ponce Region (the "Commonwealth Court"), and thereby to compel the Commonwealth of Puerto Rico ("Puerto Rico" or the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA") and Puerto Rico Electric Power Authority ("PREPA" and, collectively with the Commonwealth and HTA, the "Title IIII Debtors" or "Debtors") to complete municipal projects contemplated by the *Agreement for the Development of Projects Scheduled between the Central Government and the Municipality of Ponce*, dated October 28, 1992 (the "Agreement"), in accordance with a prepetition judgment issued by the Commonwealth Court. As explained below, the *Motion Requesting Hearing on 362 Lifting the Stay* (Docket Entry No. 3736, the "Hearing Request"), pursuant to which Ponce requests an evidentiary hearing regarding the merits of the Motion, and the Motion are denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

---

[2]    All docket entry references are to the docket of Case No. 17 BK 3283-LTS unless otherwise specified.

BACKGROUND

Ponce, the Commonwealth, PREPA, and HTA entered into the Agreement over twenty-five years ago to develop certain municipal projects (the "Projects"). (Mot. ¶ 8.) Less than a year later, the Commonwealth, PREPA, and HTA withdrew their participation in the Projects, resulting in the commencement of the Litigation by Ponce on October 28, 1993. (Mot. ¶ 8.) The Litigation was ultimately bifurcated following a judgment entered by the Commonwealth Court on June 24, 1996 (the "Judgment"), which provided that the Commonwealth, PREPA, and HTA were required to complete the Projects as contemplated by the Agreement, while adjudication of damages issues was postponed pending completion of the Projects. (Mot. ¶ 8.) The Commonwealth Court also appointed a monitor who is responsible for supervising and auditing the Projects until their completion. (Mot. ¶¶ 8, 17.) Subsequently, in December 2004, Movant and the Commonwealth entered into a settlement agreement pursuant to which the Commonwealth would pay $34 million in damages to Movant. (Mot. ¶ 8.) A substantial portion of the settlement remains unpaid.

On May 9, 2017, the Commonwealth filed a petition seeking debt adjustment relief pursuant to Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").[3] HTA filed a Title III petition on May 21, 2017. PREPA filed a Title III petition on July 3, 2017.

Movant filed the instant Motion on May 4, 2018, seeking relief from the automatic stay so that (i) the Title III Debtors can be compelled to complete the Projects pursuant to the Commonwealth Court's judgment and (ii) the Commonwealth Court can assess the Title

---

[3]     PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" section numbers in the remainder of this opinion are to the uncodified version of the legislation.

III Debtors' compliance with its judgment.[4]  (Mot. ¶¶ 9, 16.)  Movant argues that continuation of

the Projects will not require further litigation in the Commonwealth Court and therefore will not

interfere with the Title III Cases.  (Mot. ¶¶ 16, 21-22.)  In addition, Movant argues that the

Projects are mostly complete and can be concluded under the supervision of the monitor without

diverting time and resources from the Title III Cases.  (Mot. ¶ 16.)

On July 5, 2018, the Commonwealth filed an objection to the Motion (Docket

Entry No. 3439, the "Puerto Rico Objection").  Subsequently, the Puerto Rico Fiscal Agency and

Financial Authority ("AAFAF") filed a joinder to the Puerto Rico Objection on behalf of PREPA

(Docket Entry No. 3440, the "PREPA Objection") and a joinder to the Puerto Rico Objection on

behalf of HTA (Docket Entry No. 3661, the "HTA Objection").

In its objection, the Commonwealth argues that Movant has failed to demonstrate

that cause exists to lift the automatic stay.  The Commonwealth contends that stay relief would

not aid the resolution of issues in the Title III Cases (P.R. Obj. ¶¶ 10-11), that completion of the

Projects would require the expenditure of over $100 million by the Title III Debtors (P.R. Obj.

¶¶ 1, 12-13, 17), that stay relief would provide a benefit to Movant at the expense of other

creditors (P.R. Obj. ¶ 18), and that further litigation in the Commonwealth Court may divert

additional resources of the Title III Debtors if the parties disagree about the extent of compliance

with the Commonwealth Court's order (P.R. Obj. ¶ 19).  The PREPA Objection additionally

asserts that continuation of the Projects would require the expenditure of $16 million by PREPA.

(PREPA Objection ¶ 2.)  The HTA Objection alleges that HTA had previously offered to allow

the automatic stay to be modified solely to allow two of the Projects to continue subject to

---

4       Movant does not seek relief from the automatic stay to permit the determination of
        damages by the Commonwealth Court (Mot. ¶ 9) or the collection of settlement payments
        from the Commonwealth (Mot. ¶¶ 15, 16).

federal funding, but asserts that HTA remains opposed to funding the Commonwealth Court-appointed monitor.  (HTA Obj. ¶ 2.)  According to HTA, providing funding for the monitor would require HTA to expend "tens of thousands of dollars annually."  (HTA Obj. ¶ 3.)

