UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3566-LTS |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

-------------------------------------------------------------x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

MEMORANDUM ORDER DENYING MOTION FOR RELIEF FROM
AUTOMATIC STAY OF COOPERATIVA DE AHORRO Y CRÉDITO VEGABAJEÑA

Before the Court is the *Motion for Lift of Stay Seeking the Modification of the Automatic Stay to Enforce Liens on Employee Withholding Funds Currently Held by the Employee Retirement System of the Government of the Commonwealth of Puerto Rico* (Docket Entry No. 4011 in Case No. 17-3283[2] and Docket Entry No. 329 in Case No. 17-3566, the "Motion"), filed by Cooperativa de Ahorro y Crédito Vegabajeña (the "Movant"). Movant seeks relief from the automatic stay imposed by the filing of the above-captioned case under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") in order to seek enforcement of its alleged statutory lien interests in individual employee retirement pension accounts allegedly held by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). Movant further seeks an order declaring that Movant is entitled to enforce its alleged lien interests and to receive payment of pension funds allegedly assigned to it by individual ERS participants who borrowed money from Movant using their pension interests as security for the loans. For the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

BACKGROUND

Movant is a financial credit union that allegedly holds multiple liens on ERS pension fund interests assigned to Movant by individual employees of the Commonwealth of Puerto Rico (the "Commonwealth") after 2011 and prior to the filing of ERS' Title III case in 2017, in connection with lending transactions. (Mot. ¶ 2.) Specifically, Movant claims that it

---

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

entered into loan agreements with individual borrowers that were guaranteed by the borrowers' assignment of a certain portion of specified proportions of their respective pension benefits or withheld employee contributions to ERS. The individual borrowers have defaulted on their loans with Movant. (Id. ¶ 4.) Movant's claimed lien interests in individual employee accounts held by ERS allegedly total $525,422.93, and Movant has filed thirty-seven proofs of claim for what it asserts are individual employee ERS account balances securing outstanding loan obligations. (Id. ¶ 3.) Movant further asserts that ERS is currently holding the assigned funds for the benefit of the employees who assigned rights to Movant. (Id. ¶¶ 2, 6.)

Movant acknowledges that "[n]o action was filed prepetition by [Movant] against ERS to enforce [Movant's] statutory lien interest in the individual employee funds," but it now requests that the automatic stay be "modified and lifted for the limited purpose of allowing [Movant] to seek [] enforcement [of] its statutory lien hold interest on the individual employee funds currently held by ERS at this time in Puerto Rico state court." (Id. ¶¶ 4, 6.) Movant argues that cause exists to support relief from the automatic stay because such relief will result in a complete resolution of the issues raised by Movant, will not interfere with the Title III proceedings, will not prejudice the interests of other creditors because the funds at issue are not assets of ERS but instead belong to the individual borrowers, and will enhance the interests of judicial economy. (Id. at 6-7.)

In its initial response to the Motion, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), on behalf of ERS, argues that the Motion must be denied because Movant has failed to show that cause exists to lift or modify the automatic stay under Section 362(d) of Title 11 of the United States Code. (See Docket Entry No. 4098, the "Objection.") Specifically, AAFAF asserts that no individual accounts had ever been established

at ERS, that legislation enacted in 2017 changed Puerto Rico's public employee pension system to one funded through the Commonwealth and that the same legislation called for the transfer of all ERS assets to the Commonwealth, that Movant stands in the same unsecured shoes vis à vis the Commonwealth and ERS as its assignor-borrowers and thus has failed to show that allowing the commencement of a lawsuit in a Commonwealth court would resolve any issues relevant to ERS's Title III case, and that the resolution of Movant's claims in a separate proceeding would interfere with the centralized claims resolution process contemplated under Title III of PROMESA. (Obj. ¶¶ 9-11, 21.) AAFAF further argues that modification of the automatic stay would interfere with ERS's Title III case by diverting ERS's attention and resources to defending Movant's claims in a separate forum, which would relatedly require that ERS spend considerable time and expense to litigate this dispute at the expense of other creditors. (Id. ¶¶ 13, 19.) AAFAF also contends that, if Movant were allowed to enforce its alleged claims against ERS in separate litigation, other ERS creditors asserting claims based on assignments of pension and retirement benefits would seek similar relief to recover purported retirement assets. (Id. ¶ 20.) Finally, AAFAF argues that the interests of judicial economy and the fact that no lawsuit has even been filed weigh against stay relief, and that the prejudicial effect on ERS if the Motion were granted would outweigh the harm that Movant will suffer if the stay remains in place. (Id. ¶¶ 21-22.)

