**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### PUERTO RICO SALES TAX FINANCING CORPORATION'S FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this fourth omnibus non-substantive objection (the "Fourth Omnibus Objection") to the deficient proofs of claim listed on **Exhibit A** hereto, and in support of the Fourth Omnibus Objection, respectfully represents as follows:

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth's Title III Case").

4.      On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("COFINA's Title III Case" and together with the Commonwealth's Title III Case, the "Title III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only.

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     COFINA's Business**

6.     COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

7.     Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds").  Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.  On behalf of the holders of Bonds, BNYM has filed master proofs of claim with respect to the Bonds.

**C.     COFINA Claims and the Omnibus Objection Procedures**

8.     Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk.  Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

9.     Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA.  The COFINA-related proofs of claim total approximately $10.1 trillion in asserted

claims.  As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

10.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11.     This Fourth Omnibus Objection is filed in accordance with the Court's Omnibus

Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Omnibus Objection Procedures allow COFINA to file an omnibus objection to

multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure

3007(d)(1) – (7).

13.     The Fourth Omnibus Objection seeks to disallow, in accordance with Federal Rule

of Bankruptcy Procedure 3007(d)(6) and the Omnibus Objection Procedures, the claims listed on

**Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply

with the applicable rules for filing a claim and the Bar Date Orders.

14.     Each of the Deficient Claims failed to provide any basis for asserting the claim

against COFINA (or any of the other Debtors).  Some of the Deficient Claims failed to provide

any basis at all for asserting a claim, much less against COFINA or any of the other Debtors, while

other Deficient Claims stated in the proofs of claim and/or supporting documentation that the

claimant had no claim or that the claim was against another entity, neither COFINA nor any of the

other Debtors.  All of the Deficient Claims failed to provide any basis for asserting a claim against

COFINA (or any of the other Debtors).  Because of this failure to comply with the applicable rules,

none of the Debtors is unable to determine the validity of the Deficient Claims.

15.     In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in*

*Support of Puerto Rico Sales Tax Financing Corporation's Fourth Omnibus Objection (Non-*

*Substantive) to Deficient Claims*, dated December 4, 2018, attached hereto as **Exhibit B**.

## NOTICE

16.     In accordance with the Omnibus Objection Procedures and the Court's Notice

Order, COFINA has provided notice of this Fourth Omnibus Objection to (a) the individual

creditors subject to this Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Fourth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Fourth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17.    No prior request for the relief sought in this Fourth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

6

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and

(2) granting COFINA such other and further relief as is just.


Dated: December 4, 2018                          Respectfully submitted,
       San Juan, Puerto Rico


                                                 /s/ Hermann D. Bauer
                                                 Hermann D. Bauer
                                                 USDC No. 215205
                                                 Carla García Benítez
                                                 USDC No. 203708
                                                 **O'NEILL & BORGES LLC**
                                                 250 Muñoz Rivera Ave., Suite 800
                                                 San Juan, PR 00918-1813
                                                 Tel:  (787) 764-8181
                                                 Fax:  (787) 753-8944

                                                 *Attorneys for the Financial*
                                                 *Oversight and Management Board*
                                                 *as representative for COFINA*

                                                 /s/ Martin J. Bienenstock
                                                 Martin J. Bienenstock (*pro hac vice*)
                                                 Brian S. Rosen (*pro hac vice*)
                                                 **PROSKAUER ROSE LLP**
                                                 Eleven Times Square
                                                 New York, NY 10036
                                                 Tel:  (212) 969-3000
                                                 Fax:  (212) 969-2900

                                                 *Co-Attorneys for the Financial*
                                                 *Oversight and Management Board*
                                                 *as representative for COFINA*

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA
DETERMINAR SI ESTA OBJECIÓN AFECTA SU(S) RECLAMACIÓN(ES)**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA
PUERTO RICO,

     como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *y
otros*,

          Deudores.[1]

PROMESA
Título III

No. 17 BK 3283-LTS

(Administrados conjuntamente)

---

### CUARTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL
### FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA
### RECLAMACIONES DEFICIENTES.

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), por

intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de

Supervisión"), como representante de COFINA conforme a la sección 315(b) de la *Ley de

Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

104361447v2

esta cuarta objeción colectiva no sustantiva (la "Cuarta Objeción Colectiva") contra las evidencias de reclamaciones deficientes que figuran en el **Anexo A** al presente, y para fundamentar la Cuarta Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La competencia es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A.      Las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3.      El 3 de mayo del 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una solicitud voluntaria de remedios a favor del Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4.      El 5 de mayo del 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una solicitud voluntaria de quiebra por COFINA, de conformidad con la sección 304(a) de la ley PROMESA, por lo que dio inicio a un caso al amparo del Título III de dicha ley (el "Caso de COFINA iniciado al amparo del Título III" y junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 1 de junio del 2017, el Tribunal dictó una resolución declarando Ha Lugar la administración conjunta del Caso

del Estado Libre Asociado iniciado al amparo del Título III y el Caso de COFINA iniciado al amparo del Título III, para fines procesales exclusivamente.

5.      El 16 de enero 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije la Fecha Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones y (B) que Apruebe la Forma y el Modo de Notificación de las mismas* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). En la *Resolución (A) que Establece las Fechas Límite y los Procedimientos aplicables a la Presentación de Evidencias de Reclamaciones, y (B) el Formulario de Aprobación y Su Forma de Notificación* [ECF No. 2521] (la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones"), el Tribunal otorgó el remedio solicitado en la Petición y fijó las fechas límite y los procedimientos aplicables para presentar evidencias de reclamaciones en los Casos iniciados al amparo del Título III.  En virtud de una moción informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* " [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial, las "Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones") que prorrogaba estas fechas límite al 29 de junio del 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.      Actividad de COFINA**

6.      COFINA es una corporación pública e instrumentalidad del Estado Libre Asociado que constituye una entidad política y corporativa independiente y separada del Estado Libre Asociado, creada por la Ley No. 91 de la Asamblea Legislativa del Estado Libre Asociado.

---

[3]  Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

7.      De conformidad con la Resolución Modificada y Reformulada de Bonos Respaldados por la Recaudación del Impuesto a las Ventas, adoptada el 13 de julio del 2007, modificada el 19 de junio del 2009, y con arreglo a determinadas resoluciones complementarias, COFINA emitió una serie de bonos por un valor total aproximado de $17 billones para, entre otras cosas, pagar ciertas obligaciones de deuda del Banco Gubernamental de Fomento de Puerto Rico (los "Bonos").  Bank of New York Mellon ("BNYM") actúa como Fiduciario respecto de los Bonos.  En representación de los Bonistas, BNYM ha presentado evidencias de reclamación principales con respecto a los Bonos.

**C.      Reclamaciones de COFINA y los Procedimientos para la Presentación de Objeciones Colectivas**

8.      De conformidad con las Resoluciones de Fecha Límite, aproximadamente 165,466 evidencias de reclamaciones contra el Deudor se presentaron a tiempo y fueron registradas por Prime Clerk.  Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

9.      De las evidencias de reclamaciones presentadas, cerca de 3,500 se presentaron a tiempo y con relación a COFINA.  Las evidencias de reclamaciones relacionadas a COFINA totalizan aproximadamente $10.1 trillones en reclamaciones afirmadas.  Como se observó anteriormente, dado que COFINA es una entidad con un propósito específico con deuda financiada por valor aproximado de sólo $17 billones, es evidente que la mayoría de las reclamaciones son inadecuadas.  Además, de conformidad con los términos de las Resoluciones de Fechas Límites, muchas de estas reclamaciones no debían haberse presentado en lo absoluto, o presentan algún otro defecto, como por ejemplo identificar indebidamente a COFINA como deudor, o bien son duplicativas de otras evidencias de reclamaciones.

4

10.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre del 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dice una Resolución (A) que apruebe procedimientos limitados para objeciones colectivas, (B) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* (la "Petición de Procedimientos Colectivos") [ECF No. 4052].  La naturaleza del remedio allí solicitado no es sustantiva y tiene por finalidad agilizar y optimizar el proceso de reconciliación de reclamaciones mediante, entre otras cosas, incrementar el número de reclamaciones que podrían ser incluidas en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se presentó al Tribunal un formulario revisado de resolución y un anexo relacionado.  Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre del 2018, dicha resolución fue revisada y el Tribunal declaró ha lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución notificada el 14 de noviembre del 2018.  *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No.4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas").  El 29 de noviembre del 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas.  *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

11.     Se presenta esta Cuarta Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

104361447v2

## **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

12.     Los Procedimientos aplicables a las objeciones colectivas le permiten a COFINA presentar una objeción colectiva contra múltiples evidencias fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

13.     La Cuarta Objeción Colectiva solicita que se rechaze, en conformidad con la Regla 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, cada una de las evidencias de reclamaciones que figuran en la lista del **Anexo A** (en conjunto, las "Reclamaciones Deficientes"), dado que tales evidencias de reclamaciones no cumplen con las reglas aplicables para la presentación de una reclamación y las Resoluciones sobre Fechas Límite.

14.     Cada una de las Reclamaciones Deficientes fallaron en proveer algún fundamento parala reclamación contra COFINA (o alguno de los otros Deudores).   Algunas de las Reclamaciones Deficientes carecen de fundamento alguno para una reclamación, mucho menos para formularla contra COFINA o alguno de los otros Deudores, mientras que otras Reclamaciones Deficientes indicaban en las evidencias de reclamación y/o en la documentación de respaldo que el demandante no tenía reclamación alguna o que la reclamación era contra otra entidad, distinta de COFINA o alguno de los otros Deudores.   Todas las Reclamaciones Deficientes carecen de fundamento para formular una reclamación contra COFINA (o alguno de los otros Deudores). Debido al incumplimiento de las reglas aplicables, ninguno de los Deudores puede determinar la validez de las Reclamaciones Deficientes.

15.     En respaldo de lo expresado precedentemente, COFINA se fundamenta en la *Declaración de Jay Herriman en respaldo de la Cuarta Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones Deficientes*, de fecha 4 de diciembre del 2018, que se adjunta al presente como **Anexo B**.

104361447v2

## **NOTIFICACIÓN**

16.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y a la Resolución del Tribunal que ordena la Notificación, COFINA ha notificado de esta Cuarta Objeción Colectiva a (a) los acreedores particulares conforme a la Cuarta Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF No. 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.  Se adjunta al presente como **Anexo C** una copia de la notificación de esta Cuarta Objeción Colectiva.  Se presentan las traducciones al español de la Cuarta Objeción Colectiva y de todos los anexos a la misma junto con esta Objeción y se notifica a las partes.  COFINA sostiene que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## **SIN SOLICITUD PREVIA**

17.     No se ha presentado ninguna petición de remedio anterior en relación con esta Cuarta Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

104361447v2

POR LO TANTO, COFINA solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio allí solicitado y (2) que le conceda a COFINA cualquier otro remedio adicional según se considere justo.

Fecha: 4 de diciembre del 2018
     San Juan, Puerto Rico

Presentado con el debido respeto,

[*Firma en la versión en inglés*]
Hermann D. Bauer
Tribunal de Distrito de EE. UU. No°
215205
Carla García Benítez
Tribunal de Distrito de EE. UU. No°
203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

104361447v2