---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

---

## PUERTO RICO SALES TAX FINANCING CORPORATION'S EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE AND DEFICIENT BOND CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this eighth omnibus objection (the "Eighth Omnibus Objection") to the duplicate and deficient bond claims listed on **Exhibit A** hereto, and in support of the Eighth Omnibus Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth's Title III Case").

4.      On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("COFINA's Title III Case" and together with the Commonwealth's Title III Case, the "Title III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only.

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      COFINA's Business**

6.      COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

7.      Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of senior and subordinate bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds").  Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.

**C.      Bond Debt Master Proofs of Claim**

8.      Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document.  Initial Bar Date Order, ¶ 5(a).

Case:17-03283-LTS   Doc#:4412   Filed:12/04/18   Entered:12/04/18 23:27:12   Desc: Main
Document    Page 4 of 17

9.     On behalf of the holders of the Bonds, BNYM filed master proofs of claim with respect to the Bonds (each a "Master Proof of Claim" and collectively, the "Master Proofs of Claims").  While BNYM initially filed two proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 16284 (subordinate bonds) and 16760 (senior bonds), these were superseded and amended by subsequently filed proofs of claim, logged by Prime Clerk as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds) and asserting more than $36 billion in liabilities.

**D.     COFINA Claims and the Omnibus Objection Procedures**

10.    Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk.  Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

11.    Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA.  The COFINA-related proofs of claim total approximately $10.1 trillion in asserted claims.  As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

12.    In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed

4

to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

13.     This Eighth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14.     The Omnibus Objection Procedures allow COFINA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1) – (7).

15.     The Eighth Omnibus Objection seeks to disallow, in accordance with Federal Rules of Bankruptcy Procedure 3007(d)(1) and 3007(d)(6), as well as the Omnibus Objection Procedures, claims that, in the same proof of claim, asserted (a) bond claims duplicative of the Master Proofs of Claim, and (b) claims arising from bonds not issued by COFINA (or any of the

other Debtors) and/or mutual funds, which are deficient to the extent the claim fails to provide a basis for how these bonds or funds assert a claim against COFINA.

16.    In each claim identified in <u>Exhibit A</u> hereto (the "Duplicate and Deficient Bond Claims"), a portion of the claim asserts liability associated with one or more municipal bonds issued by COFINA that are duplicative of a Master Proof of Claim, which as explained above were filed in COFINA's Title III Case by BNYM, as Trustee of the Bonds issued by COFINA.  Any failure to disallow this portion of the Duplicate and Deficient Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in COFINA's Title III Case.  To the extent the Duplicate and Deficient Bond Claims are duplicative of a Master Proof of Claim, the holders of the Duplicate and Deficient Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within one or more Master Proof of Claim.

17.    Additionally, each of the Duplicate and Deficient Bond Claims included in the proof of claim information about bonds not issued by COFINA (or any of the other Debtors) and/or mutual funds, and failed to comply with the applicable rules by not providing a basis for purporting to assert a claim against COFINA due to either bonds not issued by COFINA or mutual funds. Because of this failure to comply with the applicable rules, to the extent the Duplicate and Deficient Bond Claims purport to be based on bonds not issued by COFINA and/or mutual funds, COFINA is unable to determine the validity of this portion of the Duplicate and Deficient Bond Claims.  Because the Duplicate and Deficient Bond Claims only contain duplicative or deficient information, COFINA requests that these claims be disallowed in their entirety.

18.    In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in Support of Puerto Rico Sales Tax Financing Corporation's Eighth Omnibus Objection (Non-*

6

*Substantive) to Duplicate and Deficient Bond Claims*, dated December 4, 2018, attached hereto as **Exhibit B**.

### NOTICE

19.      In accordance with the Omnibus Objection Procedures and the Court's Notice Order, COFINA has provided notice of this Eighth Omnibus Objection to (a) the individual creditors subject to this Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Eighth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

20.      No prior request for the relief sought in this Eighth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: December 4, 2018
San Juan, Puerto Rico

Respectfully submitted,

/s/ Ricardo Burgos Vargas
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/(787) 948-1025
Fax: (787) 763-8260

*Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA
> DETERMINAR SI ESTA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA
PUERTO RICO,

   como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *y
otros*,

                                    Deudores.[1]

PROMESA
Título III

No. 17 BK 3283-LTS

(Administrados en forma conjunta)

## OCTAVA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA LAS RECLAMACIONES DE BONOS DUPLICADAS Y DEFICIENTES

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), por intermedio de la Junta de Supervisión y Administración Financiera de Puerto Rico (la Junta de Supervisión"), como representante de COFINA conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"), [2] con todo

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

respeto presenta esta octava objeción colectiva (la "Octava Objeción Colectiva") contra las
reclamaciones de bonos duplicadas y deficientes que figuran en la lista del **Anexo A** al presente,
y para fundamentar la Octava Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia y el remedio solicitado en la presente de conformidad con la sección
306(a) de la ley PROMESA.

2.      La competencia es adecuada en este distrito de conformidad con la sección 307(a)
de la ley PROMESA.

## ANTECEDENTES

**A.      Las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió
una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y
presentó una solicitud de remedios a favor del Estado Libre Asociado de conformidad con la
sección 304(a) de la ley PROMESA, y dio inicio a un caso al amparo del Título III de dicha ley
(el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4.      El 5 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió
una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y
presentó una solicitud voluntaria de quiebra por COFINA, de conformidad con la sección 304(a)
de la ley PROMESA, por lo que dio inicio a un caso al amparo del Título III de dicha ley (el "Caso
de COFINA iniciado al amparo del Título III" y junto con el Caso del Estado Libre Asociado
iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 1 de junio de
2017, el Tribunal dictó una resolución declarando Ha Lugar la administración conjunta del Caso

2

del Estado Libre Asociado iniciado al amparo del Título III y el Caso de COFINA iniciado al amparo del Título III, para fines procesales exclusivamente.

5.     El 16 de enero 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije la Fecha Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones y (B) que Apruebe la Forma y el Modo de Notificación de las mismas* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). En la *Resolución (A) que Establece la Fecha Límite y los Procedimientos aplicables a la Presentación de Evidencias de Reclamaciones, y (B) el Formulario de Aprobación y Su Forma de Notificación* [ECF No. 2521] (la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones"), el Tribunal otorgó el remedio solicitado en la Petición y fijó las fechas límite y los procedimientos aplicables para presentar evidencias de reclamaciones en los Casos iniciados al amparo del Título III. En virtud de una moción informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* " [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial, las "Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.     Actividad de COFINA**

6.     COFINA es una corporación estatal e instrumentalidad del Estado Libre Asociado que constituye una entidad política y corporativa independiente y separada del Estado Libre Asociado, creada por Ley No. 91 de la Asamblea Legislativa del Estado Libre Asociado.

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

7.      De conformidad con dicha Resolución Modificada y Reformulada de Bonos Respaldados por la Recaudación del Impuesto a las Ventas, adoptada el 13 de julio de 2007, modificada el 19 de junio de 2009, y con arreglo a determinadas resoluciones complementarias, COFINA emitió una serie de bonos por un valor total aproximado de $17 billones para, entre otras cosas, pagar determinadas obligaciones de deuda del Banco Gubernamental de Fomento de Puerto Rico y la Corporación para el Financiamiento Público de Puerto Rico (los "Bonos"). Bank of New York Mellon ("BNYM") actúa como Fiduciario respecto de los Bonos.

**C.     Evidencia de Reclamaciones Maestras correspondientes a Deudas de Bonos**

8.      Con arreglo a la Resolución de Fecha Límite Inicial, los fiduciarios, los agentes fiscales, u otro agente o persona designada para cada serie de bonos emitidos por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las respectivas series de bonos en relación con las obligaciones que surgen de los respectivos contratos de emisión de bonos, resoluciones, o documentos similares de emisión. Resolución de la Fecha Límite Inicial, ¶ 5(a).

9.      En representación de los tenedores de Bonos, BNYM ha presentado evidencias de reclamaciones maestras respecto de los Bonos (cada una de ellas, una "Evidencia de Reclamación Maestra" y en conjunto, las "Evidencias de Reclamaciones Maestras"). Si bien BNYM inicialmente presentó dos evidencias de reclamaciones registradas por Prime Clerk como Evidencias de Reclamación No. 16284 (bonos subordinados) y 16760 (bonos principales), estas fueron reemplazadas y enmendadas por evidencias de reclamaciones presentadas posteriormente, registradas por Prime Clerk como Evidencias de Reclamación No. 31920 (bonos subordinados) y 33139 (bonos principales), por las que se reclaman pasivos por más de $36 billones.

4

**D.      Reclamaciones contra COFINA y los Procedimientos para la Presentación de Objeciones Colectivas**

10.      De conformidad con las Resoluciones de Fecha Límite, se presentaron en tiempo aproximadamente 165,466 evidencias de reclamaciones contra el Deudor y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

11.      De las evidencias de reclamaciones presentadas, cerca de 3,500 se presentaron en tiempo y forma con relación a COFINA. Las reclamaciones contra  COFINA totalizan aproximadamente $10.1 trillones.  Como se observó anteriormente, dado que COFINA es una entidad con un propósito específico, y deuda financiada por valor aproximado de $17 billones, es evidente que la mayoría de las reclamaciones presentadas contra COFINA son inadecuadas. Asimismo, de conformidad con los términos de las Resoluciones de Fechas Límites, muchas de estas reclamaciones no tendrían que haberse presentado en absoluto, o presentan algún otro defecto, como por ejemplo identificar indebidamente a COFINA como deudor, o bien ser evidencias de reclamaciones duplicadas..

12.      A fin de manejar de manera eficiente la resolución de las reclamaciones impropiamente presentadas, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dice una Resolución (A) que apruebe procedimientos limitados para objeciones colectivas, (B) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (C) conceda el remedio relacionado* (la "Petición de Procedimientos Colectivos") [ECF No. 4052].  La naturaleza del remedio allí solicitado no es sustantiva y tiene por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna

objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se presentó al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal declaró con lugar el remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución notificada el 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (C) concede el remedio solicitado* [ECF No.4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

13.      Esta Octava Objeción Colectiva se presenta de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas..

## **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

14.      Los Procedimientos aplicables a objeciones colectivas le permiten a COFINA presentar una objeción colectiva contra múltiples evidencias fundándose en cualquiera de los incisos que se contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

15.      De conformidad con la Regla 3007(d)(1) y 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Octava Objeción Colectiva pretende que se declare la inadmisibilidad de  (a) reclamaciones de bonos duplicadas de las Evidencias de Reclamaciones Maestras, y (b) reclamaciones que surgen de bonos no emitidos por COFINA (o alguno de los otros Deudores) y/o fondos mutuos, que son deficientes ya que no

presentan elementos que fundamenten cómo estos bonos o fondos tienen una reclamación contra

COFINA.

16.     En cada reclamación identificada en el **Anexo A**  (las "Reclamaciones de Bonos

Duplicadas y Deficientes"), una porción de la reclamación reclama una obligación asociada con

uno o más bonos municipales emitidos por COFINA que son duplicados de la Evidencia de

Reclamación Maestra, la cual, como se explicó anteriormente, fue presentada en el Caso COFINA

al amparo del Título III por BNYM, en carácter de Fiduciario de los Bonos emitidos por COFINA.

De no desestimarse las Reclamaciones de Bonos Duplicadas y Deficientes, el resultado será que

los acreedores que presentaron éstas reclamaciones  podrían llegar a recibir una doble

indemnización injustificada del patrimonio de COFINA, en detrimento de otras partes interesadas

en el Caso COFINA al amparo del Título III. En la medida en que las Reclamaciones de Bonos

Duplicadas y Deficientes sean duplicados de una Evidencia de Reclamación Maestra, los tenedores

de Reclamaciones de Bonos Duplicados y Deficientes no resultarán perjudicados por la

desestimación de sus reclamaciones pues las obligaciones asociadas con sus reclamaciones se

encuentran subsumidas dentro de una o más Evidencia de Reclamación Maestra.

17.     Asimismo, cada una de las Reclamaciones de Bonos Duplicadas y Deficientes

incluidas en la evidencia de reclamación sobre los bonos no emitidos por COFINA (o alguno de

los otros Deudores) y/o fondos mutuos, no cumplen con las reglas aplicables al no proporcionar

elementos que fundamenten la reclamación pretendida contra COFINA debido a que los bonos no

fueron emitidos por COFINA o por fondos mutuos. Debido a este incumplimiento de las reglas

aplicables, en la medida en que las Reclamaciones de Bonos Duplicadas y Deficientes pretendan

basarse en bonos no emitidos por COFINA y/o fondos mutuos, COFINA se ve impedida de

determinar la validez de esa porción de la Reclamación de Bonos Duplicada y Deficiente. Debido

a que las Reclamaciones de Bonos Duplicadas o Deficientes solo contienen información duplicada o deficiente, COFINA solicita que estas reclamaciones sean desestimadas en su totalidad.

18.     En respaldo de lo expresado precedentemente, COFINA se basa en la *Declaración de Jay Herriman, en Respaldo de la Octava Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones de Bonos Duplicadas*, del 4 de diciembre de 2018, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

19.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, COFINA ha notificado de esta Octava Objeción Colectiva a (a) los acreedores particulares conforme a la Octava Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Octava Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. COFINA sostiene que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## SIN SOLICITUD PREVIA

20.     No se ha presentado ninguna petición de remedio anterior en relación con esta Octava Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

8

POR LO TANTO, COFINA solicita con todo respeto que se dicte una resolución
esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**,
(1) que otorgue el remedio allí solicitado y (2) que le conceda a COFINA cualquier otro remedio
adicional según se considere justo.

Fecha: 4 de diciembre de 2018                                        Presentado con el debido respeto,
     San Juan, Puerto Rico

[*Firma en la versión en inglés*]
Ricardo Burgos Vargas
Tribunal de Distrito de EE. UU. N°
218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/(787) 948-1025
Fax: (787) 763-8260

*Abogados de la Junta de Supervisión
y Administración Financiera en
carácter de representantes de
COFINA*

[*Firma en la versión en inglés*]
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera en
carácter de representantes de
COFINA*

9