> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### PUERTO RICO SALES TAX FINANCING CORPORATION'S NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE AND INCORRECT DEBTOR BOND CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this ninth omnibus objection (the "Ninth Omnibus Objection") to the claims listed on **Exhibit A** hereto, which are both duplicative and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

asserted against the incorrect debtor, and thus filed in the wrong case, and in support of the Ninth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth's Title III Case").

4. On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("COFINA's Title III Case" and together with the Commonwealth's Title III Case, the "Title III Cases"). On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth's Title III Case and COFINA's Title III Case, for procedural purposes only.

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing*

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      COFINA's Business**

6.      COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

7.      Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of senior and subordinate bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds").  Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.

**C.      Bond Debt Master Proofs of Claim**

8.      Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of

bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document. Initial Bar Date Order, ¶ 5(a).

9.      On behalf of the holders of the Bonds, BNYM filed master proofs of claim with respect to the Bonds (each a "Master Proof of Claim" and collectively, the "Master Proofs of Claims"). While BNYM initially filed two proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 16284 (subordinate bonds) and 16760 (senior bonds), these were superseded and amended by subsequently filed proofs of claim, logged by Prime Clerk as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds), asserting more than $36 billion in liabilities.

**D.      COFINA Claims and the Omnibus Objection Procedures**

10.     Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

11.     Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA. The COFINA-related proofs of claim total approximately $10.1 trillion in asserted claims. As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

12.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

13.     This Ninth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14.     The Omnibus Objection Procedures allow COFINA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1) – (7).

15.     The Ninth Omnibus Objection seeks to disallow in part and reclassify in part, in accordance with Federal Rules of Bankruptcy Procedure 3007(d)(1) and 3007(d)(2), as well as the Omnibus Objection Procedures, claims that asserted in the same proof of claim both (a) bond

claims duplicative of the Master Proof of Claims, and (b) claims associated with municipal bond(s) that were issued by another of the Debtors, not COFINA, and thus were filed in the wrong case.

16.     In each claim identified in the column titled "Asserted" in **Exhibit A** hereto (the "Duplicate and Incorrect Debtor Bond Claims"), a portion of the claim asserts liability associated with one or more municipal bonds issued by COFINA that are duplicative of a Master Proof of Claim, which as explained above were filed in COFINA's Title III Case by BNYM, as Trustee of the Bonds issued by COFINA.  Any failure to disallow this portion of the Duplicate and Incorrect Debtor Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in COFINA's Title III Case.  To the extent the Duplicate and Incorrect Debtor Bond Claims are duplicative of a Master Proof of Claim, the holders of the Duplicate and Incorrect Debtor Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within one or more Master Proof of Claim.

17.     Additionally, the remaining portion of each of the Duplicate and Incorrect Debtor Bond Claims identifies as obligor COFINA, when such claims are properly asserted, if at all, against another of the Debtors.  In each instance involving the Duplicate and Incorrect Debtor Bond Claims, the claimant asserts liability associated with municipal bond(s), for which the proofs of claim, supporting documentation provided by the claimant, and/or the CUSIP information associated with the Duplicate and Incorrect Debtor Bond Claims show that any liability would appropriately be asserted, if at all, against another of the Debtors, not COFINA.  The Duplicate and Incorrect Debtor Bond Claims failed to provide a valid justification for asserting this portion of the claim against COFINA.  Accordingly, these portions of the Duplicate and Incorrect Debtor Bond Claims should be reclassified to be asserted against the Title III debtor(s) identified in the

column titled "Corrected" in **Exhibit A** hereto (collectively, the "Reclassified Claims").  The Debtors maintain the right to object to any of the Reclassified Claims on any applicable grounds.

18.  In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in Support of Puerto Rico Sales Tax Financing Corporation's Ninth Omnibus Objection (Non-Substantive) to Duplicate and Incorrect Debtor Bond Claims*, dated December 4, 2018, attached hereto as **Exhibit B**.

## NOTICE

19.  In accordance with the Omnibus Objection Procedures and the Court's Notice Order, COFINA has provided notice of this Ninth Omnibus Objection to (a) the individual creditors subject to this Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Ninth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20.  No prior request for the relief sought in this Ninth Omnibus Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: December 4, 2018
       San Juan, Puerto Rico

Respectfully submitted,


/s/ Ricardo Burgos Vargas
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/(787) 948-1025
Fax: (787) 763-8260

*Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR ESTA LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

## NOVENA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA RECLAMACIONES DE BONOS DUPLICADAS Y CONTRA EL DEUDOR INCORRECTO

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de COFINA conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

esta novena objeción colectiva no sustantiva (la "Novena Objeción Colectiva") contra las evidencias de reclamaciones que figuran en la lista del **Anexo A** al presente, las cuales son duplicadas y se presentan contra el deudor incorrecto, y por ende en el caso equivocado, y para fundamentar la Novena Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La competencia es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A.      Las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una solicitud de remedios a favor del Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4.      El 5 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una solicitud voluntaria de quiebra por COFINA, de conformidad con la sección 304(a) de la ley PROMESA, por lo que dio inicio a un caso al amparo del Título III de dicha ley (el "Caso de COFINA iniciado al amparo del Título III" y junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III"). El 1 de junio de 2017, el Tribunal dictó una resolución declarando Ha Lugar la administración conjunta del Caso

del Estado Libre Asociado iniciado al amparo del Título III y el Caso de COFINA iniciado al amparo del Título III, para fines procesales exclusivamente.

5.      El 16 de enero 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije la Fecha Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones y (B) que Apruebe la Forma y el Modo de Notificación de las mismas* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). En la *Resolución (A) que Establece la Fecha Límite y los Procedimientos aplicables a la Presentación de Evidencias de Reclamaciones, y (B) el Formulario de Aprobación y Su Forma de Notificación* [ECF No. 2521] (la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones"), el Tribunal otorgó el remedio solicitado en la Petición y fijó las fecha límite y los procedimientos aplicables para presentar evidencias de reclamaciones en los Casos iniciados al amparo del Título III. En virtud de una moción informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* " [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial, las "Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.      Actividad de COFINA**

6.      COFINA es una corporación estatal e instrumentalidad del Estado Libre Asociado que constituye una entidad política y corporativa independiente y separada del Estado Libre Asociado, creada por Ley No. 91 de la Asamblea Legislativa del Estado Libre Asociado.

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

7.      De conformidad con dicha Resolución Modificada y Reformulada de Bonos Respaldados por la Recaudación del Impuesto a las Ventas, adoptada el 13 de julio de 2007, modificada el 19 de junio de 2009, y con arreglo a determinadas resoluciones complementarias, COFINA emitió una serie de bonos por un valor total aproximado de $17 billones para, entre otras cosas, pagar determinadas obligaciones de deuda del Banco Gubernamental de Fomento de Puerto Rico y la Corporación para el Financiamiento Público de Puerto Rico (los "<u>Bonos</u>"). Bank of New York Mellon ("<u>BNYM</u>") actúa como Fiduciario respecto de los Bonos.

**C.      Evidencia de Reclamaciones Maestras correspondientes a Deudas de Bonos**

8.      Con arreglo a la Resolución de Fecha Límite Inicial, los fiduciarios, los agentes fiscales, u otro agente o persona designada para cada serie de bonos emitidos por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las respectivas series de bonos en relación con las obligaciones que surgen de los respectivos contratos de emisión de bonos, resoluciones, o documentos similares de emisión. Resolución de la Fecha Límite Inicial, ¶ 5(a).

9.      En representación de los tenedores de Bonos, BNYM ha presentado evidencias de reclamaciones maestras respecto de los Bonos (cada una de ellas, una "<u>Evidencia de Reclamación Maestra</u>" y en conjunto, las "<u>Evidencias de Reclamaciones Maestras</u>"). Si bien BNYM inicialmente presentó dos evidencias de reclamaciones registradas por Prime Clerk como Evidencias de Reclamación No. 16284 (bonos subordinados) y 16760 (bonos principales), estas fueron reemplazadas y enmendadas por evidencias de reclamaciones presentadas posteriormente, registradas por Prime Clerk como Evidencias de Reclamación No. 31920 (bonos subordinados) y 33139 (bonos principales), por las que se reclaman pasivos por más de $36 billones.

**D.     Reclamaciones contra COFINA y los Procedimientos para la Presentación de Objeciones Colectivas**

10.     De conformidad con las Resoluciones de Fecha Límite, se presentaron en tiempo aproximadamente 165,466 evidencias de reclamaciones contra el Deudor y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

11.     De las evidencias de reclamaciones presentadas, cerca de 3,500 se presentaron en tiempo y forma con relación a COFINA. Las reclamaciones contra COFINA totalizan aproximadamente $10.1 trillones. Como se observó anteriormente, dado que COFINA es una entidad con un propósito específico, y deuda financiada por valor aproximado de $17 billones, es evidente que la mayoría de las reclamaciones presentadas contra COFINA son inadecuadas. Asimismo, de conformidad con los términos de las Resoluciones de Fechas Límites, muchas de estas reclamaciones no tendrían que haberse presentado en absoluto, o presentan algún otro defecto, como por ejemplo identificar indebidamente a COFINA como deudor, o bien ser evidencias de reclamaciones duplicadas.

12.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dice una Resolución (A) que apruebe procedimientos limitados para objeciones colectivas, (B) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (C) conceda el remedio relacionado* (la "Petición de Procedimientos Colectivos") [ECF No. 4052]. La naturaleza del remedio allí solicitado no es sustantiva y tiene por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que pueden incluirse en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción

a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se presentó al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal declaro Ha Lugar el remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución notificada el 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (C) concede el remedio relacionado* [ECF No.4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

13.     Esta Novena Objeción Colectiva se presenta de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

## OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

14.     Los Procedimientos aplicables a objeciones colectivas le permiten a COFINA presentar una objeción colectiva contra múltiples evidencias fundándose en cualquiera de los incisos que se contemplan en las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

15.     De conformidad con la Regla 3007(d)(1) y 3007(d)(2) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Novena Objeción Colectiva pretende que en parte se declare la inadmisibilidad de las reclamaciones y en parte se reclasifique las reclamaciones que en la misma evidencia de reclamación presentaron (a) reclamaciones de bonos duplicadas de la Evidencia de Reclamación Maestra, y (b) reclamaciones

6

asociadas con bonos municipales que fueron emitidos por otro de los Deudores, no COFINA, y

por ende fueron presentadas en el caso equivocado

16.     En cada reclamación identificada en la columna "Formuladas" del **Anexo A** al

presente (las "Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto"), el demandante

reclama una obligación asociada con uno o más bonos municipales emitidos por COFINA que son

duplicados de una Evidencia de Reclamación Maestra que, como se explica previamente, fuera

presentada en el Caso COFINA al amparo del Título III por BNYM, en carácter de Fiduciario de

los Bonos emitidos por COFINA.  En consecuencia, de no desestimarse las Reclamaciones de

Bonos Duplicadas y contra el Deudor Incorrecto, el resultado será que los acreedores aplicables

podrían llegar a recibir una doble indemnización injustificada del patrimonio de los COFINA, en

detrimento de otras partes interesadas en el Caso COFINA al amparo del Título III.  En la medida

en que las Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto sean duplicados de

una Evidencia de Reclamación Maestra, los tenedores de las Reclamaciones de Bonos Duplicadas

y contra el Deudor Incorrecto no resultarán perjudicados por la desestimación de sus reclamaciones

pues las obligaciones asociadas con sus reclamaciones se encuentran subsumidas dentro de una o

más Evidencias de Reclamaciones Maestras.

17.     Además, la porción remanente de cada Reclamación de Bonos Duplicada y contra

el Deudor Incorrecto identifica a COFINA como deudor, cuando dichas reclamaciones están

correctamente presentadas, en todo caso, contra otro de los Deudores. En cada instancia que

involucre Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto, el acreedor reclama

una obligación asociada con bonos municipales, respecto de los cuales las evidencias de

reclamaciones, la documentación de respaldo aportada por el acreedor, y/o la información CUSIP

asociada con las Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto indican que

la obligación recaería, en todo caso, contra otro de los Deudores, no COFINA. Las Reclamaciones de Bonos Duplicadas e Incorrectas no presentan elementos válidos que fundamenten esta porción de la reclamación contra COFINA. En consecuencia, las Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto deben ser reclasificadas de modo que se presenten contra el(los) Deudor(es) del Título III identificados en la columna "Corregido" en el **Anexo A** a la presente (en conjunto las "Reclamaciones Reclasificadas"). Los Deudores mantienen el derecho a objetar cualquiera de las Reclamaciones Reclasificadas por cualquier otra causal.

18.     En respaldo de lo expresado precedentemente, COFINA se basa en la *Declaración de Jay Herriman en Respaldo de la Novena Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto*, de fecha 4 de diciembre de 2018, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

19.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena esta Notificación, COFINA ha notificado de esta Novena Objeción Colectiva a (a) los acreedores particulares conforme a la Tercera Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Primera Objeción Colectiva. Se presentan las traducciones al español de la Novena Objeción Colectiva y de todos los anexos a la misma junto con esta Objeción y se notifica a las partes. COFINA sostiene que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

8

## **SIN SOLICITUD PREVIA**

20.    No se ha presentado ninguna petición de remedio anterior en relación con esta

Novena Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

POR LO TANTO, COFINA solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio allí solicitado y (2) que le conceda a COFINA cualquier otro remedio adicional según se considere justo.

Fecha: 4 de diciembre de 2018     Presentado con el debido respeto,
   San Juan, Puerto Rico

            [*Firma en la versión en inglés*]
            Ricardo Burgos Vargas
            Tribunal de Distrito de EE. UU. N° 218210
            **A&S LEGAL STUDIO, PSC**
            434 Ave. Hostos
            San Juan, PR 00918
            Tel: (787) 751-6764/(787) 948-1025
            Fax: (787) 763-8260

            *Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

            [*Firma en la versión en inglés*]
            Martin J. Bienenstock (*pro hac vice*)
            Brian S. Rosen (*pro hac vice*)
            **PROSKAUER ROSE LLP**
            Eleven Times Square
            New York, NY 10036
            Tel: (212) 969-3000
            Fax: (212) 969-2900

            *Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*