# **EXHIBIT D**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br>                                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING PUERTO RICO SALES TAX FINANCING CORPORATION'S NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE AND INCORRECT DEBTOR BOND CLAIMS**

Upon the *Ninth Omnibus Objection (Non-Substantive) to Duplicate and Incorrect Debtor Bond Claims* ("Ninth Omnibus Objection")[2] filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), dated December 4, 2018, for entry of an order disallowing in their entirety certain claims filed against COFINA, as more fully set forth in the Ninth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Ninth Omnibus Objection and to grant the relief requested therein pursuant to Section 306(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3]; and venue

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Ninth Omnibus Objection.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Ninth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Ninth Omnibus Objection being partially duplicative of a Master Proof of Claim and having partially improperly identified COFINA as obligor, when such portion of the claim is properly asserted, if at all, against the Title III debtor(s) identified in the column titled "Corrected" in <u>Exhibit A</u>; and the Court having determined that the relief sought in the Ninth Omnibus Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Ninth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Ninth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Ninth Omnibus Objection assert liability associated with municipal bond(s) issued by COFINA, that portion of the claim is hereby disallowed; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Ninth Omnibus Objection assert liability associated with municipal bond(s) issued by one or more of the Debtors other than COFINA, that portion of the claim is hereby reclassified to be a claim asserted against the Title III debtor(s) indicated in the column titled "Correct" in <u>Exhibit A</u>; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

2

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the portions of the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Ninth Omnibus Objection from COFINA's Title III Case (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474) to the Title III case for the debtor(s) identified in the column titled "Corrected" in <u>Exhibit A</u> to the Ninth Omnibus Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                                          Honorable Judge Laura Taylor Swain
                                                          United States District Judge

## **ANEXO D**

**Propuesta de Resolución**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>                          Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**UNA RESOLUCIÓN QUE DECLARANDO CON LUGAR A LA NOVENA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA LAS RECLAMACIONES DE BONOS DUPLICADAS Y CONTRA EL DEUDOR INCORRECTO**

En virtud de la *Novena Objeción Colectiva (no sustantiva) contra las Reclamaciones de Bonos Duplicadas y contra el Deudor Incorrecto*, (la "Novena Objeción Colectiva"),[2] presentada por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), de fecha 4 de diciembre de 2018, en la que solicita que se dicte una resolución que desestime por completo determinadas reclamaciones presentadas contra COFINA, lo que se explica de manera más completa en la Novena Objeción Colectiva y los anexos que la respaldan; y en vista de que el

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] Los términos con mayúscula que no se definen de otro modo en la presente tendrán los significados que se les atribuye en la Novena Objeción Colectiva.

Tribunal tiene jurisdicción para considerar la Novena Objeción Colectiva y conceder el remedio allí solicitado de conformidad con la sección 306(a) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA")[3]; y la jurisdicción es la adecuada de conformidad con la sección 307(a) de la ley PROMESA; y considerando que se ha dado notificación debida y adecuada de la Novena Objeción Colectiva a las partes que se identifican en la misma, y que no se requiere ninguna otra notificación adicional; que cada una de las reclamaciones identificadas en la columna "Formuladas" en el Anexo A a la Novena Objeción Colectiva en parte son duplicados de la Evidencia de Reclamación Maestra y en parte identifican indebidamente a COFINA como obligado, cuando dicha porción de la reclamación es formulada correctamente, en todo caso, contra otro(s) deudor(es) del Título III que se identifican en la columna "Corregido" del Anexo A; y que el Tribunal ha considerado que el remedio pretendido en la Novena Objeción Colectiva es beneficiosa para COFINA, sus acreedores y todas las partes interesadas; y habiendo el Tribunal determinado que los fundamentos jurídicos y fácticos expuestos en la Novena Objeción Colectiva constituyen una justa causa para el remedio que aquí se concede; y tras debida deliberación y causa suficiente para ello, se

DECLARA HA LUGAR la Novena Objeción Colectiva tal como aquí se expone; además, se

DISPONE que, en la medida en que las reclamaciones identificadas en la columna "Formuladas" en el Anexo A a la Novena Objeción Colectiva reclaman una obligación asociada con bonos municipales emitidos por COFINA, esa porción de la reclamación queda por la presente desestimada; y, asimismo se

---

[3] PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

DISPONE que, en la medida en que las reclamaciones identificadas en la columna "Formuladas" en el Anexo A a la Novena Objeción Colectiva reclaman una obligación asociada con bonos municipales emitidos por uno o más Deudores distintos de COFINA, dicha porción de la reclamación queda reclasificada como una reclamación presentada contra el (los) deudor(es) indicados en la columna "Corregido" en el Anexo A; además, se

DISPONE hacer reserva del derecho de los Deudores a objetar las Reclamaciones Reclasificadas, y asimismo se

DISPONE que Prime Clerk está autorizado y se le ordena que, en el registro oficial de reclamaciones en los casos iniciados al amparo de la ley PROMESA, mueva las reclamaciones de la columna "Formuladas" en el Anexo A a la Novena Objeción Colectiva en el proceso de COFINA al amparo del Título (Caso de quiebra No. 17 BK 3284-LTS) (Últimos cuatro dígitos del ID del Impuesto Federal: 8474) al proceso iniciado al amparo del Título III correspondiente al (a los) deudor(es) identificado(s) en la Columna "Corregido" en el Anexo A a la Novena Objeción Colectiva; y asimismo se

DISPONE que este Tribunal mantendrá la jurisdicción para entender y dirimir todas las cuestiones que surjan o estén relacionadas con la aplicación, interpretación o ejecución de esta Resolución.

Fecha: _____

                                              Honorable Jueza Laura Taylor Swain
                                              Jueza de Distrito de los Estados Unidos