# **EXHIBIT D**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING PUERTO RICO SALES TAX FINANCING CORPORATION'S TENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE, DEFICIENT, AND INCORRECT DEBTOR BOND CLAIMS**

Upon the *Tenth Omnibus Objection (Non-Substantive) to Duplicate and Incorrect Debtor Bond Claims* ("Tenth Omnibus Objection")[2] filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), dated December 4, 2018, for entry of an order disallowing in their entirety certain claims filed against COFINA, as more fully set forth in the Tenth Omnibus Objection and supporting exhibits; and the Court having jurisdiction to consider the Tenth Omnibus Objection and to grant the relief requested therein pursuant to Section 306(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3]; and venue

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Tenth Omnibus Objection.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Tenth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Tenth Omnibus Objection being, in part, (a) duplicative of a Master Proof of Claim; (b) deficient by failing to comply with the applicable rules and the Bar Date Orders, specifically by not providing a basis for a portion of the claim; and (c) filed in the wrong case, to the extent a portion of the claim is properly asserted, if at all, against the Title III debtor(s) identified in the column titled "Corrected" in <u>Exhibit A</u>; and the Court having determined that the relief sought in the Tenth Omnibus Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Tenth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Tenth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Tenth Omnibus Objection assert liability associated with municipal bond(s) issued by COFINA, that portion of the claim is hereby disallowed; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Tenth Omnibus Objection assert liability associated with mutual funds and/or bonds not issued by COFINA or any of the other Debtors, that portion of the claim is hereby disallowed; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in <u>Exhibit A</u> to the Tenth Omnibus Objection assert liability associated with municipal bond(s) issued

2

by one or more of the Debtors other than COFINA, that portion of the claim is hereby reclassified to be a claim asserted against the Title III debtor(s) indicated in the column titled "Correct" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the portions of the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection from COFINA's Title III Case (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474) to the Title III case for the debtor(s) identified in the column titled "Corrected" in Exhibit A to the Tenth Omnibus Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                              Honorable Judge Laura Taylor Swain
                              United States District Judge

# **ANEXO D**

**Propuesta de Resolución**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>                                    Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**UNA RESOLUCIÓN QUE DECLARA CON LUGAR A LA DÉCIMA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA LAS RECLAMACIONES DE BONOS DUPLICADAS, DEFICIENTES Y CONTRA EL DEUDOR INCORRECTO**

En virtud de *la Décima Objeción Colectiva (no sustantiva) a las Reclamaciones de Bonos Duplicadas, Deficientes y contra el Deudor Incorrecto* ("Décima Objeción Colectiva")[2] presentada por la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), de fecha 4 de diciembre de 2018, para que se dicte una resolución que desestime por completo determinadas reclamaciones presentadas en contra de COFINA, como se explica con mayor detalle en la Décima Objeción Colectiva y los anexos que la respaldan; y que el Tribunal posee

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] Los términos con mayúscula que no se definen de otro modo en la presente tendrán los significados que se les atribuye en la Décima Objeción Colectiva.

jurisdicción para considerar la Décima Objeción Colectiva y conceder el remedio allí solicitado, de conformidad con la Sección 306(a) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA")[3]; y la jurisdicción es la adecuada de conformidad con la Sección 307(a) de PROMESA; y considerando que se ha dado notificación debida y adecuada de la Décima Objeción Colectiva a las partes que se identifican en la misma, y que no se requiere ninguna otra notificación adicional; y que cada una de las reclamaciones identificadas en la columna titulada "Formuladas" en el Anexo A a la Décima Objeción Colectiva es, en parte, (a) un duplicado de una Evidencia de Reclamación Maestra; (b) deficiente, al no cumplir con las reglas aplicables y las Resoluciones que establecen Fechas Límite, y específicamente, por no proporcionar un fundamento para una parte de la reclamación; y (c) presentada en el caso incorrecto, en la medida en que una parte de la reclamación esté correctamente formulada, en su caso, contra el/los deudor(es) del Caso iniciado al amparo del Título III, identificada en la columna titulada "Corregido" en el Anexo A; y habiendo determinado el Tribunal que el remedio solicitado en la Décima Objeción Colectiva es beneficioso para COFINA, sus acreedores y todas las partes interesadas; y habiendo determinado el Tribunal que los fundamentos jurídicos y fácticos expuestos en la Décima Objeción Colectiva constituyen una justa causa para el remedio que aquí se concede; y tras debida deliberación y causa suficiente para ello, se

DECLARA HA LUGAR la Décima Objeción Colectiva tal como aquí se expone; además, se

DISPONE que, en la medida en que las reclamaciones identificadas en la columna titulada "Formuladas" en el Anexo A a la Décima Objeción Colectiva establecen una obligación asociada

---

[3] PROMESA está codificada en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

a uno o más bonos municipales emitidos por COFINA, dicha parte de la reclamación quede por este medio desestimada; y además se

DISPONE que, en la medida en que las reclamaciones identificadas en la columna titulada "Formuladas" en el Anexo A a la Décima Objeción Colectiva establezcan una obligación asociada a fondos de inversión y/o bonos no emitidos por COFINA ni por ninguno de los otros Deudores, dicha parte de la reclamación quede por este medio desestimada; y además se

DISPONE que, en la medida en que las reclamaciones identificadas en la columna titulada "Formuladas" en el Anexo A a la Décima Objeción Colectiva establezcan una obligación asociada a uno o más fondos municipales emitidos por uno o más de los Deudores que no sean COFINA, dicha parte de la reclamación quede por este medio reclasificada como una reclamación formulada contra el o los deudores del Caso iniciado al amparo del Título III indicadas en la columna titulada "Corregido" en el Anexo A; y asimismo se

DISPONE hacer reserva del derecho de los Deudores a objetar las Reclamaciones Reclasificadas, y asimismo se

DISPONE que Prime Clerk está autorizado y se le ordena que, en el registro oficial de reclamaciones en los casos iniciados al amparo de la ley PROMESA, mueva las partes de las reclamaciones de la columna "Formuladas" en el Anexo A a la Décima Objeción Colectiva en el proceso de COFINA al amparo del Título III (Caso de quiebra No. 17 BK 3284-LTS) (Últimos cuatro dígitos del ID del Impuesto Federal: 8474) al proceso iniciado al amparo del Título III correspondiente al (a los) deudor(es) identificado(s) en la Columna "Corregido" en el Anexo A a la Décima Objeción Colectiva; y asimismo se

3

DISPONE que este Tribunal mantendrá la jurisdicción para entender y dirimir todas las cuestiones que surjan o estén relacionadas con la aplicación, interpretación o ejecución de esta Resolución.

Fecha: _____

                                                   Honorable Jueza Laura Taylor Swain
                                                   Jueza de Distrito de los Estados Unidos