UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER DENYING MOTION IN RECONSIDERATION OF JUDGMENT
ARISING FROM CORRESPONDENCE RECEIVED BY THE COURT
ON AUGUST 27, 2018, AND OTHER RELIEFS (DOCKET ENTRY NO. 4362)

The Court has received and carefully considered the *Motion in Reconsideration of Judgment (Doc. 3952) Arising from Correspondence Received by the Court on August 27, 2018, and Other Reliefs* (Docket Entry No. 4362 in Case No. 17-3283, the "Motion") filed by Mr. Javier Mandry-Mercado (the "Movant") on November 21, 2018. Movant seeks reconsideration of the Court's *Order Regarding Joint Status Report (Docket Entry No. 3948)* (Docket Entry No. 3952, the "Order"), which denied all relief sought by Movant in his correspondence to the Court dated August 27, 2018. (Ord. at 1.) Additionally, Movant requests a "judgment regarding the

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

determination of and certification of [a] class of those affected by the automatic stay," as well as damages and costs pursuant to Federal Rule of Civil Procedure 23, assignment of class counsel, and "severe sanctions" pursuant to Federal Rule of Civil Procedure 11 against Ms. María E. Vicens Rivera. (Mot. at 19-20.) For the following reasons, the Motion is denied.

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, a motion seeking the reconsideration of a judgment or order is considered either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). See Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323-24 (D.P.R. 2005); In re Pabon Rodriguez, 233 B.R. 212, 219 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001). "[A] motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." In re Pabon Rodriguez, 233 B.R. at 220; see also Villanueva-Mendez, 360 F. Supp. at 324 ("[I]n interest of finality, at least at the district court level, motions for reconsideration should be granted sparingly because parties should not be free to relitigate issues a court has already decided."). However, a district court may grant a party's motion for reconsideration in three situations: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Villanueva-Mendez, 360 F. Supp. at 324.

Here, Movant has not demonstrated that any of the above factors warrant the relief requested in the Motion. Movant does not proffer any newly discovered, relevant evidence justifying reconsideration, nor does Movant cite to any changes in controlling law. Furthermore, the Court has repeatedly and thoroughly considered the issues raised by Movant in the present

Motion as well as in prior filings. See Docket Entry Nos. 712 and 844 in Case No. 17-3283. Movant has not identified any facts overlooked by this Court nor identified any law that was not previously examined by this Court. The Motion is therefore denied.

This Order resolves Docket Entry No. 4362 in Case No. 17-3283.

SO ORDERED.

Dated: December 7, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:

    Javier Mandry-Mercado
    3092 Ave Fagot
    Ponce, PR  00716