UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**In re:**

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of | PROMESA TITLE III Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, et al., Debtors[1] | |

REQUEST FOR PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIM OF POST-PETITION LEASE PAYMENTS

TO THE UNITED STATES DISTRICT COURT JUDGE
THE HONORABLE LAURA TAYLOR SWAIN:

**COMES NOW**, creditor, landlord and administrative expense claimant, Mr. Arcadio Bigio Romero, (Mr. Bigio) through the undersigned counsel, to move the Court for an order directing the Commonwealth of Puerto Rico to pay the priority administrative expense claim in the amount of $62,662.00 for the post-petition use and occupation of the of the commercial real property located at 1994 Emiliano Poll Ave., Borinquen Gardens, Rio Piedras under the terms of an unexpired non-residential lease.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The facts and legal grounds to support this request are herein stated.

## JURISDICTION

1. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a), of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

2. Venue is proper under section 307(a), of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

3. The Court has jurisdiction under section 365 and 503 of Title 11 of the United States Code, applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

## FACTUAL BACKGROUND

1. Landlord and administrative claimant, Mr. Arcadio Bigio Romero is 85 years and married to Eva Luz Agosto Falcon. They are owners of a commercial realty located at 1994 Emiliano Poll Ave., Borinquen Gardens, Rio Piedras.

2. On July 8, 2015, Mr. Bigio and his wife executed a commercial lease agreement with the Commonwealth of Puerto Rico, through the Puerto Rico State Election Commission, for the lease of the property for a five (5) year term to expire on June 30, 2020. This

2

commercial property has an access ramp and fifteen (15) parking spaces also included in the unexpired lease agreement which accrues a monthly payment of $3,298.00. [2]

3. The Commonwealth of Puerto Rico, through the Puerto Rico State Election Commission, operates a Permanent Registration Board for the San Juan 5 and 5A areas at the leased location. This Permanent Registration Board provides services to registered and unregistered voters as required under the Puerto Rico State Election Commission Law and also issues digital certifications from many Puerto Rico Government Agencies; these services are essential to Commonwealth citizens. The Commission's web page itemizes the locations of the Permanent Registration Boards and identifies the ones that provide the digital certifications.

4. After the date of the filing of the Commonwealth of Puerto Rico's Title III case, the Puerto Rico State Election Commission has continued to use and occupy the premises for the Permanent Registration Board located on Mr. Bigio's property. The Commission has benefited from the use of the location without complying with any post- Title III proceeding monthly lease payments. As of this date, the post-petition amount accrued totals $62,662.00 encompassing eighteen (18) months from June 2017 to December 2018.

5. The total amount due is claimed by the landlord as priority administrative expense under the provisions of sections 365 (d)(3) and 507(a) (2) of the Bankruptcy Code as applicable to Title III proceedings under section 301 of PROMESA.

---

[2] This unexpired non-residential lease agreement is registered at the Office of the Comptroller of Puerto Rico under number 2016-000018.

3

## **LEGAL ARGUMENTS**

6. The unexpired lease contract executed between Mr. Bigio and the Commonwealth of Puerto Rico through the Puerto Rico State Election Commission mandates monthly rental payments in the amount of $3298.00.

7. Compliance with lease payments is mandatory under the provisions of section 365(d)(3) of the Bankruptcy Code. The statute requires the trustee to "timely perform all the obligations of the debtor, except those specified in section 365 (b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503 (b) (1) of this title."

8. The provision also specifies "the court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's right under such lease or under this title."

9. Due to the extensive list of properties rented by the Commonwealth, this Title III Debtor requested and obtained an extension beyond the 120-day term afforded to Debtor under section 365(b)(4)(A). The Order entered at CM/ECF number 1875 on November 29, 2018 extends the period to assume or reject, as to Mr. Bigio's property and unexpired lease, the extension expires on January 1, 2019.

4

10. Although there is an extension to assume or reject under section 365(b)(4)(A), there is no extension as to compliance under the terms of Mr. Bigio's unexpired non-residential real property lease. The monthly payments are payable on the due date according to the terms of the unexpired Agreement.

11. Since the 60 days established under subsection 365(d)(3) have expired, and no extension was requested nor proposed, the Title III Debtor must perform under the unexpired Agreement. The Debtor is statutorily compelled to continued performance under a lease until it is assumed or rejected. *Liona Corp. v. PCH Assocs., 804 F.2d 193, 199 (2d Cir.1986); Authentic Hansom Cabs, Ltd. v. Nisselson, 300 B.R. 843, 849 n. 4 (Bankr.S.D.N.Y.2003)*.

12. On this point, the Norton Bankruptcy Law and Practice Treatise specifies on section 365(d)(3): "This section mandates that the trustee or debtor-in-possession to timely perform all obligations arising after the order for relief under any unexpired lease of nonresidential real property until the lease is either assumed or rejected. Failure of the trustee or debtor-in-possession to perform post-petition obligations entitles the lessor to a post-petition administrative claim." *Norton Bankruptcy Law and Practice 2017 § 46:42*

13. In the case of *In re C.Q., LLC, 343 BR 915 (Bankr. W.D.WI 2005)*, the Court acknowledged the Congressional intent of subsection 365(d)(3) as an intent to ensure that lessors not be forced to extend credit to an estate during the time given for assumption or rejection of the lease. A lessor need not become an "involuntary extender of unsecured credit." **Tenants in bankruptcy must pay their lease obligations on time.** (Our emphasis).

5

14. The case of *CQ, LLC. (supra),* is progeny of In *Appletree Markets Inc. 139 BR 417, 418-21 (Bankr. SD Tex. 1992).* In *Appletree, (supra),* the Court held that under section 365(d)(3), a debtor-tenant under an unexpired nonresidential real property lease must pay rent payments during the post-petition period, prior to the assumption or rejection of the lease. Appletree and its progeny recognize accrued post-petition rent as an administrative expense.

15. The requirements of section 503(b)(1)(A) to obtain an administrative expense classification **are abrogated** by section 365(d)(3). (Our emphasis). The statute commands the trustee, or Debtor to timely perform all obligations that arise after the order for relief under any unexpired, nonresidential lease, until such lease is assumed or rejected, and gives lessors a claim classified as an administrative expense claim for such post-petition, pre-rejection rent **without need to show any objective benefit to estate**. (Our emphasis). *In re Iron Age Corp., 378 B.R. 419 (Bankr. D. Mass. 2007).* At its core, the express language of section 365(d)(3) affords post-petition rent claimants with an administrative claim classification.

16. Section 503(b)(1) of the Bankruptcy Code provides that "there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . ." But many Courts have held that the interplay between sections 365(d)(3) and 503(b)(1)(A), leads to the interpretation that the "notwithstanding section 503(b)(1)" clause has eliminated the so-called "benefits test" applied by courts in determining whether an expense is necessary to preserve the estate. Therefore, the administrative rent claim

need not "reflect an objective benefit to the estate." *In re PYXSYS Corp., 288 B.R. 309, 312 (Bankr. D.Mass.2003.)*

17. In the case of, PYXSYS Corp., the Court reasoned that subsection 365(d)(3) alleviates the unique financial strains the Code placed upon the commercial lessor, namely that the lessor was formerly unable to collect rent from the debtor-tenant while at the same time prevented from taking any action to re-let the premises. The case also recognizes post-petition rent as an administrative expense.

18. Section 363(d)(3) statutorily requires the trustee to timely perform debtor's obligations under any unexpired, nonresidential real property lease, until the lease is assumed or rejected, gave commercial lessor an administrative expense claim for rent that accrued post-petition and prior to rejection of the lease, without need to show any actual and necessary benefit to estate. <u>*In re Schmitz, 293 B.R. 7, (Bankr. W.D. Mo. 2003)*</u>.

19. The Bankruptcy Appellate Panel for the 10th Circuit, resonated on this ruling and opined that the statute, section 365(d)(3), obligating trustee to timely perform payments arising under debtor's unexpired nonresidential leases, from the time that order for relief is entered until such time as the lease is assumed or rejected, gives lessors a priority claim similar to an administrative expense claim, **the difference being that lessors, as opposed to typical administrative expense claimants, are not required to establish value or prove benefit to the estate to establish the amount of their claims, but rather are entitled to current payment of amounts required under their leases.** (Our emphasis). <u>*In re Furr's Supermarkets, Inc., 283 B.R. 60 (B.A.P. 10th Cir. 2002)*</u>

7

20. There are several essential policies underlying the priority for administrative expenses: to encourage activities that will benefit the estate; to advance reorganization efforts which would be hampered by the necessity of advance payments for supplies of the estate; to compensate those injured by the estate; and to prevent unjust enrichment of the estate at the expense of its creditors." Nancy C. Dreher, Joan N. Feeny and Michael J. Stepan, Bankruptcy Law Manual, Volume 1, § 6.32 (5th ed. 2012-2).

21. Under that purview, the amount due on post-petition lease payments of a non-residential unexpired lease is claimed as a priority administrative expense under the provisions of section 365(d)(3), sections 503(b) and 507(a)(2) of the Bankruptcy Code.

22. The Court should be persuaded to conclude that the abrogation of the requirements of section 503(b)(1)(A) to obtain an administrative expense classification by section 365(d)(3), allows the landlord to by-pass section 503 requirements and jump into the classification of administrative expense and an allowed priority classification under section 507(a)(2) of the Bankruptcy Code.

23. Section 363(d)(3) renders the expenses accrued in the post-petition period are allowable administrative expense without the necessity of notice and hearing, as is ordinarily required by section 503(b). Therefore, proof of actual use and benefit is not required for unexpired commercial leases.

24. Even if 503 requirements were compulsory, the Permanent Registration Board provides services to registered and unregistered voters as required under the Puerto Rico State Election Commission Law and issues Certifications from many Puerto Rico

8

Government Agencies. Hence, the Title III Debtor has benefitted from operating from the premises, obtaining income and providing services to the Commonwealth citizens.

25. In the case at bar, the payment of post-petition rent of an unexpired lease is an operational cost for the Title III Debtor that allows the Commonwealth through the Puerto Rico State Election Commission to serve voters and citizens in compliance with statutory obligations.

26. Section 363(d)(3) renders the expenses accrued in the post-petition period are allowable administrative expense without the necessity of notice and hearing, as is ordinarily required by section 503(b). Therefore, proof of actual use and benefit is not required for unexpired commercial leases. The payment of the rent is an obligation that becomes due under the terms of the unexpired Agreement and immediately payable to the landlord, as a priority administrative expense.

**WHEREFORE,** creditor, landlord and administrative expense claimant, Mr. Arcadio Bigio Romero, respectfully prays for the Honorable Court to grant this request entering an Order directing the Commonwealth of Puerto Rico to pay this priority administrative expense claim in the amount of $62,662.00 for the post-petition use and occupation of the of the commercial real property at 1994 Emiliano Poll Ave., Borinquen Gardens, Rio Piedras under the terms of an unexpired non-residential lease.

## NOTICE OF HEARING

Creditor, landlord and administrative expense claimant, Mr. Arcadio Bigio Romero files this motion requesting payment of post-petition rent on a non-residential real property unexpired lease. **Objections** to this Pleading must be served to Maria Mercedes Figueroa y Morgade, Esq., within 14 calendar days. **The relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.**

## NOTICE OF SERVICE

Notice of this Motion shall be served via the CM/ECF system as allowed in Section II.I, and as described in Section II.D, to counsel for the Oversight Board; the Puerto Rico Fiscal Agency and Financial Advisory Authority; Creditors' Committee; Committee of Retirees, and to PREPA, the affected party, and to the US Trustee.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on November 30, 2018.

/S/ **Mª Mercedes Figueroa y Morgade**
MªMERCEDES FIGUEROA Y MORGADE
USDC-PR 207108
3415 Alejandrino Ave.,
Apt. 703,
Guaynabo, PR 00969-4856
Tel: 787-234-3981
**figueroaymorgadelaw@yahoo.com**

10