**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | * PROMESA |
| | * Title III |
| THE FINANCIAL OVERSIGHT AND | * |
| MANAGEMENT BOARD FOR PUERTO RICO, | * |
| | * |
| as representative of | * No. 17 BK 3283-LTS |
| | * |
| THE COMMONWEALTH OF PUERTO RICO, et al. | * (Jointly Administered) |
| | * |
| Debtors. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# URGENT MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE COURT:**

**COME NOW** jointly *Frente Unido de Policías Organizados* [United Front of Organized Police Officers] (FUPO, by its Spanish acronym) and *Concilio Nacional de Policías* [National Council of Police Officers] (CONAPOL, by its Spanish acronym), on their own behalf and on behalf of their members, through their undersigned legal counsel, and respectfully move the Court to issue an Order under 11 U.S.C. § 362 for relief from automatic stay, and in support of such motion, hereby state and pray:

**I. JURISDICTION AND VENUE**

1. The United States District Court has subject matter jurisdiction over this Matter under Section 306 (a) of the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA"): Sections 362 (d) and 553 of Title II of The United States Bankruptcy Code, applicable to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et. seq. and Rules 4001 and 9014 the Federal Rules of Bankruptcy Procedure.

2. Venue is proper under PROMESA section 307 (a).

## II. FACTUAL BACKGROUND

1. Both parties represented herein, *Frente Unido de Policías Organizados* and *Concilio Nacional de Policías*, are both nonprofit organizations created in accordance with the laws of the Government of the Commonwealth of Puerto Rico, their members are also officers of the Commonwealth of the Puerto Rico Police Bureau, and all are currently waiting for a cause of action before the Court of First Instance of Puerto Rico, Superior Court, San Juan Part, **Civil Case Number KAC 2007-4170 (508),** to be put into force and to follow its due course.

2. Under said cause of action, both organizations have presented claims on behalf of their members (even though it was not filed as a class-action lawsuit); therefore, all efforts will benefit all the members of the Police Department, including the retired ones, which could easily amount to thousands of policemen and police women of the Commonwealth of Puerto Rico.

3. The claim has been filed against the Commonwealth of Puerto Rico, the Puerto Rico Police Department and the Department of Justice, all instrumentalities represented before the court, to seek payment of a considerable sum of money pertaining to salaries, granted by law, that have not been paid by the Agency to the officers who have a rightful claim to these funds since October 1st, 2004 (See **Attachment I** and **Attachment II**, respectively); and the same is a noncore procedure at this Honorable Court.

4. The Complaint of reference and the Amended Complaint were filed on May 8, 2007 and May 24, 2007, respectively; that is, eleven (11) years ago, and the same has yet to be honored.

5. The Government of Puerto Rico itself acknowledged, back in 2009, that the debt does exist in the Superior Court of San Juan part documents (**see** Minutes **Attachment III**) and even ratified this in a recent release issued by the Office of the Governor, (**see Attachment IV**). The main reason provided by the state for not complying with the payment was insufficiency of funds in the budget.

6. It is of public and general knowledge that, on June 30, 2016, the *Puerto Rico Oversight Management and Economic Stability Act,* better known as PROMESA, was implemented in Puerto Rico.

7. Under PROMESA, on May 3, 2017, the Oversight Board filed a Bankruptcy Petition on behalf of the Government of Puerto Rico in the United States Bankruptcy Court for the District of Puerto Rico, Case Number 17-1578. As a result, pursuant to PROMESA, Sections 11 USC 362 (a) (1) and 11 USC 922 (a) (1) of the Federal Bankruptcy Code are applicable:

"*Section 362 (a) (1)-*

  *(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a);*

  *(3) of the Securities Investor Protection Act of 1970,* **operates as a stay***, applicable to all entities, of—*

  **(1) *the commencement or continuation,*** *including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced*

*before the commencement of the case under this title, or to **recover a claim against the debtor that arose before the commencement of the case under this title;***

*Section 922 (a) (1)—*

*(a) A petition filed under this chapter **operates as a stay,** in addition to the stay provided by section 362 of this title, applicable to all entities, of---*

*(1) the commencement or continuation, including the issuance or employment of process, of a judicial, **administrative**, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor…"*

Section 405 of PROMESA provides the following definition about what constitutes

the Government of Puerto Rico:

"*Government of Puerto Rico, in addition to the definition set forth in section 5 (11) of this Act, shall include—(1) the individuals, including the elected and appointed officials, directors, officers of and **employees acting in their official capacity on behalf of Government of Puerto Rico;** and (2) the Oversight Board, including directors and officers of and employees acting in their official capacity on behalf of the Oversight Board.*

8. In keeping with the foregoing, and our current laws, in view of the motion filed by representatives of the Government of Puerto Rico, on June 28, 2017, Honorable Judge Angel Pagan Ocasio, Courtroom 508 of the Superior Court, San Juan Part, ordered a stay of the proceedings in civil case KAC 2007-4170. (**Attachment V**).

9. Proceedings in said cause of action have been stayed to this date. However, recent events that have a direct impact on the cause of action involving claimants require the prompt consideration and intervention of this Honorable Court to prevent a *travesty of justice*.

10. We respectfully pray that this Honorable Court grant the movant relief on the following grounds.

11. On August 17, 2017, this Honorable Court issued a document entitled "*Second Amended Notice: Case Management and Administrative Procedures*". Said document, in section III, part Q, established the process set by the court for a party in interest to file a *Stay Relief Motion* to authorize the lifting of the automatic stay. Notwithstanding, the last paragraph of said section III, states the following:

    "*For the avoidance of doubt, nothing in this Paragraph III. Q shall prejudice the rights of a party to request the consideration of any Stay Relief Motion on an expedited basis, or the rights of the Debtors or any other party in interest to contest such request for expedited consideration,*"

12. Pursuant to the foregoing, we come before this Honorable Court and stated as follows:

    On October 30, 2018, the Financial Oversight & Management Board for Puerto Rico, commonly known as the "Oversight Board," issued an official communication entitled "Certified Fiscal Plan Information". *(See **Attachment VI**).* The document sets forth in eight (8) main points the benefits that according to this federal entity the Certified Fiscal Plan recently approved by them will contain. In what is relevant to us, the document states in point number (5), and we quote:

> "05   $122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant to pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)"

13. Furthermore, on October 31, 2018, the Governor of Puerto Rico, Ricardo Rossello Nevarez, issued a press release from the Governor's Office in La Fortaleza under the following title "*Gobernador Rosselló Nevárez announces commencement of process to pay wages owed to Police Officers.*" (**See** *Attachment IV*). In this official document, the Government of Puerto Rico lists several points that are of vital importance to our case:

    (a) A $122 million-dollar allocation to pay salary adjustments—these funds are managed by the Office of Management and Budget ("OMB");
    (b) They acknowledge that the debt dates back to 2004, and that ever since 2009, the Government of Puerto Rico has "acknowledged the debt in its financial statements for that year;" that since 2010 efforts have been made to inquire what was owed to the officers;
    (c) They acknowledge the need to review and update the records of the personnel involved; and
    (d) They established that the Government (the Department of Public Safety, the Office of Management and Budget, and the Puerto Rico Police Bureau) intends to commence the payment process in the month of December this year.

14. This expressions and facts directly affect the policies underlying the automatic stay favor giving the debtors a breathing spell in our particular case.

15. Understanding that it only remains to be resolve the third issue stated on paragraph 13(c), above: a pre-petition order of the Superior Court of First Instance.

16. In short, both of the entities involved, the Government of Puerto Rico and

the Financial Oversight & Management Board for Puerto Rico, have admitted: (i) that this <u>debt must be paid</u>; and that (ii) <u>the monies to begin the payment of this obligation are available</u>, keeping in mind that this claim began, initially, with the filing of the cause of action on May 8, 2007, under civil action number K AC2007- 4170. (**See Attachment I & Attachment II**, respectively).

17. Furthermore, on November 16, 2018 movants, in compliance with the Third Amended Notice, Case Management and Administrative Procedures to Further Revise Protocol for Stay Relief Motions, Docket 1512-1(Q) of the present case, notified the Financial Oversight and Management Board for Puerto Rico, through: Hermann Bauer, Ubaldo M Fernández Barrera, O'neill & Borges LLC, among others, of the intention of movants to request a lift of stay for the issues at hand. **See Attachment VII.** As of today, we have had no response.

### III.  PRAYER FOR RELIEF

1. Movants hereby seek a modification of the Stay imposed under **Section 362** of the Bankruptcy Code, in order to continue their civil action in the local courts of the Commonwealth of Puerto Rico, which are not bankruptcy matters and are governed by the laws of Puerto Rico.

2. Given this reality and the Government of Puerto Rico's intent to begin payment of the monies in question as early as the month of December 2018, <u>it is urgent and imperative that the Honorable Bankruptcy Court</u>

adopt this motion and lift the stay in Civil Case K AC2007-4170, so that the Honorable Court of First Instance can issue orders on the following issues, among others:

*(a)* Payment to Plaintiffs, the pertinent information and preliminary calculations having been done and delivered by the Department of Justice to the parties (**See Attachment V**); (beside the allocation of the monies to start paying over more than three past administrations, this preliminary calculations and method of pay is the only information needed for the resolution of this case with a as simple as a declaratory judgment by the Superior Court of first Instance, but the Department of Justice has not comply with such given order.

*(b)* The terms, form and manner in which the payments will be made to the Plaintiffs; and

*(c)* The applicable costs, expenses and attorneys' fees, and the manner and form in which these payments will be made.

3. The Honorable Bankruptcy Court can conclude, therefore, that in this case, given the aforementioned circumstances (the manifest intent of the Oversight Board and the manifest intent of the Government of Puerto Rico (represented by AAFAF) to begin paying their obligations, because the funds are available) the automatic stay should be lifted, by exception, to allow the proceedings before the local court to continue and guarantee that, with the available funds, the plaintiffs in this case (all public servants) will be paid first, taking in consideration as they filed their claim first and

have been waiting for justice to be done for over a decade now.

4. None of the above will create an undue burden to the debtor or interfere with the authorities and/or the tasks conferred upon the Oversight Board.

5. If the Stay is not lifted, it will allow the Government to begin a payment process, without any guarantees to the claimants involved in this case, which will be detrimental to these Plaintiffs, who have been fighting for justice to be done and claim their rights. Even though it is clear that all debts must be paid to the parties affected by the state's actions, under these particular circumstances, these Plaintiffs should be the first to receive payment. As the legal maxim says: "First in time, first in right."

### IV. GROUNDS TO MODIFY STAY

6. Pursuant to **11 U.S.C. § 362 (d)** a bankruptcy court may modify an automatic stay "*for cause*" to permit the liquidation of a claim in a different court in a pending action. <u>See</u> <u>In Re Murray Industries Inc.</u>, 121 B.R. 635, 636 (Bankr. M.D. Fla 1990). Although a creditor must make a prima facie case to justify relief from the stay, the Debtor has the ultimate burden of persuasion that "cause" for relief does exist under § 362 (d). *See* <u>In re. Anton</u>, 145 B.R. 767, 769 (Bankr. E.D.N.Y.1992).

7. Even though **Section 362 (d) 1** permits a "party in interest" to obtain relief from the Bankruptcy Code's automatic stay provision "for cause", **11 USC § 362 (d) (I)**, the statute does not define what constitutes "cause" so the Courts have identified a number of *factors* to be considered in making that determination, such as: (1) the harm to the party seeking relief from the

stay if the stay is not lifted (i.e. <u>Peerless Insurance Company v. Peerless Insurance Company</u>, 208 B.R. 313 (DRI 1997): (2) the harm to the debtor if the stay is lifted ( i.e., <u>In re: Annie's, Inc.</u>, 201 B.R. 29 (Bankr. R.I. 1996) (3) the interest of creditors; and (4) the effect on the fair and efficient administration of justice. See, <u>In re: Unanue-Casal</u>, 159 B.R. 90, 95, 96 (DPR 1993) aff'd, 23f 3d 395 (1stCir. 1994) (listing twelve factors) that should be analyzed in determining whether to grant relief from an automatic stay , namely: "(1) whether such relief would result in partial or complete issue resolution; (2) the lack of connection with, or interference with, the bankruptcy case; (3) whether another proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether a judgment claim arising from another action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) the interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) the impact of the stay on the parties and the balance of harms."

8. Notwithstanding, bankruptcy courts constantly modify stays to allow pending litigations to continue when, as in the movants' case, the stay relief

sought will promote judicial economy and result in savings for the litigants without undue prejudice to the state. See e.g. Tricare Rehabilitation Systems Inc., 181 B.R. 569 (Bankr. N.D. Ala. 1994); and In re Robbins, 964 F.2d 342 (4th Cir. 1992). To that effect in In re: Annie's Inc., supra, the court stated "[w]here neither prejudice to the bankruptcy estate, nor interference with the bankruptcy proceeding is demonstrated, the desire of a stayed party to proceed in another forum is sufficient cause to warrant lifting the automatic stay". See also in C.A.A.S.E. v. Puerto Rico Solid Waste Management Authority, 360 B.R.12 (Bankr. P.R. 2006).

9. Movant contends that *this case warrants relief from stay*, because: (a) the cause of action and filling of complaint occurred prepetition and the First Instance Court will result as the best forum for the complete resolution of such claim, without diverting the attention of debtor; (b) at the time of the stay, discovery had concluded, it was only a matter of allocating the monies and to establish the procedure to pay de debt; this last one won't affect the debtor's case since it won't interfere with the debtor's bankruptcy case; (c) the interest of judicial economy and expeditious resolution of litigation are best served if the lawsuit is allowed to continue; (d) by lifting the automatic stay, all the issues and causes of action set forth in the complaint, which are exclusively governed by the laws of the Commonwealth of Puerto Rico, will be resolved in their entirety, and it is a non-core issue; (e) the state court's resolution of the case will not interfere with the management of the PROMESA Title III case or prejudice the interest of other creditors because

the modification of the automatic stay sought is <u>limited to the extent necessary to enable the parties to obtain a final and well-organized judgment of how and to whom the monies should be allocated</u>, and the execution thereof will not interfere either because it's not claiming more damages, a budget had already been established for the results and distribution of the claim, and will set a prospective, fair and just procedure for this matter.

10. On the other hand, as a *time sensitive matter* if the stay is not lifted or modified, the movants would suffer irreparable harm, <u>as it has occurred on prior occasions with the government administrations</u>. In light of the precarious state of our government's finances, without the continuation of the civil case, the monies could simply be diverted to deal with other issues not related to the budget allocated to address the issues raised in the local state court cause of action in which relief from the stay is hereby sought.

11. We respectfully understand that the spirit and reasons that created PROMESA Title III in the present case have been fulfilled.

12. However, not lifting or modifying the stay could result in a subterfuge for the government to comply with local state court's orders, that for sure will end this bankruptcy case issue now.

13. Consequently, we respectfully pray that the Honorable Bankruptcy Court, after analyzing the aforementioned grounds, order the automatic stay applied to civil case number **K AC2007-4170, Frente Unido de Policías,**

**et als. v. Estado Libre Asociado, et als**, to be lifted and allow the Honorable Court of First Instance to hold an **urgent hearing** to rule on pending matters in this case, in light of recent events and the manifest intent of the Government of the Commonwealth of Puerto Rico.

**WHEREFORE**, we hereby pray that this Honorable Court take notice of the aforementioned, and GRANT the instant Motion, ordering proceedings in the instant case to continue, along with any other ruling pertinent under the law.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants. Moreover, the foregoing motion has also been served on the other parties in this case at the following addresses: Lcdo. Manuel Díaz Lugo, Departamento de Justicia, PO Box 9020192, San Juan, Puerto Rico 00902-0192, madiaz@justicia.pr.gov ; Attn: Hermann Bauer; Hermann.Bauer@oneillborges.com Attn: Ubaldo M Fernández Barrera; ubaldo.fernadez@oneillborges.com O'neill & Borges LLC 250 Munoz Rivera Ave., Suite 800 San Juan, PR 00918-1813 Attn: Diana M. Pérez; dperez@omm.com Attn: Andres W. López; andres@awllaw.com.

In San Juan, Puerto Rico, on December 12, 2018.

s/ **Edgard Lebrón**
Edgard Lebrón Landrau, Esq.
FUPO/CONAPOL
USDC NO. 231201
Mansiones de San Martín Suite 17
San Juan, PR 00924-4586 Tel. 787-469-8786

Fax: 787-776-2343
Email: edgardlebron23@gmail.com