[CERTIFIED TRANSLATION]

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, SAN JUAN PART**

| | |
|---|---|
| **UNITED FRONT OF ORGANIZED POLICE OFFICERS OF PUERTO RICO, INC., (FUPO, by its Spanish acronym), ON ITS OWN BEHALF AND ON BEHALF OF ITS MEMBERS JOSÉ L. MANGUAL DÍAZ, ROBERTO FERREIRA GARCÍA, ROLANDO CRUZ PEREZ, WILFREDO ROSARIO MILAN, A, B, C AND D, ET AL.** <br><br> v. <br><br> **COMMONWEALTH OF PUERTO RICO, PUERTO RICO POLICE DEPARTMENT, PEDRO TOLEDO DAVILA, SUPERINTENDENT OF THE PUERTO RICO POLICE DEPARTMENT, IN HIS OFFICIAL CAPACITY, JOHN DOE, E, F, G, H, ET AL.** | **KAC** <br><br> **2007-4170** <br><br> **CIVIL NUMBER: 508** <br><br><br> RE: DECLARATORY JUDGMENT <br><br> CONSTITUTIONAL RIGHTS COLLECTION OF MONIES, CIVIL RIGHTS, SPECIAL LAWS, DAMAGES |

[ink stamp: JUDICIAL CENTER OF SAN JUAN RECEIVED FILINGS 2007 MAY - 8 PM 1:55]

**COMPLAINT**

**TO THE HONORABLE COURT:**

Come now the plaintiffs, through their undersigned legal counsel, and very respectfully **STATE, ALLEGE AND PRAY**:

**I. JURISDICTION**

1. This is a civil action under **Rule 59** of the Rules of Civil Procedure of Puerto Rico, 32 L.P.R.A. App. III R. 59, which provides that the Court of First Instance shall have authority to declare rights, statuses and other legal relationships even if another remedy is filed or can be filed, when such rights, statuses or other legal relationships are affected by a statute, municipal ordinance, contract or franchise.

2. The relevant portions of the following legal provisions are hereby invoked: the Constitution of the United States of America; the Constitution of the Commonwealth of Puerto Rico; Act 53 of June 10, 1996, as amended, the Puerto Rico Police Department Act, 25 L.P.R.A. § 3111 and 3112, specifically the portions pertaining to the amendment made though Act Number 227 of August 23, 2004, the Puerto Rico Police Ranking System Act; Act Number 12 of August 8, 1974, as amended, the Puerto Rico Civil Rights Act; Act Number 184 of August 3, 2004, the Commonwealth of Puerto Rico Public Service Human Resources Administration Act; Act Number

170 of August 12, 1988, as amended, the Uniform Administrative Procedures Act, 3 L.P.R.A. § 2173; and the Civil Code of Puerto Rico, Article 1802 (31 L.P.R.A. Section 5141).

## II. INTRODUCTION

1. The Statement of Purpose of the Puerto Rico Police Department Act, supra, clearly states two things: 1) it acknowledges the work performed by the members of the police force; and 2) the need to create a new enabling act that will meet the needs and the reality of our police force:

   **"The Government of Puerto Rico, through the *Mano Dura contra el Crimen* [Firm Hand against Crime] Program, implemented mainly by the Puerto Rico Police Department, has made significant achievements in the fight against crime over the past three (3) years. The People of Puerto Rico are thankful for the genuine efforts made by the police force and have rewarded the members of the force with the support and respect that they deserve…**

   **Never before in history had the Puerto Rico Police Department faced challenges as significant as the ones that it has faced in the past ten years. Due to the constant increase in crimes year after year, up until a few years ago, our people seemed to lose hope…**

   **Despite the aforementioned achievements, and other achievements, a new law needs to be enacted for the Puerto Rico Police Department to meet current and future operational and administrate needs…**

   **To that effect, this piece of legislation seeks to make the operational structure of the Police Department uniform, so that it can be managed, and its resources can be used, more efficiently…"**

2. Article 12 of the Puerto Rico Police Department Act clearly establishes every aspect of the composition and uniformity of the Ranking System to be applied to the Force. Pursuant to this, the members of the system, within the police force, would hold the following ranks: Cadet; Police Officer; Sergeant; Second Lieutenant; First Lieutenant; Capitan; Inspector, Commander; Lieutenant Colonel; and Colonel.

3. Moreover, Article 13 of Act No. 53 of 1996, of reference, established the monthly compensation scales that would apply to each of the ranks in the Puerto Rico Police Department, effective July 1st 1996.

4. The social conditions and reality revolving around the crime rate in Puerto Rico that were acknowledged in Act Number 53 of June 10, 1996, have eroded considerably. Nonetheless, pragmatically, it must be admitted that the members of the police force continue to perform duties

that involve great responsibility, aimed at providing protection to citizens and properties, always maintaining public order, preventing and pursuing crime and its perpetrators.

5. That lawmakers, acknowledging that the duties and responsibilities of these officers are fully executed by an excellent team of public servants who, day after day, take on with commendable bravery and a great sense of duty, the risks and difficulties attached to their profession, and in order to give them the recognition that they deserve, amended Act Number 227 of 2004, Article 12, paragraph (a) of Act No. 53 of 1996, to read as follows:

"Article 1.- Paragraph (a) of Article 12 of Act No. 53 of June 10, 1996, as amended, is amended to read as follows:

"(a) This Act shall be known as the "Pay Increase for Members of the Puerto Rico Police Department Rank System Act."
As of October 1st 2004, the compensation scales of the members of the Police Department shall be the following:

MONTHLY COMPENSATION SCALES FOR RANKS OF MEMBERS OF THE PUERTO RICO POLICE DEPARTMENT

| Category | Basic | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | Max. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CADET | 1718 | 1744 | | | | | | | | | | | 1770 |
| OFFICER | 2100 | 2132 | 2163 | 2196 | 2229 | 2262 | 2296 | 2331 | 2366 | 2401 | 2437 | 2474 | 2511 |
| SERGEANT | 2182 | 2215 | 2248 | 2282 | 2316 | 2351 | 2386 | 2422 | 2458 | 2495 | 2532 | 2570 | 2609 |
| SECOND LIEUTENANT | 2264 | 2316 | 2369 | 2424 2480* | 2537 | 2595 | 2655 | | | | | | 2716 |
| FIRST LIEUTENANT | 2379 | 2434 | 2490 | 2547 | 2606 | 2665 | 2727 | 2789 | | | | | 2854 |
| CAPTAIN | 2590 | 2668 | 2748 | 2830 | 2915 | 3003 | 3093 | 3185 | | | | | 3281 |
| INSPECTOR | 2650 | 2730 | 2811 | 2896 | 2983 | 3072 | 3164 | 3259 | | | | | 3357 |
| COMMANDER | 2753 | 2836 | 2921 | 3008 | 3099 | 3191 | 3287 | 3386 | | | | | 3487 |
| LIEUTENANT COLONEL | 2929 | 3017 | 3107 | 3201 | 3297 | 3396 | 3497 | 3602 | | | | | 3710 |
| COLONEL | 3143 | 3237 | 3334 | 3434 | 3537 | 3644 | 3753 | 3865 | | | | | 3981 |

* Editor's Note: Error in table approved and published. The second number 2480 duplicated in column 3 of Second Lieutenant should belong to column 4 and the following salaries of that category must be moved one column until column 7 is completed.

SCALE ON MAXIMUM RATE / RATES OVER MAXIMUM

| Category | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CADET | 1796 | 1851 | 1879 | | | | | | | | | | |
| OFFICER | 2548 | 2587 | 2625 | 2665 | 2705 | 2745 | 2787 | 2828 | 2871 | 2914 | 2958 | 3002 | 3047 |
| SERGEANT | 2648 | 2688 | 2728 | 2769 | 2810 | 2853 | 2895 | 2939 | 2983 | 3026 | 3073 | 3119 | 3166 |
| SECOND LIEUTENANT | 2778 | 2842 | 2907 | 2974 | 3043 | 3113 | 3184 | 3258 | 3332 | | | | |
| FIRST LIEUTENANT | 2919 | 2986 | 3055 | 3125 | 3197 | 3271 | 3346 | 3423 | 3502 | | | | |
| CAPTAIN | 3379 | 3481 | 3585 | 3693 | 3804 | 3918 | 4035 | 4156 | 4281 | | | | |
| INSPECTOR | 3458 | 3561 | 3668 | 3778 | 3892 | 4008 | 4129 | 4252 | 4380 | | | | |
| COMMANDER | 3592 | 3700 | 3811 | 3925 | 4043 | 4164 | 4289 | 4418 | 4550 | | | | |
| LIEUTENANT COLONEL | 3822 | 3936 | 4054 | 4176 | 4301 | 4430 | 4563 | 4700 | 4841 | | | | |
| COLONEL | 4101 | 4224 | 4351 | 4481 | 4616 | 4754 | 4897 | 5004 | 5195 | | | | |

6. Article 12, paragraph (c), of the Agency's enabling act, categorically prohibits the creation of "any

rank, classification or specialized classification for members of the Police Department other than those laid down herein." Furthermore, paragraph (b) of the same Article provides that:

"(b) The Puerto Rico Police Department shall be based on a unified organization system in which the Superintendent shall determine how to make the best possible use of its human resources, pursuant to the provisions of Article 5, paragraph (d) of this Act."

7. Act 227, supra, increased to two thousand dollars ($2,100.00) [sic] monthly the basic pay rate on the salary scale for the rank of Police Officer and, in turn, granted an increase of two-hundred and twenty-five dollars ($225.00) to members of the Force, starting with the Rank of Police Officer, effective October 1st 2004. Furthermore, the Act increased by one hundred dollars ($100.00), effective October 1st 2005, the base pay rate of Police Officers on the salary scale, increasing such rate to two thousand two hundred dollars ($2,200.00) monthly, starting on the aforementioned date. Furthermore, as of October 1st 2005, all active members of the Police Ranking System shall receive a raise of one hundred dollars ($100.00), starting at the rank of Police Officer.

8. Immediately note that although the Puerto Rico Police Department is statutorily structured as a Unified Organizational System entity, based on a Ranking System, and despite a categorical prohibition on "the creation of any rank, classification or specialized classification for members of the Police Department other than those laid down" in the governing act of the Police Force, the "new" law granting increases in the salary scale excluded from such increases the Rank of Cadet, which resulted in the creation of a Ranking System different from the one established in the agency's Enabling Act, destabilizing the Unified System that had been established previously.

9. That despite the powers, authority and duties vested in the Superintendent by the very letter of Act No. 53 of 1996, supra, specifically Articles 5 and 6; despite the regulations on salary compensation established in Act Number 184 of August 3, 2004, supra; and despite the fact that he has been asked to apply these increases, the Superintendent has failed to make any efforts or carry out any

initiatives whatsoever aimed at applying with full force and effect the provisions of Act No. 227 of 2004, supra.

### III. CONCEPTUAL FRAMEWORK OF THIS CIVIL ACTION

1. In this Complaint on Declaratory Judgment, the Plaintiffs invoke the Jurisdiction of this Honorable Court in relation to a dispute about the rights not granted to the Rank of Cadet, which was granted to the other components of the Ranking System. Furthermore, the Plaintiffs move the Court to intervene with regard to the interpretation and/or validity of Act No. 227 of 2004, supra, based on the certainty that this dispute will thereby be resolved; any uncertainty will be cleared up; and the rights of the members of the Police Force who were, or may be, affected will be vindicated.

2. That it must be made absolutely clear that the Police Superintendent's failure to abide by, and implement or apply, Act No. 227 of 2004, supra, a law that was to take effect immediately and for which the lawmakers had taken into consideration its budgetary impact (it is estimated that as of October 1st 2004, the final impact of the pay raise in question would be of forty-three million six hundred and ninety-five thousand two hundred and four dollars ($43,695,204.00), in addition to an additional impact of three million eight hundred and fifty-five thousand eight hundred and four dollars ($3,855,804.00) from the horizontal movement reflected on the scales) creates an imminent, palpable and actual injury to the members of the Police Force of our country, who are being affected by these acts or omissions.

3. That the Plaintiffs hereby resort to this Court to seek protection on the grounds that the Uniform Administrative Procedures Act, supra, better known as the L.P.A.U. by its Spanish acronym, provides in Article 4.3, that:

"**Section 4.3 Review – Exhaustion of Administrative Remedies; Exemption (3 L.P.R.A. Section 2173)**

The court may exempt a petitioner from having to exhaust any or all administrative remedies provided, in the event that the remedy is inadequate; or requiring its exhaustion would cause irreparable harm to the movant and in the balance of interests exhausting such remedies is not

justified; or when there is an allegation of substantial violation of constitutional rights; or when it is useless to exhaust the administrative remedies as this would cause an excessive delay in the proceedings; or when the agency clearly lacks jurisdiction; or when the matter is strictly a question of law and administrative expertise is unnecessary."

It has also been provided repeatedly, both by law and by case law, that administrative remedies do not need to be exhausted when dealing with a violation of civil rights and an injury of evident intensity to constitutional and statutory rights, warranting urgent redress.

In cases where exercising the administrative procedure constitutes a futile, useless, inappropriate and ineffective effort, such as in the instant case, the exhaustion of administrative remedies must be circumvented and the Court must intervene in a timely fashion to prevent the existence and continuity of imminent, material, substantial and actual, not hypothetical or speculative, harm from being caused and/or prolonged.

IV. **PLAINTIFFS' STANDING**

1. The United Front of Organized Police Officers, Inc. (hereinafter F.U.P.O., by its Spanish acronym) is a Non-Profit Corporation created in accordance with the Puerto Rico Corporations Act, whose functions are set forth in its Certificate of Incorporation. Among these essential duties is the duty to protect the interests of the members that it represents in this cause of action (See Attachment I and II, pages 14 and 15). F.U.P.O. appears herein on its own behalf and on behalf of its members in good standing, who are listed in Attachment II.

2. A and B represent the plaintiffs who as individuals have, or claim to have, an interest that may be affected by the decision to be issued by the Court in due course. All their names will be notified opportunely.

3. C and D represent the plaintiffs who as individuals, as of the filing of this cause of action, are outside of the agency, due to retirement, disciplinary action, or any other reason, and who, as

individuals have, or claim to have, an interest that may be affected by the decision to be issued by the Court in due course. Their names will be notified opportunely.

V. **DEFENDANTS**

1. The Commonwealth of Puerto Rico is the legal entity liable for the acts or omissions and unlawful, unconstitutional, negligent and/or fraudulent activities of the political entity that preceded it, and of its instrumentalities, divisions, departments, public employees and officers, such as the Puerto Rico Police Department sued herein.

2. Mr. Pedro Toledo Dávila, Superintendent of the Puerto Rico Police Department, sued herein in his official capacity, as the person directly in charge of directing and managing the Agency in question and the Governor of Puerto Rico, as the person with supreme authority over the direction of the Puerto Rico Police Department.

VI. **UNLAWFUL AND UNCONSTITUTIONAL PRACTICES AGAINST THE PLAINTIFFS**

1. The defendants infringed upon, and interfered with, the constitutional and statutory rights laid down, both in the Constitution of the United States of America and in the Constitution of the Commonwealth of Puerto Rico and in the laws and regulations mentioned above and/or applicable to the facts of this case.

2. The defendants violated, and continue to violate, the plaintiffs' rights by not complying with Act 227 of 2004, by not pointing out its contrapositions with Act 53 of 1996, with the Unified Organizational System and the Ranking System, and by refusing to process the demands for payment, with clearly unlawful intent, breaching and violating willfully and intentionally, the essential areas of the Merit Principle (Act 184 of 2004, supra), and the Compensation System laid down and acknowledged therein.

3. In short, the defendants are violating the rights of the plaintiffs herein by not honoring and/or granting the salary increases ordered, or that should have been ordered, in accordance with Act 227

of 2004, supra, which constitute a proprietary interest duly vested by law.

4. That the lawmakers' omission, upon excluding from the statute any member of the Ranking System, constitutes a violation of the Equal Protection of the Laws Clause, Article II, Section 7 of the Constitution of the Commonwealth of Puerto Rico; and further constitutes a violation of the plaintiffs' right to receive Equal Pay for Equal Work, pursuant to the provisions of Article II, Section 16 of our Constitution, a matter that must be revendicated judicially.

5. It must be pointed out that the fact that Act 227 of 2004, supra, starts the monthly compensation scale for the police ranking system with the rank of police officer undoubtedly constitutes a violation of the Equal Protection of the Laws clause, because both ranks are affected; because the Cadet rank was not included in the scale, and the Police Officer rank was placed on a lower scale, which was the position meant for Cadets, subsequently placing the other ranks of the system in increasing order on the scale. This factually and logically affects acquired rights.

6. All the members that constitute the Ranking System of the Puerto Rico Police Department that were, or may be, the object of compensation starting on the effective date of Act 227 of 2004, supra, whether based on merit steps and/or supplemental payments or any other, are affected by this incorrect placement on the promotion ladder.

7. That the damages that this cause of action deals with are ongoing and successive, reoccurring month after month. That given the fact that these are consecutive increases in different periods of time, the damages suffered by the plaintiffs are clear and imminent, material and substantial, not hypothetical or speculative.

8. That because this claim involves the exclusion, by legal provision, of the rank of Cadet, which had the right to have been included, as the first rank or category in the Ranking System in question, such omission, intentional or negligent, cannot be resolved or cured by the Superintendent. Therefore,

the Agency lacks jurisdiction to hear this dispute. Any interpretation of the statute to determine whether it is correct or unconstitutional, if at all, is strictly incumbent on the Courts. Therefore, administrative expertise is even less required. However, it is important to point out that asking lawmakers to correct this statute would be incumbent on the Superintendent as part of what would be an efficient administration. But his performance is far from this as he fails to take administratively correct actions compatible with what a Head of Agency should have detected, foreseen and requested in this case, that is, to quickly ask the Legislature to correct this omission in the statute.

9. That the Superintendent's failure to take action and ask the Legislature to correct the rule (Act 227 of 2004, supra) so that it could be applied correctly, constitutes a violation of the plaintiffs' civil rights and an ongoing infringement of patent intensity on their aforementioned constitutional and statutory rights.

10. That in order to revendicate a substantial violation of constitutional and civil rights, the administrative course is futile, useless, inefficient and provides no guarantee that any adequate remedy whatsoever will be obtained. Therefore, in view of the fact that an unreasonable and extreme delay was caused by the Superintendent when he circumvented and ignored the request to correct this Act, it is now incumbent on this Honorable Court to enforce the rights of the members of the Puerto Rico Police Department Ranking System.

11. That based on the aforementioned grounds, the plaintiffs did not resort to the Appeals Commission of the Human Resources System for Public Service of the Commonwealth of Puerto Rico to seek a remedy.

## VII. FIRST CAUSE OF ACTION: VIOLATIONS OF THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO AND OTHER STATUTES

1. All of the aforementioned allegations and all of the allegations made in subsequent causes of action are hereby reproduced.

2. The defendants have violated, through their acts and/or omissions and unissued directives, the Constitution of the Commonwealth of Puerto Rico; the Puerto Rico Civil Rights Act; the Puerto Rico Police Department Act, the Commonwealth of Puerto Rico Public Service Human Resources Management Act; the Uniform Administrative Procedures Act; the Police Ranking System Act and the Puerto Rico Police Department Personnel Regulations.

3. That because this case involves violations of a constitutional nature, the actions in question constitute an attack against the dignity of the men and women and career employees mainly in charge of, and responsible for, the safety of the people of Puerto Rico.

4. That the actions of the defendants unequivocally constitute a violation of the Equal Protection of the Laws Clause and clear and impermissible discrimination that is incompatible with the essential postulates of human equality (See Constitution of the Commonwealth of Puerto Rico, Article II, Sections 1 & 7).

5. That the defendants' actions impair vested rights that constitute property interests acquired by the plaintiffs through their work, their fundamental rights to life, liberty, property and due process of law, which are rights guaranteed under the Constitution of the Commonwealth of Puerto Rico, Article II, Section 7.

6. That the defendants' actions deprive the plaintiffs of their fundamental right to work, denying them the opportunity to find a job for fair pay, denying them promotions, promoting demotions, and hindering their full development and effective integration into the job market (See Constitution of the Commonwealth of Puerto Rico, Article II, Sections 7 & 19).

7. That the actions of the defendants deprive the plaintiffs of a democratic system of life fundamental in the Puerto Rican community; of their right to enjoy an adequate quality of life, guaranteeing for themselves and their families the health, wellbeing, food, clothes, dwelling, medical assistance and

social services required; of their right to social protection in the event of illness, old age or physical disability; and of their right to integral liberty (See Constitution of the Commonwealth of Puerto Rico, Preamble, Article I, Section I, Article II, Sections 19 & 20).

## VIII. SECOND CAUSE OF ACTION: ARTICLE 1802 OF THE CIVIL CODE OF PUERTO RICO

1. All of the aforementioned allegations are hereby reproduced, made a part of, and expressly incorporated into, this cause of action, and any and all related allegations contained in the subsequent causes of action are also made a part of, and incorporated into this cause of action.

2. The preamble of the Constitution of the Commonwealth of Puerto Rico states the collective purpose of organizing a society "on a fully democratic basis, to promote the general welfare and to secure for ourselves and our posterity the complete enjoyment of human rights…"

3. Article 1802 of the Civil Code of Puerto Rico provides that "any person who by their act or omission causes harm to another, by fault or negligence, is bound to compensate the other person for the harm caused. Any concurrent imprudence on the affected party's part does not exempt the person from liability, but does entail a reduction in the compensation." (31 L.P.R.A. 5141).

4. The defendants, through their agents, officers and employees, grossly and patently breached their categorical duty to observe, respect, guarantee and protect the human, constitutional and civil rights of all the plaintiffs, imposed by the legal provisions cited above in this cause of action. This, as they failed to effectively discharge their duties in relation to the raises provided by law and in relation to the optimal administration of the Compensation System applicable to the Puerto Rico Police Department.

5. The Puerto Rico Police Superintendent's failure to correct the error, pursuant to the provisions of Act 227 of 2004, is known by the defendants and forms part of a systematic pattern of denying

    members of the Police Force their salary rights, especially when these acts are demoralizing and affect the day-to-day performance of each of these employees, as well as their productivity and performance.

6. The damages suffered by the plaintiffs herein are the natural, probable and logical result of the negligent and culpable acts of the defendants; and these damages arise as a reasonable and ordinary consequence of these illegal practices on the part of the defendants and the violation of the rights described in the complaint.

7. The plaintiffs also challenge the constitutionality of any laws of the Commonwealth of Puerto Rico that establish requirements of notice, amount and immunity of the officers sued herein.

## IX. DAMAGES

1. All of the aforementioned allegations are hereby reproduced, made a part of, and expressly incorporated into, the following damages:

    a. Lost income caused by salaries not granted, due to exclusion from the scale or placement on a level other, or lower, than the pertinent level.

    b. The loss described above also represents a substantial reduction in economic and social growth, which in turn affects the percentage amount margin for the retirement pension.

    c. The plaintiffs also claim any compensation due for merit steps, supplemental payments and other fringe benefits related and quantified opportunely.

    d. Furthermore, they claim recurring and continuous emotional damages in an estimated amount of **FIVE MILLION DOLLARS ($5,000,000.00).**

## X. CLAIM OF EXPENSES, COSTS AND ATTORNEYS' FEES

1. The amounts claimed for expenses, costs and attorneys' fees shall be those set by the Honorable Court, pursuant to the regulations applicable to such cases.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs hereby pray that this Honorable Court **GRANT** this cause of action and consequently order the Cadet Rank to be included in the increases laid down in Act 227 of 2004, with the right to fully enjoy these; the pertinent adjustments to be made to the various levels of the Monthly Compensation Scale for Members of the Puerto Rico Police Ranking System; and that once these are made, the pertinent salary adjustments be made for the plaintiffs. The plaintiffs hereby further pray that the Court order payment of all the earnings and/or sums of money not received due to the failure to apply to the plaintiffs the provisions of Act 227 of August 23, 2004. Furthermore, the Plaintiffs hereby pray that this Honorable Court certify this lawsuit as a class action suit, if it finds that this action qualifies as such. In addition, the plaintiffs pray that in due course the Court order the damages claimed to be paid, the amounts of all the legal interest accrued on any amount ordered, and the payment of costs, expenses and attorney's fees, along with any other ruling or order that this Honorable Court may deem pertinent under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this *8th* of *May* 2007.

[Two (2), Twenty Dollar ($20.00) Commonwealth of Puerto Rico Treasury Department Internal Revenue Stamps.]
[Illegible numbers at bottom of stamps.]

[One (1), One Dollar ($1.00) Puerto Rico Bar Association Forensic Tax Stamp.]

[illegible signature]
**Mr. José F. Avilés Lamberty, Esq.**
Bar Association Number 8047
Mansiones de San Martín St. 17
San Juan, Puerto Rico 00924-4586
Tel. (787) 776-1358 / 406-9066

---

CERTIFICATION OF TRANSLATION

I, Carol G. Terry, a US-Court-Certified-Interpreter, Certificate No. 03-001, and translator with an MA in Translation from the University of Puerto Rico, do hereby certify that, to the best of my knowledge and abilities, the foregoing THIRTEEN (13) PAGES are a true and correct translation of the original document in Spanish.

_[signature]_
Carol G. Terry