# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** ) | **PROMESA** |
| ) | **Title III** |
| ) | |
| THE FINANCIAL OVERSIGHT AND ) | **No. 17 BK 3283-LTS** |
| MANAGEMENT BOARD FOR PUERTO RICO, ) | |
| ) | **(Jointly Administered)** |
| ) | |
| As a representative of ) | |
| ) | |
| THE COMMONWEALTH OF PUERTO RICO ) | Re: Dkt. No. 4370 |
| *et al.*, ) | |
| ) | |
| **Debtors.**[1] ) | **Hearing date:** December 19, 2018 at 9:30 a.m. |
| ) | (Atlantic Standard Time) |
| ) | |
| ) | |

## CERTIFICATION OF COUNSEL REGARDING FEE EXAMINER'S MOTION TO IMPOSE ADDITIONAL PRESUMUPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS SET FOR HEARING ON DECEMBER 19, 2018 AT 9:30 A.M. (AST)

I, Eyck O. Lugo, counsel to the Fee Examiner in the above-captioned cases, hereby

certify as follows:

1.    On November 27, 2018, the Fee Examiner filed the *Fee Examiner's Motion to*

*Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*or Other Sub-Retained Professional* [Dkt. No. 4370] (the "**Additional Presumptive Standards Motion**").

2.       With the Additional Presumptive Standards Motion, the Fee Examiner filed a draft *Order Imposing Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or Other Sub-Retained Professionals* attached as **Exhibit A** (the "**Proposed Additional Presumptive Standards Order**").

3.       Pursuant to the *Seventh Amended Notice, Case Management and Administrative Procedures* [Dkt. No. 4086-1], the deadline to object to the Presumptive Standards Motion was December 4, 2018 at 4:00 p.m., subsequently extended for some professionals until December 11, 2018 (the "**Objection Deadline**").

4.       Prior to the passage of the Objection Deadline, the Fee Examiner engaged in extensive discussions with many professionals with comments and suggestions for revisions to the Proposed Additional Presumptive Standards Order.

5.       As a result of those discussions, the Fee Examiner has revised the Proposed Additional Presumptive Standards Order prior to the Court's consideration of the Additional Presumptive Standards Motion.

6.       Attached hereto as **Exhibit A** is a revised Proposed Additional Presumptive Standards Order incorporating the revisions.

7.       Attached hereto as **Exhibit B** is a redline comparing the revised Proposed Additional Presumptive Standards Order against the original version submitted as Exhibit A to the Additional Presumptive Standards Motion.

8.      Other than as stated herein, no party has objected, formally or informally, to the

Presumptive Standards Motion, nor has any other party requested an extension of the Objection

Deadline.

**WHEREFORE,** the Fee Examiner respectfully requests that the Court enter the order

attached as **Exhibit A** at its earliest convenience.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing motion

with the Clerk of the Court using the CM/ECF system that will send notification of such filing to

all attorneys of record registered in the use of the CM/ECF system.

Dated this 12th day of December, 2018.

EDGE Legal Strategies, PSC


_s/Eyck O. Lugo_
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR  00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI  53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice* Approved)

*Counsel for the Fee Examiner*

19901842.1

3

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **In re** ) | **PROMESA** |
| ) | **Title III** |
| ) | |
| **THE FINANCIAL OVERSIGHT AND** ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** ) | |
| ) | **(Jointly Administered)** |
| as a representative of ) | |
| ) | |
| **THE COMMONWEALTH OF PUERTO RICO** ) | |
| ***et al.,*** ) | |
| ) | |
| **Debtors.**[1] ) | |
| ) | |

## ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS

Upon the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or other Sub-Retained Professionals* (the "**Motion**"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

under the circumstances, including that the relief sought in the Motion is supported by good

cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required;

and the Court having reviewed the Motion and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED**;

2.    The following additional presumptive standards, which the Fee Examiner has

represented embody standards generally and consistently applied since the outset of the review

process, shall continue to be applied in the review of fee applications filed in these Title III cases

after the entry of this Order:

a) Professionals seeking fees or expenses through the Title III fee process shall not submit reimbursement requests for any other firm's professional (legal, financial advisory, investment banking, or accounting) services, whether or not those services are characterized as expert witness or consultant fees.

1. If a professional's retention order or agreement allows for the sub-retention of other professionals, including expert witnesses, any such sub-retention occurring on or after the date of this Order shall be the subject of a notice certifying that the professional has the prior written consent of its client to retain the expert or consultant and disclosing the terms of the expert's or consultant's engagement. The Fee Examiner, the U.S. Trustee, the Debtor, the Financial Oversight and Management Board, or an official committee may object to the retention for any reason, including that the services to be provided are unnecessarily duplicative of another professional's services; and

2. Any sub-retained consultant or expert witness fees charged as expenses in another professional's fee application should be accompanied by all of the supporting information and data required of retained professionals; and

3. This presumption shall not apply to sub-retained professionals billing less than $50,000 in any four-month interim compensation period or $250,000 in the aggregate.

b) Hourly billing rate increases imposed by professionals submitting fees for Court approval shall be presumptively unreasonable unless:

1. The professional firm certifies that it has obtained the express written permission of its client for the rate increases on a timekeeper-by-timekeeper basis; and

2. The professional has filed a notice, at least 21-days prior to the implementation of such rate increases, informing the Court and public of the proposed rate adjustment on a timekeeper-by-timekeeper basis;[2] *provided however*, that professionals whose engagement contracts are with the Financial Oversight and Management Board or AAFAF, are a matter of public record, and contain an explicit mechanism (including timing and quantified limitations substantially consistent with the standards outlined in this Order) for the imposition of rate increases shall not be required to file such notice;[3] and

3. The rate increases do not exceed, for any individual timekeeper during any single calendar year:

   i. For any owner, director, partner, shareholder, special counsel, or senior counsel, five percent of the rates previously charged; or

   ii. For associates or non-owner professionals engaged in their field of practice for a period of 10 or fewer years:

      1. Seven percent of the rates previously charged as a result of the timekeeper's advancing seniority; and

      2. Five percent of the rates previously charged for any reason other than a timekeeper's advancing seniority.

4. These caps shall not apply to associates or non-owner timekeepers who are promoted to a position of owner, director, partner, shareholder, special counsel, or senior counsel provided that the rate increases are otherwise consistent with the rates charged by peers of similar skill and seniority within the timekeeper's organization working on these cases.

5. The term "rate increases" includes any increase in rates above those initially charged, whether denominated "step increases" or otherwise, but does not include fee adjustments made to "gross up" fees to offset the effect of any Commonwealth tax on professional fees not in existence at the commencement of a professional's engagement.[5]

---

[2] Notwithstanding this provision, for rate increases scheduled to take effect in January 2019, the required notice period shall be reduced to seven calendar days.
[3] If strict compliance with the notice requirements in this Order is not possible, professionals should disclose rate increases as soon as is practicable but *no later than* seven days after the increase is proposed.
[5] To the extent such a fee adjustment is necessary, professionals should calculate the adjustments as a single line item addition to total fees requested. No adjustments to timekeeper hourly billing rates, rates (other than those

c) The Fee Examiner, Debtor, Federal Oversight and Management Board or official
committee may object to rate increases for any reason, including, but not limited to,
their failure to comply with these presumptions.

d) Other than agreement terms expressly addressing rate increases, the failure of a
professional fee agreement to comply with these presumptive standards shall not be a
basis for invalidating any other provision of the fee agreement, provided that the fee
agreement is otherwise valid and enforceable.

3.      The burden remains on each professional to demonstrate the reasonableness and

necessity of fees and expenses exceeding these standards in light of the facts and circumstances

presented.

4.      Nothing in this Order shall restrict the U.S. Trustee and the Fee Examiner from

objecting to a professional's fees and expenses even within the parameters of these

presumptions.

5.      Nothing in this Order shall restrict the Fee Examiner from, in his discretion,

electing *not* to apply a presumption to a professional application if, in his judgment, application

of the presumption would be unreasonable under the circumstances.

6.      Nothing in this Order shall prevent any party from challenging or rebutting any of

the presumptions set forth herein, which are general guidelines only.

7.      Nothing in this Order shall alter the terms of the *Order on Fee Examiner's Motion*

*to Impose Presumptive Standards and Timeliness Requirements for Professional Fee*

*Applications* [Dkt. No. 3932], which remains in full force and effect.

8.      Fees incurred by applicants to provide the basis for rebutting a presumption in an

initially filed fee application are compensable if they are otherwise reasonable, taking into

account the good faith basis for the applicant's position.

---

embodied in the single line item adjustment), beyond those authorized in this Order, shall be imposed to offset any
tax liability.

9.      The Fee Examiner may, upon notice and a hearing, request additional

presumptions based on issues that emerge in the review of subsequent or pending but unresolved

interim fee applications.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

11.      This Order resolves docket entry no. 4371.

SO ORDERED.

Dated:  _____, 2018

_____
LAURA TAYLOR SWAIN
United States District Judge

19901905.1

5

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | ) **PROMESA** |
| | ) **Title III** |
| | ) |
| **THE FINANCIAL OVERSIGHT AND** | ) **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | ) |
| | ) |
| as a representative of | ) **(Jointly Administered)** |
| | ) |
| **THE COMMONWEALTH OF PUERTO RICO** | ) |
| ***et al.*,** | ) |
| | ) |
| **Debtors.**[1] | ) |
| | ) |

## ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS

Upon the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or other Sub-Retained Professionals* (the "**Motion**"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee Examiner provided adequate and appropriate notice of the Motion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

under the circumstances, including that the relief sought in the Motion is supported by good

cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required;

and the Court having reviewed the Motion and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**;

2.      The following additional presumptive standards, which the Fee Examiner has

represented embody standards generally and consistently applied since the outset of the review

process, shall continue to be applied in the review of fee applications filed in these Title III cases

after the entry of this Order:

    a)  Professionals seeking fees or expenses through the Title III fee process shall not
    submit reimbursement requests for any other firm's professional (legal, financial
    advisory, investment banking, or accounting) services, whether or not those services
    are characterized as expert witness or consultant fees.

        1.  If a professional's retention order or agreement allows for the sub-retention of
        other professionals, including expert witnesses, any such sub-retention
        occurring on or after the date of this Order shall be the subject of a notice
        ~~containing all of the required elements of an application pursuant to 11 U.S.C.
        § 327(e).  The notice shall certify~~certifying that the professional has the prior
        written consent of its client to retain the expert or consultant.~~  Any party in
        interest~~ and disclosing the terms of the expert's or consultant's engagement.
        The Fee Examiner, the U.S. Trustee, the Debtor, the Financial Oversight and
        Management Board, or an official committee may object to the retention for
        any reason, including that the services to be provided are unnecessarily
        duplicative of another professional's services; and

        2.  Any sub-retained consultant or expert witness fees charged as expenses in
        another professional's fee application should be accompanied by all of the
        supporting information and data required of retained professionals; and

        3.  This presumption shall not apply to sub-retained professionals billing less than
        $~~30~~50,000 in any four-month interim compensation period or $~~150~~250,000 in
        the aggregate.

    b)  Hourly billing rate increases imposed by professionals submitting fees for Court
    approval shall be presumptively unreasonable unless:

2

1. The professional firm certifies that it has obtained the express written permission of its client for the rate increases on a timekeeper-by-timekeeper basis; and

2. The professional has filed a notice, at least 21-days prior to the implementation of such rate increases, informing the Court and public of the proposed rate adjustment on a timekeeper-by-timekeeper basis;[2] *provided however*, that professionals whose engagement contracts are with the Financial Oversight and Management Board or AAFAF, are a matter of public record, and contain an explicit mechanism (including timing and quantified limitations substantially consistent with the standards outlined in this Order) for the imposition of rate increases shall not be required to file such notice;[3] and

3. The rate increases do not exceed, for any individual timekeeper during any single calendar year:

   i. ~~Five percent of the rates previously charged for any~~ For any owner, director, partner, shareholder, special counsel, or senior counsel, five percent of the rates previously charged; or

   ii. ~~Ten percent of the rates previously charged for any associate~~For associates or non-owner ~~professional~~professionals engaged in ~~his or her~~their field of practice for a period of 10 or fewer years.[4]:

      1. Seven percent of the rates previously charged as a result of the timekeeper's advancing seniority; and

      2. Five percent of the rates previously charged for any reason other than a timekeeper's advancing seniority.

4. These caps shall not apply to associates or non-owner timekeepers who are promoted to a position of owner, director, partner, shareholder, special counsel, or senior counsel provided that the rate increases are otherwise consistent with the rates charged by peers of similar skill and seniority within the timekeeper's organization working on these cases.

~~4.~~5.   The term "rate increases" includes any increase in rates above those initially charged, whether denominated "step increases" or otherwise~~.~~, but does not include fee adjustments made to "gross up" fees to offset the effect of

---

[2] Notwithstanding this provision, for rate increases scheduled to take effect in January 2019, the required notice period shall be reduced to seven calendar days.

[3] If strict compliance with the notice requirements in this Order is not possible, professionals should disclose rate increases as soon as is practicable but *no later than* seven days after the increase is proposed.

[4] ~~Associates may undergo rate increases twice in a calendar year, but the cumulative effect shall not exceed ten percent for any twelve-month period.~~

> any Commonwealth tax on professional fees not in existence at the commencement of a professional's engagement.[5]

c)   ~~Any party in interest~~The Fee Examiner, Debtor, Federal Oversight and Management Board or official committee may object to rate increases for any reason, including, but not limited to, their failure to comply with these presumptions.

d)   Other than agreement terms expressly addressing rate increases, the failure of a professional fee agreement to comply with these presumptive standards shall not be a basis for invalidating any other provision of the fee agreement, provided that the fee agreement is otherwise valid and enforceable.

3.      The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the facts and circumstances presented.

4.      Nothing in this Order shall restrict ~~any party, including~~ the U.S. Trustee and the Fee Examiner, from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5.      Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6.      Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7.      Nothing in this Order shall alter the terms of the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932], which remains in full force and effect.

---

[5] To the extent such a fee adjustment is necessary, professionals should calculate the adjustments as a single line item addition to total fees requested.  No adjustments to timekeeper hourly billing rates, rates (other than those embodied in the single line item adjustment), beyond those authorized in this Order, shall be imposed to offset any tax liability.

4

8.     Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

9.     The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11.     This Order resolves docket entry no. ——.4371.

SO ORDERED.

Dated: _____, 2018

_____
LAURA TAYLOR SWAIN
United States District Judge

1980960419901915.1

5