Hearing Date: December 19, 2018 at 9:30 a.m. (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

PUERTO RICO SALES TAX FINANCING CORPORATION,

Debtor.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3284-LTS

**This Reply Relates Only to COFINA and Shall be Filed in Case No. 17 BK 3283-LTS and in Case No. 17 BK 3284-LTS**

**REPLY OF PUERTO RICO SALES
TAX FINANCING CORPORATION TO RESPONSE AND
RESERVATION OF RIGHTS OF LEHMAN BROTHERS HOLDINGS INC.
WITH RESPECT TO REJECTION OF DEBT SERVICE DEPOSIT AGREEMENT**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA")[2] pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submits this reply (the "Reply") to the *Response and Reservation of Rights of Lehman Brothers Holdings Inc. as Plan Administrator for Lehman Brothers Special Financing Inc. to the Motion of Puerto Rico Sales Tax Financing Corporation, Pursuant to Bankruptcy Code Section 365(a), for Entry of an Order Authorizing Rejection of the Debt Service Deposit Agreement with Lehman Brothers Special Financing Inc.* [Case No. 17-3284, D.I. 381] (the "Response"), filed by Lehman Brothers Holdings Inc., as plan administrator for Lehman Brothers Special Financing Inc. ("Lehman"). In support of this Reply, the Debtor respectfully represents as follows:

**Background**

1. On November 27, 2018, the Debtor filed the *Motion of Puerto Rico Sales Tax Financing Corporation, Pursuant to Bankruptcy Code Section 365(a), for Entry of an Order Authorizing Rejection of the Debt Service Deposit Agreement with Lehman Brothers Special Financing Inc.* [Case No. 17-3284, D.I. 372] (the "Motion").[4]

**The Response**

2. On December 6, 2018, Lehman Brothers Holdings Inc., as plan administrator for Lehman, filed the Response, indicating that "Lehman has no objection to the Debtor's rejection

---

[2] The Oversight Board, in its capacity as representative of COFINA, is referred to as the "Debtor".
[3] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.
[4] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

of the DSDA."[5] The lack of any objection filed to the Motion supports the notion that the Court should respect the Debtor's business judgment and authorize rejection of the DSDA.

3. Notwithstanding its acknowledgement, Lehman cryptically asserts that "rejection by the Debtor does not serve as a termination of the DSDA as to the Trustee, who is a non-Debtor party to the contract. As such, the DSDA remains in full force and effect *vis a vis* the Trustee, and Lehman reserves all rights of any kind or nature with respect to and/or against the Trustee under the DSDA and including, but not limited to, all of its rights with respect to the Debt Service Fund (as defined in the DSDA)."[6]

### The DSDA Does Not Support Lehman's Interpretation

4. The DSDA is clear that, "[n]otwithstanding anything to the contrary in this Agreement, the Trustee shall have no direct liability to Lehman hereunder except to the extent, if any, that the losses incurred by Lehman upon a Trustee Event of Default are caused by the Trustee's gross negligence or willful misconduct or by a breach of the Trustee's representations and warranties hereunder."[7] Similarly, the Trustee is not a guarantor of or a co-obligor with COFINA on COFINA's obligations to Lehman pursuant to the DSDA.

5. The Motion requests rejection of the DSDA, and, therefore, represents a prepetition breach by COFINA, and not negligence, misconduct or breach of any kind or nature on the part of the Trustee. Thus, in the event the Court grants the relief requested in the Motion, upon rejection of the DSDA, Lehman shall be entitled to file a rejection damages claim against COFINA, which, consistent with its already-filed proof of claim, will be treated as a general unsecured claim pursuant to the COFINA Plan. Unless Lehman intends to file separately a claim

---

[5] Response ¶ 2.
[6] *Id.*
[7] DSDA § 7.3.

2

104437883v2

against the Trustee for gross negligence or willful misconduct, it appears there was no reason for Lehman to reserve its rights against the Trustee.

[*Remainder of Page Intentionally Left Blank*]

3

104437883v2

WHEREFORE the Oversight Board, as representative of COFINA, respectfully requests the Court to enter an order, substantially in the form attached to the Motion as **Exhibit A**, (a) granting the Motion, (b) rejecting the DSDA, and (c) granting COFINA such other relief as is just and proper.

| | |
|---|---|
| Dated: December 12, 2018<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Martin J. Bienenstock*<br><br>Martin J. Bienenstock<br>Brian S. Rosen<br>Jeffrey W. Levitan<br>Chris Theodoridis<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for COFINA*<br><br>*/s/ Hermann D. Bauer*<br><br>Hermann D. Bauer<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for COFINA* |

104437883v2