**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

---------------------------------------------------------------x

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PUERTO RICO (the "Committee") | PROMESA Title III |
| Movant, | |
| v. | **Re: ECF Nos. 4373, 4465** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Respondents. | |

---------------------------------------------------------------x

**DEBTORS' RESPONSE TO
MOTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, UNDER BANKRUPTCY
RULE 2004, AUTHORIZING DISCOVERY OF TITLE III DEBTORS,
OTHER THAN COFINA, CONCERNING POTENTIAL AVOIDANCE ACTIONS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, COFINA, and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response ("Response") to the *Motion of Official Committee of Unsecured Creditors for Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other than COFINA, Concerning Potential Avoidance Actions* [ECF. No. 4373] (the "Motion").[3]

## RESPONSE

1. The Oversight Board supports the relief requested in the Motion subject to the modifications in the consensual revised proposed order submitted by the Committee as Exhibit A to the *Notice of Filing of Revised Agreed Proposed Order Granting Motion of Official Committee of Unsecured Creditors for Order, under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other Than COFINA, Concerning Potential Avoidance Actions* [ECF No. 4465] (the "Revised Proposed Order"). The Revised Proposed Order maintains the limited scope of the Committee's discovery requests, ensures that the Special Claims Committee receives all materials produced in connection with the Document Requests, and preserves the Oversight Board's rights to pursue further discovery (including through additional Rule 2004

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

2

requests and other powers provided to the Oversight Board under PROMESA). The Oversight Board is committed to continuing its investigation into Puerto Rico's historical practices, and the requested information—which the Oversight Board has already been in informal discussions to obtain from AAFAF and the applicable Debtors—is necessary for the Special Claim Committee's investigation and evaluation of potential avoidance actions.

2. Despite agreeing to the requested relief in the Revised Order, the Oversight Board neither shares the Committee's view of events leading to the Motion nor the Committee's portrayal of the Oversight Board's investigation to date. For present purposes, there is no reason to consume the Court's time explaining each inaccuracy in the Motion. Rather the Oversight Board notes it has diligently pursued its congressionally mandated role to investigate Puerto Rico's bond issuances under PROMESA section 104(o) and its Special Claims Committee has already commenced its investigation into potential causes of action the Oversight Board may bring, where appropriate, before May 2019.

3. On September 13, 2017, the Oversight Board retained Kobre & Kim to serve as an independent investigator (the "Independent Investigator") and tasked it with conducting an investigation and preparing a comprehensive report regarding the factors contributing to Puerto Rico's fiscal crisis, as well as Puerto Rico's issuance of debt. On August 20, 2018, the Independent Investigator released its Final Investigative Report (the "Report")—an extensive and comprehensive report 608 pages in length. In producing the Report, the Independent Investigator, among other things, reviewed over 260,800 documents (in excess of 2.7 million pages) and interviewed approximately 120 witnesses. Report 25-27.

4. The Oversight Board is mindful of the limited time remaining to file avoidance actions. As the sole entity charged by Congress with representing the Title III Debtors and

bringing avoidance actions for the benefit of such Debtors and their stakeholders,[4] the Oversight Board formed the Special Claims Committee to investigate avoidance actions on September 13, 2017.[5] On October 24, 2018, the Special Claims Committee launched a request for proposal (the "RFP") for special claims counsel and, on November 28, 2018 selected Brown Rudnick LLP to serve as special claims counsel ("Special Claims Counsel").[6] The Special Claims Counsel is responsible for, among other things, (i) the review and assessment of the Report and the factual materials that form the basis of the Report, (ii) legal research as necessary to advise the Special Claims Committee regarding potential causes of action, and (iii) the initiation of any litigation arising from the conduct described and/or referrals to prosecutorial or regulatory bodies.[7]

5. Consequently, the Oversight Board, by and through the Special Claims Committee and its counsel, is performing its own investigation and will bring causes of action, where appropriate. The Document Requests the Committee seeks are narrowly tailored, reasonable, and will supply the Special Claims Committee and its counsel with important information to investigate and assess potential avoidance actions. The Oversight Board thus supports the relief requested in the Motion, subject to the modifications in the Revised Proposed

---

[4] Congress selected the Oversight Board as the sole trustee and representative of the debtors under PROMESA. *See* PROMESA 301(c)(7) (defining the term "trustee," when used in the Bankruptcy Code, as "Oversight Board" for purposes of Title III). Congress specifically tasked the Oversight Board with performing investigations and gave it myriad tools for obtaining info under PROMESA 104, including the power to obtain official data from federal authorities, obtain information from the Commonwealth and its instrumentalities, "hold hearings, . . . take testimony, and receive evidence as the Oversight Board considers appropriate," issue subpoenas requiring the attendance and testimony of witnesses and the production of documents relating to any matter under investigation, and penalize and/or prosecute any Commonwealth officer or employee who provides false or misleading information. *See* PROMESA § 104. As the sole trustee of the Debtors, only the Oversight Board is able to pursue avoidance actions on behalf of the Debtors.

[5] *See* Oversight Board Press Release, *Oversight Board Special Committee Retains Independent Investigator to Launch Review of Past Debt Issuance Practices*.

[6] *See* November 28, 2018, *Brown Rudnick Independent Contractor Services Agreement*.

[7] *See* Exhibit A, November 28, 2018 *Brown Rudnick Independent Contractor Services Agreement* at 2.

4

Order that, among other things, the Special Claims Committee receives all materials produced as a result of the Document Request.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order substantially in the form of the Revised Proposed Order or, in the absence of entry of such order, deny the Motion in its entirety, and grant the Debtors such other and further relief as is just.

Dated: December 13, 2018  
      San Juan, Puerto Rico

Respectfully submitted,

*/s/* Martin J. Bienenstock

Martin J. Bienenstock  
Paul V. Possinger  
Ehud Barak  
Maja Zerjal  
(Admitted *Pro Hac Vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/* Hermann D. Bauer

Hermann D. Bauer  
USDC No. 215205  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944  

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

5