UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 1512-1, 2839-1, |

**DEBTORS' SEVENTH OMNIBUS MOTION FOR APPROVAL
OF MODIFICATIONS TO THE AUTOMATIC STAY**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to sections 362(d)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and in accordance with Paragraph III.Q of the Case Management Procedures (as defined below), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), retroactively approving the modifications to the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a) (the "Title III Stay"), for the parties and actions set forth in **Exhibit 1** to the Proposed Order, *nunc pro tunc* to the dates specified therein, In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper pursuant to PROMESA section 307(a).

3. The statutory predicate for the relief sought herein is Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to these Title III cases by PROMESA section 301(a).

## Background

4. On June 2, 2017, the Court entered an order approving certain notice, case management, and administrative procedures for the Title III cases [ECF No. 249] (as amended, the "Case Management Procedures"), which was subsequently amended on June 6, 2017 to make certain non-substantive clarifications and amendments [ECF No. 262].

5. On August 17, 2017, the Court entered an order further amending the Case Management Procedures to, among other things, implement a protocol (the "Lift Stay Protocol")

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

for filing motions for relief from Title III Stay [ECF No. 1065]. Under the Lift Stay Protocol, a movant is required to (a) send notice (a "<u>Lift Stay Notice</u>") to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "<u>Lift Stay Notice Period</u>") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

6. On September 13, 2017, the Debtors filed a motion to amend the Case Management Procedures [ECF No. 1299] to allow the Debtors (a) to enter into stipulations modifying or lifting the Title III Stay under Paragraph III.Q of the Case Management Procedures without further order of the Court and (b) in their discretion, to modify or lift the Title III Stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of the Court.

7. On October 24, 2017, the Court approved the *Third Amended Notice, Case Management and Administrative Procedures* [ECF No. 1512-1], which implemented the Debtors' requested changes to the Lift Stay Protocol and requires the Debtors to file an omnibus lift stay motion every 60 days, identifying each modification to the Title III Stay agreed to by the Debtors during the relevant period and seeking retroactive Court approval of such modifications *nunc pro tunc* to the relevant modification date.

8. On December 28, 2017, the Court granted the *Debtors' First Omnibus Motion Seeking Approval of Stipulations Modifying the Automatic Stay* [ECF No. 2191] (the "<u>First Omnibus Motion</u>"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc* to the dates specified therein.

9. On February 21, 2018, the Court granted the *Debtors' Second Omnibus Motion Seeking Approval of Stipulations Modifying the Automatic Stay* [ECF No. 2565] (the "<u>Second</u>

3

Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

10. On April 4, 2018, the Court approved the *Fourth Amended Notice, Case Management and Administrative Procedures* [ECF No. 2839] replacing the local counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority for purposes of service of documents and adding new dates for omnibus hearings scheduled by the Court.

11. On April 23, 2018, the Court granted the *Debtors' Third Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 2945] (the "Third Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

12. On May 1, 2018, the Court granted the *Debtors' Supplement to Third Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 2988] (the "Supplement to Third Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

13. On June 20, 2018, the Court granted the *Debtors' Fourth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3326] (the "Fourth Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

14. On August 21, 2018, the Court granted the *Debtors' Fifth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3925] (the "Fifth Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

15. On September 17, 2018, the Court granted the *Debtors' Supplement to Fifth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3940] (the "Supplement to Fifth Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the date specified therein.

16. On November 9, 2018, the Court granted the *Debtors' Sixth Motion for Approval of Modifications to the Automatic Stay* [ECF No. 4201] (the "Sixth Omnibus Motion"), which modified the Title III Stay as set forth in the attached exhibits, *nunc pro tunc*, to the dates specified therein.

## Relief Requested

17. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, retroactively approving the modifications to the Title III Stay for the parties and actions set forth in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein. As required by Paragraph III.Q of the Case Management Procedures, Exhibit 1 to the Proposed Order includes a brief description of the modification of the Title III Stay and case information (including case number and court), as applicable, for each party. This Motion seeks to approve modifications to the Title III Stay agreed to by the Debtors for the period from October 17, 2018 through December 14, 2018 (the date of this Motion).

## Basis for Relief

18. Bankruptcy Code section 362(a), made applicable to Title III cases pursuant to PROMESA section 301(a), provides, in relevant part, that the commencement of a Title III case operates as a stay enjoining all persons and entities from, among other things: (i) commencing or continuing any action or proceeding against a debtor that was or could have been brought against the debtor before the commencement of the debtor's Title III case, (ii) taking any action to obtain

5

possession or control over property of the debtor, and (iii) attempting to collect, assess, or recover on a prepetition claim. See 11 U.S.C. § 362(a). In Title III cases, in addition to the automatic stay under section 362(a), Bankruptcy Code section 922(a) provides an additional stay of "any judicial, administrative, or other action or proceeding against an officer or inhabitant of the municipality that seeks to enforce a claim against the municipal debtor." 11 U.S.C. § 922(a).

19. Bankruptcy Code section 362(d)(1) provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts generally examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990). See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94–5 (D.P.R. 2007))).

20. Additionally, under Bankruptcy Code section 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. Since implementing the Lift Stay Protocol on August 17, 2017, the Debtors have received over 200 Lift Stay Notices seeking relief from the Title III Stay to prosecute various prepetition actions. The Debtors and their advisors, in consultation with the Oversight Board, carefully reviewed and analyzed each of the Lift Stay Notices and determined that it was appropriate to modify the Title III Stay for the parties and actions listed in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein. The Debtors believe that modifying

6

the Title III Stay for these matters will alleviate the strain on the Title III cases and this Court, will further interests of judicial economy, and maximize the Debtors' resources for the benefit of all parties in interest by avoiding costly claim litigation in this Court on matters that are already well underway in other fora. Importantly, a majority of the proposed consensual stay modifications will only allow the subject case to proceed to liquidation of any claim amount and will not permit any enforcement or collection of any claim arising prior to the respective Debtors' petition dates. Also, the Debtors reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Cases, including the treatment of any claim arising from the subject actions under a plan of adjustment or otherwise in the Title III Cases. Accordingly, the Debtors request that the Court enter an order retroactively approving the modifications of the Title III Stay set forth on Exhibits 1 to the Proposed Order.

## Notice

22. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3] (i) all parties filing a notice of appearance in these Title III cases; and (j) the parties set forth in Exhibit 1 to the Proposed Order. A copy of the Motion is also available on the Debtors' case website at https://cases.primeclerk.com/puertorico/.

---

[3] The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

23. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Motion**

24. The Debtors have not made any prior motion for the relief sought in this Motion to this or any other court.

*Remainder of Page Intentionally Left Blank*

8

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, retroactively approving the modifications of the Title III Stay set forth on Exhibit 1 to the Proposed Order, and granting such other and further relief as the Court may deem proper.

Dated December 14, 2018
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as Representative
for the Debtors*

## **Exhibit A**

## **Proposed Order**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. \_\_\_\_\_ |

## SEVENTH OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Seventh Omnibus Motion for Approval of Modifications to the Automatic Stay* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

3. All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibit 1 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved. Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

4. Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a

prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

Dated: _____

                                                HONORABLE LAURA TAYLOR SWAIN
                                                UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## TITLE III STAY MOTIDICATIONS AGREED TO BY DEBTORS
## FROM AUGUST 19, 2018 THROUGH DECEMBER 14, 2018

|  | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 1. | Lucynette Arroyo-Delgado, et al v. PR-DOE, et al., <br><br> Case No. 15-cv-2001 (FAB), U.S. District Court for the District of Puerto Rico <br><br> Attorney's fees (IDEA) | Lucynette Arroyo Delgado, and her minor son, A.G.A. | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action. <br><br> The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | October 29, 2018 |
| 2. | Rafael Bonilla Rivera v. DTOP, <br><br> Case No. 2007-02-0829, Commission for Appeals of Public Service (CASP) <br><br> Administrative employment action | Rafael Bonilla Rivera | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution before the Administrative Forum, and (b) allow any appeal of the Administrative Forum's decision to proceed to final judgment in the courts of the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | November 15, 2018 |

1

|   | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 3. | Southern Horizons, Inc. v. Estado Libre Asociado de Puerto Rico et als., Case No. G AC2017-0074, Puerto Rico Court of First Instance Inverse Condemnation Action | Southern Horizons, Inc | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Inverse Condemnation Action to proceed to final partial judgment before the State Court, solely with respect to whether and when a regulatory taking or taking occurred, by virtue of the enactment of Act 92 of June 16 of 2008; provided, however, the Title III Stay shall continue to apply in all other respects to the Inverse Condemnation Action, including, but not limited to, the execution and enforcement of any judgment and any claims for money damages against the Commonwealth or any other Title III Debtor, without prejudice to Movant's right to seek further relief from the Title III Stay after the State Court has rendered its determination regarding whether and when a regulatory taking or a taking occurred. | December 6, 2018 |
| 4. | Fortes-Cortes, et al v DOE, Case No. 17-1920 (MDM), U.S. District Court for the District of Puerto Rico Attorney's fees (IDEA) | Nilda Fortes-Cortes, mother and legal guardian of DRF, and DRF | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action.<br><br>The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | December 7, 2018 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 5. | Puerto Rico Electric Power Authority v. Finca Matilde, Inc. et al, Case No. KEF2008-0286, Puerto Rico Court of First Instance | Finca Matilde, Inc. | PREPA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Commonwealth Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor. | November 29, 2018 |
| 6. | Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al, Civil Case Nos. KEF2008-0340; KEF2008-0341; KEF2008-0344; KEF2008-0345; KEF2008-0348; KEF2012-0088 All above, before Puerto Rico Court of First Instance, San Juan Superior Part | Lucas P. Valdivieso-Torruella, Yesmín Marie Valdivieso-Galib, Lucas Valdivieso-Galib, María Teresa Valdivieso-Galib, María Cristina Leonor Valdivieso-Galib, and Jorge L.P. Valdivieso-Torruell | PREPA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Actions to proceed to judgment before the State Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor. | November 1, 2018 |

3