IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ x
In re                                                              :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   PROMESA
                                                                   :   Title III
       as representative of                                        :   No. 17-BK-3283 (LTS)
                                                                   :   (Jointly Administered)
THE COMMONWEALTH OF PUERTO RICO et al.,                            :
                                                                   :
       Debtors.¹                                                   :
------------------------------------------------------------------ x
IN RE:                                                             :
                                                                   :
 THE FINANCIAL OVERSIGHT AND                                       :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                                   :   Title III
                                                                   :   No. 17-00257-LTS
       as representative of                                        :   This filing relates to COFINA only
                                                                   :
 PUERTO RICO SALES TAX FINANCING                                   :
CORPORATION,                                                       :
                                                                   :
       Debtor.                                                     :
                                                                   :
                                                                   :
                                                                   :
```

OBJECTIONS TO THE TITLE III PLAN OF ADJUSTMENT
OF THE DEBTS OF PUERTO RICO SALES TAX FINANCING
<u>CORPORATION WITH RESERVATION OF RIGHTS</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

1

TO: The Honorable United States District Judge Laura Taylor Swain:

Stephen T. Mangiaracina, Esq. as a retail COFINA junior bondholder, being a party in interest in this case hereby submits objections to the Title III Plan of Adjustment of the debts of Puerto Rico Sales Tax Finance Corporation in response to the Court's scheduling order with Reservation of Rights.

OBJECTION 1: The proposed Plan of Adjustment had its origin beginning on or about May 5, 2017 with the filing of a voluntary Title III Petition for Bankruptcy Protection for the solvent COFINA. This Objectant on November 26, 2018 made a referral to the Office of the United States Trustee for investigation of the filing of the Voluntary Petition by the Commonwealth of Puerto Rico Governor Richard Russello, the Financial Oversight Management Board (FOMB) and the COFINA Executive Board.

My claim with supporting submission should show the Petition was filed for the sole purpose of fraudulently using the U.S. Bankruptcy Code to wrongfully take the property rights of COFINA bondholders and transfer them to the Commonwealth. I believe on or about May 5, 2017 was the birth of a criminal enterprise which has grown to where it is today, with the addition of new participants.

Annexed hereto as Exhibit A are a letter dated October 24, 2018 from Ms. Maria Mercedes Navia and a letter dated September 4, 2018 from Seema Balwada, a Chartered Financial Analyst. These letters by the authors speak clearly as to what is going on; therefore there is no need for me to expound on them.

Annexed hereto as Exhibit B is the Objection of the Bank of New York Mellon, as Trustee, to the Disclosure Statement for the Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Finance Corporation.

2

My opinion, after reading the Objection, is the $332,000,000 Consummation Cost, which is the subject of the Objection, is intended as a payoff to buy the votes of institutional bondholders and insurers, who participated in the negotiating, and have the nonparticipating retail COFINA junior bondholders pay for something against their interest.

Annexed hereto as Exhibit C is my Urgent Informative Motion to appear at a September 12, 2018 Omnibus Hearing (changed to September 13, 2018). Also part of Exhibit C is this Court's September 6, 2018 denial of that motion, where on page 2 the Court states: Movant also asserts, inter alia that COFINA is not "now in default and part of the Title III bankruptcy." However, COFINA has been a debtor in its own proceeding under Title 111 of the Puerto Rico Oversight Management and Economic Stability Act since May 9, 2017 (See Docket Entry No.1 in 17-BK-3284).

This is when I learned there was a filing. Up until receiving the Court's order, I figured the stay on payments of interest on my bonds was due to the Court not having rendered a decision and order on the summary judgment motion(s) before you as to the Constitutionality of COFINA's formation. Further, the Case caption identified the Commonwealth as both the Plaintiff and Debtors and only identified COFINA as the Defendant. My earlier letters to the Court show I was unaware of the filing.

I then looked (16 months later) at the May 5, 2017 filing of the Voluntary Title III Petition for Bankruptcy Protection for COFINA by Commonwealth Governor Rossello, FOMB and COFINA's Executive Board whose members are appointed by the Governor. I saw this filing as the birth of a criminal enterprise but for which we would not be here today.

By them getting total control over the pliant COFINA , the FOMB then had control over both sides in the summary judgment litigation (Case No. 17BK 3283-LTS Jointly Administered

3

with Case No. 17 BK 3284-LTS) and has been paying the legal fees of both sides. Agents were placed in between on both sides to cloud the obvious and be at the ready for Phase Two "Settlement Negotiations." The FOMB was thus engaging in sham litigation with itself.

The motions were submitted to your Court for decision on April 10, 2018. The papers submitted on behalf of COFINA's constitutional bona fides were outstanding. Case law across the United States overwhelmingly supports COFINA's existence since 2006. Yet one issue that was curiously not raised on behalf of COFINA was that a government cannot bring an action claiming one of its own duly past laws is unconstitutional. Here the Commonwealth in establishing COFINA twelve years earlier, upon which bondholders relied, did just that.

It is a fact that the FOMB limited its attorneys to only represent COFINA and not to raise any issues both at law and equity, as to impact on its bondholders

The FOMB, then in control had no reason to wait for a decision. It had its attorneys for both side advise the Court that settlement was being discussed and to hold off on its decision.

Once COFINA, voluntarily gave up its independence beginning on May 5, 2017, and with the FOMB controlling its affairs and both sides of settlement negotiations, the only matter now left for COFINA bondholders is how much of the value of our bonds would be wrongfully taken from us, if this was not stopped.

After learning of the May 5, 2017 filing and researching it I wrote letters to you, dated September 20, 2018, October 1, 2018, October3, 2018, and October 11, 2018 with attachments. I shared my findings and feelings about the filings and you as the presiding judge.

These letters and the others were made part of my Objections to the Plan of Adjustments and the Adequacy of the COFINA Disclosure Statement and the Relief Requested in the Disclosure Statement, dated November 13, 2018. The Objections are annexed hereto as

4

Exhibit D. The letters are annexed thereto as part of Exhibit A in the Objections, filed on the case Docket #4215.

These letters with attachments speak for themselves. So do my Objections in which I express the need for an independent investigation by the DOJ.

Ms. Navia and Ms. Balwada in Exhibit A of the Objections vividly capture what has taken place in the settlement negotiations.

The retail COFINA junior bondholders have no adequate remedy under civil law (Bankruptcy Code) to protect ourselves from a wrongful taking by powerful entities. Although we number in the thousands, we do not even have access to each other. We do not have the deep pockets and organizational capacity to litigate including an appeal.

Our last and only hope is that the U.S. Trustee, as part of the Department of Justice, would hear my plea and open up an investigation to determine whether there is evidence of criminal conduct, beginning in early 2017 to the present, which could also meet the standard for a criminal enterprise, to use the Bankruptcy Code to wrongfully take property belonging to COFINA bondholders.

If the U.S. Trustee in opening an investigation sees merit in what I have put forth, the DOJ can seek a stay and, if denied, appeal. Thousands of people should not have their property taken from them because they were denied due process and lack the ability to protect themselves from criminal conduct. They should not be forced to approve a settlement they abhor, while under financial duress caused by people without conscience.

OBJECTION 2: The Plan of Adjustment should be discarded by this Court. It never would have happened but for this Court choosing sides and picking the Commonwealth of Puerto

5

Rico and ignoring the interests of COFINA junior bondholders like this Objectant and family. My letters and those of others speak for themselves.

Your procedural path to consummate a settlement is one track in nature which works against COFINA junior bondholders. When would it have been a proper time for this Court to consider criminal conduct by those whom you support? This Objectant suggested this to the Court on more than one occasion and has no knowledge of the Court addressing this concern.

Now after reading letters from so many COFINA junior bondholders who learned how severely the Plan of Adjustment would treat them, the Court has stated that it has only decided the issue of the Disclosure Statement and not issues as to substance and legality.

It was the Court's duty to do this months ago. The Disclosure Statement does not contain a credible recent fiscal audit showing that COFINA is anything but perfectly solvent; yet this Court saw fit to approve the Disclosure Statement and have voting ballots sent out to uninformed COFINA junior bondholders who are expected to vote on blind faith that COFINA is insolvent. This Court had access to this information months ago, yet allowed this disgrace to go forward to where we are today. Not to be ignored are the hundreds of millions of dollars expended to put his thing together.

Further, zero coupon bonds are useless to retirees who have written you. The letters of Mr and Mrs. Feldman and Mr. Sion Zerah dated 12/4/2018, filed on case docket #4938, are annexed hereto as part of Exhibit E. Unfortunately the concerns of these octogenarians will not be included in the Court's analysis of the legal issues associated with the Motion for Confirmation of the proposed plan. See Case Docket No. 4441 entry 12/10/2018; also annexed hereto as part of Exhibit E.

I ask this Court to declare the demise of the Plan of Adjustment forthwith and direct BNY Mellon to pay all past interest owed to all COFINA bondholders. This Trustee has been a victim too, being caught in the middle after this Court issued its July 24, 2018 Procedures Order. The Court had the power but not the rights to divide up money, as if the Plan of Adjustment was a fait accompli. It would be nice if the COFINA bondholders, could be given interest by the BNY Mellon Trustee on the delayed payment of what is due us.

What this Court is doing is condoning the reversal of the burden of proof of those looking to take the property belonging to the COFINA junior bondholders. Instead of being held to the highest burden to prove a right to take our COFINA bonds issued in 2006, the Court has transferred that burden to us to prove why our property should not be taken from us. This is contrary to our system of jurisprudence in place since the founding of our Country.

This Court should consider its recusal from the Commonwealth of Puerto Rico Bankruptcy. Annexed hereto as part of Exhibit E, is a letter sent to you by the Chartered Financial Analyst Seema Balwada, dated November 16, 2018 to your attention and that of Mr. Rob Bishop, U.S. House of Representative, addressing "The Puerto Rico Effect". She sets forth the ripple effect of the COFINA Bankruptcy on states and local governments across the United States. She warns that it will be much tougher to market bonds secured by sales taxes because of what is happening in Puerto Rico.

Thus if all COFINA bondholders do not get every single dollar of what they bargained for, this will have repercussions across the United States. This is a warning that should be heeded.

## RESERVATION OF RIGHTS

Objectant reserves the right to amend and add to these Objections due to new events and discovery of information related to the proposed Plan of Adjustment and the Disclosure Statement.

## CONCLUSION

Objectant will vote against the Plan of Adjustment based on the content of the objections put before the Court. Objectant respectfully asks the Court to reject the proposed Plan of Adjustment.

Respectfully submitted this 14th day of December, 2018.

By: /s/ Stephen T. Mangiaracina, Esq.
Stephen T. Mangiaracina, Esq., Pro Se (pro hac vice)
5 Salem Road
Hilton Head Island, South Carolina 29928
Telephone: (843) 785-5800
Facsimile: (843) 785-4100
Email: STMangiaracina@aol.com