UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

_____x

In re

THE FINANCIAL OVERSIGHT BOARD AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMONWEALTH OF PUERTO RICO,
<u>et al.</u>

          Debtors.
_____x

PROMESA
Title III

No. 17 BK 3283-LTS

Jointly Administered


OBJECTIONS TO THE PLAN OF ADJUSTMENT
AND THE ADEQUACY OF THE COFINA
DISCLOSURE STATEMENT AND THE RELIEF
REQUESTED IN THE DISCLOSURE STATEMENT
<u>WITH RESERVATION OF RIGHTS</u>

TO:  The Honorable United States District Judge Laura Taylor Swain:

    Stephen T. Mangiaracina, Esq. as a retail COFINA junior bondholder, being a party in interest in this case hereby submits Objections to the  Plan of Adjustment and the adequacy of the Disclosure Statement and relief requested therein in response to the Court's scheduling order, dated October 18, 2018, Case 17-03284-LTS with Reservation of Rights.

    Objectant named above resides at 5 Salem Road, Hilton Head Island, SC 29928.  Objections are also submitted for my wife MaryAnn V. Mangiaracina of same address; daughter Kim A. Schidrich and son in law Steven Schidrich, residing at 2 Stillwater Lane, Bluffton, SC 29910 and sister in law Georgiana Persichilli, residing at 6 Doharty Lane, Bluffton, SC 29909.  All are also retail COFINA junior bondholders.

OBJECTION 1: The entire Disclosure Statement, all 621 pages, from end to end reeks of a denial of due process. The Court's scheduling order to file objections compliments this denial of due process. While the Disclosure Statement says individual bondholders can file objections, this is a farce. There was no mailing. Even if there was, what percentage of recipients would understand the content of the 621 pages and would figure out how to write objections and how to, without electronically filing capacity, serve them on the required 24 recipients plus the Court all by November 13, 2018. Based on cost/benefit consideration, retail COFINA junior bondholders retaining an attorney is a nonstarter. It cannot be done, so people have to stand by helplessly while their property is wrongfully taken from them. This is the distinction between the retail COFINA junior bondholders and the institutions which had a seat at the table with their attorneys putting together the Plan of Adjustment.

Thus the Objectant's expectation is that a diminimus number of retail COFINA junior bondholders will submit objections. I believe this is also the expectation of those who crafted the Disclosure Statement. This further diminishes due process to this Objectant in being denied the benefit of strength through numbers and raising money to try to combat the proponents of the Plan of Adjustment, who as a group have limitless funds including the Financial Oversight Management Board paying the legal fees for both the Commonwealth and its sham adversary COFINA, looking to take my property and that of many many others. This will run into billions of dollars taken.

Attached hereto as Exhibit A are letters sent to your attention dated October 11, 2018, October 3, 2018, October 1, 2018, September 20, 208, August 15, 2018, August 10, 2018, August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018 including attachments; and correspondence dated July 2, 2018 to Wilke Farr & Gallagher copied to you.

Throughout them I set forth why a settlement attempt is inappropriate and asked the Court to render a decision and order on the summary judgment motion before you since April 10, 2018. My June 15, 2018 letter stated in part:

> "The little people" sales tax bondholders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched smells. The Oversight Board's interests which are the Commonwealth's are contrary to those of the sales tax bondholders. It should not be allowed to orchestrate a settlement scenario where it controls everything including the outcome to avoid a decision it apparently fears coming soon. We do not have the deep pockets and organization capacity to engage in such a charade. I assume most of the other sales tax bondholders are similarly situated. People (families) need to plan their lives and know where they stand, win or lose I believe the Court at this point in time knows how it intends to rule on this matter.

> I respectfully ask the Court to render a decision. Thank you."

The Disclosure Statement sets forth that you set up mediation teams to settle the precise issues submitted to the Court for decision and order on April 10, 2018. This is whether COFINA was formed 12 years ago within the bounds of the Commonwealth's constitution. This issue is still before the Court for decision with no impediment preventing the Court from doing so.

The Plan of Adjustment continues COFINA's existence. This is an acknowledgement that COFINA's existence is constitutional. If this Court confirms this with a decision, retail COFINA junior bondholders keep their bonds as they presently exist, get back interest and future interest until maturity and then payment in full of the face value of their bonds.

Upon information and belief, this Court could have rendered a decision rather quickly but by your actions committed to engineer a settlement to avoid doing so. This choice has levied a great injustice on so many people by you denying us due process. Even the unlikelihood of losing the summary judgment motion on the merits will be better than what we are experiencing now. This will go on into 2019 with an appeal certain if this Plan of Adjustment is pushed through. The U.S. Court of Appeals for the First Circuit can send the matter back to this Court directing it to make a decision.

Yet, if we lost on the motion, there would be no senior vs. junior issues. The institutions with seniors and their insurance carriers would file an appeal which would likely be resolved by now. I believe we would win there. If not, we juniors, as new general creditors would do better than the 56.4 cents on the dollar that others, without our participation, thinks is fair for us. We would all be on the same side with a growing Commonwealth economy.

This could have all been over with simplicity. Those who participated in the settlement negotiations took advantage of our lack of presence, but this Court and the FOMB created the environment for this to take place. Now we are faced with a 621 page disgrace.

OBJECTION 2: The issue of Bankruptcy Fraud has not been addressed. Beginning with this Objectant's September 20, 2018 letter with attachments, I set forth my claim that the May 5, 2017 filing for Title III Bankruptcy protection, by the Oversight Board, Puerto Rico's Governor Ricardo Rossello, the COFINA Executive Board, was the birth date of a criminal enterprise to get control over COFINA for the purpose of wrongfully taking the property rights of COFINA bondholders. But for that act, we would not be where we are today.

Objectant's letters, dated October 11, 2018, October 3, 2018, October 1, 2018 and September 20, 2018; and also letters with attachments dated October 11, 2018 and October 3, 2018 to the

attention of Rob Bishop, Chairman-Committee of Natural Resources, U.S. House of
Representatives (with attachments, references, and admissions by perpetrators) are all included
in Exhibit A. They set forth how we got from May 5, 2018 to the creation of the Plan of
Adjustment and the culmination of a likely bankruptcy fraud, if it is not even being investigated
to prevent grievous harm to so many people.

This Objectant has submitted to this Court ample documents and statements to justify a
criminal referral by you to the Department of Justice for investigation. This does not mean
presenting proof beyond a reasonable doubt. The investigation will determine whether there is
sufficient evidence to indict. This is not an issue that would fall under Federal civil law such as
Bankruptcy Code where the Court, within bounds, has discretionary leeway. Here we have a
criminal issue with major implications affecting thousands of people's lives. I raised this issue
of a referral in my letters to this Court as to whether this Court was aiding and abetting what I
believe to be a criminal enterprise, by its aggressive commitment to settle and avoid making a
decision on the motion, now before you for 7 months.

The October 5, 2018 and September 7, 2018 letters filed in Docket 4033 were sent to the
attention of Rob Bishop, U.S. House of Representatives, and The Bank of New York Mellon by
Seema Balwada, CFA; 7 Thomas Speakman Drive, Glen Mills, PA 19342; and August 27, 2018
and September 4, 2018 letters sent and filed in Docket #3859. Ms. Balwada, a Chartered
Financial Analyst, succinctly addresses what is wrong with the Commonwealth vs. COFINA
Settlement Proposal.

Upon information and belief Ms. Belwada has sent two related letters to your attention which
the Court has not yet entered on the Docket. They should be considered part of this Objection.

Not to be ignored is that the principals involved since May 5, 2017, in what I see as a criminal enterprise, were material players in putting together the Plan of Adjustment and Disclosure Statement that deny due process to retail COFINA junior bondholders.

A criminal investigation by the Department of Justice would resolve the issues I have put before the Court. Federal Agents conducting a forensic accounting as to the history of the financial solvency of COFINA is a must. An investigation into how and why COFINA was put into Voluntary Title III is a must. An investigation into how the Oversight Board got to represent both sides and pay their legal fees in the summary judgment motion(s) put before this Court on April 10, 2018 for decision and order is a must. An investigation into how the settlement team was created is a must, and what went into the settlement negotiations is a must. An investigation into how the Plan of Adjustment and Disclosure Statement were concocted is a must I am confident the DOJ will know what to do.

These issues cannot be resolved at the November 20, 2018 hearing. This should not be a subject of negotiations by attorneys. Retail COFINA junior bondholders are guaranteed due process with transparency by our Constitution. Right now we are not getting it.


## APPEARANCE AT NOVEMBER 20, 2018
## HEARING REGARDING OBJECTIONS

This Objectant will not appear at the hearing on November 20, 2018. I reside in South Carolina. It is 2 days before Thanksgiving. It would cost an exorbitant amount of money for airfare, lodging, and meals and local travel. My family and I cannot spend what it would take to have a New York law firm represent us before this Court on this date.

RESERVATION OF RIGHTS

Objectant reserves the right to amend and add  to these Objections due to new events and
discovery of information related to the proposed Plan of Adjustment and the Disclosure
Statement.

CONCLUSION

Objectant will vote against the Plan of Adjustment  based on the content of the objections put
before the Court and the correspondence  Ms. Seena Balwada  has addressed to this Court
appearing on the Docket.  Objectant respectfully asks the Court to reject the proposed Plan of
Adjustment.

Respectfully submitted this 13th day of November, 2018.

By: /s/ Stephen T. Mangiaracina, Esq.

Stephen T. Mangiaracina, Esq., Pro Se (pro hac vice)
5 Salem Road
Hilton Head Island, South Carolina 29928
Telephone:  (843) 785-5800
Facsimile:  (843) 785-4100
Email:  STMangiaracina@aol.com

October 11, 2018                                    <u>Sent via Email</u>

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

  My name is Stephen T. Mangiaracina, Esq.  I am a COFINA junior bondholder.

  On October 3, 2018, October 1, 2018 and September 20, 2018 I sent you  letters via email with attachments regarding the above.  I ask that said letters be considered as if stated herein.

  Annexed hereto as Attachment A is BNY Mellon's August 14, 2018 Notice to Holders of Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bonds.  Attached to it as Annex A is your Procedures Order; Account Balances as of August 1, 2018 as Annex B; Governor  Rossello's Announcement of Agreement with COFINA bondholder as Annex C.

  In my earlier letters to you referenced above, I opined that you were aiding and abetting what I believe is a criminal enterprise.  While you had the power to direct the Procedures Order to BNY Mellon, there was no basis or right to do so.  As to COFINA, the Court has one judicial function; that is to decide the summary judgment motion now before you for 6 months, as to whether it was formed within the bounds of Puerto Rico's Constitution.

  Your July 24, 2018 Procedures Order to BNY Mellon was in effect an executive act on behalf of the Oversight Board and the Commonwealth for their benefit.  The settlement representation made to BNY Mellon gets its birth from an illegal filing on May 5, 2017 of which you had record notice, to give the Oversight Board control over COFINA to get us where we are today.  I sent you letters, and so did other retail COFINA junior bondholders, expressing unhappiness with the so called settlement.  We were never included

  With notice of this displeasure, you ordered BNY Mellon to comply with your Order anyway. This also must have put the trustee, of sales tax revenues,  who has fiduciary responsibilities to COFINA bondholders,   in an uncomfortable awkward position.  This Order came under the cover of lawful authority, which I believe you had no right to use under the circumstances.

  The attempt to wrongfully take the property of the secured COFINA bondholder for the benefit of the Commonwealth raises a criminal issue of intent.  What happened on May 5, 2017 could be seen as the acts of a criminal enterprise which continues to the present with its contrived settlement attempt.

  From my perspective, as such a bondholder, I see this as a conspiracy to wrongfully take what rightfully belongs to me and thousands of others  similarly situated.  The RICO Act was enacted to address crimes committed by underworld mobsters.  Perhaps there is room in the Act or elsewhere under federal criminal statutes, to investigate what is going on here.     The only difference I see is that  the Oversight Board, Governor Rossallo and COFINA are trying to get their actions anointed by a federal judge.

The Oversight Board and their associates, who are attempting to take the property of COFINA bondholders for the benefit of the Commonwealth already admitted to this and acted in furtherance of this takeover. If mobsters go to prison for committing such acts, shouldn't these people face consequences for their actions which are causing grave harm to so many people.

As to jurisdiction, would be victims are domiciled all over the United States. Our property, which the perpetrators are looking to take from us is here in the States with NYB Mellon and easily identifiable.

As to injury, a stay has been placed on NYB Mellon from giving us money due; three interest payments to date and your Procedure Order provides that when the settlement is effected, we will get less than what our secured interest provides, a clear violates of PROMESA.

In refusing to decide the summary judgment motion before you by repeatedly granting stays to the Oversight Board, you have put COFINA bondholders under increased duress to accept a proposed settlement contrived illegally. Many live off the interest payments now stayed for almost 1 ½ years. Your Procedures Order to NYB Mellon never should have happened, nor immersing yourself in pushing this so called settlement that would be hurtful to so many COFINA junior bondholders, who you should be protecting rather than let us be treated as road kill.

Essentially, a Judge's job description is to call balls and strikes. As I see it, you have joined one of the teams and have expressed no regard for the other, the COFINA junior bondholders.

I have given no thought to attributing mens rea to you. Yet those whom I believe have criminal intent in trying to take my property, that of my family and others, from us, could not succeed, to where we are today without your proactive involvement.

As a practical matter, I no longer expect that you will follow my request to refer what I set forth, to the Department of Justice for investigation of criminal conduct.

Thank you.


Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax


cc: Rob Bishop, Chairman
Committee of Natural Resources
U.S. House of Representaives

**BNY MELLON**

The Bank of New York Mellon

August 14, 2018

## NOTICE TO HOLDERS OF

## PUERTO RICO SALES TAX FINANCING CORPORATION

## SALES TAX REVENUE BONDS

### SENIOR SERIES 2007A, 2007B, 2007C, 2008A, 2009C, 2011C, 2011D

### FIRST SUBORDINATE SERIES 2009A, 2009B, 2010A, 2010C, 2010D, 2010E, 2011A, 2011B

### CUSIP NOS.[1]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 74529JAF2 | 74529JBF1 | 74529JEM3 | 74529JFV2 | 74529JHN8 | 74529JKD6 | 74529JLJ2 | 74529JMJ1 |
| 74529JAG0 | 74529JBG9 | 74529JEN1 | 74529JFW0 | 74529JHP3 | 74529JKE4 | 74529JLK9 | 74529JMK8 |
| 74529JAH8 | 74529JBH7 | 74529JEP6 | 74529JGU3 | 74529JHR9 | 74529JKF1 | 74529JLL7 | 74529JML6 |
| 74529JAJ4 | 74529JBJ3 | 74529JEQ4 | 74529JND3 | 74529JHS7 | 74529JKG9 | 74529JLM5 | 74529JMM4 |
| 74529JAK1 | 74529JBK0 | 74529JER2 | 74529JGW9 | 74529JHT5 | 74529JKH7 | 74529JLN3 | 74529JMN2 |
| 74529JAL9 | 74529JBL8 | 74529JES0 | 74529JNE1 | 74529JHU2 | 74529JKJ3 | 74529JLP8 | 74529JME2 |
| 74529JAM7 | 74529JAE5 | 74529JFF7 | 74529JGY5 | 74529JNL5 | 74529JKK0 | 74529JLQ6 | 74529JMF9 |
| 74529JAN5 | 74529JDY8 | 74529JFG5 | 74529JGZ2 | 74529JGP4 | 74529JKL8 | 74529JLR4 | 74529JNM3 |
| 74529JAP0 | 74529JDZ5 | 74529JFH3 | 74529JNF8 | 74529JGR0 | 74529JKM6 | 74529JLD5 | 74529JNN1 |
| 74529JAQ8 | 74529JEA9 | 74529JFJ9 | 74529JHB4 | 74529JHY4 | 74529JKN4 | 74529JLE3 | 74529JNP6 |
| 74529JAR6 | 74529JEB7 | 74529JFK6 | 74529JNG6 | 74529JHW8 | 74529JKP9 | 74529JLX1 | 74529JNQ4 |
| 74529JAS4 | 74529JEC5 | 74529JFL4 | 74529JHD0 | 74529JHX6 | 74529JKQ7 | 74529JLY9 | 74529JNR2 |
| 74529JBB0 | 74529JED3 | 74529JFM2 | 74529JHE8 | 74529JGQ2 | 74529JKR5 | 74529JLZ6 | 74529JNS0 |
| 74529JAA3 | 74529JEE1 | 74529JFN0 | 74529JHF5 | 74529JHV0 | 74529JKS3 | 74529JMA0 | 74529JNT8 |
| 74529JBC8 | 74529JEF8 | 74529JFP5 | 74529JHG3 | 74529JJX4 | 74529JKT1 | 74529JMC6 | 74529JPD1 |
| 74529JAB1 | 74529JEG6 | 74529JFQ3 | 74529JHH1 | 74529JJY2 | 74529JKU8 | 74529JMD4 | 74529JPE9 |
| 74529JBD6 | 74529JEH4 | 74529JFR1 | 74529JNH4 | 74529JJZ9 | 74529JKV6 | 74529JMB8 | 74529JPF6 |
| 74529JBE4 | 74529JEJ0 | 74529JFS9 | 74529JNJ0 | 74529JKA2 | 74529JLF0 | 74529JMP7 | 74529JPG4 |
| 74529JAC9 | 74529JEK7 | 74529JFT7 | 74529JHL2 | 74529JKB0 | 74529JLG8 | 74529JMG7 | 74529JPH2 |
| 74529JAD7 | 74529JEL5 | 74529JFU4 | 74529JHM0 | 74529JKC8 | 74529JLH6 | 74529JMH5 | 74529JNW1 |
| 74529JNU5 | 74529JNX9 | 74529JNV3 | 74529JNY7 | 74529JNZ4 | 74529JPA7 | 74529JPB5 | 74529JPC3 |
| 74529JPJ8 | 74529JPK5 | 74529JPL3 | | | | | |

---

[1] No representation is made as to the correctness or accuracy of any CUSIP numbers, which are included solely for the convenience of the Bondowners.

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT BONDS. ALL DEPOSITORIES, CUSTODIANS, AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RETRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.**

The Bank of New York Mellon (the "Trustee") serves as trustee under the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented from time to time, the "Resolution"), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to which COFINA issued the above-referenced senior and subordinate sales tax revenue bonds (the "Bonds"). Capitalized terms used but not defined in this notice have the meanings given in the Resolution.

### Title III Proceeding and Interpleader Action

The Trustee previously advised Bondowners that, on May 5, 2017, The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed a petition for relief on behalf of COFINA under title III of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101 *et seq.*, in the United States District Court for the District of Puerto Rico (the "Court"). COFINA's title III proceeding is being administered jointly on the docket of the United States Bankruptcy Court for the District of Puerto Rico at Case No. 17-BK-03283-LTS.[2]

The Trustee also previously advised Bondowners that, pursuant to the *Order Granting Interpleader, Staying Pending and Future Litigation Against The Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C. § 2361, and Granting Related Relief* (the "Interpleader Order") entered by the Court in Adv. Proc. No. 17-AP-00133-LTS, the Trustee will not make any payment on the Bonds from the Pledged Sales Tax received by the Trustee until the Court enters a further order directing the timing of distributions and identifying the recipients of such funds. Pending direction from the Court, the Trustee holds funds in the existing accounts on behalf of the party or parties ultimately determined by the Court to be entitled to them.[3]

### Material Developments

<u>Order Granting Renewed Procedures Motion.</u>[4] The Trustee previously advised Bondowners that the Commonwealth Agent filed a renewed motion (the "Renewed Procedures Motion") seeking to establish certain procedures with respect to the Pledged Sales Tax collected on or after July 1, 2018. On July 24, 2018, the Court entered an order (the "Procedures Order") granting the relief sought in the Renewed Procedures Motion. Pursuant to the Procedures Order, the Trustee is required to account separately for the Pledged Sales Tax received (i) on or before June 30, 2018, (ii) on or after July 1, 2018, through the end of the Abeyance Period (as defined in the

---

[2] To the extent of any discrepancy between this notice and the documents filed with the Court, the filed documents control.

[3] The Trustee takes no position with respect to the record date of any payments made at the Court's direction.

[4] Capitalized terms used but not defined in this paragraph have the meanings given in the *Stipulation and Order Approving Procedures to Resolve Commonwealth-COFINA Dispute* [Case No. 17-BK-3283-LTS; Doc. No. 996].

Procedures Order), and (c) after the Abeyance Period.  A copy of the Procedures Order is enclosed with this notice as **Annex A**.

Account Balances as of August 1, 2018.  Consistent with the Interpleader Order and the Procedures Order, the balance of each debt service account as of August 1, 2018, is set forth on the chart attached to this notice as **Annex B**.

Agreement in Principle Regarding COFINA Plan of Adjustment.  On August 8, 2018, the Governor of Puerto Rico announced (the "Announcement") that the Oversight Board, as representative of COFINA, the Commonwealth of Puerto Rico, certain senior and subordinate Bondowners, and certain monoline insurers reached an agreement in principle with regard to the treatment of Bondowners and the terms of new COFINA securities under a future plan of adjustment for COFINA.  The Announcement includes a presentation of the terms of the agreement in principle.  A copy of the Announcement is enclosed with this notice as **Annex C**.

**Direction from Bondowners**

Pursuant to sections 1102 and 1105 of the Resolution, Bondowners holding the requisite percentage in principal amount of the outstanding Bonds may direct the Trustee with respect to the exercise of rights and remedies and the method of conducting any remedial proceedings with respect to the Bonds.  The Trustee has no obligation to exercise any of the rights or powers vested in it by the Resolution at the request or direction of any of the Bondowners without first receiving security or indemnity satisfactory to the Trustee against the costs, expenses, and liabilities which might be incurred by it in compliance with such request or direction.

**Retention of Counsel**

The Trustee has retained the law firm of Reed Smith LLP and, specifically, Eric A. Schaffer, to represent the Trustee in connection with the Resolution and COFINA's title III proceeding.  The Trustee's counsel may be contacted by mail at Reed Smith LLP, Attn:  Eric A. Schaffer, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222, or by email at eschaffer@reedsmith.com.

The Trustee has incurred and will continue to incur fees, expenses, and disbursements, including professional fees, expenses, and disbursements, from time to time.  The Trustee reserves its rights under the Interpleader Order, the Resolution (including, without limitation, sections 505, 804, and 1103), and any other applicable statute, order, or agreement for reimbursement of any unpaid fees and expenses, including the Trustee's professional fees, expenses, and disbursements, prior to payment of the Bonds.

**Further Information**

Questions concerning this notice may be directed to the Trustee by contacting Mr. Alex Chang at The Bank of New York Mellon, 101 Barclay Street, New York, NY 10286, or by email at alex.chang@bnymellon.com.

The Trustee may conclude that a specific response to particular inquiries from individual Bondowners is not consistent with equal and full dissemination of significant information to all Bondowners or parties in interest.  In such event, the Trustee may decline to provide a response to a particular inquiry when presented in favor of sending a notice to all Bondowners setting forth such specific response.

Bondowners should not rely on the Trustee as their sole source of information.  The Trustee makes no recommendations and gives no legal, investment, accounting, financial, or tax advice as to the above matters or the Bonds generally.  Bondowners should consult with their own professionals regarding matters relating to the Bonds.

**THE BANK OF NEW YORK MELLON,**
as Trustee

Exhibit Exhibit D-1 Page 14 of 123

**ANNEX A**

Procedures Order

(Attached)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
--------------------------------------------------------x
```
In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND                             :
MANAGEMENT BOARD FOR PUERTO RICO,                       :     PROMESA
                                                        :     Title III
        as representative of                            :
                                                        :     Case No. 17-BK-3283 (LTS)
THE COMMONWEALTH OF PUERTO RICO *et al.*,               :
                                                        :     (Jointly Administered)
        Debtors.[1]                                     :
```
--------------------------------------------------------x
```
In re:                                                  :
                                                        :
THE FINANCIAL OVERSIGHT AND                             :
MANAGEMENT BOARD FOR PUERTO RICO,                       :     PROMESA
                                                        :     Title III
        as representative of                            :
                                                        :     Case No. 17-BK-3284 (LTS)
PUERTO RICO SALES TAX FINANCING,                        :
CORPORATION ("COFINA")                                  :
                                                        :
        Debtor.                                         :
                                                        :
```
--------------------------------------------------------x
```
                                                        :
THE OFFICIAL COMMITTEE OF UNSECURED                     :
CREDITORS OF THE COMMONWEALTH OF                        :
PUERTO RICO,                                            :
                                                        :

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

       as representative of

THE COMMONWEALTH OF PUERTO RICO,

          Plaintiff,

v.

BETTINA WHYTE,

       as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

       as representative of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

          Defendant.

Adv. Proc. No. 17-00257-LTS

--------------------------------------------------------------------x

### ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019, ESTABLISHING PROCEDURES GOVERNING 5.5% SUT REVENUES COLLECTED ON OR AFTER JULY 1, 2018

Upon the *Commonwealth Agent's Renewed Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected on or After July 1, 2018* (the "Renewed Motion");[2] and the court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue is proper pursuant to section 307(a) of PROMESA; and the court

---

[2]   All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Renewed Motion.

having found that the relief requested in the Renewed Motion is in the best interests of the

Commonwealth, its creditors, and other parties in interest and satisfies the standard for approval

of a compromise or settlement in accordance with Bankruptcy Rule 9019; and the court having

found that the movants provided adequate and appropriate notice of the Renewed Motion under

the circumstances and that no other or further notice is required; and the court having reviewed

the Renewed Motion; and the court having determined that the legal and factual bases set forth in

the Renewed Motion establish just cause for the relief granted herein; and any objections to the

relief requested in the Renewed Motion having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Renewed Motion is GRANTED to the extent set forth herein.

2.     For the avoidance of doubt, this Order modifies and replaces the SUT Procedures

Order.

3.     The following procedures shall govern the 5.5% SUT revenues on deposit and to

be deposited with BONY:

     (a)     BONY shall separately account for (i) all 5.5% SUT revenues currently in

BONY accounts or received on or before June 30, 2018 (the "Pre-July 1

2018 Funds"), (ii) all 5.5% SUT revenues received by BONY on or after

July 1, 2018 and prior to the earlier of (x) the end of the 60-day abeyance

period provided for in the Abeyance Order (as such period may be

extended or subsequently renewed by further order of the Court) plus 30

calendar days or (y) the date of a ruling by this court on the pending

motions for summary judgment in this Adversary Proceeding (such period,

the "<u>Abeyance Period</u>" and the funds received during such period, the
"<u>Abeyance Period Funds</u>"), and (iii) all 5.5% SUT Revenues received by
BONY following the conclusion of such Abeyance Period (the "<u>Post-
Abeyance Period Funds</u>"), so as to ensure that the three pools of funds
(and proceeds from investment of such funds) are clearly identifiable;

(b)    Upon the effective date of the settlement, the Abeyance Period Funds and
Post-Abeyance Period Funds shall be allocated and released to the
Commonwealth and COFINA in accordance with the percentage shares of
the PSTBA set forth in the settlement agreement (*i.e.*, 53.65% for
COFINA, which would be the first dollars of the 5.5% SUT, and 46.35%
for the Commonwealth) (as it may be modified by a settlement agreement
or order of this court, including an order confirming a plan of adjustment
for COFINA or an order authorizing such settlement agreement pursuant
to Rule 9019 in the Commonwealth's Title III case); and

(c)    In the event that either (x) the Agents do not execute a settlement
agreement by August 4, 2018 or (y) the effective date of COFINA's Title
III plan of adjustment approving and incorporating the settlement does not
occur within 200 days after the Commonwealth Agent and the COFINA
Agent have executed the settlement agreement (as such deadlines may be
extended pursuant to the terms of the Agreement in Principle), then the
court's eventual ruling on the ownership of 5.5% SUT not yet collected by
the Commonwealth (as of June 30, 2018) shall govern the ownership, as
between the Commonwealth and COFINA, of the Abeyance Period Funds

(it being understood that neither party is waiving any appellate rights with respect to such determination).

4.  For the avoidance of doubt, all SUT funds on deposit or to be deposited into the BONY accounts, including the Pre-July 1, 2018 Funds, the Abeyance Period Funds, and the Post-Abeyance Period Funds, shall continue to remain subject to the *Order Granting Interpleader, Staying Pending and Future Litigation Against Bank of New York Mellon, as Trustee, Pursuant to 28 U.S.C § 2361, and Granting Related Relief* [Docket No. 110 in Adv. Proc. 17-00133 (LTS)] (the "Interpleader Order"), and nothing in this Order shall affect any party's rights under the Interpleader Order. Further, BONY is hereby released and discharged from any and all claims and liability relating to and arising from BONY's compliance with this Order.

5.  Nothing in this Order affects the collection, transfer, or deposit of SUT revenues that are not deposited with BONY.

6.  To the extent there is any conflict between the terms of the Agreement in Principle and the terms of this Order, this Order shall govern.

7.  The Commonwealth, COFINA, BONY, Banco Popular, the GDB, the Commonwealth Agent, and the COFINA Agent are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.  This Order shall not be stayed and shall be valid and fully effective immediately upon entry.

9.  The rights (if any) of parties in interest to oppose the settlement described in the Agreement in Principle or otherwise to object to entry of any order implementing the settlement, including an eventual order confirming COFINA's Title III plan of adjustment or an order

approving the settlement under Bankruptcy Rule 9019 in the Commonwealth's Title III case, are expressly preserved. Nothing in this Order shall limit or otherwise affect the rights of any party under the Stipulation.

10.     This court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

11.     This Order resolves Docket Entry No. 526 in Case No. 17-257.

SO ORDERED.

Dated: July 24, 2018

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge

Exhibit Exhibit Page 21 of 123

## ANNEX B

### Market Value as of August 1, 2018

| Account Name | Pre-July 1, 2018 Funds | Abeyance Period Funds |
|---|---|---|
| COFINA Series 2009C Tax Exempt Debt Service Account | $26,885,544.09 | $470,080.91 |
| RPF Debt Service Interest Sub Account Tax Exempt Senior Bonds | $70,945,573.94 | $1,857,848.86 |
| RPF Debt Service Interest Sub Account Taxable Senior Bonds | $258,438,255.75 | $49,058,291.18 |
| PF Debt Service Interest Tax Exempt 1st Sub Account | $344,875,840.64 | $31,164,611.93 |
| PF Debt Service Interest Taxable 1st Sub Account | $122,553,220.01 | $10,994,904.97 |
| PF First Subordinate 2010A Tax Exempt Interest FD | $121,951,019.46 | $12,364,543.59 |
| PF First Subordinate 2010C Tax Exempt Interest FD | $116,839,839.37 | $12,389,638.77 |
| PF First Subordinate 2010D Taxable Interest FD | $6,124,008.89 | $640,236.69 |
| PF First Subordinate 2010E Taxable Interest FD | $6,025,076.86 | $619,631.33 |
| COFINA 2011A 1 Debt Service Tax Exempt | $25,804,199.22 | $2,736,264.52 |
| COFINA 2011B Debt Service Tax Exempt | $3,251,919.94 | $355,561.03 |
| COFINA 2011C Senior Tax Exempt Debt Service Sub Account | $89,830,248.49 | $1,570,639.02 |
| COFINA 2011D Senior Tax Exempt Debt Service Sub Account | $6,640,889.18 | $941,670.82 |
| TOTAL | $1,200,165,635.84 | $125,163,923.62 |

**ANNEX C**

Announcement

**(Attached)**



## GOVERNMENT OF PUERTO RICO

Puerto Rico Fiscal Agency and Financial
Advisory Authority

## Municipal Secondary Market Disclosure Information Cover Sheet
### Municipal Securities Rulemaking Board (MSRB)
### Electronic Municipal Market Access System (EMMA)

### Additional / Voluntary Event-Based Disclosure

**THIS FILING RELATES TO ALL OR SEVERAL SECURITIES ISSUED BY THE ISSUER, OR ALL OR SEVERAL SECURITIES OF A SPECIFIC CREDITOR:**

Issuer's Name:     **Puerto Rico Sales Tax Financing Corporation (COFINA)**

Other Obligated Person's Name (if any): _____

Six-digit CUSIP number(s): **74529J**

**TYPE OF INFORMATION PROVIDED:**

A. ☐ Amendment to Continuing Disclosure Undertaking

B. ☐ Change in Obligated Person

C. ☐ Notice to Investor Pursuant to Bond Documents

D. ☐ Communication from the Internal Revenue Service

E. ☐ Bid for Auction Rate and Other Securities

F. ☐ Capital or Other Financing Plan

G. ☐ Litigation / Enforcement Action

H. ☐ Change of Tender Agent. Remarketing Agent or Other On-going Party

I. ☐ Derivative or Other Similar Transaction

J. ☒ Other Event-Based Disclosures: **Proposed COFINA Bondholders Agreement**

I represent that I am authorized by the issuer, obligor or its agent to distribute this information publicly.

*/s/ Sebastián M. Torres Rodríguez*
Sebastián M. Torres Rodríguez
Puerto Rico Fiscal Agency and Financial Advisory Authority,
    as Fiscal Agent for the Commonwealth

Dated: August 8, 2018

PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525





## GOVERNOR OF PUERTO RICO

### OFFICE OF THE GOVERNOR

## Governor Rosselló announces agreement with COFINA bondholders

**(August 8, 2018 - Buenos Aires, Argentina)** Governor of Puerto Rico Ricardo Rosselló announced that the Financial Oversight and Management Board for Puerto Rico (Oversight Board), as representative of the Puerto Rico Sales Tax Financing Corporation (COFINA, for its Spanish acronym) in the judicial process under Title III of the Federal Law PROMESA, the Government of Puerto Rico, and a substantial number of the COFINA bondholders reached an agreement in principle to restructure the debt of COFINA to terms that are aligned with the fiscal reality of Puerto Rico.

Rosselló said that "since the electoral campaign, my position has been that the debt of Puerto Rico has to be reduced to terms that we can pay, in face of the fiscal crisis of the Island due to mistaken decisions of the past. The public policy of my Administration has always been to reach consensual agreements with our creditors that do not affect the services that the Government provides to the most vulnerable."

The agreement in principle represents a reduction in the aggregate debt of COFINA of approximately one third of the COFINA debt, savings of $17.5 billion in future debt service payments, and provides terms and conditions for the restructuring of the debt. The agreement in principle is also consistent with the agreement between the agents of COFINA and the Central Government in the Title III proceedings announced in June 2018. It is anticipated that this agreement will provide a path towards a consensual plan of adjustment for COFINA.

"This agreement represents a significant step in restructuring Puerto Rico's debt and reaffirms once again the credibility of our efforts. It joins the agreements that we have already reached with the bondholders of the Government Development Bank and those of the Puerto Rico Electric Power Authority. Moreover, these agreements are an important step to recover access to capital markets," said the governor.

Christian Sobrino, executive director of the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF, for its Spanish acronym), informed that this agreement will provide the Government of Puerto Rico access to $425 million annually, on average, for the next 40 years.

"This agreement in principle with the COFINA bondholders advances the best interests of all parties involved, including the Government of Puerto Rico and the local bondholders. It also limits the costs of litigation and safeguards that the Government has the necessary funds to continue providing services to the People of Puerto Rico," concluded Sobrino Vega.

La Fortaleza, San Juan, PR 00901    PO Box 9020082, San Juan, PR 00902-0082    rjvega@fortaleza.pr.gov    787 721 7000

Case:17-03283-LTS Doc#:4285-6 Filed:12/14/18 Entered:12/14/18 16:04:43 Desc:
Exhibit Exhibit D Page 25 of 123

October 3, 2018                                    <u>Sent via Email</u>

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

    My name is Stephen T. Mangiaracina, Esq.  I am a COFINA  junior bondholder.

    In my October 1, 2018 letter to your attention, I failed to include a reference to an amicus
curiae brief filed on June 29, 2018- U.S. Court of Appeals for the 1st Circuit.  It was filed on
behalf of Rob Bishop, Chairman, Committee of Natural Resources, U.S. House of
Representatives.  It was submitted on the appeal from your decision, Case No. 18-1214 AMBAC
ASSURANCE CORPORATION v. COMMONWEALTH OF PUERTO RICO; FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD et al.

    It is offered in further support of the relief requested in my October 1, 2018 letter.  I
particularly refer the Court to page 10-16 of Chairman Bishop's brief.

    My concerns that I have  expressed to you have been copied to him.

    Thank you.

    Stephen T. Mangiaracina, Esq.
    5 Salem Road
    Hilton Head Island, SC 29928
    (843) 785-5800 Phone
    (843) 785-4100 Fax

October 1, 2018                                        <u>Sent via Email</u>

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

      My name is Stephen T. Mangiaracina, Esq.  I am a COFINA junior bondholder.

      On September 20, 2018 I sent you a letter via email with attachments regarding the above.  I ask that said letter be considered as if stated herein.

      Attached hereto as Attachment A is Fox Business article "Puerto Rico Bond Default Called Over Fiscal Plan's Debt Cut Update" published May 5, 2017.  It states in part

> "Last week Governor Ricardo Rossello signed a local law to comply with the fiscal plan that allows him under certain circumstances to break the lockbox securing the sales tax revenues and move them into Puerto Rico's grasp."

It goes on:

> The fiscal plan allocates roughly $800 million a year in payments for creditors, compared with the $35 billion they are owed over the next decade. Sales taxes that had previously serviced only Cofina bonds would be commingled with other revenue streams and used for general purposes.

The article goes on to state:

> "Federal officials didn't invoke the same bankruptcy option for Cofina, the public entity that issued the sales tax bonds, though they could do so at any time without public notice.

      Thus, the fiscal plan is an admission by the Governor, Oversight Board and COFINA that the voluntary Title III filing on May 5, 2017 for bankruptcy protection for COFINA was not for the benefit of the financially solvent COFINA;  it was for the benefit of the Commonwealth of Puerto Rico to allow it to wrongfully take COFINA bondholder property.

      Section 303 – PROMESA prevents the Commonwealth from implementing its own measures through its own legislative or executive action.  This is exactly what Governor Rossello did.

      Attached hereto as Attachment B is the May 9, 2017 joint filing and Notice by the Puerto Rico Fiscal Agency and Financial Advisory Authority and COFINA advising of the May 5, 2017 filing and possible impact on COFINA bondholders.

Attached hereto as Attachment C is the April 7, 2017 U.S. Senate letter to the Chairman of FOMB which states in part:

> "As you know, PROMESA requires that a certified fiscal plan "respect the relative lawful priorities or lawful liens, as may be applicable, in the constitution, other laws, or agreements of a covered territory or covered territorial instrumentality." Unfortunately, your answer to this question was unsatisfactory. Rather than explaining why the Fiscal Plan was compliant, you merely stated that the Oversight Board has not taken a position on the dispute between the General Obligation and COFINA bondholders- a matter unrelated to the Fiscal Plan's compliance with PROMESA."

Attached hereto as Attachment D is the May 15, 2018 letter by Dominic Frederico, President and Chief Executive Officer of Assured Guaranty Ltd to the Oversight Board in response to the Revised Commonwealth Fiscal Plan it approved on April 19, 2018.

The letter is detailed and cogent. It supports why I request this Court to refer the May 5, 2017 filing and everything related that flows from it to the Department of Justice for criminal investigation. This includes the so called settlement now being orchestrated by the Oversight Board.

Mr. Frederico is in a position to reinstitute Assured's lawsuit against the Oversight Board. So it gave Assured and other similarly situated an offer they could not refuse. COFINA junior bondholders would take the hit.

The Court facilitated this by not making a decision on the summary judgment motion now before you for over 5 ½ months. The insurers still have a gun to their heads because this Court continues to grant stays of your decision. It is highly unlikely this Court does not know what it would be. Just as I stated in my September 20, 2018 letter, losing on the motion is better than a settlement that wrongfully takes my property, that of my family, and others similarly situated. If I lose, I still have the due process right to appeal.

I do not expect this Court to represent me. I do expect any court to protect me or anyone else from wrongdoing where it is in a much superior position. Here this Court is an active advocate of a proposed settlement that smells of a criminal conspiracy going back to early 2017. Example: I only learned recently that there was a filing for Title III bankruptcy protection; my letters to this Court assumed that, but for your stay on the motion, COFINA was ready, willing and able to meet its obligations. I since learned that as of May 5, 2017, it will not do so.

As soon as you were appointed, you were in a position to observe wrong doing; better than someone like me not looking for it.

I have had faith and respect for our system of justice for 38 years as an attorney. Right now this is being tested. The optics are troublesome. It looks like the Oversight Board is calling the shots at the Courthouse.

If the May 5, 2017 voluntary filing of the petition for bankruptcy protection for COFINA is illegal for the various reasons I set forth, then any settlement action that would flow from it cannot be entertained. As I read PROMESA, a lawful property lien on sales tax collections cannot be taken from me by a settlement vote concocted by others.

I respectfully ask the Court to refer the circumstances of the settlement negotiations to the Department of Justice for investigation along with what I set forth above regarding the circumstances of the May 5, 2017 filing for voluntary Title III bankruptcy protection for COFINA.

I ask this Court to appoint a guardian for COFINA and that the Court order the Oversight Board be disassociated from COFINA's affairs,

Thank you.

Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax

**FOX BUSINESS**

# Puerto Rico Bond Default Called Over Fiscal Plan's Debt Cut Update

Published May 05, 2017 | **Features** | **Dow Jones Newswires**

Puerto Rico's entry into court protection is exacerbating tensions between Wall Street firm holding sales-tax bonds that the territory's federal overseers want impaired.

Bank of New York Mellon Corp., the trustee for $17 billion in sales-tax bonds known as Cofi notified Puerto Rico in a Thursday letter that it believes events of default have occurred, according to a copy reviewed by WSJ Pro Bankruptcy.

The alleged defaults stem from the controversial fiscal plan that Puerto Rico's oversight bc adopted as its framework for restructuring a $73 billion mountain of public debt. Last wee Governor Ricardo Rossello signed a local law to comply with the fiscal plan that allows hin under certain circumstances to break the lockbox securing the sales tax revenues and mov them into Puerto Rico's grasp.

"As a result of these limitations and restrictions on Cofina's rights and ability to meet its obligations to bondholders, the commonwealth's enactment of the fiscal plan compliance constitutes a default," BNY Mellon said in the letter. A spokeswoman declined to comment further.

Creditors holding Cofina bonds, which Puerto Rico began issuing a decade ago as an alternative way to borrow, have continued to be paid even after Puerto Rico stopped servic other debts. Even so, Bank of New York's position has become increasingly untenable. All s indicate that Cofina's special status is likely to end, leaving the bank caught between senic creditors arguing that the oversight board's stated plans to confiscate the pledged sales ta

revenues are a default, and junior creditors who want to avoid an acceleration of the senior bonds.

This week the oversight board placed Puerto Rico under a restructuring proceeding akin to bankruptcy that empowers a federal court to write down bonds by force. The fiscal plan allocates roughly $800 million a year in payments for creditors, compared with the $35 billion they are owed over the next decade. Sales taxes that had previously serviced only Cofina bonds would be commingled with other revenue streams and used for general purposes.

U.S. Supreme Court Chief Justice John Roberts on Friday appointed U.S. District Judge Laura Taylor Swain of the Manhattan, New York federal court to preside over the unprecedented proceeding.

Federal officials didn't invoke the same bankruptcy option for Cofina, the public entity that issued the sales tax bonds, though they could do so at any time without public notice.

Judge Swain is a Brooklyn native who practiced employment law at Debevoise & Plimpton before assuming a bankruptcy judgeship in 1996. Former President Bill Clinton appointed her to the federal bench in 2000.

Whitebox Advisors LLC, a holder of senior bonds, and Ambac Assurance Corp., which guarantees senior bonds, recently sued Bank of New York complaining that the trustee had failed to protect their interests and prioritize their holdings over those of junior creditors.

Accelerating the maturity of senior bonds after a default would put their claims ahead of subordinated holders that include some of Puerto Rico's largest mutual-fund creditors.

Negotiations between Puerto Rico and major creditor groups collapsed last week when the territory indicated it wanted deeper debt concessions from Cofina creditors than from competing general obligation bondholders. The territory released offers to pay sales tax bondholders a maximum of 58 cents on the dollar, compared with 77 cents for so-called G creditors.

Puerto Rico later revised its offer to 90 cents on the dollar for the G.O.s, after which the oversight board stopped negotiations and placed the territory under bankruptcy protection reported by WSJ Pro Bankruptcy.

Write to Andrew Scurria at Andrew.Scurria@wsj.com

Puerto Rico's entry into court protection is exacerbating tensions between Wall Street firm holding sales-tax bonds that the territory's federal overseers want impaired.

Bank of New York Mellon Corp., the trustee for $17 billion in sales-tax bonds known as Cofi notified Puerto Rico in a Thursday letter that it believes events of default have occurred, according to a copy reviewed by WSJ Pro Bankruptcy.

The alleged defaults stem from the controversial fiscal plan that Puerto Rico's oversight bo adopted as its framework for restructuring a $73 billion mountain of public debt. Last wee Governor Ricardo Rossello signed a local law to comply with the fiscal plan that allows him under certain circumstances to break the lockbox securing the sales tax revenues and mov them into Puerto Rico's grasp.

"As a result of these limitations and restrictions on Cofina's rights and ability to meet its obligations to bondholders, the commonwealth's enactment of the fiscal plan compliance constitutes a default," BNY Mellon said in the letter. A spokeswoman declined to comment further.

A spokesman for the federal oversight board didn't immediately respond to a request for comment.

Creditors holding Cofina bonds, which Puerto Rico began issuing a decade ago as an alternative way to borrow, have continued to be paid even after Puerto Rico stopped servi other debts. Even so, Bank of New York's position has become increasingly untenable. All s indicate that Cofina's special status is likely to end, leaving the bank caught between senio creditors arguing that the oversight board's stated plans to confiscate the pledged sales ta revenues are a default, and junior creditors who want to avoid an acceleration of the senic bonds.

This week the oversight board placed Puerto Rico under a restructuring proceeding akin to bankruptcy that empowers a federal court to write down bonds by force. The fiscal plan allocates roughly $800 million a year in payments for creditors, compared with the $35 bill they are owed over the next decade. Sales taxes that had previously serviced only Cofina b would be commingled with other revenue streams and used for general purposes.

U.S. Supreme Court Chief Justice John Roberts on Friday appointed U.S. District Judge La Taylor Swain of the Manhattan, New York federal court to preside over the unprecedented proceeding.

Federal officials didn't invoke the same bankruptcy option for Cofina, the public entity tha issued the sales tax bonds, though they could do so at any time without public notice.

Judge Swain is a Brooklyn native who practiced employment law at Debevoise & Plimpton before assuming a bankruptcy judgeship in 1996. Former President Bill Clinton appointed to the federal bench in 2000.

Whitebox Advisors LLC, a holder of senior bonds, and Ambac Assurance Corp., which guarantees senior bonds, recently sued Bank of New York complaining that the trustee had failed to protect their interests and prioritize their holdings over those of junior creditors.

Accelerating the maturity of senior bonds after a default would put their claims ahead of subordinated holders that include some of Puerto Rico's largest mutual-fund creditors.

Negotiations between Puerto Rico and major creditor groups collapsed last week when the territory indicated it wanted deeper debt concessions from Cofina creditors than from competing general obligation bondholders. The territory released offers to pay sales tax bondholders a maximum of 58 cents on the dollar, compared with 77 cents for so-called G.O. creditors.

Puerto Rico later revised its offer to 90 cents on the dollar for the G.O.s, after which the oversight board stopped negotiations and placed the territory under bankruptcy protection, reported by WSJ Pro Bankruptcy.

Write to Andrew Scurria at Andrew.Scurria@wsj.com

(END) Dow Jones Newswires

May 05, 2017 16:52 ET (20:52 GMT)

---

**URL**

https://www.foxbusiness.com/features/puerto-rico-bond-default-called-over-fiscal-plans-debt-cuts-update

Quotes delayed at least 15 minutes. Real-time quotes provided by **BATS BZX Real-Time Price**. Market Data provided by Interactiv
(**Terms & Conditions**). Powered and Implemented by **Interactive Data Managed Solutions**. Company fundamental data provic
**Morningstar**. Earnings estimates data provided by Zacks. Mutual fund and ETF data provided by **Lipper**. Economic data provic
Econoday. Dow Jones & Company Terms & Conditions.

This material may not be published, broadcast, rewritten, or redistributed. ©2018 FOX News Network, LLC. All rights reserved.

**Privacy Policy**



# GOVERNMENT OF PUERTO RICO

## Puerto Rico Fiscal Agency and Financial Advisory Authority

## Municipal Secondary Market Disclosure Information Cover Sheet
## Municipal Securities Rulemaking Board (MSRB)
## Electronic Municipal Market Access System (EMMA)

**THIS FILING RELATES TO A SINGLE BOND ISSUE:**

Name of bond issue exactly as it appears on the cover of the Official Statement:

Nine-digit CUSIP numbers if available, to which the information relates:

**THIS FILING RELATES TO ALL OR SEVERAL SECURITIES ISSUED BY THE ISSUER, OR ALL OR SEVERAL SECURITIES OF A SPECIFIC CREDITOR:**

Issuer's Name:    **Puerto Rico Sales Tax Financing Corporation**

Other Obligated Person's Name (if any): _____

Six-digit CUSIP number(s):    **74529J**

**TYPE OF INFORMATION PROVIDED:**

**A.    Notice of an Event pursuant to Rule 15c2-12 (Check as appropriate)**

1. ☐ Principal / interest payment delinquency

2. ☐ Non-payment related default

3. ☐ Unscheduled draw on debt service reserve reflecting financial difficulties

4. ☐ Unscheduled draw on credit enhancement reflecting financial difficulties

5. ☐ Substitution of credit or liquidity provider, or their failure to perform

6. ☐ Adverse tax opinion or event affecting the tax-exempt status of the security

7. ☐ Modification to the rights of security holders

8. ☐ Bond call

9. ☐ Defeasance

10. ☐ Release, substitution or sale of property securing repayment of the security

11. ☐ Rating change

12. ☐ Failure to provide event filing information as required

13. ☐ Tender offer / secondary market purchases

14. ☐ Merger / consolidation / acquisition and sale of all or substantially all assets

15. ☒ Bankruptcy, insolvency, receivership, or similar event

16. ☐ Successor, additional or change in trustee

I represent that I am authorized by the issuer, obligor or its agent to distribute this information publicly.

*/s/ Sebastián M. Torres Rodríguez*
Sebastián M. Torres Rodríguez
Puerto Rico Fiscal Agency and Financial Advisory Authority,
    as Fiscal Agent for the Commonwealth

Dated: May 9, 2017



PO Box 42001 • San Juan, PR 00940-2001 • Telephone (787) 722-2525

**PUERTO RICO SALES TAX FINANCING CORPORATION**

**NOTICE OF FILING OF TITLE III PETITION ON MAY 5, 2017
UNDER SECTION 304(a) OF PROMESA**

On May 5, 2017, the Financial Oversight and Management Board for Puerto Rico filed a Title III Petition on behalf of the Puerto Rico Sales Tax Financing Corporation (the "Petition"), as representative of the debtor covered territorial instrumentality, under Section 304(a) of the Puerto Rico Oversight, Management, and Economic Stability Act of 2016 ("PROMESA").

The Petition was filed with the United States District Court for the District of Puerto Rico.

The Petition may have a significant impact on the holders of bonds and other obligations issued by the Puerto Rico Sales Tax Financing Corporation. Neither the Petition nor this notice purports to describe such impact to any such holders. The Petition was not prepared with a view to making investment decisions. In particular, the Petition and its schedules and exhibits contain financial projections and other forward-looking statements. Those forward-looking statements were not prepared with a view to investors making investment decisions and investors should not make investment decisions based on any forward-looking statements contained in the Petition and its schedules and exhibits. Furthermore, the Petition and its schedules and exhibits rely on preliminary information and unaudited financial information for 2015 and 2016 that may materially change upon the issuance of the audited financial statements for 2015 and 2016.

The Petition is included with this Notice.

PUERTO RICO SALES TAX FINANCING CORPORATION

Dated: May 9, 2017

TOM COTTON
ARKANSAS

124 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510
PHONE: (202) 224-2353

COMMITTEES
ARMED SERVICES

BANKING, HOUSING, AND
URBAN AFFAIRS
JOINT ECONOMIC COMMITTEE
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

Mr. Jose B. Carrion III
Chairman
Financial Oversight and Management Board for Puerto Rico
PO Box 192018
San Juan PR 00919-2018

Dear Chairman Carrion:

I thank you for your April 25 letter on the Fiscal Plan adopted by the Financial Oversight and Management Board of Puerto Rico. But I must be frank: I found your answers vague and unresponsive. I am compelled to write again to ensure that I—and the Arkansans I represent—receive specific answers. As taxpayers whose interests are directly impacted by the Oversight Board's actions, Arkansans deserve those answers.

Section 201(b)(1)(N) of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA) requires that the Fiscal Plan "**respect** the relative lawful priorities or lawful liens, as may be applicable, in the constitution, other laws, or agreements of a covered territory or covered territorial instrumentality." The Oversight Board claims that Congress, in using the word "respect," actually gave the board "flexibility" to decide which legal obligations to meet—which, in my book, is the exact opposite of what the word "respect" means.

According to the *Wall Street Journal*, retail investors in mutual funds nationwide stand to lose $5.4 billion as a result of the Board's bizarre interpretation. These retirees—many of whom are Puerto Rican—put their savings into these funds because of a constitutional guarantee that Congress twice approved. The Board's decision to subordinate the lawful priorities of bondholders has jeopardized the retirement savings of many Arkansans. In addition, this decision creates a dangerous precedent that property and investor rights are open to interpretation in a fiscal crisis, which could badly destabilize the municipal-bond market. If this is what "respecting" legal obligations means, what would "disrespecting" them look like?

Given the stakes, I have some additional questions I'd like to ask—and for you to answer:

1. **Did the Board anticipate that its interpretation would hurt the appeal of municipal and sovereign investment products and thus potentially raise the cost of public borrowing for all states and municipalities?**

I'd also point out that your letter didn't address why the Fiscal Plan fails to distinguish between essential expenses and non-essential ones.

2. **Is it the opinion of the Board that the servicing of Puerto Rico's lawful debt is a non-essential expense? Please explain.**

Once again, I request that the Board promptly address these questions with a much more detailed response than your letter of April 25.

JONESBORO
300 SOUTH CHURCH, SUITE 338
JONESBORO, AR 72401
(870) 933-6223

SPRINGDALE
1108 SOUTH OLD MISSOURI ROAD, SUITE B
SPRINGDALE, AR 72764
(479) 751-0879

LITTLE ROCK
1401 WEST CAPITOL AVENUE, SUITE 235
LITTLE ROCK, AR 72201
(501) 223-9081

EL DORADO
106 WEST MAIN STREET, SUITE 410
EL DORADO, AR 71730
(870) 864-8582

Finally, I'm asking Mick Mulvaney, director of the Office of Management and Budget, to provide my office with a list of all federal transfer payments to Puerto Rico and analyses of the per capita cost as compared to other states and territories.

I look forward to your prompt response.

Sincerely,

Tom Cotton
United States Senator

cc:     Don McGahn, White House Counsel
        Justin Clark, White House Director of Inter-Governmental Affairs
        Mick Mulvaney, Director, Office of Management and Budget

Search:

Español    



Our People    Corporate Structure    Governance and Policies    History    Company Statements

## Assured Guaranty Urges Puerto Rico Oversight Board to Reconsider Unlawful Fiscal Plan

May 15, 2018

*Dominic Frederico, President and Chief Executive Officer of Assured Guaranty Ltd., sent the following*
*letter on May 15, 2018, to the Financial Oversight and Management Board for Puerto Rico in response*
*to the Revised Commonwealth Fiscal Plan it approved on April 19, 2018.*

Jose B. Carrion III
Andrew G. Biggs
Carlos M. Garcia
Arthur J. Gonzalez
Jose R. Gonzalez
Ana J. Matosantos
David A. Skeel, Jr.

<u>Revised Commonwealth Fiscal Plan</u>

Dear Members of the Oversight Board:

This letter is being sent by Assured Guaranty Corp. and Assured Guaranty Municipal Corp. ("<u>Assured</u>") as insurer of approximately $1.6 billion of bonds issued or guaranteed by the Commonwealth of Puerto Rico, and approximately $1.9 billion of secured revenue bonds issued by HTA, COFINA, PRCCDA, University of Puerto Rico, and PRIFA.

You will recall that on October 6, 2017, Assured voluntarily withdrew a lawsuit[1] that Assured had been compelled to bring in response to the illegality and unconstitutionality of the fiscal plan that the Oversight Board approved on March 13, 2017 (the "<u>Original Fiscal Plan</u>").  As noted in that lawsuit, the Original Fiscal Plan violated numerous provisions of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), of the United States Constitution (the "<u>U.S. Constitution</u>"), and of the Constitution of the Commonwealth of Puerto Rico (the "<u>Commonwealth Constitution</u>").

Assured withdrew its lawsuit because it had been led to believe that the Oversight Board sought to "reset" its relations with Puerto Rico's creditors and that the Original Fiscal Plan would be re-drafted.  Assured hoped that this "reset" would entail a more open fiscal plan development process aimed at producing a constitutional and PROMESA-compliant fiscal plan benefitting from the input and support of creditors.

Unfortunately, the Oversight Board again formulated a fiscal plan without appropriate transparency of information and assumptions, and without collaboration with creditors.

Like the Original Fiscal Plan, the revised fiscal plan (the "<u>Revised Fiscal Plan</u>") approved on April 19, 2018, violates many of PROMESA's most significant statutory requirements, including:

- The requirement that a Fiscal Plan "respect the relative lawful priorities or lawful liens, as may be applicable, in the constitution, other laws, or agreements of a covered territory or covered territorial instrumentality in effect prior to the date of enactment [PROMESA]."  (PROMESA § 201(b)(1)(N).)  The Revised Fiscal Plan fails to satisfy this requirement, because, among other things, it (i) prioritizes general government expenditures over payment of the public debt in violation of Article VI, Section 8 of the Commonwealth Constitution, and (ii) allows for payment of Commonwealth general expenses from revenues that are pledged to the payment of bonds issued by HTA, PRCCDA, PRIFA, and other public corporations.  The Revised Fiscal

This website uses cookies. By using this website, you agree to our use of cookies. Click OK to agree and remove this banner,
or visit our <u>Privacy Policy</u> to learn how we use cookies and to opt out.

OK

- The requirement that a Fiscal Plan "respect[ ] the relative lawful priorities or lawful liens . . . of property that is not loaned to, transferred to, or otherwise used for the benefit of a covered territory or another covered territorial instrumentality of a covered territory." (PROMESA § 201(b)(1)(M).) Instead of prohibiting such illegal transfers of property from one government entity to another, the Revised Fiscal Plan actually mandates such illegal transfers by assuming the diversion of pledged revenues from HTA, PRCCDA, PRIFA, and their respective bondholders to the Commonwealth.

- The requirement that a Fiscal Plan ensure the funding of only "essential public services." (PROMESA § 201(b)(1)(B).) The Revised Fiscal Plan fails even to identify which public services are "essential," and therefore can hardly purport to ensure the funding of essential services (and only of essential services).

- The requirement that a Fiscal Plan provide a method to achieve "access to the capital markets." (PROMESA §§ 101(a); 201(b).) By disrespecting the rights and property interests of Puerto Rico's existing creditors, the Revised Fiscal Plan essentially guarantees that both retail and institutional investors will avoid investing in Puerto Rico for the foreseeable future.

We submit that the Oversight Board lacked authority to develop and approve a fiscal plan that, on its face, fails to even attempt to address these and other requirements of PROMESA.Furthermore, in addition to violating PROMESA for the reasons stated above, the Revised Fiscal Plan violates both the U.S. Constitution and the Commonwealth Constitution by substantially impairing the contractual rights of Assured and other creditors and by depriving them of property without just compensation or due process of law.

In addition to these legal defects, the Revised Fiscal Plan suffers from flawed methodologies and assumptions that result in an artificially pessimistic projection of Puerto Rico's future revenues, economic growth, and debt capacity.These include (i) an unrealistic and overly conservative assumption concerning the increase in healthcare costs paid by the Commonwealth and reduction in federal healthcare funding, notwithstanding that the Revised Fiscal Plan also projects significant population decline; (ii) failure to include federal funding beyond what is currently committed, ignoring Congress's practice of allocating additional funds on an ad hoc basis; and (iii) economic growth assumptions that do not fairly reflect stimulus from Community Disaster Loans, FEMA funds, and economic activity spurred by reconstruction efforts. The Revised Fiscal Plan also suffers from the ongoing lack of up-to-date audited financial statements or other public information needed to develop or assess a realistic fiscal plan. Notably, PROMESA required the Oversight Board to certify at the time of the Commonwealth's Title III filing that the Commonwealth had "adopted procedures necessary to deliver timely audited financial statements" (see PROMESA § 206(a)(2)(A)), and yet the Commonwealth has failed to deliver audited financial statements for fiscal years 2015, 2016, or 2017, notwithstanding that such financial statements are a fundamental and critical predicate to proper preparation of a fiscal plan.

We understand that the Oversight Board has attempted to be extremely "conservative" in its economic assumptions.We respectfully submit, however, that when extremely conservative assumptions are layered one upon another, those assumptions collectively move beyond conservative and simply become unrealistic.We expect that these unrealistic assumptions in conjunction with a lack of respect for lawful liens and Constitutional priorities will seriously impair Puerto Rico's access to capital markets for its development needs, and burden the residents of Puerto Rico with the cost of extended litigation and an exorbitant Oversight Board process.

In view of these grave legal, constitutional, and methodological infirmities, Assured requests that the Oversight Board revoke its purported approval of the Revised Fiscal Plan.In the event of such a revocation, Assured remains willing to work with the Oversight Board and other stakeholders to develop a sound fiscal plan that complies with PROMESA and with the U.S. and Commonwealth Constitutions.

Very truly yours,

*Dominic J. Frederico*

Dominic. J. Frederico
President and Chief Executive Officer

---

[1] Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al. (In re Financial Oversight and Management Board for Puerto Rico as representative of Commonwealth of Puerto Rico), Adv. Proc. No. 17-125-LTS (D.P.R.).

Terms of Use      Privacy Policy      Security      Contact      Site Map      Find a Global Location

©2018 Assured Guaranty Ltd.

This website uses cookies. By using this website, you agree to our use of cookies. Click OK to agree and remove this banner, or visit our Privacy Policy to learn how we use cookies and to opt out.

OK

Case:17-03283-LTS   Doc#:4485-6   Filed:12/14/18   Entered:12/14/18 16:01:43   Desc:
Exhibit Exhibit O   Page 41 of 123

September 20, 2018                                                      <u>Sent via Email</u>

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, NY 10007

   My name is Stephen T. Mangiaracina, Esq.  I am a COFINA  junior bondholder.

   On May 5, 2017, the Puerto Rico sales Tax Financing Corporation (COFINA) filed a Voluntary Petition for Title III  bankruptcy protection, which is attached hereto as Attachment A. An automatic stay was granted upon the filing.

   The issues presented by the filing are ones of criminality.  No default is claimed or an inability to pay on the two claims listed.  One is a specious credit SWAP by Lehman Brothers Holdings, Inc. and the other by KPMG, LLC for auditing fees.  The boxes to indicate whether the claims are contingent, unliquidated, or disputed are left blank.  At the time of the filing, COFINA had been in existence for approximately 11 years and, upon information and belief never filed for bankruptcy protection upon receiving a bill.

   COFINA was formed as an independent public corporation in 2006 by the then credit dead Commonwealth of Puerto Rico to raise money for the Commonwealth.  COFINA issued and sold bonds backed by sales taxes collected and held in trust, separate from the funds deposited into the Commonwealth's general treasury. This is distinct  from General Obligation bonds backed by the full faith and credit of the Commonwealth.

   Then on May 5, 2017, COFINA  sought a stay from meeting its obligations to  its bondholders, such as me; which it had never done before.  It listed itself as a debtor, but it was not in default of meeting any of its debt obligations or in danger of doing so.  By doing so, it turned itself over to the control of the Financial Oversight and Management Board (FOMB).

   Annexed hereto as Attachment B, is an opinion written by David Skeel, one of the members of FOMB. It is in the opinion section of the Wall Street Journal, September 13, 2018 edition. Mr Skeel set forth the FOMB's mission statement. Simply put, the FOMB will do anything and everything to restructure the Commonwealth's debt.  He states that in order for the FOMB to meet its goal, every constituency must bear some of the sacrifice,  Thus the right of a COFINA junior bondholder, such as me, to not have one's property wrongfully taken  along with the right to due process be damned.

   I respectfully ask the Court to refer the May 5, 2017 filing by COFINA to the Department of Justice for investigation as to whether there were criminal acts committed related to the filing.  It is hard to fathom the COFINA Directors filing without solicitation from members of the Financial Oversight and Management Board and the Commonwealth political class. The Directors are appointed by the Governor. There are more than sufficient sales tax revenues flowing into COFINA's trust account held by The Bank of New York Mellon, as Trustee to have met its obligations to its bondholders on May 5, 2017 and through the maturity of the bonds.

Thus, the filing would be for the specific purpose of giving the FOMB control over COFINA so it could manipulate a wrongful taking of property belonging to COFINA bondholders, for the benefit of the Commonwealth. This is what it is attempting to do right now. COFINA had no reason to file other than outside pressure placed on it. As a public corporation for 11 years it was doing just fine with meeting its obligations to its bondholders.

This Court entertained correspondence from interested parties that are now before the Court. I have sent the Court emails on August 15, 2018, August 10, 2018, August 7, 2018, July 2, 2018, June 27, 2018, June 15, 2018 and May 17, 2018, without further contacts (hereto attached as Attachment C). The Court entered this correspondence along with some from other interested parties on the Case Docket with the Court noting there were no responses.

Throughout the correspondence, my understanding was that COFINA was not in default and was ready, willing, and able to meet its obligations to its bondholders, but for a stay imposed by this Court, to remain until the issue as to COFINA's constitutionality was decided. I only learned recently that COFINA, while never in default on any of its debt obligations, filed for voluntary Title III bankruptcy protection.

My June 27, 2018 letter to the Court states in part:
"The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process. This is hubris at its best."

My June 15, 2018 letter to the Court states in part:
"My family just wants a decision. This settlement scheme being hatched smells. The Oversight Board's interests which are the Commonwealths, are contrary to those of the sales tax bondholders. It should not be allowed to orchestrate a settlement scenario where it controls everything including the outcome to avoid a decision it apparently fears coming soon. We do not have the deep pockets and organizational capacity to engage in such a charade. I assume most of the other sales tax bondholders are similarly situated. People (families) need to plan their lives and know where they stand, win or lose. I believe the Court at this point in time knows how it intends to rule on this matter. I respectfully ask the Court to render a decision. Thank you."

Mr Skeel (Attachment B) gives no mention of the "little people" who would be hurt if the Oversight Board could wrongfully take some of their property. COFINA junior bondholders are owned by retirees who are residents of Puerto Rico and elsewhere throughout the world. The income from these bonds is their pension. According to Mr. Skeel's callous view, anything goes as long as every constituency bears some of the sacrifice to restructure Puerto Rico's debt. Mr. Skeel is thus telling this Court that it will not be given the opportunity to render a decision on the summary judgment motion that could hold COFINA was constitutionally formed.

According to Mr. Skeel, the COFINA bondholders must have some sacrifice. Mr. Skeel set forth the Oversight Board's mission statement. If there is any chance above zero that the Oversight Board colluded with COFINA and others to file the May 5, 2017 voluntary petition for bankruptcy protection, so it could take over COFINA for the benefit of the Commonwealth and

to the detriment of its bondholders, Federal Agents, including forensic accountants should look into this.

If it turns out that criminality exists, then this Court would have aided and abetted a criminal enterprise. The Court has granted every request by the Oversight Board to stay a decision on the summary judgment motion before you. The Court has publically commented about terms of a proposed settlement and thus indicates it does not intend to render a decision. This emboldens the FOMB.

I have been an attorney for 38 years. The usual course of events, particularly a bench trial with several parties, is for all parties to approach the Court and suggest the possibility of a settlement exists and would request the Court assist. It could be the reverse and the Court asks all the parties if a chance of settlement exists and offers to help.

Here we have the FOMB, unelected political appointees instigating and controlling what it claims to be negotiations, right after the motion was submitted to this Court for decision on April 10, 2018.

The difference with a presiding judge assisting in settlement talks is that the Judge does not have skin in the game. The parties can walk away and continue the trial. Here, the FOMB has skin in the game. Its mission is to pull in as much money as it can for the Commonwealth. It can turn COFINA bondholders against each other. Here the victims are the retail junior bondholders. Deals were cut with insurance carriers and their insureds. Parties agreed not to sell their bonds to assure a successful vote down the road. The retail junior bondholders, whose bonds are not part of an institutions portfolio, which include both senior and junior, get sold out. COFINA will continue to survive and the parties' agreement will settle the motion. If this is not a criminal enterprise, what is?

If criminality exists now, it should not be made to disappear with a preordained vote. Issues of criminality must be addressed now. Does the Commonwealth get a special system of justice where due process is thrown out and a wrongful taking becomes legal because it gets anointed by the Court?

At the time of submission to the Court for decision and order on April 10, 2018, I felt very comfortable as to an ultimate decision. If COFINA is found to be constitutionally formed then its bondholders get back interest due, future interest until maturity of bonds and then payment of their face value by COFINA.

Yet even a decision by this Court holding COFINA was unconstitutionally formed would be better than a settlement that would wrongfully take my property and deny me the due process that comes with a decision and order. There would be the right to an appeal. In such case, the COFINA senior bondholders and their insurers would be the first to file notices of appeal. The seniors and juniors would all be same level general creditors of the Commonwealth.

I respectfully ask the Court to refer the circumstances of the settlement negotiations to the Department of Justice for investigation along with what I set forth above regarding the

circumstances of the May 5, 2017 filing for voluntary Title III bankruptcy protection for COFINA.

I ask the Court to appoint a guardian for COFINA and that the Court order that the FOMB be disassociated from COFINA's affairs.

Respectfully,
Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax

Case 17-03283-LTS Doc#4161-1 Filed 11/14/18 Entered 11/14/18 11:47... Desc:
Exhibit Attachment to September 20... Exhibit D Page 46 of 123

Case 17-03283-LTS Doc#4161-1 Filed 11/14/18 Entered 11/14/18 11:47... Desc:
Exhibit Attachment to September 20... Exhibit D Page 46 of 123  Judge Swain   Page 1 of 19

---

**Fill in this information to identify the case:**

United States District Court for the:
District of Puerto Rico

Case number *(if known):* _____ (PROMESA Title III)

☐ Check if this is
an amended filing

---

# Title III Petition for Covered Territory or Covered Instrumentality

This form is designed to comply with section 304(a) of Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2164 ("PROMESA").

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the Debtor's name and the case number (if known).

| | | |
|---|---|---|
| 1. | **Debtor's name** | Puerto Rico Sales Tax Financing Corporation (COFINA) |

| | | |
|---|---|---|
| 2. | **All other names Debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Corporación del Fondo de Interés Apremiante (COFINA) |

**3. Debtor's address**

**Principal place of business**

De Diego Avenue, Stop 22 or PO Box 42001
Number        Street

San Juan, PR 00940
City                State        ZIP Code

County

**Address for Financial Oversight and Management Board for Puerto Rico, as Representative of Debtor per PROMESA § 315**

Jacob Javits Federal Bldg., 26 Federal Plaza
Number        Street

Room 2-128, Attn: Jaime El Koury
P.O. Box

New York, NY 10278
City                State        ZIP Code

**4. Debtor's website (URL)**
**Financial Oversight and Management Board website (URL)**

http://www.gdb-pur.com/investors_resources/cofina.html
https://juntasupervision.pr.gov/index.php/en/home/

**5. Type of Title III Debtor**

☐ Covered Territory (as defined in PROMESA § 5(8))
☒ Covered Territorial Instrumentality (as defined in PROMESA § 5(7))

**6. Are any Title III or Title VI cases pending or being filed by an affiliate of the Debtor?**

List all cases. If more than 1, attach a separate list.

☐ No.
☒ Yes   Debtor   The Commonwealth of Puerto Rico   Relationship   Affiliate

District   Puerto Rico   When   05 / 03 / 2017
MM / DD / YYYY

Case number, if known   17-cv-1578

**7. Why is the Title III case filed in *this District*?**

Check all that apply:

☒ This is the United States District Court for the covered territory or covered territorial instrumentality, as applicable (PROMESA § 307(a))

☐ This is the United States District Court for the jurisdiction in which the Oversight Board maintains an office that is located outside of the territory (PROMESA § 307(b))

☐ Territory does not have a district court (U.S. District Court of Hawaii only) (PROMESA § 307(a))

page 1

| Debtor | COFINA | | Case number (if known) _____ |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

8. **Declaration and signature of Financial Oversight and Management Board for Puerto Rico as Representative of Debtor per PROMESA § 315.**

☒ The Debtor requests relief in accordance with Title III of PROMESA

☒ I have been authorized to file this petition on behalf of the Financial Oversight and Management Board for Puerto Rico.

☒ I have examined the information in this petition and the documents attached to this petition as listed below and have a reasonable belief that the information is true and correct.

    ☒ *Schedule A:* Certification of Resolutions Adopted by the Financial Oversight and Management Board for Puerto Rico Pursuant to PROMESA §§ 104(j) and 206(a).

    ☒ *Schedule B:* List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/05/2017
MM / DD /YYYY

X _____      Jaime El Koury
Signature                                         Printed name

Title _____

**Signature of Attorney for Financial Oversight and Management Board for Puerto Rico as Representative of Debtor per PROMESA § 315**

X _____      Date 05/05/2017
Signature                                         MM / DD /YYYY

Martin J. Bienenstock *(pro hac vice pending)*
Printed name

Proskauer Rose LLP
Firm name

11 Times Square
Number      Street

New York                                        NY      10036
City                                                  State    ZIP Code

212.969.3000                              mbienenstock@proskauer.com
Contact phone                            Email address

1542554                                       NY
Bar number                                  State

**Signature of Attorney for Financial Oversight and Management Board for Puerto Rico as representative of Debtor per PROMESA § 315**

X _____      Date May 5, 2017
Signature                                         MM / DD /YYYY

Hermann D. Bauer-Alvarez
Printed name

O'Neill & Borges LLC
Firm name

American International Plaza, 250 Muñoz Rivera Avenue, Ste. 800
Number      Street

San Juan, Puerto Rico                                        00918-1813
City                                                  State    ZIP Code

787-282-5723                              Hermann.Bauer@oneillborges.com
Contact phone                            Email address

215 205, Puerto Rico
Bar number                                  State

## Schedule A

**Certification of Resolutions Adopted by the Financial Oversight and Management Board**

# CERTIFICATION OF RESOLUTIONS ADOPTED BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO BY UNANIMOUS WRITTEN CONSENT

## (Puerto Rico Sales Tax Financing Corporation (COFINA))

I, the undersigned, General Counsel of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), do hereby certify that (i) attached is a true and correct copy of the resolutions of the Oversight Board adopted on May 5, 2017 by Unanimous Written Consent, and (ii) such resolutions have not been modified or rescinded, and remain in full force and effect.

By: _____
Name: Jaime El Koury
Title: General Counsel
Date: May 5, 2017

Case 17-03283-LTS Doc#4161-1 Filed 11/14/18 Entered 11/14/18 16:11:42 Desc:
Exhibit 2 Page 50 of 123



## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
## FOR PUERTO RICO

### UNANIMOUS WRITTEN CONSENT APPROVING AND ISSUING
### CERTIFICATIONS PURSUANT TO SECTIONS 104 AND 206 OF PROMESA
### FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA)

WHEREAS on June 30, 2016, the federal Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA")[1] was enacted; and

WHEREAS Section 101 of PROMESA created the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"); and

WHEREAS on September 30, 2016, the Puerto Rico Sales Tax Financing Corporation ("COFINA") was designated by the Oversight Board as a Covered Territorial Instrumentality pursuant to Section 101(d)(1)(A) of PROMESA; and

WHEREAS the Oversight Board has been advised that COFINA desires to effect a plan to adjust its debt pursuant to Title III of PROMESA; and

WHEREAS in connection with the commencement of a Title III case for COFINA, the Oversight Board is required (i) pursuant to Section 206 of PROMESA, to make certain Restructuring Determinations (as defined below) and to issue a restructuring certification as to such determinations, and (ii) pursuant to Section 104(j) of PROMESA, to certify the filing by COFINA of a voluntary petition under Title III of PROMESA; and

WHEREAS following discussions with COFINA and its legal and financial advisors, and after consultation with the Oversight Board's legal and financial advisors, and following extensive deliberation, the Oversight Board has determined, in its sole discretion, that (1) COFINA has made good-faith efforts to reach a consensual restructuring with creditors; (2) COFINA has adopted procedures necessary to deliver timely audited financial statements and made public draft financial statements and other information sufficient for any interested person to make an informed decision with respect to a possible restructuring; (3) COFINA is a Covered Territorial Instrumentality that is subject to a Territory Fiscal Plan certified by the Oversight Board; and (4) no order approving a Qualifying Modification under Section 601 of PROMESA has been entered with respect to COFINA (the foregoing determinations, the "Restructuring Determinations"); and

---

[1] Capitalized terms used but not defined herein have the definitions given to them in PROMESA.

WHEREAS following discussions with COFINA and its legal and financial advisors, and after consultation with the Oversight Board's legal and financial advisors, and following extensive deliberation, the Oversight Board has determined it is necessary and appropriate in order to protect the residents of Puerto Rico, and in the best interests of the creditors of COFINA, for a voluntary petition under Title III of PROMESA to be filed for COFINA in the United States District Court for the District of Puerto Rico (the "District Court"); and

WHEREAS it is the Oversight Board's intention in making its determinations in connection with such Title III filing (1) that such filing should not preclude efforts to implement consensual debt restructurings if possible and practicable, and (2) to continue negotiations with the creditors of COFINA with a view to implementing consensual debt restructurings to the extent possible and appropriate;

NOW, THEREFORE, IT IS HEREBY RESOLVED that the Oversight Board approves and certifies the Restructuring Determinations pursuant to section 206 of PROMESA; and it is further

RESOLVED that, pursuant to section 104(j) of PROMESA, the Oversight Board approves and certifies the filing in the District Court of a voluntary petition under Title III of PROMESA for COFINA at such time as the Chair or Executive Director of the Oversight Board determines to be appropriate; and it is further

RESOLVED that, for the avoidance of doubt, these resolutions shall constitute (i) the restructuring certificate required to be issued by the Oversight Board pursuant to Section 206 of PROMESA, and (ii) the certification required to be issued by the Oversight Board for the filing of a Title III petition for COFINA pursuant to Section 104(j) of PROMESA; and it is further

RESOLVED that the Executive Director, General Counsel and any other officer of the Oversight Board now or hereafter appointed by the Oversight Board (each, an "Authorized Officer") shall be, and each hereby is, authorized and empowered to execute and publish (including by attaching a copy thereof to a Title III Petition filed for COFINA) a certificate or certificates that certify (i) the Restructuring Determinations of the Oversight Board pursuant to Section 206 of PROMESA, (ii) the filing of a Title III petition for COFINA pursuant to Section 104(j) of PROMESA, and (iii) the other approvals and authorizations of the Oversight Board set forth in these resolutions; and it is further

RESOLVED that each Authorized Officer shall be, and each hereby is, authorized and empowered to execute and file in the name and on behalf of Oversight Board, as the "representative" of COFINA pursuant to Section 315 of PROMESA, all petitions (including, but not limited to, a Title III petition), schedules, motions, lists, applications, pleadings, affidavits and other papers to be filed in the District Court (and in such other courts of competent jurisdiction as may be applicable), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May ___, 2017

_____
José B. Carrión, Chair

Dated: May ___, 2017

_____
Andrew G. Biggs

Dated: May ___, 2017

_____
Carlos M. García

Dated: May ___, 2017

_____
Arthur J. González

Dated: May ___, 2017

_____
José R. González

Dated: May ___, 2017

_____
Ana J. Matosantos

Dated: May ___, 2017

_____
David A. Skeel, Jr.

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May __, 2017

_____
José B. Carrión, Chair

Dated: May _5_, 2017

_____
Andrew G. Biggs

Dated: May __, 2017

_____
Carlos M. García

Dated: May __, 2017

_____
Arthur J. González

Dated: May __, 2017

_____
José R. González

Dated: May __, 2017

_____
Ana J. Matosantos

Dated: May __, 2017

_____
David A. Skeel, Jr.

Case 17-03283-LTS Doc#4161-6 Filed 12/14/18 Entered 12/14/18 16:14:53 Desc:
Exhibit Attachment to September 2018 Exhibit D Page 9 of 19
Case 17-03283-LTS Doc#4161-6 Filed 12/14/18 Entered 12/14/18 16:14:53 Desc: Exhibit D Page 54 of 123 Judge Swain Page 9 of 19

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May ___, 2017         _____

                                             José B. Carrión, Chair

Dated: May ___, 2017         _____

                                               Andrew G. Biggs

Dated: May ___, 2017         _____

                                               Carlos M. García

Dated: May ___, 2017         _____

                                               Arthur J. González

Dated: May ___, 2017         _____

                                               José R. González

Dated: May ___, 2017         _____

                                               Ana J. Matosantos

Dated: May ___, 2017         _____

                                               David A. Skeel, Jr.

professionals, and to take and perform any and all further acts and deeds which such Authorize
Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May ___, 2017.

_____
José B. Carrión, Chair

Dated: May ___, 2017

_____
Andrew G. Biggs

Dated: May ___, 2017

_____
Carlos M. García

Dated: May 5, 2017

_____
Arthur J. González

Dated: May ___, 2017

_____
José R. González

Dated: May ___, 2017

_____
Ana J. Matosantos

Dated: May ___, 2017

_____
David A. Skeel, Jr.

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May __, 2017

_____
José B. Carrión, Chair

Dated: May __, 2017

_____
Andrew G. Biggs

Dated: May __, 2017

_____
Carlos M. García

Dated: May __, 2017

_____
Arthur J. González

Dated: May 5, 2017

_____
José R. González

Dated: May __, 2017

_____
Ana J. Matosantos

Dated: May __, 2017

_____
David A. Skeel, Jr.

3

Case 17-03283-LTS Doc#1401-16 Filed 12/14/18 Entered 12/14/18 16:11:42 Desc:
Exhibit Attachment to September 28 Langenmayr Declaration Exhibit 12 Page 57 of 123
Exhibit Attachment to September 28 Langenmayr Declaration Before Judge Swain Page 12 of 19

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May __, 2017

_____
José B. Carrión, Chair

Dated: May __, 2017

_____
Andrew G. Biggs

Dated: May __, 2017

_____
Carlos M. García

Dated: May __, 2017

_____
Arthur J. González

Dated: May __, 2017

_____
José R. González

Dated: May __, 2017

_____
Ana J. Matosantos

Dated: May __, 2017

_____
David A. Skeel, Jr.

professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with COFINA's Title III case.

Dated: May __, 2017

_____
José B. Carrión, Chair

Dated: May __, 2017

_____
Andrew G. Biggs

Dated: May __, 2017

_____
Carlos M. García

Dated: May __, 2017

_____
Arthur J. González

Dated: May __, 2017

_____
José R. González

Dated: May __, 2017

_____
Ana J. Matosantos

Dated: May 5, 2017

_____
David A. Skeel, Jr.

## Schedule B

**List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**

| Case Information | |
|---|---|
| Debtor : | Puerto Rico Sales Tax Financing Corporation |
| United States District Court for Puerto Rico | |
| Case Number: | _____ |

## List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders[1]

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of Claim |
|---|---|---|---|---|---|
| 1 | Lehman Brothers Holdings Inc. | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Garrett A. Fail<br>Fax: (212) 310-8007<br>Email: garrett.fail@weil.com | Legal Claim - SWAP | | $3,400,000 |
| 2 | KPMG, LLC | American Intl. Plaza, 250 Ave. Luis Muñoz Rivera<br>San Juan, PR 00918<br>Attn: Angel Perez & Luisette Negron<br>Fax: (787) 754-6175<br>Email: aperez@kpmg.com<br>lnegron@kpmg.com | Audit Fees | | $218,810.56 |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |
| 12 | | | | | |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |

---

[1] The Puerto Rico Sales Tax Financing Corporation reserves all rights to amend or supplement this list from time to time, in all respects, as may be necessary or appropriate. Nothing herein shall be deemed an admission or a waiver of any rights, claims, and defenses.

Case 17-03283-LTS Doc#4981-6 Filed 12/14/18 Entered 12/14/18 16:11:12 Desc:
Exhibit Attachment to September 2018 Exhibit 2 Page 61 of 123
Exhibit Attachment to September 2018 Exhibit 2 Page 61 of 123 Judge Swain Page 16 of 19

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of Claim |
|---|---|---|---|---|---|
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI): | Bauer-Alvarez, Hermann D.

USDC-PR Bar Number: | 215205

Email Address: | hermann.bauer@oneillborges.com

1.  Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

    Plaintiff: | Puerto Rico Sales Tax Financing Corporation (COFINA)(Debtor)

    Defendant: |

2.  Indicate the category to which this case belongs:

    ☒ Ordinary Civil Case
    ☐ Social Security
    ☐ Banking
    ☐ Injunction

3.  Indicate the title and number of related cases (if any).

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

    ☐ Yes
    ☒ No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

    ☐ Yes
    ☒ No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

    ☐ Yes
    ☒ No

Date Submitted: | 5/5/2017

rev. Dec. 2009

Print Form    Reset Form

JS 44 (Rev. 08/16)       **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Puerto Rico Sales Tax Financing Corporation (COFINA) (Debtor)

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Proskauer Rose LLP, 11 Times Square, New York, NY, 10036, Tel: 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; O'NEILL & BORGES LLC, 250 Muñoz Rivera Avenue, Suite 800, San Juan, PR 00918; Tel: (787) 764-8181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
48 U.S.C.A. §§ 2101-2241.
Brief description of cause:
Title III case under the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C.A. § 2101-2244

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE May 5, 2017

SIGNATURE OF ATTORNEY OF RECORD
Hermann D. Bauer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 1:17-cv-03808-LTS Document 2-5 Filed 10/24/17 Page 1 of 1 Case 1:17-cv-03888-LTS Document 25 Filed 12/14/17 Page 64 of 123 Case 1:17-cv-03888-LTS Document 1-3 Filed 05/22/17 Page 19 of 19 Exhibit Attachment to September Cover Page Barrage Exhibit Cover Page Barrage Judge Swain Page 19 of 19

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case:17-03283-LTS   Doc#:4481-6   Filed:12/14/18   Entered:12/14/18 16:11:43   Desc:
Exhibit Attachment to Exhibit D   Page 65 of 123
Case:17-03283-LTS   Doc#:4235-11   Filed:11/15/18   Entered:11/15/18 12:08:37   Desc:
Exhibit Exhibit D   September 20, 2018 Letter to Judge Swain   Page 1 of 3

# *The Protesters vs. the Bondholders*

The oversight board for Puerto Rico has a careful balancing act.

By David Skeel
Sept. 13, 2018 6:57 p.m. ET

69 Comments

    



Students of the University of Puerto Rico protest as a meeting of the Financial Oversight and Management Board takes place in San Juan, March 31, 2017. PHOTO: ALVIN BAEZ/REUTERS

'Wanted" posters with my picture on them recently appeared all over the campus where I teach. As one of the seven members of Puerto Rico's financial-oversight board, I am, the posters claimed, a "mercenary" who "demands the blood of Puerto Rican people to pay rich Wall Street bondholders."

If the anonymous authors of the sepia-toned, wild-west-style posters could only meet a few of the "rich Wall Street bondholders," they might see my colleagues and me a little differently. Perhaps a virtual introduction will suffice.

Start with Aurelius, a prominent hedge fund with large holdings of Puerto Rico bonds. In a lawsuit against the oversight board, Aurelius claims the process by which we were selected violates the Constitution's Appointments Clause. According to Aurelius, the actions we have taken are therefore null and void. A federal district judge rejected this argument; Aurelius is appealing.

Why blow up the work of the board? Because we're trying to reduce Puerto Rico's $74 billion of debt. On May 3, 2017, we filed bankruptcy-like proceedings (known as Title III) on behalf of the Commonwealth of Puerto Rico, as Congress authorized us to do in the Puerto Rico Oversight, Management, and Economic Stability Act of 2016, known as Promesa. Title III stops creditors from trying to collect what they're owed while we and the creditors negotiate the terms of a plan of adjustment. This would all go up in smoke if Aurelius prevailed in court. The hedge fund presumably believed it could force Puerto Rico to pay during the chaos that would ensue.

Other bondholders complain about the five-year fiscal plan we have certified, which is based largely but not entirely on adjustments proposed by Gov. Ricardo Rosselló. According to these creditors, the plan's cost savings and reforms (including "right sizing" of government and reductions in health-care costs) don't go far enough. They insist we also should use rosier projections of Puerto Rico's future economic growth, and of the amounts it can afford to pay creditors.

I'm certain the protesters who made the posters wouldn't agree. Other posters targeted Julia Keleher, Puerto Rico's education secretary and the architect of one of the most important reforms already initiated by Mr. Rosselló: a tough but needed restructuring of Puerto Rico's education system that involves school consolidations and closings to improve educational outcomes.

The oversight board has for the past two years navigated between the protesters' and creditors' perspectives, based on a conclusion that Puerto Rico can't climb out of its fiscal morass unless every constituency bears some of the sacrifice. The debt needs to be restructured, the cost of government reduced and pensions reformed.

9/17/2018

Case:17-03283-LTS Doc#:4481-6 Filed:12/14/18 Entered:12/14/18 16:11:43 Desc:
Exhibit Attachment to Exhibit Exhibit D Page 67 of 123

Case:17-03283-LTS Doc#:4285-11 Filed:11/13/18 Entered:11/13/18 12:08:57 Desc:
Exhibit 2018 Letter to Judge Swain Page 3 of 3

Promesa instructed the oversight board to help "achieve fiscal responsibility and access to the capital markets." This can be translated as "make everyone unhappy, and help put Puerto Rico on a path to financial recovery, so that the oversight board will no longer be necessary." We seem to have achieved the first of these objectives. We're working hard on the second.

*Mr. Skeel is a professor at the University of Pennsylvania Law School.*

From: stmangiaracina@aol.com
To: swaindprcorresp@nysd.uscourts.gov
Cc: stmangiaracina@aol.com
Sent: 8/15/2018 9:19:25 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy

Sent Via Email & Overnight
Delivery

    Hon. Laura Taylor Swain

    U.S.District Court S.D.N.Y.

    500 Pearl Street

    New York,N.Y. 10007


    My name is Stephen T. Mangiaracina.I recently sent you emails on behalf of my family,regarding the above on August 10,2018, August 7, 2018June 27, 2018,June 15,2018 and May 17, 2018. I also copied to the Court correspondence sent to the Willke Farr & Gallagher, LLP on June 2, 2018.

    I  recently read Barron's (Aug, 10, 2018) Caribbean Business MSC (Aug 8,2018) reporting the  Oversight  Board release  in part stating the  Oversight Board for the government of Puerto Rico reached an agreement with  debt holders to restructure the Commonwealth's Cofina bonds.....  The consensual  deal with all Cofina bondholders proves the Board's and Government's commitment to reach consensual agreement to Puerto Rico's debt whenever possible.FOMB director Natalle Jaresko said in a statement....  Under the agreement, the bondholders of senior and junior bonds will exchange the current notes for new senior lien notes backed by 54%  of a 5.5 sales tax....

....Senior bond holders will receive 93 cents on the dollar,with an additional 2 cents for being in the negotiating group. Junior bondholders will receive 56.4 cents on the dollar.Good news for Puerto Rico is good news for three bond insurers. The losses The senior Cofina bonds held by MBIA (ticker),Ambac Financial Group(AMBC) and Assured Guaranty(AGO) will be "modest' wrote Harry Fong at MKM Partners bur are likely to be "very close" to what the bond insurers estimated in their loss reserves as of June 30....Shares of the three companies climbed Thursday.... The key point today is that the Oversight Board, Puerto Rico and bondholders have come to an agreement on one of the terrory's debts,Fong wrote...

The Caribbean BusinessMCS news release is similar.

 San Juan- In  separate releases,Puerto Rico's Financial Oversight and Management Board and the governor both announced that the Board-as representative of the Puerto Rico Sales Tax Financing Corp.(Cofina by the Spanish acronym)in the bankruptcy-like process underTitle III of the Puerto Rico Oversight Management and Stability Act(Promesa)-the government and a number of bondholders reached a deal to restructure the instrumentality debt.

  "The agreement in principle" reached with senior and junior bondholders and monoline insurers includes new Cofina securities,under "terms that are aligned with the fiscal reality of Puerto

Rico" according to the release issued by the office of Gov.Ricardo Rossello....

The agreement in principle is the product of a mediation process ordered by Judge Laura Taylor
Swain.and led by Judge Barbara House and her team of mediating judges.

 In the Board's release Executive Director Natalle Jaresko wrote that the "objective has been to
achieve a debt restructuring agreement with all COFINA parties consistent with the agreement
in principle reached by the agents for the COFINA and Commonwealth,the terms of which were
announced on June 7, 2018 and we believe the agreement has honored that goal.

 The court agreed with the proposed protocol to settle the dispute over the 5.5 percent sales &
use tax. The designated Cofina agent is Belina Wyhte and the commonwealth agent is Luc
Despins, who represents the Unsecured Creditors Committee(UCC) in Title III proceeding,of
which bondholders are members....

.....In a statement the Cofina Senior Bondholders Coalition said: This agreement between the
Oversight Board and a substantial number of Cofina senior and subordinate creditors marks a
major milestone for Puerto Rico on its road to recovery. The terms lay the groundwork for future
capital markets access,equitable recoveries and the resumption of restructured cash interest for
all bondholders,including a large cross-section of local retirees and individuals.Importantly,the
deal also reduces Puerto Rico's debt by approximately $7 billion ,preserves access to low-cost
securitizations and increases the Commonwealth's FY2019 sales tax revenue by more than $360
million.

 In my August 7,2018 letter to you, I noted " In a business setting what the Oversight Board is
doing,through its Agents would be defined as tortious interference with contract.

 After reading the releases,I see i was too kind. It now appears to be a criminal enterprise to
conspire to take what is now owned by the Cofina junior bondholders and attempting to
legitimatize the taking by getting the Court to sign off on it.

 First, the independent corporation Cofina is not now in Title III bankruptcy. The issue on
motion submitted to you on April 10,2010, by the Unsecured Creditors Committee as Agent of
the Oversight Board as representative of the Oversight board, and Bettina Whyte as Agent of the
Oversight Board as representative of Cofina, is to determine whether it belongs in
the Commonwealth's Title III bankruptcy.Both sides submitted opposing advisory briefs to you
on the motion for summary judgment to this Court .This convoluted set up was necessary
because the Oversight Board claimed it wanted to remain neutral.

 About a month after submission, I called Willke Farr and spoke with the primary drafter of the
motion,arguing the formation of Cofina by the Commonwealth's legislature with the consent of
the executive branch did not violate Puerto Rico's Constitution. He graciously helped me find the
submission. I called him back to say he turned out some of the finest papers I ever read. The
Cofina legislation is supported by so much case law from many other states' highest courts that
ruled on similar issues in favor of such legislation,The courts deferred to a state's legislature, The
Commonwealth legislature in establishing Cofina did what these other states did .

 Although I still had doubts about the Oversight Board due to its overlapping relationships,I felt
very good, after reading the motion papers, there would be a favorable ruling that Cofina would
not be going into the Title III bankruptcy.If Cofina wins so do its bondholders since, although

not a named party,wee are a very interested one.This was until I learned the Oversight Board assigned both Agents to work on a "settlement" before this Court had ruled..The Oversight Board then showed its true colors that it was not neutral at all.


   As I stated before, a government entity cannot act or disavow its own duly passed laws,The Oversight Board is doing that because it now sits in the Commonwealth's shoes.Here the legislation was passed over 10 years ago establishing Cofina,This is very prejudicial to to the Cofina bond holders. The Oversight Board is thus indicating to the Court it wants to avoid a decision which it believes will be unfavorable to it.It also takes with it the Willke Farr law firm,after it wrote and submitted winning motion papers to the Court,  to help negotiate with the unsecured creditors, Willke Farr should have refused and I said so. Does this encourage the Court to ignore their winning papers and let the motion die. Te Oversight Board is now sending out self serving joint press releases, about the recent claim of settlement :as to whether if Cofina is part of the Title III bankruptcy is of no concern, because it is a fait  accompli. Various participants claim what a great accomplishment the"settlement' is,about how great it is for Puerto Rico and so many others.I do not mean any disrespect, but are they trying to scare you off from some unfinished business like a decision  or if you did  render a decision, because of the pressure, it would most likely go against Cofina .?

   Even though it is doing so without a legal basis, it is also shutting the  Cofina jujnior bondholders out of negotiations.it is clear from the news releases placed by the  Oversight Board that the juniors were not represented in the "agreement" negotiation.One Agent represented the unsecured creditors, with the help of the institutional  holders representative and the  insurance carrier's representative insuring the senior Cofina bonds

   The 2 cents on the dollar given to senior bond holders to cover their legal expenses for being in the negotiating group. The junior  bond holders were not awarded this because we were not included. at the table.

  Senior bond holders have a priority over juniors only if  Cofina were to default.Here Cofina has enough money to meet all its obligations to both seniors and juniors. If the juniors were at the table, the response would be that "we get what you get or we are out of here".

 The lack of our presence allowed the senior Cofina's to get  for all practical purposes payment in full without the court making a decision as to whether Cofina goes into the Title III  bankruptcy.The insurance carrier guarantor for the seniors had its loss exposure reduced   because of what was taken from the absent juniors,

  The notice that was given in the Caribbean Business MCS release, given by the Financial Oversight and Management Board,states "In a statement,the Senior Bondholders Coalition said " This agreement between the Oversight Board and a substantial number of COFINA senior and subordinate creditors marks a major milestone for Puerto Rico on its road to rercovery" Why use the term subordinate rather than junior ?

  I understand there is another request for an extention before you make a decision. This time 60 days so they can present some agreement to you..Wouldn't it be something if their thinking is presentation of a fully executed settlement document  for you to sign off on and they also have an order  for you to sign addressing your decision on the motion now before you since its submission on August `10,2018.

  Did the Oversight Board pull a bait and switch to gain total control over the Title III bankruptcy issue and Cofina? In claiming neutrality ,appointing two Agents,one for the unsecured creditors

and one for Cofina, with each to brief and argue one side of the motion, the Oversight Board has
been able to view the submissions to the Court and determine that the unsecured creditors would
lose and Cofina would remain tndependant to meet its original obligations to its bondholders.
So with no intention of waiting for this decision, it went into

" settlement mode" where it now controls both sides to get a desired outcome
which if approved,it will ripoff the Cofina junior bondholders


 The Oversight Board and the unsecured creditors , with the "settlement" terms that have now
been published,have thus admitted that Cofina was validly created by the Commonwealth
legislature . The plan is to have Cofina continue to exist, This is an admission that the legislature
did not violate Puerto Rico's constitution in creating Cofina.

This is an excerpt from your hearing on April 10,20189 as reported by Nick brown,Edited by N.
Zieminski ;


   Stancil and other GO side lawyers said debt is senior to all obligations.


  GO holders have the first claim on " available sources.

  Stancil said and it can't just be assumed away that

  available  resources means whatever the legislature

  says"


 " it's up to the court to define,'he said.


  Judge Swain had pointed questions,though,

  How she asked Stancil " Is the court in position

  to determine whether babies should eat or traffic lights

  fiixed before bondholders get paid?


  Swain also noted that Puerto Rico's constitutional debt limit

  only applied to debt backed by Puerto Rico's full faith and credit,

  such as GO debt.

  It could have been written to encompass all debt,she said

  but it wasn't written that way"

   I believe after hearing you,is when a firm decision was made, by the Oversight Board and the

unsecured creditors,to act quickly to entertain "settlement" even though there is no authority to do so.without a decision and order by you.They saw the handwriting on the wall and believed then and now that they will lose.It is clear you were referring to the Cofina bondholders waiting to be paid.

In speaking with insiders to the proposed "settlement" that, while the goal is have it completed by the end of the year,that is not likely and normally in these situations interest will not be paid,before a decision and order by the Court.

Cofina junior bondholders should not be forced into an unsecured creditor class subject to majority votes and the actions of others beyond our control,so as to help Puerto Rico out of bankruptcy and reduce the loses of the unsecured creditors and others.

The unsecured creditors filed a claim stating Cofina should be in Title III bankruptcy, submtted briefs and argued in a proceeding before you on April 10, 2018 when the motion was submitted for a decision on the merits and then,instead of waiting for that decision, the Oversight Board quickly began "settlement" machinations; sent out self serving press releases, along with input from other participants stating how great this all is for Puerto Rico, claiming success while inferring that Cofina is already in Title III bankruptcy.It was wrongful to ever begin going down this road so as to deny Cofina junior bondholders,such as my family, the due process of a decision on the merits by you,before our money is taken from us.

Just our rejection of what is going on is sufficient to stop this take over attempt of Cofina, which is in effect a takeover of Cofina junior bond holders' property.

I believe there are grounds for a referral to the Department of Justice for investigation.This will not go away.

I respectfully ask the Court to render a decision and remove the stay sua sponte.Thank you.

Stephen T. Mangiaracina

5 Salem Road

Hilton Headf Island,SC 29928
Tel. 843 785 5800

Fax.843 785 5800

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 8/10/2018 3:08:16 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

                                           Sent Via Email &  Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl Street

New York,N.Y. 10007

Dear Judge Swain

   My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my
family,regarding the above on August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018.
I also copied to the Court correspondence sent to the Willkie Farr & Gallagher,LLP. law firm on
July 2, 2018.

   As to the issues that were put before you,via motion on April 10, 2018,for decision addressing
the validity of Cofina and the sale of its bonds, I ask  the Court to make an  interim decision
first.The Court  granted equitable relief to the unsecured creditors with a stay stopping payments
by Cofina to its sales tax bond holders during the pendency of the motion issues. This was done
ex parte. Sales tax bond holders,such as my family never had a day in your Court to oppose the
granting of the stay because we are not part of the bankruptcy;so I settle for writing letters.The
caption on the motion submitted to the Court states the Oversight Board represents the
Commonwealth. One issue which would have been  raised is the principle that the
government  cannot disavow or act contrary to its own duly passed legislation(.Estoppel).Here,
that is the creation of  Cofina by the Commonwealth as an independent corporation
and  approved by the executive branch, authorized  to sell bonds secured by sales taxes, that once
collected are transferred to the Cofina trustee to meet its obligations to its bond holders.Here  the
Oversight Board by its actions is  disavowing Cofina's statutory existence and purpose.Claiming
to be neutral does not cut it.Example-The Commonwealth should not be paying the legal fees of
the unsecured creditors on what is now before the Court. The Oversight Board thus facilitated
the stay.

Another point that would have been raised is that unsecured creditors had record notice at the issuance of the Cofina bond public offerings in 2006 and 2007. If they felt their interests were compromised, they could have lobbied the Commonwealth legislature to express concerns or sought injunctive relief preventing the establishment of Cofina and its bond issues prior to sale, rather than after a bankruptcy filing 10 years later, after sales tax bond holders made their purchases. It was not a secret in 2006/2007 that the Commonwealth of Puerto Rico was credit dead.

The main point I would have argued to the Court is the unlikelihood of success of the claim that Cofina was not validly created.In looking at how the highest courts of several states (Massaachusetts, New York,etc) addressed similar issues, the tests applied are all similar. The courts deferred to the state legislatures.As long as the legislation was tightly defined,all state income does not have to go into its treasury first and withdrawn by specified appropriations by its legislature. The Commonwealth legislature in establishing Cofina did what all these other states did. It's as if they were following a textbook.

The stay was granted ex parte.This justifies starting over. I ask that the Court do so sua sponte It can always be granted again but with due process this time.

Cofina should no longer be treated like the Scarecrow in the Wizard of Oz. It should be given a brain. Willke Farr, or anyone else who answers to the Oversight board, should not be associated with controlling this independent corporation. This Court should appoint attorneys to represent Cofina and approve payment of legal fees.These attorneys should be responsible for representing and arguing in favor of Cofina's validity, its ongoing relationship with its bond holders, meeting Cofina's obligations and protecting it.

Cofina upon being given a brain would now argue for its own life.The caption now states the Oversight Board represents Cofina. This is flawed since Cofina is outside the bankruptcy proceeding.This would simply be changed to its own attorneys representing its interests.

This would address my August 7,2018 correspondence to the Court expressing my feeling of being defenseless. The Court would now be addressing the due process issues affecting my family whose bonds along with Cofina are outside the bankruptcy proceeding.I think it will also be a good thing for the rest of us similarly situated and the Court too..
I believe Cofina's existence including the sale of its bonds is valid. The Court may not have to get to this issue after addressing the equitable ones.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina

5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800

Fax 843 785 4100

Sent from AOL Desktop

In a message dated 8/7/2018 3:40:53 PM Eastern Standard Time,
stmangiaracina@aol.com
writes:

                                                            Sent Via Email & Overnight Delivery


          Hon. Laura Taylor Swain

          U.S. District Court S.D. N.Y.

          500 Pearl  Street

          New York.N.Y. 10007


          Dear Judge Swain:

  My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,
regarding the above on June 27,2018, June 15,2018 and May 17,2018. Please see below. I also
copied to the Court correspondence sent to the Willke ,Farr,& Gallagher.,LLP. law firm on July
2,2018.

  I write to you after reading the attached copy of the August 2,2018 Cate Long Twitter blog
notice. It is a request to delay again a decision date  by the Court, from August 4.2018 to
September 12,2018, on the validity of Cofina and the sale of its bonds, backed by sales tax
revenues of the Commonwealth of Puerto Rico.
'
  What should first be determined is whether the present actions of the Agents who are both
controlled  by the Oversight Board, are legal and ethical. In my opinion I respectfully say "No".
Much of what has to be said,I addressed in my earlier correspondence. Kindly refer.

  As to Cofina, the Willke Farr & Gallagher LLP law firm was retained  by the Oversight Board
only to give the Court an advisory argument in the now submitted  summary  judgment motion
supporting the validity of Cofina. Cofina is presently not part of the Commonwealth bankruptcy.
It remains ready,willing and able to meet all its obligations  to its sales tax bond holders but for
the stay.   My family opposes the firm doing anything that includes claiming to act on behalf of
Cofina to effect a "settlement" that would be contrary to our interests. The caption on the motion
before you states that the Commonwealth is the plaintiff and the defendant is Cofina.The caption
also states that the Oversight Board represents the Commonwealth.

  Willkie Farr argued for the defendant, which as an independent  corporation is not now part of
the Commonwealth bankruptcy proceeding. While being on the payroll of the Oversight Board,
which would gain what the sales tax bond holders would lose in "settlement", Willkie
Farr  would  have to work to bring Cofina, a corporation independent of the Commonwealth,
into the bankruptcy proceeding,along with its bond holders. It is not retained by, nor did it
represent Cofina. Thus it is acting at the behest of its client Oversight Board which is acting in
the interest of the Commonwealth. The Commonwealth and its unsecured creditors have
opposing interests from that of the Cofina bond holders whose interests are secured by the sales
taxes

The unsecured creditors,already in the Commonwealth bankruptcy proceeding,with their legal counsel are in it to settle their claims with the  Oversight Board.The Oversight Board does not have the authority/standing to orchestrate a plot to take control of Cofina,which is not in the bankruptcy proceeding and then going after secured sales tax bond holders like my family,also not in the proceeding,  to approve a predetermined "settlement" agreement.

In a business setting, what the Oversight Board is doing,through its attorneys and Agents, would be defined as tortious interference with contract. In the present environment,sales tax bond holders are defenseless and thus must rely on this Court to protect us. All I can do is write letters to the Court . We should not have to watch as an outcome is manipulated so as to deny us due process. What is going on should not be allowed to take place. As I wrote to the Court in an earlier letter, sales tax bond holders do not have the deep pockets and organizational capacity to fight against this  farce that has been created to drag us into the bankruptcy proceeding

I respectfully ask the Court to render its decision and remove the stay sua sponte.Thank you.

Stephen T. Mangiaracina

5 Salem Road

Hilton Head Island,Sc 29928

Tel. 843 785 5800

843 785 4100



**Cate Long** @cate_long Aug 2

Agents for Puerto Rico govt & Cofina bondholders ask Title lll court to allow them to continue negotiating Cofina settlement past Aug 4 deadline. Req new dealine of Sept 12. Appears that agents dont have sufficient bondholders on board yet (pg 4)

https://drive.google.com/file/d/14hsz0aTGF1CS3EKS15F104lzYYAUZBql/view?usp=sharing … #muniland

5.    Third, the Agents and other parties in interest have been working toward the satisfaction of the various conditions precedent to the Settlement Agreement.  Among other conditions precedent, prior to the execution of the Settlement Agreement, (i) the Commonwealth Agent must be satisfied (in its sole discretion) that a sufficient number of holders of COFINA bonds shall support COFINA's title III plan incorporating the Settlement Agreement, and (ii) the COFINA Agent must be satisfied (in its sole discretion) that all restructured securities issued by COFINA (or a new entity established pursuant to COFINA's title III plan) will be tax-exempt to the extent permitted under applicable law.  Discussions are ongoing between the Agents and other parties in interest in order to satisfy these conditions precedent, although the Agents cannot disclose any details of those discussions due to the mediation privilege.  However, as of the date of this Motion, it is clear that the conditions precedent would not be satisfied on or before August 4, 2018, which is the current expiration date of the abeyance period.  Additionally, as mentioned by counsel to the Commonwealth Agent at the omnibus hearing on July 25, 2018, there are several other issues that may require further negotiation and discussion, which may impact the timing, process, and execution of the Settlement Agreement.[4]

Sent from AOL Desktop

In a message dated 6/27/2018 9:23:49 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D.N.Y.

500 Pearl Street

New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018. Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy. Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth. The Commonwealth has not defaulted on any obligations it owes us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government. It is made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders. The stay imposed by the Court is not a default. If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

Unless the Court were to first find in the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy. Since Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision. It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago. It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision. This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the issue. Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then. When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out. Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation. It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process. This is hubris at its best. What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina sales tax bond holders. How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st.

.

Sent from AOL Desktop

In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

    Hon. Laura Taylor Swain

    U.S.District Court,S.D.N.Y.

    500 Pearl Street

    New York,N.Y.10007

    Dear Judge Swain:

   My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.

  I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.

  Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.

  Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.

  Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their   client is  one and the same. They cannot  put form over substance to fog up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.

  I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.       They are in effect retained by

the same Oversight Board. Why bring up settlement now at the 11th hour when a decision is
fairly imminent? They have the same client,the Oversight Board, no matter what the caption
says.The sales tax bond holders including those "little people" Puerto Rico retirees are not part
of that caption.

The fact is that in 2006/2007 Puerto Rico was credit dead.,But for the creation of Cofina by the
Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a
"lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond
holders have a right to rely on the Commonwealth's representations and actions made over 10
years ago.The Commonwealth and its Control Board charged with managing it and its financial
affairs should be estopped from claiming and acting otherwise.

Cofina is a corporation formed for a purpose by the Commonwealth..But for the Court putting
a stay on the payment of interest,it would not be in default.Even if Willkie Farr only argued to
establish the validity of Cofina and not on behalf of bond holders in what is before the Court
,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to
approve a settlement,will Willkie Farr argue that its submission,on behalf of the Oversight
Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and
reply covered thoroughly every single issue Why would the firm do this at this point if not
taking its marching orders from the Oversight Board ? In the true sense, it is not representing a
client as is normally understood. This would be severely prejudicial for the sales tax bond
holders.

I submit to the Court that the assigned mission for each firm is to argue opposite sides to
enable the Court to render a decision on the merits.It does not include these firms being retained
to settle what my family and the other sales tax bond holders should get.They served their
limited purpose and I assume are being paid handsomely by the Oversight Board. .The caption
for what is before the Court clearly shows it is the ring leader..It was established to manage the
interests of the Commonwealth.The "little people" sales tax bond holders have not come to this
Court and suggested settlement before this Court renders its decision. My family just wants a
decision. This settlement scheme being hatched smells.The Oversight Board's interests which
are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be
allowed to orchestrate a settlement scenario where it controls everything including the
outcome to avoid a decision it apparently fears coming soon.We do not have the deep pockets
and organizational capability to engage in such a charade.I assume most of the other sales tax
bond holders are similarly situated,.People(families) need to plan their lives and know where
they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on
this matter.

I respectfully ask the Court to render its decision.Thank you.
Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island,SC 29928
Tel. 843 785 5800

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico
Bankruptcy


Sent: 5/17/2018 3:51:12 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

 Hon. Laura Taylor Swain

 U.S. District Court, S.D.N.Y.

 500 Pearl Street

 New York,NY 10007

 Dear Judge Swain:

  My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales
tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018
you heard arguments on the issues before you before taking the matter for decision and
order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to
meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying
interest owed every 6 mounts and at maturity paying the full par value of the bonds.

  Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there
has been no default since these bonds were first issued over 10 years ago.There has been no
default on the payment of principal on  any matured  Cofina bonds.

 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on
behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane,
Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty
Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my
suggestion. We all await your decision.

  I am duly licensed to practice law in the states of New York, South Carolina,and Florida (
presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.
5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800
Fax.843 785 2400

From: stmangiaracina@aol.com
To: ckoenig@willkie.com
Cc: swaindprcorresp@nysd.uscourts.gov, stmangiaracina@aol.com
Sent: 7/2/2018 8:39:33 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy


     July 2, 2018

                             Sent Via Email & Overnight Delivery


     Christopher Koenig,Esq.
     Willkie Farr & Gallagher LLP
     787 Seventh Avenue
     New York,NY 100019-6009

     Dear Chris:

     We last spoke when i called you on Wednesday 6/13/2018. I expressed my dismay at learning your    firm  requested a delay from Judge Swain in rendering a decision on the summary judgment motion submitted to her on April 10, 2018.The reason given is that your firm is engaged in settlement negotiations that would avoid a need for a decision by the Court on the validity of Cofina's existence and its issuance and sale of bonds secured by sales taxes collected. Thus during the delay,the stay preventing  the Cofina  trustee,although ready,willing and able to make timely interest payments to bond holders,both senior and  junior,would remain in effect.

     I was very careful not to direct my displeasure at you, a good person but rather at those at your firm calling the shots.  Your firm is conflicted and  therefore has no business engaging in "settlement" negotiations that would impact the Cofina bond holders which includes me and my family.

     The Oversight Board chose not to acknowledge the validity of Cofina established over ten years ago.  Instead it retained your firm to argue and submit briefs in favor of its existence and actions. It retained another law firm, believed to be Proskauer Rose LLP to  argue against it. You had the facts on your side and did  outstanding work.

     It was assumed the Court would render a decision as soon as reasonably possible, particularly because of the stay on payments by Cofina to its sales tax bond holders who along with Cofina are not part of the bankruptcy.

     Apparently, what you did was so good that at the 11th hour the Oversight Board, whose mission it is to steer the Commonwealth of Puerto Rico out of bankruptcy, had both law firms reach out to the Court.  The Oversight Board's purpose was to request a delay in the Court's decision by claiming a settlement was reached.  Willkie Farr should have refused.  It did the job for which it was retained.  The new job assignment for the two firms appears to be deciding how much money to take through "settlement "  from the sales tax bond holders like my family and turn it over to the Commonwealth; this is of course all being subject to approval by the Oversight Board, both  firms' client. This is settling with yourself.  It is no secret that the Oversight Board pays its New York attorneys very well;  some have said too well, and the Court is addressing this issue.

Case 17-03283-LTS   Doc#4481-2   Filed 12/14/18   Entered 12/14/18 16:11:43   Desc:
Exhibit Exhibit 20   Page 85 of 123

You said I could object to the settlement approximately in September when everything will be put before the Court for approval. By then it would be to late.  The conflict is glaring.  Willkie Farr should get out and advise the Court it is no longer seeking a delay on the motion decision.If not, the Court should go forward anyway.

I have included three letters to Judge Swain dated 6/27/2018, 6/15/2018 and 5/17/2018.  They express more fully my concerns.  I have also copied the Court this correspondence.

Thank you.

Sincerely,

Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

Sent from AOL Desktop
In a message dated 6/27/2018 9:30:13 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

                                                     Sent Via Email & Overnight Delivery


       Hon. Laura Taylor Swain
       U.S. District Court S.D.N.Y.
       500 Pearl Street
       New York, N.Y. 10007


       Dear Judge Swain:

       My name is Stephen T. Mangiaracina.  I recently sent you emails on behalf of my family
regarding the above on June 15, 2018 and May 17, 2018.  Please see below.

       The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico
which is in bankruptcy.  Our bonds were not purchased from, nor secured by the full faith and
credit of the Commonwealth.  The Commonwealth has not defaulted on any obligations it owes
us, since it has none.

       Sales tax bond holders are secured creditors of Cofina, established as an independent
corporation by the Commonwealth government.  It was made independent, free of any control by
the Commonwealth, because there would have been no market for its bonds otherwise.

       The Cofina bond trustee has been ready, willing and able to continue to meet all its
obligations to all its sales tax bond holders.  The stay imposed by the Court is not a default.  If
Cofina did default, we sales tax bond holders could not claim recourse against the
Commonwealth.

       Unless the Court were to first find, based on  the motion papers for summary judgment
before it on April 10, 2018, that the establishment of Cofina and its commitments to its
bondholders are invalid, any settlement  regarding Commonwealth creditors, cannot include
Cofina. Although its very existence is being challenged, it is not part of the bankruptcy.  Since
Cofina is not in default, its bond holders have no claim against it.

       Arguments for both sides of the issue have been fully briefed and submitted to the Court on
April 10, 2018 for decision.  It is one thing for the Court requiring sufficient time to render a
decision on a matter submitted to it over two months ago.  It is quite another for those seeking
the demise of Cofina to request a delay in the publication of a decision.  This would be to the
detriment of the sales tax bond holders such as my family who have already missed two bond
payments due to the stay and another payment is due August 1st.

       Settlement efforts regarding the many creditors of the Commonwealth are not the
issue.  Cofina and its sales tax bond holders just do not belong in them.

       I called and spoke with someone at Willkie Farr. I was told a settlement had been reached
and not to expect anything to happen until sometime in September when I will be given an
opportunity to object to any settlement then.  When I asked if the Court was informed, the reply
was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina's sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st?

Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

It would be unconscionable to expose sales tax bond holders,under financial duress,to these settlement predators.  If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

The equitable remedy of a stay never should have happened.  At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it.  If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

Those seeking the stay would have had an insurmountable burden to overcome.  For over 10 years, no one including the Commonwealth,ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

.

Sent from AOL Desktop
In a message dated 6/15/2018 8:45:04 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

Hon. Laura Taylor Swain
U.S.District Court,S.D.N.Y.
500 Pearl Street
New York,N.Y.10007


Dear Judge Swain:


My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family
regarding the above,  dated 5/17/18. Please see below.


I just learned that there is a proposed settlement that will be presented to you by the agents for
the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the
issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a
decision of record prior to entertaining any settlement discussion,.


Again ,please make a decision on the matters that were submitted to you over two months ago.I
have read the arguments by both agents including the history of the sales tax bonds from their
birth until the present.The papers were submitted by the law firms retained by the Oversight
Board to represent each agent for and against the validity of Cofina and its sales tax bond issues
beginning over 10 years ago.


Whatever your decision, I trust it will be well reasoned and thorough.There is the right to
appeal. It is the only thing that will give due process to the 'little people'. Once settlement is
entertained, the big boys take control over our interests with no end in sight.


Under the unique circumstances of what is before you, I respectfully suggest it would be
unethical for the law  firms representing their "client " to present a settlement proposal to avoid a
decision by you.Their   client  is  one and the same. They cannot  put form over substance to fog
up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the
Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court
goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there
will be no issue as to senior or  junior sales tax bond holders since there is more than enough
money collected to meet the obligation to pay both.If there is a settlement,that issue will be
reserved for settlement on another day.If the Court renders a decision,this will not be an issue
later.


I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my
understanding that they only represent the agent for Cofina and not its bondholders. Let me just
say I am content with what I read. Now after hearing about settlement,I am very displeased. By
the quality and extent of their papers I can only imagine what a major national law firm charges
for this work.The same is true for their "adversary" law firm,.      They are in effect retained by
the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is

Case:17-03283-LTS Doc#:4481-12 Filed:12/14/18 Entered:12/14/18 16:10:47 Desc:
Exhibit Attachment to September 20, 2018 Exhibit 20 Page 8 of 128
Case:17-03283-LTS Doc#:4481-12 Filed:12/14/18 Entered:12/14/18 16:10:47 Desc: Exhibit to Judge Swain Page 22 of 24

fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.


 The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's  representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.


 Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply  covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.


 I  submit to the Court that the assigned mission for each firm is to argue opposite  sides to enable the Court to render a decision on the merits.It does not include  these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched  smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including  the outcome  to avoid a decision it apparently  fears coming soon.We do not have the deep pockets and organizational capability  to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.



 I respectfully ask the Court to render its decision.Thank you.


 Stephen T. Mangiaracina
 5 Salem Road
 Hilton Head Island,SC 29928
 Tel. 843 785 5800
 Fax. 843 7852400

Case 17-03283-LTS Doc#4481-12 Filed 12/14/18 Entered 12/14/18 16:10:43 Desc:
Exhibit Attachment to September 20 2018 Letter to Judge Swain Page 23 of 24

Case 17-03283-LTS Doc#4485-12 Filed 12/13/18 Entered 12/13/18 12:08:37 Desc:
Exhibit Exhibit 20 Page 90 of 123

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico Bankruptcy


Hon. Laura Taylor Swain

U.S. District Court, S.D.N.Y.

500 Pearl Street

New York,NY 10007


Dear Judge Swain:

  My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018 you heard arguments on the issues before you before taking the matter for decision and order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying interest owed every 6 mounts and at maturity paying the full par value of the bonds.

  Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there has been no default since these bonds were first issued over 10 years ago.There has been no default on the payment of principal on  any matured  Cofina bonds.
 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane, Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my suggestion. We all await your decision.

I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.

5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800

Fax.843 785 2400

From: stmangiaracina@aol.com
To: swaindprcorresp@nysd.uscourts.gov
Cc: stmangiaracina@aol.com
Sent: 8/15/2018 9:19:25 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S.District Court S.D.N.Y.

500 Pearl Street

New York,N.Y. 10007


    My name is Stephen T. Mangiaracina.I recently sent you emails on behalf of my family,regarding the above on August 10,2018, August 7, 2018June 27, 2018,June 15,2018 and May 17, 2018. I also copied to the Court correspondence sent to the Willke Farr & Gallagher, LLP on June 2, 2018.

    I  recently read Barron's (Aug, 10, 2018) Caribbean Business MSC (Aug 8,2018) reporting the  Oversight  Board release  in part stating the  Oversight Board for the government of Puerto Rico reached an agreement with  debt holders to restructure the Commonwealth's Cofina bonds.....  The consensual  deal with all Cofina bondholders proves the Board's and Government's commitment to reach consensual agreement to Puerto Rico's debt whenever possible.FOMB director Natalle Jaresko said in a statement....  Under the agreement, the bondholders of senior and junior bonds will exchange the current notes for new senior lien notes backed by 54%  of a 5.5 sales tax....

....Senior bond holders will receive 93 cents on the dollar,with an additional 2 cents for being in the negotiating group. Junior bondholders will receive 56.4 cents on the dollar.Good news for Puerto Rico is good news for three bond insurers. The losses The senior Cofina bonds held by MBIA (ticker),Ambac Financial Group(AMBC) and Assured Guaranty(AGO) will be "modest' wrote Harry Fong at MKM Partners bur are likely to be "very close" to what the bond insurers estimated in their loss reserves as of June 30....Shares of the three companies climbed Thursday.... The key point today is that the Oversight Board, Puerto Rico and bondholders have come to an agreement on one of the terrory's debts,Fong wrote...

The Caribbean BusinessMCS news release is similar.

 San Juan- In  separate releases,Puerto Rico's Financial Oversight and Management Board and the governor both announced that the Board-as representative of the Puerto Rico Sales Tax Financing Corp.(Cofina by the Spanish acronym)in the bankruptcy-like process underTitle III of

the Puerto Rico Oversight Management and Stability Act(Promesa)-the government and a
number of bondholders reached a deal to restructure the instrumentality debt.

"The agreement in principle" reached with senior and junior bondholders and monoline insurers
includes new Cofina securities,under "terms that are aligned with the fiscal reality of Puerto
Rico" according to the release issued by the office of Gov.Ricardo Rossello....

The agreement in principle is the product of a mediation process ordered by Judge Laura Taylor
Swain.and led by Judge Barbara House and her team of mediating judges.

In the Board's release Executive Director Natalle Jaresko wrote that the "objective has been to
achieve a debt restructuring agreement with all COFINA parties consistent with the agreement
in principle reached by the agents for the COFINA and Commonwealth,the terms of which were
announced on June 7, 2018 and we believe the agreement has honored that goal.

The court agreed with the proposed protocol to settle the dispute over the 5.5 percent sales &
use tax. The designated Cofina agent is Belina Wyhte and the commonwealth agent is Luc
Despins, who represents the Unsecured Creditors Committee(UCC) in Title III proceeding,of
which bondholders are members....

.....In a statement the Cofina Senior Bondholders Coalition said: This agreement between the
Oversight Board and a substantial number of Cofina senior and subordinate creditors marks a
major milestone for Puerto Rico on its road to recovery. The terms lay the groundwork for future
capital markets access,equitable recoveries and the resumption of restructured cash interest for
all bondholders,including a large cross-section of local retirees and individuals.Importantly,the
deal also reduces Puerto Rico's debt by approximately $7 billion ,preserves access to low-cost
securitizations and increases the Commonwealth's FY2019 sales tax revenue by more than $360
million.

In my August 7,2018 letter to you, I noted " In a business setting what the Oversight Board is
doing,through its Agents would be defined as tortious interference with contract.

After reading the releases,I see i was too kind. It now appears to be a criminal enterprise to
conspire to take what is now owned by the Cofina junior bondholders and attempting to
legitimatize the taking by getting the Court to sign off on it.

First, the independent corporation Cofina is not now in Title III bankruptcy. The issue on
motion submitted to you on April 10,2010, by the Unsecured Creditors Committee as Agent of
the Oversight Board as representative of the Oversight board, and Bettina Whyte as Agent of the
Oversight Board as representative of Cofina, is to determine whether it belongs in
the Commonwealth's Title III bankruptcy.Both sides submitted opposing advisory briefs to you
on the motion for summary judgment to this Court .This convoluted set up was necessary
because the Oversight Board claimed it wanted to remain neutral.

About a month after submission, I called Willke Farr and spoke with the primary drafter of the motion,arguing the formation of Cofina by the Commonwealth's legislature with the consent of the executive branch did not violate Puerto Rico's Constitution. He graciously helped me find the submission. I called him back to say he turned out some of the finest papers I ever read. The Cofina legislation is supported by so much case law from many other states' highest courts that ruled on similar issues in favor of such legislation,The courts deferred to a state's legislature, The Commonwealth legislature in establishing Cofina did what these other states did .

Although I still had doubts about the Oversight Board due to its overlapping relationships,I felt very good, after reading the motion papers, there would be a favorable ruling that Cofina would not be going into the Title III bankruptcy.If Cofina wins so do its bondholders since, although not a named party,wee are a very interested one.This was until I learned the Oversight Board assigned both Agents to work on a "settlement" before this Court had ruled..The Oversight Board then showed its true colors that it was not neutral at all.

As I stated before, a government entity cannot act or disavow its own duly passed laws,The Oversight Board is doing that because it now sits in the Commonwealth's shoes.Here the legislation was passed over 10 years ago establishing Cofina,This is very prejudicial to to the Cofina bond holders. The Oversight Board is thus indicating to the Court it wants to avoid a decision which it believes will be unfavorable to it.It also takes with it the Willke Farr law firm,after it wrote and submitted winning motion papers to the Court, to help negotiate with the unsecured creditors, Willke Farr should have refused and I said so. Does this encourage the Court to ignore their winning papers and let the motion die. Te Oversight Board is now sending out self serving joint press releases, about the recent claim of settlement :as to whether if Cofina is part of the Title III bankruptcy is of no concern, because it is a fait accompli. Various participants claim what a great accomplishment the"settlement' is,about how great it is for Puerto Rico and so many others.I do not mean any disrespect, but are they trying to scare you off from some unfinished business like a decision or if you did render a decision, because of the pressure, it would most likely go against Cofina .?

Even though it is doing so without a legal basis, it is also shutting the Cofina jujnior bondholders out of negotiations.it is clear from the news releases placed by the Oversight Board that the juniors were not represented in the "agreement" negotiation.One Agent represented the unsecured creditors, with the help of the institutional holders representative and the insurance carrier's representative insuring the senior Cofina bonds

The 2 cents on the dollar given to senior bond holders to cover their legal expenses for being in the negotiating group. The junior bond holders were not awarded this because we were not included. at the table.

Senior bond holders have a priority over juniors only if Cofina were to default.Here Cofina has enough money to meet all its obligations to both seniors and juniors. If the juniors were at the table, the response would be that "we get what you get or we are out of here".

 The lack of our presence allowed the senior Cofina's to get  for all practical purposes payment in full without the court making a decision as to whether Cofina goes into the Title III  bankruptcy.The insurance carrier guarantor for the seniors had its loss exposure reduced   because of what was taken from the absent juniors,

 The notice that was given in the Caribbean Business MCS release, given by the Financial Oversight and Management Board,states "In a statement,the Senior Bondholders Coalition said " This agreement between the Oversight Board and a substantial number of COFINA senior and subordinate creditors marks a major milestone for Puerto Rico on its road to rercovery" Why use the term subordinate rather than junior ?

 I understand there is another request for an extention before you make a decision. This time 60 days so they can present some agreement to you..Wouldn't it be something if their thinking is presentation of a fully executed settlement document  for you to sign off on and they also have an order  for you to sign addressing your decision on the motion now before you since its submission on August `10,2018.

 Did the Oversight Board pull a bait and switch to gain total control over the Title III bankruptcy issue and Cofina? In claiming neutrality ,appointing two Agents,one for the unsecured creditors and one for Cofina, with each to brief and argue one side of the motion, the Oversight Board has been able to view the submissions to the Court and determine  that the unsecured creditors would lose and Cofina would remain tndependant  to meet its  original obligations to its bondholders. So with no intention of waiting for this decision, it went into

" settlement mode" where it now controls both sides to get a desired outcome which  if approved,it will ripoff the Cofina junior bondholders


 The Oversight Board and the unsecured creditors , with the "settlement" terms that have now been published,have thus admitted that Cofina was  validly created by the Commonwealth legislature . The plan is to have Cofina continue to exist, This is an admission that the legislature did not violate Puerto Rico's constitution in creating Cofina.

This is an excerpt from your hearing on April 10,20189 as reported by Nick brown,Edited by N. Zieminski ;


 Stancil and other GO side lawyers said debt is senior to all obligations.


 GO holders have the first claim on " available sources.

 Stancil said and it can't just be assumed away that

 available  resources means whatever the legislature

says"

" it's up to the court to define,'he said.

 Judge Swain had pointed questions,though,

 How she asked Stancil " Is the court in position

 to determine whether babies should eat or traffic lights

 fiixed before bondholders get paid?

 Swain also noted that Puerto Rico's constitutional debt limit

 only applied to debt backed by Puerto Rico's full faith and credit,

 such as GO debt.

 It could have been written to encompass all debt,she said

 but it wasn't written that way"

   I believe after hearing you,is when a firm decision was made, by the Oversight Board and the
unsecured creditors,to act quickly to entertain "settlement" even though there is no authority to
do so.without a decision and order by you.They saw the handwriting on the wall and believed
then and now that they will lose.It is clear you were referring to the Cofina bondholders waiting
to be paid.

In speaking with insiders to the proposed  "settlement" that, while the goal is have it completed
by the end of the year,that is not likely and normally in these situations interest will not be
paid,before a decision and order by the Court.

 Cofina junior bondholders should not be forced into an unsecured creditor class subject to
majority votes and the actions of others beyond our control,so as to help Puerto Rico out of
bankruptcy and reduce the loses of the unsecured  creditors and others.

   The unsecured creditors filed a claim stating Cofina should be in Title III  bankruptcy,
submtted  briefs and argued in a proceeding before you on April 10, 2018 when the motion was
submitted for a decision on the merits and then,instead of waiting for that decision,  the
Oversight Board quickly began "settlement" machinations; sent out self serving press releases,
along with input from other participants stating how great this all is for Puerto Rico, claiming
success while inferring that Cofina is already in Title III bankruptcy.It was wrongful to ever
begin  going down this road so as to deny Cofina junior bondholders,such as my family, the due

Case:17-03283-LTS   Doc#:4481-13   Filed:12/14/18   Entered:12/14/18 12:08:37   Desc:
Exhibit Exhibit D   Page 97 of 123

process of a decision on the merits by you,before our money is taken from us.

  Just our rejection of what is going on is sufficient to stop this take over attempt of Cofina,
which is in effect a takeover of Cofina junior bond holders' property.

  I believe there are grounds for a referral to the Department of Justice for investigation.This will
not go away.

  I respectfully ask the Court to render a decision and remove the stay sua sponte.Thank you.

  Stephen T. Mangiaracina

  5 Salem Road

  Hilton Headf Island,SC 29928
  Tel. 843 785 5800

  Fax.843 785 5800

Sent from AOL Desktop
From:
stmangiaracina@aol.com
To:
swaindprcorresp@nysd.uscourts.gov
Cc:
STMangiaracina@aol.com

Sent: 8/10/2018 3:08:16 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

Sent Via Email &  Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl Street

New York,N.Y. 10007

Dear Judge Swain

   My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my
family,regarding the above on August 7, 2018, June 27, 2018, June 15, 2018 and May 17, 2018. I
also copied to the Court correspondence sent to the Willkie Farr & Gallagher,LLP. law firm on
July 2, 2018.

   As to the issues that were put before you,via motion on April 10, 2018,for decision addressing
the validity of Cofina and the sale of its bonds, I ask  the Court to make an  interim decision
first.The Court  granted equitable relief to the unsecured creditors with a stay stopping payments
by Cofina to its sales tax bond holders during the pendency of the motion issues. This was done
ex parte. Sales tax bond holders,such as my family never had a day in your Court to oppose the
granting of the stay because we are not part of the bankruptcy;so I settle for writing letters.The
caption on the motion submitted to the Court states the Oversight Board represents the
Commonwealth. One issue which would have been  raised is the principle that the
government  cannot disavow or act contrary to its own duly passed legislation(.Estoppel).Here,
that is the creation of  Cofina by the Commonwealth as an independent corporation
and  approved by the executive branch, authorized  to sell bonds secured by sales taxes, that once
collected are transferred to the Cofina trustee to meet its obligations to its bond holders.Here  the
Oversight Board by its actions is  disavowing Cofina's statutory existence and purpose.Claiming
to be neutral does not cut it.Example-The Commonwealth should not be paying the legal fees of
the unsecured creditors on what is now before the Court. The Oversight Board thus facilitated the
stay.

Another point that would have been raised is that unsecured creditors had record notice at the issuance of the Cofina bond public offerings in 2006 and 2007. If they felt their interests were compromised, they could have lobbied the Commonwealth legislature to express concerns or sought injunctive relief preventing the establishment of Cofina and its bond issues prior to sale, rather than after a bankruptcy filing 10 years later, after sales tax bond holders made their purchases. It was not a secret in 2006/2007 that the Commonwealth of Puerto Rico was credit dead.

The main point I would have argued to the Court is the unlikelihood of success of the claim that Cofina was not validly created.In looking at how the highest courts of several states (Massaachusetts, New York,etc) addressed similar issues, the tests applied are all similar. The courts deferred to the state legislatures.As long as the legislation was tightly defined,all state income does not have to go into its treasury first and withdrawn by specified appropriations by its legislature. The Commonwealth legislature in establishing Cofina did what all these other states did. It's as if they were following a textbook.

The stay was granted ex parte.This justifies starting over. I ask that the Court do so sua sponte It can always be granted again but with due process this time.

Cofina should no longer be treated like the Scarecrow in the Wizard of Oz. It should be given a brain. Willke Farr, or anyone else who answers to the Oversight board, should not be associated with controlling this independent corporation. This Court should appoint attorneys to represent Cofina and approve payment of legal fees.These attorneys should be responsible for representing and arguing in favor of Cofina's validity, its ongoing relationship with its bond holders, meeting Cofina's obligations and protecting it.

Cofina upon being given a brain would now argue for its own life.The caption now states the Oversight Board represents Cofina. This is flawed since Cofina is outside the bankruptcy proceeding.This would simply be changed to its own attorneys representing its interests.

This would address my August 7,2018 correspondence to the Court expressing my feeling of being defenseless. The Court would now be addressing the due process issues affecting my family whose bonds along with Cofina are outside the bankruptcy proceeding.I think it will also be a good thing for the rest of us similarly situated and the Court too..

I believe Cofina's existence including the sale of its bonds is valid. The Court may not have to get to this issue after addressing the equitable ones.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800

Case 17-08288-LTS   Doc#4245-14   Filed 12/14/18   Entered 12/14/18 16:10:47   Desc:
Exhibit Exhibit D   Page 100 of 123

Fax 843 785 4100

Sent from AOL Desktop

In a message dated 8/7/2018 3:40:53 PM Eastern Standard Time,
stmangiaracina@aol.com
writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain

U.S. District Court S.D. N.Y.

500 Pearl  Street

New York.N.Y. 10007

Dear Judge Swain:

  My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family,
regarding the above on June 27,2018, June 15,2018 and May 17,2018. Please see below. I also
copied to the Court correspondence sent to the Willke ,Farr,& Gallagher.,LLP. law firm on July
2,2018.

  I write to you after reading the attached copy of the August 2,2018 Cate Long Twitter blog
notice. It is a request to delay again a decision date  by the Court, from August 4.2018 to
September 12,2018, on the validity of Cofina and the sale of its bonds, backed by sales tax
revenues of the Commonwealth of Puerto Rico.
,
  What should first be determined is whether the present actions of the Agents who are both
controlled  by the Oversight Board, are legal and ethical. In my opinion I respectfully say "No".
Much of what has to be said,I addressed in my earlier correspondence. Kindly refer.

  As to Cofina, the Willke Farr & Gallagher LLP law firm was retained  by the Oversight Board
only to give the Court an advisory argument in the now submitted  summary  judgment motion
supporting the validity of Cofina. Cofina is presently not part of the Commonwealth bankruptcy.
It remains ready,willing and able to meet all its obligations  to its sales tax bond holders but for
the stay.  My family opposes the firm doing anything that includes claiming to act on behalf of
Cofina to effect a "settlement" that would be contrary to our interests. The caption on the motion
before you states that the Commonwealth is the plaintiff and the defendant is Cofina.The caption
also states that the Oversight Board represents the Commonwealth.

  Willkie Farr argued for the defendant, which as an independent  corporation is not now part of
the Commonwealth bankruptcy proceeding. While being on the payroll of the Oversight Board,

which would gain what the sales tax bond holders would lose in "settlement", Willkie Farr would have to work to bring Cofina, a corporation independent of the Commonwealth, into the bankruptcy proceeding,along with its bond holders. It is not retained by, nor did it represent Cofina. Thus it is acting at the behest of its client Oversight Board which is acting in the interest of the Commonwealth. The Commonwealth and its unsecured creditors have opposing interests from that of the Cofina bond holders whose interests are secured by the sales taxes

  The unsecured creditors,already in the Commonwealth bankruptcy proceeding,with their legal counsel are in it to settle their claims with the Oversight Board.The Oversight Board does not have the authority/standing to orchestrate a plot to take control of Cofina,which is not in the bankruptcy proceeding and then going after secured sales tax bond holders like my family,also not in the proceeding, to approve a predetermined "settlement" agreement.

  In a business setting, what the Oversight Board is doing,through its attorneys and Agents, would be defined as tortious interference with contract. In the present environment,sales tax bond holders are defenseless and thus must rely on this Court to protect us. All I can do is write letters to the Court . We should not have to watch as an outcome is manipulated so as to deny us due process. What is going on should not be allowed to take place. As I wrote to the Court in an earlier letter, sales tax bond holders do not have the deep pockets and organizational capacity to fight against this farce that has been created to drag us into the bankruptcy proceeding

  I respectfully ask the Court to render its decision and remove the stay sua sponte.Thank you.

Stephen T. Mangiaracina

5 Salem Road

Hilton Head Island,Sc 29928

Tel. 843 785 5800

843 785 4100



**Cate Long** @cate_long Aug 2

Agents for Puerto Rico govt & Cofina bondholders ask Title lll court to allow them to continue negotiating Cofina settlement past Aug 4 deadline. Req new dealine of Sept 12. Appears that agents dont have sufficient bondholders on board yet (pg 4)

https://drive.google.com/file/d/14hsz0aTGF1CS3EKS15F104lzYYAUZBql/view?usp=sharing … #muniland

5.      Third, the Agents and other parties in interest have been working toward the satisfaction of the various conditions precedent to the Settlement Agreement. Among other conditions precedent, prior to the execution of the Settlement Agreement, (i) the Commonwealth Agent must be satisfied (in its sole discretion) that a sufficient number of holders of COFINA bonds shall support COFINA's title III plan incorporating the Settlement Agreement, and (ii) the COFINA Agent must be satisfied (in its sole discretion) that all restructured securities issued by COFINA (or a new entity established pursuant to COFINA's title III plan) will be tax-exempt to the extent permitted under applicable law. Discussions are ongoing between the Agents and other parties in interest in order to satisfy these conditions precedent, although the Agents cannot disclose any details of those discussions due to the mediation privilege. However, as of the date of this Motion, it is clear that the conditions precedent would not be satisfied on or before August 4, 2018, which is the current expiration date of the abeyance period. Additionally, as mentioned by counsel to the Commonwealth Agent at the omnibus hearing on July 25, 2018, there are several other issues that may require further negotiation and discussion, which may impact the timing, process, and execution of the Settlement Agreement.[4]

Sent from AOL Desktop

In a message dated 6/27/2018 9:23:49 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina.  I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018.  Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy.  Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth.  The Commonwealth has not defaulted on any obligations it owes us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government.  It is made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders.  The stay imposed by the Court is not a default.  If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

Unless the Court were to first find in the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement  regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy.  Since Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision.  It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago.  It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision.  This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the issue.  Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then.  When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st.

 Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

It would be unconscionable to expose sales tax bond holders,under financial duress,to these settlement predators.  If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

The equitable remedy of a stay never should have happened.  At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it.  If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

Those seeking the stay would have had an insurmountable burden to overcome.  For over 10 years, no one including the Commonwealth,ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.

I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

Sent from AOL Desktop

In a message dated 6/15/2018 8:45:04 AM Eastern Standard Time,
stmangiaracina@aol.com
writes:

    Hon. Laura Taylor Swain

    U.S.District Court,S.D.N.Y.

    500 Pearl Street

    New York,N.Y.10007


    Dear Judge Swain:

    My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above,  dated 5/17/18. Please see below.

    I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth  of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it  on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.

    Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.

    Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.

    Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law  firms representing their "client " to present a settlement proposal to avoid a decision by you.Their  client is  one and the same. They cannot  put form over substance to fog up this fact. How can you    negotiate  a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or  junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.

   I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,.     They are in effect retained by the same Oversight Board. Why bring up settlement  now at the 11th hour  when a decision is fairly imminent? They have the same client,the Oversight Board,  no matter what the caption says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part of that caption.

   The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a "lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond holders have a right to rely on the Commonwealth's  representations and actions made over 10 years ago.The Commonwealth  and its Control Board charged with managing it and its financial affairs should be estopped from claiming and acting otherwise.

   Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to establish the validity of  Cofina and not on behalf of bond holders in what is before the Court ,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and reply  covered thoroughly every single issue Why would the firm do this at this point if not taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a client as is normally understood. This would be severely prejudicial for the sales tax bond holders.

   I   submit to the Court that the assigned mission for each firm is to argue opposite  sides to enable the Court to render a decision on the merits.It does not include  these firms being retained to settle what my family and the other sales tax bond holders should get.They served their limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption for what is before the Court  clearly shows it is the ring leader..It was established to manage the interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this Court and suggested settlement before this Court renders its decision. My family just wants a decision. This settlement scheme being hatched  smells.The Oversight Board's interests which are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be allowed to orchestrate a settlement scenario where it controls everything including the outcome  to avoid a decision it apparently  fears coming soon.We do not have the deep pockets and organizational capability  to engage in such a charade.I assume most of the other sales tax bond holders are similarly situated,.People(families) need to plan their lives and know where they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on this matter.

Case 17-03283-LTS   Doc#4245-17   Filed 11/15/18   Entered 11/15/18 12:08:37   Desc:
Exhibit Exhibit D   Page 108 of 123

I respectfully ask the Court to render its decision.Thank you.

Stephen T. Mangiaracina

5 Salem Road

Hilton Head Island,SC 29928

Tel. 843 785 5800

Sent from AOL Desktop
From:
stmangiaracina@aol.com
To:
swaindprcorresp@nysd.uscourts.gov
Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico
Bankruptcy


Sent: 5/17/2018 3:51:12 PM Eastern Standard Time

Subject: Territory of Puerto Rico Bankruptcy

Hon. Laura Taylor Swain

U.S. District Court, S.D.N.Y.

500 Pearl Street

New York,NY 10007

Dear Judge Swain:

  My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales
tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018 you
heard arguments on the issues before you before taking the matter for decision and order.This
matter is deciding  the rights and priority to the sales taxes collected and set aside to meet the
obligations owed to sales tax bond holders( senior and junior) both as to timely paying interest
owed every 6 mounts and at maturity paying the full par value of the bonds.

  Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there
has been no default since these bonds were first issued over 10 years ago.There has been no
default on the payment of principal on  any matured  Cofina bonds.

 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on
behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane,
Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty
Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my
suggestion. We all await your decision.

  I am duly licensed to practice law in the states of New York, South Carolina,and Florida (

presently on retired status ).


   My concern now is what is appearing on the internet about settlement discussions, while your
decision is still pending These various groups negotiating have nothing in common with the
interests of my family. They represent pension funds,bond funds,etc. which manage various
Puerto Rico bond issues including general obligation bonds on behalf of those who have a
financial interest in these funds but do not have direct ownership of the bonds as my family does.

   None of these players have been given authorization to act on our behalf. We oppose this and
do not wish to be bound by any of the agreements that may be presented to you. This
would  deny us due process.

   The settlement negotiations,as reported, say the order of priority would be senior Cofina
,general obligations and then junior Cofina. The oversight board would also be a major player in
its approval. There are those,with conflicts of interest all over the place,looking to avoid this
Court making a decision that would make the junior Cofina bond owners whole.I assume the
fund managers now negotiating among themselves manage funds with  diversified portfolios
including both Cofina (senior and junior) and general obligation bonds among others.My family
only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon
information and belief,the paying agent for the collected sales taxes held in trust, would have
made all interest payments due but for the stay. To deem our bonds to be in default, is more
nuance than real. if any such settlement were effected,our bonds would be defaulted and we
would only get a small percentage of the face amount of our bonds.

   We do not have to be active participants for this Court to make a decision on the merits based
on the history of all the bond issues which is now before it. We purchased our bonds from FMS
Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our
ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both
senior and junior,have continued  recourse to all the sales taxes collected for both interest
payments, due now and in the future, and payment in full  of all money due at maturity to the
exclusion of the general obligation bond holders,If any of us are unhappy with the decision you
make,an appeal can be considered. At least due process would not be denied.

   I respectfully ask the Court to acknowledge receipt of this correspondence..

   Thank you.

   Stephen. T. Mangiaracina,Esq.
   5 Salem Road
   Hilton Head Island,SC 28828
   Tel, 843 785 5800
   Fax.843 785 2400

Case:17-03283-LTS  Doc#:4246-19  Filed:11/13/18  Entered:11/13/18 12:08:37  Desc:
Exhibit Exhibit D  Page 111 of 123

From: stmangiaracina@aol.com
To: ckoenig@willkie.com
Cc: swaindprcorresp@nysd.uscourts.gov, stmangiaracina@aol.com
Sent: 7/2/2018 8:39:33 AM Eastern Standard Time
Subject: Territory of Puerto Rico Bankruptcy


July 2, 2018

Sent Via Email & Overnight Delivery


Christopher Koenig,Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York,NY 100019-6009

Dear Chris:

We last spoke when i called you on Wednesday 6/13/2018. I expressed my dismay at learning your        firm  requested a delay from Judge Swain in rendering a decision on the summary judgment motion submitted to her on April 10, 2018.The reason given is that your firm is engaged in settlement negotiations that would avoid a need for a decision by the Court on the validity of Cofina's existence and its issuance and sale of bonds secured by sales taxes collected. Thus during the delay,the stay preventing  the Cofina   trustee,although ready,willing and able to make timely interest payments to bond holders,both senior and  junior,would remain in effect.

 I was very careful not to direct my displeasure at you, a good person but rather at those at your firm calling the shots.  Your firm is conflicted and  therefore has no business engaging in "settlement" negotiations that would impact the Cofina bond holders which includes me and my family.

The Oversight Board chose not to acknowledge the validity of Cofina established over ten years ago.  Instead it retained your firm to argue and submit briefs in favor of its existence and actions. It retained another law firm, believed to be Proskauer Rose LLP to  argue against it. You had the facts on your side and did  outstanding work.

It was assumed the Court would render a decision as soon as reasonably possible, particularly because of the stay on payments by Cofina to its sales tax bond holders who along with Cofina are not part of the bankruptcy.

Apparently, what you did was so good that at the 11th hour the Oversight Board, whose mission it is to steer the Commonwealth of Puerto Rico out of bankruptcy, had both law firms reach out to the Court.  The Oversight Board's purpose was to request a delay in the Court's decision by claiming a settlement was reached.  Willkie Farr should have refused.  It did the job for which it was retained.  The new job assignment for the two firms appears to be deciding how much money to take through "settlement "  from the sales tax bond holders like my family and turn it over to the Commonwealth; this is of course all being subject to approval by the Oversight Board, both  firms' client. This is settling with yourself.  It is no secret that the Oversight Board pays its New York attorneys very well;  some have said too well, and the Court is addressing this issue.

You said I could object to the settlement approximately in September when everything will
be put before the Court for approval. By then it would be to late.  The conflict is glaring.  Willkie
Farr should get out and advise the Court it is no longer seeking a delay on the motion decision.If
not, the Court should go forward anyway.

   I have included three letters to Judge Swain dated 6/27/2018, 6/15/2018 and
5/17/2018.  They express more fully my concerns.  I have also copied the Court this
correspondence.

   Thank you.

   Sincerely,

   Stephen T. Mangiaracina, Esq.
   5 Salem Road
   Hilton Head Island, SC 29928
   Tel. 843 785 5800
   Fax 843 785 4100

Sent from AOL Desktop
In a message dated 6/27/2018 9:30:13 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

Sent Via Email & Overnight Delivery

Hon. Laura Taylor Swain
U.S. District Court S.D.N.Y.
500 Pearl Street
New York, N.Y. 10007

Dear Judge Swain:

My name is Stephen T. Mangiaracina. I recently sent you emails on behalf of my family regarding the above on June 15, 2018 and May 17, 2018. Please see below.

The sales tax secured bond holders are not creditors of the Commonwealth of Puerto Rico which is in bankruptcy. Our bonds were not purchased from, nor secured by the full faith and credit of the Commonwealth. The Commonwealth has not defaulted on any obligations it owes us, since it has none.

Sales tax bond holders are secured creditors of Cofina, established as an independent corporation by the Commonwealth government. It was made independent, free of any control by the Commonwealth, because there would have been no market for its bonds otherwise.

The Cofina bond trustee has been ready, willing and able to continue to meet all its obligations to all its sales tax bond holders. The stay imposed by the Court is not a default. If Cofina did default, we sales tax bond holders could not claim recourse against the Commonwealth.

Unless the Court were to first find, based on the motion papers for summary judgment before it on April 10, 2018, that the establishment of Cofina and its commitments to its bondholders are invalid, any settlement regarding Commonwealth creditors, cannot include Cofina. Although its very existence is being challenged, it is not part of the bankruptcy. Since Cofina is not in default, its bond holders have no claim against it.

Arguments for both sides of the issue have been fully briefed and submitted to the Court on April 10, 2018 for decision. It is one thing for the Court requiring sufficient time to render a decision on a matter submitted to it over two months ago. It is quite another for those seeking the demise of Cofina to request a delay in the publication of a decision. This would be to the detriment of the sales tax bond holders such as my family who have already missed two bond payments due to the stay and another payment is due August 1st.

Settlement efforts regarding the many creditors of the Commonwealth are not the issue. Cofina and its sales tax bond holders just do not belong in them.

I called and spoke with someone at Willkie Farr. I was told a settlement had been reached and not to expect anything to happen until sometime in September when I will be given an opportunity to object to any settlement then. When I asked if the Court was informed, the reply was the Court said something like "This sounds monumental".

I am hoping this was the Court simply making an innocuous tongue in cheek comment and will think this out.  Yet, it is troubling that those having clout, compared to others who do not, have ready easy access to the Court and accommodation.  It challenges one's faith in the fairness of the judicial process.

If this is true, how can this Court justify holding off on publishing  a decision, as soon as reasonably possible, with the stay still in effect?

The efforts of those seeking "settlement" would result in the taking of property belonging to others and having it anointed by judicial process.  This is hubris at its best.  What plot would they hatch to have the Court gain jurisdiction over thousands of sales tax bond holders?

It is my understanding that the Cofina trustee will receive a sales tax money delivery shortly for the benefit of Cofina's sales tax bond holders.  How long will we be in a state of uncertainty as to whether Cofina will be permitted to pay its bond obligations, including the next one due August 1st?

Sales tax bond holders, particularly retirees including Puerto Rico residents, have suffered so much already. Financial distress grows greater by the day, while the position of those trying to avoid a decision gets brighter each day the stay remains in effect.

It would be unconscionable to expose sales tax bond holders,under financial duress,to these settlement predators.  If the stay were removed and all back interest payed, these settlement machinations would die forthwith.

The equitable remedy of a stay never should have happened.  At the time it was sought there was no one acting, on behalf of the Cofina sales tax bond holders, to oppose the request with the clout to match that of those seeking it.  If briefs, of the quality of those submitted to the Court on April 10, 2018, arguing for the validity of Cofina's existence, were before this Court in opposition to the stay, I suggest the Court would not have granted it.

Those seeking the stay would have had an insurmountable burden to overcome.  For over 10 years, no one including the Commonwealth,ever challenged Cofina's existence, its bond issues and sale of bonds, and timely payments by the Cofina trustee of interest to its bond holders. Issues and points of law would have been presented to the Court such as the unlikelihood of success of the claim against Cofina's existence, laches, bond buyer reliance and the irreparable harm to them, estoppel, etc. in opposition to the stay being granted.


I respectfully ask the Court to render its decision and remove the stay sua sponte. Thank you.

Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island, SC 29928
Tel. 843 785 5800
 Fax 843 785 4100

.

Sent from AOL Desktop
In a message dated 6/15/2018 8:45:04 AM Eastern Standard
Time, stmangiaracina@aol.com writes:

Hon. Laura Taylor Swain
U.S.District Court,S.D.N.Y.
500 Pearl Street
New York,N.Y.10007


Dear Judge Swain:


My name is Stephen T. Mangiaracina. I recently sent you an email on behalf of my family regarding the above, dated 5/17/18. Please see below.


I just learned that there is a proposed settlement that will be presented to you by the agents for the Commonwealth of Puerto Rico and Cofina prior to the Court rendering a decision on the issues put before it on April 10,2018. In my earlier letter,I implored the Court to please render a decision of record prior to entertaining any settlement discussion,.


Again ,please make a decision on the matters that were submitted to you over two months ago.I have read the arguments by both agents including the history of the sales tax bonds from their birth until the present.The papers were submitted by the law firms retained by the Oversight Board to represent each agent for and against the validity of Cofina and its sales tax bond issues beginning over 10 years ago.


Whatever your decision, I trust it will be well reasoned and thorough.There is the right to appeal. It is the only thing that will give due process to the 'little people'. Once settlement is entertained, the big boys take control over our interests with no end in sight.


Under the unique circumstances of what is before you, I respectfully suggest it would be unethical for the law firms representing their "client " to present a settlement proposal to avoid a decision by you.Their client is one and the same. They cannot put form over substance to fog up this fact. How can you negotiate a settlement with yourself ? Cofina was created by the Commonwealth to raise funds for the benefit of the Commonwealth.If what is before the Court goes to decision,and Cofina prevails, then all the sales tax bond holders prevail also and there will be no issue as to senior or junior sales tax bond holders since there is more than enough money collected to meet the obligation to pay both.If there is a settlement,that issue will be reserved for settlement on another day.If the Court renders a decision,this will not be an issue later.


I have read the submission to the Court by Willkie Farr & Gallagher LLP. It is my understanding that they only represent the agent for Cofina and not its bondholders. Let me just say I am content with what I read. Now after hearing about settlement,I am very displeased. By the quality and extent of their papers I can only imagine what a major national law firm charges for this work.The same is true for their "adversary" law firm,. They are in effect retained by the same Oversight Board. Why bring up settlement now at the 11th hour when a decision is

fairly imminent? They have the same client,the Oversight Board,  no matter what the caption
says.The  sales tax bond holders including those "little people" Puerto Rico retirees are not part
of that caption.


 The fact is that in 2006/2007  Puerto Rico was credit dead.,But for the creation of Cofina by the
Commonwealth and the sales taxes upon receipt belonging to Cofina and deposited into a
"lockbox" under its control,bond buyers could not have been lured to buy its bonds. Cofina bond
holders have a right to rely on the Commonwealth's  representations and actions made over 10
years ago.The Commonwealth  and its Control Board charged with managing it and its financial
affairs should be estopped from claiming and acting otherwise.


 Cofina is a corporation  formed for a purpose by the Commonwealth..But for the Court putting
a stay on the payment of interest,it would not be in default.Even if Willkie Farr  only argued to
establish the validity of  Cofina and not on behalf of bond holders in what is before the Court
,the fact is that if Cofina wins,so do all its bond holders. In order to now encourage the Court to
approve a settlement,will  Willkie Farr  argue that its submission,on behalf of the Oversight
Board,,has weaknesses? It sure looks great to me.Their summary judgment motion and
reply  covered thoroughly every single issue Why would the firm do this at this point if not
taking its marching orders from the Oversight Board ?  In the true sense, it is not representing a
client as is normally understood. This would be severely prejudicial for the sales tax bond
holders.


 I  submit to the Court that the assigned mission for each firm is to argue opposite  sides to
enable the Court to render a decision on the merits.It does not include  these firms being retained
to settle what my family and the other sales tax bond holders should get.They served their
limited  purpose and I assume are being paid handsomely by the Oversight Board. .The caption
for what is before the Court  clearly shows it is the ring leader..It was established to manage the
interests of the Commonwealth.The "little people"  sales tax bond holders have not come to this
Court and suggested settlement before this Court renders its decision. My family just wants a
decision. This settlement scheme being hatched  smells.The Oversight Board's interests which
are the Commonwealth, are contrary to those of the sales tax bond holders. .It should not be
allowed to orchestrate a settlement scenario where it controls everything including  the
outcome  to avoid a decision it apparently  fears coming soon.We do not have the deep pockets
and organizational capability  to engage in such a charade.I assume most of the other sales tax
bond holders are similarly situated,.People(families) need to plan their lives and know where
they stand,win or lose. I believe the Court at this point in time knows how it intends to rule on
this matter.


 I respectfully ask the Court to render its decision.Thank you.


Stephen T. Mangiaracina
5 Salem Road
Hilton Head Island,SC 29928
Tel. 843 785 5800
Fax. 843 7852400

Sent from AOL Desktop

From:
stmangiaracina@aol.com

To:
swaindprcorresp@nysd.uscourts.gov

Cc:
STMangiaracina@aol.com

Sent: 5/17/2018 4:01:13 PM Eastern Standard Time

Subject: Fwd: Territory of Puerto Rico Bankruptcy


Hon. Laura Taylor Swain

U.S. District Court, S.D.N.Y.

500 Pearl Street

New York,NY 10007


Dear Judge Swain:

   My name is Stephen T. Mangiaracina. My wife MaryAnn and I are owners of Cofina (sales
tax) junior bonds which are a subject of the above proceedings before you. On April 10,2018
you heard arguments on the issues before you before taking the matter for decision and
order.This matter is deciding   the rights and priority to the sales taxes collected and set aside to
meet the obligations owed to sales tax bond holders( senior and junior) both as to timely paying
interest owed every 6 mounts and at maturity paying the full par value of the bonds.

   Up until the bankruptcy  and the Court staying the payment of the interest on these bonds, there
has been no default since these bonds were first issued over 10 years ago.There has been no
default on the payment of principal on  any matured  Cofina bonds.
 My wife and I resiide at 5 Salem Road,Hilton Head Island ,SC29928. I also write to you also on
behalf of my daughter Kim and her husband Steven Schidrich who reside at 2 Stillwater Lane,
Bluffton,SC 29910 and my wife's sister Georgiana Persichilli. residing at 6 Doharty
Lane,Bluffton SC 29909.They also purchased Puerto Rico Cofina junior sales tax bonds at my
suggestion. We all await your decision.

I am duly licensed to practice law in the states of New York, South Carolina,and Florida ( presently on retired status ).

My concern now is what is appearing on the internet about settlement discussions, while your decision is still pending These various groups negotiating have nothing in common with the interests of my family. They represent pension funds,bond funds,etc. which manage various Puerto Rico bond issues including general obligation bonds on behalf of those who have a financial interest in these funds but do not have direct ownership of the bonds as my family does.

None of these players have been given authorization to act on our behalf. We oppose this and do not wish to be bound by any of the agreements that may be presented to you. This would  deny us due process.

The settlement negotiations,as reported, say the order of priority would be senior Cofina ,general obligations and then junior Cofina. The oversight board would also be a major player in its approval. There are those,with conflicts of interest all over the place,looking to avoid this Court making a decision that would make the junior Cofina bond owners whole.I assume the fund managers now negotiating among themselves manage funds with  diversified portfolios including both Cofina (senior and junior) and general obligation bonds among others.My family only purchased the junior Cofina bond issues, The earliest maturity is  in 2038. Upon information and belief,the paying agent for the collected sales taxes held in trust, would have made all interest payments due but for the stay. To deem our bonds to be in default, is more nuance than real. if any such settlement were effected,our bonds would be defaulted and we would only get a small percentage of the face amount of our bonds.

We do not have to be active participants for this Court to make a decision on the merits based on the history of all the bond issues which is now before it. We purchased our bonds from FMS Bonds,Inc. located in North Miami,Florida. It is my understanding that the record of our ownership is with the Court. Our hope is that  the Court finds  that the Cofina bond  owners, both senior and junior,have continued  recourse to all the sales taxes collected for both interest payments, due now and in the future, and payment in full  of all money due at maturity to the exclusion of the general obligation bond holders,If any of us are unhappy with the decision you make,an appeal can be considered. At least due process would not be denied.

I respectfully ask the Court to acknowledge receipt of this correspondence..

Thank you.

Stephen. T. Mangiaracina,Esq.

5 Salem Road
Hilton Head Island,SC 28828
Tel, 843 785 5800

Fax.843 785 2400

**Stephen T. Mangiaracina, Esq.**
**5 Salem Road**
**Hilton Head Island, SC 29928**
**(843) 785-5800 Phone**
**(843) 785-4100 Fax**

October 11,  2018

Rob Bishop, Chairman
Committee of Natural Resources
U.S. House of Representatives
123  Cannon Building
Washington, DC 20515

RE:  Puerto Rico Bankruptcy-Request for Referral to the Department of Justice

Dear Congressman Bishop:

On October 3, 2018 I wrote to you  regarding the above.  I included letters to Judge Laura
Taylor Swain dated October 3, 2018, October 1, 2018 and September 20, 2018.

Please find enclosed a copy of my letter to Judge Swain, dated  today.

Again, I ask you to please help.

Thank you.


Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax


Enclosure

**Stephen T. Mangiaracina, Esq.**
**5 Salem Road**
**Hilton Head Island, SC 29928**
**(843) 785-5800 Phone**
**(843) 785-4100 Fax**

October 3, 2018

Rob Bishop, Chairman
Committee of Natural Resources
U.S. House of Representatives
123 Cannon Building
Washington, DC 20515

Dear Congressman Bishop:

My name is Stephen T. Mangiaracina, Esq. My wife MaryAnn and I are owners of COFINA junior bonds. So are my daughter, son in law and MaryAnn's sister.

On October 1, 2018 and September 20, 2018 and today I wrote letters to Judge Laura Taylor Swain. They are attached hereto as Attachment A, Attachment B, and Attachment C, respectively.

I expressed my opinion, and the basis for it; that the May 5, 2017 voluntary filing of the petition for bankruptcy protection for COFINA is illegal. For the reasons set forth, any settlement actions that would flow from it cannot be entertained. As I read PROMESA, a lawful property lien on sales taxes collected, cannot be taken from me by a settlement vote concocted by others.

In the interest of brevity and to keep repetitiveness to a minimum, I ask you to please read the letters I referenced above. Note, the opinion of Oversight Board member David Skeel that appears in the Opinion Section of the Wall Street Journal September 13, 2018 Edition in which he sets forth the Oversight Board's Mission Statement.

I read your amicus curiae brief filed on June 29, 2018- U.S. Court of Appeals for the 1st Circuit. You did so as the overseer of the drafting of the PROMESA legislation. I read it from end to end. I quoted some of your words in my October 1, 2018 letter to Judge Swain. You made it clear, over and over in describing the intent of PROMESA that the Oversight Board had no authority pursuant to PROMESA to file the voluntary petition for bankruptcy protection for COFINA on May 5, 2017. See brief pages 10-16.

Yet, Mr. Skeel in his Wall Street Opinion states:
    "Promesa instructed the oversight board to help "achieve fiscal responsibility and access to the capital markets." This can be translated as "make everyone unhappy, and help put Puerto Rico on a path to financial recovery, so that the oversight board will no longer be necessary." We seem to have achieved the first of these objectives. We're working hard on the second."

The problem is that there are no civil sanctions to impose on Oversight Board members who act ultra vires; such as being suspended or fired, even when there are issues of criminal intent as here. There is no doubt that the attempt to wrongfully take the property of the secured COFINA bondholder for the benefit of the Commonwealth raises a criminal issue of intent. What happened on May 5, 2017 could be seen as the acts of a criminal enterprise which continues to the present with a contrived settlement attempt.

From my perspective, as such a bondholder, I see this as a conspiracy to wrongfully take what rightfully belongs to me and thousands of others similarly situated. The RICO Act was enacted to address crimes committed by underworld mobsters. Perhaps there is room in the Act or elsewhere under federal criminal statutes, to investigate what is going on here. The only difference I see is that the Oversight Board, Governor Rossallo and COFINA are trying to get their actions anointed by a federal judge.

People like me do not have the clout to make a referral to the Department of Justice for a criminal investigation and have it acted upon. In contrast, you are a respected public servant who would have such a referral taken seriously. Please make a referral. The Oversight Board and their associates, who are attempting to take the property of COFINA bondholders for the benefit of the Commonwealth already admitted to this and acted in furtherance of this takeover. If mobsters go to prison for committing such acts, shouldn't these people face consequences for their actions which are causing grave harm to so many people.

The Oversight Board cannot continue to have control over COFINA. Just look at the caption on the summary judgment motion submitted on April 10, 2018 for decision to Judge Swain almost 6 months ago. The relationship with the parties is incestuous. The Oversight Board pays the legal fees for both sides who answers to the Oversight Board. It answers to no one and that includes the Courthouse. This is a situation that it created on May 5, 2018.

A guardian should be appointed for COFINA and the Oversight Board should be disassociated from its affairs. Do you have a way to vitiate the filing on May 5, 2018? If not, then PROMESA has flaws.

One can tell from the tone of the three letters to Judge Swain that I provided to you, that I have concerns about the Court's willingness or ability to address issues of wrong doing that I have set forth. I have also written a number of earlier letters which you can read. Congress is a co-equal branch of our government with our judiciary.

Judge Swain, rather than simply rendering a decision and order on the summary judgment motion, on the issue of the constitutionality of COFINA's formation, has immersed herself in the Oversight Board's settlement attempt, while granting stays on her decision.

Retail junior bondholders do not have the deep pockets or the organizational capacity to get together and litigate to prevent the taking of our property interests. Three interest payments have already been withheld. Not to be ignored is the fact that Judge Swain would preside.

We are helpless but for intervention by someone such as you. A public statement by you, that pursuant to PROMESA, a lawful property lien on sales taxes collected, possessed by COFINA bondholders, cannot be taken from them by the May 5, 2018 voluntary filing of the Petition for bankruptcy protection and a settlement vote of others. Here the intent of the "settlement" is to vote to put the now solvent COFINA into Title III bankruptcy, establish creditor classes who would vote to take away the property value of the bonds held by COFINA junior bondholders and deem the summary judgment motion now before Judge Swain settled, too. Your intervention would put an end to what is now being perpetrated

I do not find it easy to suggest criminal acts on the part of others. Yet, it is what it is. Please help.

I would appreciate hearing from you. A telephone call would be nice.

Thank you.


Stephen T. Mangiaracina, Esq.
5 Salem Road
Hilton Head Island, SC 29928
(843) 785-5800 Phone
(843) 785-4100 Fax