# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS |

## MOTION TO DETERMINE THE APPLICABILITY OF THE AUTOMATIC STAY AND/OR FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Corporación Marcaribe Investment (hereinafter "Marcaribe"), a Creditor and a Chapter 7 Debtor in the District of Massachusetts, through Counsel, and with the assent of the Chapter 7 Trustee, John Desmond, Esq., and respectfully states and prays:

**INTRODUCTION**

1. On May 3, 2017, Debtor by its representative and pursuant to section 315 of the Puerto Rico Oversight, Management, and Economic Stability Act (hereinafter "PROMESA" or the "Act"), the Financial Oversight and Management Board for Puerto Rico filed a voluntary petition in the United States Court for the District of Puerto Rico under Title III if PROMESA seeking relief from creditors.

2. Before the enactment of PROMESA, on May 4, 2015, Marcaribe commenced an inverse condemnation suit (civil case no. AAC2015-0050) against Debtor for the "taking by regulation' of Lot 172-BB located in Manuel Corchado Juarbe Project in the town of Isabela, Puerto Rico (hereinafter "Lot 172-BB"). However, on September 9, 2017 PROMESA's automatic stay was enforced on Marcaribe's claim.

1

3. The enactment of Promesa was implemented to assist the Commonwealth of Puerto Rico in its economic crisis. By this Act Puerto Rico is able solve its economic crisis through a bankruptcy proceeding. The effective date of the Act is June 30, 2016.

**BACKGROUND**

4. Dated May 4, 2015, Marcaribe filed an action of inverse condemnation against Debtor in the Puerto Rico First Instance Court of Aguadilla (civil case no. AAC2015-0050), alleging that Lot 172-BB was seized by declaring it Natural Heritage of the State due to a new environmental regulations known as "*Plan de Manejo y Reglamentación Especial del Carso*" (hereinafter "PRAPEC").

5. PRAPEC was implemented on July 4, 2014 by executive order by the Governor of Puerto Rico. Although regulations affected privately owned properties, it did not provide for payment of just compensation for their owners.

6. After the complaint was answered by Debtor and discovery proceedings were finished, on June 9, 2017, PROMESA's automatic stay was imposed after Debtor filed a motion advising the court of the filing of PROMESA, and of the automatic stay of all proceeding against the Debtor.

7. **On October 23, 2017, Marcaribe filed Claim No. 167-1 in PROMESA** related to the inverse condemnation complaint filed against Debtor at state level.

8. On June 4, 2018, Marcaribe filed Chapter 7 bankruptcy in the District of Massachusetts (Case No. 18-12101).

**APPLICABLE LAW**

9. Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. § 362 (d)(1)) reads as follow:

> (d) On request of a party in interest and after a notice and a hearing, the court shall grant relief from stay provide under

2

> subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

10. The Taking Clause of the Fifth Amendment of the United States Constitution mandates that *"private property [shall not] be taken for public use, without just compensation"* U.S. Cont. amend. V. This amendment is made applicable to the states, and thus to municipalities, through the Fourteenth Amendment. U.S. Const. amend. XIV. *In re City of Detroit*, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014) citing *Dolan v. City of Tigard*, 512 U.S. 374, 383, 114 S. Ct. 2309, 129 L. Ed. 2d 304 (1994); *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 122, 98 S. Ct. 2646, 57 L. ed. 2d 631 (1978).

11. The Fourteenth Amendment of the Unites States Constitution provides that *"nor shall any State deprive any person of life, liberty, or property, without due process of law."* (Emphasis added). U.S. Const. amend. XIV. The limitation of the Fifth Amendment also apply, through the Due Process Clause of the Fourteenth Amendment, to taking by state government and their subdivisions. See e.g. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992). Consequently, the Fifth Amendment is applicable the Commonwealth of Puerto Rico, and the Commonwealth may not take property without just compensation.

12. The Supreme Court of the United Sates has addressed the taking issue in the context of bankruptcy on several occasions, holding each time that the bankruptcy powers is limited by the Fifth Amendment. See *Unite States v. Security Indus. Bank*, 459 U.S. 70, 75, 78 (1982); *Wright v. Vinton Branch of Min. Trust Bank*, 300 U.S. 440, 456-58 (1937); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935). The protection afford by the Fifth Amendment are not abrogated by the Bankruptcy Code. The legislative history of the Bankruptcy Court indicates that the drafters of the Bankruptcy Code considered the Fifth Amendment to be a

3

limitation upon impairment of property rights in bankruptcy, and current bankruptcy law gives great deference to property rights. Julia Patterson Forrester, Bankruptcy Taking, 51 Fla. L. Rev. 851, 863 (Dec. 1999).

13. The Supreme Court has stated that a Taking Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking. See <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 195 n. 13, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985).

14. The Supreme Court has consistently held that the bankruptcy laws are subject the prohibition against governmental taking of private property without just compensation.

15. Courts should avoid "interpreting [a statute] in a manner that would render it clearly unconstitutional ... if there is another reasonable interpretation available." <u>Edmond v. United States</u>, 520 U.S. 651, 658, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997); see <u>Lorillard v. Pons</u>, 434 U.S. 575, 577, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) ("[I]t is a cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.").

16. <u>In re City of Detroit</u>, supra, the Court concluded that Taking Clause creditors are excepted from the discharge in order to avoid a Fifth Amendments violation, and owners of private property must be justly compensated in full if the property was taken for public use, whenever and however that taking occurred. In this case the Attorney General suggest that in the interest of avoiding of unconstitutionality, the Court should use its discretion under section 944(c)(1) to order the nondischargeability of Takings Clause claims in the confirmation order. The Court agreed with Attorney General that when the Constitution requires a money damages

4

award — section 944 (c)(1) allow the Court that Taking Clause creditors are excepted from the discharge in order to avoid a Fifth Amendment violation.

<u>Applicability of the Automatic Stay</u>

17. PROMESA Act is codified in Title 48 of the US Code sections 2191 to 2200.

18. 48 U.S. Code § 2194 (c)[1] states that "[t]he establishment of an Oversight Board for Puerto Rico in accordance with section 101 does not operates as a stay – solely under subsection (b)(1) of this section, of a continuation of a judicial proceeding against the Government of Puerto Rico that was commenced on or before December 18, 2015."

19. 48 U.S. Code § 2194 (b)(1)[2] sates that "[e]xcept as provide in subsection (c) of this section, the establishment of an Oversight Board for Puerto Rico (i.e., the enactment of this Act) in accordance with section 101 operates with respect to a Liability as a stay, applicable to all entities as such term is defined in section 101 of title 11, United States Code, of the continuation of a judicial proceeding against the Government of Puerto Rico that was commenced before the enactment of this Act."

<u>Relief from Stay</u>

20. 48 U.S. Code § 2194 (e)(1)[3] states that "[o]n motion of or action filed by a party in interest and after notice and a hearing, the United States District Court for the District of Puerto Rico, for cause shown, shall grant relief from the stay provided under subsection (b) of this section."

**DISCUSSION AND ARGUMENT**

21. In the case hand, Marcaribe submits that the automatic stay should be modified to allow the continuation at state court of the inverse condemnation proceeding (civil case no.

---

[1] Section 405 (c) of Title IV of the Act
[2] Section 405 (b)(1) of Title IV of the Act
[3] Section 405 (e)(1) of Title IV of the Act

5

AAC2015-0050) in order to obtain a determination of just compensation for the taking by Debtor of Lot 172-BB. If the automatic stay is not lifted and Creditor, Marcaribe, is deprived of its rights to a just compensation, the elements of violation of the Taking Clause obligation as stated by the Supreme Court in *Williamson Cnty. Reg'l Planning Comm'n v/ Hamilton Bank*, supra, namely (i) the public taking of private property, and (ii) the subsequent denial of just compensation for the taking, would be satisfied.

22. Marcaribe has a "Liability Claim" against Debtor as defined by 48 U.S. Code § 2194 (a)(2)[4], for the taking by regulation of Lot 172-BB; and being May 4, 2015, the date of the filling of the "Inverse Condemnation Complaint", PROMESA's automatic stay is not operable to Marcaribe's claim against Debtor. Therefore, the stay imposed against Marcaribe's claim should be lifted as vested by the statutes of PROMESA.

23. The Court *In re City of Detroit*, supra, in an attempt to harmonize Chapter 9 with the Fifth Amendment while avoiding "interpreting [a statute] in a manner that would render it clearly unconstitutional … if there is another reasonable interpretation available". *Edmond v. United States*, supra at 658, used its discretion under section 944(c)(1) to order the nondischargeability of the Taking Claims in the confirmation

24. If this Honorable Court decides, as the Court did in *In re City of Detroit*, supra, to order the nondischargeability of the Taking Clause claims in the confirmation order to avoid any unconstitutional issue, it is imperative that the stay be lifted for Creditor, Marcaribe. Debtor's plan should provide for payment of such claim in order to propose a confirmable plan and avoid any unconstitutionality issue.

25. However, in the case at hand, Marcaribe stands for the proposition that the stay is not applicable, therefore, the stay should be lifted as defined by 48 U.S. Code § 2194 (c).

---

[4] Section 405 (a)(2) of Title IV of the Act; see also Section (a)(1) of the Act

6

**CONCLUSION**

26. Marcaribe's suit and claim should not have been subject to the automatic stay as is not applicable. Thus, this Court shall make such determination so the restriction imposed by the Aguadilla Tribunal is lifted according to section 2194 (c) and (b)(1) of Title 48 of U.S. Code, or in the alternative, lift the stay for constitutional issued expressed before, so Marcaribe with the assent of the Chapter 7 Trustee can proceed with the litigation for the benefit of the bankruptcy estate.

**PRAYER OF RELIEF**

WHEREFORE, it respectfully prayed that Creditor, Marcaribe, be granted relief from the automatic pursuant to 11 U.S.C. § 362 (d)(1), or in the alternative, lift the stay pursuant to section 2194 (c) and (b)(1) of Title 48 of U.S. Code.

Through Counsel for Marcaribe,
Debtor's Attorney in Chapter 7 Bankruptcy in the
District of Massachusetts
With the Assent of Attorney Kate Nicholson,
Counsel of the Chapter 7 Trustee, John Desmond
/s/ Carmenelisa Perez-Kudzma
U.S. District of Puerto Rico #305612
Perez-Kudzma Law Office, P.C
Arecibo #349, Urb. La Cumbre, San Juan, PR 00926
35 Main Street
Suite 1
Wayland, MA 01778
T: (781) 209-5596
F: (978-600-1482
carmenelisa@pklolaw.com

Dated: December 18, 2018

7

The filing of this Motion has been assented to by:

Counsel for John Desmond
Chapter 7 Trustee

/s/ Kate E. Nicholson
Nicholson Herrick LLP
21 Bishop Allen Dr.
Cambridge, MA 02139
857.600.0508 (voice or text)
617.812.0405 (facsimile)
www.nicholsonherrick.com

Dated: December 18, 2018

## Certification

In compliance with Paragraph III.Q of the Seventh Amended Case Management Procedures order (ECF No. 4086-1), we certify that on we sent to counsel for the Oversight Board and AAFAF a notice advising them of MARCARIBE's intention to seek relief from the Title III automatic stay. After emailing the notices on November 27, 2018 at 9:36AM, counsel for MARCARIBE received a reply from Attorney Claudia A. Juan Garcia acknowledging receipt of the Notice on November 27, 2018 at 1:07 PM. No other replies were received. So no agreement was reached to lift or modify the stay with respect to MARCARIBE's request for lifting the stay since Counsel for Acevedo received no more communications.

## Service

A. All Documents shall be served, in the manner described herein, on the following parties

    i)    United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312
    ii)    Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922
    (iii)    Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):
Puerto Rico Fiscal Agency and Financial Advisory Authority
Roberto Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn: Gerardo J. Portela Franco
Mohammad Yassin, Esq.
E-Mail: Gerardo.Portela@aafaf.pr.gov
Mohammad.Yassin@aafaf.pr.gov

8

(iv) Counsel for AAFAF:
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Attn: John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Diana M. Perez, Esq.
E-Mail: jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com
dperez@omm.com

Law Offices of Andrés W. López, Esq.
902 Fernández Juncos Ave.
San Juan, PR 00907
Attn: Andrés W. López, Esq.
E-Mail: andres@awllaw.com

(v) Counsel for AAFAF (PREPA):
Greenberg Traurig LLP
MetLife Building
200 Park Avenue
Cancio, Nadal, Rivera & Díaz, P.S.C.
PO Box 364966
San Juan, PR 00936-4966

9