# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>    Debtors. | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTINA WHYTE,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>    Defendant. | Adv. Proc. No. 17-00257 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

## STIPULATION AND PROTECTIVE ORDER

This stipulation and protective order (the "**Stipulation**") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**"), and (b) the Financial Oversight & Management Board for Puerto Rico (the "**Oversight Board**," and together with the Retiree Committee, the "**Parties**").

WHEREAS, on November 16, 2018, the Retiree Committee served the Oversight Board with discovery requests (the "**Discovery Requests**") containing nine requests for production (the "**Document Requests**") and seven interrogatories (the "**Interrogatories**"); and

WHEREAS, the Oversight Board agrees to produce to the Retiree Committee information, documents and communications in response to the Discovery Requests in accordance with the terms and conditions of this Stipulation;

NOW THEREFORE, in order to facilitate production to the Retiree Committee of materials in response to the Discovery Requests (all such materials offered to be produced, including the information contained therein, are hereinafter referred to as the "**Materials**"), which may include sensitive commercial, financial, and non-public information ("**Confidential Information**"),

IT IS HEREBY STIPULATED AND AGREED:

1. <u>Confidential Information</u>:  For purposes of this Stipulation, the Oversight Board may designate Materials as constituting or containing "Confidential Information" if the Oversight Board believes in good faith that such Materials contain or reflect non-public, confidential, financial, commercial, trade secret, proprietary, or commercially sensitive information the disclosure of which, in the good faith judgment of the producing party, would be detrimental to the conduct of the producing party's business or official functions. "Confidential Information" shall be deemed to include all notes, analyses, studies, summaries, interpretations and other documents or reports prepared by or for the Oversight Board that contain, reflect, or are based upon, in whole or part, information furnished to the Retiree Committee pursuant hereto. The Oversight Board shall use reasonable efforts to avoid overbroad designations of information as Confidential Information.

2. <u>Designation of Confidential Information</u>:  The designation of Materials by the Oversight Board as constituting or containing Confidential Information for purposes of this Stipulation shall be made by affixing the legend "Confidential" to each document containing any Confidential Information.  Where electronic files are produced in native electronic format, such electronic files and documents may be designated for protection under this Stipulation by appending to the file names or designators information indicating whether the files contain Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  The failure to designate a document as "Confidential" does not constitute a waiver of the Oversight Board's right to designate a document as containing Confidential Information, and the Oversight Board may so designate a document after it has been produced by notifying the Retiree Committee of such designation in writing, with

2

the effect that such document is subject to the protections of this Stipulation from the date of such written designation to the extent that such document has not already been disclosed while such document was not designated or identified as confidential. The Retiree Committee does not concede that any material designated as Confidential Information does in fact contain or reflect information that may be protected under the applicable rules and law or has been properly designated as Confidential Information.

3. Use of Confidential Information: The Retiree Committee agrees to use the Confidential Information only in connection with the Title III cases and related adversary proceedings and litigation, including but not limited to the *Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [Commonwealth Dkt. 4067] ("**Proposed Settlement**") and *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Commonwealth Dkt. 4392] ("**COFINA Plan**"). This provision shall not be deemed to waive the Oversight Board's right to contest the Retiree Committee's standing in any matter, which right is preserved (and the right of the Retiree Committee to oppose any such contest is also preserved). The Confidential Information shall not be used for any other purpose.

4. Disclosure to Certain Persons: Except as specifically provided for in this Stipulation, Confidential Information or its contents shall not be revealed, disclosed, summarized, described, characterized or otherwise communicated or made available to persons or legal or business entities other than the following: (a) the Retiree Committee; (b) Jenner & Block LLP (counsel to the Retiree Committee); (c) Bennazar, García & Milián, C.S.P. (Puerto Rico counsel to the Retiree Committee; (d) FTI Consulting, Inc. (financial advisor to the Retiree Committee); (e) Segal Consulting (actuarial consultants to the Retiree Committee); (f) attorneys, experts, advisors, and consultants retained by the Retiree Committee or the aforementioned professionals for the purposes of conducting an investigation or providing advice or assistance to the Retiree Committee relating to the Title III cases or related adversary proceedings and litigation, and then only to the extent necessary to perform such services; and (g) other persons or legal or business entities by written agreement of the Oversight Board.

5. Confidentiality Undertakings: The Retiree Committee shall provide each person or entity given access to or copies of Confidential Information with a copy of this Stipulation, and shall advise each such person and obtain their agreement that the Confidential Information is being disclosed pursuant to and subject to the terms and restrictions of this Stipulation and may not be disclosed other than pursuant to the terms set forth herein.

6. Information Not Confidential: Notwithstanding anything to the contrary contained herein, Confidential Information does not include any information that:

> a. is or becomes generally available to the public other than as a result of disclosure by the Retiree Committee or its agents or representatives in violation of this Stipulation,
>
> b. becomes available to the Retiree Committee on a non-confidential basis from another person or legal or business entity, provided that the information is not known by the Retiree Committee to be subject to a

3

confidentiality agreement or obligation between the Oversight Board and such other person or legal or business entity,

c. was in the possession of the Retiree Committee prior to any production of documents governed by this Stipulation, and was obtained on a non-confidential basis from a source other than the Oversight Board or its representatives.

7. <u>Legally Required Disclosure</u>: In the event that the Retiree Committee is requested or required (by law or by interrogatories or requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any Confidential Information (the "Subpoenaed Information"), the Retiree Committee shall (i) give notice to the Oversight Board identifying the Confidential Information sought within ten (10) business days of receiving such a request or demand, or if response is required sooner as promptly as possible; (ii) shall not produce the Subpoenaed Information unless compelled by legal process, ordered by a court, required under applicable law, or by agreement with the Oversight Board; and (iii) if requested by the Oversight Board, cooperate with the Oversight Board, at the Oversight Board's expense, in seeking confidential treatment or a protective order with respect to the Subpoenaed Information. Nothing herein shall be construed as requiring any party to challenge or appeal any order requiring production of Confidential Material, or to subject itself to any penalties for non-compliance with any legal process or order or to seek any relief from any court.

8. <u>Non-Waiver of Attorney-Client Privilege and Work Product Protection</u>: Production of Material in this case shall be without prejudice to, and shall not waive, for purposes of this case or any other federal or state proceeding, any attorney-client privilege or work product protection that otherwise would apply.

9. <u>Time For Asserting Privilege And Protection</u>: The Oversight Board or its existing or former client(s) may assert privilege or protection over produced Material at any time by notifying the Retiree Committee in writing of the assertion of privilege or protection, except that:

a. Affirmative use of Material by a party waives privilege and protection with respect to it, and of other Material to the extent provided by Federal Rules of Evidence, Rule 502(a); and

b. Upon the Oversight Board's learning of the use by another of Material that the Oversight Board produced, the Oversight Board or its existing or former client(s) must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

10. <u>Challenges to Confidential Designation</u>: Any party may at any time move for relief from the provisions of this Stipulation with respect to specific designations, as set forth herein. To the extent practicable, if the Retiree Committee disagrees with any designation of information or documents as "Confidential," the Parties shall attempt to resolve such dispute by negotiating in good faith on an informal basis. If the Oversight Board withholds production of a document because of a claim of attorney-client privilege, attorney work product, or any other privilege pursuant to which production legally may be withheld, the Oversight Board shall indicate in

writing the general nature of the documents so withheld. If the Parties are unable to resolve their disagreement(s) consensually, it is expressly understood that the Retiree Committee may challenge the confidential designation or withholding of documents in Court, provided however, the Retiree Committee's failure to do so promptly shall not preclude any subsequent objection to such designation. The challenged designation shall remain in effect until changed by order of Court or agreement of the challenging party.

11. <u>Rights Not Impaired</u>: This Stipulation does not constitute a waiver of the rights of any Party with respect to the relevance or admissibility of any documents or information subject to this Stipulation in any subsequent proceeding, and each Party reserves all of its rights in that regard. Notwithstanding anything to the contrary herein, this Stipulation shall not restrict in any way the right of any Party to seek discovery of any documents or materials subject to this Stipulation in any other proceeding in which such documents or materials may be relevant.

12. <u>Filing Under Seal</u>: In the event that the Retiree Committee determines to use Confidential Information in any complaint or other pleading or court document, unless otherwise ordered by a court of competent jurisdiction, any document or pleading (or any portion of a document or pleading) containing or referring to Confidential Information or its contents that is filed by, or on behalf of, the Retiree Committee in a legal proceeding shall be initially filed confidentially consistent with the terms of this Stipulation, restricting access to such Confidential Information to the court in which such action is filed, court personnel and those persons to whom Confidential Information may be disclosed pursuant to this Stipulation.

13. <u>Depositions</u>: In the event a Party wishes to use or refer to Confidential Information at any deposition, the Party may require all persons other than the deponent, court reporter, other Parties or their representatives already permitted access to the Confidential Information, to be excused from the deposition during the time that the Confidential Information is being disclosed or discussed. The Party may also request that the court reporter and/or videographer acknowledge in writing or on the record that he or she will not disclose the Confidential Information to any person other than to the Parties and their representatives who are permitted access to such Confidential Information and other persons entitled to attend the deposition. The portions of any deposition transcript, video record, or associated exhibits containing Confidential Information shall be designated confidential and the portions thereof containing such Confidential Information shall be subject to the provisions of this Stipulation. All pages of the deposition transcript and associated exhibits containing Confidential Information shall be marked "CONFIDENTIAL."

14. <u>Entire Agreement</u>: This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements, understandings and negotiations, both written and oral, between the Parties with respect to the subject matter of this Stipulation.

15. <u>Execution by Counterparts</u>: This Stipulation may be executed in counterparts, including by facsimile or other means of electronic transmission, each of which shall be deemed an original, but all of which together shall constitute the same instrument. All amendments to, modifications of and waivers of this Stipulation must be in writing and signed by or on behalf of the Parties.

16. <u>Authority</u>: The undersigned represent and warrant that they are duly authorized to enter into this Stipulation.

17. <u>Notice</u>: All notices and other communications under this Stipulation shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by delivery by e-mail as follows:

    a. <u>If to the Retiree Committee</u>:

Robert D. Gordon
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
rgordon@jenner.com

Catherine L. Steege
Melissa M. Root
JENNER & BLOCK LLP
353 North Clark Street
Chicago IL 60654
csteege@jenner.com
mroot@jenner.com

    b. <u>If to the Oversight Board</u>:

Margaret A. Dale
Brian S. Rosen
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
mdale@proskauer.com
brosen@proskauer.com

(*Signature page follows.*)

**SO STIPULATED AND AGREED:**

Dated: New York, New York
December 17, 2018

THE OFFICIAL COMMITTEE OF
RETIRED EMPLOYERS OF THE
COMMONWEALTH OF PUERTO RICO

By Its Attorneys:
JENNER & BLOCK LLP

By: /s/ *Robert D. Gordon*
    Robert D. Gordon
    919 Third Avenue
    New York, NY 10022

    Catherine L. Steege
    Melissa M. Root
    353 N. Clark Street
    Chicago, IL 60654

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR THE
COMMONWEALTH OF PUERTO RICO

By Its Attorneys:
PROSKAUER ROSE LLP

By: /s/ *Margaret A. Dale*
    Margaret A. Dale
    Brian S. Rosen
    Eleven Times Square
    New York, NY 10036-8299

**SO ORDERED:**

Dated: New York, New York
December ___, 2018

_____
HON. LAURA TAYLOR SWAIN
United States D Judge