# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE EIGHTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF PUERTO RICO SALES TAX FINANCING CORPORATION TO DEFICIENT CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2. In my capacity as Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for COFINA.

3. I submit this declaration in support of the *Eighteenth Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to Deficient Claims* (the "Eighteenth Omnibus Objection"). I have personally reviewed the Eighteenth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Eighteenth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Eighteenth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Eighteenth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Eighteenth Omnibus Objection (collectively, the "Deficient Claims") purport to assert liabilities associated with municipal bond(s) and/or money loaned, but failed to provide a basis for asserting a claim against COFINA or another of the Debtors. Some of the Deficient Claims listed CUSIP or other information that appeared to be related to bonds issued by both COFINA and another of the Debtors, such that some amount would have been duplicative of a master proof of claim filed by Bank of New York Mellon, and another amount possibly could have been reclassified to another Title III case, but the claimant failed to provide sufficient information for the Debtors to confirm the amount associated with the bonds purportedly issued by COFINA

2

or the amount, if any, that should be reclassified to be asserted against another of the Debtors. Other Deficient Claims only provided information about bonds not issued by COFINA, or any of the other Debtors, without explaining why these bonds provided a basis for asserting a claim against COFINA or another of the Debtors. Accordingly, for one or more of the foregoing reasons, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims and request that these claims be disallowed in their entirety.

6. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Eighteenth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of COFINA and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 19, 2018

By: /s/ Jay Herriman
Jay Herriman

3

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**DECLARACIÓN DE JAY HERRIMAN EN RESPALDO DE LA DECIMOCTAVA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA LAS RECLAMACIONES DEFICIENTES**

Yo, Jay Herriman, conforme al título 28 del Código de los Estados Unidos (United States Code, U.S.C.), § 1746, por la presente declaro bajo pena de perjurio que lo que sigue a continuación es verdadero y exacto según mi leal saber y entender:

1.   Soy Director General de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera ("Junta de Supervisión") contrató a A&M para asistirlos, *entre otras cosas*, con el proceso de conciliación de reclamaciones en los casos de los

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

Deudores iniciados de conformidad con la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] A menos que se indique lo contrario en la presente Declaración, tengo conocimiento personal de los hechos que aquí se consignan.

2. En mi carácter de Director General de A&M, soy una de las personas responsables de supervisar el proceso de objeciones y conciliación de reclamaciones en los casos de los Deudores al amparo de la ley PROMESA. El proceso en curso de conciliación de reclamaciones de los Deudores involucra el esfuerzo colectivo de un equipo de empleados de A&M, así como a Proskauer Rose LLP y O'Neill & Borges LLC, los abogados de la Junta de Supervisión, el representante legal de COFINA.

3. Presento esta Declaración en apoyo de la *Decimoctava Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones Deficientes* (la "Decimoctava Objeción Colectiva"). También he revisado personalmente la Decimoctava Objeción Colectiva y los anexos a la misma y, en consecuencia, tengo conocimiento de la información que allí se incluye.

4. Como preparación para la presentación de la Decimoctava Objeción Colectiva, y bajo mi dirección y/o supervisión, cada una de las reclamaciones en cuestión en la Decimoctava Objeción Colectiva fue revisada y analizada detenidamente de buena fe por el personal adecuado mediante los procedimientos de diligencia debida. Producto de estos esfuerzos, se han identificado las reclamaciones a ser desestimadas, que se enumeran en el Anexo A a la Decimoctava Objeción Colectiva.

5. A mi leal saber y entender, las reclamaciones que figuran en la lista del Anexo A a

---

[2] PROMESA está codificada en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

la Decimoctava Objeción Colectiva (en conjunto, las "Reclamaciones Deficientes") pretenden probar obligaciones asociadas con bonos municipales y/o préstamos en dinero, pero no presentan elementos que fundamenten una reclamación contra COFINA u otro de los Deudores. Algunas de las Reclamaciones Deficientes indicaban un CUSIP u otra información que parecía estar relacionada con bonos emitidos tanto por COFINA como por otro de los Deudores, de modo tal que alguno de los montos hubiese sido duplicado de una evidencia maestra presentada por BNYM y otro monto podría haber sido reclasificado a otro caso al amparo del Título III, pero el acreedor omitió proporcionar información suficiente para que los Deudores puedan confirmar el monto asociado con los bonos supuestamente emitidos por COFINA o el monto, en tal caso, que debería ser reclasificado por haber por tratarse de una reclamación contra otro de los Deudores. Otras Reclamaciones Deficientes solo proporcionaron información relacionada con bonos no emitidos por COFINA, o alguno de los otros Deudores, y omitieron explicar cómo y porqué estos bonos justificaban la formulación de una reclamación contra COFINA u otro de los Deudores. En consecuencia, por una o más de las razones anteriores los Deudores se ven impedidos de determinar la validez de las Reclamaciones Deficientes y solicitan que esas sean declaradas inadmisibles por completo.

6. En función de lo antedicho, y a mi leal saber y entender, la información incluida en la Decimoctava Objeción Colectiva y los anexos a la misma es verdadera y correcta, y el remedio allí solicitado es beneficioso para COFINA y sus acreedores.

7. Declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo antedicho es verdadero y correcto según mi leal saber y entender

Fecha: 19 de diciembre de 2018

          Por:   [*Firma en la versión en inglés*]
                    Jay Herriman

3