## **EXHIBIT D**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING NINETEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF PUERTO RICO SALES TAX FINANCING CORPORATION TO DUPLICATE AND DEFICIENT CLAIMS**

Upon the *Nineteenth Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to Duplicate and Deficient Claims*, (the "Nineteenth Omnibus Objection"),[2] dated December 19, 2018, of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in their entirety certain claims filed against COFINA, as more fully set forth in the Nineteenth Omnibus Objection; and supporting exhibits thereto; and the Court having jurisdiction to consider the Nineteenth Omnibus Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Nineteenth Omnibus Objection.

pursuant to Section 307(a) of PROMESA; and due and proper notice of the Nineteenth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in Exhibit A to the Nineteenth Omnibus Objection being related to purported ownership interest in mutual fund(s) that, even assuming the claimants have standing to assert the claims, would be partially duplicative of a Master Proof of Claim and partially deficient by failing to comply with the applicable rules and the Bar Date Orders by not providing a basis for a portion of the claim, such that COFINA cannot determine the validity of this portion claim; and the Court having determined that the relief sought in the Nineteenth Omnibus Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Nineteenth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Nineteenth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the claims listed on Exhibit A to the Nineteenth Omnibus Objection are hereby disallowed in their entirety; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed to delete the claims listed on Exhibit A to the Nineteenth Omnibus Objection from the official claims register in the COFINA Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                      Honorable Judge Laura Taylor Swain
                                      United States District Judge

# **ANEXO D**

**Propuesta de Resolución**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br><br>                             Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**ORDEN DECLARANDO HA LUGAR A LA DECIMONOVENA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA LAS RECLAMACIONES DUPLICADAS Y DEFICIENTES**

En virtud de la *Decimonovena Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones Duplicadas y Deficientes* (la "Decimonovena Objeción Colectiva"), de fecha 19 de diciembre de 2018, de la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), en la que solicita que se dicte una resolución que desestime por completo determinadas reclamaciones presentadas contra COFINA, lo que se explica de manera más completa en la Decimonovena Objeción Colectiva y los anexos que la respaldan; y en vista de que el Tribunal tiene jurisdicción para considerar la Decimonovena

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

Objeción Colectiva y conceder el remedio allí solicitado de conformidad con la sección 306(a) de la *Ley de Supervisión, Administración, y Estabilidad Económica de Puerto Rico* ("PROMESA");[2] y la jurisdicción es la adecuada de conformidad con la sección 307(a) de la ley PROMESA; y considerando que se ha dado notificación debida y adecuada de la Decimonovena Objeción Colectiva a las partes que se identifican en la misma, y que no se requiere ninguna otra notificación adicional; y que cada una de las reclamaciones identificadas en el Anexo A a la Decimonovena Objeción Colectiva se relaciona con una presunta participación en fondos mutuos, la cual incluso suponiendo que el reclamante tuviera legitimación para formular las reclamaciones, constituiría en parte un duplicado de la Lista Maestra de Reclamaciones, y en parte sería deficiente porque no cumple con las reglas aplicables y las Resoluciones de Fechas Límite al omitir presentar elementos que fundamenten la porción de la reclamación, a punto tal que COFINA se ve impedida de determinar la validez de la porción de la reclamación; y que el Tribunal ha considerado que el remedio solicitado en la Decimonovena Objeción Colectiva es beneficiosa para COFINA, sus acreedores y todas las partes interesadas; y habiendo el Tribunal determinado que los fundamentos jurídicos y fácticos expuestos en la Decimonovena Objeción Colectiva constituyen una justa causa para el remedio que aquí se concede; y tras debida deliberación y causa suficiente para ello, se

RESUELVE HA LUGAR a la Decimonovena Objeción Colectiva tal como aquí se expone; además, se

DISPONE que cada reclamación enumerada en el Anexo A a la Decimonovena Objeción Colectiva queda por este medio desestimada por completo; y asimismo se

---

[2] PROMESA está codificada en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

DISPONE que Prime Clerk queda autorizada y se le ordena que elimine las reclamaciones que figuran en la lista del <u>Anexo A</u> a la Decimonovena Objeción Colectiva del registro oficial de reclamaciones en el Caso COFINA iniciado al amparo del Título III; y asimismo, se

DISPONE que este Tribunal mantendrá la jurisdicción para entender y dirimir todas las cuestiones que surjan o estén relacionadas con la aplicación, interpretación o ejecución de esta Resolución.

Fecha: _____

                                              Honorable Jueza Laura Taylor Swain
                                              Jueza de Distrito de los Estados Unidos