# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF HEARING FOR OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF DR CONTRACTORS & MAINTENANCE, CORP (CLAIM NO. 3725)

**PLEASE TAKE NOTICE** that, on December 19, 2018, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of DR Contractors & Maintenance, Corp (Claim No. 3725)* (the "Objection") with the United States District Court for the District of Puerto Rico (the "Court"), seeking to disallow in part and reclassify in part Proof of Claim No. 3725 filed by DR Contractors & Maintenance, Corp.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court <u>and</u> must be served upon and received by the undersigned counsel for COFINA by **4:00 pm (Atlantic Time)** on **February 26, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m.** on **March 13, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title

III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by

calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject

to the procedures and fees set forth therein.

Dated: December 19, 2018                                Respectfully submitted,
      San Juan, Puerto Rico

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial Oversight
and Management Board as representative
for COFINA*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                          Debtors.[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF DR CONTRACTORS & MAINTENANCE, CORP (CLAIM NO. 3725)

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] files this objection (the "Objection") to Proof of Claim No. 3725, filed against COFINA by DR Contractors & Maintenance, Corp (the "Claimant"), which is partially duplicative, partially deficient, to the extent it failed to provide a basis for a

---

[3]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[4]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

portion of the claim, and partially asserted against the incorrect debtor, and, thus, filed in the wrong case, and in support of the Objection, respectfully represents as follows:

**JURISDICTION**

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

**A.      The COFINA Title III Case and Bar Date Orders**

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.      On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and COFINA Title III Case, for procedural purposes only.

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][5] (the "Bar Date Motion").  By the *Order (A) Establishing*

---

[5]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     COFINA's Business**

6.     COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

**7.**     Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of senior and subordinate bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds").  Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.

**C.     Bond Debt Master Proofs of Claim**

8.     Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of

bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document. Initial Bar Date Order, ¶ 5(a).

9.      On behalf of the holders of the Bonds, BNYM filed master proofs of claim with respect to the Bonds (each a "Master Proof of Claim" and collectively, the "Master Proofs of Claims"). While BNYM initially filed two proofs of claim logged by Prime Clerk, LLC, as Proofs of Claim Nos. 16284 (subordinate bonds) and 16760 (senior bonds), these were superseded and amended by subsequently filed proofs of claim, logged by Prime Clerk as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds), asserting more than $36 billion in liabilities.

**D.      COFINA Claims and the Proof of Claim at Issue**

10.      Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

11.      Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA. The COFINA-related proofs of claim total approximately $10.1 trillion in asserted claims. As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

12.      On or about March 24, 2018, Claimant filed a proof of claim against COFINA in the amount of $1,280,000, based on "[m]oney loaned," which was logged by Prime Clerk, LLC, as Proof of Claim No. 3725 (the "Claim"). The Claim included supporting documentation related

to one or more bonds issued by COFINA, one or more bonds issued by another of the Debtors, and one or more bonds that do not appear to have been issued by any of the Debtors.

### OBJECTION TO PROOF OF CLAIM

13.     Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim.  *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." (citation omitted)).  Federal Rule of Bankruptcy Procedure 3007(d) sets forth a number of grounds for objecting to claims, including objecting to a duplicate claim under Federal Rule of Bankruptcy Procedure 3007(d)(1), a claim filed in the wrong case under Federal Rule of Bankruptcy Procedure 3007(d)(2), and a deficient claim under Federal Rule of Bankruptcy Procedure 3007(d)(6).

14.     In accordance with these legal principles, the Objection seeks to disallow in part and reclassify in part the Claim as a duplicate, deficient, and incorrect debtor bond claim.  First, a portion of the Claim asserts liability associated with one or more bonds issued by COFINA that is duplicative of one or more Master Proofs of Claim, which as explained above were filed in the COFINA Title III Case by BNYM, as Trustee of the Bonds issued by COFINA.  Any failure to disallow this portion of the Claim will result in Claimant potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in the COFINA Title III Case.  To the extent the Claim is duplicative of a Master Proof of Claim, the Claimant will not be

prejudiced by its disallowance because the liability associated with this portion of the Claim would be subsumed within one or more Master Proofs of Claim.

15.     Second, the Claim, supporting documentation, and/or CUSIP information associated with the bond(s) at issue show that the liability associated with a portion of the Claim would appropriately be asserted, if at all, against one or more of the Debtors other than COFINA. The Claim asserts in part liability associated with one or more bonds issued by another of the Debtors, not COFINA, and failed to provide a valid justification for asserting this portion of the Claim against COFINA.  Accordingly, to the extent the Claim asserts liability associated with one or more bonds issued by another of the Debtors, the Claim should be reclassified to be asserted against one of more of the other Debtors identified in the column titled "Corrected" in **Exhibit A** hereto (the "Reclassified Claim").  The Debtors reserve their right to object to the Reclassified Claim on any other grounds whatsoever.

16.     Third, the Claim included information about one or more bonds not issued by any of the Debtors, and failed to comply with the applicable rules for filing a claim by not providing a basis for purporting to assert this portion of the claim against COFINA or any of the other Debtors. Because of this failure to comply with the applicable rules, to the extent the Claim purports to be based on one or more bonds not issued by the Debtors, COFINA is unable to determine the validity of this portion of the Claim.

17.     In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in Support of the Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of DR Contractors & Maintenance Corp. (Claim No. 3725)*, dated December 19, 2018, attached hereto as **Exhibit B**.

## **RESERVATION OF RIGHTS**

18.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever.  COFINA expressly reserves all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against COFINA; (b) a waiver of COFINA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NOTICE**

19.     COFINA has provided notice of this Objection to (a) the individual creditor subject to this Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

20.     No prior request for the relief sought in this Objection has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit C**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: December 19, 2018                 Respectfully submitted,
      San Juan, Puerto Rico

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Co-Attorneys for the Financial
Oversight and Management Board
as representative for COFINA*

**EXHIBIT A**

### Exhibit A - Duplicate Bond Claims + Incorrect Debtor Bond Claims + Deficient Bond Claims

| | NAME | CLAIM# | ASSERTED | | | CORRECTED | | |
|---|---|---|---|---|---|---|---|---|
| | | | DEBTOR | PRIORITY STATUS | AMOUNT | DEBTOR | PRIORITY STATUS | AMOUNT |
| 1 | DR CONTRACTORS & MAINTENANCE, CORP 20 LUIS MUNOZ MARIN PMB-493 CAGUAS, PR 00725 | 3725 | Puerto Rico Sales Tax Financing Corporation (COFINA) | Unsecured | $1,280,000.00 | Puerto Rico Electric Power Authority | Unsecured | $35,000.00 |

Reason: Claimant asserts, in part, liabilities associated of $1,210,000.00 with municipal bond(s) issued by COFINA, which are duplicative of one or more master proofs of claim filed by the trustee of these bond(s). In addition, claimant purports to assert, in part, liabilities associated with mutual funds and/or municipal bond(s) not issued by COFINA or any of the other Title III debtors, but fails to provide any basis or supporting documentation for asserting a claim against COFINA, such that the Debtors are unable to determine for this portion of the claim whether claimant has a valid claim against COFINA or any of the other Title III debtors. In addition, claimant purports to assert, in part, liabilities of $35,000.00 against COFINA, but the proof of claim, supporting documentation, and/or the CUSIP information for the bond(s) at issue show that any liability for this portion of the claim would reside, if at all, under Puerto Rico Electric Power Authority.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **TOTAL** | | | | **$ 1,280,000.00** | **TOTAL** | | **$ 35,000.00** |

## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

---

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF DR CONTRACTORS & MAINTENANCE, CORP (CLAIM NO. 3725)

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2]  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2.      In my capacity as Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for COFINA.

3.      I submit this declaration in support of the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of DR Contractors & Maintenance, Corp (Claim No. 3725)* (the "Objection").[3]  I have personally reviewed the Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4.      In preparation for filing the Objection, and under my direction and/or supervision, the claim identified in the column titled "Asserted" in Exhibit A to the Objection (the "Claim"), which was asserted against COFINA by DR Contractors & Maintenance Corp. (the "Claimant") and logged by Prime Clerk, LLC, as Proof of Claim No. 3725, was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.

5.      To the best of my knowledge, information, and belief, a portion of the Claim asserts liability associated with one or more bonds issued by COFINA that are duplicative of one or more of the master proofs of claim filed in the COFINA Title III Case by the trustee for such bonds pursuant to the Bar Date Orders.  To prevent multiple recoveries by Claimant, COFINA requests that this portion of the Claim be disallowed.

6.      To the best of my knowledge, information, and belief, another part of the Claim purports to assert liability associated with one or more municipal bonds not issued by COFINA or any of the other Debtors, yet failed to provide a basis for asserting this portion of the claim against

---

[3]  Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

2

COFINA or another of the Debtors.  Accordingly, COFINA is unable to determine the validity of this portion of the Claim, due to Claimant's failure to provide a basis, and requests that this portion of the Claim be disallowed.

7.     Additionally, to the best of my knowledge, information, and belief, another portion of the Claim purports to assert liability associated with one or more bonds issued by another of the Debtors, not COFINA.  The Claimant failed to provide any valid justification for asserting this portion of the Claim against COFINA.  The proof of claim, supporting documentation provided by the Claimant, and/or the CUSIP information related to the bond(s) at issue show that any liability for the bond(s) at issue in this portion of the Claim would appropriately lie, if at all, with the Debtor(s) identified in the column titled "Corrected" in <u>Exhibit A</u> to the Objection.

8.     Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of COFINA and its creditors.

9.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 19, 2018

By:     /s/ Jay Herriman
        Jay Herriman

## **EXHIBIT C**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER GRANTING OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF DR CONTRACTORS & MAINTENANCE, CORP (CLAIM NO. 3725)

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of DR Contractors & Maintenance, Corp (Claim No. 3725)* (the "Objection"),[2] dated December 19, 2018, filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in part and reclassifying in part the claim filed against COFINA by DR Contractors & Maintenance Corp., and logged by Prime Clerk, LLC, as Proof of Claim No. 3725 (the "Claim"), as more fully set forth in the Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

and proper notice of the Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that, to the extent the Claim asserts liability associated with one or more bonds issued by one or more of the Debtors other than COFINA, that portion of the Claim, as identified in the column titled "Corrected" in <u>Exhibit A</u> to the Objection, is hereby reclassified to be a claim asserted against the Debtor(s) indicated in the column titled "Corrected" in <u>Exhibit A</u> to the Objection; and it is further

ORDERED that any remaining portion of the Claim is hereby disallowed; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claim is reserved; and it is further

ORDERED that Prime Clerk, LLC, is authorized and directed, in the official claims register in the PROMESA cases, to move the portion of the Claim identified in the column titled "Corrected" in <u>Exhibit A</u> to the Objection from the COFINA Title III Case (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474) to the Title III case for the Debtor(s) identified in the column titled "Corrected" in <u>Exhibit A</u> to the Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

[*Remainder of page intentionally left blank.*]

Dated: _____

_____
Honorable Judge Laura Taylor Swain
United States District Judge