UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF HEARING OF OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF LS STRATEGIC INCOME FUND (CLAIM NO. 114942)

**PLEASE TAKE NOTICE** that, on December 19, 2018, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of LS Strategic Income Fund (Claim No. 114942)* (the "Objection") with the United States District Court for the District of Puerto Rico (the "Court"), seeking to disallow in its entirety Proof of Claim No. 114942 filed by LS Strategic Income Fund.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court <u>and</u> must be served upon and received by the undersigned counsel for COFINA by **4:00 pm (Atlantic Time)** on **February 26, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m.** on **March 13, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: December 19, 2018  
       San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944  

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ Martin J. Bienenstock  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF LS STRATEGIC INCOME FUND (CLAIM NO. 114942)

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of LS Strategic Income Fund (Claim No. 114942)* (the "Objection") to the claim (Proof of Claim No. 114942) of LS Strategic Income Fund (the "Claimant"), and in support of the Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**JURISDICTION**

1.  The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.  Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

3.  COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

4.  On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").

5.  Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds"). Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds. On behalf of the holders of Bonds, BNYM filed master proofs of claim with respect to the Bonds.

6.  Claimant is a holder of certain General Obligation bonds (the "GO Bonds") issued by the Commonwealth, and does not purport to hold any bonds issued by COFINA. On or about June 29, 2018, Claimant filed a claim against COFINA, logged by Prime Clerk as Proof of Claim No. 114942 (the "Claim"). Claimant's sole allegation in support of its secured claim against

5

COFINA is the assertion that COFINA is liable for amounts owed on the GO Bonds because the Claimant has a secured "statutory lien" under the "Puerto Rico Constitution" and other unidentified "Puerto Rico law" for "[a]ll available Commonwealth resources."

## **OBJECTION TO PROOF OF CLAIM**

7. This Objection seeks to disallow a claim filed by an improper party and for which COFINA is not liable. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). A claimant bears the burden of establishing standing to file a proof of claim. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). It is well established that only a creditor or the creditor's authorized agent has standing to assert a claim. Fed. R. Bankr. P. 3001(b); *see also In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Only a creditor or indenture trustee may file a proof of claim[.]"); *In re Minbatiwalla*, 424 B.R. at 111 ("To file a proof of claim, a claimant must be a "creditor or the creditor's authorized agent."); *In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor). "To the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else." *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007).

8. Here, Claimant purports to own GO Bonds and, as such, is a purported creditor of the Commonwealth, not COFINA. Claimant at most is seeking recovery against COFINA based on its status as a creditor of an alleged creditor, the Commonwealth. In similar circumstances, federal courts have held that a party acting as a creditor of a creditor does not have standing to assert a claim against a debtor's estate. *E.g.*, *In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir. 1983) (holding a bank that had "no right to payment from the bankrupt, since the bankrupt has no obligation on the mortgage and the bankrupt's duty to pay rent on its lease runs only to" a third

party, "possesses no claim against the debtor or the estate"); *In re Refco Inc.*, 505 F.3d at 117 (holding investors who "placed control of their funds entirely within the hands of" another entity could not "claim that they seek to enforce any rights distinct from those of [the entity] as a creditor and a defendant in an adversary proceeding," and thus only the entity "could assert a claim against the [debtor's] estate"); *In re Emanuel*, 450 B.R. 1, 7–8 (S.D.N.Y. 2011) (holding "insofar as [an individual] sought to assert his own interest in the bankruptcy estate, by virtue of his status as the appellant's creditor, he lacked standing to do so"). Accordingly, because Claimant has not demonstrated standing, the Claim is not a valid claim against COFINA's estate and should be disallowed in its entirety. *See* 11 U.S.C. § 502(b)(1).

9. In addition, Claimant's alleged lien on "[a]ll available Commonwealth resources" will be conclusively resolved by the proposed settlement between the Commonwealth and COFINA. As set forth in the *Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 4067], filed on October 19, 2018, pursuant to the proposed settlement, the Commonwealth and COFINA have resolved the question of whether certain tax revenues that have been committed to COFINA constitute "all available resources" of the Commonwealth. The proposed settlement will be heard before the Court for approval at the January 16, 2019 hearing, and, if approved, will resolve Claimant's alleged lien on "[a]ll available Commonwealth resources." Claimant cannot re-litigate these issues in this forum.

## **RESERVATION OF RIGHTS**

10. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever. COFINA expressly reserves all further substantive or procedural objections. Nothing

contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against COFINA; (b) a waiver of COFINA's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NOTICE**

11. COFINA is providing notice of this Objection to (a) the individual creditor subject to the Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

12. No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: December 19, 2018
       San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

9

## **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER GRANTING OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF LS STRATEGIC INCOME FUND (CLAIM NO. 114942)

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of LS Strategic Income Fund (Claim No. 114942)* (the "Objection"),[2] dated December 19, 2018, filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in its entirety Proof of Claim No. 114942 (the "Claim"), filed against COFINA by LS Strategic Income Fund (the "Claimant"), as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

    ORDERED that the Objection is GRANTED as set forth herein; and it is further

    ORDERED that the Claim is hereby disallowed in its entirety; and it is further

    ORDERED that Prime Clerk, LLC, is authorized and directed to delete the Claim from the official claims register in the COFINA Title III Case; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                              Honorable Judge Laura Taylor Swain
                              United States District Judge