UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF HEARING FOR OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF CENTRO DE CANCER LA MONTANA RETIREMENT PLAN REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 43908)

**PLEASE TAKE NOTICE** that, on December 19, 2018, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Centro de Cancer La Montana Retirement Plan Represented by UBS Trust Company of PR (Claim No. 43908)* (the "Objection") with the United States District Court for the District of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Court"), seeking to disallow and subordinate Proof of Claim No. 43908 filed by Centro de Cancer La Montana Retirement Plan Represented by UBS Trust Company of PR.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court and must be served upon and received by the undersigned counsel for COFINA by **4:00 pm (Atlantic Time)** on **February 26, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m. (Atlantic Time)** on **March 13, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

| | |
|---|---|
| Dated: December 19, 2018<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC No. 218210<br>**A&S LEGAL STUDIO, PSC**<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/(787) 948-1025<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board as representative for COFINA*<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA* |

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF CENTRO DE CANCER LA MONTANA REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 43908)**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to the claim (Proof of Claim No. 43908) of Centro de Cancer La Montana Retirement Plan Represented by UBS Trust Company of PR ("Claimant"), and in support of the Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**JURISDICTION**

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

**A.  The COFINA Title III Case and Bar Date Orders**

1. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

2. On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and COFINA Title III Case, for procedural purposes only.

3. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B. COFINA's Business

4. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

5. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of senior and subordinate bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds"). Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.

### C. Bond Debt Master Proofs of Claim

6. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document. Initial Bar Date Order, ¶ 5(a).

7. On behalf of the holders of the Bonds, BNYM filed master proofs of claim with respect to the Bonds (each a "Master Proof of Claim" and collectively, the "Master Proofs of

3

Claims"). While BNYM initially filed two proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 16284 (subordinate bonds) and 16760 (senior bonds), these were superseded and amended by subsequently filed proofs of claim, logged by Prime Clerk as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds) and asserting more than $36 billion in liabilities.

D.  **COFINA Claims and Proof of Claim at Issue**

8. Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

9. Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA. The COFINA-related proofs of claim total approximately $10.1 trillion in asserted claims. As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

10. On or about June 12, 2018, Claimant filed a claim against COFINA for "principal, interest, attorney's fees, and other fees and expenses," as well as a claim for "[u]nliquidated claims, including but not limited to, all claims or counterclaims that have been or may be asserted by COFINA bondholders against the Debtor in the interpleader action captioned *The Bank of New York Mellon v. Puerto Rico Sales Tax Financing Corp.*, Adv. Proc. No. 17-00133-LTS (D.P.R.)," which was logged by Prime Clerk as Proof of Claim No. 43908 (the "Claim").

4

**OBJECTION TO PROOF OF CLAIM**

11. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). In accordance with this legal principle, this Objection seeks to partially disallow a claim as duplicative and subordinate the remainder of the claim.

12. Federal Rule of Bankruptcy Procedure 3007(d) sets forth a number of grounds for objecting to claims, including objecting to a duplicate claim under Federal Rule of Bankruptcy Procedure 3007(d)(1). To the extent the Claim seeks loss of principal and interest from one or more bonds issued by COFINA, COFINA seeks to disallow this portion of the Claim as duplicative of one or more Master Proofs of Claim, which, as explained above, were filed in the COFINA Title III Case by BNYM, as Trustee of the Bonds issued by COFINA. Any failure to disallow this portion of the Claim will result in Claimant potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in the COFINA Title III Case. Claimant will not be prejudiced by the disallowance of this portion of the Claim because this portion is subsumed within one or more Master Proofs of Claim.

13. To the extent Claimant asserts liability for "attorney's fees," "other fees and expenses," and unspecified "unliquidated claims," this portion of the Claim is subject to subordination pursuant to 11 U.S.C. § 510(b) as a claim "for damages arising from the purchase or sale of . . . a security [of the debtor]." 11 U.S.C. § 510(b). Because Claimant is seeking damages and related expenses in connection with its holdings of the Bonds, COFINA requests that the Court enter an order finding that this portion of the Claim is subordinated under 11 U.S.C. § 510(b). *In re Public Serv. Co.*, 129 B.R. 3, 4-5 (Bankr. D.N.H. 1991) (holding that damages claims and

5

defense costs related to litigation involving warrants subject to subordination pursuant to Bankruptcy Code § 510(b)).

## RESERVATION OF RIGHTS

14. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever. COFINA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against COFINA; (b) a waiver of COFINA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

15. COFINA has provided notice of this Objection to (a) the individual creditor subject to this Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

6

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: December 19, 2018  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*  
Ricardo Burgos Vargas  
USDC No. 218210  
**A&S LEGAL STUDIO, PSC**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/(787) 948-1025  
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ *Martin J. Bienenstock*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## **EXHIBIT A**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**ORDER GRANTING OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF CENTRO DE CANCER LA MONTANA RETIREMENT PLAN REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 43908)**

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Centro de Cancer La Montana Retirement Plan Represented by UBS Trust Company of PR (Claim No. 43908)* (the "Objection"), dated December 19, 2018, of the Puerto Rico Sales Tax Financing Corporation ("COFINA") for entry of an order disallowing and subordinating the claim of Centro de Cancer La Montana Retirement Plan Represented by UBS Trust Company of PR (Proof of Claim No. 43908) (the "Claim"), as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

306(a) of PROMESA[2]; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed to the extent the Claim is duplicative of one or more Master Proofs of Claim; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the duplicative portion of the Claim from the official claims register in the COFINA Title III Case; and it is further

ORDERED that the remainder of the Claim is subordinated pursuant to 11 U.S.C. § 510(b); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                              Honorable Judge Laura Taylor Swain
                                              United States District Judge

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Objection.