UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND | |
| MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, | (Jointly Administered) |
| et al., | |
| Debtors.[1] | |

---------------------------------------------------------x

MEMORANDUM ORDER DENYING MICHAEL E. DANUZ REYES'S
MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET ENTRY NO. 4111)

Before the Court is the *Motion Requesting Lift of Stay* (Docket Entry No. 4111, the "Motion") filed by Michael E. Danuz Reyes ("Movant") for relief from the automatic stay imposed by the filing of the above-captioned Title III case on an employment discrimination and retaliation case captioned Michael Danuz Reyes v. Estado Libre Asociado de Puerto Rico, et al., Case No. KPPE-2004-2013 (the "Litigation"), which is currently pending in the Court of First Instance in San Juan (the "Commonwealth Court"). For the following reasons, the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686).

<u>Background</u>

On June 28, 2004, Movant commenced the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Department of Justice ("PRDJ"), and various former officials of the PRDJ in their official and personal capacities (together with PRJD and the Commonwealth, the "Defendants"). Pursuant to the Litigation, Movant seeks reinstatement to his prior position with the PRDJ, payment of unearned wages and benefits, damages for injuries suffered as a result of the Defendants' alleged discrimination, and the payment of attorney's fees. In 2005, the Commonwealth Court stayed the Litigation pending the resolution of Movant's appeal before the Puerto Rico Commission for Appeals of Public Service ("CASP") challenging disciplinary measures imposed by PRDJ (the "Administrative Appeal"). (Docket Entry No. 4208, the "Objection," at ¶ 2.) Ultimately, Movant obtained a judgment in the Administrative Appeal case. (<u>Id.</u>) Pursuant to the Judgment, Movant's discharge from the PRDJ was invalidated and Movant was awarded restitution and back pay. In November 2015, Movant was reinstated to his prior position with PRDJ. (<u>Id.</u>; Mot. ¶ 2.) On August 2, 2016, the Commonwealth Court reopened the Litigation upon Movant's request. (Obj. ¶ 2.) The Oversight Board asserts that the only remaining pending issue in the Litigation is Movant's request for damages pursuant to Act 426 of November 7, 2000 (the "Puerto Rico Whistleblowers Protection Act"). Movant, on the other hand, argues that the "only issue pending in the [Litigation] is the award of attorneys' fees . . . ." (Docket Entry No. 4380, the "Reply" ¶ 6.)

On May 25, 2017, the Commonwealth filed in the Litigation a *Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case under Title III of PROMESA* requesting that the Commonwealth Court take notice of, among other things, the automatic stay under the Commonwealth's Title III case as applicable to the Litigation. The

Commonwealth Court ultimately entered an order staying the Litigation. (Mot. ¶ 4.) Discovery in the Litigation was pending prior to the imposition of the automatic stay. (Id. ¶ 1.)

Movant filed the instant Motion on October 29, 2018, seeking relief from the automatic stay to "continue the [Litigation] . . . ., provided, however, that [M]ovant will not execute against any of the assets of the [e]state, without further order of this Court." (Id. ¶ 5.) In support, Movant argues that cause exists to lift the automatic stay because the Litigation was pending prepetition and it involves issues that are purely ones of Commonwealth law. (Id. ¶ 10.)

The Commonwealth argues that the Motion must be denied because the Movant has failed to demonstrate "cause" to lift the automatic stay. (Obj. ¶ 5.) In support, the Commonwealth argues the Litigation is in its preliminary stage, given that it was reopened only nine months before the Commonwealth filed its Title III petition. (Id. ¶ 6.) "Accordingly, the evidentiary process, pretrial hearing, the preparation and filing of the pretrial report, and all other ensuing hearings and filings remain to be completed before the [Litigation] is ready for trial." (Id.) In response, Movant asserts that the Litigation "stems from the same operative facts" as the Administrative Appeal case and the issues presented in the Litigation were already litigated as part of the Administrative Appeal case. (Reply ¶¶ 3, 5.)

The Court has carefully considered all of the submissions.

DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals

for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

      Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. Except to the extent they result in unsecured financial claims against the Commonwealth, Movant's claims in the Litigation, which allege past discrimination and retaliation in connection with his employment with the PRDJ, lack any connection to the Commonwealth's Title III case. Lifting the automatic stay would compel the Commonwealth to divert its limited resources to defend against the Litigation and would potentially disrupt the claims resolution process established by the Bankruptcy Code and incorporated into PROMESA. Movant's unsecured claims for monetary relief can instead be liquidated and addressed through the claims process. In addition, continuation of the Litigation would not result in an expeditious and economical resolution of Movant's claims against the Commonwealth. Although the Litigation was filed prior to the commencement of the Commonwealth's Title III case, the Litigation is still in its early stages and it appears that substantial progress must be made by the parties in order for them to be "ready for trial." Movant's assertions that he does not require additional discovery and that the issues presented in

the Litigation were already litigated as part of the Administrative Appeal case are unsupported. Finally, Movant has not demonstrated that the harm from resolution of his claims through the claims process would outweigh the burden that would accrue to the Commonwealth by continuation of the Litigation in the Commonwealth Court.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed.

CONCLUSION

For the foregoing reasons, the Motion is denied. The automatic stay continues in place as against all defendants in the Litigation. See 11 U.S.C. §§ 362(a) and 922(a)(1). This Memorandum Order resolves Docket Entry No. 4111.

SO ORDERED.

Dated: December 21, 2018

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge