**EXHIBIT 1**

**TITLE III STAY MOTIDICATIONS AGREED TO BY DEBTORS
FROM AUGUST 19, 2018 THROUGH DECEMBER 14, 2018**

| | **CASE INFORMATION** | **MOVANT** | **DEBTOR** | **BRIEF DESCRIPTION OF THE MODIFICATION** | **STIPULATION DATE** |
|---|---|---|---|---|---|
| 1. | Lucynette Arroyo-Delgado, et al v. PR-DOE, et al., Case No. 15-cv-2001 (FAB), U.S. District Court for the District of Puerto Rico Attorney's fees (IDEA) | Lucynette Arroyo Delgado, and her minor son, A.G.A. | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action. The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | October 29, 2018 |
| 2. | Rafael Bonilla Rivera v. DTOP, Case No. 2007-02-0829, Commission for Appeals of Public Service (CASP) Administrative employment action | Rafael Bonilla Rivera | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution before the Administrative Forum, and (b) allow any appeal of the Administrative Forum's decision to proceed to final judgment in the courts of the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | November 15, 2018 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 3. | Southern Horizons, Inc. v. Estado Libre Asociado de Puerto Rico et als.,<br><br>Case No. G AC2017-0074, Puerto Rico Court of First Instance<br><br>Inverse Condemnation Action | Southern Horizons, Inc | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Inverse Condemnation Action to proceed to final partial judgment before the State Court, solely with respect to whether and when a regulatory taking or taking occurred, by virtue of the enactment of Act 92 of June 16 of 2008; provided, however, the Title III Stay shall continue to apply in all other respects to the Inverse Condemnation Action, including, but not limited to, the execution and enforcement of any judgment and any claims for money damages against the Commonwealth or any other Title III Debtor, without prejudice to Movant's right to seek further relief from the Title III Stay after the State Court has rendered its determination regarding whether and when a regulatory taking or a taking occurred. | December 6, 2018 |
| 4. | Fortes-Cortes, et al v DOE,<br><br>Case No. 17-1920 (MDM), U.S. District Court for the District of Puerto Rico<br><br>Attorney's fees (IDEA) | Nilda Fortes-Cortes, mother and legal guardian of DRF, and DRF | Commonwealth | In the interest of justice and without conceding or admitting liability, the Parties have agreed to settle all matters related to Movants' claims under section 1415(i)(3)(B) of IDEA for the recovery of the attorney's fees and taxable costs spent in the litigation of the Prepetition Action.<br><br>The Title III Stay is hereby modified solely to the limited extent necessary to allow Movants to enforce this Stipulation and seek payment of the Settlement Amount from the Commonwealth; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions including, but not limited to, the execution and enforcement of any judgment for damages and provisional remedies. | December 7, 2018 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 5. | Puerto Rico Electric Power Authority v. Finca Matilde, Inc. et al, Case No. KEF2008-0286, Puerto Rico Court of First Instance | Finca Matilde, Inc. | PREPA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Commonwealth Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor. | November 29, 2018 |
| 6. | Puerto Rico Electric Power Authority v. Isla del Río, Inc, et al, Civil Case Nos. KEF2008-0340; KEF2008-0341; KEF2008-0344; KEF2008-0345; KEF2008-0348; KEF2012-0088 All above, before Puerto Rico Court of First Instance, San Juan Superior Part | Lucas P. Valdivieso-Torruella, Yesmín Marie Valdivieso-Galib, Lucas Valdivieso-Galib, María Teresa Valdivieso-Galib, María Cristina Leonor Valdivieso-Galib, and Jorge L.P. Valdivieso-Torruell | PREPA | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Actions to proceed to judgment before the State Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Actions, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages against PREPA, if any, or any other Title III Debtor. | November 1, 2018 |