IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ----------------------------------------------------------------- x | |
| *In re* : | |
| : | |
| THE FINANCIAL OVERSIGHT AND : | |
| MANAGEMENT BOARD FOR PUERTO RICO, : | PROMESA |
| : | Title III |
| as representative of : | Case No. 17-BK-3283 (LTS) |
| : | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* : | |
| : | |
| Debtors.[1] : | |
| ----------------------------------------------------------------- x | |
| THE OFFICIAL COMMITTEE OF UNSECURED : | |
| CREDITORS OF THE COMMONWEALTH OF : | |
| PUERTO RICO, : | |
| : | |
| as agent of : | |
| : | |
| THE FINANCIAL OVERSIGHT AND : | |
| MANAGEMENT BOARD FOR PUERTO RICO : | |
| : | |
| as representative of : | Adv. Proc. No. 17-00257-LTS |
| : | |
| THE COMMONWEALTH OF PUERTO RICO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| BETTINA WHYTE, : | |
| : | |
| as agent of : | |
| : | |
| THE FINANCIAL OVERSIGHT AND : | |
| MANAGEMENT BOARD FOR PUERTO RICO : | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

|                                              |   |
|---                                           |---|
| as representative of                         | : |
|                                              | : |
| THE PUERTO RICO SALES TAX FINANCING CORPORATION, | : |
|                                              | : |
| Defendant.                                   | : |
| ------------------------------------------------------------------ x | |

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT BY THE COFINA AGENT

Pursuant to Local Civil Rule for the U.S. District Court for the District of Puerto Rico 56(b), Bettina M. Whyte (the "**COFINA Agent**"), in her capacity as the appointed agent of the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**") as representative of the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), respectfully submits the following statement of material facts as to which there is no genuine issue to be tried ("**Statement of Undisputed Facts**") in support of her motion for summary judgment on all outstanding claims in this adversary proceeding, filed contemporaneously with and in support of this Statement of Undisputed Facts. Exhibits cited herein are annexed to the declaration of Antonio Yanez, Jr. dated February 21, 2018.

1. In 2006, the Commonwealth was experiencing a severe financial crisis.

    a. Answer and Defenses of Commonwealth Agent to COFINA Agent's Second Amended Counterclaims [Dkt. No. 286] (the "**CW Agent Answer**") ¶ 2 ("[T]he Commonwealth Agent admits that, in 2006, the Commonwealth faced a severe financial crisis that led to a near complete shutdown of its government.").

    b. Act No. 91 of May 13, 2006 (codified as amended at P.R. Laws Ann. tit. 13, § 12) ("**Act 91**"), Statement of Motives ("During the past decades, the Government of Puerto Rico has been contracting debts to finance its operation without succeeding in identifying effective methods for their repayment. The current amounts of this extraconstitutional debt have substantially affected government credit. This situation turned more severe during fiscal year 2005-2006, when government expenses once again surpassed revenues, thus creating the government crisis that afflicts the Island at present and which led to layoffs for over 95,000 government employees.").

2. The 2006 financial crisis resulted in a near complete shutdown of the government of Puerto Rico.

    a. CW Agent Answer ¶ 2 ("[T]he Commonwealth Agent admits that, in 2006, the Commonwealth faced a severe financial crisis that led to a near complete shutdown of its government.").

3. The 2006 financial crisis left tens of thousands of public employees out of work and hundreds of thousands of children without school.

    a. CW Agent Answer ¶ 14 (admitting that, as a result of the financial crisis, "[n]early 100,000 public employees were left without pay and 500,000 children were left without school. The government shutdown affected Puerto Rico's entire economy, with restaurants, shops, and other industries reporting significant drops in business as government employees struggled to get by without their salaries.") (quoting Second Amended Answer, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation (COFINA) [Dkt. 269], ¶ 14).

    b. Ex. 34 (Remarks of Alfredo Salazar, Chairman and President of the Government Development Bank for Puerto Rico, Goldman Sachs Government Development Bank for Puerto Rico Investor Conference Call, May 16, 2006, at 2) [REDACTED].

4. On May 13, 2006, Act 91 was passed in response to the 2006 financial crisis creating the Urgent Interest Fund.

    a. CW Agent Answer ¶ 15 ("[T]he Commonwealth Agent admits that, in response to the financial crisis, the Legislative Assembly passed Act 91 of May 13, 2006.").

    b. Act 91, Statement of Motives ("In order to address said situation and as part of a number of legislative measures approved to dispel said crisis, the Urgent Interest Fund is hereby created as a special fund, the moneys of which shall be used to cover the deficit thus generated, as well as other government obligations and debts that seriously affect the credit of the Government of Puerto Rico.").

5.  On December 26, 2006, Act 291 authorized the creation of the Puerto Rico Urgent Interest Fund Corporation as a subsidiary of the Development Bank of Puerto Rico ("**G.D.B.**").

    a.  Act 291 § 1 ("[T]he Puerto Rico Urgent Interest Fund Corporation [is] a subsidiary of the Government Development Bank for Puerto Rico . . . .").

    b.  CW Agent Answer ¶ 16 ("[T]he Commonwealth Agent admits that the Legislative Assembly authorized the creation of the Urgent Interest Fund Corporation as a subsidiary of the GDB on December 26, 2006.").

    c.  Second Amended Complaint ("**2d. Am. Compl.**") [Dkt. No. 221], ¶ 27 ("The amendments to Act 91 . . . [c]reated COFINA as a purportedly independent public corporation 'attached' to the GDB (in lieu of a previously authorized subsidiary of the GDB called the 'Urgent Interest Fund Corporation').").

6.  Act 56 established the English name of the Urgent Interest Fund as the "Dedicated Sales Tax Fund."

    a.  Act No. 56-2007 of July 5, 2007, (codified as amended P.R. Laws Ann. tit. 13, §§ 11a-16 ("**Act 56**") § 2 ("A special fund is hereby created . . . whose name in English shall be Dedicated Sales Tax Fund . . . .").

7.  Act No. 117-2006 of July 4, 2006 ("**Act 117**") imposed a new sales and use tax.

    a.  Act 117 § 2401 ("A tax on every sales transaction of a taxable item in Puerto Rico shall be imposed, collected and paid.").

    b.  2d Am. Compl. ¶ 16 ("The SUT is a general sales and use tax applicable to a wide range of goods and services. Pursuant to Act No. 117 of July 4, 2006, the Commonwealth imposed the SUT for the first time, effective November 1, 2006, at a rate of 5.5% . . . .").

8.  Act 91 was amended by Act 56 to mandate that a portion of the proceeds from that sales tax (the "Pledged Sales Tax") be deposited in the Dedicated Sales Tax Fund.

    a.  Act 91 (as amended), § 3 ("A special fund is hereby created . . . whose name in English shall be 'Dedicated Sales Tax Fund,' to be administered by the GDB. [The Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in [the Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of COFINA. . . . [The Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

b. Act 56 § 2 ("A special fund is hereby created . . . whose name in English shall be Dedicated Sales Tax Fund, to be administered by the GDB . . . . The [Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this this law are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

9. On July 5, 2007, Act 91 was amended by Act 56 to create the Urgent Interest Fund Corporation as Corporación del Fondo de Interés Apremiante ("COFINA"), whose name in English is Puerto Rico Sales Tax Financing Corporation.

    a. Act 56 § 1 ("A public corporation and instrumentality of the Commonwealth of Puerto Rico, is hereby created, which constitutes a corporate and political entity independent and separate from the Commonwealth of Puerto Rico to be known as the Corporación del Fondo de Interés Apremiante de Puerto Rico ('COFINA'), whose name in English shall be Puerto Rico Sales Tax Financing Corporation.").

    b. CW Agent Answer ¶ 16 ("The Commonwealth Agent further admits that, on July 5, 2007, the Legislative Assembly amended the law so that the Urgent Interest Fund Corporation was renamed 'COFINA' . . . .").

10. COFINA is a corporate and political entity that is independent and separate from the Commonwealth of Puerto Rico.

    a. Act 56 § 1 ("A public corporation and instrumentality of the Commonwealth of Puerto Rico, is hereby created, which constitutes a corporate and political entity independent and separate from the Commonwealth of Puerto Rico to be known as the Corporación del Fondo de Interés Apremiante de Puerto Rico ('COFINA'), whose name in English shall be Puerto Rico Sales Tax Financing Corporation.")

    b. CW Agent Answer ¶ 16 ("The Commonwealth Agent further admits that, on July 5, 2007, the Legislative Assembly amended the law so that the Urgent Interest Fund Corporation was renamed 'COFINA' and would not be a subsidiary of the GDB but purportedly 'a corporate and political entity independent and separate from the Commonwealth.'").

    c. 2d Am. Compl. ¶¶ 6, 12, 27 ("The amendments to Act 91 . . . [c]reated COFINA as a purportedly independent public corporation 'attached' to the GDB . . . .").

    d. *Stipulation and Order*, Adv. Proc. No. 17-133-LTS [Dkt. No. 421], Statement of Facts of AAFAF, the Commonwealth of Puerto Rico, and COFINA, Ex. A at ¶ 2

- 5 -

("COFINA is an 'independent governmental instrumentality of the Commonwealth.'").

11. On July 5, 2007, the Pledged Sales Tax and the Dedicated Sales Tax Fund were transferred to COFINA.

    a. Act 56 § 2 (The "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of, COFINA. . . .  The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

    b. Act No. 1-2009 of Jan. 14, 2009 § 2 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a-16) ("The [Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

    c. Act No. 7-2009 of Mar. 9, 2009 § 50 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a-16) ("The [Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be [funded] each fiscal year from the following sources . . . [including a specified portion of] [t]he first collections of the sales and use tax . . . .").

    d. Act No. 18-2009 of May 22, 2009 § 2 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a-16) ("The [Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

    e. Act No. 116-2013 of Oct. 10, 2013 § 2 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a-16) ("[The Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

    f.   Act No. 101-2015 of July 1, 2015 § 1 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a-16) ("[The Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in [the Dedicated Sales Tax Fund] pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. . . . The [Dedicated Sales Tax Fund] shall be funded each fiscal year from the following sources . . . [including a specified amount of] [t]he first revenues of the sales and use tax . . . .").

    g.   2d Am. Compl. ¶ 42 ("In 2007, Act 91 was amended to provide that '[t]he [Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this Act and all the **future funds** that must be deposited in the [Dedicated Sales Tax Fund] . . . are hereby transferred to, and shall be the property of COFINA.'") (emphasis in original).

12.    The Legislative Assembly intended that COFINA would own the Pledged Sales Tax and the Dedicated Sales Tax Fund.

    a.   Act 56, Statement of Motives ("It is the intention of this Legislature to increase the amount of funds that are deposited in the Dedicated Sales Tax Fund pursuant to the provisions of Act No. 91 so that they be used to pay the extraconstitutional debt, that they be owned by COFINA until such time as the extraconstitutional debt outstanding as of June 30, 2006 has been paid, and that such funds shall not constitute available resources of the Commonwealth of Puerto Rico for any purpose, including for purposes of Section 8 of Article VI of the Constitution.").

13.    Act 56, which established COFINA and transferred the Pledged Sales Tax and the Dedicated Sales Tax Fund to COFINA, was passed with the support of both political parties of the Commonwealth of Puerto Rico.

    a.   CW Agent Answer ¶ 22 ("[T]he Commonwealth Agent admits that the legislation creating the COFINA structure passed with bipartisan support.").

    b.   Ex. 48 (Remarks of José Coleman of the Government Development Bank, Conference Call about COFINA Legal Opinions, at 12-13 (Oct. 31, 2013)) ("Yeah and something, you know, to add, you know, the person who asked the question is correct that both Puerto Rico's main political parties have been in power when COFINA legislation has been successfully passed and that, you know . . . and we see that with all the . . . with the Secretary of Justice's [opinions]. In fact the COFINA [program] was created by the administration of then Governor Aníbal Acevedo Vilá, who was Governor from 2005 to 2008. And this is done in collaboration with a then PNP 'statehood controlled' legislature. In other words, the COFINA program has really been bipartisan since its inception. As many people know, this is a very ra[r]e and precious thing in Puerto Rico. As people well know, the PNP affiliated Fortuño administration implemented the largest expansion

- 7 -

of the COFINA program during the 2009-2012 term. The current PDP administration legislated a new, more limited expansion to the COFINA program.").

c. Ex. 5 (Eva Lloréns Vélez, *Puerto Rico Legislative Leaders Back Local Bondholders*, Caribbean Business (Mar. 9, 2017)) (House Speaker Carlos Méndez explained, "[COFINA] was created in a legal fashion with the support of all political parties in a unanimous way").

14. The Commonwealth represented to rating agencies that COFINA owns the Pledged Sales Tax and the Dedicated Sales Tax Fund.

a. Act 56 § 2 (The "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of COFINA.").

b. Ex. 36 (Rating Agency Presentation: Commonwealth of Puerto Rico: Puerto Rico Sales Tax Financing Corporation at 27 (June 15, 2007)) ███████████████████████████████████████████████████████████████████████████████████.

c. Ex. 3 (Memorandum from Citigroup Global Markets to F. Batlle re: Roadmap for COFINA I Ratings Upgrade to "AA" Category at 2 (Feb. 18, 2009) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

d. Ex. 48 (Transcript of GBD Conference Call re: COFINA Legal Opinions at 2 (Oct. 31, 2013) (José Pagán, Interim President of the GDB: "COFINA's credit is bolstered by strong legal protections for bondholders. COFINA is the best-rated credit among Puerto Rico issuers and has historically been the most attractive and cost-effective source of financing for the Commonwealth.")).

e. Ex. 44 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, Junior Lien Series 2013A, Rating Evaluation Service Presentation at 3 (Sept. 13, 2013)) ██████████████████████████████████████████████████████████████████████████████████████

f. Ex. 45 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, Junior Lien Series 2013A, Updated Rating Evaluation Service Presentation at 3 (Sept. 20, 2013) ████████████████████████████████████████████████████████████████████████████████████████████████████.

g. Ex. 46 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, Junior Lien Series 2013A, Moody's Rating Evaluation Service Presentation at 4

- 8 -

(Sept. 25, 2013) ███████████████████████████████████████████████.

    h. Ex. 33 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, Junior Lien, Moody's Indicative Rating Presentation at 3 (undated) ███████████████████████.

15. COFINA has issued four types of bonds currently outstanding ("**COFINA Bonds**"): (a) senior "current interest" bonds; (b) senior "capital appreciation" bonds; (c) subordinate "current interest" bonds; and (d) subordinate "capital appreciation" bonds.

    a. Ex. 2 (Puerto Rico Sales Tax Financing Corporation Amended and Restated Sales Tax Revenue Bond Resolution adopted July 13, 2007, as amended on June 10, 2009) (the "**Bond Resolution**") (denoting types of COFINA Bonds).

    b. Ex. 18 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, Senior Series 2011C at 20 (December 1, 2011)) ███████████████████████████████████████.

    c. Ex. 12 (Puerto Rico Sales Tax Financing Corporation, Sales Tax Revenue Bonds, First Subordinate Series 2009B at 16 (June 19, 2009) ("The Series 2009B Bonds will be issued as current interest bonds (the 'Current Interest Bonds'), capital appreciation bonds (the 'Capital Appreciation Bonds'), and convertible capital appreciation bonds (the 'Convertible Capital Appreciation Bonds').").

16. The COFINA Bonds were issued pursuant to the Amended and Restated Sales Tax Revenue Bond Resolution, a contract among COFINA, the Bank of New York Mellon (as trustee), the COFINA bondholders, and certain other beneficiaries.

    a. *See generally* Ex. 2 (Bond Resolution).

17. The COFINA Bonds were not issued by the Commonwealth.

    a. Ex. 2 (Bond Resolution § 201) ███████████████████████████████████████.

18. The COFINA Bonds are not backed by a pledge of the full faith and credit of the Commonwealth.

   a. CW Agent Answer ¶ 23 ("The Commonwealth Agent further admits that the COFINA Bonds are not backed by a pledge of the full faith and credit of the Commonwealth.").

   b. Ex. 2 (Bond Resolution § 201) ███████.

   c. Act 56 § 3 ("The bonds and other obligations of COFINA shall not constitute a debt or obligation of the Commonwealth of Puerto Rico nor of its other instrumentalities. Neither the Commonwealth of Puerto Rico nor its other public instrumentalities shall be responsible for the payment of such bonds or other obligations, for which the full faith, credit and taxing power of the Commonwealth of Puerto Rico shall not be pledged.").

19. The Commonwealth and COFINA represented to investors that COFINA owns the Pledged Sales Tax and the Dedicated Sales Tax Fund.

   a. Act 56 § 2 (The "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of COFINA.").

   b. Ex. 38 (Investor Presentation: Commonwealth of Puerto Rico: Puerto Rico Sales Tax Financing Corporation (COFINA) at 17 (June 25, 2007)) ███████.

   c. Ex. 41 (Puerto Rico Sales Tax Financing Corporation: Sales Tax Revenue Bonds, First Subordinate Series 2009A: Investor Presentation at 12 (June 2009)) ███████.

   d. Ex. 43 (Puerto Rico Sales Tax Financing Corporation: Sales Tax Revenue Bonds, First Subordinate Series 2011 A & B: Sales Tax Revenue Bonds, Senior Series 2011 C & D: Investor Presentation at 18 (Nov. 14, 2011)) ███████.

   e. Ex. 47 (The Commonwealth of Puerto Rico: Update on Fiscal and Economic Progress FY 2014 Q1 Investor Webcast at 63 (Oct. 15, 2013)) ("Law 91-2006, which created COFINA, transferred ownership of a portion of the Sales Tax to

Case:17-03283-LTS Doc#:4557-4 Filed:12/21/18 Entered:12/21/18 16:41:29 Desc: Exhibit Page 11 of 20
Case:17-00257-LTS Doc#:312-7 Filed:02/21/18 Entered:02/21/18 22:34:56 Desc: Main Document Page 11 of 20

COFINA and provided that any transferred portion was not 'available resources' under the Constitutional provisions relating to full faith and credit bonds.").

20. The Commonwealth represented to investors of general obligation bonds ("**GO Bonds**") that COFINA owns the Pledged Sales Tax and the Dedicated Sales Tax Fund.

a. Act 56 § 2 (The "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of COFINA.").

b. Ex. 19 (Commonwealth of Puerto Rico, Tax and Revenue Anticipation Notes, Series 2008, Official Statement at 3 (Oct. 18, 2007)) ("[The Pledged Sales Tax] is deposited by the Secretary of the Treasury upon receipt into the [Dedicated Sales Tax Fund], which is held and owned by [COFINA] separate and apart from the Commonwealth's General Fund. Amounts on deposit in the [Dedicated Sales Tax Fund] are applied to the payment of debt issued by [COFINA] to refinance the above extra constitutional debt outstanding.").

c. Ex. 24 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2009 B at 14, I-37 (Nov. 4, 2009)) ("Act No. 91 provides that the Dedicated Sales Tax Fund created by Act No. 91, the funds on deposit therein and Commonwealth the sales and use tax pledged to COFINA do not constitute 'available resources' of the Commonwealth for purposes of Section 2 and Section 8 of Article VI of the Constitution of Puerto Rico and are not available for use by the Secretary. As a result, the portion of the Commonwealth sales and use tax allocated to COFINA is not available for the payment of principal of and interest on the Bonds. . . . [T]he portion of the Sales Tax . . . allocated to COFINA is also not included as internal revenues consistent with the legislation creating [COFINA], which legislation transfers ownership of such portion of the sales and use tax to COFINA and provides that such portion is not 'available resources' under the Constitutional provisions relating to the Bonds.").

d. Ex. 25 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2009C (General Obligation Bonds) at 14 (Dec. 3, 2009)) ("[T]he portion of the Sales Tax . . . allocated to COFINA is also not included as internal revenues consistent with the legislation creating COFINA, which legislation transfers ownership of such portion of the sales and use tax to COFINA and provides that such portion is not 'available resources' under the Constitutional provisions relating to the Bonds.").

e. Ex. 29 (Commonwealth of Puerto Rico, Public Improvement Bonds of 2011 and Public Improvement Refunding Bonds, Series 2011 D and 2011 E (General Obligation Bonds) at 20-21 (July 11, 2011)) ("[T]he portion of the Commonwealth sales and use tax allocated to COFINA is not available for the payment of principal of and interest on the Bonds. . . . In addition, the portion of the sales and use tax

- 11 -

allocated to COFINA is also not included as internal revenues consistent with the legislation creating COFINA, which legislation transfers ownership of such portion of the sales and use tax to COFINA and provides that such portion is not 'available Commonwealth resources' under the above cited Constitutional provisions relating to public debt.").

21. The Commonwealth represented to investors in GO Bonds that the proceeds from the Pledged Sales Tax were not available to service general obligation debt.

a. Act 56 § 2 (The "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of, COFINA.").

b. Ex. 20 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2008 A and 2008 B (General Obligation Bonds) at 29, I-42 (May 7, 2008)) ("[T]he portion of the sales tax allocated to [COFINA] is . . . not 'available resources' under the Constitutional provisions relating to the Bonds.").

c. Ex. 21 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2008 C at 16, I-42 (May 7, 2008)) ("[T]he portion of the sales tax allocated to [COFINA] is . . . not 'available resources' under the Constitutional provisions relating to the Bonds.").

d. Ex. 22 (Commonwealth of Puerto Rico, Public Improvement Bonds of 2008, Series A (General Obligation Bonds) at 12, I-41 (Sept. 5, 2008)) ("[T]he portion of the sales tax allocated to [COFINA] is . . . not 'available resources' under the Constitutional provisions relating to the Bonds.").

e. Ex. 23 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2009 A (General Obligation Bonds) at 12 (Sept. 11, 2009)) ("[T]he portion of the Sales Tax allocated to COFINA is . . . not 'available resources' under the Constitutional provisions relating to the Bonds.).

f. Ex. 26 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2011 A (General Obligation Bonds) at 18, 19 (Feb. 10, 2011)) ("Act No. 91 provides that the Dedicated Sales Tax Fund created by Act No. 91, the funds on deposit therein and Commonwealth the sales and use tax pledged to COFINA do not constitute 'available Commonwealth resources' of the Commonwealth for purposes of Section 2 and Section 8 of Article VI of the Constitution of Puerto Rico and are not available for use by the Secretary. As a result, the portion of the Commonwealth sales and use tax allocated to COFINA is not available for the payment of principal of and interest on the Bonds. . . . [T]he portion of the sales and use tax allocated to COFINA is . . . not 'available Commonwealth resources' under the above cited Constitutional provisions relating to public debt.").

g. Ex. 30 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2012 A (General Obligation Bonds) at 13, 14 (Mar. 7, 2012)) ("[T]he portion of the Commonwealth sales and use tax allocated to COFINA is not available for the payment of principal of and interest on the Bonds. . . . In addition, the portion of the sales and use tax allocated to COFINA is . . . not 'available Commonwealth resources' under the above cited Constitutional provisions relating to public debt.").

h. Ex. 31 (Commonwealth of Puerto Rico, Public Improvement Refunding Bonds, Series 2012 B (General Obligation Bonds) at 12, 13 (Mar. 7, 2012)) ("[T]he portion of the Commonwealth sales and use tax allocated to COFINA is not available for the payment of principal of and interest on the Bonds. . . . In addition, the portion of the sales and use tax allocated to COFINA is . . . not 'available Commonwealth resources' under the above cited Constitutional provisions relating to public debt.").

i. Ex. 32 (Commonwealth of Puerto Rico, General Obligation Bonds of 2014, Series A, Official Statement at 29, 31 (Mar. 11, 2014)) ███████████████

22. COFINA raised more than $16 billion by issuing bonds to investors.

a. CW Agent Answer ¶ 5 ("[T]he Commonwealth Agent admits that, in the last decade, investors have purchased over $16 billion of COFINA Bonds."), ¶ 25 ("[T]he Commonwealth Agent admits that the issuance of COFINA Bonds generated more than $16 billion in proceeds.").

23. Puerto Rican and mainland investors purchased approximately $4.5 billion in COFINA Bonds in 2007, $740 million in 2008, $5.5 billion in 2009, $3.6 billion in 2010, and $1.9 billion in 2011.

a. CW Agent Answer ¶ 25 ("The Commonwealth Agent further admits that investors purchased approximately $4.5 billion in COFINA Bonds in 2007 and approximately another $740 million in 2008. The Commonwealth Agent further admits that, between 2009 and 2011, additional COFINA Bonds were sold to investors, both in Puerto Rico and off the island.").

b. Ex. 6 (COFINA, Sales Tax Revenue Bonds, Series 2007 A (July 13, 2007)) (issuing $2,667,603,572.60 of bonds).

c. Ex. 7 (COFINA, Sales Tax Revenue Bonds, Series 2007 B (July 17, 2007)) (issuing $1,333,101,779.90 of bonds).

    d.  Ex. 8 (COFINA, Sales Tax Revenue Bonds, Series 2007 C (Dec. 18, 2007)) (issuing $499,996,621.90 of bonds).

    e.  Ex. 9 (COFINA, Sales Tax Revenue Bonds, Series 2008 A (June 25, 2008)) (issuing $737,046,992.35 of bonds)

    f.  Ex. 10 (COFINA , Sales Tax Revenue Bonds, First Subordinate Series 2009 A (June 10, 2009)) (issuing $4,118,153,700 of bonds).

    g.  Ex. 11 (COFINA, Sales Tax Revenue Bonds, Senior Series2009 C (June 10, 2009)) (issuing $237,875,000 of bonds).

    h.  Ex. 12 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2009 B (June 19, 2009)) (issuing $1,217,915,779.20 of bonds).

    i.  Ex. 13 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2010 A (Jan. 28, 2010)) (issuing $1,823,757,271.30 of bonds).

    j.  Ex. 14 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2010 C (June 24, 2010)) (issuing $1,619,404,596.60 of bonds).

    k.  Ex. 15 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2010 D and 2010 E (June 24, 2010)) (issuing $182,190,000 of bonds).

    l.  Ex. 16 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2011 A (Nov. 16, 2011)) (issuing $734,795,573.95 of bonds).

    m.  Ex. 17 (COFINA, Sales Tax Revenue Bonds, First Subordinate Series 2011 B (Nov. 16, 2011)) (issuing $45,620,000 of bonds).

    n.  Ex. 18 (COFINA, Sales Tax Revenue Bonds, Senior Series 2011 C (Dec. 1, 2011)) (issuing $1,006,474,702 of bonds).

    o.  Ex. 18 (COFINA, Sales Tax Revenue Bonds, Senior Series 2011 D (Dec. 1, 2011)) (issuing $91,155,000 of bonds).

24.    The COFINA Bonds represent the most widely-held investment by Puerto Rican retirees and retail investors.

    a.  Ex. 51 (Commonwealth Fiscal Plan, Oct. 14, 2016 at 71) (chart demonstrating that COFINA has the largest amount of local holdings).

    b.  CW Agent Answer ¶ 60 ("[T]he Commonwealth Agent admits that some COFINA Bonds are held by Puerto Rico retirees and retail investors.").

25. Financing using the COFINA Bonds has saved the Commonwealth between $1.1 and $2.2 billion in borrowing costs on the $16 billion of COFINA bonds issued to date.

   a. Ex. 4 (Press Release, *Treasury Secretary and Interim GDB President Announce Amendments to COFINA Act that Will Facilitate More Cost-effective Financing for the Commonwealth*, PRNewswire, Sept. 25, 2013) (available at: https://www.prnewswire.com/news-releases/treasury-secretary-and-interim-gdb-president-announce-amendments-to-cofina-act-that-will-facilitate-more-cost-effective-financing-for-the-commonwealth-225219522.html) (estimating "between $66 million and $132 million [of savings] for every $1 billion issued in bonds.").

26. In the decade since COFINA's creation, in addition to the representations contained within Act 91 and its subsequent amendments, the Commonwealth has repeatedly stated on at least 35 different occasions that the Pledged Sales Tax and the Dedicated Sales Tax Fund were transferred to, and are the property of, COFINA.

   a. Ex. 1 (Catalogue of Select Commonwealth Admissions Reaffirming COFINA's Ownership of the Pledged Sales Tax and Dedicated Sales Tax Fund).

27. Secretaries of Justice serving three different administrations have all issued legal opinions concluding that COFINA is the owner of the Pledged Sales Tax and the Dedicated Sales Tax Fund.

   a. Ex. 52 (Letter from Roberto J. Sánchez Ramos, Department of Justice, to Alfredo Salazar, Chairman, COFINA, Consulta Núm. 06-63-B ¶ 3 (July 31, 2007)) [redacted]

   b. Ex. 53 (Letter from Antonio M. Sagardía de Jesús, Secretary of Justice, to Carlos M. García Rodríguez, President and Chairman of the Board of Directors, Consulta Núm. 09-198-A ¶ 4 (May 28, 2009)) [redacted].

- 15 -

    c. Ex. 54 (Letter from Antonio M. Sagardía de Jesús, Secretary of Justice, to Carlos M. García Rodríguez, President and Chairman of the Board of Directors, Consulta Núm. 09-233-A ¶ 4 (June 18, 2009)) (same).

    d. Ex. 55 (Letter from Antonio M. Sagardía de Jesús, Secretary of Justice, to Carlos M. García Rodríguez, President and Chairman of the Board of Directors, Consulta Núm. 09-10-B ¶ 4 (July 23, 2009)) (same).

    e. Ex. 56 (Letter from Guillermo A. Somoza Colombani, Secretary of Justice, to Carlos M. García Rodríguez, President and Chairman of the Board of Directors, Consulta Núm. 10-175-A ¶ 4 (Feb. 9, 2010)) (same).

    f. Ex. 57 (Letter from Guillermo A. Somoza Colombani, Secretary of Justice, to Juan Carlos Batlle, President and Vice-Chairman of the Board of Directors, Inquiry No. 11-137-B ¶ 4 (Nov. 23, 2011)) (same).

    g. Ex. 58 (Letter from Guillermo A. Somoza Colombani, to Juan Carlos Batlle, President and Vice-Chairman of the Board, Inquiry No. 11-145-B ¶ 4 (Dec. 13, 2011)) (same).

    h. Ex. 59 (Letter from Rafael Ortiz Carrión, Acting Attorney General, to Javier Ferrer, President, Inquiry No. 13-151-A ¶ 4 (Apr. 30, 2013)) (same).

    i. *Stipulation and Order*, Adv. Proc. No. 17-133-LTS [Dkt. No. 421] containing Statement of Facts of AAFAF, the Commonwealth of Puerto Rico, and COFINA, Ex. A at ¶ 3 ("On July 31, 2007, Jun 18, 2009, February 9, 2010, June 30, 2010, November 23, 2011, and December 13, 2011 the Secretary of Justice of the Commonwealth issued official opinions regarding the validity of the COFINA structure and the COFINA Bonds.").

28. In connection with each issuance of COFINA Bonds, COFINA obtained a legal opinion that it provided to investors concluding that, under Acts 91 and each of its amendments, COFINA owns the Pledged Sales Tax and the Dedicated Sales Tax Fund, which serves as security for the COFINA Bonds.

    a. Ex. 60 (Opinion Letter of Fiddler Gonzalez & Rodriguez, P.S.C. at 1, ¶ 6 (July 31, 2007)) 

      .

  b. Ex. 60 (Opinion Letter of Hawkins Delafield & Wood LLP at 1-2 (July 31, 2007))

  c. Ex. 63 (Opinion Letter of Hawkins Delafield & Wood LLP at 1 (June 18, 2009)) ("Pursuant to Act No. 91 of May 13, 2006, as amended ('Act 91'), the Corporation was created as a public corporation and instrumentality of the Commonwealth, constituting a corporate and political entity independent and separate from the Commonwealth, and such portion of the sales and use tax (including the additional portions designated in amendments to Act 91), and the right to receive the same (referred to herein and in the Resolution as the 'Pledged Sales Tax'), were by the terms of Act 91 made the property of the Corporation, and not the property of the Commonwealth Treasury, in consideration for provision by the Corporation of bond proceeds and other funds to be applied for the various purposes stated in Act 91.").

  d. Ex. 62 (Opinion Letter of Jorge A. Rivera, Esq., Puerto Rico Sales Tax Financing Corporation General Counsel at 1 (May 28, 2009))                                        .

  e. Ex. 61 (Opinion Letter of Pietrantoni Mendez & Alvarez LLC at 1-2, 6, 8 (May 28, 2009))

- 17 -



f. Ex. 64 (Opinion Letter of Pietrantoni Mendez & Alvarez LLC at 1 (June 18, 2009)) (same).

g. Ex. 65 (Opinion Letter of Pietrantoni, Mendez & Alvarez LLC at 1 (June 25, 2009))



.

h. Ex. 71 (Opinion Letter of Pietrantoni, Mendez & Alvarez LLC at 1 (Dec. 13, 2011)) ("Pursuant to the provisions of Act 91 and the Resolution, the Offered Bonds are primarily secured by a security interest granted by the Corporation in receipts of a portion (and the right to receive the same) of the sales and use tax imposed by the Commonwealth. Such portion of the sales and use tax and the right to receive the same (referred to herein collectively as the 'Pledged Sales Tax'), are by the terms of Act 91 made the property of the Corporation.").

i. Ex. 72 (Opinion Letter of Pietrantoni, Mendez & Alvarez LLC at 1 (Apr. 30, 2013))



.

- 18 -

j. Ex. 66 (Opinion Letter of O'Neill & Borges at 1, 3 (June 25, 2009))



k. Ex. 67 (Opinion Letter of Nixon Peabody at 1, 10-11 (Feb. 9, 2010))



.

l. Ex. 68 (Opinion Letter of Nixon Peabody at 1, 10-11 (June 30, 2010)) (same).

m. Ex. 69 (Opinion Letter of Nixon Peabody at 1, 10-11 (Nov. 23, 2011) (same).

n. Ex. 70 (Opinion Letter of Nixon Peabody at 1, 10-11 (Dec. 13, 2011)) (same).

29. Puerto Rico has been borrowing to finance its deficits since at least 1970.

   a. Ex. 73 (Commonwealth of Puerto Rico Moody's Historical Ratings) (showing ratings on bonds first began in 1970).