UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

MEMORANDUM ORDER GRANTING IN PART
MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 4211)

Before the Court is the *Motion for Relief from Stay* (Docket Entry No. 4211 in Case No. 17-3283, the "Motion"), filed by 191 individuals who are former employees of the Senate of Puerto Rico, the Office of the Superintendent of the Capitol Building, and the House of Representatives (collectively, the "Movants"), for relief from the automatic stay imposed by the filing of the above-captioned Title III case. Movants seek relief from the automatic stay in order to initiate enforcement proceedings against certain officials and former officials of the Commonwealth of Puerto Rico (the "Commonwealth") in connection with two settlement

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

agreements. As explained below, the Motion is granted to a limited extent solely to allow Movants to seek a specific determination from the United States District Court for the District of Puerto Rico.

BACKGROUND

In 2013, Movants filed civil complaints in the United States District Court for the District of Puerto Rico (the "District Court") against certain officials and former officials (the "Defendants") of the Commonwealth, alleging First Amendment violations resulting from the termination of Movants' employment. The two lawsuits, <u>Rivera-Carrasquillo, et al. v. Eduardo Bhatia-Gautier, et al.</u> (the "<u>Rivera-Carrasquillo</u> Lawsuit") and <u>Torres-Torres, et al. v. Perelló-Borrás, et al.</u> (the "<u>Torres-Torres</u> Lawsuit" and, collectively, the "Lawsuits"), were largely resolved when the parties entered into two confidential settlement agreements in 2016 (the "Settlement Agreements"). The Settlement Agreements provided in part that the confidential settlement amount "will be paid by the Commonwealth of Puerto Rico in full settlement of all claims, damages and requests for relief alleged in the [lawsuits]."

In January 2018, the Commonwealth filed a *Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case under Title III of PROMESA* in both the <u>Rivera-Carrasquillo</u> Lawsuit and the <u>Torres-Torres</u> Lawsuit, requesting that the District Court take notice of the applicable automatic stay. The District Court stayed both Lawsuits, and thereafter denied Movants' motions for orders instructing Defendants, in their individual capacities, to make payments due pursuant to the applicable Settlement Agreements. On May

25, 2018, Movants filed proofs of claim in connection with both Lawsuits,[2] asserting claims against the Commonwealth arising from the relevant Settlement Agreements.

Movants now seek relief from the automatic stay to collect against the individual Defendants under the Settlement Agreements. Movants contend that, although the Settlement Agreements explicitly call for payment by the Commonwealth, the payment provision is merely the product of a promise by the Commonwealth to indemnify the Defendants in their individual capacities, and that cause exists to grant the requested relief because Movants seek to enforce only Defendants' individual personal settlement liability and to collect only from the personal assets of Defendants rather than from the Commonwealth's estate. (Mot. at 13-19.)

The Commonwealth argues that Movants have failed to show that cause exists to modify the automatic stay under Section 362(d) of the Bankruptcy Code, and that lifting the automatic stay would allow Movants to receive preferential treatment of their prepetition, unsecured claims against the Commonwealth. The Commonwealth also argues that the Settlement Agreements require the Commonwealth, rather than the individual Defendants, to pay the outstanding settlement amounts. (See Objection ¶¶ 29-30.) The Commonwealth further contends that, even if Movants succeeded in enforcing their claims against Defendants, the Commonwealth would ultimately be liable given that it assumes the legal representation and payment of any subsequent adverse judgment against every official or former official of the Commonwealth. (Id. ¶ 14.)

In their Reply, Movants state that any ambiguity as to the "scope and extent" of the individual Defendants' liability under the Settlement Agreements should be resolved by the

---

[2] Although the Settlement Agreements are purportedly confidential, both are attached as exhibits to Movants' proofs of claim regarding the Rivera-Carrasquillo Lawsuit and the Torres-Torres Lawsuit.

District Court, and request relief for that more limited purpose. (Docket Entry No. 4448 in Case No. 17-3283, the "Reply," at ¶¶ 6-8.)

The Court has considered all of the submissions carefully.

### DISCUSSION

Because the Settlement Agreements are at least arguably ambiguous as to whether they impose liability upon the Defendants in their personal capacities, the Court concludes that further consideration by the district court that entered the Settlement Agreements as to the extent and scope of the parties' liability under the Settlement Agreements is necessary and efficient. Indeed, a determination by the District Court that Defendants have no personal liability under the Settlement Agreements would render futile the enforcement proceedings that Movants originally sought leave to commence. If the District Court were to determine that Defendants may be held liable in their individual capacities for the outstanding amounts due under the Settlement Agreements, the Commonwealth's obligations to Movants in connection with Movants' proofs of claim would potentially be diminished. It is likely that the Commonwealth would face indemnification claims by Defendants in such event. The question of who may be held liable for the outstanding amounts due under the Settlement Agreements will thus influence the potential timing and mode of resolution of Movants' claims under the agreements and the nature and magnitude of claims against the Commonwealth's estate.

Accordingly, the Court concludes that cause exists to warrant a limited modification of the automatic stay under the circumstances presented here.

CONCLUSION

For the foregoing reasons, the Motion is granted in part. The automatic stay is modified to allow Movants to seek a determination from the District Court regarding the amount, scope, and extent of the Commonwealth's and Defendants' respective liability, if any, to Movants for payments under the operative Settlement Agreements. The remainder of the Motion, including Movants' request for relief regarding the initiation of enforcement proceedings, is denied without prejudice to renewal following the District Court's determination as to liability. This Memorandum Order resolves Docket Entry No. 4211 in Case No. 17-3283.

SO ORDERED.

Dated: December 21, 2018

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge