UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al<br><br>Debtors | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION<br><br>Debtor | PROMESA Title III<br><br>No. 17 BK 3284-LTS |

OBJECTION TO CONFIRMATION OF THE SECOND AMENDED TITLE III PLAN OF ADJUSTMENT OF THE DEBTS OF PUERTO RICO SALES TAX FINANCING CORPORATION AND JOINDER OF OBJECTION BY PROSOL-UTIER[1]

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (I) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686, (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID_ 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS)(Last Four Digits of Federal Tax ID: 3747.

TO THE HONORABLE COURT

Come now, the parties identified below, who respectfully state, pray, and request as follows:

I. The appearing parties:

The parties who appear through this objection are the following:

a) René Pinto Lugo; VAMOS, Movimiento de Concertación Ciudadana Inc., (VAMOS); and the following labor unions: Unión de Empleados de Oficina y Profesionales de la Autoridad de Edificios Públicos, (UEOGAEP); Unión Insular de Trabajadores Industriales y Construcciones Eléctricas Inc., (UITICE); Unión Independiente de Empleados de la Autoridad de Acueductos y Alcantarillados (UIA); Unión de Empleados de Oficina Comercio y Ramas Anexas, Puertos, (UEOCRA); Unión de Empleados Profesionales Independientes, (UEPI); Unión Nacional de Educadores y Trabajadores de la Educación, (UNETE); y la Asociación de Inspectores de Juegos de Azar, (AIJA). These parties are Plaintiffs in adversary case 18-AP-0041 (LTS) before this Court; and

b) Manuel Natal-Albelo who is a legislator and a member of the House of Representatives of the Commonwealth of Puerto Rico.

II. The objection[2]

A. <u>The pending challenge of constitutionality of the COFINA Act and its amendments</u>

In the case at bar the Court has pending the consideration of the COFINA restructuring

---

[2] This objection does not constitute a waiver by the appearing parties as Plaintiffs of the allegations and arguments set forth in the Amended Adversary Complaint filed by them as part of case 18-AP-41 in this Title III proceedings, as far as the constitutionality of the PROMESA provisions pursuant to which the FOMB was created and its powers, and the public debt of the Government of Puerto Rico. In fact, the appearing parties adopt by reference the arguments and allegations set forth therein as part of this objection.

agreement that corresponds to The Second Amended Title III Plan of Adjustment of the Debets of the Puerto Rico Sales Financing Corporation. The hearing on that matter is scheduled for January 16, 2019. For the reasons set forth herein the appearing parties request from the Court to deny the approval of the agreement or to hold its consideration pending the resolution of the case that will be referred to herein before the Superior Court of Puerto Rico, San Juan Part.

First, the case pending before the Superior Court of Puerto Rico, San Juan Part, is a case in which Puerto Rico House of Representative member, Manuel Natal-Albelo, and the rest of the appearing parties in this Objection are challenging the constitutionality of Act 241 of November 15, 2018. Case number SJ2018CV10569 before the Superior Court referred to above. The statute was approved by the House of Representatives of the Commonwealth of Puerto Rico on November 7, 2018 and by the Senate on November 8, 2018. The Governor of Puerto Rico signed the bill on November 15, 2018 becoming Act 241. That law corresponds to an amendment to the Puerto Rico statute approved in 2006 pursuant to which the Puerto Rico Sales Tax Financing Corporation (hereinafter COFINA) was created, Act 91 of May 13, 2006, as amended (13 L.P.R.A. secs 11(a) et seq.). Pursuant to that amendment, changes in the statute were adopted to make viable the execution of the agreement referred to above pending before this Court.

The basis of the constitutional challenge of the statute by the Plaintiffs in that case is two fold. First, Act 241 is not constitutional because as part of the legislative process, the Regulations of the House of Representatives were breached and the constitutional rights of the Plaintiffs, and in particular of Representative Natal-Albelo were violated. Among those constitutional rights violated are the rights to free speech and to vote set forth in the Constitution of the Commonwealth of Puerto Rico and the Constitution of the United States of America.

Those particular rights were violated when Representative Natal-Albelo was unjustifiably denied the constitutional right recognized by the constitutions set forth herein, and by the regulations of the House, to participate in the legislative process, and in particular in the debate that was supposed to take place prior to the vote. Given the violation of the Regulations of the House of Representatives and of the constitutional rights of Mr. Natal-Albelo, among other reasons set forth in the complaint, and the case law of the Supreme Court of Puerto Rico in the matter of the rights of legislators in the legislative process, the approval of the bill in the House of Representatives is unconstitutional. Accordingly, the statute as signed by the Governor of Puerto Rico as part of the process to become a law is unconstitutional and null and void.

To the extent Act 241 was necessary to execute the Plan of Adjustment of the Debts of COFINA pending before this Court, and to the extent it may be declared unconstitutional by the Puerto Rico Courts, it would be impossible to execute the agreement if the Court proceeds with its approval. Accordingly, the appearing parties request from the Court to deny its approval or to hold its consideration until the constitutional controversy is resolved.

The second reason why the appearing parties request from the Court to deny the approval of the agreement or to hold its consideration in abeyance is because as part of the same complaint referred to herein before the Superior Court of San Juan, the Plaintiffs are challenging the constitutionality of Act 91 of May 13, 2006 (13 L.P.R.A. secs.11(a) et. seq.) and each and every one of its subsequent amendments because they all violate the provisions of the Constitution of Puerto Rico regarding the scope and extent to which the Commonwealth of Puerto Rico may borrow money and issue and sell bonds, for how much, and for how long can the debt be payable. See Sections 2 and 7 of Article VI of the Constitution of Puerto Rico. A determination of

unconstitutionality by the Puerto Rico Courts of the statute and its amendments or of some of its amendments will have consequences in the matter of the legality of all or part of the COFINA debt, and accordingly, will have consequences on the validity and/or terms of the agreement pending before the Court. Accordingly, the appearing parties request from the Court to deny its approval or to hold its consideration in abeyance until the constitutional controversy is resolved.

The appearing parties are aware of the fact that the validity and constitutionality of Act 91 pursuant to which COFINA was created was part of one of the contested matters before this Court. The appearing parties are also aware of the fact that those contested matters, as a result of the settlement agreement pending before the Court have been set aside as part of the proposed Second Amended Title III Plan of Adjustment of the Debts of COFINA. However, none of the parties subject to the agreement and proposed Plan of Adjustment can waive the right of any natural of juridical person of Puerto Rico to contest before a court of law, the legality and constitutionality of a government act including the enactment of a statute. In fact, as far as the legal effect of unconstitutional acts by the government, the Supreme Court of the United States has clearly set forth and more than a century ago that "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed". Norton v. Shelby County 118 U.S. 425, 442 (1886). That is also the case under Puerto Rico´s Civil Code (Article 4, 31 L.P.R.A. sec. 4) and Puerto Rico´s Supreme Court case law. Accordingly, if the Court were to approve the agreement, and even if the agreement were imposed on the Government of Puerto Rico as part of its approval, its execution would be a costly and pointless exercise in futility, if thereafter the Puerto Rico Courts would declare the totality or part of the statute unconstitutional.

Accordingly, it is respectfully requested from the Court to deny the approval of the plan, or to hold it is abeyance until the constitutional controversy is resolved.

B. The Joinder of the Objections by PROSOL and UTIER

On this same day labor unions PROSOL and UTIER filed an objection to the Second Amended Title III Plan of Adjustment of the Debts of COFINA. Docket number 404. The appearing parties hereby join the objection and request from the Court to take notice of this Joinder for all pertinent legal purposes.

As far as the arguments set forth in the objection by PROSOL and UTIER, the appearing parties want to also place special emphasis on the following. First, as of the date of this Objection, as far as the negotiation by the FOMB and its agent of the Proposed Adjustment Plan pending before the Court regarding the COFINA debt, and considering its obligations as the representative of the government of Puerto Rico, the FOMB and its agent have failed to prove with any data and the corresponding economic, financial and fiscal proof and documentation, the basis to demonstrate before this Court the feasibility of the proposed plan. That is one of the important issues brought to the attention of the Court by PROSOL and UTIER in their Objection. Moreover, the lack of transparency on the part of the FOMB and its agent in that respect goes to the extent that it has not even made available to the public as of the date of this objection, the socio-economic, fiscal, and financial basis of the viability of the proposed adjustment. In that respect, if the Court has any doubts with regard to the expert report submitted by PROSOL and UTIER in their objection, and as far as the lack of any proof by the FOMB in that respect, the appearing parties request the Court to hold a hearing so that it can consider the corresponding expert witness testimony with respect to the viability of the proposed plan. After all, the viability of the plan is of the essence considering

the fact that this plan cannot be scrutinized and considered in the absence of the fact that the COFINA debt is just part of the public debt and fiscal crisis of the government of Puerto Rico.

Second, its viability has to be also scrutinized and considered bearing in mind the gist of the responsibility of any government and public administration, that corresponds to the attention of the essential services that is supposed to provide to its population, essential services that the FOMB and the government of Puerto Rico have refused to define as of the date of this Objection. How can the FOMB and its agent demonstrate how viable is the plan proposed without accounting for the essential services that the government is supposed to provide is incomprehensible and unconscionable, moreover within the context of the totality of the debt of the government of Puert Rico.

Third, the FOMB is supposed to comply with Section 701 of the PROMESA Act. In that section Congress provided that "It is the sense of the Congress that any durable solution for Puerto Rico's fiscal and economic crisis **should include permanent, pro- growth fiscal reforms** ..." 48 U.S.C. sec. 2241. Emphasis added. The FOMB has failed as part of its proposed COFINA Adjustment Plan to prove in the context of Section 701 and the fiscal socio-economic policies its is promoting and imposing on the People of Puerto Rico, the feasibility of a Plan that covers several decades in that respect.

Fourth, if we place the Proposed COFINA Adjustment Plan in the context of the failure by the FOMB and the Government of Puerto Rico to define which are the essential services, the forecasts of the FOMB with respect to the way the population of Puerto Rico will continue decreasing, and the impact that loss in population will have on the tax revenue of the government, factors unaccounted by the Proposed Plan in addition to the ones set forth before, the feasibility of

the COFINA Adjustment Plan will crash into the wall of a new fiscal crisis in the near future, disregarding and frustrating the sense of Congress under the PROMESA referred to above.

Finally, it is incomprehensible, how the FOMB goes about negotiating debt adjustment plans in open disregard of the attention it should give to the socio-economic and political policies that should be studied, considered, and adopted in light of the reality of Puerto Rico and with the participation of all of the socioeconomic and political sectors of Puerto Rico, to execute them to promote sustainable development and growth, and thereafter determine how the public debt should be adjusted. In that respect, the FOMB contracted and has paid millions of dollars to a firm (Kobre & Kim) to engage a study of Puerto Rico´s public debt and fiscal crisis and its causes. Its report issued in August of 2018, and we are aware of the fact that there may be differences of opinion with respect to its contents, made certain findings and recommendations. See Executive Summary for a brief presentation in that respect. Drawing from the report it is our belief that a substantial origin of the crisis lies in the obsolete and inadequate institutional framework within which fiscal management decisions have been taken in Puerto Rico, in particular for decades. The Kobre & Kim report contains findings and recommendations as to: The Government Development Bank, the public utilities, COFINA, the Public Employees Retirement System (SER), budgeting, the constitutional debt limit, credit rating agencies, selling practices to market Puerto Rico bonds, Puerto Rico's Government Ethics framework, Issuer's Use of Interest Rate Swaps, Puerto Rico's lack of a clear mechanism for validating Puerto Rico's-Related Bonds before the issue, etc. Considering the findings and recommendations it is, among other tasks, of critical importance to adopt and execute controls over the budgets of the government and its agencies and the use of the government revenue, the capacity of the Treasury Department of Puerto Rico to exercise the proper controls in that respect

and to collect taxes and prevent and combat the evasion of taxes, and to prevent and combat the improper adoption and use of industrial, financial, and commercial incentives, fiscal areas where there have been loses of millions and millions of dollars in tax revenues. And of course there is the need to establish structural and institutional changes to prevent and combat government corruption. Of course, the execution of those institutional and structural changes and the change of decades old practices cannot be undertaken suddenly, and without the proper input from all sectors of the society. But no feasible debt adjustments can be agreed to and executed, unless, and as part of the reforms set forth by section 701, those factual circumstances and findings are not acknowledged, and proper action is undertaken accordingly.

It is our understanding that COFINA agreement is not feasible given the structure of the agreement and social and economic expectations and unaccountable forecasts underpinning such long-range, interest driven, debt restructuring agreement. The institutional decay and malfunctioning presented by the Kobre & Kim report is clear in that respect and to reach debt adjustment agreements the FOMB is disregarding it. The disregard of the social, political and macroeconomic considerations set forth herein will make the proposed adjustment plan an absurd, reckless and unfeasible agreement for the people of Puerto Rico.

WHEREFORE, it is respectfully requested for the Court to take notice of this objection for all pertinent legal purposes and to grant the relief requested.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 2nd day of January, 2019.

I hereby certify that on this same day a true and exact copy of this Objection was filed

through the CM/ECF Systems of this case, which will send notification of such filing to all participants and Standard Parties.

    S/ROBERTO O. MALDONADO NIEVES
ROBERTO O. MALDONADO NIEVES
U.S. Id. 202209
C/7 N.E. #344, Suite 1-A
Esq. Franklin D. Roosevelt
San Juan, Puerto Rico  00921
Tel.: 782-3221 // 792-5622/ Fax 273-7250
E-mail: romn1960@gmail.com