**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** <br><br> **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** <br><br> As representative of <br><br> **THE COMMONWEALTH OF PUERTO RICO, et al.** <br><br> **Debtors** | **PROMESA** <br><br> **Title III** <br><br> **No. 17 BK 3283-LTS** <br><br> **Jointly Administered** |

# REPLY TO OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO URGENT MOTION FOR RELIEF FROM STAY FILED BY FRENTE UNIDO DE POLICIAS ORGANIZADOS AD CONCILIO NACIONAL DE POLICIAS

**TO THE HONORABLE COURT:**

**COME NOW** jointly *Frente Unido de Policías Organizados* [United Front of Organized Police Officers] (FUPO, by its Spanish acronym) and *Concilio Nacional de Policias* [National Council of Police Officers] (CONAPOL, by its Spanish acronym), on their own behalf and on behalf of their members, through their undersigned legal counsel, and respectfully move the Court to issue a request for entry of Order re: Motion for Relief From Stay.

1. That on 10th of December 2018, FUPO/CONAPOL, filed a motion under 11 U.S.C. § 362 entitled Urgent Motion For Relief From Automatic Stay.

2. Movant here certifies service of the Notice and the Motion *(Docket Entry # 4444)*

where timely made on all parties against whom relief is sought pursuant to this proceeding under section 301 of PROMESA, 48 U.S.C. § 2101 et. seq. and Rules 4001 and 9014 the Federal Rules of Bankruptcy Procedure.

3. On the 12th day of December 2018, this Honorable Court sent Order Scheduling Briefing for Urgent Motion For Relief From Stay *indicating that Opposition papers to the Motion For the Relief From the Automatic Stay must be filed by December 26, 2018.*

4. On December 26, 2018 Defendants filed Objection to Movants Motion Relief From the Automatic Stay. The Commonwealth's principal objection to the requested relief is premised on that Movants have failed to establish cause exists to lift the stay based on an inapplicable and convenient interpretation of the *Sonnax factors, infra*.

5. This Honorable Court has jurisdiction to entertain and grant the request made in this Motion pursuant to 11 U.S.C. 362(d)(1), which the Puerto Rico Oversight, Management, and Economic Stability Act of 2016 (PROMESA), 48 U.S.C. 2161, has made applicable to this proceeding. The Bankruptcy Code at 11 U.S.C. 362(d)(1) specifically states that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay (1) for cause, **including the lack of adequate protection of an interest in property of such party in interest;** "The question of what is cause is developed primarily by case law". In Re Unanue-Casal, 159 B.R. 90, 96 (D.P.R. 1993).

6. The movant of a motion requesting lifting of a stay has the burden of proof, as explained by the Second Circuit in *In Re Sonnax Industries, Inc.,* 907 F.2d 1280

(2d Cir 1990). The *Sonnax* Court acknowledges that the term "cause" as set forth in 11 U.S.C. 362(d)(1) is a broad and general one, and suggests that the legislative intent is that each case should be evaluated individually to determine whether the remedy of lifting the stay is appropriate to that particular set of "Because the Bankruptcy Code provides no definition of what constitutes 'cause', the courts must determine when discretionary relief is appropriate on a case-by-case basis." <u>Claughton v. Mixton</u>, 33 F.3d 4, 5 (4th Cir. 1994) citing <u>Robbins v. Robbins</u> (*In re Robbins*), 964 F.2d 342, 345 (4th Cir. 1992).

7. Movant's claim and request for relief of Stay in our particular case will have very little or no effect on this bankrupty. Allowing the pending motion to proceed would not interfere materially, if at all, with the Title III case for the reasons set forth below.

8. The Commonwealth's principal objection to the requested *Relief From the Automatic Stay* is premised on the balance of the alleged harms created to the Commonwealth for it to defend itself against movant's claim, but the same is not particular to this case.

9. Notwithstanding the decade plus waiting for the allocation of the monies to pay the debt and the compliace of the debtor with a court order when PROMESA came to effect, the matters that remained pending in the pre-petition litigation are those that can avoid the undermining of the assets of the State, as well as avoid collateral and future disputes; relief is warranted.

10. Debtor is abusing its "breathing spell", inasmuch a specific budget has been allocated; which is independent item in debtor's general budget, which has this

honorable court's approval. Therefore, there is no property to preserve, but to distribute; and without the relief from stay sought, debtor will dispose of such specific resources at random, without any court's intervention, as they have been doing all along (without distributing any money to ***policemen*** for the last decade), manner in which Puerto Rico sunk into the financial crisis we all know. Rather the Debtors are acting against their own allegations and using the "breathing spell" of the automatic stay as a subterfuge to be above the law.

11. The lifting of the Stay would allow the court of First Instance of the Commonwealth of Puerto Rico to finally, compel the Debtors to comply with the order given many years ago to reveal the method of calculation to be used for the payment of the Plaintiffs **(See Attachment III Docket No. 4444)**.

12. Debtor cites In Re Residential Capital, LLC (at ¶ 16) but that case is not comparable to the present case, where a State is the Debtor, with much more considerable means than a private entity, and has always had cases through all Puerto Rico attended by the employed lawyers of the Justice Department.

13. Also, the present case is not one filed against any Puerto Rico official as the case of In Re City of Stockton, cited at ¶ 17).

14. Similar actions by other claimants, will not ensue due to the fact that Puerto Rico has only one police body.

15. There is no need for an insurance carrier to assume financial responsibility because a budget has been assigned.

16. Debtor is the main party, but again: a budget has been assigned with a specific purpose, and debtors seek to dilapidate the funds otherwise, without the court's

intervention.

17. The lift of stay will not represent an undue burden to Debtors, since they have already started the process of paying on the *28th of December 2018*. Nonetheless, the process is being carried in a draconian and fraudulent fashion, as the authorized agents of the Police Department administrative personnel have been requesting officers to sing releases before being paid and before revealing the sums of money they will be receiving after they sing! **SEE** attached, **PR Police Edited Release**.[1]

18. [2]In the paying process that debtors began on the 28th of December 2018, plaintiffs are being required to sign a release to receive a payment done with no disclosed methodology of how it is computed and without breakdown of items nor the advice of the plaintiffs' Counsels. That conduct is contrary **Rule 4.2** of the **Rules of Professional Conduct of the American Bar Association**, *"[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other…"* *(emphasis added)* and against **Canon 28** of the **Canons of Judicial Ethics of Puerto Rico** which tends to all *communications with the opposing party, and states that "[t]he lawyer must not, in any way, communicate, negotiate or compromise with a party represented by another lawyer in the absence of the latter*. In particular, it must refrain from

---

[1] The BIG problem with this method is that some policemen are being forced to accept a lesser amount of what they are owed without any valid justification or legal reason. Moreover, a disparity between each claimant will arise and it might start a release challenge crusade and many others will refuse to sing the release depriving them of their just compensation.

[2] **See:** https://www.primerahora.com/noticias/policia-tribunales/nota/policiaslleganacobrardeudasalarialde2004-1318889/.

Reply to Objection  FUPO/CONAPOL

advising or engaging in behavior that could mislead a party that is not in turn represented by a lawyer. (Emphasis added).

19. As for paragraphs 18, 19, 25, 26, 27 in defendant's motion in opposition, the defendant's assertion that lifting the automatic stay would require the Commonwealth to expend resources to litigate the remaining issues in the prepetition action, that substantial progress must be made for it to be ready for trial and the need for completion of discovery; such assertions are misleading to this Honorble Bankruptcy Court. As it is of public knowledge, in the prepetition case, the only pending matter is the Commonwealth's compliance with the court's order to disclose the final payment method; inasmuch Debtor has admitted that the debt is due and has not been paid.

20. The only and true reason why the defendants refuse the lift of the automatic stay is to keep the plaintiffs and their respective counsels out of the payment process; because of the dynamics of the Title III process Debtor bets winning by attrition; claimants, who grow old may retire, could move from Puerto Rico looking for better occupational conditions, other could die or just create a reluctance in the process. Use the allocated monies for other matters, as well as they specified in paragraph 29 of their motion. This goes against what was expressed in the documents of the Financial Oversight and Management Board for Puerto Rico and the press release issued by the Office of the Governor, it was established that this money was allocated to the payment of the Salary Adjustment: Law 227 of 2004. *(See Attachments IV and VI Docket entry #4444)*

21. Therefore, facing the existence of a budget to attend the claim presented by

appearing creditors, the lift of stay will benefit this bankruptcy procedure, by simplifying it and permitting the local court resolve the local issues of how, when and to whom such budget should be distributed.

**WHEREFORE**, we hereby pray that this Honorable Court take notice of the aforementioned, and enter an Order granting the requested Relief From the Stay or any other remedy which the court finds that proceeds.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants. Moreover, the foregoing motion has also been served on the other parties in this case at the following addresses: Lcdo. Manuel Díaz Lugo, Departamento de Justicia, PO Box 9020192, San Juan, Puerto Rico 00902-0192, madiaz@justicia.pr.gov ; Attn: Hermann Bauer; Hermann.Bauer@oneillborges.com Attn: Ubaldo M Fernández Barrera; ubaldo.fernadez@oneillborges.com O'neill & Borges LLC 250 Munoz Rivera Ave., Suite 800 San Juan, PR 00918-1813 Attn: Diana M. Pérez; dperez@omm.com Attn: Andres W. López; andres@awllaw.com.

In San Juan, Puerto Rico, on January 2, 2019.

s/ **Edgard Lebrón**
Edgard Lebrón Landrau, Esq.
FUPO/CONAPOL
USDC NO. 231201
Mansiones de San Martín Suite 17
San Juan, PR 00924-4586 Tel. 787-510-1354

Fax: 787-776-2343
Email:<u>edgardlebron23@gmail.com</u>