UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR
PUERTO RICO

    As representative of

THE COMMONWEALTH OF PUERTO
RICO, *et al.*,

    Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR
PUERTO RICO,

    As representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION,

    Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

---

**OBJECTION OF LAWRENCE B. DVORES, INDIVIDUAL INVESTOR AND OWNER OF UNINSURED JUNIOR LIEN COFINA BONDS TO THE CONFIRMATION OF THE PROPPOSED PLAN OF ADJUSTMENT FOR PUERTO RICO SALES TAX FINANCING CORPORATION BONDS AND IN SUPPORT OF AND FOR JOINDER WITH OBJECTIONS FILED BY THE GMS GROUP AND PETER C. HEIN, PRO SE.**

1

## INTRODUCTION

I am an individual investor and owner of uninsured junior lien Puerto Rico Sales Tax bonds. I purchased these bonds in the secondary market to produce tax free income to help meet my future retirement income needs. I am also an American citizen and a resident of the State of New Jersey.

I previously filed a timely objection to the Debtors' motion to approve the adequacy of the Disclosure Statement sent to COFINA bondholders to provide information on the terms of the proposed Plan of Adjustment. In particular, I argued that the Disclosure Statement was too difficult for me and most bondholders to understand due to its length and complexity. (Docket document #4244). In response, attorneys from the firm of Proskauer Rose, attorneys for the FOMC and COFINA filed an amended Disclosure Statement to include a brief introduction to summarize and simplify the material portions of the Disclosure which was over 600 pages. I appeared at the November 20, 2018 Hearing at the US District Courthouse in Manhattan and argued that this late amended filing did not constitute adequate Notice to bondholders since it was not sent to bondholders in advance of the Disclosure Statement Hearing and was only filed shortly before the Hearing date. Nevertheless, the Court ruled that the Disclosure Statement as amended was sufficient.

## JOINDER WITH OBJECTIONS FILED BY PETER C. HEIN, *PRO SE* AND THE GMS GROUP

At the conclusion of the November20th hearing, the Court emphasized that the decision on the adequacy of the Disclosure Statement, would not determine the Court's future ruling on the Plan of Adjustment which is scheduled for a confirmation hearing on January 16, 2019 and that the Court would seriously consider all properly filed objections to the Plan of Adjustment. I therefore renew and repeat the objections presented in my previous filing in Document. I also want to express my appreciation and agreement and support for the objections filed by Peter C. Hein pro se, and The GMS Group due to their comprehensive and detailed discussion of the law and facts which provide a compelling argument for rejection of the proposed Plan of Adjustment for resolving this bankruptcy

2

proceeding. I therefore submit this request for a joinder of these objections to my own.

## REVIEW AND EXPANSION OF MY ORIGINAL OBJECTIONS TO THE PLAN OF ADJUSTMENT SET FORTH IN MY OBJECTION TO THE ADEQUACY OF THE DISCLOSUSUE STATEMENT

### FIRST OBJECTION

### THE PROPOSED SETTLEMENT IS GROSSLY UNFAIR TO THE JUNIOR LIEN BONDHOLDERS WHO PUCHASED BONDS EITHER AT THE INITIAL OFFERING OR LATER IN THE SECONDARY MARKET.

In my original filing I focused on the wide difference between the proposed stated recovery of 93% for the senior COFINA bondholders and 56.4% recovery for the junior COFINA bondholders. Of course, this remains perhaps the major and certainly sufficient reason to reject the Plan of Adjustment settlement since there is no relevant difference between the senior and the junior bonds in terms of the COFINA legislation when the sales tax collections are sufficient to pay the full interest due for both sets of bonds. Furthermore, the record shows that COFINA always received more than enough funds from the sales tax to make full and timely interest payments to both sets of bondholders and then transfer the substantial remaining sales tax collection to the Puerto Rico Treasury. Therefore the 93%/56% split between the senior and junior bondholders has no legal, moral, or economic justification.

After having more time to review the Disclosure Statement and the objections filed by The GMS Group and Peter C. Heim, I now understand and strongly object to another insidious aspect of unfairness in the Plan of Adjustment. This relates to provisions which give senior bondholders one issue of income bonds paying 5.00% but the junior bondholder recovery will be split up into a series of 4 different income bonds each with a different maturity paying between 4.50% to 5.00% and 7 different zero coupon bonds with different maturities and different accrual rates. This is outlined in the Disclosure Document with an example of what happens when the junior COFINA bondholder has 50M in these bonds and is

3

not a Puerto Rico resident. He or she will receive a recovery which is basically split equally between income and zero coupon bonds.

Under this scenario the net effect of this division will radically reduce the income generated by the replacement bonds for junior COFINA bondholders and also leave small investors with tiny amounts of almost worthless zero coupon bonds due to their lack of size and liquidity. It also means the already meager 56.4% stated recovery for junior COFINA bondholders living in the 50 states is really an illusion and a bad joke.

## SECOND OBJECTION

**THE SEPARATE AND SUPERIOR TREATMENT OF JUNIOR COFINA BONDHOLDERS WHO RESIDE IN PUERTO RICO IS UNFAIR AND UNCONSTITUTIONAL AND A NEEDLESS IRRITANT IN THE RELATIONSHIP BETWEEN PUERTO RICO AND THE REST OF THE UNITED STATES WHICH MIGHT ALSO TRIGGER A BACKLASH AGAINST FURTHER AID TO PUERTO RICO**

Under the Plan of Adjustment residents of Puerto Rico are not forced to receive zero coupon bonds. Instead they have a choice between taxable income bonds averaging 4.55% or tax free bonds averaging 4.85%. If Puerto Rico residents elect tax free bonds the recovery is 56.4%. However, if the choice is for taxable bonds, the Puerto Rico resident will receive a 58.4% recovery with the extra 2% paid in cash.

I see no possible explanation for this level of favoritism for Puerto Rico residents who own junior COFINA bonds as compared to the deal offered to other U.S. residents. Accordingly, I trust this part of the POA will be quickly rejected as a violation of the EQUAL PROTECTION provision of the U.S. Constitution. I also believe this type of shabby hostile treatment of mainland American investors will produce a strong backlash in Congress to cut further aid to Puerto Rico. It would therefore be wise for friends and supporters of Puerto Rico to take action to cancel this odious provision on an immediate basis.

## THIRD OBJECTION

## THE NEGOTIATIONS WHICH HAVE LED TO THE PLAN OF ADJUSTMENT DID NOT INCLUDE ADVOCATES FOR THE JUNIOR COFINA BONDHOLDERS WITH UNCONFLICTED LOYALTIES AND THIS HAS PRODUCED AN UNFAIR SETTLEMENT WHICH SHOULD BE REJECTED BY THE COURT

Following the filing of the COFINA bankruptcy petition in May 2017, various parties owning or insuring COFINA bonds filed for a ruling on the statutory lien and priority rights of COFINA bondholders claim to full payment   against actions taken by Puerto Rico and COFINA acting under direction of THE FEDERAL OVERSIGHT AND MANAGEMENT BOARD and General Obligation bondholders trying to subvert COFINA bondholder claims.

Since courts are generally interested in allowing parties to work out an amicable solution, the Court agreed to give the parties an opportunity to form a negotiating committee for this purpose rather the render a decision on the immediate question of the status of the COFINA bondholder statutory lien. As a result a committee was formed which included institutional bondholders, bond insurers, hedge funds, mutual funds, unsecured senior bondholders.  It is clear, however, that junior COFINA bondholders were not represented in these meetings by advocates with undivided loyalties.  In fact, the few alleged representatives of the junior COFINA bondholders were heavily conflicted by their connection to Puerto Rico interests and this is another reason why mainland U.S. residents have been treated so miserably in this Plan of Adjustment.

It is therefore incumbent upon the Court to treat the Plan of Adjustment as a sham settlement which violates Due Process if it were otherwise allowed to substitute for a judicial decision resulting from a true adversary process.

## FOURTH OBJECTION

**IT APPEARS THAT HEDGE FUNDS AND INSTITUTIONAL BONDHOLDERS HAVE USED THEIR POSITION AS INSIDERS IN THESE SECRET NEGOTIATIONS TO ACQUIRE LARGE BLOCKS OF JUNIOR COFINA BONDS AT VERY LOW PRICES TO POSITION THEMSELVES TO CONTROL THE OUTCOME OF THE VOTE ON WHETHER TO APPROVE THE SETTLEMENT. THIS CONSTITUTES RIGGING OF THE VOTING PROCESS AND SHOULD BE REJECTED.**

As noted above, the results of this negotiation have produced a sham settlement which is massively unfair to junior COFINA bondholders residing outside of Puerto Rico. Moreover since junior COFINA bondholders were excluded from these secret negotiations, the Plan of Adjustment also represents a massive violation of DUE PROCESS and abuse of the judicial process and which now requires the direct intervention of the Court to be reversed and set aside.

Furthermore, it is apparent from even the meager reports filed by members of negotiation committee, that insiders took advantage of confidential information to purchase large blocks of bonds at fire sale prices to gain control of the confirmation voting process and to shape the settlement for their own selfish interests.

Apparently the Court has not yet required members of the negotiating committee to file reports listing all transactions and price information for all purchases and sales of the subject bonds during period of negotiation extending to the November 20, 2018 record date for voting eligibility. However, it is still possible to demonstrate that members were actively pursuing such transactions by checking the first and the last (SEVENTH) SUPPLEMENTAL VERIFIED STATEMENT OF THE COFINA SENIOR BONDHOLDERS COALITTION PURSUANT TO BANKRUPTCY PROCEDURE 2019 filed July 25, 2017 and November16, 2018, respectively.

For example, the FIRST VERIFIED STATEMENT Docket document #205 shows hedge fund Tilden Park Capital Management with a $9,142,033 market value position in COFINA Subordinate Bonds as of 7/25/2017 and the SEVENTH VERIFIED STATEMENT Docket document #4332 shows an increase to $408,807,217 market value COFINA Subordinate Bonds as of November 16, 2018.

This major change of position in COFINA Subordinate bonds by an insider to these secret negotiations is a compelling reason for the Court to conduct a thorough

6

investigation of all purchase and sales transactions made by insiders during the period of these negotiation to protect the voting process from insider rigging and manipulation as well as to prevent unjust enrichment by insiders trading on confidential information.

## CONCLUSION

The Plan of Adjustment is the product of a sham settlement whereby institutional bondholders and officials representing Puerto Rico and the Federal Oversight and Management Board have ganged up and colluded against unrepresented junior COFINA bondholders in an attempt to misuse the bankruptcy process for their own selfish, nefarious, and illegal purpose. The Court should therefore strongly reject the Plan of Adjustment to prevent an unfair illegal result and to protect its own reputation for judicial integrity and vigilance.

Respectfully Submitted,


Lawrence B. Dvores, *Pro Se*　　　　　　　　　Dated: December 31, 2018
28 Sherbrooke Parkway
Livingston, New Jersey 07039

Email: LDvores@yahoo.com