**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

Debtors.[1]

----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**CERTIFICATE OF PUBLICATION**

I, Cosmos X. Garraway, depose and say that I am employed by Prime Clerk LLC, the solicitation, claims and noticing agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

This Certificate of Publication includes sworn statements verifying that the *Notice of (I) Approval of Disclosure Statement, (II) Establishment of Record Dates, (III) Hearing on Confirmation of the Plan of Adjustment and Procedures for Objection to Confirmation of the Plan of Adjustment, (IV) Procedures and Deadline for Voting on the Plan of Adjustment and Making Certain Elections Thereunder* as conformed for publication, was published on December 17, 2018 in the national editions of *The Bond Buyer, El Diario, El Nuevo Dia,* and *El Nuevo Herald* as described in **Exhibit A**, **Exhibit B**, **Exhibit C**, **Exhibit D**; and on December 20, 2018 in the national edition of *Caribbean Business*, as described in **Exhibit E**.

---

1 The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Dated: January 3, 2019

[signature]
Cosmos X. Garraway

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on January 3, 2019, by Cosmos X. Garraway, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: [signature]

PAUL PULLO
Notary Public, State of New York
No. 01PU6231078
Qualified in Nassau County
Commission Expires Nov. 15, 20 22

**Exhibit A**

**Copy
Of
Advertisement
Of**

## City and County of New York, ss.: -

Yohanna Beato being duly sworn, says that she is the Billing Coordinator of the BOND BUYER, a daily newspaper printed and published at One State Street Plaza, in the City of New York, County of New York, State of New York; and the notice, of which the annexed is a printed copy, was regularly published in said BOND BUYER on December 17th, 2018.

[signature]

*Billing Coordinator*

*Subscribed and sworn to before me this*

December 17th, 2018

[signature]

**Cynthia D. Lewis**
**Notary Public, State of New York**
**No. 01LE6202296**
**Qualified in New York County**
**Commission Expires March 9, 2021**

Legal Notice

6

Monday, December 17, 2018

The Bond Buyer

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>Debtor. | PROMESA<br>Title III<br>No. 17 BK 3284-LTS |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of Disclosure Statement.*** By order, dated November 29, 2018 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the approval or rejection of the *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan"),[2] attached as **Exhibit A** to the Disclosure Statement. Pursuant to the Disclosure Statement Order, the Debtor will mail to holders of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 8 (GS Derivative Claim) and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package"); provided that only Election Notices will be sent to holders of claims in Classes 1, 2, 3, and 5.

2. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918, at a courtroom to be later determined, on January 16, 2019 at 9:30 a.m. (Atlantic Standard Time), and continued, if necessary, on January 17, 2019 at 9:30 a.m. (Atlantic Standard Time). The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

3. ***Voting Record Date.*** The voting record date is **November 20, 2018** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor as of the Voting Record Date are entitled to vote on the Plan.

4. ***Voting Deadline.*** The deadline for voting on the Plan is **January 8, 2019, at 6:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtor's solicitation agent, Prime Clerk LLC (the "Balloting Agent") on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

5. ***Election Deadline.*** The deadline for holders of eligible Claims that have the right to make an election of the form of distributions under the Plan to make such election is **January 8, 2019, at 6:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received an Election Notice, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Election Form; and (c) deliver ***all*** of the required information according to and as set forth in detail in the election instructions so that it is received by your Nominee in sufficient time for your Nominee to ***actually effectuate*** your election through The Depository Trust Company's Automated Tender Offer Program on or before the Election Deadline. ***A failure to follow such instructions may result in your election to be deemed to constitute an election to (a) in the case of holders of Claims in Class 2, receive distributions in accordance with the provisions of section 6.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of Ambac with respect to the Ambac Insurance Policy and the holder's agreement to commute the Ambac Insurance Policy), or (b) in the case of holders of Claims in Class 3, receive distributions in accordance with the provisions of section 7.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of National with respect to the National Insurance Policy and the holder's agreement to commute the National Insurance Policy).***

6. ***Parties in Interest Not Entitled to Vote.*** Creditors in Class 10 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote. If a Claim is listed on the Debtor's list of creditors [Case No. 17-3283, ECF No. 1216] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing proofs of claims established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

7. If you are in Class 10 or have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 8(e) below and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to January 8, 2019. Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Sales Tax Financing Corporation Ballot Processing, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoballots@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

8. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

a. Be in writing;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed, together with proof of service, with the Court, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019**; and

e. Be served in accordance with the Disclosure Statement Order, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019** upon (a) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico); (b) attorneys for the Oversight Board as representative of the Debtor, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian S. Rosen, Esq.; (c) co-attorneys for the Oversight Board as representative of the Debtor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, Attn: Hermann D. Bauer, Esq.; (d) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.; (e) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) those creditors holding the 20 largest unsecured claims against the Debtor (on a consolidated basis); (g) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.; (h) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; (i) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.; (j) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

9. ***Parties Who Will Not Be Treated as Creditors.*** Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

10. ***Additional Information.*** Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

11. ***Bankruptcy Rules 2002(c)(3) and 3016(c)).*** **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**30.2 Discharge and Release of Claims and Causes of Action:**

(c) Notwithstanding the foregoing provisions of Section 30.2 of the Plan, in accordance with the provisions of the Plan Support Agreement, each of the PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of COFINA, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees[3] based upon, arising from or relating to the Government Released Claims[4] or any of the claims or causes of action asserted or which could have been asserted in the Actions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by Section 30.2(c) of the Plan.

(d) On the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the compromise and settlement of Bond Claims pursuant to the terms and provisions of the Plan (including, without limitation, the distributions to be made on account of "Senior" and "First Subordinate" Existing Securities), the resolution of the Interpleader Action and the terms and provisions of Section 19.5 of the Plan regarding the Ambac Action and the Whitebox Actions, to the fullest extent permissible under applicable law, BNYM and each holder and beneficial holder of Existing Securities and their transferees, successors or assigns shall be released from liability for all Claims and Causes of Action arising from or related to the payment by BNYM to beneficial holders of Existing Securities of regularly scheduled payments of principal and interest; provided, however, that the foregoing release of BNYM shall not extend, nor shall it be construed to extend, to acts of gross negligence, intentional fraud, or willful misconduct of BNYM, including, without limitation, any acts which have been asserted, or which could have been asserted in the Ambac Action and the Whitebox Actions.

(e) On the Effective Date, (i) the COFINA Agent and its agents, attorneys, affiliates, advisors, consultants and attorneys, solely in such capacities, and (ii) in the event that the Creditors' Committee and the Commonwealth Agent (1) do not object to approval of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan and do not file the Motion to Enforce or (2) subject to the provisions of decretal paragraph 4 of the Abeyance Stipulation, file the Motion to Enforce or an objection to approval of the merits of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan by the Title III Court, and unless the Title III Court determines that any such objection and the Motion to Enforce was filed in bad faith, the Commonwealth Agent and the Creditors' Committee, its members and each of their respective current and former officers, directors, agents, attorneys, employees, affiliates, advisors, and consultants, solely in such capacities (collectively, the "Commonwealth Agent Releasees"), shall be released from liability for all Claims and Causes of Action (as if such Causes of Action were against the Commonwealth Agent Releasees) with respect to the Adversary Proceeding, the Agreement in Principle, the Settlement Agreement, the Settlement Motion and the Settlement Order.

(f) On the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan.

**30.3 Injunction on Claims:** Except as otherwise expressly provided in Section 30.11 of the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities[5] who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties[6] or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**30.5 Releases by COFINA and Reorganized COFINA:** Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, on the Effective Date, and for good and valuable consideration, each of COFINA and Reorganized COFINA, the Disbursing Agent and each of COFINA's and Reorganized COFINA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that COFINA, Reorganized COFINA, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to COFINA taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged or that could have been alleged in the Actions, the Related Actions, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees; provided, however, that the foregoing release shall not extend, nor shall it be construed to extend, to acts of gross negligence, intentional fraud, or willful misconduct of BNYM, including, without limitation, any acts which have been asserted, or which could have been asserted, in the Ambac Action and the Whitebox Actions.

**30.6 Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 30.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 30.5 of the Plan; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or its inconsistent with the provisions of the Plan or the Confirmation Order.

*(continues on next page)*

*(continued from previous page)*

**30.7 Exculpation:**

(a) **Government Parties:** The Oversight Board, the Commonwealth, AAFAF, COFINA and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Settlement Agreement; provided, however, that the foregoing provisions of this Section 30.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 30.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) **Monoline Insurers:** Each of Ambac, Assured and National and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the structure of the Trusts, commutation, the treatment of Senior COFINA Bond Claims (Ambac), the treatment of Junior COFINA Bond Claims (Assured), the National Election, the voting procedures, the election procedures, and any release of obligations under the applicable Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate: (1) with respect to any beneficial holder of the Ambac Insured Bonds that receives Ambac Certificates in accordance with the Plan, any claim against Ambac with respect to Ambac's payment obligations under the Ambac Insurance Policy (which claim shall only be asserted by the trustee of the Ambac Trust), as adjusted to account for any distributions from the Ambac Trust (and any claims or defenses that Ambac may have against a beneficial holder of such Ambac Insured Bonds with respect to Ambac's obligations under the Ambac Insurance Policy); (2) with respect to any beneficial holder of National Insured Bonds that received National Certificates in accordance with the Plan, any claim against National with respect to National's obligations under the National Insurance Policies (which claim shall be asserted in accordance with the terms of the National Insurance Policies), as adjusted to account for any distributions from the National Trust (and any claims that National may have against a beneficial holder of such National Insured Bonds with respect to National's obligations to such beneficial holder under the National Insurance Policies); or (3) with respect to any beneficial holder of Assured Insured Bonds, any payment obligation under the applicable Assured Insurance Policy in accordance with its terms solely to the extent of any failure by Assured to pay the applicable Acceleration Price in full (or any claims that Assured may have against a beneficial holder of Assured Insured Bonds with respect to Assured's obligations under the Assured Insurance Policies).

(c) **PSA Creditors and Bonistas:** Each of the PSA Creditors and Bonistas, solely in its capacity as a party to the Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the Settlement Agreement; provided, however, that the foregoing provisions of this Section 30.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) **Agents:** Each of (i) the COFINA Agent and (ii) in the event that the Creditors' Committee and the Commonwealth Agent (1) do not object to approval of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan and do not file the Motion to Enforce or (2) subject to the provisions of decretal paragraph 4 of the Abeyance Stipulation, file the Motion to Enforce or an objection to approval of the merits of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan by the Title III Court, and unless the Title III Court determines that any such objection and the Motion to Enforce was filed in bad faith, the Commonwealth Agent, solely in its capacity as agent of the Oversight Board with respect to the Commonwealth, to litigate and/or settle the Commonwealth-COFINA Dispute, respectively, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the Commonwealth-COFINA Dispute, including, without limitation, the Commonwealth-COFINA Dispute Order, the Adversary Proceeding, the Commonwealth-COFINA Dispute Settlement, the Settlement Agreement, the Settlement Motion and the Settlement Order.

**30.11 Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to any Claim against COFINA, whenever and wherever arising or asserted, whether in the U.S. or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan, the Confirmation Order, or the Settlement Agreement relating to such Released Claim; provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: December 5, 2018, San Juan, Puerto Rico

Respectfully submitted, /s/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), Jeffrey W. Levitan (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Attorneys for the Financial Oversight and Management Board as representative for the Debtor* -and- /s/ Hermann D. Bauer, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] "Government Releasees" under the Plan means "[c]ollectively, the Government Parties and the Commonwealth, together with their respective current or former board members, directors, principals, agents, officers, employees, advisors and professionals, including, without limitation, any and all advisors and professionals retained by the Government Parties in connection with the Title III Case." Plan § 1.103.

[4] "Government Released Claims" under the Plan means "[c]ollectively, any and all claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, whether asserted or unasserted, which any Party, or anyone claiming through them, on their behalf or for their benefit have or may have or claim to have, now or in the future, against any Government Releasee arising from, related to, or in connection with COFINA, the Senior COFINA Bond Claims, the Junior COFINA Bonds, the Junior COFINA Bond Claims and the Actions, and arising prior to the COFINA Effective Date; provided, however, that "Government Released Claims" shall not include any and all rights, privileges, claims, demands, liabilities, or causes of action of any and every kind, character or nature whatsoever (a) against (i) COFINA (or its successor, including Reorganized COFINA) arising from or relating to COFINA's obligations pursuant to the Plan or the securities to be issued pursuant to the Plan or (ii) a Government Party unrelated to COFINA or (b) arising from or related to any act or omission that constitutes intentional fraud or willful misconduct." Plan § 1.102.

[5] "Entity" under the Plan means "[a] Person, a corporation, a general partnership, a limited partnership, a limited liability company, a limited liability partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a governmental unit or any subdivision thereof, including, without limitation, the office of the United States Trustee, or any other entity." Plan § 1.90.

[6] "Released Parties" under the Plan means "[c]ollectively, solely to the extent provided in the Plan, (a) the Government Parties, (b) the Commonwealth, (c) the COFINA Agent, (d) the PSA Creditors, (e) upon satisfaction of the conditions set forth in decretal paragraph 3 of the Abeyance Stipulation, the Creditors' Committee, its members, and the Commonwealth Agent, and (f) with respect to the foregoing clauses (a) through (e), each of their respective Related Persons." Plan § 1.150.

TO REACH THE WIDEST AUDIENCE

within the marketplace, advertise your Competitive Bond Sales in The Bond Buyer. For rates and additional information about advertising a NOS, please call Kerry-Ann C. Parkes at 212.803.8436 or send an email to NOS@sourcemedia.com.

THE BOND BUYER

THE DAILY NEWSPAPER OF PUBLIC FINANCE

THE BOND BUYER

CALL TO SUBSCRIBE

888.807.8667

THE BOND BUYER

www.bondbuyer.com

Advertising in The Bond Buyer Works

to give you the advantage over your competition

For complete information and to reserve space, contact:

Michael Ballinger

212.803.8481

michael.ballinger@sourcemedia.com



**Exhibit B**



EL CAMPEON DE LOS HISPANOS
EL DIARIO
LA PRENSA
WWW.ELDIARIONY.COM

# AFFIDAVIT OF PUBLICATION

**State of New York** )
:
**County of ~~New York~~** Kings )

Ana Vera, Being duly sworn declares that she is

Senior Account Executive for the daily newspaper El Diario / La Prensa,

Published in the City, County and State of New York by CPK NYC, LLC.,

with main offices located at One Metrotech Center, 18th Floor, Brooklyn, NY 11201

And that Legal Notice

(Advertisement), a true copy of which is annexed, was published in the said

Newspaper for The Commonwealth of Puerto Rico on Monday

December 17 Of the year 2018.

Sworn to before me this 20th by Andette Vera

Day of December 2018

[signature]
Ana Vera

[signature]
Notary Public

Samuel Tse
Notary Public - State of New York
No. 01TS6357989
Qualified in Kings County
Commission Expires May 1, 2021

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br>Deudores.[1] | PROMESA<br>Título III<br>n.º 17 BK 3283-LTS<br>(Administrado de manera conjunta) |
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>n.º 17 BK 3284-LTS |

**NOTIFICACIÓN DE (I) APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) ELECCIÓN DE FECHAS DE REGISTRO, (III) AUDIENCIA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y PROCEDIMIENTOS PARA LA OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) PROCEDIMIENTOS Y FECHA LÍMITE DE VOTACIÓN DEL PLAN DE AJUSTE Y PARA REALIZAR CIERTAS ELECCIONES EN VIRTUD DE ESTE.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. ***Aprobación de la Declaración de Divulgación.*** De conformidad con la orden con fecha 29 de noviembre de 2018 (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la *Declaración de Divulgación para el Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor y autorizó al Deudor para solicitar votos respecto de la aprobación o el rechazo del *Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, el "Plan"),[2] adjunto como **Anexo A** de la Declaración de Divulgación. Conforme a la Orden de Declaración de Divulgación, el Deudor enviará a los titulares de las Reclamaciones Clase 1 (Reclamaciones de Bonos COFINA Senior), Clase 2 (Reclamaciones de Bonos COFINA Senior (Ambac)), Clase 3 (Reclamaciones de Bonos COFINA Senior (National)), Clase 5 (Reclamaciones de Bonos COFINA Junior), Clase 8 (Reclamación Derivativa GS) y Clase 9 (Reclamaciones Generales No Garantizadas) (de forma colectiva, las "Clases de Votación") los materiales necesarios para la votación del Plan o para llevar a cabo las elecciones de las distribuciones según el presente (el "Paquete de Solicitud"); siempre que solamente se envíen Notificaciones de Elecciones a los titulares de las Reclamaciones Clases 1, 2, 3 y 5.

2. ***Audiencia de Confirmación.*** Se celebrará una audiencia para considerar la confirmación del Plan (la "Audiencia de Confirmación") ante la Honorable Laura Taylor Swain, en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918, en la sala del tribunal que se determinará luego, el 16 de enero de 2019 a las 9:30 a.m. (Hora estándar del Atlántico) y, de ser necesario, continuará el 17 de enero de 2019 a las 9:30 a. m. (Hora estándar del Atlántico). El Tribunal o la Junta de Supervisión podrán continuar la Audiencia de Confirmación de forma ocasional, sin necesidad de notificación o de suspensiones anunciadas en audiencia pública o tal como se indica en cualquier notificación del orden del día de asuntos fijados para la audiencia presentada ante el Tribunal. El Plan podrá ser enmendado, de ser necesario, con anterioridad, durante o con posterioridad a la Audiencia de Confirmación de conformidad con las disposiciones de enmienda del Plan y la Regla Local 3016-2, sin necesidad de notificar a las partes interesadas.

3. ***Fecha de Registro de Votación.*** La fecha de registro de votación es **el 20 de noviembre de 2018** (la "Fecha de Registro de Votación"). En esa fecha se determinará qué titulares de las Reclamaciones de las Clases de Votación tienen derecho a voto respecto del Plan. Por consiguiente, solamente aquellos acreedores pertenecientes a una Clase con derecho a voto sobre el Plan y con Reclamaciones contra el Deudor gozan del derecho a voto sobre el Plan a partir de la Fecha de Registro de Votación.

4. ***Fecha Límite de Votación.*** La fecha límite para la votación sobre el Plan es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Votación"). Si usted recibió un Paquete de Solicitud que incluye la Boleta y la intención de votar sobre el Plan, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida sobre la Boleta; y (c) completar y devolver su Boleta según se detalla en las instrucciones de votación incluidas en el Paquete de Solicitud de manera que su Boleta ***sea recibida*** por el agente de solicitud del Deudor, Prime Clerk LLC (el " Agente de Votación") en la Fecha Límite de Votación o con anterioridad. ***Su voto podrá ser descalificado por falta de cumplimiento de tales instrucciones.***

5. ***Fecha Límite de Elección***. La fecha límite para que los titulares de Reclamaciones admisibles con derecho a llevar a cabo una elección sobre la forma de las distribuciones conforme al Plan celebren dicha elección es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Elección"). Si usted recibe una Notificación de Elecciones, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida en el Formulario de Elección; y (c) entregar ***toda*** la información requerida según se detalla en las instrucciones de elección de manera que sea recibida por su Persona Designada con el tiempo suficiente para que tal Persona Designada ***pueda hacer efectiva*** su elección a través del Programa de Oferta de Licitación Automática de The Depository Trust Company, en la Fecha Límite de Elección o con anterioridad. ***Si no se cumplen las instrucciones, su elección podrá ser considerada como una elección que (a) en el caso de los titulares de las Reclamaciones Clase 2, reciba distribuciones de conformidad con las disposiciones de la sección 6.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo y la descarga completos y totales por el titular de otras obligaciones de Ambac respecto de la Póliza de Seguro de Ambac y el acuerdo del titular para conmutar la Póliza de Seguro de Ambac), o (b) en el caso de los titulares de Reclamaciones Clase 3, reciba distribuciones conforme a las disposiciones de la sección 7.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo, y la descarga completos y totales por el titular de otras obligaciones de National respecto de la Póliza de Seguro National y el acuerdo del titular para conmutar la Póliza de Seguro de National).***

6. ***Partes interesadas sin derecho a voto.*** Se considera que los Acreedores Clase 10 (Sección 510(b) Reclamaciones Subordinadas) rechazarán el Plan y no tienen derecho a voto. Si una Reclamación está incluida en la Lista de acreedores del Deudor [Caso n.º 17-3283, ECF n.º 1216] con carácter de contingente, no liquidada, o disputada, y la evidencia de reclamación no se hubiere (i) presentado para la Fecha Límite correspondiente establecida por el Tribunal; o (ii) considerado presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, tal Reclamación no tendrá derecho a voto para aceptar o rechazar el Plan. Las Evidencias de Reclamaciones presentadas por $0,00 o las Reclamaciones que han sido eliminadas por orden del Tribunal no tienen derecho a voto.

7. Si usted pertenece a la Clase 10 o tiene una evidencia de reclamación presentada a tiempo, y no está de acuerdo con la clasificación, objeción o solicitud de estimación de su Reclamación por parte del Deudor, y cree que debería tener derecho a voto sobre el Plan, deberá enviar al Deudor y a las Partes enumeradas en el párrafo 8(e) y presentar ante el tribunal (con copia al Despacho de la Juez) una moción (la "Moción de la Regla 3018(a)") para la orden conforme a la Regla 3018 de las Reglas Federales del Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal que su Reclamación tenga una Clase diferente a los fines de votar la aceptación o el rechazo del Plan. Todas las Mociones de la Regla 3018(a) deberán presentarse en o antes del décimo día después del (i) servicio de Notificación de la Audiencia de Confirmación o del (ii) servicio de notificación de una objeción o solicitud para la estimación, si corresponde, de tal Reclamación, el que resultara último de los dos. De conformidad con la Regla de Quiebra 3018(a), respecto de todo acreedor que presenta una Moción en virtud de la Regla 3018(a), la Boleta de tal acreedor no será considerada, salvo que el Tribunal así lo ordene antes del 8 de enero de 2019. Los acreedores podrán contactarse con el Agente de Votación (i) por correo certificado o correo privado, a Procesamiento de Votación de la Corporación del Fondo de Interés Apremiante de Puerto Rico, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, Nueva York, NY 10022, (ii) por teléfono al (844) 822-9231 (línea gratuita para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m. (Hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoballots@primeclerk.com, para recibir una Boleta adecuada para cualquier Reclamación donde la evidencia de reclamación se haya presentado a tiempo y la Moción de la Regla 3018(a) se haya otorgado. Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán consideradas.

8. ***Objeciones y Respuestas a la Confirmación.*** Las objeciones y las respuestas a la confirmación del Plan deberán:

a. Estar redactadas por escrito;

b. Incluir el nombre, el domicilio y la naturaleza de la Reclamación de la parte que objeta o responde;

c. Incluir la particularidad del fundamento y la naturaleza de la objeción o respuesta y, cuando corresponda, la redacción propuesta para el Plan con el fin de resolver cualquier objeción o respuesta;

d. Ser presentadas junto con el aviso de notificación ante el Tribunal de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019;** y

e. Ser enviadas de conformidad con la Orden de Declaración de Divulgación, de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019** ante la (a) Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (referencia: In re: El Estado Libre Asociado de Puerto Rico); (b) los abogados de la Junta de Supervisión como representante del Deudor, Proskauer Rose LLP, 11 Times Square, Nueva York, Nueva York 10036, A la atención de: Abogados Martin J. Bienenstock y Brian S. Rosen; (c) los abogados conjuntos para la Junta de Supervisión como representante de Deudor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, A la atención de: Abogado Hermann D. Bauer; (d) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, Nueva York, NY 10036, A la atención de: Abogados John J. Rapisardi, Suzzanne Uhland y Diana M. Perez; (e) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) aquellos acreedores que tengan las 20 reclamaciones no aseguradas más importantes contra el Deudor (sobre una base consolidada); (g) los abogados del Comité Oficial de los Acreedores No Asegurados en el caso del Título III, Paul Hastings LLP, 200 Park Ave., Nueva York, NY 10166, A la atención de: Abogados Luc A. Despins, Andrew V. Tenzer, Michael E. Comerford y G. Alexander Bongartz; (h) los abogados del Comité Oficial de Acreedores No Asegurados en el Caso del Título III, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, A la atención de: Abogados Juan J. Casillas Ayala y Alberto J.E. Abogado Añeses Negrón; (i) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Jenner & Block LLP, 919 Third Ave., Nueva York, NY 10022, A la atención de: Abogados Robert Gordon, Richard Levin y Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, A la atención de: Abogados Catherine Steege y Melissa Root; (j) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, A la atención de: A.J. Abogado Bennazar- Zequeira; y (k) todas las partes que han solicitado una notificación de conformidad con la Regla de Quiebra 2002.

9. ***Partes que no serán tratadas como Acreedores***. Cualquier titular de una Reclamación que (i) esté programada en la Lista de Acreedores a razón de $0,00 y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o cualquier orden de un Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, o (ii) que no esté programada y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o a cualquier orden del Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, no será tratado como acreedor respecto de tal Reclamación a los fines de (a) recibir notificaciones relativas al Plan, y (b) votar sobre el Plan.

10. ***Información adicional***. Toda parte interesada que desee obtener información sobre los procedimientos de solicitud o las copias de la Declaración de Divulgación o del Plan incluso las traducciones al español de tales documentos, deben contactarse con el Agente de Votación, Prime Clerk LLC, al siguiente teléfono: (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m (Tiempo estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoballots@primeclerk.com, o podrá acceder a tales documentos desde el siguiente sitio: https://cases.primeclerk.com/puertorico/ o el sitio del Tribunal: https://www.prd.uscourts.gov/. Recuerde que se necesita un usuario y una contraseña para acceder en forma pública a los Registros electrónicos del Tribunal ("PACER") (http://www.pacer.psc.uscourts.gov) desde el sitio del Tribunal.

11. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).*** **De conformidad con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se establecen las disposiciones sobre relevo, exculpación e interdicto contempladas en el Plan:**

**30.2 Descarga y Relevo de Reclamaciones y Causas de Acción:**

(c) No obstante las disposiciones anteriores de la Sección 30.2 del Plan, de acuerdo con las disposiciones del Acuerdo de Apoyo al Plan, cada uno de los Acreedores de PSA y sus respectivas Personas Relacionadas, solamente en su calidad de Deudores de COFINA, (i) serán considerados como que hubiesen relevado y convenido no demandar o de otro modo perseguir o buscar recuperar daños y perjuicios o solicitar cualquier otro tipo de remedio en contra de cualquiera de las Partes Gubernamentales Relevadas[3] con base en, a partir de o en relación con las Reclamaciones Gubernamentales Relevadas[4] o cualquiera de las reclamaciones o causas de acción alegadas o que pudieren haberse alegado en los Pleitos, y (i) no deberán ayudar directa o indirectamente a ninguna persona a tomar acción alguna con respecto a las Reclamaciones Gubernamentales Relevadas que están prohibidas por esta Sección 30.2 (c).

(d) En la Fecha de Efectividad, y en virtud de la Resolución de la Controversia entre el Estado Libre Asociado y COFINA y el compromiso y la resolución de Reclamaciones de Bonos de conformidad con los términos y las disposiciones del Plan (incluso, a modo de ejemplo, las distribuciones que se realizarán a cuenta de los Valores Existentes "Senior" y "Primeros Subordinados"), la resolución de la Acción de Intervención Judicial y los términos y las disposiciones de la Sección 19.5 del presente documento con respecto a los Pleitos de Ambac y de Whitebox, en la medida en que lo permita la ley aplicable, BNYM y cada titular y titular beneficiario de los Valores Existentes y sus acreedores, sucesores o derechohabientes quedarán eximidos de responsabilidad por todas las Reclamaciones y Causas de Acción que surjan de o estén relacionadas con el pago de BNYM a los titulares beneficiarios de Valores Existentes de pagos programados de capital e intereses; siempre que el relevo que antecede de BNYM no se extienda, ni se interprete como una extensión, a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM, incluido, entre otros, cualquier acto que se hubiere afirmado o que hubiera podido afirmarse, en las Acciones de Ambac y de Whitebox.

(e) En la Fecha de Efectividad (i) el Agente de COFINA y sus representantes, abogados, afiliadas, asesores, consultores y abogados (sic), únicamente en estas funciones, y (ii) en caso de que el Agente del Estado Libre Asociado y el Comité de Acreedores (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución fueron presentados de mala fe, se eximirá de responsabilidad al Agente del Estado Libre Asociado y al Comité de Acreedores, a sus miembros y cada uno de sus respectivos funcionarios, directores, representantes, abogados, empleados, afiliadas, consultores y asesores actuales o anteriores, únicamente en sus funciones (colectivamente, las "Partes Relevadas del Agente del Estado Libre Asociado"), respecto de todas las Reclamaciones y Causas de Acción (como si dichas Causas de Acción estuvieran en contra de las Partes Relevadas del Agente del Estado Libre Asociado) relacionadas con el Procedimiento Contencioso, el Acuerdo de Principio, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

(f) En la Fecha de Efectividad, y en consideración de la Resolución de Controversias entre el Estado Libre Asociado y COFINA y la resolución de la Acción de Intervención Judicial, siempre que la ley aplicable lo permita, el Estado Libre Asociado será eximido de toda responsabilidad respecto de todas las Reclamaciones y Causas de Acción de cualquier Acreedor, únicamente en dicha función, que surjan o estén relacionadas con el Estado Libre Asociado y COFINA, incluidas, entre otras, las Reclamaciones o Causas de acción que surjan o estén relacionadas con el inicio de un Procedimiento Contencioso o pendiente de resolución y el compromiso y la resolución de la Solicitud del demandado para que los demandantes diriman el derecho entre sí y la asignación de fondos de acuerdo con la Sección 2.1. del Plan.

923-56015-1

*(continúa en la página siguiente)*

*(continúa de la página anterior)*

**30.3 Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente de otro modo en la Sección 30.11 del Plan, la Orden de Confirmación o cualquier otra Orden Final del Tribunal del Título III que fuesen de aplicación, todas las Entidades[5] que hayan tenido, tengan o pudieren tener Reclamaciones o cualquier otra deuda o responsabilidad que se descarguen o releven de conformidad con la Sección 30.2 de este documento tienen permanentemente prohibido, desde y a partir de la Fecha de Efectividad, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluso, a título enunciativo, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole en cualquier Reclamación tal u otra deuda o responsabilidad que se descargue de conformidad con el Plan en contra de cualquiera de las Partes Relevadas[6] o cualquiera de sus respectivos activos o propiedades, (b) hacer cumplir, embargar, cobrar o recuperar, por cualquier forma o medio, cualquier fallo, adjudicación, decreto u orden contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, (c) crear, perfeccionar o hacer cumplir cualquier derecho de garantía de cualquier naturaleza contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, y (d) salvo en la medida en que las Secciones 553, 555, 556, 559 o 560 del Código de Quiebras dispongan, permitan o preservan, o a tenor con el derecho de recuperación en virtud del sistema del Common Law, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier índole contra cualquier obligación debida de cualquiera de las Partes Relevadas o de sus respectivos activos o propiedades, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan. Dicho interdicto se extenderá a todos los sucesores y derechohabientes de las Partes Relevadas y sus respectivos activos y propiedades.

**30.5 Relevos por COFINA y COFINA Reorganizada:** Salvo que se estipule de otra manera en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, en la Fecha de Efectividad, y por una contraprestación pecuniaria, tanto COFINA como COFINA Reorganizada, el Agente de Desembolso y cada una de las Personas Relacionadas de COFINA y COFINA Reorganizada serán considerados como si, y por el presente, lo hacen de manera irrevocable e incondicional, total y finalmente, hubieran renunciado, relevado, condonado y descargado a las Partes Relevadas de toda Reclamación o Causa de Acción que COFINA, COFINA Reorganizada y su Agente de Desembolso, o cualquier de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieren tener o reclamaren tener, ahora o en el futuro, contra las Partes Relevadas y que fueren Reclamaciones Relevadas o de otro modo basadas, relacionadas, derivadas de o relacionadas con, en parte o en su totalidad, un acto, una omisión, una transacción, un evento u otra circunstancia relacionada con COFINA que ocurriere o existiere en o antes de la Fecha de Efectividad, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con o alegado o que pudiere haberse alegado en las Acciones, las Acciones Relacionadas incluso a modo de ejemplo, tal Reclamación, demanda, derecho, responsabilidad o causa de acción para indemnización, aporte u otro fundamento, según el sistema del Common Law o de Equity, daños y perjuicios, costos u honorarios; disponiéndose, sin embargo, que el relevo que antecede no se extenderá o no se interpretará que se extiende a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM incluso, a modo de ejemplo, cualquier acto que se hubiere afirmado o que hubiere podido afirmarse, en las Acciones de Ambac y de Whitebox.

**30.6 Interdicto relacionado con los Relevos:** A partir de la Fecha de Efectividad, se les prohíbe de manera permanente, completa y perpetua a todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Relevada que se releve de acuerdo con la Sección 30.5 del Plan, tomar cualquiera de las siguientes medidas, ya sea directa o indirectamente, de manera derivada o de otro modo, en representación del objeto de dichas Reclamaciones Relevadas liberadas o sobre la base de este: (i) comenzar, realizar o continuar de cualquier manera, directa o indirectamente, toda demanda, acción u otro procedimiento (inclusive, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) hacer cumplir, embargar (incluso, a modo de ejemplo, cualquier embargo previa a la sentencia), cobrar o de otro modo intentar recuperar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar, o de algún modo hacer cumplir en cualquier asunto, directa o indirectamente, cualquier Gravamen; (iv) compensar, solicitar reembolso o contribuciones, o subrogación en contra, o de otro modo recuperar, directa o indirectamente, cualquier monto contra cualquier responsabilidad u obligación adeudada a cualquier Entidad relevada en virtud de la Sección 30.5 del Plan; y (v) iniciar o continuar de algún modo, en cualquier lugar de cualquier procedimiento judicial, arbitral o administrativo en cualquier foro, que no cumpla o sea inconsistente con las disposiciones del Plan o la Orden de Confirmación.

**30.7 Exculpación:**

(a) **Partes Gubernamentales:** La Junta de Supervisión, el Estado Libre Asociado, AAFAF, COFINA y cada una de sus Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento, incluida la Fecha de Efectividad, no tendrán ni incurrirán en responsabilidad alguna hacia cualquier Entidad por acciones que hubiesen realizado u omitido con relación al Caso del Título III, la formulación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento provisto o contemplado con relación a la consumación de las transacciones establecidas en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7 no afectarán la responsabilidad de cualquier Entidad que de otro modo hubiere resultado de cualquier acto u omisión tal, en la medida en que se determine en una Orden Final que dicho acto u omisión constituyó fraude intencional o mala conducta intencional. Ninguna de las disposiciones anteriores de esta Sección 30.7(a) perjudicará el derecho de cualquiera de las Partes Gubernamentales, y de los oficiales y directores de las Partes Gubernamentales que presten servicios en cualquier momento, incluida la Fecha de Efectividad, y de cada uno de sus respectivos profesionales, a afirmar su confianza en los consejos de su abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan

(b) **Aseguradoras Monolínea:** Ambac, Assured y National, y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad alguna hacia ninguna Entidad por un acto realizado u omitido que sea consistente con el Plan en relación con la formulación, preparación, diseminación, implementación, aceptación, confirmación o aprobación del Plan, incluso, sin límite, la estructura de los Fideicomisos, la conmutación, el trato de las Reclamaciones de Bonos de COFINA Senior (Ambac), el trato de las Reclamaciones de Bonos de COFINA Junior (Assured), la Elección de National, los procedimientos de votación, los procedimientos de elección y cualquier relevo de obligaciones en virtud de las Pólizas de Seguro aplicables; disponiéndose, sin embargo, que, no obstante cualquier disposición en contrario en este documento, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan: (1) con respecto a cualquier titular beneficiario de los Bonos Asegurados de Ambac que recibe Certificados de Ambac de acuerdo con el Plan, cualquier reclamación en contra de Ambac respecto de las obligaciones de pago de Ambac en virtud de la Póliza de Seguro de Ambac (cuya reclamación será alegada exclusivamente por el fideicomisario del Fideicomiso de Ambac), según se adapte para tomar en cuenta las distribuciones del Fideicomiso de Ambac (y cualquier reclamación o defensa que Ambac pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de Ambac respecto de las obligaciones de Ambac en virtud de la Póliza de Seguro de Ambac); (2) con respecto a cualquier titular beneficiario de Bonos Asegurados de National que recibe Certificados de National de conformidad con el Plan, cualquier reclamación en contra de National con respecto a las obligaciones de National en virtud de las Pólizas de Seguro de National (cuya reclamación será alegada de acuerdo con los términos de las Pólizas de Seguro de National), según se adapte para tomar en cuenta cualquier distribución del Fideicomiso de National (y cualquier reclamación que National pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de National respecto de las obligaciones de National hacia dicho titular beneficiario en virtud de las Pólizas de Seguro de National); o (3) con respecto a cualquier titular beneficiario de Bonos Asegurados de Assured, cualquier obligación de pago en virtud de la Póliza de Seguro de Assured de acuerdo con sus términos, exclusivamente en la medida en que cualquier falla por parte de Assured de pagar en su totalidad el Precio de Aceleración aplicable (o las reclamaciones que Assured pueda tener en contra de un titular beneficiario de Bonos Asegurados de Assured con respecto a las obligaciones de Assured en virtud de las Pólizas de Seguro de Assured).

(c) **Acreedores de PSA y Bonistas:** Cada uno de los Acreedores de PSA y Bonistas, exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan y un Acreedor, según corresponda, a partir de la Fecha de la Petición hasta la Fecha de Efectividad y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad hacia ninguna Entidad por una acción tomada u omitida con relación al Caso del Título III, la formación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento dispuesto o contemplado con relación a la consumación de la transacción establecido en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7(c) no afectarán la responsabilidad de ninguna Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Final que dicho acto u omisión ha constituido fraude intencional o mala conducta intencional.

(d) **Agentes:** Cada (i) Agente de COFINA y (ii) en caso de que el Comité de Acreedores y el Agente del Estado Libre Asociado (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Di vulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución se presentaron de mala fe, el Agente del Estado Libre Asociado, exclusivamente en su función de agente de la Junta de Supervisión respecto del Estado Libre Asociado, para litigar y/o resolver la Controversia entre el Estado Libre Asociado y COFINA, respectivamente, no tendrá responsabilidad alguna, ni incurrirá en ella, respecto de cualquier Entidad por cualquier acto realizado u omitido en relación con el Caso del Título III, la Controversia entre el Estado Libre Asociado y COFINA, incluida, entre otras, la Orden de Controversia entre el Estado Libre Asociado y COFINA, el Procedimiento Disputado, la Resolución de Controversias entre el Estado Libre Asociado y COFINA, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

**30.11 Interdicto Complementario:** No obstante las disposiciones de este documento en contrario, excepto en la medida limitada dispuesta en el Plan, todas las Entidades, incluidas las Entidades que actúan en su nombre, que actualmente tienen o alegan, han tenido o alegado, o pueden tener o alegar cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas sobre la base de cualquier Reclamación en contra de COFINA, que surja o se relacione con ella, cuando quiera y dondequiera que surja o se alegue, ya sea en los EE. UU. o en cualquier otro lugar del mundo, ya sea por cuestión de daños y perjuicios, contrato, garantía, estatuto o cualquier otra teoría de ley, equidad o de otra índole, será y se considerará permanentemente paralizada, restringida y prohibida de tomar cualquier acción en contra de cualquiera de las Partes Relevadas con el fin de recopilar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación respecto de las Reclamaciones Relevadas que surjan antes de la Fecha de Efectividad (inclusive antes de la Fecha de la Petición), e incluidas, entre otras, las siguientes acciones:

(a) Iniciar o continuar de cualquier manera alguna acción u otro procedimiento de cualquier índole respecto de cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada;

(b) Hacer cumplir, embargar, cobrar o recuperar, por cualquier medio o manera, cualquier sentencia, laudo, decreto u orden en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(c) Crear, perfeccionar o hacer cumplir cualquier Gravamen de cualquier índole en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(d) Salvo que se disponga expresamente en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, afirmar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier índole en contra de cualquier obligación adeudada a cualquiera de las Partes Relevadas o contra la propiedad de cualquier Parte Relevada con respecto a dicha Reclamación Relevada; y

(e) Tomar cualquier acción, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan, la Orden de Confirmación o el Acuerdo de Transacción relacionado con dicha Reclamación Relevada; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 5 de diciembre de 2018, San Juan, Puerto Rico

Debidamente presentado, /f/ Martin J. Bienenstock , Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), Jeffrey W. Levitan (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor -and-* /f/ Hermann D. Bauer , Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) N.° 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor*

[1] Los Deudores en estos casos del Título III junto con el caso individual de cada Deudor en virtud del mismo título y los últimos 4 (cuatro) dígitos del número de identificación tributaria federal, según corresponda, constituyen el (i) Estado Libre Asociado de Puerto Rico (Caso de quiebra n.º 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") ("COFINA") (Caso de quiebra n.º 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra n.º 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra n.º 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de quiebra n.º 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos redactados con la primera letra en mayúscula que no estén definidos en el presente gozarán de los significados que se establecen en el Plan.

[3] "Partes Gubernamentales Relevadas" conforme al Plan significa "[colectivamente], las Partes Gubernamentales y el Estado Libre Asociado, junto con sus respectivos miembros actuales o ex miembros de la junta, directores, principales, agentes, oficiales, empleados, consejeros y profesionales, incluso, a modo de ejemplo, todos los consejeros y profesionales contratados por las Partes Gubernamentales con relación al Caso del Título III". Plan § 1.103.

[4] "Reclamaciones Relevadas Gubernamentales" de conformidad con el Plan significa "[c]olectivamente], todas y cada una de las reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, en virtud del sistema del Common Law o de Equity, conocidas o desconocidas, ya sean alegadas o no, que cualquier Parte, o cua.colquiera que reclame a través de ella, en su nombre o para su beneficio tenga, pueda tener o alegue tener, ahora o en el futuro, en contra de cualquier Parte Gubernamental Relevada que surja de, con relación a o en conexión con COFINA, los Bonos de COFINA Senior, las Reclamaciones de Bonos de COFINA Senior, los Bonos de COFINA Junior, las Reclamaciones de Bonos de COFINA Junior y las Acciones, y que surja antes de la Fecha de Efectividad de COFINA; disponiéndose, sin embargo, que las "Reclamaciones Gubernamentales Relevadas" no incluirán ninguno de los derechos, privilegios, reclamaciones, demandas, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza (a) en contra (i) de COFINA (o su sucesor, incluso COFINA Reorganizada) que surja de o esté relacionado con las obligaciones de COFINA de conformidad con el Plan o los valores a ser emitidos de conformidad con el Plan o (ii) una Parte Gubernamental no relacionada con COFINA o (b) que surja de o esté relacionado con algún acto u omisión que constituya fraude intencional o mala conducta intencional". Plan § 1.102.

[5] "Entidad" conforme al Plan significa"[una] persona, corporación, sociedad general, sociedad limitada, compañía de responsabilidad limitada, sociedad de responsabilidad limitada, asociación, sociedad anónima, empresa conjunta, patrimonio, fideicomiso, organización no incorporada, unidad gubernamental o cualquier subdivisión de este, inclusive, sin límite, la oficina del Fideicomisario de los Estados Unidos o cualquier otra entidad". Plan § 1.90.

[6] "Partes Relacionadas" conforme al Plan significa "[de manera colectiva, únicamente en la medida que disponga el Plan, (a) las Partes Gubernamentales, (b) el Estado Libre Asociado, (c) el Agente COFINA, (d) los Acreedores de PSA, (e) una vez cumplidas las condiciones establecidas en el párrafo decretal 3 de la Estipulación de Suspensión, el Comité de Acreedores, sus miembros y el Agente del Estado Libre Asociado, y (f) con respecto a las cláusulas desde (a) hasta (e) que anteceden, cada una de las respectivas Personas Relacionadas". Plan § 1.150.

**Exhibit C**

# TRUBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FIANANCIERA PARA PUERTO RICO
COMO REPRESENTANTE DEL
ESTADO LIBRE ASOCIADO DE PUERTO RICO, y otros
DEUDORES

PROMESA: TÍTULO III, Caso No – 17 BK 3283-LTS
(ADMINISTRADO EN MANEROA CONJUNTA)
NOTIFICACIÓN DE (I) APROBACIÓN DE LA DECLARACIÓN, (II) ELECCIÓN DE FECHAS DE REGISTRO, (III) AUDIENCIA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y PROCEDIMIENTOS PARA LA OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE,...

# AFIDAVIT

Yo, Carmencita Santana Rosado, habiendo prestado el debido juramento declaro:

Que soy Representante del periódico "EL NUEVO DIA" que se publica en Guaynabo, P.R.; que en las ediciones de este periódico correspondientes a los días:

**17 DE DICIEMBRE DE 2018**

se dio publicidad al anuncio expedido por

**JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO**

en el caso arriba mencionado y copia del cual se une al presente afidávit para que forme parte del mismo.

Guaynabo, P.R., 17 diciembre 2018.

[signature]

Afidávit No. 39036 del Registro.

Jurado y reconocido ante mi por Carmencita Santana Rosado, vecina de San Juan, mayor de edad, soltera, Representante del periódico "EL NUEVO DIA", a quien doy fe de conocer personalmente.

Guaynabo, P.R. 17 diciembre 2018

[signature]
NOTARIO



EL NUEVO DÍA Lunes, 17 de diciembre de 2018 26

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br>Deudores.[1] | PROMESA<br>Título III<br>n.º 17 BK 3283-LTS<br>(Administrado de manera conjunta) |
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>n.º 17 BK 3284-LTS |

**NOTIFICACIÓN DE (I) APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) ELECCIÓN DE FECHAS DE REGISTRO, (III) AUDIENCIA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y PROCEDIMIENTOS PARA LA OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) PROCEDIMIENTOS Y FECHA LÍMITE DE VOTACIÓN DEL PLAN DE AJUSTE Y PARA REALIZAR CIERTAS ELECCIONES EN VIRTUD DE ESTE.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. ***Aprobación de la Declaración de Divulgación.*** De conformidad con la orden con fecha 29 de noviembre de 2018 (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la *Declaración de Divulgación para el Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor y autorizó al Deudor para solicitar votos respecto de la aprobación o el rechazo del *Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, el "Plan"),[2] adjunto como **Anexo A** de la Declaración de Divulgación. Conforme a la Orden de Declaración de Divulgación, el Deudor enviará a los titulares de las Reclamaciones Clase 1 (Reclamaciones de Bonos COFINA Senior), Clase 2 (Reclamaciones de Bonos COFINA Senior (Ambac)), Clase 3 (Reclamaciones de Bonos COFINA Senior (National)), Clase 5 (Reclamaciones de Bonos COFINA Junior), Clase 8 (Reclamación Derivativa GS) y Clase 9 (Reclamaciones Generales No Garantizadas) (de forma colectiva, las "Clases de Votación") los materiales necesarios para la votación del Plan o para llevar a cabo las elecciones de las distribuciones según el presente (el "Paquete de Solicitud"); siempre que solamente se envíen Notificaciones de Elecciones a los titulares de las Reclamaciones Clases 1, 2, 3 y 5.

2. ***Audiencia de Confirmación.*** Se celebrará una audiencia para considerar la confirmación del Plan (la "Audiencia de Confirmación") ante la Honorable Laura Taylor Swain, en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918, en la sala del tribunal que se determinará luego, el 16 de enero de 2019 a las 9:30 a.m. (Hora estándar del Atlántico) y, de ser necesario, continuará el 17 de enero de 2019 a las 9:30 a. m. (Hora estándar del Atlántico). El Tribunal o la Junta de Supervisión podrán continuar la Audiencia de Confirmación de forma ocasional, sin necesidad de notificación o de suspensiones anunciadas en audiencia pública o tal como se indica en cualquier notificación del orden del día de asuntos fijados para la audiencia presentada ante el Tribunal. El Plan podrá ser enmendado, de ser necesario, con anterioridad, durante o con posterioridad a la Audiencia de Confirmación de conformidad con las disposiciones de enmienda del Plan y la Regla Local 3016-2, sin necesidad de notificar a las partes interesadas.

3. ***Fecha de Registro de Votación.*** La fecha de registro de votación es **el 20 de noviembre de 2018** (la "Fecha de Registro de Votación"). En esa fecha se determinará qué titulares de las Reclamaciones de las Clases de Votación tienen derecho a voto respecto del Plan. Por consiguiente, solamente aquellos acreedores pertenecientes a una Clase con derecho a voto sobre el Plan y con Reclamaciones contra el Deudor gozan del derecho a voto sobre el Plan a partir de la Fecha de Registro de Votación.

4. ***Fecha Límite de Votación.*** La fecha límite para la votación sobre el Plan es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Votación"). Si usted recibió un Paquete de Solicitud que incluye la Boleta y la intención de votar sobre el Plan, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida sobre la Boleta; y (c) completar y devolver su Boleta según se detalla en las instrucciones de votación incluidas en el Paquete de Solicitud de manera que su Boleta ***sea recibida*** por el agente de solicitud del Deudor, Prime Clerk LLC (el " Agente de Votación") en la Fecha Límite de Votación o con anterioridad. ***Su voto podrá ser descalificado por falta de cumplimiento de tales instrucciones.***

5. ***Fecha Límite de Elección.*** La fecha límite para que los titulares de Reclamaciones admisibles con derecho a llevar a cabo una elección sobre la forma de las distribuciones conforme al Plan celebren dicha elección es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Elección"). Si usted recibe una Notificación de Elecciones, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida en el Formulario de Elección; y (c) entregar ***toda*** la información requerida según se detalla en las instrucciones de elección de manera que sea recibida por su Persona Designada con el tiempo suficiente para que tal Persona Designada ***pueda hacer efectiva*** su elección a través del Programa de Oferta de Licitación Automática de The Depository Trust Company, en la Fecha Límite de Elección o con anterioridad. ***Si no se cumplen las instrucciones, su elección podrá ser considerada como una elección que (a) en el caso de los titulares de las Reclamaciones Clase 2, reciba distribuciones de conformidad con las disposiciones de la sección 6.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo y la descarga completos y totales por el titular de otras obligaciones de Ambac respecto de la Póliza de Seguro de Ambac y el acuerdo del titular para conmutar la Póliza de Seguro de Ambac), o (b) en el caso de los titulares de Reclamaciones Clase 3, reciba distribuciones conforme a las disposiciones de la sección 7.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo, y la descarga completos y totales por el titular de otras obligaciones de National respecto de la Póliza de Seguro National y el acuerdo del titular para conmutar la Póliza de Seguro de National).***

6. ***Partes interesadas sin derecho a voto.*** Se considera que los Acreedores Clase 10 (Sección 510(b) Reclamaciones Subordinadas) rechazarán el Plan y no tienen derecho a voto. Si una Reclamación está incluida en la Lista de acreedores del Deudor [Caso n.º 17-3283, ECF n.º 1216] con carácter de contingente, no liquidada, o disputada, y la evidencia de reclamación no se hubiere (i) presentado para la Fecha Límite correspondiente establecida por el Tribunal; o (ii) considerado presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, tal Reclamación no tendrá derecho a voto para aceptar o rechazar el Plan. Las Evidencias de Reclamaciones presentadas por $0,00 o las Reclamaciones que han sido eliminadas por orden del Tribunal no tienen derecho a voto.

7. Si usted pertenece a la Clase 10 o tiene una evidencia de reclamación presentada a tiempo, y no está de acuerdo con la clasificación, objeción o solicitud de estimación de su Reclamación por parte del Deudor, y cree que debería tener derecho a voto sobre el Plan, deberá enviar al Deudor y a las Partes enumeradas en el párrafo 8(e) y presentar ante el tribunal (con copia al Despacho de la Juez) una moción (la "Moción de la Regla 3018(a)") para la orden conforme a la Regla 3018 de las Reglas Federales del Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal que su Reclamación tenga una Clase diferente a los fines de votar la aceptación o el rechazo del Plan. Todas las Mociones de la Regla 3018(a) deberán presentarse en o antes del décimo día después del (i) servicio de Notificación de la Audiencia de Confirmación o del (ii) servicio de notificación de una objeción o solicitud para la estimación, si corresponde, de tal Reclamación, el que resultara último de los dos. De conformidad con la Regla de Quiebra 3018(a), respecto de todo acreedor que presenta una Moción en virtud de la Regla 3018(a), la Boleta de tal acreedor no será considerada, salvo que el Tribunal así lo ordene antes del 8 de enero de 2019. Los acreedores podrán contactarse con el Agente de Votación (i) por correo certificado o correo privado, a Procesamiento de Votación de la Corporación del Fondo de Interés Apremiante de Puerto Rico, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, Nueva York, NY 10022, (ii) por teléfono al (844) 822-9231 (línea gratuita para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m. (Hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoballots@primeclerk.com, para recibir una Boleta adecuada para cualquier Reclamación donde la evidencia de reclamación se haya presentado a tiempo y la Moción de la Regla 3018(a) se haya otorgado. Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán consideradas.

8. ***Objeciones y Respuestas a la Confirmación.*** Las objeciones y las respuestas a la confirmación del Plan deberán:

a. Estar redactadas por escrito;

b. Incluir el nombre, el domicilio y la naturaleza de la Reclamación de la parte que objeta o responde;

c. Incluir la particularidad del fundamento y la naturaleza de la objeción o respuesta y, cuando corresponda, la redacción propuesta para el Plan con el fin de resolver cualquier objeción o respuesta;

d. Ser presentadas junto con el aviso de notificación ante el Tribunal de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019;** y

e. Ser enviadas de conformidad con la Orden de Declaración de Divulgación, de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019** ante la (a) Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (referencia: In re: El Estado Libre Asociado de Puerto Rico); (b) los abogados de la Junta de Supervisión como representante del Deudor, Proskauer Rose LLP, 11 Times Square, Nueva York, Nueva York 10036, A la atención de: Abogados Martin J. Bienenstock y Brian S. Rosen; (c) los abogados conjuntos para la Junta de Supervisión como representante de Deudor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, A la atención de: Abogado Hermann D. Bauer; (d) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, Nueva York, NY 10036, A la atención de: Abogados John J. Rapisardi, Suzzanne Uhland y Diana M. Perez; (e) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) aquellos acreedores que tengan las 20 reclamaciones no aseguradas más importantes contra el Deudor (sobre una base consolidada); (g) los abogados del Comité Oficial de los Acreedores No Asegurados en el caso del Título III, Paul Hastings LLP, 200 Park Ave., Nueva York, NY 10166, A la atención de: Abogados Luc A. Despins, Andrew V. Tenzer, Michael E. Comerford y G. Alexander Bongartz; (h) los abogados del Comité Oficial de Acreedores No Asegurados en el Caso del Título III, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, A la atención de: Abogados Juan J. Casillas Ayala y Alberto J.E. Abogado Añeses Negrón; (i) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Jenner & Block LLP, 919 Third Ave., Nueva York, NY 10022, A la atención de: Abogados Robert Gordon, Richard Levin y Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, A la atención de: Abogados Catherine Steege y Melissa Root; (j) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, A la atención de: A.J. Abogado Bennazar- Zequeira; y (k) todas las partes que han solicitado una notificación de conformidad con la Regla de Quiebra 2002.

9. ***Partes que no serán tratadas como Acreedores***. Cualquier titular de una Reclamación que (i) esté programada en la Lista de Acreedores a razón de $0,00 y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o cualquier orden de un Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, o (ii) que no esté programada y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o a cualquier orden del Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, no será tratado como acreedor respecto de tal Reclamación a los fines de (a) recibir notificaciones relativas al Plan, y (b) votar sobre el Plan.

10. ***Información adicional***. Toda parte interesada que desee obtener información sobre los procedimientos de solicitud o las copias de la Declaración de Divulgación o del Plan incluso las traducciones al español de tales documentos, deben contactarse con el Agente de Votación, Prime Clerk LLC, al siguiente teléfono: (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m. (Tiempo estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoballots@primeclerk.com, o podrá acceder a tales documentos desde el siguiente sitio: https://cases.primeclerk.com/puertorico/ o el sitio del Tribunal: https://www.prd.uscourts.gov/. Recuerde que se necesita un usuario y una contraseña para acceder en forma pública a los Registros electrónicos del Tribunal ("PACER") (http://www.pacer.psc.uscourts.gov) desde el sitio del Tribunal.

11. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).*** **De conformidad con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se establecen las disposiciones sobre relevo, exculpación e interdicto contempladas en el Plan:**

**30.2 Descarga y Relevo de Reclamaciones y Causas de Acción:**

(c) No obstante las disposiciones anteriores de la Sección 30.2 del Plan, de acuerdo con las disposiciones del Acuerdo de Apoyo al Plan, cada uno de los Acreedores de PSA y sus respectivas Personas Relacionadas, solamente en su calidad de Deudores de COFINA, (i) serán considerados como que hubiesen relevado y convenido no demandar o de otro modo perseguir o buscar recuperar daños y perjuicios o solicitar cualquier otro tipo de remedio en contra de cualquiera de las Partes Gubernamentales Relevadas[3] con base en, a partir de o en relación con las Reclamaciones Gubernamentales Relevadas[4] o cualquiera de las reclamaciones o causas de acción alegadas o que pudieren haberse alegado en los Pleitos, y (i) no deberán ayudar directa o indirectamente a ninguna persona a tomar acción alguna con respecto a las Reclamaciones Gubernamentales Relevadas que están prohibidas por esta Sección 30.2 (c).

(d) En la Fecha de Efectividad, y en virtud de la Resolución de la Controversia entre el Estado Libre Asociado y COFINA y el compromiso y la resolución de Reclamaciones de Bonos de conformidad con los términos y las disposiciones del Plan (incluso, a modo de ejemplo, las distribuciones que se realizarán a cuenta de los Valores Existentes "Senior" y "Primeros Subordinados"), la resolución de la Acción de Intervención Judicial y los términos y las disposiciones de la Sección 19.5 del presente documento con respecto a los Pleitos de Ambac y de Whitebox, en la medida en que lo permita la ley aplicable, BNYM y cada titular y titular beneficiario de los Valores Existentes y sus acreedores, sucesores o derechohabientes quedarán eximidos de responsabilidad por todas las Reclamaciones y Causas de Acción que surjan de o estén relacionadas con el pago de BNYM a los titulares beneficiarios de Valores Existentes de pagos programados de capital e intereses; siempre que el relevo que antecede de BNYM no se extienda, ni se interprete como una extensión, a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM, incluido, entre otros, cualquier acto que se hubiere afirmado o que hubiera podido afirmarse, en las Acciones de Ambac y de Whitebox.

(e) En la Fecha de Efectividad (i) el Agente de COFINA y sus representantes, abogados, afiliadas, asesores, consultores y abogados (sic), únicamente en estas funciones, y (ii) en caso de que el Agente del Estado Libre Asociado y el Comité de Acreedores (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución fueron presentados de mala fe, se eximirá de responsabilidad al Agente del Estado Libre Asociado y al Comité de Acreedores, a sus miembros y cada uno de sus respectivos funcionarios, directores, representantes, abogados, empleados, afiliadas, consultores y asesores actuales o anteriores, únicamente en sus funciones (colectivamente, las "Partes Relevadas del Agente del Estado Libre Asociado"), respecto de todas las Reclamaciones y Causas de Acción (como si dichas Causas de Acción estuvieran en contra de las Partes Relevadas del Agente del Estado Libre Asociado) relacionadas con el Procedimiento Contencioso, el Acuerdo de Principio, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

(f) En la Fecha de Efectividad, y en consideración de la Resolución de Controversias entre el Estado Libre Asociado y COFINA y la resolución de la Acción de Intervención Judicial, siempre que la ley aplicable lo permita, el Estado Libre Asociado será eximido de toda responsabilidad respecto de todas las Reclamaciones y Causas de Acción de cualquier Acreedor, únicamente en dicha función, que surjan o estén relacionadas con el Estado Libre Asociado y COFINA, incluidas, entre otras, las Reclamaciones o Causas de acción que surjan o estén relacionadas con el inicio de un Procedimiento Contencioso o pendiente de resolución y el compromiso y la resolución de la Solicitud del demandado para que los demandantes diriman el derecho entre sí y la asignación de fondos de acuerdo con la Sección 2.1. del Plan.

*(continúa en la página siguiente)*

*(continúa de la página anterior)*

**30.3 Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente de otro modo en la Sección 30.11 del Plan, la Orden de Confirmación o cualquier otra Orden Final del Tribunal del Título III que fuesen de aplicación, todas las Entidades[5] que hayan tenido, tengan o pudieren tener Reclamaciones o cualquier otra deuda o responsabilidad que se descarguen o releven de conformidad con la Sección 30.2 de este documento tienen permanentemente prohibido, desde y a partir de la Fecha de Efectividad, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluso, a título enunciativo, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole en cualquier Reclamación tal u otra deuda o responsabilidad que se descargue de conformidad con el Plan en contra de cualquiera de las Partes Relevadas[6] o cualquiera de sus respectivos activos o propiedades, (b) hacer cumplir, embargar, cobrar o recuperar, por cualquier forma o medio, cualquier fallo, adjudicación, decreto u orden contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, (c) crear, perfeccionar o hacer cumplir cualquier derecho de garantía de cualquier naturaleza contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, y (d) salvo en la medida en que las Secciones 553, 555, 556, 559 o 560 del Código de Quiebras dispongan, permitan o preservan, o a tenor con el derecho de recuperación en virtud del sistema del Common Law, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier índole contra cualquier obligación debida de cualquiera de las Partes Relevadas o de sus respectivos activos o propiedades, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan. Dicho interdicto se extenderá a todos los sucesores y derechohabientes de las Partes Relevadas y sus respectivos activos y propiedades.

**30.5 Relevos por COFINA y COFINA Reorganizada:** Salvo que se estipule de otra manera en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, en la Fecha de Efectividad, y por una contraprestación pecuniaria, tanto COFINA como COFINA Reorganizada, el Agente de Desembolso y cada una de las Personas Relacionadas de COFINA y COFINA Reorganizada serán considerados como si, y por el presente, lo hacen de manera irrevocable e incondicional, total y finalmente, hubieran renunciado, relevado, condonado y descargado a las Partes Relevadas de toda Reclamación o Causa de Acción que COFINA, COFINA Reorganizada y su Agente de Desembolso, o cualquier de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieren tener o reclamaren tener, ahora o en el futuro, contra las Partes Relevadas y que fueren Reclamaciones Relevadas o de otro modo basadas, relacionadas, derivadas de o relacionadas con, en parte o en su totalidad, un acto, una omisión, una transacción, un evento u otra circunstancia relacionada con COFINA que ocurriere o existiere en o antes de la Fecha de Efectividad, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con o alegado o que pudiere haberse alegado en las Acciones, las Acciones Relacionadas incluso a modo de ejemplo, tal Reclamación, demanda, derecho, responsabilidad o causa de acción para indemnización, aporte u otro fundamento, según el sistema del Common Law o de Equity, daños y perjuicios, costos u honorarios; disponiéndose, sin embargo, que el relevo que antecede no se extenderá o no se interpretará que se extiende a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM incluso, a modo de ejemplo, cualquier acto que se hubiere afirmado o que hubiere podido afirmarse, en las Acciones de Ambac y de Whitebox.

**30.6 Interdicto relacionado con los Relevos:** A partir de la Fecha de Efectividad, se les prohíbe de manera permanente, completa y perpetua a todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Relevada que se releve de acuerdo con la Sección 30.5 del Plan, tomar cualquiera de las siguientes medidas, ya sea directa o indirectamente, de manera derivada o de otro modo, en representación del objeto de dichas Reclamaciones Relevadas liberadas o sobre la base de este: (i) comenzar, realizar o continuar de cualquier manera, directa o indirectamente, toda demanda, acción u otro procedimiento (inclusive, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) hacer cumplir, embargar (incluso, a modo de ejemplo, cualquier embargo previa a la sentencia), cobrar o de otro modo intentar recuperar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar, o de algún modo hacer cumplir en cualquier asunto, directa o cualquier Gravamen; (iv) compensar, solicitar reembolso o contribuciones, o subrogación en contra, o de otro modo recuperar, directa o indirectamente, cualquier monto contra cualquier responsabilidad u obligación adeudada a cualquier Entidad relevada en virtud de la Sección 30.5 del Plan; y (v) iniciar o continuar de algún modo, en cualquier lugar de cualquier procedimiento judicial, arbitral o administrativo en cualquier foro, que no cumpla o sea inconsistente con las disposiciones del Plan o la Orden de Confirmación.

**30.7 Exculpación:**

(a) **Partes Gubernamentales:** La Junta de Supervisión, el Estado Libre Asociado, AAFAF, COFINA y cada una de sus Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento, incluida la Fecha de Efectividad, no tendrán ni incurrirán en responsabilidad alguna hacia cualquier Entidad por acciones que hubiesen realizado u omitido con relación al Caso del Título III, la formulación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento provisto o contemplado con relación a la consumación de las transacciones establecidas en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7 no afectarán la responsabilidad de cualquier Entidad que de otro modo hubiere resultado de cualquier acto u omisión tal, en la medida en que se determine en una Orden Final que dicho acto u omisión constituyó fraude intencional o mala conducta intencional. Ninguna de las disposiciones anteriores de esta Sección 30.7(a) perjudicará el derecho de cualquiera de las Partes Gubernamentales, y de los oficiales y directores de las Partes Gubernamentales que presten servicios en cualquier momento, incluida la Fecha de Efectividad, y de cada uno de sus respectivos profesionales, a afirmar su confianza en los consejos de su abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan

(b) **Aseguradoras Monolínea:** Ambac, Assured y National, y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad alguna hacia ninguna Entidad por un acto realizado u omitido que sea consistente con el Plan en relación con la formulación, preparación, diseminación, implementación, aceptación, confirmación o aprobación del Plan, incluso, sin límite, la estructura de los Fideicomisos, la conmutación, el trato de las Reclamaciones de Bonos de COFINA Senior (Ambac), el trato de las Reclamaciones de Bonos de COFINA Junior (Assured), la Elección de National, los procedimientos de votación, los procedimientos de elección y cualquier relevo de obligaciones en virtud de las Pólizas de Seguro aplicables; disponiéndose, sin embargo, que, no obstante cualquier disposición en contrario en este documento, los términos y las disposiciones del Plan no relevarán ni exculparán, ni se entenderá que relevan o exculpan: (1) con respecto a cualquier titular beneficiario de los Bonos Asegurados de Ambac que recibe Certificados de Ambac de acuerdo con el Plan, cualquier reclamación en contra de Ambac respecto de las obligaciones de pago de Ambac en virtud de la Póliza de Seguro de Ambac (cuya reclamación será alegada exclusivamente por el fideicomisario del Fideicomiso de Ambac), según se adapte para tomar en cuenta las distribuciones del Fideicomiso de Ambac (y cualquier reclamación o defensa que Ambac pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de Ambac respecto de las obligaciones de Ambac en virtud de la Póliza de Seguro de Ambac); (2) con respecto a cualquier titular beneficiario de Bonos Asegurados de National que recibe Certificados de National de conformidad con el Plan, cualquier reclamación en contra de National con respecto a las obligaciones de National en virtud de las Pólizas de Seguro de National (cuya reclamación será alegada de acuerdo con los términos de las Pólizas de Seguro de National), según se adapte para tomar en cuenta cualquier distribución del Fideicomiso de National (y cualquier reclamación que National pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de National respecto de las obligaciones de National hacia dicho titular beneficiario en virtud de las Pólizas de Seguro de National); o (3) con respecto a cualquier titular beneficiario de Bonos Asegurados de Assured, cualquier obligación de pago en virtud de la Póliza de Seguro de Assured de acuerdo con sus términos, exclusivamente en la medida en que cualquier falla por parte de Assured de pagar en su totalidad el Precio de Aceleración aplicable (o las reclamaciones que Assured pueda tener en contra de un titular beneficiario de Bonos Asegurados de Assured con respecto a las obligaciones de Assured en virtud de las Pólizas de Seguro de Assured).

(c) **Acreedores de PSA y Bonistas:** Cada uno de los Acreedores de PSA y Bonistas, exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan y un Acreedor, según corresponda, a partir de la Fecha de la Petición hasta la Fecha de Efectividad y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad hacia ninguna Entidad por una acción tomada u omitida con relación al Caso del Título III, la formación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento dispuesto o contemplado con relación a la consumación de la transacción establecido en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7(c) no afectarán la responsabilidad de ninguna Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Final que dicho acto u omisión ha constituido fraude intencional o mala conducta intencional.

(d) **Agentes:** Cada (i) Agente de COFINA y (ii) en caso de que el Comité de Acreedores y el Agente del Estado Libre Asociado (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución se presentaron de mala fe, el Agente del Estado Libre Asociado, exclusivamente en su función de agente de la Junta de Supervisión respecto del Estado Libre Asociado, para litigar y/o resolver la Controversia entre el Estado Libre Asociado y COFINA, respectivamente, no tendrá responsabilidad alguna, ni incurrirá en ella, respecto de cualquier Entidad por cualquier acto realizado u omitido en relación con el Caso del Título III, la Controversia entre el Estado Libre Asociado y COFINA, incluida, entre otras, la Orden de Controversia entre el Estado Libre Asociado y COFINA, el Procedimiento Disputado, la Resolución de Controversias entre el Estado Libre Asociado y COFINA, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

**30.11 Interdicto Complementario:** No obstante las disposiciones de este documento en contrario, excepto en la medida limitada dispuesta en el Plan, todas las Entidades, incluidas las Entidades que actúan en su nombre, que actualmente tienen o alegan, han tenido o alegado, o pueden tener o alegar cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas sobre la base de cualquier Reclamación en contra de COFINA, que surja o se relacione con ella, cuando quiera y dondequiera que surja o se alegue, ya sea en los EE. UU. o en cualquier otro lugar del mundo, ya sea por cuestión de daños y perjuicios, contrato, garantía, estatuto o cualquier otra teoría de ley, equidad o de otra índole, será y se considerará permanentemente paralizada, restringida y prohibida de tomar cualquier acción en contra de cualquiera de las Partes Relevadas con el fin de recopilar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación respecto de las Reclamaciones Relevadas que surjan antes de la Fecha de Efectividad (inclusive antes de la Fecha de la Petición), e incluidas, entre otras, las siguientes acciones:

(a) Iniciar o continuar de cualquier manera alguna acción u otro procedimiento de cualquier índole respecto de cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada;

(b) Hacer cumplir, embargar, cobrar o recuperar, por cualquier medio o manera, cualquier sentencia, laudo, decreto u orden en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(c) Crear, perfeccionar o hacer cumplir cualquier Gravamen de cualquier índole en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(d) Salvo que se disponga expresamente en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, afirmar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier índole en contra de cualquier obligación adeudada a cualquiera de las Partes Relevadas o contra la propiedad de cualquier Parte Relevada con respecto a dicha Reclamación Relevada; y

(e) Tomar cualquier acción, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan, la Orden de Confirmación o el Acuerdo de Transacción relacionado con dicha Reclamación Relevada; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 5 de diciembre de 2018, San Juan, Puerto Rico

Debidamente presentado, /f/ Martin J. Bienenstock, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), Jeffrey W. Levitan (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor -and-* /f/ Hermann D. Bauer, Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) N.° 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor*

[1] Los Deudores en estos casos del Título III junto con el caso individual de cada Deudor en virtud del mismo título y los últimos 4 (cuatro) dígitos del número de identificación tributaria federal, según corresponda, constituyen el (i) Estado Libre Asociado de Puerto Rico (Caso de quiebra n.º 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") ("COFINA") (Caso de quiebra n.º 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra n.º 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra n.º 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de quiebra n.º 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos redactados con la primera letra en mayúscula que no estén definidos en el presente gozarán de los significados que se establecen en el Plan.

[3] "Partes Gubernamentales Relevadas" conforme al Plan significa "[colectivamente], las Partes Gubernamentales y el Estado Libre Asociado, junto con sus respectivos miembros actuales o ex miembros de la junta, directores, principales, agentes, oficiales, empleados, consejeros y profesionales, incluso, a modo de ejemplo, todos los consejeros y profesionales contratados por las Partes Gubernamentales con relación al Caso del Título III". Plan § 1.103.

[4] "Reclamaciones Relevadas Gubernamentales" de conformidad con el Plan significa "[c]olectivamente], todas y cada una de las reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, en virtud del sistema del Common Law o de Equity, conocidas o desconocidas, ya sean alegadas o no, que cualquier Parte, o cua. colquiera que reclame a través de ella, en su nombre o para su beneficio tenga, pueda tener o alegue tener, ahora o en el futuro, en contra de cualquier Parte Gubernamental Relevada que surja de, con relación a o en conexión con COFINA, los Bonos de COFINA Senior, las Reclamaciones de Bonos de COFINA Senior, los Bonos de COFINA Junior, las Reclamaciones de Bonos de COFINA Junior y las Acciones, y que surja antes de la Fecha de Efectividad de COFINA; disponiéndose, sin embargo, que las "Reclamaciones Gubernamentales Relevadas" no incluirán ninguno de los derechos, privilegios, reclamaciones, demandas, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza (a) en contra (i) de COFINA (o su sucesor, incluso COFINA Reorganizada) que surja de o esté relacionado con las obligaciones de COFINA de conformidad con el Plan o los valores a ser emitidos de conformidad con el Plan o (ii) una Parte Gubernamental no relacionada con COFINA o (b) que surja de o esté relacionado con algún acto u omisión que constituya fraude intencional o mala conducta intencional". Plan § 1.102.

[5] "Entidad" conforme al Plan significa"[una] persona, corporación, sociedad general, sociedad limitada, compañía de responsabilidad limitada, sociedad de responsabilidad limitada, asociación, sociedad anónima, empresa conjunta, patrimonio, fideicomiso, organización no incorporada, unidad gubernamental o cualquier subdivisión de este, inclusive, sin límite, la oficina del Fideicomisario de los Estados Unidos o cualquier otra entidad". Plan § 1.90.

[6] "Partes Relacionadas" conforme al Plan significa "[de manera colectiva, únicamente en la medida que disponga el Plan, (a) las Partes Gubernamentales, (b) el Estado Libre Asociado, (c) el Agente COFINA, (d) los Acreedores de PSA, (e) una vez cumplidas las condiciones establecidas en el párrafo decretal 3 de la Estipulación de Suspensión, el Comité de Acreedores, sus miembros y el Agente del Estado Libre Asociado, y (f) con respecto a las cláusulas desde (a) hasta (e) que anteceden, cada una de las respectivas Personas Relacionadas". Plan § 1.150.

**Exhibit D**

Miami Herald
el Nuevo Herald

State of: Florida
County of: Monroe, Dade and Broward

December 17, 2018

I *Matthew Weisberg* Being Duly Sworn on oath say he is and during all times herein stated has been the publisher's designated agent of the publication known as ***EL Nuevo Herald*** has full knowledge of the facts herein stated as follows:

The run of paper advertisement (ROP) in the Main section A of EL Nuevo Herald for Commonwealth of Puerto Rico. *Legal Notice* was distributed to Publishers full circulations (EL **Nuevo Herald** ) On the 17th day of December 2018.

By: [signature]

Subscribed and sworn to before me this 17th day of December 2018

Notary public: [signature]

Notary seal: SHARI A. HUNT
Notary Public - State of Florida
Commission # FF 956504
My Comm. Expires Feb 26, 2020
Bonded through National Notary Assn.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br>Deudores.[1] | PROMESA<br>Título III<br>n.º 17 BK 3283-LTS<br>(Administrado de manera conjunta) |
| In re:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br>como representante de<br>CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO,<br>Deudor. | PROMESA<br>Título III<br>n.º 17 BK 3284-LTS |

**NOTIFICACIÓN DE (I) APROBACIÓN DE LA DECLARACIÓN DE DIVULGACIÓN, (II) ELECCIÓN DE FECHAS DE REGISTRO, (III) AUDIENCIA DE CONFIRMACIÓN DEL PLAN DE AJUSTE Y PROCEDIMIENTOS PARA LA OBJECIÓN A LA CONFIRMACIÓN DEL PLAN DE AJUSTE, (IV) PROCEDIMIENTOS Y FECHA LÍMITE DE VOTACIÓN DEL PLAN DE AJUSTE Y PARA REALIZAR CIERTAS ELECCIONES EN VIRTUD DE ESTE.**

**TENGA EN CUENTA LO SIGUIENTE:**

1. ***Aprobación de la Declaración de Divulgación.*** De conformidad con la orden con fecha 29 de noviembre de 2018 (la "Orden de Declaración de Divulgación"), el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal") aprobó la *Declaración de Divulgación para el Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, la "Declaración de Divulgación"), presentada por la Junta de Supervisión y Administración Financiera en nombre del Deudor y autorizó al Deudor para solicitar votos respecto de la aprobación o el rechazo del *Segundo Plan Enmendado de Ajuste de Deudas de la Corporación del Fondo de Interés Apremiante de Puerto Rico bajo Título III*, con fecha lunes, 26 de noviembre de 2018 (con sus modificaciones o enmiendas, incluso todos sus anexos y adjuntos, el "Plan"),[2] adjunto como **Anexo A** de la Declaración de Divulgación. Conforme a la Orden de Declaración de Divulgación, el Deudor enviará a los titulares de las Reclamaciones Clase 1 (Reclamaciones de Bonos COFINA Senior), Clase 2 (Reclamaciones de Bonos COFINA Senior (Ambac)), Clase 3 (Reclamaciones de Bonos COFINA Senior (National)), Clase 5 (Reclamaciones de Bonos COFINA Junior), Clase 8 (Reclamación Derivativa GS) y Clase 9 (Reclamaciones Generales No Garantizadas) (de forma colectiva, las "Clases de Votación") los materiales necesarios para la votación del Plan o para llevar a cabo las elecciones de las distribuciones según el presente (el "Paquete de Solicitud"); siempre que solamente se envíen Notificaciones de Elecciones a los titulares de las Reclamaciones Clases 1, 2, 3 y 5.

2. ***Audiencia de Confirmación.*** Se celebrará una audiencia para considerar la confirmación del Plan (la "Audiencia de Confirmación") ante la Honorable Laura Taylor Swain, en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918, en la sala del tribunal que se determinará luego, el 16 de enero de 2019 a las 9:30 a.m. (Hora estándar del Atlántico) y, de ser necesario, continuará el 17 de enero de 2019 a las 9:30 a. m. (Hora estándar del Atlántico). El Tribunal o la Junta de Supervisión podrán continuar la Audiencia de Confirmación de forma ocasional, sin necesidad de notificación o de suspensiones anunciadas en audiencia pública o tal como se indica en cualquier notificación del orden del día de asuntos fijados para la audiencia presentada ante el Tribunal. El Plan podrá ser enmendado, de ser necesario, con anterioridad, durante o con posterioridad a la Audiencia de Confirmación de conformidad con las disposiciones de enmienda del Plan y la Regla Local 3016-2, sin necesidad de notificar a las partes interesadas.

3. ***Fecha de Registro de Votación.*** La fecha de registro de votación es **el 20 de noviembre de 2018** (la "Fecha de Registro de Votación"). En esa fecha se determinará qué titulares de las Reclamaciones de las Clases de Votación tienen derecho a voto respecto del Plan. Por consiguiente, solamente aquellos acreedores pertenecientes a una Clase con derecho a voto sobre el Plan y con Reclamaciones contra el Deudor gozan del derecho a voto sobre el Plan a partir de la Fecha de Registro de Votación.

4. ***Fecha Límite de Votación.*** La fecha límite para la votación sobre el Plan es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Votación"). Si usted recibió un Paquete de Solicitud que incluye la Boleta y la intención de votar sobre el Plan, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida sobre la Boleta; y (c) completar y devolver su Boleta según se detalla en las instrucciones de votación incluidas en el Paquete de Solicitud de manera que su Boleta ***sea recibida*** por el agente de solicitud del Deudor, Prime Clerk LLC (el " Agente de Votación") en la Fecha Límite de Votación o con anterioridad. ***Su voto podrá ser descalificado por falta de cumplimiento de tales instrucciones.***

5. ***Fecha Límite de Elección***. La fecha límite para que los titulares de Reclamaciones admisibles con derecho a llevar a cabo una elección sobre la forma de las distribuciones conforme al Plan celebren dicha elección es el **8 de enero de 2019 a las 6:00 p. m. (Hora estándar del Atlántico)**, salvo que se extienda el horario (la "Fecha Límite de Elección"). Si usted recibe una Notificación de Elecciones, ***deberá***: (a) seguir las instrucciones cuidadosamente; (b) completar ***toda*** la información requerida en el Formulario de Elección; y (c) entregar ***toda*** la información requerida según se detalla en las instrucciones de elección de manera que sea recibida por su Persona Designada con el tiempo suficiente para que tal Persona Designada ***pueda hacer efectiva*** su elección a través del Programa de Oferta de Licitación Automática de The Depository Trust Company, en la Fecha Límite de Elección o con anterioridad. ***Si no se cumplen las instrucciones, su elección podrá ser considerada como una elección que (a) en el caso de los titulares de las Reclamaciones Clase 2, reciba distribuciones de conformidad con las disposiciones de la sección 6.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo y la descarga completos y totales por el titular de otras obligaciones de Ambac respecto de la Póliza de Seguro de Ambac y el acuerdo del titular para conmutar la Póliza de Seguro de Ambac), o (b) en el caso de los titulares de Reclamaciones Clase 3, reciba distribuciones conforme a las disposiciones de la sección 7.1(a) del Plan (que incluye, entre otros, la satisfacción, el relevo, y la descarga completos y totales por el titular de otras obligaciones de National respecto de la Póliza de Seguro National y el acuerdo del titular para conmutar la Póliza de Seguro de National).***

6. ***Partes interesadas sin derecho a voto.*** Se considera que los Acreedores Clase 10 (Sección 510(b) Reclamaciones Subordinadas) rechazarán el Plan y no tienen derecho a voto. Si una Reclamación está incluida en la Lista de acreedores del Deudor [Caso n.º 17-3283, ECF n.º 1216] con carácter de contingente, no liquidada, o disputada, y la evidencia de reclamación no se hubiere (i) presentado para la Fecha Límite correspondiente establecida por el Tribunal; o (ii) considerado presentada a tiempo por una orden del Tribunal antes de la Fecha Límite de Votación, tal Reclamación no tendrá derecho a voto para aceptar o rechazar el Plan. Las Evidencias de Reclamaciones presentadas por $0,00 o las Reclamaciones que han sido eliminadas por orden del Tribunal no tienen derecho a voto.

7. Si usted pertenece a la Clase 10 o tiene una evidencia de reclamación presentada a tiempo, y no está de acuerdo con la clasificación, objeción o solicitud de estimación de su Reclamación por parte del Deudor, y cree que debería tener derecho a voto sobre el Plan, deberá enviar al Deudor y a las Partes enumeradas en el párrafo 8(e) y presentar ante el tribunal (con copia al Despacho de la Juez) una moción (la "Moción de la Regla 3018(a)") para la orden conforme a la Regla 3018 de las Reglas Federales del Procedimiento de Quiebra (las "Reglas de Quiebra") que permita de forma temporal que su Reclamación tenga una Clase diferente a los fines de votar la aceptación o el rechazo del Plan. Todas las Mociones de la Regla 3018(a) deberán presentarse en o antes del décimo día después del (i) servicio de Notificación de la Audiencia de Confirmación o del (ii) servicio de notificación de una objeción o solicitud para la estimación, si corresponde, de tal Reclamación, el que resultara último de los dos. De conformidad con la Regla de Quiebra 3018(a), respecto de todo acreedor que presenta una Moción en virtud de la Regla 3018(a), la Boleta de tal acreedor no será considerada, salvo que el Tribunal así lo ordene antes del 8 de enero de 2019. Los acreedores podrán contactarse con el Agente de Votación (i) por correo certificado o correo privado, a Procesamiento de Votación de la Corporación del Fondo de Interés Apremiante de Puerto Rico, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, Nueva York, NY 10022, (ii) por teléfono al (844) 822-9231 (línea gratuita para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m. (Hora estándar del Atlántico) (disponible en español), o (iii) por correo electrónico a puertoricoballots@primeclerk.com, para recibir una Boleta adecuada para cualquier Reclamación donde la evidencia de reclamación se haya presentado a tiempo y la Moción de la Regla 3018(a) se haya otorgado. Las Mociones de la Regla 3018(a) que no se hayan presentado a tiempo y en la forma establecida en el presente no serán consideradas.

8. ***Objeciones y Respuestas a la Confirmación.*** Las objeciones y las respuestas a la confirmación del Plan deberán:

a. Estar redactadas por escrito;

b. Incluir el nombre, el domicilio y la naturaleza de la Reclamación de la parte que objeta o responde;

c. Incluir la particularidad del fundamento y la naturaleza de la objeción o respuesta y, cuando corresponda, la redacción propuesta para el Plan con el fin de resolver cualquier objeción o respuesta;

d. Ser presentadas junto con el aviso de notificación ante el Tribunal de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019;** y

e. Ser enviadas de conformidad con la Orden de Declaración de Divulgación, de manera tal que ***sean recibidas*** a las **5:00 p. m. o con anterioridad (Hora estándar del Atlántico) el 2 de enero de 2019** ante la (a) Oficina del Fideicomisario de los Estados Unidos para el Distrito de Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (referencia: In re: El Estado Libre Asociado de Puerto Rico); (b) los abogados de la Junta de Supervisión como representante del Deudor, Proskauer Rose LLP, 11 Times Square, Nueva York, Nueva York 10036, A la atención de: Abogados Martin J. Bienenstock y Brian S. Rosen; (c) los abogados conjuntos para la Junta de Supervisión como representante de Deudor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, A la atención de: Abogado Hermann D. Bauer; (d) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, Nueva York, NY 10036, A la atención de: Abogados John J. Rapisardi, Suzzanne Uhland y Diana M. Perez; (e) los abogados de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) aquellos acreedores que tengan las 20 reclamaciones no aseguradas más importantes contra el Deudor (sobre una base consolidada); (g) los abogados del Comité Oficial de los Acreedores No Asegurados en el caso del Título III, Paul Hastings LLP, 200 Park Ave., Nueva York, NY 10166, A la atención de: Abogados Luc A. Despins, Andrew V. Tenzer, Michael E. Comerford y G. Alexander Bongartz; (h) los abogados del Comité Oficial de Acreedores No Asegurados en el Caso del Título III, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, A la atención de: Abogados Juan J. Casillas Ayala y Alberto J.E. Abogado Añeses Negrón; (i) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Jenner & Block LLP, 919 Third Ave., Nueva York, NY 10022, A la atención de: Abogados Robert Gordon, Richard Levin y Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, A la atención de: Abogados Catherine Steege y Melissa Root; (j) los abogados del Comité Oficial de Empleados Retirados en el Caso del Título III, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, A la atención de: A.J. Abogado Bennazar- Zequeira; y (k) todas las partes que han solicitado una notificación de conformidad con la Regla de Quiebra 2002.

9. ***Partes que no serán tratadas como Acreedores***. Cualquier titular de una Reclamación que (i) esté programada en la Lista de Acreedores a razón de $0,00 y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o cualquier orden de un Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, o (ii) que no esté programada y no esté sujeta a una evidencia de reclamación presentada a tiempo o a una evidencia de reclamación considerada como presentada a tiempo ante el Tribunal conforme al Código de Quiebra o a cualquier orden del Tribunal, o sea de otro modo considerada presentada a tiempo conforme a las leyes aplicables, no será tratado como acreedor respecto de tal Reclamación a los fines de (a) recibir notificaciones relativas al Plan, y (b) votar sobre el Plan.

10. ***Información adicional***. Toda parte interesada que desee obtener información sobre los procedimientos de solicitud o las copias de la Declaración de Divulgación o del Plan incluso las traducciones al español de tales documentos, deben contactarse con el Agente de Votación, Prime Clerk LLC, al siguiente teléfono: (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (llamadas internacionales), disponible de 10:00 a. m. a 7:00 p. m (Tiempo estándar del Atlántico) (disponible en español), o por correo electrónico a puertoricoballots@primeclerk.com, o podrá acceder a tales documentos desde el siguiente sitio: https://cases.primeclerk.com/puertorico/ o el sitio del Tribunal: https://www.prd.uscourts.gov/. Recuerde que se necesita un usuario y una contraseña para acceder en forma pública a los Registros electrónicos del Tribunal ("PACER") (http://www.pacer.psc.uscourts.gov) desde el sitio del Tribunal.

11. ***Reglas de Quiebra 2002(c)(3) y 3016(c)).*** **De conformidad con las Reglas de Quiebra 2002(c)(3) y 3016(c), a continuación se establecen las disposiciones sobre relevo, exculpación e interdicto contempladas en el Plan:**

**30.2 Descarga y Relevo de Reclamaciones y Causas de Acción:**

(c) No obstante las disposiciones anteriores de la Sección 30.2 del Plan, de acuerdo con las disposiciones del Acuerdo de Apoyo al Plan, cada uno de los Acreedores de PSA y sus respectivas Personas Relacionadas, solamente en su calidad de Deudores de COFINA, (i) serán considerados como que hubiesen relevado y convenido no demandar o de otro modo perseguir o buscar recuperar daños y perjuicios o solicitar cualquier otro tipo de remedio en contra de cualquiera de las Partes Gubernamentales Relevadas[3] con base en, a partir de o en relación con las Reclamaciones Gubernamentales Relevadas[4] o cualquiera de las reclamaciones o causas de acción alegadas o que pudieren haberse alegado en los Pleitos, y (i) no deberán ayudar directa o indirectamente a ninguna persona a tomar acción alguna con respecto a las Reclamaciones Gubernamentales Relevadas que están prohibidas por esta Sección 30.2 (c).

(d) En la Fecha de Efectividad, y en virtud de la Resolución de la Controversia entre el Estado Libre Asociado y COFINA y el compromiso y la resolución de Reclamaciones de Bonos de conformidad con los términos y las disposiciones del Plan (incluso, a modo de ejemplo, las distribuciones que se realizarán a cuenta de los Valores Existentes "Senior" y "Primeros Subordinados"), la resolución de la Acción de Intervención Judicial y los términos y las disposiciones de la Sección 19.5 del presente documento con respecto a los Pleitos de Ambac y de Whitebox, en la medida en que lo permita la ley aplicable, BNYM y cada titular y titular beneficiario de los Valores Existentes y sus acreedores, sucesores o derechohabientes quedarán eximidos de responsabilidad por todas las Reclamaciones y Causas de Acción que surjan de o estén relacionadas con el pago de BNYM a los titulares beneficiarios de Valores Existentes de pagos programados de capital e intereses; siempre que el relevo que antecede de BNYM no se extienda, ni se interprete como una extensión, a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM, incluido, entre otros, cualquier acto que se hubiere afirmado o que hubiera podido afirmarse, en las Acciones de Ambac y de Whitebox.

(e) En la Fecha de Efectividad (i) el Agente de COFINA y sus representantes, abogados, afiliadas, asesores, consultores y abogados (sic), únicamente en estas funciones, y (ii) en caso de que el Agente del Estado Libre Asociado y el Comité de Acreedores (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución fueron presentados de mala fe, se eximirá de responsabilidad al Agente del Estado Libre Asociado y al Comité de Acreedores, a sus miembros y cada uno de sus respectivos funcionarios, directores, representantes, abogados, empleados, afiliadas, consultores y asesores actuales o anteriores, únicamente en sus funciones (colectivamente, las "Partes Relevadas del Agente del Estado Libre Asociado"), respecto de todas las Reclamaciones y Causas de Acción (como si dichas Causas de Acción estuvieran en contra de las Partes Relevadas del Agente del Estado Libre Asociado) relacionadas con el Procedimiento Contencioso, el Acuerdo de Principio, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

(f) En la Fecha de Efectividad, y en consideración de la Resolución de Controversias entre el Estado Libre Asociado y COFINA y la resolución de la Acción de Intervención Judicial, siempre que la ley aplicable lo permita, el Estado Libre Asociado será eximido de toda responsabilidad respecto de todas las Reclamaciones y Causas de Acción de cualquier Acreedor, únicamente en dicha función, que surjan o estén relacionadas con el Estado Libre Asociado y COFINA, incluidas, entre otras, las Reclamaciones o Causas de acción que surjan o estén relacionadas con el inicio de un Procedimiento Contencioso o pendiente de resolución y el compromiso y la resolución de la Solicitud del demandado para que los demandantes diriman el derecho entre sí y la asignación de fondos de acuerdo con la Sección 2.1. del Plan.

**30.3 Interdicto sobre las Reclamaciones:** Salvo que se disponga expresamente de otro modo en la Sección 30.11 del Plan, la Orden de Confirmación o cualquier otra Orden Final del Tribunal del Título III que fuesen de aplicación, todas las Entidades[5] que hayan tenido, tengan o pudieren tener Reclamaciones o cualquier otra deuda o responsabilidad que se descarguen o releven de conformidad con la Sección 30.2 de este documento tienen permanentemente prohibido, desde y a partir de la Fecha de Efectividad, (a) comenzar o continuar, directa o indirectamente, de cualquier manera, cualquier acción u otro procedimiento (incluso, a título enunciativo, cualquier procedimiento judicial, arbitral, administrativo u otro) de cualquier índole en cualquier Reclamación tal u otra deuda o responsabilidad que se descargue de conformidad con el Plan en contra de cualquiera de las Partes Relevadas[6] o cualquiera de sus respectivos activos o propiedades, (b) hacer cumplir, embargar, cobrar o recuperar, por cualquier forma o medio, cualquier fallo, adjudicación, decreto u orden contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, (c) crear, perfeccionar o hacer cumplir cualquier derecho de garantía de cualquier naturaleza contra cualquiera de las Partes Relevadas o cualquiera de sus respectivos activos o propiedades a cuenta de cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan, y (d) salvo en la medida en que las Secciones 553, 555, 556, 559 o 560 del Código de Quiebras dispongan, permitan o preservan, o a tenor con el derecho de recuperación en virtud del sistema del Common Law, hacer valer cualquier derecho de compensación, subrogación o recuperación de cualquier índole contra cualquier obligación debida de cualquiera de las Partes Relevadas o de sus respectivos activos o propiedades, con respecto a cualquier Reclamación u otra deuda o responsabilidad que se descargue de conformidad con el Plan. Dicho interdicto se extenderá a todos los sucesores y derechohabientes de las Partes Relevadas y sus respectivos activos y propiedades.

**30.5 Relevos por COFINA y COFINA Reorganizada:** Salvo que se estipule de otra manera en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, en la Fecha de Efectividad, y por una contraprestación pecuniaria, tanto COFINA como COFINA Reorganizada, el Agente de Desembolso y cada una de las Personas Relacionadas de COFINA y COFINA Reorganizada serán considerados como si, y por el presente, lo hacen de manera irrevocable e incondicional, total y finalmente, hubieran renunciado, relevado, condonado y descargado a las Partes Relevadas de toda Reclamación o Causa de Acción que COFINA, COFINA Reorganizada y su Agente de Desembolso, o cualquier de ellos, o cualquiera que reclame a través de ellos, en su nombre o para su propio beneficio, tengan o pudieren tener o reclamaren tener, ahora o en el futuro, contra las Partes Relevadas y que fueren Reclamaciones Relevadas o de otro modo basadas, relacionadas, derivadas de o relacionadas con, en parte o en su totalidad, un acto, una omisión, una transacción, un evento u otra circunstancia relacionada con COFINA que ocurriere o existiere en o antes de la Fecha de Efectividad, y/o cualquier Reclamación, acto, hecho, transacción, ocurrencia, declaración u omisión en relación con o alegado o que pudiere haberse alegado en las Acciones, las Acciones Relacionadas incluso a modo de ejemplo, tal Reclamación, demanda, derecho, responsabilidad o causa de acción para indemnización, aporte u otro fundamento, según el sistema del Common Law o de Equity, daños y perjuicios, costos u honorarios; disponiéndose, sin embargo, que el relevo que antecede no se extenderá o no se interpretará que se extiende a actos de negligencia severa, fraude intencional o mala conducta intencional de BNYM incluso, a modo de ejemplo, cualquier acto que se hubiere afirmado o que hubiere podido afirmarse, en las Acciones de Ambac y de Whitebox.

**30.6 Interdicto relacionado con los Relevos:** A partir de la Fecha de Efectividad, se les prohíbe de manera permanente, completa y perpetua a todas las Entidades que tengan, hayan tenido o puedan tener una Reclamación Relevada que se releve de acuerdo con la Sección 30.5 del Plan, tomar cualquiera de las siguientes medidas, ya sea directa o indirectamente, de manera derivada o de otro modo, en representación del objeto de dichas Reclamaciones Relevadas liberadas o sobre la base de este: (i) comenzar, realizar o continuar de cualquier manera, directa o indirectamente, toda demanda, acción u otro procedimiento (inclusive, entre otros, cualquier procedimiento judicial, arbitral, administrativo o de otro tipo) en cualquier foro; (ii) hacer cumplir, embargar (incluso, a modo de ejemplo, cualquier embargo previa a la sentencia), cobrar o de otro modo intentar recuperar cualquier sentencia, laudo, decreto u otra orden; (iii) crear, perfeccionar, o de algún modo hacer cumplir en cualquier asunto, directa o indirectamente, cualquier Gravamen; (iv) compensar, solicitar reembolso o contribuciones, o subrogación en contra, o de otro modo recuperar, directa o indirectamente, cualquier monto contra cualquier responsabilidad u obligación adeudada a cualquier Entidad relevada en virtud de la Sección 30.5 del Plan; y (v) iniciar o continuar de algún modo, en cualquier lugar de cualquier procedimiento judicial, arbitral o administrativo en cualquier foro, que no cumpla o sea inconsistente con las disposiciones del Plan o la Orden de Confirmación.

**30.7 Exculpación:**

(a) **Partes Gubernamentales:** La Junta de Supervisión, el Estado Libre Asociado, AAFAF, COFINA y cada una de sus Personas Relacionadas, actuando exclusivamente en su capacidad como tales en cualquier momento, incluida la Fecha de Efectividad, no tendrán ni incurrirán en responsabilidad alguna hacia cualquier Entidad por acciones que hubiesen realizado u omitido con relación al Caso del Título III, la formulación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento provisto o contemplado con relación a la consumación de las transacciones establecidas en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7 no afectarán la responsabilidad de cualquier Entidad que de otro modo hubiere resultado de cualquier acto u omisión tal, en la medida en que se determine en una Orden Final que dicho acto u omisión constituyó fraude intencional o mala conducta intencional. Ninguna de las disposiciones anteriores de esta Sección 30.7(a) perjudicará el derecho de cualquiera de las Partes Gubernamentales, y de los oficiales y directores de las Partes Gubernamentales que presten servicios en cualquier momento, incluida la Fecha de Efectividad, y de cada uno de sus respectivos profesionales, a afirmar su confianza en los consejos de su abogado como defensa respecto de sus deberes y responsabilidades en virtud del Plan.

(b) **Aseguradoras Monolínea:** Ambac, Assured y National, y sus respectivas Personas Relacionadas, no tendrán ni incurrirán en responsabilidad alguna hacia ninguna Entidad por un acto realizado u omitido que sea consistente con el Plan en relación con la formulación, preparación, diseminación, implementación, aceptación, confirmación o aprobación del Plan, incluso, sin límite, la estructura de los Fideicomisos, la conmutación, el trato de las Reclamaciones de Bonos de COFINA Senior (Ambac), el trato de las Reclamaciones de Bonos de COFINA Junior (Assured), la Elección de National, los procedimientos de votación, los procedimientos de elección y cualquier relevo de obligaciones en virtud de las Pólizas de Seguro aplicables; disponiéndose, sin embargo, que, no obstante cualquier disposición en contrario en este documento, los términos y las disposiciones del Plan no relevarán ni excluparán, ni se entenderá que relevan o exculpan: (1) con respecto a cualquier titular beneficiario de los Bonos Asegurados de Ambac que recibe Certificados de Ambac de acuerdo con el Plan, cualquier reclamación en contra de Ambac respecto de las obligaciones de pago de Ambac en virtud de la Póliza de Seguro de Ambac (cuya reclamación será alegada exclusivamente por el fideicomisario del Fideicomiso de Ambac), según se adapte para tomar en cuenta las distribuciones del Fideicomiso de Ambac (y cualquier reclamación o defensa que Ambac pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de Ambac respecto de las obligaciones de Ambac en virtud de la Póliza de Seguro de Ambac); (2) con respecto a cualquier titular beneficiario de Bonos Asegurados de National que recibe Certificados de National de conformidad con el Plan, cualquier reclamación en contra de National con respecto a las obligaciones de National en virtud de las Pólizas de Seguro de National (cuya reclamación será alegada de acuerdo con los términos de las Pólizas de Seguro de National), según se adapte para tomar en cuenta cualquier distribución del Fideicomiso de National (y cualquier reclamación que National pueda tener en contra de un titular beneficiario de dichos Bonos Asegurados de National respecto de las obligaciones de National hacia dicho titular beneficiario en virtud de las Pólizas de Seguro de National); o (3) con respecto a cualquier titular beneficiario de Bonos Asegurados de Assured, cualquier obligación de pago en virtud de la Póliza de Seguro de Assured de acuerdo con sus términos, exclusivamente en la medida en que cualquier falla por parte de Assured de pagar en su totalidad el Precio de Aceleración aplicable (o las reclamaciones que Assured pueda tener en contra de un titular beneficiario de Bonos Asegurados de Assured con respecto a las obligaciones de Assured en virtud de las Pólizas de Seguro de Assured).

(c) **Acreedores de PSA y Bonistas:** Cada uno de los Acreedores de PSA y Bonistas, exclusivamente en su calidad de parte del Acuerdo de Apoyo al Plan y un Acreedor, según corresponda, a partir de la Fecha de la Petición hasta la Fecha de Efectividad y cada una de sus respectivas Personas Relacionadas no tendrán ni incurrirán en responsabilidad hacia ninguna Entidad por una acción tomada u omitida con relación al Caso del Título III, la formulación, preparación, diseminación, implementación, confirmación o aprobación del Plan o cualquier compromiso o transacción en este documento, la Declaración de Divulgación, el Acuerdo de Transacción, o cualquier contrato, instrumento, relevo u otro acuerdo o documento provisto o contemplado con relación a la consumación de la transacción establecido en el Plan y el Acuerdo de Transacción; disponiéndose, sin embargo, que las disposiciones que anteceden a esta Sección 30.7(c) no afectarán la responsabilidad de ninguna Entidad que de otro modo hubiere resultado de dicho acto u omisión en la medida en que se determine en una Orden Final que dicho acto u omisión ha constituido fraude intencional o mala conducta intencional.

(d) **Agentes:** Cada (i) Agente de COFINA y (ii) en caso de que el Comité de Acreedores y el Agente del Estado Libre Asociado (1) no se opongan a la aprobación de la Moción de Resolución, la aprobación de la Declaración de Divulgación y la confirmación del Plan y no presenten la Moción de Ejecución o (2) sujeto a las disposiciones del párrafo 4 de la Estipulación de Suspensión, presenten la Moción de Ejecución o una objeción a la aprobación de los méritos de la Moción de Resolución, aprobación de la Declaración de Divulgación y confirmación del Plan según el Tribunal del Título III, y a menos que este tribunal determine que dicha objeción y la Moción de Ejecución se presentaron de mala fe, el Agente del Estado Libre Asociado, exclusivamente en su función de representante del Estado Libre Asociado, para litigar y/o resolver la Controversia entre el Estado Libre Asociado y COFINA, respectivamente, no tendrá responsabilidad alguna, ni incurrirá en ella, respecto de cualquier Entidad por cualquier acto realizado u omitido en relación con el Caso del Título III, la Controversia entre el Estado Libre Asociado y COFINA, incluida, entre otras, la Orden de Controversia entre el Estado Libre Asociado y COFINA, el Procedimiento Disputado, la Resolución de Controversias entre el Estado Libre Asociado y COFINA, el Acuerdo de Resolución, la Moción de Resolución y la Orden de Resolución.

**30.11 Interdicto Complementario:** No obstante las disposiciones de este documento en contrario, excepto en la medida limitada dispuesta en el Plan, todas las Entidades, incluidas las Entidades que actúan en su nombre, que actualmente tienen o alegan, han tenido o alegado, o pueden tener o alegar cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas sobre la base de cualquier Reclamación en contra de COFINA, que surja o se relacione con ella, cuando quiera y dondequiera que surja o se alegue, ya sea en los EE. UU. o en cualquier otro lugar del mundo, ya sea por cuestión de daños y perjuicios, contrato, garantía, estatuto o cualquier otra teoría de ley, equidad o de otra índole, será y se considerará permanentemente paralizada, restringida y prohibida de tomar cualquier acción en contra de cualquiera de las Partes Relevadas con el fin de recopilar, recuperar o recibir, directa o indirectamente, cualquier pago o recuperación respecto de las Reclamaciones Relevadas que surjan antes de la Fecha de Efectividad (inclusive antes de la Fecha de la Petición), e incluidas, entre otras, las siguientes acciones:

(a) Iniciar o continuar de cualquier manera alguna acción u otro procedimiento de cualquier índole respecto de cualquier Reclamación Relevada en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada;

(b) Hacer cumplir, embargar, cobrar o recuperar, por cualquier medio o manera, cualquier sentencia, laudo, decreto u orden en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(c) Crear, perfeccionar o hacer cumplir cualquier Gravamen de cualquier índole en contra de cualquiera de las Partes Relevadas o los activos o propiedad de cualquier Parte Relevada con respecto a cualquier Reclamación Relevada;

(d) Salvo que se disponga expresamente en el Plan, la Orden de Confirmación o el Acuerdo de Transacción, afirmar, implementar o efectuar cualquier compensación, derecho de subrogación, indemnización, contribución o recuperación de cualquier índole en contra de cualquier obligación adeudada a cualquiera de las Partes Relevadas o contra la propiedad de cualquier Parte Relevada con respecto a dicha Reclamación Relevada; y

(e) Tomar cualquier acción, de cualquier manera, en cualquier lugar, que no se ajuste o cumpla con las disposiciones del Plan, la Orden de Confirmación o el Acuerdo de Transacción relacionado con dicha Reclamación Relevada; disponiéndose, sin embargo, que el cumplimiento de los Deudores con los requisitos formales de la Regla de Quiebras 3016 no constituirá una admisión de que el Plan contempla cualquier interdicto en contra de una conducta que no esté de otro modo prohibida por el Código de Quiebras.

Fecha: 5 de diciembre de 2018, San Juan, Puerto Rico

Debidamente presentado, /f/ *Martin J. Bienenstock* , Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), Jeffrey W. Levitan (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, Nueva York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Abogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor -and-* /f/ *Hermann D. Bauer* , Hermann D. Bauer, USDC (Tribunal de Distrito de los Estados Unidos) N.º 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Coabogados de la Junta de Supervisión y Administración Financiera como Representante del Deudor*

[1] Los Deudores en estos casos del Título III junto con el caso individual de cada Deudor en virtud del mismo título y los últimos 4 (cuatro) dígitos del número de identificación tributaria federal, según corresponda, constituyen el (i) Estado Libre Asociado de Puerto Rico (Caso de quiebra n.º 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") ("COFINA") (Caso de quiebra n.º 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 8474); (iii) Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra n.º 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra n.º 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") (Caso de quiebra n.º 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación tributaria federal: 3747) (Los números de los casos en virtud del Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

[2] Los términos redactados con la primera letra en mayúscula que no estén definidos en el presente gozarán de los significados que se establecen en el Plan.

[3] "Partes Gubernamentales Relevadas" conforme al Plan significa "[colectivamente], las Partes Gubernamentales y el Estado Libre Asociado, junto con sus respectivos miembros actuales o ex miembros de la junta, directores, principales, agentes, oficiales, empleados, consejeros y profesionales, incluso, a modo de ejemplo, todos los consejeros y profesionales contratados por las Partes Gubernamentales con relación al Caso del Título III". Plan § 1.103.

[4] "Reclamaciones Relevadas Gubernamentales" de conformidad con el Plan significa "[c]olectivamente], todas y cada una de las reclamaciones, demandas, derechos, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza, en virtud del sistema del Common Law o de Equity, conocidas o desconocidas, ya sean alegadas o no, que cualquier Parte, o cua.colquiera que reclame a través de ella, en su nombre o para su beneficio tenga, pueda tener o alegue tener, ahora o en el futuro, en contra de cualquier Parte Gubernamental Relevada que surja de, con relación a o en conexión con COFINA, los Bonos de COFINA Senior, las Reclamaciones de Bonos de COFINA Senior, los Bonos de COFINA Junior, las Reclamaciones de Bonos de COFINA Junior y las Acciones, y que surja antes de la Fecha de Efectividad de COFINA; disponiéndose, sin embargo, que las "Reclamaciones Gubernamentales Relevadas" no incluirán ninguno de los derechos, privilegios, reclamaciones, demandas, responsabilidades o causas de acción de cualquier índole, carácter o naturaleza (a) en contra (i) de COFINA (o su sucesor, incluso COFINA Reorganizada) que surja de o esté relacionado con las obligaciones de COFINA de conformidad con el Plan o los valores a ser emitidos de conformidad con el Plan o (ii) una Parte Gubernamental no relacionada con COFINA o (b) que surja de o esté relacionado con algún acto u omisión que constituya fraude intencional o mala conducta intencional". Plan § 1.102.

[5] "Entidad" conforme al Plan significa"[una] persona, corporación, sociedad general, sociedad limitada, compañía de responsabilidad limitada, sociedad de responsabilidad limitada, asociación, sociedad anónima, empresa conjunta, patrimonio, fideicomiso, organización no incorporada, unidad gubernamental o cualquier subdivisión de este, inclusive, sin límite, la oficina del Fideicomisario de los Estados Unidos o cualquier otra entidad". Plan § 1.90.

[6] "Partes Relacionadas" conforme al Plan significa "[de manera colectiva, únicamente en la medida que disponga el Plan, (a) las Partes Gubernamentales, (b) el Estado Libre Asociado, (c) el Agente COFINA, (d) los Acreedores de PSA, (e) una vez cumplidas las condiciones establecidas en el párrafo decretal 3 de la Estipulación de Suspensión, el Comité de Acreedores, sus miembros y el Agente del Estado Libre Asociado, y (f) con respecto a las cláusulas desde (a) hasta (e) que anteceden, cada una de las respectivas Personas Relacionadas". Plan § 1.150.

**Exhibit E**



Latin Media House

Rexco Industrial Park Santa
Marina 1 Suites 2B-2C
Guaynabo, PR 00968

# AFFIDAVIT OF PUBLICATION

In the city of San Juan, Puerto Rico, on January 2nd, 2019, Zinnia Reyes representing Latin Media House, LLC., hereby certify that in our newspaper of Caribbean Business for the editions dated December 20, 2018, was published:

From the United States District Court for the District of Puerto Rico In re:

"THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

as representative of,

THE COMMONWEALTH OF PUERTO RICO, et al.

Debtors"

Signed: ______________________________

Zinnia Reyes – Comptroller

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>Debtor. | PROMESA<br>Title III<br>No. 17 BK 3284-LTS |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN OF ADJUSTMENT AND PROCEDURES FOR OBJECTION TO CONFIRMATION OF THE PLAN OF ADJUSTMENT, (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN OF ADJUSTMENT AND MAKING CERTAIN ELECTIONS THEREUNDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. ***Approval of Disclosure Statement.*** By order, dated November 29, 2018 (the "Disclosure Statement Order"), the United States District Court for the District of Puerto Rico (the "Court") approved the *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and attachments thereto, the "Disclosure Statement"), filed by the Financial Oversight and Management Board on behalf of the Debtor, and authorized the Debtor to solicit votes with respect to the approval or rejection of the *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated November 26, 2018 (as the same may be amended or modified, including all exhibits and supplements thereto, the "Plan"),[2] attached as **Exhibit A** to the Disclosure Statement. Pursuant to the Disclosure Statement Order, the Debtor will mail to holders of Claims in Class 1 (Senior COFINA Bond Claims), Class 2 (Senior COFINA Bond Claims (Ambac)), Class 3 (Senior COFINA Bond Claims (National)), Class 5 (Junior COFINA Bond Claims), Class 8 (GS Derivative Claim) and Class 9 (General Unsecured Claims) (collectively, the "Voting Classes") materials needed for voting on the Plan or making elections on distributions thereunder (the "Solicitation Package"); provided that only Election Notices will be sent to holders of claims in Classes 1, 2, 3, and 5.

2. ***Confirmation Hearing.*** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario United States Courthouse, 150 Carlos Chardón Avenue, San Juan, P.R. 00918, at a courtroom to be later determined, on January 16, 2019 at 9:30 a.m. (Atlantic Standard Time), and continued, if necessary, on January 17, 2019 at 9:30 a.m. (Atlantic Standard Time). The Confirmation Hearing may be continued from time to time by the Court or the Oversight Board, without further notice or through adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, in accordance with the modification provisions of the Plan and Local Rule 3016-2, without further notice to interested parties.

3. ***Voting Record Date.*** The voting record date is **November 20, 2018** (the "Voting Record Date"), which is the date for determining which holders of Claims in Voting Classes are entitled to vote on the Plan. Therefore, only those creditors in a Class entitled to vote on the Plan and holding Claims against the Debtor as of the Voting Record Date are entitled to vote on the Plan.

4. ***Voting Deadline.*** The deadline for voting on the Plan is **January 8, 2019, at 6:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions included in the Solicitation Package so that your Ballot is ***actually received*** by the Debtor's solicitation agent, Prime Clerk LLC (the "Balloting Agent") on or before the Voting Deadline. ***Failure to follow such instructions may disqualify your vote.***

5. ***Election Deadline***. The deadline for holders of eligible Claims that have the right to make an election of the form of distributions under the Plan to make such election is **January 8, 2019, at 6:00 p.m. (Atlantic Standard Time)**, unless such time is extended (the "Election Deadline"). If you received an Election Notice, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Election Form; and (c) deliver ***all*** of the required information according to and as set forth in detail in the election instructions so that is received by your Nominee in sufficient time for your Nominee to ***actually effectuate*** your election through The Depository Trust Company's Automated Tender Offer Program on or before the Election Deadline. ***A failure to follow such instructions may result in your election to be deemed to constitute an election to (a) in the case of holders of Claims in Class 2, receive distributions in accordance with the provisions of section 6.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of Ambac with respect to the Ambac Insurance Policy and the holder's agreement to commute the Ambac Insurance Policy), or (b) in the case of holders of Claims in Class 3, receive distributions in accordance with the provisions of section 7.1(a) of the Plan (which includes, among other things, the holder's full and complete satisfaction, release, and discharge of any further obligation of National with respect to the National Insurance Policy and the holder's agreement to commute the National Insurance Policy).***

6. ***Parties in Interest Not Entitled to Vote.*** Creditors in Class 10 (Section 510(b) Subordinated Claims) are deemed to reject the Plan and not entitled to vote. If a Claim is listed on the Debtor's list of creditors [Case No. 17-3283, ECF No. 1216] as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing proofs of claims established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall not be entitled to vote to accept or reject the Plan. Proofs of claim filed for $0.00 or Claims that have been expunged by order of the Court are also not entitled to vote.

7. If you are in Class 10 or have timely filed a proof of claim and disagree with the Debtor's classification of, objection to, or request for estimation of your Claim and believe you should be entitled to vote on the Plan, you must serve the Debtor and the parties listed in paragraph 8(e) below and file with the Court (with a copy to Chambers) a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim. In accordance with Bankruptcy Rule 3018(a), as to any to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court prior to January 8, 2019. Creditors may contact the Balloting Agent (i) via first class mail or via overnight courier, at Puerto Rico Sales Tax Financing Corporation Ballot Processing, C/O Prime Clerk LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022, (ii) by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or (iii) by email at puertoricoballots@primeclerk.com, to receive an appropriate Ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth herein shall not be considered.

8. ***Objections and Responses to Confirmation.*** Objections and responses to confirmation of the Plan must:

a. Be in writing;

b. State the name, address, and nature of the Claim of the objecting or responding party;

c. State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Plan to resolve any such objection or response;

d. Be filed, together with proof of service, with the Court, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019;** and

e. Be served in accordance with the Disclosure Statement Order, so as to be ***actually received*** on or before **5:00 p.m. (Atlantic Standard Time) on January 2, 2019** upon (a) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico); (b) attorneys for the Oversight Board as representative of the Debtor, Proskauer Rose LLP, 11 Times Square, New York, New York 10036, Attn: Martin J. Bienenstock, Esq., and Brian S. Rosen, Esq.; (c) co-attorneys for the Oversight Board as representative of the Debtor, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918- 1813, Attn: Hermann D. Bauer, Esq.; (d) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.; (e) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz, LLC, Luis C. Marini-Biaggi, Esq., MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917; (f) those creditors holding the 20 largest unsecured claims against the Debtor (on a consolidated basis); (g) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., and G. Alexander Bongartz, Esq.; (h) attorneys for the Official Committee of Unsecured Creditors in the Commonwealth's Title III case, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. and Alberto J.E. Añeses Negrón, Esq.; (i) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. and Richard Levin, Esq., and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. and Melissa Root, Esq.; (j) attorneys for the Official Committee of Retired Employees in the Commonwealth's Title III case, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar-Zequeira, Esq.; and (k) all parties that have requested notice pursuant to Bankruptcy Rule 2002.

9. ***Parties Who Will Not Be Treated as Creditors***. Any holder of a Claim that (i) is scheduled in the List of Creditors at $0.00 and is not the subject of a timely filed proof of Claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding the Plan, and (b) voting on the Plan.

10. ***Additional Information***. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan, including Spanish translations thereof, should contact the Balloting Agent, Prime Clerk LLC, by telephone at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or by email at puertoricoballots@primeclerk.com, or may view such documents by accessing either https://cases.primeclerk.com/puertorico/ or the Court's website, https://www.prd.uscourts.gov/. Please note that a Public Access to Court Electronic Records ("PACER") (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website.

11. ***Bankruptcy Rules 2002(c)(3) and 3016(c)).*** **In accordance with Bankruptcy Rules 2002(c)(3) and 3016(c), set forth below are the release, exculpation, and injunction provisions contained in the Plan:**

**30.2 Discharge and Release of Claims and Causes of Action:**

(c) Notwithstanding the foregoing provisions of Section 30.2 of the Plan, in accordance with the provisions of the Plan Support Agreement, each of the PSA Creditors and their respective Related Persons, solely in their capacity as Creditors of COFINA, shall (i) be deemed to have released and covenanted not to sue or otherwise pursue or seek to recover damages or to seek any other type of relief against any of the Government Releasees[3] based upon, arising from or relating to the Government Released Claims[4] or any of the claims or causes of action asserted or which could have been asserted in the Actions, and (ii) not directly or indirectly aid any person in taking any action with respect to the Government Released Claims that is prohibited by Section 30.2(c) of the Plan.

(d) On the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the compromise and settlement of Bond Claims pursuant to the terms and provisions of the Plan (including, without limitation, the distributions to be made on account of "Senior" and "First Subordinate" Existing Securities), the resolution of the Interpleader Action and the terms and provisions of Section 19.5 of the Plan regarding the Ambac Action and the Whitebox Actions, to the fullest extent permissible under applicable law, BNYM and each holder and beneficial holder of Existing Securities and their transferees, successors or assigns shall be released from liability for all Claims and Causes of Action arising from or related to the payment by BNYM to beneficial holders of Existing Securities of regularly scheduled payments of principal and interest; provided, however, that the foregoing release of BNYM shall not extend, nor shall it be construed to extend, to acts of gross negligence, intentional fraud, or willful misconduct of BNYM, including, without limitation, any acts which have been asserted, or which could have been asserted in the Ambac Action and the Whitebox Actions.

(e) On the Effective Date, (i) the COFINA Agent and its agents, attorneys, affiliates, advisors, consultants and attorneys, solely in such capacities, and (ii) in the event that the Creditors' Committee and the Commonwealth Agent (1) do not object to approval of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan and do not file the Motion to Enforce or (2) subject to the provisions of decretal paragraph 4 of the Abeyance Stipulation, file the Motion to Enforce or an objection to approval of the merits of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan by the Title III Court, and unless the Title III Court determines that any such objection and the Motion to Enforce was filed in bad faith, the Commonwealth Agent and the Creditors' Committee, its members and each of their respective current and former officers, directors, agents, attorneys, employees, affiliates, advisors, and consultants, solely in such capacities (collectively, the "Commonwealth Agent Releasees"), shall be released from liability for all Claims and Causes of Action (as if such Causes of Action were against the Commonwealth Agent Releasees) with respect to the Adversary Proceeding, the Agreement in Principle, the Settlement Agreement, the Settlement Motion and the Settlement Order.

(f) On the Effective Date, and in consideration of the Commonwealth-COFINA Dispute Settlement and the resolution of the Interpleader Action, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor, solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency and the compromise and settlement of the Interpleader Action and the allocation of funds in accordance with Section 2.1 of the Plan.

*(continues on next page)*

*(continued from previous page)*

**30.3 Injunction on Claims:** Except as otherwise expressly provided in Section 30.11 of the Plan, the Confirmation Order or such other Final Order of the Title III Court that may be applicable, all Entities[5] who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Section 30.2 hereof are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability that is discharged pursuant to the Plan against any of the Released Parties[6] or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability that is discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability that is discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property.

**30.5 Releases by COFINA and Reorganized COFINA:** Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, on the Effective Date, and for good and valuable consideration, each of COFINA and Reorganized COFINA, the Disbursing Agent and each of COFINA's and Reorganized COFINA's Related Persons shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit, and discharge the Released Parties from any and all Claims or Causes of Action that COFINA, Reorganized COFINA, and the Disbursing Agent, or any of them, or anyone claiming through them, on their behalf or for their benefit, have or may have or claim to have, now or in the future, against any Released Party that are Released Claims or otherwise are based upon, relate to, or arise out of or in connection with, in whole or in part, any act, omission, transaction, event or other circumstance relating to COFINA taking place or existing on or prior to the Effective Date, and/or any Claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged or that could have been alleged in the Actions, the Related Actions, including, without limitation, any such Claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees; provided, however, that the foregoing release shall not extend, nor shall it be construed to extend, to acts of gross negligence, intentional fraud, or willful misconduct of BNYM, including, without limitation, any acts which have been asserted, or which could have been asserted, in the Ambac Action and the Whitebox Actions.

**30.6 Injunction Related to Releases:** As of the Effective Date, all Entities that hold, have held, or may hold a Released Claim that is released pursuant to Section 30.5 of the Plan, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims: (i) commencing, conducing or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 30.5 of the Plan; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or its inconsistent with the provisions of the Plan or the Confirmation Order.

**30.7 Exculpation:**

(a) **Government Parties:** The Oversight Board, the Commonwealth, AAFAF, COFINA and each of their respective Related Persons, solely acting in its capacity as such at any time up to and including the Effective Date, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Settlement Agreement; provided, however, that the foregoing provisions of this Section 30.7 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct. Nothing in the foregoing provisions of this Section 30.7(a) shall prejudice the right of any of the Government Parties, and the Government Parties' officers and directors serving at any time up to and including the Effective Date, and each of their respective professionals to assert reliance upon advice of counsel as a defense with respect to their duties and responsibilities under the Plan.

(b) **Monoline Insurers:** Each of Ambac, Assured and National and their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken consistent with the Plan in connection with the formulation, preparation, dissemination, implementation, acceptance, confirmation or approval of the Plan, including, without limitation, in connection with the structure of the Trusts, commutation, the treatment of Senior COFINA Bond Claims (Ambac), the treatment of Junior COFINA Bond Claims (Assured), the National Election, the voting procedures, the election procedures, and any release of obligations under the applicable Insurance Policies; provided, however, that, notwithstanding anything contained herein to the contrary, the terms and provisions of the Plan shall not, and shall not be construed to, release or exculpate: (1) with respect to any beneficial holder of the Ambac Insured Bonds that receives Ambac Certificates in accordance with the Plan, any claim against Ambac with respect to Ambac's payment obligations under the Ambac Insurance Policy (which claim shall only be asserted by the trustee of the Ambac Trust), as adjusted to account for any distributions from the Ambac Trust (and any claims or defenses that Ambac may have against a beneficial holder of such Ambac Insured Bonds with respect to Ambac's obligations under the Ambac Insurance Policy); (2) with respect to any beneficial holder of National Insured Bonds that received National Certificates in accordance with the Plan, any claim against National with respect to National's obligations under the National Insurance Policies (which claim shall be asserted in accordance with the terms of the National Insurance Policies), as adjusted to account for any distributions from the National Trust (and any claims that National may have against a beneficial holder of such National Insured Bonds with respect to National's obligations to such beneficial holder under the National Insurance Policies); or (3) with respect to any beneficial holder of Assured Insured Bonds, any payment obligation under the applicable Assured Insurance Policy in accordance with its terms solely to the extent of any failure by Assured to pay the applicable Acceleration Price in full (or any claims that Assured may have against a beneficial holder of Assured Insured Bonds with respect to Assured's obligations under the Assured Insurance Policies).

(c) **PSA Creditors and Bonistas:** Each of the PSA Creditors and Bonistas, solely in its capacity as a party to the Plan Support Agreement and a Creditor, as applicable, from the Petition Date up to and including the Effective Date and each of their respective Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the formation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement, the Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transaction set forth in the Plan and the Settlement Agreement; provided, however, that the foregoing provisions of this Section 30.7(c) shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted intentional fraud or willful misconduct.

(d) **Agents:** Each of (i) the COFINA Agent and (ii) in the event that the Creditors' Committee and the Commonwealth Agent (1) do not object to approval of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan and do not file the Motion to Enforce or (2) subject to the provisions of decretal paragraph 4 of the Abeyance Stipulation, file the Motion to Enforce or an objection to approval of the merits of the Settlement Motion, approval of the Disclosure Statement and confirmation of the Plan by the Title III Court, and unless the Title III Court determines that any such objection and the Motion to Enforce was filed in bad faith, the Commonwealth Agent, solely in its capacity as agent of the Oversight Board with respect to the Commonwealth, to litigate and/or settle the Commonwealth-COFINA Dispute, respectively, shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Title III Case, the Commonwealth-COFINA Dispute, including, without limitation, the Commonwealth-COFINA Dispute Order, the Adversary Proceeding, the Commonwealth-COFINA Dispute Settlement, the Settlement Agreement, the Settlement Motion and the Settlement Order.

**30.11 Supplemental Injunction:** Notwithstanding anything contained herein to the contrary, except to the limited extent provided in the Plan, all Entities, including Entities acting on their behalf, who currently hold or assert, have held or asserted, or may hold or assert, any Released Claims against any of the Released Parties based upon, attributable to, arising out of or relating to any Claim against COFINA, whenever and wherever arising or asserted, whether in the U.S. or anywhere else in the world, whether sounding in tort, contract, warranty, statute, or any other theory of law, equity or otherwise, shall be, and shall be deemed to be, permanently stayed, restrained and enjoined from taking any action against any of the Released Parties for the purpose of directly or indirectly collecting, recovering or receiving any payment or recovery with respect to any Released Claims arising prior to the Effective Date (including prior to the Petition Date), including, but not limited to:

(a) Commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Released Claim against any of the Released Parties or the assets or property of any Released Party;

(b) Enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(c) Creating, perfecting or enforcing any Lien of any kind against any of the Released Parties or the assets or property of any Released Party with respect to any such Released Claim;

(d) Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Settlement Agreement, asserting, implementing or effectuating any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due to any of the Released Parties or against the property of any Released Party with respect to any such Released Claim; and

(e) Taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan, the Confirmation Order, or the Settlement Agreement relating to such Released Claim; provided, however, that the Debtors' compliance with the formal requirements of Bankruptcy Rule 3016 shall not constitute an admission that the Plan provides for any injunction against conduct not otherwise enjoined under the Bankruptcy Code.

Dated: December 5, 2018, San Juan, Puerto Rico

Respectfully submitted, */s/ Martin J. Bienenstock*, Martin J. Bienenstock (*pro hac vice*), Brian S. Rosen (*pro hac vice*), Jeffrey W. Levitan (*pro hac vice*), **PROSKAUER ROSE LLP,** Eleven Times Square, New York, NY 10036, Tel: (212) 969-3000, Fax: (212) 969-2900, *Attorneys for the Financial Oversight and Management Board as representative for the Debtor* -and- */s/ Hermann D. Bauer*, Hermann D. Bauer, USDC No. 215205, **O'NEILL & BORGES LLC,** 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Tel: (787) 764-8181, Fax: (787) 753-8944, *Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined shall have the meanings given to such terms in the Plan.

[3] "Government Releasees" under the Plan means "[c]ollectively, the Government Parties and the Commonwealth, together with their respective current or former board members, directors, principals, agents, officers, employees, advisors and professionals, including, without limitation, any and all advisors and professionals retained by the Government Parties in connection with the Title III Case." Plan § 1.103.

[4] "Government Released Claims" under the Plan means "[c]ollectively, any and all claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, whether asserted or unasserted, which any Party, or anyone claiming through them, on their behalf or for their benefit have or may have or claim to have, now or in the future, against any Government Releasee arising from, related to, or in connection with COFINA, the Senior COFINA Bonds, the Senior COFINA Bond Claims, the Junior COFINA Bonds, the Junior COFINA Bond Claims and the Actions, and arising prior to the COFINA Effective Date; provided, however, that "Government Released Claims" shall not include any and all rights, privileges, claims, demands, liabilities, or causes of action of any and every kind, character or nature whatsoever (a) against (i) COFINA (or its successor, including Reorganized COFINA) arising from or relating to COFINA's obligations pursuant to the Plan or the securities to be issued pursuant to the Plan or (ii) a Government Party unrelated to COFINA or (b) arising from or related to any act or omission that constitutes intentional fraud or willful misconduct." Plan § 1.102.

[5] "Entity" under the Plan means "[a] Person, a corporation, a general partnership, a limited partnership, a limited liability company, a limited liability partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a governmental unit or any subdivision thereof, including, without limitation, the office of the United States Trustee, or any other entity." Plan § 1.90.

[6] "Released Parties" under the Plan means "[c]ollectively, solely to the extent provided in the Plan, (a) the Government Parties, (b) the Commonwealth, (c) the COFINA Agent, (d) the PSA Creditors, (e) upon satisfaction of the conditions set forth in decretal paragraph 3 of the Abeyance Stipulation, the Creditors' Committee, its members, and the Commonwealth Agent, and (f) with respect to the foregoing clauses (a) through (e), each of their respective Related Persons." Plan § 1.150.