# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF Nos. 1065-1, 1512-1, 2839-1, 4012, 4221**<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**This Stipulation relates only to the Commonwealth.** |

**STIPULATION REINSTATING AND MODIFYING AUTOMATIC STAY BETWEEN THE COMMONWEALTH OF PUERTO RICO AND LUZ PIZARRO-CORREA**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

This stipulation (the "Stipulation") is made as of January 4, 2019, by and between the Commonwealth of Puerto Rico (the "Commonwealth") and Luz Pizarro-Correa (the "Movant").[2]

## RECITALS

**WHEREAS**, on May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under title III of PROMESA (the "Title III Case");

**WHEREAS**, on August 17, 2017, as last amended on October 22, 2018, the District Court entered the *Order Amending Case Management Procedures* (the "Case Management Order"), which revised the *Notice, Case Management and Administrative Procedures* to implement a protocol (the "Lift Stay Protocol") for filing motions for relief from the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a),[3] as made applicable to the Title III Case by PROMESA section 301(a) (the "Title III Stay") [ECF Nos. 1065,4086];

**WHEREAS**, under the Lift Stay Protocol, Movant is required to (a) send notice (the "Lift Stay Notice") to counsel to the Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") to advise them of Movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay

---

[2] The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), has authorized the Department of Justice to enter into this Stipulation on behalf of the Commonwealth.

[3] In a title III case, Bankruptcy Code section 922 extends the self-executing provisions of Bankruptcy Code section 362 to, among other things, actions against officers and inhabitants of the debtor to enforce claims against the debtor. *See Order Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 Confirming (I) Application of the Automatic Stay to Government Officers, Agents, and Representatives, (II) Stay of Prepetition Lawsuits, and (III) Application of Contract Protections* [ECF No. 543] ("For the avoidance of doubt, the protections of Bankruptcy Code section 922(a)(1) with respect to officers and inhabitants of the Debtors, as set forth in paragraph 4(a) [of the Order], apply in all respects to the Debtors' officers in both their official and personal capacities with respect to actions whereby parties pursuing such actions seek to enforce claims against any of the Debtors.").

2

Notice Period") and (b) meet and confer with the Commonwealth during the Lift Stay Notice Period;

**WHEREAS**, on September 9, 2018, Movant sent her Lift Stay Notice to the Oversight Board and AAFAF seeking to modify the Title III Stay to proceed with the case captioned *Luz Pizarro-Correa v. ELA, Civil No. 16-2598*, (the "Prepetition Action") pending before the District Court;

**WHEREAS**, on October 4, 2018, Movant filed the *Urgent Motion for Relief from Stay to Continue Employment Discrimination Case* [ECF No. 4012] (the "Motion"), seeking relief from the automatic stay to in order to continue her Prepetition Action in the District Court;

**WHEREAS**, on October 18, 2018, in accordance with the Court's scheduling order [ECF No. 4017], the Commonwealth filed an *Objection of the Commonwealth to Urgent Motion to Continue Employment Discrimination Case filed by Luz Pizarro-Correa* [ECF No. 4063] (the "Objection") arguing that Movant failed to establish cause to justify the lifting of the Title III Stay to allow the Prepetition Action to proceed;

**WHEREAS**, on November 13, 2018, the Title III Court entered the *Order Terminating Urgent Motion for Relief from Stay to Continue Employment Discrimination Case* [ECF No. 4221] (the "Order Terminating Stay") finding that the Title III Stay terminated on November 3, 2018, pursuant to 11 U.S.C. § 362(e)(1), making no determination as to the merits of the Motion and without prejudice to the Debtor's ability to make an application to the District Court seeking other appropriate relief; and

**WHEREAS**, the Commonwealth and Movant met and conferred and, in lieu of the Commonwealth seeking other appropriate relief to reinstate the Title III Stay, the parties have agreed to reinstate the Title III Stay as provided herein.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Commonwealth and Movant, through their counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. Movant consents to the reinstatement of the Title III Stay pursuant to 11 U.S.C. §§ 105(a), 362, and 922.

2. The full reinstatement of the Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to a final judgment in the ordinary course and for the determination of whether Movant is entitled to reinstatement of her job; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor.

3. Nothing contained in this Stipulation shall operate as a waiver or modification of the reinstated Title III Stay so as to permit the prosecution against the Commonwealth or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein and the Commonwealth reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Action under a plan of adjustment or otherwise in the Title III Case.

4. The Commonwealth and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

5. Neither this Stipulation, nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant in the Prepetition Action, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

6. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (other than Movant as expressly provided in this Stipulation), or (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities.

7. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

9. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

10. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

11. The District Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

12. This Stipulation shall be immediately effective and enforceable upon execution.

*Remainder of Page Intentionally Left Blank*

**IN WITNESS WHEREOF** and in agreement herewith, by and through their counsel, the parties have executed and delivered this Stipulation as of the date first set forth above.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*Attorney for the Commonwealth of Puerto Rico*

*/s/ Humberto Cobo Estrella*
**HUMBERTO COBO-ESTRELLA, ESQ.**
USDC-PR230108
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

*Attorney for Movant*