UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------x

In re:                                                                PROMESA
                                                                      Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                          No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                                      (Jointly Administered)
et al.,

                        Debtors.[1]

-------------------------------------------------------x

MEMORANDUM ORDER DENYING
URGENT MOTION FOR RELIEF FROM STAY (DOCKET ENTRY NO. 4444)

Before the Court is the *Urgent Motion for Relief from Stay* (Docket Entry No.

4444, the "Motion") filed by Frente Unido de Policías Organizados ("FUPO") and Concilio

Nacional de Policías ("CONAPOL" and, collectively with FUPO, "Movants"), on behalf of

themselves and their members, for relief from the automatic stay imposed by the filing of the

above-captioned Title III case on a case captioned Frente Unido de Policías Organizados, et al. v.

Estado Libre Asociado de Puerto Rico, et al., Civil Case No. KAC 2007-4170 (508) (the

"Litigation"), which is currently pending before the Commonwealth of Puerto Rico Court of

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-
        LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
        Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
        Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
        ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:
        3808); (iv) Employees Retirement System of the Government of the Commonwealth of
        Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of
        Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA")
        (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747)
        (Title III case numbers are listed as Bankruptcy Case numbers due to software
        limitations).

First Instance, San Juan Part (the "Commonwealth Court").  As explained below, the Motion is

denied because Movants have not demonstrated that "cause" exists to lift the automatic stay.

<u>BACKGROUND</u>

Movants are non-profit organizations made up of members who are officers of the

Commonwealth of Puerto Rico Police Bureau.  (Mot. at 2.)  On May 8, 2007, FUPO commenced

the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto

Rico Police Department, and the Police Superintendent in his official capacity.  (<u>Id.</u>)  FUPO filed

an amended complaint on May 24, 2007, adding CONAPOL as a co-plaintiff.  (Docket Entry

No. 4572, the *Objection of the Commonwealth of Puerto Rico to Urgent Motion for Relief from*

*Stay Filed by Frente Unido de Policías Organizados and Concilio Nacional de Policías* (the

"Objection"), at ¶ 1.)  In the Litigation, Movants seek retroactive salary adjustments for members

of the Puerto Rico Police Ranking System in accordance with Act No. 227 of 2004, damages

allegedly suffered, legal interest accrued on any amounts owed, and the payment of costs,

expenses, and attorney's fees.[2]  (<u>Id.</u>)

On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico

(the "Oversight Board") commenced a case under Title III of the Puerto Rico Oversight,

Management, and Economic Stability Act ("PROMESA") on behalf of the Commonwealth.  (<u>Id.</u>

¶ 2.)  The Commonwealth filed a *Notice of Automatic Stay of Proceedings Pursuant to the*

---

[2]     The "Salary Increase for the Members of the Puerto Rico Police Ranking System Act,"
Act No. 227 of 2004, provided for specified increases to the basic rate of salary schedules
for certain members of the Puerto Rico Police Ranking System, but not for "Cadet Rank"
officers.  In their Amended Complaint, Movants request entry of an order requiring that
the "Cadet Rank" be included in the increases set forth in Act No. 227 of 2004 in addition
to the specified monetary relief.  (Mot. Ex. 2 at 11.)

*Commencement of Case Under Title III of PROMESA* in the Litigation on June 13, 2017,

requesting that the Commonwealth Court take notice of the automatic stay applicable to the

Litigation.  (Id. ¶ 3.)  The Commonwealth Court entered an order staying the Litigation shortly

thereafter.  (Id.)

Movants filed the instant Motion on December 11, 2018, seeking relief from the

automatic stay to continue the Litigation in the Commonwealth Court.  (Mot. at 1.)  Movants

assert that "recent events that have a direct impact on the [Litigation] require the prompt

consideration and intervention of this Honorable Court to prevent a *travesty of justice*."  (Id. at 5

(emphasis in original).)  Movants argue that, because the Certified Fiscal Plan issued by the

Oversight Board in October 2018 (the "Fiscal Plan") includes as part of its General Fund Budget

"$122 million to pay this year police officers who are owed a total of $366 million for past

promotions in accordance with salary scales and have not been paid for the past 10 years," and

because Governor Ricardo Rosselló Nevarez indicated in a press release that the Commonwealth

government would commence payment of this $122 million allocation in December 2018, it is

"urgent and imperative" that the Court lift the stay to allow Movants to seek certain declarations

from the Commonwealth Court.  (Id. at 6-7, Exs. 4, 6.)  Movants contend that the prompt

recommencement of the Litigation in Commonwealth Court is necessary to prevent the

Commonwealth from making payments to police officers as contemplated by the Fiscal Plan

without any guarantee that Movants "will be paid first."  (Id. at 8-9.)  Additionally, Movants

assert that cause exists to lift the automatic stay because the Commonwealth Court is the best

forum for the complete resolution of Movants' prepetition claims, which present issues of

Commonwealth law, recommencement of the Litigation would not interfere with the

Commonwealth's Title III case, the interest of judicial economy and expeditious resolution of the

Litigation favor continuation of the Litigation, and the resolution of the Litigation in Commonwealth Court would not prejudice the interests of the Commonwealth's other creditors because modification of the stay would be limited to the extent necessary to enable the parties to obtain a judgment regarding the disposition of the allocated monies.  (Id. at 11-12.)

The Commonwealth argues that the Motion should be denied because Movants have failed to show that "cause" exists to lift or modify the automatic stay under Section 362(d) of Title 11 of the United States Code.  (Obj. ¶ 5.)  The Commonwealth contends that Movants have not demonstrated that allowing the Litigation to proceed would resolve any issues relevant to the Commonwealth's Title III case, and that the determination of any additional amounts due to Movants after payments made pursuant to the Fiscal Plan can be made as part of the centralized claims resolution process in the Commonwealth's Title III case.[3]  (Id. ¶¶ 12-13.) Relatedly, the Commonwealth argues that modification of the stay would interfere with the Title III case by diverting the Commonwealth's resources and attention to defending Movants' claims in a separate forum, and would thereby prejudice the interest of other creditors.  (Id. ¶¶ 16, 25.) Because the continuation of the Litigation would require the recommencement of pending discovery, the Commonwealth asserts that the interests of judicial economy weigh in favor of maintaining the automatic stay.  (Id. ¶¶ 26-27.)  Finally, the Commonwealth argues that the impact on the Commonwealth if the relief sought by Movants were granted would outweigh any harm that Movants would suffer were the stay to remain in place.  (Id. ¶ 28.)

---

[3]     The Commonwealth notes that the $122 million amount identified in the Fiscal Plan represents only one-third of the amount allegedly owed, and that the Commonwealth cannot guarantee any specific distribution to Movants.  The Commonwealth states in its opposition papers that any payment made to Movants' members as part of the current distribution process will be deducted from their claim as part of the claims resolution process.  (Obj. ¶ 13, n.5.)

In the *Reply to Objection of the Commonwealth of Puerto Rico to Urgent Motion for Relief from Stay Filed by Frente Unido de Policías Organizados [and] Concilio Nacional de Policías* (Docket Entry No. 4612, the "Reply"), Movants further argue that the payment process, which commenced on December 28, 2018, is "draconian and fraudulent" because police officers are required to sign releases prior to receiving payment, because officers are unaware of the amount of payment that they will receive prior to signing such releases and the methodology used to calculate the payment amounts has not been disclosed, and because officers are required to sign releases prior to receiving advice from Movants' counsel.  (Reply ¶¶ 17-18.)  Movants contend that the behavior of the authorized agents administering the payment process violates certain ethical rules governing the conduct of lawyers.  (Id. ¶ 18.)

The Court has considered all of the submissions carefully.

### DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits the Court to grant relief from the automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax").  See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax)  Of particular relevance to the instant case are the following factors identified in the Sonnax decision: "whether litigation in another forum would prejudice the interests of other creditors," "the interests of judicial economy and the

expeditious and economical resolution of litigation," and the "impact of the stay on the parties

and the balance of harms."  Sonnax, 907 F.2d at 1286.

          Movants have failed to demonstrate that the Sonnax criteria weigh in favor of

modifying the automatic stay to allow the continuation of the Litigation in the Commonwealth

Court.  Lifting the automatic stay would compel the Commonwealth to divert its limited

resources to defend against the Litigation, would prejudice the interests of other creditors, and

would potentially disrupt the claims resolution process established by the Bankruptcy Code and

incorporated into PROMESA.  The diversion of the Commonwealth's resources that would be

required to attend to separate litigation of Movants' claims would impede the Commonwealth's

progress toward a plan of adjustment and recovery.  Although the Court is mindful of the fact

that Movants have been litigating the issues presented in the Litigation for over a decade,

allowing Movants the opportunity to pursue an order granting them payment priority over other

unsecured creditors would be inequitable to those other creditors and would invite efforts by

other creditors to litigate their claims in other courts, undermining the efficiency of the

centralized Title III claims process and creating further demands on Commonwealth resources.

Indeed, the $122 million allotted in the Fiscal Plan for payment of overdue salaries to police

officers represents only one-third of the total amount allegedly owed to officers, and it is not

even clear that Movants represent all potential claimants to such retroactive payments.  (See Obj.

¶ 13, n.5 (representing that there are "three additional cases against the Commonwealth that also

claim retroactive salary adjustments to members of the Puerto Rico Police Ranking System in

accordance with Act 227-2004").)  The delayed determination and payment of Movants' claims

is a burden shared with the Commonwealth's other creditors, and the Commonwealth has

represented that any payment made to police officers as part of the ongoing payment process will

be deducted from the officers' claims as part of the centralized claims resolution process

contemplated by Title III of PROMESA.  (Id.)[4]

    Accordingly, the Court concludes that Movants have not demonstrated that cause

exists for relief from the automatic stay to allow the Litigation to proceed.

CONCLUSION

    For the foregoing reasons, the Motion is denied.  This Memorandum Order

resolves Docket Entry No. 4444 in Case No. 17-3283.

    SO ORDERED.

Dated: January 8, 2019

             /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            United States District Judge

---

[4]  The Court notes that the issue of solicitation of releases in connection with the ongoing
payment process was raised only in Movants' reply papers, was not addressed in the
Commonwealth's opposition papers, and is not material to the determination of this stay
relief motion.