# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| *In re* | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-3283 (LTS) (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | |
| Debtors.[1] | : | |

---

| | | |
|---|---|---|
| *In re* | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| as representative of | : | Case No. 17-BK-3284 (LTS) |
| PUERTO RICO SALES TAX FINANCING CORPORATION, | : | |
| Debtor. | : | |

---

**DECLARATION OF MATTHEW A. FELDMAN**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

I, Matthew A. Feldman, of legal age, resident of the United States, and a Partner of Willkie Farr & Gallagher LLP, hereby declare, under penalty of perjury, that I have examined the following information and that the same is a true and correct:

1. My name and personal circumstances are as previously stated.

2. The COFINA Agent,[2] represented by Willkie Farr & Gallagher LLP ("**WF&G**") and Klee Tuchin Bogdanoff & Stern LLP ("**KTBS**") as municipal bankruptcy counsel, negotiated a settlement of the Commonwealth-COFINA Dispute ("the "**Settlement Agreement**") with the Puerto Rico Financial Oversight and Management Board (the "**Oversight Board**") pursuant to the authority granted to the COFINA Agent under the Stipulation. I was appointed as lead counsel to the COFINA Agent by the Stipulation. The Settlement Agreement is the basis of the proposed plan of adjustment for COFINA.

3. The relevant background is as follows. The Stipulation is a Court-approved agreement of the major stakeholders in COFINA's case. The Stipulation appointed the COFINA Agent to act as an independent agent representing the interests of COFINA in the litigation and/or mediation of the Commonwealth-COFINA Dispute opposite the Commonwealth Agent, who was appointed to act as an independent agent representing the interests of the Commonwealth. The Stipulation provides that the COFINA Agent "in furtherance of . . . duties [of good faith, care, and loyalty]… shall, with the advice and assistance of counsel, endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from the perspective of what is best for the debtor the Agent represents." Stipulation ¶ 4.f

4. The primary purpose of the Stipulation, and the appointment of the COFINA Agent, was accomplished when the COFINA Agent and Commonwealth Agent negotiated an Agreement

---

[2] Terms used but not defined herein shall have the meanings ascribed to them in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Dkt. No. 996] (the "**Stipulation**").

in Principle resolving the Commonwealth-COFINA Dispute and disclosed that agreement to the Court on June 7, 2018.[3] The Agreement in Principle was negotiated by the COFINA Agent and the Commonwealth Agent free from any influence or direct participation by the Oversight Board. At no time did the COFINA Agent take any position with respect to intra-COFINA distributional issues, and the COFINA Agent negotiated the Agreement in Principle solely on the basis of the best interests of COFINA's estate as a whole. At the time the Agreement in Principle was reached, both the COFINA Agent and the Commonwealth Agent agreed that it was the best possible outcome for each of their respective estates given the enormous stakes and uncertainty involved in litigating the Commonwealth-COFINA Dispute to conclusion.

5. After the Agreement in Principle was entered into, it became clear that formalizing a settlement agreement with the Commonwealth Agent based on the Agreement in Principle was highly unlikely. The Commonwealth Agent stated that it would not execute a final settlement among other reasons principally because the Commonwealth Agent believed "[t]he Oversight Board's June 29, 2018 certified fiscal plan materially revised certain of the underlying assumptions that formed the basis of the May 30, 2018 certified fiscal plan, which was in effect when the Agents entered into the Agreement in Principle on June 5, 2018 and on which the Commonwealth Agent relied when entering into the Agreement in Principle."[4]

6. At that point, the COFINA Agent faced the prospect of either continuing to negotiate with an unwilling partner over the fiscal plan—an issue outside of her control and beyond the scope of her authority—or formalizing the Agreement in Principle by negotiating the

---

[3] *See Joint Informative Motion of Commonwealth Agent and COFINA Agent Disclosing Agreement in Principle* [Adv. Pro. Dkt. No. 486].

[4] *See Commonwealth Agent's Informative Motion with respect to Oversight Board's Announcement, Dated August 8, 2018, Regarding Certain Terms for COFINA Plan of Adjustment* [Adv. Pro. Dkt. No. 540]

Settlement Agreement with the Oversight Board. The COFINA Agent pursued negotiation with the Oversight Board as the better option given the circumstances.

7. The Settlement Agreement was the result of a good faith, arm's-length negotiation between the COFINA Agent and the Oversight Board. At all times, the COFINA Agent acted independently and pursuant to her own judgment, taking into consideration the facts and circumstances of the cases. The Oversight Board did not exert any influence on the COFINA Agent's decision to enter into the Settlement Agreement, nor did the COFINA Agent permit the Oversight Board to affect her judgment or ability to carry out her duty to act in the best interest of the debtor she was appointed to represent by Court order.

8. The Settlement Agreement is faithful to, and incorporates the principal terms of, the Agreement in Principle.[5] Moreover, entering into the Settlement Agreement is in the best interests of COFINA and its stakeholders because the legal issues resolved by the Settlement Agreement are complex, and many present issues of first impression. Though the COFINA Agent was prepared to litigate COFINA's ownership of the Pledged Sales Tax, the outcome of complicated litigation can never be predicted with certainty. Both sides were prepared to put forth credible arguments, and the Court's decision would have drastic implications: either the Court would find that COFINA owns the Pledged Sales Tax or that COFINA does not. A further consideration was the fact that COFINA had already been in Title III proceedings for more than a year and that a further prolonged case would be costly. Swift compromise through the Settlement

---

[5] Subsequent to the COFINA Agent entering into the Settlement Agreement with the Oversight Board, on November 9, 2018, the Court so ordered a stipulation executed by attorneys for the Commonwealth Agent, the COFINA Agent and the Oversight Board which resolves the Commonwealth Agent's opposition to the Settlement Agreement and the COFINA plan of adjustment based (in part) on the Commonwealth's further revised fiscal plan certified on October 23, 2018.

Agreement (as opposed to protracted litigation or further negotiation) was therefore in COFINA's best interests.

9. Because the COFINA Agent acted to achieve the best outcome for COFINA—preserving the negotiated resolution embodied in the Agreement in Principle with the sole available counterparty—the COFINA Agent's entry into the Settlement Agreement was fully authorized by the terms of the Stipulation. In fact, the Stipulation expressly authorizes "each Agent [to] consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets." Stipulation ¶ 4.g.

10. Furthermore, the Stipulation provides that "[t]o the extent it is necessary or desirable to link a settlement to the treatment of creditors' claims in a title III plan of adjustment, the Oversight Board and AAFAF may participate in the negotiations and Mediation in an effort to reach such a settlement." Stipulation ¶ 4.h. Similarly, paragraph 4.n. of the Stipulation contemplates that the Oversight Board "may, at any time, propose title III plans of adjustment for the Commonwealth and COFINA that incorporate a settlement of the Commonwealth-COFINA Dispute, developed by the Agents, or developed by the Oversight Board, and the Oversight Board may negotiate and mediate with creditors to achieve such a settlement of the Commonwealth-COFINA Dispute."

11. By negotiating the Settlement Agreement with the Oversight Board in order to facilitate a plan of adjustment that incorporates the Agreement in Principle, the COFINA Agent faithfully adhered to the Stipulation and pursued the path most likely to preserve COFINA's fiscal responsibility and access to the capital markets. The plan of adjustment, which incorporates the Settlement Agreement, and the division of the Pledged Sales Tax revenue negotiated in the Agreement in Principle, leaves COFINA able to refinance its existing indebtedness with

replacement securities, establishes a realistic repayment schedule, and protects the source of that repayment.

**IN WITNESS WHEREOF**, I hereby declare, under penalty of perjury, that the above statement is true and correct on this 9th day of January 2019 in New York, New York.

/s/ Matthew A. Feldman
Matthew A. Feldman
