# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO. 65
Case:17-03283-LTS Doc#:4657-2 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
Exhibit PIMCO Order and Transcript Page 2 of 26
RECEIVED NYSCEF: 11/24/2017

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - CIVIL TERM - PART 53
------------------------------------------------X
PIMCO ABSOLUTE RETURN STRATEGY 3D OFFSHORE FUND
LTD., et al.,

                                        Plaintiffs,

        -against-              Index No. 654743/17

WELLS FARGO BANK, NATIONAL ASSOCIATION,

                                        Defendant.
------------------------------------------------X
                            60 Centre Street
                            New York, New York
                            November 13, 2017

B E F O R E:

            HONORABLE CHARLES E. RAMOS,
                  Supreme Court Justice

A P P E A R A N C E S:

BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
Attorneys for the Plaintiffs
1251 Sixth Avenue
New York, New York 10020
BY:  TIMOTHY A. DeLANGE, ESQ.
BY:  LUCAS E. GILMORE, ESQ.


JONES DAY
Attorneys for the Defendant
WELLS FARGO
250 Vesey Street
New York, New York 10281
BY:  JAYANT W. TAMBE, ESQ.
BY:  HOWARD F. SIDMAN, ESQ.
BY:  TRACI L. LOVITT, ESQ.
BY:  AMANDA L. DOLLINGER, ESQ.

                        (Continued)

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM

NYSCEF DOC. NO. 65

INDEX NO. 654743/2017

RECEIVED NYSCEF: 11/24/2017

Case 17-03283-LTS Doc#4657-2 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
Exhibit PIMCO Order and Transcript Page 3 of 26

2

1

2.   A P P E A R A N C E S:

3

4    KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC
     Attorneys for National Credit Union
     Administration Board
5    Sumner Square
     1615 M Street, N.W. - Suite 400
6    Washington, D.C. 20036
     BY:   SCOTT K. ATTAWAY, ESQ.
7

8

9

10                            Diane Kavanaugh, RPR
                              Senior Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM

INDEX NO. 654743/2017

NYSCEF DOC. NO. 65

RECEIVED NYSCEF: 11/24/2017

Case 1:17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 4 of 26

3

1                           Proceedings

2               THE COURT:  Defendant's motion, correct?

3               MR. TAMBE:  That's right, your Honor.

4               THE COURT:   There is a lectern.

5               This is liability as trustee, correct?

6               MR. TAMBE:  That's correct.  It's an offshoot

7      of even that flavor, your Honor.

8               THE COURT:   This is where the trustee has been

9      taking attorney's fees out of the trust cases?

10              MR. TAMBE:  That's right.  And that's why I

11     called it an offshoot.  It is related to the other

12     matter that is pending before your Honor.

13              THE COURT:  This is a separate action just

14     involving legal fees.

15              MR. TAMBE:  Well, it's not just legal fees,

16     it's legal fees and expenses.

17              Jay Tambe, from Jones Day, for Wells Fargo.

18     This is our motion to dismiss the second action, the

19     PIMCO action seeking a declaration as to the trustees'

20     right to obtain attorney's fees and expenses from the

21     trust assets.

22              This is related to the other matter that's

23     pending before your Honor which involves a 261 trust.

24     That has to do with whether the trustees acted as they

25     were required to act under all the various governing

26     agreements.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65

INDEX NO. 654743/2017
RECEIVED NYSCEF: 11/24/2017

Case:17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 5 of 26

4

Proceedings

1

2     We've briefed the matter. I don't want to

3 rehash everything that's in the briefs. I want to take

4 some time today to talk about two or three key issues

5 and also discuss another matter that was briefed after

6 we had finished briefing this motion to dismiss.

7     Another plaintiff that is suing Wells Fargo in

8 federal court, the NCUA, has filed before your Honor a

9 motion seeking to file an amicus brief.

10     THE COURT: I haven't seen it.

11     MR. TAMBE: Then we don't need to discuss it.

12 We have opposed that motion. It's untimely. It's not

13 helpful. Counsel from NCUA is here. They're sitting at

14 counsel table. We would object to them addressing this

15 motion in any way whatsoever.

16     THE COURT: I imagine that motion is probably

17 on its way up.

18     MR. TAMBE: So we won't take any time with

19 that.

20     THE COURT: Okay.

21     MR. TAMBE: We start in this case, your Honor,

22 like many other cases where I have appeared before your

23 Honor, with the language of the contract.

24     There is one key provision that we focus on,

25 which is section 9.11 in each of the documents. I am

26 going to hand up just that one page, which excerpts that

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO.: 65
Case:17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
RECEIVED NYSCEF: 11/24/2017
Exhibit PIMCO Order and Transcript   Page 6 of 26

5

| | |
|---|---|
| 1 | Proceedings |
| 2 | provision. |
| 3 | THE COURT:  Sure.  This is the no-action |
| 4 | provision? |
| 5 | MR. TAMBE:  No, it's not. |
| 6 | THE COURT:  This is the attorney's fees? |
| 7 | MR. TAMBE:  Yes. |
| 8 | MR. TAMBE:  What I have handed up to you, your |
| 9 | Honor, is the indemnity provision, which you referred to |
| 10 | as the attorney's fees provision.  And you'll see it's |
| 11 | far broader than just attorney's fees.  It's very broad |
| 12 | language.  It's found in a contract to which they are |
| 13 | not a party.  They didn't sign that contract. |
| 14 | Depositor, servicer and the trustee.  They are clearly |
| 15 | not a party to the contract.  In fact, they are |
| 16 | third-party beneficiaries and no more than third-party |
| 17 | beneficiaries. |
| 18 | And that's going to be important for some legal |
| 19 | arguments that they raise and whether they can actually |
| 20 | step into the shoes of some of the litigants that they |
| 21 | think they can step into the shoes of. |
| 22 | So that's one provision.  I am not going to |
| 23 | hand up every single provision I cite to, but when you |
| 24 | think about that provision, that is the operative |
| 25 | provision.  Is Wells Fargo under that provision entitled |
| 26 | to indemnify itself for defending the trustee litigation |

Case 17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 7 of 26

6

Proceedings

1
2  for the expenses that are incurred in the trustee
3  litigation.  Attorney's fees are certainly part of it,
4  but so is reunderwriting expenses.
5       As your Honor may know, in the put-back
6  litigation, where originators were sued, the one
7  significant undertaking in terms of time, expense,
8  complexity was reunderwriting mortgage funds.
9       It can take thousands of dollars to
10 reunderwrite a single mortgage fund.  We're talking
11 about hundreds of thousands of mortgages across the
12 trust that are issued in this case.
13      That's an expense that will be borne by the
14 trustee.  Under section 9.11, the language is clear that
15 if we're defending a claim related to the agreement,
16 related to our performance as trustee, we're indemnified
17 unless the carveout applies.  And the carveout is a very
18 narrow carveout for willfulness conduct.
19      Now, you've spoken about allegations of
20 willfulness and breaches of fiduciary duty in the
21 Citibank context.  We briefed that in the underlying
22 RMBS litigation to your Honor.
23      The allegations that they have in their
24 Complaint don't rise to that level.  The carveout
25 doesn't apply.  And I'll speak to that as well.
26      As you're thinking about the indemnification

Case:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc:
Exhibit PIMCO Order and Transcript  Page 8 of 26

7

|   |                                                            |
|---|------------------------------------------------------------|
| 1 | Proceedings                                                |
| 2 | provision, you can start and stop your analysis with the   |
| 3 | plain language of 9.11.  That gets you there.  It has      |
| 4 | all the language you need under Hooper, under any of the   |
| 5 | cases that they have cited for this Court to conclude      |
| 6 | that Wells Fargo has the right to get indemnity and be     |
| 7 | reimbursed for attorney's fees and expenses in             |
| 8 | connection with the trustee litigation.                    |
| 9 | And it's clear from this language that that          |
| 10 | obligation to indemnify survives the termination of the   |
| 11 | agreement.                                                 |
| 12 | We're both fighting a cold, your Honor.              |
| 13 | And that's important here because these 11           |
| 14 | trusts that are the subject of this litigation, what      |
| 15 | makes them different than the other 261?  What makes      |
| 16 | them different than the other 261 is in these 11 trusts   |
| 17 | there was a termination of the trust.                     |
| 18 | There was a provision in every one of these          |
| 19 | agreements that allows for a call, a cleanup call         |
| 20 | option.  And the trust is terminated.  Its contractual    |
| 21 | right is exercised, not by Wells Fargo, it's a            |
| 22 | contractual right that's exercised by another party.  So  |
| 23 | the trust is terminated.  A final distribution is made.   |
| 24 | The problem is 9.11.  9.11 says we have a right      |
| 25 | to be indemnified, we have a right to be indemnified for  |
| 26 | attorney's fees and expenses and that right to indemnity  |

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65

INDEX NO. 654743/2017

RECEIVED NYSCEF: 11/24/2017

Case 17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 9 of 26

8

1                    Proceedings

2      comes from the trust assets and it survives the

3      termination of the agreement.

4           So with respect to these 11 trusts that were

5      being collapsed, when money was being distributed, was

6      going to go to all corners of the earth for all we know,

7      the only way for us to give meaning to this language is

8      to set up a reserve and say if we do incur expenses in

9      this litigation that we're defending, we're entitled to

10     indemnity.  That's how we will protect ourselves.

11          And to the extent that money is not required or

12     to the extent a Court finds that there was a willful

13     misconduct, that money will be paid out to the

14     certificate holders.

15          So you could conduct the entire analysis and

16     stop at 9.11.  But if you do what Hooper asks you to do,

17     if you're taking a harder look at these kind of

18     provisions, and look at this in context, what were the

19     parties to the contract trying to achieve?

20          I will cite to you some other provisions that I

21     think are relevant, if you want to see the trustees'

22     rights in a broader context.

23          9.01.  And this is all set forth in our briefs.

24     Wells Fargo is not required to expend its own funds in

25     the performance of its duties under the contract.

26          There is no liability for Wells Fargo in

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO: 65
INDEX NO. 654743/2017
RECEIVED NYSCEF: 11/24/2017
Case 17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 10 of 26

9

1                          Proceedings

2      actions taken in good faith, even if mistaken.  There's

3      a priority of reimbursement under the waterfall.  So the

4      priority of payments, the trustee gets paid first all

5      amounts due to the trustee under the agreement before

6      anyone else gets paid.

7                And, finally, the no-action clause to which you

8      alluded.

9                So when you think about what is the extent of

10     the indemnity rights that Wells Fargo has as trustee,

11     certainly you focus on 9.11.  But I think you also look

12     at it against all of the other provisions in the PSA, in

13     the governing agreement, which protect the trustee to a

14     great extent from having to expend its own resources.

15     And the general exception to that limitation of

16     liability of the trustee is if it acts willfully.

17                And that has special meaning in contract law.

18     And the Court of Appeals has spoken to that.  It's not

19     simply acted negligently.  It's not simply a breach of

20     contract.  It's got to be intentional conduct that

21     arises to intentional fraud or akin to intentional

22     fraud.  It's a very high level.

23                The legal arguments as to why this action

24     should fail.  I will start where I started with the last

25     motion to dismiss argument, which is with a no-action

26     clause.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65

INDEX NO. 654743/2017
RECEIVED NYSCEF: 11/24/2017

Case:17-03283-LTS Doc#:4657-2 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
Exhibit PIMCO Order and Transcript Page 11 of 26

10

1                          Proceedings

2          If you look at this whole pattern of litigation

3    here, where one collection of certificate holders has

4    commenced far reaching, all encompassing litigation

5    against the trustees, in 2014, I told you then, and I'll

6    say it again, it smacks at their litigation strategy.

7    These were cases that were brought in 2014 after the

8    statute of limitations had lapsed on original put-back

9    claims.

10          It's then that this group of highly

11   sophisticated certificate holders suddenly discovered,

12   oh, my God, the crisis has been going on for seven plus

13   years, it's the trustees, it should be the trustees who

14   should have been looking out for our interest.

15          Put aside the fact that these same highly

16   sophisticated investors who came to this court in the

17   Article 77 proceedings, when they wanted to act, they

18   knew how to act.  They knew how to collect the requisite

19   number of certificate holders.  They knew how to direct

20   the trustees to take action.  And they knew how to

21   indemnify trustees when they asked us to take these

22   actions.

23          They didn't ask the trustees to take those

24   actions pre 2014.  It's only after the statute of

25   limitations had lapsed that this litigation strategy was

26   hatched.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65
INDEX NO. 654743/2017
RECEIVED NYSCEF: 11/24/2017

11

1                          Proceedings

2          And it may well be a litigation tactic.  But it

3     has consequences.  And one is that Wells Fargo and the

4     other trustees subject of this type of litigation have

5     to defend against it, have to go through discovery, have

6     to potentially go through reunderwriting tens of

7     thousands, hundreds of thousands of mortgages.

8          The trustee has a right to be indemnified under

9     9.11.  That's why this action for declaratory relief

10    must be dismissed.

11         The no-action clause, if it was applied, would

12    have avoided all of this.  They don't have the

13    25 percent backing of certificate holders to expend

14    trust resources in dealing with the litigation that they

15    think is helpful to them.  But other note holders, other

16    certificate holders, may think is a waste of resources.

17         There is a reason why the no-action clause

18    reads the way it is.  This is a structured finance

19    transaction, it says.  No certificate holder shall

20    commence a lawsuit with respect to the agreement unless

21    it meets all these different criteria.

22         And we've discussed at length at the prior oral

23    argument, the Second Circuit decision in Cruden, why we

24    think it doesn't apply, why we think it was wrongly

25    decided.  Why the no-action clause here should be

26    applied as written.  And this suit should be dismissed

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65

INDEX NO. 654743/2017

RECEIVED NYSCEF: 11/24/2017

Case.17-03283-LTS   Doc#.4657-2   Filed.01/09/19   Entered.01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 13 of 26

12

1                        Proceedings

2    on that basis.   I am not going to rehash those

3    arguments, your Honor.

4              A couple of points about 9.11.

5              First of all, 9.11 on its face requires that

6    the trustee is indemnified by the trust, not the

7    certificate holders, by the trust, against any lost

8    liability or expense.   And then there is a

9    parenthetical about reasonable attorney's fees.   But the

10   fact of the matter is that parenthetical wasn't

11   necessary under New York law.

12             Under New York law, the use of the word any in

13   this type of indemnity clause is sufficient in and of

14   itself to cover attorney's fees.   And we cited the cases

15   for that proposition, including the Breed Abbott and

16   Morgan versus Hulco case, which is a First Department

17   decision.

18             The test in Hooper, they cite Hooper over and

19   over again.   I think they spend a good chunk of their

20   opposition brief to Hooper.   The legal test in Hooper is

21   simply this, can the intent to indemnify be clearly

22   implied from the language and purpose of the entire

23   agreement and surrounding facts and circumstances.

24             That's it.   No magical language needed.   No

25   special invocation of specific words.   It is can it be

26   clearly implied from the language.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
NYSCEF DOC. NO. 65
INDEX NO. 654743/2017
RECEIVED NYSCEF: 11/24/2017

Case 1:17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 14 of 26

13

1                         Proceedings

2              If you read 9.11 in the context of the

3    remaining provisions -- you seem to be searching for

4    something, your Honor.

5              THE COURT:   I'm missing something.  I don't

6    think I have a Complaint in this case, in these papers.

7              MR. TAMBE:   We can hand one up, your Honor.

8              THE COURT:   Thank you.  Yes.

9              MR. TAMBE:   To take a step back.

10             The clause is very broad.  It uses the word any

11   lost liability of expense.  As I was saying, the

12   parenthetical about including reasonable attorney's fees

13   is really not strictly required.

14             When the word any is used in this type of

15   indemnity provision, if you look at Breed Abbott versus

16   Hulco and other cases we cite, it's very clear that any

17   is read expansively to include attorney's fees.

18             They invoke Hooper and say, well, Hooper kind

19   of changes the analysis.  First of all, Hooper involved

20   a fact pattern that's very different than the fact

21   pattern at play here, a very different clause.

22             Hooper involved a breach of contract litigation

23   between two parties to the contract.  And what the

24   Hooper court found there was, it first laid down a legal

25   test.  And then it applied that test.  The legal test,

26   and the test that should apply here, can you clearly

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM    INDEX NO. 654743/2017

NYSCEF DOC. NO. 65    Case:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc:    RECEIVED NYSCEF: 11/24/2017
Exhibit PIMCO Order and Transcript    Page 15 of 26

14

1                         Proceedings

2    imply the obligation to indemnify from the language and

3    purpose of the entire agreement and surrounding facts

4    and circumstances.

5              I think you get there on section 9.11.  You

6    certainly get there when you look at 9.11 in the context

7    of the other provisions.

8              THE COURT:   Am I correct that this Complaint

9    doesn't specify any of the willful misfeasance or acts

10   of misconduct other than to state them generally?

11             MR. TAMBE:  That's exactly right, your Honor.

12   It does not.  And to the extent they're trying to

13   incorporate their allegations from the underlying

14   Complaint, that Complaint doesn't do it either, although

15   they pretend as if it does.

16             I will say a couple of things about Hooper.

17   They embrace Hooper.

18             THE COURT:   I've read it.  It doesn't help

19   them.  I agree.

20             MR. TAMBE:  Then we'll move on.

21             THE COURT:   In that case the carveout was for

22   negligence.  It wasn't for the willful.

23             MR. TAMBE:  That's right.  Among many reasons,

24   that was the carveout.  Secondly, it was a dispute

25   between two parties to the contract.  They are not

26   parties.  They are, at best, third-party beneficiaries.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO.: 65
Case:17-03283-LTS Doc#:4657-2 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
RECEIVED NYSCEF: 11/24/2017
Exhibit PIMCO Order and Transcript Page 16 of 26

15

1               Proceedings

2  That's important.

3          If you look at this indemnity provision in

4  context, who is most likely to be suing the trustee for

5  breaches of its performance under the trust agreement?

6  The certificate holders.

7          A couple of other points.  I think I've already

8  talked about the permissibility, the fact that with

9  respect to these 11 trusts, a reserve had to be set up,

10  otherwise you cannot --

11          THE COURT:  Well, I guess the PSA permits the

12  trustee to make distributions to itself on distribution

13  dates.  But the trust has been terminated; is that

14  correct?

15          MR. TAMBE:  That's right.  And the last date is

16  the final distribution date.

17          THE COURT:  I see.  Okay.

18          MR. TAMBE:  I will make two other points.  If I

19  can grab my PSA for a minute.

20          There are a couple of other provisions.  If

21  it's a date that your Honor is focused on, if you look

22  at 3.11 of the PSA, 3.11(a) and (b) talk about various

23  withdrawals from various accounts.

24          THE COURT:  Yes.

25          MR. TAMBE:  There are certainly withdrawals

26  that the trustee is permitted to make on distribution

16

1                    Proceedings

2    dates.  But 3.11(b) says, "In addition, the trustee may

3    from time to time make withdrawals from certificate

4    account for the following purposes."

5             THE COURT:   I see.  It's not just a

6    distribution case.

7             MR. TAMBE:  That's correct.  And then what can

8    it withdraw from time to time, "To pay itself the

9    trustee fee and any other amounts due to the trustee

10   under this agreement."

11            THE COURT:   Okay.

12            MR. TAMBE:  And we know from section 5.12 that

13   those kind of distributions come ahead of any payments

14   to any certificate holders.  That's the priority of

15   payments.

16            THE COURT:   You made that point.  Let me hear

17   from the plaintiffs.

18            MR. DeLANGE:  Thank you, your Honor.  Tim

19   DeLange, from Bernstein Litowitz Berger and Grossmann,

20   on behalf of the PIMCO plaintiffs.

21            I want to start where counsel for Wells Fargo

22   started.  That's with the no-action clause.

23            As your Honor is aware, we were here, I think

24   it's two months ago.  We argued that extensively.  I am

25   not going to repeat the arguments, but I want to point

26   out that the argument he just made is unsupported by

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM    INDEX NO. 654743/2017
NYSCEF DOC. NO. 65    RECEIVED NYSCEF: 11/24/2017

Case 1:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc:
Exhibit PIMCO Order and Transcript  Page 18 of 26

17

1                         Proceedings

2    case law.

3                There is not a single case that supports Wells

4    Fargo's interpretation of the no-action clause.  In

5    fact, every case to decide the issue has found that the

6    no-action clause does not apply to suits against the

7    trustee.

8                Interestingly, there has been no change in the

9    law since that time, with one exception.  There is a

10   First Department decision that recently came out.

11               And Wells Fargo cited it in its reply brief.

12   It's the Anato Opportunity Fund.  And they misleadingly

13   cite it.

14               They cite it for the proposition that the

15   no-action clause applies to suits against the trustee.

16               To the contrary, in that case, Wells Fargo was

17   a master servicer.  And Justice Bransten held that the

18   no-action clause applied with respect to the master

19   servicer.  And the First Department affirmed that

20   decision from Justice Bransten.

21               What Wells Fargo didn't tell your Honor in the

22   reply brief was that in the underlying action Judge

23   Bransten clearly held the no-action clause did not apply

24   in that action to the trustee, which was HSBC, following

25   all the lines of cases that we cited to your Honor.

26               THE COURT:  I'm less concerned about that.

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO: 65
RECEIVED NYSCEF: 11/24/2017

Case:17-03283-LTS Doc#:4657-2 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
Exhibit PIMCO Order and Transcript Page 19 of 26

18

1                          Proceedings

2    I'm really concerned about the carveout.

3              In order for the plaintiffs to prevail in this

4    action, you have to allege and prove that Wells Fargo's

5    activities fall within the purview of the carveout.

6              I don't even see an allegation there other than

7    a conclusory statement that quotes 9.11.

8              MR. DeLANGE:  I disagree, your Honor.  Here's

9    why I disagree.

10             THE COURT:  Ultimately, at the end of the

11   road, perhaps, if there is a finding that Wells Fargo

12   has acted in a way that you say they've acted, well, you

13   can certainly recover.

14             But, first of all, you don't even allege it.

15   Second of all, you have to establish that they don't

16   have the right otherwise granted to them under the PSA

17   to take these payments out.

18             And unlike your client, they're going to be

19   around if you succeed.  The money that goes out to

20   certificate holders will never be seen again.  We all

21   know that.

22             So from a practical point of view, and from a

23   legal point of view, I don't see how -- at this point I

24   don't see how you can sustain this kind of claim.

25             At the very least you have to come forward now,

26   in this action, with proof that they are guilty of

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO. 65
RECEIVED NYSCEF: 11/24/2017

Case:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc:
Exhibit PIMCO Order and Transcript  Page 20 of 26

19

1                              Proceedings

2        actions that would fall within the carveout.  And you

3        haven't even attempted to do that.

4                MR. DeLANGE:  Your Honor, I disagree.  And

5        here's why.

6                THE COURT:  You didn't even plead it.

7                MR. DeLANGE:  I disagree.  The carveout does

8        not come into play under the Court of Appeals direction

9        in Hooper.

10               This provision does not apply.  They're not

11       entitled to indemnity under this provision for the suit

12       brought by the investors.  We are parties to this

13       contract.  We're not a stranger.

14               THE COURT:  No.  Your clients didn't execute

15       the PSA.

16               MR. DeLANGE:  We did not, but we bought

17       certificates.  We entered into a contract with the

18       trustee for the certificates.

19               THE COURT:  I think Wells Fargo's counsel is

20       correct, you're third-party beneficiaries.  I mean, this

21       is a pure indemnification situation.

22               We still have indemnification situations in

23       which parties to a contract can indemnify one another.

24       But this is a third-party action as far as Wells Fargo

25       is concerned.

26               MR. DeLANGE:  That's how they look at it when

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM    INDEX NO. 654743/2017
NYSCEF DOC. NO. 65                                  RECEIVED NYSCEF: 11/24/2017

Case 1:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc:
Exhibit PIMCO Order and Transcript   Page 21 of 26

20

1                          Proceedings
2       it's convenient for them.
3               They also argue that the trust, who they
4       entered into the contract with, is not an entity that
5       can enter into a contract or suit.
6               So ask yourself, and look at the provision, who
7       is it that can enforce Wells Fargo's obligations under
8       the trust.
9               THE COURT:  In any event, the provision is so
10      broad and it clearly -- the carveout itself explains if
11      there is some malfeasance on the part of Wells Fargo,
12      then they are not to be indemnified.  That's exactly the
13      situation where the certificate holders would be suing.
14      So to me it clearly contemplates that they are to be
15      indemnified and have the right to essentially set up
16      this reserve fund.
17              MR. DeLANGE:  Your Honor, I respectfully
18      disagree.  The Court of Appeals respectfully disagrees
19      in Hooper as well.
20              That says when you look --
21              THE COURT:  That case involved a carveout for
22      negligence.  This carveout requires you to prove almost
23      criminal activity on the part of Wells Fargo.  Willful
24      and deliberate.  Not simply negligence.
25              MR. DeLANGE:  The Court of Appeals in Hooper
26      did not rely on the carveout, your Honor.  The Court in

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM
INDEX NO. 654743/2017
NYSCEF DOC. NO. 65
RECEIVED NYSCEF: 11/24/2017

Case.17-03283-LTS  Doc#.4657-2  Filed.01/09/19  Entered.01/09/19 16:10:42  Desc:
Exhibit PIMCO Order and Transcript  Page 22 of 26

21

```
 1                           Proceedings
 2    Hooper found the indemnity provision did not apply
 3    because it was not unmistakably clear that it applied to
 4    the situation in the suit between the parties.
 5              THE COURT:   I think it is unmistakably clear.
 6    This is exactly the kind of claim, and the carveout
 7    explains it, this is exactly the kind of claim that a
 8    certificate holder would bring.  Who else is going to
 9    sue, the trustee?
10              MR. DeLANGE:   The seller, who has reps and
11    warranties that are within the agreement, the put-back
12    plaintiffs are talking about.
13              THE COURT:   Let's not beat a dead horse.
14              The motion is granted.
15              MR. TAMBE:   Thank you, your Honor.
16              THE COURT:   Settle an order.  It's granted in
17    its entirety.
18              MR. DeLANGE:   Your Honor, can I ask you a
19    question?
20              THE COURT:   Thank you.
21              MR. DeLANGE:   Are we going to get a written
22    order?
23              THE COURT:   The transcript will be so ordered.
24    And I will sign a settle order.
25              You will receive a copy of the proposed order
26    from defendant's counsel.
```

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM INDEX NO. 654743/2017

NYSCEF DOC. NO. 65    Case:17-03283-LTS  Doc#:4657-2  Filed:01/09/19  Entered:01/09/19 16:10:42  Desc: RECEIVED NYSCEF: 11/24/2017
Exhibit PIMCO Order and Transcript   Page 23 of 26

22

1                    Proceedings

2          MR. DeLANGE:  Thank you, your Honor.

3          THE COURT:  Thank you.

4

5              *        *        *        *

6

7          Certified to be a true and accurate transcript

8    of the stenographic minutes taken within.

9

10

11              Diane Kavanaugh
                Diane Kavanaugh, RPR
12              Senior Court Reporter

13                    SO ORDERED. DATE:

14

15

16              CHARLES E. RAMOS
                        J.S.C.
17                   11/20/17

18

19

20

21

22

23

24

25

26

Case 1:17-03283-LTS   Doc#:4657-2   Filed:01/09/19   Entered:01/09/19 16:10:42   Desc:
Exhibit PIMCO Order and Transcript   Page 24 of 26

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

PIMCO ABSOLUTE RETURN STRATEGY 3D  :  Index No. 654743/2017
OFFSHORE FUND LTD., *et al.*,     :  Hon. Charles Ramos (Part 53)
               :  Mot. Seq. No. 007
     Plaintiffs,       :

   v.             :

WELLS FARGO BANK, NATIONAL     :
ASSOCIATION,

     Defendant.      :

-------------------------------------------------------x

### Stipulated Errata to the Transcript of the Oral Argument on
### Wells Fargo's Motion to Dismiss

The parties hereby stipulate and agree that the transcript of oral argument held on

November 13, 2017 before the Honorable Charles E. Ramos regarding Wells Fargo Bank

National Association's motion to dismiss the Complaint in the above-captioned action is

amended as follows:

| Page:Line(s) | Current Text | Change To |
|---|---|---|
| 3:23 | which involves a 261 trust. | which involves a 261 trusts. |
| 6:8 | reunderwriting mortgage funds. | reunderwriting mortgage funds loans. |
| 6:10 | reunderwrite a single mortgage fund. | reunderwrite a single mortgage fund loan. |
| 6:11-12 | across the trust that are | across the trusts that are |
| 6:18 | carveout for willfulness conduct. | carveout for willfulness misconduct. |
| 7:12 | We're both fighting a cold, your Honor. | (Aside) We're both fighting a cold, your Honor. |
| 8:12-13 | that there was a willful misconduct, | that there was a willful misconduct, |
| 10:6 | it smacks at their litigation strategy. | it smacks at of their litigation strategy. |
| 10:15 | that these same highly | that these are the same highly |
| 11:4 | trustees subject of this type of litigation | trustees subject to of this type of litigation |
| 11:18 | reads the way it is. | reads the way it is does. |

FILED: NEW YORK COUNTY CLERK 11/24/2017 10:31 AM          INDEX NO. 654743/2017
NYSCEF DOC. NO. 65                                    RECEIVED NYSCEF: 11/24/2017

| Page:Line(s) | Current Text | Change To |
|---|---|---|
| 12:12 | the use of the word any in | the use of the word "any" in |
| 12:20 | opposition brief to Hooper. | opposition brief to on Hooper. |
| 13:10-11 | It uses the word any lost liability of expense. | It uses the words "any loss lost, liability or expense." |
| 13:14 | When the word any is used | When the word "any" is used |
| 13:16-17 | Hulco and other cases we cite, it's very clear that any is read | Hulko Huloo and the other cases we cite, it's very clear that "any" is read |
| 13:26 | that should apply here, can you | that should apply here, is: can you |
| 16:3 | make withdrawals from certificate | make withdrawals from the certificate |
| 21:8-9 | Who else is going to sue, the trustee? | Who else is going to sue, the trustee? |

Dated: November 15, 2017

BERNSTEIN LITOWITZ BERGER &            JONES DAY
GROSSMANN LLP

By:                                    By:
   Timothy A. DeLange                     Jayant W. Tambe
   Benjamin Galdston                      Howard F. Sidman
   Lucas Gilmore                          250 Vesey Street
   12481 High Bluff Drive, Ste. 300       New York, New York 10281
   San Diego, California 92130            (212) 326-3939
   (858) 793-0070

*Attorneys for Plaintiffs*                 Traci L. Lovitt
                                       100 High Street
                                       Boston, Massachusetts 02110
                                       (617) 449-6900

                                       *Attorneys for Defendant*

-2-

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____            PART 53
                              *Justice*

Index Number : 654743/2017           INDEX NO. _____
PIMCO ABSOLUTE RETURN                MOTION DATE _____
vs.
WELLS FARGO BANK, NATIONAL           MOTION SEQ. NO. _____
SEQUENCE NUMBER : 004
MOTION TO DISMISS

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____  | No(s). _____

Answering Affidavits — Exhibits _____  | No(s). _____

Replying Affidavits _____  | No(s). 53

Upon the foregoing papers, it is ordered that this motion is

> Motion granted as reflected in the Court's transcript. Any party to this matter may request that this Court "So Order" the transcript by submitting a copy of the Court Stenographer's record, together with an errata sheet correcting all errors in the record (counsel's as well as the Court's), to the Clerk of Part 53. If all parties consent to the proposed corrections or agree that no corrections are required, a stipulation to that effect shall accompany said errata sheet or transcript. In the absence of consent, the requesting party shall notice the record for settlement pursuant to CPLR Rule 5525(c).
> In the event the ruling authorizes the entry of a judgment or other action by the clerks, the submission of a proposed order or judgment shall be made to the Judgment Clerk or other appropriate clerk.
> Settle order on notice.

Dated: 11/20/17 _____          , J.S.C.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S): _____

1. CHECK ONE: ...................................... ☑ CASE DISPOSED        ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...............MOTION IS: ☑ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: .................................. ☐ SETTLE ORDER      ☐ SUBMIT ORDER
                                                           ☐ DO NOT POST  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

1 of 1