# EXHIBIT 3

Case:17-03283-LTS Doc#:4657-4 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc
Exhibit RPI v. HSBC Page 2 of 3
Case 1:17-cv-07684-VEC Document 64 Filed 08/02/18 Page 1 of 2

```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED:  8/2/18
```

-------------------------------------------------------------- X
ROYAL PARK INVESTMENTS SA/NV,                  :
Individually and on Behalf of All Others       :
Similarly Situated,                            :
                                               :
                               Plaintiff,      :     17-CV-7684 (VEC)
                                               :
                -against-                      :     ORDER
                                               :
HSBC BANK USA, NATIONAL                        :
ASSOCIATION, as Trustee,                       :
                                               :
                               Defendant.      :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS the instant case involves factual and legal issues that overlap with the underlying litigation between the same parties, 17-CV-8175-LGS-SN;

WHEREAS Defendant, arguing that Plaintiff's claims risk inconsistent determinations on issues common to both cases, has asked this Court "[a]t a minimum [to] stay this proceeding until the conclusion of the [underlying case]," [Dkt. 58 at 5 n.4];

WHEREAS Defendant is a sizeable entity with "deep pockets" from which Plaintiff would undoubtedly be able to recover a judgment should it prevail in this action at some point in the future;

WHEREAS the Court ordered Plaintiff to show cause why this case should not be stayed, and how exactly Plaintiff would be prejudiced were this case not to proceed presently [Dkt. 59];

WHEREAS Plaintiff argues, *inter alia*, that a stay would risk substantial prejudice and irreparable harm to the class, which would become more difficult to certify for injunctive relief; that the outcome of the instant case is not dependent on the underlying litigation; that a stay would effectively render Plaintiff's declaratory and injunctive claims immediately appealable;

Case:17-03283-LTS Doc#:4657-4 Filed:01/09/19 Entered:01/09/19 16:10:42 Desc:
Exhibit RPI v. HSBC Page 3 of 3
Case 1:17-cv-07684-VEC Document 64 Filed 08/02/18 Page 2 of 2

and that Defendant will not suffer any prejudice from resolution of the pending motion to dismiss [Dkt. 60]; and

WHEREAS Defendant contends, *inter alia*, that a stay will serve the interests of judicial efficiency, including by minimizing the possibility of inconsistent adjudications; that HSBC will be able to satisfy any adverse judgment when the case is ultimately decided; that a certified class is unnecessary for pursuing injunctive relief; that Plaintiff has not sought any preliminary injunctions that would suggest its claim is time-sensitive, while issues with class certification will persist regardless of the stay; and that the stay is not a final order that is immediately appealable [Dkt. 62].

IT IS HEREBY ORDERED that this case is stayed pending resolution of the underlying case, 17-CV-8175-LGS-SN. The Court finds that the instant matter involves factual and legal issues that overlap with the underlying case, including Defendant's conduct and level of culpability *vel non*, which will relate to the availability of indemnification in this case. For both matters to proceed simultaneously would be judicially inefficient and risks conflicting determinations. Plaintiff's arguments against a stay do not persuade the Court otherwise.

**SO ORDERED.**

Date: **August 2, 2018**
      **New York, New York**

_____
      **VALERIE CAPRONI**
      **United States District Judge**