# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| ------------------------------------------------------------------x | |
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : |
| MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA |
| | : Title III |
| as representative of | : |
| | : Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : |
| | : (Jointly Administered) |
| Debtors.[1] | : |
| ------------------------------------------------------------------x | |
| THE OFFICIAL COMMITTEE OF UNSECURED | : |
| CREDITORS OF THE COMMONWEALTH OF | : |
| PUERTO RICO, | : |
| | : |
| as agent of | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : |
| MANAGEMENT BOARD FOR PUERTO RICO | : |
| | : |
| as representative of | : Adv. Proc. No. 17-00257-LTS |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BETTINA WHYTE, | : |
| | : |
| as agent of | : |
| | : |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

DX-C

```
THE FINANCIAL OVERSIGHT AND             :
MANAGEMENT BOARD FOR PUERTO RICO        :
                                        :
        as representative of            :
                                        :
THE PUERTO RICO SALES TAX FINANCING     :
CORPORATION,                            :
                                        :
        Defendant.                      :
------------------------------------------x
```

**JOINT INFORMATIVE MOTION OF COMMONWEALTH AGENT AND COFINA
AGENT DISCLOSING AGREEMENT IN PRINCIPLE**

To The Honorable United States District Court Judge Laura Taylor Swain:

1.  On June 5, 2018, the Commonwealth Agent[2] and the COFINA Agent submitted the *Joint Motion of Commonwealth Agent and COFINA Agent Requesting that Court Hold Decision on Motions for Summary Judgment in Abeyance for 60-Day Period* [Adv. Pro. No. 17-257, Dkt. No. 484]. (the "Joint Urgent Motion"), which disclosed that the Agents have reached an agreement in principle to settle the Commonwealth-COFINA Dispute and those related issues that may be mediated pursuant to the order expanding the scope of the Agents' mediation authority.[3]

2.  The Commonwealth Agent and the COFINA Agent respectfully submit this joint informative motion in order to disclose the agreement in principle, which is attached hereto as Exhibit A.

3.  Under paragraph 4(i) of the Stipulation, any settlement requires the consent of at least one of the two Commonwealth Creditor Representatives. The Official Committee of

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Stipulation and Order Approving Procedures to Resolve Commonwealth-COFINA Dispute* [Dkt. No. 996] (the "**Stipulation**").

[3] *Order Granting Joint Urgent Motion of the Financial Oversight and Management Board for Puerto Rico, the Commonwealth Agent, and the COFINA Agent for an Order Expanding for Mediation Purposes Only Authority and Immunity Protections* [Adv. Pro. No. 17-257, Dkt. No. 284].

- 2 -

Retirees is one of the Commonwealth Creditor Representatives. The Official Committee of Retirees has advised the Commonwealth Agent that the Official Committee of Retirees supports the agreement in principle (which support by the Official Committee of Retirees is conditioned on definitive documentation, as it is for both Agents).

4. Although the Agents have reached an agreement in principle, holders of claims that would be affected by a settlement should be aware that there are various conditions precedent and subsequent that may prevent the settlement from ever becoming effective.

*[The remainder of this page is intentionally left blank]*

Dated: June 7, 2018
      New York, New York

Respectfully submitted,

  /s/ *Luc A. Despins*
Luc A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. (*Pro Hac Vice*)
James B. Worthington, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: lucdespins@paulhastings.com
       jamesbliss@paulhastings.com
       jamesworthington@paulhastings.com
       alexbongartz@paulhastings.com

*Counsel to the Commonwealth Agent*


  /s/ *Juan J. Casillas Ayala*
Juan J. Casillas Ayala, Esq.
(USDC – PR 218312)
Diana M. Batlle-Barasorda, Esq.
(USDC – PR 213103)
Alberto J.E. Añeses Negrón, Esq.
(USDC – PR 302710)
Ericka C. Montull-Novoa, Esq.
(USDC – PR 230601)
**CASILLAS, SANTIAGO & TORRES LLC**
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
Facsimile: (787) 523-3433
Email: jcasillas@cstlawpr.com
     dbatlle@cstlawpr.com
     aaneses@cstlawpr.com
     emontull@cstlawpr.com

*Local Counsel to the Commonwealth Agent*

| | |
|---|---|
| Dated: June 7, 2018<br>New York, New York | Respectfully submitted,<br><br>By: /s/ *Matthew A. Feldman*<br>Matthew A. Feldman (*pro hac vice*)<br>Joseph G. Minias (*pro hac vice*)<br>Martin L. Seidel (*pro hac vice*)<br>James C. Dugan (*pro hac vice*)<br>Jeffrey B. Korn (*pro hac vice*)<br>Paul V. Shalhoub (*pro hac vice*)<br>Antonio Yanez, Jr. (*pro hac vice*)<br>**WILLKIE FARR & GALLAGHER LLP**<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br>Email: mfeldman@willkie.com<br>        jminias@willkie.com<br>        mseidel@willkie.com<br>        jdugan@willkie.com<br>        jkorn@willkie.com<br>        pshalhoub@willkie.com<br>        ayanez@willkie.com<br><br>*Counsel to the COFINA Agent* |
| Kenneth N. Klee (*pro hac vice*)<br>Daniel J. Bussel (*pro hac vice*)<br>Jonathan M. Weiss (*pro hac vice*)<br>**KLEE, TUCHIN, BOGDANOFF & STERN LLP**<br>1999 Avenue of the Stars<br>39th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 407-4000<br>Facsimile: (310) 407-9090<br>Email: kklee@ktbslaw.com<br>        dbussel@ktbslaw.com<br>        jweiss@ktbslaw.com<br>*Special Municipal Bankruptcy Counsel to the COFINA Agent* | /s/ *Nilda M. Navarro-Cabrer*<br>Nilda M. Navarro-Cabrer<br>(USDC – PR No. 201212)<br>**NAVARRO-CABRER LAW OFFICES**<br>El Centro I, Suite 206<br>500 Muñoz Rivera Avenue<br>San Juan, Puerto Rico 00918<br>Telephone: (787) 764-9595<br>Facsimile: (787) 765-7575<br>Email: navarro@navarrolawpr.com<br><br>*Local Counsel to the COFINA Agent* |

# EXHIBIT A

**Agreement in Principle**

**Terms and Conditions of Agreement in Principle to
Resolve Commonwealth-COFINA Dispute**

Economic Terms of Settlement

- ➢ COFINA and the Commonwealth would agree to share the statutory Pledged Sales Tax Base Amount ("PSTBA").

- ➢ COFINA will receive (a) 53.65% of the yearly scheduled PSTBA (beginning with payments made on 7/1/18), and (b) 100% of the cash held in trust at Bank of New York Mellon as of 6/30/18.
    - o COFINA's 53.65% portion of the PSTBA would be the first dollars of the 5.5% SUT distributed each year.
    - o Securities to be structured subsequently.
    - o COFINA's Title III plan of adjustment shall provide that, to the extent permitted under applicable law, all restructured securities issued by reorganized COFINA (or a new entity established pursuant to COFINA's Title III plan of adjustment) will be tax-exempt, with the COFINA Agent being satisfied (in its sole discretion), prior to execution of the settlement agreement, that this condition will be met.
    - o The PSTBA shall be equal to the sum of "original fixed income" as prescribed in section 3 of Act 91 (as amended and currently in effect), i.e., the amount of $783.2 million for Fiscal Year 2019, growing at 4% annually up to a cap of $1.85 billion by Fiscal Year 2041. In no event shall the make-whole provision of section 5(d) of Act 91 (as amended and currently in effect) operate to fund amounts on COFINA bonds by reason of any purported acceleration or defaults.

- ➢ The Commonwealth will receive 46.35% of the yearly scheduled PSTBA (beginning with payments made on 7/1/18), any residual of the 5.5% SUT, and the additional 4.5% SUT surcharge.
    - o The Commonwealth's 46.35% share of the PSTBA would be received by the Commonwealth each year after COFINA receives its full 53.65% share of the PSTBA.

- ➢ COFINA shall own each year the first dollars of the 5.5% SUT up to the amount of COFINA's 53.65% share of the PSTBA, and the Commonwealth shall own each year the 5.5% SUT in excess of such amount.

Escrow Account

- ➢ The Commonwealth's share of the PSTBA will be held in escrow by an escrow agent selected by the Commonwealth Agent (in its sole discretion, but after consultation with the Oversight Board) and approved pursuant to an order of the Title III court, with such escrowed funds being allocated to holders of claims against the Commonwealth under a Commonwealth Title III plan of adjustment;

Case:17-03283-LTS Doc#:4759-3 Filed:01/12/19 Entered:01/12/19 17:45:34 Desc:
Exhibit DX-C Page 8 of 14
Case:17-00257-LTS Doc#:486-1 Filed:06/07/18 Entered:06/07/18 20:11:07 Desc:
Exhibit A Page 3 of 9

JUNE 5, 2018

provided, however, that the Commonwealth shall have recourse to the funds in escrow (after exhausting its ordinary sources of liquidity) to the extent necessary to pay for essential services, as determined by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") (or a subsequent entity (if any) having similar supervisory authority as the Oversight Board after confirmation of the Commonwealth's Title III plan of adjustment).

Post-July 1, 2018 Collection of SUT

- SUT revenues collected on or after July 1, 2018 (up to the PSTBA amount) shall be deposited into an escrow account at Delaware Trust Company (the "Interim Escrow Account") pending approval of the settlement by the Title III court, provided that:

    ➢ upon the effective date of the settlement, such escrowed funds shall be released to COFINA and the Commonwealth (subject to the escrow arrangement above) in accordance with the percentage shares of the PSTBA set forth above; and

    ➢ in the event that either (i) the Agents do not execute a settlement agreement within 60 days after the date that the Commonwealth Agent and the COFINA Agent agree to the terms set forth herein, or (ii) the effective date of COFINA's Title III plan of adjustment approving the settlement does not occur within 200 days after the Commonwealth Agent and the COFINA Agent have executed the settlement agreement (as such deadlines may be extended pursuant to the terms hereof), then the ruling by the Title III court concerning the ownership of Pledged Sales Taxes not yet collected by the Commonwealth (as of June 30, 2018) shall be determinative of the disposition of the funds in the Interim Escrow Account (it being understood that neither party is waiving any appellate rights with respect to such determination).

Injunction

The effectiveness of the settlement is conditioned on the following:

➢ An injunction (or some federal legislative action) barring, as part of the settlement, any future challenges to (i) all of the terms of the settlement, (ii) the 5.5% SUT, and (iii) the COFINA structure and its related legislation, with the COFINA Agent being satisfied (in its sole discretion), prior to execution of the settlement agreement, that this condition will be met; provided, however, that any factual or legal findings made by the Title III court in connection with the approval of the settlement (i.e., the order confirming COFINA's Title III plan of adjustment and the order approving the settlement in the Commonwealth's Title III case) with respect to the COFINA structure and its related legislation shall have no preclusive, collateral estoppel, res judicata, precedential, or other similar effect on any aspect of the Title III cases of the Commonwealth of Puerto Rico and its instrumentalities (whether such cases are currently pending before the Title III court or to be commenced in the future) (collectively, the "Title III Cases"), (b) no factual or legal inference may be drawn from such findings in

2

connection with any aspect of the Title III Cases, and (c) no party or counsel for any party shall be precluded from taking a position inconsistent with such findings in any other proceeding or contested matter in the Title III Cases, except (in each of (a), (b), or (c)) to the extent necessary to protect or enforce the terms of the settlement (whether in the Title III Cases or in any other court or proceeding). The purpose and goal of an injunction would be to preclude any future challenges to COFINA and the Commonwealth's respective ownership and other rights to the 5.5% SUT under the settlement.

Title III court to retain jurisdiction over implementation of the settlement, including, without limitation, the allocation of the PSTBA to COFINA and the Commonwealth.

The 5.5% SUT would not be subject to repeal, limit, restraint, priming or dilution by any other lien or loan, or any other interference, with the COFINA Agent being satisfied, prior to execution of the settlement agreement, that this condition will be met; provided, however, that the issuance of Additional Securities (as defined below) shall not be deemed to be a violation of this condition.

Non-Recourse to Commonwealth and 40-Year Maturity

➢ The restructured COFINA securities will (a) be non-recourse to the Commonwealth (including the portion of the PSTBA allocated to the Commonwealth under the terms of the settlement) and (b) have a fixed maturity of not more than 40 years commencing on July 1, 2018.

Commutation

➢ Treatment of monoline insurance policies and commutation will be addressed in COFINA's Title III plan of adjustment.

Event of Default and Acceleration

➢ COFINA will agree to forbear from seeking acceleration against the full 5.5% SUT, but upon an event of default under the restructured COFINA securities, COFINA bondholders will have the right to accelerate their restructured COFINA securities only against COFINA's annual 53.65% share of the PSTBA. For the avoidance of doubt, such acceleration will not affect the Commonwealth's right to receive its 46.35% share of the PSTBA each year or create an obligation on the part of the Commonwealth to top up COFINA's annual 53.65% share of the PSTBA.

Fees and Expenses

➢ No costs (including without limitation professional fees) incurred by the COFINA-side parties (including without limitation COFINA, the COFINA

3

Case:17-03283-LTS Doc#:4759-3 Filed:01/12/19 Entered:01/12/19 17:45:34 Desc:
Exhibit DX-C Page 10 of 14
Case:17-00257-LTS Doc#:486-1 Filed:06/07/18 Entered:06/07/18 20:15:07 Desc:
Exhibit A Page 5 of 9

JUNE 5, 2018

bondholders, and insurers of COFINA bonds) with respect to COFINA (including without limitation the litigation of the Commonwealth-COFINA Dispute, COFINA's Title III plan of adjustment and the structuring of the new securities) shall be borne by the Commonwealth or shall affect the amount of SUT to which the Commonwealth is entitled under the settlement; provided, however, nothing shall affect the right of the COFINA Agent and her professionals to be compensated in accordance with prior orders of the Title III court.

Conditions to Effectiveness

1. Effectiveness of settlement to be conditioned on:

    ➢ Title III court enters (a) an order in COFINA's Title III case confirming COFINA's Title III plan of adjustment that incorporates the settlement and (b) an order in the Commonwealth's Title III case approving the Commonwealth's entry into the settlement. Entry of the settlement order in the Commonwealth's Title III case shall be a condition to confirmation of COFINA's Title III plan of adjustment.

    The settlement shall terminate automatically if the effective date of COFINA's Title III plan of adjustment approving the settlement does not occur within 200 days after the Commonwealth Agent and the COFINA Agent have executed the settlement agreement; provided, however, that the Commonwealth Agent may extend, in its sole discretion, the outside date for the effective date of COFINA's Title III plan of adjustment. If the Oversight Board determines it is impracticable to schedule a timely confirmation hearing on a Commonwealth Title III plan of adjustment embodying the settlement, then the Commonwealth Agent shall use reasonable best efforts to seek approval by the Title III court of the settlement agreement in its Title III case (by filing a motion in its Title III case on or before the later of (a) three days after the deadline to vote on COFINA's Title III plan of adjustment or (b) the day that is 45 days before the date scheduled for the hearing on confirmation of COFINA's Title III plan) contemporaneously with confirmation of COFINA's Title III plan of adjustment incorporating the settlement. The COFINA Agent shall use reasonable best efforts to obtain confirmation of its Title III plan of adjustment incorporating the settlement (accounting for the fact that the Oversight Board is the only party that may propose a Title III plan of adjustment).

    At or before execution of the settlement agreement, the Commonwealth Agent shall be satisfied (in its sole discretion) that a sufficient number of holders of COFINA debt will support COFINA's Title III plan of adjustment incorporating the settlement.

2. The settlement would not be conditioned or tied to the confirmation or effectiveness of a Commonwealth Title III plan of adjustment.

4

Case:17-03283-LTS Doc#:4759-3 Filed:01/12/19 Entered:01/12/19 17:45:34 Desc:
Exhibit DX-C Page 11 of 14
Case:17-00257-LTS Doc#:486-1 Filed:06/07/18 Entered:06/07/18 20:15:07 Desc:
Exhibit A Page 6 of 9

JUNE 5, 2018

Permitted Future Debt Issuances

> ➤ COFINA may issue securities to refinance the restructured COFINA securities issued under COFINA's Title III plan of adjustment, subject to the limitations that (a) regardless of the terms of such new securities, COFINA shall not be entitled to an increase of its share of the PSTBA under the settlement and (b) the maturity date of such new securities is no later than the maturity date of the restructured COFINA securities.

> ➤ To the extent the Oversight Board determines that it is beneficial to the Commonwealth and/or COFINA, the restructured COFINA securities would be callable after a period of time on terms to be negotiated with the Oversight Board.

> ➤ The Commonwealth may cause COFINA to issue future debt or securities out of COFINA (the "Additional Securities"); provided, however, that COFINA will be prohibited from issuing such Additional Securities, unless (i) the interests of the holders of such Additional Securities in the portion of the 5.5% SUT in COFINA's 53.65% share of the PSTBA under the settlement, or subsequently transferred to COFINA by the Commonwealth, is subordinate to the interests of the holders of restructured COFINA securities (or any securities refinancing such securities) in the portion of the 5.5% SUT allocated in COFINA's 53.65% share of the PSTBA under the settlement, (ii) the preceding year's collections of the 5.5% SUT (grown annually at a percentage that is equal to (a) for the fiscal years 2019 through 2023, the SUT growth rates as stated in the Certified Fiscal Plan dated April 19, 2018, and (b) for the fiscal years after fiscal year 2023, the average SUT growth rate for the preceding 5 years) is at least 1.75x times the COFINA debt service for each year (pro forma for any new debt/securities), (iii) the preceding year's collections of the 5.5% SUT is at least 1.10x the maximum COFINA debt service for any year (pro forma for any new debt/securities), and (iv) such Additional Securities are included for purposes of calculating the Commonwealth's debt limitation under Article VI, Section 2 of the Puerto Rico Constitution.

Releases

> ➤ Except as set forth in the settlement agreement, the settlement fully, finally, and forever resolves and releases all claims against and ownership interests in any SUT revenues, including without limitation all claims, causes of action, and counterclaims (i) that were or could have been asserted consistent with the Stipulation and (ii) concerning or relating to the Pledged Sales Taxes or the Commonwealth-COFINA Dispute.[1]

> ➤ Except as to the rights expressly set forth in the settlement agreement, COFINA, all insurers of COFINA bonds, and all holders of COFINA bonds shall be barred

---

[1] Defined terms used in this bullet have the meanings ascribed to such terms in the Stipulation [Docket No. 996].

5

Case:17-03283-LTS Doc#:4759-3 Filed:01/12/19 Entered:01/12/19 17:45:34 Desc:
Exhibit DX-C Page 12 of 14
Case:17-00257-LTS Doc#:486-1 Filed:06/07/18 Entered:06/07/18 20:15:07 Desc:
Exhibit A Page 7 of 9

JUNE 5, 2018

from bringing or pursuing any and all claims (a) in the case of the insurers of COFINA bonds and holders of COFINA bonds, arising out of their capacities as COFINA bondholders/insurers in any way related to the COFINA structure, the SUT, or the Pledged Sales Taxes and (b) in the case of COFINA, in any way related to the COFINA structure, the SUT, or the Pledged Sales Taxes, against the Commonwealth, its instrumentalities, the Commonwealth Agent, the COFINA Agent, the Oversight Board, and each of their respective current and former officers, directors, agents, attorneys, employees, affiliates, advisors, consultants, attorneys, and members.

- For the avoidance of doubt, there shall be no release of any claims by any party against the underwriters of the COFINA bonds or the GO bonds, including their current and former officers, directors, agents, attorneys, employees, affiliates, advisors, consultants, attorneys, and members.

Definitive Documentation and Implementation Process

- The definitive documentation will include (i) the settlement agreement, (ii) the documentation governing the securities to be issued by COFINA, and (iii) COFINA's Title III plan of adjustment (collectively, the "Definitive Documentation").

- The Commonwealth Agent and the COFINA Agent will cooperate with each other with respect to the drafting of the settlement agreement, and, to the extent that the Commonwealth Agent and the COFINA Agent are part of the process of drafting the Definitive Documentation other than the settlement agreement, the Commonwealth Agent and COFINA Agent shall use reasonable best efforts to ensure that the Definitive Documentation is not inconsistent with the settlement.

- Upon the Commonwealth Agent and COFINA Agent having agreed to the terms set forth herein, the Commonwealth Agent and the COFINA Agent shall jointly submit a letter or motion to the Title III court requesting that the court not rule on the Commonwealth-COFINA Dispute for a period of 60 days, so as to allow the parties to document the settlement agreement.

- The agreement set forth in this document shall terminate automatically (except for the section "Post-July 1, 2018 Collection of SUT," which shall survive termination) if the Commonwealth Agent and the COFINA Agent are unable to agree on the terms of the settlement agreement within 60 days after the date that the Commonwealth Agent and the COFINA Agent agree to the terms set forth herein (unless both parties agree in writing to extend such outside date).

- After execution of the settlement agreement, the Commonwealth Agent shall file a motion in COFINA's Title III case requesting entry of an order granting intervention rights to the Commonwealth Agent to appear and be heard with

6

respect to all matters in that case concerning the settlement, and the COFINA Agent shall file a statement in support of such motion. Failure by the Title III court to enter such an order shall not permit either the Commonwealth Agent or the COFINA Agent to terminate the settlement agreement.

[The remainder of this page is intentionally left blank]

The Commonwealth Agent and COFINA Agent hereby agree to act in good faith to negotiate the definitive documents and formalize the terms of the foregoing agreement in principle into a final settlement agreement (subject to the approval of the Court pursuant to the terms of the Stipulation). Notwithstanding anything to the contrary herein, once this Term Sheet has been executed by both Agents, (i) the section "Post-July 1, 2018 Collection of SUT" shall be immediately effective and shall survive any termination or expiration of this Term Sheet, and (ii) the section "Definitive Documentation and Implementation Process" shall be immediately effective.

**ACCEPTED AND AGREED:**

**COFINA AGENT**

| | |
|---|---|
| Signature: | /s/ Bettina M. Whyte |
| Name: | Bettina M. Whyte |
| Date: | June 5, 2018 |

**COMMONWEALTH AGENT (through its counsel, Paul Hastings LLP)**

| | |
|---|---|
| Signature: | /s/ Luc A. Despins |
| Name: | Luc A. Despins |
| Date: | June 5, 2018 |