confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

# PUERTO RICO SALES TAX FINANCING CORPORATION

---

## SEVENTH SUPPLEMENTAL SALES TAX REVENUE BOND RESOLUTION

**authorizing**

### SALES TAX REVENUE BONDS,
### FIRST SUBORDINATE SERIES 2009A

**and**

### SALES TAX REVENUE BONDS, SENIOR SERIES 2009C

---

Resolution No. 2009-10, Adopted on June 10, 2009

---

DX-K

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

# ARTICLE I

## DEFINITIONS AND STATUTORY AUTHORITY

| SECTION 1.1. | Supplemental Resolution | 1 |
| SECTION 1.2. | Definitions | 1 |
| SECTION 1.3. | Interpretation | 4 |
| SECTION 1.4. | Authority for this Series Resolution | 4 |

# ARTICLE II

## AUTHORIZATION OF SERIES 2009A/C BONDS

| SECTION 2.1. | Principal Amount, Designation and Series | 5 |
| SECTION 2.2. | Purposes | 5 |
| SECTION 2.3. | Details of Series 2009A/C Bonds | 5 |
| SECTION 2.4. | Redemption | 9 |
| SECTION 2.5. | Book Entry Provisions | 11 |
| SECTION 2.6. | Events of Default and Remedies; Class Priority | 13 |
| SECTION 2.7. | Form of Series 2009A/C Bonds | 14 |

# ARTICLE III

## DISPOSITION OF PROCEEDS OF SERIES 2009A/C BONDS AND OTHER FUNDS

| SECTION 3.1. | Deposits to Accounts or Transfers | 15 |

# ARTICLE IV

## ACCOUNTS

| SECTION 4.1. | Establishment of Accounts | 15 |

# ARTICLE V

## MISCELLANEOUS

| SECTION 5.1. | Headings | 16 |
| SECTION 5.2. | Governing Law | 16 |
| SECTION 5.3. | Effective Date | 16 |
| SECTION 5.4. | No Representations of Trustee | 16 |
| SECTION 5.5. | Notices | 16 |
| SECTION 5.6. | Invalid Provisions | 17 |

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## SEVENTH SUPPLEMENTAL SALES TAX REVENUE BOND RESOLUTION

### authorizing

### SALES TAX REVENUE BONDS,
### FIRST SUBORDINATE SERIES 2009A

### and

### SALES TAX REVENUE BONDS, SENIOR SERIES 2009C

BE IT RESOLVED by the Puerto Rico Sales Tax Financing Corporation (the "Corporation"), as follows:

## ARTICLE I

## DEFINITIONS AND STATUTORY AUTHORITY

SECTION 1.1.  Supplemental Resolution.  This Supplemental Sales Tax Revenue Bond Resolution (this "Supplemental Resolution") is supplemental to, and is adopted in accordance with, Article II and Article IX of the Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bond Resolution, as amended, adopted by the Corporation on July 13, 2007 (the "General Resolution").   The General Resolution and this Supplemental Resolution are hereinafter collectively referred to as the "Resolution".

SECTION 1.2.  Definitions.  (a) All terms which are defined in Section 101 of the General Resolution or Section 1.1 hereof, unless otherwise defined in subsection (b) of this Section, shall, for all purposes of this Supplemental Resolution, have the same meanings as such terms are given in Section 101 of the General Resolution or Section 1.1 hereof, respectively, unless the context shall clearly indicate some other meaning.

(b)     The following terms shall, for all purposes of this Supplemental Resolution, have the following meanings, unless the context shall clearly indicate some other meaning:

"Applicable Tax-Exempt Municipal Bond Rate," for any Capital Appreciation Series 2009A Bond to be redeemed, will be the Comparable AAA General Obligations yield curve rate for the remaining weighted average maturity date of such Bond as published by Municipal Market Data.  If no such yield curve rate is established for the applicable year, the Comparable AAA General Obligations yield curve rate for the two published maturities most closely corresponding to the applicable year will be determined, and the Applicable Tax-Exempt Municipal Bond Rate will be interpolated or extrapolated from those yield curve rates on a straight-line basis.  This is made available daily by Municipal Market Data and is available to its subscribers through its internet address:  www.tm3.com.  In calculating the Applicable Tax-Exempt Municipal Bond Rate, should Municipal Market Data no longer publish the Comparable AAA General Obligations yield curve rate, the Applicable Tax-Exempt Municipal Bond Rate

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

will equal the Consensus Scale yield curve rate for the applicable year.  The Consensus Scale yield curve rate is made available daily by Municipal Market Advisors and is available to its subscribers through its internet address:  www.theconsensus.com.  The Applicable Tax-Exempt Municipal Bond Rate shall be calculated on the fifth business day preceding the redemption date.

"Beneficial Owner" means, whenever used with respect to a Series 2009A/C Bond, the Person in whose name such Series 2009A/C Bond is recorded as the beneficial owner of such Series 2009A/C Bond by a Participant on the records of such Participant or such Person's subrogee.

"Capital Appreciation Series 2009A Bonds" means the First Subordinate Series 2009A Bonds maturing August 1 in the years 2030, 2031 and 2034, as to which interest is not paid on a current basis but is accrued and compounded on each February 1 and August 1 commencing August 1, 2009, as Compounded Amount.

"Cede & Co." means Cede & Co., the nominee of DTC, and any successor of DTC with respect to the Series 2009A Bonds.

"Convertible Capital Appreciation Series 2009A Bonds" means the First Subordinate Series 2009A Bonds maturing August 1, 2032, as to which interest is not paid on a current basis (but accrues and compounds on each February 1 and August 1 commencing August 1, 2009) until the Current Interest Commencement Date, and thereafter pays current interest on each February 1 and August 1 commencing with February 1, 2017.

"Current Interest Commencement Date" means August 1, 2016.

"Current Interest Series 2009A Bonds" means the First Subordinate Series 2009A Bonds excluding the Capital Appreciation Series 2009A Bonds and the Convertible Capital Appreciation Series 2009A Bonds.

"Current Interest Series 2009A Mandatory Tender Bonds" means the First Subordinate Series 2009A Bonds maturing August 1, 2039 and initially bearing interest at 5% per annum.

"Current Interest Series 2009C Bonds" means all of the Senior Series 2009C Bonds.

"Debt Service Reserve Requirement" for purposes of the Series 2009A Bonds and the Series 2009C Bonds means the amount of zero ($0).

"Government Development Bank" means the Government Development Bank for Puerto Rico.

"Initial Interest Rate" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, the rate of 5.0% per annum.

-2-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

"Initial Multiyear Period" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, the period ending July 31, 2011 during which the Initial Interest Rate is effective.

"Interest Payment Date" means (i) for Current Interest Series 2009A Bonds and the Current Interest Series 2009C Bonds, each February 1 and August 1, commencing February 1, 2010 (for Current Interest Series 2009A Bonds) and August 1, 2009 (for Current Interest 2009C Bonds) and (ii) for the Convertible Capital Appreciation Series 2009A Bonds, each February 1 and August 1 commencing February 1, 2017; provided, that if any Interest Payment Date is a day ("Day X") that is not a Business Day, interest accrued to Day X shall be paid on the next succeeding Business Day.

"Mandatory Tender Date" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, August 1, 2011.

"Outstanding COFINA FRBs" means the Corporation's Outstanding LIBOR-Adjustable Rate Bonds due August 1, 2057.

"Participants" means those broker dealers, banks and other financial institutions for which DTC holds Series 2009A/C Bonds as securities depositary.

"Purchase Date" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, the Mandatory Tender Date or, in the event of a failed remarketing of all of the Current Interest Series 2009A Mandatory Tender Bonds on the Mandatory Tender Date, such later date as the Remarketing Agent shall establish on which all of the Current Interest Series 2009A Mandatory Tender Bonds will be remarketed.

"Purchase Price" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, and on the Mandatory Tender Date or any subsequent Purchase Date, a purchase price equal to the principal amount of the Current Interest Series 2009A Mandatory Tender Bonds, plus accrued interest, if any, to the Purchase Date.

"Record Date" means, with respect to the payment of interest on Current Interest Series 2009A Bonds and on Current Interest Series 2009C Bonds, the fifteenth day of the month (whether or not a Business Day) next preceding such Interest Payment Date.

"Remarketing Agent" means Citigroup Global Markets Inc.

"Remarketing Agreement" means any remarketing agreement pertaining to the Current Interest Series 2009A Mandatory Tender Bonds between the Remarketing Agent and the Corporation.

"Serial Bonds" means (i) the Series 2009A Bonds maturing on or before August 1, 2029, and (ii) the Series 2009C Bonds.

"Series 2009A Bonds" means the Corporation's Sales Tax Revenue Bonds, First Subordinate Series 2009A.

-3-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

"Series 2009A/C Bonds" means, collectively, the Series 2009A Bonds and the Series 2009C Bonds and, with respect to individual bonds, to a bond of either Series 2009A or Series 2009C.

"Series 2009C Bonds" means the Corporation's Sales Tax Revenue Bonds, Senior Series 2009C.

"Stepped-Up Rate" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, the rate of 10.0% per annum.

"Stepped-Up Rate Period" means, with respect to the Current Interest Series 2009A Mandatory Tender Bonds, the period during which such Bonds bear interest at the Stepped-Up Rate.

"Term Bonds" means the Series 2009A Bonds maturing on August 1 in the years 2032, 2037, 2039, 2042, and 2044, in each case as to which there are Sinking Fund Installments.

"2009 BANs" means the Corporation's $900,000,000 aggregate principal amount of Sales Tax Revenue Bonds, First Subordinate 2009 Bond Anticipation Notes issued under the Resolution.

"2009 Refunding Trust Agreement" means the 2009 Refunding Trust Agreement between the Corporation and The Bank of New York Mellon, as Escrow Agent, providing for the creation of an escrow for the defeasance and retirement of the 2009 BANs.

SECTION 1.3. Interpretation. Unless the context clearly otherwise requires, this Series Resolution shall be interpreted in accordance with applicable provisions of the General Resolution.

SECTION 1.4. Authority for this Series Resolution. This Series Resolution is adopted pursuant to the provisions of the Act and the General Resolution.

-4-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

# ARTICLE II

## AUTHORIZATION OF SERIES 2009A/C BONDS

SECTION 2.1. <u>Principal Amount, Designation and Series</u>.   Pursuant to the provisions of the General Resolution, two Series of Bonds to be designated as "Sales Tax Revenue Bonds" which shall be entitled to the benefit, protection and security of such provisions is hereby authorized, further designated "First Subordinate Series 2009A" in the aggregate principal amount at issuance of $4,118,153,700.00, and "Senior Series 2009C" in the aggregate principal amount at issuance of $237,875,000.00. All of the Series 2009A Bonds shall constitute "Subordinate Bonds" under the Resolution. All of the Series 2009C Bonds shall constitute "Senior Bonds" under the Resolution.

SECTION 2.2. <u>Purposes</u>.   The Series 2009A/C Bonds are being issued for the purpose of providing the Corporation with funds (i) to be used, directly or indirectly, for the purposes authorized by the Act, and (ii) to pay Financing Costs, including but not limited to Costs of Issuance.

SECTION 2.3. <u>Details of Series 2009A/C Bonds</u>.   (a)  The Series 2009A Bonds in the aggregate principal amount at issuance of $4,118,153,700.00 shall be dated as of, and shall bear interest (or accrete Compounded Amount) initially from, the initial date of delivery thereof and payment therefor, and shall mature in the years and in the principal amounts, and (except for Capital Appreciation Series 2009A Bonds and except for the Convertible Capital Appreciation Series 2009A Bonds prior to the Current Interest Commencement Date) bear interest payable on each Interest Payment Date at the interest rates per annum, as set forth below:

### First Subordinate Current Interest Series 2009A Bonds (Serial Bonds)

| Maturity Date (August 1) | Principal Amount | Interest Rate |
|---|---|---|
| 2015 | $11,300,000.00 | 3.750% |
| 2016 | 29,705,000.00 | 4.000 |
| 2017 | 11,530,000.00 | 4.250 |
| 2017 | 14,470,000.00 | 5.000 |
| 2018 | 15,625,000.00 | 4.500 |
| 2018 | 39,985,000.00 | 5.000 |
| 2019 | 22,125,000.00 | 4.625 |
| 2019 | 19,420,000.00 | 5.000 |
| 2019 | 46,300,000.00 | 5.250 |
| 2020 | 12,645,000.00 | 4.750 |
| 2020 | 54,345,000.00 | 5.375 |
| 2021 | 53,660,000.00 | 5.500 |
| 2022 | 75,705,000.00 | 5.500 |
| 2023 | 96,870,000.00 | 5.500 |

-5-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

| Maturity Date (August 1) | Principal Amount | Interest Rate |
|---|---|---|
| 2024 | $116,100,000.00 | 5.000% |
| 2027 | 137,230,000.00 | 5.250 |
| 2028 | 204,135,000.00 | 5.500 |
| 2029 | 160,000,000.00 | 6.125 |

$365,000,000 5.75% Term Bonds due August 1, 2037

$200,000,000 6.375% Term Bonds due August 1, 2039

$900,000,000 6.00% Term Bonds due August 1, 2042

$350,000,000 6.50% Term Bonds due August 1, 2044

### First Subordinate Capital Appreciation Series 2009A Bonds

$31,185,700  First Subordinate Capital Appreciation Bonds due August 1, 2030

$21,830,000 First Subordinate Capital Appreciation Bonds due August 1, 2031

$86,140,000 First Subordinate Capital Appreciation Bonds due August 1, 2034

### First Subordinate Convertible Capital Appreciation Series 2009A Bonds

$342,848,000  First  Subordinate  Convertible  Capital  Appreciation  Bonds  due August 1, 2032

### First Subordinate Current Interest Series 2009A Bonds (Mandatory Tender Bonds)

$700,000,000 Bonds due August 1, 2039; Initial Interest Rate: 5.0 %;  Mandatory Tender Date:   August 1, 2011

(b)     The Series 2009C Bonds in the aggregate principal amount of $237,875,000.00 shall be dated as of, and shall bear interest initially from, the initial date of delivery thereof and payment therefor, and shall mature in the year and in the principal amount, and bear interest payable on each Interest Payment Date at the interest rate per annum, as set forth below:

### Senior Current Interest Series 2009C Bonds
$237,875,000 5.75% Bonds due August 1, 2057

(c)     The Series 2009A Bonds excluding the Capital Appreciation Series 2009A Bonds and the Convertible Capital Appreciation Series 2009A Bonds shall constitute Current Interest Bonds consisting of the Serial Bonds and Term Bonds.  The Series 2009C Bonds shall

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

constitute Current Interest Serial Bonds. The Series 2009A Bonds maturing August 1, 2034 shall constitute Capital Appreciation Bonds. The Series 2009A Bonds maturing August 1, 2032 shall constitute Convertible Capital Appreciation Bonds.

(d) Interest on the Current Interest Series 2009A Bonds, and Compounded Amount on the Capital Appreciation Series 2009A Bonds and the Convertible Capital Appreciation Series 2009A Bonds, shall be computed on the basis of a 360-day year of twelve 30-day months. Interest on the Current Interest Series 2009A Bonds (except as otherwise stated below with respect to the Current Interest Series 2009A Mandatory Tender Bonds). Interest on the Current Interest Series 2009C Bonds shall be computed on the basis of a 360-day year of twelve 30-day months and shall be payable on each February 1 and August 1, commencing August 1, 2009. Compounded Amount on the Capital Appreciation Series 2009A Bonds and the Convertible Capital Appreciation Series 2009A Bonds shall be computed each February 1 and August 1, commencing August 1, 2009.

(e) The Current Interest Series 2009A Mandatory Tender Bonds shall bear interest at the Initial Interest Rate through the Initial Multiyear Period until the Mandatory Tender Date, payable on each February 1 and August 1, commencing February 1, 2010. Thereafter, the Current Interest Series 2009A Mandatory Tender Bonds shall bear interest, payable on each February 1 and August 1, at the rate to maturity determined by the Remarketing Agent that will permit the remarketing of all of the Current Interest Series 2009A Mandatory Tender Bonds at par; provided, that if the Remarketing Agent shall not be able to remarket all of the Current Interest Series 2009A Mandatory Tender Bonds on the Mandatory Tender Date, the Current Interest Series 2009A Mandatory Tender Bonds shall bear interest from and after the Mandatory Tender Date, without further notice to Bondowners, at the Stepped-Up Rate until such time as the Remarketing Agent shall establish an interest rate to maturity that shall permit all of the Current Interest Series 2009A Mandatory Tender Bonds to be remarketed at par.

(f) The Current Interest Series 2009A Mandatory Tender Bonds are subject to mandatory tender for purchase on the Mandatory Tender Date (a Purchase Date) and must be tendered for purchase to the Trustee by the owners thereof, with no right of retention by such owners. The Purchase Price on the Mandatory Tender Date or any subsequent Purchase Date is equal to the principal amount of the Current Interest Series 2009A Mandatory Tender Bonds, plus accrued interest, if any, to the Purchase Date. The obligation of the Corporation to purchase Current Interest Series 2009A Mandatory Tender Bonds on the Mandatory Tender Date or any subsequent Purchase Date is subject to the successful remarketing of all Current Interest Series 2009A Mandatory Tender Bonds. The Corporation has no obligation to purchase Current Interest Series 2009A Mandatory Tender Bonds except from remarketing proceeds. The Remarketing Agent may not remarket any Current Interest Series 2009A Mandatory Tender Bonds if a default in the payment of principal of or interest on the Current Interest Series 2009A Mandatory Tender Bonds has occurred and is continuing.

The Remarketing Agent will be required to use its best efforts to remarket the Current Interest Series 2009A Mandatory Tender Bonds on each Purchase Date. If on any Purchase Date money sufficient to pay the Purchase Price is on deposit with the Trustee, acting as tender agent, the Current Interest Series 2009A Mandatory Tender Bonds will be deemed to have been tendered on such date for purchase and interest on such tendered Current Interest Series 2009A Mandatory Tender Bonds will cease to accrue for the benefit of the tendering

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

Bondowner. Current Interest Series 2009A Mandatory Tender Bonds that have been deemed tendered, but have not been delivered to the Trustee, will not be considered Outstanding under the Resolution.

The Remarketing Agreement will allow the Remarketing Agent to resign upon giving 10 days' written notice to the Corporation and Trustee and that the Remarketing Agent may be removed at any time by the Corporation, in accordance with the Resolution, upon seven (7) days' notice to the Trustee, the Remarketing Agent, and each Rating Agency then maintaining a rating on the Current Interest Series 2009A Mandatory Tender Bonds.

Prior to the Mandatory Tender Date (a Purchase Date) for the Current Interest Series 2009A Mandatory Tender Bonds, or a later Purchase Date in the event of a failed remarketing of the Current Interest Series 2009A Mandatory Tender Bonds on the Mandatory Tender Date, the Corporation will determine the interest rate that will be applicable to the Current Interest Series 2009A Mandatory Tender Bonds from and after such Purchase Date. The interest rate or rates to be borne by the Current Interest Series 2009A Mandatory Tender Bonds immediately after any such Purchase Date will be determined by the Remarketing Agent and will be equal to the rate that, in the opinion of the Remarketing Agent, will permit the remarketing of such Current Interest Series 2009A Mandatory Tender Bonds at par.

Payment of the Purchase Price of the Current Interest Series 2009A Mandatory Tender Bonds will be made by the Trustee on the Purchase Date provided that the Current Interest Series 2009A Mandatory Tender Bonds are delivered to the Trustee prior to 11:00 a.m., New York City time, on the Purchase Date, in immediately available funds (or by wire transfer). The principal portion of the Purchase Price of Current Interest Series 2009A Mandatory Tender Bonds tendered for purchase will be paid by the Trustee to the owners solely from the proceeds of the remarketing of the Current Interest Series 2009A Mandatory Tender Bonds by the Remarketing Agent.

In the event that any Current Interest Series 2009A Mandatory Tender Bonds cannot be remarketed to new purchasers on the Mandatory Tender Date, the Corporation has no obligation to purchase the Current Interest Series 2009A Mandatory Tender Bonds tendered on the Mandatory Tender Date, the failed conversion and remarketing will not constitute an Event of Default under the Resolution, the mandatory tender will be deemed to have been rescinded for that date, and such Current Interest Series 2009A Mandatory Tender Bonds (i) will continue to be Outstanding, (ii) will be purchased upon the availability of funds to be received from the subsequent remarketing of such Bonds, (iii) will bear interest at the Stepped-Up Rate from the Mandatory Tender Date until purchased upon a subsequent remarketing, and (iv) will be subject to redemption and mandatory tender for purchase on any date during the subsequent Stepped-Up Rate Period to maturity. In the event of a failed remarketing on the Mandatory Tender Date, the Corporation covenants that it will cause the Current Interest Series 2009A Mandatory Tender Bonds to be remarketed on the earliest possible date on which they can be sold at par at a rate not exceeding 10% per annum.

If a book-entry system is not in effect at the time any Current Interest Series 2009A Mandatory Tender Bond is subject to mandatory tender for purchase, and if the Trustee is in receipt of an amount sufficient to pay the Purchase Price, then such Current Interest Series 2009A Mandatory Tender Bond (or portion) will be deemed purchased on the Purchase Date, and ownership of such Current Interest Series 2009A Mandatory Tender Bond (or portion) shall be transferred to the purchaser thereof. Any registered owner who fails to deliver such Current

-8-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

Interest Series 2009A Mandatory Tender Bond for purchase will not be entitled to any payment other than the Purchase Price for such Current Interest Series 2009A Mandatory Tender Bond upon surrender of such Current Interest Series 2009A Mandatory Tender Bond to the Trustee, and such Current Interest Series 2009A Mandatory Tender Bond will no longer be Outstanding and entitled to the benefits of the Resolution, except for the payment of the Purchase Price of such Current Interest Series 2009A Mandatory Tender Bond from moneys held by the Trustee for such payment upon presentation and surrender of the Current Interest Series 2009A Mandatory Tender Bond. Moneys which remain unclaimed three years after the due date will, at the request of the Corporation, and if the Corporation is not, at the time, to the knowledge of the Trustee, in default with respect to any covenant in the Resolution or the Current Interest Series 2009A Mandatory Tender Bonds, be paid to the Corporation, and the owners of the Current Interest Series 2009A Mandatory Tender Bonds for which the deposit was made will thereafter be limited to a claim against the Corporation.

Notice of tender for purchase on the Mandatory Tender Date or subsequent Purchase Date shall be given not less than 15 days prior to such Mandatory Tender Date or Purchase Date by first-class mail, postage prepaid, to The Depository Trust Company, New York, New York (or if the book-entry only system has been discontinued with respect to the Current Interest Series 2009A Mandatory Tender Bonds, to the registered owners of the Current Interest Series 2009A Mandatory Tender Bonds at their addresses appearing upon the registration books). The notice shall provide that the tender is conditioned upon the ability of the Remarketing Agent to remarket all (and not less than all) of the Current Interest Series 2009A Mandatory Tender Bonds on such Mandatory Tender Date or subsequent Purchase Date and should it not be possible for such Bonds to be remarketed in whole on such date, the tender will be postponed (with such owners retaining their Current Interest Series 2009A Mandatory Tender Bonds) until such date as such Bonds are able to be so remarketed. Failure to mail the notice of tender to the registered owner of any Current Interest Series 2009A Mandatory Tender Bond will not affect the tender or remarketing of said Bond or any other Current Interest Series 2009A Mandatory Tender Bond.

(g)     The Series 2009A/C Bonds shall be issuable in denominations of $5,000 (for Capital Appreciation Series 2009A Bonds and Convertible Capital Appreciation Series 2009A Bonds, of maturity amount) or integral multiples thereof. Each Series 2009A Bond shall be lettered "2009AR" and each Series 2009C bond shall be lettered "2009CR", and shall be numbered consecutively from (1) upwards in order of authentication by the Trustee or otherwise in such manner as the Trustee in its discretion shall determine.

(h)     Except as otherwise provided in Section 2.5, the principal of and premium, if any, and interest on the Series 2009A/C Bonds shall be payable at the Corporate Trust Office of the Trustee. Except as otherwise provided in Section 2.5, interest on the Series 2009A/C Bonds shall be paid by check or draft of the Trustee mailed to the Owners thereof as of the applicable Record Date at their respective addresses as shown on the registration books of the Corporation maintained by the Trustee, or, at the option of the Owner of $1,000,000 or more in principal amount at maturity of the Series 2009A/C Bonds, by written notice to the Trustee from such Owner at least fifteen (15) calendar days prior to the related payment date, by wire transfer.

SECTION 2.4.  Redemption.   (a)   The Term Bonds shall be redeemed in part through application of Sinking Fund Installments as provided in Sections 403 and 508 of the General Resolution, in each case at a Redemption Price equal to the Compounded Amount of the

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

respective Series 2009A Bond or portion thereof to be redeemed.  Subject to the provisions of Section 508 of the General Resolution permitting amounts to be credited toward part or all of any Sinking Fund Installment, with respect to the Series 2009A Bonds due on each of the dates specified above, there shall be due and the Corporation shall in any and all events be required to pay on each Sinking Fund Installment date set forth in the following respective table the amount set opposite such date, and said amount is hereby established and shall constitute a Sinking Fund Installment for the retirement of the respective Series 2009A Bonds (the principal amount set opposite the maturity date in said table shall be payable on such maturity date and shall not constitute a Sinking Fund Installment):

| August 1, 2032 Maturity | | August 1, 2037 Maturity | |
|---|---|---|---|
| Sinking Fund Installment Date (August 1) | Amount | Sinking Fund Installment Date (August 1) | Amount |
| 2030 | $ 16,378,784 | 2036 | $182,500,00 |
| 2031 | 75,177,216 | 2037 | 182,500,00 |
| 2032 | 251,292,000 | | |

| August 1, 2039 Maturity | | August 1, 2039 Maturity (Mandatory Tender Bond) | |
|---|---|---|---|
| Sinking Fund Installment Date (August 1) | Amount | Sinking Fund Installment Date (August 1) | Amount |
| 2038 | $100,000,000 | 2036 | $ 83,780,000 |
| 2039 | 100,000,000 | 2037 | 120,220,000 |
| | | 2038 | 219,800,000 |
| | | 2039 | 276,200,000 |

| August 1, 2042 Maturity | | August 1, 2044 Maturity | |
|---|---|---|---|
| Sinking Fund Installment Date (August 1) | Amount | Sinking Fund Installment Date (August 1) | Amount |
| 2040 | $299,995,000 | 2043 | $175,000,000 |
| 2041 | 300,000,000 | 2044 | 175,000,000 |
| 2042 | 300,005,000 | | |

(b)     The Current Interest Series 2009A Bonds (other than the Current Interest Series 2009A Mandatory Tender Bonds) shall be subject to redemption at the option of the Corporation from any source, including without limitation the proceeds of Refunding Bonds or other financing provided by the Corporation, in whole or in part in any order of

-10-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

maturity determined by the Corporation, at any time on and after August 1, 2019 (provided, that for the Current Interest Series 2009A Bonds maturing August 1, 2029, this date shall be February 1, 2014), at a Redemption Price equal to the principal amount thereof plus interest, if any, accrued to the redemption date, and without premium.

(c)     The Current Interest Series 2009A Mandatory Tender Bonds are not subject to redemption prior to the Mandatory Tender Date. The Current Interest Series 2009A Mandatory Tender Bonds are subject to redemption at the option of the Corporation from any source, including without limitation the proceeds of Refunding Bonds or other financing provided by the Corporation, on the Mandatory Tender Date and on any date during the Stepped-Up Rate Period, at a Redemption Price equal to the principal amount thereof plus interest, if any, accrued to the redemption date, and without premium.

(d)     The Capital Appreciation Series 2009A Bonds shall be subject to redemption at the option of the Corporation from any source, including without limitation the proceeds of refunding Bonds or other financing provided by the Corporation, in whole or in part in any order of maturity determined by the Corporation, at any time on and after August 1, 2014 at a Redemption Price equal to the greater of (i) 100% of the Compounded Amount thereof, and (ii) the sum of the present values of the remaining scheduled payments of debt service on the Bonds to be redeemed, discounted on a semiannual basis, assuming a 360-day year consisting of twelve 30-day months, at the Applicable Tax-Exempt Municipal Bond Rate plus .30% (30 basis points).

(d)     The Convertible Capital Appreciation Series 2009A Bonds shall be subject to redemption at the option of the Corporation from any source, including without limitation the proceeds of refunding Bonds or other financing provided by the Corporation, in whole or in part in any order of maturity determined by the Corporation, at any time on and after August 1, 2026, at a Redemption Price equal to the Compounded Amount thereof, and without premium.

(e)     The Current Interest Series 2009C Bonds shall be subject to redemption at the option of the Corporation from any source, including without limitation the proceeds of refunding Bonds or other financing provided by the Corporation, in whole or in part in any order of maturity determined by the Corporation, at any time on and after August 1, 2019, at a Redemption Price equal to the principal amount thereof plus interest, if any, accrued to the redemption date, and without premium.

SECTION 2.5.  Book Entry Provisions.  (a)  Except as provided in subsection (d) of this Section, the Owner of all of the Series 2009A/C Bonds shall be Cede & Co., as nominee for DTC, and the Series 2009A Bonds shall be registered in the name of Cede & Co., as nominee for DTC.  Payment of interest on any Series 2009A/C Bond registered in the name of Cede & Co. shall be made by wire transfer of Federal or equivalent same day funds to the account of Cede & Co. on the Interest Payment Date for the Series 2009A/C Bonds at the address indicated for Cede & Co. in the registration books of the Corporation maintained by the Trustee.

-11-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

(b)    The Series 2009A/C Bonds initially shall be issued in the form of separate single authenticated fully registered Bonds in the amount of each separate stated maturity and for each separate "CUSIP" number within a maturity of the Series 2009A/C Bonds.  Upon initial issuance, the ownership of the Series 2009A/C Bonds shall be registered in the registration books of the Corporation maintained by the Trustee in the name of Cede & Co., as nominee of DTC.  The Trustee and the Corporation may treat DTC (or its nominee) as the sole and exclusive Owner of the Series 2009A/C Bonds registered in its name for the purposes of payment of the principal or Redemption Price of or interest on the Series 2009A/C Bonds, selecting the Series 2009A/C Bonds or portions thereof to be redeemed, giving any notice permitted or required to be given to Owners of the Series 2009A/C Bonds under the General Resolution or this Supplemental Resolution, registering the transfer of the Series 2009A/C Bonds, obtaining any consent or other action to be taken by Owners of the Series 2009A/C Bonds and for all other purposes whatsoever, and neither the Trustee nor the Corporation shall be affected by any notice to the contrary.  The Trustee and the Corporation shall not have any responsibility or obligation to any Participant, any Person claiming a beneficial ownership interest in the Series 2009A/C Bonds under or through DTC or any Participant, or any other Person which is not shown on the registration books as being an Owner of the Series 2009A/C Bonds, with respect to the accuracy of any records maintained by DTC or any Participant; the payment of DTC or any Participant of any amount in respect of the principal or Redemption Price of or interest on the Series 2009A/C Bonds; any notice which is permitted or required to be given to Owners of the Series 2009A/C Bonds under the General Resolution or this Supplemental Resolution; the selection by DTC or any Participant of any Person to receive payment in the event of a partial redemption of the Series 2009A/C Bonds; or any consent given or other action taken by DTC as Owner of the Series 2009A/C Bonds.

(c)    The Trustee shall pay all principal of, and premium, if any, and interest on the Series 2009A/C Bonds only to or upon the order of Cede & Co., as nominee for DTC (as that term is used in the Uniform Commercial Code as adopted in the Commonwealth), and all such payments shall be valid and effective to fully satisfy and discharge the Corporation's obligations with respect to the principal of, and premium, if any, and interest on the Series 2009A/C Bonds to the extent of the sum or sums so paid.  No person other than DTC shall receive an authenticated Series 2009A/C Bond for each separate stated maturity or separate "CUSIP" number within a maturity evidencing the obligation of the Corporation to make payments of principal of and premium, if any, and interest on the Series 2009A/C Bonds pursuant to the General Resolution and this Supplemental Resolution.  Upon delivery by DTC to the Trustee of written notice to the effect that DTC has determined to substitute a new nominee in place of Cede & Co., and subject to the provisions herein with respect to transfers, the word "Cede & Co." in this Supplemental Resolution shall refer to such new nominee of DTC.

(d)    In the event the Corporation determines that it is in the best interest of the Beneficial Owners that they be able to obtain Series 2009A or Series 2009C Bond certificates, the Corporation may notify DTC and the Trustee, whereupon DTC will notify the Participants, of the availability through DTC of the Series 2009A or 2009C Bond certificates, as applicable, subject to DTC procedures.  In such event, the Corporation shall issue, and the Trustee shall transfer and exchange, Series 2009A or 2009C Bond certificates as requested by DTC and any other Series 2009A/C Bond owners in appropriate amounts.  DTC may determine to discontinue providing its services with respect to the Series 2009A or 2009C Bonds at any time by giving

-12-

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

notice to the Corporation and the Trustee and discharging its responsibilities with respect thereto under applicable law. Under such circumstances (if there is no successor securities depositary), the Corporation and the Trustee shall be obligated to deliver Series 2009A or 2009C Bond certificates as described in the General Resolution. In the event Series 2009A or 2009C Bond certificates are issued, the provisions of the General Resolution shall apply to, among other things, the transfer and exchange of such certificates and the method of payment of principal and of and Redemption Price interest on such certificates. Whenever DTC requests the Corporation and the Trustee to do so, the Trustee and the Corporation will cooperate with DTC in taking appropriate action after reasonable notice (i) to make available one or more separate certificates evidencing the Series 2009A or 2009C Bonds to any DTC Participant having Series 2009A or 2009C Bonds credited to its DTC account or (ii) to arrange for another securities depositary to maintain custody of certificates evidencing the Series 2009A or 2009C Bonds.

(e)    Notwithstanding any other provision of the General Resolution or this Supplemental Resolution to the contrary, so long as any Series 2009A/C Bond is registered in the name of Cede & Co., as nominee of DTC, all payments with respect to the principal of, and premium, if any, and interest on such Series 2009A/C Bond and all notices with respect to and surrender or delivery of such Series 2009A/C Bond shall be made and given, respectively, to or by DTC as provided by DTC's operating procedures. Bondholders shall have no lien or security interest in any rebate or refund paid by DTC to the Trustee which arises from the payment by the Trustee of principal of or interest on the Series 2009A/C Bonds in accordance with existing arrangements with DTC.

(f)    In connection with any notice or other communication to be provided to Owners of Series 2009A/C Bonds pursuant to the General Resolution or this Supplemental Resolution by the Corporation or the Trustee with respect to any consent or other action to be taken by Owners of Series 2009A/C Bonds, the Corporation or the Trustee, as the case may be, shall establish a record date for such consent or other action and give DTC notice of such record date not less than 15 calendar days in advance of such record date to the extent possible. Notice to DTC shall be given only when DTC under this subsection (f) is the sole Owner of the Series 2009A/C Bonds.

SECTION 2.6.  Events of Default and Remedies; Class Priority. As provided in Article XI of the Resolution, the Series 2009C Bonds shall be accorded Class Priority on a parity with all other Senior Bonds and Parity Obligations. As provided therein, the Series 2009A Bonds shall be accorded Class Priority immediately behind Senior Bonds and Parity Obligations. All Senior Bonds and all Parity Obligations related thereto shall be accorded senior status such that no Event of Default may be declared for default related to the Series 2009A Bonds, and no remedy may be invoked under said Article XI for any such default on the Series 2009A Bonds, until the Senior Bonds and all Parity Obligations related thereto are fully retired or are defeased in accordance with the provisions of the Resolution. Upon such retirement or defeasance of Senior Bonds and Parity Obligations, remedies available for Events of Default on the Series 2009A Bonds and First Subordinate Obligations shall be in accordance with the provisions of Section 1103 of the Resolution (inserting the Series 2009A Bonds and First Subordinate Obligations in the place of Senior Bonds and Parity Obligations).

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

SECTION 2.7.  Form of Series 2009A/C Bonds.  Subject to the provisions of the General Resolution, the Series 2009A Bonds and the Series 2009C Bonds shall be in substantially the form of Exhibit A, with necessary and appropriate variations, omissions and insertions as permitted by the General Resolution and this Supplemental Resolution.

-14-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## ARTICLE III

## DISPOSITION OF PROCEEDS OF SERIES 2009A/C BONDS AND OTHER FUNDS

SECTION 3.1. <u>Deposits to Accounts or Transfers</u>.   Upon receipt by the Corporation or the Trustee of the proceeds of sale of the Series 2009A/C Bonds, there shall be deposited by the Corporation or the Trustee in or transferred by the Corporation or the Trustee to:

(a)   Government Development Bank (account information: Citibank, N.A. ABA #021000089, for Government Development Bank (GDB) Account No. 36008661, for further credit to the related BGF-COFINA Acct.), the amount of $6,885,680.09 for Costs of Issuance; provided, that amounts shall be wired to recipients thereof as directed to the Trustee in writing by Government Development Bank;

(b)   To the credit of the Bond Proceeds Account, the amount of Series 2009A/C Bond proceeds equal to $4,240,632,741.50, to be applied for the payment of any of the purposes stated in Section 2.2(i) hereof.

## ARTICLE IV

## ACCOUNTS

SECTION 4.1. <u>Establishment of Accounts</u>.   The Trustee shall establish the following Accounts, separately with respect to the Series 2009A Bonds and the Series 2009C Bonds:

Series 2009A Bond Proceeds Subaccount in the Bond Proceeds Account

Series 2009A (First Subordinate/Tax-Exempt) Debt Service Subaccount in the Debt Service Account

Series 2009C Bond Proceeds Subaccount in the Bond Proceeds Account

Series 2009C (First Subordinate/Tax-Exempt) Debt Service Subaccount in the Debt Service Account

-15-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## ARTICLE V

## MISCELLANEOUS

SECTION 5.1. <u>Headings</u>. The section headings contained herein are for reference purposes only and will not affect in any way the meaning or interpretation of this Supplemental Resolution.

SECTION 5.2. <u>Governing Law</u>. This Supplemental Resolution shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth; provided, however, that to the maximum extent permitted by applicable law, the rights, privileges and duties of the Trustee and any paying agent shall be governed by the law of the jurisdiction in which its Corporate Trust Office is located.

SECTION 5.3. <u>Effective Date</u>. This Supplemental Resolution shall take effect upon the filing with the Trustee of a copy hereof, certified by an Authorized Officer of the Corporation.

SECTION 5.4. <u>No Representations of Trustee</u>. The recitals of fact contained herein and in the Series 2009A/C Bonds shall be taken as the statements of the Corporation and the Trustee assumes no responsibility for the correctness of the same. The Trustee makes no representations as to the validity or sufficiency of the General Resolution or this Supplemental Resolution or of any Bonds issued thereunder or as to the security afforded by the Resolution or this Supplemental Resolution, and the Trustee shall incur no liability in respect thereof. The Trustee shall, however, be responsible for its representation contained in its certificate of authentication on the Series 2009A/C Bonds.

SECTION 5.5. <u>Notices</u>. Except as otherwise provided herein, all notices, certificates or other communications hereunder shall be in writing and shall be deemed given upon receipt, by hand delivery, mail, overnight delivery, telecopy or other electronic means, except in the case of communications given to the Trustee, which shall be effective only upon actual receipt addressed as follows:

<u>To the Trustee:</u>

The Bank of New York Mellon
101 Barclay Street—7W
New York, New York 10286
Attention: Corporate Trust Division- Corporate Finance Unit
Phone: 212-815-6955
Fax: 212-815-5595/5596

-16-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

To the Corporation:

Puerto Rico Sales Tax Financing Corporation
c/o Government Development Bank for Puerto Rico
Roberto Sanchez Vilella Government Center
De Diego Avenue, Stop 22
Santurce, Puerto Rico 00940;  Attention:  Executive Director


       SECTION 5.6.  <u>Invalid Provisions</u>.  In case any provision in this Supplemental Resolution or the Series 2009A/C Bonds shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

-17-

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

**EXHIBIT A**

**FORM OF CURRENT INTEREST SERIES 2009A[C] BONDS**

No. 2009AR [CR]-__                                                $_____

**PUERTO RICO SALES TAX FINANCING CORPORATION**
**SALES TAX REVENUE BOND**
**FIRST SUBORDINATE [SENIOR] SERIES 2009A[C]**

| DATED DATE | MATURITY DATE | INTEREST RATE | CUSIP NO. |
|---|---|---|---|
| | August 1, ____ | __% | _____ |

**REGISTERED OWNER:** Cede & Co.

**PRINCIPAL AMOUNT:** _____ DOLLARS

      **PUERTO RICO SALES TAX FINANCING CORPORATION** (herein sometimes called the "Corporation"), an instrumentality of the Commonwealth of Puerto Rico (the "Commonwealth"), acknowledges itself indebted, and for value received, hereby promises to pay to the REGISTERED OWNER named above or registered assigns, upon presentation and surrender of this bond at the Corporate Trust Office (as defined in the General Resolution) of the Trustee hereinafter mentioned on the MATURITY DATE specified above (unless redeemed prior thereto as hereinafter provided), the PRINCIPAL AMOUNT specified above, and to pay interest thereon from the most recent interest payment date to which interest has been paid, or, if no interest has been paid, from the DATED DATE specified above, until the earlier of the maturity or redemption of this bond, at the per annum INTEREST RATE specified above, payable on each February 1 and August 1, commencing [August 1, 2009]. Both the principal of and the interest on this bond are payable in any coin or currency of the United States of America which, on the respective dates of payment thereof, shall be legal tender for the payment of public and private debts. Payment of the interest on this bond on any interest payment date will be made to the person appearing on the registration books of the Corporation maintained by the Trustee as the registered owner hereof as of the fifteenth day of the month (whether or not a business day) next preceding such interest payment date, such interest to be paid by check or draft mailed to the registered owner at such registered owner's address or, at the option of a registered owner of at least $1,000,000 in aggregate principal amount of the Series 2009A[C] Bonds (hereinafter defined) who so requests the Trustee in writing at least 15 calendar days prior to such interest payment date, by wire transfer.

      The Series 2009A[C] Bonds are payable by the Corporation solely from the Pledged Property held under the Resolution. The Series 2009A[C] Bonds and other obligations

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

of the Corporation do not constitute a debt or obligation of the Commonwealth nor of its instrumentalities (other than the Corporation), and neither the Commonwealth nor its public instrumentalities (other than the Corporation) is responsible for the payment of the Series 2009A[C] or such other obligations, for which the full faith, credit and taxing power of the Commonwealth is not pledged.

The Series 2009A[C] Bonds are subject to redemption prior to maturity as provided in the Resolution. Notice of redemption shall be given as provided in the Resolution.

This bond is one of the bonds of a duly authorized series of bonds in the aggregate principal amount at issuance of $                 designated "Sales Tax Revenue Bonds, [First Subordinate][Senior] Series 2009A[C]" authorized to be issued pursuant to Act No. 91 of the Legislative Assembly of Puerto Rico, approved May 13, 2006, as amended, and under and pursuant to a Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bond Resolution adopted by the Corporation on July 13, 2007 (as amended, herein called the "General Resolution"), and a Seventh Supplemental Sales Tax Revenue Bond Resolution adopted by the Corporation on June 10, 2009 (such supplemental resolution and the General Resolution are herein called, collectively, the "Resolution"), for the purposes set forth in the Resolution.

The Series 2009A[C] Bonds are part of a duly authorized issue of bonds issued and to be issued under the Act and under and pursuant to the Resolution for the purposes described in the Resolution. The Series 2009A[C] Bonds, all previously issued bonds and any additional bonds issued under the Resolution are herein referred to collectively as the "Bonds".

The Bonds are special obligations of the Corporation. There is pledged to the payment of the principal or redemption price, if any, of and interest on the Bonds in accordance with the provisions of the Resolution and in accordance with the Class Priority set forth in the Resolution, the Pledged Property as defined and provided in the Resolution, subject only to the provisions of the Resolution permitting the use and application thereof for the purposes and on the conditions set forth in the Resolution. Such pledge and other obligations of the Corporation may be discharged, wholly or in part, at or prior to the maturity of the Bonds upon the making of provision for the payment of the principal thereof and the interest thereon on the terms and conditions set forth in the General Resolution.

Copies of the Resolution are on file at the office of the Corporation, and at the Corporate Trust Office of The Bank of New York Mellon, as trustee under the Resolution (including its successors, herein called the "Trustee"), and reference to the Resolution and any and all supplements thereto and amendments thereof and to the Act is made for a description of the pledges and covenants securing the Bonds, the nature, extent and manner of enforcement of such pledges and covenants, the terms and conditions upon which Bonds have been issued and additional Bonds may be issued, the rights and remedies of the registered owners of the Bonds with respect thereto, and to other terms and provisions of the Bonds. To the extent and in the manner permitted by the terms of the General Resolution, the provisions of the General Resolution or any resolution amendatory thereof or supplemental thereto may be modified or amended.

A-2

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

The registered owner of this bond shall have no right to enforce the provisions of the Resolution, to institute action to enforce the provisions of the Resolution or to institute, appear in or defend any suit or other proceeding with respect thereto, except as provided in the Resolution.

This bond is transferable, as provided in the Resolution, only upon the books of the Corporation maintained for that purpose at the Corporate Trust Office of the Trustee by the registered owner hereof in person or by his attorney duly authorized in writing, upon surrender of this bond together with a written instrument of transfer duly executed by the registered owner or such registered owner's attorney duly authorized in writing, and thereupon a new fully registered Series 2009A[C] Bond or Bonds in the same aggregate principal amount, and of the same series, maturity and interest rate, shall be issued to the transferee in exchange therefor as provided in the General Resolution and upon the payment of the charges, if any, therein prescribed. The Corporation and the Trustee may treat and consider the person in whose name this bond is registered as the absolute owner hereof for the purpose of receiving payment of, or on account of, the principal or redemption price, if any, hereof and interest due hereon and for all other purposes whatsoever.

This bond shall not be valid or obligatory for any purpose or be entitled to any security or benefit under the Resolution until the Certificate of Authentication hereon shall have been signed by the Trustee.

IT IS HEREBY CERTIFIED, RECITED AND DECLARED that all acts, conditions and things required by the Constitution and statutes of the Commonwealth of Puerto Rico and the Resolution to exist, to have happened and to have been performed precedent to and in the issuance of this bond, exist, have happened and have been performed in due time, form and manner as required by law and that the issue of the Series 2009A[C] Bonds, together with all other indebtedness of the Corporation, is within every debt and other limit prescribed by law.

IN WITNESS WHEREOF, the PUERTO RICO SALES TAX FINANCING CORPORATION has caused this bond to be executed in its name by the manual or facsimile signature of an authorized representative, as of the DATED DATE specified above.

PUERTO RICO SALES TAX FINANCING
CORPORATION

By:_____
          Executive Director

[SEAL]

Attest:

_____
Secretary or Assistant Secretary

A-3

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

## CERTIFICATE OF AUTHENTICATION

This bond is one of the Series 2009A[C] Bonds described in the within mentioned Resolution.

**THE BANK OF NEW YORK MELLON**, as Trustee

By:_____
            Authorized Signatory

Date of Authentication:

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

A-4

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sells, assigns, and transfers unto

_____

(please print or typewrite name and address of transferee)

_____

(please insert social security or other identifying number of assignee)
(For computer record only)

the within Bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ Attorney to transfer the within
Bond on the books kept for registration thereof, with full power of substitution in the premises.

Dated: _____

Signature Guaranteed

_____     _____

_____     _____

By:

_____

Signatures must be guaranteed by an
"eligible guarantor institution" meeting the
requirements of the Trustee, which
requirements include membership or
participation in the Security Transfer
Agent Medallion Program ("STAMP") or
such other "signature guarantee program"
as may be determined by the Trustee in
addition to, or in substitution for, STAMP,
all in accordance with the Securities
Exchange Act of 1934, as amended.

A-5

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

**EXHIBIT B**

## FORM OF CAPITAL APPRECIATION AND CONVERTIBLE CAPITAL APPRECIATION SERIES 2009A BONDS

No. 2009AR-__                                                                      $_____

### PUERTO RICO SALES TAX FINANCING CORPORATION
### SALES TAX REVENUE BOND
### FIRST SUBORDINATE SERIES 2009A

| DATED DATE | MATURITY DATE | CUSIP NO. |
|---|---|---|
| | August 1, ____ | _____ |

**REGISTERED OWNER:**   Cede & Co.

**PRINCIPAL AMOUNT AT ISSUANCE:** _____
**DOLLARS**

**PRINCIPAL AMOUNT**
**AT MATURITY:**        _____ **DOLLARS**

          **PUERTO RICO SALES TAX FINANCING CORPORATION** (herein sometimes called the "Corporation"), an instrumentality of the Commonwealth of Puerto Rico (the "Commonwealth"), acknowledges itself indebted, and for value received, hereby promises to pay to the REGISTERED OWNER named above or registered assigns, upon presentation and surrender of this bond at the Corporate Trust Office (as defined in the General Resolution) of the Trustee hereinafter mentioned on the MATURITY DATE specified above (unless redeemed prior thereto as hereinafter provided), the PRINCIPAL AMOUNT AT MATURITY specified above. The principal (consisting of Compounded Amount) of this bond is payable in any coin or currency of the United States of America which, on the date of payment thereof, shall be legal tender for the payment of public and private debts. Interest on this bond shall not be payable on a current basis [until August 1, 2016] but shall be compounded, and added to principal, on each August 1 and February 1 commencing August 1, 2009 such that the PRINCIPAL AMOUNT AT ISSUANCE specified above shall accrete to equal the PRINCIPAL AMOUNT AT MATURITY specified above on [August 1, 2016] the MATURITY DATE specified above. [On and after August 1, 2016, interest on this bond shall accrue at the rate of 6.75% per annum, on each February 1 and August 1, commencing February 1, 2017.]

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

The Bonds are payable by the Corporation solely from the Pledged Property held under the Resolution. The Bonds do not constitute a debt, obligation or pledge of the full faith, credit and taxing power of the Commonwealth of Puerto Rico or any of its municipalities or political subdivisions or of instrumentalities (other than the Corporation), and neither the Commonwealth of Puerto Rico nor any of its municipalities or political subdivisions nor instrumentalities (other than the Corporation) shall be liable for the payment thereof.

The Series 2009A Bonds are subject to redemption prior to maturity as provided in the Resolution. Notice of redemption shall be given as provided in the Resolution.

This bond is one of the bonds of a duly authorized series of bonds in the aggregate principal amount at issuance of $4,118,153,700 designated "Sales Tax Revenue Bonds, First Subordinate Series 2009A" (herein called the "Series 2009A Bonds") authorized to be issued pursuant to Act No. 91 of the Legislative Assembly of Puerto Rico, approved May 13, 2006, as amended, and under and pursuant to a Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bond Resolution adopted by the Corporation on July 13, 2007 (as amended, herein called the "General Resolution"), and a Seventh Supplemental Sales Tax Revenue Bond Resolution adopted by the Corporation on June 10, 2009 (such supplemental resolution and the General Resolution are herein called, collectively, the "Resolution"), for the purposes set forth in the Resolution.

The Series 2009A Bonds are part of a duly authorized issue of bonds issued and to be issued under the Act and under and pursuant to the Resolution for the purposes described in the Resolution. The Series 2009A Bonds, any previously issued bonds and any additional bonds issued under the Resolution are herein referred to collectively as the "Bonds".

The Bonds are special obligations of the Corporation. There is pledged to the payment of the principal or redemption price, if any, of and interest on the Bonds in accordance with the provisions of the Resolution and in accordance with the Class Priority set forth in the Resolution, the Pledged Property as defined and provided in the Resolution, subject only to the provisions of the Resolution permitting the use and application thereof for the purposes and on the conditions set forth in the Resolution. Such pledge and other obligations of the Corporation may be discharged, wholly or in part, at or prior to the maturity of the Bonds upon the making of provision for the payment of the principal thereof and the interest thereon on the terms and conditions set forth in the General Resolution.

Copies of the Resolution are on file at the office of the Corporation, and at the Corporate Trust Office of The Bank of New York Mellon, as trustee under the Resolution (including its successors, herein called the "Trustee"), and reference to the Resolution and any and all supplements thereto and amendments thereof and to the Act is made for a description of the pledges and covenants securing the Bonds, the nature, extent and manner of enforcement of such pledges and covenants, the terms and conditions upon which Bonds have been issued and additional Bonds may be issued, the rights and remedies of the registered owners of the Bonds with respect thereto, and to other terms and provisions of the Bonds. To the extent and in the manner permitted by the terms of the General Resolution, the provisions of the General Resolution or any resolution amendatory thereof or supplemental thereto may be modified or amended.

B-2

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

The registered owner of this bond shall have no right to enforce the provisions of the Resolution, to institute action to enforce the provisions of the Resolution or to institute, appear in or defend any suit or other proceeding with respect thereto, except as provided in the Resolution.

This bond is transferable, as provided in the Resolution, only upon the books of the Corporation maintained for that purpose at the Corporate Trust Office of the Trustee by the registered owner hereof in person or by his attorney duly authorized in writing, upon surrender of this bond together with a written instrument of transfer duly executed by the registered owner or such registered owner's attorney duly authorized in writing, and thereupon a new fully registered Series 2009A Bond or Bonds in the same aggregate principal amount, and of the same series, maturity and interest rate, shall be issued to the transferee in exchange therefor as provided in the General Resolution and upon the payment of the charges, if any, therein prescribed. The Corporation and the Trustee may treat and consider the person in whose name this bond is registered as the absolute owner hereof for the purpose of receiving payment of, or on account of, the principal or redemption price, if any, hereof and interest due hereon and for all other purposes whatsoever.

This bond shall not be valid or obligatory for any purpose or be entitled to any security or benefit under the Resolution until the Certificate of Authentication hereon shall have been signed by the Trustee.

**IT IS HEREBY CERTIFIED, RECITED AND DECLARED** that all acts, conditions and things required by the Constitution and statutes of the Commonwealth of Puerto Rico and the Resolution to exist, to have happened and to have been performed precedent to and in the issuance of this bond, exist, have happened and have been performed in due time, form and manner as required by law and that the issue of the Series 2009A Bonds, together with all other indebtedness of the Corporation, is within every debt and other limit prescribed by law.

**IN WITNESS WHEREOF**, the PUERTO RICO SALES TAX FINANCING CORPORATION has caused this bond to be executed in its name by the manual or facsimile signature of an authorized representative, as of the DATED DATE specified above.

> **PUERTO RICO SALES TAX FINANCING CORPORATION**
>
> By:_____
>     Executive Director

[SEAL]

Attest:

_____
Secretary or Assistant Secretary

B-3

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## CERTIFICATE OF AUTHENTICATION

This bond is one of the Series 2009A Bonds described in the within mentioned Resolution.

**THE BANK OF NEW YORK MELLON**, as Trustee

By:_____
            Authorized Signatory

Date of Authentication:

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

B-4

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12

Proskauer Rose
Jan 03, 2017 15:12

## ASSIGNMENT

FOR VALUE RECEIVED, the undersigned hereby sells, assigns, and transfers unto

_____

(please print or typewrite name and address of transferee)


_____

(please insert social security or other identifying number of assignee)
(For computer record only)


the within Bond and all rights thereunder, and hereby irrevocably constitutes and appoints
_____ Attorney to transfer the within
Bond on the books kept for registration thereof, with full power of substitution in the premises.

Dated: _____

Signature Guaranteed

_____     _____


_____     _____

By:

_____     _____

Signatures must be guaranteed by an
"eligible guarantor institution" meeting the
requirements of the Trustee, which
requirements include membership or
participation in the Security Transfer
Agent Medallion Program ("STAMP") or
such other "signature guarantee program"
as may be determined by the Trustee in
addition to, or in substitution for, STAMP,
all in accordance with the Securities
Exchange Act of 1934, as amended.

B-5

556522.10 032563 RES

confidential
D Desatnik
Proskauer Rose
Jan 03, 2017 15:12