## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x
                              :

LEX CLAIMS, LLC, *et al.*,             :

                   :

             Plaintiffs,    :

                   :

       - against -        :    Civil No. 3:16-cv-2374 (FAB)

                   :

ALEJANDRO GARCIA PADILLA, *et al.*,  :

                   :

           Defendants.   :

                   :

-------------------------------------------------------------x

## COFINA DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

       COME NOW Defendants Puerto Rico Sales Tax Financing Corporation

("COFINA") and the Honorable Juan Vaquer, as Executive Director of COFINA (collectively,

the "COFINA Defendants"), specially appearing without submitting to the jurisdiction of this

Court, and allege and state in answer to Plaintiffs' Second Amended Complaint that they:

       1.     Admit that Plaintiffs purport to characterize their pleadings as alleged in

the first sentence of paragraph 1 of the Second Amended Complaint, state that Plaintiffs'

characterizations of the Puerto Rico Oversight, Management, and Economic Stability Act,

48 U.S.C. § 2101 *et seq*. ("PROMESA") in the second sentence of such paragraph are legal

arguments requiring no response, and otherwise deny the allegations in such paragraph, except

refer the Court to PROMESA for its provisions and effect.

       2.     Deny the allegations in paragraph 2 of the Second Amended Complaint.

       3.     Deny the allegations in paragraph 3 of the Second Amended Complaint,

except refer the Court to Section 204 of PROMESA for its provisions and effect.

4.      Deny the allegations in paragraph 4 of the Second Amended Complaint, except refer the Court to Section 207 of PROMESA for its provisions and effect.

5.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Second Amended Complaint, except refer the Court to the Puerto Rico Constitution, and its Article VI, for its provisions and effect.

6.      State that the allegations in paragraph 6 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to the Puerto Rico Constitution and Exhibit A of the Second Amended Complaint for their provisions and effect.

7.      Deny the allegations in paragraph 7 of the Second Amended Complaint, except refer the Court to Exhibits B and C of the Second Amended Complaint for their text.

8.      State that the allegations in paragraph 8 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA and the Puerto Rico Constitution for their provisions and effect.

9.      State that the allegations in paragraph 9 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except admit that Governor Garcia Padilla issued Executive Order 2016-30 (the "Executive Order"), and refer the Court to the Executive Order and PROMESA for their provisions and effect.

10.      State that the allegations in paragraph 10 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such

paragraph, except admit that the Commonwealth enacted a budget for Fiscal Year 2017, and refer the Court to the text of such budget for its provisions and effect.

11.    Deny the allegations in paragraph 11 of the Second Amended Complaint, except refer the Court to the alleged legislation enacted by the Commonwealth of Puerto Rico for its provisions and effect.

12.    State that the allegations in paragraph 12 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

13.    Admit that Plaintiffs purport to characterize their pleadings as alleged in paragraph 13 of the Second Amended Complaint, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

14.    Deny the allegations in paragraph 14 of the Second Amended Complaint, except refer the Court to PROMESA for its provisions and effect.

15.    State that the allegations in paragraph 15 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

16.    State that the allegations in paragraph 16 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

17.    State that the allegations in paragraph 17 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except admit that Governor Garcia Padilla issued the Executive Order on the same

day PROMESA was signed into law, and refer the Court to the Executive Order for its provisions and effect.

18. Deny the allegations in paragraph 18 of the Second Amended Complaint.

19. State that the allegations in paragraph 19 of the Second Amended Complaint other than the first sentence are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, deny the allegations in the first sentence of such paragraph, and refer the Court to Act No. 56-2007, Act No. 291-2006, and the Puerto Rico Constitution for their provisions and effect.

20. State that the allegations in paragraph 20 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA, the Puerto Rico Constitution, and the Executive Order for their provisions and effect.

21. State that the allegations in paragraph 21 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

22. Deny the allegations in paragraph 22 of the Second Amended Complaint.

23. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Second Amended Complaint, except admit that the parties listed in such paragraph are Plaintiffs in this action.

24. Admit the allegations in paragraph 24 of the Second Amended Complaint.

25. Admit the allegations in paragraph 25 of the Second Amended Complaint, except state that the allegations in footnote 1 of such paragraph are legal arguments requiring no response, and otherwise deny the allegations in such footnote.

26.     Admit the allegations in paragraph 26 of the Second Amended Complaint.

27.     State that the allegations in paragraph 27 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except admit the allegations in the first sentence of such paragraph.

28.     Deny the allegations in paragraph 28 of the Second Amended Complaint, except admit that Puerto Rico law provides for the official duties of each of the individuals listed in paragraphs 25 through 27 of the Second Amended Complaint.

29.     Admit the allegations in paragraph 29 of the Second Amended Complaint.

30.     Admit the allegations in paragraph 30 of the Second Amended Complaint.

31.     Admit the allegations in paragraph 31 of the Second Amended Complaint.

32.     Deny the allegations in paragraph 32 of the Second Amended Complaint, except admit that the Defendants listed in paragraphs 29 through 31 of the Second Amended Complaint have the respective roles ascribed to them in those paragraphs.

33.     Admit that Plaintiffs purport to characterize their pleadings and this litigation as alleged in paragraph 33 of the Second Amended Complaint, and otherwise deny the allegations in such paragraph.

34.     State that the allegations in paragraph 34 of the Second Amended Complaint are legal argument requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

35.     Deny the allegations in paragraph 35 of the Second Amended Complaint, except admit that Governor Garcia Padilla delivered an address on June 29, 2015, and refer the Court to the transcript of that address for its text.

36.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Second Amended Complaint concerning which legislative options the Commonwealth of Puerto Rico considered in response to its unprecedented fiscal crisis, and otherwise deny the allegations in such paragraph.

37.     Deny the allegations in paragraph 37 of the Second Amended Complaint, except admit that the Commonwealth of Puerto Rico considered various legislative options in response to its unprecedented fiscal crisis, and refer the Court to the actions of Congress for their provisions and effect.

38.     State that the allegations in paragraph 38 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except admit that Congress passed PROMESA, that the President signed it into law on June 30, 2016, and refer the Court to PROMESA for its provisions and effect.

39.     State that the allegations in paragraph 39 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

40.     State that the allegations in paragraph 40 of the Second Amended Complaint are legal arguments requiring no response, except admit the allegations in the first three sentences of such paragraph, and refer the Court to PROMESA for its provisions and effect.

41.     State that the allegations in paragraph 41 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

42. Deny the allegations in paragraph 42 of the Second Amended Complaint, except refer the Court to Section 405(a)(1) of PROMESA for its provisions and effect.

43. Deny the allegations in paragraph 43 of the Second Amended Complaint, except refer the Court to Section 405(a)(2) of PROMESA for its provisions and effect.

44. State that the allegations in paragraph 44 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

45. State that the allegations in the first sentence of paragraph 45 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such sentence, and deny the remaining allegations of such paragraph.

46. State that the allegations in paragraph 46 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

47. State that the allegations in the first sentence of paragraph 47 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such sentence, and deny the remaining allegations of such paragraph, except refer the Court to PROMESA for its provisions and effect.

48. Deny the allegations in paragraph 48 of the Second Amended Complaint.

49. State that the allegations in paragraph 49 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

50.     State that the allegations in paragraph 50 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

51.     State that the allegations in paragraph 51 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

52.     State that the allegations in paragraph 52 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA and Section 207 thereof for their provisions and effect.

53.     State that the allegations in paragraph 53 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA and Section 303(3) thereof for their provisions and effect.

54.     State that the allegations in paragraph 54 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA and Section 303(3) thereof for their provisions and effect.

55.     State that the allegations in paragraph 55 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

56.     State that the allegations in paragraph 56 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such

paragraph, except refer the Court to PROMESA and Section 303(1) thereof for their provisions and effect.

57. State that the allegations in paragraph 57 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

58. State that the allegations in paragraph 58 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to PROMESA for its provisions and effect.

59. State that the allegations in paragraph 59 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to the applicable law and contractual documents governing the referenced bonds for their provisions and effect.

60. Deny the allegations in paragraph 60 of the Second Amended Complaint, except admit that the Commonwealth of Puerto Rico has General Obligation Bond obligations outstanding, and refer the Court to the applicable law and contractual documents governing the referenced bonds for their provisions and effect.

61. State that the allegations in the last sentence of paragraph 61 of the Second Amended Complaint are legal arguments requiring no response, otherwise deny such allegations, and deny the remaining allegations in rest of such paragraph, except admit that the Commonwealth of Puerto Rico has General Obligation Guaranteed Bond obligations outstanding.

62. Deny the allegations in paragraph 62 of the Second Amended Complaint, except admit that the Commonwealth of Puerto Rico has bond obligations outstanding.

63.     State that the allegations in paragraph 63 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny the allegations in such paragraph, except refer the Court to the Puerto Rico Constitution and the alleged 2014 Official Statement for their provisions and effect.

64.     Deny the allegations in paragraph 64 of the Second Amended Complaint, except admit that Congress enacted Public Law No. 81-600 in 1950 and refer the Court to Public Law 600, H.R. Doc. No. 82-435, and the Joint Resolution of July 3, 1952 for their provisions and effect.

65.     Deny the allegations in paragraph 65 of the Second Amended Complaint, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

66.     Deny the allegations in paragraph 66 of the Second Amended Complaint, except refer the Court to P.R. Laws Ann. tit. 23 § 104(c) for its provisions and effect.

67.     Deny the allegations in paragraph 67 of the Second Amended Complaint except refer the Court to the Puerto Rico Constitution and P.R. Laws. Ann. tit. 13 §§ 37 and 38 for their provisions and effect.

68.     State that the allegations in the last sentence of paragraph 68 of the Second Amended Complaint are legal arguments requiring no response, otherwise deny such allegations, and deny the allegations in rest of such paragraph, except admit that the Governor of Puerto Rico made the statements alleged and refer the Court to such statements for their text.

69.     State that the allegations in paragraph 69 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

70.     State that the allegations in paragraph 70 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

71.     State that the allegations in paragraph 71 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

72.     State that the allegations in paragraph 72 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

73.     State that the allegations in paragraph 73 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution and P.R. Laws. Ann. tit. 23, § 104(c) for their provisions and effect.

74.     Deny the allegations in paragraph 74 of the Second Amended Complaint.

75.     Deny the allegations in paragraph 75 of the Second Amended Complaint, except admit that Governor Garcia Padilla issued the Executive Order 2016-30 on June 30, 2016.

76.     State that the allegations in paragraph 76 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and PROMESA for their provisions and effect.

77.     Deny the allegations in paragraph 77 of the Second Amended Complaint, except refer the Court to the GDB press release in Exhibit D for its text.

78.     Deny the allegations in paragraph 78 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget, the

Commonwealth of Puerto Rico's financial disclosures alleged, the GDB press release in Exhibit D, and the Executive Order in Exhibit F for their text, provisions and effect.

79.     State that the allegations in the last sentence of paragraph 79 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, and deny the allegations in rest of such paragraph, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget and the Commonwealth of Puerto Rico's financial disclosures alleged for their provisions and effect.

80.     Deny the allegations in paragraph 80 of the Second Amended Complaint, except refer the Court to P.R. Laws. Ann. tit 23, § 104(d)(1) for its provisions and effect.

81.     Deny the allegations in paragraph 81 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget for its provisions and effect.

82.     Deny the allegations in paragraph 82 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget for its provisions and effect.

83.     Deny the allegations in paragraph 83 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget for its provisions and effect.

84.     Deny the allegations in paragraph 84 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget for its provisions and effect.

85.     Deny the allegations in paragraph 85 of the Second Amended Complaint.

86.     Deny the allegations in paragraph 86 of the Second Amended Complaint, except refer the Court to the Commonwealth of Puerto Rico's Fiscal Year 2017 budget, PROMESA, and the Puerto Rico Constitution for their provisions and effect.

87.     Deny the allegations in paragraph 87 of the Second Amended Complaint, except admit that the Governor of Puerto Rico signed Act No. 74-2016 into law on July 20, 2016 and refer the Court to such Act, PROMESA, and the Puerto Rico Constitution for their provisions and effect.

88.     State that the allegations in paragraph 88 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to Act No 74-2016 for its provisions and effect.

89.     Deny the allegations in paragraph 89 of the Second Amended Complaint, except refer the Court to Act No. 74-2016 for its provisions and effect.

90.     State that the allegations in paragraph 90 of the Second Amended Complaint are legal arguments requiring no response, otherwise deny such allegations, except refer the Court to Act No. 74-2106, PROMESA, and the Puerto Rico Constitution for their provisions and effect.

91.     Deny the allegations in paragraph 91 of the Second Amended Complaint, except admit that Governor Garcia Padilla signed the Executive Order in Exhibit E and refer the Court to the Executive Order for its provisions and effect.

92.     Deny the allegations in paragraph 92 of the Second Amended Complaint, except refer the Court to the official statements made by Governor Garcia Padilla, GDB, and the Office of the Secretary of the Treasury for their text.

93.     Paragraph 93 purports to allege legal conclusions, and no response thereto is required.  To the extent Paragraph 93 contains factual allegations, COFINA Defendants deny such allegations.

94.     Deny the allegations in paragraph 94 of the Second Amended Complaint.

95.     State that the allegations in paragraph 95 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to Act No. 56-2007 for its provisions and effect.

96.     Deny the allegations in paragraph 96 of the Second Amended Complaint, except admit that COFINA has issued bonds.

97.     Deny the allegations in paragraph 97 of the Second Amended Complaint, except admit that the COFINA bond structure operates as set forth in the Official Statement for Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bonds, First Subordinate Series 2011A, and refers the Court to such Official Statement for its provisions and effect.

98.     State that the allegations in paragraph 98 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution and Act No. 56-2007 for their provisions and effect.

99.     Deny the allegations in paragraph 99 of the Second Amended Complaint.

100.     State that the allegations in paragraph 100 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

101.     State that the allegations in paragraph 101 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

102.     State that the allegations in paragraph 102 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to Act No. 117-2006 for its provisions and effect.

103.     State that the allegations in paragraph 103 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

104.     State that the allegations in paragraph 104 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

105.     State that the allegations in paragraph 105 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except admit that COFINA derives its revenues from SUT revenues.

106.     State that the allegations in paragraph 106 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to P.R. Laws Ann. tit. 13 §§ 11a(b) and 14a for their provisions and effect.

107.     State that the allegations in paragraph 107 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

108.     Deny the allegations in paragraph 108 of the Second Amended Complaint.

109.     Deny the allegations in paragraph 109 of the Second Amended Complaint.

110.     State that the allegations in paragraph 110 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

111.     State that the allegations in paragraph 111 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

112.     Deny the allegations in paragraph 112 of the Second Amended Complaint, except admit that the Commonwealth of Puerto Rico issued General Obligation Bonds of 2014 pursuant to the 2014 GO Bond Resolution, and refer the Court to such Resolution for its provisions and effect.

113.     State that the allegations in paragraph 113 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the 2014 GO Bond Resolution for its provisions and effect.

114.     State that the allegations in paragraph 114 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the 2014 GO Bond Resolution for its provisions and effect.

115.     State that the allegations in paragraph 115 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the 2014 GO Bond Resolution for its provisions and effect.

116.     State that the allegations in paragraph 116 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the 2014 GO Bond Resolution for its provisions and effect.

117.     State that the allegations in paragraph 117 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the various Puerto Rico General Obligation Bond resolutions alleged for their provisions and effect.

118.     State that the allegations in paragraph 118 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the 2012 GO Bond Resolution for its provisions and effect.

119.     State that the allegations in paragraph 119 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the 2012 GO Bond Resolution for its provisions and effect.

120.     State that the allegations in paragraph 120 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the 2006 Official Statement for PRIFA Special Tax Revenue Bonds alleged for its provisions and effect.

121.     State that the allegations in paragraph 121 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

122.     State that the allegations in paragraph 122 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and Executive Order 2016-30 for their provisions and effect.

123.     State that the allegations in paragraph 123 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and Executive Order 2016-30 for their provisions and effect.

124.     State that the allegations in paragraph 124 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and Executive Order 2016-30 for their provisions and effect.

125.     State that the allegations in paragraph 125 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations,

except refer the Court to the Moratorium Act and Executive Order 2016-30 for their provisions
and effect.

### ANSWER TO FIRST CAUSE OF ACTION
#### Declaratory and Injunctive Relief
#### (Against the Commonwealth Officer Defendants)
#### PROMESA §§ 204(c)(3) (codified at 48 U.S.C. § 2144(c)(3)),
#### 207 (codified at 48 U.S.C. § 2147); 28 U.S.C. § 2201(a)

126.    Repeat and re-allege their answers and responses to the allegations in
paragraphs 1 through 125 of the Second Amended Complaint as their answers and responses to
paragraph 126 of the Second Amended Complaint.

127.    State that the allegations in the first sentence of paragraph 125 of the
Second Amended Complaint are legal arguments requiring no response, and otherwise deny such
allegations, except refer the Court to the Declaratory Judgment Act for its provisions and effect,
and admit that Plaintiffs purport to characterize their pleadings as alleged in the second sentence
of such paragraph.

128.    Deny the allegations in paragraph 128 of the Second Amended Complaint.

129.    Deny the allegations in paragraph 129 of the Second Amended Complaint.

130.    Deny the allegations in paragraph 130 of the Second Amended Complaint.

131.    Deny the allegations in paragraph 131 of the Second Amended Complaint.

132.    Deny the allegations in paragraph 132 of the Second Amended Complaint.

133.    Deny the allegations in paragraph 133 of the Second Amended Complaint,
except admit that Plaintiffs purport to characterize their pleadings as alleged in such paragraph.

134.    Deny the allegations in paragraph 134 of the Second Amended Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**
**Declaratory and Injunctive Relief**
**(Against the Commonwealth Officer Defendants and the COFINA Defendants)**
**PROMESA § 303(3) (codified at 48 U.S.C. § 2163(3)); 28 U.S.C. § 2201(a)**

135.     Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 134 of the Second Amended Complaint as their answers and responses to paragraph 135 of the Second Amended Complaint.

136.     Deny the allegations in paragraph 136 of the Second Amended Complaint, except admit that Plaintiffs purport to characterize their pleadings as alleged in such paragraph.

137.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Second Amended Complaint.

138.     Deny the allegations in paragraph 138 of the Second Amended Complaint.

139.     Deny the allegations in paragraph 139 of the Second Amended Complaint.

140.     Deny the allegations in paragraph 140 of the Second Amended Complaint.

141.     Deny the allegations in paragraph 141 of the Second Amended Complaint.

142.     Deny the allegations in paragraph 142 of the Second Amended Complaint.

143.     State that the allegations in paragraph 143 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to PROMESA for its provisions and effect.

144.     Deny the allegations in paragraph 144 of the Second Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants)
### PROMESA § 303(1) (codified at 48 U.S.C. § 2163(1)); 28 U.S.C. § 2201(a)

145.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 144 of the Second Amended Complaint as their answers and responses to paragraph 145 of the Second Amended Complaint.

146.    State that the allegations in the first and second sentences of paragraph 146 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act or 11 U.S.C. § 109(b)(2) for their provisions and effect, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of such paragraph.

147.    State that the allegations in paragraph 147 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and PROMESA for their provisions and effect.

148.    Deny the allegations in paragraph 148 of the Second Amended Complaint.

149.    Deny the allegations in paragraph 149 of the Second Amended Complaint.

150.    Deny the allegations in paragraph 150 of the Second Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants and the COFINA Defendants)
### Article VI of the Puerto Rico Constitution; 28 U.S.C. § 2201(a)

151.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 150 of the Second Amended Complaint as their answers and responses to paragraph 151 of the Second Amended Complaint.

152.    State that the allegations in paragraph 152 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

153.    State that the allegations in paragraph 153 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

154.    State that the allegations in paragraph 154 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Moratorium Act and the Executive Order for their provisions and effect.

155.    State that the allegations in paragraph 155 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Puerto Rico Constitution for its provisions and effect.

156.    Deny the allegations in paragraph 156 of the Second Amended Complaint.

157.    Deny the allegations in paragraph 157 of the Second Amended Complaint.

### ANSWER TO FIFTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants and the COFINA Defendants)
### Article VI, Section 2 of the Puerto Rico Constitution; 28 U.S.C. § 2201(a)

158.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 157 of the Second Amended Complaint as their answers and responses to paragraph 158 of the Second Amended Complaint.

159.    State that the allegations in paragraph 159 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the text of the Puerto Rico Constitution for its provisions and effect.

160.    Deny the allegations in paragraph 160, except refer the Court to Act No.
56-2007 for its provisions and effect.

161.    State that the allegations in paragraph 161 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except admit that Banco Popular de Puerto Rico and First Data Corp. have a role in the process
of collection of revenue by or on behalf of the Commonwealth that may be transferred through
various accounts to a trust account established by or for Bank of New York Mellon as trustee for
certain bonds issued by COFINA, and refer the Court to the Puerto Rico Constitution for its
provisions and effect.

162.    State that the allegations in paragraph 162 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except refer the Court to the Puerto Rico Constitution for its provisions and effect.

### ANSWER TO SIXTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants)
### Contract Clause of the United States Constitution; 28 U.S.C. § 2201(a)

163.    Repeat and re-allege their answers and responses to the allegations in
paragraphs 1 through 162 of the Second Amended Complaint as their answers and responses to
paragraph 163 of the Second Amended Complaint.

164.    State that the allegations in paragraph 164 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except refer the Court to the United States Constitution, the Puerto Rico Constitution, the
Moratorium Act, and the Executive Order for their provisions and effect.

165.    State that the allegations in the first three sentences of paragraph 165 of
the Second Amended Complaint are legal arguments requiring no response, and otherwise deny

- 22 -

such allegations, except refer the Court to the Puerto Rico Constitution, the Moratorium Act, and

the Executive Order for their provisions and effect, and deny the allegations in the fourth

sentence of such paragraph.

166.  Deny the allegations in paragraph 166 of the Second Amended Complaint.

167.  Deny the allegations in paragraph 167 of the Second Amended Complaint,

except admit that the Office of the Secretary of the Treasury issued a press release regarding the

general fund on July 28, 2016, and refer the Court to the text of that document for its provisions

and effect.

168.  Deny the allegations in paragraph 168 of the Second Amended Complaint,

except refer the Court to the text of the budgets and official government statements alleged for

their provisions and effect.

169.  Deny the allegations in paragraph 169 of the Second Amended Complaint,

except admit that KPMG published a study regarding Puerto Rico tax policy on October 31,

2014, admit that a budget for Fiscal Year 2017 has been approved, and refer the Court to the text

of those documents for their provisions and effect.

170.  Deny the allegations in paragraph 170 of the Second Amended Complaint.

171.  Deny the allegations in paragraph 171 of the Second Amended Complaint.

172.  Deny the allegations in paragraph 172 of the Second Amended Complaint.

**ANSWER TO SEVENTH CAUSE OF ACTION**
**Declaratory and Injunctive Relief**
**(Against the Commonwealth Officer Defendants)**
**Contract Clause of the Puerto Rico Constitution; 28 U.S.C. § 2201(a)**

173.  Repeat and re-allege their answers and responses to the allegations in

paragraphs 1 through 172 of the Second Amended Complaint as their answers and responses to

paragraph 173 of the Second Amended Complaint.

174.    State that the allegations in paragraph 174 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the United States and Puerto Rico Constitutions for their provisions and effect.

### ANSWER TO EIGHTH CAUSE OF ACTION
**Monetary, Declaratory, and Injunctive Relief**
**(Against the Commonwealth and the Commonwealth Officer Defendants)**
**Takings and Due Process Clauses of the United States Constitution; 28 U.S.C. § 2201(a)**

175.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 174 of the Second Amended Complaint as their answers and responses to paragraph 175 of the Second Amended Complaint.

176.    State that the allegations in paragraph 176 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the United States Constitution for its provisions and effect.

177.    Deny the allegations in paragraph 177 of the Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' ownership of bonds and what Plaintiffs mean by "vested contractual and property rights."

178.    State that the allegations in paragraph 178 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

179.    State that the allegations in paragraph 179 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the United States Constitution, the Puerto Rico Constitution, the Moratorium Act, and the Executive Order for their provisions and effect.

180.    Deny the allegations in paragraph 180 of the Second Amended Complaint.

## ANSWER TO NINTH CAUSE OF ACTION
### Monetary, Declaratory, and Injunctive Relief
### (Against the Commonwealth and the Commonwealth Officer Defendants)
### Takings and Due Process Clauses of the Puerto Rico Constitution; 28 U.S.C. § 2201(a)

181.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 180 of the Second Amended Complaint as their answers and responses to paragraph 181 of the Second Amended Complaint.

182.    State that the allegations in paragraph 182 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the United States and Puerto Rico Constitutions for their provisions and effect.

## ANSWER TO TENTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants)
### Unconstitutional Denial of Access to Courts; 28 U.S.C. § 2201(a)

183.    Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 182 of the Second Amended Complaint as their answers and responses to paragraph 183 of the Second Amended Complaint.

184.    State that the allegations in paragraph 184 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the Executive Order and the Moratorium Act for their provisions and effect.

185.    State that the allegations in paragraph 185 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations, except refer the Court to the United States Constitution, the Executive Order, and the Moratorium Act for their provisions and effect.

**ANSWER TO ELEVENTH CAUSE OF ACTION**
**Declaratory and Injunctive Relief**
**(Against the Commonwealth Officer Defendants)**
**The Moratorium Act Is Invalid as Applied to the 2014 GO Bonds**
**Because the Puerto Rico Legislative Assembly Lacks Authority**
**to Modify the Terms of New York Law; 28 U.S.C. § 2201(a)**

186.    Repeat and re-allege their answers and responses to the allegations in
paragraphs 1 through 185 of the Second Amended Complaint as their answers and responses to
paragraph 186 of the Second Amended Complaint.

187.    Deny the allegations of paragraph 187 of the Second Amended Complaint,
except refer the Court to the text of the 2014 GO Bond Resolution for its provisions and effect.

188.    State that the allegations in paragraph 188 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except refer the Court to the United States Constitution for its provisions and effect.

189.    State that the allegations in paragraph 189 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except refer the Court to the Executive Order and the Moratorium Act for their provisions and
effect.

190.    State that the allegations in paragraph 190 of the Second Amended
Complaint are legal arguments requiring no response, and otherwise deny such allegations,
except refer the Court to the Moratorium Act for its provisions and effect.

## ANSWER TO TWELFTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### (Against the Commonwealth Officer Defendants and the COFINA Defendants)
### 42 U.S.C. § 1983; 28 U.S.C. § 2201(a)

191. Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 190 of the Second Amended Complaint as their answers and responses to paragraph 191 of the Second Amended Complaint.

192. Deny the allegations in paragraph 192 of the Second Amended Complaint except refer the Court to 42 U.S.C. § 1983 for its provisions and effect.

193. Deny the allegations in paragraph 193 of the Second Amended Complaint.

## ANSWER TO THIRTEENTH CAUSE OF ACTION
### Relief from Stay
### (Against All Defendants)
### PROMESA § 405(e) (codified at 48 U.S.C. § 2194(e))

194. Repeat and re-allege their answers and responses to the allegations in paragraphs 1 through 193 of the Second Amended Complaint as their answers and responses to paragraph 194 of the Second Amended Complaint.

195. State that the allegations in paragraph 195 of the Second Amended Complaint are legal arguments requiring no response, and otherwise deny such allegations.

196. Deny the allegations in paragraph 196 of the Second Amended Complaint, except refer the Court to Section 405(e)(1) of PROMESA for its provisions and effect.

197. Deny the allegations in paragraph 197 of the Second Amended Complaint, except refer the Court to Section 405(e)(2) of PROMESA for its provisions and effect.

198. Deny the allegations in paragraph 198 of the Second Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth of the allegations

concerning Plaintiffs' interest in this litigation, and refer the Court to PROMESA and its Section

405(e)(2) for their provisions and effect.

199.    State that the allegations in paragraph 199 of the Second Amended

Complaint are legal arguments requiring no response, and otherwise deny such allegations,

except admit that Plaintiffs purport to characterize their pleadings as alleged in such paragraph.

200.    To the extent statements in Plaintiffs' captions or headings are intended as

allegations, they, and any other allegations not otherwise addressed above, are denied.

### Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

201.    Plaintiffs' Second Amended Complaint is stayed in its entirety by Section

405(b)(1) of PROMESA.

### SECOND AFFIRMATIVE DEFENSE

202.    Plaintiffs' claims are barred in whole or in part by the doctrine of

sovereign immunity.

### THIRD AFFIRMATIVE DEFENSE

203.    Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

204.    Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

205.    Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

206.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean

hands.

### SEVENTH AFFIRMATIVE DEFENSE

207.    Some or all of Plaintiffs lack standing to seek relief for their claims because they are not, pursuant to Section 18 of the GO Bond Resolution, or equivalent sections in other resolutions for the bonds they claim are entitled to the protections they seek to vindicate in this action, the registered owners of such bonds.

### EIGHTH AFFIRMATIVE DEFENSE

208.    Some or all of Plaintiffs' claims are barred by their failure to establish conditions precedent in Section 20(b) of the GO Bond Resolution, or equivalent sections in other resolutions for the bonds they claim are entitled to the protections they seek to vindicate in this action.

### NINTH AFFIRMATIVE DEFENSE

209.    Plaintiffs' claims are barred because, pursuant to Section 20(b) of the GO Bond Resolution, or equivalent sections in other resolutions for the bonds they claim are entitled to the protections they seek to vindicate in this action, the only party they can sue for relief with respect to payment from available Commonwealth resources or revenues on their bonds is the Treasurer of the Commonwealth of Puerto Rico, as further set forth in the last sentence of Article VI, Section 2 of the Puerto Rico Constitution, stating that:

> The Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof.

### TENTH AFFIRMATIVE DEFENSE

210.    Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) because the Second Amended Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and (d).

WHEREFORE, the COFINA Defendants pray that this Court issue an order and direct that judgment be entered:

A.       Dismissing all claims made against the COFINA Defendants, or either of them;

B.       Awarding the COFINA Defendants their costs and expenses (including attorneys' fees); and

C.       Granting the COFINA Defendants such other and further relief as may be just and proper.

Dated:  December 16, 2016

LAW OFFICES OF
GISELLE LÓPEZ SOLER


By:   _/s/ Giselle López Soler_____
      Giselle López Soler
      gls@lopezsolerlaw.com

      PMB 257
      Rd. 19 1353
      Guaynabo, PR 00966
      (787) 667-0941

      Attorneys for Defendants Puerto Rico Sales Tax
      Financing Corporation and the Honorable Juan
      Vaquer, as Executive Director of COFINA

Of Counsel:

Christopher M. Mason
cmason@nixonpeabody.com
Robert N. H. Christmas
rchristmas@nixonpeabody.com
Christopher J. Fong
cfong@nixonpeabody.com
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
(212) 940-3000

(*pro hac vice* admissions pending)