UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA),<br><br>      Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 3284-LTS |
| THE BANK OF NEW YORK MELLON, as Trustee,<br>      Plaintiff,<br>  v.<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA); WHITEBOX MULTI-STRATEGY PARTNERS, L.P.; WHITEBOX ASYMMETRIC PARTNERS, L.P.; WHITEBOX INSTITUTIONAL PARTNERS, L.P.; PANDORA SELECT PARTNERS, L.P.; AMBAC ASSURANCE CORPORATION; FRANKLIN ADVISERS, INC., and CEDE & CO., as nominee for The Depository Trust Company,<br><br>      Defendants. | Adv. Proc. No: 17-133-LTS<br><br><br>**ORDER GRANTING INTERPLEADER, STAYING PENDING AND FUTURE LITIGATION AGAINST THE BANK OF NEW YORK MELLON, AS TRUSTEE, PURSUANT TO 28 U.S.C. § 2361, AND GRANTING RELATED RELIEF** |

   Upon consideration of (i) the urgent motion (the "Motion") of The Bank of New York Mellon ("BNYM"), as trustee, for an Order to show cause why the Court should not grant interpleader, a stay of litigation pursuant to 28 U.S.C. § 2361, and related relief, (ii) BNYM's memorandum of law in support of the Motion (the "Memorandum"), (iii) the declaration of Lee Sepulvado Ramos dated May 16, 2017, (iv) the timely responses to the Motion, (v) BNYM's

reply memorandum of law in further support of the Motion, and (vi) the arguments of the parties at a hearing held on May 30, 2017 (the "Hearing); and the Court having jurisdiction of this adversary proceeding (the "Adversary Proceeding") pursuant to 48 U.S.C. § 2166(a)(2) and 28 U.S.C. § 1335; after notice and a hearing; and for the reasons set forth at the Hearing, and those set forth below and in a forthcoming Memorandum Opinion,

IT IS HEREBY FOUND THAT:

A. BNYM is the trustee under the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented, the "Resolution"), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation ("COFINA"). COFINA is an independent governmental instrumentality of the Commonwealth of Puerto Rico. Pursuant to the Resolution, COFINA issued several series of sales tax revenue bonds (collectively, the "Bonds").

B. As more fully described in the Memorandum Opinion, BNYM has been subjected to competing demands by certain holders of beneficial interests (the "Beneficial Holders") in the Bonds with respect to the alleged existence of "Events of Default" (as defined in the Resolution), whether to accelerate the Bonds, and whether to cease payments on the Bonds. In addition, COFINA disputes the existence of an "Event of Default."

C. Whether or not an Event of Default exists is of great importance to COFINA and all Beneficial Holders because it affects the payment priority among the types and series of Bonds. Accordingly, important rulings regarding the rights of all Beneficial Holders should not be made in state court actions filed by a handful of Beneficial Holders or an insurer of certain Bonds, which hold or insure interests in a small portion of certain series of Bonds.

D. In recognition of BNYM's limited duties as trustee and the competing demands upon funds held by BNYM in trust under the Resolution, and to resolve efficiently the

disputes in a manner that respects the rights of COFINA, all Beneficial Holders, and other parties in interest, BNYM commenced this Adversary Proceeding in which BNYM filed claims for interpleader and declaratory relief.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. BNYM shall interplead the June 1 Payment (as defined in the Memorandum Opinion) and any future payments of principal and interest on a monthly basis until entry of a final order of this Court directing the timing and manner of the disbursement of such funds (collectively, and net of the fees and expenses paid pursuant to paragraph 9 below, the "Disputed Funds"), as follows:  BNYM shall (a) hold the entirety of the Disputed Funds in the existing accounts into which they have been deposited, on behalf of the party or parties ultimately determined by the Court to be entitled to the Disputed Funds; and (b) invest the Disputed Funds and apply the investment gains in accordance with the terms of the Resolution; and (c) deposit a $1,000 unsecured bond with the Clerk of Court in the form annexed hereto as Exhibit A no later than June 1, 2017.

3. All parties and all other individuals or entities claiming a right to any of the Disputed Funds shall appear in this Adversary Proceeding and assert their respective rights in, or claims to, such Disputed Funds.  Nothing herein, however, shall be determined to create standing for any person or entity where such standing is otherwise lacking.

4. Any party and all other individuals with notice of the entry of this Order and who fail to appear in this Adversary Proceeding and to assert their respective claims to any of the Disputed Funds shall be forever barred and precluded from asserting any claim against BNYM with respect to such Disputed Funds.

5. Pursuant to 28 U.S.C. § 2361, all claims and proceedings in any court or other tribunal against BNYM or any of its agents or affiliates (collectively, the "Actions," each an "Action") relating to, or that may have any conceivable effect upon, any alleged interest (whether beneficial, legal, or otherwise) in, or the allocation or recovery of, any or all of the Disputed Funds, including, without limitation, (a) *Whitebox Multi-Strategy Partners, L.P., et al., v. Bank of New York Mellon Corp.*, Adv. Proc. No. 17-143 (D.P.R.), and (b) *Ambac Assurance Corp. v. The Bank of New York Mellon*, No. 17 CV 3804 (S.D.N.Y.), are hereby stayed pending further Order of this Court.

6. Pursuant to 28 U.S.C. § 2361, all plaintiffs in the Actions, all defendants in this Adversary Proceeding, and all other parties receiving notice of this Order, are hereby restrained pending further order of this Court from instituting or continuing to prosecute any Action.

7. BNYM is hereby released and discharged from any and all claims and liability relating to the institution of this Adversary Proceeding and BNYM's compliance with orders of this Court concerning the Disputed Funds or any right to, or interest in (beneficial, legal, or otherwise), the Disputed Funds, including without limitation, such claims of or liability to (a) the defendants in this Adversary Proceeding, (b) any other person or entity claiming a right to or interest in the Disputed Funds, and (c) all other persons or entities claiming by, through, or with any of the foregoing.

8. Defendant Cede & Co., as nominee of The Depository Trust Company, shall promptly provide notice of this Order to each of Cede & Co.'s participants on whose behalf Cede & Co. holds the Bonds as the registered Owner. Such notice shall be deemed good,

adequate, and sufficient notice of this Order to all Beneficial Holders of the Bonds, and no other or further notice to the Beneficial Holders shall be necessary.

9. From time to time, BNYM shall be entitled to reserve for, or pay, its reasonable fees and expenses, whether or not due and owing, from the Disputed Funds. The failure to pay or reserve for such fees and expenses shall not constitute a waiver of BNYM's right to payment thereof.

10. The Court retains jurisdiction over any disputes relating to the interpretation or implementation of this Order.

Dated: May 30, 2017

                                                   _/s/ Laura Taylor Swain___
                                                  LAURA TAYLOR SWAIN
                                                  United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
|     as representative of | No. 17 BK 3284-LTS |
| PUERTO RICO SALES TAX FINANCING<br>CORPORATION (COFINA), | |
|     Debtor. | |

-----------------------------------------------------------

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | |
|     Plaintiff, | |
|   -v- | Adv. Proc. No. 17-133-LTS |
| PUERTO RICO SALES TAX FINANCING<br>CORPORATION (COFINA), <u>et al.</u>, | |
|     Defendants | |

------------------------------------------------------------x

## INTERPLEADER ACTION BOND

The Bank of New York Mellon ("BNY"), by and through its undersigned authorized representative, hereby agrees to comply with the orders and judgments entered by the Court, including, but not limited to, any order to transfer or deposit the funds at issue in this interpleader proceeding, specifically, funds totaling $16,297,863.78 that are on deposit with BNY and identified as the "June 1 Payment" and payments coming due thereafter in connection with this proceeding.

## AMOUNT OF BOND

This is an unsecured bond of $1,000.

## FORFEITURE

This bond may be forfeited if BNY does not comply with the above agreement. The Court may enter a judgment of forfeiture against BNY for the entire amount of the bond, including interest and costs, if BNY does not comply with the agreement.

## RELEASE

The Court may terminate this bond at any time. The bond will be satisfied and the obligation released when either: (1) the action is dismissed; or (2) BNY complies with a dispositive judgment of this Court.

## ACCEPTANCE

The undersigned declares under penalty of perjury that he/she has read this bond and agrees to its terms and conditions.

Date: _____  By: _____

The Bank of New York Mellon

*Clerk of Court*

Date: _____  _____

*Signature of Clerk or Deputy Clerk of Court*