# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re: | PROMESA<br>Title III |
| The Financial Oversight and Management Board for Puerto Rico, | |
| as representative of | No. 17 BK 3283-LTS |
| The Commonwealth of Puerto Rico, *et al.* | (Jointly Administered) |
| Debtors.[1] | |
| The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico, | |
| as agent of | |
| The Financial Oversight and Management Board For Puerto Rico | |
| as representative of | Adv. Proc. No. 17-257 (LTS) |
| The Commonwealth of Puerto Rico, | |
| Plaintiff, | |
| -v- | |
| Bettina Whyte, | |
| as agent of | |
| The Financial Oversight and Management Board For Puerto Rico | |

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

DX-AA

|  |
|---|
| as representative of |
| The Puerto Rico Sales Tax Financing Corporation, |
| Defendant. |

### MUTUAL FUND GROUP'S
### AND PUERTO RICO FUNDS'
### ANSWER AND COUNTERCLAIMS

Permitted Intervenors, mutual funds managed by OppenheimerFunds, Inc., Franklin Advisers, Inc., and the First Puerto Rico Family of Funds (collectively, the "**Mutual Fund Group**"), and certain Puerto Rico-based mutual funds[2] (collectively, the "**Puerto Rico Funds**"), as holders of certain senior and subordinated bonds (the "**COFINA Bonds**") issued by the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through their undersigned counsel, answer the Commonwealth Agent's amended complaint (the "**Complaint**") and assert their defenses, affirmative defenses, and counterclaims as follows:[3]

---

[2] The Puerto Rico Funds are the following Puerto Rico-based funds: Puerto Rico AAA Portfolio Bond Fund II, Inc.; Puerto Rico AAA Portfolio Bond Fund, Inc.; Puerto Rico AAA Portfolio Target Maturity Fund, Inc.; Puerto Rico Fixed Income Fund, Inc.; Puerto Rico Fixed Income Fund II, Inc.; Puerto Rico Fixed Income Fund III, Inc.; Puerto Rico Fixed Income Fund IV, Inc.; Puerto Rico Fixed Income Fund V, Inc.; Puerto Rico Fixed Income Fund VI, Inc.; Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.; Puerto Rico Investors Bond Fund I; Puerto Rico Investors Tax-Free Fund, Inc.; Puerto Rico Investors Tax-Free Fund, Inc. II; Puerto Rico Investors Tax-Free Fund III, Inc.; Puerto Rico Investors Tax-Free Fund IV, Inc.; Puerto Rico Investors Tax-Free Fund V, Inc.; Puerto Rico Investors Tax-Free Fund VI, Inc.; Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.; Tax-Free Puerto Rico Fund, Inc.; Tax-Free Puerto Rico Fund II, Inc.; Tax-Free Puerto Rico Target Maturity Fund, Inc.; and UBS IRA Select Growth & Income Puerto Rico Fund.

[3] Unless expressly admitted, the Mutual Fund Group and Puerto Rico Funds deny each and every allegation in the Complaint, and all allegations containing legal arguments, conclusions of law, and/or characterizations of written documents are denied on the grounds that such allegations do not require a response. Unless otherwise noted, all footnotes appearing in the Complaint are admitted or denied as if they were in the main body of the text. The Mutual Fund Group and Puerto Rico Funds do not admit, and specifically deny, each heading and subheading to the extent they can be construed to contain substantive allegations.

# ANSWER

## NATURE OF PROCEEDING

1.      The Mutual Fund Group and Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1, admit that the second sentence of paragraph 1 contains a quotation of selected language from the Commonwealth-COFINA Dispute Stipulation, lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the footnote at the end of the second sentence, and deny the remaining allegations in this paragraph.

2.      The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 2.

3.      The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 3.

## PARTIES

4.      The Mutual Fund Group and the Puerto Rico Funds admit that the Oversight Board represents the debtors in the title III cases, and deny the remaining allegations in paragraph 4.

5.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 5.

6.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 6, with the exception of the word "purported," which is denied.

7.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 7, with the exception of the last five words of the paragraph, which are denied.

### *JURISDICTION AND VENUE*

8.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 8.

9.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 9.

10.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 10.

### *BACKGROUND*

I.      *Overview of COFINA structure*

11.      The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 11.

12.      The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in the first sentence of paragraph 12, with the exception of the words "purported" and "purportedly," which are denied.  The remainder of paragraph 12 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

13.      Paragraph 13 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

14.      Paragraph 14 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds

admit that the SUT revenues dedicated as COFINA property are never deposited into the Commonwealth treasury, and deny the remaining allegations in this paragraph.

15.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 15.

**II.     *Sales and Use Tax***

16.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 16, except deny that the SUT became effective on November 1, 2006.

17.     Paragraph 17 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

18.     Paragraph 18 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds admit that Act No. 1 of January 31, 2011 repealed the Puerto Rico Internal Revenue Code of 1994 (as amended) and replaced it with the Puerto Rico Internal Revenue Code of 2011, refer to such statutes for their full contents, and otherwise deny the allegations in this paragraph.

19.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 19.

20.     Paragraph 20 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

21.     Paragraph 21 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds

refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

22.     The Mutual Fund Group and the Puerto Rico Funds admit that Act No. 84 of July 22, 2016 amended Section 3 of Act 91 and refer to such statute for its full contents.

23.     The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

**III.     _COFINA Enabling Legislation (Act 91 and its Amendments)_**

24.     Paragraph 24 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 25.

26.     The Mutual Fund Group and the Puerto Rico Funds admit that Act 91 as amended is the enabling legislation for COFINA, refer to the referenced statutes for their full contents, and otherwise deny the allegations in this paragraph.

27.     Paragraph 27 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

28.     Paragraph 28 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

29.     Paragraph 29 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds admit the last sentence of paragraph 29, and deny the remaining allegations in this paragraph.

30.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 30.

31.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 31.

32.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 32.

33.     Paragraph 33 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced statutes for their full contents and otherwise deny the allegations in this paragraph.

34.     Paragraph 34 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 34.

**IV.     _Overview of COFINA Bond Offerings_**

35.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 35.

36.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 36.

37.     The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 37.

38.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 38.

39.     The Mutual Fund Group and the Puerto Rico Funds admit that the figures set forth in paragraph 39 are approximately correct.

## V.     *The SUT "Flow of Funds"*

40.     The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 40.

## FIRST CAUSE OF ACTION

### 28 U.S.C. § 2201(a)
### (Declaration that Act 91 Did Not Transfer Present
### Ownership of Future SUT Revenues to COFINA)

41.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

42.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 42 contains a quotation of selected language from Act 91 as amended in 2007, and otherwise deny the allegations in this paragraph.

43.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 43.

44.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 44.

45.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 45.

46.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 46.

47.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 47 contains a quotation of selected language from an Official Statement for the COFINA bonds, and deny the remaining allegations in this paragraph.

48.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 48.

49.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 49 contains a quotation of selected language from a bond counsel opinion letter, and deny the remaining allegations in this paragraph.

50.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 50 contains a quotation of selected language from an investor call, and deny the remaining allegations in this paragraph.

51.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 51 contains a quotation of selected language from Act 91, and deny the remaining allegations in this paragraph.

52.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 52.

53.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 53.

54.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 54.

55.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 55.

56.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 56.

57.     Paragraph 57 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds admit that Act 91 was amended by Act 116-2013 and Act 72-2014, refer to such statutes for their full contents, and otherwise deny the allegations in this paragraph.

58.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 58 contains a quotation of selected language from the Statement of Motives for the 2014 amendment, and deny the remaining allegations in this paragraph.

59.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 59.

60.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 60.

### *SECOND CAUSE OF ACTION*

*28 U.S.C. § 2201(a)*
*(Declaration that Act 91 Did Not Assign to COFINA*
*Any "Right to Receive" Future SUT Revenues)*

61.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

62.     Paragraph 62 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

63.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 63 contains a quotation of selected language from certain legal opinions, and deny the remaining allegations in this paragraph.

64.     The Mutual Fund Group and the Puerto Rico Funds admit that the phrase "right to receive" does not appear in Act 91 as amended.  The Mutual Fund Group and the Puerto Rico Funds otherwise deny the allegations contained in paragraph 64.

65.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 65.

66.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 66.

67.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 67.

68.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 68.

69.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 69.

70.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 70.

### *THIRD CAUSE OF ACTION*

*28 U.S.C. § 2201(a)*
*(Declaration that Purported Transfer of "Future Funds" to COFINA Was, at Most, Unsecured Promise that SUT Revenues Would Be Transferred to COFINA in the Future)*

71.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

72.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 72.

73.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 73.

74.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 74.

75.     Paragraph 75 purports to state the legal position of the Commonwealth Agent to which no response is required.  To the extent further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 75.

## *FOURTH CAUSE OF ACTION*

### *28 U.S.C. § 2201(a)*
### *(Declaration that COFINA Has No Enforceable*
### *Security Interest in Future SUT Revenues)*

76.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

77.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 77.

78.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 78.

79.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 79 contains a quotation of selected language from a comment to a section of the UCC, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

80. The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 80 contains a quotation of selected language from a prior version of the UCC, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

81. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 81.

82. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 82.

83. The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 83 contains a quotation of selected language from a version of the UCC, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

84. Paragraph 84 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 84.

85. The Mutual Fund Group and the Puerto Rico Funds admit that BONY filed a UCC financing statement. The remainder of paragraph 85 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

86. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 86.

87. Paragraph 87 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds

refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

88.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 88.

## FIFTH CAUSE OF ACTION

### 28 U.S.C. § 2201(a)
### Bankruptcy Code Sections 544(a)(1) and 547(b)
### (Declaration that Any Unperfected Security Interest of COFINA
### in SUT Revenues is Avoidable; Avoidance of Any Such Interest)

89.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

90.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 90.

91.     Paragraph 91 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

92.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 92.

93.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in Paragraph 93.

94.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 94 contains a quotation of selected language from the Bankruptcy Code.

95.     The Mutual Fund Group and the Puerto Rico Funds admit that the term "trustee" may mean the Oversight Board in these title III cases, depending on context.

96.     Paragraph 96 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 96.

97.     Paragraph 97 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

98.     Paragraph 98 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 98.

99.     Paragraph 99 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 99.

100.     Paragraph 100 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds refer to the referenced documents for their full contents and otherwise deny the allegations in this paragraph.

101.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 101.

102.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 102.

### *SIXTH CAUSE OF ACTION*

#### *28 U.S.C. § 2201(a)*
#### *Bankruptcy Code Section 548(a)(1)(B)*
#### *(Declaration that Any Interest of COFINA in SUT Revenues Is*
#### *Avoidable as Fraudulent Transfer; Avoidance of Any Such Interest)*

103.    The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

104.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 104.

### *SEVENTH CAUSE OF ACTION*

#### *28 U.S.C. § 2201(a)*
#### *Bankruptcy Code Section 549*
#### *(Declaration that Any Post-Petition Transfer to COFINA of SUT Revenues*
#### *Is Avoidable Post-Petition Transaction; Avoidance of Such Transactions)*

105.    The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

106.    Paragraph 106 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 106.

107.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 107.

### *EIGHTH CAUSE OF ACTION*

#### *28 U.S.C. § 2201(a)*
#### *UCC Section 9-317(a)(2)*
#### *(Declaration that Any Security Interest of COFINA in SUT*
#### *Revenues Is Subordinate to Rights of Oversight Board as Trustee)*

108.    The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

109.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 109 contains a quotation of selected language from the UCC, refer to the referenced legislation for its full contents, and otherwise deny the allegations in this paragraph.

110.    The Mutual Fund Group and the Puerto Rico Funds admit that the term "trustee" may mean the Oversight Board in these title III cases, depending on context.

111.    Paragraph 111 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 111.

112.    Paragraph 112 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 112.

113.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 113.

### NINTH CAUSE OF ACTION

*28 U.S.C. § 2201(a)*
*Bankruptcy Code Section 552(a)*
*(Declaration that Any Security Interest Was Cut Off*
*By Commencement of Commonwealth's Title III Case)*

114.    The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

115.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 115 contains a quotation of selected language from the Bankruptcy Code, refer to the referenced legislation for its full contents, and otherwise deny the allegations in this paragraph.

116.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 116.

117. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 117.

118. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 118.

### *TENTH CAUSE OF ACTION*

*28 U.S.C. § 2201(a)*
*Bankruptcy Code Sections 544(a)(1) and 547(b)*
*(Declaration that Any Non-UCC Transfer of Post-Petition*
*SUT Revenues Is Avoidable; Avoidance of Any Such Transfers)*

119. The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

120. The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 120 contains a quotation of selected language from a pleading filed in *Lex Claims*, and deny the remaining allegations contained in this paragraph.

121. Paragraph 121 purports to state legal conclusions to which no response is required. To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 121.

122. The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 122.

123. The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 123 contains a quotation of selected language from the Bankruptcy Code.

124. The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 124.

125.     Paragraph 125 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 125.

126.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 126.

127.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 127.

128.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 128.

129.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 129.

130.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 130.

### *ELEVENTH CAUSE OF ACTION*

*28 U.S.C. § 2201(a)*
*Bankruptcy Code Section 362(a)*
*(Declaration that Post-Petition Transfer of SUT Revenues*
*to Non-Commonwealth Entities Violates Automatic Stay)*

131.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

132.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 132 contains a quotation of selected language from the Bankruptcy Code, refer to the referenced legislation for its full contents, and otherwise deny the allegations in this paragraph.

133.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 133 contains a quotation of selected language from the Bankruptcy Code, refer to the referenced legislation for its full contents, and otherwise deny the allegations in this paragraph.

134.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 134 contains a quotation of selected language from the Bankruptcy Code, refer to the referenced legislation for its full contents, and otherwise deny the allegations in this paragraph.

135.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 135.

136.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 136.

137.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 137.

### TWELFTH CAUSE OF ACTION

*28 U.S.C. § 2201(a)*
*(Declaration that Act 91 Is Unconstitutional Because*
*Substantial Result of COFINA Structure Was Evasion of*
*Constitutional Debt Limits and Constitutional Debt Priority)*

138.     The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

139.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 139.

140.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 140.

### *Evasion of Constitutional Debt Limits*

141.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 141 contains a quotation of selected language from the Constitution of the Commonwealth of Puerto Rico, and deny the remaining allegations in this paragraph.

142.    Paragraph 142 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 142.

143.    Paragraph 143 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 143.

144.    Paragraph 144 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 144.

145.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 145 contains a translation of a quotation of selected language from legislative history, and deny the remaining allegations in this paragraph.

### *Evasion of Constitutional Debt Priority*

146.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 146 contains quotations of selected language from the Constitution of the Commonwealth of Puerto Rico.

147.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 147.

148.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 148.

### _Unconstitutionality of COFINA Structure_

149.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 149.

150.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 150 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

151.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 151 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

152.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 152 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

153.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 153 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

154.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 154 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

155.     The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 155 contains a quotation of selected language from the case referenced therein, refer to the referenced documents for their full contents, and otherwise deny the allegations in this paragraph.

156.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 156.

157.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 157.

## THIRTEENTH CAUSE OF ACTION

### 28 U.S.C. § 2201(a)
### (Declaration that COFINA Structure Is Unconstitutional Because Act 91 Was Enacted and/or Amended In Violation of Constitutional Balanced Budget Clause)

158.    The Mutual Fund Group and the Puerto Rico Funds repeat their responses to the preceding paragraphs as set forth above.

159.    The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.

160.    The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160.

161.    The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.

162.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 162 contains a quotation of selected language from the Constitution of the Commonwealth of Puerto Rico, and otherwise deny the allegations in this paragraph.

163.    The Mutual Fund Group and the Puerto Rico Funds admit the allegations contained in paragraph 163.

164.    The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164.

165.    The Mutual Fund Group and the Puerto Rico Funds lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165.

166.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 166.

167.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 167 contains a quotation of selected statutory language, and deny the remaining allegations in this paragraph.

168.    The Mutual Fund Group and the Puerto Rico Funds admit that paragraph 168 contains a quotation of selected statutory language, and deny the remaining allegations in this paragraph.

169.    Paragraph 169 purports to state legal conclusions to which no response is required.  To the extent a further response is required, the Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 169.

170.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 170.

171.    The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 171.

172.    The Mutual Fund Group and the Puerto Rico Funds admit that one of the purposes for which COFINA was created was to finance payment of the Commonwealth's extraconstitutional debt, and deny the remaining allegations in this paragraph.

173.    The Mutual Fund Group and the Puerto Rico Funds admit that Act 91 was amended in 2009, refer to the referenced documents for their full contents, and otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

174.     The Mutual Fund Group and the Puerto Rico Funds deny the allegations contained in paragraph 174.

## Plaintiff's Prayer for Relief

The allegations in Plaintiff's "Prayer for Relief" purport to state legal conclusions to which no response is required.  To the extent a response is required, the Mutual Fund Group and the Puerto Rico Funds deny all allegations contained in paragraphs A through O of Plaintiff's "Prayer for Relief."

## AFFIRMATIVE DEFENSES

The Mutual Fund Group and the Puerto Rico Funds assert the following defenses on behalf of each of their members (except as to the Tenth Affirmative Defense, which is asserted only by the funds managed by OppenheimerFunds). The Mutual Fund Group and the Puerto Rico Funds do not knowingly or intentionally waive any applicable claims or defenses and reserve the right to assert others when and if they become appropriate, known or available in this action. The statement of any affirmative defense herein does not assume the burden of proof as to which applicable law places the burden on Plaintiff:

### First Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of ratification.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

Plaintiff's claims in this Court are barred by doctrines of abstention.[4]

---

[4] The Mutual Fund Group reserves its right to move for certification to the Puerto Rico Supreme Court with respect to questions of Puerto Rico state law, including issues concerning the constitutionality of COFINA.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the Fifth and Fourteenth Amendments to, and the Contracts Clause of, the United States Constitution.

### Eighth Affirmative Defense

Plaintiff's claims exceed the scope of the authority granted to the Commonwealth Agent pursuant to the Commonwealth-COFINA Dispute Stipulation.

### Ninth Affirmative Defense

Plaintiff's claims fail to state a claim upon which relief can be granted.

### Tenth Affirmative Defense[5]

Plaintiff's claims are barred because they are asserted by the agent of an Oversight Board appointed in violation of the Constitution's Appointments Clause.

---

[5] This affirmative defense is asserted solely on behalf of the funds managed by OppenheimerFunds.

# COUNTERCLAIMS

The Mutual Fund Group and the Puerto Rico Funds, as owners of secured bonds issued by the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), hereby allege as follows for their counterclaims against the Commonwealth Agent.

## The Parties

### A. The Mutual Fund Group

1.  The Mutual Fund Group's respective funds purchase and hold municipal bonds on behalf of hundreds of thousands of ordinary investors across the United States and Puerto Rico who invest in our funds to save for important life expenses. The Mutual Fund Group has been investing in Puerto Rico for over 30 years.

2.  The Mutual Fund Group holds approximately $2.82 billion in accreted principal amount of uninsured bonds issued by COFINA, consisting of approximately $2.07 billion of uninsured junior bonds and approximately $748 million of uninsured senior bonds.

3.  The Mutual Fund Group is comprised of funds managed by OppenheimerFunds, Inc. (the "**Oppenheimer Funds**"), Franklin Advisers, Inc. (the "**Franklin Funds**"), and the First Puerto Rico Family of Funds (the "**First Puerto Rico Funds**").

4.  The Oppenheimer Funds are Oppenheimer Rochester AMT-Free Municipal Fund, Oppenheimer Rochester Limited Term New York Municipal Fund, Oppenheimer Rochester AMT-Free New York Municipal Fund, Oppenheimer Rochester Fund Municipals, Oppenheimer Rochester New Jersey Municipal Fund, Oppenheimer Rochester Maryland Municipal Fund, Oppenheimer Rochester Ohio Municipal Fund, Oppenheimer Rochester Michigan Municipal Fund, Oppenheimer Rochester Virginia Municipal Fund, Oppenheimer Rochester Massachusetts Municipal Fund, Oppenheimer Rochester Arizona Municipal Fund, Oppenheimer Rochester

Minnesota Municipal Fund, Oppenheimer Rochester North Carolina Municipal Fund, Oppenheimer Rochester Pennsylvania Municipal Fund, Oppenheimer Rochester California Municipal Fund, Oppenheimer Rochester High Yield Municipal Fund, Oppenheimer Rochester Limited Term California Municipal Fund, and Oppenheimer Rochester Short Duration High Yield Municipal Fund.

5.    The Oppenheimer Funds are Delaware statutory trusts or series thereof with their principal place of business in Denver, Colorado.  Collectively, the Oppenheimer Funds hold $1.277 billion of uninsured COFINA junior bonds and $509 million of uninsured COFINA senior bonds.

6.    The Franklin Funds are Franklin California Tax-Free Income Fund, Franklin New York Tax-Free Income Fund, Franklin Federal Tax-Free Income Fund, Franklin Michigan Tax-Free Income Fund, Franklin Colorado Tax-Free Income Fund, Franklin Georgia Tax-Free Income Fund, Franklin Pennsylvania Tax-Free Income Fund, Franklin High Yield Tax-Free Income Fund, Franklin Missouri Tax-Free Income Fund, Franklin Oregon Tax-Free Income Fund, Franklin Virginia Tax-Free Income Fund, Franklin Alabama Tax-Free Income Fund, Franklin Florida Tax-Free Income Fund, Franklin Louisiana Tax-Free Income Fund, Franklin Maryland Tax-Free Income Fund, and Franklin New Jersey Tax-Free Income Fund.

7.    The Franklin Funds are Delaware corporations or trusts with their principal place of business in San Mateo, California.  Collectively, the Franklin Funds hold $550 million of uninsured COFINA junior bonds and $54 million of uninsured COFINA senior bonds.

8.    The First Puerto Rico Funds are First Puerto Rico Tax-Exempt Target Maturity Fund II, Inc., First Puerto Rico Tax-Exempt Target Maturity Fund III, Inc., First Puerto Rico Tax-Exempt Target Maturity Fund IV, Inc., First Puerto Rico Tax-Exempt Target Maturity Fund

V, Inc., First Puerto Rico Tax- Exempt Target Maturity Fund VII, Inc., First Puerto Rico Target Maturity Income Opportunities Fund I, Inc., First Puerto Rico Target Maturity Income Opportunities Fund II, Inc., First Puerto Rico Tax Advantaged Target Maturity Fund I, Inc., First Puerto Rico Tax Advantaged Target Maturity Fund II, Inc., First Puerto Rico AAA Target Maturity Fund I, Inc., First Puerto Rico AAA Target Maturity Fund II, Inc., First Puerto Rico Tax-Exempt Fund, Inc., and First Puerto Rico Tax-Exempt Fund II, Inc.

9.      The First Puerto Rico Funds are corporations organized under the laws of Puerto Rico, with their offices in Guaynabo, Puerto Rico.  Collectively, the First Puerto Rico Funds hold $245 million of uninsured COFINA junior bonds and $185 million of uninsured COFINA senior bonds.

**B.      The Puerto Rico Funds**

10.      The Puerto Rico Funds are Puerto-Rico based mutual funds that hold approximately $619.9 million in uninsured senior and subordinated bonds issued by COFINA. The Puerto Rico Funds are comprised of the funds described in paragraphs 12-33 below.

11.      The Puerto Rico Funds are beneficial holders of uninsured "current interest" (CIB) and uninsured "capital interest bonds" (CAB) issued by COFINA.

12.      Puerto Rico AAA Portfolio Bond Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

13.      Puerto Rico AAA Portfolio Bond Fund II, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

14.     Puerto Rico AAA Portfolio Target Maturity Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

15.     Puerto Rico Fixed Income Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

16.     Puerto Rico Fixed Income Fund II, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

17.     Puerto Rico Fixed Income Fund III, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

18.     Puerto Rico Fixed Income Fund IV, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

19.     Puerto Rico Fixed Income Fund V, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

20.     Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

21.     Puerto Rico Investors Bond Fund I is an investment trust organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

22.     Puerto Rico Investors Tax-Free Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

23.     Puerto Rico Investors Tax-Free Fund, Inc. II is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

24.     Puerto Rico Investors Tax-Free Fund III, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

25.     Puerto Rico Investors Tax-Free Fund IV, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

26.     Puerto Rico Investors Tax-Free Fund V, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

27.     Puerto Rico Investors Tax-Free Fund VI, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at Banco Popular Center, Suite 1112, 209 Munoz Rivera Avenue, Hato Rey, Puerto Rico 00918.

28.     Puerto Rico Mortgage-Backed & U.S. Government Securities is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza, 10th Floor, 250 Munoz Rivera Ave., San Juan, Puerto Rico 00918.

29.     SV Credit, L.P. is a limited partnership organized and existing under the laws of Delaware located at 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

30.     Tax-Free Puerto Rico Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza Building, 10th Floor, 250 Munoz Rivera Avenue, San Juan, Puerto Rico 00918.

31.     Tax-Free Puerto Rico Fund II, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza Building, 10th Floor, 250 Munoz Rivera Avenue, San Juan, Puerto Rico 00918.

32.     Tax-Free Puerto Rico Target Maturity Fund, Inc. is a corporation organized and existing under the laws of Puerto Rico with its principal place of business at American International Plaza Building, 10th Floor, 250 Munoz Rivera Avenue, San Juan, Puerto Rico 00918.

33.     UBS IRA Select Growth & Income Puerto Rico Fund is an open-end investment trust organized under the laws of the Commonwealth of Puerto Rico, and a non-diversified investment company registered under the Puerto Rico Investment Companies Act of 1954, as amended, with its principal place of business c/o UBS Trust Company of Puerto Rico, 250 Muñoz Rivera Avenue, 10th Floor, San Juan, Puerto Rico 00918.

## C.     The Commonwealth-COFINA Dispute Stipulation

34.     On August 10, 2017, the Court entered the Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute (the "**Commonwealth-COFINA**

**Dispute Stipulation**") [Lead Dkt. No. 996], for the purpose of determining "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt (the 'Pledged Sales Taxes') are property of the Commonwealth or COFINA under applicable law."

35.     The Mutual Fund Group and the Puerto Rico Funds are both signatories to the Commonwealth-COFINA Dispute Stipulation.  Accordingly, the Mutual Fund Group and the Puerto Rico Funds are authorized to intervene and be heard in this litigation.  *See id.* at ¶ 5.

36.     In this adversary proceeding, the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico is the appointed representative of the Commonwealth of Puerto Rico, a territory of the United States (the "**Commonwealth Agent**").  Bettina M. Whyte is the appointed representative of COFINA (the "**COFINA Agent**").

## Jurisdiction and Venue

37.     The Court has subject matter jurisdiction pursuant to section 306(a) of PROMESA, 48 U.S.C. § 2166(a).

38.     Venue is proper pursuant to section 307(a) of PROMESA, 48 U.S.C. § 2167(a).

39.     The Mutual Fund Group and the Puerto Rico Funds seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## Factual Allegations

**A.     COFINA and the Dedicated Sales Tax**

40.     In 2006 and 2007, to address a fiscal emergency, the Commonwealth enacted a series of statutes aimed at fiscal reform.  *See* Statement of Motives, Act of May 13, 2006, No. 91-2006.  The centerpiece of these reforms was the creation of COFINA as a financing vehicle to issue bonds secured by the proceeds of a newly created Commonwealth sales and use tax.

34

41.     As the first step in this process, the Commonwealth passed Act No. 91-2006 (codified as amended at P.R. Laws Ann. tit. 13, §§ 11a *et seq*.) (as amended, "**Act 91**"), which established an "Urgent Interest Fund," later renamed the *Fondo de Interés Apremiante*, or "**FIA**." *See* P.R. Laws Ann. tit. 13, § 12.  Next, the Commonwealth imposed the sales and use tax (the "**SUT**"), *see generally* Act of July 4, 2006, No. 117-2006, and funded the FIA through deposits of a portion of the revenues of the SUT (the "**Dedicated Sales Tax**"), *see* P.R. Laws Ann. tit. 13, §§ 12 & 14.

42.     Then, in 2007, the Commonwealth created COFINA as an independent instrumentality for the purpose of issuing bonds to, among other things, refinance a portion of the Commonwealth's existing debt and pay other government expenses.  *See generally* Act of July 5, 2007, No. 56-2007.  The FIA, together with the existing and future Dedicated Sales Tax revenues required to be deposited therein, were transferred to COFINA to be used as security for the issuance of the contemplated bonds.  *See* P.R. Laws Ann. tit. 13, § 12.

43.     The COFINA legislation specifically provided that, upon their transfer a decade ago, the FIA and the Dedicated Sales Tax revenue stream *were no longer property of the Commonwealth*:

> The FIA and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the FIA pursuant to the provisions of this law *are hereby transferred to, and shall be the property of COFINA*.

Act No. 56-2007, § 2 (codified as amended at P.R. Laws Ann. tit. 13, § 12) ("**Act 56**") (emphasis added).  The statute further provided that the Dedicated Sales Tax revenues shall be "directly deposited in the FIA at the time of receipt and shall not be deposited in the Treasury of Puerto Rico, nor shall it constitute resources available to the Commonwealth of Puerto Rico."  *Id.*

44. Beginning in July 2007, and over the course of the next four years (concluding with the last issuance in 2011), COFINA issued 15 different series of secured bonds (the "**COFINA Bonds**"), with a principal amount currently outstanding of more than $17.2 billion. The COFINA Bonds were issued pursuant to a Sales Tax Revenue Bond Resolution, dated as of July 13, 2007, and a series of amendments and supplements thereto (as amended and restated as of June 10, 2009, the "**Resolution**").

45. The COFINA Bonds are secured by a statutory and contractual lien on the Dedicated Sales Tax. The statute provides:

> COFINA is hereby authorized to pledge and otherwise encumber all or part of [the Dedicated Sales Tax] solely for the payment of principal, interest and redemption premium of such bonds and other obligations of such instrumentality that were incurred with respect to such bonds . . . . Said pledge shall be valid and binding as of the time it is made without the need for a public or notarized document. *The income or revenues thus encumbered, including those subsequently received by COFINA, shall be subject to said lien immediately, without the need of physically delivering the same or any other act . . . .*

P.R. Laws Ann. tit. 13, § 13(b) (emphasis added).

46. The COFINA Resolution likewise grants a pledge on the Dedicated Sales Tax, *see* Resolution § 501(1), and makes clear that the "Pledged Property shall immediately be subject to the lien of this pledge, without any delivery hereof or further act," *id.* § 501(2).[6]

47. The COFINA Bonds are obligations of COFINA only, and do not have recourse against the Commonwealth in the event the Dedicated Sales Tax Revenues are insufficient to pay the bonds. *See* P.R. Laws Ann. tit. 13, § 13(d) ("The bonds . . . shall not constitute a debt or obligation of the Commonwealth of Puerto Rico . . . ."); *see also* Resolution § 201.

---

[6] Despite the automatic perfection language of the statute and Resolution, protective financing statements were filed.

36

48.     The COFINA Bonds were issued under the administrations of Governors of both of the Commonwealth's major political parties and were accompanied by letters affirming the validity of the COFINA structure written by three different Secretaries of Justice of the Commonwealth.  In concert with the Secretary of Justice Opinions, several different private law firms, as bond counsel, affirmed the validity of the COFINA structure in legal opinions.

49.     When the Commonwealth sold general obligation bonds ("**GO Bonds**"), it clearly disclosed that COFINA was an existing structure with collateral distinct from the source of repayment for the GO Bonds.  For example, the offering documents for the 2014 GO Bonds stated that the FIA and Dedicated Sales Tax revenues "do not constitute 'available resources' of the Commonwealth."  *See* Commonwealth of Puerto Rico, Official Statement for Gen. Obligation Bonds of 2014, Series A, at 29.

50.     The COFINA structure remained in place, unchallenged, for nearly ten years. During that time, Puerto Rico residents and institutions invested billions of dollars in COFINA Bonds in reliance on the COFINA structure's uncontested validity.

51.     The Commonwealth has reaped enormous benefits from its use of the COFINA Bonds.  As explained in the Statement of Motives of a 2009 Commonwealth statute:

> The bonds issued by the Puerto Rico Dedicated Sales Tax Fund Corporation, "COFINA" (Spanish acronym), are the most cost-effective financing source of the Government of Puerto Rico today, since the payment thereof is backed by the collections of the Sales and Use Tax, a consistent and reliable source of revenues.  These bonds enjoy a credit rating higher that [sic] that of the general obligation bonds of the Commonwealth of Puerto Rico.

Act of May 22, 2009, No. 18-2009, Statement of Motives.

52.     As the GDB has stated, the COFINA Bonds have amounted to an "extraordinary achievement for Puerto Rico's finances."  *See* Government Development Bank for Puerto Rico, *Historic Puerto Rico $2.6 Billion Bond Issue Placed Successfully by COFINA in U.S. Municipal*

*Bond Market* (July 11, 2007) (the "**July 2007 GDB Press Release**"). The 2007 COFINA bonds enjoyed (again in the GDB's words) "the highest ratings a Puerto Rico bond issue has received in 30 years," *id.*, with ratings significantly exceeding those of Puerto Rico's general obligation bonds, *see, e.g.*, Moody's Investor Service, *Moody's Assigns A1 Rating and Stable Outlook to Puerto Rico Sales Tax Financing Corporation Sales Tax Revenue Bonds*, 2 (June 27, 2007).

53. As a result, the COFINA Bonds were enormously oversubscribed at their initial issuance in 2007, and yields on the original 2007 COFINA Bonds fluctuated between 4.96% and 5.14% at issuance. *See* July 2007 GDB Press Release.

54. In 2013, in anticipation of a COFINA bond issuance, the GDB estimated that issuing COFINA bonds instead of GO Bonds would entail savings of between $66 million and $132 million for each $1 billion issued. *See P.R. Act 116 of Oct. 10, 2013: Oct. 2, 2013 Public Hearing on H.B. 1425 and S.B. 751 Before the H. Treasury and Budget Comm.*, 17th Legis. Assemb., 2d Sess., at 3 (2013) (statement of José V. Pagán-Beauchamp, Interim President, GDB, via letter to H. Treasury and Budget Comm. dated Oct. 1, 2013). Applying this estimate to the more than $16 billion of COFINA bonds outstanding yields a total saving to Puerto Rico of more than $1 billion.

## B. PROMESA

55. On June 30, 2016, Congress enacted the Puerto Rico Oversight, Management and Economic Stability Act ("**PROMESA**"), Pub. L. 114 – 188, codified at 48 U.S.C. § 2101 et seq.

56. PROMESA established the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), to provide "a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets," 48 U.S.C. § 2121(a), and vested it with broad

powers, including the authority to review and approve Fiscal Plans and budgets for covered territories and instrumentalities, *see, e.g.,* id. §§ 2121(d), 2141, 2142.

57.    PROMESA also created a court-supervised restructuring mechanism, known as Title III, for the adjustment of debts of the Commonwealth and its instrumentalities. *See* 48 U.S.C. § 2164. Various provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), are applicable to cases under Title III. See 48 U.S.C. § 2161.

58.    On May 3, 2017, the Oversight Board filed a petition for relief under Title III on behalf of the Commonwealth in the United States District Court of Puerto Rico.

59.    On May 5, 2017, the Oversight Board filed a petition for relief under Title III on behalf of the COFINA in the United States District Court of Puerto Rico.

### First Counterclaim

### (Declaratory Judgment – Ownership of the Dedicated Sales Tax)

60.    Paragraphs 1-59 are incorporated by reference as if set forth herein.

61.    This dispute is immediate and real because, among other things, the Commonwealth Agent has asserted claims against COFINA and the COFINA Agent. There is an actual controversy between the parties in that this matter is before the Court for the purpose of determining "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt (the 'Pledged Sales Taxes') are property of the Commonwealth or COFINA under applicable law." Commonwealth-COFINA Dispute Stipulation ¶ 4.

62.    As described above, the Commonwealth enacted the COFINA legislation and related tax laws, which imposed a new sales and use tax and mandated that a portion of the tax— the Dedicated Sales Tax—be deposited in the Dedicated Sales Tax Fund. The COFINA

legislation further provides that the "[Dedicated Sales Tax Fund] and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in the [Dedicated Sales Tax Fund] pursuant to the provisions of this law are hereby transferred to, and shall be the property of COFINA." *See* Act 56, § 3; P.R. Laws Ann. tit. 13, § 12.

63.     The COFINA legislation is constitutional under the Constitution of Puerto Rico. Contrary to the Commonwealth Agent's assertions, those statutes do not violate Sections 2 or 7 of Article VI or any other provision of the Puerto Rico Constitution.   Nor do the Dedicated Sales Tax or Dedicated Sales Tax Fund constitute "available resources" for purposes of Article VI, Section 8 of the Puerto Rico Constitution.

64.     Pursuant to the aforementioned statutes, under Puerto Rico law, the Dedicated Sales Tax, including all Dedicated Sales Tax revenue collected in the future, and the Dedicated Sales Tax Fund, were transferred to COFINA and are the property of COFINA.

65.     Accordingly, the Mutual Fund Group and the Puerto Rico Funds seek a declaration that: (i) the statutes creating COFINA and directing transfer of the Dedicated Sales Tax and the Dedicated Sales Tax Fund to COFINA are constitutional under the Constitution of Puerto Rico; (ii) the Dedicated Sales Tax, including all Dedicated Sales Tax revenue collected in the future, and the Dedicated Sales Tax Fund are the property of COFINA; and (iii) the Dedicated Sales Tax and the Dedicated Sales Tax Fund are not "available resources" under the Constitution of Puerto Rico.

## Second Counterclaim

### (Declaratory Judgment – Unconstitutional Application of PROMESA & Bankruptcy Code)

66.     Paragraphs 1-65 are incorporated by reference as if set forth herein.

40

67. The Dedicated Sales Tax, including all Dedicated Sales Tax revenue collected in the future, and the Dedicated Sales Tax Fund are the property of COFINA.

68. At the time of its transfer of the Dedicated Sales Tax to COFINA, and at the time of each issuance of COFINA Bonds, neither the Commonwealth nor COFINA was eligible for relief under the Bankruptcy Code. *See, e.g., Puerto Rico v. Franklin California Tax-Free Trust*, 136 S. Ct. 1938, 1949 (2016) ("[The Bankruptcy Code] precludes Puerto Rico from authorizing its municipalities to seek relief under Chapter 9.").

69. The Commonwealth Agent has sought to invoke PROMESA – and, by extension, the Bankruptcy Code – to invalidate the transfer of the Dedicated Sales Tax to COFINA. *See, e.g.*, Complaint, Count V (invoking 11 U.S.C. §§ 544(a)(1) & 547(b)), Count VI (invoking 11 U.S.C. § 548(a)(1)(B)), Count VII (invoking 11 U.S.C. § 549), Count IX (invoking 11 U.S.C. § 552(a)), Count X (invoking 11 U.S.C. §§ 544(a)(1) & 547(b)), and Count XI (invoking 11 U.S.C. § 362(a)).

70. To apply PROMESA now to abrogate COFINA's property interest in the Dedicated Sales Tax would violate the Fifth and Fourteenth Amendments. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Takings Clause applies to the Commonwealth by virtue of Section 1 of the Fourteenth Amendment. U.S. Const. amend. XIV, § 1. .

71. To the extent any provision of PROMESA or the Bankruptcy Code is read to invalidate the transfer of Dedicated Sales Tax to COFINA, such provision is an unconstitutional taking under the Fifth and Fourteenth Amendments. *See United States v. Security Industrial Bank*, 459 U.S. 70 (1982); *see also Armstrong v. United States*, 364 U.S. 40 (1960).

72.     An actual, substantial, and justiciable case or controversy exists between the parties concerning the constitutionality of the application of PROMESA and the Bankruptcy Code. The Mutual Fund Group and the Puerto Rico Funds are entitled to a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202 that neither the Commonwealth Agent nor the Oversight Board may use PROMESA or the Bankruptcy Code to invalidate COFINA's property interest in the Dedicated Sales Tax.

## Third Counterclaim

### (Declaratory Judgment – Effect of Acceleration of COFINA Bonds)

73.     Paragraphs 1-72 are incorporated by reference as if set forth herein.

74.     Beginning in 2015, certain holders of senior COFINA Bonds began taking the position that defaults or Events of Default had occurred under the COFINA Resolution. These and other proponents of default (the "**Default Proponents**") have since repeatedly alleged the existence of defaults and Events of Default, including in certain prepetition lawsuits. *See, e.g., Whitebox Multi-Strategy Partners, L.P. v. Bank of New York Mellon Corp.*, Index No. 651969/2017 (N.Y. Sup. Ct.); *Ambac Assurance Corp. v. Bank of New York Mellon Corp.*, Index No. 6523356/2017 (N.Y. Sup. Ct.). In contrast, the Mutual Fund Group and the Puerto Rico Funds (and others) have strongly contested the existence of defaults or Events of Default under the Resolution.

75.     In the face of bondholder disputes concerning the occurrence of defaults or Events of Default, the Bank of New York Mellon, as Trustee for the COFINA Bonds, commenced an interpleader action (the "**Interpleader**") before this Court seeking direction as to how to dispose of funds within its custody or control. *See Bank of New York Mellon v. Puerto Rico Sales Tax*

42

*Financing Corp., et al.*, Adv. No. 17-133 (D. P.R.). The Commonwealth Agent sought to intervene in the Interpleader, but that intervention was denied on September 27, 2017.

76.     Among the issues the Court will decide in the Interpleader is whether or not defaults or Events of Default have occurred under the Resolution, and whether the COFINA Bonds have been or should be accelerated due to the occurrence of Events of Default and/or the filing of COFINA's Title III case.   In the event the COFINA Bonds are accelerated, approximately $17 billion in COFINA Bonds may become due and payable immediately, including billions in long-dated "capital appreciation bonds" upon which payments would not otherwise be due for years.

77.     If the COFINA Bonds were to be accelerated, the amount of sales and use tax revenues required to be deposited in the FIA would increase significantly, and such additional revenues would be subject to the COFINA Bondholders' liens.  The COFINA statute provides for a base amount of sales and use tax to be deposited with COFINA each year.  P.R. Laws Ann. tit. 13, § 12(a).  If, however, the amounts received by COFINA in a fiscal year are insufficient for payment of principal and interest on its bonds, the statute requires the first amounts received from the sales and use tax in the next fiscal year (above and beyond the base amount) to be deposited with COFINA and used to cover the shortfall.  P.R. Laws Ann. tit. 13, § 14(d)-(e).

78.     The COFINA statute provides that "all the future funds that must be deposited in FIA pursuant to the provisions of [the COFINA statute] are hereby transferred to, and shall be, the property of COFINA."  P.R. Laws Ann. tit. 13, § 12.  Accordingly, any additional amounts that must be deposited in the FIA following an acceleration of the COFINA Bonds are the property of COFINA.

79.     If the COFINA Bonds are accelerated, approximately $17 billion in principal and interest will be due on the COFINA Bonds, thus requiring all available sales and use tax revenues to be deposited with COFINA and used to pay debt service on the COFINA Bonds in the next fiscal year and for many fiscal years thereafter.

80.     An actual, substantial, and justiciable case or controversy exists between the parties concerning the proper interpretation of P.R. Laws Ann. tit. 13, § 14(d) and the effect of acceleration of the COFINA Bonds on the allocation of the SUT. The Mutual Fund Group and the Puerto Rico Funds are entitled to a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that upon acceleration of the COFINA Bonds, the COFINA enabling act provides that all SUT revenues collected in subsequent fiscal years are the property of COFINA and are required to be deposited in the FIA until COFINA's obligations to its bondholders are paid in full.

### Conclusion

WHEREFORE, the Mutual Fund Group and the Puerto Rico Funds request that the Court enter a judgment in their favor and against the Commonwealth Agent, the Commonwealth, and the Oversight Board:

I.     Declaring that:

    a. The statutes creating COFINA and directing transfer of the Dedicated Sales Tax and the Dedicated Sales Tax Fund to COFINA are constitutional under the Constitution of Puerto Rico;

    b. The Dedicated Sales Tax, including all Dedicated Sales Tax revenue collected in the future, and the Dedicated Sales Tax Fund are the property of COFINA;

    c. The Dedicated Sales Tax and the Dedicated Sales Tax Fund are not "available resources" under the Constitution of Puerto Rico;

    d. The Commonwealth's appropriation of the Dedicated Sales Tax and/or the Dedicated Sales Tax Fund would constitute violations of the Constitutions of the United States and the Commonwealth of Puerto Rico;

44

e.  Neither the Commonwealth Agent, the Commonwealth, nor the Oversight Board may use PROMESA or the Bankruptcy Code to invalidate COFINA's property interest in the Dedicated Sales Tax and the Dedicated Sales Tax Fund; and

f.  That upon acceleration of the COFINA Bonds, the COFINA enabling act provides that all future SUT revenues collected in subsequent fiscal years are the property of COFINA and are required to be deposited in the FIA until COFINA's obligations to its bondholders are paid in full.

II.  Permanently enjoining the Commonwealth, the Commonwealth Agent, and the Oversight Board from:

a.  Diverting or transferring the Dedicated Sales Tax proceeds, including all Dedicated Sales Tax proceeds collected in the future, or the funds in the Dedicated Sales Tax Fund away from COFINA;

b.  Designating the Dedicated Sales Tax proceeds, including all Dedicated Sales Tax proceeds collected in the future, or the Dedicated Sales Tax Fund as "available resources" under the Constitution of Puerto Rico;

c.  Taking any action to "breach, revoke, and/or reject" the transfer of the Dedicated Sales Tax, including all Dedicated Sales Tax collected in the future, or the Dedicated Sales Tax Fund to COFINA;

d.  Taking any action to interfere with or attempt to interfere with COFINA's rights to the Dedicated Sales Tax, including all Dedicated Sales Tax collected in the future, or the Dedicated Sales Tax Fund; and

e.  Taking any action to interfere with or attempt to interfere with COFINA's rights and obligations under the Resolution.

III.  Granting such other relief as is just and proper.

I hereby certify that, on this same date, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record

**RESPECTFULLY SUBMITTED,**
In San Juan, Puerto Rico, today November 6, 2017.

**TORO, COLÓN, MULLET, RIVERA & SIFRE, P.S.C.**

*s/ Manuel Fernández-Bared*
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcmrslaw.com

*s/ Linette Figueroa-Torres*
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcmrslaw.com

P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

*s/ Thomas Moers Mayer*
THOMAS MOERS MAYER*
AMY CATON*
PHILIP BENTLEY*
DAVID E. BLABEY, JR.*
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
    acaton@kramerlevin.com
    pbentley@kramerlevin.com
    dblabey@kramerlevin.com
* (admitted *pro hac vice*)

*Counsel to the Mutual Fund Group*

**SÁNCHEZ PIRILLO LLC**

_s/ Alicia I. Lavergne-Ramirez_

JOSÉ C. SÁNCHEZ-CASTRO
USDC-PR 213312
jsanchez@sanpir.com

ALICIA I. LAVERGNE-
RAMÍREZ
USDC-PR 215112
alavergne@sanpir.com

MARALIZ VÁZQUEZ-MARRERO
USDC-PR 225504
mvazquez@sanpir.com

270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

**WHITE & CASE LLP**

_s/ Jason N. Zakia_
GLENN M. KURTZ*
JOHN K. CUNNINGHAM*
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
gkurtz@whitecase.com
jcunningham@whitecase.com

JASON N. ZAKIA*
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com

* (admitted _pro hac vice_)

_Counsel to the Puerto Rico Funds_

47