# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

------------------------------------------------------------------------ x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE COMMONWEALTH OF PUERTO
RICO,

    as agent of

THE COMMONWEALTH OF PUERTO RICO,

    Plaintiff,

v.

BETTINA WHYTE,

    as agent of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

    Defendant.

Adv. Proc. No. 17-00257-LTS

------------------------------------------------------------------------ x

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

DX-TT

## MEMORANDUM ORDER

On August 10, 2017, the Court approved and entered a Stipulation and Order authorizing the Official Committee of Unsecured Creditors ("UCC") and Bettina Whyte to serve as the Commonwealth Agent and COFINA Agent, respectively, in connection with an adversary proceeding to determine "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt (the "Pledged Sales Taxes") are property of the Commonwealth or COFINA under applicable law" (the "Commonwealth-COFINA Dispute"). (Case no. 17-BK-3283, docket entry no. 996, the "Stipulation.") Before the Court are motions, filed by the COFINA Agent and the Mutual Fund Group and Puerto Rico Funds, seeking to certify certain questions related to the Commonwealth-COFINA Dispute for resolution by the Supreme Court of Puerto Rico pursuant to Rule 25 of the Rules of that Court. (Docket entry nos. 329, 331.[2])

The COFINA Senior Bondholders' Coalition (the "COFINA Seniors") joins the COFINA Agent's certification motion but "only as an alternative basis for relief should the Court deny the relief requested in the Motion for Summary Judgment of the COFINA Senior Bondholders' Coalition." (See docket entry no. 332 at 3.) AMBAC Assurance Corporation ("AMBAC") and National Public Finance Corporation ("National") have filed a limited objection to the COFINA Agent's certification motion, arguing that, if the Court determines that the constitutionality of the COFINA Enabling Act, 13 L.P.R.A. §§ 11a-16, "is in serious question," the Court should certify an alternative set of questions to the Supreme Court of Puerto Rico. (See docket entry no. 421 at 3.) The Commonwealth Agent, the Financial Oversight and Management Board ("FOMB"), and the Ad Hoc Group of General Obligation Bondholders (the

---

[2] All docket entry references are to filings in Adversary Proceeding No. 17-00257-LTS in Title III Case No. 17-BK-3283, unless otherwise indicated.

"GO Group") oppose the certification motions in their entirety. (See docket entry nos. 437, 438, 439.) The Court heard oral argument on the motions on May 9, 2018, and has considered carefully all of the arguments and submissions made in connection with the motions. For the reasons that follow, the certification motions are denied.

Certification is proper under the Rules of the Supreme Court of Puerto Rico if "(1) the controversy involves questions of Puerto Rican law; (2) said questions may determine the outcome of the case; (3) there are no clear-cut precedents in [the Supreme Court of Puerto Rico's] case law; and (4) the case [sic] makes an account of all the facts relevant to said questions showing clearly the nature of the controversy giving rise to the questions." Cuesnongle v. Ramos, 835 F.2d 1486, 1491 (1st Cir. 1987). The Supreme Court of Puerto Rico will not ordinarily accept certified questions "if the matter raised is of a mixed nature, i.e. it includes aspects from the petitioning court's federal or state law and aspects of local Puerto Rican law, in which case the matter must be settled by the petitioning court." (Docket entry no. 437-1, Certified Translation of 4A L.P.R.A. Ap. XXI-B, Rule 25(b).) The decision to certify a question to Puerto Rico's highest court "rests in the sound discretion of the federal court." See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

The parties opposing certification argue primarily that certification is inappropriate because resolution of the Commonwealth-COFINA Dispute requires consideration of certain arguments based on federal bankruptcy law and the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"). Specifically, these parties contend that property law concepts inherent in federal bankruptcy law are relevant to, and ultimately dispositive of, the question of whether the Pledged Sales Taxes are the property of the Commonwealth or COFINA in the context of their respective PROMESA Title III proceedings, regardless of how the Supreme Court of Puerto Rico may rule on related questions of Puerto

Rico law. The parties opposing certification also argue that certification is likely to cause further delay in the resolution of the property ownership question, that certification is unnecessary because Puerto Rico law is sufficiently clear, that the COFINA Agent waived her right to seek certification by engaging in summary judgment motion practice, and that the Stipulation itself precludes certification. For their part, the parties seeking certification argue that the Commonwealth-COFINA Dispute turns entirely on the interpretation and application of Puerto Rico law and the Puerto Rico Constitution, and that any federal bankruptcy law considerations are outside the scope of the Commonwealth-COFINA Dispute as framed by the Stipulation. (See docket entry nos. 167, 219, collectively, the "Scope Orders.") These parties argue that the Puerto Rico law questions presented in the Commonwealth-COFINA Dispute are issues of first impression and of sufficient significance to the Commonwealth that principles of federalism and comity dictate they should be determined in the first instance by the Commonwealth's highest court. The parties seeking certification also argue that certification will reduce delay by providing an authoritative resolution of the Commonwealth-COFINA Dispute.

After thorough consideration of the parties' arguments, the Court concludes that certification is unwarranted here.[3] Although the issues raised by the Commonwealth-COFINA Dispute are novel and are of great importance to the people of Puerto Rico (as well as their fellow stakeholders), the parties seeking certification characterize the scope of the issues before

---

[3] The Court finds that the COFINA Agent did not waive her right to seek certification by proceeding with summary judgment motion practice. Summary judgment motion practice was arguably necessary to frame the issues raised by the Commonwealth-COFINA Dispute before the Court could properly consider certification, and the Stipulation clearly contemplates the possibility of certification motion practice. (See Stipulation ¶ 11.) The terms of the Stipulation also do not preclude certification, even though they weigh somewhat against certification in that they reflect the parties' principal expectations that the Commonwealth-COFINA Dispute would be resolved expeditiously in the first instance through litigation in this federal district court.

the Court too narrowly and ignore the federal bankruptcy context in which the Commonwealth-COFINA Dispute arises. The Stipulation defines the Commonwealth-COFINA Dispute as whether the Pledged Sales Taxes are property of the Commonwealth or COFINA "under applicable law." (Stipulation ¶ 4.) Nothing in the Stipulation or the Scope Orders of this Court limits the dispute to Puerto Rico law and, ultimately, the Court must decide what the relevant property rights are within the context of these Title III proceedings, under PROMESA and federal bankruptcy law provisions that Congress has incorporated into PROMESA. The Scope Orders thus permit the parties to raise arguments premised on federal bankruptcy law as long as they are antecedent to the question of ownership, and the parties' summary judgment briefing does indeed include such arguments. (See, e.g., docket entry no. 300-1 at 11, 16-20; docket entry no. 314 at 31-34; docket entry no. 322 at 21-27; docket entry no. 353 at 18-22; docket entry no. 368 at 28-29; docket entry no. 371 at 21-26; docket entry no 390 at 3-5; docket entry no. 397 at 19, docket entry no. 400 at 2-3, collectively, the "Commonwealth Parties' Submissions.")

       Thus, to resolve the central question of ownership the Court will have to, at a minimum, engage the federal bankruptcy law arguments raised in the Commonwealth Parties' Submissions, even if the Court ultimately rejects those arguments. Further subdividing the ownership question into federal and Puerto Rico law elements would create the possibility of rendering the Supreme Court of Puerto Rico's decision advisory. See Cuesnongle, 835 F.2d at 1492 ("[W]here one of the possible questions would necessitate analysis reflecting at least an implicit understanding of federal law, then the supreme court will refuse to answer the question so as to avoid any risk that part of its analysis would be reviewed, rejected, or modified by a lower federal court.") (emphasis in original).[4] Because federal law issues are thus necessarily

---

[4]    The parties seeking certification also contend that the Court could certify questions principally related to various provisions of the Puerto Rico Constitution. However, these

bound up in the antecedent question of ownership, the Commonwealth-COFINA Dispute presents a mixed question of federal and Puerto Rico law that is inappropriate for certification under Rule 25(b).

Certification is also unwarranted here because it will delay resolution of this particular dispute, impede progress towards a plan of adjustment, postpone the conclusion of these Title III proceedings, and consequently delay the debtors' ability to regain access to financial markets. Although the parties present differing views on the speed with which the Supreme Court of Puerto Rico would reach a decision on the proposed questions if certified, certification will at least entail another round of briefing and argument and, as explained above, any decision by the Supreme Court of Puerto Rico would still be subject to further bankruptcy law considerations as to what ultimately constitutes property of which debtor under PROMESA and various incorporated Bankruptcy Code provisions. The interests of judicial economy and efficiency do not favor such piecemeal litigation of a dispute that is central to the restructuring efforts in these Title III cases.

---

questions, in the context of the Commonwealth-COFINA Dispute, also implicate federal law issues. For example, resolution of the parties' Balanced Budget Clause arguments necessarily implicates the federal issue of whether Congressional and Presidential actions based on an English translation of the Puerto Rico Constitution rendered the English version of the Constitution the definitive one. Arguments that the COFINA structure is unconstitutional also leave for resolution the question, in the PROMESA Title III context, of ownership of the assets purportedly transferred to the allegedly unconstitutional entity.

Accordingly, and for the foregoing reasons, the certification motions filed by the COFINA Agent and the Mutual Fund Group and Puerto Rico Funds are denied. This Memorandum Order resolves docket entry nos. 329 and 331.

SO ORDERED.

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

DATED: May 24, 2018