# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

---------------------------------------------------------------x

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE COMMONWEALTH OF
PUERTO RICO,

    as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE COMMONWEALTH OF PUERTO RICO,

    Plaintiff,

v.

BETTINA WHYTE

    as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

    as representative of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

    Defendant.

---------------------------------------------------------------x

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)


Adv. Proc. No. 17-00257

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

DX-AAA

**STIPULATION AND AGREED ORDER
RELATED TO COMMONWEALTH OF PUERTO
RICO'S MOTION PURSUANT TO BANKRUPTCY
RULE 9019 FOR ORDER APPROVING SETTLEMENT
BETWEEN COMMONWEALTH OF PUERTO RICO AND PUERTO
RICO SALES TAX FINANCING CORPORATION AND RELATED MATTERS**

To the Honorable United States District Court Judge Laura Taylor Swain:

This stipulation and consent order (the "Stipulation") is made and entered into by and among (a) the Official Committee of Unsecured Creditors (the "Committee") of all Title III Debtors (other than with respect to the Puerto Rico Sales Tax Financing Corporation ("COFINA")), in its statutory capacity and as the Commonwealth Agent, as defined below, in accordance with the provisions of the Stipulation, as defined below, (b) the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), and (c) Bettina M. Whyte, solely in her capacity as agent for the Oversight Board, as representative of COFINA (the "COFINA Agent")[2] and the Parties hereby stipulate and agree as follows:

**RECITALS**

A. On May 3, 2017, the Commonwealth commenced a proceeding in the United States District Court for the District of Puerto Rico (the "Title III Court") under title III of the Puerto Rico Oversight, Management and Financial Stability Act ("PROMESA"), which proceeding was assigned Case No. 17-BK-3283 (the "Commonwealth Title III Case").

B. On May 5, 2017, COFINA commenced a proceeding in the Title III Court under title III of PROMESA, which proceeding was assigned Case No. 17-BK-3284 (the "COFINA Title III Case" and, collectively with the Commonwealth Title III Case and the other cases filed

---

[2] The Committee, the COFINA Agent and the Oversight Board are sometimes hereinafter referred to individually as a "Party" and collectively as the "Parties".

under title III of PROMESA by other instrumentalities of the Commonwealth as of the date of hereof, the "Title III Cases").

C.      Prior to the commencement of the Title III Cases, certain parties asserted various claims relating to COFINA, including that (i) the formation and use of COFINA was unconstitutional under the Puerto Rico Constitution, and (ii) the present and future revenues and collections generated by the five and one-half percent (5.5%) of the sales and use taxes ("SUT") imposed by the Commonwealth (the "COFINA Pledged Taxes"), purportedly pledged by COFINA to secure the various series of bonds (collectively, the "Existing Securities") issued pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions (collectively, the "Bond Resolutions"), and other obligations of COFINA, constituted "available resources" of the Commonwealth pursuant to Article VI, Section 8 of the Puerto Rico Constitution and must be used for the payment of "public debt" as specified therein.  Such claims were stayed pursuant to PROMESA prior to any court issuing a ruling on the merits of such claims.

D.      Subsequent to the filing of the COFINA Title III Case, the Oversight Board sought an orderly process to resolve the disputes relating to COFINA and the ownership of the COFINA Pledged Taxes.  On August 10, 2017, the Title III Court entered that certain *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996][3] (the "Dispute Stipulation"), executed by various stakeholders of the Commonwealth and COFINA, pursuant to which, among other things, the Oversight Board (1) delegated certain authority to litigate to a determination or compromise and settle "whether, after considering all

---

[3]  All docket references are to the Commonwealth Title III Case unless indicated otherwise.

procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt… are property of the Commonwealth or COFINA under applicable law" (the "Commonwealth-COFINA Dispute"), Dispute Stipulation ¶4, to the Committee, as agent for the Oversight Board (the "Commonwealth Agent"), and the COFINA Agent[4] and preserved certain rights and authorities to the Oversight Board.

E.  On September 8, 2017, the Commonwealth Agent commenced an adversary proceeding styled The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico as agent of the Financial Oversight and Management Board for Puerto Rico as representative of The Commonwealth of Puerto Rico v. Bettina Whyte, as agent of The Financial Oversight and Management Board for Puerto Rico as representative of The Puerto Rico Sales Tax Financing Corporation, Adv. Proc. No. 17-257-LTS (the "Adversary Proceeding"), by filing a complaint against COFINA asserting various claims and causes of action, including seeking declarations that Act 91 did not transfer a present ownership in future SUT revenues to COFINA and that Act 91 is unconstitutional because the substantial result of the COFINA structure was evasion of Puerto Rico's Constitutional debt limit, Constitutional balanced budget provision, and Constitutional debt priority.

F.  On September 15, 2017, the COFINA Agent filed an answer and counterclaims against the Commonwealth asserting various claims and causes of action, including seeking declarations that Act 91 is constitutional and that the stream of COFINA Pledged Taxes and the Dedicated Sales Tax Fund, as defined in the Bond Resolutions, are property of COFINA. Additionally, various Permitted Intervenors, as defined in the Stipulation, asserted various claims

---

[4] The Commonwealth Agent and the COFINA Agent are sometimes hereinafter collectively referred to as the "Agents".

and causes of action (all claims and causes of action filed in the Adversary Proceeding, the "Commonwealth-COFINA Claims").

G.      Mediation of the Commonwealth-COFINA Dispute, led by Mediation Team Leader Hon. Barbara J. Houser, began in September 2017 and included the participation of the Agents and the Permitted Intervenors.

H.      On September 20, 2017, Hurricane Maria made landfall on Puerto Rico devastating the island and suspending certain proceedings related to the Commonwealth-COFINA Dispute.  As a result, the Agents modified their litigation schedule with the consent and approval of the Title III Court, with dispositive motions due to be filed by January 31, 2018, and a trial, if necessary, to be held in early March 2018.

I.      On November 3, 2017, the Title III Court entered an order [Docket No. 1612] that granted the protections of 48 U.S.C. § 2125 (the "Immunity Protections") to the Agents and their respective professionals and employees with respect to all actions taken in good faith to carry out their duties under the Stipulation.

J.      On December 21, 2017, the Title III Court entered an order [Adv. Pro. No. 167][5] (the "Initial Scope Order") clarifying the scope of the Agents' authority and dismissing, without prejudice, certain of the Commonwealth-COFINA Claims.

K.      On January 24, 2018, the Title III Court entered an order [Adv. Pro. No. 257] (the "Amended Scope Order") granting the Commonwealth Agent's motion to reconsider the Initial Scope Order and allowing the Commonwealth Agent to amend certain claims and causes of action that had been dismissed, without prejudice, pursuant to the Initial Scope Order (all claims and causes of action in the Adversary Proceeding that were dismissed, without prejudice,

---

[5]  All references to "Adv. Pro. No." are docket references to the Adversary Proceeding.

following the entry of the Amended Scope Order, the "Dismissed Commonwealth-COFINA Claims," and all claims and causes of action in the Adversary Proceeding that were not dismissed, without prejudice, following the entry of the Amended Scope Order, the "Surviving Commonwealth-COFINA Claims").

L.      On February 10, 2018, the Title III Court entered an order [Adv. Pro. No. 284] (the "Mediation Scope Order") (i) authorizing the Agents to mediate and attempt to compromise and settle the Commonwealth-COFINA Claims (except for any claim or cause of action that is owned by a creditor and not owned by the Commonwealth or COFINA, as applicable) pursuant to the terms and conditions of the Dispute Stipulation relating to the settlement of the Commonwealth-COFINA Dispute, and (ii) granting the Immunity Protections to the Agents, their professionals and employees with respect to any actions taken in good faith pursuant to the authority granted.

M.      On or around February 21, 2018, the Agents and certain Permitted Intervenors each filed competing motions for summary judgment on the Surviving Commonwealth-COFINA Claims (the "Motions for Summary Judgment").

N.      On February 26, 2018, the COFINA Agent, joined by certain COFINA stakeholders, filed a motion to certify the Surviving Commonwealth-COFINA Claims to the Puerto Rico Supreme Court (collectively, the "Certification Motions"), which were opposed by, among others, the Commonwealth Agent and the Oversight Board citing, among other things, the mixed questions of federal and Puerto Rico law and the need for an expeditious conclusion of the Commonwealth-COFINA Dispute.

O.      On April 10, 2018, the Title III Court heard argument with respect to the Motions for Summary Judgment.

P.      On May 14, 2018, certain of the Permitted Intervenors, consisting of significant

holders and insurers of general obligation bonds of the Commonwealth and significant holders

and insurers of senior bonds of COFINA announced they had reached a tentative settlement of

the Commonwealth-COFINA Dispute (the "GO-COFINA Senior Agreement"), which agreement

had been presented to, but was not supported by, the Agents, the Oversight Board, or AAFAF, as

defined below.

Q.      On May 14, 2018, the Oversight Board announced that it would not proceed with

the GO-COFINA Senior Agreement, but that the Oversight Board would seek to negotiate with

creditors on terms that were affordable, sustainable, and consistent with certified fiscal plans for

the island and its instrumentalities.

R.      On May 24, 2018, the Title III Court entered an order [Adv. Pro. No. 483]

denying the Certification Motions.

S.      On June 5, 2018, the Agents filed a joint informative motion with the Title III

Court [Adv. Pro. No. 484] (the "Joint Urgent Motion") (i) disclosing that, on June 5, 2018, the

Agents had reached an agreement in principle (the "Agreement in Principle") to resolve the

Commonwealth-COFINA Dispute and all other claims and causes of action that may be settled

by the Agents pursuant to the Dispute Stipulation and the Mediation Scope Order, including,

without limitation, by allocating one hundred percent (100%) of the cash held in trust by Bank of

New York Mellon ("BNYM"), as trustee for the Existing Securities, to COFINA and the

COFINA Pledged Taxes to COFINA and the Commonwealth in the amounts of fifty-three and

sixty-five one hundredths percent (53.65%) and forty-six and thirty-five one hundredths percent

(46.35%), respectively, of the existing pledged sales tax base amount with COFINA retaining its

"first dollars" priority rights thereto and (ii) requesting that the Title III Court hold its ruling on

the Motions for Summary Judgment in abeyance for sixty (60) days until August 4, 2018 (as such period may be extended or renewed, the "Abeyance Period"), to provide the Agents time to document a formal settlement agreement and ensure that certain specified conditions precedent to effectiveness of the Agreement in Principle are or would be satisfied.  The Agreement in Principle was thereafter filed on the docket on June 7, 2018 [Adv. Pro. No. 486-1].

T.     The Agreement in Principle also provides that, unless otherwise extended in writing by the Agents, the understanding reached therein ("except for the section "Post-July 1, 2018 Collection of SUT") shall terminate automatically if the Agents are unable to agree on the terms of definitive documentation within sixty (60) days of execution of the Agreement in Principle.

U.     On June 12, 2018, the Title III Court entered an order [Adv. Pro No. 492] granting the Joint Urgent Motion and holding a ruling on the Motions for Summary Judgment in abeyance until August 4, 2018.  Pursuant to subsequent consensual motions by the Agents, the Title III Court entered orders [Adv. Pro. Nos. 539, 543] extending the Abeyance Period up to and including October 3, 2018.

V.     Pursuant to orders of the Title III Court, dated June 9, 2018 [Adv. Pro. No. 525] and July 24, 2018 [Adv. Pro. No. 534] (collectively, the "SUT Procedures Order") , and consistent with the Agreement in Principle, BNYM as trustee for the holders of Existing Securities, has placed into escrow funds received on deposit (i) prior to July 1, 2018 in the debt service, reserve and such other accounts and any earnings thereon (the "Pre-FY2019 BNYM Deposits") and (ii) on or after July 1, 2018 to the debt service, reserve and such other accounts (the "FY2019 BNYM Deposits").

W.     On June 29, 2018, the Oversight Board certified a revised fiscal plan for the Commonwealth (the "June Fiscal Plan").

X.     On July 25, 2018, the Commonwealth Agent informed the Title III Court and parties in interest that it continued to support the settlement reached with the COFINA Agent, but the Commonwealth Agent had concerns about the feasibility of moving forward with the Agreement in Principle in light of the revised projections contained in the June Fiscal Plan with respect to revenues, expenses and debt capacity.

Y.     On August 8, 2018, and following two weeks of mediation led by the Mediation Team, the Oversight Board announced that it had reached an agreement, predicated upon the allocation of ownership of the Pre-FY2019 BNYM Deposits and COFINA Pledged Taxes developed and set forth in the Agreement in Principle, with holders and insurers of senior and junior bonds of COFINA, with respect to the terms of new securities to be issued pursuant to a consensual plan of adjustment for COFINA.

Z.     On August 13, 2018, the Commonwealth Agent filed an informative motion (the "Informative Motion") [Adv. Pro. No. 540] with respect to the Oversight Board's announcement on August 8, 2018, wherein the Commonwealth Agent expressed continuing concerns about the feasibility of the Agreement in Principle in light of the June Fiscal Plan and the revised projections with respect to revenues, expenses and debt capacity contained therein.

AA.     On August 29, 2018, the Oversight Board, the Commonwealth, COFINA, the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF") and various parties to the Commonwealth-COFINA Dispute executed that certain Plan Support Agreement, which agreement was amended and restated by that certain Amended and Restated Plan Support Agreement (the "Amended PSA"), dated as of September 20, 2018.  Attached to the Amended

8

PSA as Exhibit "C" is a term sheet the "Term Sheet"), which incorporates, according to the Oversight Board and the COFINA Agent, the allocation of the COFINA Pledged Taxes developed and set forth in the Agreement in Principle as a foundation and sets forth, among other things, the terms of the securities to be issued pursuant to a plan of adjustment for COFINA (the "COFINA Plan").[6]

BB.    By order, dated September 27, 2018 [Adv. Pro. No. 544], the Title III Court terminated the Motions for Summary Judgment, without prejudice to restoration of such motions on or after October 3, 2018, in light of the Agreement in Principle and ongoing discussions regarding a plan of adjustment for COFINA(the "SJ Termination Order").

CC.    As of September 30, 2018, there is approximately $1,203,272,884.15 and $366,835,440.45 of COFINA Pledged Taxes in Pre-FY2019 BNYM Deposits and FY2019 BNYM Deposits, respectively.

DD.    At a hearing held on October 3, 2018, the Title III Court stated that the SJ Termination Order constituted a "form of abeyance" and that such order was not intended to impact any of the provisions of the SUT Procedures Order.

EE.    On October 17, 2018, the Commonwealth Agent and the Committee filed a motion [Docket No. 4057] (the "Scheduling Motion") requesting that the Title III Court set a briefing schedule and a hearing date on a to-be-filed motion to enforce the Dispute Stipulation (the "Motion to Enforce") by challenging the Oversight Board's authority under the Dispute Stipulation to seek approval of the Settlement Agreement, as defined below, and sought, among other things, that the Title III Court (a) set the deadline for the Commonwealth Agent and the Committee to file the Motion to Enforce by the earlier of (i) November 2, 2018 and (ii) three (3)

---

[6]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Amended PSA and the Term Sheet.

business days after the Oversight Board provides to the Commonwealth Agent and the Committee a revised certified fiscal plan and (b) schedule a hearing on the Motion to Enforce for November 20, 2018 (the date scheduled to consider approval of the COFINA Disclosure Statement, as defined below). By order, dated October 18, 2018 [Docket No. 4060] (the "Scheduling Order"), the Title III Court granted the Scheduling Motion.[7]

FF. On October 19, 2018, the Oversight Board filed, among other pleadings, (1) a motion [Docket No. 4067] (the "9019 Motion") seeking approval of that certain Settlement Agreement, dated October 19, 2018, between the Oversight Board and the COFINA Agent (the "Settlement Agreement"), compromising and settling the Commonwealth-COFINA Dispute, and (2) the COFINA Plan [Docket No. 4072] and related proposed disclosure statement [Docket No. 4073] (the "COFINA Disclosure Statement").

GG. On October 23, 2018, the Oversight Board certified a revised Commonwealth fiscal plan (the "October Fiscal Plan"), which fiscal plan reflects, among other things, (1) updated data regarding the Commonwealth's actual performance in fiscal year 2018 and the receipt of federal disaster funds and (2) an increase to the 40-year cash flow projections contained in the June Fiscal Plan.

HH. The Parties have met and conferred in an effort to resolve the Committee and the Commonwealth Agent's concerns regarding the Oversight Board's ability to seek approval of the Settlement Agreement. Based upon such discussions and the terms set forth herein, the Committee and the Commonwealth Agent are prepared to not file the Motion to Enforce in light of the modifications between the June Fiscal Plan and the October Fiscal Plan (and the other agreements described in this Stipulation), but, subject to the provisions of decretal paragraph 4

---

[7] On November 2, 2018, the Title III Court entered an order [[Docket No. 4161] extending the deadline to file the Motion to Enforce to November 5, 2018, at 5:00 p.m. (AST).

hereof, the Committee and the Commonwealth Agent desire to preserve their rights in the event that, prior to approval of the 9019 Motion and confirmation of the COFINA Plan, (i) the Oversight Board certifies another Commonwealth fiscal plan, which fiscal plan materially reduces the 40-year cash flow projections from those set forth in the October Fiscal Plan or (2) either the Settlement Agreement or the COFINA Plan is amended, modified or supplemented such that there is a material negative economic impact to the rights and interests of the Commonwealth.

II.     As of the date hereof, the Oversight Board does not anticipate amending the October Fiscal Plan (or of making material changes to the Settlement Agreement or the COFINA Plan), but cannot bind itself that it will not do so under any circumstances, including unforeseen circumstances.

NOW, THEREFORE, THE PARTIES HEREBY AGREE, AND UPON THE COURT'S APPROVAL, IT SHALL BE ORDERED AND BINDING ON ALL PARTIES IN INTEREST AS FOLLOWS:


**<u>AGREEMENT</u>**

1.     This Stipulation shall be effective as of the date this Stipulation is entered on the docket as "so ordered" by the Title III Court; <u>provided</u>, <u>however</u>, that, pending approval of this Stipulation by the Title III Court, each of the Parties agrees to be bound by the terms hereof and waives any right to object to approval of this Stipulation by the Title III Court; <u>provided</u>, <u>however</u>, that, in the event that this Stipulation is not approved by the Title III Court, the Parties shall deem the Stipulation to be null and void and have no force or effect whatsoever except as may be otherwise agreed in writing by the Parties.  Notwithstanding the foregoing, the Parties

agree that, pending the Title III Court "so-ordering" this Stipulation, the Committee and the Commonwealth Agent's deadline to file the Motion to Enforce is hereby suspended to the date set forth below.

2.     From and after the date hereof, and except as provided in decretal paragraph 4 below, the Committee, acting as either the Committee or as the Commonwealth Agent, shall (a) not object to approval of the 9019 Motion, approval of the COFINA Disclosure Statement, or confirmation of the COFINA Plan, and (b) take no action to otherwise inhibit (i) approval of the COFINA Disclosure Statement, (ii) 9019 Motion and consummation of the Settlement Agreement, or (iii) confirmation and consummation of the COFINA Plan.

3.     The order granting the 9019 Motion (the "9019 Order") and the order confirming the COFINA Plan (the "Confirmation Order") (a) shall include customary findings as to the good faith of the COFINA Agent and its agents, attorneys, affiliates, advisors, consultants and attorneys, solely in such capacities (collectively, the "COFINA Agent Releasees"), and customary releases and exculpation in favor of the COFINA Agent Releasees and (b) in the event that the Committee and the Commonwealth Agent (i) do not object to approval of the 9019 Motion, approval of the COFINA Disclosure Statement, and confirmation of the COFINA Plan by the Title III Court and do not file the Motion to Enforce, or (ii) subject to the provisions of the decretal paragraph 4 hereof, file the Motion to Enforce or an objection to approval of the merits of the 9019 Motion, approval of the COFINA Disclosure Statement and confirmation of the COFINA Plan by the Title III Court, and unless the Title III Court determines that any such objection and the Motion to Enforce was filed in bad faith, shall include (y) customary findings as to the good faith of the Commonwealth Agent, the Committee, its members, and each of their respective current and former officers, directors, agents, attorneys, employees, affiliates,

advisors, consultants, attorneys, and members solely in such capacities (collectively, the "Commonwealth Agent Releasees") and (z) customary releases and exculpation in favor of the Commonwealth Agent Releasees with respect to the Adversary Proceeding and the COFINA Plan.  For the avoidance of doubt, in the event that the Committee and the Commonwealth Agent do not object to approval of the 9019 Motion, approval of the COFINA Disclosure Statement, and confirmation of the COFINA Plan by the Title III Court or file its Motion to Enforce, the 9019 Order shall provide that the releases in Section 5(b) of the Settlement Agreement shall be deemed to be granted in favor of the Commonwealth Agent Releasees, and the Confirmation Order shall provide that the Commonwealth Agent Releasees are "Released Parties" under the COFINA Plan and are included among the parties exculpated under Section 30.8 of the COFINA Plan.

4.      In the event that, on or prior to December 31, 2018 (the "Cut-Off Date"), the Oversight Board either (a) certifies a further revised fiscal plan for the Commonwealth (a "Future Fiscal Plan") which provides for a material reduction of the 40-year cash flow projections (Fiscal Year 2019 to Fiscal Year 2058) from those contained in the October Fiscal Plan or (b) amends, modifies or supplements the Settlement Agreement or the COFINA Plan, which amendment, modification or supplement provides a material negative economic impact to the rights and interests of the Commonwealth (such change, a "Material Adverse Change"), the deadline of the Committee or the Commonwealth Agent to file the Motion to Enforce or any objection to the merits of the 9019 Motion shall be deemed extended to two (2) business days after such Cut-Off Date (the "Objection Deadline"); provided, however, that, in the event that, subsequent to the Cut-Off Date, but prior to the hearing to consider approval of the 9019 Motion and confirmation of the COFINA Plan, the Oversight Board certifies a Future Fiscal Plan or makes a Material

Adverse Change, (i) the Committee and/or the Commonwealth Agent may seek relief from the terms of this Stipulation, (ii) the other Parties reserve their rights to oppose any such requested relief and (iii) the Title III Court shall endeavor, to the extent feasible, to consider such requested relief at or prior to the hearing to consider approval of the 9019 Motion and confirmation of the COFINA Plan, but, under no circumstances, shall the Title III Court be required to adjourn the hearing to consider approval of the 9019 Motion and confirmation of the COFINA Plan to accommodate such relief requested by the Commonwealth Agent and/or the Committee and, provided, further, that, in the event that this Stipulation is not approved by the Title III Court, the deadline to file the Motion to Enforce shall be three (3) business days following such denial and the deadline to file any objection to the merits of the 9019 Motion shall be November 16, 2018, at 5:00 p.m. (AST). For the avoidance of doubt, the Commonwealth Agent may not file its Motion to Enforce or any objection to the approval of the 9019 Motion or any grounds other than those set forth in this decretal paragraph 4.

5. Except as set forth in Sections 2.1(a), 3.3, 15.1 and 15.2 of the COFINA Plan, and with respect to the use of any Debt Service Savings realized upon the issuance of COFINA Parity Bonds, both as defined in the COFINA Plan, and subject to and as may be required pursuant to the Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent, (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and her Professionals [Docket No. 1612], the Commonwealth will not be obligated to pay any of Reorganized COFINA's operating expenses and all such expenses will, instead, be paid from COFINA's assets or from interest accrued on COFINA's assets.

6.     The documentation governing the COFINA Bonds and the COFINA Parity Bonds shall provide that, notwithstanding anything to the contrary in Act 91 (as it may be amended) (including any insufficiency of revenues of the COFINA Portion of the COFINA Pledged Taxes to pay debt service on the COFINA Bonds, COFINA Parity Bonds, or other obligations of COFINA), (i) other than with respect to the use of Debt Service Savings realized  upon the issuance of COFINA Parity Bonds, neither COFINA nor the holder or owner of any COFINA Bonds, COFINA Parity Bonds, or other obligations of COFINA shall have any right, title, interest, or claim with respect to any revenues of the COFINA Pledged Taxes in excess of the COFINA Portion, the Sales Tax in excess of the COFINA Pledged Taxes, or any other revenues or property of the Commonwealth (other than the COFINA Portion for each fiscal year) and (ii) the provisions of Section 5(d) of Act 91 with respect to the potential use of the Commonwealth Portion shall not be applicable with respect to any COFINA Bonds, COFINA Parity Bonds, or other obligations of COFINA[8].

7.     The Oversight Board shall provide, as soon as reasonably practicable, the Commonwealth with advance drafts of the proposed Confirmation Order (including the proposed findings of fact and conclusions of law) and the bond documentation for the COFINA Bonds, as defined in the COFINA Plan.  The order approving the 9019 Motion shall be in form reasonably acceptable to the Committee and the Commonwealth Agent solely as to those issues that economically affect the Commonwealth.

8.     Except as specifically set forth in this Stipulation, each Party reserves all of its rights, claims, and causes of action, and the other Party reserves its defenses and objections thereto.

---

[8]  Capitalized terms in this paragraph have the meanings set forth in the COFINA Plan.

9.      The Title III Court's findings in any order approving the adequacy of the information set forth in the COFINA Disclosure Statement may not be used to oppose the Motion to Enforce, if filed, or any objection of the Committee or the Commonwealth Agent to the merits of the 9019 Motion, if filed.

10.     The provisions of the SUT Procedures Order, including the Abeyance Period, as defined in the SUT Procedures Order, and the escrow of the FY2019 BNYM Deposits, shall continue up to and including the earlier to occur of (a) denial of the 9019 Motion and (b) the effective date of the COFINA Plan.

11.     This Stipulation is for the sole benefit of the Parties and nothing expressed or implied in this Stipulation shall give or be construed to give any person or organization other than the Parties a beneficial interest in any legal or equitable rights under this Stipulation.

12.     The Parties each represent and warrant that the undersigned is fully authorized and empowered to enter into this Stipulation on behalf of, and to bind, each Party as applicable, subject to the Court's approval. This Stipulation shall constitute the entire agreement by and between the Parties regarding the matters addressed herein. No extrinsic or parole evidence may be used to vary any of the terms herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no Party relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

13.     The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein. The Parties agree that they have carefully

read this Stipulation, and that they understand all of its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

14.     No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.

15.     This Stipulation may be executed in one or more counterparts and by facsimile or electronic copy, all of which shall be considered effective as an original signature.

16.     The Parties acknowledge that this Stipulation is the joint work product of both of the Parties and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation. This Stipulation contains the entire agreement by and between the Parties, and all prior understandings or agreements with respect thereto, if any, are merged into this Stipulation.

17.     This Stipulation shall be governed by and construed in accordance with PROMESA, the Bankruptcy Code and the laws of the State of New York, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

18.     The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.

19.     In the event that the Commonwealth Agent and/or the Committee files the Motion to Enforce or an objection to the merits of the 9019 Motion, the Recitals set forth herein shall not be admissible by any Party in connection with a hearing related to such Motion to Enforce or objection.

Dated: November 5, 2018

By: __/s/ Luc A. Despins_____

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Commonwealth Agent and the*
*Official Committee of Unsecured Creditors*


By: *_/s/ Juan J. Casillas Ayala_____*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Commonwealth Agent and*
*the Official Committee of Unsecured Creditors*

By: */s/ Joseph G. Minias*

**WILLKIE FARR & GALLAGHER LLP**
Matthew A. Feldman, Esq. *(Pro Hac Vice)*
Joseph G. Minias, Esq. *(Pro Hac Vice)*
Antonio Yanez, Jr., Esq. *(Pro Hac Vice)*
Martin L. Seidel, Esq. *(Pro Hac Vice)*
James C. Dugan, Esq. *(Pro Hac Vice)*
Jeffrey B. Korn, Esq. *(Pro Hac Vice)*
Paul V. Shalhoub, Esq. *(Pro Hac Vice)*
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
mfeldman@willkie.com
jminias@willkie.com
ayanez@willkie.com
mseidel@willkie.com
jdugan@willkie.com
jkorn@willkie.com
pshalhoub@willkie.com

*Counsel to the COFINA Agent*

**KLEE, TUCHIN, BOGDANOFF &
STERN LLP**
Kenneth N. Klee, Esq. *(Pro Hac Vice)*
Daniel J. Bussel, Esq. *(Pro Hac Vice)*
Jonathan M. Weiss, Esq. *(Pro Hac Vice)*
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
kklee@ktbslaw.com
dbussel@ktbslaw.com
jweiss@ktbslaw.com

*Special Municipal Bankruptcy Counsel to the
COFINA Agent*

By: */s/ Nilda M. Navarro-Cabrer*

**NAVARRO-CABRER LAW OFFICES**

Nilda M. Navarro-Cabrer
(USDC – PR No. 201212)
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 764-9595
Facsimile: (787) 765-7575
navarro@navarrolawpr.com

*Local Counsel to the COFINA Agent*

By: */s/ Brian S. Rosen*


Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico as*
*representative for the Debtors*


By: */s/ Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico as*
*representative for the Debtors*

SO ORDERED.

Dated: November 9, 2018

/s/ Laura Taylor Swain
Laura Taylor Swain
United States District Judge