Laws of Puerto Rico Annotated Currentness
Title 13. Taxation and Finance
Subtitle 1. Governmental Finances
Chapter 1. Treasury Funds and Accounts

13 L.P.R.A. § 11a

§ 11a Dedicated Sales Tax Fund Creation of the public corporation

(a) A public corporation and instrumentality of the Commonwealth of Puerto Rico, is hereby created, which constitutes a corporate and political entity independent and separate from the Commonwealth of Puerto Rico to be known as the Corporacion del Fondo de Interes Apremiante de Puerto Rico ('COFINA', Spanish acronym), whose name in English shall be Puerto Rico Sales Tax Financing Corporation.

(b) COFINA is created for the purpose of issuing bonds and utilizing other financing mechanisms for the following ends:

(1) To pay or refinance, directly or indirectly, all or part of the extraconstitutional debt of the Commonwealth of Puerto Rico outstanding as of June 30, 2006, and the accrued interest thereon;

(2) to pay all or part of the debt of the Secretary of the Treasury with the Government Development Bank for Puerto Rico in the amount of one (1) billion dollars, used to finance the budget deficit of fiscal year 2008-2009;

(3) to pay all or part of (A) the financing granted or to be granted to the Commonwealth of Puerto Rico until June 30, 2014, by the Government Development Bank for Puerto Rico or other financial institutions, payable from future general obligation bond issues of the Commonwealth of Puerto Rico, including but not limited to bond anticipation notes issued by the Commonwealth of Puerto Rico; (B) financing backed by bonds and notes of the Commonwealth of Puerto Rico with variable interests and obligations incurred under any type of financing, guarantee, or interest rate swap agreements entered into with respect to such variable-interest bonds or notes; and (C) any debt of the Commonwealth of Puerto Rico with no repayment source or which is payable from budget appropriations of the Commonwealth of Puerto Rico, existing as of June 30, 2013;

(4) to pay all or part of the accounts payable to suppliers of the Commonwealth of Puerto Rico;

(5) to pay or finance operating expenses of the Government of the Commonwealth of Puerto Rico corresponding to fiscal years 2008-2009, 2009-2010, and 2010-2011;

(6) to pay or finance operating expenses of the Government of the Commonwealth of Puerto Rico corresponding to fiscal year 2011-2012, which shall be included in the annual budget of the Government of Puerto Rico;

(7) to pay or finance operating expenses of the Government of the Commonwealth of Puerto Rico corresponding to

DX-TTT

fiscal years 2012-2013, 2013-2014, and 2014-2015;

(8) to generate funds to nourish the Puerto Rico Economic Stimulus Fund established under § 14a of this title;

(9) to nourish the Emergency Fund of the Commonwealth of Puerto Rico to meet expenses arising as a result of a catastrophic event, such as hurricanes or floods;

(10) to generate funds to nourish the Economic Cooperation and Alternatives Fund for Public Employees;

(11) to nourish the Fiscal Reconstruction Fund created under Act No. 45-2013, or to pay or refinance, directly or indirectly, all or part of the debt authorized under Act No. 45-2013; and

(12) to pay, finance, or refinance any bonds, loans, bond anticipation notes issued by the Commonwealth of Puerto Rico under Act No. 242-2011 and Act No. 47-2013, or to cover the cost of necessary public improvements that may be financed by bonds authorized under Act No. 242-2011, and Act No. 47-2013.

(c) The source of repayment of COFINA bonds shall be the portion of the tax deposited in the Dedicated Sales Tax Fund pursuant to the provisions of § 12(a) of this title and any subsidy that COFINA may receive under the federal program known as 'Build America Bonds'. The Board of Directors of COFINA shal l not authorize any COFINA bond issue, unless the Chair or a COFINA officer designated by the Chair certifies that the principal of and interest on the COFINA bonds he/she intends to authorize, plus the principal of and interest on all outstanding COFINA bonds (except those bonds to be paid with the proceeds of the new bonds or those payments of principal or interest for which sufficient funds have been set aside to cover the payment thereof,) payable each fiscal year (beginning with the current fiscal year) is equal to or lesser than the fixed income appropriated to COFINA, corresponding to said fiscal year, plus any subsidy expected to be received by COFINA during said fiscal year under the federal Build America Bonds Program.

(d) Notwithstanding the provisions of § 13 of this title, COFINA may us e any necessary amount from the moneys received from the revenues stated in §§ 12(a) and 14(d) of this title or the proceeds from the sale of the bonds issued pursuant to the provisions of §§ 11a 16 of this title, to pay any interest accrued on such bonds, to pay the expenses incurred in connection with the issue and sale of such bonds, including those expenses related to insurance, letters of credit or other instruments, and to defray any operating expense.

(e) COFINA shall be attached to the Government Development Bank for Puerto Rico (hereinafter, 'GDB'). The Board of Directors of COFINA shall be the Board of Directors of the GDB. COFINA shall have the same powers, rights and faculties granted to the GDB pursuant to the provisions of its Constitutional Charter, which powers shall only be exercised to carry out the purposes for which COFINA was created, but it shall not have the power to act as fiscal agent of the government. The revenues, operations and properties of the COFINA shall enjoy the same tax exemption enjoyed by the GDB and the bonds, notes and other obligations of COFINA and the income derived therefrom shall enjoy the same tax exemption enjoyed by the bonds, notes and other obligations of the GDB.

(f) The prohibitions of § 8754 of Title 3, known as the 'Commonweal th of Puerto Rico Government Fiscal Reform Act of 2006', shall not apply to th e COFINA bond issues authorized by §§ 11a-16 of this title.

(g) COFINA may issue notes in advance of bonds, 'notes', and said no tes:

§ 11a Dedicated Sales Tax Fund Creation of the public corporation, 13 L.P.R.A. § 11a

(1) May be issued in a maximum amount which shall not exceed such amount that, as determined by the Board of Directors of COFINA, may be used to repay the proceeds of the bond issue authorized under subsection (b) of this section and allowed under subsection (c) of this section;

(2) shall not be subject to the limitation of subsection (c) of this section, unless the documents authorizing COFINA bonds provide otherwise nor be considered in the calculation of outstanding bonds required by said subsection;

(3) shall not be taken into account for purposes of the first sentence of § 14(d) of this title, and

(4) may be repaid from the proceeds of the bonds issued under §§ 11a -16 of this title and any of its available funds.

**Credits**

May 13, 2006, No. 91, added as § 2 on July 5, 2007, No. 56, § 1; Jan. 14, 2009, No. 1, § 1; Mar. 9, 2009, No. 7, § 49; May 22, 2009, No. 18 , § 1; July 2, 2012, No. 133, § 1; Oct. 10, 2013, No. 116, § 1.

**History**

**Source.**

Section 3 of Act Mar. 9, 2009, No. 7, provides: 'This Act is approved in the exercise of the police power of the State, and of the constitutional power of the Legislature, recognized in Article II, Sections 18 and 19 of our Constitution, to enact laws for the protection of the life, health and general welfare of the people, as well as to address serious emergencies that clearly imperil the public health, safety or essential public services, and pursuant to Section 7 and 8 of Article VI of the Constitution of Puerto Rico.'

**Purpose.**

Section 2 of Act Mar. 9, 2009, No. 7, provides:

'An economic and fiscal state of emergency in the Government of the Comm onwealth of Puerto Rico is hereby declared and an economic and fiscal stabilization plan is hereby adopted for the purpose of salvaging the credit of Puerto Rico.

'The economic analyses conducted by the Government of Puerto Rico are de finite proof that the implementation of measures regarding revenues, spending reductions and financial issues, in an isolated manner, exclusive and independent from one another, shall achieve the purpose of eliminating the structural deficit of over $3.2 billion faced by Puerto Rico. As evidenced, this structural deficit is the result of incorrect public administration policies, transactions of dubious legality, among other factors, which caused the appropriations to exceed the resources of the state.

'The Legislature, in the exercise of the police power of the state, is e mpowered to adopt those measures directed to protecting the health, safety and welfare of the people. To such effect, it is the legal authority of the Legislature to pass bills in order to address social and economic interests, as well as emergencies. Section 19 of our Bill of Rights provides that the rights set forth in Article II 'shall not be construed restrictively of the power of the Legisl ative Assembly to enact laws for the protection of the life, health and general welfare of the people.' Likewise, Section 28 of the Bill of Rights confers on this Legislature the authority to enact laws to deal with serious emergencies that clearly imperil the public health, safety or

§ 11a Dedicated Sales Tax Fund Creation of the public corporation, 13 L.P.R.A. § 11a

essential public services. Furthermore, our Supreme Law authorizes the imposition of sufficient taxes when appropriations exceed resources without protecting our credit, as it happens in the present situation.

'This Act addresses in a comprehensive and responsible manner the need t o achieve the fiscal stabilization of the Government of Puerto Rico and protect its credit through: (a) new measures for revenues and better oversight (b) measures for control and reduction of spending; (c) fiscal and financing measures to cover budgetary insufficiencies while the measures for control and reduction of expenditures take effect, the financing of costs associated with the implementation of the spending cutback measures, and prevent adverse impacts in the General Fund due to the precarious fiscal situation of some public corporations and municipalities.

'In view of the economic and fiscal situation and to safeguard the healt h of the credit of the Commonwealth of Puerto Rico, the urgent need to establish a comprehensive and coherent fiscal stabilization plan, the elimination of the structural deficit, the amortization of the public debt, the recovery of fiscal health and the basis for the Government to boost the economic development of Puerto Rico is hereby established as the public policy of the Government of the Commonwealth of Puerto Rico.' **Amendments 2013.**

Subsection (b): Act 2013 amended clause (3) generally, added clauses (11) and (12) and introduced minor lexical changes in the name of the Government of Puerto Rico.

Subsection (d): Act 2013 added 'to pay any accrued interest on such bond s'.   **2012.**

Subsection (b): Act 2012 introduced minor lexical and syntactical changes throughout.   **2009.**

Subsection (c): Act May 22, 2009, No 18 added 'and any subsidy. .'Build America Bonds' to the end of the first sentence, in the secon d sentence added 'or those payments..cover the payment thereof' and 'plus any subsidy..Build America Bonds Program', and made minor lexical changes throughout this subsection.

Subsection (g): Act May 22, 2009, No. 18 added this subsection.

Subsection (b): Act Mar. 9, 2009, No. 7 added clause (9) and made minor lexical changes throughout this subsection.

Act Jan. 14, 2009, No. 1 amended this section generally, dividing the former sole paragraph into subsections (a) (f).

### Effectiveness.

Section 72 of Act Mar. 9, 2009, No. 7, as amended by Act Apr. 23, 2009, No. 15, § 1, and further amended by Act June 8, 2009, No. 30, § 1, retroacti ve to Mar. 31, 2009, provides: 'This Act shall take effect immediately after i ts approval; provided, that the provisions of Section 4 which amended § 8411 of this title shall be in effect for the taxable years beginning after December 31, 2008; the provisions pertaining to Subtitles B and D of the Internal Revenue Code and Sections 6 and 16 which amended § 9009 of this title, and specia l provisions note under §§ 9521 and 9574 of this title shall take effect as of June 1, 2009; the provisions pertaining to Section 7 which amended § 9014 of this title shall take effect on July 1, 2009; the provisions pertaining to Subtitle BB of the Internal Revenue Code shall take effect as of November 1, 2009; the provisions of Sections 10, 11, and 12 which amended §§ 9094a, 9094e and 9094f of this title shall take effect on the tenth (10th) day of the month after the provisions in this Act that pertain to Subtitle BB of the Internal Revenue Code take effect; and the provisions of Sections 18 and 19 which amended §§ 8418 and 8420a of this title shall be in effect only for the taxable yea rs beginning after December 31, 2008, and before January 1, 2012; and the provisions of Section 22 which added §§ 9401 and 9408 of Title 3 shall take effect on January 1, 2010.'

### Statement of motives.

July 5, 2007, No. 56.

Jan. 14, 2009, No. 1.

Mar. 9, 2009, No. 7.

May 22, 2009, No. 18.

July 2, 2012, No. 133.

Oct. 10, 2013, No. 116.

## Title.

Section 1 of Act Mar. 9, 2009, No. 7, provides: 'This Act shall be known as the 'Special Act Declaring a State of Fiscal Emergency and Establishing a Comprehensive Fiscal Stabilization Plan to Salvage the Credit of Puerto Rico'. '

## Separability.

Section 5 of Act Oct. 10, 2013, No. 116, provides: 'If any provision of this Act which amended §§ 11a, 12, 13 and 14 of this title or the applicatio n thereof were held to be null, such holding shall not affect the remaining provisions of this Act or the application thereof, which may continue in effect, notwithstanding the provisions held null. Therefore, the provisions of this Act are severable.'

Section 3 of Act July 2, 2012, No. 133, provides: 'If any provision of t his Act which amended §§ 11a and 14a of this title or the application thereo f were held to be invalid, such holding shall not affect the remaining provisions of this Act or the application thereof that may be in effect without the provisions held invalid. To such end, the provisions of this Act shall be severable. '

Section 5 of Act May 22, 2009, No. 18, provides: 'If any provision of th is Act which amended §§ 11a 14 of this title or the application of such provision were to be found to be invalid, such finding shall not affect any other provisions or the application of this Act that may have effect without the need for the provisions that were found to be invalid, and to this end, the provisions of this Act are severable.'

Section 71 of Act Mar. 9, 2009, No. 7, provides: 'If any clause, paragra ph, subparagraph, article, provision, section or part of this Act is annulled or ruled unconstitutional, the ruling to such effect shall not affect, impair, nor invalidate the remainder thereof. The effect of said ruling shall be limited to the clause, paragraph, subparagraph, article, provision, section or part thereof that has thus been annulled or ruled unconstitutional.'

Section 6 of Act Jan. 14, 2009, No. 1, provides: 'If any provision of th is Act which amended §§ 11a 16 of this title or the application of such provision is declared invalid, such declaration shall not affect the other provisions or the application of this Act that may have effect without the need for the provisions that were declared invalid, and to this end the provisions of this Act are severable.'

Section 8 of Act July 5, 2007, No. 56, provides: 'If any provision of th is Act which added this section and amended §§ 12 16 of this title or th e application of such provision is declared invalid, such declaration shall not affect the other provisions or the application of this Act that may have effect without the need for the provisions that were declared invalid, and to this end the provisions of this Act are severable.'

## Temporary provisions.

Section 10 of Act May 13, 2006, No. 91, added by § 52 of Act Mar. 9, 20 09, No. 7, provides:

'It is hereby provided that for fiscal year 2008 2009, ending on June 30, 2009, the fraction described in Section 3(a)(i) of this Act shall be a fraction whose numerator shall be one percent (1% ) and whose denominator shall be the rate of such tax, and every reference in this Act to 'two point seventy-five percent (2.75% ) of the Tax,' shall be considered as a reference to the 'one percent (1% ) of the Tax.' This transitory provision shall be rendered ineffect ive for fiscal year 2009 2010, which begins on July 1, 2009, and for subsequen t fiscal years.'

## Special provisions.

Sections 68-70 of Act Mar. 9, 2009, No. 7, provide:

'Section 68. Powers of the Governor.

'The Governor is hereby empowered to take all measures that are necessar y and convenient, in addition to those provided by this Act, to cutback expenses through Executive Order; to promote economy in the Executive Branch to the maximum extent compatible with the efficient operation of the Government; to maintain efficiency in the operations of the Executive Branch to the greatest extent possible; and to group, coordinate and consolidate functions in all Agencies; all of this in accordance with the objectives of this Act. Provided, however, that the Governor shall not create, consolidate nor reorganize executive departments, nor eliminate bodies created by law. Those reorganizations requiring legislation or amendments to statutes in effect shall be presented before the Legislature for consideration.

'The powers granted under this Act shall not limit all others that the G overnor may have and take, if the objective set forth by Section 33(g) § 879 1(g) of Title 3 is not achieved.

'Section 69. Jurisdiction of the Supreme Court.

'The Supreme Court of the Commonwealth of Puerto Rico shall issue a writ of certification by petition to immediately bring before it and resolve any matter pending before the Court of First Instance or before the Court of Appeals when the issue is the validity or constitutionality of this special Act or any challenge thereof on any grounds.

'Section 70. Immunity as to lawsuits and forums.

'This Act shall not affect the immunity of the State and its officers an d officials regarding lawsuits and forums. Nothing of the herein provided authorizes actions for damages against the State, its officers or officials for actions or omissions of the latter resulting from compliance with this Act. Nothing of the herein provided shall be construed to constitute a waiver of the sovereign immunity of the Commonwealth of Puerto Rico. It is hereby reaffirmed that the JREF, the OMB, the GDB and all Agencies subject to this Act are and shall be considered agencies or branches of the State and as such, arms of the State.'

13 L.P.R.A. § 11a, PR ST T. 13 § 11a

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Laws of Puerto Rico Annotated Currentness

Title 13. Taxation and Finance

Subtitle 1. Governmental Finances

Chapter 1. Treasury Funds and Accounts

13 L.P.R.A. § 12

§ 12 Dedicated Sales Tax Fund Creation of the Special Fund

A special fund is hereby created, to be known as the Fondo de Interes Apremiante (hereinafter, 'FIA'), whose name in English shall be 'Dedicated Sa les Tax Fund', to be administered by the GDB. FIA and all the funds deposited therein on the effective date of this act and all the future funds that must be deposited in FIA pursuant to the provisions of §§ 11a-16 of this title are her eby transferred to, and shall be the property of COFINA. This transfer is made in exchange for, and in consideration of COFINA's commitment to pay, or establi sh mechanisms to pay, all or part of the extraconstitutional debt outstanding as of June 30, 2006, and the accrued interest thereon, and for the other purposes established in subsection (b) of § 11a of this title, with the net proceeds of the bond issues or funds and resources available to COFINA.

FIA shall be funded each fiscal year from the following sources, the proceeds of which shall be directly deposited in FIA at the time of receipt and shall not be deposited in the Treasury of Puerto Rico, nor shall these constitute resources available to the Commonwealth of Puerto Rico, nor shall these be available for use by the Secretary of the Treasury of the Commonwealth of Puerto Rico (hereinafter, the 'Secretary'):

(a) The first revenues of the sales and use tax (hereinafter, the 'tax ') established in §§ 32021 and 32022 of this title, known as the 'Internal Revenue Code for a New Puerto Rico', (hereinafter, the 'Code') up to the following amount; Provided, That once the value-added tax provided in § 32211 o f this title or the tax resulting from legislation recommended by the Commission created under Section 33 of Act No. 72-2015 takes effect, any reference made in §§ 11a-16 of this title to the sales and use tax, including the term defined as 'tax', shall be deemed to be substituted for the value-added tax provided in § 32211 of this title or the tax resulting from legislation recommended by the Commission created under Section 33 of Act No. 72-2015, which shall constitute a collateral or a tax similar or comparable to the sales and use tax in accordance with § 14(c) of this title:

(i) The proceeds of the amount of the tax collected during such fiscal year, multiplied by a fraction whose numerator shall be three point fifty percent (3.50%) and whose denominator shall be the rate of such tax, such fraction being hereinafter denominated 'the three point fifty percent (3.50%) of the tax, ' or

(ii) the applicable fixed income, whichever is greater.

(b) Any subsidy received by COFINA under the federal program known as 'Build America Bonds'.

For purposes of subsection (a) of this section, there shall be no fixed income for Fiscal Year 2006-2007. The fixed income for each fiscal year, between Fiscal Year 2007-2008 and Fiscal Year 2012-2013, shall be equal to the sum of the original fixed income and the additional fixed income. The original fixed income for Fiscal Year 2013-2014

and every subsequent fiscal year shall be the sum of the original fixed income, the additional fixed income, and the supplementary fixed income. The original fixed income for Fiscal Year 2007-2008 shall be one hundred eighty-five million dollars ($185,000,000). The original fixed income for each subsequent fiscal year shall be equal to the original fixed income for the previous fiscal year plus four percent (4%), up to a maximum of one billion, eight hundred and fifty million dollars ($1,850,000,000). The additional fixed income for fiscal years 2006-2007, 2007-2008, and 2008-2009 shall be equal to zero (0) dollars. The additional fixed income for fiscal year 2009-2010 shall be equal to three hundred and fifty million, one hundred sixty-eight thousand dollars ($350,168,000). The additional fixed income for each subsequent fiscal year shall be equal to the additional fixed income for the previous fiscal year plus four percent (4%), up to the fiscal year in which the sum of original fixed income and the additional fixed income equals one billion, eight hundred and fifty million dollars ($1,850,000,000) ('peak year'). The additional fixed income for each fiscal year following the peak year shall be reduced to the amount necessary so that the sum of the original fixed income and the additional fixed income equals one billion, eight hundred and fifty million dollars ($1,850,000,000). The supplementary fixed income for Fiscal Year 2013-2014 shall be one hundred seventy-five million, five hundred sixty-three thousand fourteen dollars ($175,563,014). The supplementary fixed income for each subsequent fiscal year shall be equal to the supplementary fixed income for the previous fiscal year plus four percent (4%), up to the fiscal year in which the sum of original fixed income, the additional fixed income, and the supplementary fixed income equals two billion fifty-five million dollars ($2,055,000,000) ('peak supplementary year'). The supplementary fixed income for each fiscal year following the peak supplementary year shall be reduced to the amount necessary so that the sum of the original fixed income, the additional fixed income, and the supplementary fixed income equals two billion fifty-five million dollars ($2,055,000,000). The fixed income for any fiscal year shall be funded from the first revenues of the Commonwealth of Puerto Rico's portion of the tax.


**Credits**

May 13, 2006, No. 91, § 2; Dec. 26, 2006, No. 291, § 1; renumbere d as § 3 and amended on July 5, 2007, No. 56, § 2; Jan. 14, 2009, No. 1, § 2; Mar. 9, 2009, No. 7, § 50; May 22, 2009, No. 18, § 2; Oct. 10, 2013 , No. 116, § 2; July 1, 2015, No. 101, § 2.


'(a) The first revenues of the sales and use tax (hereinafter, the 'Ta x') established in Sections 4020.01 and 4020.02 of Subtitle D of Act No. 1-201 1, as amended, known as the 'Internal Revenue Code for a New Puerto Rico,' ( hereinafter, the 'Code') up to the following amount; provided, that once the value-added tax provided in Section 4120.01 of Subtitle DD of the Code or the tax resulting from legislation recommended by the Commission created under Section 33 of Act No. 72-2015 takes effect, any reference made in this Act to the sales and use tax, including the term defined as 'tax,' shall be deemed to be substituted for the value-added tax provided in Section 4120.01 of Subtitle DD of the Code or the tax resulting from legislation recommended by the Commission created under Section 33 of Act No. 72-2015, which shall constitute a collateral or a tax similar or comparable to the sales and use tax in accordance with Section 5(c) of Act No. 91-2006, as amended:


'(i)


'(ii)


'(b)


**History**


**Source.**

§ 12 Dedicated Sales Tax Fund Creation of the Special Fund, 13 L.P.R.A. § 12

See note under § 11a of this title.

**Purpose.**

See note under § 11a of this title.

**Text references.**

The reference to 'this act' in the first paragraph is to Act July 5, 2 007, No. 56, which amended this section.

**Codification.**

Clauses (i) and (ii) of subsection (a) have been redesignated as (1) and (2) pursuant to L.P.R.A. style. **Amendments 2015.**

Subsection (a): Act 2015, in the introductory paragraph updated the internal references to the Internal Revenue Code and added the Proviso.

Subsection (b): Act 2015 deleted 'of the Commonwealth of Puerto Rico's portion' after 'first revenues' in the last sentence of the second paragr aph.  **2013.**

Subsection (a): Act 2013 updated the internal reference in the introductory paragraph and raised the percentage from 2.75% to 3.50% in clause (1).

Subsection (b): Act 2013 amended the second paragraph generally.  **2009.**

Act May 22, 2009, No. 18 added the heading to subsection (b), fixed a numerical error in the fifth sentence, and made minor lexical changes throughout this subsection.

Subsection (a)(1): Act Mar. 9, 2009, No. 7 substituted 'two percent (2% ) ' with 'two point seventy-five percent (2.75% )' twice in this clause.

Subsection (b): Act Mar. 9, 2009 No. 7 substituted two hundred million, ninety-six thousand dollars ($200,096,000) with three hundred million, one hundred sixty-eight thousand dollars ($350,168,000) and made minor lexical changes in this subsection.

First paragraph: Act Jan. 14, 2009, No. 1 deleted 'for Puerto Rico and t he Secretary of the Treasury of the Commonwealth of Puerto Rico, hereinafter the Secretary' from the end of the first sentence, and in the third sentence adde d 'and for the..this title' after 'accrued interest thereon ' and substituted 'FIAs' with 'funds' before 'and resources'.

Second paragraph: Act Jan. 14, 2009, No. 1 added 'of the Treasury of the Commonwealth of Puerto Rico (hereinafter the 'Secretary')' to the end of the second paragraph.

Subsection (a)(1): Act Jan. 14, 2009, No. 1 substituted 'one percent (1% )' with 'two percent (2% )' twice in this subsection.

Final paragraph: Act Jan. 14, 2009, No. 1 added the second sentence, added 'original' before 'fixed income' twice in the third sentence, substitut ed 'the fixed income applicable to the prior fiscal year plus four percent (4% )' with 'equal to the..1,850,000,000' at the end of the fourt h sentence, deleted the former third sentence, and added the fifth through eighth sentences.  **2007.**

Act 2007 substituted 'Urgent Interest Fund' with 'Dedicated Sales Ta x Fund' in the catchline and throughout the section; substituted 'UIF' wit h the Spanish acronym 'FIA' throughout; and made lexical and sytactical chan ges throughout.

First paragraph: Act 2007 added a new second sentence, redesignated accordingly and generally amended this paragraph.

Subsection (a)(1): Act 2007 substituted 'being said fraction one percent (1% ) of the tax' with 'being hereinafter denominated 'the one percent (1% ) of the tax".

Third paragraph: Act 2007 generally amended this paragraph, increasing the fixed income figures for 2007-2008 and 2008-2009.   **2006.**

Act 2006 amended this section generally.

### Effectiveness.

See note under § 11a of this title.

Section 6 of Act May 13, 2006, No. 91, renumbered as § 7 by § 5 of A ct Dec. 26, 2006, No. 291, and subsequently renumbered as § 9 by § 7 of Ac t July 5, 2007, No. 56, provides: 'This act shall take effect immediately afte r its approval.'

### Statement of motives.

May 13, 2006, No. 91.

Dec. 26, 2006, No. 291.

July 5, 2007, No. 56.

Jan. 14, 2009, No. 1.

Mar. 9, 2009, No. 7.

May 22, 2009, No. 18.

Oct. 10, 2013, No. 116.

July 1, 2015, No. 101.

### Title.

See note under § 11a of this title.

Section 1 of Act May 13, 2006, No. 91, provides: 'This Act §§ 12 15 of this title shall be known as the 'Urgent Interest Fund Act'.'

### Separability.

Section 8 of Act July 1, 2015, No. 101, provides: 'If any section, subse ction, paragraph, subparagraph, clause and item or part of this Act were held to be null or unconstitutional by a competent court, said holding shall not affect, impair or invalidate the remaining provisions of this Act. For purposes of this Section, each Section of Subtitle DDD, as created by Section 6 of this Act, shall be deemed to be a separate Section.'

Section 6 of Act Dec. 26, 2006, No. 291, provides: 'If any provision of this Act which amended this chapter or the application thereof should be found to be invalid, such a ruling shall not affect the remaining provisions nor the application of this Act which may stand in effect without the provisions thus found to be invalid, and for this purpose, the provisions of this Act are severable.'

Section 6 of Act May 13, 2006, No. 91, added by § 5 of Act Dec. 26, 200 6, No. 291, renumbered as § 8 on July 5, 2007, No. 56, § 7, provides: 'I f any provision of this Act this chapter or the application thereof should be found to be invalid, such a

§ 12 Dedicated Sales Tax Fund Creation of the Special Fund, 13 L.P.R.A. § 12

ruling shall not affect the remaining provisions nor the application of this Act which may stand in effect without the provisions thus found to be invalid, and for this purpose, the provisions of this Act are severable.'

See note under § 11a of this title.

**Special provisions.**

See notes under § 11a of this title.

Sections 1 and 2 of Act July 1, 2015, No. 101 proposed to amend § 3 of Ac t No. 91-2006 and § 2 of Act No. 116-2013, respectively, which both effect this section. The text of the amendment by § 1 of Act No. 101 is provided as a spec ial provisions note, while the text of the amendment by § 2 of Act No. 101 is i ncorporated as the current text of this section. The text introduced by § 1 of Act No. 101 provides as follows:

'Section 3.- Creation of the Special Fund.-A special fund is hereby crea ted, to be known as the Fondo de Interes Apremiante (hereinafter, 'FIA'), w hose name in English shall be 'Dedicated Sales Tax Fund,' to be administered by the GDB. FIA and all the funds deposited therein on the effective date of this Act and all the future funds that must be deposited in FIA pursuant to the provisions of this Act are hereby transferred to, and shall be the property of COFINA. This transfer is made in exchange for, and in consideration of COFINA's c ommitment to pay, or establish mechanisms to pay, all or part of the extraconstitutional debt outstanding as of June 30, 2006, and the accrued interest thereon, and for the other purposes established in Section 2(b) of this Act, with the net proceeds of the bond issues or funds and resources available to COFINA.

'FIA shall be funded each fiscal year from the following sources, the pr oceeds of which shall be directly deposited in FIA at the time of receipt and shall not be deposited in the Treasury of Puerto Rico, nor shall these constitute resources available to the Commonwealth of Puerto Rico, nor shall these be available for use by the Secretary of the Treasury of the Commonwealth of Puerto Rico (hereinafter, the 'Secretary'):

'For purposes of Section 3(a) of this Act, there shall be no Fixed Incom e for Fiscal Year 2006-2007. The Fixed Income for each fiscal year shall be equal to the sum of the Original Fixed Income and the Additional Fixed Income. The Original Fixed Income for Fiscal Year 2007-2008 shall be one hundred eighty-five million dollars ($185,000,000). The Original Fixed Income for each subsequent fiscal year shall be equal to the Original Fixed Income for the previous fiscal year plus four percent (4% ), up to a maximum of one billion, eight hundred and fifty million dollars ($1,850,000,000). The Additional Fixed Income for Fiscal Years 2006-2007, 2007-2008, and 2008-2009 shall be equal to zero (0) dollars. The Additional Fixed Income for fiscal year 2009-2010 shall be equal to three hundred and fifty million, one hundred sixty-eight thousand dollars ($350,168,000). The Additional Fixed Income for each subsequent fiscal year shall be equal to the Additional Fixed Income for the previous fiscal year plus four percent (4% ), up to the fiscal year in which the sum of the Original Fixed Income and the Additional Fixed Income equals one billion, eight hundred and fifty million dollars ($1,850,000,000) ('Peak Year'). The Additional Fixed Income for each fiscal year following the Peak Year shall be reduced to the amount necessary so that the sum of the Original Fixed Income and the Additional Fixed Income equals one billion, eight hundred and fifty million dollars ($1,850,000,000). The Fixed Income for any fiscal year shall be funded from the first revenues of the Tax.'

13 L.P.R.A. § 12, PR ST T. 13 § 12

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

§ 13 Dedicated Sales Tax Fund Use, 13 L.P.R.A. § 13

---

Laws of Puerto Rico Annotated Currentness
Title 13. Taxation and Finance
Subtitle 1. Governmental Finances
Chapter 1. Treasury Funds and Accounts

13 L.P.R.A. § 13

§ 13 Dedicated Sales Tax Fund Use

(a) The moneys originating from the revenues indicated in § 12(a) of this title shall be deposited directly in the FIA and shall be used exclusively for any of the following purposes:

(1) To pay the advances to be made by GDB pursuant to the Act to Impose the Supertax of 2006.

(2) To directly or indirectly pay or refinance all or part of the extraconstitutional debt of the Commonwealth of Puerto Rico outstanding as of June 30, 2006, and the accrued interest thereon.

(3) To directly or indirectly pay the items established in subsection (b) of § 11a of this title and the bonds issued by COFINA to meet the purposes established in said subsection (b) of § 11a of this title.

(b) The revenues indicated in § 12(a) of this title deposited in the FIA shall be used by COFINA, pursuant to financing or refinancing mechanisms, exclusively for the purpose of paying, financing or refinancing, directly or indirectly, the extraconstitutional debt of the Commonwealth of Puerto Rico outstanding as of June 30, 2006, and all other debts, accounts or items mentioned in subsection (b) of § 11a of this title, including amounts owed to the GDB and the obligations incurred under any type of financing or surety agreement or interest rate swap agreement executed with respect to bonds issued to finance or refinance such debt. COFINA is hereby authorized to pledge and otherwise encumber all or part of such revenues solely for the payment of principal, interest and redemption premium of such bonds and other obligations of such instrumentality that were incurred with respect to such bonds to meet the purposes set forth in §§ 11a 16 of this title and the payment of obligations incurred under any type of financing or surety agreement or interest rate swap agreement executed with respect to such bonds. Said pledge shall be valid and binding as of the time it is made without the need for a public or notarized document. The income or revenues thus encumbered, including those subsequently received by COFINA, shall be subject to said lien immediately, without the need of physically delivering the same or any other act, and said lien shall be valid and binding and shall prevail against any third party that has a claim of any kind for damages, breach of contract or any other grounds against COFINA, regardless of the fact that said third party has not been so notified. Neither the trust contract nor the resolution or any collateral contract, through which the rights of COFINA over any income or collection are pledged or assigned must be presented or registered for perfection of the lien over the same against any third party, except in the records of COFINA.

(c) Amounts deposited into FIA in excess of the amounts necessary to pay the principal of and interest on COFINA bonds, to meet the obligations incurred under bond issue documents or to make any other payment related to other obligations incurred by COFINA, including payments under interest rate swaps agreements, in connection with money taken on loan or bonds issued by said instrumentality for the payment of which the proceeds of such tax has been pledged, may be transferred to the General Fund of the Commonwealth of Puerto Rico to be used as determined by the Secretary of the Treasury to cover any

expenses included in the budget approved by the Legislative Assembly for the current year. In order to be able to make such transfer, the same shall be authorized by the COFINA Board of Directors, upon certification of the fact that the amounts to be transferred are not necessary to meet any obligation of COFINA.

(d) The bonds and other obligations of COFINA shall not constitute a debt or obligation of the Commonwealth of Puerto Rico nor of its other instrumentalities. Neither the Commonwealth of Puerto Rico nor its other public instrumentalities shall be responsible for the payment of such bonds or other obligations, for which the full faith, credit and taxing power of the Commonwealth of Puerto Rico shall not be pledged.

**Credits**

May 13, 2006, No. 91, § 3; Dec. 26, 2006, No. 291, § 2; renumbere d as § 4 and amended on July 5, 2007, No. 56, § 3; Jan. 14, 2009, No. 1, § 3; May 22, 2009, No. 18, § 3; June 30, 2013, No. 40, § 7; Oct. 10, 2013, No. 116, § 3.

### History Amendments 2013.

Subsection (c): Act Oct. 10, 2013, No. 116 substituted 'as determined by the Secretary of the Treasury and the Director of the Office of Management and Budget in accordance with the current budget' with 'as determined by the Sec retary of the Treasury..the current year' and deleted the former third senten ce regarding the transfer of the amount through a joint resolution of the Legislature.

Subsection (c): Act June 30, 2013, No. 40 added 'to be used..with the current budget' at the end of the first sentence.  **2009.**

Subsection (b): Act May 22, 2009, No. 18 added the third through fifth sentences, and substituted 'guaranty' with 'surety' twice.

Subsection (a): Act Jan. 14, 2009, No. 1 substituted 'Dedicated Sales Ta x Fund' with 'FIA' in the introductory paragraph; in clause (2) added 'o f the Commonwealth of Puerto Rico' after 'extraconstitutional debt', added 'and the accrued interest thereon' at the end of this clause; added clause (3); and made minor lexical changes throughout.

Subsection (b): Act Jan. 14, 2009, No. 1 deleted former subsection (b), redesignating former subsection (c) as (b); in the first sentence added 'financi ng or' before 'refinancing' and added 'and all other debts, accounts or items mentioned in § 11b' after 'June 30, 2006'; and substituted 'pay or finance the extraconstitutional debt of the Commonwealth of Puerto Rico' w ith 'meet the purposes set forth in this chapter' in the third sentence.

Subsection (c): Act Jan. 14, 2009, No. 1 added this subsection.  **2007.**

Act 2007 substituted 'Urgent Interest Fund', 'UIF', and 'UIFC' with 'Dedicated Sales Tax Fund', 'FIA', and 'COFINA', respectively, and made lexical and syntactical changes throughout this section.  **2006.**

Subsection (a): Act 2006 inserted 'directly' before 'deposited' an d in clause (1), substituted 'Government Development Bank' with 'GDB'.

Subsection (b): Act 2006 inserted 'directly' before 'deposited' an d substituted 'revenues' with 'collections'.

Subsections (c) and (d): Act 2006 added these subsections.

### Effectiveness.

Section 59 of Act June 30, 2013, No. 40, provides: 'This Act which amen ded this section shall take effect immediately after its approval with respect to Sections 21, 22, and 23; provided, that Sections 8 through 15, 17 through 20, 24 through 33, 51,

and 52 shall be effective for taxable years beginning after December 31, 2012; and the provisions of Sections 2 through 18, 16, 34 through 50, and 53 through 57 shall take effect on July 1, 2013.'

**Statement of motives.**

May 13, 2006, No. 91.

Dec. 26, 2006, No. 291.

July 5, 2007, No. 56.

Jan. 14, 2009, No. 1.

May 22, 2009, No. 18.

June 30, 2013, No. 40.

Oct. 10, 2013, No. 116.

**Short title.**

Section 1 of Act June 30, 2013, No. 40, provides: 'This Act which amend ed this section shall be known as the 'Tax Burden Redistribution and Adjustme nt Act'.'

**Separability.**

See notes under §§ 11a and 12 of this title.

Section 58 of Act June 30, 2013, No. 40, provides: 'If any section, subs ection, paragraph, subpagraph, clause or subclause, or part of this Act which amended this section were held to be void or unconstitutional by a competent court, such holding shall not affect, impair, or invalidate the remaining provisions and parts of this Act.'

13 L.P.R.A. § 13, PR ST T. 13 § 13

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

Laws of Puerto Rico Annotated Currentness
Title 13. Taxation and Finance
Subtitle 1. Governmental Finances
Chapter 1. Treasury Funds and Accounts

13 L.P.R.A. § 14

§ 14 Dedicated Sales Tax Fund Deposits and disbursements

(a) During Fiscal Year 2006 2007, the amount established in § 12(a) (1) of this title shall be deposited biweekly (2 weeks) in the FIA as the same is received from the revenues from the tax. During each subsequent fiscal year, the first revenues from the tax, up to the amount of the fixed income, shall be deposited the moment they are received in FIA or in any other special fund (including a fund controlled by a trustee designated in the trust agreement under which bonds were issued or other obligations were incurred to meet the purposes established in subsection (b) of § 11a of this title) designated by COFINA. In case the revenues from the tax are less than the fixed income, the Secretary shall be authorized to cover such shortfall from any available funds and is also authorized, as a special cash flow management mechanism when no other alternative is available, to borrow from GDB to cover such shortfall and the Director of the Office of Management and Budget shall include in the recommended budget for the current fiscal year or the next fiscal year, the appropriations necessary to cover such shortfall.

(b) Each month during each fiscal year, the Secretary shall determine whether three point fifty percent (3.50% ) of the tax for the current fiscal year is an amount greater than the fixed income applicable to such fiscal year. Once the Secretary determines that three point fifty percent (3.50% ) of the tax for such fiscal year exceeds the fixed income applicable to such fiscal year, all revenues from the tax received after such determination, up to an amount equal to the excess of such three point fifty percent (3.50% ) of the tax over the fixed income, shall be deposited in FIA. Furthermore, on or before October 1 of each fiscal year, the Secretary shall determine whether the three point fifty percent (3.50% ) of the tax for the previous fiscal year is greater than the fixed income applicable to such previous fiscal year. The revenues from the tax that represent the excess amount of three point fifty percent (3.50% ) of the tax for the previous fiscal year over the fixed income applicable to such fiscal year shall belong to FIA.

(c) The Commonwealth of Puerto Rico hereby agrees and assures any person, firm or corporation or any agency of the United States of America or of any state or the Commonwealth of Puerto Rico who underwrites or acquires bonds issued by COFINA, or who provides insurance, repayment or solvency sources for such bonds, that until such bonds, from any date, together with the interest thereon, entirely paid for and withdrawn, the Commonwealth shall not: (i) limit nor restrain the rights or powers of the corresponding officials of the Commonwealth of Puerto Rico to levy, maintain, charge or collect taxes and other income to constitute the amounts to be deposited into the FIA pursuant to the provisions of §§ 11a 16 of this title; Provided, That the foregoing provisions do not limit th e power of the Commonwealth of Puerto Rico, by means of a law amendment, to limit or restrain the nature or the amount of such taxes or other revenues or to substitute similar or comparable collateral by other taxes, fees, charges or other income to be deposited into the FIA if, for the following fiscal years, the revenues projected by the Secretary of the Treasury from such substitutive tax, income or collateral is equal to or greater than the service of the debt and other charges and any coverage requirement included in the COFINA bond authorizing documents; or (ii) limit or restrain the powers hereby conferred by §§ 11a 16 of this title or the rights of COFINA to meet its agreements with bondholders, until such time as such bonds, regardless of their date, together with the interest accrued, shall be entirely paid for and withdrawn. No amendment to §§ 11a 16 of this title, shall undermine any obligation or commitment of COFINA.

§ 14 Dedicated Sales Tax Fund Deposits and disbursements, 13 L.P.R.A. § 14

(d) In the event that the aggregate revenues from the tax transferred to COFINA in conformity with § 12(a) of this title were to be, at any time, ins ufficient for the payment of principal of and interest on its bonds or to make any other payment related to other obligations incurred, including payments pursuant to interest rate swap agreements, in connection with borrowed moneys or bonds issued by such instrumentality for the payment of which the proceed of such tax has been pledged or in case the reserve funds of COFINA, if any, established for the payment of the debt service requirements or such obligations are applied to cover the shortfall in the amounts necessary to make such payments, such insufficiencies and the amount of such reserve fund used to cover the shortfall shall be paid or reimbursed to such instrumentality from the first amounts received in the next fiscal year or subsequent fiscal years by the Commonwealth of Puerto Rico from any remaining portion of the tax after making the deposits established by § 12(a) of this title. In case the revenues from the tax were to be insuficient to cover such payment or reimbursement, the Secretary is hereby authorized to cover such shortfall from any funds available and is further authorized, as a special cash flow management mechanism when no other alternative is available, to borrow money from GDB to cover such shortfall, and the Director of the Office of Management and Budget shall include in the recommended budget for the current fiscal year or the next fiscal year, the appropriations necessary to cover such deficiencies.

(e) The proceeds of the remaining portion of the tax that shall be used pursuant to the provisions of subsection (d) of this section to cover an insufficiency or reimburse any reserve fund established for debt service requirements, shall not be deposited in the General Fund of the Government of the Commonwealth of Puerto Rico when they are collected, but shall be deposited in the FIA for the benefit of the instrumentality and shall be used to cover such insufficiency or reimburse such reserve fund for the payment of debt service requirements.

**Credits**

May 13, 2006, No. 91, § 4; Dec. 26, 2006, No. 291, § 3; renumbere d as § 5 and amended on July 5, 2007, No. 56, § 4; Jan. 14, 2009, No. 1, § 4; Mar. 9, 2009, No. 7, § 51; May 22, 2009, No. 18, § 4; Oct. 10, 2013 , No. 116, § 4.

**History**

**Source.**

See note under § 11a of this title.

**Purpose.**

See note under § 11a of this title. **Amendments 2013.**

Subsection (b): Act 2013 raised the percentage from 2.75% to 3.50% .   **2009.**

Subsection (b): Act May 22, 2009, No. 18 fixed a numerical error in the second sentence and made minor lexical changes throughout this subsection.

Subsection (c): Act May 22, 2009, No. 18 amended this subsection generally, dividing it into the introductory paragraph and clauses (1) and (2).

Subsection (b): Act Mar. 9, 2009, No. 7 substituted two percent (2% ) with two point seventy-five percent (2.75% ) throughout this subsection.

Subsection (a): Act Jan. 14, 2009, No. 1 substituted 'for the payment or financing of the extraconstitutional debt' with 'to

meet the purposes estab lished in section 11a(b) of this title' and made minor lexical changes in this subsection.

Subsection (b): Act Jan. 14, 2009, No. 1 substituted 'one percent (1% ) ' with 'two percent (2% )' throughout this subsection and made minor lexical changes.

Act Jan. 14, 2009, No. 1 deleted former subsection (c), redesignating the subsequent subsections, in subsection (c) added 'or who provides insurance. .bond authorizing documents' after 'issued by COFINA', and subst ituted 'to not limit nor restrain the rights or powers hereby conferred by § § 11a 16 of this title' with 'nor shall the Commonwealth..b y this title', and made minor lexical changes in subsection (d).   **2007.**

Act 2007 substituted 'Urgent Interest Fund', 'UIF', and 'UIFC' with 'Dedicated Sales Tax Fund', 'FIA', and 'COFINA', respectively, and made lexical and syntactical changes throughout this section.

Subsection (d): Act 2007 added 'or the rights of COFINA to meet its agre ements with bondholders' in the first sentence and added the second sentence.

Subsection (e): Act 2007 generally amended this subsection.

Subsection (f): Act 2007 inserted 'cover an insufficiency or' and 'c over such insufficiency or' before the first and second occurences of 'reimb urse', respectively.   **2006.**

Act Dec. 26, 2006, No. 291 added 'Deposits and' to the section catchli ne, redesignated the former text as subsection (c), and added new subsections (a), (b), (d), (e) and (f).

Subsection (c): Act Dec. 26, 2006, No. 291 in the second paragraph substituted 'Government Development Bank' with 'GDB' and added 'and shall not any other purpose' after 'extraconstitutional debt'.

**Effectiveness.**

See note under § 11a of this title.

**Statement of motives.**

May 13, 2006, No. 91.

Dec. 26, 2006, No. 291.

July 5, 2007, No. 56.

Jan. 14, 2009, No. 1.

Mar. 9, 2009, No. 7.

May 22, 2009, No. 18.

Oct. 10, 2013, No. 116.

**Title.**

See note under § 11a of this title.

**Separability.**

See notes under §§ 11a and 12 of this title.

§ 14 Dedicated Sales Tax Fund Deposits and disbursements, 13 L.P.R.A. § 14

**Special provisions.**

See note under § 11a of this title.

13 L.P.R.A. § 14, PR ST T. 13 § 14

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 14a Dedicated Sales Tax Fund Puerto Rico Economic Stimulus Fund, 13 L.P.R.A. § 14a

---

Laws of Puerto Rico Annotated Currentness

Title 13. Taxation and Finance

Subtitle 1. Governmental Finances

Chapter 1. Treasury Funds and Accounts

13 L.P.R.A. § 14a

§ 14a Dedicated Sales Tax Fund Puerto Rico Economic Stimulus Fund

The Government Development Bank for Puerto Rico is hereby authorized to establish a fund under its control and custody, to be called the 'Puerto Rico Ec onomic Stimulus Fund', and be funded with the proceeds of the bond issues or o ther financing mechanisms employed and assigned by COFINA. The funds deposited into the Puerto Rico Economic Stimulus Fund may only be used for the following purposes: taxpayer relief, boosting businesses and trades, training programs, assistance for displaced employees, and any other purposes as provided through legislation. The Puerto Rico Economic Stimulus Fund, also known as the 'Stabilizati on Fund', may also be funded with the proceeds of the bond issues or other fin ancing mechanisms used by COFINA, from any other funds deposited therein; and all funds deposited therein, may be used for the purposes listed in this section and in §11a of this title.

**Credits**

May 13, 2006, No. 91, added as § 6 on Jan. 14, 2009, No. 1, § 5; July 2, 2012, No. 133, § 2.

**History Amendments 2012.**

Act 2012 added the third sentence and introduced minor lexical changes throughout.

**Statement of motives.**

Jan. 14, 2009, No. 1.

July 2, 2012, No. 133.

**Separability.**

See note under § 11a of this title.

**Special provisions.**

Sections 1 5 of Act June 30, 2009, No. 33, provide:

'Section 1. The Office of Management and Budget is hereby authorized t o use the amount of two billion, five hundred million (2,500,000,000) dollars from the Puerto Rico Economic Stimulus Fund created by virtue of Act No. 1 of January 14, 2009, as amended, in order to appropriate the sum of one billion five hundred million (1,500,000,000) dollars to defray

§ 14a Dedicated Sales Tax Fund Puerto Rico Economic Stimulus Fund, 13 L.P.R.A. § 14a

operating expenses, including the payroll of public agencies and instrumentalities; and the sum of one billion (1,000,000,000) dollars under the custody of the Office of Management and Budget to defray the cost of the Payroll Cutback Plan and the Public Employee Alternatives Plan, established by Act No. 7 of March 9, 2009; provided, that if there is any surplus from the sum of one billion (1,000,000,000) dollars, the same may be used to defray operating expenses, including the payroll of public agencies and instrumentalities, and for any other use as provided in Act No. 1 of January 14, 2009, as amended.

'Section 2. The Office of Management and Budget shall file a report wi th the Office of the Secretary of the Senate and the Clerk of the House of Representatives on a quarterly basis, which shall include an itemization of the transfers made from this Fund.

'Section 3. The public agencies and instrumentalities receiving approp riations from this Fund must comply with the provisions of Act No. 103 of May 25, 2006, as amended, known as the 'Fiscal Reform Act.'

'Section 4. The Puerto Rico Economic Stimulus Fund shall also be known as the Stabilization Fund.

'Section 5. This Act shall take effect immediately after its approval. '

13 L.P.R.A. § 14a, PR ST T. 13 § 14a

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

**End of Document**                                  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 15 Dedicated Sales Tax Fund Additional provisions, 13 L.P.R.A. § 15

---

| Laws of Puerto Rico Annotated Currentness |
| Title 13. Taxation and Finance |
| Subtitle 1. Governmental Finances |
| Chapter 1. Treasury Funds and Accounts |

13 L.P.R.A. § 15

§ 15 Dedicated Sales Tax Fund Additional provisions

The Legislature hereby commits to approving an expenses budget for Fiscal Year 2006 2007 that will allow the Government to keep public servants in regul ar employment at their jobs and that will ensure the nonimpairment of the continuity in the direct services provided to citizens. This shall include the approval of legislation that shall provide additional recurring funds for an amount estimated to be not less than three hundred million (300,000,000) dollars and not more than four hundred million (400,000,000) dollars in addition to the revenues of the Commonwealth under the current tax system, in order to tend to the structural budget deficit.

Periodically, the Legislature shall evaluate the effectiveness of the collections generated under the tax measures referred to in the above paragraph; Provided, That once the structural budget deficit has been remedied, the use of said additional recurring funds for a purpose other than tending to the structural budget deficit, shall be transferred in its entirety to the two (2) retirement systems, in proportion to the number of their participants.

Likewise, the Government shall generate annual savings in an amount of not less than three hundred fifty million (350,000,000) dollars during the next three (3) years.

**Credits**

May 13, 2006, No. 91, § 5; Dec. 26, 2006, No. 291, § 4; renumbere d as § 6 on July 5, 2007, No. 56, § 5; renumbered again as § 7 on Jan. 14, 2009, No. 1, § 5.

**History**

**Editor's notes.**

The editor substituted 'Urgent Interest Fund' with 'Dedicated Sales Tax Fund' in the section catchline pursuant to the amendments of Act July 5, 2 007, No. 56.

**Amendments   2006.**

Act Dec. 26, 2006, No. 291 substituted 'State' with 'Commonwealth' in the first paragraph, and in the second paragraph substituted 'established to constitute the Urgent Interest Fund' with 'referred to in the above parag raph' after 'tax measures'.

---

§ 15 Dedicated Sales Tax Fund Additional provisions, 13 L.P.R.A. § 15

**Statement of motives.**

May 13, 2006, No. 91.

Dec. 26, 2006, No. 291.

**Separability.**

See note under § 12 of this title.

13 L.P.R.A. § 15, PR ST T. 13 § 15

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

End of Document                                         © 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 16 Dedicated Sales Tax Fund Scope, 13 L.P.R.A. § 16

| Laws of Puerto Rico Annotated Currentness |
| Title 13. Taxation and Finance |
| Subtitle 1. Governmental Finances |
| Chapter 1. Treasury Funds and Accounts |

13 L.P.R.A. § 16

§ 16 Dedicated Sales Tax Fund Scope

(a) None of the provisions of §§ 11a 16 of this title shall be int erpreted or applied in such a manner as to undermine the power of the Legislature to impose and collect taxes as provided in Section 2 of Article VI of the Constitution of the Commonwealth of Puerto Rico.

(b) None of the provisions of §§ 11a 16 of this title shall be int erpreted or applied in such a manner as to undermine the rights of the holders of bonds or notes that constitute public debt of the Commonwealth of Puerto Rico pursuant to the provisions of Section 2 of Article VI of the Constitution of the Commonwealth of Puerto Rico.

**Credits**

May 13, 2006, No. 91, added as § 7 on July 5, 2007, No. 56, § 6; renumbered as § 8 on Jan. 14, 2009, No. 1, § 5.

**History**

**Statement of motives.**

July 5, 2007, No. 56.

**Separability.**

See note under § 11a of this title.

13 L.P.R.A. § 16, PR ST T. 13 § 16

Current through all acts translated by the Translation Office of the Puerto Rico Government through the 2010 Legislative Session and various acts from 2011 to the present. Appendices III (Rules of Civil Procedure) and IV (Rules of Evidence) of Title 32 have been replaced by Appendices V (Rules of Civil Procedure) and VI (Rules of Evidence) of Title 32 by Order of the Supreme Court dated Sept. 4, 2009, but the official translations are not yet available. Also, the official translations of Appendices XII through XXII of Title 3, which encompass various reorganization plans of the Puerto Rico Government and promulgated in 2010 through 2012, have not yet been received. For all missing translations, please consult the Spanish version

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

§ 16 Dedicated Sales Tax Fund Scope, 13 L.P.R.A. § 16