# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                     :
In re:                                               :
                                                     :
THE FINANCIAL OVERSIGHT AND                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                    :   Title III
                                                     :
      as representative of                           :   Case No. 17-BK-3283 (LTS)
                                                     :
THE COMMONWEALTH OF PUERTO RICO et al.,              :   (Jointly Administered)
                                                     :
      Debtors.¹                                      :
------------------------------------------------------------------------ x
```

**URGENT MOTION OF COMMONWEALTH AGENT REQUESTING ENTRY OF ORDER ESTABLISHING HEARING DATE AND A BRIEFING SCHEDULE FOR MOTION TO ENFORCE STIPULATION AND ORDER APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE IN TITLE III CASE OF COMMONWEALTH OF PUERTO RICO**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), in its statutory capacity and as the Commonwealth Agent (together with the Committee, the "Commonwealth Agent") with respect to the "Commonwealth-COFINA Dispute," as defined in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Docket No. 996 in Case No. 17-3283

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

(LTS)] (the "Stipulation")[2] respectfully submits this urgent motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), scheduling a hearing and setting a briefing schedule with respect to the Commonwealth Agent's motion to enforce the Stipulation (the "Motion to Enforce"). In support of this Urgent Motion, the Commonwealth Agent respectfully states as follows:

## BACKGROUND

1. The Commonwealth Agent was appointed in July 2017 "to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of the Commonwealth." Stipulation, ¶ 4.a. After months of active litigation and mediation, on June 5, 2018, the Commonwealth Agent and the COFINA Agent executed an agreement in principle (the "Agreement in Principle") to resolve the Commonwealth-COFINA Dispute. Now, in violation of the Stipulation, the Oversight Board has announced that it will file a motion, pursuant to Bankruptcy Rule 9019, seeking approval of its settlement of the Commonwealth-COFINA Dispute (the "Rule 9019 Motion" and the "COFINA Settlement").[3] The Oversight Board has no authority to file such Rule 9019 Motion pursuant to the terms of the Stipulation.

2. As the Commonwealth Agent repeatedly advised the Court and parties-in-interest over the last few months,[4] the Agreement in Principle was approved by the Commonwealth

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

[3] *See Urgent Motion for Entry of Order Establishing Hearing Dates to (I) Determine the Adequacy of Information in the COFINA Disclosure Statement, (II) Approve the Rule 9019 Settlement of the Commonwealth-COFINA Dispute in the Commonwealth Title III Case and (III) Confirm the COFINA Plan of Adjustment* [Docket No. 301 in Case No. 17-3284 (LTS)] (the "Rule 9019 Scheduling Motion"). This Court entered an order approving the Rule 9019 Scheduling Motion on October 9, 2018 [Docket No. 302 in Case No. 17-3284 (LTS)].

[4] *See* Hr'g Tr. at 116:24-119:8, July 25, 2018; *Joint Urgent Motion of Commonwealth Agent and COFINA Agent Requesting an Extension of the Date Through Which a Decision on the Motions For Summary Judgment Will Be Held In Abeyance,* ¶ 5 [Docket No. 537 in Adv. Proc. No 17-257 (LTS)]; *Commonwealth Agent's Informative Motion With Respect to Oversight Board's Announcement, Dated August 8, 2018, Regarding Certain Terms for COFINA Plan of Adjustment,* ¶ 2 n.5 [Docket No. 540 in Adv. Proc. No. 17-257 (LTS)] (the

2

Agent in reliance upon the May 30, 2018 certified fiscal plan. The Oversight Board revised the May 30 fiscal plan's long-term projections materially downward in connection with its certification of the June 29, 2018 fiscal plan, thus rendering, in the opinion of the Commonwealth Agent, a settlement along the lines of the Agreement in Principle neither feasible nor desirable.[5]

3. Indeed, after taking into account the COFINA debt service under the COFINA Settlement, the projected cash flows under the June 29, 2018 certified fiscal plan would reflect an approximate $28 billion (in nominal dollars) deficit for the Commonwealth and that deficit amount assumes that no **Commonwealth creditor would receive a plan distribution**. To add another point of reference, the June 29 certified fiscal plan reduced the 40-year cash flow as presented in the May 30 certified fiscal plan by an amount that is several billions of dollars more than the total proceeds to be received by the Commonwealth under the Agreement in Principle. The Commonwealth Agent, when determining the appropriate action with respect to the Commonwealth-COFINA dispute may "consider what result, through litigation, negotiation and mediation, will render [the Commonwealth" best able to achieve fiscal responsibility and access to capital markets, in the judgment of the [Commonwealth] Agent. Stipulation, ¶ 4g. Accordingly, the Commonwealth Agent believes that as long as the current fiscal plan is in effect (or a fiscal plan which suffers from the same deficiencies), neither a COFINA settlement based

---

"Informative Motion"); *Joint Urgent Motion of Commonwealth Agent and COFINA Agent Requesting an Extension of the Date Through Which a Decision on the Motions for Summary Judgment Will Be Held in Abeyance,* ¶¶ 6-7 [Docket No. 542 in Adv. Proc. No. 17-257 (LTS)] (the "Third Abeyance Motion").

[5] *See* Informative Mot. ¶ 3.

3

upon the Agreement in Principle nor the COFINA Settlement can be executed and/or consummated.[6]

4. To date, the Commonwealth Agent has refrained from taking action with respect to the Agreement in Principle, the Commonwealth-COFINA dispute and the Oversight Board's purported settlement of the Commonwealth-COFINA Dispute because it has been repeatedly advised that a revised certified fiscal plan would be forthcoming and, therefore, that it was possible that a revised fiscal plan would address the Commonwealth Agent's concerns. Indeed, the outside date for the certification of a further revised Commonwealth fiscal plan was, at one point, September 21, 2018.[7] No such certification was delivered on that date or any other date since then.

5. Given the Oversight Board's representation[8] (which ultimately proved incorrect) that it would be filing the Rule 9019 Motion not later than October 15, 2018, notwithstanding the lack of a revised fiscal plan, the Commonwealth Agent has no choice but to file this Urgent Motion in the event that no new fiscal plan is certified, or that the new certified fiscal plan is predicated upon projections that do not resolve the feasibility issues previously identified by the Commonwealth Agent. As set forth below, because the Oversight Board has no authority to

---

[6] While the COFINA Settlement, as embodied in the COFINA plan term sheets posted by the Oversight Board on August 30 and September 21, 2018, incorporates certain aspects of the Agreement in Principle, it is also inconsistent with it in certain material respects that may significantly harm the Commonwealth's creditors. *See* Third Abeyance Mot. ¶ 7 n.7. For example, the COFINA Settlement contemplates that in the event of shortfalls in COFINA's share of the 5.5% SUT (*i.e.,* 5.5% SUT revenues in a given year are insufficient to satisfy COFINA's 53.65% share of the PSTBA) could be recovered by COFINA bondholders in subsequent fiscal years under certain circumstances. In contrast, under the Agreement in Principle, COFINA could only look to its 53.65% PSTBA share in a given fiscal year, and the Commonwealth was not required to "top up" shortfalls in SUT revenues across fiscal years. Further, the COFINA Settlement does not include the concepts of sharing the SUT over a fixed period of 40 years or an escrow arrangement which protects the Commonwealth's creditors. The Commonwealth Agent reserves all arguments with respect to such discrepancies, particularly since the Oversight Board, thus far, has not disputed nor addressed these discrepancies.

[7] *See* Oversight Board's letter to the Governor of Puerto Rico, dated August 1, 2018. Available at https://drive.google.com/file/d/1YI7ImXkjqYyXdf58nREcKLF1WlSflzOq/view.

[8] *See* Rule 9019 Scheduling Mot. ¶ 5 ("[The COFINA Disclosure Statement and the Rule 9019 Motion] are required to be filed with the Court no later than October 15, 2018.")

4

proceed with the Rule 9019 Motion absent the Commonwealth Agent's agreement to a settlement under the Stipulation, the issue of the Oversight Board's violation of the Stipulation should be heard prior to the merits of the Rule 9019 Motion.

## RELIEF REQUESTED

6. The Oversight Board does not have the authority to seek approval of a COFINA settlement in the Commonwealth's Title III Case unless (1) the Oversight Board does so as part of confirmation of a Commonwealth plan of adjustment that incorporates such settlement, *see* Stipulation, ¶ 4.n, or (2) the settlement in question was negotiated by the Agents. *See id.* ¶ 4.j. Because the Oversight Board is not seeking confirmation of a Commonwealth plan of adjustment nor approval of a settlement negotiated by the Agents, the Rule 9019 Motion does not comply with the Stipulation.

7. Despite the delays in certifying a revised Commonwealth fiscal plan, the Commonwealth Agent has demonstrated a willingness to wait for such a revised fiscal plan in the hope that such plan would address the Commonwealth Agent's concerns. But at this stage, the Commonwealth Agent would be remiss if it did not raise this issue of the authority of the Oversight Board to prosecute the Rule 9019 Motion particularly since the question of the Oversight Board's authority is a gating issue that needs to be resolved prior to an evaluation of the merits of the COFINA Settlement. Indeed, it would be a waste of this Court's and the parties' time and resources to prepare for and prosecute the merits of the Rule 9019 Motion and solicit the approval of COFINA's proposed Title III plan of adjustment (which is premised on the approval of the COFINA Settlement), if this Court were to determine on or after January 16, 2019 (*i.e.*, the hearing date on approval of the Rule 9019 Motion and confirmation of the COFINA plan) that the Oversight Board filed the Rule 9019 Motion in violation of the Stipulation.

5

8. Accordingly, the Commonwealth Agent requests that the Court schedule a hearing on the Motion to Enforce for **November 20, 2018**, the same date the Court has already scheduled for the hearing on the approval of the proposed COFINA disclosure statement.[9] In addition, the Commonwealth Agent requests that the Court approve the following briefing schedule:

- Deadline to file Motion to Enforce: the earlier of (a) **November 2, 2018** and (b) **three (3) business days after the Oversight Board certifies a revised fiscal plan for the Commonwealth and delivers to the Commonwealth Agent the projections underlying such fiscal plan** (the projections together with the new certified plan, the "New Certified Commonwealth Fiscal Plan")

- Deadline to object or respond to any Motion to Enforce: **November 13, 2018**

- Deadline to reply to any objection or response to Motion to Enforce: **November 16, 2018**

9. Pursuant to Bankruptcy Rule 9006(c), there is cause to reduce the time for filing the Motion to Enforce before the November 20, 2018 hearing date from the 22 days required in the case management procedures order[10] to (at a minimum) 18 days.[11] If the Motion to Enforce is filed on November 2 because the New Certified Commonwealth Fiscal Plan has not been delivered prior to that date, any objection will be due seven days prior to the hearing as opposed to 15 days. But, as noted above, the Oversight Board could deliver the New Certified

---

[9] The Motion to Enforce will only address whether the Oversight Board's prosecution of the Rule 9019 Motion violates the Stipulation and not the underlying merits of the Rule 9019 Motion. The Commonwealth Agent reserves its rights to object to the Rule 9019 Motion on its merits in accordance with the schedule set by the Court.

[10] Sixth Amended Notice, Case Management, and Administrative Procedures, III.G [Docket No. 3804-1 in Case No. 17-3283 (LTS)] (the "Case Management Procedures").

[11] The 18 days requested is the minimum amount of time between the filing of any Motion to Enforce and the proposed November 20, 2018 hearing date. If the Oversight Board delivers the New Certified Commonwealth Fiscal Plan to the Commonwealth Agent prior to October 30, 2018, any Motion to Enforce would have to be filed earlier than November 2, 2018.

6

Commonwealth Fiscal Plan to the Commonwealth Agent by the end of October 2018. In fact, the Oversight Board announced today that it has scheduled a public meeting to review fiscal plans for the Commonwealth for October 23, 2018. If New Certified Commonwealth Fiscal Plan is provided to the Commonwealth Agent on or about that date, there would be no shortening of time because the Commonwealth Agent would have to file its Motion to Enforce three (3) business days thereafter.

10. Finally, even if the New Certified Commonwealth Fiscal Plan is not provided before the end of October, the reduction in the notice period sought herein will not prejudice the Oversight Board or other parties in interest because they have been on notice for several months that proceeding with a motion under Bankruptcy Rule 9019 to approve a settlement of the Commonwealth-COFINA Dispute which has not been approved by the Commonwealth Agent violates the terms of the Stipulation.[12]

**NOTICE**

11. Notice of the relief sought in this motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"); (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) the COFINA Agent;[13] (viii) counsel to certain ad hoc groups of holders of bonds issued by the Commonwealth or COFINA; and (ix) all parties that have filed a notice of appearance in the Title III Cases.

---

[12] *See* Informative Mot. ¶ 5, n. 9; Third Abeyance Mot. ¶ 7 n.6.

[13] The Commonwealth Agent does not hereby concede that the COFINA Agent or other COFINA parties provided notice hereof have standing to be heard in the Commonwealth Title III Case with respect to a Motion to Enforce.

7

## NO PRIOR REQUEST

12. No previous request for the relief requested herein has been made to this or any other court.

## LOCAL RULE 9013-1 CERTIFICATION

13. Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Procedures, the Commonwealth Agent hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for a hearing, (b) not created the urgency through a lack of due diligence, (c) made a bona fide effort to resolve the matter without a hearing, (d) made reasonable, good faith communications in an effort to resolve or narrow the issues being brought to the Court, and (e) conferred by email with respect to the Commonwealth Agent's challenge to the authority of the Oversight Board to file the Rule 9019 Motion with counsel to the Oversight Board, copied on counsel for Ambac Assurance Corporation, COFINA's senior bondholders' coalition, the Puerto Rico Fiscal Agency and Financial Advisory Authority and the COFINA Agent, among others. Counsel to the Oversight Board, AAFAF, COFINA's senior bondholders' coalition and Ambac have advised that they do not consent to the relief requested in this Urgent Motion. Other counsel have not responded to the email concerning the filing of the Urgent Motion by the time of filing of such motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Commonwealth Agent respectfully requests that the Court enter the Proposed Order attached hereto as Exhibit A, granting the relief requested therein and granting such other and further relief as the Court deems just and proper.

Dated: October 17, 2018                 /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Commonwealth Agent and to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Commonwealth Agent and to the Official Committee of Unsecured Creditors*

# Exhibit A

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- x
                                              :
In re:                                        :
                                              :
THE FINANCIAL OVERSIGHT AND                   :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,             :   Title III
                                              :
      as representative of                    :   Case No. 17-BK-3283 (LTS)
                                              :
THE COMMONWEALTH OF PUERTO RICO et al.,       :   (Jointly Administered)
                                              :
      Debtors.¹                               :
------------------------------------------------------------------- x
```

## ORDER ESTABLISHING HEARING DATE AND BRIEFING SCHEDULE FOR MOTION OF OFFICIAL UNSECURED CREDITORS COMMITTEE IN ITS STATUTORY CAPACITY AND AS COMMONWEALTH AGENT TO ENFORCE STIPULATION AND ORDER APPROVING PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE IN TITLE III CASE OF COMMONWEALTH OF PUERTO RICO

Upon the *Urgent Motion of Commonwealth Agent Requesting Entry of Order Establishing Hearing Date and Briefing Schedule for Motion of Official Unsecured Creditors' Committee in its Statutory Capacity and as Commonwealth Agent to Enforce Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute in Title III Case of Commonwealth of Puerto Rico* (the "Urgent Motion");[2] and the Court having found and determined that (i) the Court has jurisdiction to consider the Urgent Motion and the relief

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Urgent Motion.

Case:17-03283-LTS Doc#:4060-1 Filed:10/12/18 Entered:10/12/18 21:22:43 Desc: Proposed Order Page 3 of 4

requested therein pursuant to section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) cause exists to shorten the notice period as requested in the Urgent Motion; and (iv) due and proper notice of the Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided; and any objections to the relief requested in the Urgent Motion having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Urgent Motion is granted as set forth herein.

2. The hearing on the Motion to Enforce shall be held on **November 20, 2018, at 10:30 a.m. (AST) (9:30 a.m. (ET))** at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007, Courtroom 17C or at a courtroom to be later determined.

3. The deadline to file an the Motion to Enforce shall be the earlier of (a) **November [__], 2018** and (b) **three (3) business days after the Oversight Board provides to the Commonwealth Agent the New Certified Commonwealth Fiscal Plan**.

4. Objections or responses, if any, to the Motion to Enforce shall be filed and served (in accordance with the Case Management Procedures) by **4:00 p.m. (ET) on November [__], 2018**.

5. Replies to any objection or response to the Motion to Enforce shall be filed and served (in accordance with the Case Management Procedures) by **4:00 p.m. (ET) on November [__], 2018**.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Commonwealth Agent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

Dated:   October ___, 2018

                                                  _____
                                                HONORABLE LAURA TAYLOR SWAIN
                                                UNITED STATES DISTRICT JUDGE