**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**PUERTO RICO SALES TAX FINANCING CORPORATION'S EVIDENTIARY
OBJECTIONS TO DECLARATION OF JOSÉ I. ALAMEDA LOZADA
FILED IN SUPPORT OF PROSOL-UTIER'S OBJECTIONS
TO SECOND AMENDED TITLE III PLAN OF ADJUSTMENT**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

To the Honorable United States District Court Judge Laura Taylor Swain:

Puerto Rico Sales Tax Financing Corporation ("COFINA"), as the Title III debtor in the above-captioned Title III case (the "Debtor") under the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of PROMESA, hereby submits its evidentiary objections to the *Declaration of José I. Alameda Lozada, Ph.D. in Support of Objection to Confirmation of Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*[2] [ECF No. 4592-3 in Case No. 17-03283-LTS] (the "Alameda Lozada Declaration") submitted by Objectors UTIER-PROSOL in support of the *Objection Of PROSOL-UTIER To Confirmation Of The Second Amended Title III Plan Of Adjustment Of The Debts Of Puerto Rico Sales Tax Financing Corporation ("COFINA")* [ECF No. 4592 in Case No. 17-03283-LTS].

COFINA objects to the Alameda Lozada Declaration in its entirety on the ground that, as described in detail in the *Omnibus Reply of Puerto Rico Sales Tax Financing Corporation to Objections to Second Amended Title III Plan of Adjustment* at ¶¶ 34-37 [ECF No. 443], PROSOL-UTIER is not a COFINA creditor and therefore lacks prudential standing to object to the Third Amended Plan of Adjustment at all, let alone offer evidence in support of an objection. *See Bank of New York Mellon v. Puerto Rico Sales Tax. Fin. Corp. (In re Fin. Oversight & Mgmt. Bd. For Puerto Rico)*, 301 F. Supp. 3d 306 (D.P.R. 2017) (holding a party lacked prudential standing to appear and be heard in an action where it sought to assert the rights of another); *In re Lifeco Inv. Grp., Inc.*, 173 B.R. 478, 487 (Bankr. D. Del. 1994) (holding that a creditor of a creditor is without prudential standing in a bankruptcy case). Fed. R. Evid. 402.

---

[2] COFINA thereafter filed the Third Amended Plan of Adjustment on January 9, 2019. [ECF No. 436.]

2

COFINA further objects to the Alameda Lozada Declaration in its entirety on the ground it is not relevant to confirmation of the Third Amended Plan of Adjustment. PROSOL-UTIER may not challenge the Third Amended Plan of Adjustment or its feasibility because PROSL-UTIER is not a COFINA creditor, and the Third Amended Plan of Adjustment will not affect its direct interests. *See In re Quigley Co., Inc.*, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008) (a party "cannot challenge portions of the plan that do not affect its direct interests"); *see also In re Johns–Manville Corp.*, 68 B.R. 618, 623–24 (Bankr.S.D.N.Y.1987) ("Only parties adversely affected by provisions of a plan may raise an objection to confirmation based on such provisions."). The Alameda Lozada Declaration therefore is not relevant to confirmation of the Third Amended Plan of Adjustment. Moreover, the Alameda Lozada Declaration is not relevant because PROSOL-UTIER is not aggrieved by the Third Amended Plan of Adjustment. *See In re Applied Safety, Inc.*, 200 B.R. 576, 587 (Bankr.E.D.Pa.1996); *see also Matter of Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992) (holding a person is not "aggrieved" by a bankruptcy order unless "the order diminishes the person's property, increases the person's burdens, or impairs the person's rights."

To the extent the Court permits any aspect of the Alameda Lozada Declaration to be considered, COFINA also objects to specific paragraphs as follows:

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
| 1 | ". . . Fiscal Plans for the Commonwealth of Puerto Rico . . . ." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the "Fiscal Plans for the Commonwealth of Puerto Rico" on the ground the Commonwealth Fiscal Plan is not relevant to the confirmation of COFINA's Third Amended Plan of Adjustment. The Alameda Lozada Declaration was submitted to the Court only in connection |

3

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
| | | with the hearing on confirmation of the Third Amended Plan of Adjustment of COFINA and no other matter. |
| 2 | "As part of this assignment, I prepared a study titled *The Plan of Adjustment of Debt of COFINA: Sustainability and Financial Capacity of Puerto Rico's Economy* ("the Study") attached as an exhibit in support of the *Objection to Confirmation of Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation ("COFINA")* [Case No. 17-3284, Docket Entry No. 380]" and the referenced exhibit attached to the PROSOL-UTIER Objection to Plan Confirmation. [ECF No. 4592-1.] | Hearsay (Fed. R. Evid. 802).<br><br>COFINA objects to the admission of Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas v. Vida*, No. 16-2564, 2018 WL 4057733, at *1 (D.P.R. Aug. 23, 2018) ("[P]laintiffs' expert reports constitute inadmissible hearsay") (citations omitted); *Ramirez-Ortiz v. Corporacion Del Centro Cardiovascular de Puerto Rico y Del Caribe*, 32 F.Supp.3d 83, 88 (D.P.R. 2014) ("Because Dr. Adams' expert report is unsworn, it is an inadmissible hearsay document") (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco v. City of N.Y.*, 422 F.3d 47,55 (2d Cir. 2005); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). |
| 3.a-o | "In preparation for the Study, I personally and carefully reviewed all the relevant and necessary information and analyzed it in good faith, using due diligence and applying the scientific knowledge and methodology of Economics to determine with reliable certainty the following conclusions." | Hearsay (Fed. R. Evid. 802).<br><br>COFINA objects to paragraph 3 a-o to the extent it attempts to improperly introduce "conclusions" in Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas*, No. 16-2564, 2018 WL 4057733, at *1; *Ramirez-Ortiz*, 32 F.Supp.3d at 88 (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco*, 422 F.3d at 55; *Garside, Inc.*, 895 F.2d at 50. |
| 3.a | "The Fiscal Plans have been designed under an implicit assumption of complete certainty; any margin of error has been taken away without any reasonable | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the "Fiscal Plans" on the ground the |

4

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
| | explanation." | Commonwealth Fiscal Plan is not relevant to the confirmation of COFINA's Third Amended Plan of Adjustment. |
| 3.c | "The Fiscal Plans admitted this economic downturn." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the "Fiscal Plans" on the ground the Commonwealth Fiscal Plan is not relevant to the confirmation of COFINA's Third Amended Plan of Adjustment. |
| 3.d | "The Commonwealth Fiscal Plan forecasted a primary deficit for year 2035; rising the certainty of defaulting debt payment and, again, forcing new cuts to public pensions and essential services, as well as other austerity measures." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the Commonwealth Fiscal Plan and Commonwealth funds for public pensions and essentials services on the ground they are not relevant to confirmation of COFINA's Third Amended Plan of Adjustment. The Alameda Lozada Declaration was submitted to the Court only in connection with the hearing on confirmation of the Third Amended Plan of Adjustment of COFINA and no other matter. |
| 3.i | "(See Table 7 of the Study)." | Hearsay (Fed. R. Evid. 802).<br><br>COFINA objects to this paragraph to the extent it attempts to improperly introduce into evidence a table in Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas*, No. 16-2564, 2018 WL 4057733, at \*1; *Ramirez-Ortiz*, 32 F.Supp.3d at 88 (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco*, 422 F.3d at 55; *Garside, Inc.*, 895 F.2d at 50. |
| 3.j | "Both Fiscal Plans focused narrowly over its timeframe range (until 2023) despite that the COFINA Agreement to Bondholders ranged a longer timeframe up to FY 2058. . . . The timeframe of the Fiscal Plans and the COFINA Plan are | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the "Fiscal Plans" on the ground the Commonwealth Fiscal Plan is not |

5

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
| | inconsistent, thus fail to establish a foundation for its feasibility and the reliability of the projections." | relevant to the confirmation of COFINA's Third Amended Plan of Adjustment. |
| 3.k | "Timing and pace of the influx of Federal Disaster Relief funds is uncertain and just for 5 years, while Medicaid funding is temporarily for the next two years. The FOMB's Executive Director, Natalie Jaresko admitted that any prolonged delay in the delivery of the funds destined for the recovery and reconstruction of the island, after the catastrophe caused from September 20, 2017 by hurricane María, can alter the Fiscal Plans. The effectiveness as a growth factor of the Federal Disaster Relief funds is also in question. Most of those funds have been assigned to non-local firms which are capturing over 90% of them. Those funds will leave Puerto Rico with none or little positive impact in the local economy. Furthermore, given the uncertainty of the arrival and timing of the Federal Funds for Disaster Relief, the FOMB has no contingency plan to achieve the economic goals pursued in the Certified Fiscal Plan. Such economic uncertainty and the fragility of the assumptions and projections of the FOMB has led to several versions of the Fiscal Plan and there will be a continuous need to keep amending the Fiscal Plan once it is evident that its goals have not been met." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding the "Fiscal Plans" on the ground the Commonwealth Fiscal Plan is not relevant to the confirmation of COFINA's Third Amended Plan of Adjustment. |
| 3.l | "Moreover, the Island's economic growth will be impeded by poor demographics, as the economically active population will likely continue to move to the mainland in search of better opportunities and access to essential services." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding economic growth, demographics, and the Commonwealth's delivery of essential services, which are not relevant to confirmation of COFINA's Third Amended Plan of Adjustment. |
| 3.m | "With Puerto Rico's limited ability to repay at the long run, a generous agreement with one set of bondholders necessarily reduces what the Commonwealth can reasonably offer to other bondholders and claimants and to cover for essential services and | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding essential services and the settlement between the Commonwealth and |

6

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
|  | retirees. The sustainability of Puerto Rico's debt restructuring needs to be assessed comprehensively, not by looking narrowly at each piece of a bigger puzzle." | COFINA because they are not relevant to confirmation of COFINA's Third Amended Plan of Adjustment, which is a separate proceeding from the Rule 9019 Settlement Approval Motion. The Alameda Lozada Declaration was submitted to the Court only in connection with the hearing on confirmation of the Third Amended Plan of Adjustment and no other matter. |
| 3.n | "(See Table 11 of the Study)" | Hearsay (Fed. R. Evid. 802).<br><br>COFINA objects to this paragraph to the extent it attempts to improperly introduce into evidence a table in Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas*, No. 16-2564, 2018 WL 4057733, at *1; *Ramirez-Ortiz*, 32 F.Supp.3d at 88 (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco*, 422 F.3d at 55; *Garside, Inc.*, 895 F.2d at 50. |
| 3.o | "Reducing COFINA's payments to its bondholders would result in the availability of more resources to the General Funds of the Commonwealth, and consequently, more revenues that could be allocated to finance essential services and other governmental obligations for the population and the pension liabilities as required by Section 201 of PROMESA." | Relevance (Fed. R. Evid. 402).<br><br>COFINA objects to this paragraph's references to and opinions regarding essential services and pension obligations because they are not relevant to confirmation of COFINA's Third Amended Plan of Adjustment. The Alameda Lozada Declaration was submitted to the Court only in connection with the hearing on confirmation of the Third Amended Plan of Adjustment and no other matter. |
| 4 | "Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Study is true and scientifically reliable." | Hearsay (Fed. R. Evid. 802).<br><br>COFINA objects to this paragraph to the extent it attempts to improperly introduce into evidence Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER |

7

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
|  |  | Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas*, No. 16-2564, 2018 WL 4057733, at *1; *Ramirez-Ortiz*, 32 F.Supp.3d at 88 (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco*, 422 F.3d at 55; *Garside, Inc.*, 895 F.2d at 50. |
| 5 | "It is my opinion that: (1) the COFINA Plan of Adjustment of Debt is uncertain and totally unreliable; (2) the COFINA Plan cannot be consistent with the Fiscal Plans because they are uncertain and totally unreliable; (3) the Fiscal Plans and the COFINA Plan of Adjustment of Debt are not feasible; (4) the Fiscal Plans and the COFINA Plan do not ensure the funding of essential public services; (5) the Fiscal Plans and the COFINA Plan do not provide adequate funding for public pension systems; (6) the Fiscal Plans and the COFINA Plan do not provide for the elimination of structural deficits; and, (7) before or after 2034, the Fiscal Plans and the COFINA Plan will lead Puerto Rico to another default of payment in the bondholders obligations. In sum, the Fiscal Plans are not economically feasible and lack scientific reliability to develop dependable revenue and expenditures projections, which are indispensable to address the confirmation of the COFINA Plan." | Relevance (Fed. R. Evid. § 402).

Lacks Foundation (Fed. R. Evid. 602, 703).

COFINA objects to this paragraph's references to and opinions regarding the Commonwealth Fiscal Plan and its feasibility, and the funding of essential services and public pensions, none of which are relevant to confirmation of COFINA's Third Amended Plan of Adjustment. The Alameda Lozada Declaration was submitted to the Court only in connection with the hearing on confirmation of the Third Amended Plan of Adjustment and no other matter. |
| 6 | "and agree that it reflects with rigor the findings of the Study." | Hearsay (Fed. R. Evid. 802).

COFINA objects to this paragraph to the extent it attempts to improperly introduce into evidence Dr. Alameda Lozada's "study" attached to the PROSOL-UTIER Objection to Plan Confirmation [ECF No. 4592-1] on the ground it is an unsworn expert report and constitutes inadmissible hearsay. *Casillas*, No. 16-2564, 2018 WL 4057733, at *1; *Ramirez-Ortiz*, 32 F.Supp.3d at 88 (citing *Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006); *Capobianco*, 422 F.3d at 55; *Garside,* |

8

| Dec. ¶ | Purported Evidence: | Grounds for Objection: |
|---|---|---|
|  |  | *Inc.*, 895 F.2d at 50. |

Dated: January 14, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
Email: lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

**CERTIFICATE OF SERVICE**

9

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer