# PUERTO RICO SALES TAX FINANCING CORPORATION

# AMENDED AND RESTATED SALES TAX REVENUE BOND RESOLUTION

## Adopted on July 13, 2007

SECTION 804.  <u>Compensation and Indemnification</u>.  The Corporation shall pay to the Trustee from time to time reasonable compensation for all services rendered under the Resolution (which compensation shall not be limited by any provision of law in regard to the compensation of a trustee of an express trust), and also all reasonable expenses, charges, counsel fees and other disbursements, including those of its attorneys, agents, and employees, incurred in and about the performance of their powers and duties under the Resolution and the Trustee shall have a lien prior to that of the Bondowners and other Beneficiaries therefor on any and all funds at any time held by it under the Resolution.  The Corporation further agrees to indemnify and save the Trustee harmless against any loss, liability or expenses including taxes (other than taxes based upon, measured by or determined by the income of the Trustee), arising out of or in connection with the acceptance or administration of the trust or trusts hereunder, including the costs and expenses of defending itself against any claim (whether asserted by the Corporation or any Bondowner or any other Person) or liability in connection with the exercise or performance of any of its powers or duties hereunder, or in connection with enforcing the provisions of this Section 804, except to the extent that such loss, damage, claim, liability or expense is due to its own gross negligence or willful misconduct. . . .  The Trustee shall not be required to expend any of its own funds in the execution of its duties pursuant to the provisions of the Resolution.

# AMBAC'S AND WHITEBOX'S THREE DEFENSES TO BNYM'S PROOF OF QUANTUM FAIL

Ambac and Whitebox have no witnesses—**at all**—on the issue of quantum.

- ➢ BNYM offers Daniel Goldberg's and Robert Fishman's careful, studied, detailed testimony from two perspectives that might be valuable to the Court:

    1. Setting budgets in complex and serious litigation and examining budgets and fees from the perspective of fee examiner.

    2. The protections that are available to ensure that Ambac and Whitebox pay what the law requires without BNYM getting more than the law requires.

Whitebox submitted **no** defense on the issue of quantum; Ambac, briefs only.

Ambac's defenses on the issue of quantum fail:

- ➢ First, speculation, caused by Ambac, as set out in its brief.
- ➢ Second, interpleader somehow affects the quantum.
- ➢ Third, staged bond.

# AMBAC'S EMBRACE OF SPECULATION

A. Ambac and Whitebox cannot profit from their own strategy of ensuring speculation.

> ➢ One litigant cannot be permitted to determine the defense of its adversary. Unseemly. Contrary to the American adversary system.

B. Mr. Goldberg / Mr. Fishman arrive at reasonable certainty given necessary contours of the claim, BNYM's reputational/institutional need to defend itself, and the three protections that BNYM is willing to provide.

# AMBAC/WHITEBOX CLAIMS AGAINST BNYM HAVE NOT BEEN LITIGATED OR DISCOVERED

Interpleader filed May 16, 2017, before BNYM's time to move/answer had run (Dkt. 4 ¶ 8)

- Stage One—May 30, 2017 Order Granting Interpleader and Staying Whitebox/Ambac actions (Dkt. 110).

  o ¶ 9: "From time to time, BNYM shall be entitled to reserve for, or pay, its reasonable fees and expenses, whether or not due and owing, from the Disputed Funds."

- Stage Two: "[T]he stage of this adversary proceeding in which the Court will determine the parties' respective interests in the Disputed Funds . . . including whether and, if so, when, an Event of Default occurred . . . and whether the bonds at issue have been or can be accelerated" (Dkt. 154 (June 6, 2017 Scheduling Order)).

- Stage Three: "[L]itigation of Bank of New York Mellon's ('BNYM') requests for declaratory relief and the claims of the Whitebox entities and Ambac Assurance Corporation against BNYM," to commence "following the Court's ruling on any [Stage Two] dispositive motions or judgment at trial" (Id. ¶ 6).

# AMBAC/WHITEBOX CLAIMS AGAINST BNYM HAVE NOT BEEN LITIGATED OR DISCOVERED
## (continued)

Interpleader discovery and briefing concerned Stage Two only, and limited to alleged Events of Default in 2017 (7/5/17 Tr.).

- No discovery of Whitebox/Ambac claims "against BNYM" at all.

Goldberg Decl. ¶ 106 sees NINE topics for discovery including bond ownership; purchase price/timing/confirmations/gains/losses; Events of Default; Standard of Care; Causation; Damages; and more.

- Interpleader discovery involved document discovery only, and limited to alleged Events of Default in 2017—i.e., a portion of only one of the topics at issue.

# AMBAC AND WHITEBOX'S "STAGED BOND" IS LEGALLY INSUFFICIENT AND WHOLLY UNWORKABLE

A. Ambac and Whitebox "Staged Bond" Would Violate the Legal Protections Given BNYM Under the Resolution, Even As Interpreted by This Court.

B. Ambac and Whitebox "Staged Bond" Would Violate the Indubitable Equivalence Requirement.

C. Ambac and Whitebox "Staged Bond" Would Be Wholly Unworkable

 1. Ambac and Whitebox should not be permitted to profit from their strategy of hide-the-ball.

 2. Would the real "staged bond" please stand up?

 3. Who will issue it? Who can draw down on it? Under what circumstances? If it's as good as cash, then use cash.

 4. How will the staging work?

 (a) Pauses in the litigation while the parties fight over each phase of funding, with experts and discovery?

 (b) What is the process if or Ambac or Whitebox or BNYM wants to seek an interlocutory appeal?

# AMBAC AND WHITEBOX'S "STAGED BOND" LAWLESS AND WHOLLY UNWORKABLE
### (continued)

(c) Will the bond be joint and several, and, if not, what happens if either Ambac or Whitebox is no longer litigating but the other is?

(d) Will the Court dismiss the cases when Ambac and Whitebox tire of funding a losing case?

(e) Will Ambac and Whitebox be able to challenge lawyers/vendors as too expensive mid-case?

(f) How does the Court assess mid-case a strategy of defense?

(g) Will BNYM have to disclose privileged strategy to support its bond requests? Ambac and Whitebox have no right to see that strategy?