Case 17-03283-LTS Doc#4767-5 Filed 01/14/19 Entered 01/14/19 11:51:59 Desc
Exhibit 2017 0530 Order Granting Interpleader Page 1 of 8

Case:17-00133-LTS Doc#:110 Filed:05/30/17 Entered:05/30/17 17:20:30 Desc: Main
Document Page 1 of 8

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |
| THE BANK OF NEW YORK MELLON, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION (COFINA); WHITEBOX MULTI-STRATEGY PARTNERS, L.P.; WHITEBOX ASYMMETRIC PARTNERS, L.P.; WHITEBOX INSTITUTIONAL PARTNERS, L.P.; PANDORA SELECT PARTNERS, L.P.; AMBAC ASSURANCE CORPORATION; FRANKLIN ADVISERS, INC., and CEDE & CO., as nominee for The Depository Trust Company,<br><br>Defendants. | Adv. Proc. No: 17-133-LTS<br><br><br>**ORDER GRANTING INTERPLEADER, STAYING PENDING AND FUTURE LITIGATION AGAINST THE BANK OF NEW YORK MELLON, AS TRUSTEE, PURSUANT TO 28 U.S.C. § 2361, AND GRANTING RELATED RELIEF** |

Upon consideration of (i) the urgent motion (the "Motion") of The Bank of New

York Mellon ("BNYM"), as trustee, for an Order to show cause why the Court should not grant

interpleader, a stay of litigation pursuant to 28 U.S.C. § 2361, and related relief, (ii) BNYM's

memorandum of law in support of the Motion (the "Memorandum"), (iii) the declaration of Lee

Sepulvado Ramos dated May 16, 2017, (iv) the timely responses to the Motion, (v) BNYM's

reply memorandum of law in further support of the Motion, and (vi) the arguments of the parties

at a hearing held on May 30, 2017 (the "Hearing); and the Court having jurisdiction of this

adversary proceeding (the "Adversary Proceeding") pursuant to 48 U.S.C. § 2166(a)(2) and 28

U.S.C. § 1335; after notice and a hearing; and for the reasons set forth at the Hearing, and those

set forth below and in a forthcoming Memorandum Opinion,

IT IS HEREBY FOUND THAT:

A.      BNYM is the trustee under the Amended and Restated Sales Tax Revenue

Bond Resolution (as amended and supplemented, the "Resolution"), adopted on July 13, 2007,

by the Puerto Rico Sales Tax Financing Corporation ("COFINA").  COFINA is an independent

governmental instrumentality of the Commonwealth of Puerto Rico.  Pursuant to the Resolution,

COFINA issued several series of sales tax revenue bonds (collectively, the "Bonds").

B.      As more fully described in the Memorandum Opinion, BNYM has been

subjected to competing demands by certain holders of beneficial interests (the "Beneficial

Holders") in the Bonds with respect to the alleged existence of "Events of Default" (as defined in

the Resolution), whether to accelerate the Bonds, and whether to cease payments on the Bonds.

In addition, COFINA disputes the existence of an "Event of Default."

C.      Whether or not an Event of Default exists is of great importance to

COFINA and all Beneficial Holders because it affects the payment priority among the types and

series of Bonds.  Accordingly, important rulings regarding the rights of all Beneficial Holders

should not be made in state court actions filed by a handful of Beneficial Holders or an insurer of

certain Bonds, which hold or insure interests in a small portion of certain series of Bonds.

D.      In recognition of BNYM's limited duties as trustee and the competing

demands upon funds held by BNYM in trust under the Resolution, and to resolve efficiently the

Case:17-00133-LTS Doc#:110 Filed:05/30/17 Entered:05/30/17 17:20:30 Desc: Main
Document Page 3 of 8

disputes in a manner that respects the rights of COFINA, all Beneficial Holders, and other parties

in interest, BNYM commenced this Adversary Proceeding in which BNYM filed claims for

interpleader and declaratory relief.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      BNYM shall interplead the June 1 Payment (as defined in the

Memorandum Opinion) and any future payments of principal and interest on a monthly basis

until entry of a final order of this Court directing the timing and manner of the disbursement of

such funds (collectively, and net of the fees and expenses paid pursuant to paragraph 9 below,

the "Disputed Funds"), as follows:  BNYM shall (a) hold the entirety of the Disputed Funds in

the existing accounts into which they have been deposited, on behalf of the party or parties

ultimately determined by the Court to be entitled to the Disputed Funds; and (b) invest the

Disputed Funds and apply the investment gains in accordance with the terms of the Resolution;

and (c) deposit a $1,000 unsecured bond with the Clerk of Court in the form annexed hereto as

Exhibit A no later than June 1, 2017.

3.      All parties and all other individuals or entities claiming a right to any of

the Disputed Funds shall appear in this Adversary Proceeding and assert their respective rights

in, or claims to, such Disputed Funds.  Nothing herein, however, shall be determined to create

standing for any person or entity where such standing is otherwise lacking.

4.      Any party and all other individuals with notice of the entry of this Order

and who fail to appear in this Adversary Proceeding and to assert their respective claims to any

of the Disputed Funds shall be forever barred and precluded from asserting any claim against

BNYM with respect to such Disputed Funds.

Case 17-00133-LTS Doc#110 Filed 05/30/17 Entered 05/30/17 17:20:30 Desc: Main
Document Page 4 of 8

5.      Pursuant to 28 U.S.C. § 2361, all claims and proceedings in any court or

other tribunal against BNYM or any of its agents or affiliates (collectively, the "Actions," each

an "Action") relating to, or that may have any conceivable effect upon, any alleged interest

(whether beneficial, legal, or otherwise) in, or the allocation or recovery of, any or all of the

Disputed Funds, including, without limitation, (a) *Whitebox Multi-Strategy Partners, L.P., et al.,*

*v. Bank of New York Mellon Corp.*, Adv. Proc. No. 17-143 (D.P.R.), and (b) *Ambac Assurance*

*Corp. v. The Bank of New York Mellon*, No. 17 CV 3804 (S.D.N.Y.), are hereby stayed pending

further Order of this Court.

6.      Pursuant to 28 U.S.C. § 2361, all plaintiffs in the Actions, all defendants

in this Adversary Proceeding, and all other parties receiving notice of this Order, are hereby

restrained pending further order of this Court from instituting or continuing to prosecute any

Action.

7.      BNYM is hereby released and discharged from any and all claims and

liability relating to the institution of this Adversary Proceeding and BNYM's compliance with

orders of this Court concerning the Disputed Funds or any right to, or interest in (beneficial,

legal, or otherwise), the Disputed Funds, including without limitation, such claims of or liability

to (a) the defendants in this Adversary Proceeding, (b) any other person or entity claiming a right

to or interest in the Disputed Funds, and (c) all other persons or entities claiming by, through, or

with any of the foregoing.

8.      Defendant Cede & Co., as nominee of The Depository Trust Company,

shall promptly provide notice of this Order to each of Cede & Co.'s participants on whose behalf

Cede & Co. holds the Bonds as the registered Owner.  Such notice shall be deemed good,

Case 17-00133-LTS Doc#110 Filed 05/30/17 Entered 05/30/17 17:20:30 Desc: Main
Document    Page 5 of 8

adequate, and sufficient notice of this Order to all Beneficial Holders of the Bonds, and no other

or further notice to the Beneficial Holders shall be necessary.

9.      From time to time, BNYM shall be entitled to reserve for, or pay, its

reasonable fees and expenses, whether or not due and owing, from the Disputed Funds.  The

failure to pay or reserve for such fees and expenses shall not constitute a waiver of BNYM's

right to payment thereof.

10.     The Court retains jurisdiction over any disputes relating to the

interpretation or implementation of this Order.

Dated:  May 30, 2017

                              _/s/ Laura Taylor Swain__
                              LAURA TAYLOR SWAIN
                              United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:                                                              PROMESA
                                                                    Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                                   No. 17 BK 3284-LTS

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA),

               Debtor.

----------------------------------------------------------

THE BANK OF NEW YORK MELLON,

              Plaintiff,

      -v-                                                      Adv. Proc. No. 17-133-LTS

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA), et al.,

              Defendants

-------------------------------------------------------------x

## INTERPLEADER ACTION BOND

        The Bank of New York Mellon ("BNY"), by and through its undersigned
authorized representative, hereby agrees to comply with the orders and judgments entered by the
Court, including, but not limited to, any order to transfer or deposit the funds at issue in this
interpleader proceeding, specifically, funds totaling $16,297,863.78 that are on deposit with
BNY and identified as the "June 1 Payment" and payments coming due thereafter in connection
with this proceeding.

## AMOUNT OF BOND

        This is an unsecured bond of $1,000.

## FORFEITURE

This bond may be forfeited if BNY does not comply with the above agreement. The Court may enter a judgment of forfeiture against BNY for the entire amount of the bond, including interest and costs, if BNY does not comply with the agreement.

## RELEASE

The Court may terminate this bond at any time. The bond will be satisfied and the obligation released when either: (1) the action is dismissed; or (2) BNY complies with a dispositive judgment of this Court.

## ACCEPTANCE

The undersigned declares under penalty of perjury that he/she has read this bond and agrees to its terms and conditions.


Date: _____          By: _____

                                     The Bank of New York Mellon



                                 _____
                                 *Clerk of Court*


Date: _____          _____

                                 *Signature of Clerk or Deputy Clerk of Court*


053017 BNYM ORDER GRANTING INTERPLEADER          VERSION MAY 30, 2017                    3