UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |
| as representative of | No. 17 BK 3284-LTS |
| PUERTO RICO SALES TAX FINANCING<br>CORPORATION (COFINA),<br>et al., | (Jointly Administered) |
| Debtor. | This Document Relates to:<br>17 BK 3284 |

------------------------------------------------------------

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

Case:17-03283-LTS Doc#:4767-6 Filed:01/14/19 Entered:01/14/19 11:51:59 Desc: Exhibit 2017 0606 Scheduling Order Page 2 of 5

Case:17-00133-LTS Doc#:134 Filed:06/06/17 Entered:06/06/17 12:00:00 Desc: Main Document Page 2 of 5

---------------------------------------------------------

THE BANK OF NEW YORK MELLON,

        Plaintiff,

  -v-

PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"), et al.,

        Defendants.

---------------------------------------------------------x

Adv. Proc. No. 17-133-LTS
in 17 BK 3284-LTS

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), applicable to this adversary proceeding under Fed. R. Bankr. P. 7016, the following deadlines shall apply to the stage of this adversary proceeding in which the Court will determine the parties' respective interests in the Disputed Funds (as defined in this Court's Order dated May 30, 2017 (docket entry no. 110 in 17 AP 133)), including whether and, if so, when, an Event of Default occurred (as defined in the governing bond resolution), and whether the bonds at issue have been or can be accelerated ("Stage Two").

1. **Pending Motion to Intervene (docket entry no. 16 in 17 AP 133)**

    a. Opposition papers to the pending motion to intervene filed by the Ad Hoc Group of General Obligation Bondholders shall be filed by **June 6, 2017**. Reply papers shall be filed by **June 13, 2017**. The motion will thereafter be taken on submission, unless the Court schedules oral argument in a separate order.

2. **Motions to Dismiss and Answers**

    a. Any named defendant or party permitted to intervene before the date hereof (each, a "Defendant") that intends to file a motion to dismiss must do so on or before

Case 17-03283-LTS Doc#4767-6 Filed 01/14/19 Entered 01/14/19 11:51:59 Desc: Main
Exhibit 2017 0606 Scheduling Order Page 3 of 5

Case 17-00133-LTS Doc#134 Filed 06/06/17 Entered 06/06/17 12:00:00 Desc: Main
Document Page 3 of 5

    **June 16, 2017**. Unless otherwise agreed to among the parties, responsive briefs must be filed and served within 20 days of service of the motion, and reply briefs must be filed and served within 10 days thereafter. The Court will resolve the motions to dismiss on submission, unless otherwise ordered.

  b. Discovery with respect to all parties shall proceed in accordance with this Scheduling Order regardless of the filing or pendency of any motion to dismiss.

  c. If a Defendant does not move to dismiss any of the claims asserted in the Complaint, then the Defendant must file and serve an Answer on or before **June 16, 2017**. If a Defendant files a motion to dismiss, its answer shall be filed in accordance with the Federal Rules of Bankruptcy Procedure. If a Defendant files a cross-claim, Answers to the cross-claim must be filed and served on or before **June 23, 2017**.

  d. No party shall be obligated to file any counterclaim, cross-claim, third-party claim, or claim for indemnity or contribution in this proceeding. Any such claims may be reserved for subsequent proceedings. In the event any party asserts such claims, the trial date in this adversary proceeding shall not be affected.

3. **Mandatory Disclosures**

  a. No disclosures shall be required of any party under Fed. R. Civ. P. 26(a)(1), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026.

4. **Discovery**

  a. Any Plaintiff or Defendant may serve discovery on any other party to this adversary proceeding, or on any third party, as provided by this section.

Case 17-03283-LTS Doc#14767-6 Filed:01/14/19 Entered:01/14/19 11:51:59 Desc: Main
Exhibit 2017 0606 Scheduling Order Page 4 of 5

Case:17-00133-LTS Doc#:1347 Filed:06/06/17 Entered:06/06/17 12:00:00 Desc: Main
Document Page 4 of 5

  b. Initial requests for the production of documents (the "Document Requests") shall be served by **June 9, 2017**.

  c. Any responses and objections to the Document Requests shall be served, along with the commencement of a rolling production of documents, by **June 21, 2017**.

  d. Parties shall meet and confer with respect to any disputes by no later than **June 23, 2017**.

  e. Any unresolved disputes regarding the scope of discovery requested in the Document Requests (the "Document Disputes") shall be submitted to the Court by informative motion not to exceed five (5) pages by **June 30, 2017, at 4:00 p.m.** (prevailing Eastern Time).

  f. The Court will conduct a hearing on or about **July 5, 2017** to address the Document Disputes. The precise scheduling of the hearing will be addressed by separate order.

  g. The rolling production of documents responsive to the Document Requests shall be completed, together with a privilege log if any documents are withheld, by **July 21, 2017**.

  h. All notices of deposition shall be served by **July 24, 2017**, and all depositions shall be conducted by **September 1, 2017**.

5. **Motions for Summary Judgment**

  a. All motions for summary judgment pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 56, and opening briefs in support thereof, shall be filed by **September 15, 2017**. Briefs in

Case 17-03283-LTS Doc#:1347 Filed:06/06/17 Entered:06/06/17 12:00:00 Desc: Main Document Page 5 of 5

Case 1:17-cv-03283-LTS Doc #:4767-6 Filed:01/14/19 Entered:01/14/19 11:51:59 Desc: Exhibit 2017 0606 Scheduling Order Page 5 of 5

opposition shall be filed by **September 29, 2017**. Reply briefs in further support shall be filed by **October 6, 2017**.

b. The Court will take the motions for summary judgment on submission, unless otherwise ordered.

6. As soon as practicable following the Court's ruling on any dispositive motions or judgment at trial (as the case may be), a status conference shall be held concerning a schedule for litigation of Bank of New York Mellon's ("BNYM") requests for declaratory relief and the claims of the Whitebox entities and Ambac Assurance Corporation against BNYM ("Stage Three"), including, but not limited to, any motions to remand the lawsuits brought by the Whitebox entities and Ambac Assurance Corporation to state court, any motions to dismiss BNYM's requests for declaratory relief, and/or the filing of counterclaims against BNYM in this adversary proceeding.

7. Relief from any deadline in this Order shall be granted solely for good cause shown on application to the Court by the parties to the adversary proceeding.

SO ORDERED.

Dated: June 6, 2017

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge