UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:                                            PROMESA

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BLOARD FOR P.R.

As representative of                 No. 17 BK 03283-LTS
                                                        (Jointly Administered)

THE COMMONWEALTH OF P.R.

                    Debtors

**URGENT SECOND MOTION REQUESTING DECLARATORY JUDGMENT**

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF P.R.
(HDCDPR):

      Comes now the putative Intervenor, appearing here Pro Se and respectfully States, Alleges and Prays as follows:

      This is my second Motion Requesting Declaratory Judgment (MRDJ) filed within the instant controversy. For the first one see Exhibit 1.

      The first one was hastily, incredibly and unjustly denied on June 16, 2017 for "failure to state a claim upon which relief may be granted". See Exhibit 2.

      I timely appealed that Order to the Honorable U.S. Court of Appeals for the First Circuit (HUSCA1C) which docketed it as 17-1743 (See Exhibit 3) and same was summarily dismissed without even a briefing schedule having been issued in one of the many usurpations of authority that various federal judges of that HUSCA1C have incurred into in my over 22 years litigating before same forum. For the most recent instance, see the docket record in Angel Ruiz Rivera v. New York Times, 18-1344.

      Before filing my initial Motion within the instant Complaint, I had filed analogous ones in related controversies Assured Guaranty (16-1037-Exhibit 4) and Lex Claims (16-2374-Exhibit 5). The first one was dismissed with prejudice and I timely appealed it to the HUSCA1C where it was docketed as 16-2208 (Exhibit 6) and a briefing schedule was issued in same to which the parties naturally responded by filing their respective legal briefs. The second one was dismissed without prejudice, and I also timely appealed to the HUSCA1C and it was docketed as 17-1337. (Exhibit 7).

      I also timely filed petition for certiorari before the Honorable U.S. Supreme Court (HUSSC) to provide that highest forum at the earliest juncture possible with judicial knowledge of the undeniable, undisputable and irrefutable fact that a substantial amount of the debt incurred into by the so-called representatives of the People of P.R. object of and subject to consideration and evaluation by this and other fora was issued against a 1961amendment to the Puerto Rican Constitution and a Federal Law that had pre-approved same.

1

This fait accompli necessarily and obligatorily makes all this unconstitutionally and illegally issued portion of the total debt, legally null and void ab initio.

For the above reasons and those stated in all the accompanying Exhibits, I pray that this HUSDCDPR finally declares what would be eventually unavoidable, which is that all the debt incurred into by the officers of the Government of P.R., above the limits prescribed in the 1961 amendment to the Constitution of P.R. as pre-approved, pre-authorized and pre-legislated by the U.S. Congress is null and void ab initio and ergo, it cannot legally become part of any agreement, contract nor judicial judgment or order.

The People of P.R. as well as scholars from all law schools in the country and the world for that matter, would like to know how it is possible that heretofore a legal opinion by a local Secretary of Justice upon which all the euphemistically called "extraconstitutional debt" was allegedly based, has been given by the courts, including the instant one, more legal weight than the referred to amendment to the P.R. Constitution which was approved by 82% of the People in a federally approved referendum and federal law of August 3, 1961 where the People of the Great U.S. of A., through its legislature, enacted Joint Resolution 87-121 approving this amendment explicitly, expressly and specifically providing for the "amendment of section 3 of the Federal Relations Act" and as its most proximate concomitant and substantial legal effect "limiting the debt incurring capacity of the Commonwealth and its municipalities."

Respectfully submitted, today January 14, 2019.

Angel Ruiz Rivera
Pro Se
Ext. Villa Rica AA-27
Calle Santa Rita
Bayamon, P.R. 00959.
787-779-9222
angelruizrivera@gmail.com

## CERTIFICATE OF SERVICE

I, Angel Ruiz Rivera, appearing here Pro Se, hereby certify that I will send a copy of the instant Motion to the email address of all the attorneys appearing in the record.

EXHIBITS

1. First Motion To Intervene and Requesting Declaratory Judgment (MTIARDJ).
2. This HUSDCDPR's Order of June 16, 2017.
3. Notice of Appeal in 17-1743 and dismissal.
4. MTIARDJ in Assured Guaranty; 16-01037(FAB).
5. MTIARDJ in Lex Claims; 16-02374(FAB).
6. Appeal Brief in 16-2208.
7. Appeal Brief in 17-1337.
8. Petitions for Certiorari before the HUSSC.
9. Petition for Certiorari in 17-1743 docketed as 17-8440 by the HUSSC and denial.

2

1. First Motion To Intervene and Requesting Declaratory Judgment. MTIARDJ.

3