**Hearing Date:** April 25, 2018, at 9:30 a.m. (AST)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v. | Adv. Proc. No. 17-257-LTS<br>in 17 BK 3283-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

DX-RR

BETTINA WHYTE,

    as agent of

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE PUERTO RICO SALES TAX FINANCING
CORPORATION,

              Defendant.

**OMNIBUS OBJECTION OF THE AD HOC GROUP OF
GENERAL OBLIGATION BONDHOLDERS TO MOTIONS TO
<u>CERTIFY QUESTIONS TO THE SUPREME COURT OF PUERTO RICO</u>**

Intervenor/Plaintiff/Counterclaim Defendant the Ad Hoc Group of General Obligation Bondholders (the "GO Group"),[2] hereby objects to the *Motion and Incorporated Memorandum of Law of the COFINA Agent To Certify Questions Under Puerto Rico Law to the Supreme Court of Puerto Rico* (Dkt. 329)[3] ("Agent Motion"); the *Mutual Fund Group and Puerto Rico Funds' Motion To Certify Questions of Law to the Supreme Court of Puerto Rico* (Dkt. 331) (the "Bondholder Motion"); and *Ambac Assurance Corporation and National Public Finance Corporation's Cross-Motion, in the Alternative, to Certify Alternative Questions to the Supreme Court of Puerto Rico* (Dkt. 421) (the "Insurer Cross-Motion," and together with the Agent Motion and the Bondholder Motion, the "Certification Motions"), and states as follows.

## INTRODUCTION

This proceeding is a means to an end. It is, in the words of the Stipulation signed by all parties,[4] "an effort to advance the Title III Cases and facilitate the litigation or settlement of the Commonwealth-COFINA Dispute." The Stipulation thus recognizes that resolution of the Commonwealth-COFINA Dispute will promote broader progress: Deciding which debtor owns over $60 billion of disputed tax revenues will be a major step toward resolving these Title III cases.

Granting the Certification Motions would undermine this important goal. It would remove from this Court, entrusted by Congress to resolve efficiently the complex of issues facing Puerto Rico, control over the timing and procedure governing a key threshold issue. And it

---

[2] Members of the GO Group file this objection exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] "Dkt." refers to documents filed on the docket of the above-captioned adversary proceeding.

[4] *Stipulation and Order Approving Procedure To Resolve Commonwealth-COFINA Dispute* (No. 17 BK 3283 Dkt. 996) (the "Stipulation") at 2.

would hand that control to another court that would significantly delay resolution of that threshold issue, if only because of the numerous additional steps involved and because that court, unlike this one, has not already digested the hundreds of pages of legal briefing and hours of argument that the parties have presented in this case.

In addition to undermining the goal of this particular proceeding, the Certification Motions do not satisfy the requirements for certification. One question they ask this Court to certify—whether COFINA's enabling legislation transferred billions of dollars in tax revenues that did not even exist at the time COFINA parties insist that a transfer took place—turns ultimately on federal law, not Puerto Rico law. The other questions have answers that are sufficiently clear under existing law that certification is unwarranted. And the certification orders proposed by the Agent Motion and the Insurer Cross-Motion have been neither stipulated by the parties nor adjudicated by this Court, requiring further proceedings.

For all of these reasons, the Court should deny the Certification Motions.

## **ARGUMENT**

### I. CERTIFICATION WOULD UNDERMINE PRACTICAL GOALS OF THIS PROCEEDING BY INTRODUCING SIGNIFICANT DELAY

This proceeding concerns the "Commonwealth-COFINA Dispute," namely, whether the Commonwealth of Puerto Rico ("Commonwealth") or the Puerto Rico Sales Tax Financing Corp. ("COFINA") owns certain tax revenue. Order (Dkt. 167) at 5. The tax revenue at issue exceeds $60 billion. Dkt. 311-6 at 15. Deciding who owns it, therefore, will make a huge difference to plans of adjustment. The COFINA Senior Bondholders' Coalition, which supports the Certification Motions, rightly calls the dispute "important" and "far-reaching" in its impact. *Reply of the COFINA Senior Bondholders' Coalition to the Oversight Board's Opposition to Urgent Motion of COFINA Agent To Set Expedited Briefing Schedule* (Dkt. 341) ¶ 2. Because

2

this dispute and its consequences for the rest of these Title III cases are so important, this dispute should be resolved promptly. Everything the parties have done bespeaks the importance of this goal. But granting the Certification Motions would undermine it. The Court should therefore deny the Certification Motions.

The delay inherent in certification "in many contexts . . . will outweigh" other factors "and mandate speedy and direct action by the federal court." *Tunick v. Safir*, 209 F.3d 67, 87 (2d Cir. 2000); see also, *e.g.*, *Lehman Bros. v. Schein*, 416 U.S. 386, 394 (1974) (Rehnquist, J., concurring) (noting that certification "entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court"); *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 39 (1st Cir. 2000) (denying certification because "we are disinclined to delay proceedings further"). So it does here: Delay alone suffices to justify denial of the Certification Motions.

This dispute should be resolved promptly. As explained above, resolution of this dispute is a threshold issue to resolution of these Title III cases as a whole. Recognizing this, all of the parties long have agreed to work toward a prompt resolution. In particular, they agreed that they would enable the Court to issue a final ruling by December 15, 2017. Stipulation ¶ 4.e. Although the purported cash crunch that gave rise to that deadline proved illusory, moving ahead with this dispute and thus with these Title III cases would nonetheless yield numerous benefits. At the least, it would enable Puerto Rico to access financial markets and end the drain on Puerto Rico—over $20 million a month so far—of professional fees. Congress, for its part, has directed

3

the federal courts to "expedite" these proceedings "to the greatest possible extent." PROMESA § 106(d).[5]

Granting the Certification Motions would undermine the important objective of prompt resolution. This Court has carefully reviewed almost one thousand pages of summary judgment briefing, and just yesterday the Court heard more than three hours of legal argument on the parties' pending summary judgment motions. As things stand, this Court is fully versed in the pertinent issues, and the dispute is ripe for decision by this Court. Granting the Certification Motions, by contrast, would add as many as four steps. First, the parties would need to stipulate (or the Court would need to adjudicate) the facts and questions to be certified. See pp. 8-10, *infra*. Second, the Supreme Court of Puerto Rico would need to determine whether to accept certification of the questions. See *Cuesnongle v. Ramos*, 835 F.2d 1486, 1490-1493 (1st Cir. 1987) (explaining that this discretionary determination may not be straightforward). Third, if certification is accepted, the parties would need to brief and argue the merits, and the Supreme Court of Puerto Rico would need to render a decision. And, fourth, certain rulings by the Supreme Court of Puerto Rico would require further proceedings in this Court. See p. 6, *infra*.

The delay resulting from the additional steps necessitated by certification could be significant. The Fifth Circuit, which "has had by far the greatest experience with certification," 17A Charles Alan Wright et al., *Federal Practice and Procedure* § 4248 (3d ed. 2017), has noted that, in its experience, certification "requires a period approaching one year at the least— sometimes much more." *State of Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 275 (5th Cir. 1976). The Supreme Court of Puerto Rico is not known as an outlier in this regard: As this

---

[5] The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), Pub. L. No. 114-187, 130 Stat. 549, is codified at 48 U.S.C. §§ 2101-2241.

4

Court has previously observed, the Supreme Court of Puerto Rico may take two years simply to decide whether to accept certification. *Cruz Aviles v. Bella Vista Hosp., Inc.*, 112 F. Supp. 2d 200, 203 n.1 (D.P.R. 2000).

Granting the Certification Motions would thus deprive this Court of control over the timing of the disposition of a critical threshold issue in these Title III cases. In light of the significant work that this Court has already invested in resolving the dispute—and the likelihood that the disruption and delay introduced by certification would inhibit the prospect of a consensual resolution—the Certification Motions should be denied.

## II. NONE OF THE QUESTIONS PROPOSED IS SUITABLE FOR CERTIFICATION

The Agent Motion asks the Court to certify two types of questions. First, it seeks certification of the non-constitutional question whether the COFINA statute transferred to COFINA ownership of disputed tax revenues that did not yet exist at the time of the purported transfer. Agent Motion 3 ¶ 1. Second, it seeks certification of the constitutional questions whether the purported transfer of ownership violated certain constitutional provisions. Agent Motion 3-4 ¶¶ 2-5. The Insurer Cross-Motion contends that, if the Court does not deny certification on the ground that the legal issues should clearly be resolved in favor of COFINA, then it should certify a different set of questions regarding the validity of the purported transfer. Insurer Cross-Motion ¶¶ 11-14.

Neither type of question satisfies the criteria for certification. The answer to the non-constitutional question is ultimately determined not by Puerto Rico law but by federal law. And the constitutional questions have answers sufficiently clear under existing law that certification is unwarranted. For these reasons, in addition to and independently of the reasons explained in section I, the Court should deny the Certification Motions.

5

### A. Federal Law Determines The Outcome Of The Non-Constitutional Question

Only questions answerable solely with reference to Puerto Rico law may be certified to the Supreme Court of Puerto Rico. That Court "will not issue the certification solicited if the matter raised is of a mixed nature, i.e. it includes aspects from the petitioning court's federal or state law and aspects of local Puerto Rican law." P.R. S. Ct. R. 25(b) (certified translation attached as Appendix A). If federal law may determine the answer to the question, "the federal court may . . . resolve the same controversy on federal grounds," rendering the decision of the Supreme Court of Puerto Rico "merely advisory." *Quílez-Velar v. Ox Bodies, Inc.*, 2017 T.S.P.R. 165, 2017 WL 4125876, at *2 (2017).

The non-constitutional question proposed does not satisfy this requirement because its answer is determined by federal law, not Puerto Rico law. As the GO Group and others have explained, while state law determines the rights a debtor has with respect to a thing, federal law determines whether those rights amount to "property." *Omnibus Opposition of the Ad Hoc Group of General Obligation Bondholders to Motions for Summary Judgment* (Dkt. 368) at 28-30; *Commonwealth Agent's Omnibus Opposition to COFINA Parties' Motions for Summary Judgment* (Dkt. 371) at 21-26. Thus, were the Supreme Court of Puerto Rico to decide whether, under Puerto Rico law, the COFINA statute transferred ownership of the disputed tax revenues, this Court still would need to decide whether, under federal law, those tax revenues are the property of the Commonwealth. That fact, in turn, makes the non-constitutional question inappropriate for certification.[6]

---

[6] The COFINA Agent and others dispute the premise that federal law has any bearing on resolution of the non-constitutional question. *E.g.*, *Omnibus Reply Memorandum of Law in Support of Motion for Summary Judgment by the COFINA Agent* (Dkt. 391) at 14-15. If they are correct, then the requirement that certified questions be answerable solely with reference to Puerto Rico law would not prevent certification of the non-constitutional question. Nonetheless,

6

### B. The Answers To The Constitutional Questions Are Sufficiently Clear Under Existing Law

Another requirement for certification of questions to the Supreme Court of Puerto Rico is that their answers are not sufficiently clear under existing law. 4 L.P.R.A. § 24s(f) (providing that the Supreme Court of Puerto Rico has jurisdiction over certified questions only if, "in the opinion of the petitioning court, there are no clear precedents in the jurisprudence of said court"). Thus, before certifying any question, this Court "must first undertake [its] own prediction of state law for [it] may conclude that the course the state court would take is reasonably clear." *Nieves v. Univ. of Puerto Rico*, 7 F.3d 270, 275 (1st Cir. 1993) (quotation marks omitted; alterations modified).

The proposed constitutional questions do not satisfy this requirement. Existing law provides a sufficient basis for the Court to conclude that the Puerto Rico Constitution prohibits "transfers" of the kind purportedly effected by the COFINA statute. *E.g.*, *Motion for Summary Judgment of the Ad Hoc Group of General Obligation Bondholders* (Dkt. 314) at 15-24. At the very least, before certifying any of the constitutional questions, this Court must assess the merits of those questions and conclude that existing law is not sufficiently clear. *E.g.*, *Carrasquillo-Ortiz v. American Airlines, Inc.*, 812 F.3d 195, 196-200 (1st Cir. 2016) (attempting to rule on the merits before determining that "we lack sufficient guidance to allow us reasonably to predict which of our two options the Puerto Rico Supreme Court would choose" and thus certifying question (quotation marks omitted)); *Nieves*, 7 F.3d at 275.

---

to certify the non-constitutional question, the Court first would need to decide that federal law plays no role in answering the non-constitutional question.

7

### III. IF THE COURT DECIDES TO CERTIFY ANY QUESTIONS, IT SHOULD ORDER FURTHER PROCEEDINGS REGARDING THE FORM OF THE CERTIFICATION ORDER

If the Court decides to certify any questions, it should order further proceedings to resolve disputes regarding the certification order.

Under the rules of the Supreme Court of Puerto Rico, the certification order must include

(1) The questions of law for which certification is sought;

(2) a list of all the facts relevant to the questions of law in question clearly demonstrating the nature of the controversy from which they arise, which must arise from a decision by the consulting court, regardless of whether such facts have been stipulated by the parties or because they have been argued and adjudicated in the matter, and

(3) an appendix including the original and a certified copy of the part of the case file deemed necessary or important, according to the petitioning court, to remit to this court to answer the questions.

P.R. S. Ct. R. 25(e) (certified translation attached as Appendix A).

Attached to the Agent Motion is a proposed order which includes the questions of law and list of facts required by Rule 25(e). That proposed order, however, does not reflect consensus among the parties and is objectionable on multiple grounds. For example, the proposed question on "available resources" incorporates the Commonwealth Agent's complaint. *[Proposed] Order Certifying Questions Under Puerto Rico Law to the Supreme Court of Puerto Rico* (Dkt. 329-1) ("Proposed Order") at 9 ¶ 5. In doing so, it neglects the GO Group's "available resources" argument, which differs in certain respects from the Commonwealth Agent's, as the COFINA parties recognize. See *Reply Memorandum of Law of COFINA Senior Bondholders' Coalition in Support of Motion for Summary Judgment* (Dkt. 388) at 26. Likewise, the Proposed Order includes factual claims that the GO Group vigorously contests. Compare, *e.g.*, Proposed Order at 5 ("COFINA Bonds represent[] the most widely-held investment by retirees and retail investors in the Commonwealth."), with *Opposing Statement of Undisputed*

8

*Material Facts of the Ad Hoc Group of General Bondholders in Response to the Statement of Undisputed Material Facts in Further Support of the Motion for Summary Judgment by the COFINA Agent* (Dkt. 363) at 16-17 (objecting to that assertion). The questions proposed in the Insurer Cross-Motion are also objectionable, because several of them incorrectly presume that the constitutional challenges to COFINA turn on arguments that COFINA has issued bonds in violation of various provisions of Article VI of the Puerto Rico Constitution. See Insurer Cross-Motion ¶ 14. In fact, the constitutional challenges at issue in this case focus on the purported transfer of sales and use tax revenues to COFINA; the Commonwealth side does not argue that COFINA has issued bonds in violation of the Puerto Rico Constitution.

The Supreme Court of Puerto Rico does not resolve disputes about certification orders and thus requires this Court to resolve any such disputes. "The facts . . . must emerge from a decision of the federal court, *either* because they were stipulated by the parties, *or* because they were aired and adjudicated in the [federal] proceeding." *Pan American Computer Corp. v. Data General Corp.*, 112 D.P.R. 780, 12 P.R. Offic. Trans. 983, 995 (1982) (emphasis added). Unilateral proposals by the party seeking certification, such as the order proposed by the COFINA Agent, are not acceptable.

To resolve disputes about the certification order, this Court should order further proceedings. In particular, we propose that, if the Court determines that it intends to certify any questions, then it should (i) order which question(s) it intends to certify, and (ii) direct the parties, within a short time thereafter, to submit two rounds of simultaneously filed memoranda (and supporting declarations) regarding the certification order. The GO Group is hopeful that the parties would, knowing the question(s) the Court intends to certify, be able to resolve any

9

disputes among themselves. If that does not prove to be feasible, then the proposed briefs would enable the Court to resolve such disputes.

## **CONCLUSION**

The Certification Motions should be denied. In the alternative, the Court should certify only questions as to which it determines that (i) Puerto Rico law is dispositive, and (ii) Puerto Rico law is not sufficiently clear. Before certifying any questions, the Court should order such further proceedings as are necessary to permit resolution of any disputes concerning the certification order.

Dated: April 11, 2018

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Mark T. Stancil
Lawrence S. Robbins (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Mark T. Stancil (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
Email: mstancil@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg (admitted *pro hac vice*)
Richard A. Rosen (admitted *pro hac vice*)
Walter Rieman (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Karen R. Zeituni (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ Mark T. Stancil
Mark T. Stancil

**Appendix A**

DX-RR

## 4A L.P.R.A. Ap. XXI-B, Rule 25

THIS SECTION IS CURRENT FOR THE 2017 SUPPLEMENT (LEGISLATIVE ASSEMBLY SESSION OF 2016) AND LAWS 1-122 OF 2017

*Laws of Puerto Rico Annotated > TITLE FOUR Court Rules Appendices > XXI-B. Rules of the Supreme Court of Puerto Rico (2011)*

## Rule 25. Procedure for inter-jurisdictional certification

*(a)* This court may hear any matter submitted for certification by the United States Supreme Court, by a United States Circuit Court of Appeals, by a United States District Court, by any district court of the United States of America or by the highest appeals court of any of the states of the American Union, when so solicited by any of these courts, if there is a legal matter before the petitioning court that raises questions of Puerto Rican law that may determine the outcome of the matter and with respect to which, in the petitioning court's opinion, there is no clear legal precedent in the case law of this court.

*(b)* This court will not issue the certification solicited if the matter raised is of a mixed nature, i.e. it includes aspects from the petitioning court's federal or state law and aspects of local Puerto Rican law, in which case the matter must be settled by the petitioning court.

*(c)* If the question raised during the certification proceeding centers on the validity of a Puerto Rican statute that has been challenged under a provision of the Constitution of the Commonwealth of Puerto Rico, the question will only be certified if the local constitutional provision has no equivalent in the federal Constitution.

*(d)* Certification will be issued after an application has been filed, which shall contain a decision to such effect issued by the petitioning court *sua sponte* or upon the motion of any of the parties to the matter pending before said court.

*(e)* The certification order shall include:

   **(1)** The questions of law for which certification is sought;

   **(2)** a list of all the facts relevant to the questions of law in question clearly demonstrating the nature of the controversy from which they arise, which must arise from a decision by the consulting court, regardless of whether such facts have been stipulated by the parties or because they have been argued and adjudicated in the matter, and

   **(3)** an appendix including the original and a certified copy of the part of the case file deemed necessary or important, according to the petitioning court, to remit to this court to answer the questions.

"I, Jason Schrier, USCCI # 10-067, certify that the forgoing is a true and accurate translation to the best of my abilities, of the document in Spanish which I have seen."

*(f)* The judge of the petitioning court that has heard the matter shall sign the application for certification. The court clerk will send, under his/her hand and the court's seal, the application to the clerk of this court.

*(g)* If necessary, this court may require the petitioning court to send the original, or a certified, copy of all or part of the case file, in addition to the documentation sent as an appendix to the certification order.

*(h)* Any parties to the original suit wishing to submit briefs will have simultaneous thirty-day periods (30) to do so, from the date the certification order was sent to this court by the clerk of the petitioning court. These briefs shall include the notice to the petitioning court and all parties to the matter. Any party may reply to any brief within fifteen days (15) of notice of any such brief. The form and content of the principal briefs will be governed by the provisions of Rule 33. Any party wishing to make oral arguments must so indicate in a well-reasoned motion filed at the same time as the principal brief, and such motion will be ruled upon in accordance with the rules of this court. However, the court may, at any time, schedule a hearing for oral arguments of its own accord if it deems such a hearing necessary. The briefs may be in English or in Spanish and do not need to be translated; however, all briefs must be signed by an attorney licensed to practice law before this court.

*(i)* The clerk will send this court's opinion answering the questions of law submitted for certification to the petitioning court and the parties, under his/her hand and the seal of the court. The opinion containing this court's answers to the questions submitted for certification will be binding on the parties.

*(j)* Where any legal matter pending before this court involves a question referring to the law of any state of the United States that may determine the final outcome of this matter and where, in the opinion of this court, the case law of said state does not contain clear precedent regarding this question of law, this court may, *sua sponte* or upon the motion of any party, certify the question of law to the highest court of such state.

*(k)* Where this court certifies any question of law as provided in the previous subsection, the procedure to be followed shall be as provided by the relevant laws of the state in question.

*(l)* As provided by subsection (i) of this rule, the opinion issued by this court shall be translated to English by the Department of Translations of the Supreme Court, as provided by § 501 and 506 of this title. The costs of translation shall be divided equally among the parties to the original suit, unless the petitioning court decides otherwise. The costs of any certification effected by this court to the court of another state, as provided by subsection (j) of this rule, shall be divided equally among the parties before this court, unless, in the interest of fairness, this court decides otherwise.

Laws of Puerto Rico Annotated
Copyright;
© 2018 by the Secretary of State of Puerto Rico and LEXISNEXIS of Puerto Rico, Inc.
 All rights reserved.

---

**End of Document**

"I, Jason Schrier, USCCI # 10-067, certify that the forgoing is a true and accurate translation to the best of my abilities, of the document in Spanish which I have seen."

City of Seattle, State of Washington, County of King

I, Jason Schrier, am an interpreter and translator hired by TransPerfect, a translation services company that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking (Spanish) for 25 years. I have been practicing Spanish to English translation for 10 years and hold a translation certificate from New York University. I am also certified by the Administrative Office of United States Courts, and my certification number is 10-067.

The following document is, to the best of my knowledge and belief a true and accurate translation from Spanish into English of the documented entitled:

"4 A.L.P.R.A. Ap. XXI-B_Regla 25"

*Jason R. Schrier*
Jason R. Schrier

March 28, 2018


State of Washington
County of King

I certify that I know or have satisfactory evidence that ___Jason R. Schrier___ is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: __March 28th 2018__
Month/Day/Year

_____
Signature of Authorizing Officer

__Notary Public__
Title (Such as "Notary Public")

ADRIANA RAMiREZ
Notary Public
State of Washington
My Appointment Expires
Mar 15, 2021

Place Notary Seal and/or Stamp Above    My appointment expires: __03/15/2021__