# Exhibit 2

| 82d CONGRESS<br>*2d Session* | HOUSE OF REPRESENTATIVES | DOCUMENT<br>No. 435 |
|---|---|---|

## CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO,
ADOPTED BY THE PEOPLE OF PUERTO RICO ON MARCH 3, 1952

APRIL 22, 1952.—Referred to the Committee on Interior and Insular Affairs and
ordered to be printed

*To the Congress of the United States:*

I am transmitting to the Congress for approval the Constitution of the Commonwealth of Puerto Rico, adopted by the people of Puerto Rico on March 3, 1952.

The constitution has been submitted to me pursuant to the act of July 3, 1950 (64 Stat. 319 (48 U. S. C., Supp. IV, 731b–731e)). This act authorizes me, upon adoption of a constitution by the people of Puerto Rico, to transmit the constitution to the Congress if I find that it conforms with the applicable provisions of the act and of the Constitution of the United States. I do find and declare that the Constitution of the Commonwealth of Puerto Rico conforms with the applicable provisions of the act of July 3, 1950, and of our own Constitution.

Fully recognizing the principle of government by consent, the act of July 3, 1950, authorized the people of Puerto Rico to organize a republican form of government pursuant to a constitution of their own choosing. The act was adopted by the Congress of the United States "in the nature of a compact." By its own terms, the act could become effective only when accepted by the people of Puerto Rico in a referendum.

On June 4, 1951, the people of Puerto Rico voted by a large majority to accept the act of July 3. 1950, thereby reaffirming their union with

Case:17-03283-LTS   Doc#:4785-2   Filed:01/14/19   Entered:01/14/19 21:42:38   Desc:
Exhibit 2   Page 3 of 22

the United States on the terms proposed by the Congress.   Following the referendum, the voters of Puerto Rico elected delegates to a constitutional convention.   The convention convened in San Juan on September 17, 1951, and concluded its deliberations on February 6, 1952.

The constitution approved by the constitutional convention was submitted to the people of Puerto Rico in a referendum on March 3, 1952.   It was adopted by an overwhelming majority.

In the course of its studies and deliberations, the constitutional convention made a careful analysis of the constitutions of each of the States of the Union, as well as that of the Federal Government.   As a result, the Constitution of the Commonwealth of Puerto Rico contains many provisions which are common to constitutions which have been adopted by the States, as well as other provisions which are designed primarily to meet local problems.

The constitution establishes the government of the Commonwealth of Puerto Rico with three coordinate branches of government: legislative, executive, and judicial.   The city of San Juan is designated as the seat of government.

The legislative power of the Commonwealth of Puerto Rico is vested in the legislative assembly, consisting of a senate composed of 27 members and a house of representatives composed of 51 members. Members of the senate and the house of representatives are to be elected by direct vote at each general election for a term of 4 years. Both United States and Puerto Rican citizenship are requisites for election to legislative office.

Under the constitution the executive power of the Commonwealth of Puerto Rico is vested in a Governor, to be elected by direct vote in each general election for a term of 4 years.   To be eligible for election as Governor, a person must be at least 35 years of age and must have been, during the 5 years preceding the date of election, a citizen of the United States and a citizen and bona fide resident of Puerto Rico.   The Governor is vested with the powers usually lodged in a chief executive under our form of government, including the right to veto bills enacted by the legislative assembly.   The legislative assembly may override the Governor's veto by a vote of two-thirds of the total number of members of which each house is composed.

The judicial power of Puerto Rico is vested in a supreme court, and in such other courts as may be established by law.   The supreme court is designated as the court of last resort in Puerto Rico and is to be composed of a chief justice and four associate justices.   The justices of the supreme court are to be appointed by the Governor, with the advice and consent of the senate of Puerto Rico, and are to hold office during good behavior.   Justices now serving on the supreme court, who have been appointed by the President of the United States, are to continue to hold office during good behavior.

The constitutional convention gave careful consideration to the objective of ensuring an independent judiciary.   It limited the number of justices of the supreme court to five members and expressly provided that the number cannot be increased except by direct request of the supreme court itself.   Independence of the judiciary is further advanced by the provision of the constitution placing responsibility for administration of the entire judicial system in the chief justice of the supreme court, who is appointed for life and removable by impeachment only.

Case:17-03283-LTS Doc#:4785-2 Filed:01/14/19 Entered:01/14/19 21:42:38 Desc: Exhibit 2 Page 4 of 22

The new constitution contains a bill of rights which corresponds with the highest ideals of human dignity, equality, and freedom. The bill of rights includes provisions which are similar to our own basic constitutional guaranties. In addition, it contains express provisions regarding public education, conditions of labor, and the protection of private property. The bill of rights also recognizes the existence of certain human rights, but acknowledges that their full enjoyment depends upon an agricultural and industrial development not yet attained by the Puerto Rican community.

Amendments to the constitution may be proposed by a concurrent resolution approved by not less than two-thirds of the total membership of each house of the legislative assembly. The amendments must be adopted by a majority of the qualified electors either in a general election or in a special referendum.

The act of July 3, 1950, was the last of a series of enactments through which the United States has provided ever-increasing self-government in Puerto Rico.

The Treaty of Paris, which ceded Puerto Rico to the United States, was ratified and proclaimed 53 years ago. After a brief period of military government, the Congress in 1900 adopted the first Organic Act of Puerto Rico, known as the Foraker Act, which established a civil government for the island. By making provision for a popularly elected lower house of the legislative assembly, called the house of delegates, the Foraker Act extended some measure of local self-government to Puerto Rico. Preponderant control of the local government of Puerto Rico was retained by the United States, however, by virtue of the President's authority under the act to appoint the Governor, the heads of the executive departments, the justices of the supreme court, and the 11 members of the executive council of Puerto Rico.

The present Organic Act of Puerto Rico, enacted on March 2, 1917, provided a substantial advance in local self-government for Puerto Rico. By creating the Legislature of Puerto Rico, composed of a popularly elected senate and house of representatives, it gave the people direct control over the legislative branch of the government. Concurrently the executive council created by the Foraker Act was divested of its legislative functions. An opportunity for greater participation in the formulation of executive policies was provided the people of Puerto Rico by authorizing the Governor, with the advice and consent of the insular senate, to appoint the heads of the executive departments, except the attorney general and the commissioner of education. Authority to appoint the Governor, the attorney general, the commissioner of education, the auditor, and the justices of the Supreme Court of Puerto Rico was reserved to the President of the United States. The act granted full United States citizenship to the people of Puerto Rico and gave them a bill of rights. It also authorized them to elect a representative to the Congress, accredited to the House of Representatives.

In 1946 I appointed the first native of Puerto Rico as Governor, Jesús T. Piñero.

By the act of August 5, 1947, the people of Puerto Rico were authorized to elect their own Governor. This act also provided that the heads of all executive departments of Puerto Rico were to be appointed by the elected Governor of Puerto Rico, including the

**4**   CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

attorney general and the commissioner of education. As a result of the act, therefore, the people of Puerto Rico assumed direct responsibility and control over the executive branch of the local government. The President of the United States still retained authority to appoint the auditor and the justices of the Supreme Court of Puerto Rico, but even this authority will be relinquished upon approval of the Constitution of the Commonwealth of Puerto Rico.

Through the act of July 3, 1950, providing for the establishment of a constitutional government in Puerto Rico, the United States gives evidence once more of its adherence to the principle of self-determination and its devotion to the ideals of freedom and democracy. The people of Puerto Rico have accepted the law as enacted by the Congress. They have complied with its requirements and have submitted their constitution for the approval of the Congress. With its approval, full authority and responsibility for local self-government will be vested in the people of Puerto Rico. The Commonwealth of Puerto Rico will be a government which is truly by the consent of the governed. No government can be invested with a higher dignity and greater worth than one based upon the principle of consent.

The people of the United States and the people of Puerto Rico are entering into a new relationship that will serve as an inspiration to all who love freedom and hate tyranny. We are giving new substance to man's hope for a world with liberty and equality under law. Those who truly love freedom know that the right relationship between a government and its people is one based on mutual consent and esteem.

The Constitution of the Commonwealth of Puerto Rico is a proud document that embodies the best of our democratic heritage. I recommend its early approval by the Congress.

HARRY S. TRUMAN.

THE WHITE HOUSE, *April 22, 1952.*

---

## CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

We, the people of Puerto Rico, in order to organize ourselves politically on a fully democratic basis, to promote the general welfare, and to secure for ourselves and our posterity the complete enjoyment of human rights, placing our trust in Almighty God, do ordain and establish this Constitution for the commonwealth which, in the exercise of our natural rights, we now create within our union with the United States of America.

In so doing, we declare:

The democratic system is fundamental to the life of the Puerto Rican community;

We understand that the democratic system of government is one in which the will of the people is the source of public power, the political order is subordinate to the rights of man, and the free participation of the citizen in collective decisions is assured;

We consider as determining factors in our life our citizenship of the United States of America and our aspiration continually to enrich our democratic heritage in the individual and

collective enjoyment of its rights and privileges; our loyalty to the principles of the Federal Constitution; the coexistence in Puerto Rico of the two great cultures of the American Hemisphere; our fervor for education; our faith in justice; our devotion to the courageous, industrious, and peaceful way of life; our fidelity to individual human values above and beyond social position, racial differences, and economic interests; and our hope for a better world based on these principles.

## ARTICLE I

### THE COMMONWEALTH

SECTION 1.—The Commonwealth of Puerto Rico is hereby constituted. Its political power emanates from the people and shall be exercised in accordance with their will, within the terms of the compact agreed upon between the people of Puerto Rico and the United States of America.

SECTION 2.—The government of the Commonwealth of Puerto Rico shall be republican in form and its legislative, judicial and executive branches as established by this Constitution shall be equally subordinate to the sovereignty of the people of Puerto Rico.

SECTION 3.—The political authority of the Commonwealth of Puerto Rico shall extend to the Island of Puerto Rico and to the adjacent islands within its jurisdiction.

SECTION 4.—The seat of the government shall be the city of San Juan.

## ARTICLE II

### BILL OF RIGHTS

SECTION 1.—The dignity of the human being is inviolable. All men are equal before the law. No discrimination shall be made on account of race, color, sex, birth, social origin or condition, or political or religious ideas. Both the laws and the system of public education shall embody these principles of essential human equality.

SECTION 2.—The laws shall guarantee the expression of the will of the people by means of equal, direct and secret universal suffrage and shall protect the citizen against any coercion in the exercise of the electoral franchise.

SECTION 3.—No law shall be made respecting an establishment of religion or prohibiting the free exercise thereof. There shall be complete separation of church and state.

SECTION 4.—No law shall be made abridging the freedom of speech or of the press, or the right of the people peaceably to assemble and to petition the government for a redress of grievances.

SECTION 5.—Every person has the right to an education which shall be directed to the full development of the human personality and to the strengthening of respect for human rights and fundamental freedoms. There shall be a system of free and wholly non-sectarian public education. Instruction in the elementary and secondary schools shall be free and shall be compulsory in the elementary schools to the extent permitted by the facilities of the state. No public property or public funds shall be used for the support of schools, or educational institutions other than those of the state. Nothing con-

tained in this provision shall prevent the state from furnishing to any child non-educational services established by law for the protection or welfare of children.

SECTION 6.—Persons may join with each other and organize freely for any lawful purpose, except in military or quasi-military organizations.

SECTION 7.—The right to life, liberty and the enjoyment of property is recognized as a fundamental right of man. The death penalty shall not exist. No person shall be deprived of his liberty or property without due process of law. No person in Puerto Rico shall be denied the equal protection of the laws. No laws impairing the obligation of contracts shall be enacted. A minimum amount of property and possessions shall be exempt from attachment as provided by law.

SECTION 8.—Every person has the right to the protection of law against abusive attacks on his honor, reputation and private or family life.

SECTION 9.—Private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law. No law shall be enacted authorizing condemnation of printing presses, machinery or material devoted to publications of any kind. The buildings in which these objects are located may be condemned only after a judicial finding of public convenience and necessity pursuant to procedure that shall be provided by law, and may be taken before such a judicial finding only when there is placed at the disposition of the publication an adequate site in which it can be installed and continue to operate for a reasonable time.

SECTION 10.—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated.

Wire-tapping is prohibited.

No warrant for arrest or search and seizure shall issue except by judicial authority and only upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons to be arrested or the things to be seized.

Evidence obtained in violation of this section shall be inadmissible in the courts.

SECTION 11.—In all criminal prosecutions, the accused shall enjoy the right to have a speedy and public trial, to be informed of the nature and cause of the accusation and to have a copy thereof, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, to have assistance of counsel, and to be presumed innocent.

In all prosecutions for a felony the accused shall have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine.

No person shall be compelled in any criminal case to be a witness against himself and the failure of the accused to testify may be neither taken into consideration nor commented upon against him.

No person shall be twice put in jeopardy of punishment for the same offense.

CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO    **7**

Before conviction every accused shall be entitled to be admitted to bail.

Incarceration prior to trial shall not exceed six months nor shall bail or fines be excessive.   No person shall be imprisoned for debt.

SECTION 12.—Neither slavery nor involuntary servitude shall exist except in the latter case as a punishment for crime after the accused has been duly convicted.   Cruel and unusual punishments shall not be inflicted.   Suspension of civil rights including the right to vote shall cease upon service of the term of imprisonment imposed.

No *ex post facto* law or bill of attainder shall be passed.

SECTION 13.—The writ of *habeas corpus* shall be granted without delay and free of costs.   The privilege of the writ of *habeas corpus* shall not be suspended, unless the public safety requires it in case of rebellion, insurrection or invasion.   Only the Legislative Assembly shall have the power to suspend the privilege of the writ of *habeas corpus* and the laws regulating its issuance.

The military authority shall always be subordinate to civil authority.

SECTION 14.—No titles of nobility or other hereditary honors shall be granted.   No officer or employee of the Commonwealth shall accept gifts, donations, decorations or offices from any foreign country or officer without prior authorization by the Legislative Assembly.

SECTION 15.—The employment of children less than fourteen years of age in any occupation which is prejudicial to their health or morals or which places them in jeopardy of life or limb is prohibited.

No child less than sixteen years of age shall be kept in custody in a jail or penitentiary.

SECTION 16.—The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection against risks to his health or person in his work or employment, and to an ordinary workday which shall not exceed eight hours.   An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed.

SECTION 17.—Persons employed by private businesses, enterprises and individual employers and by agencies or instrumentalities of the government operating as private businesses or enterprises, shall have the right to organize and to bargain collectively with their employers through representatives of their own free choosing in order to promote their welfare.

SECTION 18.—In order to assure their right to organize and to bargain collectively, persons employed by private businesses, enterprises and individual employers and by agencies or instrumentalities of the government operating as private businesses or enterprises, in their direct relations with their own employers shall have the right to strike, to picket and to engage in other legal concerted activities.

Nothing herein contained shall impair the authority of the Legislative Assembly to enact laws to deal with grave emergencies that clearly imperil the public health or safety or essential public services.

SECTION 19.—The foregoing enumeration of rights shall not be construed restrictively nor does it contemplate the exclusion of other rights not specifically mentioned which belong to the people in a democracy.   The power of the Legislative Assembly to enact laws for

**8**      CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

the protection of the life, health and general welfare of the people shall likewise not be construed restrictively.

SECTION 20.—The Commonwealth also recognizes the existence of the following human rights:

The right of every person to receive free elementary and secondary education.

The right of every person to obtain work.

The right of every person to a standard of living adequate for the health and well-being of himself and of his family, and especially to food, clothing, housing and medical care and necessary social services.

The right of every person to social protection in the event of unemployment, sickness, old age or disability.

The right of motherhood and childhood to special care and assistance.

The rights set forth in this section are closely connected with the progressive development of the economy of the Commonwealth and require, for their full effectiveness, sufficient resources and an agricultural and industrial development not yet attained by the Puerto Rican community.

In the light of their duty to achieve the full liberty of the citizen, the people and the government of Puerto Rico shall do everything in their power to promote the greatest possible expansion of the system of production, to assure the fairest distribution of economic output, and to obtain the maximum understanding between individual initiative and collective cooperation. The executive and judicial branches shall bear in mind this duty and shall construe the laws that tend to fulfill it in the most favorable manner possible.

ARTICLE III

THE LEGISLATURE

SECTION 1.—The legislative power shall be vested in a Legislative Assembly, which shall consist of two houses, the Senate and the House of Representatives, whose members shall be elected by direct vote at each general election.

SECTION 2.—The Senate shall be composed of twenty-seven Senators and the House of Representatives of fifty-one Representatives, except as these numbers may be increased in accordance with the provisions of Section 7 of this Article.

SECTION 3.—For the purpose of election of members of the Legislative Assembly, Puerto Rico shall be divided into eight senatorial districts and forty representative districts. Each senatorial district shall elect two Senators and each representative district one Representative.

There shall also be eleven Senators and eleven Representatives elected at large. No elector may vote for more than one candidate for Senator at Large or for more than one candidate for Representative at Large.

SECTION 4.—In the first and subsequent elections under this Constitution the division of senatorial and representative districts as provided in Article VIII shall be in effect. After each decennial census beginning with the year 1960, said division shall be revised by a Board composed of the Chief Justice of the Supreme Court as

Chairman and of two additional members appointed by the Governor with the advice and consent of the Senate. The two additional members shall not belong to the same political party. Any revision shall maintain the number of senatorial and representative districts here created, which shall be composed of contiguous and compact territory and shall be organized, insofar as practicable, upon the basis of population and means of communication. Each senatorial district shall always include five representative districts.

The decisions of the Board shall be made by majority vote and shall take effect in the general elections next following each revision. The Board shall cease to exist after the completion of each revision.

SECTION 5.—No person shall be a member of the Legislative Assembly unless he is able to read and write the Spanish or English language and unless he is a citizen of the United States and of Puerto Rico and has resided in Puerto Rico at least two years immediately prior to the date of his election or appointment. No person shall be a member of the Senate who is not over thirty years of age, and no person shall be a member of the House of Representatives who is not over twenty-five years of age.

SECTION 6.—No person shall be eligible to election or appointment as Senator or Representative for a district unless he has resided therein at least one year immediately prior to his election or appointment. When there is more than one representative district in a municipality, residence in the municipality shall satisfy this requirement.

SECTION 7.—If in a general election more than two-thirds of the members of either house are elected from one political party or from a single ticket, as both are defined by law, the number of members shall be increased in the following cases:

(a) If the party or ticket which elected more than two-thirds of the members of either or both houses shall have obtained less than two-thirds of the total number of votes cast for the office of Governor, the number of members of the Senate or of the House of Representatives or of both bodies, whichever may be the case, shall be increased by declaring elected a sufficient number of candidates of the minority party or parties to bring the total number of members of the minority party or parties to nine in the Senate and to seventeen in the House of Representatives. When there is more than one minority party, said additional members shall be declared elected from among the candidates of each minority party in the proportion that the number of votes cast for the candidate of each of said parties for the office of Governor bears to the total number of votes cast for the candidates of all the minority parties for the office of Governor.

When one or more minority parties shall have obtained representation in a proportion equal to or greater than the proportion of votes received by their respective candidates for Governor, such party or parties shall not be entitled to additional members until the representation established for each of the other minority parties under these provisions shall have been completed.

(b) If the party or ticket which elected more than two-thirds of the members of either or both houses shall have obtained more than two-thirds of the total number of votes cast for the office of Governor, and one or more minority parties shall not have elected the number of members in the Senate or in the House of Representatives or in both houses, whichever may be the case, which corre-

10 CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

sponds to the proportion of votes cast by each of them for the office of Governor, such additional number of their candidates shall be declared elected as is necessary in order to complete said proportion as nearly as possible, but the number of Senators of all the minority parties shall never, under this provision, be more than nine or that of Representatives more than seventeen.

In order to select additional members of the Legislative Assembly from a minority party in accordance with these provisions, its candidates at large who have not been elected shall be the first to be declared elected in the order of the votes that they have obtained, and thereafter its district candidates who, not having been elected, have obtained in their respective districts the highest proportion of the total number of votes cast as compared to the proportion of votes cast in favor of other candidates of the same party not elected to an equal office in the other districts.

The additional Senators and Representatives whose election is declared under this section shall be considered for all purposes as Senators at Large or Representatives at Large.

The measures necessary to implement these guarantees, the method of adjudicating fractions that may result from the application of the rules contained in this section, and the minimum number of votes that a minority party must cast in favor of its candidate for Governor in order to have the right to the representation provided herein shall be determined by the Legislative Assembly.

SECTION 8.—The term of office of Senators and Representative shall begin on the second day of January immediately following the date of the general election in which they shall have been elected. If, prior to the fifteen months immediately preceding the date of the next general election, a vacancy occurs in the office of Senator or Representative for a district, the Governor shall call a special election in said district within thirty days following the date on which the vacancy occurs. This election shall be held not later than ninety days after the call, and the person elected shall hold office for the rest of the unexpired term of his predecessor. When said vacancy occurs during a legislative session, or when the Legislative Assembly or the Senate has been called for a date prior to the certification of the results of the special election, the presiding officer of the appropriate house shall fill said vacancy by appointing the person recommended by the central committee of the political party of which his predecessor in office was a member. Such person shall hold the office until certification of the election of the candidate who was elected. When the vacancy occurs within fifteen months prior to a general election, or when it occurs in the office of a Senator at Large or a Representative at Large, the presiding officer of the appropriate house shall fill it, upon the recommendation of the political party of which the previous holder of the office was a member, by appointing a person selected in the same manner as that in which his predecessor was selected. A vacancy in the office of a Senator at Large or a Representative at Large elected as an independent candidate shall be filled by an election in all districts.

SECTION 9.—Each house shall be the sole judge of the election, returns and qualifications of its members; shall choose its own officers; shall adopt rules for its own proceedings appropriate to legislative bodies; and, with the concurrence of three-fourths of the total number

of members of which it is composed, may expel any member for the causes established in Section 21 of this Article, authorizing impeachments. The Senate shall elect a President and the House of Representatives a Speaker from among their respective members.

SECTION 10.—The Legislative Assembly shall be deemed a continuous body during the term for which its members are elected and shall meet in regular session each year commencing on the second Monday in January. The duration of regular sessions and the periods of time for introduction and consideration of bills shall be prescribed by law. When the Governor calls the Legislative Assembly into special session it may consider only those matters specified in the call or in any special message sent to it by him during the session. No special session shall continue longer than twenty calendar days.

SECTION 11.—The sessions of each house shall be open.

SECTION 12.—A majority of the total number of members of which each house is composed shall constitute a quorum, but a smaller number may adjourn from day to day and shall have authority to compel the attendance of absent members.

SECTION 13.—The two houses shall meet in the Capitol of Puerto Rico and neither of them may adjourn for more than three consecutive days without the consent of the other.

SECTION 14.—No member of the Legislative Assembly shall be arrested while the house of which he is a member is in session, or during the fifteen days before or after such session, except for treason, felony or breach of the peace. The members of the Legislative Assembly shall not be questioned in any other place for any speech, debate or vote in either house or in any committee.

SECTION 15.—No Senator or Representative may, during the term for which he was elected or chosen, be appointed to any civil office in the Government of Puerto Rico, its municipalities or instrumentalities, which shall have been created or the salary of which shall have been increased during said term. No person may hold office in the Government of Puerto Rico, its municipalities or instrumentalties and be a Senator or Representative at the same time. These provisions shall not prevent a member of the Legislative Assembly from being designated to perform functions *ad honorem*.

SECTION 16.—The Legislative Assembly shall have the power to create, consolidate or reorganize executive departments and to define their functions.

SECTION 17.—No bill shall become a law unless it has been printed, read, referred to a committee and returned therefrom with a written report, but either house may discharge a committee from the study and report of any bill and proceed to the consideration thereof. Each house shall keep a journal of its proceedings and of the votes cast for and against bills. The legislative proceedings shall be published in a daily record in the form determined by law. Every bill, except general appropriation bills, shall be confined to one subject, which shall be clearly expressed in its title, and any part of an act whose subject has not been expressed in the title shall be void. The general appropriation act shall contain only appropriations and rules for their disbursement. No bill shall be amended in a manner that changes its original purpose or incorporates matters extraneous to it. In amending any article or section of a law, said article or section shall be promulgated in its entirety as amended. All bills for raising revenue shall

**12** CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

originate in the House of Representatives, but the Senate may propose or concur with amendments as on other bills.

SECTION 18.—The subjects which may be dealt with by means of joint resolution shall be determined by law, but every joint resolution shall follow the same legislative process as that of a bill.

SECTION 19.—Every bill which is approved by a majority of the total number of members of which each house is composed shall be submitted to the Governor and shall become law if he signs it or if he does not return it, with his objections, to the house in which it originated within ten days (Sundays excepted) counting from the date on which he shall have received it.

. When the Governor returns a bill, the house that receives it shall enter his objections on its journal and both houses may reconsider it. If approved by two-thirds of the total number of members of which each house is composed, said bill shall become law.

If the Legislative Assembly adjourns *sine die* before the Governor has acted on a bill that has been presented to him less than ten days before, he is relieved of the obligation of returning it with his objections and the bill shall become law only if the Governor signs it within thirty days after receiving it.

Every final passage or reconsideration of a bill shall be by a roll-call vote.

SECTION 20.—In approving any appropriation bill that contains more than one item, the Governor may eliminate one or more of such items or reduce their amounts, at the same time reducing the total amounts involved.

SECTION 21.—-The House of Representatives shall have exclusive power to initiate impeachment proceedings and, with the concurrence of two-thirds of the total number of members of which it is composed, to bring an indictment. The Senate shall have exclusive power to try and to decide impeachment cases, and in meeting for such purposes the Senators shall act in the name of the people and under oath or affirmation. No judgment of conviction in an impeachment trial shall be pronounced without the concurrence of three-fourths of the total number of members of which the Senate is composed, and the judgment shall be limited to removal from office. The person impeached, however, may be liable and subject to indictment, trial, judgment and punishment according to law. The causes of impeachment shall be treason, bribery, other felonies, and misdemeanors involving moral turpitude. The Chief Justice of the Supreme Court shall preside at the impeachment trial of the Governor.

The two houses may conduct impeachment proceedings in their regular or special sessions. The presiding officers of the two houses, upon written request of two-thirds of the total number of members of which the House of Representatives is composed, must convene them to deal with such proceedings.

SECTION 22.—The Governor shall appoint a Controller with the advice and consent of a majority of the total number of members of which each house is composed. The Controller shall meet the requirements prescribed by law and shall hold office for a term of ten years and until his successor has been appointed and qualifies. The Controller shall audit all the revenues, accounts and expenditures of the Commonwealth, of its agencies and instrumentalities and of its municipalities, in order to determine whether they have been made in

CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO   13

accordance with law.   He shall render annual reports and any special reports that may be required of him by the Legislative Assembly or by the Governor.

In the performance of his duties the Controller shall be authorized to administer oaths, take evidence and compel, under pain of contempt, the attendance of witnesses and the production of books, letters, documents, papers, records and all other articles deemed essential to a full understanding of the matter under investigation.

The Controller may be removed for the causes and pursuant to the procedure established in the preceding section.

## ARTICLE IV

### THE EXECUTIVE

SECTION 1.—The executive power shall be vested in a Governor, who shall be elected by direct vote in each general election.

SECTION 2.—The Governor shall hold office for the term of four years from the second day of January of the year following his election and until his successor has been elected and qualifies.   He shall reside in Puerto Rico and maintain his office in its capital city.

SECTION 3.—No person shall be Governor unless, on the date of the election, he is at least thirty-five years of age, and is and has been during the preceding five years a citizen of the United States and a citizen and *bona fide* resident of Puerto Rico.

SECTION 4.—The Governor shall execute the laws and cause them to be executed.

He shall call the Legislative Assembly or the Senate into special session when in his judgment the public interest so requires.

He shall appoint, in the manner prescribed by this Constitution or by law, all officers whose appointment he is authorized to make. He shall have the power to make appointments while the Legislative Assembly is not in session.   Any such appointments that require the advice and consent of the Senate or of both houses shall expire at the end of the next regular session.

He shall be the commander-in-chief of the militia.

He shall have the power to call out the militia and summon the *posse comitatus* in order to prevent or suppress rebellion, invasion or any serious disturbance of the public peace.

He shall have the power to proclaim martial law when the public safety requires it in case of rebellion or invasion or imminent danger thereof.   The Legislative Assembly shall meet forthwith on their own initiative to ratify or revoke the proclamation.

He shall have the power to suspend the execution of sentences in criminal cases and to grant pardons, commutations of punishment, and total or partial remissions of fines and forfeitures for crimes committed in violation of the laws of Puerto Rico.   This power shall not extend to cases of impeachment.

He shall approve or disapprove in accordance with this Constitution the joint resolutions and bills passed by the Legislative Assembly.

He shall present to the Legislative Assembly, at the beginning of each regular session, a message concerning the affairs of the Commonwealth and a report concerning the state of the Treasury of Puerto Rico and the proposed expenditures for the ensuing fiscal year.   Said

**14**   CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

report shall contain the information necessary for the formulation of a program of legislation.

He shall exercise the other powers and functions and discharge the other duties assigned to him by this Constitution or by law.

SECTION 5.—For the purpose of exercising executive power, the Governor shall be assisted by Secretaries whom he shall appoint with the advice and consent of the Senate. The appointment of the Secretary of State shall in addition require the advice and consent of the House of Representatives, and the person appointed shall fulfill the requirements established in Section 3 of this Article. The Secretaries shall collectively constitute the Governor's advisory council, which shall be designated as the Council of Secretaries.

SECTION 6.—Without prejudice to the power of the Legislative Assembly to create, reorganize and consolidate executive departments and to define their functions, the following departments are hereby established: State, Justice, Education, Health, Treasury, Labor, Agriculture and Commerce, and Public Works. Each of these executive departments shall be headed by a Secretary.

SECTION 7.—When a vacancy occurs in the office of Governor, caused by death, resignation, removal, total and permanent incapacity, or any other absolute disability, said office shall devolve upon the Secretary of State, who shall hold it for the rest of the term and until a new Governor has been elected and qualifies. In the event that vacancies exist at the same time in both the office of Governor and that of Secretary of State, the law shall provide which of the Secretaries shall serve as Governor.

SECTION 8.—When for any reason the Governor is temporarily unable to perform his functions, the Secretary of State shall substitute for him during the period he is unable to serve. If for any reason the Secretary of State is not available, the Secretary determined by law shall temporarily hold the office of Governor.

SECTION 9.—If the Governor-elect shall not have qualified, or if he has qualified and a permanent vacancy occurs in the office of Governor before he shall have appointed a Secretary of State, or before said Secretary, having been appointed, shall have qualified, the Legislative Assembly just elected, upon convening for its first regular session, shall elect, by a majority of the total number of members of which each house is composed, a Governor who shall hold office until his successor is elected in the next general election and qualifies.

SECTION 10.—The Governor may be removed for the causes and pursuant to the procedure established in Section 21 of Article III of this Constitution.

### ARTICLE V

#### THE JUDICIARY

SECTION 1.—The judicial power of Puerto Rico shall be vested in a Supreme Court, and in such other courts as may be established by law.

SECTION 2.—The courts of Puerto Rico shall constitute a unified judicial system for purposes of jurisdiction, operation and administration. The Legislative Assembly may create and abolish courts, except for the Supreme Court, in a manner not inconsistent with

this Constitution, and shall determine the venue and organization of the courts.

SECTION 3.—The Supreme Court shall be the court of last resort in Puerto Rico and shall be composed of a Chief Justice and four Associate Justices. The number of Justices may be changed only by law upon request of the Supreme Court.

SECTION 4.—The Supreme Court shall sit, in accordance with rules adopted by it, as a full court or in divisions. All the decisions of the Supreme Court shall be concurred in by a majority of its members. No law shall be held unconstitutional except by a majority of the total number of Justices of which the Court is composed in accordance with this Constitution or with law.

SECTION 5.—The Supreme Court, any of its divisions, or any of its Justices may hear in the first instance petitions for *habeas corpus* and any other causes and proceedings as determined by law.

SECTION 6.—The Supreme Court shall adopt for the courts rules of evidence and of civil and criminal procedure which shall not abridge, enlarge or modify the substantive rights of the parties. The rules thus adopted shall be submitted to the Legislative Assembly at the beginning of its next regular session and shall not go into effect until sixty days after the close of said session, unless disapproved by the Legislative Assembly, which shall have the power both at said session and subsequently to amend, repeal or supplement any of said rules by a specific law to that effect.

SECTION 7.—The Supreme Court shall adopt rules for the administration of the courts. These rules shall be subject to the laws concerning procurement, personnel, audit and appropriation of funds, and other laws which apply generally to all branches of the government. The Chief Justice shall direct the administration of the courts and shall appoint an administrative director who shall hold office at the will of the Chief Justice.

SECTION 8.—Judges shall be appointed by the Governor with the advice and consent of the Senate. Justices of the Supreme Court shall not assume office until after confirmation by the Senate and shall hold their offices during good behavior. The terms of office of the other judges shall be fixed by law and shall not be less than that fixed for the term of office of a judge of the same or equivalent category existing when this Constitution takes effect. The other officials and employees of the courts shall be appointed in the manner provided by law.

SECTION 9.—No person shall be appointed a Justice of the Supreme Court unless he is a citizen of the United States and of Puerto Rico, shall have been admitted to the practice of law in Puerto Rico at least ten years prior to his appointment, and shall have resided in Puerto Rico at least five years immediately prior thereto.

SECTION 10.—The Legislative Assembly shall establish a retirement system for judges. Retirement shall be compulsory at the age of seventy years.

SECTION 11.—Justices of the Supreme Court may be removed for the causes and pursuant to the procedure established in Section 21 of Article III of this Constitution. Judges of the other courts may be removed by the Supreme Court for the causes and pursuant to the procedure provided by law.

SECTION 12.—No judge shall make a direct or indirect financial contribution to any political organization or party, or hold any

**16**   **CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO**

executive office therein, or participate in a political campaign of any kind, or be a candidate for an elective public office unless he has resigned his judicial office at least six months prior to his nomination.

SECTION 13.—In the event that a court or any of its divisions or sections is changed or abolished by law, the person holding a post of judge therein shall continue to hold it during the rest of the term for which he was appointed and shall perform the judicial functions assigned to him by the Chief Justice of the Supreme Court.

## ARTICLE VI

### GENERAL PROVISIONS

SECTION 1.—The Legislative Assembly shall have the power to create, abolish, consolidate and reorganize municipalities; to change their territorial limits; to determine their organization and functions; and to authorize them to develop programs for the general welfare and to create any agencies necessary for that purpose.

No law abolishing or consolidating municipalities shall take effect until ratified in a referendum by a majority of the qualified electors voting in said referendum in each of the municipalities to be abolished or consolidated.   The referendum shall be conducted in the manner determined by law, which shall include the applicable procedures of the election laws in effect when the referendum law is approved.

SECTION 2.—The power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended.   The power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as determined by the Legislative Assembly.

SECTION 3.—The rule of taxation in Puerto Rico shall be uniform.

SECTION 4.—General elections shall be held every four years on the day of November determined by the Legislative Assembly.   In said elections there shall be elected a Governor, the members of the Legislative Assembly, and the other officials whose election on that date is provided for by law.

Every person over twenty-one years of age shall be entitled to vote if he fulfills the other conditions determined by law.   No person shall be deprived of the right to vote because he does not know how to read or write or does not own property.

All matters concerning the electoral process, registration of voters, political parties and candidates shall be determined by law.

Every popularly elected official shall be elected by direct vote and any candidate who receives more votes than any other candidate for the same office shall be declared elected.

SECTION 5.—The laws shall be promulgated in accordance with the procedure prescribed by law and shall specify the terms under which they shall take effect.

SECTION 6.—If at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and

CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO **17**

purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made.

SECTION 7.—The appropriations made for any fiscal year shall not exceed the total revenues, including available surplus, estimated for said fiscal year unless the imposition of taxes sufficient to cover said appropriations is provided by law.

SECTION 8.—In case the available revenues including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law.

SECTION 9.—Public property and funds shall only be disposed of for public purposes, for the support and operation of state institutions, and pursuant to law.

SECTION 10.—No law shall give extra compensation to any public officer, employee, agent or contractor after services shall have been rendered or contract made. No law shall extend the term of any public officer or diminish his salary or emoluments after his election or appointment. No person shall draw a salary for more than one office or position in the government of Puerto Rico.

SECTION 11.—The salaries of the Governor, the Secretaries, the members of the Legislative Assembly, the Controller and Judges shall be fixed by a special law and, except for the salaries of the members of the Legislative Assembly, shall not be decreased during the terms for which they are elected or appointed. The salaries of the Governor and the Controller shall not be increased during said terms. No increase in the salaries of the members of the Legislative Assembly shall take effect until after the expiration of the term of the Legislative Assembly during which it is enacted. Any reduction of the salaries of the members of the Legislative Assembly shall be effective only during the term of the Legislative Assembly which approves it.

SECTION 12.—The Governor shall occupy and use, free of rent, the buildings and properties belonging to the Commonwealth which have been or shall hereafter be used and occupied by him as chief executive.

SECTION 13.—The procedure for granting franchises, rights, privileges and concessions of a public or quasi-public nature shall be determined by law, but every concession of this kind to a person or private entity must be approved by the Governor or by the executive official whom he designates. Every franchise, right, privilege or concession of a public or quasi-public nature shall be subject to amendment, alteration or repeal as determined by law.

SECTION 14.—No corporation shall be authorized to conduct the business of buying and selling real estate or be permitted to hold or own real estate except such as may be reasonably necessary to enable it to carry out the purposes for which it was created, and every corporation authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed five hundred acres of land; and this provision shall be held to prevent any member of a corporation engaged in agriculture from being in any wise interested in any other corporation engaged in agriculture.

Corporations, however, may loan funds upon real estate security, and purchase real estate when necessary for the collection of loans,

**18**  CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

but they shall dispose of real estate so obtained within five years after receiving the title.

Corporations not organized in Puerto Rico, but doing business in Puerto Rico, shall be bound by the provisions of this section so far as they are applicable.

These provisions shall not prevent the ownership, possession or management of lands in excess of five hundred acres by the Commonwealth, its agencies or instrumentalities.

SECTION 15.—The Legislative Assembly shall determine all matters concerning the flag, the seal and the anthem of the Commonwealth. Once determined, no law changing them shall take effect until one year after the general election next following the date of enactment of said law.

SECTION 16.—All public officials and employees of the Commonwealth, its agencies, instrumentalities and political subdivisions, before entering upon their respective duties, shall take an oath to support the Constitution of the United States and the Constitution and laws of the Commonwealth of Puerto Rico.

SECTION 17.—In case of invasion, rebellion, epidemic or any other event giving rise to a state of emergency, the Governor may call the Legislative Assembly to meet in a place other than the Capitol of Puerto Rico, subject to the approval or disapproval of the Legislative Assembly. Under the same conditions, the Governor may, during the period of emergency, order the government, its agencies and instrumentalities to be moved temporarily to a place other than the seat of the government.

SECTION 18.—All criminal actions in the courts of the Commonwealth shall be conducted in the name and by the authority of "The People of Puerto Rico" until otherwise provided by law.

SECTION 19.—It shall be the public policy of the Commonwealth to conserve, develop and use its natural resources in the most effective manner possible for the general welfare of the community; to conserve and maintain buildings and places declared by the Legislative Assembly to be of historic or artistic value; to regulate its penal institutions in a manner that effectively achieves their purposes and to provide, within the limits of available resources, for adequate treatment of delinquents in order to make possible their moral and social rehabilitation.

## ARTICLE VII

### AMENDMENTS TO THE CONSTITUTION

SECTION 1.—The Legislative Assembly may propose amendments to this Constitution by a concurrent resolution approved by not less than two-thirds of the total number of members of which each house is composed. All proposed amendments shall be submitted to the qualified electors in a special referendum, but if the concurrent resolution is approved by not less than three-fourths of the total number of members of which each house is composed, the Legislative Assembly may provide that the referendum shall be held at the same time as the next general election. Each proposed amendment shall be voted on separately and not more than three proposed amendments may be submitted at the same referendum. Every proposed amendment shall specify the terms under which it shall take effect, and it

shall become a part of this Constitution if it is ratified by a majority of the electors voting thereon.   Once approved, a proposed amendment must be published at least three months prior to the date of the referendum.

SECTION 2.—The Legislative Assembly, by a concurrent resolution approved by two-thirds of the total number of members of which each house is composed, may submit to the qualified electors at a referendum, held at the same time as a general election, the question of whether a constitutional convention shall be called to revise this Constitution.   If a majority of the electors voting on this question vote in favor of the revision, it shall be made by a Constitutional Convention elected in the manner provided by law.   Every revision of this Constitution shall be submitted to the qualified electors at a special referendum for ratification or rejection by a majority of the votes cast at the referendum.

SECTION 3.—No amendment to this Constitution shall alter the republican form of government established by it or abolish its bill of rights.

## ARTICLE VIII

### SENATORIAL AND REPRESENTATIVE DISTRICTS

SECTION 1.—The senatorial and representative districts shall be the following:

I.—SENATORIAL DISTRICT OF SAN JUAN, which shall be composed of the following Representative Districts: 1.—The Capital of Puerto Rico, excluding the present electoral precincts of Santurce and Río Piedras; 2.—Electoral zones numbers 1 and 2 of the present precinct of Santurce; 3.—Electoral zone number 3 of the present precinct of Santurce; 4.—Electoral zone number 4 of the present precinct of Santurce; and 5.—Wards Hato Rey, Puerto Nuevo and Caparra Heights of the Capital of Puerto Rico.

II.—SENATORIAL DISTRICT OF BAYAMÓN, which shall be composed of the following Representative Districts: 6.—The municipality of Bayamón; 7.—The municipalities of Carolina and Trujillo Alto; 8.—The present electoral precinct of Río Piedras, excluding wards Hato Rey, Puerto Nuevo and Caparra Heights of the Capital of Puerto Rico; 9.—The municipalities of Cataño, Guaynabo and Toa Baja; and 10.—The municipalities of Toa Alta, Corozal and Naranjito.

III.—SENATORIAL DISTRICT OF ARECIBO, which shall be composed of the following Representative Districts: 11.—The municipalities of Vega Baja, Vega Alta and Dorado; 12.—The municipalities of Manatí and Barceloneta; 13.—The municipalities of Ciales and Morovis; 14.—The municipality of Arecibo; and 15.—The municipality of Utuado.

IV.—SENATORIAL DISTRICT OF AGUADILLA, which shall be composed of the following Representative Districts: 16.—The municipalities of Camuy, Hatillo and Quebradillas; 17.—The municipalities of Aguadilla and Isabela; 18.—The municipalities of San Sebastián and Moca; 19.—The municipalities of Lares, Las Marías and Maricao; and 20.—The municipalities of Añasco, Aguada and Rincón.

V.—SENATORIAL DISTRICT OF MAYAGÜEZ, which shall be composed of the following Representative Districts: 21.—The municipality of Mayagüez; 22.—The municipalities of Cabo Rojo, Hormigueros and

**20**   CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO

Lajas; 23.—The municipalities of San Germán and Sábana Grande; 24.—The municipalities of Yauco and Guánica; and 25.—The municipalities of Guayanilla and Peñuelas.

VI.—SENATORIAL DISTRICT OF PONCE, which shall be composed of the following Representative Districts: 26.—The first, second, third, fourth, fifth and sixth wards and the City Beach of the municipality of Ponce; 27.—The municipality of Ponce, except for the first, second, third, fourth, fifth and sixth wards and the City Beach; 28.—The municipalities of Adjuntas and Jayuya; 29.—The municipalities of Juana Díaz, Santa Isabel and Villalba; and 30.—The municipalities of Coamo and Orocovis.

VII.—SENATORIAL DISTRICT OF GUAYAMA, which shall be composed of the following Representative Districts: 31.—The municipalities of Aibonito, Barranquitas and Comerío; 32.—The municipalities of Cayey and Cidra; 33.—The municipalities of Caguas and Aguas Buenas; 34.—The municipalities of Guayama and Salinas; and 35.—The municipalities of Patillas, Maunabo and Arroyo.

VIII.—SENATORIAL DISTRICT OF HUMACAO, which shall be composed of the following Representative Districts: 36.—The municipalities of Humacao and Yabucoa; 37.—The municipalities of Juncos, Gurabo and San Lorenzo; 38.—The municipalities of Naguabo, Ceiba and Las Piedras; 39.—The municipalities of Fajardo and Vieques and the Island of Culebra; and 40.—The municipalities of Río Grande, Loíza and Luquillo.

SECTION 2.—Electoral zones numbers 1, 2, 3 and 4 included in three representative districts within the senatorial district of San Juan are those presently existing for purposes of electoral organization in the second precinct of San Juan.

## ARTICLE IX

### TRANSITORY PROVISIONS

SECTION 1.—When this Constitution goes into effect all laws not inconsistent therewith shall continue in full force until amended or repealed, or until they expire by their own terms.

Unless otherwise provided by this Constitution, civil and criminal liabilities, rights, franchises, concessions, privileges, claims, actions, causes of action, contracts, and civil, criminal and administrative proceedings shall continue unaffected, notwithstanding the taking effect of this Constitution.

SECTION 2.—All officers who are in office by election or appointment on the date this Constitution takes effect shall continue to hold their offices and to perform the functions thereof in a manner not inconsistent with this Constitution, unless the functions of their offices are abolished or until their successors are selected and qualify in accordance with this Constitution and laws enacted pursuant thereto.

SECTION 3.—Notwithstanding the age limit fixed by this Constitution for compulsory retirement, all the judges of the courts of Puerto Rico who are holding office on the date this Constitution takes effect shall continue to hold their judicial offices until the expiration of the terms for which they were appointed, and in the case of Justices of the Supreme Court during good behavior.

Case:17-03283-LTS   Doc#:4785-2   Filed:01/14/19   Entered:01/14/19 21:42:38   Desc:
Exhibit 2   Page 22 of 22

SECTION 4.—The Commonwealth of Puerto Rico shall be the successor of the People of Puerto Rico for all purposes, including without limitation the collection and payment of debts and liabilities in accordance with their terms.

SECTION 5.—When this Constitution goes into effect, the term "citizen of the Commonwealth of Puerto Rico" shall replace the term "citizen of Puerto Rico" as previously used.

SECTION 6.—Political parties shall continue to enjoy all rights recognized by the election law, provided that on the effective date of this Constitution they fulfill the minimum requirements for the registration of new parties contained in said law. Five years after this Constitution shall have taken effect the Legislative Assembly may change these requirements, but any law increasing them shall not go into effect until after the general election next following its enactment.

SECTION 7.—The Legislative Assembly may enact the laws necessary to supplement and make effective these transitory provisions in order to assure the functioning of the government until the officers provided for by this Constitution are elected or appointed and qualify, and until this Constitution takes effect in all respects.

SECTION 8.—If the Legislative Assembly creates a Department of Commerce, the Department of Agriculture and Commerce shall thereafter be called the Department of Agriculture.

SECTION 9.—The first election under the provisions of this Constitution shall be held on the date provided by law, but not later than six months after the effective date of this Constitution. The second general election under this Constitution shall be held in the month of November 1956 on a day provided by law.

SECTION 10.—This Constitution shall take effect when the Governor so proclaims, but not later than sixty days after its ratification by the Congress of the United States.

Done in Convention, at San Juan, Puerto Rico, on the sixth day of February, in the year of Our Lord one thousand nine hundred and fifty-two.

I, José Berríos Berdecia, Secretary of the Constitutional Convention of Puerto Rico, certify: That this booklet, consisting of twenty-five pages, contains a true and exact copy of the Constitution of The Commonwealth of Puerto Rico as approved by the Constitutional Convention of Puerto Rico on the fifth day of February of nineteen hundred and fifty-two.

I further certify, that the final vote in approving the said Constitution was eighty-eight votes in favor of approval and three votes against approval.

Issued under my hand and the seal of the Constitutional Convention, for transmittal to the Honorable Governor of Puerto Rico, at San Juan, this sixth of February of the year of Our Lord nineteen hundred fifty-two.

[SEAL]                                  JOSÉ BERRÍOS BERDECIA
              *Secretary, Constitutional Convention of Puerto Rico*