# **Exhibit 10**

[icon] Cited

As of: December 11, 2018 12:49 AM Z

## Vicar Builders Development, Inc., Petitioner v. Commonwealth of Puerto Rico; Department of Justice; Department of the Treasury, Appellees

Supreme Court of Puerto Rico
February 11, 2015
CC-2013-776

**Reporter**

192 D.P.R. 256 *; 2015 PR Sup. LEXIS 13 **; 2015 TSPR 13

Vicar Builders Development, Inc., Petitioner v. Commonwealth of Puerto Rico; Department of Justice; Department of the Treasury, Appellees

**Case History: [**1]** Court of Appeals: Judicial District of San Juan. Subject: Government Contracting -- Invalidity of the concept of tacit renewal of contracting with the State.

## Case Summary

### Procedural Position

The petitioner, the lessor in a lease agreement with option to purchase with the Department of Justice, filed a certiorari appeal and argued that the Court of Appeals: Judicial District of San Juan erred in upholding the decision of the Court of First Instance that the validity of the lease agreement had not been proven and that disbursement of public funds was therefore not admissible.

### Description

The parties executed a valid lease agreement that satisfied all of the requirements applicable to government contracts. The contract was recorded in writing, was registered and a copy was submitted to the Office of the Comptroller. This agreement had a term of expiry of one year. The agreement lapsed on the agreed termination date of the lease. However, the Department continued to occupy the property for more than 15 days with the knowledge of the lessor and without either party expressing any desire whatsoever to declare the lease terminated. This situation implied that the concept of tacit renewal could operate, since all the requirements were present. However, the Court determined that the concept of tacit renewal is not compatible with the statutes governing government contracting, meaning that it cannot be applied to a contract to which the State is party. In view of this, the parties did not have a valid contractual agreement such as to allow the State to disburse the funds necessary for payment of the rent amounts owed and collection of the amount claimed by the lessor was not lawful. The agreement ended on the date stipulated in the written agreement.

### Result

Upheld by the Court of Appeal. Since no valid agreement exists that complies with the requirements set forth in current laws, the State was not required to pay the rent amounts owed between January 2012 and April 2012.

### Main Terms

contract, parties, State, lease, brief, renewal, requirements, law, without, Court, governmental, contracting, government when, be, how, agreement, payment, Office, concept, funds, that, obligation, against, those, this, all, enforceable, fifteen, new

## LexisNexis® Thesis

Real Property Law > Landlord & Tenant > Tenancies > General Overview

Real Property Law > Landlord & Tenant > Landlord's Remedies & Rights > General Overview

HN1 **Landlord & Tenant, Tenancies**

When a lease agreement is entered into for a specific term, it ends on the pre-established date without any request being necessary under Art. 1455 of the Civil Code of Puerto Rico, *31 L.P.R.A. § 4062*. This type of lease is liable to extension, in which event the same agreement, or any renewal thereof, shall survive to form the basis of a new lease agreement executed either explicitly or tacitly.

> Real Property Law > Landlord & Tenant > Landlord's Remedies & Rights > General Overview
>
> Real Property Law > Landlord & Tenant > Tenancies > General Overview

HN2 **Landlord & Tenant, Landlord's Remedies & Rights**

Art. 1456 of the Civil Code of Puerto Rico, *31 L.P.R.A. § 4063*, provides that tacit renewal exists when a lease agreement ends and the lessee continues enjoying the leased item for fifteen days with the acquiescence of the lessor.

> Real Property Law > Landlord & Tenant > Landlord's Remedies & Rights > General Overview
>
> Real Property Law > Landlord & Tenant > Tenancies > Tenancies at Sufferance

HN3 **Landlord & Tenant, Landlord's Remedies & Rights**

The tacit renewal does not assume an extension of the original agreement but constitutes a new agreement.

> Real Property Law > Landlord & Tenant > Tenancies > General Overview
>
> Real Property Law > Landlord & Tenant > Landlord's Remedies & Rights > General Overview

HN4 **Landlord & Tenant, Tenancies**

A new contract arises from the tacit agreement whose term is not the same as that stipulated in the original contract but as provided in Arts. 1467 and 1471 of the Civil Code, *31 L.P.R.A. §§ 4083 and 4092*. From these articles it can be deduced that, no term having been stipulated for the lease of an urban property, it shall be understood as having been agreed for a period of years when the lease is annual, for a period of months when the lease is monthly, or for a period of days when it is daily. With respect to the rest, the same terms are understood as being reproduced in the renewed agreement.

> Real Property Law > Landlord & Tenant > Tenancies > General Overview
>
> Real Property Law > Landlord & Tenant > Landlord's Remedies & Rights > General Overview

HN5 **Landlord & Tenant, Tenancies**

In order for tacit renewal to apply, none of the parties need have expressed their intention to terminate the lease agreement. The willingness to renew the agreement must be clear, which shall be demonstrated by continued enjoyment of the leased item after the expiration of the agreement. Similarly, the lessor is understood as having tacitly consented to the renewal if it makes no request or statement whatsoever to the effect that the lessee should cease to enjoy the item.

> Governments > State & Territorial Governments > Finance

HN6 **State & Territorial Governments, Finance**

P.R. Const. art. VI, Art. VI, § 9 provides that properties and public funds shall only be utilized for public purposes and for the maintenance and operation of the institutions of the state, and at all times by authority of law. In an effort to secure effective administration of public funds, legislation has been approved to establish oversight over the disbursement of such funds and over government contracting. Both the procedures established in law and the principles of effective public administration as defined in jurisprudence limit the State's power to disburse public funds.

Governments > State & Territorial Governments > Finance

### HN7 State & Territorial Governments, Finance

Art. 2 of Law No. 230 of July 23, 1974, as amended, known as the Ley de Contabilidad del Gobierno de Puerto Rico [Accounting Law of the Government of Puerto Rico], 3 L.P.R.A. § 283a, establishes the maintenance of advance scrutiny of all government operations as a matter of public policy, so that the accounting of the government of Puerto Rico exercises effective oversight over the revenues, disbursements, funds, property and other assets of the government and that government expenditure be carried out within the context of utility and austerity. In addition, it provides that the funds authorized for a financial year shall only apply to the payment of expenses legitimately incurred during that year or to legally contracted obligations duly recorded in the books during that year. This law defines the term "obligation" as a commitment entered into represented by a purchase order, contract or similar document, pending payment, signed by an authority competent to draw on allocations, that may in the future be converted into an enforceable debt. This law defines the term "obligation" as a commitment entered into represented by a purchase order, contract or similar document, pending payment, signed by an authority competent to draw on allocations, that may in the future be converted into an enforceable debt. [Repetition in the original]

Governments > State & Territorial Governments > Finance

Public Contracts Law > Bids & Formation > General Overview

Public Contracts Law > Contract Interpretation > General Overview

### HN8 State & Territorial Governments, Finance

See 2 L.P.R.A. § 97.

Governments > State & Territorial Governments > Finance

Public Contracts Law > Bids & Formation > General Overview

Public Contracts Law > Contract Interpretation > General Overview

### HN9 State & Territorial Governments, Finance

The 15-day period under 2 L.P.R.A. § 97 may only be extended for an additional 15 days if just cause is demonstrated. Breach of this provision shall not in and of itself be grounds for a competent court to declare any legally valid contract or legal transaction null and void. However, no provision or consideration subject to a contract may be enforced until such time as the provisions set forth in this section have been complied with.

Governments > State & Territorial Governments > Finance

Public Contracts Law > Contract Interpretation > General Overview

Public Contracts Law > Bids & Formation > General Overview

### HN10 State & Territorial Governments, Finance

The formal requirements that must be met in contracting with a government entity are: 1) put the contract in writing; 2) keep a record to establish its existence; 3) send a copy to the Office of the Comptroller of Puerto Rico; and 4) show proof of compliance within the stipulated time period, namely, show it was completed and executed fifteen days earlier. Strict compliance with each of these requirements is necessary, since they serve as a mechanism for verifying the circumstantial and chronological continuity of these contracts, thereby avoiding fraudulent payments and claims.

Governments > State & Territorial Governments > Finance

Public Contracts Law > Contract Interpretation > General Overview

Public Contracts Law > Bids & Formation> General Overview

*HN11* **State & Territorial Governments, Finance**

With respect to the requirement that the contract with a government entity be recorded in writing, compliance with this is indispensable in order for the contract to have binding effect between the parties. A written contract is the best evidence of the reciprocal obligations entered into by the parties. The terms of the contract are set forth objectively in the document, preventing any disputes regarding them from arising.. This requirement is an inescapable dimension of good public administration, in that it allows the interests of the contracting parties to be safeguarded in the event of a breach, allows for effective utilization of municipal funds, avoids uncertainty in preparing the municipal budget, and enables adequate identification of the entry against which the public disbursements will be made in accordance with the law.

> Governments > State & Territorial Governments > Finance
>
> Public Contracts Law > Contract Interpretation > General Overview
>
> Public Contracts Law > Bids & Formation > General Overview

*HN12* **State & Territorial Governments, Finance**

To confirm a retroactive contract with the municipality would be to ignore the public interest to regulate inspection of the works and restrict the parameters for subcontracting.

> Governments > State & Territorial Governments > Finance
>
> Public Contracts Law > Bids & Formation > General Overview
>
> Public Contracts Law > Contract Interpretation > General Overview

*HN13* **State & Territorial Governments, Finance**

Requiring contracts to be recorded in a register that accurately establishes their existence and requiring that a copy of that contract be forwarded to the Office of the Comptroller reflects the need to publish all contracts involving a municipal entity. This way it is easier for a third party to audit the State's business transactions.

> Governments > State & Territorial Governments > Finance
>
> Public Contracts Law > Bids & Formation > General Overview
>
> Public Contracts Law > Contract Interpretation > General Overview

*HN14* **State & Territorial Governments, Finance**

The State shall find itself under obligation only when a contract exists in respect of a legally valid commitment. Once the requirements have been satisfied, the contract shall be valid, enforceable and shall be subject to the publication required under our legislation for effective administration of public policy with respect to government contracting.

> Governments > State & Territorial Governments > Finance
>
> Public Contracts Law > Bids & Formation > General Overview
>
> Public Contracts Law > Contract Interpretation > General Overview

*HN15* **State & Territorial Governments, Finance**

The nature of the concept of tacit renewal is not compatible with the laws or the jurisprudence governing government contracting. When tacit renewal operates, a new contract arises from a tacit agreement between the parties that results from the behavior of both the lessor and the lessee. This obligation is characterized by implicit agreement. However, in order for a contract executed with the State to be binding on the parties, it is necessary for it to exist in writing. This formal requirement is essential in this type of contract. Consequently, a contract to which the State is party cannot arise from a tacit agreement nor from the actions of the parties.

> Governments > State & Territorial

Governments > Finance

Public Contracts Law > Bids & Formation > General Overview

Public Contracts Law > Contract Interpretation > General Overview

HN16 **State & Territorial Governments, Finance**

Any tacit extension of the validity of a lease agreement with the State is invalid. Those private parties entering into contract with municipalities and government agencies must contract in accordance with the provisions set forth by law. It is required that private parties exercise a more active role when entering into a contract. Consequently, in order to prevent irregular situations in which the State ends up enjoying undue financial benefit, the parties must be meticulous in executing their contracts. The manner in which the parties agree to the contractual clauses shall be essential in deciding what is applicable upon the expiration of a lease agreement executed with the government. Only in this way can any situation be addressed that could place a private party at a disadvantage vis-à-vis the State.

**Attorneys:** Attorney of the Petitioning Party: Mr. Alberto Aresti Franceschini.

Office of the Attorney General: Ms. Margarita Mercado Echegaray, Attorney General, Ms. María C. Umpierre Marchand, Assistant Attorney General.

**Judges:** RAFAEL L. MARTÍNEZ TORRES, Associate Judge. Clerk of the Supreme Court. Presiding Judge Her Honor Fiol Matta and Associate Judge Her Honor Rodríguez Rodríguez concur with the decision without written opinion. Associate Judges Kolthoff Caraballo and Rivera García dissent without written opinion.

**Opinion by:** RAFAEL L. MARTÍNEZ TORRES

# Opinion

Certiorari

[*259] Opinion of the Court issued by Associate Judge His Honor MARTÍNEZ TORRES.

At San Juan, Puerto Rico, February 11, 2015.

On this occasion it is for us to establish the admissibility of the concept of tacit renewal as applicable to a lease agreement executed with the State and, based on the foregoing, the admissibility of a claim for rent owed by the State. We have decided that tacit renewal is not compatible with the statutes governing government [**2] contracting, since it is not applicable to a contract to which the State is a party..

I

On May 22, 2008, Vicar Builders Development, Inc. ("Vicar Builders") executed a lease agreement with an option to purchase in which it appeared as the lessor. Under this agreement, it leased to the Department of Justice of Puerto Rico ("The Department") a three-story building with office and parking facilities located in Bayamón.. The parties agreed to a lease with a monthly rent in the amount of $32,812.30. The agreement had a term of validity of one year.

Later, on May 20, 2009, the same parties executed a second agreement extending the term of the lease for one year. On the expiration of the term agreed to in the second lease the Department remained in occupation of the property without paying the corresponding monthly payments. Vicar Builders demanded payment of the rent amount owed, and the Department only paid until December 2011. After that date, it failed to make any rent payments whatsoever for the lease of the property, which it continued to use.

On April 26, 2012, Vicar Builders filed a complaint for collection of money against the State, [**3] the Department of Justice and the Department of Treasury with respect to the rent payments owed between January 2012 and April 2012. By then, the amount owed stood at $131,249.20. It claimed that the debt was due, liquid and [*260] payable and that the doctrine of tacit renewal was applicable. For its part, the State claimed that it owed nothing to the claimants unless an agreement in writing signed by the parties existed. It argued against the applicability of the doctrine of tacit renewal in government contracts, since that would violate the special statutes that impose strict requirements on government contracting.

The Court of First Instance dismissed the complaint with prejudice and refused to apply the doctrine of tacit renewal to the agreement in question. It based its opinion on the fact that

Vicar Builders failed to demonstrate that the government contracting requirements had been complied with, such as for example the existence of a contract in writing binding the parties and registered with the Office of the Comptroller. Appendix, p. 25. Unsatisfied, Vicar Builders filed a motion with the Court of Appeals. The intermediary Appeals Court [**4] upheld the appealed judgment.[1] In view of this, Vicar Builders filed a petition for a writ of certiorari with this Court requesting that we overturn the decisions of the lower courts and apply the doctrine of tacit renewal. It argued that the government contracting requirements had been met, since a valid lease agreement existed in writing. It also maintained that the decision finding the validity of the obligation not proven, and therefore the disbursement of public funds not admissible, was erroneous. With the benefit of the appearance of the parties, we hereby rule as follows.

II

A

HN1 When a lease agreement is entered into for a specific term, it ends on the pre-established date without any request being necessary. Art. 1455 of the Civil [*261] Code of Puerto Rico, 31 LPRA sec. 4062. This type of lease is liable to extension, in which event the same agreement, or any renewal thereof, shall survive to form the basis of a new lease agreement executed either explicitly or tacitly. M. Albaladejo García, Derecho Civil [Civil Law], 7th ed., Madrid: Editoriales de Derecho Reunidas, 1993, Tome II, Vol. II., p. 190.

HN2 Art. 1456 of the Civil [**5] Code of Puerto Rico, 31 LPRA sec. 4063, provides that tacit renewal exists when a lease agreement ends and the lessee continues enjoying the leased item for fifteen days with the acquiescence of the lessor.

HN3 The tacit renewal does not assume an extension of the original agreement but constitutes a new agreement. Dalmau v. Hernández Saldaña, 103 DPR 487, 490 (1975). This is so because, by explicit provision of law, the lease ends when the term thereof expires, thereby extinguishing the original agreement. Cesani Vargas v. Tribunal Superior, 92 DPR 239 (1965). However, this agreement is renewed when the requirements of the tacit renewal are met. Id. It relates to the assumption of renewal arising from the presumed will of the parties so long as the passivity of the latter reflects their new contractual volition. Albaladejo García, op. cit., p. 194.

HN4 A new agreement arises from the tacit agreement whose term is not equal to that stipulated in the original contract but as provided in Arts. 1467 and 1471 of the Civil Code, 31 LPRA secs. 4083 and 4092. From these articles it can be deduced that unless a term has been stipulated for the lease of an urban property, it shall be understood as having been entered into for a period of years when the lease is annual, for a period of months when the lease is monthly, or for a period of days when it is daily. Dalmau v. Hernández Saldaña, [**6] supra, p. 489. With respect to the rest, "the same terms are understood as being reproduced in the renewed agreement." Id. See also León Parra v. Gerardino, 58 DPR 489 (1941).

[*262] HN5 In order for tacit renewal to apply, none of the parties need have expressed their intention to terminate the lease agreement. León Parra v. Gerardino, supra, p. 490. The willingness to renew the agreement must be clear, which shall be demonstrated by continued enjoyment of the leased item after the expiration of the agreement. Similarly, the lessor is understood as having tacitly consented to the renewal if it makes no request or statement whatsoever to the effect that the lessee should cease to enjoy the item. Id.

B

HN6 Art. VI, Sec. 9 of the Constitution of Puerto Rico, LPRA, Volume 1, provides that "[p]roperties and public funds shall only be utilized for public purposes and for the maintenance and operation of the institutions of the state, and at all times by authority of law." In an effort to secure effective administration of public funds, legislation has been approved to establish oversight over the disbursement of such funds and over government contracting. Rodríguez Ramos et al. v. ELA et al., Opinion of March 6, 2014, 2014 TSPR 32, 2014 JTS 41, 190 DPR (2014). Both the procedures established in [**7] law and the principles of effective public administration as defined in jurisprudence limit the State's power to disburse public funds. Jaap Corp. v. Depto. Estado et al., 2013 TSPR 11, 187 DPR 730.741, 2013 Juris P.R. 14 (2013).

HN7 Art. 2 of Law No. 230 of July 23, 1974, as amended, known as the Accounting Law

---

[1] Judge Fraticelli Torres cast a dissenting vote. Appendix, p. 32.

of the Government of Puerto Rico, 3 LPRA sec. 283a, establishes the maintenance of "advance scrutiny of all government operations" as a matter of public policy, so that the accounting of the government of Puerto Rico "exercises effective oversight over the revenues, disbursements, funds, property and other assets of the government" and that "government expenditure be carried out within the context of utility and austerity". In addition, it provides that the funds authorized for a financial year shall only apply to the payment of expenses legitimately [*263] incurred during that year or to "legally contracted obligations **duly recorded in the books** that year." (Emphasis added.) Art 8. of Law No. 230 of July 23, 1974, *3 LPRA sec. 283g(a).* It should be noted that this law defines the term "obligation" as a "[c]ommitment entered into that is represented by a purchase order, contract or similar document, pending payment, signed by an authority competent to draw on [**8] allocations, that may in future be converted into an enforceable debt." Art. 3(k) of Law No. 230 of July 23, 1974, *3 LPRA sec. 283g(a).* It should be noted that this law defines the term "obligation" as a "[c]ommitment entered into represented by a purchase order, contract or similar document, pending payment, signed by an authority competent to draw on allocations, that may in the future be converted into an enforceable debt." Art. 3(k) of Law No. 230 of July 23, 1974, *3 LPRA sec. 283b(k).* [Repetition in the original]

The State has a great interest in promoting effective and upright public administration and in preventing waste, corruption and cronyism in government contracting. *CMI Hospital v. Depto. Salud, 2007 TSPR 99, 171 DPR 313. 320. 2007 Juris P.R. 105 (2007)*. In this spirit, we have favored the application of restrictive regulation regarding contracts formalized between a private entity and the government. See *Cordero Vélez v. Mun. de Guánica, 170 DPR 237, 248 (2007)*; *Lugo v. Mun. de Guayama, 2004 TSPR 166, 163 DPR 208. 215. 2004 Juris P.R. 171 (2004)*. That is why we have reiterated the rigorous nature of the legal provisions governing government contracting, a matter that is the focus of the highest degree of public interest. *ALCO Corp. v. Mun. de Toa Alta, 2011 TSPR 180, 183 DPR 530, 533, 2011 Juris P.R. 185 (2011)*; Cordero Vélez v. Mun. de Guánica, supra; *Fernández & Gutiérrez v. Mun. San Juan, 147 DPR 824, 829 (1999)*. The validity of this type of contract is established based on the special statutes governing it and not on the basis of general contract theories. *ALCO Corp. v. Mun. de Toa Alta, supra [**9], p. 537*, citing *Quest Diagnostics v. Mun. San Juan, 2009 TSPR 77. 175 DPR 994, 1000, 2009 Juris P.R. 80 (2009)*.

Art. 1 of Law No. 18 of October 30, 1975, as amended, *2 LPRA sec. 97,* provides that

> *HN8* [t]he government entities and municipal entities of the Commonwealth of Puerto Rico, without any exception whatsoever, shall keep a record of all contracts executed by them, including amendments to them, and must submit [*264] a copy of them to the Office of the Comptroller within fifteen (15) days of the date of execution of the contract or the amendment thereto … Where deeds are executed regarding the acquisition or disposal of real estate, these shall also be sent to the Comptroller, together with copies of all written documents pertaining to the negotiation.

*HN9* The fifteen-day period may only be extended for an additional fifteen days if just cause is demonstrated. Id. Breach of this provision shall not "in and of itself be grounds for a competent court to declare any legally valid contract or legal transaction null and void. However, no provision or consideration subject to a contract may be enforced until such time as the provisions set forth in this section have been complied with." Art. 1 of Law No. 18 of October 30, 1975, *2 LPRA sec. 97(d).*

We have repeatedly stated *HN10* that the formal [**10] requirements that must be met in contracting with a government entity are: 1) put the contract in writing; 2) keep a record to establish its existence; 3) send a copy to the Office of the Comptroller of Puerto Rico; and 4) show proof of compliance within the stipulated time period, namely, show that it was completed and executed fifteen days earlier. *Rodríguez Ramos et al. v. ELA et al.,* supra; *ALCO Corp. v. Mun. de Toa Alta, supra. p. 537*; *Jaap Corp. v. Depto. Estado et al., supra.* See also *Ocasio v. Alcalde Mun. de Maunabo, 121 DPR 37 (1988)*. Strict compliance with each of these requirements is necessary since they serve as a means of verifying the circumstantial and chronological continuity of these contracts, thereby avoiding fraudulent payments and claims. ALCO Corp. v. Mun. de Toa Alta, supra, citing *Ocasio v. Alcalde Mun. de Maunabo, supra*, pp. 53–54.

*HN11* With respect to the first requirement — that the contract with the government entity be recorded in writing — we have established that compliance with this is indispensable in order for the contract to have binding effect between the parties. Rodríguez Ramos et al. v. ELA et al., supra; *Jaap Corp. v. Depto.*

*Estado et al., supra, p. 741*. "The written [*265] contract is '… The best evidence of the reciprocal obligations entered into by the parties.'" *ALCO Corp. v. Mun. de Toa Alta, [**11] supra, p. 538*, citing *Colón Colón v. Mun. de Arecibo, 170 DPR 718, 726 (2007)*. The terms of the contract shall be set forth objectively in the document, preventing any disputes regarding them from arising. Id. This requirement

> is an inescapable dimension of good public administration, in that it allows the interests of the contracting parties to be safeguarded in the event of a breach, allows effective utilization of municipal funds, avoids uncertainty in preparing the municipal budget, and enables adequate identification of the entry against which the public disbursements will be made in accordance with the law. *Jaap Corp. v. Depto. Estado et al., supra, p. 742*, citando a *Colón Colón v. Mun. de Arecibo, supra, p. 730*.

The substantive nature of written contract requirement assumes that noncompliance thereof will adversely affect the effectiveness of the obligation contracted therein. Colón Colón v. Mun. de Arecibo, supra. In *Fernández & Gutiérrez v. Mun. de San Juan, supra, pp. 833–834,* we state that the commitment

> … could not generate a legal obligation of any kind for the Municipality, given that the latter *was not made* in accordance with the applicable regulations set forth above. The "commitment" assumption *was not recorded in a written [**12] document.* […] it was not included in the amendment to the contract. Nor, therefore, was it recorded or submitted to the Office of the Comptroller. The absence of these elements, which as we have stated before must be met, deprive the presumed agreement between the lessor and the Board of Directors to extend the duration of the lease in question of effectiveness and validity. The requirement to formulate the agreed terms via a written contract was indispensable and, as we ruled in *Hatton v. Mun. de Ponce,* supra, must be complied with *"without any exception whatsoever"*, in order that the agreed terms be binding. (Emphasis added.)

Similarly, in *Cordero Vélez v. Mun. de Guánica, 170 DPR 237 (2007),* the parties never executed a contract [*266] in writing nor did they comply with the formalities applicable to municipal contracts. We concluded therein that no contract was executed by the parties and the claim against the municipality was, therefore, not applicable. Id.

Moreover, in *ALCO Corp. v. Mun. de Toa Alta, supra,* retroactive municipal contracting was rejected and the need was established for the existence of a written contract before the agreed services were provided. In that case, ALCO began paving an area of the Municipality of Toa Alta without previously signing a contract in writing. [**13] The parties executed the contract in writing and complied with the other legal requirements after ALCO completed execution of the work. On that occasion, we ordered that HN12 to validate a retroactive contract with the municipality "… would be to ignore the public interest to regulate inspection of the work and restrict the parameters for subcontracting …" *Id., p. 551*.

On the other hand, HN13 requiring contracts to be recorded in a register that accurately establishes their existence and requiring that a copy of that contract be forwarded to the Office of the Comptroller reflects the need to publish all contracts involving a municipal entity. *Colón Colón v. Mun. de Arecibo, supra, p. 730*. This way, it is easier for a third party to audit the State's business transactions. Id.

Consequently, HN14 the State shall find itself under obligation "only when a contract exists in respect of a legally valid commitment." *ALCO Corp. v. Mun. de Toa Alta, supra, p. 539*. Once the requirements have been satisfied, the contract shall be valid, enforceable and shall be subject to the publication required under our legislation for effective administration of public policy with respect to government contracting. *ALCO Corp. [**14] v. Mun. de Toa Alta, supra,* citing *Johnson & Johnson v. Mun. de San Juan, 2007 TSPR 226. 172 DPR 840. 853, 2008 Juris P.R. 17 (2007)*.

[*267] III

In this case, the parties executed a valid lease agreement that satisfied all of the requirements applicable to government contracts. The contract was recorded in writing, was registered and a copy was submitted to the Office of the Comptroller. This contract had a term of expiry of one year. The agreement lapsed on the agreed termination date of the lease.

However, the Department continued to occupy the

property for more than fifteen days, with the knowledge of Vicar Builders and without either party expressing any desire whatsoever to declare the lease terminated. This situation implied that the concept of tacit renewal could operate, since all the requirements were present. If so, there would be a new agreement with a validity of one month given that the original agreement established a monthly rent amount. In this way, the agreement would continue being tacitly renewed each month while the Department continued enjoying the property for more than fifteen days under the same circumstances. However, the law and compelling reasons of public policy prevent concept of tacit renewal from operating in government **[\*\*15]** contracting.

HN15 The nature of the concept of tacit renewal is not compatible with the laws or the jurisprudence governing government contracting. When tacit renewal operates, a new contract arises from a tacit agreement between the parties that results from the behavior of both the lessor and the lessee. See Dalmau v. Hernández Saldaña, supra. This obligation is characterized by implicit agreement. However, in order for a contract executed with the State to be binding on the parties, it is necessary for it to exist in writing. See Jaap Corp. v. Depto. Estado et al., supra, p. 741. This requirement of form is essential in this type of contract. Consequently, **[\*268]** a contract to which the State is party cannot arise from a tacit agreement nor from the actions of the parties.

This evidences the incompatibility of the two legal concepts. If a government contract exists in writing, One cannot speak of tacit renewal. Similarly, if the requirements for tacit renewal are present, there can be no written contract that meets the requirements stipulated for placing the State under obligation. In other words, a new contract would arise that does not exist in writing, is not registered **[\*\*16]** and was not sent to the Office of the Comptroller.

The statutory requirements that exclude the application of the concept of tacit renewal are irremediable. One could argue that the new contract that tacitly arises could subsequently be put in writing and sent to the Office of the Controller in accordance with these requirements. However, in that case we would be permitting a practice that this Court has previously invalidated — retroactive contracting with the government. See ALCO Corp. v. Mun. de Toa Alta, supra. In other words, one party would be enjoying a leased item for a period without the existence of a valid and enforceable contractual relationship. Should the parties decide to put the agreement arising from the tacit renewal in writing, the binding effect would arise after one party had obtained a benefit or enjoyed the leased item. Were we to permit such a circumstance, we would be endorsing an agreement that assumes a prior obligation under which the parties have already issued benefits. This is precisely what the Court has previously prohibited.

Application of the concept of tacit renewal would grant the State a channel for evading compliance with the requirements **[\*\*17]** imposed on it in the aforementioned statutes, which this Court has recognized as necessary for a government contract to have legal effect. We would be opening the door to the State to tacitly renew contracts that, for want of publication, could not be audited **[\*269]** by third parties and would distort the facts contained in the contract registries. We cannot support the application of this concept the effect of which would be to reduce the transparency of transactions involving the government and allow the government to execute contracts for a period in excess of that stipulated in the written contract. This is precisely what the laws in question attempt to eradicate.

If in the past we have invalidated the extension of the validity of a contract with the municipality entered into by explicit agreement between the contracting parties, it is logical to conclude that HN16 the tacit extension to the validity of a lease agreement with the State is also invalid. See Fernández & Gutiérrez v. Mun. de San Juan, supra. Those private parties entering into contract with municipalities and government agencies must contract in accordance with the provisions set forth by law. It is required "that private parties exercise a more active role in contracting …" **[\*\*18]** CMI Hospital v. Depto. Salud, supra, p. 321. Consequently, in order to prevent irregular situations in which the State ends up enjoying undue financial benefit, the parties must be meticulous in executing their contracts. The manner in which the parties agree to the contractual clauses shall be essential in deciding what is applicable upon the expiration of a lease agreement executed with the government. Only in this way can any situation be addressed that could place a private party at a disadvantage vis-à-vis the State.

We understand that, by not applying tacit renewal, a situation could arise in which the government could remain in the property without paying rent

until being evicted after the expiration of the lease agreement. This situation can be anticipated in the lease agreement, with it being agreed beforehand under what conditions the lease would be extended, for what additional period and what the rent payment would be. In addition, and without attempting to be exhaustive, the parties have the alternative of including penalty clauses in their agreements to prevent [*270] one party from being affected by the breach of the other.

Although there can be no doubt that all the requirements are present in this case, and despite the prior existence of a [**19] valid agreement executed between Vicar Builders and the Department, we cannot apply the concept of tacit renewal, since it is incompatible with the requirements imposed by our special government contracting laws. In view of this, there is no valid contractual relationship between the parties such as to permit the State to disburse funds for payment of the rent amounts owed, and collection of the amount claimed by Vicar Builders is not admissible. The agreement between the parties ceased on the date agreed in the written agreement.

IV

Accordingly, we uphold the decision of the Court of Appeals. Since there is no valid agreement that complies with the requirements set forth in current laws, the State is not required to pay the rent amounts owed between the months of January 2012 and April 2012.

Judgment shall be issued in accordance with the foregoing.

RAFAEL L. MARTÍNEZ TORRES

Associate Judge

JUDGMENT

At San Juan, Puerto Rico, February 11, 2015.

We uphold the decision of the Court of Appeals on the foregoing grounds as set forth in the preceding Opinion, which forms an integral part of the present Judgment. Since there is no valid agreement that complies with the requirements set forth in current laws, the [**20] State is not required to pay the rent amounts owed between the months of January 2012 and April 2012.

Agreed and ordered by the Court, and certified by the Supreme Court Clerk. The Presiding Judge Her Honor Fiol Matta and the Associate Judge Her Honor Rodríguez Rodríguez concur with the result without written opinion. Associate Judges His Honor Kolthoff Caraballo and His Honor Rivera García dissent without written opinion.

Aida I. Oquendo Graulau

Supreme Court Clerk

---

**End of Document**

City of Seattle, State of Washington, County of King

I, Jason Schrier, am an interpreter and translator hired by TransPerfect, a translation services company that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking (Spanish) for 25 years. I have been practicing Spanish to English translation for 10 years and hold a translation certificate from New York University. I am also certified by the Administrative Office of United States Courts, and my certification number is 10-067.

The following document is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English of:

*Vicar Builders Development, Inc. v. ELA, et al.*, 192 D.P.R. 256 (2015)

_____
Jason Schrier

December 17, 2018

State of Washington
County of King

I certify that I know or have satisfactory evidence that Jason R. Schrier is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: 12/17/2018
Month/Day/Year

_____
Signature of Authorizing Officer

DARREN M EWY
Notary Public
State of Washington
Commission # 199315
My Comm. Expires Mar 5, 2022

_____
Notary Public
Title (Such as "Notary Public")

Place Notary Seal and/or Stamp Above     My appointment expires 3/5/22