# **Exhibit 23**

[header: **May 21st** OPINION OF THE SECRETARY OF JUSTICE **No. 1974-15**]
[pages 75-79]

## No. 1974-15

**Government Development Bank for Puerto Rico**

**1. Public funds – State resources – Taxes owed**
   Taxes owed to the public treasury constitute a resource of the State under the language of the Constitution to prepare a balanced budget for the upcoming fiscal year in the light of the conceptual broadness of the term "resource" that was established when adopting the Constitution and because it is understood to be an asset that can be determined more easily than others that are expressly included in said term. Constitution, Article VI, Section 7, LPRA Volume 1.

**2. Words and phrases – "Resources"**
   The Constitutional Convention assigned to the word "resources" the most general sense of assets, treasury, wealth, or estate when it replaced the phrase "total revenues" in the 1917 Organic Act with "total resources." Constitution, Article VI, Section 7, LPRA, Volume 1.

*May 21, 1974*

Mr. Juan Albors, President
Government Development Bank for Puerto Rico
1311 Ponce de León Avenue
Santurce, Puerto Rico

Dear Mr. President:

   I am referring to your consult from April 11, 1974, which can be summarized as follows:

   "Whether or not accounts receivable by the Commonwealth of Puerto Rico for levied taxes corresponding to prior fiscal years constitute resources as the word is used in Section 7, Article VI of the Constitution and are available to prepare a balanced budget for the upcoming fiscal year."

   The constitutional provision cited above specifically reads as follows:

   "Appropriations for a given fiscal year may not exceed the *total resources* calculated for said fiscal year, unless sufficient taxes are levied by law to cover said appropriations."[1] (Italic ours)

This section constitutes a change from the provisions of Section 34 of the 1917 Organic Act [LPRA, Volume 1], which established the following:

   "The Legislature shall not make any appropriation nor authorize any expense by virtue of which the expenses of the Government of Puerto Rico during any fiscal year would exceed the *total revenues* provided by law at the time that are applicable to said appropriation or expense, including any surplus available in the Treasury, unless the

---

[1] Constitution of the Commonwealth of Puerto Rico, Article VI, Section 7 [ LPRA, Volume 1].

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

Legislature, when making said appropriation, provides for the levy of sufficient taxes to pay for the appropriation or expense within said fiscal year." (Italics ours)

We can see that, when adopting the Constitution, the concept of *total revenues* was replaced with the concept of *total resources*. This change is extremely significant in the light of the comment made before the Constitutional Convention by the Honorable Luis Negrón López, President of the Commission that reported on Section 7, Article VI as it was finally written. Let us examine this:

"Mr. GUTIÉRREZ FRANQUI: Mr. President, before we consider making an amendment, I would like to ask the President of the Commission that reported on this replacement proposition a question. We would like the President of the Commission to answer for the [record] what the commission understands is the meaning of the phrase "the total resources calculated for said fiscal year." On page 7, lines 17 and 18.

"Mr. NEGRÓN LÓPEZ: I can answer the question. Reading, so that we can see the difference in the text—the corresponding provision of the Jones Act, I am reading from Article 34 of the Jones Act, the last paragraph: 'The Legislature shall not make any appropriation nor authorize any expense by virtue of which the expenses of the Government of Puerto Rico during any fiscal year would exceed the *total revenues* provided by law at the time that are applicable to said appropriation or expense, including any surplus available in the Treasury, unless the Legislature, when making said appropriation, provides for the levy of sufficient taxes to pay for the appropriation or expense within said fiscal year.'

"The concept of 'total revenues' that appears in the Jones Act expresses the idea that existed at the time this legislation was enacted that government resources consisted of tax revenue and the surplus there could be from prior fiscal years. However, in modern finance, I mean, in the finance of 1951, this term of 'total revenues' no longer encompasses everything encompassed by the total resources of the government. Total resources include tax or total revenues of a general or special nature. They also include any surplus there may be from prior fiscal years; they include non-tax income, such as the proceeds from the sale of properties, royalties, or commissions paid by public corporations to the State, the surplus of profit obtained by public corporations, federal assistance, the so-called federal grants [in] aid, and the resources obtained from bond issues, which is one of the ways available to the State to raise funds to develop its program.

"Therefore, the phrase '*total resources calculated*' *are the resources that are already known because we know what they will be, such as federal assistance, such as fixed income, such as surplus, etc.; and those that are calculated, the ones that depend on the proceeds from taxes and other factors that cannot be foreseen at the start of the fiscal year.*" (Italic ours)

"Mr. GUTIÉRREZ FRANQUI: There is no amendment, Mr. President."[2]

As we can see from this language, the change in question is aimed at broadening the availability of assets, income, and financing mechanisms of the State to develop its programs. I would like to emphasize the fact that Delegate Negrón López mentions "modern finance," which gives the State more breadth of action in the development of its economic activities. Clearly, the legislative intent is to broaden the availability of financing mechanisms and resources for governance.

The Constitutional Convention did not define the word "resources" beyond the statements cited above.[3] We can see, however, that there are two kinds of resources. Resources that are determined, fixed, and known when adopting the budget and those that, albeit not determined in a fixed manner, can be calculated when adopting the budget and will be determined during the course of the fiscal

---

[2] *Book of Sessions*, Puerto Rico Constitutional Convention, Volume II, page 893.
[3] *Diccionario General Ilustrado de la Lengua Española VOX* [VOX General Illustrated Spanish Dictionary] defines *recursos* [resources] as *bienes* [assets] and, in turn, defines *bienes* as *hacienda, riqueza, caudal* [treasury, wealth, estate].

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051

year. Examples of the former are a surplus from the previous year and the commission of a public corporation established by law. Examples of the second category are new taxes to be levied and the possible sale of assets and properties. Under these classifications, we believe that the sense given to the word "resource" by the Legislature is that of its general connotation.

We will now examine the characteristics of overdue taxes receivable. These are due and payable and can be easily determined because they have already been levied.

Thus, in my opinion, overdue taxes receivable constitute a resource of the State. Their characteristics are more capable of being determined and calculated in greater detail than taxes to be levied, which the Legislature itself classified as a resource. I believe that availability to the State along with the possibility of precise determination constitute the essential elements to classify [something] as a "resource."[4] Like any asset or resource, it can be financed and the State can use the amount resulting from said financing, not only to develop its Government programs, but also as a resource to prepare a balanced budget for the upcoming fiscal year.

In short, I believe that taxes owed to the public treasury constitute a resource of the State under the language of Section 7, Article VI of the Constitution to prepare a balanced budget for the upcoming fiscal year in the light of the broadness with which the concept of "resource" was defined when it was adopted by the Constitutional Convention and because I believe that it is an asset that can be more easily determined than others that are expressly included in the term "resources."

Cordially,
Francisco De Jesús Schuck
*Secretary of Justice*

---

[4] Another factor that must be taken into consideration is the recognition of this mechanism of financing in private finance. Financing accounts receivable, which are considered current assets, is part of modern financing models in the private world.

I hereby certify that this is a true and accurate translation to the best of my abilities.

Miriam R. García
Federally Certified Court Interpreter
Certificate No. 03-051