# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- X
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :  Title III
                                                                    :
      as representative of                                          :  Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :  (Jointly Administered)
                                                                    :
      Debtors.¹                                                     :
------------------------------------------------------------------- X
```

**URGENT MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL <u>OBLIGATION BONDS AND REQUESTING RELATED RELIEF</u>**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1
JURISDICTION, VENUE, AND STATUTORY BASES .............................................................. 4
BACKGROUND ....................................................................................................................... 5
RELIEF REQUESTED .............................................................................................................. 6
BASIS FOR RELIEF REQUESTED............................................................................................ 7
NOTICE ................................................................................................................................. 11
NO PRIOR REQUEST ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Chinichian*,
 784 F.2d 1440 (9th Cir. 1986) ...............................................................................................7

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,
 722 F.2d 1063 (2d Cir. 1983)................................................................................................7

*In re Delta Airlines, Inc.*, *et al.*,
 Case No. 05-17923 (ASH), ECF No. 3383........................................................................7, 8

*In re Residential Capital, LLC*,
 2014 WL 627989 (Bankr. S.D.N.Y. Feb. 18, 2014)..............................................................7

**Statutes**

Bankruptcy Code
 § 105.................................................................................................................................7, 8
 § 105(a) .......................................................................................................................1, 7, 10
 § 502.......................................................................................................................................1

PROMESA
 § 301(a)..................................................................................................................................4
 § 306(a)..................................................................................................................................4
 § 307(a)..................................................................................................................................4
 § 310..................................................................................................................................1, 5

Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") .......................1

Servicemembers Civil Relief Act of 2003 § 201(b)(1).....................................................................8

Uniform Commercial Code..............................................................................................................4

**Rules**

Fed. R. Bankr. P.
 2002(m)..................................................................................................................................9
 2019......................................................................................................................................11
 3007..........................................................................................................................1, 3, 6, 8
 3007(c) ..................................................................................................................................7
 3007(d) ..............................................................................................................................5, 6
 9007.......................................................................................................................................9

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee, and together with the Oversight Board, the "Objectors") hereby submit this urgent motion (the "Motion"), pursuant to sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing procedures for the resolution of the *Omnibus Objection of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, dated January 14, 2019 (the "Objection") and requesting related relief.

In support of the Motion, the Objectors respectfully state as follows:

## PRELIMINARY STATEMENT

1.  On January 14, 2019, the Objectors filed their Objection to all claims (the "Challenged GO Bond Claims")[2] that have been or may be asserted against the Title III Debtors on account of general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds"). The total principal amount of the Challenged GO Bonds totals more

---

[2]   Such claims are referred to in the Objection as the "Invalid GO Bond Claims."

1

than $6 billion. This Motion seeks to establish an orderly and efficient process for resolving the Objection. Specifically, the Objectors request an order (i) permitting the Objection to proceed in an omnibus fashion, even if the ultimate number of Challenged GO Bond Claims exceed one hundred, to resolve the Challenged GO Bond Claims of those holders identified on Appendix I to the Objection and those holders who elect to participate in the litigation of the Objection, (ii) establishing a mechanism for providing notice of and an opportunity to participate in the litigation to other parties in interest, including the Puerto Rico Fiscal Agency and Financial Advisory Authority and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and to all actual and potential holders of the Challenged GO Bond Claims, including those that have not filed claims or otherwise appeared in these Title III cases, and (iii) establishing certain initial litigation procedures for all participants.

2. This relief is necessary because litigating the Objection on a claim-by-claim basis would be impractical and highly inefficient, if not impossible. The website maintained by Prime Clerk, the Title III Debtors' Solicitation, Notice and Claims Agent ("Prime Clerk"), reflects that, to date, more than 4,000 individuals or entities have filed "bond" claims.[3] There are likely many more such claimants who have not yet filed—and, indeed, pursuant to this Court's bar date order,[4] need not and may never file—such a claim. Moreover, unlike in the private debt issuance context, no indenture trustee exists that may serve as a representative for all holders of Challenged GO Bonds in these cases. Under these circumstances, the Court can and should enter an order that allows the litigation of the Objection and defenses thereto as part of one organized

---

[3] Without reviewing each of the more than 4,000 claims, it is not clear to what extent, if any, such claims are Challenged GO Bond Claims, as opposed to other types of bond claims.

[4] As set forth below, the Bar Date Order (defined below) provides that holders of general obligation bond claims were not required to file proofs of claim and also that no party in interest is prohibited from objecting to the "amount, priority, security and/or allowance" of any such claim, regardless of whether it has been filed.

2

process as opposed to requiring Objectors to pursue their objections in strict compliance with Bankruptcy Rule 3007.

3. The Objectors are confident that the simultaneous litigation of numerous Challenged GO Bond Claims can be accomplished in an efficient and streamlined manner due to the common issues of law and fact that predominate the Challenged GO Bond Claims. The principal questions that the Court must address in determining the validity of all such claims is whether the Commonwealth issued the bonds in violation of the constitutional debt limit and/or the balanced budget clause of the Commonwealth Constitution. The Court and the parties will save substantial time and resources by briefing, conducting discovery on, and arguing these issues jointly.

4. The Court should also approve notice procedures for the Objection to ensure that all holders of Challenged GO Bond Claims, including those that have not filed claims or otherwise appeared in these cases, have adequate notice of the Objection and an opportunity to participate in the litigation process. Specifically, the Objectors propose that notice to presently unknown claimants be provided both (i) by Cede & Co. ("Cede") and the Depository Trust Company ("DTC"), (ii) through publication in certain widely-circulated newspapers, and (iii) a posting on a website used by municipal bond investors. Such notice is consistent with the types of notice courts have authorized in other cases under similar circumstances.

5. Furthermore, the Objectors request that the Court approve certain initial deadlines and litigation procedures (the "Objection Procedures"). Specifically, the Objectors propose that, following completion of the notice procedures, all parties that wish to participate in the litigation process must file a notice of participation on or before a date that is thirty (30) days following entry of the order granting this Motion. The notice of participation will contain certain

3

identifying information for each claimant and a concise summary of the factual and legal bases for its response to the Objection. Using the information contained in the notices of participation received, the Objectors will next propose additional procedures for briefing and discovery that are designed to address as efficiently as possible all the issues raised by the participating claimants and other parties in interest.

6. Proceeding with the Objection in this organized, omnibus fashion is the best way to determine the allowability of the Challenged GO Bond Claims in a timely and cost-efficient manner while minimizing the expenditure of the valuable resources of the parties and the Court. Moreover, it allows parties who wish to participate in the litigation of the Objection (either in support or against the relief sought in the Objection) who are not otherwise identified on Appendix I to the Objection,[5] to participate by satisfying minimum procedural requirements. Accordingly, the Objectors respectfully request that this Motion be granted and the Court enter an order establishing the Objection Procedures in the form contained in Exhibit 1 annexed to the Proposed Order.

7. Finally, given that the Objection involves highly complex legal issues related to, among other things, municipal finance law, the Uniform Commercial Code, and the Puerto Rico Constitution, the Objectors respectfully request leave to file the Objection with a length not to exceed fifty (50) pages, exclusive of the cover page, table of contents, table of authorities, signature page, exhibits, and the certificate of service.

**JURISDICTION, VENUE, AND STATUTORY BASES**

8. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

---

[5] Appendix I to the Objection identifies certain parties which have filed proofs of claims alleging claims based, at least in part, on the Challenged GO Bonds and as to which the Objection applies.

4

9. Venue is proper pursuant to section 307(a) of PROMESA.

10. The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Bankruptcy Rule 3007(d), made applicable to these Title III cases by section 310 of PROMESA.

## BACKGROUND

### Challenged GO Bonds

11. The general obligation bonds are municipal bonds purportedly backed by the Commonwealth's full faith and credit rather than revenues from any particular source. There are currently approximately $13 billion in principal amount of general obligation bonds outstanding, more than $6 billion of which are the Challenged GO Bonds. The largest offering of Challenged GO Bonds was issued in 2014 in the principal amount of $3.5 billion, at a time when the Commonwealth was in dire financial condition and had already retained bankruptcy counsel. The grounds for the Objection to the Challenged GO Bond Claims are set forth in detail in the Objection and need not be repeated herein.

12. As set forth above, based upon information appearing on the website maintained by Prime Clerk, more than four thousand (4,000) "bond claims" have been filed. The website does not distinguish between the types of bond claims being asserted by claimants, and the actual proofs of claims do not always provide CUSIP numbers for the bonds held by the claimants. Although not all four thousand (4,000) claims are Challenged GO Bond Claims, the actual number of Challenged GO Bond Claims may exceed (and, indeed, likely exceeds) one hundred because not all such claims have been filed.

13. On February 15, 2018, this Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice*

5

*Thereof* [Docket No. 2521] (the "Bar Date Order"), which does not require holders of the Challenged GO Bonds to file claims in advance of the bar date. Bar Date Order at ¶ 6(i). However, at the request of the Committee, a provision was added to the Bar Date Order to make clear that claims arising from GO bonds may still be objected to regardless of whether or not a proof of claim has been filed. Bar Date Order at ¶ 16 ("nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds."). In other words, the holders of GO Bond claims are not shielded from claim objections just because they were not forced to file proofs of claim like most other creditors.

## RELIEF REQUESTED

14. By this Motion the Objectors seek the entry of an order authorizing such parties to proceed with the Objection in accordance with the Objection Procedures annexed to the Proposed Order attached hereto as **Exhibit A**, which would allow the Objectors to object to all the Challenged GO Bonds Claims through the Objection rather than requiring the Objectors to strictly comply with all provisions of Bankruptcy Rule 3007 and file numerous objections seeking the same exact relief on the same exact grounds with respect to the Challenged GO Bonds. If approved, the Objection Procedures would allow holders of Challenged GO Bonds the ability to participate in the litigation along with the holders identified on Appendix I to the Objection, and streamline and organize the issues to be presented to this Court for decision.

15. In addition, Objectors respectfully request leave to file the Objection with a length not to exceed fifty (50) pages, exclusive of the cover page, table of contents, table of authorities, signature page, exhibits, and the certificate of service.

6

**BASIS FOR RELIEF REQUESTED**

16. Bankruptcy Rule 3007(d) authorizes the filing of omnibus objections to claims. Although the rule contains certain requirements for such objections, including that they be based on certain enumerated grounds and that they not address more than one hundred claims, a court has discretion to modify these requirements. *See* Bankruptcy Rule 3007(c) (stating that joinder of claims objections may be done only as permitted by subsection (d) "unless otherwise ordered by the court.").

17. In addition, section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

18. Bankruptcy courts handling so-called "mega cases" have frequently used Bankruptcy Rule 3007(c) and section 105(a) of the Bankruptcy Code to craft omnibus claim objection procedures that meet the needs of these types of cases. For example, in *In re Residential Capital, LLC*, the bankruptcy court entered a procedures order modifying Bankruptcy Rule 3007(c) by adding nine additional grounds for omnibus objections and permitting the objections to address more than 100 claims at a time. *See* 2014 WL 627989, *1-4 (Bankr. S.D.N.Y. Feb. 18, 2014). In addition, in the *Delta Airlines Inc.* cases, the Bankruptcy

7

Court approved a procedure that allowed the committee and the debtor to designate certain issues relating to aircraft leverage lease claims to be litigated and allowed persons holding "relevant claims" to file notices of participation, and thus, participate in the claim objection process even though they may not have filed a claim or been served with a "notice of litigation". *See In re Delta Airlines, Inc.*, *et al.*, Case No. 05-17923 (ASH), ECF No. 3383. A copy of the order entered by the *Delta Airlines* court with the procedures annexed thereto is attached hereto as **Exhibit B**.

19. Consistent with the orders entered in such other cases, authorizing filing of an omnibus objection to all Challenged GO Bond Claims is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Granting this relief will permit the parties and the Court to resolve all objections to Challenged GO Bond Claims on the grounds set forth in the Objection[6] in a timely, cost-effective, and efficient manner. Otherwise, the Objectors would have to prepare and file, and the Court would have to review, potentially thousands of individual objections to Challenged GO Bond Claims—a time consuming, expensive, and unnecessarily duplicative endeavor.[7]

---

[6] Nothing is intended herein to limit the ability of the Objectors, or any other party in interest, to subsequently object to the Challenged GO Bonds on grounds other than those set forth in the Objection, and the Proposed Order so provides.

[7] In addition, absent the relief sought herein, it would be impossible for the Objectors to comply with Local Rule 3007-1, which states that a party objecting to a claim "must also certify whether or not the claimant is a servicemember as required by § 201(b)(1) of the Servicemembers Civil Relief Act of 2003." The Objectors cannot possibly determine which of the potentially thousands of Challenged GO Bond claimants, if any, are servicemembers. Similarly, it would be cost-prohibitive, if not impossible for the Objectors to determine which of the 4,000 bond claims listed on Prime Clerk's website are Challenged GO Bond Claims. Of the 4,000 bond claims reviewed, some have CUSIP numbers, some do not and others are listed under the wrong Title III Debtor even though the claim clearly relates to a bond issued by the Commonwealth.

20. Moreover, nothing prohibits the Court from permitting an omnibus objection to address claims for which a proof of claim has not been filed. Indeed, the Court has already authorized such an objection, stating in the Bar Date Order that "nothing in this Order shall be interpreted as precluding any party in interest from filing objections to the amount, priority, security and/or allowance of any obligations arising with respect to GO Bonds regardless of whether proofs of claim are filed for such GO Bonds." Bar Date Order at ¶ 16.

21. For purposes of notifying unknown claimants of the Objection, the Bankruptcy Rules give the Court substantial discretion in determining how such notice may be accomplished. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 2002(m); *see also* Bankruptcy Rule 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

22. Under the present circumstances, the Objectors submit that holders of Challenged GO Bond Claims that have not filed a claim or otherwise appeared in these cases can be notified with the assistance of Cede and DTC and through publication notice. Cede is the registered holder of all general obligation bonds, and thus of the Challenged GO Bonds, and DTC serves as the securities depositary for the Challenged GO Bonds. DTC knows which of its participants hold the Challenged GO Bonds either on their own account or on behalf of their customers. The Court should order Cede and DTC to provide notice to all Challenged GO Bond holders in the form annexed to the Proposed Order (the "Objection Notice"). In addition, the same form of Objection Notice should be published in (a) *El Nuevo Dia* in Spanish (primary circulation in

9

Puerto Rico), (b) Caribbean Business in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home.

23. Other than EMMA, these were the same publications that the Bar Date Order directed the Commonwealth to cause the publication of the notice of the Bar Date in. Given that these publications were sufficient for the Commonwealth to provide notice of the Bar Date Order, they should also suffice to provide notice to the unknown holders of the Challenged GO Bonds of the Objection and the Objection Procedures annexed to the Proposed Order.

24. Moreover, the Court has discretion under section 105(a) of the Bankruptcy Code to enter general procedural orders governing the administration of its cases and the litigation of issues concerning claim objections. To that end, the Objectors request that the Court enter an order approving the initial Objection Procedures for resolving the Objection, including an initial notice of participation deadline of a date that is thirty (30) days following the date of the Objection Notice advising Challenged GO Bondholders of the entry of the order granting this Motion for holders of Challenged GO Bond Claims to identify themselves, and provide a concise description of their defenses to the Objection. Once such notices have been submitted, the Objectors propose that they consolidate the information contained in such notices and propose briefing and discovery procedures to resolve issues related to the Objection in an efficient and orderly manner. The goal of the Objection Procedures is to streamline the process and limit the number of filings with the Court.

25. Finally, the Objectors respectfully request leave to file the Objection with a length not to exceed fifty (50) pages, exclusive of the cover page, table of contents, table of authorities,

10

signature page, exhibits, and the certificate of service. Pursuant to Paragraph I.E. of the Case Management Procedures, objections are limited to thirty-five (35) pages unless otherwise permitted by the Court.[8] Given the complexity of the legal issues discussed in the Objection, the Objectors were unable to meet the thirty-five (35) page limit set forth in the Case Management Procedures while providing a discussion of the legal issues and factual background necessary to appropriately brief the Court and provide proper notice to the thousands of parties in interest who are holders of Challenged GO Bonds. The Objectors submit that this request is reasonable and appropriate under the circumstances.

## NOTICE

26. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection;[9] (ix) Cede; (x) DTC; and (xi) all parties that have filed a notice of appearance in the above-captioned Title III cases.

---

[8] The Objectors recognize that under normal circumstances permission to exceed the page limit must be obtained prior to the filing of the substantive pleading. The Objectors submit that in this case obtaining prior permission was not practicable.

[9] According to the claims registry maintained by Prime Clerk, more than 4,000 proofs of claim have been filed asserting bond-based claims against the Commonwealth. Many of these claims are based on bonds other than GO bonds. However, given the sheer volume of claims, it would be cost-prohibitive to review and analyze more than 4,000 proofs of claim to determine which ones, in fact, assert claims based on holdings of Challenged GO Bonds. The Objectors, therefore, limited their review to proofs of claim alleging in excess of $50 million of bond debt.

## **NO PRIOR REQUEST**

27. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Objectors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: January 14, 2019　　　　　　　/s/ *Edward S. Weisfelner*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Justin S. Weddle, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

/s/ *Alberto Estrella*

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

13

and

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

14