**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                                   :
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :   Title III
                                                   :
          as representative of                     :   Case No. 17-BK-3283 (LTS)
                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,            :   (Jointly Administered)
                                                   :
          Debtors.¹                                :
-------------------------------------------------------------------- X
```

## ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS AND GRANTING RELATED RELIEF

Upon consideration of the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain*

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Commonwealth General Obligation Bonds and Requesting Related Relief* (the "Motion"),[2] and

the exhibits attached thereto, and the Court having found and determined that: (i) the Court has

jurisdiction to consider the Motion and the relief requested therein pursuant to section 502 of the

Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as

incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to

PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under

the particular circumstances and no other or further notice need be provided; (iv) based on the

statements and arguments made in the Motion, the relief requested in the Motion is in the best

interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the

Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the Motion is GRANTED to the extent set forth herein.

2.      The Objectors are hereby authorized to proceed under Bankruptcy Rule 3007(c),

as incorporated by section 310 of PROMESA, with their Objection to the Challenged GO Bonds

on an omnibus basis; and the filing of the Objection shall not limit the ability of the Objectors, or

any other party in interest, to subsequently object to the Challenged GO Bonds on grounds other

than those set forth in the Objection, and all other claims, counterclaims and defenses are hereby

preserved.

3.      The Objection Notice and the Objection Procedures, annexed hereto as **Exhibit 1**

and **Exhibit 2** respectively, are hereby approved.  The Objection Procedures are deemed to have

been incorporated herein.

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4.      The Objectors shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) Caribbean Business in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each within five (5) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Objection and the Objection Procedures.

5.      DTC and Cede are hereby directed to provide a copy of the Objection Notice and Objection Procedures to all beneficial holders of the Challenged GO Bonds within five (5) days of the entry of this Order.

6.      The Objectors may exceed the 35-page motion brief limit set in the Case Management Procedures by filing the Objection not to exceed fifty (50) pages, exclusive of the cover page, table of contents, table of authorities, signature page, exhibits, and the certificate of service.

7.      The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:      January _____, 2019

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## **Exhibit 1**

**Objection Notice**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- X
                                                                     :
In re:                                                               :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                    :   Title III
                                                                     :
         as representative of                                        :   Case No. 17-BK-3283 (LTS)
                                                                     :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                            :   (Jointly Administered)
                                                                     :
         Debtors.[1]                                                 :
-------------------------------------------------------------------- X

## NOTICE OF OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

         You are receiving this notice because you have been identified as holding one or more of the general obligation bonds issued by the Commonwealth of Puerto Rico in or after 2012.

         Please note that the Financial Oversight and Management Board, as representative for the Debtors, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors have filed an Omnibus Objection, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds (the "Objection"). [Prime Clerk link] This Objection may affect your rights.

         If you intend to respond to the Objection or participate in the litigation in any way, you must follow the Court approved procedures attached hereto, which require among other things,

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

that you to file and serve a Notice of Participation by [30 days after entry of order approving procedures], 2019.

All questions regarding this notice should be sent in writing to:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn:  Douglass E. Barron
douglassbarron@paulhastings.com

## Exhibit 2

**Objection Procedures**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- X
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO *et al.,*            :   (Jointly Administered)
                                                    :
        Debtors.[1]                                 :
------------------------------------------------------------------------- X

## PROCEDURES FOR RESOLVING OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

[January __ 2019]

The following procedures will apply to the resolution of the *Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket No. ___] (the "Objection"). The Financial Oversight Board, acting through its Special Claims Committee (the "Oversight Board") and the Official Committee of Unsecured Creditors (the "Committee") are hereafter collectively referred to as the "Objectors." The Objection asserts that all claims ("Challenged GO Bond Claims") that have been or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds") are invalid.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The procedures set forth below, which govern your participation in the litigation relating to the Objection, were approved by the January __, 2019 Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court").  [links to Prime Clerk website for Objection and Order]

1.      Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of Challenged GO Bond Claims on the grounds set forth in the Objection.

2.      Notice of Participation

Any party in interest, including the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "Title III Parties") and any person or entity that holds a Challenged GO Bond, whether or not such person or entity is identified in the Objection, that wishes to participate in the litigation of the Objection may serve and file a notice of its intent to participate in such litigation (a "Notice of Participation").  **A holder of a Challenged GO Bond that is identified on Appendix I to the Objection must file a Notice of Participation or risk having a default judgment entered against it**.  Holders of Challenged GO Bonds are hereafter referred to as "Challenged GO Bondholders."

The Notice of Participation shall indicate whether the party in interest who filed such notice supports or opposes the Objection.  Parties who file Notices of Participation that support the Objection shall collectively constitute "Joint Objectors" and parties that oppose the Objections shall collectively constitute the "Respondents," and together with the Joint Objectors, the "Participants."  Any such Notice of Participation shall be filed with the District Court no later than [Date] (the "Participation Deadline") and served on the persons identified in paragraph 8 below as the "Notice Parties."

A Notice of Participation filed by such party a Joint Objector or a Respondent that is not a Challenged Bondholder shall (a) provide the name, address and email address of the Participant and its counsel, if any, (b) contain a concise statement, not to exceed five (5) pages (double-spaced, 12-point font), describing the basis on which such party either supports or contests the Objection.

A Notice of Participation filed by a Respondent that is a Challenged Bondholder shall (a) provide the name, address and email address of the Respondent and its counsel, if any, (b) indicate whether the Respondent acquired its Challenged GO Bond(s) by original issuance or on the secondary market, (c) provide the date(s) of acquisition of such Challenged GO Bond(s), (d) state which series of the Challenged GO Bonds the Respondent holds, and (e) contain a concise statement, not to exceed five (5) pages (double-spaced, 12-point font), describing the basis of such Respondent's defense(s) to the Objection.

Following the submission of the Notices of Participation, no substantive response to the Objection need be filed until a date set forth in any scheduling order entered by the District Court.

3.      <u>The Preliminary Recommendation</u>

After consultation with the Title III Parties and the Participants that hold the 10 largest
Challenged GO Bond Claims in principal amount, the Objectors shall file with the District Court
and serve on all Participants by email no later than twenty (20) days after the Participation
Deadline a notice setting forth the names of all Participants, identifying which are Joint
Objectors and which are Respondents, a summary of the Participants' grounds for supporting or
objecting to the relief sought in the Objection, a proposal as to which issues raised by
Participants can be subject to joint briefing, and a proposed briefing and discovery
schedule ("<u>Preliminary Recommendation</u>").  The Committee and the Oversight Board shall file
separate Preliminary Recommendations only to the extent necessary to present or discuss issues,
positions or arguments upon which they are unable to agree in good faith.

The primary purpose of the Preliminary Recommendation is to identify arguments and
defenses common among the Participants that may allow the Participants to organize to ensure
that the briefing of and discovery relating to the issues raised in the Objection and Notices of
Participation are streamlined and that the resources of the District Court are not unduly taxed.

4.      <u>Participants' Responses and Objectors' Reply</u>

Any Respondent may file a response to the Preliminary Recommendation with the
District Court and serve the Notice Parties by email no later than seven (7) days following the
filing of the Preliminary Recommendation.  Such responses should be limited to the procedural
issues raised by the Preliminary Recommendation and not to the substance of the Objection.

The Objectors shall file a reply to the Respondents' responses, if any, no later than three
(3) days following the filing of the response (the "<u>Reply Deadline</u>").  Again, The Committee and
the Oversight Board shall file separate replies only to the extent necessary to present or discuss
issues, positions or arguments upon which they are unable to agree in good faith.

5.      <u>No Substantive Response from Respondents Due</u>

Other than the Notices of Participation and any response to the Preliminary
Recommendation, no substantive response to the Objection need be filed by the Respondents
until a date set forth in any scheduling order entered by the District Court.

6.      <u>Litigation</u>

A.      <u>Court Status Conference</u>

The Court will hold a status conference on or as soon as practicable after the Reply
Deadline, at which time the following matters will be discussed and decided:

   (i)      the extent to which discovery (if any) is required;

   (ii)      the extent to which joint briefs can or should be submitted;

(iii)      a briefing schedule;

(iv)    if there is a dispute as to the propriety of the grouping of the Participants as proposed in the Preliminary Recommendation; and

(v)    any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objection and the Notices of Participation.

B.    <u>Coordination</u>

To the extent that the Court determines that joint briefs can and should be submitted –

(a)    The Objectors and any Joint Objector shall cooperate in good faith in order to file joint papers with respect to the Objection/Notices of Participation and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

(b)    Likewise, the Respondents shall, respectively, cooperate in good faith to file joint papers with respect to the litigation of the Objection/Notices of Participation and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the discovery that is requested from the other parties and to coordinate communications.

7.    <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any holder of a Challenged GO Bond who does not file a Notice of Participation.

8.    <u>Other Objections Permitted</u>

The fact that the Objectors have objected to the Challenged GO Bond Claims shall not preclude the Objectors or any party in interest from objecting to a Challenged GO Bond on any basis not set forth in the Objection or to any other claim asserted by the Challenged GO Bond holder unrelated to the Challenged GO Bonds or a Title III Party from asserting additional grounds for objecting to the Challenged GO Bond Claims pursuant to a Notice of Participation.

9.      The Notice Parties

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
Justin S. Weddle, Esq.
7 Times Square
New York, NY 10036
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq.
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq.
One Financial Center
Boston, MA 02111
sbeville@brownrudnick.com

**ESTRELLA, LLC**
Attn:  Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
agestrella@estrellallallc.com
ksuria@estrellallc.com

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com