**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------- X
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
        as representative of                                        :   Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :   (Jointly Administered)
                                                                    :
        Debtors.¹                                                   :
------------------------------------------------------------------- X
```

**URGENT MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR EXPEDITED CONSIDERATION OF URGENT MOTION, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee, and together with the Oversight Board, the "Movants") respectfully file this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

attached hereto as **Exhibit A** (the "Proposed Order"), for expedited consideration of the *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (the "Procedures Motion").[2] In support of this Urgent Motion, the Movants respectfully represent as follows:

### RELIEF REQUESTED

1. By this Urgent Motion, the Movants respectfully request entry of the Proposed Order: (a) setting **4:00 p.m. (AST) on January 21, 2019** as the deadline to file objections or responses to the Procedures Motion; (b) setting **4:00 p.m. (AST) on January 25, 2019** as the Movants' deadline to file replies in further support of the Procedures Motion; and (c) scheduling a hearing on the Procedures Motion during the Court's omnibus hearing scheduled for **January 30, 2019** and **January 31, 2019**.[3] The Movants believe that this expedited schedule is appropriate under the circumstances, as it (a) provides interested parties the same seven (7) day period to prepare and file any objection as they would have under the *Seventh Amended Notice, Case Management and Administrative Procedures* [Docket No. 4086-1] (the "Case Management Procedures") and (b) reduces the time between the filing of the Procedures Motion and the January 30, 2019 hearing by only six (6) days (or if the Court chooses to hear the Procedures

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Procedures Motion.

[3] According to this Court's order, dated January 11, 2019 [Docket No. 4716], the January 30/31, 2019 omnibus hearing will be held in Courtroom 17C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

2

Motion on January 31, 2019, by only five (5) days.[4] Moreover, the expedited schedule is appropriate here because the relief sought in the Procedures Motion is purely procedural in nature.

## JURISDICTION AND VENUE

2. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.[5]

3. Venue is proper pursuant to section 307(a) of PROMESA.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006, made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the Case Management Procedures.

## BASIS FOR RELIEF REQUESTED

5. Bankruptcy Rule 9006(c)(1) provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced." Further, Local Rule 9013-1(a) allows a party to request that a court "consider a motion on an expedited basis." Cause exists to schedule the Procedures Motion on an expedited basis.

6. As explained more fully therein, the Procedures Motion seeks entry of an order establishing procedures for the resolution of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy*

---

[4] Under the Case Management Procedures, the deadline to file pleadings to be considered at the January 30, 2019, omnibus hearing was January 8, 2019, with objections due January 15, 2019 and replies (for the Debtors and the official committees) due January 23, 2019.

[5] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

3

*Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (the "Objection"). Specifically, the Procedures Motion seeks entry of an order that would, among other things, (i) permit the Objection to proceed in an omnibus fashion, even if the ultimate number of Challenged GO Bond Claims exceed one hundred, to resolve the Challenged GO Bond Claims of those holders identified on Appendix I to the Objection and those holders who elect to participate in the litigation of the Objection, (ii) establish a mechanism for providing notice of and an opportunity to participate in the litigation to other parties in interest, including the Puerto Rico Fiscal Agency and Financial Advisory Authority and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and to all actual and potential holders of the Challenged GO Bond Claims, including those that have not filed claims or otherwise appeared in these Title III cases, and (iii) establish certain initial litigation procedures for all participants.

7. Expedited consideration of the Procedures Motion is of paramount importance to these Title III cases. The Procedures Motion is a critical first step towards the resolution of the Objection, which challenges more than $6 billion in general obligation ("GO") bonds. Given the size of the Challenged GO Bond Claims, resolution of the Objection is necessary for the Commonwealth to successfully emerge from these Title III cases. Moreover, entry of the Proposed Order will not prejudice any party in interest. The Proposed Order will not shorten the time for parties in interest to file an objection, as they would have the full seven days to do so, as contemplated under the Case Management Procedures. In addition, the total time between filing of the Procedures Motion and the proposed hearing would be reduced only by a few days, from the 22 days contemplated under the Case Management procedures to 16 days (if the motion is heard on January 30, 2019) or 17 days (if the motion is heard on January 31, 2019). Moreover,

4

the proposed reply deadline of January 25, 2019 would shorten the time period between filing thereof and the hearing from seven (7) days to five (5) days (if the motion is heard on January 30, 2019) or six (6) days (if the motion is heard on January 31, 2019). Finally, the expedited schedule is appropriate here because the relief sought in the Procedures Motion is purely procedural in nature.

8. Section I.H. of the Case Management Procedures requires that the undersigned counsel certify that they have engaged in reasonable, good-faith communications with counsel to other interested parties in an effort to resolve or narrow the issues that are being brought to the Court in the Urgent Motion. No indenture trustee exists that may serve as a representative for all holders of Challenged GO Bond Claims in these cases. Moreover, it was wholly impractical to consult the enormous number of holders of Challenged GO Bond Claims affected by the Procedures Motion.[6] Nevertheless, prior to the filing of the Objection, the Movants have had discussions with counsel to a subset of holders of Challenged GO Bond Claims regarding the Objection. In addition, prior to the filing of this Motion, the Movants met and conferred with counsel for these bondholders regarding the Procedures Motion and this Motion. During that call, Movants described the specified relief sought in the Procedures Motion and this Motion, and counsel to these bondholders responded by indicating that (i) counsel did not have client authority to take a position regarding the relief sought and (ii) in any event, would need to review the motions and proposed orders before taking a position. The Movants further submit that, because the Movants are not altering the seven (7) day objection period, there is no prejudice to any party in interest.[7]

---

[6] According to the claims registry maintained by Prime Clerk, more than 4,000 proofs of claim have been filed asserting bond-based claims against the Commonwealth.

[7] Any prejudice, if at all, is to the Movants themselves, who will have less time to reply to any objections to the Procedures Motion.

5

9. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certify that counsel have carefully examined the matter and concluded that there is a true need for an urgent hearing, and that the movants have not created the urgency through lack of due diligence on their part.

## NOTICE

10. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection;[8] (ix) Cede & Co., as depository for Commonwealth bonds; and (x) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

11. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

---

[8] According to the claims registry maintained by Prime Clerk, more than 4,000 proofs of claim have been filed asserting bond-based claims against the Commonwealth. Many of these claims are based on bonds other than GO bonds. However, given the sheer volume of claims, it would be cost-prohibitive to review and analyze more than 4,000 proofs of claim to determine which ones, in fact, assert claims based on holdings of Invalid GO Bonds. The Movants, therefore, limited their review to proofs of claim alleging in excess of $50 million of bond debt.

6

WHEREFORE, the Movants respectfully request that the Court enter the proposed order attached hereto as **Exhibit A** expediting consideration of the Procedures Motion and granting such other relief as the court deems just and proper.

Dated: January 14, 2019    /s/ Edward S. Weisfelner

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Justin S. Weddle, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

/s/ Alberto Estrella

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*