UNITES STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*<br>Debtors[1] | PROMESA Title III<br><br>Case No. 17-BK-03283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of,<br><br>THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br>    Debtor. | PROMESA Title III<br><br>No. 17 BK 3284-LTS |

## MOTION IN LIMINE OR TO STRIKE MRS. NATALIE JARESKO AND MR. DAVID M. BROWNSTEIN DECLARATIONS (DOCKET ENTRIES NO. 4756 AND 4757 IN CASE NO. 17-03283)

---

[1] The Debtors in these Title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

**COMES NOW PROSOL-UTIER**: (1) Capítulo Autoridad de Carreteras ("HTA Chapter"); (2) Capítulo Instituto de Cultura Puertorriqueña ("ICP Chapter"); (3) Capítulo Oficina del Procurador del Veterano ("OPV Chapter"); (4) Capítulo de Oficina Desarrollo Socioeconómico y Comunitario ("ODSEC Chapter") y (5) Capítulo de Jubilados ("Retirees Chapter") (Collectively known as "PROSOL-UTIER"), and submit this *Motion In Limine or to Strike Mrs. Natalie Jaresko and Mr. David M. Brownstein Declarations (Docket Entries No. 4756 and 4757 in Case No. 17-03283).*

## BACKGROUND

1. On November 30, 2018, the Financial Oversight and Management Board ("FOMB") filed a *Second Amended Title III Plan of [COFINA]*. [Docket Entry No. 4392]. Later, on January 9, 2019 the FOMB filed the *Third Amended Title III Plan of Adjustment of [COFINA]* [Docket Entry No. 4658 in Case No. 17-03283] ["COFINA Plan"]. PROSOL-UTIER filed and opposition to the confirmation of the COFINA Plan [Docket Entry No. 4592 in Case No. 17-03283] as a contested matter governed by Federal Rule of Bankruptcy Procedure 9014. With that purpose, PROSOL-UTIER disclosed in a report the expert testimony of Dr. José Israel Alameda-Lozada. In addition, submitted with the Motion Dr. Alameda's curriculum vitae and a Declaration under penalty of perjury about the circumstances of the report and its reliability.

2. On January 5, 2019, PROSOL-UTIER submitted to the FOMB a First Request for Documents and Information with regards to PROSOL-UTIER's Objection to the COFINA Plan of Adjustment. [See Exhibit 1]. The letter requested, among other things, all the information regarding the expert witnesses under Fed. R. Evid. 702 that the FOMB would present in the Confirmation Hearing.

3. On January 8, 2019, PROSOL-UTIER requested to the FOMB a response to the First Request for Documents and Information sent on January 5th, 2019. [See Exhibit 2].

2

4. On the same day, the FOMB responded stating that "the Oversight Board does not presently intend to offer testimony by a witness designated under Rule 702 in its case in chief support of confirmation of the COFINA plan of adjustment. If the presentation of evidence I our case in chief changes, we will let you know. Lary" [See Exhibit 2].

5. The FOMB **never informed** PROSOL-UTIER of a change in the presentation of evidence in the case. The FOMB never submitted the requested full names, addresses, telephone numbers, emails and curriculum vitae of the expert or expert witnesses who would testify in the January 16-17, 2019 Hearing, nor all the necessary information based upon for issuing the opinion or testimony in court as required by Rule 702 of the Federal Rules of Evidence and the relevant case law.

6. However, on January 10th, 2019 the FOMB informed that it was going to submit written testimonies of its witnesses for the different Hearing Matters. Therefore, on January 11, 2019, this Honorable Court ordered that such written testimonies be filed by January 12, 2019.

7. On January 12, 2019, the FOMB submitted the *Declaration of Natalie A. Jaresko in Support of Confirmation of Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation;* and the *Declaration of David M. Brownstein in Support of Confirmation of Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation.* [Docket Entries 4756 and 4757 in Case No. 17-03283, respectively] ("the Declarations"). The Declarations were presented as expositions of facts that clearly went over the limitations of Fed. R. Evid. 701,[2] including many unqualified opinions without personal knowledge and based on hearsay. Also, they expressed opinions that are not admissible under Fed. R. Evid. 702.[3]

---

[2] Jaresko's Plan Declaration page 4, item 7: "Except as otherwise indicated, **all facts** set forth herein (or incorporated by reference herein) are based upon my personal knowledge **or the personal knowledge of employees who report to me**, my review of relevant documents, **information provided to me by COFINA's advisors**, or my opinion based upon my familiarity with COFINA. If I were called upon to testify, **I could and would testify competently as to the facts set forth herein.**" Brownstein's Plan Declaration page 4-5, item 8: "I am authorized to

3

8. The proceedings for the confirmation of a plan of adjustment under Section 314 of PROMESA requires the presentation of technical and scientific evidence in order to determine, for example, the feasibility concept as well as the protection of essential services, the adequate funding of pension systems and the development of trustworthy economic projections that would eliminate structural deficits. The Declarations submitted by Natalie A. Jaresko and David M. Brownstein before this Honorable Court lack the most basic standards required. The witnesses lack the necessary qualifications to testify as experts in the confirmation hearing under Section 314 of PROMESA. These Declarations do not include any type of scientific or technical studies, equations or documents to sustain their conclusions. Furthermore, they are based on hearsay evidence inadmissible under Rules 801 and 802 of the Federal Rules of Evidence, without personal knowledge in violation of Fed. R. Evid. 602 and express unqualified legal opinions that are completely unnecessary. Under these circumstances, the Declarations are completely useless and should be deemed inadmissible under Rule 403 of the Federal Rules of Evidence.

## STANDARD OF REVIEW

9. The FOMB has the burden of proof to move this Honorable Court to confirm the COFINA Plan. In the context of Chapter 9 cases, see *In re Mount Carbon Metro. Dist.* (1999, BC DC Colo) 242 BR 18, 17 Colo Bankr Ct Rep 108.[4]

---

submit this Declaration on behalf of COFINA. Except as otherwise indicated, and except to the extent I recite statutory background information, **all facts set forth herein** (or incorporated by reference herein) are based upon my personal knowledge or the personal knowledge **of employees who report to me**, my review of relevant documents, information provided to me by COFINA's advisors, my understanding based upon my familiarity with COFINA and its financial condition, and my experience in the industry. **If I were called upon to testify, I could and would testify competently as to the facts set forth herein**." [Emphasis added]

3 See for instance Jaresko's Plan Declaration page 18, item 34: "**I believe** that the Plan complies with the provisions of PROMESA Section 314(b) discussed herein, **as such provisions have been explained to me by the Oversight Board's legal advisors**, based on (a) my understanding of the Plan, (b) the events that occurred throughout COFINA's Title III Case, and (c) various orders entered by the Court during COFINA's Title III Case and the requirements of PROMESA Title III." [Emphasis added]

[4] Metropolitan district failed to meet its burden of satisfying confirmation requirements of 11 U.S.C. § 943(b)(1), (2) and (7) by preponderance of evidence, since plan was not feasible, where it was not suitable vehicle for district to repay its pre-petition debts and provide future public services; in determining that plan was not proposed in good faith, totality of circumstances must be considered, including fact that the role of Bankruptcy Court in Chapter 9 is

4

10. Federal Bankruptcy Rule 9017 states that the Federal Rules of Evidence apply in cases under the Bankruptcy Code.

11. Fed. R. Evid. 701 states that if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Besides, Fed. R. Evid. 602 states that a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703. According to Fed. R. Evid. 802, as a general rule, facts witnesses are not allowed to base its testimony on hearsay as defined by Fed. R. Evid. 801.

12. On the other hand, the principal rule of admission of expert testimony is Rule 702 of the Federal Rules of Evidence.[5] A witness who is qualified as an expert by knowledge, education, training, skill or experience may testify in the form of an opinion or otherwise if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.

13. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,*[6] the Supreme Court tasked trial judges with "ensur[ing] that any and all scientific testimony or evidence admitted is not only

---

to supervise reorganization process and is limited in plan confirmation process to disapproving or approving municipality's proposed plan.
[5] Fed. R. Evid. 702.
[6] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

relevant, but reliable.[7] The Supreme Court extended the trial court's "gatekeeping" role to "technical" and "other specialized" knowledge in *Kumho Tire Co., Ltd. v. Carmichael*.[8]

14. Among the requirements imposed by Fed. R. Evi. 702 is than an expert opinion has "a reliable basis in the knowledge and experience of [the expert's] discipline."[9] Nevertheless, "As a general rule, an expert's testimony on issues of law is inadmissible."[10]

15. An expert report that serves as a mere "conduit" for hearsay likewise infringes the role of the factfinder because "the job [] of judging [the hearsay] witnesses' credibility and drawing inferences from their testimony belongs to the factfinder."[11] Although the Rules allow experts some leeway with respect to hearsay evidence according to Fed. R. Evi. 703, a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.[12]

16. Finally, Fed. R. Evi. 403 states that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## ARGUMENT

17. As a threshold issue, the FOMB has the burden of proof of establishing that the plan of adjustment is confirmable under Section 314 of PROMESA.[13] However, the FOMB has submitted witnesses whose testimony is inadmissible and also insufficient to satisfy the burden

---

[7] *Daubert,* 509 U.S. at 589.
[8] *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141 (1999).
[9] *Daubert*, 509 U.S. at 591-592; *see also* Fed. R. Evid., Rule 702(c) and (d).
[10] *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Marx & Co., Inc. v. Diners'Club , Inc.*, 550 F.2d 505 , 510 (2d Cir. 1977) ("The special legal knowledge of the judge makes the witness' testimony superfluous.").
[11] *Marvel Characters, Inc. v. Kirby,* 726 F.3d 119, 136 (2d Cir. 2013) (affirming exclusion of an expert report undergirded by hearsay statements").
[12] *Id.*
[13] 48 U.S.C. § 2141 and 2174.

of proof. Without an expert testimony to validate the conclusions of the Fiscal Plans and the COFINA Plan of Adjustment it is impossible for this Honorable Court to evaluate the applicable criteria for confirmation and compliance with PROMESA, particularly with Sections 201 and 314.[14]

18. None of the declarants were proffered as expert witnesses. They were presented as facts witnesses,[15] but contrary to the provisions of the Federal Rules of Evidence, the declarants intend to offer expert testimony that consists of inferences and opinions.[16]

19. The declarants' opinions are based in just their plain belief, not applying any scientific principles that produce reliable results.[17]

20. Moreover, the qualifications stated in the Declarations do not establish the relevant competencies to testify regarding the reliability and feasibility of the economic projections of the COFINA Plan of Adjustment. For example, none of the declarants are economists.[18]

---

[14] 48 U.S.C. § 2141. Judicial evaluation of the validity of the actions of the FOMB under Title II of PROMESA is finally ripe. At page 21 of the *Opinion and Order* of February 27, 2018, in the case *Ambac Assurance Corporation v. Commonwealth of Puerto Rico*, Adv. Proc. 17-159-LTS, this Court expressed the following:
> Under PROMESA's statutory framework, it is only at the plan confirmation stage that the Court determines whether a proposed plan of adjustment **complies with, among other things, the provisions of Title 11 of the United States Code which have been made applicable to these cases by Section 301 of PROMESA and the relevant provisions of PROMESA.** See PROMESA § 314. [Emphasis added]

[15] Jaresko's Plan Declaration page 4, item 7: "Except as otherwise indicated, **all facts** set forth herein (or incorporated by reference herein) are based upon my personal knowledge **or the personal knowledge of employees who report to me**, my review of relevant documents, **information provided to me by COFINA's advisors**, or my opinion based upon my familiarity with COFINA. If I were called upon to testify, **I could and would testify competently as to the facts set forth herein.**" Brownstein's Plan Declaration page 4-5, item 8: "I am authorized to submit this Declaration on behalf of COFINA. Except as otherwise indicated, and except to the extent I recite statutory background information, **all facts set forth herein** (or incorporated by reference herein) are based upon my personal knowledge or the personal knowledge **of employees who report to me**, my review of relevant documents, information provided to me by COFINA's advisors, my understanding based upon my familiarity with COFINA and its financial condition, and my experience in the industry. **If I were called upon to testify, I could and would testify competently as to the facts set forth herein.**" [Emphasis added]

16 See for instance Jaresko's Plan Declaration page 18, item 34: "I believe that the Plan complies with the provisions of PROMESA Section 314(b) discussed herein, as such provisions have been explained to me by the Oversight Board's legal advisors, based on (a) my understanding of the Plan, (b) the events that occurred throughout COFINA's Title III Case, and (c) various orders entered by the Court during COFINA's Title III Case and the requirements of PROMESA Title III."

17 See for instance Jaresko's Plan Declaration page 19, item 35: "I believe such classification complies with section 1122(a) of the Bankruptcy Code because each Class contains only claims that are substantially similar to each other."

[18] See Jaresko's Plan Declaration page 2-8, item 1-7 and Brownstein's Plan Declaration page 2-5, items 1-8.

21. Moreover, none of the declarants did any calculation, scientific evaluation or applied economic models to demonstrate the feasibility of the plan of adjustment nor established the economic or financial foundation of their opinions.[19] Additionally, there is not even the slightest evidence about who performed the projections used to conclude that the COFINA Plan of Adjustment is in compliance with PROMESA and it is feasible. Therefore, their opinions are baseless and without any probative value.[20]

22. Their opinions are based in the work of out of court communications of other that are not witnesses in these proceedings, therefore it is forbidden hearsay.[21]

23. The declarants, particularly Mrs. Jaresko, appear to believe everything they were told by the legal advisors and the FOMB without any evidence of independent verification or corroboration.[22] For instance, many of the explanations of purported compliance with Section 314(b) of PROMESA are recitations of summarized portions of COFINA's Plan of Adjustment.[23]

24. It is particularly important that Mrs. Jaresko's opinions of the purported compliance of the COFINA Plan of Adjustment with Section 314(b) of PROMESA are based upon information provided by the FOMB's attorneys which are not witnesses in these proceedings.[24] Even worst, sometimes she speaks for herself and sometimes on behalf of the FOMB.[25]

---

[19] *See* Jaresko's Plan Declaration page 27, item 55 and Brownstein's Plan Declaration page 4-5, item 8.
[20] *See* Fed. R. Evid. 702.
[21] Jaresko's Plan Declaration page 7, item 7: "Except as otherwise indicated, **all facts** set forth herein (or incorporated by reference herein) are based upon my personal knowledge **or the personal knowledge of employees who report to me**, my review of relevant documents, **information provided to me by COFINA's advisors**…" Brownstein's Plan Declaration page 4-5, item 8: "…**all facts set forth herein** (or incorporated by reference herein) are based upon my personal knowledge or the personal knowledge **of employees who report to me**…" F.R.E. 801-802. [Emphasis added]
[22] *See* Jaresko's Plan Declaration page 27, item 55.
[23] *See* Jaresko's Plan Declaration page 24-ss, items 48-ss.
[24] *See* Jaresko's Plan Declaration page 18, item 34.
[25] *See* Jaresko's Plan Declaration page 21-22, items 43-44.

25. Mrs. Jaresko declaration states many conclusions regarding compliance with PROMESA and the applicable sections of the Bankruptcy Code. However, she is not a legal advisor, nor is this type of testimony relevant and admissible to the questions at hand; this Honorable Court does not need testimony about what the applicability of the law.[26]

26. Also, the declarations ignore the relevant issues brought by Dr. José I. Alameda-Lozada, which are requirements for the confirmation of the COFINA Plan of Adjustment, according to Section 314(b) of PROMESA. The declarants are not qualified to appropriately respond to Dr. Alameda's findings. Therefore, the declarations lack probative value to hold out and objection under Fed. R. Evid. 403.

27. Furthermore, none of the witnesses addressed the feasibility requirement stated in Section 314(b)(6) of PROMESA.[27] Much less, the consistency of the COFINA Plan of Adjustment with the COFINA Fiscal Plan as required by Section 314(b)(7) of PROMESA.[28] Therefore, their declarations are not satisfactory to sustain a finding that the COFINA Plan of Adjustment complies with the provisions of PROMESA. Thus the COFINA Plan of Adjustment is not confirmable.

28. In light of the above stated, PROSOL-UTIER objects in its entirety the Declarations of Mrs. Natalie Jaresko and Mr. David M. Brownstein (Docket Entries No. 4756 and 4757 in Case No. 17-03283) on the ground that they are fact witnesses testifying in the form of opinions and relying on hearsay, without personal knowledge and are not qualified experts. The Declarations lack probative value, thus should be excluded according to Fed. R. Evid. 403.

---

[26] *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); see also *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) ("The special legal knowledge of the judge makes the witness' testimony superfluous.").

[27] "(6) the plan is feasible and in the best interests of creditors, which shall require the court to consider whether available remedies under the non-bankruptcy laws and constitution of the territory would result in a greater recovery for the creditors than is provided by such plan; and…"

[28] "(7) the plan is consistent with the applicable Fiscal Plan certified by the Oversight Board under subchapter II."

9

29. To the extent the Court does not exclude the Declarations, as an alternative remedy, this Court should exclude the specific paragraphs as shown in Tables 1 and 2 of Exhibit 3. Tables 1 and 2 show the specific declarations that are inadmissible along with the grounds for PROSOL-UTIER's objection.

## CONCLUSION

This Honorable Court must exclude the Declarations of Mrs. Natalie Jaresko and Mr. David M. Brownstein (Docket Entries No. 4756 and 4757 in Case No. 17-03283) in their entirety. In the alternative, if not totally excluded, the specific assertions as presented in Tables 1 and 2 of Exhibit 3 should be excluded.

RESPECTFULLY SUBMITTED,

/s/Rolando Emmanuelli Jiménez
USDC: 214105

/s/Jessica E. Méndez Colberg
USDC: 302108

Bufete Emmanuelli, C.S.P.
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 1-787-841-1435
E-mail: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Seventh Amended Notice, Case Management and Administrative Procedures*:

(i) Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York

        Daniel Patrick Moynihan United States Courthouse
        500 Pearl St., Suite No. 3212
        New York, New York 10007-1312;

(ii)    Office of the United States Trustee for Region 21
        Edificio Ochoa, 500 Tanca Street, Suite 301
        San Juan, PR 00901-1922

                                  /s/Rolando Emmanuelli Jiménez
                                USDC: 214105

                                /s/Jessica E. Méndez Colberg
                                USDC: 302108