## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**FIRST SET OF INTERROGATORIES OF THE GMS GROUP, LLC TO COFINA AGENT IN SUPPORT OF AMENDED OBJECTION OF THE GMS GROUP, LLC TO SECOND AMENDED TITLE III PLAN OF ADJUSTMENT OF PUERTO RICO SALES TAX FINANCING CORPORATION AND REQUEST FOR EVIDENTIARY HEARING**

**GODREAU & GONZALEZ LAW, LLC**
Rafael A. González Valiente
P.O. Box 9024176
San Juan, PR 00902-4176
787.726.0077 (office)
787.360.0787 (cell)
rgv@g-glawpr.com

1

142717663.3

**PERKINS COIE LLP**
Gary F. Eisenberg (pro hac vice application pending)
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
Telephone: (212) 262-6902
Facsimile: (212) 977-1632
Email: geisenberg@perkinscoie.com

*Attorneys for The GMS Group, LLC*

Dated: January 3, 2019

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, incorporating by reference Rule 33 of the Federal Rules of Civil Procedure, Bettina Whyte, Agent for Financial Oversight and Management Board as Representative for the Commonwealth of Puerto Rico, is required within ten (10) days of the service hereof, to answer in writing and under oath the following interrogatories propounded by The GMS Group, LLC ("GMS" or "Secured Creditor").

### Definitions

1. "Adversary Proceeding" shall mean the adversary proceeding titled *The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico, as agent of The Financial Oversight and Management Board for Puerto Rico, as representative of The Commonwealth of Puerto Rico, Plaintiff, v. Bettina Whyte, as agent of The Financial Oversight and Management Board for Puerto Rico,* Adv. Proc. 17-257-LTS, filed in the Commonwealth PROMESA Case.

2. "Affiliate" shall mean, with respect to any Entity or Person, any other Entity or Person (a) that owns ten percent (10%) or more of the voting securities in such Entity or Person,

2

142717663.3

(b) of which ten percent (10%) or more of the voting securities are owned by such Entity or Person, (c) that controls, is controlled by or is under common control with such Entity or Person or (d) that manages or is managed by such Entity or Person.

3. "Appraisal" shall mean any valuation or opinion of valuation of any kind.

4. "Appraiser" shall mean any person or entity making, performing or expressing an opinion as to any Valuation.

5. "Bondholder" means holder of any Senor COFINA Bonds or Junior COFINA Bonds.

6. "Cases" means the COFINA PROMESA Case and the Commonwealth PROMESA Case.

7. "COFINA" means Puerto Rico Sales Tax Financing Corporation.

8. "COFINA Agent" means Bettina Whyte, as agent for FOMB.

9. "COFINA PROMESA Case" means the Title III restructuring case commenced by COFINA under 48 U.S.C. § 2101 et seq., Case No. 17 BK 3284-LTS.

10. "Commonwealth" means the Commonwealth of Puerto Rico.

11. "Commonwealth PROMESA Case" means the Title III restructuring case commenced by the Commonwealth under 48 U.S.C. § 2101 et seq., Case No. 17 BK 3283-LTS.

12. "Communication(s)" shall mean any contact, oral or written, including electronic, whereby information of any nature is transmitted or transferred, including without limitation, a

3

Person(s) seeing or hearing any information by any means and any Document memorializing or referring to the contact.

13. "Court" means the United States District Court for the District of Puerto Rico presiding over the Cases.

14. "Disclosure Statement" means the disclosure statement [Case No. 17-3284, ECF No. 367] filed in the Cases and approved by the Court in connection with the Plan.

15. The terms "Document," "Documents," "document," and "documents" are used in their broadest possible sense and refer, without limitation, to all written, electronically stored, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications or records of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, magnetic, photographic, or other means, and including audio or video recordings of communications, occurrences or events. This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, checks, check registers, financial statements, journals, ledgers, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, financial packaging, plans, photographs, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, emails, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information or communications can be obtained. The terms "Document" and "Documents" shall include all preliminary versions,

142717663.3

drafts or revisions of the foregoing, and all copies of a Document shall be produced to the extent that the copies differ from the Document produced due to notations, additions, insertions, comments, enclosures, attachments or markings of any kind.

16. "Entity" shall mean corporation, company, firm, partnership, joint venture, association, governmental body or agency, or Persons other than a natural person, including without limitation any parents, predecessors-in-interest, subsidiaries, affiliates, directors, officers, employees, agents, and representatives thereof, as well as any attorneys, consultants, accountants, and investment bankers.

17. "FOMB" means Financial Oversight and Management Board as Representative for the Commonwealth of Puerto Rico.

18. "Including" means including, but not limited to.

19. "Junior COFINA Bonds" has the meaning as set forth in the Settlement Agreement.

20. "Person(s)" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys or other representatives acting on the Person's behalf.

21. "Plan" means the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation [Case No. 17-3284, ECF No. 368].

22. "Plan Supplement" means the notice and related exhibits filed in the COFINA PROMESA Case [Case No. 17-3284, ECF No. 371].

142717663.3

23. "Rule 7033" means Fed.R.Civ.P. 33, made applicable to this contested matter by Fed.R.Bankr.P. 7033.

24. "Senior COFINA Bonds" has the meaning as set forth in the Settlement Agreement.

25. "Settlement Agreement" means that certain Amended and Restated Plan Support Agreement, dated as of September 20, 2018, among FOMB, COFINA and others, as attached as Exhibit B to the Plan Supplement.

26. "SUF" means that Statement Of Undisputed Material Facts In Further Support Of The Motion For Summary Judgment By The COFINA Agent filed in the Adversary Proceeding [Adv. Proc. No. 17-257, ECF No. 312].

27. "Term Sheet" means that certain term sheet attached as Exhibit C to the Plan Supplement.

28. "Valuation" shall mean any process of analyzing, estimating or expressing an opinion as to value, including but not limited to market value.

29. "You," "Your," "you," or "your" means either the COFINA Agent, or FOMB, including without limitation all members, partners, managing members, managing partners, general partners, officers, directors, current and former employees, counsel, agents (including without limitation any Entity or Person that manages COFINA Agent or FOMB or any of its Affiliates or otherwise acts on behalf of COFINA Agent or FOMB or any of either's Affiliates), consultants, representatives, and any other persons acting on behalf of any of the foregoing, and any of COFINA Agent's or FOMB's Affiliates, parents, divisions, joint ventures, licensees,

6

franchisees, assigns, predecessors and successors in interest, and any other legal entities that are owned or controlled by COFINA Agent or FOMB or which own or control COFINA Agent or FOMB (including without limitation all governmental representatives and agents having appointment power or supervisory power over COFINA Agent or FOMB or any of its members), and all predecessors and successors in interest to such entities.

30. Terms not otherwise defined herein shall have the meanings ascribed to them in Black's Law Dictionary.

## INSTRUCTIONS

1. Pursuant to Rule 7033, you are to furnish all information available to you and to your agents, employees and attorneys in answering the following First Set of Interrogatories. You are to designate which of such information is not within your first-hand knowledge, and as to that information you are to state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document including the location thereof.

2. Pursuant to Rule 7033, you are not to leave any part of an Interrogatory unanswered merely because you may object to another part of that Interrogatory. If you raise a claim of privilege and/or an objection to any Interrogatory, or any subpart thereof, and an answer is not provided on the basis of your assertion of that objection, you must identify the nature of the privilege or reasons for nondisclosure asserted and provide the following information:

    A.    For documents:

        (1)    the reasons for withholding the document;

        (2)    a statement of the basis for the claim of privilege, work product protection or other ground for non-disclosure; and

7

(3) a brief description of the document, including:

    (a) the date of preparation of the document and any date identified on the document;

    (b) its number of pages, attachments and appendices;

    (c) the name or names of its authors or preparers and an identification by employment and title of each such person;

    (d) the name of each person who was sent, shown, or blind or carbon copied on the document, or who has had access to or custody of the document, together with an identification of each such person;

    (e) the present custodian; and

    (f) its subject matter and, in the case of any document referring or relating to a meeting or conversation, an identification of such meeting or conversation.

B. For oral communications:

(1) the name of the person making the communication and the name of all persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

(2) the date and place of the communication; and

(3) the general subject matter of the communication.

3. If you answer any Interrogatory by reference to records from which the answer may be derived or ascertained, you must:

    A. specify the document to be produced in sufficient detail to permit the propounder of these Interrogatories to locate and identify the records and to ascertain the answer to the Interrogatory as readily as you would be able to ascertain the answer to the Interrogatory;

    B. make available any computerized information or summaries thereof that you have, or can adduce by a relatively simple procedure;

142717663.3

   C. provide compilations, abstracts or summaries in your custody or readily obtainable by you; and

   D. make available such documents for inspections and copying within ten days after service of answers to this First Set of Interrogatories.

 4. Each request for a document or documents shall be deemed to call for the production of any identical copy or copies of the original document or documents. Each request should be considered as including all nonidentical copies, whether such copies differ from the originals by reason of any notations made on such copies or otherwise and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content, or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

 5. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify in writing each such document and provide the following information:

   A. the date it was lost, discarded or destroyed;

   B. the circumstances and manner in which it was lost, discarded or destroyed;

   C. the reason for disposing of the document (if discarded or destroyed);

   D. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

   E. the identity of the person(s) who lost, discarded or destroyed the document; and

   F. the identity of all persons having knowledge of the contents thereof.

142717663.3

6. Unless another time period is encompassed by the Interrogatory, each Interrogatory refers to and includes the period from January 1, 2003 through the date of your response to that Interrogatory.

7. If in response to an Interrogatory, you do not know all the facts necessary to provide a complete answer, you should provide such facts as are known to you and any estimates, approximations or beliefs that you consider reliable. Any such estimates, approximations or beliefs should be clearly noted, and the basis for your belief and the reliability thereof should be explained. Specify the portion of the Interrogatory that you claim you are unable to answer fully and completely, and state what knowledge, information or belief you have concerning the unanswered portion of the interrogatory. If the information sought is in the possession of a person other than you, identify that person.

8. All Interrogatories and subdivisions thereof should be answered separately and identified so that the answer clearly corresponds to the Interrogatory or subdivision to which the answer is being offered.

9. Where an Interrogatory does not specifically request a particular fact or particular information, but where such fact or information is necessary to make the answer to the Interrogatory comprehensible, complete or not misleading, the Interrogatory is deemed to request such fact or information.

10. The Interrogatories are not intended to require duplicative answers. To the extent duplication may appear to be required, it will suffice if you supply appropriate references to other relevant answers and supply any additional responsive information.

142717663.3

11. No response is to be left blank. If the response to an Interrogatory or subparagraphs of an Interrogatory is "none" or "unknown," the word "none or "unknown" must be written in the response.

12. The Interrogatories set forth below are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

13. Pursuant to Rule 7033, these Interrogatories are deemed continuing in nature and require supplemental responses in the event you obtain information that renders the answers supplied in any way incomplete or inaccurate.

## Requests for Production

**INTERROGATORY NO. 1**: State the name of the person(s) answering these Interrogatories and their telephone number, email address, and physical address.

**Response to Interrogatory No. 1**




**INTERROGATORY NO. 2**: Identify every Person or Entity that participated in negotiations among the parties in the Adversary Proceeding, including all negotiations leading up to and producing the Settlement Agreement.

**Response to Interrogatory No. 2**

11

**INTERROGATORY NO. 3**: Did any Bondholders participate in any negotiations (hereinafter "Negotiations") described in Interrogatory 2 above who were original holders of Junior COFINA Bonds from any such Junior COFINA Bonds' original issuance who held no Senior COFINA Bonds? If the answer is yes, identify each Bondholder.

**Response to Interrogatory No. 3**

**INTERROGATORY NO. 4**: Did anyone ask to participate in any Negotiations whom You or any Entity excluded?

**Response to Interrogatory No. 4**

**INTERROGATORY NO. 5**: If you answer to the previous Interrogatory is other than an unqualified "no," identify who was excluded and why.

**Response to Interrogatory No. 5**

**INTERROGATORY NO. 6**: Did any Person or Entity participate in any Negotiations who is not a party to the settlement agreement?

12

**Response to Interrogatory No. 6**

**INTERROGATORY NO. 7**: Identify all Bondholders with whom You had any Communications at any time from the date one year prior to the filing of either of the Cases to the present regarding purchase of Junior COFINA Bonds at a discount to par at any point in time or any potential benefit to either the Commonwealth, COFINA or FOMB inuring from any individual or collective set of purchases.

**Response to Interrogatory No. 7**

**INTERROGATORY NO. 8**: Did you or anyone else who participated in the Negotiations attempt to include a holder of Junior COFINA Bonds who was an original purchaser of Junior COFINA Bonds who did not also hold Senior COFINA Bonds? If so, identify each such holder.

**Response to Interrogatory No. 8**

**INTERROGATORY NO. 9**: Absent the filing of the COFINA PROMESA Case, assuming it were determined that Pledged Sales Tax and the Dedicated Sales Tax Fund (as defined in the SUF)

13

142717663.3

are owned by COFINA free and clear of any claims by the Commonwealth or any other Entity or Person other than Bondholders holding liens thereon, has COFINA had the ability to pay the Senior COFINA Bonds and the Junior COFINA Bonds as their payments come due?

**Response to Interrogatory No. 9**

**INTERROGATORY NO. 10**: How many sessions did each Mediator attend in connection with any Negotiations?

**Response to Interrogatory No. 10**

**INTERROGATORY NO. 11**: Have you obtained any Appraisal or any other opinion of Valuation from any Appraiser with respect to Senor COFINA Bonds or Junior COFINA Bonds or any collateral securing (or claimed by any holder of Senor COFINA Bonds or Junior COFINA Bonds to be securing) repayment of any Senor COFINA Bonds or Junior COFINA Bonds? If so, identify each Appraisal, Valuation and Appraiser and provide a copy of each.

**Response to Interrogatory No. 11**

14

142717663.3

Dated: New York, New York

    January 3, 2019

                              **GODREAU & GONZALEZ LAW, LLC**

                              By: */s/ Rafael A. González Valiente*
                              Rafael A. González Valiente
                              P.O. Box 9024176
                              San Juan, PR 00902-4176
                              787.726.0077 (office)
                              787.360.0787 (cell)
                              rgv@g-glawpr.com

                              Attorneys for The GMS Group, LLC

                              **PERKINS COIE LLP**

                              By:  */s/ Gary F. Eisenberg*
                              Gary F. Eisenberg
                              30 Rockefeller Plaza, 22nd Floor
                              New York, NY 10112
                              Ph. 212-262-6900
                              Email:  geisenberg@perkinscoie.com

                              Attorneys for The GMS Group, LLC

142717663.3

## SERVICE LIST

Joseph G. Minias
Matthew A. Feldman (pro hac vice)
Joseph G. Minias (pro hac vice)
Antonio Yanez, Jr. (pro hac vice)
Martin L. Seidel (pro hac vice)
James C. Dugan (pro hac vice)
Paul V. Shalhoub (pro hac vice)
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mfeldman@willkie.com
jminias@willkie.com
ayanez@willkie.com
mseidel@willkie.com
jdugan@willkie.com
pshalhoub@willkie.com
Counsel to the COFINA Agent


Kenneth N. Klee (pro hac vice)
Daniel J. Bussel (pro hac vice)
Jonathan M. Weiss (pro hac vice)
KLEE, TUCHIN, BOGDANOFF &
STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
Email: kklee@ktbslaw.com
dbussel@ktbslaw.com
jweiss@ktbslaw.com
Special Municipal Bankruptcy Counsel to the COFINA Agent


Nilda M. Navarro-Cabrer
(USDC – PR No. 201212)
NAVARRO-CABRER LAW OFFICES
El Centro I, Suite 206
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 764-9595
Facsimile: (787) 765-7575

Email: navarro@navarrolawpr.com
Local Counsel to the COFINA Agent


Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)
Paul V. Possinger (pro hac vice)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Attorneys for the Financial Oversight and Management Board
as Representative for the Commonwealth of Puerto Rico


Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, Puerto Rico 00918-1813
New York, New York 10036
Telephone: (787) 764-8181
Facsimile: (787) 753-8944
Co-Attorneys for the Financial Oversight and
Management Board for Puerto Rico


Luc A. Despins (pro hac vice)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
Nicholas A. Bassett (pro hac vice)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1902
nicholasbassett@paulhastings.com
Counsel to the Official Committee of Unsecured Creditors for
all Title II Debtors (except for COFINA)

-and-

142717663.3

Juan J. Casillas
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com
Local Counsel to the Official Committee of Unsecured Creditorss