IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF THE COMMONWEALTH OF PUERTO RICO, TO THE FIRST SET OF INTERROGATORIES OF THE GMS GROUP, LLC**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), the Federal Rules of Bankruptcy Procedure ("FRBP") and the Local Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), the Financial Oversight and Management Board, as the representative of the Commonwealth of Puerto Rico (the "Oversight Board") hereby submits the following Responses and Objections (the "Responses and Objections") to the First Set of Interrogatories of the GMS Group, LLC to Financial Oversight and Management Board as Representative for the Commonwealth of Puerto Rico in Support of Amended Objection of the GMS Group, LLC to Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation and Request for Evidentiary Hearing (the "Interrogatories").

## GENERAL OBJECTIONS

1. The Oversight Board objects to each definition, instruction and request to the extent it seeks to impose obligations that differ from or exceed those imposed by applicable rules, including the FRCP as incorporated into the FRBP, made applicable to this proceeding under PROMESA Section 310 (48 U.S.C. § 2170), the Local Rules, or this Court's chambers practices and case management orders.

2. The Oversight Board objects to each definition, instruction and request to the extent it expressly or impliedly seeks information protected from discovery by any applicable privilege, including the attorney-client privilege, the work product privilege, the common interest privilege, or the executive and deliberative process privileges. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

3. The Oversight Board objects to each definition, instruction and request to the extent it expressly or impliedly seeks information that is confidential or proprietary in nature, or otherwise

constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.

4. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information provided in connection with these interrogatories or the subject matter thereof, in whole or in part, at any trial or hearing in this proceeding or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery procedures involving or relating to the subject matter of the Interrogatories or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

5. The Oversight Board objects to the "Instructions" to the extent they place an unreasonable burden on the Oversight Board, including without limitation by seeking information that is equally or more readily available from public sources.

6. The Oversight Board objects to the "Definitions" and "Instructions" to the extent that they purport to require the Oversight Board to provide information not within its possession, custody or control.

7. The Oversight Board objects to all of the Interrogatories on the grounds that they are propounded to the Oversight Board, in its capacity as the Representative of the Commonwealth of Puerto Rico, because the Commonwealth is not party to this particular proceeding concerning the Plan of Adjustment for COFINA.

8. The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** State the name of the person(s) answering these Interrogatories and their telephone number, email address and physical address.

**Response to Interrogatory No. 1:** Subject to and notwithstanding the foregoing General Objections, all of which are incorporated by this reference as though fully set forth herein, the Oversight Board responds as follows, to the extent it understands the inquiry: the persons responding to these Interrogatories are:

Brian S. Rosen
Proskauer Rose LLP
Eleven Times Square
New York, NY 10032
(212) 969-3000

Natalie A. Jaresko
The Financial Oversight & Management Board for Puerto Rico
P.O. Box 192018
San Juan, PR 00919-2018

**Interrogatory No. 2:** Identify every Person or Entity that participated in negotiations among the parties in the Adversary Proceeding, including all negotiations leading up to and producing the Settlement Agreement.

**Response to Interrogatory No. 2:** The Oversight Board objects to this Interrogatory to the extent it seeks information that is not relevant to the issues raised by the pending confirmation hearing, and on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter. Subject to these objections, as well as the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the

3

Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board states that, in negotiations between the Oversight Board and the COFINA Agent that resulted in the Settlement Agreement, Brian S. Rosen participated on behalf of the Oversight Board, and Matthew Feldman, Joseph Minias and Daniel Forman of Willkie Farr & Gallagher, participated on behalf of the COFINA Agent. To the extent other negotiations occurred, the Oversight Board is unaware of the participants.

**Interrogatory No. 3:** Did any Bondholders participate in any negotiations (hereinafter "Negotiations") described in Interrogatory 2 above who were original holders of Junior COFINA Bonds from any such Junior COFINA Bonds' original issuance who held no Senior COFINA Bonds? If the answer is yes, identify each Bondholder.

**Response to Interrogatory No. 3:** The Oversight Board objects to this Interrogatory to the extent it seeks information that is not relevant to the issues raised by the pending confirmation hearing, and on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter. Subject to these objections, as well as the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board's participation in negotiations is as described in response to Interrogatory No. 2 above, and is unaware of any additional information that could be responsive to this Interrogatory, including the identity of the other alleged participants.

**Interrogatory No. 4:** Did anyone ask to participate in any Negotiations whom You or any Entity excluded?

**Response to Interrogatory No. 4:** The Oversight Board objects to this Interrogatory to the extent it seeks information that is not relevant to the issues raised by the pending confirmation hearing,

4

and on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter. Subject to these objections, as well as the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board did not exclude anyone who asked to participate in negotiations in which the Oversight Board was involved, and is not aware of requests by others to participate in any other negotiations.

**Interrogatory No. 5:** If you [*sic*] answer to the previous Interrogatory is other than an unqualified "no," identify who was excluded and why.

**Response to Interrogatory No. 5:** Subject to the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: not applicable – see response to Interrogatory No. 4.

**Interrogatory No. 6:** Did any Person or Entity participate in any Negotiations who is not a party to the settlement agreement?

**Response to Interrogatory No. 6:** Subject to the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board refers to its responses to Interrogatories Nos. 2 and 3, which are incorporated by reference.

**Interrogatory No. 7:** Identify all Bondholders with whom You had any Communications at any time from the date one year prior to the filing of either of the Cases to the present regarding purchase of Junior COFINA Bonds at a discount to par at any point in time or any potential benefit to either the Commonwealth, COFINA or FOMB inuring from any individual or collective set of purchases.

5

**Response to Interrogatory No. 7:** Subject to the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board objects to this Interrogatory on the ground it seeks information that is not relevant to the issues raised by the pending confirmation hearing. The Oversight Board further objects to this Interrogatory on the ground that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter.

**Interrogatory No. 8:** Did you or anyone else who participated in the Negotiations attempt to include a holder of Junior COFINA Bonds who was an original purchaser of Junior COFINA Bonds who did not also hold Senior COFINA Bonds? If so, identify each such holder.

**Response to Interrogatory No. 8:** Subject to the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board refers to its responses to Interrogatories Nos. 2, 3 and 4, which are incorporated by reference, and reiterates that it has no knowledge regarding negotiations other than those in which it participated.

**Interrogatory No. 9:** Absent the filing of the COFINA PROMESA Case, assuming it were determined that Pledged Sales Tax and the Dedicated Sales Tax Fund (as defined in the SUF) are owned by COFINA free and clear of any claims by the Commonwealth or any other Entity or Person other than Bondholders holding liens thereon, has COFINA had the ability to pay the Senior COFINA Bonds and the Junior COFINA Bonds as their payments come due?

**Response to Interrogatory No. 9:** Subject the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board objects to

6

this Interrogatory to the extent it seeks information that is not relevant to the issues raised by the pending confirmation hearing, and on the grounds that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter. The Oversight Board further objects to this Interrogatory on the ground that it calls for counterfactual speculation, and is an incomplete hypothetical, which is beyond the proper scope of discovery by interrogatory.

**Interrogatory No. 10:** How many sessions did each Mediator attend in connection with any Negotiations?

**Response to Interrogatory No. 10:** The Oversight Board objects to this Interrogatory to the extent it seeks information that is not relevant to the issues raised by the pending confirmation hearing, is vague, overly broad, and unduly burdensome, is not proportional to the needs of the matter, and seeks information in violation of the mediation privilege. Subject to these objections, as well as the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board does not know how many sessions each Mediator attended in connection with any negotiations.

**Interrogatory No. 11:** Have you obtained any Appraisal or any other opinion of Valuation from any Appraiser with respect to Senior COFINA Bonds or Junior COFINA Bonds or any collateral securing (or claimed by any holder of Senior COFINA Bonds or Junior COFINA Bonds to be securing) repayment of any Senor [*sic*] COFINA Bonds or Junior COFINA Bonds? If so, identify each Appraisal, Valuation and Appraiser and provide a copy of each.

**Response to Interrogatory No. 11:** Subject to the General Objections set forth above, all of which are incorporated by this reference as though set forth in full, and to the extent the Oversight Board understands the inquiry, the Oversight Board responds as follows: the Oversight Board objects to

7

this Interrogatory on the ground it seeks information that is not relevant to the issues raised by the pending confirmation hearing. The Oversight Board further objects to this Interrogatory on the ground that it is vague, overly broad, unduly burdensome, and not proportional to the needs of the matter.

Dated: January 14, 2019
    San Juan, Puerto Rico

/s/ Martin J. Bienenstock

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Chris Theodoridis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

/s/ Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

VERIFICATION

I am the Executive Director of the Financial Oversight and Management Board for Puerto Rico. I have read the foregoing Responses and Objections to the First Set of Interrogatories of the GMS Group, LLC to Financial Oversight and Management Board as Representative for the Commonwealth of Puerto Rico in Support of Amended Objection of the GMS Group, LLC to Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation and Request for Evidentiary Hearing and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2019.

_____
Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for Puerto Rico

## CERTIFICATE OF SERVICE

I hereby certify that, on January 14, 2019, the Oversight Board served copies of its Responses and Objections to the First Set of Interrogatories of the GMS Group, LLC to the following parties by email:

GODREAU & GONZALEZ LAW, LLC
Rafael A. González Valiente
P.O. Box 9024176
San Juan, PR 00902-4176
rgv@g-lawpr.com

PERKINS COIE LLP
Gary F. Eisenberg
30 Rockefeller Plaza, 22d Floor
New York, NY 10112
geisenberg@perkinscoie.com

Attorneys for The GMS Group, LLC

/s/ Matthew J. Morris