**Exhibit B**

**Redline of Revised Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ~~In re:~~--------------------------------------------------------------x<br>IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br><br>    Debtors.¹ | PROMESA<br><br>Title III<br><br><br><br><br>~~Case~~<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| ----------------------------------------------------------------x<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Plaintiff,<br><br>v.<br><br>BETTINA WHYTE~~,~~<br><br>    as agent of<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Adv. Proc. No. 17-00257 ~~(LTS)~~ |

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ~~("COFINA")~~ (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ~~("HTA")~~ (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ~~("ERS")~~ (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ~~("PREPA")~~ (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) ~~(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)~~.

as representative of

THE PUERTO RICO SALES TAX FINANCING CORPORATION,

    Defendant.

------------------------------------------------------------------x

# ORDER APPROVING SETTLEMENT BETWEEN COMMONWEALTH OF PUERTO RICO AND PUERTO RICO SALES TAX FINANCING CORPORATION

Upon the *Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 2019 For Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* (the "Motion");[2] and the Court having entered a scheduling order, dated October 31, 2018 [ECF No. 4128], requiring (i) all objections to the Motion and the relief requested therein to be filed with the Court and served on the Oversight Board no later than November 16, 2018 and (ii) the Debtor to file any reply to such objections by December 7, 2018; and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA; and it appearing that venue in this district is proper pursuant to section 307(a) of PROMESA; and the Court having held a hearing on January 16, 2019 (the "Hearing"), to consider the Motion and the relief requested therein, any valid objections interposed thereto, public comment and the evidence and arguments submitted at the Hearing; and the Court having found that the relief requested in the Motion is in the best interests of the Commonwealth, its creditors, and other parties in interest; and the Court having found that the Commonwealth provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements of

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in that certain Settlement Agreement, dated October 19, 2018, attached to this Order as Schedule 1.

102335940v4

~~counsel in support of the Motion at a hearing held before the Court (the "Hearing")~~; and the Court having determined that the legal and factual bases set forth in the Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and ~~any objections to the relief requested herein having been withdrawn or overruled on the merits; and~~ upon the record ~~herein~~of the Hearing, after due deliberation thereon, the Court having found that good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby found and determined that:[3]

A. Objections to the Motion and the relief requested therein having been interposed by (i) Service Employees International Union and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America [ECF No. 4233], and joined by certain plaintiffs in Adversary Proceeding No. 18-0041 [ECF No. 4239], and Federación Central de Trabajadores, U.F.C.W., Local 481 [ECF No. 4248] (collectively, the "UAW Objection"), (ii) Capítulo de Autoridad de Carreteras, Capítulo Instituto de Cultura Puertorriqueña, Capítulo Oficina del Procurador del Veterano, Capítulo de Oficina Desarrollo Socioeconomico y Comunitario, and Capítulo de Jubilados [ECF No. 4251], and joined by Federación de Maestros de Puerto Rico [ECF No 4258] (collectively, the "PROSOL-UTIER Objection"), (iii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico [ECF No. 4266] (the "Retiree Committee Objection"), and (iv) Lawrence B. Dvores [ECF No. 4244] (the "Dvores Objection" and together with the UAW Objection, the PROSOL-UTIER Objection, and the Retiree Committee Objection, the "Objections").

B. The Debtor having filed the *Commonwealth of Puerto Rico's Omnibus Reply to Objections to Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between*

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to this contested matter pursuant to Bankruptcy Rule 9014.

3

~~102335940v4~~

*Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 4434].

C. Despite not filing a formal objection to the relief requested in the Motion, the Court considered public comment and arguments presented by miscellaneous parties.

D. The Debtor having filed the *Declaration of Natalie A. Jaresko in Support of Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 4758], providing the background and summary regarding the Commonwealth-COFINA Dispute, steps the Oversight Board took to implement an independent process to resolve the dispute with a court-appointed mediation team, the complex and novel issues attendant to the Commonwealth-COFINA Dispute, and the considerations of the Oversight Board to arrive at the conclusion that the Settlement is fair and reasonable and in the best interest of the Commonwealth and its stakeholders.

E. The COFINA Agent having filed the *Statement of COFINA Agent in Support of Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 4656] attaching the *Declaration of Matthew A. Feldman* [ECF No. 4656-1] (the "Feldman Declaration"), summarizing the role of the COFINA Agent in negotiations with the Commonwealth Agent to resolve the Commonwealth-COFINA Dispute, the events leading to the Agents' announcement of the Agreement in Principle, negotiations with the Oversight Board following the announcement of the Agreement in Principle and entry into the Agreement, and the considerations of the COFINA Agent at arriving at the conclusion that the Settlement is in the best interest of COFINA.

F. The Retiree Committee Objection having been withdrawn. [ECF No. 4704].

G.      The COFINA Agent and its agents, attorneys, affiliates, advisors, and consultants, solely in such capacities (the "COFINA Agent Releasees"), have acted in good faith in connection with their evaluation of, and their conduct with respect to, the Adversary Proceeding, the Agreement in Principle, the Agreement, the Motion, and COFINA's Title III Case.

H.      The Commonwealth Agent and the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico (the "Committee"), its members, and each of their respective current and former officers, directors, agents, attorneys, employees affiliates, advisors, and consultants, solely in such capacities (collectively, the "Commonwealth Agent Releasees"), have acted in good faith in connection with their evaluation of, and their conduct with respect to, the Adversary Proceeding, the Agreement in Principle, the Agreement, the Motion, and COFINA's Title III Case.

I.      The issues raised by the Commonwealth-COFINA Dispute are novel, complex, and of great importance to the people of Puerto Rico (as well as their fellow stakeholders), and present a mixed question of federal and Puerto Rico law.

J.      The Commonwealth Agent has asserted a number of challenges to the constitutionality of the transfer of the Pledged Sales Taxes to COFINA under the Commonwealth Constitution's debt limit, debt priority, and balanced budget provisions.  Conversely, the COFINA Agent has asserted its own claims, including that the Legislative Assembly properly exercised its broad taxing and police powers to enact legislation transferring the SUT revenues to COFINA, the debt limit provisions of the Commonwealth Constitution do not prohibit the transfer of the Pledged Sales Tax to COFINA, the balanced budget provision of the Commonwealth Constitution does not preclude the transfer of SUT revenues to COFINA, nor is it applicable to the COFINA Bonds, and the plain language of Act 91 transferred ownership of the Pledged Sales Taxes to COFINA.

5

102335940v4

K. Given the complexity and novel issues involved, the divergent positions of the parties, and the protracted history of the dispute, the Commonwealth's likelihood of success in litigating the Commonwealth-COFINA Dispute is uncertain, and even if initially successful, the litigation would likely proceed to multiple appeals presenting their own risks and challenges. Accordingly, issues surrounding the probability of success weigh in favor of approving the Settlement.

L. The Commonwealth-COFINA Dispute presents complex issues that are evidenced also by the myriad of parties involved and the multiple suits already filed. The briefing in the Adversary Proceeding is extensive alone, with no fewer than six summary judgment motions having been filed by various parties that include, in addition to the Commonwealth Agent and the COFINA Agent, the Official Committee of Retirees of the Commonwealth of Puerto Rico, the COFINA Senior Bondholders' Coalition, the Ad Hoc Group of General Obligation Bondholders, the Mutual Fund Group, and the Puerto Rico Funds. All parties in interest asserted equally divergent views regarding, among other things, whether (a) Act 91 did or did not transfer to COFINA a present property interest in potential future tax revenues, (b) there was or was no "true sale" of future tax revenues by the Commonwealth to COFINA, (c) Act 91 did or did not transfer to COFINA the Commonwealth's "right to receive" future tax revenues, and (d) the COFINA structure, Act 91 and the purported SUT revenue transfer are or are not constitutional.

M. Continued litigation of the Commonwealth-COFINA Dispute will invite additional delay for both the Commonwealth and COFINA towards fiscal responsibility and access to the capital markets, significant expense, and further delay and inconvenience to the Commonwealth's and COFINA's stakeholders and ability of their creditors to receive any distribution on their

6

claims. Accordingly, the complexity of litigation and expense, inconvenience, and delay attending the litigation weigh in favor of approving the Settlement.

N. The Settlement resolving the Commonwealth-COFINA Dispute provides certainty about the amounts available for the Commonwealth's debt service and other uses, and resolves billions of dollars of claims that have been asserted against the Commonwealth by the COFINA Agent and COFINA creditors. This certainty will allow the Commonwealth to move forward with its Title III Case towards formulating a plan of adjustment, and thereby providing distributions to its creditors. The interest of the Commonwealth's creditors are not served by protracted litigation that could delay payments on their claims and the ability of the Commonwealth to move forward with its revitalization. Moreover, there are significant consequences for the Commonwealth and its stakeholders if the Commonwealth does not prevail in litigating the Commonwealth-COFINA Dispute, as the Commonwealth would be deprived of access to any portion of the approximately $783 million Pledged Sales Tax Base Amount, which annual amount increases over time. Significant Commonwealth creditor groups have also not objected or have since withdrawn their objection to the Settlement. Accordingly, the interests of the Commonwealth's creditors are served by the Settlement.

O. Based upon the applicable factors relating to the Court's consideration and approval of a compromise and settlement, the Settlement falls above the lowest point in the range of reasonableness, and, therefore, is fair and reasonable and its approval is in the best interest of the Commonwealth and its stakeholders.

NOW, THEREFORE, IT IS HEREBY ORDERED ~~THAT~~ AS FOLLOWS:

1. The Motion is GRANTED on the terms set forth in this Order, and the Objections (together with those orally presented) not otherwise withdrawn and all other objections to the Motion are overruled in their entirety.

2. The compromise and settlement embodied in the Agreement attached hereto as Schedule 1 is APPROVED in all respects.

3. The Commonwealth is authorized take any action that is necessary or appropriate to give effect to this Order.

4. The COFINA Agent is authorized to enter into the Agreement on behalf of COFINA and take any action that is necessary or appropriate to give effect to this Order; and such actions taken by the COFINA Agent pursuant to such authority are hereby deemed a good faith exercise of her duties under the Procedures Order.

5. On the Effective Date, the Agreement fully, finally, and forever resolves and releases, except to the extent necessary to enforce the Agreement or the COFINA Plan, all claims against and ownership interests in the COFINA Pledged Taxes, the Pre-FY2019 BNYM Deposits and the FY2019 BNYM Deposits, including, without limitation, all claims, causes of action, and counterclaims (i) that were or could have been asserted consistent with the Stipulation and (ii) concerning or relating to the COFINA Pledged Taxes or the Commonwealth-COFINA Dispute (as expanded by the Mediation Scope Order); provided, however, that, except as otherwise provided in the COFINA Plan, nothing herein or in the Agreement shall affect any rights, claims, or interests that creditors of the Commonwealth may have with respect to the COFINA Pledged Taxes that are (x) not allocated to COFINA consistent with the Agreement in Principle and (y) received by the Commonwealth. Notwithstanding the foregoing proviso in this decretal paragraph of this Order,

8

the Commonwealth, all creditors of the Commonwealth, and all insurers of debt of the Commonwealth shall be barred from bringing or pursuing any and all claims against the Commonwealth Agent Releasees (i) in the case of the creditors of the Commonwealth and the insurers of debt of the Commonwealth, arising out of their capacities as creditors of the Commonwealth or insurers of debt of the Commonwealth, as applicable, in any way related to the COFINA structure, the COFINA Pledged Taxes, or the Pre-FY2019 BNYM Deposits, and (ii) in the case of the Commonwealth, in any way related to the COFINA structure, the COFINA Pledged Taxes, or the Pre-FY2019 BNYM Deposits.

6. Notwithstanding the proviso in Paragraph 5 of this Order, the Commonwealth, all creditors of the Commonwealth, and all insurers of debt of the Commonwealth shall be barred from bringing or pursuing any and all claims against the COFINA Agent, COFINA (including its successor in interest), ~~and~~ its current and former officers, directors, agents, attorneys, employees, affiliates, advisors, consultants, and members, ~~and~~ any creditors or insurers of debt of COFINA, and the Commonwealth Agent Releasees (i) in the case of the creditors of the Commonwealth and the insurers of debt of the Commonwealth, arising out of their capacities as creditors of the Commonwealth or insurers of debt of the Commonwealth, as applicable, in any way related to the COFINA structure (as it relates to the COFINA Pledged Taxes up to the COFINA Portion), the COFINA Pledged Taxes up to the COFINA Portion, or the Pre-FY2019 BNYM Deposits, and (ii) in the case of the Commonwealth, in any way related to the COFINA structure (as it relates to the COFINA Pledged Taxes up to the COFINA Portion), the COFINA Pledged Taxes up to the COFINA Portion, or the Pre-FY2019 BNYM Deposits.

7. ~~(a)~~ The ~~foregoing~~ releases in Paragraphs 5 and 6 of this Order shall not release any claims that a beneficial holder of an insured COFINA Bond or BNYM, as trustee for the Existing

9

~~102335940v4~~

Securities, may have against the insurer of such Existing Securities (or any claims that such insurer may have against the beneficial holder of such Existing Securities) under or relating to the policy of insurance issued by such insurer except as the COFINA Plan may otherwise provide and (b) there shall be no release of any claims by any party against the insurers or underwriters of the Existing Securities or the general obligation bonds issued by the Commonwealth, including their current and former officers, directors, agents, attorneys, employees, affiliates, advisors, consultants, and members.

8. Any claims by COFINA, against any underwriter of the COFINA Bonds (such claims, the "COFINA Underwriter Claims") shall not cause the Commonwealth or any of its instrumentalities to incur any liability with respect to the COFINA Underwriter Claims in the nature of contribution, reimbursement, or indemnification, however denominated or described, in connection with, arising out of, or in any way related to such claims (the "Covered Claims"). Any underwriter of the COFINA Bonds against which a COFINA Underwriter Claim has been asserted shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Covered Claim based upon, related to, or arising out of the COFINA Underwriter Claims against that underwriter, whether such Covered Claim is asserted in a court, an arbitration, an administrative agency or forum, or in any other manner; provided, however, that COFINA, any insurer of Existing Securities, and any holder of Existing Securities, as applicable, shall reduce and credit against any judgment they may obtain against any underwriter of the Existing Securities the amount of any Covered Claim which is determined and awarded by a court of competent jurisdiction in any action involving the prosecution of the COFINA Underwriter Claims against such underwriter.

9. On the Effective Date, to the fullest extent permissible under applicable law, (i) the COFINA Releasees and (ii) the Commonwealth Agent Releasees, shall be released from liability for all Claims and Causes of Action (both as defined in the COFINA Plan [Case No. 17-3283, ECF No. 4392]) (as if such Causes of Action were against the COFINA Agent Releasees or the Commonwealth Agent Releasees, as applicable) with respect to the Adversary Proceeding, the COFINA Plan, and the mediation related to the foregoing.

10. On the Effective Date, to the fullest extent permissible under applicable law, the Commonwealth shall be released from all liability from all Claims and Causes of Action held by any Creditor (as defined in the COFINA Plan), solely in such capacity, arising from or relating to the relationship of the Commonwealth and COFINA, including, without limitation, any Claim or Cause of Action arising from or relating to the commencement of the Adversary Proceeding and pendency thereof, the compromise and settlement of *Bank of New York Mellon v. COFINA, et al.*, Adv. Proc. No. 17-00133, and the allocation of funds in accordance with Section 2.1 of the COFINA Plan.

11. 9. Except as otherwise authorized or permittedprovided by the Term SheetCOFINA Plan, no costs (including professional fees) incurred by COFINA or its stakeholders (including owners of Existing Securities and insurers of Existing Securities) with respect to COFINA (including the litigation of the Commonwealth-COFINA Dispute, the COFINA Plan, or the structuring of the COFINA Bonds) shall be borne by the Commonwealth and shall not in any way affect the Commonwealth Portion; provided, however, that nothing in this Order or the Agreement shall affect the right of the COFINA Agent and her professionals to be compensated or reimbursed in accordance with the terms and provisions of that certain *Second Amended Order Setting*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17-3283, ECF No. 3269] and other orders of the Court.

12. The transfer of the Commonwealth Portion pursuant to the COFINA Plan is appropriate and, subject to the occurrence of and upon the Effective Date of the COFINA Plan, is binding and specifically enforceable against COFINA and the Commonwealth, their respective creditors and all parties in interest in accordance with the COFINA Plan, including, without limitation, because the transfer of the Commonwealth Portion created in the Commonwealth an ownership interest in such property.

13. On the Effective Date, the releases provided in Section 5(b) of the Agreement shall be deemed to be granted in favor of the Commonwealth Agent Releasees.

14. ~~10.~~ The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

15. ~~11.~~ The Court retains exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

Dated: _____, _____
~~2018~~2019
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES BANKRUPTCY JUDGE