**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING<br>CORPORATION (COFINA),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**PUERTO RICO SALES TAX FINANCING CORPORATION'S OPPOSITION TO PROSOL-UTIER'S MOTION *IN LIMINE* OR TO STRIKE THE DECLARATIONS OF NATALIE A. JARESKO AND DAVID M. BROWNSTEIN IN SUPPORT OF THE THIRD AMENDED TITLE III PLAN OF ADJUSTMENT, AND RESPONSES TO PROSOL-UTIER'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS**

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

To the Honorable United States District Court Judge Laura Taylor Swain:

Puerto Rico Sales Tax Financing Corporation ("COFINA"), as the Title III debtor in the above-captioned Title III case (the "Debtor") under the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of PROMESA, hereby submits: (i) COFINA's opposition to PROSOL-UTIER's *Motion in Limine or to Strike Mrs. Natalie Jaresko and Mr. David M. Brownstein Declarations (Docket Entries No. 4756 and 4757 in Case No. 17-03283)* [ECF No. 4790 in Case No. 17-03283-LTS][2] (the "Motion in Limine"); and (ii) COFINA's responses to PROSOL-UTIER's specific evidentiary objections (the "Objections") to the Declaration of Natalie A. Jaresko (the "Jaresko Decl.") and the Declaration of David M. Brownstein (the "Brownstein Decl.") filed in support of COFINA's Third Amended Title III Plan of Adjustment [ECF Nos. 4756 and 4757] (collectively, the "Declarations").[3]

For the reasons set forth below, COFINA respectfully requests that the Court overrule the Motion in Limine in its entirety and overrule each of the Objections to the Declarations.

## I.   FACTUAL BACKGROUND

In a letter to COFINA's counsel sent on Saturday January 5, 2019 and resent to another of COFINA's counsel on January 8, 2019 (the "Letter"), UTIER-PROSOL requested that, by no later than the close of business on January 9, 2019 (i.e. the next day), COFINA produce expert declarations in support of the Third Amended Title III Plan of Confirmation and any documents

---

[2] Unless otherwise noted, all ECF numbers are from *In re The Financial Oversight and Management Board for Puerto Rico, as Representative of The Commonwealth of Puerto Rico, et al.*, Case No. 17-BK-3283-LTS.

[3] PROSOL-UTIER's evidentiary objections to the Jaresko Decl. and the Brownstein Decl. are attached to the Motion in Limine as Exhibits 3. PROSOL-UTIER's evidentiary objections to the Jaresko Decl. and the Brownstein Decl., and COFINA's responses thereto, are attached hereto respectively as Exhibits A and B.

to be relied by any expert in support of his or her opinion—the equivalent of a demand for "instant discovery." Motion in Limine, Exhibit 1. COFINA's counsel responded on January 8, 2019, that: (i) the production of expert declarations and exhibits in support of plan confirmation was not required by any order of this Court or under the applicable rules; and (ii) in any event, COFINA did not presently intend to offer testimony by a witness designated as under Fed. R. Evid. 702 in COFINA's case in chief in support of plan confirmation. Motion in Limine, Exhibit 2.

On January 11, 2019, the Court entered an order (the "Order") [ECF No. 4707] requiring COFINA to file and serve its declarations by Natalie A. Jaresko and David M. Brownstein (identified in COFINA's papers in support of plan confirmation filed on January 10, 2019) by no later than Saturday January 12, 2019. COFINA complied with the Order, serving and filing the Declarations on January 12, 2019. [ECF Nos. 4756, 4757].

Long after the close of business on January 14, 2019, PROSOL-UTIER filed the Motion in Limine, arguing that the Declarations should be stricken in their entirety. According to PROSOL-UTIER, the Declarations contain certain statements (identified in many instances as merely individual sentences) that PROSOL-UTIER characterizes as expert opinions. PROSOL-UTIER contends that COFINA should have produced the Declarations and related exhibits in response to the January 5, 2019 letter (i.e. prior to the January 12, 2019 deadline imposed by the Court on January 10, 2019), and, further, that Ms. Jaresko and Mr. Brownstein are not qualified to testify as expert witnesses. PROSOL-UTIER also objects to specific portions of the Declarations as being inadmissible under Fed. R. Evid. 702 and, in some instances, as being without foundation or hearsay. Motion in Limine, Exhibit 3.

3

As discussed below, the Motion in Limine should be denied in its entirety on four independent grounds.  First, the Letter was an untimely and improper attempt to obtain discovery regarding COFINA's declarations and exhibits, which were timely filed and served on PROSOL-UTIER pursuant to the Court's Order.  Second, the portions of the Declarations that PROSOL-UTIER claims in the Motion in Limine and Objections are expert opinion  are ***not*** expert opinions,  but rather non-expert statements by percipient lay witnesses regarding their understanding  and belief based upon their personal knowledge,  work experience (Ms. Jaresko as Executive  Director of the Oversight Board and Mr. Brownstein as Managing  Director and Co-Head of the Municipal Finance Department at Citi) and involvement  in the development  of COFINA's Third Amended Title III Plan of Adjustment.  Third, even assuming, arguendo, that any of the specific portions of the Declarations to which PROSOL-UTIER objected were considered as an expert opinion,  the Declarations establish that Ms. Jaresko and Mr. Brownstein are sufficiently  qualified  under Rule 702 to render them.  Fourth, UTIER-PROSOL's argument that the Declarations should be stricken because they purportedly fail to address PROMESA § 314 is incorrect and, in any event baseless.

Additionally,  as shown in the charts attached as Exhibits  A and B, each of PROSOL-UTIER's specific Objections to the Declarations  is without merit and should be overruled.

## II.   THE MOTION IN LIMINE SHOULD BE DENIED

### A.   The Letter Was An Untimely and Improper Attempt to Obtain Discovery

The Letter, sent by PROSOL-UTIER to COFINA's counsel a mere 11 days prior to the plan confirmation  hearing, clearly was an attempt by PROSOL-UTIER to obtain untimely  expert discovery regarding the plan of confirmation  hearing which, as COFINA's counsel correctly responded, also was not required by any Court order or applicable rule.  Although  not required to

4

do so, COFINA truthfully responded that it did not contemplate submitting an expert declaration under Rule 702. Moreover, after the Court entered the Order setting a January 12, 2019 deadline for filing and service of the Declarations, COFINA fully complied. Given COFINA's truthful response to PROSOL-UTIER's untimely and improper request for expert discovery and compliance with the Court's deadline for filing and serving the Declarations, the Motion in Limine should be denied.

**B.     The Portions of the Declarations to Which PROSOL-UTIER has Objected as Purportedly Containing Expert Opinions Properly Constitute Testimony by a Percipient Lay Witness Admissible Under Fed. R. Evid. 701**

The Motion in Limine should be denied because the specific portions of the Declarations to which PROSOL-UTIER has objected as purportedly containing expert opinion instead are testimony by a percipient lay witness admissible under Fed. R. Evid. 701.

Lay experiential expertise within the scope of Rule 701 "refers to those processes that are well founded on personal knowledge and susceptible to cross-examination." *United States v. Ayala–Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (citations and quotations omitted); *see also United States v. Belanger*, 890 F.3d 13, 25 (1st Cir. 2018) ("Time and again we have stated that [Fed. R. Evid.] Rule 701 lets in 'testimony based on the lay expertise a witness personally acquires through experience, often on the job.'").

A witness is not an expert witness merely because he or she has specialized training and knowledge in a particular field. *See Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011); *Gonzalez v. Exec. Airlines, Inc.*, 236 F.R.D. 73, 75-77 (D.P.R. 2006). Indeed, a witness with specialized knowledge and training may nevertheless be a pure "fact witness" when

the witness directly participates in the events about which he or she is testifying. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003).

The portions of the Declarations labeled by PROSOL-UTIER as purported expert opinion clearly are nothing more than the witnesses' lay understanding, belief, and opinion permitted under Rule 701, and not expert opinion within the scope of Rule 702. By way of example, PROSOL-UTIER objects to statements by Ms. Jaresko that "I believe that the Plan complies with the provisions of PROMESA Section 314(b)" (Jaresko Decl. at ¶ 7), and that she believes "the plan is consistent with" subsections of Bankruptcy Code § 1123 (Jaresko Decl. at ¶¶ 39-41, 47-54), and statements by Mr. Brownstein that he "believes all constituencies were represented in the negotiation of the Plan" (Brownstein Decl. at ¶ 29) and "Citi's analysis of the COFINA Fiscal Plan showed that reasonable assumptions . . . justify the COFINA Fiscal Plan's SUT projections" (Brownstein Dec. at ¶ 31). These statements are admissible under Rule 701.

Moreover, contrary to a few foundational objections by PROSOL-UTIER, the Jaresko Decl. and Brownstein Decl. provide ample foundation for their lay understanding, belief, and opinion within the scope of Fed. R. Evid. 602.

Ms. Jaresko is the Executive Director of the Oversight Board. Jaresko Decl. at ¶ 1. In her role as Executive Director, Ms. Jaresko, among other things, leads, and manages the affairs of the Oversight Board, organizes and participates in the Oversight Board's meetings, and coordinates the discussion, negotiation, and certification of fiscal plans and budgets. *Id*. at ¶ 4. She is the highest-level executive of the Oversight Board (*Id.*), and has the background, experience, and specialized knowledge to allow her to competently testify to her participation in and opinions about activities, processes, and events concerning these proceedings (*Id*. at ¶ 2.).

6

Ms. Jaresko's testimony is squarely based on her perceptions and personal knowledge gained in her role as Executive Director.

Mr. Brownstein's testimony is likewise grounded in his first-hand experience. Mr. Brownstein is the Managing Director and Co-Head of the Municipal Finance Department in Global Spread Products at Citigroup Global Markets Inc. ("Citi"). Brownstein Decl. at ¶ 1. Mr. Brownstein has a substantial background in assisting distressed governments emerge from bankruptcy (*Id.* at ¶ 5), and in municipal finance generally (*Id.* at ¶¶ 3-4). Indeed, he had a lead role in Citi's engagement with COFINA, including reviewing the COFINA Fiscal Plan, dated October 18, 2018, attending all mediation sessions, and assisting in drafting the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation. Id.* at ¶ 6. As with Ms. Jaresko's testimony, Mr. Brownstein's testimony simply reflects his own perceptions gained from his specialized on-the-job experience. Pursuant to well-established First Circuit precedent, both Ms. Jaresko and Mr. Brownstein are therefore lay witnesses under Fed. R. Evid. 701. Accordingly, the Motion in Limine should be denied.[4]

C.   **Even if the Portions of the Declarations to Which PROSOL-UTIER Objected Contained Expert Opinions Within Rule 702, Ms. Jaresko and Mr. Brownstein Clearly are Qualified to Offer Them**

Even if the Court were to decide that any of the portions of the Jaresko Decl. or Brownstein Decl. to which PROSOL-UTIER objected contained expert opinions within Fed. R. Evid. 702, the Motion in Limine should be denied because Ms. Jaresko and Mr. Brownstein

---

[4] Of course, even assuming, arguendo, that any of PROSOL-UTIER's specific evidentiary objections had merit (which they do not), the proper course would be for the Court to sustain that objection – not strike the Declarations in their entirely as PROSOL-UTIER requests.

clearly are qualified to render such opinions under Rule 702 based on their background and experience as set forth in their Declarations.

The line between fact and expert testimony may sometimes be a "hazy" one, and one witness may provide both lay and expert testimony in a single case. *United States v. Valdivia*, 680 F.3d 33, 50 (1st Cir. 2012); *see also Colon-Diaz v. United States*, 899 F. Supp. 2d 119, 135-36 (D.P.R. 2012); *United States v. Hilario–Hilario*, 529 F.3d 65, 72 (1st Cir. 2008) (explaining that the same witness "may be qualified to provide both lay and expert testimony in a single case."). To determine whether a particular witness is a fact witness or an expert witness, a court should look to the nature of the testimony being given. *Gomez*, 344 F.3d at 113 ("[T]he triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony."). "[A] witness can be said to be qualified as an expert in a particular field, through any one or more of the five bases enumerated in [Fed. R. Evid.] Rule 702—knowledge, skill, experience, training, or education." *Santos v. Posadas De Puerto Rico Assocs., Inc.*, 452 F.3d 59, 63-64 (1st Cir. 2006); *Perez-Garcia v. Puerto Rico Ports Auth.*, 874 F. Supp. 2d 70, 74 (D.P.R. 2012).

Here, Ms. Jaresko and Mr. Brownstein clearly have the requisite qualifications to make the statements about the COFINA Third Amended Title III Plan of Adjustment to which PROSOL-UTIER objected based on their knowledge, skill, experience, training, and education; contrary to UTIER-PROSOL's unsupported allegation, they need not be economists to do so. *See* Motion in Limine at ¶ 20. Accordingly, even if the Court were to determine that any of the portions of the Declarations to which PROSOL-UTIER has objected contain an expert opinion, Ms. Jaresko and Mr. Brownstein are qualified to make them, and the Motion in Limine should be denied.

**D.      PROSOL-UTIER's Argument that the Motion in Limine Should be Granted Because the Declarations Purportedly Fail to Address PROMESA § 314 is Without Merit**

UTIER-PROSOL's argument that the Jaresko Decl. and the Bownstein Decl. should be stricken in their entirety because the declarants purportedly did not address the requirements under PROMESA § 314(b) is without merit. *See* Motion in Limine at ¶¶ 26-27. Factually, the objection is wrong: PROSOL-UTIER objected to specific references to § 314(b) in the Jaresko Decl. *See* Objections to Jaresko Decl. ¶¶ 34, 62 and 84. And, there are other references to § 314 throughout the Jaresko Decl. *See* pages 19, 29, 30 and 31 and surrounding paragraphs. Under the circumstances, purporting to object on the basis that § 314 is not "addressed" is frivolous. Legally, the argument also fails because it is the role of attorneys, not witnesses, to argue about the application of facts to the law, such as the statutory requirements for confirmation. *See, e.g., Levin v. Dalva Bros., Inc.*, 459 F.3d 68, 79 (1st Cir. 2006) ("Generally, an expert may not offer an opinion concerning a legal question."); *Carrelo v. Advanced Neuromodulation, Inc.*, 777 F. Supp.2d 315, 320 (D.P.R 2011) (holding that while an expert may opine on issues of fact, the expert may not testify as to ultimate legal conclusions based on those facts).

Ms. Jaresko and Mr. Brownstein, as appropriate for lay witnesses, testify solely as to their perceptions and beliefs regarding facts and statutes. Moreover, contrary to UTIER-PROSOL's allegations (¶¶ 8, 27), Ms. Jarekso did testify as to her opinion that the Plan satisfies PROMESA, and specifically, the requirements for confirmation under § 314. *See* Declaration of Natalie Jaresko at ¶ 62 ("To the best of my knowledge and belief . . . the Debtor has complied with applicable provisions of PROMESA, including section 314(b)(1)-(7)"); *see also id.* at ¶¶ 34-72.

9

### III.   THE OBJECTIONS SHOULD BE OVERRULED

For the reasons set forth in attached Exhibits A and B, the specific objections to the

Jaresko Decl. and the Brownstein Decl. should be overruled.

### IV.   CONCLUSION

For the foregoing reasons, COFINA respectfully requests that the Court deny the Motion in

Limine in its entirety and overrule the specific objections to the Jaresko Decl. and the

Brownstein Decl.

*[Remainder of Page Left Intentionally Blank]*

Dated: January 15, 2019
  San Juan, Puerto Rico

Respectfully submitted,

/s/  Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com


Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
Email: lrappaport@proskauer.com


*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

# EXHIBIT A

### RESPONSE TO OBJECTIONS TO DECLARATION OF NATALIE A. JARESKO

| Declaration ¶ | Purported Evidence: | Grounds for Objection: | Responses to Objections: |
|---|---|---|---|
| 7 | "Except as otherwise indicated, all facts set forth herein (or incorporated by reference herein) are based upon my personal knowledge or the personal knowledge of employees who report to me, my review of relevant documents, information provided to me by COFINA's advisors, or my opinion based upon my familiarity with COFINA. If I were called upon to testify, I could and would testify competently as to the facts set forth herein." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702.)<br><br>Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602.)<br><br>Hearsay. (Fed. R. Evid. 801– 802.) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness.  (Fed. R. Evid. 701.).<br><br>The foundation for the witness's personal knowledge is set forth in paragraphs 1-5 and 8.  (Fed. R. Evid. 602.)<br><br>The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |
| 34 | "I believe that the Plan complies with the provisions of PROMESA Section 314(b) discussed herein, as such provisions have been explained to me by the Oversight Board's legal advisors, based on (a) my understanding of the Plan, (b) the events that occurred throughout COFINA's Title III Case, and (c) various orders entered by the Court during COFINA's Title III Case and the requirements of PROMESA Title III." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702.) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |

| | | | |
|---|---|---|---|
| | | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602.) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-24 and 26-33.  (Fed. R. Evid. 602.) |
| | | Hearsay.  (Fed. R. Evid. 801-802.) | The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |
| 35 | "I believe such classification complies with section 1122(a) of the Bankruptcy Code because each Class contains only claims that are substantially similar to each other." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702.) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| | | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-24 and 26-33. (Fed. R. Evid. 602.) |
| | | Hearsay. (Fed. R. Evid. 801– 802) | The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |

| 36 | "It is my understanding that the classification of Claims set forth in the Plan is reasonable and was not done to control the outcome of voting to accept or reject the Plan…" | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of understanding by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of understanding to also qualify under Fed. R. Evid. 702. |
| | | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-24 and 26-33. (Fed. R. Evid. 602.) |
| | | Hearsay. (Fed. R. Evid. 801– 802) | The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |
| 39 | "Accordingly, I believe the Plan satisfies the requirements of section 1123(a)(1) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 40 | "Accordingly, I do not believe there are any unimpaired Classes under the Plan, and I believe the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. |

| | | | R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
|---|---|---|---|
| 41 | "Accordingly, I believe the Plan satisfies the requirements of section 1123(a)(3) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 42 | "Accordingly, I believe all holders of Claims in each of Classes 1, 4, 5, and 7 receive the same treatment as holders of other Claims in the same Class pursuant to the Plan." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 47 | "Accordingly, I believe that the Plan, together with the documents and arrangements set forth in the Plan Supplement, provides adequate means for its implementation. Accordingly, I believe the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 48 | "Accordingly, I believe the Plan is consistent with section 1123(b)(1) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief |

| | | | by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
|---|---|---|---|
| 49 | "Accordingly, I believe the Plan is consistent with section 1123(b)(2) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 50 | "Accordingly, I believe the Plan is consistent with section 1123(b)(3)(A) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 51 | "Accordingly, I believe the Plan is consistent with section 1123(b)(3)(B) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |

| 52 | "Accordingly, I believe the Plan is consistent with section 1123(b)(5) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 53 | "Accordingly, I believe the Plan is consistent with section 1123(b)(6) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 54 | "Accordingly, the Plan is consistent with section 1123(d) of the Bankruptcy Code." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| 55 | "It is my further understanding that the Debtor has properly solicited and tabulated votes with respect to the Plan. Accordingly, I believe the Debtor has complied with section 1129(a)(2)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of understanding by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of |

| | | | |
|---|---|---|---|
| | | | understanding to also qualify under Fed. R. Evid. 702. |
| 59 | "The Plan does not provide for any rate changes by COFINA, and I therefore do not believe this section of the Bankruptcy Code applies." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 60 | "Accordingly, I believe the Plan does not unfairly discriminate against holders of Claims in Class 10 (Section 510(b) Subordinated Claims)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 61 | "The Plan's treatment of Claims in Class 10 is proper…" | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| 62 | "To the best of my knowledge and belief, based on my experience as well as my participation in the process culminating with the Plan and discussions with the Debtor's legal counsel, the Debtor has complied with applicable provisions of PROMESA, including section 314(b)(1)-(7)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of knowledge and belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is |

| | | | a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| --- | --- | --- | --- |
| 63 | "To the best of my knowledge, the Plan contains no provisions that would require it to violate Commonwealth law." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of knowledge by a percipient witness.  (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| 65 | "Accordingly, I believe the Plan complies with PROMESA section 314(b)(4)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 66 | "Accordingly, I believe the Plan satisfies PROMESA section 314(b)(5)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 69 | "If the Plan is not confirmed, the parties may lose the benefit of the agreement resolving the Commonwealth-COFINA Dispute. Litigation could | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – | The cited testimony does not contain an expert opinion, and is admissible testimony by a |

| | | | |
|---|---|---|---|
| | continue in an all-or-nothing fashion, leaving some creditors much worse off and some creditors much better off. The Plan's provision for a distribution of approximately 93% to holders of "Senior" Existing Securities and approximately 56% to "First Subordinate" Existing Securities, in light of the risks attendant to the Commonwealth-COFINA Dispute and the Interpleader Action, among others, could be far superior to what both groups of bondholders might receive outside of the Plan." | 702) | percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| 72 | "Accordingly, it is my understanding that the Plan can be confirmed without the filing of a new disclosure statement and balloting of the newly-filed Plan." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of understanding by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of understanding to also qualify under Fed. R. Evid. 702. |
| 79 | "The consensual releases are necessary and essential to the Plan." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| 82 | "Therefore, I believe the Court should approve the Exculpation Provision as an integral and important part of the Debtor's Plan." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of |

| | | | knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
|---|---|---|---|
| 83 | "Accordingly, I believe the Injunction should be approved." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
| 84 | "Based upon the facts set forth above and in the Brownstein Declaration and the Pullo Declaration, the Plan should be confirmed in accordance with PROMESA section 314(b)." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness. (Fed. R. Evid. 701.) Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |

[Space left blank intentionally]

**EXHIBIT B**
**RESPONSE TO OBJECTIONS TO DECLARATION OF DAVID M. BROWNSTEIN**

| Declaration ¶ | Purported Evidence: | Grounds for Objection: | Responses to Objections: |
|---|---|---|---|
| 8 | "all facts set forth herein (or incorporated by reference herein) are based upon my personal knowledge or the personal knowledge of employees who report to me,…" | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |
| 20 | "I believe all constituencies were represented in the negotiation of the Plan" […] "I believe the process utilized by the mediation team reached a fair resolution of Commonwealth-COFINA Dispute and related disputes." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony of belief by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702. |
|  |  | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |

| 30 | "Citi reviewed the COFINA Fiscal Plan for accuracy and conformity to the Agreement in Principle." | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |
| | | Hearsay. (Fed. R. Evid. 801– 802) | The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |
| 31 | "Citi's analysis of the COFINA Fiscal Plan showed that reasonable assumptions— that stimulus from disaster funds, structural and fiscal reforms to the Puerto Rico economy and improvements in tax collection methods will maintain a robust amount of personal consumption in the Commonwealth—justify the COFINA Fiscal Plan's SUT projections." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702. |
| | | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |

| 32 | "The COFINA Fiscal Plan provides that, because the SUT is a tax of general application covering a broad range of goods and services with few exceptions, more spending and buying in the Commonwealth will generate greater SUT revenues. Government and private disaster funding will stimulate spending and buying and, in turn, bolster SUT revenues. Altogether, over $82 billion in disaster relief funding is projected from 2018 to 2033.24 Among other things, this funding will be distributed directly to individuals and families affected by Hurricane Maria and will support reconstruction on the island.25 Such funds are projected to stimulate spending in the Commonwealth and maintain robust SUT revenue projections.26 Government reforms including labor, energy and corporate reforms are projected to increase Puerto Rico's economic output by 0.95% by FY 2023." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702)<br><br><br><br><br><br>Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602)<br><br>Hearsay. (Fed. R. Evid. 801– 802) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702.<br><br>The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.)<br><br>The cited testimony in the witness's sworn declaration does not contain any hearsay. (Fed. R. Evid. 801 (c).) |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 33 | "My colleagues and I therefore concluded that the SUT taxable base from which Reorganized COFINA collects its revenue in "first dollars" should more than amply cover the debt service on COFINA Bonds in FY 2019 of $420 million.30 As a result, I believe COFINA has a very healthy debt service coverage ratio of 3.33x (*i.e.*, $1.4 billion / $420 million) in FY 2019. While the debt service coverage ratio is projected to decrease as the PSTBA increases by 4% each year, the 40-year average coverage ratio is still a robust 2.46x.31 Further, the PSTBA reaches a plateau in FY 2041 and never increases after that point, so any subsequent increase in the 5.5% SUT after FY 2041 will necessarily improve the debt service coverage ratio. Indeed, the 5.5% SUT could remain exactly the same until FY 2058, and Reorganized COFINA would still have no issue servicing the debt obligations on the COFINA Bonds—and after FY 2058, no further payments are required on the COFINA Bonds." | Fact witness declaring in form of opinion. (Fed. R. Evid. 701 – 702)

Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The cited testimony does not contain an expert opinion, and is admissible testimony by a percipient witness.  (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement to also qualify under Fed. R. Evid. 702.

The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |
| 34 | "Accordingly, in helping to develop the Plan, I came to believe that it is feasible and consistent with the COFINA Fiscal Plan." | Witness lacks personal knowledge of declaration. (Fed. R. Evid. 602) | The cited testimony does not contain an expert opinion, and the statement of belief is admissible testimony by a percipient witness. (Fed. R. Evid. 701.)  Moreover, there is a sufficient foundation of knowledge and experience for the statement of belief to also qualify under Fed. R. Evid. 702.

The foundation for the witness's personal knowledge is set forth in paragraphs 1-6, 9-26 and 30-34. (Fed. R. Evid. 602.) |