UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| | No. 17-bk-3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, et al., | |
| Debtors. | |

## SUMMARY SHEET

### FOURTH INTERIM AND FINAL APPLICATION OF PENSION TRUSTEE ADVISORS, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE DEBTORS

| | |
|---|---|
| Applicant: | Pension Trustee Advisors, Inc. |
| Authorized to provide services to: | The Financial Oversight and Management Board for Puerto Rico |
| Effective date of retention: | July 29, 2017 |
| Fourth interim fee period: | June 1, 2018-October 31, 2018 |
| Fees requested for services rendered in fourth interim fee period: | $152,620 |
| Expenses requested for fourth interim fee period: | $4,403.93 |
| Total requested for fourth interim fee period: | $157,023.93 |
| Fees previously requested: | $69,518.25 |
| Fees previously allowed: | $67,523.64 |
| Expenses previously requested: | $4,841.50 |
| Expenses previously allowed: | $4,034.88 |
| Total fees requested for all fee periods: | $222,138.25 |
| Total expenses requested for all fee periods: | $8,438.81 |

This is a: _ monthly    _ interim        X final application

### SUMMARY OF TIME BILLED JUNE 1, 2018-OCTOBER 31, 2018

| Name | Title | Hours Recorded | Hourly Rate |
|---|---|---|---|
| William Fornia | President | 310.8 | $515 |
| Joe Herm | Actuarial Analyst | 21.3 | $250 |
| Linda Bournival | Actuarial Consultant | 62.0 | $350 |
| Michael Collins | Actuarial Consultant | 5.0 | $175 |
| Amanda Makarevech | Actuarial Consultant | 1.5 | $225 |

**Total Hours:** 400.6

### SUMMARY OF EXPENSES INCURRED JUNE 1, 2018-OCTOBER 31, 2018

| Category | Amount |
|---|---|
| Airfare | $2,151.96 |
| Taxi | $283.37 |
| Meals | $216.81 |
| Hotel | $1,751.97 |

**Total:** $4,403.93

### PRIOR INTERIM FEE APPLICATIONS

| Period Covered | Date Filed ECF# | Fees Requested | Expenses Requested | Order Date ECF# | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|---|
| 7/29/2017-9/30/2017 | 2/22/2018 ECF#2574 | $28,901.25 | $4,214 | 3/7/2018 ECF# 2685 | $25,076.62 | $718.34 |
| 10/1/2017-1/31/2018 | 3/16/2018 ECF#2719 | $11,020.50 | $0 | 6/5/20218 ECF#3279[1] | $13,478.02 | $3,316.54 |
| 2/1/2018-5/31/2018 | 7/16/2018 ECF#3522 | $29,596.50 | $0 | 11/9/2018 ECF#4200 | $28,969 | $0 |

---

[1] The Order allows fees and expenses on an interim basis as set forth on Exhibit A thereto; no Exhibit A, however, is attached to the Order.  The subject Exhibit was filed by the Fee Examiner at ECF No. 3258 (Notice of Presentment of Amended Proposed Omnibus Order).

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |

### FOURTH INTERIM AND FINAL APPLICATION OF PENSION TRUSTEE ADVISORS, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED ON BEHALF OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO AS REPRESENTATIVE OF THE DEBTORS

Pension Trustee Advisors, Inc. ("PTA"), pension consultant to The Financial Oversight and Management Board for Puerto Rico ("Oversight Board"), as representative of the Debtors pursuant to PROMESA section 315(b), hereby submits its fourth interim and final application for allowance (a) of compensation for services rendered from June 1, 2018-October 31, 2018 ("Compensation Period") in the amount of $152,620 and reimbursement of actual and necessary expenses incurred during such period in the amount of $4,403.93, and (b) on a final basis of all compensation and expenses previously allowed on an interim basis, under PROMESA sections 316-17, Rule 2016, and Local Rule 2016-1, and respectfully states:

---

[1] The Debtors in these Title III Cases, along with the last four digits of their respective Federal Tax ID numbers, are: (i) Commonwealth of Puerto Rico ("Commonwealth") (3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (3747).

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this application, pursuant to PROMESA section 306(a). Venue is proper in this district, pursuant to PROMESA section 307(a).

## BACKGROUND

2. The Commonwealth commenced its Title III case on May 3, 2017; COFINA commenced its Title III case on May 5, 2017; HTA and ERS commenced their Title III cases on May 21, 2017; and PREPA commenced its Title III case on July 2, 2017. Pursuant to PROMESA section 315(b), the Oversight Board is the representative of each Debtor in its respective Title III case.

3. The Oversight Board engaged PTA to provide pension consulting services in these Title III cases by Agreement, effective July 29, 2017. Its agreement covering the period July 29, 2017-June 30, 2018 was annexed to its first interim compensation motion [ECF No. 2574-2]. Its agreement covering the period July 1, 2018-June 30, 2019 is annexed hereto as Exhibit 1.

4. Prior to forming PTA in 2010, its principal, William Fornia, had over thirty years of consulting and actuarial experience, primarily in the areas of retiree pension and healthcare benefits. Mr. Fornia led Aon Consulting's public sector pension actuarial consulting practice from 2006 to 2010, and before that managed the Denver Retirement Practice of Buck Consultants and opened the Denver office of Gabriel, Roeder, Smith & Co. His prior positions also include serving as corporate actuary for Boeing and consultant for numerous multinational corporations in Brazil and Argentina during his ten years at Towers Perrin.

5. Mr. Fornia is a Fellow of the Society of Actuaries, Enrolled Actuary, Member of the American Academy of Actuaries, and Fellow of the Conference of Consulting Actuaries. He currently serves on the steering committee of the Conference of Consulting Actuaries Public Plans Community, and is on the faculty of the Society of Actuaries Fellowship Admissions Course. He

is a frequent speaker at organizations such as the National Association of State Retirement Administrators, the National Council on Teacher Retirement, the National Association of Public Pension Attorneys, the National Conference on Public Employee Retirement Systems, the Pension Research Council, the Conference of Consulting Actuaries, the Western Pension and Benefits Conference, the International Foundation of Employee Benefit Plans, The Conference Board, the Government Finance Officers Association, and the Brazilian Association of Pension Plans.

## BASIS FOR RELIEF REQUESTED

6. PROMESA section 316(a) provides that this Court "may award to a professional person employed by … the Oversight Board (in the Oversight Board's sole discretion) … (1) reasonable compensation for actual, necessary services rendered by the professional, or attorney and by any paraprofessional employed by any such person; and (2) reimbursement for actual, necessary expenses."

7. Pursuant to subdivision (c):

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

3

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

8. PROMESA section 317 and the interim compensation order, entered June 6, 2018 [ECF No. 3269] permit professionals to apply for allowance of compensation and reimbursement of expenses.

9. Each factor set forth in section 316(c) supports allowance of the compensation sought herein.

(a) <u>Time spent on services rendered</u>. During the Compensation Period, PTA expended more than 400 hours in connection with services rendered advising the Oversight Board. Time detail for the Compensation Period is annexed hereto as <u>Exhibit 2</u>.

(b) <u>Rates charged</u>. As set forth in the Fornia Certification (defined below), the rates charged for services rendered herein are at or below those charged to PTA's other clients.

(c) <u>Whether Services were necessary or beneficial</u>. The services rendered were necessary to the administration of these Title III cases, and beneficial when rendered. The Oversight Board hired PTA for the purpose of providing these services and has approved this application.

(d) <u>Timeliness of services rendered</u>. The services rendered were performed within a reasonable amount of time, given their complexity and importance to these Title III cases.

(e) <u>Professional certifications; Restructuring Experience</u>. As noted above, Mr. Fornia is a Fellow of the Society of Actuaries, Enrolled Actuary, Member of the American Academy of Actuaries, and Fellow of the Conference of Consulting Actuaries. He has significant restructuring experience, having provided advisory services similar to those for which PTA was engaged herein in Detroit's and Stockton's chapter 9 bankruptcy cases.

4

10. During the Compensation Period, PTA incurred reasonable and necessary expenses in connection with its engagement. A detailed itemization is annexed hereto as Exhibit 3. Mr. Fornia endeavored to minimize expenses incurred in connection with this engagement, and submits that those expenses for which reimbursement is sought are reasonable and justified under the circumstances to effectively serve the needs of the Oversight Board herein.

11. The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is annexed hereto as Exhibit 4 ("Fornia Certification").

WHEREFORE, PTA requests an order (a) allowing interim compensation for services rendered and reimbursement of expenses incurred during the Compensation Period in the amount of $152,620 and $4,403.93, respectively; (b) awarding on a final basis all compensation and expenses previously allowed on an interim basis in the amount of $67,523.64 and $4,034.88, respectively, and interim compensation allowed during the Compensation Period, totaling compensation and expenses of $220,143.64 and $8,438.81, respectively; (c) directing payment of all amounts allowed on a final basis less that portion already paid; and (d) granting such other and further relief as this Court deems just and proper.

Dated: January 16, 2019

PENSION TRUSTEE ADVISORS, INC.

/s/ William Fornia

By: /s/ Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com
*Attorneys for Pension Trustee Advisors, Inc.*

5