## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**STIPULATION AND [PROPOSED] ORDER OF AAFAF,[2] AS REPRESENTATIVE OF GDB, AND THE COMMITTEES REGARDING SHARING CERTAIN AUDITORS' DOCUMENTS**

WHEREAS, PROMESA created the Oversight Board "to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets"[3];

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    References to: (i) "AAFAF" are to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (ii) "GDB" are to the Government Development Bank for Puerto Rico; (iii) the "UCC" are to the Official Committee of Unsecured Creditors; (iv) the "Retiree Committee" are to the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (v) "the Committees" are to the UCC and the Retiree Committees, collectively, and to each, individually; (vi) "Investigator" are to Kobre & Kim LLP, which was appointed as Independent Investigator by the Special Investigation Committee (the "Special Committee") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") established under the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); and (vii) "Exit Plan Order" are to the Court's August 6, 2018 Order [ECF No. 3744]. Other capitalized terms shall have the meaning ascribed to them in the Exit Plan Order. Unless otherwise specified, all emphasis is added and all internal citations and quotations are omitted.

[3]    PROMESA § 101.

WHEREAS, among the Board's powers, Section 104(o) of PROMESA authorizes the Oversight Board to "investigate the disclosure and selling practices in connection with the purchase of bonds issued by [the Commonwealth and its instrumentalities]"[4];

WHEREAS, on August 6, 2017, the Oversight Board announced that it had formed a Special Investigation Committee to which the Oversight Board delegated authority to pursue the Oversight Board's investigation under PROMESA Section 104;

WHEREAS, on September 1, 2017, the Oversight Board, through its Special Investigation Committee, retained Kobre & Kim LLP as the Investigator to conduct the investigation;

WHEREAS, June 22, 2018, AAFAF and GDB executed a non-disclosure agreement ("NDA") formalizing their prior arrangements under which AAFAF, GDB, and various other instrumentalities of the Government of Puerto Rico and their agents could share privileged and otherwise protected material with the Investigator while protecting that information from disclosure to others;

WHEREAS, to provide a mechanism for production to other interested parties of documents underlying the Investigator's report, the Investigator proposed an exit plan under which it would place into a Depository documents produced to it as part of the investigation, and interested parties could seek access to some or all of the documents in the Depository;

WHEREAS, under the Court-approved Exit Plan Order, the Investigator placed into a Depository documents produced to it as part of the investigation;

WHEREAS, the Investigator segregated in the Depository documents produced by third parties and designated as Highly Confidential;

---

[4]    PROMESA § 104(o).

WHEREAS, as part of its investigation, the Investigator requested document productions from third parties, including auditors of the Commonwealth and other audited instrumentalities;

WHEREAS, KPMG and Ernst & Young produced documents to the Investigator, certain documents of which were, at the request of AAFAF and GDB, designated as "Highly Confidential" or other similar designations and produced under the NDA, which the Investigator segregated in the Depository under the Exit Plan Order (the "Segregated Auditors' Documents")[5];

WHEREAS, the Segregated Auditors' Documents include documents regarding KPMG's and Ernst & Young's audits of the Commonwealth, PREPA, HTA, and UPR;

WHEREAS, for the avoidance of doubt, this stipulation does not cover any documents produced by, or on behalf of, PRASA;

WHEREAS, the Committees requested the production of the entire Depository, including the Segregated Auditors' Documents;

WHEREAS, AAFAF and GDB believe that the Segregated Auditors' Documents include documents protected by the accountant-client privilege or other potential privileges, as well as documents that may not be protected by any such privileges;

WHEREAS, the Committees, AAFAF, and GDB met and conferred under the Exit Plan Order to attempt to resolve the dispute regarding the applicability of the accountant-client privilege to the Segregated Auditors' Documents;

WHEREAS, AAFAF and GDB have concluded that it would be unduly burdensome and expensive to conduct a document-by-document review of the Segregated Auditors' Documents;

---

[5]   The document control numbers for these productions are: (i) KPMG_FOMB000001 through KPMG_FOMB000137; (ii) EY-PREPA-WP-000001 through EY-PREPA-WP007370; (iii) EY-PRHTA-WP-000001 through 539; and (iv) EY-UPR-WP-000001 through 584.

WHEREAS, the Committees maintain that they should have access to all non-privileged documents among the Segregated Auditors' Documents to allow the Committees to discharge their responsibilities under Rule 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the Title III cases by Section 310 of PROMESA; and

WHEREAS, in the interest of compromise, to avoid unnecessary costly motion practice, conserve the resources of the Debtor, AAFAF, GDB, and other Government instrumentalities; the Committees, AAFAF, and GDB (the "Parties") wish to enter into this stipulation and proposed order to allow the Committees to review the Segregated Auditors' Documents without waiving any applicable privilege.

NOW THEREFORE, AAFAF, acting as representative of GDB, and the Committees hereby agree as follows:

1.      The recitals set forth above are hereby incorporated into this Stipulation and Proposed Order (the "Stipulation and Proposed Order").

2.      Certain of the Segregated Auditors' Documents may be subject to the accountant-client privilege recognized by Puerto Rico, *see* Rule 504, 32A L.P.R.A. Ap. VI R. 504, as well as other privileges.

3.      AAFAF and GDB agree to allow the Committees to review the Segregated Auditors' Documents, as follows:

      a.      After the Court so-orders this stipulation, the Committees shall notify the Neutral Vendor that the Committees are permanently withdrawing their request for the Segregated Auditors' Documents in the Depository.

      b.      Within five (5) business days of the notice set forth in Paragraph 3(a) above, AAFAF and GDB shall instruct the Neutral Vendor to grant the Committees

read-only access to the Segregated Auditors' Documents in a separately segregated database;

c.    The Committees may not use the Segregated Auditors' Documents for any reason whatsoever except to review and as provided for in Paragraph 4 below; and

d.    Under the Federal Rules of Evidence Rule 502(d), the production of the Segregated Auditors' Documents to the Committees will not constitute a waiver of any applicable privilege, the Committees will not argue that the production constitutes a waiver of any applicable privilege, and the Committees will join in any motion by AAFAF or GDB to argue against a finding of waiver in any context if another party attempts to use production under this Stipulation and Proposed Order as grounds for a waiver.

4.    If the Committees wish to share any of the Segregated Auditors' Documents produced under this Stipulation and Proposed Order outside of the Committees for any reason whatsoever (including without limitation filing the documents in court, using them at deposition or otherwise in discovery, using them at any hearing or trial, sharing them with any other entity or person including the Committees' advisors and individual members, or for any other purpose), and if after review the Committees believe that no applicable privileges apply to the documents they wish to share, the Committees must give written notice to AAFAF and GDB, including identification of the documents at issue by Bates number ("Notice") and describing how the documents will be used.  The Committees must also provide the Notice to: (i) the Commonwealth for documents Bates numbered KPMG_FOMB000001 through KPMG_FOMB000137; (ii) PREPA for documents Bates numbered EY-PREPA-WP-000001

through EY-PREPA-WP-007370; (iii) HTA for documents Bates numbered EY-PRHTA-WP-000001 through EY-PRHTA-WP-000539; and (iv) UPR for documents Bates numbered EY-UPR-WP-000001 through EY-UPR-WP-000584.  Notice to those instrumentalities should be provided to the following:

> **Commonwealth**
>
> Omar Rodríguez (Rodriguez.omar@hacienda.pr.gov)
> Germán Ojeda (german.ojeda@hacienda.pr.gov)
> Departamento de Hacienda
> PO Box 9024140
> San Juan, Puerto Rico 00902-4140
>
> **PREPA**
>
> José F. Ortiz (ceo@prepa.com)
> Astrid Rodríguez (astrid.rodriguez@prepa.com)
> PO Box 364267
> San Juan Puerto Rico 00936-3267
>
> **HTA**
>
> Rosana M. Aguilar (raguilar@dtop.pr.gov)
> Juan Maldonado (jumaldonado@dtop.pr.gov)
> PO Box 412269, Minillas Station
> San Juan, PR 00940-1269
>
> **UPR**
>
> Jorge Haddock (Jorge.haddock@upr.edu)
> Soniemi Rodríguez (soniemi.rodriguez@upr.edu)
> Administración Central
> Universidad de Puerto Rico
> 1187 Calle Flamboyán
> San Juan, PR 00926-1117

5.     Within three (3) business days of receipt of the Notice, AAFAF or GDB may serve the Committees with a written objection to the Notice (the "Objection" and the three business day period the "Objection Deadline").

6

6.      If AAFAF or GDB serves an Objection by the Objection Deadline, the Committees shall not use the documents subject to the Notice for two (2) business days following the Objection (the "Motion Deadline"), during which time AAFAF or GDB may file a motion for a protective order restricting the Committees' use of the documents subject to the Notice (the "Motion").  If AAFAF or GDB files such a Motion by the Motion Deadline, the Committees shall not use the documents subject to the Notice until a final determination on the Motion is made, including the exhaustion of all appeal rights.

7.      Absent an Objection prior to the Objection Deadline, or absent a Motion prior to the Motion Deadline, AAFAF and GDB will produce the documents subject to the Notice to the Committees, which versions the Committees may use for the purpose described in the Notice, provided that the Committees must seek to file the documents under seal, with such filing to be made under seal pending a determination by the applicable court on the sealing request.

8.      Either the Objection Deadline or the Motion Deadline may be extended without limitation by mutual consent of the parties without approval of the Court.

*[Signature Block on Next Page]*

Dated: January 18, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ John J. Rapisardi*
**O'MELVENY & MYERS LLP**
John J. Rapisardi
William J. Sushon
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Peter Friedman
1625 Eye Street, NW
Washington, DC 20026
Tel: (202) 383-5300
Fax: (202) 383-5414

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF), in its own capacity and acting as representative of the Government Development Bank for Puerto Rico (GDB)*

*/s/ Luis C. Marini-Biaggi*
**MARINI PIETRANTONI MUÑIZ LLC**
Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913

MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF), in its own capacity and acting as representative of the Government Development Bank for Puerto Rico (GDB)*

*/s/ Luc A. Despins* ,
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesworthington@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

*/s/ Juan J. Casillas-Ayala* ,
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

8

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

JENNER & BLOCK LLP

By:

*/s/ Robert Gordon* _____

Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:

*/s/ A.J. Bennazar-Zequeira* _____

A.J. Bennazar-Zequeira
Edificio Union Plaza
PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Local Counsel for The Official Committee of Retired Employees of Puerto Rico*

So Ordered:

_____
Hon. Laura Taylor Swain, U.S.D.J.