# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>　　Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS<br><br>This filing relates to COFINA only |

**MOTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, FOR ENTRY OF ORDER REGARDING COMPLIANCE WITH SECTION 19.5 OF THE PLAN**

The Bank of New York Mellon ("BNYM"), as trustee under the Amended and

Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, by the Puerto Rico

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Sales Tax Financing Corporation, hereby moves the Title III Court for the entry of an order, pursuant to section 19.5 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Doc. No. 4652] (as amended or supplemented, the "Plan"),[2] and substantially in the form attached hereto as **Exhibit A**, determining (a) what amount, if any, shall be either (i) withheld by the Disbursing Agent or BNYM from distributions to be made to Whitebox or (ii) posted by Whitebox as collateral for the reimbursement of fees and expenses which may be incurred by BNYM in connection with the defense of the Whitebox Actions, and (b) whether BNYM shall be reimbursed from Whitebox for the incurrence of any such fees and expenses from either the holdback amount or collateral posted and referred to in the preceding subsection (a) on a current basis or upon entry of a Final Order in connection with the Whitebox Actions, in each case, in an amount and form sufficient to satisfy in full any obligations of COFINA and any rights of BNYM under the Bond Resolution and applicable law with regard to the payment of BNYM's fees and expenses and indemnification arising from or relating to the Whitebox Actions.

For the reasons set forth in the *Memorandum of Law of The Bank of New York Mellon, as Trustee, Regarding Compliance with Section 19.5 of the Plan* [Doc. No. 4657] and the *Reply Memorandum of Law of The Bank of New York Mellon, as Trustee, Regarding Compliance with Section 19.5 of the Plan* [Doc. No. 4751], as supported by the *Declaration of Daniel P. Goldberg* and exhibits thereto [Doc. No. 4600-1] and the *Declaration of Robert M. Fishman* [Doc. No. 4601-1], and on the basis of evidence admitted and arguments presented at the Confirmation Hearing, BNYM requests entry of an order granting such relief and authorizing and directing BNYM to reserve $32,500,000.00 from distributions to be made to Whitebox under

---

[2] Capitalized terms used but not defined in this motion have the meanings given in the Plan. All docket numbers cited in this memorandum refer to Case No. 17 BK 3283-LTS, unless otherwise specified.

the Plan and to pay its fees and expenses arising from or relating to the Whitebox Actions from such reserve on a current basis.

Dated: January 21, 2019
       San Juan, Puerto Rico

Respectfully submitted,

| SEPULVADO, MALDONADO & COURET | REED SMITH LLP |
|---|---|
| */s/ Albéniz Couret-Fuentes* <br> Elaine Maldonado-Matías <br> USDC-PR Bar No. 217309 <br> Albéniz Couret-Fuentes <br> USDC-PR Bar No. 222207 <br> José Javier Santos Mimoso <br> USDC-PR Bar No. 208207 <br> 304 Ponce de León Ave. – Suite 990 <br> San Juan, PR 00918 <br> Telephone: (787) 765-5656 <br> Facsimile: (787) 294-0073 <br> Email: emaldonado@smclawpr.com <br> Email: acouret@smclawpr.com <br> Email: jsantos@smclawpr.com | */s/ Eric A. Schaffer* <br> Eric A. Schaffer <br> Luke A. Sizemore <br> 225 Fifth Avenue, Suite 1200 <br> Pittsburgh, PA 15222 <br> Telephone: (412) 288-3131 <br> Facsimile : (412) 288-3063 <br> Email : eschaffer@reedsmith.com <br> Email : lsizemore@reedsmith.com <br><br> Louis M. Solomon <br> C. Neil Gray <br> 599 Lexington Avenue <br> New York, NY 10022 <br> Telephone: (212) 521-5400 <br> Facsimile: (212) 521-5450 <br> Email: lsolomon@reedsmith.com <br> Email: cgray@reedsmith.com <br><br> Kurt F. Gwynne <br> 1201 N. Market Street, Suite 1500 <br> Wilmington, DE 19801 <br> Telephone: (302) 778-7550 <br> Facsimile: (302) 778-7575 <br> Email: kgwynne@reedsmith.com |

*Counsel to The Bank of New York Mellon,
as indenture trustee*

# EXHIBIT A

Proposed Order

(Attached)

US_ACTIVE-144575821

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS<br><br>This filing relates to COFINA only |

**ORDER GRANTING MOTION OF THE BANK OF NEW
YORK MELLON, AS TRUSTEE, FOR ENTRY OF ORDER
<u>REGARDING COMPLIANCE WITH SECTION 19.5 OF THE PLAN</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Upon the *Motion of The Bank of New York Mellon, as Trustee, for Entry of Order Regarding Compliance with Section 19.5 of the Plan* (the "Motion"), and pursuant to section 19.5 of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated January 9, 2019 [Doc. No. 4652] (as amended or supplemented, the "Plan");[2] and the Title III Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Title III Court having held a hearing regarding section 19.5 of the Plan as part of the Confirmation Hearing; and after full consideration of the memoranda of law submitted by BNYM and Whitebox regarding section 19.5 of the Plan and the evidence admitted and arguments of counsel presented at the Confirmation Hearing; and after due deliberation and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. BNYM is authorized and directed to withhold from distributions to be made to or for the benefit of Whitebox under the Plan in the amount of $32,500,000.00 as collateral for the reimbursement of fees and expenses that may be incurred by BNYM in connection with the defense of the Whitebox Actions.

3. COFINA, the Oversight Board, BNYM, Whitebox, and The Depository Trust Company shall take such actions as may be necessary to implement or effectuate the terms of this Order, including, without limitation, creation of the reserve solely from funds that otherwise would be distributed to Whitebox under the Plan.

---

[2] Capitalized terms used but not defined in this motion have the meanings given in the Plan. All docket numbers cited in this memorandum refer to Case No. 17 BK 3283-LTS, unless otherwise specified.

- 2 -

4. If a holdback pursuant to paragraph 2 of this Order is not feasible for any reason or has not occurred on or before the date that distributions are made pursuant to the Plan, including section 19.5 of the Plan, Whitebox shall post cash collateral with BNYM in an amount equal to $32,500,000.00 within ten (10) days of the Effective Date as collateral for the reimbursement of fees and expenses that may be incurred by BNYM in connection with the defense of the Whitebox Actions.

5. BNYM shall be entitled to pay the fees and expenses that are incurred by BNYM in connection with the defense of the Whitebox Actions from time to time and on a current basis from the amount withheld or the cash collateral posted pursuant to paragraphs 2 and 4 of this Order.

6. Upon entry of a Final Order resolving the Whitebox Actions, BNYM shall refund to Whitebox any amounts withheld or posted pursuant to paragraphs 2 and 4 of this Order that were not used to pay fees and expenses incurred by BNYM in connection with the defense of the Whitebox Actions.

7. Whitebox may, upon motion seeking and subject to entry of an order setting appropriate procedures with respect to privilege, appropriate timing, and other relevant issues, challenge the reasonableness of fees and expenses incurred by BNYM in connection with the defense of the Whitebox Actions.

8. If a court of appropriate jurisdiction enters a Final Order in the Whitebox Actions finding that BNYM acted with gross negligence, willful misconduct, or intentional fraud, Whitebox may seek a judicial determination that BNYM must disgorge any fees and expenses paid from any amounts withheld or posted pursuant to paragraphs 2 and 4 of this Order to which it was not entitled as a result of such determination.

9. The Title III Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Dated: January ___, 2019
      San Juan, Puerto Rico

                                              LAURA TAYLOR SWAIN
                                              United States District Judge