# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br>as representative of the Commonwealth of Puerto Rico *et al,*<br><br>Debtors[1] | PROMESA TITLE III<br>Case No. 17-BK-3283 (LTS)<br>Case No. 17 BK 3284- (LTS)<br>(Jointly administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br>as agent of THE COMMON-WEALTH OF PUERTO RICO,<br>Plaintiff**,**<br>v**.**<br>BETTINA WHYTE,<br>as agent of THE PUERTO RICO SALES TAX FINANCING CORPORATION,<br>Defendant**.** | Adv. Proc. No. 17-00257-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# DAVID R. MARTIN'S MOTION FOR LEAVE TO FILE AMICUS BRIEF REGARDING SUPPLEMENTAL BRIEFING CONCERNING APPROVAL OF SETTLEMENT AND COFINA PLAN OF ADJUSTMENT

David R. Martin ("<u>Martin</u>") requests leave to file this amicus brief ("<u>**Amicus Brief**</u>") regarding the supplemental briefing that the Court requested[2] concerning the **Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation** ("<u>Commonwealth-COFINA Settlement</u>")[3] and the **Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation** (the "<u>COFINA Plan of Adjustment</u>").[4]

1. Martin appears *pro se*.

2. Martin is an attorney licensed in the Commonwealth of Puerto Rico, this Court, as well as other state and federal courts.

3. Martin does not represent any bondholder or other creditor of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), or any creditor of the Commonwealth's departments, agencies, instrumentalities or public corporations,

---

[2] Minute Entry, Case No. 17-03283, ECF No. 4835

[3] Case No. 17-3283, ECF No. 4067.

[4] Case No. 17-3283, ECF No. 4652.

including the Puerto Rico Sales Tax Financing Corporation ("COFINA") in this PROMESA Title III case, any related adversary proceeding, or in any other legal matter.

4. Martin is receiving no remuneration, compensation, or anything of value from anyone for presenting this **Amicus Brief**.

5. Martin lives part-time in San Juan, Puerto Rico, where he owns a residence and is a registered taxpayer. By virtue of buying and consuming goods on the island, Martin pays the sales tax, known locally as the "IVU."

6. Since early 2014, Martin has researched and published writings about Puerto Rico's government bonds, including bonds issued by COFINA.

7. A list of Martin's relevant writings is attached as **EXHIBIT A HERETO**.

8. As a private citizen and as an attorney versed in Puerto Rico law, Martin has publicly opined that COFINA is invalid under the Puerto Rico Constitution.

9. Pursuant to the Court's invitation to the public, Martin applied for, but was declined, a chance to comment during the hearings in this Court on January 18 and 19, 2019 concerning the approval of the Commonwealth-COFINA Settlement and the COFINA Plan of Adjustment.

10. Martin believes that COFINA violates the constitution's prohibition of

the Legislature's surrendering or suspending its taxing power,[5] its debt service limitation,[6] its balanced budget requirement,[7] and the absolute priority for servicing "public debt" with "available revenues."[8]

11. Martin respectfully believes that "existing counsel may need supplementing assistance" contained in this **Amicus Brief**. *See* Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970) (giving the court discretion to allow amicus briefing on this basis).

12. This **Amicus Brief** addresses legal standards that are set forth in Section 314 of PROMESA, 48 U.S.C. § 2174, which this Court must apply in determining whether to confirm the proposed COFINA Plan of Adjustment.

13. Today, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") filed additional findings of fact and conclusions of law "pursuant to Section 315(b) [sic] of the *Puerto Rico Oversight, Management, and Economic Stability Act*." [Case No. 17-3283, ECF 4846 p. 2].

14. This **Amicus Brief** addresses "whether the debtor is not prohibited by law from taking any action necessary to carry out the plan…." Section 314(b)(3) of

---

[5] Puerto Rico Constitution, Article VI, Sec. 2.

[6] Puerto Rico Constitution, Article VI Sec. 2.

[7] Puerto Rico Constitution, Article VI, Sec. 7.

[8] Puerto Rico Constitution, Article VI, Sec. 8.

PROMESA, 48 U.S.C. § 2174(b)(3).

15. This **Amicus Brief** also addresses "if…any…electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained…." Section 314(b)(5) of PROMESA, 48 U.S.C. § 2174(b)(5).

16. The relevant pages of the Oversight Board's proposed findings are at ECF No. 4846-1 pp. 46-47, 48-49 which assert compliance with PROMESA Sections 314(b)(3) and 314(b)(5). Respectfully, the assertions are conclusory and supported only by the general principle that statutes are presumed to be valid.

17. This is surprising given the intensity of the Commonwealth-COFINA Dispute concerning the constitutional validity of COFINA.

18. Martin respectfully submits that the Court must decide whether the settlement and plan are valid under the Puerto Rico Constitution. This determination requires nothing more than the construction of statues and constitutional provisions.

19. If not constitutionally valid, COFINA cannot carry out the plan unless an election is held to amend the Puerto Rico Constitution.

20. In this case, the plan cannot be carried out if the Commonwealth is constitutionally-barred from granting Reorganized COFINA an ownership interest and first priority statutory lien in present and future revenues and collections generated by the sales and use taxes imposed by the Commonwealth. *See* Section

25.1(c)(v) & (vi) of COFINA Plan of Adjustment.

21. To permit these acts would amount to a surrendering or suspension of the Legislature's right to impose and collect taxes under Article VI, Section 2, of the Puerto Rico Constitution. No law, agreement, or court order can forbid the Legislature from changing, ending or taking possession of a tax put in place in order to pay off the Reorganized COFINA bonds. Yet this is what the plan would do.

22. In addition, the plan cannot be carried out if the Commonwealth is constitutionally-barred from determining by legislation alone[9] that said sales tax revenues do not constitute "available resources" or "available revenues." Id.

23. Under Article VI, Section 8 of the English version of the Puerto Rico Constitution -- the only version approved by Congress -- "available revenues" must first be used to pay "public debt."

24. Neither COFINA nor Reorganized COFINA bonds constitute "public debt" because they are not backed by the government's "full faith credit and taxing power"[10] Hence, these bonds cannot be secured by the "available revenue" of the

---

[9] The New Bond Legislation, as defined in the proposed plan, would be invalid for this reason.

[10] Article VI, Sec. 2.  If these obligations -- with a face value of about $17 billion -- are deemed "public debt," they would clearly exceed the debt service limit under Article VI, Section 2 of the Puerto Rico Constitution.

sales tax as an ownership interest, statutory lien, or other priority.

25. In order to permit a plan with these features, Puerto Rico would have to hold an election to amend its constitution.[11] Just as the original COFINA Acts were insufficient,[12] passing the New Bond Legislation is not enough.

26. The proposed plan replicates the essential elements of the original COFINA structure, whose validity under Puerto Rico's Constitution was argued in detail in the motions for summary judgment by the COFINA Agent[13] and Commonwealth Agent.[14]

27. For the reasons set forth in the Commonwealth Agent's briefing papers[15] (which cite the same constitutional provisions cited by this **Amicus Brief**), COFINA is invalid under the Puerto Rico Constitution.

28. In my view, there is no justification to compromise or concede to any

---

[11] The procedures and requirements for amendments are contained in Puerto Rico Constitution, Article VII.

[12] 13 L.P.R.A. Secs. 11-14.

[13] **Memorandum of Law in Support of Motion for Summary Judgment by the COFINA Agent [**Adv. Proc. No. 17-0257, ECF No. 317].

[14] **Commonwealth Agent's Motion for Summary Judgment and Incorporated Memorandum of Law [**Adv. Proc. No. 17-0257, ECF No. 322]; **Commonwealth Agent's Omnibus Reply Memorandum in Support of Motion for Summary Judgment** [Adv. Proc. No. 17-0257, ECF No. 400].

[15] Id. fn. 14.

extent that COFINA has any property interest, lien, or other priority in Puerto Rico's sales tax revenues. These are "available revenues" that must first be applied to valid "public debt," not COFINA or Reorganized COFINA bonds.

29. Given its same basic structure, the Reorganized COFINA under the COFINA Plan of Adjustment is invalid for the same reasons.

30. The issue of COFINA's validity is squarely joined and amply briefed in the Commonwealth-COFINA Dispute and should first be decided.

31. Moreover, without a definitive judicial ruling on COFINA's validity, the door will be left open for future government administrations to incur debts without regard to Puerto Rico's constitutional protection of taxpayers. Indeed, the proposed plan may serve as a blue print for unlimited borrowing at taxpayer expense.

32. Even if COFINA's validity were upheld, this would provide information of immense value.[16] The People of Puerto Rico would then know that the government has no legal limits whatsoever on the amount of taxpayer-financed

---

[16] The countervailing considerations are manageable. Most of the legal work regarding COFINA's validity has been done and represents a sunk cost. Separately, losing on the merits would not forfeit COFINA's right to reorganize based on the feasibility of the Commonwealth's tax base to fund COFINA bonds. Finally, it is unclear whether COFINA creditors would have any effective remedy since they have no right to seize public assets. Librotex v. Autoridad de Acueductos y Alcantarillados, 138 D.P.R. 938, 941 (1995). On the other hand, invalidating COFINA would provide significant debt relief and vindicate constitutional taxpayer protections setting strict limits on government borrowing authority.

debt it can incur by using a COFINA-like structure.

33. This would show the need to amend once again[17] the Puerto Rico Constitution to include debt limitations than cannot be manipulated or evaded to the detriment of taxpayers and the fiscal integrity of the U.S. territory's government.

34. Therefore, it is necessary to determine whether the Commonwealth-COFINA Settlement and COFINA Plan of Adjustment are valid under the Puerto Rico Constitution.

WHEREFORE, Martin requests that leave be granted and deem this **Amicus Brief** filed. Further, if the Court considers the brief, Martin respectfully requests that the Court reject the Commonwealth-COFINA Settlement and the COFINA Plan of Adjustment because they do not meet the requirements of Section 314(b)(3) & (5) of PROMESA.

---

[17] The debt limitation in the 1961 amendment to the Puerto Rico Constitution, Article VI, Section 2, was intended to be a robust safeguard against excessive taxpayer-funded debt. In advocating for the elimination of the federal debt limit conditioned upon Puerto Rico's adopting its own debt limit, Congressman John P. Saylor said:

> The citizens of Puerto Rico are protected because they must ratify the amendment before it becomes effective. There is little danger of saddling the Puerto Ricans with an unbearable debt burden.

*Congressional Record* – House p. 4400-01 (March 21, 1961).

We should know whether Rep. Saylor was right.

Respectfully submitted, this 21st day of January 2019.

BY: /S/ David R. Martin

*Pro se*

U.S. District Court (D.P.R.) Bar No. 228008

Supreme Court of Puerto Rico Attorney No. 9414

664 Calle Union, Suite 702

San Juan, Puerto Rico 00907
Tel. (770) 454-1999
Tel. (877) 352-8839 (toll free)
Email: dmartin@abogar.com

## [PROPOSED] **ORDER**

Having considered David R. Martin's motion to file Amicus Brief [Case No. 17-BK 3283, ECF No. _____], the motion is hereby [DENIED.] [GRANTED, said brief being deemed filed as of the date of this order.]

_____

Date: _____      HON. LAURA TAYLOR SWAIN
                          JUDGE, UNITED STATES DISTRICT
                          COURT

EXHIBIT "A"

# DAVID R. MARTIN

## List of published writings concerning Puerto Rico government debts

"Pongamos a Cofina a la luz del sol", El Vocero, (January 16, 2019).

"What Courage Will Puerto Rico's New Oversight Board Show?" The Hill (November 14, 2016).

"Puerto Rico's finances," The Economist, December 9, 2015 (Letters – online edition).

"Back Story on Puerto Rico's Debt Crisis," The Hill (September 4, 2015).

"Commonwealth of Puerto Rico Got Itself into this Mess," The Wall Street Journal (August 20, 2015) (Letters).

"Puerto Rican debt: politicians looked for ways around the law," Financial Times, (Aug. 6, 2015) (Letters)

"Profligate Puerto Rico's Problems So Possible to Predict," The Wall Street Journal (July 9, 2015) (Letters).

"Puerto Rico Bankruptcy Temptation," The Wall Street Journal (May 15, 2015) (Letters).

"Hedge Funds Can't Hide the Real Picture in Puerto Rico," Financial Times (Aug. 25, 2014) (Letters)

"No toda nuestra deuda es igual," SinComillas.com (6 de agosto del 2014).

"Lifting Life Support," Barron's (July 21, 2014) (Letter to the Editor).

"1961: A Fateful Year for Puerto Rico," News Is My Business (April 28, 2014).

"La deuda impagable e ilegal," El Vocero (11 de febrero del 2014).