**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br> as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY OF PUERTO RICO SALES TAX FINANCING CORPORATION TO RESPONSE FILED BY CLAIMANT JUAN CRUZ RODRIGUEZ TO FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Response to Debtor's Objection to Claims (Number(s): 20186) Re: 4408 Motion Puerto Rico Sales Tax Financing Corporation's Fourth Omnibus Objection (Non-Substantive) to Deficient Claims* [ECF No. 4659] (the "Response"), filed by claimant Juan Cruz Rodriguez (the "Claimant") to the *Puerto Rico Sales Tax Financing Corporation's Fourth Omnibus Objection (Non-Substantive) to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Deficient Claims* [ECF No. 4408] (the "Fourth Omnibus Objection"). In support of this Reply, COFINA respectfully represents as follows:

1. On December 4, 2018, COFINA filed the Fourth Omnibus Objection, seeking to disallow in their entirety twenty-eight (28) deficient proofs of claim (the "Deficient Claims"), as listed on Exhibit A thereto. As set forth in the Fourth Omnibus Objection, each of the Deficient Claims failed to provide a basis for asserting a claim against COFINA (or any of the other Title III debtors), either by failing to provide any basis whatsoever for asserting a claim, or by stating in the proofs of claim and/or supporting documentation that the claimant had no claim or that the claim was against an entity other than COFINA or any of the other Title III debtors. Any party who disputed the Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 11, 2019, in accordance with the Court-approved notice attached to the Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 3804]). *See Certificate of Service* [ECF No. 4442].

2. Only one response was filed to the Fourth Omnibus Objection. On January 9, 2019, the Claimant, currently incarcerated at Institución Ponce, filed the Response to the objection to Claimant's proof of claim filed against COFINA on May 18, 2018, and logged by Prime Clerk as Proof of Claim No. 20186 (the "Claim"). *See* Fourth Omnibus Objection, Exhibit A, Line 8. In the Response, the Claimant alleges Fondo del Seguro del Estado is liable for disability payments owed as a result of an accident that occurred while Claimant was working in a prison kitchen. The Claim similarly purported to assert liability between Claimant and "Fondo del Seguro [sic] del

2

Estado," which is the Spanish name for the State Insurance Fund (the "SIF"). The SIF is a public corporation and instrumentality of the Commonwealth in charge of managing and regulating the Commonwealth workers' insurance system that covers occupational injuries, diseases and deaths, to which all employers must be subscribed under law. COFINA, however, does not employ the Claimant (or any other employees that the Oversight Board is aware of), does not subscribe to the Commonwealth workers' insurance system, and has no affiliation or connection with the SIF.

3. Neither the Claim nor the Response provide any basis for asserting a claim against COFINA. Indeed, the Response is clear that Claimant's purported claim against the SIF arose when Claimant was injured working in a prison kitchen. As such, there is still no evidence that the Claim is valid as to COFINA or that Claimant holds any valid claim against COFINA. Applicable provisions of the Bankruptcy Code and the Bankruptcy Rules plainly provide that claims asserted against an entity other than a debtor are disallowed. *See* Bankruptcy Code section 502(b)(1); Bankruptcy Rule 3007(d)(2); PROMESA Sections 301(a) and 310. Courts routinely disallow claims filed against a non-debtor:

> On the face of the POC, therefore, it is not apparent that there is any claim asserted against the debtor at all. When the face of a proof of claim does not assert a claim against the debtor and, in fact, admits that the basis of the claim is for services rendered, money loaned, or employment by a nondebtor person or entity, it is not properly executed and filed in the debtor's case, and it cannot be *prima facie* evidence of the validity and the amount of a claim against the debtor under Federal Rule of Bankruptcy Procedure 3001(f).

*Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 146 (10th Cir. B.A.P. 2003). Indeed, COFINA is unaware of any court opinion allowing a claim in a debtor's bankruptcy case when the claim was asserted only against a non-debtor entity.

3

4. Accordingly, COFINA respectfully requests that the Court grant the Fourth Omnibus Objection as to the Claim.

Dated: January 23, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br>LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                                    Deudores.<sup>1</sup> | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**RÉPLICA DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE
PUERTO RICO A LA RESPUESTA PRESENTADA POR EL RECLAMANTE JUAN
CRUZ RODRIGUEZ A LA CUARTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) A
LAS RECLAMACIONES DEFICIENTES**

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de COFINA conforme a la sección 315(b) de la *Ley de Supervisión, Administración, y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta réplica (la "Réplica") a la *Respuesta a la Objeción presentada por el Deudor contra las Reclamaciones (Número(s): 20186) asunto: 4408 Petición Cuarta Objeción Colectiva (No*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está codificada en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

*Sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones Deficientes* [ECF No. 4659] (la "Respuesta"), que presentó el reclamante Juan Cruz Rodriguez (el "Reclamante") respecto de la *Cuarta Objeción Colectiva (No Sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra las Reclamaciones Deficientes* [ECF No. 4408] (la "Cuarta Objeción Colectiva"). En respaldo de esta Réplica, COFINA respetuosamente declara lo siguiente:

1. El 4 de diciembre de 2018, COFINA presentó la Cuarta Objeción Colectiva con el objetivo de que se desestimen por completo veintiocho (28) evidencias de reclamaciones deficientes (las "Reclamaciones Deficientes"), que se incluyen en la lista del Anexo A del mismo. Como se indicó en la Cuarta Objeción Colectiva, cada una de las Reclamaciones Deficientes omitió presentar fundamentos en respaldo de la reclamación contra COFINA (o alguno de los otros deudores del Título III), ya sea porque omitió presentar cualquier tipo de fundamento para la reclamación, o porque consignó en las evidencias de reclamación y/o documentación de respaldo que el reclamante carecía de una reclamación o que la reclamación estaba dirigida a otra entidad distinta de COFINA o alguno de los otros deudores del Título III. Toda parte que cuestionara la Cuarta Objeción Colectiva debía presentar una respuesta hasta las 4:00 p.m. (Hora Estándar del Atlántico) del 11 de enero de 2019, de conformidad con la notificación aprobada por el Tribunal que se adjunta a la Cuarta Objeción Colectiva como Anexo C, la cual fue remitida en inglés y en español a los acreedores individuales comprendidos en la Cuarta Objeción Colectiva, al Síndico de los Estados Unidos, y a la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF No. 3804]). *Véase el Certificado de Servicio* [ECF No. 4442].

2

2. Solo se presentó una respuesta a la Cuarta Objeción Colectiva. El 9 de enero de 2019, el Reclamante, actualmente en prisión en la Institución Ponce, presentó la Respuesta a la objeción contra la evidencia de reclamación presentada por el Reclamante contra COFINA el 18 de mayo de 2018, y registrada por Prime Clerk como Evidencia de Reclamación bajo el No. 20186 (la "<u>Reclamación</u>"). *Véase la* Cuarta Objeción Colectiva, Anexo A, Línea 8. En la Respuesta, el Reclamante alega que el Fondo del Seguro del Estado le adeuda pagos por discapacidad que le corresponde cobrar como consecuencia de un accidente ocurrido mientras el Reclamante trabajaba en la cocina de la prisión. Del mismo modo, la Reclamación afirmaba la existencia de una obligación entre el Reclamante y el "Fondo del Seguro [sic] del Estado," que es el nombre en español del State Insurance Fund (el "<u>SIF</u>"). El SIF es una entidad pública e instrumentalidad del Estado Libre Asociado a cargo de administrar y regular el sistema de compensaciones por accidentes de trabajo del Estado Libre Asociado, el cual cubre lesiones, enfermedades y fallecimientos de tipo ocupacional, al que todos los patronos deben estar afiliados por ley. Sin embargo, COFINA no emplea al Reclamante (o cualquier otro empleado que la Junta de Supervisión tenga conocimiento de), no está afiliado al sistema de compensación de accidentes de trabajo del Estado Libre Asociado, y no tiene relación o conexión alguna con el SIF.

3. Ni la Reclamación ni la Respuesta ofrecen fundamento alguno en respaldo de una reclamación contra COFINA. De hecho, la Respuesta es clara en el sentido que la supuesta reclamación de el Reclamante contra SIF surgió cuando el Reclamante fue herido trabajando en la cocina de la prisión. Dicho esto, no hay evidencia de que la Reclamación sea válida respecto de COFINA o de que el Reclamante tenga alguna reclamación válida contra COFINA. Las disposiciones aplicables del Código de Quiebras y del Reglamento de Quiebras disponen

3

claramente que las reclamaciones formuladas contra una entidad distinta de un deudor deben ser desestimadas. *Véase la* sección 502(b)(1) del Código de Quiebras; la Regla de Quiebras 3007(d)(2); las secciones 301(a) y 310 de la ley PROMESA. Normalmente, los tribunales desestiman las reclamaciones formuladas contra una persona distinta del deudor:

> De la carátula de la Evidencia de Reclamación, por lo tanto, no surge que haya reclamación alguna formulada contra el deudor. De conformidad con la Regla 3001(f) del Procedimiento Federal de Quiebras, cuando en la carátula de una evidencia de reclamación no se formula ninguna reclamación contra el deudor y, de hecho, se admite que la reclamación se fundamenta en servicios prestados, dinero prestado, o relación de empleo con una persona o entidad distinta del deudor, entonces la reclamación no ha sido debidamente formulada y presentada en el caso del deudor, y no puede constituir *prima facie* evidencia de la validez y del monto de una reclamación contra el deudor.

*Wilson contra Broadband Wireless Int'l Corp. (En el caso Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 146 (10th Cir. B.A.P. 2003). De hecho, COFINA no tiene conocimiento de ningún dictamen judicial que admita una reclamación en el caso de la quiebra de un deudor cuando la reclamación fue formulada únicamente contra una entidad distinta del deudor.

4. En consecuencia, COFINA con respeto solicita que el Tribunal haga lugar a la Cuarta Objeción Colectiva a la Reclamación.

Fecha: 23 de enero de 2019  
       San Juan, Puerto Rico

Presentado con todo respeto,

/s/ *Hermann D. Bauer*

4

Hermann D. Bauer
Tribunal de Distrito de EE. UU. No. 215205
Carla García Benítez
Tribunal de Distrito de EE. UU. No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

5

## **CERTIFICADO DE NOTIFICACIÓN**

Por el presente, certifico que en el día de la fecha, he presentado electrónicamente el documento precedente ante el Secretario del Tribunal mediante el sistema CM/ECF, el cual enviará notificaciones de dicha presentación a todos los participantes CM/ECF en este caso.

*/s/ Hermann D. Bauer*
Hermann D. Bauer
