UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA)

Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

---------------------------------------------------------------x

[Responding to Docket 4846 (Notice of filing of revised proposed (i) Findings of Fact and Conclusions of Law, and (ii) Order and Judgment Confirming Third Amended Title III Plan)]

**RESPONSE TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBMITTED BY INDIVIDUAL COFINA SUBORDINATE BONDHOLDER RESIDING IN THE 50 STATES WHO PURCHASED AT THE ORIGINAL OFFERING PRICES**

Dated: January 24, 2019

**RESPONSE TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBMITTED BY INDIVIDUAL COFINA SUBORDINATE BONDHOLDER RESIDING IN THE 50 STATES WHO PURCHASED AT THE ORIGINAL OFFERING PRICES**

The undersigned incorporates the objections and argument previously made in the objection (Docket 4585), supplement (Docket 4595), second supplement (Docket 4673), Hein declaration and exhibits thereto (Docket 4606-3 *et seq.*) and on the record of the January 16-17, 2019 hearing.

The undersigned objects to the Findings of Fact and Conclusions of Law and the proposed Order and Judgment Confirming Third Amended Title III Plan, in all material respects, on *inter alia* the grounds set forth in the previously filed papers and the previous argument.

This response is being submitted to highlight the following points:

1. FOMB adds to proposed finding of fact and conclusion of law ¶ 119 (Docket 4846-1 at 46 of 121 and Docket 4846-3 at 46-47 of 81) the statement that "Legislation of the Commonwealth is presumed to be valid if enacted by the Legislative Assembly of Puerto Rico and signed into law by the Governor" and cites case law stating "laws are presumed to be constitutional." But, if as asserted by FOMB, legislation of the Commonwealth is presumed to be valid and constitutional, then Act 91 itself was equally valid and constitutional. If one accepts the premise in ¶ 119 that FOMB urges Your Honor to accept, then it follows that the challenge to the current COFINA lien and bonds, created by and authorized by *inter alia* Act 91, must fail because Act 91 itself must be presumed to be valid and constitutional.

2. The modifications and additions to the FOMB's proposed findings of fact and conclusions of law simply underscore that FOMB has created a legal "Catch-22" for Your Honor, to wit:

- Unless Your Honor would issue an order upholding the legal, valid, binding and enforceable status of the **current** lien and the **current** COFINA bonds, Your Honor cannot issue the judicial determinations specified in the FOMB's proposed order and required under § 16.2 to implement the Plan.

-1-

- If Your Honor can issue the judicial determinations specified in the proposed order, and required by § 16.2 of the Plan, then the current lien and current bonds are also legal, valid, binding and enforceable, and thus there is no legal justification to give away almost one-half of the collateral, as the Plan would do.

Notably, the proposition that legislation enacted by the Puerto Rico Legislature is presumed valid and constitutional unless and until otherwise determined by a court is also one of the very points made by Puerto Rico when Puerto Rico explained to investors why the current lien pursuant to Act 91, and the current bonds issued pursuant to Act 91, were legal, valid, binding and enforceable. Thus, the official statements for the COFINA bonds expressly stated that "[t]he Supreme Court of Puerto Rico .... has consistently ruled that there is a presumption of constitutionality that attaches to every statute adopted by the Legislative Assembly and has further stated that opinions by the Secretary of Justice, although not binding, are entitled to persuasive weight. The Supreme Court of Puerto Rico has also stated that deference to the Legislative Assembly should be especially high in matters involving the use of public funds and the regulation of the economy, and that in these types of cases, the constitutionality of the statute will be upheld unless there is no rational relationship between the legislation and a legitimate government interest". Hein Dec. (Docket 4606-4) Ex. D at 67 of 173 (Official Statement for Series 2010C issue). This point was also reiterated on conference calls to investors. Hein Dec. (Docket 4606-7) Ex. J at 10 of 477.

It simply cannot be that (i) the "presumption of constitutionality that attaches to every statute adopted by the Legislative Assembly" can be ignored when it comes to the question of whether the current lien and bonds pursuant to Act 91 are valid, lawful, binding and enforceable, but (ii) now should form the rationale offered in support of proposed findings of fact and conclusions of law as to the new lien and the new bonds.

The notion that the very same lien and legal structure can be valid, lawful, binding and enforceable if the property of bondholders is reduced by almost half (with that reduction being borne largely by subordinate bondholders not represented in the confidential mediation and settlement

process) – but supposedly is not valid, lawful, binding and enforceable in its original amount – flies in the face of any semblance of the rule of law.

The only way out from the Catch-22 is for this Court to **rule** on the validity and legality of the current lien and bonds.

3. PROMESA cannot override the U.S. Constitution, and this Court cannot approve a Plan that violates the U.S. Constitution. I raised constitutional obstacles to confirmation of the COFINA plan from the outset in my objections as well as in my argument on January 17, 2019. Yet the conclusions of law are silent as to the constitutional issues I raised. That silence is a tacit acknowledgement that Plan proponents have no viable response to the constitutional obstacles to confirmation of the COFINA plan. This Court cannot approve the proposed plan in light of the multiple Constitutional obstacles.

4. The attempt to effectively bind bondholders in the 50 states who did not participate in the confidential mediation and settlement process is not only a violation of the due process rights of such persons (including me), but in addition use of a confidential mediation and settlement process to effectively resolve disputes or issues in lieu of legal rulings by this Court – which resolutions were then incorporated into a COFINA plan proposed to be confirmed by an order by this Court – violates the First Amendment rights of both the objectors and others to public access to court proceedings. *See, e.g., Delaware Coalition for Open Government, Inc. v. Strine*, 733 F.3d (3d Cir. 2013), where the Third Circuit – referencing U.S. Supreme Court jurisprudence – held the First Amendment public right of access applied to business dispute arbitrations established by Delaware law and implemented by the Delaware Chancery Court. The rationales for the First Amendment public right of access discussed by the Third Circuit are also applicable here:

> We have recognized that public access to judicial proceedings provides many benefits, including [1] promotion of informed discussion of governmental affairs by providing the public with the more complete understanding of the [proceeding]; [2] promotion of the public perception of fairness which can be achieved only by permitting full public view of the proceedings; [3] providing a significant community therapeutic value as an outlet for community concern,

> hostility and emotion; [4] serving as a check on corrupt practices by exposing the [proceeding] to public scrutiny; [5] enhancement of the performance of all involved; and [6] discouragement of [fraud]. *Id.* at 519.

If a confidential mediation and settlement process is to be folded into a Plan that is to be confirmed by order of this Court so as to bind persons who were not participants, that process is one that the First Amendment requires to have been public – but it was not.

Moreover, the Due Process rights of bondholders in the 50 states who did not participate in the confidential mediation and settlement process have been violated because there was never an actual advance notice mailed or emailed to such bondholders – not even to those who had submitted claims and whose email addresses and mailing addresses were available to Plan proponents – informing them that proposed procedural orders or orders relating to a confidential mediation and settlement process could result in resolutions that would then become effectively binding upon nonparticipants and be used as the predicate for a mandatory plan, and making provision for them to be heard and participate in the confidential mediation and settlement process. After-the-fact reports of agreements or settlements reached are no substitute for actual advance notice, before a confidential mediation and settlement process takes place, to all bondholders advising them that they may be effectively bound by the results of a planned confidential mediation and settlement process and giving them the opportunity to be heard and to participate in that process. The only notice actually sent to bondholders not participating in the confidential mediation and settlement process was a notice mailed to bondholders that arrived just prior to the Christmas and New Year's holidays, after the confidential medication and settlement process was over and incorporated in the proposed Plan.

Respectfully Submitted,

*/s/ Peter C. Hein*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com

## CERTIFICATE OF SERVICE

I have caused to be mailed a copy of this Response to Proposed Findings of Fact and Conclusions of Law Submitted by Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices by first class mail to each of the parties or their attorneys on the attached service list.

Dated: January 24, 2019

_____
Peter C. Hein

| | |
|---|---|
| Office of the United States Trustee for the District of Puerto Rico<br>Edificio Ochoa<br>500 Tanca Street, Suite 301<br>San Juan, Puerto Rico 00901<br>(re: In re: Commonwealth of Puerto Rico) | Proskauer Rose LLP<br>11 Times Square<br>New York, NY 10036<br>Attn: Martin J. Bienenstock, Esq., Brian Rosen, Esq., Paul V. Possinger, Esq. Ehud Barak, Esq. and Maja Zeral, Esq. |
| O'Neill & Borges LLC<br>250 Mutioz Rivera Ave.<br>Suite 800<br>San Juan, Puerto Rico 00918-1813<br>Attn: Hermann D. Bauer, Esq. | O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq. |
| Marini Pietrantoni Muniz, LLC<br>MCS Plaza<br>255 Ponce de Leon Ave., Suite 500<br>San Juan, Puerto Rico 00901<br>Attn: Luis C. Marini-Biaggi, Esq. | Paul Hastings LLP<br>200 Park Ave.<br>New York, NY 10166<br>Attn: Luc A. Despins, Esq., James Bliss, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., James Worthington, Esq. and G. Alexander Bongartz, Esq. |
| Casillas, Santiago & Torres LLC<br>El Caribe Office Building<br>53 Palmeras Street, Ste. 1601<br>San Juan, Puerto Rico 00901<br>Attn: Juan J. Casillas Ayala, Esq., and Alberto J.E. Arieses Negron Esq. | Jenner & Block LLP<br>919 Third Ave.<br>New York, NY 10022<br>Attn: Robert Gordon, Esq., and Richard Levin Esq. |
| Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>Attn: Catherine Steege, Esq., and Melissa Root, Esq. | Bennazar, Garcia & Milian, C.S.P.<br>Edificio Union Plaza<br>416 Ave. Ponce de Leon, PH-A<br>Hato Rey, Puerto Rico 00918<br>Attn: A.J. Bennazar-Zequeira, Esq. |
| Milbank, Tweed, Hadley & McCloy LLP<br>28 Liberty Street<br>New York, NY 10005<br>Attn: Dennis Dunne, Esq., and Atara Miller, Esq. | Cadwalader, Wickersham & Taft<br>200 Liberty Street<br>New York, NY 10281<br>Attn: Mark Ellenberg Esq., Lary Stromfeld, Esq., Ivan Loncar, Esq., and Casey Servais, Esq. |

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Marcia L. Goldstein, Esq., and Gabriel Morgan, Esq.

Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, NY 10010
Attn: Susheel Kirpalani, Esq., and Eric Kay, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., and Douglas Buckley, Esq.

McDermott, Will & Emery LLP
444 West Lake Street
Chicago, IL 60606
Attn: William P. Smith, Esq., David L. Taub, Esq., and Alexandra C. Scheibe, Esq.

White & Case LLP
200 South Biscayne Boulevard
Miami, FL 33131
Attn: John K. Cunningham, Esq., and Fernando de la Hoz, Esq.

Davis, Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein, Esq., and Brian Resnick, Esq.

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019
Attn: Lawrence A. Larose, Esq., and Eric Daucher, Esq.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Ira S. Dizengoff, Esq., and Philip C. Dublin, Esq.

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attn: Sandy Qusba, Esq., and Nicholas Baker, Esq.

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Attn: Daniel A. Fliman, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Attn: Andrew N. Rosenberg, Esq.