UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
      as representative of                                         :  Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :  (Jointly Administered)
                                                                   :
      Debtors.¹                                                    :
------------------------------------------------------------------ X
```

**PAUL HASTINGS' URGENT MOTION, PURSUANT TO PROMESA SECTIONS 316
AND 317, BANKRUPTCY CODE SECTION 105(a), PAUL HASTINGS' AUGUST 10,
2017 RETENTION ORDER, AND JUNE 6, 2018 INTERIM COMPENSATION ORDER,
TO COMPEL DEBTORS TO COMPLY WITH JUNE 6, 2018 INTERIM
<u>COMPENSATION ORDER</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1
JURISDICTION AND VENUE .................................................................................................... 4
BACKGROUND ............................................................................................................................ 4
        A.   Retention of Paul Hastings................................................................................... 4
        B.   Interim Compensation Order ............................................................................... 4
        C.   Tax Reform Law .................................................................................................. 7
RELIEF REQUESTED................................................................................................................... 8
BASIS FOR RELIEF..................................................................................................................... 8
        A.   Government Advisors Exception Does Not Apply Retroactively to Services
             Performed Prior to Enactment of Tax Reform Law............................................ 8
        B.   Government Advisors Exception Does Not Apply to Committee Professionals
             at All................................................................................................................... 10
RESERVATION OF RIGHTS ..................................................................................................... 12
NOTICE........................................................................................................................................ 12
NO PRIOR REQUEST ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Petrovich Boscio v. Secretario de Hacienda*,
   79 D.P.R. 250, 1956 PR Sup. LEXIS 163 (P.R. 1956)...............................................................9

*Leo Baiz v. Comision Hípica Insular de Puerto Rico*,
   63 D.P.R. 483, 1944 PR Sup. LEXIS 159 (P.R. 1944)...........................................................9

**Statutes**

13 L.P.R.A.
   § 30151(a)(3) .......................................................................................................................7
   § 30151(a)(3) .......................................................................................................................7
   § 30152(a)(3) .......................................................................................................................7
   § 30441..................................................................................................................................7

31 L.P.R.A. § 3 ............................................................................................................................9

11 U.S.C.
   § 105(a) ............................................................................................................................1, 4
   § 1102...............................................................................................................................2, 10
   § 1103..................................................................................................................................10

48 U.S.C. §§ 2101 *et. seq.*..........................................................................................................1

PROMESA
   § 301(a) ...........................................................................................................................2, 10
   § 305....................................................................................................................................11
   § 306(a) ................................................................................................................................4
   § 307(a) ................................................................................................................................4
   § 316..................................................................................................................................1, 4
   § 316(a)(1) ..........................................................................................................................11
   § 317..................................................................................................................................1, 4

Public Law No. 257-2018 ................................................................................................ *passim*

Puerto Rico Civil Code Article 3 ............................................................................................9

Tax Reform Law
   art. 5 ..........................................................................................................................2, 3, 10
   art. 25 ...................................................................................................................................9
   art. 32 ...............................................................................................................................2, 7
   art. 165 ..............................................................................................................................8, 9

**Other Authorities**

Puerto Rico Internal Revenue Code..................................................................................2, 7, 10

To the Honorable United States District Court Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), hereby files this urgent motion (the "Motion"), pursuant to sections 316 and 317 of PROMESA,[1] section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Paul Hastings' Retention Order (as defined below), and the Interim Compensation Order (as defined below), requesting entry of an order compelling the Debtors to comply with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated June 6, 2018 [Docket No. 3269] (the "Interim Compensation Order").[2] In support of this Motion, Paul Hastings respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Despite Paul Hastings' full compliance with the Interim Compensation Order (including the submission of fee statements and related certifications and declarations), counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") recently indicated that the Debtors will not pay the full amount owed to Paul Hastings for fees and expenses incurred in October and November 2018[3] until after Hacienda has determined whether such fees should be subject to a 29% tax withholding as a result of Public Law No. 257-2018 (the "Tax Reform Law"), enacted on December 10, 2018. Among other things, under that law,

---

[1] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[2] This is not the first motion to compel the payment of fees that Paul Hastings had to file in these Title III cases. *See Official Committee of Unsecured Creditors' (A) Urgent Motion, Pursuant to Bankruptcy Code Section 105(a), to Compel Debtors to Comply With Interim Compensation Orders and (B) Joinder in Motions of Retiree Committee and COFINA Agent to Compel Compliance With Same* [Docket No. 3604]. That motion was withdrawn after the Debtors paid the then-pending fee statements. Other professionals in these cases have also filed motions to compel compliance with the Interim Compensation Order. *See, e.g.*, *Urgent Motion to Compel the Puerto Rico Department of Treasury to Comply with the First and Second Amended Orders Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3513].

[3] The time to object to the October fee statement expired on January 2, 2019, and the time to object to the November fee statement expired on January 17, 2019, in each case, without any objections.

services performed outside Puerto Rico by government advisors based outside of Puerto Rico are to be treated, for taxation purposes, as if the services were performed in Puerto Rico. The Tax Reform Law, however, is no basis to withhold payment of any portion of Paul Hastings' unopposed October and November fee statements.

2. For one, the new tax rule for government advisors (even if it applied to Paul Hastings, and it does not) does not apply retroactively to services performed ***before*** the enactment of the Tax Reform Law. As a matter of Puerto Rico law, a statute does not apply retroactively unless it specifically so provides (which is not the case for the tax rule at issue).

3. In any event, Paul Hastings is not subject to the new tax rule because it applies only to "[s]ervices provided to any agency, office, or instrumentality of the Government of Puerto Rico, public corporation, as well as to the Legislature, the Judicial Branch, and Municipalities or any other entity, created by means of a state or federal statute, whose funds come totally or partially from the General Fund."[4] The Committee (which is the relevant "entity" for purposes of determining whether the new tax rule applies to Paul Hastings) is neither one of the specifically enumerated entities[5] nor an entity funded (totally or partially) from the Commonwealth's General Fund.

4. First, the Committee is not an "entity," as defined in the Tax Reform Law, as the Committee is not engaged in (nor could engage in) a trade or business in Puerto Rico and is not (nor could be) subject to taxation under Puerto Rico's Internal Revenue Code.[6] The Committee is not even a corporation, limited liability company, or partnership.

---

[4] Tax Reform Law art. 32. At this time, no official English translation of the Tax Reform Law has been published. Attached hereto as <u>Exhibit B</u> is a certified translation of the relevant provisions of the Tax Reform Law, including Article 32.

[5] Obviously, the Committee, appointed pursuant to section 1102 of the Bankruptcy Code (incorporated into Title III by section 301(a) of PROMESA), is not an agency, office or instrumentality of the Government of Puerto Rico, a public corporation, the Legislature, the Judicial Branch, or a Municipality.

[6] Tax Reform Law art. 5 (defining "entity" as "any trade or business carried out by . . . a corporation, limited liability company, or partnership subject to tax under" specified provisions of Puerto Rico's Internal Revenue

2

5. Second, the Committee is not funded (totally or partially) from the General Fund. In fact, the Committee receives no funds whatsoever from the General Fund. Even though the Debtors are obligated to pay the fees and expenses of Paul Hastings and the Committee's other professionals in accordance with the Interim Compensation Order, that is an obligation which is ***owed directly to Paul Hastings and the Committee's other professionals***; it is not an obligation owed to the Committee. Nor are the Debtors somehow indirectly funding the Committee in the form of a reimbursement for the cost of Paul Hastings' services. In fact, Paul Hastings' retention order makes clear that the Committee and its members are *not* responsible for the payment of any such fees.

6. Paul Hastings is, of course, mindful of the Court's statement at the June 6, 2018 omnibus hearing that the parties should engage in "direct and frank discussions" to resolve payment issues with respect to professional fee statements, expressing the Court's hope that there would be no need for motions to compel compliance with the Interim Compensation Order. Paul Hastings submits that it has conferred with counsel for AAFAF in an effort to resolve the payment issues without the need for Court intervention. In fact, once Paul Hastings learned on January 22, 2019 that AAFAF was in discussions with Hacienda regarding the (previously undisclosed) potential retroactive application of the 29% tax withholding to pending fee statements, Paul Hastings held off filing this Motion until Friday, January 25, 2019, in order to give AAFAF and Hacienda an opportunity to come to a resolution on this matter. Unfortunately, as of the filing of this Motion, this matter remains unresolved, and it is unclear when Paul Hastings can expect payment on its pending fee statements.

---

Code or "any other kind of foreign entity that, if engaged in a trade or business in Puerto Rico, would be subject to" such taxation). A certified translation of Article 5 of the Tax Reform Law is included as part of <u>Exhibit B</u> hereto.

3

7.  For all these reasons, Paul Hastings respectfully requests entry of an order directing the Debtors (including Hacienda) to comply with their obligations under the Interim Compensation Order and to pay to Paul Hastings, on or before January 31, 2019,[7] the amounts due under its October and November fee statements, without any tax withholding, in accordance with the Interim Compensation Order.

## JURISDICTION AND VENUE

8.  The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

9.  Venue is proper pursuant to section 307(a) of PROMESA.

10. The statutory bases for the relief requested herein are sections 316 and 317 of PROMESA and section 105(a) of the Bankruptcy Code.

## BACKGROUND

**A.  Retention of Paul Hastings**

11. On July 10, 2017, the Committee filed an application to retain and employ Paul Hastings as counsel, effective June 26, 2017 [Docket No. 610].

12. By order of this Court entered on August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

**B.  Interim Compensation Order**

13. The Interim Compensation Order provides that, following the expiration of the 10-day objection period to monthly statements, "the Debtors in whose cases such Professionals

---

[7] Because Paul Hastings' current fiscal year ends on January 31, 2019, Paul Hastings' has requested (by separate motion) that this Motion be heard at the January 30, 2019 omnibus hearing. AAFAF has consented to have this Motion heard at that time.

4

are retained and/or employed shall promptly pay, and in no event pay later than fourteen (14)[8] calendar days after receiving the Monthly Fee Objection Statement, the Professional an amount equal to the lesser of (i) 90% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement. . . ." Interim Compensation Order ¶ 2.c. In the case of Paul Hastings and Zolfo Cooper (the Committee's financial advisor), the Interim Compensation Order requires the payment of 80% (as opposed to 90%) of fees and 100% of expenses, reflecting the 20% end-of-case reductions agreed to by Paul Hastings and Zolfo Cooper as part of their respective retentions.[9]

14. The Interim Compensation Order also requires, among other things, that "[e]ach Professional in the Title III case shall comply with Puerto Rico tax withholding law, to the extent applicable to such Professional," *id.* ¶ 9, that professionals send their retention agreements to the Department of Treasury, *id.* ¶ 10, that principals retroactively certify all fee statements served prior to the entry of the second amended Interim Compensation Order, *id.* ¶ 11, and that principals certify fee statements going forward, *id.*

15. In accordance with the Interim Compensation Order, Paul Hastings has timely served monthly fee statements for the fees and expenses incurred on behalf of the Committee on AAFAF and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as well as on the other Notice Parties (as defined in the Interim Compensation Order),

---

[8] The 14-day period to pay monthly fee statements was specifically requested by the AAFAF at the August 9, 2017 omnibus hearing, after consultation with counsel to AAFAF.

[9] As the Court is aware, as part of its retention in these Title III cases, Paul Hastings has agreed to a 20% reduction in its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process. Paul Hastings agreed to this reduction in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would be governed by court orders which contained strict procedures and deadlines, and that such orders would be complied with.

5

and has complied with all other aspects of the Interim Compensation Order, including the documentation requirements related to compliance with Puerto Rico law.

16. In particular, on December 20, 2018, Paul Hastings served its monthly statement for fees and expenses incurred during the period ending October 31, 2018 (the "October Fee Statement) on the Notice Parties. The deadline to object to the October Fee Statement expired on January 2, 2019 without any objections. In accordance with the Interim Compensation Order, Paul Hastings advised the Debtors and AAFAF on January 2, 2019 that (a) no party objected to the October Fee Statement and (b) the amounts set forth in the October Fee Statement were due within fourteen (14) calendar days thereafter, *i.e.*, by January 16, 2019. As of the date of this Motion, Paul Hastings has received no payment on account of the October Fee Statement.

17. Similarly, on January 7, 2019, Paul Hastings served its monthly statement for fees and expenses incurred during the period ending November 30, 2018 (the "November Fee Statement) on the Notice Parties. The deadline to object to the November Fee Statement expired on January 17, 2019 without any objections. In accordance with the Interim Compensation Order, Paul Hastings advised the Debtors and AAFAF on January 17, 2019 that (a) no party objected to the November Fee Statement and (b) the amounts set forth in the November Fee Statement are due within fourteen (14) calendar days thereafter, *i.e.*, by January 31, 2019. As of the date of this Motion, Paul Hastings has received no payment on account of the November Fee Statement.

18. On January 22, 2019, counsel to AAFAF advised Paul Hastings that no payments would be made at this time with respect to the pending fee statements because Hacienda was in the process of determining whether the amounts due on such fee statements were subject to a 29% tax withholding as a result of the Tax Reform Law (as defined below). While counsel to

AAFAF noted that they were in discussions with Hacienda regarding this matter, no resolution has been reached as of the filing of this Motion.

C. **Tax Reform Law**

19. As a general matter, under Puerto Rico's Internal Revenue Code, foreign corporations that are "not engaged in trade or business in Puerto Rico" are subject to a 29% tax on amounts received "from sources within Puerto Rico." 13 L.P.R.A. § 30441 (official translation). The Internal Revenue Code further specifies that, with exceptions not relevant here, "compensation for labor or personal services performed in Puerto Rico" is to be treated as "income from sources within Puerto Rico," 13 L.P.R.A. § 30151(a)(3) (official translation), while "compensation for labor or personal services performed outside Puerto Rico" is to be treated as "income from sources outside Puerto Rico," 13 L.P.R.A. § 30152(a)(3) (official translation). In other words, as a general matter, foreign corporations are subject to the 29% tax ***only on income from labor or personal services performed in Puerto Rico***.

20. On December 10, 2018, the Governor of Puerto Rico signed into law the Tax Reform Law. Among other things, Article 32 of the Tax Reform Law amended Section 1035.01 of Law 1-2011 (which is codified at 13 L.P.R.A. § 30151(a)(3) of Puerto Rico's Internal Revenue Code) to provide for the following (the "Government Advisors Exception"):

> (A) Exception. Services provided to any agency, office, or instrumentality of the Government of Puerto Rico, public corporation, as well as to the Legislature, the Judicial Branch, and Municipalities or any other entity, created by means of a state or federal statute, whose funds come totally or partially from the General Fund, shall be deemed to be income from sources within Puerto Rico even if the service is provided outside Puerto Rico.[10]

---

[10] Tax Reform Law, art. 32. A certified English translation of Article 32 of the Tax Reform Law is included as part of Exhibit B hereto.

7

In other words, if the Government Advisors Exception applies (and, as discussed below, it does not apply to the Committee's professionals), compensation for labor or personal services performed outside Puerto Rico will be considered "income from sources within Puerto Rico even if the service is provided outside Puerto Rico" and, therefore, subject to the 29% tax.

## RELIEF REQUESTED

21. Paul Hastings respectfully requests entry of an order directing the Debtors (including Hacienda) to comply with their obligations under the Interim Compensation Order and to pay, on or before January 31, 2019, to Paul Hastings the amounts due under its October Fee Statement and the November Fee Statement, without any tax withholding, in accordance with the Interim Compensation Order.

## BASIS FOR RELIEF

22. It is undisputed that Paul Hastings has complied with all requirements under the Interim Compensation Order. Nor has any party objected to Paul Hastings' pending fee statements. The Debtors' failure to timely pay unopposed requests for payment of fee and expenses is in clear violation of the Interim Compensation Order.

23. There is also no basis to withhold payment with respect to the October Fee Statement or the November Fee Statement on the ground that such fees are subject to the new Government Advisor Exception (or to withhold payment indefinitely until Hacienda has developed its position as to whether the Government Advisor Exception applies).

**A. Government Advisors Exception Does Not Apply Retroactively to Services Performed Prior to Enactment of Tax Reform Law**

24. As specified in Article 165 of the Tax Reform Law, the law became effective when it was signed into law by the Governor on December 10, 2018, except as otherwise

8

provided.[11] Nothing in the Tax Reform Law, however, provides that the Government Advisors Exception would apply retroactively to services rendered prior to the enactment of the Tax Reform Law.

25. Under Puerto Rico law, in the absence of an express provision to the contrary (which is not the case here), a statute does *not* apply retroactively. Specifically, Article 3 of the Puerto Rico Civil Code provides that "laws shall not have a retroactive effect unless they expressly so decree. In no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action." 31 L.P.R.A. § 3 (emphasis added) (official translation).[12] Moreover, the Puerto Rico Legislature knows how to make a law effective as of an earlier date, as it specifically did so for other provisions of the Tax Reform Law;[13] however, it chose not do so for the Government Advisors Exception.[14]

26. For these reasons, Paul Hastings' October Fee Statement and November Fee Statement, which cover services provided prior to the enactment of the Tax Reform Law, are plainly not subject to the Government Advisors Exception.

---

[11] Tax Reform Law, art. 165. A certified English translation of Article 165 of the Tax Reform Law is included as part of Exhibit B hereto.

[12] The principle of non-retroactivity is widely recognized in the jurisprudence of the Puerto Rico Supreme Court. *See, e.g., Leo Baiz v. Comision Hípica Insular de Puerto Rico.*, 63 D.P.R. 483, 1944 PR Sup. LEXIS 159 at 4 (P.R. 1944) ("it is obvious that said amendment may not be made retroactive to cover appellant's case, because the Legislature did not provide it expressly") (citing Article 3 of Puerto Rico Civil Code). This principle also applies to tax laws. *See Petrovich Boscio v. Secretario de Hacienda*, 79 D.P.R. 250, 1956 PR Sup. LEXIS 163 (P.R. 1956) (applying Article 3 of Puerto Rico Civil Code in holding that tax law did not have retroactive effect where nothing in tax law "show[ed] the lawmaker's intent of expressly providing for the retroactive effect of those laws").

[13] *See, e.g.*, Tax Reform Law, art. 25 (allowing as deduction actual expenses incurred in use and maintenance of vehicles for taxable years commenced after December 31, 2017). A certified English translation of the relevant portion of Article 25 of the Tax Reform Act is included as part of Exhibit B hereto.

[14] It is irrelevant that the October Fee Statement and the November Fee Statement became payable after the enactment of the Tax Reform Law. The Government Advisors Exception concerns the effect of the location of services provided, not the timing of payment for such services.

9

**B.       Government Advisors Exception Does Not Apply to Committee Professionals at All**

27.     Even if the Government Advisors Exception applied retroactively (which it does not), it does not extend to the Committee's professionals.  In particular, that exception applies *only to services provided to certain specified entities, which do not include the Committee*.[15]  Clearly, the Committee, which is appointed under section 1102 of the Bankruptcy Code (incorporated into Title III by section 301(a) of PROMESA), is not an agency, office or instrumentality of the Government of Puerto Rico, a public corporation, the Legislature, the Judicial Branch, or a Municipality.

28.     Nor is the Committee an "entity, created by state or federal law, whose funds come, totally or partially, from the General Fund."  For one, the Committee is not an "entity," as that term is defined in Article 5 of the Tax Reform Law.  Specifically, "entity" is defined "any trade or business carried out by . . . a corporation, limited liability company, or partnership subject to tax under" specified provisions of Puerto Rico's Internal Revenue Code or "any other kind of foreign entity that, if engaged in a trade or business in Puerto Rico, would be subject to" such taxation.[16]  The Committee, which is creature of the Bankruptcy Code with specified powers and duties set forth in section 1103 of the Bankruptcy Code, is not engaged in (nor could engage in) a trade or business in Puerto Rico and is not (nor could be) subject to taxation under Puerto Rico's Internal Revenue Code.  The Committee is not even a corporation, limited liability company, or partnership.

29.     But even if the Committee were an "entity" as defined in the Internal Revenue Code (which it is not), the Committee is not funded (totally or partially) from the General Fund.

---

[15]   The Committee is the relevant "entity" for purposes of determining whether the Government Advisor Exception applies to Paul Hastings.

[16]   Tax Reform Law, art. 5.  A certified English translation of Article 5 of the Tax Reform Act is included as part of Exhibit B hereto.

10

In fact, the Committee receives no funds whatsoever from the General Fund. It is, of course, true that the Debtors are obligated to pay the fees and expenses of Paul Hastings and the Committee's other professionals. However, that is an obligation which is ***owed by the Debtors directly to Paul Hastings and the Committee's other professionals***; it is not an obligation owed to the Committee.

30. Specifically, PROMESA provides that the Court may award (as against the Debtors) "reasonable compensation for actual, necessary services rendered by the professional person." PROMESA § 316(a)(1). Moreover, Paul Hastings' Retention Order makes clear that the payment of Paul Hastings' fees and expenses is the responsibility of the Debtors (other than COFINA). Retention Order ¶ 4. To remove any doubt as to the Debtors' obligation to pay Paul Hastings' fees, the Oversight Board, in accordance with section 305 of PROMESA, consented to the Debtors' payment as provided in the Retention Order. *Id.* ¶ 4. Consistent with all of the foregoing, the Interim Compensation Order also expressly provides that, upon expiration of the objection period, "the Debtors . . . shall promptly pay the Professional." Interim Compensation Orders ¶ 2.c.

31. There can also be no argument that the Commonwealth is somehow indirectly funding the Committee in the form of reimbursing the Committee for the cost of Paul Hastings' services. In fact, Paul Hastings' retention order makes clear that the Committee and its members are *not* responsible for the payment of Paul Hastings' fees and expenses. Retention Order ¶ 5.

32. In sum, because the Committee is not an "entity" as defined in the Tax Reform Law and because the Committee is not funded by the Debtors, the Government Advisor Exception does not apply to Paul Hastings and the other Committee professionals. Accordingly,

11

there is no basis to withhold payment on the October Fee Statement or the November Fee Statement.

## RESERVATION OF RIGHTS

33. Paul Hastings reserves all its rights to oppose in the future, on any and all grounds, any effort by the Debtors to impose or withhold a 29% tax on the payment of fees and expenses (regardless of the location of where the underlying services are performed), including on the bases that (a) under its Retention Order, Paul Hastings is entitled to a gross-up of any taxes withheld and (b) the application of such tax is unconstitutional. Moreover, in accordance with the Retention Order, Paul Hastings also reserves its right to designate (in its sole discretion) the precise fees to be waived to attain the 20% fee reduction in connection with the final fee application process.

## NOTICE

34. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have filed a notice of appearance in these Title III cases.

## NO PRIOR REQUEST

35. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, Paul Hastings respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** granting the relief requested in this Motion and granting such other relief as the Court deems just and proper.

Dated: January 25, 2019  /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com