UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: The Financial Oversight and Management Board of Puerto Rico<br><br>As Representative of<br><br>The Commonwealth of Puerto Rico<br><br>Puerto Rico Sales Tax Financing Corporation's ("COFINA"), *et al*<br><br>Debtors | PROMESA, Title III<br><br>No. 17-BK-3283 (LTS)<br><br>No. 17-BK-3284 (LTS)<br><br>(Jointly Administered) |

**RESPONSE TO SIXTH OMNIBUS OBJECTION TO COFINA CLAIM NUMBER 15428**

**TO THE HONORABLE LAURA TAYLOR SWAIN**:

**COMES NOW** Creditor **TOMÁS CORREA-ACEVEDO** (from hereinafter "Correa-Acevedo"), by and through his undersigned counsel, and submits his respose to Puerto Rico Sales Tax Financing Corporation's ("COFINA") Sixth Omnibus Objection to proof of claim number 15428. In support of his claim, Correa-Acevedo respectfully **STATES** and **PRAYS** as follows:

**Preliminary Statement**

Creditor Correa-Acevedo timely filed proof of claim number 15428 in the COFINA Title III bankruptcy case, which included a true and exact copy of a *Securities Account Statement* ("Statement") as evidentiary support thereof. Pages 7, 8, and 9 of the *Statement* confirm that Correa-Acevedo is the holder of COFINA bonds totaling $276,334.24—all of which are duly identified by their CUSIP serial number.

Response to Sixth Omnibus Objection to COFINA Proof of Claim Number 15428
17-bk-3283
17-bk-3284

Nevertheless, Correa-Acevedo was served with the *Puerto Rico Sales Tax Financing Corporation's Sixth Omnibus Objection (Non-Substantive) to Deficient Claims*, in which his claim was objected on grounds that the "Proof of Claim purports to assert liabilities associated with municipal bond(s) and/or money loaned, but fails to provide any basis or supporting documentation for asserting a claim against COFINA, such that the Debtors are unable to determine whether claimant has a valid claim against COFINA or any of the other Title III debtors." Docket # 4410-2, page 15. As it shall be more fully demonstrated below, Correa-Acevedo's claim should be allowed as filed.

### I. COFINA's Objection Failed to Submit the Necessary Counterevidence to Refute Correa-Acevedo's Proof of Claim's *Prima Facie* Validity and Legal Sufficiency

Under Section 502(a) of the Bankruptcy Code, 11 U.S.C.A. § 502(a), a proof of claim is deemed to be allowed unless objected. *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992). Once the proof of claim is filed, the burden of proof shifts to the party who seeks to object its validity or sufficiency. *In re Virgina Broadband, LLC*, 521 B.R. 539, 561 (W.D. Va., 2014).

A proper objection must include sufficient evidence to refute the proof of claim's validity or legal sufficiency. See Fed.R.Bank. P. 3001(d)(5); *In re LaFata*, 483 F.3d 13, 23 (1st Cir. 2007); *In re Rowlands*, 2008 Bankr. Lexis 3958, at *11 (1st Cir. B.A.P., 2008). See also 4 *Collier on Bankruptcy* ¶502.02[3][f] (LexisNexis Electronic Database, last accessed on January 24th, 2019); Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stepan, *Bankruptcy Law Manual*, 5th Ed., Vol. 1, §§ 6:6 and 6:10, p. 1107 and 1126 (Thomson Reuters, 2017-1); and George M. Treister, *et al*, *Fundamentals of Bankruptcy Law*, 6th Ed., §6.02, p. 311 (ALI ABA, 2006).

Response to Sixth Omnibus Objection to COFINA Proof of Claim Number 15428
17-bk-3283
17-bk-3284

Filing an objection does not overcome the proof of claim's *prima facie* validity, unless its counterevidence has substantial probative merit. *In re Hemingway Transport, Inc.,* 993 F.2d 915, 925 (1st Cir. 1993*); In re Rowlands*, 2008 Bankr. Lexis at * 10-11; *In re Tracey*, 394 B.R. 635, 639 (1st Cir. B.A.P., 2008). Indeed, it is only after the objector's probative burden has been met that the onus shifts back to claimant to prove her/his claim. *In re Newfound Lake Marine, Inc.,* 2007 BNH 35, at *5 (Bankr. N.H., 2007); *In re Mulvania*, 214 B.R. 1, 5-6 (9th Cir. B.A.P., 1997).

Pages 7, 8, and 9 of the *Statement* attached to the proof of claim clearly demonstrate that creditor Correa-Acevedo is a COFINA bondholder. Not only the *Statement* identifies the "Puerto Rico Sales Tax Fing Corp. Sales" as the bonds issuing entity[1], but it also makes specific reference to "COFINA", to "Tax Rev Sales Tax", and to each CUSP ID serial number. Accordingly, the supporting documentary evidence submitted with the proof of claim squarely complies with Fed.R.Bank. P. 3001's requirements.

Notwithstanding the above, Correa-Acevedo's proof of claim was objected due to its purported "failure" to provide any supporting documentation to assert a claim against COFINA. Docket # 4410-1, page 15. Yet, the objection failed to include any counterevidence to overcome the proof of claim's *prima facie* validity and sufficiency. This bald and conclusory objection also stands in stark contrast to the *Statement*'s contents in pages 7, 8, and 9 that evince a valid claim against COFINA. This generic objection was also asserted against every single claimant that was included in the very same page as Correa-Acevedo in Exhibit A of the *Sixth Omnibus Objection* (Docket # 4410-1, page 15), which demonstrates that it was not tailor-made for claim 15428's alleged "deficiency."

---

[1] Although the *Statement* includes other government-issued bonds (e.g. Puerto Rico Public Finance Corp; Puerto Rico Commonwealth Government Development Bank; Employees Retirement System; Puerto Rico Electric Power Authority; etc…), it also unequivocally includes COFINA bonds.

Page 3

Moreover, albeit the objection is predicated upon the alleged "failure" to support the proof of claim, yet COFINA simultaneously served Correa-Acevedo with a *Solicitation Package* that includes the *Disclosure Statement for the Second Amended Title III Plan of Adjustment of COFINA Debts*, the Court Order approving the COFINA *Disclosure Statement*, and even the ballots to cast his acceptance or rejection of the proposed COFINA plan. See Exhibit 1. In fact, COFINA's *Solicitation Package* explicitly acknowledged that Correa-Acevedo is one of its bond holders. *Id*. ("Important Notice Regarding Delivery of Security Holder Documents Tomas Correa Acevedo…").

As COFINA's objection failed to refute Correa-Acevedo's proof of claim's *prima facie* validity and legal sufficiency, claim number 15428 should be allowed as filed.

### III. The Attached Additional Documentary Evidence Lends Further Support to Correa-Acevedo's Proof of Claim Against COFINA

Although the proof of claim is properly supported by the uncontroverted documentary evidence included therewith, creditor Correa-Acevedo attaches three *Confirmations* issued by UBS Financial Services Incorporated of Puerto Rico, that further confirm that he is a COFINA bondholder:

| Confirmation Dated 6/19/2009 (Exhibit 2) | Confirmation Dated 6/25/2009 (Exhibit 3) | Confirmation Dated 1/28/2010 (Exhibit 4) |
|---|---|---|
| Bond Issuer: Puerto Rico Sales Tax Fing Corp. Sales Tax Rev | Bond Issuer: Puerto Rico Sales Tax Fing Corp. Sales Tax Rev | Bond Issuer: Puerto Rico Sales Tax Fing Corp. Sales Tax Rev |
| CUSIP No. 74529JGQ2 | CUSIP No. 74529JLE3 | CUSIP No. 74529JKU8 |
| Reference No. 54790 | Reference No. 42920 | Reference No. 43158 |
| Original Purchase Value: $48,922.65 | Original Purchase Value: $150,000.00 | Original Purchase Value: $22,585.25 |

**WHEREFORE**, creditor **TOMÁS CORREA-ACEVEDO** respectfully requests that claim 15428 be allowed as filed.

Response to Sixth Omnibus Objection to COFINA Proof of Claim Number 15428
17-bk-3283
17-bk-3284

## Certificate of Service

**I HEREBY CERTIFY** that on this same date a true and exact copy of this response was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to all attorneys registered in said system.

**I FURTHER CERTIFY** that on this very same date, a true and exact copy of this response was also served via First-Class Mail postage pre-paid to: i) Hon. Laura Taylor Swain's Chambers, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Suite 3312, New York, New York  1007-1312; ii) Honorable Judge Judith Dein's Chambers Joseph Moakley United States Courthouse, One Courthouse Way, Room 6420, Boston, MA  02210-3002; iii) Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR  00901-1922; iv) Counsel for the Oversight Board, Proskauer Rose, LLP, Eleven Times Square, New York, New York, 10036-8299, Attn: Martin J. Bienenstock, Paul V. Possinger, Ehud Barajk, and Maka Zerjal; and v) Counsel for the Unsecured Creditors' Committee, Paul Hastings, LLP, 200 Park avenue, New York, New York  10166, Attn: Luc A. Despins, James Bliss, James Wotrthington, and G. Alexander Bongartz.

In Guaynabo, Puerto Rico, this 28th day of January, 2019.

**CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**
Counsel for Tomás Correa-Acevedo
Centro Internacional de Mercadeo, Torre II
# 90 Carr. 165, Suite 407
Guaynabo, P.R.  00968
Tel. (787) 273-8300; Fax (787) 273-8379

/s/ Sergio E. Criado
USDC-PR No. 226307
E-Mail: scriado@calopsc.com