# **EXHIBIT A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br><br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>     Plaintiffs,<br><br>v.<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>     Defendant. | Adv. Pro. No. 18-00149-LTS<br><br>**[PROPOSED] ANSWER OF INTERVENOR DEFENDANTS ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP.** |

Pursuant to the Order authorizing Assured Guaranty Corp. ("AGC") and Assured

Guaranty Municipal Corp. ("AGM", and together with AGC, "Assured") to intervene in the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

above-captioned adversary proceeding (ECF No. []), Assured, by and through its undersigned

counsel, hereby responds to the allegations in the Complaint for Declaratory Relief and

Disallowance of Administrative Rent  Claims (ECF No. 1) (the "Complaint") filed by the

Financial Oversight and Management Board for Puerto Rico ("FOMB") as representative of the

Commonwealth of Puerto Rico (the "Commonwealth") and the Official Committee of Unsecured

Creditors  of all Title III Debtors (other than COFINA) (the "UCC", and together with FOMB,

the "Plaintiffs") against the Public Buildings Authority ("PBA") and states as follows:

To the extent the Complaint asserts factual allegations in its headings, Assured denies

those allegations.  To the extent that any matters in the Complaint are not expressly admitted,

they are denied.  Assured responds to all remaining factual allegations as follows:

Assured denies the allegations in the Complaint's unnumbered introductory paragraph,

except Assured admits that Plaintiff purports to bring this action under Federal Rules of

Bankruptcy Procedure 7001(7) and (9), made applicable to these Title III cases by section 310 of

the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170)

("PROMESA").  Further, Assured denies that the UCC has standing to bring this action as a

plaintiff.

## NATURE OF PROCEEDING

1.     Assured denies the allegations in Paragraph 1, except admits that (1) the

PBA is an instrumentality of the Commonwealth that has issued bonds (the "PBA Bonds") to

finance the acquisition, construction and/or improvement of office space and other facilities

(collectively, the "PBA Facilities") used by departments, agencies, instrumentalities, authorities,

public corporations, and municipalities of the Commonwealth (the "Public Occupants") for

government operations and (2) more than $4 billion in aggregate principal amount of PBA Bonds

remain outstanding.  Assured denies that the Leases, as defined in the Complaint, are not arm's

length rental transactions designed to grant the Public Occupants temporary use of the PBA

Facilities but rather a vehicle for the Commonwealth to repay the PBA Bonds through the

Lessees' purported rent payments.  Assured lacks knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations in Paragraph 1, and therefore denies

those allegations.

        2.        Assured denies the allegations in Paragraph 2, which also contains legal

conclusions or descriptions of allegations or relief sought to which no answer is required.

        3.        Assured admits the second sentence in Paragraph 3. Assured denies the

remainder of the allegations in Paragraph 3, which also contains legal conclusions to which no

answer is required.

## PARTIES

        4.        Assured admits the allegations in Paragraph 4 and refers to the language of

the cited provisions for their meaning.

        5.        Assured admits the allegations in Paragraph 5.

        6.        Assured admits the allegations in Paragraph 6, and refers to the language

of the cited provision for its meaning.

## JURISDICTION AND VENUE

        7.        Assured admits the allegations in Paragraph 7.

        8.        Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 8, and therefore denies those allegations.

        9.        Assured denies the allegations of Paragraph 9, except admits that the

Court entered an order resolving the Rent Motion and refers to that Order for its meaning.

10.     Assured denies the allegations of Paragraph 10, except admits that the Court entered an order resolving the Rent Motion and refers to that Order for its meaning.

11.     Assured denies the allegations in Paragraph 11 and refers to the cited provision for its meaning and effect.

12.     Assured denies the allegations in Paragraph 12, which also contains legal conclusions to which no answer is required.

13.     Assured denies the allegations in Paragraph 13, which also contains legal conclusions to which no answer is required.

## BACKGROUND

### Overview of PBA

14.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations, except admits that PBA is an instrumentality of the Commonwealth of Puerto Rico and that PBA is governed by a seven-member board, and refers to the language of the cited provision for its meaning.

15.     Assured denies the allegations in Paragraph 15, except admits that the PBA was authorized to issue the PBA Bonds to finance the PBA Facilities and enter into the Leases, and refers to the Enabling Act for its meaning and effect.

### The PBA Bonds

16.     Assured denies the allegations in Paragraph 16, except admits that: PBA issued multiple series of PBA Bonds pursuant to certain bond resolutions.  Assured refers to the Bond Resolutions cited for their meaning and effect.  Assured denies the allegations contained in footnote 5.  Assured admits that the Commonwealth has guaranteed the payment of rent under the PBA Leases with the Public Occupants other than municipalities and that the Commonwealth

has guaranteed the payment of principal and interest on the PBA Bonds.  However, Assured

denies any implication in Paragraph 16 that these guarantees are limited in any way.

17.     Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18.     Assured denies the allegations in Paragraph 18, which also contains legal

conclusions to which no answer is required. Assured refers to the Enabling Act and the Bond

Resolutions for their meaning and effect.

19.     Assured denies the allegations in Paragraph 19, which also contains legal

conclusions to which no answer is required, except admits that certain rental payments must be

deposited into certain accounts to be held in trust for the bondholders and that the deposits or

securities in such accounts are collateral for certain PBA Bonds. Assured refers to the Bond

Resolutions for their meaning and effect.

**The Leases**

20.     Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.     Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 21, and therefore denies those allegations. Assured refers

to the cited provision for its meaning and effect.

22.     Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 22, and therefore denies those allegations.  Assured

specifically denies the last sentence of Paragraph 22 and refers to the Leases for their meaning

and effect.

23.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations. Assured refers to the documents cited for their meaning and effect.

**<u>Debt Service Disguised as "Rent" Payments</u>**

24.     Assured denies the allegations in Paragraph 24 and refers to the Enabling Act and Bond Resolutions fort their meaning and effect.  Assured specifically denies the last sentence of Paragraph 24.

25.     Assured denies the allegations in Paragraph 25 and refers to the documents cited for their meaning and effect. Assured specifically denies the last sentence of Paragraph 25.

26.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

27.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

28.     Assured denies the allegations in Paragraph 28 and refers to the documents cited for their meaning and effect.

29.     Assured denies the allegations in Paragraph 29, which also contains legal conclusions to which no answer is required. Assured also refers to the documents cited for their meaning and effect.

30.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies those allegations and refers to the documents cited for their meaning and effect.

31.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies those allegations and refers to the documents cited for their meaning and effect.  Paragraph 31 also contains legal conclusions to which no answer is required.

32.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies those allegations and refers to the documents cited for their meaning and effect.  Assured specifically denies the allegations in the first sentence of Paragraph 32.

**Ownership and Occupation of "Leased" Properties**

33.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those allegations.  Paragraph 33 also contains legal conclusions to which no answer is required.

34.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies those allegations and refers to the documents cited for their meaning and effect. Paragraph 34 also contains legal conclusions to which no answer is required.

35.     Assured lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies those allegations. Paragraph 35 also contains legal conclusions to which no answer is required.

## FIRST CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Section 365(d)(3)**
**(Declaration That Leases Are Not Subject to Section 365(d)(3) Treatment)**

36.     Assured's answers to Paragraphs 1-35 above are incorporated by reference as if fully set forth herein.  Assured further denies any implications or allegations purportedly contained in the heading immediately preceding Paragraph 36 of the Complaint.

37.     Assured denies the allegations in Paragraph 37 and refers to the documents cited for their meaning and effect. Paragraph 37 also contains legal conclusions to which no answer is required.

38.     Assured denies the allegations in Paragraph 38 and refers to the documents cited for their meaning and effect.  Paragraph 38 also contains legal conclusions to which no answer is required.

39.     Assured denies the allegations in Paragraph 39.

40.     Assured denies the allegations in Paragraph 40.

41.     Assured denies the allegations in Paragraph 41.

42.     Assured denies the allegations in Paragraph 42.

43.     Assured denies the allegations in Paragraph 43.

44.     Assured denies the allegations in Paragraph 44.

## SECOND CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Sections 503(b) and 507(a)(2)**
**(Declaration That PBA Does Not Have Administrative Claim**
**Against Debtors Under Leases and That Any Such Claim is Disallowed)**

45.     Assured's answers to Paragraphs 1-44 above are incorporated by reference as if fully set forth herein.  Assured further denies any implications or allegations purportedly contained in the heading immediately preceding Paragraph 45 of the Complaint.

-8-

46.     Assured admits the allegations in Paragraph 46 and refers to the

documents cited for their meaning and effect.

47.     Assured denies the allegations in Paragraph 47.

48.     Assured denies the allegations in Paragraph 48.

### THIRD CAUSE OF ACTION

**28 U.S.C. § 2201(a)**
**Bankruptcy Code Sections 365(d)(3), 502, and 503(b)**
**(Declaration That Non-Debtor Leases Are Not Subject to Section 365(d)(3) Treatment,**
**Do Not Give Rise to Administrative Claim, and Any Such Claim is Disallowed)**

49.     Assured's answers to Paragraphs 1-48 above are incorporated by reference

as if fully set forth herein.  Assured further denies any implications or allegations purportedly

contained in the heading immediately preceding Paragraph 49 of the Complaint.

50.     Assured denies the allegations in Paragraph 50 and refers to the

documents cited for their meaning and effect.

51.     Assured denies the allegations in Paragraph 51 and refers to the

documents cited for their meaning and effect..

52.     Assured lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 52, and therefore denies those allegations.

53.     Assured denies the allegations in Paragraph 53.

### GENERAL DENIAL

Except as otherwise previously admitted in paragraphs 1 through 53, Assured denies each

and every allegation contained in paragraphs 1 through 53 of the Complaint, including, without

limitation, the headings and subheadings.  Assured expressly reserves the right to amend and/or

supplement its Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear under applicable law, and without limitation as to any and all other affirmative and additional defenses that it has, including those that subsequently may arise in this action, Assured asserts the following affirmative or additional defenses to Plaintiffs' claims:

### FIRST DEFENSE

The Complaint, and each and every claim and cause of action stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, waiver, acquiescence, unclean hands, and/or other equitable defenses.

### THIRD DEFENSE

Plaintiffs have an adequate remedy at law, and no basis exists for any equitable relief.

### FOURTH DEFENSE

The UCC does not have standing to bring this action.

### FIFTH DEFENSE

The doctrine of laches bars claims by the Commonwealth because the Commonwealth unreasonably delayed in claiming that the Leases were not true leases or were otherwise not legitimate.

### SIXTH DEFENSE

Plaintiffs' claims are also barred because they are contrary to public policy.  Any alternative characterization of the Leases would undermine investor confidence, unnecessarily

call into question the integrity of the rent-backed securitization model, and seriously jeopardize the ability of the Commonwealth to raise needed capital quickly and inexpensively.

## SEVENTH DEFENSE

Plaintiffs' claims should be barred by the doctrine of unjust enrichment.  Plaintiffs benefited from the infrastructure built via the financing obtained through the Leases and PBA Bonds.  The Commonwealth continues to benefit through use of the rented premises.  Plaintiffs would be unjustly enriched if they were permitted to confiscate the pledged rental payments from PBA and Assured after having enjoyed those benefits.

## EIGHTH DEFENSE

This Court does not have subject matter jurisdiction over this matter.  Assured asserts that this Title III Court does not have jurisdiction to change the characterization of Leases between the PBA and entities other than the Title III Debtors.

## NINTH DEFENSE

Assured currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional and yet unstated affirmative defenses available.  Assured, therefore, reserves the right to assert all other defenses that may be pertinent to the Complaint and assert counterclaims and other claims once the precise nature of the Plaintiffs' claims are ascertained through discovery and investigation.

## TENTH DEFENSE

Plaintiffs lack standing to bring the Third Cause of Action.

WHEREFORE, Assured denies that Plaintiffs are entitled to any relief and respectfully requests that that the Court:

(a)      enter judgment dismissing the Complaint with prejudice;

(b)     grant Assured costs and expenses, including reasonable attorneys' fees incurred in this action; and

(c)     grant Assured such additional relief as the Court deems just and proper.

Dated:  San Juan, Puerto Rico
        [], 2019

CASELLAS ALCOVER & BURGOS P.S.C.     CADWALADER, WICKERSHAM & TAFT LLP

By: */s/ Heriberto Burgos Pérez*          By: */s/ Mark C. Ellenberg*
 Heriberto Burgos Pérez                Howard R. Hawkins, Jr.*
 USDC-PR 204809                        Mark C. Ellenberg*
 Ricardo F. Casellas-Sánchez           William J. Natbony*
 USDC-PR 203114                        Ellen M. Halstead*
 Diana Pérez-Seda                      Thomas J. Curtin*
 USDC-PR 232014                        Casey J. Servais*
 P.O. Box 364924                       200 Liberty Street
 San Juan, PR 00936-4924               New York, NY 10281
 Telephone: (787) 756-1400             Telephone: (212) 504-6000
 Facsimile:  (787) 756-1401            Facsimile: (212) 406-6666
 Email:  hburgos@cabprlaw.com          Email:  howard.hawkins@cwt.com
   rcasellas@cabprlaw.com       mark.ellenberg@cwt.com
   dperez@cabprlaw.com          bill.natbony@cwt.com
                                              ellen.halstead@cwt.com
*Attorneys for Assured Guaranty Corp. and*     thomas.curtin@cwt.com
*Assured Guaranty Municipal Corp.*             casey.servais@cwt.com

 * Admitted *pro hac vice*

 *Attorneys for Assured Guaranty Corp. and Assured*
 *Guaranty Municipal Corp.*