# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"),<br><br>   Debtor. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3284-LTS |

*Caption Continued on Following Page*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee,<br><br>                              Plaintiff,<br><br>             v.<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION, WHITEBOX MULTI-STRATEGY PARTNERS, L.P.; WHITEBOX ASYMMETRIC PARTNERS, L.P.; WHITEBOX INSTITUTIONAL PARTNERS, L.P.; PANDORA SELECT PARTNERS, L.P.; AMBAC ASSURANCE CORPORATION; FRANKLIN ADVISERS, INC., and CEDE & CO., as nominee for The Depository Trust Company,<br><br>                              Defendants. | Adv. Pro. No. 17-00133-LTS |

**DECLARATION OF ANDREW K. GLENN
IN SUPPORT OF WHITEBOX'S MOTION FOR RECONSIDERATION**

I, Andrew K. Glenn, hereby declare as follows under penalty of perjury:

1.     I am an attorney at law admitted to practice in the State of New York and am a member of the law firm of Kasowitz Benson Torres LLP, whose principal office is located at 1633 Broadway, New York, New York 10019.  Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.     I represent Whitebox Multi-Strategy Partners, L.P. and certain of its affiliates (collectively, "Whitebox") in the above-captioned matters.  I submit this declaration in support of Whitebox's motion for reconsideration of the Court's order precluding Whitebox from cross-examining Daniel P. Goldberg and Robert M. Fishman (the "Declarants") at the January 17, 2019 hearing (the "Hearing") and for entry of an order (i) reopening the record, and (ii) permitting Whitebox to cross-examine the Declarants before the Court adjudicates the 19.5 Dispute (defined below).

3. On January 2, 2019, The Bank of New York Mellon, as Trustee ("BNYM"), filed the *Reservation of Rights of The Bank of New York Mellon, as Trustee, Regarding Section 19.5 of the Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "Reservation of Rights" [Dkt. No. 4599]),[1] the subject matter of which is referred to herein as the "19.5 Dispute." The 19.5 Dispute concerns BNYM's claim that it is entitled to withhold certain anticipated legal defense costs from the distributions of Whitebox and Ambac under the *Second Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*. In conjunction with its Reservation of Rights, BNYM filed (i) the declaration of Daniel P. Goldberg, dated January 2, 2019, and (ii) the declaration of Robert M. Fishman, dated January 2, 2019 (each a "Declaration" [Dkt. Nos. 412 and 413 respectively in Case No. 17-3284-LTS]). In their respective Declarations, Mr. Goldberg estimates BNYM's anticipated legal defense costs at somewhere between $25 million and $40 million, while Mr. Fishman opines based on his review of Mr. Goldberg's Declaration that his estimate is reasonable. Whitebox and Ambac Assurance Corporation ("Ambac") each filed three briefs in support of their respective positions in the 19.5 Dispute. *See* Dkt. Nos. 4646, 4653 and 4752 (Whitebox's briefs).

4. On January 9, 2019, the Court entered an *Order Regarding Procedures for Attendance, Participation and Observation of January 16, 2019 Hearing Regarding (1) The 9019 Settlement Approval Motion, (2) COFINA Plan of Adjustment Confirmation Motion, and (3) Dispute Regarding Section 19.5 of the Plan* (the "Procedural Order" [ECF No. 431 in Case No. 17-BK-3284]), which provided in pertinent part:

---

[1] Unless otherwise indicated, "Dkt. No. _" refers to the enumerated docket entry in Case No. 17-03283-LTS.

2

>The Court will review all declarations that have been submitted in either support of or opposition to the Hearing Matters in advance of the Hearing. All such declarations are deemed submitted as direct testimony. Any proponent of or timely objector to any of the Hearing Matters who contends there is a disputed material factual issue and wishes to cross-examine any declarant or to present live rebuttal testimony at the Hearing must file an Informative Motion identifying the relevant Hearing Matter, the witness or witnesses, the factual issue(s) to which the proposed cross-examination or testimony relates, the subject matter of the testimony and its relevance to the factual issue(s), and the time requested for such examination or testimony, **no later than January 10, 2019, at 12:00 p.m. (Atlantic Standard Time). All witnesses, and counsel conducting examination(s), must be present in the San Juan courtroom.**
>
>Any proponent of or timely objector to any Hearing Matter who wishes to proffer additional exhibits relating to cross-examination or rebuttal testimony is hereby directed to mark, designate, and file such evidentiary materials on CM/ECF **no later than January 14, 2019 at 12:00 p.m. (Atlantic Standard Time)**.

5. On January 10, 2019, in connection with the 19.5 Dispute, Ambac and Whitebox deposed the Declarants concerning the statements set forth in their Declarations. *See* January 10, 2019 transcripts of the depositions of the Declarants, true and correct copies of which are attached hereto as Exhibits A and B respectively. Ambac took the lead in examining the Declarants (*see* Ex. A at 5-114; Ex. B at 5-80); Whitebox followed up on Ambac's examination of the Declarants with additional questions (*see* Ex. A at 114-155; Ex. B at 80-94).

6. Also on January 10, 2019, in response to the Procedural Order, Whitebox timely filed an informative motion (the "<u>Informative Motion</u>" [Dkt. No. 4705]), stating, among other things, that I would appear in person at the Puerto Rico courtroom and seek to be heard in connection with the 19.5 Dispute. The Informative Motion also "reserv[ed] [Whitebox's] right to be heard on any matter presented to the Court and to respond to any statements made by any party in connection with the Hearing Matters to the extent it impacts COFINA or Whitebox's

3

interests." *Id*. at 2. Ambac likewise filed an informative motion the same day. *See* Dkt. No. 4675.

7. On January 14, 2019, for the first time, BNYM "proffer[ed] and fil[ed] [specified] evidentiary materials and exhibits it intend[ed] to use during the [Hearing]," including the Declarations. Dkt. No. 4767. Accordingly, in an amended informative motion (the "Amended Informative Motion" [Dkt. No. 4779]), Whitebox "reserv[ed] its right to . . . cross-examine [the Declarants] regarding the matters set forth in their [Declarations]."

8. Whitebox filed the Amended Informative Motion on the same day that BNYM submitted the Declarations as "evidentiary material" in support of BNYM's anticipated presentation at the Hearing, as did Ambac. *See* Dkt. No. 4771. Moreover, the Amended Informative Motion was consistent with how other parties, including both the Debtors and the Senior Bondholders' Coalition, disclosed their intent to cross-examine witnesses at the Hearing in their informative motions. *See*, *e.g.,* Dkt. No. 4679 at 3 ("The Oversight Board also intends to cross-examine [a witness], who submitted a declaration as part of [a party's] Opposition to Confirmation of the COFINA Plan of Adjustment, about his opinions relevant to the COFINA Plan of Adjustment, including its feasibility."); Dkt. No. 4746 at 2 ("the COFINA Senior Bondholders' Coalition, through counsel, reserves the right to cross-examine [a witness] in the event he is called as witness in support of any objection filed to the Plan"). Consequently, I believed and continue to believe that the Amended Informative Motion was both timely and sufficient.

9. Also on January 14, 2019, the Debtors filed the *Notice of Agenda of Matters Scheduled for the Hearing on January 16-17, 2019 at 9:30 A.M. AST* (the "Agenda" [Dkt. No. 4782]), which expressly allotted Ambac and Whitebox "30 minutes each" to cross-examine the

4

Declarants (*id*. at 12). This confirmed my belief that Whitebox's Amended Informative Motion was both timely and sufficient. Specifically, the Agenda provided in pertinent part:

| **Order of Presentation (Section 19.5 Dispute)** | **Time Allocated** |
|---|---|
| 1. Opening Statements<br>    a. Bank of New York Mellon<br>    b. Ambac Assurance Corporation<br>    c. Whitebox Multi-Strategy Partners, L.P. | 45 minutes<br>(15 minutes each) |
| 2. Bank of New York Mellon's Direct Testimony, and Moving of Declarations and Exhibits Into Evidence | 5 minutes |
| 3. Cross-Examination of Bank of New York Mellon's Witnesses<br>    a. Ambac Assurance Corporation<br>    b. Whitebox Multi-Strategy Partners, L.P. | 60 minutes<br>(30 minutes each) |

10. At no time prior to the second day of the Hearing did BNYM state or suggest—even after the Agenda made clear that the Court had allotted 30 minutes at the Hearing for Whitebox to cross-examine the Declarants—that either the Informative Motion or the Amended Informative Motion was untimely or somehow deficient, much less state or suggest that BNYM did not understand the "factual issue(s) to which the proposed cross-examination [of the Declarants] relat[ed], the subject matter of [their] testimony [or] its relevance to the factual issue(s)." Procedural Order at 2.

11. On January 16, 2019, the Hearing commenced. As we had done in the two weeks preceding the Hearing, I continued to coordinate and confer with counsel for Ambac concerning our presentations at the Hearing in connection with the 19.5 Dispute on behalf of our respective clients. As previously discussed with counsel for Ambac, I continued to understand and believe that Ambac would take the lead in cross-examining the Declarants and that I would follow-up with any further cross-examination on behalf of Whitebox if necessary and appropriate.

5

12. On January 17, 2019, in the afternoon of the second day of the Hearing, the Court called the 19.5 Dispute to be heard. As an initial matter, BNMY informed the Court that it had "reached an agreement with regard to the Section 19.5 issues with Ambac" and that, as a result, Ambac would "not be participating in the legal argument or the evidentiary part of the hearing." January 17, 2019 transcript of the Hearing ("Hearing Tr.") at 140:24-141:2, a true and correct copy of the relevant excerpt of which is attached hereto as Exhibit C. Before proceeding to advocate on behalf of Whitebox in connection with the 19.5 Dispute, I had the following colloquy with the Court:

> MR. GLENN: Up until three hours ago, we were coordinating with Ambac on the presentation, argument, and evidence before Your Honor. I'm going to try to stick to the time limits even without their participation. I would just like to ask the Court for its indulgence with a little flexibility, given that this all came about at the last minute. Thank you.
>
> THE COURT: Understood, and you will have it.

13. Upon completion of opening statements concerning the 19.5 Dispute, BNYM offered the Declarations into evidence. Hearing Tr. at 163:10-20. Believing that I would be allowed at least the scheduled "30 minutes" to cross-examine the Declarants on behalf of Whitebox (Agenda at 12), I did not object to the admission of the Declarations and the accompanying exhibits into evidence, which the Court admitted. Hearing Tr. at 163:21-164:19.

14. At that point, for the first time, BNYM "lodg[ed] an objection to any cross-examination of [the Declarants]." *Id*. at 164:20-23. BNYM did not articulate any purported prejudice that would have resulted from allowing me to proceed to cross-examine the Declarants on behalf of Whitebox. To the contrary, BNYM affirmatively stated that the Declarants were present and prepared to be examined, inviting the Court to "ask them anything you want." *Id.* at 165:7-10. Moreover, BNYM did not claim that it did not know the "factual

6

issue(s) to which the proposed cross-examination [of the Declarants] relat[ed], the subject matter of [their] testimony [or] its relevance to the factual issue(s)." Procedural Order at 2. Nor could BNYM have credibly made any such claim because Ambac and Whitebox had deposed the Declarants the prior week and, indeed, the attorney who made the objection at the Hearing was the very same attorney who had defended the Declarants at their depositions. *See* Exs. A and B. Instead, BNYM asserted that it was not "told by January 10 at 12 o'clock whether there was going to be any request for cross-examination, including factual issues to which the proposed cross-examination or testimony relates." Hearing Tr. at 164:24-165:2. Presumably anticipating that the Court would find the Amended Informative Motion sufficient to put BNYM on notice of Whitebox's intent to cross-examine the Declarants and the subject matter of those cross-examinations, BNYM also asserted that the Amended Informative Motion, which was filed on January 14, 2019—*i.e.*, the same day that BNYM submitted the Declarations as "evidentiary material" in support of its position in the 19.5 Dispute—was "untimely." *Id*. at 165:4-6. BNYM also asserted that the Amended Informative Motion "was not in compliance with [the Court's] order," but failed to inform the Court that the Amended Informative Motion was in fact consistent with what other parties had submitted. *Id.* Furthermore, when the Court asked BNYM directly if it had "flagged" the purported "untimeliness" of Whitebox's disclosures at any point before the Hearing, BNYM affirmed that it had not done so. *Id.* at 165:11-16.

15. In response, I first noted that Whitebox had "time allotted" on the Agenda for cross-examination and then—based on counsel for BNYM's description of the Order Regarding Procedure, to which he had referred, not by name, but by docket number—I stated that Whitebox had not "provid[ed] the writing that he indicated," specifying that Whitebox had not taken the "unusual" step of disclosing an "outline of cross-examination in advance." Hearing Tr. at

7

165:19-25. Based on BNYM's failure to flag any procedural or substantive issues concerning Whitebox's disclosure before the Hearing, and following BNYM's incorrect and misleading allegation that Whitebox had filed "something that was not in compliance" with the Court's order, I misunderstood that BNYM and, in turn, the Court were referring to some obligation other than those set forth in the Procedural Order. Specifically, I had the following colloquy with the Court (*id.*):

> THE COURT: Then I'll hear Mr. Glenn's response. Thank you.
>
> MR. GLENN: Your Honor, we did not provide the writing that he indicated. We had the time allotted. I didn't understand that we were going to be held to provide cross-examination, an outline of cross-examination in advance, and I apologize for not realizing that. It's unusual, and I didn't realize it existed. So I would like to cross-examine the witnesses.

16. On the premise that Whitebox had not complied with the Procedural Order, the Court precluded Whitebox from cross-examining the Declarants, explaining: "You did not comply with the Order, which was specifically designed to give appropriate notice to any party whose witnesses were to be cross-examined, and so the objection is sustained." Hearing Tr. at 166:1-6.

17. In closing statements, I articulated some of Whitebox's concerns with respect to the reliability of the Declarants' testimony as set forth in their Declarations. Hearing Tr. at 176:3-177:20. In response, counsel for BNYM characterized and attempted to defend the Declarants' methodology and conclusions. *Id.* at 178:19-182:14.

8

18. The Court reserved decision on the 19.5 Dispute (Hearing at 172:11-173:3; *see also id.* at 182:16-17), which remains under submission.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York  /s/ *Andrew K. Glenn*
January 29, 2019  Andrew K. Glenn

9