**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
 :
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
     as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
 :
     Debtors.[1] :
------------------------------------------------------------------------ X

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS AND GRANTING RELATED RELIEF**

Upon consideration of the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

*Commonwealth General Obligation Bonds and Requesting Related Relief* (the "Motion"),[2] and the exhibits attached thereto, and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1. The relief requested in the Motion is GRANTED to the extent set forth herein.

2. The Objectors are hereby authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of PROMESA, with their Objection to the Challenged GO Bonds on an omnibus basis; and the filing of the Objection shall not limit the ability of the Objectors, or any other party in interest, to subsequently object to the Challenged GO Bonds on grounds other than those set forth in the Objection, and all other claims, counterclaims and defenses are hereby preserved.

3. The Objection Notice and the Objection Procedures, annexed hereto as **Exhibit 1** and **Exhibit 2** respectively, are hereby approved. The Objection Procedures are deemed to have been incorporated herein.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4. The Objectors shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Notice and Objection Procedures upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth; and (b) all individuals and entities who are beneficial holders of the Challenged GO Bond Claims.

4.5. The Objectors shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) Caribbean Business in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each within five (5) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Objection and the Objection Procedures.

5.6. DTC and Cede are hereby directed shall give notice to provide a copy its Participants of the Objection Notice and Objection Procedures by posting a copy of said Objection Notice and Objection Procedures to all beneficial holders of the Challenged GO Bonds its Legal Notification System in accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

6.7. The Objectors may exceed the 35-page motion brief limit set in the Case Management Procedures by filing the Objection not to exceed fifty (50) pages, exclusive of the cover page, table of contents, table of authorities, signature page, exhibits, and the certificate of service.

3

7.8. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January \_\_\_\_, 2019

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4

# Exhibit 1

## Objection Notice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------- X

**NOTICE OF OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN <u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

    You are receiving this notice because you have been identified as holding one or more of the general obligation bonds issued by the Commonwealth of Puerto Rico in or after 2012 <u>(the "Challenged GO Bonds"). A list of the CUSIP numbers for the Challenged GO Bonds can be found at the bottom of this notice</u>.

    Please note that the Financial Oversight and Management Board, as representative for the Debtors, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors <u>(the "Objectors")</u> have filed an Omnibus Objection, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds (the "<u>Objection</u>"). [Prime Clerk link] This Objection may affect your rights. <u>The link for such Objection is: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784. This</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Objection may affect your rights.  Please note further, that on _____, the District Court granted the Objectors' motion for approval of certain procedures with respect to such Objection.

If you intend to respond to the Objection or participate in the litigation in any way, you must follow the Court-approved procedures attached hereto, which require among other things, that you to file and serve a Notice of Participation by [30 days after entry of order approving procedures], 2019.the "Participation Deadline".  The Participation Deadline for Challenged Bondholders (a) identified on Appendix I of the Objection, (b) filed a timely objection to the motion seeking approval of these procedures and/or (c) that holds $10 million or more of the Challenged GO Bonds is [35 days after entry of the order approving initial procedures].  The Participation Deadline for all other Challenged Bondholders is [50 days after entry of the order approving initial procedures].

No substantive response to the Objection, other than a Notice of Participation, is due at this time.

All questions regarding this notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> douglassbarron@paulhastings.com
>
> douglassbarron@paulhastings.com
> (212) 318-6690

Se ha presentado una objeción a reclamaciones presentadas o incoadas por los tenedores de ciertos bonos de obligación general emitidos por el Estado Libre Asociado de Puerto Rico.  Esta objeción puede afectar sus derechos.  Si tiene preguntas sobre la objeción, o los procedimientos aprobados por el tribunal que acompañan a esta notificación, por favor dirija sus preguntas, por escrito, en español o inglés, al Sr. Douglass Barron.

The CUSIP numbers of the general obligation bonds affected by the Objection are:

| Series | CUSIP A | CUSIP B | Series | CUSIP A | CUSIP B |
|---|---|---|---|---|---|
| 2012 A | 74514LB8 | 74514LB89 | 2012 A | 74514LB4 | 74514LB48 |
| 2012 A | 74514LB6 | 74514LB63 | 2012 A | 74514LA7 | 74514LA72 |
| 2012 A | 74514LA4 | 74514LA49 | 2012 A | 74514LC6 | 74514LC62 |
| 2012 A | 74514LA5 | 74514LA56 | 2012 A | 74514LB2 | 74514LB22 |
| 2012 A | 74514LC8 | 74514LC88 | 2012 A | 74514LC4 | 74514LC47 |
| 2012 A | 74514LD8 | 74514LD87 | 2012 A | 74514LC5 | 74514LC54 |
| 2012 A | 74514LA8 | 74514LA80 | 2012 A | 74514LD3 | 74514LD38 |
| 2012 A | 74514LC3 | 74514LC39 | 2012 A | 74514LA6 | 74514LA64 |
| 2012 A | 74514LB5 | 74514LB55 | 2012 A | 74514LA9 | 74514LA98 |

2

| | | | |
|---|---|---|---|
| 2012 A74514LD4 | 74514LD46 | 2012 A74514LB3 | 74514LB30 |
| 2012 A74514LB9 | 74514LB97 | 2012 A74514LB7 | 74514LB71 |
| 2012 A74514LD6 | 74514LD61 | 2012 B74514LA2 | 74514LA23 |
| 2012 A74514LC9 | 74514LC96 | 2012 B74514LZV | 74514LZV2 |
| 2012 A74514LD7 | 74514LD79 | 2012 B74514LZW | 74514LZW0 |
| 2012 A74514LC7 | 74514LC70 | 2012 B74514LZX | 74514LZX8 |
| 2012 A74514LD5 | 74514LD53 | 2012 B74514LZY | 74514LZY6 |
| 2012 A74514LA3 | 74514LA31 | 2012 B74514LZZ | 74514LZZ3 |
| 2012 A74514LC2 | 74514LC21 | 2014 A74514LE8 | 74514LE86 |
| 2012 A74514LD2 | 74514LD20 | | |

3

**Exhibit 2**

**Objection Procedures**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                            :

In re:                                                     :

THE FINANCIAL OVERSIGHT AND         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                                                     :

      as representative of                        :  Case No. 17-BK-3283 (LTS)
                                                     :

THE COMMONWEALTH OF PUERTO RICO *et al.*,  :  (Jointly Administered)
                                                     :

      Debtors.[1]                                           :
---------------------------------------------------------------------- X

**<u>INITIAL</u> PROCEDURES FOR RESOLVING OMNIBUS OBJECTION
OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH
ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502
AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS
OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS**

<u>[January ___ 2019]</u>

~~[January ___ 2019]~~

~~The following~~<u>Pursuant to the Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court"), dated _____, [Docket No. ___] [links to Prime Clerk website for Order], the following initial</u> procedures will apply to the resolution of the *Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. ~~]~~4784] (the "Objection"). ~~²~~

The Financial Oversight Board, acting through its Special Claims Committee (the "Oversight Board") and the Official Committee of Unsecured Creditors (the "Committee") are hereafter collectively referred to as the "Objectors." The Objection asserts that all claims ("Challenged GO Bond Claims") that have been or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds") are invalid.

~~The procedures set forth below, which govern your participation in the litigation relating to the Objection, were approved by the January __, 2019 Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court"). [links to Prime Clerk website for Objection and Order]~~

1. Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of Challenged GO Bond Claims on the grounds set forth in the Objection.

2. Notice of Participation

Any party in interest, including the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "Title III Parties") and any person or entity that holds a Challenged GO Bond, whether or not such person or entity is identified in the Objection, that wishes to participate in the litigation of the Objection ~~may~~must serve and file a notice of its intent to participate in such litigation (a "Notice of Participation"). **A holder of a Challenged GO Bond that is identified on Appendix I to the Objection must file a Notice of Participation or risk having a default judgment entered against it**. Holders of Challenged GO Bonds are hereafter referred to as "Challenged GO Bondholders."

The Notice of Participation shall indicate whether the party in interest who filed such notice supports or opposes the Objection. Parties who file Notices of Participation that support the Objection shall collectively constitute "Joint Objectors" and parties that oppose the Objections shall collectively constitute the "Respondents," and together with the Joint Objectors, the "Participants." ~~Any such Notice of Participation shall be filed with the District Court no later than [Date] (the~~

The "Participation Deadline~~") and served on the persons~~" for (i) Joint Objectors, (ii) Respondents who are not Challenged Bondholders and (iii) Significant Challenged Bondholders

---

² The Objection can be found at: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784.

2

(defined below) to file and serve their Notices of Participation on the "Notice Parties" (identified in paragraph 810 below as the "Notice Parties."

A Notice) is [35 days after entry of Procedures Order]. The Participation filed by such party a Joint Objector or a RespondentDeadline for all other Respondents that is not a Challenged Bondholderare Challenged Bondholders to file and serve their Notices of Participation is [50 days after entry of Procedures Order]. The Significant Challenged Bondholders are those Challenged Bondholders that: (a) are identified on Appendix I of the Objection, (b) filed a timely objection to the motion seeking approval of these procedures and/or (c) hold $10 million or more of the Challenged GO Bonds (the "Significant Challenged Bondholders").

Notices of Participation shall be filed with the Court and shall (a) provide the name, address and email address of the Participant and its counsel, if any, and (b) contain a concise statement, not to exceed five (5) pages (double-spaced, 12-point font), describing the basis on which such party either supports or contests the Objection.

A Notice of Participation filed by a Respondents shall not be bound to the grounds on which they contest the Objection, and may waive such grounds or add additional grounds in connection with their substantive response to the Objection.

A Respondent that is a Challenged Bondholder shall (a) provide the name, address and email address of the Respondent and its counsel, if any, (b) indicatealso serve the Notice Parties with a statement setting forth: (a) whether the Respondent acquired its Challenged GO Bond(s) by original issuance or on the secondary market, (eb) provide the date(s) of acquisition of such Challenged GO Bond(s), (d) and (c) state which series of the Challenged GO Bonds the Respondent holds, and (e) contain a concise statement, not to exceed five (5) pages (double-spaced, 12-point font), describing (the basis of such Respondent's defense(s) to"Holdings Statement") by the Objection.

applicable Participation Deadline. The Notice Parties will treat the Holdings Statements as confidential, until further order of the Court.

Following the submission of the Notices of Participation, no substantive response to the Objection need be filed until a date set forth in any scheduling order entered by the District Court.

3. The Preliminary Recommendation

After consultation with the Title III Parties and the Participants that hold the 10 largest Challenged GO Bond Claims in principal amountThe Objectors shall meet and confer with the Significant Challenged Bondholders and any Title III Parties that are Participants during the thirty (30) day-period following the Participation Deadline applicable to the Significant Challenged Bondholders. After consultation with such parties, the Objectors shall file with the District Court and serve on all Participants by email no later than twenty (20thirty (30) days after the Participation Deadline a notice setting forth the names of all Participants, identifying which are Joint Objectors and which are Respondents, a summary of the Participants' grounds for

3

supporting or objecting to the relief sought in the Objection, a proposal as to which issues raised by Participants can be subject to joint briefing, and a proposed briefing and discovery schedule ("Preliminary Recommendation").  ~~The Committee and the Oversight Board shall~~The Objectors and the Challenged Bondholders shall use reasonable efforts to submit a Preliminary Recommendation which is agreed to by all such parties, and may file separate Preliminary Recommendations only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

The primary purpose of the Preliminary Recommendation is to identify arguments and defenses common among the Participants that may allow the Participants to organize to ensure that the briefing of and discovery relating to the issues raised in the Objection and Notices of Participation are streamlined and that the resources of the District Court are not unduly taxed. Participants' Responses and Objectors' Reply

4. ~~**Participants' Responses and Objectors' Reply**~~

Any Respondent, who has not agreed to the Preliminary Recommendation(s) may file a response to the Preliminary Recommendation(s) with the District Court and serve the Notice Parties by email no later than ~~seven (7~~ten (10) days following the filing of the Preliminary Recommendation.  Such responses should be limited to the procedural issues raised by the Preliminary Recommendation and not to the substance of the Objection.

The Objectors shall file a reply to the Respondents' responses, if any, no later than ~~three (3~~five (5) days following the filing of the response (the "Reply Deadline").  Again, ~~The~~the Significant Challenged Bondholders, the Committee and the Oversight Board shall file separate replies only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

~~5.~~4.     No Substantive Response from Respondents Due

Other than the Notices of Participation and any response to the Preliminary Recommendation, no substantive response to the Objection need be filed by the Respondents until a date set forth in any scheduling order entered by the District Court.

~~6.~~5.     Litigation

    A.     Court Status Conference

The Court will hold a status conference on or as soon as practicable after the Reply Deadline, at which time the following matters will be discussed and decided:

  (i)    the extent to which discovery (if any) is required;

  (ii)   the extent to which joint briefs can or should be submitted;

  (iii)  a briefing schedule;

4

(iv) if there is a dispute as to the propriety of the grouping of the Participants as proposed in the Preliminary Recommendation; and

(v) any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objection and the Notices of Participation.

B. Coordination

To the extent that the Court determines that joint briefs can and should be submitted –

(a) The Objectors and any Joint Objector shall cooperate in good faith in order to file joint papers with respect to the Objection/Notices of Participation and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

(b) Likewise, the Respondents shall, respectively, cooperate in good faith to file joint papers with respect to the litigation of the Objection/Notices of Participation and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the discovery that is requested from the other parties and to coordinate communications.

6. Notices of Participation Submitted After the Participation Deadline

A party who is not a Significant Challenged Bondholder that submits a Notice of Participation after the Participation Deadline, so long as it is filed at least twenty (30) days prior to a trial on the merits of the Objection, may participate in the litigation of the Objection, but shall be bound by any order entered by the Court and/or any agreement reached among the Objectors, Joint Objectors and Respondents regarding the conduct of the litigation and, among other things, the matters set forth in paragraph 6 above.

7. No Duty

No Respondent shall have a duty to any other Respondent or to any holder of a Challenged GO Bond who does not file a Notice of Participation.

8. Other Objections Permitted

The fact that the Objectors have objected to the Challenged GO Bond Claims shall not preclude the Objectors or any party in interest from objecting to a Challenged GO Bond on any basis not set forth in the Objection or to any other claim asserted by the Challenged GO Bond holder unrelated to the Challenged GO Bonds or a Title III Party from asserting additional grounds for objecting to the Challenged GO Bond Claims pursuant to a Notice of Participation.

5

~~9.~~ ~~The~~

*[Notice Parties on Next Page]*

7

10. The Following Persons are the "Notice Parties"

| | |
|---|---|
| **BROWN RUDNICK LLP** <br> Attn: Edward S. Weisfelner, Esq. <br> Angela M. Papalaskaris, Esq. <br> Justin S. Weddle, Esq. <br> 7 Times Square <br> New York, NY 10036 <br> eweisfelner@brownrudnick.com <br> apapalaskaris@brownrudnick.com <br> jweddle@brownrudnick.com <br><br> Stephen A. Best, Esq. <br> 601 Thirteenth Street NW, Suite 600 <br> Washington, D.C. 20005 <br> sbest@brownrudnick.com <br><br> Sunni P. Beville, Esq. <br> One Financial Center <br> Boston, MA 02111 <br> sbeville@brownrudnick.com | **ESTRELLA, LLC** <br> Attn: Alberto Estrella, Esq. <br> Kenneth C. Suria, Esq. <br> P.O. Box 9023596 <br> San Juan, Puerto Rico 00902-3596 <br> agestrella@estrellallc.com <br> ksuria@estrellallc.com |
| **PAUL HASTINGS LLP** <br> Attn: Luc. A. Despins, Esq. <br> James R. Bliss, Esq. <br> Nicholas A. Bassett, Esq. <br> 200 Park Avenue <br> lucdespins@paulhastings.com <br> jamesbliss@paulhastings.com <br> nicholasbassett@paulhastings.com | **CASILLAS, SANTIAGO & TORRES LLC** <br> Attn: Juan J. Casillas Ayala, Esq., <br> Diana M. Batlle-Barasorda, Esq., <br> Alberto J. E. Añeses Negrón, Esq., <br> Ericka C. Montull-Novoa, Esq., <br> El Caribe Office Building <br> 53 Palmeras Street, Ste. 1601 <br> San Juan, Puerto Rico 00901-2419 <br> jcasillas@cstlawpr.com <br> dbatlle@cstlawpr.com <br> aaneses@cstlawpr.com <br> emontull@cstlawpr.com |

8