**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>    Debtor. | No. 17-BK-3284 (LTS) |

**THE AUTONOMOUS MUNICIPALITY OF SAN JUAN'S MOTION FOR LEAVE TO FILE AMICUS BRIEF REGARDING THE COFINA PLAN OF ADJUSTMENT**

The Autonomous Municipality of San Juan ("San Juan") respectfully moves for leave to file the memorandum of law, attached as Exhibit A, in opposition to the Third Amended Title III

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation ("COFINA"), dated January 9, 2019 [Case No. 17-3284, ECF No. 439] ("Proposed Plan of Adjustment").

## IDENTITY AND INTEREST OF PROPOSED AMICUS

San Juan is the capital and most populous municipality in Puerto Rico. As of July 1, 2016, it had an estimated 347,052 residents, and a number of visitors that brought its population to approximately one million people per day. The City and its metropolitan area are the island's educational, medical, legal, cultural and tourism center, and also the location of most of Puerto Rico's economic activity.

San Juan has a direct and substantial interest in opposing the Proposed Plan of Adjustment for two reasons. First, the Proposed Plan of Adjustment will impair San Juan's ability to fund the essential public services it provides its residents. San Juan currently funds its essential public services in part through a portion of the Commonwealth of Puerto Rico's ("Commonwealth") general sales and use tax (the "SUT"), with the remaining portion allocated between the Commonwealth and the Puerto Rico Sales Tax Financing Corporation ("COFINA"). *See* 21 L.P.R.A. § 6752. Because the Proposed Plan of Adjustment places such a large part of the SUT proceeds in a lockbox to repay COFINA's creditors, San Juan and other municipalities would be unable to seek legislative funding for essential public services by allocating that portion of the SUT proceeds to municipalities. Similarly, designating such a large part of the SUT proceeds to benefit COFINA's creditors also limits the amounts that the Commonwealth can collect from the SUT and allocate through the appropriation process to San Juan and other municipalities that are on the front lines providing essential public services to Puerto Ricans.

Second, the Proposed Plan of Adjustment would harm San Juan by disrupting the constitutional and statutory relationship between the Commonwealth and its municipalities. Currently, the Puerto Rico Constitution imposes limits on unsustainable debt financing on both the

2

Commonwealth and San Juan and other municipalities. By approving the Proposed Plan of Adjustment, this Court would approve the Commonwealth's attempt to flout these debt limits. Because the Commonwealth cannot repay this debt, it has shifted and will continue to shift its liabilities onto San Juan and other municipalities, including by making the municipalities liable to pay a portion of the Commonwealth's accrued pension obligations, *see* Law 106-2017, 3 L.P.R.A. § 9531, *et seq.*, thereby imperiling San Juan's and other municipalities' autonomy and ability to continue providing essential services to their residents. *See* San Juan's Proposed Mem. of Law, Ex. A.

## BACKGROUND

On May 3, 2017, the Oversight Board filed a petition for relief for the Commonwealth commencing a case under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). Thereafter, on May 5, 2017, the Oversight Board filed a petition for relief for COFINA pursuant to Title III of PROMESA. Critical to a successful restructuring of the Commonwealth's debt is the determination of who owns the portion of the SUT that was purportedly transferred to COFINA ("Pledged Sales Tax") pursuant to Act of May 13, 2006, No. 91-2006, 2006 P.R. Laws 246 *et seq.* (codified as amended at 13 L.P.R.A. § 12) (as amended, "Act 91") ("Commonwealth-COFINA Dispute").

On August 10, 2017, this Court appointed the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) as the "Commonwealth Agent" with respect to the Commonwealth-COFINA Dispute. *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Case No. 17-3283, ECF No. 996]. In that capacity, the Commonwealth Agent argued that COFINA did not have a right to the Pledged Sales Tax because, among other things, COFINA had been created to evade the Puerto Rico Constitution's limits on unsustainable borrowing. Although there has been no definitive ruling from any Court on

3

COFINA's constitutionality, the Proposed Plan of Adjustment dedicates most of the Pledged Sales Tax to COFINA's creditors.

Rather than repeat other parties' arguments as to the constitutionality of COFINA, San Juan's motion seeks to bring to the Court's attention the particularly deleterious effect that the Proposed Plan of Adjustment would have on San Juan and other municipalities.[2]

## REQUESTED RELIEF

The scope of San Juan's requested appearance is limited. San Juan seeks solely the right to file a seven-page memorandum of law, attached to this motion as Exhibit A.

## ARGUMENT

Although the Federal Rules of Civil Procedure and the local rules do not address the issue of amicus curiae briefs, federal district "courts have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at n.1 (D. Mass. June 21, 2006). In the First Circuit, the movant is required to demonstrate a special interest in the case that justifies participation as amicus curiae. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). District courts frequently accept amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)

---

[2] This Court previously declined to certify questions related to the Commonwealth-COFINA Dispute to Supreme Court of Puerto Rico and San Juan does not seek to relitigate that question here. Memorandum Order [Case No. 17-0257, ECF No. 483]. San Juan notes, however, that it has filed a motion to intervene in a case challenging the constitutionality of COFINA that was removed to this Court. *See Natal-Albelo v. Puerto Rico*, No. SJ2018CV10569. San Juan reserves any rights it might have relating to intervention in that matter and to seek to have that case and its claims adjudicated by Puerto Rican courts, including seeking remand on the grounds that Puerto Rican courts are the appropriate forum to hear challenges to the constitutionality of COFINA.

(citations omitted). "When a court's decision would directly affect a person or entity's rights or would set a controlling precedent regarding a claim of that person or entity, leave to file an amicus curiae brief may be allowed." *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (1996). Such is the case here.

As a recipient of SUT proceeds and a municipality being required to assume some of the Commonwealth's liabilities, San Juan respectfully requests that the Court consider its amicus brief addressing the impact of the Proposed Plan of Adjustment on San Juan and other municipalities. The Proposed Brief will alert the Court of information that other parties are not interested in or capable of fully presenting. By identifying useful information, the Proposed Brief will assist the Court in its swift resolution of the matters under advisement.

## CONCLUSION

For the reasons stated above, San Juan respectfully requests that the Court grant San Juan the right to file a seven-page memorandum of law, attached to this motion as Exhibit A.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of January, 2019.

| MARIANI FRANCO LAW, P.S.C. | WINSTON & STRAWN LLP |
|---|---|
| /s/ Raúl S. Mariani Franco | /s/ Julissa Reynoso |
| Raúl S. Mariani Franco | Julissa Reynoso |
| USDC-PR Bar No. 210309 | (*Pro Hac Vice* application pending) |
| P.O. Box 9022864 | Aldo A. Badini |
| San Juan, PR 00902-2864 | (*Pro Hac Vice* application pending) |
| Tel: 787.620.0038 | Marcelo M. Blackburn |
| Fax: 787.620.0039 | (*Pro Hac Vice* application pending) |
| marianifrancolaw@gmail.com | 200 Park Avenue |
| | New York, NY 10166-4193 |
| CHARLIE HERNÁNDEZ LAW OFFICES | Tel: 212.294.6700 |
| /s/ Charlie M. Hernández | Fax: 212.294.4700 |
| Charlie M. Hernández | jreynoso@winston.com |
| USDC-PR Bar No. 207403 | abadini@winston.com |
| 206 Tetuán Street, Suite 701 | mblackburn@winston.com |
| Old San Juan, PR 00901-1839 | |
| Tel: 787.382.8360 | |
| Fax: 787.382.8360 | |
| charliehernandezlaw@gmail.com | |

*Attorneys for Proposed Amicus Curiae the Autonomous Municipality of San Juan*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document, accompanying Exhibit and proposed order have been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their registered e-mail addresses.

In San Juan, Puerto Rico, this 29th day of January, 2019.

**RESPECTFULLY SUBMITTED,**

MARIANI FRANCO LAW, P.S.C.
/s/ Raúl S. Mariani Franco
Raúl S. Mariani Franco
USDC-PR Bar No. 210309
P.O. Box 9022864
San Juan, PR 00902-2864
Tel: 787.620.0038
Fax: 787.620.0039
marianifrancolaw@gmail.com