RECEIVED & FILED
2019 JAN 30 PM 2:17
CLERK'S OFFICE
DISTRICT COURT
SAN JUAN, P.R.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO, | Title 111 |
| as representative of | No. 17 BK 3283-LTS |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et als*, | |
| Debtors | |
| DORIS ZOÉ PONS-PAGÁN | Claim No. 32810 |
| Respondent | I D # 4789 |

-----

### RESPONSE TO PUERTO RICO SALES TAX FINANCIMG CORPORATION'S OMNIBUS OBJECTION TO DUPLICATE BOND CLAIMS

**TO THE HONORABLE COURT**

**COMES NOW** the respondent *per se* and respectfully states, alleges and prays:

## 1. JURISDICTION AND VENUE

This is an action filed by The Puerto Rico Sales Tax Financing Corporation ("COFINA") through the above mentioned Debtors as COFINA representatives, pursuant to Section 315(b) of the PUERTO RICO OVERSIGHT, MANAGEMENT AND ECONOMIC STABILITY ACT ("PROMESA") 48 U.S.C. sections 2101-2241, specifically section 306(a).

Venue is proper in this district under PROMESA section 307(a).

## 11. PARTIES  (As they relates to this RESPONSE)

1. COFINA, a public corporation and instrumentality of THE COMMONWEALTH OF PUERTO RICO ("COMMONWEALTH") created under Act 91 of the Legislative Assembly of the COMMONWEALTH. It can issue bonds for the purpose it was created.

2. Bank of New York Mellon ("MELLON") acts as Trustee with respect to the Bonds issue by COFINA.

3. Respondent Doris Zoé Pons-Pagán is a Puerto Rico investor in COFINA'S bonds in the amount of $106,291.70. The bonds are secured by a lien on property, specified by an amendment to the local IVU law. The Respondent do not have other investments in Puerto Rico or elsewhere.

## 111. FACTUAL ALLEGATIONS

2

## A. RESPONDENT

1. Pursuant to the instructions of this Court in Cases under its consideration numbers 17-bk-03283 (COMMONWEALTH), 17-bk-03284 COFINA, 17-bk-03567 (Puerto Rico Highways and Transportation Authority), 17-bk-03566 (Employees Retirement System of the Government of the COMMONWEALTH) and 17-bk-04780 (Puerto Rico Electric Power Authority), on May 24 2018 the Respondent filed a Proof of Claim -Form 410. Basically, it answered the request of the Court to inform the indebtedness of the above public corporations and instrumentalities of the COMMONWEALTH, including the COMMONWEALTH, to the general public.

2. Respondent stated in Form 410 that COFINA, as the sole Debtor, owed her the $106,291.70 in principal and accrued interests before mentioned.. The COMMONWEALTH was mentioned but only because COFINA is an instrumentality of the COMMONWEALTH. Nothing was asked from the COMMONWEALTH or the above mentioned corporations or instrumentalities.

3. At a later date Respondent received a Clerk´s notice informing that my **reclamation was assigned number 32810.**

4. At Debtor Exhibit 1 Respondent number is 96 in the English version and the Spanish version

3

5. Respondent wants to state loud and clear that before the filing of Form 410, she followed the Court's Docket trying to know if her reclamation appeared or was filed by Oriental Financial Services, now Oriental Wealth Management) from whom Respondent bought all the bonds. Respondent was unaware that MELLON, as trustee, was supposed to inform the Court of the liabilities incurred by Debtors. Nonetheless, Respondent never could find at the Court's records, anywhere, her name as a creditor.

6. The relations between RESPONDENT and the seller have gone from bad to worst since at the Maturity Date of the bonds, five years after issuance, she required the Principal and accrued interests from the seller, through the broker ALEXIS CRESPO, to which Mr. Crespo reply that he was involved in the payment of millions of dollars to other investors that had bought such sums and RESPONDENT, of little more than a hundred thousand, had to wait AND A LONG WAIT AT THAT. I couldn't reach anyone above the echelon since from the beginning that kind of approach was unavailable. The present case wasn't in the picture when that happened.

7. Respondent also wants to state that the monies to buy the bonds came from her work as a Government lawyer at the Department of Justice of Puerto Rico as a Special Prosecutor and Assistant Attorney General and from her first

4

job at the Public Service Commission as an Administrative Prosecutor first and Administrative Judge second.

## B. DEBTORS

1. Before the Court's Order to the public to file Proof of Claims, if they had claims against the Debtors, MELLON filed two "Master Proof of Claim" for COFINA totaling more than 36 billion in liabilities. Pursuant to the Court Order 165,466 more where timely filed of which 3,500 where timely filed in relation to COFINA totaling 10.1 trillion in liabilities. As COFINA is a special purpose entity with only $17 billion of funded indebtedness "<u>it is clear that substantially all of such claims are inappropriate.</u>" Copy at verbatim from Debtor brief "<u>Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proof of claim.</u>" Also a verbatim copy. And Debtors concluded that "any failure to disallow the Duplicate Bond Claims will result in the applicable claimants receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in COFINA´s Title 111 Case." .Verbatim, etc., page six (6)

5

2. The conclusions are based on the *Declaration of Jay Harriman in Support of Puerto Rico Sales Tax Financing Corporation's Fifteenth Objection (Noon-Substantive to Duplicate Bond Claims."* **Exhibit B** –Debtor

3. Well, Mr. Harriman asserted in his written Declaration that he supervised a "team" of different employees recruited from many entities connected to this case for that specific work. And that those employees where the ones in charge of "overseeing the claims reconciliation and objection process". <u>Not one duplicate proof of claim was accompanied to substantiate the assertion.</u>

4. Finally Debtors insisted that no harm will befall to those petitioners whose Proof of Claim are excluded from this proceedings since the relief requested by them is non-substantive in nature, designed only to expedite and streamline the claims reconciliation process. The only effect will be to disallow duplicate bonds. The non disallowance, to the contrary, will result in the applicable **claimants "potentially" receiving an unwarranted double recovery. Those disallowed will have their date in Court at an unspecified date not disclosed nor fixed yet.**

5. All throughout Debtor brief it is disconcerting the many times unspecified words like "potentially", "comments", "approximately" and "just" are used, with no grounded arguments.

## IV. CAUSES OF ACTION

6

## IV. CAUSES OF ACTION

1. Debtors have not claimed that RESPONDANT is one of the claimants with duplicate claims as discussed by them.

2. Respondent realleges and incorporates by reference each and every allegation detailed in above paragraphs one (1) to seven (7) as fully set therein.

3. Respondent is willing and able to attend any hearing in which her presese is necessary or convenient, including the one already posted.

## V. PRAYER AND RELIEF

Respondent pray for judgment against Debtors, and any person acting in their behalf or in participation to violate Respondent rights to receive her rights in the investments as this Court descry. Respondent also pray for any other relief granted that the case merits and may require.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 30th day of January 2019.

*[signature]*

DORIS ZOÉ PONS-PAGÁN, JD
Alturas de Borinquen Gardens
KK-6 Orchid St.
San Juan, PR 00926
Tels. 787-731-9229
787-313- 8667
E-mail: dorispons@prtc.net

7

**I HEREBY CERTIFIED** that on this date, I personally filed the foregoing with the Clerk's Office of this Court at Room 150 Federal Building, Chardón Ave., San Juan, Puerto Rico. Also, that I personally send by mail copies of his RESPONSE TO:

    Counsel for the Oversight Board
    PROSKAUER ROSE LLP
    Eleven Times Square
    New York, New York 10036-8299
    Attn: Martin J. Bienenstock
          Paul V. Possingger,
          Ehud Barak
          Maya Zerjal

- Counsel for the Creditors' Committee
    Paul Hastings LLP
    200 Park Avenue
    New York, New York 10166
    Attn: Luc A. Despins
          James Bliss
          James Worhington
          G. Alexander Bongartz