UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>    Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>Puerto Rico Sales Tax Financing Corporation ("COFINA"),<br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

STIPULATION AND AGREED ORDER REGARDING WITHDRAWAL OF
PROOFS OF CLAIM FILED BY MEMBERS OF THE COFINA
SENIOR BONDHOLDERS' COALITION IN RESPECT OF COFINA BONDS

The above-captioned debtors (the "Title III Debtors"), by and through the Financial

Oversight and Management Board (the "Oversight Board"), on the one hand, and the COFINA

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Senior Bondholders' Coalition (the "Coalition"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

  A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth Title III Case").

  B. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "COFINA Title III Case," and, together with the Commonwealth Title III Case, the "Title III Cases").

  C. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth and COFINA as debtors in each of their respective Title III Cases.

  D. On June 1, 2017, the United States District Court for the District of Puerto Rico (the "Court") entered an order granting the joint administration of the Title III Cases, for procedural purposes only [Case No. 17-3283, ECF No. 242].

  E. The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

F. On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

G. Members of the Coalition filed proofs of claim asserting pre-petition claims against each of COFINA and the Commonwealth in respect of COFINA senior bonds and COFINA subordinate bonds that members of the Coalition beneficially held, and any other liabilities, losses, and obligations allegedly owing pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended and restated on June 10, 2009 (as amended and supplemented, the "COFINA Resolution"). Schedules of the proofs of claim filed by members of the Coalition in respect of their COFINA senior bonds and their COFINA subordinate bonds are attached hereto as Exhibits A and B, respectively (collectively, the "COFINA Coalition Bond Claims").[3]

H. The Bank of New York Mellon, as Trustee under the COFINA Resolution, also filed master proofs of claim against COFINA with respect to any and all amounts owing under the COFINA Resolution with respect to COFINA senior bonds and COFINA subordinate bonds (the "COFINA Trustee Bond Claims").

---

[3] Members of the Coalition filed additional proofs of claim in the Commonwealth Title III Case and the Title III cases of the Title III Debtors other than COFINA. This Stipulation addresses only proofs of claims that members of the Coalition filed in respect of their COFINA bonds and obligations owing and claims under, in respect of or relating to the COFINA Resolution and does not affect any proofs of claims filed in respect of any obligations other than COFINA-related obligations, as to which, members expressly reserve all rights with respect to any such other obligations.

I. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA POA") [Case Nos. 17-3283, ECF No. 4658] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA DS") [Case No. 17-3283, ECF No. 43634].

J. Section 2.1(d) of the COFINA POA provides that, "[s]olely for purposes of confirmation and consummation of the Plan, on the Effective Date, (i) Senior COFINA Bond Claims, Senior COFINA Bond Claims (Taxable Election), Senior COFINA Bond Claims (Ambac) and Senior COFINA Bond Claims (National) shall be deemed allowed in the aggregate amount of $7,760,871,398.36" (collectively, the "Allowed Senior COFINA Bond Claims), and "(ii) Junior COFINA Bond Claims, Junior COFINA Bond Claims (Taxable Election) and Junior COFINA Bond Claims (Assured) shall be deemed allowed in the aggregate amount of $9,876,235,996.34" (collectively, the Allowed Junior COFINA Bond Claims"); "provided, however, that, in accordance with the solicitation procedures attendant to the Plan, the foregoing amounts shall be deemed allowed for voting purposes . . . ." COFINA POA § 2.1(d).

K. On November 29, 2018, the Court entered an *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots and Election Notices, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting and Election Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Solicitation Procedures Order") [Case No. 17-3283, ECF No. 4382], which, among other things, established procedures for beneficial holders of Allowed Senior COFINA

Bond Claims and Allowed Junior COFINA Bond Claims regarding voting of claims to accept or reject the COFINA POA and making certain elections, if applicable, under the COFINA POA.

L. Commencing on December 4, 2018 and continuing periodically thereafter, the Oversight Board filed various (a) omnibus objections to proofs of claims filed against COFINA, including the COFINA Coalition Bond Claims (the "Omnibus Objections") [Case No. 17-3283, ECF Nos. 4416, 4417, 4419, 4420], and (b) individual objections to the COFINA Coalition Bond Claims (the "Individual Objections") [Case No. 17-3283, ECF Nos. 4524, 4535], on the grounds that, among other things, such claims were duplicative of the COFINA Trustee Bond Claims (the Omnibus Objections and the Individual Objections, collectively, the "Claims Objections").

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. Subject to the terms and provisions of paragraph 4 hereof and upon the Effective Date, (a) the COFINA Coalition Bond Claims as listed on Exhibits A and B hereto are hereby withdrawn in their entirety; (b) the Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the Title III Debtors' claims register maintained in the Title III Cases to reflect the withdrawal of the COFINA Coalition Bond Claims; and (c) the Oversight Board's Claims Objections to the Coalition Bond Claims listed on Exhibits A and B are hereby withdrawn.

2. The withdrawal of the COFINA Coalition Bond Claims, on the terms set forth herein, is without prejudice to any and all rights, claims and actions of the members of the Coalition

as holders of Existing Securities (as such term is defined in the COFINA POA) under the COFINA POA or as against any non-Debtor entity.

3. Nothing herein shall impact any rights of the members of the Coalition to vote the Existing Securities that they beneficially own in accordance with the Solicitation Procedures Order and to make elections, if applicable, with respect to any such Existing Securities under the COFINA POA.

4. Solely to the extent, and upon the earliest to occur, of (i) the Court entering an order denying confirmation of the COFINA POA, (ii) any court of competent jurisdiction reversing or vacating the order confirming the COFINA POA, or otherwise materially modifying the COFINA POA, (iii) the Effective Date (as defined in the COFINA POA) not occurring by June 1, 2019, or (iv) as to any member of the Coalition, the termination of the Plan Support Agreement (as defined in the COFINA POA), the following shall occur: (a) the Coalition (or any member thereof as to itself) shall, within twenty (20) days of the earliest of such occurrence, file a notice on the dockets of the Title III Cases reinstating the COFINA Coalition Bond Claims, (b) the claims agent shall restore such claims to the claims registers maintained in the Title III Cases without further order of this Court or notice to or consent of any other person, and (c) the parties hereto shall be restored to the *status quo ante* as if this Stipulation had not been entered into or approved and withdrawal of any such claims shall be deemed *void ab initio*.

5. In the event that any COFINA Coalition Bond Claims are reinstated, the rights of COFINA and the Oversight Board to object to any such COFINA Coalition Bond Claims on any basis whatsoever shall not be prejudiced or limited by this Stipulation. For the avoidance of doubt,

the Oversight Board expressly reserves the right to refile its Claims Objections in the event that the related COFINA Coalition Bond Claims are reinstated.

6. The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

8. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

9. This Stipulation and Agreed Order resolves Docket Entry No. 4875 in Case No. 17-3283 and Docket Entry No. 535 in Case No. 17-3284.

**STIPULATED AND AGREED TO BY:**

| **PROSKAUER ROSE LLP** | **QUINN EMANUEL URQUHART& SULLIVAN, LLP** |
|---|---|
| /s/ *Martin J. Bienenstock* <br> Martin J. Bienenstock (pro hac vice) <br> Brian S. Rosen (pro hac vice) <br> Jeffrey W. Levitan (pro hac vice) <br> Paul V. Possinger (pro hac vice) <br><br> Eleven Times Square <br> New York, NY 10036 <br> Tel: (212) 969-3000 <br> Fax: (212) 969-2900 | /s/ *Susheel Kirpalani* <br> Susheel Kirpalani (pro hac vice) <br> Eric Kay (pro hac vice) <br><br> 51 Madison Avenue <br> New York, New York 10010 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 |

| | |
|---|---|
| **O'NEILL & BORGES LLC** | **REICHARD & ESCALERA, LLC** |
| /s/ *Hermann D. Bauer* | /s/ *Rafael Escalera* |
| Hermann D. Bauer | Rafael Escalera |
| USDC No. 215205 | USDC No. 122609 |
| Carla García Benítez | 255 Ponce de León Avenue |
| USDC No. 203708 | MCS Plaza, 10th Floor |
| 250 Muñoz Rivera Ave., Suite 800 | San Juan, Puerto Rico 00917-1913 |
| San Juan, PR 00918-1813 | Tel: (787) 777-8888 |
| Tel: (787) 764-8181 | Fax: (787) 765-4225 |
| Fax: (787) 753-8944 | |
| | *Attorneys for the COFINA Senior Bondholders' Coalition* |
| *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth* | |

SO ORDERED.

Dated: January 30, 2019

                                                                                           /s/ Laura Taylor Swain
                                                                      LAURA TAYLOR SWAIN
                                                                      United States District Judge