UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"), *et al*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>Case No. 17 BK 3284-LTS<br><br>(Jointly Administered)<br><br>Response to Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims<br><br>Prime Clerk Proof of Claim Nos. 115340 and 115423 |

RESPONSE TO PUERTO RICO SALES TAX FINANCING CORPORATION'S
THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE
BOND CLAIMS

**TO THE HONORABLE COURT,**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COMES NOW creditor Fideicomiso Del Valle Martinez II, represented by the undersigned counsel, and respectfully submits its response to the Puerto Rico Sales Tax Financing Corporation's ("COFINA")'s Thirteenth Omnibus Objection to Proof of Claim Numbers 115340 and 115423. In support of its claim, Creditor Fideicomiso Del Valle Martinez II respectfully **STATES** and **PRAYS** as follows:

**I. Preliminary Statement**

On December 5, 2018, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed COFINA's Thirteenth Omnibus Objection allegedly as to duplicate proofs of claim listed in Exhibit A to the Thirteenth Omnibus Objection (Docket No. 4417-1).

Creditor Fideicomiso Del Valle Martinez II had timely filed Proofs of Claim in the COFINA Title III PROMESA case. Creditor Fideicomiso Del Valle Martinez II had filed Proofs of Claim on June 29, 2018 in the COFINA Title III PROMESA case, CM/ECF Claim No. 125-1 (Prime Clerk Claim No. 115340), and CM/ECF Claim No. 126-1 (Prime Clerk Claim No. 115423). Specifically Fideicomiso Del Valle Martinez II had asserted claims in the amount of $981, 900 plus interest in the amount of $76,840. The basis asserted for such claims set forth therein were the default on COFINA bonds, PR Sales Tax Fing Corp. Sales Bonds 74529JHG3 in the amount of $200,000, 74529JNL5 in the amount of $580,000 and 74529JGP4 in the amount of $500,000.

Nevertheless Creditor Fideicomiso Del Valle Martinez II was served with the **Notice of Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-**

**Substantive) to Duplicate Bond Claims** (Docket Nos. 4417, 4417-4), in which its claims were objected to on the alleged rationale that "Claimant asserts liabilities associated with municipal bond(s) issued by COFINA, which are duplicative of one or more master proofs of claim filed by the trustee of these bond(s)." Docket No. 4417-1, page 30, Items 198 and 199. As it shall be more fully demonstrated below, Creditor Fideicomiso Del Valle Martinez II's claims should be allowed as filed.

**II. Required Contact Information and Supporting Documentation for Proofs of Claim CM/ECF Claim No. 125-1 (Prime Clerk Claim No. 115340), and CM/ECF Claim No. 126-1 (Prime Clerk Claim No. 115423).**

**Contact Information for Claim No. 115340**

Claim No.: 115340 (Prime Clerk System No.)
Claimant: Fideicomiso Del Valle Martinez II with Notices for the Claimant to be sent to
  Pablo Del Valle Rivera, Trust Manager
Address: P.O. Box 2319, Toa Baja PR 00951-2319
Telephone Number: 787-794-0927
Email Address: pdelvalle@delvallegroup.net
Date Filed: June 29, 2018
Debtor: Puerto Rico Sales Tax Financing Corporation ("COFINA")
Asserted Claim Amount: $981,900 plus interest in the amount of $76,840

Claimant's Counsel: Michael Craig McCall (USDC-PR 210412)
  LAW OFFICES OF MICHAEL CRAIG MCCALL
  P.O. Box 362634
  San Juan, PR 00936-2634
  Tel. 787-232-4530
  Fax. (787) 274-8390
  Email craigmcc@me.com

**Supporting Documentation for Claim No. 115340**

Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number NEL-001992, Statement for the account of FID DEL VALLE MARTINEZ II, UAD 09/13/13 ORIENTAL BANK TTEE attached as Exhibit 1 hereto, at page 4 showing:

PUERTO RICO SALES TAX FING CORP SALES, TAX REV REV BDS COFINA 2009A 5.000% 08/01/24 B/E DTD 06/18/09CALLABLE 08/01/19 @ 100.000 Security Identifier 74529JHG3 Quantity 200,000,000 Unit Cost 99.3170;

3

PUERTO RICO SALES TAX FING CORP SALES, TAX REV SALES TAX FIRST SUBORD REV BDS 6.050% 08/01/29 B/E DTD 06/25/09CALLABLE 04/01/18 @ 100.000 Security Identifier 74529JNL5 Quantity 580,000,000 Unit Cost 88.1130; and

PUERTO RICO SALES TAX FING CORP SALES, TAX REV SALES TAX FIRST SUBORD REV BDS 6.350% 08/01/39 B/E DTD 06/25/09CALLABLE 04/01/18 @ 100.000 Security Identifier 74529JGP4 Quantity 500,000,000 Unit Cost 82.8970.

The CUSIP numbers identifying the bonds or the series of bonds issued by the Debtor which in Proof of Claim 115340 Creditor Fideicomiso Del Valle Martinez II asserts interest(s) in, were clearly stated in the Proof of Claim and are documented in the Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number NEL-001992, for the account of FID DEL VALLE MARTINEZ II, attached as Exhibit 1 at the "Security Identifier" notations set forth in such Statement.

**Contact Information for Claim No. 115423**

    Claim No.: 115423 (Prime Clerk System No.)
    Claimant: Fideicomiso Del Valle Martinez II with Notices for the Claimant to be sent to
            Pablo Del Valle Rivera, Trust Manager
    Address: P.O. Box 2319, Toa Baja PR 00951-2319
    Telephone Number: 787-794-0927
    Email Address: pdelvalle@delvallegroup.net
    Date Filed: June 29, 2018
    Debtor: Puerto Rico Sales Tax Financing Corporation ("COFINA")
    Asserted Claim Amount: $981,900 plus interest in the amount of $76,840.

    Claimant's Counsel: Michael Craig McCall (USDC-PR 210412)
        LAW OFFICES OF MICHAEL CRAIG MCCALL
        P.O. Box 362634
        San Juan, PR 00936-2634
        Tel. 787-232-4530
        Fax. (787) 274-8390
        Email craigmcc@me.com

**Supporting Documentation for Claim No. 115423**

Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number NEL-001992, Statement for the account of FID DEL VALLE MARTINEZ II, UAD 09/13/13 ORIENTAL BANK TTEE attached as Exhibit 1 hereto, at page 4 showing:

PUERTO RICO SALES TAX FING CORP SALES, TAX REV REV BDS COFINA 2009A 5.000% 08/01/24 B/E DTD 06/18/09CALLABLE 08/01/19 @ 100.000 Security Identifier 74529JHG3 Quantity 200,000,000 Unit Cost 99.3170;

PUERTO RICO SALES TAX FING CORP SALES, TAX REV SALES TAX FIRST SUBORD REV BDS 6.050% 08/01/29 B/E DTD 06/25/09CALLABLE 04/01/18 @ 100.000 Security Identifier 74529JNL5 Quantity 580,000,000 Unit Cost 88.1130; and

PUERTO RICO SALES TAX FING CORP SALES, TAX REV SALES TAX FIRST SUBORD REV BDS 6.350% 08/01/39 B/E DTD 06/25/09CALLABLE 04/01/18 @ 100.000 Security Identifier 74529JGP4 Quantity 500,000,000 Unit Cost 82.8970.

The CUSIP numbers identifying the bonds or the series of bonds issued by the Debtor which in Proof of Claim 115423 Creditor Fideicomiso Del Valle Martinez II asserts interest(s) in, were clearly stated in the Proof of Claim and are documented in the Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number NEL-001992, for the account of FID DEL VALLE MARTINEZ II, attached as Exhibit 1 at the "Security Identifier" notations set forth in such Statement.

### III. Reasons for Opposing Thirteenth Omnibus Objection

COFINA's Thirteenth Omnibus Objection fails to submit sufficient evidence to rebut the prima facie validity or legal sufficiency of Fideicomiso Del Valle Martinez II's claims. Pursuant to § 502(a) of the Bankruptcy Code, codified at 11 U.S.C.A. § 502(a), any proof of claim "is deemed allowed, …" unless objected to by a party in interest. In re Thompson, 965 F.2d 1136, 1147 (1st Cir. 1992), as amended (May 4, 1992). Accord, In re Consol. Pioneer Mortg., 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), aff'd sub nom. In re Consol. Pioneer Mortg. Entities, 91 F.3d 151 (9th Cir. 1996), citing, Whitney v. Dresser, 200 U.S. 532, 534–35, (1906)(stating that proof of claim is sufficient to establish *prima facie* proof of a valid debt for purposes of distribution of assets of estate); In re Virginia Broadband, LLC, 521 B.R. 539, 557 (Bankr. W.D. Va. 2014), aff'd sub nom. Virginia Broadband, LLC v. Manuel, 538 B.R. 253 (W.D. Va. 2015); and In re Bleu Room Experience, Inc., 304 B.R. 309, 315 (Bankr. E.D. Mich. 2004).

Once a proof of claim has been properly filed, it is prima facie evidence of the validity of the claim and the amount owed by the debtor, with the burden of proof then shifting to the party who is seeking to object to the validity or the sufficiency of such claim. See In re Virginia

5

Broadband, 521 B.R. at 557–58. Accord In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004)("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); … The debtor must introduce evidence to rebut the claim's presumptive validity."), citing Fed. R. Bankr.P. 9017, Fed.R.Evid. 301, and 4 *Collier* at ¶ 501.02[3][d]; and In re Abell, 549 B.R. 631, 669 (Bankr. D. Md. 2016) (same).

A proper objection must include evidence with probative force which is sufficient to demonstrate the existence of a true dispute. In re Falwell, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009), citing, 9 Collier on Bankruptcy, "Proof of Claim", ¶ 3001.09[2] (15th ed. rev.). Accord, In re Wells, 51 B.R. 563, 566 (Bankr. D. Colo. 1985)(The objecting party carries the burden of going forward with evidence supporting his objection to the validity of the claim.).

An objection does not overcome the *prima facie* presumption of the validity and amount of a proof of claim, unless its counterevidence has substantial merit. See In re Rowlands, 2008 WL 8664766, at *4 (B.A.P. 1st Cir. Dec. 30, 2008), citing, In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir.1993). Accord, In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). A party's interposing an objection does not deprive the proof of claim of its presumptive validity unless the objection is supported by substantial evidence. See In re Hemingway Transp., 993 F.2d at 925, citing, Norton Bankruptcy Law & Practice, Bankruptcy Rules at 191 (1992). It is only after an objector's evidentiary burden of presenting substantial evidence has been met, does the burden shift back to a claimant to have to prove its claim. See In re Newfound Lake Marina, Inc., 2007 WL 2712960, at *2 (Bankr. D.N.H. Sept. 14, 2007)(internal citation omitted); and In re Mulvania, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997), citing, In re MacFarlane, 83 F.3d 1041, 1044 (9th Cir. 1996).

Claim Numbers 115340 and 115423 were each objected to based solely on vague boilerplate language, which exact same language appears throughout Exhibit A to COFINA's Thirteenth Omnibus Objection as to each of the five hundred claims objected to by COFINA there in an exhibit, Exhibit A, which spans 72 pages (Docket 4417-1), and which alleges throughout: that "Claimant asserts liabilities associated with municipal bond(s) issued by COFINA, which are duplicative of one or more master proofs of claim filed by the trustee of these bond(s)." Docket No. 4417-1, page 30, Items 198 and 199. No particularized evidence of the alleged duplicative nature of Fideicomiso Del Valle Martinez II's proofs of claims was presented with the Thirteenth Omnibus Objection. Nor for that matters was any particularized evidence of the alleged duplicative nature of any of the 500 proofs of claims objected to in the Thirteenth Omnibus Objection presented with the Thirteenth Omnibus Objection. Items 198 and 199 on page 30 of Exhibit A within Docket No. 4417-1, appear to be the only place within the entirety of the 202 pages which make up COFINA's Thirteenth Omnibus Objection where Fideicomiso Del Valle Martinez II is even mentioned by name within the Thirteenth Omnibus Objection.

The wholly conclusory Declaration of Jay Herriman (Docket No. 4417-3)(the "Herriman Declaration"), Exhibit B to COFINA's Thirteenth Omnibus Objection does not constitute sufficient evidence to invalidate Fideicomiso Del Valle Martinez II's Proof of Claims. First Circuit jurisprudence requires that allegations in an affidavit or declaration such as the Herriman Declaration must be made based on personal knowledge and not upon "information and belief" in order to have evidentiary value. "It is apodictic that an 'affidavit ... made upon information and belief ... does not comply with Rule 56(e).' … Thus, appellant's statement with regard to Nutter's purported role in the preparation of the offering documents amounts to nothing more that a mere

7

allegation, not entitled to credence or weight in the summary judgment calculus." See Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991)(internal citations omitted). Accord, Perez v. Volvo Car Corp., 247 F.3d 303, 315–16 (1st Cir. 2001)(same)(1st Circuit recognizes that "personal knowledge is the touchstone." and "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise.")(internal citations omitted). "A party cannot expect this court to give weight to averments made without personal knowledge 'or those which are in a form patently inadmissible at trial.'" See John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F. Supp. 2d 77, 89 (D. Mass. 1999), quoting, Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir.1990).

Neither Fideicomiso Del Valle Martinez II nor its Proofs of Claim Numbered 115340 and 115423 are anywhere mentioned in the Herriman Declaration. See Herriman Declaration at pp. 1-3, ¶¶'s 1-7. The factual claims made by Herriman in the Herriman Declaration regarding the alleged duplicative nature of the claims listed in Exhibit A to the Thirteenth Omnibus Objection are not based on his own personal knowledge but merely on information and belief, and factual assertions based on information and belief lack evidentiary value under the above-cited precedent and are insufficient to controvert the prima facie validity and legal sufficiency of the Fideicomiso Del Valle Martinez II's proofs of claim, Claim Numbers 115340 and 115423, or of any of the other proofs of claim listed in Exhibit A for that matter.

Herriman states only that, "[t]o the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Thirteenth Omnibus Objection (the 'Duplicate Bond Claims') assert liabilities associated with one or more municipal bonds issued by COFINA that are duplicative of one or more of the master proofs of claim filed in COFINA's Title III Case by trustee for such bonds pursuant to the Bar Date Orders." See Herriman Declaration at p. 2, ¶5.

See also Herriman Declaration at p. 3, ¶6 ("Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Thirteenth Omnibus Objection and exhibits thereto is true and correct, …"). There is no affirmative statement by Herriman in the Herriman Declaration that he has ever even seen Proof of Claim Numbers 115340 and 115423, or that he has any personal knowledge of Fideicomiso Del Valle Martinez II or of its proofs of claim, Claim Numbers 115340 and 115423, which COFINA objects to based on the Herriman Declaration. See Herriman Declaration at pp. 1-3, ¶¶1-7.

The Herriman Declaration does not constitute sufficient evidence to controvert Fideicomiso Del Valle Martinez II's Proofs of Claim Numbers 115340 and 115423, where Herriman has no personal knowledge himself, and that Declaration does not name a single person that actually has personal knowledge of Fideicomiso Del Valle Martinez II or of its proofs of claim, Claim Numbers 115340 and 115423, which COFINA objects to based on the Herriman Declaration's reference to unknown individuals, stating only that the overall ongoing reconciliation process "involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for COFINA." See Herriman Declaration at p. 2, ¶2.

The Thirteenth Omnibus Objection fails to provide any specific information, much less the sufficient evidence necessary to confirm, whether the Bank of New York Mellon, or any other Trustee, or any other individual or entity acting with respect to any of the "Bonds" as defined within the Thirteenth Omnibus Objection, have filed a claim on behalf of Fideicomiso Del Valle Martinez II or have recognized the validity of the claims asserted by Fideicomiso Del Valle Martinez II in Proof of Claim Numbers 115340 and 115423.

9

Fideicomiso Del Valle Martinez II has not received any notice recognizing the validity of their claims as asserted in Proof of Claim Numbers 115340 and 115423, or specifically confirming that the claims of Fideicomiso Del Valle Martinez II as set forth in Proof of Claim Numbers 115340 and 115423 have been included in any master proof of claim filed by Bank of New York Mellon on behalf of all holders of claims and that Fideicomiso Del Valle Martinez II's interests as set forth in Proof of Claim Numbers 115340 and 115423 will be protected by any master proof of claim which has been filed.

Since pursuant to the legal authority briefed above,[2] COFINA's Thirteenth Omnibus Objection fails to include the necessary counter-evidence required to overcome the presumptive prima facie validity and legal sufficiency of the Fideicomiso Del Valle Martinez II's proofs of claim, Claim Numbers 115340 and 115423, such proofs of claim should be allowed as filed.

**WHEREFORE,** for the reasons set forth above, Fideicomiso Del Valle Martinez II's proofs of claim, Claim Numbers 115340 and 115423, should be allowed as filed.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this same date, a true and exact copy of this Notice of Appearance has been filed with the Clerk of the Court using the CM-ECF system which will send notification of such filing to all parties or counsels of record at their registered e-mail addresses within the CM/ECF system. We further certify that on this very same date, a true and exact copy of this response was served by FedEx to: the Clerk's Office, United States District

---

[2] Fideicomiso Del Valle Martinez II joins and incorporates by reference herein, the legal authority cited by Claimants Edilberto Berrios Pérez and Ariadne Febles Gordián in their "Answer And Opposition To Objection To Claim In Sixth Omnibus Non-Substantive Objection (It. #111) To Claim By Edilberto Berrios Pérez and Ariadne Febles Gordián" at pp. 2-4, n. 1 submitted on January 25, 2019 as Docket No. 4922, as additional grounds for their response and opposition to the Thirteenth Omnibus Objection.

Court, Room 150 Federal Building, San Juan, Puerto Rico 00918-1767; Hon. U.S. District Court Judge Laura Taylor Swain's Chambers, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Suite 3312, New York, New York, 10007-1312; Hon. U.S. Magistrate Judge Judith G. Dein, United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Room 6420, Boston, Massachusetts 02210; Counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299, Attn: Martin J. Bienenstock, Paul V. Possinger, Ehud Barajk and Maja Zerjal; and Counsel for the Creditors' Committee, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Worthington, G. Alexander Bongatz.

Respectfully submitted in San Juan, Puerto Rico, this 31st day of January, 2019.

**LAW OFFICES OF**
**MICHAEL CRAIG MCCALL**
P.O. Box 362634
San Juan, PR 00936-2634
Tel. 787-232-4530
Fax. (787) 274-8390


**S/Michael Craig McCall**
Michael Craig McCall
USDC-PR 210412
craigmcc@me.com
**Counsel for Fideicomiso Del Valle Martinez II**