UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"), *et al*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>Case No. 17 BK 3284-LTS<br><br>(Jointly Administered)<br><br>Response to Puerto Rico Sales Tax Financing Corporation's Fourteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims<br><br>Prime Clerk Proof of Claim No. 104076 |

**RESPONSE TO PUERTO RICO SALES TAX FINANCING CORPORATION'S FOURTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE BOND CLAIMS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO THE HONORABLE COURT,**

COME NOW creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, represented by the undersigned counsel, and respectfully submits their response to the Puerto Rico Sales Tax Financing Corporation's ("COFINA")'s Fourteenth Omnibus Objection to Proof of Claim Number 104076. In support of its claim, creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, respectfully **STATE** and **PRAY** as follows:

**I. Preliminary Statement**

On December 5, 2018, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), filed its Fourteenth Omnibus Objection allegedly as to duplicate proofs of claim listed in Exhibit A to the Fourteenth Omnibus Objection (Docket No. 4418-1).

Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, had timely filed Proofs of Claim in the COFINA Title III PROMESA case. Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, had filed a Proof of Claim on June 29, 2018 in the COFINA Title III PROMESA case, CM/ECF Claim No. 126-2 (Prime Clerk Claim No. 104076). Specifically Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, had asserted a claim in the amount of $383, 750 plus interest in the amount of $31,750. The basis asserted for such claim were the default on COFINA bond, Fixed Inc. PR Sales Tax Fing Corp. Sales Bond 74529JGP4 in the amount of $500,000.

Nevertheless Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, were served with the **Notice of Puerto Rico Sales Tax Financing Corporation's Fourteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims** (Docket Nos. 4418, 4418-4), in which their claim was objected to on the alleged rationale that "Claimant asserts liabilities associated with municipal bond(s) issued by COFINA, which are duplicative of one or more master proofs of claim filed by the trustee of these bond(s)." Docket No. 4418-1, page 70, Item 496. As it shall be more fully demonstrated below, the claim of Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, should be allowed as filed.

**II. Required Contact Information and Supporting Documentation for Proof of Claim CM/ECF Claim No. 126-2 (Prime Clerk Claim No. 104076).**

**Contact Information**

    Claim No.: 104076 (Prime Clerk System No.)
    Claimants: Pablo Del Valle Rivera and María A. Martínez, Tenants in
        Common with Notices for the Claimants to be sent to
    Pablo Del Valle Rivera, Creditor
    Address: P.O. Box 2319, Toa Baja PR 00951-2319
    Telephone Number: 787-794-0927
    Email Address: lsantiago@delvallegroup.net
    Date Filed: June 29, 2018
    Debtor: Puerto Rico Sales Tax Financing Corporation ("COFINA")
    Asserted Claim Amount: $383,750 plus interest in the amount of $31,750

    Claimant's Counsel:  Michael Craig McCall (USDC-PR 210412)
        LAW OFFICES OF MICHAEL CRAIG MCCALL
        P.O. Box 362634
        San Juan, PR 00936-2634
        Tel. 787-232-4530
        Fax. (787) 274-8390
        Email craigmcc@me.com

**Supporting Documentation**

    Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number 5TA-047432, Statement for the account of PABLO DEL VALLE

RIVERA MARIA A. MARTINEZ DEL VALLE TEN COM, attached as Exhibit 1 hereto, at page 4 showing:

PUERTO RICO SALES TAX FING CORP SALES, TAX REV SALES TAX FIRST SUBORD REV BDS, 6.350% 08/01/39 B/E DTD 06/25/09CALLABLE 04/01/18 @ 100.000 Security Identifier 74529JGP4 Quantity 500,000,000 Unit Cost 83.0130.

The CUSIP number identifying the bonds or the series of bonds issued by the Debtor which in Proof of Claim 104076 Creditors Pablo Del Valle Rivera and María A. Martínez, Tenants in Common assert interest(s) in, were clearly stated in the Proof of Claim and are documented in the Oriental Financial Services Corp. Statement for March 1, 2018 – March 31, 2018 for Account Number 5TA-047432, for the account of PABLO DEL VALLE RIVERA MARIA A. MARTINEZ DEL VALLE TEN COM, attached as Exhibit 1 at the "Security Identifier" notation set forth in such Statement.

### III. Reasons for Opposing Fourteenth Omnibus Objection

COFINA's Fourteenth Omnibus Objection fails to submit sufficient evidence necessary to rebut the prima facie validity or legal sufficiency of the claims of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common. Pursuant to § 502(a) of the Bankruptcy Code, codified at 11 U.S.C.A. § 502(a), any proof of claim "is deemed allowed, …" unless objected to by a party in interest. In re Thompson, 965 F.2d 1136, 1147 (1st Cir. 1992), as amended (May 4, 1992). Accord, In re Consol. Pioneer Mortg., 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995), aff'd sub nom. In re Consol. Pioneer Mortg. Entities, 91 F.3d 151 (9th Cir. 1996), citing, Whitney v. Dresser, 200 U.S. 532, 534–35 (1906)(stating that proof of claim is sufficient to establish *prima facie* proof of a valid debt for purposes of distribution of assets of estate); In re Virginia Broadband, LLC, 521 B.R. 539, 557 (Bankr. W.D. Va. 2014), aff'd sub nom. Virginia Broadband, LLC v. Manuel, 538 B.R. 253 (W.D. Va. 2015); and In re Bleu Room Experience, Inc., 304 B.R. 309, 315 (Bankr. E.D. Mich. 2004).

Once a proof of claim has been properly filed, it is prima facie evidence of the validity of the claim and the amount owed by the debtor, with the burden of proof then shifting to the party

4

who is seeking to object to the validity or the sufficiency of such claim. See In re Virginia Broadband, LLC, 521 B.R. at 557–58. Accord In re Harford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004)("The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f). The burden then shifts to the debtor to object to the claim. 11 U.S.C. § 502(b); … The debtor must introduce evidence to rebut the claim's presumptive validity."), citing Fed. R. Bankr.P. 9017, Fed.R.Evid. 301, and 4 *Collier* at ¶ 501.02[3][d]; and In re Abell, 549 B.R. 631, 669 (Bankr. D. Md. 2016)(same).

A proper objection must include evidence with probative force which is sufficient to demonstrate the existence of a true dispute. In re Falwell, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009), citing, 9 Collier on Bankruptcy, "Proof of Claim", ¶ 3001.09[2] (15th ed. rev.). Accord, In re Wells, 51 B.R. 563, 566 (Bankr. D. Colo. 1985)(The objecting party carries the burden of going forward with evidence supporting his objection to the validity of the claim.).

An objection does not overcome the *prima facie* presumption of the validity and amount of a proof of claim, unless its counterevidence has substantial merit. See In re Rowlands, 2008 WL 8664766, at *4 (B.A.P. 1st Cir. Dec. 30, 2008), citing, In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir.1993). Accord, In re Tracey, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008). A party's interposing an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence.* See In re Hemingway Transp., Inc., 993 F.2d at 925, citing, *Norton Bankruptcy Law & Practice, Bankruptcy Rules* at 191 (1992). It is only after an objector's evidentiary burden of presenting substantial evidence has been met, does the burden shift back to a claimant to have to prove his/her claim. See In re Newfound Lake Marina, Inc., 2007 WL 2712960, at *2 (Bankr. D.N.H. Sept. 14, 2007)(internal citation omitted);

and In re Mulvania, 214 B.R. 1, 6 (B.A.P. 9th Cir. 1997), citing, In re MacFarlane, 83 F.3d 1041, 1044 (9th Cir. 1996).

Claim Number 104076 was objected to based solely on vague boilerplate language, which exact same language appears throughout Exhibit A to COFINA's Fourteenth Omnibus Objection as to each of the five hundred claims objected to by COFINA there in an exhibit, Exhibit A, which spans 70 pages (Docket 4418-1), and which alleges throughout: that "Claimant asserts liabilities associated with municipal bond(s) issued by COFINA, which are duplicative of one or more master proofs of claim filed by the trustee of these bond(s)." Docket No. 4418-1, page 70, Item 496. No particularized evidence of the alleged duplicative nature of the proof of claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, was presented with the Fourteenth Omnibus Objection. Nor for that matters was any particularized evidence of the alleged duplicative nature of any of the 500 proofs of claims objected to in the Fourteenth Omnibus Objection presented with the Fourteenth Omnibus Objection. Item 496 on page 70 of Exhibit A within Docket No. 4418-1, appears to be the only place within the entirety of the 198 pages which make up COFINA's Fourteenth Omnibus Objection where Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, are even mentioned by name within the Fourteenth Omnibus Objection.

The wholly conclusory Declaration of Jay Herriman (Docket No. 4418-3)(the "Herriman Declaration"), Exhibit B to COFINA's Fourteenth Omnibus Objection does not constitute sufficient evidence to invalidate the Proof of Claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common. First Circuit jurisprudence requires that allegations in an affidavit or declaration such as the Herriman Declaration must be made based on personal knowledge and not upon "information and belief" in order to have evidentiary value. "It is apodictic that an

'affidavit ... made upon information and belief ... does not comply with Rule 56(e).' … Thus, appellant's statement with regard to Nutter's purported role in the preparation of the offering documents amounts to nothing more that a mere allegation, not entitled to credence or weight in the summary judgment calculus." See Sheinkopf v. Stone, 927 F.2d 1259, 1271 (1st Cir. 1991)(internal citations omitted). Accord, Perez v. Volvo Car Corp., 247 F.3d 303, 315–16 (1st Cir. 2001)(same)(1st Circuit recognizes that "personal knowledge is the touchstone." and "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise.")(internal citations omitted). "A party cannot expect this court to give weight to averments made without personal knowledge 'or those which are in a form patently inadmissible at trial.'" See John Beaudette, Inc. v. Sentry Ins. A Mut. Co., 94 F. Supp. 2d 77, 89 (D. Mass. 1999), quoting, Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir.1990).

Neither Pablo Del Valle Rivera and María A. Martínez, Tenants in Common nor their Proof of Claim Numbered 104076 are anywhere mentioned in the Herriman Declaration. See Herriman Declaration at pp. 1-3, ¶¶'s 1-7. The factual claims made by Herriman in the Herriman Declaration regarding the alleged duplicative nature of the claims listed in Exhibit A to the Fourteenth Omnibus Objection are not based on his own personal knowledge but merely on information and belief, and factual assertions based on information and belief lack evidentiary value under the above-cited precedent and are insufficient to controvert the prima facie validity and legal sufficiency of the Proof of Claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, Claim Number 104076, or of any of the other proofs of claim listed in Exhibit A for that matter.

Herriman states only that, "[t]o the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Fourteenth Omnibus Objection (the 'Duplicate Bond Claims')

7

assert liabilities associated with one or more municipal bonds issued by COFINA that are duplicative of one or more of the master proofs of claim filed in COFINA's Title III Case by trustee for such bonds pursuant to the Bar Date Orders." See Herriman Declaration at p. 2, ¶5. See also Herriman Declaration at p. 3, ¶6 ("Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Fourteenth Omnibus Objection and exhibits thereto is true and correct, …"). There is no affirmative statement by Herriman in the Herriman Declaration that he has ever even seen Proof of Claim Number 104076, or that he has any personal knowledge of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, or of their proof of claim, Claim Number 104076, which COFINA has objected to based on his Declaration. See Herriman Declaration at pp. 1-3, ¶¶1-7.

The Herriman Declaration does not constitute sufficient evidence to controvert the proof of claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, Proof of Claim Number 104076, where Herriman has no personal knowledge himself and that Declaration does not name a single specific person who actually has personal knowledge of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, or of their proof of claim, Claim Number 104076, which COFINA objects to based on the Herriman Declaration's reference to unknown individuals, stating only that the overall ongoing claims reconciliation process "involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for COFINA." See Herriman Declaration at p. 2, ¶2.

The Fourteenth Omnibus Objection fails to provide any specific information, much less the sufficient evidence necessary to confirm, whether the Bank of New York Mellon, or any other Trustee, or any other individual or entity acting with respect to any of the "Bonds" as

defined within the Fourteenth Omnibus Objection, have filed a claim on behalf of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common or have recognized the validity of the claim asserted by Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, in Proof of Claim Numbers 104076.

Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, have not received any notice recognizing the validity of their claims as asserted in Proof of Claim Number 104076, or specifically confirming that the claims of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, as set forth in Proof of Claim Number 104076, have been included in any master proof of claim filed by Bank of New York Mellon on behalf of all holders of claims and that the interests of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, as set forth in Proof of Claim Number 104076 will be protected by any master proof of claim which has been filed.

Since pursuant to the legal authority briefed above,[2] COFINA's Fourteenth Omnibus Objection fails to include the necessary counter-evidence required to overcome the presumptive prima facie validity and legal sufficiency of the proof of claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, Claim Number 104076, such proof of claim should be allowed as filed.

---

[2] Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, join and incorporate by reference herein, the legal authority cited by Claimants Edilberto Berrios Pérez and Ariadne Febles Gordián in their "Answer And Opposition To Objection To Claim In Sixth Omnibus Non-Substantive Objection (It. #111) To Claim By Edilberto Berrios Pérez and Ariadne Febles Gordián" at pp. 2-4, n. 1 submitted on January 25, 2019 as Docket No. 4922, as additional grounds for responding to and opposing the Fourteenth Omnibus Objection.

**WHEREFORE,** for the reasons and based on the legal authority set forth above, the proof of claim of Pablo Del Valle Rivera and María A. Martínez, Tenants in Common, Claim Number 104076, should be allowed as filed.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this same date, a true and exact copy of this Notice of Appearance has been filed with the Clerk of the Court using the CM-ECF system which will send notification of such filing to all parties or counsels of record at their registered e-mail addresses within the CM/ECF system. We further certify that on this very same date, a true and exact copy of this response was served by FedEx to: Clerk's Office, United States District Court, Room 150 Federal Building, San Juan, Puerto Rico 00918-1767; Hon. U.S. District Court Judge Laura Taylor Swain's Chambers, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Suite 3312, New York, New York, 10007-1312; Hon. U.S. Magistrate Judge Judith G. Dein, United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Room 6420, Boston, Massachusetts 02210; Counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299, Attn: Martin J. Bienenstock, Paul V. Possinger, Ehud Barajk and Maja Zerjal; and Counsel for the Creditors' Committee, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Worthington, G. Alexander Bongatz.

Respectfully submitted in San Juan, Puerto Rico, this 31st day of January, 2019.

**LAW OFFICES OF**
**MICHAEL CRAIG MCCALL**
P.O. Box 362634
San Juan, PR 00936-2634
Tel. 787-232-4530
Fax. (787) 274-8390

**S/Michael Craig McCall**
Michael Craig McCall
USDC-PR 210412
craigmcc@me.com
**Counsel for Pablo Del Valle Rivera and María A. Martínez, Tenants in Common**