UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

---------------------------------------------------------------x

ORDER REGARDING SUBMISSION OF REVISED PROPOSED ORDER ESTABLISHING
PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS FILED OR ASSERTED
BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

The Court has received and reviewed the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* (Docket Entry No. 4788, the "Motion") filed by the Financial Oversight and Management Board for the Commonwealth of Puerto Rico, acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors (the "Committee, and together with the Oversight Board, the "Movants"), the responses to the Motion filed by certain parties in interest (collectively, the "Objecting Parties") (Docket Entry Nos. 4913, 4923, 4924), the reply in further support of the Motion (Docket Entry No. 4942), the revised order filed by the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Movants (Docket Entry No. 4982, the "First Revised Proposed Order"), and the arguments made during the hearing concerning the Motion on January 30, 2019.

Movants are directed to meet and confer with the Objecting Parties concerning revisions of Movants' proposed order to reflect the guidance set forth in this Order and to file within seven (7) days, on notice of presentment, a revised proposed order, accompanying exhibits, and Spanish translations of the accompanying exhibits, consistent with the following guidance:

General Guidance

- Exhibit 1 to the proposed order (the "Notice") and Exhibit 2 to the proposed order (the "Procedures") must be written with an eye to clarity for lay, retail-level bondholders and other parties in interest. The importance of the decision as to whether to file a Notice of Participation[2] must be made clear, by flagging the potential consequence of success by Movants on their objection, the benefits of filing a timely Notice of Participation (e.g., direct email or hard copy notification of case events specific to the Objection as well as meet and confer opportunities) and the consequences of forgoing such a filing. The Notice should be accompanied by a form that participants may complete to provide the information that the Court is authorizing Movants to solicit at the initial stage of these procedures (see description below), with clear instructions as to how to file the form (by counsel for represented persons, and mail or hand delivery to the Clerk's Office in San Juan for individuals not represented by counsel).

- The Procedures must give parties in interest sixty (60) days from entry of the order granting the Motion to file Notices of Participation (the "Deadline to File Participation Notices").

- As noted above, the Procedures must explain the consequences of failure to file a timely Notice of Participation. These might include preclusion from filing separate pleadings absent permission granted by the Court upon a showing of good cause, and the likelihood that the outcome of the litigation for similarly situated parties will determine the outcome of the objection as to the non-participant's bond holdings. Based on the colloquy at the January 30, 2019, hearing, the Court does not expect Movants to seek judgment on the merits in their favor based solely on a party's failure to file a Notice of Participation, but if such a prospect exists the circumstances under which such a judgment might be sought must be made clear as a potential consequence of failing to file a Notice of Participation.

- Parties in interest filing Notices of Participation may be required to provide the following information: participant's name, address, and email address, as well as the name, address and email address of the participant's counsel, if applicable; whether the participant is a holder of Challenged Bonds and, if so, whether the participant's holdings include

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

> Challenged GO Bonds purchased on the secondary market; to the best of the participant's knowledge, the CUSIP numbers of the Challenged GO Bonds held by the participant; and whether the participant intends to support or oppose the Objection. Notices of Participation are not to include the dates on which participants acquired Challenged GO Bonds, the amount of bonds held, or information concerning anticipated defense(s) to the Objection.

- The Procedures must provide that, twenty-one (21) days after the Deadline to File Participation Notices (the "Initial Proposal Exchange Deadline"), participating proponents of the Objection, on the one hand, and participating opponents of the Objection (individually and/or through ad hoc groups), on the other, will simultaneously exchange proposals (the "Initial Proposals") concerning the procedures that will govern litigation of the Objection including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Challenged GO Bonds who did not file Notices of Participation. The Initial Proposals must be circulated to all parties who filed Notices of Participation but must not be filed on the case docket. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

- The Procedures must provide that, following exchange of the Initial Proposals, the parties will meet and confer concerning the substance of the Initial Proposals to develop a joint recommendation for the Court. The Committee will convene the meet and confer session(s), providing notice of any meeting(s) or phone conference(s) to all parties who filed Notices of Participation.

- The Procedures must provide that, twenty-one (21) days after the Initial Proposal Exchange Deadline, the participating parties will file a joint submission (the "Joint Recommendation") concerning the proposed procedures that will govern litigation of the Objection including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Challenged GO Bonds who did not file Notices of Participation. The Committee will cause the Joint Recommendation to be filed with the Court. The Procedures must provide that, at least ninety-six (96) hours prior to filing the Joint Recommendation, the Committee must circulate a draft of the Joint Recommendation to all parties who filed a Notice of Participation, providing a seventy-two (72) hour window for further input.

- The Procedures must provide that any responses to the Joint Recommendation must be filed with the Court within seven (7) days of the filing of the Joint Recommendation, that any replies must be filed within three (3) days following the response deadline, and that the Movants will request that the Court hold a status conference as soon as practicable after the Reply Deadline.

- The substance of the provisions of paragraphs 1, 5, 7, and 8 of Exhibit 2 to the First Revised Proposed Order should be included in the Procedures. If a provision similar to

existing paragraph 6 is also included, it should address participation in dispositive motion practice as well as trial participation.

- The service provisions of paragraphs 4 and, if necessary, 6 of the revised proposed order must include methods reasonably calculated to result in service of the Notice and Procedures upon all individuals and entities who are beneficial holders of claims on account of the Challenged GO Bonds as well as upon all filers of "bond claims" against the Commonwealth as reflected in Prime Clerk's records. The Court notes in this regard that questions were raised at the hearing regarding Prime Clerk's ability to effect service on ultimate beneficial holders and that the Committee has undertaken to provide written clarification of the nature and scope of the service offered by Prime Clerk in this regard.

Specific Editorial Guidance

- Substantially the following language must be added to the second paragraph of the Notice, immediately following the link for the Objection:

  > This Objection seeks to disallow and invalidate claims on account of certain general obligation bonds issued by the Commonwealth of Puerto Rico in or after 2012. **If the Court grants the Objection in whole or in part, claimants' recovery on account of affected bonds will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims. Thus, the Objection may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to oppose or support the Objection. The notice must be filed by [60 day deadline].**"

  This language must also be included in the Spanish-language paragraph, along with disclosure that Spanish-language versions of the Notice, Procedures and Notice of Participation form can be obtained from Mr. Barron upon request.

- The Court suggests that the phrase preceding the link be revised to read as follows: "The full text of the Objection may be found on the Internet by using the following link:".

    SO ORDERED.

Dated: January 31, 2019

                                                          /s/ Laura Taylor Swain
                                                          LAURA TAYLOR SWAIN
                                                          United States District Judge