UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

ORDER REGARDING REQUEST FOR APPOINTMENT OF AN
OFFICIAL COMMITTEE OF HOLDERS OF GENERAL OBLIGATION BONDS

      The Court has received and reviewed the *Response and Objection to Docket 4788 and 4789, FOMB's Purported Urgent Motion of Individual Bondholder Residing in the 50 States Who Purchased in 2012 at the Original Offering Price* (Docket Entry No. 4913, the "Hein Response") filed by Peter C. Hein in opposition to the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* (Docket Entry No. 4788, the "Procedures Motion").

      The Hein Response includes language which the Court interprets as a request for appointment of an official committee of holders of general obligation bonds issued by the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Commonwealth of Puerto Rico (an "Official GO Bond Committee") pursuant to 11 U.S.C. § 1102(a), made applicable to the above-captioned Title III case pursuant to 48 U.S.C. § 2161. (Hein Resp. at 3-5.) Mr. Hein reiterated his request at the hearing concerning the Procedures Motion on January 30, 2019.

For the reasons provided herein, the Court denies Mr. Hein's request without prejudice.

Section 1102(a) of the Bankruptcy Code, in relevant part, governs the formation of committees of creditors. Section 1102(a)(1) provides that "the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors . . . as the United States trustee deems appropriate." 11 U.S.C. § 1102(a)(1); see In re Fin. Oversight & Mgmt. Bd. for P.R., No. 17-3283 (D.P.R. Aug. 11, 2017) (Docket Entry No. 1010). Section 1102(a)(2) provides that a Court may also appoint additional committees of creditors "if necessary to assure adequate representation of creditors." 11 U.S.C. § 1102(a)(2). Accordingly, the Bankruptcy Code vests the United States trustee in the first instance with non-exclusive authority to assess the necessity of appointing additional statutory committees. See 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1102.07 (16th ed. 2018) ("[A] party seeking the appointment of an additional committee should first request appointment from the United States trustee before seeking an order from the court. If a party has failed to do so, the court ought to refrain from ruling on any request until the United States trustee has considered the request and determined not to appoint the additional committee.").

Mr. Hein has not indicated that he has directed a request for appointment of an Official GO Bond Committee to the United States trustee. Accordingly, Mr. Hein's request is denied without prejudice to his ability to (1) direct his request for appointment of an Official GO Bond Committee to the United States Trustee and, thereafter, (2) to file a motion seeking Court appointment of an Official GO Bond Committee. Any future request for relief from the Court should be presented in a motion that conforms with PROMESA and the applicable rules.

SO ORDERED.

Dated: January 31, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge