**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,** | **PROMESA** <br> **Title III** |
| as representative of | **No. 17 BK 3283-LTS** |
| **THE COMMONWEALTH OF PUERTO RICO, et. al.** | **(Jointly Administered)** |
| DEBTOR | |

**RESPONSE TO PUERTO RICO SALES TAX FINANCING CORPORATION'S THIRTEENTH OMNIBUS OBJECTION TO (NON - SUBSTANTIVE) TO DUPLICATE BOND CLAIMS**

**CLAIM NO. 197**

**TO THE HONORABLE LAURA TAYLOR SWAIN:**

Creditor Margarita Guzmán de Vincenty ("Claimant"), answers The Puerto Rico Sales Tax Financing Corporation's ("COFINA") Thirteenth Omnibus Objection ("Non-Substantive) Objection To Duplicate Bond Claims as follows:

**I PRELIMINARY STATEMENT**

Claimant timely filed proof of claim number 197 in the COFINA Title III bankruptcy case. Nonetheless, Claimant was served with the Notice of Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims (Docket 4417),

Margarita Guzmán de Vincenty Claim No. 197                                     *Case No. 17BK3283-LTS*

in which her claim was objected on grounds that "Claimant asserts liabilities associated with municipal bond(s) issued by COFINA, which are duplicative of one or more master proof of claim filed by the trustee of these bond(s). Docket No. 4417-1 page 71. As it shall be more fully demonstrated below. Claimant's claim should be allowed as filed.

## II ARGUMENT

### COFINA'S Objection Fails to Submit the Necessary Rebuttal to the *Prima Facie* Validity or Legal Sufficiency of Claimants Claim

Under Section 502(a) of the Bankruptcy Code 11 U.S.C.A § 502(a), a proof of claim is deemed to be allowed unless objection. *In re Thompson,* 965 F.2d 1136, 1147 (1st Cir. 1992). Once the proof of claim is filed, the burden of proof shifts to the party who seeks to object its validity or sufficiency. In re *Virgina Broadband, LLC,* 521 B.R. 539, 561 (W.D. Va., 2014).

A proper objection must include sufficient evidence to refute the proof of claim's validity or legal sufficiency. See Fed.R.Bank. P. 300(d)(5); *In re La Fata,* 483 F. 3d 13, 23 (1st Cir. 2007); *In re Rowlands,* 2008 Bankr. Lexis 3958, at *11 (1st Cir. B.A.P., 2008). See also 4 *Collier on Bankruptcy* ¶502.02[3][f] (Lexis Nexis Electronic Database, last accessed on January 24th, 2019); Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stepan, *Bankruptcy Law Manual,* 5th., Vol. 1, §§ 6;6 and 6;10, p. 1107 and 1126 (Thomson Reuters, 2017-1); George M. Treister *et al, Fundamentals of Bankruptcy Law, 6th* Ed., §6.02, p. 311 (ALI ABA, 2006).

An Objection does not overcome the proof of claim's *prima facie* validity unless its counterevidence has substantial probative merit. *In re Hemingway Transport, Inc.,* 993 F.2d 915,925 (1st Cir. 1993); *In re Rowlands, 2008 Bankr. Lexis at* *10-11; *In re Tracey,* 394 B.R. 635, 639 (1st Cir. B.A.P., 2008). It is only after the objector's burden has been met, that the onus shifts back to claimant to prove her/his claim. *In re Newfound Lake Marine, Inc.,* 2007 BNH 35, at *5 (Bankr. N.H., 2007); *In re Mulvania,* 214 B.R. 1, 5-6 (9th Cir. B.A.P., 1997).

COFINA objected proof of Claim No. 197 due to allegedly being a duplicate of a Master Proof of Claim that was supposedly field on Claimant's

2

*Case No. 17BK3283-LTS*

Margarita Guzmán de Vincenty Claim No. 197

behalf. However, no entity ever contacted Claimant to advise or confirm that it would indeed file any Master Proof of Claim including her Claim. In fact, Claimant reviewed the case Docket multiple times prior to the claim bar date an could not identify any Master Proof of Claim that included COFINA bonds. So, filed her own proofs of claim. To this date, Claimant has not seen or been furnished with a copy of any Master Proof of Claim that includes her COFINA claims. Should one be furnished, and its contents be correct, then Claimant may be in position to withdraw proof of claim number 197.

As COFINA's objection fails to include the requisite counterevidence to overcome Claimant's proof of claim's *prima facie* validity and legal sufficiency, the Claim should be allowed as filed.

**WHEREFORE**, Claim No. 197 should be allowed as filed.

**CERTIFICATE OF SERVICE,** I HEREBY CERTIFY that on this same date a true and exact copy of this response was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to all attorneys registered in the system. I further certify that on this very same day, a true and exact copy of this response was served via First-Class Mail postage pre-paid to Hon. Laura Taylor Swain's Chambers, United States District Court for the Southern District of New York, Daniel P. Moyniham, Esq., United States Courthouse, 500 Pearl St., Suite 3312, New York, New York 1007-1312; Hon. Judge Judith Dein's Chambers Joseph Moakley United States Courthouse, One Courthouse Way, Room 6420, Boston MA 02210-3002; Counsel for the Oversight Board, Proskauer Rose, LLP, Eleven Times Square, New York, New York, 10036-8299, ATTn: Martin J. Bienenstock, Paul V. Possinger, Ehud Barajk and Maka Zerjal; and Counsel for the Unsecured Creditors' Committee, Paul Hastings, LLP, 200 Park Avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Wotrhington, and G. Alexander Bongartz.

Margarita Guzmán de Vincenty Claim No. 197

*Case No. 17BK3283-LTS*

San Juan, Puerto Rico, this 1st day of February 2019.

**S/CHARLES A. CUPRILL-HERNANDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.: (787)977-0515
Fax: (787)977-0518
E-Mail: ccuprill@cuprill.com

4