UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA),

    Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

------------------------------------------------------------x

**[Responding to Docket 4417 as well as Dockets 4846, 4894, 4953, 4956 and other COFINA plan support documents]**

**FURTHER RESPONSE AND OPPOSITION, OF INDIVIDUAL COFINA SUBORDINATE BONDHOLDER RESIDING IN THE 50 STATES WHO PURCHASED AT THE ORIGINAL OFFERING PRICES, TO COFINA'S THIRTEENTH OMNIBUS OBJECTION TO INDIVIDUAL CLAIM NO. 10701, AND IN FURTHER OPPOSITION TO CONFIRMATION OF PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA") PLAN**

January 31, 2019

## TABLE OF CONTENTS

I. OBJECTION ..................................................................................................................1

    1. Claim No. 10701 is not duplicative. ..................................................................1

    2. Violation of First Amendment right of public access. .......................................2

    3. Failure to give notice to bondholders. ................................................................3

    4. The First Circuit's January 30, 2019 Opinion in Altair. ....................................3

    5. Corrected text of January 16-17, 2019 hearing transcript. ................................4

II. REITERATION OF REQUEST FOR RE-SCHEDULING OF ANY IN-PERSON HEARING ON THE THIRTEENTH OMNIBUS OBJECTION TO CLAIM 10701 ...............4

CONCLUSION ............................................................................................................................4

**FURTHER RESPONSE AND OPPOSITION, OF INDIVIDUAL COFINA SUBORDINATE BONDHOLDER RESIDING IN THE 50 STATES WHO PURCHASED AT THE ORIGINAL OFFERING PRICES, TO COFINA'S THIRTEENTH OMNIBUS OBJECTION TO INDIVIDUAL CLAIM NO. 10701, AND IN FURTHER OPPOSITION TO CONFIRMATION OF PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA") PLAN**

## I. OBJECTION

I timely filed a response and opposition to COFINA's Omnibus Objection on December 28, 2018. See Docket 4585. Supplementing that response, I incorporate the objections and arguments previously made in my Objection (Docket 4585), Supplement (Docket 4595), Second Supplement (Docket 4673), and the Hein declaration and exhibits thereto (Docket 4606-3 *et seq.*); on the record of the January 16-17, 2019 hearing (see Exhibits 1 and 2 attached); and in Docket 4911 (responding to the revised proposed findings of fact and conclusion of law). I object to COFINA's Thirteenth Omnibus Objection, and to the Third Amended COFINA Title III Plan, in all material respects, on *inter alia* the grounds set forth in my previously filed papers and the previous argument.

Without limiting the foregoing, I wish to here highlight several points.

### 1. Claim No. 10701 is not duplicative.

COFINA's Thirteenth Omnibus Objection fails to comply with Rule 3007(d)(1). The only reason provided in the Omnibus Objection for denying my claim is the assertion that my claim No. 10701 is supposedly "duplicative of one or more master proofs of claim filed by the trustee of these bond(s)." (See Docket 4417-1 at page 60 of 72 (page 59 of 71 in lower right corner).) This is a conclusory, boiler plate assertion (to which I object) and is also not accurate. The Trustee has not submitted and asserted all of the claims made by me in claim No. 10701, which included all rights and claims under applicable law, including but not limited to the United States Constitution and the Puerto Rico Constitution, relating to the failure of the issuer, as well as the Puerto Rican and United States administrative, legislative, executive and judicial authorities to adhere to, and enforce the rule of law, including but not limited to all rights and claims to the return of monies paid by me as well as other rights and claims asserted in claim No. 10701. Furthermore, the Trustee has not asserted all of the claims, responses, and objections to confirmation, on behalf of purchasers in the original

offerings COFINA subordinated securities, including me, that are described in my previously filed papers at Docket 4585, 4595, 4673, 4606-3 *et seq.*; and at the January 16-17, 2019 hearing; and in Docket 4911. No notice has been provided to me in the Omnibus Objection of any purported grounds for Objection other than the incorrect assertion that my claim is "duplicative."

2. **Violation of First Amendment right of public access.**

The attempt to effectively bind bondholders in the 50 states who did not participate in the confidential mediation and settlement process is not only a violation of the due process rights of such persons (including me), but in addition use of a confidential mediation and settlement process to effectively resolve disputes or issues in lieu of legal rulings by this Court – which resolutions then get incorporated into a COFINA plan proposed to be so-ordered by this Court – violates the First Amendment rights of both the objectors and others to public access to court proceedings. *See, e.g., Delaware Coalition for Open Government, Inc. v. Strine*, 733 F.3d (3d Cir. 2013), where the Third Circuit – referencing U.S. Supreme Court jurisprudence – held the First Amendment right of access applied to business dispute arbitrations established by Delaware law and implemented by the Delaware Chancery Court. The rationales for this decision invoked by the Third Circuit are also applicable here:

> We have recognized that public access to judicial proceedings provides many benefits, including [1] promotion of informed discussion of governmental affairs by providing the public with the more complete understanding of the [proceeding]; [2] promotion of the public perception of fairness which can be achieved only by permitting full public view of the proceedings; [3] providing a significant community therapeutic value as an outlet for community concern, hostility and emotion; [4] serving as a check on corrupt practices by exposing the [proceeding] to public scrutiny; [5] enhancement of the performance of all involved; and [6] discouragement of [fraud]. *Id.* at 519.

If a confidential mediation and settlement process is to be folded into a Plan that is to be so ordered by this Court so as to bind persons who were not participants, that process is one that the First Amendment requires to have been public – but it was not.

3.  **Failure to give notice to bondholders.**

A yet additional reason that my Due Process rights have been violated here is that there was never actual advance notice sent to bondholders that so-called procedural orders or orders relating to a confidential mediation and settlement process could result in determinations that would then be used as the predicate for a mandatory plan, and thus become effectively binding upon nonparticipants. The only notice actually sent to bondholders not participating in that confidential mediation and settlement process was sent to nonparticipants only **after** the confidential mediation and settlement process was over and had become embedded into the COFINA Plan. This was a notice mailed to bondholders that arrived just prior to the Christmas and New Year's holidays. See, e.g., Docket 4585 at 27-28 of 43. No actual advance notice (i) about a plan to confidentially mediate and settle so as to effectively bind non-participants, or (ii) with respect to the adequacy of the proposed disclosure statement, was mailed to non-participating bondholders – not even to those non-participating bondholders who had submitted claims, and whose email addresses and mailing addresses were thus available to Plan proponents, who could have given actual notice before, rather than after, a confidential mediation and settlement process occurred, and before, rather than after, the Disclosure Statement was finalized, but did not.

4.  **The First Circuit's January 30, 2019 Opinion in Altair.**

The First Circuit's January 30, 2019 Opinion in *Altair Global Credit Opportunities Fund (A), LLC v. Financial Oversight and Management Board for Puerto Rico*, No. 18-1841 (1st Cir. Jan. 30, 2019) (Docket 5010) lends further support for the fact that the current (original) COFINA lien will be upheld — if only the merits were reached. On top of the other reasons why objecting bondholders cannot properly be bound by a Plan premised upon a confidential mediation and settlement process in which they did not participate, there is the additional reason that the impact of the First Circuit's Opinion on the validity of the current (original) COFINA lien must be factored in the question of whether the COFINA Plan violates the property rights, as well as the constitutional rights, of objecting COFINA bondholders. The First Circuit's opinion also underscores why the validity of the current (original) COFINA lien and bonds must be decided; a confidential mediation

-3-

and settlement process in which objecting bondholders did not participate cannot deprive them of the right to have a legal ruling upon the validity and legality of the current (original) COFINA lien and bonds before their contract, property and constitutional rights are affected by the COFINA plan.

### 5. Corrected text of January 16-17, 2019 hearing transcript.

I am annexing as Exhibits 1 and 2 the pages reflecting my statements at the January 16 and 17, 2019 hearings, on which I have corrected errors in the transcription.

## II. REITERATION OF REQUEST FOR RE-SCHEDULING OF ANY IN-PERSON HEARING ON THE THIRTEENTH OMNIBUS OBJECTION TO CLAIM 10701.

My previously submitted objection dated December 27, 2018 (Docket 4585 at 39-40 of 43) noted that the Thirteenth Omnibus Objection states that a hearing is scheduled for March 13, 2019. As noted in my prior Objection, I am committed to a trip out of the country with my son on March 4 to March 18, 2019 for which we have made travel arrangements, and I may not have workable access to my email or to the internet during portions of this trip.

I respectfully reiterate the request made in my December 27, 2018 Objection (Docket 4585) that any in-person hearing on the Omnibus Objection to my claim No. 10701 be scheduled for a date on or before March 1, 2019 or after March 19, 2019 and that I be permitted to participate from the New York courtroom (or otherwise participate remotely).

I served my original response to the Omnibus Objection in my December 27, 2018 Objection (well in advance of the February 1, 2019 deadline for responses) and raised this request for rescheduling any hearing on the objection to my claim in that December 27, 2018 filing in an effort to allow a hearing on my claim to occur either on or prior to March 1, 2019 or after March 19, 2019.

## CONCLUSION

The Court should (1) deny COFINA's Thirteenth Omnibus Objection to individual claim No. 10701 and (2) decline to confirm the proposed Plan.

As noted in Section II above, since I will be out of the country traveling with my son in the March 4, 2019 to March 18, 2019 time frame, I respectfully reiterate the request made in my

December 27, 2018 Objection that any hearing on the Omnibus Objection to my claim be rescheduled to be held on or before March 1, 2019 or after March 19, 2019.

Dated: January 31, 2019

Respectfully Submitted,

*(signature)*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com

## CERTIFICATE OF SERVICE

I have caused to be mailed a copy of this Further Response and Opposition, Of Individual COFINA Subordinate Bondholder Residing In The 50 States Who Purchased At The Original Offering Prices, To COFINA's Thirteenth Omnibus Objection To Individual Claim No. 10701, And In Further Opposition To Confirmation Of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, by first class mail to each of the parties or their attorneys on the attached service list.

Dated: January 31, 2019

_____
Peter C. Hein

Office of the United States Trustee for the District of Puerto Rico
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901
(re: In re: Commonwealth of Puerto Rico)

O'Neill & Borges LLC
250 Mutioz Rivera Ave.
Suite 800
San Juan, Puerto Rico 00918-1813
Attn: Hermann D. Bauer, Esq.

Marini Pietrantoni Muniz, LLC
MCS Plaza
255 Ponce de Leon Ave., Suite 500
San Juan, Puerto Rico 00901
Attn: Luis C. Marini-Biaggi, Esq.

Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901
Attn: Juan J. Casillas Ayala, Esq., and Alberto J.E. Arieses Negron Esq.

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
Attn: Catherine Steege, Esq., and Melissa Root, Esq.

Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005
Attn: Dennis Dunne, Esq., and Atara Miller, Esq.

Proskauer Rose LLP
11 Times Square
New York, NY 10036
Attn: Martin J. Bienenstock, Esq., Brian Rosen, Esq., Paul V. Possinger, Esq. Ehud Barak, Esq. and Maja Zeral, Esq.

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., and Diana M. Perez, Esq.

Paul Hastings LLP
200 Park Ave.
New York, NY 10166
Attn: Luc A. Despins, Esq., James Bliss, Esq., Andrew V. Tenzer, Esq., Michael E. Comerford, Esq., James Worthington, Esq. and G. Alexander Bongartz, Esq.

Jenner & Block LLP
919 Third Ave.
New York, NY 10022
Attn: Robert Gordon, Esq., and Richard Levin Esq.

Bennazar, Garcia & Milian, C.S.P.
Edificio Union Plaza
416 Ave. Ponce de Leon, PH-A
Hato Rey, Puerto Rico 00918
Attn: A.J. Bennazar-Zequeira, Esq.

Cadwalader, Wickersham & Taft
200 Liberty Street
New York, NY 10281
Attn: Mark Ellenberg Esq., Lary Stromfeld, Esq., Ivan Loncar, Esq., and Casey Servais, Esq.

3353623v3

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Marcia L. Goldstein, Esq., and Gabriel Morgan, Esq.

Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue
New York, NY 10010
Attn: Susheel Kirpalani, Esq., and Eric Kay, Esq.

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Thomas Moers Mayer, Esq., Amy Caton, Esq., and
Douglas Buckley, Esq.

McDermott, Will & Emery LLP
444 West Lake Street
Chicago, IL 60606
Attn: William P. Smith, Esq., David L. Taub, Esq., and
Alexandra C. Scheibe, Esq.

White & Case LLP
200 South Biscayne Boulevard
Miami, FL 33131
Attn: John K. Cunningham, Esq., and
Fernando de la Hoz, Esq.

Davis, Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Donald Bernstein, Esq., and Brian Resnick, Esq.

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019
Attn: Lawrence A. Larose, Esq., and Eric Daucher, Esq.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Ira S. Dizengoff, Esq., and Philip C. Dublin, Esq.

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attn: Sandy Qusba, Esq., and Nicholas Baker, Esq.

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Attn: Daniel A. Fliman, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Attn: Andrew N. Rosenberg, Esq.

3353623v3