UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION (COFINA),

    Debtor.

PROMESA
Title III

No. 17 BK 3284-LTS

------------------------------------------------------------x

ORDER DENYING MOTION OF ARTHUR SAMODOVITZ CONCERNING (1) REQUEST FOR
DOCUMENTS UNDER 11 U.S.C. § 107(A) AND (2) REQUEST TO DISQUALIFY VOTES OF
CONSUMMATION COST PARTIES AND OTHERS IN JANUARY 2019 VOTE ON PLAN OF ADJUSTMENT

The Court has received and reviewed the motion filed by Arthur Samodovitz (Docket Entry No. 5030 in Case No. 17-3283, the "Motion"). The Motion seeks two forms of

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

relief: First, it requests, pursuant to 11 U.S.C. § 107(a), certain documents concerning the tabulation of ballots cast on the Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation (the "COFINA Plan") and the payment of Consummation Costs (as defined in the COFINA Plan) pursuant to the COFINA Plan (the "Document Request"). Second, it seeks to disqualify the votes of certain holders of claims (the "Disqualification Request") who either (1) are Consummation Cost Parties (as defined in the COFINA Plan) or (2) were allegedly deceived by certain purportedly false and misleading statements in the COFINA Plan and associated documents.

For the reasons below, the Motion is denied in its entirety.

*1. Document Request*

The Document Request demands certain information pursuant to Section 107(a) of the Bankruptcy Code. Section 107(a) of the Bankruptcy Code, made applicable to the above-captioned Title III cases (the "Title III Cases") by Section 301(a) of PROMESA, 48 U.S.C. 2161(a), provides as follows:

> Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). Section 107 codifies "a broad right of public access, subject only to limited exceptions set forth in the statute, to all papers filed in a bankruptcy case." In re Gitto Glob. Corp., 422 F.3d 1, 7 (1st Cir. 2005). Section 107 therefore applies only to documents that are filed in a case or on a court docket. See In re Apex Oil Co., 101 B.R. 92, 98 (Bankr. E.D. Mo. 1989) ("The plain language of § 107 establishes standards only for those documents *which are filed with the court.* To the extent the Underlying Documents are not filed, they are not subject to the § 107(a) requirements."); In re Ionosphere Clubs, Inc., 156 B.R. 414, 433 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).

Accordingly, section 107(a) guarantees the public's access to documents filed with the Court; it does not provide a mechanism for discovery of documents that are not filed with the Court. The Court notes that certain documents filed in the Title III Cases provide information of the type requested in the Document Request. (See, e.g., Docket Entry Nos. 368, 504 in Case No. 17-3284.) Mr. Samodovitz and all other parties in interest and members of the public may access those documents and others filed in the Title III Cases via the PACER Case Locator website or the website maintained by the Title III Debtors' solicitation, notice, and claims agent, Prime Clerk LLC.

To the extent that the Document Request seeks information beyond that which was filed with the Court, section 107(a) does not provide a basis for requiring that such information be produced, and the Motion is denied on that basis. To the extent that it seeks information that has been filed on the docket, the Motion is denied as unnecessary, since ready access to the case filings is already available to Mr. Samodovitz through PACER and Prime Clerk.

*2. Disqualification Request*

The second form of relief sought in the Motion is the disqualification of votes that were allegedly not solicited or procured in good faith. Section 1126(e) of the Bankruptcy Code provides that, "[o]n request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title." 11 U.S.C. § 1126(e).[2]

The factual and legal allegations underlying the Disqualification Request represent, in essence, untimely objections to the disclosure statement and the COFINA Plan that have been approved in COFINA's Title III Case. See In re Bataa/Kierland, LLC, 476 B.R. 558, 562-63 (Bankr. D. Ariz. 2012) (denying, as untimely and moot, motion to designate vote filed after confirmation hearing). The allegations also lack a basis in fact and in law in light of the extensive record that was developed in support of approval of the disclosure statement and the COFINA Plan.

The first argument in the Motion in support of the Disqualification Request—that the Consummation Cost Parties were "paid to approve the [COFINA] Plan"—is contradicted by the factual record. See *Memorandum of Findings of Fact and Conclusions of Law in Connection with Confirmation of The Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* ¶¶ 70-75, Feb. 4, 2019 (Docket Entry No. 5047 in Case No. 17-3283, the "Confirmation Memorandum"). The findings of fact in the Court's Confirmation Memorandum demonstrate that the payment of Consummation Costs pursuant to the COFINA Plan is intended to compensate the Compensation Cost Parties for costs and expenses that they incurred and obligations that they assumed that ultimately allowed COFINA to achieve confirmation of the COFINA Plan. (Id.)

The second argument in the Motion in support of the Disqualification Request— that holders of COFINA bonds were "deceived by false and misleading statements" regarding their percentage recoveries under the COFINA Plan—ignores the effect of section 502(b)(2) of the Bankruptcy Code. Section 502(b)(2) provides, in relevant part, that any claim against debtors should be determined "as of the date of the filing of the petition" and be allowed "except to the extent that . . . such claim is for unmatured interest . . . ." 11 U.S.C. § 502(b)(2). Accordingly, as noted by the Court in its Confirmation Memorandum, the claims of holders of COFINA's bonds are valued "based solely on the outstanding principal amount and accrued interest and/or accreted capital appreciation" immediately prior to the commencement of COFINA's Title III Case, and the relative valuation of the "securities issued pursuant to the Plan

---

[2] "Designation" is the term used in the Bankruptcy Code for the disqualification of votes with respect to a plan. See 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1126.06 (16th ed. 2018).

appropriately do[es] not reflect the varying interest rates and maturities on the Existing Securities." (Confirmation Memorandum ¶ 144.)

    SO ORDERED.

Dated: February 5, 2019

                                                              /s/ Laura Taylor Swain
                                                              LAURA TAYLOR SWAIN
                                                              United States District Judge