UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>The Financial Oversight and Management Board For Puerto Rico,<br><br>as representative of<br><br>Puerto Rico Sales Tax Financing Corporation ("COFINA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**STIPULATION AND AGREED ORDER
REGARDING WITHDRAWAL OF PROOFS OF CLAIM OF
ADIRONDACK HOLDINGS I LLC AND ADIRONDACK HOLDINGS II LLC
(CLAIM NOS. 65865, 66874, 63065, 65640, 65811, 81621, 84421, 62810, AND 78625)**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The above-captioned debtors (the "Title III Debtors"), by and through the Financial Oversight and Management Board (the "Oversight Board"), on the one hand, and Adirondack Holdings I LLC and Adirondack Holdings II LLC (collectively, "Claimants"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

A. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth Title III Case").

B. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "COFINA Title III Case," and, together with the Commonwealth Title III Case, the "Title III Cases").

C. By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth and COFINA as debtors in each of their respective Title III Cases.

D. On June 1, 2017, the United States District Court for the District of Puerto Rico (the "Court") entered an order granting the joint administration of the Title III Cases, for procedural purposes only [Case No. 17-3283, ECF No. 242].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

E.  The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

F.  On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

G.  Claimants filed Proofs of Claim Nos. 65865, 66874 (the "COFINA Bond Claims"), asserting pre-petition claims against COFINA in respect of COFINA bonds that Claimants beneficially hold, and any other liabilities, losses, and obligations allegedly owing to Claimants pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended and restated on June 10, 2009 (as may be further amended and supplemented, the "COFINA Resolution").

H.  Claimants also filed Proofs of Claim Nos. 63065, 81621, 62810 (the "GO Bond Claims"), asserting claims against COFINA in respect of general obligation bonds issued by the Commonwealth that Claimants beneficially hold, and any other liabilities, losses, and obligations allegedly owing to Claimants to the extent of all revenues, cash, amounts, property, assets, claims or other interests of COFINA that are, or may be considered, "available resources" pursuant to Article VI, Section 8 of the Puerto Rico Constitution.

I.  Claimants also filed Proofs of Claim Nos. 65640, 65811, 84421, 78625 (the "PBA Bond Claims," and, together with the COFINA Bond Claims and the GO Bond Claims, the "Claims"), asserting claims against COFINA in respect of bonds issued by the Puerto Rico Public

3

Buildings Authority ("PBA") that Claimants beneficially hold, and any other liabilities, losses, and obligations allegedly owing to Claimants to the extent of all revenues, cash, amounts, property, assets, claims or other interests of COFINA that are, or may be considered, "available resources" pursuant to Article VI, Section 8 of the Puerto Rico Constitution.

J. The Bank of New York Mellon, as Trustee under the COFINA Resolution, also filed master proofs of claim against COFINA with respect to any and all amounts owing under the COFINA Resolution with respect to Existing Securities[3] (the "COFINA Trustee Bond Claims").

K. On October 19, 2018, the Oversight Board filed the *Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 4067] (the "9019 Motion"). Pursuant to the proposed settlement, the Commonwealth and COFINA have resolved the question of whether certain tax revenues that have been committed to COFINA constitute "available resources" of the Commonwealth.

L. The Oversight Board filed the COFINA POA on January 9, 2019, and the *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA DS") [Case No. 17-3283, ECF No. 4364] on November 26, 2018.

M. Section 2.1(d) of the COFINA POA provides that, "[s]olely for purposes of confirmation and consummation of the Plan, on the Effective Date, (i) Senior COFINA Bond Claims, Senior COFINA Bond Claims (Taxable Election), Senior COFINA Bond Claims (Ambac)

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA POA") [Case Nos. 17-3283, ECF No. 4658].

4

and Senior COFINA Bond Claims (National) shall be deemed allowed in the aggregate amount of $7,760,871,398.36" (collectively, the "Allowed Senior COFINA Bond Claims), and "(ii) Junior COFINA Bond Claims, Junior COFINA Bond Claims (Taxable Election) and Junior COFINA Bond Claims (Assured) shall be deemed allowed in the aggregate amount of $9,876,235,996.34" (collectively, the Allowed Junior COFINA Bond Claims"); "provided, however, that, in accordance with the solicitation procedures attendant to the Plan, the foregoing amounts shall be deemed allowed for voting purposes . . . ."  COFINA POA § 2.1(d).

N. On November 29, 2018, the Court entered an *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots and Election Notices, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting and Election Deadlines, and (VIII) Approving Vote Tabulation Procedures* (the "Solicitation Procedures Order") [Case No. 17-3283, ECF No. 4382], which, among other things, established procedures for beneficial holders of Allowed Senior COFINA Bond Claims and Allowed Junior COFINA Bond Claims regarding voting of claims to accept or reject the COFINA POA and making certain elections, if applicable, under the COFINA POA.

O. Commencing on December 4, 2018 and continuing periodically thereafter, the Oversight Board filed various objections to proofs of claims filed against COFINA, including the COFINA Bond Claims, the GO Bond Claims, and the PBA Bond Claims [Case No. 17-3283, ECF Nos. 4416, 4502] (the "Omnibus Objections").

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

5

**AGREEMENT**

1. Subject to the terms and provisions of paragraph 4 hereof, (a) the Claims are hereby withdrawn in their entirety; (b) the Title III Debtors' claims and noticing agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the COFINA claims register maintained in the COFINA Title III Case to reflect the withdrawal of the Claims; and (c) the Oversight Board's Omnibus Objections to the Claims are hereby withdrawn.

2. The withdrawal of the Claims, on the terms set forth herein, is without prejudice to any and all rights, claims and actions of Claimants under the COFINA POA or as against any non-Debtor entity.

3. Nothing herein shall impact any rights of Claimants to vote the Existing Securities that Claimants beneficially own in accordance with the Solicitation Procedures Order and to make elections, if applicable, with respect to any such Existing Securities under the COFINA POA.

4. Solely to the extent, and upon the earliest to occur, of (i) the Court entering an order denying confirmation of the COFINA POA, (ii) any court of competent jurisdiction reversing or vacating the order confirming the COFINA POA, or otherwise materially modifying the COFINA POA, (iii) the Effective Date (as defined in the COFINA POA) not occurring by June 1, 2019, (iv) the termination of the Plan Support Agreement (as defined in the COFINA POA), (v) the Court entering an order denying the 9019 Motion, or (vi) any court of competent jurisdiction reversing or vacating the order granting the 9019 Motion, the following shall occur: (a) Claimants shall, within twenty (20) days of the earliest of such occurrence, file a notice on the docket of the COFINA Title III Case reinstating the Claims, (b) the claims agent shall restore the Claims to the claims register maintained in the COFINA Title III Case without further order of this Court or notice to or consent

6

of any other person, and (c) the parties hereto shall be restored to the *status quo ante* as if this Stipulation had not been entered into or approved and withdrawal of any such claims shall be deemed *void ab initio*.

5. In the event that the Claims are reinstated, the rights of COFINA and the Oversight Board to object to the Claims on any ground whatsoever shall not be prejudiced or limited by this Stipulation.

6. The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation. Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

8. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

**STIPULATED AND AGREED TO BY:**

| **PROSKAUER ROSE LLP** | **STROOCK & STROOCK & LAVAN LLP** |
|---|---|
| /s/ *Martin J. Bienenstock* | /s/ *Frank Merola* |
| Martin J. Bienenstock (pro hac vice) | Frank Merola (pro hac vice forthcoming) |
| Brian S. Rosen (pro hac vice) | 180 Maiden Lane |
| Jeffrey W. Levitan (pro hac vice) | New York, NY 10038 |

| | |
|---|---|
| Eleven Times Square | Tel: (212) 806-5400 |
| New York, NY 10036 | Fax: (212) 806-6006 |
| Tel: (212) 969-3000 | Email: fmerola@stroock.com |
| Fax: (212) 969-2900 | |

| | |
|---|---|
| **O'NEILL & BORGES LLC** | **CÓRDOVA & DICK, LLC** |
| /s/ *Hermann D. Bauer* | /s/ *Brian M. Dick Biascoechea* |
| Hermann D. Bauer | Brian M. Dick Biascoechea |
| USDC No. 215205 | #430 Calle 12 de Octubre |
| Carla García Benítez | Urb. El Vedado |
| USDC No. 203708 | San Juan, PR 00918 |
| 250 Muñoz Rivera Ave., Suite 800 | P.O. Box 194021 |
| San Juan, PR 00918-1813 | San Juan, PR 00919-4021 |
| Tel: (787) 764-8181 | Tel: (787) 452-6425 |
| Fax: (787) 753-8944 | Email: bmd@bmdcounselors.com |
| | |
| *Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth* | *Attorneys for Claimants* |

SO ORDERED.

Dated: February 5, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

8