IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>      Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS<br><br>This filing relates to COFINA only |

**URGENT MOTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, FOR (I) EXPEDITED CONSIDERATION OF THE MOTION OF WHITEBOX MULTI-STRATEGY PARTNERS, L.P. AND CERTAIN OF ITS AFFILIATES FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING THE CROSS-EXAMINATION OF CERTAIN WITNESSES OR, ALTERNATIVELY, (II) CLARIFICATION THAT BNYM IS ENTITLED TO WITHHOLD WHITEBOX'S <u>DISTRIBUTIONS PENDING A DETERMINATION OF THE 19.5 DISPUTE</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

The Bank of New York Mellon ("BNYM"), as trustee under the Amended and Restated Sales Tax Revenue Bond Resolution (as amended and supplemented, the "Resolution"), adopted on July 13, 2007, by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), through its undersigned counsel, hereby files this urgent motion (the "Urgent Motion") requesting the entry of an order (a) substantially in the form attached hereto as **Exhibit A** (the "Proposed Objection Deadline Order"), setting a deadline to object to this Urgent Motion on or before 6:00 p.m. (AST) on February 6, 2019, and (b) substantially in the form attached hereto as **Exhibit B** (the "Proposed Procedures Order"), granting expedited consideration of the *Motion of Whitebox Multi-Strategy Partners, L.P. and Certain of its Affiliates for Reconsideration of the Court's Order Precluding the Cross-Examination of Certain Witnesses* [Doc. Nos. 4964-66] (the "Reconsideration Motion"), filed on January 29, 2019, or, alternatively, clarifying that BNYM is entitled to withhold distributions to Whitebox pending a determination of the 19.5 Dispute (as defined herein) and compelling Whitebox's prompt cooperation to effectuate such holdback.[2] In support of this Urgent Motion, BNYM respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction pursuant to section 306(a) of PROMESA.[3]

2. Venue is proper pursuant to section 307(a) of PROMESA.

3. The statutory basis for the relief requested herein is section 105(a) of the Bankruptcy Code. The relief requested herein is warranted under Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these title III

---

[2] Capitalized terms used but not defined in this Urgent Motion have the meanings given in the *Third Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [Doc. No. 4652] (the "Plan"). All docket numbers cited in this Urgent Motion refer to Case No. 17 BK 3283-LTS, unless otherwise specified.

[3] References to PROMESA are references to 48 U.S.C. § 2101 *et seq.*

proceedings by sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *Eighth Amended Notice, Case Management and Administrative Procedures* [Doc. No. 4866-1] (the "Case Management Procedures").

## BACKGROUND

4. Section 19.5 of the Plan provides that the Court shall determine at the Confirmation Hearing:

> (a) what amount, if any, shall be either (i) withheld by the Disbursing Agent or BNYM as trustee for the Existing Securities or (ii) posted by Ambac and Whitebox as collateral for the reimbursement of fees and expenses which may be incurred by BNYM in connection with the defense of the Ambac Action and the Whitebox Actions, and (b) whether BNYM shall be reimbursed by Ambac and Whitebox for the incurrence of any such fees and expenses from either the holdback amount or collateral posted and referred to in the preceding subsection (a) on a current basis or upon entry of a Final Order in connection with the Ambac Action and the Whitebox Actions, in each case, such determination and the fulfillment of any obligations of Ambac and Whitebox as a result thereof shall satisfy in full any obligations of COFINA and any rights of BNYM under the Bond Resolution and applicable law with regard to the payment of BNYM's fees and expenses and indemnification arising from or relating to the Ambac Action or the Whitebox Actions.

Plan § 19.5. The dispute recognized in section 19.5 of the Plan shall be referred to hereinafter as the "19.5 Dispute."

5. The 19.5 Dispute has been fully briefed by the parties, and the Court heard argument in connection with the 19.5 Dispute on January 17, 2019.[4] During the hearing regarding the 19.5 Dispute, the Court sustained BNYM's objection to Whitebox's cross-examination of BNYM's witnesses and took the 19.5 Dispute under submission.

---

[4] BNYM and Ambac informed the Court at the outset of the hearing on the 19.5 Dispute that those parties had reached an agreement-in-principle to resolve the 19.5 Dispute solely as between them.

6. Through the Reconsideration Motion filed on January 29, 2019, made nearly two weeks after the hearing, Whitebox seeks reconsideration of the Court's mid-hearing ruling sustaining BNYM's objection to the cross-examination by Whitebox of BNYM's witnesses and entry of an order reopening the record. Whitebox set the deadline to object to the Reconsideration Motion as February 26, 2019, and scheduled a hearing to consider the Reconsideration Motion on March 13, 2019.

7. On February 5, 2019, the Court entered the *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Doc. No. 5055] (the "Confirmation Order").

8. BNYM has been informed by counsel to COFINA and its agent, Prime Clerk LLC ("Prime Clerk"), that the Effective Date is anticipated to occur on February 12, 2019, and that BNYM will be instructed to make distributions pursuant to section 19.5 of the Plan on that date. BNYM also has been informed by counsel to COFINA and Prime Clerk that, unless the Court issues its decision on the 19.5 Dispute on or before the morning of February 8, 2019, a holdback from Whitebox's distribution on February 12, 2019, will not be feasible. Such lead time to effectuate a holdback is required to identify and isolate Whitebox's positions through The Depository Trust Company ("DTC") so that other beneficial holders are not affected. Whitebox's prompt cooperation is necessary to complete this process.

**RELIEF REQUESTED**

9. By this Urgent Motion, BNYM respectfully requests (a) entry of the Proposed Objection Deadline Order setting a deadline to object to this Urgent Motion on or before 6:00 p.m. (AST) on February 6, 2019, and (b) entry of the Proposed Procedures Order (i) setting 12:00 p.m. (AST) on February 7, 2019 (the "Objection Deadline"), as the deadline to

- 4 -

file objections or responses to the Reconsideration Motion, (ii) confirming that no reply briefs may be submitted, and (iii) taking the Reconsideration Motion under submission, without hearing, upon the expiration of the Objection Deadline.  BNYM also respectfully requests that the Court enter orders determining the 19.5 Dispute and the Reconsideration Motion on or before the morning of February 8, 2019, so that such orders have a reasonable chance of being effectuated on the anticipated Effective Date of February 12, 2019, or, alternatively, clarification that the Plan and the Confirmation Order authorize BNYM to withhold Whitebox's distributions pending a final determination of the 19.5 Dispute.[5]

**BASIS FOR REQUESTED RELIEF**

10. COFINA and Prime Clerk have advised BNYM that the Effective Date may occur, and distributions to beneficial holders of the Bonds may be required, as early as February 12, 2019.  BNYM is obligated to deliver such distributions subject to applicable provisions of the Plan and the Confirmation Order.

11. Under section 19.1(a) of the Plan, distributions to beneficial holders of the Bonds are "subject to the terms and provisions of Section 19.5 [of the Plan] regarding distributions to Ambac and Whitebox on account of the pendency of the Ambac Action and the Whitebox Actions, respectively." Plan § 19.1.  In turn, section 19.5 of the Plan provides that the Court shall determine the 19.5 Dispute at the Confirmation Hearing, including the form and amount of collateral withheld from or posted by Whitebox.  See Plan § 19.5.

12. The Confirmation Order confirms that distributions under the Plan are "subject in all respects to the Court's determination at the Confirmation Hearing of BNYM's rights pursuant to Section 19.5 of the Plan with regard to payment of BNYM's fees and expenses

---

[5] BNYM alerted Whitebox of BNYM's intent to seek such relief last evening.

and indemnification from arising or relating to the Ambac Action and the Whitebox Actions." Confirmation Order ¶ 18.

13. These provisions of the Plan and the Confirmation Order collectively authorize BNYM to withhold distributions to Whitebox pending this Court's determination of the 19.5 Dispute. BNYM understands, however, that Whitebox may dispute the effect of the Plan and the Confirmation Order, and BNYM is unable to effectuate such holdback without Whitebox's prompt cooperation to identify and isolate its position through DTC.

14. Because BNYM may be required to make distributions under the Plan on February 12, 2019, the Reconsideration Motion is not scheduled to be heard until March 13, 2019, and Whitebox has not indicated that it would cooperate voluntarily to effectuate a holdback pending a final determination of the 19.5 Dispute, BNYM proposes through this Urgent Motion alternative forms of relief to ensure that it ultimately receives the benefit of any decision on the 19.5 Dispute. BNYM seeks to accelerate opposition briefing on the Reconsideration Motion such that the Court may be in position to issue its decision on the Reconsideration Motion and the 19.5 Dispute on or before the morning of February 8, 2019 (after which a holdback will not be feasible). Alternatively, BNYM seeks clarification that the Plan and the Confirmation Order authorize BNYM to withhold Whitebox's distributions pending a final determination of the 19.5 Dispute. In either case, BNYM requires prompt cooperation of Whitebox to effectuate any holdback.

15. Expedited consideration of the Reconsideration Motion is warranted under Bankruptcy Rule 9006(c)(1). This rule provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced." Further, Local Rule 9013-1(a) allows a party to request that a court "consider a motion on an expedited basis."

16. Cause exists to consider the Reconsideration Motion on an expedited basis. Specifically, expedited consideration of the Reconsideration Motion is necessary so that the Reconsideration Motion and the 19.5 Dispute may be decided prior to any obligation of BNYM to deliver distributions under the Plan, after which BNYM would have no ability to effectuate any holdback under section 19.5 of the Plan.

17. Shortening the period to respond to the Reconsideration Motion would not prejudice any party-in-interest. The primary (if not the only) party affected by the shortened response deadline is BNYM, and BNYM is prepared to file its opposition brief within the shortened time. Other parties that may have a stake in the outcome of the Reconsideration Motion likewise have an interest in an expedited decision to ensure that the pendency of the Reconsideration Motion does not have any impact on the occurrence of the Effective Date.

18. In order to expedite consideration of the Reconsideration Motion, the Court should confirm that no reply briefs may be submitted and take the Reconsideration Motion under submission, without hearing, upon the expiration of the Objection Deadline. First, the notice of hearing of the Reconsideration Motion does not provide for filing any replies. Second, Rule 7(c) of the Local Rules of the United States District of Puerto Rico permits replies only with prior leave of the Court. Third, BNYM submits that neither a written reply nor a hearing would materially advance the Court's understanding of the issues raised by the Reconsideration Motion, which does not present any complex issues of law or fact. Accordingly, denying leave for a reply and taking the motion on submission is justified.

19. If the Court is not inclined to expedite determination of the Reconsideration Motion, such that the Reconsideration Motion and the 19.5 Dispute may be determined on or prior to the morning of February 8, 2019, the Court alternatively may clarify

that sections 19.1 and 19.5 of the Plan and paragraph 18 of the Confirmation Order make distributions to Whitebox subject to a determination of the 19.5 Dispute and, as a result, BNYM may withhold Whitebox's distributions pending such determination. This clarification would affect Whitebox only; it would ensure that the Effective Date proceeds without disruption; and it would maintain the status quo and protect BNYM from dissipation of funds pending a final determination of the 19.5 Dispute. Whitebox should not be heard to complain since any delay would be due to its decisions to delay filing the Reconsideration Motion and to set the Reconsideration Motion for hearing long after the anticipated Effective Date. Accordingly, an order clarifying that BNYM is entitled to withhold distributions from Whitebox pending determination of the 19.5 Dispute is warranted.

20. If the Court is inclined to grant the alternative relief, the holdback still may not be feasible despite parties' best efforts as a result of the compressed timeframe. In the event a holdback is not feasible for any reason or has not occurred on or before the date that distributions are made pursuant to section 19.5 of the Plan, Whitebox should be compelled to post cash collateral with BNYM following the Effective Date, which would be held pending a final determination of the 19.5 Dispute.

21. Absent the alternative relief requested in this Urgent Motion, Whitebox may take advantage of its deliberate delay in moving for reconsideration in order to undercut the Plan and the Confirmation Order and deny BNYM the benefit of both. The alternative relief is necessary to preserve BNYM's rights under section 19.5 of the Plan.

22. Pursuant to Section I.H. of the *Case Management Procedures*, the undersigned counsel certifies that it has engaged in reasonable, good-faith communications with counsel to Whitebox. BNYM contacted Whitebox by email on the evening of February 5, 2019,

shortly after a final decision was made to proceed with this Urgent Motion, to inform Whitebox of the relief that would be requested, to ask for Whitebox's consent, and to offer to confer by telephone in the morning. Whitebox acknowledged receipt of the email, but explained that lead counsel had other commitments this morning. BNYM responded this morning by explaining that, given the compressed timeframe for briefing the Urgent Motion and the Reconsideration Motion, which is compelled by the anticipated Effective Date of February 12, 2019, BNYM is compelled to file the Urgent Motion this morning and offered to confer with any other counsel for Whitebox that might be available this morning. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), the undersigned counsel certifies that counsel has carefully examined the matter and concluded that there is a true need for an urgent hearing, and that the movant has not created the urgency through lack of due diligence on its part. The undersigned further certifies that movant made a bona fide and good faith effort to resolve the matter without a motion.

## **NO PRIOR REQUEST**

23. No previous request for the relief sought herein has been made by BNYM to this or any other court.

WHEREFORE, BNYM respectfully requests (a) entry of the Proposed Objection Deadline Order setting a deadline to object to this Urgent Motion on or before 6:00 p.m. (AST) on February 6, 2019, and (b) entry of the Proposed Procedures Order (i) setting 12:00 p.m. (AST) on February 7, 2019, as the deadline to file objections or responses to the Reconsideration Motion, (ii) confirming that no reply briefs may be submitted, and (iii) taking the Reconsideration Motion upon submission, without hearing, upon the expiration of the Objection Deadline, or (c) alternatively, entry of an order clarifying that the Plan and the Confirmation

Order authorize BNYM to withhold Whitebox's distributions pending a final determination of the 19.5 Dispute and compelling Whitebox's prompt cooperation to effectuate such holdback.

Dated: February 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

| SEPULVADO, MALDONADO & COURET | REED SMITH LLP |
|---|---|
| */s/ Albéniz Couret-Fuentes* | */s/ Eric A. Schaffer* |
| Elaine Maldonado-Matías | Eric A. Schaffer |
| USDC-PR Bar No. 217309 | Luke A. Sizemore |
| Albéniz Couret-Fuentes | 225 Fifth Avenue, Suite 1200 |
| USDC-PR Bar No. 222207 | Pittsburgh, PA 15222 |
| José Javier Santos Mimoso | Telephone: (412) 288-3131 |
| USDC-PR Bar No. 208207 | Facsimile : (412) 288-3063 |
| 304 Ponce de León Ave. – Suite 990 | Email : eschaffer@reedsmith.com |
| San Juan, PR 00918 | Email : lsizemore@reedsmith.com |
| Telephone: (787) 765-5656 | |
| Facsimile: (787) 294-0073 | Louis M. Solomon |
| Email: emaldonado@smclawpr.com | C. Neil Gray |
| Email: acouret@smclawpr.com | 599 Lexington Avenue |
| Email: jsantos@smclawpr.com | New York, NY 10022 |
| | Telephone: (212) 521-5400 |
| | Facsimile: (212) 521-5450 |
| | Email: lsolomon@reedsmith.com |
| | Email: cgray@reedsmith.com |
| | |
| | Kurt F. Gwynne |
| | 1201 N. Market Street, Suite 1500 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 778-7550 |
| | Facsimile: (302) 778-7575 |
| | Email: kgwynne@reedsmith.com |

*Counsel to The Bank of New York Mellon,
as indenture trustee*

# EXHIBIT A

<u>Proposed Objection Deadline Order</u>

(Attached)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>     Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS<br><br>This filing relates to COFINA only |

**ORDER SETTING OBJECTION DEADLINE REGARDING URGENT MOTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, FOR (I) EXPEDITED CONSIDERATION OF THE MOTION OF WHITEBOX MULTI-STRATEGY PARTNERS, L.P. AND CERTAIN OF ITS AFFILIATES FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING THE CROSS-EXAMINATION OF CERTAIN WITNESSES OR, ALTERNATIVELY, (II) CLARIFICATION THAT BNYM IS**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

- 2 -

**ENTITLED TO WITHHOLD WHITEBOX'S DISTRIBUTIONS PENDING A
DETERMINATION OF THE 19.5 DISPUTE**

Upon consideration of the *Urgent Motion of The Bank of New York Mellon, as Trustee, for (I) Expedited Consideration of the Motion of Whitebox Multi-Strategy Partners, L.P. and Certain of its Affiliates for Reconsideration of the Court's Order Precluding the Cross-Examination of Certain Witnesses or, Alternatively, (II) Clarification that BNYM is Entitled to Withhold Whitebox's Distributions Pending a Determination of the 19.5 Dispute* (the "Urgent Motion"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT any response or objection to the Urgent Motion must be filed and served in accordance with the *Eighth Amended Notice, Case Management and Administrative Procedures* [Doc. No. 4866-1] so as to be received no later than **6:00 p.m. (AST) on February 6, 2019**.

Dated: February ___, 2019
       San Juan, Puerto Rico

                                                                                              LAURA TAYLOR SWAIN
                                                                                              United States District Judge

# EXHIBIT B

Proposed Procedures Order

(Attached)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>  Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS<br><br>This filing relates to COFINA only |

**ORDER GRANTING URGENT MOTION OF THE BANK OF NEW YORK MELLON, AS TRUSTEE, FOR (I) EXPEDITED CONSIDERATION OF THE MOTION OF WHITEBOX MULTI-STRATEGY PARTNERS, L.P. AND CERTAIN OF ITS AFFILIATES FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING THE CROSS-EXAMINATION OF CERTAIN WITNESSES OR, ALTERNATIVELY, (II) CLARIFICATION THAT BNYM IS ENTITLED TO WITHHOLD WHITEBOX'S <u>DISTRIBUTIONS PENDING A DETERMINATION OF THE 19.5 DISPUTE</u>**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Urgent Motion of The Bank of New York Mellon, as Trustee, for (I) Expedited Consideration of the Motion of Whitebox Multi-Strategy Partners, L.P. and Certain of its Affiliates for Reconsideration of the Court's Order Precluding the Cross-Examination of Certain Witnesses or, Alternatively, (II) Clarification that BNYM is Entitled to Withhold Whitebox's Distributions Pending a Determination of the 19.5 Dispute* (the "Urgent Motion"),[2] and upon the Court's consideration of any responses and oppositions thereto, and the Court finding that: (i) the court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) cause exists to shorten the notice period as requested in the Urgent Motion; and (iv) due and proper notice of the Urgent Motion has been provided under the particular circumstances and no other or further notice need be provided; and for good and reasonable cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Urgent Motion is GRANTED as set forth herein.

2. Objections or responses, if any, to the Reconsideration Motion must be filed and served (in accordance with the Case Management Procedures) so as to be received no later than **12:00 p.m. (Atlantic Standard Time) on February 7, 2019** (the "Objection Deadline").

3. The Court will not accept replies to any objections or responses to the Reconsideration Motion.

4. The Reconsideration Motion will be deemed fully briefed and taken on submission, without hearing, upon expiration of the Objection Deadline.

---

[2] Capitalized terms used but not defined in this Order have the meanings given in the Urgent Motion.

- 2 -

5. [BNYM is authorized and directed to withhold the amount of $32,500,000.00 from distributions to be made to or for the benefit of Whitebox under the Plan pending a final determination of the 19.5 Dispute.]

6. [COFINA, the Oversight Board, BNYM, Whitebox, and The Depository Trust Company shall take such actions as may be necessary to implement or effectuate the terms of this Order, including, without limitation, creation of the reserve solely from funds that otherwise would be distributed to Whitebox under the Plan.]

7. [If a holdback pursuant to paragraph [5] of this Order is not feasible for any reason or has not occurred on or before the date that distributions are made pursuant to section 19.5 of the Plan, Whitebox shall post cash collateral with BNYM in an amount equal to $32,500,000.00 within ten (10) days of the Effective Date pending a final determination of the 19.5 Dispute.]

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction over any disputes relating to the interpretation or implementation of this Order.

Dated: February \_\_\_, 2019
      San Juan, Puerto Rico

                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge