# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re* | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |
| *In re* | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3284-LTS |
| PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"), | |
| Debtor. | |

*Caption Continued on Following Page*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are (i) The Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION; WHITEBOX MULTI-STRATEGY PARTNERS, L.P.; WHITEBOX ASYMMETRIC PARTNERS, L.P.; WHITEBOX INSTITUTIONAL PARTNERS, L.P.; PANDORA SELECT PARTNERS, L.P.; AMBAC ASSURANCE CORPORATION; FRANKLIN ADVISERS, INC., and CEDE & CO., as nominee for The Depository Trust Company,<br><br>Defendants. | Adv. Pro. No. 17-00133-LTS |

**REPLY OF WHITEBOX MULTI-STRATEGY PARTNERS, L.P. AND CERTAIN OF ITS AFFILIATES IN FURTHER SUPPORT OF MOTION SEEKING RECONSIDERATION OF THE COURT'S ORDER PRECLUDING <u>THE CROSS-EXAMINATION OF CERTAIN WITNESSES</u>**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

REPLY .................................................................................................................................................. 3

I. THE INTERESTS OF JUSTICE WARRANT RECONSIDERATION ............................ 3

    A. Whitebox Reasonably Believed That Its Disclosure Concerning Cross-Examination Of The Declarants Was Timely And Sufficient ................................ 4

    B. Precluding Cross-Examination Is A Serious And Unwarranted Penalty ................ 6

    C. BNYM Did Not And Will Not Suffer Any Cognizable Prejudice From Allowing Whitebox To Cross-Examine The Declarants ........................................ 8

II. THE BALANCE OF BNYM'S ARGUMENTS HAVE NO MERIT ............................... 9

    A. Whitebox Did Not "Waive" Its Right To Cross-Examine The Declarants .............................................................................................................. 9

    B. The Standard For Reopening The Record Is Inapplicable ................................... 10

    C. Even If It Were Applicable, The Standard For Reopening The Record Is More Than Satisfied ........................................................................................ 10

CONCLUSION ................................................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Brennan*,
   911 F.3d 1 (1st Cir. 2018)................................................................................................9, 10

*Barreto v. Citibank, N.A.*,
   907 F.2d 15 (1st Cir. 1990).....................................................................................................3

*Daubert v. Merrell Dow Pharm. Inc.*,
   509 U.S. 579 (1993)................................................................................................................6

*John Simmons Co. v. Grier Bros. Co.*,
   258 U.S. 82 (1922)..................................................................................................................8

*Estate of Keatinge v. Biddle*,
   316 F.3d 7 (1st Cir. 2002).......................................................................................................9

*N. Heel Corp. v. Compo Indus., Inc.*,
   851 F.2d 456 (1st Cir. 1988)...................................................................................................3

*Pérez-Ruiz v. Crespo-Guillén*,
   25 F.3d 40 (1st Cir. 1994).......................................................................................................8

*Tower Ventures, Inc. v. City of Westfield*,
   296 F.3d 43 (1st Cir. 2002).....................................................................................................3

*United States v. Caribe-Garcia*,
   125 F. Supp. 2d 19 (D.P.R. 2000), *aff'd in pertinent part sub nom. United
   States v. Nelson-Rodriguez*, 319 F.3d 12 (1st Cir. 2003)............................................................6

*United States v. Carpenter*,
   494 F.3d 13 (1st Cir. 2007).....................................................................................................9

*United States v. Roberts*,
   978 F.2d 17 (1st Cir. 1992)........................................................................................1, 2, 3, 6, 9

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 16(f)......................................................................................................................3

Fed. R. Civ. P. 37(b) .....................................................................................................................3

FRE 103(a)(2) ...................................................................................................................................9

Local Civ. R. 16(g) ..........................................................................................................................3

To the Honorable United States District Judge Laura Taylor Swain:

Whitebox Multi-Strategy Partners, L.P. and certain of its affiliates (collectively, "Whitebox"), respectfully submit this reply to the objection of The Bank of New York Mellon, as Trustee [Dkt. No. 5066, Case No. 17-03283] (respectively, the "Objection" and "BNYM") to Whitebox's *Motion for Reconsideration of the Court's Order Precluding the Cross-Examination of Certain Witnesses* [Dkt. No. 4964, Case No. 17-03283] (the "Reconsideration Motion").[2]

## PRELIMINARY STATEMENT

As Whitebox has shown, the *Roberts* factors individually and collectively militate in favor of granting reconsideration of the Court's decision to preclude Whitebox from cross-examining BNYM's experts based on an illusory—and, in any event, unintentional, *de minimis* and harmless—procedural misstep. Specifically, the following factors militate in favor of granting reconsideration:

- The seriousness of the penalty suffered by Whitebox (Reconsideration Motion at ¶ 15);

- The minimal purported tardiness of Whitebox's formal disclosure of its intent to cross-examine the Declarants at the Hearing (*id.* at ¶ 16);

- The understandable reasons for any misunderstanding concerning the timing and content of Whitebox's disclosures (*id.* at ¶¶ 17, 22);

- The fact that Whitebox's purported tardiness was not willful (*id.* at ¶ 18);

- The fact that BNYM would not have suffered any prejudice if Whitebox had been permitted to cross-examine the Declarants at the Hearing and will not suffer any prejudice if it is permitted to do so now (*id.* at ¶ 19);

- The limited burden on judicial resources that would be entailed in permitting Whitebox to cross-examine the Declarants at one of the regularly scheduled omnibus hearings (*id.* at ¶ 20); and

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Reconsideration Motion.

- The benefit the Court would derive from hearing the Declarants defend their opinions (*id.* at ¶ 21).

In opposition, BNYM does not grapple in any meaningful way with the *Roberts* factors, let alone explain why they purportedly support denying of the Reconsideration Motion. *See* Objection at 14. Instead, BNYM attempts to obfuscate the applicable interest-of-justice standard and analysis by citing inapposite authority concerning inapplicable standards.[3] Moreover, BNYM attempts to inflame the Court by repeatedly making the serious and baseless accusation that Whitebox "knowingly disregarded this Court's orders." *Id.* at 1.[4] That is simply not true. Glenn Decl. ¶¶ 6-8. Whitebox filed its Amended Informative Motion on the same day BNYM first submitted the Declarations as evidentiary material (as did Ambac). *Id*. Stripped to its essentials, BNYM's attempt the address the governing standard amounts to nothing more than the bare—and incorrect—assertion that "Whitebox has not attempted to show a "likelihood of success." *Id*. at 14. That assertion—in a two-sentence "section" of the Opposition—is the sum total of BNYM's minimal attempt to address the *Roberts* factors. BNYM thus falls far short of rebutting Whitebox's showing that the interests of justice militate in favor of granting the Motion For Reconsideration.

Whatever legal standard is applied, the practical reality is that the Procedural Order was "designed to give appropriate notice to any party whose witnesses were to be cross-examined." Jan. 17, 2019 Hearing Tr. at 166:1-6. No matter how much BNYM twists the procedural history, or how many baseless aspersions it casts, BNYM cannot obscure—and does not deny—that

---

[3] *See* Opposition at 9-10 (Court did not "abus[e] its discretion") (Court authorized to "sanction the disregard of its orders"); *id*. at 12 (citing "standard for reopening a record").

[4] Tellingly, BNYM does not back up a single one of its inflammatory assertions with a citation to the record. *See, e.g.,* Opposition at at 2 ("Whitebox deliberately ignored each and every one of those orders" [no record cite]); *id*. at 3 ("Whitebox disregarded the orders" [no record cite]); *id*. at 10 ("Whitebox ignored clear court orders" [no record cite]).

BNMY **in fact** had actual, ample notice that its experts would be cross-examined at the Hearing, as suggested by the fact that the Agenda filed by the Debtor stated that Whitebox would be afforded 30 minutes to do so, and confirmed by the fact that BNYM's experts were present at the Hearing and ready to be examined. Moreover, BNMY **in fact** had actual, ample notice concerning the subject matter of the anticipated cross-examinations because Whitebox had deposed BNYM's experts concerning the content of their Declarations only the week before—a fact the attorney who interposed BNYM's eleventh-hour objection to any cross-examination by Whitebox indisputably knew because he personally defended BNYM's experts at those depositions. Thus, if anyone played fast and loose with the procedural requirements to gain an unfair substantive advantage, it is BNYM, not Whitebox.

Accordingly, Whitebox respectfully requests that the Court reconsider its order precluding Whitebox from cross-examining BNYM's putative experts and permit Whitebox to do so before adjudicating the 19.5 Dispute.

## REPLY

### I. THE INTERESTS OF JUSTICE WARRANT RECONSIDERATION

1. In opposition to the Reconsideration Motion, BNYM all but fails to address the standard that the First Circuit has held and reiterated governs motions for reconsideration: the interests-of-justice standard. *United States v. Roberts*, 978 F.2d 17 (1st Cir. 1992). Instead, BNYM attempts to jam the analysis into a hodge-podge of inapplicable standards for the apparent purpose of masking what Whitebox systematically established: the interests of justice warrant reconsideration.

2. For example, BNYM makes the non-controversial observation that a variety of trial court orders will not be reversed on appeal absent an abuse of discretion. Objection at 9-10 (citing *N. Heel Corp. v. Compo Indus., Inc.*, 851 F.2d 456, 468 (1st Cir. 1988); *Barreto v.*

- 3 -

*Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir. 1990); 11 U.S.C. § 105(a); Fed. R. Civ. P. Rules 16(f) and 37(b); Local Civ. R. 16(g).) But this is not an appeal, and Whitebox does not contend that the Court abused its discretion. Rather, this is a motion for reconsideration, and Whitebox contends that the Court should reconsider its own order in the interests of justice.

3. Similarly, BNYM makes the pedestrian observation that the Court has the "authority to sanction the disregard of its orders." Objection at 9 (citing *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002)). But the facts and circumstances underpinning the single case BNYM cites in support of that proposition are not even remotely comparable to the facts and circumstances here. Specifically, in the *Tower Ventures* case, unlike this case, a litigant was penalized for "cavalierly flout[ing] tFhe court's scheduling orders." *Id.* Here, by contrast, Whitebox reasonably believed at the time that it had complied, and continues to believe now that it did comply, with the Court's orders. To the extent the Court finds otherwise, any non-compliance was a good-faith error, not a deliberate attempt to disregard the Court's orders.

4. In short, the interests of justice warrant reconsideration of the order at issue, and none of BNYM's arguments or assertions support a different conclusion.

    **A.**    **Whitebox Reasonably Believed That Its Disclosure Concerning Cross-Examination Of The Declarants Was Timely And Sufficient**

5. BNYM does not dispute—and cannot dispute—the following facts:

- Whitebox's disclosure of its intent to cross-examine the Declarants was filed on the *same day* that BNYM submitted the Declarations as evidence in support of its arguments at the Hearing (Reconsideration Motion at ¶ 5);

- Whitebox's disclosure was *substantively identical* to disclosures filed by the Debtors, the Senior Bondholders' Coalition and other parties (*id.*);

- The Agenda filed by the Debtors expressly allotted 30 minutes at the Hearing for Whitebox to cross-examine the Declarants (*id.* at ¶ 6);

- 4 -

- BNYM never stated or in any way suggested until the moment before Whitebox sought to cross-examine BNYM's experts that Whitebox's disclosures were somehow deficient or untimely (Glenn Decl. at ¶ 10); and

- BNYM's experts were present at the Hearing and prepared to be examined (*id.* at ¶¶ 9, 14).

6. Rather than dealing with the foregoing undisputed facts, BNYM repeatedly makes the broad and baseless assertion that Whitebox "deliberately ignored" and made "no effort to comply" with the Court's orders. Objection at 2, 8. That assertion is false, and BNYM offers zero support for such a serious accusation. In any event, BNYM's specific assertions do not withstand scrutiny.

7. For example, BNYM argues that its January 10, 2019 informative motion put Whitebox "on notice" that it "needed to act." *Id.* at 7. That informative motion, however, identified the Declarants as potential **rebuttal** witnesses. Dkt. No. 4681 at 2. Only on January 14, 2019 did BNYM submit the Declarations as "evidentiary material." Reconsideration Motion at ¶ 5. Whitebox filed the Amended Informative Motion later on the same day. *Id.*

8. BNYM also argues that Whitebox "cannot credibly explain why it [filed the Amended Informative Motion] if it were truly oblivious" to the Procedural Order. Objection at 8. Whitebox never argued, however, that it was "oblivious" to the Procedural Order. Quite the opposite. Whitebox was well aware of the Procedural Order and attempted to comply with it. As explained in the Reconsideration Motion, Whitebox's mistaken representation to the Court at the Hearing that it had not complied with the Procedural Order arose from (i) BNYM's failure to flag any issues concerning Whitebox's disclosure before the Hearing, and (ii) BNYM's incorrect and misleading statement that Whitebox had filed "something that was not in compliance" with the Court's order. Reconsideration Motion at ¶ 10.

- 5 -

9. Equally meritless is BNYM's argument that because it initially filed the Declarations on January 2, 2019—*i.e.*, the deadline set in the Court's December 19, 2018 scheduling order—the Declarations were "in support of" a Hearing Matter and therefore deemed submitted as direct testimony under the Procedural Order.  Objection at 5-6.  BNYM fails to explain why, if that were true, it submitted the same Declarations on January 14, 2019 as "evidentiary material."  Indeed, if BNYM had already submitted the Declarations as direct testimony under the Procedural Order, there would have been no reason for BNYM to submit them again.  At the very least, it was reasonable for Whitebox to believe that its obligation to disclose its intent to cross-examine the Declarants arose only on January 14, 2019.  Reconsideration Motion at ¶¶ 17-18.

10. At bottom, BNYM's lengthy and convoluted attempt to explain how it supposedly complied with the Court's multiple inter-related orders—while Whitebox supposedly did not—only serves to underscore the procedural complexities that render any good faith procedural misstep by Whitebox understandable in the circumstances.  *Cf., Roberts*, 978 F.2d at 25 ("At the very worst, the government inadvertently missed a filing deadline in a situation where a miasma of doubt surrounded the proper interpretation and interplay of the relevant rules.").

**B.     Precluding Cross-Examination Is A Serious And Unwarranted Penalty**

11. In blithely asserting that Whitebox's "due process rights were [not] violated when it was not permitted to cross-examine BNYM's expert witnesses" (Objection at 10), BNYM misses the point completely.  As Whitebox has shown (Reconsideration Motion at ¶ 15), and BNYM does not dispute, the Supreme Court has repeatedly recognized that cross-examination is an essential element of our system of justice and a particularly effective tool for testing the

- 6 -

reliability of expert testimony.[5] Whitebox's point, for purposes of the Reconsideration Motion, is that the deprivation of the right to cross-examine is a heavy sanction in any circumstance and particularly where, as here, the witness has offered expert testimony. Thus, even assuming for the sake of argument that the order at issue does not amount to a procedural due process violation—an issue that Whitebox expressly reserves for appeal—the undue and unfair deprivation of Whitebox's right to cross-examine an expert witness weighs heavily in favor of granting reconsideration of such an order under the interest-of-justice standard.[6]

12. Equally nonsensical is BNYM's argument that Whitebox suffered no harm because the "testimony at issue was . . . not factual evidence before a fact-finder." Objection at 10. Indeed, BNYM submitted the Declarations as "evidentiary material" (Reconsideration Motion at ¶ 5), and asked the Court to adopt their estimation of BNYM's "reasonable litigation expenses" of $32.5 million—an exorbitant figure untethered to any concrete facts or supported by any rigorous analysis. Dkt. No. 4751 at 6. Precluding Whitebox from cross-examining the Declarants on the matters included in their Declarations could, therefore, affect the Court's determination of an important factual issue, thereby compounding the prejudice that Whitebox would suffer as a result. Indeed, cross-examination of the Declarants will show that their "estimation" of anticipated legal fees and costs is nothing more than rank speculation..

---

[5] BNYM's suggestion that oral argument alone is a "more than sufficient" substitute for cross-examination (Objection at 11) is misplaced. There is no real substitute for cross-examination, especially of putative experts. *See Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

[6] *United States v. Caribe-Garcia*, 125 F. Supp. 2d 19 (D.P.R. 2000), *aff'd in pertinent part sub nom. United States v. Nelson-Rodriguez*, 319 F.3d 12, 62 (1st Cir. 2003), cited by BNYM (Objection at 10-11), is thus distinguishable because the court did not address the relevant issue here—*i.e*., whether the undue or unfair deprivation of the right to cross-examine warrants reconsideration.

13. Finally, BNYM argues that the Court should not reconsider its interlocutory order **even if it is wrong**, because such a mistake would be "harmless." Objection at 14. Specifically, BNYM asserts that Whitebox "cannot show any need for reconsideration" because BNYM is "good for the money" and has offered certain "protections that [supposedly] ensure that Whitebox will suffer no harm should the reserve ultimately be overfunded." *Id.* at 14-15. But that assertion cuts both ways. Whitebox is also "good for the money" in the event that it is required to return any Plan distributions. Furthermore, those unsubstantiated assertions simply rehash arguments BNYM has made in the 19.5 Dispute.[7] Reconsideration is warranted because precluding Whitebox from cross-examining the Declarants is a severe penalty in and of itself.

### C. BNYM Did Not And Will Not Suffer Any Cognizable Prejudice From Allowing Whitebox To Cross-Examine The Declarants

14. BNYM can articulate no prejudice that would have resulted from allowing Whitebox to cross-examine the Declarants at the Hearing. Reconsideration Motion at ¶ 19. In its Objection, BNYM emphasizes that this Court explained that the Procedural Order was "specifically designed to give appropriate notice to any party whose witnesses were to be cross-examined." Objection at 3. But BNYM carefully avoids acknowledging the undeniable: BNYM had actual notice that its expert witnesses would be cross-examined by virtue of Whitebox's Amended Informative Motion. BNYM also refrains from claiming that it was not in fact aware of the "issues for cross-examination," as the Procedural Order required. That is no surprise,

---

[7] *See* Jan. 17, 2019 Hearing Tr. at 143:21-25 ("There's no prejudice here to Whitebox, because we agree, first, if there's money left over, of course we're going to refund it."). BNYM cites *Royal Park* and *PIMCO* (Opposition at 14-15), as well as in the underlying 19.5 Dispute. Whitebox has addressed and distinguished those cases in the underlying 19.5 Dispute (Dkt. No. 4725 at 8-9) and will not rehash those arguments here.

- 8 -

given that the very same BNYM attorney who objected to the cross-examination of BNYM's experts at the Hearing defended those experts at their depositions only the week before.

15. Nor can BNYM identify any prejudice that would result from allowing Whitebox to cross-examine the Declarants now. BNYM asserts that Whitebox delayed filing its Reconsideration Motion in an attempt to "interfere with the progress of this case" and "wrest control of the . . . distribution process away from the Court" in order to achieve some unspecified and inscrutable objective. Opposition at 14. Whitebox, however, has done nothing to interfere with the distribution process, which is exclusively governed by the confirmed Plan. Moreover, as Whitebox has indicated to the Court and BNYM, it would be willing to internally set aside from its distributions under the Plan the full $32.5 million requested by BNYM pending resolution of the 19.5 Dispute. Finally, Whitebox has every right to seek reconsideration of the Court's order "at any time before final decree" in the 19.5 Dispute. *See John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 90-91 (1922); *see also Pérez-Ruiz v. Crespo-Guillén*, 25 F.3d 40, 42 (1st Cir. 1994) (internal alteration and citation omitted) ("Until entry of judgment, interlocutory orders remain subject to change at any time."). BNYM asks the Court to eviscerate that right based on nothing more than unsubstantiated allegations concerning Whitebox's supposedly sinister motives. The Court should deny that request.

## II.     THE BALANCE OF BNYM'S ARGUMENTS HAVE NO MERIT

### A.     Whitebox Did Not "Waive" Its Right To Cross-Examine The Declarants

16. BNYM argues that Whitebox "waived any right to be heard" regarding BNYM's "quantum evidence" by purportedly failing to file opposing declarations in response to the Declarations. Objection at 3-4. BNYM is wrong. First, BNYM cites no support for the proposition that a party's right to cross-examine a witness can be implicitly waived. Second, far from waiving its right to cross-examine the Declarants, Whitebox disclosed in its Amended

- 9 -

Informative Motion that it reserved the right to do so. Reconsideration Motion at ¶ 5. Third, even assuming for the sake of argument that Whitebox had somehow waived the right to submit "arguments or declarations" concerning BNYM's "quantum evidence," Whitebox did not "waive"—*i.e.*, knowingly relinquish—the right to cross-examine BNYM's putative experts concerning the amount they speculate should be withheld from Whitebox.[8]

### B. The Standard For Reopening The Record Is Inapplicable

17. Citing *Anderson v. Brennan*, 911 F.3d 1 (1st Cir. 2018), BNYM argues that Whitebox has not satisfied the standard for reopening the record. Objection at 12-13. Whitebox need not satisfy that standard, however, because if the interests of justice warrant reconsideration of the Court's order precluding Whitebox from cross-examining the Declarants, then the record will be reopened as a matter of course. Indeed, *Anderson v. Brennan* is distinguishable because it did not involve a request that the court reconsider an order to close the record. In short, the standard for reopening the record is inapplicable.

### C. Even If It Were Applicable, The Standard For Reopening The Record Is More Than Satisfied

18. Assuming for the sake of argument that the Court should consider the standard for reopening the record articulated in *Anderson v. Brennan*[9] rather than the interest-of-justice standard articulated in *Roberts*, *supra*, there is no dispute that a "district court's decision to

---

[8] BNYM's reliance on *United States v. Carpenter*, 494 F.3d 13, 21 (1st Cir. 2007); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 15 (1st Cir. 2002); and FRE 103(a)(2) is misplaced. Neither of those cases deals with preserving an issue for reconsideration, and that rule concerns the requirements for preserving an issue *for appeal*—not the interests of justice standard applicable to motions for reconsideration or the *Anderson* standard applicable to motions to reopen the record.

[9] *Anderson* is readily distinguishable for the additional reason that there, unlike this case, the movant failed to seek to reopen the record "seven months after evidence had closed at trial." *Anderson*, 911 F.3d at 10. Here, by contrast, Whitebox sought reconsideration of an interlocutory order just two weeks after the order was issued.

reopen the record turns on flexible and case-specific criteria." *Anderson,* 911 F.3d at 13 (internal quotations and citation omitted).[10] Here, "case-specific criteria" warrant reopening the record. First, notwithstanding BNYM's assertion to the contrary (Objection at 12), Whitebox has shown that permitting the cross-examination of BNYM's experts would indeed be valuable. Reconsideration Motion at ¶ 21. Second, and again notwithstanding BNYM's assertion to the contrary (Objection at 12), Whitebox did offer a "bona fide" explanation for any confusion with respect to the disclosure requirements concerning cross-examination. *See* Glenn Decl. ¶¶ 13-16. BNYM's assertion that Whitebox "admitted" that it failed to read any order of the Court (Objection at 7, 12) is false and misleading. As explained in the accompanying declaration, based on BNYM's description at the Hearing of Whitebox's purported disclosure obligations, Whitebox understood that BNYM and, in turn, the Court, were referring to some order other than any order of which it was aware. In fact, Whitebox was aware of and affirmatively endeavored to comply with all relevant orders. Third, reopening the record for the narrow purpose of permitting Whitebox to cross-examine BNYM's expert witnesses can be achieved without prejudice to BNYM or anyone else. As Whitebox has proposed, if all funds held by BNYM are distributed pursuant to the Plan, Whitebox will voluntarily undertake to set aside $32.5 million pending resolution of the 19.5 Dispute.

---

[10] BNYM's reliance on *United States v. Carpenter*, 494 F.3d 13, 21 (1st Cir. 2007); *Estate of Keatinge v. Biddle*, 316 F.3d 7, 15 (1st Cir. 2002); and FRE 103(a)(2) is misplaced. Neither of those cases deals with preserving an issue for reconsideration, and that rule concerns the requirements for preserving an issue *for appeal*—not the interests of justice standard applicable to motions for reconsideration or the *Anderson* standard applicable to motions to reopen the record..

## **CONCLUSION**

Accordingly, for the reasons articulated herein and in the Reconsideration Motion, Whitebox respectfully requests that the Court (i) grant reconsideration of the Court's January 17, 2019 order precluding Whitebox from cross-examining the Declarants at the Hearing concerning the statements set forth in their Declarations, and (ii) enter an order (a) reopening the record in the 19.5 Dispute, and (b) allowing Whitebox to cross-examine the Declarants before the Court adjudicates the 19.5 Dispute.

Dated: February 7, 2019
San Juan, Puerto Rico

| **KASOWITZ BENSON TORRES LLP** | **ARROYO & RIOS LAW OFFICES, P.S.C.** |
|---|---|
| By: /s/ *Andrew K. Glenn* | By: /s/ *Moraima S. Ríos Robles* |
|     Andrew K. Glenn (admitted *pro hac vice*) |     Moraima S. Ríos Robles |
|     Trevor J. Welch (admitted *pro hac vice*) |     (USDC-PR Bar No. 224912) |
|     Shai Schmidt (admitted *pro hac vice*) |     1353 Ave. Luis Vigoreaux |
|     1633 Broadway |     Guaynabo, P.R. 00966 |
|     New York, New York 10019 |     Telephone: (787) 522-8080 |
|     Telephone: (212) 506-1700 |     Facsimile: (787) 523-5696 |
|     Facsimile: (212) 506-1800 |     Email: mrios@arroyorioslaw.com |
|     Email: aglenn@kasowitz.com | |
|               twelch@kasowitz.com | |
|               sschmidt@kasowitz.com | |

*Attorneys for Whitebox Multi-Strategy Partners, L.P.*
*and its Above-Captioned Affiliates*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Moraima S. Ríos Robles*
Moraima S. Ríos Robles
(USDC-PR Bar No. 224912)
1353 Ave. Luis Vigoreaux
Guaynabo, P.R. 00966
Telephone: (787) 522-8080
Facsimile: (787) 523-5696
Email: mrios@arroyorioslaw.com