# **EXHIBIT C**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- X
                                                 :

In re:                                         :

                                        :

THE FINANCIAL OVERSIGHT AND      : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   : Title III

                                        :

          as representative of          : Case No. 17-BK-3283 (LTS)

                                        :

THE COMMONWEALTH OF PUERTO RICO *et al.,*   : (Jointly Administered)

                                        :

         Debtors.[1]                     :
--------------------------------------------------------------------- X

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL <u>OBLIGATION BONDS AND GRANTING RELATED RELIEF</u>**

Upon consideration of the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Commonwealth General Obligation Bonds and Requesting Related Relief* (the "Motion"),[2] and

the exhibits attached thereto, and the Court having found and determined that: (i) the Court has

jurisdiction to consider the Motion and the relief requested therein pursuant to section 502 of the

Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as

incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to

PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under

the particular circumstances and no other or further notice need be provided; (iv) based on the

statements and arguments made in the Motion, the relief requested in the Motion is in the best

interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the

Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the Motion is GRANTED to the extent set forth herein.

2.      The Objectors are hereby authorized to proceed under Bankruptcy Rule 3007(c),

as incorporated by section 310 of PROMESA, with their Objection to the Challenged GO Bonds

on an omnibus basis; and the filing of the Objection shall not limit the ability of the Objectors, or

any other party in interest, to subsequently object to the Challenged GO Bonds on grounds other

than those set forth in the Objection, and all other claims, counterclaims and defenses are hereby

preserved.

3.      The Objection Notice and the, Objection Procedures and form of Notice of

Participation, annexed hereto as **Exhibit 1, Exhibit 2** and **Exhibit 23** respectively, are hereby

approved.  The Objection Procedures are deemed to have been incorporated herein.

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4.      The Objectors shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Notice ~~and,~~ Objection Procedures and Notice of Participation upon ~~(a)~~ all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth~~; and (b) all individuals and entities who are beneficial holders of the Challenged GO Bond Claims~~.

5.      The Objectors shall cause Prime Clerk, immediately upon entry of this Order, to commence service of the Objection Notice, Objection Procedures and Notice of Participation upon all individuals and entities who are beneficial holders of the Challenged GO Bond Claims in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds.* [Docket No. 5049].

~~5.~~6.      The Objectors shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each ~~within five (5)~~, except for *Caribbean Business,* within five (5) days of the entry of this Order, and with respect to *Caribbean Business,* within fourteen (14) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Objection and the Objection Procedures.

3

6.7.    DTC shall give notice to its Participants of the Objection Notice and, Objection

Procedures and Notice of Participation by posting a copy of said Objection Notice and,

Objection Procedures and Notice of Participation to its Legal Notification System in accordance

with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

7.8.    The Objectors may exceed the 35-page motion brief limit set in the Case

Management Procedures by filing the Objection not to exceed fifty (50) pages, exclusive of the

cover page, table of contents, table of authorities, signature page, exhibits, and the certificate of

service.

8.9.    The terms of and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.10.   This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:        January February _____, 2019

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

4

**<u>EXHIBIT 1</u>**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60
DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X
                  :

In re:                                    :

                                    :

THE FINANCIAL OVERSIGHT AND      :  PROMESA
    MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III

                                    :

        as representative of            :  Case No. 17-BK-3283 (LTS)

                                    :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  :  (Jointly Administered)

                                    :

        Debtors.[1]                     :

------------------------------------------------------------------- X

## NOTICE OF OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

You are receiving this notice because you have been identified as holding one or more of the general obligation bonds issued by the Commonwealth of Puerto Rico in or after 2012 (the "Challenged GO Bonds").  A list of the CUSIP numbers for the Challenged GO Bonds can be found at the bottom of this notice.

Please note that the Financial Oversight and Management Board, as representative for the Debtors, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (together, the "Objectors") have filed an Omnibus Objection, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds (the "Objection").  The link for suchfull text of the Objection ismay be found on the Internet by using the following link:

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60
DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784. ~~This
Objection may affect your rights.~~

        This Objection seeks to disallow and invalidate claims on account of the Challenged GO
Bonds ("Challenged GO Bond Claims").  **Subject to applicable appellate rights, if the Court
grants the Objection in whole or in part, holders of Challenged GO Bond Claims' recovery
on account of the Challenged GO Bonds will be eliminated in whole or in part, and such
holders will be forever barred from asserting such claims against the Commonwealth, from
voting on any plan of adjustment filed in this Title III Case, and from participating in
any distribution in this Title III Case on account of such Challenged GO Bond Claims.
Thus the Objection may affect your rights.  As explained in the next paragraph, you have
the right to file a Notice of Participation if you wish to respond to the Objection.  The
Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER
ENTRY OF ORDER GRANTING PROCEDURES MOTION] (the "Participation
Deadline").**

        Please note further, that on _____, the District Court granted the Objectors' motion
for approval of certain procedures with respect to such Objection.~~—~~ (the "Objection Procedures").
If you intend to respond to the Objection or participate in the litigation in any way, you must
follow the Objection Procedures which require, among other things, that you file with the
District Court and serve by email a Notice of Participation by the Participation Deadline.  A form
Notice of Participation is provided herewith.  **Instructions for filing the Notice of Participation
with the District Court, including for those persons who are not represented by counsel are
set forth at the bottom of the form of Notice of Participation**.
~~        If you intend to respond to the Objection or participate in the litigation in any way, you
must follow the Court-approved procedures attached hereto, which require among other things,
that you file and serve a Notice of Participation by the "Participation Deadline".  The
Participation Deadline for Challenged Bondholders (a) identified on Appendix I of the
Objection, (b) filed a timely objection to the motion seeking approval of these procedures and/or
(c) that holds $10 million or more of the Challenged GO Bonds is [35 days after entry of the
order approving initial procedures].  The Participation Deadline for all other Challenged
Bondholders is [50 days after entry of the order approving initial procedures].~~

~~        No substantive response to the Objection, other than a Notice of Participation, is due at
this time.~~

~~        All~~
        For those parties who filed with the District Court and served by email Notices of
Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection
Procedures by the Participation Deadline, no substantive response to the Objection need be filed
until a date set forth in any subsequent scheduling order entered by the District Court.

        Requests for Spanish-language versions of the Notice, Objection Procedures and Notice
of Participation form and any questions regarding this notice should be sent in writing to:

        Paul Hastings LLP

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

200 Park Avenue
New York, NY 10166
Attn: Douglass E. Barron
~~douglassbarron@paulhastings.com~~
NoticeofParticipation@paulhastings.com
(212) 318-6690

~~Se ha presentado una objeción a reclamaciones presentadas o incoadas por los tenedores de ciertos bonos de obligación general emitidos por el Estado Libre Asociado de Puerto Rico. Esta objeción puede afectar sus derechos.  Si tiene preguntas sobre la objeción, o los procedimientos aprobados por el tribunal que acompaña a esta notificación, por favor dirija sus preguntas, por escrito, en español o inglés, al Sr. Douglass Barron.~~

**Esta Objeción busca rechazar e invalidar los reclamos a cuenta de los Bonos GO Impugnados (las "Reclamaciones de los Bonos GO Impugnados").  Sujeto a derechos apelativos aplicables, si el Tribunal concede la Objeción parcial o totalmente, la recuperación de los tenedores de las Reclamaciones de los Bonos GO Impugnados a cuenta de los Bonos GO Impugnados será eliminada total o parcialmente, y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en contra del Estado Libre Asociado, votar en cualquier plan de ajuste presentado en este Caso de Título III y participar en cualquier distribución en este Caso de Título III a causa de dichas Reclamaciones de los Bonos GO Impugnados. Por tanto, la Objeción puede afectar sus derechos. Usted tiene el derecho de presentar un Aviso de Participación si quiere responder a la Objeción. El Aviso de Participación tiene que presentarse en o antes de [60 DÍAS DESPUÉS DE LA ENTRADA DE LA ORDEN CONCEDIENDO MOCIÓN SOBRE LOS PROCEDIMIENTOS].  Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos de Objeción y el Aviso de Participación en español deben enviar una solicitud por escrito a NoticeofParticipation@paulhastings.com**

The CUSIP numbers of the general obligation bonds affected by the Objection are:

| ~~Series~~  ~~CUSIP A~~        ~~CUSIP B~~ | ~~Series~~  CUSIP ~~A~~        ~~CUSIP B~~ |
|---|---|
| 2012 A ~~74514LB8~~        ~~74514LB89~~ | 74514LB89 2012 A        ~~74514LB4~~ |
| ~~2012 A~~ 74514LB6        ~~74514LB63~~ | ~~74514LB48~~ |
| ~~2012 A~~ 74514LA4        ~~74514LA49~~ | ~~2012 A~~ 74514LA7        ~~74514LA72~~ |
| ~~2012 A~~ 74514LA5        ~~74514LA56~~ | ~~2012 A~~ 74514LC6        ~~74514LC62~~ |
| ~~2012 A~~ 74514LC8        ~~74514LC88~~ | ~~2012 A~~ 74514LB2        ~~74514LB22~~ |
| ~~2012 A~~ 74514LD8        ~~74514LD87~~ | ~~2012 A~~ 74514LC4        ~~74514LC47~~ |
| | ~~2012 A~~ 74514LC5 |

3

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

| | |
|---|---|
| 2012 A74514LA8 | 74514LC54 |
| 74514LA80 | 2012 A74514LD3 |
| 2012 A74514LC3 | 74514LD38 |
| 74514LC39 | 2012 A74514LA6 |
| 2012 A74514LB5 | 74514LA64 |
| 74514LB55 | 2012 A74514LA9 |
| 2012 A74514LD4 | 74514LA98 |
| 74514LD46 | 2012 A74514LB3 |
| 2012 A74514LB9 | 74514LB30 |
| 74514LB97 | 2012 A74514LB7 |
| 2012 A74514LD6 | 74514LB71 |
| 74514LD61 | 2012 B74514LA2 |
| 2012 A74514LC9 | 74514LA23 |
| 74514LC96 | 2012 B74514LZV |
| 2012 A74514LD7 | 74514LZV2 |
| 74514LD79 | 2012 B74514LZW |
| 2012 A74514LC7 | 74514LZW0 |
| 74514LC70 | 2012 B74514LZX |
| 2012 A74514LD5 | 74514LZX8 |
| 74514LD53 | 2012 B74514LZY |
| 2012 A74514LA3 | 74514LZY6 |
| 74514LA31 | 2012 B74514LZZ |
| 2012 A74514LC2 | 74514LZZ3 |
| 74514LC21 | 2014 A74514LE8 |
| 2012 A74514LD2 | 74514LE86 |
| 74514LD20 | |

| | |
|---|---|
| 2012 A | 74514LB63 |
| 2012 A | 74514LA49 |
| 2012 A | 74514LA56 |
| 2012 A | 74514LC88 |
| 2012 A | 74514LD87 |
| 2012 A | 74514LA80 |
| 2012 A | 74514LC39 |
| 2012 A | 74514LB55 |
| 2012 A | 74514LD46 |
| 2012 A | 74514LB97 |
| 2012 A | 74514LD61 |
| 2012 A | 74514LC96 |
| 2012 A | 74514LD79 |
| 2012 A | 74514LC70 |
| 2012 A | 74514LD53 |
| 2012 A | 74514LA31 |
| 2012 A | 74514LC21 |
| 2012 A | 74514LD20 |
| 2012 A | 74514LB48 |
| 2012 A | 74514LA72 |

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

| | |
|---|---|
| 2012 A | 74514LC62 |
| 2012 A | 74514LB22 |
| 2012 A | 74514LC47 |
| 2012 A | 74514LC54 |
| 2012 A | 74514LD38 |
| 2012 A | 74514LA64 |
| 2012 A | 74514LA98 |
| 2012 A | 74514LB30 |
| 2012 A | 74514LB71 |
| 2012 B | 74514LA23 |
| 2012 B | 74514LZV2 |
| 2012 B | 74514LZW0 |
| 2012 B | 74514LZX8 |
| 2012 B | 74514LZY6 |
| 2012 B | 74514LZZ3 |
| 2014 A | 74514LE86 |

**EXHIBIT 2**

*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                                  :
In re:                                            :
                                                  :
THE FINANCIAL OVERSIGHT AND                       :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                 :  Title III
                                                  :
            as representative of                  :  Case No. 17-BK-3283 (LTS)
                                                  :
THE COMMONWEALTH OF PUERTO RICO et al.,           :  (Jointly Administered)
                                                  :
            Debtors.¹                             :
-------------------------------------------------------------------- X
```

### INITIAL PROCEDURES FOR RESOLVING OMNIBUS OBJECTION
### OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH
### ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF
### UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502
### AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS
### OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

[~~January~~February __ 2019]

Pursuant to the Order (the "Order") of the United States District Court for the District of
Puerto Rico (the "District Court"), dated __ ____, [Docket No. ~~__] [links to Prime Clerk website
for Order],__ ], the following initial procedures will apply to the resolution of the *Omnibus
Objection of the Financial Oversight and Management Board, Acting Through its Special
Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy
Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain
Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket No. 4784] (the

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy
Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

"Objection").[2]

_____ The Financial Oversight and Management Board, acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors (the "Committee") are hereafter collectively referred to astogether, the "Objectors." The") filed an Objection assertscontending that all claims ("(the "Challenged GO Bond Claims") that have been or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds") are invalid. Holders of Challenged GO Bonds are hereafter referred to as "Challenged GO Bondholders."

1.    Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of Challenged GO Bond Claims on the grounds set forth in the Objection.

2.    Notice of Participation

Any party in interest, including, without limitation, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "Title III Parties")"), and any person or entity that holds a Challenged GO Bond, whether or not such person or entity is identified in Appendix I to the Objection, that wishes to participate in the litigation of the Objection must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation"). A holder of a Challenged GO Bond that is identified on Appendix I to the Objection must file a Notice of Participation or risk having a default judgment entered against it. Holders of Challenged GO Bonds are hereafter referred to as "Challenged GO Bondholders."

The Notice of Participation shall indicate whether the party in interest who filed such notice supports or opposes the Objection. Parties who file Notices of Participation that support the Objection shall collectively constitute "Joint Objectors" and parties that oppose the Objections shall collectively constitute the "Respondents," and together with the Joint Objectors, the "Participants."

The "Participation Deadline" for (i) Joint Objectors, (ii) Respondents who are not Challenged Bondholders and (iii) Significant Challenged Bondholders (defined below) to file and serve their Notices of Participation on the "Notice Parties" (identified in paragraph 10 below) is [35 days after entry of Procedures Order]. The Participation Deadline for all other Respondents that are Challenged Bondholders to file and serve their Notices of Participation is

---

[2]   The full text of the Objection canmay be found aton the Internet by using the following link:
https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784.

[50 days after entry of Procedures Order]. The Significant Challenged Bondholders are those Challenged Bondholders that: (a) are identified on Appendix I of the Objection, (b) filed a timely objection to the motion seeking approval of these procedures and/or (c) hold $10 million or more of the Challenged GO Bonds (the "Significant Challenged Bondholders").

Notices of Participation shall be filed with the Court and shall (a) provide the name, address and email address of the Participant and its counsel, if any, and (b) contain a concise statement, not to exceed five (5) pages (double-spaced, 12-point font), describing the basis on which such party either supports or contests the Objection. Respondents shall not be bound to the grounds on which they contest the Objection, and may waive such grounds or add additional grounds in connection with their substantive response to the Objection.

A Respondent that is a Challenged Bondholder shall also serve the Notice Parties with a statement setting forth: (a) whether the Respondent acquired its Challenged GO Bond(s) by original issuance or on the secondary market, (b) provide the date(s) of acquisition of such Challenged GO Bond(s) and (c) state which series of the Challenged GO Bonds the Respondent holds (the "Holdings Statement") by the applicable Participation Deadline. The Notice Parties will treat the Holdings Statements as confidential, until further order of the Court.

Following the submission of the Notices of Participation, no substantive response to the Objection need be filed until a date set forth in any scheduling order entered by the District Court.

3.      The Preliminary Recommendation

The Objectors shall meet and confer with the Significant Challenged Bondholders and any Title III Parties that are Participants during the thirty (30) day-period following the Participation Deadline applicable to the Significant Challenged Bondholders. After consultation with such parties, the Objectors shall file with the District Court and serve on all Participants by email no later than thirty (30) days after the Participation Deadline a notice setting forth the names of all Participants, identifying which are Joint Objectors and which are Respondents, a summary of the Participants' grounds for supporting or objecting to the relief sought in the Objection, a proposal as to which issues raised by Participants can be subject to joint briefing, and a proposed briefing and discovery schedule ("Preliminary Recommendation"). The Objectors and the Challenged Bondholders shall use reasonable efforts to submit a Preliminary Recommendation which is agreed to by all such parties, and may file separate Preliminary Recommendations only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

The primary purpose of the Preliminary Recommendation is to identify arguments and defenses common among the Participants that may allow the Participants to organize to ensure that the briefing of and discovery relating to the issues raised in the Objection and Notices of Participation are streamlined and that the resources of the District Court are not unduly taxed. Participants' Responses and Objectors' Reply

Any Respondent, who has not agreed to the Preliminary Recommendation(s) may file a response to the Preliminary Recommendation(s) with the District Court and serve the Notice

3

Parties by email no later than ten (10) days following the filing of the Preliminary Recommendation.  Such responses should be limited to the procedural issues raised by the Preliminary Recommendation and not to the substance of the Objection.

The Objectors shall file a reply to the Respondents' responses, if any, no later than five (5) days following the filing of the response (the "Reply Deadline").  Again, the Significant Challenged Bondholders, the Committee and the Oversight Board shall file separate replies only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

4.      No Substantive Response from Respondents Due

Other than the Notices of Participation and any response to the Preliminary Recommendation, no substantive response to the Objection need be filed by the Respondents until a date set forth in any scheduling order entered by the District Court.

5.      Litigation

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objection; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by a Challenged GO Bondholder, set forth (i) whether all or part of such Challenged GO Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such Challenged GO Bonds to the best of such Challenged GO Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information").  The Notice of Participation shall cover all Challenged GO Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant  and shall not be limited to the specific CUSIP numbers listed.  For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group.  A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding.  To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objection in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders.  To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Objection shall collectively

4

constitute "Joint Objectors," and parties that oppose the relief sought in the Objection shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures.  **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [60 days from entry of the Order] (the "Participation Deadline").**  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if the District Court grants the Objection in whole or in part, claimants' recovery on account of the Challenged GO Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the Challenged GO Bonds and the Challenged GO Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objection, will be entitled to receive notification of case events specific to the Objection, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objection.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of a Challenged Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Objection, and all rights to object to any person or entity's standing are preserved.

3.      The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

Twenty-one (21) days after the Participation Deadline (the "Initial Proposal Exchange Deadline"), Joint Objectors and the Objectors, on the one hand, and Respondents (individually and/or through *ad hoc* groups), on the other, will simultaneously exchange proposals (the "Initial Proposals") by email setting forth the procedures that will govern litigation of the Objection,

including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Challenged GO Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Objectors will send by email the Initial Proposals to all parties who filed Notices of Participation, but such Initial Proposals will not be filed with the District Court. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the Objectors and the Participants shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court.  The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants.  The Objectors and the Participants shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The Objectors shall have caused a draft of the Recommendation to have been sent by email to all Participants at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

4.      Litigation

    A.      District Court Status Conference

The Objectors will request that the District Court will hold a status conference on or as soon as practicable after the Reply Deadline, at which time the following matters will be discussed and decided to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

    (i)     the extent to which sequence and timing of any discovery (if any) is required;

    (ii)    the extent to which joint briefs can or should be submitted;

    (iii)   a briefing schedule;

(iv)(iii)      if there is a dispute as to the propriety of the grouping of the Participants as proposed in the Preliminary Recommendation; and

(v)(iv)      any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objection and the Notices of Participation.

      B.    <u>Coordination</u>

To the extent that the <u>District</u> Court determines that joint briefs can and should be

submitted –

      (a)    The Objectors and any Joint Objector shall cooperate in good faith in order to file joint papers with respect to the Objection~~/Notices of Participation,~~ and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

      (b)    Likewise, the Respondents shall~~, respectively,~~ cooperate in good faith to file joint papers with respect to the litigation of the Objection~~/Notices of Participation~~ and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

      With respect to discovery –

      The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the <u>development of</u> discovery that is requested from the other parties and to coordinate communications <u>concerning such discovery</u>.

~~6.~~<u>5.</u>    <u>Notices of Participation Submitted After the Participation Deadline</u>

~~A party who is not a Significant Challenged Bondholder~~<u>Any party</u> that submits a Notice of Participation after the Participation Deadline, ~~so long as it is filed~~<u>but</u> at least ~~twenty~~<u>thirty</u> (30) days prior to a trial on the merits of the Objection, may participate in the litigation of the Objection~~, but~~ <u>by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation.  Such party, however,</u> shall be bound by any ~~order~~<u>orders</u> entered by the <u>District</u> Court <u>(including any order granting a dispositive motion, such as a motion for summary judgment)</u> and/or any ~~agreement~~<u>agreements</u> reached among the Objectors, Joint Objectors and Respondents <u>prior to the submission of such Notice of Participation</u> regarding the conduct of the litigation ~~and, among other things,~~ <u>including with respect to</u> the matters set forth in paragraph ~~6~~<u>3</u> above.
<u>  Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the Objection.</u>

~~7.~~<u>6.</u>    <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any ~~holder of a~~ Challenged GO ~~Bond~~Bondholder who does not file a Notice of Participation.

~~8.~~7.      Other Objections Permitted

The fact that the Objectors have objected to the Challenged GO Bond Claims shall not preclude (i) the Objectors or any party in interest from objecting to a Challenged GO Bond Claim on any basis not set forth in the Objection or to any other claim asserted by the Challenged GO ~~Bond holder~~Bondholder unrelated to the Challenged GO Bonds or (ii) a Title III Party from asserting additional grounds for objecting to the Challenged GO Bond Claims pursuant to a Notice of Participation.

*[Notice Parties on Next Page]*

~~108~~.     The Following Persons are the "Notice Parties"

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
~~Justin S. Weddle, Esq.~~
7 Times Square
New York, NY 10036
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
~~jweddle@brownrudnick.com~~

Stephen A. Best, Esq.
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq.
One Financial Center
Boston, MA 02111
sbeville@brownrudnick.com

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**ESTRELLA, LLC**
Attn:  Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
agestrella@estrellallallc.com
ksuria@estrellallc.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com