IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>Puerto Rico Sales Tax Financing Corporation (COFINA),<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**UBS TRUST COMPANY OF PUERTO RICO'S RESPONSE TO
PUERTO RICO SALES TAX FINANCING CORPORATION'S
SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DEFICIENT CLAIMS**

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

1

UBS Trust Company of Puerto Rico (hereinafter "UBS"), in representation of certain trusts under its management (the "UBS Trusts"),[2] hereby submits this response (the "Response") to *Puerto Rico Sales Tax Financing Corporation's Sixth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* [Docket No. 4410] (the "Omnibus Objection"),[3] and respectfully state as follows:

## BACKGROUND

1. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner Notice Thereof* [Docket No. 2255] (the "Bar Date Motion"). The Court granted the relief requested in the Bar

---

[2] The UBS Trusts are the following: Antonio Otaño Retirement Plan; Arias Guardiola Trust; Armando Orol Retirement Plan; Armando Rodríguez Santana Retirement Plan; Awilda Reyes Retirement Plan; Camille Raffucci Diez Retirement Plan; Carlos Guardiola Betancourt Retirement Plan; Cirugía Avanzada Retirement Plan; Dennis Correa López Retirement Plan; Dennis R. Román Retirement Plan; Erika Siebenmann Retirement Plan; Fideicomiso Flores Morales; Fideicomiso Isamar; Gabriel J. García Talavera Retirement Plan; García Céspedes Retirement Plan; Grizel E. López Figueroa Retirement Plan; Gubern García Living Trust; Hans Mercado González Retirement Plan; Héctor I. González Retirement Plan; Héctor M. Hernández Retirement Plan; Héctor Morales Santiago Retirement Plan; Héctor Rivera Cruz Retirement Plan; Hilda Rodríguez Ortiz Retirement Plan; Hospicio Emmanuel Defferred Comp FBO Moisés Rivera; Isidro de León Retirement Plan; Iván Y. Romás Retirement Plan; Jaime Marchena for Grupo Médico Retirement Plan; Jeannette Marrero Canino Retirement Plan; Jesús Hernández Retirement Plan; José F. De León Retirement Plan; José Plá Arteaga Retirement Plan; Juan González Díaz Medical Office Trust; Juan Ramón Gómez Retirement Plan; Juan Reines Ortiz Retirement Plan; Lourdes Galán Retirement Plan; Luis A Seguinot Retirement Plan; Luis E. Collazo Battistini Retirement Plan; Luis I. Dávila Retirement Plan; Luis M. Rodríguez Retirement Plan; Manuel Cruz Sánchez Retirement Plan; Margarita Herrea Abolafio Retirement Plan; María I. Rivera Sánchez Retirement Plan; Miguel F. Maymon Lugo Retirement Plan; Noelia Ramos Rivera Retirement Plan; Orlando Cañizares Retirement Plan; Patricio Sumaza D.M.D. C.S.P. Retirement Plan; Pedro Axel Rivera Flores Retirement Plan; Pedro J. Seda Retirement Plan; Pedro N. Farinacci Morales Retirement Plan; Rafael Hernández Colón Retirement Plan; Rafael Mercado Retirement Plan; René A. Hernández Retirement Plan; René Juan Morales Retirement Plan; Ricardo Jaén Presno Retirement Plan; The Agustín Camacho Torres Trust; The Alejandro Dueño Sosa Edu Trust; The Alicia Loyola Trust; The Aquino Silva Trust; The Belaval Burger Grandchildren Trust; The Beltrán-Pascual Family Trust; The Calderón Martínez Educational Trust; The Dra. Coty Benmaman Retirement Plan; The Erika Siebenmann Trust; The García Gubern Trust; The Gratacós Wys Trust; The Gubern García Living Trust; The Hazel Barry Retirement Plan; The Hertell Stubbe Trust; The Jaime A. Torres Vincenty Trust; The José Boyles Retirement Plan; The José H. Barredo Freire Retirement Plan; The Julio Rojo Uribe Trust; The Luisa Rojo Uribe Trust; The María del Carmen Pena Plá Trust; The Matos Torres Trust; The Méndez Pomar Trust; The Miriam Loyola Feliciano Trust; The Néstor Amador Oyola Retirement Plan;The Ortiz Rivera Trust; The Pascual Family Trust; The Rafael A. Arias Valentín Retirement Plan; The Rodríguez Family Educational Trust; The Salafe Trust; The Vandavem Trust; The Yarelis Colón Trust; UBS Trust Company of Puerto Rico as Escrow Agent for Víctor Hernández Díaz; and Yarelis Matos Colón Retirement Plan

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Omnibus Objection.

2

Date Motion through its *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [Docket No. 2521] (the "Initial Bar Date Order"), which also established deadlines and procedures for filing proofs of claim in the Title III Cases.

2. The Court extended the deadline for filing proofs of claim to June 29, 2018 at 4:00 pm (Atlantic Standard Time) when it entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders").

3. Pursuant to the procedures and stipulations enumerated in the Bar Date Orders, UBS filed certain proofs of claim (the "Claims"), between June 8 and June 28, 2018.

4. On November 14, 2018, the Court entered the *Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(E)(6), (C) Granting Related Relief and (D) Directing the Debtors to File on Presentment the Form of Notice* [ECF No. 4230].

5. On December 4, 2018, the Debtors filed the Omnibus Objection, which included the following of the Puerto Rico Funds' Claims: Claim Nos. 27301, 26296, 43356, 43396, 43875, 43416, 43544, 43919, 43889, 43958, 43615, 43864, 43857, 44297, 44225, 47082, 39594, 44282, 37839, 44366, 44340, 45147, 45142, 29953, 44804, 45205, 44295; 45222; 45231; 45252; 44435;44772; 45284; 44421; 44786; 44799; 38523; 37563; 45319; 45560; 45558; 45561; 45575; 45584; 44703; 44552; 44481; 39574; 45886; 44820; 44784; 45897; 45728; 38136; 45733; 44189; 43814; 43861; 43956; 43536; 32486; 43529; 26360; 43935; 43840; 43852; 42717; 43523; 42448; 34256; 43525; 26304;43905; 43926; 43892; 43306; 43313; 43340; 43902; 43506; 45874; 43886; 41544; 41511; 43946; 44173; 43328; 27303; and 45747.

## ARGUMENT

6. In its Omnibus Objection, COFINA alleges that the Claims filed by UBS in representation of the UBS Trusts are deficient because they:

> purport to assert liabilities associated with municipal bond(s) or money loaned but failed to provide a basis for asserting a claim against COFINA or another of the Debtors. Some of the Claims failed to provide sufficient information for the Debtors to determine the bond issuer… Because of this failure to comply with the applicable rules, Debtors are unable to determine the validity of the Deficient Claims. Omnibus Objection ¶14.

7. In order for the Debtor to determine the validity of the objected claims, UBS includes copies of the account statements which reflect the holdings of COFINA Bonds for each claim, held in trust for the before-mentioned trusts, as Exhibits A, B, C, D and E of this motion.

8. As to claims 43416, 43935, 42717 and 45747, they are hereby withdrawn because they are duplicate claims.

9. COFINA also filed other objections to claims that were duplicate claims (Dockets 4406, 4407, 4412, 4413, 4414, 4416, 4417, 4418, 4419, 4420, 4502 and 4506). COFINA alleged that as indenture trustee of the Bonds, Bank of New York Mellon ("BNYM"), had filed Master Proofs of Claim, claim numbers 16284 (subordinate bonds) and 16760 (senior bonds), which were superseded and amended by subsequently filed proofs of claim, claim numbers 31920 (subordinate bonds) and 33139 (senior bonds).

10. In those objections, COFINA objected claims that were included in the BNYM's Master Proofs of Claim, alleging that "any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving double recovery…"

11. The CUSIP numbers of all of the bonds owned by the UBS Trusts, which Claims are listed in paragraph above, are included in the BNYM's Master Lists, and therefore, there exists

4

the possibility that Debtor will object the Claims again, even if evidence of ownership is included, because they are duplicate claims.

12. The Debtor's argument that the UBS Trusts could recover twice on their Claims is unfounded. The COFINA Plan of Adjustment provides that all COFINA bond claims other than those stemming from the Master Proofs of Claim filed by BNYM "shall be deemed disallowed and expunged" upon the Plan's effective date. Plan, ¶ 21.1. This provision should eliminate any concern of a possible double recovery. As such, the Claims only serve to preserve the UBS Trusts' rights *until* the Plan becomes effective and the UBS Trusts receive distributions as contemplated in the PSA and Plan. Any objection by the Debtors that the Claims of the UBS Trusts duplicate the Master Proofs of Claim filed by BNYM are premature and rendered moot if the Plan is confirmed and consummated.

13. In the event that the Plan is not confirmed, and these proceedings return to the contentious litigation that typified COFINA's Title III Case prior to reaching the settlement that resulted in the PSA and Plan, the UBS Trusts are entitled to preserve all rights and remedies available at law and equity with respect to the Claims. Such protections were expressly agreed to by the Debtors in the PSA. See PSA, § 6.2. Therefore, any objections to the Claims for duplicity of the claims should be denied with respect to the Claims.

**RESERVATION OF RIGHTS**

14. The Trusts reserve their rights to file a supplemental and/or amended response to the Omnibus Objection should they deem it necessary to do so. The execution and filing of this Response is not and shall not be deemed: (a) a waiver or release of the UBS Trusts' rights against any entity or person liable for all or any part of the Claims; (b) a waiver of any right to the subordination or recharacterization, in favor of the UBS Trusts, of indebtedness or liens held by

any creditors of the Debtors or any of their affiliates; (c) an election of remedies which waives or otherwise affects any other remedy; (d) a waiver of the UBS Trusts' rights to amend or supplement its proofs of claim or this Response; (e) or a waiver to receive distributions under the Plan with respect to the Master Proofs of Claim or otherwise.

## CONCLUSION

For the foregoing reasons, UBS respectfully request that the Court deny the Omnibus Objections with regard to the UBS Trusts, claims listed in paragraph 6 above.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, February 8, 2019.

By:
*/s/ Janelle Reyes-Maisonet*
Janelle Reyes-Maisonet
USDC-PR 231102
jreyes@sanpir.com