UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO | Case No. 17 BK 3284-LTS |
| as representative of | |
| PUERTO RICO SALES TAX FINANCING<br>CORPORATION, *et al.*, | |
| Debtor. | |

-------------------------------------------------------------x

STIPULATION AND ORDER
WITH RESPECT TO (A) REJECTION OF SWAP AGREEMENT
BETWEEN GOLDMAN SACHS BANK USA AND PUERTO RICO SALES
TAX FINANCING CORPORATION, (B) RELIEF FROM STAY WITH RESPECT
TO CASH COLLATERAL AND (C) ALLOWANCE AND TREATMENT OF CLAIM

---

[1]     The Debtors in these title III cases, along with each Debtor's respective title III case number
(listed as a bankruptcy case number due to software limitations) and the last four (4) digits
of each Debtor's federal tax identification number, as applicable, are the (i)
Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits
of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last
Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation
Authority ("HTA") (Bankruptcy Case No. 17-BK- 3567-LTS) (Last Four Digits of Federal
Tax ID: 3808), and (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA")
(Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); and
(v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-
LTS) (Last Four Digits of Federal Tax ID: 3747).

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] and Goldman Sachs Bank USA (f/k/a Goldman Sachs Capital Markets, L.P.) ("GS Bank", and, together with COFINA, the "Parties") hereby stipulate and agree as follows:

**<u>RECITALS</u>**

A.     On July 12, 2007, COFINA and GS Bank entered into a swap agreement, governed by (i) the terms of a confirmation, dated July 12, 2007, a copy of which is attached hereto as Exhibit "A" (the "Confirmation"), and (ii) an International Swap Dealers Association, Inc. Master Agreement, dated as of July 31, 2007, a copy of which is attached hereto as Exhibit "B" ("ISDA Master Agreement"), as amended by (1) the Credit Support Annex to the Schedule to the ISDA Master Agreement, dated as of September 24, 2014, a copy of which is attached hereto as Exhibit "C" (the "Credit Support Annex"), and (2) the Amendment to the ISDA Master Agreement, dated as of September 24, 2014, a copy of which is attached hereto as Exhibit "D" (the "Amendment," and, collectively with the Confirmation, the ISDA Master Agreement, and the Credit Support Annex, the "Swap Agreement");

B.     In connection with the Swap Agreement, COFINA has posted with GS Bank collateral in a designated account that, as of February 6, 2019, contains Forty-Nine Million Nine Hundred Thirty-Eight Thousand One Hundred One Dollars and Fifty-Three Cents $49,938,101.53 (the "Collateral");

---

[2]     PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

C.      On May 5, 2017, COFINA, by and through the Oversight Board, as COFINA's

representative pursuant to Section 315(b) of PROMESA, filed a petition with the United States

District Court for the District of Puerto Rico (the "Title III Court") under title III of PROMESA

(the "COFINA Title III Case");

D.      From February 2, 2017, up to and including the date hereof, periodic payments

(the "Periodic Payments") in the aggregate amount of Seven Million Nine Hundred Sixty-Eight

Thousand Four Hundred Ninety-Seven Dollars and Twenty Cents ($7,968,497.20) became due

and owing pursuant to the Swap Agreement.  Such amounts remain unpaid as of the date hereof.

E.      On October 19, 2018, the Oversight Board filed a proposed plan of adjustment for

COFINA (as amended, the "Plan").  Class 8 of the Plan provides for the allowance of a claim

relating to the Swap Agreement and alternative treatments for such claim depending upon the

priority of GS Bank's claim.  Specifically, the Plan provides that, on the effective date of the

Plan, to the extent the termination value of GS Bank's claim is greater than the Collateral, GS

Bank would be entitled to retain the Collateral in its entirety.  Plan § 12.1.  With respect to the

balance of GS Bank's claim after the exhaustion of the Collateral, to the extent it was determined

GS Bank's claim is entitled to the same priority as Senior COFINA Bond Claims (as defined in

the Plan), then GS Bank would be entitled to a *pro rata* share of the Senior COFINA Bond

Distribution (as defined in the Plan).  *Id.*  If, on the other hand, it was determined GS Bank's

claim is not entitled to the same priority as Senior COFINA Bond Claims, GS Bank would be

entitled to no distribution on account of the claim after exhaustion of the Collateral.  *Id.*  To the

extent GS Bank's claim was less than the amount of the Collateral, GS Bank would be required

to return the balance of the collateral to COFINA.  *Id.*

F.      Under section 18.1 of the Plan, "all Executory Contracts and Unexpired Leases that exist between COFINA and any Entity, and which have not expired by their own terms on or prior to the Confirmation Date, shall be deemed rejected by COFINA as of the Effective Date." Plan § 18.1.  Pursuant to this provision, the Swap Agreement shall be deemed rejected on the Effective Date (as defined in the Plan).  Upon rejection, GS Bank would be entitled to a damages claim on account of the Swap Agreement determined in accordance with Bankruptcy Code section 562(a).

G.      On February 4, 2019, the Title III Court entered an order confirming the Plan [Case No. 17-BK-3284-LTS, ECF No. 559] and a memorandum of findings of fact and conclusions of law in connection with the confirmation of the plan [Case No. 17-BK-3284-LTS, ECF No. 558].  On February 5, 2019, the Title III Court entered modified versions of both, issuing the *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Case No. 17-BK-3284-LTS, ECF No. 561] and the *Amended Memorandum of Findings of Fact and Conclusions of Law in Connection with Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [Case No. 17-BK-3284-LTS, ECF No. 560].

H.      The Plan shall become effective as early as February 12, 2019.

I.      The Parties have agreed to (1) the rejection of the Swap Agreement pursuant to the terms hereof, (2) the quantification of damages associated with such rejection, and (3) the treatment of such claims in accordance with the provisions of the Plan.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between COFINA and GS Bank, through their undersigned counsel, as follows:

**STIPULATION**

1.     This Stipulation shall be effective and binding upon the Parties on the date that it is "so ordered" by the Title III Court.

2.     Pursuant to the Plan and section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), applicable to the COFINA Title III Case pursuant to Section 301 of PROMESA, the Swap Agreement shall be deemed rejected as of the Effective Date (as defined in the Plan).

3.     Upon the later to occur of (i) the Effective Date of the Plan, and (ii) the Title III Court's approval of this Stipulation, the automatic stay extant pursuant to sections 362 and 922 of the Bankruptcy Code, applicable to the COFINA Title III Case pursuant to Section 301 of PROMESA, shall be deemed modified to the extent necessary to permit GS Bank to sell, pledge, rehypothecate, assign, invest, use, commingle or otherwise dispose of or otherwise use in its business, any and all of the Collateral for GS Bank's benefit, free from any claim or right of any nature whatsoever of COFINA, the Oversight Board, or the Commonwealth of Puerto Rico. COFINA and the Oversight Board shall facilitate the provision of any and all written instructions or consents necessary to effectuate the purposes of this paragraph.

4.     Upon the later to occur of (i) the Effective Date of the Plan, and (ii) the Title III Court's approval of this Stipulation, or as soon as practicable thereafter, COFINA shall pay to GS Bank the sum of Eleven Million Dollars ($11,000,000.00) (the "Cash Payment"), by wire transfer of immediately available funds to the account set forth on written instructions that GS Bank's outside counsel will provide in writing to COFINA's outside counsel.

5.     Upon payment of the Cash Payment, COFINA and GS Bank shall have no further obligation to each other pursuant to the Plan or the Swap Agreement, and each shall be deemed

to be discharged and released of any claims and liabilities to the other arising from or relating to the Swap Agreement.

6.      Upon GS Bank's receipt of the Cash Payment, the Parties shall not be required to perform any obligations under the Swap Agreement and the Swap Agreement shall be deemed terminated.

7.      This Stipulation is subject to and conditioned on approval by the Title III Court. In the event such approval is not obtained: (a) nothing contained herein shall be deemed to be a waiver of any claims or admission of liability by any Parties hereto; and (b) this Stipulation shall be null and void, and all rights of the Parties prior to this Stipulation shall be preserved.

8.      Upon approval of this Stipulation by the Title III Court, the Parties are authorized and empowered to take all actions deemed necessary to implement the terms of this Stipulation.

9.      This Stipulation contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.  For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of the Stipulation.

10.     This Stipulation may be executed in any number of counterparts, by original or electronic signature, each of which is deemed an original, but when taken together constitute one and the same document.

11.     This Stipulation shall be binding upon all successors and assigns of the Parties and shall continue to bind the Parties in the event the COFINA Title III Case is subsequently dismissed prior to consummation of the Plan.

12.     This Stipulation may not be modified other than by a signed writing executed by the Parties hereto and approved by the Title III Court.

13.     The Title III Court shall have jurisdiction to hear any matters or disputes arising

from or relating to this Stipulation.

[*Remainder of page intentionally left blank*]

Dated: February 8, 2019
     San Juan, Puerto Rico

By: */s/  Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

-and-

O'NEILL & BORGES LLP
250 Muñoz Rivera Avenue, Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

By: */s/  Christopher E. Duffy*  _____

Christopher E. Duffy
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel:  (212) 446-2300
Fax:  (212) 446-2350

-and-

Gary Kaplan
FRIED FRANK HARRIS
SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
Tel:  (212) 859-8000
Fax:  (212) 859-4000

*Attorneys for Goldman Sachs Bank USA*

SO ORDERED.
Dated:  February 11, 2019

/s/ Laura Taylor Swain  _____
LAURA TAYLOR SWAIN
United States District Judge