UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------x
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :
MANAGEMENT BOARD FOR PUERTO RICO,                   :   PROMESA
                                                    :   Title III
       as representative of                         :
                                                    :   Case No. 17-BK-3283 (LTS)
THE COMMONWEALTH OF PUERTO RICO et al.,             :
                                                    :   (Jointly Administered)
       Debtors.¹                                    :
-------------------------------------------------------------------x
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :
MANAGEMENT BOARD FOR PUERTO RICO,                   :   PROMESA
                                                    :   Title III
       as representative of                         :
                                                    :   Case No. 17-BK-3284 (LTS)
PUERTO RICO SALES TAX FINANCING,                    :
CORPORATION ("COFINA")                              :
                                                    :
       Debtor.                                      :
                                                    :
-------------------------------------------------------------------x
```

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' URGENT RESPONSE TO
AAFAF'S INFORMATIVE MOTION DISCLOSING PROPOSED PAYMENT OF
$7 MILLION TO BONISTAS DEL PATIO, INC. [DOCKET NO. 5097]**

The Official Committee of Unsecured Creditors of all Title III Debtors (other than

COFINA) (the "Committee") files this urgent response (the "Urgent Response") to the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

*Informative Motion Regarding Stipulation Section 15.2 Expenses* [Docket No. 5097 in Case No. 17-BK-3283 (LTS)] (the "Informative Motion") and respectfully states as follows:

## RESPONSE

1. On the eve of the anticipated effective date of COFINA's recently confirmed plan of adjustment, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")—and, surprisingly, not the Oversight Board—has filed an informative motion attaching a stipulation (the "Stipulation") pursuant to which the Commonwealth agrees to pay $7 million *from its own funds* to Bonistas del Patio, Inc. ("Bonistas") on account of professional fees purportedly incurred by Bonistas in connection with the COFINA plan of adjustment. This is the *first time* that the Court and other parties in interest, including the Committee, have been advised of such an agreement.

2. The sole explanation offered for the Commonwealth taking on this significant obligation is that Section 15.2 of the Plan provides that the Commonwealth shall pay expenses "incurred by the Commonwealth or COFINA, as the case may be, in connection with the development, negotiation, confirmation and consummation of the Plan and the compromise and settlement of the Commonwealth-COFINA Dispute."[2] However, neither the Commonwealth nor COFINA has incurred the $7 million of expenses at issue. These expenses are unlike the fees and expenses of entities retained by the Commonwealth or COFINA. Instead, it is *Bonistas* that claims to have incurred these expenses on account of its own professionals, and for some unexplained reason the Commonwealth has agreed to reimburse Bonistas for such expenses—

---

[2] *Third Amended Title III Plan of Adjustment for Puerto Rico Sales Tax Financing Corporation dated January 9, 2019*, § 15.2 [Docket No. 4658] (the "Plan"). Capitalized terms not defined herein have the meanings set forth in the Plan.

2

apparently without any documentation supporting the amount of fees and expenses actually incurred by Bonistas.[3]

3. In the absence of any such supporting documentation, it is also unclear whether (a) Bonistas even has a contractual obligation to pay the fees and expenses at issue and (b) Bonistas has already paid such fees and expenses and is now seeking reimbursement from the Commonwealth. Nor does the Stipulation offer any indication as to what consideration the Commonwealth is receiving (or has received) in exchange for making the $7 million payment. Indeed, it is questionable what consideration the Commonwealth could have received so shortly before the effective date and well after entry of the order confirming the COFINA Plan.

4. Moreover, the Stipulation acknowledges that Bonistas (which was a party to the Amended and Restated Plan Support Agreement) is **not** a Consummation Cost Party entitled to a share of the Consummation Costs. Thus, unlike other parties to the Plan Support Agreement, Bonistas did not bargain for payment of its expenses incurred in connection with the negotiation, development, confirmation, and consummation of COFINA's plan of adjustment. In fact, as Bonistas previously represented, it is ***not even a creditor of COFINA***.[4]  ***Nor has Bonistas ever filed a notice of appearance in any of these Title III cases or made any disclosures under Bankruptcy Rule 2019.***

5. At this time, and without additional disclosure, the Committee is troubled by the Commonwealth's agreement, on the eve of the effective date of the COFINA plan and without

---

[3] The Stipulation states that Bonistas "has **represented** to AAFAF that it has incurred expenses in the aggregate amount of $7,000,000 for professional services . . . " Stipulation at 2 (emphasis added).

[4] *See* Amended and Restated Plan Support Agreement, dated as of September 20, 2018, §3.9 ("Bonistas hereby represents and warrants that . . . Bonistas do not hold any Junior COFINA Bonds or Senior COFINA Bonds, or any Junior COFINA Bond Claims or any Senior COFINA Bond Claims."). A copy of the *Amended and Restated Plan Support Agreement is attached as Exhibit B to the Disclosure Statement of for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [Docket No. 4364].

3

prior notice to the Court or the Committee, to take on such a sizeable, undocumented obligation. Clearly, AAFAF believed that *some* disclosure was required here (otherwise they would not have filed the Informative Motion in the first place); however, what has been actually disclosed is woefully inadequate to evaluate whether the proposed payment is appropriate.[5]

6. For theses reason, the Committee requests that the Court (a) direct that no such payment should be made unless additional disclosure is provided to the Court and parties and interest and (b) direct AAFAF to make additional disclosure addressing the following questions:[6]

- Is Bonistas contractually obligated to pay $7 million to its professionals?

- Has Bonistas made any payments to its professionals? If so, how much?

- What is the basis for the Commonwealth's proposed $7 million payment to Bonistas?

- What consideration is the Commonwealth receiving (or has received) in exchange for making the proposed $7 million payment to Bonistas?

- Who are the ultimate recipients of the proposed $7 million payment?

- When did the Commonwealth agree to take on the obligation to pay $7 million to Bonistas?

- If such an agreement was made before February 11, 2019, why was this agreement not disclosed sooner?

7. The Committee fully understands that the filing of an urgent response is not the preferred procedural vehicle to seek the relief it is now seeking this morning. However, given the filing of the Informative Motion at 9:37 p.m. (ET) yesterday evening and the anticipated

---

[5] While the Committee fully expects that AAFAF will argue that because PROMESA does not incorporate the concept of an "estate" and section 363 of the Bankruptcy Code, and that, therefore, the Court has no jurisdiction to review the payment, the point remains that the Commonwealth is a Title III debtor and that the proposed payment is apparently being made as some kind of *quid pro quo* related to actions taken or not taken by an entity in the context of confirmation of a plan of adjustment for another Tittle III debtor (COFINA) and as such cannot escape some form of scrutiny.

[6] By filing of a motion disclosing the proposed payment and describing such payment as an "expense" under a plan of adjustment confirmed by this Court, the Commonwealth has clearly submitted to the Court's jurisdiction with respect to such proposed payment.

4

occurrence of the COFINA plan effective date (at which time the proposed payment could be made), the Committee submits that the filing of this Urgent Response is sufficiently procedurally proper to at least have the Court maintain the *status quo* until the Committee could file more elaborate pleadings (if the Court so requires). To be clear, the Committee understands that the proposed $7 million payment is not a condition to the occurrence of the COFINA plan effective date.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court grant relief as is just and proper.

| | |
|---|---|
| Dated: February 12, 2019 | */s/ G. Alexander Bongartz* |

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA)*