UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

   Debtors.

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

[Responding to Docket 5077]

**RESPONSE TO DOCKET 5077, INFORMATIVE MOTION OF FOMB AND UCC REGARDING PROCEDURES ORDER, OF INDIVIDUAL BONDHOLDER RESIDING IN THE 50 STATES WHO PURCHASED IN 2012 AT THE ORIGINAL OFFERING PRICE**

Dated: February 8, 2019

## **Preliminary Statement**

I appreciate FOMB and UCC incorporating some of my comments, but I had other comments that were not incorporated. I believe the Notice of Participation process should be made as easy as possible for the many individual investors who – like me – bought Puerto Rico's bonds based on its Constitution, laws, covenants and representations.

The following comments were not incorporated, despite my raising them in the meet and confer process, and I urge the Court to direct the modification of the documents to incorporate these comments.

I.  **Response on Notice of Omnibus Objection [Docket 5077-1 page 7 et seq. of 19, Ex. 1]**

    A.  Add language following the current fourth paragraph of text of the document (after ¶ 2 on 5077-1 page 8 of 19) that reads as follows:

"You may file a Notice of Participation in any of several ways:

    (1)  **If you do not have an attorney, you can file your Notice of Participation on your own by emailing a copy of your Notice of Participation to the following email address:** [NOTE: specify email address set up to receive Notices of Participation; a service such as Prime Clerk should be able to accept Notices of Participation and other papers by email and then distribute them to all parties and coordinate with the Clerk's office to post them on the Court docket, if appropriate]; **or you can mail your Notice of Participation by first-class mail to the following address: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767; or you can deliver your notice of participation to the Clerk's office at that address.**

    (2)  **If you have an attorney who is registered to file electronically in the United States District Court for the District of Puerto Rico, your attorney can file and serve a Notice of Participation for you in accordance with the procedures of that court.**"

**Reasons**: Individual bondholders should be given **one** email address that they can email their Notice of Participation to.

The current proposal from FOMB and UCC requires individual bondholders to cross-reference ¶ 8 of the Objection Procedures document and email copies of their Notice of Participation to the 13 different FOMB and UCC attorneys listed in ¶ 8, as well as mail or deliver it to the District Court Clerk (see 5077-1 at page 19 of 19 (bottom of page); 5077-1 at page 16 of 19 (¶ 8)). There is no legitimate reason for imposing this burden. The desire of 13 FOMB and UCC attorneys (or even a lesser number of them) to have their own individual emailed copy is not a legitimate reason to burden individual bondholders. Conversely, any potential for some bondholders to be deterred by this burden from filing a Notice of Participation (or simply being confused about what they need to do) is a compelling reason **not** to impose this unnecessary burden on individuals.

I note that a special email address is already being set up for fielding questions regarding the notice. See Docket 5077-1, page 8 of 19. There is no reason another special email address cannot be set up to receive Notices of Participation and other filings by bondholders.

Having a process that is easy for individuals who are not represented by counsel to utilize is important not only for those individuals, but for other individuals such as me as well, so that we do not have the situation where individual claims get precluded from voting at the outset because of the difficulty of individuals filing a Notice of Participation and that later impacts on, *inter alia*, any voting process to the detriment of all individual bondholders. (In addition, as I argue below in Section IV(B)(2), a failure to file a Notice of Participation should not – as FOMC and UCC propose – result in the loss of the right to vote on a plan in the event the Court grants the Objection in whole or in part.)

Individuals should be given the ability to file Notices of Participation (and other papers in these proceedings) by sending papers to a specified email address, with a party maintaining the email address (such as Prime Clerk) having the responsibility of providing the items to the Clerk's office to place on the court docket. There may be hundreds or thousands of individual bondholders affected by this action; most of them will not have a sufficient stake to make it economically feasible to retain counsel with access to the Puerto Rico District Court efiling system. It is unfair to have two filing and service systems: an easy one for parties with counsel registered to file electronically with the Puerto Rico District Court (including the FOMB and UCC) and a far more cumbersome system for individuals without such counsel.

To have a two-tier filing system – easy for the well-funded FOMB and UCC, but burdensome and difficult for individual bondholders – only further compounds the extraordinary unfairness of this proceeding, in which the FOMB and UCC are using the money that bondholders have a constitutional and statutory lien upon, and a Constitutional right of first payment to, yet (on top of the thousands of advertising, publicity and consulting contracts and multitude of other expenditures that go on unrestrained by the FOMB), the FOMB and the UCC are using money that

should be paid to the bondholders to fund efforts like this to invalidate the bonds. See, e.g., Docket 4913.

Conforming changes in this and the other document should be made as appropriate to incorporate the foregoing comments.

II. **Response on Notice of Participation [5077-1 pages 18-19 of 19, Ex. 3]**

    A. **There needs to be a clear explanation in this document as well of exactly how the filing of a Notice of Participation is to be made, not simply a "note" at the end of the document.**

The instructions for how filing a Notice of Participation is to be made need to spell out, in one place (without the need to cross reference a paragraph in another document), the procedure both for individuals and for attorneys (who may not otherwise be involved in these cases). There should be very simple and direct instructions on this form such as:

"**Instructions for filing Notice of Participation:**

    (1) **If the Notice of Participation is to be filed by an individual without an attorney or an attorney who is not registered to use the Puerto Rico District Court electronic filing system, the Notice of Participation should be sent to [NOTE: specify email electronic address] or mailed or delivered to: The Clerk of the United States District Court for the District of Puerto Rico, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.**

    (2) **If you use an attorney who is registered to file electronically on the Puerto Rico District Court electronic filing system, that attorney should file according to those procedures."**

As noted above, a requirement to serve 13 FOMB and UCC attorneys (or even a lesser number of them), even by email, is burdensome and not necessary. There should be a mechanism, as described above, whereby Notices of Participation (and other papers) can be sent by email to a designated email address maintained by Prime Clerk or another designee, which can arrange for the Court Clerk to docket the papers and also electronically distribute the papers to all participants by email.

### III. Response on Proposed Order [Docket 5077-1 pages 2 et seq. of 19]

Paragraph 6 (on page 4 of 18) should include publication in the *Wall Street Journal*. Few individual retail investors in the 50 states read the *Bond Buyer*. Just as publication notice is being given in several publications in Puerto Rico and/or in Spanish, notice should be given in the *Wall Street Journal*, which is an English language publication in the 50 states read by many individual investors.

### IV. Response on Initial Procedures for Resolving Omnibus Objection [Docket 5077-1 at 11 et seq. of 19, Ex. 2]

In addition to conforming changes to reflect the foregoing comments, the following comments should be incorporated.

#### A. Response on Section 1: "Exclusivity of Procedures" [Docket 5077-1 at 12 of 19]:

I do not believe it is appropriate to establish exclusive procedures prior to actual notice being given to bondholders, and at the very least, all bondholders who have filed claims. This process was initiated by supposed "urgent motion" without first providing actual notice to all bondholders. Yet-to-be-notified bondholders should have the right to be heard and to comment on proposed procedures.

In addition, Section 1 is also not necessary because the procedures are what are described. There is no need to expressly describe them as "exclusive," which could create an unfair obstacle for individuals who may seek relief from the procedures in the future or seek to modify the procedures. Alternatively, at the very least, Section 1 should expressly acknowledge that yet-to-be notified bondholders have a right to seek a modification of the prescribed procedures that were ordered prior to their being notified.

    **B.**    **Response on Section 2: "Notice of Participation" [Docket 5077-1 at 12 of 19]:**

    (1)    **Response on Section 2, ¶4 [Docket 5077-1 at 13 of 19, ¶2 on that page]: The time frame required for individuals whose bonds are held in "street name":** Because notice packets for beneficial holders require coordination with the securities broker firms, the process to distribute notice packets and copies of the COFINA plan took about 3 weeks from the time Court entered the order authorizing the notice (which appears to be COFINA Docket 375 on 11/29/18) to the time the packets were actually received by individual bondholders. (I received my notice packets, with copies of documents on a flash drive, from two different brokers on the same day, December 17, 2018, on the eve of the Christmas/New Year's holidays (see Docket 4585 at 23-24).)

    Accordingly, additional time should be provided to allow for: the delays in the dissemination to individuals; the fact that the individuals might be on vacation at the time of receipt or that the ultimate receipt might fall within a holiday period; the fact that an individual may wish to consult with counsel and may need to first identify counsel to consult with and find an opportunity to consult with them, etc.

    I believe at least 80 days from the time of the Court's entry of the order are needed to ensure effective notice to individuals.

    (2)    **Response on Section 2, ¶ 5 [Docket 5077-1 at 13 of 19, ¶ 3 on that page]: Failure to timely file a Notice of Participation should not result in the loss of voting rights.** This paragraph currently suggests that if one fails to file a Notice of Participation and the Court grants the Objection in whole or in part, one consequence will be the loss of one's vote on any proposed plan of adjustment (e.g., "…claimants will be forever barred …from voting on any plan"); see also the language in the Notice itself at Docket 5077-1 page 8 of 19.

    However, even if someone does not file a Notice of Participation, they should not – by reason of failing to file a Notice of Participation – be barred from **voting** on a plan of adjustment

if one is proposed. It is one thing to say that if the matter is litigated to conclusion someone who fails to file a Notice of Participation may nevertheless be barred and bound. It is a totally different matter to say that people who fail to file a Notice of Participation in the litigation shall be barred from **voting** on any future Plan. There is no legitimate reason for precluding them from **voting**.

The requirement that a Notice of Participation be filed should not be used to deprive individuals of the right to vote on a Plan, and thereby skew the voting on any future Plan. Even an individual bondholder who can figure out how to file a Notice of Participation and otherwise participate in the litigation that ensues will be prejudiced, if there is a future vote on a Plan, if the procedures used for filing Notice of Participation are not user-friendly so that all individual bondholders, including less sophisticated individual bondholders without counsel, understand and are able to practically comply with the process. Furthermore, all individual bondholders – including me – will be prejudiced if individuals who fail to file a Notice of Participation, for whatever reason, are prohibited from voting, as that too will skew the voting on any future Plan.

For the record, I object to any use of a voting process to abrogate any of my contract, property, statutory or constitutional rights, all of which I reserve.

### C. Response on Section 3 [Docket 5077-1 at 13 of 19]:

**(1) Response on Section 3 ¶¶ 4 and 5 (page 14 of 19, ¶ 3-4 on that page):** As noted above, there needs to be a provision for filing papers by sending to an email address. The time periods allowed are very short and are not feasible unless individuals without counsel can file papers by sending to an email address. These short time periods are particularly difficult as it is for individuals who (unlike FOMB and UCC) do not have teams of attorneys and paralegals working on the matter and may need to find time to prepare whatever they wish to file at night or on weekends.

**D.     Response on Section 4, Point B [Docket 5077-1 at page 15 of 19]**

A requirement such as "shall cooperate in good faith" should not be imposed. Instead this could read: "It is requested that parties challenging the validity of GO bonds and respondents use reasonable efforts, to the extent practical, to cooperate to file joint papers." There should be no prohibition against filing separate papers which bondholders, both large and small, may feel they need to file to appropriately reflect their perspective and protect their interests.

Furthermore, if parties are to be asked to avoid separate briefing, the time periods to allow for coordination will need to be longer than they otherwise may need to be. Any attempt to mandate a limit on separate briefing by separately represented parties or individuals representing themselves is just not practical in light of the time deadlines that appear to be contemplated.

**E.     Response on Section 7 [Docket 5077-1 at page 16 of 19]:**

One could include a paragraph stating that: "Both parties challenging the validity of the GO bonds and bondholders opposing the challenge, reserve all rights as to their potential claims or defenses." However, the one-sided statement that Objectors are not precluded from raising new grounds for objection is not appropriate. There may be time bars or other reasons why additional bases for objections that were not heretofore asserted should be precluded. Bondholders should not lose rights or defenses by virtue of an order concerning initial procedures, particularly an order that most bondholders have not even been told is in prospect, since no notice to date has been given to all bondholders.

Respectfully Submitted,

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY  10023
petercheinsr@gmail.com

## CERTIFICATE OF SERVICE

I have caused to be mailed a copy of this "[Responding to Docket 5077] Response To Docket 5077, Informative Motion Of FOMB And UCC Regarding Procedures Order, Of Individual Bondholder Residing In The 50 States Who Purchased In 2012 At The Original Offering Price," by email to each of the parties or their attorneys on the attached service list.

Dated: February 8, 2019

_____
Peter C. Hein

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Wednesday, February 6, 2019 5:29 PM
**To:** Burke, Donald <dburke@robbinsrussell.com>; Stancil, Mark <mstancil@robbinsrussell.com>; donald.bernstein@davispolk.com; brian.resnick@davispolk.com; Libby, Angela M. <angela.libby@davispolk.com>; jpeck@mofo.com; GLee@mofo.com; Fioccola, David J. <DFioccola@mofo.com>; Esposito, Grant J. <gesposito@mofo.com>; mark.ellenberg@cwt.com; Caton, Amy <ACaton@KRAMERLEVIN.com>; Mayer, Thomas Moers <TMayer@KRAMERLEVIN.com>; Bello, Nancy M. <NBello@KRAMERLEVIN.com>; O'Neill, P. Bradley <BOneill@KRAMERLEVIN.com>; Zeituni, Karen R <kzeituni@paulweiss.com>; Rosenberg, Andrew N <arosenberg@paulweiss.com>; Buckley, Douglas <DBuckley@KRAMERLEVIN.com>; jeff.bjork@lw.com; christopher.harris@lw.com; adam.goldberg@lw.com; liza.burton@lw.com; petercheinsr@gmail.com; Servais, Casey <Casey.Servais@cwt.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Bliss, James R. <jamesbliss@paulhastings.com>; Goldstein, Irena <irenagoldstein@paulhastings.com>; Weisfelner, Edward S. <EWeisfelner@brownrudnick.com>; Papalaskaris, Angela M. <APapalaskaris@brownrudnick.com>; Beville, Sunni P. <SBeville@brownrudnick.com>
**Subject:** RE: Puerto Rico GO Bonds Objection - Revised Proposed Procedures Documents