# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | Re: ECF No. 4866-1 |
| Debtors.[1] | |

## DEBTORS' EIGHTH OMNIBUS MOTION FOR APPROVAL OF MODIFICATIONS TO THE AUTOMATIC STAY

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors"), as Title III debtors, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to sections 362(d)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these cases by PROMESA section 301(a), and in accordance with Paragraph III.Q of the Case Management Procedures (as defined below), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), retroactively approving the modifications to the automatic stay set forth in Bankruptcy Code sections 362(a) and 922(a) (the "Title III Stay"), (a) for the parties and actions set forth in **Exhibit 1** to the Proposed Order, *nunc pro tunc* to the dates specified therein, and (b) for the parties and actions filed by HTA as set forth in **Exhibit 2** to the Proposed Order, *nunc pro tunc* to the date of this Motion. In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicate for the relief sought herein is Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to these Title III cases by PROMESA section 301(a).

**Background**

4.      On June 2, 2017, the Court entered an order approving certain notice, case management, and administrative procedures for the Title III cases [ECF No. 249] (as amended, the "Case Management Procedures"), which was subsequently amended on June 6, 2017 to make certain non-substantive clarifications and amendments [ECF No. 262].

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

5.      On August 17, 2017, the Court entered an order further amending the Case Management Procedures to, among other things, implement a protocol (the "Lift Stay Protocol") for filing motions for relief from Title III Stay [ECF No. 1065]. Under the Lift Stay Protocol, a movant is required to (a) send notice (a "Lift Stay Notice") to counsel to the Oversight Board and AAFAF to advise them of the movant's intent to seek relief from the Title III Stay at least fifteen (15) business days prior to filing a motion seeking such relief (the "Lift Stay Notice Period") and (b) meet and confer with the Debtors during the Lift Stay Notice Period.

6.      On September 13, 2017, the Debtors filed a motion to amend the Case Management Procedures [ECF No. 1299] to allow the Debtors (a) to enter into stipulations modifying or lifting the Title III Stay under Paragraph III.Q of the Case Management Procedures without further order of the Court and (b) in their discretion, to modify or lift the Title III Stay with respect to any prepetition ordinary course civil action against a Debtor without the filing of a Lift Stay Notice and further order of the Court.

7.      On October 24, 2017, the Court approved the *Third Amended Notice, Case Management and Administrative Procedures* [ECF No. 1512-1], which implemented the Debtors' requested changes to the Lift Stay Protocol and requires the Debtors to file an omnibus lift stay motion every 60 days, identifying each modification to the Title III Stay agreed to by the Debtors during the relevant period and seeking retroactive Court approval of such modifications *nunc pro tunc* to the relevant modification date.

8.      On December 28, 2017, the Court granted the *Debtors' First Omnibus Motion Seeking Approval of Stipulations Modifying the Automatic Stay* [ECF No. 2191] (the "First Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc* to the dates specified therein.

3

9.     On February 21, 2018, the Court granted the *Debtors' Second Omnibus Motion Seeking Approval of Stipulations Modifying the Automatic Stay* [ECF No. 2565] (the "Second Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

10.    On April 4, 2018, the Court approved the *Fourth Amended Notice, Case Management and Administrative Procedures* [ECF No. 2839] replacing the local counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority for purposes of service of documents and adding new dates for omnibus hearings scheduled by the Court.

11.    On April 23, 2018, the Court granted the *Debtors' Third Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 2945] (the "Third Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

12.    On May 1, 2018, the Court granted the *Debtors' Supplement to Third Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 2988] (the "Supplement to Third Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

13.    On June 20, 2018, the Court granted the *Debtors' Fourth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3326] (the "Fourth Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

14.    On August 21, 2018, the Court granted the *Debtors' Fifth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3925] (the "Fifth Omnibus Motion"),

which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the dates specified therein.

15.     On September 17, 2018, the Court granted the *Debtors' Supplement to Fifth Omnibus Motion for Approval of Modifications to the Automatic Stay* [ECF No. 3940] (the "Supplement to Fifth Omnibus Motion"), which modified the Title III Stay as set forth in an attached exhibit, *nunc pro tunc*, to the date specified therein.

16.     On November 9, 2018, the Court granted the *Debtors' Sixth Motion for Approval of Modifications to the Automatic Stay* [ECF No. 4201] (the "Sixth Omnibus Motion")*,* which modified the Title III Stay as set forth in the attached exhibits, *nunc pro tunc*, to the dates specified therein.

17.     On December 21, 2018, the Court granted the *Debtors' Seventh Motion for Approval of Modifications to the Automatic Stay* [ECF No. 4550] (the "Seventh Omnibus Motion")*,* which modified the Title III Stay as set forth in the attached exhibit, *nunc pro tunc*, to the dates specified therein.

### Relief Requested

18.     By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, (i) retroactively approving the modifications to the Title III Stay for the parties and actions set forth in Exhibit 1 to the Proposed Order, *nunc pro tunc* to the dates specified therein and (ii) approving modifications to the Title III stay for the parties and actions related to HTA retroactive to the date of this Motion as set forth in Exhibit 2. As required by Paragraph III.Q of the Case Management Procedures, Exhibit 1 and Exhibit 2 to the Proposed Order includes a brief description of the modification of the Title III Stay and case information (including case number and court), as applicable, for each party.

19.     This Motion seeks to approve modifications to the Title III Stay listed in Exhibit 1 to the Proposed Order agreed to by the Debtors for the period from December 15, 2018 through February 12, 2019 (the date of this Motion). Further, the Motion seeks to approve modifications to the Title III Stay agreed to by HTA, through this Motion and without need for a stipulation in accordance with Paragraph III.Q of the Case Management Procedures, as detailed in Exhibit 2 to the Proposed Order.

## Basis for Relief

20.     Bankruptcy Code section 362(a), made applicable to Title III cases pursuant to PROMESA section 301(a), provides, in relevant part, that the commencement of a Title III case operates as a stay enjoining all persons and entities from, among other things: (i) commencing or continuing any action or proceeding against a debtor that was or could have been brought against the debtor before the commencement of the debtor's Title III case, (ii) taking any action to obtain possession or control over property of the debtor, and (iii) attempting to collect, assess, or recover on a prepetition claim. See 11 U.S.C. § 362(a). In Title III cases, in addition to the automatic stay under section 362(a), Bankruptcy Code section 922(a) provides an additional stay of "any judicial, administrative, or other action or proceeding against an officer or inhabitant of the municipality that seeks to enforce a claim against the municipal debtor." 11 U.S.C. § 922(a).

21.     Bankruptcy Code section 362(d)(1) provides that a court may grant relief from the automatic stay "for cause." See 11 U.S.C. § 362(d)(1). To determine whether "cause" exists to grant relief from the automatic stay, courts generally examine numerous different factors, including those set forth in Sonnax Indus., Inc. v. TriComponent Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990). See Brigade Leveraged Capital Structures Fund Ltd. v. García-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of

whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing Sonnax, at 1286; C & A, S.E. v. P.R. Solid Waste Mgmt. Auth., 369 B.R. 87, 94–5 (D.P.R. 2007))).

22.     Additionally, under Bankruptcy Code section 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23.     Since implementing the Lift Stay Protocol on August 17, 2017, the Debtors have received over 210 Lift Stay Notices seeking relief from the Title III Stay to prosecute various prepetition actions. The Debtors and their advisors, in consultation with the Oversight Board, carefully reviewed and analyzed each of the Lift Stay Notices and determined that it was appropriate to modify the Title III Stay for the parties and actions listed in Exhibit 1 and 2 to the Proposed Order, *nunc pro tunc* to the dates specified therein.

24.     The twenty-five actions listed in Exhibit 2 to the Proposed Order involve condemnation proceedings commenced by HTA.  As explained more fully in Exhibit 2 of the Proposed Order, the proposed modification of the automatic stay for these actions fall into one of three categories: (1) modification of the automatic stay to allow such action to proceed to judgment, but any execution and enforcement of any judgment would remain stayed; (2) modification of the automatic stay to allow HTA to consign to the Puerto Rico Court of First Instance a certain amount in connection with the condemnation proceeding, and to allow such action to proceed to judgment, but any execution and enforcement of any judgment would remain stayed; and (3) modification of the automatic stay to allow HTA to either dismiss the action or continue to negotiate a settlement of the action with the parties.  Because of the number

of claims involved, it would be logistically burdensome for HTA to enter into stipulations with respect to each action to modify the automatic stay.

25.     The Debtors believe that modifying the Title III Stay for these matters will alleviate the strain on the Title III cases and this Court, will further interests of judicial economy, and maximize the Debtors' resources for the benefit of all parties in interest by avoiding costly claim litigation in this Court on matters that are already well underway in other fora. Importantly, the proposed consensual stay modifications will only allow the subject case to proceed to liquidation of any claim amount and will not permit any enforcement or collection of any claim arising prior to the respective Debtors' petition dates.  Also, the Debtors reserve all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Cases, including the treatment of any claim arising from the subject actions under a plan of adjustment or otherwise in the Title III Cases.  Accordingly, the Debtors request that the Court enter an order retroactively approving the modifications of the Title III Stay set forth on Exhibits 1 and 2 to the Proposed Order.

### Notice

26.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against COFINA; (d) counsel to the statutory committees appointed in these Title III cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to the

Oversight Board; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[3]
(i) all parties filing a notice of appearance in these Title III cases; and (j) the parties set forth in
Exhibit 1 to the Proposed Order. A copy of the Motion is also available on the Debtors' case
website at https://cases.primeclerk.com/puertorico/.

27.      The Debtors submit that, in light of the nature of the relief requested, no other or
further notice need be given.

**No Prior Motion**

28.      The Debtors have not made any prior motion for the relief sought in this Motion
to this or any other court.

*Remainder of Page Intentionally Left Blank*

---

[3]   The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the
bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued
or guaranteed by the Debtors.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order in the form attached hereto as **Exhibit A**, retroactively approving the modifications of the Title III Stay set forth on Exhibits 1 and 2 to the Proposed Order, and granting such other and further relief as the Court may deem proper.

Dated: February 12, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (admitted *pro hac vice*)
Brian S. Rosen (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Maja Zerjal (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight*
*and Management Board as Representative*
*for the Debtors*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight*
*and Management Board as Representative*
*for the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>Re: ECF No. _____ |

### EIGHTH OMNIBUS ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the *Debtors' Eighth Omnibus Motion for Approval of Modifications to the Automatic Stay* (the "Motion");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), made applicable to the Title III cases by PROMESA section 301(a), the Title III Stay is modified as set forth in the attached Exhibit 1 for matters subject to prior stipulations among or between the applicable Debtor and counterparty(ies), *nunc pro tunc* to the dates specified therein.

3.      Pursuant to Bankruptcy Code sections 362(d)(1) and 105(a), the Title III Stay is modified as set forth in the attached Exhibit 2 for certain parties and cases filed by HTA, *nunc pro tunc* to February 12, 2019 (the date of the Motion).

4.      All rights, defenses, and protections of each of the Debtors with respect to any matters pending or that may arise in their respective Title III Cases, including the treatment of any claim arising from the matters set forth on Exhibits 1 and 2 hereof under a plan of adjustment or otherwise in the Title III Case are hereby reserved.  Nothing in this Order or the Debtors' consent to stay modification as set forth in the Motion shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; (b) a waiver of the Debtors' rights to dispute, contest, setoff, or recoup any claim, including any claims asserted in the subject actions, or assert any related rights, claims, or defenses and all such rights are reserved; or (c) an approval or assumption of any agreement or contract between the parties under Bankruptcy Code section 365.

5.      Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Court shall retain jurisdiction to hear and determine all matters (a) arising from or related to the implementation, enforcement, or interpretation of this Order and (b) concerning the execution or enforcement in the Title III cases of any judgment entered in a prepetition ordinary course civil action where the Debtors agreed to modify or lift the Title III Stay to allow the action to proceed to judgment by the underlying court.

Dated: _____

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

3

## EXHIBIT 1

## TITLE III STAY MODIFICATIONS AGREED TO BY THE DEBTORS
## FROM DECEMBER 15, 2018 THROUGH FEBRUARY 12, 2019

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 1. | *Corporación Marcaribe Investment v. DRNA*<br><br>Case No. AAC2015-0050<br><br>Puerto Rico Court of First Instance<br><br>Inverse Condemnation | Corporación Marcaribe Investment | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to final judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment, for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | January 11, 2019 |
| 2. | *Sucn. de Frank Torres Ortiz v. Junta De Planificación*<br><br>Case No. JAC2015-0465<br><br>Puerto Rico Court of First Instance<br><br>Inverse Condemnation | Estate of Frank Torres Ortiz and Aurea Rodríguez composed of Frank E. Torres Rodríguez and Eva Torres Rodríguez | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to allow the Prepetition Action to proceed to final partial judgment before the Prepetition Court, solely with respect to whether and when a regulatory taking or a taking occurred in connection with the change in zoning of Movant's real property; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor, without prejudice to Movant's right to seek further relief from the Title III Stay in accordance with the Case Management Order after the Prepetition Court has rendered its determination regarding whether and when a regulatory taking or a taking occurred. | January 28, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| 3. | *Genesis Security Services v. Depto Trabajo y Recursos Humanos*<br><br>Case No. KCD2015-2773<br><br>Puerto Rico Court of First Instance<br><br>Employment case | Genesis Security Services | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution before the Puerto Rico Court of Appeals (the "Court of Appeals") only with respect to a Motion to Dismiss dated February 26, 2016 (the "Motion to Dismiss");  (b) allow any appeal or certiorari petition of the Court of Appeals' decision with respect to the Motion to Dismiss to proceed to final judgment and/or resolution before the Puerto Rico Supreme Court; and (c) if the Motion to Dismiss is vacated or set aside, allow the Prepetition Action to proceed to final judgment and/or resolution before the Prepetition Court, as well as any appeal or certiorari petition before any court with jurisdiction to hear such appellate review; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | January 28, 2019 |
| 4. | *Genesis Security Services v. Dpto. de la Familia*<br><br>Case No. KCD2016-0753<br><br>Puerto Rico Court of First Instance<br><br>Employment Case | Genesis Security Services | Commonwealth | The Title III Stay is hereby modified solely to the limited extent necessary to (a) allow the Prepetition Action to proceed to final judgment and/or resolution before the Prepetition Court, (b) allow any appeal or certiorari petition of the Prepetition Court's decision to proceed to final judgment before the Puerto Rico Court of Appeals, and (c) allow any appeal or certiorari petition with respect to the Puerto Rico Court of Appeals' decision to proceed to final judgment and/or resolution before the Puerto Rico Supreme Court; provided, however, the Title III Stay shall | January 28, 2019 |

| | CASE INFORMATION | MOVANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | STIPULATION DATE |
|---|---|---|---|---|---|
| | | | | continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against the Commonwealth or any other Title III Debtor. | |

## EXHIBIT 2

## TITLE III STAY MODIFICATIONS REGARDING
## CONDEMNATION PROCEEDINGS AGREED TO BY HTA[6]

A. Description of Title III Stay Modification (Actions to Proceed to Judgment)

As of February 12, 2019, the Title III Stay is hereby modified solely to the limited extent necessary to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court.

| | CASE INFORMATION | DEFENDANT | DEBTOR |
|---|---|---|---|
| 1. | *ACT v. Reynaldo Rodríguez Pagán (Municipio de Carolina)*, Case No. KEF1997-0196 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Reynaldo Rodríguez Pagán (Municipio de Carolina) | HTA |
| 2. | *ACT v. Manuel de Jesús Ramos Hernández*, Case No. KEF1998-0464 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Manuel de Jesús Ramos Hernández | HTA |
| 3. | *ACT v. Sucn. Eufemia Mercado Parra*, Case No. KEF1998-1261<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Sucn. Eufemia Mercado Parra | HTA |
| 4. | *ACT v. Amedee Emanuelli*, Case No. KEF1999-0040 and Case No. KEF1999-0044<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Amedee Emanuelli | HTA |
| 5. | *ACT v. Citizens Renovation & Development Corp., et al.*, Case No. KEF2001-0335<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Citizens Renovation & Development Corp. | HTA |

---

[6]   Capitalized terms used herein that are not otherwise defined shall have the meaning given to them in the *Debtors' Eighth Omnibus Motion for Approval of Modifications of the Automatic Stay*.

"Prepetition Court" shall mean the Puerto Rico Court of First Instance.

"Prepetition Action" shall mean the action identified in the column, "Case Information."

| | CASE INFORMATION | DEFENDANT | DEBTOR |
|---|---|---|---|
| 6. | *ACT v. Citizens Renovation & Dev.,* Case No. KEF 2001-0338<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Citizen Renovation & Dev. | HTA |
| 7. | *ACT v. Carlos Serrano Cruz, Inc.,* Case No. KEF2002-0748 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Carlos Serrano Cruz, Inc. | HTA |
| 8. | *ACT v. Iturregui Margarida, Carlos E. et al.,* Case No. KEF2003-0095<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Carlos E. Iturregui Margarida | HTA |
| 9. | *ACT v. Intermericas Turnkey*, Case Nos. KEF2003-0206 and KEF2003-0205 (consolidated)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Intermericas Turnkey | HTA |
| 10. | *ACT v. Miguel Quiñones*, Case No. KEF2004-0435 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Miguel Quiñones | HTA |
| 11. | *ACT v. Ponce Service*, Case No. KEF2004-0559 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Ponce Service | HTA |
| 12. | *ACT v. Sucesión Hiraldo Maeso,* Case No. KEF2004-0786<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Sucesión Hirlado Maeso | HTA |
| 13. | *ACT v. Sucesión Silvino Maeso,* Case No. KEF2005-0277<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding. | Sucesión Silvino Maeso | HTA |
| 14. | *ACT v. Sucn. María C. Castro Castro,* Case No. KEF2006-464<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Sucesión María C. Castro | HTA |
| 15. | *ACT v. Sucn. Lydia Álvarez Avilés,* Case No. KEF2006-0465 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Sucn. Lydia Álvarez Avilés | HTA |

| | CASE INFORMATION | DEFENDANT | DEBTOR |
|---|---|---|---|
| 16. | *ACT v. FDR 1500, Corp.*, Case No. KEF2010-0522<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | FDR 1500 Corp. | HTA |
| 17. | *ACT v. Setlain Montoyo Robles*,<br>Case No. KEF2010-0537 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Setlain Montoyo Robles | HTA |
| 18. | *ACT v. Conde Mercado, Nanette Menéndez*,<br>Case No. KEF2015-0024<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Nanette Conde Mercado | HTA |

[*Continued on Next Page*]

3

B.  Description of Title III Stay Modification (Consignment of Just Compensation)

As of February 12, 2019, the Title III Stay is hereby modified solely to the limited extent necessary to (i) allow HTA to consign to the Prepetition Court the Deposit[7] in connection with the Prepetition Action, and (ii) to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to further supplement the Deposit.

| | CASE INFORMATION | DEFENDANT | DEBTOR | DEPOSIT |
|---|---|---|---|---|
| 1. | *ACT v. Citizens Renovation & Dev.*, Case No. KEF2001-0272<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Citizen Renovation & Dev. | HTA | $1,365,029.33 |
| 2. | *ACT v. Sucesión de Laura Gregory*, Case No. KEF2003-0288 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Sucesión de Laura Gregory | HTA | $1,337,234.00 plus interest |
| 3. | *ACT v. Citizens Renovation & Dev.*, Case No. KEF2004-1050<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Citizen Renovation & Dev. | HTA | $1,751,373.00 plus interest |
| 4. | *ACT v. Radi Corp.*, Case No. KEF2006-0065<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Radi Corp. | HTA | $1,121,834.00 plus interest |
| 5. | *ACT v. Gregorio Agosto López*, Case No. KEF2008-0195 (1002)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Gregorio Agosto López | HTA | $71,700.00 plus interest |

*[Continued on Next Page]*

---

[7]  "Deposit" shall mean the amount identified in the column "Deposit" in the table below.

C.  Description of Title III Stay Modification (Miscellaneous)

| | CASE INFORMATION | DEFENDANT | DEBTOR | BRIEF DESCRIPTION OF THE MODIFICATION | MODIFICATION DATE |
|---|---|---|---|---|---|
| 1. | *ACT v. José L. Carrasquillo*<br><br>Case No. KEF2010-0493 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | José L. Carrasquillo | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow HTA to dismiss the Prepetition Action and proceed to withdraw the amounts consigned to the Prepetition Court (the "Deposit"), and (ii) if the Prepetition Action is not otherwise dismissed, enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement the Deposit. | February 12, 2019 |
| 2. | *ACT v. Compañía de Fomento Industrial de Puerto Rico*<br><br>Case No. KEF2011-0037 (1003)<br><br>Puerto Rico Court of First Instance<br><br>Condemnation Proceeding | Compañía de Fomento Industrial de Puerto Rico | HTA | The Title III Stay is hereby modified solely to the limited extent necessary to (i) allow the parties to continue negotiations to settle the Prepetition Action, and (ii), in accordance with any order of the Prepetition Court, to allow HTA to consign to the Prepetition Court the amount of $417,250.00 and to enable the Prepetition Action to proceed to judgment before the Prepetition Court; provided, however, the Title III Stay shall continue to apply in all other respects to the Prepetition Action, including, but not limited to, the execution and enforcement of any judgment and for any claims for money damages and provisional remedies against HTA or any other Title III Debtor, and any requirement for HTA to supplement any amounts consigned to the Prepetition Court. | February 12, 2019 |