## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO MOTION REQUESTING EXTENSION OF TIME TO SUBMIT CLAIM DOCUMENTATION (DOCKET NO. 5058)

To the Honorable United States District Judge Laura Taylor Swain:

In compliance with the Court's *Order Directing Counsel to the Oversight Board to Respond to Docket Entry No. 5058* [ECF No. 5072] (the "Order"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of COFINA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

hereby submits this objection (the "Objection") to the motion filed by Miriam Sanchez Lebron

("Claimant"), which, in substance, requests an extension of "three or four weeks" to submit

Claimant's full "inventory" of claims or documentation supporting her claim, as defined below

(the "Motion") [ECF No. 5058].   In further support of this Objection, COFINA respectfully states

as follows:

## BACKGROUND

1.      On or about May 24, 2018, Claimant filed a claim against COFINA in the amount

of $0.00, which was logged by Prime Clerk, LLC, as Proof of Claim No. 29560 (the "Claim").

The basis for the Claim is alleged to be a "properties inventory" listing "real estate for sale or rent

that do[es]n't belong to the Commonwealth of Puerto Rico."  *See id.* at 5.   The Claim further

alleges that Claimant understands "these properties are used as a bond guarantee for the income

obtained from those private's corporations buil[t] on land that don't belong to the estate."  *See id.*

Claimant enclosed a "sample[] lists of properties" included in her claim, which lists a number of

pharmaceutical companies that Claimant asserts have facilities in Puerto Rico, as well as a list of

the towns in which those facilities are located.  *See id.* at 6-8.  On or about May 18, 2018,

Claimant also filed claims against the Puerto Rico Electric Power Authority, the Puerto Rico

Highways and Transportation Authority, and the Commonwealth of Puerto Rico, all in the amount

of $0.00, which were logged by Prime Clerk, LLC as Proofs of Claim Nos. 17433, 17219, and

17230, respectively.   Nowhere does Claimant draw a relationship between the "properties

inventory" and a basis on which any of the Title III debtors may be liable or otherwise responsible.

2.      On December 4, 2018, COFINA filed the *Puerto Rico Sales Tax Financing

Corporation's Sixth Omnibus Objection (Non-Substantive) to Deficient Claims* [ECF No. 4410]

2

(the "Sixth Omnibus Objection"), seeking to disallow, in their entirety, 487 deficient proofs of claim (collectively, the "Deficient Claims"), as listed on Exhibit A thereto.   As set forth in the Sixth Omnibus Objection, each of the Deficient Claims failed to provide a basis for asserting a claim against COFINA (or any of the other Debtors), either by failing to provide any basis whatsoever for asserting a claim, or by stating in the proofs of claim and/or supporting documentation that the claimant had no claim or that the claim was against an entity other than COFINA or any of the other Debtors.   Any party who disputed the Sixth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on February 1, 2019, in accordance with the Court-approved notice attached to the Sixth Omnibus Objection as Exhibit C. Such notice was served in English and Spanish on the individual creditors subject to the Sixth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 3804]).   *See* Certificate of Service [ECF No. 4442].   COFINA's reply in support of any responses to the Sixth Omnibus Objection is due no later than March 6, 2019.   ECF No. 4410-4.

3.       On January 24, 2019, Claimant filed a response to the Sixth Omnibus Objection [ECF No. 4877] (the "Response"), which provided limited documentation purportedly supporting the Claim.   Specifically, the Response alleged that Claimant's grandfather, Eladio Lebron, was owed an inheritance from Antonio R. Roig Torrellas, whom Claimant asserts is her grandfather's father.   According to Claimant, that inheritance included "real estates all over the municipalities … almost all" of which is now held by the Commonwealth of Puerto Rico.   Response at 2. Claimant also included numerous exhibits to her response which purported to provide additional documentation in support of the Claim.   Exhibit 1 to the Response, which was labeled "Personal

3

Documents," contains certain official records relating to Eladio Lebron, including a will, a marriage certificate, and records related to his military service.   Exhibit 2 to the Response, which was also labeled "Personal Documents," contains records from the Commonwealth courts. Exhibits 3, 4, 5, 6, and 7 to the Response, which were labeled "Samples of Evidences for my proof of claims no. #29560," contain hundreds of pages of what appear to be Google Maps search results for numerous locations in Puerto Rico.

4.      On February 5, 2019, Claimant submitted the Motion.   With the Motion, Claimant alleges she is enclosing "parts" of her claims, including "claims for Aguadilla, Adjuntas, Arecibo, Añasco, Aibonito, Arroyo, Aguada, Bayamón, Carolina, Guaynabo, Humacao, Las Piedras, Mayagüez, San Juan, Bomberos de Puerto Rico, Quebradillas, San Lorenzo, Yabucoa, Naguabo, Ceiba and Maunabo municipalities.  *Id.*  "[D]ue to extensive inventory," Claimant requests "three or four weeks more to submit the whole inventory" of her claims as to the Commonwealth of Puerto Rico.  *Id.*  The documentation submitted with the Motion contains hundreds of additional pages of what appear to be Google Maps search results for additional locations in Puerto Rico, organized by municipality.

## **RESPONSE**

5.      Neither the Claim nor any of the additional documentation submitted by Claimant provides any basis for asserting a claim against COFINA.   COFINA is a special purpose entity that issued bonds to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation.   COFINA does not purport to own either the municipalities or the pharmaceutical companies Claimant has listed

4

as providing the basis for her Claim.   Likewise, COFINA has not guaranteed any income related to either the municipalities or the pharmaceutical companies at issue.

6.      COFINA respectfully submits the additional evidence Claimant proposes to submit will not be beneficial to the parties or the Court in resolving Claimant's Response to COFINA's Sixth Omnibus Objection as to the Claim.

7.      Moreover, if the Motion were granted, the additional documentation in support of her claim would potentially be due on March 5, 2019.   COFINA's reply in support of its Sixth Omnibus Objection is due only one day later, on March 6, 2019.   While COFINA would not expect any additional documentation to support the Claim, if it did, one day would be insufficient to adequately respond to any additional documentation provided by Claimant.

WHEREFORE COFINA respectfully requests that the Motion and the relief requested therein be denied and COFINA be granted such other and further relief as is just.

*[Remainder of page intentionally left blank]*

5

Dated: February 13, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as representative for
COFINA*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:   (212) 969-3000
Fax:   (212) 969-2900

*Co-Attorneys for the Financial Oversight
and Management Board as representative
for COFINA*

6