**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.* | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION ("COFINA"),<br><br>     Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**STATEMENT OF THE COFINA SENIOR BONDHOLDERS'
COALITION IN SUPPORT OF INFORMATIVE MOTION REGARDING
<u>STIPULATION OF SECTION 15.2 EXPENSES</u>**

---

\* The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The COFINA Senior Bondholders' Coalition[1] submits this Statement in support of the *Informative Motion Regarding Stipulation Section 15.2 Expenses* filed by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") informing the Court that the Commonwealth has agreed to pay $7,000,000 to the Bonistas del Patio ("Bonistas") for payment or reimbursement of professional fees for services rendered by Davis Polk & Wardwell LLP and Ducera Partners LLC, counsel and financial advisor to the Bonistas, respectively, in connection with the negotiation and consummation of the Plan and the compromise of the Settlement (Dkt. 5097) (the "Motion and Stipulation"),[2] and respectfully states as follows:

Under Section 2.1 and 15.1 of the Plan, the Commonwealth was entitled to received certain amounts of cash from the Pre-FY2019 BNYM Deposits and Taxable Election Remainder Amount. These amounts aggregate to approximately $44 million. Section 15.2 of the Plan provides that "[n]otwithstanding anything contained in the Plan to the contrary all expenses . . . incurred by the Commonwealth or COFINA, as the case may be, in connection with the development, negotiation, confirmation and consummation of the Plan and the compromise and settlement of the Commonwealth-COFINA Dispute shall be paid to the extent available from the funds distributable to the Commonwealth in accordance with the provisions of Sections 2.1 and 15.1 hereof and

---

[1] The members of the COFINA Senior Bondholders' Coalition are the following entities, either as beneficial holders or on behalf of managed funds and accounts: Aristeia Horizons, L.P.; Canyon Capital Advisors LLC (on behalf of its participating clients); Decagon Holdings 1, L.L.C.; Decagon Holdings 2, L.L.C.; Decagon Holdings 3, L.L.C.; Decagon Holdings 4, L.L.C.; Decagon Holdings 5, L.L.C.; Decagon Holdings 6, L.L.C.; Decagon Holdings 7, L.L.C.; Decagon Holdings 8, L.L.C.; Decagon Holdings 9, L.L.C.; Decagon Holdings 10, L.L.C.; GoldenTree Asset Management LP; Old Bellows Partners LP; Scoggin Management LP; Taconic Master Fund 1.5 L.P.; Taconic Opportunity Master Fund L.P.; Tilden Park Capital Management LP.; and Whitebox Advisors, LLC.

[2] Capitalized terms used but not defined in this Statement have the meanings ascribed to such terms in the Motion and Stipulation or the *Third Amended Title III Plan of Adjustment for Puerto Rico Sales Tax Financing Corporation*, Case No. 17-3284, (Dkt. 436) (the "Plan").

otherwise by the Commonwealth." Accordingly, the Plan specifically provides for the Commonwealth to make payments such as payments to the Bonistas' professionals out of the "funds distributable to the Commonwealth in accordance with the [Plan]."

As the Court is aware, the Plan and the Settlement were the result of lengthy and complex negotiations and mediations between numerous constituencies, including the Bonistas, who represent the interests of a large consortium of on-Island COFINA bondholders. As an active participant in the negotiation process, the COFINA Senior Bondholders' Coalition had a front-row seat in witnessing the Bonistas' contributions in facilitating a consensual deal, garnering on-Island support for the Plan, and, ultimately, consummating the transaction. Moreover, as representative of on-Island holders, who were almost evenly weighted between senior and subordinate COFINA bonds, the Bonistas' views on what would constitute a fair and reasonable compromise of the senior-subordinate dispute were given great weight by the other parties to the negotiations.

Without delving into confidential and privileged details regarding the mediation process, the COFINA Senior Bondholders' Coalition will state that during the negotiations, the Bonistas, through their legal counsel Davis Polk & Wardwell LLP and their financial advisor Ducera Partners LLC, worked in good faith towards achieving a consensual resolution of the dispute, while at the same time being vigorous advocates for their constituents' interests. Once the ultimate compromise was reached, the Bonistas remained avid and vocal supporters of the Plan, and their outreach efforts on-Island were instrumental in marshalling voters. The results of those efforts are reflected in the multiple thousands of on-Island holders who voted on, and made elections in respect of the Plan. In addition, the benefits of the Bonistas' efforts accrued in favor of both the Commonwealth and COFINA as they were able to achieve, among other things, a largely uncontested 9019 settlement motion and a consensual Plan, respectively. Moreover, a significant

3

portion of local bondholders elected to receive their ratable share of taxable bonds and 2% cash payment that was also distributed along with the taxable bonds. The election by local bondholders also provided a benefit to mainland bondholders by reducing the amount of taxable bonds to be distributed to them under the Plan.

In connection with these efforts, we understand that the Bonistas' professionals are seeking payment in the amount of $7,000,000 for fees and expenses in providing services to the Bonistas. Despite the Bonistas' heavy involvement in the negotiation and mediation process that led to the consensual Plan and despite being a signatory to the Plan Support Agreement, the Bonistas were not included among the Consummation Cost Parties, and did not share in the Consummation Costs. Thus, AAFAF now seeks to compensate the Bonistas' efforts by paying their professional fees as "expenses" under Section 15.2 of the Plan and to pay those expenses out of the funds distributed to the Commonwealth under the Plan.[3] The COFINA Senior Bondholders' Coalition is supportive of that decision, and respectfully states that this Court should approve the Motion and Stipulation.

---

[3] Pursuant to the PSA, certain portions of the Pre-FY2019 BNYM Deposits were given by COFINA to the Commonwealth to pay its own expenses. *See* PSA Ex. C (Term Sheet) §§ 1.A & II.N. Section I.A of the Term Sheet specifically prohibited other parties from contesting expense payments made by the Commonwealth pursuant to section II.N of the term sheet and section 15.2 of the Plan. *Id.* Thus, the Government Parties have discretionary authority to pay expenses under section 15.2.

4

DATED: February 13, 2019

| | |
|---|---|
| Respectfully submitted,<br>REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By : */s/ Rafael Escalera*<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com | **Susheel Kirpalani** (*pro hac vice*)<br>susheelkirpalani@quinnemanuel.com |
| **Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com | **Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com |
| **Fernando Van Derdys**<br>USDC-PR 201913<br>fvander@reichardescalera.com | **David Cooper** (*pro hac vice*)<br>davidcooper@quinnemanuel.com |
| | **Eric Kay** (*pro hac vice*)<br>erickay@quinnemanuel.com |
| **Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com | **Kate Scherling** (*pro hac vice*)<br>katescherling@quinnemanuel.com |
| **Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com | **Rex Lee** (*pro hac vice*)<br>rexlee@quinnemnauel.com |
| 255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 | **Darren M. Goldman** (*pro hac vice*)<br>darrengoldman@quinnemanuel.com |
| | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |

*Co-Counsel to the COFINA Senior Bondholders' Coalition*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/*Carlos R. Rivera-Ortiz*
USDC-PR 303409