# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>as Representative of THE COMMONWEALTH OF PUERTO RICO<br><br>Puerto Rico Sales Tax Financing Corporation's ("COFINA"), et al<br>**Debtors** | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS (Jointly Administered)<br><br>Claim Numbers: 256 and 294 |

## AMENDED RESPONSE TO PUERTO RICO SALES TAX FINANCING CORPORATION'S SIXTH OMNIBUS OBJECTION (D.E. 4410) TO DEFICIENT CLAIMS

**TO THE HONORABLE COURT:**

NOW COMES, Creditors, ALEXANDRA MARINI QUESADA and VICTOR MARINI QUESADA (henceforth MARINI) and submits their response to COFINA Sixth Omnibus Objection to proof of claims numbers 256 and 294. In support of their claims, Marini respectfully STATES and PRAYS as follows:

1. On February 1, 2019, the appearing parties filed a motion title "RESPONSE TO PUERTO RICO SALES TAX FINANCING CORPORATION'S SIXTH OMNIBUS OBJECTION TO DEFICIENT CLAIMS", see docket entry 5028. In said filling the full account numbers of the appearing parties was disclose, it was not redacted, as required by the FRCP 5.2 and FRBP 9037. Therefore, an Order (Docket Entry 5065) was issued by this Honorable Court to remedy such omission.

2. On December 5, 2018, COFINA filed its Sixth Omnibus Objection (Docket Entry 4410) allegedly as to deficient proofs of claim ("Claims") listed on Exhibit A - Insufficient Basis Bond Claims thereto. Mrs. Alexandra Marini Quesada's claim

number 256 is included on page 47 and Victor Marini Quesada's claim number 294 is included on page 58 of said Exhibit A.

3. In both instances COFINA's basis for the objection is the lack of proof that the MARINI have any valid claim against COFINA.

4. In response to the Sixth Omnibus Objection, and as evidence that the appearing parties have a valid claim against COFINA, attached hereto are copies of the following documents:

   a. Popular Securities statement of the month for October, 2018, said statement displays that Victor Marini Quesada is the owner of debt identified as CUSIP number 74529JNL5, the securities being held on the account with last for digits 8199. **See Exhibit I - Popular Securities statement of the month for October, 2018 account XXX-XX8199**.

   b. Popular Securities statement of the month for October, 2018, said statement displays that Alexandra Marini Quesada is the owner of debt identified as CUSIP number 74529JNL5, the securities being held on account number with last for digits XXX-XX8172. **See Exhibit II - Popular Securities statement of the month for October, 2018 account XXX-XX8172**.

   c. Popular Securities Election Notice for COFINA bond holders addressed to Victor Marini Quesada regarding claims against COFINA, identified as CUSIP number 74529JNL5. **See Exhibit III.**

   d. Popular Securities Election Notice for COFINA bond holders addressed to Alexandra Marini Quesada regarding claims against COFINA, identified as CUSIP number 74529JNL5. **See Exhibit IV.**

5. Under Section 502(a) of the Bankruptcy Code, 11 U.S.C.A. § 502(a), a proof of claim is deemed to be allowed unless objected. <u>In re Thompson</u>, 965 F.2d 1136, 1147 (1st Cir. 1992). Once the proof of claim is filed, the burden of proof shifts to the party who seeks to object its validity or sufficiency. <u>In re Virgina Broadband</u>, LLC, 521 B.R. 539, 561 (W.D. Va., 2014).

6. Filing an objection does not overcome the proof of claim's prima facie validity, unless its counterevidence has substantial probative merit. <u>In re Hemingway Transport, Inc.</u>, 993 F.2d 915, 925 (1st Cir. 1993); <u>In re Tracey</u>, 394 B.R. 635, 639 (1st Cir. B.A.P., 2008). Indeed, it is only after the objector's probative burden has been met that the onus shifts back to claimant to prove her/his claim. <u>In re Newfound Lake Marine, Inc.</u>, 2007 BNH 35, at *5 (Bankr. N.H., 2007); <u>In re Mulvania</u>, 214 B.R. 1, 5-6 (9th Cir. B.A.P., 1997)

7. The documents listed in paragraph 3 above and the corresponding evidence attached hereto, establishes the validity of the claims of the appearing claimants against COFINA.

**WHEREFORE**, the MARINI parties respectfully request from this Honorable Court to rule that claimants have comply with the applicable rules, have provided the documentary evidence and basis to ascertain a claim against COFINA, that claims numbers 256 and 294 are valid claims against COFINA and it is further requested from this Honorable Court to deny the Sixth Omnibus Objection with respect to claim numbers 256 and 294.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date a true and exact copy of this response was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send a notification thereof to all attorneys registered in said system.

**I FURTHER CERTIFY** that on this very same date, a true and exact copy of this response was also served via First-Class Mail postage pre-paid to: i) Hon. Laura Taylor Swain's Chambers, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Suite 3312, New York, New York 1007-1312; ii) Honorable Judge Judith Dein's Chambers Joseph Moakley United States Courthouse, One Courthouse Way, Room 6420, Boston, MA 02210-3002; iii) Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-1922; iv) Counsel for the Oversight Board, Proskauer Rose, LLP, Eleven Times Square, New York, New York, 10036- 8299, Attn: Martin J. Bienenstock, Paul V. Possinger, Ehud Barajk, and Maka Zerjal; and v) Counsel for the Unsecured Creditors' Committee, Paul Hastings, LLP, 200 Park avenue, New York, New York 10166, Attn: Luc A. Despins, James Bliss, James Wotrthington, and G. Alexander Bongartz.

In Ponce, Puerto Rico, this February 13, 2019.

Attorney for Creditors MARINI
PO Box 7500
Ponce, PR 00732
Tel. (939) 250-0179
Cel. (787) 616-9374
Email: eliaslaureano@gmail.com
By:*s/Elias L. Fernandez-Perez*
Elías L. Fernández Pérez
USDC 227404