# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

                                       Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

---------------------------------------------------------------X

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

                                         Plaintiff,

            v.

HON. THOMAS RIVERA-SCHATZ (in his official capacity and as a representative of the SENATE OF PUERTO RICO),

                                         Defendant.

Adversary No:_____

---------------------------------------------------------------X

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND WRIT OF MANDAMUS

---

[1] The Debtors in the underlying Title III case, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Plaintiff the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), alleges as follows for its Verified Complaint against Defendant Hon. Thomas Rivera-Schatz (the "Senate President"), in his official capacity as President of the Senate of Puerto Rico and as a representative of the Senate of Puerto Rico (the "Senate"):

## NATURE OF THE ACTION

1. This action seeking declaratory and injunctive relief and a writ of mandamus is brought pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101-2241 ("PROMESA").

2. "The purpose of the Oversight Board is to provide a method for [Puerto Rico] to achieve fiscal responsibility and access to the capital markets." PROMESA § 101(a). Congress vested the Oversight Board with powers to assist it in accomplishing its statutory mission. Most fundamentally, the Oversight Board has the responsibility to approve and certify fiscal plans and budgets for both the Commonwealth and its instrumentalities. *See* PROMESA §§ 101(d)(1), 201(c)(3), (e), 202(c)-(f); 48 U.S.C. §§ 2121(d)(1), 2141(c)(3), (e), 2142(c)-(f). The Oversight Board also has the obligation to monitor and review government actions for compliance with certified fiscal plans and budgets for the Commonwealth and its instrumentalities. *See* PROMESA §§ 203(a)-(c), 204(a); 48 U.S.C. §§ 2143(a)-(c), 2144(a). PROMESA § 104(c)(2), in pertinent part, provides: "The head of the entity of the territorial government responsible shall provide the Oversight Board with such information and assistance (including granting the Oversight Board direct access to automated or other information systems) as the Oversight Board requires under this paragraph."

3. This action relates to the Oversight Board's ability to procure critical "official data" in the performance of its duties under PROMESA. Specifically, PROMESA gives the

Oversight Board the "right to secure copies, whether written or electronic, of such records, documents, information, data, or metadata from the territorial government necessary to enable the Oversight Board to carry out its responsibilities under this Act." PROMESA § 104(c)(2). This right exists notwithstanding any other provision of law, and is fundamental for the Oversight Board to effectively carry out its duties under PROMESA. *Id.* Thus, "[a]t the request of the Oversight Board, the Oversight Board shall be granted direct access to such information systems, records, documents, information, or data as will enable the Oversight Board to carry out its responsibilities under this Act." *Id.*

4. As a result of the lack of audited financial statements and recurring questions regarding the cash position of the Commonwealth and its instrumentalities, the Oversight Board initiated a project, pursuant to its powers under PROMESA, to report and identify bank and investment accounts of government entities along with explanations of any restrictions on the funds they hold (the "Project"). The Oversight Board tasked an Independent Forensic Analysis Team, through the retention of Duff & Phelps, LLC, to develop and lead the Project, and report to the Oversight Board regarding its findings.

5. The Project requires, among other things, the collection and analysis of information from government entities regarding (i) the cash balance in each bank account at a date certain; (ii) account holder representations as to whether and to what extent the funds in each of those bank accounts are legally restricted; and (iii) explanations of the nature of the restrictions on those funds in each bank account. All of this information is critical to the Oversight Board's work in developing a cash baseline in the debt analysis and restructuring process.

6. Consistent with its mandate under PROMESA, and to push the Project forward, the Oversight Board's Executive Director, Ms. Natalie A. Jaresko, sent a letter by electronic mail on November 26, 2018 (the "November 26, 2018 Letter") to Mr. Roberto Maldonado of the Senate, asking to review bank account balances and other financial information of the Senate. *See* **Exhibit A.** As explained in the November 26, 2018 Letter, the purpose of the Oversight Board's request was to obtain "a comprehensive view of the cash position of the Government and its instrumentalities," which would allow it to assess government spending, compliance with the fiscal plans and budget, and to monitor progress on financial matters generally. Similar communications were sent to other government entities in the Commonwealth that were account holders identified as part of the Project.

7. After the Senate failed multiple times to provide the data requested by the Oversight Board, on February 6, 2019, the Senate, in a letter signed by the Senate President, announced its refusal to provide the information, contending the "petition exceeds the powers that PROMESA conferred on the [Oversight Board] and that they are an inappropriate interference in internal administrative matters of the Legislative Branch." *See* **Exhibit B**.

8. Based upon the responses from government entities other than the Senate, the Project identified 164 account holders and approximately 1,923 bank accounts. The Senate President is the only head of a Puerto Rico government entity that refused to provide the financial information requested as part of the Project.

9. As a result of this wrongful refusal to provide this critical information, the Oversight Board seeks a declaration that: (i) the Senate is an entity of the "territorial government" of Puerto Rico, as such term is used in Section 104(c)(2) of PROMESA; (ii) the Senate has a legal obligation pursuant to Section 104(c)(2) of PROMESA to provide the

Oversight Board with the information requested; (iii) the request for the specified financial information from the Senate is within the powers that PROMESA conferred on the Oversight Board; and (iv) the Senate is violating PROMESA by failing to provide the requested financial information. The Oversight Board also seeks injunctive relief compelling the Senate to comply with the Oversight Board's requests for financial information from the Senate. Finally, the Oversight Board seeks a writ of mandamus, ordering the Senate President – as the head of the Senate – to comply with his ministerial duty under PROMESA of providing the Oversight Board the financial information requested from the Senate and to provide a representative of the Oversight Board onsite access to all its information systems containing financial data.

## PARTIES

10. Plaintiff Oversight Board is an entity within the Commonwealth government established pursuant to PROMESA.

11. Defendant Thomas Rivera-Schatz is a Senator of the Commonwealth of Puerto Rico and the Senate President. Plaintiff sues the Senate President, and any successors thereto, in his official capacity.

12. Pursuant to Rule 6.1(p) of the Senate Regulations, R. of S. 13 (as amended as of January 22, 2018), the Senate President shall "represent the Senate and will appear before the General Court of Puerto Rico or before a Court of the United States in any action that lies against the Senate, its officials, commissions and officers of these, by reason of their legislative functions." (Unofficial translation.)

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under PROMESA. This Court also has subject-matter

jurisdiction over this action pursuant to PROMESA § 106(a) because this action arises out of PROMESA. This Court also has subject-matter jurisdiction over this action pursuant to PROMESA § 306(a)(2) because this action relates to the Commonwealth Title III case and it has a connection to, or likelihood of interference with, such Title III case, which has the principal purpose of adjusting the financial liabilities of the Commonwealth.

14. This Court has personal jurisdiction over the Senate President because he has minimum contacts with the United States and is located in this District and conducts the official business of the territorial government of Puerto Rico in this District. This Court also has personal jurisdiction over the Senate President pursuant to PROMESA § 306(c).

15. Venue is proper in this District pursuant to PROMESA § 106(a) because this action arises out of PROMESA. Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in and conducted a substantial part of the events or omissions giving rise to this action in this District. Venue is also proper in this District pursuant to PROMESA § 307.

16. This is an appropriate action for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. There currently exists an actual, justiciable controversy between the parties regarding the Senate President's obligation and failure to comply with the Oversight Board's lawful request for bank account balances and other financial information under PROMESA. The Oversight Board has standing to seek this declaratory relief pursuant to PROMESA §§ 104(k), 108, and 315. The requests for declaratory relief are all integral to the ultimate relief requested herein, namely the production of critical financial data.

17. The Court has authority to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue

6

Case:17-03283-LTS Doc#:5125 Filed:02/14/19 Entered:02/14/19 06:00:06 Desc: Main
Document Page 7 of 18

all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Court may also issue a writ of mandamus under its supplemental jurisdiction to enforce Article 649 of the Puerto Rico Code of Civil Procedure. *See* 32 L.P.R.A. § 3421; *see also* 28 U.S.C. § 1367 (supplemental jurisdiction).

## **FACTS**

18. In 2016, the Congress of the United States enacted PROMESA and created the Oversight Board in an effort to stabilize Puerto Rico's economy by establishing oversight of the government's budget and fiscal policies, and by providing a way for the Commonwealth to modify or restructure its debts. PROMESA § 101(a). Congress found that severe economic decline – combined with accumulated operating deficits, lack of financial transparency, management inefficiencies, and excessive borrowing – had created a fiscal emergency in Puerto Rico that affected its long-term stability and rendered the Government of Puerto Rico unable to provide its citizens with effective services. PROMESA § 405(m). Congress enacted PROMESA as a comprehensive measure to address Puerto Rico's fiscal, management, and structural problems through the Oversight Board's independent oversight of the Commonwealth's fiscal and budgetary policies. *Id.*

19. PROMESA grants authority to the Oversight Board to address Puerto Rico's fiscal, management, and structural problems. PROMESA demonstrates that Congress understood that, in order to exercise its fiscal management authority, the Oversight Board would need access to information of the Commonwealth government and instrumentalities.

20. Section 104(c)(2) of PROMESA provides the Oversight Board the "right to secure copies, whether written or electronic, of such records, documents, information, data, or metadata from the territorial government necessary to enable the Oversight Board to carry out its

responsibilities under this Act." Moreover, "[t]he head of the entity of the territorial government responsible shall provide the Oversight Board with such information and assistance (including granting the Oversight Board direct access to automated or other information systems) as the Oversight Board requires." *Id.*

21. At its meeting on September 30, 2016, the Oversight Board designated the covered entities subject to oversight under the PROMESA. *See* **Exhibit C** (list of covered entities). The list designates the "Commonwealth of Puerto Rico (Primary Government)" including "all departments, offices, programs, etc. and all funds related to Governmental and Business Activities of the Primary Government such as the General Fund Operating Budget and Non-Budgetary funds." *Id.* The Senate is part of the legislature of the Commonwealth of Puerto Rico, a branch of a covered entity subject to oversight under PROMESA. *See* Puerto Rico Const., Art. III § 1 ("The legislative power shall be vested in a Legislative Assembly, which shall consist of two houses, the Senate and the House of Representatives…."). The Senate's budget is part of the budget of the government of the Commonwealth of Puerto Rico and has historically been treated as such for budget and audit purposes.

22. On May 3, 2017, the Oversight Board, as the representative of the Commonwealth of Puerto Rico, commenced its Title III case under PROMESA in the United States District Court for the District of Puerto Rico.

23. With minor exceptions, the Commonwealth government and its instrumentalities have not published audited financial statements for periods after the fiscal year ended June 30, 2015.

24. On November 26, 2018, pursuant to the Oversight Board's lawful undertaking of the Project, the Executive Director of the Oversight Board, Ms. Natalie A. Jaresko, sent the

8

November 26, 2018 Letter to Mr. Roberto Maldonado of the Senate, requesting to review bank account balances and other financial information of the Senate. See **Exhibit A**.

25. The purpose of the Oversight Board's request was in furtherance of the Project and intended to obtain "a comprehensive view of the cash position of the Government and its instrumentalities," which would allow it to assess government spending, compliance with the fiscal plans and budget, and to monitor progress. Id.

26. The Oversight Board requested at least the following information from the Senate (defined in the November 26, 2018 letter as the "Account Holder") as part of the Project and to otherwise fulfill the Oversight Board's mandate under PROMESA:

i. A copy of the chart accounts, and general ledger or trial balance with the information of the Account Holder's (including their subsidiaries) active bank account(s), which can include unrestricted and restricted cash, and any type of investment accounts, as of June 30, 2018;

ii. EIN(s) of the Account Holder …;

iii. The identity of the financial institution(s) where each of the Account Holder's individual accounts in (i) were maintained as of June 30, 2018;

iv. E-Mail and mailing address for financial institution(s) in (iii), as well as the contact information of your principal point of contact in each of the financial institution(s);

v. Account Holder's position regarding which accounts in (i), if any, were designated as restricted as of June 30, 2018;

9

    vi.    Account Holder's documentation supporting claimed restrictions and the underlying account entries in your books and records on accounts in (i) above on June 30, 2018;

    vii.    Account Holder's identification, through the provision of documentation or access to same, of the source of funds for accounts claimed as restricted in (vi);

    viii.    Account Holder's knowledge of liens claims or encumbrances of any kind which affect the Account Holder's use of account funds identified in (i); and

    ix.    Identities of the sources of the funds deposited in each bank account (*e.g.*, appropriations, revenues, fees, or federal funds). *Id.*

27. The Oversight Board requested the financial information as part of the proper implementation of the Oversight Board's fiscal oversight responsibilities under PROMESA. The Project is an important building block that will allow the Oversight Board to carry out necessary debt restructuring negotiations, as well as working capital and liquidity analyses.

28. Upon the Senate's failure to respond, and in order to secure the Senate's compliance, the Oversight Board reached out to Senate representatives on multiple occasions – via email, text messages, calls and a follow-up letters – from December 2018 to early February 2019.

29. On February 6, 2019, the Senate sent a letter signed by the Senate President (the "Senate Response"). *See* **Exhibit B**.

30. The Senate Response acknowledged receipt of "several requests from the [Oversight Board] for authorization to access [the Senate's] bank accounts." *Id.*

31. The Senate Response, however, only included a copy of the Senate's Audited Financial Statements for Fiscal Year 2016 – 2017. *Id.*

32. The Senate Response did not satisfy the requests for the detailed financial data up to June 30, 2018 requested by the Oversight Board and described in detail in paragraph 26 of this Complaint.

33. The Senate Response unilaterally and unlawfully concluded that the "petition [for bank account information] exceeds the powers that PROMESA conferred on the [the Oversight Board]" and is "an inappropriate interference in internal administrative matters of the Legislative Branch." *Id.*

34. The Senate Response to the Oversight Board makes clear the Senate President will not provide the data requested by the Oversight Board pursuant to Section 104(c)(2) of PROMESA, including the bank account balances and other detailed financial information of the Senate, as of June 30, 2018.

## COUNT I

DECLARATORY JUDGMENT THE SENATE HAS A LEGAL OBLIGATION TO COMPLY WITH THE OVERSIGHT BOARD'S REQUESTS FOR FINANCIAL INFORMATION
(28 U.S.C. §§ 2201, 2202; SECTION 104(k) OF PROMESA)

35. The Oversight Board repeats and incorporates by reference the allegations in paragraphs 1-34 as if fully set forth herein.

36. PROMESA allows the Oversight Board to govern the process for the development, adoption, and implementation of a fiscal plan, which shall provide a method for the Commonwealth to achieve fiscal responsibility and access to the capital markets.

37. Under Section 104(c)(2) of PROMESA, the Oversight Board has the right, notwithstanding any other provision in law, to request information necessary to fulfill its statutory responsibilities.

11

38. The Senate is a branch of the government of the Commonwealth of Puerto Rico and, as such, is subject to certain oversight powers of the Oversight Board. The Senate's obligation to comply with requests for information made by the Oversight Board is not discretionary. *See* PROMESA § 104(c)(2).

39. The Oversight Board maintains and the Senate denies that the Senate is obligated to deliver the requested information to the Oversight Board.

40. A justiciable controversy exists and the Oversight Board is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that the Senate is subject to Oversight Board requests under Section 104(c)(2) of PROMESA; that the Senate has a legal obligation pursuant to Section 104(c)(2) of PROMESA to provide the Oversight Board with the information requested to carry out its statutory responsibilities; that demanding financial information from the Senate is within the powers PROMESA conferred on the Oversight Board; and that the Senate is violating PROMESA by failing to provide such information.

## COUNT II

AN INJUNCTION ORDERING THE SENATE AND THE SENATE PRESIDENT TO
COMPLY WITH THE OVERSIGHT BOARD'S REQUESTS
(SECTION 104(K) OF PROMESA)

41. The Oversight Board repeats and incorporates by reference the allegations in paragraphs 1-40 as if fully set forth herein.

42. Section 104(c)(2) of PROMESA, in pertinent part, states the Oversight Board "shall have the right to secure copies, whether written or electronic, of such records, documents, information, data, or metadata from the territorial government necessary to enable the Oversight Board to carry out its responsibilities" and that "[t]he head of the entity of the territorial

12

government responsible shall provide the Oversight Board with such information and assistance (including granting the Oversight Board direct access to automated or other information systems) as the Oversight Board requires under this paragraph."

43. Both the Senate and the Senate President – as the "head" of the Senate – have an obligation to promptly comply with requests for information made by the Oversight Board.

44. Despite numerous extrajudicial attempts, the Senate has failed and refused, and continues to fail and refuse, to provide the information requested to the Oversight Board.

45. The Oversight Board seeks equitable relief in the form of a permanent injunction compelling the Senate and the Senate President to comply with the Oversight Board's requests for financial information from the Senate.

46. Based on the clear and plain language of PROMESA, the Oversight Board is entitled to obtain the requested information. Additionally, without an injunction, the review of the financial information requested will be further delayed, or otherwise impeded, thereby further endangering the financial future of the Commonwealth and its residents and causing irreparable harm. The grant of injunctive relief is in the public interest because access to the requested financial information will improve transparency and accountability, and will allow the Oversight Board to assess the liquidity position of the Commonwealth entities. Conversely, the Senate and the Senate President will not be harmed by an injunction to this effect.

47. Section 104(k) of PROMESA permits the Oversight Board to "seek judicial enforcement of its authority to carry out its responsibilities" under PROMESA, including its right, notwithstanding any other provision of law, to secure copies, records, documents, information, data, or metadata from the territorial government.

48. Therefore, the Oversight Board is entitled to equitable relief in the form of an injunction compelling the Senate and the Senate President to comply with the Oversight Board's requests for financial information of the Senate.

### COUNT III

WRIT OF MANDAMUS COMPELLING THE SENATE PRESIDENT TO FULFILL
MINISTERIAL DUTIES UNDER SECTION 104(c)(2) OF PROMESA
(32 L.P.R.A. § 3421; 28 U.S.C. § 1367)

49. The Oversight Board repeats and incorporates by reference the allegations in paragraphs 1-48 as if fully set forth herein.

50. The writ of mandamus is an exceptional and privileged remedy "directed to any natural person, persons, company or corporation or inferior court of judicature within its jurisdiction requiring them to do some particular act therein specified and which appertains to their office or duty." 32 L.P.R.A. § 3421. For the Court to issue the writ "the party to be coerced must have the power to perform the act." *Id.* Furthermore, the Court may only grant this remedy when there is no "plain and adequate remedy in the ordinary course of law." 32 L.P.R.A. § 3423.

51. The Supreme Court of Puerto Rico has established that, as a general rule, a writ of mandamus may proceed to order a public officer to comply with a ministerial duty that does not admit discretion. *Córdova v. Cámara de Representantes*, 171 D.P.R. 789, 812 (2007); *Báez Galib y otros v. Comisión Estatal de Elecciones*, 152 D.P.R. 383 (2000).

52. Section 104(c)(2) of PROMESA imposes on the Senate President, as the "[t]he head of the entity of the territorial government," *i.e.*, the Senate, the duty to "provide the Oversight Board with such information and assistance (including granting the Oversight Board

14

direct access to automated or other information systems) as the Oversight Board requires" under such paragraph.

53. Thus, the Oversight Board seeks a writ of mandamus to compel the Senate President to fulfill his ministerial duty under PROMESA of providing the financial information detailed in paragraph 26 of this Complaint.

54. The efforts by the Oversight Board to obtain the financial information from the Senate have been met with the Senate's unlawful refusal to provide the requested information.

55. The public interest will be served by the issuance of a writ of mandamus because access to financial information is vital to the Oversight Board's purpose of evaluating government spending and compliance with its commitments under the fiscal plans.

56. Mandamus is an appropriate writ to assure the Senate President exercises his non-discretionary legal duty to provide the information requested by the Oversight Board.

57. The Oversight Board is entitled to a writ of mandamus compelling the Senate President to fulfill his ministerial duties under section 104(c)(2) of PROMESA.

## **PRAYER FOR RELIEF**

WHEREFORE the Oversight Board prays that Judgment be entered for the Oversight Board and against Defendant, and for the following relief:

A. A declaration that:

  i. the Senate is a branch of a covered entity subject to demands under Section 104(c)(2) of PROMESA;

  ii. the Senate, through the Senate President, has a legal obligation pursuant to Section 104(c)(2) of PROMESA, to provide the Oversight Board with the information it requested;

15

        iii.    the financial information requested is within the powers PROMESA conferred on the Oversight Board; and

        iv.    the Senate, through the Senate President, is violating PROMESA by failing to provide the requested financial information;

B.    An injunction compelling the Senate, through the Senate President, to comply with the Oversight Board's demands for financial information of the Senate;

C.    A writ of mandamus, ordering the Senate President to fulfill his legal obligation under PROMESA and to immediately provide to the Oversight Board the financial information of the Senate and provide a representative of the Oversight Board onsite access to the Senate's financial information systems; and

D.    Granting the Oversight Board such further relief, in law and/or equity, as is just and proper.

Dated: February 13, 2019
San Juan, Puerto Rico

/s/ *Miguel E. Gierbolini*
Miguel Gierbolini
USDC No. 212211
Courtney R. Carroll
USDC No. 211211
Gierbolini & Carroll Law Offices, PSC
P.O. Box 9022936
San Juan, PR 00902
Tel: (787) 620-0685
Fax: (787) 620-0687
Email: miguelgierbolini@gierbolinicarroll.com
courtneyrcarroll@gierbolinicarroll.com


/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
sratner@proskauer.com
tmungovan@proskauer.com

*Attorneys for The Financial Oversight and Management Board for Puerto Rico*

## VERIFICATION

I am Executive Director of the Financial Oversight and Management Board for Puerto Rico. I have read the foregoing Complaint and know the contents thereof, and the same are true to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2019

_____
Natalie A. Jaresko
Executive Director
Financial Oversight and Management Board for
Puerto Rico