**EXHIBIT 4**

  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

November 30, 2018

**VIA EMAIL**

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

Robert S. Berezin, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

William J. Natbony, Esq.
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281

Elie J. Worenklein, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

Re:   PREPA, No. 17-BK-4780-LTS, Motion to Lift Stay
      Movants' Objections and Responses to FOMB's Discovery Requests

Dear Counsel:

We write in response to your letter of November 19, 2018, which, in relevant part, sought to clarify the Movants' objections and responses to several of the FOMB's discovery requests, which were served on November 2, 2018.

As discussed below, the FOMB is prepared to accept certain compromise positions to reach a negotiated agreement regarding the objections and responses asserted by Movants. In the event the parties are unable to reach agreement, though, the FOMB reserves all of its rights with respect to the discovery requests.

For convenience, the headings below correspond to those Specific Topics referenced in your letter.

**A.    Requests Seeking Documents Relating to Contentions in the Motion—FOMB Document Requests Nos. 2-5, 10-11**

We understand your response to be that each of the Movants will produce final versions of non-privileged documents that are responsive to FOMB document request nos. 2-5 and 10-11, which will be identified by searching relevant employees' files. Please provide us with the names/titles of the employees whose files you would search to identify responsive materials as well as how you intend to go about the search.

**Proskauer»**

Robert S. Berezin, Esq.
William J. Natbony, Esq.
Elie J. Worenklein, Esq.
November 30, 2018
Page 2

B.  **Requests Seeking Analysis of Potential Rate Increases—FOMB Document Requests Nos. 7-9, Deposition Topics 6(e) & 6(f)**

We understand your response to be that each of the Movants will search for and produce non-privileged analyses that are responsive to FOMB document request nos. 7-9 dating from July 1, 2014 through the present. Assuming this understanding is correct, how do Movants intend to search for documents responsive to these requests?

C.  **Requests Seeking Identification of Movants' Interest—FOMB Document Requests Nos. 12-13**

Requests 12-13 seek information on a "per bond" basis sufficient to allow the FOMB to determine the percentage of outstanding bonds in which each Movant asserts an interest and the nature of the asserted interest. This inquiry arises from Movants' representations in the lift stay motion [ECF No. 975; Case No. 17-04780] and its accompanying exhibits, of their respective interests in PREPA bonds as (i) the percent of bonds owned by each Movant of all outstanding bonds, (ii) the aggregate amount of bonds each Movant is subrogated to, and (iii) the aggregate amount of bonds each Movant insures.

In response to these requests, Movants are offering to provide the requested information on a "per-series or per-policy basis" rather than on a "per bond" basis. Perhaps the problem is simply an issue of nomenclature, but since the FOMB is seeking information at the most specific level of ownership interest, your offer to provide information on a "per-series" basis may be insufficient. That is because within a series there could be different issues and maturity dates. For example, the $673,145,000 Power Revenue Bonds, Series 2013A includes different issuances, each with a separate CUSIP number. Accordingly, in order to comply with the FOMB's request on a "per bond" basis, please provide the requested information by bond CUSIP numbers, which defines the level of detail for which the FOMB is looking.

D.  **Requests Concerning Bond Value—FOMB Document Requests Nos. 14-15, 17-18**

Movants' response to FOMB document request nos. 14-15 and 17-18 appears to be based on an incorrect reading of the requests. Your letter of November 19 asserts that the FOMB is seeking "information sufficient to show the 'market value' of the PREPA bonds in which Movants claim an interest." That is not the case. The FOMB is not looking for the "market value" of the referenced bonds at the relevant times, which as you point out is publicly available information. Rather, the FOMB is interested in the value that the Movants themselves assigned to the bonds. Please advise whether Movants will agree to produce non-privileged information responsive to these requests as clarified.

104193035v4

**Proskauer»**

Robert S. Berezin, Esq.
William J. Natbony, Esq.
Elie J. Worenklein, Esq.
November 30, 2018
Page 3

**E.    Requests Concerning Anticipated Insurance Payments—FOMB Document Requests Nos. 19, 21**

It appears that Movants' response to FOMB document request nos. 19 and 21 is based on an incorrect interpretation of what is being requested.  As stated in your letter of November 19, Movants interpret these requests as seeking "information regarding the Movants' loss reserves." Again, as we previously explained, that is not the case.  These requests seek information related to each Movant's own assessment of its likely payments on the PREPA bond insurance policies. Request no. 19 seeks documents related to Movants' "expected payments on insurance policies issued with respect to PREPA bonds."  This request seeks Movants' own calculation of the amounts they anticipate having to pay in relation to claims on their PREPA bond-related insurance policies—independent of what they are required by statute or regulatory body to keep in reserve.

With respect to request no. 21, as previously stated in our November 7, 2018 letter regarding Movants' responses and objections to discovery, Movants have not provided any information that would allow the FOMB to evaluate their claim that responsive documents are protected by the bank examination privilege.  Instead, your letter of November 19 claims that Movants lack authority to waive the bank examination privilege on the basis of an inapposite, unpublished opinion from the Chancery Court of Delaware.  The cited case does not involve a discovery dispute, nor does it illuminate why Movants believe responsive documents would be subject to the bank examination privilege.  Rather, it stands merely for the proposition that courts will generally be deferential to the Office of the Comptroller of the Currency, when asked to keep certain, well-defined exhibits under seal.  In short, the case cited has no bearing on this discovery dispute.

Please advise whether Movants will agree to produce non-privileged information responsive to these requests as clarified.

We hope to be able to reach agreement concerning these requests without involving the Court and are available to discuss these issues with you on Monday, December 3, 2018 as suggested in your letter of November 28.  We continue to reserve our client's rights with respect to the discovery requests propounded to Movants.

Sincerely,

*Margaret A. Dale*

Margaret A. Dale

cc: Elizabeth L. McKeen, Esq.
    Peter Friedman, Esq.
    Madhu Pocha, Esq.

104193035v4

**Proskauer»**

Robert S. Berezin, Esq.
William J. Natbony, Esq.
Elie J. Worenklein, Esq.
November 30, 2018
Page 4

    Ashley Pavel, Esq.
    Gregg M. Mashberg, Esq.
    Jonathan A. Galler, Esq.
    Elisa M. Carino, Esq.
    Brandon C. Clark, Esq.

**Proskauer»**

104193035v4