**EXHIBIT 5**

December 13, 2018

**VIA EMAIL**

| | |
|---|---|
| Robert S. Berezin, Esq. | William J. Natbony, Esq. |
| Weil, Gotshal & Manges LLP | Cadwalader, Wickersham & Taft LLP |
| 767 Fifth Avenue | 200 Liberty Street |
| New York, NY 10153-0119 | New York, NY 10281 |

Elie J. Worenklein, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

**Re: PREPA, No. 17-BK-4780-LTS, Motion to Lift Stay**
**Follow-up to December 10, 2018 Meet-and-Confer Regarding AAFAF's and the FOMB's Requests for Production**

Dear Counsel:

We write in furtherance of our discussion during the meet-and-confer of December 10, 2018 during which the parties discussed the requests for production of AAFAF and the FOMB and the Movants' production of documents to date. This correspondence is also, therefore, necessarily responsive to your letter of December 7, 2018 regarding the same subjects.

For convenience, the headings below correspond to the grouping of requests for production that has framed the parties' prior correspondence and the December 10, 2018 meet-and-confer discussion. If these issues are not resolved, AAFAF and FOMB will have no choice but to seek relief from Judge Dein.

**A. Requests Seeking Documents Relating to Contentions in the Motion—FOMB Document Requests Nos. 2-5, 10-11**

We understand that the position of National and Syncora is that they have completed their production of documents responsive to these request. We further understand that Assured will reconsider and confirm whether it has any documents in its possession, custody, or control that are non-privileged and responsive to these requests. In so doing, Assured will consider whether any documents not currently being produced are being withheld on the basis that they are not considered "presentations, reports, studies, [or] analyses." (December 7, 2018 letter at 2.)

The FOMB and AAFAF reserve all rights associated with these document requests pending the response from Assured, and pending completion of the review of Movants' document productions.

B.  **Requests Seeking Analysis of Potential Rate Increases—FOMB Document Requests Nos. 7-9, Deposition Topics 6(e) & 6(f)**

In relation to request for production no. 7, as discussed at length during the December 10, 2018 meet-and-confer, the FOMB and AAFAF understand that the Movants have not identified any post-Title III analyses in their possession, custody, or control that evaluate whether efforts to increase PREPA's revenues (through rate increases, fee increases, or otherwise) would ultimately be successful in raising additional revenue, or whether such efforts would lead to decreased demand and, ultimately, lower revenues. The FOMB and AAFAF further understand that Movants may have such analyses from before the Title III action was initiated, but they have not searched for such documents, and so cannot confirm this, and in any event, Movants would consider any such pre-Title III analyses subject to attorney-client and/or work product protection.

During the December 10, 2018 meet-and-confer, the FOMB and AAFAF clarified that request for production no. 7 is not intended to be constrained to only those analyses that consider whether efforts to increase revenues would ultimately succeed, but rather seeks *any* analyses that evaluate revenue-increasing initiatives (rate increases, fee increases, etc.). Movants stated that they would consider searching for and producing such analyses, but asked that the FOMB and AAFAF consider limiting their request to only those analyses created since the Title III action was initiated. The FOMB and AAFAF cannot agree to such a restriction. A central allegation of Movants' motion is that their interest in PREPA's revenues is diminishing, and any analyses that Movants have regarding potential rate changes, or any other potential efforts to boost revenues, is extremely relevant to such claims. Moreover, without having both pre- and post-Title III analyses, the FOMB and AAFAF will be unable to evaluate Movants' allegation that its collateral is diminishing. Therefore, the FOMB and AAFAF renew their request for production no. 7.

Regarding requests for production nos. 8 and 9, Movants agreed to confirm whether any non-privileged, responsive documents exist that have not been identified in the Movants' document search to date. In particular, Movants agreed to search for presentations and similar documents that they may have provided to regulators or other similar entities.

C.  **Requests Seeking Identification of Movants' Interest—FOMB Document Requests Nos. 12-13**

We understand that the Movants' position is that they have completed their production of documents responsive to these requests. The FOMB and AAFAF reserve all rights associated with these document requests pending completion of the review of Movants' document productions.

D.  **Requests Concerning Bond Value—FOMB Document Requests Nos. 14-15, 17-18**

During the December 10, 2018 meet-and-confer, Movants stated that there is some confusion regarding what the FOMB and AAFAF mean by the term "value," as used in requests for production nos. 14-15 and 17-18, which Movants have interpreted as synonymous with "market value." Movants asked that the FOMB and AAFAF clarify their meaning in writing. As clarification, and without modifying the language of the requests as served on Movants, the FOMB and AAFAF are seeking information sufficient to determine whether Movants satisfy the conditions of Section 804 of the Trust Agreement, under which Movants claim to have authority

2

to seek appointment of a receiver. Therefore, when the FOMB and AAFAF request information related to the total "value" of PREPA's outstanding bonds (no. 14), and the "value" of the Movants' subrogation rights (no. 15), outstanding insurance policies containing subrogation clauses (no. 17), and other rights in PREPA bonds (no. 18), they are seeking the valuation that the Movants themselves intend to offer to the court as proof that they satisfy the requirements of Section 804 of the Trust Agreement.

E.  **Requests Concerning Anticipated Insurance Payments—FOMB Document Requests Nos. 19, 21**

During the December 10, 2018 meet-and-confer, the parties briefly discussed requests for production nos. 19 and 21, and agreed that to productively move forward, the FOMB and AAFAF should clarify their position regarding request for production no. 19 and the Movants should clarify their position regarding request for production no. 21.

Regarding request for production no. 19, the position of the FOMB and AAFAF is that at this time they do not dispute Movants' assertion of privilege over the advice of counsel regarding the likely outcomes of any particularized litigation or settlement discussion. However, the FOMB and AAFAF dispute that actuarial, accounting, or other aggregate estimates of likely payouts are privileged. The FOMB and AAFAF, therefore, ask that Movants produce (with appropriate redactions related to particularized matters, if necessary) analyses of their overall anticipated liabilities in relation to PREPA bonds. To the extent that Movant's continue to assert near-blanket privilege over documents responsive to this request, the FOMB and AAFAF ask that Movants produce detailed privilege logs as soon as possible, in order to narrow the issues between the parties for resolution by the court.

Regarding request for production no. 21, during the December 10, 2018 meet-and-confer the FOMB and AAFAF reiterated that the law is clear that Movants are not the holders of the privilege they are asserting, and asked that Movants confer with their regulators to see whether or not the regulators wish to invoke the protection of the asserted privileges. Movants agreed to do so. However, Movants also indicated that they consider documents responsive to this request to be subject to work product privilege. Movants further agreed to discuss and report whether they can agree to produce a detailed privilege log in relation to this request for production.

We look forward to receiving your responses to the clarified requests, as described above. We also await your responses to the issues raised in relation to requests nos. 19 and 21, which we feel may need to be resolved by the court, and therefore, are the most urgent issues raised in this letter by virtue of the time constraints of this matter. Therefore, please respond, at minimum, to the issues related to requests nos. 19 and 21 on or before Monday, December 17.

F.  **Requests Concerning "Politicization" at PREPA—AAFAF Document Requests Nos. 2-7**

In their November 19, 2018 letter, Movants agreed to produce "Movants' or their respective lobbyists' presentations, written reports, or other similar documents prepared by or for any Movant and provided to members of the United States Congress since the Title III commenced concerning PREPA, PREPA's management, or PREPA bonds."

3

Based on our initial review of the Movants' productions, it appears that Syncora and Assured have not produced any of the documents they agreed to produce, and National has produced very few documents.

During our December 10, 2018 meet and confer, Assured and Syncora could not confirm that they have contacted their respective lobbying firms to locate and produce the documents they agreed to produce.  Assured and Syncora agreed to discuss their production agreement with their respective lobbyists and produce any responsive documents.  We also request that National confirm that its production is complete.

In addition, the Movants initially objected to providing testimony deposition topic 7, which corresponds to AAFAF document requests 2-7.  In the spirit of compromise and efficiency, AAFAF and FOMB are willing to narrow the topic as follows:

> Any efforts, whether directly or through a representative, to lobby or influence the Puerto Rico or Federal Government regarding the management of PREPA since the Petition Date.

Please confirm that Movants will each make a witness available on this topic.

We continue to reserve our client's rights with respect to the discovery requests propounded to Movants.

Sincerely,


*/s/ Margaret A. Dale*                                          */s/ Elizabeth L. McKeen*

Margaret A. Dale                                                 Elizabeth L. McKeen



cc: Elizabeth L. McKeen, Esq.
    Peter Friedman, Esq.
    Madhu Pocha, Esq.
    Ashley Pavel, Esq.
    Gregg M. Mashberg, Esq.
    Jonathan A. Galler, Esq.
    Elisa M. Carino, Esq.
    Brandon C. Clark, Esq.