# **EXHIBIT 6**

December 21, 2018

**VIA EMAIL**

| | |
|---|---|
| Robert S. Berezin, Esq. | William J. Natbony, Esq. |
| Weil, Gotshal & Manges LLP | Cadwalader, Wickersham & Taft LLP |
| 767 Fifth Avenue | 200 Liberty Street |
| New York, NY 10153-0119 | New York, NY 10281 |

Elie J. Worenklein, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

**Re:   PREPA, No. 17-BK-4780-LTS, Motion to Lift Stay**
      **Follow-up to December 10, 2018 Meet-and-Confer Regarding AAFAF's and the**
      **FOMB's Requests for Production**

Dear Counsel:

We write in furtherance of the parties' communications regarding the requests for production of documents that AAFAF and the FOMB served on Movants on October 17 and 18, 2018, respectively, and regarding the Movants' production of documents in response to these requests. In particular, this letter responds to your most recent correspondence dated December 17, 2018. We also write regarding Movants' failure to provide a privilege log, and to address concerns regarding depositions.

We are increasingly concerned by the course of discovery in this matter, and by Movants' failure to produce relevant information to which AAFAF and the FOMB are entitled. Movants' seemingly unwavering positions on these issues are putting the scheduled hearing date in jeopardy—as well as the agreed to pre-hearing deadlines.

Our hope is that we can reach mutually agreeable resolutions of each of the issues raised herein. However, in the event that the parties cannot reach agreement very soon, AAFAF and the FOMB will have no acceptable recourse but to seek the intervention of the Court.

### I.   Requests for Production

The headings in this section correspond to those of your December 17, 2018 letter and of the parties' other recent correspondence.

   **A.   Requests Seeking Documents Relating to Contentions in the Motion—FOMB Document Requests Nos. 2-5, 10-11**

FOMB requests for production nos. 2-5 and 10 collectively seek information related to the Movants' allegations that PREPA is and has been mismanaged and has engaged in misconduct resulting in a diminution of Movants' collateral in PREPA bonds.  Request for production no. 11

seeks information related to the Movants' assertion that PREPA has been harmed as a result of the Contribution of Payment in Lieu of Taxes ("CILT") framework. These allegations, which comprise nearly two-thirds of Movants' motion, are integral to Movants' motion.

Our understanding is that Movants consider their productions complete in relation to each of these requests. We find Movants' assertion surprising, in that we have identified very few documents of substance in your productions that are responsive to these requests. While Movants' motion alleges specific instances of mismanagement and misconduct involving PREPA, the vast bulk of the materials Movants seem to have produced in response to these requests are no more than automated media alerts for PREPA-related news. Even accounting for your stated exclusion of "reports and studies publicly available …, as well as publicly reported articles and materials relied upon by Movants' experts" (Movants' Letter of December 17, 2018, at 1), it is difficult to imagine that Movants have produced all the information on which you relied for the many allegations contained in your motion.

Nonetheless, if Movants confirm that their production is complete, we will deem the record closed on these requests for the purposes of the lift-stay motion; *i.e.*, Movants' evidence will be limited to the documents produced, subject to the limited exclusion quoted above.

> **B.   Requests Seeking Analysis of Potential Rate Increases—FOMB Document Requests Nos. 7-9, Deposition Topics 6(e) & 6(f)**

FOMB request for production no. 7 seeks any analyses the Movants have undertaken to evaluate the effect of a rate increase on PREPA's ability to repay its debt. FOMB requests for production nos. 8-9 seek information related to the Movants' assertion that a receiver would not have authority to increase PREPA's rates.

As an initial matter, your discussion of these requests in your letter of December 17 begins by claiming that we are "expanding the substantive scope of the request to encompass analyses regarding all 'revenue-increasing initiatives (rate increases, fee increases, etc.).'" (Movants' Letter of December 17, 2018, at 2.) This claim is not well-founded. Rather, this clarification of the request for production was made necessary because Movants informed AAFAF and the FOMB during their meet-and-confer on December 10 of their very narrow interpretation of this request—namely, that Movants had been interpreting "rate increase" as excluding all other revenue-increasing initiatives. For example, Movants stated that under their interpretation, even analyses of such closely-related revenue-increasing efforts as a fee increase would not have been produced. Therefore, Movants' claim that we are expanding the scope of the request is not accurate. Moreover, even if it were accurate, the proper time for Movants to have informed us of their interpretation has long since passed, as discussions and negotiations regarding these requests have been going on for nearly two months. Setting aside whether your interpretation is reasonable, the fact that it took Movants so long to make your interpretation known is especially problematic given the expedited discovery process we are all working under.

That said, as we understand Movants' letter, you have now agreed to search for and produce non-privileged analyses of any revenue-increasing efforts that have been prepared since July 2014. If anything about our understanding is incorrect or ambiguous, please inform us immediately. In any

2

event, we acknowledge and appreciate that Movants intend to complete their production of documents responsive to request for production no. 7 by Friday, December 21.

Regarding requests for production nos. 8-9, we understand that Movants have completed their productions with respect to these requests.

Finally, we continue to reserve all rights associated with these document requests.

### C. Requests Seeking Identification of Movants' Interest—FOMB Document Requests Nos. 12-13

As previously communicated, we understand that the Movants' position is that they have completed their production of documents responsive to these requests. We continue to reserve all rights associated with these document requests.

### D. Requests Concerning Bond Value—FOMB Document Requests Nos. 14-15, 17-18

FOMB requests for production nos. 14-15 and 17-18 seek information related to the value of bonds Movants own, insure, assert subrogation rights to, or claim any other rights in relation to.

We have asked for this information in response to Movants' contention to collectively hold or insure 27% of PREPA's outstanding debt. However, Movants have expressed confusion at this request throughout the discovery process. After the parties' December 10, 2018 meet-and-confer, we clarified by our letter of December 13, 2018, that these requests are "seeking information sufficient to determine whether Movants satisfy the conditions of Section 804 of the Trust Agreement, under which Movants claim to have authority to seek appointment of a receiver…. [We] are seeking the valuation that the Movants themselves intend to offer to the court as proof that they satisfy the requirements of Section 804 of the Trust Agreement." (AAFAF and the FOMB's Letter of December 13, 2018, at 3.) Put another way, we are seeking the information that supports your claim to hold or insure 27% of PREPA's outstanding debt.

We understand Movants' positions to be that they have "already produced documents sufficient to establish the values as described in [our most recent] Letter, including but not limited to Movants' Proofs of Claim." (Movants' Letter of December 17, 2018, at 2.) We find this position surprising since we have so far been unable to locate documents that either fully support Movants' proofs of claim, or that explain the discrepancies between Movants' proofs of claim and the draft complaint filed with your motion. For example, Assured's proof of claim no. 29020 indicates that Assured insures Series WW, CUSIP no. 74526QVL3; however, we have found no documents in its production relating to these bonds. We have concerns about the completeness of National's and Syncora's productions also.

Furthermore, although we disagree with this position, we understand Movants' positions to be that their proofs of claim are themselves evidence supporting their claim to hold or insure 27% of PREPA's outstanding bonds. Regardless of whether this is proper evidence, the amounts of bonds that Movants' claim to own or insure in their proofs of claim differ from the amounts claimed in Movants' draft complaint, filed with your motion, and we have yet to identify documents sufficient to explain this discrepancy.

3

If Movants maintain that they indeed have completed their production of documents responsive to these requests, we ask that each Movant identify the BATES ranges of all the documents that demonstrate their ownership of, insurance of, subrogation rights over, and any other asserted rights in relation to each bond to which it claims such rights. At minimum, this should identify all documents related to all the bonds referenced in Movants' proofs of claim.

Whether Movants elect to identify the responsive documents produced, or to supplement their productions, we ask that Movants do so by no later than December 27, 2018, so that we may close the record on this issue. We continue to reserve all rights associated with these document requests.

     **E.    Requests Concerning Anticipated Insurance Payments—FOMB Document Requests Nos. 19, 21**

FOMB request for production no. 19 seeks information related to Movants' own assessments of their expected payments related to the insurance policies they have written for PREPA's bonds. FOMB request for production no. 21 seeks information related to any estimates of Movants' expected payments related to the insurance policies written for PREPA bonds that have been reported to the New York State Department of Financial Services or any other insurance regulator or commissioner.

Movants have previously asserted multiple grounds for withholding documents responsive to these requests. As we understand your current position, following our meet-and-confer on December 10, 2018 and our correspondence since, Movants now agree to search for and provide non-privileged documents responsive to both requests, but will explicitly exclude documents concerning loss reserves and privileged assessments of likely litigation outcomes. Rather, your searches will focus on "actuarial, accounting, or other aggregate estimates of likely payouts" related to the policies. If our understanding is correct, then this is acceptable to us, and we ask that this production be completed by no later than December 27, 2018.

Notwithstanding our acceptance of Movants' current position as communicated by your December 17 letter, we are surprised by the lack of response to two significant components of our recent conversation related to these requests. First, we would appreciate an immediate update regarding any conversations you have had with your regulators about whether they intend to assert privilege over any documents responsive to request no. 21, over which Movants have previously, and in our view improperly, asserted the bank examiner privilege. Second, we would appreciate an immediate response as to whether Movants agree to log documents responsive to either of these requests that are withheld on account of a claim of privilege. We ask that Movants respond regarding both of these issues as soon as possible, and in no event later than December 27, 2018.

We continue to reserve all rights associated with these document requests.

     **F.    Requests Concerning "Politicization" at PREPA—AAFAF Document Requests Nos. 2-7**

AAFAF requests for production nos. 2-7 pertain to Movants' lobbying efforts. Your December 17, 2018 letter represents that Movants have produced non-privileged responsive documents. We have not identified any such documents in Assured and Syncora's productions. Please direct us to these documents.

4

Movants also confirmed they would produce witnesses to testify regarding any efforts, whether directly or through a representative, to lobby or influence the Puerto Rico or Federal Government regarding the management of PREPA since the Petition Date. Movants have stated, however, that their agreement "should not be interpreted to revise our prior agreements as to the scope of document discovery on these issues." To the extent Movants have documents responsive to this topic, as narrowed, they are indisputably encompassed within AAFAF requests nos. 2-7. AAFAF met and conferred with Movants in good faith to narrow its document requests based on Movants' representations that the requests as drafted would capture thousands of documents pertaining to the pre-petition RSA. To the extent Movants have documents relating to the narrowed deposition topic that they believe fall outside the prior production agreement on AAFAF request nos. 2-7, Movants must produce them immediately.

## II. Privilege Issues

### A. Movants' Failure to Provide Privilege Logs

Movants have made clear throughout the meet-and-confer process that they are withholding responsive documents on the basis of privilege. Movants have claimed that virtually every document that would evidence the Movants' own assessment of the value of the collateral and the likely insurance payouts are protected by either the attorney work product doctrine or the bank examiner privilege. In response to the other issues raised in our December 13, 2018 letter, Movants referred to production of non-privileged documents without making clear whether any documents are being withheld on privilege grounds. Movants must immediately produce privilege logs disclosing the documents being withheld and the bases for doing so. In the interest of efficiency and compromise, AAFAF and FOMB agree that Movants may produce a categorical log, so long as it provides information sufficient to allow us to assess the credibility of Movants' privilege claims. AAFAF and FOMB reserve all rights to raise additional privilege objections once we receive Movants' logs.

### B. Unsubstantiated Privilege Assertion in Ennis Deposition

Ms. Ennis testified that someone from Black & Veatch may have participated in a September 18, 2018 video conference regarding Ms. Ennis's expert report. When Ms. McKeen asked what was generally discussed on the call, Mr. Berezin invoked privilege and instructed Ms. Ennis not to answer the question. Ms. McKeen reserved all rights. In order to allow us to assess the Movants' privilege claim, we request the following information:

- The names and affiliations of every person who was on the call or to whom the contents of the call have been disclosed;

- The date, time, and location of the call; and

- A non-privileged description of the subject matter of the call.

5

### III.     Depositions of Movants

#### A.     Syncora's Refusal to Produce a Witness

Syncora agreed to produce a witness in response to narrowed topic 7 "if it is agreed that Syncora will provide a witness on this topic." Syncora has yet to produce a single document responsive to this topic, let alone documents so extensive as to obviate a deposition. Please confirm that Syncora will produce a witness for deposition on topic 7, as well as the other topics noticed, as Assured and National have. Absent confirmation, we will raise the issue with Judge Dein.

#### B.     Deposition Scheduling

Under the current litigation schedule, depositions of the Movants will need to be completed by the week of January 14, 2019. Accordingly, in our December 6, 2018 email, we asked that Movants "complete their document productions immediately." Over two weeks later, significant deficiencies remain. National and Syncora have yet to produce a single additional document to address the deficiencies we identified following their November 21 productions. Moreover, your December 17, 2018 letter deliberately avoids making any commitment to timely completing the Movants' document productions. Movants state they will "endeavor to complete" a supplemental production in response to FOMB Request No. 7 by December 21, 2018 and offered to search for additional responsive documents in response to FOMB Request Nos. 7, 19, and 21 without committing to any deadline at all. Furthermore, the deficiencies in Movants' production outlined above have yet to be addressed.

As we stated in our December 6, 2018 email, AAFAF and FOMB "cannot and will not complete [the Movants'] depositions without a complete document production." Movants' evasive approach to discovery has put the current litigation schedule at risk.

### IV.     Conclusion

Unless Movants fully resolve the deficiencies in their document productions, including the production of all documents and a satisfactory privilege log disclosing Movants' withholdings by Thursday, December 27, we will have no choice but to seek relief, including an extension of the schedule, from Judge Dein. We continue to reserve our client's rights with respect to the discovery requests propounded to Movants.

Sincerely,

*/s/ Margaret A. Dale*                                        */s/ Elizabeth L. McKeen*

Margaret A. Dale                                              Elizabeth L. McKeen


cc: Peter Friedman, Esq.
    Madhu Pocha, Esq.
    Ashley Pavel, Esq.

Gregg M. Mashberg, Esq.
Jonathan A. Galler, Esq.
Laura Stafford, Esq.
Brandon C. Clark, Esq.