# EXHIBIT B

**WHITE & CASE**

White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

**JONES DAY**

250 Vesey Street • New York, NY 10281.1047

January 28, 2019

VIA E-MAIL AND MAIL

Martin J. Bienenstock
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036

   Re:  Demand that Avoidance Claims Be Asserted on Behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") Against the Commonwealth of Puerto Rico

Dear Martin:

      We write on behalf of certain holders (the "Bondholders") of senior pension funding bonds ("ERS Bonds") issued by ERS pursuant to Act No. 447 of May 15, 1951, as amended, of the Commonwealth of Puerto Rico (the "Commonwealth") and the general resolution adopted by ERS's Board of Trustees on January 24, 2008, and later supplemental resolutions.

      We write to demand that ERS pursue certain avoidance actions arising from transfers made under or in connection with the Joint Resolution for Other Allocations for Fiscal Year 2017–2018  ("Joint Resolution 188" or "J.R. 188") of the Puerto Rico Legislative Assembly and the Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants ("Act 106") enacted by the Commonwealth.[1] Specifically, ERS possesses avoidance claims against the Commonwealth for fraudulent transfers and unauthorized post-petition transfers under sections 544(b) and 549 of title 11 of the United States Code (the "Bankruptcy Code"), as incorporated in the Title III case of ERS (the "ERS Title III Case") by section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. No. 114-187, 130 Stat. 549 (2016), *codified at* 48 U.S.C. §§ 2101–2241 ("PROMESA").

---

[1] While this demand focuses on avoidance actions under sections 544(b) and 549 of the Bankruptcy Code, ERS possesses additional causes of action against the Commonwealth and others that ERS and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") have failed to pursue on behalf of ERS. The Bondholders reserve their right to seek appropriate relief with respect to these claims at a later date.

January 28, 2019
Page 2

    Those claims are based on the following timeline and core facts:

- May 21, 2017: The Oversight Board filed a petition for relief under Title III of PROMESA on behalf of ERS, thereby commencing the ERS Title III Case. Commencement of the ERS Title III Case by the Oversight Board triggered the operation of the automatic stay to protect ERS's property wherever located. 11 U.S.C. § 362(a); 48 U.S.C. § 2161(a).

- June 25, 2017: The Puerto Rico Legislative Assembly passed Joint Resolution 188 pursuant to the Fiscal Plan previously approved and certified for the Commonwealth by the Oversight Board.

- June 30, 2017: The Oversight Board adopted Joint Resolution 188 on behalf of the Governor, who subsequently signed it.

- August 23, 2017: The Governor signed Act 106 into law.

    Joint Resolution 188, which was passed in violation of the automatic stay applicable in the ERS Title III Case, required ERS to sell its assets and transfer the net proceeds, plus any available funds, into the Commonwealth's General Fund. J.R. 188, §§ 1–3. Joint Resolution 188 also required employers to make contributions directly to the Commonwealth's General Fund rather than to ERS. *See id.* §§ 1–4.

    Act 106, also in violation of the ERS automatic stay, further implemented Joint Resolution 188. The Act stated that Joint Resolution 188 "eliminated" "the employer contributions being made until now," and purported to set up a new "'Pay-Go' Fee" that employers must pay directly into the Commonwealth's General Fund. Act 106, § 1.4, pp. 13–14. The "'Pay-Go' Fee" was nothing new, however, because the employers required to pay it are the same government entities, including the Commonwealth, that were previously obligated to make employer contributions to ERS; indeed, even the "contributions" are the same obligations. *See id.* § 1.6(g), p. 15 (requiring payments from "entities considered employers under the [ERS]"); *compare id.* § 2.1(b), p. 17, *with* 3 L.P.R.A. § 781(a) (2008). Finally, Act 106 required ERS's Board of Trustees to dissolve by December 31, 2017, so that a new board could be formed to dispose of ERS's property. Act 106, §§ 4.2, 5.1–5.3.

    The effect of Joint Resolution 188 and Act 106 was to transfer all of ERS's assets to the Commonwealth, which wanted ERS's assets for its own purposes. The legislation was certainly not in the best interests of ERS or its creditors.

    The undisputed facts outlined above provide a clear basis for avoidance claims by ERS against the Commonwealth. Put simply, (i) the transfer of ERS's property to the Commonwealth,

January 28, 2019
Page 3

including the post-petition transfer of hundreds of millions of dollars of employer contributions owed to ERS, and (ii) the liquidation of ERS's assets and transfer of such assets to the Commonwealth during the pendency of the ERS Title III Case prior to any confirmed plan of adjustment for ERS, constitute fraudulent transfers avoidable by ERS under section 544(b) of the Bankruptcy Code and unlawful post-petition transfers avoidable under section 549(a) of the Bankruptcy Code. The ERS automatic stay expressly enjoins "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a). The foregoing post-petition acts by the Commonwealth to exercise control over ERS's property constitute clear violations of the ERS automatic stay.

The Oversight Board has no legally justifiable reason for failing to pursue the foregoing avoidance claims on behalf of ERS. There are two presumptive reasons why the Oversight Board has failed to zealously advocate on ERS's behalf. First, the Oversight Board has a simultaneous interest in representing the Commonwealth, as the beneficiary of the transfer. Second, the Oversight Board has an interest in defending Joint Resolution 188 and Act 106, which the Oversight Board itself required the Commonwealth to enact. The Oversight Board's conflict of interest is disqualifying. And conflicts of interest equally preclude the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, the Puerto Rico Fiscal Agency and Financial Advisory Authority, and all of the professionals employed by any of those entities from representing ERS.[2]

We demand that the Oversight Board respond to this letter no later than Friday, February 1, 2019. Given the possible application of statute of limitations for avoidance actions under sections 546(a) and 549(d) of the Bankruptcy Code, applicable to the ERS Title Case by section 301 of PROMESA, time is of the essence.

All rights of the Bondholders are reserved, including seeking the appointment of a trustee in the ERS Title III Case to pursue such avoidance actions pursuant to section 926 of the Bankruptcy Code, made applicable by section 301 of PROMESA.

---

[2] In light of the Oversight Board's role in the unlawful transfers and its other disqualifying conflicts, the Bondholders believe that any demand requirement is discharged as futile.

January 28, 2019
Page 4

        Very truly yours,

        */s/ Bruce S. Bennett*
        Bruce S. Bennett
        JONES DAY
        555 South Flower Street, 50th Floor
        Los Angeles, CA 90071

        *Counsel for the ERS Bondholders Group*

        /s/ *John K. Cunningham*
        John K. Cunningham
        WHITE & CASE LLP
        200 South Biscayne Boulevard, Suite 4900
        Miami, FL 33131

        *Counsel for the Puerto Rico Funds*