# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**URGENT MOTION TO EXPEDITE CONSIDERATION OF
MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

Movants [1] respectfully submit this urgent motion (the "Urgent Motion") to expedite consideration of the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566] (the "Stay Relief Motion") on remand. In support of the Urgent Motion, Movants state as follows:

## BACKGROUND

1. On July 3, 2018, Movants filed the Stay Relief Motion whereby Movants requested relief from the automatic stay imposed pursuant to Title III of PROMESA or, in the alternative, for adequate protection of their liens on property of ERS, in which the Commonwealth now claims an interest. *See* Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566.

2. On July 10, 2018, (i) the Financial Oversight and Management Board for Puerto (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" and, collectively, the "Debtors"), filed the *Debtor's Opposition to Motion of Certain Secured*

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

1

*Claimholders of Employees Retirement System of Government of Commonwealth of Puerto Rico for Relief from Automatic Stay* [Docket No. 3465 in Case No. 17-bk-03283 and Docket No. 292 in Case No. 17-bk-03566]; (ii) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee") filed the *Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico to the ERS Bondholders' Motion for Relief from the Automatic Stay* [Docket No. 3468 in Case No. 17-bk-03283 and Docket No. 293 in Case No. 17-bk-03566]; (iii) the American Federation of State, County and Municipal Employees ("AFSCME") filed the *Joinder of the American Federation of State, County and Municipal Employees to (1) the Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico to the ERS Bondholders' Motion for Relief from the Automatic Stay and (2) Debtor's Opposition to Motion of Certain Secured Claimholders of Employees Retirement System of Government of Commonwealth of Puerto Rico for Relief from Automatic Stay* [Docket No. 3467 in Case No. 17-bk-03283 and Docket No. 294 in Case No. 17-bk-03566]; and (iv) the Official Committee of Unsecured Creditors filed the *Joinder of Official Committee of Unsecured Creditors to Debtor's and Retiree Committee's Objections to Motion of Certain Secured Creditors of Employees Retirement System of Government of Commonwealth of Puerto Rico for Relief from Automatic Stay* [Docket No. 3470 in Case No. 17-bk-03283 and Docket No. 296 in Case No. 17-bk-03566].

3. On July 17, 2018, Movants filed the *Reply of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico in Support of Motion for Relief from the Automatic Stay* [Docket No. 3592 in Case No. 17-bk-03283 and Docket No. 303 in Case No. 17-bk-03566].

2

4. On July 20, 2018, the Court entered the *Order Scheduling Preliminary and Final Hearings Regarding Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3654 in Case No. 17-bk-03283] scheduling a preliminary hearing with respect to the Stay Relief Motion during the omnibus hearing on July 25, 2018, and a final hearing (the "Final Hearing") during the omnibus hearing on September 12, 2018. On July 30, 2018 the Court entered the *Order Regarding the September 12, 2018 Omnibus Hearing* [Docket No. 3722 in Case No. 17-bk-3283] rescheduling the omnibus hearing to September 13, 2018.

5. On August 6, 2018, the Court entered the *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay* [Docket No. 3747 in Case No. 17-bk-03283 and Docket No. 313 in Case No. 17-bk-03566]. The Court ordered the parties to meet and confer and file a joint statement by August 20, 2018, (a) identifying material disputed issues of fact regarding the attribution of any diminution in value resulting from the automatic stay, (b) setting forth deadlines for discovery with respect thereto, and (c) setting forth a briefing schedule for supplemental submissions in advance of the hearing with respect to the Stay Relief Motion. The Court set the Final Hearing on the Stay Relief Motion for September 13, 2018.

6. On August 17, 2018, the Court issued the *Opinion and Order Granting and Denying in Part Cross Motions for Summary Judgment* (the "August 17 Order") determining that Movants' liens are unperfected [Docket. No. 215 in Adv. Proc. No. 17-00213].

7. On August 21, 2018, the Court entered an order (the "August 21 Order") denying the Stay Relief Motion on the ground that the August 17 Order resolved it. *See* Docket No. 3793 in Case No. 17-bk-03283 and Docket No. 318 in Case No. 17-bk-03566.

3

8. On January 30, 2019, the United States Court of Appeals for the First Circuit issued an opinion affirming in part, reversing in part, and vacating in part, the August 17 Order, and remanding the Stay Relief Motion for further proceedings consistent with its opinion. *See Altair Global Credit Opp., et al. v. Employees Retirement System, et al.*, No. 18-1836 (1st Cir. Jan. 30, 2019) (attached as Exhibit A). The First Circuit held that Movants "met the requirements for perfection beginning on December 17, 2015," and that "PROMESA's incorporation of the Bankruptcy code does not allow for the avoidance of perfected liens." *Id.* at 55. On the same day, the First Circuit entered judgment in the cases. On February 20, 2019, the First Circuit issued its mandate.

9. Immediately following the First Circuit decision on January 30, 2019, Movants sought to reach agreement with respect to adequate protection. After communications on the matter, the Oversight Board, through its counsel, declined to provide any adequate protection. On February 20, 2019, after the First Circuit issued its mandate, Movants notified counsel for the Oversight Board of their intention to file this Urgent Motion, and requested the Oversight Board's consent to completion of discovery and a final hearing within 30 days of the First Circuit's mandate. On February 21, 2019, counsel for the Oversight Board responded that they intended to continue discussions on other ERS matters, but did not address the issues of adequate protection or this Urgent Motion.

## ARGUMENT

10. Adequate protection is a constitutional imperative. *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 511 (1st Cir. 2017) ("[P]rior to the enactment of the current bankruptcy stay provision, the Supreme Court had recognized that creditors are constitutionally entitled to protection to the extent of the value of their property.") (internal citations and alteration omitted).

4

Section 362(d)(1) of the Bankruptcy Code thus requires a court to grant relief from the automatic stay in the absence of adequate protection. 11 U.SC. § 362(d)(1).

11. Moreover, "the statute requires [a court's] action to be quick" because a "hearing on a motion for relief from stay is meant to be a summary proceeding." *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 31 (1st Cir. 1994); *see also In re Hein*, 341 B.R. 903, 907 (Bankr. N.D. Ind. 2006) ("The Bankruptcy Code requires the court to deal with issues involving the automatic stay with dispatch."); *In re Looney*, 823 F.2d 788, 792 (4th Cir. 1987) ("Section 362(e) was enacted to prevent the practice under the old Bankruptcy Act of 'injunction by continuance.'").

12. Under § 362(e)(1), the automatic stay is terminated 30 days after a party files a motion for relief from the stay unless the court, after notice and a hearing, orders the stay continued pending a final hearing and determination. 11 U.S.C. § 362(e)(1). Further, if the court conducts a preliminary hearing, a final hearing must be concluded within 30 days of the preliminary hearing, unless the 30-day period is extended with the consent of the parties or the court finds that an extension is required by compelling circumstances. *Id.*; *see also In re Daly*, 167 B.R. 734, 736 (Bankr. D. Mass. 1994) ("On a motion for relief from the automatic stay, the Court is not free to continue the evidentiary hearing and to postpone a decision on the motion. The Court must honor the movant's right to disposition of the motion within the time limits set forth in 11 U.S.C. § 362(e).").

13. Movants sought relief from the automatic stay more than seven months ago on the basis that the Commonwealth was diverting and dissipating their collateral without providing adequate protection payments. Since that time, and while this Court's decision was on appeal to the First Circuit, the Commonwealth has continued to divert and dissipate Movants' collateral, leaving Movants' constitutionally protected property interests completely unprotected. The

5

automatic stay prevents Movants from exercising remedies to prevent the diversion and dissipation of their collateral, including, but not limited to, enforcing their liens, seeking relief under § 407 of PROMESA for unlawful inter-debtor transfers of property, and pursuing litigation against municipalities and public corporations not currently in Title III proceedings. Thus, with each passing day, Movants continue to be harmed.

14. Movants therefore request that the Court expedite consideration of the Stay Relief Motion on remand consistent with the timing requirements in 11 U.S.C. § 362(e). Prior to the August 21 Order resolving the Stay Relief Motion on account of the August 17 Order, the Court had already conducted a preliminary hearing under § 362(e), and the parties were engaged in discovery and supplemental briefing in anticipation of a final hearing. Movants thus request that the Court schedule a final hearing on the Stay Relief Motion within 30 days of the First Circuit's mandate. *E.g.*, *In re Bennett Funding Group, Inc.*, 255 B.R. 616, 639-41 (N.D.N.Y. 2000) (remanding issues and, "assuming a final hearing has not occurred, ordering [the bankruptcy court] to conduct a final hearing within 30 days of the issuance of [the] opinion").

## RELIEF REQUESTED

15. Movants request that the Court expedite consideration of the Stay Relief Motion on remand consistent with the timing requirements in 11 U.S.C. § 362(e) and schedule a final hearing within 30 days of the First Circuit's mandate.

16. Movants propose the following schedule:

   a. February 25, 2019: Deadline for Movants and the Oversight Board to serve written discovery.

   b. March 4, 2019: Deadline for responses to written discovery.

6

    c. March 7, 2019: Deadline for Movants and the Oversight Board to submit any supplemental briefs and declarations.

    d. March 8, 2019: Deadline for Movants and the Oversight Board to notice depositions.

    e. March 13, 2019: Deadline for completion of depositions.

    f. March 15, 2019: Deadline for reply briefs (if necessary) to address issues raised in supplemental briefs and declarations.

    g. March 18, 2019: Final Hearing with respect to the Stay Relief Motion.

17. Pursuant to Paragraph I.H of the *Eighth Amended Notice, Case Management and Administrative Procedures* [Docket No. 4866 in Case No. 17-bk-03283], Movants hereby certify that they have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court. Movants have not been informed whether there will be an objection to the Urgent Motion.

## NO PRIOR REQUEST

18. No prior request for relief sought in this Urgent Motion has been made to this or any other court.

**WHEREFORE** Movants respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (a) granting the Urgent Motion and (b) granting such other relief as is just and proper.

In San Juan, Puerto Rico, today February 21, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ Jason Zakia* |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*