**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>X | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>X | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 367** |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO TO THE
URGENT MOTION TO EXPEDITE CONSIDERATION OF MOTION OF
CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF
<u>PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as representative of the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the

"ERS" and, collectively with the Commonwealth, the "Debtors") in these Title III cases pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), respectfully submits this response to the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* filed by certain ERS bondholders ("Movants")[1] [Docket No. 5196 in Case No. 17-bk-03283 and Docket No. 367 in Case No. 17-bk-3566] (the "Urgent Motion") for entry of an order setting a schedule concerning the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566] (the "Adequate Protection Motion").

## SUMMARY OF RESPONSE

1. In their Urgent Motion, Movants seek to renew and expand on the relief sought in their original Adequate Protection Motion. This newly requested relief exceeds what the parties had previously agreed to, and what had been ordered by the Court in the August 6 Order (defined below). As described herein, there are neither factual nor legal bases to alter—much less expand—the process the parties had previously determined to resolve the Adequate Protection Motion. The instant motion, however, seeks just that—it requests an expansion of discovery,

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

and contemplates further briefing and the filing of declarations, notwithstanding that Movants request the same relief as they did previously. The Court should decline this request. Further, should the Court be inclined to afford Movants any of the relief requested, the Debtors respectfully request that Movants' proposed schedule be modified to accommodate common sense timing concerns.

## BACKGROUND

2. On July 3, 2018, Movants filed the Adequate Protection Motion. The Court held a preliminary hearing on the Adequate Protection Motion at the omnibus hearing on July 25, 2018. At that hearing, the Court denied Movants' request for interim relief and ruled that "the lack of a showing relative to diminution of the value of collateral by reason of the automatic stay leads the Court to conclude at this juncture that there is a reasonable likelihood that the party opposing relief from the stay will prevail at the conclusion of the final hearing within the meaning of Section 362(e)(1)." *See* July 25, 2018 Hr'g Tr. at 81:9–14.

3. On August 6, 2018, the Court entered the *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay* [Docket No. 313 in Case No. 17 BK 3566-LTS; Docket No. 3747 in Case No. 17 BK 3283-LTS] (the "August 6 Order"). The August 6 Order set the final hearing on Movants' Adequate Protection Motion for September 13, 2018 and required Movants and the Oversight Board to file a joint statement by August 20, 2018 by 5:00 p.m. (AST) "(1) identifying material disputed issues of fact regarding the attribution of any diminution in value resulting from the automatic stay, (2) setting forth deadlines for discovery with respect thereto, and (3) setting forth a briefing schedule for supplemental submissions in advance of the hearing with respect to the Stay Relief Motion." *Id.* at 2. The August 6 Order also set a deadline of August

10, 2018, for the Oversight Board to "file a declaration, if any, to supplement the record with respect to the diminution of Movants' collateral as a result of the automatic stay and any other issue related." *Id.*

4. In accordance with the August 6 Order, on August 10, 2018, the Oversight Board filed the *Declaration of Paul V. Possinger in Support of Opposition to Motion of Certain Secured Claimholders of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (the "Possinger Declaration") [Docket No. 315 in Case No. 17 BK 3566-LTS; Docket No. 3760 in Case No. 17 BK 3283-LTS].

5. On August 10, 2018, Movants served notices of deposition and requests for admission on each of ERS and the Commonwealth.

6. Pursuant to the August 6 Order, the parties also conducted a meet and confer on August 14, 2018, and agreed on a process to comply with the Court's August 6 Order. The agreement included that:

   a. The Bondholders will circulate draft stipulated facts to the Government parties in the next day or so. This will reflect the facts set forth in the RFAs served on August 13th and any additional facts.

   b. The Bondholders will circulate a draft of the joint statement that includes the following:
      i. Disputed facts
         1. [To be determined]
      ii. Discovery
         1. Responses/objections to RFAs served no later than August 29th
         2. Depositions concluded before August 31st
      iii. Briefing
         1. Simultaneous supplemental briefing due September 7th

   c. The Government parties will review the RFAs served on August 13th in the interim. The Government parties will get back to the Bondholders in the next day or so regarding (i) whether they intend to take any discovery, (ii) the extent to which the universe of facts set forth in the RFAs are disputed, and (iii) any concerns on the proposed deadlines set forth above.

*See* email from Cheryl Sloane, dated August 14, 2018, attached hereto as **Exhibit A**.

7. On August 16, 2018, Movants circulated draft stipulated facts to the Oversight Board in furtherance of satisfying the August 6 Order. To avoid burdening the Court's file, those draft stipulated facts are not attached hereto.

8. On August 17, 2018, the Court issued the *Opinion and Order Granting and Denying in Part Cross Motions for Summary Judgment* (the "August 17 Order") determining that Movants' liens are unperfected [Docket. No. 215 in Adv. Proc. No. 17-00213].

9. On August 21, 2018, and as a consequence of the August 17 Order, the Court entered an order (the "August 21 Order") denying the Adequate Protection Motion on the ground that the August 17 Order resolved the matter. *See* [Docket No. 3793 in Case No. 17-bk-03283 and Docket No. 318 in Case No. 17-bk-03566]. Movants appealed.

10. On January 30, 2019, the United States Court of Appeals for the First Circuit issued an opinion affirming in part, reversing in part, and vacating in part, the August 17 Order, and remanding the Adequate Protection Motion for further proceedings consistent with its opinion. *See Altair Global Credit Opp., et al. v. Employees Retirement System, et al.*, No. 18-1836 (1st Cir. Jan. 30, 2019). On February 20, 2019, in accordance with the January 30, 2019 opinion and judgment, the First Circuit issued its formal mandate.

11. On February 21, 2019, Movants filed the instant Urgent Motion.

**RESPONSE**

12. The Court's August 6 Order controls the additional submissions and scope of the final hearing on the Adequate Protection Motion. Movants' proposed schedule included in the Urgent Motion is inconsistent with that order, and with the state of the proceedings as of August 17, 2018.

5

13. The August 6 Order focused on issues relating to a diminution in the value of Movants' collateral as a result of the ERS Title III petition. That order contemplated that the parties meet and confer on whether there were disputed issues of fact on that subject matter. It further contemplated discovery, if any, relating thereto and "supplemental" briefing. Movants' proposed schedule submitted as part of this Urgent Motion takes a more expansive view of the scope of the final hearing on the Adequate Protection Motion. For example, the August 6 Order did not contemplate additional declarations beyond one from the Oversight Board—the Possinger Declaration—which has already been filed pursuant to the August 6 Order. Additionally, Movants' schedule contemplates **two** rounds of briefing.[2]

14. Given the procedural posture of the Adequate Protection Motion, the Oversight Board submits that no further declarations are appropriate, and that—consistent with the parties' prior email exchange (from which Movants offer no reasoned basis to vary)—there should be simultaneous briefing closer to the final hearing, and after any discovery is concluded.[3]

15. Further, it would be more efficient for the final hearing to be heard at the scheduled omnibus hearing on April 24, 2019, with Movants and the Oversight Board meeting and concluding the meet and confer process in accordance with the August 6 Order. This schedule is appropriate in light of the circumstances of this matter, and is consistent with the Court's prior scheduling of the final hearing, with the stay remaining in effect until a determination is rendered in connection therewith. However, if the Court is inclined to schedule a hearing as requested by Movants, the Oversight Board requests the following common sense schedule be ordered in connection with the Adequate Protection Motion:

---

[2] The Possinger Declaration responded to the *Declaration of Sparkle L. Sooknanan in Support of ERS Bondholders' Motion for Relief from the Automatic Stay* [Docket No. 3734 in Case No. 17-bk-03283 and Docket No. 307 in Case No. 17-bk-03566], which was filed on August 3, 2018, before entry of the August 6 Order.

[3] If Movants believe different discovery and briefing other than that contemplated by the August 6 Order is necessary, Movants should file a new motion seeking adequate protection.

    a. February 27, 2019: Deadline for Movants and the Oversight Board to serve written discovery.

    b. March 6, 2019: Deadline for responses to written discovery.

    c. March 7, 2019: Deadline for Movants and the Oversight Board to notice depositions.

    d. March 14, 2019: Deadline for completion of depositions.

    e. March 20, 2019: Deadline for Movants and the Oversight Board to submit supplemental briefs, if any.

    f. March 22, 2019: Final hearing with respect to the Adequate Protection Motion.

Dated: February 23, 2019
      New York, NY

Respectfully submitted,

 /s/ Brian S. Rosen
Steven O. Weise (*pro hac vice*)
Martin J. Bienenstock (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
Kevin J. Perra (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: sweise@proskauer.com
Email: mbienenstock@proskauer.com
Email: tmungovan@proskauer.com
Email: kperra@proskauer.com
Email: brosen@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

 /s/ Luis F. del Valle-Emmanuelli
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

                                               */s/ Luis F. del Valle-Emmanuelli*
                                               Luis F. del Valle-Emmanuelli

## **Exhibit A**

Email from Cheryl Stone, dated August 14, 2018