**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**REPLY IN SUPPORT OF URGENT MOTION TO EXPEDITE CONSIDERATION OF
MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

Movants[1] respectfully submit this reply in support of their *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 5196 in Case No. 17-bk-03283 and Docket No. 367 in Case No. 17-bk-03566] (the "Urgent Motion")[2], and in response to the *Response of the Financial Oversight and Management Board for Puerto Rico to the Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 5207 in Case No. 17-bk-03283 and Docket No. 369 in Case No. 17-bk-03566] (the "Response"). In further support of the Urgent Motion, Movants state as follows:

## ARGUMENT

1. The Oversight Board's Response makes clear that it does not ultimately object to the relief sought in the Urgent Motion. Prior to filing the Urgent Motion, Movants reached out to

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Urgent Motion.

2

the Oversight Board to attempt to resolve or narrow the scheduling issues brought to the Court. Specifically, Movants requested the Oversight Board's consent to completion of discovery and a final hearing within 30 days of the First Circuit's mandate. Counsel for the Oversight Board responded that they intended to continue discussions on other ERS matters, but did not address adequate protection, much less the scheduling issues raised by Movants. Movants thus filed the Urgent Motion. In its Response, the Oversight Board ultimately proposes a schedule that contemplates completion of discovery and a final hearing within 30 days of the First Circuit's mandate—precisely the relief Movants proposed to the Oversight Board. Had the Oversight Board responded to Movants' request in the first instance, the Court would not be burdened with the current briefing.

2. The Oversight Board mischaracterizes the Urgent Motion and incorrectly asserts that Movants "seek to renew and expand" on the relief sought in the Stay Relief Motion. Response at ¶ 1. Not so. The Urgent Motion simply seeks to establish a schedule for resolving the Stay Relief Motion within the statutory deadlines.

3. To be clear, the Court's August 6 Order required the parties to meet and confer and file a joint statement by August 20, 2018, (a) identifying material disputed issues of fact regarding the attribution of any diminution in value resulting from the automatic stay, (b) setting forth deadlines for discovery with respect thereto, and (c) setting forth a briefing schedule for supplemental submissions in advance of the hearing with respect to the Stay Relief Motion. The schedule set forth in the Urgent Motion is entirely consistent with the Stay Relief Motion, the August 6 Order, and § 362(e) of the Bankruptcy Code. It contemplates deadlines for discovery and supplemental submissions, and proposes a final hearing within 30 days of the First Circuit mandate.

4. The Oversight Board has three objections to Movants' proposed schedule.

3

a. *First*, the Oversight Board asserts that the August 6 Order did not contemplate additional declarations. The August 6 Order required the parties to set forth a briefing schedule for supplemental submissions. Movants propose deadlines for supplemental briefs and any declarations in support of those briefs.

b. *Second*, the Oversight Board takes issue with the fact that Movants' proposed schedule contemplates two rounds of briefing and proposes simultaneous briefing instead. On August 14, 2018, after the parties met and conferred regarding the August 6 Order, *Movants* submitted a proposed schedule to the Oversight Board that contemplated simultaneous briefing in advance of the final hearing. But on August 16, 2018, the Oversight Board changed course. Counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF), responding on behalf of the Oversight Board and AAFAF, stated that instead of simultaneous briefing, Movants should file its brief first, followed by the Oversight Board's brief. Email from Madhu Pocha to Cheryl Tedeschi Sloane (Aug. 16, 2018) (attached as Exhibit A). Consequently, Movants' proposed schedule includes deadlines for the submission of supplemental and reply briefs. Although Movants believe that reply briefs will aid the Court, they have no objection to one round of simultaneous briefing if that is the Court's preference.

c. *Third*, the Oversight Board states that "it would be more efficient for the final hearing to be heard at the scheduled omnibus hearing on April 24, 2019." Response at ¶ 15. Without elaboration, the Oversight Board claims

4

that such a delay is "appropriate in light of the circumstances of this matter." *Id.* Movants strongly object to any additional delay. Section "362(e) provides that a bankruptcy court must hold a preliminary hearing on a motion to lift the stay within thirty days from the date the motion is filed, or the stay will be considered lifted. *A final hearing must be commenced within thirty days after the preliminary hearing.*" *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 31 (1st Cir. 1994) (emphasis added). Movants sought relief from the automatic stay *more than seven months ago* on the basis that the Commonwealth was diverting and dissipating their collateral without providing adequate protection payments. The First Circuit's decision of January 30, 2019, confirmed that Movants are secured creditors. *Altair Global Credit Opp., et al. v. Employees Retirement System, et al.*, No. 18-1836 (1st Cir. Jan. 30, 2019). The First Circuit also held more than two years ago that Movants are "constitutionally entitled to protection to the extent of the value of their property." *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 511 (1st Cir. 2017). The First Circuit concluded that even a temporary diversion of Movants' collateral and the resulting uncertainty about ERS's ability to repay its debt to Movants established a legally sufficient claim that Movants lacked adequate protection. *Id.* at 514; *see also* Unofficial Transcript, *Altair Global Credit Opportunities Fun (A), LLC, et al., v. Garcia-Padilla, et al.*, No. 16-2433, at 36:21-37:1 (Jan. 4, 2017) [Ex. F, Docket No. 3734-6 in Case No. 17-3283, Docket No. 307-6 in Case No. 17-3566] (THE COURT: "But I'm just having great difficulty with your argument that there's this seven-month window where the government can entirely, entirely

5

destroy the value of collateral a hundred percent and yet that wouldn't in and of itself be good cause" to lift the stay.). In the absence of adequate protection, Movants are entitled to relief from the automatic stay. 11 U.SC. § 362(d)(1).

5. After arguing that the Court should postpone a final hearing on the Stay Relief Motion until April 24, 2019, the Oversight Board proposes its own "common sense" schedule for discovery and supplemental briefing that is not materially different than Movants' proposed schedule, and contemplates completion of discovery and a final hearing by March 22, 2019. Movants consent to the following revised schedule:

    a. February 27, 2019: Deadline for Movants and the Oversight Board to serve written discovery.

    b. March 6, 2019: Deadline for responses to written discovery.

    c. March 7, 2019: Deadline for Movants and the Oversight Board to notice depositions.

    d. March 13, 2019: Deadline for completion of depositions.

    e. March 18, 2019: Deadline for Movants and the Oversight Board to submit any supplemental briefs and declarations in support of those briefs.

    f. March 20, 2019: Deadline for reply briefs (if any) to address only issues raised in supplemental briefs and declarations in support of those briefs.

    g. March 22, 2019: Final Hearing with respect to the Stay Relief Motion.

In San Juan, Puerto Rico, today February 24, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ Jason Zakia* |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*