# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. [1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 3284-LTS |

**REPLY TO OBJECTION OF PUERTO RICO SALES TAX FINANCING COPORATION TO PROOF OF CLAIM OF COOPERATIVA DE AHORRO Y CREDITO DR. MANUEL ZENO GANDIA (CLAIM #44322)**

To the Honorable United States District Court Judge Laura Taylor Swain

COMES NOW, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía (hereafter referred to as "Coop Zeno Gandía"), by and through the undersigned counsel who respectfully states and prays as follows:

1. On May 25, 2018, Coop Zeno Gandía filed claim number 44322 in the Puerto Rico Sales Tax and Financing Corporation (hereinafter "COFINA") Title III Case for principal and unpaid interest owed. In addition, Coop Zeno Gandía claimed losses, amounts, and damages suffered and claimed as averred in Adversary Complaint entitled <u>Cooperativa de</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474).

Ahorro y Crédito Abraham Rosa et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. 18-00028 (LTS).

2. On December 19, 2018, COFINA, through the Financial Oversight and Management Board of Puerto Rico filed an objection to Coop Zeno Gandía's claim number 44322 seeking that the claim be disallowed on two grounds:

(i) that the part of the claim seeking loss of principal and interest from bonds issued by COFINA was duplicative and should not be allowed inasmuch as the Trustee of the Bonds issued by COFINA, Bank of New York Mellon already filed claims on its behalf in the Master Proofs of Claim; and

(ii) that the portion of the claim corresponding to losses, amounts and damages pursuant to Adversary Case 18-00028 (LTS) is subject to subordination pursuant to 11 U.S.C. § 510 (b) as a claim for damages arising from the purchase or sale of a security of the debtor.

3. As per the Notice of the Objection given by COFINA, responses to the Objection must be filed on or before February 26, 2019.

4. Coop Zeno Gandía hereby opportunely replies to COFINA'S objection to claim number 44322 as follows:

A. CLAIM NUMBER 44322 WAS AMENDED- COFINA'S OBJECTION BECAME MOOT

5. On today's date Coop Zeno Gandía amended its proof of claim to clarify that the amount of the claim for principal and interest due from the bonds is to the extent that said amounts are not already claimed or covered by the Master Proofs of Claim filed by the Bank of New York Melon as Trustee for the bonds. Thus, the amended claim would not be duplicative, nor render a double recovery against COFINA. In light of such amendment to the claim COFINA's objection should be denied.

6. The amended claim also specifies that the claims for losses, amounts and damages

are for actions and omissions alleged in Adversary Complaint case 18-00028 (LTS). Such amended claim also renders COFINA's objection moot.

### B. CLAIM NUMBER 44322 IS NOT SUBJECT TO 11 U.S.C. §510(B) SUBORDINATION

7. In its objection to claim number 44322, COFINA conclusively and unsupportively states that the amounts claimed for losses and damages by Coop Zeno Gandía arise from the purchase or sale of a security, and that as such should be subordinated pursuant to 11 U.S.C. §510 (b).

8. Courts have decided that "only claims based upon alleged violations of securities laws and which arise from the purchase and sale of such securities fall within the scope of Section 510 (b)". In re Amarex, Inc., 78 B.R. 605, 610 (W.D. Okla 1987). See also In re Angeles, Corp., 177 B.R. 920 (1995) interpreting Amarex: "fraud or other wrongful conduct occurring subsequent to the purchase of the security is not a claim 'arising from' the purchase of the security". In re Angeles, Corp., 177 B.R. at 927.

9. Bankruptcy Courts have also ruled that the plain language of §510 (b) … applies only to a claim that directly concerns the stock transaction itself, i.e. the actual purchase and sale of debtor's security must give rise to the contested claim". In re Montgomery Ward Holding Corp., 272 B.R. 836, 842 (Bankr. D. Del. 2001).

10. On March 22, 2018, Coop Zeno Gandía, together with other Credit Unions, filed Adversary Complaint, Case No. 18-00028 (LTS) against the Commonwealth of Puerto Rico; COFINA; Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico ("COSSEC"); Government Development Bank ("GDB"); GDB Debt Recovery Authority; GDB Public Entity Trust; Puerto Rico Fiscal Agency and Financial Advisory Authority ("FAFAA"); Financial Oversight and Management Board for Puerto Rico ("FOMB," and "Oversight Board"), seeking remedies in law and equity for Defendants' lack of honesty, fraud, gross and reckless misconduct, violation of statutory and fiduciary

duties, among others.

11. These causes of action and the claims within them in Adversary Proceeding No. 18-00028 (LTS) are fact intensive claims for actions and omissions that go beyond and are separate from the purchase and sale of a security. Therefore, Coop Zeno Gandía's losses, amounts and damages claims included in claim number 44322 as amended and made pursuant to the allegations in such adversary complaint cannot be construed to arise from the purchase or sale of a security and should not be subordinated pursuant to section 510 (b) of the Bankruptcy Code.

12. The fact that Coop Zeno Gandía is claiming as holder of COFINA bonds does not confine its claims to subordination treatment. "Congress did not intend to subordinate every claim brought by a shareholder, regardless the nature of the claim." *See* In re Telegroup Inc., 281 F.3d at 133, 144 at n. 2.[2]

13. The claims in Adversary proceeding 18-00028 (LTS) against several defendants, including COFINA, regarding said Defendants' multiple actions and omissions taken against Coop Zeno Gandía are pending to be determined and decided by this Honorable Court, and should not be collaterally "dismissed" without due process and proper consideration through inapplicable statutory subrogation as these do not arise from the purchase and sale of security. Actually, applicability of Section 510(b) is one of the unresolved factual and legal controversies being litigated under Adversary proceeding 18-00028 (LTS) and which has not been fully argued by all parties to said case. That controversy will require due consideration of the nature and extent of Defendants' actions and omissions which caused the losses and damages suffered by Coop Zeno Gandía. Judicial evaluation of that factual and legal controversy should be considered by this Honorable Court when deciding Adv. Proceeding 18-00028, and not within the limited

---

[2] "It was not the intent of Congress to subordinate all claims raised by a stockholder …[f]or example, a shareholder's personal injury action against the debtor would not be subject to §510 (b) merely because the individual owns stock in the company." In re Pre-Press Graphics Co., 307 B.R. 65, 80 (2004).

constraints of the objection to claims proceeding. In light of the above, COFINA's objection to claim number 44322 should be denied.

**WHEREFORE**, Cooperativa de Ahorro y Crédito Zeno Gandía respecffully prays from this Honrable Court to deny COFINA's Objection to Claim #44322.

## NOTICE

Notice of this Objection shall be provided to (a) counsel for the Oversight Board, (b) counsel for the Trustee, (c) Office of the United States Trustee for the District of Puerto Rico, (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, (e) attorneys for the Official Committee of Unsecured Creditors, (f) those creditors holding the 20 largest unsecured claims against COFINA, (g) attorneys for the Official Committee of Retired Employees, (h) the attorneys for Ambac Assurance Corporation, (i) the attorneys for Assured Guaranty Municipal Corp., j) the attorneys for National Public Finance Guarantee Corporation, (k) the attorneys for the COFINA Senior Bondholders' Coalition, (l) the attorneys for Oppenheimer and the First Puerto Rico Family of Funds, (m) the attorneys for Goldman Sachs Asset Management, L.P., (n) the attorneys for the Puer1o Rico Funds, (o) the attorneys for Bonistas del Patio, Inc. (p) the attorneys to certain of the Insured Senior Holders, (q) the attorneys to GoldenTree Asset Management LP, (r) the attorneys to Tilden Park Capital Management LP, (s) the attorneys to Whitebox Advisors LLC, (t) the attorneys for Aurelius and Six PRC, and (u) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Credit Unions submit that, in light of the nature of the relief requested, no other or further notice is necessary or required.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Seventh Amended Notice, Case Management and Administrative Procedures*:

(i) Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312;

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this 25th day of February of 2019.

*Lugo Mender Group, LLC*
Attorney for Credit Unions
100 Carr. 165 Suite 501
Guaynabo, P.R. 00968-8052
Tel.: (787) 707-0404
Fax: (787) 707-0412

*S/ Wigberto Lugo Mender*
Wigberto Lugo Mender
USDC-PR 212304
wlugo@lugomender.com

Dated: February 25, 2019
San Juan, Puerto Rico