## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**OPPOSITION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF PUERTO RICO SALES TAX FINANCING CORPORATION, TO THE CREDIT UNIONS' MOTION FOR RECONSIDERATION OF ORDER CONFIRMING THE THIRD AMENDED PLAN OF ADJUSTMENT OF PUERTO RICO SALES TAX FINANCING CORPORATION**

---

[1]      The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 4

ARGUMENT ............................................................................................................................ 9

    I.      The Motion Should Be Denied Because the Credit Unions Have Not
           Met Their Burden of Establishing a Basis for Relief Under Rule 60(b). ............ 10

    II.     The Motion Should Be Denied Because the Credit Unions Have Not
           Met Their Burden of Establishing a Basis for Relief Under Rule 59(e). .............. 15

CONCLUSION ....................................................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barraford v. T & N Ltd.*,
778 F.3d 258 (1st Cir. 2015) ............................................................................................11, 13

*Bonner v. Colvin*,
153 F. Supp. 3d 465 (D. Mass. 2015) ......................................................................................9

*Bull HN Info. Sys., Inc. v. Hutson*,
184 F.R.D. 19 (D. Mass. 1999) .........................................................................................14, 15

*Davila-Alvarez v. Escuela de Medicina Universidad Central de Caribe*,
257 F.3d 58 (1st Cir. 2001) .......................................................................................................12

*Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*,
832 F.3d 50 (1st Cir. 2016) ..........................................................................................10, 11, 12

*Gila River Ranch, Inc. v. United States*,
368 F.2d 354 (9th Cir. 1966) ...................................................................................................10

*Hoult v. Hoult*,
57 F.3d 1 (1st Cir. 1995) ............................................................................................................11

*In re Morales-Otero*,
Civil No. 14-1360 (FAB), 2017 WL 6513658 (D.P.R. Dec. 20, 2017) ...............................12

*Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*,
322 F.R.D. 439 (D.P.R. 2017) .................................................................................................15

*Jordan v. Colvin*,
No. CV 15-13320-LTS, 2017 WL 262007 (D. Mass. Jan. 18, 2017) .....................................9

*Lopez-Rosario v. Programa Seasonal Head Start*,
140 F. Supp. 3d 214 (D.P.R. 2015) ........................................................................................12

*Marie v. Allied Home Mortg. Corp.*,
402 F.3d 1 (1st Cir. 2005) .........................................................................................................14

*Markel Am. Ins. Co. v. Diaz-Santiago*,
674 F.3d 21 (1st Cir. 2012) .......................................................................................................14

*Nansamba v. N. Shore Med. Ctr., Inc.*,
727 F.3d 33 (1st Cir. 2013) .......................................................................................................12

*Quality Cleaning Products R.C., Inc. v. SCA Tissue N. Am.*,
794 F.3d 200 (1st Cir. 2015) .....................................................................................................14

ii

*Rooney v. Biomet, Inc.*,
  197 F.R.D. 209 (D. Mass. 2000) .......................................................................................... 10

*Silk v. Sandoval*,
  435 F.2d 1266 (1st Cir. 1971) ........................................................................................ 10, 11

*United States v. $29,373.00 in U.S. Currency*,
  86 F. Supp. 3d 95 (D.P.R. 2015) ......................................................................................... 12

**STATUTES/RULES**

11 U.S.C. § 510(b) ........................................................................................................... 5, 6, 13

11 U.S.C. § 944 ............................................................................................................... 6, 11, 13

PROMESA § 301(a) ............................................................................................................ 6, 11

Fed. R. Civ. P. 59(e) ........................................................................................................ passim

Fed R. Civ. P. 60(b) ......................................................................................................... passim

**OTHER AUTHORITIES**

6 COLLIER ON BANKRUPTCY ¶ 944.03 ......................................................................... 11, 13

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of Debtor the Puerto Rico Sales Tax Financing Corporation ("COFINA") pursuant to § 315(b) of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241, respectfully submits this opposition to the *Motion Requesting Reconsideration and/or to Alter Judgment on Confirmation of Puerto Rico Sales Tax Financing Corporation of the Third Amended Plan of Adjustment* (the "Motion") [ECF No. 604] filed by Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía and Cooperativa de Ahorro y Crédito de Juana Díaz (collectively, the "Credit Unions").

## PRELIMINARY STATEMENT

1.      Long before this Motion was filed, the Credit Unions objected to COFINA's earlier iterations of COFINA's Plan of Adjustment (which culminated in the Third Amended Plan of Adjustment (the "Plan")), claiming the provision discharging COFINA and Reorganized COFINA (§ 30.2) was overly broad because: (i) it would affect claims asserted by the Credit Unions against COFINA in *Cooperativa de Ahorro y Crédito Abraham Rosa, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 18-00028 (the "Credit Unions Action")[2]; and (ii) when read in conjunction with certain Plan definitions, might also release claims asserted against other defendants in the Credit Unions Action. *See Objection to the Confirmation of the Second Amended*

---

[2] The Credit Unions Action asserts claims against COFINA for purportedly aiding and abetting alleged wrongdoing by the Commonwealth, the Government Development Bank and the Cooperatives Supervision & Insurance Corp. in connection with the Credit Unions' purchase of COFINA bonds.

*Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 415; Case No. 17-BK-03284-LTS] (the "Objection") ¶¶ 15-21.

2.      The Oversight Board requested that the Court overrule the Objection,[3] but nonetheless agreed at the confirmation hearing to include language in the proposed Plan confirmation order clarifying that the claims asserted in the Credit Unions Action are discharged as to COFINA and Reorganized COFINA **only**, and there is no release with respect to any other entity or person. The Credit Unions did not challenge this proposal to resolve their stated concerns and Objection by such clarifying language. The Oversight Board thereafter submitted a revised proposed form of order containing clarifying language consistent with the representations made on the record at the confirmation hearing,[4] and no further objection thereto was filed by the Credit Unions. This Court then entered an order and judgment confirming COFINA's plan of adjustment, resolving the Credit Unions' Objection by adopting the language clarifying the narrow scope of the release provision consistent with the understanding reached at the Plan confirmation hearing.[5]

3.      Now, apparently dissatisfied with the Court's decision that their claims against COFINA and Reorganized COFINA in the Credit Unions Action would be discharged, the Credit Unions refiled their earlier, broader Objection and labeled it as a "motion for reconsideration"

---

[3] *See Omnibus Reply of Puerto Rico Sales Tax Financing Corporation to Objections to Second Amended Title III Plan of Adjustment* [ECF No. 443] (the "Omnibus Reply"), Ex. A § XVII.

[4] *See Notice of Filing of Revised Proposed (I) Findings of Fact and Conclusions of Law Regarding Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation, and (II) Order and Judgment Confirming the Third Amended Title III Plan* [ECF No. 521] (the "Notice of Filing"), Ex. B ¶ 30 at 154-55.

[5] *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 4, 2019 [ECF No. 552], and *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 5, 2019 [ECF No. 561] (the "Amended Confirmation Order").

under Fed. R. Civ. P. 59(e) and 60(b).  The Credit Unions attempt to justify reconsideration of their original overruled Objection by mischaracterizing the discharge of COFINA and Reorganized COFINA as an "inadvertent mistake" (Motion ¶ 10) in violation of the Credit Unions' "fundamental right to the due judicial adjudication" (*id.* ¶ 17) of the Credit Unions Action.

4.    Of course, there was no "inadvertent mistake."  Rather, as evidenced in the hearing transcript and the Amended Confirmation Order, the Court carefully considered the Objection and limited the discharge to claims asserted by the Credit Unions against COFINA and Reorganized COFINA only, and no one else.

5.    Rule 59(e) and Rule 60(b) do not give the Credit Unions a right to a "do over" by which they can reargue their Objection with the hope the Court will reach a different result the second time.  A party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing specific criteria, a burden which the Credit Unions completely failed to meet in their Motion.

6.    Although the Credit Unions allege, without basis, the Court's Amended Confirmation Order contains an "inadvertent mistake," the only "mistake" they identify is the provision in the Amended Confirmation Order implementing the discharge of COFINA and Reorganized COFINA over their Objection.  Under controlling First Circuit law, the Credit Unions' disagreement with the Court's ruling is not a "mistake" entitling them to relief under Rule 60(b).  Moreover, the Credit Unions' legal arguments as to why this Court supposedly erred in discharging COFINA and Reorganized COFINA are incorrect.  One of the fundamental purposes of a bankruptcy proceeding is to discharge claims against the debtor so that it might have a fresh start.  That is exactly what the Court did here.

7.    Further, even if the Credit Unions could articulate a "mistake" made by the Court (which they cannot), the Credit Unions have not, and cannot, carry their burden of demonstrating:

(i) exceptional circumstances exist, favoring extraordinary relief; (ii) if the judgment were set aside, the Credit Unions would have a potentially meritorious claim against COFINA and Reorganized COFINA; or (iii) COFINA and Reorganized COFINA would not be unfairly prejudiced if the Motion were granted. First, "[e]xceptional circumstances" require the Credit Unions to establish the Amended Confirmation Order contains fundamental, unjust errors of law, which they have not done. Second, the Credit Unions have not demonstrated their claims against COFINA and Reorganized COFINA in the Credit Unions Action are meritorious. Moreover, even if such claims had merit, they are included in Class 10 of the Plan, which claims receive no distribution, and the holders thereof were deemed to have rejected the Plan. Third, and by contrast, granting the Motion would severely prejudice COFINA and Reorganized COFINA by denying them the full "fresh start" consistent with PROMESA and Title III.

8.      The Motion also references Rule 59(e), but fails to provide argument or authority to support relief. It does not articulate any grounds for relief under Rule 59(e) and does not establish the Credit Unions are entitled to an order amending or altering the judgment.

9.      For each of these reasons, the Motion and the relief requested therein should be denied in their entirety.

## FACTUAL BACKGROUND

10.      The Plan initially included a provision providing, among other things, that "COFINA and Reorganized COFINA shall be deemed discharged and released from any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date" (the "Original Release Provision"). *See* Plan § 30.2. The Credit Unions objected to the Plan on the ground § 30.2 would release the aiding and abetting claims they had asserted against COFINA in the Credit Unions Action. Objection ¶¶ 15-16, 19. The Credit Unions further asserted

that, when read in conjunction with certain Plan definitions, § 30.2 might also release claims asserted against other defendants in the Credit Unions Action. *Id.* ¶¶ 15, 17-18.[6]  According to the Credit Unions, the Original Release Provision might "imply that upon the entry of the Order of Confirmation all pending disputes, including the [Credit Unions Action], may be discharged or stayed by way of confirmation" (*id.* ¶ 4), which would "derail" their right "to prosecute the causes of action and remedies to which they may be entitled" (*id.* ¶ 19).  The Credit Unions urged that confirmation of the Second Amended Plan "be denied, or alternatively [it be] amended in order to provide adequate implementation provisions on the ongoing contested claim pending against the estate." *Id.* ¶ 26.

11.     As set forth in the Oversight Board's Omnibus Reply, the Credit Unions Action sought "recovery of principal and interest on their Existing Securities,"[7] which securities were classified as Classes 1 or 5 pursuant to the Plan and "adjusted" pursuant to the Plan's terms. Omnibus Reply, Ex. A § XVII at 18-19.  In addition, the Credit Unions Action asserted further claims for damages, including claims seeking exemptions from discharge, certain claimed punitive and statutory damages, and rescission of transactions by which their bonds were purchased.  The Omnibus Reply explained that those supplemental claims seek "damages arising from the issuance or purchase of the Existing Securities [and accordingly] . . . the Debtor has . . . sought to, among other things, subordinate [such] claims pursuant to Bankruptcy Code section 510(b). . . . The Plan provides that claims subordinated pursuant to Bankruptcy Code section 510(b) will be treated

---

[6] The Plan definitions cited in the Objection were "General Unsecured Claim" (§ 1.102), "Government Parties" (§ 1.103), "Related Actions" (§ 1.149), and "Released Claims" (§ 1.151). None of these definitions or paragraphs is referenced in the release provision, § 30.2.

[7] "Existing Securities" are defined as "[c]ollectively, the existing 'Senior' and 'First Subordinate' bonds issued by COFINA prior to the Petition Date in accordance with the Bond Resolution." Plan § 1.95.

pursuant to Class 10." *Id.*  In any event, the discharge of claims against COFINA and Reorganized

COFINA is appropriate in light of § 944 of the Bankruptcy Code, made applicable to COFINA's

Title III case by PROMESA § 301(a), which discharges "all debts as of the time when the plan is

confirmed."  11 U.S.C. § 944(b)(1); s*ee* Omnibus Reply, Ex. A § XVII at 22.

12.     The Objection was heard at the January 17, 2019 Plan confirmation hearing.  *See*

excerpts of Reporter's Transcript of January 17, 2019 Plan confirmation hearing at 25:05-

28:16.[8]  The Credit Unions repeated their request that the Court "limit those [release] provisions

contained in the Plan of Adjustment, which appear to release and discharge not only the claims

. . . but also other parties which are under the jurisdiction of this Honorable Court in active and

still pending litigation [the Credit Unions' Action]."  R.T. at 27:6-11.  The Credit Unions argued

that, "[a]bsent a limitation on the releases, exculpations, and discharge provisions, the right to the

judicial adjudication of unrenounced and non-released claims and rights asserted in the adversary

proceeding may be severely affected . . . ."  *Id.* at 27:13-17.  They suggested revising the Original

Release Provision such that "the rights, claims and defenses of all parties to the adversary

proceeding number 18-28 shall be unaffected until duly adjudicated by the Court."  *Id.* at 28:9-12.

13.     Following the Credit Unions' oral argument at the hearing, the Court asked the

Oversight Board "to provide some further clarity as to the scope of the releases . . . [p]articularly

with respect to potential actions against former government officials in their private capacity, and

others who were involved in the marketing of the securities, transfers of asserts."  *Id.* at 119;05-

12.

---

[8] Relevant excerpts of Reporter's Transcript of January 17, 2019 Plan confirmation hearing are
attached as Exhibit A hereto and referenced as "R.T."

14.     In response, the Oversight Board advised the Court it had discussed the Original

Release Provision with counsel for the Credit Unions, and the fact the Credit Unions' claim against

COFINA "would be treated as a Section 510(b) subordinated claim, and class ten, and receive no

distribution pursuant to the Plan.  And counsel agreed.  And so it's not an issue with respect to

COFINA being released from [the Credit Unions Action] . . . So that left several parties who were

named defendants."  *Id.* at 124:25-125:15.  The Oversight Board further stated "it is not here to try

to stop ongoing litigation by the [Credit Unions] against any of [the parties other than the Debtor

and Reorganized Debtor]."  *Id.* at 125:16-18.

15.     In considering the Objection, the Court recalled the release provision contained "a

general reference to related parties of the Commonwealth and COFINA and employees, agents, so

on and so forth," and inquired whether the Plan "specifically cabined that reference, so as to make

it absolutely clear that [the release] didn't intend to reach others" in those categories.  *Id.* at 126:05-

11.  The Oversight Board represented that to the Court as to the limited nature of the release

provisions, but nonetheless, agreed to make a supplemental submission clarifying in the Plan

confirmation order the limited scope of the Plan's release provision.  *Id.* at 119:05-12, 125:14-

129:03.  The Credit Unions did not object to the Oversight Board including such clarifying

language in the Plan confirmation order, or say anything further regarding the Objection.

16.     Consistent with such discussion, the Oversight Board included language clarifying

the limited scope of the release in ¶ 30 of its January 21, 2019 second revised proposed order

confirming the Plan [ECF No. 521-2] (the "Second Revised Proposed Order").[9]  The release

---

[9] The Second Revised Proposed Order is attached to the Notice of Filing as Exhibit B.  A redline
comparison of the Second Revised Proposed Order against the Revised Proposed Order [ECF No.
521-4] is attached to the Notice of Filing as Exhibit D.  The redline comparison of ¶ 30 is on pages
31-32 of Exhibit D to the Notice of Filing.

language in ¶ 30 (the "<u>Revised Release Provision</u>") clarified that the scope of the release is narrow, excludes "any former elected or appointed officials, directors, or officers of any of the Government Parties and the Commonwealth, in each case acting in his or her own capacity as such prior to January 1, 2017," and does not discharge parties other than COFINA and Reorganized COFINA. The Revised Release Provision also added language clarifying that:

> . . . notwithstanding anything contained in the Plan to the contrary, "Related Persons" shall not include any financial advisors, investment bankers, underwriters, attorneys, accountants, agents and professionals of the Commonwealth and COFINA, solely to the extent of services provided in connection with the issuance of the Existing Securities; and, provided, further, that the plaintiffs in that certain adversary proceeding before the Title III Court, captioned Cooperativa de Ahorro y Credito Abraham Rosa, et al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 18-00028, shall be entitled to continue pursuit of such litigation against all parties other than COFINA and Reorganized COFINA, subject to all available rights and defenses with respect to claims and causes of action asserted therein.

Notice of Filing ¶ 30 at 154-55.

17.     Consistent with the Court's request at the Plan confirmation hearing, the Revised Release Provision also "specifically cabined" the reference to COFINA's and Reorganized COFINA's "Related Persons" by expressly carving out "any former elected or appointed officials, directors, or officers of any of the Government Parties and the Commonwealth, in each case acting in his or her capacity as such prior to January 1, 2017." *Id.*

18.     The Credit Unions did not object to the Revised Release Provision.

19.     The Amended Confirmation Order entered February 5, 2019, contains the clarifying language in ¶ 30 of the Second Revised Proposed Order. *Compare* Amended Confirmation Order ¶ 30 *with* Second Revised Proposed Order ¶ 30. The Plan became effective on February 12, 2019, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico*

*Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the*

*Effective Date* [ECF No. 587] (the "<u>Notice of Entry of Order</u>").

20.     On February 19, 2019, the Credit Unions filed the Motion again asking the Court

not to release and discharge the Credit Unions' claims against COFINA and Reorganized COFINA

by modifying the clarifying language in ¶ 30 of the Amended Confirmation Order:

> . . . provided, further, that the plaintiffs in that certain adversary proceeding before
> the Title III Court, captioned Cooperativa de Ahorro y Crédito Abraham Rosa, et
> al. v. Commonwealth of Puerto Rico, et al., Adv. Proc. No. 18-00028, shall be
> entitled to continue pursuit of such litigation against all parties ~~other than~~
> ~~COFINA and Reorganized COFINA~~, subject to all available rights and defenses
> with respect to claims and causes of action asserted therein."

Motion ¶ 18.[10]  (emphasis in original).  The Motion is without merit and should be denied in its

entirety.

## <u>ARGUMENT</u>

21.     The Motion, in substance, seeks to reargue issues the Credit Unions raised in their

original Objection and overruled by this Court—whether claims asserted by the Credit Unions

against COFINA and Reorganized COFINA should be discharged as part of the Plan confirmation.

The Court already has considered and overruled the Objection, and the language clarifying that the

release does not preclude the Credit Unions from pursuing the Credit Unions Action against all

parties other than COFINA and Reorganized COFINA was discussed in open court during the Plan

confirmation hearing without further objection from the Credit Unions.[11]  The clarifying language

---

[10] Paragraph 18 of the Motion erroneously references § 30 of the Third Amended Plan instead of
¶ 30 of the Amended Confirmation Order.

[11] The Credit Unions could have, but did not, dispute the Oversight Board's statement at the Plan
confirmation hearing that the parties had no dispute "with respect to COFINA being released from"
the Credit Unions Action. R.T. at 124:25-125:04.  By their silence, the Credit Unions have waived
the right to object to the Revised Release Provision—via "motion for reconsideration" or
otherwise.  *Jordan v. Colvin*, No. CV 15-13320-LTS, 2017 WL 262007, at *7 (D. Mass. Jan. 18,
2017) (holding that plaintiff waived argument regarding purported misstatement at hearing where

in ¶ 30 of the Amended Confirmation Order is consistent with the discussion at the Plan confirmation hearing and the Court's decision overruling the Objection.  The Credit Unions have not met their burden of establishing a basis for reconsideration or other relief under either Rule 59(e) or Rule 60(b), and the Motion should be denied.

**I.    The Motion Should Be Denied Because the Credit Unions Have Not Met Their Burden of Establishing a Basis for Relief Under Rule 60(b).**

22.    The Credit Unions' sole basis for seeking reconsideration pursuant to Rule 60(b) is their unsupported allegation that the Amended Confirmation Order contains an "inadvertent mistake."  The Motion should be denied because the Credit Unions do not, and cannot, identify any "mistake" in the Amended Confirmation Order, let alone an inadvertent one.  The Motion also should be denied because, even assuming, *arguendo*, that the Credit Unions could identify a "mistake," it would not provide a basis for relief pursuant to Rule 60(b).

23.    Rule 60(b) specifies six limited grounds pursuant to which a party may move for relief from a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Here, the Motion references, but fails to identify, a purported "inadvertent mistake" in the Amended Confirmation Order.

24.    The First Circuit recognizes that a court's authority to correct a mistake pursuant to Rule 60(b)(1) is limited to correcting "[m]inor errors reflecting the actual intent of the

---

plaintiff failed to object to that purported misstatement at the hearing); *Bonner v. Colvin*, 153 F. Supp. 3d 465, 477 (D. Mass. 2015) ("The short answer is that, having failed to object during the administrative hearing, Plaintiff has waived this argument.") (citing *Soto-Cedeno v. Astrue*, 380 Fed. App'x 1, 4 (1st Cir. 2010)).

court," *Rooney v. Biomet, Inc.*, 197 F.R.D. 209, 211 (D. Mass. 2000), such as clarifying that the dismissal of a complaint was without prejudice, *id.* at 122, or replacing the mistaken use of "judgment" with "verdict," *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966).  The First Circuit has rejected attempts to use Rule 60(b)(1) where the purported mistake is "that the court made an erroneous ruling" or "wrongly decide[d] a point of law," *Silk v. Sandoval*, 435 F.2d 1266, 1267-68 (1st Cir. 1971).  *See also Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 64 (1st Cir. 2016) ("this circuit does not understand Rule 60(b)(1)'s reference to 'mistake' to include a district court's mistaken ruling on a point of law.").

25.     The Motion should be denied because the Credit Unions have not identified any "mistake" by the Court and therefore failed to meet their burden under Rule 60(b)(1).  The Credit Unions instead challenge whether the Court made a *legal* error by overruling the Objection and entering an order implementing the discharge of the Credit Unions' claims against COFINA and Reorganized COFINA.  *See, e.g.*, Objection ¶ 16 (arguing the claims "cannot be 'dismissed' through a collateral release and discharge that did not consider the factual and legal controversies that have been presented to the Court") and ¶ 17 (asserting their "right" to litigate the claims against COFINA "is a fundamental one," and by discharging their claims, the Amended Confirmation Order violates their "fundamental right to the due judicial adjudication of active and pending cases.").[12]  As discussed above, claims that a court "made an erroneous ruling" or "wrongly decided a point of law" cannot support relief on the ground that the court committed a "mistake"

---

[12] The Credit Unions' attempt to rely on the Plan's treatment of the dispute among Bank of New York, Whitebox and Ambac (Objection at ¶¶ 17, 19) is not persuasive.  That dispute concerned non-COFINA assets, and its resolution did not impact the Title III estate.  By contrast, the Credit Unions seek to carve out claims seeking monetary relief against COFINA and Reorganized COFINA.

under Rule 60(b)(1) even if true (which is not the case here).[13]   *Fontanillas-Lopez*, 832 F.3d at

64; *Silk*, 435 F.2d at 1267-68; *see also Hoult v. Hoult*, 57 F.3d 1, 5 (1st Cir. 1995) ("The gravamen

of defendants' argument is that the district court wrongly decided a point of law.  This is not

grounds for relief under Rule 60(b) . . . [because an error of law is] not a 'mistake,' as we have

defined that term under Rule 60(b)(1).").

26.     The Motion also should be denied on the independent ground that the Credit Unions

failed to meet their burden of establishing three other requirements for relief under Rule 60(b): (i)

exceptional circumstances exist, favoring extraordinary relief; (ii) if the judgment were set aside,

the Credit Unions could mount a potentially meritorious claim against COFINA and Reorganized

COFINA; and (iii) COFINA and Reorganized COFINA would not face unfair prejudice if the

motion were granted.  *See Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 37-38 (1st Cir.

2013) (citing *Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009)).

27.     First, the Credit Unions have not demonstrated exceptional circumstances exist

justifying relief.  Motions for reconsideration are vehicles for "extraordinary relief" and "should

be granted sparingly."  *Davila-Alvarez v. Escuela de Medicina Universidad Central de Caribe*,

257 F.3d 58, 63-64 (1st Cir. 2001); *see also Fontanillas-Lopez*, 832 F.3d at 50.  An error of law

---

[13] The Credit Unions' claim the Court made a legal error not only is a deficient basis for relief under Rule 60(b)(1), but it also is demonstrably wrong.  It is beyond cavil that the purpose of a bankruptcy proceeding is to discharge claims against the debtor so that it might have a fresh start. Under Bankruptcy Code § 944 (incorporated into PROMESA by PROMESA § 301(a)), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9).  It would frustrate the purpose of Title III if COFINA were to emerge from the process with the continuing uncertainty of litigation claims against it.

may create an "exceptional circumstance" that justifies relief pursuant to Rule 60(b)(6)[14] *only* if it is so "fundamental and unjust" that a "complete miscarriage of justice" would result if it were not corrected. *Lopez-Rosario v. Programa Seasonal Head Start*, 140 F. Supp. 3d 214, 220 (D.P.R. 2015) (citation omitted) (finding Rule 60(b) relief justified where a court dismissed a complaint, *sua sponte* and without providing the parties an opportunity to submit briefing, on the erroneous grounds that it lacked jurisdiction over a discrimination claim solely because plaintiffs failed to attach an EEOC filing to their complaint, even though attaching such a filing to a complaint was not a jurisdictional requirement). "Simply alleging" a mistake is not sufficient to show an "exceptional circumstance warranting Rule 60(b) relief." *United States v. $29,373.00 in U.S. Currency*, 86 F. Supp. 3d 95, 100 (D.P.R. 2015); *see also In re Morales-Otero*, Civil No. 14-1360 (FAB), 2017 WL 6513658 at *2 (D.P.R. Dec. 20, 2017) ("Beyond mentioning the word mistake . . . Scotiabank offered no explanation of its argument."). As discussed above, the Court did not commit any error in overruling the Objection, let alone a "fundamental and unjust" error.

28.    Second, the Credit Unions have not met their burden of showing their claims against COFINA and Reorganized COFINA have merit. The Plan and Bankruptcy Code § 944 also present additional hurdles for this prong. As described above, under the Plan, the Credit Unions' claims for recovery of principal and interest on COFINA bonds are treated as claims in Classes 1 or 5. The Effective Date of the Plan occurred, and the Plan was substantially consummated on February 12, 2019. Notice of Entry of Order at 2. To the extent the Credit Unions asserted claims in the Credit Unions Action seeking recovery of principal and interest on

---

[14] Rule 60(b)(6), which permits relief from a judgment for "any other reason that justifies relief," provides "a residual reservoir of equitable power to grant discretionary relief from a final judgment . . . where such relief is appropriate to accomplish justice." *Lopez-Rosario*, 140 F. Supp. 3d at 220.

their COFINA bonds, they will receive distributions satisfying those claims in accordance with the Plan. The Credit Unions also asserted claims in the Credit Unions Action seeking damages arising from the issuance or purchase of COFINA bonds, including claims seeking punitive and statutory damages. Those additional claims are subordinated and treated pursuant to Class 10, and therefore receive no distribution. Plan §§ 1.162, 14.1. Accordingly, even if the Credit Unions retained a claim against COFINA and Reorganized COFINA for damages arising from the issuance or purchase of COFINA bonds and obtained a judgment on those claims, they would receive no additional recovery, because those claims are subordinated pursuant to § 510(b) of the Bankruptcy Code and treated pursuant to Class 10. Moreover, Bankruptcy Code § 944 precludes any effort by the Credit Unions to pursue a post-confirmation claim against COFINA or Reorganized COFINA outside of the Title III process. *See Barraford*, 778 F.3d at 261; 6 COLLIER ON BANKRUPTCY ¶ 944.03.

29. Third, the Credit Unions have not met their burden of demonstrating COFINA and Reorganized COFINA would not be prejudiced if the Motion were granted. To the contrary, as discussed above, it is readily apparent that they *would* be prejudiced, and the purpose of Title III frustrated, by being denied a fresh start. If the Motion were granted, COFINA would emerge from Title III with the continuing uncertainty of litigation claims—uncertainty which also could adversely impact the market for new bonds issued under the confirmed Plan.

30. The Oversight Board respectfully submits that the Credit Unions have failed to meet their burden of establishing a basis for relief under Rule 60(b), and the Motion should be denied.

## II.     The Motion Should Be Denied Because the Credit Unions Have Not Met Their Burden of Establishing a Basis for Relief Under Rule 59(e).

31.     The Credit Unions' request to alter the Amended Confirmation Order under Rule 59(e) should be denied because they failed to meet their burden of establishing a basis for such relief.

32.     A party moving for relief under Rule 59(e) must: (i) clearly establish a manifest error of law or fact; (ii) clearly establish a manifest injustice; (iii) present newly discovered or previously unavailable evidence; or (iv) establish an intervening change in controlling law.  *See Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005); *see also Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (1st Cir. 2012).  A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Quality Cleaning Products R.C., Inc. v. SCA Tissue N. Am.*, 794 F.3d 200, 207 (1st Cir. 2015) (citation and internal quotation marks omitted); *see also Markel Am. Ins. Co.*, 674 F.3d 21 at 32.

33.     The Credit Unions mention Rule 59(e) only in passing (Motion ¶ 4) and fail to specify which, if any, of the four enumerated grounds is the basis for the Motion.  The Credit Unions also fail to provide any factual or legal basis for relief under Rule 59(e).  The Motion is wholly deficient and should be denied.  *Bull HN Info. Sys., Inc. v. Hutson*, 184 F.R.D. 19, 22 n.6 (D. Mass. 1999) (denying reconsideration motion because "no new reasons or law are advanced such as would persuade me that the previous decision on the record then before me was incorrect."); *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017).

34.     The Motion also should be denied because it is abundantly clear that none of the three grounds for relief under Rule 59(e) is applicable here.  As discussed above, the Court clearly

did not commit a manifest error of law or fact by overruling the Objection and entering the Amended Confirmation Order.  Nor is it manifestly unjust to discharge and release claims against COFINA and Reorganized COFINA as part of the Plan confirmation; to the contrary, discharge of claims against a debtor and reorganized debtor upon confirmation is the norm.  There is no basis for this Court to deviate from controlling law here by allowing the Credit Unions to pursue their claims against COFINA or Reorganized COFINA.  Accordingly, the Motion should be denied.

## **CONCLUSION**

WHEREFORE for the foregoing reasons, the Oversight Board respectfully requests that the Court deny the Motion in its entirety.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 26, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com

Michael A. Firestein (*pro hac vice*)
Lary Alan Rappaport (*pro hac vice*)
**PROSKAUER ROSE LLP**
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
Email: lrappaport@proskauer.com

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

18