UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

       Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO,

       Debtor.

PROMESA
Title III

No. 17 BK 3566-LTS

(Jointly Administered)

-----------------------------------------------------------------x

STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO REGARDING THE TOLLING OF STATUTE OF LIMITATIONS AND ORDER

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through

Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the

Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Employees

Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), as the representative of ERS, do hereby stipulate as follows:

RECITALS

     A.      On May 21, 2017, the Oversight Board issued a restructuring certification in

accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic

Stability Act ("PROMESA").

     B.      On May 21, 2017, in accordance with Section 302(2) of PROMESA, the

Oversight Board filed a petition for relief on behalf of ERS, thereby commencing a case under

Title III (the "ERS Title III Case").

     C.      Commencement of the ERS Title III Case triggered the operation of the

automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the

"Bankruptcy Code"), and applicable to the ERS Title III Case pursuant to Section 301(a) of

PROMESA, to protect ERS's property wherever located.

     D.      Actions with respect to avoidance claims (the "Avoidance Actions"), including,

without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between,

among others, the Commonwealth and ERS, pursuant to sections 544, 549 and 550 of the

Bankruptcy Code, applicable to the ERS Title III Case pursuant to Section 301 of PROMESA

must be commenced, to the extent applicable and available in accordance with sections 546(a)

and 549(d) of the Bankruptcy Code.

E.      Certain holders of ERS bonds represented by the counsel set forth in Paragraph 1

hereof (the "Bondholders") allege that ERS possesses avoidance claims against the

Commonwealth in connection with certain postpetition transfers.

F.      In order to protect all parties' rights and interests, the Commonwealth and ERS,

through the Oversight Board and AAFAF, respectively, have agreed to toll the statute of

limitations in connection with the Avoidance Actions.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1.      The period in which Avoidance Actions of the Commonwealth, on the one hand,

and ERS, on the other hand, must be commenced against one another pursuant to sections 546(a)

and 549(d) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the

Statutory Deadlines shall expire (a) two hundred seventy (270) days from and after the date on

which the Statutory Deadlines would have expired in the absence of this Stipulation unless (b)

the Commonwealth or ERS provide written notice of early termination (the "Termination

Notice") in accordance with clauses (A) and (B) below, in which case, the Statutory Deadlines

shall expire on the date that is one hundred fifty (150) days from the delivery of such

Termination Notice plus the number of days between the Stipulation Effective Date, as defined

below, and the date on which the Statutory Deadlines would have expired in the absence of this

Stipulation to: (A) the Court, through the filing of an informative motion, and counsel to the

Bondholders, by serving a copy of such Termination Notice upon (B) (i) Jones Day, 250 Vesey

Street, New York, NY 10281, Attn: Bruce S. Bennett, Esq., by hardcopy and email transmission

(bbennett@jonesday.com), and (ii) White & Case LP, 200 South Biscayne Boulevard, Suite

4900, Miami, FL 33131, Attn: John K. Cunningham, Esq., by hardcopy and email transmission

([jcunningham@whitecase.com](mailto:jcunningham@whitecase.com)); provided, however, that, the foregoing is without prejudice to

(y) the rights, interests and defenses that may be raised by either the Commonwealth or ERS in

connection with any such Avoidance Actions, other than the applicable statute of limitations,

laches, or any other time-related defense and, (z) the treatment of the Statutory Deadlines as may

be provided in a plan of adjustment for the Commonwealth or ERS, subject to the effectiveness

and consummation of any such plan of adjustment.

2.      The Commonwealth and ERS shall have the right to extend the period set forth in

Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice

and service of such notice upon the Court and counsel for the Bondholders in the matter set forth

above.

3.      The persons signing this Stipulation on behalf of the Commonwealth and ERS

have the authority to bind such parties.

4.      This Stipulation shall apply to and be binding upon the Commonwealth and ERS,

together with their successor and assigns, including, without limitation, any trustee which may be

appointed pursuant to section 926 of the Bankruptcy Code in either the ERS Title III Case or the

Commonwealth Title III Case.

5.      Notwithstanding not being parties hereto, the Bondholders shall be expressly

deemed third party beneficiaries of this Stipulation.

6.      Except as expressly provided herein, this Stipulation shall not be amended or

modified without the prior written consent of the Bondholders.

7.      This Stipulation shall become effective upon the date the Court enters an order

approving this Stipulation (the "Stipulation Effective Date").

8.      This Stipulation and the rights, interests and defenses referred to herein extends to any claims or causes of action that could be brought or asserted against the Commonwealth or ERS officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor ERS would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of Page Intentionally Left Blank]*

/s/ Brian S. Rosen

Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Debtors*

/s/ Luis F. del Valle-Emmanuelli

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6754 / 763-0565
Fax: (787) 763-8260

*Co-Attorneys for the Financial*
*Oversight and Management Board*
*as Representative for the Employees Retirement System*
*of the Government of the Commonwealth of Puerto Rico*

/s/ Peter Friedman

John J. Rapisardi
Suzzanne Uhland
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

-and-

Peter Friedman
(Admitted *Pro Hac Vice*)
1625 Eye Street, NW
Washington, D.C. 20006
Tel: (202) 383-5300
Fax: 202) 383-5414

*Attorneys for the Puerto Rico*
*Fiscal Agency and Financial*
*Advisory Authority*

/s/ Luis C. Marini-Biaggi

Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce De León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico*
*Fiscal Agency and Financial*
*Advisory Authority*

SO ORDERED.
Dated: February 28, 2019

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge