THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, <u>et al.</u><br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 –BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | Case No. 17-BK-4780-LTS |
| NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND SYNCORA GUARANTEE INC.,<br><br>    Movants,<br><br>v. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| |
|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br>    Respondent. |

**ORDER DENYING URGENT MOTION OF FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD, AS REPRESENTATIVE OF DEBTOR,
TO COMPEL PRODUCTION OF DOCUMENTS FROM MOVANTS
<u>RELATING TO THEIR MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

Upon consideration of the *Urgent Motion of Financial Oversight and Management Board, as Representative of Debtor, to Compel Production of Documents from Movants Relating to their Motion for Relief from Automatic Stay* (Docket No. 1065,[2] corrected at Docket No. 1066) (the "Urgent Motion") of the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board (the "Oversight Board"), as representative of PREPA pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), for an order compelling Assured Guaranty Municipal Corp. and Assured Guaranty Corp., National Public Finance Guarantee Corporation, and Syncora Guarantee Inc. (collectively, the "Insurers") to produce the documents sought in the Urgent Motion and other papers filed in support, the opposition of the Insurers to the Urgent Motion and other papers filed in opposition to the Urgent Motion, the oral argument on February 26, 2019, and it appearing that (i) the Court has subject matter jurisdiction over this Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a), (ii) venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a), and (iii) notice of the Urgent Motion was adequate and proper and no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows[3]:

---

[2] Unless otherwise indicated, docket numbers refer to case 17-BK-4780.

[3] On March 2, 2019, the Oversight Board filed an informative motion advising the Court that it "expects to file a motion [for reconsideration] during the week of March 4, 2019 [, and that the] motion will ask the Court to reopen the hearing, or to reconsider its decision denying the Oversight Board's Urgent Motion because the factual record on which the Court reached its bench conclusions is inconsistent with Insurers' subsequent regulatory filings and disclosures." (Docket No. 1118 at 4). The Court enters this order based on the record before it at the time of the hearing. Nothing herein is based on subsequent information provided to the Court, which the Court will consider in the context of any future motion practice.

1. The Urgent Motion is **DENIED**, for the reasons stated on the record at the February 26, 2019 hearing, with the additional directives set forth below.

2. To the extent any of the Insurers attempts to establish one or more values of their collateral[4] securing bonds issued by PREPA in support of the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (Docket No. 975) ("Lift Stay Motion"), the Insurers, in making such a showing, shall not and may not rely on any documents they could have produced, but were not produced by the Insurers and their respective experts, advisors and representatives in connection with the Lift Stay Motion unless (i) such documents were or are prepared or produced by parties or entities other than the Insurers and their respective experts, advisors and representatives including but not limited to PREPA, the Oversight Board, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") or their respective experts, advisors and representatives (collectively, "Non-Insurer Documents") or (ii) such documents are publicly available and not created by the Insurers or their respective experts, advisors and representatives, or (iii) the Insurers establish good cause to use such documents in support of the Lift Stay Motion except the Insurers shall not seek good cause to use documents showing their loss reserves.

3. Within seven (7) days following entry of this Order, the Insurers shall provide a list to the Oversight Board identifying the Insurers' internal documents produced by the Insurers in connection with the Lift Stay Motion that the Insurers currently intend to rely on in support of the Lift Stay Motion to the extent they will seek to establish the value or values of collateral securing bonds issued by PREPA as of any date or dates.

---

[4] The Court makes no ruling on the proof required or the appropriate legal standards for establishing the lack of adequate protection.

4. For the avoidance of doubt, nothing set forth in this Order precludes the Insurers from relying on public documents and Non-Insurer Documents as set forth above, and arguments employing such documents, in support of the Lift Stay Motion, including to the extent the Insurers will seek to establish the value of collateral securing bonds issued by PREPA.

This Order resolves Docket Nos. 1065, 1066 in 17-BK-4780 and Docket No. 5080 in 17-BK-3283.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: March 5, 2019