UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY OF PUERTO RICO SALES TAX FINANCING
CORPORATION TO RESPONSE FILED BY CLAIMANT
COOPERATIVA DE AHORRO Y CREDITO DE JUANA DIAZ (CLAIM NO. 45705)**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND .....................................................................................................5

ARGUMENT ...............................................................................................................................9

    I.    The Amended Claim's Assertion of Liability for Unpaid Principal and Unpaid Interest Should Be Disallowed. ................................................................................9

    II.   The Amended Claim's Assertion of Liability for Damage Arising from the Credit Unions Action Should Be Disallowed or Subordinated ......................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baroda Hill Inv., Inc. v. Telegroup, Inc. (In re Telegroup, Inc.)*,
   281 F.3d 133 (3d Cir. 2001) ................................................................................................12

*Barraford v. T & N Ltd.*,
   778 F.3d 258 (1st Cir. 2015) ...........................................................................................11, 12

*Holstein v. Brill*,
   987 F.2d 1268 (7th Cir. 1993) ................................................................................................3

*In re Enron Corp.*,
   341 B.R. 141 (S.D.N.Y. 2006) ..............................................................................................12

*In re G-1 Holdings, Inc.*,
   514 B.R. 720 (Bankr. D.N.J. 2014) ........................................................................................3

*In re Montgomery Ward Holding Corp.*,
   272 B.R. 836 (D. Del. 2001) .................................................................................................13

*In re Nextmedia Group Inc.*,
   2011 WL 4711997 (D. Del. 2011) ..........................................................................................4

*In re Public Serv. Co.*,
   129 B.R. 3 (Bankr. D.N.H. 1991) ........................................................................................13

*In re SeaQuest Diving, L.P.*,
   579 F.3d 411 (5th Cir. 2009) ................................................................................................12

*In re Winn-Dixie Stores, Inc.*,
   639 F.3d 1053 (11th Cir. 2011) ..............................................................................................3

**STATUTES**

11 U.S.C. § 510(b) ................................................................................................................passim

11 U.S.C. § 944 .....................................................................................................................passim

11 U.S.C. § 944(b)(1) ....................................................................................................................7

PROMESA § 301(a) .................................................................................................................7, 10

PROMESA § 315(b) .......................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 3007(d)(6) ..........................................................................................................10

Fed. R. Civ. P. 59(e) .................................................................................................................... 3, 4

Fed. R. Civ. P. 60(b) .................................................................................................................... 3, 4

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Reply to Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Cooperativa de Ahorro y Credito de Juana Díaz* [ECF No. 5221] (the "Response"), filed by claimant Cooperativa de Ahorro y Crédito de Juana Díaz (the "Claimant") to the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Cooperativa de Ahorro y Crédito de Juana Díaz* [ECF No. 4522] (the "Juana Díaz Objection"). In support of this Reply, COFINA respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Response is Claimant's latest effort to sidestep or utterly avoid the Court's confirmation of the Third Amended Plan of Adjustment for COFINA (the "Plan") and to seek recovery for liabilities the Plan has already discharged. Claimant filed an initial claim against COFINA on or about May 25, 2018 (the "Claim"), which sought recovery on two bases: liabilities associated with "[p]rincipal and unpaid interest owed" in respect of certain COFINA bonds, and "losses, amounts and damages claimed pursuant to" *Cooperativa de Ahorro y Crédito Abraham Rosa, et al. v. Commonwealth of Puerto Rico, et al.*, Adv. Proc. No. 18-00028 (the "Credit Unions Action"), an adversary proceeding filed in the Commonwealth's Title III case in which Claimant was a named plaintiff. Through the Credit Unions Action, Claimant asserted claims against COFINA for purportedly aiding and abetting alleged wrongdoing by the Commonwealth, the Government Development Bank and the Cooperatives Supervision &

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Insurance Corp. in connection with the Credit Unions'[3] purchase of COFINA bonds. Confirmation of the Plan, however, has already resolved each of those claims.

2. Months ago, the Credit Unions, including the Claimant here, objected to an earlier iteration of the Plan, claiming the provision discharging COFINA and Reorganized COFINA (§ 30.2) was overly broad because (i) it would affect claims asserted by the Credit Unions against COFINA in the Credit Unions Action, and (ii) when read in conjunction with certain other Plan definitions, the provision might also release claims asserted against other defendants in the Credit Unions Action. *See Objection to the Confirmation of the Second Amended Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 415, Case No. 17-bk-03284-LTS] (the "Plan Objection") ¶¶ 15-21.

3. The Oversight Board requested that the Court overrule the Plan Objection,[4] but nonetheless agreed at the confirmation hearing to include language in the proposed Plan confirmation order clarifying that the claims asserted in the Credit Unions Action are discharged as to COFINA and Reorganized COFINA **only**, and there would be no release with respect to any other entity or person. The Oversight Board submitted a revised proposed form of order containing clarifying language consistent with such representation.[5] The Court ultimately entered an order and judgment confirming COFINA's plan of adjustment, which order and

---

[3] The "Credit Unions" include the following entities: Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía, and Cooperativa de Ahorro y Crédito de Juana Díaz.

[4] *See Omnibus Reply of Puerto Rico Sales Tax Financing Corporation to Objections to Second Amended Title III Plan of Adjustment* [ECF No. 443] (the "Omnibus Reply"), Ex. A § XVII.

[5] *See Notice of Filing of Revised Proposed (I) Findings of Fact and Conclusions of Law Regarding Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation, and (II) Order and Judgment Confirming the Third Amended Title III Plan* [ECF No. 521] (the "Notice of Filing"), Ex. B ¶ 30 at 154-55.

2

judgment resolved the Credit Unions' Objection by adopting the language clarifying the scope of the release provision.[6] As of the Plan effective date, February 12, 2019, all of COFINA's prepetition liabilities, including claims asserted in the Credit Unions Action and the Claim, were discharged.

4. Apparently dissatisfied with the Court's decision that the Plan should be confirmed and that their claims against COFINA and Reorganized COFINA in the Credit Unions Action should be discharged, the Credit Unions, including Claimant, took steps to attempt to circumvent the discharge of COFINA's debt. First, the Credit Unions refiled their Plan Objection and relabeled it as a "motion for reconsideration."[7] There, the Credit Unions seek reconsideration of their original, overruled Plan Objection pursuant to Fed. R. Civ. P. 59(e) and 60(b). The Credit Unions attempt to justify such requested relief by mischaracterizing the discharge of COFINA and Reorganized COFINA as an "inadvertent mistake" (Reconsideration Motion ¶ 10) in violation of the Credit Unions' "fundamental right to the due judicial adjudication" (*id.* ¶ 17) of the Credit Union Action.

5. Second, on or about February 25, 2019, Claimant purported to amend its claim against COFINA (the "Amended Claim"),[8] by seeking recovery of unpaid principal and interest

---

[6] *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 4, 2019 [ECF No. 552], and *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 5, 2019 [ECF No. 561] (the "Amended Confirmation Order").

[7] *See Motion Requesting Reconsideration and/or to Alter Judgment on Confirmation of Puerto Rico Sales Tax Financing Corporation of the Third Amended Plan of Adjustment* (the "Reconsideration Motion") [ECF No. 604].

[8] COFINA reserves all rights to object to Claimant's filing of the Amended Claim. Of note, courts typically apply significant scrutiny when a claimant seeks to amend a claim after the effective date of the plan. Specifically, courts have applied the "compelling reasons" standard to

3

for amounts "not claimed or covered by" a master proof of claim. The Amended Claim also seeks recovery of "[l]osses, amounts and damages" arising from the Credit Unions Action. On the same day, Claimant filed the Response, alleging that (1) the Amended Claim, which seeks recovery only of unpaid principal and interest not covered by a master proof of claim, rendered the Juana Díaz Objection moot, and (2) Claimant's assertion of losses, amounts and damages arising from the Credit Unions Action cannot be subordinated, because the applicability of section 510(b) to Claimant's claims is an issue being litigated in the Credit Unions Action.

6. The Oversight Board objected to the relief requested by the Reconsideration Motion on February 26, 2019,[9] and explained that the discharge of COFINA and Reorganized COFINA was no mistake, but rather, the result of the Court's careful consideration and rejection of the Credit Unions' Plan Objection. Further, the Reconsideration Opposition demonstrates that the Credit Unions have not, and cannot, carry their burden of demonstrating that relief pursuant to either Rule 59(e) or Rule 60 is warranted. As the Reconsideration Opposition explains, the Credit Unions could not carry their burden in part because they could not demonstrate their claims against COFINA would have merit: treatment of the Credit Unions' claims was determined by the Plan, and any attempt to pursue a post-confirmation claim against COFINA would be barred by 11 U.S.C. § 944.

---

determine whether to permit an amendment to a proof of claim. *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993); *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011); *In re G-1 Holdings, Inc.*, 514 B.R. 720, 760 (Bankr. D.N.J. 2014); *In re Nextmedia Group Inc.*, 2011 WL 4711997, at *3 (D. Del. 2011).

[9] *See Opposition of the Financial oversight and Management Board for Puerto Rico, As Representative of Puerto Rico Sales Tax Financing Corporation, to the Credit Unions' Motion for Reconsideration of Oder Confirming the Third Amended Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "<u>Reconsideration Opposition</u>") [Case No. 17-bk-3283, ECF No. 614].

4

7. Neither the Amended Claim nor the Response alters the analysis. The Amended Claim purports to seek recovery of unpaid principal and interest owed by COFINA in respect of bonds issued by COFINA but *not* listed on a master proof of claim filed by BNYM—but provides no legal basis to support the assertion that such bonds exist. Even if they did, Claimant's attempt to assert such liabilities post-confirmation is barred by Bankruptcy Code § 944. The Amended Claim also purports to seek recovery for damages arising from the Credit Unions Action. That claim fares no better, because the Plan releases COFINA from any such liabilities and, in any event, Claimant cannot assert liabilities arising from the Credit Unions Action post-petition either. The Juana Díaz Objection should be granted notwithstanding the Response, and the Amended Claim should be disallowed in its entirety.

## FACTUAL BACKGROUND

8. Claimant filed the Claim on or about May 25, 2018. As noted above, the Claim asserted liabilities associated with "[p]rincipal and unpaid interest owed under securities identified herein," and purported to assert an ownership interest in bonds, bearing CUSIP number 74529JES0, and "losses, amounts and damages claimed pursuant to" the Credit Unions Action.

9. On December 19, 2018, COFINA filed the Juana Díaz Objection seeking to disallow the Claim in its entirety. As set forth therein, to the extent the Claim sought recovery for losses of principal and interest from one or more bonds issued by COFINA, such portion of the Claim was duplicative of one or more master proofs of claim filed by Bank of New York Mellon ("BNYM") on behalf of holders of COFINA bonds. Conversely, to the extent the Claim asserted liability for "losses, amounts and damages claimed pursuant to" the Credit Unions

5

Action, such portion of the Claim was subject to subordination pursuant to 11 U.S.C. § 510(b) as a claim "for damages arising from the purchase or sale of . . . a security [of the debtor]."

10. As proposed, the Plan initially included a provision providing, among other things, that "COFINA and Reorganized COFINA shall be deemed discharged and released from any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." *See* Plan § 30.2. The Credit Unions objected to the Plan on the ground § 30.2 would release the aiding and abetting claims they had asserted against COFINA in the Credit Unions Action. Plan Objection ¶¶ 15-16, 19. The Credit Unions further asserted that, when read in conjunction with certain Plan definitions, § 30.2 might also release claims asserted against certain other defendants in the Credit Unions Action. *Id.* ¶¶ 15, 17-18. On that basis, the Credit Unions urged that confirmation of the Second Amended Plan "be denied, or alternatively [it be] amended in order to provide adequate implementation provisions on the ongoing contested claim pending against the estate." *Id.* ¶ 26.

11. As set forth in the Oversight Board's Omnibus Reply, the Credit Unions Action sought "recovery of principal and interest" on bonds issued by COFINA, which securities were classified as Classes 1 or 5 pursuant to the Plan and treated pursuant to the Plan's terms. Omnibus Reply, Ex. A § XVII at 18-19. In addition, the Omnibus Reply explained that Claimants' claims, seeking "damages arising from the issuance or purchase of" bonds issued by COFINA, were "subordinated pursuant to Bankruptcy Code section 510(b) and will be treated pursuant to Class 10." *Id.* Moreover, the Omnibus Reply explained that the discharge of claims against COFINA and Reorganized COFINA is appropriate in light of § 944 of the Bankruptcy Code, made applicable to COFINA's Title III case by PROMESA § 301(a), which discharges

6

"all debts as of the time when the plan is confirmed." 11 U.S.C. § 944(b)(1); s*ee* Omnibus Reply, Ex. A § XVII at 22.

12. At the January 17, 2019 Plan confirmation hearing, the Credit Unions repeated their request that the Court "limit those [release] provisions contained in the Plan of Adjustment, which appear to release and discharge not only the claims . . . but also other parties which are under the jurisdiction of this Honorable Court in active and still pending litigation [the Credit Unions' Action]." R.T. at 27:6-11. They suggested revising the Original Release Provision such that "the rights, claims and defenses of all parties to the adversary proceeding number 18-28 shall be unaffected until duly adjudicated by the Court." *Id.* at 28:9-12. In response, the Oversight Board advised the Court it had discussed the Original Release Provision with counsel for the Credit Unions, and the fact the Credit Unions' claim against COFINA "would be treated as a Section 510(b) subordinated claim, and class ten, and receive no distribution pursuant to the Plan. And counsel agreed. And so it's not an issue with respect to COFINA being released from [the Credit Unions Action] . . . ." *Id.* at 124:25-125:15. The Oversight Board also represented to the Court that the release provisions were intended to be limited in nature, but nonetheless, agreed to make a supplemental submission clarifying in the Plan confirmation order the limited scope of the Plan's release provision. *Id.* at 119:05-12, 125:14-129:03.

13. Consistent with such discussion, the Oversight Board included language clarifying the limited scope of the release in ¶ 30 of its January 21, 2019 second revised proposed order confirming the Plan [ECF No. 521-2]. The release provision clarified that the Credit Unions "shall be entitled to continue pursuit of [the Credit Unions Action] against all parties **other than COFINA and Reorganized COFINA**." Notice of Filing ¶ 30 at 154-55. The Amended Confirmation Order contained this clarifying language. The Plan became effective on

7

February 12, 2019, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 587] (the "Notice of Entry of Order."). The Credit Unions, including Claimant here, filed the Reconsideration Motion, seeking relief from the Court's Amended Confirmation Order and/or an order altering or amending the judgment. In substance, the Reconsideration Motion asks the Court not to release and discharge the Credit Unions' claims against COFINA and Reorganized COFINA, on the basis that the Court had made a "mistake" by discharging those claims. The Reconsideration Motion is scheduled to be heard contemporaneously with the Juana Díaz Objection.

14. On or about February 25, 2019, Claimant filed the Amended Claim. The Amended Claim asserts two bases for liability: (1) "[u]npaid principal and unpaid interest owed by COFINA, to the extent that said amounts are not claimed or covered by the Master Proof of Claim" filed by BNYM, as well as (2) "losses, amounts and damages claimed pursuant to" the Credit Unions Action. Also on February 25, 2019, Claimant filed the Response to the Juana Díaz Objection and does not even mention the Plan's confirmation and consummation. Rather, it alleges the Amended Claim moots the Juana Díaz Objection because it asserts claims for unpaid principal and unpaid interest owed by COFINA, to the extent that such amounts are not covered by a Master Proof of Claim filed by BNYM. The Response also asserts that Claimant's assertion of liability for "losses, amounts and damages claimed" pursuant to the Credit Unions Action should not be subordinated pursuant to § 510(b) because those claims do not arise from the purchase or sale of securities, and because whether those claims should be subordinated is in controversy in the Credit Unions Action.

8

**ARGUMENT**

15. The Response seeks to re-litigate, for a third time, issues that have already been raised in the Credit Unions' Plan Objection and overruled by this Court—whether claims asserted by the Credit Unions against COFINA should be discharged. Claimant makes two arguments against disallowance of the Amended Claim: (1) the Juana Díaz Objection is moot because the Amended Claim "clarif[ies] that the amount of the claim for principal and interest due from the bonds is to the extent that said amounts are not already claimed or covered by" a master proof of claim filed by BNYM, Response at 2-3; and (2) the Amended Claim is not subject to subordination pursuant to 11 U.S.C. § 510(b) because the applicability of that section to the Amended Claim is an issue currently being litigated in the Credit Unions Action, Response at 3-5. Neither demonstrates that Claimant has a valid claim against COFINA.

### I. The Amended Claim's Assertion of Liability for Unpaid Principal and Unpaid Interest Should Be Disallowed.

16. As an initial matter, the Amended Claim provides no basis for its assertion of unpaid principal and interest owed by COFINA. The Amended Claim purports to assert liabilities associated with a prepetition bond, including unpaid principal and unpaid interest owed by COFINA, but fails to provide a basis for asserting any such claim against COFINA. The Amended Claim does not provide a CUSIP number. It also does not provide any other identifying information regarding any bonds purportedly owned by Claimant. In light of these deficiencies, the Amended Claim does not provide sufficient information to enable COFINA to determine which bonds Claimant purports to own, and whether those bonds provide a basis for asserting a claim against COFINA. In the absence of any information identifying the bonds Claimant purports to assert, COFINA is unable to determine the validity of the Amended Claim.

*See* Fed. R. Bankr. P. 3007(d)(6). Accordingly, the Amended Claim fails to comply with the applicable rules for filing a claim, and may be disallowed on that basis alone.

17. Even if Claimant could show that it owns bonds issued by COFINA, pursuant to consummation of the Plan, distributions have been made to holders of those bonds, and all other debts owed by COFINA have been discharged. Claimant's claim for recovery of principal and interest on COFINA bonds is treated as a claim in Classes 1 or 5 of the Plan. As the Court is well aware, the Plan was confirmed by the Court on February 5, 2019. *See* Amended Confirmation Order. The Plan became effective on February 12, 2019, when the conditions set forth in Section 25.1 of the Plan were satisfied, *see* Amended Order at 20, and when distributions were made to holders of Bond Claims pursuant to Article XIX of the Plan.[10] Consequently, to the extent Clamant was a holder of a Bond Claim and listed on the records of the Depository Trust Company, it received distributions on account of any claims it may have had against COFINA. Accordingly, to the extent Claimant owned any bonds issued by COFINA, any claims associated with those bonds have been satisfied.

18. Similarly, to the extent Claimant purports to assert any claims against COFINA for unpaid principal and unpaid interest on a prepetition bond, such claims have been discharged pursuant to 11 U.S.C. § 944, which discharges "all debts as of the time when the plan is confirmed." Under Bankruptcy Code § 944 (incorporated into PROMESA by PROMESA § 301(a)), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter

---

[10] Section 1.44 of the Plan defines a "Bond Claim" as a "Claim on account of a 'Senior' or 'First Subordinate' Existing Security issued by COFINA . . . ." *See* Plan at 6.

10

9). As noted, the Plan has been confirmed, and Claimant has already received the recovery provided for pursuant to the Plan. It cannot continue to assert a post-confirmation claim for unpaid principal and unpaid interest on a prepetition bond.

II. **The Amended Claim's Assertion of Liability for Damages Arising from the Credit Unions Action Should Be Disallowed or Subordinated.**

19. The Amended Claim's assertion of liability for "[l]osses, amounts and damages claimed pursuant to" the Credit Unions Action likewise fails on several grounds. First, COFINA has already been discharged of the liabilities Claimant asserts. *See* Amended Confirmation Order. Decretal paragraph 29(a) of the Amended Confirmation Order states that "all distributions and rights afforded under the Plan shall be . . . in complete satisfaction, settlement, discharge, and release of, all Claims or Causes of Action against COFINA."[11] Likewise, section 30.2 of the Amended Order further states that "each of COFINA and Reorganized COFINA . . . waive[s], release[s], acquit[s], and discharge[s] . . . any and all Claims or Causes of Action . . ." arising out of any acts or omissions by COFINA. And, Section 31 of the Amended Order states that "all release and exculpation provisions . . . are approved."

20. All of the foregoing provisions release COFINA from liability for any "[l]osses, amounts, and damages" sought by Claimant in the Credit Unions Action. The clarifying language added to the release provision makes this crystal clear: according to the release provision, the Credit Unions "shall be entitled to continue pursuit of [the Credit Unions Action] against all parties **other than COFINA and Reorganized COFINA**." Notice of Filing ¶ 30 at 154-55. Following entry of the Amended Confirmation Order, and upon consummation of the

---

[11] These release provisions have been challenged by Claimant, together with three other credit unions, in their *Motion Requesting Reconsideration and/or to Alter Judgment on Confirmation of Puerto Rico Sales Tax Financing Corporation of the Third Amended Plan of Adjustment*, Case No. 17-bk-3284, ECF No. 604 (the "Motion"). The Oversight Board opposed the Motion on February 26, 2019. Case No. 17-bk-3284, ECF No. 614.

11

Plan, any liabilities against COFINA that could have arisen from the Credit Unions Action were released, and COFINA is not liable for the "[l]osses, amounts and damages" the Amended Claim asserts. Moreover, 11 U.S.C. § 944 precludes any effort by Claimant to pursue post-confirmation claims against COFINA arising out of the Credit Unions Action because, pursuant to such section, "all debts as of when the plan is confirmed" are discharged, whether a creditor has accepted the Plan or not. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9).

21. Furthermore, , contrary to the Response's assertions, the Amended Claim is subject to subordination pursuant to Bankruptcy Code section 510(b) as the nature of the Credit Unions Action is premised upon the purchase and sale of securities of COFINA. Bankruptcy Code Section 510(b) applies to claims "arising from" a securities transaction. 11 U.S.C. § 510(b). Courts have interpreted this language broadly to include a wide variety of causes of action arising out of securities transactions, and a claim need not flow directly from a securities transaction or arise contemporaneously with the purchase or sale of a security. Rather, a claim "arises from" a securities transaction if the transaction is part of the causal link leading to the injury. *See In re SeaQuest Diving, L.P.*, 579 F.3d 411 (5th Cir. 2009) (recognizing that the Second, Third, Tenth and Ninth Circuits adopt a broad interpretation of section 510(b)); *In re Enron Corp.*, 341 B.R. 141 (S.D.N.Y. 2006) (recognizing that "[i]n this Court's opinion, the broad applicability of section 510(b) is now quite settled"); *see, e.g., Baroda Hill Inv., Inc. v. Telegroup, Inc. (In re Telegroup, Inc.)*, 281 F.3d 133 (3d Cir. 2001) (breach of agreement to register stock); *In re Public Serv. Co.*, 129 B.R. 3, 4-5 (Bankr. D.N.H. 1991) (holding that

12

damages claims and defense costs related to litigation involving warrants subject to subordination pursuant to Bankruptcy Code section 510(b)).

22. The complaint Claimant filed in the Credit Unions Action identifies the securities transactions in which Claimant participated as a critical chain in the causal link leading to Claimant's alleged injury: the complaint alleges that "[m]aliciously, in a calculated way and under false pretenses, Defendants offered and sold to Plaintiffs unsound Puerto Rico Debtor Securities availing themselves (Defendants) of the Cooperatives' assets."[12] Credit Unions Action, ECF No. 1, ¶ 3. Furthermore, the actions and omissions alleged in the complaint that "go beyond and are separate from the purchase and sale of a security," Response ¶ 11, are causally linked in the first instance to the initial sale and purchase of COFINA bonds. For example, the complaint in the Credit Unions Action lists as an alleged "action and omission" the issuance of a circular letter authorizing the issuance of certain securities, Credit Unions Action, ECF No. 1, ¶ 56a. That letter is directly linked to the sale or purchase of COFINA bonds; as Claimant acknowledges, Claimant "rel[ied] in said circular letter" when it purchased certain bonds. *Id.* Accordingly, the Amended Claim is subject to subordination pursuant to Bankruptcy Code Section 510(b) because it "aris[es] from" a securities transaction, and the Response offers no reasoned basis to contest subordination. Pursuant to the Plan, subordinated claims were treated pursuant to Class 10 and received no distribution.

---

[12] The sole case Claimant relies upon, *In re Montgomery Ward Holding Corp.*, 272 B.R. 836 (D. Del. 2001), is not to the contrary. There, the Court rejected an attempt to subordinate a claim arising out of a debt instrument—not, as here, subordination of claims arising from an action alleging, among other things, securities fraud. Indeed, the court in *In re Montgomery Ward* expressly noted that "securities fraud claims" asserted by investors, such as the claims raised in the Credit Unions Action. *Id.* at 842-43.

23. WHEREFORE, COFINA respectfully requests that the Court grant the Juana Díaz Objection, disallow the Amended Claim in its entirety, and grant COFINA such other and further relief as is just.

Dated: March 6, 2019
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Hermann D. Bauer*

Hermann D. Bauer

15