**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY OF PUERTO RICO SALES TAX FINANCING**
**CORPORATION TO RESPONSE FILED BY CLAIMANT**
**COOPERATIVA DE AHORRO Y CREDITO VALENCIANO (CLAIM #34165)**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Reply to Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Cooperativa de Ahorro y Crédito Valenciano* [ECF No. 5241] (the "Response"), filed by claimant Cooperativa de

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Ahorro y Crédito Valenciano (the "Claimant") to the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Cooperativa de Ahorro y Crédito Valenciano* [ECF No. 4519] (the "Valenciano Objection"). In support of this Reply, COFINA respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Response seeks to sidestep or utterly avoid the Court's confirmation of the Third Amended Plan of Adjustment for COFINA (the "Plan") and to seek recovery for liabilities the Plan has already discharged. Claimant filed an initial claim against COFINA on or about May 25, 2018 (the "Claim"), which sought recovery on two bases: liabilities associated with "[p]rincipal and unpaid interest owed" in respect of certain COFINA bonds, and "losses, amounts and damages claimed pursuant to it."

2. On February 4, 2019, this Court entered an order and judgment confirming COFINA's plan of adjustment.[3] As of the Plan effective date, February 12, 2019, all of COFINA's prepetition liabilities, including the Claim, were discharged. Apparently dissatisfied with the Court's decision that the Plan should be confirmed, Claimant took steps to attempt to circumvent the discharge of COFINA's debt. On or about February 25, 2019, Claimant purported to amend its claim against COFINA (the "Amended Claim"),[4] by seeking recovery of unpaid

---

[3] *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 4, 2019 [ECF No. 552], and *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* entered on February 5, 2019 [ECF No. 561] (the "Amended Confirmation Order").

[4] COFINA reserves all rights to object to Claimant's filing of the Amended Claim. Of note, courts typically apply significant scrutiny when a claimant seeks to amend a claim after the effective date of the plan. Specifically, courts have applied the "compelling reasons" standard to determine whether to permit an amendment to a proof of claim. *Holstein v. Brill*, 987 F.2d 1268,

2

principal and interest for amounts "not claimed or covered by" a master proof of claim. Like the initial Claim, the Amended Claim also seeks recovery of "[l]osses, amounts and damages" arising from the Credit Unions Action. On the same day, Claimant filed the Response, alleging that its Amended Claim, which seeks recovery only of unpaid principal and interest not covered by a master proof of claim, rendered the Valenciano Objection moot.

3. Neither the Amended Claim nor the Response alters the analysis presented by the Valenciano Objection. The Amended Claim purports to seek recovery of unpaid principal and interest owed by COFINA in respect of bonds issued by COFINA but *not* listed on a master proof of claim filed by BNYM—but provides no legal basis to support the assertion that such bonds exist. Even if it did, Claimant's attempt to assert such liabilities post-confirmation is barred by Bankruptcy Code § 944. The Valenciano Objection should be granted notwithstanding the Response, and the Claim and Amended Claim should be disallowed in their entirety.

## FACTUAL BACKGROUND

4. Claimant filed the Claim against COFINA on or about May 25, 2018. As noted above, the Claim asserted liabilities associated with "[p]rincipal and unpaid interest owed under securities identified herein," and purported to assert an ownership interest in bonds bearing CUSIP numbers 74529JAD7 and 74529JNL5, and "losses, amounts and damages related to it."

5. On December 19, 2018, COFINA filed the Valenciano Objection seeking to disallow the Claim in its entirety. As set forth therein, to the extent the Claim sought recovery for loss of principal and interest from one or more bonds issued by COFINA, such portion of the Claim was duplicative of one or more master proofs of claim filed by Bank of New York Mellon

---

1270 (7th Cir. 1993); *In re Winn-Dixie Stores, Inc.*, 639 F.3d 1053, 1056 (11th Cir. 2011); *In re G-1 Holdings, Inc.*, 514 B.R. 720, 760 (Bankr. D.N.J. 2014); *In re Nextmedia Group Inc.*, 2011 WL 4711997, at *3 (D. Del. 2011).

("BNYM") on behalf of holders of COFINA bonds. Conversely, to the extent the Claim asserted liability for "losses, amounts and damages, such portion of the Claim is subject to subordination pursuant to 11 U.S.C. § 510(b) as a claim "for damages arising from the purchase or sale of . . . a security [of the debtor]."

6. On or about February 26, 2019, Claimant filed the Amended Claim against COFINA. The Amended Claim asserts one basis for liability: "[u]npaid principal and unpaid interest owed by COFINA, to the extent that said amounts are not claimed or covered by the Master Proof of Claim" filed by The Bank of New York Mellon ("BNYM"). Also on February 26, 2019, Claimant filed the Response to the Valenciano Objection, and does not even mention the Plan's confirmation and consummation. Rather, it alleges the Amended Claim moots the Valenciano Objection because it asserts claims for unpaid principal and unpaid interest owed by COFINA, to the extent that such amounts are not covered by a Master Proof of Claim filed by BNYM.

**ARGUMENT**

7. The Response seeks to re-litigate issues this Court's order confirming the Plan. According to Claimant, the Valenciano Objection is moot and should be denied because the Amended Claim "clarif[ies] that the amount of the claim for principal and interest due from the bonds is to the extent that said amounts are not already claimed or covered by" a master proof of claim filed by BNYM. The Amended Claim does not demonstrate that Claimant has a valid claim against COFINA, and the Valenciano Objection should be granted notwithstanding the Response.

8. As an initial matter, the Amended Claim provides no basis for its assertion of unpaid principal and interest owed by COFINA. The Amended Claim purports to assert

4

liabilities associated with a prepetition bond, including unpaid principal and unpaid interest owed by COFINA, but fails to provide a basis for asserting any such claim against COFINA. The Amended Claim does not provide a CUSIP number. It also does not provide any other identifying information regarding any bonds purportedly owned by Claimant. In light of these deficiencies, the Amended Claim does not provide sufficient information to enable COFINA to determine which bonds Claimant purports to own, and whether those bonds provide a basis for asserting a claim against COFINA. In the absence of any information identifying the bonds Claimant purports to assert, COFINA is unable to determine the validity of the Amended Claim. *See* Fed. R. Bankr. P. 3007(d)(6). Accordingly, the Amended Claim fails to comply with the applicable rules for filing a claim, and may be disallowed on that basis alone.

9. Even if Claimant could show that it owns bonds issued by COFINA, pursuant to consummation of the Plan, distributions have already been made to holders of those bonds, and all other debts owed by COFINA have been discharged. Claimant's claim for recovery of principal and interest on COFINA bonds is treated as a claim in Classes 1 or 5 of the Plan. As the Court is well aware, the Plan was confirmed by the Court on February 5, 2019. *See* Amended Confirmation Order. The Plan became effective on February 12, 2019, when the conditions set forth in Section 25.1 of the Plan were satisfied, *see* Amended Order at 20, and when distributions were made to holders of Bond Claims pursuant to Article XIX of the Plan.[5] Consequently, to the extent Clamant was a holder of a Bond Claim and listed on the records of the Depository Trust Company, it received distributions on account of any claims it may have had against COFINA.

---

[5] Section 1.44 of the Plan defines a "Bond Claim" as a "Claim on account of a 'Senior' or 'First Subordinate' Existing Security issued by COFINA . . . ." *See* Plan at 6.

Accordingly, to the extent Claimant owned any bonds issued by COFINA, any claims associated with those bonds have been satisfied.

10. Similarly, to the extent Claimant purports to assert any claims against COFINA for unpaid principal and unpaid interest on a prepetition bond, such claims have been discharged pursuant to 11 U.S.C. § 944, which discharges "all debts as of the time when the plan is confirmed." Under Bankruptcy Code § 944 (incorporated into PROMESA by PROMESA § 301(a)), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9). As noted, the Plan has been confirmed, and Claimant has already received the recovery provided for pursuant to the Plan. It cannot continue to assert a post-confirmation claim for unpaid principal and unpaid interest on a prepetition bond.

11. WHEREFORE COFINA respectfully requests that the Court grant the Valenciano Objection, and disallow the Amended Claim in its entirety, and grant COFINA such other and further relief as is just.

Dated: March 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ *Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

                                          */s/ Hermann D. Bauer*
                                          Hermann D. Bauer