# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## REPLY OF PUERTO RICO SALES TAX FINANCING CORPORATION TO RESPONSES FILED TO THIRTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of *Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* (the "Thirteenth Omnibus Objection"), and in support of the Reply, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

1. On December 4, 2018, COFINA filed the *Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* [ECF No. 4417] (the "Thirteenth Omnibus Objection"), seeking to disallow in their entirety five hundred (500) duplicate proofs of claim (the "Duplicate Claims"), as listed on Exhibit A thereto. As set forth in the Thirteenth Omnibus Objection, each of the Duplicate Claims asserted liability associated with one or more bonds issued prepetition by COFINA that were duplicative of a master proof of claim (each, a "Master Proof of Claim," and together, the "Master Proofs of Claim"), which were filed in COFINA's Title III Case by the Bank of New York Mellon ("BNYM"), as trustee of the prepetition bonds issued by COFINA. Pursuant to the Court-approved notice, any party who disputed the Thirteenth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on February 1, 2019.

2. Six filings addressing the Thirteenth Omnibus Objection were interposed. One filing, the *Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4585] (the "Hein Objection"), filed by Peter Hein ("Hein"), was adjourned to the April hearing. ECF No. 5103. Five filings remain to be addressed: *Joinder of the GMS Group, LLC to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4587] (the "GMS Joinder"), and the *Joinder by and Supplement of the*

2

*GMS Group, LLC to Objection of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4605] (the "GMS Supplement", and together with the GMS Joinder, the "GMS Joinders"), both filed by GMS Group, LLC. ("GMS Group"); the *Response to Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* (the "Fideicomiso Response") [ECF No. 5017], filed by Fideicomiso Del Valle Martinez II ("Fideicomiso"); the *Response to Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* (the "Guzmán de Vicenty Response") [ECF No. 5037], filed by Margarita Guzmán de Vicenty ("Guzmán de Vicenty"); and the *Answer to Thirteenth Omnibus Objection to Claims (Non-Substantive) to Duplicate Bonds Presented by Puerto Rico Sales Tax Financing Corporation* (the "Farmacia Response") [ECF No. 4829], filed by Farmacia La Ventana, Inc ("Farmacia").

## I. The GMS Joinders

3. On December 31, 2018, the GMS Group filed the GMS Joinder, through which the GMS Group joined in and adopted a response and objection to the Hein Objection. The Hein Objection was filed for two reasons: (i) to object to confirmation of the COFINA Title III plan of adjustment (the "Plan"); and (ii) to respond to the Thirteenth Omnibus Objection, which objected to Hein's proof of claim filed against COFINA on May 4, 2018, and logged by Prime Clerk as Proof of Claim No. 10701 (the "Hein Claim"). *See* Thirteenth Omnibus Objection, Exhibit A.

3

4. The GMS Joinder simply referenced the GMS Group's objection to the COFINA Plan and stated that the GMS Group "intends to raise the points, arguments and authorities contained [in the Hein Objection and Response] at the hearing to consider confirmation of the Plan and objections thereto." The GMS Joinder did not include any argument or authority regarding the Hein Claim, or any other claim filed against COFINA. Clearly, the GMS Joinder was only intended to adopt Hein's objection to the COFINA Plan and not Hein's response to the Thirteenth Omnibus Objection.

5. On January 2, 2019, the GMS Group filed the GMS Supplement, which sought to join the *Supplement to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4595] (the "Hein Supplement"). The Hein Supplement did not include any supplemental arguments or authorities regarding the Hein Claim. The GMS Supplement adopted the Hein Supplement and stated, again, that the GMS Group "intends to raise the points, arguments and authorities contained therein at the hearing to consider confirmation of the Plan and objections thereto." The GMS Supplement included various additional arguments in support of its objection to confirmation of the COFINA Plan but, again, did not include any supplemental arguments or authorities regarding the Hein Claim, or any other claim filed against COFINA.

6. There is no basis for the GMS Group to file a response to the Thirteenth Omnibus Objection given that none of the claims listed in Exhibit A to the Thirteenth Omnibus Objection were asserted by the GMS Group. Neither the GMS Joinder nor the GMS Supplement address

4

the Thirteenth Omnibus Objection or any claims filed against COFINA by the GMS Group. Indeed, the GMS Joinder and the GMS Supplement are clear that the GMS Group intended to raise Hein's points, argument and authorities with respect to confirmation of the COFINA Plan, not to join Hein's response to the Thirteenth Omnibus Objection to the Hein Claim.

7. Furthermore, the GMS Group does not have standing to respond to the Thirteenth Omnibus Objection. A Court may find that a trustee has standing to respond to a claim objection if the trustee has a pecuniary interest in the outcome of the claim objection. *In re Quintero*, 513 B.R. 127, 134 (Bankr. D. N.M. 2014). However, here, the GMS Group is not a trustee of Hein's, nor does the GMS Group have any pecuniary interest in the outcome of the objection to the Hein Claim. COFINA is unaware of any court opinion allowing a non-trustee third party to file a response to an objection to the claim of a creditor with whom the third party is not associated.

## II. The Fideicomiso Response

8. On January 31, 2019, Fideicomiso filed the Fideicomiso Response. Fideicomiso filed his proofs of claim against COFINA on or about June 29, 2018, and they were logged by Prime Clerk as Proofs of Claim Nos. 115340 and 115423 (collectively, the "Fideicomiso Claims," and each, a "Fideicomiso Claim").[3] *See* Thirteenth Omnibus Objection, Exhibit A, Line 198-199. In the Fideicomiso Response, Fideicomiso alleged that the Thirteenth Omnibus Objection did not submit sufficient evidence to rebut the prima facie validity of the Fideicomiso Claim. As support for that argument, Fideicomiso asserts that the Thirteenth Omnibus Objection relied on "vague

---

[3] On February 11, 2019, Fideicomiso filed a *Notice of Withdrawal of a Proof of Claim Filed Against Puerto Rico Sales Tax Financing Corporation and Request for Further Relief*, Case No. 17-bk-3284 [ECF No. 577], seeking to withdraw Proof of Claim No. 115423 as duplicative of Proof of Claim No. 115340. The Court issued an order granting the withdrawal of Proof of Claim No. 115423 on February 12, 2019. ECF No. 583.

5

boilerplate language," and that the Declaration of Jay Herriman, which accompanied the Thirteenth Omnibus Objection, lacked evidentiary value because it was based on information and belief. Fideicomiso Response at 6-9.

9. The Fideicomiso Response further states that the Fideicomiso Claim asserts liabilities associated with bonds issued by COFINA bearing CUSIP numbers 74529JHG3, 74529JNL5, and 74529JGP4. All three of those CUSIP numbers appear on a Master Proof of Claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. Accordingly, the Fideicomiso Claim does, in fact, assert liabilities associated with the subordinate prepetition bonds issued by COFINA and is duplicative of a Master Proof of Claim. The Fideicomiso Response does not refute COFINA's showing that the Fideicomiso Claim is duplicative.

### III. The Guzmán de Vicenty Response

10. On February 1, 2019, Guzmán de Vicenty filed the Guzmán de Vicenty Response. Guzmán de Vicenty filed her proof of claim against COFINA on or about September 1, 2017, and it was logged by Prime Clerk as Proof of Claim No. 197 (the "Guzmán de Vicenty Claim"). *See* Thirteenth Omnibus Objection, Exhibit A, Line 385. In the Guzmán de Vicenty Response, Guzmán de Vicenty stated that she had never seen a master proof of claim "that included COFINA bonds." Guzmán de Vicenty Response at 3. She also acknowledged that, if such a master proof of claim had been filed, she "may be in position to withdraw" the Guzmán de Vicenty Claim.

11. The Guzmán de Vicenty Claim asserts liabilities associated with bonds issued by COFINA bearing CUSIP number 74529JGP4. That CUSIP number appears on a master proof of claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. Accordingly, the Guzmán de Vicenty Claim does, in fact, assert liabilities associated with a prepetition subordinate

6

bond issued by COFINA and is duplicative of a master proof of claim. The Guzmán de Vicenty Response does not refute COFINA's showing that the Guzmán de Vicenty Claim is duplicative.

### IV. The Farmacia Response

12. On January 15, 2019, Farmacia filed the Farmacia Response. Farmacia filed its proof of claim against COFINA on or about May 25, 2018, and it was logged by Prime Clerk as Proof of Claim No. 25071 ("Farmacia Claim"). *See* Thirteenth Omnibus Objection, Exhibit A, Line 159. In the Farmacia Response, Farmacia states that the Thirteenth Omnibus Objection did not provide it notice that its claim was subsumed by BNYM in a Master Proof of Claim. *See* Farmacia Response, ¶ 6.

13. The Farmacia Claim asserts liabilities associated with bonds issued by COFINA bearing CUSIP number 74529JGW9. That CUSIP number appears on a Master Proof of Claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. Accordingly, the Farmacia Claim does, in fact, assert liabilities associated with a prepetition subordinate bond issued by COFINA and is duplicative of a Master Proof of Claim. The Farmacia Response does not refute COFINA's showing that the Farmacia Claim is duplicative.

14. WHEREFORE COFINA respectfully requests that the Court strike the GMS Joinder and the GMS Supplement, to the extent such pleadings purport to join Hein's response to the Thirteenth Omnibus Objection, and that the Court grant the Thirteenth Omnibus Objection as to the Claims.

| | |
|---|---|
| Dated: March 6, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC No. 218210<br>**A&S LEGAL STUDIO, PSC**<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/(787) 948-1025<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board as representative for COFINA*<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Chris Theodoridis (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas