# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### REPLY OF PUERTO RICO SALES TAX FINANCING CORPORATION TO RESPONSE FILED BY CLAIMANTS PABLO DEL VALLE RIVERA AND MARIA A. MARTINEZ TO FOURTEENTH OMNIBUS OBJECTION TO DUPLICATE CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Response to Puerto Rico Sales Tax Financing Corporation's Fourteenth Omnibus Objection (Non-Substantive)*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*to Duplicate Bond Claims* [ECF No. 5019], filed by claimants Pablo Del Valle Rivera and María A. Martínez (the "Claimants") to the *Puerto Rico Sales Tax Financing Corporation's Fourteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* [ECF No. 4418] (the "Fourteenth Omnibus Objection"). In support of this Reply, COFINA respectfully represents as follows:

1. On December 4, 2018, COFINA filed the Fourteenth Omnibus Objection, seeking to disallow in their entirety five hundred (500) duplicate proofs of claim (the "Duplicate Claims"), as listed on Exhibit A thereto. As set forth in the Fourteenth Omnibus Objection, each of the Duplicate Claims asserted liability associated with one or more bonds issued by COFINA and were duplicative of either of the two master proofs of claim (each, a "Master Proof of Claim" and collectively, the "Master Proofs of Claim"), which were filed in COFINA's Title III case by Bank of New York Mellon ("BNYM"), as Trustee of the prepetition bonds issued by COFINA. Pursuant to the Court-approved notice, any party who disputed any of the Objections was required to file a response by 4:00 p.m. (Atlantic Standard Time) on February 1, 2019.

2. On January 31, 2019, Claimants filed the Response to the objection to Claimants' proof of claim filed against COFINA on or about June 29, 2018, and logged by Prime Clerk as Proof of Claim No. 104076 (the "Claim"). *See* Fourteenth Omnibus Objection, Exhibit A, Line 496. In the Response, Claimants argued that the Fourteenth Omnibus Objection did not submit sufficient evidence to rebut the *prima facie* validity of the Claim. As support for that argument, Claimants assert that the Fourteenth Omnibus Objection relied on "vague boilerplate language," and that the Declaration of Jay Herriman, which accompanied the Fourteenth Omnibus Objection, lacked evidentiary value because it was based on information and belief. Response at 6-9. The

2

Response further states that the Claim asserts liabilities associated with a bond issued by COFINA bearing CUSIP number 74529JGP4.

3.　　That CUSIP number appears on a Master Proof of Claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. Accordingly, the Claim does, in fact, assert liabilities associated with a prepetition subordinate bond issued by COFINA and is duplicative of a Master Proof of Claim. The Response does not refute COFINA's showing that the Claim is duplicative.

4.　　As the Court is well aware, the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] was confirmed by the Court on February 4, 2019. *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Order"). The Plan became effective on February 12, 2019, when the conditions set forth in Section 25.1 of the Plan were satisfied. *See* Amended Order at 20. Distributions have been made to holders of Bond Claims pursuant to Article XIX of the Plan.[3] Consequently, each of the claimants, to the extent they are holders of a Bond claim and are listed on the records of the Depository Trust Company, have received distributions on account of their claims against COFINA. Allowing Claimants' duplicate Bond Claim will result in Claimants potentially receiving an unwarranted double recovery against COFINA, to the detriment of other

---

[3] Section 1.44 of the Plan defines a "Bond Claim" as a "Claim on account of a 'Senior' or 'First Subordinate' Existing Security issued by COFINA . . . ." *See* Plan at 6.

3

stakeholders in COFINA's Title III case. Claimants will not be prejudiced by the disallowance of their claim because the liabilities associated with their claim are subsumed within the master proofs of claim.

5. Accordingly, COFINA respectfully requests that the Court grant the Fourteenth Omnibus Objection to Duplicate Claims.

Dated: March 6, 2019
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/(787) 948-1025
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas