**Hearing Date: April 24, 2019 at 9:30 a.m. (AST) / (ET)**
**Objection Deadline: April 9, 2019 at 4:00 p.m. (AST) / (ET)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3566 (LTS)
:
THE EMPLOYEES RETIREMENT SYSTEM OF THE : **This filing relates only to**
GOVERNMENT OF THE COMMONWEALTH OF : **Debtor ERS and shall be**
PUERTO RICO, : **filed in the lead Case No.**
: **17-BK-3283 (LTS) and**
    Debtor. : **Case No. 17-BK-3566 (LTS)**
------------------------------------------------------------------------ X

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**NOTICE OF HEARING ON MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OBJECTIONS TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO AND <u>REQUESTING RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that a hearing on the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief*, dated March 12, 2019 (the "<u>Motion</u>"), will be held before the Honorable Judge Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **April 24, 2019 at 9:30 a.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("<u>Objections</u>") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico (the "<u>Local District Court Rules</u>"), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the Eighth Amended Case Management Procedures [Dkt. No. 4866-1], so as to be so filed and received no later than **April 9, 2019 at 4:00 p.m. (Atlantic Standard Time)** (the "<u>Objection Deadline</u>").

2

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the Eighth Amended Case Management Procedures [Dkt. No. 4866-1].

Dated: March 12, 2019   /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : (Jointly Administered) |
| Debtors.[1] | : |

---

| | |
|---|---|
| In re: | : |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : PROMESA<br>: Title III |
| as representative of | : Case No. 17-BK-3566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | : **This filing relates only to Debtor ERS and shall be filed in the lead Case No. 17-BK-3283 (LTS) and Case No. 17-BK-3566 (LTS)** |
| Debtor. | : |

---

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OBJECTIONS TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO <u>AND REQUESTING RELATED RELIEF</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
JURISDICTION, VENUE, AND STATUTORY BASES .......................................................... 5
BACKGROUND .......................................................................................................................... 5
RELIEF REQUESTED ................................................................................................................. 6
BASIS FOR RELIEF REQUESTED ............................................................................................ 6
NOTICE ...................................................................................................................................... 10
NO PRIOR REQUEST ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Chinichian*,
  784 F.2d 1440 (9th Cir. 1986) ........................................................................................7

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,
  722 F.2d 1063 (2d Cir. 1983)..........................................................................................7

*In re Delta Airlines, Inc.*, *et al.*,
  Case No. 05-17923 (ASH), ECF No. 3383...................................................................7, 8

*In re Residential Capital, LLC*,
  2014 WL 627989 (Bankr. S.D.N.Y. Feb. 18, 2014)........................................................7

**Statutes**

Bankruptcy Code
  § 105..............................................................................................................................7, 8
  § 105(a) .....................................................................................................................1, 5, 7, 9
  § 502..............................................................................................................................1, 5

PROMESA
  § 301(a) ..........................................................................................................................1, 5
  § 306(a) ..........................................................................................................................5
  § 307(a) ..........................................................................................................................5
  § 310...............................................................................................................................1, 5

Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") ..................1, 5

Servicemembers Civil Relief Act of 2003 § 201(b)(1)...................................................................8

Uniform Commercial Code................................................................................................................3

**Rules**

Fed. R. Bankr. P.
  2002(m)...........................................................................................................................8
  2019................................................................................................................................10
  3007................................................................................................................................1, 3, 6, 8
  3007(c) ............................................................................................................................7
  3007(d)............................................................................................................................5, 6
  9007................................................................................................................................9

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby submits this motion (the "Motion"), pursuant to sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing procedures for the resolution of the two objections, each dated March 12, 2019 [Dkt Nos. 381 and 384] (together, the "Objections"), filed by the Committee to claims asserted by holders of bonds issued by Employees Retirement System of the Government of Puerto Rico and requesting related relief.

In support of the Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. On March 12, 2019, the Committee filed the Objections to all claims (the "ERS Bond Claims") that have been or may be asserted against the Employees Retirement System of the Government of Puerto Rico ("ERS") based on the bonds issued by ERS in 2008 (the "ERS Bonds"). The principal amount of the ERS Bonds totals more than $3 billion. This Motion seeks to establish an orderly and efficient process for resolving the Objections. Specifically, the Committee requests an order (i) permitting the Objections to proceed in an omnibus fashion, even if the ultimate number of holders of ERS Bond Claims that participate in the litigation of the Objections exceeds one hundred, (ii) establishing a mechanism for providing notice of and an opportunity to participate in the litigation to other parties in interest and to all actual and potential holders of the ERS Bond Claims, including those that have not filed claims or

1

otherwise appeared in these Title III cases, and (iii) establishing certain initial litigation procedures for all participants (the "Objection Procedures"). **The Objection Procedures, attached as Exhibit 1 to the Proposed Order, and the objection notice, attached as Exhibit 2 to the Proposed Order (the "Objection Notice") are identical in most material respects to those approved by the Court with respect to the objection filed in the Commonwealth's Title III case to claims asserted by certain holders of certain general obligation bonds of the Commonwealth (the "Challenged GO Bonds").**[2]

2. This relief is necessary because litigating the Objections on a claim-by-claim basis would be impractical and highly inefficient, if not impossible. The website maintained by Prime Clerk LLC, the Title III Debtors' solicitation, notice and claims Agent ("Prime Clerk"), reflects that, to date, hundreds of individuals or entities have filed "bond" claims against ERS. There are likely many more such claimants who have not yet filed—and, indeed, pursuant to this Court's bar date order,[3] need not and may never file—such a claim. Moreover, unlike in the private debt issuance context, no indenture trustee exists that may serve as a representative for or has the power to bind all holders of ERS Bond Claims in these cases. Under these

---

[2] On January 14, 2019, the Committee and Financial Oversight and Management Board filed the *Omnibus Objection of (i) Financial Oversight and Management Board, Acting Through it Special Claims Committee, and (ii) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, [Case No. 17-3283, Dkt. No. 4784] (the "Challenged GO Bonds Objection"). The Court subsequently entered its *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures with Respect to Omnibus Objection of (i) Financial Oversight and Management Board Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* [Dkt. No. 5143] (the "GO Claims Procedures Order") establishing procedures for resolution of the Challenged GO Bonds Objection.

[3] On February 15, 2018, this Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [Dkt. No. 2521] (the "Bar Date Order"). The Bar Date Order does not require holders of claims arising from bonds to file proofs of claim if a Master Proof of Claim for such claims has been filed. Bar Date Order, ¶6.j. Bank of New York, Mellon, as fiscal agent, filed a Master Proof of Claim on May 24, 2018.

2

circumstances, the Court can and should enter an order that allows the litigation of the Objections and defenses thereto as part of one organized process as opposed to requiring the Committee to pursue its Objections in strict compliance with Bankruptcy Rule 3007.

3. The Committee is confident that the simultaneous litigation of numerous ERS Bond Claims can be accomplished in an efficient and streamlined manner due to the common issues of law and fact that predominate the ERS Bond Claims. The principal questions that the Court must address in determining the validity of all such claims is whether the ERS Bonds were issued *ultra vires* and are therefore null and void, and whether the ERS Bonds can be validated under § 8-202 of the Uniform Commercial Code. The Court and the parties will save substantial time and resources by briefing, conducting discovery on, and arguing these issues jointly.

4. The Court should also approve notice procedures for the Objections to ensure that all holders of ERS Bonds, including those that have not filed claims or otherwise appeared in these cases, have adequate notice of the Objections and an opportunity to participate in the litigation process. Specifically, the Committee proposes that notice to presently unknown claimants be provided through (i) publication in certain widely-circulated newspapers and (ii) a posting on a website used by municipal bond investors. In addition, Prime Clerk will use the same process set forth in the Declaration of Christina Pullo,[4] submitted in connection with the Challenged GO Bonds Objection, to ensure that the beneficial holders of ERS Bonds receive copies of the (a) Objection Notice, (b) Objection Procedures and (c) Notice of Participation

---

[4] *See Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds.* [Dkt. No. 5049]

(defined below) (collectively, the "Objection Procedure Documents").[5] Finally, DTC will post the Objection Procedure Documents to its Legal Notification System in accordance with DTC's rules and customary procedures. The foregoing notice procedures are the same as those used with respect to the Challenged GO Bonds Objection and are consistent with the types of notice courts have authorized in other cases under similar circumstances.

5. Furthermore, the Committee requests that the Court approve certain initial deadlines and litigation procedures as set forth in the Objection Procedures. Specifically, the Committee proposes that, following completion of the notice procedures, all parties that wish to participate in the litigation process must file a notice of participation on or before a date that is sixty (60) days following entry of the order granting this Motion (the "Participation Deadline"), in the form attached as Exhibit 3 to the Proposed Order (the "Notice of Participation"). The Notice of Participation will contain certain identifying information for each participant and indicate whether it intends to support or oppose the relief requested in the Objections. Using the information contained in the Notices of Participation received, the Committee will next propose additional procedures for briefing and discovery.

6. Proceeding with the Objections in this organized, omnibus fashion is the best way to determine the allowability of the ERS Bond Claims in a timely and cost-efficient manner while minimizing the expenditure of the valuable resources of the parties and the Court. Moreover, it allows parties who wish to participate in the litigation of the Objections (either in support of or against the relief sought in the Objections), who are not otherwise identified in the

---

[5] Specifically, Prime Clerk will (a) obtain from the Depository Trust Company ("DTC"), the securities depositary for the ERS Bonds, a list of DTC Participants who hold ERS Bonds in street name as of a record date, (b) obtain from such DTC Participants (or their mailing agent) the number of paper copies of the Objection Procedure Documents they require and (c) deliver the requisite number of Objection Procedure Documents to such DTC Participants and/or their mailing agents.

4

Objections,[6] to do so by satisfying minimal procedural requirements. Accordingly, the Committee respectfully requests that this Motion be granted and the Court enter an order establishing the Objection Procedures in the form contained in Exhibit 1 annexed to the Proposed Order.

## JURISDICTION, VENUE, AND STATUTORY BASES

7. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

8. Venue is proper pursuant to section 307(a) of PROMESA.

9. The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Bankruptcy Rule 3007(d), made applicable to these Title III cases by section 310 of PROMESA.

## BACKGROUND

### ERS Bonds

10. In February 2008, ERS issued three series of ERS Bonds in underwritten public offerings.[7] The ERS Bonds were issued as "limited, non-recourse obligations of [ERS], payable solely from and secured solely by Employer Contributions made after the date of issuance of the Bonds and funds on deposit with the Fiscal Agent in the various accounts established

---

[6] According to filed Bankruptcy Rule 2019 statements and proofs of claim, the holders of ERS Bonds identified in the Objections collectively hold in excess of $2.3 billion of ERS Bonds, which represents in excess of 74% of the principal amount of the ERS Bonds.

[7] Government of Puerto Rico: Puerto Rico Fiscal Agency and Financial Advisory Authority, Fiscal Plan for Puerto Rico (March 13, 2017), at 26, available at https://junta.pr.gov/wp-content/uploads/wpfd/50/58c71815e9d43.pdf.

5

thereunder."[8] As of February 2017, the aggregate outstanding principal amount of the ERS Bonds (including accretion on capital appreciation bonds) was $3,156,000,000.[9] Because ERS lacked the statutory authority to borrow through a public bond offering, the bonds were issued *ultra vires* and are null and void. The grounds for the Objections to the ERS Bond Claims are set forth more fully in the Objections and need not be repeated herein.

### RELIEF REQUESTED

11. By this Motion the Committee seeks the entry of an order authorizing the Committee to proceed with the Objections in accordance with the Objection Procedures annexed to the Proposed Order attached hereto as **Exhibit A**, which would allow the Committee to object to all the ERS Bond Claims through the Objections rather than requiring the Committee to strictly comply with all provisions of Bankruptcy Rule 3007 and file numerous objections seeking the same exact relief on the same exact grounds with respect to the ERS Bond Claims. If approved, the Objection Procedures would give all holders of ERS Bond Claims the ability to participate in the litigation and streamline and organize the issues to be presented to this Court for decision.

### BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 3007(d) authorizes the filing of omnibus objections to claims. Although the rule contains certain requirements for such objections, including that they be based on certain enumerated grounds and that they not address more than one hundred claims, a court

---

[8] Official Statement, dated January 29, 2008, for ERS Senior Pension Funding Bonds, Series A, at cover page, 2, 37, and 40; Official Statement, dated May 28, 2008, for ERS Senior Pension Funding Bonds, Series B, at cover page, 2, 38, and 41; Official Statement, dated June 26, 2008, for ERS Senior Pension Funding Bonds, Series C Official Statement, at cover page, 2, 39, and 42.

[9] Government of Puerto Rico: Puerto Rico Fiscal Agency and Financial Advisory Authority, Fiscal Plan for Puerto Rico (March 13, 2017), at 26, available at https://junta.pr.gov/wp-content/uploads/wpfd/50/58c71815e9d43.pdf.

6

has discretion to modify these requirements. *See* Bankruptcy Rule 3007(c) (stating that joinder of claims objections may be done only as permitted by subsection (d) "unless otherwise ordered by the court.").

13. In addition, section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

14. As set forth above, this Court has previously approved nearly identical procedures for the resolution of the Challenged GO Bonds Objection to claims in these Title III cases. Additionally, other bankruptcy courts handling so-called "mega cases" have frequently used Bankruptcy Rule 3007(c) and section 105(a) to craft omnibus claim objection procedures that meet the needs of these types of cases. For example, in *In re Residential Capital, LLC*, the bankruptcy court entered a procedures order modifying Bankruptcy Rule 3007(c) by adding nine additional grounds for omnibus objections and permitting the objections to address more than 100 claims at a time. *See* 2014 WL 627989, *1-4 (Bankr. S.D.N.Y. Feb. 18, 2014). In addition, in the *Delta Airlines Inc.* cases, the bankruptcy court approved a procedure that allowed the committee and the debtor to designate certain issues relating to aircraft leverage lease claims to

7

be litigated and allowed persons holding "relevant claims" to file notices of participation, and thus, participate in the claim objection process even though they may not have filed a claim or been served with a "notice of litigation." *See In re Delta Airlines, Inc.*, *et al.,* Case No. 05-17923 (ASH), ECF No. 3383.

15. Consistent with the GO Claims Procedures Order and orders entered in other cases, authorizing filing of an omnibus objection to all ERS Bond Claims is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Granting this relief will permit the parties and the Court to resolve all objections to ERS Bond Claims on the grounds set forth in the Objections[10] in a timely, cost-effective, and efficient manner. Otherwise, the Committee would have to prepare and file, and the Court would have to review, potentially hundreds of individual objections to ERS Bond Claims—a time consuming, expensive, and unnecessarily duplicative endeavor.[11]

16. For purposes of notifying unknown claimants of the Objections, the Bankruptcy Rules give the Court substantial discretion in determining how such notice may be accomplished. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 2002(m); *see also* Bankruptcy Rule 9007 ("When notice is to be given under these rules, the

---

[10] Nothing herein is intended to limit the ability of the Committee, or any other party in interest, to subsequently object to the ERS Bonds on grounds other than those set forth in the Objections, and the Proposed Order so provides.

[11] In addition, absent the relief sought herein, it would be impossible for the Committee to comply with Local Rule 3007-1, which states that a party objecting to a claim "must also certify whether or not the claimant is a servicemember as required by § 201(b)(1) of the Servicemembers Civil Relief Act of 2003." The Committee cannot possibly determine which of the potentially hundreds of ERS Bond claimants, if any, are servicemembers. Similarly, it would be cost-prohibitive, if not impossible for the Committee to determine which of the bond claims listed on Prime Clerk's website are ERS Bond Claims.

court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

17. Under the present circumstances, the Committee submits that holders of ERS Bond Claims that have not filed a claim or otherwise appeared in these cases can be notified with the assistance of Prime Clerk, DTC and through publication notice. The Court should order DTC to post the Objection Procedure Documents to its Legal Notification System, and Prime Clerk will mail the Objection Procedure Documents to the DTC Participants for delivery to the beneficial holders of the ERS Bonds. In addition, the same form of Objection Notice should be published (a) in *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) in *Caribbean Business* in English (primary circulation in Puerto Rico), (c) in *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) in *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home. These were the same publications in which the Court instructed that notice of the Challenged GO Bonds Objection be provided.[12] Other than EMMA, they are also the same publications used for notification of the Bar Date in the Bar Date Order.

18. The above notice procedures will provide more than adequate notice of the Objections and the Participation Deadline as evidenced by the fact that, as of the date of this Motion, which is less than one month after entry of the GO Claims Procedures Order, more than two hundred and fifty (250) parties, including bondholders residing in Puerto Rico, have filed Notices of Participation in the litigation of the Challenged GO Bonds Objection. Moreover, the

---

[12] In the GO Claims Procedures Order, movants were required to cause the publication of the notice in such publications, other than *Caribbean Business,* within five (5) days of entry of such Order. The Proposed Order modifies this requirement slightly by providing that the Committee will cause the publication of the Objection Notice to occur with five (5) **business** days following the entry of the order for all such publications and within fourteen (14) days for *Caribbean Business.*

vast majority of such Notices of Participation were filed by persons acting *pro se*. Thus, it is clear that even unrepresented parties can comply with the minimal procedural requirements of the Objection Procedures by filing and serving a Notice of Participation.

19. Moreover, the Court has discretion under section 105(a) of the Bankruptcy Code to enter general procedural orders governing the administration of its cases and the litigation of issues concerning claim objections. To that end, the Committee requests that the Court enter an order approving the initial Objection Procedures for resolving the Objections, including setting the date that is sixty (60) days following the date of the entry of an order granting this Motion as the Participation Deadline. Once Notices of Participation have been submitted, the Committee proposes that the Committee consolidate the information contained in such notices and propose briefing and discovery procedures to resolve issues related to the Objections in an efficient and orderly manner. The goal of the Objection Procedures is to streamline the process and limit the number of filings with the Court.

## NOTICE

20. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Financial Oversight and Management Board for Puerto Rico, (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (viii) holders of ERS bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (ix) holders of ERS Bonds identified in the

Objections;[13] (x) The Bank of New York Mellon N.A., as Fiscal Agent for the ERS Bonds; (xi) DTC; and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

21.     No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

---

[13] According to the claims registry maintained by Prime Clerk, approximately 900 proofs of claim have been filed asserting bond-based claims against ERS. Many of these claims are based on bonds other than ERS Bonds and are therefore not subject to the Objections. Given the sheer volume of claims, however, it would be cost-prohibitive to review and analyze all of the approximately 900 proofs of claim to determine which ones, in fact, assert claims based on ERS Bonds. Therefore, in preparing the Objections, the Committee limited its review to proofs of claim against ERS alleging more than $5 million of bond debt.

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: March 12, 2019 /s/ Luc A. Despins ,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*