## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

       Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

### CERTIFICATE OF SERVICE

    I, Gregory R. DePalma, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the solicitation, claims and noticing agent for the Debtors in the above-captioned cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA).

    On March 5, 2019, at my direction and under my supervision, employees of Prime Clerk caused courtesy copies of the following documents to be served via overnight mail on the Banks, Brokers, Dealer Agents, Nominees (collectively, the *"**DTC Participants**"*) listed on the service list attached hereto as **Exhibit A** (whose beneficial holders were previously served with these documents pursuant to the Certificate of Service filed on February 26, 2019 [Docket No. 5228]):

- Notice of Participation in Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, a copy of which is attached hereto as **Exhibit B** (the "***Notice of Participation Form***")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

- Notice of Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, a copy of which is attached hereto as **Exhibit C** (the "*Objection Notice*")

- Initial Procedures for Resolving Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) the Official Committee of Unsecured Creditors Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, a copy of which is attached hereto as **Exhibit D** (the "*Objection Procedures*")


Dated: March 12, 2019

State of New York
County of New York

Gregory R. DePalma

Subscribed and sworn to (or affirmed) before me on March 12, 2019, by Gregory R. DePalma, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

MARK M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BR6305738
Qualified in New York County
My Commission Expires June 09, 2018 22

2                                                                                               SRF 31334

## **Exhibit A**

Exhibit A

DTC Participants

Served via Over Night Mail

| NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE |
|------|-----------|-----------|-----------|------|-------|-------------|
| BANK AMERICA LASALLE BANK NA 2251 | ATTN RICK LEDENBACH OR PROXY MGR | 135 SOUTH LASALLE STREET SUITE 1811 | | CHICAGO | IL | 60603 |
| BARCLAY CAPITAL 0229 | ATTN Anthony Sciaraffo or Proxy MGR | 745 SEVENTH AVENUE | 16TH FLOOR | NEW YORK | NY | 10019 |
| COMPASS BANK TRUST DIVISION 2484 | ATTN DANIEL MCHALE OR PROXY MGR | 15 SOUTH 20TH STREET SUITE 703 | | BIRMINGHAM | AL | 35233 |
| EMMET & COINC 5234 | ATTN CHRISTOPHER EMMET SR PROXY MGR | 12 PEAPACK ROAD P O BOX 160 | | FAR HILLS | NJ | 07931-0000 |
| GEORGE K BAUM & COMPANY 0129 | ATTN DONETTA BOYKINS OR PROXY MGR | 4801 MAIN STREET SUITE 500 | | KANSAS CITY | MO | 64112 |
| KEYBANK NATIONAL ASSOCIATION 2205 | ATTN ADAM BORYENACE OR PROXY MGR | 4900 TIEDEMAN ROAD | | BROOKLYN | OH | 44144 |
| KEYBANK NATIONAL ASSOCIATION 2205 | ATTN WILLIAM WEBBER | 4900 TIEDEMAN ROAD | | BROOKLYN | OH | 44144 |
| KEYBANK NATIONAL ASSOCIATION 2205 | ATTN SCOTT MACDONALD | 4900 TIEDEMAN ROAD | | BROOKLYN | OH | 44144 |
| KEYBANK NATIONAL ASSOCIATION 2205 | ATTN KAREN BEDNARSKI OR PROXY MGR | 4900 TIEDEMAN ROAD | | BROOKLYN | OH | 44144 |
| MANUFACTURERS AND TRADERS 0990 | ATTN TONY LAGAMBINA | ONE M&T PLAZA 8TH FLOOR | | BUFFALO | NY | 14203 |
| MANUFACTURERS AND TRADERS 0990 | ATTN DON SCHMIDT OR PROXY MGR | ONE M&T PLAZA 8TH FLOOR | | BUFFALO | NY | 14240 |
| MARSCO INVESTMENT CORPORATION 0287 | ATTN MARK  KADISON | 101 EISENHOWER PARKWAY | | ROSELAND | NJ | 07068-0000 |
| MARSCO INVESTMENT CORPORATION 0287 | ATTN KAREN JACOBSEN OR PROXY MGR | 101 EISENHOWER PARKWAY | | ROSELAND | NJ | 07068-0000 |
| NBCN INC  CDS 5008 | ATTN GESTION DE l'INFO  TR 5609 1 | 1010 RUE DE LA GAUCHETIERE | OUEST  17e étage | MONTREAL | QC | H3B 5J2 |
| RELIANCE TRUST COMPANY SWMS1 2042 | ATTN CORPORATE ACTIONS GROUP | 1100 ABERNATHY RD SUITE 400 | | ATLANTA | GA | 30328 5634 |
| SANFORD C BERNSTEIN & CO LLC 0013 | ATTN ANITA BACTAWAR | 1 NORTH LEXINGTON AVE | C O RIDGE | WHITE PLAINS | NY | 10601 |
| SANFORD C BERNSTEIN & CO LLC 0013 | ATTN RYAN CONNORS OR PROXY MGR | ONE NORTH LEXINGTON AVENUE | | WHITE PLAINS | NY | 10601 1785 |
| UNION BANK & TRUST COMPANY 2067 | ATTN TRUST OPS   SHERI ZIMMERMAN | 6811 SOUTH 27TH STREET | | LINCOLN | NE | 68512 |
| UNION BANK & TRUST COMPANY 2067 | ATTN PROXY MGR | 6811 SOUTH 27TH STREET | | LINCOLN | NE | 68512 |
| UNION BANK OF CALIFORNIA NA 2145 | ATTN MAGGI BOUTELLE | 530 B STREET SUITE 204 | | SAN DIEGO | CA | 92101 |
| UNION BANK OF CALIFORNIA NA 2145 | ATTN JOYCE LEE OR PROXY MGR | 350 CALIFORNIA STREET 8TH FLOOR | | SAN FRANCISCO | CA | 94104 |
| WELLS FARGO BANK NA SIG 2072 | ATTN SCOTT NELLIS OR PROXY MGR | 1525 W T HARRIS BLVD 1ST FLOOR | | CHARLOTTE | NC | 28262 8522 |

In re:  The Common Wealth of Puerto Rico, *et al.*

Case No. 17-BK 3283 (LTS)                                    Page 1 of 1

**<u>Exhibit B</u>**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE APRIL 16, 2019\***

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------X
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :       PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :       Title III
                                                      :
          as representative of                        :       Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO et al.,               :       (Jointly Administered)
                                                      :
          Debtors.                                    :
-------------------------------------------------------------------X
```

### NOTICE OF PARTICIPATION IN OMNIBUS OBJECTION
### TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN
### COMMONWEALTH GENERAL OBLIGATION BONDS

**This Notice of Participation must be served and filed no later than April 16, 2019 in accordance with the instructions set forth at the end of this document.**

The party identified below ("Participant") hereby advises the Objectors that it intends to participate in the litigation of the *Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket No. 4784] (the "Objection"), which asserts that all claims that have been or may be asserted against the Commonwealth of Puerto Rico on account of general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds") are invalid.

To ensure full participation rights in the litigation of the Objection, Participant provides all of the information requested in items 1 through 3 below:

1.        Participant's contact information, including email address, and that of its counsel, if any:

**Participant Name and Contact Information**                    **Counsel Contact Information (if any)**

_____                    _____
Participant Name                                                Firm Name (if applicable)

_____                    _____
Contact Person (if Participant is not an individual)            Contact Person

_____                    _____
Email Address                                                   Email Address


_____                    _____

Address line 1                                    Address line 1

_____                    _____
Address line 2                                    Address line 2

_____                    _____
City, State Zip Code                              City, State Zip Code

_____                    _____
Country                                           Country

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

            _____ intends to **support** the relief requested in the Objection (i.e., Participant believes the Court should find that the Challenged GO Bonds are **invalid**); *or*

            _____intends to **oppose** the relief requested in the Objection (i.e., Participant believes that the Court should find that the Challenged GO Bonds are **valid**)

3.      If Participant is not a holder of a Challenged GO Bond, it can skip to the end of this Notice and sign.  If Participant is a holder of one or more Challenged GO Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

            (a)      Provide the CUSIP Numbers of all Challenged GO Bonds held by Participant:

            (b)      Did Participant purchase any of its Challenged GO Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).

By: _____
      Signature

      _____
      Print Name

      _____
      Title (if Participant is not an Individual)

      _____
      Date

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767**.

**<u>Exhibit C</u>**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE APRIL 16, 2019\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ------------------------------------------------------------------- X | |
| | : |
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
|    MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
|      as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : (Jointly Administered) |
| | : |
|      Debtors.[1] | : |
| ------------------------------------------------------------------- X | |

### NOTICE OF OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

     You are receiving this notice because you have been identified as holding one or more of the general obligation bonds issued by the Commonwealth of Puerto Rico in or after 2012 (the "Challenged GO Bonds").  A list of the CUSIP numbers for the Challenged GO Bonds can be found at the bottom of this notice.

     Please note that the Financial Oversight and Management Board, as representative for the Debtors, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (together, the "Objectors") have filed an Omnibus Objection, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds (the "Objection").  The full text of the Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784.

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE APRIL 16, 2019\***

This Objection seeks to disallow and invalidate claims on account of the Challenged GO Bonds ("Challenged GO Bond Claims"). **Subject to applicable appellate rights, if the Court grants the Objection in whole or in part, holders of Challenged GO Bond Claims' recovery on account of the Challenged GO Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Challenged GO Bond Claims. Thus the Objection may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Objection. The Notice of Participation must be filed by April 16, 2019 (the "Participation Deadline").**

Please note further, that on February 15, 2019, the District Court granted the Objectors' motion for approval of certain procedures with respect to such Objection (the "Objection Procedures"). If you intend to respond to the Objection or participate in the litigation in any way, you must follow the Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith. **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation**.

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection Procedures by the Participation Deadline, no substantive response to the Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Requests for Spanish-language versions of the Notice, Objection Procedures and Notice of Participation form and any questions regarding this notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn: Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

**Esta Objeción tiene el propósito de rechazar e invalidar las reclamaciones contra los Bonos GO Impugnados (las "Reclamaciones de los Bonos GO Impugnados"). Si el Tribunal concede la Objeción parcial o totalmente, sujeto a los derechos apelativos aplicables, quedará eliminada total o parcialmente la recuperación de estos Bonos GO Impugnados y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en contra del Estado Libre Asociado, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III y participar en cualquier distribución efectuada en este Caso bajo el Título III a causa de dichas Reclamaciones de los Bonos GO Impugnados. Por tanto, la Objeción puede afectar sus derechos. Usted tiene el derecho de presentar un Aviso de Participación si quiere responder a la Objeción. El Aviso de Participación tiene que presentarse en o antes de 16 de abril de 2019. Las partes que**

SRF 30944
**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE APRIL 16, 2019\***

**tengan preguntas o deseen recibir copia de este aviso, los Procedimientos de Objeción y el
Aviso de Participación en español deben enviar una solicitud por escrito a
NoticeofParticipation@paulhastings.com**

The CUSIP numbers of the general obligation bonds affected by the Objection are:

| Series | CUSIP |
|--------|-------|
| 2012 A | 74514LB89 |
| 2012 A | 74514LB63 |
| 2012 A | 74514LA49 |
| 2012 A | 74514LA56 |
| 2012 A | 74514LC88 |
| 2012 A | 74514LD87 |
| 2012 A | 74514LA80 |
| 2012 A | 74514LC39 |
| 2012 A | 74514LB55 |
| 2012 A | 74514LD46 |
| 2012 A | 74514LB97 |
| 2012 A | 74514LD61 |
| 2012 A | 74514LC96 |
| 2012 A | 74514LD79 |
| 2012 A | 74514LC70 |
| 2012 A | 74514LD53 |
| 2012 A | 74514LA31 |
| 2012 A | 74514LC21 |
| 2012 A | 74514LD20 |
| 2012 A | 74514LB48 |
| 2012 A | 74514LA72 |
| 2012 A | 74514LC62 |
| 2012 A | 74514LB22 |
| 2012 A | 74514LC47 |
| 2012 A | 74514LC54 |
| 2012 A | 74514LD38 |
| 2012 A | 74514LA64 |
| 2012 A | 74514LA98 |
| 2012 A | 74514LB30 |
| 2012 A | 74514LB71 |
| 2012 B | 74514LA23 |
| 2012 B | 74514LZV2 |
| 2012 B | 74514LZW0 |
| 2012 B | 74514LZX8 |
| 2012 B | 74514LZY6 |
| 2012 B | 74514LZZ3 |
| 2014 A | 74514LE86 |

**<u>Exhibit D</u>**

**\*ACTION MUST BE TAKEN ON OR BEFORE APRIL 16, 2019\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

------------------------------------------------------------------------ X

    :  PROMESA
    :  Title III
    :
    :  Case No. 17-BK-3283 (LTS)
    :
    :  (Jointly Administered)

## INITIAL PROCEDURES FOR RESOLVING OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS

February 15 2019

      Pursuant to the Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court"), dated February 15, 2019, [Docket No. 5143], the following initial procedures will apply to the resolution of the *Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket No. 4784] (the "Objection").[2]

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The full text of the Objection may be found on the Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784.

The Financial Oversight and Management Board, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (together, the "Objectors") filed an Objection contending that all claims (the "Challenged GO Bond Claims") that have been or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "Challenged GO Bonds") are invalid.  Holders of Challenged GO Bonds are hereafter referred to as "Challenged GO Bondholders."

1.    Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of Challenged GO Bond Claims on the grounds set forth in the Objection.

2.    Notice of Participation

Any party in interest, including, without limitation, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "Title III Parties"), and any person or entity that holds a Challenged GO Bond, whether or not such person or entity is identified in Appendix I to the Objection, that wishes to participate in the litigation of the Objection must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objection; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by a Challenged GO Bondholder, set forth (i) whether all or part of such Challenged GO Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such Challenged GO Bonds to the best of such Challenged GO Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information").  The Notice of Participation shall cover all Challenged GO Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant  and shall not be limited to the specific CUSIP numbers listed.  For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group.  A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding.  To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objection in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders.  To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall

2

be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Objection shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Objection shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadline to file with the District Court and serve by email a Notice of Participation is April 16, 2019 (the "Participation Deadline")**. For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation. In particular, and subject to applicable appellate rights, if the District Court grants the Objection in whole or in part, claimants' recovery on account of the Challenged GO Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the Challenged GO Bonds and the Challenged GO Bond Claims. By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objection, will be entitled to receive notification of case events specific to the Objection, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objection.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of a Challenged Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Objection, and all rights to object to any person or entity's standing are preserved.

3.      The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and

3

whether such Participants are Joint Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

Twenty-one (21) days after the Participation Deadline (the "Initial Proposal Exchange Deadline"), Joint Objectors and the Objectors, on the one hand, and Respondents (individually and/or through *ad hoc* groups), on the other, will simultaneously exchange proposals (the "Initial Proposals") by email setting forth the procedures that will govern litigation of the Objection, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Challenged GO Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Objectors will send by email the Initial Proposals to all parties who filed Notices of Participation, but such Initial Proposals will not be filed with the District Court. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the Objectors and the Participants shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court.  The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants.  The Objectors and the Participants shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The Objectors shall have caused a draft of the Recommendation to have been sent by email to all Participants at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

4.     Litigation

       A.     District Court Status Conference

The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

       (i)     the sequence and timing of any discovery;

4

(ii)     the extent to which joint briefs can or should be submitted;

(iii)    a briefing schedule; and

(iv)    any other matter that will contribute to the fair and efficient resolution of the
issues raised in the Objection and the Notices of Participation.

B.     <u>Coordination</u>

To the extent that the District Court determines that joint briefs can and should be

submitted –

(a)     The Objectors and any Joint Objector shall cooperate in good faith in order to file
joint papers with respect to the Objection, and shall file separate papers only to the extent
necessary to present or discuss issues, positions or arguments upon which they are unable to
agree in good faith.

(b)     Likewise, the Respondents shall cooperate in good faith to file joint papers with
respect to the litigation of the Objection and shall file separate papers only to the extent
necessary to present or discuss issues, positions or arguments upon which they are unable to
agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the
other hand, shall use reasonable efforts to coordinate the development of discovery that is
requested from the other parties and to coordinate communications concerning such discovery.

5.     <u>Notices of Participation Submitted After the Participation Deadline</u>

Any party that submits a Notice of Participation after the Participation Deadline, but at
least thirty (30) days prior to a trial on the merits of the Objection, may participate in the
litigation of the Objection by receiving notices of developments in the litigation and invitations
to any meet and confer sessions among the parties to the litigation.  Such party, however, shall be
bound by any orders entered by the District Court (including any order granting a dispositive
motion, such as a motion for summary judgment) and/or any agreements reached among the
Objectors, Joint Objectors and Respondents prior to the submission of such Notice of
Participation regarding the conduct of the litigation, including with respect to the matters set
forth in paragraph 3 above.  Moreover, absent permission granted by the District Court upon a
showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice
of Participation after the Participation Deadline, shall be prohibited from filing separate
pleadings, serving discovery, or being heard at any hearing on the Objection.

6.    <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any Challenged GO Bondholder who does not file a Notice of Participation.

7.    <u>Other Objections Permitted</u>

The fact that the Objectors have objected to the Challenged GO Bond Claims shall not preclude (i) the Objectors or any party in interest from objecting to a Challenged GO Bond Claim on any basis not set forth in the Objection or to any other claim asserted by the Challenged GO Bondholder unrelated to the Challenged GO Bonds or (ii) a Title III Party from asserting additional grounds for objecting to the Challenged GO Bond Claims pursuant to a Notice of Participation.

8.    <u>The Following Persons are the "Notice Parties"</u>

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
7 Times Square
New York, NY 10036
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq.
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq.
One Financial Center
Boston, MA 02111
sbeville@brownrudnick.com

**ESTRELLA, LLC**
Attn:  Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
agestrella@estrellallallc.com
ksuria@estrellallc.com

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

6