# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **PROMESA**<br>**Title III** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | **No. 17 BK 3283-LTS**<br><br>**(Jointly Administered)** |
| As a representative of | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | **Re: Dkt. No. 5409** |
| Debtors.[1] | **Hearing date:** March 13, 2019 at 9:30 a.m. (Atlantic Standard Time) |

## INFORMATIVE MOTION OF THE FEE EXAMINER SUBMITTING REVISED PROPOSED ORDER AWARDING FOURTH INTERIM COMPENSATION AND, IN ADDITION, REVISED PROPOSED ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS

The Fee Examiner appointed in these proceedings files this *Informative Motion of the Fee Examiner Submitting Revised Proposed Order Awarding Fourth Interim Compensation and, In Addition, Revised Proposed Order Imposing Additional Presumptive Standards* (the "**Informative Motion**").  In support, the Fee Examiner respectfully states that:

1.      On November 27, 2018, counsel filed the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Other Sub-Retained Professionals* [Dkt. No. 4370] (the "**Additional Presumptive Standards Motion**").  At the December 19, 2018 omnibus hearing, the Court denied the Additional Presumptive Standards Motion without prejudice [Dkt. No. 4516], requesting that the professionals and the Fee Examiner continue their discussions of the hourly rate increase issue in light of the Court's observations and comments on that subject.

2.      On March 6, 2019, the Fee Examiner filed the *Fee Examiner's Fourth Interim Report on Presumptive Standards Motion and on Professional Fees and Expenses (June 1, 2018-September 30, 2018)* [Dkt. No. 5409], (the "**Fee Examiner Fourth Interim Report**") recommending the approval, with adjustments, of a group of deferred interim compensation applications and the deferral of a group of third and fourth interim compensation applications.  The Fee Examiner Fourth Interim Report also included a revised proposed order granting the Additional Presumptive Standards Motion that addressed the Court's concerns expressed at the December 19, 2018 omnibus hearing (the "**Revised Proposed Presumptive Standards Order**").

3.      The Fee Examiner Fourth Interim Report attached a table listing interim fee applications recommended for Court approval, with adjustments.

4.      Since the filing of the Fee Examiner Fourth Interim Report, the Fee Examiner has agreed to include several footnotes to the table listing interim fee applications recommended for Court approval, with adjustments, as shown on the redline table attached to this Informative Motion as **Exhibit 1**.

5.      A proposed order awarding the recommended interim compensation applications, incorporating the revised table (with footnotes) is attached to this Informative Motion as

**Exhibit 2** and will be submitted to chambers in MSWord format should the Court wish to enter the order.

6.      On March 12, 2019, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**"), through counsel, submitted the *Limited Response and Reservation of Rights Regarding Fee Examiner's Fourth Interim Report on Presumptive Standards Motion and on Professional Fees and Expenses* [Dkt. No. 5572] (the "**AAFAF Response**"), seeking to adjourn the Additional Presumptive Standards Motion to the April 24, 2019 omnibus hearing to allow AAFAF and the Fee Examiner to continue discussing the issues raised in the AAFAF Response.

7.      As noted in the *Notice of Agenda of Matters Scheduled for the Hearing on March 13-14, 2019 at 9:30 a.m., AST* [Dkt. No. 5481] (the "**Agenda**"), the Fee Examiner does not object to the requested adjournment.  *See* Agenda at p. 5, n.4.[2]

8.      In the event the Court does not adjourn the Additional Presumptive Standards Motion, the Fee Examiner recommends one clarifying change to the Revised Proposed Presumptive Standards Order proposed, as illustrated on the attached redline **Exhibit 3**.  A new revised proposed order incorporating the clarifying revision is attached to this Informative Motion as **Exhibit 4**.

---

[2] The footnote with respect to adjournment was added at the request of the Fee Examiner, who was unaware of AAFAF's request for an adjournment until after he submitted the Fee Examiner Fourth Interim Report and his informative motion regarding appearances at the March 13-14 omnibus hearing.

Dated this 12th day of March, 2019.

WE HEREBY CERTIFY that on this date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system.

EDGE Legal Strategies, PSC

_s/Eyck O. Lugo_
Eyck O. Lugo
252 Ponce de León Avenue
Citibank Tower, 12th Floor
San Juan, PR 00918
Telephone:  (787) 522-2000
Facsimile:  (787) 522-2010

*Puerto Rico Counsel for Fee Examiner*

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler (*Pro Hac Vice*)

*Counsel for the Fee Examiner*

20315248.1

4

# EXHIBIT 1

In re: The Financial Oversight and Management Board for Puerto Rico, as a representative of
The Commonwealth of Puerto Rico, et al.
PROMESA Title III No. 17 BK 3283-LTS

**EXHIBIT A**

Second - Fourth Interim Fee Period Applications Recommended for Approval:

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | *Bankruptcy Counsel to Debtors - Commonwealth* | | | | | | | | |
| 1-a | **Proskauer Rose LLP [Dkt. No. 2868]** | 10/01 - 01/31/2018 | $ 5,453,686.60 | $ 204,966.28 | $ 294,582.75 | $ 45,405.33 | $ 5,248,720.32 | | $ 249,177.42 |
| | *Bankruptcy Counsel to Debtors COFINA* | | | | | | | | |
| 1-b | **Proskauer Rose LLP [Dkt. No.2870]** | 10/01 - 01/31/2018 | $ 562,239.80 | $ 21,130.70 | $ 5,584.22 | $ 860.72 | $ 541,109.10 | | $ 4,723.50 |
| | *Bankruptcy Counsel to Debtors ERS* | | | | | | | | |
| 1-c | **Proskauer Rose LLP [Dkt. No. 2872]** | 10/01 - 01/31/2018 | $ 2,121,996.20 | $ 79,751.13 | $ 52,896.53 | $ 8,153.17 | $ 2,042,245.07 | | $ 44,743.36 |
| | *Bankruptcy Counsel to Debtors PREPA* | | | | | | | | |
| 1-d | **Proskauer Rose LLP [Dkt. No. 2876]** | 10/01 - 01/31/2018 | $ 2,062,304.20 | $ 77,507.72 | $ 37,003.99 | $ 5,703.59 | $ 1,984,796.48 | | $ 31,300.40 |
| | *Bankruptcy Counsel to Debtors HTA* | | | | | | | | |
| 1-e | **Proskauer Rose LLP [Dkt. No. 2874]** | 10/01 - 01/31/2018 | $ 1,256,420.60 | $ 47,220.14 | $ 39,216.07 | $ 6,044.55 | $ 1,209,200.46 | | $ 33,171.52 |
| | *Counsel to Official Committee of Unsecured Creditors* | | | | | | | | |
| 2 | **Paul Hastings LLP [Dkt. No. 3568]** | 2/01 - 5/31/2018 | $ 8,676,112.75 | $ 224,927.88 | $ 586,993.66 | $ 3,737.20 | $ 8,451,184.87 | FN2 | $ 583,256.46 |
| | *Counsel to AAFAF - COFINA* | | | | | | | | |
| 3-a | **O'Melveny & Myers [Dkt. No. 3575]** | 2/01 - 5/31/2018 | $ 837,368.29 | $ 30,039.28 | $ 3,688.16 | $ 1,337.13 | $ 807,329.01 | | $ 2,351.03 |
| | *Counsel to AAFAF - ERS* | | | | | | | | |
| 3-b | **O'Melveny & Myers [Dkt. No. 3578]** | 2/01 - 5/31/2018 | $ 194,579.33 | $ 30,039.28 | $ 13,657.88 | $ 1,337.13 | $ 164,540.05 | | $ 12,320.75 |
| | *Counsel to AAFAF - HTA* | | | | | | | | |
| 3-c | **O'Melveny & Myers [Dkt. No. 3579]** | 2/01 - 5/31/2018 | $ 155,651.42 | $ 30,039.28 | $ 451.10 | $ 225.55 | $ 125,612.14 | | $ 225.55 |
| | *Counsel to AAFAF - Commonwealth* | | | | | | | | |
| 3-d | **O'Melveny & Myers [Dkt. No. 3581]** | 2/01 - 5/31/2018 | $ 6,871,237.76 | $ 30,039.27 | $ 101,437.64 | $ 2,448.71 | $ 6,841,198.49 | | $ 98,988.93 |
| | *Special Counsel to the FOMB* | | | | | | | | |
| 4 | **Luskin Stern & Eisler LLP [Dkt. No. 4336]** | 6/01 - 9/30/2018 | $ 74,708.00 | $ 3,000.00 | $ 313.63 | $ - | $ 71,708.00 | | $ 313.63 |
| | *Financial Advisor to the FOMB* | | | | | | | | |
| 5 | **Ernst & Young LLP [Dkt. No. 4324]** | 5/01 - 09/30/2018 | $ 2,810,623.75 | $ 39,451.86 | $ 101,015.45 | $ 4,589.64 | $ 2,771,171.89 | | $ 96,425.81 |
| | *Macroeconomic Consultant to FOMB* | | | | | | | | |
| 6 | **Andrew Wolfe [Dkt. No. 4393]** | 6/01 - 9/30/2018 | $ 100,000.00 | $ - | $ 3,136.00 | $ 10.00 | $ 100,000.00 | | $ 3,126.00 |
| | *Attorneys to FOMB* | | | | | | | | |
| 7 | **Munger Tolles & Olson LLP [Dkt. No. 4262]** | 6/01 - 9/30/2018 | $ 344,778.70 | $ 14,853.53 | $ 462.00 | $ - | $ 329,925.17 | | $ 462.00 |
| | *Consulting Services to FOMB - COFINA* | | | | | | | | |
| 8-a | **Alvarez & Marsal [Dkt. No. 4306 -- 17-03284 Dkt. No. 355]** | 8/09 - 9/30/2018 | $ 250,780.50 | $ - | $ - | $ - | $ 250,780.50 | | $ - |
| | *Consulting Services to FOMB - Commonwealth* | | | | | | | | |
| 8-b | **Alvarez & Marsal [Dkt. No. 4309]** | 8/09 - 9/30/2018 | $ 831,602.25 | $ - | $ 8,220.02 | $ - | $ 831,602.25 | | $ 8,220.02 |
| | *Consulting Services to FOMB - ERS* | | | | | | | | |
| 8-c | **Alvarez & Marsal [Dkt. No. 4311 -- 17-03566 Dkt. No. 348]** | 8/09 - 9/30/2018 | $ 140,952.60 | $ - | $ - | $ - | $ 140,952.60 | | $ - |
| | *Consulting Services to FOMB - HTA* | | | | | | | | |
| 8-d | **Alvarez & Marsal [Dkt. No. 4317 -- 17-03567 Dkt. No. 530]** | 8/09 - 9/30/2018 | $ 87,894.00 | $ - | $ - | $ - | $ 87,894.00 | | $ - |
| | *Consulting Services to FOMB* | | | | | | | | |
| 9-a | **McKinsey & Company, Inc. [Dkt. No. 4333]** | 6/01 - 9/30/2018 | $ 5,670,000.00 | $ - | $ - | $ - | $ 5,670,000.00 | | $ - |
| | *Consulting Services to FOMB -PREPA* | | | | | | | | |
| 9-b | **McKinsey & Company, Inc. [17-04780 Dkt. No. 1032]** | 6/01 - 9/30/2018 | $ 2,960,000.00 | $ - | $ - | $ - | $ 2,960,000.00 | | $ - |
| | *Consulting Services to FOMB - HTA* | | | | | | | | |
| 9-c | **McKinsey & Company, Inc. [17-03567 Dkt. No. 533]** | 6/01 - 9/30/2018 | $ 1,240,000.00 | $ - | $ - | $ - | $ 1,240,000.00 | | $ - |
| | *Financial Advisors to the Commonwealth* | | | | | | | | |
| 10 | **Conway MacKenzie, Inc. [Dkt. No. 4497]** | 7/16 - 10/31/2018 | $ 3,500,000.00 | $ - | $ - | $ - | $ 3,500,000.00 | | $ - |

In re: The Financial Oversight and Management Board for Puerto Rico, as a representative of
The Commonwealth of Puerto Rico, et al.
PROMESA Title III No. 17 BK 3283-LTS

**EXHIBIT A**

**Second - Fourth Interim Fee Period Applications Recommended for Approval:**

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | *Financial Advisor and Investment Banker to AAFAF* | | | | | | | | |
| 11 | Rothschild & Co US Inc. [Dkt. No. 4260] | 6/01 - 9/30/2018 | $ 3,057,096.77 | $ - | $ 63,468.70 | **DEFERRED** | $ 3,057,096.77 | | FN1 |
| | *Special Debt Financing Counsel to PREPA* | | | | | | | | |
| 12 | Norton Rose Fulbright US LLP [Dkt. No. 4326 - 17-04780 Dkt. No. 1029] | 9/14 - 9/30/2018 | $ 79,605.00 | $ - | $ - | $ - | $ 79,605.00 | $ | $ - |
| | *Counsel to the Official Committee of Unsecured Creditors* | | | | | | | | |
| 13 | Paul Hastings LLP [Dkt. No. 4325] | 6/01 - 09/30/2018 | $ 5,795,270.25 | $ 127,676.53 | $ 201,725.65 | $ 2,296.62 | $ 5,667,593.72 | FN3 | $ 199,429.03 |
| | *Puerto Rico Counsel to the Official Committee of Unsecured Creditors* | | | | | | | | |
| 14 | Casillas Santiago & Torres LLC [Dkt. No. 4329] | 6/01 - 9/30/2018 | $ 250,762.00 | $ 115.00 | $ 12,468.62 | $ - | $ 250,647.00 | | $ 12,468.62 |
| | *Financial Advisors to Official Committee of Unsecured Creditors* | | | | | | | | |
| 15 | Zolfo Cooper, LLC [Dkt. No. 4323] | 6/01 - 09/30/2018 | $ 2,178,107.50 | $ 74,350.90 | $ 3,392.68 | $ - | $ 2,103,756.60 | | $ 3,392.68 |
| | *Communications Advisore to Official Committee of Unsecured Creditors* | | | | | | | | |
| 16 | Kroma Advertising, Inc. [Dkt. No. 4321] | 4/16 - 9/15/2018 | $ 150,000.00 | $ - | $ 4,210.16 | $ - | $ 150,000.00 | | $ 4,210.16 |
| | *Attorneys to Retired Employees Official Committee* | | | | | | | | |
| 17 | Jenner & Block LLP [Dkt. No. 4267] | 6/01 - 9/30/2018 | $ 1,817,932.76 | $ 30,297.55 | $ 108,986.92 | $ 4,979.39 | $ 1,787,635.21 | | $ 104,007.53 |
| | *Puerto Rico Counsel to Retired Employees Official Committee* | | | | | | | | |
| 18 | Bennazar, Garcia & Milian, C.S.P.  [Dkt. No. 4271] | 6/01 - 9/30/2018 | $ 292,497.50 | $ 3,343.00 | $ 1,060.40 | $ - | $ 289,154.50 | | $ 1,060.40 |
| | *Actuaries and Consultants to Retired Employees Official Committee* | | | | | | | | |
| 19 | Segal Consulting [Dkt. No. 4320] | 6/01 - 9/30/2018 | $ 384,373.00 | $ 5,410.00 | $ 6,295.56 | $ 1,130.66 | $ 378,963.00 | | $ 5,164.90 |
| | *Financial Advisor to Retired Employees Official Committee* | | | | | | | | |
| 20 | FTI Consulting, Inc. [Dkt. No. 4269] | 6/01 - 9/30/2018 | $ 1,235,884.50 | $ 37,500.00 | $ 18,551.08 | $ - | $ 1,198,384.50 | | $ 18,551.08 |
| | *Information Agent to Retired Employees Official Committee* | | | | | | | | |
| 21 | Marchand ICS Group [Dkt. No. 4272] | 6/01 - 9/30/2018 | $ 68,067.25 | $ - | $ 1,496.72 | $ - | $ 68,067.25 | | $ 1,496.72 |
| | *Members of Retired Employees Official Committee* | | | | | | | | |
| 22 | Retired Employees Official Committee [Dkt. No. 4274] | 6/01 - 9/30/2018 | $ - | | $ 308.38 | | $ - | | $ 308.38 |
| | *COFINA Agent* | | | | | | | | |
| 23 | Bettina M. Whyte [Dkt. No. 4261] | 6/01 - 9/30/2018 | $ 115,170.00 | $ - | $ 2,830.51 | $ 751.38 | $ 115,170.00 | | $ 2,079.13 |
| | *Puerto Rico Counsel for COFINA Agent* | | | | | | | | |
| 24 | Nilda Navarro-Cabrer [Dkt. No. 4268] | 6/01 - 9/30/2018 | $ 47,962.50 | $ - | $ 140.23 | $ - | $ 47,962.50 | | $ 140.23 |
| | *Financial Advisor to the Mediation Team* | | | | | | | | |
| 25 | Phoenix Management Services, LLC [Dkt. No. 4300 AND  4368] | 6/04 - 9/30/2018 | $ 241,810.50 | $ 1,235.00 | $ 5,249.27 | $ - | $ 240,575.50 | | $ 5,249.27 |

FN1 - Consideration of Rothschild's expense request will be deferred to the April 24, 2019 omnibus hearing.
FN2 -The Fee Examiner recommends that, for the third interim fee period, and only this period, the stipulated fee reductions identified on this Exhibit, other than (a) $47,433.39 on account of certain
negotiated reductions in rate increases, (b) $2,420.00 for identified and acknowledged billing errors, and (c) $49,726.35 on account of certain other fees (for a total of $99,589.74), be included within the
overall 20 percent reduction, as agreed by Paul Hastings LLP, in total fees sought by Paul Hastings LLP as part of its final application, which fee application is subject to Court approval.  To the extent not
already paid pursuant to the Interim Compensation Order, the Debtors are authorized and directed to pay Paul Hastings LLP 80 percent of the fees in the amount of $8,576,523.01 (i.e., $8,676,112.75 minus
FN3 -The Fee Examiner recommends that, for the fourth interim fee period, and only this period, the stipulated fee reductions identified on this Exhibit, other than $58,539.27 on account of certain negotiated
reductions in rate increases, be included within the overall 20 percent reduction, as agreed by Paul Hastings LLP, in total fees sought by Paul Hastings LLP as part of its final fee application, which fee
application is subject to Court approval.  To the extent not already paid pursuant to the Interim Compensation Order, the Debtors are authorized and directed to pay Paul Hastings LLP 80 percent of the fees
in the amount of $5,736,730.98 (i.e., $5,795,270.25 minus $58,539.27) for services rendered during the Compensation Period.

19791241.1

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **PROMESA**<br>**Title III** |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | **No. 17 BK 3283-LTS**<br><br>**(Jointly Administered)** |
| As a representative of | **Re: ECF Nos. 2868, 2870, 2872, 2876,**<br>**2874, 3568, 3575, 3578, 3579, 3581,**<br>**4336, 4324, 4393, 4262, 4306, 4309,**<br>**4311, 4317, 4333, [Dkt. No. 17-04780,**<br>**1032], [Dkt. No. 17-03567, 533], 4497,**<br>**4260, 4326, 4325, 4329, 4323, 4321,**<br>**4267, 4271, 4320, 4269, 4272, 4274,**<br>**4261, 4268, 4300, 4368** |
| THE COMMONWEALTH OF PUERTO RICO<br>*et al.,* | **Hearing date:** March 13, 2019 at 9:30 a.m.<br>(Atlantic Standard Time) |
| **Debtors.**[1] | **Objections filed:** none |

# OMNIBUS ORDER AWARDING INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH COMPENSATION PERIOD FROM JUNE 12 THROUGH <u>SEPTEMBER 30, 2018</u>

This matter coming before the Court on the interim fee applications (together Dkt.

Nos. 2868, 2870, 2872, 2876, 2874, 3568, 3575, 3578, 3579, 3581, 4336, 4324, 4393, 4262,

4306, 4309, 4311, 4317, 4333, [Dkt. No. 17-04780, 1032], [Dkt. No. 17-03567, 533], 4497,

4260, 4326, 4325, 4329, 4323, 4321, 4267, 4271, 4320, 4269, 4272, 4274, 4261, 4268, 4300,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

4368 the ("**Applications**")) indicated as "Recommended for Approval" on the attached

**Exhibit A**, pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management, and

Economic Stability Act ("PROMESA), Pub. L. No. 114-187, §§ 316, 317, 130 Stat., 549, 584-85

(2016), and Rule 2016 of the Local Rules of Bankruptcy Practice and Procedure of the U.S.

Bankruptcy Court for the District of Puerto Rico, for the interim allowance of certain fees,

including all holdbacks and expenses incurred by the Applicants for the specific period of time

set forth in each of the Applications (the "**Compensation Periods**"); filed in accordance with the

*Order Setting Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals* [Dkt. No. 1150] (the "**Interim Compensation Order**"); the *First Amended Order*

*Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*

[Dkt. No. 1715] (the "**First Amended Interim Compensation Order**"); the *Second Amended*

*Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Dkt. No. 3269] (the "**Second Amended Interim Compensation Order**"); the

*Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(A)*

*Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416] (the "**Fee Examiner Order**");

and the *First Amended Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy*

*Code Section 105(A) Appointing a Fee Examiner and Related Relief* [Dkt. No. 3324] (the "**First**

**Amended Fee Examiner Order**"); and the Court having reviewed the Applications and/or the

report filed by the Fee Examiner with respect to the Applications [*see* Dkt. No. 5409]; and the

Court finding that:  (a) the Court has jurisdiction over this matter pursuant to PROMESA

section 306(a); and (b) notice of the Applications and the hearing thereon being adequate under

the circumstances; and (c) all parties with notice of the Applications having been afforded the

opportunity to be heard on the Applications, and no objections having been filed; now therefore

IT IS HEREBY ORDERED THAT:

1.      The Applications are GRANTED on an interim basis, to the extent set forth on the

attached **Exhibit A**.

2.      Each of the Applicants is allowed (a) interim compensation for services rendered

during the Compensation Periods and (b) interim reimbursement for actual and necessary

expenses incurred during the Compensation Periods, each in the respective and adjusted amounts

set forth on the attached **Exhibit A**, including, except as otherwise indicated, any and all

holdbacks.

3.      To the extent not already paid pursuant to the Interim Compensation Order, the

Debtors are hereby authorized and directed to pay each of the Applicants 100 percent of the fees

and 100 percent of the expenses listed on **Exhibit A** under the columns "Interim Fees

Recommended for Approval" and "Interim Expenses Recommended for Approval," respectively,

for services rendered and expenses incurred during the Compensation Periods.

4.      Pursuant to the Fee Examiner's supplemental report, the interim fee applications

listed on Exhibit B of the supplemental report, [Dkt. Nos. 2751, 2755, 3564, 3658, 3571, 3590,

3576, 3582, 3588, 4020, 4279, 4280, 4284, 4292, 4287, 4313, 4823, 4297, 4232, 4240, 4298,

4283, 4286, 4288, 4327, 4316, 4277, 4358, [Dkt. No. 17-04780, 1048], 4263, 4265, 4897]

remain adjourned for consideration at a later hearing date.

SO ORDERED.

Dated: March _____, 2019

_____
LAURA TAYLOR SWAIN
United States District Judge

20312291.2

3

In re: The Financial Oversight and Management Board for Puerto Rico, as a representative of
The Commonwealth of Puerto Rico, et al.
PROMESA Title III No. 17 BK 3283-LTS

**EXHIBIT A**

Second - Fourth Interim Fee Period Applications Recommended for Approval:

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | *Bankruptcy Counsel to Debtors - Commonwealth* | | | | | | | | |
| 1-a | **Proskauer Rose LLP [Dkt. No. 2868]** | 10/01 - 01/31/2018 | $ 5,453,686.60 | $ 204,966.28 | $ 294,582.75 | $ 45,405.33 | $ 5,248,720.32 | | $ 249,177.42 |
| | *Bankruptcy Counsel to Debtors COFINA* | | | | | | | | |
| 1-b | **Proskauer Rose LLP [Dkt. No.2870]** | 10/01 - 01/31/2018 | $ 562,239.80 | $ 21,130.70 | $ 5,584.22 | $ 860.72 | $ 541,109.10 | | $ 4,723.50 |
| | *Bankruptcy Counsel to Debtors ERS* | | | | | | | | |
| 1-c | **Proskauer Rose LLP [Dkt. No. 2872]** | 10/01 - 01/31/2018 | $ 2,121,996.20 | $ 79,751.13 | $ 52,896.53 | $ 8,153.17 | $ 2,042,245.07 | | $ 44,743.36 |
| | *Bankruptcy Counsel to Debtors PREPA* | | | | | | | | |
| 1-d | **Proskauer Rose LLP [Dkt. No. 2876]** | 10/01 - 01/31/2018 | $ 2,062,304.20 | $ 77,507.72 | $ 37,003.99 | $ 5,703.59 | $ 1,984,796.48 | | $ 31,300.40 |
| | *Bankruptcy Counsel to Debtors HTA* | | | | | | | | |
| 1-e | **Proskauer Rose LLP [Dkt. No. 2874]** | 10/01 - 01/31/2018 | $ 1,256,420.60 | $ 47,220.14 | $ 39,216.07 | $ 6,044.55 | $ 1,209,200.46 | | $ 33,171.52 |
| | *Counsel to Official Committee of Unsecured Creditors* | | | | | | | | |
| 2 | **Paul Hastings LLP [Dkt. No. 3568]** | 2/01 - 5/31/2018 | $ 8,676,112.75 | $ 224,927.88 | $ 586,993.66 | $ 3,737.20 | $ 8,451,184.87 | FN2 | $ 583,256.46 |
| | *Counsel to AAFAF - COFINA* | | | | | | | | |
| 3-a | **O'Melveny & Myers [Dkt. No. 3575]** | 2/01 - 5/31/2018 | $ 837,368.29 | $ 30,039.28 | $ 3,688.16 | $ 1,337.13 | $ 807,329.01 | | $ 2,351.03 |
| | *Counsel to AAFAF - ERS* | | | | | | | | |
| 3-b | **O'Melveny & Myers [Dkt. No. 3578]** | 2/01 - 5/31/2018 | $ 194,579.33 | $ 30,039.28 | $ 13,657.88 | $ 1,337.13 | $ 164,540.05 | | $ 12,320.75 |
| | *Counsel to AAFAF - HTA* | | | | | | | | |
| 3-c | **O'Melveny & Myers [Dkt. No. 3579]** | 2/01 - 5/31/2018 | $ 155,651.42 | $ 30,039.28 | $ 451.10 | $ 225.55 | $ 125,612.14 | | $ 225.55 |
| | *Counsel to AAFAF - Commonwealth* | | | | | | | | |
| 3-d | **O'Melveny & Myers [Dkt. No. 3581]** | 2/01 - 5/31/2018 | $ 6,871,237.76 | $ 30,039.27 | $ 101,437.64 | $ 2,448.71 | $ 6,841,198.49 | | $ 98,988.93 |
| | *Special Counsel to the FOMB* | | | | | | | | |
| 4 | **Luskin Stern & Eisler LLP [Dkt. No. 4336]** | 6/01 - 9/30/2018 | $ 74,708.00 | $ 3,000.00 | $ 313.63 | $ - | $ 71,708.00 | | $ 313.63 |
| | *Financial Advisor to the FOMB* | | | | | | | | |
| 5 | **Ernst & Young LLP [Dkt. No. 4324]** | 5/01 - 09/30/2018 | $ 2,810,623.75 | $ 39,451.86 | $ 101,015.45 | $ 4,589.64 | $ 2,771,171.89 | | $ 96,425.81 |
| | *Macroeconomic Consultant to FOMB* | | | | | | | | |
| 6 | **Andrew Wolfe [Dkt. No. 4393]** | 6/01 - 9/30/2018 | $ 100,000.00 | $ - | $ 3,136.00 | $ 10.00 | $ 100,000.00 | | $ 3,126.00 |
| | *Attorneys to FOMB* | | | | | | | | |
| 7 | **Munger Tolles & Olson LLP [Dkt. No. 4262]** | 6/01 - 9/30/2018 | $ 344,778.70 | $ 14,853.53 | $ 462.00 | $ - | $ 329,925.17 | | $ 462.00 |
| | *Consulting Services to FOMB - COFINA* | | | | | | | | |
| 8-a | **Alvarez & Marsal [Dkt. No. 4306 -- 17-03284 Dkt. No. 355]** | 8/09 - 9/30/2018 | $ 250,780.50 | $ - | $ - | $ - | $ 250,780.50 | | $ - |
| | *Consulting Services to FOMB - Commonwealth* | | | | | | | | |
| 8-b | **Alvarez & Marsal [Dkt. No. 4309]** | 8/09 - 9/30/2018 | $ 831,602.25 | $ - | $ 8,220.02 | $ - | $ 831,602.25 | | $ 8,220.02 |
| | *Consulting Services to FOMB - ERS* | | | | | | | | |
| 8-c | **Alvarez & Marsal [Dkt. No. 4311 -- 17-03566 Dkt. No. 348]** | 8/09 - 9/30/2018 | $ 140,952.60 | $ - | $ - | $ - | $ 140,952.60 | | $ - |
| | *Consulting Services to FOMB - HTA* | | | | | | | | |
| 8-d | **Alvarez & Marsal [Dkt. No. 4317 -- 17-03567 Dkt. No. 530]** | 8/09 - 9/30/2018 | $ 87,894.00 | $ - | $ - | $ - | $ 87,894.00 | | $ - |
| | *Consulting Services to FOMB* | | | | | | | | |
| 9-a | **McKinsey & Company, Inc. [Dkt. No. 4333]** | 6/01 - 9/30/2018 | $ 5,670,000.00 | $ - | $ - | $ - | $ 5,670,000.00 | | $ - |
| | *Consulting Services to FOMB -PREPA* | | | | | | | | |
| 9-b | **McKinsey & Company, Inc. [17-04780 Dkt. No. 1032]** | 6/01 - 9/30/2018 | $ 2,960,000.00 | $ - | $ - | $ - | $ 2,960,000.00 | | $ - |
| | *Consulting Services to FOMB - HTA* | | | | | | | | |
| 9-c | **McKinsey & Company, Inc. [17-03567 Dkt. No. 533]** | 6/01 - 9/30/2018 | $ 1,240,000.00 | $ - | $ - | $ - | $ 1,240,000.00 | | $ - |
| | *Financial Advisors to the Commonwealth* | | | | | | | | |
| 10 | **Conway MacKenzie, Inc. [Dkt. No. 4497]** | 7/16 - 10/31/2018 | $ 3,500,000.00 | $ - | $ - | $ - | $ 3,500,000.00 | | $ - |

In re: The Financial Oversight and Management Board for Puerto Rico, as a representative of
The Commonwealth of Puerto Rico, et al.
PROMESA Title III No. 17 BK 3283-LTS

**EXHIBIT A**

**Second - Fourth Interim Fee Period Applications Recommended for Approval:**

| | Applicant | Compensation Period | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| | *Financial Advisor and Investment Banker to AAFAF* | | | | | | | |
| 11 | Rothschild & Co US Inc. [Dkt. No. 4260] | 6/01 - 9/30/2018 | $ 3,057,096.77 | $ - | $ 63,468.70 | DEFERRED | $ 3,057,096.77 | FN1 |
| | *Special Debt Financing Counsel to PREPA* | | | | | | | |
| 12 | Norton Rose Fulbright US LLP [Dkt. No. 4326 - 17-04780 Dkt. No. 1029] | 9/14 - 9/30/2018 | $ 79,605.00 | $ - | $ - | $ - | $ 79,605.00 | $ - |
| | *Counsel to the Official Committee of Unsecured Creditors* | | | | | | | |
| 13 | Paul Hastings LLP [Dkt. No. 4325] | 6/01 - 09/30/2018 | $ 5,795,270.25 | $ 127,676.53 | $ 201,725.65 | $ 2,296.62 | $ 5,667,593.72 FN3 | $ 199,429.03 |
| | *Puerto Rico Counsel to the Official Committee of Unsecured Creditors* | | | | | | | |
| 14 | Casillas Santiago & Torres LLC [Dkt. No. 4329] | 6/01 - 9/30/2018 | $ 250,762.00 | $ 115.00 | $ 12,468.62 | $ - | $ 250,647.00 | $ 12,468.62 |
| | *Financial Advisors to Official Committee of Unsecured Creditors* | | | | | | | |
| 15 | Zolfo Cooper, LLC [Dkt. No. 4323] | 6/01 - 09/30/2018 | $ 2,178,107.50 | $ 74,350.90 | $ 3,392.68 | $ - | $ 2,103,756.60 | $ 3,392.68 |
| | *Communications Advisore to Official Committee of Unsecured Creditors* | | | | | | | |
| 16 | Kroma Advertising, Inc. [Dkt. No. 4321] | 4/16 - 9/15/2018 | $ 150,000.00 | $ - | $ 4,210.16 | $ - | $ 150,000.00 | $ 4,210.16 |
| | *Attorneys to Retired Employees Official Committee* | | | | | | | |
| 17 | Jenner & Block LLP [Dkt. No. 4267] | 6/01 - 9/30/2018 | $ 1,817,932.76 | $ 30,297.55 | $ 108,986.92 | $ 4,979.39 | $ 1,787,635.21 | $ 104,007.53 |
| | *Puerto Rico Counsel to Retired Employees Official Committee* | | | | | | | |
| 18 | Bennazar, Garcia & Milian, C.S.P.  [Dkt. No. 4271] | 6/01 - 9/30/2018 | $ 292,497.50 | $ 3,343.00 | $ 1,060.40 | $ - | $ 289,154.50 | $ 1,060.40 |
| | *Actuaries and Consultants to Retired Employees Official Committee* | | | | | | | |
| 19 | Segal Consulting [Dkt. No. 4320] | 6/01 - 9/30/2018 | $ 384,373.00 | $ 5,410.00 | $ 6,295.56 | $ 1,130.66 | $ 378,963.00 | $ 5,164.90 |
| | *Financial Advisor to Retired Employees Official Committee* | | | | | | | |
| 20 | FTI Consulting, Inc. [Dkt. No. 4269] | 6/01 - 9/30/2018 | $ 1,235,884.50 | $ 37,500.00 | $ 18,551.08 | $ - | $ 1,198,384.50 | $ 18,551.08 |
| | *Information Agent to Retired Employees Official Committee* | | | | | | | |
| 21 | Marchand ICS Group [Dkt. No. 4272] | 6/01 - 9/30/2018 | $ 68,067.25 | | $ 1,496.72 | $ - | $ 68,067.25 | $ 1,496.72 |
| | *Members of Retired Employees Official Committee* | | | | | | | |
| 22 | Retired Employees Official Committee [Dkt. No. 4274] | 6/01 - 9/30/2018 | $ - | | $ 308.38 | | $ - | $ 308.38 |
| | *COFINA Agent* | | | | | | | |
| 23 | Bettina M. Whyte [Dkt. No. 4261] | 6/01 - 9/30/2018 | $ 115,170.00 | $ - | $ 2,830.51 | $ 751.38 | $ 115,170.00 | $ 2,079.13 |
| | *Puerto Rico Counsel for COFINA Agent* | | | | | | | |
| 24 | Nilda Navarro-Cabrer [Dkt. No. 4268] | 6/01 - 9/30/2018 | $ 47,962.50 | $ - | $ 140.23 | $ - | $ 47,962.50 | $ 140.23 |
| | *Financial Advisor to the Mediation Team* | | | | | | | |
| 25 | Phoenix Management Services, LLC [Dkt. No. 4300 AND  4368] | 6/04 - 9/30/2018 | $ 241,810.50 | $ 1,235.00 | $ 5,249.27 | $ - | $ 240,575.50 | $ 5,249.27 |

**FN1** - Consideration of Rothschild's expense request will be deferred to the April 24, 2019 omnibus hearing.

**FN2** -The Fee Examiner recommends that, for the third interim fee period, and only this period, the stipulated fee reductions identified on this Exhibit, other than (a) $47,433.39 on account of certain negotiated reductions in rate increases, (b) $2,420.00 for identified and acknowledged billing errors, and (c) $49,726.35 on account of certain other fees (for a total of $99,589.74), be included within the overall 20 percent reduction, as agreed by Paul Hastings LLP, in total fees sought by Paul Hastings LLP as part of its final fee application, which fee application is subject to Court approval.  To the extent not already paid pursuant to the Interim Compensation Order, the Debtors are authorized and directed to pay Paul Hastings LLP 80 percent of the fees in the amount of $8,576,523.01 (i.e., $8,676,112.75 minus $99,589.74) for services rendered during the Compensation Period.

**FN3** -The Fee Examiner recommends that, for the fourth interim fee period, and only this period, the stipulated fee reductions identified on this Exhibit, other than $58,539.27 on account of certain negotiated reductions in rate increases, be included within the overall 20 percent reduction, as agreed by Paul Hastings LLP, in total fees sought by Paul Hastings LLP as part of its final fee application, which fee application is subject to Court approval.  To the extent not already paid pursuant to the Interim Compensation Order, the Debtors are authorized and directed to pay Paul Hastings LLP 80 percent of the fees in the amount of $5,736,730.98 (i.e., $5,795,270.25 minus $58,539.27) for services rendered during the Compensation Period.

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** | **PROMESA** |
| | **Title III** |
| **THE FINANCIAL OVERSIGHT AND** | |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS** |
| as a representative of | **(Jointly Administered)** |
| **THE COMMONWEALTH OF PUERTO RICO** | |
| *et al.*, | |
| **Debtors.**[1] | |

## ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS

Upon the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or other Sub-Retained Professionals* (the "**Motion**"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having conducted a hearing on December 19, 2018 denying the motion without prejudice and inviting its resubmission as in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Examiner provided adequate and appropriate notice of the Motion under the circumstances,

including that the relief sought in the Motion is supported by good cause as contemplated by

Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having

reviewed the Motion and supplemental explanatory information and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:

1.      The Motion is **GRANTED**;

2.      The following additional presumptive standards, which the Fee Examiner has

represented embody standards generally and consistently applied since the outset of the review

process, shall continue to be applied in the review of fee applications filed in these Title III cases

after the entry of this Order:

a)  Professionals seeking fees or expenses through the Title III fee process shall not
    submit reimbursement requests for any other firm's professional (legal, financial
    advisory, investment banking, or accounting) services, whether or not those sub-
    retained services are characterized as expert witness or consultant fees.

    1.  If a professional's retention order or agreement allows for the sub-retention of
        other professionals, including expert witnesses, any such sub-retention shall
        be the subject of a notice certifying that the professional received the prior
        consent of its client to retain the expert or consultant and disclosing the terms
        of the expert's or consultant's engagement.  Prospectively, the Fee Examiner,
        the U.S. Trustee, the Debtors, the Financial Oversight and Management
        Board, or an official committee may object to the retention of a sub-retained
        professional for any reason, including that the services to be provided are
        unnecessarily duplicative of another professional's services; and

    2.  Any sub-retained consultant or expert witness fees charged as expenses in
        another professional's fee application should be accompanied by all of the
        supporting information and data required of retained professionals; and

    3.  This presumption shall not apply to sub-retained professionals billing less than
        $50,000 in any four-month interim compensation period or $250,000 in the
        aggregate.

2

b) Hourly billing rate increases imposed by professionals submitting fees for Court approval shall be presumptively unreasonable unless:

1. The professional firm certifies that it has obtained the express written permission of its client for the rate increases on a timekeeper-by-timekeeper basis; provided that no such certification is required if the rate increases are authorized, both with respect to effective date and specific amount, in a written contract with a Debtor or Commonwealth entity, including the Financial Oversight and Management Board;;[2] provided further that the pertinent contract(s), with rate increase provisions identified, are appended to any fee application reflecting rate increases; and

2. The professional has filed a notice, at least 21-days prior to the proposed implementation of such rate increases, informing the Court and public of the proposed rate adjustment on a timekeeper-by-timekeeper basis;[3] provided that no such notice is required if the rate increases are authorized, both with respect to effective date and specific amount, in a written contract with a Debtor or Commonwealth entity; provided further that the pertinent contract(s), with rate increase provisions identified, are appended to any fee application reflecting rate increases; and

3.  The aggregate rate increases do not exceed, for any individual timekeeper during any single calendar year:

   i. For any individual owner, director, partner, shareholder, special counsel, of counsel, or senior counsel, five percent of the initial rate charged in the most recent interim fee application approved by the Court; or

   ii. For any paraprofessional, five percent of the initial rate charged in the most recent interim fee application approved by the Court; or

   iii. For associates or non-owner professionals engaged in their field of practice for a period of 10 or fewer years:

      1. As a result of the timekeeper's advancing seniority, seven percent of the initial rate charged in the most recent interim fee application approved by the Court; and

      2. For any reason other than a timekeeper's advancing seniority, five percent of the initial rate charged in the most recent interim fee application approved by the Court.

---

[2] For the avoidance of doubt, the term "Debtor or Commonwealth Entity" shall include the Financial Oversight and Management Board.
[3] Notwithstanding this provision, for rate increases occurring before entry of this Order, constructive notice shall be sufficient.

4.  These standards shall not apply to associates or other non-owner timekeepers who are promoted to a position of owner, director, partner, shareholder, special counsel, or senior counsel provided that the rate increases are otherwise consistent with the rates charged by peers of similar skill and seniority within the timekeeper's organization working on these cases.

5.  The term "rate increases" includes any increase in rates above those charged in the most recent interim fee period, whether denominated "step increases" or otherwise, but does not include fee adjustments made to "gross up" fees to offset the effect of any Commonwealth tax on professional fees not in existence at the commencement of a professional's engagement.[4]

6.  To the extent that a rate adjustment in any amount results from a timekeeper's developing skill, experience, or professional advancement, the fee applicant must:[5]

    i.   Disclose the firm's complete hourly rate schedule, by year of bar admission, both before and after implementation of the rate adjustment or, in the case of financial advisors, by title; and

    ii.  Describe the mechanism or methodology used to adjust rates based on a timekeeper's developing skill, experience, or professional advancement; and

    iii. Certify that the rate adjustments imposed for timekeepers working on these Title III cases are consistent, both in amount and timing, with those imposed for timekeepers in the same professional services organization not working on these Title III cases.

c)  Whenever possible, the following tasks should be performed by Puerto Rico counsel or co-counsel, and the failure delegate such matters to Puerto Rico counsel may be a factor in the reasonableness analysis:

    1.  Routine claims objections and responses;

    2.  Motions to assume or reject executory contracts or leases and motions to fix cure amounts related thereto;

    3.  Routine avoidance actions;

---

[4] To the extent such a fee adjustment is warranted, professionals should calculate the adjustments as a single line item addition to total fees requested. No adjustments to timekeeper hourly billing rates (other than those embodied in the single line item adjustment), beyond those authorized in this Order, shall be imposed to offset any tax withholding or liability.
[5] This subparagraph 2(b)(6) shall not apply to flat fee professionals or those with a single contractually-capped blended rate.

    4.   Routine motions to lift the automatic stay or for declaratory ruling on the applicability of the automatic stay.

d)  The Fee Examiner, Debtors, Federal Oversight and Management Board or official committee may object to rate increases for any reason, including, but not limited to, their failure to comply with these presumptions.

e)  Other than agreement terms expressly addressing rate increases, the failure of a professional fee agreement to comply with these presumptive standards shall not be a basis for invalidating any other provision of the fee agreement, provided that the fee agreement is otherwise valid and enforceable.

3.     The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the facts and circumstances presented.

4.     Nothing in this Order shall restrict the U.S. Trustee or the Fee Examiner from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5.     Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6.     Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7.     Nothing in this Order shall alter the terms of the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932], which remains in full force and effect.

8.     Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

9.      The Fee Examiner may, upon notice and a hearing, request additional

presumptions based on issues that emerge in the review of subsequent or pending but unresolved

interim fee applications.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

11.      This Order resolves docket entry no. 4371.

SO ORDERED.

Dated: _____, 2019

_____
LAURA TAYLOR SWAIN
United States District Judge

20315132.1

6

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **In re** ) | **PROMESA** |
| ) | **Title III** |
| ) | |
| **THE FINANCIAL OVERSIGHT AND** ) | **No. 17 BK 3283-LTS** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** ) | |
| ) | **(Jointly Administered)** |
| as a representative of ) | |
| ) | |
| **THE COMMONWEALTH OF PUERTO RICO** ) | |
| ***et al.,*** ) | |
| ) | |
| **Debtors.**[1] ) | |
| ) | |

## ORDER IMPOSING ADDITIONAL PRESUMPTIVE STANDARDS: RATE INCREASES AND THE RETENTION OF EXPERT WITNESSES OR OTHER SUB-RETAINED PROFESSIONALS

Upon the *Fee Examiner's Motion to Impose Additional Presumptive Standards: Rate Increases and the Retention of Expert Witnesses or other Sub-Retained Professionals* (the "**Motion**"); and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having conducted a hearing on December 19, 2018 denying the motion without prejudice and inviting its resubmission as in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that the Fee

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Examiner provided adequate and appropriate notice of the Motion under the circumstances, including that the relief sought in the Motion is supported by good cause as contemplated by Bankruptcy Rule 9006, and that no other or further notice is required; and the Court having reviewed the Motion and supplemental explanatory information and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**:

1.      The Motion is **GRANTED**;

2.      The following additional presumptive standards, which the Fee Examiner has represented embody standards generally and consistently applied since the outset of the review process, shall continue to be applied in the review of fee applications filed in these Title III cases after the entry of this Order:

   a) Professionals seeking fees or expenses through the Title III fee process shall not submit reimbursement requests for any other firm's professional (legal, financial advisory, investment banking, or accounting) services, whether or not those sub-retained services are characterized as expert witness or consultant fees.

      1. If a professional's retention order or agreement allows for the sub-retention of other professionals, including expert witnesses, any such sub-retention shall be the subject of a notice certifying that the professional received the prior consent of its client to retain the expert or consultant and disclosing the terms of the expert's or consultant's engagement.  Prospectively, the Fee Examiner, the U.S. Trustee, the Debtors, the Financial Oversight and Management Board, or an official committee may object to the retention of a sub-retained professional for any reason, including that the services to be provided are unnecessarily duplicative of another professional's services; and

      2. Any sub-retained consultant or expert witness fees charged as expenses in another professional's fee application should be accompanied by all of the supporting information and data required of retained professionals; and

      3. This presumption shall not apply to sub-retained professionals billing less than $50,000 in any four-month interim compensation period or $250,000 in the aggregate.

2

b) Hourly billing rate increases imposed by professionals submitting fees for Court approval shall be presumptively unreasonable unless:

1. The professional firm certifies that it has obtained the express written permission of its client for the rate increases on a timekeeper-by-timekeeper basis; provided that no such certification is required if the rate increases are authorized, both with respect to effective date and specific amount, in a written contract with a Debtor or Commonwealth entity;[2] provided further that the pertinent contract(s), with rate increase provisions identified, are appended to any fee application reflecting rate increases; and

2. The professional has filed a notice, at least 21-days prior to the proposed implementation of such rate increases, informing the Court and public of the proposed rate adjustment on a timekeeper-by-timekeeper basis;[3] provided that no such notice is required if the rate increases are authorized, both with respect to effective date and specific amount, in a written contract with a Debtor or Commonwealth entity; provided further that the pertinent contract(s), with rate increase provisions identified, are appended to any fee application reflecting rate increases; and

3. The aggregate rate increases do not exceed, for any individual timekeeper during any single calendar year:

    i. For any individual owner, director, partner, shareholder, special counsel, of counsel, or senior counsel, five percent of the initial rate charged in the most recent interim fee application approved by the Court; or

    ii. For any paraprofessional, five percent of the initial rate charged in the most recent interim fee application approved by the Court; or

    iii. For associates or non-owner professionals engaged in their field of practice for a period of 10 or fewer years:

        1. As a result of the timekeeper's advancing seniority, seven percent of the initial rate charged in the most recent interim fee application approved by the Court; and

        2. For any reason other than a timekeeper's advancing seniority, five percent of the initial rate charged in the most recent interim fee application approved by the Court.

---

[2] For the avoidance of doubt, the term "Debtor or Commonwealth Entity" shall include the Financial Oversight and Management Board.

[3] Notwithstanding this provision, for rate increases occurring before entry of this Order, constructive notice shall be sufficient.

4. These standards shall not apply to associates or other non-owner timekeepers who are promoted to a position of owner, director, partner, shareholder, special counsel, or senior counsel provided that the rate increases are otherwise consistent with the rates charged by peers of similar skill and seniority within the timekeeper's organization working on these cases.

5. The term "rate increases" includes any increase in rates above those charged in the most recent interim fee period, whether denominated "step increases" or otherwise, but does not include fee adjustments made to "gross up" fees to offset the effect of any Commonwealth tax on professional fees not in existence at the commencement of a professional's engagement.[4]

6. To the extent that a rate adjustment in any amount results from a timekeeper's developing skill, experience, or professional advancement, the fee applicant must:[5]

   i. Disclose the firm's complete hourly rate schedule, by year of bar admission, both before and after implementation of the rate adjustment or, in the case of financial advisors, by title; and

   ii. Describe the mechanism or methodology used to adjust rates based on a timekeeper's developing skill, experience, or professional advancement; and

   iii. Certify that the rate adjustments imposed for timekeepers working on these Title III cases are consistent, both in amount and timing, with those imposed for timekeepers in the same professional services organization not working on these Title III cases.

c) Whenever possible, the following tasks should be performed by Puerto Rico counsel or co-counsel, and the failure delegate such matters to Puerto Rico counsel may be a factor in the reasonableness analysis:

   1. Routine claims objections and responses;

   2. Motions to assume or reject executory contracts or leases and motions to fix cure amounts related thereto;

   3. Routine avoidance actions;

---

[4] To the extent such a fee adjustment is warranted, professionals should calculate the adjustments as a single line item addition to total fees requested. No adjustments to timekeeper hourly billing rates (other than those embodied in the single line item adjustment), beyond those authorized in this Order, shall be imposed to offset any tax withholding or liability.
[5] This subparagraph 2(b)(6) shall not apply to flat fee professionals or those with a single contractually-capped blended rate.

    4.   Routine motions to lift the automatic stay or for declaratory ruling on the applicability of the automatic stay.

   d)  The Fee Examiner, Debtors, Federal Oversight and Management Board or official committee may object to rate increases for any reason, including, but not limited to, their failure to comply with these presumptions.

   e)  Other than agreement terms expressly addressing rate increases, the failure of a professional fee agreement to comply with these presumptive standards shall not be a basis for invalidating any other provision of the fee agreement, provided that the fee agreement is otherwise valid and enforceable.

3.     The burden remains on each professional to demonstrate the reasonableness and necessity of fees and expenses exceeding these standards in light of the facts and circumstances presented.

4.     Nothing in this Order shall restrict the U.S. Trustee or the Fee Examiner from objecting to a professional's fees and expenses even within the parameters of these presumptions.

5.     Nothing in this Order shall restrict the Fee Examiner from, in his discretion, electing *not* to apply a presumption to a professional application if, in his judgment, application of the presumption would be unreasonable under the circumstances.

6.     Nothing in this Order shall prevent any party from challenging or rebutting any of the presumptions set forth herein, which are general guidelines only.

7.     Nothing in this Order shall alter the terms of the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932], which remains in full force and effect.

8.     Fees incurred by applicants to provide the basis for rebutting a presumption in an initially filed fee application are compensable if they are otherwise reasonable, taking into account the good faith basis for the applicant's position.

9.      The Fee Examiner may, upon notice and a hearing, request additional presumptions based on issues that emerge in the review of subsequent or pending but unresolved interim fee applications.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

11.      This Order resolves docket entry no. 4371.

SO ORDERED.

Dated: _____, 2019

_____
LAURA TAYLOR SWAIN
United States District Judge

20306164.1