# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: )<br>)<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>    as representative of )<br>)<br>THE COMMONWEALTH OF PUERTO RICO )<br>*et al.*, )<br>    Debtors,[1] ) | PROMESA<br>Title III<br><br><br>Case No. 3:17-03283 (LTS) |
| In re: )<br>)<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>    as representative of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF )<br>THE GOVERNMENT OF THE )<br>COMMONWEALTH OF PUERTO RICO, )<br>    Debtor, ) | PROMESA<br>Title III<br><br>Case No. 3:17-03566 (LTS) |
| COOPERATIVA DE AHORRO Y CREDITO )<br>VEGABAJEÑA, )<br>    Plaintiff, )<br>    vs. )<br>)<br>THE FINANCIAL OVERSIGHT AND )<br>MANAGEMENT BOARD FOR PUERTO RICO, )<br>    as representative of )<br>)<br>THE EMPLOYEES RETIREMENT SYSTEM OF )<br>THE GOVERNMENT OF THE )<br>COMMONWEALTH OF PUERTO RICO, )<br>)<br>    Defendant ) | Adversary No: _____ |

---

[1] The Debtors in this Title III case are: (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283-LTS); (ii) The Employees Retirement System of the Govt. of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566-LTS); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284-LTS); (iv) Puerto Rico Highways and Transportation Authority (Bankr.Case No. 17-bk-3567-LTS); and (v) Puerto Rico Electric Power Authority (Bankr. Case No. 17-bk-4780-LTS).

Adversary Complaint 2

## ADVERSARY COMPLAINT

COMES NOW, secured creditor *Cooperativa de Ahorro y Creditor Vegabajeña ("Cooperativa"),* by its undersigned attorneys, and respectfully seeks declaratory relief pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to 48 U.S.C. 2170, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. '2201 and 2202, and statutory relief pursuant to 2011 L.P.R. 196.

There currently exists an actual, justiciable and unresolved controversy between the parties regarding the validity, extent and enforceability of the security interests asserted by Cooperativa on employee retirement contributions currently held by the Defendant and Debtor, Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor"). Further, Cooperativa is entitled to enforce its statutory liens and recover the funds sought in its 37 claims in this bankruptcy pursuant to the laws of the Commonwealth of Puerto Rico.

## PARTIES AND JURISDICTION

1. Cooperativa is a full-service financial credit union with its principal place of business being in Vega Baja, Puerto Rico, and has served the citizens of Vega Baja and the surrounding communities for over fifty years.

2. ERS is a trust established by the Commonwealth of Puerto Rico (the

Adversary Complaint 3

"Commonwealth") in 1951, 1951 L.P.R. 447, as amended, to provide pension and other benefits to officers and employees of the Commonwealth, members and employees of the Puerto Rico Legislature, and to officers and employees of public corporations and municipalities of Puerto Rico.

3. The Financial Oversight and Management Board ("FOMB") serves as the Debtor's representative in this Title III proceeding pursuant to Section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), *see* 48 U.S.C. '' 2121, et seq.

4. This Court has subject matter jurisdiction over this action pursuant to 48 U.S.C. '2166 because this action arises in or relates to ERS's underlying Title III PROMESA proceeding.

5. This Court has personal jurisdiction over ERS pursuant to 48 U.S.C. ' 2166.

6. Venue is proper in this District pursuant to 48 U.S.C. '1391 because a substantial portion, if not all, of the activities giving rise to Cooperativa's claims against ERS occurred in this District. Venue is also proper under 48 U.S.C. '2167 because this adversary proceeding is brought in a Title III PROMESA proceeding.

## STATEMENT OF THE CASE AND MATERIAL FACTS

7. The basis of Cooperativa's status as a secured creditor arises from state law enacted in 2011, 2011 L.P.R. 196, which allowed financial service entities

Adversary Complaint 4

throughout the Commonwealth to enter into individual loan agreements with Commonwealth employees who participated in ERS. Each Cooperativa loan agreement at issue in this adversary compliant was entered into after 2011 and before the 2017 filing of Title III.

8. 2011 L.P.R. 196 was enacted at a time of prolonged economic turmoil in the Commonwealth. At the time of enactment, its purpose was to encourage Commonwealth financial service institutions to enter into loans with individual borrowers. The law was also intended to stimulate local economies by creating favorable conditions for both lenders and borrowers to enter into loan agreements. Cooperativa, and many other cooperatives, participated in the loan program offered under the 2011 law.

9. On the borrower side, under the 2011 law, participants of ERS who entered into a loan agreement with a participating cooperative or other financial institution agreed to pledge up to 65% of his or her ERS contributions or $25,000.00, whichever was less. To document this pledge, each participating borrower and the ERS together with and as an attachment to the *Assignment Agreement for Pensioners and/or Assignment Agreement for Participants*, executed a *Certificate of Estoppel and Recognition of Notification of Assignment* of Funds. *See* **Exhibits A and B.** The assignment of ERS contributions by the individual borrower to the lender served as

Adversary Complaint 5

collateral for the cooperative's or other financial institution's loan to that individual.,

10. After the 2011 loan program commenced, ERS also agreed to the assignment of each individual salary contributions to be used as collateral for the individual loan agreements. Specifically, Attachment II to both the *Assignment Agreement For Pensioners* and *Assignment Agreement for Participants* required the ERS to certify and recognize the assignment of "*…up to Sixty-Five Percent (65%) or Twenty Five Thousand Dollars ($25,000.00) whichever is less, of the Total Contributions in favor of the Creditor, as collateral for a personal loan.*" **See Exhibit A and Exhibit B.** Further, ERS certified and agreed that after the individual's assignment of total ERS contributions to the cooperative, "*…the contributions made by way of a deduction from the salary or remuneration of the Debtor, shall continue to be accredited with the System until the Creditor or their assignee notifies us otherwise in writing.*" *Id.*

11. Art. 4-110 of 2011 L.P.R. 196 established that each participating financial institution, including Cooperativa, held a statutory lien on the retirement contributions pledge by the individual borrower to the financial institution under the 2011 loan program. This statutory lien, again which ERS certified and approved each and every time a borrower participated in the 2011 loan program, allowed the participating financial institution, including Cooperativa, to collect the pledge funds from the ERS if the individual borrower defaulted on the individual loan after the individual is duly notified of default.

Adversary Complaint 6

12. Prior to the filing of the Title III bankruptcy case, 37 of the individual ERS participants who entered into loan agreement under the 2011 law with Cooperativa defaulted on their loans. Each borrower was duly notified by Cooperativa about his or her default status.

13. Accordingly, on May 24, 2018, after the Title III was filed, Cooperativa filed 32 claims, set forth in the Exhibit List of Claims, representing Cooperativa's secured interest in the individual borrower's pledged retirement funds and Cooperativa seeks a total of $525,422.93 in funds held by ERS but pledged prepetition by individual Commonwealth employees to Cooperativa. *See Exhibit C.*

14. Most of the individual borrowers listed in *Exhibit B* sought individual bankruptcy protection after he or she defaulted on the Cooperativa loan. During the individual bankruptcy proceedings, the bankruptcy court acknowledged and approved the prepetition actions of the individual debtor to assign a percentage of his or her interest in his or her existing ERS retirement account to Cooperativa, and ERS's certification and agreement with the individual employee's assignment of ERS contributions

15. On August 23, 2017, the Commonwealth enacted P.R. Act 106-2017. This law precludes Commonwealth employees from making contributions to ERS or receiving benefits from ERS.

Adversary Complaint 7

16. Importantly, P.R. Act 106-2017 has no retroactive effect. Art. 7.6 of P.R. Act 106-2017 specifically states that all loans previously granted by the ERS and all other loans previously approved by the ERS prior to the enactment date of P.R. Act 106-2017 **_"…shall be administered in accordance with the existing statutes under which they were granted."_** See Art. 7.6, 106-2017.

17. In addition, Art. 3.06 of P.R Act. 106-2017 states that "…*[p]articipants of the New Defined Contributions Plan shall have erga omnes property rights over the balances in their Defined Contributions account.*"

18. Therefore, under P.R Act. 106-2017, all prior loans by ERS participants, including the loans with Cooperativa, which are the subject of Cooperativa's claims in this Title III case, must continue to be administered pursuant to the laws from which the loans arose and were based, including 2011 L.P.R. 196.

19. On October 14, 2018, Cooperativa filed its Motion for Lift of Stay Seeking the Modification of the Automatic Stay To Enforce Liens On Employee Withholding Funds Currently Held By The Employee Retirement System Of The Government Of The Commonwealth of Puerto Rico ("Motion for Lift of Stay"). The Motion for Lift of Stay was filed in both PROMESA Title III, Case No. 3:17-03283 (Docket No. 4011 & 4041) and in PROMESA Title III, Case No. 3:17-03566 (Docket No. 329 & 331). The Motion for Lift of Stay was filed after Cooperativa's Lift Stay Notice which was filed on August 15, 2018. On September 12, 2018, counsel for the

Adversary Complaint 8

Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") sent notification of his disagreement with Cooperativa's proposed modification of the stay. The Motion for Lift of Stay was filed soon thereafter.

20. On October 25, 2018, AAFAF filed its objection to the Motion for Lift of Stay on behalf of ERS. (Case No. 3:17-03283, Docket No. 4098; Case No. 3:17-03566, Docket No. 338). Cooperativa's Reply to the objection was filed November 1, 2018 and further detailed the statutory authority for Cooperativa's lien interests and the validity of its claims. (Case No. 3:17-03283, Docket No. 4156; Case No. 3:17-03566, Docket No. 341).

21. On December 4, 2018, this Court filed its Memorandum Order Denying Motion for Relief From The Automatic Stay of Cooperativa De Ahorro y Crédito Vegabajeña, which concluded that Cooperativa had not demonstrated cause for a modification of the stay pursuant to the factors outlined in ***In re Sonnex Indust., Inc.,*** 907 F.2d 1280 (2nd Cir. 1990). (Case No. 3:17-03283, Docket No. 4401; Case No. 3:17-03566, Docket No. 354).

### COUNT I

### DECLARATORY JUDGMENT THAT PLAINTIFF HAS A VALID AND ENFORCEABLE STATUTORY LIEN ON INDIVIDUAL BORROWER AND ERS PARTICIPANT'S PLEDGED CONTRIBUTIONS

22. Cooperativa incorporates herein by reference as though fully set forth

Adversary Complaint 9

paragraphs 1 through 21 above.

23. An actual, justiciable and unresolved controversy between Cooperativa and ERS currently exists regarding the validity, extend and enforceability of the 2011 L.P.R. 196 statutory liens asserted by Cooperativa on individual retirement contributions currently held by ERS, but belonging to individual Commonwealth employees and ERS participants.

24. Cooperativa seeks to enforce its valid statutory liens which requires ERS to release the individual participant's pledged funds currently being held by ERS.

25. ERS objects to Cooperativa's demand for the funds pledged to Cooperativa prepetition on the grounds that under P.R. Act 106-2017, enacted after the Title III case was filed, individual ERS participants can no longer make contributions to ERS or receive benefits from ERS. [2]

26. ERS further argues that until the enactment of P.R. Act 106-2017, ERS only maintained individual assets for accounting purposes and did not segregate funds corresponding to individual retirement accounts.

27. ERS's past failures to operate a retirement system which insured the safekeeping of the individual Commonwealth employee retirement funds do not

---

[2] This objection was made by AAFAF on behalf of ERS in its opposition to Cooperativa's Motion to Lift Stay in PROMESA Title III Case No. 3:17-03566 and Case No. 3:17-03566.

Adversary Complaint 10

excuse ERS's obligations under Puerto Rico law. P.R. Act 106-2017, upon which ERS relies to dispute Cooperativa's claims has no retroactive impact on Cooperativa's statutory liens.

28. To the contrary, Art. 7.6 of P.R. Act 106-2017 specifically states that loans previously granted and approved by the ERS, prior to the August 2017 enactment date of Act 106-2017, "*…shall be administered in accordance with the statutes under which they were granted.*" This includes the loans to individual ERS participants issued under Law 196-2011, pursuant to which ERS was notified and then certified the assignment of individual employee ERS funds to Cooperativa to serve as collateral for the loan. **See Exhibits A & B.**

29. In accordance with L.P.R.196-2011, ERS also certified that after the assignment of funds by the individual ERS participant to Cooperativa, ERS agreed that "*…annuities shall continue to be accredited to the Debtor [ERS participant] until the Creditor [Cooperativa] or their assignee notifies us otherwise in writing. In the event that the Creditor or their assignee notifies us in writing the way and manner of making the Annuities payments, the payments for these shall be made according to the instructions of the Creditor.*" **See Exhibit A**

30. ERS has both a statutory and contractual obligation to: (1) acknowledge that Cooperativa's enforceable statutory liens and (2) release the individual retirement contributions which were pledged to Cooperativa prepetition and which

Adversary Complaint 11

ERS continues to hold so that Cooperativa can enforce its lien interests.

31. As stated above, before the Title III case was filed, the funds sought by Cooperativa were pledged to Cooperativa by individual ERS participants pursuant to L.P.R. 196-2011. That law, still in effect, was specifically enacted to stimulate the Puerto Rico economy by providing incentives to both creditors and borrowers to borrow funds to be infused into the local Puerto Rico economies. Law 106-2017 has no impact on the enforcement or spirit of the 2011 laws.

32. Accordingly, Cooperativa is entitled to a judicial declaration pursuant to 28 U.S.C. '2201, and further relief under '2202, that Cooperativa currently holds valid and enforceable statutory liens on certain pledged ERS contributions currently held but not owned by ERS in its retirement system.

33. Cooperativa is entitled to a judicial declaration pursuant to 28 U.S.C. '2201 that the funds it seeks in this Title III proceeding are not property of the bankruptcy estate.

34. Further, Cooperativa is entitled to a judicial declaration that Cooperativa is entitled to enforce its security interests in the pledged property currently being held by ERS and that the security interest in the pledge property described herein asserted by Cooperativa is valid and enforceable against ERS and are not subject to avoidance under 11 U.S.C. '545 because the statutory liens attached

Adversary Complaint 12

to the property are pledged property of the individual ERS participants, and not property of the bankruptcy estate.

## COUNT II

### ERS'S DENIAL OF COOPERATIVA'S STATUORY LIEN INTEREST ON INDIVIDUAL ERS PARTICIPANT'S PLEDGED FUNDS VIOLATES ACT 106-2017.

35. Cooperativa incorporates herein by reference as though fully set forth paragraphs 1 through 34 above.

36. Pursuant to L.P.R. 2011-196 Cooperativa holds valid and enforceable lien interests on the retirement benefits pledge prepetition to Cooperativa under the Commonwealth of Puerto Rico 2011 loan program.

37. On each of the 37 claims filed by Cooperativa in this Title III proceeding, ERS approved and certified the pledges made by the 37 individual borrowers and agreed that these individuals could pledge a specified portion of their ERS contributions to Cooperativa and that ERS would honor these pledges while the funds were held by ERS. *See* Exhibit A.

38. Cooperativa is only seeking the release of these pledged fund in this Title III proceedings, and is not seeking ERS estate property.

39. ERS's release of the pledged individual retirement funds is not precluded under P.R. Act 106-2017 which has no retroactive application.

40. ERS's refusal to release the pledge funds has caused Cooperativa injury

Adversary Complaint 13

because it prevented Cooperativa to enforce its valid statutory liens and recover the collateral pledged by the individual borrowers, now all in default, at the time the loans were executed.

## PRAYER FOR RELIEF

**WHEREFORE**, *Cooperativa de Ahorro y Crédito Vegabajeña* respectfully requests and prays that the following relief be granted by this Court in Cooperativa's favor:

1. Declaring that Cooperativa's security interests represented in its 37 proofs of claim are perfected, valid and enforceable against individual ERS participant's retirement contributions currently held by ERS.

2. Declaring that each Cooperativa's security interest on pledged property held by ERS is perfected and enforceable.

3. Declaring that each Cooperativa's security interest on pledged property set forth in its 37 claims for relief and held by ERS but not released by ERS violates 2011 L.P.R. 106.

4. Directing ERS to release $525,422.93 to Cooperativa reflected in its 37 proofs of claims as due and owing and as previously approved and certified by ERS.

5. Granting Cooperativa further relief as deemed just and proper by this Court at this time.

Respectfully submitted.

## NOTICE OF SERVICE

I certify that on this date I filed a true and correct copy of the foregoing Adversary Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants: **Hermann Bauer, Esq.,** Herman.Bauer@oneillborges.com; ***Ubaldo M. Fernandez Barrera, Esq.*** Ubaldo.fernandez@oneillborges.com; counsel to The Financial Oversight & Management Board for Puerto Rico; **Diana M. Perez, Esq.,** dperez@omm.com; **Louis C. Marini Biaggi, Esq.** lmarini@mpmlawpr.com; ***Carolina Veraz-Rivero, Esq.,*** cvelaz@mpmlawpr.com; counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; and by USPS to the U.S. Trustee.

In San Juan, P.R., this 14 day of March 2019.

/s/ **CARLOS A. QUILICHINI PAZ**
**USDCPR 120906**
**JESSICA M. QUILICHINI ORTIZ**
**USDCPR 223803**
*Attorneys for Cooperativa de Ahorro y Crédito Vegabajeña*
P. O. Box 9020895
San Juan, Puerto Rico 00901
Telephone: (787) 729-1720
Facsimile: (787) 724-6000
Email: quilichinipazc@microjuris.com