# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO | PROMESA<br>Title III |
| As representative of | |
| THE COMMONWEALTH OF PUERTO RICO, | No. 17 BK 3283-LTS |
| Debtors | |

## URGENT MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE COURT:

COME NOW Pedro Carbonera Pardo ( "Mr. Carbonera" or "Movant" ), pro se, and respectfully request to this Court an Order pursuant to 11 U.S.C. §362 for relief from the Automatic Stay and, in support of this motion, states and prays as follows:

CERTIFICATION

This Certification asserts full compliance with request under Sixth Amended Case Management Procedures Notice, Case Management and Administrative Procedures Order dated April 13, 2018 at docket 3804, as set forth at Paragraph III.Q of section III (Scheduling) of the Order.

The Movant certifies compliance with the Lift Stay Notice and The Lift Stay Notice Period, and corresponding conference to resolve Movant's request for relief from the automatic stay. The parties failed to reach an agreement.

I. PROCEDURAL BACKGROUND

I.1. Movant is a career government employee that works for the Commonwealth of Puerto Rico's Department of Labor and Human Resources ( "PR-DOL" ), PR Occupational Safety and Health Office.

1

I.2. Movant has been an employee for PR-DOL since 1994 and Area Director for PR OSHA since 2010. By October 16, 2013 came to be creditor to %5 monthly salary raise and back pay. Item (3) Art. 8, Sec. 8.3 Law #184-2004.

I.3. Five percent (5%) salary raise is based on the Article 12, Section 12.6, item 5 of PR DOL Regulation.

I.4. Mr. Carbonera received a letter from the "PR DOL" recognizing that the he came to be creditor to the raise in salary. This letter signed by Sara I Luciano Delgado, former Auxiliary Secretary of Human Resources for the PR DOT, on December 10, 2013 (from now on "the admission"). (Copy attached)

I.5. Nevertheless, and in contradiction to "the admission", on June 24, 2014 PR-DOL changed its mind and informed Mr. Carbonera that the raise would not be credited. PR DOL claimed this time that "Law of Fiscal Sustainability and Operational of the Government of the Commonwealth of Puerto Rico" (Act No. 66-2014 from now on) did not allow it. (Copy attached). Note that the "PR DOL" evidence of their change of mind happened more than six months after the date they made their "admission".

I.6. Act No. 66-2014 was approved on June 2014 with no retroactive effectivity stated on it. Article 35 of Act No. 66-2014 states that "[e]sta Ley entrará en vigor inmediatamente luego de su aprobación". Which means that this law will be effective immediately after being approved.

I.7. Being Act No. 66-2014 a prospective applicability Law, it may not be applied to a right which was acquired before the approval of this Law. Article 3 Civil Code of Puerto Rico, 31 L.P.R.A. Sec.3.

I.8. "PR DOL" is unfairly enriching themselves by not crediting Movant's lawful salary raise and back pay for no reason and having no law that justifies this action. Unfair enrichment doctrine of Puerto Rico has its foundations in equity. *Ortiz Andújar v. E.L.A.*, 122 D.P.R. 817 (1998): *José Garriga Hijo, Inc. V. Condominio Marbella del Caribe Oeste*, 143 D.P.R. 927 (1997).

This doctrine applies when law has not provided a situation where a movement of patrimony takes place and it has no reasonable explanation on the current laws. As to "Unfair Enrichment" to occur, five (5) things must happen: Enrichment to exist; A correlated impoverishment; A connection between the enrichment and the impoverishment; The nonexistent cause for the justification

2

of the enrichment; and the nonexistence of a legal principle which excludes the application for the enrichment for not having cause.

I.9. Appellative Commission for the Public Service (by its acronym in Spanish, CASP) is a specialized court that sees cases of litigations for PR government employees claims and to whom the Movant presented his salary and wages claim. (Copy of Movant's claim to the CASP attached)

I.10. CASP postal address is: P.O. Box 41149, San Juan PR 00940-1149

I.11. As allowed in Puerto Rico's Act No. 184 of August 3, 2004, P.R. Laws Ann. Tit. 3, §1461 et seq., known as the "Administration of the Human Resources in the Public Sector of the Commonwealth of Puerto Rico's Act" on August 26, 2014 Movant filed pro se at the Appellative Commission for the Public Service (by its acronym in Spanish, CASP) CASP No. 2014-08-0412.

I.12. On February 9, 2015 Mr. Jaime A. Picó Muñoz, lawyer, filed motion assuming Movant's legal representation. All Case CASP No. 2014-08-0412 transactions are available at the CASP internet portal located at www.casp.pr.gov (Copy of case transactions is attached)

I.13. Movant's monthly salary is $ 3,868.00 since October 2010 to this date; and Mr. Carbonera claims a monthly salary raise increase of 5% of $ 3,868.00 (which is a monthly increase of $193.40) and back pay. (Copy of the pay stuv for July 12,2013 and February 28, 2018 are attached)

I.14. Protected by the bankruptcy Back pay calculated starting from Wednesday, October 16, 2013 until Friday May 5, 2017 adds up to $8,247.04.

I.15. Honorable Carmen T. Lugo Somolinos, CASP Judge, decided that (CASP No. 2014-08-0412) essential facts were not in controversy.

I.16. Status of claims: On June 24, 2015 Jaime A. Picó Muñoz, lawyer and Movant's counsel, submitted Summary Judgement to Honorable Carmen T. Lugo Somolinos on case CASP No. 2014-08-0412. The case is pending for the Honorable Judge's decision. (Movant's Summary Judgement attached)

I.17. On November 5, 2015 Judge ordered parties to submit Project of Summary Judgement.

I.18. On December 16, 2015 Counselor Jaime Picó submitted Motion for having complied with order to submit Project of Summary Judgement.

I.19. Honorable Carmen T. Lugo Somolinos was reassigned off the case and is no longer working for CASP.

I.20. Honorable Wanda R. Caldas Díaz is the new Judge assigned to case # CASP No. 2014-0812.

I.21. CASP No. 2014-08-0412 was stayed due to PROMESA.

I.22. Commonwealth of Puerto Rico declares bankruptcy and gains a protection from creditor for all debts until Friday, May 5, 2017

I.23. On April 13, 2018 Movant filed Proof of Claim #4961

II. Discussion

II.1. It is Movant's position that the automatic stay of the Litigation should be partially lifted pursuant to 11 U.S.C. §362 (d)(1), which allows this Honorable Court to grant partial relief from the automatic stay "for cause".

II.2. It is the Movant's plea to this Court to allow remedies for the CASP No. 2014-08-0412 which are not within the bankruptcy protection.

II.3. The partial lift stipulations presented by the Movant for the US Court to consider pursue the final judgement of CASP for case number 2014-08-0412 and the partial execution of this judgement. Meaning by partial execution to those executions pertaining only to the remedies regarding salary raise and backpay that are not within the protection of the bankruptcy. Leaving those executions within the protection of the stay pending until the bankruptcy process solves them.

II.4. The stipulations for the partial lift of stay submitted to the consideration of the Court are:

   II.4.1. Allow CASP to continue to see and make a judgement on CASP No. 2014-08-0412

   II.4.2. Allow some executions of the CASP court judgement, in the event of a possible judgement in favor of the Movant, that will only pertain to remedies that are outside of the protection of the bankruptcy.

   II.4.3. The Movant seeks that this court allow the following **CASP Executable judgements**:

      II.4.3.1. Allow the execution of a salary raise effective on Monday, May 8, 2017, since allowing this would be outside the bankruptcy protection.

      II.4.3.2. Backpay from Monday, May 8, 2017 until the date on which the salary begins. This quantity will be computed from a monthly salary raise of $193.40.

4

II.4.4. Movant seeks a partial lift with the **Non-allowable CASP judgement executions stipulations,** in order to honor the protection granted to the debtor by the bankruptcy:

II.4.4.1. Not allowing salary raise effective Wednesday, October 16, 2013 until Friday, May 5, 2017 for it is protected by the bankruptcy.

II.4.4.2. Not allowing backpay starting from Wednesday, October 16, 2013 until Friday May 5, 2017 since it is protected by the bankruptcy. This quantity adds up to $8,247.04.

II.5. It is Memorandum and Order issued on July 7, 2017 in the above captioned case, this Honorable Court determined that,

> [t]o determine whether cause exists to lift the bankruptcy stay, courts in this district rely on the factors first enumerated by the United States Court of Appeals for the second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)("Sonnax"). Of particular relevance to the instant case are the following factors identified by the Sonnax Court: "whether relief would result in a partial or complete resolution on the issues," "lack of any connection with or interference with the bankruptcy economical resolution of the litigation," "whether the parties are ready for trial in the other proceeding," and "impact of the stay on the parties and the balance of harms."

II.6. See Dkt. 600, at page2. (internal citations omitted). In Sonnax, another factor to be considered is "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action". In re Sonnax Indus., Inc., 907 F.2d, it 1286. Movant's case is taking place at CASP, which is the specialized Court.

II.7. In Sonnax a factor to be considered is "whether relief would result in a partial or complete resolution on the issues," and CASP decision will determine whether the raise in salary and back pay must be paid or not. This will allow to partially balance harm for the period not protected by the bankruptcy, and to determine whether there is a debt and how much is this debt for the bankruptcy process to work with.

II.8. In Sonnax, another factor to be considered is "whether the parties are ready for trial in the other proceeding," at this moment, although stayed by the bankruptcy, CASP No. 2014-08-0412 is taking place for the Litigation concerning "Salary and Wages" initiated by the Movant and pending for final decision from the Judge. Furthermore, while the case has been stayed by PROMESA the case is ripe for Honorable Wanda R. Caldas Díaz, Judge, to rule her decision.

II.9. In Sonnax, another factor to be considered is "lack of any connection with or interference with the bankruptcy economical resolution of the litigation," Movant's

5

partial lift of stay asks for a possible monthly salary raise of $193.40 starting from Monday, May 8, 2017 (included), and back pay, which are not within the protection of this bankruptcy and would not affect the bankruptcy economical resolution.

II.10. Taking into consideration the factors listed above provided in <u>Sonnax</u>, in the balance of harm, the harm that would result to Movant from the continuation of the ordered stay which paralyzed CASP ability to proceed with the Litigation, including Movant's ability to continue to litigate and eventually, if he prevails, receive the partial raise and partial back pay that are outside the bankruptcy protection.

II.11. Movant's action also seeks to change his employer's behavior towards failing to comply with lawful obligations for no reason ("unfair enrichment") and doing so by using unlawful interpretation of Act No. 66-2014 as an excuse.

II.12. In sum, allowing that the proceedings related to the litigation proceed would not interfere with PROMESA's Title III case, hence the stay should be partially lifted.

WHEREFORE, Movant respectfully requests that the Court enter an order granting Movant's relief from the automatic stay, and its consequences, allowing that proceedings continue in the judicial review matter in <u>Pedro Carbonera Pardo v. Departamento del Trabajo y Recursos Humanos</u> CASP #2014-08-0412 currently before Appellative Commission for the Public Service (by its acronym in Spanish, CASP).

CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF Filing System which will send a notification of such to the parties of records and to all interested subscribed users.

RESPECTULLY SUBMITTED

In San Juan, Puerto Rico, this 14th of March 2019.

s/Pedro Carbonera-Pardo
*Pedro Carbonera Pardo, Pro Se*
*Felipe Arana FR-3 Levittown,*
*Toa Baja, PR 00949*
*Tel. (787) 941-8808*
*pedrocarbonera@yahoo.com;*
*pcarbonera@trabajo.pr.gov*

6