ESTADO LIBRE ASOCIADO DE PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
SAN JUAN, PUERTO RICO
www.casp.pr.gov

ATTACHMENT 6 (1 - 14)

| PEDRO CARBONERA PARDO | CASO NÚM. 2014-08-0412 |
|---|---|
| APELANTE | |
| VS. | MATERIA: |
| DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS | RETRIBUCIÓN (SALARIOS-SUELDOS) |
| APELADA | |

## RESOLUCIÓN

I. INTRODUCCIÓN Y RESUMEN PROCESAL

En el caso de autos, la parte Apelante, el Sr. Pedro E. Carbonera Pardo (en adelante "señor Carbonera Pardo" o "Apelante"), presentó ante esta Comisión una "Solicitud de Apelación (Por Derecho Propio)", el 26 de agosto de 2014. Mediante la misma solicitó que se ordene al Departamento del Trabajo y Recursos Humanos (en adelante "Departamento del Trabajo" o "DTRH") la conceder y pagar retroactivamente al 16 de octubre de 2013, el aumento de sueldo por años de servicio, mejor conocido como "el trienio" (en adelante "trienio"), al cual el Apelante alegó tiene Derecho. Dicho reclamo surge en virtud del Artículo 8, Sec. 8.3(3), de la Ley 184-2004 (en adelante "Ley 184-2004"), mejor conocida como la "Ley para la Administración de los Recursos Humanos del Servicio Público", 3 L.P.R.A. § 1461, et seq., y el Artículo 12, Sección 12.6(5), del "Reglamento para la Administración de los Recursos humanos del Servicio de Carrera del Departamento del Trabajo y Recursos Humanos" (en adelante "Reglamento del DTRH"). Posteriormente, el 9 de febrero de 2015, el Lcdo. Jaime A. Picó Muñoz asumió la representación legal de la Parte Apelante. Luego de varios trámites procesales, el 26 de junio de 2015, la Parte Apelante presentó ante esta Comisión un escrito titulado "Moción en Solicitud de Adjudicación Sumaria en Virtud del Reglamento Procesal de la Comisión Apelativa del Servicio Público" (en adelante "Solicitud de Adjudicación Sumaria"), Reglamento Núm. 7313, del 7 de marzo de 2007 (en adelante "Reglamento Procesal"), secciones

1

6.1 a la 6.4. Por su parte, la Apelada presentó su "Oposición a Moción en Solicitud de Adjudicación Sumaria en Virtud del Reglamento Procesal de la Comisión Apelativa del Servicio Público y Solicitud de Adjudicación Sumaria a Favor de la Apelante" (en adelante "Moción en Oposición"), el 5 de octubre de 2015. A su vez, la Parte Apelante presentó su "Replica a 'Oposición a Moción en Solicitud de Adjudicación Sumaria en Virtud del Reglamento Procesal de la Comisión Apelativa del Servicio Público y Solicitud de Adjudicación Sumaria a Favor de la Apelante'" el 29 de octubre de 2015. Analizados los escritos presentados por las partes, esta Comisión determinó los hechos materiales esenciales y pertinentes que no están en controversia y a tales efectos emitió las siguientes:

## II. DETERMINACIONES DE HECHO

1. La parte Apelante ha laborado para el Departamento del Trabajo y Recursos Humanos, desde septiembre de 1994.

2. Su último aumento de sueldo fue el 16 de octubre de 2010. (Ver **Exhibit 1 de la Solicitud de Adjudicación Sumaria**, copia del Informe de Cambio que evidencia el último aumento)

3. La Ley 184-2004, en su Artículo 8, Sec. 8.3(3), supra, establece que:

> "3. Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un período ininterrumpido de **tres (3) años de servicios, sin haber recibido ningún otro aumento de sueldo <u>recibirán</u>** un aumento de hasta un cinco (5) por ciento de su sueldo o su equivalente en tipos intermedios. Para esto, el empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones. La autoridad nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa. (**Énfasis Nuestro**)

4. A este beneficio establecido en la Ley 184-2004, se le conoce como el aumento por años de servicio o "trienio".

5. El Reglamento del DTRH, en su Artículo 12, Sección 12.6, inciso 5 establece en lo pertinente que:

> "5. Aumentos por años de servicio – Los empleados del Departamento no sindicados y gerenciales que hayan ocupado un

2

puesto regular por un **período ininterrumpido de tres (3) años sin haber recibido ningún otro aumento de sueldo**, <u>recibirán un aumento de cinco por ciento (5%) de su sueldo</u>. El sueldo resultante no se ajustará a escala. El empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones o mediante certificación escrita de su supervisor inmediato. Dicha comunicación deberá ser dirigida al (la) Secretario(a) para su visto bueno o aprobación. El Departamento notificará mediante comunicación escrita a todo empleado que no satisfaga esta consideración. La misma incluirá las razones por las cuales no se le concede al empleado el referido aumento **y le advertirá de su derecho de apelar ante la Comisión Apelativa...**"(Énfasis Nuestro)

6. Mediante la Ley 7-2009, de 9 de marzo de 2009 (en adelante "Ley 7"), conocida como la "Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico", se declaró un estado de emergencia económica y fiscal en el Gobierno del Estado Libre Asociado de Puerto Rico y se adoptó un plan de estabilización económica y fiscal con el fin de salvar el crédito de Puerto Rico. Dicha Ley 7-2009, tuvo el efecto de paralizar y/o suspender muchos de los beneficios concedidos a los empleados gubernamentales, entre ellos el término para un empleado advenir acreedor(a) del "trienio".

7. Sin embargo, dicha Ley 7-2009, supra, no fue extensiva al Departamento del Trabajo, por lo cual el término para el Apelante advenir acreedor del trienio nunca fue interrumpido. (Ver **Exhibit 2 de la Solicitud de Adjudicación Sumaria**, Lista de la Agencias Afectadas por la Ley 7, la cual excluye el DTRH)

8. A tales efectos, el 16 de octubre de 2013, el Apelante, el señor Carbonera Pardo, advino acreedor del trienio que concede la Ley 184-2014, supra, y el Reglamento del DTRH.

9. El Apelante ha provisto servicios satisfactorios durante el período que comprende desde el 16 de octubre de 2010, hasta el presente, lo cual se evidencia mediante la Certificación de Servicios Satisfactorios, suscrita por el supervisor inmediato del Apelante, el Sr. Luis E. Pardo Rosado y fechada 10 de febrero de 2014, la cual fue notificada a la entonces Sra. Sara I. Luciano Delgado, Secretaria Auxiliar de Recursos Humanos el 13 de febrero de 2014. (Ver **Exhibits 3 y 4 de la Solicitud de Adjudicación Sumaria**, copia de la

3

Certificación de Servicios Satisfactorios, y la Hoja de Trámite mediante la cual se notificó dicha Certificación, respectivamente)

10. El DTRH, mediante carta fechada 10 de diciembre de 2013, suscrita por la Sra. Sara I. Luciano Delgado, entonces Secretaria Auxiliar de Recursos Humanos del Departamento del Trabajo, **reconoció que el Apelante es acreedor para recibir el aumento por años de servicio o trienio, efectivo el 16 de octubre de 2013.** (Ver **Exhibit 5 de la Solicitud de Adjudicación Sumaria**, copia de la carta fechada 10 de diciembre de 2013, suscrita por la Sra. Sara I. Luciano Delgado)

11. El 17 de junio de 2014, mediante carta dirigida al Secretario del Departamento del Trabajo y Recursos humanos, Honorable Vance Thomas Rider, y entregada personalmente en la oficina de éste en esa misma fecha, el Apelante informó que advino acreedor del trienio a partir del 16 de octubre de 2013, y solicitó el pago retroactivo a esa fecha del aumento por años de servicio o trienio, al cual tienen Derecho en virtud de la Ley 184-2004, supra. (Ver **Exhibit 6 de la Solicitud de Adjudicación Sumaria**, copia de la carta de agotamiento de remedios, la cual incluye el ponche como recibido en la Oficina del Secretario en esa misma fecha)

12. Mediante carta fechada 24 de junio de 2014, la Sra. Nilma Maldonado Colón, Secretaria Auxiliar de Recursos Humanos del Departamento del Trabajo, notificó al Apelante que según el Artículo 11, inciso (a) y (b) (i) de la Ley 66-2014, mejor conocida como la "Ley de Sostentabilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico" (en adelante "Ley 66-2014"), se prohíbe la concesión de aumentos en beneficios económicos y compensación monetaria extraordinaria, como los es el aumento de sueldo por años de servicio, por lo cual el DTRH alegadamente está imposibilitado de proceder con la solicitud del Apelante en dicho momento. (Ver **Exhibit 7 de la Solicitud de Adjudicación Sumaria**, copia de la carta fechada 24 de junio de 2014, suscrita por la Sra. Nilma Maldonado Colón)

4

13. En la comunicación recibida por la parte Apelante denegándole su solicitud para la concesión y el pago del trienio, no se le advirtió su derecho a apelar la determinación de la agencia, el término para apelar la misma, ni el organismo ante el cual debería presentar dicha apelación. (**Ver Exhibit 7 de la Solicitud de Adjudicación Sumaria**, supra)

14. La parte Apelante presentó su "Solicitud de Apelación (Por Derecho Propio)" el 26 de agosto de 2014, reclamando la concesión y el pago retroactivo del trienio al 16 de octubre de 2013.

Por no haber controversias de hechos materiales y pertinentes en el caso de epígrafe, procedemos a, en virtud del Reglamento Procesal de esta Comisión y el Derecho aplicable, adjudicar sumariamente las controversias de Derecho y emitir las siguientes:

## III. CONCLUSIONES DE DERECHO

Nos corresponde determinar si procede la concesión y el pago retroactivo del aumento por años de servicio o trienio, por parte de la parte Apelada, DTRH, a al señor Carbonera Pardo, del cual advino acreedora la Apelante el 1 de julio de 2013. Veamos.

El inciso (3) del Art. 8, Sec. 8.3 de la Ley Núm. 184-2004, supra, se dispone lo siguiente con relación al aumento por año de servicios meritorios, o lo que se ha denominado como "**el trienio**":

> "3. Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un período ininterrumpido de tres (3) años de servicios, sin haber recibido ningún otro aumento de sueldo **recibirán** un aumento de hasta un cinco (5) por ciento de su sueldo o su equivalente en tipos intermedios. Para esto, el empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones. La autoridad nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa. (**Énfasis Nuestro**)

Por su parte, el Artículo 12, Sección 12.6, inciso 5 del Reglamento del DTRH, en su establece en lo pertinente que:

> "5. **Aumentos por años de servicio** – Los empleados del Departamento no sindicados y gerenciales que hayan ocupado un

5

puesto regular por un período ininterrumpido de tres (3) años sin haber recibido ningún otro aumento de sueldo, <u>recibirán un aumento de cinco por ciento (5%) de su sueldo</u>. El sueldo resultante no se ajustará a escala. El empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones o mediante certificación escrita de su supervisor inmediato. Dicha comunicación deberá ser dirigida al (la) Secretario(a) para su visto bueno o aprobación. El Departamento notificará mediante comunicación escrita a todo empleado que no satisfaga esta consideración. La misma incluirá las razones por las cuales no se le concede al empleado el referido aumento y **le advertirá de su derecho de apelar ante la Comisión Apelativa...**"(Énfasis Nuestro)

Como vemos, tanto la Ley 184-2004, supra, como el Reglamento del DTRH disponen que los empleados que cumplan con los requisitos y características allí descritas, "<u>recibirán</u>" el referido aumento por concepto del trienio. Esto implica que el mencionado aumento retributivo **es mandatorio y no es discrecional**. De haber sido discrecional, se habría utilizado el término o frase "*podrán recibir*", o se habría dicho que la autoridad nominadora "*podrá conceder*" el referido aumento. Sin embargo, dicha ley es clara en cuanto a la obligatoriedad de la concesión del trienio. Esto es una obligación de Ley. Siendo el pago del trienio una obligación legal, establecida claramente en la Ley 184-2004, supra, la misma es una ineludible e inalienable por la agencia. Por tal razón, **los únicos hechos materiales y esenciales que hay que dirimir en el caso de autos es si el Apelante cumplió con los requisitos para la concesión y pago del trienio que son:**

1. **Si el Apelante ocupó un puesto regular durante un período ininterrumpido de tres (3) años de servicios;**
2. **Si durante dicho período de tres (3) años recibió algún otro aumento; y**
3. **Si proveyó servicios satisfactorios durante dicho período de tres (3) años.**

De la evidencia presentada junto con la Moción Solicitando Adjudicación Sumaria, se desprende fehacientemente que **la parte Apelante cumplió y cumple con todos y cada uno de los requisitos para ser acreedor del trienio.** (Ver **Exhibits 1, 3, 4 y 5 de la Solicitud de Adjudicación Sumaria**, supra). A tales efectos, no hay otra alternativa que concluir que el DTRH tenía y tiene una obligación legal de cumplir con la concesión y el pago del trienio al parte Apelante, de manera

6

retroactiva al 16 de octubre de 2013, fecha en que éste advino acreedor del mismo.

En cuanto al planteamiento que hace la parte Apelada sobre la sujeción de la concesión y pago del trienio a la situación fiscal de la agencia, es preciso comenzar por analizar nuevamente el texto de la Ley 184-2004, supra. De un análisis ponderado de inciso (3) del Art. 8, Sec. 8.3 de la Ley 184-2004, surge que es **obligación de la agencia** determinar qué empleados son elegibles para recibir el trienio dentro de determinado periodo. Esto es así ya que la misma establece que "...el empleado debe haber provisto servicios satisfactorios durante el período de tres (3) años según evidenciado en sus hojas de evaluaciones. **La autoridad nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración.** La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa". (**Énfasis Nuestro**). En vista de lo antes expuesto y la hermenéutica de la propia ley, es imperativo concluir que es la agencia quien tiene un deber impuesto por ley de determinar quiénes son elegibles para recibir el trienio y quiénes no. Igualmente, siendo el pago del trienio obligación legal, en virtud de la Ley 184-2004, **la agencia viene obligada a presupuestar y conceder dicho aumento, dentro del año fiscal en que el empleado o empleada adviene acreedor(a) del mismo.** <u>En ningún lugar del texto del Art. 8, Sec. 8.3 de la Ley 184-2004, en cuanto a la concesión y el pago del trienio surge que dicha obligación esté condicionada a la situación fiscal de la agencia</u>, contrario a lo establecido en dicha Ley 184-2004, en cuanto a los **aumentos generales**, según los cita la parte Apelada en su Moción en Oposición y en cuanto a los cuales alega que la Ley 184-2004, supra y el Reglamento del DTRH "proveen para ciertos aumentos, por servicios satisfactorios a sus empleados gerenciales no sindicados, <u>siempre y cuando exista los recursos disponibles para conceder los mismos y llevar a cabo ese desembolso de fondos públicos.</u>"(Énfasis en el Original) (**Ver Oposición** presentada por la parte Apelada a las páginas 9-10, las cuales no están numeradas)

7

En cuanto dichos aumentos, El Artículo 8, Sec. 8.3, inciso 5, de la Ley 184-2004, *supra*, establece en cuanto a los aumentos generales, que:

> "Cada autoridad nominadora **podrá** conceder **aumentos generales** a los empleados cubiertos por esta Sección, según los requisitos dispuestos en el anterior inciso (3). Los aumentos **podrán** autorizarse a la totalidad de los empleados, por grupo ocupacional o clasificación cuando se determinen necesarios para atender situaciones de rezago retributivo. Estos aumentos **están condicionados a que la agencia disponga de los recursos fiscales necesarios para su otorgamiento y requerirán la aprobación previa de la Oficina de Gerencia y Presupuesto. (Énfasis Nuestro)**

Igualmente, el Reglamento del DTRH, en su Artículo 12, Sección 12.6, inciso 7 establece en lo pertinente que:

> "**7. Aumentos generales**– El Departamento **podrá** conceder **aumentos generales** a los empleados no sindicados, gerenciales o excluidos de la Ley Núm. 45 de febrero de 1990, según enmendada, que ocupan puestos regulares y que hayan prestado servicios satisfactorios. Los aumentos **podrán** autorizarse a la totalidad de los empleados, por grupo ocupacional o por clasificación cuando se determinen necesarios para atender situaciones de rezago retributivo. Los aumentos **estarán condicionados a la disponibilidad fiscal.**"(**Énfasis Nuestro**)

Como podemos ver, del propio texto de la Ley-184-2004, *supra* y el Reglamento del DTRH se desprende que los **aumentos generales** son discrecionales, según lo establece la palabra "**podrá**". Sin embargo, **el aumento de sueldos por años de servicio o trienio, no es discrecional, ni está condicionado o limitado por la situación fiscal de la agencia, sino que es una obligación legal ineludible, contrario a los aumentos generales que son discrecionales y sí están sujetos a la situación fiscal de la agencia.** Así lo establecen la propia Ley 184-2004, *supra* y el Reglamento del DTRH. Sin embargo, la parte Apelada pretende fundamentar su incumplimiento en unas consideraciones que el Legislador no contempló ni aprobó como parte de la Ley-184-2004, *supra*, ni tampoco el DTRH al aprobar su Reglamento.

En cuanto al Reglamento del DTRH, es preciso señalar que en el campo del derecho administrativo, las agencias pueden aprobar reglamentos cuando se les haya conferido dicho poder por disposición legal. Las reglas y reglamentos promulgados por una agencia al amparo de las facultades conferidas en su ley habilitadora, **son normas con fuerza de ley** aplicables a las personas que violenten

8

alguna de sus disposiciones. Es norma reiterada que las agencias tienen que cumplir con las normas que hayan aprobado, puesto que **no puede quedar a su voluntad el reconocer o no derechos que ellos mismos han otorgado por virtud de su reglamentación**. De esta forma, se limita su discreción. Hernández, Álvarez v. Centro Unido, 168 D.P.R. 592, 629 (2006); Comité de Vecinos v. Junta de Planificación, 147 D.P.R. 750, 764-765 (1999). (**Énfasis Nuestro**). Una vez el organismo administrativo adopta una norma administrativa, **debe cumplirla y aplicarla en la manera en que está concebida, sirviendo siempre a los propósitos, objetivos y política pública que la forjaron**. Además, la agencia viene obligada a velar porque los requisitos estatutarios establecidos en su reglamento sean cumplidos. T-JAC. Inc v. Caguas Centrum Limited, 148 D.P.R. 70, 81 (1999). (**Énfasis Nuestro**). Como vemos, la aplicación de los reglamentos según concebidos y aprobados por los organismos gubernamentales no queda al arbitrio de la autoridad nominadora, sino que éstos tienen que, luego de aprobados, aplicar los mismos según su contenido y no pueden aplicar los mismos de manera selectiva y arbitraria. A tales efectos, es una obligación legal que el DTRH aplique lo contenido en el Artículo 12, Sección 12.6, inciso 5 de su Reglamento y en su consecuencia conceda y pague retroactivamente el trienio al Apelante, efectivo el 16 de octubre de 2013, fecha en que este advino acreedor del mismo.

Aún más, de la evidencia presentada por la parte Apelante surge que el propio DTRH reconoce la obligación del pago del trienio al Apelante, tanto así que el 10 de noviembre de 2013, la Sra. Sara I. Luciano Delgado, entonces Secretaria Auxiliar de Recursos Humanos del Departamento del Trabajo, **reconoció que el Apelante es acreedor para recibir el aumento por años de servicio o trienio, efectivo el 16 de octubre de 2013**. (Ver **Exhibit 5 de la Solicitud de Adjudicación Sumaria**, supra) Esto demuestra claramente que la agencia reconoce el deber legal que constituye la concesión y pago del trienio que establece la Sección 8.3, inciso 3, de la Ley 184-2004, y el Reglamento del DTRH.

Por otra parte, la Sección 19 del Artículo III de la Constitución del Estado Libre Asociado de Puerto Rico, establece el proceso de aprobación de leyes. La Constitución **delega todo el poder legislativo en la Asamblea Legislativa**. Ver, Nogueras v. Hernández Colón (1), 127 D.P.R. 405 (1990), citando R. Serrano Geyls, Derecho Constitucional de Estados Unidos y Puerto Rico, San Juan, Ed. C. Abo. P.R., 1986, Vol. I, págs. 206-209 y 337-338.

Conforme este poder, "la Asamblea Legislativa de Puerto Rico **puede legislar sobre cualquier asunto que afecte el bienestar de los puertorriqueños**." Nogueras v. Hernández Colon (1), supra, citando P.I.P. v. C.E.E., 120 D.P.R. 580, 620-621(1988). Véase, además: L.H. Tribe, American Constitutional Law, 2da ed., Nueva York, Ed. Foundation Press, 1988, págs. 298-300; 2 Treatise on Constitutional Law: Substance and Procedure, Sec. 23.38, pág. 521 (1986). Una vez aprobada una ley, la misma **es y se presume constitucional** hasta **que se resuelva lo contrario**. Rexach v. Ramírez, 162 D.P.R. 130 (2004); Nogueras v. Hernández Colón (1), supra. (**Énfasis Nuestro**)

A su vez, el Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14, dispone que cuando la ley es clara y libre de ambigüedad, la letra de la ley no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. Igualmente, es un principio elemental de hermenéutica que a toda ley se le dará la interpretación que mejor responda a los propósitos que persigue. Los tribunales deben interpretar la ley como un ente armónico, dándole sentido lógico a sus diferentes disposiciones, supliendo las posibles deficiencias cuando esto fuere necesario. Sucn. Álvarez v. Secretario de Justicia, 150 DPR 252 (2000). Cabe recordar que, en materia de interpretación estatutaria, las reglas de hermenéutica establecen que cuando el texto de la ley es claro y libre de ambigüedad **hay que ceñirse al mismo**. Es decir, cuando el texto de la ley es claro y libre de ambigüedad **no debe ser sustituido** bajo el pretexto de cumplir con los propósitos legislativos. Irizarry v. Johnson & Johnson, 150 D.P.R. 155 (2000). (**Énfasis Nuestro**). Esto lo reconoce expresamente la parte Apelada cuando en su propio escrito cuando hace referencia a las reglas de hermenéutica en nuestro

10

ordenamiento civil. (**Ver Oposición** presentada por la parte Apelada a las páginas 8-9, las cuales no están numeradas)

El legislador, al presentar y aprobar la Ley 184-2004, expone en el Artículo 2, sección 2.2 de ésta, lo siguiente:

"Artículo 2.- **DECLARACIÓN DE POLÍTICA PÚBLICA**

Sección 2.2.-Objetivos
La **aplicación de la política pública expuesta, persigue alcanzar como meta los más altos niveles de excelencia, eficacia, eficiencia y productividad en el servicio público**, mediante los siguientes objetivos:
1. Lograr una gerencia de los recursos humanos orientada por criterios de uniformidad y **equidad**.
2. **Mantener un clima de armonía y satisfacción en el trabajo, que redunde en un alto grado de motivación, productividad y compromiso de servicio** entre los empleados.
3. Lograr que la prestación de servicios públicos propenda y asegure el continuo desarrollo económico y social de Puerto Rico, la mayor justicia social y el disfrute pleno de los derechos consagrados en la Carta de Derechos de nuestra Constitución
4. Ofrecer igualdad en el empleo en el servicio público
5. <u>Reconocer y retribuir justamente</u> **las aportaciones de los empleados al logro de las metas organizacionales** y permitir a la gerencia mayor flexibilidad en la administración del sistema de retribución, para lograr un sistema de administración de recursos humanos más dinámico y efectivo." (**Énfasis Nuestro**)

Este articulado reconoce claramente **la intención del legislador** al redactar y aprobar la ley 184-2004, en cuanto a **la expresa política pública de, entre otras cosas, reconocer y retribuir justamente a los empleados públicos.**

Sin embargo, la parte Apelada expuso en su Oposición que no procede la concesión y el pago del trienio al Apelante y se debe dictar Resolución a favor de la Parte Apelada, descansando en el Artículo 11 de la Ley 66-2014, la cual "prohíbe la concesión de aumentos de sueldo por años de servicio, servicio meritorio, retribución adicional por habilidades o competencia y aumentos generales" y arguyendo que la misma es de aplicación al caso de autos. No no le asiste la razón.

**La efectividad de dicha Ley 66-2014, es de aplicación prospectiva** y, habiendo el Apelante advenido acreedor para la concesión y el pago del trienio previo a la aprobación y vigencia de la misma, la cual entró en vigor el 17 de junio

11

de 2014, **el Artículo 11 de dicha Ley 66-2014 no es de aplicación al reclamo que nos ocupa.** Véase el Artículo 35 de la Ley 66-2014, el cual establece que "[e]sta Ley entrará en vigor inmediatamente luego de su aprobación".

Respecto al concepto de la retroactividad de las leyes, el Artículo 3 del Código Civil de Puerto Rico, 31 L.P.R.A. Sec. 3, dispone que:

> "**Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario.**
> **En ningún caso** podrá el efecto retroactivo de una ley perjudicar <u>los derechos adquiridos al amparo de una legislación anterior</u>." (Énfasis Nuestro)

El principio de la no retroactividad de las leyes recogido en dicho artículo constituye un postulado jurídico fundamental, que sólo cede ante determinadas y supremas circunstancias que hayan sido establecidas concretamente por el legislador. <u>Nieves Cruz v. U.P.R.</u>, 151 D.P.R. 150 (2000).

La intención de la Asamblea Legislativa de dar efecto retroactivo a una ley, por ser un acto excepcional **debe aparecer expresamente o surgir claramente del estatuto.** <u>Nieves Cruz v. U.P.R.</u>, supra, a la pág. 158; <u>Vázquez v. Morales</u>, 114 D.P.R. 822 (1983); <u>Guardiola Pérez v. Morán</u>, 114 D.P.R. 477 (1983). Si la nueva disposición legislativa no expresa de modo claro e inequívoco que tendrá efecto retroactivo, entonces **la ley aplicable al asunto es la que estaba vigente cuando ocurrieron los hechos que dan lugar a la causa de acción.** <u>Nieves Cruz v. U.P.R.</u>, supra, a la pág. 159; <u>Arce Oliveras v. E.L.A.</u>, 122 D.P.R. 877 (1988).

En cuanto a dicho particular y haciendo referencia a la propia Ley 66-2014, el Tribunal de Apelaciones tuvo recientemente la oportunidad de evaluar la aplicación retroactiva de dicha Ley en un caso procedente de esta Comisión, <u>Noel Hernández López, et als. v. Comisión Apelativa del Servicio Público</u>, KLRA201500810, resuelto el 27 de octubre de 2015. En <u>Hernández López v. Comisión Apelativa del Servicio Público</u>, supra, se determinó que los apelantes, un grupo de empleados de carrera de la Comisión, excluidos de la Ley 45-1998, habían perfeccionado un derecho al Bono de Navidad al éstos cumplir con los seis meses de servicios prestados y $8,000 devengados, contados desde el 1 de

diciembre del año que antecedía, o sea, en el año 2013. Por tanto, los referidos empleados, tenía un derecho a devengar el bono desde el 1 de junio de 2014, o dicho de otra manera, 16 días antes de la vigencia de la Ley 66-2014, independientemente, que su pago no procediera, por ley, hasta el 30 de noviembre de 2014. Así, las cosas, es Tribunal de Apelaciones determinó que erró la Comisión, "toda vez que le aplicó retroactivamente las disposiciones de la *Ley Núm. 66-2014* al Bono de Navidad del año 2014."

A base de lo antes expuesto, notamos que la Apelación del caso de epígrafe contiene una controversia entre dos disposiciones legales, a saber, el Artículo 8, Sección 8.3 de la Ley 184-2004, supra, sobre el aumento por años de servicio o 'trienio', y la prohibición de pago contenida en el Artículo 11(b)(vii) de la Ley 66-2014.

Según lo resuelto por el Tribunal de Apelaciones en <u>Hernández López et als. v. Comisión Apelativa del Servicio Público</u>, supra, el derecho del Apelante al trienio **se perfeccionó el día 16 de octubre de 2013**. La aplicabilidad de la prohibición de pago contenida en la Ley 66-2014, supra, no depende del ejercicio de un derecho, sino, como determinó el Tribunal de Apelaciones, del perfeccionamiento del mismo.

Siendo la Ley 66-2014 una de aplicación prospectiva, **la misma no puede incidir sobre, ni ser de aplicación a un derecho que <u>fue adquirido</u> previo a la aprobación de la misma**. Permitir esto sería permitir una aplicación retroactiva de la misma, lo cual el legislador no contempló ni aprobó, expresa ni implícitamente. El trienio del cual el Apelante es acreedor es un derecho adquirido mucho antes de la vigencia de la Ley 66-2014. El pretender la parte Apelada que se le aplique el Artículo 11 de dicha Ley 66-2014, a la situación de hechos que nos ocupa en el caso de autos conllevaría la aplicación retroactiva de un estatuto que claramente no vislumbra dicha retroactividad. Incluso, la propia Ley 66-2014, supra, provee para casos como el de autos, en los cuales se adquirió un derecho previo a la vigencia de la misma, cuando establece la manera en que se

13

pagarán las Sentencias o Resoluciones obtenidas en contra del Estado y sus instrumentalidades durante la vigencia de la misma.

En conclusión, el derecho del Apelante al aumento por años de servicio o 'trienio' se perfeccionó el 16 de octubre de 2013, cuando el estado de derecho vigente contemplaba la concesión y el pago del trienio, por lo que no puede aplicársele a éste, retroactivamente, la prohibición de este tipo de pagos contenida en el Artículo 11 de la Ley 66-2014, supra.

Por las razones antes esbozadas, se recomienda muy respetuosamente a esta Comisión que declare **HA LUGAR** la **Apelación** presentada en el caso de autos y **ORDENE** al Departamento del Trabajo y Recursos Humanos, otorgar y pagar al Apelante el aumento de sueldo por años de servicio o trienio al cual tiene derecho, correspondiente a un incremento de un cinco por ciento (5%) de su sueldo actual y pagar dicho aumento retroactivamente, con fecha de efectividad del 16 de octubre de 2013.

**Respetuosamente Sometido.**

En San Juan, Puerto Rico, a _____ de _____ de 201\_\_\_\_\_.


---

**CARMEN T. LUGO SOMOLINOS**
Comisionada Asociada

14