# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | ) |
| | ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) PROMESA <br> ) Title III <br> ) <br> ) Case No. 17-bk-03283 (LTS) |
| as representative of | ) |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) |
| Debtor. | ) |
| | X |
| In re: | ) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) PROMESA <br> ) Title III |
| as representative of | ) Case No. 17-cv-01685 (LTS) <br> ) Case No. 17-bk-03566 (LTS) <br> ) **Re: ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) |
| Debtor. | ) |
| | X |

**URGENT MOTION OF DEBTOR REGARDING THE SCHEDULING OF DISCOVERY AND BRIEFING IN CONNECTION WITH THE MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY**

To the Honorable United States District Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:

1. The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, respectfully submits this urgent motion regarding the scheduling of discovery and briefing in connection with the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 367 in Case No. 17-bk-03566] (the "Stay Relief Motion").

**Background**

2. On February 25, 2019, the Court entered its *Order Granting Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 371 in Case No. 17-bk-03566] (the "Scheduling Order").

3. On March 8, 2019, Debtor and Movants[1] (together, the "Parties") filed a *Joint Informative Motion Regarding Consensual Extension of Deadlines for Debtor and Movants to*

---

[1] Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I,

*Serve Responses and Objections to Requests for Admission and Interrogatories* [Docket No. 380 in Case No. 17-bk-03566] (the "First Joint Informative Motion"), in which the Parties informed the Court of their intention to propose a revised schedule for the Stay Relief Motion. The Parties further informed the Court that they would submit a joint proposed schedule if possible, or alternative proposals, no later than Tuesday, March 12, 2019.

4. Since March 8, 2019, the Parties have conferred by telephone and by email concerning a proposed schedule. The Parties have made similar proposals concerning several proposed events but have not agreed upon a full proposed schedule.

5. On March 12, 2019, the parties filed a *Joint Informative Motion Regarding the Scheduling of Discovery and Briefing in Connection with the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 387 in Case No. 17-bk-03566] (the "Second Joint Informative Motion"), in which the Parties informed the Court of their continued intention to propose a revised schedule for the Stay Relief Motion. The Parties informed the Court that they would submit a joint proposed schedule if possible, or alternative proposals, no later than Thursday, March 14, 2019.

6. On March 13, 2019, in response to a proposal by Movants that included two rounds of discovery motion practice, Debtor proposed a schedule that provided for the second round of motion practice to address discovery issues, but proposed a different schedule that accommodated the additional motion practice and subsequent pre-hearing events.

---

Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

3

7. On March 14, 2019, Movants responded with a proposed schedule that set forth an even more compressed timeline than outlined in their March 13 proposal.

8. The Parties' current proposed schedules are:

| February 25, 2019 Scheduling Order | Event | Debtor's Proposal | Movants' Proposal |
|---|---|---|---|
| March 6 | Deadline for completion of exchange of documents and exchange of privilege logs with respect to non-ESI production | March 15 | Same |
| | Meet-and-confer on outstanding discovery issues | March 18 | Same |
| | Deadline for motions to compel | March 21 | Same |
| | Deadline for oppositions | March 25 | Same |
| | Deadline for replies | March 27 | Same |
| | Hearing on motions to compel | March 29 | Same |
| | Deadline for service of supplemental privilege logs, if so ordered by Judge Dein | April 10 | April 5 |
| | Deadline for completion of supplemental document productions, if so ordered by Judge Dein | April 10 | April 10 |
| | Meet-and-confer on outstanding discovery issues | April 15 | April 8 |
| | Deadline for motions to compel on remaining discovery issues | April 17 | April 9 |
| | Deadline for oppositions | April 23 | April 12 |
| | Deadline for replies | April 24 | April 16 |

4

| **February 25, 2019 Scheduling Order** | **Event** | **Debtor's Proposal** | **Movants' Proposal** |
|---|---|---|---|
| | Hearing on motions to compel | April 25 | April 18 |
| | Deadline for completion of additional document productions, including ESI, and service of supplemental privilege logs, if so ordered by Judge Dein | April 30 | April 24 |
| March 13 | Deadline for completion of depositions | May 7 | April 28 |
| March 18 | Deadline for filing supplemental briefs and declarations in support | May 13 | April 30 |
| March 20 | Deadline for each party to file a list of declarations and exhibits it plans to introduce as its principal case. | May 15 | May 2 |
| March 20 | Deadline for reply briefs, objections to declarations & exhibits, and designation of witnesses for cross- examination, including anticipated timing and topics | May 16 | May 2 |
| March 21 | Deadline for filing of compilations of listed declarations & exhibits and providing of copies to Judge Swain in New York | May 17 | May 3 |
| March 22 | Final Hearing before Judge Swain (New York)[2] | May 21 | May 6 |

---

[2] Given prior commitments, the Parties agree the final hearing on the Stay Relief Motion should not be scheduled on May 16 or 17.

5

9. The Debtor agrees that the Official Committee of Retired Employees of Puerto Rico and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) shall participate in the litigation by (i) filing any briefs on the same schedule as the Oversight Board, (ii) being heard at any hearing(s), (iii) receiving copies of all documents and information served in discovery, and (iv) attending all depositions.

10. The Parties previously have agreed that the automatic stay will remain in place through the resolution of the Stay Relief Motion.

11. However, in view of the Parties' disagreement concerning the schedule, Debtor now moves the Court to enter its proposed schedule to govern the Stay Relief Motion.

## **Argument**

12. The Court should reject Movants' proposed schedule because it is unworkable and unnecessarily compressed:

(i) it provides only four days—two of which fall on a weekend—between the completion of document production (April 24) and the completion of depositions (April 28);

(ii) it provides only two days between the completion of depositions (April 28) and the filing of supplemental briefs (April 30), and only five business days (7 days total) between the completion of depositions (April 28) and the final hearing on the Stay Relief Motion (May 6). Even if certain depositions can be completed before the final two non-weekend days following the completion of document production, this schedule leaves very little time to prepare supplemental filings ahead of the final hearing; and

6

(iii) it provides only two days between the proposed deadlines for (1) filing supplemental briefs and declarations (April 30), and (2) the deadline for filing reply briefs, objections to declarations and exhibits, and designation of witnesses for cross-examination (May 2). In addition, it provides only two additional days for the Court to review the Parties' filings before the final hearing on the Stay Relief Motion (May 6).

13. Movants' proposal is also unworkable because their proposed final hearing date on the Stay Relief Motion falls just two days before the Court's hearing on the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce their Statutory Right to Have a Receiver Appointed* [Docket No. 975 in Case No. 17-bk-4780], a fact that Debtor's counsel conveyed to Movants' counsel. This is not only unworkable for the various Government Parties and their counsel also participating in that hearing, but places significant pressure on the Court to review and consider the Parties' filings in this matter on an unnecessarily compressed schedule.

14. Movants' proposed schedule also, at times, makes little sense. For example, Movants propose the Parties produce supplemental privilege logs five days *before* their supplemental production of documents, and to meet and confer regarding outstanding discovery issues before even completing any supplemental production.

15. In contrast, Debtor's proposed schedule eliminates these issues by providing Parties with sufficient time for discovery and briefing, and the Court with an opportunity to fully consider the issues on the Stay Relief Motion. Among other things, while Debtor does not agree that a second round of motion practice is necessary, Debtor's proposal builds in sufficient time for that

7

litigation if it is needed, while also allowing time for the Court to review and consider the Parties' filings and positions concerning the Stay Relief Motion.

16. Pursuant to Paragraph I.H of the *Eighth Amended Notice, Case Management and Administrative Procedures* [Docket No. 4866-1 in Case No. 17-bk-03283], Debtor hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court; and met and conferred in advance of filing this Urgent Motion but were unable to reach agreement. Debtor anticipates Movants will file a competing proposed schedule.

17. Counsel for the Official Committee of Retired Employees of Puerto Rico and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) have represented that each consents to entry of the proposed order attached hereto as **Exhibit A**.

## **No Prior Request**

18. No prior request for relief sought in this Urgent Motion has been made to this or any other court.

19. Wherefore, Debtor respectfully requests that the Court enter a scheduling order substantially in the form attached hereto as **Exhibit A**.

*[Remainder of page intentionally left blank]*

Dated: March 14, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*


*/s/ William Sushon*
John J. Rapisardi
Suzzanne Uhland
Peter Friedman

9

William Sushon
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
Carolina Velaz-Rivero
USDC No. 300913
**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494
lmarini@mpmlawpr.com
cvelaz@mpmlawpr.com

*Co-Attorneys for the Puerto Rico Fiscal Agency
and Financial Advisory Authority*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: March 14, 2019 */s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli

**Exhibit A**

**[PROPOSED] ORDER GRANTING URGENT MOTION OF DEBTOR REGARDING THE SCHEDULING OF DISCOVERY AND BRIEFING IN CONNECTION WITH THE MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the *Urgent Motion of Debtor Regarding the Scheduling of Discovery and Briefing in Connection with the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (the "Scheduling Motion"), filed by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor"),[3] by and through the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Financial Oversight and Management Board (the "Oversight Board"), as representative of ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), to extend the discovery and briefing schedule for the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (the "Stay Relief Motion"); the Court having reviewed the Scheduling Motion and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Scheduling Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Scheduling Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; therefore, it is hereby ORDERED that:

---

[3] Capitalized terms used but not defined herein have the meaning given them in the Scheduling Motion.

1. The Scheduling Motion is **GRANTED** as set forth herein.

2. The following schedule shall apply for consideration of the Stay Relief Motion:

    a. March 15, 2019: Deadline for completion of exchange of documents and exchange of privilege logs.

    b. March 18, 2019: Deadline to meet and confer on outstanding discovery issues.

    c. March 21, 2019: Deadline for motions to compel.

    d. March 25, 2019: Deadline for oppositions to motions to compel.

    e. March 27, 2019: Deadline for replies in support of motions to compel.

    f. March 29, 2019: Hearing on motions to compel.

    g. April 10, 2019: Deadline for completion of supplemental document productions, including ESI, and service of supplemental privilege logs, if so ordered.

    h. April 15, 2019: Deadline to meet and confer on remaining discovery issues.

    i. April 17, 2019: Deadline for motions to compel on remaining discovery issues.

    j. April 23, 2019: Deadline for oppositions to motions to compel on remaining discovery issues.

    k. April 24, 2019: Deadline for replies in support of motions to compel on remaining discovery issues.

    l. April 25: Hearing on motions to compel.

    m. April 30, 2019: Deadline for completion of additional document productions and service of supplemental privilege logs, if so ordered.

    n. May 7, 2019: Deadline for completion of depositions

    o. May 13, 2019: Deadline for filing supplemental briefs and declarations in support of those briefs.

    p. May 15, 2019: Deadline for each Party to file a list of declarations and exhibits it plans to introduce as its principal case.

    q. May 16, 2019: Deadline for filing reply briefs, objections to declarations and exhibits, and designation of witnesses for cross-examination, including anticipated timing and topics.

    r. May 17, 2019: Deadline for filing compilations of listed declarations and exhibits and providing copies to Judge Swain's New York chambers.

    s. May 21, 2019: Final Hearing on the Stay Relief Motion in New York.

3. The Official Committee of Retired Employees of Puerto Rico and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) shall participate in the litigation by (i) filing any briefs on the same schedule as the Oversight Board, (ii) being heard at any hearing(s), (iii) receiving copies of all documents and information served in discovery, and (iv) attending all depositions.

4. The automatic stay will remain in place through the resolution of the Stay Relief Motion.

Dated: _____, 2019.        SO ORDERED:

                                                            _____
                                                            LAURA TAYLOR SWAIN
                                                            United States District Judge