**Hearing Date: June 12, 2019 at 9:30 a.m. AST**
**Objection Deadline: April 8, 2019** (for parties other than the Fee Examiner)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### SUMMARY COVER SHEET TO THE FIFTH APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Services To: | The Official Committee of Retired Employees of the Commonwealth of Puerto Rico |
| Retention Date: | June 27, 2017 |

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Period for which compensation is sought: | October 1, 2018 through January 31, 2019 |
| Monthly Fee Statements subject to the request: | October 2018—January 2019 |
| Total compensation sought this period: | $ 925,735.00 |
| Total adjustment to offset the 29% withholding tax on professional fees not in existence at the commencement of FTI's engagement: | $ 74,704.99 |
| Total expenses sought this period: | $ 7,902.99 |
| Petition Date: | May 3, 2017 |
| Retention Date: | June 27, 2017 |
| Date of Order Approving Employment: | October 6, 2017 |
| Total compensation approved by interim order to date: | $ 4,782,442.11 |
| Total expenses approved by interim order to date: | $ 47,400.23 |
| Total compensation paid to date: | $ 5,179,908.62 |
| Total expenses paid to date: | $ 70,127.50 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Blended rate in this application for all professionals: | $ 555 |
| Number of Professionals Included in this Application: | 18 |
| Difference Between Fees Budgeted and Compensation Sought: | Not Applicable |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 6 |
| Rates Higher than Those Disclosed at Retention: | FTI adjusted some professionals' hourly rates to be reflective of promotions and other periodic rate adjustments as of January 1, 2019. All time recorded is at the current rates, which are reflected herein. |

2

The fee or expense totals in this application are not different from the sum of previously-served monthly statements.

This is an ***interim*** application.

The total time expended for fee application preparation during this Interim Fee Period is approximately 127.8 hours and the corresponding compensation requested is approximately $62,359.00.

Objection Deadline:                                    April 8, 2019 (for parties other than the Fee Examiner)

**SUMMARY OF FTI CONSULTING, INC. HOURS WORKED AND FEES INCURRED BY TASK CODE BY LOCATION
FOR THE PERIOD OCTOBER 1, 2018 TO JANUARY 31, 2019**

| Professional | Position | Blended Billing Rate | Mainland Fees | | On-island Fees | | Total Fees | |
|---|---|---|---|---|---|---|---|---|
| | | | Hours | Fees | Hours | Fees | Total Hours | Total Fees |
| Gumbs, Sean | Senior Managing Director | 1,081 | 211.8 | $ 228,821.00 | 10.5 | $ 11,417.50 | 222.3 | $ 240,238.50 |
| Heeren, Ana | Senior Managing Director | 753 | 32.5 | 24,482.50 | - | - | 32.5 | 24,482.50 |
| Simms, Steven | Senior Managing Director | 1,110 | 7.9 | 8,768.50 | - | - | 7.9 | 8,768.50 |
| Fish, Mark | Managing Director | 675 | 2.0 | 1,350.00 | - | - | 2.0 | 1,350.00 |
| Grunwald Kadar, Andrea | Managing Director | 915 | 45.3 | 41,449.50 | - | - | 45.3 | 41,449.50 |
| Park, Ji Yon | Managing Director | 864 | 126.0 | 108,890.00 | - | - | 126.0 | 108,890.00 |
| Garcia Pelaez, Andres | Director | 455 | 12.6 | 5,727.50 | - | - | 12.6 | 5,727.50 |
| Emerton, Charlie | Senior Consultant | 490 | 49.6 | 24,304.00 | - | - | 49.6 | 24,304.00 |
| Martins, Nathalia | Senior Consultant | 425 | 0.5 | 212.50 | - | - | 0.5 | 212.50 |
| Sombuntham, Natalie | Senior Consultant | 553 | 381.6 | 211,128.00 | - | - | 381.6 | 211,128.00 |
| Gladding, Robert | Consultant | 280 | 103.5 | 28,980.00 | - | - | 103.5 | 28,980.00 |
| Maag Pardo, Sebastian | Consultant | 302 | 26.8 | 8,100.00 | - | - | 26.8 | 8,100.00 |
| Maassen, Thomas | Consultant | 350 | 218.3 | 76,405.00 | - | - | 218.3 | 76,405.00 |
| Madrazo, Julia | Consultant | 325 | 11.1 | 3,607.50 | - | - | 11.1 | 3,607.50 |
| Seeger, Kean | Consultant | 315 | 133.2 | 41,958.00 | - | - | 133.2 | 41,958.00 |
| Teixeira, Anabel | Consultant | 250 | 9.2 | 2,300.00 | - | - | 9.2 | 2,300.00 |
| Tirabassi, Kathryn | Consultant | 393 | 266.3 | 104,649.00 | - | - | 266.3 | 104,649.00 |
| Hellmund-Mora, Marili | Associate | 272 | 20.7 | 5,627.00 | - | - | 20.7 | 5,627.00 |
| **SUBTOTAL** | | | **1,658.9** | **$ 926,760.00** | **10.5** | **$ 11,417.50** | **1,669.4** | **$ 938,177.50** |
| Less: 50% discount for non-working travel time | | | | (12,442.50) | | - | | (12,442.50) |
| **TOTAL BEFORE WITHHOLDING** | | | **1,658.9** | **$ 914,317.50** | **10.5** | **$ 11,417.50** | **1,669.4** | **$ 925,735.00** |

4

**Hearing Date: June 12, 2019 at 9:30 a.m. AST**
**Objection Deadline: April 8, 2019** (for parties other than the Fee Examiner)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### FIFTH INTERIM APPLICATION OF FTI CONSULTING, INC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

To the Honorable United States District Court Judge Laura Taylor Swain:

FTI Consulting, Inc. ("**FTI**"), financial advisor for The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III cases (the "**Title III Cases**"), hereby submits this fifth application

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

("**Application**") for allowance of compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services, for the period from October 1, 2018 through January 31, 2019 (the "**Interim Period**"). FTI submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* ("**Retention Order**") [Dkt. No. 1413]; the *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Interim Compensation Order**") [Dkt. No. 1715]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("**Second Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**"); the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**"); and

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

the Court's *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness requirements for Professional Fee Applications* (the "**Presumptive Order**") [Dkt. No. 3932].  In support of the Application, FTI submits the Certification of Sean A. Gumbs (the "**Gumbs Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

<u>**Preliminary Statement**</u>

1.     FTI provided services to the Retiree Committee in accordance with the instructions and directions of the Retiree Committee and its counsel.  The Retiree Committee represents approximately 167,000 retired employees of the Commonwealth and various governmental bodies and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories (the "**Retirees**").  The Retirees' pensions are underfunded by at least $58 billion.  They are the largest group of creditors in these Title III Cases.

2.     During the Interim Period, FTI performed a variety of financial advisory services that were necessary and appropriate for the efficient and economical advancement of the Retiree Committee's interests in the Title III Cases, including, among other things: performing in-depth diligence of multiple fiscal plans issued and the key underlying assumptions; analyzing proposed modifications to Retiree's pension, healthcare and other benefits and the economic impact related thereto; meeting and conferring with the Retiree Committee, its counsel and actuarial consultants on key case issues impacting Retirees; monitoring key case developments in the island, including updates on various on-going litigations, hurricane aid status, and other on-island news; monitoring the mainland media coverage of the case, as well as developing media communications strategies in coordination with the Retiree Committee's local communications advisors; and engaging in

3

mediation discussions, including, but not limited to, confidential settlement negotiations with various constituencies.

3.      FTI's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees were properly represented and safeguarded in these Title III Cases. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

4.      By this Application, FTI seeks allowance of (i) compensation for actual and necessary professional services rendered by FTI as financial advisor to the Retiree Committee for the Interim Period in the amount of $925,735.00, (ii) offset to the 29% withholding tax on professional fees not in effect at the time of FTI's retention in the amount of $74,704.99, and (iii) reimbursement for actual and necessary expenses incurred in the Interim Period in the amount of $7,902.99, for a total of $933,637.99 before the offset for 29% withholding tax on professional fees ($1,008342.98 after offset) for the Interim Period.

5.      This Application summarizes the services rendered by FTI on behalf of the Retiree Committee during the Interim Period.  While it is not possible or practical to describe every activity undertaken by FTI, FTI has maintained contemporaneous time records which include a detailed chronology of the daily services rendered, describing the precise nature of the work, the specific tasks performed, and the time expended by each professional.  A breakdown of the hours and fees by professional and by location of work performed is annexed hereto as Exhibit B. A breakdown of the hours and fees by task code and by location of work performed is annexed hereto as Exhibit C. A detailed copy of the time records of work performed on the mainland for the Interim Period is annexed hereto as Exhibit D. A detailed copy of the time records of work performed on the island for the Interim Period is annexed hereto as Exhibit E.

6.    FTI has incurred out-of-pocket disbursements during the Interim Period broken down into categories of charges itemized in Exhibit F. A detailed breakdown of these charges is annexed hereto as Exhibit G.  Each charge incurred by FTI was necessary and reasonable, and was incurred as a direct result of FTI's representation of the Retiree Committee.

7.    In accordance with the Interim Compensation Order, FTI has requested payment for 90% of the fees for actual and necessary legal services incurred during the Interim Period in the amount $833,161.50 and for 100% of the expenses incurred during the Interim Period in the amount of $7,902.99 for a total payment amount of $841,064.49.

8.    As of the date of this Application, FTI is owed $508,328.60 for professional fees before taxes withholdings ($505,101.60 after 7% taxes withholdings on on-island fees) and $1,847.32 for actual and necessary expenses for a total of $510,175.92. FTI reserves all rights to dispute the amount of taxes withheld from the payment of this Fee Application and any other Fee Statements and Fee Applications.

**Jurisdiction**

9.    The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

10.    Venue is proper pursuant to PROMESA section 307(a).

11.    FTI makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

**Background**

12.    On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the

Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.   On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

14.   On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

15.   On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

16.   On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

17.   Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015.  [See Dkt. Nos. 242, 537, 1417.]

18.   On June 15, 2017, the U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, Rosario Pacheco, and José Marin6.  [Dkt. No. 340.]

---

[6] José Marin resigned from the Retiree Committee effective April 12, 2018.

## FTI's Retention and Fee Request

19.   On June 27, 2017, the Retiree Committee selected FTI as its financial advisor.  On August 4, 2017, the Retiree Committee filed its Application for an Order Approving the Employment of FTI Consulting, Inc. (the "**Retention Application**") [Dkt. No. 877] pursuant to section 105(a) and 1103 of the Bankruptcy Code.[7]

20.   On October 6, 2017, the Court entered the Retention Order [Dkt. No. 1413] approving FTI's retention as financial advisor to the Retiree Committee, effective June 27, 2017, on the terms and conditions identified in the Retention Application.  Pursuant to the Retention Order, FTI is entitled to compensation on an hourly fee basis for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

21.   On October 6, 2017, the Court entered an Order appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.  [Dkt. No. 1416.]

22.   On December 15, 2017, FTI filed its First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 Through September 30, 2017 (the "**First Interim Application**") [Dkt. No. 2051], seeking $660,431.00 in compensation and $5,298.34 in expenses.  On March 7, 2018, the Court entered an Order approving the First Interim Application (the "**First Interim Order**") [Dkt. No. 2685] in the amount of $658,246.00 in compensation and $5,072.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

---

[7] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 328.  Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a).  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

23. On March 19, 2018, FTI filed its Second Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1, 2017 Through January 31, 2018 (the "**Second Interim Application**") [Dkt. No. 2740], seeking $1,127,271.50 in compensation and $21,853.96 in expenses.  On June 8, 2018, the Court entered an Order approving the Second Interim Application (the "**Second Interim Order**") [Dkt. No. 3279] in the amount of $1,103,717.11 in compensation and $5,408.35 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

24. On July 16, 2018, FTI filed its Third Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2018 Through May 31, 2018 (the "**Third Interim Application**") [Dkt. No. 3543], seeking $1,877,094.50 in compensation and $18,368.45 in expenses.  On November 9, 2018, the Court entered an Order approving the Third Interim Application (the "**Third Interim Order**") [Dkt. No. 4200] in the amount of $1,822,094.50 in compensation and $18,368.45 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI.

25. On November 16, 2018, FTI filed its Fourth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from June 1, 2018 through September 30, 2018 (the "**Fourth Interim Application**") [Dkt. No. 4269], seeking $1,235,884.50 in compensation and $18,551.08 in expenses. On March 14, 2019, the Court entered an Order approving the Fourth Interim Application (the "**Fourth Interim Order**") [Dkt. No. 5654] in the amount of $1,198,384.50 in compensation and $18,551,08 in expenses, reflecting certain reductions recommended by the Fee Examiner and agreed to by FTI. FTI has received 90% of the fees requested after 7% taxes withholdings on on-island fees and 100% of the expense reimbursements requested. A payment of $88,273.45 is still due, comprised of holdback for the

8

Interim Period before taxes withholdings ($85,845.67 after 7% taxes withholdings on on-island fees) net of reductions recommended by the Fee Examiner and agreed to by FTI.

26.   For the Fifth Interim Period, FTI has received 90% of the fees requested after 7% taxes withholdings on on-island fees and 100% of the expense reimbursements requested for the months of October and November 2018. FTI has not received any payment for the months of December 2018 and January 2019. A payment of $420,055.15 in fees is still due, comprised of 90% of fees requested for the months of December 2018 and January 2019 and holdback for the Interim Period before taxes withholdings ($419,255.93 after 7% taxes withholdings on on-island fees). A payment of $1,847.32 in expenses is still due, comprised of 100% of expenses requested for the months of December 2018 and January 2019, for a total payment outstanding of $421,902.47 before taxes withholdings ($421,103.25 after 7% taxes withholdings on on-island fees).

27.   FTI's fees are based upon hours charged, recorded in tenth of an hour increments, at FTI's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by FTI on behalf of the Retiree Committee.  FTI periodically adjusts its rates, generally at the start of each calendar year.

28.   On December 10, 2018, the Commonwealth enacted Public Law No. 257-2018, which imposes a 29% tax on law firm and contractor fees for work performed outside of Puerto Rico.  In this Application, FTI has included an adjustment of $74,704.99 to offset the effect of this tax— which was not in effect at the time of FTI's retention—on FTI's January 2019 fees.

29.   The cover sheet to this Application contains a schedule setting forth all FTI professionals who have performed services in the Title III Cases during the Interim Period, the

position of each individual, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore.

30. By this Application, FTI seeks allowance of compensation in the amount of $925,735.00, offset to the 29% withholding tax on professional fees not in effect at the time of FTI's retention in the amount of $74,704.99 and reimbursement of expenses in the amount of $7,902.99.  As of the date of this Application, FTI has received compensation in the amount of $505,679.85 and reimbursement of $6,055.67 of expenses for the Interim Period.

31. This is FTI's fifth request for interim compensation in these Title III Cases.  As set forth in the Gumbs Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with these Title III Cases.  To the best of FTI's knowledge and as disclosed in the *Declaration Of Steven Simms In Support Of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for* Order Approving the Employment of FTI Consulting, Inc. [Dkt. No. 877-2] (the "**Simms Declaration**"), FTI is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, although not required by PROMESA, and except as otherwise specified in the Simms Declaration, FTI's professionals do not hold or represent any interest adverse to the Retiree Committee.

32. FTI has in the past represented, may currently represent, and likely in the future will represent parties in interest in these cases in connection with matters unrelated to the Retiree Committee or the Title III Cases.  In the Simms Declaration, FTI disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using its reasonable efforts. FTI will update such disclosures, as appropriate, if FTI becomes aware of relevant and material new information.

10

33.   FTI performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

34.   FTI has not received payment or promise of payment from any source other than the Commonwealth, for its services rendered and expenses incurred on behalf of the Retiree Committee in connection with the Title III Cases.

35.   FTI does not share fees with any professionals except to the extent permitted by section 504 of the Bankruptcy Code.

### Summary of Financial Advisory Services Provided During the Interim Period

36.   The Title III cases have presented numerous large and complex issues that had to be addressed in order to maximize value for retiree constituents.  The Retention Order authorized FTI to render financial advisory services to the Retiree Committee.

37.   FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the Interim Period, there have been a few instances where more than one FTI professional attended meetings or mediation sessions.  These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement of multiple attendees to divide up the work was necessary under the circumstances.

38.   FTI has established, in accordance with its internal billing procedures, subject matters categories (each, a "**Matter Category**") for keeping time records of the work performed for the Retiree Committee.  A summary of the time incurred by professional and by Matter Category is attached hereto as **Exhibit B** and **Exhibit C**.  In addition, subject to redaction for attorney-client privilege, attorney work product, and confidentiality where necessary to protect the Retiree Committee, FTI's records of time worked providing professional services to the Retiree

11

Committee are attached hereto as **Exhibit D** and **Exhibit E** for services rendered on the mainland and on-island, respectively.

39. The primary services rendered by FTI include, but are not limited to, the Matter Categories set forth below.

### 1. Current Operating Results & Events
**Fees: $14,767.00**

**Total Hours: 25.2**

40. FTI analyzed current news and events related to and impacting Puerto Rico, the Retirees, and these Title III cases. The time entries in this category include (i) reviewing and monitoring news articles from media outlets focusing on distressed investments such as Debtwire and Reorg Research relating to key developments in Puerto Rico and public materials released by the Oversight Board, the government, and other parties, (ii) summarizing key developments as reported by Debtwire and Reorg Research for the team, and (iii) reviewing the team's summary. Time spent reviewing key developments was critical for FTI to be apprised of the latest bankruptcy and restructuring related case developments with respect to on-island issues, the island's financial performance, various ongoing litigations, settlement discussions, liquidity, hurricane impact / relief efforts, and follow up from the mediation sessions. Doing so also allows FTI to adapt quickly to new developments, effectively plan case strategies and work streams, while keeping fees at a minimum by limiting the professionals researching news updates to the junior members of the team, who will periodically summarize relevant updates and circulate to the rest of the team.

### 3. Mediation
**Fees: $136,781.50**

**Total Hours: 197.6**

41. The time spent in this category reflects preparation for and participation in the confidential mediation and negotiation process on behalf of the Retiree Committee in the Title III cases. FTI also performed detailed review of the documents produced by the FOMB in the discovery process in connection with the confirmation of the Plan of Adjustment in the COFINA Title III proceedings.

### 4. Analysis of the Fiscal Plan – General / Revenues
**Fees: $121,305.50 ($967.50 of which was incurred on-island)**

**Total Hours: 205.5 (0.9 of which was incurred on-island)**

42. Time spent in this category reflects review and confidential analysis of five different Fiscal Plans published over the course of the last and this Interim Period (dated May 30, 2018; June 29, 2018; August 20, 2018; September 7, 2018; and October 23, 2018 respectively), as well as preparing and presenting analyses of the Fiscal Plans to the Retiree Committee.

### 13. Analysis of Other Litigations
**Fees: 16,967.00**

**Total Hours: 30.4**

43. Time spent in this category includes review of various court filings in connection with the Commonwealth Title III proceedings, namely the GO bondholder and UCC litigation. FTI reviewed various components and analyses filed in the dockets relating to the UCC/FOMB's motion to disallow $6 billion of GO bondholder claims. FTI also reviewed the UCC's pro-forma debt-limit analyses and independently performed pro-forma debt-limit analyses.

**17. Analysis of Pension and Retiree Related Liabilities**

**Fees: $176,162.50 ($2,518.50 of which was incurred on-island)**

**Total Hours: 254.1 (2.3 of which was incurred on-island)**

44.   Time spent in this category includes confidential analysis of the proposed pension cuts contemplated in the various Fiscal Plans.

**18. General Meetings with Retiree Committee & Committee Professionals**

**Fees: $90,776.50 ($7,931.50 of which was incurred on-island)**

**Total Hours: 120.9 (7.3 of which was incurred on-island)**

45.   Time spent in this category reflects participating in meetings and discussions with the Retiree Committee regarding latest case updates, including updates and presentations on the various versions of the Fiscal Plan, mediation, ongoing litigation, proposed pension measures, communications strategies, upcoming court hearings, and other relevant case issues. FTI also participated in regular conference calls with the Retiree Committee's advisors to coordinate efforts and work streams, share information, discuss latest case developments and strategy, and prepare for upcoming meetings with the Retiree Committee.

**27. Strategic Communications**

**Fees: $32,415.00**

**Total Hours: 73.6**

46.   Time entries in this category relate to monitoring mainland media coverage of the Puerto Rico case and specifically on retirees, developing and coordinating the media communications strategy with the local communications advisors, Marchand, to ensure consistent messaging between on-island and mainland, and fact checking press releases and opinion pieces for quality control and factual reporting.

14

**28. Analysis of the Fiscal Plan – Economic Review**

**Fees: $246,514.50**

**Total Hours: 590.5**

47. Time spent in this category reflects confidential analysis of the macroeconomic aspects of the Fiscal Plan.

### Actual and Necessary Expenses Incurred by FTI During the Interim Period

48. FTI incurred actual out-of-pocket expenses in connection with the rendering of professional services to the Retiree Committee during the Interim Period in the amount of $7,902.99, for which FTI respectfully requests reimbursement in full.  The disbursements and expenses have been incurred in accordance with FTI's normal practice of charging clients for expenses clearly related to and required by particular matters.  A categorized summary of the actual and necessary costs and expenses incurred by FTI during the Interim Period, and an itemization of each expense within each category, is attached hereto as Exhibit F and Exhibit G, respectively.

### FTI's Requested Compensation and Reimbursement Should be Allowed

49. The services for which FTI seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee.  FTI performed these services economically, effectively, and efficiently, and they benefited the Retiree Committee.  The expenses incurred were as a direct result of FTI's representation of the Retiree Committee and are the type customarily charged to non-bankruptcy clients of FTI.  FTI respectfully submits that the compensation and reimbursement requested are reasonable in light of the nature, extent, and value of such services to the Retiree Committee.  Accordingly, FTI submits the compensation sought in this Application is warranted and should be approved.

15

**Reservation of Rights and Notice**

50.  It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application, as such time or expenses may not have been captured in FTI's billing system on the date of filing this Application.  FTI reserves the right to include such amounts in future fee applications.

51.  Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to AAFAF; (d) counsel to the UCC; (e) the Fee Examiner; and (f) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

**No Prior Request**

52.  No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, FTI respectfully requests that the Court enter an order: (a) awarding FTI compensation for professional and paraprofessional services provided during the Interim Period in the amount of $925,735.00; (b) offset to the 29% withholding tax on professional fees not in effect at the time of FTI's retention in the amount of $74,704.99; (c) reimbursement of actual, reasonable and necessary expenses incurred in the Interim Period in the amount of $7,902.99; and (d) granting such other relief as is appropriate under the circumstances.

Dated: March 18, 2019

Respectfully submitted,

*/s/ Sean A. Gumbs*
Sean A. Gumbs
3 Times Square
New York, NY 10036

16

sean.gumbs@fticonsulting.com
212-499-3633 (telephone)

*Financial Advisor to The Official Committee
of Retired Employees of Puerto Rico*

# **EXHIBIT A**

**Certification of Sean A. Gumbs**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>               Debtors.[9] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### VERIFIED CERTIFICATION OF SEAN A. GUMBS IN SUPPORT OF THE FIFTH INTERIM APPLICATION OF FTI CONSULTING, INC.FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

I, Sean A. Gumbs, have the responsibility for ensuring that the Application complies with the UST Guidelines, and I hereby certify the following:

1.      I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly-owned subsidiaries ("**FTI**"), an international consulting firm.

---

[9] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority  (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

2.      I, along with Steven Simms, lead professionals from FTI representing the Retiree Committee in connection with the above-captioned Title III Cases.  I am authorized to submit this certification in support of the *Fifth Application of FTI Consulting, Inc. for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Financial Advisor to The Official Committee of Retired Employees of the Commonwealth of Puerto Rico From October 1, 2018 through JanuarySeptember 31, 2019* (the "**Application**").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.      I have read the Application.  The statements contained in the Application are true and correct according to the best of my knowledge, information, and belief.

4.      To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under PROMESA, the Federal Rules of Bankruptcy Procedure, the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"), 48 U.S.C. §§ 2101–2241; the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"); the Court's *Order Authorizing the Employment of FTI Consulting, Inc. as Financial Advisor for the Committee of Retired Employees* [Dkt. No. 1413]; the Court's *First Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 1715]; the Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013*; and the Court's

*Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness requirements for Professional Fee Applications* [Dkt. No. 3932].

5.      The fees and disbursements sought in the Application are billed at rates FTI customarily employs and FTI clients generally accept in matters of this nature.

6.      None of the professionals seeking compensation varied their hourly rate based on their geographic location.

7.      FTI is not seeking compensation for this Interim Period for routine billing activities that typically are not compensable outside of bankruptcy.

8.      FTI does not make a profit on costs or expenses for which it seeks reimbursement, whether the service is performed by FTI in-house or through a third party.

9.      In accordance with Rule 2016(a) of the Bankruptcy Rules and 11 U.S.C. § 504, no agreement or understanding exists between FTI and any other person for the sharing of compensation to be received in connection with the Title III Cases except as authorized by PROMESA, the Bankruptcy Rules, and the Local Rules.

10.     All services for which compensation is sought were professional services rendered to the Retiree Committee and not on behalf of any other person.

11.     The Retiree Committee was provided with a copy of the Application before it was filed with the Court and does not object to the relief requested therein.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief formed after reasonable inquiry.

Executed on March 18, 2019

*/s/ Sean A. Gumbs*
Sean A. Gumbs