Hearing Date: **June 12, 2019 at 9:30 a.m. AST**
**Objection Deadline: April 8, 2019** (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## SUMMARY COVER SHEET TO THE FIFTH INTERIM APPLICATION OF BENNAZAR, GARCÍA & MILIÁN, C.S.P. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

Name of Applicant:                           Bennazar, García & Milián, C.S.P.

Authorized to Provide Services To:      The Official Committee of Retired Employees of the Commonwealth of Puerto Rico

Retention Date:                           June 16, 2017

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| Period for which compensation is sought: | October 1, 2018 through January 31, 2019 |
| Monthly Fee Statements subject to the request: | October 2018–January 2019 |
| Total compensation sought this period: | $281,772.50 |
| Total expenses sought this period: | $1,540.07 |
| Petition Date: | May 3, 2017 |
| Retention Date: | June 16, 2017 |
| Date of Order Approving Employment: | August 10, 2017 |
| Total compensation approved by interim order to date: | $1,179,327.00 |
| Total expenses approved by interim order to date: | $37,185.49 |
| Total compensation paid to date: | $1,064,439.24 |
| Total expenses paid to date: | $42,535.05 |
| Total compensation subject to objection: | None |
| Total expenses subject to objection: | None |
| Blended rate in this application for all attorneys: | $301.04 |
| Blended rate in this application for all timekeepers: | $301.04 |
| Number of Professionals Included in this Application: | 4 |
| Difference Between Fees Budgeted and Compensation Sought: | $139,058.50 less than budgeted. |
| Number of Professionals Billing Fewer than 15 Hours to this Case: | 0 |
| Rates Higher than Those Disclosed at Retention: | None |
| Objection Deadline: | April 8, 2019 (for parties other than the Fee Examiner). |

| Time Billed By Professional | | | | | |
|---|---|---|---|---|---|
| **Name of Professional** | **Title** | **Year Admitted** | **Hourly Billing Rate[2]** | **Total Billed Hours** | **Total Compensation** |
| A.J. Bennazar Zequeira | Partner | 1974 | $375.00 | 281.30 | $105,487.50 |
| Hector Mayol Kauffmann | Partner | 2010 | $375.00 | 181.50 | $68,062.00 |
| | | | $187.50 | 13.00 | 2,437.50 |
| Francisco Del Castillo | Associate | 2001 | $250.00 | 368.80 | $92,200.00 |
| | | | $125.00 | 5.00 | $625.00 |
| Carlos R. Ramírez Isern | Associate | 2016 | $150.00 | 86.40 | $12,960.00 |
| | | | ***Totals*:** | **936.00** | **$281,772.00** |
| | | | | | **Blended Rate: $301.04** |

## FEE EXAMINER'S REQUESTED ATTACHMENTS TO FEE APPLICATIONS

**List of Professionals** – Above
**Compensation by Project Category** – Exhibit C
**Expense Summary** – Exhibit D
**List of Professionals by Matter** – Exhibit E
**Detailed Time Records** – Exhibit E
**Detailed Expense Records –** Exhibit F
**Budget & Staffing Plan –** Submitted to the Fee Examiner under separate cover

---

[2] Non-working travel time billed at 50% hourly rate.

Hearing Date: June 12, 2019 at 9:30 a.m. AST
Objection Deadline: April 8, 2019 (for parties other than the Fee Examiner)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## FIFTH INTERIM APPLICATION OF BENNAZAR, GARCÍA & MILIÁN, C.S.P. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS THE OFFICIAL COMMITTEE OF RETIRED EMPLOYEES OF THE COMMONWEALTH OF PUERTO RICO FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

To the Honorable United States District Court Judge Laura Taylor Swain:

Bennazar, García & Milián, C.S.P. ( "**Bennazar**"), attorneys for The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") in the above-captioned Title III cases (the "**Title III Cases**"), hereby submits this fifth application (the "**Application**") for an award of interim compensation for professional services rendered in the

---

[1] The Debtors in these jointly-administered PROMESA title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

amount of $281,772.50, and reimbursement for actual and necessary expenses incurred in connection with such services in the amount of $1,540.07 for the period from October 1, 2018 through January 31, 2019 (the "**Interim Period**"). Bennazar submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of the Bankruptcy Code,[3] 11 U.S.C. § 503(b); Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")[4]; Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**")[5]; the *Order Authorizing the Employment of Bennazar, García & Milián, C.S.P. as Attorneys for the Committee of Retired Employees* (the "**Retention Order**") [Dkt. No. 1003]; the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Dkt. No. 3269]; the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**");[6] the *First Amended Order Pursuant to PROMESA §§ 316 and 317 and Bankruptcy Code Section 105(a) Appointing a*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] The Bankruptcy Code is codified at 11 U.S.C. §§ 101–1532. Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[4] All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[5] The Local Rules are made applicable here by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

[6] Pursuant to the Interim Compensation Order and Local Rule 2016-1, the Retiree Committee is required to comply with the UST Guidelines.

*Fee Examiner and Related Relief*  [Dkt. No. 3324]; the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Dkt. No. 3932]; and the Fee Examiner's November 10, 2017 Memorandum (the "**Fee Examiner Memorandum**").  In support of the Application, Bennazar submits the Certification of A.J. Bennazar Zequeira (the "**Bennazar Certification**"), attached hereto as **Exhibit A**, and respectfully represents as follows:

<u>**Preliminary Statement**</u>

1.     Bennazar has served as counsel to the Retiree Committee since June 16, 2017.  The Retiree Committee represents approximately 167,000 retired employees of the Commonwealth of Puerto Rico and various governmental bodies and their surviving beneficiaries, including Puerto Rico's retired teachers, police officers, firefighters, judges, municipal clerks, engineers, and other government workers of all categories (the "**Retirees**").  The Retirees' pensions are underfunded by at least $58 billion.  They are the largest group of creditors in these title III cases.

2.     During the Interim Period, Bennazar performed a variety of legal services that were necessary and appropriate for the efficient and economical resolution of the Retiree Committee's interests in the Title III Cases.  This includes, among other things: meeting and conferring with the Retiree Committee; providing local counsel expertise; advising the Retiree Committee of its powers and duties; advising the Retiree Committee regarding proposed modifications to their pension, healthcare, and other accrued retirement benefits of Puerto Rico's public-employment retirees; representing the Retiree Committee at court hearings involving matters pertaining to the Retirees' benefits; preparing on behalf of the Retiree Committee motions, applications, orders, and other legal papers; advising the Retiree Committee with respect to bankruptcy, labor, employee benefits, and litigation issues concerning the Retirees' benefits.

3.     Bennazar's work during the Interim Period was necessary for, and beneficial to, the Retirees and served to ensure that the interests of the Retirees were properly represented and safeguarded in these Title III Cases.  Bennazar respectfully requests that the Court award the fees and expenses requested in this Application.

### Jurisdiction

4.     The United States District Court for the District of Puerto Rico (the "**Court**") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

5.     Venue is proper pursuant to PROMESA section 307(a).

6.     Bennazar makes this Application pursuant to PROMESA sections 316 and 317, Bankruptcy Code sections 105(a) and 503(b), Bankruptcy Rule 2016, Local Rule 2016-1, the Retention Order, the Interim Compensation Order, and the UST Guidelines.

### Background

7.     On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

8.     On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the FOMB, as COFINA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

9.     On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the FOMB, as HTA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

10.    On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the FOMB, as ERS's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

11.    On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the FOMB, as PREPA's representative pursuant to PROMESA section 315(b), filed a petition with the Court under title III of PROMESA.

12.    Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA title III cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015.  [*See* Dkt. Nos. 242, 537, 1417.]

13.    On May 5, 2017, the Ad Hoc Committee for the Protection of Accrued Retirement Benefits of Puerto Rico's Public Employees and Retirees (the "**Ad Hoc Retiree Committee**") filed a motion seeking the appointment of an official committee of retired employees.  [Dkt. No. 8.]  On May 19, 2017, Guy G. Gebhardt, then-Acting United States Trustee for Region 21 (the "**U.S. Trustee**") filed a response in opposition to the Ad Hoc Retiree Committee's motion.  [Dkt. No. 192.]

14.    On June 15, 2017, U.S. Trustee, pursuant to section 1102(a)(1) of the Bankruptcy Code, appointed the Retiree Committee, consisting of the following nine individuals: Blanca Paniagua, Carmen Nunez, José Marin, Juan Ortiz, Lydia Pellot, Marcos A. Lopez, Miguel Fabre, Milagros Acevedo, and Rosario Pacheco.  [Dkt. No. 340.][7]

---

[7] As of April 12, 2018, José Marin resigned from the Retiree Committee.

**Bennazar's Retention and Fee Request**

15.    On June 16, 2017, the Retiree Committee elected to employ Bennazar to represent the Retiree Committee.

16.    On July 19, 2017, the Retiree Committee filed its *Application for an Order Approving the Employment of Bennazar, García & Milián, C.S.P.* [Dkt. No. 683] (the "**Retention Application**") pursuant to section 105(a) and 1103 of the Bankruptcy Code.[8]

17.    On August 10, 2017, the Court entered the Retention Order approving Bennazar's retention as counsel to the Retiree Committee, effective June 16, 2017, on the terms and conditions identified in the Retention Application.   A copy of the Retention Order is attached hereto as **Exhibit B**.   Pursuant to the Retention Order, Bennazar is entitled to compensation for reasonable, actual, and necessary professional services rendered and reimbursement of expenses incurred in connection with the Title III Cases.

18.    On October 6, 2017, the Court entered an Order (the "**Fee Examiner Order**") [Dkt No. 1416] appointing Brady Williamson as the fee examiner (the "**Fee Examiner**") in these Title III Cases.

19.    On November 15, 2017, Bennazar filed its *First Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 16, 2017 through September 30, 2017* (the "**First Interim Application**") [Dkt. No. 1806], seeking $280,175.00 in compensation and $7,952.24 in expenses.

---

[8] In a chapter 11 case, a committee appointed under section 1102 of the Bankruptcy Code ordinarily would seek authority to employ counsel pursuant to section 328.  Because PROMESA does not incorporate section 328 of the Bankruptcy Code, the Retiree Committee moved for approval of its Retention Application pursuant to sections 105(a) and 1103(a).  *See* PROMESA § 301(a) (omitting Bankruptcy Code sections 327 and 328 from incorporation into PROMESA).

20.    On December 14, 2017, the Court entered an Order approving the First Interim

Application (the "**First Interim Order**") [Dkt. No. 1994] in the amount of $279,987.50 in

compensation and $6,946.24 in expenses, reflecting $187.50 in fee reductions and $1,006.00 in

expense reductions recommended by the Fee Examiner and agreed to by Bennazar.  Bennazar has

received payment of the amounts approved in the First Interim Order.

21.    On March 15, 2018, Bennazar filed its *Second Interim Application for Allowance of

Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 1,

2017 through January 31, 2018* (the "**Second Interim Application**") [Dkt. No. 2743], seeking

$270,162.50 in compensation and $11,538.25 in expenses.

22.    On June 8, 2018, the Court entered an Order approving the Second Interim

Application (the "**Second Interim Order**") [Dkt. No. 3279] in the amount of $266,937.50 in

compensation and $11,332.48 in expenses, reflecting $3,225.00 in fee reductions and $205.77 in

expense reductions recommended by the Fee Examiner and agreed to by Bennazar.  Bennazar has

received payment of the amounts approved in the Second Interim Order.

23.    On July 16, 2018, Bennazar filed its *Third Interim Application for Allowance of

Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1,

2018 through May 31, 2018* (the "**Third Interim Application**") [Dkt. No. 3539], seeking

$352,581.25 in compensation and $21,979.16 in expenses.

24.    On November 9, 2018, the Court entered an Order approving the Third Interim

Application (the "**Third Interim Order**") [Dkt. No. 4200] in the amount of $343,247.50 in

compensation and $17,846.37 in expenses, reflecting $9,333.75 in fee reductions and $4,132.79 in

expense reductions recommended by the Fee Examiner and agreed to by Bennazar.  Bennazar has

received payment of the amounts approved in the Third Interim Order.

25.   On November 16, 2018, Bennazar filed its *Fourth Interim Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 1, 2018 through September 30, 2018* (the "**Fourth Interim Application**") [Dkt. No. 4271], seeking $292,497.50 in compensation and $1,540.07 in expenses.

26.   On March 14, 2019, the Court entered an Order approving the Fourth Interim Application (the "**Fourth Interim Order**") [Dkt. No. 5654] in the amount of $289,154.50 in compensation and $1,060.40 in expenses, reflecting $3,343.00 in fee reductions recommended by the Fee Examiner and agreed to by Bennazar.

27.   Bennazar is a professional services corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with principal place of business in the city of San Juan.  To the extent the Government applies the 7% withholding tax, it should only apply to professional fees and not expenses.

28.   Bennazar's fees are based upon hours charged, recorded in tenth of an hour increments, at Bennazar's ordinary and customary hourly rates in effect as of January 1 of the calendar year in which the services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Bennazar on behalf of the Retiree Committee.  The rates set forth herein are Bennazar's 2018 rates—which are unchanged from the 2017 rates identified in the First Interim Application and Second Interim Application—and are consistent with the rates charged to other clients, including outside of bankruptcy.

29.   The cover sheet to this Application contains a schedule setting forth all Bennazar professionals who have performed services in the Title III Cases during the Interim Period, the capacity in which each individual is employed by Bennazar, the hourly billing rate charged for

services performed by such individual, the aggregate number of hours expended in this case and fees billed therefore, and the year in which each professional was first licensed to practice law.

30.    As set forth in the Bennazar Certification, all of the services for which interim compensation is sought herein were rendered for and on behalf of the Retiree Committee in connection with these Title III cases.  To the best of the Bennazar's knowledge and as disclosed in the *Declaration Of A.J. Bennazar In Support Of Application of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico for Order Approving the Employment of Bennazar, García & Milián, C.S.P.* [Dkt. No. 683, Ex. A] (the "**Bennazar Declaration**"), Bennazar is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and except as otherwise specified in the Bennazar Declaration, Bennazar's partners, associates, and special attorneys do not hold or represent any interest adverse to the Retiree Committee.

31.    Bennazar might have in the past represented, might currently represent, and likely in the future will represent parties in interest in these cases in connection with matters unrelated to the Retiree Committee or the Title III Cases.  In the Bennazar Declaration, Bennazar disclosed its connections to parties in interest in the Title III Cases that it has been able to ascertain using reasonable efforts.  Bennazar will update such disclosures, as appropriate, if Bennazar becomes aware of relevant and material new information.

32.    Bennazar performed the services for which it is seeking compensation on behalf of the Retiree Committee and not on behalf of any other committee, creditor, or other entity.

33.    Bennazar has not received payment or promise of payment from any source other than the Commonwealth for services provided or to be provided in any capacity whatsoever in connection with the Title III Cases.

34.    Bennazar does not share fees with any attorneys except to the extent permitted by section 504 of the Bankruptcy Code.

## Fees and Expenses Incurred During Interim Period

### A.    Customary Billing Disclosures

35.    Bennazar's hourly rates are set at a level designed to compensate Bennazar fairly for the work of its attorneys and to cover fixed and routine expenses.   The hourly rates and corresponding rate structure utilized by Bennazar in these Title III Cases are equivalent to the hourly rates and corresponding rate structure used by Bennazar for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.   The rates and rate structure reflect that such complex matters typically are national in scope and typically involve great complexity, high stakes, and intense time pressures.

### B.    Fees Incurred During Interim Period

36.    In the ordinary course of Bennazar's practice, Bennazar maintains records of the time spent on the professional services provided to the Retiree Committee.   Below is a summary of fees incurred and hours worked during the Interim Period for which compensation is sought on an hourly basis in this Application:

| Time Billed By Professional | | | | | |
|---|---|---|---|---|---|
| Name of Professional | Title | Year Admitted | Hourly Billing Rate[9] | Total Billed Hours | Total Compensation |
| A.J. Bennazar Zequeira | Partner | 1974 | $375.00 | 281.30 | $105,487.50 |
| Hector Mayol Kauffmann | Partner | 2010 | $375.00 | 181.50 | $68,062.00 |
| | | | $187.50 | 13.00 | 2,437.50 |
| Francisco Del Castillo | Associate | 2001 | $250.00 | 368.80 | $92,200.00 |
| | | | $125.00 | 5.00 | $625.00 |
| Carlos R. Ramírez Isern | Associate | 2016 | $150.00 | 86.40 | $12,960.00 |
| | | | *Totals*: | **936.00** | **$281,772.00** |
| | | | | | **Blended Rate: $301.04** |

## C.      Expenses Incurred During Interim Period

37.    In the ordinary course of Bennazar's practice, Bennazar maintains a record of expenses incurred in rendering professional services to the Retiree Committee and for which reimbursement is sought.  **Exhibit D** to this Application is a summary for the Interim Period of the total amount of expenses for which Bennazar seeks reimbursement with respect to each category of expenses.  The out-of-pocket disbursement sum is broken down into categories of charges.

### Summary of Legal Services Provided During the Interim Period

38.    During the Interim Period, Bennazar provided important professional services to the Retiree Committee in connection with the Title III Cases.  Detailed descriptions of the specific

---

[9] Non-working travel time billed at 50% hourly rate.

services provided and the time expended performing such services are attached as **Exhibit E**, and

a summary of the services Bennazar provided to the Retiree Committee during the Interim Period

is set forth below.

39.    Bennazar has established subject matters categories (each, a "**Matter Category**") for

keeping time records of the work performed for the Retiree Committee.   The following is a

summary, by Matter Category, of the professional services provided by Bennazar during the

Interim Period.  This summary is organized in accordance with Bennazar's internal system of

matter numbers.

### Case Administration/Miscellaneous
### Total Hours: 107.80  Fees: $31,947.50

40.    Bennazar's recorded time entries in this category reflect (a) communication with

Retiree Committee members about case status and strategy; (b) preparation of pleadings and court

submissions not attributable to another Matter Category; (c) negotiations with other parties in

interest; (d) time spent conferring with counsel to other parties in interest and other constituents

regarding the status of the case; (e) reviewing case developments and litigation activity; (f) internal

meetings and communications not attributable to another Matter Category; and (g) case and project

management.

### Challenges to PROMESA
### Total Hours: 17.20    Fees: $5,990.00

41.    Bennazar's recorded time entries in this category reflect (a) legal research and

analysis regarding the issues presented in the Appointments Clause challenges to PROMESA

before the First Circuit; (b) review and analysis of pleadings and decision in the cases relevant to

Retiree Committee constituents; and (c) confer and correspond with Retiree Committee

professionals regarding the Appointments Clause challenges.

15

**COFINA**
**Total Hours: 127.80  Fees: $42,127.50**

42.    Bennazar's recorded time entries in this category reflect (a) review and analysis of pleadings and legal issues involved in COFINA adversary proceeding and settlement; and (b) communications with the Retiree Committee and the Retiree Committee's advisors regarding COFINA adversary proceeding and settlement.

**Committee Governance and Attendance at Meetings**
**Total Hours: 159.10  Fees: $46,162.50**

43.    Bennazar's recorded time entries in this category reflect (a) assistance of the Retiree Committee in the proper performance of its duties; (b) attending all of the meetings of the Retiree Committee; (c) assisting the Retiree Committee in preparing agendas and minutes for those meetings; and (d) communication with other Retiree Committee professionals concerning Retiree Committee governance.

**Communications with Retirees**
**Total Hours: 90.20    Fees: $26,662.50**

44.    Bennazar's recorded time entries in this category reflect (a) time spent soliciting and responding to Retirees through the Retiree Committee's official website and other digital properties; (b) coordination with the Retiree Committee's Information Agent to develop, maintain, and update the Retiree Committee website; (c) communication with the Retiree Committee's professionals regarding retiree communication; and (d) preparation of notices to retirees regarding protection of retirees' claims and interests.

**Contested Matters**
**Total Hours: 39.60    Fees: $8,640.00**

45.    Bennazar's recorded time entries in this category reflect review and analysis of pleadings and court decisions relevant to Retiree Committee constituents.

**Court Hearings**
**Total Hours: 41.50   Fees: $14,975.00**

46.   Bennazar's recorded time entries in this category reflect (a) attendance and representation of the Retiree Committee at court hearings; (b) preparation for court hearings; and (c) review of pleadings and other submissions considered at or relevant to court hearings.

**Employment of Professionals/Fee Applications**
**Total Hours: 44.40   Fees: $13,525.00**

47.   Bennazar's recorded time entries in this category reflect (a) planning and budgeting time for compliance with presumptive standards and cost-effective representation of the Retiree Committee; and (b) preparation of Retiree Committee monthly fee statements and fee applications.

**ERS Bond Issues**
**Total Hours: 68.90   Fees: $19,300.00**

48.   Bennazar's recorded time entries in this category reflect (a) review and analysis of litigation challenging the legality and constitutionality of the Commonwealth's actions with respect to ERS; (b) review and analysis of the priority and secured status of ERS bond debt; and (c) legal analysis regarding ERS bondholder claims.

**Fiscal Plan/Plan of Adjustment**
**Total Hours: 80.70   Fees: $27,965.00**

49.   Bennazar's recorded time entries in this category reflect (a) review and analysis of revised Fiscal Plans and related documents; (b) communications with the Retiree Committee and the Retiree Committee's advisors and actuaries regarding revised Fiscal Plans; and (c) review of analyses regarding revised Fiscal Plans prepared by the Retiree Committee's advisors and actuaries.

**Healthcare and Other Postemployment Benefit Analysis**
**Total Hours: 0.40     Fees: $150.00**

50.     Bennazar's recorded time entry in this category reflects communication with Retiree Committee's financial advisors and actuaries and regarding treatment of retiree healthcare and other post-employment benefits.

**Mediation**
**Total Hours: 55.50   Fees: $15,252.50**

51.     Bennazar's recorded time entries in this category reflect representation of the Retiree Committee in all aspects of the confidential mediation process.  Due to the confidential nature of the mediation, the time entries have been redacted.  Bennazar provided unredacted copies of its time to the Fee Examiner subject to the confidentiality protections set forth in paragraph 9 of the Fee Examiner Order.

**Pension Analysis**
**Total Hours: 74.50   Fees: $22,387.50**

52.     Bennazar's recorded time entries in this category reflect (a) review and analysis of retiree pension plans and proposed modifications to the Retiree Committee's constituents' accrued pension and other post-employment benefits; (b) communication with other parties in interest, including the FOMB, regarding pension and other post-employment benefit treatment; (c) review and examination of pension analysis prepared by the Retiree Committee's financial advisors and actuaries and third parties; and (d) communication with the Retiree Committee's financial advisors and actuaries regarding pension treatment.

**PREPA**
**Total Hours: 7.40     Fees: $2,687.50**

53.     Bennazar's recorded time entries in this category reflect review of relevant filings in the adversary proceedings involving PREPA.

**Non-Working Travel Time**
**Total Hours: 18.00   Fees: $3,062.50**

54.    Bennazar's recorded time entries in this category reflect non-productive travel time, including travel for court appearances and Committee meetings.  Pursuant to Local Rule 2016-1(a), Bennazar is seeking compensation at one-half of its normal rate for time spent traveling in connection with its representation of the Retiree Committee.

### Actual and Necessary Expenses Incurred by Bennazar During the Interim Period

55.    As summarized in Exhibit D and as set forth in detail in **Exhibit F**, Bennazar has incurred a total of $1,540.07 in expenses on behalf of the Retiree Committee during the Interim Period.  These charges are intended to reimburse Bennazar's direct costs that are not included in Bennazar's hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit E of this Fee Application are separately charged for such services.

### COMPENSATION REQUESTED

56.    The services for which Bennazar seeks compensation in this Application were, at the time provided, necessary for and beneficial to the Retiree Committee.  Bennazar performed these services economically, effectively, and efficiently.  Bennazar submits that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Retiree Committee.  Accordingly, Bennazar submits the compensation sought in this Application is warranted and should be approved.

**A.    Compensation Under Sections 316 and 317 of PROMESA.**

57.    Section 317 of PROMESA authorizes interim compensation of professionals and incorporates the substantive standards of section 316 of PROMESA to govern the Court's award of interim compensation.  Section 316 of PROMESA provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for

actual, necessary services rendered," and "reimbursement for actual, necessary expenses."  48

U.S.C. § 2176(a)(1), (2).  Section 316(c) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1)      the time spent on such services;
>
> (2)      the rates charged for such services;
>
> (3)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>
> (6)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or Title 11.

48 U.S.C. § 2176(c).

58.   As analyzed below, Bennazar submits that the elements governing awards of compensation under PROMESA justify the allowance requested.

### 1.      The Time and Labor Required

59.   During the Interim Period, Bennazar's partners and associates spent 952.0 hours providing professional services to the Retiree Committee for which Bennazar seeks compensation on an hourly basis.  Bennazar coordinated its efforts with co-counsel to prevent duplication of efforts and thereby not spend more time than required.  Bennazar required this amount of time to conduct its investigations, research and analyze numerous, complex, novel issues arising from the

Title III Cases, advise the Retiree Committee with respect to these issues, participate in resolution of these issues, and  other tasks as described herein.

### 2.      The Rates Charged for Such Services

60.    During the Interim Period, Bennazar's hourly billing rates ranged from $150.00 to $250.00 for associates and were $375.00 for partners.  Non-working travel time is billed at 50% of a Bennazar attorney's prevailing rate.  Based on the recorded hours expended by Bennazar's attorneys, the average hourly billing rate for Bennazar's services $290.29.

61.    Bennazar's hourly rates are set at a level designed to compensate Bennazar fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

62.    The hourly rates and corresponding rate structure that Bennazar charges in these cases are equivalent to or less than the hourly rates and corresponding rate structure that Bennazar charges for similar complex corporate, securities, litigation, and restructuring matters, whether in court or otherwise, regardless of whether a fee application is required.

### 3.      The Necessity of the Services and the Benefit to the Estate

63.    As described herein, the services rendered by Bennazar were necessary for the efficient and economical resolution of the Retiree Committee's interests in the Title III Cases.  All of those services directly benefitted the Retiree Committee.

### 4.      The Reasonableness of the Time Spent, Based on the Complexity, Importance, Nature of the Issues

64.    Bennazar's work involved the representation of the Title III Cases' largest creditor constituency—Puerto Rico's 167,000 retired teachers, police officers, firefighters, judges,

municipal clerks, engineers, and other government workers of all categories—and Bennazar's professional services during the Interim Period were necessary to ensure that the interests of the Retirees were re properly represented and safeguarded and that all matters relevant to the Retiree Committee were handled in an appropriate manner. The compensation requested is reasonable in light of those services.

**5.      The Experience, Reputation, and Ability of the Attorneys Providing Services**

65.    Bennazar attorneys have achieved a high degree of expertise and positive reputations in their respective fields.  Bennazar's attorneys have extensive experience, knowledge, and resources in the areas of civil, commercial, and administrative law, including specifically related to Puerto Rico's Retirement Systems enabling acts, civil litigation, as well as arbitration and mediation procedures.

**6.      Customary Compensation**

66.    The work for which Bennazar seeks compensation in this Application is of the type and nature for which Bennazar customarily would seek compensation at the rates identified in this Application.  In addition, the compensation Bennazar seeks in this Application is comparable to the compensation it would have sought for comparable work outside of a Title III case.

67.    Bennazar submits that the compensation requested is reasonable under all the factors considered under sections 316 and 317 of PROMESA and that the factors justify the allowance in full of Bennazar's compensation and reimbursement request.

68.    In view of the foregoing, Bennazar respectfully requests that it be allowed interim compensation in the amount of $281,772.50 for services rendered during the Interim Period.

**B.**     **Reasonable and Necessary Expenses Incurred in Providing Services to the Retiree Committee.**

69.     For the Interim Period, Bennazar requests reimbursement of $1,540.07 for reasonable and necessary costs and expenses incurred on behalf of the Retiree Committee.

70.     Bennazar's normal billing rates do not take these costs and expenses into consideration.  Rather, Bennazar bills each cost and expense to the applicable client.  Because of the disparity between the different clients' requirements for expenses such as travel, computer-assisted research, teleconference services, postage, courier and messenger services, and photocopying, it is difficult to charge costs and expenses fairly and equitably by including them in Bennazar's ordinary billing rates.  Accordingly, Bennazar generally charges each client for such costs and expenses separately, in each case, at Bennazar's costs.

71.     Bennazar does not include the amortization of the cost of any investment, equipment, or capital outlay in its charges for these services.

72.     Any services billed by a third-party vendor are charged to the Retiree Committee in the amount billed to and paid by Bennazar.  Pursuant to Local Rule 2016-1(b)(7), Bennazar seeks reimbursement for air travel limited to the amount spent on coach fare.

73.     Bennazar has made reasonable efforts to minimize its costs and expenses in connection with its representation of the Retiree Committee.  Each of the costs and expenses Bennazar has incurred in providing professional services to the Retiree Committee was necessary, reasonable, and justified under the circumstances to serve the needs of the Retiree Committee.

## STATEMENT BY BENNAZAR UNDER ¶ C(5) OF THE UST GUIDELINES

74.     This engagement does not involve variations from Bennazar's standard and customary billing rates.

75.     None of the professionals included in this Application varied their hourly rate based on the geographic location of the Title III Cases.

76.     The Application does not include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices.

77.     The Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

78.     The hourly rates specified in the Retention Application were effective January 1, 2017, and have not increased since that time.  Bennazar's engagement letter with the Retiree Committee provides that Bennazar's scheduled hourly rates are periodically adjusted, generally at the beginning of a calendar year.  Bennazar did not make any adjustments to its hourly rates in January 2018.

79.     Consistent with the UST Guidelines and the Fee Examiner Memorandum, Bennazar submits monthly budgets to the Fee Examiner.  Bennazar's budgets estimated fees for the Interim Period at $420,831.00.  Bennazar is requesting compensation of $281,772.50  for the Interim Period—$139,058.50 less than the amount budgeted.

## **RESERVATION OF RIGHTS AND NOTICE**

80.     It is possible that some professional time expended or expenses incurred during the Interim Period are not reflected in the Application.  Bennazar reserves the right to include such amounts in future fee applications.

81.     Pursuant to the Interim Compensation Order, the Retiree Committee has provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the FOMB; (c) counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority; (d) counsel to the Official Committee of Unsecured Creditors; (e) the Fee Examiner; and (f) all parties that have filed a notice

of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and applicable provisions of the Local Rules, and requested such notice.

## NO PRIOR REQUEST

82.   No prior application for the relief requested by this Application has been made to this or any other court.

WHEREFORE, Bennazar respectfully requests that the Court enter an order:  (a) awarding Bennazar compensation for professional and paraprofessional services provided during the Interim Period in the amount of $281,772.50; (b) reimbursement of actual, reasonable and necessary expenses incurred in the Interim Period in the amount of $1,540.07; (c) granting such other relief as is appropriate under the circumstances.

Respectfully submitted,                    Dated: March 18, 2019

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Hector Mayol Kauffman
Edificio Union Plaza, 1701
Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired
Employees of Puerto Rico*

26