**Hearing Date**: June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| As representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors.[2] | : |

------------------------------------------------------------------- x

**FIFTH INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC,
LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019**

**COVER SHEET**[3]

Name of Applicant: <u>Casillas, Santiago & Torres, LLC</u>

Authorized to Provide Professional Services to: <u>Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee")</u>

Date of retention: <u>July 20, 2017</u>

Period for which compensation and reimbursement is sought: <u>October 1, 2018 through and including January 31, 2019 (the "Application Period")</u>

Amount of interim compensation sought as actual, reasonable, and necessary: <u>$237,277.00</u>

---

[2] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[3] This form has been designed to incorporate many of the requirements of PROMESA §316 and ¶C2.1 and Exhibit E to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases ("US Trustee Guidelines").

Amount of interim expense reimbursement sought as actual, reasonable, and necessary: $6,690.07

Are your fee or expense totals different from the sum of previously-served monthly statements?
_ Yes X No

If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet.

Blended rate in this application for all attorneys: $217.45/hour[4]

Blended rate in this application for all timekeepers: $215.41/hour

This is an ***interim*** application.

The total time expended for fee application preparation for the Interim Fee Period is approximately 20.80 hours, and the corresponding compensation requested is approximately $4,076.00.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Fees | Requested Fees (90%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 10% Fee Holdback |
|---|---|---|---|---|---|---|---|
| **First Interim Fee Period (July 20, 2017 through August 31, 2017)** | | | | | | | |
| 12/15/2017 | 07/21/2017 - 08/31/2017 | $169,523.00 | $152,570.70 | $6,320.62 | $173,440.00 | $6,320.62 | $0.00 |
| **Total** | | **$169,523.00** | **$152,570.70** | **$6,320.62** | **$173,440.00** | **$6,320.62** | **$0.00** |
| **Second Interim Fee Period (September 1, 2017 through January 31, 2018)** | | | | | | | |
| 03/19/2018 | 09/01/2017 - 01/31/2018 | $444,580.00 | $400,122.00 | $21,160.13 | $444,580.00 | $21,160.13 | $0.00 |
| **Total** | | **$444,580.00** | **$400,122.00** | **$21,160.13** | **$444,580.00** | **$21,160.13** | **$0.00** |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | | |

---

[4] Please note that the average hourly rate is significantly lower due to CST Law's agreement to review documents on a fixed hourly rate of $100.00 per hour. The usual rate for Junior Partners and Counsel is $240.00, for Senior Associates is $200.00 and for Associates is $170.00.

| 6/25/2018 | 02/01/2018 - 02/28/2018 | $93,937.50 | $84,543.75 | $1,172.10 | $93,937.50 | $1,172.10 | $0.00 |
|---|---|---|---|---|---|---|---|
| 6/25/2018 | 03/01/2018 - 03/31/2018 | $75,088.00 | $67,579.20 | $4,782.51 | $75,088.00 | $4,782.51 | $0.00 |
| 7/18/2018 | 04/01/2018 - 05/31/2018 | $125,095.00 | $112,585.50 | $6,097.48 | $125,095.00 | $6,097.48 | $0.00 |
| **Total** | | **$294,120.50** | **$264,708.45** | **$12,052.09** | **$294,120.50** | **$12,052.09** | **$0.00** |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | | |
| 8/27/2018 | 06/01/2018 - 06/30/2018 | $31,792.00 | $28,612.80 | $983.12 | $28,612.80 | $983.12 | $3,179.20 |
| 10/8/2018 | 07/01/2018 - 07/31/2018 | $55,587.50 | $50,028.75 | $6,831.08 | $50,028.75 | $6,831.08 | $5,558.75 |
| 11/16/2018 | 08/01/2018 - 09/30/2018 | $163,382.50 | $147,044.25 | $4,654.42 | $147,044.25 | $4,654.42 | $16,338.25 |
| **Total** | | **$250,762.00** | **$225,685.80** | **$12,468.62** | **$225,685.80** | **$12,468.62** | **$25,076.20** |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | | |
| 12/21/2018 | 10/01/2018 - 10/31/2018 | $43,871.50 | $39,484.35 | $1,109.10 | $39,484.35 | $1,109.10 | $4,387.15 |
| 1/22/2019 | 11/01/2018 - 11/30/2018 | $31,164.00 | $28,047.60 | $3,465.35 | $28,047.60 | $3,465.35 | $3,116.40 |
| 2/26/2019 | 12/01/2018 - 12/31/2018 | $73,432.50 | $66,089.25 | $1,046.62 | $66,089.25 | $1,046.62 | $7,343.25 |
| 3/15/2019 | 1/01/2019 - 1/31/2019 | $88,809.00 | $79,928.10 | $1,069.00 | $0.00 | $0.00 | $8,880.90 |
| **Total** | | **$237,277.00** | **$213,549.30** | **$6,690.07** | **$133,621.20** | **$5,621.07** | **$23,727.70** |

**Prior Interim Fee Applications & Adjustments:**

| Period | Requested | Approved |
|---|---|---|

| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
|---|---|---|---|---|---|
| 12/15/2017 [Docket No. 2079] | 07/21/2017 - 08/31/2017 | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 03/19/2018 [Docket No. 2757] | 09/01/2017 - 01/31/2018 | $444,580.00 | $21,160.13 | $444,580.00 | $21,160.13 |
| 07/16/2018 [Docket No. 3562] | 02/01/2018 - 05/31/2018 | $294,120.50 | $12,052.09 | $294,120.50 | $12,052.09 |
| 11/16/2018 [Docket No. 4329] | 06/01/2018 - 09/30/2018 | $250,762.00 | $12,468.62 | $225,647.00 | $12,468.62 |
| **Total fees and expenses approved by interim orders to date:** | | | | **$1,162,787.50** | **$52,001.46** |

Prior Interim or Monthly Fee PAYMENTS to date:

| Period | | Requested | | Paid | |
|---|---|---|---|---|---|
| Payment Received Date | Paid Interim Fee Application [Docket No.] or Monthly Fee Statement | Fees | Expenses | Fees | Expenses |
| 05/09/2018 | 12/15/2017 [Docket No. 2079] | $169,523.00 | $6,320.62 | $173,440.00 | $6,320.62 |
| 06/07/2018 | 03/19/2018 [Docket No. 2757] | $444,580.00 | $21,160.13 | $444,580.00 | $21,160.13 |
| 7/17/2018 8/8/2018 11/14/2018 | 07/16/2018 [Docket No. 3562] | $294,120.50 | $12,052.09 | $294,120.50 | $12,052.09 |
| 9/25/2018 10/31/2018 11/30/2018 | 11/16/2018 [Docket No. 4329] | $250,762.00 | $12,468.62 | $225,685.80 | $12,468.62 |
| 1/11/2019 | 12/21/2018 | $43,871.50 | $1,109.10 | $39,484.35 | $1,109.10 |

| | | | | | |
|---|---|---|---|---|---|
| 2/26/2019 | 1/22/2019 | $31,164.00 | $3,465.35 | $28,047.60 | $3,465.35 |
| 3/13/2019 | 2/26/2019 | $73,432.50 | $1,046.62 | $66,089.25 | $1,046.62 |
| **Total Fees and Expenses PAID to date:** | | | | **$1,271,447.50** | **$57,622.53** |

Number of professionals with time included in this application: <u>10</u>

If applicable, number of professionals in this application not included in a staffing plan approved by the client: <u>N/A</u>

If applicable, difference between fees budgeted and compensation sought for this period: <u>N/A</u>

Are any timekeeper's hourly rates higher than those charged and approved upon retention:[5] <u>No</u>

---

[5] If any timekeeper's hourly rate has changed since the firm's retention, the narrative portion of the fee application shall identify each timekeeper with an adjusted rate, the date and amount of the rate change, the reason for the change, and a statement that the client was notified and approved the rate change.

**Hearing Date**: June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline**: April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

| | |
|---|---|
| In re: | : |
| | : |
| THE FINANCIAL OVERSIGHT AND | : PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : Title III |
| | : |
| as representative of | : Case No. 17-BK-3283 (LTS) |
| | : |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : (Jointly Administered) |
| | : |
| Debtors. | : |

------------------------------------------------------------------------ x

## FIFTH INTERIM APPLICATION OF CASILLAS, SANTIAGO & TORRES, LLC, LOCAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES <u>FOR PERIOD FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019</u>

## TABLE OF CONTENTS

Preliminary Statement ........................................................................................4

Background ........................................................................................................8

Compensation and Reimbursement Request ...................................................11

Summary of Services ........................................................................................14
 General (Matter ID: 396-00002) ...........................................................15
 COFINA Dispute Analysis (Matter ID: 396-00003) ............................17
 Communications with Creditors / Website (other than Committee Members) .....21
 (Matter ID: 396-00004)
 Fiscal Plan Analysis (Matter ID: 396-00005) ......................................22
 PREPA (Matter ID: 396-00006) ...........................................................22
 HTA (Matter ID: 396-00007) ...............................................................22
 ERS (Matter ID: 396-00008) ................................................................22
 Other Adversary Proceedings (Matter ID: 396-00009) ........................23
 Mediation (Matter ID: 396-00010) .......................................................23
 GO Bond Debt Issues (Matter ID: 396-00011) .....................................26
 GDB (Matter ID: 396-00013) ...............................................................27
 PBAPR (Matter ID: 396-00014) ............................................................28
 Fee Application (Matter ID: 396-00015) ...............................................29
 Analysis of Kobre & Kim's Puerto Rico Debts Reports ......................29
 (Matter ID: 396-00016)

Actual and Necessary Disbursements ..............................................................30

1

Requested Compensation Should be Allowed ..................................................................................31

Conclusion ..........................................................................................................................................33

## SUPPORTING DECLARATION, EXHIBITS AND SCHEDULE

**Supporting Declaration of Juan J. Casillas-Ayala, Esq.**

**Exhibits**

A.  Customary and Comparable Compensation Disclosures with Fee Applications

B.  Summary of Timekeepers Included in this Application for Fee Period

C.  Budgets and Staffing Plans for Application Period

      C-1.    Budgets

      C-2.    Staffing Plans

D.  Summary of Compensation Requested by Project Category as Compared to Budget

      D-1.    Summary of Compensation Requested by Project Category as Compared to Budget

              Further Breakdown of Compensation Requested by Project Category and by Matter

      D-2.    Summary of Expenses by Category

E.  Breakdown of Compensation and Expense Requested by Debtor

F.  List of Professionals by Matter

G.  Monthly Statements Covered in Application

**Schedule**

Proposed Order

**To the Honorable United States District Judge Laura Taylor Swain:**

Casillas, Santiago & Torres, LLC ("CST Law"), Local Counsel to the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA) (the "Committee"), for its fifth application (the "Application"), pursuant to sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act of 2016 ("PROMESA")[6], section 503(b) of Title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by Section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), for the interim allowance of compensation for professional services performed by CST Law for the period from October 1, 2018 through and including January 31, 2019 (the "Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the Interim Fee Period, respectfully represents:

## PRELIMINARY STATEMENT

1.     During the Application Period, CST Law was instrumental in assisting Paul Hastings confront a wide range of critical and time-sensitive issues, including multi-billion dollar challenges to the validity of certain general obligation ("GO") bond claims and the "leases" with the Puerto Rico Public Buildings Authority ("PBA"). Indeed, CST Law helped Paul Hastings prepare and initiate one of the most important legal actions in these Title III cases to date: the Omnibus Objection [Docket No. 4784] (the "GO Objection") of the Committee and the Oversight Board (acting through its Special Claims Committee) seeking to disallow claims based on the Commonwealth's general obligation bonds issued in or after March 2012 (the "Invalid GO

---

[6] References to PROMESA are references to 48 U.S.C. §§2101 *et. seq.*

Bonds"). The GO Objection seeks to disallow **more than $6 billion** in GO bondholder claims out of $13 billion in outstanding GO bonds, on the basis that these bonds were issued in violation of the limit on debt service contained in the Constitution of the Commonwealth of Puerto Rico (the "Commonwealth Constitution"). The GO Objection raises critical gating issues for the Commonwealth's plan of adjustment process, given that holders of GO bonds have claimed entitlement to a so-called "constitutional priority of payment," while the Committee, the Oversight Board, and numerous other Commonwealth creditors dispute that the GO bondholders are entitled to such a priority. Thus, CST Law's work on the GO Objection is of enormous significance to the successful resolution of the Title III Cases.

2.    Also, during the Application Period, CST Law facilitated Paul Hastings' extensive work with respect to the Committee's adversary proceeding (filed jointly with the Oversight Board) challenging PBA "leases" as disguised financing arrangements [Adv. Proc. No. 18-149 (LTS)] (the "PBA Adversary Proceeding"). In the PBA Adversary Proceeding, the Committee and the Oversight Board seek a declaration that the payments due under the PBA "leases" are not "rent" payments and, therefore, that more than $600 million in "rent" accrued under the "leases" is not entitled to payment in full under PROMESA and the Bankruptcy Code, but rather only gives rise to an unsecured claim by the PBA against the Commonwealth.

3.    All the while, CST Law has assisted Paul Hastings to continue advising the Committee on all issues bearing on the rights of unsecured creditors in these Title III cases and taken proactive steps to protect their rights, including by:

    (i)    resolving the Committee's objections to the GDB restructuring, with the resolution including GDB agreeing to transfer $20 million in cash, plus a potential additional amount of up to $10 million in cash, for the benefit of certain Debtors;

(ii)     pursuing a consensual resolution of the Commonwealth-COFINA dispute, with the efforts culminating in the approval of a settlement agreement and confirmation of a COFINA plan of adjustment;

(iii)    seeking discovery from the Debtors (except COFINA) pursuant to Bankruptcy Rule 2004 as part of the Committee's investigation into potential avoidance action claims against third parties;

(iv)     opposing the appeals brought by Assured and Ambac seeking to reverse the Court's rulings dismissing their respective "clawback" adversary proceedings;

(v)      continuing to develop a framework for an alternative dispute resolution process for the allowance of claims;

(vi)     analyzing the motion filed by PREPA's bond insurers requesting relief from the automatic stay to seek appointment of a receiver at PREPA and participating in discovery related thereto;

(vii)    researching a variety of issues related to confirmation of a Commonwealth plan of adjustment in connection with the mediation process;

(viii)   maintaining the Committee's website as well as distributing regular informational emails to unsecured creditors; and

(ix)     monitoring pleadings filed and orders entered in the Title III cases and related adversary proceedings (including, where appropriate, filing objections).

4.      CST Law has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by CST Law was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Moreover, whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys to handle the more routine aspects of the assignments. In addition, a small group of the same CST Law attorneys was utilized for the vast majority of the work in these title III cases, to minimize the costs of intra-CST Law communication and education about the cases. Notably, as a general matter, no more than two CST Law attorneys

(and often only one attorney) attended the various hearings and mediation sessions held during the Application Period, thereby minimizing not only the time billed on these hearings/sessions but also the cost of travel and lodging.

5.      CST Law respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. The results obtained to date have benefited not only the Committee but also the Debtors and their creditors. Accordingly, considering the nature and complexity of the Title III Cases, CST Law's charges for professional services performed and expenses incurred are reasonable under applicable standards. For all these reasons, CST Law respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

6.      This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). To the extent necessary, CST Law requests a waiver for cause shown of any such requirement not met by this Application.[7]

7.      In accordance with the U.S. Trustee Guidelines, at the end of this Application are the following Exhibits:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of CST Law's timekeepers included in this Application.

_____

[7] The Committee and CST Law reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

- <u>Exhibit C-1</u> contains the budgets for CST Law's services during the application period

- <u>Exhibit C-2</u> contains the staffing plans for CST Law's services during the application period

- <u>Exhibit D-1</u> contains (a) a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the application period, and (b) a further breakdown of the compensation requested by project category and matter number.

- <u>Exhibit D-2</u> contains a summary of the expenses requested by project. An itemized schedule of all such expenses is included in CST Law's monthly statements.

- <u>Exhibit E</u> contains a breakdown of compensation and expenses requested by Debtor.

- <u>Exhibit F</u> contains a list of the professionals providing services during the application period by matter.

- <u>Exhibit G</u> includes the monthly fee statements covered in this application. Attached is copy of the monthly statements for CST Law's services during the Interim Fee Period, which include detailed time records and narrative descriptions of the services rendered by each timekeeper.

- <u>Schedule 1</u> includes the proposed order approving this application.

## BACKGROUND

8.      On May 3, 2017, the Oversight Board commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "<u>Commonwealth Title III Case</u>"). Thereafter, the Oversight Board commenced a title III case for each of COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS Title III Case</u>"), the Puerto Rico Highways and Transportation Authority ("<u>HTA Title III Case</u>"), and the Puerto Rico Electric Power Authority ("<u>PREPA Title III Case</u>") (and together with the Commonwealth Title III Case, the "<u>Title III</u>

Cases").[8] By orders dated June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint administration of the Title III Cases.

9.      On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338]. On July 21, 2017, the Committee selected CST Law as local counsel to the Committee.

10.     On August 4, 2017, the Committee filed an application to retain and employ CST Law, effective July 21, 2017 [Docket No. 884] (the "Retention Application"). By order of this Court entered October 6, 2017 [Docket No. 1414] (the "Retention Order"), incorporated herein by this reference, CST Law's retention as Local Counsel to the Committee was approved effective as of July 21, 2017.

11.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the Interim Compensation Order").[9]

12.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.

13.     The Retention Order authorized CST Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to Sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may

---

[8] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.
[9] The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by the Fee Examiner.

direct. The Retention Order further provides that "pursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA Section 301(a), the fees and expenses of CST Law under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of CST Law allowed fees and expenses.

14.    On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing A Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

15.    On December 15, 2017, CST Law filed its first interim fee application with respect to the period from July 21, 2017 through August 31, 2017 [Docket No. 2079] (the "First Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the First Interim Fee Application. On March 7, 2018, the court approved the First Interim Fee Application.

16.    On March 19, 2018, CST Law filed its second interim fee application with respect to the period from September 1, 2017 through January 31, 2018 [Docket No. 2757] (the "Second Interim Fee Application"). In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Second Interim Fee Application. On March 7, 2018, the court approved the Second Interim Fee Application.

17.    On June 6, 2018, the Court enter the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Second Interim Compensation Order").

18.     On July 16, 2018, CST filed its third interim fee application, covering the period from February 1, 2018 through May 31, 2018 [Docket No. 3562]. All services for which compensation is requested were performed for or on behalf of the Committee. In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Third Interim Fee Application. On March 14, 2019, the Court approved the Third Interim Fee Application.

19.     On November 16, 2018, CST filed its fourth interim fee application, covering the period from June 1, 2018 through September 30, 2018 [Docket No. 4329]. All services for which compensation is requested were performed for or on behalf of the Committee. In accordance with the Interim Compensation Order, CST Law received a preliminary report from the Fee Examiner with respect to the Fourth Interim Fee Application. Per the Fee Examiner's request, CST Law agreed to certain minimal adjustments in its requested fees and expenses.[10] On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

20.     This is CST Law's fifth interim fee application, covering the period from October 1, 2018 through January 31, 2019. All services for which compensation is requested were performed for or on behalf of the Committee.

## COMPENSATION AND REIMBURSEMENT REQUEST

21.     By this Application, CST Law seeks from the Debtors (a) compensation for professional services rendered to the Committee during the Interim Fee Period in the aggregate amount of $237,277.00; and (b) expense reimbursements in the aggregate amount of $6,690.07. These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case, as follows:

---

[10] The agreed-upon adjustment consisted of a fee reduction in the amount of $115.00.

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $228,378.00 | $6,690.07 | $235,068.07 |
| PREPA Title III Case | $2,534.00 | $0.00 | $2,534.00 |
| HTA Title III Case | $3,024.00 | $0.00 | $3,024.00 |
| ERS Title III Case | $3,341.00 | $0.00 | $3,341.00 |
| **Total** | **$237,277.00** | **$6,690.07** | **$243,967.07** |

22.    The Committee has approved the amounts requested by CST Law for services performed and expenses incurred in each of the monthly statements submitted that were or are hereby being submitted concurrently to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee, during the Interim Fee Period.[11]

23.    As of today, CST Law has not been paid any amounts pertaining to its invoices for January 2019, for which it requests payment pursuant to this Fee Application.

24.    Also, to date, CST has received payments totaling $139,242.27 for services rendered during the Application Period excluding January 2019, which amount consists of $133,621.20 (representing 90% of the fees for services invoiced during the period of October 1, 2018 through December 31, 2018) and $5,621.07 (representing 100% of expenses invoiced for the same period). As of the date of this Application, the amount of $104,724.80 remains unpaid.

25.    By this Application, CST Law requests payment of all outstanding fees and expenses for services rendered during the Interim Fee Period.

---

[11] CST Law began submitting budgets in the month of January 2018. Further, due to the passing of Hurricane María and its impact to CST Law's operation, CST Law was unable to submit its billing for the Interim Fee until this date.

26.     There is no agreement or understanding between CST Law and any other person other than the attorneys, employees, and staff of CST Law, for the sharing of compensation to be received for services rendered in these cases.

27.     CST Law maintains computerized records, in the form of monthly statements, of the time spent by all of CST Law's attorneys and paraprofessionals in connection with its representation of the Committee. The monthly statements are in the same form regularly used by CST Law to bill its clients for services rendered, and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

28.     The fees charged by CST Law in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. The rates CST Law charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates CST Law charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Moreover, when CST Law's professionals and paraprofessionals work on non-bankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in the Puerto Rico legal market.

29.     CST Law's rates are set at a level designed to fairly compensate CST Law for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expense. CST Law operates in the Puerto Rico legal services market in which rates are driven by multiple factors relating to the individual lawyer, their area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly,

13

CST Law set its rates for attorneys and paraprofessionals within the firm by reference to market information and market adjustments by firms considered to be industry peers. Based on this and the reviews of contemporaneous time records and fee applications filed in other cases, CST Law endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

30.     CST Law's professional services during the Interim Fee Period required an aggregate expenditure of 1,101.50 recorded hours by CST Law's attorneys and paraprofessionals, broken down as follows: Partners (485.40 hours), Junior Partners (41.70 hours), Senior Associates (34.00 hours), Associates (522.10 hours), and Paraprofessionals (18.30 hours). During the Interim Fee Period, CST Law's billing rates for attorneys rendering services in this matter ranged from $170.00 to $270.00 per hour.

31.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Interim Fee Period but were not processed before the preparation of this Application, or CST Law has for any other reason not sought compensation or reimbursement with respect to such services or expenses, CST Law reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

32.     During the Interim Fee Period, CST Law assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties. In addition, CST Law has prepared various motions, applications, proposed orders, and other pleadings submitted to the Court for consideration, and has performed the necessary

professional services that are described below and in the monthly statements attached hereto as

Exhibit F.[12] For ease of reference and transparency purposes, CST Law created several matter

numbers for its representation of the Committee. The matter numbers are divided by Debtor

and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|-----------|-------------|
| 396-00002 | General |
| 396-00003 | COFINA Dispute Analysis |
| 396-00004 | Communications w/ Creditors/ Website (other than Committee Members) |
| 396-00005 | Plan Fiscal Analysis |
| 396-00006 | PREPA |
| 396-00007 | HTA |
| 396-00008 | ERS |
| 396-00009 | Other Adversary Proceedings |
| 396-00010 | Mediation |
| 396-00011 | GO Bond Debt Issues |
| 396-00012 | Document Review |
| 396-00013 | GDB |
| 396-00014 | PBAPR |
| 396-00015 | Fee Application |
| 396-00016 | Analysis of Kobre & Kim's Puerto Rico Debts Reports |

**I.  General (Matter ID: 396-00002)**

---

[12] The description of services in this Application is limited to those matters in which CST Law provided 5 or more hours of service during the Application Period.

(a)     Pleading Reviews (Task Code: B113)

Fees:        $25,435.00     Total Hours:   108.00

33.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee. This in compliance with the applicable Rules of Professional Conduct.

(b)     Meeting of and Communications with Creditors (Task Code: B150)

Fees:        $8,140.00     Total Hours:   33.00

34.     During the Application Period, CST Law prepared various documents to keep the Committee apprised of relevant developments in the Title III Cases, related adversary proceedings, and the mediation process. Also, CST Law participated in various telephone conferences and communications with the Committee for the same purposes.

(c)     Court Hearings (Task Code: B155)

Fees:        $2,838.00     Total Hours:   14.40

35.     During the Application Period, CST Law attended as local counsel to all hearings that Paul Hastings attended. To minimize costs, only one CST Law attorney appeared in the hearings accompanying Paul Hastings' attorneys. In certain instance another CST Law attorney listened-in to parts of the hearing.

36.     In preparation for these hearings, CST Law also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

(d)     Other Contested Matters (Task Code: B190)

Fees:        $36,903.50     Total Hours:   175.30

37.     During the Application Period, CST Law aided Paul Hastings in various matters including conducting research on various first impression issues of Puerto Rico Law. Further, CST

Law provided assistance to Paul Hastings in the analysis and drafting of pleadings filed in connection with a wide variety of matters. For example, CST Law conducted various research that were instrumental in developing a strategy in various objections.

    (e) <u>General Litigation (Task Code: B191)</u>

        Fees:    $11,243.50    Total Hours:   46.00

    38.    During the Application Period, CST Law aided Paul Hastings in various matters including filing of *pro hac vice* admissions, motions, conducted local law research, among others.

    (f) <u>Non-Working Travel (Task Code: B195)</u>

        Fees:    $720.00     Total Hours:   7.00

    39.    During the Application Period, CST Law attorneys had to travel to and from court in order to appear along Paul Hastings Attorneys.

**II.  COFINA Dispute Analysis (Matter ID: 396-00003)**

    40.    Pursuant to the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute*, dated August 10, 2017 [Docket No. 996] (the "<u>Commonwealth-COFINA Stipulation</u>"), the Committee was appointed as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute (as defined in the Commonwealth-COFINA Stipulation) on behalf of the Commonwealth (the "<u>Commonwealth Agent</u>").[13] The Commonwealth-COFINA Dispute is one of the most significant and complex disputes in these Title III Cases.

    41.    Concurrently with the prosecution of the Commonwealth-COFINA Dispute, CST Law, along Paul Hastings, advised the Commonwealth Agent in the mediation related to the

---

[13] The Commonwealth-COFINA Dispute concerns the question "[w]hether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes [the ("<u>SUT</u>")] purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law."

Commonwealth-COFINA Dispute. As a result of these efforts, on June 5, 2018, the Commonwealth Agent and the COFINA Agent reached an agreement in principle (the "Agreement in Principle") that contemplated a settlement of the Commonwealth-COFINA Dispute.[14]

42.     Following the certification of a revised fiscal plan for the Commonwealth on June 29, 2018, the Commonwealth Agent informed the Court and parties in interest that, while it continued to support the settlement reached with the COFINA Agent, it had concerns that the certification of the June 29 fiscal plan presented a material impediment to the execution or consummation of a settlement because the June 29 fiscal plan materially revised certain underlying assumptions that formed the basis of the Commonwealth fiscal plan certified on May 30, 2018 (which was in effect when the Agents entered into the Agreement in Principle on June 5 and on which the Commonwealth Agent relied when entering into the Agreement in Principle).

43.     Thereafter, in August 2018, the Oversight Board, the Commonwealth, COFINA, AAFAF, and certain parties to the Commonwealth-COFINA Dispute (but not the Commonwealth Agent) executed a plan support agreement (as amended, the "COFINA Plan Support Agreement"), which reflected the percentage allocation of certain sales and use taxes as the Agreement in Principle and set forth, among other things, the terms of the securities to be issued pursuant to a plan of adjustment for COFINA (as amended, the "COFINA Plan").

44.     On October 19, 2018, the Oversight Board filed (a) a motion (the "9019 Motion") seeking approval of that certain Settlement Agreement, dated October 19, 2018, between the Oversight Board and the COFINA Agent (the "Settlement Agreement"), compromising and settling the Commonwealth-COFINA Dispute and (b) the COFINA Plan and related proposed disclosure statement (the "COFINA Disclosure Statement").

---

[14] The agreement in principle was subject to various conditions precedent and subsequent.

45.     The Commonwealth Agent continued to raise concerns regarding the feasibility of the Settlement Agreement as well as the Oversight Board's ability to settle the Commonwealth-COFINA Dispute over the objection of the Commonwealth Agent. However, after the certification of a further revised Commonwealth fiscal plan on October 23, 2018, which reflected a material improvement in the 40-year cash flow projections contained in the June 29 fiscal plan, the Commonwealth Agent and the Oversight Board were able to reach a consensual resolution, which is reflected in the stipulation, entered by the Court on November 9, 2018. Among other things, under the stipulation, the Commonwealth Agent agreed not to object to the approval of the 9019 Motion, approval of the COFINA Disclosure Statement, or confirmation of the COFINA Plan, except in the event that, on or prior to December 31, 2018, the Oversight Board either (a) certified a further revised fiscal plan for the Commonwealth which provides for a material reduction of the 40-year cash flow projections from those contained in the October fiscal plan, or (b) amended, modified or supplemented the Settlement Agreement or the COFINA Plan, whose amendment, modification or supplement provides a material negative economic impact to the rights and interests of the Commonwealth. On January 16 and 17, 2019, the Court held hearings on the approval of the Settlement Agreement and confirmation of the COFINA Plan. On February 4, 2019, the Court entered orders approving the Settlement Agreement and confirming the COFINA Plan. The effective date of the COFINA Plan occurred on February 12, 2019.

46.     During the Application Period, CST Law continued to support and provide assistance to Paul Hastings in relation to the Commonwealth-COFINA dispute; particularly in regard to the Confirmation of COFINA's Plan of Adjustment.

(a)     Pleadings Review (Task Code: B113)

Fees:       $22,998.00    Total Hours:   106.40

47.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. Specifically, CST Law reviewed pleadings filed and orders entered in the Commonwealth-COFINA Action as well as the different Plans of Adjustments filed and related adversary proceedings.

(b)     <u>Court Hearings (Task Code: B155)</u>

Fees:       $3,953.00      Total Hours:    15.40

48.     During the Application Period, CST Law attended as local counsel to all hearings that Paul Hastings attended. To minimize costs, only one CST Law attorney appeared in the hearings accompanying Paul Hastings' attorneys. In certain instance another CST Law attorney listened-in to parts of the hearing.

49.     In preparation for these hearings, CST Law also reviewed relevant issues raised in the parties' pleadings, prepared materials for the hearings, and filed the requisite informative motions to be heard.

(c)     <u>Other Contested Matters (Task Code: B190)</u>

Fees:       $5,699.00      Total Hours:    30.70

50.     During the Application Period, CST Law continued to work with Paul Hastings to resolve the Commonwealth-COFINA Action on behalf of the Committee, as the Commonwealth Agent. Among other things, CST Law: (i) researched and analyzed critical legal issues with respect to the COFINA structure and other similar structures in the context of constitutionality, claims allowance, and transfer issues; and (ii) per Paul Hastings' requests, researched and analyzed issues pertaining to local law that has an effect on settlement negotiations.

(d)    <u>General Litigation (Task Code: B191)</u>

Fees:    $7,101.00    Total Hours:   26.30

51.    During the Application Period, CST Law continued to work with Paul Hastings to resolve the Commonwealth-COFINA Action on behalf of the Committee, as the Commonwealth Agent. Among other things, CST Law: (i) researched and analyzed critical legal issues with respect to the COFINA structure and other similar structures in the context of constitutionality, claims allowance, and transfer issues; (ii) analyzed and provide advice on the potential settlement and its enforceability; and (iii) per Paul Hastings' requests, researched and analyzed issues pertaining to local law that has an effect on settlement negotiations.

### III. Communications with Creditors / Website (other than Committee Members) (Matter ID: 396-00004)

(a)    <u>Other Contested Matters (Task Code: B190)</u>

Fees:    $6,973.00    Total Hours:   37.90

52.    During the Application Period, CST Law helped Paul Hastings prepare and regularly update, with the assistance of Prime Clerk and Kroma, the Committee's websites regarding the Title III Cases, including updates on hearings, recent Court orders, and other developments in the Title III Cases. In this regard, CST Law drafted and regularly updated the Spanish-language sections of the websites.

(b)    <u>General Litigation (Task code: B191)</u>

Fees:  $2,261.00    Total Hours:   13.30

53.    During the Application Period, CST Law helped Paul Hastings prepare and regularly update, with the assistance of Prime Clerk and Kroma, the Committee's websites regarding the Title III Cases, including updates on hearings, recent Court orders, and other

developments in the Title III Cases. Also, in this regard, CST Law drafted and regularly updated the Spanish-language sections of the websites.

## IV. Fiscal Plan Analysis (Matter ID 396-00005)

(a)    <u>Other Contested Matters (Task Code: B190)</u>

Fees:      $2,901.00     Total Hours:   13.30

54.    During the Fee Application Period, CST Attorneys had to evaluate the different fiscal plans approved by the Oversight Board.

## V. PREPA (Matter ID 396-00006)

(a)    <u>Other Contested Matters (Task Code: B190)</u>

Fees:      $1,431.00     Total Hours:   7.30

55.    During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the PREPA Title III Case, related adversary proceedings, and other litigation including the briefs filed in the First Circuit.

## VI. HTA (Matter ID: 396-00007)

(a) <u>Court Hearings (Task Code: B155)</u>

Fees:      $1,701.00     Total Hours:   6.30

56.    During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the HTA Title III Case, related adversary proceedings, and other litigation including the briefs filed in the First Circuit.

## VII.   ERS (Matter ID: 396-00008)

(a)      Pleadings Reviews (Task Code: B113)

Fees:      $1,829.00      Total Hours:   7.70

57.      During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee. In particular, CST Law continued to review and prepare summaries of pleadings filed and orders entered in the ERS Title III Case.

**VIII.   Other Adversary Proceedings (Matter ID: 396-00009)**

(a)      Pleadings Reviews (Task Code: B113)

Fees:      $1,674.00      Total Hours:   6.20

58.      During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored and other adversary proceedings, and to develop strategies for such cases.

(b)      Other Contested Matters (Task Code: B190)

Fees:      $6,515.00      Total Hours:   34.00

59.      During the Application Period, CST Law worked along Paul Hastings monitoring the progress of a number of adversary proceedings and related matters, advising the Committee as appropriate. Also, CST Law provided assistance with the filing of various adversary proceedings.

(c)      General Litigation (Task Code: B191)

Fees:      $713.50      Total Hours:   5.30

60.      During the Application Period, CST Law worked with Paul Hastings attorneys to analyze pleadings filed in various local cases being monitored and other adversary proceedings, and to develop strategies for such cases.

**IX.   Mediation (Matter ID: 396-00010)**

61.     The Committee's role in the mediation process during the Application Period was primarily focused on the efforts to settle the Commonwealth-COFINA Dispute (as expanded by the Scope Order), with respect to which the Committee acted as the Commonwealth Agent. In addition, the Committee also dealt with issues related to the Commonwealth plan mediation.[15]

(a)     <u>Other Contested Matters (Task Code: B190)</u>

Fees:   $1,656.00          Total Hours:   7.80

62.     During the Application Period, CST Law continued to work hand in hand with Paul Hastings to advise the Commonwealth Agent on all substantive issues raised in connection with the settlement process with respect to the Commonwealth-COFINA Dispute.

63.     As noted above, on October 19, 2018, the Oversight Board filed (a) the 9019 Motion seeking approval of the Settlement Agreement, compromising and settling the Commonwealth-COFINA Dispute and (b) the COFINA Plan and the related proposed COFINA Disclosure Statement. The Commonwealth Agent continued to raise concerns regarding the feasibility of the Settlement Agreement as well as the Oversight Board's ability to settle the Commonwealth-COFINA Dispute over the objection of the Commonwealth Agent.

64.     Accordingly, in October 2018, CST Law helped Paul Hastings draft a motion to enforce the Commonwealth-COFINA Stipulation (the "<u>Motion to Enforce</u>"), challenging the Oversight Board's authority to seek approval of the Settlement Agreement under the Commonwealth-COFINA Stipulation. Concurrently with preparing this motion, CST Law – along

---

[15] Due to mediation confidentiality restrictions, CST Law cannot publicly disclose the substance of the issues addressed in mediation. Moreover, at the request of the mediation team, CST Law has redacted all references to specific mediation issues in its monthly fee statements attached to this Application. CST Law will submit unredacted versions of such statements for the Court's review, if the Court so requests. The Fee Examiner and the Notice Parties have all received unredacted versions of such statements.

with Paul Hastings, also requested that the Court set a deadline to file the Motion to Enforce and set the hearing on such motion for November 20, 2018. The Court granted the scheduling motion on October 18, 2018.

65.     After the Oversight Board certified a further revised Commonwealth's fiscal plan on October 23, 2018, the Commonwealth Agent and the Oversight Board engaged in further discussions to resolve the Commonwealth Agent's remaining concerns regarding the feasibility of the Settlement Agreement and the COFINA Plan as well as the Oversight Board's authority to seek approval of the Settlement Agreement. As a result of these discussions, the parties entered into a stipulation on November 5, 2018, a stipulation that was so-ordered by the Court on November 9, 2018 (the "November 9 Stipulation"). Under the November 9 Stipulation, the Commonwealth Agent agreed, among other things, not to object to the approval of the 9019 Motion, approval of the COFINA Disclosure Statement, or confirmation of the COFINA Plan, except in the event that, on or prior to December 31, 2018, the Oversight Board either (a) certified a further revised fiscal plan for the Commonwealth that provides for a material reduction of the 40-year cash flow projections from those contained in the October fiscal plan, or (b) amended, modified or supplemented the Settlement Agreement or the COFINA Plan, whose amendment, modification or supplement provides a material negative economic impact to the rights and interests of the Commonwealth. In light of the November 9 Stipulation, the Commonwealth Agent did not file its Motion to Enforce.

66.     Following the November 9 Stipulation, and given the interrelatedness of the Settlement Agreement with the COFINA Plan, CST Law, along with Paul Hastings, continued to closely monitor all proceedings with respect to the COFINA restructuring, including, among other things, revisions to the COFINA Plan and the COFINA Disclosure Statement, objections and other

pleadings filed in response to the 9019 Motion and the COFINA Plan, the new COFINA bond documentation (filed as part of the plan supplement), and the new legislation implementing the COFINA restructuring. CST Law, along with Paul Hastings, also communicated with counsel for the Oversight Board and AAFAF regarding certain comments to the COFINA Plan, the COFINA Disclosure Statement, and the related transaction documents.

67.     As noted above, on January 16 and 17, 2019, the Court held hearings on the approval of the Settlement Agreement and confirmation of the COFINA Plan, and, on February 4, 2019, the Court entered orders approving the Settlement Agreement and confirming the COFINA Plan. The effective date of the COFINA Plan is February 12, 2019.

**X.       GO Bond Debt Issues (Matter ID: 396-00011)**

(a)     Other Contested Matters (Task Code: B190)

Fees:   $20,482.00        Total Hours:   102.60

68.     During the Application Period, CST Law helped Paul Hastings prepare the Objection of the Committee and the Oversight Board, acting through its Special Claims Committee (together, the "Objectors") seeking the disallowance of the Invalid GO Bonds. In essence, the GO Objection argues that the Invalid GO Bonds were issued in violation of the limit on debt service contained in the Commonwealth Constitution when properly calculated to include debt service on bonds issued by the PBA,[16] whose bonds are just as much direct obligations of the Commonwealth as any GO bond issued by the Commonwealth itself. In addition, in the Committee's view, the Invalid GO Bonds were issued in violation of the Commonwealth Constitution's balanced budget clause, which prohibits deficit financing. Among other arguments, the GO Objection further

---

[16] Services rendered in connection with the PBA generally and the adversary proceeding filed by the Committee and Oversight Board against PBA [Adv. Proc. No. 18-149 (LTS)] were tracked under Matter ID 00017 (PBA), discussed in more detail below.

asserts that the Invalid GO Bonds should be disallowed in their entirety and cannot be validated under section 8-202 of the Uniform Commercial Code (which provides for the validation of securities under specified conditions as a defense to an issuer's assertion of invalidity).

69.     Among other things, CST Law: (i) researched and analyzed critical legal issues with respect to the GO and PBA structure and other similar structures in the context of constitutionality, claims allowance, and transfer issues; and (ii) per Paul Hastings' requests, researched and analyzed issues pertaining to local law that has an effect on settlement negotiations.

(b)     General Litigation (Task Code: B191)

Fees:   $11,938.00        Total Hours:   47.90

70.     During the Application Period, CST Law attorneys engaged in extensive research of constitutional and bond issuance matters under local law to assist in developing the strategy required for the GO Objection. Furthermore, CST Law attorneys discussed the research results and provided feedback for the analysis being made with Paul Hastings.

**XI.     GDB (Matter ID: 396-00013)**

71.     During the Application Period, CST Law continued to help Paul Hastings complete extensive work with respect to the GDB restructuring which would culminate in the approval of a proposed restructuring (or "Qualifying Modification") of GDB under Title VI of PROMESA.

(a) Pleadings Reviews (Task Code: B113)

Fees:       $5,000.00     Total Hours:   19.00

72.     During the Application Period, CST Law reviewed various pleadings to be adequately prepared to provide services to the Committee and assist Paul Hastings in its representation of the Committee.

(b) Other Contested Matters (Task Code: B190)

Fees: $5,633.50 Total Hours: 26.30

73. During the Fee Application Period, CST Law attorneys conducted various research to assist Paul Hastings in analyzing various developments in GDB's Title VI proceeding. Further, CST Law attorneys provided the research results to Paul Hastings' attorneys and strategized the best course of action to follow in responding to this request. Due to the nature of the requests and to time-frame provided to complete the same, it was sometimes necessary for CST attorneys to work collectively.

(c)"General Litigation (Task Code: B191)"

Fees: $1,242.00 Total Hours: 5.60

74. During the application period, CST Law: (i) researched and analyzed critical legal issues with respect to the GDB and the rights of its officers, if any, in the context of potential against them for failure to exercise proper fiduciary duties; and (ii) per Paul Hastings' requests, researched and analyzed issues pertaining to local law that has an effect on settlement negotiations.

## XII. PBAPR (Matter ID: 396-00014)

(a) Pleadings Reviews (Task Code: B113)

Fees: $2,657.00 Total Hours: 11.10

75. During the Application Period, CST Law worked hand in hand with Paul Hastings to draft the Objection to certain PBA bonds.

(b) Other Contested Matters (Task Code: B190)

Fees: $12,092.00 Total Hours: 59.60

76. During the Application Period, CST Law continued to help Paul Hastings to further analyze potential challenges to the PBA leases as disguised financing arrangements. As part of these efforts, CST Law conducted additional legal research and communicated the results to Paul Hastings attorneys.

(c)      General Litigation (Task Code: B191)

      Fees:   $6,358.00          Total Hours:   32.40

77.      During the Application Period, CST Law further discussed with Paul Hastings attorneys the strategy for the Objection to the PBA Bonds and provided feedback to drafts of pleadings.

## XIII. Fee Application (Matter ID: 396-00015)

(a)      Fee / Employment Applications (Task Code: B160)

      Fees:   $3,592.00          Total Hours:   21.60

78.      Pursuant to the Fee Examiner's request, CST Law has established a matter to keep track of the time incurred in compliance with the Fee Examiner's requests. The time spent in the Fee Application Period pertains to the time spent in compliance with the Fee Examiner's requests including communications with the mentioned examiner.

79.      During the Fee Application Period, CST Law incurred in time to prepare its Fourth Interim Application.

## XIV. Analysis of Kobre & Kim's Puerto Rico Debts Reports (Matter ID: 396-00016)

(a)      Other Contested Matters (Task Code: B190)

      Fees:      $3,829.00    Total Hours:   20.30

80.      On August 20, 2018, the Oversight Board's investigator, Kobre & Kim, released its final report (the "Final Report") with respect to the factors contributing to Puerto Rico's fiscal crisis, as well as Puerto Rico's issuance of debt. CST Law reviewed and analyzed the Final Report (which is approximately 600 pages long), and subsequently helped Paul Hastings file an informative motion setting forth the Committee's concerns with respect to the Final Report.

81.     Also, during the Fee Application Period, CST Law engaged in obtaining various Non-Disclosure Agreements so that the Committee could access the documents that were provided by Kobre & Kim, allowing for a proper analysis of the Final Report to be completed.

*****

82.     The foregoing professional services were necessary and appropriate to the administration of the Title III Cases and were incurred upon in the best interests of the Committee, the Debtors, the creditors, and other parties in interest.

### ACTUAL AND NECESSARY DISBURSEMENTS

83.     As set forth in Exhibit D hereto, CST Law disbursed $6,690.07 as expenses incurred in providing professional services during the Interim Fee Period.

84.     Because CST Law believes that online legal research (e.g., LEXIS and WESTLAW) is far more cost-efficient than manual research using hard-bound volumes, CST Law encourages computerized legal research even though it is not a profit center for CST Law.

85.     The time constraints imposed by the circumstances of the matters handled by CST Law during the Interim Fee Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee. These extraordinary services were essential to meet deadlines, timely respond to daily inquiries, and satisfy the Committee's needs and demands. Attorneys and other CST Law employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy. CST Law's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

86.     CST Law believes the rates for charges incurred are the market rates that most law firms charge clients for such services. In addition, CST Law believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### THE REQUESTED COMPENSATION SHOULD BE ALLOWED

87.     Section 316 provides for the compensation of professionals. Specifically, the section provides that a Court may award a professional employed by a committee under Section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered… and reimbursement for actual, necessary expenses." PROMESA §316(a). Section 316 of PROMESA also sets forth the criteria for the award of such compensation and reimbursement:

> (a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (i) the time spent on such services;
>
> (ii) the rates charged for such services;
>
> (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and
>
> (vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA §316(c). Further, section 317 of PROMESA provides that "a committee… may apply to the court not more than once every 120 days… for such compensation for services rendered…"

88.    In the instant case, CST Law respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. Furthermore, almost 15% of the fees requested were performed at a significant reduced blended rate of $100.00 per hour per timekeeper. The results obtained to date have benefited not only the Committee but also the Debtors and their stakeholders. Accordingly, the compensation requested herein is reasonable considering the nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

89.    The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, CST Law sought to minimize the costs of CST Law's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. A small group of the same CST Law attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra- CST Law communication and education about the Title III Cases. As demonstrated by this Application, CST Law spent its time economically and without unnecessary duplication. Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

WHEREFORE, CST Law respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Interim Fee Period in the amount of $237,277.00 and expense reimbursements in the amount of $6,690.07; (ii) directing the Debtors' payment of the amounts allowed and; (iii) granting CST Law such other and further relief as is just.

Date: March 18, 2019                    */s/Juan J. Casillas-Ayala*
        In San Juan, Puerto Rico        Juan J. Casillas-Ayala, Esq.

                                        CASILLAS, SANTIAGO & TORRES, LLC
                                        Juan J. Casillas-Ayala, Esq., USDC-PR 218312
                                        Diana M. Batlle-Barasorda, Esq., USDC-PR 213103
                                        Alberto J. E. Añeses-Negrón, Esq., USDC-PR 302710
                                        Ericka C. Montull-Novoa, Esq., USDC-PR 230601
                                        El Caribe Office Building
                                        53 Palmeras Street, Ste. 1601
                                        San Juan, PR 00901-2419
                                        Telephone: (787) 523-3434
                                        jcasillas@cstlawpr.com
                                        dbatlle@cstlawpr.com
                                        aaneses@cstlawpr.com
                                        emontull@cstlawpr.com