**Hearing Date:** June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)

**Objection Deadline:** April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

      Debtors.[1]

------------------------------------------------------------------------ x

:
:
:
:
: PROMESA
: Title III
:
: Case No. 17-BK-3283 (LTS)
:
: (Jointly Administered)
:
:

## NOTICE OF HEARING ON FIFTH INTERIM FEE APPLICATION OF ZOLFO COOPER, LLC, AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM <u>OCTOBER 1, 2018 THROUGH JANUARY 31, 2019</u>

**PLEASE TAKE NOTICE** that a hearing on the annexed *Fifth Interim Fee Application of Zolfo Cooper, LLC, as Financial Advisor to Official Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for Period from October 1, 2018 through January 31, 2019* (the "<u>Application</u>") filed by the Official Committee of Unsecured Creditors of all title III Debtors (other than COFINA), pursuant to section 1103(a)(1) of the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico Oversight, Management

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

and Economic Stability Act of 2016 or "PROMESA", will be held before the Honorable Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application by any party other than the Fee Examiner shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 3269] (the "Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as defined in the Interim Compensation Order) no later than **April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee Examiner Report (as defined in the Interim Compensation Order) recommending approval of the Application in full or in part, the court may grant the Application without a hearing.

Dated: March 18, 2019        */s/ G. Alexander Bongartz*

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Andrew V. Tenzer, Esq. *(Pro Hac Vice)*
Michael E. Comerford, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors*

**Hearing Date:** June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline:** April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
-----------------------------------------------------x
                                                     :
In re:                                               :       PROMESA
                                                     :       Title III
THE FINANCIAL OVERSIGHT AND                          :
MANAGEMENT BOARD FOR                                 :
PUERTO RICO,                                         :       Case No. 17 BK 3283 (LTS)
                                                     :
        as representative of                         :       Jointly Administered
                                                     :
THE COMMONWEALTH OF                                  :
PUERTO RICO, et al.,                                 :
                                                     :
        Debtors[1].                                  :
                                                     :
-----------------------------------------------------x
```

**FIFTH INTERIM APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE
COMMONWEALTH OF PUERTO RICO FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019</u>**

| | |
|---|---|
| Name of Applicant: | Zolfo Cooper, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico |
| Date of Retention: | *Nunc Pro Tunc* to June 27, 2017 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2018 through January 31, 2019 |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the:  (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283 LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284 LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567 LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566 LTS) (Last Four Digits of Federal Tax ID: 9686); and, (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

| Amount of Interim Compensation Sought as Actual, Reasonable, and Necessary: | $1,523,426.50[2] |
|---|---|
| Amount of Interim Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $8,668.60 |
| Are your fee or expense totals different from the sum of previously-served monthly statements? | No |
| Blended hourly rate in this application for all professionals: | $674.08[3] |

This is an ***interim*** application.

Number of professionals with time included in this application:  16

Are any timekeeper's hourly rates higher than those charged and approved upon retention:  Yes[4]

---

[2]   While ZC is seeking allowance of all its fees incurred during the Application Period, it is only seeking payment of 80% of the fees, namely $1,218,741.20. ZC reserves its rights to seek relief from the court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[3]   ZC's blended hourly rate for the amounts sought to be paid hereunder is $539.27.

[4]   As stated in Zolfo Cooper's engagement letter, Zolfo Cooper reviews its standard hourly rates semi-annually. Effective January 1, 2019, Zolfo Cooper revised its standard hourly rates and the Creditors' Committee approved such rate changes.

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 27, 2017 through September 30, 2017)** | | | | | | |
| 9/27/17 | 6/27/17 - 7/31/17 | $854,002.20 | $9,009.70 | $854,002.20 | $9,009.70 | $213,500.55 |
| 10/20/17 | 8/1/17- 8/31/17 | $787,880.80 | $26,379.03 | $787,880.80 | $26,379.03 | $196,970.20 |
| 12/5/17 | 9/1/17 - 9/30/17 | $471,130.40 | $2,983.96 | $471,130.40 | $2,983.96 | $117,782.60 |
| **Total** | | **$2,113,013.40** | **$38,372.69** | **$2,113,013.40** | **$38,372.69** | **$528,253.35** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/5/17 | 10/1/17 - 10/31/17 | $356,697.60 | $940.40[5] | $356,697.60 | $940.70 | $89,174.40 |
| 1/10/18 | 11/1/17 - 11/30/17 | $423,968.80 | $1,251.36 | $432,968.80 | $1,251.36 | $105,992.20 |
| 2/15/18 | 12/1/17 - 12/31/17 | $296,904.80 | $1,900.18 | $296,904.80 | $1,900.18 | $74,226.20 |
| 3/16/18 | 1/1/18 - 1/31/18 | $495,133.20 | $5,633.73 | $495,133.20 | $5,633.73 | $123,783.30 |
| **Total** | | **$1,572,704.40** | **$9,725.67** | **$1,572,704.40** | **$9,725.67** | **$393,176.10** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/27/18 | 2/1/18 – 2/28/18 | $499,252.80 | $2,066.05 | $499,252.80 | $2,066.05 | $124,813.20 |
| 5/17/18 | 3/1/18 – 3/31/18 | $650,565.40 | $10,502.26 | $650,565.40 | 10,502.26 | $162,641.35 |
| 6/22/18 | 4/1/18 – 4/30/18 | $750,454.40 | $1,603.57 | $750,454.40 | $1,603.57 | $187,613.60 |
| 7/13/18 | 5/1/18 – 5/31/18 | $628,712.80 | $5,123.74 | $628,712.80 | $5,123.74 | $157,178.20 |
| **Total** | | **$2,528,985.40** | **$19,295.62** | **$2,528,985.40** | **$19,295.62** | **$632,246.35** |

---

[5]  Zolfo Cooper credited the $0.30 in excess of the fee examiner's expense guidelines for photocopying expenses against expense amounts payable under ZC's February 2018 monthly fee statement.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 8/21/18 | 6/1/18 - 6/30/18 | $ 491,842.00 | $240.89 | $ 491,842.00 | $240.89 | $ 122,960.50 |
| 10/4/18 | 7/1/18- 7/31/18 | $ 436,098.40 | $2,974.55 | $ 436,098.40 | $2,974.55 | $ 109,024.60 |
| 11/1/18 | 8/1/18 – 8/31/18 | $ 445,514.00 | $118.38 | $ 445,514.00 | $118.38 | $ 111,378.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $ 369,031.60 | $58.86 | $ 369,031.60 | $58.86 | $ 92,257.90 |
| **Total** | | **$1,742,486.00** | **$ 3,392.68** | **$1,742,486.00** | **$ 3,392.68** | **$ 435,621.50** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/21/18 | 10/1/18 – 10/31/18 | $420,340.00 | $4,527.23 | $420,340.00 | $4,527.23 | $105,085.00 |
| 2/1/19 | 11/1/18 – 11/30/18 | $237,777.60 | $3.83 | $237,777.60 | $3.83 | $59,444.40 |
| 3/14/19 | 12/1/18 – 12/31/18 | $240,797.60 | $63.54 | $0.00 | $0.00 | $60,199.40 |
| 3/15/19 | 1/1/19 – 1/31/19 | $319,826.00 | $4,074.00 | $0.00 | $0.00 | $79,956.50 |
| **Total** | | **$1,218,741.20** | **$8,668.60** | **$658,117.60** | **$4,531.06** | **$304,685.30** |

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Application Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2041 | 6/27/17 – 9/30/17 | $2,641,266.75 | $38,372.69 | Docket No. 2685 | Allowed: $2,586,174.67 Paid: $2,113,013.40 Authorized to be paid: $2,111,816.60[6] | Allowed: $35,948.30 Paid: $38,372.69 Authorized to be paid: $35,948.30[7] |
| 3/19/18 Docket No. 2739 | 10/1/17 – 1/31/18 | $1,965,880.50 | $9,725.67 | Docket No. 4200 | Allowed: $1,840,850.50 Paid: $1,572,704.40 Authorized to be paid: $1,572,704.40 | Allowed: $9,661.50 Paid: $9,725.67 Authorized to be paid: $9,661.50[8] |
| 7/16/18 Docket No. 3565 | 2/1/18 – 5/31/18 | $3,161,231.75 | $19,295.62 | Docket No. 4508 | Allowed: $3,016,154.98 Paid: $2,528,985.40 Authorized to be paid: $2,528,985.40 | Allowed: $19,295.62 Paid: $19,295.62 Authorized to be paid: $19,295.62 |
| 11/16/18 Docket No. 4323 | 6/1/18 – 9/30/18 | $2,178,107.50 | $3,392.68 | Docket No. 5654 | Allowed: $2,103,756.60 Paid: $1,742,486.00 Authorized to be paid: $1,742,486.00 | Allowed: $3,392.68 Paid: $3,392.68 Authorized to be paid: $3,392.68 |

---

[6]   Zolfo Cooper credited the difference of $1,196.80 against the amounts payable under the February 2018 fee statement.

[7]   Zolfo Cooper credited the difference of $2,424.39 against the amounts payable under the February 2018 fee statement.

[8]   Zolfo Cooper credited the difference of $64.17 against the amounts payable under the October 2018 fee statement.

**Hearing Date:** June 12, 2019 at 9:30 a.m. (ET) / 9:30 a.m. (AST)
**Objection Deadline:** April 8, 2019 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------x
                                                 :
In re:                                           :    PROMESA
                                                 :    TITLE III
THE FINANCIAL OVERSIGHT AND                      :
MANAGEMENT BOARD FOR                             :
PUERTO RICO,                                     :    Case No. 17-BK-3283 (LTS)
                                                 :
     as representative of                        :    Jointly Administered
                                                 :
THE COMMONWEALTH OF                              :
PUERTO RICO, et al.,                             :
                                                 :
          Debtors. 1                             :
                                                 :
-------------------------------------------------x
```

## FIFTH INTERIM APPLICATION OF ZOLFO COOPER, LLC, FINANCIAL ADVISOR TO THE OFFICAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD OCTOBER 1, 2018 THROUGH JANUARY 31, 2019</u>

Zolfo Cooper, LLC[2] ("<u>Zolfo Cooper</u>", "<u>ZC</u>" or the "<u>Firm</u>"), as financial advisor

to the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA)

(the "<u>Creditors' Committee</u>" or the "<u>Committee</u>"), hereby submits its fifth interim application

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2]     On November 1, 2018, AlixPartners, LLP ("AlixPartners"), a global consulting firm headquartered in New York, acquired all of the membership interests of ZC Holdings, LLC and its subsidiaries, including Zolfo Cooper. Zolfo Cooper will continue to provide services to the Committee on this matter as Zolfo Cooper, operating as a subsidiary of AlixPartners.

for compensation and reimbursement of expenses (the "Application"), pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* of 2016 ("PROMESA"),[3] section 503(b) of title 11, United States Code (the "Bankruptcy Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules") for the interim allowance of compensation for professional services performed by ZC for the period from October 1, 2018 through and including January 31, 2019 (the "Application Period") and for reimbursement of its actual and necessary expenses incurred during the Application Period. In support thereof, ZC respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1.     ZC, as financial advisor to the Committee, has worked diligently with the Committee to advise them on a host of critical issues attendant to these Title III cases.  Among other things, ZC has been integrally involved in:

(a)     Analyzing the various fiscal plans for Puerto Rico issued during this Application Period, including the draft fiscal plan dated October 21, 2018 ("Commonwealth Draft October 21, 2018 Fiscal Plan") and the certified fiscal plan dated October 23, 2018 ("Commonwealth October 23, 2018 Certified Fiscal Plan"). As part of its review, Zolfo Cooper analyzed the underlying supporting schedules and models that were provided. Zolfo Cooper also analyzed revised draft fiscal plans of certain of the Commonwealth's instrumentalities, with particular emphasis on key components and any ad hoc Committee requests;

(b)     Performing various analyses around the Commonwealth's debt position and capacity, as well as reviewing and presenting commentary on historical and current debt restructuring proposals;

(c)     Evaluating and monitoring the Commonwealth-COFINA dispute settlement process including analyzing the certified COFINA fiscal plan dated October 18, 2018 ("COFINA October 18, 2018 Certified Fiscal Plan"). In its role as advisor to the Commonwealth Agent in the Commonwealth-COFINA dispute, Zolfo Cooper holds a lead role in

---

[3]     References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

negotiating a settlement with the COFINA Agent on behalf of the
Commonwealth parties;

(d)     Analyzing document production in response to the Committee's Rule
2004 investigation;

(e)     Assisting Paul Hastings in analysis integral to the Committee's
litigation strategy;

(f)     Evaluating and negotiating settlement proposals related to the GDB
restructuring; and

(g)     Analyzing, evaluating and monitoring PREPA restructuring and
support agreement ("RSA") discussions, the privatization and
integrated resource plan processes as well as PREPA's regular
reporting, including updates on liquidity, accounts receivable, accounts
payable, recovery efforts and electricity generation.

2.      ZC has performed these services in an economic, effective, and efficient manner

commensurate with the complexity and importance of the issues involved.  For example, the

work performed by ZC was carefully assigned to appropriate professionals or paraprofessionals

according to the experience and level of expertise required for each particular task.[4]

3.      In sum, ZC respectfully submits that the services for which it seeks compensation

in this Application were necessary for and beneficial to the Committee, the Debtors, and their

stakeholders and were rendered to protect, preserve, and maximize the value for unsecured

creditors during the pendency of these title III cases.  The results obtained to date have benefited

not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the

nature and complexity of these title III cases, ZC's charges for professional services performed

and expenses incurred are reasonable under applicable standards.  For all these reasons, ZC

---

[4]     As noted, ZC has agreed to reduce its total fees by an amount equal to 20% of the overall case fees (with the
precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in
connection with the final fee application process). For the avoidance of doubt, ZC seeks allowance of
$1,523,426.50 (i.e., 100% of fees for services rendered during the Application Period), but payment of only
$1,218,741.20, reflecting 80% of the fees for services rendered, plus 100% of the expenses allowed pursuant
to the Interim Compensation Order in the amount of $8,668.60 during the Application Period (to the extent
such amounts have not been paid before the hearing scheduled on this Application).

respectfully requests that the Court grant the Application and allow interim compensation for

professional services performed and reimbursement for expenses as requested.

4.      In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits:

- Exhibit A contains a summary of ZC's timekeepers included in this Application.

- Exhibit B contains a summary of the compensation requested by project category
  and matter number.

- Exhibit C contains detailed time descriptions by matter category.[5]

- Exhibit D contains a summary of expenses incurred during the Application
  Period.

- Exhibit E contains a detailed listing of expenses incurred during the Application
  Period.

## II.      BACKGROUND

5.      On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico

("Oversight Board") commenced a Title III case for the Commonwealth of Puerto Rico by filing

a voluntary petition for relief pursuant to section 304 (a) of PROMESA (the "Commonwealth

Title III Case").   Thereafter, the Oversight Board commenced a Title III case for each of

COFINA, the Employees Retirement System of the Government of the Commonwealth of Puerto

Rico ("ERS Title III Case"), the Puerto Rico Highways and Transportation Authority ("HTA

Title III Case"), and the Puerto Rico Electric Power Authority ("PREPA Title III Case") (and

together with the Commonwealth Title III Case, the "Title III Cases").[6]   By orders dated June 29,

2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the joint

administration of the Title III Cases.

---

[5]   Due to confidentiality restrictions, ZC cannot publicly disclose the substance of the issues addressed in
mediation.  Moreover, at the request of the mediation team, ZC has redacted all references to specific mediation
issues in its time descriptions attached to this Application.

[6]   Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

6.      On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured*

*Creditors* [Docket No. 338].  On June 27, 2017, the Committee selected Zolfo Cooper as

financial advisor to the Committee.

7.      On July 11, 2017, the Committee filed the Application of The Official Committee

of Unsecured Creditors of Commonwealth of Puerto Rico for Entry of Order Authorizing

Employment and Retention of Zolfo Cooper, LLC as Financial Advisor, Effective as of June 27,

2017 [Docket No. 615] (the "Retention Application").

8.      On August 10, 2017, the Court entered the Order Authorizing Official Committee

of Unsecured Creditors of Commonwealth of Puerto Rico to Employ and Retain Zolfo Cooper,

LLC as Financial Advisor, Effective as of June 27, 2017 [Docket No. 1001] (the "Retention

Order").

9.      On August 23, 2017, the Court entered the *Order Setting Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim

Compensation Order").[7]

10.      On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of*

*Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the

Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and

the PREPA Title III Case.  ZC's retention extends to the representation of the Committee as the

official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III

Case.

11.      The Retention Order authorized ZC to be compensated on an hourly basis and

reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of

---

[7]      The Interim Compensation Order was amended on November 8, 2017, to reflect certain changes requested by
the Fee Examiner and subsequently amended on June 6, 2018.

PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Zolfo Cooper under this Order shall be an administrative expense." In addition, as provided in the Retention Order, the Oversight Board has consented to the Debtors' payment of ZC's fees and expenses sought to be paid hereunder.

12.  ZC has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with ZC's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process. For that reason, ZC is only seeking payment of 80% of its unpaid fees (to the extent such amount has not been paid before the hearing scheduled on this Application), but allowance of 100% of its fees.

13.  On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* (the "Fee Examiner Order") [Docket No. 1416]. The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

14.  This is ZC's fifth interim fee application, covering the period from October 1, 2018 through January 31, 2019. All services for which compensation is requested were performed for or on behalf of the Committee.

### III.   JURISDICTION AND VENUE

15.  This Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA. Venue is proper in this Court pursuant to section 307(a) of PROMESA.

## IV.    BILLING PRACTICES

16.    ZC hereby seeks compensation in accordance with its customary practices and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, Interim Compensation Order, and U.S. Trustee Guidelines.

17.    ZC charges for its professional services based on actual hours expended to perform its services at standard hourly rates established for each employee, which hourly rates are subject to adjustment semi-annually. It is the customary practice of the Firm to bill clients for travel time consistent with the guidelines of the jurisdiction. Therefore, ZC has applied a 50% discount rate to non-working travel time billed. ZC records time entries in six-minute increments. ZC's fees reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of this case. ZC does not include support services in the Firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements.

18.    ZC charges for reasonably incurred, out-of-pocket expenses, including, but not limited to, costs of reproduction at the lesser of $0.10 per page or cost and other direct expenses. Except in certain instances which may be listed in the expense detail attached hereto, all expenses are billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay.

19.    ZC maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services.

## V.   COMPENSATION AND REIMBURSEMENT REQUEST

20.      By this application ZC seeks interim allowance of compensation for professional

services rendered to the Committee during the Application Period in the aggregate amount of

$1,523,426.50[8] and expense reimbursements in the aggregate amount of $8,668.60. These

amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case, the ERS

Title III Case, and the PREPA Title III Case as follows:

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $1,318,865.50 | $8,668.60 | $1,327,534.10 |
| PREPA Title III Case | 192,206.50 | - | 192,206.50 |
| HTA Title III Case | 9,394.00 | - | 9,394.00 |
| ERS Title III Case | 2,960.50 | - | 2,960.50 |
| **Total** | **$1,523,426.50** | **$8,668.60** | **$1,532,095.10** |

21.      The Committee has approved the amounts requested by ZC for services

performed and expenses incurred in each of the monthly fee statements for the periods of (i)

October 1, 2018 through October 31, 2018, (ii) November 1, 2018 through November 30, 2018,

(iii) December 1, 2018 through December 31, 2018, and (iv) January 1, 2019 through January

31, 2019  ("Monthly Fee Statements") submitted to, among others, the Oversight Board,

AAFAF, the Fee Examiner and the U.S. Trustee during the Application Period.

22.      As of the date of filing this Application and in accordance with the Interim

Compensation Order, ZC has received payments totaling $662,648.66, for services rendered

during the Application Period, which consists of $420,340.00 (representing 80% of the

$525,425.00 in total fees incurred for the month of October 2018) and $4,527.23 (representing

100% of expenses invoiced during the month of October 2018); $237,777.60 (representing 80%

---

[8]   For the avoidance of doubt, while ZC has agreed to reduce its fees by an amount equal to 20% of the total fees
sought to be paid in connection with ZC's final fee application, the precise fees to be waived to attain the 20%
reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process.

of the $297,222.00 in total fees incurred for the month of November 2018) and $3.83 (representing 100% of expenses invoiced during the month of November 2018). ZC has not yet received payment for (a) $240,797.60 in fees incurred during the month of December 2018 (representing 80% of the $300,997.00 in total fees incurred during that period) and $63.54 in expenses (representing 100% of total expenses incurred during that period),[9] and (b) its fee statement for the month of January 2019 in which ZC requested payment of $319,826.00 in professional fees (representing 80% of the $399,782.50 in total fees incurred during that period) and $4,074.00 in expenses (representing 100% of total expenses incurred during that period).[10] In total, ZC has submitted Monthly Fee Statements, during the Application Period, for professional fees in the amount of $1,218,741.20 (representing 80% of the $1,523,426.50 in professional fees incurred by ZC during the Application Period) and expenses incurred in the total amount of $8,668.60 (representing 100% of the expenses incurred by ZC during the Application Period). Accordingly, as of the date of this Application, the aggregate amount of $564,761.14, remains unpaid.

## VI.    SUMMARY OF PROFESSIONAL SERVICES RENDERED

23.    Pursuant to the Local Rules and U.S. Trustee Guidelines, ZC classified all services performed for which compensation is sought into separate categories.  ZC placed the services performed in the matter category that best relates to the services provided.  Although certain services may relate to one or more matter category, services are only included in one matter category.  The following paragraphs highlight key services rendered by ZC during the Application Period in certain matter categories where ZC has expended a considerable number of

---

[9]    The deadline to object to ZC's December 2018 fee statement is March 25, 2019 at 4:00 p.m. (AST).  No objections were received as of the filing of this Application.

[10]    The deadline to object to ZC's January 2019 fee statement is March 25, 2019 at 4:00 p.m. (AST).  No objections were received as of the filing of this Application.

hours on behalf of the Committee, and are not meant to be a detailed description of all of the

work performed by ZC.

| 1 | **Planning & Coordination / Case Management** | **Hours** | <u>31.3</u> |

In order to ensure that ZC professionals avoided duplication of efforts, ZC maintained work plans and allocated resources to address the numerous tasks in order to effectively and efficiently execute on the engagement strategy.

| 2 | **Meetings and Communications with Committee Members and/or Professionals** | **Hours** | <u>296.9</u> |

ZC spent considerable time preparing for and participating in conference calls and in-person meetings with the Creditors' Committee to provide updates with regard to the status of the cases. These calls and meetings included discussions pertaining to, among other things, the Commonwealth-COFINA dispute, the Commonwealth October 23, 2018 Certified Fiscal Plan, GDB settlement negotiations, PREPA RSA analysis, Rule 2004 discovery requests, adversary proceedings and general case strategy. In preparation for these calls and meetings, ZC created analyses and presentations that were provided to the members of the Committee.

| 3 | **Communication with Interested Parties** | **Hours** | <u>115.2</u> |

During the Application Period, ZC professionals attended and participated in meetings and conference calls with the Oversight Board, AAFAF, the mediation team, other official and ad hoc committees and their financial and legal advisors. These meetings and calls served as a basis to understand the positions of the various constituents involved in the case and to address questions raised by the Committee and its advisors.

| 4 | **Liquidity and Cash Management** | **Hours** | <u>71.3</u> |

ZC professionals spent a significant portion of the Application Period reviewing the Commonwealth's weekly liquidity reports and analyzing the Commonwealth's cash position relative to its projections and the Commonwealth's fiscal year 2019 treasury single account cash flow forecast.

| 5 | **Fiscal Plan and Related Budgets Analysis and Assessment** | **Hours** | <u>245.6</u> |

A significant portion of the Application Period was spent reviewing the Commonwealth Draft October 21, 2018 Fiscal Plan and the Commonwealth October 23, 2018 Certified Fiscal Plan. Zolfo Cooper analyzed the underlying supporting schedules and models that were provided with the fiscal plans with a focus on the

10

macroeconomic assumptions, analysis of the measures and feasibility. The team conducted further research on key components of the fiscal plans, including federal disaster relief funds, healthcare, pensions, taxes, debt and general baseline projections. During the Application Period, ZC professionals also analyzed UPR and COFINA certified fiscal plans.

| 6 | **Financial and Other Diligence** | **Hours** | <u>61.9</u> |

Time spent researching and documenting relevant information regarding the Debtors' state of affairs from public and non-public sources, including, but not limited to, audited financial statements, operating reports, filings on the electronic court docket, press releases, AAFAF's website, the Oversight Board's website and documents and schedules provided in the virtual data room.

| 9 | **Debt Capacity** | **Hours** | <u>237.1</u> |

Analysis of the Commonwealth's debt capacity and proposed capital structure. Throughout the Application Period, ZC professionals reviewed and analyzed materials provided by constituent advisors related to debt, performed analyses to assess comparable debt issuances, discussed findings of all analyses with the Committee, and both followed and reported on debt trading prices.

| 11 | **Plan of Adjustment Review and Negotiations** | **Hours** | <u>89.4</u> |

Zolfo Cooper, as advisor to the Committee in its capacity as Commonwealth Agent in the Commonwealth-COFINA dispute, was instrumental in negotiating with the COFINA Agent on behalf of all Commonwealth parties. During the Application Period, Zolfo Cooper continued to evaluate and monitor the Commonwealth-COFINA dispute settlement process.

| 12 | **Litigation Support and Claims Analysis** | **Hours** | <u>467.7</u> |

ZC spent a considerable amount of time during the Application Period performing research and preparing analyses to support counsel to the Committee with the filing of objections to claims and adversary complaints. In addition, ZC spent time analyzing information provided in response to the Committee's Rule 2004 investigation and analyzed and reviewed the claims register and claims presentation materials prepared by advisors to the Oversight Board.

| 19 | **PREPA Title III** | **Hours** | 309.8 |

During the Application Period, ZC reviewed and analyzed materials relating to the PREPA Title III Case, including publicly available financial information, court filings and information posted to PREPA's virtual data room.  ZC also spent time assessing PREPA's transformation plan and integrated resource plan. ZC professionals also analyzed, evaluated and monitored developments with respect to the proposed RSA. Additionally, ZC participated in regularly scheduled update calls with PREPA's legal and financial advisors.

| 20 | **HTA Title III** | **Hours** | 14.5 |

During the Application Period, ZC reviewed and analyzed materials relating to the HTA Title III Case, including publicly available financial information, filings on the electronic court docket and information posted to the virtual data room.

| 21 | **ERS Title III** | **Hours** | 3.1 |

During the Application Period, ZC reviewed and analyzed materials relating to the ERS Title III Case, including publicly available information and filings on the electronic court docket.

24.     ZC believes that the fees and expenses requested are reasonable, and all amounts requested are for actual and necessary services rendered on behalf of the Committee.

25.     ZC has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with ZC's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection with the final fee application process. For that reason, ZC is only seeking payment of 80% of its unpaid fees (to the extent such amount has not been paid before the hearing scheduled on this Application), but allowance of 100% of its fees.

26.     ZC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by ZC or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## VII.   ALLOWANCE OF COMPENSATION

27.   Section 316 provides for the compensation of professionals.  Specifically,

section 316 provides that a court may award a professional employed by a committee under

section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services

rendered . . . and reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section

316 of PROMESA also sets forth the criteria for the award of such compensation and

reimbursement:

(a)   In determining the amount of reasonable compensation to be awarded
to a professional person, the court shall consider the nature, the extent,
and the value of such services, taking into account all relevant factors,
including:

(i)     the time spent on such services;

(ii)    the rates charged for such services;

(iii)   whether the services were necessary to the administration of, or
beneficial at the time at which the service was rendered toward
the completion of, a case under this chapter;

(iv)   whether the services were performed within a reasonable
amount of time commensurate with the complexity, importance,
and nature of the problem, issue, or task addressed;

(v)    with respect to a professional person, whether the person is
board certified or otherwise has demonstrated skill and
experience in the restructuring field; and

(vi)   whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in
cases other than cases under this title or title 11, United States
Code.

For all of the foregoing reasons, ZC believes the amounts herein are reasonable in light of the

nature, extent and value of the services to the Committee, the Debtors, and all parties in interest.

## VIII.   NOTICE

28.   In accordance with the Interim Compensation Order, ZC will provide notice of

this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and O'Neill &

Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muniz LLC; (iii) the Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP and Casillas, Santiago & Torres LLC; (v) the attorneys for the Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, Garcia & Milian, C.S.P; (vi) Puerto Rico Department of Treasury; (vii) the Fee Examiner, Brady Williamson; and (viii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC. In addition, the notice of hearing with respect to this Application will be served on all parties that have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## IX.   CONCLUSION

WHEREFORE, ZC respectfully requests entry of an order (i) allowing ZC's claims for

fees and expenses for professional services rendered during the Application Period in the amount

of $1,523,426.50 and expense reimbursements in the amount of $8,668.60; (ii) directing the

Debtors' payment of the difference between the sum of 80% of the fees allowed plus 100% of

the expenses allowed and the amounts previously paid by the Debtors pursuant to the Interim

Compensation Order; and (iii) granting ZC such other and further relief as is just.

Dated: March 18, 2019
      New York, New York

 

Carol Flaton
Managing Director
ZOLFO COOPER, LLC
909 Third Avenue
New York, NY 10022
(212) 561-4000

*Financial Advisor to the Committee*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

        Debtors.[1]

------------------------------------------------------------------------- x

: PROMESA
: Title III
:
: Case No. 17-BK-3283 (LTS)
:
: (Jointly Administered)
:

## DECLARATION OF CAROL FLATON IN SUPPORT OF FIFTH INTERIM FEE APPLICATION OF ZOLFO COOPER, LLC, AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Carol Flaton, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a managing director of the firm Zolfo Cooper, LLC ("Zolfo Cooper"), a New Jersey limited liability company.  I make this Declaration in support of the *Fifth Interim Application of Zolfo Cooper, LLC, Financial Advisor to Official Committee of Unsecured*

---

[1]    The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*Creditors, for Services Rendered and Reimbursement of Expenses for the Period from October 1,*

*2018 through January 31, 2019* (the "Application").[2]

2.      The facts set forth in this Declaration are based upon my personal knowledge,

discussions with other Zolfo Cooper professionals, and the firm's client/matter records that were

reviewed by me or Zolfo Cooper professionals acting under my supervision and direction.

3.      I hereby certify that I have read the Application and, to the best of my knowledge,

information, and belief, formed after reasonable inquiry, (a) the compensation and

reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the

Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules (collectively, the

"Guidelines"), and (b) the compensation and reimbursement of expenses are billed at rates no

less favorable to the Debtors than those customarily employed by Zolfo Cooper generally.

4.      ZC has agreed to reduce its fees by an amount equal to 20% of the total fees

sought to be paid in connection with ZC's final fee application, with the precise fees to be

waived to attain the 20% reduction to be designated by ZC (in its sole discretion) in connection

with the final fee application process. For that reason, ZC is only seeking payment of 80% of its

unpaid fees (but allowance of 100% of its fees).

---

[2]     Capitalized terms used but not defined herein have the meanings set forth in the Application.

5.      I declare under penalty of perjury that, to the best of my knowledge and after

reasonable inquiry, the foregoing is true and correct.

Executed this 18th day of March, 2019

_____

Carol Flaton