# EXHIBIT 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                              Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ASSURED GUARANTY CORP.'S AND ASSURED GUARANTY MUNICIPAL CORP.'S RESPONSES AND OBJECTIONS TO THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS <u>RELATING TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable herein by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"),[2] Assured Guaranty Corp. and Assured Guaranty Municipal

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    The Bankruptcy Rules apply in to these Title III cases and related adversary proceedings. <u>See</u> 48 U.S.C. § 2170.

Corp. (together, "Assured") hereby respond and object to the *Puerto Rico Fiscal Agency and Financial Advisory Authority's First Set of Requests For Production of Documents to Assured Guaranty Corp. and Assured Guaranty Municipal Corp. Relating to Their Motion for Relief From the Automatic Stay*, including the Definitions, Instructions, Electronically Stored Information ("ESI") Production Protocol and Documents Requested (collectively, the "Requests"), served on or about October 17, 2018 by the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") and related to the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (ECF No. 975)[3] (the "Lift Stay Motion").

## GENERAL OBJECTIONS

The following general objections (the "General Objections") are incorporated into each specific objection below as if they were fully repeated therein and will not be specifically repeated in each of the specific responses and objections (the "Specific Responses and Objections"). Assured reserves the right to supplement or modify its objections to the Requests.

1.      Assured incorporates its general objections and specific responses and objections from Assured's responses and objections to the notice of Federal Rule 30(b)(6) deposition of Assured served by AAFAF and the document requests to Assured served by the Fiscal Oversight and Management Board (the "FOMB") as if fully set forth herein.

2.      Assured objects to AAFAF's purported authority to seek discovery from Assured and other parties with regard to the Lift Stay Motion, particularly given that the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") designates the FOMB

---

[3]      "ECF No." refers to documents filed in Case No. 17-BK-4780-LTS, unless otherwise noted.

USActive 51684451.6

as the sole representative of the Puerto Rico Electric Power Authority ("PREPA") in its Title III case, and AAFAF has not petitioned the Court to intervene.  Assured specifically reserves all rights to contest AAFAF's purported authority in this regard, and Assured's responses and objections shall not be construed as a waiver of any such rights or arguments, whether as to this matter or any other proceedings.

3.      Assured objects to the Requests to the extent that they purport to impose obligations on Assured greater than those required, outside the scope of or inconsistent with the Federal Rules, the Bankruptcy Rules, the Local Civil Rules of the United States District Court for the District of Puerto Rico (the "Local Rules"), the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules"), and PROMESA.  Assured will construe and respond to the Requests in accordance with the requirements of the Federal Rules, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules.

4.      Assured objects to the Requests because they call for the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, the settlement privilege, the common interest privilege, the joint defense privilege, the bank examiner privilege, the mediation privilege, or which are otherwise privileged or confidential and protected from discovery pursuant to any other applicable privilege, immunity or protection (collectively, "Privileged Information").   Any inadvertent production of any Privileged Information shall not be deemed or construed to constitute a waiver of the attorney-client privilege, work product doctrine, the common interest privilege, the joint defense privilege, the bank examiner privilege or any other applicable privilege, immunity or protection.

5.      Assured objects to the Requests to the extent that they call for the production of documents that contain either trade secrets, or confidential commercial, business, financial, proprietary or competitively sensitive information (collectively, "Confidential Information").

USActive 51684451.6

Assured's production of such documents, if necessary and appropriate, will be made subject to an appropriate confidentiality stipulation and protective order and only where permitted under the terms of any such other protective orders or confidentiality agreements and any applicable law or rule.

6.      Assured objects to the Requests to the extent that they call for the production of documents that are not permitted to be disclosed under state or federal statutory or common law, regulation, policy or rules, or the law, regulation, policy or rules of a foreign country.

7.      Assured objects to the Requests to the extent that they call for the production of documents reflecting information obtained from any third party pursuant to a court order, agreement or other arrangement prohibiting Assured from disclosing such information.  To the extent the Requests seek to require Assured to produce such documents, Assured will notify such third party and allow such third party a reasonable opportunity to object prior to Assured making such production.

8.      Assured objects to the Requests to the extent that they call for the location, restoration, or search of electronically stored information (including but not limited to electronic communications, computer files, data or similar information) because such Requests are unduly burdensome, oppressive, costly, and time-consuming.  Given the nature of the Requests, their relevance and overall burden, Assured does not believe it is proportionate or otherwise reasonable to require an automated e-mail search (e.g., pulling PST files and running search terms across all electronic communications).  Assured will conduct a reasonable search for documents, including electronically stored information, responsive to the Requests but will not search for "all" documents.

-4-

USActive 51684451.6

9.      Assured objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of this expedited proceeding.

10.     Assured objects to the Requests to the extent that they seek documents that are not relevant or are not reasonably calculated to lead to the discovery of admissible evidence.

11.     Assured objects to the Requests to the extent that they call for the production of documents that are not material and necessary in the prosecution or defense of the Lift Stay Motion.

12.     Assured objects to the Requests to the extent that they call for the production of irrelevant or non-responsive material merely because some portion of a particular document or documents may be relevant and responsive and subject to production.  Assured reserves the right to redact irrelevant and non-responsive material and thereby limit its production to material that is relevant to the issues presented in the Lift Stay Motion and responsive to the Requests.

13.     Assured objects to the Requests to the extent that they call for the production of documents within the possession, custody or control of other parties, or that they call for the production of documents that are equally within other parties' possession, custody or control, including documents in the possession of PREPA, AAFAF, and/or the FOMB or documents in the possession of experts.

14.     Assured objects to the Requests because they call for the production of documents that have been filed with the Court in the pending Title III proceedings and related adversary proceedings or have been provided to Assured by PREPA, AAFAF and/or the FOMB. Assured will not produce these documents because they are already in the possession of PREPA, AAFAF and/or the FOMB and such production would be unduly burdensome, oppressive, costly, and time-consuming.

-5-

15.     Assured objects to the Requests to the extent that they call for the production of multiple identical copies of the same document.

16.     Assured objects to the Requests because they call for production of "all" documents on a particular subject as the phrase is overly broad and unduly burdensome and lacks reasonable particularity.

17.     Assured objects to the Requests to the extent that they call for information that is publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of PREPA, AAFAF and/or the FOMB.

18.     Assured objects to the Requests to the extent that they are predicated upon erroneous assumptions, states incorrect facts, or states legal conclusions.  By responding to the Requests, Assured does not agree to any assumptions, factual predicates or legal conclusions contained in the Requests.

19.     Assured objects to the definitions of "all", "any", and "each" in paragraph 1 of the Definitions on the grounds that they are overly broad and unduly burdensome.

20.     Assured objects to the definitions of "and" and "or" in in paragraph 2 of the Definitions on the grounds that they are overly broad and unduly burdensome.

21.     Assured objects to the definition of "Assured" in paragraph 5 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who did not file the Lift Stay Motion, have not been served with subpoenas or are not readily identifiable.  These objections are made on behalf of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. only (referred to together in these Responses and Objections as "Assured").

-6-

22.     Assured objects to the definitions of "Communication" and "Communications" in paragraph 6 of the Definitions on the grounds that they are overly broad and unduly burdensome.  Assured further objects to this definitions as it purports to impose obligations on Assured greater than those set forth in the Federal Rules (including but not limited to Federal Rule 34(a)(1)(A)), the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

23.     Assured objects to the definition of "concerning" in paragraph 7 of the Definitions on the grounds that it is overly broad and unduly burdensome.

24.     Assured objects to the definition of "Document" in paragraph 8 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to impose obligations on Assured greater than those set forth in the Federal Rules (including but not limited to Federal Rule 34(a)(1)(A)), the Bankruptcy Rules, the Local Rules, and the Local Bankruptcy Rules.

25.     Assured objects to the definition of "Movants" in paragraph 11 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who did not file the Lift Stay Motion, have not been served with subpoenas or are not readily identifiable.  These objections are made on behalf of Assured only.

26.     Assured objects to the definition of "National" in paragraph 12 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

27.     Assured objects to the definition of the "PREPA Bonds" in paragraph 15 of the Definitions on the grounds that it is vague and ambiguous.

USActive 51684451.6

28.     Assured objects to the definitions of "relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" in paragraph 17 of the Definitions on the grounds that they are overly broad and unduly burdensome.

29.     Assured objects to the definition of "Syncora" in paragraph 18 of the Definitions on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Assured further objects to this definition as it purports to require Assured to seek and produce documents pertaining to parties who are not readily identifiable.

30.     Assured objects to the definitions of "You" or "Your" in paragraph 20 of the Definitions on the grounds that they are overly broad, unduly burdensome, vague and ambiguous. Assured further objects to these definitions as they purport to require Assured to seek and produce documents pertaining to parties who did not file the Lift Stay Motion, have not been served with subpoenas or are not readily identifiable. These objections are made on behalf of Assured only.

31.     Assured objects to paragraph 2 of the Instructions that instructs "You shall supplement any production of Documents made in response to any of the following Document Requests and produce promptly any and all responsive Documents that are received, discovered, or created after any of your responses to these Document Requests, or that are otherwise within your possession, custody, or control (or within the possession, custody, or control of anyone acting on your behalf)" on the grounds that it is unduly burdensome.

32.     Assured objects to paragraph 3 of the Instructions that instructs "[t]hese Document Requests apply to all Documents in your possession, custody, or control, and include Documents, wherever located, within the possession, custody, or control of your advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, parent company, subsidiaries, and other Persons acting or who have acted on

behalf of the foregoing entities or individuals referenced in this instruction" on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and calls for the production of Privileged Information.  Assured further objects to this Instruction as it purports to require Assured to seek and produce documents pertaining to parties who did not file the Lift Stay Motion, have not been served with subpoenas or are not readily identifiable.  These objections are made on behalf of Assured only.

33.     Assured objects to paragraph 4 of the Instructions that instructs "[i]f you object to any part of any of the Document Requests, you shall produce all Documents responsive to the portions of any of the Document Requests to which the objection does not apply pending the resolution of any such objections and state whether any responsive materials are being withheld on the basis of each such objection" on the grounds that it is unduly burdensome and calls for the production of Privileged Information and Confidential Information.

34.     Assured objects to paragraph 5 of the Instructions that instructs "Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, shall be made available in that form. Documents shall be made available in the order in which they were maintained" on the grounds that it is unduly burdensome and calls for the production of Privileged Information and Confidential Information.

35.     Assured objects to paragraph 6 of the Instructions that instructs "[i]f responsive information appears on one or more pages of a multi-page Document, provide the entire Document, including any exhibits or attachments thereto.  Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked or redacted prior to production" on the grounds that it is unduly burdensome and calls for the production of Privileged Information and Confidential Information.

-9-

36.     Assured objects to paragraph 7 of the Instructions that instructs "[w]hen a Document has been redacted or altered in any fashion, identify as to each Document . . . the date of the redaction or alteration, and the Person performing the redaction or alteration" on the grounds that it is unduly burdensome.  Assured further objects to this instruction as it purports to impose obligations on Assured greater than those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules.

37.     Assured objects to paragraph 8 of the Instructions that instructs "[i]n the event any Document is withheld on a claim of attorney/client privilege, other privilege, or work-product doctrine, provide a detailed privilege log that describes the nature and basis for Your claim and the subject matter of the Document withheld, in a manner sufficient to disclose facts upon which You rely in asserting Your claim, and to permit the grounds and reasons for withholding the Document to be identified" on the grounds that it is unduly burdensome because the parties have agreed to engage in expedited discovery in connection with the Lift Stay Motion.

38.     Assured objects to paragraph 9 of the Instructions that instructs "[i]f any Document called for by these Document Requests has been destroyed or discarded, that Document is to be identified in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the Persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy" on the grounds that it is unduly burdensome and abusive.  Assured further objects to this instruction as it purports to impose obligations on Assured greater than those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules and the Local Bankruptcy Rules.

-10-

39.     Assured objects to paragraph 10 of the Instructions that instructs "[i]n producing Documents, all Documents physically attached to each other when located for production shall be left so attached.  Documents segregated or separated from other Documents, whether by inclusion of binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced in response to these Document Requests. Documents shall be produced in the order in which they were maintained and in the file where found.  If no Document exists that is responsive to a particular request, you shall so state in writing" on the grounds that it is unduly burdensome and calls for the production of Privileged Information and Confidential Information.

40.     Assured objects to the time frame set forth in paragraph 11 of the instructions, "from the time You first communicated with the Trustee regarding insuring bonds, or purchasing bonds, issued pursuant to, or otherwise governed by, the Trust Agreement" on the grounds that it is abusive, overly broad, unduly burdensome and not calculated to lead to the discovery of admissible or relevant evidence.  If a no more restrictive timeframe is stated in the Requests or in Assured's Specific Responses and Objections, Assured will instead consider a time frame starting on July 2, 2017.

41.     Assured objects to paragraph 14(B)(iv) of the ESI Production Protocol that instructs "[t]he following fields and metadata will be produced: . . ." on the grounds that it is unduly burdensome, costly and time-consuming.  Assured will produce fields and metadata that are readily accessible but will not agree to produce fields and metadata that are not readily accessible.

42.     Assured objects to the request that Assured "produce the Documents described" in the Requests by November 9, 2018 because it is before the date on which the parties subsequently agreed to complete their document productions.

-11-

43.     Any objection or lack of an objection to any individual Request, or any statement that Assured will produce documents, is not to be deemed an admission that Assured possesses documents responsive to the Request or an admission that Assured agrees with any factual premise on which the Request is based.

44.     Assured reserves the right to supplement or modify its responses and objections to the Requests at any time.

45.     Assured expressly reserves the right to rely on, at any time, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence.

46.     Assured expressly reserves all rights under the Federal Rules, Bankruptcy Rules, Local Rules, Local Bankruptcy Rules, PROMESA and all other applicable rules and law.

**SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS**

Subject to and without waiving the foregoing General Objections, set forth below are Assured's Specific Responses and Objections to the Requests:

**DOCUMENT REQUEST NO. 1**

All Documents including but not limited to Communications, concerning the performance of PREPA management, whether prepared by You or any third party.

**OBJECTIONS TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of publicly available information, calls for production of information that is more readily available from other parties, calls for information already in the possession of PREPA, AAFAF, and/or the FOMB, and because it contains no reasonable time limit.

-12-

Subject to the General Objections and the Specific Objections set forth herein, Assured will produce non-privileged presentations, reports, studies, and analyses, if any exist in its possession, readily available after a reasonable search, not otherwise available to AAFAF, concerning the performance of PREPA management from July 2, 2017 to the present.

**DOCUMENT REQUEST NO. 2**

All Documents including but not limited to Communications, concerning political appointees or potential political appointees of PREPA, whether prepared by you or any third parties.

**OBJECTIONS TO DOCUMENT REQUEST NO. 2**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of publicly available information, calls for production of information that is more readily available from other parties, calls for information already in the possession of PREPA, AAFAF, and/or the FOMB, and because it contains no reasonable time limit.

**DOCUMENT REQUEST NO. 3**

All Documents including but not limited to Communications, in which You, or anyone acting at your direction, have endorsed or supported any potential political appointee to PREPA or have otherwise attempted to influence the appointment process.

**OBJECTIONS TO DOCUMENT REQUEST NO. 3**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of publicly available information, calls for production of information that is more readily available

-13-

from other parties, calls for information already in the possession of PREPA, AAFAF, and/or the FOMB, and because it contains no reasonable time limit.

**DOCUMENT REQUEST NO. 4**

All Documents including but not limited to Communications, relating to PREPA between (a) You and any Person acting at Your direction and (b) any official of the Puerto Rico Government, including any agent, staff member, or other designee of such official.

**OBJECTIONS TO DOCUMENT REQUEST NO. 4**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of publicly available information, calls for production of information that is more readily available from other parties, calls for information already in the possession of PREPA, AAFAF, and/or the FOMB, and because it contains no reasonable time limit.

**DOCUMENT REQUEST NO. 5**

All Documents including but not limited to Communications, relating to Puerto Rico, PROMESA, and/or PREPA between (a) You and any Person acting at Your direction and (b) any official of the Federal Government, including any agent, staff member, or other designee of such official.

**OBJECTIONS TO DOCUMENT REQUEST NO. 5**

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of publicly available information, calls for production of information that is more readily available from other parties, calls for information already in the possession of PREPA, AAFAF, and/or the FOMB, and because it contains no reasonable time limit.

-14-

## DOCUMENT REQUEST NO. 6

Documents sufficient to identify every lobbyist or other representative that You have engaged to communicate on your behalf with any representative of the Puerto Rico or Federal Governments for any purpose relating to Puerto Rico, PROMESA, or PREPA.

## OBJECTIONS TO DOCUMENT REQUEST NO. 6

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, and because it contains no reasonable time limit.

## DOCUMENT REQUEST NO. 7

Documents sufficient to evidence the dollar amount You have spent to engage lobbyists or other representatives to communicate at Your direction with any representative of the Puerto Rico or Federal Governments for any purpose relating to Puerto Rico, PROMESA, or PREPA.

## OBJECTIONS TO DOCUMENT REQUEST NO. 7

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, and because it contains no reasonable time limit.

## DOCUMENT REQUEST NO. 8

All Documents including but not limited to Communications, whether prepared by You or any third party, relating to the appointment of a receiver pursuant to the Trust Agreement, including, but not limited to, any Documents relating to (a) actions a potential receiver may pursue once appointed; (b) Persons that may potentially act as receiver; (c) the effect the appointment of a receiver may have on the privatization of PREPA; and (d) the effect the appointment of a receiver may have on the value of the collateral that You contend supports the PREPA bonds.

-15-

## OBJECTIONS TO DOCUMENT REQUEST NO. 8

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for information relating to a legal conclusion, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of information that is premature with regard to the Lift Stay Motion, calls for the production of publicly available information, calls for production of information that is more readily available from other parties, calls for information already in the possession of PREPA, AAFAF and/or the FOMB, and because it contains no reasonable time limit.

Subject to the General Objections and the Specific Objections set forth herein, Assured will produce non-privileged presentations, reports, studies, and analyses, if any exist in its possession, readily available after a reasonable search, not otherwise available to AAFAF, that are responsive to this Request from July 2, 2017 to the present.

## DOCUMENT REQUEST NO. 9

All of Your financial statements, whether audited or unaudited, reflecting any time period in which You had any interest in the bonds in which you claim any interest in connection with the Motion.

## OBJECTIONS TO DOCUMENT REQUEST NO. 9

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant to the Lift Stay Motion, calls for the production of publicly available information, and because it contains no reasonable time limit..

Subject to the General Objections and the Specific Objections set forth herein, Assured will produce audited financial statements filed with the U.S. Securities and Exchange Commission from July 2, 2017 to the present.

## DOCUMENT REQUEST NO. 10

All Documents relating to any reserves or similar set aside of funds relating to the PREPA Bonds, regardless of whether such reserves were ultimately implemented.

## OBJECTIONS TO DOCUMENT REQUEST NO. 10

In addition to the General Objections set forth above, Assured objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for information relating to a legal conclusion, calls for the production of Privileged Information, calls for the production of Confidential Information, calls for the production of information that is irrelevant and disproportionate to the Lift Stay Motion, and because it contains no reasonable time limit. Further, Assured objects to this Request on the grounds that it calls for Assured to produce documents that are highly sensitive, confidential and proprietary and reflect Privileged Information, including information regarding the pending Title III proceeding and related litigations and disputes. Further, Assured objects to this Request on the grounds that reserves do not reflect Assured's valuation of collateral or revenue streams, and do not exist in a fund specific to PREPA or the PREPA Bonds.

Dated: November 2, 2018


CASELLAS ALCOVER & BURGOS P.S.C.

By: /s/ *Heriberto Burgos Pérez*
Heriberto Burgos Pérez
USDC-PR 204809
Ricardo F. Casellas-Sánchez
USDC-PR 203114
Diana Pérez-Seda
USDC-PR 232014
P.O. Box 364924
San Juan, PR 00936-4924
Telephone: (787) 756-1400
Facsimile: (787) 756-1401
Email: hburgos@cabprlaw.com
          rcasellas@cabprlaw.com
          dperez@cabprlaw.com


*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*


CADWALADER, WICKERSHAM & TAFT LLP

By:/s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
Mark C. Ellenberg*
Ellen V. Holloman*
William J. Natbony*
Ellen Halstead*
Thomas J. Curtin*
Casey J. Servais*
200 Liberty Street
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 406-6666
Email: howard.hawkins@cwt.com
          mark.ellenberg@cwt.com
          ellen.holloman@cwt.com
          bill.natbony@cwt.com
          ellen.halstead@cwt.com
          thomas.curtin@cwt.com
          casey.servais@cwt.com

*admitted *pro hac vice*

*Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

USActive 51684451.6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was delivered to the following counsel of record via electronic mail at their electronic address of record: the Puerto Rico Electric Power Authority; the Puerto Rico Fiscal Agency and Financial Advisory Authority; the Financial Oversight and Management Board for Puerto Rico; National Public Finance Guarantee Corporation; and Syncora Guarantee Inc.

At New York, New York, this 2nd day of November, 2018.

By: _/s/ Howard R. Hawkins, Jr._
Howard R. Hawkins, Jr.*
* Admitted *pro hac vice*