# **EXHIBIT 18**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                 Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                                 Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION'S RESPONSES AND OBJECTIONS TO THE FIRST REQUEST OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF THE DEBTOR, FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules"),

applicable to this proceeding under Rules 9014, 7026, and 7034 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Section 310 of PROMESA (48 U.S.C.

§ 2170), and pursuant to the Local Rules for the United States District Court for the District of

---

[1]The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico (the "Local Rules") and the Local Bankruptcy Rules for the United States

Bankruptcy Court for the District of Puerto Rico (the "Local Bankruptcy Rules"), National

Public Finance Guarantee Corporation ("National"), hereby submits, by and through its

undersigned counsel, the following objections and responses (the "Responses") to the Financial

Oversight and Management Board's (the "FOMB") First Request for Production of Documents

to National, which was served on October 18, 2018 (the "Requests").

    National responds to the Requests pursuant to and subject to the accompanying General

Objections, Objections to Definitions and Instructions, and Specific Objections, without waiving

and expressly preserving all available objections.  The General Objections and Objections to

Definitions and Instructions are incorporated into each of the Specific Objections and Responses

below as if they were fully repeated therein, and therefore need not be specifically repeated in

such Responses.

## GENERAL OBJECTIONS

    1.    National objects to the Requests to the extent they seek to impose on National any

obligation different from and/or broader than that provided for, required by, or permitted by the

Federal Rules, the Bankruptcy Rules, the Local Rules, the Local Bankruptcy Rules and/or any

applicable rules, case law or court orders governing the proper scope, timing and extent of

discovery in this proceeding.

    2.    National objects to the Requests to the extent they call for the production of

documents that are already in the possession of the FOMB, the Puerto Rico Electric Power

Authority ("PREPA"), or the Puerto Rico Fiscal Agency and Financial Authority ("AAFAF"), or

that are otherwise available to the FOMB through more convenient, less burdensome, or less

expensive means.

3.      National objects to the Requests to the extent they purport to require production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the relevant information, on the grounds that such requests for production of "all" documents are overbroad, unduly burdensome, and not proportional to the needs of this expedited proceeding.  Given the nature of the Requests, their relevance and overall burden, Movants do not believe it is proportionate or otherwise reasonable to require an automated e-mail search (e.g., pulling PST files and running search terms across all e-mails).  Movants will, however, conduct a reasonable search that can include manual e-mail searches in response to particular Requests.

4.      National objects to the Requests to the extent they seek information that is not relevant to this proceeding, or are duplicative of each other or of other discovery sought in this proceeding.

5.      National objects to the Requests insofar as they call for the production of documents, including drafts, that: (1) were prepared for, or in anticipation of, litigation; (2) constitute attorney work product; (3) contain confidential attorney-client communications; (4) are subject to common interest privilege; (5) were prepared for mediation; or (6) are otherwise privileged, protected, or subject to  exemption from disclosure by any statute, rule, regulation, common law, or other principle, or any other basis recognized under applicable law. To the extent National agrees to, or is ordered to, produce responsive documents, National specifically reserves the right to demand return of any such documents that are inadvertently produced, without prejudice to any claim of privilege or protection in the event any such document is produced.  And, in the event any privileged or protected information is inadvertently

disclosed by National, such disclosure shall not constitute a waiver of any privileges or protections.

6.      National objects to the Requests to the extent they call for the disclosure of information or documents that are subject to any agreement requiring confidentiality, any type of protective order entered in another action or proceeding, or any other agreement or order that prevents disclosure of such information or documents.

7.      National objects to the Requests to the extent they seek proprietary or confidential business information, trade secrets, or other sensitive information.  To the extent such documents are produced, they will be subject to the Stipulated Protective Order in this proceeding.

8.      National objects to the Requests on the grounds, and to the extent, that they are overly broad as to scope, time or otherwise.

9.      National interprets each Request as intending to exclude from its scope any information or document that is publicly available, including all documents that have been publicly filed with any Federal, State, or local agency or with any State or Federal Court in general.  If this interpretation is not correct, National objects to identifying and/or producing such documents on the ground of unnecessary burden.

10.     Any response to these Requests is made solely for the purpose of this proceeding, and shall not be used by the FOMB, AAFAF, or PREPA in any other proceeding or for any other purpose.

11.     To the extent National agrees to, or is ordered to, produce responsive documents, the production of a document relating to a topic to which National has objected herein shall not constitute a waiver of any such objection.

12.     These responses do not constitute, and shall not be construed as, an admission that National possesses documents responsive to any given Request.

13.     National's evaluation of the Requests is ongoing.  National reserves the right to supplement, clarify, revise, or correct the Responses herein at any time, and therefore the absence of an objection to any Request does not constitute a waiver of any General or Specific Objection or privilege.  National reserves the right to assert additional objections and/or supplementary responses should National discover additional information or grounds for objections.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

1.     National objects to the Definitions and Instructions to the extent they seek to impose on National any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, the Local Bankruptcy Rules and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in this proceeding.

2.     National objects to the Definitions to the extent they purport to extend beyond a reasonable scope and/or their natural meaning.  National will interpret the Requests reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, the Local Bankruptcy Rules and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in this proceeding.

3.     National objects to Definitions Nos. 13 and 14 to the extent they seek to incorporate any entity other than those explicitly named in this proceeding.  National will interpret "National" to mean National Public Finance Guarantee Corporation.

4. National objects to Definition No. 23 to the extent it seeks to incorporate any entity other than those explicitly named in this proceeding. National will interpret "You" and "Your" to mean National Public Finance Guarantee Corporation.

5. National objects to Instruction Nos. 2 and 3 and to the Requests to the extent that they seek the production of documents that are not within National's possession, custody, or control. Any statement indicating that National agrees to produce requested documents is subject to those documents being in the possession, custody, or control of National. National further objects to producing documents from any other entities as disproportionate to the needs of this case, because the burden associated with collecting and producing such documents outweighs the minimal, if any, relevance of such documents.

6. National objects to Instruction No. 7 to the extent that it asks National to identify, for any redacted or altered documents produced in response to the Requests, the date of the redaction or alteration and the persons performing such redaction or alternation. Because identifying such information would be of minimal (if any) relevance as well as unduly burdensome and disproportionate to the needs of this expedited proceeding, National will not provide such information in connection with any redacted or altered documents produced in response to the Requests.

7. National objects to Instruction Nos. 7 and 8 to the extent they call for the generation of a privilege log with respect to documents that are subject to attorney-client privilege or work product protection, which would be unduly burdensome in the context of this expedited proceeding. Respondent is willing to meet and confer regarding an appropriate protocol for such documents.

8.      National objects to Instruction No. 11 on the grounds that it is overly broad, unduly burdensome and disproportionate to the needs of this case.  If no other timeframe is stated in the Requests, National will instead consider a timeframe beginning July 2, 2017.

9.      National objects to paragraph 14(B)(iv) of the ESI Production Protocol that instructs, "[t]he following fields of metadata will be produced . . ." on the grounds that it is unduly burdensome, costly, and time-consuming.  National will produce fields of metadata that are readily accessible but will not agree to produce fields of metadata that are not readily accessible.

## SPECIFIC OBJECTIONS AND RESPONSES

### DOCUMENT REQUEST NO. 1:

Documents showing, as of June 30, 2017 and afterwards, the value of Your "collateral," as that term is used in the Motion and Draft Complaint.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

In addition to the General Objections, National specifically objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product protection, and/or were created for purposes of mediation.  National further objects to this Request to the extent it seeks documents that are publicly available or otherwise already in the possession or control of the FOMB, PREPA, and/or AAFAF.  National further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks *all* responsive documents; National will interpret this Request as seeking documents sufficient to show the value of the collateral.

Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents that are readily accessible in its

files, not otherwise available to the FOMB, and which National believes are sufficient to show
the value of the collateral.

## DOCUMENT REQUEST NO. 2:

All documents that relate to, or upon which You rely for the assertion that, since the filing
of the Title III petition, Your "collateral" is being impaired by PREPA's mismanagement.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

In addition to the General Objections, National specifically objects to this Request to the
extent it seeks documents attorney-client privileged, are covered by work product protection,
and/or were created for purposes of mediation.  National further objects to this Request as being
overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to
the extent it seeks "All documents that relate to" the assertion.  National will interpret this
Request as seeking those documents upon which National relies.  National further objects to this
Request to the extent it seeks documents that are in the possession or control of the FOMB,
PREPA, and/or AAFAF.  National further objects to this Request to the extent it is duplicative of
Request No. 10.

Subject to and without waiving the foregoing objections, National will produce
responsive, non-privileged, and non-objectionable documents in its possession, custody or
control upon, not otherwise available to the FOMB, on which National intends to rely for
this assertion.

## DOCUMENT REQUEST NO. 3:

All documents that relate to, or upon which You rely for the assertion on page 32 of the
Motion that, "PREPA is – today more than ever – the poster child for malfeasance and
mismanagement."

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, National specifically objects to this Request to the extent it seeks documents that are publicly available or otherwise already in the possession or control of the FOMB, PREPA, and/or AAFAF.  National also objects to this Request as being overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks "All documents that relate to" PREPA's mismanagement, and because it contains no reasonable time limit.  National will interpret this Request as seeking documents upon which National relies.

Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents in its possession, custody or control, not otherwise available to the FOMB, upon which National intends to rely for this assertion.

**DOCUMENT REQUEST NO. 4:**

All documents that relate to, or upon which You rely for the assertion on page 33 of the Motion that, PREPA's alleged misconduct has "all occurred while PREPA has been sheltered by the automatic stay."

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, National specifically objects to this Request as vague, ambiguous, and misleading, in that it quotes from the Motion selectively and out of context to imply that Movants asserted that *all* of PREPA's mismanagement has occurred only since the filing of the Title III petition.  National also objects to this Request to the extent it seeks documents that are publicly available or otherwise already in the possession or control of the FOMB, PREPA, and/or AAFAF.  National further objects to this Request as being overbroad, unduly burdensome, disproportionate to the needs of this expedited proceeding to the extent it

seeks "All documents that relate to" the quoted language.  National will interpret this Request as

seeking documents upon which National relies.  National further objects to this Request to the

extent it is duplicative of Request No. 3.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents in its possession, custody or

control, not otherwise available to the FOMB, upon which National intends to rely for the

assertion that PREPA has been mismanaged during the automatic stay.

## DOCUMENT REQUEST NO. 5:

All documents that relate to, or upon which You rely for the assertion on page 34 of the
Motion, and elsewhere therein, that Your "collateral is diminishing" since the Title III
petition was filed on July 2, 2017.

## RESPONSE TO DOCUMENT REQUEST NO. 5:

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks documents that are attorney-client privileged, are covered by work product

protection, and/or were created for purposes of mediation.  National further objects to this

Request as being overbroad and unduly burdensome, and disproportionate to the needs of this

expedited proceeding to the extent it seeks "All documents that relate to" the quoted language.

National will interpret this Request as seeking those documents upon which National relies.

National further objects to this Request to the extent it seeks documents that are in the possession

or control of the FOMB, PREPA, and/or AAFAF.  National further objects to this Request to the

extent it is duplicative of Request No. 10.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents in its possession, custody or

control, not otherwise available to the FOMB, upon which National intends to rely for this

assertion.

## DOCUMENT REQUEST NO. 6:

Any and all financial models or projections that were utilized in preparing the Motion
and/or Draft Complaint, and all documents upon which such models or projections rely.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks documents that were created at the direction of counsel, in anticipation of

litigation.  National also objects to this Request to the extent it seeks documents that are publicly

available or otherwise already in the possession or control of the FOMB, PREPA, and/or

AAFAF.  National further objects to this Request to the extent it is duplicative of the discovery

sought from Sandra Ringelstetter Ennis.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents that are readily accessible in

its files, if any, that are responsive to this Request and not duplicative of documents being

produced by Sandra Ringelstetter Ennis.

## DOCUMENT REQUEST NO. 7:

Any and all financial models or projections, whether created by You, Your financial
advisor, or anyone else, that evaluate the effect of a rate increase at PREPA on debt
repayment, and all documents upon which such models or projections rely.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

In addition to the General Objections, National specifically objects to this Request as

irrelevant to the issues in the Motion and disproportionate to the needs of this expedited

proceeding.  As stated in the Motion, "This Motion does not seek to appoint a receiver to petition

for an increase in rates to enforce Section 502(B)(b) of the Trust Agreement."  Motion, p.34.[2]

Thus, financial models and projections that evaluate the effect of a rate increase are plainly not

relevant to this dispute.  National also objects to this Request to the extent it seeks documents

that are attorney-client privileged, are covered by work product protection, and/or were created

for purposes of mediation.  In addition, National objects to this Request as being overbroad,

unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent

it seeks "Any and all" responsive documents, and because in that it contains no reasonable time

limit and is not limited to the period after PREPA's Title III commenced.

At this time, National does not intend to produce documents in response to this

Request.

## DOCUMENT REQUEST NO. 8:

All documents that relate to Your assertion in ¶ 104 of the Draft Complaint that an
appointed receiver would not have authority to initiate rate increase proceedings.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

In addition to the General Objections, National specifically objects to this Request

because it calls for a legal conclusion regarding the authority of an appointed receiver.

National further objects to this Request to the extent it misstates or misconstrues paragraph

104, which pertains to rate increases for purposes of debt repayment under Section

502(B)(b) of the Trust Agreement.  National further objects to this Request as vague and

ambiguous—and therefore potentially overbroad, unduly burdensome, and disproportionate

to the needs of this expedited proceeding—to the extent it seeks "All documents" that

"relate to" the referenced assertion, and because it contains no reasonable time limit.

---

[2] *See also id.* at pp. 33-34 ("Movants expressly do *not* now seek a receiver 'to force a rate
increase' under the relevant provision of the Rate Covenant.").

National further objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product protection, and/or were created for purposes of mediation.

At this time, National does not intend to produce documents in response to this Request.

## DOCUMENT REQUEST NO. 9:

All documents that relate to Your assertion in ¶ 104 of the Draft Complaint that the Title III court would have the authority to limit the powers of any receiver appointed as set forth in the PREPA Enabling Act.

## RESPONSE TO DOCUMENT REQUEST NO. 9:

In addition to the General Objections, National specifically objects to this Request because it calls for a legal conclusion regarding the authority of an appointed receiver and/or of the Title III Court.  National further objects to this Request to the extent it misstates or misconstrues paragraph 104, which pertains to rate increases for purposes of debt repayment under Section 502(B)(b) of the Trust Agreement.  National further objects to this Request as vague and ambiguous—and therefore potentially overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding—to the extent it seeks "All documents" that "relate to" the referenced assertion, and because it contains no reasonable time limit.  National further objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product protection, and/or were created for purposes of mediation.

At this time, National does not intend to produce documents in response to this Request.

## DOCUMENT REQUEST NO. 10:

All documents that relate to, or upon which You rely for the assertion that Movants' purported interest in PREPA's revenues has suffered harm as the result of the mismanagement and malfeasance alleged in the Motion, both before and since the Title III petition was filed, and/or the extent of any such harm.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

In addition to the General Objections, National specifically objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product protection, and/or were created for purposes of mediation.  National also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks "All documents that relate to" the assertion, and because it contains no reasonable time limit ("*before and since* the Title III petition was filed…").  National will interpret this Request as seeking those documents upon which National relies.  National further objects to this Request to the extent it seeks documents that are in the possession or control of the FOMB, PREPA, and/or AAFAF.

Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents in its possession, custody or control, not otherwise available to the FOMB, upon which National intends to rely for this assertion.

## DOCUMENT REQUEST NO. 11:

All documents that relate to, or upon which You rely for the assertion that PREPA has been harmed or suffered loss in net revenue as a result of the Contribution of Payment in Lieu of Taxes ("CILT") framework.

## RESPONSE TO DOCUMENT REQUEST NO. 11:

In addition to the General Objections, National specifically objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product

protection, and/or were created for purposes of mediation.  National also objects to this Request

as being overbroad, unduly burdensome, and disproportionate to the needs of this expedited

proceeding in that it seeks "All documents that relate to" the assertion, and because it contains no

reasonable time limit.  National will interpret this Request as seeking those documents upon

which National relies.  National further objects to this Request to the extent it seeks documents

that are already in the possession or control of the FOMB, PREPA, and/or AAFAF.  National

further objects to this Request to the extent it is duplicative of Request No. 10.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents in its possession, custody or

control, not otherwise available to the FOMB, upon which National intends to rely for this

assertion.

## DOCUMENT REQUEST NO. 12:

Documents sufficient to identify the outstanding PREPA bonds in which You claim any
legal or beneficial interest, including the nature of Your interest, and the dates upon which
You obtained Your interest.

## RESPONSE TO DOCUMENT REQUEST NO. 12:

In addition to the General Objections, National specifically objects to this Request to the

extent it calls for a legal conclusion or seeks documents that are attorney-client privileged, are

covered by work product protection, and/or were created for purposes of mediation.  National

further objects to this Request to the extent it seeks information that is publicly available or

already in the possession, custody or control of the FOMB, PREPA, and/or AAFAF, including

National's proof of claim, which was publicly filed in this Title III proceeding.  National further

objects to this Request as irrelevant and disproportionate to the needs of this expedited

proceeding, to the extent it seeks outdated information about the extent of National's holdings or

15

insurance obligations in the past.  National further objects to this Request as premature because

the nature, extent, or amount of National's current interest in the PREPA bonds, whether direct

or insured, would be relevant (if at all) only to a Commonwealth Court proceeding to appoint a

receiver, not to the present Motion to lift the automatic stay.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents that are readily accessible in

its files, not otherwise available to the FOMB, and which National believes are sufficient to

show the extent of its current holdings and insurance obligations with respect to the PREPA

bonds.

## DOCUMENT REQUEST NO. 13:

Documents identifying the percentage of PREPA's outstanding bonds that You hold, own,
or have subrogation rights to as of the date these Document Requests were served on You.

## RESPONSE TO DOCUMENT REQUEST NO. 13:

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks information that is publicly available already in the possession or control of the

FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed

in this Title III proceeding.  National further objects to this Request as vague and ambiguous as

to whether "percentage" is to be calculated using face value or market value.  National will

interpret "percentage" to be calculated using face value.  National further objects to this Request

as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding

to the extent it seeks *all* documents that identify the requested information.  National will

interpret the Request as seeking documents *sufficient to identify* the requested information.

National further objects to this Request as premature because the nature, extent, or amount of

National's current interest in the PREPA bonds, whether direct or insured, would be relevant (if

at all) only to a Commonwealth Court proceeding to appoint a receiver, not to the present Motion to lift the automatic stay.

Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents that are readily accessible in its files that are sufficient to identify the aggregate percentage of outstanding PREPA Bonds, as of October 18, 2018, that National holds, owns or has subrogation rights to.

**DOCUMENT REQUEST NO. 14:**

Documents showing the value of PREPA's outstanding bonds, as of the date these Document Requests were served on You, of which you are the owner.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections, National specifically objects to this Request to the extent it seeks information that is publicly available or already in the possession or control of the FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed in this Title III proceeding. National further objects to this Request as vague and ambiguous as to whether "value" denotes face value or market value. National will interpret "value" to mean face value. National further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks *all* documents showing the requested information. National will interpret the Request as seeking documents *sufficient to show* the requested information. National further objects to this Request as premature because the nature, extent, or amount of National's current interest in the PREPA bonds, whether direct or insured, would be relevant (if at all) only to a Commonwealth Court proceeding to appoint a receiver, not to the present Motion to lift the automatic stay.

Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents that are readily accessible in

17

its files, not otherwise available to the FOMB, and which are sufficient to show the

aggregate principal amount of outstanding PREPA Bonds, as of October 18, 2018, that

National holds, owns or has subrogation rights to.

## DOCUMENT REQUEST NO. 15:

Documents showing the value of PREPA's outstanding bonds, as of the date these
Document Requests were served on You, to which you assert subrogation rights.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks information that is publicly available or already in the possession or control of the

FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed

in this Title III proceeding.  National further objects to this Request as vague and ambiguous as

to whether "value" denotes face value or market value.  National will interpret "value" to mean

face value.  National further objects to this Request as overbroad, unduly burdensome, and

disproportionate to the needs of this expedited proceeding to the extent it seeks *all* documents

showing the requested information.  National will interpret the Request as seeking documents

*sufficient to show* the requested information.  National further objects to this Request as

premature because the nature, extent, or amount of National's current interest in the PREPA

bonds, whether direct or insured, would be relevant (if at all) only to a Commonwealth Court

proceeding to appoint a receiver, not to the present Motion to lift the automatic stay.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents that are readily accessible in

its files, not otherwise available to the FOMB, that are sufficient to show the aggregate

principal amount of outstanding PREPA Bonds, as of October 18, 2018, that National

holds, owns or has subrogation rights to.

**DOCUMENT REQUEST NO. 16:**

Documents showing the breadth and limitations of any subrogation rights You assert to any
outstanding PREPA bonds, including any legal or contractual limitations on your exercise
of such rights.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks information that is publicly available or already in the possession or control of the

FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed

in this Title III proceeding.  National also objects to this Request to the extent it calls for a legal

conclusion regarding purported limitations on its rights.  In addition, National objects to this

Request as seeking documents that are attorney-client privileged and/or covered by work product

protection.  National further objects to this Request as being overbroad, unduly burdensome, and

disproportionate to the needs of this expedited proceeding to the extent it seeks *all* documents

showing the requested information, and because it contains no reasonable time limit.  National

further objects to this Request as premature because the nature, extent, or amount of National's

current interest in the PREPA bonds, whether direct or insured, would be relevant (if at all) only

to a Commonwealth Court proceeding to appoint a receiver, not to the present Motion to lift the

automatic stay.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents that are readily accessible in its

files, not otherwise available to the FOMB, and that are sufficient to show the existing policy

language regarding National's subrogation rights in any outstanding PREPA bonds.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to show the total value of PREPA's outstanding bonds, as of the date
these Document Requests were served on You, for which you have issued an insurance

policy containing a subrogation clause, and on which you have not made any payment
under your guaranty.

## RESPONSE TO DOCUMENT REQUEST NO. 17:

In addition to the General Objections, National specifically objects to this Request to the

extent it seeks information that is publicly available or already in the possession or control of the

FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed

in this Title III proceeding.  National further objects to this Request as vague and ambiguous as

to whether "value" denotes face value or market value.  National will interpret "value" to mean

face value.  National further objects to the term "guaranty" as vague and ambiguous; National

will interpret the term "guaranty" to mean the insurance policy.  National further objects to this

Request as premature because the nature, extent, or amount of National's current interest in the

PREPA bonds, whether direct or insured, would be relevant (if at all) only to a Commonwealth

Court proceeding to appoint a receiver, not to the present Motion to lift the automatic stay.

Subject to and without waiving the foregoing objections, National will produce

responsive, non-privileged, and non-objectionable documents that are readily accessible in its

files, not otherwise available to the FOMB, and which are sufficient to show the aggregate

principal amount of PREPA's outstanding bonds, as of October 18, 2018, for which National has

issued an insurance policy containing a subrogation clause, and on which National has not made

any payment under its insurance policy.

## DOCUMENT REQUEST NO. 18:

Documents showing the total value of PREPA's outstanding bonds, as of the date these
Document Requests were served on You, to which you assert any claim of rights other than
ownership or subrogation rights, and the nature and justification for any such rights.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

      In addition to the General Objections, National specifically objects to this Request to the extent it seeks information that is publicly available or already in the possession or control of the FOMB, PREPA, and/or AAFAF, including National's proof of claim, which was publicly filed in this Title III proceeding.  National further objects to this Request as vague and ambiguous as to whether "value" denotes face value or market value.  National will interpret "value" to mean face value.  National also objects to this Request to the extent it calls for a legal conclusion regarding the "nature and justification" for its rights.  National further objects to this Request to the extent it seeks documents that are attorney-client privileged, are covered by work product protection, and/or were created for purposes of mediation.  National further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks *all* documents showing the requested information.  National will interpret the Request as seeking documents *sufficient to show* the requested information. National further objects to this Request as premature because the nature, extent, or amount of National's current interest in the PREPA bonds, whether direct or insured, would be relevant (if at all) only to a Commonwealth Court proceeding to appoint a receiver, not to the present Motion to lift the automatic stay.

      Subject to and without waiving the foregoing objections, National will produce responsive, non-privileged, and non-objectionable documents that are readily accessible in its files, not otherwise available to the FOMB, that are sufficient to show the aggregate principal amount of PREPA's outstanding bonds, as of October 18, 2018, to which National asserts any claim of rights other than ownership or subrogation rights, and the nature and justification for such rights.

**DOCUMENT REQUEST NO. 19:**

All documents that relate to any calculations, created or updated since the Title III petition was filed on July 2, 2017, that purport to evaluate Your expected payments on insurance policies issued with respect to PREPA bonds.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections, National specifically objects to the term "expected payments" as vague and ambiguous.  National further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this expedited proceeding to the extent it seeks "All documents that relate to" the requested information. National further objects to this Request as irrelevant and disproportionate to the needs of this expedited proceeding to the extent it seeks information regarding loss reserves. National's reserves have no bearing on the issues in the Motion and constitute highly sensitive, confidential, and proprietary business information.  The amounts of reserves are based *not* upon a valuation of collateral, but rather upon factors that are irrelevant here— including but not limited to statutory accounting rules, probable litigation outcomes (including the pending Title III proceeding and related disputes), settlement and mediation discussions, and agreed payment schedules.  As such, the inputs and outputs for National's calculation of reserves are not only irrelevant but also highly sensitive and typically subject to attorney-client privilege and work product, and National further objects on that basis.

At this time, National will not be producing documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

Documents showing Your loss and loss adjustment expense reserves for Your exposure on debt issued by PREPA which documents were created from January 1, 2017 through today.

## RESPONSE TO DOCUMENT REQUEST NO. 20:

In addition to the General Objections, National specifically objects to this Request as irrelevant and disproportionate to the needs of this expedited proceeding.  National's reserves have no bearing on the issues the Motion and constitute highly sensitive, confidential, and proprietary business information.  The amounts of reserves are based *not* upon a valuation of collateral, but rather upon factors that are irrelevant here—including but not limited to statutory accounting rules, probable litigation outcomes (including the pending Title III proceeding and related disputes), settlement and mediation discussions, and agreed payment schedules.  As such, the inputs and outputs for National's calculation of reserves are not only irrelevant but also highly sensitive and typically subject to attorney-client privilege and work product, and National further objects on that basis.

At this time, National will not be producing documents in response to this Request.

## DOCUMENT REQUEST NO. 21:

Documents furnished from January 1, 2017 through today by You and any and all of Your affiliates to any and all of New York State Department of Financial Services and any insurance regulator or commissioner, which documents relate to the amounts You estimated You would have to pay to satisfy Your guaranty of PREPA bonds.

## RESPONSE TO DOCUMENT REQUEST NO. 21:

In addition to the General Objections, National specifically objects to this Request because it calls for the production of highly sensitive, proprietary, and privileged information, including information protected by the bank-examiner privilege and regarding the pending Title III proceeding and related disputes.  National further objects to this Request as irrelevant and disproportionate to the needs of this expedited proceeding.  In addition, to the extent this Request seeks information regarding National's loss reserves, National incorporates the specific objections raised in response to Request No. 20.  National

also objects to the term "guaranty" as vague and ambiguous.  National further objects to this

Request to the extent it is duplicative of Request No. 19.

      At this time, National will not be producing documents in response to this Request.

Dated: November 2, 2018

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

/s/ *Eric Pérez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR No. 206,314
E-mail: epo@amgprlaw.com

/s/ *Luis A. Oliver-Fraticelli*
LUIS A.  OLIVER-FRATICELLI
USDC-PR NO. 209,204
E-mail: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

*Counsel for National Public Finance
Guarantee Corp.*

**WEIL, GOTSHAL & MANGES LLP**

/s/ *Robert Berezin*
MARCIA GOLDSTEIN*
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: marcia.goldstein@weil.com
        jonathan.polkes@weil.com
        gregory.silbert@weil.com
        robert.berezin@weil.com

*admitted *pro hac vice*

*Counsel for National Public Finance
Guarantee Corp.*

25

## <u>CERTIFICATE OF SERVICE</u>

On November 2, 2018, a true and correct copy of the foregoing document was

served by e-mail on counsel of record for PREPA, AAFAF, and the FOMB.


*/s/ Robert Berezin*
Robert Berezin