# **EXHIBIT 20**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## SYNCORA GUARANTEE INC'S RESPONSES AND OBJECTIONS TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S DISCOVERY REQUESTS

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this matter by Section 310 of the Puerto Rico Oversight, Management, and Economic Act ("PROMESA") and by Federal Rules of Bankruptcy Procedure 7026 and 7034, Syncora Guarantee Inc. ("Syncora"), by their attorneys, hereby respond and object to the Financial Oversight and Management Board's ("FOMB") Set of Requests for Production of Documents, dated October 18, 2018 (the "Requests") related to the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (ECF No. 975) (the "Motion").

## Introductory Statement

Syncora has not yet completed its investigation and review of documents. These Responses and Objections are based on information currently available to Syncora. Nothing in Syncora's Responses and Objections herein shall be construed as a waiver of Syncora's rights to *(i)* object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of the Requests; *(ii)* object on the grounds of relevance, materiality, admissibility, competency, or any other grounds, to the use of any information provided in these Responses, including documents, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; or *(iii)* assert the attorney-client privilege, the work product doctrine or any other applicable privilege or right. Any objection or lack of an objection to any portion of any Request should not be deemed an admission that Syncora has documents sought in a particular Request. Syncora reserves the right to supplement or modify its Responses and Objections to the Requests at any time in the event additional or different information becomes available to it, through discovery or otherwise.

2

**General Responses and Objections**

1.  Syncora objects to the Requests to the extent they purport to impose burdens or obligations other than, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, or the Local Bankruptcy Rules. Syncora will respond in accordance with the requirements of those rules, any other applicable rules and orders of the Court and any agreements reached among the parties.

2.  Syncora objects to the Requests to the extent they purport to require responses, objections or production in less time than that provided for by the Federal Rules of Civil Procedure, the Local Civil Rules, or the Local Bankruptcy Rules. Syncora will respond in accordance with the requirements of those rules, any other applicable rules and orders of the Court, and any agreements reached among the parties. Syncora further objects to the request that Syncora produce the documents before the date on which the parties subsequently agreed to complete their document productions.

3.  Syncora objects to the Requests to the extent they request production of documents or information that are already in the possession, custody or control of FOMB, PREPA, or the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action.

4.  Syncora objects to the Requests to the extent they purport to impose an obligation on any person or entity who is not a party to this case.

5.  Syncora objects to the Requests to the extent they seek documents or information that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence, or seek documents or information for an improper purpose.

3

6. Syncora objects to the Requests to the extent they seek draft, rather than final, versions of documents.

7. Syncora objects to the Requests to the extent they seek documents or information not in Syncora's possession, custody or control.

8. Syncora objects to the Requests to the extent they seek documents or information (*i*) obtainable from public sources, (*ii*) that FOMB could compile from available sources with substantially equal or less effort and/or expense than Syncora, or (*iii*) obtainable from other parties in this case.

9. Syncora objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate and/or not reasonably narrowed.

10. Syncora objects to the Requests because they call for the production of documents that have been filed with the Court in the pending Title III proceedings and related adversary proceedings or have been provided to Syncora by FOMB, PREPA and/or AAFAF.

11. Syncora objects to the Requests to the extent they call for the production of documents or information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or right.  If any document or information subject to such a privilege, doctrine or right is inadvertently produced, Syncora does not waive or intend to waive any privilege, objection or right of nondisclosure pertaining to such document or information, or to any other document or information, and reserves the right to demand the return of all documents inadvertently produced.

12. Syncora objects to the Requests to the extent they seek documents or information that are confidential or proprietary in nature.  Syncora will produce documents subject to an appropriate protective order and/or confidentiality stipulation.

13. Syncora reserves the right to redact privileged and/or non-responsive, confidential information contained in any document to be produced, and will note all redactions on the documents.

14. Syncora objects to the Requests to the extent they request Syncora to conduct a broad search of its email systems or other electronic databases, or to conduct any search of any computer back-up tapes or computer hard drives for files that may previously have been deleted but not yet overwritten, or to conduct any other searches for electronically stored information other than targeted searches for electronic documents that are presently stored and retrievable from (*i*) current directories on computer hard drives, (*ii*) current email systems, or (*iii*) other current electronic databases. Any further electronic searches would be overly broad, unduly burdensome and disproportionate under the circumstances.

15. Syncora objects to the Requests to the extent they call for production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the relevant information, on the grounds that such requests are overbroad, unduly burdensome and not proportionate to the needs of this expedited proceeding. Given the nature of the Requests, their relevance and overall burden, it is not proportionate or otherwise reasonable to require an automated email search (e.g., pulling PST files and running search terms across all emails). Syncora will, however, conduct a reasonable search that may include manual email searches in response to particular Requests.

16. Syncora objects to the Requests to the extent they (*i*) imply the existence of facts or circumstances that do not or did not exist, or (*ii*) state or assume legal conclusions. Unless otherwise stated expressly in its responses, Syncora's responses do not admit any factual or legal premises set forth in the Requests.

5

17. Any objection or lack of objection to any portion of the Requests shall not constitute an admission that Syncora has any documents within the scope of the Requests.  By producing any documents or supplying any other information, Syncora does not concede, and reserves all objections with respect to, the relevance, materiality, authenticity, or admissibility of such documents and information.  Syncora reserves the right to amend or supplement these Responses and Objections and any production of documents or information made by Syncora in response to the Requests.  Syncora makes its responses without waiving any of its objections, and hereby reserves all other objections. All objections to the use of documents or information produced by Syncora, or to the service of further discovery requests upon Syncora, are expressly reserved.  The above General Responses and Objections are incorporated into each of the Specific Responses and Objections below.

## Responses and Objections to Definitions and Instructions

17. Syncora objects to Definition No. 9 to the extent it seeks to require production of "all drafts of any responsive Documents."  Such a request is overbroad, unduly burdensome, disproportionate and not likely to lead to the discovery of relevant information.

18. Syncora objects to Definition No. 13 to the extent it seeks to define "Movants" more broadly than National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp. and Syncora Guarantee Inc.

19. Syncora objects to Definition No. 20 to the extent it seeks to define "Syncora" more broadly than Syncora Guarantee Inc.

20. Syncora objects to Instruction No. 2 to the extent it seeks to require continuing supplementation or seeks to impose other obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules, or the Local Bankruptcy Rules.

21. Syncora objects to Instruction No. 3 to the extent it seeks to require production of documents or information by any person or entity other than Syncora Guarantee Inc.

22. Syncora objects to Instruction No. 7 to the extent it calls for identification of the date any redactions were made or the person(s) who made any redactions.

23. Syncora objects to Instruction No. 8, which calls for production of a detailed privilege log. The burden, time and cost of preparing a detailed privilege log does not appear to be justifiable under the circumstances in light of the expedited discovery timeframe. We are willing to meet and confer regarding potential alternative approaches.

24. Syncora objects to Instruction No. 9 as unduly burdensome and disproportionate.

25. Syncora objects to Instruction No. 11 and to each Request to the extent it seeks production of documents from an unlimited or not reasonably narrowed date range. Syncora will agree to search for potentially responsive documents within the date range of July 2, 2017 through October 17, 2018, unless otherwise noted.

26. Syncora objects to the Electronically Stored Information ("ESI") production protocol to the extent it is inconsistent with Syncora's and/or Syncora's counsel's standard ESI production protocols.

27. Any response offered by Syncora is made solely for the purpose of this Motion, and shall not be used by FOMB, PREPA or AAFAF in any other proceeding or for any other purpose.

**<u>Specific Responses and Objections to the Document Requests</u>**

**<u>Request No. 1</u>**

Documents showing, as of June 30, 2017 and afterwards, the value of Your "collateral," as that term is used in the Motion and Draft Complaint.

## Response to Request No. 1

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad.  Syncora further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, sufficient to show the value of the collateral.

## Request No. 2

All documents that relate to, or upon which You rely for the assertion that, since the filing of the Title III petition, Your "collateral" is being impaired by PREPA's mismanagement.

## Response to Request No. 2

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this Request to the extent it seeks production of documents that are publicly available; already in the possession, custody or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action.  Syncora further objects that the documents called for by this Request are duplicative of those requested in No. 10.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, upon which Syncora currently intends to rely for the assertion that its collateral is being impaired by PREPA's mismanagement.

8

**Request No. 3**

All documents that relate to, or upon which You rely for the assertion on page 32 of the Motion that, "PREPA is – today more than ever – the poster child for malfeasance and mismanagement."

**Response to Request No. 3**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Syncora further objects to this Request to the extent it seeks production of documents that are publicly available; already in the possession, custody or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action. Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, upon which Syncora currently intends to rely for the assertion that PREPA today is the poster child for malfeasance and mismanagement.

**Request No. 4**

All documents that relate to, or upon which You rely for the assertion on page 33 of the Motion that, PREPA's alleged misconduct has "all occurred while PREPA has been sheltered by the automatic stay."

**Response to Request No. 4**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Syncora further objects to this

Request to the extent it seeks production of documents that are already in the possession, custody

or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in

response to FOMB's other pending discovery requests in this action.  Syncora further objects

that the documents called for by this Request are duplicative of those requested in No. 3.

Additionally, Syncora objects to this Request on the grounds that it mischaracterizes the

assertion in the Motion.  Subject to the foregoing general and specific objections, Syncora will

undertake targeted and reasonable efforts under the circumstances to identify, review and

produce responsive, non-privileged documents, if any, upon which Syncora currently intends to

rely for the assertion that PREPA has been mismanaged during the automatic stay.

## Request No. 5

> All documents that relate to, or upon which You rely for the assertion on page 34 of the Motion, and elsewhere therein, that Your "collateral is diminishing" since the Title III petition was filed on July 2, 2017.

## Response to Request No. 5

In addition to its general objections, Syncora objects to this Request on the grounds that it

is overly broad, unduly burdensome and disproportionate.  Syncora further objects to this

Request to the extent it seeks documents protected by the attorney-client privilege, the work

product doctrine or any other applicable privilege or protection.  Syncora further objects to this

Request to the extent it seeks production of documents that are already in the possession, custody

or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in

response to FOMB's other pending discovery requests in this action.  Syncora further objects

that the documents called for by this Request are duplicative of those requested in No. 10.

Subject to the foregoing general and specific objections, Syncora will undertake targeted and

reasonable efforts under the circumstances to identify, review and produce responsive, non-

privileged documents, if any, upon which Syncora currently intends to rely for the assertion that its collateral is diminishing since the Title III filing.

**Request No. 6**

Any and all financial models or projections that were utilized in preparing the Motion and/or Draft Complaint, and all documents upon which such models or projections rely.

**Response to Request No. 6**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action.  Syncora further objects that the documents called for by this Request are duplicative of those being produced by National Economic Research Associates, Inc. ("NERA").  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, that are not duplicative of the NERA production.

**Request No. 7**

Any and all financial models or projections, whether created by You, Your financial advisor, or anyone else, that evaluate the effect of a rate increase at PREPA on debt repayment, and all documents upon which such models or projections rely.

11

**<u>Response to Request No. 7</u>**

  In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Additionally, the Motion makes clear that Syncora is not seeking a rate increase and, therefore, these documents are wholly irrelevant to the pending litigation.  *See e.g. Motion* at p. 34 ("This Motion does not seek to appoint a receiver to petition for an increase in rates to enforce Section 502(B)(b) of the Trust Agreement."); *Proposed Order* at 6.

**<u>Request No. 8</u>**

  All documents that relate to Your assertion in ¶ 104 of the Draft Complaint that an appointed receiver would not have authority to initiate rate increase proceedings.

**<u>Response to Request No. 8</u>**

  In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague, calls for a legal conclusion and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this request because it seeks the production of information that is premature with regard to the Motion.

**Request No. 9**

All documents that relate to Your assertion in ¶ 104 of the Draft Complaint that the Title III court would have the authority to limit the powers of any receiver appointed as set forth in the PREPA Enabling Act.

**Response to Request No. 9**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and calls for a legal conclusion. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Syncora further objects to this request because it seeks the production of information that is premature with regard to the Motion.

**Request No. 10**

All documents that relate to, or upon which You rely for the assertion that Movants' purported interest in PREPA's revenues has suffered harm as the result of the mismanagement and malfeasance alleged in the Motion, both before and since the Title III petition was filed, and/or the extent of any such harm.

**Response to Request No. 10**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action. Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any,

13

upon which Syncora currently intends to rely for the assertion that its interest in PREPA's revenues has suffered harm as a result of mismanagement.

## Request No. 11

All documents that relate to, or upon which You rely for the assertion that PREPA has been harmed or suffered loss in net revenue as a result of the Contribution of Payment in Lieu of Taxes ("CILT") framework.

## Response to Request No. 11

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this Request to the extent it seeks production of documents that are publicly available; already in the possession, custody or control of FOMB, PREPA or AAFAF; and/or may be provided to FOMB by other parties in response to FOMB's other pending discovery requests in this action.  Syncora further objects that the documents called for by this Request are duplicative of those requested in No. 10.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, upon which Syncora currently intends to rely for the assertion that the CILT framework has harmed PREPA or its net revenue.

## Request No. 12

Documents sufficient to identify the outstanding PREPA bonds in which You claim any legal or beneficial interest, including the nature of Your interest, and the dates upon which You obtained Your interest.

14

**Response to Request No. 12**

In addition to its general objections, Syncora objects to this Request to the extent it seeks

production of documents that are already in the possession, custody or control of FOMB, PREPA

or AAFAF.  In addition, Syncora objects to this Request on the grounds that it is premature and

seeks information that is wholly irrelevant to the relief sought in the Motion.  Subject to the

foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts

under the circumstances to identify, review and produce responsive, non-privileged documents,

if any, sufficient to identify the amount of PREPA's outstanding bonds that Syncora holds, owns,

or in which it has a beneficial interest.

**Request No. 13**

Documents identifying the percentage of PREPA's outstanding bonds that You hold,
own, or have subrogation rights to as of the date these Document Requests were served
on You.

**Response to Request No. 13**

In addition to its general objections, Syncora objects to this Request on the grounds that it

is unduly burdensome, disproportionate and vague.  Syncora further objects to this Request to the

extent it seeks production of documents that are already in the possession, custody or control of

FOMB, PREPA or AAFAF.  Syncora further objects to this Request because it seeks the

production of information that is premature with regard to the Motion.  Subject to the foregoing

general and specific objections, Syncora will undertake targeted and reasonable efforts under the

circumstances to identify, review and produce responsive, non-privileged documents, if any,

sufficient to identify the amount of PREPA's outstanding bonds that Syncora holds, owns or to

which Syncora holds subrogation rights.

**Request No. 14**

Documents showing the value of PREPA's outstanding bonds, as of the date these Document Requests were served on You, of which you are the owner.

**Response to Request No. 14**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate and vague.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF.   Syncora further objects to this Request because it seeks the production of information that is premature with regard to the Motion.  Subject to the foregoing general and specific objections,  Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, sufficient to show the value of PREPA's outstanding bonds, as of the date these Document Requests were served, which Syncora owns.

**Request No. 15**

Documents showing the value of PREPA's outstanding bonds, as of the date these Document Requests were served on You, to which you assert subrogation rights.

**Response to Request No. 15**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate and vague.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, sufficient to show the value of PREPA's

outstanding bonds, as of the date the Document Requests were served, as to which Syncora asserts subrogation rights.

**Request No. 16**

Documents showing the breadth and limitations of any subrogation rights You assert to any outstanding PREPA bonds, including any legal or contractual limitations on your exercise of such rights.

**Response to Request No. 16**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate, vague and calls for a legal conclusion.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF.  Syncora further objects to this request because it seeks the production of information that is premature with regard to the Motion.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, sufficient to show the existing policy language regarding subrogation rights to which Syncora asserts subrogation rights.

**Request No. 17**

Documents sufficient to show the total value of PREPA's outstanding bonds, as of the date these Document Requests were served on You, for which you have issued an insurance policy containing a subrogation clause, and on which you have not made any payment under your guaranty.

**Response to Request No. 17**

In addition to its general objections, Syncora objects to this Request on the grounds that it is vague.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF.  Syncora further objects to this Request because it seeks the production of information that is premature with regard to the Motion.  Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged documents, if any, sufficient to show the aggregate principal amount of PREPA's outstanding bonds, as of the date the Document Requests were served, for which Syncora has issued an insurance policy containing a subrogation clause, and on which Syncora has not made any payment under its insurance policy.

**Request No. 18**

Documents showing the total value of PREPA's outstanding bonds, as of the date these Document Requests were served on You, to which you assert any claim of rights other than ownership or subrogation rights, and the nature and justification for any such rights.

**Response to Request No. 18**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate, vague and calls for a legal conclusion.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of FOMB, PREPA or AAFAF.  Syncora further objects to this request because it seeks the production of information that is premature with regard to the

Motion.  Furthermore, Syncora states that it is not aware of any documents responsive to this Request.

**Request No. 19**

All documents that relate to any calculations, created or updated since the Title III petition was filed on July 2, 2017, that purport to evaluate Your expected payments on insurance policies issued with respect to PREPA bonds.

**Response to Request No. 19**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate.  Syncora further objects to this Request because it seeks documents protected by the attorney-client privilege, the work product doctrine and any other applicable privilege or protection, and documents that are highly sensitive and proprietary, including regarding the pending Title III cases and related litigations and negotiations.

**Request No. 20**

Documents showing Your loss and loss adjustment expense reserves for Your exposure on debt issued by PREPA which documents were created from January 1, 2017 through today.

**Response to Request No. 20**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.  Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Furthermore, Syncora objects to this Request on the grounds that it seeks production of confidential, proprietary and otherwise sensitive documents concerning Syncora.  More

specifically, this Request is objectionable because any reserves held by Syncora would be

calculated based on a variety of factors, including legal advice regarding likely litigation and

settlement outcome ranges.  Moreover, numerous factors that are wholly unrelated to the value of

Syncora's collateral affect the amount of reserves Syncora maintains.  Due to the complex nature

of reserve calculations, no single one of these factors is likely to have an immediate or outsized

impact on Syncora's decision to maintain a certain level of reserves.  For similar reasons, such

reserve calculations are not easily updated on a regular basis in response to any specific

developments, including developments involving PREPA or Puerto Rico in general, and are

often dependent on regulatory, accounting and non-PREPA-related developments.

**Request No. 21**

> Documents furnished from January 1, 2017 through today by You and any and all of
> Your affiliates to any and all of New York State Department of Financial Services and
> any insurance regulator or commissioner, which documents relate to the amounts You
> estimated You would have to pay to satisfy Your guaranty of PREPA bonds.

**Response to Request No. 21**

In addition to its general objections, Syncora objects to this Request on the grounds that it

is overly broad, unduly burdensome, disproportionate and requests documents that are not

relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant

admissible evidence.  Syncora further objects to this Request to the extent it seeks documents

protected by the attorney-client privilege, the work product doctrine, regulatory privilege, the

confidentiality provision under the New York Insurance Law or any other applicable privilege or

protection.  Furthermore, Syncora objects to this Request on the grounds that it seeks production

of confidential, proprietary and otherwise sensitive documents concerning Syncora, including

confidential information regarding the pending Title III proceeding and related litigations and confidential information protected by the New York Insurance Law.

Dated:  November 2, 2018

DEBEVOISE & PLIMPTON LLP

By:/s/ My Chi To
My Chi To*
Craig A. Bruens*
Elie J. Worenklein*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836

Email: mcto@debevoise.com
cabruens@debevoise.com
eworenklein@debevoise.com

*admitted *pro hac vice*

*Counsel for Syncora Guarantee Inc.*