# **EXHIBIT 21**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                           Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**SYNCORA GUARANTEE INC'S RESPONSES AND OBJECTIONS TO
PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S
<u>DISCOVERY REQUESTS</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)..

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this matter by Section 310 of the Puerto Rico Oversight, Management, and Economic Act ("PROMESA") and by Federal Rules of Bankruptcy Procedure 7026 and 7034, Syncora Guarantee Inc. ("Syncora"), by its attorneys, hereby responds and objects to the Puerto Rico Fiscal Agency and Financial Advisory Authority's ("AAFAF") First Set of Requests for Production of Documents and Deposition Notice, both dated October 17, 2018, related to the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed* (ECF No. 975) (the "Motion").

**Introductory Statement**

Syncora has not yet completed its investigation and review of documents. These Responses and Objections are based on information currently available to Syncora. Nothing in Syncora's Responses and Objections herein shall be construed as a waiver of Syncora's rights to *(i)* object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of the Requests; *(ii)* object on the grounds of relevance, materiality, admissibility, competency or any other grounds, or to the use of any information provided in these Responses, including documents, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; or *(iii)* assert the attorney-client privilege, the work product doctrine or any other applicable privilege or right. Any objection or lack of an objection to any portion of any Request should not be deemed an admission that Syncora has documents sought in a particular Request. Syncora reserves the right to supplement or modify its Responses and

Objections to the Requests at any time in the event additional or different information becomes available to it, through discovery or otherwise.

**General Responses and Objections**

1. Syncora objects to AAFAF's purported authority to seek discovery from Syncora and other parties in this matter, particularly given that PROMESA designates the Fiscal Oversight and Management Board ("FOMB") as the sole representative of the Puerto Rico Electric Power Authority ("PREPA") in its Title III case, and AAFAF has not petitioned the Court to intervene. Syncora therefore reserves all rights to contest AAFAF's purported authority in this regard, and nothing herein shall be construed as a waiver of any such rights or arguments, whether as to this or any other proceedings.

2. Syncora objects to the Requests to the extent they purport to impose burdens or obligations other than, or in addition to, those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules or the Local Bankruptcy Rules. Syncora will respond in accordance with the requirements of those rules, any other applicable rules and orders of the Court and any agreements reached among the parties.

3. Syncora objects to the Requests to the extent they purport to require responses, objections or production in less time than that provided for by the Federal Rules of Civil Procedure, the Local Civil Rules or the Local Bankruptcy Rules. Syncora will respond in accordance with the requirements of those rules, any other applicable rules and orders of the Court and any agreements reached among the parties. Syncora further objects to the request that Syncora produce the documents before the date on which the parties subsequently agreed to complete their document productions.

4. Syncora objects to the Requests to the extent they request production of documents or information that are already in the possession, custody or control of AAFAF, PREPA or FOMB, or may be provided to AAFAF by other parties in response to AAFAF's other pending discovery requests in this action.

5. Syncora objects to the Requests to the extent they purport to impose an obligation on any person or entity who is not a party to this case.

6. Syncora objects to the Requests to the extent they seek documents or information that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence, or seek documents or information for an improper purpose.

7. Syncora objects to the Requests to the extent they seek draft, rather than final, versions of documents.

8. Syncora objects to the Requests to the extent they seek documents or information not in Syncora's possession, custody or control.

9. Syncora objects to the Requests to the extent they seek documents or information (*i*) obtainable from public sources, (*ii*) that AAFAF could compile from available sources with substantially equal or less effort and/or expense than Syncora, or (*iii*) obtainable from other parties in this case.

10. Syncora objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate and/or not reasonably narrowed.

11. Syncora objects to the Requests because they call for the production of documents that have been filed with the Court in the pending Title III proceedings and related adversary proceedings or have been provided to Syncora by AAFAF, PREPA and/or FOMB.

12. Syncora objects to the Requests to the extent they call for the production of documents or information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or right. If any document or information subject to such a privilege, doctrine or right is inadvertently produced, Syncora does not waive or intend to waive any privilege, objection or right of nondisclosure pertaining to such document or information, or to any other document or information, and reserves the right to demand the return of all documents inadvertently produced.

13. Syncora objects to the Requests to the extent they seek documents or information that are confidential or proprietary in nature. Syncora will produce documents subject to an appropriate protective order and/or confidentiality stipulation.

14. Syncora reserves the right to redact privileged and/or non-responsive, confidential information contained in any document to be produced, and will note all redactions on the documents.

15. Syncora objects to the Requests to the extent they request Syncora to conduct a broad search of its email systems or other electronic databases, or to conduct any search of any computer back-up tapes or computer hard drives for files that may previously have been deleted but not yet overwritten, or to conduct any other searches for electronically stored information other than targeted searches for electronic documents that are presently stored and retrievable from (*i*) current directories on computer hard drives, (*ii*) current email systems, or (*iii*) other current electronic databases. Any further electronic searches would be overly broad, unduly burdensome and disproportionate under the circumstances.

16. Syncora objects to the Requests to the extent they call for production of "all" documents under circumstances in which a subset of all documents would be sufficient to show the

5

relevant information, on the grounds that such requests are overbroad, unduly burdensome and not proportionate to the needs of this expedited proceeding. Given the nature of the Requests, their relevance and overall burden, it is not proportionate or otherwise reasonable to require an automated email search (e.g., pulling PST files and running search terms across all emails). Syncora will, however, conduct a reasonable search that may include manual email searches in response to particular Requests.

17. Syncora objects to the Requests to the extent they (*i*) imply the existence of facts or circumstances that do not or did not exist, or (*ii*) state or assume legal conclusions. Unless otherwise stated expressly in its responses, Syncora's responses do not admit any factual or legal premises set forth in the Requests.

18. Any objection or lack of objection to any portion of the Requests shall not constitute an admission that Syncora has any documents within the scope of the Requests. By producing any documents or supplying any other information, Syncora does not concede, and reserves all objections with respect to, the relevance, materiality, authenticity or admissibility of such documents and information. Syncora reserves the right to amend or supplement these Responses and Objections and any production of documents or information made by Syncora in response to the Requests. Syncora makes its responses without waiving any of its objections, and hereby reserves all other objections. All objections to the use of documents or information produced by Syncora, or to the service of further discovery requests upon Syncora, are expressly reserved. The above General Responses and Objections are incorporated into each of the Specific Responses and Objections below.

**Responses and Objections to Definitions and Instructions**

19. Syncora objects to Definition No. 8 to the extent it seeks to require production of "all drafts of any responsive Documents."  Such a request is overbroad, unduly burdensome, disproportionate and not likely to lead to the discovery of relevant information.

20. Syncora objects to Definition No. 11 to the extent it seeks to define "Movants" more broadly than National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp. and Syncora Guarantee Inc.

21. Syncora objects to Definition No. 18 to the extent it seeks to define "Syncora" more broadly than Syncora Guarantee Inc.

22. Syncora objects to Instruction No. 2 to the extent it seeks to require continuing supplementation or seeks to impose other obligations beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules or the Local Bankruptcy Rules.

23. Syncora objects to Instruction No. 3 to the extent it seeks to require production of documents or information by any person or entity other than Syncora Guarantee Inc.

24. Syncora objects to Instruction No. 7 to the extent it calls for identification of the date any redactions were made or the person(s) who made any redactions.

25. Syncora objects to Instruction No. 8, which calls for production of a detailed privilege log.  The burden, time and cost of preparing a detailed privilege log does not appear to be justifiable under the circumstances in light of the expedited discovery timeframe.  We are willing to meet and confer regarding potential alternative approaches.

26. Syncora objects to Instruction No. 9 as unduly burdensome and disproportionate.

27. Syncora objects to Instruction No. 11 and to each Request to the extent it seeks production of documents from an unlimited or not reasonably narrowed date range.  Syncora will agree to

7

search for potentially responsive documents within the date range of July 2, 2017 through October 17, 2018, unless otherwise noted.

28. Syncora objects to the Electronically Stored Information ("ESI") production protocol to the extent it is inconsistent with Syncora's and/or Syncora's counsel's standard ESI production protocols.

29. Any response offered by Syncora is made solely for the purpose of this Motion, and shall not be used by AAFAF, PREPA or FOMB in any other proceeding or for any other purpose.

## Specific Responses and Objections to the Document Requests

**Request No. 1**

All Documents including but not limited to Communications, concerning the performance of PREPA management, whether prepared by You or any third party.

**Response to Request No. 1**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome and disproportionate. Syncora further objects to this Request to the extent it seeks production of documents that are publicly available; already in the possession, custody or control of AAFAF, PREPA or FOMB; and/or may be provided to AAFAF by other parties in response to AAFAF's other pending discovery requests in this action. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged presentations, reports, studies, and analyses, if any, that are readily accessible in the files of relevant employees, and not otherwise available to AAFAF, concerning the performance of PREPA management since the Title III filing.

8

**Request No. 2**

All Documents including but not limited to Communications, concerning political appointees or potential political appointees of PREPA, whether prepared by you or any third parties.

**Response to Request No. 2**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Request to the extent it seeks production of documents that are already in the possession, custody or control of AAFAF, PREPA or FOMB; and/or may be provided to AAFAF by other parties in response to AAFAF's other pending discovery requests in this action. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

**Request No. 3**

All Documents including but not limited to Communications, in which You, or anyone acting at your direction, have endorsed or supported any potential political appointee to PREPA or have otherwise attempted to influence the appointment process.

**Response to Request No. 3**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.

**Request No. 4**

All Documents including but not limited to Communications, relating to PREPA between (a) You and any Person acting at Your direction and (b) any official of the Puerto Rico Government, including any agent, staff member, or other designee of such official.

9

**Response to Request No. 4**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.

**Request No. 5**

All Documents including but not limited to Communications, relating to Puerto Rico, PROMESA, and/or PREPA between (a) You and any Person acting at Your direction and (b) any official of the Federal Government, including any agent, staff member, or other designee of such official.

**Response to Request No. 5**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.

**Request No. 6**

Documents sufficient to identify every lobbyist or other representative that You have engaged to communicate on your behalf with any representative of the Puerto Rico or Federal Governments for any purpose relating to Puerto Rico, PROMESA, or PREPA.

**Response to Request No. 6**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.

**Request No. 7**

Documents sufficient to evidence the dollar amount You have spent to engage lobbyists or other representatives to communicate at Your direction with any representative of the

>Puerto Rico or Federal Governments for any purpose relating to Puerto Rico, PROMESA, or PREPA.

**Response to Request No. 7**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate, vague and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence.

**Request No. 8**

>All Documents including but not limited to Communications, whether prepared by You or any third party, relating to the appointment of a receiver pursuant to the Trust Agreement, including, but not limited to, any Documents relating to (a) actions a potential receiver may pursue once appointed; (b) Persons that may potentially act as receiver; (c) the effect the appointment of a receiver may have on the privatization of PREPA; and (d) the effect the appointment of a receiver may have on the value of the collateral that You contend supports the PREPA bonds.

**Response to Request No. 8**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate and calls for a legal conclusion. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Subject to the foregoing general and specific objections, Syncora will undertake targeted and reasonable efforts under the circumstances to identify, review and produce responsive, non-privileged presentations, reports, studies, and analyses, if any, that are readily accessible in the files of relevant employees, and not otherwise available to AAFAF.

**Request No. 9**

>All of Your financial statements, whether audited or unaudited, reflecting any time period in which You had any interest in the bonds in which you claim any interest in connection with the Motion.

**Response to Request No. 9**

In addition to its general objections, Syncora objects to this Request on the grounds that it is unduly burdensome, disproportionate and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Request to the extent it seeks production of documents that are publicly available; already in the possession, custody or control of AAFAF, PREPA or FOMB; and/or could be compiled by AAFAF from available sources with substantially equal effort and expense than Syncora. Subject to the foregoing general and specific objections, Syncora is willing to produce audited financial statements from July 2, 2017 to October 17, 2018.

**Request No. 10**

All Documents relating to any reserves or similar set aside of funds relating to the PREPA Bonds, regardless of whether such reserves were ultimately implemented.

**Response to Request No. 10**

In addition to its general objections, Syncora objects to this Request on the grounds that it is overly broad, unduly burdensome, disproportionate and requests documents that are not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Furthermore, Syncora objects to this Request on the grounds that it seeks production of confidential, proprietary and otherwise sensitive documents concerning Syncora. More specifically, this Request is objectionable because any reserves held by Syncora would be calculated based on a variety of factors, including legal advice regarding likely litigation and settlement outcome ranges. Moreover, numerous factors that are wholly unrelated to the value of

12

Syncora's collateral affect the amount of reserves Syncora maintains. Due to the complex nature of reserve calculations, no single one of these factors is likely to have an immediate or outsized impact on Syncora's decision to maintain a certain level of reserves. For similar reasons, such reserve calculations are not easily updated on a regular basis in response to any specific developments, including developments involving PREPA or Puerto Rico in general, and are often dependent on regulatory, accounting and non-PREPA-related developments.

**Responses and Objections to the Deposition Request**

Syncora objects to the request for a deposition of a Syncora witness. Syncora incorporates by reference the foregoing objections. In addition to the other objections, it is unduly burdensome, disproportionate and duplicative to subject Syncora to the costs and burdens of a deposition given that the information sought from Syncora can be addressed more adequately and efficiently through the production of documents and depositions of the other Movants' witnesses. Syncora is willing to meet and confer after the production of documents from Syncora, the other Movants and the expert witnesses to determine if there are any relevant topics that were not otherwise addressed.

In addition, Syncora has the following specific objections to the requested deposition topics:

**Deposition Topic No. 1**

Your decision to acquire an interest in or to insure any PREPA Bonds including, without limitation:

    a)    any due diligence efforts;

    b)    Your identification of the collateral that You contend supports the PREPA Bonds at the time the decision was made; and

    c)    Your assessment of the risks and/or risk factors.

13

**Response to Deposition Topic No. 1**

In addition to its general objections, Syncora objects to Deposition Topic No. 1 on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection. Furthermore, Syncora objects to this Topic on the grounds that it seeks production of confidential, proprietary and otherwise sensitive information concerning Syncora.

**Deposition Topic No. 2**

Your determination of the value of the collateral that You contend supports the PREPA Bonds, including without limitation, Your determination of value as of:

- a) The date that You acquired an interest in the PREPA Bonds, whether by holding or insuring the bonds;
- b) When a petition under Title III of PROMESA was filed on behalf of PREPA on July 3, 2017;
- c) When you filed the Motion on October 3, 2018.

**Response to Deposition Topic No. 2**

In addition to its general objections, Syncora objects to Deposition Topic No. 2 on the grounds that it is overly broad, unduly burdensome, disproportionate and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

**Deposition Topic No. 3**

Your contentions regarding the timing and impact of alleged mismanagement of PREPA, including, but not limited to, Your contentions that:

a) alleged mismanagement of PREPA "has impaired the value of [the] collateral" that You contend supports the PREPA Bonds;

b) alleged mismanagement occurred after the Title III petition was filed on July 2, 2017; and

c) alleged mismanagement continues today.

**Response to Deposition Topic No. 3**

In addition to its general objections, Syncora objects to Deposition Topic No. 3 on the grounds that it is overly broad, unduly burdensome, disproportionate, calls for a legal conclusion and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

**Deposition Topic No. 4**

Your contention that Your purported interest in PREPA's revenues has suffered harm as the result of the mismanagement and malfeasance alleged in the Motion both before and/or since the Title III petition was filed, and/or the extent of any such harm, including, but not limited to:

a) Your contention that the value of the collateral that You contend supports the PREPA Bonds is diminishing; and

b) Your contention that PREPA has been harmed or suffered loss in net revenue as a result of the Contribution of Payment in Lieu of Taxes ("CILT") framework.

**Response to Deposition Topic No. 4**

In addition to its general objections, Syncora objects to Deposition Topic No. 4 on the grounds that it is overly broad, unduly burdensome, disproportionate and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of

15

relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

**Deposition Topic No. 5**

Your understanding of the ability of government instrumentalities, public corporations, and municipalities in Puerto Rico to pay accrued and/or past due electric power bills.

**Response to Deposition Topic No. 5**

In addition to its general objections, Syncora objects to Deposition Topic No. 5 on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

**Deposition Topic No. 6**

Your decision, as reflected in the Motion, to pursue a potential appointment of a receiver, including, without limitation:

a) Your understanding of the actions a receiver could or should take, if appointed;

b) Your understanding of the impact any such actions would have on PREPA's operations;

c) Your understanding of the impact any such actions would have on the value of the collateral supporting the PREPA Bonds;

d) Your determination to forego pursuing a potential rate increase, as articulated in the Motion;

e) Your assertion in ¶ 104 of the Draft Complaint that an appointed receiver would not have authority to initiate rate increase proceedings;

f) Your assertion in ¶ 104 of the Draft Complaint that the Title III court would have the authority to limit the powers of any receiver appointed as set forth in the PREPA Enabling Act.

16

    g)    Any individuals or entities You have considered or approached to potentially serve as receiver.

**Response to Deposition Topic No. 6**

In addition to its general objections, Syncora objects to Deposition Topic No. 6 on the grounds that it is overly broad, unduly burdensome, disproportionate, vague, calls for a legal conclusion and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Additionally, Syncora objects on the ground that the statements in subjections (d), (e) and (f) are misleading and/or misstate Syncora's position regarding rate increases. The Motion makes clear that Syncora is not seeking a rate increase and, therefore, these documents are wholly irrelevant to the Motion. *See e.g. Motion* at p. 34 ("This Motion does not seek to appoint a receiver to petition for an increase in rates to enforce Section 502(B)(b) of the Trust Agreement."); *Proposed Order* at 6.

**Deposition Topic No. 7**

Your communications with Puerto Rico or Federal Government officials on issues relating to PREPA, including, but not limited to:

    a)    Your endorsement or support for any potential nominee for a political appointment to PREPA, or any attempts by You to influence the appointment process;

    b)    Your Communications with any official of the Federal Government, including any agent, staff member, or other designee of such official, relating to Puerto Rico, PROMESA, and/or PREPA;

    c)    Your Communications with any official of the Puerto Rico Government, including any agent, staff member, or other designee of such official, relating to Puerto Rico, PROMESA, and/or PREPA;

17

d) Lobbying or other efforts to influence Federal Government officials, whether by you on any Person acting on Your behalf, relating to Puerto Rico, PROMESA, and/or PREPA; and

e) Lobbying or other efforts to influence Puerto Rico Government officials, whether by you on any Person acting on Your behalf, relating to Puerto Rico, PROMESA, and/or PREPA.

**Response to Deposition Topic No. 7**

In addition to its general objections, Syncora objects to Deposition Topic No. 7 on the grounds that it is overly broad, unduly burdensome, disproportionate, vague and requests information that is not relevant to the pending Motion or reasonably calculated to lead to the discovery of relevant admissible evidence. Syncora further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Dated: November 2, 2018

DEBEVOISE & PLIMPTON LLP

By: /s/ My Chi To
My Chi To*
Craig A. Bruens*
Elie J. Worenklein*
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836

Email: mcto@debevoise.com
cabruens@debevoise.com
eworenklein@debevoise.com

*admitted *pro hac vice*

*Counsel for Syncora Guarantee Inc.*

18