UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

        Debtors.[1]

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

MEMORANDUM ORDER DENYING URGENT MOTION FOR RELIEF FROM STAY
TO CONTINUE EMPLOYMENT DISCRIMINATION CASE (DOCKET ENTRY NO. 5160)

Before the Court is the *Urgent Motion for Relief from Stay to Continue*

*Employment Discrimination Case* (Docket Entry No. 5160 in Case No. 17-3283, the "Motion")

filed by Antonio Cosme-Calderon ("Movant") for relief from the automatic stay imposed by the

filing of the above-captioned Title III case on an employment discrimination and retaliation case

captioned <u>Cosme-Calderon v. Cuerpo de Emergencias Médicas del E.L.A. de Puerto Rico et al.</u>,

Case No. 3:16-cv-02516-GAG (the "Litigation"), which is currently pending in the United States

District Court for the District of Puerto Rico (the "District Court").  For the following reasons,

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Motion is denied because Movant has not demonstrated that "cause" exists to lift the automatic stay.

## BACKGROUND

Movant is a paramedic and employee of Puerto Rico's Cuerpo de Emergencias Médicas ("CEM").  On August 22, 2016, Movant commenced the Litigation against the Commonwealth of Puerto Rico (the "Commonwealth"), CEM, the Puerto Rico Health Department, and Martha D'Plana Collazo in her official capacity as Regional Supervisor for CEM (collectively, "Defendants").  Movant seeks compensation for all damages, including back pay, compensatory damages, costs, expenses, and attorney's fees, suffered as a result of Defendants' alleged violations of the Americans with Disabilities Act and related Commonwealth statutes.  (See Complaint at 11, Cosme-Calderon v. Cuerpo de Emergencias Médicas del E.L.A. de Puerto Rico et al., Case No. 3:16-cv-02516-GAG (D.P.R. Aug. 22, 2016), Docket Entry No. 1.)  On June 29, 2017, the Commonwealth filed a *Notice of Automatic Stay of Proceedings Pursuant to Commencement of Case Under Title III of PROMESA* requesting that the District Court take notice of the automatic stay under the Commonwealth's Title III case as applicable to the Litigation.  (Mot. ¶ 2.)  The District Court entered an order staying the Litigation on July 6, 2017.

Movant filed the instant Motion on February 19, 2019, seeking relief from the automatic stay to allow the continuation of the Litigation pending in the District Court.  Movant argues that his claims should be excluded from the Title III restructuring proceedings in this Court given that the Litigation will have "very little or no effect" on the Commonwealth's Title III case, and that the conditions of his employment are unrelated to any debt owed by the

Commonwealth to its creditors.  (Mot. ¶ 3.)  Movant also argues that the merits of his claims should be adjudicated by the District Court given that the District Court has "knowledge of the facts" and that the Litigation does not raise any questions of bankruptcy law.  (Id. ¶¶ 3, 6.) Movant further asserts that the continuation of the Litigation in the District Court "will not tie up significant estate assets that may be used to satisfy creditors' claims, nor interfere with distribution of assets."  (Id. ¶ 6.)

In the *Objection of the Commonwealth to Urgent Motion for Relief from Stay to Continue Employment Discrimination Case Filed by Antonio Cosme Calderón* (Docket Entry No. 5380 in Case No. 17-3283, the "Objection"), the Commonwealth argues that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay.  (Obj. ¶ 6.)  Specifically, the Commonwealth asserts that Movant's claims can be resolved through the centralized claims resolution process that will proceed in connection with the Commonwealth's Title III case, that modification of the stay to allow the resolution of Movant's claim in a separate proceeding would interfere with the centralized claims resolution process, that the Commonwealth would be required to expend considerable time and expense in connection with the Litigation to the detriment of the Commonwealth's other creditors, and that, due to the preliminary stage of the Litigation, the interests of judicial economy weigh against stay relief.  (Id. ¶¶ 13, 14, 25, and 27.)

The Court has carefully considered all of the submissions.

## DISCUSSION

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from

the automatic stay "for cause."  To determine whether cause exists to lift the bankruptcy stay,

courts in this district examine the factors first enumerated by the United States Court of Appeals

for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)

("Sonnax").  See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F.

Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).  Of particular relevance to the instant case are

the following factors identified in the Sonnax decision: a "lack of any connection with or

interference with the bankruptcy case," "whether litigation in another forum would prejudice the

interests of other creditors," "the interests of judicial economy and the expeditious and

economical resolution of litigation," "whether the parties are ready for trial in the other

proceeding," and the "impact of the stay on the parties and the balance of harms."  Sonnax, 907

F.2d at 1286.

   Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with

respect to the continuation of the Litigation.  Movant acknowledges that his claims lack any

connection to the financial restructuring issues in the Commonwealth's Title III case.  Lifting or

modifying the automatic stay would compel the Commonwealth to divert its limited resources to

defend against the Litigation and would potentially disrupt the claims resolution process

established by the Bankruptcy Code and incorporated into PROMESA.  Movant's unsecured

claims for monetary relief can instead be liquidated and addressed through the centralized claims

resolution process.  In addition, the recommencement of the Litigation would not result in an

expeditious or economical resolution of Movant's claims given the preliminary stage of the

Litigation.  Substantial progress, including discovery, remains necessary in order for the

Litigation to be "ready for trial."  Finally, Movant has not demonstrated that the harm from

resolution of his claims through the claims process would outweigh the burden that would accrue to the Commonwealth or to its creditors by continuation of the Litigation in the District Court.

Accordingly, the Court concludes that Movant has not demonstrated that cause exists for the automatic stay to be lifted to allow the Litigation to proceed.

CONCLUSION

For the foregoing reasons, the Motion is denied.  The automatic stay continues in place as against all defendants in the Litigation.  See 11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves Docket Entry No. 5160 in Case No. 17-3283.


SO ORDERED.

Dated: March 19, 2019

                                               /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge