# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Puerto Rico

In re: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al., and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Debtors.
   *Plaintiff*
   v.
   *Defendant*

Civil Action No. 17-bk-3283; 17-bk-3566

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Financial Oversight and Management Board for Puerto Rico

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: DELGADO & FERNÁNDEZ, LLC<br>1001 San Roberto Street, Moncillos Ward<br>San Juan, Puerto Rico | Date and Time:<br>03/06/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/4/19

_____     OR     _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*
       CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Movants identified in Exhibit B
Sparkle L. Sooknanan, 51 Louisiana Ave NW, Washington DC 20001, ssooknanan@jonesday.com, 1.202.879.3435

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Specification Of Documents To Be Produced by Financial Oversight and Management Board for Puerto Rico

Subject to the following Definitions, Instructions, and Scope of this Exhibit A, produce no later than March 6, 2019:

1. All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

(a) May 21, 2017,

(b) June 30, 2017,

(c) August 23, 2017, and

(d) today.

2. Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

3. All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

4. All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

5. All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

6. All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

## DEFINITIONS

1. Defendants incorporate by reference the definitions and rules of construction set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York.

2. "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and its Affiliates.

3. "Act 106-2017" means the legislation enacted by the Legislative Assembly of the Government of Puerto Rico on August 18, 2017, and signed by the Governor of Puerto Rico into law on August 23, 2017.

4. "Adequate Protection" means the legal right described in 11 U.S.C. § 361.

5. "Affiliate" means any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person. "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives.

6. "Analysis" means any analysis, breakdown, estimate, financial plan, forecast, model, opinion, prediction, projection, proposal, or review.

7. "Commonwealth" means the Commonwealth of Puerto Rico and its Affiliates, exclusive of any Affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury.

8. "Communication" has the same definition set forth in SDNY LR 26.3(c)(1).

9. "Concerning" has the same definition set forth in SDNY LR 26.3(c)(7).

10. "Contributions" means Payments by the Commonwealth or Non-Commonwealth Employers to the ERS. "Contributions" includes (a) past Payments, (b) pending Payments, (c) obligations to make future Payments, (d) Payments, whether due in the past or becoming due in the future, that are required by law, (e) Payments that are held by the Fiscal Agent or any other third party, and (f) Employers' Contributions.

11. "Document" has the same definition set forth in SDNY LR 26.3(c)(2).

12. "Employers" means the Commonwealth and Non-Commonwealth Employers.

13. "Employers' Contributions" has the meaning ascribed to it in the ERS Bond Resolution.

14. "Enabling Act" means Puerto Rico Act No. 447-1951 (codified, as amended, at 3 L.P.R.A. §§ 761-788).

15. "Entity" means any legal entity including, without limitation, a limited liability company, corporation, trust, general partnership, limited partnership, sole proprietorship, professional corporation, limited liability partnership, professional association, joint venture, non-profit organization, memberships, trust, living trust, or testamentary trust.

16. "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto RICO.

17. "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental Resolutions.

18. "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

19. "ERS Bondholders" means persons or entities who are or have been the beneficial holders of ERS Bonds.

20. "ERS Bondholders' Security Interest" means the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations.

21. "Fiscal Agent" has the meaning ascribed to it in the ERS Bond Resolution.

22. "FOMB" means the Financial Oversight and Management Board for Puerto Rico, constituted under and pursuant to PROMESA, and its Affiliates.

23. "Including" shall be construed to mean "without limitation."

24. "Joint Resolution 188" means the Joint Resolution of the Legislative Assembly of the Government of Puerto Rico, passed on June 25, 2017, and adopted by the FOMB on behalf of the Governor of Puerto Rico on June 30, 2017.

25. "Lien" has the meaning ascribed to it in the Bankruptcy Code.

26. "Non-Commonwealth Employers" means entities other than the Commonwealth that make Employers' Contributions to the ERS.

27. "Payment" means the transfer of money or other thing of value.

28. "Person" has the same definition set forth in SDNY LR 26.3(c)(6).

29. "PROMESA" means the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. No. 114-187, 130 Stat. 549 (2016), *codified at* 48 U.S.C. § 2101, *et seq.*

30. "Pledged Property" has the meaning assigned to it in the ERS Bond Resolution.

31. "SDNY LR" means the Local District Rules for the United States District Court for the Southern District of New York.

32. "You" or "Your" means each person to whom this document request is directed, and any Affiliate of such person.

## INSTRUCTIONS

1. The Documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the Document request.

2. Any Document that exists in electronic format shall be produced in its native format, including (a) all versions and revisions of the Document, (b) all metadata associated with that

4

Document, (c) all related information required to access or review that Document, and (d) Documents stored electronically shall be produced in electronic format in both native and standard production format including a load file with optical character recognition and single page tiff files. If a Document exists in both physical (i.e., "hard copy") form and electronic form, the Document shall be produced in both forms.

3. The duty to produce Documents shall not be limited or affected by the fact that the same Document is available through another source. All Documents not subject to an objection and known by, possessed or controlled by, or available to You or any of Your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents, shall be produced.

4. Defendants incorporate by reference SDNY LR 26.2 with respect to Your obligations concerning any claim of privilege You assert in objecting to complying with this document request.

5. For any Document requested that has been destroyed, lost, mislaid, or is otherwise missing, specify:

(a) the type of Document;

(b) a description of the nature and contents of the Document;

(c) the identity of the author;

(d) the circumstances under which it ceased to exist;

(e) the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

(f) the identity of all Person(s) who had knowledge of the contents.

6. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are

directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information without delay.

7. Each request herein should be construed independently and not with reference to any other request for the purpose of limitation.

8. Every request for information directed to or Concerning a particular Entity shall include the Entity as defined, as well as any Person or Persons acting in a representative capacity, including partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, rating agencies, or any other Person or Persons acting on its or their behalf.

## SCOPE

Except as otherwise specified, each document request herein requires You to produce all responsive Documents generated on or after June 30, 2016 through the date hereof that are within Your possession, custody or control, including (a) Documents that are in the hands of a third party over whom You have the power to obtain or compel access, (b) Documents that are stored in any medium whatsoever and (c) information stored in intangible form that can be converted or reduced to tangible form.

**Exhibit B**

Andalusian Global Designated Activity Company
Glendon Opportunities Fund, L.P.
Mason Capital Master Fund, LP
Oaktree-Forrest Multi-Strategy, LLC (Series B)
Oaktree Opportunities Fund IX, L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.
Oaktree Value Opportunities Fund, L.P.
Ocher Rose, L.L.C.
SV Credit, L.P.
Puerto Rico AAA Portfolio Bond Fund, Inc.
Puerto Rico AAA Portfolio Bond Fund II, Inc.
Puerto Rico AAA Portfolio Target Maturity Fund, Inc.
Puerto Rico Fixed Income Fund, Inc.
Puerto Rico Fixed Income Fund II, Inc.
Puerto Rico Fixed Income Fund III, Inc.
Puerto Rico Fixed Income Fund IV, Inc.
Puerto Rico Fixed Income Fund V, Inc.
Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.
Puerto Rico Investors Bond Fund I
Puerto Rico Investors Tax-Free Fund, Inc.
Puerto Rico Investors Tax-Free Fund, Inc. II
Puerto Rico Investors Tax-Free Fund III, Inc.
Puerto Rico Investors Tax-Free Fund IV, Inc.
Puerto Rico Investors Tax-Free Fund V, Inc.
Puerto Rico Investors Tax-Free Fund VI, Inc.
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.
Tax-Free Puerto Rico Fund, Inc.
Tax-Free Puerto Rico Fund II, Inc.
Tax-Free Puerto Rico Target Maturity Fund, Inc.