# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>      Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>X | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>      Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>X | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 367** |

**DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, hereby serves this First Set of Requests for Production of Documents on Movants on the *Urgent Motion to Expedite Consideration of the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (collectively, the "Bondholders" or "Movants"), and requests that Bondholders serve written responses and objections, and produce the Documents described below at the offices of Proskauer Rose LLP, Attn: Margaret A. Dale, Eleven Times Square, New York, New York 10036, in the manner prescribed below.

## DEFINITIONS

1. The following terms shall have the meanings set forth whenever used in any request.

2. The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2

4. "Bondholders," "Movants," "You" or "Your" means and refers to the Bondholders, individually and collectively, as well as their respective affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf.

5. "Commonwealth" is defined as the Commonwealth of Puerto Rico.

6. "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form. In producing any Document in response to any of the Document Requests, You shall produce (i) all drafts of any responsive Documents, and (ii) all marked, annotated, or non-identical copies of any responsive Documents.

3

8.  "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

9.  The "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

10. "Including" means including, but not limited to, the referenced subject.

11. "Lift Stay Motion" means the motion filed by the Bondholders in the ERS Title III Case, entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*. ERS Title III Case, D.I. 289 (July 3, 2018).

12. "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

13. "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

**INSTRUCTIONS**

1.  All terms defined above shall have the meanings set forth therein, whether capitalized in these requests or not.

2.  All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests for Production.

3.  The use of the singular form of any word shall include the plural and vice versa.

4

4. These Document Requests are continuing requests pursuant to Federal Rule of Civil Procedure 26(e), made applicable to this matter under Federal Rule of Bankruptcy Procedure 7026 and Section 310 of PROMESA (48 U.S.C. § 2170). You shall supplement any production of Documents made in response to any of the following Document Requests and produce promptly any and all responsive Documents that are received, discovered, or created after any of your responses to these Document Requests, or that are otherwise within your possession, custody, or control (or within the possession, custody, or control of anyone acting on your behalf).

5. These Document Requests apply to all Documents in Your possession, custody, or control, and include Documents, wherever located, within the possession, custody, or control of Your advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, subsidiaries, and other persons acting or who have acted on behalf of the foregoing entities or individuals referenced in this instruction.

6. If an objection is made to any Document Request or a portion thereof, the objection shall state with specificity all grounds for such objection.

7. If You object to any part of any of the Document Requests, You shall produce all Documents that are responsive to the portions of any of the Document Requests to which the objection does not apply pending the resolution of any such objections and state whether any responsive materials are being withheld on the basis of each such objection.

8. Documents are to be produced in their entirety without abbreviation or expurgation. In making Documents available, all Documents which are physically attached to each other in files shall be made available in that form. Documents which are segregated or separated from other Documents, whether by inclusion in binders, files, sub-files, or by use of

5

dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

9.     If responsive information appears on one or more pages of a multi-page Document, provide the entire Document, including any exhibits or attachments thereto.  Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked or redacted prior to production.

10.    If You contend that any Document Request herein contains material that is subject to the attorney-client privilege, work-product protection or any other legal privilege or protection, identify the specific grounds on which you are asserting a privilege or protection, and on whose behalf the privilege or protection exists.

11.    If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted Documents.

12.    In the event that any Document called for by these Document Requests has been destroyed or discarded, that Document is to be identified in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown, or explained; (e) its date of destruction

or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

13. In producing Documents, all Documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, sub-files, or by use of dividers, tabs, or any other method, shall be left so segregated or separated when produced in response to these Document Requests. Documents shall be produced in the order in which they were maintained and in the file where found. If no Document exists that is responsive to a particular request, you shall so state in writing.

14. Debtor reserves its right to serve supplemental Document Requests.

**DOCUMENT REQUESTS**

1. All Documents that support, refute, or otherwise relate to Your allegation, in Paragraph 25 of the Lift Stay Motion, that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of Movants' collateral."

2. All Documents identifying security interests or liens in any funds or receivables of the Commonwealth, to the extent You assert such security interests or liens exist.

3. All Documents relating to any actions by ERS or the Commonwealth that affected the value of Your collateral since May 21, 2017, to the extent such Documents are not produced in response to another Request.

4. All Documents relating to the due diligence performed by You in connection with the issuance(s) of the ERS Bonds.

5. All Documents and Communications relating to (a) the possible reduction in the Employer Contribution rate, or (b) other changes in existing law that would adversely affect the amount of Employer Contributions.

6. All Documents upon which You relied or to which You referred in preparing Your answers to the Debtor's First Set of Interrogatories.

7. All Documents related to the valuation of Your collateral or Pledged Property, to the extent such Documents are not produced in response to another Request.

Dated: February 27, 2019  
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
Jeffrey W. Levitan (*pro hac vice*)  
Margaret A. Dale. (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  
Email: mbienenstock@proskauer.com  
Email: brosen@proskauer.com  
Email: klevitan@proskauer.com  
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897  
Carolina, Puerto Rico 00984-9897  
Tel. 787.977.1932  
Fax. 787.722.1932  
dvelawoffices@gmail.com

OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC  
434 Avenida Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/ 763-0565  
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 27, 2019, I caused a copy of the foregoing *Debtor's First Set of Requests for Production of Documents to Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036

Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2019, at New York, New York.

*/s/ Carl Mazurek*
Carl Mazurek

11