# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>    as representative of <br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.* <br><br>    Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA <br> Title III <br><br> Case No. 3:17-bk-03283 (LTS) |
| In re: <br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO <br><br>    as representative of <br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, <br><br>    Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) x | PROMESA <br> Title III <br><br> Case No. 3:17-cv-01685 (LTS) <br> Case No. 3:17-bk-03566 (LTS) |

**REQUESTS FOR ADMISSION TO THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 36 of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by 48 U.S.C. § 2170, Movants[1] hereby demand that the Commonwealth of

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed

Puerto Rico admit or deny the requests for admission, under oath, in writing and in accordance with the definitions and instructions set forth herein.

## DEFINITIONS AND INSTRUCTIONS

1. The term "Act 106" means the *Law to Guarantee payment to our Pensioners and Establish a New Plan for Defined Contributions for Public Servants*, Law No. 106-2017.

2. The term "Beneficiary" means any person that receives a Benefit or Benefits.

3. The term "Benefit" means any payment, pension, annuity or benefit, as contemplated by Act 106 or the *Employees Retirement System of the Commonwealth of Puerto Rico*, Law No. 447 of May 15, 1951, as amended.

4. The term "Bonds" has the meaning ascribed to it in the ERS Bond Resolution.

5. The term "Commonwealth" means the Commonwealth of Puerto Rico and its affiliates. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, Department of Treasury, and the Puerto Rico Fiscal Agency and Financial Advisory Authority.

6. The term "Employer" or "Employers" has the meaning ascribed to it in the ERS Bond Resolution.

7. The term "Employers' Contributions" has the meaning ascribed to it in the ERS Bond Resolution.

8. The term "ERS" means The Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

9. The term "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental

---

Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

Resolutions.

10. The term "Fiscal Agent" has the meaning ascribed to it in the ERS Bond Resolution.

11. The term "Joint Resolution 188" means *House Concurrent Resolution 188*.

12. The term "Pay-Go Fees" means any payment made under Act 106 or Joint Resolution 188.

13. The term "Prepetition Segregated Account" shall mean the prepetition segregated account established pursuant to the *Order and Stipulation* dated January 17, 2017.

14. The term "Treasury of the Commonwealth of Puerto Rico" shall mean the General Fund or general account of the Treasury of the Commonwealth of Puerto Rico or any "Accumulated Pensions Payment Account" created under the auspices of the Puerto Rico Treasury Department. For the avoidance of doubt, the Treasury of the Commonwealth of Puerto Rico shall exclude any account maintained in the name of ERS.

15. The term "You" means the Commonwealth.

16. Unless otherwise specified, the time period covered by these Requests is from May 21, 2017, to the present.

17. If you cannot admit or deny any matter in any Request, you must explain in detail the reasons why you cannot truthfully admit or deny the matter and state whatever information or knowledge you have about the unanswered portion of such Request.

18. If you cannot admit or deny any Request in full after exercising due diligence to secure the information to do so, admit or deny to the extent possible and explain why you are unable to provide a complete answer. State whatever information or knowledge you have about the unanswered portion of any Request.

19. You shall supplement your response if you come into possession, custody, or control of responsive information between the time of your initial response and the time of hearing on the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566].

3

20. If you claim that any Request is unanswerable because the responsive information is privileged or immune from discovery, then you shall respond to the Request to the extent to which it is not objected and explain the grounds upon which the objection is based by providing the full identification of the withheld document, things, or portions thereof, including:

   a. the date of the privileged communication;
   b. the identity of all persons who prepared, signed, and/or were involved with the privileged communication;
   c. the general nature of the document or thing (*e.g.*, letter, photograph, etc.);
   d. a summary of its contents or its general subject matter;
   e. the identities of all persons to whom the thing, document, or copies thereof were circulated or its contents communicated; and
   f. the specific grounds for not responding in full, including the nature of the privilege (*e.g.*, attorney-client privilege, work product) or other rule of law relied upon to withhold the responsive information, and the facts supporting those grounds.

21. Information requested in these Requests shall include information within the knowledge or possession of the Commonwealth, any other persons, firms, or entities directly or indirectly subject to the Commonwealth's control in any way whatsoever, or any person who has made this information to the Commonwealth. The Commonwealth is requested to make reasonable and diligent efforts to obtain such information and to describe such efforts and the results thereof in its answers if the information is not provided.

22. All definitions and rules of construction contained in the Federal Rules, the Federal Rules of Evidence and/or the Bankruptcy Rules are incorporated herein by reference as if and fully set forth herein.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Joint Resolution 188 and Act 106 directed ERS to sell its assets.

**REQUEST FOR ADMISSION NO. 2:**

Admit that ERS sold its assets.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Joint Resolution 188 and Act 106 directed ERS to transfer the net cash proceeds from the sale of its assets into the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the net cash proceeds from the sale of ERS's assets have been transferred into the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ERS Bond Resolution provides that Employers' Contributions are to be paid to the Fiscal Agent.

**REQUEST FOR ADMISSION NO. 6:**

Admit that since May 2017 and continuing to this date, Employers' Contributions have not been paid to the Fiscal Agent.

**REQUEST FOR ADMISSION NO. 7:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers that previously paid Employers' Contributions have instead been paying Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 8:**

Admit that since on or about July 1, 2017 and continuing to this date, the Commonwealth has paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 9:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers other than the Commonwealth have paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico have been commingled with the Treasury's other funds.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico are in non-trust accounts owned by the Commonwealth.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Commonwealth has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Fiscal Oversight and Management Board for Puerto Rico has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the funds being used now to provide Benefits to Beneficiaries are being drawn from the Treasury of the Commonwealth of Puerto Rico.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Pay-Go Fees are not being used to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Commonwealth has no present intention to use Pay-Go Fees to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the amount of funds in the Prepetition Segregated Account have declined in value since May 21, 2017.

**REQUEST FOR ADMISSION NO. 18:**

Admit that as of on or about July 21, 2018, there were zero funds in the Prepetition Segregated Account.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to July 1, 2017, Employers' Contributions had been the ERS's largest source of income.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Joint Resolution 188 provides for the dissolution of ERS.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Act 106 provides for the dissolution of ERS.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Commonwealth collected more than $1.8 billion in Pay-Go Fees from July 2017 to November 2018 from the Central Government, Public Corporations and Municipalities.

[*Signatures on Next Page*]

Dated: February 27, 2019

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Management, LLC, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

8

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Jason Zakia |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*