# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 367** |

**DEBTOR'S FIRST SET OF INTERROGATORIES TO CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this matter pursuant to Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), Plaintiff Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, hereby demands that Movants on the *Urgent Motion to Expedite Consideration of the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (collectively, the "Bondholders" or "Movants") answer the following Interrogatories in writing and under oath, subject to the penalties of perjury, on or before March 6, 2019.

**DEFINITIONS**

1. The following definitions and instructions are to be used in responding to these Interrogatories.

2. The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. "Bondholders," "Movants," "You" or "Yours" means the Bondholders, individually and collectively, as well as their respective affiliates, predecessors, successors,

2

partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf.

5. "Commonwealth" means the Commonwealth of Puerto Rico.

6. "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form.

8. "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

9. "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

10. "Identify" means to identify the information requested in a complete and specific fashion so as to avoid any ambiguity or vagueness and to ensure that Your answer is in no way incomplete or misleading.

11. "Including" means including, but not limited to, the referenced subject.

12. "Lift Stay Motion" means the motion filed by the Bondholders in the ERS Title III Case, entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*. ERS Title III Case, D.I. 289 (July 3, 2018).

13. "Pledged Property" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution. Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

14. "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

15. "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

## INSTRUCTIONS

1. All terms defined above shall have the meanings set forth therein, whether capitalized in these Interrogatories or not.

2. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Interrogatories.

3. The use of the singular form of any word shall include the plural and vice versa.

4. These Interrogatories will be deemed continuing and will require immediate further supplemental production if You receive, discover, or generate additional information after first responding to these Interrogatories, pursuant to Bankruptcy Rule 7026. If any such additional information or any portion of such information is withheld from Your response upon a claim of privilege or for any other reason, You must promptly serve a written identification of each claim or privilege or other objection asserted, stating with specificity all grounds for such objection.

5. These Interrogatories are addressed to You. If the requested information is known to You to exist, but it is not in Your possession, custody, or control, You shall so indicate or produce information and/or Documents that show the name of the person or entity in whose custody such information presently resides. You are required to respond separately and fully to each Interrogatory.

6. In responding to these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed directly by You, Your agents, employees, attorneys, any other persons directly or indirectly employed by or connected with You, anyone else subject to Your control or in any manner affiliated with You.

7. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge or belief You have concerning the unanswered portion.

8. If You do not possess information to answer an Interrogatory, You are under a duty to make reasonable efforts to obtain such information.

9. If an objection is made to any Interrogatory or a portion thereof, the objection shall state with specificity all grounds for such objection.

10. If You contend that any Interrogatory herein calls for any information that is subject to the attorney-client privilege, work-product protection or any other legal privilege or protection, identify the specific grounds on which You are asserting a privilege or protection, on whose behalf the privilege or protection exists, and each person whom You know or believe has knowledge of such information.

11. If You encounter any ambiguity in construing an Interrogatory or a definition or instruction relevant to an Interrogatory, set forth the matter deemed ambiguous and set forth the construction chosen or used in responding to the Interrogatory.

12. Unless otherwise stated, these Interrogatories are without time limit.

## INTERROGATORIES

1. State the basis for Your allegation, in Paragraph 25 of the Lift Stay Motion, that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of Movants' collateral," including (a) each such action taken by ERS, together with the amount of decrease in the value of Your collateral that resulted from the action, and (b) each such action taken by the Commonwealth, together with the amount of decrease in the value of Your collateral that resulted from the action.

2. State the date(s) on which You purchased ERS Bonds.

3. Identify Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

4. Identify Your collateral or Pledged Property as of today.

5. State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

6. State the value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

7. State the mark-to-market value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

8. State the value of Your collateral or Pledged Property as of today.

9. State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property.

10. Identify the witnesses You intend to present at the hearing scheduled for March 22, 2019.

11. Identify the exhibits and Documents You intend to present in Your case in chief.

7

Dated: February 27, 2019  
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
Jeffrey W. Levitan (*pro hac vice*)  
Margaret A. Dale. (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  
Email: mbienenstock@proskauer.com  
Email: brosen@proskauer.com  
Email: klevitan@proskauer.com  
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897  
Carolina, Puerto Rico 00984-9897  
Tel. 787.977.1932  
Fax. 787.722.1932  
dvelawoffices@gmail.com

OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC  
434 Avenida Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/ 763-0565  
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2019, I caused a copy of the foregoing *Debtor's First Set of Interrogatories to Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200
Fax: (212) 354-8113

9

jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2019, at New York, New York

*/s/ Carl Mazurek*
Carl Mazurek