# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) ) | PROMESA Title III |
| | ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) ) ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) ) ) | |
| Debtor. | ) ) ) X | |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) ) | PROMESA Title III |
| as representative of | ) ) ) | Case No. 17-cv-01685 (LTS) Case No. 17-bk-03566 (LTS) |
| | ) | **Re: ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) ) | |
| Debtor. | ) ) X | |

**DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSION TO CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rules 7026, 7036 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this contested matter pursuant to Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), Plaintiff Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, hereby demands that Movants on the *Urgent Motion to Expedite Consideration of the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (collectively, the "Bondholders" or "Movants") answer the following Interrogatories in writing and under oath, subject to the penalties of perjury, on or before March 6, 2019.

**DEFINITIONS**

1. The following definitions and instructions are to be used in responding to these Interrogatories.

2. The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. "Bondholders," "Movants," "You" or "Your" means and refers to the Bondholders, individually and collectively, as well as their respective affiliates, predecessors,

2

successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf.

    5.    "Commonwealth" means the Commonwealth of Puerto Rico.

    6.    "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

    7.    "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form. In producing any Document in response to any of the Document Requests, you shall produce (i) all drafts of any responsive Documents, and (ii) all marked, annotated, or non-identical copies of any responsive Documents.

    8.    "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

3

9. "ERS Enabling Act" refers to Act No. 447-1951 (codified, as amended, at 3 L.P.R.A. §§ 761-788), creating ERS as a trust established by the Commonwealth of Puerto Rico.

10. "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

11. "January Stipulation" means the joint stipulation entered into, and subsequently ordered by the District Court, in *Altair Global Credit Opportunities Fund (A), L.L.C. v. Garcia-Padilla*, No. 16-cv-2696 ("*Altair*"). *See Altair*, D.I. 83 (Jan. 17, 2017).

12. "July Stipulation" means the joint stipulation entered into, and subsequently ordered by the District Court, in the ERS Title III Case, entitled *Joint Stipulation Regarding (I) Motion of Certain Secured Claimholders of Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Adequate Protection and Stay Relief and Reservation of Rights and (II) Motion of Debtors Pursuant to PROMESA Section 301(a) and Bankruptcy Code Sections 105(a), 362(a), 365, and 922 for Entry of an Order Confirming Application of the Automatic Stay, Stay of Prepetition Lawsuits and Actions and Application of Contract Protections*. *See* ERS Title III Case, D.I. 170 (July 14, 2017).

13. "Including" means including, but not limited to, the referenced subject.

14. "Offering Statement" means any of the offering statements for the ERS Bonds.

15. "Pay-Go System" means the system for funding the Commonwealth's pension system established through the Pay-Go Legislation.

16. "Pay-Go Legislation" means Joint Resolution 188 (passed by the Legislative Assembly of Puerto Rico on June 25, 2017) and Act 106-2017 (signed by the Governor of Puerto Rico on August 23, 2017), which together established the Pay-Go System.

17. "Pledged Property" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution. Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

18. "Postpetition Segregated Account" means the segregated account, created by ERS pursuant to the July Stipulation, into which approximately $92 million was deposited by ERS and segregated for the benefit of the ERS Bondholders, pending the outcome of the adversary proceeding titled *The Employees Retirement System of the Government of the Commonwealth of Puerto Rico v. Altair Global Credit Opportunities Fund (A), LLC, et al.*, 17-ap-213 (the "Lien Avoidance Action").

19. "Prepetition Segregated Account" means the segregated account, created by ERS pursuant to the January Stipulation, into which Employers' Contributions received by ERS were deposited during the pendency of the initial PROMESA stay.

20. "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

21. "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

## INSTRUCTIONS

1. All terms defined above shall have the meanings set forth therein, whether capitalized in these Requests for Admission or not.

2. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests for Admission.

3. The use of the singular form of any word shall include the plural and vice versa.

4. If an objection is made to any Request for Admission or a portion thereof, the objection shall state with specificity all grounds for such objection.

5. Unless otherwise stated, these Requests for Admission are without time limit.

6. These Requests for Admission are continuing in nature.

## REQUESTS FOR ADMISSION

1. Admit that You made one or more inquiries, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions" as set forth on page 26 of the Offering Statement.

2. Admit that You did not make any inquiries, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

3. Admit that You requested at least one Document, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

4. Admit that You did not request any Documents, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's

6

ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

5. Admit that the Resolution provides that Your alleged security interest would only attach if and when the contributions were received by ERS or its Fiscal Agent. Resolution § 501.1 & Exh. VI-33, VI-36.

6. Admit that You are not alleging that any funds have been transferred from the Postpetition Segregated Account since it was established.

7. Admit that the basis for Your asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth.

8. Admit that the collateral for Your asserted secured claim at the Commonwealth is limited to receivables under the Pay-Go System from employers other than the Commonwealth who previously made Employer Contributions to ERS.

9. Admit that the value of the collateral securing Your asserted secured claim at the Commonwealth exceeds the amount of your claim.

10. Admit that as of July 1, 2017, ERS stopped receiving Employers' Contributions due to the Commonwealth's adoption of the Pay-Go System.

11. Admit that Your claims are payable solely from Pledged Property.

12. Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of the automatic stay.

13. Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of the use of collateral or Pledged Property under Section 363 of the Bankruptcy Code.

14. Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of liens granted under Section 364 of the Bankruptcy Code.

15. Admit that the alleged diminution in value of Your collateral or Pledged Property is the result of the implementation of the Pay-Go Legislation.

16. Admit that the Commonwealth is not liable to make any interest payments on the ERS Bonds.

17. Admit that you do not have a perfected security interest in any cash of ERS or any assets of ERS acquired with cash.

Dated: February 27, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale. (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2019, I caused a copy of the foregoing *Debtor's First Set of Requests for Admission to Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200
Fax: (212) 354-8113

10

jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

  I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2019, at New York, New York

*/s/ Carl Mazurek*
Carl Mazurek