# EXHIBIT R

| | |
|---|---|
| **From:** | Pocha, Madhu <mpocha@omm.com> |
| **Sent:** | Monday, March 4, 2019 8:01 PM |
| **To:** | Sooknanan, Sparkle L.; Papez, Matthew E.; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth; wdalsen@proskauer.com; Dale, Margaret A.; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; jzakia@whitecase.com; csloane@whitecase.com |
| **Subject:** | RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 |

Sparkle,

We ask that you propose revisions to the search string we sent or propose different terms if they are not satisfactory to you and your clients.  This is the process we followed in 2017 when Movants last sought discovery from ERS; Movants proposed terms and revisions and we worked with Movants to limit the volume and burden of the review.  The absence of a constructive response, combined with the burden of the requests (which are of questionable relevance at best) and the fact that virtually everything requested is likely to be subject to an applicable privilege suggests that the Bondholders are not seeking a reasonable resolution of these issues.

Below are responses to the points in the order listed in your email:

1. Regarding "Movants' document requests #1-2," we assume you are referring to RFPs 1 and 2 served on ERS and the Commonwealth, and not RFPs 1 and 2 in the AAFAF subpoena.  If that is incorrect, let us know.  RFP 1 in the ERS and Commonwealth sets seeks "All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates: (a) May 21, 2017, (b) June 30, 2017, (c) August 23, 2017, and (d) today."  RFP 2 in the ERS and Commonwealth sets seeks "Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code."

   Without waiving any objections to these (or any other) requests, we have begun collecting financial information sufficient to show the value and state of ERS's assets and finances for the relevant time period.  If you take the position that such information is not sufficient and a custodian email review is necessary for RFPs 1 and 2, please propose terms that will capture what Movants want.

2. We proposed a limiter of "w/10 ((employer* w/2 contribution*) OR aportaciones)" because it is was our understanding, based on the parties' March 1, 2019 meet and confer call, that Movants wanted us to focus our search on documents relating to the effect of Joint Resolution 188 and Act 106 on Employers' Contributions.  If the limiter is not adequate, please propose revisions and terms that will capture what Movants want.

3. Regarding terms referring to Joint Resolution 188 and Act 106, we are aware of one additional term that could be added: SB 603.  We are not aware of other terms that might capture the new system but, again, feel free to propose revisions.

4. Regarding the date range, without waiving any burden objections we may have depending on hit counts and document volume, we will run a hit count with the end date range of October 1, 2017.  But please let us know the basis for your belief that "the initial discussions of the plan that eventually became Joint Resolution 188 and Act 106 occurred as early as April 2016" so that we can assess whether the earlier date range is appropriate and necessary here.  It is our understanding that responsive materials are most likely from 2017, not 2016.  Using a start date of April 1, 2016 would require collecting and reviewing files from individuals in the prior administration and is not likely possible on such a short schedule.  To expedite this process, please let us know if you are aware of particular individuals who were involved in such discussions.

5. As noted in our email from earlier today, we are working to identify custodians for the Commonwealth.  Clarity on the items above, especially #4, would facilitate identifying the appropriate custodians.

Thanks,

Madhu