# EXHIBIT S

| | |
|---|---|
| **From:** | Sooknanan, Sparkle L. |
| **Sent:** | Tuesday, March 5, 2019 11:37 AM |
| **To:** | mpocha@omm.com; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth; wdalsen@proskauer.com; Dale, Margaret A.; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. |
| **Subject:** | RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 |

Madhu,

As an initial matter, your position that we are not seeking a reasonable resolution of both sides' discovery is both incorrect and plainly contradicted by our efforts over the past several days. To be clear, during a meet and confer at 4:30 on Thursday (February 28), both sides agreed to propose search terms with a goal of finalizing those terms by noon the following day. We met that deadline and proposed our search terms. The Debtors, however, did not send us their proposed search terms on Friday, Saturday, or even Sunday. We then raised the issue of the Debtors' search terms again during our call on Sunday afternoon, and you committed to send them to us on Sunday evening. In fact, we did not receive Debtors' proposed search terms until after noon on Monday—after we asked you, again, to send them. Then, notwithstanding the Debtors' 3-day delay in sending us your proposed search terms, we quickly evaluated them, saw that they were plainly insufficient, and let you know our position.

As for your complaint that we did not offer alternative search terms, we have been and remain willing to work with you on search terms, but your initial proposed search terms fall well short of what would be needed to conduct a reasonable search of the Debtors' documents. Accordingly, although we offer the below particular responses to the issues you raise, you and your clients will have more familiarity that we do with their own communications practices, and it is therefore your obligation—not ours—to propose terms that will have a reasonable likelihood of hitting on responsive documents. In addition, as we discussed on Sunday's call, notwithstanding the use of search terms, you are still obligated to search hard copy files and other materials that are responsive to our document requests. The use of search terms to facilitate responsive emails and other electronic records does not relieve you of your underlying discovery obligations.

- RFP 1:  at this point, we will accept your proposal to produce documents sufficient to show the value of the property subject to the ERS Bondholders' Security Interest, but this agreement is subject to our review of the documents you produce to ensure that they really are sufficient to show the value of the collateral.

- RFP 2:  documents sufficient to show will not be enough to respond to this request, which seeks "Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code."  Please propose search terms to encompass those documents.

- w/10 limiter:  as we explained during our meet and confer, we are interested in documents relating to the effect of Joint Resolution 188 and Act 106 on the property subject to the ERS Bondholders' Security Interest, including but not limited to the Employers' Contributions.  We believe your proposed limiter will exclude most responsive documents.  Because you have not proposed an alternative, please omit the w/10 limiter.

- Please include the term SB 603, as you propose.  Please also include the following additional terms and the Spanish equivalents: "pay-as-you-go" OR "Pay-GO" OR ("ERS" or "employees retirement system" w/25 legislation OR legislature OR statute). In addition, we would expect that, before the proposed legislation and resolution that eventually became Act 106 and Joint Resolution 188 were formally known as "Act 106" and "Joint Resolution 188," the officials discussing these issues referred to them by some other name or system.  You, not us, are in a position to know how these issues were referred to by the officials discussing them, before they became known as Act 106 or Joint Resolution 188.  Please propose search terms to reflect that.

- With regard to the April 2016 date, we understand that the Commonwealth's financial adviser, Millstein & Co., were discussing the plan that eventually became Act 106 and Joint Resolution 188 at least by April 2016 at a meeting with Movants' counsel, and perhaps even earlier.  We therefore request that the date range extend back to April 2016.

Thanks,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide**℠
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435