# EXHIBIT T

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**MOVANTS' RESPONSES AND OBJECTIONS
TO DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

    Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 26 and 34 incorporated therein of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by 48 U.S.C. § 2170, Movants[1] hereby submit the following responses and objections to Debtor's First Set of Requests

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC

for Production of Documents to Movants, dated February 27, 2019 ("Document Requests"). Movants reserve the right to supplement, amend or modify these objections and responses as necessary.

**GENERAL OBJECTIONS**

1. The General Objections that follow are applicable to and incorporated into each and every individual response that Movants make to the Document Requests whether or not restated in response to any particular request. Movants' responses are made without waiving, or intending to waive, these General Objections, and Movants specifically reserve all of their other objections.

2. Movants' responses to the Document Requests are not intended to be, and shall not be construed as, agreement with the Debtor's characterization of any facts, circumstances, or legal obligations. To the extent any defined term or phrase is clear, Movants do not accept or endorse the characterization, but do not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3. Movants' responses to the Document Requests contained herein are made on the basis of information and documents now known to Movants and are made without waiving any

---

(Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

further objections to or admitting the relevancy or materiality of any of the information or documents requested.

4.      Movants object to the Document Requests, including the Definitions and Instructions, to the extent that they seek to impose obligations on Movants that are inconsistent with or exceed obligations for production under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

5.      Movants object to the Document Requests to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege. Movants construe the Document Requests to seek non-privileged documents, and, as such, to the extent Movants produce documents, they will provide documents that they believe are non-privileged and otherwise properly discoverable. Movants do not intend to provide any privileged information or documents. Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege. At an appropriate, mutually agreeable time, Movants will produce a log that complies with the Federal Rules of Civil Procedure concerning any privileged or otherwise protected materials.

6.      Movants object to the Document Requests to the extent that they purport to require preservation and/or production of electronically stored information ("ESI") that is not stored on active systems, but that is instead stored on systems, backup tapes, and other media that are no longer part of Movants' normal business operations, or that is stored on media that are otherwise overly burdensome to search, such as text or instant messaging systems.  Because the relevance of such ESI is minimal at best and the cost associated with searching, preserving, and accessing these

3

data sources is significant, Movants interpret the Document Requests as excluding such ESI sources.

7. Movants object to each and every Document Request to the extent that it purports to seek information or documents that are not within Movants' possession, custody or control.

8. Movants object to the Document Requests to the extent that they purport to require Movants to search for and produce documents that are not "readily accessible" as that term is generally understood.

9. Movants object to the Document Requests to the extent that any requests are compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

10. Movants object to the Document Requests to the extent that any requests are overly burdensome or seek documents or information that are not proportional to the needs of the case. In addition, Movants object to each Request, definition, or instruction that purports to require that Movants identify and provide discovery with regard to "each," "all," "any," or similar all-encompassing wording, on the grounds that such Requests, definitions, and instructions are overly broad, unduly or disproportionately burdensome, seek discovery that is not relevant to the parties' claims and defenses, not proportional to the needs of the case, and beyond the scope of permissible discovery, particularly at this stage of the proceeding. Movants further state that they will conduct reasonable, good faith searches for responsive documents from custodians or other file locations that Movants determine, based on a reasonably diligent inquiry, are reasonably likely to have responsive information, and that Movants intend to use search terms when conducting searches for responsive documents that are maintained in electronic form. Such good faith searches are intended to locate reasonably available documents, but may not locate all documents about a

particular subject. To the extent Movants respond to specific requests by stating that they will conduct a reasonable search for responsive documents, such a reasonable search will be conducted consistently with this understanding.

11. Movants object to the "Definitions" in the Document Requests to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

12. Movants object to the Document Requests to the extent that any Definition or any Request seeks to define terms and/or characterize evidence or disputed issues in the case. To the extent Movants adopt any terms used by the Debtor in the Document Requests, such adoption is limited solely to these responses.

13. Movants object to the definitions of "Communication," and "Document" insofar as those definitions require the production of materials that exceed the scope of Federal Rule 34(a), made applicable to this adversary proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170). When responding to these Document Requests, Movant will construe the usage of those terms in a manner consistent with their obligations under Federal Rule 34(a).

14. Movants object to the definition of "Movants" and "Bondholders" and object to Instruction No. 5 as overly broad insofar as it extends beyond the movants named in the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 5196; Case No. 17-3566 Docket No. 367] and includes individuals and entities who have no connection with the current litigation and have identities separate and apart from Movants, including Movants' "affiliates, predecessors,

5

successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf" as listed in the definition. Instruction No. 5 also purports to require Movants to search the files of individuals and entities who have no connection with the current litigation and have identities separate and apart from Movants, including affiliates and subsidiaries. Movants will construe the Document Requests that refer to "Movants" or "Bondholders" as referring exclusively to the named Movants with respect to the ERS Bonds, and disclaim any obligation to provide information from any other persons.

15. Movants object to the definition of "ERS Bonds" as confusing or potentially misleading. The Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by the ERS. Movants will construe the Document Requests that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

16. Movants object to the scope of these Document Requests on the ground that they are overly broad insofar as they purport to seek documents created at any time and contain no limitation on the date ranges within which Movants must search for and produce documents. In the absence of any agreement among the parties as to the applicable date ranges, Movants will search for and produce documents created within a date range that is reasonable for each request.

17. Movants object to each and every one of these Document Requests, and the instructions and definitions therein, to the extent that the information sought is publicly available, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Movants further object to the extent these Document Requests seek production of unsolicited mass electronic correspondence from third parties, including broadly distributed electronic-mail and Bloomberg messages.

6

18. Insofar as the Document Requests seek documents containing both discoverable and non-discoverable or objectionable material, Movants reserve the right to redact from documents produced any matter that is nonresponsive, objectionable, privileged or otherwise non-discoverable.

19. Movants make these Responses without waiving any objections as to the admissibility in evidence of these Responses, the documents produced pursuant to, or referenced in, these Responses, or the subject matter of the documents produced pursuant to, or referenced in, these Responses. The Responses are subject to, and without waiver of: (i) the right to object to other discovery directed to the subject matter of the Requests or Responses; (ii) the right to make additional objections or to seek protective orders; and (iii) the right to revise, correct, add to, or clarify at any time the Responses or documents referred to below in accordance with the Federal Rules of Civil Procedure and all other applicable rules.

20. Movants have not yet completed their own investigation of this matter. Accordingly, all of the following Responses and Objections are given without prejudice to, and with the express reservation of, Movants' right to supplement or modify their Responses to the extent required by applicable law to incorporate later discovered information, and to rely on any and all such information and documents at the hearing or otherwise.

## RESPONSES TO DOCUMENT REQUESTS

**Request for Production No. 1**:

All Documents that support, refute, or otherwise relate to Your allegation, in Paragraph 25 of the Lift Stay Motion that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of Movants' collateral."

**Response to Request for Production No. 1**:

In addition to the General Objections, Movants object to this Document Request because it requests documents that are either publicly available or in the possession, custody or control of the Debtor, the Commonwealth, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), or the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") (collectively, the "Government Parties"). Movants requested this information from the Government Parties in (i) Document Requests No. 3, 4, 5, and 6 issued to ERS, the Commonwealth, and the Oversight Board; and (ii) Document Requests No. 1, 2, 3, 4, 5, 6 and 7 to AAFAF; accordingly, the Government Parties should be producing such documents. Movants also object that this Request calls for a legal conclusion to the extent it seeks documents that "support" or "refute" the quoted allegation, because the determination of whether a given document supports or refutes the allegation requires an evaluation of the relevance and legal significance of the document—both of which are legal conclusions. Movants further specifically object that this Request is overly broad to the extent it seeks "all" documents that "support, refute, or otherwise relate" to the quoted allegation—which request could, if read literally, encompass many documents that would be far beyond the scope of any reasonable document production.

Subject to these objections and the General Objections, Movants state that to the extent any responsive non-privileged documents, not otherwise publicly available, are located after a reasonable search, Movants will produce such documents.

8

**Request for Production No. 2**:

All Documents identifying security interests or liens in any funds or receivables of the Commonwealth, to the extent You assert such security interests or liens exist.

**Response to Request for Production No. 2**:

In addition to the General Objections, Movants object to this Document Request because it requests documents that are either publicly available or in the possession, custody or control of the Government Parties. Movants further specifically object to producing "all" documents that identify the security interests or liens at issue, given that a limited set of documents is sufficient to identify those security interests or liens.

Subject to these objections and the General Objections, Movants state that the Resolution, the security agreement for the ERS bonds, the UCC-1 filings and the UCC-3 filings, among other documents, identify the security interests or liens Movants have on the funds or receivables of the Commonwealth. These documents are either publicly available or already in the possession, custody or control of the Government Parties, but Movants will nevertheless produce them in response to this Request.

**Request for Production No. 3**:

All Documents relating to any actions by ERS or the Commonwealth that affected the value of Your collateral since May 21, 2017, to the extent such Documents are not produced in response to another Request.

**Response to Request for Production No. 3**:

In addition to the General Objections, Movants object to this Document Request because it requests documents that are either publicly available or in the possession, custody or control of the Government Parties. Movants requested this information from the Government Parties in (i) Document Requests No. 3, 4, 5, and 6 issued to ERS, the Commonwealth, and the Oversight

9

Board; and (ii) and Document Requests No. 1, 2, 3, 4, 5, 6 and 7 to AAFAF, and the Government Parties should therefore be the parties to produce such documents.

Subject to these objections and the General Objections, Movants state that, to the extent any responsive non-privileged documents, not otherwise publicly available, are located after a reasonable search, Movants will produce such documents.

**Request for Production No. 4**:

All Documents relating to the due diligence performed by You in connection with the issuance(s) of the ERS Bonds.

**Response to Request for Production No. 4**:

Movants object to this Document Request on the ground that it seeks information beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313]. Movants further object to this request because it seeks information that is irrelevant to the issues in dispute in Movants' *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 3418; Case No. 17-3566 Docket No. 289]. Movants' actions at the time of the issuance of the ERS Bonds have no bearing on whether the Pledged Property has diminished in value (whether due to actions of the ERS and the Commonwealth, the automatic stay or otherwise), or whether Movants' constitutionally protected and bargained-for property interests are adequately protected.

Further, Movants Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P. object to this request as not applicable to these specific Movants, and further respond that these specific Movants did not purchase any series of ERS Bonds from the underwriters of such ERS Bonds when first issued by ERS.

Subject to these objections and the General Objections, Movants will produce responsive non-privileged documents, not otherwise publicly available, that have been located after a reasonable search.

**Request for Production No. 5**:

All Documents and Communications relating to (a) the possible reduction in the Employer Contribution rate, or (b) other changes in existing law that would adversely affect the amount of Employer Contributions.

**Response to Request for Production No. 5**:

Movants object to this Document Request on the ground that it seeks information beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313]. Movants further object to this request because it seeks information that is irrelevant to the issues in dispute in Movants' *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the*

11

*Automatic Stay* [Case No. 17-3283 Docket No. 3418; Case No. 17-3566 Docket No. 289]. Movants' understanding of the possible reduction in the employer contribution rate or other changes in existing law that would adversely affect the amount of employers contribution has no bearing on whether the Pledged Property has diminished in value (whether due to actions of the ERS and the Commonwealth, the automatic stay or otherwise), or whether Movants are adequately protected. Movants also object to this Document Request on the grounds that it is vague, ambiguous and overly broad.

Subject to these objections and the General Objections, Movants will produce responsive non-privileged documents, not otherwise publicly available, that have been located in good faith after a reasonable search.

**Request for Production No. 6**:

All Documents upon which You relied or to which You referred in preparing Your answers to the Debtor's First Set of Interrogatories.

**Response to Request for Production No. 6**:

Subject to these objections and the General Objections, Movants will produce non-privileged documents, not otherwise publicly available, that are responsive to this request and that have been located after a reasonable search.

**Request for Production No. 7**:

All Documents related to the valuation of Your collateral or Pledged Property, to the extent such Documents are not produced in response to another Request.

**Response to Request for Production No. 7**:

In addition to the General Objections, Movants object to this Document Request because it requests documents that are in the possession, custody or control of the Government Parties. The

Movants requested this information from the Government Parties in the Document Requests No. 1 and 2 issued to ERS, the Commonwealth, and the Oversight Board. Movants further object to this Document Request to the extent it seeks Movants' internal documents related to the value of their collateral or Pledged Property. As the Government Parties are aware, Judge Dein recently denied a motion to compel in *National Public Finance Guarantee Corp. v. FOMB*, Case:17-03283-LTS Doc#: 5347, in which the Financial Oversight and Management Board unsuccessfully sought to compel certain insurers to produce their internal documents relating to the value of their collateral securing certain bonds issued by PREPA, which is the subject of a pending Lift-Stay Motion in that proceeding. Accordingly, to the extent that this Request seeks a substantially similar category of documents in this proceeding—namely, the Movants' internal documents related to the value of their collateral or Pledged Property—Movants object.

Subject to these objections and the General Objections, Movants state that, to the extent any responsive non-privileged documents, not otherwise publicly available, are located in good faith after a reasonable search, Movants will produce such documents.

Dated: March 6, 2019

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Jason Zakia |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*