# EXHIBIT U

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS |

**THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO'S RESPONSES AND OBJECTIONS TO ERS BONDHOLDERS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as authorized by the Financial Oversight and Management Board for Puerto Rico (the "FOMB")[2] and pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, hereby responds and objects (collectively, the "Responses and Objections"), on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), to the Requests for Production of Documents (the "RFPs"), dated February 27, 2019, including the individual production demands set out therein (the "Requests," and each a "Request"), which was served at the direction of the Movants.[3]

## GENERAL OBJECTIONS

ERS objects to each and every one of the Movants' Requests on the following grounds. These General Objections are incorporated into each of ERS's Responses and Objections to each individual Request, set forth below in the Responses.

---

[2] The FOMB, as ERS's representative pursuant to PROMESA section 315(b), has authorized AAFAF to serve this Response on behalf of ERS.

[3] The "Movants" consist of certain ERS bondholders, including Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

1. ERS objects to the RFPs, and to each and every Request, on the grounds that the RFPs are overly broad, unduly burdensome, and encompass documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), in light of the extremely abbreviated time frame for discovery for the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [ECF No. 3418 in Case No. 17-3283 and ECF No. 289 in Case No. 17-3566] (the "Stay Relief Motion"). In the Stay Relief Motion, the Movants seek relief from the automatic stay imposed pursuant to Title III of PROMESA or, in the alternative, for adequate protection of their liens on property of ERS. ERS objects to the RFPs and each and every Request to the extent they seek documents or information outside of the scope of the Stay Relief Motion.

2. ERS objects to the RFPs to the extent that they purport to impose burdens on ERS that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "Governing Rules"). ERS will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3. ERS objects to the RFPs to the extent that the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the parties' resources, and the narrow scope of the Stay Relief Motion.

4. ERS objects to the RFPs to the extent that they seek documents or information that are not in ERS's possession, custody or control. Subject to the other general and specific

3

objections set forth herein, ERS will use reasonable diligence, in light of the expedited schedule, to obtain responsive documents in its possession, custody and control based on an examination of those files reasonably expected to yield responsive documents and/or information. Documents produced by ERS in response to specific Requests should not be construed as a representation that every document in its possession, custody, or control has been examined or that every possible witness has been interviewed in connection with the responses thereto. ERS objects to the RFPs, and to each and every Request, to the extent it purports to require ERS to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with or otherwise acting on behalf of ERS.

5. ERS objects to the RFPs to the extent that they seek documents or information that are confidential or proprietary in nature. ERS will provide such documents only pursuant to a Protective Order.

6. ERS objects to each definition, instruction and Request, to the extent it expressly or impliedly seeks documents, agency records, or information protected from discovery by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. *See Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992) (affirming District Court's holding protecting government record from disclosure under the deliberative process privilege). Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Documents and information protected by these privileges, doctrines, or immunities is not subject to disclosure, and ERS will not produce them. The inadvertent production of any such protected document or other item shall not constitute a waiver

4

of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive ERS's right to object to the use of any such document or the information contained therein in this action or during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

7. ERS objects to the Definitions and Instructions accompanying the Requests to the extent they purport to impose any obligation on ERS different or greater than those imposed by the Governing Rules.

8. ERS objects to the term "Affiliate," which is defined as "any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person. "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives." This definition is overbroad and unduly burdensome.

9. ERS objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.

10. ERS objects to the term "Commonwealth," which is defined as "the Commonwealth of Puerto Rico and its Affiliates, exclusive of any Affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury." This definition is overbroad and unduly burdensome. Unless otherwise noted, ERS will interpret the term "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officials,

5

and known agents whose files are most likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints.

11. ERS objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on ERS that differ from or exceed those imposed by the Governing Rules. ERS further objects to searching or producing any audio, video, electronic recordings, telephone records or calendar entries, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery. ERS will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

12. ERS objects to the term "Contributions," which is defined as "Payments by the Commonwealth or Non-Commonwealth Employers to the ERS. "Contributions" includes (a) past Payments, (b) pending Payments, (c) obligations to make future Payments, (d) Payments, whether due in the past or becoming due in the future, that are required by law, (e) Payments that are held by the Fiscal Agent or any other third party, and (f) Employers' Contributions." This definition is overbroad, vague, ambiguous and calls for legal conclusions.

13. ERS objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on ERS that differ from or exceed those imposed by the Governing Rules. ERS further objects to searching or producing any text messages or instant messages, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery. ERS will use reasonable diligence to conduct a search proportionate to the

6

needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

14. ERS objects to the term "ERS Bondholders' Security Interest," which is defined as "the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations." This definition is overbroad, vague, ambiguous and calls for legal conclusions.

15. ERS objects to the definition of the terms "You" and "Your", to the extent they are defined to include "Affiliates," as overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the disclosure of information relevant to the prosecution or defense of the Stay Relief Motion. In responding to these Requests, ERS will construe "you" and "your" to mean only ERS and its employees, officials, and known agents whose files are likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

16. ERS objects to Instruction 3 on the grounds that it is unduly burdensome and not proportional to the needs of the case to produce duplicative documents. Given the extremely abbreviated time frame for discovery in connection with the Stay Relief Motion, ERS will focus its search on documents that are not duplicative of documents that are available from other sources.

17. ERS objects to Instruction 4 on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires a written privilege log for each document withheld from production. Given the extremely abbreviated time frame for discovery in connection with the Stay Relief Motion, logging every document withheld from production

7

would be unduly burdensome and oppressive. ERS reserves the right to produce a categorical privilege log if necessary and appropriate.

18. ERS objects to Instruction 8 on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires that each "request for information directed to or Concerning a particular Entity shall include the Entity as defined, as well as Person or Persons acting in a representative capacity, including partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, rating agencies, or any other Person or Persons acting on its or their behalf," without regard to their connection to the events at issue in the Stay Relief Motion. In responding to these Requests, ERS will construe requests for documents from each Entity to mean only that Entity, its employees, officers, directors, and known agents whose files are most likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

19. ERS objects to the stated time frame of the requests, June 30, 2016 to the present, as overly broad, unduly burdensome, and not proportional to the needs of the case in light of the narrow scope of the Stay Relief Motion and extremely abbreviated time frame for discovery.

20. ERS's assertion of a general or specific objection to a given Request should not be construed as a representation that documents responsive to that request exist. ERS's production of documents in response to any Request is not intended as, and shall not be deemed to be, a waiver of any general or specific objection to that request.

21. ERS's Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items

responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

22. ERS has begun but has not yet completed its investigation into the issues material to this litigation and its review of its own documents. These Responses and Objections, and any subsequent document production, are based, and will be based, only upon the information that is currently available to and specifically known to ERS as of the date hereof. ERS reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from the objections as a result of mistake, error, or inadvertence.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Each of the foregoing General Objections is incorporated into the responses below:

**REQUEST NO. 1:**

All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

(a) May 21, 2017,
(b) June 30, 2017,
(c) August 23, 2017, and
(d) today.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the

9

expedited discovery schedule to search for and review all documents related to the value of property subject to the ERS Bondholders' asserted security interest from June 30, 2016 to the present. ERS objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to the Request because it assumes ERS had property subject to the "ERS Bondholders' Security Interest" on each of the dates specified in the Request. ERS also objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, ERS will produce responsive, non-privileged documents within its possession, custody, and control that are sufficient to show ERS's assets as of the dates set forth above.

**REQUEST NO. 2:**

Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, ERS objects to the Request because it assumes ERS has property subject to the "ERS Bondholders' Security Interest." ERS objects to this Request because it calls for legal conclusions regarding the value of the ERS Bondholders' asserted security interest during the pendency of the stay imposed by § 362 of the Bankruptcy Code. ERS objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean the ERS Bondholders' asserted security

10

interest under the ERS Bond Resolution. ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review documents from June 30, 2016 to the present. ERS also objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, ERS agrees to produce documents sufficient to show the amount of Pay-Go fees that have been remitted to the Commonwealth from July 1, 2017 to the present and current projections of anticipated Pay-Go Fees that can be located after a reasonable search. ERS contends that Movants have no rights to Pay-Go fees, which are not property subject to the ERS Bondholders' Security Interest.

**REQUEST NO. 3:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, ERS objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all documents regarding "the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188."

ERS objects to the definition of "Contributions," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean Employers' Contributions, as defined in the ERS Bond Resolution. ERS objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request to the extent it seeks documents that are duplicative of materials that are available from other sources or that Movants are seeking from other parties more likely to have responsive materials. ERS also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) documents concerning the drafting, preparation and legal effects of Joint Resolution 188.

Without waiver of any objections, ERS will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion. Any such agreement must take into consideration the cost and burden on ERS, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 4:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, ERS objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all communications regarding "the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188." ERS objects to this Request to the extent it seeks documents that are duplicative of materials that are available from other sources or that Movants are seeking from other parties more likely to have responsive materials. ERS also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) communications concerning the drafting, preparation and legal effects of Joint Resolution 188.

Without waiver of any objections, ERS will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion. Any such agreement must take into consideration the cost and burden on ERS, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 5:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, ERS objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all documents regarding "the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017." ERS objects to the definition of "Contributions," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean Employers' Contributions, as defined in the ERS Bond Resolution. ERS objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. ERS will interpret this term to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request to the extent it seeks documents that are duplicative of materials that are available from other sources or that Movants are seeking from other parties more likely to have responsive materials. ERS also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) documents concerning the drafting, preparation and legal effects of Act 106.

Without waiver of any objections, ERS will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion. Any such agreement must take into consideration the cost and burden on ERS, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 6:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, ERS objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution. ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all communications regarding "the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017." ERS objects to this Request to the extent it seeks documents that are duplicative of materials that are available from other sources or that Movants are seeking from other parties more likely to have responsive materials. ERS also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from

15

disclosure, including (but not limited to) communications concerning the drafting, preparation and legal effects of Act 106.

Without waiver of any objections, ERS will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion. Any such agreement must take into consideration the cost and burden on ERS, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 7:**

All Documents upon which You relied or to which You referred in preparing your answer to Movant's Interrogatories in this matter, dated February 27, 2019, and all documents Concerning your answers thereto.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, ERS objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to produce "all documents Concerning" ERS's interrogatory responses. ERS also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, ERS agrees to produce the documents relied upon or referred to in its interrogatory responses, if any.

Dated: March 6, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 6, 2019, a true and correct copy of the foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com