# EXHIBIT W

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS |

## THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY'S RESPONSES AND OBJECTIONS TO NOTICE OF SUBPOENA AND REQUESTS FOR DOCUMENTS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP") and Rule 9016 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), hereby responds and objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated February 27, 2019 (the "Subpoena"), including the individual production demands set out therein (the "Requests," and each a "Request"), which was served at the direction of the Movants.[2]

## GENERAL OBJECTIONS

AAFAF objects to each and every one of Movants' Requests on the following grounds. These General Objections are incorporated into each of AAFAF's Responses and Objections to each individual Request, set forth below in the Responses.

1.      AAFAF objects to the Subpoena, and to each and every Request, on the grounds that the Requests are overly broad, unduly burdensome, and encompass documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), in light of the extremely abbreviated time frame for discovery for the *Motion of Certain Secured Creditors of the Employees Retirement System of the*

---

[2] The "Movants" consist of certain ERS bondholders, including Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

*Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [ECF No. 3418 in Case No. 17-3283 and ECF No. 289 in Case No. 17-3566] (the "Stay Relief Motion").  In the Stay Relief Motion, the Movants seek relief from the automatic stay imposed pursuant to Title III of PROMESA or, in the alternative, for adequate protection of their liens on property of ERS. AAFAF objects to the Subpoena and each and every Request to the extent they seek documents or information outside of the scope of the Stay Relief Motion.

2.     AAFAF objects to the Subpoena to the extent it purports to impose burdens on AAFAF that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "Governing Rules").  AAFAF will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3.     AAFAF objects to the Subpoena, and to each and every Request, to the extent that the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the parties' resources, and the narrow scope of the Stay Relief Motion.

4.     AAFAF objects to the Subpoena, and each and every Request, to the extent that they seek documents or information that are not in AAFAF's possession, custody or control. Subject to the other general and specific objections set forth herein, AAFAF will use reasonable diligence, in light of the expedited schedule, to obtain responsive documents in its possession, custody and control based on an examination of those files reasonably expected to yield responsive documents and/or information.  Documents produced by AAFAF in response to specific Requests should not be construed as a representation that every document in its possession, custody, or

control has been examined or that every possible witness has been interviewed in connection with the responses thereto.  AAFAF objects to the Subpoena, and to each and every Request, to the extent it purports to require AAFAF to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with or otherwise acting on behalf of AAFAF.

5.      AAFAF objects to the Subpoena, and each and every Request, to the extent that they seek documents or information that are confidential or proprietary in nature.  AAFAF will provide such documents only pursuant to a Protective Order.

6.      AAFAF objects to each definition, instruction and Request, to the extent it expressly or impliedly seeks documents, agency records, or information protected from discovery by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. *See Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992) (affirming District Court's holding protecting government record from disclosure under the deliberative process privilege).  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities is not subject to disclosure, and AAFAF will not produce them. The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive AAFAF's right to object to the use of any such document or the information contained therein in this action or

4

during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

7.     AAFAF objects to the Definitions and Instructions accompanying the Requests to the extent they purport to impose any obligation on AAFAF different or greater than those imposed by the Governing Rules.

8.     AAFAF objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.

9.     AAFAF objects to the term "Affiliate," which is defined as "any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person.  "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives."  This definition is overbroad and unduly burdensome.

10.     AAFAF objects to the term "AAFAF," which is defined to mean "the Puerto Rico Fiscal Agency and Financial Advisory Authority and its Affiliates."   This definition is overbroad and unduly burdensome.  Unless otherwise noted, AAFAF will interpret the term "AAFAF" to mean the Puerto Rico Fiscal Agency and Financial Advisory Authority and its employees, officials, and known agents whose files are most likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

11.     AAFAF objects to the term "Commonwealth," which is defined as 'the Commonwealth of Puerto Rico and its Affiliates, exclusive of any Affiliates of the Commonwealth

that are Non-Commonwealth Employers.  For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury."  This definition is overbroad and unduly burdensome.  Unless otherwise noted, AAFAF will interpret the term "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officials, and known agents whose files are likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

12.    AAFAF objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF further objects to searching or producing any audio, video, electronic recordings, telephone records or calendar entries, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.  AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

13.    AAFAF objects to the term "Contributions," which is defined as "Payments by the Commonwealth or Non-Commonwealth Employers to the ERS.  "Contributions" includes (a) past Payments, (b) pending Payments, (c) obligations to make future Payments, (d) Payments, whether due in the past or becoming due in the future, that are required by law, (e) Payments that are held by the Fiscal Agent or any other third party, and (f) Employers' Contributions."  This definition is overbroad, vague, ambiguous and calls for legal conclusions.

14.    AAFAF objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on AAFAF that differ from or exceed those imposed by the Governing

Rules.  AAFAF further objects to searching or producing any text messages or instant messages, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.  AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

15.     AAFAF objects to the term "ERS Bondholders' Security Interest," which is defined as "the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations."  This definition is overbroad, vague, ambiguous and calls for legal conclusions.

16.     AAFAF objects to the definition of the term "Joint Resolution 188 Mechanisms," which is defined as "the mechanisms You established and implemented, or considered establishing or implementing, pursuant to § 4(5) of Joint Resolution 188 'so that the Central Government, the Municipalities, and the Public Corporations may contribute to financing the 'pay-as-you-go' system.'" This definition is overbroad, vague, ambiguous and calls for information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, and/or the Executive and Deliberative Process Privileges.

17.     AAFAF objects to the definition of the terms "You" and "Your", to the extent they are defined to include "Affiliates," as overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the disclosure of information relevant to the prosecution or defense of the Stay Relief Motion.  In responding to these Requests, AAFAF will construe "you" and "your" to mean only AAFAF and its employees, officials, and known agents most likely to possess

personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

18.     AAFAF objects to Instruction 3 on the grounds that it is unduly burdensome and not proportional to the needs of the case to produce duplicative documents.  Given the extremely abbreviated time frame for discovery in connection with the Stay Relief Motion, AAFAF will focus its search on documents that are not duplicative of documents that are available from other sources.

19.     AAFAF objects to Instruction 4 on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires a written privilege log for each document withheld from production.  Given the extremely abbreviated time frame for discovery in connection with the Stay Relief Motion, logging every document withheld from production would be unduly burdensome and oppressive.  AAFAF reserves the right to produce a categorical privilege log if necessary and appropriate.

20.     AAFAF objects to Instruction 8 on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires that each "request for information directed to or Concerning a particular Entity shall include the Entity as defined, as well as Person or Persons acting in a representative capacity, including partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, rating agencies, or any other Person or Persons acting on its or their behalf," without regard to their connection to the events at issue in the Stay Relief Motion.  In responding to these Requests, AAFAF will construe requests for documents from each Entity to mean only that Entity, its employees, officers, directors, and known agents whose files are likely to possess personal

8

knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

21.     AAFAF objects to the stated Scope of the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case in light of the narrow issues in the Stay Relief Motion and extremely abbreviated time frame for discovery.

22.     AAFAF's assertion of a general or specific objection to a given Request should not be construed as a representation that documents responsive to that request exist.  AAFAF's production of documents in response to any Request is not intended as, and shall not be deemed to be, a waiver of any general or specific objection to that request.

23.     AAFAF's Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

24.     AAFAF has begun but has not yet completed its investigation into the issues material to this litigation and its review of its own documents.  These Responses and Objections, and any subsequent document production, are based, and will be based, only upon the information that is currently available to and specifically known to AAFAF as of the date hereof.  AAFAF reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any

9

time, including in any other proceeding, subsequently discovered information, or information omitted from the objections as a result of mistake, error, or inadvertence.

**SPECIFIC RESPONSES AND OBJECTIONS TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Each of the foregoing General Objections is incorporated into the responses below:

**REQUEST NO. 1:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution. AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all documents relating to "the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188." AAFAF objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. AAFAF objects to the definition of "Contributions," which is overbroad, vague, and calls for legal conclusions. AAFAF will interpret this term to mean Employers' Contributions, as defined in the ERS Bond Resolution. AAFAF also objects the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. AAFAF will interpret this term to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution. AAFAF also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege,

10

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) documents concerning the drafting, preparation and legal effects of Joint Resolution 188.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 2:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all communications related to "the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188." AAFAF also objects to this Request to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process

Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) communications concerning the drafting, preparation and legal effects of Joint Resolution 188.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 3:**

All Documents Concerning the Joint Resolution 188 Mechanisms.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all documents related to the "Joint Resolution 188 Mechanisms."  AAFAF objects to the definition of "Joint Resolution 188 Mechanisms," which is overbroad, vague, ambiguous, and calls for privileged information, including (but not limited to) information relating to mechanisms AAFAF "considered" establishing or implementing.  AAFAF will interpret this term to mean the mechanisms that were established and implemented pursuant

to § 4(5) of Joint Resolution 188.  AAFAF also objects this Request to the extent that it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 4:**

All Documents Concerning any Analysis of the Joint Resolution 188 Mechanisms, including any Documents Concerning (a) the amount of periodic Contributions that Employers had made prior to the date of Joint Resolution 188 and (b) the amount of Payments Employers could, would, would be expected to, or did make pursuant to the Joint Resolution 188 Mechanisms.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all

documents related to the "Joint Resolution 188 Mechanisms." AAFAF objects to the definition of "Joint Resolution 188 Mechanisms," which is overbroad, vague, ambiguous, and calls for privileged information, including (but not limited to) information relating to mechanisms AAFAF "considered" establishing or implementing. AAFAF will interpret this term to mean the mechanisms that were established and implemented pursuant to § 4(5) of Joint Resolution 188. AAFAF objects to the definition of "Contributions," which is overbroad, vague, and calls for legal conclusions. AAFAF will interpret this term to mean Employers' Contributions, as defined in the ERS Bond Resolution. AAFAF objects to the term "Employers," which means "Commonwealth and Non-Commonwealth Employers," which is vague and ambiguous. AAFAF will interpret this term to mean employers covered by Act 106. AAFAF objects to item (a) of this Request ("the amount of periodic Contributions that Employers had made prior to the date of Joint Resolution 188"), which seeks information that is in ERS's and the ERS bondholders' possession. AAFAF also objects this Request to the extent that it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion. Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 5:**

All Communications between You and anyone Concerning the Joint Resolution 188 Mechanisms.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all communications relating to the "Joint Resolution 188 Mechanisms."  AAFAF objects to the definition of "Joint Resolution 188 Mechanisms," which is overbroad, vague, ambiguous, and calls for privileged information, including (but not limited to) information relating to mechanisms AAFAF "considered establishing or implementing."  AAFAF will interpret this term to mean the mechanisms that were established and implemented pursuant to § 4(5) of Joint Resolution 188.  AAFAF also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on

AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 6:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all documents related to "the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017."  AAFAF objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.  AAFAF objects to the definition of "Contributions," which is overbroad, vague, and calls for legal conclusions.  AAFAF will interpret this term to mean Employers' Contributions, as defined in the ERS Bond Resolution.  AAFAF objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. AAFAF will interpret this term to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from

disclosure, including (but not limited to) documents concerning the drafting, preparation and legal effects of Act 106.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

**REQUEST NO. 7:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, AAFAF objects to this Request on the grounds that it seeks documents not relevant to the Stay Relief Motion, including the issue of whether the automatic stay is causing a diminution in value of the ERS Bondholders' asserted security interest under the ERS Bond Resolution.  AAFAF objects to this Request because it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to search for and review all communications relating to "the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017."  AAFAF also objects to this Request to the extent it seeks documents and information that are protected from discovery by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable

privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) communications concerning the drafting, preparation and legal effects of Act 106.

Without waiver of any objections, AAFAF will agree to produce responsive, non-privileged documents, if any, provided that the parties can reach a reasonable agreement regarding custodians, search terms, and date ranges that are narrowly tailored to the expedited discovery schedule and proportional to the relevance of the requested materials to disputed issues of fact for the Stay Relief Motion.  Any such agreement must take into consideration the cost and burden on AAFAF, including the unnecessary expense of reviewing and logging materials that are likely privileged.

Dated:  March 6, 2019
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory Authority*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 6, 2019, a true and correct copy of the

foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com