# EXHIBIT X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | PROMESA<br>Title III |
| | ) ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) ) ) ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | ) ) ) ) ) | |
| Debtor. | ) ) ) | |
| _____ | X | |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) ) | PROMESA<br>Title III |
| as representative of | ) ) ) ) | Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) ) ) | |
| Debtor. | ) ) ) | |
| _____ | X | |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO THE
SUBPOENA OF MOVANTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), and Federal Rules of Bankruptcy Procedure 9014 and 9016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as the representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to PROMESA § 315(b) (48 U.S.C. § 2175(b)), hereby responds and objects to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated March 4, 2019 (the "Subpoena"), including the Definitions, Instructions, and Specification of Documents To Be Produced (the "Requests"), served on or about March 4, 2019 by Movants.[1]

**PRELIMINARY STATEMENT**

The Oversight Board has not yet completed its investigation and review of documents. These Responses and Objections, and any subsequent document production, are based, and will be based, only upon the information that is currently available to and specifically known to the Oversight Board as of the date hereof. The Oversight Board reserves the right to amend or

---

[1] According to Exhibit B to the Subpoena, Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2

supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from the objections as a result of mistake, error, or inadvertence.

**GENERAL OBJECTIONS**

1. The Oversight Board objects to the Subpoena to the extent it purports to require any production of documents by March 6, 2019 on the grounds that the Subpoena is untimely and improper in view of the schedule set by the Court (which specified a deadline of February 27, 2019 to serve any written discovery), unduly burdensome insofar as it requests production of documents just 2 days after Movants served the Subpoena, and violates Fed. R. Civ. P. 45 by requesting production of documents just 2 days after Movants served the Subpoena. The Oversight Board is willing to meet and confer with Movants to discuss a reasonable timeframe for the production of non-privileged, responsive documents in accordance with the General and Specific Objections and Responses herein.

2. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they place an unreasonable burden on the Oversight Board, including without limitation by seeking documents and information that are cumulative or duplicative of other discovery requests, or that are equally or more readily available from public sources or that are already available to the Movants.

3. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they seek documents or information that are not in the Oversight Board's possession, custody or control. Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive

3

documents. Documents produced by the Oversight Board in response to specific Requests should not be construed as a representation that every document in its possession, custody, or control has been examined.

4. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they purport to require the Oversight Board to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on behalf of the Oversight Board and whose files have been archived, destroyed, or released in connection with such person's departure from the Oversight Board.

5. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent it purports to require the Oversight Board to produce "all" documents that are the subject of a Request on the grounds such request is overly broad, unduly burdensome, and disproportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

6. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they purport to impose duties on the Oversight Board that are inconsistent with, not authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"). The Oversight Board further objects to the Subpoena to the extent it purports to incorporate by reference Local Rule 26.2 and Local Rule 26.3 of the United States District Court for the Southern District of New York or any specific

definitions or requirements therein, as such Local Rule 26.2 and Local Rule 26.3 are not part of the Governing Rules. In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

7. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they seek documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

8. The Oversight Board objects to each Definition, Instruction and Request, to the extent they expressly or impliedly seek documents or information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and the Oversight Board will not provide them. The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive the Oversight Board's right to object to the use of any such document or the information contained therein in this action or during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

9. The Oversight Board objects to each Definition, Instruction, and Request, to the extent they seek documents or information that are confidential or proprietary in nature, or

5

otherwise constitute protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's financial consultants. To the extent that such relevant and responsive documents or information exist, the Oversight Board will produce them only pursuant to an appropriate protective order that has been executed and entered into by the parties.

10. To the extent any term defined or used in the Subpoena is used in responding to the Subpoena, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

11. The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent they seek to impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any audio, video, electronic recordings, telephone records or calendar entries, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

12. The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent they seek to impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages or instant messages, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to

6

locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

13. The Oversight Board objects to the definition of the terms "<u>You</u>," "<u>Your</u>" and "<u>FOMB</u>," to the extent they are defined to include "Affiliates," as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the disclosure of information relevant to the Motion. In responding to these Requests, the Oversight Board will construe "<u>You</u>", "<u>Your</u>" and "<u>FOMB</u>" to mean the Oversight Board and its members and employees reasonably likely to possess information relevant to the Motion.

14. The Oversight Board objects to the definition of the term "<u>Affiliate</u>" on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and not proportionate to the needs of the case. The Oversight Board further objects to the definition of "<u>Affiliate</u>" to the extent it is incorporated by reference in any definition, instruction, or Request in the Subpoena.

15. The Oversight Board objects to the definition of the term "<u>Analysis</u>" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.

16. The Oversight Board objects to the definition of the term "<u>ERS Bondholders' Security Interest</u>" on the grounds that it is overly broad, vague, ambiguous, and states a disputed legal conclusion.

17. The Oversight Board objects to the "<u>Scope</u>," on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and extremely abbreviated time frame for discovery. The FOMB further objects to the extent the Scope purports to impose requirements or obligations on the FOMB beyond the scope of, or different from, those imposed by the Governing Rules.

18. The Oversight Board objects to Instruction No. 2 in the Subpoena on the grounds it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case. The Oversight Board is willing to meet and confer concerning a reasonable production format for any production of responsive, non-privileged documents in accordance with the General and Specific Objections and Responses herein.

19. The Oversight Board objects to Instruction No. 4 on the grounds that Local Rule 26.2 of the United States District Court for the Southern District of New York is not part of the Governing Rules.

20. The Oversight Board objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.

21. The Oversight Board objects to Instruction No. 8 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and does not seek discovery proportionate to the needs of the case.

22. The Oversight Board responds to the Subpoena as it interprets and understands it. If Movants subsequently assert an interpretation of any Request that differs from the Oversight Board's understanding, the Oversight Board reserves the right to supplement its objections and responses.

23. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands

for production or other discovery procedures involving or relating to the subject matter of the Subpoena or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

24. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and the Oversight Board expressly reserves, the right to file a motion to quash the Subpoena and/or to seek a protective order.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

    (a) May 21, 2017,
    (b) June 30, 2017,
    (c) August 23, 2017, and
    (d) today.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its general objections, the Oversight Board objects to Request No. 1 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Request to the extent it seeks documents duplicative of those sought from ERS.

Subject to and without waiving any of the foregoing General or Specific Objections, the Oversight Board will produce non-privileged documents, to the extent that such documents are within its possession, custody or control, responsive to this Request that can be located upon a reasonable search, concerning the value of ERS assets.

**REQUEST FOR PRODUCTION NO. 2:**

Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its general objections, the Oversight Board objects to Request No. 2 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery.

Subject to and without waiving any of the foregoing General or Specific Objections, the Oversight Board will produce non-privileged documents, to the extent that such documents are within its possession, custody or control, responsive to this Request that can be located upon a reasonable search, concerning the value of ERS assets.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, the Oversight Board objects to Request No. 3 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, the Oversight Board objects to Request No. 4 to the extent it seeks communications protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, the Oversight Board objects to Request No. 5 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, the Oversight Board objects to Request No. 6 to the extent it seeks communications protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects

13

to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

| | |
|---|---|
| Dated: March 6, 2019<br>New York, NY | Respectfully submitted, |
| | */s/ Margaret A. Dale*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Margaret A. Dale (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: klevitan@proskauer.com<br>Email: mdale@proskauer.com<br><br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.977.1932<br>Fax. 787.722.1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/ 763-0565 |

        Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 6, 2019, I caused a copy of the foregoing *Responses and Objections of the Financial Oversight and Management Board for Puerto Rico to the Subpoena of Movants for the Production of Documents* to be sent by email to the individuals listed below.

*/s/ Margaret A. Dale*
Margaret A. Dale


Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200

Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com