# EXHIBIT Y

  Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

March 7, 2019

**Via Email**

Sparkle L. Sooknanan, Esq.
Jones Day
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939
ssooknanan@jonesday.com

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

Re:   *In Re The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS)* (No. 17 BK 3566-LTS) – Movant's Objections and Responses to Debtor's First Set of Requests for Production of Documents

Dear Sparkle:

I write in an effort to resolve, without court intervention, numerous issues raised by Movants' Objections and Responses to ERS's First Set of Requests for Production of Documents (the "Requests"). We request a meet-and-confer regarding the issues identified below.

**I.   General Objection No. 8**

This General Objection states that Movants object to the production of documents "that are not 'readily accessible' as that term is generally understood." We do not know what this is intended to mean, and it is not clear whether Movants are withholding documents on the basis of this objection.

Please articulate what this objection is intended to mean as to both electronic and non-electronic documents and communications, identify any sources of information or documents reasonably likely to contain responsive documents Movants will not search on the basis of this objection, and identify whether any responsive documents are being withheld on the basis of this objection.

**II.   General Objection No. 14**

This General Objection states that Movants find ERS's definitions of "Movants" and "Movants" to be "overly broad" and that Movants will interpret this to refer "exclusively to the named Movants with respect to the ERS Bonds." We wish to meet and confer concerning this objection and Movants' basis for asserting it.

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 7, 2019
Page 2

### III. General Objection No. 16

This General Objection states that Movants consider the scope of ERS's Document Requests "overly broad" absent an agreement on date ranges, and that Movants will unilaterally decide upon a "reasonable" date range to search for documents responsive to each Request.

It is unclear what date range Movants intend to apply to each request on the basis of this objection, or whether Movants intend to apply multiple date ranges as an initial matter. It is also unclear whether Movants intend for this objection to supersede our prior discussions and agreements concerning the application of date ranges to search terms.

Please identify what Movants believe to be the "reasonable" date range for each Request, and the basis for that belief.

### IV. General Objection No. 17

This General Objection states, in part, that Movants object to producing information that constitutes "unsolicited mass electronic correspondence" and "broadly distributed electronic mail and Bloomberg messages."

It is unclear whether Movants intend to withhold documents on the basis of this objection and whether any withholding is limited to unsolicited mass mailings. In particular, withholding responsive and non-privileged electronic mail solely because it was "broadly distributed" would be improper, even if from third parties. Further, such messages may not be "cumulative or duplicative" of other responsive documents.

Please clarify what, if anything, Movants intend to withhold on the basis of this objection for each Request. To the extent Movants intend this objection to exclude "spam" messages only, please identify the method used to exclude such messages.

### V. General Objection No. 18

Movants state that they reserve the right to redact non-responsive, objectionable or non-discoverable material from otherwise responsive, non-privileged documents.

Debtor has requested responsive documents—not responsive sentences, pages, or words within those documents such that each supposedly non-responsive word, sentence, or page may be redacted. It is also unclear whether and to what extent Movants intend to redact non-privileged information from their productions.

To the extent Movants have authority to redact non-privileged information in the manner described in General Objection No. 18, please provide it.

**Proskauer»**

Sparkle L. Sooknanan, Esq.
March 7, 2019
Page 3

### VI. Request for Production No. 1

This Request seeks all information that supports, refutes or relates to Movants' allegation that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of Movants' collateral." Movants agree to produce documents subject to their objections, but one of those objections states they will not produce documents that "support" or "refute" Movants' allegation on the grounds it is a legal conclusion.

It is unclear whether and what Movants intend to withhold on the basis of that specific objection. Movants do not object to producing documents that "relate to" their allegation in Paragraph 25 of the Lift Stay Motion; as documents that support or refute a proposition also "relate to" that proposition, this suggests Movants will not withhold any documents despite the specific objection.

Please confirm Movants will not withhold documents on the basis of their specific objection concerning documents that "support" or "refute" Paragraph 25 of the Lift Stay Motion.

### VII. Request for Production No. 2

This Request seeks documents identifying security interests or liens in any funds or receivables of the Commonwealth, to the extent Movants assert such security interests or liens exist. Movants only agree to produce certain specific documents: the Resolution, the security agreement for the ERS bonds, UCC-1 filings, and UCC-3 filings.

Please confirm Movants have no non-privileged documents responsive to this Request beyond the specific documents they have agreed to produce.

### VIII. Request for Production No. 3

This Request seeks documents relating to any actions by ERS or the Commonwealth that affected the value of Movants' collateral since May 21, 2017. Movants agree to produce such documents subject to their objection that certain documents are in the possession, custody and control of the "Government Parties."

Please confirm Movants do not intend to withhold documents responsive to this Request on the grounds Movants believe the Government Parties have them.

### IX. Request for Production No. 4

This Request seeks documents relating to the due diligence performed by Movants in connection with the issuance of the ERS Bonds. Movants object to this request on the grounds that it seeks information beyond the scope of the Court's August 8, 2018 Order and that the information is irrelevant to the issues in dispute. We disagree.



Sparkle L. Sooknanan, Esq.
March 7, 2019
Page 4

      Mr. Stewart agreed Movants would produce full diligence files during our conference call this past Sunday, March 3, following separate correspondence between you and me during the prior week. Movants did not raise any relevance or scope objections during that call or in prior correspondence, including objections limiting the production of diligence files only to the "purchase of any series of ERS Bonds from the underwriters of such ERS Bonds when first issued by ERS."

      This objection appears to be a late attempt to reverse course on the parties' prior agreement that Movants would produce their full diligence files concerning the ERS Bonds. Please confirm Movants will produce their full diligence files, as Movants agreed to do.

### X.    Request for Production No. 5

      This Request seeks documents and communications relating to the possible reduction in Employer Contribution rate or other changes in existing law that would adversely affect the amount of Employer Contributions. Movants object to this request on the grounds that it seeks information beyond the scope of the Court's August 8, 2018 Order and that the information is irrelevant to the issues in dispute. We disagree.

      Among other things, the requested documents are within the scope of this proceeding and relevant at least to show Movants knew and assumed the risk of possible reduction in the Employer Contribution rate and changes in law that would affect it. Such documents may also show that any alleged diminution in value is not the result of the automatic stay.

      Please confirm Movants will withdraw their specific objection noted above and will produce documents responsive to this Request.

### XI.    Request for Production No. 7

      This Request seeks documents related to the valuation of Movants' collateral or Pledged Property. Movants object to the production of internal documents relating to the value of their collateral or Pledged Property, apparently on the grounds that insurers in another case were not required to produce their own internal valuation documents. We disagree.

      Putting aside the clear relevance of the requested documents, Movants have not represented they will not rely on internal valuation documents to prove the value of their alleged collateral or Pledged Property for this motion. Even if Movants do make that representation, the requested documents would remain relevant to rebut Movants' contentions concerning value.

      Please confirm Movants will withdraw their specific objection concerning internal documents related to the value of their alleged collateral or Pledged Property, and produce documents responsive to this Request.

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 7, 2019
Page 5

*   *   *   *   *

      We are available to meet and confer concerning these issues this coming Sunday, March 10, 2019. Please advise of your availability.

Very truly yours,

William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Geoffrey S. Stewart, Esq. (via email) (gstewart@jonesday.com)
Cheryl T. Sloane, Esq. (via email) (csloane@whitecase.com)