# EXHIBIT CC

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

DIRECT NUMBER:  (202) 879-3435
SSOOKNANAN@JONESDAY.COM

March 7, 2019

<u>VIA EMAIL</u>

Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
mdale@proskauer.com

> Re:   *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Docket No. 3418 in Case No. 17-3283 and Docket No. 289 in Case No. 17-3566)

Dear Margaret:

Attached is a *Subpoena To Testify At A Deposition In A Civil Case* directed to The Financial Oversight And Management Board For Puerto Rico. The subpoena sets the deposition for March 13, 2019, which is the current deadline for completion of depositions. However, Movants anticipate that the deposition date may change to accommodate the resolution of any discovery disputes and the completion of document production.

Sincerely,

*/s/ Sparkle L. Sooknanan*

Sparkle L. Sooknanan

CC:   Martin J. Bienenstock (mbienenstock@proskauer.com)
Brian S. Rosen (brosen@proskauer.com)
Jeffrey W. Levitan (jlevitan@proskauer.com)
Paul Possinger (ppossinger@proskauer.com)
William Dalsen (wdalsen@proskauer.com)
Geoffrey S. Stewart (gstewart@jonesday.com)
Bruce Bennett (bbennett@jonesday.com)
Benjamin Rosenblum (brosenblum@jonesday.com)

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

March 7, 2019
Page 2

        Matthew E. Papez (mpapez@jonesday.com)
        Isel M. Perez (iperez@jonesday.com)
        Alfredo Fernandez-Martinez (afernandez@delgadofernandez.com)
        John C. Cunningham (jcunningham@whitecase.com)
        Jason N. Zakia (jzakia@whitecase.com)
        Cheryl T. Sloane (csloane@whitecase.com)
        Moneyede Martin  (mmartin@whitecase.com)
        Alicia I. Lavergne-Ramirez (alavergne@sanpir.com)

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Puerto Rico

In re: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al., and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Debtors. )
)
)
)
)
)
)

_Plaintiff_
v.
_Defendant_

Civil Action No.   17-bk-3283; 17-bk-3566

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          The Financial Oversight and Management Board for Puerto Rico

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: DELGADO & FERNANDEZ, LLC 1001 San Roberto Street, Moncillos Ward San Juan, Puerto Rico | Date and Time: 03/13/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:   Videotape and stenographer

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/07/2019

_CLERK OF COURT_

OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                           _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Movants identified in Exhibit B
_____ , who issues or requests this subpoena, are:
Sparkle L. Sooknanan, 51 Louisiana Ave NW, Washington DC 20001, ssooknanan@jonesday.com, 1.202.879.3435

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Specification Of Matters For Testimony By
## The Financial Oversight And Management Board For Puerto Rico

Pursuant to F.R.Civ.P. 30(b)(6) and subject to the following Definitions of this Exhibit A, it is your duty to produce one or more witnesses to testify on your behalf about the following matters:

1.  The value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

    (a)     May 21, 2017,
    (b)     June 30, 2017,
    (c)     August 23, 2017, and
    (d)     today.

2.  The dissolution of ERS, including the sale, liquidation, transfer, depletion, or dissipation of ERS's assets.

3.  The background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

4.  The background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

5.  The implementation of the Pay-Go for the Commonwealth's retirement systems, including (a) the amount of Pay-Go Fees collected and (b) the source of Pay-Go Fees collected.

6.  Communications from January 1, 2016 to present Concerning the possible increase or decrease of Contributions.

7.  The Commonwealth's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

8.  ERS's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

## DEFINITIONS

1.  Movants incorporate by reference the definitions and rules of construction set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York.

2.     "Act 106-2017" is the legislation enacted by the Legislative Assembly of the Government of Puerto Rico on August 18, 2017, and signed by the Governor of Puerto Rico into law on August 23, 2017.

3.     "Analysis" means any analysis, breakdown, estimate, financial plan, forecast, model, opinion, prediction, projection, proposal, or review.

4.      "Commonwealth" means the Commonwealth of Puerto Rico and its affiliates, exclusive of any affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury.

5.     "Employers' Contributions" has the meaning ascribed to it in the ERS Bond Resolution.

6.     "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

7.     "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental Resolutions.

8.     "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

9.     "ERS Bondholders" means persons or entities who are or have been the beneficial holders of ERS Bonds.

10.     "ERS Bondholders' Security Interest" means the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations.

11.     "Including" shall be construed to mean "without limitation."

12.     "Joint Resolution 188" is the Joint Resolution of the Legislative Assembly of the Government of Puerto Rico, passed on June 25, 2017, and adopted by the FOMB on behalf of the Governor of Puerto Rico on June 30, 2017.

13.     "Pay-Go" means the arrangement, mechanism or system for the funding and payment or benefits created by the "Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants," Act 106-2017.

14.     "Pay-Go Fee" shall have the meaning ascribed to it in the "Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants," Act 106-2017.

## **Exhibit B**

Andalusian Global Designated Activity Company
Glendon Opportunities Fund, L.P.
Mason Capital Master Fund, LP
Oaktree-Forrest Multi-Strategy, LLC (Series B)
Oaktree Opportunities Fund IX, L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.
Oaktree Value Opportunities Fund, L.P.
Ocher Rose, L.L.C.
SV Credit, L.P.
Puerto Rico AAA Portfolio Bond Fund, Inc.
Puerto Rico AAA Portfolio Bond Fund II, Inc.
Puerto Rico AAA Portfolio Target Maturity Fund, Inc.
Puerto Rico Fixed Income Fund, Inc.
Puerto Rico Fixed Income Fund II, Inc.
Puerto Rico Fixed Income Fund III, Inc.
Puerto Rico Fixed Income Fund IV, Inc.
Puerto Rico Fixed Income Fund V, Inc.
Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.
Puerto Rico Investors Bond Fund I
Puerto Rico Investors Tax-Free Fund, Inc.
Puerto Rico Investors Tax-Free Fund, Inc. II
Puerto Rico Investors Tax-Free Fund III, Inc.
Puerto Rico Investors Tax-Free Fund IV, Inc.
Puerto Rico Investors Tax-Free Fund V, Inc.
Puerto Rico Investors Tax-Free Fund VI, Inc.
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.
Tax-Free Puerto Rico Fund, Inc.
Tax-Free Puerto Rico Fund II, Inc.
Tax-Free Puerto Rico Target Maturity Fund, Inc.