# EXHIBIT JJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) X | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) x | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**MOVANTS' RESPONSES AND OBJECTIONS
TO DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 7036 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 36 of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by 48 U.S.C. § 2170, Movants[1] hereby submit the

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond

following responses and objections to Debtor's First Set of Requests for Admissions to Movants, dated February 27, 2019 ("Requests for Admission"). Movants reserve the right to supplement, amend or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1. The General Objections that follow are applicable to and incorporated into each and every individual response that Movants make to the Requests for Admission whether or not restated in response to any particular request. Movants' responses are made without waiving, or intending to waive, these General Objections, and Movants specifically reserve all of their other objections.

2. Movants' responses to the Requests for Admission are not intended to be, and shall not be construed as, agreement with the Debtor's characterization of any facts, circumstances, or legal obligations. To the extent any defined term or phrase is clear, Movants do not accept or endorse the characterization, but do not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3. Movants' responses to the Requests for Admission contained herein are made on the basis of information now known to Movants and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

---

Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

4. Movants object to the Requests for Admission, including the Definitions and Instructions, to the extent that they seek to impose obligations on Movants that are inconsistent with or exceed obligations for discovery under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

5. Movants object to the Requests for Admission to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege. Movants construe the Requests for Admission to seek non-privileged information, and, as such, to the extent Movants provide information, they will provide information that they believe is non-privileged and otherwise properly discoverable. Movants do not intend to provide any privileged information. Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

6. Movants object to each and every Request for Admission to the extent that it purports to seek information that is not within Movants' possession, custody or control.

7. Movants object to the Requests for Admission to the extent that they purport to require Movants to search for and provide information that is not "readily accessible" as that term is generally understood.

8. Movants object to the Requests for Admission to the extent that any requests are compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

9. Movants object to the "Definitions" in the Requests for Admission to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10. Movants object to the Requests for Admission to the extent that any Definition or any Request for Admission seeks to define terms and/or characterize evidence or disputed issues in the case. To the extent Movants adopt any terms used by the Debtor in the First Set of Requests for Admission, such adoption is limited solely to these responses.

11. Movants object to the definition of "Movants" and "Bondholders" as overly broad insofar as it extends beyond the movants named in the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 5196; Case No. 17-3566 Docket No. 367] and includes individuals and entities who have no connection with the current litigation and have identities separate and apart from Movants, including Movants' "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf." Movants will construe the Requests for Admission that refer to "Movants" or "Bondholders" as referring exclusively to the named Movants with respect to the ERS Bonds, and disclaim any obligation to provide information from any other persons.

12. Movants object to the definition of "ERS Bonds" as confusing or potentially misleading. The Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by ERS. Movants will construe the Requests for Admission that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

4

13. Movants object to the definition of "Offering Statement" as overly broad insofar as it extends to any possible offering statement for the ERS Bonds with no specification of the date the offering statement was issued. Movants will construe the Requests for Admission that refer to "Offering Statement" as referring exclusively to the Offering Statement for the Series A ERS Bonds, dated January 29, 2008, the Offering Statement for the Series B ERS Bonds, dated May 28, 2008, and the Offering Statement for the Series C ERS Bonds, dated June 26, 2008.

14. Movants object to the definition of "Pledged Property" as confusing or potentially misleading. Movants will construe the Requests for Admission that refer to "Pledged Property" as referring to Pledged Property as that term is defined in the Resolution.

15. Movants object to Instruction No. 5, which provides that "[u]nless otherwise stated, these Requests for Admission are without time limit," on the grounds that it is overly broad insofar as it purports to seek information at any time and contains no limitation on date ranges. In the absence of any agreement among the parties as to the applicable date ranges, Movants will respond to each Request for Admission within a date range that is reasonable for each request.

16. Movants object to each and every one of these Requests for Admission, and the instructions and definitions therein, to the extent that the information sought is publicly available, unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

17. Movants further object to Requests for Admission 1 through 4 on the ground that they each seek information that is irrelevant to the issues in dispute in Movants' *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 3418; Case No. 17-3566 Docket No. 289]. Movants' actions at the time of the issuance of the ERS Bonds have no

5

bearing on whether the Pledged Property has diminished in value (whether due to actions of ERS and the Commonwealth, the automatic stay or otherwise), or whether Movants' constitutionally protected and bargained-for property interests are adequately protected. Furthermore, page 26 of the Offering Statement does not address the diversion or other transfer of ERS assets, including the Pledged Property.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to the foregoing General Objections, all of which are incorporated by reference into the specific responses below, Movants respond to the Requests for Admission as follows:

**Request for Admission No. 1**:

Admit that You made one or more inquiries, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions" as set forth on page 26 of the Offering Statement.

**Response to Request for Admission No. 1**:

Movants deny this Request and state that it is beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

Movants Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc. and

6

SV Credit, L.P. deny this Request as not applicable to them because they did not purchase any series of ERS Bonds at the time those bonds were issued.

**Request for Admission No. 2**:

Admit that You did not make any inquiries, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

**Response to Request for Admission No. 2**:

Movants deny this Request and state that it is beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

Movants Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P. deny this Request as not applicable to them because they did not purchase any series of ERS Bonds at the time those bonds were issued.

**Request for Admission No. 3**:

Admit that You requested at least one Document, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

7

**Response to Request for Admission No. 3**:

Movants deny this Request and state that it is beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

Movants Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P. deny this Request as not applicable to them because they did not purchase any series of ERS Bonds at the time those bonds were issued.

**Request for Admission No. 4**:

Admit that You did not request any Documents, while performing due diligence in connection with the issuance of the ERS Bonds, relating to the Puerto Rico Legislature's ability to "reduce the Employer Contribution rate or make other changes in existing law that adversely affect the amount of Employer Contributions."

**Response to Request for Admission No. 4**:

Movants deny this Request and state that it is beyond the scope of the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

Movants Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P. deny this Request as not applicable to them because they did not purchase any series of ERS Bonds at the time those bonds were issued.

**Request for Admission No. 5**:

Admit that the Resolution provides that Your alleged security interest would only attach if and when the contributions were received by ERS or its Fiscal Agent. Resolution § 501.1 & Exh. VI-33, VI-36.

**Response to Request for Admission No. 5**:

Movants object to and deny this Request and state that it impermissibly seeks an admission of a legal conclusion, and thus no response is required.

**Request for Admission No. 6**:

Admit that You are not alleging that any funds have been transferred from the Postpetition Segregated Account since it was established.

**Response to Request for Admission No. 6**:

Movants object and respond that they can neither admit nor deny this Request because the Postpetition Segregated Account is not owned or maintained by Movants and, after making reasonable inquiry, Movants are without sufficient information to determine whether funds have been transferred from the Postpetition Segregated Account since it was established.

Movants admit they are currently not alleging that any funds have been transferred from the Postpetition Segregated Account since it was established, but reserve their right to make that

9

claim if facts or circumstances come to their attention that would support the claim.

**Request for Admission No. 7**:

Admit that the basis for Your asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth.

**Response to Request for Admission No. 7**:

      Movants object to and deny this Request as unintelligible, except Movants admit that one of the bases for their secured claim is that the Commonwealth has acquired property subject to Movants' liens. Movants further aver that they have filed a complaint and a proof of claim asserting their secured claim and Movants refer to those documents for their entire content.

**Request for Admission No. 8**:

Admit that the collateral for Your asserted secured claim at the Commonwealth is limited to receivables under the Pay-Go System from employers other than the Commonwealth who previously made Employer Contributions to ERS.

**Response to Request for Admission No. 8**:

      Denied.

**Request for Admission No. 9**:

Admit that the value of the collateral securing Your asserted secured claim at the Commonwealth exceeds the amount of your claim.

**Response to Request for Admission No. 9**:

      Movants object to and deny this Request on the grounds that it is unintelligible and impermissibly seeks an admission of a legal conclusion and on an ultimate issue in dispute. Movants' *Amended and Supplemented Adversary Complaint* in *Andalusian Global Designated*

10

*Activity Company et al., v. Commonwealth of Puerto Rico et al.*, asserts that Movants are "secured creditors to the full extent of their claims against the Commonwealth." *See* Adv. Proc. No. 17-219 Docket No. 39 and Adv. Proc. No. 17-220 Docket No. 39.

**Request for Admission No. 10**:

Admit that as of July 1, 2017, ERS stopped receiving Employers' Contributions due to the Commonwealth's adoption of the Pay-Go System.

**Response to Request for Admission No. 10**:

Denied, except Movants admit that on July 1, 2017, the Pay-Go System purportedly went into effect, and as a result, certain contributions from employers were diverted or otherwise transferred from ERS to the General Fund or general account of the Treasury of the Commonwealth of Puerto Rico or any "Accumulated Pensions Payment Account" created under the auspices of the Puerto Rico Treasury Department.

**Request for Admission No. 11**:

Admit that Your claims are payable solely from Pledged Property.

**Response to Request for Admission No. 11**:

Denied.

**Request for Admission No. 12**:

Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of the automatic stay.

**Response to Request for Admission No. 12**:

Movants object to and deny this Request and state that this Request impermissibly seeks an admission on a legal conclusion and on an ultimate issue in dispute, as noted in the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

**Request for Admission No. 13**:

Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of the use of collateral or Pledged Property under Section 363 of the Bankruptcy Code.

**Response to Request for Admission No. 13**:

Denied, except Movants admit that the diminution in value of Movants' collateral is not the result of actions taken pursuant to Section 363 of the Bankruptcy Code, which is not applicable to the Title III proceedings under 48 U.S.C § 2161.

**Request for Admission No. 14**:

Admit that the alleged diminution in value of Your collateral or Pledged Property is not the result of liens granted under Section 364 of the Bankruptcy Code.

**Response to Request for Admission No. 14**:

Denied, except Movants admit that the diminution in value of Movants' collateral is not the result of actions taken pursuant to Section 364 of the Bankruptcy Code.

**Request for Admission No. 15**:

Admit that the alleged diminution in value of Your collateral or Pledged Property is the result of the implementation of the Pay-Go Legislation.

**Response to Request for Admission No. 15**:

      Movants object to and deny this Request and state that this Request impermissibly seeks an admission on a legal conclusion and on an ultimate issue in dispute, as noted in the Court's August 6, 2018 *Order Scheduling Certain Deadlines with Respect to the Motion of Certain Secured Creditors of the Employees Retirement System for Relief from the Automatic Stay*, which authorized discovery "regarding the attribution of any diminution in value resulting from the automatic stay" [Case No. 17-3283 Docket No. 3747; Case No. 17-3566 Docket No. 313].

**Request for Admission No. 16**:

Admit that the Commonwealth is not liable to make any interest payments on the ERS Bonds.

**Response to Request for Admission No. 16**:

      Denied.

**Request for Admission No. 17**:

Admit that you do not have a perfected security interest in any cash of ERS or any assets of ERS acquired with cash.

**Response to Request for Admission No. 17**:

      Denied.

Dated: March 8, 2019

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Jason Zakia |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com<br>gkurtz@whitecase.com |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*)<br>WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2019, a true and correct copy of the foregoing was served via electronic mail to the persons listed below:

Margaret A. Dale
mdale@proskauer.com

Martin J. Bienenstock
mbienenstock@proskauer.com

Paul V. Possinger
ppossinger@proskauer.com

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for The Financial Oversight*
*and Management Board for Puerto Rico,*
*as representative of the Employees Retirement*
*System of the Government of*
*the Commonwealth of Puerto Rico*

*s/ Sparkle L. Sooknanan*