# EXHIBIT KK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS |

**THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO'S
<u>RESPONSES TO ERS BONDHOLDERS' REQUESTS FOR ADMISSION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as authorized by the Financial Oversight and Management Board for Puerto Rico (the "FOMB")[2] and pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, hereby responds and objects (collectively, the "Responses and Objections"), on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), to the Requests for Admission, dated February 27, 2019 (the "RFAs" or "Requests," and each a "Request") propounded by the Movants.[3]

## GENERAL OBJECTIONS

ERS objects to each and every one of the Movants' Requests on the following grounds. These General Objections are incorporated into each of ERS's Responses and Objections to each individual Request, set forth below in the Responses.

1.      ERS objects to the RFAs, and to each and every Request, to the extent they call for information protected by the attorney-client privilege, the attorney work product doctrine, the

---

[2] The FOMB, as ERS's representative pursuant to PROMESA section 315(b), has authorized AAFAF to serve this Response on behalf of ERS.

[3] The "Movants" consist of certain ERS bondholders, including Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2

executive and deliberative process privileges, the common interest privilege, or any other applicable privilege or protection recognized under statute or applicable case law.

2. ERS objects to the RFAs, the Definitions, and the Instructions to the extent that they purport to impose burdens on ERS that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "Governing Rules"). ERS will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3. The Responses that follow represent ERS's understanding of the facts after a reasonable investigation, and ERS reserves the right to develop and produce additional information at a later time. In responding to the Requests, ERS has used reasonable diligence to determine responsive facts and information. To the extent that Movants seek to require ERS to do more than the foregoing, ERS objects to each and every Request on the grounds that it is overbroad, oppressive, harassing, subjects ERS to undue burden and expense incommensurate with the Movants' legitimate discovery needs, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. ERS objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. Unless otherwise noted, ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. To avoid confusion, ERS's use of the term "Pay-Go Fee" expressly excludes "Employers' Contributions," as defined in the ERS Bond Resolution.

3

Case:17-03283-LTS Doc#:5971-37 Filed:03/21/19 Entered:03/21/19 14:10:47 Desc: Exhibit Exhibit KK Page 5 of 18

5. Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred. Each Response is subject to all appropriate objections (including, but not limited to, competency, relevancy, materiality, propriety and admissibility objections) which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein if the answer was given by a witness present and testifying in court. All such objections and grounds are expressly reserved.

6. The fact that ERS may reassert particular objections in responding to an individual Request should not be construed in any way as limiting the generality of the foregoing objections. The General Objections set forth above are asserted with respect to each and every Request set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Each of the foregoing General Objections is incorporated into the responses below:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Joint Resolution 188 and Act 106 directed ERS to sell its assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

ERS objects to this request because it seeks legal opinions and conclusions regarding the interpretation of Joint Resolution 188 and Act 106, which speak for themselves. ERS also objects to this request because "directed" is an undefined term that is vague and ambiguous. Subject to and without waiving any of its objections, ERS responds as follows:

4

ERS admits that Act 106 states, among other things, that the "Retirement Systems shall contribute their available funds and the net proceeds from the sale of their assets to the General Fund to help pay the Accumulated Pensions . . . ." Act 106, § 1.4. ERS further admits that Joint Resolution 188 states that the "Central Government and Judiciary Retirement System and the Teachers' Retirement System are ordered to sell their assets and to transfer the net cash proceeds, in addition to available funds, into the Treasury Secretary's account." J.R. 188, § 2.

**REQUEST FOR ADMISSION NO. 2:**

Admit that ERS sold its assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies this request but admits that ERS liquidated certain investments after the passage of Joint Resolution 188 and Act 106.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Joint Resolution 188 and Act 106 directed ERS to transfer the net cash proceeds from the sale of its assets into the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

ERS objects to this request because it seeks legal opinions and conclusions regarding the interpretation of Joint Resolution 188 and Act 106, which speak for themselves. ERS also objects to this request because "directed" and "net cash proceeds" are undefined terms that are vague and ambiguous. Subject to and without waiving any of its objections, ERS responds as follows:

5

ERS admits that Act 106 states, among other things, that the "Retirement Systems shall contribute their available funds and the net proceeds from the sale of their assets to the General Fund to help pay the Accumulated Pensions . . . ." Act 106, § 1.4. ERS further admits that Joint Resolution 188 states that the "Central Government and Judiciary Retirement System and the Teachers' Retirement System are ordered to sell their assets and to transfer the net cash proceeds, in addition to available funds, into the Treasury Secretary's account." J.R. 188, § 2.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the net cash proceeds from the sale of ERS's assets have been transferred into the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

ERS objects to this request because "net cash proceeds" and "sale" are undefined terms that are vague and ambiguous. Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies this request but admits that ERS deposited approximately $190 million from certain liquidated investments with the Treasury of Puerto Rico.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ERS Bond Resolution provides that Employers' Contributions are to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

ERS objects to this request because it seeks legal opinions and conclusions regarding the interpretation of the ERS Bond Resolution, which speaks for itself. Subject to and without waiving any of its objections, ERS responds as follows:

6

ERS denies this request but admits that Section 504.1 of the ERS Bond Resolution states that "[o]n the last Business Day of the month, the System will transfer the Employers' Contributions to the Fiscal Agent."

**REQUEST FOR ADMISSION NO. 6:**

Admit that since May 2017 and continuing to this date, Employers' Contributions have not been paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that after the filing of ERS's Title III petition in May 2017, ERS stopped transferring Employers' Contributions to the Fiscal Agent pursuant to the Bond Resolution and after July 1, 2017, ERS stopped receiving all Employers' Contributions. In July 2017, ERS deposited Employers' Contributions actually received by ERS from May 22, 2017 through and including May 31, 2017 in a post-petition segregated account pursuant to the *Order and Stipulation* dated July 17, 2017 (the "July 2017 Stipulation"). Thereafter, each month from July 2017 through October 2017, ERS transferred $18.5 million to the post-petition segregated account pursuant to the July 2017 Stipulation. ERS made payments to ERS bondholders from the Prepetition Segregated Account, pursuant, until there were no funds left in the account.

**REQUEST FOR ADMISSION NO. 7:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers that previously paid Employers' Contributions have instead been paying Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

ERS objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with

7

the other provisions of Act 106. ERS also objects to this request because "instead" is an undefined term that is vague and ambiguous. Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies that each and every Employer, as defined in the ERS Bond Resolution, who paid "Employers' Contributions" before July 1, 2017 currently pays Pay-Go Fees and that Pay-Go Fees are equivalent to Employers' Contributions. ERS, however, admits that under Act 106, "the Government, the Municipalities, the Legislative Branch, Court Administration and Public Corporations and other covered entities" pay a fee to the Secretary of the Treasury that "shall be equal to the amount actually paid to Pensioners and Beneficiaries from each covered entity." Act 106, § 2.1(b).

**REQUEST FOR ADMISSION NO. 8:**

Admit that since on or about July 1, 2017 and continuing to this date, the Commonwealth has paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

ERS objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. Subject to and without waiving any of its objections, ERS responds as follows:

8

ERS denies this request but admits that Act 106 establishes a fee "to be paid by the Government, the Municipalities, Judicial Branch, Legislative Branch and the Public Corporations," Act 106 § 1.6(g), and, based on information from the Commonwealth, the Commonwealth has credited such fees to the Treasury Single Account (TSA).

**REQUEST FOR ADMISSION NO. 9:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers other than the Commonwealth have paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

ERS objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that since July 1, 2017, certain Employers, as defined in the ERS Bond Resolution, who are covered by Act 106, have remitted Pay-Go Fees to the Commonwealth to reimburse the Commonwealth for actual payments made to those Employers' pensioners and beneficiaries, but ERS denies that each and every Employer is covered by Act 106 or currently pays Pay-Go Fees. In addition, not all entities covered by Act 106 have remitted the full amounts that were advanced on their behalf.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico have been commingled with the Treasury's other funds.

9

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

ERS objects to this request because it seeks information not in ERS's knowledge, possession, custody or control.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico are in non-trust accounts owned by the Commonwealth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

ERS objects to this request because it seeks information not in ERS's knowledge, possession, custody or control.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Commonwealth has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

ERS objects to the extent that this request seeks information not in ERS's knowledge, possession, custody or control. ERS cannot speak to the Commonwealth's "present intention" or otherwise to the Commonwealth's state of mind.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Fiscal Oversight and Management Board for Puerto Rico has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

ERS objects to this request to the extent it seeks information not in ERS's knowledge, possession, custody or control. ERS cannot speak to the Financial Oversight and Management Board for Puerto Rico's (the "Oversight Board") "present intention" or otherwise to the Oversight Board's state of mind.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the funds being used now to provide Benefits to Beneficiaries are being drawn from the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that payments the Commonwealth now makes to pensioners and beneficiaries come from the Treasury of the Commonwealth of Puerto Rico and that the Commonwealth is reimbursed for such payments from a separate central government account in which Pay-Go Fees from public corporations and municipalities are deposited and then swept into the Commonwealth's Treasury Single Account.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Pay-Go Fees are not being used to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

The ERS objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the ERS Bond Resolution, which speaks for itself. ERS also objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that Act 106, which speaks for itself, is in effect and Pay-Go Fees are being applied to the purposes set forth in Act 106.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Commonwealth has no present intention to use Pay-Go Fees to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

ERS objects to the extent that it seeks information not in ERS's knowledge, possession, custody or control. ERS cannot speak to the Commonwealth's "present intention" or otherwise to the Commonwealth's state of mind.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the amount of funds in the Prepetition Segregated Account have declined in value since May 21, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

ERS objects to this request as vague and ambiguous in its use of the phrase "declined in value." Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies this request on the grounds that no funds "declined in value" but admits that the amount credited to the Prepetition Segregated Account is now zero because ERS made distributions from the Prepetition Segregated Account to the Fiscal Agent pursuant to the July 2017 Joint Stipulation with the ERS bondholders until there were zero funds left in the account.

**REQUEST FOR ADMISSION NO. 18:**

Admit that as of on or about July 21, 2018, there were zero funds in the Prepetition Segregated Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that there were zero funds in Prepetition Segregated Account on or about July 21, 2018, because ERS made distributions from the account to the Fiscal Agent pursuant to the July 2017 Joint Stipulation with the ERS bondholders until there were zero funds left.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to July 1, 2017, Employers' Contributions had been the ERS's largest source of income.

12

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

ERS objects to this request as vague and ambiguous in its use of the term "income." Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that before July 1, 2017, Employers' Contributions were a significant source of income for ERS pursuant to the waterfall provisions of the ERS Bond Resolution. After Employers' Contributions were transferred to the Fiscal Agent for the purpose of paying debt service pursuant to Section 504.1 of the ERS Bond Resolution, the Fiscal Agent was required to deposit the Employers' Contributions in the "Revenue Account" and certain debt service and reserve accounts therein, including the "General Reserve Account," pursuant to section 504 of the ERS Bond Resolution. The Fiscal Agent could then withdraw funds from the "General Reserve Account" and transfer such funds to ERS pursuant to ERS Bond Resolution sections 509.6 and 509.8. Funds transferred to ERS in accordance with ERS Bond Resolution sections 509.6 and 509.8 were typically a significant source of income for ERS in any given fiscal year. ERS has not received any funds pursuant to ERS Bond Resolution sections 509.6 or 509.8 since July 2016.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Joint Resolution 188 provides for the dissolution of ERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

ERS objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the Joint Resolution 188, which speaks for itself. Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies this request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Act 106 provides for the dissolution of ERS.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

ERS objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the Act 106, which speaks for itself. Subject to and without waiving any of its objections, ERS responds as follows:

ERS denies this request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Commonwealth collected more than $1.8 billion in Pay-Go Fees from July 2017 to November 2018 from the Central Government, Public Corporations and Municipalities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

ERS objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. ERS will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. Subject to and without waiving any of its objections, ERS responds as follows:

ERS admits that approximately $1.8 billion in Pay-Go Fees for the time period of July 2017 to November 2018 were collected from the Central Government, Public Corporations and Municipalities, as publicly reported at http://www.aafaf.pr.gov/assets/paygo-report-jun-30-2018.pdf and http://www.aafaf.pr.gov/assets/paygo-report-jan-2019.pdf.

Dated: March 8, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

## **VERIFICATION OF REQUESTS FOR ADMISSION**

I, Luis Collazo Rodríguez, am Administrator of the Employees Retirement System for the Government of Puerto Rico ("ERS"). I have read the foregoing Responses and Objections to ERS Bondholders' Requests for Admission to ERS and know the contents thereof. I am informed and believe that the facts stated therein are true to the best of my knowledge and on the basis of information made available to me.

I verify under penalty of perjury that the foregoing is true and correct. Executed on March 8, 2019, in San Juan, Puerto Rico.

_____
Luis Collazo Rodriguez
Administrator
Employees Retirement System for
the Government of Puerto Rico

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2019, a true and correct copy of the foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com