# EXHIBIT LL

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS |

## THE COMMONWEALTH OF PUERTO RICO'S
## RESPONSES TO ERS BONDHOLDERS' REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Rules

7026 and 7034 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act

("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as

authorized by the Financial Oversight and Management Board for Puerto Rico (the "FOMB")[2] and

pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial*

*Advisory Authority*, Act 2-2017, hereby responds and objects (collectively, the "Responses and

Objections"), on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), to the

Requests for Admission, dated February 27, 2019 (the "RFAs" or "Requests," and each a

"Request") propounded by the Movants.[3]

## **GENERAL OBJECTIONS**

The Commonwealth objects to each and every one of the Movants' Requests on the

following grounds.  These General Objections are incorporated into each of the Commonwealth's

Responses and Objections to each individual Request, set forth below in the Responses.

1.      The Commonwealth objects to the RFAs, and to each and every Request, to the

extent they call for information protected by the attorney-client privilege, the attorney work

product doctrine, the executive and deliberative process privileges, the common interest privilege,

or any other applicable privilege or protection recognized under statute or applicable case law.

---

[2] The FOMB, as the Commonwealth's representative pursuant to PROMESA section 315(b), has authorized AAFAF to serve this Response on behalf of the Commonwealth.

[3] The "Movants" consist of certain ERS bondholders, including Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2.    The Commonwealth objects to the RFAs, the Definitions, and Instructions to the extent that they purport to impose burdens on the Commonwealth that are inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "Governing Rules").  The Commonwealth will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

3.    The Responses that follow represent the Commonwealth's understanding of the facts after a reasonable investigation and the Commonwealth reserves the right to develop and produce additional information at a later time.  In responding to the Requests, the Commonwealth has used reasonable diligence to determine responsive facts and information.  To the extent that Movants seek to require the Commonwealth to do more than the foregoing, the Commonwealth objects to each and every Request on the grounds that it is overbroad, oppressive, harassing, subjects the Commonwealth to undue burden and expense incommensurate with the Movants' legitimate discovery needs, and seeks information that is neither relevant to the subject matter of this case nor reasonably calculated to lead to the discovery of admissible evidence.

4.    The Commonwealth objects to the definition of the term "Commonwealth" as overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the disclosure of matter material and necessary in the prosecution or defense of the Stay Relief Motion. This definition encompasses "the Commonwealth of Puerto Rico and its affiliates" without regard to their connection to the events at issue in the Stay Relief Motion.  In responding to these Requests, the Commonwealth will construe "Commonwealth" to mean only the Commonwealth

of Puerto Rico and its employees, officials, and known agents reasonably likely to possess knowledge of information relevant to the scope of the Stay Relief Motion.

5. The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. Unless otherwise noted, the Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. To avoid confusion, the Commonwealth's use of the term "Pay-Go Fee" expressly excludes "Employers' Contributions," as defined in the ERS Bond Resolution.

6. Except for those facts expressly admitted herein, no admissions of any nature whatsoever are implied or should be inferred. Each Response is subject to all appropriate objections (including, but not limited to, competency, relevancy, materiality, propriety and admissibility objections) which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein if the answer was given by, a witness present and testifying in court. All such objections and grounds are expressly reserved.

7. The fact that the Commonwealth may reassert particular objections in responding to an individual Request should not be construed in any way as limiting the generality of the foregoing objections. The General Objections set forth above are asserted with respect to each and every Request set forth below.

### SPECIFIC RESPONSES AND OBJECTIONS
### TO REQUESTS FOR ADMISSION

Each of the foregoing General Objections is incorporated into the responses below:

### REQUEST FOR ADMISSION NO. 1:

Admit that Joint Resolution 188 and Act 106 directed ERS to sell its assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

The Commonwealth objects to this request because it seeks legal opinions and conclusions regarding the interpretation of Joint Resolution 188 and Act 106, which speak for themselves. The Commonwealth also objects to this request because "directed" is an undefined term that is vague and ambiguous. Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Act 106 states, among other things, that the "Retirement Systems shall contribute their available funds and the net proceeds from the sale of their assets to the General Fund to help pay the Accumulated Pensions . . . ." Act 106, § 1.4. The Commonwealth further admits that Joint Resolution 188 states that the "Central Government and Judiciary Retirement System and the Teachers' Retirement System are ordered to sell their assets and to transfer the net cash proceeds, in addition to available funds, into the Treasury Secretary's account." J.R. 188, § 2.

**REQUEST FOR ADMISSION NO. 2:**

Admit that ERS sold its assets.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The Commonwealth objects to the extent that this request seeks information not in the Commonwealth's knowledge, possession, custody or control. The Commonwealth directs Movants to ERS for a response to this request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Joint Resolution 188 and Act 106 directed ERS to transfer the net cash proceeds from the sale of its assets into the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

The Commonwealth objects to this request because it seeks legal opinions and conclusions regarding the interpretation of Joint Resolution 188 and Act 106, which speak for themselves.  The Commonwealth also objects to this request because "directed" and "net cash proceeds" are undefined terms that are vague and ambiguous.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Act 106 states, among other things, that the "Retirement Systems shall contribute their available funds and the net proceeds from the sale of their assets to the General Fund to help pay the Accumulated Pensions . . . ." Act 106, § 1.4.  The Commonwealth further admits that Joint Resolution 188 states that the "Central Government and Judiciary Retirement System and the Teachers' Retirement System are ordered to sell their assets and to transfer the net cash proceeds, in addition to available funds, into the Treasury Secretary's account."  J.R. 188, § 2.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the net cash proceeds from the sale of ERS's assets have been transferred into the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

The Commonwealth objects to this request because "net cash proceeds" and "sale" are undefined terms that are vague and ambiguous.  The Commonwealth also objects to this request to the extent it seeks information regarding sale of assets not in the Commonwealth's knowledge, possession, custody or control.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that the Treasury of the Commonwealth of Puerto Rico received approximately $190 million from ERS.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the ERS Bond Resolution provides that Employers' Contributions are to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

The Commonwealth objects to this request because it seeks legal opinions and conclusions regarding the interpretation of the ERS Bond Resolution, which speaks for itself. The Commonwealth also objects to this request to the extent it seeks information that is not in the Commonwealth's knowledge, possession, custody or control. Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Section 504.1 of the ERS Bond Resolution states that "[o]n the last Business Day of the month, the System will transfer the Employers' Contributions to the Fiscal Agent."

**REQUEST FOR ADMISSION NO. 6:**

Admit that since May 2017 and continuing to this date, Employers' Contributions have not been paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The Commonwealth objects to this request to the extent is seeks information not in the Commonwealth's knowledge, possession, custody or control. Subject to and without waiving any of its objections, the Commonwealth responds as follows:

Based on information provided by ERS, the Commonwealth admits that after the filing of ERS's Title III petition in May 2017, ERS stopped transferring Employers' Contributions to the Fiscal Agent pursuant to the Bond Resolution and after July 1, 2017, ERS stopped receiving all Employers' Contributions. ERS made payments to ERS bondholders from the Prepetition

Segregated Account, pursuant to the *Order and Stipulation* dated July 17, 2017 (the "July 2017 Stipulation"), until there were no funds left in the account.

**REQUEST FOR ADMISSION NO. 7:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers that previously paid Employers' Contributions have instead been paying Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106. The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106. The Commonwealth objects to this request because "instead" is an undefined term that is vague and ambiguous. The Commonwealth also objects to this request to the extent it seeks information not in the Commonwealth's knowledge, possession, custody or control. Subject to and without waiving any of its objections, the Commonwealth responds as follows:

Based on information provided by ERS, the Commonwealth denies that each and every Employer, as defined in the ERS Bond Resolution, who paid "Employers' Contributions" before July 1, 2017, currently pays Pay-Go Fees, and that Pay-Go Fees are equivalent to Employers' Contributions. The Commonwealth, however, admits that under Act 106, "the Government, the Municipalities, the Legislative Branch, Court Administration and Public Corporations and other covered entities" pay a fee to the Secretary of the Treasury that "shall be equal to the amount actually paid to Pensioners and Beneficiaries from each covered entity." Act 106, § 2.1(b).

**REQUEST FOR ADMISSION NO. 8:**

Admit that since on or about July 1, 2017 and continuing to this date, the Commonwealth has paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth denies this request but admits that Act 106 establishes a fee "to be paid by the Government, the Municipalities, Judicial Branch, Legislative Branch and the Public Corporations," Act 106 § 1.6(g), and the Commonwealth has credited such fees to the Treasury Single Account (TSA).

**REQUEST FOR ADMISSION NO. 9:**

Admit that since on or about July 1, 2017 and continuing to this date, Employers other than the Commonwealth have paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that since July 1, 2017, certain Employers, as defined in the ERS Bond Resolution, who are covered by Act 106, have remitted Pay-Go Fees to the Commonwealth to reimburse the Commonwealth for actual payments made to those Employers' pensioners and beneficiaries, but the Commonwealth denies that each and every Employer is

covered by Act 106 or currently pays Pay-Go Fees.  In addition, not all entities covered by Act 106 have remitted the full amounts that were advanced on their behalf.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico have been commingled with the Treasury's other funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth denies this request because Pay-Go Fees from public corporations and municipalities to cover amounts invoiced to them as reimbursement for the Commonwealth's payments to their pensioners and beneficiaries are deposited in separate central government accounts which are then swept into the Commonwealth's TSA.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Pay-Go Fees paid to the Treasury of the Commonwealth of Puerto Rico are in non-trust accounts owned by the Commonwealth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Pay-Go Fees from public corporations and municipalities to cover amounts the Commonwealth advanced to their pensioners and beneficiaries on their behalf are deposited in separate central government accounts that are not trust accounts.  The deposits are then swept into the Commonwealth's TSA.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the Commonwealth has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Act 106, which speaks for itself, is in effect and Pay-Go Fees are being applied to the purposes set forth in Act 106.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Fiscal Oversight and Management Board for Puerto Rico has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

The Commonwealth objects to this request to the extent it seeks information not in the Commonwealth's possession, custody or control.  The Commonwealth cannot speak to the Financial Oversight and Management Board for Puerto Rico's (the "Oversight Board") "present intention" or otherwise to the Oversight Board's state of mind.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the funds being used now to provide Benefits to Beneficiaries are being drawn from the Treasury of the Commonwealth of Puerto Rico.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that payments it now makes to pensioners and beneficiaries come from the Treasury of the commonwealth of Puerto Rico and that the Commonwealth is reimbursed for such payments from the accounts referenced in "Response to Request for Admission No. 10", provided that the Commonwealth's reimbursement is subject to entities covered by Act 106 having remitted the full amounts that were advanced on their behalf.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Pay-Go Fees are not being used to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

The Commonwealth objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the ERS Bond Resolution, which speaks for itself.  The Commonwealth also objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Act 106, which speaks for itself, is in effect and Pay-Go Fees are being applied to the purposes set forth in Act 106.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Commonwealth has no present intention to use Pay-Go Fees to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

The Commonwealth objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the ERS Bond Resolution, which speaks for itself.  The Commonwealth also objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that Act 106, which speaks for itself, is in effect and Pay-Go Fees are being applied to the purposes set forth in Act 106.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the amount of funds in the Prepetition Segregated Account have declined in value since May 21, 2017.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

The Commonwealth objects to this request as vague and ambiguous in its use of the phrase "declined in value."  The Commonwealth also objects to this request to the extent it seeks information not in the Commonwealth's knowledge, possession, custody or control.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

Based on information provided by ERS, the Commonwealth denies this request on the grounds that no funds "declined in value" but admits that the amount credited to the Prepetition Segregated Account is now zero because ERS made distributions from the Prepetition Segregated

13

Account to the Fiscal Agent pursuant to the July 2017 Joint Stipulation with the ERS bondholders

until there were zero funds left in the account.

**REQUEST FOR ADMISSION NO. 18:**

Admit that as of on or about July 21, 2018, there were zero funds in the Prepetition Segregated Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

The Commonwealth also objects to this request to the extent it seeks information not in

the Commonwealth's knowledge, possession, custody or control.  Subject to and without

waiving any of its objections, the Commonwealth responds as follows:

Based on information provided by ERS, the Commonwealth admits that there were zero

funds in Prepetition Segregated Account on or about July 21, 2018, because ERS made

distributions from the account to the Fiscal Agent pursuant to the July 2017 Joint Stipulation with

the ERS bondholders until there were zero funds left.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to July 1, 2017, Employers' Contributions had been the ERS's largest source of income.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

The Commonwealth objects to this request as vague and ambiguous in its use of the term

"income."  The Commonwealth also objects to this request because it seeks information solely in

the possession, custody or control of ERS.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Joint Resolution 188 provides for the dissolution of ERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

The Commonwealth objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the Joint Resolution 188, which speaks for itself. Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth denies this request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Act 106 provides for the dissolution of ERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

The Commonwealth objects to this request to the extent it seeks legal opinions and conclusions regarding the interpretation of the Act 106, which speaks for itself.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth denies this request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Commonwealth collected more than $1.8 billion in Pay-Go Fees from July 2017 to November 2018 from the Central Government, Public Corporations and Municipalities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

The Commonwealth objects to Movants' definition of "Pay-Go Fees" as "any payment made under Act 106 or Joint Resolution 188," because it is inaccurate and inconsistent with the language of Act 106.  The Commonwealth will use the definition of "Pay-Go Fee" stated in Act 106, § 1.6(g) and consistent with the other provisions of Act 106.  Subject to and without waiving any of its objections, the Commonwealth responds as follows:

The Commonwealth admits that approximately $1.8 billion in Pay-Go Fees for the time period of July 2017 to November 2018 were collected from the Central Government, Public

Corporations and Municipalities, as publicly reported at http://www.aafaf.pr.gov/assets/paygo-report-jun-30-2018.pdf and http://www.aafaf.pr.gov/assets/paygo-report-jan-2019.pdf.

Dated:  March 8, 2019
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 8, 2019, a true and correct copy of the

foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com

## VERIFICATION OF REQUESTS FOR ADMISSION

I, Philippe Mesa Pabón, am the Secretary of Public Policy for the Commonwealth of Puerto Rico.  I have read the foregoing Responses and Objections to ERS Bondholders' Requests for Admission, know the contents thereof and am responding to the best of my ability regarding my areas of expertise and knowledge.  I am informed and believe that the facts stated in Response Nos. 1, 3, 20 and 21 are true to the best of my knowledge and on the basis of information made available to me.

I verify under penalty of perjury that the foregoing is true and correct.  Executed on March 8, 2019, in San Juan, Puerto Rico.

Philippe Mesa Pabón
Secretary of Public Policy
Commonwealth of Puerto Rico

## VERIFICATION OF REQUESTS FOR ADMISSION

I, Francisco J. Peña Montañez, am the Under Secretary of the Puerto Rico Department of Treasury.  I have read the foregoing Responses and Objections to ERS Bondholders' Requests for Admission, know the contents thereof, and am responding to the best of my ability regarding my areas of expertise and knowledge.  I am informed and believe that the facts stated in Response Nos. 4-12, 14-18 and 22 are true to the best of my knowledge and on the basis of information made available to me.

I verify under penalty of perjury that the foregoing is true and correct.  Executed on March 8, 2019, in San Juan, Puerto Rico.

Francisco J. Peña Montañez
Under Secretary, Department of Treasury
Commonwealth of Puerto Rico

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 8, 2019, a true and correct copy of the

foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com