# EXHIBIT MM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | |
| | ) | Case No. 3:17-bk-03283 (LTS) |
| as representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | X | |
| | ) | |
| In re: | ) | |
| | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | |
| | ) | Case No. 3:17-cv-01685 (LTS) |
| as representative of | ) | Case No. 3:17-bk-03566 (LTS) |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ---------------------------------------------------------------- | x | |

## MOVANTS' RESPONSES AND OBJECTIONS
## TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, and Federal Rule of

Civil Procedure 33 incorporated therein, Movants[1] hereby respond to Debtor's First Set of

---

[1]   Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico

Interrogatories to Movants, dated February 27, 2019 ("Interrogatories").  Movants reserve the right to supplement, amend or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1.      These General Objections are applicable to and incorporated into each and every individual response that Movants make to the Interrogatories whether or not restated in response to any particular request.  Movants' responses are made without waiving, or intending to waive, these General Objections, and Movants specifically reserve all of their other objections.

2.      Movants' responses to the Interrogatories are not intended to be, and shall not be construed as, agreement with the Debtor's characterization of any facts, circumstances, or legal obligations. To the extent any defined term or phrase is clear, Movants do not accept or endorse the characterization, but do not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3.      Movants' responses to the Interrogatories contained herein are made on the basis of information now known to Movants and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

4.      Movants object to the Interrogatories, including the Instructions and Definitions, to the extent they seek to impose obligations on Movants that are inconsistent with or exceed obligations under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States District Court for the District of Puerto Rico, the

---

Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or any other applicable rule or law.

5.     Movants object to the Interrogatories to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege. Movants construe the Interrogatories to seek non-privileged information, and, as such, to the extent Movants provide information, they will provide information that they believe is non-privileged and otherwise properly discoverable. Movants do not intend to provide any privileged information. Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

6.     Movants object to each and every Interrogatory to the extent they seek information that is not within Movants' possession, custody or control.

7.     Movants object to the Interrogatories to the extent that they purport to require Movants to search for and provide information that is not "readily accessible" as that term is generally understood.

8.     Movants object to the Interrogatories to the extent that any requests are compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

9.     Movants object to the "Definitions" in the Interrogatories to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10.     Movants object to the Interrogatories to the extent that any Definition or any Interrogatory seeks to define terms and/or characterize evidence or disputed issues in the case. To the extent Movants adopt any terms used by the Debtor in the Interrogatories, such adoption is limited solely to these responses.

11.     Movants object to the definition of "Bondholders," "Movants," "You," and "Yours" as overly broad insofar as it extends beyond the movants named in the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 5196; Case No. 17-3566 Docket No. 367] and includes individuals and entities who have no connection with the current litigation and have identities separate and apart from Movants, including Movants' "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf." Movants will construe the Interrogatories that refer to "Bondholders," "Movants," "You," and "Yours" as referring exclusively to the named Movants with respect to the ERS Bonds, and disclaim any obligation to seek information from any other sources.

12.     Movants object to the definition of "ERS Bonds" as confusing or potentially misleading. The Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by the ERS. Movants will construe the Interrogatories that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

13.     Movants object to the definition of "Pledged Property" as confusing or potentially misleading. Movants will construe the Interrogatories that refer to "Pledged Property" as referring to Pledged Property as that term is defined in the Resolution.

14.     Movants object to Instruction No. 12, which provides that "[u]nless otherwise states, these Interrogatories are without time limit," on the grounds that it is overly broad insofar as it purports to seek information at any time and contains no limitation on date ranges. In the

absence of any agreement among the parties as to the applicable date ranges, Movants will respond

to each Interrogatory within a date range that is reasonable for each request.

       15.     Movants object to each and every one of these Interrogatories, and the instructions

and definitions therein, to the extent that the information sought is publicly available, unreasonably

cumulative or duplicative, or is obtainable from some other source that is more convenient, less

burdensome, or less expensive.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**  State the basis for Your allegation, in Paragraph 25 of the Lift Stay
Motion, that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that
have resulted in a decrease in value of Movants' collateral," including (a) each such action taken
by ERS, together with the amount of decrease in the value of Your collateral that resulted from the
action, and (b) each such action taken by the Commonwealth, together with the amount of decrease
in the value of Your collateral that resulted from the action.

      **Response to Interrogatory No. 1**:  Subject to and without waiving the foregoing General

Objections, Movants respond as follows:  Since ERS's Title III filing, ERS and the Commonwealth

have permanently transferred and diverted Movants' collateral from ERS to the Commonwealth,

and the Commonwealth is dissipating that collateral to pay other creditors.  These actions include,

but are not limited to, (i) the purported elimination of employer contributions to ERS as of July 1,

2017; (ii) directing employers to make pension system contributions to the Commonwealth instead

of ERS; and (iii) the liquidation of ERS's assets.  ERS and the Commonwealth have also denied

Movants' requests for adequate protection and opposed Movants' requests to lift the Title III stays,

thus preventing Movants from protecting their secured interests in the Pledged Property.  Movants

further incorporate their response to Interrogatory No. 6 below.  Movants further state that they do

not possess all the information necessary to (i) determine the exact value of the Pledged Property

as of a given date, or (ii) specifically identify all actions taken by ERS, the Commonwealth, and

others in furtherance of the plan to deplete the value of the Pledged Property.  Some or all of that

information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**INTERROGATORY NO. 2:**  State the date(s) on which You purchased ERS Bonds.

**Response to Interrogatory No. 2:**  In addition to the General Objections set forth above, Movants object to this Interrogatory on the ground that it seeks information not relevant to the Lift Stay Motion.

**INTERROGATORY NO. 3:**  Identify Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

**Response to Interrogatory No. 3:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  Movants' collateral is the Pledged Property, which includes:

(i)   all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(ii)   all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(iii)   the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(iv)   any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(v)   "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

6

**INTERROGATORY NO. 4:**   Identify Your collateral or Pledged Property as of today.

　　**Response to Interrogatory No. 4:**   Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The definition of "Pledged Property" has not changed over the course of this proceeding.  Movants' collateral is the Pledged Property, which includes:

(i)　　all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(ii)　　all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(iii)　　the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(iv)　　any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(v)　　"any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37

　　To the extent Interrogatory No. 4 requests information regarding the diversion of the Pledged Property, Movants object on the grounds that (i) that information is uniquely within the possession, custody, and control of ERS and the Commonwealth, and (ii) some of that information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**INTERROGATORY NO. 5:**   State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

　　**Response to Interrogatory No. 5:**   Subject to and without waiving the foregoing General Objections, Movants respond as follows:  Movants are unable to state the value of their collateral

or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017, because the information necessary to make that determination is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board.  Some of that information is the subject of Movants' outstanding discovery requests to those parties.


**INTERROGATORY NO. 6:** State the value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

    **Response to Interrogatory No. 6:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  Movants are unable to state the value of their collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017, because the information necessary to make those determinations is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board.  Some of that information is the subject of Movants' outstanding discovery requests to those parties.

    Subject to and without waiving the foregoing, Movants state that publicly available documents indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay imposed upon commencement of ERS's Title III case. Employer contributions to ERS were purportedly eliminated as of July 1, 2017, employers have instead made more than $1.8 billion in pension system contributions directly to the Commonwealth from July 2017 through November 2018, and the Commonwealth has been dissipating those funds to pay other creditors.  In addition, funds in ERS-related accounts decreased from $513 million as of November 30, 2017 to $375.9 million as of December 31, 2018.  Further, the majority of ERS's liquid assets were depleted by the start of FY2018.

**INTERROGATORY NO. 7:**  State the mark-to-market value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

**Response to Interrogatory No. 7:**   In addition to the General Objections set forth above, Movants object to this Interrogatory as vague, ambiguous, and unintelligible because collateral is not "marked-to-market."  Subject to and without waiving this objection or the General Objections, Movants further respond that they are currently unaware of any information responsive to this Interrogatory.

**INTERROGATORY NO. 8:**  State the value of Your collateral or Pledged Property as of today.

**Response to Interrogatory No. 8:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The information necessary to determine the exact value of the Pledged Property, as of a given date, is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board.  Although Movants' collateral has been impaired by the diversion and dissipation of the Pledged Property, Movants do not have enough information to identify the exact value of the Pledged Property as of March 8, 2019.  Some of that information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**INTERROGATORY NO. 9:** State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property.

      **Response to Interrogatory No. 9:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The value of the Pledged Property has been impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors. ERS and the Commonwealth have also failed to provide Movants with adequate protection and opposed Movants' requests to lift the Title III stays, thus preventing Movants from taking actions to prevent the misappropriation of the Pledged Property and protect their constitutionally protected property interests.

**INTERROGATORY NO. 10:** Identify the witnesses You intend to present at the hearing scheduled for March 22, 2019.

      **Response to Interrogatory No. 10:**  In addition to the General Objections set forth above, Movants object to this Interrogatory as premature and inconsistent with the provisions of the Court's February 25, 2019, scheduling order.

**INTERROGATORY NO. 11:** Identify the exhibits and Documents You intend to present in Your case in chief.

      **Response to Interrogatory No. 11:**  In addition to the General Objections set forth above, Movants object to this Interrogatory as premature and inconsistent with the provisions of the Court's February 25, 2019, scheduling order..

*[signatures appear on following page]*

10

**AS TO OBJECTIONS:**

Dated:  March 8, 2019

/s/ Alfredo Fernández-Martínez

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

/s/ Bruce Bennett

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP,, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

/s/ Alicia I. Lavergne-Ramírez

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@sanpir.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@sanpir.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

/s/ Jason Zakia

John K. Cunningham (*pro hac vice*)
Glenn M. Kurtz (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc*

**AS TO RESPONSES:**

*Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc.,* and *Puerto Rico Investors Tax-Free Fund VI, Inc.*

By: _____

Title: _____ SVP _____

Affidavit Number: 14,247

Sworn and subscribed to before me by Javier Rubio, of legal age, married, a banker and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the Puerto Rico Investors Family of Funds, and who is personally known to me, in San Juan, Puerto Rico, on this 8th day of March 2019.



_____
NOTARY PUBLIC



**AS TO RESPONSES:**

> *Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc.,* and *Tax-Free Puerto Rico Target Maturity Fund, Inc.*

By: _____
Name: Leslie Highley
Title:   Senior Vice-President

Affidavit Number:  349

Sworn and subscribed to before me by Leslie Highley Ramírez, of legal age, married, proprietor, and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the before-mentioned funds, and who is personally known to me, in San Juan, Puerto Rico, on this 8th day of March, 2019.



NOTARY PUBLIC

AMERICAS 99013978

## __VERIFICATION__

STATE OF NEW JERSEY            )
                              ) ss.
COUNTY OF ESSEX               )


I, James E. Bolin, being duly sworn, state that I am an agent of Andalusian Global Designated Activity Company, that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                Affiant


Subscribed and sworn to before me on this 8th day of March, 2019.

_____
Notary Public

My commission expires: May 2nd 2019

OFFICIAL SEAL
ASHLEY GALGANSKE
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires May 2, 2019

**VERIFICATION**

STATE OF ___New York___ )
                                        ) ss.
COUNTY OF ___New York___ )


I, Adrianna Cano, being duly sworn, state that I am an agent of Ocher Rose, L.L.C., that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
                     Affiant



Subscribed and sworn to before me on this ___8th___ day of March, 2019.


_____
Notary Public


My commission expires: ___4/14/2020___

JENNIFER M VASQUEZ
Notary Public, State of New York
No. 01VA6185208
Qualified in Bronx County
Commission Expires April 14, 20 20

## VERIFICATION

STATE OF NEW YORK     )
                                 )ss.
COUNTY OF NEW YORK   )

I, James McGovern, being duly sworn, state that I am an agent of Mason Capital Master Fund, LP, that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                   Affiant

Subscribed and sworn to before me on this___8th___ day of March, 2019.

_____
Notary Public

My commission expires: ___4|2|20___

KRISTINA WALL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01WA6258817
Qualified In New York County
My Commission Expires 04-02-2020

## VERIFICATION

STATE OF _California_ )
                      ) ss.
COUNTY OF _Los Angeles_ )


I, _HAIG MAGHAKIAN_ being duly sworn, state that I am an agent of Glendon Opportunities Fund, L.P., that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.


By: _____
                Affiant



Subscribed and sworn to before me on this_____ day of March, 2019.


_____
Notary Public


My commission expires: _____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of <u>LOS ANGELES</u>

Subscribed and sworn to (or affirmed) before me on this <u>8th</u> day of <u>MARCH</u>, 20 <u>19</u>, by <u>HAIG MAGHAKIAN</u>

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ALYSSA SUSAN ELLARD
Notary Public - California
Los Angeles County
Commission # 2231858
My Comm. Expires Feb 23, 2022

(Seal)                    Signature_____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 8, 2019, a true and correct copy of the foregoing was

served via electronic mail to the persons listed below:

Margaret A. Dale
mdale@proskauer.com

Martin J. Bienenstock
mbienenstock@proskauer.com

Paul V. Possinger
ppossinger@proskauer.com

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for The Financial Oversight*
*and Management Board for Puerto Rico,*
*as representative of the Employees Retirement*
*System of the Government of*
*the Commonwealth of Puerto Rico*

*s/ Sparkle L. Sooknanan*