# EXHIBIT PP

| | |
|---|---|
| **From:** | Pocha, Madhu <mpocha@omm.com> |
| **Sent:** | Saturday, March 9, 2019 1:27 PM |
| **To:** | Sooknanan, Sparkle L.; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth; wdalsen@proskauer.com; Dale, Margaret A.; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill; Neve, Brett M. |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. |
| **Subject:** | RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 |
| **Attachments:** | 2019.3.9 ERS_Search_Term_Hit_Counts.docx; 2019.3.9 ERS_Lift_Stay_Custodians.docx |

Sparkle,

A reasonable meet and confer over search terms requires that both sides engage with the terms.  Your response to our March 4 search term proposal, however, failed to propose any revised terms.  Nor do we agree with the assertion that the burden falls solely on Respondents to suggest terms.  Movants and their outside law firms have years of involvement with and deep knowledge of ERS and, indeed, have proposed search terms in the past.

Although we disagree with your characterization of events, in the interest of reaching an agreement, we ran the attached search strings to assess the burden of adding more terms and removing a limiter, as you requested.  We ran terms (including Spanish equivalents) with [1] no limiter (79,548 hits), [2] an "and" limiter (36,106 hits), [3] a "w/25" limiter (18,000 hits) and [4] a "w/10" limiter (13,880 hits).  Even for search #4, the hit counts are high and we estimate a review will require at least two to three weeks to complete.  If you have proposals for narrowing the proposed search strings or for otherwise reducing the volume such that they can be reviewed on an expedited basis, let us know.  Alternatively, we will need a longer discovery schedule to accommodate review of the substantial number of documents returned on the less limited searches.  A few notes:

- **Privilege:**  Given the nature of Movants' document requests, we believe that a high proportion of responsive documents may be privileged.  Because reviewing and logging thousands of privileged documents would be burdensome and expensive, we are going to review a sample of 500 documents from search #4 to assess the proportion of responsive materials that are privileged.  The sample will also provide us a means to assess the sufficiency of the search terms.

- **Search terms:**  The search strings include the additional terms in your March 5 email plus Spanish equivalents.  We had to revise the syntax to make the search strings run correctly.  The terms reflect our fact investigation to date, including into terms like "PayGo" that may have been used to refer to legislation that became Act 106 and Joint Resolution 188.   Per our agreement, we did not include any terms for RFP 1.  Regarding RFP 2, while we do not believe Movants have any rights to Pay-Go fees, we have agreed to produce documents sufficient to show how much in Pay-Go fees the Commonwealth has collected, as well as projections of future fees.

1

- **Limiters:**  We likely need to use a "w/10" limiter due to the high hit counts unless we substantially extend the discovery schedule.  Let us know if you have proposals for additional or different limiters.

- **Custodians:**  We ran the search terms against the files of 7 custodians who we believe are likely to have responsive documents and whose files we now have collected and processed (see attached).  From AAFAF:  Gerardo Portela, Mohammad Yassin, and Carlos Yamin.  From the Commonwealth:  Philippe Mesa and Francisco Peña.  From ERS:  Luis Collazo and Cecile Tirado.

- **Date range:**  We used a January 1, 2017 to October 1, 2017 date range because Movants are challenging the actions of the current administration, which began in 2017.  Given the already high hit counts, it does not make sense to expand the burden of this review by collecting and reviewing documents from individuals who were not responsible for decisions of this administration and whose files would have even less relevance to the Stay Relief Motion than those who were involved with Act 106 and Joint Resolution 188.

Best,

Madhu