# EXHIBIT RR

**Proskauer**  Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

March 11, 2019

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

**Via Email**

Sparkle L. Sooknanan, Esq.
Jones Day
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939
ssooknanan@jonesday.com

Re:   *In Re The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS)* **(No. 17 BK 3566-LTS) – Movants' Objections and Responses to Debtor's First Set of Requests for Admission and Interrogatories**

Dear Sparkle:

I write in an effort to resolve, without court intervention, numerous issues raised by Movants' Objections and Responses to ERS's First Set of Requests for Admissions ("RFAs") and First Set of Interrogatories ("Interrogatories") (collectively, the "Requests"). We request a meet-and-confer regarding the issues identified below.

### Issues Common to Movants' Responses and Objections to the Requests

**I.   General Objection No. 7 (RFAs and Interrogatories)**

Movants object to the Requests to the extent the information requested is "not 'readily accessible' as that term is generally understood." As we noted in my letter of March 7, 2019 with respect to Movants' responses to Debtor's requests for production, we do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection.

**II.   General Objection No. 8 (RFAs and Interrogatories)**

Movants object to the Requests to the extent they seek information that is "potentially misleading." We do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection. To the extent Movants are withholding

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 2

any information on the basis of this objection, please also identify any Requests or parts of Requests Movants contend are "potentially misleading."

### III. General Objection No. 11 (RFAs and Interrogatories)

Movants object to Debtor's definitions of "Movants," "Bondholders," and "You" on the grounds they are "overly broad," and state that Movants will interpret those definitions to refer "exclusively to the named Movants with respect to the ERS Bonds."

As noted in my letter of March 7, 2019 concerning Movants' objections and responses to Debtor's requests for production, we wish to meet and confer concerning this objection and Movants' basis for asserting it. Additionally, to the extent Movants intended the difference in the language of their "disclaimer" in this objection—which states that Movants "disclaim any obligation to provide information from any other *persons*" in the RFAs, and "disclaim any obligation to seek information from any other *sources*" in the Interrogatories—please articulate the basis for that difference.

### IV. General Objection No. 13 (Interrogatories) & General Objection No. 14 (RFAs)

Movants object to the definition of "Pledged Property" as "potentially misleading." We do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection.

### V. General Objection No. 14 (Interrogatories) and General Objection No. 15 (RFAs)

Movants state the scope of ERS's Requests is "overly broad" absent an agreement on date ranges, and that Movants will unilaterally decide upon a "reasonable" date range for each Request.

It is unclear what date range Movants intend to apply to each Request on the basis of this objection, or whether Movants intend to apply multiple date ranges as an initial matter. It is also unclear whether Movants intend for this objection to supersede our prior discussions and agreements concerning the application of date ranges to search terms.

Please identify what Movants believe to be the "reasonable" date range for each Request, and the basis for that belief.



Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 3

## Movants' Responses and Objections to the RFAs

**I.     General Objection No. 17 and Requests for Admission Nos. 1 - 4**

Movants generally object to Requests 1-4 as irrelevant on the grounds Movants' actions at the time of the issuance of ERS Bonds "have no bearing on whether the Pledged Property has diminished in value" or whether Movants' rights have been adequately protected. Certain Movants further specifically object to Requests 1-4 on the grounds they did not purchase ERS Bonds at the time they were issued. We disagree.

These Requests are relevant to show that Movants knew and assumed the risk of legislation that would affect the ERS Bonds, and to show that any alleged diminution is not the result of the automatic stay. Further, during our conference last Sunday, March 3, 2019, Mr. Stewart agreed that Movants would produce full diligence files in response to Debtor's requests for production, without objecting to relevance or scope.

Nor can certain Movants[1] avoid answering these Requests. All Movants, including later purchasers of ERS Bonds, fall within the scope of the Definitions of "Movants" and "You" supplied with the Requests, and all must answer as to the original purchasers at issuance. In any event, diligence Movants performed prior to purchasing ERS Bonds is diligence "in connection with the issuance of ERS Bonds," which is the subject of these Requests. To the extent certain Movants performed no diligence in connection with the issuance of ERS Bonds (which includes their purchase of ERS Bonds), they may deny the Requests separately.

Requests 1-4 must be answered or deemed admitted. Please confirm Movants will withdraw their objections noted above and will answer these Requests.

**II.    Request for Admission No. 5**

This Request asks Movants to admit that any security interests would only attach if and when the contributions were received by ERS or its Fiscal Agent. Movants object to this Request on the grounds that it seeks an admission of a legal conclusion. We disagree.

Requests for admission may properly call for the application of law to fact, or opinions about the application of law to fact. Fed. R. Civ. P. 36(a)(1)(A). This Request fits both permitted categories, as it supplies a factual scenario (the receipt of contributions by ERS or the Fiscal Agent) and asks Movants to apply applicable law and admit or deny whether that is the only scenario where their alleged security interests would attach. At a minimum, it asks Movants' opinion on that issue.

---

[1] Namely: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P.

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 4

This Request must be answered or deemed admitted. Please confirm Movants will withdraw their objections and answer this Request.

### III. Request for Admission No. 7

This Request asks Movants to admit their asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth. Movants object to this Request as "unintelligible," but then admit that one of the bases of their secured claim is that the Commonwealth has acquired property subject to Movants' liens.

Movants' objection is improper because the Request is intelligible, as evidenced by Movants' ability to provide an answer to it (however incomplete). Movants' objection must be withdrawn, and Movants must provide an amended answer that fairly responds to this Request.

Movants' current answer is deficient for two additional reasons. First, we do not understand what Movants refer to by the phrase "acquired property subject to Movants' liens." Please identify what property Movants are referring to in this answer, and why that property is subject to Movants' liens. Second, Movants' statement that "they have filed a complaint and a proof of claim asserting their secured claim" do not include any information about the complaint and proof of claim to which they refer. Please identify, by case and docket number, the specific documents intended to be incorporated into Movants' current answer.

### IV. Request for Admission No. 11

This Request asks Movants to admit their claims are payable solely from Pledged Property. Movants deny the Request without explanation, but in response to Interrogatory Nos. 3 and 4 state "Movants' collateral is the Pledged Property" as defined under the Resolution.

We cannot square the denial of this Request with Movants' responses to Interrogatory Nos. 3 and 4. Please explain how Movants' claims are payable from sources other than Movants' collateral, such that this Request was properly denied.

### V. Requests for Admission Nos. 12 and 15

These Requests ask Movants to admit, first, that the alleged diminution in value of Movants' collateral or Pledged Property is not the result of the automatic stay (RFA No. 12), and second, that such alleged diminution is the result of the Pay-Go Legislation (RFA No. 15). Movants object to these Requests on the grounds they seek legal conclusions on ultimate issues. We disagree.

Requests for admission may properly ask a party to admit the truth of facts, the application of law to facts, or opinions about either. Fed. R. Civ. P. 36(a)(1)(A). Both Requests are proper because both ask Movants to admit a fact—namely, whether Movants contend the automatic stay (RFA No. 12) is not, and the Pay-Go Legislation (RFA No. 15) is, the factual cause of any alleged diminution of value for which they seek relief. At a minimum, both Requests ask for the



Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 5

application of law to the supplied factual predicates. Further, these Requests are not beyond the scope of these proceedings because they seek discovery precisely on the subject of "the attribution of any diminution in value resulting from the automatic stay."

These Requests must be fairly answered or deemed admitted. Please confirm Movants will withdraw their objections and answer these Requests.

### VI. Request for Admission No. 17

This Request asks Movants to admit they do not have a perfected security interest in any cash of ERS or any assets of ERS acquired with cash. Movants deny this Request without explanation, suggesting they have a perfected security interest in cash or assets acquired with cash.

Please produce the documentary basis for Movants' denial of this Request. For example, to deny this Request as to cash of ERS, Movants would be required to have control of that cash, typically through a deposit account control agreement. Further, to the extent Movants contend they have a perfected security interest in assets ERS acquired with cash in which Movants have no perfected security interest, please provide the documentary basis for Movants' denial.

### **Movants' Responses and Objections to Debtor's Interrogatories**

### I. Interrogatory No. 2

This Request asks Movants to state the date on which they purchased ERS Bonds. Movants object to this Request on the grounds that it is not relevant to the Lift Stay Motion. We disagree.

The date of purchase is relevant to establish Movants as holders of ERS Bonds, particularly those Movants who did not originally seek adequate protection and have recently joined these proceedings. Further, the date of purchase is relevant to establish when, if ever, each respective Movants acquired rights to any collateral or Pledged Property.

Please confirm Movants will withdraw their objection and answer Interrogatory No. 2.

### II. Interrogatory Nos. 5 and 6

These Requests ask Movants to state the value of their collateral or Pledged Property as of certain specified dates. Movants object on the grounds that the information is "uniquely" in the possession, custody or control of ERS, AAFAF, and the Commonwealth. We disagree.

Movants are financially sophisticated, and it is inconceivable they have no sense of the value of the alleged collateral or Pledged Property securing their ERS Bonds. Such valuations would be created in the ordinary course of business prior to purchase and to monitor Movants' investments in ERS Bonds, and are relevant to show whether there has been any diminution in value and the cause of any such diminution. Please confirm Movants will withdraw their objections and answer these Requests.

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 6

      Further, as to Interrogatory No. 6, please either produce, or identify in your production by Bates number, the documents relied upon and referenced in Movants' response to Interrogatory No. 6.

### III. Interrogatory No. 8

      This Request asks Movants to state the value of their collateral or Pledged Property as of today. Movants object to these Requests on the grounds that the information is in the possession, custody or control of the Government Parties. We disagree.

      As noted above concerning Interrogatory Nos. 5 and 6, it is inconceivable that financially sophisticated Movants have no information about the value of the collateral or Pledged Property for which they seek adequate protection. Indeed, if Movants have no idea of the value of their collateral or Pledged Property, they have no basis to seek adequate protection for diminution of it. Movants must identify the value of their alleged collateral or Pledged Property for each category of collateral or Pledged Property.

      Movants also appear to object to this Request on the grounds they cannot articulate the "exact" value of their collateral or Pledged Property. This objection is improper, as the Request does not ask for "exact" value, but instead asks Movants to state the value based on information in their possession, custody, and control. To the extent Debtor understands Movants' objection, Debtor does not accept the proposed limitation of this Request to providing an "exact" value.

      Please confirm Movants will withdraw their objections and answer Interrogatory No. 8.

### IV. Interrogatory No. 9

      This Request asks Movants to state with particularity the cause of any alleged diminution in value of their collateral or Pledged Property. Movants state that "the value of the Pledged Property has been impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors." Movants' response is plainly deficient.

      This Request asks Movants to state *with specificity* the cause for any alleged diminution in value. Movants' response, in contrast, speaks in generalities, stating there has been a "permanent diversion" of collateral without identifying (1) what caused that diversion, (2) why it is permanent, and (3) the specific collateral that has been diverted.

      Please confirm Movants will supply an amended answer to this Request to address those plain deficiencies and that will identify, with specificity, the cause of any alleged diminution in value.

\*     \*     \*     \*     \*

**Proskauer**

**Proskauer**

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 7

      As the parties are separately conferring concerning the schedule in this matter, we propose discussing the issues raised in this letter and the issues raised in my letter of March 7, 2019 on an agreed-upon date. Please advise of your availability.

Very truly yours,

William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Geoffrey S. Stewart, Esq. (via email) (gstewart@jonesday.com)
Cheryl T. Sloane, Esq. (via email) (csloane@whitecase.com)