# EXHIBIT SS

| | |
|---|---|
| **From:** | Papez, Matthew E. |
| **Sent:** | Tuesday, March 12, 2019 7:28 PM |
| **To:** | mpocha@omm.com; Sooknanan, Sparkle L.; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth; wdalsen@proskauer.com; Dale, Margaret A.; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill; Neve, Brett M. |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; jzakia@whitecase.com; csloane@whitecase.com |
| **Subject:** | RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 |

Madhu,

Your email is not at all accurate. We have been trying to work with you on the discovery we served, including with regard to the search terms, date ranges, and other parameters for searching your ESI, but most of our concerns and suggestions have been rejected out-of-hand. It is not, however, productive for either side to engage in an email debate about how we got here. Rather, it is imperative that Debtors start on their review of ESI as quickly as possible.

To that end, and in response to your invitation in your email below, we have set forth below the search parameters to which we would agree. As we explain below, we do not believe any of these parameters is any more burdensome than what Movants have agreed to do (and have been doing) in response to the Debtors' requests. And, in fact, we believe that these search parameters are far more likely to be under-inclusive than overly burdensome. We nevertheless are willing to agree to these parameters in order to move the case forward.

- <u>Search terms.</u>
    - We would agree to the following (in English below, but would also need to include the Spanish equivalent):
        ("Pay-Go" OR "pay-as-you-go" OR "PayGo" OR (pay w/1 go) OR "Law 106" OR "Act 106" OR "Joint Resolution 188" OR "SB 603" OR ERS or "employees retirement system" OR legislation OR legislature OR statute) AND ((employer* w/2 contribut*) OR bond* OR "security interest" OR pledge* OR collateral)
    - We note that this search term is very similar to Search Term No. 2 in the chart you sent on March 9. The differences are: i) the inclusion of the terms "PayGo" and (pay w/1 go) as additional formulations of "Pay-Go"; and ii) the revision of "(employer* w/2 contribution*)" to "(employer* w/2 contribut*)", which you already agreed to change.
    - Based on your March 9 chart, the earlier formulation of this search yielded 9,258 hits and 36,106 hits-with-family. The slightly revised terms noted above will likely cause that hit count to increase marginally. We are confident, however, that the final hit-count from this search will come nowhere near the hit-count on the searches we are running in response to the Debtors' request—which, as we told you yesterday, we anticipate will total at least 44,000 direct hits (i.e., not hits-with-family).

- <u>Date Range:</u>
    - We believe that the Debtors should use a date range of April 1, 2016 through October 1, 2017.

1

- o The October 1, 2017 end-date is what Debtors proposed, and we have no problem with it.
- o We have already explained that the April 1, 2016 beginning date is based on a meeting that occurred on April 28, 2016, in which Puerto Rico's financial adviser (Jim Milstein) threatened to circumvent ERS's obligations by creating a system that is almost the same as PayGo. It is, accordingly, clear to us that relevant individuals started discussing the system that eventually became PayGo as early as April 2016.
- o In addition, and as a point of comparison, Debtors asked Movants to begin their searches for responsive documents on a date six months before the date of each Movant's initial purchase of ERS Bonds. We agreed to do that, and as a result, some Movants are producing documents from well before April 2016. Accordingly, here too, we are not asking you to do anything more than what we already agreed to do.

- Custodians
    - o We do not know the names or positions of relevant current or former employees of ERS, the Commonwealth, and AAFAF, and so we cannot provide specific names of custodians. Generally, the custodians should include relevant officials from ERS, the Commonwealth, and AAFAF who had communications about the system and legislation that eventually became PayGo, Act 106, and JR 188, even if those individuals have since left their jobs. We are willing to work with you to come up with an acceptable roster of custodians, but we need information from you to do so.
    - o We also note that we have searched the files of 32 custodians from our clients. By comparison, you have proposed searching only 7 custodians from your clients. Although we are likely to request that you search additional custodians once we have more information, we think it very unlikely that we will be asking you to search an additional 25 custodians. Accordingly, on this metric too, we are not asking you to do anything more than what we will be doing.

- Hard-Copy and Soft-Copy Files:
    - o Our position here is that the Debtors should search for and produce documents from general files (hard-copy or soft-copy) that ERS, the Commonwealth, and AAFAF have about PayGo, Act 106, or JR 188, to the extent those documents are responsive to our RFPs.
    - o As a point of comparison, and in response to a request from you, we agreed to search for and produce any general due diligence files (hard-copy or soft-copy) our clients had relating to the issuance of the ERS bonds. We view our request that Debtors do the same for PayGo, Act 106, or JR 188, as a corresponding request to you.

- Privilege.
    - We do not agree to the sampling method you proposed, as Sparkle explained in her email last night.
    - Our position on privilege is simple: As required by the Federal Rules, both sides will exchange document-by-document privilege logs that describe each document that is subject to a claim of privilege in a manner that will enable other parties to assess the claim.
    - We propose that both sides exchange their privilege logs on whichever day is ultimately the deadline for completion of document production.

We look forward to hearing from you on this.
Thanks,
Matt



Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**

2

51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Pocha, Madhu <mpocha@omm.com>
**Sent:** Tuesday, March 12, 2019 11:15 AM
**To:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill <wsushon@omm.com>; Neve, Brett M. <bneve@omm.com>
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. <mpapez@jonesday.com>
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Sparkle -- thank you for your e-mail.  Unfortunately, your response strongly suggests that you are more interested in motion practice than a good-faith effort to resolve our differences over discovery.  While we have repeatedly offered proposals that attempt to give you the discovery to which you seek, your response is to just say "no" and reiterate demands we have already explained to be unreasonable.  Although the discovery the Bondholders seek concerning Act 106 and Joint Resolution 188 is irrelevant to whether the stay is causing a diminution of the Bondholders' collateral, we have been and remain willing to try to reach a reasonable resolution that does not force Puerto Rico's public entities to incur needless discovery costs at a time when resources are limited.  In a final effort to resolve these disputes, we ask that you make a concrete proposal that would satisfy your demands.  If you believe our limiters, terms, date range, or custodians are unduly restrictive, please tell us specifically what parameters and which custodians would be acceptable to you so that we can assess your request (as you did when we negotiated over discovery from ERS in 2017).  Otherwise, this exercise is nothing more than empty posturing.  We hope to hear from you with a more constructive proposal.

Best,
Madhu


**From:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>
**Sent:** Monday, March 11, 2019 6:58 PM
**To:** Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill <wsushon@omm.com>; Neve, Brett M. <bneve@omm.com>
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. <mpapez@jonesday.com>
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Madhu,

I am writing to address certain points in your March 9 email.

**1. The w/10 limiter you propose.**  We do not agree to the w/10 limiter you have proposed for your searches, particularly without further explanation of how you arrived at that limiter.  Notably, the hits using the "w/25" limiter are not substantially greater than the hits using the "w/10" limiter (18,000 vs. 13,880).  In addition, your searches with the "w/25" limiter would still yield about 10,000 fewer hits than the 27,834 documents we will have reviewed by Wednesday.

**2. Privilege.**  Your email states that you plan to review a sample of 500 documents that hit on the searches (with a w/10 limiter) for both responsiveness and privilege.  We do not accept this sampling method at this time.  In particular, we need to know which files you propose to pull the sample from; what you will do to ensure statistical validity; and what kind of information we can expect you to report to us about the sampling method you propose.  We will also insist that you provide a privilege log for any of the 500 documents you determine are privileged.

**3. "Syntax."**  Your email states that you had to "revise the syntax to make the search strings run correctly."  We do not know what you mean by "revising the syntax."  Please advise.

**4. Custodians.**  We do not agree that the custodians you have selected are sufficient.  Of note, we deposed Cecile Tirado in 2017, and she knew so little about relevant issues that we had to move to compel ERS to produce a competent witness.  Based on that history in particular, we do not agree that she, along with one other ERS employee, would be sufficient custodians from ERS.  In addition, please advise what you have done to search the files of senior ERS officials who have left ERS.  We expect those individuals would have had relevant files from 2017 and earlier, even if they are no longer with ERS.

**5. Date range.**  We do not agree to your proposed date range of January 1, 2017 through October 1, 2017.  As we previously told you, we are aware of a meeting with Puerto Rico's financial adviser (Jim Milstein) on April 28, 2016, in which he threatened to circumvent ERS's obligations by creating a system that is almost the same as PayGo.  Documents from before January 1, 2017 are, thus, plainly relevant to this dispute.

**6. Hard copy documents and other hard-copy or soft-copy files.**  Aside from the specific custodians whose documents you are searching, please advise what you have done to search for relevant hard-copy or soft-copy files.  For example, given that ERS is now out of business, have you searched ERS's archives?

**7. AAFAF.**  In complying with the subpoena we served on AAFAF, do you intend to run the same search terms on the custodians you identified?

Thanks,
Sparkle


------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Pocha, Madhu <mpocha@omm.com>
**Sent:** Saturday, March 9, 2019 1:27 PM
**To:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>;

mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill <wsushon@omm.com>; Neve, Brett M. <bneve@omm.com>
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. <mpapez@jonesday.com>
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Sparkle,

A reasonable meet and confer over search terms requires that both sides engage with the terms. Your response to our March 4 search term proposal, however, failed to propose any revised terms. Nor do we agree with the assertion that the burden falls solely on Respondents to suggest terms. Movants and their outside law firms have years of involvement with and deep knowledge of ERS and, indeed, have proposed search terms in the past.

Although we disagree with your characterization of events, in the interest of reaching an agreement, we ran the attached search strings to assess the burden of adding more terms and removing a limiter, as you requested. We ran terms (including Spanish equivalents) with [1] no limiter (79,548 hits), [2] an "and" limiter (36,106 hits), [3] a "w/25" limiter (18,000 hits) and [4] a "w/10" limiter (13,880 hits). Even for search #4, the hit counts are high and we estimate a review will require at least two to three weeks to complete. If you have proposals for narrowing the proposed search strings or for otherwise reducing the volume such that they can be reviewed on an expedited basis, let us know. Alternatively, we will need a longer discovery schedule to accommodate review of the substantial number of documents returned on the less limited searches. A few notes:

- **Privilege:** Given the nature of Movants' document requests, we believe that a high proportion of responsive documents may be privileged. Because reviewing and logging thousands of privileged documents would be burdensome and expensive, we are going to review a sample of 500 documents from search #4 to assess the proportion of responsive materials that are privileged. The sample will also provide us a means to assess the sufficiency of the search terms.

- **Search terms:** The search strings include the additional terms in your March 5 email plus Spanish equivalents. We had to revise the syntax to make the search strings run correctly. The terms reflect our fact investigation to date, including into terms like "PayGo" that may have been used to refer to legislation that became Act 106 and Joint Resolution 188. Per our agreement, we did not include any terms for RFP 1. Regarding RFP 2, while we do not believe Movants have any rights to Pay-Go fees, we have agreed to produce documents sufficient to show how much in Pay-Go fees the Commonwealth has collected, as well as projections of future fees.

- **Limiters:** We likely need to use a "w/10" limiter due to the high hit counts unless we substantially extend the discovery schedule. Let us know if you have proposals for additional or different limiters.

- **Custodians:** We ran the search terms against the files of 7 custodians who we believe are likely to have responsive documents and whose files we now have collected and processed (see attached). From AAFAF: Gerardo Portela, Mohammad Yassin, and Carlos Yamin. From the Commonwealth: Philippe Mesa and Francisco Peña. From ERS: Luis Collazo and Cecile Tirado.

- **Date range:** We used a January 1, 2017 to October 1, 2017 date range because Movants are challenging the actions of the current administration, which began in 2017. Given the already high hit counts, it does not make sense to expand the burden of this review by collecting and reviewing documents from individuals who were not

5

responsible for decisions of this administration and whose files would have even less relevance to the Stay Relief Motion than those who were involved with Act 106 and Joint Resolution 188.

Best,

Madhu

---

**From:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>
**Sent:** Tuesday, March 5, 2019 8:37 AM
**To:** Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com; Papez, Matthew E. <mpapez@jonesday.com>
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Madhu,

As an initial matter, your position that we are not seeking a reasonable resolution of both sides' discovery is both incorrect and plainly contradicted by our efforts over the past several days. To be clear, during a meet and confer at 4:30 on Thursday (February 28), both sides agreed to propose search terms with a goal of finalizing those terms by noon the following day. We met that deadline and proposed our search terms. The Debtors, however, did not send us their proposed search terms on Friday, Saturday, or even Sunday. We then raised the issue of the Debtors' search terms again during our call on Sunday afternoon, and you committed to send them to us on Sunday evening. In fact, we did not receive Debtors' proposed search terms until after noon on Monday—after we asked you, again, to send them. Then, notwithstanding the Debtors' 3-day delay in sending us your proposed search terms, we quickly evaluated them, saw that they were plainly insufficient, and let you know our position.

As for your complaint that we did not offer alternative search terms, we have been and remain willing to work with you on search terms, but your initial proposed search terms fall well short of what would be needed to conduct a reasonable search of the Debtors' documents. Accordingly, although we offer the below particular responses to the issues you raise, you and your clients will have more familiarity that we do with their own communications practices, and it is therefore your obligation—not ours—to propose terms that will have a reasonable likelihood of hitting on responsive documents. In addition, as we discussed on Sunday's call, notwithstanding the use of search terms, you are still obligated to search hard copy files and other materials that are responsive to our document requests. The use of search terms to facilitate responsive emails and other electronic records does not relieve you of your underlying discovery obligations.

- RFP 1:  at this point, we will accept your proposal to produce documents sufficient to show the value of the property subject to the ERS Bondholders' Security Interest, but this agreement is subject to our review of the documents you produce to ensure that they really are sufficient to show the value of the collateral.

- RFP 2:  documents sufficient to show will not be enough to respond to this request, which seeks "Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code." Please propose search terms to encompass those documents.

- w/10 limiter: as we explained during our meet and confer, we are interested in documents relating to the effect of Joint Resolution 188 and Act 106 on the property subject to the ERS Bondholders' Security Interest, including but not limited to the Employers' Contributions. We believe your proposed limiter will exclude most responsive documents. Because you have not proposed an alternative, please omit the w/10 limiter.

- Please include the term SB 603, as you propose. Please also include the following additional terms and the Spanish equivalents: "pay-as-you-go" OR "Pay-GO" OR ("ERS" or "employees retirement system" w/25 legislation OR legislature OR statute). In addition, we would expect that, before the proposed legislation and resolution that eventually became Act 106 and Joint Resolution 188 were formally known as "Act 106" and "Joint Resolution 188," the officials discussing these issues referred to them by some other name or system. You, not us, are in a position to know how these issues were referred to by the officials discussing them, before they became known as Act 106 or Joint Resolution 188. Please propose search terms to reflect that.

- With regard to the April 2016 date, we understand that the Commonwealth's financial adviser, Millstein & Co., were discussing the plan that eventually became Act 106 and Joint Resolution 188 at least by April 2016 at a meeting with Movants' counsel, and perhaps even earlier. We therefore request that the date range extend back to April 2016.

Thanks,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide**℠
51 Louisiana Ave, NW
Washington, DC 20001
Office +1.202.879.3435

**From:** Pocha, Madhu <mpocha@omm.com>
**Sent:** Monday, March 4, 2019 8:01 PM
**To:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; Papez, Matthew E. <mpapez@jonesday.com>; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Sparkle,

We ask that you propose revisions to the search string we sent or propose different terms if they are not satisfactory to you and your clients. This is the process we followed in 2017 when Movants last sought discovery from ERS; Movants proposed terms and revisions and we worked with Movants to limit the volume and burden of the review. The absence of a constructive response, combined with the burden of the requests (which are of questionable relevance at best) and the fact that virtually everything requested is likely to be subject to an applicable privilege suggests that the Bondholders are not seeking a reasonable resolution of these issues.

7

Below are responses to the points in the order listed in your email:

1. Regarding "Movants' document requests #1-2," we assume you are referring to RFPs 1 and 2 served on ERS and the Commonwealth, and not RFPs 1 and 2 in the AAFAF subpoena.  If that is incorrect, let us know.  RFP 1 in the ERS and Commonwealth sets seeks "All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates: (a) May 21, 2017, (b) June 30, 2017, (c) August 23, 2017, and (d) today."  RFP 2 in the ERS and Commonwealth sets seeks "Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code."

    Without waiving any objections to these (or any other) requests, we have begun collecting financial information sufficient to show the value and state of ERS's assets and finances for the relevant time period.  If you take the position that such information is not sufficient and a custodian email review is necessary for RFPs 1 and 2, please propose terms that will capture what Movants want.

2. We proposed a limiter of "w/10 ((employer* w/2 contribution*) OR aportaciones)" because it is was our understanding, based on the parties' March 1, 2019 meet and confer call, that Movants wanted us to focus our search on documents relating to the effect of Joint Resolution 188 and Act 106 on Employers' Contributions.  If the limiter is not adequate, please propose revisions and terms that will capture what Movants want.

3. Regarding terms referring to Joint Resolution 188 and Act 106, we are aware of one additional term that could be added: SB 603.  We are not aware of other terms that might capture the new system but, again, feel free to propose revisions.

4. Regarding the date range, without waiving any burden objections we may have depending on hit counts and document volume, we will run a hit count with the end date range of October 1, 2017.  But please let us know the basis for your belief that "the initial discussions of the plan that eventually became Joint Resolution 188 and Act 106 occurred as early as April 2016" so that we can assess whether the earlier date range is appropriate and necessary here.  It is our understanding that responsive materials are most likely from 2017, not 2016.  Using a start date of April 1, 2016 would require collecting and reviewing files from individuals in the prior administration and is not likely possible on such a short schedule.  To expedite this process, please let us know if you are aware of particular individuals who were involved in such discussions.

5. As noted in our email from earlier today, we are working to identify custodians for the Commonwealth.  Clarity on the items above, especially #4, would facilitate identifying the appropriate custodians.

Thanks,

Madhu

---

**From:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>
**Sent:** Monday, March 4, 2019 2:12 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>; Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum,

8

Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Madhu,

Thanks for sending these proposed search parameters. Here are our responses:

1. Your proposed search terms are not responsive to Movants' document requests #1-2. Please propose search terms for those requests.
2. We do not agree to your proposed limiter of "w/10 ((employer* w/2 contribution*) OR aportaciones)." Movants' document requests go to more than employer contributions.
3. We do not agree to your list of terms that refer to Joint Resolution 188 and Act 106. Please include additional terms to capture other ways that the new system has been referenced.
4. We do not agree to your proposed date range. We propose April 1, 2016 to October 1, 2017. Based on further information, we believe that the initial discussions of the plan that eventually became Joint Resolution 188 and Act 106 occurred as early as April 2016.
5. Please provide proposed custodians for the Commonwealth.

We are available to discuss any of this.

Thanks,
Sparkle


-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

**From:** Papez, Matthew E. <mpapez@jonesday.com>
**Sent:** Monday, March 4, 2019 1:37 PM
**To:** mpocha@omm.com; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Counsel,
We are reviewing this proposal and will get back to you with comments.
In the meantime, yesterday evening we also discussed a revised set of potential search terms that we would run for the Movants' production in response to the Debtors' RFPs.  You were going to get back to us on the revised proposal by last night or this morning.  Can you let us know your position?

9

Thanks,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Pocha, Madhu <mpocha@omm.com>
**Sent:** Monday, March 4, 2019 12:47 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com
**Subject:** RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Counsel -

As discussed during yesterday's call, we have been working to identify the custodians most likely to have documents responsive to the movants' document requests related to Act 106 and Joint Resolution 188. Based on our fact investigation to date, those custodians are Mohammad Yassin, Carlos Yamin and Gerry Portela. We are also determining if there are additional custodians whose files we can obtain from the Commonwealth who might have additional relevant materials.

Regarding search terms, we propose running the following set using a January 1, 2017 to September 1, 2017 date range to capture documents preceding the passage of Joint Resolution 188 and Act 106:

> (PayGo OR "R. C. de la C. 188" OR "RCC 188" OR "Ley 106" OR "Law 106" OR "Act 106" OR "Joint Resolution 188" OR "Resolución conjunta 188" OR 106) w/10 ((employer* w/2 contribution*) OR aportaciones)

We also propose including Luis Collazo, ERS's Administrator, and Cecile Tirado in the search, whose files we previously collected. If you believe additional custodians are necessary, it will likely require further narrowing the search terms in order to complete the review within the time period.

Please let us know your thoughts on these terms and custodians. In addition to the email review, we are gathering responsive financial information to produce in response to Movants' requests.

Best,

Madhu

10

**From:** Papez, Matthew E. <mpapez@jonesday.com>
**Sent:** Monday, March 4, 2019 9:30 AM
**To:** Pocha, Madhu <mpocha@omm.com>; Friedman, Peter <pfriedman@omm.com>; Uhland, Suzzanne <suhland@omm.com>; McKeen, Elizabeth L. <emckeen@omm.com>; wdalsen@proskauer.com; Dale, Margaret A. <mdale@proskauer.com>; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris <ctheodoridis@proskauer.com>; ppossinger@proskauer.com; kperra@proskauer.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; jzakia@whitecase.com; csloane@whitecase.com
**Subject:** In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566

Counsel,
We still have not yet received your proposed search terms for the Commonwealth's and ERS's production in response to Movants' RFPs.  During our telephone conference yesterday afternoon, we asked you when we would receive your proposed search terms, and you said you intended to send them to us last night.  It is now past noon (Eastern), and we still do not have your proposal.  Please let us know why you still have not sent your proposed search terms, and when you plan to send them.
Thanks and regards,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com


***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***