# EXHIBIT VV

| | |
|---|---|
| **From:** | Dalsen, William D. <wdalsen@proskauer.com> |
| **Sent:** | Wednesday, March 13, 2019 3:58 PM |
| **To:** | Papez, Matthew E. |
| **Cc:** | Sooknanan, Sparkle L.; mpocha@omm.com; Dale, Margaret A.; csloane@whitecase.com; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; dvelawoffices@gmail.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com; Roche, Jennifer L.; Mazurek, Carl A.; Bennett, Bruce S.; Rosenblum, Benjamin; Stewart, Geoffrey S.; Perez, Isel M.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; de la Hoz, Fernando; jzakia@whitecase.com; José C. Sánchez ; Alicia I. Lavergne Ramírez ; Maraliz Vázquez-Marrero; Martin, Moneyede; Bassett, Nicholas; lucdespins@paulhastings.com; csteege@jenner.com; pfriedman@omm.com; McKeen (External), Elizabeth |
| **Subject:** | Re: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 (LTS) |

Matt —

We again do not agree with your characterization of events concerning our conferences on these issues. But, your proposal to resolve the 6 disputed terms by running the 3 terms in the bullet points in your last email below is acceptable.

Thank you.

—Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

On Mar 13, 2019, at 12:43 PM, Papez, Matthew E. <mpapez@jonesday.com> wrote:

> Will:
> I will respond to your points in order.
>
> First, contrary to the mischaracterizations in your email, we did not wait a week to run the first 5 searches.  We agreed to run those first 5 searches without a limiter (at your request) during our March 3

1

call; we performed those searches early last week (as Sparkle confirmed by email on March 5); and since then we have been reviewing some 27,834 documents and producing responsive documents from those 5 searches over the last week. We continued with that review and production notwithstanding the large volume of non-responsive hits we were seeing, precisely because we had committed to running those 5 searches during our March 3 call.  Unlike Debtors, we did not think it productive to renege on a commitment we had made during a telephonic meet & confer.

Second, we will not run the remaining three searches in their original formulation with only a w/25 limiter.  We had offered to do so earlier, during our March 1 call with Margaret, and we thought we had reached agreement with Margaret on that issue (as evidenced by Sparkle's email on March 1, at 1:25 pm).  Unfortunately for all of us, you then reneged on that agreement in your email of March 1, at 2:13 pm, which then led to the disagreement over search terms that we have been trying to resolve over the past several days.  In any event, since then, it has become clear to us that running the final three search terms in their original formulation with only a w/25 limiter would be overly burdensome and not at all proportional to the needs of the case—particularly given that none of these documents are relevant to the adequate protection motion in the first place.  As we told you on Monday, we reached this conclusion based on the excessive hit counts for the remaining searches (which our vendor was able to run on Monday for 23 of 32 custodians), and based on our review of the thousands of plainly non-responsive documents that hit on the first 5 searches that we ran last week.  So, we will not agree to run the final three search terms in their original formulation with a w/25 limiter.

That said, if you would like us to run the final three searches with a w/25 limiter, we are willing to do so if the search terms (along with their Spanish equivalents) are modified as set forth below:

- ("employees retirement system" or ERS or ERS' or ERS's) AND (pledge* w/25 bond*)
- ("employees retirement system" or ERS or ERS' or ERS's) AND (security w/2 interest*) w/25 bond*
- ("employees retirement system" or ERS or ERS' or ERS's) AND (collateral* w/25 bond*)

We believe that changing the search strings in this manner will eliminate at least some of the irrelevant hits we are getting on words that end in "ers" (like members, partners, etc.), as a result of the "ERS*" term in the original formulation.  (As we told you twice before, but as you dismissed both times without justification, that issue with the "ERS*" term is causing many non-responsive documents to hit on the searches.)  At the same time, we cannot conceive how changing "ERS*" to "ERS or ERS' or ERS's" would preclude any meaningful number of potentially responsive documents from hitting on the search terms.  So, we are willing to propose this modification in an effort to accommodate your request that we use a w/25 limiter on the final three searches.

Please give us your position on this proposal – up or down – by 4:00 pm (Eastern) today, so that we can continue to move forward on our document review.  If you do not agree to this modification, Movants will continue to review documents from the final three searches with the original "ERS*" search term using a w/10 limiter, as detailed in our email of March 11 at 6:25 PM.

Thanks,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881

2

Mobile: +1 202.607.3111
mpapez@jonesday.com