# EXHIBIT XX

| | |
|---|---|
| **From:** | Papez, Matthew E. |
| **Sent:** | Friday, March 15, 2019 3:56 PM |
| **To:** | mpocha@omm.com; Sooknanan, Sparkle L.; pfriedman@omm.com; suhland@omm.com; McKeen (External), Elizabeth; wdalsen@proskauer.com; Dale, Margaret A.; mbienenstock@proskauer.com; JLevitan@proskauer.com; tmungovan@proskauer.com; sweise@proskauer.com; mhackett@proskauer.com; brosen@proskauer.com; Theodoridis, Chris; ppossinger@proskauer.com; kperra@proskauer.com; Sushon, Bill; Neve, Brett M. |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; jzakia@whitecase.com; csloane@whitecase.com |
| **Subject:** | RE: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 |

Madhu,
Thank you for your email and for the revised charts.  Our positions on the various issues in your email are below.

- **Search Terms.**  We would be willing to agree that Debtors do not need to use the "AND" limiter, but we think the "w/25" limiter will be too restrictive.  For example, we think it would be very likely for a general term such as "Act 106" or "Joint Resolution 188" to appear only in the subject line of a memo or email (for example), but that other terms in the search (such as "employer* w/2 contribut*") would not be within 25 words of the subject line.  As a compromise, we request that you use a "w/50" limiter.  Although your table of hit counts did not include an amount for a w/50 limiter, it appears (based on the hit counts for w/10 and w/25) that the hit counts using a w/50 limiter will not be too burdensome, and in all events will be fewer than 11,500 direct hits.  (By comparison, Movants have already reviewed approximately 28,000 documents that were direct hits on our search terms, and we are in the process of reviewing at least 10,000 more documents that are direct hits on search terms.)

- **Custodians.**  Assuming Debtors have undertaken a reasonable inquiry and believe that the custodians in your chart are reasonably likely to have responsive documents, please do proceed with collection and production of documents from those custodians.  In fairness, however, Movants still are without the information needed to evaluate whether those custodians are sufficient; accordingly, although we hope that those custodians are sufficient, we reserve our right to ask for additional custodians at a later point, if needed.

- **Date Range.**  Your email was unclear about what beginning date you intend to use, other than saying you would not use April 1, 2016.  We would like to confer with you about this issue during our upcoming meet and confer, to determine whether we can resolve it.  In the meantime, we see no reason why you cannot start reviewing documents for the time period January 1, 2017 – October 1, 2017, since even the Government Parties have agreed to that time period.

Thanks,
Matt

Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

2