# EXHIBIT YY



White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

JONES DAY

51 LOUISIANA AVE, NW • WASHINGTON, DC 20001.2113

March 15, 2019

**Via Email**

William D. Dalsen
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600
wdalsen@proskauer.com

> **Re:** ***In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) and In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico (ERS), Case No. 17-3566 (LTS)* – Movants' Objections and Responses to Debtor's First Set of Requests for Production of Documents ("RFPs"), Requests for Admission ("RFAs") and Interrogatories**

Dear William:

We write in response to your March 7 and March 11 letters.  As an initial matter, we note that many of the issues you raised in your letters are not real issues at all, and instead seem more directed at manufacturing disputes.  Particularly given the expedited schedule, we do not think this is a productive use of time.  Nevertheless, we have provided our responses below, and will be available to confer with you further should you so desire.

**General Objection No. 7 (RFAs and Interrogatories) and No. 8 (RFPs).**

Movants' reference to "readily accessible" information and documents comes from FRCP 26, which (as you know) provides that a party need not provide discovery of electronically stored information from sources that are not reasonably accessible.   Based on our reasonable inquiry to date, we are not currently aware of any files that we reasonably expect would contain responsive documents and/or information but that are not readily accessible.

**General Objection No. 8 (RFAs and Interrogatories)**

Movants' General Objection No. 8 to potentially misleading Requests for Admission or Interrogatories means just that:  Requests for Admission or Interrogatories that are potentially

March 15, 2019
Page 2

misleading are objectionable on that ground.   To the extent Movants found a Request for Admission or Interrogatory, or a term used in the Requests for Admission or Interrogatories, confusing or potentially misleading, Movants objected and explained how they interpreted the potentially misleading term, Request for Admission, or Interrogatory.

## General Objection No. 11 (RFAs and Interrogatories) and No. 14 (RFPs)

Debtors' discovery broadly defined "Movants" to include Movants and all their "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf."  That definition of "Movants" was overly broad, and would seek to impose discovery obligations on persons and entities who are not parties to Movants' motion.  Accordingly, Movants objected to that definition, and stand by that definition.

Notably, both ERS and the Commonwealth objected to Movants' definition of "Affiliates" in Movants' discovery requests to you.  Should you still wish to have a meet and confer discussion about our General Objection to your definition of "Movants," you should be prepared to have a similar discussion about your General Objection to Movants' definition of "Affiliates."

## General Objection No. 13 (Interrogatories) and No. 14 (RFAs)

Movants objected to your definition of "Pledged Property" as potentially misleading because Movants did not know what, exactly, you meant by "synonymous in meaning and equal in scope to the usage of this term in the Resolution."  In any event, Movants clarified that they interpreted "Pledged Property" to mean "Pledged Property as that term is defined in the Resolution."

If you intended the term "Pledged Property" to have some different meaning from how we interpreted it, then you have proven Movants' objection that your definition was potentially misleading—because Movants still do not know what that other meaning could be.  On the other hand, if you did not intend for the term "Pledged Property" to have a different meaning from how Movants interpreted it, then we do not understand why you raised this issue in your letter.

## General Objection No. 14 (Interrogatories), No. 15 (RFAs), and No. 16 (RFPs).

Movants have responded to your discovery requests based on our earlier agreement about date ranges: namely, at least six months before each particular Movant first purchased the ERS Bonds, and from June 30, 2016 to present. We trust this resolves your question.

March 15, 2019
Page 3

**General Objection No. 17 (RFPs).**

Movants objected to producing mass electronic correspondence and similar broadly distributed mass email and Bloomberg messages.  This objection covers documents like spam email and similar auto-generated subscription bulk email messages from third parties not targeted to an individual.  Those types of documents are plainly not relevant to any issues in dispute.  In addition, searching for, reviewing, and producing bulk email messages would be overly burdensome and decidedly not proportional to the needs of the case.  Accordingly, Movants' e-discovery vendor was able to, and appropriately did, apply a bulk email filter to exclude those types of documents from our searches.

**General Objection No. 18 (RFPs).**

Movants have reserved the right to redact non-responsive, objectionable or non-discoverable material from otherwise responsive, non-privileged documents because some of the documents you requested may contain highly sensitive, proprietary or otherwise confidential information, and there is no protective order in place to protect that information.  Accordingly, Movants have reserved the right to redact that information.  Any redactions made on this basis will be reflected on a log.

Movants are willing to discuss a protective order with you, but because some of these documents may eventually be presented as evidence on the public docket or in open court, the protective order would need to address the handling of confidential information in those situations as well.  If you would like to proceed with a protective order, rather than the redaction method Movants have proposed, please send us a draft for review.

**RFP No. 1.**

The objection Movants made is meant to convey that, in producing documents responsive to RFP No. 1, Movants will not be making production decisions (one way or the other) based on whether they think the document in question "supports" or "refutes" the allegation you quoted, because that would call for a legal conclusion.  If a document is responsive because it relates to the allegation you quoted, Movants will produce it (subject, of course, to privilege), regardless of whether the document also "supports" or "refutes" the allegation.

**RFP No. 2.**

Movants' response to RFP No. 2 objected to producing "all" documents that identify the security interests or liens at issue, because a limited set of documents was sufficient to identify those liens. Movants therefore agreed to produce (and, now, have produced) the documents that are sufficient to identify those security interests or liens: the ERS Bond Resolution, the security

March 15, 2019
Page 4

agreement for the ERS bonds, the UCC-1 filings, the UCC-3 filings, and other documents. *See, e.g.*, Bates ERS_BH_00001 through ERS_BH_002546. Movants may have also produced other documents that also identify the liens or security interests, but they have not produced (and do not need to produce) all such documents.

**RFP No. 3.**

Movants will not be withholding documents responsive to RFP No. 3 on the ground that the Government Parties should already have them.

**RFP No. 4.**

Movants maintain that any due diligence they may have performed in connection with the issuance of the ERS Bonds is irrelevant to the issues in dispute. Nevertheless, Movants did agree to search for documents relating to due diligence that any of the Movants performed in connection with the issuance of the ERS Bonds (including any general due diligence files that exist relating to the issuance of the ERS Bonds). To the extent any responsive, non-privileged documents are located following a reasonably diligent search (including of general hard-copy or soft-copy files, and of custodians whose documents we have searched using agreed upon search terms), Movants will produce them.

To be clear, however, your RFP asked for documents "relating to the due diligence performed by You in connection with the issuance(s) of the ERS Bonds." Many of the Movants did not purchase any ERS Bonds at issuance, and thus would not have (and do not have) documents relating to due diligence performed in connection with the issuance of the ERS Bonds.

**RFP No. 5.**

Movants maintain their objections that the documents sought by RFP No. 5—namely, documents and communications relating to (a) the possible reduction in the Employer Contribution rate, or (b) other changes in existing law that would adversely affect the amount of Employer Contributions—are both beyond the scope of the Court's August 8, 2018 Order and irrelevant to the Lift-Stay Motion. Nevertheless, Movants will not withhold documents on the basis of these objections.

**RFP No. 7.**

Movants maintain their objections that the documents sought by RFP No. 7—namely, documents related to the valuation of Movants' collateral or Pledged Property—are in the possession, custody, or control of the Debtors. In addition, to the extent Movants have any internal documents relating to the valuation of their collateral or Pledged Property, those documents are

March 15, 2019
Page 5

irrelevant, including for the reasons supporting Judge Dein's March 5, 2019 Order arising out of various insurers' motion to lift the automatic stay.  Nevertheless, Movants will not withhold documents on the basis of these objections.

**RFAs Nos. 1-4 (and General Objection No. 17 to RFAs).**

Movants denied each of these Requests for Admission, and Movants maintain each of those denials.  In addition, Movants made further statements regarding their denials, and also made General Objection No. 17, all of which Movants also maintain.  No further response is required.

**RFA No. 5.**

Movants objected to this Request for Admission, which asked Movants to "Admit the Resolution provides that Your alleged security interest would only attach if and when the contributions were received by ERS or its Fiscal Agent," on the ground that it calls for a legal conclusion.  Movants maintain that objection.  On its face, this Request asks Movants to evaluate what the ERS bond Resolution "provides."  As such, the Request is not seeking an admission of how law applies to facts, or an opinion about how law applies to facts, but is rather seeking a pure legal conclusion.

To the extent a response is required, Movants deny this Request for Admission.

**RFA No. 7.**

Movants both objected to and denied this Request for Admission.  In part, Movants did not understand what you meant by your Request that Movants "Admit that the basis for Your asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth."  Nevertheless, Movants admitted that "one of the bases for their secured claim is that the Commonwealth has acquired property subject to Movants' liens."  Movants otherwise denied Request for Admission No. 7.  No further response is required.

Finally, the complaints referred to in Movants' response to Request for Admission No. 7 are: Adv. Proc. No. 17-219 Docket No. 39 and Adv. Proc. No. 17-220 Docket No. 39.  The proofs of claim referred to in Movants' response to Request for Admission No. 7 are attached as Exhibit A.

**RFA No. 11.**

Movants denied this Request for Admission because they deny that their claims are payable solely from the Pledged Property.  No further explanation is required in response to a Request for Admission.

March 15, 2019
Page 6

**RFA No. 12 and No. 15.**

Movants maintain that both Request for Admission No. 12 and Request for Admission No. 15 improperly seek admissions on legal questions.  To the extent a response is required, Movants denied the Requests, and they maintain their denials.

**RFA No. 17.**

Movants denied Request for Admission No. 17.   No further explanation is required in response to a Request for Admission.

**Interrogatory No. 2**

The dates that the various Movants purchased ERS Bonds are not relevant to this motion, and the reasons you set forth in your letter does not change that.  All of the Movants who are currently parties to this proceeding were also Movants in July 2018, when Movants first filed their Lift-Stay Motion.  In addition, Movants will produce documents containing charts setting forth each Movant's ERS Bonds and associated CUSIP Numbers.  That information is sufficient to provide you with all the information you requested in your letter.

**Interrogatory Nos. 5, 6, and 8.**

As Movants stated in response to Interrogatories Nos. 5, 6, and 8, the information needed to value the collateral or Pledged Property as of the various dates set forth in the Interrogatories is within the possession, custody, or control of the Government Parties.  Movants do not have that information.

The documents referred to in Interrogatory No. 6 are publicly available documents. Movants have nevertheless produced them.  *See* Bates ERS_BH_002547 through ERS_BH_003275.

**Interrogatory No. 9**

Movants have sufficiently answered Interrogatory No. 9, particularly given the expedited schedule that governs this motion.  No further response is required.

March 15, 2019
Page 7

Very truly yours,

*/s/ Sparkle L. Sooknanan*
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001

*Counsel for the ERS Bondholders Group*

/s/ *Cheryl T. Sloane*
Cheryl T. Sloane
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

*Counsel for the Puerto Rico Funds*

**Exhibit A**

| Movant | Claim Number | Debtor |
|---|---|---|
| Andalusian Global Designated Activity Company | 25909 | Commonwealth of Puerto Rico |
| Glendon Opportunities Fund, L.P. | 24966 | Commonwealth of Puerto Rico |
| Mason Capital Master Fund, LP | 20647 | Commonwealth of Puerto Rico |
| Oaktree-Forrest Multi-Strategy, LLC (Series B) | 26329 | Commonwealth of Puerto Rico |
| Oaktree Opportunities Fund IX, L.P. | 28669 | Commonwealth of Puerto Rico |
| Oaktree Opportunities Fund IX (Parallel 2), L.P. | 27383 | Commonwealth of Puerto Rico |
| Oaktree Value Opportunities Fund, L.P. | 26365 | Commonwealth of Puerto Rico |
| Ocher Rose, L.L.C. | 31165 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Bond Fund, Inc. | 22606 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Bond Fund II, Inc. | 23328 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Target Maturity Fund, Inc. | 23526 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund, Inc. | 25445 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund II, Inc. | 21144 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund III, Inc. | 21213 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund IV, Inc. | 21280 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund V, Inc. | 22196 | Commonwealth of Puerto Rico |
| Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc. | 28680 | Commonwealth of Puerto Rico |

| Movant | Claim Number | Debtor |
|---|---|---|
| Puerto Rico Investors Bond Fund I | 33786 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund, Inc. | 33603 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund, Inc. II | 33671 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund III, Inc. | 33796 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund IV, Inc. | 34863 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund V, Inc. | 33713 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund VI, Inc. | 32845 | Commonwealth of Puerto Rico |
| Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc. | 39177 | Commonwealth of Puerto Rico |
| SV Credit, L.P. | 21961 | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Fund, Inc. | 21199 | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Fund II, Inc. | 21069 24180 (Docketed in Error by Prime Clerk) | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Target Maturity Fund, Inc. | 21309 | Commonwealth of Puerto Rico |