# EXHIBIT BBB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

_____

In re:                                              )
                                                    )
THE FINANCIAL OVERSIGHT AND                         )      PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                    )      Title III
                                                    )
                                                    )      Case No. 17-bk-03283 (LTS)
                                                    )
            as representative of                    )
                                                    )
                                                    )
                                                    )
THE COMMONWEALTH OF PUERTO RICO, *et al.*           )
                                                    )
                                                    )
            Debtor.                                 )
                                                    )
_____            )
                                                    X
In re:                                              )
                                                    )
THE FINANCIAL OVERSIGHT AND                         )      PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                    )      Title III
                                                    )
                                                    )      Case No. 17-cv-01685 (LTS)
            as representative of                    )      Case No. 17-bk-03566 (LTS)
                                                    )
                                                    )
THE EMPLOYEES RETIREMENT SYSTEM OF THE              )
GOVERNMENT OF THE COMMONWEALTH OF                   )
PUERTO RICO,                                        )
                                                    )
                                                    )
            Debtor.                                 )
                                                    )
_____            )
                                                    X

**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S
RESPONSES AND OBJECTIONS TO MOVANTS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030(b)(6), 9014 and 9016, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), by and through undersigned counsel, hereby responds and objects to Movants'[1] *Subpoena to Testify at a Deposition in a Civil Action* dated March 7, 2019 (the "Subpoena," and each individual deposition topic a "Topic"), as follows:

**PRELIMINARY STATEMENT**

The Oversight Board's response to the Subpoena is given without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Subpoena, to the extent it has not been objected to, as the Oversight Board understands and interprets the Subpoena. If Movants

---

[1] According to Exhibit B to the Subpoena, Movants are:  Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

subsequently assert an interpretation of the Subpoena that differs from that of the Oversight

Board's, the Oversight Board reserves the right to supplement its objections.  By making the

objections below, the Oversight Board does not waive and expressly reserves its right to make

additional objections in response to specific questions that may be asked during the deposition.

## **GENERAL OBJECTIONS**

1.      The Oversight Board objects to the Subpoena, and to each and every Topic, as

unduly burdensome to the extent that they do not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to Movants' *Motion of Certain*

*Secured Creditors of the Employees Retirement System of the Government of the Commonwealth*

*of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 3418; Case No.

17-3566 Docket No. 289] (the "Motion").  The Oversight Board therefore objects to the Subpoena,

and to each and every Topic, to the extent they request testimony on topics outside the scope of

the Motion.

2.      The Oversight Board objects to the Subpoena, and to each and every Topic, as

unintelligible and unduly burdensome to the extent that they seek testimony relating to events that

occurred before the Oversight Board was established and its members were appointed.

3.      The Oversight Board objects to the Subpoena to the extent it purports to require

any testimony on March 13, 2019 commencing at 9:30 a.m. in San Juan, Puerto Rico, as stated in

the Subpoena.  The Oversight Board is willing to meet and confer with Movants to discuss a

reasonable time and location for any testimony the Oversight Board may provide subject to its

objections herein.

4.      The Oversight Board objects to the Subpoena, and to each and every Topic, to the

extent that they purport to impose burdens on the Oversight Board that are inconsistent with, or

not otherwise authorized by, or seek to impose obligations that exceed those imposed by the

Governing Rules.  The Oversight Board further objects to the Subpoena to the extent it purports to incorporate by reference Local Rule 26.3 of the United States District Court for the Southern District of New York or any specific definitions or requirements therein, as such Local Rule 26.3 is not part of the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Subpoena and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5.       The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that the information sought is protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

6.       The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

7.       The Oversight Board objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they request the Oversight Board to give testimony on topics that are beyond its knowledge.

8.       The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that they seek testimony about information that is confidential or proprietary in nature.

9.     The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these objections and responses, the Oversight Board does not admit any factual or legal premise in the Subpoena.

10.     The Oversight Board objects to the Subpoena, and to each and every Topic, as overbroad and unduly burdensome to the extent that they purport to require the Oversight Board to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

11.     The Oversight Board objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.  The Oversight Board further objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they are duplicative of Movants' Notice of Deposition to ERS, Movants' Notice of Deposition to the Commonwealth of Puerto Rico, and Movants' subpoena for deposition testimony to AAFAF.  The Oversight Board further objects to the Subpoena in its entirety, and to each and every Topic, to the extent that Movants have not demonstrated a substantial need for testimony of the Oversight Board that cannot otherwise be obtained without undue hardship under Fed. R. Civ. P. 45(d)(3)(C).

12.     The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent they seek information for an undefined or unstated period of time on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to any party's claims or defenses.

13. The Oversight Board objects to the Subpoena, and to each and every Topic, as legally invalid and facially defective under Fed. R. Civ. P. 45 on the grounds they are not directed to the proper party.

14. The Oversight Board objects to the Subpoena "Definitions" to the extent they purport to impose any obligation on the Oversight Board different or greater than those imposed by the Governing Rules.  The Oversight Board further objects to the definition of the term "ERS Bondholders' Security Interest" on the grounds that it is overly broad, vague, ambiguous, unintelligible, and states a disputed legal conclusion.  To the extent any term defined or used in the Subpoena is used in responding to the Subpoena, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

15. The Oversight Board objects to the Subpoena in its entirety as there is no information that the Oversight Board can provide that is responsive to the narrow issues relevant to the Motion that is also (i) not duplicative of information that can be and is more easily provided by ERS, the Commonwealth, and/or AAFAF, and (ii) not protected under the Attorney-Client Privilege, the Attorney Work Product Doctrine, and the Executive and Deliberative Process Privileges.

16. Based on the above General Objections, and in combination with the below Responses and Objections, FOMB will not designate a witness to testify in response to this Subpoena.

17. The above General Objections are incorporated into each of the following specific Objections and Responses.

### RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

The value of the property subject to the ERS Bondholders' Security Interests at any time, or any Analysis thereof, including without limitation on the following dates:

(a) May 21, 2017,
(b) June 30, 2017,
(c) August 23, 2017, and
(d) today.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 2:**

The dissolution of ERS, including the sale, liquidation, transfer, depletion, or dissipation of ERS's assets.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion. The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF. The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 3:**

The background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are

outside the scope of the Motion.  The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 4:**

The background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion.  The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 5:**

The implementation of the Pay-Go for the Commonwealth's retirement systems, including (a) the amount of Pay-Go Fees collected and (b) the source of Pay-Go Fees collected.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion. The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF. The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 6:**

Communications from January 1, 2016 to present concerning the possible increase or decrease of Contributions.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  The Oversight Board further objects to this Topic to the extent that
it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to
this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are
outside the scope of the Motion.  The Oversight Board further objects to this Topic on the grounds
it seeks testimony relating to events that occurred before its members were appointed on August
31, 2016.  The Oversight Board further objects to this Topic on the ground that it seeks testimony
duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The
Oversight Board further objects to this Topic to the extent it seeks "all" "Communications" on the
grounds the Topic is unduly burdensome.  The Oversight Board further objects to this Topic on
the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 7:**

The Commonwealth's Responses and Objections to Movants' Requests for Production of
Documents, dated March 6, 2019.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the
extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege,
Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common
Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting
information from disclosure.  The Oversight Board further objects to this Topic to the extent that
it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to
this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS,
the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the
ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 8:**

ERS's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF. The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

Dated: March 17, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico, as*
*representative of the Employees Retirement*
*System of the Government of the*
*Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 17, 2019, I caused a copy of the foregoing *The Financial Oversight and Management Board's Responses and Objections to Movants' Subpoena to Testify at a Deposition in a Civil Action* to be sent by email to the individuals listed below.

*/s/ Margaret A. Dale*
Margaret A. Dale

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036

Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com