# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 367** |

**URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF DEBTOR, TO COMPEL ANSWERS TO INTERROGATORIES (AND PRODUCTION OF RELATED DOCUMENTS) FROM MOVANTS RELATING TO THE STAY RELIEF MOTION**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board (the "Oversight Board"), as representative for debtor Employees' Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), respectfully submits this urgent motion (the "Urgent Motion") to compel Movants[1] to provide full and fair responses to Debtor's interrogatories (and to produce related documents) concerning their alleged collateral at various times relevant to Movants' Stay Relief Motion (defined below).

## INTRODUCTION

1. This Urgent Motion arises from Movants' failure to answer interrogatories directly relevant to core issues in the Stay Relief Motion that ask Movants to state the value of their collateral or Pledged Property as of and after the filing of ERS's Title III case, and to state with specificity the cause of any alleged diminution in the value of that collateral or Pledged Property.

---

[1] Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2

2. Movants dodge answering these interrogatories by providing two specific-sounding but content-poor answers. First, Movants claim they are "unable" to state the value of their collateral at any time because the Government Parties have information "necessary" to determine that value, but Movants never say *what* that "necessary" information is. Movants' response is carefully designed to give the impression Movants have "no information" to provide—but it does not say that. Instead, Movants claim they need unidentified but "necessary" information that "uniquely" resides with the Government Parties—only "some" of which Movants say they have requested—to state the value of their collateral. Movants' argument is a red herring, and the responses they provide are, as a result, attempts to redefine the interrogatories to make them impossible to answer by (a) avoiding any statement about whether Movants have information in their possession, custody, and control (e.g., internal documents and analyses) that assess the value of their collateral or Pledged Property; (b) redefining "value" to be a singular and objective measure that only can be "determined" with "necessary" information Movants have not identified, rather than as a measure that Movants may assess differently; and (c) claiming that "necessary" information "uniquely" resides with third parties. In view of that, the Oversight Board specifically asked Movants whether they were withholding any information responsive to these interrogatories. Movants did not respond to that inquiry, and only reiterated they were "unable" to determine the value.

3. Second, Movants failed to state with specificity the cause of any diminution in value of their collateral or Pledged Property. Movants allege in their response that their property has been "impaired" by "the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors," but "impairment" is not the same as diminution in value, and Movants' conclusory

3

response provides no insight into what that "permanent diversion" or "dissipation" they reference might be. This response, too, attempts to redefine the question asked (from diminution in value to impairment), and then answers with conclusory and non-specific information.

4. Debtor is entitled to discovery on the issue of collateral value because it believes Movants will be unable to demonstrate diminution in value and that, in any event, Movants' own valuation of their collateral (which they will neither confirm nor deny exists) is probative of material facts on Movants' request for adequate protection. Debtor is also entitled to discovery into the purported cause of any diminution in value as a predicate to receiving relief from the stay. Movants' refusal to provide information about how they have assessed the value of their collateral and the cause of any diminution in value is improper, and the Court should compel full and fair responses to Debtor's interrogatories on those issues.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA § 306(a).

6. Venue is proper pursuant to PROMESA § 307(a).

## BACKGROUND

### A. Procedural History

7. On July 3, 2018, Movants filed the *Motion of Certain Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (the "Stay Relief Motion"). *See* [Docket No. 3418 in Case No. 17-bk-03283 and Docket No. 289 in Case No. 17-bk-03566]. The Court held a preliminary hearing on the Stay Relief Motion at the omnibus hearing on July 25, 2018.

4

8. On August 17, 2018, the Court issued the *Opinion and Order Granting and Denying in Part Cross Motions for Summary Judgment* (the "August 17 Order") determining that Movants' liens are unperfected [Docket. No. 215 in Adv. Proc. No. 17-00213].

9. On August 21, 2018, and as a consequence of the August 17 Order, the Court entered an order (the "August 21 Order") denying the Stay Relief Motion on the ground that the August 17 Order resolved the matter. *See* [Docket No. 3793 in Case No. 17-bk-03283 and Docket No. 318 in Case No. 17-bk-03566]. Movants appealed.

10. On January 30, 2019, the United States Court of Appeals for the First Circuit issued an opinion affirming in part, reversing in part, and vacating in part, the August 17 Order, and remanding the Stay Relief Motion for further proceedings consistent with its opinion. *See Altair Global Credit Opp., et al. v. Employees Retirement System, et al.*, No. 18-1836 (1st Cir. Jan. 30, 2019). On February 20, 2019, in accordance with the January 30, 2019 opinion and judgment, the First Circuit issued its formal mandate.

11. On February 21, 2019, Movants filed the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (the "Urgent Motion"). [Docket No. 5196 in Case No. 17-bk-03283 and Docket No. 367 in Case No. 17-bk-03566].

12. On February 25, 2019, the Court entered an order (the "February 25 Order") granting the Urgent Motion. *See Order Granting Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 371 in Case No. 17-bk-03566].

5

**B.     The Current Discovery Dispute**

13.     On February 27, 2019, Debtor served its First Set of Interrogatories on Movants. Exhibit A.  Among other things, Debtor requested that Movants state the value of their collateral or Pledged Property as of the date the ERS Title III case commenced on May 21, 2017,[2] the value each month thereafter,[3] and the value today.[4]  Debtor also requested that Movants state, with specificity, the cause of any alleged diminution in the value of their collateral or Pledged Property.[5]

14.     On February 27, 2019, Debtor served its First Set of Requests for Production of Documents. Exhibit B.  Among other things, Request No. 7 sought documents related to Movants' valuation of their collateral or Pledged Property.[6]

15.     On March 6, 2019, Movants served their responses and objections to Debtor's Requests for Production of Documents.

16.     In response to Request No. 7, Movants objected on the ground that Judge Dein denied a motion to compel in *National Public Finance Guarantee Corp. v. FOMB* [Docket No. 5347 in Case No. 17-bk-03283 and Docket No. 1119 in Case No. 17-bk-04780].  However, in later correspondence, Movants agreed not to withhold any documents responsive to Request No. 7 on the basis of that objection.  Exhibit C.

---

[2] "Interrogatory No. 5:  State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017."

[3] "Interrogatory No. 6:  State the value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017."

[4] "Interrogatory No. 8:  State the value of Your collateral or Pledged Property as of today."

[5] "Interrogatory No. 9:  State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property."

[6] Request for Production No. 7: "All Documents related to the valuation of Your collateral or Pledged Property, to the extent such documents are not produced in response to another Request."

6

17. On March 8, 2019, Movants served their responses and objections to Debtor's Interrogatories. Exhibit D.

18. In response to the Interrogatories asking Movants to state the value of their collateral (Interrogatory Nos. 5, 6, and 8), Movants stated they were "unable to state the value of their collateral or Pledged Property" as of the requested dates "because the information necessary to make those determinations is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board." *See* Ex. D at 5-9.[7]

19. In response to the Interrogatory asking Movants to state with specificity the cause of any alleged diminution in the value of their collateral (Interrogatory No. 9), Movants stated that "The value of the Pledged Property has been impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors." Ex. D at 10. Movants provide no additional detail concerning the "permanent diversion" or "dissipation" referenced.

20. On March 11, 2019, Debtor raised multiple concerns with Movants' responses to the Interrogatories by letter. Exhibit E [3/11/19 Letter – W. Dalsen to S. Sooknanan] at 5-6.

21. On March 15, 2019, Movants responded by letter, asserting "the information needed to value the collateral or Pledged Property as of the various dates set forth in the Interrogatories is within the possession, custody, or control of the Government Parties." Exhibit C [3/15/19 Letter – S. Sooknanan & C. Sloane to W. Dalsen] at 6. As to the cause of diminution in value, Movants asserted their answer was sufficient. *Id.*

---

[7] In response to Interrogatory No. 8, Movants state they "do not have enough information to identify the *exact* value" of their collateral today (emphasis added). Interrogatory No. 8 did not request an exact value.

7

22. On March 18, 2019, Debtor and Movants held a 90-minute teleconference concerning discovery matters, including Movants' responses to Interrogatory Nos. 5, 6, 8, and 9. During that conference, Debtor noted it was inconceivable Movants had no information about the value of their collateral; that information in Movants' possession, custody, and control concerning value was responsive to Interrogatory Nos. 5, 6, and 8, as was any valuation information concerning any claimed interest Movants have in the Commonwealth "Pay-Go" system; and that Movants' responses would need to be supplemented to reflect any such information. Movants again stated they did not have information "necessary" to value their collateral. Debtor also requested a supplemental response to Interrogatory No. 9 to identify, with specificity, the cause of any alleged diminution in value.

23. On March 19, 2019, Debtor contacted Movants by email to inquire whether Movants were withholding any information responsive to Interrogatory Nos. 5, 6, 8, and 9, including information concerning any interest Movants claimed in the Commonwealth's "Pay-Go" system. Exhibit F [3/19/19 Email – W. Dalsen to M. Papez]. In response, Movants reiterated their written responses to Interrogatory Nos. 5, 6, and 8, and stated they would stand on their response to Interrogatory No. 9. *Id.*

## LEGAL STANDARD

24. Discovery under the Federal Rules of Civil Procedure intentionally "casts a wide net" and "alter[s] the adversarial nature of litigation to remove the elements of surprise and gamesmanship to make trial a transparent, fair process." *Skytec, Inc. v. Logistic Sys.*, Civ. No. 15-2104-BJM, 2018 WL 4372726, at *5 (D.P.R. Sept. 12, 2018). Discovery, therefore, properly extends to "any nonprivileged matter that is relevant to any party's claim or defense [that is] proportional to the needs of the case." Fed. R. Civ. P. 26(b). A party's failure or refusal to produce such information may be remedied, upon a showing of good cause, by a court order compelling

8

such disclosure. *Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 166 (D.P.R. 2014). Further, the party resisting a request for production bears the burden of establishing the lack of relevancy or undue burden of the request. *Autoridad de Carreteras y Transportacion v. Transcore Atlanic, Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016).

## ARGUMENT

### A. Movants Should Be Compelled to Provide Full and Fair Responses to Interrogatory Nos. 5, 6, and 8 and Documents Responsive to Document Request No. 7

25. Movants have failed to answer Interrogatory Nos. 5, 6, 8—not because they lack responsive information in their possession, custody, and control, but because they seek to withhold the information they do have by creating undefined standards for what information is "necessary" to value collateral, and by redefining Debtor's questions to render them impossible to answer.

26. First, Debtor seeks Movants' statement as to the value of their collateral, and Movants cannot dodge that inquiry by claiming information "necessary" to determine value is missing without even identifying *what* that "necessary" information is. Movants claim this unidentified (but "necessary") information "uniquely" resides with third parties, but then say only "[s]ome of that information is the subject of Movants' outstanding discovery requests," Ex. D at 8 (emphasis added), while the rest of that "necessary" information is apparently not the subject of Movants' requests. Movants' claim that they are "unable" to answer for lack of "necessary" information is a red herring: they either do not know what that "necessary" information is or do not say what it is if they know, or Movants are deciding what is "necessary" as they go along to avoid answering Debtor's questions. In particular, Movants' statement they only requested "some" of this "necessary" information that is "uniquely" in the Government Parties' possession on a critical issue like valuation gives up the game.

9

27. Second, Movants' "necessary information" defense to Interrogatory Nos. 5, 6, and 8 not only renders the responses provided evasive, but shows how Movants have redefined those Interrogatories through their responses to make them impossible to answer. Movants take an unjustifiably narrow view of "value" as a singular and objective measure, even though Debtor has not asked Movants for objective or expert analysis of value (nor have Movants objected to answering the Interrogatories on that basis). Movants carefully avoid saying whether they have information concerning the value of their collateral—even though Movants are obligated to produce the information they can provide at this time—and instead attempt to deflect answering these Interrogatories by claiming, in conclusory fashion, that the unidentified but "necessary" information they need to value their collateral *only* exists somewhere else. This is a diversion from Movants' own information about the value of their collateral—which information Movants will neither confirm nor deny exists when asked directly, Ex. E, but which Movants agreed they would produce in response to Request No. 7. Ex. C.

28. Third, the information Debtor seeks is clearly relevant to the Stay Relief Motion. To the extent Movants' own information shows their collateral has not diminished or cannot diminish in value, Movants cannot obtain adequate protection. In any event, Movants' evidence of value is probative of whether they suffered any diminution in value, which is a core issue in the Stay Relief Motion. Movants have not asserted that the information Debtor seeks through Interrogatory Nos. 5, 6, and 8 is irrelevant to the Stay Relief Motion, and have not asserted any undue burden that would be required to answer those Interrogatories. *See Autoridad de Carreteras y Transportacion*, 319 F.R.D. at 427.

29. Movants also object to Request No. 7 on the basis of Judge Dein's order denying a motion to compel in *National Public Finance Guarantee Corp. v. FOMB* [Docket No. 5347 in

10

Case No. 17-bk-03283 and Docket No. 1119 in Case No. 17-bk-04780]. While Movants agreed not to withhold documents on the basis of that objection, they did not waive it, *see* Ex. C., ostensibly to preserve some ability to avoid providing discovery to Debtor.

30. To the extent Movants attempt to rely on that objection to refuse to answer the discovery at issue here, the Court should overrule it. The *National* order does not apply to this case. There, insurers resisting a request for production of certain documents related to valuation of collateral securing PREPA bonds represented that no such documents existed. The parties agreed to and jointly submitted the order entered by Judge Dein [Docket No. 5292 in Case No. 17-bk-03283 and Docket No. 1116 in Case No. 17-bk-04780], which stated that the insurers would not be permitted to rely on any documents that could have been, but were not, produced in response to the request. Moreover, the order required the insurers, insofar as they sought to establish the value of collateral securing the bonds in question, to provide a list of internal documents on which they intended to rely in support of their motion for relief from the stay. Here, Movants have produced no such list and have made no representation that they will not rely on the documents requested. Their reliance on the *National* order is therefore misplaced.

31. For these reasons, the Court should compel Movants to provide full and fair answers to Interrogatory Nos. 5, 6, and 8 and produce relevant documents responsive to Request No. 7.

### B. Movants Should Be Compelled to Answer Interrogatory No. 9

32. Movants also fail to answer Interrogatory No. 9 by attempting to evade and redefine the question. Debtor asked Movants to state the cause of any diminution with specificity, and Movants responded by saying how their collateral had been *impaired*—which is a broader concept that is not equivalent to diminution. Movants also provide nothing more than a conclusory statement about what caused this "impairment": "permanent diversion" and "dissipation" of

11

collateral, through unidentified mechanisms, without any description of what those phrases are meant to reference. Further, as Movants have failed to answer Interrogatory Nos. 5, 6, and 8 to provide their statement of the value of their collateral, Movants cannot have answered Interrogatory No. 9 to identify the cause of any claimed diminution in that value. As such, the Court should compel Movants to answer Interrogatory No. 9 (i) in view of their compelled answers to Interrogatory Nos. 5, 6, and 8, (ii) to describe diminution in value rather than "impairment" of any collateral, and (iii) to describe the mechanisms or events that give rise to the conclusory statement Movants' collateral has suffered "permanent diversion" and "dissipation."

## **RELIEF REQUESTED**

33. The Oversight Board hereby requests, pursuant to Federal Rule of Bankruptcy 7026, 7034, and 9014, made applicable to this contested matter through section 310 of PROMESA, and this Court's inherent authority, that this Court compel Movants to answer (and/or supplement the answers to) Interrogatory Nos. 5, 6, 8, and 9 and produce related documents requested in Document Request No. 7.

34. The Oversight Board hereby certifies that there is a true need for urgent relief and that such urgency was not created through any lack of due diligence.

35. No prior request for the relief sought in this Urgent Motion has been made to this or any other court.

36. WHEREFORE the Oversight Board respectfully requests that this Court (i) enter the Proposed Order attached hereto as **Exhibit 1** granting Debtor the relief requested herein, and (ii) grant the Oversight Board and ERS such other relief as is just.

**Certification of Compliance with**
**Local Rule 9013-1 and the Eighth Amended Case Management Procedures**

Pursuant to Local Rule 9013-1 and ¶ I.H of the Eighth Amended Case Management Order, the Oversight Board, as representative for ERS, hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court; and (e) contacted counsel for Movants, who have rejected the Oversight Board's requests.

*[Remainder of page intentionally left blank]*

Dated: March 21, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) | |
| | ) | |
| Debtor. | ) | |
| | X | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | Case No. 17-cv-01685 (LTS) |
| as representative of | ) | Case No. 17-bk-03566 (LTS) |
| | ) | |
| | ) | **Re: ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |
| | X | |

1

# [PROPOSED] ORDER GRANTING URGENT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF DEBTOR, TO COMPEL ANSWERS TO INTERROGATORIES (AND PRODUCTION OF RELATED DOCUMENTS) FROM MOVANTS RELATING TO THE STAY RELIEF MOTION

Upon consideration of the *Urgent Motion of Financial Oversight and Management Board, as Representative of Debtor, to Compel Answers to Interrogatories (and Production of Related Documents) from Movants Relating to the Stay Relief Motion* (the "Motion to Compel") of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor"),[8] by and through the Financial Oversight and Management Board (the "Oversight Board"), as representative of ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), for an order compelling Movants to provide full and fair responses to certain interrogatories and to produce related documents responsive to discovery served on them by the Oversight Board on February 27, 2019; and it appearing that (i) the Court has subject matter jurisdiction over this Motion to Compel pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion to Compel is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) notice of the Motion to Compel was adequate and proper under the circumstances and no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion to Compel is **GRANTED** as set forth herein.
2. The Movants shall, no later than April 5, 2019, provide supplemental responses to Interrogatory Nos. 5, 6, 8, and 9 and produce related documents responsive to Document Request No. 7.

---

[8] Capitalized terms used but not defined herein have the meaning given them in the Urgent Motion.

Dated: _____, 2019.

                                                    SO ORDERED:

                                                    _____
                                                    Honorable Judith G. Dein
                                                    United States Magistrate Judge