# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | Case No. 17-bk-03283 (LTS) |
| | ) | |
| as representative of | ) | |
| | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | X | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | Case No. 17-cv-01685 (LTS) |
| as representative of | ) | Case No. 17-bk-03566 (LTS) |
| | ) | |
| | ) | **Re:  ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | X | |

**DEBTOR'S FIRST SET OF INTERROGATORIES TO CERTAIN SECURED
CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this matter pursuant to Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), Plaintiff Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, hereby demands that Movants on the *Urgent Motion to Expedite Consideration of the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (collectively, the "Bondholders" or "Movants") answer the following Interrogatories in writing and under oath, subject to the penalties of perjury, on or before March 6, 2019.

## DEFINITIONS

1.      The following definitions and instructions are to be used in responding to these Interrogatories.

2.      The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      "Bondholders," "Movants," "You" or "Yours" means the Bondholders, individually and collectively, as well as their respective affiliates, predecessors, successors,

2

partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf.

5.      "Commonwealth" means the Commonwealth of Puerto Rico.

6.      "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form.

8.      "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

9.      "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

10.     "Identify" means to identify the information requested in a complete and specific fashion so as to avoid any ambiguity or vagueness and to ensure that Your answer is in no way incomplete or misleading.

11.     "Including" means including, but not limited to, the referenced subject.

12.     "Lift Stay Motion" means the motion filed by the Bondholders in the ERS Title III Case, entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*.  ERS Title III Case, D.I. 289 (July 3, 2018).

13.     "Pledged Property" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution.  Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

14.      "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

15.     "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

## INSTRUCTIONS

1.     All terms defined above shall have the meanings set forth therein, whether capitalized in these Interrogatories or not.

2.     All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Interrogatories.

3.     The use of the singular form of any word shall include the plural and vice versa.

4

4.      These Interrogatories will be deemed continuing and will require immediate further supplemental production if You receive, discover, or generate additional information after first responding to these Interrogatories, pursuant to Bankruptcy Rule 7026.  If any such additional information or any portion of such information is withheld from Your response upon a claim of privilege or for any other reason, You must promptly serve a written identification of each claim or privilege or other objection asserted, stating with specificity all grounds for such objection.

5.      These Interrogatories are addressed to You.  If the requested information is known to You to exist, but it is not in Your possession, custody, or control, You shall so indicate or produce information and/or Documents that show the name of the person or entity in whose custody such information presently resides.  You are required to respond separately and fully to each Interrogatory.

6.      In responding to these Interrogatories, You are required to furnish all information known or available to You, regardless of whether this information is possessed directly by You, Your agents, employees, attorneys, any other persons directly or indirectly employed by or connected with You, anyone else subject to Your control or in any manner affiliated with You.

7.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge or belief You have concerning the unanswered portion.

8.      If You do not possess information to answer an Interrogatory, You are under a duty to make reasonable efforts to obtain such information.

9.      If an objection is made to any Interrogatory or a portion thereof, the objection shall state with specificity all grounds for such objection.

10.     If You contend that any Interrogatory herein calls for any information that is subject to the attorney-client privilege, work-product protection or any other legal privilege or protection, identify the specific grounds on which You are asserting a privilege or protection, on whose behalf the privilege or protection exists, and each person whom You know or believe has knowledge of such information.

11.     If You encounter any ambiguity in construing an Interrogatory or a definition or instruction relevant to an Interrogatory, set forth the matter deemed ambiguous and set forth the construction chosen or used in responding to the Interrogatory.

12.     Unless otherwise stated, these Interrogatories are without time limit.

## INTERROGATORIES

1.     State the basis for Your allegation, in Paragraph 25 of the Lift Stay Motion, that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that have resulted in a decrease in value of Movants' collateral," including (a) each such action taken by ERS, together with the amount of decrease in the value of Your collateral that resulted from the action, and (b) each such action taken by the Commonwealth, together with the amount of decrease in the value of Your collateral that resulted from the action.

2.     State the date(s) on which You purchased ERS Bonds.

3.     Identify Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

4.     Identify Your collateral or Pledged Property as of today.

5.     State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

6.      State the value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

7.      State the mark-to-market value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

8.      State the value of Your collateral or Pledged Property as of today.

9.      State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property.

10.     Identify the witnesses You intend to present at the hearing scheduled for March 22, 2019.

11.     Identify the exhibits and Documents You intend to present in Your case in chief.

Dated: February 27, 2019
New York, NY

Respectfully submitted,


/s/  *Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale. (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 27, 2019, I caused a copy of the foregoing *Debtor's First*

*Set of Interrogatories to Certain Secured Creditors of the Employees Retirement System of the*

*Government of the Commonwealth of Puerto Rico* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200
Fax: (212) 354-8113

jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on

February 27, 2019, at New York, New York

/s/ Carl Mazurek
Carl Mazurek

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | PROMESA Title III |
| | ) ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) ) ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | ) ) | |
| | ) ) | |
| Debtor. | ) ) | |
| | ) X | |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | PROMESA Title III |
| | ) ) | Case No. 17-cv-01685 (LTS) |
| as representative of | ) ) | Case No. 17-bk-03566 (LTS) |
| | ) ) | **Re: ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) | |
| | ) ) | |
| Debtor. | ) ) | |
| | ) X | |

**DEBTOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, hereby serves this First Set of Requests for Production of Documents on Movants on the *Urgent Motion to Expedite Consideration of the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (collectively, the "Bondholders" or "Movants"), and requests that Bondholders serve written responses and objections, and produce the Documents described below at the offices of Proskauer Rose LLP, Attn: Margaret A. Dale, Eleven Times Square, New York, New York 10036, in the manner prescribed below.

**DEFINITIONS**

1.      The following terms shall have the meanings set forth whenever used in any request.

2.      The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2

4.      "Bondholders," "Movants," "You" or "Your" means and refers to the Bondholders, individually and collectively, as well as their respective affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf.

5.      "Commonwealth" is defined as the Commonwealth of Puerto Rico.

6.      "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, text messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

7.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form.  In producing any Document in response to any of the Document Requests, You shall produce (i) all drafts of any responsive Documents, and (ii) all marked, annotated, or non-identical copies of any responsive Documents.

8.      "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

9.      The "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

10.     "Including" means including, but not limited to, the referenced subject.

11.     "Lift Stay Motion" means the motion filed by the Bondholders in the ERS Title III Case, entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*.  ERS Title III Case, D.I. 289 (July 3, 2018).

12.     "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

13.     "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

## INSTRUCTIONS

1.      All terms defined above shall have the meanings set forth therein, whether capitalized in these requests or not.

2.      All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests for Production.

3.      The use of the singular form of any word shall include the plural and vice versa.

4

4.      These Document Requests are continuing requests pursuant to Federal Rule of

Civil Procedure 26(e), made applicable to this matter under Federal Rule of Bankruptcy

Procedure 7026 and Section 310 of PROMESA (48 U.S.C. § 2170).  You shall supplement any

production of Documents made in response to any of the following Document Requests and

produce promptly any and all responsive Documents that are received, discovered, or created

after any of your responses to these Document Requests, or that are otherwise within your

possession, custody, or control (or within the possession, custody, or control of anyone acting on

your behalf).

5.      These Document Requests apply to all Documents in Your possession, custody,

or control, and include Documents, wherever located, within the possession, custody, or control

of Your advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts,

investment bankers, representatives, subsidiaries, and other persons acting or who have acted on

behalf of the foregoing entities or individuals referenced in this instruction.

6.      If an objection is made to any Document Request or a portion thereof, the

objection shall state with specificity all grounds for such objection.

7.      If You object to any part of any of the Document Requests, You shall produce all

Documents that are responsive to the portions of any of the Document Requests to which the

objection does not apply pending the resolution of any such objections and state whether any

responsive materials are being withheld on the basis of each such objection.

8.      Documents are to be produced in their entirety without abbreviation or

expurgation.  In making Documents available, all Documents which are physically attached to

each other in files shall be made available in that form.  Documents which are segregated or

separated from other Documents, whether by inclusion in binders, files, sub-files, or by use of

5

dividers, tabs or any other method, shall be made available in that form.  Documents shall be made available in the order in which they were maintained.

9.      If responsive information appears on one or more pages of a multi-page Document, provide the entire Document, including any exhibits or attachments thereto.  Except pursuant to a claim of privilege or work product, no Document should be altered, defaced, masked or redacted prior to production.

10.      If You contend that any Document Request herein contains material that is subject to the attorney-client privilege, work-product protection or any other legal privilege or protection, identify the specific grounds on which you are asserting a privilege or protection, and on whose behalf the privilege or protection exists.

11.      If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted Documents.

12.      In the event that any Document called for by these Document Requests has been destroyed or discarded, that Document is to be identified in writing by providing the following information: (a) any sender/author and any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown, or explained; (e) its date of destruction

6

or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons

who authorized and carried out such destruction or discard; and (g) whether any copies of the

document presently exist and, if so, the name of the custodian of each copy.

13.     In producing Documents, all Documents that are physically attached to each other

when located for production shall be left so attached.  Documents that are segregated or

separated from other documents, whether by inclusion of binders, files, sub-files, or by use of

dividers, tabs, or any other method, shall be left so segregated or separated when produced in

response to these Document Requests.  Documents shall be produced in the order in which they

were maintained and in the file where found.  If no Document exists that is responsive to a

particular request, you shall so state in writing.

14.     Debtor reserves its right to serve supplemental Document Requests.

## **DOCUMENT REQUESTS**

1.     All Documents that support, refute, or otherwise relate to Your allegation, in

Paragraph 25 of the Lift Stay Motion, that "Since ERS's Title III filing, ERS and the

Commonwealth have taken actions that have resulted in a decrease in value of Movants'

collateral."

2.     All Documents identifying security interests or liens in any funds or receivables

of the Commonwealth, to the extent You assert such security interests or liens exist.

3.     All Documents relating to any actions by ERS or the Commonwealth that affected

the value of Your collateral since May 21, 2017, to the extent such Documents are not produced

in response to another Request.

4.     All Documents relating to the due diligence performed by You in connection with

the issuance(s) of the ERS Bonds.

5.      All Documents and Communications relating to (a) the possible reduction in the Employer Contribution rate, or (b) other changes in existing law that would adversely affect the amount of Employer Contributions.

6.      All Documents upon which You relied or to which You referred in preparing Your answers to the Debtor's First Set of Interrogatories.

7.      All Documents related to the valuation of Your collateral or Pledged Property, to the extent such Documents are not produced in response to another Request.

Dated: February 27, 2019
New York, NY

Respectfully submitted,

/s/   *Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale. (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

9

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2019, I caused a copy of the foregoing *Debtor's First Set of Requests for Production of Documents to Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036

Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on

February 27, 2019, at New York, New York

/s/ Carl Mazurek
Carl Mazurek

11

# EXHIBIT C



White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

JONES DAY

51 Louisiana Ave, NW• Washington, DC 20001.2113

March 15, 2019

<u>Via Email</u>

William D. Dalsen
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600
wdalsen@proskauer.com

**Re:**  *In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) and In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico (ERS), Case No. 17-3566 (LTS)* **– Movants' Objections and Responses to Debtor's First Set of Requests for Production of Documents ("RFPs"), Requests for Admission ("RFAs") and Interrogatories**

Dear William:

We write in response to your March 7 and March 11 letters.  As an initial matter, we note that many of the issues you raised in your letters are not real issues at all, and instead seem more directed at manufacturing disputes.  Particularly given the expedited schedule, we do not think this is a productive use of time.  Nevertheless, we have provided our responses below, and will be available to confer with you further should you so desire.

**General Objection No. 7 (RFAs and Interrogatories) and No. 8 (RFPs).**

Movants' reference to "readily accessible" information and documents comes from FRCP 26, which (as you know) provides that a party need not provide discovery of electronically stored information from sources that are not reasonably accessible.  Based on our reasonable inquiry to date, we are not currently aware of any files that we reasonably expect would contain responsive documents and/or information but that are not readily accessible.

**General Objection No. 8 (RFAs and Interrogatories)**

Movants' General Objection No. 8 to potentially misleading Requests for Admission or Interrogatories means just that:  Requests for Admission or Interrogatories that are potentially

March 15, 2019
Page 2

misleading are objectionable on that ground.  To the extent Movants found a Request for Admission or Interrogatory, or a term used in the Requests for Admission or Interrogatories, confusing or potentially misleading, Movants objected and explained how they interpreted the potentially misleading term, Request for Admission, or Interrogatory.

### General Objection No. 11 (RFAs and Interrogatories) and No. 14 (RFPs)

Debtors' discovery broadly defined "Movants" to include Movants and all their "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf."  That definition of "Movants" was overly broad, and would seek to impose discovery obligations on persons and entities who are not parties to Movants' motion.  Accordingly, Movants objected to that definition, and stand by that definition.

Notably, both ERS and the Commonwealth objected to Movants' definition of "Affiliates" in Movants' discovery requests to you.  Should you still wish to have a meet and confer discussion about our General Objection to your definition of "Movants," you should be prepared to have a similar discussion about your General Objection to Movants' definition of "Affiliates."

### General Objection No. 13 (Interrogatories) and No. 14 (RFAs)

Movants objected to your definition of "Pledged Property" as potentially misleading because Movants did not know what, exactly, you meant by "synonymous in meaning and equal in scope to the usage of this term in the Resolution."  In any event, Movants clarified that they interpreted "Pledged Property" to mean "Pledged Property as that term is defined in the Resolution."

If you intended the term "Pledged Property" to have some different meaning from how we interpreted it, then you have proven Movants' objection that your definition was potentially misleading—because Movants still do not know what that other meaning could be.  On the other hand, if you did not intend for the term "Pledged Property" to have a different meaning from how Movants interpreted it, then we do not understand why you raised this issue in your letter.

### General Objection No. 14 (Interrogatories), No. 15 (RFAs), and No. 16 (RFPs).

Movants have responded to your discovery requests based on our earlier agreement about date ranges: namely, at least six months before each particular Movant first purchased the ERS Bonds, and from June 30, 2016 to present. We trust this resolves your question.

March 15, 2019
Page 3

**General Objection No. 17 (RFPs).**

Movants objected to producing mass electronic correspondence and similar broadly distributed mass email and Bloomberg messages.  This objection covers documents like spam email and similar auto-generated subscription bulk email messages from third parties not targeted to an individual.  Those types of documents are plainly not relevant to any issues in dispute.  In addition, searching for, reviewing, and producing bulk email messages would be overly burdensome and decidedly not proportional to the needs of the case.  Accordingly, Movants' e-discovery vendor was able to, and appropriately did, apply a bulk email filter to exclude those types of documents from our searches.

**General Objection No. 18 (RFPs).**

Movants have reserved the right to redact non-responsive, objectionable or non-discoverable material from otherwise responsive, non-privileged documents because some of the documents you requested may contain highly sensitive, proprietary or otherwise confidential information, and there is no protective order in place to protect that information.  Accordingly, Movants have reserved the right to redact that information.  Any redactions made on this basis will be reflected on a log.

Movants are willing to discuss a protective order with you, but because some of these documents may eventually be presented as evidence on the public docket or in open court, the protective order would need to address the handling of confidential information in those situations as well.  If you would like to proceed with a protective order, rather than the redaction method Movants have proposed, please send us a draft for review.

**RFP No. 1.**

The objection Movants made is meant to convey that, in producing documents responsive to RFP No. 1, Movants will not be making production decisions (one way or the other) based on whether they think the document in question "supports" or "refutes" the allegation you quoted, because that would call for a legal conclusion.  If a document is responsive because it relates to the allegation you quoted, Movants will produce it (subject, of course, to privilege), regardless of whether the document also "supports" or "refutes" the allegation.

**RFP No. 2.**

Movants' response to RFP No. 2 objected to producing "all" documents that identify the security interests or liens at issue, because a limited set of documents was sufficient to identify those liens.  Movants therefore agreed to produce (and, now, have produced) the documents that are sufficient to identify those security interests or liens: the ERS Bond Resolution, the security

March 15, 2019
Page 4

agreement for the ERS bonds, the UCC-1 filings, the UCC-3 filings, and other documents. *See, e.g.*, Bates ERS_BH_00001 through ERS_BH_002546. Movants may have also produced other documents that also identify the liens or security interests, but they have not produced (and do not need to produce) all such documents.

**RFP No. 3.**

Movants will not be withholding documents responsive to RFP No. 3 on the ground that the Government Parties should already have them.

**RFP No. 4.**

Movants maintain that any due diligence they may have performed in connection with the issuance of the ERS Bonds is irrelevant to the issues in dispute.  Nevertheless, Movants did agree to search for documents relating to due diligence that any of the Movants performed in connection with the issuance of the ERS Bonds (including any general due diligence files that exist relating to the issuance of the ERS Bonds).  To the extent any responsive, non-privileged documents are located following a reasonably diligent search (including of general hard-copy or soft-copy files, and of custodians whose documents we have searched using agreed upon search terms), Movants will produce them.

To be clear, however, your RFP asked for documents "relating to the due diligence performed by You in connection with the issuance(s) of the ERS Bonds."  Many of the Movants did not purchase any ERS Bonds at issuance, and thus would not have (and do not have) documents relating to due diligence performed in connection with the issuance of the ERS Bonds.

**RFP No. 5.**

Movants maintain their objections that the documents sought by RFP No. 5—namely, documents and communications relating to (a) the possible reduction in the Employer Contribution rate, or (b) other changes in existing law that would adversely affect the amount of Employer Contributions—are both beyond the scope of the Court's August 8, 2018 Order and irrelevant to the Lift-Stay Motion.  Nevertheless, Movants will not withhold documents on the basis of these objections.

**RFP No. 7.**

Movants maintain their objections that the documents sought by RFP No. 7—namely, documents related to the valuation of Movants' collateral or Pledged Property—are in the possession, custody, or control of the Debtors.  In addition, to the extent Movants have any internal documents relating to the valuation of their collateral or Pledged Property, those documents are

March 15, 2019
Page 5

irrelevant, including for the reasons supporting Judge Dein's March 5, 2019 Order arising out of various insurers' motion to lift the automatic stay.  Nevertheless, Movants will not withhold documents on the basis of these objections.

**RFAs Nos. 1-4 (and General Objection No. 17 to RFAs).**

Movants denied each of these Requests for Admission, and Movants maintain each of those denials.  In addition, Movants made further statements regarding their denials, and also made General Objection No. 17, all of which Movants also maintain.  No further response is required.

**RFA No. 5.**

Movants objected to this Request for Admission, which asked Movants to "Admit the Resolution provides that Your alleged security interest would only attach if and when the contributions were received by ERS or its Fiscal Agent," on the ground that it calls for a legal conclusion.  Movants maintain that objection.  On its face, this Request asks Movants to evaluate what the ERS bond Resolution "provides."  As such, the Request is not seeking an admission of how law applies to facts, or an opinion about how law applies to facts, but is rather seeking a pure legal conclusion.

To the extent a response is required, Movants deny this Request for Admission.

**RFA No. 7.**

Movants both objected to and denied this Request for Admission.  In part, Movants did not understand what you meant by your Request that Movants "Admit that the basis for Your asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth."  Nevertheless, Movants admitted that "one of the bases for their secured claim is that the Commonwealth has acquired property subject to Movants' liens."  Movants otherwise denied Request for Admission No. 7.  No further response is required.

Finally, the complaints referred to in Movants' response to Request for Admission No. 7 are: Adv. Proc. No. 17-219 Docket No. 39 and Adv. Proc. No. 17-220 Docket No. 39.  The proofs of claim referred to in Movants' response to Request for Admission No. 7 are attached as Exhibit A.

**RFA No. 11.**

Movants denied this Request for Admission because they deny that their claims are payable solely from the Pledged Property.  No further explanation is required in response to a Request for Admission.

March 15, 2019
Page 6

**RFA No. 12 and No. 15.**

Movants maintain that both Request for Admission No. 12 and Request for Admission No. 15 improperly seek admissions on legal questions.  To the extent a response is required, Movants denied the Requests, and they maintain their denials.

**RFA No. 17.**

Movants denied Request for Admission No. 17.   No further explanation is required in response to a Request for Admission.

**Interrogatory No. 2**

The dates that the various Movants purchased ERS Bonds are not relevant to this motion, and the reasons you set forth in your letter does not change that.  All of the Movants who are currently parties to this proceeding were also Movants in July 2018, when Movants first filed their Lift-Stay Motion.  In addition, Movants will produce documents containing charts setting forth each Movant's ERS Bonds and associated CUSIP Numbers.  That information is sufficient to provide you with all the information you requested in your letter.

**Interrogatory Nos. 5, 6, and 8.**

As Movants stated in response to Interrogatories Nos. 5, 6, and 8, the information needed to value the collateral or Pledged Property as of the various dates set forth in the Interrogatories is within the possession, custody, or control of the Government Parties.  Movants do not have that information.

The documents referred to in Interrogatory No. 6 are publicly available documents.  Movants have nevertheless produced them.  *See* Bates ERS_BH_002547 through ERS_BH_003275.

**Interrogatory No. 9**

Movants have sufficiently answered Interrogatory No. 9, particularly given the expedited schedule that governs this motion.  No further response is required.

March 15, 2019
Page 7

Very truly yours,

*/s/ Sparkle L. Sooknanan*
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001

*Counsel for the ERS Bondholders Group*

/s/ *Cheryl T. Sloane*
Cheryl T. Sloane
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

*Counsel for the Puerto Rico Funds*

**Exhibit A**

| Movant | Claim Number | Debtor |
|---|---|---|
| Andalusian Global Designated Activity Company | 25909 | Commonwealth of Puerto Rico |
| Glendon Opportunities Fund, L.P. | 24966 | Commonwealth of Puerto Rico |
| Mason Capital Master Fund, LP | 20647 | Commonwealth of Puerto Rico |
| Oaktree-Forrest Multi-Strategy, LLC (Series B) | 26329 | Commonwealth of Puerto Rico |
| Oaktree Opportunities Fund IX, L.P. | 28669 | Commonwealth of Puerto Rico |
| Oaktree Opportunities Fund IX (Parallel 2), L.P. | 27383 | Commonwealth of Puerto Rico |
| Oaktree Value Opportunities Fund, L.P. | 26365 | Commonwealth of Puerto Rico |
| Ocher Rose, L.L.C. | 31165 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Bond Fund, Inc. | 22606 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Bond Fund II, Inc. | 23328 | Commonwealth of Puerto Rico |
| Puerto Rico AAA Portfolio Target Maturity Fund, Inc. | 23526 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund, Inc. | 25445 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund II, Inc. | 21144 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund III, Inc. | 21213 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund IV, Inc. | 21280 | Commonwealth of Puerto Rico |
| Puerto Rico Fixed Income Fund V, Inc. | 22196 | Commonwealth of Puerto Rico |
| Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc. | 28680 | Commonwealth of Puerto Rico |

| **Movant** | **Claim Number** | **Debtor** |
|---|---|---|
| Puerto Rico Investors Bond Fund I | 33786 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund, Inc. | 33603 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund, Inc. II | 33671 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund III, Inc. | 33796 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund IV, Inc. | 34863 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund V, Inc. | 33713 | Commonwealth of Puerto Rico |
| Puerto Rico Investors Tax-Free Fund VI, Inc. | 32845 | Commonwealth of Puerto Rico |
| Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc. | 39177 | Commonwealth of Puerto Rico |
| SV Credit, L.P. | 21961 | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Fund, Inc. | 21199 | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Fund II, Inc. | 21069 24180 (Docketed in Error by Prime Clerk) | Commonwealth of Puerto Rico |
| Tax-Free Puerto Rico Target Maturity Fund, Inc. | 21309 | Commonwealth of Puerto Rico |

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| In re: | ) | PROMESA |
|  | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) |  |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Case No. 3:17-bk-03283 (LTS) |
| as representative of | ) |  |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) |  |
| Debtors. | ) |  |

---

|  |  |  |
|---|---|---|
| In re: | ) | PROMESA |
|  | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) |  |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Case No. 3:17-cv-01685 (LTS) |
| as representative of | ) | Case No. 3:17-bk-03566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) |  |
| GOVERNMENT OF THE COMMONWEALTH OF | ) |  |
| PUERTO RICO, | ) |  |
| Debtor. | ) |  |

## MOVANTS' RESPONSES AND OBJECTIONS
## TO DEBTOR'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 7033 of the Federal Rules of Bankruptcy Procedure, and Federal Rule of

Civil Procedure 33 incorporated therein, Movants [1] hereby respond to Debtor's First Set of

---

[1] Movants include Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico

Interrogatories to Movants, dated February 27, 2019 ("Interrogatories").  Movants reserve the right to supplement, amend or modify these objections and responses as necessary.

## GENERAL OBJECTIONS

1.        These General Objections are applicable to and incorporated into each and every individual response that Movants make to the Interrogatories whether or not restated in response to any particular request.  Movants' responses are made without waiving, or intending to waive, these General Objections, and Movants specifically reserve all of their other objections.

2.        Movants' responses to the Interrogatories are not intended to be, and shall not be construed as, agreement with the Debtor's characterization of any facts, circumstances, or legal obligations. To the extent any defined term or phrase is clear, Movants do not accept or endorse the characterization, but do not object to the defined term or phrase since its meaning is clear and any characterization is irrelevant.

3.        Movants' responses to the Interrogatories contained herein are made on the basis of information now known to Movants and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested.

4.        Movants object to the Interrogatories, including the Instructions and Definitions, to the extent they seek to impose obligations on Movants that are inconsistent with or exceed obligations under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States District Court for the District of Puerto Rico, the

---

Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or any other applicable rule or law.

5.      Movants object to the Interrogatories to the extent they seek information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, or any other applicable privilege. Movants construe the Interrogatories to seek non-privileged information, and, as such, to the extent Movants provide information, they will provide information that they believe is non-privileged and otherwise properly discoverable. Movants do not intend to provide any privileged information. Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

6.      Movants object to each and every Interrogatory to the extent they seek information that is not within Movants' possession, custody or control.

7.      Movants object to the Interrogatories to the extent that they purport to require Movants to search for and provide information that is not "readily accessible" as that term is generally understood.

8.      Movants object to the Interrogatories to the extent that any requests are compound, vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

9.      Movants object to the "Definitions" in the Interrogatories to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

10.     Movants object to the Interrogatories to the extent that any Definition or any Interrogatory seeks to define terms and/or characterize evidence or disputed issues in the case. To the extent Movants adopt any terms used by the Debtor in the Interrogatories, such adoption is limited solely to these responses.

3

11.     Movants object to the definition of "Bondholders," "Movants," "You," and "Yours" as overly broad insofar as it extends beyond the movants named in the *Urgent Motion to Expedite Consideration of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 5196; Case No. 17-3566 Docket No. 367] and includes individuals and entities who have no connection with the current litigation and have identities separate and apart from Movants, including Movants' "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf." Movants will construe the Interrogatories that refer to "Bondholders," "Movants," "You," and "Yours" as referring exclusively to the named Movants with respect to the ERS Bonds, and disclaim any obligation to seek information from any other sources.

12.     Movants object to the definition of "ERS Bonds" as confusing or potentially misleading. The Resolution authorized the issuance of both senior and subordinate bonds, but only senior bonds were ultimately issued by the ERS. Movants will construe the Interrogatories that define "ERS Bonds" as referring to Bonds as that term is defined in the Resolution.

13.     Movants object to the definition of "Pledged Property" as confusing or potentially misleading. Movants will construe the Interrogatories that refer to "Pledged Property" as referring to Pledged Property as that term is defined in the Resolution.

14.     Movants object to Instruction No. 12, which provides that "[u]nless otherwise states, these Interrogatories are without time limit," on the grounds that it is overly broad insofar as it purports to seek information at any time and contains no limitation on date ranges. In the

absence of any agreement among the parties as to the applicable date ranges, Movants will respond

to each Interrogatory within a date range that is reasonable for each request.

15.      Movants object to each and every one of these Interrogatories, and the instructions

and definitions therein, to the extent that the information sought is publicly available, unreasonably

cumulative or duplicative, or is obtainable from some other source that is more convenient, less

burdensome, or less expensive.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**  State the basis for Your allegation, in Paragraph 25 of the Lift Stay
Motion, that "Since ERS's Title III filing, ERS and the Commonwealth have taken actions that
have resulted in a decrease in value of Movants' collateral," including (a) each such action taken
by ERS, together with the amount of decrease in the value of Your collateral that resulted from the
action, and (b) each such action taken by the Commonwealth, together with the amount of decrease
in the value of Your collateral that resulted from the action.

**Response to Interrogatory No. 1**:  Subject to and without waiving the foregoing General

Objections, Movants respond as follows:  Since ERS's Title III filing, ERS and the Commonwealth

have permanently transferred and diverted Movants' collateral from ERS to the Commonwealth,

and the Commonwealth is dissipating that collateral to pay other creditors.  These actions include,

but are not limited to, (i) the purported elimination of employer contributions to ERS as of July 1,

2017; (ii) directing employers to make pension system contributions to the Commonwealth instead

of ERS; and (iii) the liquidation of ERS's assets.  ERS and the Commonwealth have also denied

Movants' requests for adequate protection and opposed Movants' requests to lift the Title III stays,

thus preventing Movants from protecting their secured interests in the Pledged Property.  Movants

further incorporate their response to Interrogatory No. 6 below.  Movants further state that they do

not possess all the information necessary to (i) determine the exact value of the Pledged Property

as of a given date, or (ii) specifically identify all actions taken by ERS, the Commonwealth, and

others in furtherance of the plan to deplete the value of the Pledged Property.  Some or all of that

5

information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth,

AAFAF, and the Oversight Board.

**INTERROGATORY NO. 2:**  State the date(s) on which You purchased ERS Bonds.

     **Response to Interrogatory No. 2:**  In addition to the General Objections set forth above,

Movants object to this Interrogatory on the ground that it seeks information not relevant to the Lift

Stay Motion.

**INTERROGATORY NO. 3:**  Identify Your collateral or Pledged Property as of the date on
which the ERS Title III Case was commenced, May 21, 2017.

     **Response to Interrogatory No. 3:**  Subject to and without waiving the foregoing General

Objections, Movants respond as follows:  Movants' collateral is the Pledged Property, which

includes:

    (i)     all "Revenues," including, among other things, all employer contributions paid
from and after the date of the ERS Bond Resolution received by ERS or the fiscal
agent "and any assets in lieu thereof or derived thereunder which are payable to
[ERS] pursuant to [the ERS Enabling Act]";

    (ii)    all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to
receive the same";

    (iii)    the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

    (iv)    any and all other rights and personal property of every kind pledged and assigned
by the ERS for additional security; and

    (v)    "any and all cash and non-cash proceeds, products, offspring, rents and profits
from any of the Pledged Property," including, "without limitation, those from the
sale, exchange, transfer, collection, loss, damage, disposition, substitution or
replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

**INTERROGATORY NO. 4:**   Identify Your collateral or Pledged Property as of today.

**Response to Interrogatory No. 4:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The definition of "Pledged Property" has not changed over the course of this proceeding.  Movants' collateral is the Pledged Property, which includes:

(i)    all "Revenues," including, among other things, all employer contributions paid from and after the date of the ERS Bond Resolution received by ERS or the fiscal agent "and any assets in lieu thereof or derived thereunder which are payable to [ERS] pursuant to [the ERS Enabling Act]";

(ii)    all "right, title, and interest of [ERS] in and to" the "Revenues" and "all rights to receive the same";

(iii)    the funds, accounts, and subaccounts held for the benefit of ERS bondholders;

(iv)    any and all other rights and personal property of every kind pledged and assigned by the ERS for additional security; and

(v)    "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property.

ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37

To the extent Interrogatory No. 4 requests information regarding the diversion of the Pledged Property, Movants object on the grounds that (i) that information is uniquely within the possession, custody, and control of ERS and the Commonwealth, and (ii) some of that information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**INTERROGATORY NO. 5:**   State the value of Your collateral or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017.

**Response to Interrogatory No. 5:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  Movants are unable to state the value of their collateral

or Pledged Property as of the date on which the ERS Title III Case was commenced, May 21, 2017,

because the information necessary to make that determination is uniquely in the possession of ERS,

the Commonwealth, AAFAF, and/or the Oversight Board.  Some of that information is the subject

of Movants' outstanding discovery requests to those parties.


**INTERROGATORY NO. 6:** State the value of Your collateral or Pledged Property as of the first
day of the month, for each month since the date on which the ERS Title III Case was commenced,
May 21, 2017.

**Response to Interrogatory No. 6:**  Subject to and without waiving the foregoing General

Objections, Movants respond as follows:  Movants are unable to state the value of their collateral

or Pledged Property as of the first day of the month, for each month since the date on which the

ERS Title III Case was commenced, May 21, 2017, because the information necessary to make

those determinations is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or

the Oversight Board.  Some of that information is the subject of Movants' outstanding discovery

requests to those parties.

Subject to and without waiving the foregoing, Movants state that publicly available

documents indicate that the value of Movants' collateral or Pledged Property has diminished since

implementation of the automatic stay imposed upon commencement of ERS's Title III case.

Employer contributions to ERS were purportedly eliminated as of July 1, 2017, employers have

instead made more than $1.8 billion in pension system contributions directly to the Commonwealth

from July 2017 through November 2018, and the Commonwealth has been dissipating those funds

to pay other creditors.  In addition, funds in ERS-related accounts decreased from $513 million as

of November 30, 2017 to $375.9 million as of December 31, 2018.  Further, the majority of ERS's

liquid assets were depleted by the start of FY2018.

**INTERROGATORY NO. 7:**  State the mark-to-market value of Your collateral or Pledged Property as of the first day of the month, for each month since the date on which the ERS Title III Case was commenced, May 21, 2017.

>  **Response to Interrogatory No. 7:**   In addition to the General Objections set forth above, Movants object to this Interrogatory as vague, ambiguous, and unintelligible because collateral is not "marked-to-market."  Subject to and without waiving this objection or the General Objections, Movants further respond that they are currently unaware of any information responsive to this Interrogatory.

**INTERROGATORY NO. 8:**  State the value of Your collateral or Pledged Property as of today.

>  **Response to Interrogatory No. 8:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The information necessary to determine the exact value of the Pledged Property, as of a given date, is uniquely in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board.  Although Movants' collateral has been impaired by the diversion and dissipation of the Pledged Property, Movants do not have enough information to identify the exact value of the Pledged Property as of March 8, 2019.  Some of that information is the subject of Movants' outstanding discovery requests to ERS, the Commonwealth, AAFAF, and the Oversight Board.

**INTERROGATORY NO. 9:** State with specificity the cause of any alleged diminution in the value of Your collateral or Pledged Property.

      **Response to Interrogatory No. 9:**  Subject to and without waiving the foregoing General Objections, Movants respond as follows:  The value of the Pledged Property has been impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors. ERS and the Commonwealth have also failed to provide Movants with adequate protection and opposed Movants' requests to lift the Title III stays, thus preventing Movants from taking actions to prevent the misappropriation of the Pledged Property and protect their constitutionally protected property interests.

**INTERROGATORY NO. 10:** Identify the witnesses You intend to present at the hearing scheduled for March 22, 2019.

      **Response to Interrogatory No. 10:**  In addition to the General Objections set forth above, Movants object to this Interrogatory as premature and inconsistent with the provisions of the Court's February 25, 2019, scheduling order.

**INTERROGATORY NO. 11:** Identify the exhibits and Documents You intend to present in Your case in chief.

      **Response to Interrogatory No. 11:**  In addition to the General Objections set forth above, Movants object to this Interrogatory as premature and inconsistent with the provisions of the Court's February 25, 2019, scheduling order..

*[signatures appear on following page]*

10

**AS TO OBJECTIONS:**

Dated:  March 8, 2019

*/s/ Alfredo Fernández-Martínez*
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

*/s/ Bruce Bennett*
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP,, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

/s/ Alicia I. Lavergne-Ramírez

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@sanpir.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@sanpir.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

/s/ Jason Zakia

John K. Cunningham (*pro hac vice*)
Glenn M. Kurtz (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc*

**AS TO RESPONSES:**

*Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc.,* and *Puerto Rico Investors Tax-Free Fund VI, Inc.*

By: _____

Title: _____*SVP*_____

Affidavit Number: *14,247*

Sworn and subscribed to before me by Javier Rubio, of legal age, married, a banker and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the Puerto Rico Investors Family of Funds, and who is personally known to me, in San Juan, Puerto Rico, on this *8th* day of March 2019.



_____
NOTARY PUBLIC



**AS TO RESPONSES:**

> *Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

By: _____

Name:  Leslie Highley

Title:  Senior Vice-President

Affidavit Number:  349

     Sworn and subscribed to before me by Leslie Highley Ramírez, of legal age, married, proprietor, and a resident of San Juan, Puerto Rico, in his capacity as authorized representative of the before-mentioned funds, and who is personally known to me, in San Juan, Puerto Rico, on this 8th day of March, 2019.



NOTARY PUBLIC

## **VERIFICATION**

STATE OF NEW JERSEY        )
                           ) ss.
COUNTY OF ESSEX            )


I, James E. Bolin, being duly sworn, state that I am an agent of Andalusian Global Designated Activity Company, that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                Affiant


Subscribed and sworn to before me on this 8th day of March, 2019.

_____
Notary Public

My commission expires: May 2nd 2019

OFFICIAL SEAL
ASHLEY GALGANSKE
NOTARY PUBLIC - NEW JERSEY
My Comm. Expires May 2, 2019

## VERIFICATION

STATE OF _New York_ )

COUNTY OF _New York_ )  ) ss.

I, Adrianna Cano, being duly sworn, state that I am an agent of Ocher Rose, L.L.C., that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____

Affiant

Subscribed and sworn to before me on this _8th_ day of March, 2019.

_____

Notary Public

My commission expires: _4/14/2020_

JENNIFER M VASQUEZ
Notary Public, State of New York
No. 01VA6185208
Qualified in Bronx County
Commission Expires April 14, 20_20_

## **VERIFICATION**

STATE OF NEW YORK          )
                                              )ss.
COUNTY OF NEW YORK     )


I, James McGovern, being duly sworn, state that I am an agent of Mason Capital Master Fund, LP, that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
                        Affiant


Subscribed and sworn to before me on this ___8th___ day of March, 2019.

_____
Notary Public


My commission expires: ___4|2|20___

KRISTINA WALL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01WA6258817
Qualified In New York County
My Commission Expires 04-02-2020

## VERIFICATION

STATE OF _California_          )
                              ) ss.
COUNTY OF _Los Angeles_       )


I, _HAIG MAGHAKIAN_ being duly sworn, state that I am an agent of Glendon Opportunities Fund, L.P., that I have read the foregoing Movants' Responses And Objections To The First Set Of Interrogatories, and that the factual answers set forth in Movants' responses are true and correct to the best of my knowledge, information, and belief.

By: _____
          Affiant


Subscribed and sworn to before me on this_____ day of March, 2019.


                    _____
                    Notary Public


My commission expires: _____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of LOS ANGELES

Subscribed and sworn to (or affirmed) before me on this 8th day of MARCH , 20 19 , by HAIG MAGHAKIAN

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ALYSSA SUSAN ELLARD
Notary Public - California
Los Angeles County
Commission # 2231858
My Comm. Expires Feb 23, 2022

(Seal)                    Signature

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 8, 2019, a true and correct copy of the foregoing was

served via electronic mail to the persons listed below:

Margaret A. Dale
mdale@proskauer.com

Martin J. Bienenstock
mbienenstock@proskauer.com

Paul V. Possinger
ppossinger@proskauer.com

**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of the Employees Retirement
System of the Government of
the Commonwealth of Puerto Rico*

*s/ Sparkle L. Sooknanan*

# EXHIBIT E

## Proskauer

Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

March 11, 2019

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

<u>**Via Email**</u>

Sparkle L. Sooknanan, Esq.
Jones Day
51 Louisiana Ave. N.W.
Washington, DC 20001
(202) 879-3939
ssooknanan@jonesday.com

Re:     ***In Re The Employees Retirement System of the Government of the Commonwealth of
        Puerto Rico (ERS)* (No. 17 BK 3566-LTS) – Movants' Objections and Responses to
        Debtor's First Set of Requests for Admission and Interrogatories**

Dear Sparkle:

I write in an effort to resolve, without court intervention, numerous issues raised by Movants' Objections and Responses to ERS's First Set of Requests for Admissions ("<u>RFAs</u>") and First Set of Interrogatories ("<u>Interrogatories</u>") (collectively, the "<u>Requests</u>"). We request a meet-and-confer regarding the issues identified below.

### <u>Issues Common to Movants' Responses and Objections to the Requests</u>

**I.      General Objection No. 7 (RFAs and Interrogatories)**

Movants object to the Requests to the extent the information requested is "not 'readily accessible' as that term is generally understood." As we noted in my letter of March 7, 2019 with respect to Movants' responses to Debtor's requests for production, we do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection.

**II.     General Objection No. 8 (RFAs and Interrogatories)**

Movants object to the Requests to the extent they seek information that is "potentially misleading." We do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection. To the extent Movants are withholding



Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 2

any information on the basis of this objection, please also identify any Requests or parts of Requests Movants contend are "potentially misleading."

### III.    General Objection No. 11 (RFAs and Interrogatories)

Movants object to Debtor's definitions of "Movants," "Bondholders," and "You" on the grounds they are "overly broad," and state that Movants will interpret those definitions to refer "exclusively to the named Movants with respect to the ERS Bonds."

As noted in my letter of March 7, 2019 concerning Movants' objections and responses to Debtor's requests for production, we wish to meet and confer concerning this objection and Movants' basis for asserting it.  Additionally, to the extent Movants intended the difference in the language of their "disclaimer" in this objection—which states that Movants "disclaim any obligation to provide information from any other *persons*" in the RFAs, and "disclaim any obligation to seek information from any other *sources*" in the Interrogatories—please articulate the basis for that difference.

### IV.    General Objection No. 13 (Interrogatories) & General Objection No. 14 (RFAs)

Movants object to the definition of "Pledged Property" as "potentially misleading."  We do not know what this is intended to mean, and it is not clear whether Movants are withholding information on the basis of this objection.

Please articulate what this objection is intended to mean, identify any sources of information Movants will not search on the basis of this objection, and identify whether any information is being withheld on the basis of this objection.

### V.    General Objection No. 14 (Interrogatories) and General Objection No. 15 (RFAs)

Movants state the scope of ERS's Requests is "overly broad" absent an agreement on date ranges, and that Movants will unilaterally decide upon a "reasonable" date range for each Request.

It is unclear what date range Movants intend to apply to each Request on the basis of this objection, or whether Movants intend to apply multiple date ranges as an initial matter.  It is also unclear whether Movants intend for this objection to supersede our prior discussions and agreements concerning the application of date ranges to search terms.

Please identify what Movants believe to be the "reasonable" date range for each Request, and the basis for that belief.



Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 3

## Movants' Responses and Objections to the RFAs

**I.      General Objection No. 17 and Requests for Admission Nos. 1 - 4**

Movants generally object to Requests 1-4 as irrelevant on the grounds Movants' actions at the time of the issuance of ERS Bonds "have no bearing on whether the Pledged Property has diminished in value" or whether Movants' rights have been adequately protected. Certain Movants further specifically object to Requests 1-4 on the grounds they did not purchase ERS Bonds at the time they were issued. We disagree.

These Requests are relevant to show that Movants knew and assumed the risk of legislation that would affect the ERS Bonds, and to show that any alleged diminution is not the result of the automatic stay. Further, during our conference last Sunday, March 3, 2019, Mr. Stewart agreed that Movants would produce full diligence files in response to Debtor's requests for production, without objecting to relevance or scope.

Nor can certain Movants[1] avoid answering these Requests. All Movants, including later purchasers of ERS Bonds, fall within the scope of the Definitions of "Movants" and "You" supplied with the Requests, and all must answer as to the original purchasers at issuance. In any event, diligence Movants performed prior to purchasing ERS Bonds is diligence "in connection with the issuance of ERS Bonds," which is the subject of these Requests. To the extent certain Movants performed no diligence in connection with the issuance of ERS Bonds (which includes their purchase of ERS Bonds), they may deny the Requests separately.

Requests 1-4 must be answered or deemed admitted. Please confirm Movants will withdraw their objections noted above and will answer these Requests.

**II.     Request for Admission No. 5**

This Request asks Movants to admit that any security interests would only attach if and when the contributions were received by ERS or its Fiscal Agent. Movants object to this Request on the grounds that it seeks an admission of a legal conclusion. We disagree.

Requests for admission may properly call for the application of law to fact, or opinions about the application of law to fact. Fed. R. Civ. P. 36(a)(1)(A). This Request fits both permitted categories, as it supplies a factual scenario (the receipt of contributions by ERS or the Fiscal Agent) and asks Movants to apply applicable law and admit or deny whether that is the only scenario where their alleged security interests would attach. At a minimum, it asks Movants' opinion on that issue.

---

[1] Namely: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., and SV Credit, L.P.

**Proskauer** »

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 4

This Request must be answered or deemed admitted.   Please confirm Movants will withdraw their objections and answer this Request.

## III.    Request for Admission No. 7

This Request asks Movants to admit their asserted secured claim at the Commonwealth is the alleged transfer of Pledged Property to the Commonwealth.  Movants object to this Request as "unintelligible," but then admit that one of the bases of their secured claim is that the Commonwealth has acquired property subject to Movants' liens.

Movants' objection is improper because the Request is intelligible, as evidenced by Movants' ability to provide an answer to it (however incomplete).  Movants' objection must be withdrawn, and Movants must provide an amended answer that fairly responds to this Request.

Movants' current answer is deficient for two additional reasons.   First, we do not understand what Movants refer to by the phrase "acquired property subject to Movants' liens." Please identify what property Movants are referring to in this answer, and why that property is subject to Movants' liens.  Second, Movants' statement that "they have filed a complaint and a proof of claim asserting their secured claim" do not include any information about the complaint and proof of claim to which they refer.  Please identify, by case and docket number, the specific documents intended to be incorporated into Movants' current answer.

## IV.    Request for Admission No. 11

This Request asks Movants to admit their claims are payable solely from Pledged Property. Movants deny the Request without explanation, but in response to Interrogatory Nos. 3 and 4 state "Movants' collateral is the Pledged Property" as defined under the Resolution.

We cannot square the denial of this Request with Movants' responses to Interrogatory Nos. 3 and 4.  Please explain how Movants' claims are payable from sources other than Movants' collateral, such that this Request was properly denied.

## V.    Requests for Admission Nos. 12 and 15

These Requests ask Movants to admit, first, that the alleged diminution in value of Movants' collateral or Pledged Property is not the result of the automatic stay (RFA No. 12), and second, that such alleged diminution is the result of the Pay-Go Legislation (RFA No. 15). Movants object to these Requests on the grounds they seek legal conclusions on ultimate issues. We disagree.

Requests for admission may properly ask a party to admit the truth of facts, the application of law to facts, or opinions about either.  Fed. R. Civ. P. 36(a)(1)(A).  Both Requests are proper because both ask Movants to admit a fact—namely, whether Movants contend the automatic stay (RFA No. 12) is not, and the Pay-Go Legislation (RFA No. 15) is, the factual cause of any alleged diminution of value for which they seek relief.   At a minimum, both Requests ask for the



Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 5

application of law to the supplied factual predicates.  Further, these Requests are not beyond the
scope of these proceedings because they seek discovery precisely on the subject of "the attribution
of any diminution in value resulting from the automatic stay."

These Requests must be fairly answered or deemed admitted.  Please confirm Movants will
withdraw their objections and answer these Requests.

## VI.    Request for Admission No. 17

This Request asks Movants to admit they do not have a perfected security interest in any
cash of ERS or any assets of ERS acquired with cash.  Movants deny this Request without
explanation, suggesting they have a perfected security interest in cash or assets acquired with cash.

Please produce the documentary basis for Movants' denial of this Request.  For example,
to deny this Request as to cash of ERS, Movants would be required to have control of that cash,
typically through a deposit account control agreement.  Further, to the extent Movants contend
they have a perfected security interest in assets ERS acquired with cash in which Movants have no
perfected security interest, please provide the documentary basis for Movants' denial.

### Movants' Responses and Objections to Debtor's Interrogatories

## I.    Interrogatory No. 2

This Request asks Movants to state the date on which they purchased ERS Bonds.  Movants
object to this Request on the grounds that it is not relevant to the Lift Stay Motion.  We disagree.

The date of purchase is relevant to establish Movants as holders of ERS Bonds, particularly
those Movants who did not originally seek adequate protection and have recently joined these
proceedings.  Further, the date of purchase is relevant to establish when, if ever, each respective
Movants acquired rights to any collateral or Pledged Property.

Please confirm Movants will withdraw their objection and answer Interrogatory No. 2.

## II.    Interrogatory Nos. 5 and 6

These Requests ask Movants to state the value of their collateral or Pledged Property as of
certain specified dates.  Movants object on the grounds that the information is "uniquely" in the
possession, custody or control of ERS, AAFAF, and the Commonwealth.  We disagree.

Movants are financially sophisticated, and it is inconceivable they have no sense of the
value of the alleged collateral or Pledged Property securing their ERS Bonds.  Such valuations
would be created in the ordinary course of business prior to purchase and to monitor Movants'
investments in ERS Bonds, and are relevant to show whether there has been any diminution in
value and the cause of any such diminution.  Please confirm Movants will withdraw their
objections and answer these Requests.

**Proskauer** »

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 6

Further, as to Interrogatory No. 6, please either produce, or identify in your production by Bates number, the documents relied upon and referenced in Movants' response to Interrogatory No. 6.

### III.     Interrogatory No. 8

This Request asks Movants to state the value of their collateral or Pledged Property as of today.  Movants object to these Requests on the grounds that the information is in the possession, custody or control of the Government Parties.  We disagree.

As noted above concerning Interrogatory Nos. 5 and 6, it is inconceivable that financially sophisticated Movants have no information about the value of the collateral or Pledged Property for which they seek adequate protection.  Indeed, if Movants have no idea of the value of their collateral or Pledged Property, they have no basis to seek adequate protection for diminution of it. Movants must identify the value of their alleged collateral or Pledged Property for each category of collateral or Pledged Property.

Movants also appear to object to this Request on the grounds they cannot articulate the "exact" value of their collateral or Pledged Property.  This objection is improper, as the Request does not ask for "exact" value, but instead asks Movants to state the value based on information in their possession, custody, and control.  To the extent Debtor understands Movants' objection, Debtor does not accept the proposed limitation of this Request to providing an "exact" value.

Please confirm Movants will withdraw their objections and answer Interrogatory No. 8.

### IV.     Interrogatory No. 9

This Request asks Movants to state with particularity the cause of any alleged diminution in value of their collateral or Pledged Property.  Movants state that "the value of the Pledged Property has been impaired by, among other things, the permanent diversion of Movants' collateral from ERS to the Commonwealth, and the Commonwealth's dissipation of Movants' collateral to pay other creditors."  Movants' response is plainly deficient.

This Request asks Movants to state *with specificity* the cause for any alleged diminution in value.  Movants' response, in contrast, speaks in generalities, stating there has been a "permanent diversion" of collateral without identifying (1) what caused that diversion, (2) why it is permanent, and (3) the specific collateral that has been diverted.

Please confirm Movants will supply an amended answer to this Request to address those plain deficiencies and that will identify, with specificity, the cause of any alleged diminution in value.

*         *         *         *         *

Proskauer >>

Sparkle L. Sooknanan, Esq.
March 11, 2019
Page 7

As the parties are separately conferring concerning the schedule in this matter, we propose discussing the issues raised in this letter and the issues raised in my letter of March 7, 2019 on an agreed-upon date.  Please advise of your availability.

Very truly yours,

William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Geoffrey S. Stewart, Esq. (via email) (gstewart@jonesday.com)
Cheryl T. Sloane, Esq. (via email) (csloane@whitecase.com)

# EXHIBIT F

| | |
|---|---|
| From: | Papez, Matthew E. |
| To: | Dalsen, William D.; Sooknanan, Sparkle L.; csloane@whitecase.com |
| Cc: | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede; alavergne@sanpir.com; Dale, Margaret A.; Mazurek, Carl A.; Vora, Hena M.; Rosen, Brian S.; Levitan, Jeffrey W.; Possinger, Paul V.; pfriedman@omm.com; Sushon, Bill; McKeen (External), Elizabeth; Neve, Brett M.; 'Bassett, Nicholas'; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com |
| Subject: | RE: ERS - Meet/Confer |
| Date: | Tuesday, March 19, 2019 7:49:34 PM |

Will,

As Movants stated in response to Interrogatories 5, 6, and 8, the Movants are unable to state the value of their collateral or Pledged Property as of the various dates in Interrogatories 5, 6, and 8, because they do not have the information necessary to make that determination. Rather, the Movants believe that information is in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board, and Movants have therefore requested that information in their discovery requests to the Government Parties. In addition, in response to Interrogatory 6, the Movants cited various public documents (which Movants have also produced) that indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay. Based on a reasonably diligent inquiry to date, the Movants are not aware of additional information in their possession that is responsive to Interrogatories 5, 6, or 8.

The Movants will stand by their response to Interrogatory 9.

Thanks,
Matt

Matthew E. Papez (bio)
Partner
JONES DAY® - One Firm Worldwide℠
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

From: Dalsen, William D. <wdalsen@proskauer.com>
Sent: Tuesday, March 19, 2019 6:17 PM
To: Papez, Matthew E. <mpapez@jonesday.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; csloane@whitecase.com
Cc: Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede <moneyede.martin@whitecase.com>; alavergne@sanpir.com; Dale, Margaret A. <mdale@proskauer.com>; Mazurek, Carl A. <cmazurek@proskauer.com>; Vora, Hena M. <HVora@proskauer.com>; brosen@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; Sushon, Bill <wsushon@omm.com>; McKeen (External), Elizabeth <emckeen@omm.com>; Neve, Brett M. <bneve@omm.com>; 'Bassett, Nicholas' <nicholasbassett@paulhastings.com>; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com
Subject: ERS - Meet/Confer

Matt –

Following up on our call yesterday:

1.  We need to know Movants' position concerning Interrogatory Nos. 5, 6, 8, and 9. As I noted on our call yesterday, to the extent Movants claim to have an interest in PayGo (including as collateral or Pledged Property), and have information concerning its value, any diminution, and the cause of any such diminution, that information is within the scope of the Interrogatories. As such:

    a.  Are Movants withholding any information responsive to the Interrogatories, including information concerning any claimed interest in PayGo?

    b.  Will Movants provide supplemental responses to the Interrogatories, including, in particular, to Interrogatory No. 9 that asks Movants to identify, with specificity, the cause of any alleged diminution, including diminution of value arising from any claimed interest in PayGo?

    c.  While we expect Movants to update their responses and objections in a timely fashion pursuant to Rule 26(e), we need a fulsome response with the information Movants have today. I reiterate that it seems inconceivable Movants have no idea of their collateral, its value, or any claimed diminution, and no more specifics concerning the cause of any alleged diminution, given the motion's premise that Movants have in fact suffered diminution.

2.  As to Movants' objections to the Rule 30(b)(6) notices, I will respond separately to Sparkle's and Cheryl's emails.

3.  The Oversight Board stands on its responses and objections to Movants' subpoenas. As I noted on our call, it would be helpful if Movants can explain why the information they seek connects to the elements of a motion for adequate protection.

4.  To confirm, Movants will produce documents concerning diligence performed in connection with their purchase of ERS bonds in addition to diligence in connection with the issuance of ERS bonds in response to Request for Production No. 4.

5.  The Commonwealth and ERS will be serving objections and responses to the Rule 30(b)(6) notices served upon them.

6.  I will follow up with Geoff separately concerning our discussion yesterday about whether Movants intend to offer expert testimony.

Thank you.

--Will

William D. Dalsen
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

******************************************************************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.

If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*******************************************************************************************************************
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***