# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### INFORMATIVE MOTION AND RESERVATION OF RIGHTS BY AURELIUS CAPITAL MANAGEMENT, LP, ON BEHALF OF THE FUNDS AND ENTITIES IT MANAGES OR ADVISES, AND NOT IN ITS INDIVIDUAL CAPACITY

Party in interest Aurelius Capital Management, LP, on behalf of the funds and entities it manages or advises, and not in its individual capacity ("Aurelius"), hereby respectfully files this informative motion to reserve its rights to challenge any and all actions taken by the Financial Oversight and Management Board for Puerto Rico, José B. Carrión III, Andrew Biggs, Carlos M. García, Arthur J. González, Ana J. Matosantos, José R. González, and David A. Skeel (collectively

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the "Board") since the Board's inception, and in particular any actions taken on or after February 15, 2019. In support of this Reservation of Rights, Aurelius states as follows:

1. On February 15, 2019, the United States Court of Appeals for the First Circuit held that the statutory procedure for appointing the Board members "is unconstitutional." *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838, 863 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019). The First Circuit then purported to apply the *de facto* officer doctrine to validate all of the past acts taken by the unconstitutionally structured Board before the date of the court of appeals' decision, and stayed its mandate for 90 days "so as to allow the President and the Senate to validate the currently defective appointments or reconstitute the Board in accordance with the Appointments Clause." *Id*. Against the backdrop of that stated purpose, the court of appeals noted that "[d]uring the 90-day stay period, the Board may continue to operate as until now." *Id.*

2. Even assuming for present purposes that the *de facto* officer doctrine could validate the past actions of an unconstitutionally appointed Board, that doctrine certainly cannot preemptively validate any actions taken by the Board *after* the First Circuit declared it unconstitutionally structured but before that defect has been remedied. Far from being *de facto* officers cloaked with apparent authority, the Board members have now been adjudicated to be *de jure* unconstitutional officers, and any subsequent actions must be presumed to be just that: unconstitutional and void *ab initio*. To our knowledge, there is literally zero authority for the proposition that the *de facto* officer doctrine validates actions taken in the shadow of a ruling declaring the officials to be acting beyond their constitutional authority.

3. The First Circuit justified its application of the *de facto* officer doctrine by stating that "the Board Members' titles to office were never in question *until our resolution of this*

2

*appeal.*" *Aurelius*, 915 F.3d at 862 (emphasis added). Even if that were true, on the First Circuit's reasoning all of the Board's actions taken *after* the First Circuit held the Board's structure unconstitutional are necessarily "in question." Similarly, the First Circuit stated that it was applying the *de facto* officer doctrine to protect "innocent third parties who have relied on the Board's actions *until now*." *Id.* (emphasis added). But at a minimum, it is beyond dispute that all parties now have been put on notice that every action taken by the unconstitutionally appointed Board members after the First Circuit's February 15th decision is without authority, void, and subject to invalidation.

4. To be sure, the First Circuit stayed its mandate for 90 days so that the President and Senate could "validate the currently defective appointments or reconstitute the Board in accordance with the Appointments Clause." *Aurelius*, 915 F.3d at 863. But it is incorrect to assert, as the Board recently did, that because of this stay, the Board's "actions, at least until May 16, 2019, are not null and void." Board Reply in Support of Its Motion to Dismiss, Adv. Proc. No. 18-41-LTS in 17-BK-3283-LTS, Dkt. 71, at 3 (Mar. 18, 2019). Similarly, the United States is wrong in urging this Court not to "halt the debt readjustment negotiations and the ongoing bankruptcy proceedings under Title III of PROMESA" in light of the First Circuit's decision in *Aurelius*. U.S. Reply in Support of Its Motion to Dismiss, Adv. Proc. No. 18-41-LTS in 17-BK-3283-LTS, Dkt. 72, at 1 (Mar. 18, 2019). The sole purpose of the First Circuit's limited stay of the mandate was to allow the President and the Senate time to remedy the constitutional defect, not to permit an unconstitutionally appointed Board to *exacerbate* the prejudicial effects of its unconstitutionality by rushing to take significant extra-constitutional actions in the interim, with no apparent effort being made even to *attempt* to appoint Board Members consistent with the requirements of the Appointment Clause. *See Aurelius*, 915 F.3d at 863. Nor, for that matter,

could the First Circuit permissibly declare that unspecified future actions of an unconstitutionally appointed Board are valid. To the contrary, there is no longer any doubt that all actions undertaken by the invalid Board after February 15, 2019 are at risk of being invalidated. The Board proceeds in this period at its peril, and so do those who rely on its actions.

5. Aurelius accordingly reserves its rights to challenge actions taken by the unconstitutionally appointed Board in the Title III action as void *ab initio*. This may include not only actions taken by the Board in the past, but also, in particular, any actions taken by the Board on or after February 15, 2019. Any participation by Aurelius in the Title III proceedings should not be interpreted as conceding the validity of any Board action. Aurelius will also object to particular substantive actions of the Board as they arise.

Dated: March 21, 2018   Respectfully submitted,

 /s/ Luis A. Oliver-Fraticelli    /s/ Theodore B. Olson 

Luis A. Oliver-Fraticelli
Katarina Stipec-Rubio
USDC-PR Bar Nos. 209204, 206611
ADSUAR MUÑIZ GOYCO SEDA &
   PÉREZ-OCHOA PSC
208 Ponce de Leon Ave., Suite 1600
San Juan, P.R. 00918
Phone: (787) 756-9000
Fax: (787) 756-9010
Email: loliver@amgprlaw.com
kstipec@amgprlaw.com

Theodore B. Olson (admitted *pro hac vice*)
Matthew D. McGill (admitted *pro hac vice*)
Helgi C. Walker (admitted *pro hac vice*)
Lucas C. Townsend (admitted *pro hac vice*)
Lochlan F. Shelfer (admitted *pro hac vice*)
Jeremy M. Christiansen (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 955-8500
Fax: (202) 467-0539
Email: tolson@gibsondunn.com
mmcgill@gibsondunn.com
hwalker@gibsondunn.com
ltownsend@gibsondunn.com
lshelfer@gibsondunn.com
jchristiansen@gibsondunn.com

*Counsel for Aurelius Capital Management, LP, on behalf of the funds and entities it manages or advises, and not in its individual capacity*

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this March 21, 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

>  */s/ Luis A. Oliver-Fraticelli*
> Luis A. Oliver-Fraticelli
> USDC-PR No. 209204
>
> ADSUAR MUÑIZ GOYCO SEDA
> & PÉREZ-OCHOA PSC
> 208 Ponce de León Ave., Suite 1600
> San Juan, P.R. 00918
> Phone: (787) 756-9000
> Fax: (787) 756-9010
> Email: loliver@amgprlaw.com