# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br> Debtors.[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br> as representative of <br><br> PUERTO RICO ELECTRIC POWER AUTHORITY, <br><br> Debtor. | PROMESA <br> Title III <br><br> No. 17 BK 4780-LTS <br><br> **Re: ECF No. 1074** <br><br> **This document relates to:** <br> **No. 17 BK 3283; 17 BK 4780**[2] |

## *MARRERO* PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR RELIEF FROM AUTOMATIC STAY

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

[2] Pursuant to Paragraph 5 of the Joint Administration Order entered in lead Case No. 17-BK-3283-LTS [ECF No. 1417], this reply brief will be filed in both the lead Case No. 17-BK-3283-LTS and in Case No. 17-BK-4780-LTS.

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................................1

II.    ARGUMENT........................................................................................................................3

    A.    Lifting the stay will not impair the Title III proceedings, will not prejudice PREPA's creditors, and makes practical sense, as illustrated through application of the *Sonnax* factors. ...............................................................................3

        1.    Stay relief would not prejudice other creditors because any judgment would be collected from the 18 other defendants in the *Marrero* Action (*Sonnax* factors #2 and #7)..................................................3

        2.    The district court remains the superior forum to litigate the *Marrero* Action (*Sonnax* factors #4, #6, and #10).......................................5

        3.    The harm to the Movants and the Class continues to grow as the litigation stalls and years pass (*Sonnax* factor #12). ...................................7

    B.    The motion is not procedurally improper where the automatic stay has been extended to all Defendants in the *Marrero* Action "pending . . . the lifting of the stay in PREPA's Title III proceedings."............................................8

    C.    The pendency of a 23(f) appeal has no bearing on whether the automatic stay should be lifted here, and the Defendants have already requested such relief from the district court. ..................................................................................9

    D.    PREPA's proposed alternative relief barring the Movants from seeking discovery from PREPA absent another order from this Court would serve no purpose other than to impede discovery and delay the *Marrero* Action. .........10

III.    CONCLUSION.................................................................................................................11

010476-11 1107250 V2

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Armstrong & Guy Law Office, LLC*,
  No. 07-02459, 2007 WL 4571152 (Bankr. S.D. Miss. Dec. 21, 2007) ......................................6

*In re Cont'l Airlines, Inc.*,
  152 B.R. 420 (D. Del. 1993) ...................................................................................................4

*In re G.S. Distribution, Inc.*,
  331 B.R. 552 (Bankr. S.D.N.Y. 2005) ....................................................................................6

*In re Horn*,
  No. 12-50207, 2012 WL 1978287 (Bankr. M.D.N.C. June 1, 2012) ......................................4

*Kaye v. Amicus Mediation & Arbitration Grp., Inc.*,
  No. 13-cv-347, 2014 WL 5092876 (D. Conn. Oct. 10, 2014) ................................................9

*Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*,
  No. 15-cv-01167 (D.P.R.) ............................................................................................. *passim*

*In re Mildred Deli Grocery, Inc.*,
  No. 18-10077, 2018 WL 1136017 (Bankr. S.D.N.Y. Feb. 28, 2018) ......................................5

*In re Nkongho*,
  59 B.R. 85 (Bankr. D.N.J. 1986) ............................................................................................4

*In re Porter*,
  No. 13-20527, 2013 WL 3992444 (Bankr. E.D. Ky. Aug. 2, 2013) ...................................6, 7

*In re Project Orange Assocs., LLC*,
  432 B.R. 89 (Bankr. S.D.N.Y. 2010) ......................................................................................4

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
  No. 14-cv-2590, 2018 WL 3830921 (S.D.N.Y. Aug. 13, 2018) .............................................9

### Other Authorities

Fed. R. Civ. P. 23 ............................................................................................................................9

010476-11 1107250 V2

## I. INTRODUCTION

As PREPA itself acknowledges in its objection, the automatic stay that Movants seek to lift serves two purposes: (1) to protect the debtor's assets for the benefit of creditors, and (2) to give the debtor space to engage in restructuring efforts. Lifting the automatic stay here would not meaningfully impact either goal.

First, because of joint and several liability, the assets of PREPA's estate will remain undisturbed should the stay be lifted. Plaintiffs, who represent a certified class of millions of purchasers of electricity in Puerto Rico, sued 19 defendants, many of which are massive oil companies with annual revenues in the billions. If successful, the Movants will collect any judgment from the Non-Debtor Defendants, not PREPA. So both PREPA's assets and its creditors' interests (which include Plaintiffs and the Class) remain adequately protected.

Second, PREPA admits that it "has stabilized its external financial situation" and is expected to emerge from the Title III Case soon.[3] So its limited participation in discovery in the *Marrero* Action should not detract from PREPA's restructuring efforts. PREPA will need to notify class members—who themselves are creditors— of their due process rights under Fed. R. Civ. P. 23 irrespective of the stay. And by its own admission, document discovery will center on transactional data (necessary in any event for the bankruptcy) and a few custodians. Moreover, other than class member identification for purposes of sending Rule 23 notice, the Movants intend to seek discovery from the other 18 defendants first, and only from PREPA to the extent necessary, further easing any burdens associated with participation in discovery.

With this understanding, the equities favor lifting the automatic stay. PREPA's creditors benefit from the fact that any judgment will not detract from PREPA's assets. Moreover, the

---

[3] PREPA Fiscal Plan at 5 (Apr. 28, 2017) [No. 17-BK-4780, ECF No. 585-2].

- 1 -

class members receive the benefit of moving efficiently towards judgment to be collected from PREPA's co-conspirators. Further, PREPA's involvement in the ongoing *Marrero* Action is minimized by its lesser role in discovery while the Title III action remains pending. Thus, lifting the stay will have little to no impact on PREPA's restructuring efforts.

Meanwhile, however, the stay continues to prejudice the Movants significantly. Currently, the Movants—who represent a class consisting of millions of purchasers of electricity in Puerto Rico—are unable to prosecute their claims, which have been pending for over four years. The other defendants remain in a similar holding pattern with respect to the litigation.[4] The evidence continues to grow stale, potential witnesses can become unavailable, and any chance of resolution becomes indefinitely deferred.

While there are many *Sonnax* factors to address the individual concerns associated with lifting the automatic stay, ultimately courts must engage in a balancing of the complete harms at stake and do what makes practical sense for all those involved. Viewing all the facts in their entirety, lifting the stay here proves worthwhile: class members will be notified of their due process rights without additional delay; the parties to the *Marrero* Action can proceed with prosecuting and defending their claims; the district court—who is best situated to hear the matter—will continue to do so, and the bankruptcy court need not exert resources becoming familiar with and resolving a four-year-old, complex RICO conspiracy involving 21 parties; PREPA's assets will remain unaffected by any possible judgment; and PREPA's limited

---

[4] The case is stayed as to PREPA by function of the automatic stay. That automatic stay has been extended to all Defendants by order of the District Court. *See* Nov. 27, 2018 Order, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 646]. Thus, by lifting the automatic stay as to PREPA, the case can proceed against all Defendants.

involvement moving forward will not meaningfully impact the Title III proceedings. Lifting the stay is thus appropriate, and the present motion should be granted.

## II. ARGUMENT

A. **Lifting the stay will not impair the Title III proceedings, will not prejudice PREPA's creditors, and makes practical sense, as illustrated through application of the *Sonnax* factors.**

1. **Stay relief would not prejudice other creditors because any judgment would be collected from the 18 other defendants in the *Marrero* Action (*Sonnax* factors #2 and #7).**

PREPA concedes that the Movants' proposed order would preclude them from collecting any judgment against PREPA in the *Marrero* Action.[5] Nonetheless, it still contends, without authority or explanation, that any such judgment would prejudice the interests of other claimants.[6] Common sense would say otherwise: if the Movants can only collect a potential judgment from the 18 other defendants, that judgment would *not* affect the amount available to the other creditors because, of course, subtracting $0 from any amount would yield no change. Nor would it be "unfair" to the other creditors who must bring their claims in this Court at a later date; presumably, few of those other creditors, if any, would agree to forego collecting any judgment from PREPA in litigation should they be allowed to litigate their claims outside the Title III proceeding.

Faced with this fact, PREPA alternatively contends that lifting the stay will prejudice the other claimants because it must expend resources to participate in the *Marrero* Action and defend the claims. But litigation expenses alone "do not constitute an injury sufficient to justify

---

[5] Objection of the Puerto Rico Electric Power Authority to *Marrero* Plaintiffs' Motion for Relief from Automatic Stay at 13 [No. 17-BK-3283, ECF No. 5455] ("PREPA Obj.").

[6] *Id.*

- 3 -

010476-11 1107250 V2

the enjoining of litigation against a debtor."[7] And PREPA will still have to expend these resources regardless of whether they occur in the context of a district court or bankruptcy action. To illustrate, the Movants represent millions of Puerto Rican residents who themselves are creditors in the Title III action; PREPA cannot avoid its obligation to identify them regardless of whether stay relief occurs.

PREPA's arguments are unpersuasive for another reason: it provides nothing more than its own assertion that the costs will be "substantial."[8] Yet, "[o]nce the moving party establishes a prima facie case for cause [to lift the stay], the burden shifts to the debtor to disprove its existence."[9] And PREPA's unsubstantiated conclusion that it will incur unknown litigation costs hardly defeats the Movants' prima facie showing here. If anything, PREPA's own disclosures support that discovery will not be burdensome; in its Rule 26(a)(1) disclosures, PREPA only identified a few relevant custodians.[10]

Moreover, the history of this litigation does not support PREPA's concerns about discovery threatening its assets either. To date, the district court has been keenly aware of Defendants' apprehensions regarding discovery costs. The district court thus bifurcated discovery over Plaintiffs' objections and at the behest of Defendants because of those very

---

[7] *In re Nkongho*, 59 B.R. 85, 86 (Bankr. D.N.J. 1986) (citation omitted); *see also In re Horn*, No. 12-50207, 2012 WL 1978287, at *3 (Bankr. M.D.N.C. June 1, 2012) ("[T]he only prejudice he will suffer if the stay is lifted is the expense of litigation. In this case, the Court finds that this fact alone is not sufficient grounds for denying the motion for relief from stay."); *In re Cont'l Airlines, Inc.*, 152 B.R. 420, 425 (D. Del. 1993) ("Balancing the significant hardship that American faces of potentially losing the benefit of the settlement agreement, against the minor hardship Continental will face in terms of minimally increased litigation expenses convinces the Court that the stay should be lifted.").

[8] PREPA Obj. at 12.

[9] *In re Project Orange Assocs., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (quotation marks and citation omitted).

[10] Ex. A. (PREPA's Initial Disclosures, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.)); Ex. B. (PREPA's Supplemental Initial Disclosures, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.)).

concerns.[11] And the district court extended the automatic stay to the Non-Debtor Defendants precisely to conserve party resources pending a ruling from this Court on this motion.[12]

Regardless, any such speculative litigation costs are offset by the fact that PREPA would not have to pay out on any judgment should the Movants be successful. Provided PREPA cooperates in the limited discovery process, millions of PREPA customers and creditors can seek satisfaction of any judgment—estimated by experts to be in the hundreds of millions—from the Non-Debtor Defendants. Eliminating this risk to PREPA's assets is worth whatever marginal difference in discovery expenses exists between those incurred in the litigation versus in the bankruptcy. Accordingly, stay relief would not jeopardize PREPA's assets nor prejudice the interests of the other creditors.

## 2. The district court remains the superior forum to litigate the *Marrero* Action (*Sonnax* factors #4, #6, and #10).

PREPA, again without providing *any* analysis or authority, summarily claims that the fourth *Sonnax* factor weighs in favor of denying the motion simply because the district court is not technically a "specialized tribunal."[13] PREPA ignores that even where a "specialized tribunal" has not been established to hear the underlying cause of action, the expertise of the forum court as to particular issues in the case is still relevant to this *Sonnax* factor.[14] In other words, the bankruptcy court should still look at which court is better equipped to handle the

---

[11] Case Management Order at 4-5, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 350]; Sept. 30, 2018 Order at 1-2 [ECF No. 552].

[12] *See* Order at 1-2, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 627].

[13] PREPA Obj. at 14.

[14] *See, e.g.*, *In re Mildred Deli Grocery, Inc.*, No. 18-10077, 2018 WL 1136017, at *4 (Bankr. S.D.N.Y. Feb. 28, 2018) ("While the District Court is not a specialized tribunal, it is highly experienced in actions brought under the FLSA and New York Labor Law and is familiar with the particular issues involved in the FLSA Litigation.").

litigation at issue, given the stage of the case and the courts' respective familiarity with the facts, law, and issues.[15]

Relevant here, the *Marrero* Action involves a complex RICO scheme spanning 15 years and 19 defendants. The district court has presided over the litigation for over four years, ruling on a myriad of motions, including more than 15 motions to dismiss (and related motions for reconsideration), several discovery disputes, multiple motions to strike, *Daubert* motions, and most recently class certification.[16] The district court's familiarity with the relevant facts, law, procedural history, discovery, arguments, litigants, and counsel make it the superior forum to continue litigating the Movants' claims.

This also explains why it would be more efficient to resolve this litigation in the district court—the tenth *Sonnax* factor. PREPA argues that judicial economy would not be served merely because (1) no trial date has been set and (2) the Movants filed a proof of claim.[17] But the absence of a trial date does not negate what substantial work has been done so far in the litigation. Nor does it somehow mean the case is still in a "preliminary stage," as PREPA suggests.[18] Class certification is a significant step in any class action, and this particular case required more than three years of discovery and motion practice to get there. Further, the filing

---

[15] *See, e.g.*, *In re Porter*, No. 13-20527, 2013 WL 3992444, at *3 (Bankr. E.D. Ky. Aug. 2, 2013) ("The state court is ready for trial, this Court is not."); *In re G.S. Distribution, Inc.*, 331 B.R. 552, 567 (Bankr. S.D.N.Y. 2005) ("The District Court is familiar with the issues and has already issued a preliminary injunction based on Repossi's claim of trademark infringement."); *In re Armstrong & Guy Law Office, LLC*, No. 07-02459, 2007 WL 4571152, at *3 (Bankr. S.D. Miss. Dec. 21, 2007) ("The United States District Court for the Southern District of Texas is better prepared and equipped to make determinations as to Texas law than is this Court.").

[16] *See, e.g.*, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) (ECF Nos. 207, 214-215, 254, 305, 400, 452, 460, 461, 467, 532, 549, 552, 554-556, 615, 617, 623).

[17] PREPA Obj. at 17.

[18] *Id.*

- 6 -

of a proof of claim is simply a formality to preserve the Movants' individual and class claims in the Title III proceeding. It does not, however, indicate that the Title III proceeding is the more desirable means of litigating the class action.

Further, while PREPA disputes whether it can be considered a "nominal" defendant given its central role in the scheme, it ignores that the Bankruptcy Court lacks jurisdiction over the other 18 defendants in the *Marrero* Action. And where "[t]here are third party defendants, not currently subject to this Court's jurisdiction, who allegedly were involved [in] the subject of the litigation[,] . . . judicial economy is not served by the potential duplication of the litigation in both forums."[19]

In short, the *Marrero* Action should continue to be litigated in the district court. Given the district court's history with the matter and the advanced stage of the litigation, such a result not only makes practical sense, but also finds support in the relevant *Sonnax* factors. The automatic stay should therefore be lifted.

### 3. The harm to the Movants and the Class continues to grow as the litigation stalls and years pass (*Sonnax* factor #12).

In truth, the only harm that PREPA has proffered are the general burdens associated with participation in litigation generally. And as noted above, these perceived costs on their own are insufficient to support an opposition to a relief from the automatic stay. But they are also especially deficient when compared to the continued detriment the Movants' face should the stay remain in place.

This case has already been pending for four years. While PREPA has claimed it anticipates emerging from the Title III action soon, the Movants can only guess as to when that

---

[19] *In re Porter*, 2013 WL 3992444, at *3.

will actually occur. If PREPA does in fact emerge from the bankruptcy action soon, then little harm can come to lifting the stay now. But if instead there exists no foreseeable conclusion, then the Movants' harm only continues to grow.

Despite class certification having been granted several months ago, the Movants have been unable to make any progress in notifying the Class—a vital part of the class action mechanism—because of the automatic stay. The availability of evidence and witnesses deteriorate, and with it, the chances of achieving relief for the Movants' and the millions they represent. All told, given the lack of harm to PREPA and its creditors, the stay serves little purpose anymore and should be lifted.

**B.** **The motion is not procedurally improper where the automatic stay has been extended to all Defendants in the *Marrero* Action "pending . . . the lifting of the stay in PREPA's Title III proceedings."**

PREPA claims the present motion is "procedurally improper" because it "requests relief from the automatic stay as to the Non-Debtor Defendants."[20] This is inaccurate. The district court's order extended the stay to *all* defendants in the *Marrero* Action, "pending the conclusion *or lifting of the stay in PREPA's Title III proceedings*."[21] The Movants must therefore seek relief from the stay here first before asking the district court to lift the stay as to the other Defendants in the *Marrero* Action. In other words, the Movants do not ask this Court to overrule the district court's extension of the stay; the Movants ask this Court to lift the automatic stay as to PREPA so that they may ask the district court to lift the stay as to the Non-Debtor Defendants. There is nothing procedurally improper about this. PREPA merely misconstrues the relief Movants seek.

---

[20] PREPA Obj. at 3.

[21] Sept. 30, 2018 Order at 2, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 624] (emphasis added).

- 8 -

    **C.**    **The pendency of a 23(f) appeal has no bearing on whether the automatic stay should be lifted here, and the Defendants have already requested such relief from the district court.**

PREPA claims that this Court should deny the present motion because it and the other defendants in the *Marrero* Action have filed an interlocutory appeal pursuant to Federal Rule of Civil Procedure 23(f).[22] Generally, the mere "pendency of [a] Rule 23(f) petition provides no meaningful support for a stay" of the district court proceedings.[23] In fact, Rule 23(f) states that "[a]n appeal does not stay proceedings in the district court unless *the district judge* or *the court of appeals* so orders."[24] Thus, should this Court find it appropriate to lift the automatic stay as to PREPA, the decision whether to stay the proceedings on account of the 23(f) appeal is the province of either Judge García-Gregory or the First Circuit Court of Appeals, as explicitly provided by Rule 23. And in that event, PREPA still must meet a four-part test, demonstrating: (1) the 23(f) petition is likely to succeed on the merits; (2) PREPA will be irreparably injured absent a stay; (3) the stay will substantially injure the other parties interested in the proceeding; and (4) the public interest lies with staying the proceeding.[25]

Indeed, PREPA has failed to inform this Court that the defendants in the *Marrero* Action have already requested a stay pending the interlocutory appeal.[26] And the district court has stated

---

[22] PREPA Obj. at 19.

[23] *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14-cv-2590, 2018 WL 3830921, at *1 (S.D.N.Y. Aug. 13, 2018).

[24] Fed. R. Civ. P. 23(f) (emphasis added).

[25] *Kaye v. Amicus Mediation & Arbitration Grp., Inc.*, No. 13-cv-347, 2014 WL 5092876, at *2 (D. Conn. Oct. 10, 2014) (quoting *S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012)).

[26] Motion to Modify Partial Stay Order and Judgment Staying Case, or in the Alternative, for Stay of Proceedings Pending Petition for Leave to Appeal, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 627].

that it awaits the adjudication of this motion prior to ruling on that previous request.[27] So PREPA's contention that this Court should defer its ruling on this motion pending the 23(f) appeal not only lacks a basis in the law (evidenced by the fact that PREPA's opposition cites none[28]), but also seeks to end-run the district court's authority. Put differently, PREPA attempts to avoid adjudication of this motion despite the fact that district court has explicitly stated it is awaiting such resolution. This backhanded attempt to undercut the process envisioned by Rule 23(f) should be denied.

**D. PREPA's proposed alternative relief barring the Movants from seeking discovery from PREPA absent another order from this Court would serve no purpose other than to impede discovery and delay the *Marrero* Action.**

PREPA lastly insists that should the stay be lifted, the Movants should be required to exhaust all other resources before "returning to this Court" to file another motion and seek discovery from PREPA.[29] This would accomplish nothing, other than adding unnecessary briefing, allowing PREPA and the other 18 defendants a means of evading discovery, and dragging this Court into discovery disputes best handled by the district court or a magistrate judge. Simply put, if this Court orders the automatic stay lifted, it should trust the district court and magistrate judge to oversee a fair discovery process pursuant to that order.

In truth, PREPA's proposed alternative relief would put the parties in no different a position than they are now. The district court stayed the case as to the Non-Debtor Defendants pending the lifting of the stay as to PREPA. Now, PREPA claims that if the stay is lifted, the Movants should be barred entirely from seeking discovery from PREPA unless and until they get

---

[27] Nov. 27, 2018 Order, *Marrero-Rolón et al. v. Autoridad de Energía Eléctrica et al.*, No. 15-cv-01167 (D.P.R.) [ECF No. 646].

[28] *See* PREPA Obj. at 19-20.

[29] PREPA Obj. at 20.

- 10 -

*another* order from this Court. The proposed process is inefficient and duplicative, and serves no purpose other than to delay—precisely the opposite of what Movants intended to achieve by filing this motion.

### III. CONCLUSION

Lifting the automatic stay is not only justified by the relevant *Sonnax* factors, but by common sense. The court best situated to resolve the litigation can do so. The 20 additional litigants to the action need not wait indefinitely on the outcome of the Title III proceedings to move forward toward resolution. The Class may be promptly notified of their due process rights. And PREPA's assets still remain undisturbed. For these reasons, the *Marrero* Plaintiffs' Motion for Relief from Automatic Stay should be granted.

DATED: March 22, 2019

Respectfully submitted,

ANNE CATESBY JONES and JORGE VALDES LLAUGER,

By: */s/ Elizabeth A. Fegan*
    Elizabeth A. Fegan (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
E-mail: beth@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
E-mail: steve@hbsslaw.com

Jane A. Becker Whitaker
USDC NUMBER 205110
P.O. Box 9023914
San Juan, Puerto Rico 00902
Telephone: (787) 754-9191
Facsimile: (787) 764-3101
E-Mail: janebeckerwhitaker@gmail.com

J. Barton Goplerud
Shindler, Anderson, Goplerud & Weese PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Telephone: (515) 223-4567
E-mail: goplerud@sagwlaw.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Direct: (216) 622-1851
Fax: (216) 241-8175
Cell: (216) 390-2594
E-mail: dkaron@karonllc.com

- 12 -