UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

---

**URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR EXPEDITED CONSIDERATION OF URGENT MOTION FOR ORDER, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 926(a) AND BANKRUPTCY RULE 9006, ESTABLISHING (I) PROCEDURES WITH RESPECT TO DISCLOSURE OF AVOIDANCE ACTIONS TO BE ASSERTED BY OVERSIGHT BOARD, AND (II) EXPEDITED BRIEFING SCHEDULE FOR POTENTIAL REQUEST TO APPOINT TRUSTEE UNDER BANKRUPTCY CODE SECTION 926(a)**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby files this urgent motion (the "Urgent Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), for expedited consideration of the *Urgent Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Code Sections 105(a) and 926(a) and Bankruptcy Rule 9006,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Establishing (I) Procedures with Respect to Disclosure of Avoidance Actions to be Asserted by Oversight Board and (II) Expedited Briefing Schedule for Potential Request to Appoint Trustee Under Bankruptcy Code Section 926(a)* (the "<u>Procedures Motion</u>").[2] In support of this Urgent Motion, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.[3]

2. Venue is proper pursuant to section 307(a) of PROMESA.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006, made applicable to these Title III cases by sections 301(a) and 310 of PROMESA, Rule 9013-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "<u>Local Rules</u>"), and the *Eighth Amended Notice, Case Management and Administrative Procedures* [Docket No. 4866-1] (the "<u>Case Management Procedures</u>").

## RELIEF REQUESTED

4. By this Urgent Motion, the Committee respectfully requests entry of the Proposed Order: (a) setting **6:00 p.m. (AST) on Wednesday, March 27, 2019** as the deadline to file objections or responses to the Procedures Motion; and (b) setting **10:00 p.m. (AST) on Friday, March 29, 2019** as the Movants' deadline to file replies in further support of the Procedures Motion. As detailed below, the Committee believes that the proposed expedited schedule is appropriate under the circumstances.

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Procedures Motion.

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

2

**BASIS FOR RELIEF REQUESTED**

5. Bankruptcy Rule 9006(c)(1) provides that "the court for cause shown may in its discretion with or without motion or notice order the period [for notice] reduced." Further, Local Rule 9013-1(a) allows a party to request "an order on an expedited basis." Cause exists to schedule the Procedures Motion on an expedited basis.

6. Expedited consideration of the Procedures Motion is appropriate under the circumstances here. As discussed in more detail in the Procedures Motion, the Debtors' imminent deadlines to assert Avoidance Actions (the Commonwealth's deadline is May 2, 2019, and the other Debtors' deadlines follow shortly thereafter) require that (a) the Oversight Board provide to the Committee **by April 1, 2019** a list of Avoidance Actions that the Oversight Board will pursue and (b) the Committee be allowed to submit, on an expedited basis, a Section 926 Motion seeking the appointment of a trustee to assert Avoidance Actions that the Oversight Board refuses to pursue.[4] This relief is necessary to ensure that no valuable Avoidance Actions are forfeited should the Oversight Board reveal, on the eve of the expiration of the statute of limitation, that it declines to pursue one or more valuable Avoidance Actions. In that case, there will be simply no time left for the Committee to file and prosecute a Section 926 Motion, and a trustee appointed under section 926(a) to commence Avoidance Actions prior to the applicable deadline.

7. The Procedures Motion requires expedited consideration given that, in light of the imminent deadlines to assert Avoidance Actions, the Committee has requested that the Oversight Board provide to the Committee **by April 1, 2019** a list of Avoidance Actions the Oversight

---

[4] As noted in the Procedures Motion, any Section 926 Motion filed by the Committee would be joined by at least one member of the Committee.

Board will assert. Given this short time frame, the briefing schedule requested by the Committee in this Urgent Motion is reasonable.

8. Moreover, and as discussed in the Procedures Motion, the Committee has acted diligently with respect to Avoidance Actions at every stage of the Title III cases and has clearly voiced, on repeated occasions, its concerns regarding the Section 546 Deadlines and the need to investigate and, if necessary, pursue Avoidance Actions in an expeditious manner. The Committee was forced to file the Procedures Motion on an urgent basis, not because of any lack of diligence on its part, but because the Oversight Board has, despite the Committee's urging, failed to identify the Avoidance Actions that it will pursue. Furthermore, the Oversight Board has been on notice since Thursday, March 21 of the Committee's request to provide a list of Avoidance Actions on or before April 1 and of the expedited briefing and hearing schedule on an eventual Section 926 Motion. Also, to be clear, the Procedures Motion is only procedural in nature and does not seek to affect the rights of the Oversight Board to object to an eventual Section 926 Motion on any basis. In fact, the proposed order attached to the Procedures Motion makes clear that the Oversight Board's rights in this regard are preserved.

9. Pursuant to Section I.H. of the Case Management Procedures, undersigned counsel certifies that it has engaged in reasonable, good-faith communications with counsel to the Oversight Board, but has been unable to obtain the Oversight Board's consent to this Urgent Motion. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), undersigned counsel certifies that counsel has carefully examined the matter and concluded that there is a true need for an urgent hearing, and that the movant has not created the urgency through lack of due diligence on its part. The undersigned further certifies that movant made a bona fide and good faith effort to resolve the matter without a hearing.

## NOTICE

10. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have filed a notice of appearance in these Title III cases.

## NO PRIOR REQUEST

11. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** expediting consideration of the Procedures Motion and granting such other relief as the court deems just and proper.

| | |
|---|---|
| Dated: March 25, 2019 | <u>/s/ Luc A. Despins</u> |
| | PAUL HASTINGS LLP |
| | Luc. A. Despins, Esq. *(Pro Hac Vice)* |
| | Nicholas A. Bassett, Esq. *(Pro Hac Vice)* |
| | G. Alexander Bongartz, Esq. *(Pro Hac Vice)* |
| | 200 Park Avenue |
| | New York, New York 10166 |
| | Telephone: (212) 318-6000 |
| | lucdespins@paulhastings.com |
| | nicholasbassett@paulhastings.com |
| | alexbongartz@paulhastings.com |

*Counsel to the Official Committee of Unsecured Creditors*

- and -

<u>/s/ Juan J. Casillas Ayala</u>

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*