IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**SECOND DECLARATION OF SPARKLE L. SOOKNANAN
IN SUPPORT OF MOVANTS' OPPOSITION TO THE URGENT
MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,
AS REPRESENTATIVE OF DEBTOR, TO COMPEL ANSWERS
TO INTERROGATORIES (AND PRODUCTION OF RELATED DOCUMENTS)**

I, Sparkle L. Sooknanan, hereby declare under penalty of perjury:

1. I am an associate at the law firm of Jones Day, located at 51 Louisiana Ave., N.W., Washington, D.C. 20001.[1] I am a member in good standing of the Bars of the State of New York and the District of Columbia. There are no disciplinary proceedings pending against me. I submit this second declaration in support of the *Movants' Opposition to the Urgent Motion of Financial Oversight and Management Board, as Representative of Debtor, to Compel Answers to Interrogatories (And Production of Related Documents)* (the "Opposition"). I have personal knowledge of the matters stated herein.

2. On March 18, 2019, movants (the "Bondholders"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Commonwealth, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") engaged in a 90-minute telephonic meet-and-confer session to discuss various discovery issues, including the Bondholders' responses to the interrogatories served by ERS. At this meet-and-confer, counsel for the Oversight Board did not raise any concern about the use of the term "impairment" rather than "diminution" in the Bondholders' response to Interrogatory No. 9. Nor did counsel for the Oversight Board raise any such concern in the email message sent on March 19, 2019, after the conclusion of that meet-and-confer session. A true and correct copy of the email message from counsel for the Oversight Board, and the response from Bondholders' counsel, is attached as Exhibit A hereto.

---

[1] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Opposition.

3. On March 21, 2019, the Bondholders filed the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Discovery* [Docket No. 5972 in Case No. 17-bk-03283 and Docket No. 402 in Case No. 17-bk-3566] to compel (i) ERS, the Commonwealth, AAFAF, and the Oversight Board to produce a privilege log that provides the information necessary for the Bondholders and the Court to assess any claim of privilege; (ii) ERS, the Commonwealth, and AAFAF to conduct a competent search of documents within an appropriate range of dates; (iii) the Oversight Board to produce documents responsive to the Bondholders' requests; (iv) the Oversight Board to designate a deponent in response to Bondholders' deposition subpoena; and (v) ERS and the Commonwealth to provide full and complete responses to the Bondholders' interrogatories. The Bondholders also filed the *Declaration of Sparkle L. Sooknanan in Support of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Discovery* [Docket No. 5971 in Case No. 17-bk-03283 and Docket No. 401 in Case No. 17-bk-3566].

4. Also on the same day, the Oversight Board, on behalf of ERS, filed the *Urgent Motion of Financial Oversight and Management Board, as Representative of Debtor, to Compel Answers to Interrogatories (And Production of Related Documents) from Movants Relating to the Stay Relief Motion* [Docket No. 5974 in Case No. 17-03283 and Docket No. 403 in Case No. 17-03566].

5. On March 22, 2019, a week after the deadline for the production of non-ESI documents, the Bondholders sent a letter to counsel for AAFAF regarding the lack of production of documents responsive to Requests 4, 5, and 6 in the Bondholders' document subpoena to

3

AAFAF. A true and correct copy of the Bondholders' letter is attached as <u>Exhibit B</u> hereto. The Bondholders have received no response from AAFAF.

Dated: March 25, 2019                      <u>*/s/ Sparkle L. Sooknanan*</u>
      Washington, D.C.                       Sparkle L. Sooknanan

# EXHIBIT A

| | |
|---|---|
| **From:** | Papez, Matthew E. |
| **Sent:** | Tuesday, March 19, 2019 7:49 PM |
| **To:** | wdalsen@proskauer.com; Sooknanan, Sparkle L.; csloane@whitecase.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede; alavergne@sanpir.com; Dale, Margaret A.; Mazurek, Carl A.; Vora, Hena M.; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; Sushon, Bill; McKeen (External), Elizabeth; Neve, Brett M.; 'Bassett, Nicholas'; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com |
| **Subject:** | RE: ERS - Meet/Confer |

Will,

As Movants stated in response to Interrogatories 5, 6, and 8, the Movants are unable to state the value of their collateral or Pledged Property as of the various dates in Interrogatories 5, 6, and 8, because they do not have the information necessary to make that determination.  Rather, the Movants believe that information is in the possession of ERS, the Commonwealth, AAFAF, and/or the Oversight Board, and Movants have therefore requested that information in their discovery requests to the Government Parties.  In addition, in response to Interrogatory 6, the Movants cited various public documents (which Movants have also produced) that indicate that the value of Movants' collateral or Pledged Property has diminished since implementation of the automatic stay.  Based on a reasonably diligent inquiry to date, the Movants are not aware of additional information in their possession that is responsive to Interrogatories 5, 6, or 8.

The Movants will stand by their response to Interrogatory 9.

Thanks,
Matt


Matthew E. Papez (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office: +1.202.879.3881
Mobile: +1 202.607.3111
mpapez@jonesday.com

---

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Tuesday, March 19, 2019 6:17 PM
**To:** Papez, Matthew E. <mpapez@jonesday.com>; Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; csloane@whitecase.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; afernandez@delgadofernandez.com;

1

jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede <moneyede.martin@whitecase.com>; alavergne@sanpir.com; Dale, Margaret A. <mdale@proskauer.com>; Mazurek, Carl A. <cmazurek@proskauer.com>; Vora, Hena M. <HVora@proskauer.com>; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; Sushon, Bill <wsushon@omm.com>; McKeen (External), Elizabeth <emckeen@omm.com>; Neve, Brett M. <bneve@omm.com>; 'Bassett, Nicholas' <nicholasbassett@paulhastings.com>; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com
**Subject:** ERS - Meet/Confer

Matt –

Following up on our call yesterday:

1. We need to know Movants' position concerning Interrogatory Nos. 5, 6, 8, and 9. As I noted on our call yesterday, to the extent Movants claim to have an interest in PayGo (including as collateral or Pledged Property), and have information concerning its value, any diminution, and the cause of any such diminution, that information is within the scope of the Interrogatories. As such:

    a. Are Movants withholding any information responsive to the Interrogatories, including information concerning any claimed interest in PayGo?

    b. Will Movants provide supplemental responses to the Interrogatories, including, in particular, to Interrogatory No. 9 that asks Movants to identify, with specificity, the cause of any alleged diminution, including diminution of value arising from any claimed interest in PayGo?

    c. While we expect Movants to update their responses and objections in a timely fashion pursuant to Rule 26(e), we need a fulsome response with the information Movants have today. I reiterate that it seems inconceivable Movants have no idea of their collateral, its value, or any claimed diminution, and no more specifics concerning the cause of any alleged diminution, given the motion's premise that Movants have in fact suffered diminution.

2. As to Movants' objections to the Rule 30(b)(6) notices, I will respond separately to Sparkle's and Cheryl's emails.

3. The Oversight Board stands on its responses and objections to Movants' subpoenas. As I noted on our call, it would be helpful if Movants can explain why the information they seek connects to the elements of a motion for adequate protection.

4. To confirm, Movants will produce documents concerning diligence performed in connection with their purchase of ERS bonds in addition to diligence in connection with the issuance of ERS bonds in response to Request for Production No. 4.

5. The Commonwealth and ERS will be serving objections and responses to the Rule 30(b)(6) notices served upon them.

6. I will follow up with Geoff separately concerning our discussion yesterday about whether Movants intend to offer expert testimony.

Thank you.

--Will


**William D. Dalsen**
Attorney at Law

[Proskauer](#)
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
[wdalsen@proskauer.com](mailto:wdalsen@proskauer.com)

greenspaces
Please consider the environment before printing this email.

************************************************************************************
**************************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
************************************************************************************
**************************************************************

# EXHIBIT B

**WHITE & CASE**

White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

**JONES DAY**

51 Louisiana Ave, NW• Washington, DC 20001.2113

March 22, 2019

<u>**Via Email**</u>

Madhu Pocha
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

Dear Madhu:

We are writing about the document subpoena the Movants served on AAFAF, and AAFAF's document production in response to it.

Requests 4, 5, and 6 of the subpoena requested various documents concerning the Joint Resolution 188 Mechanisms. In response to those requests, AAFAF raised several objections, stated that it would interpret the "Joint Resolution 188 Mechanisms" to mean "the mechanisms that were established and implemented pursuant to § 4(5) of Joint Resolution 188," and then generally agreed to search for and produce responsive, non-privileged documents. AAFAF did qualify its commitment to produce responsive documents on the parties reaching an agreement on search terms, custodians, and date ranges, but the parties have agreed on most of those parameters already, and in any event the parties also agreed to search for and produce documents from discrete hard-copy and soft-copy files that are not custodian-specific.

Against this backdrop, and particularly given the parties' agreement to produce documents from non-custodian-specific hard-copy and soft-copy files, we expected to see at least some documents concerning the Joint Resolution 188 Mechanisms in AAFAF's production. As AAFAF referenced in its objections and responses to the subpoena, § 4(5) of Joint Resolution 188 instructed AAFAF to develop mechanisms so that "the Central Government, the Municipalities, and the Public Corporations may contribute to financing the 'pay-as-you-go' system." And based on what we can tell from public disclosures, it appears that over a billion dollars has been collected pursuant to the mechanisms that AAFAF did, in fact, establish. We therefore expected AAFAF to have already produced, at a minimum, non-custodian-specific hard-copy or soft-copy files concerning topics such as: (i) the creation and implementation of the Joint Resolution 188 mechanisms; (ii) how AAFAF determined which Employers are required to make Contributions

March 22, 2019
Page 2

pursuant to the Joint Resolution 188 Mechanisms; (iii) the formula or other parameters used to determine the amount of Contributions each Employer is required to make; and (iv) how the Joint Resolution 188 Mechanisms correspond to, or differ from, the procedures pursuant to which Employers made Contributions before Joint Resolution 188 was adopted.  Such documents are clearly responsive to Requests 4, 5, and 6.

The deadline for producing non-ESI documents passed a week ago.  We have reviewed AAFAF's production to date, and we have very seen few documents concerning the Joint Resolution 188 Mechanisms – certainly none of the types of documents listed above.  Accordingly, please advise: (i) when AAFAF expects to produce documents such as those listed above, all of which would be responsive to Requests 4, 5, or 6; (ii) why the types of documents listed above—including any documents maintained in non-custodian-specific hard-copy or soft-copy files—have not yet been produced; and (iii) whether AAFAF is withholding or not yet collecting documents like those listed above, or documents that are responsive to Requests 4, 5, and 6 more generally, and if so, on what grounds.

We look forward to your prompt response.

Very truly yours,

*/s/ Matthew E. Papez*
Matthew E. Papez
JONES DAY
51 Louisiana Ave, NW
Washington, DC  20001

*Counsel for the ERS Bondholders Group*


/s/ *Cheryl T. Sloane*
Cheryl T. Sloane
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

*Counsel for the Puerto Rico Funds*