# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3566-LTS |

**THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO'S RESPONSES AND OBJECTIONS TO ERS BONDHOLDERS' INTERROGATORIES**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure ("FRBP"), made applicable to this matter under Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as authorized by the Financial Oversight and Management Board for Puerto Rico (the "FOMB")[2] and pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017, hereby responds and objects (collectively, the "Responses and Objections"), on behalf of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor"), to the *Interrogatories to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* (the "Interrogatories"), including the "Definitions," "Instructions" and Interrogatories (collectively, the "Requests"), dated February 27, 2019, which was served at the direction of the Movants.[3]

## GENERAL OBJECTIONS

1. Debtor objects to each Definition, Instruction and Request to the extent they purport to impose duties on Debtor that are inconsistent with, not authorized by, or exceed those required

---

[2] The FOMB, as ERS's representative pursuant to PROMESA section 315(b), has authorized AAFAF to serve this Response on behalf of the ERS.

[3] The "Movants" consist of certain ERS bondholders, including Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2

by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"). In responding to these Requests, and unless otherwise noted, Debtor will construe all words in accordance with its obligations under the Governing Rules, and not otherwise.

2. Debtor objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the parties' resources, and the narrow scope of the Motion.

3. Debtor objects to each Definition, Instruction and Request to the extent it expressly or impliedly seeks information protected from discovery by any applicable privilege, including the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or the Executive and Deliberative Process Privileges. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any privileges, protections, doctrines, or immunities.

4. Debtor objects to each Definition, Instruction and Request to the extent it expressly or impliedly seeks information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by Debtor's current or former financial advisors.

5. Debtor objects to the Definitions and Instructions to the extent that they purport to require Debtor to provide information not within its possession, custody or control.

6. Debtor objects to the "Scope," on the grounds that it is overly broad, unduly

3

burdensome, and not proportional to the needs of the case and extremely abbreviated time frame for discovery. Debtor further objects to the extent the Scope purports to impose requirements or obligations on Debtor beyond the scope of, or different from, those imposed by the Governing Rules. Debtor further objects to the Scope on the grounds that it purports to require the production of documents.

7. Debtor objects to the stated time frame of the Requests, June 30, 2016 to the present, as overly broad, unduly burdensome, and not proportional to the needs of the case in light of the narrow scope of the Motion and extremely abbreviated time frame for discovery.

8. Debtor objects to the term "Affiliate," which is defined as "any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person. "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives." This definition is overbroad, vague, ambiguous, unduly burdensome, and not proportionate to the needs of the case. Debtor further objects to the definition of "Affiliate" to the extent it is incorporated by reference in any definition, instruction, or Request.

9. Debtor objects to the term "Commonwealth," which is defined as "the Commonwealth of Puerto Rico and its Affiliates, exclusive of any Affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury." This definition is overbroad and unduly burdensome. Unless otherwise noted, Debtor will interpret the term "Commonwealth" to mean the Commonwealth of Puerto Rico and its employees, officials,

4

and known agents whose files are most likely to possess personal knowledge of information relevant to the Motion, and whose files can most reasonably be searched under the time constraints.

10. Debtor objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on Debtor that differ from or exceed those imposed by the Governing Rules. Debtor further objects to searching or producing any audio, video, electronic recordings, telephone records or calendar entries, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.

11. Debtor objects to term "Contributions," which is defined as "Payments by the Commonwealth or Non-Commonwealth Employers to the ERS. "Contributions" includes (a) past Payments, (b) pending Payments, (c) obligations to make future Payments, (d) Payments, whether due in the past or becoming due in the future, that are required by law, (e) Payments that are held by the Fiscal Agent or any other third party, and (f) Employers' Contributions." This definition is overbroad, vague, ambiguous and calls for legal conclusions.

12. Debtor objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on Debtor that differ from or exceed those imposed by the Governing Rules. Debtor further objects to searching or producing any text messages or instant messages, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.

13. Debtor objects to the definition of the term "ERS Bondholders' Security Interest," which is defined as "the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the

performance of the ERS' obligations." This definition is overbroad, vague, ambiguous and calls for legal conclusions.

14. Debtor objects to the definition of the terms "You," "Your" and "FOMB," to the extent they are defined to include "Affiliates," as overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the disclosure of information relevant to the Motion. In responding to these Requests, Debtor will construe "You," "Your" and "FOMB" to mean Debtor and its employees, officials, and known agents whose files are most likely to possess personal knowledge of information relevant to the Motion, and whose files can most reasonably be searched under the time constraints.

15. Debtor objects to the "Instructions" to the extent they place an unreasonable burden on Debtor, including without limitation by seeking information that is equally or more readily available from public sources.

16. Debtor objects to Instruction No. 4 on the grounds that Local Rule 26.2 of the United States District Court for the Southern District of New York is not part of the Governing Rules.

17. Debtor objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, and does not seek information proportionate to the needs of the case.

18. Debtor objects to Instruction No. 8 on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires that each "request for information directed to or Concerning a particular Entity shall include the Entity as defined, as well as Person or Persons acting in a representative capacity, including partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, rating agencies, or any other Person or Persons acting on its or their behalf," without

6

regard to their connection to the events at issue in the Motion. In responding to these Requests, Debtor will construe requests from each Entity to mean only that Entity, its employees, officers, directors, and known agents whose files are most likely to possess personal knowledge of information relevant to the Motion, and whose files can most reasonably be searched under the time constraints imposed in this matter.

19. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any information provided in connection with these interrogatories or the subject matter thereof, in whole or in part, at any trial or hearing in this proceeding or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other discovery procedures involving or relating to the subject matter of the Interrogatories or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

20. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and Debtor expressly reserves, the right to file a motion to

quash the Subpoena and/or to seek a protective order.

21. The above General Objections are incorporated into each of the following specific Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Set forth in detail all manners in which You maintain the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, Debtor objects to this Interrogatory because it calls for legal conclusions regarding the effect of section 362 of the Bankruptcy Code and the Movants' rights, remedies, and entitlements, if any, under applicable law. Debtor objects to this Interrogatory on the grounds that the phrase "the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value" is vague and ambiguous, because definition of "ERS Bondholders' Security Interest" includes items that cannot "decrease in value," including but not limited to "administrative structures," "bond resolutions," "regulations," "statutes," and "UCC filings." Debtor objects to this Interrogatory on the grounds that "ERS Bondholders' Security Interest," as defined by Movants to consist of various documents, acts, and laws "pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations," is not capable of being "valued," and therefore not subject to "a decrease in value." Debtor objects to the definition of "ERS Bondholders' Security Interest," which is overbroad, vague, and calls for legal conclusions. ERS will interpret "ERS Bondholders' Security Interest to mean the ERS Bondholders' asserted security interest under the ERS Bond Resolution. Debtor further objects to Interrogatory No. 1 to the extent it seeks information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the

8

Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Subject to and without waiving any of its objections, which are hereby incorporated by reference, ERS states as follows:

Debtor has maintained or paid to Movants amounts in the Prepetition Segregated Account. Pursuant to Act 106, Debtor no longer receives Employers' Contributions, as defined under the ERS Bond Resolution. After July 1, 2017, pursuant to Act 106, "the Government, the Municipalities, the Legislative Branch, Court Administration and Public Corporations and other covered entities" must remit fees in an amount that "shall be equal to the amount actually paid to Pensioners and Beneficiaries from each covered entity." Act 106, § 2.1(b). Debtor is producing documents sufficient to show the amount of Pay-Go fees that have been remitted to the Commonwealth from July 1, 2017 to the present and current projections for anticipated Pay-Go fees. Debtor contends that the Movants have no rights to Pay-Go fees, which are not property subject to the ERS Bondholders' Security Interest.

**INTERROGATORY NO. 2:**

Set forth in detail whether, how and to what extent the ERS Bondholders have been, are, or will be able to exercise their remedies against the Pledged Property during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, which are hereby incorporated by reference, Debtor objects to this Interrogatory because it calls for legal conclusions regarding the effect of section 362 of the Bankruptcy Code and the Movants' rights, remedies, and entitlements, if any, under applicable law. Debtor objects to the phrase set forth "in detail," which is overbroad and unduly burdensome; Debtor will respond only in reasonable detail as required by the Governing Rules. Debtor objects to this Interrogatory because it calls for speculation regarding future events that are beyond Debtor's knowledge, possession, custody or control. Debtor also objects to this Request

9

to the extent it seeks information protected by the Attorney-client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Dated:  March 8, 2019
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Peter Friedman*

John J. Rapisardi
Suzzanne Uhland
Peter Friedman
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, New York 10036
(212) 326-2000
jrapisardi@omm.com
suhland@omm.com
pfriedman@omm.com

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: (787) 294-9508
Fax: (787) 294-9519

Luis C. Marini-Biaggi
USDC No. 222301
lmarini@mpmlawpr.com

Carolina Velaz-Rivero
USDC No. 300913
cvelaz@mpmlawpr.com

**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority*

## VERIFICATION OF INTERROGATORY RESPONSES

I, Luis Collazo Rodríguez, am Administrator of the Employees Retirement System for the Government of Puerto Rico ("ERS"). I have read the foregoing Responses to ERS Bondholders' Interrogatories to the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and know the contents thereof. I am informed and believe that the facts stated therein are true to the best of my knowledge and on the basis of information made available to me.

I verify under penalty of perjury that the foregoing is true and correct. Executed on March 8, 2019, in San Juan, Puerto Rico.

Luis Collazo Rodriguez
Administrator
Employees Retirement System for
the Government of Puerto Rico

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2019, a true and correct copy of the foregoing was served via electronic mail on the following counsel of record for Movants:

*/s/ Madhu Pocha*

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
bbennett@jonesday.com

John K. Cunningham
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
jcunningham@whitecase.com

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
P.O. Box 11750
Fernández Juncos Station
San Juan, PR 00910-1750

José C. Sánchez-Castro
SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
jsanchez@sanpir.com