# EXHIBIT J



White & Case LLP
1221 Avenue of the Americas
New York, New York 10020-1095

JONES DAY

51 Louisiana Ave, NW• Washington, DC 20001.2113

March 15, 2019

**Via Email**

Madhu Pocha
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036

Re: *In re Commonwealth of Puerto Rico, et al.*, Case No. 17-3283 (LTS) and *In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico (ERS)*, Case No. 17-3566 (LTS) – The Commonwealth's and ERS's Responses and Objections to Movants' Requests for Admission, Interrogatories, Documents; AAFAF's Objections to Notices of Subpoena for Deposition and Documents; Oversight Board's Objections to Notices of Subpoena for Documents

Dear Counsel:

We are writing with regard to the following responses and objections you served

- on March 6, 2019, on behalf of ERS and the Commonwealth (together "Debtors") responding to Movants' Requests for Production of Documents;

- on March 8, 2019, on behalf of the Debtors to Movants' Requests for Admission and Interrogatories;

- on March 6, 2019, on behalf of AAFAF responding to Movants' Subpoena for Deposition and Movants' Subpoena for Documents; and

- on March 6, 2019, on behalf of the Oversight Board (together with Debtors and AAFAF, the "Respondents") responding to Movants' Subpoena for Documents.

March 15, 2019
Page 2

For the reasons set forth below, we believe several of these responses and objections are deficient. Given time constraints, however, we have not attempted to catalogue every issue we have with the Commonwealth's, ERS's or AAFAF's responses and objections in this letter and reserve the right to address additional issues during our meet-and-confer session. We would like to schedule such a session with you on Monday, March 18, 2019. Please advise of your availability.

I. **REQUESTS FOR ADMISSION**

   A. **General Objection No. 3**

Debtors state that they used "reasonable diligence" to determine responsive facts and information, and that they object to the Requests to the extent that they require anything more.

We have difficulty understanding what this means and, in particular, what you mean by "reasonable diligence." Please articulate what this objection is intended to mean, identify any sources of information that Debtors will not search based on this objection, and identify whether any information is being withheld on the basis of this objection.

   B. **Requests for Admission Nos. 1 and 3**

These Requests ask Debtors to admit that Joint Resolution 188 and Act 106 directed ERS to take certain actions, namely to sell its assets and transfer the proceeds to the Commonwealth. Debtors object to these Requests on the grounds that they seek a legal opinion or conclusion, further stating that the "statutes speak for themselves." This is not a valid objection.

Requests for admission may properly ask a party to admit the truth of facts, the application of law to facts, or opinions about either. Fed. R. Civ. P. 36(a)(1)(A). These Requests ask Debtors to admit or deny the application of law (Joint Resolution 188 or Act 106) to facts germane to these proceedings (the diversion of ERS assets to the Commonwealth). Moreover, a party may be requested to admit obligations under the law. Obviously, these are proper Requests.

These Requests must be answered or deemed admitted. Please confirm that Debtors will withdraw their objections and answer these Requests.

   C. **Request for Admission No. 2**

This Request asks Debtors to admit that ERS sold its assets. ERS responded by denying this Request, but then admitting that it "liquidated certain investments." This is an unclear and evasive response to a very straightforward request. To the extent that ERS denies some part of this Request, it must do so with specificity. Fed. R. Civ. P. 36(a)(4).

March 15, 2019
Page 3

This Request must be answered or deemed admitted. Please confirm that ERS will provide an amended answer that fairly responds to this Request or explain which part of the Request it denies.

The Commonwealth's objection to this Request is also deficient. The Commonwealth objects to the extent that information is not within its knowledge, possession, custody or control. The Commonwealth fails, however, to (i) state in good faith that it has made a reasonable inquiry and (ii) specify what measures it took to answer the Request. *See* Fed. R. Civ. P. 36(a)(4). It strains belief that that this information would not be available to the Commonwealth where it was the party that required ERS to sell its assets. Indeed, we note that in response to Request No. 6, by contrast, ERS provided the Commonwealth with information to allow the Commonwealth to respond to that request.

This Request must be answered or deemed admitted. Please confirm that the Commonwealth will withdraw its objection to this Request and answer this Request.

### D. Request for Admission No. 5

This Request asks Debtors to admit that the ERS Bond Resolution required Employer Contributions to be paid to the Fiscal Agent. Debtors object to this Request on the grounds that it seeks a legal opinion or conclusion, further stating that the ERS Bond Resolution "speak for itself." This is not a valid objection, especially since ERS operated under this Bond Resolution for the better part of a decade.

Requests for admission may properly ask a party to admit the truth of facts, the application of law to facts, or opinions about either. Fed. R. Civ. P. 36(a)(1)(A). A request for admission as to the meaning of a document – such as the ERS Bond Resolution – is simply a request for Debtors' admission of having understood the document in a manner concurring with the meaning set forth by Movants. Here, this Request simply asks Debtors to admit or deny their interpretation or understanding of the obligations under the ERS Bond Resolution.

This Request must be answered or deemed admitted. Please confirm that Debtors will withdraw their objections and answer this Request.

### E. Requests for Admission Nos. 7 and 9

These Requests seek an admission that Employers (as defined in the ERS Bond Resolution) that had been making Employer Contributions to ERS are now instead paying Pay-Go Fees to the Commonwealth. Debtors failed to respond to the substance of these Requests. Instead, Debtors deny (i) that "each and every Employer…who paid 'Employer Contributions' before July 1, 2017 currently pays Pay-Go Fees and that Pay-Go fees are equivalent to 'Employers Contributions'"

March 15, 2019
Page 4

(*see* Responses to Request No. 7) and (ii) that "each and every Employer is covered by Act 106 or currently pays Pay-Go Fees" (*see* Responses to Request No. 9).

This appears to be an effort to avoid answering a straightforward Request. These Requests do not seek an admission regarding "each and every Employer" and therefore this is no basis for Debtors' broad denials. Furthermore, to the extent that Debtors assert a qualified denial by distinguishing between certain Employers, then Debtors must do so with specificity.

This Request must be answered or deemed admitted. Please confirm that Debtors will amend their responses to these Requests.

### F. Request for Admission Nos. 12 and 16

These Requests seek an admission that the Commonwealth has no present intention of causing Pay-Go Fees to be paid by the Fiscal Agent or to Movants. The Commonwealth simply states that Act 106 "speaks for itself, is in effect, and Pay-Go Fees are being applied to the purposes set forth in Act 106." This is entirely non-responsive, as it speaks nothing of the Commonwealth's intention.

This Request must be answered or deemed admitted. Please confirm that the Commonwealth will amend its response to this Request.

### G. Request for Admission No. 13

This Request seeks an admission that the Oversight Board has no present intention of causing the Pay-Go Fees to be paid to the Fiscal Agent. Debtors both object to this Request on the grounds that they cannot speak to the Oversight Board's intention. This response is deficient for two reasons.

First, Debtors fail to (i) state in good faith that it has made a reasonable inquiry and (ii) specify what measures were taken to answer the Request. Fed. R. Civ. P. 36(a)(4). Indeed, it is hard to imagine that this information would not be available to the Debtors where the Oversight Board is acting as their representative in these cases. Second, Debtors' responses do not meet the requirements of Fed. R. Civ. P. 36(a)(4) where they neither admit nor expressly deny the Request, and Debtors fail to explain why they cannot truthfully admit or deny the Request.

This Request must be answered or deemed admitted. Please confirm that the Debtors will withdraw their objections and answer this Request.

March 15, 2019
Page 5

### H. Request for Admission No. 15

This Request seeks an admission that the Pay-Go Fees are not being used to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution. Both Debtors fail to respond to the substance of this Request, choosing to state instead that Act 106 "speaks for itself, is in effect, and Pay-Go Fees are being applied to the purposes set forth in Act 106." This is an evasive and unclear response, as it says nothing about whether the Pay-Go Fees are being used to pay amounts due under the ERS Bond Resolution.

This Request must be answered or deemed admitted. Please confirm that the Debtors will amend their answers to this Request.

### I. Request for Admission No. 19

This Request seeks an admission that Employer Contributions had been ERS's largest source of income. Both Debtors fail to respond to this Request adequately.

The Commonwealth first objects to this Request on the grounds that the term "income" is vague. We wholly disagree that there is anything vague about the term "income," but, in any event, the Commonwealth should endeavor to respond to the Request based on its understanding of the term, just as ERS did in its response.

The Commonwealth then objects to this Request on the grounds that it seeks information solely in the possession, custody or control of ERS. This response is deficient for two reasons. First, the Commonwealth fails to (i) state in good faith that it has made a reasonable inquiry and (ii) specify what measures were taken to answer the Request. Second, the Commonwealth's response does not meet the requirements of Fed. R. Civ. P. 36(a)(4) where it neither admits nor expressly denies the Request, and the Commonwealth fails to explain why it cannot truthfully admit or deny the Request.

This Request must be answered or deemed admitted. Please confirm that the Commonwealth will withdraw its objections and answer this Request.

ERS's response is also deficient because it is non-responsive. The Request seeks an admission that the Employer Contributions had been ERS's "<u>largest</u>" source of income. Rather than admit or deny this, ERS responds that the Employer Contributions "were a <u>significant</u> source of income[.]" (Emphasis added).

Please confirm that ERS will amend its response to fairly respond to the substance of the Request – that is, admit or expressly deny that ERS had any other sources of income greater than the Employer Contributions.

March 15, 2019
Page 6

**J. Requests for Admission Nos. 20 and 21**

These Requests seek admissions that Joint Resolution 188 and Act 106 provide for the dissolution of ERS. Debtors object to these Requests on the grounds that they seek a legal opinion or conclusion, further stating that the "statutes speak for themselves." This is not a valid objection.

Requests for admission may properly ask a party to admit the truth of facts, the application of law to facts, or opinions about either. Fed. R. Civ. P. 36(a)(1)(A). These Requests ask Debtors to admit or deny the application of law (Joint Resolution 188 or Act 106) to facts germane to these proceedings (the diversion of ERS assets to the Commonwealth). Moreover, a party may be requested to admit obligations under the law. At a minimum, it asks Debtors' opinion on that issue.

This Request must be answered or deemed admitted. Please confirm that Debtors will withdraw their objections and answer these Requests.

**II. INTERROGATORIES**

Movants propounded only two Interrogatories to ERS and the Commonwealth. Both Interrogatories sought information that is directly relevant to the Lift-Stay Motion. Rather than providing good faith responses to the Interrogatories, however, ERS and the Commonwealth each provided pages of objections. None of those objections is valid, and they should all be withdrawn.

Movants address below the Legal Conclusion and Privilege objections that ERS and the Commonwealth have asserted. As Movants have explained, neither objection is proper, and both objections should be withdrawn.

As for the vagueness, overbreadth, and similar objections that ERS and the Commonwealth have made, Movants maintain that the Interrogatories are clear and that—particularly because the Interrogatories go directly to the heart of the issues in dispute in the Lift-Stay Motion—they are neither overbroad nor unduly burdensome. If ERS and the Commonwealth have a genuine, good faith question about what any particular term within the Interrogatories mean, Movants are willing to provide further explanation as part of a meet and confer, but Movants do not perceive any of their Interrogatories to be vague or ambiguous. In all events, ERS and the Commonwealth should withdraw their vagueness, overbreadth, and similar boilerplate objections, and answer the Interrogatories.

**A. Legal Conclusion Objections**

Debtors object to both Interrogatories on the grounds that they call for legal conclusions. An interrogatory is not objectionable, however, merely because it asks for an opinion or contention that relates to fact or application of law to fact. Fed. R. Civ. P. 33(a). Here, both interrogatories

March 15, 2019
Page 7

seek exactly that – they are requesting Debtors' understanding of whether, how, and to what extent Movants' interests are protected from a diminution of value during the imposition of the automatic stay (Interrogatory No. 1) and to what extent Debtors contend that Movants are able to protect those interests against any such diminution (Interrogatory No. 2).

Please confirm that Debtors will withdraw their objections and answer these Requests.

### B. Privilege Objections

Debtors object to both Interrogatories "to the extent it seeks information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure[.]" (the "Privilege Objections").

Please clarify whether Debtors intend for the Privilege Objections to cover communications between AAFAF, ERS, the Oversight Board, the Commonwealth, or others. If so, please explain the following:

(i) Debtors' basis for applying the Privilege Objections to communications between AAFAF, ERS, the Oversight Board, and the Commonwealth, which often have divergent interests;

(ii) whether Debtors' Privilege Objections also extend to communications that include third parties, such as consultants and professionals;

(iii) which of the Privilege Objections (the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or some other undisclosed privilege) actually applies to the communications responsive to these Interrogatories and to what category of communications any such privilege applies; and

(iv) the nature of the communications or other information that you are claiming to be privileged, with sufficient detail to enable Movants to assess the privilege claim.

March 15, 2019
Page 8

### III. REQUEST FOR DOCUMENTS

#### A. General Objection No. 5 (ERS, Commonwealth, and AAFAF) and General Objection No. 9 (Oversight Board)

Respondents object to the Requests on the grounds that they seek documents or information that are confidential or proprietary in nature, stating that they will only produce such documents pursuant to a protective order.

Please (i) clarify whether any documents are not being produced based on this objection, and (ii) if so, propose a draft protective order for Movants' consideration.

#### B. General Objection No. 6 (ERS, Commonwealth, and AAFAF), General Objection No. 8 (Oversight Board), Specific Objection to Requests Nos. 1-7 (ERS, Commonwealth, and AAFAF), and Specific Objection to Requests Nos. 1-6 (Oversight Board)

Respondents assert general and specific objections relating to privilege. Specifically, Respondents object to each definition, instruction and Request "to the extent it expressly or impliedly seeks documents, agency records, or information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure" (the "Privilege Objections").

Please clarify whether Respondents intend for the Privilege Objections to cover communications between AAFAF, ERS, the Oversight Board, the Commonwealth, or others. If so, please explain the following:

(v) Respondents' basis for applying the Privilege Objections to communications between AAFAF, ERS, the Oversight Board, and the Commonwealth, which often have divergent interests;

(vi) whether Respondents' Privilege Objections also extend to communications that include third parties, such as consultants and professionals;

(vii) which of the Privilege Objections (the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or some other undisclosed privilege) actually applies to the communications responsive to these requests and to what category of communications any such privilege applies; and

March 15, 2019
Page 9

    (viii)    the nature of the communications or other information that you are claiming to be privileged, with sufficient detail to enable Movants to assess the privilege claim.

**C. General Objection No. 16 (ERS and Commonwealth) and General Objection No. 18 (AAFAF)**

Respondents state that they will focus their searches on documents that are not duplicative of documents that are available from other sources. This is not a valid objection. Parties are required to produce documents that are in their "possession, custody, or control." Fed. R. Civ. P. 34(a). There is no exception for instances where responding parties believe that responsive documents might be found elsewhere.

Please clarify what, if any, searches Respondents have not performed based on their assumption that such documents are available from other sources.

**D. General Objection No. 17 (ERS and Commonwealth), General Objection No. 19 (AAFAF), and General Objection No. 19 (Oversight Board)**

Respondents object to Instruction No. 4, which incorporates S.D.N.Y. Local Civil Rule 26.2, particularly to the extent that it requires a written privilege log for each document withheld from production. Respondents then purport to reserve the right to produce a categorical privilege log. Rule 26.2 specifies that privilege logs must contain information about the type of document and the document's general subject matter, date, and authority. S.D.N.Y. L.R. 26.2(a)(2)(A),(b). The generalized privilege log that you describe does not meet these standards.

**E. General Objection No. 18 (ERS and Commonwealth) and General Objection No. 20 (AAFAF)**

Respondents state that they will "construe requests for documents from each Entity to mean only that Entity, its employees, officers, directors, and known agents whose files are most likely to possess personal knowledge of information relevant to the Stay Relief Motion, and whose files can most reasonably be searched[.]"

Please identify any sources of information that Respondents will not search based on this objection and identify whether any information is being withheld based on this objection.

**F. Request No. 1**

Request No. 1 seeks all valuation documents for a period of time that spans less than three years (June 30, 2016 through present) and then references – without limitation – four specific dates

March 15, 2019
Page 10

in time during that period, which are particularly relevant. Debtors object to this Request on the grounds that it is overbroad, unduly burdensome, not proportional. Debtors then appear to agree only to produce documents for the four specific dates listed in the Request. Debtors' burden objections are not well taken where the Request seeks a narrow set of documents that are indisputably relevant for a period of less than three years. Please confirm that Debtors' search of documents covers June 30, 2016 through present. Please also clarify whether Debtors only intend to produce documents that are relevant to the four dates specifically listed and will be withholding responsive documents that fall on any other date.

### G. Request No. 2

This Request seeks documents relating to how the value of Movants' security interests are being protected from a decrease in value during the automatic stay. Debtors agree to "produce documents sufficient to show the amount of Pay-Go fees that have been remitted to the Commonwealth from July 1, 2017 to the present and currently projections of anticipated Pay-Go Fees that can be located after a reasonable search." Debtors then continue by stating that ERS has no right to Pay-Go Fees and that the Pay-Go Fees are not subject to Movants' security interest.

Please (i) clarify why Debtors deem these documents responsive in light of Debtors' statements regarding ERS and Movants' lack of interest in the Pay-Go Fees, and (ii) whether Debtors are searching for any other responsive documents.

### H. Requests Nos. 3 through 7 (ERS and Commonwealth) and Requests Nos. 1 through 7 (AAFAF)

Respondents have agreed to produce responsive, non-privileged documents, if any, if the parties can agree on custodians, search terms, and date ranges. As you are aware, discussions on those parameters are ongoing, and we reserve all rights to object regarding these Requests if a mutually-acceptable agreement cannot be reached.

### I. Requests Nos. 3 through 6 (Oversight Board)

The Oversight Board advances several objections to these Requests and refuses to produce documents in response to these Requests, but then states that it is willing to meet and confer on these Requests. First, with respect to the Oversight Board's privilege objections, Movants refer to Section III.B. above. Second, the Oversight Board's objections based on overbreadth and burden are unsupported. These Requests cover a period of time of less than two years. Third, objections based on vagueness are unfounded where terms such as "background" and "preparation" have common, every day meaning. Fourth, the Oversight Board's cumulative objection is baseless where each party carries its own discovery obligations. Finally, any relevance objection is similarly misplaced where the Oversight Board itself has argued that Movants are not entitled to

March 15, 2019
Page 11

relief from the automatic stay *because of* Joint Resolution 188 and Act 106-2017. *See, e.g.*, *Debtor's Opposition to Motion of Certain Secured Claimholders of Employees Retirement System of Government of Commonwealth of Puerto Rico for Relief from Automatic Stay* at 12 [Docket No. 3465 in Case No. 17-bk-03283 and Docket No. 292 in Case No. 17-bk-03566] (The automatic stay is "not at issue" because "Movants are complaining about legislation by the Commonwealth creating a new pension system that does not generate Employers' Contributions.").

Movants look forward to meeting and conferring with the Oversight Board concerning these Requests.

## IV. RULE 30(B)(6) DEPOSITION SUBPOENA

### A. General Objections

AAFAF's responses and objections include a number of General Objections to Movants' Subpoena for testimony. These include, *inter alia*, general objections concerning relevance, undue burden, privilege, and the alleged failure of Movants to provide "reasonable particularity" in topics of inquiry and confidentiality.

If there are any specific topics of inquiry to which any of AAFAF's general objections apply, please associate each of your general objections to those specific topics. Otherwise, these general objections will be deemed waived.

### B. Specific Objection – *Relevancy*

AAFAF has interposed a boilerplate objection to each topic – all of which relate to Joint Resolution 188 and Act 106 – on the grounds that these laws are irrelevant to the Stay Relief Motion. This objection is not well founded where the Debtors themselves have argued that Movants are not entitled to relief from the automatic stay *because of* Joint Resolution 188 and Act 106-2017. *See, e.g.*, *Debtor's Opposition to Motion of Certain Secured Claimholders of Employees Retirement System of Government of Commonwealth of Puerto Rico for Relief from Automatic Stay* at 12 [Docket No. 3465 in Case No. 17-bk-03283 and Docket No. 292 in Case No. 17-bk-03566] (The automatic stay is "not at issue" because "Movants are complaining about legislation by the Commonwealth creating a new pension system that does not generate Employers' Contributions.").

Please advise whether AAFAF refuses to designate a witness to provide testimony on these subjects based on its relevancy objections.

March 15, 2019
Page 12

### C. Topics 2, 5 and 7 – *Failure to Designate*

AAFAF has objected to three of the topics (2, 5, and 7) in their entirety. While AAFAF agreed to designate a witness to provide testimony about "the background, drafting, preparation, enactment, passage, approval, and implementation" of Joint Resolution 188 and Act 106-2017, it has wholly objected to designating a witness to testify about *communications* on those same topics. Specifically, AAFAF's responses to Topics 2, 5 and 7 of the Subpoena include the same formulaic objection: that each topic seeks information that is "protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure, including (but not limited to) information concerning the drafting and preparation" of Joint Resolution 188 and Act 106-2017 (the "Privilege Objections").

First, please explain whether the Privilege Objections are the basis of AAFAF's refusal to designate a witness to testify about Topics 2, 5 and 7. This is unclear based on the fact that AAFAF agreed to designate a witness in connection with other topics to which AAFAF posed the same objections (*e.g.*, Topics 1, 3, 4 and 6). Alternatively, if the Privilege Objections are *not* the basis of AAFAF's refusal, please identify which of AAFAF's objections to Topics 2, 5 and 7 is the basis of its refusal to designate a witness to testify on those topics.

Second, please clarify whether AAFAF intends for the Privilege Objections to cover communications between AAFAF and ERS, AAFAF and the Oversight Board, AAFAF and the Commonwealth, or AAFAF and others. If so, please explain the following:

(i) AAFAF's basis for applying the Privilege Objections to communications between AAFAF, ERS, the Oversight Board, and the Commonwealth, which often have divergent interests;

(ii) whether AAFAF's Privilege Objections also extend to communications that include third parties, such as consultants and professionals;

(iii) which of the Privilege Objections – the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberate Process Privileges, the Common Interest Privilege, or some other undisclosed privilege – actually applies to the communications referenced in Topics 2, 5 and 7, and to what category of communications any such privilege applies; and

March 15, 2019
Page 13

    (iv)    the nature of the communications referenced in Topics 2, 5, and 7 that you are claiming to be privileged, with sufficient detail to enable Movants to assess the privilege claim.

\*    \*    \*

We would like to avoid motion practice if possible, but we are prepared to file a motion to compel if we are unable to resolve these issues. We look forward to hearing from you regarding your availability for a meet-and-confer session on Monday, March 18th.

Very truly yours,

/s/ *Cheryl T. Sloane*
Cheryl T. Sloane
WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131

*Counsel for the Puerto Rico Funds*

/s/ *Sparkle L. Sooknanan*
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave, NW
Washington, DC  20001

*Counsel for the ERS Bondholders Group*