# EXHIBIT K

March 18, 2019

**VIA E-MAIL**

| | |
|---|---|
| John C. Cunningham | Bruce Bennett |
| Glenn M. Kurtz | JONES DAY |
| WHITE & CASE LLP | 555 South Flower Street |
| 1221 Avenue of the Americas | Fiftieth Floor |
| New York, NY 10036 | Los Angeles, California 90071 |
| | |
| Jason N. Zakia | Benjamin Rosenblum |
| Cheryl T. Sloane | JONES DAY |
| WHITE & CASE LLP | 250 Vesey Street |
| 200 South Biscayne Boulevard, Suite 4900 | New York, New York 10281 |
| Miami, FL 33131 | |
| | Geoffrey S. Stewart |
| | Beth Heifetz |
| | Sparkle L. Sooknanan |
| | JONES DAY |
| | 51 Louisiana Ave. N.W. |
| | Washington, DC 20001 |

**Re:** *Commonwealth, 17-BK-3823-LTS and ERS, 17-BK-3566-LTS: Lift Stay Motion - Response and Objections to Requests for Admission, Interrogatories, Document Requests, and Subpoena for Deposition and Documents from AAFAF*

Counsel:

This responds to the letter regarding Movants' requests for admission, interrogatories, and document requests to ERS and the Commonwealth, and the subpoenas for deposition testimony and documents to AAFAF, that you sent on the night of Friday, March 15, 2019—a week after we served responses to those requests. While we are still evaluating your letter, and reserve the right to modify the responses below after we confer with AAFAF, ERS and the Commonwealth, we are responding now to advance a good-faith effort to resolve our disputes.

**Requests for Admission:**

General Objection No. 3

Movants requested that Debtors clarify their statement that Debtors used "reasonable diligence" to determine responsive facts and whether any sources of information have been excluded.

The purpose of the objection was to state that Debtors will undertake only a reasonable effort to obtain discoverable information, consistent with the discovery rules and bearing in mind the

expedited schedule's one-week timeframe for responding to the requests. In any event, Debtors are not aware of sources that have been excluded or information that has been withheld under this objection.

Requests for Admission Nos. 1 and 3[1]

We do not agree with your assertion that these requests ask Debtors to admit or deny the application of law to facts. The requests seek legal conclusions interpreting the language of Joint Resolution 188 and Act 106 as a matter of law. Directing Movants to the language of Act 106 and Joint Resolution is therefore a sufficient response.

Request for Admission No. 2[2]

Movants assert that ERS's response denying the request, but clarifying that it liquidated certain assets, is unclear and evasive. Movants also contend that the Commonwealth's objections to providing a response are deficient.

We disagree that anything about ERS's response is unclear or evasive. Nevertheless, in a good-faith attempt to avoid unnecessary motion practice, we will confer with ERS on whether an amended response that provides additional specificity with the denial is possible and proper.

We also disagree with your assertion that the Commonwealth must respond to a cumulative, duplicative request seeking information in ERS's possession and that it has received from ERS. Such duplicative discovery is burdensome and unnecessary. While there is no need for a duplicative response from the Commonwealth, we will consider amending the response to be consistent with any amended response from ERS.

Request for Admission No. 5[3]

Contrary to your position, Request for Admission No. 5 does not seek Debtors' opinion on the application of law to fact. Rather, the request seeks a legal conclusion concerning the ERS Bond Resolution's requirements. Directing Movants to the language of the ERS Bond Resolution is thus an appropriate response to such a request.

---

[1] Request for Admission No. 1 asks that Debtors "[a]dmit that Joint Resolution 188 and Act 106 directed ERS to sell its assets." Request for Admission No. 3 asks that Debtors "[a]dmit that Joint Resolution 188 and Act 106 directed ERS to transfer the net cash proceeds from the sale of its assets into the Treasury of the Commonwealth of Puerto Rico."

[2] Request for Admission No. 2 asks that Debtors "[a]dmit that ERS sold its assets."

[3] Request for Admission No. 5 asks that Debtors "[a]dmit that the ERS Bond Resolution provides that Employers' Contributions are to be paid to the Fiscal Agent."

2

Request for Admission No. 13[4]

Movants argue that the Debtors are somehow obligated to provide information regarding the Oversight Board's "intent" because the Board is the Debtors' representative in the Title III cases.

There is nothing deficient in Debtors' response.  The duty to conduct a "reasonable inquiry" under Fed. R. Civ. Pro. 36(a) is limited to persons and documents within Debtors' control.  The Oversight Board, however, is a separate entity whose information is not within the Commonwealth's or ERS's possession, custody, or control.  To the contrary, PROMESA provides that neither the Governor nor the Legislature may "exercise any control, supervision, oversight, or review over the Oversight Board or its activities." 48 U.S.C. § 2128.  Nothing in PROMESA or elsewhere gives Debtors the power to demand information or documents from the Oversight Board.

Requests for Admission Nos. 20 and 21[5]

Movants maintain that Debtors must withdraw their objections and answer the requests because they do not seek a legal conclusion.  But Debtors have already denied these requests because nothing in Joint Resolution 188 or Act 106 "provides for the dissolution of ERS."  Nothing more is required.

Requests for Admission Nos. 7,[6] 9,[7] 12,[8] 15,[9] 16[10] and 19[11]

While we disagree with your characterizations of the alleged deficiencies in the responses to

---

[4] Request for Admission No. 13 asks that Debtors "[a]dmit that the Fiscal Oversight and Management Board for Puerto Rico has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent."

[5] Request for Admission No. 20 asks that Debtors "[a]dmit that Joint Resolution 188 provides for the dissolution of ERS."  Request for Admission No. 21 asks that "Admit that Act 106 provides for the dissolution of ERS."

[6] Request for Admission No. 7 asks that Debtors "[a]dmit that since on or about July 1, 2017 and continuing to this date, Employers that previously paid Employers' Contributions have instead been paying Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico."

[7] Request for Admission No. 9 asks that Debtors "[a]dmit that since on or about July 1, 2017 and continuing to this date, Employers other than the Commonwealth have paid Pay-Go Fees to the Treasury of the Commonwealth of Puerto Rico."

[8] Request for Admission No. 12 asks that Debtors "[a]dmit that the Commonwealth has no present intention of causing Pay-Go Fees to be paid to the Fiscal Agent."

[9] Request for Admission No. 15 asks that Debtors "[a]dmit that Pay-Go Fees are not being used to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution."

[10] Request for Admission No. 16 asks that Debtors "[a]dmit that the Commonwealth has no present intention to use Pay-Go Fees to pay amounts scheduled to be paid to Movants pursuant to the ERS Bond Resolution."

[11] Request for Admission No. 19 asks that Debtors "[a]dmit that prior to July 1, 2017, Employers' Contributions had been the ERS's largest source of income."

3

these requests and without waiver of any objections (and having received the letter Friday night), we are still evaluating your positions and considering providing amended responses. We will let you know as soon as possible.

**Interrogatories:**

We are still evaluating the positions stated in your letter and considering providing amended responses. We will let you know as soon as possible.

**Document Requests:**

General Objection No. 5 (ERS, Commonwealth, and AAFAF)

Movants ask Debtors and AAFAF to clarify whether they are withholding any documents under this objection because the requests seek documents or information that are confidential or proprietary in nature. If so, Movants ask that the Debtors and AAFAF propose a draft protective order for Movants' consideration.

Debtors and AAFAF have produced documents subject to the existing protective order previously entered into in Case No. 17 AP 213-LTS [ECF Nos. 60-61]. Please confirm whether you believe that Protective Order is adequate or needs to be amended.

General Objection No. 6 (ERS, Commonwealth, and AAFAF), Specific Objection to Requests Nos. 1-7 (ERS, Commonwealth, and AAFAF)

Movants ask for clarification regarding Debtors' and AAFAF's privilege objections. The only materials withheld so far appear in AAFAF's March 15, 2019 privilege log. Neither ERS, nor the Commonwealth, has yet withheld any privileged documents. Because privilege determinations must be based on the content of the documents, Debtors and AAFAF cannot speculate as to the application of privileges to documents that have not yet been reviewed. Debtors, however, will agree to a mutual exchange of supplemental logs after any remaining document review is complete.

General Objection No. 16 (ERS and Commonwealth) and General Objection No. 18 (AAFAF)

Movants ask that Debtors and AAFAF clarify what, if any, searches they have not performed on the basis that "documents are available from other sources." Debtors and AAFAF have not refrained from any searches they would have run but for this objection.

General Objection No. 17 (ERS and Commonwealth) and General Objection No. 19 (AAFAF)

Debtors and AAFAF objected to Movants' Instruction No. 4 to clarify that they reserve the right to provide categorical logs, which are presumptively proper, and are especially appropriate in expedited litigation such as this. *See* S.D.N.Y. L.R. 26.2 ("[W]hen asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category.").

4

General Objection No. 18 (ERS and Commonwealth) and General Objection No. 20 (AAFAF)

Movants ask that Debtors and AAFAF (i) identify any sources of information they will not search based on their objection to Movants' overbroad definition of "Entity" and (ii) explain whether any information is being withheld on the basis of that objection. Debtors and AAFAF are not excluding any known sources of information or withholding information on the basis of this objection and have been conducting reasonable searches in light of the expedited schedule and short time-frame for discovery.

Request No. 1[12]

Movants ask Debtors to clarify whether they will be withholding responsive documents apart from the dates specified in the requests.

Debtors have not withheld responsive documents that fall on dates other than the four specified in Request No. 1. Debtors have produced an extensive set of financial documents that encompass the time period requested by Movants (June 30, 2016 to the present) as well as the four dates specified in Request No. 1. To the extent even more documents are necessary, Movants will need to justify the necessity and burden.

Request No. 2[13]

Movants ask Debtors to clarify their position regarding the documents produced in response to this Request. Debtors produced documents sufficient to show Pay-Go fees (as defined in Act 106) remitted to the Commonwealth and projections for future Pay-Go fees because Movants have alleged a security interest in those fees. But as the discovery responses state, Debtors dispute that Movants have such an interest, which is a legal issue that the Court may decide.

**Rule 30(b)(6) Deposition Subpoena to AAFAF:**

General Objections

Nothing herein shall be deemed a waiver of any objections but we will let you know if we intend to rely on any additional objections other than those stated in response to the specific topics.

---

[12] ERS and Commonwealth Requests for Production No. 1 ask that Debtors produce "[a]ll Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates: (a) May 21, 2017, (b) June 30, 2017, (c) August 23, 2017, and (d) today."

[13] ERS and Commonwealth Requests for Production No. 2 ask that Debtors produce "Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code."

Relevance Objection

We disagree with your characterization of AAFAF's relevance objections.  AAFAF interposed the objections because the discovery Movants seek is not necessary for analyzing the effect of Joint Resolution 188 and Act 106.  The legislation speaks for itself and the parties can put forth competing interpretations based on the text. But in the interest of reaching a good-faith compromise, AAFAF nevertheless offered to designate a witness to provide deposition testimony.

Topics 2, 5, and 7 – Failure to Designate[14]

Topics 2, 5, and 7 request a witness to testify about "*all*" communications of AAFAF with "*anyone*" on seven subjects.  Given the overbreadth of these topics and the undue burden of trying to prepare a 30(b)(6) witness to testify about all communications, especially on an expedited schedule, AAFAF will not designate a witness on these topics.  AAFAF also asserted privilege objections given the breadth of these topics, which may implicate privileged communications.


Very truly yours, | Very truly yours,

*/s/ Madhu Pocha* | */s/ William D. Dalsen*

Madhu Pocha | William D. Dalsen

---

[14] Topic 2 seeks testimony by AAFAF regarding "Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188."  Topic 5 seeks testimony by AAFAF regarding "Communications between You and anyone Concerning the Joint Resolution 188 Mechanisms."  Topic 7 seeks testimony by AAFAF regarding "Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017."

6