UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING PUERTO RICO SALES TAX FINANCING CORPORATION'S TENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE, DEFICIENT, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Tenth Omnibus Objection (Non-Substantive) to Duplicate and Incorrect Debtor Bond Claims* (Docket Entry No. 4414 in Case No. 17-3283, the "Tenth Omnibus Objection")[2] filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), dated December 4, 2018, for entry of an order disallowing in their entirety certain claims filed against COFINA, as more fully set forth in the Tenth Omnibus Objection and supporting exhibits; and the

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Tenth Omnibus Objection.

Court having jurisdiction to consider the Tenth Omnibus Objection and to grant the relief requested therein pursuant to Section 306(a) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3]; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Tenth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection being, in part, (a) duplicative of a Master Proof of Claim; (b) deficient by failing to comply with the applicable rules and the Bar Date Orders, specifically by not providing a basis for a portion of the claim; and (c) filed in the wrong case, to the extent a portion of the claim is properly asserted, if at all, against the Title III debtor(s) identified in the column titled "Corrected" in Exhibit A; and, upon the record of the hearing held on the Tenth Omnibus Objection on March 13, 2019, and the rulings made therein, the Court having determined that the relief sought in the Tenth Omnibus Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Tenth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Tenth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection assert liability associated with municipal bond(s) issued by COFINA, that portion of the claim is hereby disallowed; and it is further

---

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

ORDERED that, to the extent the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection assert liability associated with mutual funds and/or bonds not issued by COFINA or any of the other Debtors, that portion of the claim is hereby disallowed; and it is further

ORDERED that, to the extent the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection assert liability associated with municipal bond(s) issued by one or more of the Debtors other than COFINA, that portion of the claim is hereby reclassified to be a claim asserted against the Title III debtor(s) indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Reclassified Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed, in the official claims register in the PROMESA cases, to move the portions of the claims identified in the column titled "Asserted" in Exhibit A to the Tenth Omnibus Objection from COFINA's Title III Case (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474) to the Title III case for the debtor(s) identified in the column titled "Corrected" in Exhibit A to the Tenth Omnibus Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: March 26, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge