**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | PROMESA Title III |
| | ) ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) ) ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) ) ) ) ) | |
| Debtor. | ) ) ) ) | |
| | X | |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) ) | PROMESA Title III |
| | ) ) | Case No. 17-cv-01685 (LTS) |
| as representative of | ) ) ) | Case No. 17-bk-03566 (LTS) **Re: ECF No. 367** |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) ) ) ) | |
| Debtor. | ) ) ) | |
| | X | |

**REPLY OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AS REPRESENTATIVE OF DEBTOR, IN SUPPORT OF MOTION TO COMPEL ANSWERS TO INTERROGATORIES (AND PRODUCTION OF RELATED DOCUMENTS) FROM MOVANTS RELATING TO THE STAY RELIEF MOTION**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board (the "Oversight Board"), as representative for debtor Employees' Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), respectfully submits this reply in support of its urgent motion (the "Urgent Motion" or "Mot.," ECF No. 410 in Case No. 17-bk-03566) to compel Movants[1] to provide full and fair responses to Debtor's interrogatories (and to produce related documents) concerning their alleged collateral at various times relevant to Movants' Stay Relief Motion.

## INTRODUCTION

1. The Oversight Board seeks Movants' answers to clear and discrete questions: what do Movants contend is the value of their collateral, how do Movants contend that value changed over time, and what caused it to diminish in value as Movants claim? Those questions are the foundation of Movants' underlying motion for stay relief and adequate protection, on which Movants bear the burden of proof. *See* 3 COLLIER ON BANKRUPTCY ¶ 362.10 (Alan N. Resnick &

---

[1] Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

Henry J. Sommer eds., 16th rev. 2017). Movants must have some answer to those questions to have a good-faith basis to seek stay relief as an initial matter—and indeed, in opposition, Movants do not say they have "no information" to provide. Instead, Movants again attempt to characterize the Oversight Board's clear questions as "cryptic" and "impossible to answer" without responding to the substance of the Oversight Board's motion.

2. Movants must be compelled to produce whatever information they have in response to Interrogatory Nos. 5, 6, and 8 (and must produce any related documents in response to Request No. 7), or they should be precluded from offering in these proceedings any such documents, information, or witness testimony concerning (a) the value of their collateral or Pledged Property, (b) any diminution in value of that collateral or Pledged Property, and (c) any cause of any diminution in value. *See* Fed. R. Civ. P. 37(c)(1); *see also Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001) (noting "near automatic exclusion of Rule 26 information that is not timely disclosed" and that "party facing sanctions for belated disclosure [must] show that its failure to comply with the Rule was either justified or harmless" to justify lesser sanction); *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) (noting "the required sanction in the ordinary case" for failure to disclose "is mandatory preclusion").

## ARGUMENT

**I. Movants Should Be Compelled to Provide Full and Fair Responses to Interrogatory Nos. 5, 6, and 8 and Documents Responsive to Document Request No. 7.**

3. As the Oversight Board established (Mot. ¶ 26), a key deficiency with Movants' responses to Interrogatory Nos. 5, 6, and 8 is their attempt to dodge providing answers by claiming a lack of "necessary" information—only "some" of which they sought from the respondent parties—without even identifying what that "necessary" information is.

2

4. Movants do not address (let alone refute) this showing in their opposition brief. Instead, Movants mint the new argument that they lack "*adequate* information *from Respondents*" to provide a supplemental response. Opp. ¶ 20 (emphasis added).

5. Movants' latest shift in position is subtle but significant. Where Movants previously claimed a lack of "necessary" information, they now claim a lack of "sufficient" information—a categorical change in conditions Movants improperly impose to answering the Interrogatories. The effect of that shift is not a matter of mere semantics: by shifting their objection to the *sufficiency* of the information, Movants not only concede that they have all of the necessary information to state the value of their collateral (which is fundamentally in conflict with their verified responses), but attempt to place themselves on better ground to argue they need the parties *requesting* this discovery to give them *more* information than what they already have to answer at all—all while Movants carefully avoid any direct statement that they have "no information" to provide.

6. The effect of Movants' shift in position is to deny discovery into information in *Movants*' possession, custody, and control: Movants attempt to redefine the Interrogatories to seek information *only* in the *requesting* party's possession, and then claim any supplemental answers are contingent entirely on what the *requesting* party produces in discovery.

7. Movants do not stop there. By reiterating their argument that they cannot provide an "exact" or "precise" value for their collateral, Opp. ¶ 18, Movants not only make answering the Interrogatories contingent on what the requesting party produces, but make answering contingent on the requesting parties providing *sufficient* information to state an "exact" or "precise" value.[2]

---

[2] Movants suggest their objection on the grounds they are unable to provide an "exact" value applies to all of Interrogatory Nos. 5, 6, and 8, but that is wrong. Movants only claimed an inability to supply an "exact" value in

3

Putting aside the fact that the Interrogatories do not ask for an "exact" or "precise" value, Movants' argument attempts to require the *requesting* parties to supply whatever discovery Movants deem "adequate" for Movants to answer the Interrogatories. That is not how discovery works.

8. Movants bear the burden of demonstrating diminution in value of their collateral caused by the automatic stay, and Interrogatory Nos. 5, 6, and 8 ask Movants for the evidentiary support behind their motion and why the relief they seek is warranted under the law. Movants must produce whatever information they have—regardless of whether they would characterize it as "adequate" or "sufficient"—or be barred from using any documents, information, or testimony as evidence to support their case at the final hearing on the Stay Relief Motion. Fed. R. Civ. P. 37(c)(1); *Wilson*, 250 F.3d at 20-21; *Klonoski*, 156 F.3d at 269.

9. Movants make three other arguments to avoid answering the Interrogatories and providing information in their possession, custody, and control about the value of their collateral, none of which has merit.

10. *First*, Movants claim (Opp. ¶ 19) Interrogatory Nos. 5, 6, and 8 request only a singular, objective measure of value—and not, in contrast, whatever information about value they have in their possession, custody, and control—because the Interrogatories use a definite article in front of the word "value" (i.e., "state the value of Your collateral"). That is wrong. Setting aside the absurdity of asking Movants to "state a value" or "state some value" or the ungrammatical "state value of Your collateral," Movants must have a position on the value of their collateral that is supported by facts if they are to contend it has suffered diminution in value. *See also* ECF No. 313 in Case No. 17-bk-03566 (ordering parties to "identifying material disputed issues of fact

---

response to Interrogatory No. 8. That objection is meritless and the respondent parties are entitled to answers even if they are "inexact"—but in any event, Movants' "exactness" objection cannot apply to Interrogatory Nos. 5 and 6.

4

regarding the attribution of any diminution in value resulting from the automatic stay"). That is what Movants are obligated to provide.

11. *Second*, Movants claim (Opp. ¶ 19) Interrogatory Nos. 5, 6, and 8 are so "cryptic" that they invited Movants' "inscrutable" answers. That is wrong. The Interrogatories ask Movants to state the value of their collateral, and ask those questions in the context of a motion for stay relief and adequate protection. It is inconceivable Movants neither understand what those questions mean nor have responsive information in their possession, custody, or control. In any event, it does not follow that Movants' "inscrutable" answers mean the questions are the culprit.

12. *Third*, Movants contend (Opp. ¶ 21) there is no "ripe" dispute about their objection to Request for Production No. 7 based on this Court's order in *National Public Finance Guarantee Corp. v. FOMB* [Docket No. 5347 in Case No. 17-bk-03283 and Docket No. 1119 in Case No. 17-bk-04780], but that is plainly incorrect. In their opposition brief, Movants do not argue the *National Public Finance* decision applies to this case; instead, they claim it is enough that they have agreed not to withhold documents on the basis of that decision, but apparently still seek to preserve the objection for unstated purposes. Opp. ¶ 21. Movants hide that purpose through word games, claiming there is no "*ripe* dispute" but refusing to waive the objection, which suggests Movants intend to use this objection to withhold non-documentary information or testimony (including, for example, Interrogatory responses). If the *National Public Finance* objection has no effect, it should not be used as a basis to withhold any discovery from the respondent parties.

13. In sum, the Court should reject Movants' shifting and evasive approach to Interrogatory Nos. 5, 6, and 8, and compel Movants to supply full and fair responses to them as well as documents responsive to Request No. 7.

**II.     Movants Should Be Compelled to Answer Interrogatory No. 9.**

14.    As the Oversight Board established (Mot. ¶ 32), Movants failed to state with specificity the cause of any alleged diminution in value of their collateral by providing only the conclusory statement their collateral suffered "permanent diversion" and "dissipation." Movants claim that answer is sufficient (Opp. ¶ 25)—but then cite Paragraph 10 of their opposition brief as a source of "more information on the mechanisms used to impair [Movants'] collateral." That paragraph alleges various facts, from the hearsay declarations on personal knowledge from Movants' lead counsel to statements characterizing the effect of Joint Resolution 188 and Act 106. *See* Opp. ¶ 10. More importantly, it shows Movants have, by their own account, failed to answer Interrogatory No. 9 by omitting numerous facts they now contend show the cause of the "diversion" and "dissipation" of their collateral. Even now, Movants have not provided the information in their unsworn opposition brief as part of a verified response to Interrogatory No. 9 from the Movants themselves under penalty of perjury—but that is what the Rules require.

15.    Worse, Movants chose to withhold the responsive factual information recited in Paragraph 10 of their opposition brief until it became convenient for Movants to disclose it— namely, to use as a basis for their own motion to compel, and in opposition to the instant motion to compel. Among other things, Movants concealed that their lead counsel would testify from personal knowledge concerning a meeting in April of 2016 during which, they say, a Commonwealth advisor "threatened" Movants' supposed liens. Opp. ¶ 10 n.3. Movants now claim that alleged "threat" is part of the "mechanisms used to impair" their collateral. Opp. ¶ 25. This is plainly improper. Movants cannot hide responsive information and claim they have provided a "complete and sufficient" response (Opp. at 11), only to disclose the withheld information when convenient to exploit it for their own discovery ends and to oppose the relief the respondent parties now seek.

6

16. Movants also argue they have satisfied Interrogatory No. 9 by identifying, in conclusory fashion, how their property had been "impaired" because "impairment" is the same thing as "diminution in value." Opp. ¶ 23. That is wrong. Movants' own dictionary excerpts demonstrate that "impairment" and "diminution in value" are not "synonyms," as "impairment" is a far broader term that might include diminution but also may not. Movants may call it "hair-splitting" (Opp. ¶ 23), but Movants' zeal for word games shows that their word choice was deliberate and actually matters: Movants have *no basis* to claim *diminution in value*, but instead want to argue there has been some broader *impairment* of their collateral unrelated to diminution in value that should entitle them to stay relief. That is not the law, but that is transparently what Movants are trying to accomplish by wording their responses carefully, and then claiming their careful wording makes no difference at all to attempt to avoid answering the questions asked. As with the other instances of Movants' evasive responses recited above, the Court should reject them.

17. Movants' response to Interrogatory No. 9 is plainly deficient, and Movants have already attempted to sandbag the respondent parties by withholding responsive information until it was convenient for them to disclose it. Movants must supply a full response to Interrogatory No. 9 and identify the cause of any alleged diminution in value of their collateral that is not conclusory and verified under oath, or withdraw the Stay Relief Motion as baseless as they should be barred from using any such evidence at the final hearing on the Stay Relief Motion.

## **CONCLUSION**

18. For the foregoing reasons, the Court should grant the respondent parties' motion to compel.

*[Remainder of Page Intentionally Blank]*

| | |
|---|---|
| Dated: March 27, 2019<br>New York, NY | Respectfully submitted,<br><br>*/s/ Margaret A. Dale*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Margaret A. Dale (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: klevitan@proskauer.com<br>Email: mdale@proskauer.com<br><br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.977.1932<br>Fax. 787.722.1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/ 763-0565<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanueli*
Luis F. del Valle-Emmanueli

9