UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER ESTABLISHING (I) PROCEDURES WITH RESPECT TO DSICLOSURE OF AVOIDANCE ACTIONS TO BE ASSERTED BY THE OVERSIGHT BOARD AND (II) EXPEDITED BRIEFING SCHEDULE FOR POTENTIAL REQUEST TO APPOINT TRUSTEE UNDER BANKRUPTCY CODE SECTION 926(a)**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board of Puerto Rico (the "Oversight Board" or "Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response to the *Urgent Motion of the Official*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

*Committee of Unsecured Creditors for Order, Under Bankruptcy Code Sections 105(a) and 926(a) and Bankruptcy Rule 9006, Establishing (I) Procedures With Respect to Disclosure of Avoidance Actions to be Asserted by Oversight Board, and (II) Expedited Briefing Schedule for Potential Request to Appoint Trustee Under Bankruptcy Code Section 926(a)* [ECF No. 5997] (the "Motion") filed by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") and states as follows:

1. The Committee and the Motion demonstrate that the Oversight Board is acting consistent with its fiduciary duties. Specifically, the Motion notes that the Oversight Board did not object to the Committee's November 2018 Motion (Motion ¶ 21), the Oversight Board supported the production of documents in connection with the Rule 2004 Order (*id.* ¶ 22), and the Board, the Puerto Rico Financial Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Committee's advisors (and Claims Counsel[3]) have collaborated through and including the date the Motion was filed regarding the investigation of potential Avoidance Actions (*id*).

2. Consistent with the Oversight Board's duties, and as the Committee admits, it is the primary responsibility of the Oversight Board to determine whether to pursue any Avoidance Actions, as well as the parties against whom such actions should be filed and for what amounts. *Id*. ¶ 3. The Board's work in this regard is ongoing, and represents collaboration with investigations currently being undertaken by Claims Counsel to identify potential Avoidance Actions, in order to recover funds for the Debtors and their creditors. This is a time-consuming process, as it requires evaluating thousands of transactions and claims against the Debtors and their assets asserting liens or other interests in Debtors' property.

---

[3] Capitalized terms not defined herein shall have the same meaning as provided in the Motion.

3. The relief sought in the Motion would needlessly interfere with the Oversight Board and Claims Counsel's investigation of potential Avoidance Actions. Although the Board recognizes the Committee's desire to obtain this information quickly, that desire does not outweigh the Board's responsibility to thoroughly investigate and determine what Avoidance Actions would be in the best interests of the Debtors to pursue. Setting an arbitrary April 1, 2019 deadline for the Board to provide a list of all Avoidance Actions it anticipates filing would place undue pressure on the Board to rush this statutorily mandated task.

4. This is especially so in light of the fact that the Committee's advisors have been working alongside Claims Counsel and its financial advisor to assess and identify potential Avoidance Actions, including by reviewing additional payment information received from AAFAF as recently as *yesterday*, March 27, 2019. The Committee cannot reasonably argue more time is not required before final decisions can be made. Furthermore, in light of its collaboration with the Oversight Board and Claims Counsel, the Committee has not been left out of the conversation, as the Motion makes it appear.[4] As a result of its own investigation, if the Committee believes the Oversight Board should file certain Avoidance Actions, the Committee may communicate that to the Board, including, without limitation, stating with specificity targeted transactions and potential defendants, thus obviating the need for the Committee to file a Section 926 Motion to appoint a trustee. Indeed, both the Board and Claims Counsel have requested the Committee's input on these matters and such requests have gone unanswered.

5. Accordingly, should the Committee believe that it needs to set procedures regarding potential Avoidance Actions, the next omnibus hearing scheduled for April 24, 2019

---

[4] For example, upon information and belief, as recently as March 11, 2019, the Committee requested from an advisor of AAFAF information on all payments made by the Debtors four years prior to the petition date, without any limitation on the amount of such disbursements.

3

would be an appropriate time to discuss those procedures and set any remaining deadlines for the filing of such actions. The Committee would not be prejudiced by waiting until that date, as it would provide the Committee sufficient time to complete its own investigation, as well as continuing to collaborate with the Board and Claims Counsel, in advance of the expiration of the limitations periods for Avoidance Actions brought on behalf of each of the Debtors.[5] This would also allow the Board and Claims Counsel to finish analyzing potential Avoidance Actions on their current schedule without setting arbitrary deadlines for their completion of this task.

6. For the foregoing reasons, the Court should deny the Motion and the relief requested therein.

*[Remainder of Page Intentionally Left Blank]*

---

[5] Notably, only the limitations period for Avoidance Actions brought on behalf of the Commonwealth expires on May 2, 2019. The statutes of limitations for the other Debtors run weeks, or in the case of PREPA, months later. Motion ¶ 1.

| | |
|---|---|
| Dated: March 28, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>Email: hermann.bauer@oneillborges.com<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Stephen L. Ratner (*pro hac vice*)<br>Timothy W. Mungovan (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: sratner@proskauer.com<br>Email: tmungovan@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico* |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer
