## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>                  Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA Title III<br><br>Case No. 17 BK 4780-LTS<br><br>(This court filing relates only to Case No. 17 BK 4780-LTS) |

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION, ASSURED GUARANTY
CORP., ASSURED GUARANTY MUNICIPAL
CORP., and SYNCORA GUARANTEE INC.,

   Movants,

      v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et
al.,* and PUERTO RICO ELECTRIC POWER
AUTHORITY,

   Respondents.

NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION,

   Movants on the Motion to Compel,

      v.

CITIGROUP GLOBAL MARKETS INC.,

   Respondents on the Motion to Compel.

**URGENT MOTION OF NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION TO COMPEL PRODUCTION OF DOCUMENTS,
A CATEGORICAL PRIVILEGE LOG, AND OTHER RELIEF
<u>FROM CITIGROUP GLOBAL MARKETS INC.</u>**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..........................................................................................1

II.    JURISDICTION AND VENUE ....................................................................3

III.   BACKGROUND ..........................................................................................3

      A.     FOMB Designated Citigroup as One of Its Three Trial Witnesses ........................3

      B.     The Discovery Dispute ........................................................................5

IV.   ARGUMENT ..............................................................................................7

      A.     A Proper Review of Responsive Documents Should Have Resulted In A Robust Production And Select Redactions For Any Allegedly Privileged Deliberative Process Documents ........................................................7

            1.     Citigroup Should Apply the Proper Deliberative Process Standard To the Documents That Have Been Withheld ........................7

            2.     Citigroup Should Be Required to Redact and Produce All Documents that are Only Partially Protected by the Deliberative Process Privilege ........................................................9

      B.     National is Entitled to An Appropriate Categorical Privilege Log ........................11

      C.     Cost Shifting Is Unwarranted and Should Be Denied ........................12

V.     RELIEF REQUESTED ..............................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*,
   297 F.R.D. 55 (S.D.N.Y. 2013) ...................................................................................11

*Behrend v. Comcast Corp.*,
   248 F.R.D. 84 (D. Mass. 2008) ..................................................................................13

*Church of Scientology Int'l v. U.S. Dep't of Justice*,
   30 F.3d 224 (1st Cir. 1994) ..........................................................................................9

*EPA v. Mink*,
   410 U.S. 73 (1973) ......................................................................................................10

*In re Exxon Valdez*,
   142 F.R.D. 380 (D.D.C. 1992) ..............................................................................12, 13

*In re First Am. Corp.*,
   184 F.R.D. 234 (S.D.N.Y. 1998) ...............................................................................12

*High Rock Westminster St., LLC v. Bank of Am., N.A.*,
   No. 13-cv-500, 2014 WL 12782611 (D.R.I. June 17, 2014) ...............................12, 13

*Neelon v. Krueger*,
   No. 12-cv-11198, 2015 WL 1037992 (D. Mass. Mar. 10, 2015) ...............................11

*Nulankeyutmonen Nkihtaqmikon v. Impson*,
   251 F.R.D. 64 (D. Me. 2008) .......................................................................................9

*Pac. Fisheries, Inc. v. United States*,
   539 F.3d 1143 (9th Cir. 2008) .................................................................................9, 10

*Providence Journal v. U.S. Dep't of Army*,
   981 F.2d 552 (1st Cir. 1992) .........................................................................................7

*Reilly v. EPA*,
   429 F. Supp. 2d 335 (D. Mass. 2006) ..........................................................................7

*Shea v. Porter*,
   No. 08-cv-12148, 2013 WL 12318557 (D. Mass. Apr. 9, 2013)...................................7

*Sterling Merch. Inc. v. Nestle, S.A.*,
   No. 06-cv-1015, 2008 WL 1767092 (D.P.R. Apr. 15, 2008) .....................................13

ii

*Texaco P.R., Inc. v. Dep't of Consumer Affairs,*
   60 F.3d 867 (1st Cir. 1995) ................................................................................6

*Widi v. McNeil,*
   No. 12-cv-00188, 2016 WL 4394724 (D. Me. Aug. 16, 2016) ..........................7

*Wilk v. Am. Medical Ass'n,*
   28 Fed. R. Serv. 2d 580 (D.D.C. 1979) ...........................................................13

*Wilkinson v. Chao,*
   292 F. Supp. 2d 288 (D.N.H. 2003) ..................................................................8

**Statutes and Rules**

28 U.S.C. § 1331 ..................................................................................................18

28 U.S.C. § 1391 ..................................................................................................18

48 U.S.C. § 2166 ..............................................................................................3, 18

48 U.S.C. § 2167 ..............................................................................................3, 18

48 U.S.C. § 2170 ....................................................................................................1

Fed. R. Civ. P. 26 ...................................................................................................1

Fed. R. Civ. P. 34 ...................................................................................................1

Fed. R. Civ. P. 45 ......................................................................................1, 10, 11

Fed. R. Bankr. P. 7026 ...........................................................................................1

Fed. R. Bankr. P. 7034 ...........................................................................................1

Fed. R. Bankr. P. 9014 ...........................................................................................1

Fed. R. Bankr. P. 9016 ...........................................................................................1

To the Honorable United States Magistrate Judge Judith G. Dein:

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, 9014, and 9016, and Federal Rules of Civil Procedure 26, 34, and 45, made applicable to this contested matter by 48 U.S.C. § 2170, National Public Finance Guarantee Corporation ("National") respectfully submits this urgent motion (the "Urgent Motion") to compel compliance with National's Subpoena for the Production of Documents to Citigroup Global Markets Inc. ("Citigroup"). The Subpoena seeks documents relevant to the Motion by National, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. (together, "Movants") for relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed, ECF No. 975 (the "Lift Stay Motion").

## I.     INTRODUCTION

1.      As this Court knows, Movants have filed the Lift Stay Motion to replace the Puerto Rico Electric Power Authority ("PREPA")'s current management with a court-appointed receiver. PREPA's Title III representative, the Federal Oversight and Management Board for Puerto Rico (the "FOMB"), has identified Citigroup as one of three witnesses to oppose the Lift Stay Motion. FOMB contends that PREPA's current management will soon be replaced by private parties upon the successful completion of public-private partnership transactions that will privatize much of PREPA's operations. Citigroup is the investment banker implementing this strategy. Accordingly, National, which along with the other Movants has filed expert reports explaining that PREPA's proposed privatization will not succeed without a receiver, served document and deposition subpoenas on Citigroup.

2.      After Citigroup, at FOMB's direction, asserted the deliberative process privilege in objections to the Subpoena, National cautioned that, under applicable law, the deliberative process privilege is narrowly construed, requested the use of redactions to allow allegedly partially

privileged documents to be produced to the maximum extent possible, and requested a categorical privilege log for any documents withheld in their entirety on deliberative process grounds.

3.     When Citigroup conducted its review of responsive documents, it determined that about 82% of them should be withheld based on FOMB's overly expansive and incorrect interpretation of the deliberative process privilege.  Not only were the vast majority of responsive documents deemed to contain at least some deliberative content, they were withheld in their entirety even though they should have been produced with redactions as necessary to obscure allegedly privileged content as National had requested.  This is particularly the case given the importance of the documents and the Professional Eyes Only protection available under the Court's Protective Order (ECF No. 1052).  Although National also requested a categorical privilege log with sufficient information to assess the deliberative process privilege claim, none was prepared as part of Citigroup's review.

4.     Citigroup now offers to re-review the withheld documents using the same over-inclusive and incorrect standard that led Citigroup to withhold 82% of the responsive documents in the first place.  While Citigroup proposes to redact documents and provide a categorical privilege log for documents withheld in their entirety this time around, it will only do so if National agrees to pay for a second review—one that should not have been necessary and that promises to be equally flawed in any event.  National therefore has filed this Urgent Motion, seeking a prompt ruling that: (a) Citigroup used incorrect criteria to withhold 82% of the responsive documents on deliberative process grounds and should re-review the documents immediately using the proper legal standard; (b) documents found to contain deliberative process information should be redacted and produced unless impossible to do so without revealing privileged information; (c) a categorical

privilege log with appropriate information sufficient to understand the basis for the privilege assertions should be provided; and (d) cost shifting is inappropriate.

5.     This is an urgent motion. The subpoena was served in January. National has so far received barely 100 documents from Citigroup, while about 8,000 have been withheld on deliberative process grounds. Meanwhile, with the hearing on the Lift Stay Motion scheduled for May 8-9th, National has been informed that, once it agrees to pay for the second (flawed) review, it will take approximately three weeks to conduct it and create a privilege log. National obviously needs these documents urgently for depositions scheduled to commence when FOMB files its opposition papers.[2] Accordingly, National proposes an expedited briefing schedule and requests a hearing as soon as the Court is available so that the review can commence.

6.      Specifically, National proposes that the Court set the following deadlines: opposition to this Urgent Motion due by April 4th; reply to this Urgent Motion due by April 9th, hearing on this Urgent Motion scheduled for April 12th.

## II.     JURISDICTION AND VENUE

7.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA § 306(a).

8.     Venue is proper pursuant to PROMESA § 307(a).

## III.    BACKGROUND

### A.     FOMB Designated Citigroup as One of Its Three Trial Witnesses

9.     Citigroup is one of only three witnesses identified in the January 9, 2019 preliminary witness list submitted by FOMB and the Fiscal Agency and Financial Advisory

---

[2] The Movants and Respondents filed a joint request to extend briefing deadlines by one week as discussions over a possible resolution to the Lift Stay Motion are pursued. Any additional extension of time under consideration by National would be similarly modest. Moreover, the documents at issue are essential to any such discussions in any event.

Authority on behalf of PREPA, which states a Citigroup representative "may testify regarding the transformation and privatization of PREPA." FOMB designated Citigroup as a material witness because one if its principal defenses to the Lift Stay Motion is that a receiver is unnecessary since private parties will soon be replacing PREPA's management via the privatization of PREPA's generation assets and the concession of its transmission and distribution ("T&D") network.

10.     Movants have submitted expert reports in support of the Lift Stay Motion which show that the opposite is true—reforming PREPA's management via the appointment of an independent receiver is a condition precedent to an effective and efficient transformation process. Absent such reform, the planned concession and privatization will result in at best ruinous terms inconsistent with the Government's objectives and PREPA's August 1, 2018 certified Fiscal Plan.[3]

11.     Citigroup is FOMB's lead investment banker and financial advisor in connection with PREPA's privatization and transformation, contracted in February 2018 to advise FOMB on "the structure terms of a long-term concession agreement involving [PREPA's] power transmission and distribution assets" and a "privatization involving [PREPA's] power generation assets."[4] Citigroup's documents are of paramount importance to the Lift Stay Motion because they will reveal whether PREPA's management will soon be displaced by private operators due to the successful completion of many transformation milestones and conditions precedent, or whether a successful transformation of PREPA first requires meaningful reforms that a receiver would accomplish.

---

[3] *See* February 25, 2019 expert declarations of Sandra Ringelstetter Ennis (Dkt. No. 1106) and Jeff D. Makholm (Dkt. No. 1111).

[4] *See* Exhibit ("Ex.") A to the Declaration of Robert S. Berezin ("Berezin Decl.") (February 13, 2018 Engagement Letter between FOMB and Citigroup)

**B.     The Discovery Dispute**

12.     National served its Subpoena on January 11, 2019,[5] two days after FOMB identified Citigroup on its witness list.  FOMB, via Citigroup, objected to the Subpoena on deliberative process privilege grounds on February 15, 2019.  *See* Citigroup's Supplemental Responses and Objection (Berezin Decl. Ex. C).  As narrowed by the parties' agreed-upon search terms, the Subpoena seeks documents from June 1, 2018 to the present regarding PREPA's privatization and transformation, including, *inter alia*: (i) the status, expected timing, and causes for delay of PREPA's privatization and transformation; (ii) the market sounding, RFQ, and bidding processes for PREPA's T&D system; (iii) the four proponents identified by Puerto Rico's Public-Private Partnership Authority ("P3 Authority") for the T&D concession; and (iv) federal funding that may be required to effectuate the planned transactions.  On or about February 25, Citigroup agreed to review 22,775 documents that hit on the search terms, and another 1,923 responsive documents contained in a deal file related to its engagement with FOMB.

13.     Two days later, National cautioned Citigroup that the deliberative process privilege is narrowly construed and should not be applicable given Citigroup's investment banking role.  To the extent a small subset of responsive documents did implicate the privilege, National also requested that Citigroup: (1) redact responsive documents that are only partially privileged; and (2) produce a categorical privilege log identifying the following information: (i) the final agency policy or decision that all withheld documents relate to and precede and (ii) the name of the entity or adviser providing the deliberative consultation.

14.     National learned that Citigroup had completed its review of documents on or about March 25, 2019, and that it had utilized criteria provided by FOMB to guide its decisions about

---

[5] Berezin Decl. Ex. B.

which documents should be withheld based on the deliberative process privilege.  Using FOMB's

criteria, National understands that the following percentage of documents were withheld based on

that privilege:

| | No. of Responsive Documents | No. of Documents Withheld Based on the Deliberative Process Privilege[6] | Percentage Withheld |
|---|---|---|---|
| Deal File | 1,923 | 1,664 | ~87% |
| Search Term Hits[7] | 8,097 | 6,458 | ~80% |
| **Total** | **9,950** | **8,122** | **~82%** |

15.     FOMB's representatives informed National that documents were withheld on

deliberative process grounds if they related to PREPA's transformation, including the market

sounding and RFP bidding processes.  The withheld documents were not redacted and a privilege

log has not been provided.  Instead, Citigroup has informed National that it will re-review the

8,000 withheld documents—but without agreeing to apply the narrow privilege standard National

believes applies—for the purpose of providing redactions and the requested privilege log, and then

only if National agrees to pay, at an estimated cost of $40-50,000.  This process would take

approximately three weeks to complete.

---

[6] Citigroup has informed National that additional documents are being withheld based on the attorney-client privilege and attorney work-product doctrine.

[7] National understands that over 14,000 of the 22,775 search terms hits are not responsive to the Subpoena.

## IV.    ARGUMENT

### A.    A Proper Review of Responsive Documents Should Have Resulted In A Robust Production And Select Redactions For Any Allegedly Privileged Deliberative Process Documents

#### 1.    Citigroup Should Apply the Proper Deliberative Process Standard To the Documents That Have Been Withheld

16.    The deliberative process privilege only applies to documents that are both predecisional and deliberative, and it does not shield "factual statements or post-decisional documents explaining or justifying a decision already made." *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884-85 (1st Cir. 1995).  This limitation makes sense given that the privilege aims to "prevent injury to the quality of agency decisions" by protecting the decision-making process essential to final agency decisions and policies. *Shea v. Porter*, No. 08-cv-12148, 2013 WL 12318557, at *4 (D. Mass. Apr. 9, 2013) (internal quotations omitted).  The predecisional requirement is satisfied if the agency can "(i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Widi v. McNeil*, No. 12-cv-00188, 2016 WL 4394724, at *24 (D. Me. Aug. 16, 2016) (quoting *Providence Journal v. U.S. Dep't of Army*, 981 F.2d 552, 557 (1st Cir. 1992)), *granting reconsideration on other grounds*, 2017 WL 1906601 (D. Me. May 8, 2017).  A predecisional document is "deliberative" when the document "(i) form[s] an essential link in a specified consultative processes, (ii) reflect[s] the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." *Id.* (quoting *Providence Journal*, 981 F.2d at 559).

7

17.     Notwithstanding these standards, at FOMB's instruction, Citigroup withheld internal or non-public documents under the deliberative process standard if they related to Citigroup's work on PREPA's "transformation" (i.e., the effort to sell generation assets and solicit interested parties to one day bid on operating PREPA's transmission and distribution system).  The deliberative process privilege is more exacting than that: one must identify a specific agency decision or policy that the withheld documents were created to facilitate.  *See supra* ¶ 16; *see also Reilly v. EPA*, 429 F. Supp. 2d 335, 342 (D. Mass. 2006) ("The established view is that an agency may meet its burden of proof by demonstrating that . . . the document was originated to *facilitate an identifiable agency decision*.") (internal quotation marks omitted) (emphasis added).

18.     Moreover, given the temporal scope and focus of the agreed-upon search terms (e.g., documents evidencing post-decisional, factual information about the status, progress, and implementation of the transformation), it is highly unlikely that the deliberative process privilege protects such a wide swath of documents.  *See, e.g.*, *Wilkinson v. Chao*, 292 F. Supp. 2d 288, 297 (D.N.H. 2003) (emails created after the relevant decision as part of agency's effort to defend the decision were not predecisional because they did not predate the relevant agency decision).

19.     Indeed, Governor Rosselló announced the Government's decision to transform PREPA in January 2018, stating that the transformation would consist of two core transactions: (1) the concession of PREPA's T&D assets and (2) the privatization of PREPA's generation system.[8]  The Governor also announced forthcoming legislation to define the legal framework of the transformation.  It is extremely unlikely that Citigroup had any involvement in formulating

---

[8]  Ricardo Rosselló, "Message of the Governor of Puerto Rico," January 22, 2018, *available at* https://media.noticel.com/o2com-noti-media-us-east-1/document_dev/2018/01/22/Message%20of%20the%20Governor%20of%20Puerto%20Rico%20Ricardo%20Rosse llo%20-%202018-01-22_1516659794997_10090207_ver1.0.pdf

that policy or in the passage of the Puerto Rico Electric Power System Transformation Act ("Act 120") on June 21, 2018, which established the legal framework for the transformation. Act 120 states that the transformation will be achieved through the existing P3 law for public-private transactions. Further, PREPA's April 19, 2018 certified Fiscal Plan contained a detailed description of the transaction process that Citigroup would implement thereafter, including the market sounding, "Request for Qualifications," and "Request for Proposals" phases of the concession and privatization transactions.[9]

20.    Meanwhile, National's search terms largely target documents regarding Citigroup's work after June 1, 2018 to implement pre-existing policy decisions. The requested documents therefore should contain post-decisional information. Even if that were not the case in some limited instances, Citigroup's investment banking role suggests that its documents would contain robust, non-privileged, factual information about the success or obstacles to implementation of pre-existing policies, and other opinions and observations from Citigroup that are not provided in furtherance of a governmental decision making process. In sum, it is extremely unlikely that Citigroup, at FOMB's direction, properly withheld 8,000 documents, especially in their entirety. Accordingly, the Court should direct Citigroup to undertake the review utilizing the proper deliberative-process-privilege standard.

### 2.    Citigroup Should Be Required to Redact and Produce All Documents that are Only Partially Protected by the Deliberative Process Privilege

21.    To the extent that any responsive documents implicate the deliberative process privilege, the Court should require Citigroup to produce the documents in partially redacted form. *See Nulankeyutmonen Nkihtaqmikon v. Impson*, 251 F.R.D. 64, 67 (D. Me. 2008) ("An agency

---

[9]    *See* PREPA's April 19, 2018 Certified Fiscal Plan at 17, 96, *available at* https://drive.google.com/file/d/1FgfYFjuuQTuH1nIQWY-xrEAWQxVdNPIt/view

may withhold non-exempt information only if it is so interspersed with exempt material that separation by the agency, and policing of this by the courts would impose an inordinate burden.") (citing *Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224, 228 (1st Cir. 1994)). Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are "so interwoven with the deliberative material that they are not segregable." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (internal quotation omitted).

22.     Here, even if the deliberative process privilege protects some of Citigroup's documents, certain of those documents are likely to be only partially privileged, including documents relating to PREPA's "privatization and transformation." *See supra* ¶¶ 18, 20.  Yet the deliberative process privilege applies to opinions that are part of the deliberative process of a governmental entity in rendering a policy decision.   Surely Citigroup's documents contain opinions unrelated to specific policy decisions and include non-privileged facts or analyses on key issues such as whether milestones have been or can be achieved in a reasonable time frame and whether market participants have expressed concern over various issues that could impede the transactions without a receiver in place first.  In addition, Citigroup is serving in an *investment banking role* in respect of *commercial transactions* involving PREPA's assets.

23.     In any event, the burden is on the agency claiming the deliberative process privilege to establish that all reasonably segregable portions of a document have been segregated and disclosed.  *See Pac. Fisheries*, 539 F.3d at 1149-50 (reversing summary judgment because IRS did not provide plaintiff or district court with specific enough information to determine whether the IRS had properly segregated and disclosed factual portions of documents that the IRS claimed were exempt under the deliberative process privilege); *see also EPA v. Mink*, 410 U.S. 73, 87-89

(1973).  Accordingly, National respectfully requests that, to the extent responsive documents contain a mix of factual statements and potentially privileged consultative opinions that predate the relevant agency decision, the Court direct Citigroup to produce partially redacted versions of those documents.

### B.     National is Entitled to An Appropriate Categorical Privilege Log

24.     The deliberative process privilege is qualified—and National intends to challenge its assertion particularly as to materially relevant documents even if they are subject to the privilege.  For that reason, and to assess whether Citigroup's assertion of the deliberative process privilege was appropriate, National is entitled to the adequate categorical privilege log that it requested in February.  *See supra* ¶ 13.  Under Federal Rule of Civil Procedure 45, Citigroup is required to provide a privilege log with details sufficient to establish whether the deliberative process privilege applies to the withheld documents.  Fed. R. Civ. P. 45(e)(2)(A)(ii) ("A person withholding subpoenaed information under a claim that it is privileged . . . must . . . describe the nature of the withheld documents . . . [to] enable the parties to assess the claim.").  Citigroup must therefore produce a categorical privilege log that sufficiently establishes each element of the deliberative process privilege.  *See Neelon v. Krueger*, No. 12-cv-11198, 2015 WL 1037992, at *3 (D. Mass. Mar. 10, 2015) (holding that adequate privilege log must contain details sufficient to judge whether the withheld documents satisfy each element of the deliberative process privilege); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 297 F.R.D. 55, 60 (S.D.N.Y. 2013) ("[T]he adequacy of a privilege log—whether categorical or document-by-document—must be measured with respect to the privilege asserted.").

25.     The deliberative process privilege applies to documents that are "predecisional" and "deliberative."  *See supra* ¶ 16 (describing elements of deliberative process privilege).  An adequate deliberative-process privilege log must therefore allow National and the Court to judge

whether the withheld documents satisfy these "predecisional" and "deliberative" requirements. *See Auto. Club*, 297 F.R.D. at 60 (describing adequate categorical privilege log in context of deliberative process privilege).  Details required for this analysis include: "a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, the date that documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated." *Id*. (identifying non-exhaustive list of details appropriate for adequate categorical privilege log).  Thus to properly assess FOMB's assertion of the deliberative process privilege, National is entitled to receive the type of adequate categorical privilege log that it requested upon learning that documents would be withheld based on the deliberative process privilege, i.e., a privilege log identifying specific agency decisions; the temporal connection between the withheld documents and the agency decisions; the subject-matter of the withheld documents; and the roles of the agency employees who authored or received the withheld documents.

## C.    Cost Shifting Is Unwarranted and Should Be Denied

26.    To determine whether cost shifting is warranted in the context of nonparty discovery, courts consider "(1) whether the non-party has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs of production than the requesting party; and (3) whether the litigation is of public importance." *High Rock Westminster St., LLC v. Bank of Am., N.A.*, No. 13-cv-500, 2014 WL 12782611, at *1–2 (D.R.I. June 17, 2014). Cost shifting is unwarranted here.

27.    First, whether the non-party has an interest in the outcome of the litigation turns on "whether the non-party was substantially involved in the underlying transaction and could have anticipated that such transaction could potentially spawn litigation or discovery."  *Id.*, at *1–2.

FOMB hired Citigroup as an expert in utility/municipal finance to advise on PREPA's transformation. Berezin Decl. Ex. A at 1. As FOMB's financial advisor on PREPA's transformation, Citigroup has an interest in any litigation concerning the PREPA bonds generally and receivership specifically. *See In re Exxon Valdez*, 142 F.R.D. 380, 383–84 (D.D.C. 1992) (nonparty had interest in outcome of litigation because it represented companies involved in oil/gas industry and derived substantial income from the defendants). Likewise, given the scope of its advisory role in the context of an ongoing bankruptcy proceeding, Citigroup could have predicted its involvement in related litigation and discovery. *See In re First Am. Corp.*, 184 F.R.D. 234, 242 (S.D.N.Y. 1998) (non-party "not the quintessential innocent, disinterested bystander" given its role in auditing party bank that committed fraud).

28.     As to the second factor—whether the non-party can more readily bear production costs—Citigroup is a large multinational corporation that has the resources to cover the expense of its discovery obligations, which are tantamount to "business overhead." *Exxon Valdez*, 142 F.R.D. at 383–84 (citing *Wilk v. Am. Medical Ass'n*, 28 Fed. R. Serv. 2d 580 (D.D.C. 1979)) (describing "the costs of compliance [as] a business overhead expense"); *see Sterling Merch. Inc. v. Nestle, S.A.*, No. 06-cv-1015, 2008 WL 1767092, at *1-2 (D.P.R. Apr. 15, 2008) (holding that "[i]nconvenience is relative to size" and 50-store company has sufficient resources to comply with the subpoena).

29.     The final factor, whether the litigation is of public importance, also weighs against cost shifting. At base, the Lift Stay Motion is about whether a receiver is required to secure swift order to PREPA—Puerto Rico's sole electric utility—to secure reliable electric power for the people of Puerto Rico and protect the Island's economic health. This is precisely the type of action that has widespread public implications and appropriately requires Citigroup as the interested

nonparty to shoulder the cost of discovery. *See High Rock Westminster St.*, 2014 WL 12782611, at *1–2 (finding public importance militating against cost shifting where dispute involved long-term lease for a historic office building that was vacant and needed repairs); *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 87 (D. Mass. 2008) (finding public importance militating against cost shifting where underlying litigation is a matter of real concern to the cable industry).

## V.    RELIEF REQUESTED

30.    In light of the foregoing, National requests the following relief.  First, a ruling that Citigroup misapplied the deliberative process privilege in its review of the 8,000 documents and improperly withheld documents.  Second, to compel Citigroup to review the withheld documents under the proper standard and produce an adequate categorical privilege log and partially redacted documents.  Finally, to rule that cost shifting is not appropriate in this case.


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 9013-1 AND THE SEVENTH AMENDED CASE MANAGEMENT PROCEDURES

Pursuant to Local Rule 9013-1 and ¶ I.H of the Seventh Amended Case Management Order, National hereby certifies that it has (a) carefully examined the matter and concluded that there is a true need for an urgent hearing; (b) not created the urgency through any lack of due diligence; (c) made a bona fide effort to resolve the matter without a hearing; (d) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court; and (e) contacted counsel for Citigroup and the Federal Oversight and Management Board for Puerto Rico, who have rejected National's requests for the productions and other relief National now seeks by virtue of this Urgent Motion.

Dated: March 28, 2019
San Juan, Puerto Rico

**ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC**

/s/ *Eric Pérez-Ochoa*
ERIC PÉREZ-OCHOA
USDC-PR No. 206,314
E-mail: epo@amgprlaw.com

/s/ *Luis A. Oliver-Fraticelli*
LUIS A. OLIVER-FRATICELLI
USDC-PR NO. 209,204
E-mail: loliver@amgprlaw.com

208 Ponce de Leon Ave., Suite 1600
San Juan, PR 00936
Tel.: (787) 756-9000
Fax: (787) 756-9010

*Counsel for National Public Finance Guarantee Corp.*

**WEIL, GOTSHAL & MANGES LLP**

/s/ *Robert S. Berezin*
MARCIA GOLDSTEIN*
JONATHAN POLKES*
GREGORY SILBERT*
ROBERT BEREZIN*
767 Fifth Avenue
New York, New York 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007
Email: marcia.goldstein@weil.com
        jonathan.polkes@weil.com
        gregory.silbert@weil.com
        robert.berezin@weil.com

*admitted *pro hac vice*

*Counsel for National Public Finance Guarantee Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2019 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Puerto Rico by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.  Further, I transmitted notification and a copy of such filing to counsel for Citigroup Global Markets Inc. via electronic mail.


At New York, New York, this 28th day of March, 2019.

By: _/s/ Robert Berezin_____
Robert Berezin*
* Admitted *pro hac* v*ice*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.,*<br><br>                    Debtors.[10] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA Title III<br><br>Case No. 17 BK 4780-LTS<br><br>(This court filing relates only to Case No. 17 BK 4780-LTS) |

---

[10] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION, ASSURED GUARANTY
CORP., ASSURED GUARANTY MUNICIPAL
CORP., and SYNCORA GUARANTEE INC.,

       Movants,

          v.

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et
al.,* and PUERTO RICO ELECTRIC POWER
AUTHORITY,

       Respondents.

NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION,

       Movants on the Motion to Compel,

          v.

CITIGROUP GLOBAL MARKETS INC.,

       Respondents on the Motion to Compel.

**[PROPOSED] ORDER GRANTING THE URGENT MOTION OF NATIONAL PUBLIC
FINANCE GUARANTEE CORPORATION TO COMPEL PRODUCTION OF
DOCUMENTS, A CATEGORICAL PRIVILEGE LOG, AND OTHER RELIEF FROM
<u>CITIGROUP GLOBAL MARKETS INC.</u>**

THIS MATTER is before the Court on an Urgent Motion filed by National Public Finance Guarantee Corporation ("National") to compel compliance with its Subpoena for the Production of Documents to Citigroup Global Markets Inc. ("Citigroup").  The Urgent Motion seeks an order (1) ruling that Citigroup, at the direction of the Federal Oversight and Management Board for Puerto Rico, misapplied the deliberative process privilege to improperly withhold 8,000 documents from production; (2) ruling that Citigroup shall review the documents under the proper deliberative-process-privilege standard, which protects only predecisional and deliberative materials; (3) compelling Citigroup to produce responsive documents partially redacted for privilege and an adequate categorical privilege log that identifies (a) the relevant specific agency decision or policy, (b) the temporal connection between the withheld documents and the agency decision, (c) the subject matter of the withheld documents, and (d) the roles of the agency employees who authored or received the withheld documents; and (4) ruling that cost shifting is not appropriate here.  The Court has subject matter jurisdiction over this Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Urgent Motion was adequate and proper under the circumstances.

UPON CONSIDERATION of the Urgent Motion, the relevant portions of the docket, and being otherwise fully advised in the matter it is hereby **ORDERED** that:

1. The Urgent Motion is **GRANTED** as set forth herein.

2. Citigroup shall review the universe of responsive documents under the appropriate standard for the deliberative process privilege on or before _____, 2019.

19

3.       Citigroup shall, no later than _____, 2019, produce an adequate

categorical privilege log and responsive documents partially redacted for

privilege.

4.       Citigroup shall bear the burden of production given that cost shifting is

unwarranted.

Dated: _____, 2019.

SO ORDERED:

_____

Honorable Judith G. Dein
United States Magistrate Judge