# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

NON-PARTY CITIGROUP GLOBAL MARKETS INC.'S
SUPPLEMENTAL RESPONSES AND OBJECTIONS TO REQUESTS
FOR PRODUCTION FROM NATIONAL PUBLIC FINANCE GUARANTEE
CORPORATION

Under Rules 26 and 45 of the Federal Rules of Civil Procedure, made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Citigroup Global Markets Inc. ("Citi"), by and through its undersigned counsel, hereby submits the following supplemental responses and objections ("Supplemental Responses and Objections") to the requests contained in the

Subpoena for the Production of Documents (the "Subpoena" or the "Requests") issued by National Public Finance Guarantee Corporation ("National") on January 9, 2019.

Citi hereby supplements its January 23, 2019 Responses and Objections as follows. Citi received this Subpoena in its capacity as a financial advisor to the Financial Oversight and Management Board of Puerto Rico ("FOMB") in connection with the restructuring and privatization process of the Puerto Rico Electric Power Authority ("PREPA"). Citi understands that many of the services it has performed in connection with this role are protected from disclosure under the executive and deliberative process privilege, and that many of the documents that National has requested in its Subpoena may be covered by this privilege. Citi also understands that the FOMB (and not Citi) is the owner of the executive and deliberative process privilege. In its capacity as an agent of the FOMB, Citi will take direction from the FOMB as to what constitutes executive and deliberative process materials that must be protected from disclosure. Consequently, Citi will not produce any documents in response to the Subpoena over which the FOMB is asserting the executive and deliberative process privilege.

## GENERAL OBJECTIONS

The following General Objections ("General Objections") apply to each specific Request, as well as to the sections entitled "Definitions" and "Instructions," and shall have the same force and effect as if fully set forth in the Supplemental Responses and Objections to each specific Request ("Specific Objections"):

1. As an initial matter, Citi objects to the Requests as providing an unreasonably short time for response and production of documents. The Subpoena was served on Citi on January 9, 2019 and calls for the production to be made just fifteen days thereafter, on January 24, 2019. This excessively short timeframe does not provide Citi adequate time to conduct a

2

reasonable search for documents that may potentially be responsive to the Requests. Citi therefore submits these Supplemental Responses and Objections in order to comply with the deadline set by National, but has not – and could not have – completed the review necessary to respond to each of the Requests. Accordingly, in addition to providing the Supplemental Responses and Objections below, Citi's counsel will be available to meet and confer with National regarding the Requests and Citi reserves the right to further supplement the Supplemental Responses and Objections below, as necessary and appropriate.

2. Citi objects to the Requests, Definitions, and Instructions to the extent that they purport to impose burdens or duties upon Citi that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and any other rules, laws or orders applicable in this action. Any production of Documents in response to the Requests will not be, and should not be construed as, a waiver or limitation of this objection.

3. Citi objects to the Requests, Definitions, and Instructions on the ground that they are vague, ambiguous, overly broad, or seek documents and information that are neither relevant to the claims or defenses of any party to, or the subject matter of, this action nor proportional to the needs of this case.

4. Citi objects to Definition No. 1 ("AAFAF") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

5. Citi objects to Definition No. 2 ("Authority") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant

to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

6. Citi objects to Definition No. 3 ("Commonwealth") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

7. Citi objects to Definition No. 7 ("FOMB") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

8. Citi objects to Definition No. 8 ("Governor") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

9. Citi objects to Definition No. 10 ("PREC") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

10. Citi objects to Definition No. 11 ("PREPA") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompasses persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refers to unknown persons and entities, and is not proportional to the needs of this case.

11. Citi objects to Definition No. 15 ("You" or "Your") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case. Citi will interpret these terms to mean Citigroup Global Markets Inc.

12. Citi objects to the Instruction No. 17 in that it seeks Documents that were dated, generated, prepared, modified, sent, or received as of August 1, 2017 through the present date (the "Time Period") as overly broad, unduly burdensome, and not proportional to the needs of the case.

13. Citi objects to the Requests, Definitions, and Instructions to the extent that they seek information that is already in the possession or custody of National or any other party to this action, that is publicly available, or that is available from another source more convenient, less burdensome, or less expensive than non-party Citi on the grounds that they are, to that extent, unreasonably burdensome.

14. Citi also objects to the Requests, Definitions, and Instructions to the extent that they seek discovery that is unreasonably cumulative or duplicative, whether due to productions from other parties or non-parties, as a result of seeking the same documents from Citi and a multitude of other third parties irrespective of any such party's role in the matters pertaining to the claims or defenses in the action or as a result of unreasonable duplication or overlap among the various specific Requests.

15. Citi objects to the Requests, Definitions, and Instructions on the ground that they seek documents that are not in the possession, custody or control of Citi, and purports to require Citi to produce documents in the possession of other entities, or to create documents

not presently in its possession, custody or control. Accordingly, and without limitation, Citi objects to Instruction No. 1 and Definition No. 15 insofar as they purport to require Citi to procure documents from any other entity, including an affiliate of Citi.

16. Citi objects to the Requests, Definitions, and Instructions (including without limitation Definition Nos. 4, 5, and 13 and Instruction No. 1) insofar as they purport to require Citi to perform anything more than a reasonable and diligent search for documents (including any electronic documents). Any production will be limited to non-privileged documents from reasonably accessible sources (including electronic sources) where responsive documents can reasonably be expected to be maintained. Citi objects to the Requests to the extent that they purport to require a more burdensome search, and Citi is not undertaking to conduct such a search. In particular and without limitation, due to breadth of the Requests, as well as the fact that Citi is not a party in the proceeding, Citi also specifically objects to Definition Nos. 4 and 5 insofar as they purport to require Citi to engage in email discovery for documents potentially responsive to the Requests, as such a review would subject Citi to a financial burden that is disproportional to the needs of any party to this proceeding. Any production of Documents in response to the Requests will instead be limited to non-privileged documents located in central project files and/or from the files of core team members, to the extent that no documents can be located from central project files.

17. The objection, failure to object, or any indication herein that Citi will produce responsive documents or information in response to the Requests does not constitute a representation that any such documents or information exist or are within Citi's possession, custody, or control, but only, at most, that responsive non-privileged Documents may be

6

produced if they exist, can be located through a reasonable search, and are not otherwise protected from disclosure.

18. Citi objects to the Requests, Definitions, and Instructions to the extent that they are vague or ambiguous, contain undefined terms, or do not specify the information sought with sufficient or reasonable particularity. To the extent that a term or phrase is susceptible to more than one reasonable interpretation, Citi will construe it in a manner consistent with a production of fewer Documents.

19. Citi objects to the Requests, Definitions, and Instructions to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the executive and deliberative process privilege, or any other potentially applicable privilege, immunity or protection from disclosure (together "Privileged Information"). In view of the breadth of the Requests, as well as the fact that Citi is not a party in the above-captioned proceeding, Citi also specifically objects to Instruction Nos. 9 and 10 insofar as they purport to require Citi to provide a privilege log that includes an entry for each Document withheld from production on the basis of any privilege, work product, or other immunity. Further, any disclosure by Citi of Privileged Information is inadvertent and shall not be construed to constitute a waiver. Citi hereby reserves its right to claw back any Document or information protected from disclosure that is produced in response to the Requests.

20. Citi objects to the Requests, Definitions, and Instructions to the extent that they seek documents or information that are confidential, proprietary, commercially sensitive or competitively significant, or personal information relating to Citi, its affiliates, employees, and/or clients, customers or counterparties, or information that is subject to other protective

orders, non-disclosure agreements or other confidentiality undertakings. Citi will produce such information only pursuant to the terms of the Stipulation and Protective Order, entered December 27, 2018 (Dkt. 1052).

21. Citi objects to the Requests, Definitions, and Instructions to the extent that they purport to require Citi to create documents or produce originals of each Document requested on the grounds that such requirements are unduly burdensome and unreasonable.

22. Citi objects to the Requests, Definitions, and Instructions to the extent that they contain factual or argumentative allegations or assertions. By responding to the Requests, Citi does not admit or confirm any such allegations or assertions. Citi's Supplemental Responses and Objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed by or in the Requests.

23. Citi submits this response without waiving: (i) the right to object on any grounds (including but not limited to competence, relevance, materiality, privilege or admissibility) to the use of the Responses as evidence for any purpose, or to the use of the documents or information in any proceeding; (ii) the right to object on any ground to any other discovery request concerning the subject matter of the Requests in connection with this or any other action or proceeding; and (iii) the right (but not the obligation, except as provided by law or rule) to revise, amend, supplement or clarify any of the Responses or Objections set forth herein.

24. Citi reserves its right to demand that the parties to the above-captioned proceeding bear the cost of all or part of Citi's response, and nothing herein shall be construed as an agreement by Citi to bear the cost of providing information in response to the Subpoena.

25. These General Objections are incorporated into each of the specific Supplemental Responses and Objections set forth below. No specific response or objection shall constitute a waiver, in whole or in part, of any of the General Objections.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

### Request No. 1:

All Documents regarding (i) the terms of Your engagement with the FOMB; (ii) Your roles, responsibilities, and the scope of Your work in connection with PREPA, including the Privatization or Transformation of PREPA; (iii) any changes to the scope of such work; (iv) any recommendations made by You regarding PREPA; (v) whether any such recommendations were considered or implemented; and (vi) the reasons that any such recommendations were or were not considered or implemented.

### Response to Request No 1:

In addition to the foregoing General Objections, Citi objects to Request No. 1 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 1 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 1, including but not limited to sub-parts (iv), (v) and (vi), to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

### Request No. 2:

All Communications, from January 1, 2018 to the present, between You and PREPA, AAFAF,

9

PREC, the Authority, the Governor, the FOMB, or any of those organizations' outside advisors regarding the proposed Privatization or Transformation of PREPA.

**Response to Request No 2:**

In addition to the foregoing General Objections, Citi objects to Request No. 2 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 2 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 2 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 3:**

All Communications, from December 11, 2017 to the present, with any member of PREPA's Transformation Advisory Council regarding the Privatization or Transformation of PREPA.

**Response to Request No 3:**

In addition to the foregoing General Objections, Citi objects to Request No. 3 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects because the term "Transformation Advisory Council" is ambiguous and undefined. Citi also objects to Request No. 3 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a

multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 3 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 4:**

All Communications with members of the "Working Group established between Governor, FOMB, and advisory teams to coordinate and lead [PREPA's] transaction process," as described on page 13 of the Fiscal Plan.

**Response to Request No 4:**

In addition to the foregoing General Objections, Citi objects to Request No. 4 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 4 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 4 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 5:**

All Documents regarding (i) the timeliness, steps, phases, or milestones contemplated or required in order to effectuate the proposed Privatization or Transformation of PREPA; (ii)

11

actions already undertaken, whether in whole or in part, in furtherance of the proposed Privatization or Transformation of PREPA, or actions identified that need to be taken prior to any Privatization or Transformation of PREPA; (iii) current progress with respect to the Privatization or Transformation of PREPA; and (iv) the reasons why any timeliness, steps, phases, or milestones contemplated or required in order to effectuate the proposed Privatization or Transformation of PREPA have been delayed or have not yet been achieved.

**Response to Request No 5:**

In addition to the foregoing General Objections, Citi objects to Request No. 5 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 5 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 5 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 6:**

All Documents regarding efforts to solicit potential buyers and investors related to any Privatization or Transformation of PREPA, including but not limited to (i) any "roadshow" or similar investor presentations; (ii) any valuation or indicative pricing analysis; or (iii) any strategic plans or financial projections provided to potential buyers and investors.

**Response to Request No 6:**

In addition to the foregoing General Objections, Citi objects to Request No. 6 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 6 on the ground and to the extent that it seeks documents that are not

relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 6 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 7:**

All Documents regarding all private parties who have expressed interest in (i) purchasing or leasing PREPA's assets; (ii) entering into a concession agreement in respect of at least PREPA's T&D System; (iii) entering into a contract to manage any aspects of Puerto Rico's electric system; (iv) rebuilding, redesigning, retrofitting, or otherwise redeveloping existing assets, or building, designing, or otherwise developing new assets in respect of the electric system in Puerto Rico; or (v) otherwise participating in the Privatization or Transformation of PREPA.

**Response to Request No 7:**

In addition to the foregoing General Objections, Citi objects to Request No. 7 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 7 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 7 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

13

      Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 8:**

All Communications with private parties regarding the Privatization or Transformation of PREPA, including but not limited to (i) responses to requests for proposals, market sounding requests, requests for qualifications, or general questions regarding the proposed Privatization or Transformation of PREPA; (ii) any due diligence requests made by potential buyers and investors; (iii) any Communications regarding the timeline and associated milestones of the Privatization or Transformation of PREPA; (iv) any preliminary indications of interest, pricing, valuations, or draft term sheets exchanged with private parties; or (v) specific feedback from private parties.

**Response to Request No 8:**

      In addition to the foregoing General Objections, Citi objects to Request No. 8 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 8 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 8 to the extent that it seeks Privileged Information.

      Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 9:**

All Documents regarding any analysis, reports, tracking, metrics, or other comparisons of PREPA's performance and progress against its goals and milestones, including but not limited to the goals and milestones set forth in PREPA's Fiscal Plan.

**Response to Request No 9:**

In addition to the foregoing General Objections, Citi objects to Request No. 9 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 9 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 9 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 10:**

All Documents, including Communications, regarding federal funding that is or may be available to redesign, rebuild or construct the electric system in Puerto Rico, including as part of the Privatization or Transformation of PREPA. This includes Documents and Communications regarding the timing, amount, terms, and obstacles associated with obtaining such funds and how such funds would be utilized in connection with the Privatization or Transformation of PREPA. For the avoidance of doubt, this request seeks Documents and Communications regarding efforts to secure federal funds as detailed in the Fiscal Plan, including but not limited to PREPA's efforts to secure (i) a $12 billion capital investment and (ii) a Community Development Block Grant from the U.S. Department of Housing and Urban Development.

**Response to Request No 10:**

In addition to the foregoing General Objections, Citi objects to Request No. 10 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 10 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs

of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 10 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

**Request No. 11:**

All Documents, including Communications, regarding any Statements of Qualifications submitted in response to the Authority's October 31, 2018 Request for Qualifications.

**Response to Request No 11:**

In addition to the foregoing General Objections, Citi objects to Request No. 11 on the ground that it is overly broad in scope, unduly burdensome, and vague and ambiguous. Citi also objects to Request No. 11 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to PREPA, including the Privatization or Transformation of PREPA. Citi also objects to Request No. 11 to the extent that it seeks Privileged Information, including documents protected from disclosure under the executive and deliberative process privilege.

Without waiving any of the foregoing objections, Citi will meet and confer with National to discuss the appropriate scope of this Request and reasonable search criteria.

Dated: February 15, 2019
New York, NY

                                  GOODWIN PROCTER LLP

                                  By: /s/ Meghan K. Spillane

Marshall H. Fishman
Meghan K. Spillane
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
MFishman@goodwinlaw.com
MSpillane@goodwinlaw.com

*Counsel to Citigroup Global Markets Inc.*

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 15, 2019, she caused a true and correct copy of the foregoing to be served via electronic mail and First Class mail on the following:

Robert Berezin
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

_____
Meghan K. Spillane