**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------------ x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :  Title III
                                                    :
          as representative of                      :  Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :  (Jointly Administered)
                                                    :
          Debtors.¹                                 :
------------------------------------------------------------------------ x
```

**REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT
OF URGENT MOTION FOR ORDER, UNDER BANKRUPTCY CODE SECTIONS
105(a) AND 926(a) AND BANKRUPTCY RULE 9006, ESTABLISHING (I)
PROCEDURES WITH RESPECT TO DISCLOSURE OF AVOIDANCE ACTIONS TO
BE ASSERTED BY OVERSIGHT BOARD, AND (II) EXPEDITED BRIEFING
SCHEDULE FOR POTENTIAL REQUEST TO APPOINT TRUSTEE UNDER
BANKRUPTCY CODE SECTION 926(a)**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than

COFINA) (the "Committee") respectfully submits this reply (the "Reply") (i) to address the

*Response of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion*

*of Official Committee of Unsecured Creditors for Order Establishing (I) Procedures with*

*Respect to Disclosure of Avoidance Actions to be Asserted by The Oversight Board and (II)*

*Expedited Briefing Schedule for Potential Request to Appoint Trustee Under Bankruptcy Code*

---

¹    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID:
3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico
Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits
of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case
No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power
Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747)
(Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Section 926(a)* [Docket No. 6073] (the "Objection") and (ii) in support of the *Urgent Motion of*

*Official Committee of Unsecured Creditors for Order, Under Bankruptcy Code Sections 105(a)*

*and 926(a) and Bankruptcy Rule 9006, Establishing (I) Procedures with Respect to Disclosure of*

*Avoidance Actions to be Asserted by Oversight Board and (II) Expedited Briefing Schedule for*

*Potential Request to Appoint Trustee Under Bankruptcy Code Section 926(a)* [Docket No. 5997]

(the "Procedures Motion").[2]  In support of its Reply, the Committee respectfully states as

follows:

## PRELIMINARY STATEMENT

1.      The sole reason the Committee filed the Procedures Motion is to preserve and

protect its and its constituents' right under section 926 of the Bankruptcy Code to seek the

appointment of a trustee to pursue valuable Avoidance Actions prior to the expiration of the

Section 546 Deadline.  As noted in the Objection, the Committee has been and intends to

continue coordinating with the Oversight Board on its investigation and pursuit of potential

Avoidance Actions.  The Committee appreciates the Oversight Board's openness and

cooperation in this regard and has no doubt that the Oversight Board's professionals have been

working hard on this project.  Moreover, the Committee is happy for the Oversight Board to be

the party to pursue any Avoidance Actions that it identifies.  The bottom line, however, is that

the Committee cannot wait any longer to determine whether it must bring a Section 926 Motion

to preserve any Avoidance Actions that the Oversight Board will not pursue.  After more than

two years of the Oversight Board's investigation, time has run out.

2.      In its Objection, the Oversight Board does not challenge the authority of the Court

to grant the relief requested in the Procedures Motion but rather (i) contends that the proposed

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Procedures Motion.

2

April 1, 2019 deadline for identifying Avoidance Actions is arbitrary and would interfere with

the Oversight Board's ongoing investigation, and (ii) attempts to shift responsibility to the

Committee to identify the Avoidance Actions that it believes the Oversight Board should pursue.

These arguments are without merit.

A.     **Firm Deadline for Oversight Board to Identify Avoidance Actions Is Necessary to Protect Rights of Committee and Its Constituents**

3.      To be clear, there is nothing arbitrary about the Committee's proposed April 1

deadline.  As discussed in the Procedures Motion, if the Oversight Board does not identify its

Avoidance Actions by April 1, it will be practically impossible for the Committee to file and the

Court to hear a Section 926 Motion with sufficient time remaining for an appointed trustee to

prepare and commence Avoidance Actions in advance of the Commonwealth's Section 546

Deadline of May 2, 2019.  A trustee cannot step in a few days before the deadline and commence

litigation immediately; rather, it will need to complete a number of complicated and time-

consuming tasks before doing so, including the drafting of complaints and the resolution of

various procedural issues, such as service of process upon numerous defendants, including

defendants who may be unknown or difficult to locate.  These tasks cannot be completed in mere

days as the Oversight Board seems to believe.

4.      The proposed April 1 deadline would not, as the Oversight Board fears, interfere

with its investigation or cause it to rush the completion of its analysis.  The Oversight Board has

now had more than two years to conduct its investigation.  By April 1, the Oversight Board

should be readying Avoidance Actions for filing, not still deciding which ones to pursue.

Assuming the Oversight Board has established a list of Avoidance Actions by April 1, providing

that list to the Committee is a simple task that will in no way distract the Oversight Board from

its ongoing work on Avoidance Actions or other matters.  The Committee's concern, however, is

that the Oversight Board is not ready (or not able) to provide a list, which is why neither the

Committee nor the Court can continue to take a "wait and see" approach.[3]

B.     <u>**Neither Committee nor Court Can Afford to Wait Until April 24 Omnibus
Hearing to Address Issues Relating to Avoidance Actions**</u>

5.     The Oversight Board suggests that, instead of setting a deadline for it to identify

Avoidance Actions, the parties should continue coordinating with each other over the next few

weeks and, if necessary, discuss "procedures regarding potential Avoidance Actions" at the

omnibus hearing scheduled for April 24, 2019. This approach is unworkable. While it is not

clear what the Oversight Board means by having a hearing to discuss "procedures regarding

potential Avoidance Actions," the fact of the matter is that the Committee cannot possibly

preserve its constituents' statutory rights unless the Oversight Board has a firm deadline to

identify Avoidance Actions it will assert on or before the Section 546 Deadline.

6.     Under the Oversight Board's approach, the Committee could potentially not find

out until the last week of April—one week before the Commonwealth's Section 546 Deadline—

that the Oversight Board plans to abandon valuable Avoidance Actions. If this happens, the

Committee will have forfeited its right to seek the appointment of a trustee with respect to such

Avoidance Actions, and valuable assets will be lost forever. The Committee, as a fiduciary for

unsecured creditors, cannot be placed in this situation, and the Court should not be forced to

make decisions on such critical issues on only a few days' notice.

---

[3]    The Court may, of course, use its discretion to set a deadline later than April 1 for the Oversight Board to provide its list of Avoidance Actions to the Committee, as the Court is in the best position to fix a date that will leave the Committee with sufficient time to file and the Court to consider a Section 926 Motion before the applicable Section 546 Deadline. The Committee has proposed April 1 as the appropriate deadline because it wants to make sure the parties and the Court have a reasonable opportunity to address any Section 926 Motion and that the trustee has sufficient time to commence Avoidance Actions in the event any such motion is granted.

4

C.      **On Eve of Expiration of Section 926 Deadline, Oversight Board, Not Committee, Is Responsible for Identifying and Prosecuting Avoidance Actions**

7.      The fact that the Committee has obtained Rule 2004 discovery (but only since January 2019) and has been cooperating with the Oversight Board on its investigation does not somehow shift responsibility to the Committee to identify Avoidance Actions for the Oversight Board in advance of the now imminent Section 546 Deadline. [4]  As the Oversight Board acknowledges, it alone has "primary responsibility . . . to determine whether to pursue any Avoidance Actions, as well as the parties against whom such actions should be filed and for what amounts."  Obj. ¶ 2.  Requiring the Committee to identify Avoidance Actions would relieve the Oversight Board of this responsibility and turn its statutory obligations on their head.

8.      The Oversight Board's argument that it is the Committee's obligation to identify Avoidance Actions is particularly aggressive given that the Oversight Board successfully sought to exclude the Committee from investigating such actions while Kobre & Kim conducted its investigation of the Debtors for more than ten months.  These ten months were time wasted, as Kobre & Kim did not address Avoidance Actions in its final report.  Compounding the problem, the Oversight Board did not retain counsel for its Special Claims Committee to investigate Avoidance Actions until three months after Kobre & Kim issued its report.  In light of this history, for the Oversight Board to now take the position that it is the Committee's burden to identify Avoidance Actions is not appropriate.

9.      Finally, any assertion that the Committee has not identified any Avoidance Actions is simply not true.  The Committee has on several occasions, including during a meeting with the Oversight Board's advisors in early January 2019, identified specific Avoidance Actions

---

[4]      *See* Obj. ¶ 2 (arguing that the Committee should identify "with specificity targeted transactions and potential defendants, thus obviating the need for the Committee to file a Section 926 Motion").

that it believes have merit and should be pursued, and described the legal theories supporting

such claims.  To date, however, the Oversight Board has not committed to bringing these (or any

other) actions.  The Court should require such a commitment by a firm date so that the

Committee has the opportunity to bring a Section 926 Motion in advance of the Section 546

Deadline with respect to these and other meritorious Avoidance Actions that the Oversight Board

does not intend to bring.[5]  Section 926 was included in the Bankruptcy Code to act as a safety

valve in the event a debtor refuses to bring meritorious claims.  This safety valve should not be

rendered meaningless by a last-minute waiver of claims through the failure to file claims before

the expiration of the statute of limitations.

    **D.**       **Oversight Board's Arguments in Response to Section 926 Motion are Preserved**

        10.      The Procedures Motion, as its title suggests, is purely procedural in nature, asking

the Court to establish a process for the identification of Avoidance Actions and the possible

filing and briefing of a Section 926 Motion.  The Committee has not filed a Section 926 Motion

at this time, because it hopes to continue working with the Oversight Board to identify and

prosecute all meritorious Avoidance Actions, and because filing a Section 926 Motion now,

without knowledge of the Avoidance Actions the Oversight Board will pursue, could lead to an

incredible waste of time and resources because the Section 926 Motion would need to address

**every potentially meritorious claim**, rather than only those that the Oversight Board will not

---

[5]      Although the Procedures Motion focuses on Avoidance Actions that may exist primarily under sections 544, 547, and 548 of the Bankruptcy Code, the Debtors may possess causes of action arising under state law or other applicable law for which the statute of limitations also expires two years from each Debtor's title III filing date.  *See* 11 U.S.C. § 108(a)(2) (extending the limitation period applicable to a debtor's state law, non-avoidance action claims to two years after the petition date if statute of limitations had not already expired on petition date).  The Committee is not aware that the Oversight Board is prepared to assert any such claims that will be time barred by the applicable deadline for each Debtor, which is symptomatic of the issues associated with the Oversight Board's approach to its investigation of claims owned by the Debtors.

6

pursue.  If and when the Committee files a Section 926 Motion, all arguments of the Oversight

Board in response to such a motion will be fully preserved.

**CONCLUSION**

11.      Based on the foregoing, the Oversight Board's Objection should be overruled and

the relief requested in the Procedures Motion should be granted. [6]

[*Remainder of page intentionally left blank.*]

---

[6]      The Oversight Board notes that the PREPA Section 546 Deadline is not until July 1, 2019.  The Committee
is willing to consider a deadline later than April 1 for the Oversight Board to identify Avoidance Actions that it
intends to pursue on behalf of PREPA, but such deadline should be set in a manner that avoids repetition of this
motion practice.

WHEREFORE, the Committee respectfully requests that the Procedures Motion be

granted.


Dated:  March 28, 2019                    */s/ Luc A. Despins*
                                          PAUL HASTINGS LLP
                                          Luc. A. Despins, Esq. *(Pro Hac Vice)*
                                          Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
                                          G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
                                          200 Park Avenue
                                          New York, New York 10166
                                          Telephone:  (212) 318-6000
                                          lucdespins@paulhastings.com
                                          nicholasbassett@paulhastings.com
                                          alexbongartz@paulhastings.com

                                          *Counsel to the Official Committee of Unsecured*
                                          *Creditors*

                                          - and -

                                          */s/ Juan J. Casillas Ayala*

                                          CASILLAS, SANTIAGO & TORRES LLC
                                          Juan J. Casillas Ayala, Esq., USDC - PR 218312
                                          Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
                                          Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
                                          Ericka C. Montull-Novoa, Esq., USDC - PR 230601
                                          El Caribe Office Building
                                          53 Palmeras Street, Ste. 1601
                                          San Juan, Puerto Rico 00901-2419
                                          Telephone: (787) 523-3434
                                          jcasillas@cstlawpr.com
                                          dbatlle@cstlawpr.com
                                          aaneses@cstlawpr.com
                                          emontull@cstlawpr.com

                                          *Local Counsel to the Official Committee of Unsecured*
                                          *Creditors*