# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

IN RE:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO

As representative of

THE COMMONWEALTH OF PUERTO RICO,

Debtors

PROMESA
Title III

No. 17 BK 3283-LTS

**REQUEST FOR U.S. COURT'S ASSISTANCE IN THE TRANSLATION OF ALL ATTACHMENTS OR THE WITHDRAWAL OF THE ATTACHMENTS, WHICH WERE MADE AVAILABLE WITH THE URGENT MOTION FOR RELIEF FROM STAY filed by Pedro Carbonera Pardo Docket 5699**

**TO THE HONORABLE COURT:**

COME NOW Pedro Carbonera Pardo ("Mr. Carbonera" or Movant"), pro se, and respectfully requests to this Court translation assistance of the attachments one thru six (attachments 1, 2, 3, 4, 5 and 6) present on the Urgent Motion for Relief from Stay that the Movant filed on this Court on March 14, 2019 Docket 5699.

If the Court denies its assistance on the translation of these attachments, then the Movant Requests the withdrawal of all documents attached to the Urgent Motion for Relief from Stay filed in the Urgent Motion for Partial Relief of Stay which has been identified by this Court as Docket 5699.

1

**(Attachments 1, 2, 3, 4, 5, and 6 if so, then are requested to be removed).**

Request for assistance responds to the following:

1. Having no idea that Local rule 5 (g) existed, Movant understood that the Spanish written attachments would make the background of Mr. Carbonera's Motion for Partial Relief from Stay docket 5699 clearer to this Court and to prove the fulfilment of the elements of Sonax case which allows the lift of stay by this Court.

2. It is possible that presenting these attachments is unnecessary and an "overkill" that backfired on the Movant.

3. Not being Lego, Movant was made aware of Local Rule 5 (g)by the ORDER SCHEDULING BRIEFING OF URGENT MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY Docket No. 5704.

4. By then, Movant only understood that all documents presented to this Court in Spanish need to be translated to English.

5. Even after receiving the ORDER SCHEDULING BRIEFING OF URGENT MOTION FOR PARTIAL RELIEF FROM AUTOMATIC STAY Docket No. 5704, Movant started translating documents himself, not knowing that the translation needed to be done by Court's certified translators.

6. After being made aware of the need of certified translations, Movant learned by contacting some of the translators present on the Court's official certified translators list, that these translators charged on a basis of 15 cents the word. Only the Six (6) attachment of Movant's Motion docket 5699 has more than 4,000

words and its translation cost would be more than seven hundred dollars.

7. Movant learned that there was an **alternative**, which consisted of acquiring the consent of the debtor's counsels in order to file the Movant non-certified translation of the attachments to this Court.

8. Movant sent an email to debtor's counsels including attachments already translated by the movant (1, 2, and 6) requesting their permission to file Movants translations of the before mentioned attachments as well as requesting word from the debtors counsels as to their agreement to the **alternative** mentioned before, so that the Movant may continue to translate the rest of the attachments (meaning attachments 3, 4, and 5).

9. So far, debtor's counsels have not responded.

10. The cost of this translations is too much of a burden to the Movant.

11. The requested Relief from Stay responds to a salary dispute that only amounts to one hundred and sixty-three ($163.00) dollars monthly salary raise and backpay.

12. If the Court allows the Relief from Stay and if the Appellative Commission for Public Service (CASP, from now on) Judgement would be in Movants favor, the bankruptcy protection will have the effect of diminishing the backpay of $8,247.00 by an unknown percent. Only the nonprotected backpay and salary raise will not be diminished by the protection of the bankruptcy.

13. Also, take into consideration of the economic burden to the Movant, that the time that will elapse before seeing the conclusion of this litigation will also affect negatively the Movant. We point out

3

that after the Movant's counsel representing him before CASP filed the Summary Judgement on 2015, two more years passed, and no judgement had been made by 2017. Two whole years with no judgement for a case that was ripe. It was on 2017 when the bankruptcy was filed.

14. This means that even if the US Court District of Puerto Rico allows the Stay to be lifted, taking into consideration our experience, years could pass by before any judgement is made.

15. During all that time, not only is the Movant claim of inequity regarding his salary not being paid, when he also has to:

   a. pay a lawyer to represent him before CASP,
   b. invest of his time (vacation time) and efforts in order to fulfill the Courts requirements,
   c. pay for transportation and resources in order to continue his case on CASP and this Court,

but he is also required to invest from his diminished low salary and small claim in **expensive translations** for a case that may take years to be resolved and for which a smaller compensation might be reimbursed in relation to his investments in the US Court and CASP.

16. Take into consideration that some of the Debtors counsels may speak Spanish and the debtor have the resources and ability to clarify if any error has been made by the Movant during his translations that could affect this Court's decision.

17. The debtor is responsible for stablishing Spanish as the official language in Puerto Rico, language in which documents are to be

written in any official business in the Island pertaining to the Government of Puerto Rico or E.L.A.

18. Take also into consideration that the debtor is the originator of some of the Attachments. This Attachments are: **1, 2, 4,** and **5**.

19. Attachment **1** is a letter from the PR-DOL former Auxiliary Secretary of Human Resources dated on December 10, 2013 stating that the Movant came eligible to the raise in salary. (which we call "The Admission"). Document originated by the PR Department of Labor and filed on the CASP case No. 2014-08-0412). Therefore, this document is in possession of the Government of Puerto Rico since December 10, 2013 and they understand it.

20. Attachment **2** is the letter from the PR-DOL other former Auxiliary Secretary of Human Resources dated on June 24, 2014 (more than 6 months after "The Admission") denying the raise in salary. Document originated by the PR Department of Labor and filed on the CASP case No. 2014-08-0412. Therefore, this document is in possession of the Government of Puerto Rico since June 24, 2014 and they understand it.

21. Attachment 3 is the copy of the Movant's original claim on the CASP. Originated by the Movant and filed on the CASP case No. 2014-08-0412. Document Originated by the Movant and filed on CASP. Therefore, this document is in possession of the Government of Puerto Rico since August 26, 2014 and they understand it.

22. Attachment **4** is a copy of Movant's case transactions before CASP No. 2014-08-0412 as anyone can find them in CASP's internet page http://www.casp.pr.gov/apelaciones/ . This document was

presented with the purpose of demonstrating how advance is the case and to prove a factor present in the <u>Sonnax</u> Case which is taken into consideration for allowing the requested Partial Lift of Stay. This list of transactions is originated by the CASP for case No. 2014-08-0412. Therefore, this document is in possession of the Government of Puerto Rico and they understand it.

23. Attachment **5** is a Movants STUV copy originated by the PR Department of Labor. This document was presented in order to prove the basis on which the Movant made the calculations for the debt protected by the bankruptcy as well as the monthly raise amount. Document originated by the PR Department of Finance. Therefore, this document is in possession of the Government of Puerto Rico since its creation and they understand it.

24. The longest document (Attachment 6) is Movant's Summary Judgement consisting of 14 pages, which was presented with the Relief from Stay, in order to show that the case is in an advance state and close to its final judgement. The content of this document is not important, but what is important is that the Summary Judgement in itself shows the development of the case within the specialized forum were the case is taking place and only this demonstrates our point related to the factors mentioned on the <u>Sonnax</u> case set forth for the possibility of this Court allowing a Lift of Stay. Originated by the Movant's counsel on the CASP litigation and filed on the CASP case No. 2014-08-0412. Document Originated by the Movant and filed on CASP. Therefore, this document is in possession of the Government of Puerto Rico and they understand it.

6

25. All the Attachments included in the Urgent Motion for Partial Relief from Stay have been filed on CASP for case No 2014 for a long time or have been originated by either CASP or the PR Department of Labor.

26. Having been stablished that the debtor is responsible for having all these attachments having been written in Spanish, that the debtor understands the language in which the attachments have been written, that some of the debtors counsels may also speak and understand Spanish, is reasonable that the debtor may clarify any of their non Spanish speaking counsel doubts regarding the aforementioned documents.

27. Because of the reasons stated before regarding the attachments in Spanish, it is evident that the Debtors ability to defend himself is not hindered by the Language in which these documents were written.

**WHEREFORE,** Movant respectfully requests that the Court aids on the translation of the attached documents to the Urgent Partial Relief from Stay docket No. 5699. In case the aids are not allowed by the Court, Movant respectfully requests that these attachments be withdrawn from the Urgent Partial Relief from Stay docket No. 5699 and that the Court continues to consider Movants request for the Partial Lift of Stay.

**I HEREBY CERTIFY:** That on this same date, we electronically filed the foregoing motion with the Clerk of the Court using CM/ECF Filling System which will send a notification of such to the parties of records and to all interested subscribed users.

**RESPECTFULLY SUBMITED**

In San Juan, Puerto Rico, this 27th of March 2019.

S/Pedro Carbonera-Pardo

**Pedro Carbonera Pardo, Pro Se**

Felipe Arana FR-3 Levittown,

Toa Baja, PR 00949

Tel (787) 941-8808

Pedrocarbonera@yahoo.com;

pcarbonera@trabajo.pr.gov