**Hearing Date: April 24, 2019 at 9:30 a.m. (AST) / (ET)**
**Objection Deadline: April 9, 2019 at 4:00 p.m. (AST) / (ET)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN <u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

**PLEASE TAKE NOTICE** that a hearing on the *Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Holders of Certain Commonwealth General Obligation Bonds*, dated April 2, 2019 (the "Motion"), will be held before the Honorable Judge Laura Taylor Swain, United States District Court Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on **April 24, 2019 at 9:30 a.m. (Atlantic Standard Time).**[2]

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico (the "Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in textsearchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the Eighth Amended Case Management Procedures, Dkt. No. 4866-1, so as to be so filed and received no later than **April 9, 2019 at 4:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the Eighth Amended Case Management Procedures, Dkt. No. 4866-1.

*[Remainder of page intentionally left blanks.]*

---

[2] Members of the Ad Hoc Group of General Obligation Bondholders file this notice exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

Dated: April 2, 2019

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

/s/ Lawrence S. Robbins
Lawrence S. Robbins
Mark T. Stancil
Gary A. Orseck
Kathryn S. Zecca
Donald Burke
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, N.W., 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Email: lrobbins@robbinsrussell.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION
BONDHOLDERS, UNDER BANKRUPTCY CODE
SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007,
ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS
CONDITIONAL OBJECTION TO CLAIMS FILED OR ASSERTED BY THE
PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS
AUTHORITY BONDS, AND HOLDERS OF CERTAIN
<u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

JURISDICTION, VENUE, AND STATUTORY BASES ............................................................ 6

BACKGROUND ........................................................................................................................... 6

      A.    The PBA and the PBA Bonds ................................................................................ 6

      B.    The Conditionally Challenged GO Bonds ............................................................ 7

      C.    The Selective Claim Objection and the PBA Adversary Proceeding ................... 7

RELIEF REQUESTED ................................................................................................................. 8

BASIS FOR RELIEF REQUESTED ............................................................................................ 8

NOTICE ...................................................................................................................................... 11

NO PRIOR REQUEST ............................................................................................................... 12

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),*
  722 F.2d 1063 (2d Cir. 1983) ................................................................................................ 8

*In re Chinichian*,
  784 F.2d 1440 (9th Cir. 1986) ............................................................................................... 8

**Statutes and Rules**

11 U.S.C.
  § 105(a) ............................................................................................................................ 6, 8
  § 502 ..................................................................................................................................... 6

48 U.S.C.
  § 2161(a) .............................................................................................................................. 6
  § 2166(a) .............................................................................................................................. 6
  § 2167(a) .............................................................................................................................. 6
  § 2170 ................................................................................................................................... 6

22 L.P.R.A. § 901 *et seq.* ............................................................................................................ 6

Fed. R. Bankr. P. 2002(m) ....................................................................................................... 10

Fed. R. Bankr. P. 2019 ............................................................................................................. 12

Fed. R. Bankr. P. 3007 ............................................................................................................... 3
  3007(c) ................................................................................................................................. 8
  3007(d) ................................................................................................................................. 8

Fed. R. Bankr. P. 9007 ............................................................................................................. 10

Local Bankruptcy Rule 3007-1 ................................................................................................... 9

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] hereby files this motion (the "Motion"), pursuant to Sections 105(a) and 502 of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by Section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101, *et seq.*, and Rule 3007 of the Federal Rules of Bankruptcy Procedure, made applicable to these Title III cases by Section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing procedures for the resolution of the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* dated April 2, 2019 (the "Conditional Objection") and related relief.

In support of the motion, the GO Group states the following:

### PRELIMINARY STATEMENT

1. On April 2, 2019, the GO Group filed the Conditional Objection, conditionally seeking to disallow (i) all claims filed or asserted against the Commonwealth of Puerto Rico (the "Commonwealth") based on or relating to the Commonwealth's obligations in connection with leases entered into by the Puerto Rico Public Buildings Authority (the "PBA," and such leases, "PBA Leases") and the Commonwealth's guaranty of bonds issued by the PBA (the "PBA Bonds"), or failing that, (ii) all claims asserted against the Commonwealth based on or relating to certain Commonwealth general obligation bonds ("GO Bonds") and PBA Bonds issued beginning in fiscal year 2010 insofar as such issuances are determined to have violated the Commonwealth's

---

[2] Members of the GO Group file this motion exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

1

constitutional debt limit (with all such conditionally challenged claims referred to herein as the "Conditionally Challenged Claims"). The total outstanding face amount of the GO Bonds and PBA Bonds that are implicated by the Conditional Claim Objection exceeds $6 billion. This Motion seeks to establish an orderly and efficient process for resolving the Conditional Objection. Specifically, the GO Group requests an order (i) permitting the Conditional Objection to proceed in an omnibus fashion, even if the ultimate number of holders of Conditionally Challenged Claims exceeds one hundred, (ii) establishing a mechanism for providing notice of and an opportunity to participate in the litigation to other parties in interest, including all actual and potential holders of the Conditionally Challenged Claims, including those that have not filed claims or otherwise appeared in these Title III cases, and (iii) establishing certain initial litigation procedures for all participants. The Conditional Objection Procedures, attached as Exhibit 1 to the Proposed Order, and the Conditional Objection Notice, attached as Exhibit 2 to the Proposed Order, are identical in most material respects to those approved by the Court with respect to the claim objection filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC") selectively targeting $6 billion face amount in GO Bonds issued by the Commonwealth in 2012 and 2014 (the "Selectively Challenged GO Bonds"). See Dkt. No. 4784 (the "Selective Claim Objection").[3]

2.  This relief is necessary because litigating the Conditional Objection on a claim-by-claim basis would be impractical and highly inefficient, if not impossible. To date, over 700 individuals or entities have filed Notices of Participation in the Selective Claim Objection. The

---

[3] The Court entered its Order establishing procedures for resolution of the Selective Claim Objection on February 15, 2019. See Dkt. No. 5143 (the "Selective Claim Objection Procedures Order").

2

website maintained by Prime Clerk LLC, the Title III Debtors' solicitation, notice, and claims Agent ("Prime Clerk"), reflects that, to date, hundreds of individuals or entities have filed bond-related claims against the Commonwealth, including many claims based on the GO Bonds and PBA Bonds that are the subject of the Conditional Claim Objection. There are likely many more such claimants who have not yet filed—and, indeed, pursuant to this Court's bar date order, need not and may never file—such a claim.[4] Moreover, unlike in the private debt issuance context, no indenture trustee exists that may serve as a representative for or has the power to bind all holders of the Conditionally Challenged Claims in these cases. Under these circumstances, the Court can and should enter an order that allows the litigation of the Conditional Objection and defenses thereto as part of one organized process as opposed to requiring the GO Group to pursue its Conditional Objection in strict compliance with Bankruptcy Rule 3007.

3. The GO Group is confident that the procedures proposed herein will permit litigation of the Conditional Objection to proceed in the most efficient and streamlined manner that is feasible under the circumstances. Indeed, as set forth in the Conditional Objection, the conditional challenges pressed by the GO Group follow from the very premises relied upon by the Oversight Board and the UCC in their Selective Claim Objection, which the Oversight Board and

---

[4] On February 15, 2018, this Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*, Dkt. No. 2521 (the "Bar Date Order"). Because the GO Bonds are issued by the Commonwealth and the PBA Bonds are guaranteed by the Commonwealth, the Bar Date Order does not require holders of such bonds to file proofs of claim in advance of the bar date. See *id.* ¶ 6.i. Separately, the Bar Date Order provides that holders of claims arising from bonds need not file a proof of claim by the bar date if a Master Proof of Claim for such claims has been filed. See *id.* ¶ 6.j. U.S. Bank Trust National Association and U.S. Bank National Association, as fiscal agents, filed a Master Proof of Claim in respect of PBA Bonds on May 18, 2018, and amended the claim on June 27, 2018. See Claim No. 13351, 62833. Finally, the Bar Date Order provides that, as a covered territorial instrumentality, the PBA is not required to file proofs of claim by the bar date. Bar Date Order ¶ 6.l.

the UCC have refused to follow to their logical conclusions. It therefore makes sense for litigation of the Conditional Objection to proceed on the same omnibus basis that this Court has previously authorized for the Selective Claim Objection. Under this approach, the Court and the parties will save substantial time and resources by briefing, conducting discovery on, and arguing the pertinent issues jointly.

4. The Court should also approve notice procedures for the Conditional Objection to ensure that all holders of Conditionally Challenged Claims, including those that have not filed claims or otherwise appeared in these cases, have adequate notice of the Conditional Objection and an opportunity to participate in the litigation process. Specifically, the GO Group proposes that notice to presently unknown claimants be provided through (i) publication in certain widely-circulated newspapers and (ii) a posting on a website used by municipal bond investors. In addition, under the procedures proposed by the GO Group, Prime Clerk will use the same process set forth in the *Declaration of Christina Pullo*,[5] submitted in connection with the Selective Claim Objection, to ensure that the beneficial holders of Conditionally Challenged Claims receive copies of the (a) Conditional Objection Notice, (b) Conditional Objection, Procedures and (c) Notice of Participation (defined below) (collectively, the "Conditional Objection Procedure Documents").[6]

---

[5] See *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds, annexed as Exhibit A to the Informative Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds*. Dkt. No. 5049.

[6] Specifically, Prime Clerk should (a) obtain from the Depository Trust Company ("DTC"), the securities depositary for the PBA Bonds and GO Bonds, a list of DTC Participants who hold PBA or GO Bonds in street name as of a record date, (b) obtain from such DTC Participants (or their mailing agent) the number of paper copies of the Objection Procedure Documents they require and (c) deliver the requisite number of Conditional Objection Procedure Documents to such DTC Participants and/or their mailing agents.

4

Finally, under the proposed procedures, DTC will post the Conditional Objection Procedure Documents to its Legal Notification System in accordance with DTC's rules and customary procedures. The foregoing notice procedures are the same as those used with respect to the Selective Claim Objection

5. Furthermore, the GO Group requests that the Court approve certain initial deadlines and litigation procedures as set forth in the Conditional Objection Procedures. Specifically, the GO Group proposes that, following completion of the notice procedures, all parties that wish to participate in the litigation process must file a notice of participation on or before a date that is sixty (60) days following entry of the order granting this Motion (the "Participation Deadline"), in the form attached as Exhibit 3 to the Proposed Order (the "Notice of Participation"). The Notice of Participation will contain certain identifying information for each participant and indicate whether it intends to support or oppose the relief requested in the Conditional Objection. Using the information contained in the Notices of Participation received, the GO Group will next propose additional procedures for briefing and discovery.

6. Proceeding with the Conditional Objection in an orderly, omnibus manner is the best way to determine the allowability of the Conditionally Challenged Claims in a timely and cost-efficient manner while minimizing the expenditure of the valuable resources of the parties and the Court. Moreover, it allows parties who wish to participate in the litigation of the Conditional Objection (either in support of or against the relief sought in the Conditional Objection) to do so by satisfying minimal procedural requirements. Accordingly, the GO Group respectfully requests that this Motion be granted and the Court enter an order establishing the Conditional Objection Procedures in the form contained in Exhibit 1 annexed to the Proposed Order.

## JURISDICTION, VENUE, AND STATUTORY BASES

7. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to Section 306(a) of PROMESA, 48 U.S.C. § 2166(a).

8. Venue is proper pursuant to Section 307(a) of PROMESA, 48 U.S.C. § 2167(a).

9. The statutory bases for the relief requested herein are Sections 105(a) and 502 of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 502, made applicable to these Title III cases by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), and Bankruptcy Rule 3007(d), made applicable to these Title III cases by Section 310 of PROMESA, 48 U.S.C. § 2170.

## BACKGROUND

### A. The PBA and the PBA Bonds

10. The PBA was created pursuant to Act No. 56 of the Legislative Assembly of Puerto Rico, approved June 19, 1958 (codified as amended at 22 L.P.R.A. § 901 *et seq.*). To fulfill its statutory duties, the PBA has entered into the PBA Leases with the Commonwealth; the Commonwealth's departments, agencies, instrumentalities, and municipalities; and other tenants (including private lessees and the United States government). The PBA has largely financed the design, construction, and improvement of these facilities by issuing the PBA Bonds. Approximately $4 billion in PBA Bonds remain outstanding, with the overwhelming majority issued pursuant to Resolution No. 468, adopted by the PBA on June 22, 1995, as amended and supplemented, and a much smaller amount (roughly $37 million) issued pursuant to Resolution No. 77, adopted by the PBA on November 16, 1970. For the reasons set forth in the Conditional Objection, the GO Group conditionally objects to all claims relating to all such PBA Bonds, as well as all claims asserted against the Commonwealth relating to the Commonwealth's obligations in connection with the PBA Leases, including its covenant to pay or advance certain rent payments due under the PBA Leases.

6

**B.     The Conditionally Challenged GO Bonds**

11.     As of the filing of the Commonwealth's Title III cases, the Commonwealth had outstanding approximately $12.5 billion in GO Bonds, which were issued directly by the Commonwealth and are backed by a pledge of the Commonwealth's full faith, credit, and taxing power. For the reasons set forth in the Conditional Objection, the GO Group conditionally objects to all claims asserted against the Commonwealth relating to certain GO Bonds issued by the Commonwealth beginning in fiscal year 2010, as specified in the Conditional Claim Objection.

**C.     The Selective Claim Objection and the PBA Adversary Proceeding**

12.     On January 14, 2019, the Oversight Board and the UCC filed the Selective Claim Objection, in which they object to all claims asserted against the Commonwealth based on the Selectively Challenged GO Bonds. See Selective Claim Objection ¶¶ 22-32. Shortly thereafter, the Oversight Board and the UCC filed an urgent motion to establish procedures with respect to the Selective Claim Objection, in which they represented that over "4,000 individuals or entities have filed 'bond' claims," and that it was likely that the number of claims on the Selectively Challenged GO Bonds exceeded one hundred, especially since "not all such claims have been filed." Dkt. 4788 ¶ 12. In the Selective Claim Objection Procedures Order, the Court authorized the Oversight Board and the UCC to proceed with its objection in an omnibus fashion. Dkt. 5143 at 2.

13.     As set forth above, over 700 bondholders have filed Notices of Participation in the Selective Claim Objection to date. Given that the number of bond issuances implicated by the Conditional Objection substantially exceeds the three issuances comprising the Selectively Challenged GO Bonds, it is likely that the number of associated claims also exceeds one hundred for both the conditionally challenged PBA Bonds and GO Bonds.

**RELIEF REQUESTED**

14. By this Motion the GO Group seeks the entry of an order authorizing the GO Group to proceed with the Conditional Objection in accordance with the Conditional Objection Procedures annexed to the Proposed Order attached hereto as Exhibit A, which would allow the GO Group to conditionally object to all of the Conditionally Challenged Claims without having to strictly comply with all provisions of Bankruptcy Rule 3007 and file numerous objections seeking nearly identical relief with respect to the PBA's claims, the claims of individual holders of PBA Bonds, and the claims of individual holders of GO Bonds. If approved, the Conditional Objection Procedures would give all holders of Conditionally Challenged Claims the ability to participate in the litigation and streamline and organize the issues to be presented to this Court for decision.

**BASIS FOR RELIEF REQUESTED**

15. Bankruptcy Rule 3007(d) authorizes the filing of omnibus objections to claims. Although the rule contains certain requirements for such objections, including that they be based on certain enumerated grounds and that they not address more than one hundred claims, a court has discretion to modify these requirements. See Fed. R. Bankr. P. 3007(c) (stating that joinder of claims objections may be done only as permitted by subsection (d) "[u]nless otherwise ordered by the court.").

16. Furthermore, a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105 of the Bankruptcy Code provides this Court with broad equitable power to fashion orders or decrees that are in the interest of preserving or protecting the value of a debtor's assets and that facilitate the orderly administration of the debtor's case. See, *e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *Comm. of Equity*

8

*Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

17. As set forth above, this Court has previously approved nearly identical procedures for the resolution of the Selective Claim Objection. Authorizing the GO Group to proceed in omnibus fashion with the Conditional Objection is similarly an appropriate use of the Court's power under Section 105 of the Bankruptcy Code. Granting this relief will permit the parties and the Court to resolve the conditional objections to the Conditionally Challenged Claims on the grounds set forth in the Conditional Objection in the most timely, cost-effective, and efficient manner that is feasible under the circumstances.[7] Otherwise, the GO Group would have to prepare and file, and the Court would have to review, potentially hundreds of individual objections to Conditionally Challenged Claims—a time consuming, expensive, and unnecessarily duplicative endeavor.[8]

18. For purposes of notifying unknown claimants of the Conditional Objection, the Bankruptcy Rules give the Court substantial discretion in determining how such notice may be accomplished. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form

---

[7] Nothing herein is intended to limit the ability of the GO Group to subsequently object to the Conditionally Challenged Claims on grounds other than those set forth in the Conditional Objection, and the Proposed Order so provides.

[8] In addition, absent the relief sought herein, it would be impossible for the GO Group to comply with Local Bankruptcy Rule 3007-1, which states that a party objecting to a claim "must also certify whether or not the claimant is a servicemember as required by § 201(b)(1) of the Servicemembers Civil Relief Act of 2003." The GO Group cannot possibly determine which of the potentially thousands of holders of conditionally challenged PBA Bonds or GO Bonds, if any, are servicemembers. Similarly, it would be cost-prohibitive, if not impossible for the GO Group to determine which of the bond claims posted on Prime Clerk's website are PBA Bond or GO Bond claims.

and manner in which notices shall be sent except as otherwise provided by these rules." Bankruptcy Rule 2002(m); see also Bankruptcy Rule 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

19. Under the present circumstances, the GO Group submits that holders of Conditionally Challenged Claims that have not filed a claim or otherwise appeared in these cases can be notified with the assistance of Prime Clerk and DTC, and through publication notice. The Court should order DTC to post the Conditional Objection Procedure Documents to its Legal Notification System, and Prime Clerk should be ordered to mail the Conditional Objection Procedure Documents to the DTC Participants for delivery to the beneficial holders of Conditionally Challenged Claims. In addition, the same form of the Conditional Objection Notice should be published (a) in *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) in *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *in El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) in *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home. These were the same publications in which the Court ordered that notice of the Selective Claim Objection be provided.[9] Other than EMMA, they are also the same publications used for notification of the Bar Date in the Bar Date Order.

---

[9] In the Selective Claim Objection Procedures Order, movants were required to cause the publication of the notice in such publications, other than *Caribbean Business*, within five (5) days of entry of such Order. Dkt No. 5143 ¶ 7. The Proposed Order modifies this requirement slightly by providing that the GO Group will cause the publication of the Conditional Objection Notice to occur within five (5) business days following the entry of the order for all such publications and within fourteen (14) days for *Caribbean Business*.

10

20. The above notice procedures will provide more than adequate notice of the Conditional Objection and the Participation Deadline as evidenced by the fact that, as of the date of this Motion, more than 700 parties, including bondholders residing in Puerto Rico, have filed Notices of Participation in the Selective Claim Objection litigation. Moreover, the vast majority of such Notices of Participation were filed by persons acting pro se. Thus, it is clear that even unrepresented parties can comply with the minimal procedural requirements of the Objection Procedures by filing and serving a Notice of Participation.

21. Moreover, the Court has discretion under Section 105(a) of the Bankruptcy Code to enter general procedural orders governing the administration of its cases and the litigation of issues concerning claim objections. To that end, the GO Group requests that the Court enter an order approving the initial Conditional Objection Procedures for resolving the Conditional Objection, including setting the date that is sixty (60) days following the date of the entry of an order granting this Motion as the Participation Deadline. Once Notices of Participation have been submitted, the GO Group proposes that the GO Group consolidate the information contained in such notices and propose briefing and discovery procedures to resolve issues related to the Conditional Objection in an efficient and orderly manner. The goal of the Conditional Objection Procedures is to streamline the process and limit the number of filings with the Court.

**NOTICE**

22. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Oversight Board, (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) insurers of bonds issued or guaranteed by the Commonwealth; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Commonwealth; (viii) Cede & Co., as

11

depository for GO Bonds and PBA Bonds; (ix) DTC; (x) the PBA; (xi) U.S. Bank Trust National Association and U.S. Bank National Association, as fiscal agents for the PBA Bonds, and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

23. No previous request for the relief requested herein has been made to this or any other court.

## CONCLUSION

24. For the foregoing reasons, the GO Group respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: April 2, 2019 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Lawrence S. Robbins |
| J. Ramón Rivera Morales | Lawrence S. Robbins |
| USDC-PR Bar No. 200701 | Mark T. Stancil |
| Andrés F. Picó Ramírez | Gary A. Orseck |
| USDC-PR Bar No. 302114 | Kathryn S. Zecca |
| JIMÉNEZ, GRAFFAM & LAUSELL | Donald Burke |
| P.O. Box 366104 | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| San Juan, PR 00936 | UNTEREINER & SAUBER LLP |
| Telephone: (787) 767-1030 | 2000 K Street, N.W., 4th Floor |
| Facsimile: (787) 751-4068 | Washington, DC 20006 |
| Email: rrivera@jgl.com | Telephone: (202) 775-4500 |
| | Email: lrobbins@robbinsrussell.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

13