## Exhibit A

**Proposed Order**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN COMMONWEALTH <u>GENERAL OBLIGATION BONDS</u>

Upon consideration of the *Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Holders of Certain Commonwealth General Obligation Bonds* (the "Motion"),[2] and the exhibits attached thereto, and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to Section 502 of the Bankruptcy Code as incorporated by Section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by Section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA Section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the Motion is GRANTED to the extent set forth herein.

2.      The GO Group is hereby authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by Section 310 of PROMESA, with their Conditional Objection to the Conditionally Challenged Claims on an omnibus basis; and the filing of the Conditional Objection shall not limit the ability of the GO Group, or any other party in interest, to subsequently object to the Conditionally Challenged Claims on grounds other than those set forth in the Conditional Objection, and all other claims, counterclaims and defenses are hereby preserved.  Nor shall the filing of the Conditional Objection limit the ability of the GO Group, or any other party in interest, to subsequently object to claims other than the Conditionally Challenged Claims on any grounds.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3.     The Conditional Objection Notice, Conditional Objection Procedures and form of Notice of Participation, annexed hereto as Exhibit 1, Exhibit 2, and Exhibit 3, respectively, are hereby approved.  The Conditional Objection Procedures are deemed to have been incorporated herein.

4.     The GO Group shall cause copies of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation to be served upon the PBA immediately upon entry of this Order.

5.     The Oversight Board, in coordination with the GO Group, shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation upon all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth.

6.     The Oversight Board, in coordination with the GO Group, shall cause Prime Clerk, immediately upon entry of this Order, to commence service of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation upon all individuals and entities who are beneficial holders of the GO Bonds and PBA Bonds that are affected by the Conditional Objection in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds, annexed as Exhibit A to the Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds*. [Docket No. 5049].

7.       The Oversight Board, in coordination with the GO Group, shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation is in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each, except for *Caribbean Business*, within five (5) business days of the entry of this Order, and with respect to *Caribbean Business*, within fourteen (14) days of the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient publication notice of the Conditional Objection and the Conditional Objection Procedures.

8.       DTC shall give notice to its Participants of the Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation by posting a copy of said Conditional Objection Notice, Conditional Objection Procedures, and Notice of Participation to its Legal Notification System in accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

9.       The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2019

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## Exhibit 1

**Objection Notice**

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60
DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### NOTICE OF CONDITIONAL OBJECTION OF THE AD HOC GROUP OF
### GENERAL OBLIGATION BONDHOLDERS TO CLAIMS FILED OR
### ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF
### PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN
### COMMONWEALTH GENERAL OBLIGATION BONDS

　　　You are receiving this notice because you have been identified as holding one or more of
the following: (i) certain general obligation bonds issued by the Commonwealth of Puerto Rico
(the "Commonwealth," and such bonds ("GO Bonds") beginning in fiscal year 2010; (ii) bonds
issued by the Puerto Rico Public Buildings Authority (the "PBA") and guaranteed by the
Commonwealth ("PBA Bonds," and together with the GO Bonds, "Conditionally Challenged
Bonds"); or (iii) claims against the Commonwealth relating to the Commonwealth's obligation to
pay or advance rent due under certain leases with the PBA (the "PBA Leases"). A list of the
CUSIP numbers for the Conditionally Challenged Bonds can be found at the bottom of this notice.

　　　Please note that the Ad Hoc Group of General Obligation Bondholders (the "GO Group")
has filed an *Omnibus Conditional Objection, Pursuant to Bankruptcy Code Section 502 and
Bankruptcy Rule 3007, to Claims Filed or Asserted by the Public Buildings Authority, Holders of
Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits
of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA")
(Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto
Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government
of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA")
(Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case
numbers are listed as Bankruptcy Case numbers due to software limitations).

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

*Bonds* (the "Conditional Objection").  The Conditional Objection asserts that that if the District Court adopts certain premises of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* (the "Selective Claim Objection"), the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any PBA Bonds and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations with respect to leases entered into by the PBA (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain GO Bonds issued by the Commonwealth and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010.  The claims to which the GO Group conditionally objects are referred to herein as the "Conditionally Challenged Claims," and holders of such Conditionally Challenged Claims as "Conditionally Challenged Claimholders.

The full text of the Conditional Objection may be found on the Internet by using the following link: [Prime Clerk link]

This Conditional Objection conditionally seeks to disallow and invalidate all Conditionally Challenged Claims, including claims on GO Bonds issued by the Commonwealth beginning in fiscal year 2010 and all outstanding PBA Bonds.  **Subject to applicable appellate rights, if the Court grants the Conditional Objection in whole or in part, Conditionally Challenged Claimholders' recovery on account of the Conditionally Challenged Claims will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such Conditionally Challenged Claims.  Thus the Conditional Objection may affect your rights.  As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Conditional Objection.  The Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION] (the "Participation Deadline").**

Please note further, that on _____, the District Court granted the GO Group's motion for approval of certain procedures with respect to such Conditional Objection (the "Conditional Objection Procedures").  If you intend to respond to the Conditional Objection or participate in the litigation in any way, you must follow the Conditional Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline.  A form Notice of Participation is provided herewith.  **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation.**

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Conditional Objection Procedures by the Participation Deadline, no substantive response to the Conditional Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

Requests for Spanish-language versions of this Notice, Conditional Objection Procedures, and Notice of Participation form and any questions regarding this notice should be sent in writing to:

> Robbins Russell LLP
> 2000 K Street, N.W., 4th Floor
> Washington, DC 20006
> Attn:  Dani Zylberberg
> NoticeofParticipation@robbinsrussell.com
> 202-775-3049

**Esta Objeción Condicional tiene el propósito de rechazar e invalidar las reclamaciones contra los Bonos Impugnados Condicionalmente, incluyendo reclamaciones en contra de Bonos GO emitidos por el Estado Libre Asociado comenzando en el año fiscal 2010 y todos los Bonos PBA pendientes. Si el Tribunal concede la Objeción Condicional parcial o totalmente, sujeto a los derechos apelativos aplicables, la recuperación de estos Bonos Impugnados Condicionalmente,  quedará eliminada total o parcialmente la recuperación de estos Bonos Impugnados Condicionalmente y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en contra del Estado Libre Asociado, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III, y de participar en cualquier distribución efectuadas en este caso bajo el Titulo III a causa de dichas reclamaciones de los Bonos Impugnados Condicionalmente. Como se explica en el párrafo siguiente, usted tiene el derecho de presentar un Aviso de Participación si quiere responder a la Objeción Condicional. El Aviso de Participación tiene que presentarse en o antes [insertar fecha que sea 60 días luego de emitida Orden concediendo la Moción sobre Procedimientos].  Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos de Objeción, y el Aviso de Participación en español deben enviar una solicitud por escrito a NoticeofParticipation@robbinsrussell.com.**

The CUSIP numbers of Conditionally Challenged Bonds are shown in the charts on the following pages.

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

**GO Bonds**

| SERIES | CUSIP |
|---|---|
| 2007 A-4 | 74514LVT1 |
| 2007 A-4 | 74514LVU8 |
| 2009 A | 74514LVV6 |
| 2009 B | 74514LVW4 |
| 2009 B | 74514LVX2 |
| 2009 B | 74514LVY0 |
| 2009 B | 74514LVZ7 |
| 2009 C | 74514LWA1 |
| 2011 A | 74514LWJ2 |
| 2011 A | 74514LWK9 |
| 2011 A | 74514LWL7 |
| 2011 A | 74514LWM5 |
| 2011 A | 74514LWN3 |
| 2011 A | 74514LWP8 |
| 2011 A | 74514LWQ6 |
| 2011 A | 74514LWR4 |
| 2011 A | 74514LWS2 |
| 2011 A | 74514LWT0 |
| 2011 C | 74514LWX1 |
| 2011 C | 74514LWY9 |
| 2011 C | 74514LWZ6 |
| 2011 C | 74514LXA0 |
| 2011 C | 74514LXB8 |
| 2011 C | 74514LXC6 |
| 2011 C | 74514LXD4 |
| 2011 C | 74514LXE2 |
| 2011 C | 74514LXF9 |
| 2011 C | 74514LXG7 |
| 2011 C | 74514LXH5 |
| 2011 | 74514LYW1 |
| 2011 D | 74514LZA8 |
| 2011 D | 74514LZB6 |
| 2011 D | 74514LZC4 |
| 2011 D | 74514LZD2 |

| SERIES | CUSIP |
|---|---|
| 2011 D | 74514LZE0 |
| 2011 D | 74514LZF7 |
| 2011 D | 74514LZG5 |
| 2011 D | 74514LZH3 |
| 2011 D | 74514LZJ9 |
| 2011 E | 74514LZK6 |
| 2011 E | 74514LZL4 |
| 2011 E | 74514LZM2 |
| 2011 E | 74514LZN0 |
| 2011 E | 74514LZP5 |
| 2011 E | 74514LZQ3 |

4

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60
DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

**PBA Bonds**

| SERIES | CUSIP | | SERIES | CUSIP |
|---|---|---|---|---|
| SERIES L (1970 Bond Resolution) | 745235GJ4 | | SERIES M-1 | 745235ZK0 |
| SERIES A | 745235G62 | | SERIES M-1 | 745235ZL8 |
| SERIES A | 745235G70 | | SERIES M-1 | 745235ZM6 |
| SERIES A | 745235G88 | | SERIES M-1 | 745235ZN4 |
| SERIES A | 745235G96 | | SERIES M-1 | 745235ZP9 |
| SERIES A | 745235H20 | | SERIES M-1 | 745235ZQ7 |
| SERIES A | 745235H38 | | SERIES M-1 | 745235ZR5 |
| SERIES A | 745235H46 | | SERIES M-1 | 745235ZS3 |
| SERIES D | 745235D32 | | SERIES M-1 | 745235ZT1 |
| SERIES D | 745235D40 | | SERIES M-2 | 745235B67 |
| SERIES D | 745235D24 | | SERIES M-2 | 745235B75 |
| SERIES D | 745235VX6 | | SERIES M-3 | 745235J93 |
| SERIES D | 745235VY4 | | SERIES M-3 | 745235K26 |
| SERIES D | 745235VZ1 | | SERIES M-3 | 745235K34 |
| SERIES F | 745235RV5 | | SERIES M-3 | 745235K42 |
| SERIES F | 745235RW3 | | SERIES M-3 | 745235K59 |
| SERIES F | 745235RX1 | | SERIES M-3 | 745235K67 |
| SERIES F | 745235RY9 | | SERIES N | 745235A27 |
| SERIES F | 745235RZ6 | | SERIES N | 745235A35 |
| SERIES F | 745235SA0 | | SERIES N | 745235A43 |
| SERIES F | 745235SB8 | | SERIES N | 745235A50 |
| SERIES F | 745235SC6 | | SERIES N | 745235A68 |
| SERIES G | 745235SW2 | | SERIES N | 745235A76 |
| SERIES G | 745235SX0 | | SERIES N | 745235A84 |
| SERIES H | 745235TG6 | | SERIES N | 745235A92 |
| SERIES H | 745235TH4 | | SERIES N | 745235B26 |
| SERIES H | 745235TJ0 | | SERIES N | 745235B34 |
| SERIES H | 745235TK7 | | SERIES N | 745235B42 |
| SERIES H | 745235TL5 | | SERIES N | 745235ZX2 |
| SERIES I | 745235D57 | | SERIES N | 745235ZY0 |
| SERIES I | 745235D65 | | SERIES N | 745235ZZ7 |
| SERIES I | 745235VR9 | | SERIES P | 745235K75 |
| SERIES K | 745235L82 | | SERIES P | 745235K83 |
| | | | SERIES P | 745235K91 |
| | | | SERIES P | 745235L25 |

**\* THIS NOTICE REQUIRES ACTION ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

| SERIES | CUSIP |
|---|---|
| SERIES P | 745235L33 |
| SERIES P | 745235L41 |
| SERIES P | 745235L58 |
| SERIES P | 745235L66 |
| SERIES P | 745235L74 |
| SERIES Q | 745235L90 |
| SERIES Q | 745235M24 |
| SERIES Q | 745235M32 |
| SERIES Q | 745235M40 |
| SERIES R | 745235M57 |
| SERIES R | 745235M65 |
| SERIES R | 745235M73 |
| SERIES R | 745235M81 |
| SERIES S | 745235M99 |
| SERIES S | 745235N23 |
| SERIES S | 745235N31 |
| SERIES S | 745235N49 |
| SERIES S | 745235N56 |
| SERIES S | 745235N64 |
| SERIES S | 745235N72 |
| SERIES S | 745235N80 |
| SERIES S | 745235N98 |
| SERIES S | 745235P21 |
| SERIES S | 745235P39 |
| SERIES S | 745235P47 |
| SERIES S | 745235P54 |
| SERIES S | 745235P62 |
| SERIES S | 745235P70 |
| SERIES S | 745235P88 |
| SERIES T | 745235Q20 |
| SERIES U | 745235R37 |
| SERIES U | 745235R52 |
| SERIES U | 745235R60 |
| SERIES U | 745235R78 |
| SERIES U | 745235R86 |
| SERIES U | 745235R94 |
| SERIES U | 745235S28 |
| SERIES U | 745235S36 |

| SERIES | CUSIP |
|---|---|
| SERIES U | 745235S44 |
| SERIES U | 745235S69 |

## **Exhibit 2**

**Objection Procedures**

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS
FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**INITIAL PROCEDURES FOR RESOLVING CONDITIONAL OBJECTION
OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS
TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS
AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS,
AND HOLDERS OF CERTAIN COMMONWEALTH
<u>GENERAL OBLIGATION BONDS</u>**

Pursuant to the Order (the "<u>Order</u>") of the United States District Court for the District of Puerto Rico (the "<u>District Court</u>"), dated _____, [Docket No. ___], the following initial procedures will apply to the resolution of the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* dated April 2, 2019 [Docket No. ___] (the "<u>Conditional Objection</u>").[2]

The Ad Hoc Group of General Obligation Bondholders (the "<u>GO Group</u>") filed the Conditional Objection asserting that in the event the District Court adopts certain premises of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The full text of the Conditional Objection may be found on the Internet by using the following link:  [Prime Clerk Link].

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

*Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* dated January 14, 2019 [Docket No. 4784], the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any bonds issued by the Puerto Rico Public Buildings Authority (the "PBA") and guaranteed by the Commonwealth (the "PBA Bonds") and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations in connection with leases entered into by the PBA (the "PBA Leases") (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain general obligation bonds issued by the Commonwealth ("GO Bonds") and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010.

The GO Bonds and PBA Bonds to which the GO Group conditionally objects are referred to herein as the "Conditionally Challenged Bonds," and together with the claims relating to the PBA Leases to which the GO Group conditionally objects, the "Conditionally Challenged Claims." Holders of Conditionally Challenged Bonds are referred to herein as "Conditionally Challenged Bondholders," and together with the PBA, as "Conditionally Challenged Claimholders."

1.    Exclusivity of Procedures

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of the Conditionally Challenged Claims on the grounds set forth in the Conditional Objection.

2.    Notices of Participation

Any party in interest, including, without limitation, the Financial Oversight and Management Board for Puerto, the Puerto Rico Fiscal Agency and Financial Advisory Authority, the Official Committee of Unsecured Creditors, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and any Conditionally Challenged Claimholder that wishes to participate in the litigation of the Conditional Objection must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Conditional Objection; (b) provide the name, address and email address of the Participant and its counsel, and (c) to the extent filed by a Conditionally Challenged Bondholders, set forth (i) whether all or part of the Participant's Conditionally Challenged Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for any such Conditionally Challenged Bonds to the best of such Conditionally Challenged Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all Conditionally Challenged Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Conditional Objection in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Objection shall collectively constitute "Joint Conditional Objectors," and parties that oppose the relief sought in the Objection shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [60 days from entry of the Order] (the "Participation Deadline")**. For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Conditional Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation. In particular, and subject to applicable appellate rights, if the District Court grants the Conditional Objection in whole or in part, Conditionally Challenged Claimholders' recovery based on or relating to the Conditionally Challenged Claims will be eliminated in whole or in part , and such claimholders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in in this Title III Case, and from participating in any distribution in this Title III Case based on or relating to such Conditionally Challenged Claims. By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Conditional Objection, will be entitled to receive notification of case events specific to the Conditional Objection, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Conditional Objection.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a Conditionally Challenged Claimholder, shall operate to confer standing upon such person or entity to participate in the litigation of the Conditional Objection, and all rights to object to any person or entity's standing are preserved.

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

3.  The Initial Proposal Exchange/ Recommendation

  On the date that is five (5) days after the Participation Deadline, the GO Group shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Conditional Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation. Twenty-one (21) days after the Participation Deadline (the "Initial Proposal Exchange Deadline"), Joint Conditional Objectors and the GO Group, on the one hand, and Respondents (individually and/or through ad hoc groups), on the other, will simultaneously exchange proposals (the "Initial Proposals") by email setting forth the procedures that will govern litigation of the Conditional Objection, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of Conditionally Challenged Claims who did not file Notices of Participation (the "Conditional Objection Litigation Procedures"). The GO Group will send by email the Initial Proposals to all parties who filed Notices of Participation, but such Initial Proposals will not be filed with the District Court.  Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.  During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the GO Group and the Participants shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Conditional Objection Litigation Procedures for the District Court. The GO Group will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants.  The GO Group and the Participants shall use reasonable efforts to develop a fully consensual recommendation with respect to Conditional Objection Litigation Procedures.  On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the GO Group shall cause to be filed with the District Court a recommendation concerning the proposed Conditional Objection Litigation Procedures (the "Recommendation") and shall indicate which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The GO Group shall have caused a draft of the Recommendation to have been sent by email to all Participants at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Conditional Objection Litigation Procedures.  Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

4.  Litigation

  A.  District Court Status Conference

  The GO Group will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

  (i)  the sequence and timing of any discovery;

  (ii)  the extent to which joint briefs can or should be submitted;

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

(iii)    a briefing schedule; and

(iv)    any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objection and the Notices of Participation.

B.    <u>Coordination</u>

To the extent that the District Court determines that joint briefs can and should be submitted–

The GO Group and any Joint Conditional Objector shall cooperate in good faith in order to file joint papers with respect to the Conditional Objection, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.  Likewise, the Respondents shall cooperate in good faith to file joint papers with respect to the litigation of the Conditional Objection and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery–

The GO Group and the Joint Conditional Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.

5.    <u>Notices of Participation Submitted After the Participation Deadline</u>

Any party that submits a Notice of Participation after the Participation Deadline, but at least thirty (30) days prior to a trial on the merits of the Conditional Objection, may participate in the litigation of the Conditional Objection by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation.  Such party, however, shall be bound by any orders entered by the District Court (including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the GO Group, Joint Conditional Objectors and Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above.  Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the Conditional Objection.

6.    <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any Conditionally Challenged Claimholder who does not file a Notice of Participation.

7.    <u>Other Objections Permitted</u>

The fact that the GO Group has conditionally objected to the Conditionally Challenged Claims shall not preclude (i) the GO Group or any party in interest from objecting to a

**\*ACTION MUST BE TAKEN ON OR BEFORE [INSERT DATE THAT IS 60 DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

Conditionally Challenged Claim on any basis not set forth in the Conditional Objection or to any other claim asserted by a Conditionally Challenged Claimholder unrelated to the Conditionally Challenged Claims or (ii) a party in interest from asserting additional grounds for objecting to the Conditionally Challenged Claims pursuant to a Notice of Participation.

8.     The Following Persons are the "Notice Parties"

| | |
|---|---|
| **JIMÉNEZ, GRAFFAM & LAUSELL** | **ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP** |
| J. Ramón Rivera Morales | Mark T. Stancil |
| Andrés F. Picó Ramírez | Donald Burke |
| P.O. Box 366104 | 2000 K Street, N.W., 4th Floor |
| San Juan, PR 00936 | Washington, DC 20006 |
| rrivera@jgl.com | mstancil@robbinsrussell.com |
| apico@jgl.com | dburke@robbinsrussell.com |

6

**Exhibit 3**

**Notice of Participation**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [INSERT DATE
THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**NOTICE OF PARTICIPATION IN OMNIBUS CONDITIONAL OBJECTION
OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS
TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS
AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS,
AND HOLDERS OF CERTAIN COMMONWEALTH
GENERAL OBLIGATION BONDS**

**This Notice of Participation must be served and filed no later than [insert date that is 60 days after entry of order granting Conditional Objection Procedures Motion] in accordance with the instructions set forth at the end of this document.**

The party identified below ("Participant") hereby advises the Ad Hoc Group of General Obligation Bondholders (the "GO Group") that it intends to participate in the litigation of the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* dated April 2, 2019 [Docket No. _____] (the "Conditional Objection"), in which the GO Group asserts that that if the District Court adopts certain premises of the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* (the "Selective Claim Objection"), the District Court should enter an order (i) disallowing all claims filed or asserted against the Commonwealth relating to any PBA Bonds and all claims filed or asserted against the Commonwealth relating to the Commonwealth's obligations with respect to leases entered into by the PBA (including the Commonwealth's covenant to pay or advance rent due under such leases), or failing that, (ii) disallowing all claims filed or asserted against the Commonwealth relating to certain GO Bonds issued by the Commonwealth and certain PBA Bonds issued by the PBA and guaranteed by the Commonwealth beginning in fiscal year 2010.

The GO Bonds and PBA Bonds that are affected by the Conditional Objection are referred to herein as the "Conditionally Challenged Bonds," and together with the claims relating to the PBA Leases to which the GO Group conditionally objects, the "Conditionally Challenged Claims."

To ensure full participation rights in the litigation of the Conditional Objection, Participant provides all of the information requested in items 1 through 3 below:

1.    Participant's contact information, including email address, and that of its counsel, if any:

**Participant Name and Contact Information**    **Counsel Contact Information (if any)**

_____    _____
Participant Name    Firm Name (if applicable)

_____    _____
Contact Person (if Participant is not an individual)    Contact Person

_____    _____
Email Address    Email Address

_____    _____
Address line 1    Address line 1

_____    _____
Address line 2    Address line 2

_____    _____
City, State Zip Code    City, State Zip Code

_____    _____
Country    Country

2.      Participant advises that it (choose one of the following by marking "X" in the appropriate space):

         _____ intends to **support** the relief requested in the Conditional Objection (i.e., Participant believes the Court should find the Conditionally Challenged Claims are **invalid**); or

         _____ intends to **oppose** the relief requested in the Conditional Objection (i.e., Participant believes the Court should find the Conditionally Challenged Claims are **valid**)

3.      If Participant is not a holder of any Conditionally Challenged Bonds it can skip to the end of this Notice and sign.  If Participant is a holder of one or more Conditionally Challenged Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

    (a)    Provide the CUSIP Numbers of all Conditionally Challenged Bonds held by Participant:

    (b)    Did Participant purchase any of its Conditionally Challenged Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).

By:_____
    Signature

_____
    Print Name

_____
    Title (if Participant is not an Individual)

_____
    Date

**Instructions for Serving and Filing Notice of Participation:** This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Conditional Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to:  The Clerk of the United States District Court**

for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767.