**Objection Deadline:** April \_\_, 2019 at 4:00 p.m. (AST)
**Hearing Date and Time:** TBD by Court, if necessary

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

-------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY,
      Debtors.

-------------------------------------------------------------------x

PROMESA
Title III
No. 17 BK 3267-LTS

(Jointly Administered)

## NOTICE OF URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO FOR ENTRY OF AN ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE NOTICE** that Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), pursuant to section 105(a) of the Bankruptcy Code and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), is filing the annexed *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (the "Urgent Motion").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Urgent Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-1] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Brown Rudnick LLP, Seven Times Square, New York, NY  10036 (Attn: Edward S. Weisfelner, Esq.) and Brown Rudnick LLP, 601 Thirteenth Street, MW, Washington, D.C.  20005 (Attn: Stephen A. Best, Esq.) and Brown Rudnick LLP, One Financial Center, Boston, MA  02111 (Attn:  Sunni P. Beville, Esq.) and Estrella, LLC, P.O. Box 9023596, San Juan, PR  00902-3596 (Attn: Alberto Estrella, Esq. and Kenneth C. Suria, Esq.); (ii) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq.), and A&S Legal Studio, PSC,

434 Avenida Hostos, San Juan, PR 00918 (Attn: Luis F. del Valle-Emmanuelli, Esq.); (iii)
counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny &
Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq.,
Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS
Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi,
Esq.); and (iv) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500
Tanca Street, Suite 301, San Juan, PR 009011922, so as to be received no later than **April [   ],
2019 at 4:00 p.m. (Atlantic Standard Time).**

      **PLEASE TAKE FURTHER NOTICE** that, if necessary, a hearing will be held
before the Honorable Laura Taylor Swain, United States District Court Judge, at a time and
place to be determined by the Court, to consider the relief sought by the Debtors in the Urgent
Motion.

      **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Urgent Motion
may be granted without a hearing if no objection is timely filed, served, and received in
accordance with the Case Management Procedures.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Urgent Motion and all
documents filed in these Title III cases are available (a) free of charge by visiting
https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's
website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 8, 2019

*/s/ Edward S. Weisfelner*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management*
*Board, acting through the Special Claims Committee*
and

-and-

*/s/ Kenneth C. Suria*

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management*
*Board, acting through the Special Claims Committee*

**Objection Deadline:** April __, 2019 at 4:00 p.m. (AST)
**Hearing Date and Time:** TBD by Court, if necessary

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                              :
In re:                                        :
                                              :
THE FINANCIAL OVERSIGHT AND                   :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,             :  Title III
                                              :
        as representative of                  :  Case No. 17-BK-3283 (LTS)
                                              :
THE COMMONWEALTH OF PUERTO RICO et al.,       :  (Jointly Administered)
                                              :
        Debtors.[1]                           :
-------------------------------------------------------------------- X
```

## URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO FOR ENTRY OF AN ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

Pursuant to section 105(a) of the Bankruptcy Code and  Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), respectfully submits this urgent motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), requiring the production of lists of securities holders that received certain payments on account of certain bonds issued by the Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System for the Commonwealth ("ERS"), and the Puerto Rico Public Buildings Authority (the "PBA"), on the dates identified by CUSIP and date as provided at Appendix 3 to Exhibit B, by certain financial entities identified at Appendix 2 to Exhibit B, as may be supplemented or amended.  In support of this Urgent Motion, the Oversight Board respectfully states as follows:

## **PRELIMINARY STATEMENT**[3]

1.      As related in the *Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Equitably Tolling the Time Prescribed by 11 U.S.C. § 546 to Bring certain Avoidance Actions* [ECF No. 6118] (the "Equitable Tolling Motion"), the Oversight Board presently may be required to exercise rights to litigate all avoidance claims under sections 544, 547, 548, 550 of the Bankruptcy Code held by the Commonwealth and ERS not later than May 2, 2019, and by May 20, 2019, respectively.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms employed in this Preliminary Statement have the meanings ascribed to them below.

2.      The Oversight Board has been working diligently, on its own and with AAFAF and the UCC, to identify and pursue valuable claims before they arguably expire.  The Oversight Board and the UCC have likewise collaborated on, among other things, the Joint Claim Objection relating to certain GO Bonds, and have jointly contemplated the filing of Avoidance Actions to recover payments made on account of the Challenged Bonds.  The Oversight Board has discussed this Urgent Motion with the UCC.

3.      The Commonwealth and its instrumentalities made billions of dollars in payments of principal and interest to purported holders of Challenged Bonds during the four-year lookback period prior to the commencement of the Commonwealth Title III Case.  To pursue avoidance and recovery of these payments, the Oversight Board must identify the holders of Challenged Bonds who received payments of purported principal and interest, which payments may be avoidable under PROMESA and the Bankruptcy Code, depending on the outcome of the Joint Claim Objection, ERS Bond Objection and Ad Hoc Objection.

4.      Because Puerto Rico did not designate an indenture trustee to administer the Challenged Bonds, the Oversight Board must independently identify each beneficial holder of the Challenged Bonds, at the time of *each* payment date for *each* CUSIP for *each* of the Challenged Bonds.  At this time, the Oversight Board, together with the UCC, has been unable to complete this massive undertaking.

5.      The Oversight Board now understands that the best, if not only, way to identify the beneficial holders of Challenged Bonds is by obtaining that information from third-party financial institutions.  Concerning at least the GO Bonds, it appears that the Commonwealth issued its payments of purported principal and interest to DTC, which disbursed the funds to Participant Holders, i.e., financial institutions holding Challenged Bonds on behalf of an investor

clientele (and/or themselves).  While the Commonwealth and ERS employed fiscal agents for
certain Challenged PBA and ERS Bonds, it appears that these bonds also may have been
serviced through DTC and it is not clear whether the fiscal agents compiled records of payments
of purported principal and interest to beneficial holders.[4]  The Participant Holders thus may be,
to the Oversight Board's knowledge, the only persons having any record of the identity of the
beneficial holders at relevant times.

6.      Preserving the Debtors' estates' potentially valuable Avoidance Actions thus
requires that the Participant Holders and other financial institutions disclose to the Oversight
Board the identities of the beneficial holders who received potentially voidable payments.
Moreover, the Oversight Board requires the Participant Holders and other financial institutions to
make such disclosures sufficiently prior to May 2, 2019 as to Challenged GO Bonds and PBA
Bonds, and sufficiently prior to May 20, 2019 as to ERS Bonds.

7.      As indicated in the Equitable Tolling Motion, the Oversight Board was only
recently able to piece together the financial records sufficient to know whom to ask and what to
ask for regarding the Challenged Bonds Avoidance Actions.  The Oversight Board requested
hundreds of Securities Position Reports from DTC, which it expects will identify with reasonable
accuracy the Participant Holders for the 911 CUSIP payment dates corresponding to the
Challenged GO Bonds.  Even before making the request to DTC, the Oversight Board had begun
requesting information on an urgent basis from persons it reasonably believed may have been
Participant Holders.  After constructing a list of Participant Holders, the Oversight Board issued
similarly urgent requests to each.  The Oversight Board has received no disclosures from any of

---

[4] Moreover, it seems that many if not all of the parties acting as fiscal agents for some bonds acted as Participant
Holders for the same and other bonds as well.  Accordingly, for purposes of this Motion, the term "Participant
Holders" includes the fiscal agents of the ERS and PBA Bonds, regardless of the capacity in which they may
possess the requested documents.

the Participant Holders.  To the contrary, <u>every Participant Holder that has responded to the Oversight Board's information requests has indicated it requires a court order or subpoena to disclose the requested information.</u>

8.      The Oversight Board respectfully submits that the information requested herein is reasonable, limited in scope, necessary to preserve value for the estate, not burdensome, and that good cause exists under the Bankruptcy Rules to compel production on an expedited basis.

## JURISDICTION AND VENUE

9.      The United States District Court for the District of Puerto Rico (the "<u>Court</u>") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

10.      Venue is proper pursuant to PROMESA § 307(a).

## STATUTORY PREDICATE

11.      The Oversight Board brings this Urgent Motion pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1007(i) and 2004, made applicable to these Title III cases by sections 301 and 310 of PROMESA respectively.

## FACTUAL BACKGROUND

12.      The Oversight Board incorporates herein by reference the statements of fact contained in the Equitable Tolling Motion.

13.      In January 2019, The Oversight Board, in discharge of its duties under PROMESA, and acting by and through the Special Claims Committee, joined the Official Committee of Unsecured Creditors (the "<u>UCC</u>") in commencing litigation contending that several 2012 and 2014 issuances of Commonwealth of Puerto Rico General Obligation Bonds

(the "First Challenged GO Bonds")[5] violated Puerto Rico's constitutional debt limit, and that claims by purported holders of the Challenged Bonds for principal and interest should be disallowed. *Omnibus Objection of (I) Financial Oversight and Management Board, Acting through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, ECF No. 4784 (the "Joint Claim Objection").

14. On March 12, 2019, the UCC filed the *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico*, ECF No. 5580 (the "ERS Bond Objection"), contending that ERS issued approximately $3.5 billion of bonds *ultra vires*, and thus that such bonds (the "ERS Bonds") are null and void.

15. On April 2, 2019, a group of holders of First Challenged GO Bonds filed the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds*, ECF No. 6099 (the "Ad Hoc Objection"), contending that, should the Court accept various factual and legal premises contained in the Joint Claim Objection, the Court should find on similar grounds that certain series of additional GO Bonds (the "Second Challenged GO Bonds") and bonds issued by the PBA (the "PBA Bonds") were also null and void. Hereinafter, the Second

---

[5] In paragraph eleven of the Joint Claim Objection (as defined in this Motion), the Oversight Board and the UCC reserved their right "to raise additional objections to the validity of *other* issuances of GO bonds." *See* ECF No. 4784 at ¶ 11 (emphasis added). The definition of Challenged Bonds in the Equitable Tolling Motion includes any additional GO Bond issuances which the Oversight Board, pursuant to its reservation of rights, seeks to add to the Joint Claim Objection. For purposes of this Motion, the terms "First Challenged GO Bonds," "Challenged GO Bonds," and "Challenged Bonds" likewise include such additional issuances subject to objection.

Challenged GO Bonds shall together with the First Challenged GO Bonds be referenced as the "Challenged GO Bonds;" and the Challenged GO Bonds together with the PBA Bonds and ERS Bonds shall collectively be referred to as the "Challenged Bonds."[6]

16.     Simultaneous with the Joint Claim Objection, the Oversight Board and the UCC recognized that, to the extent successful in the Joint Claim Objection (and to the extent that other bond issuances could be null and void), the Oversight Board would have grounds to avoid and recover—or "claw back" payments on the Challenged GO Bonds.  In sum, the Oversight Board asserts that, to the extent that the First Challenged GO Bonds were legally null, the Commonwealth had no legal obligation to make payments to purported holders.  Thus, it received no reasonably equivalent value in return for payments of purported principal and interest.  Moreover, any such payments may have been issued at a time when the Commonwealth was insolvent, and otherwise may have satisfied the legal standard to plead, among other causes of action, causes of action in the nature of constructive fraudulent transfer.  Similarly, these same "claw back" causes of action could also apply to the other Challenged Bonds (collectively, the "Challenged Bonds Avoidance Actions").

17.     The Challenged GO Bonds are unlike typical municipal bond issuances in that there is no indenture trustee to represent the interests of the GO bondholders.  Because the GO Bonds do not have a fiscal agent or indenture trustee, holders of GO Bonds are not required to file a proof of claim in the Commonwealth Title III Case.  *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof,* ECF No. 2521.  While the ERS Bonds and PBA Bonds were administered through fiscal agents,

---

[6] *See* above footnote 5.  The definition of Challenged Bonds in this Motion includes any additional GO Bond issuances which the Oversight Board, pursuant to its reservation of rights, seeks to add to the Joint Claim Objection and any other bonds which may be challenged by the Oversight Board or other parties-in-interest.

with whom the Oversight Board has had some contact during these Title III Cases, it is not yet clear what type of information the ERS and PBA Bond agents retained regarding purported principal and interest payments.

18.     The Oversight Board has left no stone unturned in its efforts to identify potential defendants to the Challenged Bonds Avoidance Actions.  The Oversight Board has engaged in numerous discussions and made numerous inquiries to third-party professionals involved in the GO Bonds issuances, the Oversight Board's bankruptcy counsel and financial advisors, and counsel and financial advisors to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").  Unfortunately, these parties have not been able to provide the information necessary to identify all of the recipients of such potentially avoidable transfers ("Challenged Bond Avoidance Defendants").

19.     The Oversight Board is not working alone.  In continuation of their collaborative effort regarding the Joint Claim Objection, the Oversight Board and the UCC are coordinating to identify the ultimate recipients of such potentially avoidable transfers.  The UCC's professionals have assisted in compiling lists of CUSIPs and payment dates necessary to identify Challenged Bond Avoidance Defendants once source data can be obtained, and in investigating potential sources for the data itself.  The Oversight Board and the UCC have been in near-daily contact regarding these efforts and the necessity for the Oversight Board to seek the relief requested in this Urgent Motion.

20.     Based on the information available to the Oversight Board, it appears that, when the Commonwealth and its instrumentalities made payments on the Challenged Bonds, they transferred the funds to DTC, which transferred the payments to various participant financial institutions likely holding bonds on behalf of purported beneficial holders (the "Participant

Holders").[7]  Each Participant Holder then likely transferred all, or a portion of, the payments to
its customers.

21.      Accordingly, the Oversight Board coordinated with DTC, via Prime Clerk in
compliance with a recommended procedure, to obtain bond payment records.  DTC has offered
to provide "Security Position Reports" showing the participant holders of bonds on any given
Friday.  In other words, the Oversight Board is able to understand from these reports *not* how
much money was paid to whom, but only which financial institutions held the bonds on the
Friday preceding and/or following the payments. At the time of this writing, the Oversight Board
has not received any of the requested Security Position Reports, notwithstanding initial
assurances that the first batch of 596 reports would be prepared by April 5, 2019.

22.      Nevertheless, the Oversight Board has contacted certain entities, which it was
able to identify with reasonable certainty as Participant Holders based on other source
information, to obtain their payment records to identify the information required to file
Challenged Bonds Avoidance Actions.  The responses received thus far suggest that consensual
disclosure of the information, to the extent possible, may not occur swiftly enough to permit the
Oversight Board to timely file Challenged Bonds Avoidance Actions against all appropriate
defendants.  Moreover, all of the Participant Holders that responded to the Oversight Board's

---

[7] It is possible that the Commonwealth and ERS, as to the PBA and ERS Bonds, respectively, first transferred funds
to their respective fiscal agents, which either transferred funds directly to bondholders or to DTC as an
intermediary.  Preliminary diligence suggests the latter.  Regardless, by this Motion the Oversight Board requests
permission to request sufficient documentation to resolve this factual issue and obtain appropriate information to
preserve its Challenged Bonds Avoidance Actions.

It is also possible that the Participant Holders were beneficial holders or otherwise served as "initial transferees" of
bond payments for purposes of the Bankruptcy Code, and thus may be Challenged Bond Avoidance Defendants.
The Oversight Board reserves all rights to timely allege claims and causes of action against the Participant
Holders.

information requests indicated they will not disclose the identity of Challenged Bond Avoidance
Defendants absent a court order or subpoena.[8]

23.    To be clear, it is difficult even to identify Participant Holders, much less
Challenged Bond Avoidance Defendants.  For instance, with respect to any given CUSIP subject
to the Joint Claim Objection, the Oversight Board has already ordered a Security Position Report
for *each date* the CUSIP is believed to have been paid within the applicable lookback period for
a constructive fraudulent transfer.

24.    Thus, using the First Challenged GO Bonds as an example, the Oversight Board's
process is as follows:

- There are thirty-seven (37) CUSIPS currently subject to the Joint Claim
  Objection, some of which CUSIPs were paid semi-annually whereas
  others were paid monthly.[9]

- Spread over the First Challenged GO Bond CUSIPs and payment dates,
  the Oversight Board ordered five hundred and ninety-six (596) Security
  Position Reports.

- The Security Position Reports are expected to identify 10-20 Participant
  Holders of the First Challenged GO Bonds,[10] most of which acted as
  Participant Holders for substantially all of the CUSIPs and payment
  dates.

- With each Participant Holder expected to provide approximately 596
  responsive documents, the Oversight Board thus expects to receive

---

[8] The Oversight Board does have authority, pursuant to PROMESA § 104, 48 U.S.C. § 2124, to issue subpoenas.
Having investigated the process for obtaining a subpoena, the Oversight Board understands it would not be
possible to obtain subpoenas in sufficient time to preserve its rights with respect to the Challenged Bonds
Avoidance Actions.

[9] There are an additional three First Challenged GO Bond CUSIPs that were not subject to the Joint Claim
Objection but nevertheless may form the basis for Challenged Bonds Avoidance Actions.  These CUSIPS
represent series of GO Bonds that matured and were satisfied prior to the Commonwealth Petition Date, thus not
forming the basis for any claims against the Commonwealth estate.

[10] As demonstrated at Appendix 2 to Exhibit B hereto, the Participant Holders operate through numerous
subsidiaries under a single parent, which appears to be in most cases the sole entity identified on Security Position
Reports on behalf of all subsidiaries.  The Oversight Board has served notice of this Urgent Motion on the parent
entities. References herein to Participant Holders should be understood to mean the parent entities, unless
subsidiaries are specifically identified in the Security Position Reports.

approximately 9,000 *data sets*, with each data set expected to identify hundreds or thousands of discrete, potentially avoidable transfers.

- The Oversight Board will have to collate this information into tables useful to identify defendants together with relevant CUSIP holdings, dates of receipt, amounts received, and service addresses, and determine whether the circumstances militate the filing of litigation against each of the transferees or a subset thereof.

- The Oversight Board will have to accomplish this task not later than May 2, 2019, and then serve the summons and complaint on Challenged Bond Avoidance Defendants located in the United States not later than May 9, 2019.

25.    These approximately 9,000 data sets, and the tasks required to process them into a form useful for litigation, pertain only to the First Challenged GO Bonds.  The Oversight Board expects that the First Challenged GO Bonds account for *less than forty percent (40%)* of the total avoidable payments and related data required to be produced in order for to file and prosecute all Challenged Bonds Avoidance Actions.

26.    Under the best of circumstances—i.e., immediate disclosure of all Challenged Bond Avoidance Defendants and related information by all Participant Holders—it will be a tremendous accomplishment for the Oversight Board's professionals to prepare, file and serve the appropriate documents in a timely fashion.  For this reason, the Oversight Board continues to ask that the Court grant the Equitable Tolling Motion for the reasons stated therein to enable the Debtors to file Challenged Bond Avoidance Actions after May 2, 2019 if necessary.[11]  To be clear, however, even if the Court were to grant the Equitable Tolling Motion, the Oversight Board believes it should also grant the urgent relief sought herein to ensure that the Oversight Board may commence as many of the Challenged Bonds Avoidance Actions as possible on or

---

[11] *See* Equitable Tolling Motion, ¶ 25, footnote 5.  The Oversight Board has reserved the right to raise objections to bonds including but not limited to the Challenged Bonds.  The Equitable Tolling Motion is thus not coextensive with this Motion, and a grant of sufficient relief with respect to this Motion would not obviate the need for the relief requested in the Equitable Tolling Motion.

before May 2, 2019, which remains the best and most certain way to preserve the Debtors'
rights.

## **RELIEF REQUESTED**

27.     By this Urgent Motion, the Oversight Board, acting by and through its Special
Claims Committee, requests that this Urgent Motion be heard on an urgent basis prior to the next
scheduled omnibus date and at the Court's earliest convenience to the extent the Court
determines a hearing is necessary, and seeks the entry of an order requiring each of the
Participant Holders identified at Appendix 2 to Exhibit B, as such list may be supplemented or
amended upon receipt of additional information, to produce a list of all beneficial holders of
Challenged Bonds to whom payments of purported principal and interest were transferred with
respect to the bond series and date ranges provided at Appendix 3 to Exhibit B, together with the
amounts and dates of such payments and service address information for each such transferee.

## **ARGUMENT**

28.     The Oversight Board respectfully suggests that cause exists to require disclosure
of the requested information on an expedited basis.

29.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the
court may order the examination of any entity."  The scope of such examination may relate to
"the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any
matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b).
The purpose of a Bankruptcy Rule 2004 examination is to assist a party in interest in determining
the nature and extent of the bankruptcy estate, revealing assets including but not limited to
litigation assets.  *See In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also In
re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

30.     Bankruptcy Rule 1007(i) provides that "[a]fter notice and hearing and for cause shown, the court may direct an entity other than the debtor or trustee to disclose any list of security holders of the debtor in its possession or under its control, indicating the name, address and security held by any of them."  The context of Rule 1007(i) within Rule 1007 suggests that, like other lists of assets and liabilities and payment records of a debtor, it is intended to illuminate the value of the estate to the court and parties in interest, including by promoting the development and prosecution of valuable litigation claims. *Cf. In re Empire State Conglomerates, Inc.*, 546 B.R. 306, 316 (Bankr. S.D.N.Y. 2016) (holding on request to remove trustee that where the "Bankruptcy Code does not define 'cause,'" "caselaw generally requires . . . actual injury to debtor's interest.").  Here, absent the disclosure of the requested information the Commonwealth will be injured by its inability to recover funds wrongfully transferred away from estate coffers.

31.     While it is requesting a large volume of information, the Oversight Board has circumscribed its inquiry in this instance solely to the Challenged Bonds subject to the Joint Claims Objection, ERS Bond Objection, and Ad Hoc Objection.  This request is narrowly tailored to the Oversight Board's efforts to identify the targets of the Challenged Bonds Avoidance Actions.  As noted above, the first deadline for commencing such actions is approaching in a matter of approximately three weeks from the filing hereof.  The Oversight Board must obtain this information without delay to preserve valuable claims for the Commonwealth's estate, for the benefit of taxpayers and legitimate creditors of Puerto Rico. Cause therefore exists for the Court to schedule a hearing on this Motion on an urgent basis (prior to the next omnibus hearing, currently scheduled for April 24, 2019) and grant the requested relief.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES AND CASE MANAGEMENT ORDER

32.     Pursuant to Paragraph I.H of the Case Management Procedures, the Oversight Board hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; is has not created the urgency through any lack of due diligence; it has made a bona fide effort to resolve the matter without a hearing; and it has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.  No party has indicated that it will object to the relief requested herein.

## NOTICE

33.     The Debtors have provided notice of this Urgent Motion to: (a) the Chambers of the Honorable Laura Taylor Swain; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) AAFAF; (d) counsel for AAFAF; (e) counsel for the Oversight Board; (f) Counsel for the Creditors' Committee; (g) Counsel for the Retiree Committee; (h) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (i) counsel to any other statutory committee appointed in these Title III Cases; (j) counsel to any ad hoc bondholder group which has filed a Federal Rule of Bankruptcy Procedure 2019 statement in these Title III Cases; (k) counsel to Bank of New York Mellon as agent with respect to the ERS Bonds; (l) counsel to U. S. Bank Trust National Association, Banco Popular de Puerto Rico, Bank of New York, and U.S. Bank as agents with respect to the PBA Bonds; (m) counsel to the Ad Hoc GO Bondholders; and (n) the Participant Holders identified in Exhibit B hereto; (o) the Puerto Rico Department of Justice; and (p) all parties filing a notice of appearance in these Title III Cases. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Oversight Board, acting by and through its Special Claims Committee, respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and granting the Committee such other relief as this Court deems just and proper.

Dated: April 8, 2019                     */s/ Edward S. Weisfelner*
                                         BROWN RUDNICK LLP
                                         Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
                                         Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
                                         Seven Times Square
                                         New York, NY 10036
                                         Tel: (212) 209-4800
                                         eweisfelner@brownrudnick.com
                                         apapalaskaris@brownrudnick.com

                                         Stephen A. Best, Esq. (*Pro Hac Vice*)
                                         601 Thirteenth Street NW, Suite 600
                                         Washington, D.C. 20005
                                         Tel: (202) 536-1700
                                         sbest@brownrudnick.com

                                         Sunni P. Beville, Esq. (*Pro Hac Vice*)
                                         One Financial Center
                                         Boston, MA 02111
                                         Tel: (617) 856-8200
                                         sbeville@brownrudnick.com

                                         *Counsel to the Financial Oversight and Management*
                                         *Board, acting through the Special Claims Committee*
                                         and

                                         -and-

*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management
Board, acting through the Special Claims Committee*

# **Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------- X
                                                                 :
In re:                                                           :
                                                                 :
THE FINANCIAL OVERSIGHT AND                                      : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                : Title III
                                                                 :
        as representative of                                     : Case No. 17-BK-3283 (LTS)
                                                                 :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                        : (Jointly Administered)
                                                                 :
        Debtors.[1]                                              :
---------------------------------------------------------------- X

**[PROPOSED] ORDER PURSUANT TO BANKRUPTCY RULES 1007(i) AND 2004**
**AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF**
**SECURITY HOLDERS**

Upon consideration of the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April [ ], 2019 (the "Urgent Motion"),[2] and the exhibits attached thereto, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Urgent Motion has

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

been provided under the particular circumstances and no other or further notice need by

provided; (iv) based on the statements and arguments made in the Urgent Motion, the Court finds

that disclosure pursuant to Rule 1007(i) and examination under Rule 2004 of the Federal Rules

of Bankruptcy Procedure is appropriate, including but not limited to examination of the

documents sought in the Document Request identified as <u>Exhibit B</u> to the Urgent Motion (the

"<u>Document Request</u>"). Accordingly, it is hereby:

 **ORDERED** that this Urgent Motion is granted; and it is further

 **ORDERED** that the Oversight Board is authorized to issue the Document Request

attached as <u>Exhibit B</u> to the Urgent Motion to the Participant Holders identified at <u>Appendix 2</u> to

<u>Exhibit B</u> to the Urgent Motion, as such appendix may be supplemented or amended upon

receipt of information sufficient to identify Participant Holders of the Challenged Bond series

identified at <u>Appendix 3</u> to <u>Exhibit B</u>; and it is further

 **ORDERED** that such Participant Holders shall respond to the Document Request not

later than April 19, 2019; and it is further

 **ORDERED** that the terms of and conditions of this Order shall be immediately effective

and enforceable upon its entry.

Dated: _____, 2019

_____
Honorable Laura Taylor Swain
United States District Judge

## Exhibit B

**Document Request**

## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S FIRST SET OF DISCOVERY REQUESTS WITH RESPECT TO POTENTIAL AVOIDANCE ACTIONS

Pursuant to the Order attached as <u>Appendix 1</u> hereto and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), made applicable to the above-captioned cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"), the Financial Oversight and Management Board of Puerto Rico hereby requests that the parties identified on the list attached as <u>Appendix 2</u> hereto produce the documents requested below (the "<u>Document Request</u>") **on or before 4:00 p.m. on April 19, 2019**, or on such other date as may be agreed to by the parties, to:

- As pertaining to the "ERS Bonds" identified at <u>Appendix 3</u> hereto: Proskauer Rose LLP, Attn: Brian S. Rosen, Esq. (brosen@proskauer.com); and

- As pertaining to all other bonds identified at <u>Appendix 3</u> hereto:  Brown Rudnick LLP, Attn: Tristan G. Axelrod, Esq. (taxelrod@brownrudnick.com).

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "And" and "or" have both conjunctive and disjunctive meanings and therefore should be read as "and/or." Similarly, "all," "any," "each" and "every" are used in the inclusive sense, and therefore should be read as meaning "each and every." The word "including" should be read as meaning "including without limitation."

2.      "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

3.      "Transfer" has the definition set forth in 11 U.S.C. § 101(54).

4.      "You" or "Your" means each party identified at <u>Appendix 2</u> hereto.

5.      Reference to the singular in any of these Discovery Requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

6.      All information requested herein is to be provided if it is in the possession, custody or control of, or is available and accessible to, You or any of Your agents, representatives or any other Person acting for You or on Your behalf.

7.      If You cannot answer any of the following Document Request in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain Your inability to provide a complete answer.

8.      If You object to part of the Document Request and refuse to answer that part on the basis of a claim of privilege, state the objection and answer the remaining portion of the request. As to any Communication that You refuse to disclose on the basis of a claim of privilege, identify: (a) the name, address, position, and organization of the participants in the communication, (b) any documents reflecting or summarizing all or part of the communication, including the date, length, and type of document and description of the subject matter of the document, and (c) the specific grounds for claiming that the communication is privileged.

9.      This Document Request is to be considered as continuing, and You are to supplement Your responses with additional information as You may hereafter obtain.

<u>**REQUEST FOR PRODUCTION**</u>

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>  With respect to any Transfer by You to any Person in respect of the bond series identified during the periods identified at <u>Appendix 3</u> hereto, produce either a list of or other documents sufficient to identify: (i) the Person who received such Transfer and/or the Person on whose behalf the Transfer was made, (ii) the address of any such Person, (iii) the amount of such Transfer, (iv) the date of such Transfer, and (v) the CUSIP applicable to such Transfer.

Dated: April [ ], 2019

/s/ [    ]

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management
Board, acting through the Special Claims Committee*

and

/s/ [    ]

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management
Board, acting through the Special Claims Committee*

## **Appendix 1**

**Order Compelling Production**

## Appendix 2

## Participant Holders[1]

### BANK OF AMERICA, NATIONAL ASSOCIATION 2236
BANK OF AMERICA, NA/GWIM TRUST OPERATIONS 0955
BANK OF AMERICA/LASALLE BANK NA/IPA, DTC #1581 1581
BANK OF AMERICA NA/CLIENT ASSETS 2251
BNY MELLON CAPITAL MARKETS, LLC

### THE BANK OF NEW YORK MELLON 0901
THE BANK OF NEW YORK MELLON/MELLON TRUST OF NEW ENGLAND, NATIONAL ASSOCIATION 0954
BNYMELLON/RE ETF - UIT DTC/NSCC 0963 0963
BNYMELLON/RE DE SHAW US BROAD MC ALP E PORT LLC 1414
BNYMELLON/RE DE SHAW US L CAP C ALP EX PORT LLC 1416
BNYMELLON/DEDICATED PARTICIPANT #66 1419
BNYMELLON/RE DE SHAW BMCAE SPECIAL FUND LP 1420
BNYMELLON/RE DES US BMC ALP E S PORT II MA LLC 1421
THE BANK OF NEW YORK MELLON/IPA 1541
THE BANK OF NEW YORK MELLON/HH ELLINGTON MASTER FUND LTD 1961
BNYMELLON/RE BGC BROKERS LP 2002
THE BANK OF NEW YORK MELLON/SOC GEN BANK 2020
THE BANK OF NEW YORK MELLON/HBK GLOBAL SECURITIES LP 2022
THE BANK OF NEW YORK MELLON/FMSBONDS, INC. 2023
BNYMELLON/RE BNYMSANV RE FIRM 2026
THE BANK OF NEW YORK MELLON/HBK MASTER FUND LP 2046
BNYMELLON/RE DBTCA-DB AG LDN PB - CLIENT ACCOUNT 2057
BNYMELLON/RE DBTCA/DB AG LDN PB-DEUTSCHE BANK NY 2059
BNY MELLON/NGFP MAIN 2063
BNYMELLON/RE BNP PARIBAS TRI-PARTY ACCOUNT 2070
BNYMELLON/RE BNYMSANVAMS RE FIRM LAB 2074
BNYMELLON/RE DBTCA/DB AG LDN PB CHEYNE VALUE FUND LP 2079
THE BANK OF NEW YORK MELLON/NATIXIS FUNDING CORP 2089
BNYMELLON/RE DB AG LON PB POLGON GL OP M/FD 2090
BNYMELLON/RE RABOBANK INTERNATIONAL UNEF 2091
BNYMELLON/RE SUNTRUST BANK 2093
BNYMELLON/RE SUNTRUST BANK PORTFOLIO 2100
BNYMELLON/RE BARCLAYS CAPITAL SECURITIES LTD. 2103
THE BANK OF NEW YORK MELLON/FIFTH THIRD BANK 2105
BNYMELLON/RE ALLSTATE MARK TO MARKETS 2106
THE BANK OF NEW YORK MELLON/COMMERCIAL LOANS 2107
BNYMELLON/RE ICBC STANDARD BANK PLC 2109

---

[1] Each named participant also includes the reference number assigned to it by The Depository Trust Company.

BNYMELLON/RE NOMURA PB NOMINEES LTD 2131
THE BANK OF NEW YORK MELLON/IVORS 2136
THE BANK OF NEW YORK MELLON/ELLINGTON SPECIAL OPPORTUNITIES FUND,
LTD. 2138
BNYMELLON/RE FIRM INVESTMENT ACCOUNT 2151
THE BANK OF NEW YORK MELLON/DEUTSCHE BANK LONDON AG
LONDON/GLOBAL MARKET #2 2155
BNYMELLON/RE DBTCA/DB AG LDN PB MULTI SEG CLEARANCE 2156
BNY MELLON/NGFP COLLATERAL 2158
BNYMELLON/RE DBTCA/DB AG LDN B CHEYNE SPEC'L SIT FD 2160
BNYMELLON/RE D E SHAW HELIANT CAPITAL LLC 2169
THE BANK OF NEW YORK MELLON/CDC MORTGAGE CAPITAL INC. 2176
THE BANK OF NEW YORK MELLON/TULLETT PREBORN FINANCIAL SERVICES 1
2189
THE BANK OF NEW YORK MELLON/TULLETT PREBORN FINANCIAL SERVICES 2190
THE BANK OF NEW YORK MELLON/BARCLAYS BANK PLC  2196
THE BANK OF NEW YORK MELLON/COUNTRYWIDE HOME LOANS 2198
THE BANK OF NEW YORK MELLON/ANNALY CRE LLC 2203
BANK NEW YORK MELLON/FIRM ITC-INVESTMENT DEALER 2206
BNYMELLON/RE RABOBANK INTERNATIONAL LONDON EQUITY FINANCE 2207
BNYMELLON/RE MIDCAP SPDRS 2209
THE BANK OF NEW YORK MELLON/EF SECURITIES LLC 2220
THE BANK OF NEW YORK MELLON/NATIXIS FINANCIAL PRODUCTS INC 2224
THE BANK OF NEW YORK MELLON/E-TRADE BANK 2225
BNYMELLON/RE NATIXIS FIXED INCOME 2243
BNYMELLON/RE NATIXIS 2244
THE BANK OF NEW YORK MELLON/CDC HOLDINGS TRUST INC. 2264
THE BANK OF NEW YORK MELLON/SUNTRUST EQUITY FUNDING, LLC 2276
BNY MELLON/NOMURA INT'L PLC REPO 2281
THE BANK OF NEW YORK MELLON/PREBON FINANCIAL PRODUCTS, INC. 2291
THE BANK OF NEW YORK MELLON/SOUTH STREET SECURITIES 2304
BNYMELLON/RE ING BANK NV LONDON BRANCH 2307
BNYMELLON/RE BOA NA 2308
BNYMELLON/RE BARCLAYS (BGIS) 2313
BNYMELLON/RE BARCLAYS BANK PLC - PLEDGE ACCOUNT 2324
BNY MELLON/ANWORTH MORTGAGE ASSET CORP. 2328
BNYMELLON/RE CHARLES STANLEY AND COMPANY, LIMITED 2336
THE BANK OF NEW YORK MELLON/CWIBH INC. 2337
BNYMELLON/RE ITC - DEALERS CLEARANCE SPECIAL 2339
THE BANK OF NEW YORK MELLON/ELLINGTON MORTGAGE FUND SC, LTD. 2342
THE BANK OF NEW YORK MELLON/SOCIETE GENERALE GIC 2358
BNYMELLON/RE HSBC BANK PLC PARIS BRANCH 2359
BNYMELLON/RE FIRM SECURITIES FINANCE 2361
THE BANK OF NEW YORK MELLON/CRESCENT II FUND L.P. 2362
BNYMELLON/RE HSBC BANK PLC EQD USBR 2363
BNYMELLON/RE BARCLAYS CAP SEC LTD PB SEG 1 2366

BNYMELLON/RE BARCLAYS CAP SEC LTD PB SEG 2 2367
BNYMELLON/RE FIRM TRADE INS 2381
BNYMELLON/RE VANGUARD BLOCK LENDING 2407
THE BANK OF NEW YORK MELLON/ELLINGTON MORTGAGE OPPORTUNITIES
MASTER FUND LTD. 2417
THE BANK OF NEW YORK MELLON/MERRILL LYNCH PIERCE FENNER & SMITH
2427
BNYMELLON/RE DBTC AMERICAS/DEUTSCHE BANK LONDON PRIME 2428
BNYMELLON/RE CACEIS BANK S.A 2443
THE BANK OF NEW YORK MELLON/FSA 2444
BNYMELLON/RE DBTC AMERICAS/DEUTSCHE BK LONDON PRIME SEG 15/00 2452
BNYMELLON/RE DBTC/DEUTSCHE BK LONDON PRIME SEG 1 2453
BNYMELLON/RE DBTC/DEUTSCHE BK LONDON PRIME SEG 2 2454
BNYMELLON/RE HSBC BANK PLC 2462
BNYMELLON/RE DEUTSCHE BANK AG FRANKFURT 2468
THE BANK OF NEW YORK MELLON/MIZUHO BANK LTD. 2469
BNYMELLON/RE DR CUSTODY ACCOUNT 2472
BNYMELLON/RE MILLENNIUM PARTNERS 2474
THE BANK OF NEW YORK MELLON/ANNALY COMMERCIAL REAL ESTATE GR.
2475
THE BANK OF NEW YORK MELLON/ANNALY CRE HOLDING LLC 2477
THE BANK OF NEW YORK MELLON/DBAG LONDON GLOBAL MARKETS (CLIENT
ACCT) 2478
THE BANK OF NEW YORK MELLON/DBAG FRANKFURT GLOBAL MARKET 2479
THE BANK OF NEW YORK MELLON/DBAG LONDON GLOBAL MARKET 2485
BNYMELLON/RE RABOBANK UTRECHT FIXED INCOME 2486
BNYMELLON/RE DBAG PB UCITS CLIENTS 2488
BNYMELLON/RE RABOBANK INT'L UTRECHT EQUITY FIN 2490
THE BANK OF NEW YORK MELLON/TD BANK 2491
BNYMELLON/RE BOA SECURITIES LTD. (BASL) 2494
BNYMELLON/RE HYMF INC. FIRM EQUITIES DTC BOX 2496
BNYMELLON/RE NOMURA CL SETT NOM LTD 2499
THE BANK OF NEW YORK MELLON/ANNALY MORTGAGE 2502
BNYMELLON/RE DEPOSITARY RECEIPT SERVICES/MERRILL LYNCH REDEM. 2504
THE BANK OF NEW YORK MELLON/ANNALY FUNDING LLC 2505
BNYMELLON/RE THE PRUDENTIAL INVESTMENT 2510
THE BANK OF NEW YORK MELLON/BROKER DEALER OMNIBUS 2535
THE BANK OF NEW YORK MELLON/NOMURA BANK INT'L PLC 2543
BNYMELLON/RE DAVY SECURITIES LIMITED 2553
THE BANK OF NEW YORK MELLON/BAKERGROUP 2565
BNYMELLON/RE ANCHORAGE CAPITAL 2566
BNYMELLON/RE RABOBANK INTERNATIONAL NY 2573
BNYMELLON/RE DEUTSCHE BANK AG LONDON PRIME BROKERAGE 2582
BNYMELLON/RE BANCO SANTANDER SLB 2590
BNYMELLON/RE FIRM INVESTMENT PORTFOLIO 2595
BNYMELLON/RE CACEIS BANK DEUTSCHLAND GMBH 2598

BNYMELLON/RE TRADITION LONDON CLEARING LTD. 2601
BNYMELLON/RE MIZUHO INTERNATIONAL  2621
BNYMELLON/RE AIG  2630
BNYMELLON/RE GOV & CO BANK OF ENGLAND 2634
BNYMELLON/RE BARCLAYS CAPITAL INC. 2641
BNYMELLON/RE GLOBAL PRIME PARTNERS 2648
THE BANK OF NEW YORK MELLON/DEALERWEB INC. 2650
BNYMELLON/RE JW GIDDENS TRUSTEE LIQ LEHMAN BROS 2657
BNYMELLON/RE RABO CAPITAL SERVICES 2677
THE BANK OF NEW YORK MELLON/TDB UNENCUMBERED 2679
THE BANK OF NEW YORK MELLON/ITC-DEALERS CLEARANCE GENERAL 2681
THE BANK OF NEW YORK MELLON/TD NY 2683
BNYMELLON/RE DE SHAW & CO. 2709
BNYMELLON/RE ICAP LONDON 2711
BNYMELLON/RE NATIONAL BANK OF AUSTRALIA 2714
BNYMELLON/RE D.E. SHAW KALON PORTFOLIOS, L.L.C. 2716
BNYMELLON/RE NOMURA CNS NOM RE: TFS DER 2718
BNYMELLON/RE DBLPB-DBX RISK ARBITAGE 8 FUND  2719
BNYMELLON/RE BARCLAYS BK PLC-BARC LUX SARL A/C 1 2720
BNYMELLON/RE BARCLAYS BK PLC-BARC LUX SARL A/C 2  2721
BNYMELLON/RE DBLPB-CENTAURUS PROXIMA FD 2724
BNYMELLON/RE DBLPB-DBX-ASIAN L/S EQUITY 2 FUND 2726
BNYMELLON/RE OZ OMNIBUS DTC ACCOUNT 2731
THE BANK OF NEW YORK MELLON/ELLINGTON CREDIT OPPORTUNITIES LTD.
2776
THE BANK OF NEW YORK MELLON/ST. BERNARD OPPORTUNITY FUND 1, LTD.
2784
BNYMELLON/RE MILLENNIUM FIXED INCOME LTD 2785
BNYMELLON/RE BBPLC PB CAYMEN CLIENTS 2802
BNYMELLON/RE BBPLC PB CANADIAN CLIENTS 2825
THE BANK OF NEW YORK MELLON/DEUTSCHE BANK AG 2828
BNYMELLON/RE HSBC BANK PLC 2830
BNYMELLON/RE SMBC NIKKO SECURITIES AMERICA INC 2838
THE BANK OF NEW YORK MELLON/EF MORTGAGE, LLC 2841
THE BANK OF NEW YORK MELLON/EF CMO, LLC 2842
BNYMELLON/RE SMBC NIKKO CAPITAL MARKETS LTD  2843
BNYMELLON/RE BBPLC PB UK CLIENTS 2844
BNYMELLON/RE (AG) DESHAW OCULUS PORT LLC.PLGCOLL AC 2846
BNYMELLON/RE FIRM SMPT ASSETS 2858
BNYMELLON/RE FIRM SECURED FINANCE 2868
THE BANK OF NEW YORK MELLON/TD BANK N.A. 2872
THE BANK OF NEW YORK MELLON/CHIMERA INVESTMENT CORPORATION 2874
THE BANK OF NEW YORK MELLON/CHIMERA RMBS WHOLE POOL LLC (F/K/A CIM
ASSET HOLDING) 2875
THE BANK OF NEW YORK MELLON/CHIMERA RMBS LLC (F/K/A CIM HOLDING)
2893

THE BANK OF NEW YORK MELLON/CHIMERA SECURITIES HOLDING LLC 2899
THE BANK OF NEW YORK MELLON/CHIMERA SPECIAL HOLDING LLC 2901
THE BANK OF NEW YORK MELLON/BAKER2 2903
THE BANK OF NEW YORK MELLON/CHIMERA TRADING COMPANY LLC 2906
BNYMELLON/RE ANZ MELBOURNE 2908
BNYMELLON/RE BARCLAYS BANK IRELAND TREASURY ACCT 2909
BNYMELLON/DEDICATED PARTICIPANT #59 2912
THE BANK OF NEW YORK MELLON/ELLINGTON STRATEGIC MBS LP II 2913
BNYMELLON/RE HSBC FRANCE 2919
THE BANK OF NEW YORK MELLON/NATIXIS SECURITIES AMERICAS LLC 2920
BNYMELLON/RE BARCLAYS BANK IRELAND 2922
BNYMELLON/RE BNYMSANVFFT RE FIRM  2926
BNYMELLON/RE BARCLAYS BANK PLC 2931
THE BANK OF NEW YORK MELLON/VINNING SPARKS, IBG, L.P. 2940
BNYMELLON/RE BARCLAYS BANK IRELAND PLC F 2947
BNYMELLON/RE MIZUHO SECURITIES EUROPE GMBH 2948
BNYMELLON/RE RBC I&TS 2985
THE BANK OF NEW YORK MELLON/WFC HOLDINGS CORPORATION 3516
BNYMELLON/RE NORDEA DK/SEC FINANCE SE 3593
BNYMELLON/NOMURA FINANCIAL PRODUCTS EUROPE GMBH 3916
THE BANK OF NEW YORK MELLON/DEDICATED PARTICIPANT #69 3967
THE BANK OF NEW YORK MELLON/DEDICATED PARTICIPANT #70 3968
THE BANK OF NEW YORK MELLON/DEDICATED PARTICIPANT #71 3970
THE BANK OF NEW YORK MELLON/DEDICATED PARTICIPANT #72 3972
THE BANK OF NEW YORK MELLON/DEDICATED PARTICIPANT #73 3973
BNYMELLON/RE FIRM RE SANV 4556
BNYMELLON/RE ANZ BANKING GROUP LIMITED 6501
BNYMELLON/RE HSBC BANK HONG KONG 7387
BNYMELLON/WFB.NA WELLS FARGO BANK NA PI 8043
BNYMELLON/WF & CO WELLS FARGO & COMPANY 8077
BNYMELLON/RE FIRM BORROW PLUS 8107
THE BANK OF NEW YORK MELLON/EARN SECURITIES LLC 8115
THE BANK OF NEW YORK MELLON/EARN CMO LLC 8116
THE BANK OF NEW YORK MELLON/EARN MORTGAGE LLC 8117
THE BANK OF NEW YORK MELLON/SOUTH STREET SECS, LLC 8122
THE BANK OF NEW YORK MELLON/NOMURA FIN. PRODUCTS & SERVICES INC.
8123
BNYMELLON/RE FIRM HOLDING CO. 8132
BNYMELLON/RE BNYMSANVLB RE FIRM 8134
BNYMELLON/RE BBPLC F LRCM REPO 8139
BNYMELLON/WEALTH MANAGEMENT 8275
BNYMELLON/RE BNYMLB RE FIRM SF 8310
BNYMELLON/RE BNYMLB RE FIRM 8311
BNYMELLON/RE CACEIS BANK 8313
BNYMELLON/RE CBD BAADER AG 8314
BNYMELLON/RE CBD STEUBING AG 8317

BNYMELLON/RE WINTERFLOOD SECURITIES LTD 8318
BNYMELLON/RE CACEIS BANK LUXEMBOURG 8320
BNYMELLON/RE GFI SECURITIES LTD 8321
BNYMELLON/RE UIT NSCC CNS CLEARANCE 8355
THE BANK OF NEW YORK MELLON/NOMURA SECURITIES (BERMUDA) LTD. 8387
BNYM/EF CORPORATE HOLDINGS LLC 8412
BNYMELLON/RE BB RE FIRM 8414
BNYMELLON/RE FFT RE FIRM 8417
BNYMELLON/RE NA-BANK CUSTODY 8420
BNYMELLON/RE BNYMIL FIRM 8421
BNYMELLON/RE RABOBANK LONDONBRANCH FIXED INCOME 8423
BNYMELLON/RE CBD ICF BANK AG 8471
BNYMELLON/RE RBC BARBADOS 8472
BNYMELLON/RE RBC CAPITAL MARKETS LLC 8474
BNYMELLON/RE RBCEL FIXED INCOME 8475
BNYMELLON/RE BARCLAYS BANK PLC LONDON 8476
BNYMELLON/RE BBPLC CLIENT COLL SEC LNBR SEG 8478
BNYMELLON/RE RBCLB EQUITY FINANCE 8479
BNYMELLON/RE BARCLAYS OVERSIGHT MANAGEMENT INC 8481
BNYMELLON/RE RBCLB FIXED INCOME 8482
BNYMELLON/RE BGC FINANCIAL LP M/M 8483
BNYMELLON/RE RBCEL EQUITY FINANCE 8487
BNYMELLON/RE COOPERATIEVE RABOBANK U.A. 8488
BNYMELLON/RE GCM CLIENT ACCOUNTS 8489
BNYMELLON/RE RBC BAHAMAS BRANCH 8490
BNYMELLON/RE FIRM SECURED FINANCE REPO 8491
THE BANK OF NEW YORK MELLON/RBC BARBADOS TBC 8874
THE BANK OF NEW YORK MELLON /ELLINGTON GNMA MASTER FUND LTD  9110

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL
ASSOCIATION 2438**

**GOLDMAN SACHS & CO. LLC 0005**
GOLDMAN SACHS & CO. LLC/IMS 8699

**GOLDMAN SACHS BANK USA 2941**
GOLDMAN SACHS BANK USA/GOLDMAN SACHS AGENCY LENDING 2660
GOLDMAN SACHS BANK USA/GS & CO. LLC FCM CLEARED SWAPS CUST
OMNIBUS ACCT CFTC REG 22.2 CUST SEG ACCT UNDER  3944
GOLDMAN SACHS BANK USA/#2 8197
GOLDMAN, SACHS & CO./IMS 8699
GOLDMAN SACHS BANK USA/GS & CO. LLC FCM CUST OMNIBUS ACCT CFTC REG
1.20 CUST SEG ACCT UNDER SECTIONS 4D(A)&(B)
OF THE CEA (CME) 9180

## GOLDMAN SACHS INTERNATIONAL 5208
GOLDMAN SACHS INTERNATIONAL/ GOLDMAN SACHS BANK EUROPE SE 4056

## JPMORGAN CHASE BANK, NATIONAL ASSOCIATION 0902
JPMORGAN CHASE BANK - ADR 0923
JPMORGAN CHASE BANK/J.P.MORGAN CHASE & CO./CERTIFICATE OF
DEPOSIT/IPA 1573
JPMORGAN CHASE BANK/EUROCLEAR BANK 1970
JP MORGAN CHASE/JP MORGAN INTERNATIONAL 2035
JPMORGAN CHASE BANK/CORRESPONDENCE CLEARING SERVICES 2 2164
JPMORGAN CHASE BANK NA/DBTC AMERICAS/DEUTSCHE BANK AG (LONDON
BRANCH) 2312
JPMORGAN CHASE BANK NA/DBTC AMERICAS/DB UK BANK LIMITED 2314
JPMORGAN CHASE-ADR MAX 2334
JPMORGAN CHASE BANK/IA 2357
JPMORGAN CHASE BANK/JPMORGAN PPB 2379
JPMORGAN CHASE BANK, N.A./CUSTODIAL TRUST COMPANY 2424
JPMORGAN CHASE BANK/VANGUARD LOANET 2433
JPMORGAN CHASE BANK/GNPH MIDDLE MARKET 2434
JPMORGAN CHASE BANK/CORPORATE MUNICIPAL DEALER 2508
JPMORGAN CHASE BANK/PRUDENTIAL 2517
JPMORGAN CHASE BANK/TREASURER OF STATE OF OHIO BWC 2609
JPMORGAN CHASE/US EQ TRP 2612
JPMORGAN CHASE BANK,N.A./JPMORGAN CHASE FUNDING INC. 2668
JPMORGAN CHASE BANK/MUNICIPAL DEALER 2773
JPMORGAN CHASE BANK/AG DEPOSITARY BANK 2865
JPMORGAN CHASE-FIMAT CU 2945
JPMORGAN CHASE BANK/MET LIFE LOANET 2973
J.P. MORGAN CHASE BANK NA/FBO BLACKROCK CTF 3622
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION/INTERMEDIARY HOLDING
COMPANY 3884
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION/FBO TEMASEK
INTERNATIONAL PTE LTD 3915
JPMORGAN CHASE BANK/OHIO POLICE AND FIRE PENSION FUND 8112
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION/PUBLIC EMPLOYEE
RETIREMENT SYTEM OF OHIO (OPERS) 8187
JPMC/JPMORGAN CHASE BANK NA 8333
JPMCB/DNT ASSET TRUST 8447
JPMCB/J.P. MORGAN SECURITIES CANADA INC. 8449
JPMORGAN CHASE BANK/JP MORGAN PROPRIETARY ASSET ACCOUNT 8861
JPMORGAN CHASE BANK/CHIEF INVESTMENT OFFICE 8867
JPMORGAN CHASE BANK/CHIEF INVESTMENT OFFICE 2 886

**U.S. BANK N.A. 2803**
U.S. BANK N.A./CP 1510
U.S. BANK N.A./SAFEKEEPING WEST 2234
U.S. BANK N.A./ETF 2580
U.S. BANK, N.A./U.S. BANK MUNICIPAL SECURITIES GROUP 2781
U.S. BANK N.A./THIRD PARTY LENDING 2837
U.S. BANK N.A./TRUST NY MTN 2897
U.S. BANK N.A./QUASAR DISTRIBUTORS, LLC DEALER CLEARING SERVICES 9487

**Appendix 3**

**CUSIP Payment Dates**

| BOND SERIES | CUSIP | DATES |
|---|---|---|
| 2007 A-4 | 74514LVT1 | May 3, 2013 - May 3, 2017 |
| | 74514LVU8 | |
| 2009 A | 74514LVV6 | |
| 2009 B | 74514LVW4 | |
| | 74514LVX2 | |
| | 74514LVY0 | |
| | 74514LVZ7 | |
| 2009 C | 74514LWA1 | |
| 2011 A | 74514LWJ2 | |
| | 74514LWK9 | |
| | 74514LWL7 | |
| | 74514LWM5 | |
| | 74514LWN3 | |
| | 74514LWP8 | |
| | 74514LWQ6 | |
| | 74514LWR4 | |
| | 74514LWS2 | |
| | 74514LWT0 | |
| 2011 C | 74514LWX1 | |
| | 74514LWY9 | |
| | 74514LWZ6 | |
| | 74514LXA0 | |
| | 74514LXB8 | |
| | 74514LXC6 | |
| | 74514LXD4 | |
| | 74514LXE2 | |
| | 74514LXF9 | |
| | 74514LXG7 | |
| | 74514LXH5 | |
| 2011 PIRB | 74514LYW1 | |
| 2011 D | 74514LZA8 | |
| | 74514LZB6 | |
| | 74514LZC4 | |
| | 74514LZD2 | |
| | 74514LZE0 | |
| | 74514LZF7 | |
| | 74514LZG5 | |
| | 74514LZH3 | |

| BOND SERIES | CUSIP | DATES |
|---|---|---|
| | 74514LZJ9 | |
| 2011 E | 74514LZK6 | |
| | 74514LZL4 | |
| | 74514LZM2 | |
| | 74514LZN0 | |
| | 74514LZP5 | |
| | 74514LZQ3 | |
| 2012 A | 74514LA31 | |
| | 74514LC47 | |
| | 74514LA49 | |
| | 74514LC54 | |
| | 74514LA56 | |
| | 74514LC62 | |
| | 74514LD46 | |
| | 74514LC70 | |
| | 74514LA64 | |
| | 74514LD53 | |
| | 74514LC88 | |
| | 74514LA72 | |
| | 74514LD61 | |
| | 74514LA80 | |
| | 74514LD79 | |
| | 74514LD38 | |
| | 74514LC96 | |
| | 74514LA98 | |
| | 74514LB22 | |
| | 74514LD87 | |
| | 74514LB30 | |
| | 74514LB48 | |
| | 74514LB97 | |
| | 74514LB55 | |
| | 74514LC21 | |
| | 74514LC39 | |
| | 74514LD20 | |
| | 74514LB63 | |
| | 74514LB71 | |
| | 74514LB89 | |
| 2012 B | 74514LZS9 | |
| | 74514LZT7 | |
| | 74514LZU4 | |
| | 74514LZV2 | |
| | 74514LZW0 | |
| | 74514LZX8 | |
| | 74514LZY6 | |

| BOND SERIES | CUSIP | DATES |
|---|---|---|
|  | 74514LZZ3 |  |
|  | 74514LA23 |  |
| 2014 | 74514LE86 |  |

## PBA BONDS

| BOND SERIES | CUSIP | DATE RANGE |
|---|---|---|
| SERIES K | 745235L82 | May 3, 2013 - May 3, 2017 |
| SERIES P | 745235K75 |  |
|  | 745235K83 |  |
|  | 745235K91 |  |
|  | 745235L25 |  |
|  | 745235L33 |  |
|  | 745235L41 |  |
|  | 745235L58 |  |
|  | 745235L66 |  |
|  | 745235L74 |  |
| SERIES Q | 745235L90 |  |
|  | 745235M24 |  |
|  | 745235M32 |  |
|  | 745235M40 |  |
| SERIES R | 745235M57 |  |
|  | 745235M65 |  |
|  | 745235M73 |  |
|  | 745235M81 |  |
| SERIES S | 745235M99 |  |
|  | 745235N23 |  |
|  | 745235N31 |  |
|  | 745235N49 |  |
|  | 745235N56 |  |
|  | 745235N64 |  |
|  | 745235N72 |  |
|  | 745235N80 |  |
|  | 745235N98 |  |
|  | 745235P21 |  |
|  | 745235P39 |  |
|  | 745235P47 |  |
|  | 745235P54 |  |
|  | 745235P62 |  |
|  | 745235P70 |  |
|  | 745235P88 |  |
| SERIES T | 745235Q20 |  |
| SERIES U | 745235R37 |  |
|  | 745235R52 |  |

| BOND SERIES | CUSIP | DATE RANGE |
|---|---|---|
| | 745235R60 | |
| | 745235R78 | |
| | 745235R86 | |
| | 745235R94 | |
| | 745235S28 | |
| | 745235S36 | |
| | 745235S44 | |
| | 745235S69 | |

**ERS BONDS**

| BOND SERIES | CUSIP | DATE RANGE |
|---|---|---|
| SERIES A | 29216MAC4 | May 21, 2013 - May 21, 2017 |
| SERIES B | 29216MAY6 | |
| SERIES C | 29216MBL3 | |

63349590 v1