UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

    Debtors.

-------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

[Response To Docket 6118 And 6119]

**OBJECTION OF INDIVIDUAL GENERAL OBLIGATION BONDHOLDER TO MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR ENTRY OF AN ORDER "EQUITABLY TOLLING" THE TIME TO BRING CERTAIN AVOIDANCE ACTIONS**

Dated: April 5, 2019

In light of the assertion in Docket 6119-page-5-of-6 that "the relief requested in the Motion may be granted by the Court without a hearing if no objection is timely filed and served", for avoidance of any doubt about my position, I hereby object to the motion and the relief sought in Docket 6118 and 6119.

The Motion turns the concept of "equitable" on its head. I assume other bondholders with larger positions will be filing objections and thus I will not belabor the many reasons (including those set forth in my previous papers, including at Dockets 4913, 5103, 5377, 5378 and 6128) why this entire proceeding, as well as the Motion, is the very opposite of "equitable." I reserve the right to supplement this response if other objections are not forthcoming.

I reiterate my previously expressed position that no money should be diverted to fund the FOMB and UCC litigation efforts until Puerto Rico cures its defaults and pays its bonds. The Puerto Rico Department of Treasury "Treasury Single Account" FY 2019 cash flow report as of March 22, 2019 (dated April 2, 2019) shows "actual cash balance at 3/22/2019" of over $5.6 billion and the "Executive Summary" for the "Summary of Bank Account Balances for the Government of Puerto Rico and its Instrumentalities" as of February 28, 2019 (dated April 1, 2019) shows a cash balance aggregating over $11.8 billion (even after approximately $2 billion in cash, previously held in trust for COFINA bondholders, was paid out instead, pursuant to the COFINA plan, largely to certain favored parties who negotiated the COFINA plan). All of these reports are available at www.aafaf.pr.gov; click on "Publications and Reports."

I also note that, to the best of my knowledge, actual notice of the Motion was not sent (even by email) to pro se parties, such as me, who filed notices of participation. In light of the nature of the relief sought in the Motion, that itself should be grounds for denying the Motion.

Furthermore, the very fact a Motion of this nature has been made underscores the need for the appointment of a committee to represent individual and other bondholders related to individuals with modest-sized holdings (relief requested by me in Docket 6128).

Finally, without in any way limiting my objections to these proceedings, or my rights to amend or supplement any objections or my Notice of Participation in any respect, as stated in my

1

Notice of Participation it is my position that the FOMB was appointed in violation of the Appointments Clause of the U.S. Constitution, that all of the FOMB's actions (including with respect to the filing of the Title III cases and to the certifying of fiscal plans) are void, that the Title III proceedings should be dismissed, and that challenges being brought with respect to certain general obligation bonds by or on behalf of the FOMB or any members thereof or any committee established in connection with these Title III proceedings are void and should be dismissed. *See, inter alia, Lucia* v. *SEC*, ___ U.S. ___ (2018), slip op. at 12-13.

April 5, 2019

Respectfully Submitted,

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
petercheinsr@gmail.com