Hearing Date and Time: April 24, 2019 at 9:30 a.m. (AST) / (ET)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE AND LIMITED JOINDER OF THE AD HOC GROUP OF
GENERAL OBLIGATION BONDHOLDERS IN PETER C. HEIN'S MOTION
OF INDIVIDUAL GENERAL OBLIGATION BONDHOLDER (1) TO
PERMIT ELECTRONIC FILING BY PRO SE PARTIES; (2) (IN THE
ALTERNATIVE TO "(1)") TO SET UP A MECHANISM TO PERMIT PRO
SE PARTIES TO FILE AND SERVE PAPERS BY SUBMISSION BY E-MAIL
TO PRIME CLERK; (3) TO PERMIT PRO SE PARTIES TO LISTEN INTO
PROCEEDINGS BY TELEPHONE; AND (4) TO ORDER THE
APPOINTMENT OF A COMMITTEE FOR INDIVIDUAL AND OTHER
<u>MODEST-SIZED BONDHOLDERS</u>**

The Ad Hoc Group of General Obligation Bondholders (the "<u>GO Group</u>")[2] respectfully submits this Response and Limited Joinder in Peter C. Hein's *Motion of Individual General Obligation Bondholder (1) to Permit Electronic Filing by Pro Se Parties; (2) (In the Alternative*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Members of the GO Group file this motion exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

to "(1)") *to Set Up a Mechanism to Permit Pro Se Parties to File and Serve Papers by Submission by E-mail to Prime Clerk; (3) to Permit Pro Se Parties to Listen into Proceedings by Telephone; and (4) to Order the Appointment of a Committee for Individual and Other Modest-Sized Bondholders* (Dkt. No. 6128, the "Motion").

1. Through his Motion, Mr. Hein seeks, among other things, the appointment of an official committee to represent holders of general obligation bonds ("GO Bonds," and holders thereof, "GO Bondholders") issued by the Commonwealth of Puerto Rico (the "Commonwealth"). See Motion 2; see also Dkt. No. 6128-1 ("Memo."), at 3-8. In particular, Mr. Hein requests that a committee be appointed to represent "individual bondholders and other bondholders related to individuals . . . with modest holdings (*e.g.*, par value holdings of $2.5 million par or less)" of GO Bonds. Memo. 4. In the alternative, Mr. Hein requests that the U.S. Trustee be directed to ensure appropriate representation of individuals with modest holdings of GO Bonds on a committee appointed to represent all GO Bondholders. *Id.* at 7-8.

2. The GO Group is generally supportive of Mr. Hein's request for the appointment of an official committee charged with representing the interests of GO Bondholders (as explained below). As Mr. Hein persuasively explains (Memo. 4-7), the appointment of such an official committee is an appropriate response to the objection filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Official Committee of Unsecured Creditors (the "UCC") selectively targeting and seeking to invalidate $6 billion in GO Bonds issued by the Commonwealth in 2012 and 2014. See Dkt. No. 4784 (the "Selective Claim Objection"). In defending against the Selective Claim Objection, GO Bondholders face two sets of well-funded professionals, each of which has and will continue to consume the Commonwealth's resources to fund their deeply misguided litigation efforts. Moreover, as Mr.

Hein correctly observes (Memo. 5), an official committee could serve a valuable organizing function in the defense against the Selective Claim Objection, given that hundreds of pro se notices of participation have already been filed pursuant to the Court's procedures for that objection. Under these circumstances, the Court should conclude that the appointment of an official committee to represent GO Bondholders is "necessary to assure adequate representation of creditors." 11 U.S.C. § 1102(a)(2).

3. In the GO Group's view, Mr. Hein's alternative request—for the appointment of a committee comprising both small and large holders of GO Bonds—would more appropriately address the important concerns he has identified than would the appointment of a committee representing only bondholders with more modest holdings. As a matter of statute, the ordinary approach for formation of official committees is that the largest claimholders are selected as members.[3] Legally, the claims of small and large GO Bondholders are the same. Moreover, a more broadly defined membership would help to ensure that the new committee possesses a diversity of perspectives and should also allow the committee to take advantage of the expertise that larger holders of GO Bonds have developed over the course of this matter. Indeed, Mr. Hein himself implicitly acknowledges the value of that expertise by noting (Memo. 7) that any new official committee "should coordinate with the efforts of major holders and their ad hoc committees."

4. Mr. Hein's Motion is premised on the assumption that a "commonality of interests" among all GO Bondholders should lead them to vigorously resist efforts to invalidate their claims. Memo. 7. Recent experience, however, suggests that this assumption may be mistaken. For some

---

[3] See 11 U.S.C. § 1102(b)(1) ("A committee of creditors . . . shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee.").

GO Bondholders, with holdings weighted toward unchallenged GO Bonds, a shortsighted pursuit of a more favorable recovery may lead them to join with the Oversight Board and the UCC in their meritless attempt to jettison the Commonwealth's binding commitments to (certain of) its bondholders. The GO Group therefore respectfully submits that the membership of any official committee representing GO Bondholders should be limited to those individuals and institutions with holdings of GO Bonds weighted toward the series of GO Bonds that the Oversight Board and UCC have targeted for invalidation—either expressly or implicitly.[4] While some modest degree of cross-holdings should be permitted, the U.S. Trustee should be directed to ensure that the committee's membership is consistent with its mission of facilitating GO Bondholders' defense to the Selective Claim Objection.[5]

\* \* \*

For the foregoing reasons, the GO Group respectfully requests that Mr. Hein's request for the appointment of an official committee to represent GO Bondholders be granted as set forth herein.

---

[4] See *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds*, Dkt. No. 6099, at 4-5, 26-33 (explaining that the premises of the Selective Claim Objection, if carried to their logical conclusion, would result in the invalidation of more than $2 billion in face amount of GO Bonds beyond those series selectively targeted by the Oversight Board and UCC). The committee's membership could be modified in the event that additional series of bonds are objected to in the future.

[5] Mr. Hein suggests (Memo. 8) that committee membership should be limited to GO Bondholders that purchased their bonds "at price levels approximating the original offering prices." That suggestion is mistaken. The price at which a creditor's securities were purchased is not a relevant consideration for bankruptcy purposes, and it accordingly should not be among the criteria for committee membership. See, *e.g.*, *Resurgent Capital Servs. v. Burnett (In re Burnett)*, 306 B.R. 313, 319 (B.A.P. 9th Cir. 2004) ("[T]he amount paid by [a creditor] to purchase the claims is irrelevant, as a matter of law, to the allowance of the claims."); *ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.)*, 635 F.3d 312, 318 (7th Cir. 2011).

4

Dated: April 9, 2019

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

Respectfully submitted,

/s/ Lawrence S. Robbins
Lawrence S. Robbins
Mark T. Stancil
Gary A. Orseck
Kathryn S. Zecca
Donald Burke
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, N.W., 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Email: lrobbins@robbinsrussell.com

/s/ Andrew N. Rosenberg
Andrew N. Rosenberg
Karen R. Zeituni
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Email: arosenberg@paulweiss.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

5