**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, et al.,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**OBJECTION OF THE LAWFUL CONSTITUTIONAL DEBT COALITION TO THE MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO FOR ENTRY OF AN ORDER EQUITABLY TOLLING THE TIME PRESCRIBED BY 11 U.S.C. § 546 TO BRING CERTAIN AVOIDANCE ACTIONS**

       The Lawful Constitutional Debt Coalition, consisting of certain institutions that hold and/or manage funds, entities, and/or accounts holding (i) bonds issued by the Puerto Rico Public Buildings Authority and guaranteed by the Commonwealth of Puerto Rico (the "Commonwealth"), (ii) certain general obligation bonds issued by the Commonwealth, and (iii) bonds issued by other Commonwealth instrumentalities and guaranteed by the Commonwealth, hereby files this Objection to the Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Equitably Tolling the Time Prescribed

---

[1] The Debtors in these Title III cases, along with each Debtor's respective bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

by 11 U.S.C. § 546 to Bring Certain Avoidance Actions [Dkt No. 6118] (the "Motion"), and in support hereof, respectfully represents as follows:

## PRELIMINARY STATEMENT[2]

1. The Oversight Board's Motion seeking a blanket extension of the statutory deadline for initiating potential avoidance actions against unidentified individual bondholders is inappropriate, unjustified, and ill-timed. As an initial matter, the relief requested by the Oversight Board would amount to an impermissible advisory opinion, as there is no pending action in which a defendant has asserted the statute of limitations defense. As such, there is no case or controversy for this Court to adjudicate. Even if the Court could grant the relief requested, the Oversight Board has not come close to meeting the "weighty burden" necessary for invoking the equitable tolling doctrine. It has not alleged, let alone offered evidence, that the putative Challenged Bond Avoidance Defendants engaged in any wrongful conduct preventing the Oversight Board from timely initiating the Challenged Bond Avoidance Actions. Moreover, its failure to timely seek the information necessary to identify potential Challenged Bond Avoidance Defendants does not give rise to an "extraordinary circumstance" beyond its control that would justify equitably tolling the applicable statute of limitations, and in fact undercuts any argument that the Oversight Board has exercised the requisite due diligence for obtaining such relief. Finally, the Oversight Board should at this time be focusing its efforts on brokering a consensual plan that will provide a path towards fiscal stability for the Commonwealth and its citizens, repay creditors, and resolve, rather than extend, litigation.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

**ARGUMENT**

I. **THE OVERSIGHT BOARD SEEKS AN IMPERMISSIBLE ADVISORY OPINION**

2. The Oversight Board's Motion asks this Court to enter an order precluding unnamed, unknown, potential future defendants from asserting an affirmative defense that they may or may not assert in future avoidance actions that may or may not be brought. The absence of any real case or controversy underlying the Oversight Board's Motion could not be more evident. Absent any such case or controversy, the Court's order would be an advisory opinion, which it is not empowered to issue. *See Ambac Assurance Corp. v. Fin. Oversight and Mgmt. Board for Puerto Rico (In re Fin. Oversight and Mgmt. Board for Puerto Rico)*, 297 F. Supp. 3d 269, 280 (D.P.R. 2018) (Swain, J.) ("Federal courts are not empowered to issue advisory opinions where there is no actual controversy . . . ."); *Williams v. Bier Int'l LLC*, 2015 WL 4461668, at *3 (S.D.N.Y. July 15, 2015) (Swain, J.) (declining to render decision where "such a decision by the Court . . . would be merely advisory").

3. Statutes of limitations, such as Section 546(a), provide affirmative defenses which generally "must be pleaded and proved by the defendant." *Fed. Deposit Ins. Corp. v. Cardona*, 723 F.2d 132, 134-35 (1st Cir. 1983); *see also IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 701 (11th Cir. 2005) ("[Section 546] is simply an affirmative defense."). Whether to grant relief from a strict construction of a statute of limitations must be determined "on a case-by-case basis." *Wiscovitch-Rentas v. Super Roof & Gen. Contractor*, 405 B.R. 397, 401 (D.P.R. 2009); *see also Smith v. Spohn (In re IFS Fin. Corp.)*, 2010 WL 4614293, at *3 (Bankr. S.D. Tex. Nov. 2, 2010) (denying defendants' motion for summary judgment on the issue of equitable tolling because genuine issues of material fact existed, stating that the court would consider whether Section 546 should be equitably tolled "under the facts of this case" at trial); *Moratzka v. Pomaville (In re Pomaville)*, 190 B.R. 632, 636 (Bankr. D. Minn. 1995) ("Because

3

the applicability of equitable tolling is a fact-based decision, the bankruptcy court determines whether equitable tolling governs *in any given case*.") (emphasis added).

4. In *In re No. 1 Contracting Corp.*, the Bankruptcy Court for the Middle District of Pennsylvania was faced with a similar request to enlarge the time within which the trustee could commence avoidance proceedings and equitably toll the statute of limitations in Section 546. 2012 WL 4114818 (Bankr. M.D. Pa. Sept. 19, 2012). The court expressed concern that "while a trial court could rule that a statute was tolled over a period of time in regard to a *particular* defendant," there was no case or controversy underlying such extension "with regard to unnamed and unidentified defendants." *Id.* at *1 (emphasis added). The court ultimately denied the trustee's motion on the basis that it was "unknown whether future defendants will even assert the statute of limitations defense." *Id.* The denial was without prejudice to the trustee's ability to raise equitable tolling should it file adversary complaints in the future. *Id.*

5. Similarly, the Bankruptcy Court for the District of Connecticut recently denied a trustee's motion to extend its deadline to file avoidance actions, which asked the court to, among other things, equitably toll the statute of limitations in Section 546(a). *See In re Walnut Hill, Inc.*, 2018 WL 2672242, at *1 (Bankr. D. Conn. June 1, 2018). The court noted that, "[p]rocedurally, the doctrine of equitable tolling is recognized as a *response* to a statute of limitations defense *asserted* in a *pending* litigation." *Id.* at *2 (emphasis added). But in that case, the trustee had not yet commenced any adversary proceedings, and the statute of limitations had not yet expired. *Id.* The court therefore denied the motion on the grounds that it was "wholly premature and procedurally flawed to address the equitable tolling doctrine outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense had been asserted." *Id.*

4

6. The single case cited by the Oversight Board in which the application of the equitable tolling doctrine was not decided in the context of a pending action is an unpublished, unexplained order issued by the Bankruptcy Court for the District of New Jersey, which granted a trustee's motion to equitably toll the Section 546 statute of limitations as to unknown defendants. *In re Solomon Dwek*, Case No. 07-11757 (KCF) (Bankr. D.N.J. Feb. 2, 2009) [Dkt. No. 3790].[3] Even if this order were an appropriate exercise of Article III jurisdiction (which it was not), the underlying facts are easily distinguishable from the case at bar. In that case, the United States Attorney had obtained an *ex parte* order delaying the trustee's examination of the debtor so that federal law enforcement authorities and a federal grand jury could continue their investigation of matters relating to certain aspects of the case, and it was unknown at the time whether that order would be extended. *Id.* [Dkt. No. 3699] ¶ 17. Nevertheless, the trustee had already commenced 56 adversary proceedings against 100 defendants. *Id.* ¶ 14. The Oversight Board has never been barred from obtaining the information necessary to initiate the Challenged Bond Avoidance Actions, and in fact was armed with substantial power—including subpoena power—to perform a thorough investigation into the causes of the financial condition of the Commonwealth under PROMESA. *See* 48 U.S.C. § 2124.

---

[3] The Oversight Board also relies upon *Int'l Admin. Servs.*, 408 F.3d 689, but that case is plainly distinguishable. There, the trustee successfully avoided fraudulent transfers, and the defendants appealed. One of the defendants' grounds for appeal was that the bankruptcy court did not have the power to extend the Section 546(a) period. The Eleventh Circuit disagreed, holding that "we think a bankruptcy court has the discretion to extend the filing period for an adversary proceeding." *Id.* at 699. The Eleventh Circuit's analysis, however, was limited to whether Section 546 is akin to a statute of limitations, and thus subject to tolling. *Id.* The court did not consider whether an extension before an action was actually commenced amounted to an advisory opinion. Another of the defendants' grounds for appeal was that the doctrine of equitable tolling should not apply to the adversary proceeding. The Eleventh Circuit disagreed because, unlike here, the defendants had engaged in "fraudulent deceptions," "went to extreme lengths to hide their activities," and engaged in "deliberate and intentional attempts to obscure the true nature of the asset transfers." *Id.* at 701-02. Thus, the trustee was not able to discover the transactions notwithstanding having "acted with exemplary diligence." *Id.* at 702 (quotations omitted).

5

7. The Oversight Board's request to equitably toll the statute of limitations for all Challenged Bond Avoidance Actions, none of which has been commenced, against unidentified future Challenged Bond Avoidance Defendants who may or may not assert a defense under Section 546, does not present a real case or controversy and seeks an impermissible advisory opinion.[4] The Motion essentially seeks a "comfort order against the world" to be entered against parties who do not even know what they may be sued for, and should be denied on this basis alone.

II. **THE MOTION PROVIDES AN INSUFFICIENT BASIS UPON WHICH TO INVOKE THE EQUITABLE TOLLING DOCTRINE**

8. "As a general rule, statutes of limitation are strictly construed" and therefore "the doctrine of equitable tolling is to be used sparingly." *Wiscovitch*, 405 B.R. at 400-01 (internal quotation marks omitted); *see also Jobe v. Immigration & Naturalization Serv.*, 238 F.3d 96, 100 (1st Cir. 2001) ("Even when it applies, equitable tolling is a sparingly invoked doctrine.") (internal quotation marks omitted). Thus, plaintiffs bear a "weighty burden" to show that equitable tolling applies. *Blackstone Fin. Grp. Business Trust v. Myler (In re Myler)*, 477 B.R. 227, 234 (Bankr. D. Utah 2012). Even if the Oversight Board could obtain a blanket equitable tolling of all Challenged Bond Avoidance Actions, it has not met its "weighty burden" of showing that equitable tolling is warranted.

9. "The limitations periods in 11 U.S.C. § 546(a) may be equitably tolled when a trustee, despite the exercise of due diligence, fails to timely bring an avoidance action due to fraud,

---

[4] The Oversight Board's Motion does not purport to rely on Federal Rule of Bankruptcy Procedure 9006(b), which allows the court to extend certain deadlines for cause shown. Fed. R. Bankr. P. 9006(b). Even if the Oversight Board did attempt to rely on this Rule, the Motion still would fail, because Rule 9006(b) "only applies to deadlines set 'by these rules or by a notice given thereunder[,] [*sic*] or by order of court.'" *Walnut Hill*, 2018 WL 2672242, at *1 (quoting Rule 9006(b)) (correction in original). Nowhere in the Rule does it mention statutory deadlines and, in fact, Congress has dictated that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075; *see also Walnut Hill*, 2018 WL 2672242, at *2 (holding that Rule 9006(b) does not, and in fact cannot, apply to Section 546(a)).

6

misrepresentation, or extraordinary circumstances beyond the trustee's control." *Firstbank PR v. Mender (In re New York Mortg. Bankers Inc.)*, 529 B.R. 12, 16 (Bankr. D.P.R. 2015) (holding that trustee's claim was time-barred where there was no indication that the defendant concealed information that could have obstructed the commencement of the avoidance action at an earlier date). This is not the case here. *First*, the Oversight Board does not even contend that the putative Challenged Bond Avoidance Defendants engaged in any fraud or misrepresentation that would prevent the Oversight Board from timely filing the Challenged Bond Avoidance Actions. *See Maxon Eng'g Servs, Inc. v. Robles & Assoc (In re Maxon Eng'g Servs, Inc.)*, 397 B.R. 228, 231 (Bankr. D.P.R. 2008) (concluding that it would be inequitable to allow the trustee to invoke the doctrine of equitable tolling to bring actions against general trade creditors for prepetition preferences, since these defendants had no role in the alleged wrongful conduct perpetrated by the debtor's representatives).

10. *Second*, the Oversight Board does not seem to have undertaken the requisite due diligence necessary for invoking the equitable tolling doctrine. The Oversight Board could have sought the information necessary to identify the Challenged Bond Action Defendants from the time it was appointed in 2016, and certainly after the Title III cases were commenced in May 2017, but it apparently did not. The Oversight Board admits that it has just "begun coordinating with the DTC . . . to obtain bond payment records." Mot. ¶ 42. In fact, the Oversight Board's attempt to describe the putative "claw back" payments made to the Challenged Bond Avoidance Defendants reveals that the Oversight Board does not even have a concrete theory that it is diligently pursuing:

> Based on the information available to the Oversight Board*, it appears that*, when the Commonwealth and its instrumentalities made payments on the Challenged Bonds, it transferred the funds to DTC, which transferred the payments to various participant financial institutions *likely holding bonds* on behalf of purported beneficial holders (the "Participant Holders"). The Participant Holders *then likely transferred all, or a portion of*, the payments to its customers.

7

Mot. ¶ 41 (emphasis added). Moreover, the underlying theory of avoidance is a continuously moving target at this juncture. The Oversight Board filed one omnibus objection, seeking to invalidate general obligation bonds issued in excess of the Commonwealth's debt limit, but then notes that other bondholders have raised potential consequences to their own theory that the Oversight Board had not previously considered. And in light of that, the Oversight Board wants a blanket extension until it can figure out what it wishes to avoid. The deadline to conclude that analysis was set by Congress in enacting Section 546(a) of the Bankruptcy Code. A wholesale extension of time is unwarranted and unsupported by the law of equitable tolling.

11. Similarly, the Oversight Board has not identified any "extraordinary circumstance" beyond its control that has made it impossible to timely file the Challenged Bond Avoidance Actions. It has made no allegations that any party has concealed information from it, or that the necessary information has been somehow impossible to obtain. While the Oversight Board claims that none of the information in the Rule 2004 Examination production has allowed it to identify the Challenged Bond Avoidance Defendants (Mot. ¶ 38), it notably does not allege that its Rule 2004 Examination was even designed to yield such information. To the contrary, the Oversight Board states that it will be prepared to file a Rule 2004 motion "for the examination of any entities believed to have records or any information that can lead to the identity of the potential defendants to the Challenged Bonds Avoidance Actions *if such motion is warranted*." *Id.* n. 10 (emphasis added).

12. The cases upon which the Oversight Board relies do not support the application of the equitable tolling doctrine to the Challenged Bond Avoidance Actions. For example, in *Int'l Admin. Servs.*, the evidence at trial demonstrated that the debtor and its founder went to "extreme lengths" to conceal their activities, committing discovery violations and attempting to obscure the

8

true nature of the asset transfers in question. 408 F.3d at 702. Similarly, in *IFS Fin. Corp.*, the trustee presented evidence that, at the very least, the defendant may have precipitated the trustee's delay in filing fraudulent transfer action. 2010 WL 4614293, at *3. Here, there is no allegation, let alone evidence, that the Challenged Bond Avoidance Defendants have acted inequitably in any way. In fact, the Oversight Board does not allege that ***any*** party engaged in wrongful conduct resulting in its inability to timely file the Challenged Bond Avoidance Actions.

13. Finally, it bears noting that the Oversight Board's focus on clawing back payments from individual bondholders is misplaced at this time. Nearly two years after the commencement of the Commonwealth's Title III case, the Oversight Board should be focusing on negotiating a consensual plan of adjustment with holders of its lawful constitutional debt that will provide the Commonwealth with economic stability and will curtail, rather than extend, litigation.

**[Remainder of Page Intentionally Left Blank]**

## CONCLUSION

14. For the foregoing reasons, the Court should deny the Motion.

DATED: April 11, 2019

Respectfully submitted,

| | |
|---|---|
| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By : */s/ Rafael Escalera* <br> **Rafael Escalera** <br> USDC No. 122609 <br> escalera@reichardescalera.com | **Susheel Kirpalani** (*pro hac vice*) <br> susheelkirpalani@quinnemanuel.com |
| **Sylvia M. Arizmendi** <br> USDC-PR 210714 <br> arizmendis@reichardescalera.com | **K. John Shaffer** (*pro hac vice*) <br> johnshaffer@quinnemanuel.com |
| | **Daniel Salinas** <br> USDC-PR 224006 <br> danielsalinas@quinnemanuel.com |
| **Carlos R. Rivera-Ortiz** <br> USDC-PR 303409 <br> riverac@reichardescalera.com | **Matthew Scheck** (*pro hac vice*) <br> matthewscheck@quinnemanuel.com |
| **Gustavo A. Pabón-Rico** <br> USDC-PR 231207 <br> pabong@reichardescalera.com | **Eric Kay** (*pro hac vice*) <br> erickay@quinnemanuel.com |
| 255 Ponce de León Avenue <br> MCS Plaza, 10th Floor <br> San Juan, Puerto Rico 00917-1913 | **Darren M. Goldman** (*pro hac vice*) <br> darrengoldman@quinnemanuel.com |
| | **Zachary Russell** (*pro hac vice*) <br> zacharyrussell@quinnemanuel.com |
| | 51 Madison Avenue, 22nd Floor <br> New York, New York 10010-1603 |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

10

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the parties of record.

/s/*Carlos R. Rivera-Ortiz*
USDC-PR 303409
