**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- x
In re:                                                                                              :
                                                                                                          :
THE FINANCIAL OVERSIGHT AND                                  : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,        : Title III
                                                                                                          :
    as representative of                                                      : Case No. 17-BK-3283 (LTS)
                                                                                                          :
THE COMMONWEALTH OF PUERTO RICO *et al.,*     : (Jointly Administered)
                                                                                                          :
    Debtors.[1]                                                                         :
---------------------------------------------------------------------- x
In re:                                                                                              :
                                                                                                          :
THE FINANCIAL OVERSIGHT AND                                  : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,        : Title III
                                                                                                          :
    as representative of                                                      : Case No. 17-BK-3567 (LTS)
                                                                                                          :
THE PUERTO RICO HIGHWAYS AND                         : (Jointly Administered)
TRANSPORTATION AUTHORITY,                               :
                                                                                                          :
    Debtor.                                                                              :
---------------------------------------------------------------------- x

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
URGENT MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION
BETWEEN THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO
RICO HIGHWAYS AND TRANSPORTATION AUTHORITY REGARDING
THE TOLLING OF STATUTE OF LIMITATIONS**

The Official Committee of Unsecured Creditors of All Title III Debtors (other than

COFINA) (the "Committee") hereby submits this objection (the "Objection") to the *Urgent*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Motion for Entry of an Order Approving Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [Docket No. 544 in Case No. 17-3567 (LTS)] (the "Stipulation").[2] In support of the Objection, the Committee respectfully represents as follows:

### OBJECTION

1. The Committee files this Objection because, as explained below, the Stipulation creates the possibility of never-ending tolling agreements, **including an agreement not to bring any avoidance action during the tolling period** (a "No Suit Provision") that would be binding on, and therefore effectively neuters, any trustee that may be appointed under section 926(a) of the Bankruptcy Code (a "Section 926 Trustee"). The Committee, prior to the filing of the Stipulation, had advised the Oversight Board that this was unacceptable.

2. Moreover, the Stipulation was negotiated without the Committee's participation and was filed without **any** advance notice to the Committee.[3] While the Stipulation expressly mentions certain creditors and gives them notice rights, it does not even mention the Committee, which was appointed as the official committee for both the Commonwealth and the HTA.[4]

### I. Relevant Background: Section 926 Procedures Motion and Related Negotiations

3. On March 25, 2019, the Committee filed an urgent motion asking the Court to require the Oversight Board to provide the Committee a list of avoidance actions that the Oversight Board will pursue on behalf of the Debtors and establishing a briefing schedule that

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Stipulation.

[3] This is not the first time the Committee has expressed its displeasure with being excluded from the negotiations of this type of agreement. As the Court is aware, the Oversight Board negotiated a similar agreement with respect to ERS, *see* Docket No. 376 in Case No. 17-3566 (LTS). The Committee was not a part of those negotiations either.

[4] At the very least, the Committee should be a party to the Stipulation.

2

would allow the Committee to submit, on an expedited basis, a motion under section 926(a) of the Bankruptcy Code seeking the appointment of a trustee to assert avoidance actions that the Oversight Board refuses to pursue (the "Section 926 Procedures Motion").[5]

4. The Court granted the Section 926 Procedures Motion order dated March 29, 2019 (the "Procedures Order").[6] The Procedures Order required the Oversight Board to (i) provide the Committee a preliminary list of all potential avoidance actions, (ii) **meet and confer with the Committee regarding the contents of this preliminary list and an allocation of litigation responsibilities**, and (iii) to provide a final list of avoidance actions by April 10, 2019. The Procedures Order also allowed the Committee to file (if necessary) a motion for the appointment of a Section 926 Trustee (the "Section 926 Motion") by April 12, 2019.

5. On April 10, 2019, the Committee and the Oversight Board filed a joint motion asking the Court to extend the deadline for the Committee to file a Section 926 Motion to April 15, 2019 (the "Joint Motion").[7] The Joint Motion explained that—in compliance with the Procedures Order—the Oversight Board and the Committee had "met and conferred extensively" with regard to potential avoidance actions, the allocation of litigation responsibilities and decision-making, and related issues, and were working towards a consensual resolution of these issues that could obviate the need for any Section 926 Motion.

6. As part of their negotiations regarding section 926 issues, which commenced prior to the April 4, 2019 filing of the Stipulation, the Oversight Board and the Committee have been discussing the terms of any tolling agreement that would extend the time to bring avoidance actions. In the course of these negotiations, the Committee made clear that any Section 926

---

[5] *See* Docket No. 5997 in Case No. 17-3283 (LTS).

[6] *See* Docket No. 6086 in Case No. 17-3283 (LTS).

[7] *See* Docket No. 6170 in Case No. 17-3283 (LTS).

Trustee should be able to terminate the No Suit Provision of any tolling agreement entered into by a Debtor and/or the Oversight Board. The Committee's insistence on this provision is based on the reasonable concern that, if appointed, the efforts of a Section 926 Trustee should not be stymied by never-ending tolling agreements.[8]

## II. Stipulation Cannot Be Approved

7. The above background highlights why the Stipulation, which was filed on April 4, 2019, almost a full week after entry of the Procedures Order directing the Oversight Board to meet and confer with the Committee with respect to section 926 issues, cannot be approved in its current form.

8. The Stipulation—which the Oversight Board negotiated and filed without consulting at all with, or even providing advance notice to, the Committee—tolls the time in which avoidance actions must be brought by the Commonwealth against the HTA, or vice versa. That aspect of the Stipulation is obviously not problematic. Critically, however, the Stipulation also allows the Commonwealth or the HTA—**but only the Commonwealth or the HTA**—to terminate, or indefinitely extend, the tolling period, including the No Suit Provision. Moreover, the Stipulation provides that it is binding on "any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code."[9] In other words, **while ostensibly engaging in a meet and confer process with the Committee as required by the Procedures Order, the Oversight Board was simultaneously agreeing to a Stipulation that effects exactly the result the Committee, in those same negotiations, had advised was unacceptable**.

---

[8] By definition, these fears are well grounded. Section 926 of the Bankruptcy Code calls for the appointment of a trustee if "the debtor refuses to pursue a cause of action." 11 U.S.C. § 926(a). It should be obvious that a debtor that refused to pursue a cause of action may seek other avenues to prevent the court appointed trustee from ever filing that cause of action by, for example, extending or not terminating the No Suit Provision of a tolling agreement.

[9] Stip. ¶ 4.

4

9. The Committee believes that this is basis for the Court to decline to approve the Stipulation, as the Court should not approve a Stipulation that will effectively neuter any Section 926 Trustee.[10] This is certainly the case where all parties are aware of the possibility that a Section 926 Trustee may be appointed, and are actively engaged in negotiations over the terms of that process.

10. At the very least, the Court should not decide whether it is appropriate to approve a Stipulation that binds a Section 926 Trustee and allows the Debtors and/or the Oversight Board to indefinitely extend a tolling agreement until there is clarity as to how the section 926 process will unfold and whether, as stated in the Joint Motion, the Committee and the Oversight Board are able to reach a consensual resolution obviating the need for any Section 926 Motion.

[*Remainder of page intentionally left blank.*]

---

[10] The Committee notes that the motion seeking approval of the Stipulation cites no authority in support of the Stipulation's attempt to bind any future Section 926 Trustee.

5

WHEREFORE, the Committee respectfully requests that this Court enter an order denying the Stipulation and granting the Committee such other and further relief as this Court deems appropriate.

Dated: April 11, 2019

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel: (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*