UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---------------------------------------------------------------x
In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

    Debtors.[1]
---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## OBJECTION OF U.S. BANK TO URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO FOR ENTRY OF AN ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

U.S. Bank National Association ("USBNA") and U.S. Bank Trust National Association ("USBTNA", and collectively with USBNA, "U.S. Bank"), by and through their undersigned counsel, hereby file this objection to the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (Dkt. No. 6143) (the "2004 Motion"),[2] and respectfully state as follow:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein shall have such meanings ascribed to them in the 2004 Motion.

1

**BACKGROUND**

1. USBNA or USBTNA currently serve as trustee or successor trustee for numerous series of bonds issued by nine Puerto Rico public issuers,[3] and as fiscal agent for various series of bonds issued by the Puerto Rico Public Buildings Authority ("PBA").

2. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") initiated a Title III debt adjustment proceeding on behalf of the Commonwealth. On May 21, 2017, the Oversight Board initiated a Title III debt adjustment proceeding on behalf of ERS. Concurrently therewith or shortly thereafter, the Oversight Board filed several other Title III cases on behalf of certain other Commonwealth government instrumentalities, including PREPA (collectively, the "Title III Cases"). No Title III case or other debt adjustment proceeding has been commenced for PBA, UPR, PRIDCO, PRIFA, MFA, HFA, AFICA, CT or PFC.

3. On April 8, 2019, the Oversight Board, acting by and through its Special Claims Committee (the "Special Claims Committee"), filed the 2004 Motion seeking discovery from the alleged Participant Holders, relating to distributions made on account of certain bonds issued by the Commonwealth, ERS, and PBA (the "Challenged Bonds"), by Participant Holders during the period May 3, 2013 through May 3, 2017 (the "Claw Back Period"). On information and belief, the Oversight Board is not currently in possession of any information documenting the fact that U.S. Bank was a Participant Holder or received distributions from the Commonwealth or ERS during the Claw Back Period. As Fiscal Agent for PBA, U.S. Bank coordinated the remittance of relevant payments on the PBA Bonds to DTC during all or most of the Claw Back Period.

---

[3] U.S. Bank is the trustee or successor trustee for bonds issued by Puerto Rico Housing Finance Authority (HFA), Puerto Rico Infrastructure Financing Authority (PRIFA), Puerto Rico Public Finance Corporation (PFC), Children's Trust (CT), Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority (AFICA), Puerto Rico Municipal Finance Agency (MFA), Puerto Rico Industrial Development Company (PRIDCO), and PREPA (represented by other counsel).

## OBJECTION TO 2004 MOTION

4. The 2004 Motion seeks information relating to unspecified distributions made by the Commonwealth, ERS or PBA on over twenty different bond series, and dozens of different CUSIPs, commencing 6 years ago, relating to potentially hundreds of bond payments. The Oversight Board admits in the 2004 Motion that it is requesting a large volume of information, and U.S. Bank agrees. Due to a self-generated emergency (pending expiration of statutes of limitation that were well known to the Oversight Board for two years) the Oversight Board demands production of this information by April 19, 2019, barely two weeks after filing the motion describing the scope of their request, and presumably only a few days after actual entry of an order by this Court directing the terms of production.

5. U.S. Bank was first made aware of the Oversight Board's information requests on or about April 2, 2019, when counsel to the Special Claims Committee reached out to counsel to U.S. Bank requesting information relating to certain GO Bonds only. When the Motion was filed on April 8, 2019, numerous additional bonds were added to the list for PBA and ERS. The Oversight Board must have known about the need for the requested information, so it is unclear why it delayed so long in communicating with U.S. Bank and obtaining proper relief with respect to these discovery requests. The unnecessary urgency created by the Oversight Board places an administrative burden on U.S. Bank as an alleged Participant Holder.

6. Since April 2, 2019, and prior to the filing of the 2004 Motion, counsel to U.S. Bank has engaged in discussions with counsel to the Special Claims Committee concerning the requested discovery. U.S. Bank requested a list of relevant CUSIPs, a necessary predicate to researching the requested information, which U.S. Bank received the day of the filing of the 2004 Motion. U.S. Bank is aware of no statutory deadlines relating to PBA, which is not in a

3

Title III proceeding or any other proceeding, and so it is unclear why the Oversight Board requires discovery relating to the PBA bonds on such an unreasonably tight timeframe.

7. U.S. Bank is actively investigating its ability to obtain the information sought in the 2004 Motion, and believes it will be able to produce some of the requested information by April 19, 2019, but cannot at this point confirm that all requested information can be produced by that date.[4] For example, the corporate trust group at U.S. Bank does not control access to all of the DTC participant numbers listed by the Oversight Board and must reach out to other sectors of U.S. Bank, some of U.S. Bank's records between 2013 and 2017 may be archived, the data storage files don't include customer addresses which must be researched manually, and there may be other difficulties searching records relating to all of the different CUSIPs, and potentially hundreds of payment transfers.

8. Additionally, U.S. Bank has advised counsel to the Special Claims Committee of its concerns about producing private, confidential information including the names and addresses of its customers and related account numbers and information about holdings, as requested in the 2004 Motion. U.S. Bank has requested a proposal for protecting the confidentiality of the information the Oversight Board is requesting. U.S. Bank understands that other targeted Participant Holders have also raised similar concerns and that counsel to the Special Claims Committee is following up on this ongoing issue, but to date U.S. Bank has not received a proposal addressing this important issue.

---

[4] U.S. Bank understands that at least two, and maybe more of the DTC participant numbers included in Appendix 2 to the 2004 Motion do not relate to any transfer of any relevant payments. U.S. Bank also understands based on internal searches it has conducted thus far that there are no distributions on the CUSIPs in the 2004 Motion during the Claw Back Period for the U.S. Bank participant numbers 2234, 2781, 9487, 1510 or 2897, listed in Appendix 2 to the 2004 Motion.

4

9. Bankruptcy Rule 1007(i) provides that "after notice and a hearing and for cause shown" the court may direct an entity to disclose any list of security holders of the debtor in its possession or under its control, indicating the name, address and security held by any of them…" However, U.S. Bank is not a Trustee maintaining a registered list of holders for the Commonwealth GO Bonds or the ERS Bonds, and thus the information requested is not readily available. Furthermore, the privacy concerns regarding disclosure of names, addresses and holdings are not addressed at all in the 2004 Motion.

10. Bankruptcy Rule 2004 examinations require a balance between the needs of the examiner and the burden imposed on the examinee, and courts have denied 2004 requests that seek overly burdensome and disproportionate requests. *See, e.g., In re SunEdison, Inc.*, Case No. 16-10992 (SMB), ECF No. 2280 (Jan. 18, 2017). Additionally, in order to successfully obtain Rule 2004 discovery, the requesting party must demonstrate good cause. Here, the deadline requested in the 2004 Motion requests an unduly truncated response period, and fails to address the costs that may be associated with an urgent search for this information. Moreover, if the deadlines to commence avoidance actions are extended pursuant to the Oversight Board's Equitable Tolling Motion, scheduled to be heard on April 24, 2019, the urgency for any document discovery disappears.

11. Given the breadth of the discovery requests in the 2004 Motion, U.S. Bank objects to the timeframe requested in the 2004 Motion and requests that this Court order that documents be produced on a rolling basis, beginning April 19, 2019 for information that U.S. Bank is able to produce by that date, assuming an order has been entered by that time authorizing the production, and adequate protection is provided to address U.S. Bank's concerns about privacy and confidentiality of its customers. Any such order should include specific language

protecting the confidentiality of non-public information that is protected from disclosure by federal or state customer/consumer privacy protection regulations, including customer/consumer names and addresses, account numbers, and identification of securities held in accounts. In addition, further cause should be shown as to why information regarding the PBA Bonds needs to be part of this process.

12. The Special Claims Committee's counsel has asked for information about the costs U.S. Bank will incur in endeavoring to meet this schedule, and U.S. Bank is gathering that information which may include overtime, exceptional administration charges, and outside counsel fees which are made necessary due to the last minute nature of this request.

13. U.S. Bank reserves all rights to make further objections to producing certain information on other grounds as it continues to examine its records to comply with the Oversight Board's discovery requests.

WHEREFORE, U.S. Bank respectfully requests that any order granting the relief requested in the 2004 Motion be conditioned on compliance with the provisions outlined in paragraphs 11 and 12 above, regarding staggered timing of production, protection of privacy and confidentiality, showing of cause with respect to the PBA information, and that any Order include a provision requiring the Oversight Board or Puerto Rico to reimburse U.S. Bank's reasonable costs including fees and costs of outside counsel, associated with this expedited search, and such other relief as this Court may deem appropriate.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 12th of April, 2019.

**We hereby certify** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system of the U.S. Bankruptcy Court for the District of

Puerto Rico for Case No. 17-BK-3283, which will send notification of such filing to all counsel of record participating in the CM/ECF system.

        **RIVERA, TULLA AND FERRER, LLC**

        By: /s *Eric A. Tulla*
        Eric A. Tulla
        USDC-DPR No. 118313
        Email: etulla@ riveratulla.com

        By: /s *Iris J. Cabrera-Gómez*
        Iris J. Cabrera-Gómez
        USDC-DPR No. 221101
        Email: icabrera@riveratulla.com
        Rivera Tulla & Ferrer Building
        50 Quisqueya Street
        San Juan, PR 00917-1212
        Tel.: (787)753-0438
        Fax: (787)767-5784 (787)766-0409

        And

        **HOGAN LOVELLS US LLP**

        By: */s Robin E. Keller*
        Robin E. Keller, Esq. (admitted *pro hac vice*)
        robin.keller@hoganlovells.com

        By: s/ *Pieter Van Tol*
        Pieter Van Tol, Esq. (admitted *pro hac vice*)
        pieter.vantol@haganlovells.com
        875 Third Avenue
        New York, NY 10022
        Tel.: (212) 918-3000
        Fax: (212) 918-3100

        **Counsel to U.S. Bank National Association and U.S. Bank Trust National Association**