**EXHIBIT "A"**

[April 12, 2019 Letter]

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-3539 | jyoungwood@stblaw.com |

BY E-MAIL                                        April 12, 2019

                Re:  In re: The Financial Oversight and Management Board for
                    Puerto Rico, No. 17 BK 3283-LTS (D.P.R.)

Edward S. Weisfelner
Angela M. Papalaskaris
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

Stephen A. Best
Brown Rudnick LLP
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005

Sunni P. Beville
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

Dear Counsel:

      We are counsel to JPMorgan Chase Bank, N.A. ("JPMorgan"). JPMorgan hereby responds and objects to the Financial Oversight and Management Board of Puerto Rico's (the "Oversight Board") motion for entry of an order authorizing discovery and disclosure of lists of security holders and proposed discovery demand (collectively, the "Motion").[1]

      ***First***, JPMorgan objects to the Motion on the grounds that the discovery demand and short deadline in the proposed order would impose an unreasonable burden by requiring a massive search for information without providing sufficient time to comply or sufficient information in order to conduct a reasonable and efficient search. Specifically, the proposed order would require JPMorgan to search for, review and produce detailed information

---

[1] JPMorgan reserves the right to object to any other request for the production of documents and to revise, supplement or clarify these responses and objections.

Simpson Thacher & Bartlett LLP

Edward S. Weisfelner
Stephen A. Best
Sunni P. Beville                                          -2-                                April 12, 2019

concerning an unknown number of payments that may have been made through 33 DTC accounts with respect to 133 CUSIPs on 911 unspecified payment dates over a four-year period, all to be completed by April 19, one week from today. (*See* Motion at 4, App. 2 at 7, App. 3.) The burden of this deadline is not merely excessive and unreasonable, but in fact it would be impossible to meet, as the requested data, to the extent it exists, is not easily accessible.

Based on our preliminary investigation using the limited information provided by the Oversight Board, we understand that the requested information regarding the potential payments at issue relates to multiple separate lines of business across JPMorgan and potentially other affiliates of JPMorgan. Therefore, the requested information is likely to be stored on multiple data platforms, each of which will likely need to be searched separately, and given the broad date range provided by the Oversight Board, may not be reasonably accessible because the search would require the restoration of archived data. Furthermore, it is anticipated that compiling even the available information for production to the Oversight Board will likely require time-consuming manual processes and substantial resources. Given the breadth of the request and the manner in which the data is stored, JPMorgan would need substantially more time to determine what data is readily accessible and, to that extent, comply with the proposed request.

We further disagree with many assertions in the Motion and underscore that JPMorgan is not responsible for any delay by the Oversight Board in requesting this information or the exigency imposed by the approaching deadline in Section 546(a). In fact, although the Oversight Board filed an omnibus objection in January 2019 claiming that certain bonds violated Puerto Rico's constitutional debt limits (Motion ¶ 13), it did not reach out to JPMorgan to request any information until April 2, less than a week before it made this urgent filing, and even that request was limited to 37 of the 133 CUSIPs now at issue.

***Second***, JPMorgan objects to the Motion on the grounds that the proposed discovery request is vague, ambiguous and overly broad with respect to the information demanded. The Oversight Board needs to provide additional information concerning the payments at issue, including for example, the dates that payments were made to DTC for each of the associated CUSIPs. This information is indisputably within the Commonwealth's possession, and should be promptly provided to JPMorgan. In the event the Oversight Board obtains additional information from DTC, as suggested in the Motion (Motion at 4), such information should also be immediately provided to JPMorgan to reduce the scope of the necessary searches.

***Third***, JPMorgan objects to the Motion on the grounds that it seeks the disclosure of confidential information concerning third parties as to which JPMorgan may have an obligation to maintain confidentiality by law, agreement or otherwise. JPMorgan may also have an obligation to provide notice to relevant third parties before their confidential information is disclosed to the Oversight Board. JPMorgan would need to ensure that an appropriate confidentiality order and/or agreement is in place before any production was made.

Simpson Thacher & Bartlett LLP

Edward S. Weisfelner
Stephen A. Best
Sunni P. Beville -3- April 12, 2019

**Fourth**, JP Morgan reserves the right to demand payment of the costs for itself and its counsel incurred in responding to the Motion and/or complying with the document request, especially on an expedited basis.

Subject to and without waiving the foregoing objections, JPMorgan is willing to meet and confer with the Oversight Board.

\* \* \*

Given the expedited briefing schedule, and JPMorgan's current lack of local counsel admitted in the District of Puerto Rico, JPMorgan requests that you inform the Court of JPMorgan's objections in your reply papers filed in connection with the Motion.

Very truly yours,

*/s/ Jonathan K. Youngwood*

Jonathan K. Youngwood

cc: Martin J. Bienenstock (counsel for the Oversight Board)
Brian S. Rosen (counsel for the Oversight Board))
John J. Rapisardi (counsel for the Fiscal Agency and Financial Advisory Authority)
Suzzanne Uhland (counsel for the Fiscal Agency and Financial Advisory Authority)
Peter Friedman (counsel for the Fiscal Agency and Financial Advisory Authority)