# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br><br>    Debtor. | PROMESA<br><br>Title III<br><br>No. 17 BK 3267-LTS<br><br>(Jointly Administered) |

**BANK OF AMERICA'S RESPONSE TO URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO FOR ENTRY OF AN ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY <u>HOLDERS, JOINDER AND RESERVATION OF RIGHTS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable Magistrate Judge Judith Gail Dein:

Bank of America, N.A. ("BANA"), by and through its undersigned counsel, hereby submits this response, joinder, and reservation of rights (the "Response") to the urgent motion (the "Motion")[2] of the Financial Oversight and Management Board of Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), for entry of an order authorizing discovery and compelling disclosure of lists of security holders, and respectfully states as follows:

**RESPONSE**

1. Through the Motion, the Oversight Board seeks to commence significant discovery against what appear to be multiple BANA entities, on an urgent basis, just three weeks away from the Oversight Board's purported deadline to commence actions against beneficial holders of the Challenged Bonds.[3] The Oversight Board's requested Rule 2004 discovery is premature, unduly burdensome and potentially unnecessary, and for those reasons the Motion should be denied. Alternatively, to the extent that the Court compels production, the terms and conditions governing such discovery should be modified as further detailed below.

2. A Rule 2004 inquiry is premised on a showing of good cause for the proposed examination. *See, e.g., In re AOG Entm't, Inc.*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016); *In re Youk-See*, 450 B.R. 312, 319-20 (Bankr. D. Mass. 2011). Rule 2004, while broad, is not without its limits. A Rule 2004 investigation can be authorized only upon a showing of good cause, and a court considering a request under Rule 2004 has broad discretion to determine whether and to what

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] Under the category for Participant Holders at BANA, the Oversight Board seeks discovery from certain BANA entities, as well as "BNY Mellon Capital Markets, LLC." At this juncture, it is not clear to BANA how BNY Mellon Capital Markets, LLC would be considered a BANA entity such that BANA could respond on behalf of such entity with respect to the discovery sought in the Motion.

1

extent the discovery should be authorized. *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (requiring a showing of good cause); *In re Bd. of Dirs. of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (noting the "significant discretion" given to courts when determining requests for disclosures under Rule 2004); *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (holding that the party seeking a 2004 disclosure "has the burden of showing good cause"). In order to demonstrate good cause, a party typically must demonstrate that the discovery it seeks is "necessary to establish the claim of the party seeking the examination, or [that] denial of such request would cause the examiner undue hardship or injustice." *In re AOG Entm't, Inc.*, 558 B.R. at 109 (quoting *In re Metiom, Inc.*, 318 B.R. at 263).

3. In addition, "[t]he Court must also weigh the relevance of the discovery against the burden it will impose on the producing party." *In re MF Global Inc.*, No. 11-02790 (MG), 2013 WL 74580, at *1 (Bankr. S.D.N.Y. Jan. 8, 2013) (citing *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991)). This is critical to fulfilling the Court's duty to "protect persons who are not parties or officers of a party from incurring significant expense in connection with document production." *In re Buccaneer Res., LLC*, No. 14-60041, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. Dec. 10, 2015) (applying Fed. R. Civ. P. 45(d)(2)(b)(ii) to committee's Rule 2004 discovery). Accordingly, discovery requests should be tailored so as not to be "more disruptive and costly to the … [party being examined] than beneficial to the … [party requesting the examination]." *Id.* (quoting *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)) (alterations in original). "If the cost and disruption to the person being examined outweigh the benefits to the examiner, the examination should be denied." *Id.* (citing *In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998)).

2

4. For the reasons set forth below, the Oversight Board has not shown "good cause" to warrant Rule 2004 discovery here at this time and in the manner requested.

### A. The Relief Sought is Premature, Duplicative, and Unduly Burdensome

5. The Oversight Board's requested Rule 2004 discovery is premature at best, unduly burdensome and potentially unnecessary, as it may be obviated (a) by the adjudication of the Joint Claim Objection, ERS Bond Objection, and Ad Hoc Objection (collectively, the "Bond Objections"), and (b) at least in part by the information received from DTC which the Oversight Board "expects [] will identify with reasonable accuracy" certain of the Participant Holders. The Oversight Board acknowledges that its request is premature, by stating in its Motion that its need to identify the holders of Challenged Bonds is "depend[ent] on the outcome of the Joint Claim Objection, ERS Bond Objection and Ad Hoc Objection." *See* Motion ¶ 3. Furthermore, should the Court rule in the Oversight Board's favor and grant the relief sought in the Equitable Tolling Motion, the Oversight Board's relief requested here would not be urgent or necessary at this time.

6. Moreover, the Oversight Board's overbroad and patently burdensome requests in the Motion exceed the scope of Rule 2004. Instead of utilizing the discovery expected from DTC to narrow by date and purported holder its overly broad requests to BANA, the Oversight Board's discovery requests relate to multiple BANA entities, seeking information pertaining to what could be thousands of transactions, contained on what could be different platforms and/or systems at BANA and/or another Bank of America entity. Indeed, at this stage, BANA has not yet been able to confirm that BANA is the correct repository and/or entity for the information sought. The information sought is expected to take significant time to identify and retrieve, let alone review with an eye for production.

7. For these and other reasons, the requests in the Motion should be denied.

**B. If Authorized, the Terms Governing Discovery Require Modification**

8. If the Oversight Board ultimately is authorized to pursue the discovery sought in the Motion, the scope of the discovery to which it is permitted should be limited to documents addressing information not provided by DTC-- though the information provided by DTC should assist in identifying and clarifying any additional information sought from BANA. Specifically, the information that the Oversight Board expects from DTC will show "which financial institutions held the bonds on the Friday preceding and/or following the payments." Motion ¶ 21. With this information, the Oversight Board should be able to direct BANA to specific payment dates and specific bonds. Any effort to determine the proper scope of the Oversight Board's requested information from BANA before DTC provides this information would need to be revisited after DTC provides such information, thereby wasting estate and BANA resources. For this reason, as well, the Oversight Board's request for discovery should be limited to and informed by what DTC provides.

9. Should the Oversight Board be authorized to pursue any of the discovery sought in the Motion, for the same reasons described above as to the burden on BANA in requiring production, the information sought is expected to take significant time to identify, retrieve, and review with an eye for production. Accordingly, any order approving such discovery should provide that the parties will further meet and confer as to a reasonable deadline for the beginning of a rolling production of the requested information for the correct entity or entities.

10. Additionally, in light of the information sought by the Oversight Board, which is comprised of sensitive customer information, production and use of such information requires strict adherence to confidentiality concerns. Specifically, such documents should only be

4

produced pursuant to an agreed-upon confidentiality stipulation, which would be subject to Court approval.

11. Finally, should the Court approve the relief sought by the Oversight Board in the Motion, BANA respectfully requests that consideration be given as to whether there should be a shifting or sharing of costs incurred by BANA in attempting to comply with these belated and now emergent requests. The Oversight Board has had plenty of time to seek this information, and waited until about three weeks before their first purported statute of limitations expires before reaching out to BANA with this request.

## **JOINDER AND RESERVATION OF RIGHTS**

12. BANA reserves the right to join in and adopt as their own any other objections or responses to the Motion.

13. To the extent necessary, BANA expressly reserves all rights and objections with respect to the document requests contained in the Motion including, without limitation, objections pertaining to scope, burden, confidentiality, privilege, service, and jurisdiction.

[continued on the next page]

## CONCLUSION

14. For the foregoing reasons, BANA respectfully submits that the Court should (a) deny the Motion and (b) grant such other and further relief as is just and proper. Should the Court permit the Oversight Board to pursue discovery from BANA, BANA respectfully submits that any order account for (w) the narrowing of the scope of such information based on information provided from DTC, (x) the parties' requirement to meet and confer as to a reasonable timeline for the beginning of a rolling production of documents, (y) production of the information pursuant to a confidentiality order, and (z) consideration given to the sharing or shifting of costs incurred in responding to the Oversight Board's requests.

Dated: April 12, 2019

Respectfully submitted,

**BANK OF AMERICA, N.A.**

*/s/ Jennifer L. Malin*
Jennifer L. Malin
Carrie V. Hardman
(*Pro Hac Vice* Admissions Pending)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

*Counsel for Bank of America, N.A.*

*/s/ Enrique G. Figueroa-Llinás*
Enrique G. Figueroa-Llinás
USDC No. 201709
**BOBONIS, BOBNIS & RODRIGUEZ POVENTUD**
129 de Diego Ave.
San Juan, Puerto Rico 00911-1927
Tel: (787) 725-7941
Fax: (787) 725-4245

*Co-Counsel for Bank of America, N.A.*