**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS) |

**OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,
AS REPRESENTATIVE OF DEBTOR, TO MOTION FOR
IMMEDIATE STATUS CONFERENCE**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board (the "Oversight Board"), as representative for debtor Employees' Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), respectfully submits this objection to the *Motion for Immediate Status Conference* (the "Motion") [Docket No. 438 in Case No. 17-bk-03566] filed by Movants.[1]

**PRELIMINARY STATEMENT**

1.  Movants request an "immediate" status conference on less than 6 hours' notice to the Court, following a conference held with the respondent parties on 5 hours' notice the day before, on a Friday before a holiday weekend in Boston (the location of Magistrate Judge Dein's chambers) when the Court already has a full calendar today.  Movants' motion is inappropriate, unwarranted, and should be denied in full.

**BACKGROUND**

2.  On April 1, 2019, the Court held a hearing on the parties' respective motions to compel.  Among other things, the Court ordered counsel for the Oversight Board and counsel for

---

[1] Movants are:  Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

the Movants to confer concerning the Oversight Board's response to Movants' subpoena for documents, and to submit a joint status report by Friday, April 5 at 5:00 p.m. Apr. 1, 2019 Hearing Tr. 76:9 – 78:13.

3. On April 3, 2019 at 1:39 p.m. Eastern Time, the Oversight Board sent Movants an e-mail at proposing search parameters for 4 custodians. **Exhibit A**. Later that day, at 4:53 p.m. Eastern Time, Movants stated that "[a]ll Board members should be included as custodians," and requested the Oversight Board *double* the number of custodians it would search from 4 to 8. *Id.*

4. On April 4, 2019 at 3:40 p.m. Eastern Time, the Oversight Board agreed to Movants' request for an additional 4 custodians. *Id.* The Oversight Board immediately undertook review of the 7,446 direct-hit documents across the 8 custodians.

5. On April 5, 2019, per the Court's order, the parties submitted a joint informative motion to the Court reflecting their agreement on search parameters and that the Oversight Board had already commenced its document review. ECF No. 432 in Case No. 17-bk-03566. The parties did not discuss, let alone agree upon, a date certain by which the Oversight Board would complete its production of documents.

6. On April 8, 2019, Movants and the Oversight Board met and conferred concerning discovery matters. On that call, counsel to the Oversight Board (William Dalsen) stated that the Oversight Board had completed roughly half of its first-level review of the nearly 7,500 documents that returned on the agreed-upon search parameters in less than 4 days. Counsel to the Oversight Board also confirmed that the review was continuing without any delay, and that the Oversight Board anticipated making its first production by April 14, 2019. On that call, counsel to Movants (Matt Papez) stated that the Court "ordered" the Oversight Board to produce documents by April 10, 2019, because the deadline for "supplemental document productions, if so ordered" had been

2

set for that day. [ECF No. 393 in Case No. 17-bk-03566]. Counsel to Movants did not identify any part of the hearing transcript where the Court had so ordered the Oversight Board to produce by April 10, 2019, and counsel to the Oversight Board reiterated that the Court had ordered the Oversight Board to confer with Movants and to supply a status update on April 5 (both of which it had done).

7. Also on April 8, 2019, counsel to Movants (Matt Papez) emailed counsel to the Oversight Board (William Dalsen) purporting to memorialize the call that occurred earlier that day, and again stated the Oversight Board was required to produce documents by April 10, 2019. **Exhibit B.** The Oversight Board requested that Movants identify the basis for their contention that the Court had ordered a production by April 10. *Id.* Movants never responded.

8. On April 11, 2019 at 12:14 p.m. Eastern Time, Movants emailed the respondent parties stating their intent "to file an urgent motion requesting a telephonic hearing with Judge Dein, to take place tomorrow [i.e., Friday, April 12, 2019]," and demanding a conference to occur between 4:00-6:00 p.m. Eastern Time that same day. **Exhibit C.** The parties conferred at 5:30 p.m. Eastern Time, during which counsel to the Oversight Board (William Dalsen) again asked Movants the basis for their position that the Oversight Board had been ordered to produce documents by April 10, 2019. Once again, Movants supplied no authority for their position from the hearing transcript or the Court's subsequent order; Movants instead stated only that the April 10, 2019 deadline for "supplemental document productions, if so ordered" [ECF No. 393 in Case No. 17-bk-03566] applied to the Oversight Board.

9. Today, Movants, for the first time, now claim that the Oversight Board had been ordered to produce documents by April 10, 2019 based on the Court's remark that "the Oversight Board has to respond to this subpoena in some form[.]" ECF No. 438 in Case No. 17-bk-03566.

3

## ARGUMENT

10. The respondent parties respectfully submit that Movants' request for an "immediate" status conference on less than 6 hours' notice, following a conference held on 5 hours' notice the day before, on a Friday before a holiday weekend in Boston when Magistrate Judge Dein already has a full calendar today, is inappropriate. The motion should be denied.

11. *First*, Movants' demand upon the Court and the parties for an immediate conference is improper because it seeks to impose an unwarranted burden upon the Court. In particular as to Movants' unsupportable position the Oversight Board had been "so ordered" to make a "supplemental" production by April 10, 2019, Movants could have requested a conference with the Oversight Board—and then, with the Court—days ago and on more than 6 hours' notice.

12. *Second*, Movants' requests lack merit. Despite the lack of relevance of the discovery sought by Movants and the extremely abbreviated discovery schedule, the Commonwealth, ERS, and AAFAF reviewed over 6000 electronic documents, made a document production, and drafted a categorical privilege log in roughly one week. Rather than meet and confer in good faith over the content of the privilege log, or allow the Commonwealth, ERS and AAFAF an opportunity to defend the content of the log under the agreed-upon briefing schedule, Movants are short circuiting the meet and confer process through their demand for an immediate conference. Despite the lack of urgency, Respondents agreed to Movants' urgent demand for a meet and confer on the evening of April 11, 2019, during which counsel requested that Movants explain the alleged defects with the categorical privilege log. Counsel for Movants highlighted the following issues: the absence of information regarding document types, the absence of an indication of whether the categories contained documents previously marked confidential or privileged, and the absence of an appendix or additional information regarding the individuals and

4

entities listed on the log. Despite the late hour, Respondents worked to address all these concerns and sent Respondents a revised log to address the issues raised by Respondents along with a detailed appendix, and also offered to continue to meet and confer. Movants instead filed their urgent motion even though the current schedule allows them to file a motion to compel on Monday, April 15, 2019.

13. Further, Movants' claim the Oversight Board had been "so ordered" to produce documents by April 10 is belied by the record, which contains no such order; instead, the Court ordered the Oversight Board to confer with Movants (which it did) and to file a status report (which the parties did, jointly). Further, Movants' new argument that the Court's statement that the Oversight Board must "respond to this subpoena in some form" is not an order to produce documents by April 10. Additionally, the Oversight Board is moving as expeditiously as possible to complete its document review and production: it completed its first-level review of 7,466 documents this past Tuesday morning, is continuing its document review without delay, and remains on track to make its first production this coming Sunday, April 14, 2019.

14. *Third*, at a minimum, the Court should deny the Motion in part and order the parties to confer (on more than 5 hours' notice) next week concerning the concerns Movants identified in the Motion, and to file a status report (on more than 6 hours' notice) next week identifying whether the parties had resolved those disputes raised *just yesterday* or would benefit from the Court's further assistance through an in-person or telephonic status conference.

## CONCLUSION

For the foregoing reasons, the Oversight Board requests that the Court deny the motion for an immediate status conference.

| | |
|---|---|
| Dated: April 12, 2019<br>New York, NY | Respectfully submitted,<br><br>*/s/ Margaret A. Dale*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Margaret A. Dale (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: klevitan@proskauer.com<br>Email: mdale@proskauer.com<br><br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.977.1932<br>Fax. 787.722.1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/ 763-0565<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
