# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| as representative of | ) | Case No. 17-bk-03283 (LTS) |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | ) | |
| | ) | |
| Debtor. | ) | |
| | ) X | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | PROMESA |
| | ) | Title III |
| as representative of | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | Case No. 17-cv-01685 (LTS) |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | Case No. 17-bk-03566 (LTS) |
| PUERTO RICO, | ) | |
| | ) | **Re: ECF No. 367** |
| Debtor. | ) | |
| | ) X | |

## OVERSIGHT BOARD'S NOTICE OF RULE 30(b)(6) DEPOSITION OF
## PUERTO RICO FUNDS

**TO:** The Puerto Rico Funds[1]

---

[1] The Puerto Rico Funds consist of: Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. §§ 2101–2241), and Federal Rules of Bankruptcy Procedure 9014, 7026, and 7030(b)(6), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") in these Title III proceedings, and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), will take the deposition upon oral examination of the Puerto Rico Funds through individuals designated to testify regarding the topics of examination set forth in the attached Schedule A hereto.

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on March 13, 2019, starting at 9:00 a.m. local time at the offices of Proskauer Rose LLP, located at Eleven Times Square, New York, NY 10036, or at such other date, time, or location as the parties may agree or as may be ordered by the Court. Testimony will be recorded by video recording, audio recording, instant visual display of testimony, and by stenographic means before an officer duly authorized by law to take testimony and administer oaths, and will continue from day to day except Sundays and holidays until completed.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 30(b)(6) and Federal Rules of Bankruptcy Procedure 9014 and 7030(b)(6), the Puerto Rico Funds are not natural persons and are required to designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on their behalf with respect to the matters set forth in Schedule A. The Person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the Puerto Rico Funds.

      The Puerto Rico Funds are requested to identify in writing to the Oversight Board, on or before March 9, 2019, each witness who will testify on their behalf and the subject-matters on which each witness will testify.

      You are invited to attend and cross-examine.

| | |
|---|---|
| Dated: March 7, 2019<br>New York, NY | Respectfully submitted,<br><br>*/s/ Margaret A. Dale*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>Margaret A. Dale (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: klevitan@proskauer.com<br>Email: mdale@proskauer.com<br><br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.977.1932<br>Fax. 787.722.1932<br>dvelawoffices@gmail.com<br><br>OF COUNSEL FOR<br>A&S LEGAL STUDIO, PSC<br>434 Avenida Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/ 763-0565<br>Fax: (787) 763-8260<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 7, 2019, I caused a copy of the foregoing *Notice of 30(b)(6) Deposition of Puerto Rico Funds* to be sent by email to the following individuals:

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

        Jason N. Zakia
        Cheryl T. Sloane
        WHITE & CASE LLP
        200 Biscayne Blvd., Suite 4900
        Miami, Florida
        Tel: (305) 371-2700
        Fax: (305) 358-5744
        jzakia@whitecase.com
        csloane@whitecase.com

        Alfredo Fernandez-Martinez
        DELGADO & FERNANDEZ, LLC
        PO Box 11750
        Fernandez Juncos Station
        San Juan, Puerto Rico 00910
        Tel: (787) 274-1313
        Fax: (787) 764-8241
        afernandez@delgadofernandez.com

        Jose C. Sanchez-Castro
        Alicia I. Lavergne-Ramirez
        Maraliz Vazquez-Marrero
        SANCHEZ CASTRO PIRILLO LLC
        270 Munoz Rivera Avenue, Suite 1110
        San Juan, Puerto Rico 00918
        Tel: (787) 522-6776
        Fax: (787) 522-6777
        jsanchez@sanpir.com
        alavergne@sanpir.com
        mvazquez@sanpir.com

                                        */s/ Margaret A. Dale*
                                        Margaret A. Dale

## SCHEDULE A

## **DEFINITIONS**

As used herein, the following terms shall have the stated meanings:

The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope

The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

The use of the singular form of any word shall include the plural and vice versa.

1. "Commonwealth" means the Commonwealth of Puerto Rico.

2. "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

3. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice

6

mail, audio and video recordings, data compilations, computer databases, records, and any information generated or stored in electronic form.

4. "Employers' Contribution Rate" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution. Resolution § 509(7) & Exh. B, VI-33.

5. "ERS Bonds" means the senior and subordinate pension funding bonds issued by ERS pursuant the Resolution, in the aggregate original principal amount of approximately $2.9 billion.

6. "ERS Title III Case" means the case commenced on May 21, 2017 by the FOMB, on behalf of ERS, under Title III of PROMESA.

7. "Fiscal Agent" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution. Resolution § 801 & Exh. B, VI-34.

8. "Including" means including, but not limited to, the referenced subject.

9. "Lift Stay Motion" means the motion entitled *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*, ERS Title III Case, D.I. 289 (July 3, 2018), along with Movants' urgent motion to expedite consideration of that motion, ERS Title III Case, D.I. 367, and all proceedings, testimony, and discovery produced pursuant thereto.

10. "Offering Statement" or "Offering Statements" means any of the offering statements for the ERS Bonds.

11. "Person" means any individual or legal organization or entity.

12. "Pledged Property" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Resolution. Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.

13. "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" mean analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing,

disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

14. "Resolution" means the bond resolution dated January 24, 2008, pursuant to which the ERS Bonds were issued.

15. "Value" is defined to include, without limitation, mark-to-market value and Your subjective valuation.

16. "You" or "Your" means the Puerto Rico Funds, as well as their affiliates, predecessors, successors, partners, parent company, subsidiaries, principals, officers, directors, attorneys, agents, employees, representatives, and other Persons acting on their behalf.

## DEPOSITION TOPICS

1. The issuance of ERS Bonds.

2. Your purchase of ERS Bonds.

3. Your due diligence performed in connection with the issuance of ERS Bonds.

4. Your due diligence performed in connection with Your purchase of ERS Bonds.

5. Your understanding of what constitutes assets of ERS.

6. Your identification of what You contend constitutes collateral for the ERS Bonds.

7. Your identification of which ERS assets You contend constitute collateral for the ERS Bonds, and which ERS assets You contend are not collateral for the ERS Bonds.

8. Your identification of which other assets You contend constitute collateral for the ERS Bonds.

9. Your identification of what You contend is Pledged Property.

10. Any security interest or lien that You have related to the ERS Bonds.

11. The Offering Statements for the ERS Bonds.

12. Any communications You had with the Fiscal Agent concerning the ERS Bonds.

8

13. Any documents You received or sent to the Fiscal Agent concerning the ERS Bonds.

14. The Value of the Pledged Property or of any collateral You contend secures the ERS Bonds, including, without limitation, the Value as of the following dates:

    a. The date on which You purchased ERS Bonds;

    b. May 21, 2017;

    c. The first day of each month since May 21, 2017; and

    d. Today.

15. The basis for Your contention that there has been diminution of Value of Pledged Property or diminution of any collateral You contend secures the ERS Bonds, and the amount of any such diminution.

16. Your contention that the automatic stay has caused diminution of Value of Pledged Property or diminution of Value of any collateral You contend secures the ERS Bonds.

17. Your contention that Pledged Property or any collateral You contend secures the ERS Bonds has been diverted and dissipated.

18. Your contention that You are entitled to relief from the automatic stay in both the ERS Title III Case and the Commonwealth Title III Case.

19. Your understanding of "right to receive revenues" as stated in the Resolution.

20. Changes to the Employers' Contribution Rate.

21. Changes in law that affect the Employers' Contribution Rate.

22. All Documents and Communications You produced related to the Lift Stay Motion.

23. All exhibits and Documents You intend to present in Your case in chief related to the Lift Stay Motion.