# EXHIBIT H

| | |
|---|---|
| **From:** | Dalsen, William D. <wdalsen@proskauer.com> |
| **Sent:** | Tuesday, March 19, 2019 6:17 PM |
| **To:** | Papez, Matthew E.; Sooknanan, Sparkle L.; csloane@whitecase.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede; alavergne@sanpir.com; Dale, Margaret A.; Mazurek, Carl A.; Vora, Hena M.; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; Sushon, Bill; McKeen (External), Elizabeth; Neve, Brett M.; 'Bassett, Nicholas'; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com |
| **Subject:** | ERS - Meet/Confer |

Matt –

Following up on our call yesterday:

1. We need to know Movants' position concerning Interrogatory Nos. 5, 6, 8, and 9. As I noted on our call yesterday, to the extent Movants claim to have an interest in PayGo (including as collateral or Pledged Property), and have information concerning its value, any diminution, and the cause of any such diminution, that information is within the scope of the Interrogatories. As such:

    a. Are Movants withholding any information responsive to the Interrogatories, including information concerning any claimed interest in PayGo?

    b. Will Movants provide supplemental responses to the Interrogatories, including, in particular, to Interrogatory No. 9 that asks Movants to identify, with specificity, the cause of any alleged diminution, including diminution of value arising from any claimed interest in PayGo?

    c. While we expect Movants to update their responses and objections in a timely fashion pursuant to Rule 26(e), we need a fulsome response with the information Movants have today. I reiterate that it seems inconceivable Movants have no idea of their collateral, its value, or any claimed diminution, and no more specifics concerning the cause of any alleged diminution, given the motion's premise that Movants have in fact suffered diminution.

2. As to Movants' objections to the Rule 30(b)(6) notices, I will respond separately to Sparkle's and Cheryl's emails.

3. The Oversight Board stands on its responses and objections to Movants' subpoenas. As I noted on our call, it would be helpful if Movants can explain why the information they seek connects to the elements of a motion for adequate protection.

4. To confirm, Movants will produce documents concerning diligence performed in connection with their purchase of ERS bonds in addition to diligence in connection with the issuance of ERS bonds in response to Request for Production No. 4.

5. The Commonwealth and ERS will be serving objections and responses to the Rule 30(b)(6) notices served upon them.

6. I will follow up with Geoff separately concerning our discussion yesterday about whether Movants intend to offer expert testimony.

Thank you.

--Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

*********************************************************************************
*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************
*************************************************************