# EXHIBIT I

 Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

April 10, 2019

**Via Email**

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

| | |
|---|---|
| Sparkle L. Sooknanan, Esq.<br>Jones Day<br>51 Louisiana Ave. N.W.<br>Washington, DC 20001<br>(202) 879-3939<br>ssooknanan@jonesday.com | Cheryl T. Sloane, Esq.<br>White & Case LLP<br>Southeast Financial Center<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131-2352<br>csloane@whitecase.com |

**Re:** *In Re The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS)* **(No. 17 BK 3566-LTS) – Movants' Objections to Notices of Deposition**

Dear Sparkle and Cheryl:

I write concerning Movants' email objections[1] of March 12, 2019 to the respondent parties' notices of deposition pursuant to Rule 30(b)(6) served on movants Andalusian Global Designated Activity Company, Mason Capital Master Fund, LP, and the Puerto Rico Funds.[2]

None of Movants' objections are well-founded, particularly given the wide-ranging discovery Movants sought and continue to seek from the respondent parties. Movants must withdraw those objections or the respondent parties will move to compel.

**I.     Generalized Objections**

Movants appear to make three general objections to the notices of deposition. First, Movants claim the list of topics is too long. Second, Movants claim the notices are "grossly overbroad" and/or "burdensome." Third, Movants claim some noticed topics seek irrelevant

---

[1] Movants have not served formal objections or any additional objections. The Oversight Board responds to the email objections—which are quite short—to the extent it understands them.

[2] The Puerto Rico Funds consist of: Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

**Proskauer**

Sparkle L. Sooknanan, Esq. & Cheryl T. Sloane, Esq.
April 10, 2019
Page 2

information.  None of these objections survives Movants' own discovery positions in this matter and, in any event, none has merit.

*First*, the fact that the notices list 23 topics that fit on 2 pages is inapposite.  Movants served ERS with a list of 19 topics (not counting 48 sub-topics) in the 213 Proceeding, followed by a supplemental notice seeking testimony on 4 additional topics, which Movants only agreed to limit to 18 topics (not counting 10 sub-topics) that was 3 pages long.  *See* Tirado Depo. Ex. 27.

*Second*, Movants make no effort to describe the supposed "burden" or "overbreadth" of the noticed topics beyond using the words "grossly overbroad" and "burdensome."  To the extent Movants intend to impose a burden argument, it needs to consist of more than topic- and page-counting.  Similarly, certain Movants' objection that the topics themselves are "argumentative" or "improper" have no substance and make no sense.

*Third*, Movants cannot assert a relevance objection in view of their own discovery positions in this matter, and in particular in view of their positions advocated at the April 1, 2019 hearing before Magistrate Judge Dein.

**II.     Topics 1 and 3**

Movants complain that Topics 1 and 3—which seek testimony concerning "The issuance of ERS Bonds" and "Your due diligence performed in connection with the issuance of ERS Bonds," respectively—are either "irrelevant, argumentative or improper" because Movants "bought the bonds years after their issues [sic]," or "outside the scope of discovery, which is limited to the diminution of collateral during the pendency of the automatic stay."  These objections don't make sense.

*First*, if Movants have nothing to say on Topics 1 and 3, the examination on those Topics will take little time and impose no burden.  The Topics are also clearly relevant, particularly in view of Movants' broad relevance arguments in this matter.

*Second*, we do not understand how these topics are "argumentative" or "improper," and we do not consider those objections to have merit.

*Third*, if Movants' position is actually that discovery is "limited to the diminution of collateral during the pendency of the automatic stay" as Ms. Sloane states, then we need to confer immediately before the parties undertake any further discovery efforts.  Movants have spent considerable time contending that the scope of discovery is far broader than diminution in value.

**III.    Topics 5-10 and 19-21**

Movants object that these topics call for "legal conclusions" and testimony that is "inappropriate" for a "lay witness."  Both objections are meritless.  All of the noticed Topics seek factual testimony only, which we trust resolves the matter.

**Proskauer**

Sparkle L. Sooknanan, Esq. & Cheryl T. Sloane, Esq.
April 10, 2019
Page 3

**IV.     Topics 12 and 13**

Movants object that these Topics, which concern documents exchanged and communications with the Fiscal Agent concerning the ERS Bonds, have "no clear relevance" to the Stay Relief Motion.  Again, in view of Movants' discovery positions in this matter, the objection is groundless—unless Movants want to revisit the scope of discovery in this matter entirely, as Ms. Sloane had suggested in her objection on behalf of the Puerto Rico Funds.

**V.      Topic 14**

Movants object that Topic 14, which seeks testimony concerning the value of Pledged Property and Movants' collateral, is improper because it "asks for matters not within the witness' knowledge."  We do not know what that objection means, particularly because a Rule 30(b)(6) deposition asks for the entity's knowledge and not merely what a witness knows on personal knowledge.  If Movants truly have no idea what the value of their Pledged Property or collateral is at any time, they can testify as much, and the examination on this Topic will be short.

**VI.     Topics 15-18**

Movants complain these topics "are about the contentions made in the pleadings" and are therefore inappropriate "for a lay witness."  The objection is baseless.  The respondent parties are entitled to seek factual testimony underlying Movants' contentions; if Movants have no facts to support those contentions, Movants can attest to that, and the examination on these Topics will again be short.

**VII.    Topics 22-23**

Movants complain these Topics, which seek testimony concerning the documents and communications produced in this matter, and those exhibits and documents Movants intend to present in their case in chief, "are in conflict with provisions of Judge Swain's scheduling order."  Again, these objections make no sense.  Testimony concerning the documents Movants produced does not "conflict" with the scheduling order; likewise, testimony concerning documents Movants intend to use in their case-in-chief does not "conflict" with the scheduling order.

**VIII.   "Lay Witnesses"**

As I noted on our call on March 18, 2019, Movants' repeated objection that certain testimony is improper as to a "lay witness" implies Movants intend to offer expert witnesses in this matter.

Movants have not further articulated their position on that issue, but we wish to make clear that, if Movants are considering offering expert testimony, the parties should immediately discuss that and modify the schedule to account for it.

**Proskauer**

**Proskauer»**

Sparkle L. Sooknanan, Esq. & Cheryl T. Sloane, Esq.
April 10, 2019
Page 4

*   *   *   *   *

We are available to confer this coming Friday, April 12, 2019 concerning these matters.

Very truly yours,

William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Matthew Papez, Esq. (via email) (mpapez@jonesday.com)

**Proskauer»**