**<u>EXHIBIT A</u>**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                :
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :  Title III
                                                :
            as representative of                :  Case No. 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO et al.,         :  (Jointly Administered)
                                                :
            Debtors.¹                           :
------------------------------------------------------------------ X
                                                :
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               :  Title III
                                                :
            as representative of                :  Case No. 17-BK-3566 (LTS)
                                                :
THE EMPLOYEES RETIREMENT SYSTEM OF THE          :  This filing relates only to
GOVERNMENT OF THE COMMONWEALTH OF               :  Debtor ERS and shall be
PUERTO RICO,                                    :  filed in the lead Case No.
                                                :  17-BK-3283 (LTS) and
            Debtor.                             :  Case No. 17-BK-3566 (LTS)
------------------------------------------------------------------ X
```

## ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, ESTABLISHING INITIAL PROCEDURES WITH RESPECT TO OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon consideration of the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* (the "Motion"),[2] and the exhibits attached thereto, and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS and its creditors; (v) any objections to the relief requested in the Motion have been withdrawn or overruled; and (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Accordingly, it is hereby ORDERED THAT:

1.     The relief requested in the Motion is GRANTED to the extent set forth herein.

2.     The Committee is hereby authorized to proceed under Bankruptcy Rule 3007(c), as incorporated by section 310 of PROMESA, with its Objections to the ERS Bonds on an omnibus basis; and the filing of the Objections shall not limit the ability of the Committee, or any other party in interest, to subsequently object to the ERS Bonds on grounds other than those set forth in the Objections, and all other claims, counterclaims and defenses are hereby preserved.

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

3.     The Objection Notice, Objection Procedures and form of Notice of Participation, annexed hereto as **Exhibit 1**, **Exhibit 2,** and **Exhibit 3** respectively (collectively, the "Objection Procedure Documents"), are hereby approved.  The Objection Procedures are deemed to have been incorporated herein.

4.     The Objector shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Procedure Documents upon all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against ERS.

5.     The Objectors shall cause Prime Clerk, immediately upon entry of this Order, to commence service of the Objection Procedure Documents upon all individuals and entities who are beneficial holders of the ERS Bonds in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* [Dkt. No. 5049] submitted in connection with the objection to the Challenged GO Bonds.

6.     The Committee shall cause the publication of a notice, substantially in the form of the Objection Notice once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer*, and (e) on the municipal bond website EMMA, https://emma.msrb.org/Home, each except for *Caribbean Business* within five (5) business days of the entry of this Order, and with respect to *Caribbean Business,* within fourteen (14) days of

the entry of this Order, which publication notice shall be deemed, good, adequate and sufficient

publication notice of the Objection and the Objection Procedures.

7.       DTC shall give notice to its Participants of the Objection Procedure Documents

by posting a copy of said Objection Procedure Documents to its Legal Notification System in

accordance with DTC's Rules and customary procedures within five (5) days of the entry of this

Order.

8.       The terms of and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.       This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:     April _____, 2019

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

## Exhibit 1

### Notice of Objection Procedures

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- X
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :  PROMESA
                                          :
MANAGEMENT BOARD FOR PUERTO RICO,         :  Title III
                                          :
         as representative of             :  Case No. 17-BK-3283 (LTS)
                                          :
THE COMMONWEALTH OF PUERTO RICO et al.,   :  (Jointly Administered)
                                          :
         Debtors.¹                        :
-------------------------------------------------------------------- X
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         :  Title III
                                          :
         as representative of             :  Case No. 17-BK-3566 (LTS)
                                          :
THE EMPLOYEES RETIREMENT SYSTEM OF THE    :  This filing relates only to
GOVERNMENT OF THE COMMONWEALTH OF         :  Debtor ERS and shall be
PUERTO RICO,                              :  filed in the lead Case No.
                                          :  17-BK-3283 (LTS) and
         Debtor.                          :  Case No. 17-BK-3566 (LTS)
-------------------------------------------------------------------- X
```

### NOTICE OF OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

You are receiving this notice because you have been identified as holding one or more of the bonds issued by the Employees Retirement System of the Government of Puerto Rico in 2008 (the "ERS Bonds").

Please note that the Official Committee of Unsecured Creditors (the "Committee" or "Objector") has filed objections, each dated March 12, 2019 [Dkt Nos. 381 and 384] (together, the "Objections"), to claims asserted by holders of ERS Bonds. The full text of the Objections may be found on the Internet by using the following links: [Prime Clerk links]

These Objections seek to disallow and invalidate claims on account of ERS Bonds ("ERS Bond Claims"). **Subject to applicable appellate rights, if the Court grants the Objections in whole or in part, holders of ERS Bond Claims' recovery on account of the ERS Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the ERS, from voting on any plan of adjustment filed in in this Title III Case, and from participating in any distribution in this Title III Case on account of such ERS Bond Claims. Thus the Objections may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Objections. The Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION] (the "Participation Deadline").**

Please note further, that on _____, the District Court granted the Objector's motion for approval of certain procedures with respect to such Objections (the "Objection Procedures"). If you intend to respond to the Objections or participate in the litigation in any way, you must follow the Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith. **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation.**

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection Procedures by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Requests for Spanish-language versions of the Notice, Objection Procedures and Notice of Participation form and any questions regarding this notice should be sent in writing to:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn:  Douglass E. Barron
NoticeofParticipation@paulhastings.com
(212) 318-6690

2

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS
FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***


       **Estas Objeciones tienen el propósito de rechazar e invalidar las reclamaciones
contra los Bonos SRE (las "Reclamaciones de los Bonos SRE").  Si el Tribunal concede las
Objeciones parcial o totalmente, sujeto a los derechos apelativos aplicables, quedará
eliminada total o parcialmente la recuperación de estos Bonos SRE y se les prohibirá por
siempre a dichos tenedores presentar tales reclamaciones en contra del SRE, votar en
cualquier plan de ajuste presentado en este Caso bajo el Título III y participar en cualquier
distribución efectuada en este Caso bajo el Título III a causa de dichas Reclamaciones de
los Bonos SRE. Por tanto, las Objeciones pueden afectar sus derechos.  Usted tiene el
derecho de presentar un Aviso de Participación si quiere responder a las Objeciones. El
Aviso de Participación tiene que presentarse en o antes de [sesenta días después de la
emisión de la orden].  Las partes que tengan preguntas o deseen recibir copia de este aviso,
los Procedimientos de Objeción y el Aviso de Participación en español deben enviar una
solicitud por escrito a NoticeofParticipation@paulhastings.com.**


The CUSIP numbers of the general obligation bonds affected by the Objections are:

| CUSIP |
| --- |
| 29216MAF |
| 29216MAA |
| 29216MAB |
| 29216MAG |
| 29216MAH |
| 29216MAJ |
| 29216MAC |
| 29216MAK |
| 29216MAL |
| 29216MAD |
| 29216MAM |
| 29216MAN |
| 29216MAP |
| 29216MAQ |
| 29216MAE |
| 29216MBA |
| 29216MBB |
| 29216MBC |
| 29216MBD |
| 29216MBE |
| 29216MBF |
| 29216MBG |
| 29216MBH |
| 29216MBJ |
| 29216MAT |
| 29216MAU |

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

| |
|---|
| 29216MAV |
| 29216MAW |
| 29216MAX |
| 29216MAY |
| 29216MAZ |
| 29216MBL |
| 29216MBM |
| 29216MBN |
| 29216MBP |

## **Exhibit 2**

**Objection Procedures**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------ X
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :  Title III
                                                      :
             as representative of                     :  Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO et al.,               :  (Jointly Administered)
                                                      :
             Debtors.¹                                :
------------------------------------------------------------------ X
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :  Title III
                                                      :
             as representative of                     :  Case No. 17-BK-3566 (LTS)
                                                      :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                :  **This filing relates only to**
GOVERNMENT OF THE COMMONWEALTH OF                     :  **Debtor ERS and shall be**
PUERTO RICO,                                          :  **filed in the lead Case No.**
                                                      :  **17-BK-3283 (LTS) and**
             Debtor.                                  :  **Case No. 17-BK-3566 (LTS)**
------------------------------------------------------------------ X
```

**INITIAL PROCEDURES FOR RESOLVING OBJECTIONS**
**OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO**
**BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS**
**ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT**
**SYSTEM OF GOVERNMENT OF PUERTO RICO**

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[April __ 2019]

Pursuant to the Order (the "Order") of the United States District Court for the District of Puerto Rico (the "District Court"), dated [April __, 2019], [Dkt. No.    ], the following initial procedures will apply to the resolution of the objections filed by the Official Committee of Unsecured Creditors (the "Committee" or "Objector") to claims asserted by holders of bonds issued by Employees Retirement System of the Government of Puerto Rico, each dated March 12, 2019 [Dkt Nos. 381 and 384] (together, the "Objections").[2]

The Committee filed the Objections contending that all claims (the "ERS Bond Claims") that have been or may be asserted against the Employees Retirement System of the Government of Puerto Rico ("ERS") based on bonds issued by ERS in 2008 (the "ERS Bonds") are invalid. Holders of ERS Bonds are hereafter referred to as "ERS Bondholders."

1.    Exclusivity of Procedures for the Committee's Objections

These procedures shall be the exclusive means to participate in the litigation before the District Court with respect to the Committee's Objections. However, the issues raised in the Objections are the subject of parallel adversary proceedings initiated in 2017 by certain ERS Bondholders. *See* Adv. No. 17-ap-219-LTS in Case No. 17-bk-03283-LTS and Adv. No. 17-ap-220-LTS in Case No. 17-bk-03566-LTS (collectively, the "ERS Adversary Proceedings"). In order to avoid inconsistent briefing, (a) any and all briefing and other filings made in connection with the Committee's Objections shall be deemed also filed and made, for all purposes, in the ERS Adversary Proceedings, and (b) to the extent the issues raised in the Committee's Objection become the subject of other claims objections, motions, or adversary proceedings involving the ERS Bonds Claims, the participants in such contested matters or adversary proceedings shall confer in good faith to determine whether some or all of the briefing and other filings made in connection with the Committee's Objections shall be deemed also filed and made, for all purposes, in such contested matters or adversary proceedings.

2.    Notice of Participation

Any party in interest, including, without limitation, the Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Fiscal Agency and Financial Advisory Authority and the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, and any person or entity that holds an ERS Bond, whether or not such person or entity is identified in the Objections, that wishes to participate in the litigation of the Objections must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "Participant") supports or opposes the Objections; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by an ERS Bondholder, set forth (i) whether all or part of such ERS Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such ERS Bonds to the best of such ERS Bondholder's

---

[2]    The full text of the Objections may be found on the Internet by using the following links:  [Prime Clerk links]

knowledge and belief, as of the date of such Notice of Participation (the "Notice Information"). The Notice of Participation shall cover all ERS Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant and shall not be limited to the specific CUSIP numbers listed. For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group. A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding. To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objections in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders. To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause. Participants who file Notices of Participation that support the Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures. **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadline to file with the District Court and serve by email a Notice of Participation is [60 days from entry of the Order], 2019 (the "Participation Deadline")**. For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation. In particular, and subject to applicable appellate rights, if the District Court grants the Objections in whole or in part, claimants' recovery on account of the ERS Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against ERS, from voting on any plan of adjustment filed in this Title III Case, and from participating in any

3

distribution in this Title III Case on account of such claims arising from the ERS Bonds and the ERS Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objections, will be entitled to receive notification of case events specific to the Objections, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objections.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of an ERS Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the Objections, and all rights to object to any person or entity's standing are preserved.

3.      The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the Participation Deadline, the Objector shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

Twenty-one (21) days after the Participation Deadline (the "Initial Proposal Exchange Deadline"), Joint Objectors and the Objector, on the one hand, and Respondents (individually and/or through *ad hoc* groups), on the other, will simultaneously exchange proposals (the "Initial Proposals") by email setting forth the procedures that will govern litigation of the Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of ERS Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Objector will send by email the Initial Proposals to all parties who filed Notices of Participation, but such Initial Proposals will not be filed with the District Court. Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the Objector and the Participants shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court.  The Objector will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants.  The Objector and the Participants shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures.

On the date that is twenty-one (21) days following the Initial Proposal Exchange Deadline, the Objector shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The Objector shall have caused a draft of the Recommendation to have been sent by email to all Participants at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures.

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").

For the avoidance of doubt, all rights are reserved with respect to any party's ability to seek leave from the Court at any time to file dispositive motions.

4.      Litigation

      A.      District Court Status Conference

The Objector will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

    (i)      the sequence and timing of any discovery;

    (ii)     the extent to which joint briefs can or should be submitted;

    (iii)    a briefing schedule, including without limitation a schedule for filing dispositive motions; and

    (iv)    any other matter that will contribute to the fair and efficient resolution of the issues raised in the Objections and the Notices of Participation.

For the avoidance of doubt, all Participants reserve the right in connection with the Objection Litigation Procedures to argue that they should not be required to submit joint briefing with other Participants.

      B.      Coordination

To the extent that the District Court determines that joint briefs can and should be

submitted –

    (a)      The Objector and any Joint Objector instructed to engage in joint briefing shall cooperate in good faith in order to file joint papers with respect to the Objections, and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

    (b)      Likewise, any Respondents instructed to engage in joint briefing shall cooperate in good faith to file joint papers with respect to the litigation of the Objections and shall file separate papers only to the extent necessary to present or discuss issues, positions or arguments upon which they are unable to agree in good faith.

With respect to discovery –

The Objector and the Joint Objectors, on the one hand, and the Respondents, on the other hand, shall use reasonable efforts to coordinate the development of discovery that is requested from the other parties and to coordinate communications concerning such discovery.

5.      Notices of Participation Submitted After the Participation Deadline

Any party that submits a Notice of Participation after the Participation Deadline, but at least thirty (30) days prior to a trial on the merits of the Objections, may participate in the litigation of the Objections by receiving notices of developments in the litigation and invitations to any meet and confer sessions among the parties to the litigation. Such party, however, shall be bound by any orders entered by the District Court (including any order granting a dispositive motion, such as a motion for summary judgment) and/or any agreements reached among the Objector, Joint Objectors and Respondents prior to the submission of such Notice of Participation regarding the conduct of the litigation, including with respect to the matters set forth in paragraph 3 above. Moreover, absent permission granted by the District Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that files a Notice of Participation after the Participation Deadline, shall be prohibited from filing separate pleadings, serving discovery, or being heard at any hearing on the Objections.

6.      No Duty

No Respondent shall have a duty to any other Respondent or to any ERS Bondholder who does not file a Notice of Participation.

7.      Other Objections Permitted

The fact that the Objector has objected to the ERS Bond Claims shall not preclude (i) the Objector or any party in interest from objecting to an ERS Bond Claim on any basis not set forth in the Objections or to any other claim asserted by the ERS Bondholder unrelated to the ERS Bonds or (ii) a party in interest from asserting additional grounds for objecting to the ERS Bond Claims pursuant to a Notice of Participation.

8.      The Following Persons are the "Notice Parties"

**PAUL HASTINGS LLP**
Attn: Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn: Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

## **Exhibit 3**

**Notice of Participation Form**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM ENTRY OF ORDER]\***

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

: PROMESA
: Title III
:
: Case No. 17-BK-3283 (LTS)
:
: (Jointly Administered)

--------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

      Debtor.

: PROMESA
: Title III
:
: Case No. 17-BK-3566 (LTS)
:
: **This filing relates only to**
: **Debtor ERS and shall be**
: **filed in the lead Case No.**
: **17-BK-3283 (LTS) and**
: **Case No. 17-BK-3566 (LTS)**

--------------------------------------------------------------------- X

**NOTICE OF PARTICIPATION IN OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**This Notice of Participation must be served and filed no later than [sixty days from entry of order] in accordance with the instructions set forth at the end of this document.**

The party identified below ("Participant") hereby advises the Official Committee of Unsecured Creditors (the "Committee") that it intends to participate in the litigation of the Committee's objections to claims, each dated March 12, 2019 [Dkt Nos. 381 and 384] (together, the "Objections"), which assert that all claims that have been or may be asserted against the Employees Retirement System of the Government of Puerto Rico ("ERS") on account of bonds issued by ERS in 2008 (the "ERS Bonds") are invalid.

To ensure full participation rights in the litigation of the Objections, Participant provides all of the information requested in items 1 through 3 below:

1.      Participant's contact information, including email address, and that of its counsel, if any:

**Participant Name and Contact Information**          **Counsel Contact Information (if any)**

_____          _____
Participant Name                                          Firm Name (if applicable)

_____          _____
Contact Person (if Participant is not an individual)          Contact Person

_____          _____
Email Address                                            Email Address


_____          _____
Address line 1                                           Address line 1

_____          _____
Address line 2                                           Address line 2

_____          _____
City, State Zip Code                                     City, State Zip Code

_____          _____
Country                                                  Country

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

_____ intends to **support** the relief requested in the Objections (i.e., Participant believes the Court should find that the ERS Bonds are **invalid**); *or*

_____intends to **oppose** the relief requested in the Objections (i.e., Participant believes that the Court should find that the ERS Bonds are **valid**)

2

3.      If Participant is not a holder of a ERS Bond, it can skip to the end of this Notice and sign.  If
        Participant is a holder of one or more ERS Bonds, Participant must respond to the following
        paragraphs (a) and (b) to the best of Participant's knowledge.

        (a)     Provide the CUSIP Numbers of all ERS Bonds held by Participant:


        (b)     Did Participant purchase any of its ERS Bonds in whole or in part on the secondary
                market?  **YES** or **NO** (please **circle one**).


By: _____
        Signature

_____
        Print Name

_____
        Title (if Participant is not an Individual)

_____
        Date

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i)
**served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed**
electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the
Participant is not represented by counsel, the Participant may file a paper copy of this Notice of
Participation with the District Court by delivering such Notice of Participation by mail or by hand
addressed to: The Clerk of the United States District Court for the District of Puerto, Room 150
Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767**.