UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------- X
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------- X Re: ECF No. 6143

**OMNIBUS REPLY IN SUPPORT OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD OF PUERTO RICO'S URGENT MOTION FOR ENTRY OF
AN ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING
DISCOVERY AND COMPELLING DISCLOSURE OF LIST OF SECURITY HOLDERS**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), respectfully submits this omnibus reply (the "Reply") in support of its *Urgent Motion For Entry Of An Order Under Bankruptcy Rules 1007(i) And 2004 Authorizing Discovery And Compelling Disclosure Of List Of Security Holder*, ECF No. 6143, (the "Urgent Motion"), and in support of the Reply, respectfully represents as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## REPLY

1. The Oversight Board has received formal and informal responses to its Urgent Motion (the "Responses" of the "Respondents").[2] Generally, the Responses articulate three arguments: (i) the discovery request is overly burdensome and production on the requested timeline is not feasible; (ii) the Respondents require greater protections relating to production of sensitive materials; and (iii) the Respondents should be reimbursed for the costs incurred in complying with the request.

2. None of these arguments provides a basis for denial of the Motion. First, the discovery request is not overly burdensome, as it seeks specific and limited information maintained by the Respondents in the ordinary course of business. Any burden imposed by the request is easily outweighed by the Oversight Board's critical need for the information to ensure that the Debtors do not lose valuable causes of action due to the expiration of the statute of limitations. Second, the Respondents' confidentiality concerns are overblown because applicable law protects Respondents from complaints regarding alleged breaches of privacy if they are acting in accordance with a Court order. Third, and finally, Respondents are not entitled to reimbursement of expenses incurred in responding to reasonable discovery requests under Bankruptcy Code section 1007(i).

3. Although the Respondents' arguments lack merit, the Oversight Board is nevertheless sensitive to certain of their concerns. Accordingly, submitted as Exhibit A to this Reply is a revised form of proposed order (the "Revised Proposed Order") that the Oversight

---

[2] The formal Responses to the Urgent Motion include objections filed by U.S. Bank, Bank of New York Mellon, and Bank of America at Docket Nos. 6193, 6194, and 6195 respectively, as well as the Letter from Jonathan K. Youngwood, counsel for JPMorgan Chase Bank, N.A., to Edward Weisfelner, *et al.*, counsel for the Oversight Board, dated April 12, 2019, a copy of which was attached as Exhibit A to Docket No. 6194. The Oversight Board has additionally engaged in phone and email communications with the respondents and is optimistic, based on such communications, that the respondents' concerns have been adequately addressed by the Revised Proposed Order.

2

Board hopes will resolve certain matters to the respondents' satisfaction, together with a blackline at Exhibit B showing changes against the order initially proposed.

4. To the extent the Respondents are not amenable to entry of the Revised Proposed Order, the Respondents have not demonstrated that their burdens outweigh the need for all parties concerned to act promptly to recover for taxpayers and legitimate creditors of Puerto Rico potentially billions of dollars in wrongfully transferred assets.

I. **The Revised Proposed Order Eases the Production Timeline.**

5. The Respondents correctly noted that while the statute of limitations may expire on May 2, 2019 as to the Challenged GO Bonds and PBA Bonds, the Oversight Board has an additional three weeks to prepare litigation related to the ERS Bonds.

6. The Revised Proposed Order relaxes production deadlines on the ERS Bonds to a date approximately two weeks prior to the statute of limitations expiration.

7. Additionally, the Revised Proposed Order provides Participant Holders an additional three days to respond as to the Challenged GO Bonds and PBA Bonds, based on the Oversight Board's revised assessment of its logistical capabilities and requirements.

8. Moreover, upon the suggestion of certain Respondents, the Oversight Board has agreed to provide, on request, an electronic copy of documents indexing the Challenged Bond CUSIPs together with payment dates thereon, to the Oversight Board's understanding based on publicly available documents. (To be clear, the Oversight Board has been supplying this information voluntarily to the Respondents from the beginning of this process, and will continue to do so; the Revised Proposed Order reflects its ongoing commitment to assist the Participant Holders in this process.)

9. It is not entirely clear from the Responses whether the Revised Proposed Order satisfies (or could satisfy) the Respondents' professed concerns. Nevertheless, it is a material

3

concession by the Oversight Board, one the Oversight Board offers without hesitation. Moreover, as described further below, the Oversight Board notes that notwithstanding the unusual circumstances and truncated timeline of the request, the Urgent Motion sets forth a fundamentally routine discovery process regarding routine financial transactions in which the Participant Holders participated as a component of their core business (for which they assuredly have been compensated). Both the transactions and the discovery process itself are well understood by the Participant Holders; especially given the now-relaxed timeline, the discovery is not unduly burdensome.

## II. The Revised Proposed Order Adequately Protects Confidentiality

10. The Revised Proposed Order contains a provision requiring the Oversight Board to maintain strict confidentiality as to all sensitive information, except as necessary to file, serve and prosecute the Challenged Bonds Avoidance Actions.

11. This should be more than sufficient to satisfy Respondents' concerns. Indeed, even without this provision, applicable law protects Respondents from complaints regarding alleged breaches of privacy if Respondents are acting in accordance with a Court order. *See* e.g., 12 C.F.R. 1016.15(a)(8) (Disclosure of personal information permitted "[t]o comply with Federal, state or local laws, rules other applicable legal requirements, . . . [t]o comply with a property authorized" subpoena or summons, or "[t]o respond to judicial process."); Cal. Fin. Code 4056(7) (Disclosures of personal information not prohibited if done in order to comply with "applicable legal requirements . . . a properly authorized . . subpoena or summons, . . . or to respond to judicial process."; Conn. Gen. Stat. 36a-42 (Disclosures of personal information permitted in response to "a lawful subpoena, summons, warrant or court order."); 9-B Me. Rev.

4

Stat. 162 (Disclosure of personal information permitted "in response to a lawful subpoena, summons, warrant or court order.").[3]

12. Moreover, to be clear, the Oversight Board is *not* requesting, and has never requested social security numbers or account numbers or any information that it understands might be used for identity theft or other untoward purposes.

### III. The Respondents Do Not Deserve Reimbursement for Costs Incurred

13. The Respondents, U.S. Bank, Bank of New York Mellon, Bank of America, and JPMorgan Chase Bank, are several of the largest banks in the world. All other Participant Holders identified and expected to be identified are, likewise, among the largest financial institutions in the world.

14. It is the Participant Holders' business to, among other things, hold securities on their clients' behalf, for a fee. The fees that the Participant Holders charge their clients, in large part, are determined by their "cost of doing business," plus a profit margin.

15. Discovery, even on truncated timelines, is part of the cost of doing business for large banks. *United States v. Friedman*, 532 F.2d 928, 937 (3rd Cir. 1976). As such, compensation for their compliance in discovery is not justified absent extreme circumstances. *U.S. v. Tivian Labs., Inc.*, 589 F.2d 49, 55 (1st Cir. 1978); *id.*

---

[3] For instance, Bank of New York Mellon frets that compliance with the Court's order could cause it to incur steep penalties under California's Financial Information Privacy Act, Cal. Fin. Code §§ 4050 *et seq*. Section 4056 of the Act permits all disclosures of personal financial information "released to comply with federal, state, or local laws…or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law." It is not clear how the initial proposed order, much less the Revised Proposed Order, would cause any Participant Holder to incur penalties under this statute or any other similar statute, or what outstanding risk could possibly justify a blanket release and indemnity to any Participant Holder in exchange for compliance with a federal court order (as requested by Bank of New York Mellon). Notwithstanding any miscommunication on this issue, the Oversight Board notes that Bank of New York Mellon has been communicative and cooperative in discovery preparations.

16. The context of the Oversight Board's requests is unusual, but its requests are not themselves extreme. Again, the Participant Holders hold property and transfer property for their clients, for a fee. It is not in the least bit unusual for the Participant Holders to have to disclose to litigants where that property came from and where it went, and they are well used to doing so quickly.

17. Moreover, the Revised Proposed Order contains considerably relaxed deadlines that should ease whatever burdens weighed upon the Respondents.

18. Accordingly, the Oversight Board respectfully suggests that the Court overrule objections contained in any formal Responses and enter the Revised Proposed Order and such other relief as is just and proper.

Dated: April 15, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Justin S. Weddle, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

*/s/ Kenneth C. Suria*

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

63352538 v4

7