# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

------------------------------------------------------------------- X

### [PROPOSED] ORDER PURSUANT TO BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

Upon consideration of the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April [1]8, 2019 (the "Urgent Motion"),[2] and the exhibits attached thereto, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Urgent Motion has been provided under the particular circumstances and no other or further notice need by provided; (iv) based on the statements and arguments made in the Urgent Motion, the Court finds that disclosure pursuant to Rule 1007(i) and examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is appropriate, including but not limited to examination of the documents sought in the Document Request identified as Exhibit B to the Urgent Motion (the "Document Request").  Accordingly, it is hereby **ORDERED** that:

1. ~~**ORDERED** that this~~The Urgent Motion is granted~~; and it is further~~ as provided herein.

2. ~~**ORDERED** that~~ The Oversight Board is authorized to issue the Document Request attached as Exhibit B to the Urgent Motion to the Participant Holders identified at Appendix 2 to Exhibit B to the Urgent Motion, as such appendix may be supplemented or amended upon receipt of information sufficient to identify Participant Holders of the Challenged Bond series identified at Appendix 3 to Exhibit B~~; and it is further~~.

3. The Oversight Board shall make available, upon request by any Participant Holder, an electronic document listing the Challenged GO Bonds, the CUSIP of each such Challenged GO Bonds, and the dates upon which payments are thought to have been made by the Commonwealth to purported holders of such Challenged GO Bonds based upon publicly available documents.

4. ~~**ORDERED** that such~~The Participant Holders shall respond to the Document Request ~~not later than April 19, 2019; and it is further~~as follows:

    a. As pertaining to Challenged GO Bonds and PBA Bonds, not later than April 22, 2019; and

    b. As pertaining to ERS Bonds, not later than May 8, 2019.

5. With respect to non-public information that is protected from disclosure by federal or state customer/consumer privacy protection regulations ("Confidential Information" provided by respective "Providers"),[3] the Oversight Board shall not

---

[3] For the avoidance of doubt, Confidential Information includes customer/consumer names and addresses, account numbers, and identification of securities held in the accounts.  The term "Confidential Information," however, shall not include information within the public domain that is furnished by any Provider to a third party who is under no obligation to keep the information confidential.

1

disclose such Confidential Information to any party for any purpose, except as provided below:

a. The Oversight Board may disclose any Confidential Information to (a) the UCC and/or any trustee appointed pursuant to 11 U.S.C. § 926, and (b) each such party's representatives, professionals, and members, provided that the foregoing restrictions shall apply to all such parties and persons (each in such capacity, a "Receiving Party");

b. The Receiving Party may disclose the identity of any person who is a defendant to a Challenged Bonds Avoidance Action, together with such person's address, the date of receipt of any transfers alleged to be avoidable, the amounts of any such transfers individually and in the aggregate, and the Challenged Bond CUSIP numbers corresponding to any such transfers, in any document necessary to file, serve, and prosecute the Challenged Bonds Avoidance Actions; and

c. Upon the latest of (a) the date that a final judgment has been entered and satisfied as to all Challenged Bonds Avoidance Actions and (b) the date that the above-captioned PROMESA Title III cases are closed by the Court, the Receiving Parties shall destroy all Confidential Information. Notwithstanding the foregoing, the Receiving Parties shall be permitted to retain, in accordance with its documented practices, professional obligations, applicable law or automatic electronic backup systems, archival copies of any Confidential Information.  For the avoidance of doubt, the Receiving Parties shall not be required to destroy or erase any electronic copy of such materials that is created pursuant to its standard electronic backup and archival procedures, if only personnel whose functions are primarily information technology in nature have access to such retained copies (except to the extent used for any purpose outlined above in this paragraph) and such personnel's access is limited to that reasonably necessary for the performance of their information technology duties.  Notwithstanding the destruction of Confidential Information pursuant to this paragraph, the Receiving Parties will continue to be bound by their confidentiality obligations and other obligations under this Order in perpetuity; and

d. In the event that a Receiving Party receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, relevant regulatory authority or by the mandatory rules or requirements of any recognized investment exchange, the Receiving Party shall to the extent permitted by law or the mandatory rules or requirements of any recognized investment exchange (a) promptly notify the Provider of the existence, terms and circumstances surrounding such a request, (b) consult with the Provider on the advisability of taking steps to resist or narrow such request, (c) if

2

disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Receiving Party reasonably determines is legally required to be disclosed and (d) cooperate, at the Provider's expense, with the Provider in its efforts to obtain a protective order or other relief to prevent the disclosure of the Confidential Information or other reliable assurance that confidential treatment will be accorded to such portion of the Confidential Information that is required to be disclosed.

6. ~~ORDERED that~~ The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019

                                                        _____
Honorable ~~Laura Taylor Swain~~ Judith Gail Dein
United States ~~District~~ Magistrate Judge

63354197 v1

3

| Summary report: Litéra® Change-Pro TDC 7.5.0.127 Document comparison done on 15/04/2019 17:26:31 | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 63349643_1.docx | |
| **Modified DMS:** iw://WORKSITE/WorkSiteUS/63354197/1 | |
| **Changes:** | |
| Add | 36 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 47 |