# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                              Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE MOTION ESTABLISHING PROCEDURES WITH RESPECT TO THE OMNIBUS CONDITIONAL OBJECTION OF AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS AND OMNIBUS CONDITIONAL OBJECTION

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

ny-1589279

The Ad Hoc Group of Constitutional Debtholders,[2] Assured Guaranty Corp., and Assured Guaranty Municipal Corp. (collectively, "Respondents") respectfully submit this limited objection and reservation of rights (the "Limited Objection") to the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds*, Dkt. No. 6099 (the "Conditional Objection"), and the *Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds*, Dkt. No. 6104 (the "Procedures Motion"). In support of this Limited Objection, Respondents respectfully state as follows:

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

1. In the face of two meritless actions commenced by the Oversight Board[3] and the UCC—specifically the PBA Adversary Proceeding and the Selective Claim Objection, each of which seeks to retroactively invalidate or recharacterize valid obligations—the Ad Hoc Group of General Obligation Bondholders (the "GO Group") filed the Conditional Objection to all PBA Bonds and GO Bonds issued or guaranteed by the Commonwealth in fiscal year 2010 or later (as well as the corresponding Procedures Motion to govern the litigation thereof). The GO Group's reasons for filing the Conditional Objection are understandable—rather than negotiating with all

---

[2] *See Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 6067].

2

stakeholders towards a consensual resolution of these Title III cases, implementing common-sense structural reforms, and pursuing PROMESA's goal of restoring the Commonwealth's access to the capital markets, the Oversight Board has instead adopted scorched-earth litigation tactics and selectively attacked claims held by certain, politically disfavored creditors. In this respect, the GO Group's response to the Oversight Board's misguided divide-and-conquer strategy was entirely warranted. If their holdings are at risk based on frivolous legal theories, then so too are the claims of others.

2. Nonetheless, the relief sought by the Conditional Objection ultimately fails on the merits, and at this juncture is hypothetical in nature and unripe for adjudication. Further, the Conditional Objection rests on the same faulty premises as the PBA Adversary Proceeding and the Selective Claim Objection—namely, that the PBA is a "transparent sham designed to circumvent the Commonwealth's constitutional debt limit," whose Bonds should be recharacterized as direct obligations of the Commonwealth, and whose Leases are in reality disguised financing transactions. *See* Conditional Objection at 19, 22, 24. As set forth in the *PBA Funds', Assured's and QTCB Noteholder Group's Rule 12(c) Motion for Judgment on the Pleadings*, Adv. Pro. 18-00149, Dkt. No. 63, attached hereto as **Exhibit A** (the "Rule 12(c) Motion"), these arguments must fail as a matter of law. Because the Conditional Objection is contingent upon the same unsustainable legal theories espoused by the Oversight Board and the UCC, Respondents submit that the Conditional Objection will *never* become ripe for adjudication by the Court.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Conditional Objection or the Procedures Motion, as applicable.

3. But even if the Conditional Objection were ripe, it would fail on the merits.[4] As demonstrated in the Rule 12(c) Motion, the PBA is a sixty year-old public works program that employs thousands of Commonwealth residents, owns billions of dollars of capital assets, and provides essential public services to the Commonwealth. In light of this reality, allegations that the PBA is an alter ego of the Commonwealth have been *expressly rejected no fewer than five times*, including by the Puerto Rico Supreme Court and the U.S. Court of Appeals for the First Circuit. Moreover, none of the Oversight Board, the UCC, or the GO Group has cited to *any* authority that supports the complete and retroactive invalidation of previously-issued securities as an appropriate remedy for a debt limit violation.

4. Given the Conditional Objection's contingent nature and the patently false assumptions upon which it rests, Respondents submit that it would be a misallocation of time and Commonwealth resources to entertain the Conditional Objection at this time, including by implementing duplicative and costly notice procedures in connection therewith. Respondents respectfully request that the Court stay consideration of the Conditional Objection and the Procedures Motion until such time as they are ripe, *i.e.*, after the Oversight Board and the UCC have obtained judicial determinations that (a) the PBA Leases are disguised financings and (b) the PBA Bonds should be recharacterized as direct obligations of the Commonwealth.

5. In the unlikely event that the relief sought by the GO Group ever does become ripe for adjudication, Respondents reserve all rights to object to the Conditional Objection and

---

[4] Although it is mistaken in arguing that the PBA Bonds should be included in the calculation of the debt limit, even the Oversight Board acknowledges that the PBA Bonds are valid obligations entitled to the same security, priority, and other protections afforded to all Commonwealth public debt. *See* Selective Claim Objection, ¶ 86.

Procedures Motion (including on the basis that the GO Group lacks standing to object to the claims of other creditors).

Dated: April 15, 2019

/s/ Gerardo A. Carlo
Gerardo A. Carlo
USDC PR No. 112009
Telephone: (787) 247-6680
gacarlo@carlo-altierilaw.com

/s/ Kendra Loomis
Kendra Loomis
USDC PR No. 227408
Telephone: (787) 370-0255
loomislegal@gmail.com

**G. CARLO-ALTIERI LAW OFFICES, LLC**
254 San Jose St., Third Floor
San Juan, Puerto Rico 00901
Telephone: (787) 247-6680
Facsimile: (787) 919-0527

-and-

/s/ Gary S. Lee
James M. Peck (admitted *pro hac vice*)
Gary S. Lee (admitted *pro hac vice*)
Grant J. Esposito (admitted *pro hac vice*)
David J. Fioccola (admitted *pro hac vice*)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jpeck@mofo.com
glee@mofo.com
gesposito@mofo.com
dfioccola@mofo.com

*Counsel for the Ad Hoc Group of Constitutional Debtholders*

ny-1589279

<table>
<tr><td>

**CASELLAS ALCOVER & BURGOS P.S.C.**


By: */s/ Heriberto Burgos Pérez*

   Heriberto Burgos Pérez
   USDC-PR 204809
   Ricardo F. Casellas-Sánchez
   USDC-PR 203114
   Diana Pérez-Seda
   USDC-PR 232014
   P.O. Box 364924
   San Juan, PR 00936-4924
   Telephone: (787) 756-1400
   Facsimile: (787) 756-1401
   Email: hburgos@cabprlaw.com
          rcasellas@cabprlaw.com
          dperez@cabprlaw.com


*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

</td><td>

**CADWALADER, WICKERSHAM & TAFT LLP**


By: */s/ Mark C. Ellenberg*

   Howard R. Hawkins, Jr.*
   Mark C. Ellenberg*
   William J. Natbony*
   Ellen M. Halstead*
   Thomas J. Curtin*
   Casey J. Servais*
   200 Liberty Street
   New York, NY 10281
   Telephone: (212) 504-6000
   Facsimile: (212) 406-6666
   Email: howard.hawkins@cwt.com
          mark.ellenberg@cwt.com
          bill.natbony@cwt.com
          ellen.halstead@cwt.com
          thomas.curtin@cwt.com
          casey.servais@cwt.com

\* Admitted *pro hac vice*

*Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.*

</td></tr>
</table>

**Exhibit A**