UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ X
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     : Title III
                                                      :
       as representative of                           : Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO et al.,               : (Jointly Administered)
                                                      :
       Debtors.¹                                      :
------------------------------------------------------------------------ X
```

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION OF AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS CONDITIONAL OBJECTION TO CLAIMS FILED OR ASSERTED BY THE PUBLIC BUILDINGS AUTHORITY, HOLDERS OF PUBLIC BUILDINGS AUTHORITY BONDS, AND HOLDERS OF CERTAIN <u>COMMONWEALTH GENERAL OBLIGATION BONDS</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (the

"<u>Committee</u>") hereby objects to the *Motion of the Ad Hoc Group of General Obligation*

*Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007,*

*Establishing Procedures With Respect to Omnibus Conditional Objection to Claims Filed or*

*Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Holders of Certain Commonwealth General Obligation Bonds* (the "Motion") [Dkt No. 6104] and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In the Motion, the *Ad Hoc* Group of General Obligation Bondholders (the "GO Group") asks this Court to approve certain procedures (the "Proposed Procedures") for its omnibus "conditional objection" to claims filed or asserted by the Public Buildings Authority (the "PBA"), holders of PBA Bonds (the "PBA Bonds"), and holders of certain Commonwealth General Obligation Bonds (the "Conditional Objection") [Dkt. No. 6099]. The Motion must be denied because, as set forth below, the Court lacks subject matter jurisdiction over the Conditional Objection. Moreover, even if the Court had jurisdiction, it should exercise its discretion not to entertain the Motion at this time, as it will simply create an enormous and costly diversion while causing confusion among the holders of GO Bonds.

2. On its face, the Conditional Objection does not seek any relief at this time. Rather, the GO Group attempts to "conditionally object" to claims on the assumption that the Committee and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board," and, together with the Committee, the "Objectors") will prevail on certain arguments advanced in (a) their objection to "Challenged GO Bond Claims" (the "Challenged GO Claim Objection")[2] and (b) the adversary proceeding they commenced against the PBA (the "PBA Proceeding").[3] Because the Objectors have not yet prevailed on those arguments, the

---

[2] *See Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of certain Commonwealth General Obligation Bonds* [Dkt. 4784]. Terms not defined herein shall have the meanings ascribed thereto in the Challenged GO Claims Objection.

[3] *See Complaint for Declaratory Relief and Disallowance of Administrative Rent Claims* [Adv. Pro. No. 18-00149; Dkt. No. 1].

2

Conditional Objection presents no ripe case or controversy within the meaning of Article III, § 2, cl. 1 of the United States Constitution.

3. Furthermore, as set forth below, it is clear that the Conditional Objection and the Motion were filed as a tactic to obtain discovery into matters that will be fully litigated in the future and to needlessly inject potentially hundreds, if not thousands, of additional parties into litigation over the validity of the Commonwealth's GO Bonds. The GO Group's "game plan" could not be clearer: "Let's create as much chaos as possible in the hope of delaying the day of reckoning on the Challenged GO Claim Objection." None of this is necessary or even the slightest bit helpful to the process. Finally, the GO Group will not be prejudiced if the Motion and Conditional Objection are denied at this time because it will be able to make the arguments supporting its Conditional Objection in the context of the Challenged GO Claim Objection. Accordingly, even if this Court had jurisdiction over the Motion, it must still be denied.

## BACKGROUND

### A. Challenged GO Claim Objection and Procedures Motion

4. On January 14, 2019, the Objectors filed their Challenged GO Claim Objection, demonstrating, among other things, that the Challenged GO Bonds were issued in violation of the Commonwealth's constitutional debt service limit (the "Debt Service Limit") when properly calculated to include debt service on the PBA Bonds, which, in economic substance, are direct obligations of the Commonwealth. *See* Challenged GO Claim Objection at ¶¶ 65-86.

5. To ensure (i) that all interested parties had the opportunity to participate in the litigation of the Challenged GO Claim Objection and (ii) that adequate notice of the Challenged GO Claim Objection was provided to all holders of Challenged GO Claims, the Objectors moved for approval of initial procedures for the litigation of the Challenged GO Claim Objection (the

"Procedures Motion").[4] The GO Group joined with certain other parties in objecting to the Procedures Motion on the basis, among others, that the prosecution of the Challenged GO Claim Objection should not proceed independently from the PBA Proceeding.[5]

6. Ultimately, the Court approved revised initial procedures for the litigation of the Challenged GO Claims (the "Approved Procedures"), which did not require that the litigation of the PBA Proceeding and the Challenged GO Claim Objection be coordinated in any manner.[6] Pursuant to the Approved Procedures, Notices of Participation are required to be filed and served by April 16, 2019.

      **B.**      **GO Group's Conditional Objection and Procedures Motion**

7. The GO Group requests that the Court approve its Proposed Procedures, which are modeled after the Approved Procedures, to allow interested parties to participate in the litigation of the Conditional Objection, which, as set forth below, is premised on certain "assumptions" and is therefore "conditional in nature." Conditional Objection at 7.

8. In an amazing example of sophistry, the GO Group first characterizes the Objectors' arguments in the Challenged GO Claim Objection as "unprecedented and wrong" but then **assumes** for purposes of the Conditional Objection that the Objectors will "establish that the

---

[4] *See Urgent Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* [Dkt. No. 4788].

[5] *See Joint Objection to the Motion of the Special Claims Committee and Official Committee of Unsecured Creditors to Establish Omnibus Objection Procedures Regarding Certain GO Bonds* (the "GO Group Procedures Objection"), at 9-10 [Dkt. No. 4923].

[6] *See Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures with Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* [Dkt. No 5143].

4

PBA constitutes an unlawful scheme to evade the Puerto Rico Constitution's debt limit, that the PBA Bonds can validly be recharacterized as direct obligations of the Commonwealth, and that it would be permissible to impose a remedy for such violations on bondholders retroactively." Conditional Objection at 2, 7. The GO Group attempts to explain the various rationales of the Challenged GO Claim Objection several times while engaging in pure speculation. Based on these assumptions and speculations, the GO Group "conditionally requests entry of an order . . . disallowing claims asserted against the [Commonwealth] on account of the Commonwealth's obligations under leases with the [PBA] and the Commonwealth's guaranty [of the PBA Bonds], or in the alternative, disallowing claims asserted against the Commonwealth on account of [certain GO Bond issuances] and PBA Bonds issued beginning in fiscal year 2010 insofar as and to the extent that such issuances are determined to have violated the Commonwealth's constitutional debt limit." Conditional Objection at 1.

9. While the GO Group contends that the Conditional Objection "should be litigated only in conjunction" with the Challenged GO Claim Objection, neither the Motion nor the proposed order granting it make any reference to such relief. *See* Conditional Objection at 5 and proposed order attached to Motion.

## ARGUMENT

### A. Court Lacks Subject Matter Jurisdiction Over Conditional Objection

10. Federal courts "can only entertain actual cases and controversies." *Aurelius Capital Master, Ltd. v. Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, No. 18-1108, 2019 WL 1349221, *4. A justiciable controversy is a "real and substantial controversy admitting of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at *4, *quoting Aetna Life*

5

*Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (internal quotation marks omitted); *see also Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 511 (1st Cir. 2011) (reversing the district court, which had "address[ed] questions that had not been fully developed[,] [because] Federal courts do not answer such hypothetical questions") (internal citations omitted).

11. In its Conditional Objection, the GO Group asks this Court to assume, hypothetically, that the Objectors will prevail on certain arguments (as characterized by the GO Group) and then seeks a conditional remedy based on those assumptions. By requesting this Court to determine "what the law would be upon a hypothetical state of facts," the Conditional Objection does not present an actual "case or controversy." *See Aetna Life Inc. Co.*, 330 U.S. at 241. Accordingly, this Court lacks subject matter jurisdiction over the Conditional Objection and should therefore deny the Motion.

    B.    **GO Group Is Engaging In Improper Litigation Tactics**

12. It is apparent that the GO Group filed the Motion and the Conditional Objection as a tactic to obtain premature discovery and gain advance insight into the Objectors' legal arguments and Debt Service Limit calculations. Attacking the merits of the Challenged GO Claim Objection, while at the same time attempting to explain its rationale, the GO Group hopes to force a response from the Objectors regarding the merits of the Conditional Objection. While purporting to assume that "certain premises" of the Challenged GO Claim Objection are correct, the GO Group announces that its forthcoming response to the Objection will show that the Objectors' legal arguments are "unprecedented and wrong," that the Objection "relies on factual premises that are demonstrably false," and that the Objectors' calculations of the Debt Service Limit are "incorrect." Conditional Objection at 2.

6

13. The Objectors will disclose their Debt Service Limit calculations and set forth their legal arguments at the appropriate time in accordance with the procedures to be established for the litigation of their Objection – not before and not outside of those established procedures. Ironically, the GO Group fought vigorously against having to disclose – preliminarily and in general terms – their anticipated defenses to the Objection in their Notices of Participation, even though that would clearly have helped the participants and the Court determine how best to proceed. *See* GO Group Procedures Objection, ¶ 28 ("[R]equiring holders to submit individual, short-form statements of defense on a twenty-five day notice period is highly prejudicial to holders and a poorly disguised effort to improperly and prematurely grant the Movants a preview of a bondholder's substantive defenses."). But this is exactly what they are trying to achieve through the Conditional Objection.

14. Furthermore, allowing the GO Group to proceed with its Conditional Objection and the Proposed Procedures will only confuse bondholders not already participating in the litigation of the Challenged GO Claim Objection. To date, more than 1,200 *pro se* parties have submitted Notices of Participation in connection with the Approved Procedures. In due course, the Objectors will request, either separately or as part of their Initial Recommendations (as defined in the Approved Procedures), the Court's assistance in dealing with the many Notices of Participation that were incorrectly or incompletely filled out. Notifying bondholders of a "conditional objection" based on hypothetical rulings and other "what ifs" will only sow further confusion and complication, which is precisely what the parties should be seeking to avoid.

15. Finally, the Conditional Objection is really just an opposition to the Challenged GO Claim Objection. In opposing the Objectors' Debt Service Limit argument, the GO Group will be able to assert that, even if the Objectors are right about the PBA structure, this does not

7

mean that PBA Bond debt service should be included in the Debt Service Limit calculation. In other words, the GO Group will not be prejudiced and will have every opportunity to assert its arguments without bringing thousands of other bondholders into the mix through a parallel set of procedures.

## **Notice**

16. Notice of this Objection has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Financial Oversight and Management Board for Puerto Rico, (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (viii) the GO Bond Group; and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: April 15, 2019 /s/ Luc A. Despins ,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

/s/ Juan J. Casillas Ayala ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com
*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*