**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## TWENTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this twenty-first omnibus objection (the "Twenty-First Omnibus Objection") to the deficient proofs of claim listed on **Exhibit A** hereto, which proofs of claim purport to assert liabilities well in excess of $1 billion but

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

fail to provide a basis for the asserted claim, and in support of the Twenty-First Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Commonwealth Title III Case and the Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

the Initial Bar Date Order, the "Bar Date Orders") extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

B. **Commonwealth Claims and the Omnibus Objection Procedures**

5. Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 103,329 have been filed in relation to the Commonwealth. In accordance with the terms of the applicable rules and the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as improperly identifying the Commonwealth as the debtor, being duplicative of other proofs of claim, or failing to comply with the applicable rules by failing to set forth a basis for asserting liability against the Commonwealth.

6. In order to expeditiously and efficiently reconcile as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibits were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the*

3

*Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

7.     This Twenty-First Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

8.     The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

9.     The Twenty-First Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply with the applicable rules for filing a claim.

10.     Each of the Deficient Claims purports to assert liabilities well in excess of $1 billion, but fails to provide a basis for asserting a claim against the Commonwealth or another of the Debtors. Sixteen of the Deficient Claims, each of which assert liabilities in the amount of $32,000,000,000, state as a basis for their claim that claimants are either an employee of the Department of Education, an electrical assistant at the University of Puerto Rico, or a teacher who has provided services to the Commonwealth, but do not provide any information regarding any salaries or benefits owed to the employees by the Commonwealth. One Deficient Claim, which asserts liabilities in the amount of $123,000,000,000, seeks repayment of alleged unpaid salary

4

increases, but does not specify who employed the claimant or what the terms of claimant's employment contract were, let alone how, when, or in what amount claimant's salary was increased. Another Deficient Claim asserts liabilities in the amount of $200,000,000,000 for an alleged "reclassification of post," but provides no information regarding the post held by the claimant, the alleged reclassification, or how the reclassification resulted in $200,000,000,000 in liabilities owed to claimant. Additionally, two of the Deficient Claims, which assert liabilities in the amounts of $58,502,526,000 and $117,005,052,000.00, provide as a basis for the claim only "Ley 96," while another Deficient Claim asserts liabilities in the amount of $3,000,000,000, but the only basis provided is the words "Midle Eaest."

11. None of the claimants provided any documentation supporting their status as either employees or creditors of the Commonwealth, let alone any documentation supporting claims for well over $1 billion in liabilities. Indeed, the Commonwealth is aware of no employment agreements, collective bargaining agreements, statutes, or other means by which it might have incurred liabilities in amounts totaling well over $1 billion to any individuals on account of their employment. Accordingly, for one or more of the foregoing reasons, all of the Deficient Claims failed to comply with the applicable rules by not providing any basis whatsoever for the asserted claim against the Commonwealth or another of the Debtors. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.

12. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Twenty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

5

## NOTICE

13. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Twenty-First Omnibus Objection to (a) the individual creditors subject to this Twenty-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Twenty-First Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Twenty-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Twenty-First Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: April 15, 2019  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

                  Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**VIGÉSIMA PRIMERA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DEFICIENTES**

El Estado Libre Asociado de Puerto Rico ("el Estado Libre Asociado"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta vigésima primera objeción colectiva (la "Vigésima Primera Objeción Colectiva") contra las

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

evidencias de reclamaciones deficientes que se detallan en el **Anexo A** al presente, en las que se pretende invocar obligaciones por una suma muy superior a $1 billones, pero sin fundamentar la reclamación pretendida y, para fundamentar la Vigésima Primera Objeción Colectiva, con respeto manifiesta lo siguiente:

**COMPETENCIA**

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La competencia es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

**TRASFONDO**

**A.  Las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3. El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). En la *resolución (A) que establece fechas límites y*

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

2

*procedimientos para presentar evidencias de reclamaciones y (B) que apruebe la forma y el modo desu notificación de las mismas* [ECF N° 2521] (la "Resolución Inicial que Establece Fecha Limite para la Presentación de Evidencias de Reclamaciones"), el Tribunal concedió el remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en Casos al amparo del Título III: En virtud de la petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que Amplia la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que apruebe la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución Inicial que Establece la Fecha Límite para la Presentación de Evidencias de Reclamaciones, las "Resoluciones de Fechas Limite") mediante la cual se ampliaba el plazo para la presentación de evidencias de reclamaciones contra uno o más Deudores hasta el l 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.    Reclamaciones del Estado Libre Asociado y Procedimientos aplicables a Objeciones Colectivas**

5.    De conformidad con las Resoluciones de Fecha Límite, se presentaron en tiempo y forma aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.  De las evidencias de reclamaciones presentadas, cerca de 103,329 se presentaron con relación al Estado Libre Asociado. De conformidad con los términos de las normas aplicables y las Resoluciones de Fechas Limites, muchas de estas reclamaciones no tendrían que haberse presentado en absoluto, o presentan algún otro defecto, como el identificar incorrectamente al Estado Libre Asociado como deudor, o ser duplicadas de otras evidencias de

3

reclamaciones, o no cumplir con las normas aplicables al omitir los fundamentos para atribuirle responsabilidad al Estado Libre Asociado.

6. Con el fin de conciliar de manera expedita y eficiente tantas evidencias de reclamaciones innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) que elimine el requisito de la Regla de Quiebras 3007(e)(6), y (c) que conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de Procedimientos Colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y Anexos relacionados. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

4

7. Esta Vigésima Primera Objeción Colectiva se presenta de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

## **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

8. Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias de reclamaciones, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

9. De conformidad con la Regla 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Vigésima Primera Objeción Colectiva pretende que se declare la inadmisibilidad de las reclamaciones que aparecen en la lista del **Anexo A** del presente (en conjunto, las "Reclamaciones Deficientes"), dado que dichas evidencias de reclamaciones incumplieron las normas aplicables para la presentación de reclamaciones.

10. Cada una de las Reclamaciones Deficientes pretende invocar obligaciones que superan ampliamente los $1 billones, pero omiten proporcionar un fundamento para invocar una reclamación en contra del Estado Libre Asociado o de otro Deudor. Dieciséis de las Reclamaciones Deficientes, cada una de las cuales invoca obligaciones por $32,000,000,000, aducen como fundamento de su reclamación que los demandantes son o empleados del Departamento de Educación, o un auxiliar de electricidad de la Universidad de Puerto Rico, o un docente que ha prestado servicios al Estado Libre Asociado, pero no proporcionan ninguna información relativa a salarios o beneficios adeudados a los empleados por parte del Estado Libre Asociado. Una Reclamación Deficiente, que invoca obligaciones por $123,000,000,000, pretende la devolución de presuntos aumentos salariales impagos, pero no especifica quién empleó al demandante o cuáles fueron los términos y condiciones del contrato de trabajo del demandante, y mucho menos cómo, cuándo o cuál fue el monto del incremento salarial del demandante. Otra Reclamación Deficiente

5

invoca obligaciones por $200,000,000,000 por una supuesta "reclasificación de cargo", pero no brinda información alguna sobre el cargo ejercido por el demandante, la presunta reclasificación o de qué forma la reclasificación dio lugar a obligaciones por $200,000,000,000 adeudadas al demandante. Asimismo, dos de las Reclamaciones Deficientes que invocan obligaciones por $58,502,526,000 y $117,005,052,000.00, esgrimen como único fundamento de la reclamación la "Ley 96", en tanto que otra Reclamación Deficiente invoca obligaciones por $3,000,000,000, pero el único fundamento aludido son las palabras "Midle Eaest".

11. Ninguno de los demandantes aportó ninguna documentación en respaldo de su condición ya sea de empleado o acreedor del Estado Libre Asociado, y mucho menos documentación que respalde las reclamaciones de obligaciones por bastante más de $1 billones. En efecto, el Estado Libre Asociado no está al tanto de ningún contrato laboral, convenio colectivo de trabajo, leyes u otros medios merced a los cuales pudiere haber incurrido en obligaciones por montos que totalizan bastante más de $1 billones para con ningún individuo en razón de su empleo. Así pues, en razón de una o más de las razones expuestas, todas las Reclamaciones Deficientes incumplieron con las normas aplicables al no proporcionar ningún fundamento para la reclamación invocada en contra del Estado Libre Asociado u otro Deudor. Dado este incumplimiento de las normas aplicables, ni los Deudores ni el Tribunal están en condiciones de determinar la validez de las Reclamaciones Deficientes.

12. En apoyo a lo expresado anteriormente, el Estado Libre Asociado incluye la *Declaración de Jay Herriman en Respaldo de la Vigésima Primera Objeción Colectiva (no sustantiva) del Estado Libre Asociado de Puerto Rico contra Reclamaciones Presentadas Tardíamente y Deficientes*, del 15 de abril de 2019, que se adjunta al presente como **Anexo B**.

6

## NOTIFICACIÓN

13. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución de a Notificación del Tribunal, el Estado Libre Asociado ha notificado de esta Vigésima Primera Objeción Colectiva a (a) los acreedores particulares conforme a la Vigésima Primera Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Vigésima Primera Objeción Colectiva. Las traducciones al español de esta Vigésima Primera Objeción Colectiva y todos los Anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El Estado Libre Asociado declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## SIN SOLICITUD PREVIA

14. No se ha presentado ninguna petición de remedio anterior en relación con esta Vigésima Primera Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

POR LO TANTO, el Estado Libre Asociado solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre Asociado cualquier otro remedio adicional según se considere justo.

Fecha: 15 de abril de 2019
       San Juan, Puerto Rico

Presentado con el debido respeto,

[*Firma en la versión en inglés*]
Herman D. Bauer
USDC N° 215205
Carla García Benítez
USDC N° 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico*

8