**EXHIBIT D**

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ORDER GRANTING TWENTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO SUBSEQUENTLY AMENDED CLAIMS

Upon the *Twenty-Second Omnibus Objection (Non-Substantive) of Puerto Rico Highways and Transportation Authority to Subsequently Amended Claims* ("Twenty-Second Omnibus Objection")[2] filed by the Puerto Rico Highways and Transportation Authority ("HTA"), dated April 15, 2019, for entry of an order disallowing in their entirety certain claims filed against HTA, as more fully set forth in the Twenty-Second Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Twenty-Second Omnibus Objection and to grant the relief requested therein pursuant to Section 306(a) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Twenty-Second Omnibus Objection.

*and Economic Stability Act* ("PROMESA")³; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Twenty-Second Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and each of the claims identified in the column titled "Claims to be Disallowed" in Exhibit A to the Twenty-Second Omnibus Objection (collectively, the "Claims to Be Disallowed"), having been amended and superseded by the subsequently filed proofs of claim identified in the column titled "Remaining Claims" in Exhibit A (collectively, the "Remaining Claims"); and the Court having determined that the relief sought in the Twenty-Second Omnibus Objection is in the best interest of HTA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Twenty-Second Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Twenty-Second Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are hereby disallowed in their entirety; and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the Claims to Be Disallowed from the official claims register in the HTA Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

---

³ PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Dated: _____

                                                Honorable Judge Laura Taylor Swain
                                                United States District Judge

## **ANEXO D**

**Propuesta de Resolución**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**UNA RESOLUCIÓN QUE HACE LUGAR A LA VIGÉSIMA SEGUNDA OBJECIÓN COLECTIVA
(NO SUSTANTIVA) DE LA AUTORIDAD DE TRANSPORTE Y
CARRETERAS DE PUERTO RICO CONTRA RECLAMACIONES ENMENDADAS POSTERIORMENTE**

En virtud de la *Vigésima Segunda Objeción Colectiva (no sustantiva) de la Autoridad de Transporte y Carreteras de Puerto Rico contra Reclamaciones Enmendadas Posteriormente* (la "Vigésima Segunda Objeción Colectiva")[2] presentada por la Autoridad de Transporte y Carreteras de Puerto Rico (la "HTA"), de fecha 15 de abril de 2019, en la que solicita que se dicte una resolución que desestime por completo determinadas reclamaciones presentadas contra la HTA,

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] Los términos en mayúscula que no se definen en el presente tendrán el significado que se les atribuye en la Vigésima Segunda Objeción Colectiva.

lo que se explica de manera más completa en la Vigésima Segunda Objeción Colectiva y los anexos que la respaldan; y en vista de que el Tribunal tiene competencia para considerar la Vigésima Segunda Objeción Colectiva y conceder el remedio allí solicitado de conformidad con la sección 306(a) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA")[3]; y la jurisdicción es la adecuada de conformidad con la sección 307(a) de la ley PROMESA; y considerando que se ha dado notificación debida y adecuada de la Vigésima Segunda Objeción Colectiva a las partes que se identifican en la misma, y que no se requiere ninguna otra notificación adicional; habida cuenta de que cada una de las reclamaciones identificadas en la columna "Reclamaciones a Desestimar" del Anexo A a la Vigésima Segunda Objeción Colectiva (en conjunto, las "Reclamaciones a Desestimar") fue emendada y reemplazada por las evidencias de reclamaciones presentadas posteriormente que se identifican en la columna "Reclamaciones Remanentes" del Anexo A; y que el Tribunal ha considerado que el remedio pretendido en la Vigésima Segunda Objeción Colectiva es beneficioso para la HTA, sus acreedores y todas las partes interesadas; y habiendo el Tribunal determinado que los fundamentos jurídicos y fácticos expuestos en la Vigésima Segunda Objeción Colectiva constituyen una justa causa para el remedio que aquí se concede; y tras debida deliberación y causa suficiente para ello, se

RESUELVE A LUGAR a la Vigésima Segunda Objeción Colectiva tal como aquí se expone; además, se

DISPONE que las Reclamaciones a ser Desestimadas quedan por este medio desestimadas por completo; además se

---

[3] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

DISPONE la preservación del derecho de los Deudores a objetar las Reclamaciones Remanentes; además se

DISPONE que Prime Clerk queda autorizada y se le ordena que elimine las Reclamaciones a ser Desestimadas del registro oficial de reclamaciones en el Caso de la HTA iniciado al amparo del Título III; y se

DISPONE que este Tribunal retendrá la competencia para oír y determinar todos los asuntos que surjan o se relacionen con la implementación, interpretación o ejecución de esta Resolución.

Fecha: _____

                                               Honorable Jueza Laura Taylor Swain
                                               Jueza de Distrito de los Estados Unidos

3