<div style="border: 2px solid black;">

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>       as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### TWENTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EXACT DUPLICATE CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this twenty-seventh omnibus objection (the "Twenty-Seventh Omnibus Objection") to the two hundred and ninety-nine (299) exact duplicate proofs of claim listed on **Exhibit A** hereto, and in support of the Twenty-Seventh Omnibus Objection, respectfully represents as follows:

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1.        The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.        Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.        The Commonwealth Title III Case and Bar Date Orders**

3.        On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.        On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

**B.    Operations and Bond Debt of the Commonwealth**

5.    The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution")
became effective in 1952.  The P.R. Constitution created the Commonwealth as the central
government of Puerto Rico, "republican in form" and divided into three branches: legislative,
judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

6.    The P.R. Constitution authorizes the Commonwealth to issue debt, subject to
various limitation, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R.
Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit
the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth
would have to pay relative to its historical revenues.

7.    Since 1961, the Commonwealth has issued billions of dollars of general obligation
bonds ("GO Bonds") purportedly backed by its full faith, credit, and taxing power.  GO Bonds are
public debt under Article VI, § 8 of the P.R. Constitution.  Each series of GO Bonds was issued
pursuant to a bond resolution and offering memorandum.  Approximately $13 billion of GO bonds
remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "Petition Date").
*See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 27.

**C.    Commonwealth Claims and the Omnibus Objection Procedures**

8.    Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were
timely filed against the Debtors and logged by Prime Clerk.  Such proofs of claim total
approximately $43.5 trillion in asserted claims against the Debtors.  Of the proofs of claim filed,
approximately 103,329 have been filed in relation to the Commonwealth.

9.    In order to efficiently resolve as many of the unnecessary proofs of claim as
possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order*

3

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

10.     This Twenty-Seventh Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11.     The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1) – (7).

4

12.     The Twenty-Seventh Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, claims that are exact duplicates of other proofs of claim filed in the Commonwealth Title III Case.

13.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the exact same liabilities as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").  The Remaining Claims were later-filed and/or included supporting documentation.  Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claim, and thus no longer represent valid claims against the Commonwealth. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth Title III Case.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against the Commonwealth.  Because this Twenty-Seventh Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

14.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Twenty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Exact Duplicate Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

## NOTICE

15.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth is providing notice of this Twenty-Seventh Omnibus Objection to (a)

the individual creditors subject to this Twenty-Seventh Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Twenty-Seventh Omnibus Objection is attached hereto as **Exhibit C.** Spanish translations of the Twenty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16.     No prior request for the relief sought in this Twenty-Seventh Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

6

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in

the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested

herein, and (2) granting the Commonwealth such other and further relief as is just.


Dated: April 15, 2019                              Respectfully submitted,
       San Juan, Puerto Rico


                                                   /s/ Ricardo Burgos Vargas
                                                   Ricardo Burgos Vargas
                                                   USDC No. 218210
                                                   **A&S LEGAL STUDIO, PSC**
                                                   434 Ave. Hostos
                                                   San Juan, PR 00918
                                                   Tel: (787) 751-6764/(787) 948-1025
                                                   Fax: (787) 763-8260

                                                   Martin J. Bienenstock (*pro hac vice*)
                                                   Brian S. Rosen (*pro hac vice*)
                                                   **PROSKAUER ROSE LLP**
                                                   Eleven Times Square
                                                   New York, NY 10036
                                                   Tel:  (212) 969-3000
                                                   Fax:  (212) 969-2900

                                                   *Attorneys for the Financial*
                                                   *Oversight and Management Board*
                                                   *as representative for the*
                                                   *Commonwealth of Puerto Rico*

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

                   Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

## VIGÉSIMA SÉPTIMA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES EXACTAMENTE DUPLICADAS

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

esta vigésima séptima objeción colectiva (la "Vigésima Séptima Objeción Colectiva") contra doscientas noventa y nueve (299) evidencias de reclamación exactamente duplicadas que se detallan en el **Anexo A** al presente y, para fundamentar la Vigésima Séptima Objeción Colectiva, con respeto manifiesta lo siguiente:

### COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

### ANTECEDENTES

**A.      El Caso del Estado Libre Asociado al amparo del Título III y las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4.      El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255] [3] (la "Petición para la Fijación de una Fecha Límite para la

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

2

Presentación de Reclamaciones"). En la *Resolución que establece (A) las Fechas Límite y los Procedimientos aplicables a la Presentación de Evidencias de Reclamaciones, y (B) el Formulario de Aprobación y su Forma de Notificación* [ECF No. 2521] (la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones"), el Tribunal otorgó el remedio solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones" y fijó las fechas límite y los procedimientos aplicables para presentar evidencias de reclamaciones en el Caso del Estado Libre Asociado iniciado al amparo del Título III. Ante la petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución que (A) prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B)  aprueba la Forma y Modo de Notificación de las Mismas* [ECF No. 3160] (junto con la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones las "Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones") mediante la cual se ampliaba el plazo para la presentación de evidencias de reclamaciones contra uno o más Deudores hasta el 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.      Operaciones y Deuda de Bonos del Estado Libre Asociado**

5.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de P.R.") entró en vigencia en 1952. La Constitución de P.R. creó al Estado Libre Asociado como gobierno central de Puerto Rico, "con forma republicana" y dividido en tres poderes: el legislativo, el judicial y el ejecutivo. *Véase* Constitución de P.R., Art. I, secciones 1, 2.

6.      La Constitución de P.R. autoriza al Estado Libre Asociado a emitir deuda, con sujeción a diversas limitaciones, incluida la capacidad del Estado Libre Asociado de pignorar sus ingresos. *Véase* Constitución de P.R. Art. VI, sección 2. En 1961, la Sección 2 del Artículo VI de

dicha Constitución fue enmendada para limitar el endeudamiento del Estado Libre Asociado en función del monto del servicio de deuda que el Estado Libre Asociado debería pagar con relación a sus ingresos históricos.

7.      Desde 1961, el Estado Libre Asociado ha emitido billones de dólares en bonos de obligación general ("Bonos GO") supuestamente respaldados por su pleno poder de fe, crédito y tributación. Los Bonos GO constituyen deuda pública conforme al Artículo VI, sección 8 de la Constitución de P.R. Cada serie de Bonos GO se emitió en virtud de una resolución de emisión de bonos y un memorándum de oferta. A la fecha de la petición del Estado Libre Asociado, el 3 de mayo de 2017 (la "Fecha de la Petición"), permanecían pendientes bonos GO por aproximadamente $13 billones. *Véase* el Plan Fiscal Certificado para Puerto Rico con fecha 13 de marzo de 2017, en 27.

**C.      Reclamaciones del Estado Libre Asociado y los Procedimientos para la Presentación de Objeciones Colectivas**

8.      De conformidad con las Resoluciones de Fecha Límite, se presentaron en tiempo aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores. De las evidencias de reclamaciones presentadas, cerca de 103,329 se presentaron con relación al Estado Libre Asociado.

9.      A fin de conciliar de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí

4

solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

10.     Se presenta esta Vigésima Séptima Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

## OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

11.     Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

12.     De conformidad con la Regla 3007(d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Vigésima Séptima Objeción Colectiva

5

pretende que se declare la inadmisibilidad de las reclamaciones que constituyen duplicados exactos de otras evidencias de reclamaciones presentadas en el Caso del Estado Libre Asociado iniciado al amparo del Título III.

13.    Como se establece en el **Anexo A** de la presente, las reclamaciones identificadas en la columna "Reclamaciones a ser Desestimadas" (en conjunto, las "Reclamaciones a ser Desestimadas") afirman exactamente las mismas obligaciones que las reclamaciones de la columna "Reclamaciones Remanentes" (individualmente, una "Reclamación Remanente" y conjuntamente las "Reclamaciones Remanentes"). Las Reclamaciones Remanentes se presentaron más tarde y/o incluían documentación de respaldo. Así pues, las Reclamaciones a ser Desestimadas son duplicados de una o más Reclamaciones Remanentes y, por lo tanto, ya no representan reclamaciones válidas contra el Estado Libre Asociado. De no desestimarse las Reclamaciones a ser Desestimadas, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del Estado Libre Asociado, en detrimento de otras partes interesadas en la Causa del Estado Libre Asociado iniciado al amparo del Título III. Los tenedores de las Reclamaciones a ser Desestimadas no resultarán perjudicados por la desestimación de sus reclamaciones pues cada uno de ellos conservará una Reclamación Remanente contra el Estado Libre Asociado. Debido a que esta Vigésima Séptima Objeción Colectiva contra las Reclamaciones a ser Desestimadas no constituye una objeción contra las Reclamaciones Remanentes, los Deudores se reservan el derecho a objetar dichas Reclamaciones Remanentes por cualquier otra causal.

14.    En respaldo de lo expresado precedentemente, el Estado Libre Asociado se basa en la *Declaración de Jay Herriman en Respaldo de la Vigésima Séptima Objeción Colectiva (no*

*sustantiva) del Estado Libre Asociado de Puerto Rico contra Reclamaciones Exactamente Duplicadas*, del 15 de abril de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el Estado Libre Asociado ha notificado de esta Vigésima Séptima Objeción Colectiva a (a) los acreedores particulares conforme a la Vigésima Séptima Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Vigésima Séptima Objeción Colectiva. Las traducciones al español de esta Vigésima Séptima Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El Estado Libre Asociado declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## SIN SOLICITUD PREVIA

16.     No se ha presentado ninguna petición de remedio anterior en relación con esta Vigésima Séptima Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

POR LO TANTO, el Estado Libre Asociado solicita con todo respeto que se dicte una

resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como

**Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre

Asociado cualquier otro remedio adicional según se considere justo.


Fecha: 15 de abril de 2019                                  Presentado con el debido respeto,
San Juan, Puerto Rico

                                                            [*Firma en la versión en inglés*]
                                                            Ricardo Burgos Vargas
                                                            Tribunal de Distrito de EE.UU. No.
                                                            218210
                                                            **A&S LEGAL STUDIO, PSC**
                                                            434 Ave. Hostos
                                                            San Juan, PR 00918
                                                            Tel: (787) 751-6764/(787) 948-1025
                                                            Fax: (787) 763-8260

                                                            Martin J. Bienenstock (*pro hac vice*)
                                                            Brian S. Rosen (*pro hac vice*)
                                                            **PROSKAUER ROSE LLP**
                                                            Eleven Times Square
                                                            New York, NY 10036
                                                            Tel: (212) 969-3000
                                                            Fax: (212) 969-2900

                                                            *Abogados adjuntos de la Junta de*
                                                            *Supervisión y Administración*
                                                            *Financiera en carácter de*
                                                            *representantes del Estado Libre*
                                                            *Asociado de Puerto Rico*

8