**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**TWENTY-EIGHTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS
AND TRANSPORTATION AUTHORITY TO EXACT DUPLICATE CLAIMS**

      The Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this twenty-eighth omnibus objection (the "Twenty-Eighth Omnibus Objection") to the twenty-three (23) exact duplicate proofs of claim listed on **Exhibit A** hereto, and in support of the Twenty-Eighth Omnibus Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**JURISDICTION**

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

**A. The HTA Title III Case and Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On May 21, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 1, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and HTA Title III Case, for procedural purposes only.

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     HTA**

6.      HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

7.      The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant to this power, HTA has issued several series of bonds under two different resolutions: (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution," and with the 1968 Resolution, the "Resolutions"). Approximately $830 million worth of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion worth of bonds issued under the 1998 Resolution remain outstanding. The Bank of New York Mellon ("BNYM") serves as Fiscal Agent with respect to the bonds issued under both of the Resolutions. On behalf of the holders of the bonds, BNYM has filed master proofs of claim with respect to the bonds.

3

**C.     HTA Claims and the Omnibus Objection Procedures**

8.     Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

9.     Of the proofs of claim filed, approximately 2,336 were timely filed in relation to HTA. The HTA-related proofs of claim total approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim.

10.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection

4

Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11. This Twenty-Eighth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12. The Omnibus Objection Procedures allow HTA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1) – (7).

13. The Twenty-Eighth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, claims that are exact duplicates of other proofs of claim filed in the HTA Title III Case.

14. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the exact same liabilities as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims"). The Remaining Claims were later-filed and/or included supporting documentation. Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claim, and thus no longer represent valid claims against HTA. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against HTA, to the detriment of other stakeholders in the HTA Title III Case. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against HTA. Because this Twenty-Eighth Omnibus Objection to the Claims to Be Disallowed does not

5

constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

15. In support of the foregoing, HTA relies on the *Declaration of Jay Herriman in Support of the Twenty-Eighth Omnibus Objection (Non-Substantive) of Puerto Rico Highways and Transportation Authority to Exact Duplicate Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA is providing notice of this Twenty-Eighth Omnibus Objection to (a) the individual creditors subject to this Twenty-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Twenty-Eighth Omnibus Objection is attached hereto as **Exhibit C.** Spanish translations of the Twenty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Twenty-Eighth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE HTA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA such other and further relief as is just.

| | |
|---|---|
| Dated: April 15, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for HTA* |

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>  como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**VIGÉSIMA OCTAVA OBJECIÓN COLECTIVA
(NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS
Y TRANSPORTACIÓN DE PUERTO RICO CONTRA LAS RECLAMACIONES
EXACTAMENTE DUPLICADAS**

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad de Puerto Rico* ("PROMESA"),[2] presenta esta Vigésima Octava

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

objeción colectiva (la "Vigésima Octava Objeción Colectiva") contra las veintitrés (23) evidencias de reclamaciones exactamente duplicadas que se detallan en el **Anexo A** al presente y, para fundamentar la Vigésima Octava Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La competencia es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

**TRASFONDO A. El Caso de la HTA iniciado al amparo del Título III y las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3. El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4. El 21 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por la HTA de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso de la HTA iniciado al amparo del Título III", y junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III") El 1 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta del Caso del Estado

2

Libre Asociado iniciado al amparo del Título III y el Caso de la HTA iniciado al amparo del Título III, con fines procesales exclusivamente.

5. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255]³ (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal concedió el remedio solicitado en la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones") y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en Casos al amparo del Título III: En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución ) que (A prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y que (B) aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre el Plazo Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B. HTA**

6. La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre

---

³ Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

Asociado ("Ley Habilitante de la HTA"). La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

7. La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l). En virtud de esta facultad, la HTA ha emitido varias series de bonos a través de dos resoluciones diferentes: (*i*) la Resolución No. 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) la Resolución No. 98-06 adoptada el 26 de febrero de 1998 (la "Resolución de 1998," y conjuntamente con la Resolución de 1968 las "Resoluciones"). Cerca de $830 millones en bonos emitidos conforme a la Resolución de 1968 permanecen pendientes, y alrededor de $3.4 billones en bonos emitidos conforme a la Resolución de 1998 permanecen pendientes. Bank of New York Mellon ("BNYM") actúa como Agente Fiscal con respecto a los bonos emitidos en virtud de ambas Resoluciones. En representación de los bonistas, BNYM ha presentado evidencias de reclamación principales (master proofs of claim) respecto a los bonos.

**C.    Reclamaciones de la HTA y los Procedimientos aplicables a Objeciones Colectivas**

8. De conformidad con las Resoluciones de Fecha Límite, se presentaron oportunamente aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias de reclamaciones totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

9. De las evidencias de reclamación presentadas, cerca de 2,336 fueron presentadas en tiempo y forma con relación a la HTA. Las evidencias de reclamación relacionadas con la HTA totalizan alrededor de $83.1 billones en reclamaciones presentadas, además de montos no liquidados declarados. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite para las Presentaciones, muchas de estas reclamaciones no tendrían que haberse presentado

4

nunca, o bien tienen algún que otro defecto como, por ejemplo, ser duplicados de otras evidencias de reclamaciones.

10. A fin de resolver de manera eficiente tantas evidencias de reclamaciones innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se proveyó al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas a ser presentadas de acuerdo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

5

11. Esta Vigésima Octava Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

### **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

12. Los Procedimientos aplicables a Objeciones Colectivas le permiten a la HTA presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

13. La Vigésima Octava Objeción Colectiva pretende que se declare la inadmisibilidad de las reclamaciones que son duplicados exactos de otras evidencias de reclamaciones presentadas en el Caso de la HTA iniciado al amparo del Título III, de conformidad con la Regla 3007 (d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas.

14. Como se establece en el **Anexo A** de la presente, las reclamaciones identificadas en la columna "Reclamaciones a Desestimar" (en conjunto, las "Reclamaciones a Desestimar") afirman exactamente las mismas obligaciones que las reclamaciones de la columna "Reclamaciones Remanentes" (individualmente, una "Reclamación Remanente" y conjuntamente las "Reclamaciones Remanentes"). Las Reclamaciones Remanentes se presentaron más tarde y/o incluían documentación de respaldo. Así pues, las Reclamaciones a ser Desestimadas son duplicados de una o más Reclamaciones Remanentes y, por lo tanto, ya no representan reclamaciones válidas contra la HTA. De no desestimarse las Reclamaciones a ser Desestimadas, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio de HTA, en detrimento de otras partes interesadas en el Caso de la HTA iniciado al amparo del Título III. Los tenedores de las Reclamaciones a ser Desestimadas no resultarán perjudicados por la desestimación de sus reclamaciones pues cada uno de ellos retendrá una Reclamación Remanente contra la HTA. Dado que esta Vigésima Octava Objeción Colectiva

contra las Reclamaciones a ser Desestimadas no constituye una objeción a las Reclamaciones Remanentes, los Deudores conservan su derecho a objetar las Reclamaciones Remanentes por cualquier otra causal.

15. En apoyo a lo anteriormente expresado, la HTA descansa en la *Declaración de Jay Herriman en Respando de la Vigésima Octava Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico a las Reclamaciones Exactamente Duplicadas*, de fecha 15 de abril de 2019, que se adjunta a la presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena esta Notificación, la HTA ha notificado de esta Vigésima Octava Objeción Colectiva a (a) los acreedores particulares conforme a la Vigésima Octava Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Vigésima Octava Objeción Colectiva. Las traducciones al español de la Vigésima Octava Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. HTA declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## NINGUNA SOLICITUD PREVIA

17. No se ha presentado ninguna petición de remedio anterior en relación con esta Vigésima Octava Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

7

POR LO TANTO, la HTA solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjunta al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado, y (2) que le conceda a la HTA cualquier otro remedio adicional según se considere justo.

| | |
|---|---|
| Fecha: 15 de abril de 2019<br>San Juan, Puerto Rico | Respetuosamente sometido,<br><br>[*Firma en la versión en inglés*]<br>Herman D. Bauer<br>USDC N° 215205<br>Carla García Benítez<br>USDC N° 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de HTA* |

8