> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                                                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THIRTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO TO EXACT DUPLICATE CLAIMS**

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this thirtieth omnibus objection (the "Thirtieth Omnibus Objection") to the one hundred and thirty-

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

three (133) exact duplicate proofs of claim listed on **Exhibit A** hereto, and in support of the Thirtieth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.     The ERS Title III Case and Bar Date Orders**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On May 21, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof ("ERS Title III Case" and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Commonwealth Title III Case and ERS Title III Case, for procedural purposes only.

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). By the *Order (A) Establishing*

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.    ERS**

6. ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

7. Pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and pursuant to certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "Bonds") in the aggregate original principal amount of approximately $2.9 billion. Bank of New York Mellon serves as the fiscal agent with respect to the Bonds.

**C.    ERS Claims and the Omnibus Objection Procedures**

8. Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

9. Of the proofs of claim filed, approximately 55,000 have been filed in relation to ERS. The ERS-related proofs of claim total approximately $10.1 trillion in asserted claims, in addition to unliquidated amounts asserted. As noted above, as ERS is a special purpose entity with

3

only approximately $2.9 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. In accordance with the terms of the Bar Date Orders, many of these proofs of claim need not have been filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim.

10. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

4

11. This Thirtieth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

**OBJECTIONS TO PROOFS OF CLAIM**

12. The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1) – (7).

13. The Thirtieth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, claims that are exact duplicates of other proofs of claim filed in the ERS Title III Case.

14. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the exact same liabilities as the claims identified in the column titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims"). The Remaining Claims were later-filed and/or included supporting documentation. Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claim, and thus no longer represent valid claims against ERS. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against ERS. Because this Thirtieth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

15. In support of the foregoing, ERS relies on the *Declaration of Jay Herriman in Support of Thirtieth Omnibus Objection (Non-Substantive) of the Employees Retirement System of*

5

*the Government of the Commonwealth of Puerto Rico to Exact Duplicate Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

## NOTICE

16. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, ERS is providing notice of this Thirtieth Omnibus Objection to (a) the individual creditors subject to this Thirtieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirtieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirtieth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. ERS submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Thirtieth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE ERS respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting ERS such other and further relief as is just.

Dated: April 15, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for ERS*

7

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                     Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**TRIGÉSIMA OBJECIÓN COLECTIVA (NO SUSTANTIVA)
DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO
LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES
EXACTAMENTE DUPLICADAS**

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Rico* ("PROMESA"), [2] presenta esta trigésima objeción colectiva (la "Trigésima Objeción Colectiva") contra las ciento treinta y tres (133) evidencias de reclamaciones exactamente duplicadas que aparecen en la lista del **Anexo A** al presente y, para fundamentar la Trigésima Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La competencia es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## TRASFONDO

**A. El Caso del ERS al amparo del Título III y las Resoluciones sobre Fecha Límite**

3. El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4. Con fecha 21 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, expidió un certificado de reestructuración de conformidad con las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para el ERS conforme a la Sección 304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (el

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

"Caso del ERS al amparo del Título III" y, junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos al amparo del Título III"). El 29 de junio de 2017, el Tribunal emitió una resolución haciendo lugar a la administración conjunta del Caso del Estado Libre iniciado al amparo del Título III y del Caso del ERS al amparo del Título III, exclusivamente a efectos procesales.

5. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255]³ (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal concedió el remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en Casos al amparo del Título III: En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre el Plazo Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

---

³ Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

**B.** **El ERS**

6. El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

7. Conforme a la Resolución sobre Bonos de Capitalización *de Pensiones* adoptada el 24 de enero de 2008, y a ciertas resoluciones complementarias, el ERS emitió bonos de obligaciones de pensiones principales y subordinados (los "Bonos") por un valor nominal original total de aproximadamente $2.9 billones. Bank of New York Mellon es el agente fiscal de los Bonos.

**C.** **Reclamaciones del ERS y Procedimientos aplicables a Objeciones Colectivas**

8. De conformidad con las Resoluciones de Fecha Límite, se presentaron en tiempo aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

9. Del total de evidencias de reclamaciones presentadas, aproximadamente 55,000 correspondían al ERS. Las evidencias de reclamaciones relacionadas con el ERS ascendían a un total de reclamaciones formuladas de aproximadamente $10.1 trillones, más sumas no liquidadas. Tal como se indicó antes, dado que el ERS es una entidad de propósito especial con una deuda consolidada de tan solo $2.9 billones, es evidente que prácticamente todas esas reclamaciones son improcedentes. Conforme a los términos de las Resoluciones sobre Fecha Límite, muchas de estas evidencias de reclamaciones no debían haber sido presentadas, o presentaban algún otro defecto; por ejemplo, algunas de ellas eran duplicaciones de otras evidencias de reclamaciones.

4

10. A fin de resolver de manera eficiente tantas evidencias de reclamaciones innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (C) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas a ser presentadas de acuerdo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

11. Esta Trigésima Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

5

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

12. Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

13. De conformidad con la Regla 3007(d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Trigésima Objeción Colectiva pretende que se desestimen las reclamaciones que son duplicados exactos de otras evidencias de reclamaciones presentadas en el caso del ERS iniciado al amparo del Título III.

14. Como se establece en el **Anexo A** de la presente, las reclamaciones identificadas en la columna "Reclamaciones a Desestimar" (en conjunto, las "Reclamaciones a Desestimar") afirman exactamente las mismas obligaciones que las reclamaciones de la columna "Reclamaciones Remanentes" (individualmente, una "Reclamación Remanente" y conjuntamente las "Reclamaciones Remanentes"). Las Reclamaciones Remanentes se presentaron más tarde y/o incluían documentación de respaldo. Por tanto, las Reclamaciones a Desestimar son duplicaciones de una o varias Reclamaciones Remanentes y, por ende, ya no representan reclamaciones válidas contra el ERS. En consecuencia, de no desestimarse las Reclamaciones a Desestimar, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del ERS, en detrimento de otras partes interesadas del Caso del ERS al amparo del Título III. Los tenedores de las Reclamaciones a Desestimar no resultarán perjudicados por la desestimación de sus reclamaciones pues cada uno de ellos conservará una Reclamación Remanente contra el ERS. Debido a que esta Trigésima Objeción Colectiva contra las Reclamaciones a Desestimar no constituye una objeción contra las Reclamaciones Remanentes, los Deudores se reservan el derecho a objetar dichas Reclamaciones Remanentes por cualquier otra causal.

15. En apoyo a lo anteriormente expresado, el ERS descansa en la *Declaración de Jay Herriman la cual fundamenta la Trigésima Objeción Colectiva (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Exactamente Duplicadas*, del 15 de abril de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el ERS ha notificado de esta Trigésima Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Objeción Colectiva. Las traducciones al español de esta Trigésima Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El ERS manifiesta que, en vista del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## NINGUNA SOLICITUD PREVIA

17. No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

POR TODO LO EXPUESTO, el ERS solicita respetuosamente que se emita una resolución, sustancialmente en los términos de la Resolución Propuesta que se adjunta a la presente como **Anexo D** en la que se haga lugar (1) al remedio aquí solicitado, y (2) a cualquier remedio de otro tipo o adicional que se considere justo en favor del ERS.

Fecha: 15 de abril de 2019
San Juan, Puerto Rico

Respetuosamente sometido,

[*Firma en la versión en inglés*]
Herman D. Bauer
USDC N° 215205
Carla García Benítez
USDC N° 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico en representación del ERS*

8