> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**THIRTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS**

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this thirty-second omnibus objection (the "Thirty-Second Omnibus Objection") to the twenty-eight

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

(28) subsequently amended and superseded proofs of claim listed on **Exhibit A** hereto, and in

support of the Thirty-Second Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section

306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The ERS Title III Case and Bar Date Orders**

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a

case under Title III thereof (the "Commonwealth Title III Case").

4.      On May 21, 2017, the Oversight Board, at the request of the Governor, issued a

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title

III thereof ("ERS Title III Case" and together with the Commonwealth Title III Case, the "Title

III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the

Commonwealth Title III Case and ERS Title III Case, for procedural purposes only.

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing*

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      ERS**

6.      ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

7.      Pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and pursuant to certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "Bonds") in the aggregate original principal amount of approximately $2.9 billion.  Bank of New York Mellon serves as the fiscal agent with respect to the Bonds.

**C.      ERS Claims and the Omnibus Objection Procedures**

8.      Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk.  Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

9.      Of the proofs of claim filed, approximately 55,000 have been filed in relation to ERS.  The ERS-related proofs of claim total approximately $10.1 trillion in asserted claims, in addition to unliquidated amounts asserted.  As noted above, as ERS is a special purpose entity with

only approximately $2.9 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. In accordance with the terms of the Bar Date Orders, many of these proofs of claim need not have been filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim.

10. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11.     This Thirty-Second Omnibus Objection is filed in accordance with the Court's

Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

12.     The Omnibus Objection Procedures allow the Commonwealth to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1) – (7).

13.     The Thirty-Second Omnibus Objection seeks to disallow, in accordance with

Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Omnibus Objection Procedures, claims

that have been superseded by a subsequent proof or proofs of claim.

14.     As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims

to be Disallowed" (collectively, the "Claims to Be Disallowed") have been amended and

superseded by subsequently filed proof(s) of claim identified in the column titled "Remaining

Claims" (each a "Remaining Amended Claim" and collectively, the "Remaining Amended

Claims"). The Claims to Be Disallowed thus no longer represent valid claims against ERS. Any

failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially

receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in

these proceedings. The holders of the Claims to Be Disallowed will not be prejudiced by the

disallowance of their claims because they will each retain a Remaining Amended Claim against

ERS. Because this Thirty-Second Omnibus Objection to the Claims to Be Disallowed does not

constitute an objection to the Remaining Amended Claims, the Debtors reserve their right to object

to the Remaining Amended Claims on any other grounds whatsoever.

15.     In support of the foregoing, ERS relies on the *Declaration of Jay Herriman in*

*Support of Thirty-Second Omnibus Objection (Non-Substantive) of the Employees Retirement*

*System of the Government of the Commonwealth of Puerto Rico to Subsequently Amended Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

## NOTICE

16.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, ERS is providing notice of this Thirty-Second Omnibus Objection to (a) the individual creditors subject to this Thirty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirty-Second Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Second Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. ERS submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Thirty-Second Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE ERS respectfully requests entry of an order, substantially in the form of

the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2)

granting ERS such other and further relief as is just.

Dated: April 15, 2019                                    Respectfully submitted,
San Juan, Puerto Rico


                                                        /s/ Hermann D. Bauer
                                                        Hermann D. Bauer
                                                        USDC No. 215205
                                                        Carla García Benítez
                                                        USDC No. 203708
                                                        **O'NEILL & BORGES LLC**
                                                        250 Muñoz Rivera Ave., Suite 800
                                                        San Juan, PR 00918-1813
                                                        Tel: (787) 764-8181
                                                        Fax: (787) 753-8944

                                                        Martin J. Bienenstock (*pro hac vice*)
                                                        Brian S. Rosen (*pro hac vice*)
                                                        **PROSKAUER ROSE LLP**
                                                        Eleven Times Square
                                                        New York, NY 10036
                                                        Tel: (212) 969-3000
                                                        Fax: (212) 969-2900

                                                        *Attorneys for the Financial*
                                                        *Oversight and Management Board*
                                                        *as representative for ERS*

7

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>  como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**TRIGÉSIMA SEGUNDA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL SISTEMA
DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE
ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES ENMENDADAS
POSTERIORMENTE**

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto

Rico ("ERS"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto

Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la

sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

("PROMESA"), [2] presenta esta trigésima segunda objeción colectiva (la "Trigésima Segunda
Objeción Colectiva") contra las veintiocho (28) evidencias de reclamación reemplazadas y
enmendadas que se detallan en el **Anexo A** al presente y, para fundamentar la Trigésima Segunda
Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de
conformidad con la sección 306(a) de la ley PROMESA.

2.      La competencia es adecuada en este distrito de conformidad con la sección 307(a)
de la ley PROMESA.

## TRASFONDO

**A.      El Caso del ERS al amparo del Título III y las Resoluciones sobre Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió
una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y
presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la
sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha
ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4.      Con fecha 21 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador,
expidió un certificado de restructuración de conformidad con las secciones 104(j) y 206 de la ley
PROMESA y presentó una petición voluntaria de remedio para el ERS conforme a la Sección
304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (el

---

[2]  La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.)
   §§ 2101-2241.

2

"Caso del ERS al amparo del Título III" y, junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos al amparo del Título III"). El 29 de junio de 2017, el Tribunal emitió una resolución haciendo lugar a la administración conjunta del Caso del Estado Libre Asociado iniciado al amparo del Título III y del Caso del ERS al amparo del Título III, exclusivamente a efectos procesales.

5.      El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255] [3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en Casos al amparo del Título III: En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre el Plazo Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

**B.**     **El ERS**

6.      El ERS es un fideicomiso constituido por el Estado Libre Asociadoen 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociadoy sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

7.      Conforme a la Resolución sobre Bonos de Capitalización *de Pensiones* adoptada el 24 de enero de 2008, y a ciertas resoluciones complementarias, el ERS emitió bonos de obligaciones de pensiones principales y subordinados (los "Bonos") por un valor nominal original total de aproximadamente $2.9 billones. Bank of New York Mellon ("BNYM") es el agente fiscal (el "Agente Fiscal") de los Bonos.

**C.**     **Reclamaciones del ERS y Procedimientos aplicables a Objeciones Colectivas**

8.      De conformidad con las Resoluciones de Fecha Límite, se presentaron oportunamente aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias de reclamaciones totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

9.      Del total de evidencias de reclamaciones presentadas, aproximadamente 55,000 correspondían al ERS. Las evidencias de reclamaciones relacionadas con el ERS ascendían a un total de reclamaciones formuladas de aproximadamente $10.1 trillones, más sumas no liquidadas. Tal como se indicó antes, dado que el ERS es una entidad de propósito especial con una deuda consolidada de tan solo $2.9 billones, es evidente que prácticamente todas esas reclamaciones son improcedentes. Conforme a los términos de las Resoluciones sobre Fecha Límite, muchas de estas evidencias de reclamaciones no debían haber sido presentadas, o presentaban algún otro defecto; por ejemplo, algunas de ellas eran duplicaciones de otras evidencias de reclamaciones.

4

10. A fin de resolver de manera eficiente tantas evidencias de reclamaciones innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se proveyó al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (C) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas a ser presentadas de acuerdo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución de Notificación").

11. Esta Trigésima Segunda Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

5

## OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

12.     Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

13.     De conformidad con la Regla 3007(d)(3) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Trigésima Segunda Objeción Colectiva pretende que se desestimen las reclamaciones que fueron reemplazadas por evidencias de reclamaciones presentadas posteriormente.

14.     Conforme lo expuesto en el **Anexo A** al presente, las reclamaciones identificadas en la columna "Reclamaciones a Desestimar" (en conjunto, las "Reclamaciones a Desestimar") fueron enmendadas y reemplazadas por las evidencias de reclamación presentadas posteriormente, identificadas en la columna "Reclamaciones Remanentes" (individualmente, una "Reclamación Enmendada Remanente" y en conjunto, las "Reclamaciones Enmendadas Remanentes"). Por tanto, las Reclamaciones a Desestimar ya no representan reclamaciones válidas contra el ERS. En consecuencia, de no desestimarse las Reclamaciones a Desestimar, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del ERS, en detrimento de otras partes interesadas de esta causa. Los tenedores de las Reclamaciones a Desestimar no resultarán perjudicados por la desestimación de sus reclamaciones pues cada uno de ellos conservará una Reclamación Enmendada Remanente contra el ERS. Debido a que esta Trigésima Segunda Objeción Colectiva contra las Reclamaciones a Desestimar no constituye una objeción contra las Reclamaciones Enmendadas Remanentes, los Deudores se reservan el derecho a objetar dichas Reclamaciones Enmendadas Remanentes por cualquier otra causal.

6

15.     En apoyo a lo anteriormente expresado, el ERS descansa en la *Declaración de Jay Herriman el Respaldo de la Trigésima Segunda Objeción Colectiva (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Enmendadas Posteriormente*, del 15 de abril de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el ERS ha notificado de esta Trigésima Segunda Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Segunda Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Segunda Objeción Colectiva. Las traducciones al español de esta Trigésima Segunda Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El ERS manifiesta que, en vista del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## NINGUNA SOLICITUD PREVIA

17.     No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Segunda Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

7

POR TODO LO EXPUESTO, el ERS solicita respetuosamente que se emita una

resolución, sustancialmente en los términos de la Resolución Propuesta que se adjunta a la

presente como **Anexo D en la que se haga lugar**, (1) al remedio allí solicitado, y (2) a cualquier

remedio de otro tipo o adicional que se considere justo en favor del ERS.

Fecha: 15 de abril de 2019                                  Respetuosamente sometido,
San Juan, Puerto Rico

                                                           [*Firma en la versión en inglés*]
                                                           Herman D. Bauer
                                                           USDC N° 215205
                                                           Carla García Benítez
                                                           USDC N° 203708
                                                           **O'NEILL & BORGES LLC**
                                                           250 Muñoz Rivera Ave., Suite 800
                                                           San Juan, PR 00918-1813
                                                           Tel: (787) 764-8181
                                                           Fax: (787) 753-8944

                                                           Martin J. Bienenstock (*pro hac vice*)
                                                           Brian S. Rosen (*pro hac vice*)
                                                           **PROSKAUER ROSE LLP**
                                                           Eleven Times Square
                                                           New York, NY 10036
                                                           Tel: (212) 969-3000
                                                           Fax: (212) 969-2900

                                                           *Abogados de la Junta de Supervisión*
                                                           *y Administración Financiera para*
                                                           *Puerto Rico en representación del*
                                                           *ERS*

8