> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### THIRTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this thirty-third omnibus objection (the "Thirty-Third Omnibus Objection") to the deficient proofs of claim listed on **Exhibit A** hereto, which proofs of claim purport to assert liabilities well in excess of $1 billion

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

but fail to provide a basis for the asserted claim, and in support of the Thirty-Third Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders**

3. On May 21, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

the Initial Bar Date Order, the "Bar Date Orders") extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     ERS Claims and the Omnibus Objection Procedures**

5.     ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

6.     Pursuant to the Bar Date Orders, approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

7.     Of the proofs of claim filed, approximately 55,000 have been filed in relation to ERS. The ERS-related proofs of claim total approximately $10.1 trillion in asserted claims, in addition to unliquidated amounts asserted. As noted above, as ERS is a special purpose entity with only approximately $2.9 billion of funded indebtedness, it is clear that substantially all of such claims are inappropriate. In accordance with the terms of the Bar Date Orders, many of these proofs of claim need not have been filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim.

8.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection

3

to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

9. This Thirty-Third Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

10. The Omnibus Objection Procedures allow ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

11. The Thirty-Third Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply with the applicable rules for filing a claim.

12. Each of the Deficient Claims purports to assert liabilities well in excess of $1 billion, but fails to provide a basis for asserting a claim against ERS, the Commonwealth or another of the Debtors. Of the Deficient Claims, one asserts liabilities in the amount of $32,000,0000,000,

4

but states as a basis for the claim that claimant is a teacher who has provided services, without providing any information regarding salaries or benefits owed to the claimant by ERS, the Commonwealth, or any other Debtor. The other Deficient Claim provides as a basis for the claim only "Ley 96."

13. Neither claimant provides any documentation supporting their status as either employees or creditors of ERS, the Commonwealth, or any other Debtor, let alone any documentation supporting claims for well over $1 billion in liabilities. Indeed, neither ERS nor the Commonwealth is aware of any employment agreements, collective bargaining agreements, statutes, or other means by which it might have incurred liabilities in amounts totaling well over $1 billion to any individuals on account of their employment. Accordingly, for one or more of the foregoing reasons, all of the Deficient Claims failed to comply with the applicable rules by not providing any basis whatsoever for the asserted claim against ERS, the Commonwealth, or another of the Debtors. Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.

14. In support of the foregoing, ERS relies on the *Declaration of Jay Herriman in Support of the Thirty-Third Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to Late-Filed and Deficient Claims*, dated April 15, 2019, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, ERS has provided notice of this Thirty-Third Omnibus Objection to (a) the individual creditors subject to this Thirty-Third Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.

A copy of the notice for this Thirty-Third Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Third Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. ERS submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Thirty-Third Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

6

WHEREFORE ERS respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting ERS such other and further relief as is just.

Dated: April 15, 2019  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Employees Retirement System for the Government of the Commonwealth of Puerto Rico*

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**TRIGÉSIMA TERCERA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DEFICIENTES**

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2]

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

presenta esta trigésima tercera objeción colectiva (la "Trigésima Tercera Objeción Colectiva") contra las evidencias de reclamaciones deficientes que se detallan en el **Anexo A** al presente, en las que se pretende invocar obligaciones por una suma muy superior a $1 billones, pero sin fundamentar las reclamaciones pretendidas y, para fundamentar la Trigésima Tercera Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## TRASFONDO

**A. Las Resoluciones que Fijan Fecha Límite para las Presentaciones**

3. Con fecha 21 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, expidió un certificado de restructuración de conformidad con las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para el ERS conforme a la sección 304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (el "Caso del ERS al amparo del Título III").

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

2

Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal concedió el remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en Casos al amparo del Título III: En virtud de la petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre el Plazo Límite e Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B. Reclamaciones del ERS y Procedimientos aplicables a Objeciones Colectivas**

5. El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

6. De conformidad con Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones se presentaron oportunamente aproximadamente 165,466 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias de reclamaciones totalizan aproximadamente $43.5 trillones en reclamaciones contra los Deudores.

3

7. Del total de evidencias de reclamaciones presentadas, aproximadamente 55,000 correspondían al ERS. Las evidencias de reclamaciones relacionadas con el ERS ascendían a un total de reclamaciones formuladas de aproximadamente $10.1 trillones, más sumas no liquidadas. Tal como se indicó antes, dado que el ERS es una entidad de propósito especial con una deuda consolidada de tan solo $2.9 billones, es evidente que prácticamente todas esas reclamaciones son improcedentes. Conforme a los términos de Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones, muchas de estas evidencias de reclamaciones no debían haber sido presentadas, o presentaban algún otro defecto; por ejemplo, algunas de ellas eran duplicaciones de otras evidencias de reclamaciones.

8. A fin de resolver de manera eficiente tantas evidencias de reclamaciones innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se proveyó al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la*

4

*Regla de Quiebras 3007(e)(6), y (C) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "<u>Procedimientos de Objeciones Colectivas</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas a ser presentadas de acuerdo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "<u>Resolución de Notificación</u>").

9. Esta Trigésima Tercera Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

10. Los Procedimientos aplicables a objeciones colectivas le permiten al ERS presentar una objeción colectiva contra múltiples evidencias de reclamaciones, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

11. De conformidad con la Regla 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Trigésima Tercera Objeción Colectiva pretende que se proceda a desestimar cada una de las evidencias de reclamaciones que se detallan en el **Anexo A** a la presente (en conjunto, las "<u>Reclamaciones Deficientes</u>"), pues las mismas no han dado cumplimiento a las reglas aplicables para la presentación de reclamaciones.

12. Cada una de las Reclamaciones Deficientes pretende invocar obligaciones que superan ampliamente los $1 billones, pero omiten proporcionar un fundamento para invocar una reclamación en contra del ERS o de otro Deudor. Una de estas Reclamaciones Deficientes invoca obligaciones por la suma de $32,000,000,000, pero fundamenta su pretensión aduciendo que la demandante es una docente que ha brindado servicios, sin proporcionar información alguna sobre los salarios o beneficios que el ERS, el Estado Libre Asociado o cualquier otro Deudor le estaría

5

adeudando a la Demandante. La otra Reclamación Deficiente fundamenta las pretensiones allí invocadas únicamente en la "Ley 96."

13. La demandante no presenta documentación que acredite su condición de empleada o acreedora del ERS, del Estado Libre Asociado o de cualquier otro Deudor, mucho menos documentación que respalde sus reclamaciones, las que ascienden a obligaciones por una suma muy superior a los $1 billones. De hecho, el ERS y el Estado Libre Asociado no están al tanto de la existencia de ningún contrato de empleo, convenio colectivo de trabajo, ley u otro instrumento en virtud del cual podrían haber incurrido en semejantes obligaciones con individuos por sumas superiores a $1 billones en razón de su empleo. Así pues, en razón de una o más de las razones expuestas, todas las Reclamaciones Deficientes incumplieron con las normas aplicables al no proporcionar ningún fundamento para la reclamación invocada en contra del ERS, Estado Libre Asociado, u otro Deudor. Dado este incumplimiento de las normas aplicables, ni los Deudores ni el Tribunal están en condiciones de determinar la validez de las Reclamaciones Deficientes.

14. En apoyo a lo anteriormente expresado, el ERS se basa en la *Declaración de Jay Herriman en Respaldo de la Trigésima Tercera Objeción Colectiva (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Deficientes*, del 15 de abril de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, ERS ha notificado de esta Trigésima Tercera Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Tercera Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en

6

https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Tercera Objeción Colectiva. Las traducciones al español de esta Trigésima Tercera Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El ERS declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## NINGUNA SOLICITUD PREVIA

16. No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Tercera Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

7

POR LO TANTO, ERS solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al ERS cualquier otro remedio adicional según se considere justo.

Fecha: 15 de abril de 2019
      San Juan, Puerto Rico

Respetuosamente sometido,

[*Firma en la versión en inglés*]
Herman D. Bauer
USDC N° 215205
Carla García Benítez
USDC N° 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados adjuntos de la Junta de Supervisión y Administración Financiera en carácter de representantes del ERS*

8