## NOTE FROM DISSEMINATION AGENT

The attached notice was prepared by Prime Clerk and posted on the Prime Clerk website on February 21, 2019. The attached notice does not reflect the views or the input of the Puerto Rico Sales Tax Financing Corporation ("COFINA") or the Puerto Rico Fiscal Agency and Advisory Authority ("AAFAF").

Questions concerning this notice may be directed to Prime Clerk by email at puertoricoballots@primeclerk.com.

PUERTO RICO FISCAL AGENCY AND ADVISORY AUTHORITY

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

**SUPPLEMENTAL NOTICE OF DISTRIBUTION TO HOLDERS OF THE FOLLOWING:**

| Plan Class | Class Description |
|---|---|
| 1 | Senior COFINA Bond Claims[2] |
| 2 | Senior COFINA Bond Claims (Ambac) |
| 3 | Senior COFINA Bond Claims (National) |
| 5 | Junior COFINA Bond Claims |
| 6 | Junior COFINA Bond Claims (Assured) |

The *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation*, dated January 9, 2019 (Docket No. 439 in Case No. 17-3284) (as may be amended or modified in accordance with the terms thereof, the "Plan") was confirmed by the United States District Court for the District of Puerto Rico on February 4, 2019 (Docket No. 559 in Case No. 17-3284, as amended by order entered February 5, 2019, at Docket

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Unless otherwise defined in this Notice, capitalized terms used herein shall have the meanings ascribed to them in the Plan.

No. 561 in Case No. 17-3284). Capitalized terms used but not otherwise defined in this supplemental notice have the meanings ascribed to such terms in the Plan.

The Effective Date of the Plan occurred on February 12, 2019. On the Effective Date, pursuant to sections 19.1 and 19.5 of the Plan, COFINA fulfilled its obligations as Disbursing Agent by distributing or causing to be distributed, Cash and COFINA Bonds to The Bank of New York Mellon, in its capacity as trustee and paying agent in connection with the Existing Securities ("BNYM"). BNYM distributed the Cash and COFINA Bonds to The Depository Trust Company ("DTC"), which is the Bondowner as defined in the Plan.

Consistent with the Notice of Distribution to the Holders filed on February 12, 2019, COFINA Bonds and Cash were allocated by DTC to participants in accordance with the allocation procedures described in such notice. Participants and nominees (as applicable) are responsible for allocating the COFINA Bonds and Cash they receive to beneficial holders.

In order to maximize allocations to its participants (and their underlying beneficial holders), DTC is authorized to distribute additional bonds to its participants by first aggregating their bond entitlements on a participant level, and then rounding up or down to the nearest $1,000. To further maximize the amount of bonds for each participant, DTC is authorized to adjust the threshold at which bonds would be rounded down (as needed). It is our understanding that the participants and nominees (as applicable) may round down bond distributions to their clients, depending on inventory and as per their customary procedures, and provide cash in lieu of any rounded down amounts (subject to availability of cash for that purpose). The funds available for Rounding Amount Cash were allocated to participants on a pro rata basis and such funds, as available, are intended for participants to allocate as cash in lieu of fractional bonds for any holders whose bonds are rounded down (which should supplement any funds participants receive on account of their market action taken on fractional bonds in accordance with such participants' customary practices if consistent with account terms of beneficial holders securities may be liquidated for this purpose).

Furthermore, beneficial holders may not have yet received their entire distribution as nominees may first take market action on account of fractional bonds in order to provide additional cash in lieu to the applicable underlying beneficial holders if consistent with account terms of beneficial holders securities may be liquidated for this purpose.

If you have any questions, please contact Prime Clerk by emailing puertoricoballots@primeclerk.com.