**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
------------------------------------------------------------------- x
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
       as representative of                         :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :   (Jointly Administered)
                                                    :
       Debtors.¹                                    :
------------------------------------------------------------------- x
```

**URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION
AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO
<u>JOINT PROSECUTION OF DEBTOR CAUSES OF ACTION</u>**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "<u>Committee</u>"), the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), and the Special Claims Committee of the Oversight Board (the "<u>Special Claims Committee</u>" and, together with the Oversight Board and the Committee, the "<u>Parties</u>"), respectfully submit this urgent joint motion (the "<u>Urgent Motion</u>"), for entry of an order

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

approving the stipulation, attached hereto as **Exhibit A** (the "Stipulation"),[2] by and among the Oversight Board, the Special Claims Committee, and the Committee regarding the prosecution of causes of actions of the Debtors against certain entities and the allocation of litigation responsibilities.[3]  In support of this Urgent Motion, the Parties respectfully state as follows:

## BACKGROUND

1. On March 25, 2019, the Committee filed its motion [Docket No. 5997] (the "Procedures Motion") seeking, among other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Oversight Board on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to Section 926 of the Bankruptcy Code.  The Committee believes such procedures were critical due to the imminent expiration of the deadlines to commence actions under section 546(a) of the Bankruptcy Code.[4]

2. On March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Procedures Motion.

3. Under the Procedures Order, the Court, among other things, required the Oversight Board and the Special Claims Committee to disclose to the Committee by April 5, 2019 a preliminary list of potential causes of action that the Oversight Board or the Special Claims Committee would, in the absence of appropriate tolling agreements, intend to pursue on behalf of the Commonwealth, directed the parties to meet and confer regarding the contents of

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Stipulation. Descriptions of the Stipulation contained herein are for summary purposes only.  The terms and provisions of the Stipulation govern to the extent any inconsistencies exist between the Stipulation and the descriptions of the Stipulation contained herein.

[3] By separate motion, filed concurrently herewith, the Parties are requesting that the Court schedule a hearing on this Urgent Motion on or before April 18, 2019 (subject to the Court's availability).

[4] The Commonwealth's deadline is May 2, 2019, ERS's and HTA's deadline is May 20, 2019, and PREPA's deadline is July 1, 2019.

2

such preliminary list and anticipated allocation of litigation responsibilities, and required the disclosure to the Committee by April 10, 2019 of the final list of potential defendants against which the Oversight Board or the Special Claims Committee will pursue causes of action related to the Commonwealth or from which they will obtain tolling agreements. The April 10 deadline was subsequently extended, by agreement between the Parties, to April 12, 2019 at noon (AST). *See* Docket No. 6172.

4. The Procedures Order also set April 12, 2019 as the deadline for the Committee to file a motion seeking the appointment of a trustee under section 926 of the Bankruptcy Code (an "Omnibus Motion"), which Omnibus Motion would be heard at the April 24, 2019 omnibus hearing. The April 12 deadline was subsequently extended, by agreement between the Parties, to April 17, 2019 at 9:30 a.m. (AST). *See* Docket Nos. 6172, 6237, and 6285.

5. Following the Oversight Board's and the Special Committee's disclosure of the preliminary list on April 5, 2019, the Parties have met and conferred extensively to discuss, among other things, the Debtors' potential causes of actions against certain parties and the allocation of litigation responsibilities. As a result of the meet and confer process, the Parties have agreed to a framework to pursue the potential causes of action, as set forth in the Stipulation. As part of this agreement, but subject to entry of an order approving the Stipulation, the Committee has agreed to waive its right to file an Omnibus Motion with respect to claims or causes of action of the Commonwealth,[5] except (i) to the extent provided in paragraph 18 of the Stipulation with respect to Additional Claims and (ii) with respect to claims or causes of action that are subject to tolling agreements or Court-ordered tolling stipulations other than Tolling

---

[5] The Parties contemplate that they will enter into one or more additional stipulations that will, subject to Court approval, similarly address the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs to pursue additional claims or causes of action of ERS, HTA, and PREPA.

Agreements with the Potential Defendants. Additional Claims are defined in paragraph 18 of the Stipulation as Commonwealth claims or causes of action, in addition to those to be asserted by the Oversight Board or the Special Claims Committee, related to or with respect to the offerings of the Commonwealth's GO bonds, PBA bonds, and ERS bonds against the Financial Party Targets, including on theories of fraudulent transfer, fraud, breach of fiduciary duty, and/or deepening insolvency.

## BASIS FOR RELIEF

6. In an effort to ensure the efficient prosecution of causes of action for the benefit of the Debtors and their creditors, the Oversight Board, the Special Claims Committee, and the Committee, working jointly, have identified claims or causes of action of the Debtors, which, subject to obtaining certain Tolling Agreements, shall be asserted against certain entities, and have resolved to work jointly on the prosecution of such claims or causes of action (all as further provided in the Stipulation).

7. The Stipulation establishes an agreed upon framework for the Parties' joint pursuit of causes of action by providing for, among other things, (a) the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings, (b) the appointment of the Committee as sole trustee/plaintiff with respect to the Subject Adversary Proceedings, and (c) a set of stipulated procedures that will govern the Parties' litigation efforts. As part of the Stipulation, the Committee has also agreed that, upon Court approval of this Stipulation, it will waive its right to file an Omnibus Motion with respect to claims or causes of action of the Commonwealth (except as it relates to the Additional Claims and certain other claims subject to tolling agreements or stipulations). Pending approval of the Stipulation, the

Parties have agreed that the Committee's deadline to file a potential Omnibus Motion (if the Stipulation is not approved) be extended to April 19, 2019.

8. Notwithstanding the framework set forth in the Stipulation, the Parties agreed that the Committee may seek, by motion to the Court (the "Limited Motion"), to be appointed as trustee/plaintiff to pursue the Additional Claims, provided that (i) such motion shall be filed by April 17, 2019, at 9:30 a.m. (Atlantic Standard Time), (ii) the deadline to object to such motion shall be April 19, 2019, at 6:00 p.m. (Atlantic Standard Time), (iii) the reply deadline shall be April 23, 2019 at 9:30 a.m. (Atlantic Standard Time), and (iv) such motion shall be heard at the April 24, 2019 omnibus hearing.

9. The Committee, the Oversight Board, and the Special Claims Committee respectfully request that the Court approve the Stipulation attached hereto as **Exhibit A**. The prompt approval of the Stipulation is critical given the expiration of statutes of limitations for Commonwealth-related causes of action on May 2, 2019 (and shortly thereafter for the other Debtors). By separate motion, filed concurrently herewith, the Parties are requesting that the Court (a) schedule a hearing on this Urgent Motion on or before April 18, 2019 (subject to the Court's availability), (b) extend the briefing schedule with respect to a potential Omnibus Motion, pending Court approval of the Stipulation, and (c) approve the briefing schedule with respect to the Limited Motion.

10. Pursuant to Paragraph I.H of the Case Management Procedures, the Parties hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## NOTICE

11. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

12. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Parties respectfully request the Court to approve and enter the Stipulation, attached hereto as **Exhibit A**, and grant the Parties such other relief as is just and proper.

Dated: April 16, 2019

By:   /s/ Luc A. Despins

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:   /s/ Juan J. Casillas Ayala

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

By:   */s/ Jeffrey W. Levitan*

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
(*Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

By:   */s/ Edward Weisfelner*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

And

By:   */s/ Alberto Estrella*

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*