# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF THE BANK OF NEW YORK MELLON
TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF
PUERTO RICO'S URGENT MOTION FOR ENTRY OF AN ORDER UNDER
BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY
AND COMPELLING DISCLOSURE OF LIST OF SECURITY HOLDERS**

The Bank of New York Mellon ("BNYM"), through its undersigned counsel, hereby supplements its objection [ECF No. 6194] (the "Original Objection") to the urgent motion [ECF No. 6143] (the "Motion") of The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") seeking an order authorizing discovery and compelling disclosure of lists of security holders and respectfully represents as follows:

1. BNYM objected to the Motion because (i) the Oversight Board's timeline to produce the information requested is overly burdensome and simply not feasible, (ii) the Motion

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

seeks the production of confidential customer information without sufficient safeguards or an opportunity to notify customers that such information is being requested, and (iii) compliance with the Oversight Board's discovery requests would expose BNYM to undue fees and expenses and potential liability.

2. Preliminarily, the Oversight Board does not deny (or even address) that any urgency is entirely of the Oversight Board's own making. BNYM should not be penalized for the Oversight Board's delay.

3. The accommodations offered by the Oversight Board through its omnibus reply (the "Reply") [ECF No. 6248] do not cure the shortcomings identified in the Original Objection. For reasons set forth therein, BNYM reaffirms its Original Objection.

4. As a result of its own, unreasonable delay, the Oversight Board asks this Court to compel BNYM to produce a massive amount of information on minimal notice. Nothing about the Oversight Board's request is "routine." Even the Oversight Board admits that the circumstances surrounding this request are "unusual" and the timeline for production is "truncated." *See* Reply ¶ 9.

5. Indeed, the timing is unprecedented for BNYM staff conducting the investigation. Without agreeing to produce information in the absence of a Court order, BNYM has been gathering information relevant to the Oversight Board's inquiry for the past two weeks and has confirmed that it is difficult, time-consuming, and expensive.[2] Already, BNYM has been forced to pull employees from their regular work schedules to gather information it might be required to

---

[2] To ease the burden imposed by the Oversight Board's request, BNYM requested that the Oversight Board provide the amounts of distributions that were made on each payment date to each participant, so as to assist BNYM in reconciling the information being gathered. The Oversight Board indicated that it could not accommodate that request. BNYM renews this request. Additionally, if there is other information that the Oversight Board could provide to assist with the information gathering process and they have not yet done so, the Oversight Board should provide such information now.

produce. To complicate matters, the data sought by the Oversight Board is held on different platforms that support different business lines, and each platform must be reviewed for each of the more than 170 CUSIPs identified by the Oversight Board. Investigating and producing this amount of information would be a complicated and time-consuming task under any circumstances; the proposed shortened timeline makes it extraordinary and not a simple cost of doing business. And by providing the CUSIP lists in two batches—nearly a week apart—with the second list significantly expanding the search, the Oversight Board complicated the process.

6. The Oversight Board's "accommodation" to extend the production deadline by three days from Friday, April 19 to Monday, April 22—over a holiday weekend—is not helpful. An additional business day plus two holiday weekend days does not solve the problem. BNYM requires at least four weeks from the initial inquiry to comply with the Oversight Board's request, and, even in that timeframe, complete production is not assured.

7. A four-week timeframe already assumes that BNYM is re-tasking employees from their normal daily work obligations in order to accommodate this request. BNYM should not be held responsible if it is not possible to gather and produce information on the Oversight Board's truncated timetable. At a minimum, the Court should extend the production deadline to April 30, 2019, and BNYM should have a right to request additional time from the Court if, despite BNYM's good faith efforts, the approved production deadline proves unworkable.

8. The Oversight Board acknowledges the need to maintain confidentiality, and that remains a paramount concern for BNYM. Although the new language in the revised proposed order is an improvement, it does not go far enough. Without a mechanism that permits BNYM to notify its customers of the Oversight Board's requests and that allows customers a meaningful opportunity to object, BNYM must continue to object to the requested discovery. In the absence

of such a mechanism, the Court should protect BNYM from any liability to customers arising from its compliance with the Court's order to produce confidential customer information. Further, if the Oversight Board is certain that applicable law protects BNYM from complaints regarding alleged breaches of privacy as a result of compliance with this request, the Oversight Board should have no objection to providing BNYM with indemnification.

9. Reimbursement of the fees and expenses incurred by BNYM in responding to the Oversight Board's request is appropriate under the circumstances. The Oversight Board acknowledges that, in cases where compliance with discovery requests is oppressive, a court may impose reasonable restrictions and conditions upon its enforcement, including reimbursement of fees and expenses. *See* Reply ¶ 15 (citing *U.S. v. Tivian Labs, Inc.*, 589 F.2d 49, 55 (1st Cir. 1978)). Imposing such conditions is appropriate in the extreme circumstances presented here: the Oversight Board seeks a massive amount of information on an extremely condensed timetable that is the result of the Oversight Board's delay in requesting this information at any time since May 2017. Moreover, there is no basis for the Oversight Board's suggestion that the costs of undertaking this immense internal process are factored into ordinary client charges. Indeed, they are not.

10. For the reasons set forth herein and in the Original Objection, BNYM reiterates its request for the protections identified in the Original Objection. Such protections are reasonable and appropriate in the context of the "unusual circumstances" occasioned by the Oversight Board's request.

WHEREFORE, BNYM respectfully requests that the Court deny the Motion or, if the Court is not inclined to do so, enter an order providing BNYM a reasonable period of time to respond to the discovery requests through at least April 30, 2019, with a right to request

additional time from the Court if, despite BNYM's good faith efforts, the approved production deadline proves unworkable, and granting such other and further protections for BNYM as outlined in the Original Objection that the Court deems just and proper.

| | |
|---|---|
| Dated: April 16, 2019<br>San Juan, Puerto Rico | Respectfully submitted, |
| SEPULVADO, MALDONADO & COURET | REED SMITH LLP |
| */s/ Albéniz Couret-Fuentes*<br>Elaine Maldonado-Matías<br>USDC-PR Bar No. 217309<br>Albéniz Couret-Fuentes<br>USDC-PR Bar No. 222207<br>José Javier Santos Mimoso<br>USDC-PR Bar No. 208207<br>304 Ponce de León Ave. – Suite 990<br>San Juan, PR 00918<br>Telephone: (787) 765-5656<br>Facsimile: (787) 294-0073<br>Email: emaldonado@smclawpr.com<br>Email: acouret@smclawpr.com<br>Email: jsantos@smclawpr.com | */s/ Eric A. Schaffer*<br>Eric A. Schaffer<br>Luke A. Sizemore<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222<br>Telephone: (412) 288-3131<br>Facsimile : (412) 288-3063<br>Email : eschaffer@reedsmith.com<br>Email : lsizemore@reedsmith.com<br><br>C. Neil Gray<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: cgray@reedsmith.com |

*Counsel to The Bank of New York Mellon*