Hearing Date: April 18, 2019 at 2:00 p.m. (Atlantic Standard Time)
Objection Deadline: April 17, 2019 at 2:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

  as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

  Debtors.[1]

)
)
)
)
)
)
)
)
)
)
)
)

PROMESA
Title III

Case No. 3:17-bk-03283 (LTS)

**OBJECTION OF CERTAIN ERS BONDHOLDERS TO URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION OF DEBTOR CAUSES OF ACTION**

Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Inc., Puerto Rico Investors Tax-Free

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

- 1 -

Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc. (the "Puerto Rico Funds") and Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P.,[2] Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., and SV Credit, L.P. (together with the Puerto Rico Funds, the "Bondholders"), all of whom are secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") on account of their ownership of bonds issued by ERS ("ERS Bonds"), hereby file this objection (the "Objection") in opposition to the *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action*[3] [Docket No. 6305] (the "Urgent Stipulation Motion") filed by the Official

---

[2] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

[3] Capitalized terms not otherwise defined herein shall have the means ascribed to them in the Urgent Stipulation Motion and the Stipulation (as defined below).

Committee of Unsecured Creditors for All Title III Debtors (other than COFINA) (the "UCC"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Special Claims Committee of the Oversight Board (the "Special Claims Committee" and, together with the Oversight Board and the Committee, the "Parties"), and in support state:

**BACKGROUND**

1. On April 9, 2019, the Puerto Rico Funds filed the *Motion of the Puerto Rico Funds to Vacate the Appointment of the Official Committee of Unsecured Creditors in the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Title II Case* [Docket No. 433] (the "Motion to Vacate") seeking to vacate the appointment of the UCC as the creditors' committee in the ERS Title III case due to its inherent conflict arising from serving as the creditors' committee in both the Commonwealth and ERS Title III cases and because not a single UCC member filed a claim against ERS, thus making the UCC an inadequate representative of ERS unsecured creditors.

2. On April 16, 2019, the Parties filed the Urgent Stipulation Motion, seeking approval of a stipulation and consent order (the "Stipulation"), among other things, establishing the procedures for (a) the Special Claims Committee and the UCC to be appointed as co-trustees under section 926 of the Bankruptcy Code to pursue certain not yet identified claims in the Co-Plaintiff Adversary Proceedings, and (b) the UCC to be appointed as the sole trustee with respect to bringing claims that the Special Claims Committee does not wish to pursue in the Subject Adversary Proceedings, provided that such claims are not against Financial Party Targets.

3. On the same date, the Court entered an order [Docket No. 6319] setting the deadline for all objections and responses to the Urgent Stipulation Motion on April 17, 2019 at 2:00pm (AST) and the hearing on the Urgent Stipulation Motion on April 18, 2019 at 2:00 p.m. (AST).

**OBJECTION**

4. Under the Stipulation, the Oversight Board seeks to appoint the UCC as either the sole or co-trustee under section 926 of the Bankruptcy Code to pursue avoidance actions against Potential Defendants, who have not been identified, for claims that are not identified.[4] Astonishingly, the Parties gave parties in interest less than 48 hours' notice of the hearing to approve the Stipulation and less than 24 hours to object to the Urgent Stipulation Motion. The lack of any meaningful notice is procedurally improper and the Parties should not be permitted to ram the Stipulation through under the cover of their self-created urgency. This is especially important when the Stipulation is ambiguous and give little detail on who would be bringing such claims and the nature of the claims.

5. The Stipulation is ambiguous in two important respects. <u>First</u>, it is unclear whether the Oversight Board has consented to the grant of derivative standing to the UCC to pursue actions on behalf of all Debtors or just the Commonwealth. *Compare* Stipulation ¶¶ 2, 3 (discussing "causes of action of the Debtors" generally) *with* Stipulation ¶ 19 (stating that the "Parties contemplate that they will enter into one or more additional stipulations that will, subject to Court approval, similarly address the appointment [of] the Committee . . . to pursue additional claims or causes of action of ERS, HTA, and PREPA"). <u>Second</u>, the Stipulation does not provide any information regarding the claims that the Oversight Board is consenting to the UCC bringing in the Adversary Proceedings.

6. To the extent that the Stipulation includes claims of ERS, the Court should not grant the UCC derivative standing to bring claims on behalf of ERS because there is a conflict of interest between the UCC and the unsecured creditors of the ERS it purports to represent. As set forth in detail in the Motion to Vacate, none of the seven members of the UCC holds a direct claim against ERS; rather, nearly all of the members of the UCC are creditors of the Commonwealth. <u>See</u> Motion

---

[4] The Stipulation refers to "schedules of so identified claims or causes of actions and Potential Defendants," Stipulation ¶ 3, but these schedules are not attached to either the Urgent Stipulation Motion or the Stipulation itself.

to Vacate 6-7. Effectively, it is a UCC for the Commonwealth's unsecured creditors, and its members have no monetary incentive to maximize value for ERS.

7. Moreover, there is a sharp conflict of interest between the UCC, on one hand, and the creditors and the ERS, on the other, due to the pending litigation between the Commonwealth and ERS' secured creditors over the Commonwealth's siphoning of ERS assets to the Commonwealth through the Post-Petition Legislation (as defined in the Motion to Vacate). The Post-Petition Legislation purports to dissolve ERS, liquidate its assets for the benefit of the Commonwealth, and divert ERS' largest revenue stream to the Commonwealth—all for the benefit of the Commonwealth's creditors. Thus, the interests of ERS' creditors and the Commonwealth's creditors are at direct odds with each other, and the UCC cannot be expected to carry out its fiduciary duty to fairly, adequately and zealously represent all constituent creditors, including the ERS and Commonwealth creditors. A party's conflict of interest is grounds for denying granting derivative standing to bring the causes of action on behalf of the estate. See Robert F. Craig, P.C. v. Greenlight Capital Qualified, L.P., 469 B.R. 228, 234-35 (D.V.I. 2012) (affirming the bankruptcy court's denial of derivative standing because the appellant was not a creditor and had a conflict of interest against the estate).

8. Bankruptcy courts play a "vital gatekeeper role in determining whether derivative standing is appropriate in a given case." Scott v. Nat'l Century Fin. Enters. (In re Balt. Emergency Servs. II), 432 F.3d 557, 562 (4th Cir. 2005). This Court "must therefore ensure that a would-be derivative suit would not simply advance the interests of a particular plaintiff at the expense of other parties to the bankruptcy proceeding. The court's approval acts as a critical check upon creditor actions that might, for example, 'prejudice the estate and rival creditors[ ]' . . ." Id. at 562 (quoting Official Comm. Of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp., v. Chinery, 330 F.3d 548,568, 575 (3rd Cir 2003). Here, ERS should not be forced to relinquish control of *its*

claims to the Commonwealth's UCC when the Commonwealth is stealing ERS's assets. Thus, appointment of the UCC to pursue claims on behalf of ERS is improper.

## RESERVATION OF RIGHTS

9. The Bondholders reserve all rights and remedies with respect to the *Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [Docket No. 376], including but not limited to the right to challenge the standing of any plaintiff who brings a cause of action pursuant to the Stipulation.

## CONCLUSION

10. Based on the foregoing, the Bondholders respectfully request that the Court deny Urgent Stipulation Motion to the extent that it seeks derivative standing for the UCC to bring any causes of action on behalf of ERS.

In San Juan, Puerto Rico, today April 17, 2019.

By:

*/s/ Alicia I. Lavergne-Ramírez*  
  José C. Sánchez-Castro  
  USDC-PR 213312  
  jsanchez@sanpir.com

  Alicia I. Lavergne-Ramírez  
  USDC-PR 215112  
  alavergne@sanpir.com

  Maraliz Vázquez-Marrero  
  USDC-PR 225504  
  mvazquez@sanpir.com

SÁNCHEZ PIRILLO LLC  
270 Muñoz Rivera Avenue, Suite 1110  
San Juan, PR 00918  
Tel. (787) 522-6776  
Fax: (787) 522-6777

*/s/ Jason N. Zakia*  
  John K. Cunningham (*pro hac vice*)  
  Glenn M. Kurtz (*pro hac vice*)  
  WHITE & CASE LLP  
  1221 Avenue of the Americas  
  New York, NY 10036  
  Tel. (212) 819-8200  
  Fax (212) 354-8113  
  jcunningham@whitecase.com  
  gkurtz@whitecase.com

  Jason N. Zakia (*pro hac vice*)  
  Cheryl T. Sloane (*pro hac vice*)  
  WHITE & CASE LLP  
  200 S. Biscayne Blvd., Suite 4900  
  Miami, FL 33131  
  Tel. (305) 371-2700  
  Fax (305) 358-5744  
  jzakia@whitecase.com  
  csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* <br> Alfredo Fernández-Martínez <br> DELGADO & FERNÁNDEZ, LLC <br> PO Box 11750 <br> Fernández Juncos Station <br> San Juan, Puerto Rico 00910-1750 <br> Tel. (787) 274-1414 <br> Fax: (787) 764-8241 <br> afernandez@delgadofernandez.com <br> USDC-PR 210511 | */s/ Benjamin Rosenblum* <br> Bruce Bennett (*pro hac vice*) <br> JONES DAY <br> 555 South Flower Street <br> Fiftieth Floor <br> Los Angeles, California 90071 <br> Tel. (213) 489-3939 <br> Fax: (213) 243-2539 <br> bbennett@jonesday.com <br><br> Benjamin Rosenblum (*pro hac vice*) <br> James M. Gross (*pro hac vice*) <br> JONES DAY <br> 250 Vesey Street <br> New York, New York 10281 <br> Tel. (212) 326-3939 <br> Fax: (212) 755-7306 <br> brosenblum@jonesday.com <br> jgross@jonesday.com <br><br> Geoffrey S. Stewart (*pro hac vice*) <br> Beth Heifetz (*pro hac vice*) <br> Sparkle L. Sooknanan (*pro hac vice*) <br> JONES DAY <br> 51 Louisiana Ave. N.W. <br> Washington, DC 20001 <br> Tel. (202) 879-3939 <br> Fax: (202) 626-1700 <br> gstewart@jonesday.com <br> bheifetz@jonesday.com <br> ssooknanan@jonesday.com |

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd. and SV Credit, L.P.*

## CERTIFICATE OF SERVICE

      I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: April 17, 2019                        */s/ Alicia I. Lavergne-Ramírez*