UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>                    Debtors. | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

OBJECTION OF NATIONAL PUBLIC
FINANCE GUARANTEE CORPORATION TO URGENT MOTION FOR ENTRY OF
ORDER APPROVING STIPULATION AND AGREED ORDER BY AND AMONG
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS
COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>RELATED TO JOINT PROSECUTION OF DEBTOR CAUSES OF ACTION</u>

National Public Finance Guarantee Corporation ("**National**"), files this objection and reservation of rights (the "**Objection**") to the *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [ECF No. 6305] (the "**Motion**")[2]  In support of this Objection, National states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of  Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case  No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of  the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms in this Objection have the meaning given to them in the Motion or Stipulation, unless defined herein or context requires otherwise.

**Objection**

1. Notice of this Motion and the stipulation attached thereto (the "**Stipulation**") should not have been provided pursuant to an urgent motion—giving creditors a mere half-day to respond. As such, parties in interest have not been provided with an adequate opportunity to evaluate the request for relief in the Motion and Stipulation, which may significantly affect their legal rights.[3]

2. The Stipulation pertains to causes of action and parties identified on the "Schedule," but the Schedule has not been provided. Moreover, there is a reference in the Stipulation (paragraph 19) to additional stipulations to appoint the Committee as co-trustee and co-plaintiff to pursue additional claims or causes of action of ERS, HTA, and PREPA. No additional detail is provided. Without this transparency, parties in interest cannot fully evaluate the relief requested and must assume their rights will be prejudiced. Regardless, this morning, the Committee sought to be appointed as trustee for Commonwealth causes of action that the Oversight Board determines not to pursue [ECF No. 6325] (the "**Section 926 Motion**").

3. These causes of action are of significant importance to creditors for many reasons, including because the proceeds of the actions represent a potential source for their recovery and conversely, with respect to inter-debtor causes of action, may be a potential depletion of value available for recoveries. Accordingly, creditors have a keen interest in whether such causes of action should be brought and, if bringing the cause of action is appropriate, ensuring it is pursued by a plaintiff that is conflict-free and aligned with the interests of the creditors that

---

[3] It is also remarkable that the Oversight Board filed a stipulation with HTA creditors—not on an urgent basis—dealing with tolling of the statute of limitations on avoidance claims. During the course of those negotiations, the Oversight Board did not address the prospect of the Motion or Stipulation, which may impact HTA and its creditors. The Committee objected to the HTA tolling stipulation and the Oversight Board and Committee have continued to delay the conclusion of briefing on that matter, presumably so that they could get their standing Motion and Stipulation approved first, to the detriment of the HTA and its and other creditors.

2

would be the ultimate beneficiaries of such action.[4] Parties should not be forced to deal with such critical issues on a moment's notice.

4. The Oversight Board, not the Committee, is the appropriate party to evaluate and bring debtor causes of action against non-Debtors. The Stipulation would permit the Committee to override the Oversight Board's judgment with its own. Through the Section 926 Motion it filed this morning the Committee affirmatively seeks to supplant the FOMB's judgment with its own. The Court should not allow this to occur.

5. National has serious concerns over whether the Committee is the proper representative of the Commonwealth or any other Debtor in these causes of action. It is unclear what interests the Committee currently represents; *i.e.*, whether the Committee members currently hold outstanding, unpaid prepetition claims against the Commonwealth, HTA or PREPA and, even if they do hold such claims, that the parochial interests of certain members are not otherwise represented.

6. Neither the Oversight Board nor the Committee is the appropriate party to evaluate and bring debtor causes of action on behalf of or against other Debtors (e.g., HTA and PREPA) because they are hopelessly conflicted by virtue of the fact that they sit on both sides of the action and/or do not have a vested interest in vigorously pursuing such causes of action because their recoveries are not at stake.

---

[4] Parties in interest and the Court also need to consider the potential impact of the First Circuit's decision with respect to the Appointments Clause and whether this Stipulation or the Section 926 Motion would have an unintended consequence of appointments under section 926 of the Bankruptcy Code that may be viewed by those appointed as continuing even if the Oversight Board no longer has authority.

### Conclusion

7. For the reasons set forth herein, National respectfully requests that approval of the Stipulation be denied. In the alternative to denying the Motion and Stipulation, the Court should enter an order setting a briefing schedule and hearing, and providing for a limited tolling period of the statute of limitations for these matters to be fully considered and briefed. National further reserves all of its rights under PROMESA, the Bankruptcy Code, and other applicable law, including to assert additional arguments with respect to the Objection during oral argument on the Stipulation or any additional stipulation that similarly addresses appointment of members the Special Claims Committee and the Committee as co-plaintiffs or co-trustees to pursue additional claims or causes of action.

8. In addition to the arguments and reservation of rights above, National further reserves its rights to join Assured Guaranty Corp. and Assured Guaranty Municipal Corp. in its response and reservation of rights and to join any other objections, responses, or reservations of rights with respect to the Motion and Stipulation filed by any other creditors, stakeholders, or parties in interest.

**RESPECTFULLY SUBMITED**, in San Juan, Puerto Rico, this 17th day of April, 2019.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this Objection was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be notified via electronic mail to all case participants.

5

| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA PSC | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| /s/ *Eric Pérez-Ochoa* <br> ERIC PÉREZ-OCHOA <br> USDC-PR No. 206,314 <br> E-mail: epo@amgprlaw.com <br><br> /s/ *Luis A. Oliver-Fraticelli* <br> LUIS A. OLIVER-FRATICELLI <br> USDC-PR NO. 209,204 <br> E-mail: loliver@amgprlaw.com <br><br> 208 Ponce de León Ave., Suite 1600 <br> San Juan, PR 00936 <br> Tel.: (787) 756-9000 <br> Fax: (787) 756-9010 <br><br> *Counsel for National Public Finance Guarantee Corp.* | /s/ *Marcia Goldstein* <br> MARCIA GOLDSTEIN* <br> JONATHAN POLKES* <br> GREGORY SILBERT* <br> KELLY DIBLASI* <br> JARED FRIEDMANN* <br> GABRIEL MORGAN* <br><br> 767 Fifth Avenue <br> New York, New York 10153 <br> Tel.: (212) 310-8000 <br> Fax: (212) 310-8007 <br> Email: marcia.goldstein@weil.com <br> jonathan.polkes@weil.com <br> gregory.silbert@weil.com <br> kelly.diblasi@weil.com <br> jared.friedmann@weil.com <br> gabriel.morgan@weil.com <br><br> *admitted *pro hac vice* <br><br> *Counsel for National Public Finance Guarantee Corp.* |