UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | (Jointly Administered) |
| Debtors.[1] | |

---

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | **This filing relates only to Debtor ERS and shall be filed in the lead Case No. 17-BK-3283 (LTS) and Case No. 17-BK-3566 (LTS)** |
| Debtor. | |

---

**REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO OBJECTIONS TO MOTION UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, ESTABLISHING PROCEDURES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby replies to the *Puerto Rico Funds' Limited Objection and Reservation of Rights* [Docket No. 435] (the "Puerto Rico Funds' Objection") to the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Related Relief* [Docket No. 386] (the "Procedures Motion"). In response to the Puerto Rico Funds' Objection,[2] and in further support of the Procedures Motion, the Committee respectfully states as follows:

1. It is difficult to conceive of a more transparent litigation tactic than the one the Puerto Rico Funds employ in an attempt to delay the Court's consideration of the Committee's objection to more than $3 billion in ERS Bond Claims (the "Bond Claims Objection"), many of which the Puerto Rico Funds hold. The Puerto Rico Funds filed, on the same day as their objection, a separate motion to vacate the appointment of the Committee in ERS's Title III case [Docket No. 433 in Case No. 17-BK-3566 (LTS)] (the "Motion to Vacate") to prevent it from pursuing the Bonds Claims Objection. The Motion to Vacate is baseless, as the Committee will show in due course. What matters for present purposes, however, is that the Motion to Vacate is also procedurally improper. The Puerto Rico Funds cannot collaterally attack the Bonds Claims Objection, or the Procedures Motion, through the filing of an unrelated motion that must be decided on its own track in accordance with this Court's procedures. The Puerto Rico Funds are

---

[2] The Bank of New York Mellon, as fiscal agent for certain bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), also filed a "limited response" [Docket No. 434] to the Procedures Motion, advising the Court that it expects to send notices to bondholders advising them of any order approving the Procedures Motion. The Committee has no issue with the sending of such notices.

entitled to their day in Court on the Motion to Vacate, but they are not entitled to hold other aspects of this case hostage until then.

2. At bottom, the relief the Puerto Rico Funds seek is equivalent to a request for a preliminary injunction awarding the Puerto Rico Funds provisional relief on the Motion to Vacate—*i.e.*, they ask the Court, well in advance of any hearing on the merits of the Motion to Vacate, to effectively grant the relief they seek by rescinding the Committee's statutory powers and authority in ERS's title III case, including its ability to pursue the Bond Claims Objection. The Puerto Rico Funds, however, have not made a formal request for this extraordinary relief, nor have they followed appropriate procedures for doing so, which would require, among other things, the commencement of an adversary proceeding. *See* Fed. R. Bankr. P. 7001(7) (listing as adversary proceeding "a proceeding to obtain an injunction or other equitable relief").

3. Even if the Puerto Rico Funds had made a procedurally proper request for a preliminary injunction, they are not entitled to one. To obtain such an injunction, the Puerto Rico Funds would need to demonstrate, among other things, that they are likely to succeed on the merits of the Motion to Vacate. This showing they cannot make.[3] Although the Committee need not and will not respond to the Motion to Vacate at this time, a brief preview of some of the flaws in the Motion to Vacate serves to show just how meritless it is.

4. As an initial matter, it is questionable, to put it mildly, whether allegedly secured creditors such as the Puerto Rico Funds even have standing to challenge the validity of an official committee appointed to represent unsecured creditors. To the extent they do have such standing, their arguments on the merits are deeply flawed. For example:

---

[3] Neither can the Puerto Rico Funds satisfy any of the other requirements for injunctive relief, including that they would suffer irreparable harm absent such relief. The Puerto Rico Funds will not be harmed at all, much less irreparably, if the Court permits the initial steps contemplated by the Procedures Motion to proceed while the Motion to Vacate is pending.

(i) The Puerto Rico Funds' assertion that the "none of the creditors of the [Committee] is a direct creditor of ERS" is both factually flawed and legally irrelevant. One of the Committee's members, the Service Employees International Union, in fact represents ERS creditors, namely its union members who participated in the retirement system.[4] In any event, it is well-settled that an official committee appointed under the Bankruptcy Code represents all general unsecured creditors, including, potentially, creditors of multiple debtors, without regard to "whether or not a member of a particular group is included in its membership."[5]

(ii) Contrary to the Puerto Rico Funds' assertion, the Committee is the **only** official committee that has been appointed in ERS's title III case. Thus, the Committee, and the Committee alone, has the statutory responsibility and authority to represent the holders of unsecured claims against ERS.

(iii) Despite what the Motion to Vacate suggests, conflicts of interests between unsecured creditors on official committees, including between those who hold claims against different debtors, are routine in complex bankruptcy cases and almost never require modification of a committee, let alone an order vacating its appointment.[6]

---

[4] Whether Committee members have filed proofs of claim against ERS on behalf of employees is of no moment because this Court's bar date order specifically exempts employees from filing claims.

[5] *In re Residential Capital, LLC*, 480 B.R. 550, 559 (Bankr. S.D.N.Y. 2012) ("It is well settled that statutory unsecured creditors committees owe a fiduciary duty to the entire class of creditors represented by such committee and are required to place the collective interest of the class they represent above their own personal stake in the bankruptcy case.").

[6] Regardless, as far as the Bond Claims Objection is concerned, no conflict exists between the unsecured creditors of ERS and those of other Debtors. The ERS non-bondholder unsecured creditors will benefit greatly from an order granting the objection, while no unsecured creditors of other Debtors will be harmed.

5.For these reasons and others the Committee will raise in its eventual objection to the Motion to Vacate, the Motion to Vacate lacks merit and should be denied. The Court need not, however, make that decision now, because now is not the time to consider the Motion to Vacate. The only matter properly before the Court is the Procedures Motion, and the Puerto Rico Funds have provided no reason why it should be denied.

6.Indeed, the Puerto Rico Funds are the **only** party that has filed an objection to the Procedures Motion, limited or otherwise, and even the Puerto Rico Funds do not take issue with the substance of the Procedures Motion. Because no party opposes the relief the Committee seeks, the Procedures Motion should be granted.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Committee respectfully requests that the Court grant the relief requested in the Procedures Motion and any other relief as is just and proper.

Dated: April 17, 2019

/s/ Luc A. Despins ,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

/s/ Juan J. Casillas Ayala ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*