UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY OF PUERTO RICO SALES TAX FINANCING
CORPORATION TO OBJECTION IN SUPPORT OF THE THIRTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE CLAIMS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 2
PROCEDURAL HISTORY ....................................................................................................... 3
ARGUMENT ............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Healthcare Corp. v. Beiersdorf, Inc.*,
No. Civ. 05-1735(DRD), 2006 WL 753001 (D.P.R. Mar. 23, 2006) ...................................... 7

*Baroda Hill Inv., Inc. v. Telegroup, Inc. (In re Telegroup, Inc.)*,
281 F.3d 133 (3d Cir. 2001) .................................................................................................. 8

*Barraford v. T & N Ltd.*,
778 F.3d 258 (1st Cir. 2015) ................................................................................................. 9

*Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.*,
784 F.3d 37 (1st Cir. 2015) ................................................................................................. 11

*In re Enron Corp.*,
341 B.R. 141 (S.D.N.Y. 2006) .............................................................................................. 8

*In re Public Serv. Co.*,
129 B.R. 3 (Bankr. D.N.H. 1991) ......................................................................................... 8

*In re SeaQuest Diving, L.P.*,
579 F.3d 411 (5th Cir. 2009) ................................................................................................ 8

*Mercy Hosp. of Watertown v. New York State Dep't. of Social Services*,
171 B.R. 490 (N.D.N.Y. 1994) ............................................................................................. 7

**STATUTES**

11 U.S.C. § 101(5)(A) .................................................................................................................. 7

11 U.S.C. § 510(b) ................................................................................................................. 3, 8

48 U.S.C. §§ 2101-2241 ............................................................................................................... 1

Bankruptcy Code § 944 ............................................................................................................... 9

PROMESA § 301(a) .................................................................................................................... 9

PROMESA § 315(b) .................................................................................................................... 1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 60 ....................................................................................................................... 11

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4585] (the "Response"), the *Supplement to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan Scheduled for Hearing January 16, 2019, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4595] (the "Supplement"), the *Second Supplement to Objection, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plan Scheduled for Hearing January 16, 2019, and Response and Opposition to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 4673] (the "Second Supplement"), the *Further Response and Opposition, of Individual COFINA Subordinate Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701, and in Further Opposition to Confirmation of Puerto Rico Sales Tax Financing Corporation ("COFINA") Plain* [ECF No. 5041] (the "Third Supplement"), and *Supplement to Response and Opposition, of Individual COFINA Subordinate*

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Bondholder Residing in the 50 States Who Purchased at the Original Offering Prices, to COFINA's Thirteenth Omnibus Objection to Individual Claim No. 10701* [ECF No. 6283] (the "April Supplement"), all filed by Peter C. Hein ("Hein"), and, in support of the Reply, respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Hein has filed five pleadings that purport to respond to COFINA's Thirteenth Omnibus Objection. None of those pleadings, however, dispute the fact that Hein's Claim asserts liabilities arising from bonds bearing specific CUSIP numbers, and the trustee's Master Proof of Claim asserts liabilities arising from the same bonds bearing the same specific CUSIP numbers.

2. Instead, Hein summarily states that his Claim cannot be duplicative of the trustee's Master Proof of Claim because the Master Proof of Claim does not assert the same legal theories or objections to confirmation asserted by Hein. This argument fundamentally misapprehends the nature of the Thirteenth Omnibus Objection. Hein's apparent belief to the contrary notwithstanding, the objection does not seek to alter the rights Hein enjoys as a creditor to COFINA. Rather, the objection seeks to ensure—for the benefit of all COFINA creditors—that Hein does not receive a double recovery through the Plan on account of *both* his individual Claim *and* the Master Proof of Claim, which was filed on behalf of all COFINA bondholders, including Hein. Furthermore, to the extent Hein sought to assert additional liabilities beyond those associated with the COFINA bonds Hein purports to own, those claims would be subordinated pursuant to 11 U.S.C. § 510(b).

3. In the main, Hein's pleadings instead address the range of statutory and constitutional challenges Hein asserted in objecting to confirmation of COFINA's Plan of Adjustment. Even if those arguments were relevant to the Court's determination of the

2

Thirteenth Omnibus Objection—and they are not—each of the challenges asserted by Hein prior to confirmation were already considered and rejected by the Court when it confirmed the COFINA Plan. And although Hein further raises a number of post-confirmation objections in the April Supplement, each of those objections are equally irrelevant because they simply assert additional reasons why, in Hein's view, the Plan should not have been confirmed. Notwithstanding Hein's numerous filings, the Thirteenth Omnibus Objection should be granted as to the Claim.

## PROCEDURAL HISTORY

4. Hein filed his proof of claim against COFINA on May 4, 2018, and it was logged by Prime Clerk as Proof of Claim No. 10701 (the "Claim"). In the Claim, Hein included an attachment in which he purported to assert and reserve "all rights and claims under applicable law," as well as "all rights and claims asserted in these proceedings by other holders of the type of bonds purchased and held by [Hein]."

5. The Oversight Board filed the *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4658] on January 9, 2019, and filed a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Debts of Puerto Rico Sales Tax Financing Corporation* [ECF No. 4366] (the "Disclosure Statement") on November 26, 2018. Hein did not interpose an objection to the Disclosure Statement. On November 29, 2018, the Court issued an order approving the Disclosure Statement [ECF No. 4382].

6. On December 4, 2018, the Oversight Board filed the *Puerto Rico Sales Tax Financing Corporation's Thirteenth Omnibus Objection (Non-Substantive) to Duplicate Bond Claims* [ECF No. 4417] (the "Thirteenth Omnibus Objection"), seeking to disallow in their entirety five hundred (500) duplicate proofs of claim (the "Duplicate Claims"), including the

3

Claim. *See* Thirteenth Omnibus Objection, Exhibit A, Line 413. As set forth in the Thirteenth Omnibus Objection, each of the Duplicate Claims asserted liability associated with one or more bonds issued prepetition by COFINA that were duplicative of a master proof of claim (each, a "Master Proof of Claim," and together, the "Master Proofs of Claim"), which were filed in COFINA's Title III Case by the Bank of New York Mellon ("BNYM"), as trustee of the prepetition bonds issued by COFINA.

7. On December 28, 2018, Hein filed the Response, which purports to both object to confirmation of the Plan and respond to the Thirteenth Omnibus Objection. Thirty-five pages of the Response address Hein's objections to confirmation of the Plan. In the two paragraphs of the Response that address the Thirteenth Omnibus Objection, Hein summarily asserts that the Claim is not duplicative because the BNYM has not "submitted and asserted all of the claims made by me in claim No. 10701, which included all rights and claims under applicable law, including but not limited to the United States Constitution and the Puerto Rico Constitution, relating to the failure of the issuer, as well as the Puerto Rican and administrative, legislative, executive and judicial authorities to adhere to, and enforce the rule of law . . . . Furthermore, . . . the Trustee has not [] asserted all of the claims, responses, and objections to confirmation . . . that are described in Sections I through IV above." Response at 35-36.

8. On December 31, 2019, Hein filed the Supplement. Although the Supplement is styled as a "Response and Opposition" to the Thirteenth Omnibus Objection, it does not substantively address the Thirteenth Omnibus Objection. Rather, it provides additional argument regarding Hein's statutory and constitutional objections to confirmation of the Plan.

9. On January 8, 2019, Hein filed the Second Supplement. Although the Second Supplement is also styled as a "Response and Opposition" to the Thirteenth Omnibus Objection,

4

again, it also does not substantively address the Thirteenth Omnibus Objection. This time, the Second Supplement comments upon other filings related to confirmation of the Plan.

10. On January 31, 2019, Hein filed the Third Supplement. The Third Supplement repeats, verbatim, the assertions made in the Response that the Claim is not duplicative because the BNYM has not "submitted and asserted all of the claims made by me in claim No. 10701, which included all rights and claims under applicable law, including but not limited to the United States Constitution and the Puerto Rico Constitution, relating to the failure of the issuer, as well as the Puerto Rican and administrative, legislative, executive and judicial authorities to adhere to, and enforce the rule of law . . . . Furthermore, . . . the Trustee has not [] asserted all of the claims, responses, and objections to confirmation . . . that are described in Section I through IV above." Third Supplement at 1-2. The Third Supplement also raises additional objections to confirmation of the Plan. Third Supplement at 2-4.

11. The Plan was confirmed by the Court on February 4, 2019. *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Tax Financing Corporation* [ECF No. 5048]. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5047] (the "Amended Confirmation Order") and an *Amended Memorandum of Findings of Fact and Conclusions of Law in Connection with Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5053] (the "Amended Confirmation Memorandum"). The Amended Confirmation Memorandum specifically addressed, and overruled, the arguments regarding Plan confirmation made by Hein in the Response, the Supplement, the Second

5

Supplement, and the Third Supplement. Amended Confirmation Memorandum at 43-44 n.13, 51-53.

12. Hein has filed a Notice of Appeal of the Court's entry of the Amended Confirmation Order, which was docketed as Case No. 19-1182. [ECF No. 5166.] COFINA, by and through the Oversight Board, moved to dismiss this appeal. Case No. 19-1182, *Appellees' Motion to Dismiss the Appeal As Equitably Moot* [Doc. No. 00117426005].

13. The Plan became effective on February 12, 2019, when the transactions contemplated therein were consummated. [ECF No. 5104.]

14. On April 15, 2019, Hein filed the April Supplement. The April Supplement asserts that (1) the Disclosure Statement was "incomplete and misleading" because it failed to disclose a Tax Exemption Implementation Agreement entered into by AAFAF, COFINA, the Oversight Board, and certain holders of COFINA bonds, *id.* at 1-2; (2) the purportedly "chaotic exchange process" of original COFINA bonds has resulted in "modest-sized holders in the 50 states receiv[ing] materially less in value" than anticipated in the Disclosure Statement, *id.* at 9-10; and (3) the fact that BNYM did not object to Plan confirmation "underscores" that BNYM "has not submitted and asserted all of the claims, and all of the responses and objections to confirmation, that were described in" the Claim, *id.* at 5.

**ARGUMENT**

15. It is undisputed that the Claim asserts liabilities associated with municipal bonds issued by COFINA that are duplicative of a Master Proof of Claim. The Claim asserts liabilities associated with bonds issued by COFINA bearing CUSIP numbers 74529JLH6 and 74529JMB8. *See* Claim, Exhibit A. Both of those CUSIP numbers appear on a Master Proof of Claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. Accordingly, the Claim does, in

6

fact, assert liabilities associated with the subordinate prepetition bonds issued by COFINA and is subsumed within the Master Proof of Claim. Only the Response, the Third Supplement, and the April Supplement even respond substantively to the arguments raised by the Thirteenth Omnibus Objection, and none of these pleadings contest these points.

16. As an initial matter, the April Supplement is procedurally defective because it was filed well past the deadline for responding to the objection. The Thirteenth Omnibus Objection states that a response is deemed timely "**only if** it is filed with the Court **and** served" by February 1, 2019, "unless otherwise extended, in writing." ECF No. 4417-4 at 3 (emphasis original). The April Supplement was served on or about April 10, 2019—over two months after the February 1, 2019 deadline for filing responses, and barely two weeks before the April 24, 2019 hearing at which COFINA's objection to the Claim will be heard. Because Hein neither requested nor received an extension of the time for filing a response, the April Supplement is untimely, and the Court need not consider it. *Am. Healthcare Corp. v. Beiersdorf, Inc.*, No. Civ. 05-1735(DRD), 2006 WL 753001, at *3 (D.P.R. Mar. 23, 2006).

17. In any event, the Response and the Third Supplement contend the Claim cannot be duplicative of the Master Proof of Claim because the Claim identifies additional causes of action, including claims arising from the United States and Puerto Rican Constitutions, which Hein believes he may hold against COFINA, as well as Puerto Rican and United States authorities. This misunderstands the nature of the Claim, which is simply an assertion of a "right to payment." 11 U.S.C. § 101(5)(A); *see also Mercy Hosp. of Watertown v. New York State Dep't. of Social Services*, 171 B.R. 490, 493-94 (N.D.N.Y. 1994) ("The Code defines the term 'claim' quite broadly to include any debt or claim to recovery."). By filing the Master Proof of Claim on behalf of all holders of COFINA bonds, including Hein, BNYM already preserved Hein's right to

7

payment against COFINA and his status as a creditor of COFINA. It is immaterial that Hein believed he had additional causes of action against COFINA and other entities beyond those asserted by BNYM, because as a creditor, he could continue to assert those claims even after his Claim were disallowed. Indeed, several of the individual bondholders who interposed objections to confirmation of the Plan did not file individual proofs of claim.

18. Even so, however, to the extent Hein purported to assert additional liabilities beyond those associated with his COFINA bonds, those claims were premised upon the purchase and sale of securities of COFINA, and, accordingly, subordinated pursuant to Bankruptcy Code Section 510(b). Bankruptcy Code Section 510(b) applies to claims "arising from" a securities transaction. 11 U.S.C. § 510(b). Courts have interpreted this language broadly to include a wide variety of causes of action arising out of securities transactions, and a claim need not flow directly from a securities transaction or arise contemporaneously with the purchase or sale of a security. Rather, a claim "arises from" a securities transaction if the transaction is part of the causal link leading to the injury. *See In re SeaQuest Diving, L.P.*, 579 F.3d 411 (5th Cir. 2009) (recognizing that the Second, Third, Tenth and Ninth Circuits adopt a broad interpretation of section 510(b)); *In re Enron Corp.*, 341 B.R. 141 (S.D.N.Y. 2006) (recognizing that "[i]n this Court's opinion, the broad applicability of section 510(b) is now quite settled"); *see*, *e.g.*, *Baroda Hill Inv., Inc. v. Telegroup, Inc. (In re Telegroup, Inc.)*, 281 F.3d 133 (3d Cir. 2001) (breach of agreement to register stock); *In re Public Serv. Co.*, 129 B.R. 3, 4-5 (Bankr. D.N.H. 1991) (holding that damages claims and defense costs related to litigation involving warrants subject to subordination pursuant to Bankruptcy Code section 510(b)). Because Hein sought damages arising from the issuance or purchase of bonds issued by COFINA, any additional claims he might have had were, accordingly, subordinated pursuant to Bankruptcy Code section 510(b).

8

19. Failing to disallow Hein's claim would, however, materially disadvantage other COFINA stakeholders. The Plan has already gone effective, and Hein has already received a distribution on account of the Master Proof of Claim filed on his behalf. If Hein's Claim is also allowed, he would receive an unwarranted second distribution to which he is not entitled.

20. The April Supplement likewise does not mandate denial of the Thirteenth Omnibus Objection, because it still does not rebut the fact that the COFINA bonds asserted in the Claim are covered by a Master Proof of Claim. Instead, the April Supplement raises a litany of additional complaints about the sufficiency of the Disclosure Statement and the implementation of the Plan. According to the April Supplement, the execution of a "Tax Exemption Implementation Agreement on or about February 12, 2019 "highlights the incomplete and misleading nature" of the Disclosure Statement (to which Hein did not object in the first place). April Supplement at 2. The Tax Exemption Implementation Agreement, according to Hein, further demonstrates that the distribution of bonds pursuant to the Plan would be "tilted" in favor of the "seniors who negotiated the Plan … to the detriment of the modest-sized subordinated holders in the 50 states." April Supplement at 4.

21. But to the extent Hein asserted damages associated with COFINA's purported failure to disclose the Tax Exemption Implementation Agreement, those claims would have been discharged at confirmation. Under Bankruptcy Code § 944 (incorporated into PROMESA by PROMESA § 301(a)), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd*., 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9). The Plan has been confirmed, and Hein has already received the recovery provided for pursuant to

9

the Plan. He cannot continue to assert a post-confirmation claim for liabilities allegedly incurred prior to discharge.

22. Further, the April Supplement contends that modest-sized holders were "victimized" by what Hein paints as a "chaotic forced exchange of their original COFINA subordinate bonds." *Id.* at 6-7. In support of this assertion, Hein purports to identify numerous flaws in the rounding and exchange procedures by which holders of COFINA bonds received their distributions pursuant to the Plan, and alleges that those flaws worked to the detriment of modest-sized holders of bonds. *Id.* at 6-10. According to Hein, BNYM's failure to raise these issues or to "object to Plan confirmation" further "underscores" that BNYM did not assert all the causes of action identified in the Claim. *Id.* at 6.

23. The Oversight Board has already addressed the concerns Hein raises in its statements at the March 13, 2019 omnibus hearing. As it explained, the completion of distributions pursuant to the Plan took time. The process required, among other things, the issuance of fractional bonds pursuant to which DTC and brokers worked to "generally maximize[] the recoveries to each of their beneficial holders . . . through a process called market action." Mar. 13, 2019 Hr'g. Trans., 22:4-6. By the time the process concluded, the holders—including Hein—had "received what they were entitled to receive pursuant to the Plan or within pennies of it based upon the trading that took place with the sale of the fractional shares going down slightly." *Id.* 23:23-24:2.

24. At best, then, the arguments raised in the April Supplement are objections to the sufficiency of the Disclosure Statement and the confirmation of the Plan—both of which the Court approved months ago. For the same reasons as outlined above, perceived flaws in the Disclosure Statement and the process by which holders received distributions under the Plan have no bearing

10

on the only issue properly before the Court with respect to the Thirteenth Omnibus Objection: whether the Claim asserts liabilities that are duplicative of a Master Proof of Claim. The proper vehicle for Hein to raise these issues, if any exists, is through a request for reconsideration pursuant to Fed. R. Civ. P. 60. *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.*, 784 F.3d 37, 41 (1st Cir. 2015) ("Rule 60(b) grants federal courts the power to vacate judgments . . .").

WHEREFORE COFINA respectfully requests that the Court grant the Thirteenth Omnibus Objection as to the Hein Claim and grant COFINA such other and further relief as is just.

Dated: April 17, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Chris Theodoridis (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, and all CM/ECF participants in the case.

*/s/ Hermann D. Bauer*___
Hermann D. Bauer