UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------x
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :
MANAGEMENT BOARD FOR PUERTO RICO,                   :   PROMESA
                                                    :   Title III
         as representative of                       :
                                                    :   Case No. 17-BK-3283 (LTS)
THE COMMONWEALTH OF PUERTO RICO et al.,             :
                                                    :   (Jointly Administered)
         Debtors.¹                                  :
-------------------------------------------------------------------x
```

**OMNIBUS REPLY OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION
AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT
PROSECUTION OF DEBTOR CAUSES OF ACTION**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (the

"Committee") hereby submits this omnibus reply (the "Reply") in response to the Objections[2]

and in support of the *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] The "Objections" are the objections, joinders, and/or reservation of rights filed by the Fee Examiner [Docket No. 6331], the Ad Hoc Group of General Obligation Bondholders (the "GO Group") [Docket No. 6333], certain ERS Bondholders (the "ERS Bondholders") [Docket No. 6334], National Public Finance Guarantee Corporation ("National") [Docket No. 6335], the Oppenheimer Funds ("Oppenheimer") [Docket No. 6336], Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty insurance Company, and Ambac Assurance Corporation (collectively, "Assured") [Docket No. 6337], the Ad Hoc Group of PREPA Bondholders (the "PREPA Bondholders") [Docket No. 6339], and the Lawful Constitutional Debt Coalition ("LCDC") [Docket No. 6348].

*Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6305] (the "<u>Motion</u>").[3] In support of this Reply, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Stipulation[4] provides for the settlement of most of the Parties' disputes with respect to the Committee's Procedures Motion [Docket No. 5997], preserves causes of action of potentially material value for the Commonwealth, and, therefore, is in the best interest of the Commonwealth and should be approved by this Court.

2. The Objections generally fall into five broad categories: (i) the Stipulation should not apply to causes of action of any Debtor other than the Commonwealth or to any inter-Debtor causes of action; (ii) there is a potential that the Parties will duplicate their efforts, leading to the incurrence of excessive professional fees; (iii) the Stipulation affects parties' rights with respect to future plans of adjustment and future settlements of causes of action; (iv) the Parties have not made the proper factual showing that the Committee should be granted standing, either as a trustee under section 926(a) of the Bankruptcy Code or derivatively, to pursue Commonwealth causes of action; and (v) further notice of the Motion and description of the causes of action are required before this Court may even consider the Motion.

3. As set forth below, objections (i) and (ii) have been resolved by revisions made to the Stipulation, including by making clear that the Stipulation *only covers Commonwealth causes of action against non-Debtors*. Objection (iii) should be overruled as there is no basis to

---

[3] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.

[4] The revised Stipulation is annexed hereto as **Exhibit A**. A blackline showing the changes made to the Stipulation filed with the Motion on April 16, 2019 is annexed hereto as **Exhibit B**.

2

contend that the Stipulation affects the rights of other parties with respect to future plans of adjustments or future settlements of causes of action.

4.      The Court should also overrule objection (iv), *i.e.*, that the Committee should not be granted standing, whether as a trustee or derivatively, because the Parties have not shown that the causes of action to be commenced are colorable. As explained more fully below, the grant of the co-plaintiff/co-trustee status at this stage is the only way to avoid potential forfeiture of valuable causes of action, and that satisfies the required showing under applicable law.

5.      As for objection (v), *i.e.*, the supposed lack of transparency regarding the causes of action to be commenced, the Committee will describe, at the hearing on the Motion, the types of claims covered by the Stipulation and why a claims-by-claims presentation is not necessary. Finally, any disappointment concerning the lack of notice is understandable but does not overcome the Commonwealth's needs under the exigent circumstances here. The statutes of limitations under sections 546(a) and 108(a) of the Bankruptcy Code will expire in a few weeks, and the Procedures Motion, filed on March 25, 2019, put all parties on notice that the Committee could seek appointment as trustee under section 926(a) of the Bankruptcy Code. The Parties cannot take the risk that the statutes of limitations will expire in order to provide further notice to parties already aware of the upcoming deadlines and the relief that the Committee would seek.

6.      For all these reasons, the Court should approve the Motion and enter the Stipulation.

## ARGUMENT

### I. The Stipulation Only Applies to Commonwealth Causes of Action Against Non-Debtors

7. The Parties revised the Stipulation to clarify that it applies only to Commonwealth causes of action against non-Debtors.[5] Stipulation at ¶ 2 n.4. Accordingly, to the extent that the Objections of the ERS Bondholders, National, Assured, and the PREPA Bondholders are premised upon the Committee being appointed to pursue causes of action belonging to ERS, HTA and PREPA or between or among such entities and the Commonwealth, such Objections are now resolved (at least for the time being).

### II. The Parties Will Act in a Cost-Conscious Manner, and All Rights are Reserved to Object to Fees and Expenses

8. The Fee Examiner, the GO Group, and Oppenheimer (which joined in the GO Group's objection) express concerns regarding the potential duplication of efforts by the Parties and the unnecessary professional fees resulting from such duplication. To assuage such concerns, the Parties agreed to include in the Stipulation, the following provision: "All co-plaintiffs or co-trustees to any Co-Plaintiff Adversary Proceeding agree to avoid any unnecessary or unreasonable duplication of effort with respect to any incurrence of fees in connection with an adversary proceeding commenced under this Stipulation." Stipulation ¶ 7.

9. In addition, there is limited risk of any such duplication, at least with respect to the filing of any action, because the Committee is entitled to only four business days to review any complaint prepared by the Oversight Board and Special Claims Committee. Stipulation ¶ 9. Further, with respect to the garden-variety avoidance actions (which will be the bulk of the Adversary Proceedings), the Committee will, at the suggestion of Paul Hastings LLP, use its

---

[5] Nothing is intended herein or in the Stipulation to prevent the Committee from seeking standing to pursue such excluded causes of action.

local counsel to represent the Committee in its role as co-plaintiff/co-trustee, thereby drastically reducing fees.

10. Finally, no party, including the Fee Examiner, will be prevented from objecting to the Parties' professionals' fees and expenses to the extent the Parties duplicate services or otherwise incur unnecessary fees and expenses.

### III. All Parties' Rights With Respect to Future Plans of Adjustments and Future Settlements of Causes of Action Are Preserved

11. LCDC expresses concerns that the Stipulation may affect the rights of creditors to establish a litigation trust or resolve causes of action under a plan of adjustment. LCDC Obj. at 2-3. Similarly, the GO Group contends that the provisions of the Stipulation granting the Committee the right to object to any settlement proposed by the Oversight Board or Special Claims Committee may "give rise to a negative implication that the rights of other parties in interest are not so preserved." GO Group Obj. at 8. Neither the LCDC's nor the GO Group's concerns are justified. The purpose of the Stipulation is to preserve valuable causes of action, not to dictate their ultimate disposition, whether under a plan of adjustment or a Bankruptcy Rule 9019 settlement. All parties' rights are preserved.

### IV. Entry of the Stipulation Is in the Best Interests of the Commonwealth and Its Creditors

12. The GO Group and Assured contend that this Court may not enter the Stipulation because the Parties have not demonstrated that allowing the Committee to serve as co-plaintiff/co-trustee is in the best interests of the Debtors because the causes of action to be pursued are not identified. GO Group Obj. at 1-3; Assured Obj. at 3. These arguments lack merit.

13. First, neither the Oversight Board nor the Special Claims Committee is required to obtain Court approval before commencing any cause of action—and the presence of a co-plaintiff/co-trustee does not alter that fact. Moreover, it appears that the co-plaintiff/co-trustee structure is exactly what the Court may have contemplated when it instructed the parties in the Procedures Order [Docket No. 6086] to "meet and confer regarding . . . anticipated allocation of litigation responsibilities."

14. Second, the scope of any additional claims that the Committee may assert under paragraph 13 of the Stipulation as a sole trustee/plaintiff is quite limited. For one, such additional claims may only be brought against a defendant who is already being sued by the Oversight Board or the Special Claims Committee. Moreover, paragraph 13 of the Stipulation requires that the Parties meet and confer to resolve any disagreement as to whether the Committee should pursue such additional claims alone, together with the Oversight Board or the Special Claims Committee, or not at all. If no agreement can be reached in this regard, the Oversight Board or Special Claims Committee may object to the Committee's prosecution of such additional claims, and it will ultimately be the Court's decision as to whether such additional claims are beneficial to the Commonwealth and its creditors and should be pursued. Given the shortness of time before the expiration of the statutes of limitations, this is the only structure that will ensure that valuable claims are not lost while at the same time protecting the Commonwealth and its creditors against the assertion of meritless claims.

### Aurelius' Appointments Clause Challenge Provides Ample Basis for the Co-Plaintiff/Co-Trustee Structure in the Stipulation

15. It certainly is rich for the GO Group to question the justification for granting the Committee standing as a trustee or derivatively. The GO Group members have questioned the Oversight Board's authority to act in light of the First Circuit's decision in *Aurelius Inv., LLC v.*

6

*Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019).[6] Specifically, they have asserted that, even if the *de facto* officer doctrine shields acts of the Oversight Board taken prior to the First Circuit's decision in *Aurelius*, all subsequent acts are without legal or apparent authority, and are null and void.[7] Thus, under that theory, the filing of a complaint by the Oversight Board, acting alone, would be a nullity, and thus, causes of action could lapse after the expiration of the statutes of limitation.

16. In light of the pending challenge to the authority of the Oversight Board and the validity of its actions subsequent to the First Circuit decision,[8] the prudent course is for the Court to appoint the Committee as co-plaintiff/co-trustee and grant it derivative standing to commence the Causes of Action prior to the expiration of the statutes of limitation.

17. Furthermore, in a very real sense, Aurelius' challenge to the Oversight Board's authority serves as the basis for making the findings, for purposes of section 926 and granting derivative standing, that the Oversight Board "refused" to assert a claim. According to Aurelius' view of the world, the Oversight Board does not have the authority to assert any claims. However, such a lack of authority would have, for all practical purposes, the same effect as a refusal to assert a claim, *i.e.*, the claim is not pursued. In any event, the Committee could have brought a motion to pursue all of the Commonwealth's causes of action as the sole

---

[6] *See Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of the Funds and Entities it Manages or Advises, and Not in its Individual Capacity* ("Aurelius Reservation of Rights") [Docket No. 5977]; *Joinder by Autonomy Capital to Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of its* Managed *Entities, Assured Guaranty Corporation, and Assured Guaranty Municipal Corporation* [Docket No. 5987].

[7] Aurelius Reservation of Rights ¶ 3 ("[A]ll parties now have been put on notice that every action taken by the unconstitutionally appointed Board members after the First Circuit's February 15th decision is without authority, void, and subject to invalidation.").

[8] There is no doubt that the *de facto* doctrine applies to acts before the decision. *See Aurelius*, 915 F.3d at 862 ("[T]he Board Members' titles to office were never in question until our resolution of this appeal."). Thus, the *de facto* officer issues will not result in the Oversight Board's commencement of the Title III cases (and, with it, the appointment of the Committee), being invalidated.

7

plaintiff/trustee (which motion would, of course, have been opposed by the Oversight Board), and the Court could have, upon a proper showing by the Committee, granted such a request. The Stipulation is simply the settlement of such a motion, providing the Committee with the lesser included relief, namely the status of a co-plaintiff/co-trustee.

18. In the end, the GO Group's motivation is transparent. They are targets of potential litigation and are attempting to impede any lawsuit by contending that neither the Oversight Board nor the Committee can proceed, with the obvious hope that the statute of limitations will expire without any lawsuit having been brought. This gamesmanship should not be countenanced.

**V.     Further Notice Is Not Required**

19. The GO Group and Assured contend that this Court should not grant the Motion because sufficient notice was not provided to creditors and other parties in interest. GO Group Obj. at 5-7; Assured Obj. at 6. The GO Group also contends that the fact that the statute of limitations will expire shortly does not allow this Court to circumvent creditors' due process rights. GO Group. Obj. at 5. The Committee obviously is not pleased at having to move on such short notice and fully understands the concerns of these creditors. However, under the circumstances, there is no alternative.

20. First, as set forth above, the Oversight Board is not required to obtain prior Court approval to pursue causes of action. The Committee will serve as co-plaintiff/co-trustee with respect to such actions, and the only additional claims it can bring under the Stipulation are against defendants already subject to suit. The Oversight Board and Special Claims Committee can object to such additional claims, and, ultimately, the Court must decide whether such claims should proceed.

8

21. Second, all parties in interest have been on notice that the Committee could seek appointment as trustee under section 926 of the Bankruptcy Code, and that the statute of limitations are set to expire. As noted above, the Committee will provide, at the hearing on the Motion, further information concerning the causes of action covered by the Stipulation, but given the exigencies, it is imperative that the Court permit the causes of action to be commenced prior to the expiration of the statutes of limitations and ensure that any attack on the legitimacy of the Oversight Board action, if successful, does not deprive the Commonwealth of valuable claims. The ability of the Oversight Board and Special Claims Committee to question whether additional claims brought by the Committee are beneficial to the Commonwealth and its creditors is a sufficient safeguard to protect the Commonwealth. Moreover, the Court's powers with respect to the management of its own proceedings and the compensation of professionals provide additional assurances to creditors that their interests will be protected.

22. Thus, to protect valuable causes of action from evaporating, this Court should enter the Stipulation.

## **NOTICE**

23. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) AAFAF; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (viii) all parties that filed Objections to the Motion and (ix) all parties that have filed a notice of appearance in the above-captioned Title III cases.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that this Court grant the Motion, enter the Stipulation, and grant such other and further relief as this Court deems just and proper.

Dated: April 18, 2019

/s/ Luc A. Despins
PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*