## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------X

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO,
ET AL.,

    Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------X

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO,

    Debtor.

PROMESA
Title III

No. 17 BK 3566-LTS

---------------------------------------------------------X

**DECLARATION OF MOHAMMAD YASSIN MAHMUD IN SUPPORT OF ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE BY AAFAF AND IN OPPOSITION TO MOTION OF CERTAIN CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO TO COMPEL PRODUCTION OF DOCUMENTS IN PRIVILEGE LOG CATEGORIES 1 TO 4 [ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT, COMMON INTEREST] AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN PRIVILEGE LOG CATEGORIES 1, 5 TO 7 [DELIBERATIVE PROCESS PRIVILEGE AND EXECUTIVE PRIVILEGE]**

---

[1] The Debtors in these cases and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 3481), and (ii) Employment Retirement System for the Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 9686).

I, Mohammad Yassin Mahmud, declare as follows:

1. I am Director of Fiscal Agency of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"). At AAFAF, I previously served as Chief Legal and Regulatory Officer from April 2017 until approximately August 2018, and Director of Federal Affairs from January 2017 to April 2017. I am a member in good standing of the Bar of New York and the Bar of the Commonwealth of Puerto Rico.

2. As Chief Legal and Regulatory Officer, I was responsible for providing advice regarding draft legislation and proposed changes to laws affecting the fiscal affairs and debt restructuring for the Commonwealth of Puerto Rico (the "Commonwealth") and its public corporations and instrumentalities. I was also responsible for providing advice to the Commonwealth and its public corporations and instrumentalities regarding implementation of and compliance with laws affecting fiscal affairs and debt restructuring. I am the AAFAF official with the most familiarity with the subject matter of the withheld documents.

3. I submit this declaration in support of AAFAF's assertion of the deliberative process privilege over documents that AAFAF withheld, in part, on those grounds and identified in the April 14, 2019 privilege log and in the March 15, 2019 privilege log. I also submit this declaration in opposition to Movants' Motion to Compel Production of Documents in Privilege Log Categories 1-4. I have reviewed the documents and have personal knowledge of the matters stated herein, and, if called and sworn as a witness, could testify competently thereto. I am authorized by the Chief Executive Officer of AAFAF to state that I have authority to assert the deliberative process privilege.

4. Based on my review of the documents listed in the April 14, 2019 and March 15, 2019 privilege logs, I hereby assert, on behalf of AAFAF, that the documents are protected by the

deliberative process privilege. In reviewing the documents, I considered whether they contain communications that are part of AAFAF's decision-making process and thus, should be protected by the deliberative process privilege. Based on my position, responsibilities, personal knowledge and experience, I have concluded that the withheld documents contain pre-decisional and deliberative communications that are part of the process through which AAFAF formulates decisions and policies and makes recommendations to the Commonwealth and ERS. Specifically, the documents contain and/or reflect AAFAF's pre-decisional deliberations regarding pension reform proposals and legislation, including the March 13, 2017 Fiscal Plan and subsequent revisions, the passing of Joint Resolution 188, and the enactment of Act 106-2017. There was substantial independent deliberation and decision-making by AAFAF regarding Joint Resolution 188 and Act 106, including after the certification of the March 13, 2017 Fiscal Plan. The deliberations continued after the Governor signed Joint Resolution 188 on June 25, 2017, and lasted through the enactment of Act 106 on August 23, 2017.

5. The withheld documents are listed in the April 14, 2019 privilege log and further described below:

a. Entries 1, 5, 7-17, 20, 22, 85, and 87: Presentations regarding pension reform efforts prepared in connection with Joint Resolution 188 and Act 106, the Commonwealth Fiscal Plan, or revisions to the Commonwealth Fiscal Plan.

b. Entries 2–4, 6, 18–19, and 24: Confidential preliminary draft of Commonwealth Fiscal Plan and letters and analysis regarding Fiscal Plan prepared in anticipation of the certification of Commonwealth Fiscal Plan.

    c. Privilege log entry 21: Presentation by legal counsel discussing overview of strategic considerations regarding pension reform.

    d. Entries 25–26, 49, 54–60, and 65–66: Analysis regarding pension system reform prepared in connection with Joint Resolution 188 and Act 106.

    e. Entries 32–34, 46, and 51: Analysis regarding pension system reform and other economic issues in Puerto Rico prepared in connection with revisions to the Commonwealth Fiscal Plan.

    f. Entries 29, 38–45, and 123: Confidential pre-decisional email correspondence regarding pension reform legislation.

    g. Entry 31: Draft executive order prepared for discussion and input in connection with executive order regarding pension reform efforts.

    h. Privilege log entries 50, 52–53, 61–64, 67–76, 78–83, 90–104, 106, and 108–118: Confidential, pre-decisional, deliberative drafts of Act 106 or Joint Resolution 188 reflecting comments and opinions of AAFAF officials.

    i. Privilege log entries 88–89: Confidential, pre-decisional, deliberative preliminary draft of memorandum of understanding between the central government, Secretary of Treasury, ERS, and AAFAF regarding calculation of retirement benefits.

6. The withheld documents are listed in the March 15, 2019 privilege log and further described below:

    a. Entry 1: Confidential internal legal analysis by AAFAF in-house counsel conveying advice and impressions on pre-decisional and deliberative proposal regarding Act 447-1951 and pension reform for ERS, the Puerto

3

Rico Teachers Retirement System ("TRS"), and the Puerto Rico Judiciary Retirement System ("JRS).

b. Entries 2–9: Confidential internal legal analysis by AAFAF in-house counsel conveying legal advice and impressions, and commenting on pre-decisional and deliberative pension reform proposals for ERS, TRS, and JRS.

c. Entries 10 and 11: Confidential internal legal analysis by AAFAF in-house counsel conveying legal advice and impressions on pre-decisional and deliberative proposal regarding Senate Bill 603 and pension reform for ERS, TRS, and JRS.

7. AAFAF considers the documents withheld on deliberative process privilege grounds to be confidential, because they contain or reflect AAFAF's internal, pre-decisional communications and deliberations regarding changes to the government pension systems that affect Puerto Rico's fiscal affairs and debt restructuring. These documents also reflect AAFAF's process of forming recommendations to other government decision makers. Any factual information in these documents was prepared to facilitate deliberations and inform a final decision regarding pension reform legislation and the Commonwealth's debt restructuring. Such facts are intertwined with the deliberative material.

8. In particular, AAFAF and its consultants worked collaboratively to revise the Commonwealth Fiscal Plan submissions. For example, AAFAF was principally responsible for developing government reform proposals; DevTech was principally responsible for developing the macroeconomic model; Conway was principally responsible for developing the baseline projections, with input from Treasury, OMB, and select public corporations; Rothschild and Bank of America Merrill Lynch assisted AAFAF in developing the Debt Sustainability Analysis;

4

Milliman provided analysis on pension and health-care-related issues; and Ankura led the preparation of the fiscal plan and served a project management and implementation function, coordinating the various work streams, and also participated in the preparation of projections and analysis estimating the impact of various reforms proposed in the 2018 Commonwealth Fiscal Plan Submissions.

9. This process required extensive discussions, planning, and analysis between and among members of the Oversight Board, the Commonwealth, AAFAF, and their respective consultants, all contributing to the shared goal of achieving a certifiable Commonwealth fiscal plan. And it required full, frank, and open exchanges of ideas and confidential communications related to public policy decisions, including budget priorities, pension matters, and legislative priorities. The work and expertise of these advisors and the other advisors who are listed in the April 14, 2019 privilege log and in the accompanying appendix, which is attached hereto as Exhibit A, was necessary to assist with the legal work of AAFAF's lawyers related to the fiscal plan, pension reform and debt restructuring for ERS and the Commonwealth.

10. It is essential for AAFAF to have the ability to have such frank and confidential discussions, both internally and with others in the government, concerning changes to laws affecting Puerto Rico's fiscal affairs and ongoing debt restructuring. If AAFAF is required to disclose in litigation documents such as those withheld here on deliberative process privilege grounds, it would harm AAFAF's ability to have confidential discussions related to ongoing restructuring efforts for ERS, the Commonwealth and other government entities, without the fear of disclosure. Disclosure would chill full and frank deliberations between and among AAFAF, its consultants, the Commonwealth, ERS, and the Oversight Board. This would harm AAFAF's ability to discharge its statutory duties as the fiscal agent for ERS, the Commonwealth and other

5

covered entities, including the ongoing financial restructuring work that AAFAF is conducting. Disclosure would also impair AAFAF's ability to provide advice on public policy decisions and to make recommendations to other government decision-makers. This would in turn harm AAFAF's ability to shape and implement public policy for the people of Puerto Rico.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Miami, Florida on April 18, 2019.

_____
Mohammad Yassin Mahmud