# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re:* <br><br> THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, <br><br>     as representative of <br><br> THE COMMONWEALTH OF PUERTO RICO, *et al.*, <br><br>                  Debtors.[1] | PROMESA <br> Title III <br><br> Case No. 17-03283 (LTS) <br><br> (Jointly Administered) |

## OBJECTION OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING COMMITTEE TO PURSUE CERTAIN CAUSES OF ACTION ON BEHALF OF COMMONWEALTH AND GRANTING RELATED RELIEF

National Public Finance Guarantee Corporation ("**National**") files this objection and reservation of rights (the "**Objection**") to the *Motion of Official Committee of Unsecured Creditors for Order Authorizing Committee to Pursue Certain Causes of Action on Behalf of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Commonwealth and Granting Related Relief* [ECF No. 6325] (the "**Motion**")[2]. In support of this Objection, National states as follows:

### PRELIMINARY STATEMENT

1. The Committee has filed a sweeping and overbroad motion requesting relief that would give the Committee unfettered authority over claims and causes of action. The lack of transparency in the Motion leaves parties in interest without a full understating of the scope of the requested relief. It is difficult to fully evaluate the legal ramifications of the Motion because National simply does not have any visibility into what avoidance actions or other undefined "causes of actions" the Committee plans to pursue. National has no way to know how the Motion will affect its recoveries or legal rights. Indeed, granting the requested relief may have a significant impact on the Commonwealth's ability to reach a global settlement with its creditors—presumably, the Oversight Board has or will exercise its judgment in determining that the Causes of Action should not be pursued, which is a decision that ultimately impacts settlements embodied in a proposed plan. Granting the relief requested in the Motion would permit the Committee to second guess that judgment and give the Committee undue leverage in plan negotiations with other creditors and the Oversight Board.

2. The Motion is deficient on its face. The Committee has failed to meet its burden of showing that its request complies with the legal standard for appointment of a trustee under section 926 of the Bankruptcy Code or granting standing to bring derivative actions; there is no evidence to demonstrate that the Debtor has unjustifiably refused to pursue the claims the Committee seeks to pursue—whatever those may be. Accordingly, the Motion must be denied.

---

[2] Capitalized terms in this Objection have the meaning given to them in the Motion, unless defined herein or context requires otherwise.

2

# **OBJECTION**

### A. Relief Requested Is Overbroad

3. The Committee argues that the Oversight Board has "decided to allow valuable Causes of Action to evaporate." Mot. ¶ 85. This is a red herring. "Causes of Action," as defined in the Motion, are not only limited to Avoidance Actions but also include "related Commonwealth causes of action," including claims for fraudulent transfer, fraud, breach of fiduciary duty, deepening insolvency, and/or negligence. Mot. ¶¶ 4, 9, 10. The Motion notes the imminent expiration of the statute of limitations for Avoidance Actions, yet seeks relief to pursue both Avoidance Actions *and* related causes of action.[3] The Motion does not address the statute of limitations for the related causes of action—many of which are longer than two years. The Committee is attempting to use the looming deadline on Avoidance Actions to usurp a broad range of Commonwealth claims. The Court should not consider the relief requested in the Motion with respect to any claim other than Avoidance Actions.

### B. Committee's Request Is Legally Deficient

4. The Committee has requested to be appointed as trustee under section 926 of the Bankruptcy Code and otherwise be granted derivative standing to "continue investigating, and, if necessary, prosecute the Causes of Action on the Commonwealth's behalf." Mot. ¶ 78. The two grounds for the relief requested in the Motion are: (i) to be appointed as a trustee under

---

[3] National questions whether the circumstances under which this Motion was brought are truly exigent. The doctrine of "equitable tolling," allows the Court to extend the statute of limitations for avoidance actions where there are "extraordinary circumstances." *In re Hydro-Action*, 341 B.R. 186, 191–92 (Bankr. E.D. Tex. 2006) ("[T]he sole basis for any application of equitable tolling is the existence of an extraordinary circumstance which prevented the [debtor-in-possession] from asserting [its] rights."). At a minimum, the circumstances here justify the extension of the statute of limitations on the Avoidance Actions to permit proper notice and briefing of the relief requested in the Motion, if needed.

section 926 to pursue Avoidance Actions—section 926 does not permit appointment of a trustee for any other type of claim, and (ii) derivative standing for all Causes of Action.

5. Section 926, as incorporated by section 301(a) of PROMESA, provides that "[i]f the debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of [the Bankruptcy Code], then on request of a creditor, the court may appoint a trustee to pursue such cause of action." 11 U.S.C. § 926. The Court has broad discretion to grant or deny a request to appoint a trustee under section 926. *See In re New York City Off-Track Betting Corp.*, Case No. 09-17121 (MG), 2011 WL 309594, at *4 (Bankr. S.D.N.Y. 2011) ("Courts should be loath to appoint a trustee given that the court's limited powers in a chapter 9 case are best understood as operating within the context of constitutional and federalism concerns"). The Committee should not be appointed as trustee to pursue avoidance actions that it has not even identified for the Court.

6. Separately, the Court may confer derivative standing where a trustee or debtor has unjustifiably failed to litigate a colorable claim of the estate or has otherwise abused its discretion in failing to act. *See, e.g.*, *Unsecured Creditors Comm. of Debtor STN Enters., Inc. v. Noyes (In re STN Enters.)*, 779 F.2d 901, 904 (2d Cir. 1985); *Infinity Investors Ltd. v. Kingborough (In re Yes! Entm't Corp.)*, 316 B.R. 141, 145 (D. Del. 2004)) (Derivative standing requires the Committee to establish "the existence of "a colorable claim" and "that the trustee [or debtor in possession] unjustifiably refused to pursue the claim."). "It is the creditor's burden in the first instance to demonstrate that it has satisfied [the] prerequisites for derivative standing." *Id*. To determine whether a creditor has stated a colorable claim, courts engage in the "same analysis as when a defendant moves to dismiss a complaint for failure to state a claim." *In re Optim Energy LLC*, Case No. 14-10262 (BLS), 2014 WL 1924908, at *6 (Bankr. D. Del. May 13, 2014) (quoting *In re Centaur*, Case No. 10-10799 (KJC), 2010 WL 4624910, at *4 (Bankr. D. Del. Nov. 5, 2010)),

4

*aff'd sub nom. Walnut Creek Mining Co. v. Cascade Inv., LLC (In re Optim Energy, LLC)*, 527 B.R. 169 (D. Del. 2015). The Committee has failed to identify the specific Causes of Action that it wishes to prosecute, let alone explain how such Causes of Action are "colorable."

7. The legal standards for appointment of a section 926 trustee and derivate standing are clear and the Committee does not meet them here. The Committee has not provided enough evidence or facts to support the assertion that it has any claims or causes of action to pursue. Instead, the Committee has only referenced broad categories of potential causes of action that *may* exist. By its own admission, the Committee's investigation is not complete, and it has not identified the claims it wishes to pursue. Mot. ¶ 77. The Committee requests that it should be allowed to "complete its investigation and prosecute any meritorious Causes of Action it identifies." *Id.* Simply suggesting that the Committee may be able to find causes of action to pursue in the next two weeks is not enough to support the relief requested.

8. Even if the Committee were to identify specific colorable Causes of Action that it would bring, the Court should still exercise its discretion and deny the request. Under PROMESA, the Oversight Board has exclusive authority to propose a Title III plan. If approved, the Motion would divest the Oversight Board of its ability to settle and resolve the Causes of Action in connection with a Title III plan. Rather, the Committee would be the only party that could settle these claims, allowing it to second-guess the Oversight Board's decision not to bring the claims in the first place and potentially undercutting the Oversight Board's ability to reach a global settlement with creditors. This would give the Committee undue leverage in plan negotiations.[4]

---

[4] In addition, it is highly unusual for a creditor requesting the appointment of a section 926 trustee to nominate itself for the engagement, and National has serious concerns about whether the current Committee is properly serving the interests of all unsecured creditors. Given the deficiencies of the Motion and the broader implications of the requested

## RESERVATION OF RIGHTS

9. National reserves all of its rights under PROMESA, the Bankruptcy Code, and other applicable law, including its right to assert additional arguments with respect to the Objection during oral argument on the Motion or any other motion or stipulation that similarly addresses appointment of members the Committee as plaintiff, co-plaintiff, trustee, or co-trustee to pursue additional claims or causes of action. National further reserves its rights to join any other objections, responses, replies, statements, or reservations of rights with respect to the Motion filed by any other creditor, stakeholder, or party in interest.

## CONCLUSION

10. For the reasons set forth herein, the Motion should be denied.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 20th day of April, 2019.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this Objection was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record. Also, a copy of this document will be notified via electronic mail to all case participants.

---

relief, it is not necessary to address these concerns at this time; however, National reserves its right to seek to reconstitute the Committee, if and when appropriate.

6

| | |
|---|---|
| **ADSUAR MUÑIZ GOYCO SEDA & PÉREZ-OCHOA, PSC** | **WEIL, GOTSHAL & MANGES LLP** |

ADSUAR MUÑIZ GOYCO
SEDA & PÉREZ-OCHOA, PSC
208 Ponce de León Avenue, Suite 1600
San Juan, PR 00936
Telephone: 787.756.9000
Facsimile: 787.756.9010
Email:  epo@amgprlaw.com
    loliver@amgprlaw.com
    acasellas@amgprlaw.com
    larroyo@amgprlaw.com

By:   */s/ Eric Perez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206314

*/s/ Luis Oliver-Fraticelli*
Luis Oliver-Fraticelli
USDC-PR No. 209204

*/s/ Alexandra Casellas-Cabrera*
Alexandra Casellas-Cabrera
USDC-PR No. 301010

*/s/ Lourdes Arroyo-Portela*
Lourdes Arroyo Portela
USDC-PR No. 226501

WEIL, GOTSHAL & MANGES LLP
Marcia Goldstein (admitted *pro hac vice*)
Kelly DiBlasi (admitted *pro hac vice*)
Gabriel A. Morgan (admitted *pro hac vice*)
Jonathan Polkes (admitted *pro hac vice*)
Gregory Silbert (admitted *pro hac vice*)
Jared R. Friedmann (admitted *pro hac vice*)

767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: marcia.goldstein@weil.com
    kelly.diblasi@weil.com
    gabriel.morgan@weil.com
    jonathan.polkes@weil.com
    gregory.silbert@weil.com
    jared.friedman@weil.com