# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND THE FINANCIAL GUARANTY INSURANCE COMPANY TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING COMMITTEE TO PURSUE CERTAIN CAUSES OF ACTION ON BEHALF OF COMMONWEALTH AND <u>GRANTING RELATED RELIEF</u>

Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Financial Guaranty Insurance Company (collectively, the "<u>Objectors</u>") hereby submit this objection and reservation of rights to the *Motion of Official Committee of Unsecured Creditors for Order Authorizing Committee to Pursue Certain Causes of Action on Behalf of Commonwealth and Granting Related Relief* (ECF No. 6325) (the "<u>Motion</u>"). In support hereof, the Objectors respectfully state as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**OBJECTION**

1. The Motion seeks relief that is without statutory basis and therefore cannot be granted. Although the Motion is nearly forty pages in length, it spends a meager two pages providing discussion and analysis of the applicable legal standard, and the discussion is wholly lacking in merit. Absent statutory authority for the relief sought, the Motion must be denied. *See In re Financial Oversight & Mgmt Bd*, 583 B.R. 626, 636 (D.P.R. Nov. 16, 2017) (denying motion of FOMB to appoint chief transformation officer because the Court found "no express provision within PROMESA and its incorporated Bankruptcy Code provisions" that authorized the appointment of such officer).[2]

2. Section 926(a) of the Bankruptcy Code governs the requested relief, and the Motion manifestly fails to meet the statute's requirements. Section 926(a) of the Bankruptcy Code provides:

> If a debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a) or 550 of this title, then on request of a creditor, the court may appoint a trustee to pursue such cause of action.

11 U.S.C. § 926(a). The plain language of this provision thus sets forth three conditions that must be satisfied for the court to appoint a trustee: (i) the debtor must refuse to pursue certain causes of action, (ii) the request for a trustee must be made by a creditor, and (iii) the trustee may only pursue avoidance causes of action. If any one of these conditions is not satisfied, then a trustee may not be appointed. At least two conditions of section 926 are not satisfied here.

---

[2] This Court also found when it denied the FOMB's motion to appoint a chief transformation officer that not only did PROMESA not give FOMB authority to exercise the authority of a chief executive officer of the debtor, it also did not grant FOMB the power to "delegate that authority to an agent of FOMB." *Id.* The Objectors note that this principle applies equally to this Motion and to the proposed stipulation that this Court addressed at the hearing held on April 18, 2019. *See* Dkt. No. 6305.

3. *First,* section 926 only authorizes the pursuit of the causes of action, colloquially referred to as avoidance actions, specified in sections 544, 545, 547, 548, 549(a) or 550. *See Matter of North and South Shenango Joint Mun. Auth.*, 14 B.R. 414, 420 (Bankr. W.D. Pa. 1981), *rev'd on other grounds* 80 B.R. 57 (Bankr. W.D.Pa. 1982) (noting that trustees generally cannot be appointed in municipal bankruptcy cases "except to take appropriate action to avoid fraudulent and preferential transfers if the debtor refuses to do so"); *In re Yasin*, 179 B.R. 43, 48 n.6 (Bankr. S.D.N.Y. 1995) ("In chapter 9, the court can appoint a trustee solely for the purpose of bringing certain avoiding actions. The chapter 9 trustee can neither assume nor reject unexpired leases or executory contracts or be compelled to do so; only the debtor can."). Indeed, "this is the complete extent of the court's authority to appoint a trustee in a chapter 9 case." David Kupetz, *Municipal Debt Adjustment Under the Bankruptcy Code*, 27 Urb. Law. 531, 571 (1995). Section 926 therefore provides for a closed list of actions for which a trustee may be appointed. Although the Motion was filed under seal, the Motion discloses that most of the actions at issue here are *not* avoidance actions. These include claims such as fraud, breach of fiduciary duty, and deepening insolvency. Motion ¶ 10.[3]

4. *Second*, the Committee has no standing to seek the appointment of a trustee. Section 926(a) only permits *creditors* to petition the court for the appointment of a trustee. Unlike in a chapter 11 proceeding, where any party in interest may seek the appointment of a trustee, only a creditor may do so in a chapter 9 case. *Compare* 11 U.S.C. § 1104(a) ("At any time after the commencement of the case but before confirmation of a plan, **on request of a party in interest** or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee[.]") (emphasis added) *with* 11 U.S.C. § 926(a) ("If the debtor refuses to pursue a cause

---

[3] We express no independent views on the merits of these actions.

-3-

of action under section 544, 545, 547, 548, 549(a), or 550 of this title, then **on request of a creditor**, the court may appoint a trustee to pursue such cause of action.") (emphasis added). Because the Committee is a party in interest but not a creditor, it lacks standing to seek appointment of a trustee in a chapter 9 case (or a case under PROMESA). *See United States v. Johnson*, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute, it does not follow that courts have authority to create others. The proper inference, and the one we adopt here, is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth."); *Perez Santana v. Holder*, 731 F.3d 50, 56 (1st Cir. 2013) (refusing to imply additional exception to statute as "[t]he absence of such a limitation, despite the explicit enumeration of others, serves as a strong indication that Congress imposed the restrictions that it deemed important and declined to impose others."); *see also Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there") (citations omitted).

5. If Section 926(a) was meant to apply to committees, it would have said so or specifically allowed a "party in interest" to pursue avoidance actions. And if Congress wanted to empower committees to seek appointments of trustees in chapter 9, section 1103 of the Bankruptcy Code—the provision that governs the powers of official committees—would provide for that. While section 1103 permits committees to seek appointment of trustees under section 1104 of the Bankruptcy Code, it notably does *not* permit committees to seek the appointment of a trustee under section 926. That omission is dispositive here.

6. The Bankruptcy Code defines "party in interest" to expressly include **both** a creditors' committee and a creditor. *See* 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, **a creditors' committee**, an equity security holders' committee, **a creditor**, an

equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.") (emphasis added). If Congress had intended for the Committee to be included in the definition of creditor, it would not have included "creditors' committee" as an additional term in section 1109 of the Bankruptcy Code. *See In re Baylis*, 313 F.3d 9, 20 (1st Cir. 2002) ("In construing a statute we are obliged to give effect, if possible, to every word Congress used.") (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979)); *see also Williams v. Taylor*, 529 U.S. 362, 364, 120 S. Ct. 1495, 1498, 146 L. Ed. 2d 389 (2000) (noting that it is a "cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute[.]").

7.  Moreover, the Bankruptcy Code's definition of "creditor" does not include a creditors' committee. Instead, the Bankruptcy Code defines a "creditor" to include an: (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of [the Bankruptcy Code]; or (C) entity that has a community claim." 11 U.S.C. § 101(10).

8.  The Committee quite obviously cannot satisfy any of these definitions of "creditor." First, the Committee cannot be said to have a "claim against the debtor that arose at the time of or before the order for relief concerning the debtor" because the Committee did not exist on the Petition Date and indeed was appointed by the United States Trustee after the Title III petition was filed. *See* Docket No. 338 (notice appointing the Committee dated June 15, 2017). Second, the Committee does not hold a claim against the Commonwealth under Bankruptcy Code sections 348(d) (addressing post-petition, pre-conversion claims other than administrative expense claims under Bankruptcy Code section 503(b)), 502(f) (addressing certain claims arising in an involuntary case), 502(g) (addressing rejection damages claims and certain

claims arising from swap agreements, securities contracts, etc.), 502(h) (addressing claims arising from the recovery of property relating to exemptions, avoided transfers, or setoff), or 502(i) (addressing certain post-petition tax claims). Finally, the Committee does not have a community claim, which is defined in the Bankruptcy Code as a claim "that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." 11 U.S.C. § 101(7). Section 541 is not incorporated into PROMESA or into chapter 9, and thus there can be no "community claim." *See* 11 U.S.C. § 901(a). Accordingly, the Committee is not a creditor and therefore lacks standing to seek appointment of a trustee under section 926 of the Bankruptcy Code.[4]

        9.     The Committee thus faces an insurmountable double statutory language obstacle that unambiguously limits the application of Section 926(a) to a "creditor" and to avoidance actions  Each of these obstacles flows from the doctrine of *inclusio unius est exclusio alterius*. *See Sasen v. Spencer*, 879 F.3d 354, 362 (1st Cir. 2018) ("[T]he venerable canon of statutory construction *inclusio unius est exclusio alterius* . . . teaches that if one of a category is expressly included within the ambit of a statute, others of that category are implicitly excluded") (citing *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 68 (1st Cir. 2002)). Under this doctrine, Congress's decision to define when derivative standing exists in a Title III case, and what kinds of causes of action may be pursued derivatively means that no other kind of standing may be granted and no other kinds of causes of action may be pursued. As applied here, that means that only a "creditor" (and not the Committee) can be granted standing under section 926 (if at all) and a creditor can *only* pursue avoidance actions and not other types of actions.

---

[4] Underscoring that the Committee is not a "creditor," it has not filed any proofs of claim in this Title III case. *See* Prime Clerk, https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

10. In a transparent effort to circumvent these deficiencies, the Committee notes in a footnote that certain committee constituents are "co-movants with the Committee on this Motion." Motion, n. 2. But even this effort fails and, in any event, cannot cure the Committee's lack of standing. First, Tradewinds Energy Barceloneta LLC ("Tradewinds") is not a "creditor" of the Commonwealth, and therefore it lacks standing to move for the appointment of a trustee to act on behalf of the Commonwealth. Tradewinds only holds putative claims *against PREPA*. *See* Claim Nos. 8632, 8717.[5] It filed no proofs of claim against the Commonwealth.

11. Second, there is no evidence before the Court that Service Employees International Union (SEIU) is a creditor of the Commonwealth. This is because the relevant Rule 2019 statements do not adequately describe SEIU's disclosable economic interests or the disclosable economic interests of the creditors that it purports to represent. Bankruptcy Rule 2019 requires that any group—including an official committee or union—that acts in concert in any bankruptcy proceeding and purports to represent multiple creditors must file a verified statement setting forth various information. Among other things, the Committee and SEIU are both required to provide in their verified statements the "nature and amount of each disclosable economic interest held in relation to the debtor." Fed. R. Bankr. P. 2019(c)(2), (c)(3). The Committee's verified statements do not provide the "nature and amount" of SEIU's interests. *See* ECF No. 4028. More importantly, SEIU has *itself* never filed a Rule 2019 statement disclosing the nature and amount of the interests of any creditors that it purports to represent.[6] Parties that fail to comply with Rule

---

[5] Tradewinds' proofs of claim are publicly available on Prime Clerk's website. https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

[6] While Cohen, Weiss, and Simon LLP filed a Rule 2019 statement related to SEIU, it only did so to disclose that the firm represented multiple unions. *See* ECF No. 1034. And even that verified statement failed to disclose the nature and amount of SEIU's claims. *Id.* ¶ 2 ("The UAW and SEIU…have claims against certain of the Debtors in amounts not yet determined."). The Cohen verified statement did not obviate SEIU from its obligation to file a Rule 2019 statement. The Objectors note that other unions have actually filed Rule 2019 statements. *See* ECF No. 3175. SEIU has not.

2019 do not have the right to be heard, and indeed, Rule 2019(e) gives the Court the power to "refuse to permit the entity…to be heard or to intervene in the case" or to otherwise hold such entity's action invalid. Thus, separate from SEIU not providing this Court with sufficient evidence that it is a creditor, SEIU also has no right to bring or be heard on the Motion because it has not complied with Rule 2019.

12. That leaves only Doral Financial Creditors' Trust ("Doral") as a possible movant. But Doral has presented no evidence to the Court to establish that it is in fact a "creditor" or that the claims it purports to hold have not been satisfied. Nor does the Committee's Rule 2019 statement provide this information, because it has not been updated since last year. But even if it can be established that Doral is a creditor the appropriate remedy here would be to strike the Committee, SEIU, and Tradewinds from the Motion. And, of course, to the extent the Court determined that Doral could proceed in prosecuting the Motion, it would have to use its own counsel, whose fees would not be chargeable to the estate, as committee counsel fees are.

13. Finally, the Objectors note with interest the relevant opposition to the Motion interposed by the FOMB. Such opposition makes clear that FOMB also believes that Section 926 does not permit the appointment of a trustee for non-avoidance actions, a concession that applies equally to the proposed stipulation that this Court will also address at the next omnibus hearing, which also contemplates the appointment of "co-trustees" for non-avoidance actions. *See* Dkt No. 6418 ¶¶ 55-57. As FOMB concedes, section 926 permits no such thing. FOMB's opposition also makes clear the FOMB's views (supported by its Special Claims Committee) that (1) the claims at issue on this Motion are not colorable, have "no value to the Commonmwealth, and would be "subject to strong defenses", and (2) pursuing such claims would be "fiscally irresponsible."

-9-

14. The Objectors reserve the right to join in any other objections that may be filed in connection with the Motion.

Dated: April 20, 2019
New York, New York

| CASELLAS ALCOVER & BURGOS P.S.C. | CADWALADER, WICKERSHAM & TAFT LLP |
|---|---|
| /s/ *Heriberto Burgos Pérez* | /s/ *Howard R. Hawkins, Jr.* |
| Heriberto Burgos Pérez | Howard R. Hawkins, Jr.* |
| USDC-PR No. 204,809 | Mark C. Ellenberg* |
| Ricardo F. Casellas-Sánchez | William Natbony* |
| USDC-PR No. 203,114 | Ellen M. Halstead* |
| Diana Pérez-Seda | Thomas J. Curtin* |
| USDC–PR No. 232,014 | Casey J. Servais* |
| E-mail: hburgos@cabprlaw.com | 200 Liberty Street |
| rcasellas@cabprlaw.com | New York, New York 10281 |
| dperez@cabprlaw.com | Tel.: (212) 504-6000 |
| | Fax: (212) 406-6666 |
| P.O. Box 364924 | Email: howard.hawkins@cwt.com |
| San Juan, PR 00936-4924 | mark.ellenberg@cwt.com |
| Tel.: (787) 756-1400 | bill.natbony @cwt.com |
| Fax: (787) 756-1401 | ellen.halstead@cwt.com |
| | thomas.curtin@cwt.com |
| *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | casey.servais@cwt.com |
| | * admitted pro hac vice |
| | *Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

| REXACH & PICÓ, CSP | BUTLER SNOW LLP |
|---|---|
| /s/ *María E. Picó* | /s/ *Martin A. Sosland* |
| María E. Picó | Martin A. Sosland (*pro hac vice*) |
| USDC-PR 123214 | 5430 LBJ Freeway, Suite 1200 |
| 802 Ave. Fernández Juncos | Dallas, TX 75240 |
| San Juan PR 00907-4315 | Telephone: (469) 680-5502 |
| Telephone: (787) 723-8520 | Facsimile: (469) 680-5501 |
| Facsimile: (787) 724-7844 | E-mail: martin.sosland@butlersnow.com |
| E-mail: mpico@rexachpico.com | |
| | Stanford G. Ladner (*pro hac vice*) |
| *Counsel for Financial Guaranty Insurance Company* | 1700 Broadway, 41st Floor |
| | New York, NY 10019 |
| | Telephone: (646) 606-3996 |
| | Facsimile: (646) 606-3995 |
| | E-mail: stan.ladner@butlersnow.com |

-11-

Christopher R. Maddux (*pro hac vice*)
J. Mitchell Carrington (*pro hac vice*)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-2200
Facsimile: (601) 985-4500
E-mail: chris.maddux@butlersnow.com
mitch.carrington@butlersnow.com

Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Counsel for Financial Guaranty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case. Further, I directed that the following counsel of record be served by U.S. Mail:

Office of the United States Trustee for Region 21
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, PR 00901-1922

Gerardo Portela
Mohammad Yassin
Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF)
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907

John J. Rapisardi, Esq.
Suzzanne Uhland, Esq.
Peter Friedman, Esq.
Nancy A. Mitchell, Esq.
Maria J. DiConza, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036

Luis C. Marini-Biaggi, Esq.
Carolina Velaz-Rivero Esq.
Maria T. Alvarez-Santos Esq.
Marini Pietrantoni Muniz, LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917

Martin J. Bienenstock, Esq.
Paul V. Possinger, Esq.
Ehud Barak, Esq.
Maja Zerjal, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Hermann D. Bauer, Esq.
O'Neill & Borges LLC
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813

Luc A. Despins, Esq.
James Bliss, Esq.
James Worthington, Esq.
Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Arturo Diaz-Angueira, Esq.
Cancio, Nadal, Rivera & Diaz, P.S.C.
403 Muñoz Rivera Ave.
San Juan (Hato Rey), PR 00918-3345

Robert Gordon, Esq.
Richard Levin, Esq.
Catherine Steege, Esq.
Jenner & Block LLP
919 Third Avenue
New York, New York 10022

Juan. J. Casillas Ayala
Diana M. Batlle-Barasorda
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa
Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, PR 00901-2419

At New York, New York, 20th day of April, 2019.

By: /s/ *Howard R. Hawkins, Jr.*
Howard R. Hawkins, Jr.*
* Admitted pro hac vice