# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### THE OPPENHEIMER FUNDS' OBJECTION TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING COMMITTEE TO PURSUE CERTAIN CAUSES OF ACTION ON BEHALF OF COMMONWEALTH AND GRANTING RELATED RELIEF

Certain funds managed or advised by OppenheimerFunds, Inc. (the "**Oppenheimer Funds**")[2] respectfully submit this objection (the "**Objection**") to the *Motion of Official Committee of Unsecured Creditors for Order Authorizing Committee to Pursue Certain Causes of Action on Behalf of Commonwealth and Granting Related Relief* [Dkt. No. 6325] (the "**Motion**") filed by the Official Committee of Unsecured Creditors (the "**Committee**"). In support of this Objection, the Oppenheimer Funds respectfully state as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2] The Oppenheimer Funds purchase and hold municipal bonds on behalf of hundreds of thousands of ordinary investors across the United States and Puerto Rico who invest to save for important life expenses. For more than 30 years, the Oppenheimer Funds have invested capital into the Commonwealth of Puerto Rico and its instrumentalities, which has allowed Puerto Rico to finance billions of dollars of infrastructure projects, public facility construction projects, and other capital needs. The Oppenheimer Funds collectively hold more than $500 million of GO Bonds, including more than $75 million of challenged GO Bonds.

**OBJECTION**

The Oppenheimer Funds join in the arguments made by the Financial Oversight and Management Board for Puerto Rico (the "**FOMB**") and its Special Claims Committee in their objection to the Motion (the "**FOMB Objection**") [Dkt. No. 6418], incorporate such arguments herein by reference, and assert the following additional reasons why the Motion should be denied.

1. The Committee seeks an order giving it derivative standing to prosecute unspecified claims on the ground that the FOMB has "unjustifiably failed to litigate a colorable claim of the estate or has otherwise abused its discretion in failing to act." Motion at ¶ 83 (citing *Unsecured Creditors Comm. of Debtor STN Enters., Inc., v. Noyes (In re STN Enters.)*, 779 F.2d 901, 904 (2d Cir. 1985) ("*STN*"); *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 333 F.3d 548, 579 (3d Cir. 2003)).

2. The Oppenheimer Funds agree with the FOMB that PROMESA Sections 303 and 305 make such cases inapplicable by precluding any grant of derivative standing, but even if the cases were applicable, the Motion fails to allege sufficient facts to justify relief.

3. The Committee has the burden to articulate one or more particular "colorable claims" that the FOMB has failed to litigate. The Committee has identified no particular claims at all, let alone any "colorable claim" – the Committee has cited to no statute or principle of common law providing the basis for any claim it wishes to bring and asserted no facts that could support any claim under these unidentified statutes or principles. The Committee has not even identified or described the defendants that it wishes to sue other than a vague reference to "claims against individuals, underwriters, and other debt offering participants."

Motion at ¶ 64. Thus, it is impossible for the Court to determine whether any claim the Committee wishes to bring is colorable, whether there is standing to bring it, or whether any defendant has defenses that would render the claim futile.

4. Therefore, with respect to derivative standing, the Motion pleads insufficient facts and should be dismissed as a matter of law.

5. The same objection applies with respect to the Committee's request for relief under Section 926 of the Bankruptcy Code.

6. In addition, the Oppenheimer Funds respectfully submit that the Committee should not be eligible to serve as a "trustee" under Section 926 of the Bankruptcy Code.

7. Although PROMESA does not incorporate Section 321 of the Bankruptcy Code into Title III, Section 321 nonetheless provides guidance as to what Congress had in mind when it refers to a "trustee." Section 321(a) provides that only "an individual" or "a corporation authorized by such corporation's charter or bylaws to act as a trustee" may serve as a trustee. 11 U.S.C. § 321(a). The Committee is neither.

8. The party requesting a trustee should not be eligible to serve as a trustee – 11 U.S.C. § 321(b), which precludes an examiner from serving as a trustee, shows that Congress did not view a party's investigation as justifying that party's appointment as a trustee.

9. In addition, as noted by other parties in written and oral objections to the FOMB and Committee's proposed stipulation authorizing the Committee to act as "co-trustee," *see Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action*

[Dkt. No. 6305], the Committee has conflicts of interest that should preclude its service as trustee. *See Objection of National Public Finance Guarantee Corporation to Urgent Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* at ¶¶ 5, 6 [Dkt. No. 6335]; *Objection and Reservation of Rights of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and Ambac Assurance Corporation to the Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* at ¶ 6 [Dkt. No. 6337]. Given the Committee's refusal to identify who it wishes to sue or the claims it wishes to bring, it is impossible to determine whether the Committee has other conflicts of interest – whether the Committee is pursuing such lawsuits for the "best interest of the Commonwealth and its creditors" or for individual members of the Committee. *See* Proposed Order at 1-2.

10. PROMESA Section 316(a) provides for compensation to: "a professional person employed by the debtor . . . , the Oversight Board . . . , ***a committee under section 1103 of [the Bankruptcy Code], or a trustee appointed by the court under section 926*** . . . ." 48 U.S.C. § 2176(a) (emphasis added).

11. The statute views an official committee and a trustee as two different entities. It provides no support, and indeed militates against, reading the statute to allow an official committee to serve both as a committee and as a trustee.

12. Finally, the Oppenheimer Funds respectfully object to the Motion on procedural grounds. Seeking the appointment of a trustee and derivative standing on a week's notice, with parties having only three days to respond, is not appropriate, is not due process, and cannot be justified on the grounds of exigency when, as the FOMB states in its objection, the Committee has been developing whatever theories it has for some time and even made an ineffectual attempt to obtain similar standing months ago in connection with another restructuring. *See* FOMB Objection at ¶¶ 23-25.

## CONCLUSION

For the reasons set forth above, the Oppenheimer Funds respectfully request that the Court dismiss the Motion and deny the relief sought therein.

*[Remainder of Page Intentionally Left Blank]*

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED,**
In San Juan, Puerto Rico, today April 20, 2019.

**TORO COLÓN MULLET P.S.C.**

*/s/ Manuel Fernández-Bared*
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
Email: mfb@tcm.law

*/s/ Linette Figueroa-Torres*
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
Email: lft@tcm.law

*/s/ Jane Patricia Van Kirk*
JANE PATRICIA VAN KIRK
USDC–PR No. 220,510
Email: jvankirk@tcm.law
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

*/s/ Thomas Moers Mayer*
THOMAS MOERS MAYER*
AMY CATON*
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
Email: tmayer@kramerlevin.com
        acaton@kramerlevin.com
* (admitted *pro hac vice*)

*Counsel to the Oppenheimer Funds*