UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------X

| | |
|---|---|
| IN RE: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO,<br>ET AL. | |
| Debtors.[1] | |

---------------------------------------------------------X

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |
| as representative of | No. 17 BK 3566-LTS |
| EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

---------------------------------------------------------X

**DECLARATION OF LUIS COLLAZO RODRIGUEZ
IN SUPPORT OF ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE
BY THE EMPLOYEES RETIREMENT SYSTEM
OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

---

[1] The Debtors in these cases and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 3481), and (ii) Employment Retirement System for the Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 9686).

I, Luis Collazo Rodriguez, declare as follows:

1.  I am the Administrator of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"). I have served as the ERS Administrator since May 1, 2017. Before then, I was a lawyer in the ERS legal division from April 14, 2014 until April 30, 2017. I have also served as the Executive Director of the Retirement Board since August 16, 2018. I am a member in good standing of the Bar of the Commonwealth of Puerto Rico.

2.  I submit this declaration in support of ERS's assertion of the deliberative process privilege over documents from ERS withheld, in part, on those grounds and identified in the April 14, 2019 privilege log. I have reviewed the documents and have personal knowledge of the matters stated herein, and, if called and sworn as a witness, could testify competently thereto. I have authority to assert the deliberative process privilege.

3.  As Administrator, I have been responsible for providing advice regarding public policy for ERS, including pension reform and debt restructuring for ERS, as reflected in the documents that ERS has withheld on deliberative process privilege grounds. I am the ERS official with the most familiarity with the subject matter of the withheld documents.

4.  Based on my review of the documents at issue, I hereby assert, on behalf of ERS, that the documents are protected by the deliberative process privilege. In reviewing the documents, I considered whether they contain communications that are part of ERS's decision-making process and thus, should be protected by the deliberative process privilege. Based on my position, responsibilities, personal knowledge and experience, the withheld documents contain pre-decisional and deliberative communications that are part of the process through which ERS formulates decisions and policies. Specifically, the documents contain and/or reflect ERS's pre-decisional deliberations regarding pension reform proposals and legislation and implementation of

Joint Resolution 188 and Act 106-2017. Deliberation and decision-making by ERS continued after the certification of the March 13, 2017 fiscal plan. The deliberations continued after the Governor signed Joint Resolution 188 on June 25, 2017, and lasted through the enactment of Act 106 on August 23, 2017. The withheld documents are listed in ERS's April 14, 2019 privilege log and further described below:

    a. Entry 86: Confidential, pre-decisional, deliberative preliminary draft of presentation to the retirement board regarding retirement system assets and cash flows, and making recommendations on policy decisions. Prepared in connection with Joint Resolution 188 and Act 106.

    b. Entry 122: Confidential, pre-decisional, deliberative preliminary draft of presentation to employers covered by PayGo system regarding PayGo implementation, collection of PayGo fees, and enforcement mechanisms and penalties for nonpayment.

5. ERS considers the documents withheld on deliberative process privilege grounds to be confidential, because they contain or reflect ERS's internal, pre-decisional communications and deliberations regarding changes to ERS and Puerto Rico's pension systems. Any factual information in these documents was prepared to facilitate deliberations and inform a final decision regarding pension reform legislation and implementation. Such facts are intertwined with the deliberative material.

6. It is essential for ERS to have the ability to have frank and confidential discussions, both internally and with others in the government, concerning changes to the pension system, which affects ERS's fiscal affairs and debt restructuring. If ERS is required to disclose in litigation documents such as those withheld here on deliberative process privilege grounds, it would harm

ERS's ability to continue to have confidential discussions related to its financial restructuring without the fear of disclosure, and it would chill full and frank deliberations. This would harm ERS's restructuring efforts, as well as its ability to comment and provide advice on public policy decisions related to the pension system and retirees.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico on April 22, 2019.

                                                     Luis Collazo Rodriguez

3