UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------X

| | |
|---|---|
| IN RE: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3283-LTS |
| as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO,<br>ET AL. | |
| Debtors.[1] | |

------------------------------------------------------------X

| | |
|---|---|
| | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3566-LTS |
| EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

------------------------------------------------------------X

**DECLARATION OF PHILIPPE MESA PABÓN
IN SUPPORT OF ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE
BY THE COMMONWEALTH OF PUERTO RICO**

---

[1] The Debtors in these cases and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 3481), and (ii) Employment Retirement System for the Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 9686).

I, Philippe Mesa Pabón, declare as follows:

1. I am Secretary of Public Policy of the Commonwealth of Puerto Rico ("Commonwealth"). I previously served as Undersecretary of Public Affairs of the Commonwealth of Puerto Rico from approximately January 2017 to January 2019. I am a member in good standing of the Bar of the Commonwealth of Puerto Rico.

2. I submit this declaration in support of the Commonwealth's assertion of the deliberative process privilege over documents that the Commonwealth withheld, in part, on those grounds and identified in the April 14, 2019 privilege log. I have reviewed the documents and have personal knowledge of the matters stated herein, and, if called and sworn as a witness, could testify competently thereto. I have authority to assert the deliberative process privilege on behalf of the Commonwealth.

3. As Secretary of Public Policy, and previously Undersecretary of Public Policy, I was responsible for providing advice regarding draft legislation and proposed changes to laws for the Commonwealth, as reflected in the documents that the Commonwealth has withheld on deliberative process privilege grounds. I am currently the most senior official responsible for coordinating public policy for the Governor and the Commonwealth and am familiar with the subject matter of the withheld documents.

4. Based on my review of the documents at issue, I hereby assert, on behalf of the Commonwealth, that the documents are protected by the deliberative process and executive privileges. In reviewing the documents, I considered whether they contain communications that are part of the Commonwealth's decision-making process and should be protected by the deliberative process and executive privileges. Based on my position, responsibilities, personal knowledge and experience, the withheld documents contain pre-decisional and deliberative

communications that are part of the process through which the Commonwealth formulates decisions and policies and makes recommendations to the Commonwealth, public corporations and instrumentalities. The withheld documents also reflect the opinions and deliberations of Fortaleza officials and include communications between those officials, AAFAF officials, and AAFAF's advisors. Communications between Fortaleza officials, AAFAF officials, and AAFAF's advisors were an integral part of the decision-making process of the Governor and his staff. Specifically, the documents contain and/or reflect the Commonwealth's pre-decisional deliberations regarding pension reform proposals and legislation, including Joint Resolution 188 and Act 106-2017. There was substantial independent deliberation and decision-making by the Governor and the Commonwealth central government regarding Joint Resolution 188 and Act 106, including after the certification of the March 13, 2017 fiscal plan. The deliberations continued after the Governor signed Joint Resolution 188 on June 25, 2017, and lasted through the enactment of Act 106 on August 23, 2017.

5. The withheld documents are listed in the Commonwealth's April 14, 2019 privilege log and further described below:

   a. Entries 27 and 29: Draft spreadsheet analysis of Commonwealth Fiscal Plan projecting general fund revenues and expenses, including both pre-measures and post-measures financial gap between revenues and expenses from 2017 to 2026.

   b. Entries 28, 30, 36–38, 47: Email correspondence regarding PayGo projections in connection with ongoing discussions about legislative efforts for pension reform.

    c. Entry 46: Spreadsheet analysis regarding potential pension reform measures and conveying advice of outside counsel (Dentons) on potential legal challenges to proposed pension reform measures.

    d. Entry 48: Draft spreadsheet containing financial analysis of potential PayGo costs and revenues prepared to assess financial impact of potential transition to PayGo system.

    e. Entries 77, 82–84, 104, 106, 109–110, 116–117, 119, and 121: Confidential, pre-decisional, deliberative drafts of Act 106 reflecting opinions and advice of AAFAF and Fortaleza officials, including outside and in-house counsel, regarding revisions to text of Joint Resolution 188 and Act 106.

    f. Entry 89: Confidential, pre-decisional, deliberative preliminary draft of memorandum of understanding between the central government, Secretary of Treasury, ERS, and AAFAF regarding calculation of retirement benefits, calculation of PayGo fees, invoicing and set-off of PayGo fees, and other issues relating to implementation of the PayGo system. Prepared by in-house counsel in connection with the implementation of Joint Resolution 188.

    g. Entry 120: Confidential, pre-decisional, deliberative preliminary draft of Teachers Retirement System fiscal plan discussing system's assets and liabilities, options to address liquidity crisis, including PayGo financing, and potential legal and administrative issues in connection with PayGo conversion, reflecting opinions of Fortaleza officials.

       h. Entry 123: Confidential, pre-decisional, deliberative communication commenting and providing opinions on PayGo system and calculation of PayGo fees in connection with Act 106.

6. The Commonwealth considers the documents withheld on deliberative process privilege grounds to be confidential, because they contain or reflect the Commonwealth's internal, pre-decisional communications and deliberations regarding changes to the government pension systems that affect Puerto Rico's fiscal affairs and debt restructuring. These documents also reflect the Commonwealth's process of forming recommendations to other government decision makers. Any factual information in these documents was prepared to facilitate deliberations and inform a final decision regarding pension reform legislation and the Commonwealth's debt restructuring. Such facts are intertwined with the deliberative material.

7. It is essential for the Commonwealth to have the ability to have frank and confidential discussions, both internally and with others in the government, concerning changes to laws affecting Puerto Rico's fiscal affairs and ongoing debt restructuring. If the Commonwealth is required to disclose in litigation documents such as those withheld here on deliberative process and executive privilege grounds, it would harm the Commonwealth's ability to continue to have confidential discussions related to the Commonwealth's ongoing restructuring efforts without the fear of disclosure, and it would chill full and frank deliberations between and among Fortaleza, AAFAF, and their officials and advisors. This would harm the Commonwealth's financial restructuring, as well as its ability to comment and provide advice on public policy decisions. This would in turn harm the Commonwealth's ability to shape and direct public policy for the people of Puerto Rico.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico on April ____, 2019.

_____
Philippe Mesa Pabón

5