# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) X | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) X | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS)<br><br>**Re: ECF No. 367** |

**JOINT INFORMATIVE MOTION REGARDING OVERSIGHT BOARD'S PRODUCTION AND PRIVILEGE LOG IN CONNECTION WITH THE MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO FOR RELIEF FROM THE AUTOMATIC STAY**

To the Honorable United States District Judge Laura Taylor Swain and the Honorable United States Magistrate Judge Judith G. Dein:

1. The Financial Oversight and Management Board (the "Oversight Board") and Movants[1] (together with the Oversight Board, the "Parties"), respectfully submit this joint informative motion regarding the Oversight Board's production and privilege log per the Court's order [ECF No. 445 in Case No. 17-bk-03566] in connection with the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [ECF No. 367 in Case No. 17-bk-03566] (the "Stay Relief Motion").

**I.     The Oversight Board's Statement:**

2. The Oversight Board has completed its initial and second-level review of the 7,466 documents identified through the agreed-upon search parameters (custodians, search terms, and date range), and is in the process of completing its final review, which primarily consists of quality-control as to privilege assertions and redactions. Such assertions and redactions require extensive manual review not only of direct-hit documents but also of associated family documents in excess

---

[1] Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

of the 7,466 documents initially reviewed, and takes substantial attorney time to complete. The Oversight Board continues its final review without delay.

3. The Oversight Board made its initial production of documents on April 14, 2019 per the Court's order [ECF No. 445 ¶ 4(a)], and supplemented its production on April 16, 2019 per that same order [*id.* ¶ 4(b)]. The Oversight Board intends to make its third production by this coming Wednesday, April 24, 2019. The Oversight Board anticipates completing its document production by May 1, 2019.

4. The Oversight Board also served its initial privilege log on April 19, 2019 per the Court's order [ECF No. 44 ¶ 4(c)]. The Oversight Board anticipates serving its final privilege log by May 1, 2019.

5. The Oversight Board sent a draft of this joint status report (through and including Paragraph 4 above) to Movants above at 5:17 p.m. on April 22, 2019. At 9:57 a.m. this morning, Movants, for the first time and without conferring with the Oversight Board, criticized the Oversight Board's production to date and demanded the completion of document production in less than 3 days (i.e., by April 26, 2019). That demand is neither in good faith nor feasible.

6. First, the Oversight Board has complied with the Court's directions to begin and supplement its production and to serve an initial privilege log, as noted above. Even though the Court has not ordered the Oversight Board to make further productions or to complete its production by dates certain, the Oversight Board continues its review and anticipates completing its production by May 1, 2019.

7. Second, Movants' complaints are baseless. The Oversight Board objected to Movants' document subpoena precisely because the Oversight Board believed that most of the documents it had would be irrelevant or privileged. That prediction is turning out to be accurate.

But, the fact Movants have requested the Oversight Board review irrelevant, duplicative, and privileged documents does not lessen the burden upon the Oversight Board to carefully review those documents, withhold privileged material, and produce non-privileged material where possible.

8. Third, Movants' last-minute complaints do not establish any prejudice to Movants from the Oversight Board completing its document production and serving a final privilege log on May 1, 2019. Instead, Movants appear to have chosen an arbitrary and infeasible production date at the last minute solely to create a dispute with the Oversight Board via a status report. In any event, the Court will hold a hearing on various discovery matters in Boston on May 1, 2019, during which the parties can provide a live update as to any outstanding matters.

9. Additionally, at 11:39 a.m. this morning (i.e., just 21 minutes before the filing deadline for this status report), Movants added *additional* arguments beyond those presented in the version Movants sent earlier this morning to Paragraphs 14-16, below. The Oversight Board does not have sufficient time to respond in full to Movants' *new* last-minute arguments and also comply with the Court's order requiring this status report to be filed by 12:00 p.m. [ECF No. 445, ¶ 4(d)], and reserves the right to address those arguments in full at the May 1, 2019 hearing. In brief summary, Movants' new last-minute arguments are meritless and misconstrue the Oversight Board's positions (particularly with respect to redactions) at the last minute to create yet more disputes via a status report, which is entirely improper.

**II.     Movants' Statement:**

10. A short chronology of the subpoena that the Movants served on the Oversight Board, and a brief summary of the Oversight Board's response to it, demonstrates that the Oversight Board has not been taking its discovery obligations seriously, notwithstanding the Board's repeated claims to be working without delay. In particular:

  (i) On March 4, 2019—seven weeks ago—the Movants served the Oversight Board with a subpoena containing six requests for documents.

  (ii) In its objections and responses, the Oversight Board agreed to produce documents only in response to Requests 1 and 2, forcing the Movants to move to compel on Requests 3, 4, 5, and 6.

  (iii) At the April 1 hearing, the Court effectively overruled the Oversight Board's objections and ordered the parties to confer about search terms.

  (iv) On April 4, the parties agreed on search terms and custodians.

  (v) On April 14—six weeks after it was served with the subpoena—the Oversight Board produced its first documents.

  (vi) On April 16, the Oversight Board supplemented its document production.

11. The Oversight Board's two document productions, however, contain only 27 documents in total. Several of those 27 documents, moreover, are duplicates of each other—meaning that the Oversight Board has produced fewer than 20 unique documents. Worse, even though those documents comprise 760 total pages, of the 760 total pages, 534 pages are entirely redacted, many of the remaining pages are redacted at least in part, and several pages are entirely blank.

12. More specifically, the Oversight Board's production contains:

  (i) Seven copies of the same presentation—a very long February 16-17, 2017 Presentation to the Oversight Board. The cover page of this document is unredacted, and one page within the presentation is partially unredacted. Every other page in the presentation is completely redacted. As a result, these seven

copies of the February 16-17 Presentation account for 449 pages of the Board's 760-page production, but collectively contain only 1/2 page of information.

(ii) Several emails from February 2017 discussing irrelevant logistics for the Oversight Board's February 16-17, 2017 meeting, such as which hotels near the University of Pennsylvania would be a good place to stay.

(iii) Two copies of the FY18 Recommended Budget from June 2017. Again, the documents are completely redacted, except for the cover page and one slide within the presentation that is 75% redacted. As a result, approximately 1/4 page of information accounts for over 100 pages within the Board's production.

(iv) An email forwarding the FY18 Recommended Budget. All substantive information in the email has been redacted.

(v) Three documents from May 2009—i.e., eight years before Joint Resolution 188 and Act 106 were passed—that were attached to a June 2017 email. Although these documents are not redacted, they are also not at all responsive to the Movants' subpoena.

13. The Oversight Board's April 19 initial privilege log, moreover, only underscores the deficiencies in its document production. In fact, the log does not even account for all of the documents that the Board produced in redacted form. More concerning is the fact that, aside from the log entries for the documents that the Board produced in redacted form, the log contains entries for only five other documents that the Board has withheld. Accordingly, the Board's initial privilege log confirms that, even though the subpoena was served on the Oversight Board seven weeks ago, its document production has hardly begun.

14. Particularly against this backdrop, the Movants do not agree that the Oversight Board has been working to complete its document production without delay. The Movants have been asking the Oversight Board about the status of its document production since at least April 8. And although the Oversight Board may have technically complied with the Court's directions to make an initial production on April 14 and a supplemental production on April 16, as demonstrated above, that effort at technical compliance was not in good faith. Nor has the Board offered any reason why it did not produce documents long ago at least in response to the two Requests in the subpoena to which the Board did not object.

15. The Board's repeated complaints about alleged burden also ring hollow. By comparison, the Movants reviewed many times the 7,466 documents that the Board now claims is overly burdensome, and the Movants still completed their document production by April 10. The Movants also simply do not accept the Board's proposition that it supposedly takes "substantial attorney time" to review and completely redact the same 550 pages from multiple copies of two documents in the Board's 760-page production.

16. Finally, the Board's position that the Movants will not be prejudiced by a final production and privilege log on May 1 is wrong. As the Board knows, that is the date of the parties' hearing before the Court, and a May 1 production date will provide the Movants with no opportunity to review the production or the privilege log in time to raise any issues with the Court during the May 1 hearing. Accordingly, Movants request that the Court order the Oversight Board to complete its document production and serve its final privilege log no later than Friday, April 26, 2019.

17. The Parties appreciate the Court's attention to these matters.

*[Remainder of page intentionally left blank]*

- 8 -

*[Remainder of page intentionally left blank]*

Dated: April 23, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

In San Juan, Puerto Rico, today April 23, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, Floor 21
Boston, MA 02110
Tel. (617) 960-3939
Fax: (617) 449-6999
drfox@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Cheryl T. Sloane |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: April 23, 2019                  */s/ Luis F. del Valle-Emmanuelli*
                                                            Luis F. del Valle-Emmanuelli