On August 3, 2018, Ponce filed an omnibus reply in further support of its Motion (Docket Entry No. 3735, the "Reply"), a supporting affidavit from Justo E. Varela-Dieppa—the Commonwealth Court-appointed monitor (Docket Entry No. 3735-1, the "Monitor Affidavit")—and a motion requesting that the Court hold an evidentiary hearing in Ponce regarding the Motion.  In its Reply, Ponce argues that, pursuant to Section 7 of PROMESA, 48 U.S.C. § 2106, the automatic stay does not apply to many of the Projects because those Projects "involve the safety and the protection of the environment in Puerto Rico."  (Reply ¶¶ 2-5.)[5]  The Reply and the Monitor Affidavit identify several projects that are allegedly related to health and safety of the people of Puerto Rico and its environment and/or involve the implementation of federal policy or federal programs, including electrical infrastructure upgrades (Reply ¶ 5; Monitor Aff. at 9-10), remediation of landslides (Monitor Aff. at 7), channeling of three rivers (Monitor Aff. at 7; Reply ¶ 5), and rehabilitation of the lighthouse on the Isla Caja de Muertos (Monitor Aff. at 8; Reply ¶ 5).  Furthermore, Ponce contends that the costs associated with completion of the Projects would be lower than the figured proffered by the Title III Debtors in their objections; Ponce alleges that the total disbursements by the Commonwealth (including its instrumentalities) would be approximately $44 million (Reply ¶ 14), including approximately $6 million from PREPA (Monitor Aff. at 6), and proffers that the monitor's budget is "only $150,000 a year," of which he has historically billed less than $100,000 (Reply ¶ 16).

---

[5]    See subdivision 1 of the Discussion section below.

In light of the Hearing Request and the new factual allegations and legal arguments advanced by Ponce in its Reply, the Court ordered (i) the Title III Debtors to respond to Ponce's Hearing Request and certain arguments in the Reply and (ii) the parties to jointly submit a status report "(1) identifying any material disputed issues of fact that are relevant to the disposition of the Motion . . . , (2) providing a list of witnesses, if any, whose testimony the Parties would rely upon if the Court were to schedule a hearing on the Motion, and (3) setting forth their expectations as to the amount of time required for such a hearing."  (Docket Entry No. 3755.)

The Commonwealth, joined by PREPA and HTA, filed a response to Ponce's Reply and Hearing Request (Docket Entry No. 3911, the "Sur-reply," and Docket Entry Nos. 3912, 3913) which argues that a hearing is unnecessary because, even if the parties dispute the precise outlay required to complete the Projects, there is no dispute that completion would cost the Title III Debtors at least $44 million.  (Sur-reply ¶ 23.)  The Commonwealth further argues that the Projects at issue are outside of the scope of Section 7 of PROMESA because, inter alia, the Title III Debtors' obligations with respect to the Projects are contractual in nature, do not concern the protection of the health, safety, or environment of Puerto Rico, and do not concern compliance with federally authorized or federally delegated programs.  (Sur-reply ¶¶ 12-14, 19.)

On October 4, 2018, the parties submitted the joint report requested by the Court. (Docket Entry No. 4013, the "Joint Report").  The Title III Debtors maintain that there are no disputed material facts.  (Joint Report at 5-7.)  Ponce has identified eight disputed issues of fact that it characterizes as material.  (Joint Report at 4-5.)  Seven of the factual issues enumerated by Ponce concern the cost and burden of the Projects, including the resources expended on the Projects prior to the commencement of the Title III Cases.  (Joint Report at 4-5, ¶¶ 1-3, 5-8.)

The other factual issue concerns the status of PREPA's work on a portion of one Project.  (Joint

Report at 5, ¶ 4.)

The Court has carefully considered all of the submissions.  For the following

reasons, the request for a hearing is denied and the Motion is denied.

DISCUSSION

Section 362 of title 11 of the United States Code (the "Bankruptcy Code"), made

applicable to these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, provides for a

broad stay of litigation, lien enforcement, and other actions, judicial or otherwise, that are

attempts to enforce or collect prepetition claims against a debtor that has commenced a case

under Title III of PROMESA.  See generally 11 U.S.C. § 362(a) (describing the scope of the

automatic stay).  Ponce argues that Section 7 of PROMESA, 48 U.S.C. § 2106, exempts certain

of the Projects from the automatic stay and that the Court should grant relief from the automatic

stay for "cause" pursuant to Section 362(d)(1) of the Bankruptcy Code.

1. Section 7 of PROMESA

Section 7 of PROMESA provides as follows:

> Except as otherwise provided in this chapter, nothing in this
> chapter shall be construed as impairing or in any manner relieving
> a territorial government, or any territorial instrumentality thereof,
> from compliance with Federal laws or requirements or territorial
> laws and requirements implementing a federally authorized or
> federally delegated program protecting the health, safety, and
> environment of persons in such territory.

48 U.S.C.A. § 2106 (West 2017).

The Court need not address Ponce's argument that Section 7 functions as an

exemption from the automatic stay, because Ponce has failed to proffer factual support for its

argument that the Projects are of the type covered by Section 7 of PROMESA.  The obligations

that are the subject of the Commonwealth Court Judgment arise from contractual commitments.

Ponce does not allege that the relevant underlying obligations were imposed by federal or

territorial laws or programs.  The relief sought by Ponce is the right to compel the Title III

Debtors to comply with the Agreement.  (See Motion at 12-13 (seeking relief from the automatic

stay "to finally develop all the public works as [required by] the Agreement").)  Furthermore,

Ponce has not shown that the Projects are even related to any federally authorized or delegated

program for the protection of health, safety, or the environment.  (See Reply ¶ 5 (citing Monitor

Aff. at 7-8, 10).)[6]  While the Court has no reason to doubt that these Projects are important to the

people of Ponce, who have waited years for their completion, Ponce's broad construction of

Section 7 of PROMESA would transform virtually every municipal improvement or repair

project into a mandate that is enforceable notwithstanding a territory or covered territorial

instrumentality's status as a Debtor in a Title III proceeding.

> 2.  Section 362(d)(1) of the Bankruptcy Code

Section 362(d)(1) of the Bankruptcy Code, made applicable in these proceedings

by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the

automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay, courts

in this district rely on the factors enumerated by the United States Court of Appeals for the

Second Circuit in In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").

See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d

508, 518 (D.P.R. 2016) (citing Sonnax).

---

[6]     The pages of the Monitor Affidavit cited by Ponce describe five Projects: (1) correction
of two landslides that have rendered a road unusable, (2) "channeling . . . of the  Cana,
Pastillo and Matilde Rivers" (3) "rehabilitation of the Lighthouse of the Islote of Caja of
Muerto," (4) "modernization of public housing," and (5) improvements to electrical
infrastructure.  (Monitor Aff. at 7-8, 10.)

Of particular relevance to the instant matter are the following factors identified by the <u>Sonnax</u> court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," and the "impact of the stay on the parties and the balance of harms." <u>Sonnax</u>, 907 F.2d at 1286.

Movant has failed to demonstrate that the <u>Sonnax</u> criteria weigh in its favor. Lifting the automatic stay would not result in the resolution of issues that would aid the Title III Cases. Instead, stay relief would require the Title III Debtors to divert their limited resources to completion of the Projects. The Commonwealth alleges that fulfillment of its obligations would cost over $100 million, and PREPA and HTA argue that the relief sought by Ponce would require the expenditure of $16 million and tens of thousands of dollars annually, respectively. However, even the lower figures proffered by Ponce[7] are significant—$44 million in costs to the Commonwealth and $6 million in costs to PREPA—and may directly trade off with resources available to satisfy other creditors' claims. Furthermore, continuation of the Title III Debtors' role in the Projects may result in further costly litigation in the Commonwealth Court concerning interpretation of that court's orders or the extent or quality of work.

Furthermore, to the extent that Movant has claims for monetary relief arising from non-completion of the Projects or from completion of the Projects by other means, they can be liquidated and addressed through the claims process. Movant has not demonstrated that the harm

---

[7] The Court accepts for analytical purposes the costs alleged by Ponce. Such amounts, considered in the context of the other applicable <u>Sonnax</u> factors, militate against granting Ponce relief from the automatic stay. Accordingly, no evidentiary hearing is necessary to aid the Court's adjudication of the Motion.

from resolution of its claims through the claims process would outweigh the burden that would accrue to the Title III Debtors and the potential impact on other creditors if the Debtors were required to complete the Projects and continue to defend themselves in the Litigation.

The Court understands that maintenance of the automatic stay with respect to the Projects may obstruct or delay municipal improvements that will affect quality of life in Ponce. The incomplete Projects are likely unsightly and inconvenient for the people of Ponce. Completion of the Projects might aid in the realization of local economic development goals. However, the Court must weigh those worthy considerations against the burden that stay relief would impose on the Title III Debtors. The Court must consider that the Title III Debtors' ability to restructure a broad range of their debt obligations successfully is essential to ensuring the overall fiscal health of the Commonwealth, addressing the renewal of critical infrastructure, providing appropriate care for the population of Puerto Rico, and mapping a future for an island with inadequate resources. Accordingly, while it is understandable that Movant wishes to compel the Title III Debtors to aid in completion of the long-delayed Projects and satisfy any obligations that they may have, many other creditors are in similar positions, and the diversion of the resources that would be required to attend to separate litigation of all such claims would impede significantly the Title III Debtors' progress toward confirming plans of adjustment and achieving financial stability.

Accordingly, the Court concludes that Movant has failed to sustain its burden of demonstrating that cause exists for relief from the automatic stay.

### CONCLUSION

For the foregoing reasons, the Hearing Request and the Motion are denied. The automatic stay continues in place with respect to the Title III Debtors' roles in the Litigation and

the Projects.  See 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves Docket

Entry Nos. 3019 and 3736.


       SO ORDERED.

Dated:  November 2, 2018


                   /s/ Laura Taylor Swain
                   LAURA TAYLOR SWAIN
                   United States District Judge