    The Court heard argument on the Motion at the Omnibus Hearing held in San Juan, Puerto Rico on November 7, 2018, at which time the Court directed AAFAF to make a further factual submission regarding ERS' treatment of past employee contributions and authorized Movant to make a further responsive submission. (See Hearing Transcript, Docket Entry No. 4198, at 51:25-63:6.) Both parties thereafter submitted supplemental materials.

AAFAF, on behalf of ERS, filed the *Informative Motion in Support of the Employees Retirement System of the Government of Puerto Rico's Objection to Motion for Lift of Stay Filed by the Cooperativa de Ahorro y Crédito Vegabajeña and in Compliance with Order [ECF No. 4194]* (Docket Entry No. 4238, the "Supplemental Informative Motion"), and the accompanying *Declaration of Luis M. Collazo-Rodriguez in Support of Objection of the Employees Retirement System to Motion for Lift of Stay Filed by the Cooperativa de Ahorro y Crédito Vegabajeña and in Compliance with Order [ECF No. 4194]* (Exhibit 1 to the Supplemental Informative Motion, the "Declaration"). In these submissions, AAFAF asserts that, although "ERS [historically] maintained individual accounts for accounting purposes that reflected the notional value of each employee's contributions and accredited investment earnings, no segregated funds corresponding to such retirement accounts existed or were maintained by ERS." (Supp. Informative Mot. ¶ 1; see also Decl. ¶ 3 ("ERS has never created or administered segregated funds corresponding to retirement accounts for individual retirees or government employees participating in the retirement system").) The Administrator of ERS asserts in the Declaration that ERS was never required to segregate retirement funds into individual accounts. (Decl. ¶ 8.)

In response to ERS' supplemental submissions, Movant filed the *Cooperativa de Ahorro y Crédito Vegabajeña's Response to Informative Motion in Support of ERS's Objection to Motion to Lift Stay Filed by Cooperativa de Ahorro y Crédito Vegabajeña and in Compliance with Order (ECF No. 4194)* (Docket Entry No. 4361, the "Response"). Movant generally reiterates its contention that ERS is required "to turn over to [Movant] individual ERS participants' funds which were assigned to [Movant] prepetition as collateral for certain loans." (Resp. ¶ 3.)

The Court has considered carefully all of the arguments and submissions made in connection with the Motion.[3]

### DISCUSSION

Section 362(d) of Title 11 of the United States Code, made applicable to these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant dispute are the following factors identified in the Sonnax decision: "whether relief would result in a partial or complete resolution of the issues," a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

Movant has not demonstrated that the Sonnax criteria weigh in its favor with respect to its request to modify the automatic stay. Modification of the stay to allow Movant to commence a proceeding to enforce its alleged lien interest against ERS would require that ERS

---

[3] In addition to the Motion, the Objection, the Supplemental Informative Motion and Declaration, and the Response, the Court considered *Cooperativa de Ahorro y Crédito Vegabajeña's Reply to Objection of the Employee Retirement System of the Government of the Commonwealth of Puerto Rico to Motion to Lift of Stay* (Docket Entry No. 4156).

divert its limited resources to defend the proceeding and would disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA. Such separate litigation would be particularly detrimental to ERS at this time, as there is no evidence that the separate assets against which Movant seeks to enforce its liens exist. Movant's claims against benefits payable in the future to its ERS-participant borrowers can instead be addressed through the Title III claims process. Indeed, Movant has already filed multiple proofs of claim, which will have to be addressed in the Title III proceedings, asserting secured status based on the allegedly assigned funds. Commencement of an enforcement proceeding would not result in an economical or expeditious resolution of Movant's claims given that there has been neither a judgment validating Movant's claim nor identification of any separate res against which such a judgment could be executed. In light of the foregoing analysis, the Court concludes that Movant has not carried its burden of demonstrating that there is cause to lift the automatic stay in order to permit Movant to seek to collect the assigned funds outside of the centralized claims resolution system contemplated by Title III of PROMESA. Since Movant has failed to demonstrate that cause exists to lift the automatic stay, Movant's request for an order declaring that it is entitled to enforce its alleged lien interests is also denied.[4]

[*Remainder of Page Intentionally Left Blank*]

---

[4] Movant's request for declaratory relief is also procedurally improper, since Federal Rule of Bankruptcy Procedure 7001 requires that a claim for declaratory relief relating to the recovery of money or property or the validity or extent of a lien be initiated as an adversary proceeding, and Rule 4001-1 of the Local Bankruptcy Rules for the United States District Court for the District of Puerto Rico provides that a request for stay relief is not to be combined with any other relief unless so authorized by the Court.

CONCLUSION

For the foregoing reasons, the Motion is denied. The automatic stay remains in place as against Movant. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves Docket Entry No. 4011 in Case No. 17-3283 and Docket Entry No. 329 in Case No. 17-3566.

SO ORDERED.

Dated: December 4, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge