# EXHIBIT J

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

**RECEIVED**

**MAY 24 2018**

**PRIME CLERK LLC**

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |



170328380006415

## Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. **No adjunte documentos originales,** ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| **Part 1 / Parte 1** | Identify the Claim / Identificar la reclamación |
|---|---|

| 1. Who is the current creditor?<br><br>¿Quién es el acreedor actual? | **Andalusian Global Designated Activity Company** |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim)<br>Nombre al acreedor actual (la persona o la entidad a la que se pagará la reclamación) |
| | Other names the creditor used with the debtor<br>Otros nombres que el acreedor usó con el deudor _____ |

**2. Has this claim been acquired from someone else?**

¿Esta reclamación se ha adquirido de otra persona?

☒ No / No
☐ Yes. From whom?
   Sí. ¿De quién? _____

---

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g

| Where should notices to the creditor be sent? / ¿A dónde deberían enviarse las notificaciones al acreedor? | Where should payments to the creditor be sent? (if different) / ¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente) |
|---|---|
| **Andalusian Global Designated Activity Company c/o Appaloosa LP** | |
| Name / Nombre | Name / Nombre |
| **51 JFK Parkway** | |
| Number / Número       Street / Calle | Number / Número       Street / Calle |
| **Short Hills         NJ         07078** | |
| City / Ciudad   State / Estado   ZIP Code / Código postal | City / Ciudad   State / Estado   ZIP Code / Código postal |
| **(973) 701-7000** | |
| Contact phone / Teléfono de contacto | Contact phone / Teléfono de contacto |
| **D.Bersh@amlp.com** | |
| Contact email / Correo electrónico de contacto | Contact email / Correo electrónico de contacto |

---

**4. Does this claim amend one already filed?**

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☒ No / No
☐ Yes.  Claim number on court claims registry (if known)
   Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____
   Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

---

**5. Do you know if anyone else has filed a proof of claim for this claim?**

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☒ No / No
☐ Yes. Who made the earlier filing?
   Sí.  ¿Quién hizo la reclamación anterior?_____

---

**Part 2 / Parte 2:**          Give Information About the Claim as of the Petition Date
                               Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☒ No / No
☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
   Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

   _____

---

**7. Do you supply goods and / or services to the government?**

¿Proporciona bienes y / o servicios al gobierno?

☒ No / No
☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:

   Vendor / Contract Number | Número de proveedor / contrato: _____

   List any amounts due after the Petition Date (listed above) but before June 30, 2017:
   Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____

---

| 8. **How much is the claim?**<br><br>¿Cuál es el importe de la reclamación? | $ <u>See Addendum</u> | **Does this amount include interest or other charges?**<br>¿Este importe incluye intereses u otros cargos?<br><br>❏ No / No<br>❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
|---|---|---|
| 9. **What is the basis of the claim?**<br><br>¿Cuál es el fundamento de la reclamación? | colspan | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br><u>See Addendum</u> |

| 10. **Is all or part of the claim secured?**<br><br>¿La reclamación está garantizada de manera total o parcial? | ❏ No / No<br>☒ Yes. The claim is secured by a lien on property.<br>   Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>   **Nature of property / Naturaleza del bien:**<br>   ❏ Motor vehicle / Vehículos<br><br>   ☒ Other. Describe:<br>      Otro. Describir:      <u>See Addendum</u><br><br>   **Basis for perfection / Fundamento de la realización de pasos adicionales:**  <u>See Addendum</u><br><br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.)<br><br>   **Value of property / Valor del bien:**      $ <u>See Addendum</u><br><br>   **Amount of the claim that is secured /**<br>   **Importe de la reclamación que está garantizado:** $ <u>See Addendum</u><br><br>   **Amount of the claim that is unsecured /**<br>   **Importe de la reclamación que no está garantizado:** $ <u>0.00</u><br>   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>   (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>   **Amount necessary to cure any default as of the Petition Date /**<br>   **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso** : $<br>   <u>See Addendum</u><br><br>   **Annual Interest Rate** (on the Petition Date)<br>   **Tasa de interés anual** (cuando se presentó el caso) <u>See Addendum</u><br>   ❏ Fixed / Fija<br>   ❏ Variable / Variable |
|---|---|

| 11. **Is this claim based on a lease?**<br><br>¿Esta reclamación está basada en un arrendamiento? | ☒ No / No<br>❏ Yes. **Amount necessary to cure any default as of the Petition Date.**<br>   Sí. **Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso** $ _____ |
|---|---|

Modified Official Form 410                                  **Proof of Claim**                                  page 3

| 12. | **Is this claim subject to a right of setoff?** | ☐ No / No | |
| | ¿La reclamación está sujeta a un derecho de compensación? | ☐ Yes. Identify the property / Sí. Identifique el bien: ___**See Addendum**___ | |

| 13. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No / No | |
| | | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received** | $ _**See Addendum**_ |
| | | **by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | |
| | ¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. | |

---

**Part 3 / Parte 3:**     **Sign Below / Firmar a continuación**

**The person completing this claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

*Check the appropriate box / Marque la casilla correspondiente:*

☒  I am the creditor. / Soy el acreedor.

☐  I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el   **05/21/2018** _____ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____*James E. Bolin*_____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

| | | | |
|---|---|---|---|
| Name | **James** | **E.** | **Bolin** |
| | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |

Title / Cargo     **Partner**

Company / Compañía **Andalusian Global Designated Activity Company. By: Appaloosa LP, its investment advisor**

Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección   **c/o Appaloosa LP - 51 JFK Parkway**
Number / Número       Street / Calle

**Short Hills** _____ **NJ** __ **07078**
City / Ciudad                  State / Estado   ZIP Code / Código postal

Contact phone / Teléfono de contacto **(973) 701-7000**   Email / Correo electrónico **J.Bolin@amlp.com**

---

# Instructions for Proof of Claim

United States Bankruptcy Court                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

## How to fill out this form

- **Fill in all of the information about the claim as of the petition date.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or contact the Claims and Noticing Agent at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), or by email at puertoricoinfo@primeclerk.com. You may view a list of filed claims in the Title III cases by visiting the Claims and Noticing Agent's website at https://cases.primeclerk.com/puertorico.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the petition date, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the petition date. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy or confidential information. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form**

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**If by overnight courier or hand delivery:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

# Instrucciones para la Evidencia de reclamación

Tribunal de Quiebras de los Estados Unidos                                                                                    12/15

**Estas instrucciones y definiciones explican la ley de forma general. En ciertas circunstancias, tales como casos de quiebra que los deudores no presentan de forma voluntaria, se pueden aplicar excepciones a estas normas generales. Debe considerar la posibilidad de obtener el asesoramiento de un abogado, en especial si no conoce el proceso de quiebra y las reglamentaciones de privacidad.**

## Cómo completar este formulario

■ **Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.**

■ **Complete el título en la parte superior del formulario.**

■ **Si la reclamación se ha adquirido de otra persona, indique la identidad de la última parte** que fue propietaria de la reclamación o fue titular de la reclamación y que la transfirió a usted antes de que se presente la reclamación inicial.

■ **Adjunte cualquier documento de respaldo a este formulario.**
Adjunte copias editadas de cualquier documento que demuestre que la deuda existe, que un gravamen garantiza la deuda, o ambos. (Ver la definición de *edición* en la siguiente página).

También adjunte copias editadas de cualquier documento que demuestre el perfeccionamiento de un derecho de garantía o cualquier cesión o transferencia de la deuda. Además de los documentos, puede agregarse un resumen. Norma federal del procedimiento de quiebra (denominada "Norma de quiebra") 3001(c) y (d).

■ **No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de examinarlos.**

■ **Si la reclamación se basa en la prestación de bienes o servicios de atención médica, no divulgue información de atención médica confidencial. Omita o edite la información confidencial tanto en la reclamación como en los documentos adjuntos.**

■ **El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo el año de la fecha de nacimiento de una persona.** Ver la Norma de quiebra 9037.

■ **En el caso de un menor, complete solamente las iniciales del menor y el nombre completo y la dirección del padre o madre o el tutor del menor.** Por ejemplo, escriba *A.B., un menor* (*John Doe, padre, calle 123, ciudad, estado*). Ver la Norma de quiebra 9037.

## Confirmación de que se ha presentado la reclamación

Para recibir una confirmación de que se ha presentado la reclamación, puede adjuntar un sobre autodirigido y estampillado y una copia de este formulario o comunicarse con el representante de reclamaciones y notificaciones al (844) 822-9231 (número gratuito para EE. UU. y Puerto Rico) o al (646) 486-7944 (para llamadas internacionales), o por correo electrónico a puertoricoinfo@primeclerk.com. Para ver una lista de las reclamaciones presentadas en los casos del Título III, visite el sitio web del representante de reclamaciones y notificaciones en
https://cases.primeclerk.com/puertorico.

## Comprenda los términos utilizados en este formulario

**Gastos administrativos:** En términos generales, gastos que se generan luego de presentar un caso de quiebra en relación con el manejo, la liquidación o la distribución del patrimonio de la quiebra.
Título 11 § 503 del Código de los Estados Unidos (U.S.C.).

**Reclamación:** El derecho de un acreedor a recibir un pago por una deuda del deudor a la fecha en la que el deudor solicitó la quiebra. Título 11 §101 (5) del U.S.C. Una reclamación puede estar garantizada o no garantizada.

**Reclamación de conformidad con el Título 11 § 503(b)(9) del U.S.C.:** Una reclamación que surge del valor de cualquier bien recibido por el Deudor dentro de los 20 días anteriores a la fecha en la que se presentó el caso , en el que los bienes se han vendido al Deudor en el transcurso normal de los negocios del Deudor. Adjunte la documentación que respalde dicha reclamación.

**Acreedor:** Una persona, una sociedad anónima u otra entidad con la que el deudor tiene una deuda que se contrajo en la fecha en la que el deudor solicitó la quiebra o con anterioridad. Título 11 § 101 (10) del U.S.C.

**Deudor:** Una persona, una sociedad anónima u otra entidad que está en quiebra. Utilice el nombre del deudor y el número de caso tal como se muestran en el aviso de quiebra que recibió. Título 11 § 101 (13) del U.S.C.

**Prueba de pasos adicionales:** La prueba de la realización de pasos adicionales para hacer valer un derecho de garantía puede incluir documentos que demuestren que se ha presentado o registrado un derecho de garantía, tal como una hipoteca, un derecho de retención, un certificado de propiedad o una declaración de financiamiento.

**Información que debe mantenerse en privado:** El formulario de *Evidencia de reclamación* y los documentos adjuntos solo deben mostrar los últimos 4 dígitos de un número de seguridad social, el número de identificación tributaria de una persona o un número de cuenta financiera, y solo las iniciales del nombre de un menor y el año de la fecha de nacimiento de una persona. Si una reclamación se basa en la prestación de bienes o servicios de atención médica, limite la divulgación de los bienes o servicios a fin de evitar la incomodidad o la divulgación de información de atención médica confidencial. Es posible que, más adelante, se le solicite que brinde más información si el síndico u otra persona de interés se opone a la reclamación.

**Evidencia de reclamación:** Un formulario que detalla el monto de la deuda que el deudor mantiene con un acreedor a la fecha de la presentación. El formulario debe ser presentado en el distrito donde el caso se encuentra pendiente de resolución.

**Edición de información:** Ocultamiento, corrección, o eliminación de cierta información para proteger la privacidad o la información confidencial. Quienes presenten la documentación deben editar u omitir información sujeta a **privacidad** en el formulario de *Evidencia de reclamación* y en cualquier documento adjunto.

**Reclamación garantizada en virtud el Título 11 § 506(a) del U.S.C.:** Una reclamación respaldada por un derecho de retención sobre un bien en particular del deudor. Una reclamación está garantizada en la medida que un acreedor tenga el derecho a recibir un pago proveniente del bien antes de que se les pague a otros acreedores. El monto de una reclamación garantizada generalmente no puede ser mayor que el valor del bien en particular sobre el cual el acreedor mantiene un derecho de retención. Cualquier monto adeudado a un acreedor que sea mayor que el valor del bien generalmente se lo considera una reclamación no garantizada. Sin embargo, existen excepciones; por ejemplo, el Título 11 § 1322(b) del U.S.C., y la oración final de § 1325(a).

Algunos ejemplos de derechos de retención sobre bienes incluyen una hipoteca sobre un inmueble o un derecho de garantía sobre un automóvil. Un derecho de retención puede ser otorgado de manera voluntaria por un deudor o puede obtenerse a través de un procedimiento judicial. En algunos estados, una resolución judicial puede ser un derecho de retención.

**Compensación:** Ocurre cuando un acreedor se paga a sí mismo con dinero que pertenece al deudor y que mantiene en su poder, o cuando el acreedor cancela una deuda que mantiene con el deudor.

**Reclamación no garantizada:** Una reclamación que no cumple con los requisitos de una reclamación garantizada. Una reclamación puede no estar garantizada en parte en la medida que el monto de la reclamación sea mayor que el valor del bien sobre la cual un acreedor tiene un derecho de retención.

## Ofrecimiento de compra de una reclamación

Algunas entidades compran reclamaciones por un monto menor que su valor nominal. Estas entidades pueden contactar a acreedores para ofrecerles la compra de sus reclamaciones. Algunas comunicaciones por escrito de estas entidades pueden confundirse fácilmente con documentación judicial oficial o con comunicaciones del deudor. Estas entidades no representan al tribunal de quiebras, al síndico de la quiebra, ni al deudor. Un acreedor no tiene obligación alguna de vender su reclamación. Sin embargo, si decide hacerlo, cualquier transferencia de esa reclamación está sujeta a la Norma de Quiebras 3001(e), a las correspondientes disposiciones del Código de Quiebras (Título 11 § 101 y subsiguientes del U.S.C.) y a cualquier resolución del tribunal de quiebras que corresponda al caso.

### Envíe la(s) Evidencia(s) de reclamación completa(s) a:

**Si por correo de primera clase:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk LLC
Grand Central Station, PO Box 4708
New York, NY 10163-4708

**Si por el mensajero de una noche o la entrega de mensajero a mano:**
Commonwealth of Puerto Rico
Claims Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**No presente estas instrucciones con su formulario**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------- X
                                            )
In re:                                      )   PROMESA
                                            )   Title III
THE FINANCIAL OVERSIGHT AND                 )
MANAGEMENT BOARD FOR PUERTO RICO            )   Case No. 3:17-cv-03283 (LTS)
                                            )
        as representative of                )   (Jointly Administered)
                                            )
THE COMMONWEALTH OF PUERTO RICO, et al.,)
                                            )
        Debtors.¹                           )
                                            )
------------------------------------------------------------- X
                                            )
In re:                                      )
                                            )   PROMESA
THE FINANCIAL OVERSIGHT AND                 )   Title III
MANAGEMENT BOARD FOR PUERTO RICO            )
                                            )   Case No. 3:17-cv-03566 (LTS)
        as representative of                )
                                            )
THE EMPLOYEES RETIREMENT SYSTEM OF          )
THE GOVERNMENT OF PUERTO RICO               )
                                            )
        Debtor.                             )
                                            X
-------------------------------------------------------------
```

### ADDENDUM TO PROOF OF CLAIM OF ERS BONDHOLDER

---

[1]   The Debtors in these Title III cases, along with each Debtor's Bankruptcy Court case number and last four (4) digits of each Debtor's federal tax identification number are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case No. 17-bk-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808).

1.      This Proof of Claim is filed by Andalusian Global Designated Activity Company (the "Claimant") as a secured creditor and holder of secured bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") in 2008, against the Commonwealth of Puerto Rico (the "Commonwealth") and ERS.

## Background

2.      The ERS is a trust created by Act No. 447 of May 15, 1951 of the Legislature of the Commonwealth (the "ERS Enabling Act") to provide pension and other benefits to officers and employees of the Commonwealth, members and employees of the Legislature, and officers and employees of certain public corporations and municipalities of the Commonwealth. 3 L.P.R.A. § 761. The ERS Enabling Act gave ERS's Board of Trustees blanket authorization to incur debt on behalf of ERS and to secure such debt with ERS's assets. *See* 3 L.P.R.A. § 779(d).

3.      ERS is funded by employer contributions, employee contributions, and investment earnings on its undistributed funds. Employer contributions are the largest component of this income stream, and they constitute a legal asset of ERS. ERS has a statutory right to receive these employer contributions, and employers are required by statute to make them. ERS receives employer contributions both from the Commonwealth and from various municipalities within, and public corporations of, the Commonwealth.

4.      For decades, the Commonwealth has failed to make the amount of employer contributions required by law. This, among other things, has resulted in severe underfunding of ERS. In 2008, ERS sought to address its financial problems by issuing secured bonds (the "ERS Bonds"), which infused approximately $3 billion into ERS.

5.     The Claimant holds $195,970,000 in principal amount of term ERS Bonds (the "<u>Principal Amount</u>").

6.     ERS issued the ERS Bonds pursuant to the authority of a resolution (as thereafter supplemented, the "<u>ERS Bond Resolution</u>"). It is the ERS Bond Resolution and the related security agreement that govern the contractual relationship between ERS and the holders of the ERS Bonds (the "<u>ERS Bondholders</u>") with respect to the ERS Bonds, specify the times and amounts of payment of interest and repayment of principal, and set forth the collateral ERS provided as security for payment. Specifically, the collateral underlying the security package was called "Pledged Property," as that term is defined in the ERS Bond Resolution, and included, among other things, employer contributions and ERS's right to receive employer contributions. ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37. ERS was required to use the Pledged Property to make timely principal and interest payments on the ERS Bonds before it spent or used any of the funds for any other purpose. *Id.* §§ 501, 701, & Exh. B, VI-36. To assure that the Pledged Property would remain available to secure the ERS Bonds, the ERS Bond Resolution explicitly required ERS to pursue all available legal remedies to collect employer contributions that were delinquent or inadequate. *Id.* §§ 701, 709.

7.     As the Financial Oversight and Management Board of the Commonwealth of Puerto Rico (the "<u>Oversight Board</u>"), ERS, and the Commonwealth have previously acknowledged, the ERS Bonds are oversecured.[2]

---

[2] *See, e.g.,* Brief of Amicus Curiae Fin. Oversight and Mgmt. Bd. for Puerto Rico in Support of Respondents-Appellees Urging Affirmance of the District Court Order in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.*, No. 16-2433, ECF No. 65, at 18 (1st Cir. Dec. 23, 2016) ("The [ERS Bondholders] have a substantial equity cushion as a result of the reserve accounts and the perpetual revenue streams."); Respondent Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair*

8.      On May 3, 2017, the Oversight Board approved and certified the filing of a petition for the Commonwealth to restructure the Commonwealth's debts pursuant Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

9.      On May 21, 2017, the Oversight Board approved and certified the filing of a separate PROMESA Title III petition for ERS.  PROMESA incorporates the automatic stay provisions of § 362 of title 11 of the United States Code (the "Bankruptcy Code").  Pursuant to these provisions, the filing of the ERS Title III case on May 21, 2017, operated as a stay against all efforts by any person (including the Commonwealth) to obtain or exercise control over property of ERS.

10.     On June 25, 2017, the Puerto Rico Legislature passed Joint Resolution for Other Allocations for Fiscal Year 2017-2018 ("Joint Resolution 188") and the Oversight Board adopted it on behalf of the Governor on June 30, 2017.  Joint Resolution 188 ordered ERS to sell its assets and to transfer the net cash proceeds, in addition to any available funds, into an account as part of the General Fund for fiscal year 2017-2018 to make benefit payments to pensioners.  Joint Resolution 188 §§ 1, 2, 3.  Joint Resolution 188 also provided, in relevant part, that the Commonwealth, its public corporation, and its municipalities would stop making employer contributions to ERS and, instead, would make employer contributions to the Commonwealth.

---

(continued...)

*Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.,* No. 16-cv-2696, ECF No. 52, at 10-11 (Oct. 26, 2016) ("[T]he security interests held by the ERS Bondholders provide them with future protection more than sufficient to address any concern, real or imagined."); Respondents' Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.,* No. 16-cv-2696, ECF No. 53, at 18 ("Given its size and indefinite duration, the security interest provides Movants with the adequate protection they purport is required to ensure payment on their bonds, certainly through the expiration of the PROMESA stay and, indeed, for as long as the bonds remain outstanding.").

No consideration was provided to ERS or the ERS Bondholders in exchange for the collateral transferred to the Commonwealth's General Fund.

11.     On August 18, 2017, the Puerto Rico legislature passed Act 106-2017 ("Act 106") and the Governor signed it into law on August 23, 2017. Act 106 provided that, in accordance with Joint Resolution 188, on July 13, 2017 the Commonwealth became the "direct payer of our retirees' pensions." Act 106, § 1.4. Act 106 also reiterated that, in accordance with Joint Resolution 188, ERS would contribute its assets to the Commonwealth and that the Commonwealth, its public corporations, and its municipalities would stop making employer contributions to ERS. *Id.*, §§ 1.3, 1.4.

## Basis for Proof of Claim

12.     This Proof of Claim by the Claimant against ERS and the Commonwealth is predicated upon secured claims arising under, relating to, or in connection with (a) ERS's breach of its obligation to pay principal and interest on the ERS Bonds; (b) ERS's numerous breaches of its obligations under the ERS Bonds, the ERS Bond Resolution and the security agreement, including, without limitation, (i) ERS's failure to promptly collect and remit employer contributions to the Fiscal Agent, (ii) ERS's failure to pursue all available legal remedies to collect employer contributions that are delinquent or inadequate, (iii) ERS's failure to transfer employer contributions to the respective collateral accounts on a monthly basis, (iv) ERS's breach of its obligation to oppose the enactment of Joint Resolution 188 and Act 106 (collectively, the "Post-Petition Legislation"), and (v) ERS's failure to defend, preserve, and protect the assignment of the Pledged Property and the rights of the ERS Bondholders; (c) the unjust enrichment of ERS at the ERS Bondholders' expense; (d) the Commonwealth's enactment of the Post-Petition Legislation and/or receipt of the Pledged Property from ERS, including,

without limitation, (i) the Commonwealth's violation of the automatic stay in ERS's Title III case when it enacted the Post-Petition Legislation diverting employer contributions from ERS to the Commonwealth and requiring ERS to liquidate its assets and transfer the proceeds to the Commonwealth, (ii) the Commonwealth's acquisition of the Pledged Property that remains subject to the Claimant's liens under the UCC, (iii) the Commonwealth's violation of the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (iv) the Commonwealth's violation of Article I, § 10 of the United States Constitution and Article II, § 7 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (v) the unjust enrichment of the Commonwealth at the ERS Bondholders' expense resulting from the transfer of the Pledged Property under the Post-Petition Legislation; and (vi) the Commonwealth's violation of PROMESA, including, without limitation, the Commonwealth's violation of Section 407 of PROMESA when it enacted the Post-Petition Legislation; (e) the Commonwealth's failure to pay prepetition employer contributions; (f) the Commonwealth's and ERS's breach of the *Order Approving Stipulation, Setting Aside Hearing and Dismissing Case* entered by Judge Besosa on January 17, 2017, in Case No. 16-cv-02696 [Dkt. No. 83]; and (g) any other claims the Claimant may have against ERS or the Commonwealth in connection with the Post-Petition Legislation, the ERS Bonds, the ERS Bond Resolution, the passage of various unlawful acts and/or executive orders, and/or any other unlawful actions.

13.    ***Claims Asserted in Adversary Case***.   Attached hereto as Exhibit A is the ERS Bondholders' *Amended and Supplemented Adversary Complaint* filed in *Altair Global Credit Opportunities Fund (A), LLC, et al. v. The Commonwealth of Puerto Rico, et al.*, Adv. Proc. Nos. 17-219 and 17-220 (D.P.R.) [Dkt. No. 39], which sets forth certain claims by the ERS

Bondholders against ERS and the Commonwealth (the "Adversary Complaint Claims," and together with the claims identified in ¶ 12, the "Claims"). The Claimant hereby incorporates the Adversary Complaint Claims into this Proof of Claim and asserts them against ERS and the Commonwealth.

14.    ***ERS's Breach of Its Obligation to Pay Principal and Interest on the ERS Bonds.*** ERS is obligated to pay principal and interest on the ERS Bonds pursuant to the ERS Bond Resolution. ERS Bond Resolution § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

15.    ***ERS's Breach of Its Obligation to Promptly Collect and Remit Employer Contributions to the Fiscal Agent.*** ERS is obligated to "promptly collect and remit" all employer contributions to the Fiscal Agent in accordance with its statutory obligations. *Id.* § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

16.    ***ERS's Breach of Its Obligation to Pursue All Available Legal Remedies to Collect Employer Contributions That Are Delinquent or Inadequate.*** ERS is obligated to perform all acts and enforce all its powers . . . in order to promptly collect and remit the Employers' Contributions" for payment of the ERS Bonds. *Id.*; *see also* § 709(1). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

17.    ***ERS's Breach of Its Obligation to Transfer Employer Contributions to the Respective Collateral Accounts on a Monthly Basis.*** ERS is obligated to transfer employer contributions to the Fiscal Agent in accordance with certain provisions of the ERS Bond

Resolution. *Id.* §§ 504, 505, 506. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

18. ***ERS's Breach of Its Obligation to Oppose the Enactment of the Post-Petition Legislation.*** ERS is obligated to "oppose any attempt by the Legislature of the Commonwealth . . . to make any other change in the [ERS Enabling Act] or any other relevant legislation that would have a material adverse effect on [the ERS] Bondholders." *Id.* § 709(2). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

19. ***ERS's Failure to Defend, Preserve, and Protect the Assignment of the Pledged Property and the Rights of the ERS Bondholders.*** ERS is obligated, "at all times, to the extent permitted by law, [to] defend, preserve and protect the assignment of the Pledged Property and all the rights of the Fiscal Agent, the Beneficiaries and the [ERS Bondholders] under [the ERS Bond] Resolution against all claims and demands of all persons whomsoever." *Id.* § 705. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

20. ***Unjust Enrichment of ERS.*** The ERS Bondholders provided approximately $3 billion to ERS to help pay pension and other benefits. In exchange, ERS promised to pay principal and interest on the ERS Bonds and granted the ERS Bondholders liens on the Pledged Property. To the extent ERS is permitted to evade all of the responsibilities it voluntarily assumed in issuing the ERS Bonds, while also retaining the $3 billion it obtained, this results in an unjust enrichment of ERS at the ERS Bondholders' expense.

21. ***The Commonwealth's Violation of the ERS Automatic Stay.*** The Commonwealth enacted the Post-Petition Legislation after the commencement of ERS's Title III

case.  The Post-Petition Legislation required ERS to (1) liquidate its assets and transfer the proceeds to the Commonwealth, and (2) divert employer contributions to which ERS has a statutory right away from ERS to the Commonwealth.  The Commonwealth is an entity separate from ERS that owed payment obligations to ERS.  Accordingly, the enactment of the Post-Petition Legislation was action by the Commonwealth to obtain possession of property of ERS and from ERS, and to exercise control over property of ERS, in violation of the ERS automatic stay.  The Commonwealth's violation of the ERS automatic stay caused ERS to be unable to fulfill its obligation to pay principal and interest on the ERS Bonds and deprived the ERS Bondholders of their property interests in the Pledged Property.

22.   ***The Pledged Property Remains Subject to the Claimant's Liens Under the UCC.***  The Puerto Rico Uniform Commercial Code (both in 2008 and today) provides that "[a] security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien," and also that "a security interest attaches to any identifiable proceeds of collateral."  19 L.P.R.A. § 2265(a); *see also* 19 L.P.R.A. § 2106(2) (2008) ("[A] security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.").  Nothing in PROMESA alters, amends, or preempts these laws.  The Post-Petition Legislation transfers the Pledged Property from ERS to the Commonwealth.  The Claimant has secured claims in the Pledged Property acquired by the Commonwealth and therefore holds secured claims against the Commonwealth with respect to any Pledged Property in the Commonwealth's possession.

23. ***The Commonwealth's Taking of the ERS Bondholders' Property Without Just Compensation.*** The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V (the "U.S. Takings Clause"). Article II, Section 9 of the Puerto Rico Constitution provides that "[p]rivate property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law." P.R. Const. art. II, § 9 (the "P.R. Takings Clause"). The ERS Bondholders possess a constitutionally protected property interest in the form of valid, perfected security interests in and liens on the Pledged Property as well as the contractual right to timely payment of principal and interest. The Post-Petition Legislation ordered ERS to sell its assets and to transfer its funds to the Commonwealth. The Post-Petition Legislation also ordered the Commonwealth and non-Commonwealth public employers (such as municipalities and public corporations) to cease paying employer contributions to ERS and instead make these payments to the Commonwealth's General Fund. The Post-Petition Legislation provided no compensation of any kind for the transfer of the ERS Bondholders' property to the Commonwealth and therefore constitutes an unconstitutional taking of the Pledged Property. At all relevant times, the ERS Bondholders have been oversecured. Accordingly, the amount of just compensation required for the taking of the ERS Bondholders' collateral is no less than the principal amount of the ERS Bonds and any and all interest accruing thereon until the date compensation is paid. In addition, as explained above, impairing the ERS Bondholders' just compensation claims in a Title III plan would violate the Fifth and Fourteenth Amendments to the United States Constitution.

24. ***The Commonwealth's Violation of the United States and Puerto Rico Contracts Clauses.*** Article I, § 10 of the United States Constitution provides that "[n]o State

shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Article II, § 7 of the Puerto Rico Constitution provides that "[n]o laws impairing the obligation of contracts shall be enacted." P.R. Const. art. II, § 7. The ERS Bond Resolution created a contractual relationship between ERS and the ERS Bondholders. The ERS Bondholders have a contractual right to timely payment of principal and interest by ERS. ERS Bond Resolution § 701. Moreover, the ERS Bondholders have a contractual right and security interest in the Pledged Property. *Id.* § 501. The Post-Petition Legislation required ERS to liquidate its assets and pay the proceeds to the Commonwealth's General Fund, and divert the stream of employer contributions from ERS to the Commonwealth. Accordingly, the Post-Petition Legislation substantially impairs contractual obligations of ERS. This substantial impairment is neither reasonable nor necessary to an important purpose of the Commonwealth government.

25.     ***Unjust Enrichment of the Commonwealth.*** The Post-Petition Legislation required ERS to transfer the Pledged Property, the ERS Bondholders' collateral, to the Commonwealth without providing any consideration, without the ERS Bondholders' consent, and in violation of United States and Puerto Rico law. To the extent the Commonwealth possesses the Pledged Property pursuant to the Post-Petition Legislation, the Commonwealth is intentionally and wrongfully holding the ERS Bondholders' property without their consent, which results in an unjust enrichment of the Commonwealth at the ERS Bondholders' expense.

26.     ***The Commonwealth's Violation of Section 407 of PROMESA.*** Section 407 of PROMESA provides:

> While an Oversight Board for Puerto Rico is in existence, if any property of any territorial instrumentality of Puerto Rico is transferred in violation of applicable law under which any creditor has a valid pledge of, security interest in, or lien on such property, or which deprives any such territorial instrumentality of property in violation of applicable law assuring the transfer of such property to such territorial

instrumentality for the benefit of its creditors, then the transferee shall be liable for the value of such property.

48 U.S.C. § 2195(a). ERS has a statutory right to receive employer contributions from the Commonwealth and non-Commonwealth public employers. The ERS Bondholders possess valid, perfected security interests in and liens on the Pledged Property, which includes, among other things, employer contributions and the right to receive employer contributions. The Post-Petition Legislation required ERS to sell and transfer its assets and funds, all of which are subject to the ERS Bondholders' liens on the Pledged Property. The Post-Petition Legislation also required the Commonwealth and non-Commonwealth public employers to cease paying employer contributions to ERS and instead to make these payments to the Commonwealth's General Fund. Employer contributions and the right to receive employer contributions are subject to the ERS Bondholders' liens on the Pledged Property. The Commonwealth has provided no compensation of any kind for these transfers, in violation of United States and Puerto Rico law. As transferee of the property, the Commonwealth is liable for the value of the property.

27. *The Commonwealth's Failure to Pay Prepetition Employer Contributions.* ERS has a statutory right to receive employer contributions, and employers, including the Commonwealth, are required by statute to make them. These contributions are used to make timely payment of principal and interest on the ERS Bonds and the ERS Bondholders have liens on, among other things, all employer contributions and the right to receive them. Historically, the Commonwealth has been responsible for approximately 59 percent of the employer contributions to which ERS is entitled. Despite the importance of employer contributions, the Commonwealth has never paid enough to satisfy its contribution requirements. As a result, as of the filing of the Commonwealth's Title III case, the

Commonwealth owed ERS hundreds of millions of dollars in past due unpaid employer contributions.   *See*, *e.g.*, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Annual Financial Information Fiscal Year 2016, at 13, n 1, *available at* https://emma.msrb.org/ER1050099-ER822796-ER1223828.pdf.   The Claimant has standing to assert this claim under the ERS Bond Resolution and applicable law. *See, e.g.,* ERS Bond Resolution § 1102(1)(i) (authorizing a "suit, action or proceeding to enforce all rights of the Bondowners, including the right to collect or require [ERS] to collect Revenues adequate to carry out the covenants, agreements and assignments with respect thereto contained in this Resolution").

28.   ***The Commonwealth's and ERS's Breach of the Order Approving Stipulation, Setting Aside Hearing and Dismissing Case Entered by Judge Besosa on January 17, 2017.***   On January 17, 2017, Judge Besosa entered an order approving a stipulation entered into by the Claimant, ERS, the Commonwealth, and the Oversight Board (the "Order"). *See* Order Approving Stipulation, Setting Aside Hearing and Dismissing Case, No. 16-cv-02696, Dkt. No. 83.   The Order required ERS to transfer any employer contributions received from the Commonwealth to a specified bank account. *See id.* at 2-3 ("To the extent that ERS receives any Commonwealth central government Employers' Contributions, unless otherwise agreed in writing by the undersigned parties, such contributions shall be retained in the Segregated Account pending further order of the Court, provided, however, the undersigned parties agree that such matter may be heard by the Court upon motion and at an expedited hearing.").   ERS later admitted that it received employer contributions from the Commonwealth and did not transfer those amounts to the specified account, in violation of the Order. *See* DiPompeo Decl., D.I. 96 in Adv. Proc. No. 17-213, Ex. A at 307:2-310:6.

29.     ***Additional Claims.***   ERS and the Commonwealth also damaged the Claimant through the Post-Petition Legislation, the passage of various unlawful acts and executive orders, including, without limitation, the Puerto Rico Emergency Moratorium and Financial Rehabilitation Act or Act No. 21-2016, Executive Order 2016-31, and the Fiscal Responsibility Act or Act. No. 5-2017, and other unlawful actions, that violated (a) Puerto Rico law, including, without limitation, the law of fraudulent transfer, conversion, tortious interference, alter ego, subrogation, avoidance, breach of fiduciary duty, promissory estoppel, breach of express and implied warranty, negligent misrepresentation or omission, and fraudulent misrepresentation or omission, (b) the United States Bankruptcy Code, (c) PROMESA, (d) various securities laws, and (e) the United States and Puerto Rico Constitutions.

### Supporting Documentation

30.     Copies of following supporting documents are attached hereto: (1) the ERS Bond Resolution as <u>Exhibit B</u>; (2) the Security Agreement, dated June 2, 2008, as <u>Exhibit C</u>; and (3) the Uniform Commercial Code filings made in connection with the ERS Bonds as <u>Exhibit D</u>.  The Claimant reserves the right to supplement these documents.

### Nature of Claims

31.     The Claimant is owed the Principal Amount, plus accrued interest and attorney's fees and expenses, plus unliquidated and contingent amounts to be determined.  The Claims are fully secured and entitled to administrative expense priority.  In addition, the claims for just compensation on account of the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired or discharged pursuant to a Title III plan of adjustment.

**Secured Claims**

32.     The Claims are all secured under 11 U.S.C. § 506(a)(1) of the Bankruptcy Code.  Pursuant to the ERS Bond Resolution, the security agreement, and appropriately-filed financing statements, the Claimant is a secured creditor with valid, perfected liens on the Pledged Property.

33.     The Claims are all secured against the Commonwealth pursuant to 19 L.P.R.A. § 2106(2) and 19 L.P.R.A. § 2265(a).  Because the Commonwealth acquired property subject to the Claimant's valid, perfected liens on the Pledged Property, the Claimant is a secured creditor to the full extent of its claims against the Commonwealth.

**Administrative Expense Claims**

34.     The Post-Legislation was enacted after the commencement of the ERS Title III case and the Commonwealth Title III case.  The Claims arising from the post-petition conduct of ERS and the Commonwealth are entitled to administrative expense status under 11 U.S.C. § 503, as incorporated into PROMESA by Section 301.

35.     The filing of this Proof of Claim in no respect waives, alters or otherwise affects any rights that the Claimant may have with regard to any other claims created or otherwise arising on or subsequent to the date on which ERS or the Commonwealth commenced these Title III cases.  The Claimant reserve all rights to argue that any right to payment is a post-petition claim.

**Non-Dischargeable Claims**

36.     The claims under the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution resulting from the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired by a PROMESA plan of

adjustment.   PROMESA cannot be construed to violate the United States Constitution.   *See*

*Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) ("The bankruptcy power,

like the other great substantive powers of Congress, is subject to the Fifth Amendment.").

Accordingly, as the United States has previously explained, this Court cannot confirm a plan that

would "impair [a] constitutional claim for just compensation." *In re City of Detroit*, 524 B.R.

147, 270 (Bankr. E.D. Mich. 2014).[3]   Unsurprisingly, PROMESA's framework is consistent with

this view.   First, 11 U.S.C § 1129(b)(2)(A), incorporated by Section 301(a) of PROMESA, 48

U.S.C. § 2161(a), provides constitutionally rooted property protections for secured claims.

Second, Section 314 of PROMESA prohibits the Court from confirming a plan if the debtor is

"prohibited by law"—such as the Constitution—"from taking any action necessary to carry out

the plan."   48 U.S.C. § 2174 (b)(3).   Finally, 11 U.S.C. § 944(c)(1), also incorporated by

PROMESA, permits the Court to order a takings claim nondischargeable. *See Detroit*, 524 B.R.

at 270.

## Reservation of Rights

37.     The Claimant does not waive, and expressly reserves, all rights and

remedies at law or in equity that it has or may have against ERS and the Commonwealth and/or

any other person or entity.   The Claimant reserves the right to amend or supplement this Proof of

Claim at any time and in any respect, including, without limitation, as necessary or appropriate to

amend, quantify or correct amounts, to provide additional detail regarding the claims set forth in

this Proof of Claim or the basis therefor, to fix the amount of any contingent or unliquidated

---

[3] *Accord* Br. for the United States at 6-7, *Detroit*, 524 B.R. 147 (No. 13-53846), Dkt. No. 6664
("To the extent that the Plan proposes . . . to pay less than the full amount of a claim based on a
just compensation award, regardless of when that award or the facts giving rise to it occur, i.e.,
prepetition or postpetition, such treatment would raise substantial constitutional questions. The
Just Compensation Clause would appear to require these claims to be treated as
nondischargeable.").

claim and/or to assert that all or any part of the claim(s) set forth in this Proof of Claim are entitled to be treated as an administrative expense or other priority. The Claimant further reserves the right to file and assert any additional claims or requests for payment of administrative expense of whatever kind or nature that may be or later become due from ERS and the Commonwealth under any other agreement or otherwise, including, without limitation, any secured, priority, administrative expense or general unsecured claims under the Bankruptcy Code or otherwise, whether known or unknown, liquidated or unliquidated, choate or inchoate, disputed or undisputed or contingent or fixed.

38.     The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of the Claimant's rights against any person, entity or property, including any of the other debtors in these Title III cases, that may be liable for all or part of the claims set forth in this Proof of Claim; (b) an election of remedies; (c) an acknowledgment that the Claimant received adequate notice of any bar date fixed in these cases; (d) a waiver of the Claimant's right to assert additional administrative expense claims or an acknowledgment that all or any part of the claim(s) set forth in any Claim or herein or any other claim are not entitled to administrative or other priority; or (e) an admission that any valid claims or causes of action exist against the Claimant. The filing of this Proof of Claim is not and shall not be deemed or construed as a waiver of any such setoff or recoupment rights, and any such right of setoff or recoupment shall survive the closing of the Title III cases.

39.     The Claimant does not waive any right to any security held by or for it or any right with respect to any specific assets or any right or rights of action that it has or may have against the Commonwealth and ERS or any other person or persons who may be liable for all or any part of the claim(s) set forth in any Claim or herein.

**<u>Notices</u>**

40.    Copies of all notices and communications concerning this Proof of Claim

should be sent to:

> Andalusian Global Designated Activity Company
> c/o Appaloosa LP
> 51 JFK Parkway
> Short Hills, NJ 07078
> Tel. 973.701.7000

With a copy to:

> Jones Day
> 250 Vesey Street
> New York, NY 10281
> Tel. 212.326.8312
> Attention:  Benjamin Rosenblum, Esq.

United States District Court for the District of Puerto Rico / Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

MAY 24 2018

PRIME CLERK LLC



170328380005988

Modified Official Form 410 / Formulario Oficial 410 Modificado

# Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. **Who is the current creditor?**

   **¿Quién es el acreedor actual?**

   **Mason Capital Master Fund, LP**

   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor
   Otros nombres que el acreedor usó con el deudor _____

**Claim Number: 20647**

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?**<br><br>¿Esta reclamación se ha adquirido de otra persona? | ☒ No / No<br>☐ Yes. From whom?<br>   Sí. ¿De quién? _____ |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>¿A dónde deberían enviarse las notificaciones al acreedor?<br><br>c/o Richard Engman<br>_____<br>Name / Nombre<br><br>110 East 59th Street, 30th Floor<br>_____<br>Number / Número    Street / Calle<br><br>New York    NY    10022<br>_____<br>City / Ciudad   State / Estado   ZIP Code / Código postal<br><br>212-771-1244<br>_____<br>Contact phone / Teléfono de contacto<br><br>rengman@masoncap.com<br>_____<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?**<br>(if different)<br>¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)<br><br>_____<br>Name / Nombre<br><br>_____<br>Number / Número    Street / Calle<br><br>_____<br>City / Ciudad   State / Estado   ZIP Code / Código postal<br><br>_____<br>Contact phone / Teléfono de contacto<br><br>_____<br>Contact email / Correo electrónico de contacto | |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?**<br><br>¿Esta reclamación es una enmienda de otra presentada anteriormente? | ☒ No / No<br>☐ Yes.  Claim number on court claims registry (if known)<br>   Sí.  Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>   Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |

| | | |
|---|---|---|
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación? | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>   Sí. ¿Quién hizo la reclamación anterior?_____ |

**Part 2 / Parte 2:**    **Give Information About the Claim as of the Petition Date**

**Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.**

| | | |
|---|---|---|
| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? | ☒ No / No<br>☐ Yes.  Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>Sí.  Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |

| | | |
|---|---|---|
| 7. | **Do you supply goods and / or services to the government?**<br><br>¿Proporciona bienes y / o servicios al gobierno? | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

8. **How much is the claim?**

$ <u>See Addendum</u> . **Does this amount include interest or other charges?**
¿Este importe incluye intereses u otros cargos?

   **¿Cuál es el importe de la reclamación?**

☐ No / No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other
charges required by Bankruptcy Rule 3001(c)(2)(A).
Sí. Adjunte un balance con intereses detallados, honorarios,
gastos u otros cargos exigidos por la Norma de Quiebras
3001(c)(2)(A).

9. **What is the basis of the claim?**

   **¿Cuál es el fundamento de la reclamación?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit
disclosing information that is entitled to privacy, such as health care information.

Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u
homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la
reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que
reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.

<u>See Addendum</u>

10. **Is all or part of the claim secured?**

    **¿La reclamación está garantizada de manera total o parcial?**

☐ No / No

☒ Yes. The claim is secured by a lien on property.
Sí. La reclamación está garantizada por un derecho de retención sobre un bien.

   **Nature of property / Naturaleza del bien:**
   ☐ Motor vehicle / Vehículos

   ☒ Other. Describe:
   Otro. Describir: <u>See Addendum</u>

   **Basis for perfection / Fundamento de la realización de pasos adicionales:** <u>See Addendum</u>

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for
   example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has
   been filed or recorded.)

   Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales
   para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un
   certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha
   presentado o registrado un derecho de retención.)

   **Value of property / Valor del bien:** $ <u>See Addendum</u>

   **Amount of the claim that is secured /**
   **Importe de la reclamación que está garantizado:** $ <u>See Addendum</u>

   **Amount of the claim that is unsecured /**
   **Importe de la reclamación que no está garantizado:** $ <u>0.00</u>
   (The sum of the secured and unsecured amounts should match the amount in line 7.)
   (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)

   **Amount necessary to cure any default as of the Petition Date /**
   **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____
   <u>See Addendum</u>

   **Annual Interest Rate** (on the Petition Date)
   **Tasa de interés anual** (cuando se presentó el caso) <u>See Addendum</u>
   ☐ Fixed / Fija
   ☐ Variable / Variable

11. **Is this claim based on a lease?**

    **¿Esta reclamación está basada en un arrendamiento?**

☒ No / No

☐ Yes. Amount necessary to cure any default as of the Petition Date.
Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____

| | |
|---|---|
| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: ___**See Addendum**_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☐ No / No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**     $_**See Addendum**___<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

---

| **Part 3 / Parte 3:** | **Sign Below / Firmar a continuación** |
|---|---|

**The person completing this claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☒ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el ___05/31/2018___ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

**Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:**

| Name | **John Grizzetti** |
|---|---|
| | First name / Primer nombre     Middle name / Segundo nombre     Last name / Apellido |
| Title / Cargo | **Chief Financial Officer** |
| Company / Compañía | **Mason Capital Master Fund, LP** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer.<br>Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador. |
| Address / Dirección | **110 East 59th Street, 30th Floor** |
| | Number / Número     Street / Calle |
| | **New York**                                          **NY**          **10022** |
| | City / Ciudad                                 State / Estado     ZIP Code / Código postal |

Contact phone / Teléfono de contacto **212-771-1232**     Email / Correo electrónico **johng@masoncap.com**

---

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------ X
                        )

In re:                        )     PROMESA
                        )     Title III

THE FINANCIAL OVERSIGHT AND     )
MANAGEMENT BOARD FOR PUERTO RICO   )     Case No. 3:17-cv-03283 (LTS)
                        )

      as representative of        )     (Jointly Administered)
                        )

THE COMMONWEALTH OF PUERTO RICO, *et al.*,)
                        )

          Debtors.[1]        )
                        )
------------------------------------------------------------ X
                        )
In re:                        )
                        )     PROMESA
THE FINANCIAL OVERSIGHT AND     )     Title III
MANAGEMENT BOARD FOR PUERTO RICO   )
                        )     Case No. 3:17-cv-03566 (LTS)
      as representative of        )
                        )
THE EMPLOYEES RETIREMENT SYSTEM OF )
THE GOVERNMENT OF PUERTO RICO    )
                        )
          Debtor.         )
                        X
------------------------------------------------------------

## ADDENDUM TO PROOF OF CLAIM OF ERS BONDHOLDER

---

[1]  The Debtors in these Title III cases, along with each Debtor's Bankruptcy Court case number and last four (4) digits of each Debtor's federal tax identification number are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case. No. 17-bk-3567 (LTS) (Last Four Digits of Federal Tax ID: 3808).

1.      This Proof of Claim is filed by Mason Capital Master Fund, LP (the "Claimant") as a secured creditor and holder of secured bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") in 2008, against the Commonwealth of Puerto Rico (the "Commonwealth") and ERS.

## Background

2.      The ERS is a trust created by Act No. 447 of May 15, 1951 of the Legislature of the Commonwealth (the "ERS Enabling Act") to provide pension and other benefits to officers and employees of the Commonwealth, members and employees of the Legislature, and officers and employees of certain public corporations and municipalities of the Commonwealth.  3 L.P.R.A. § 761.  The ERS Enabling Act gave ERS's Board of Trustees blanket authorization to incur debt on behalf of ERS and to secure such debt with ERS's assets. *See* 3 L.P.R.A. § 779(d).

3.      ERS is funded by employer contributions, employee contributions, and investment earnings on its undistributed funds.  Employer contributions are the largest component of this income stream, and they constitute a legal asset of ERS.  ERS has a statutory right to receive these employer contributions, and employers are required by statute to make them.  ERS receives employer contributions both from the Commonwealth and from various municipalities within, and public corporations of, the Commonwealth.

4.      For decades, the Commonwealth has failed to make the amount of employer contributions required by law.  This, among other things, has resulted in severe underfunding of ERS.  In 2008, ERS sought to address its financial problems by issuing secured bonds (the "ERS Bonds"), which infused approximately $3 billion into ERS.

5.    The Claimant holds $86,600,000 in principal amount at stated maturity of capital appreciation ERS Bonds and $201,890,000 in principal amount of term ERS Bonds (collectively, the "Principal Amount").

6.    ERS issued the ERS Bonds pursuant to the authority of a resolution (as thereafter supplemented, the "ERS Bond Resolution"). It is the ERS Bond Resolution and the related security agreement that govern the contractual relationship between ERS and the holders of the ERS Bonds (the "ERS Bondholders") with respect to the ERS Bonds, specify the times and amounts of payment of interest and repayment of principal, and set forth the collateral ERS provided as security for payment. Specifically, the collateral underlying the security package was called "Pledged Property," as that term is defined in the ERS Bond Resolution, and included, among other things, employer contributions and ERS's right to receive employer contributions. ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37. ERS was required to use the Pledged Property to make timely principal and interest payments on the ERS Bonds before it spent or used any of the funds for any other purpose. *Id.* §§ 501, 701, & Exh. B, VI-36. To assure that the Pledged Property would remain available to secure the ERS Bonds, the ERS Bond Resolution explicitly required ERS to pursue all available legal remedies to collect employer contributions that were delinquent or inadequate. *Id.* §§ 701, 709.

7.    As the Financial Oversight and Management Board of the Commonwealth of Puerto Rico (the "Oversight Board"), ERS, and the Commonwealth have previously acknowledged, the ERS Bonds are oversecured.[2]

---

[2] *See, e.g.*, Brief of Amicus Curiae Fin. Oversight and Mgmt. Bd. for Puerto Rico in Support of Respondents-Appellees Urging Affirmance of the District Court Order in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.*, No. 16-2433, ECF No. 65, at 18 (1st Cir. Dec. 23, 2016) ("The [ERS Bondholders] have a substantial equity cushion as a result of the reserve accounts and the perpetual revenue streams.");

8.  On May 3, 2017, the Oversight Board approved and certified the filing of a petition for the Commonwealth to restructure the Commonwealth's debts pursuant Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

9.  On May 21, 2017, the Oversight Board approved and certified the filing of a separate PROMESA Title III petition for ERS. PROMESA incorporates the automatic stay provisions of § 362 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to these provisions, the filing of the ERS Title III case on May 21, 2017, operated as a stay against all efforts by any person (including the Commonwealth) to obtain or exercise control over property of ERS.

10.  On June 25, 2017, the Puerto Rico Legislature passed Joint Resolution for Other Allocations for Fiscal Year 2017-2018 ("Joint Resolution 188") and the Oversight Board adopted it on behalf of the Governor on June 30, 2017. Joint Resolution 188 ordered ERS to sell its assets and to transfer the net cash proceeds, in addition to any available funds, into an account as part of the General Fund for fiscal year 2017-2018 to make benefit payments to pensioners. Joint Resolution 188 §§ 1, 2, 3. Joint Resolution 188 also provided, in relevant part, that the Commonwealth, its public corporation, and its municipalities would stop making employer

---

(continued...)

Respondent Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.*, No. 16-cv-2696, ECF No. 52, at 10-11 (Oct. 26, 2016) ("[T]he security interests held by the ERS Bondholders provide them with future protection more than sufficient to address any concern, real or imagined."); Respondents' Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, ECF No. 53, at 18 ("Given its size and indefinite duration, the security interest provides Movants with the adequate protection they purport is required to ensure payment on their bonds, certainly through the expiration of the PROMESA stay and, indeed, for as long as the bonds remain outstanding.").

contributions to ERS and, instead, would make employer contributions to the Commonwealth. No consideration was provided to ERS or the ERS Bondholders in exchange for the collateral transferred to the Commonwealth's General Fund.

11.    On August 18, 2017, the Puerto Rico legislature passed Act 106-2017 ("Act 106") and the Governor signed it into law on August 23, 2017. Act 106 provided that, in accordance with Joint Resolution 188, on July 13, 2017 the Commonwealth became the "direct payer of our retirees' pensions." Act 106, § 1.4. Act 106 also reiterated that, in accordance with Joint Resolution 188, ERS would contribute its assets to the Commonwealth and that the Commonwealth, its public corporations, and its municipalities would stop making employer contributions to ERS. *Id.*, §§ 1.3, 1.4.

### Basis for Proof of Claim

12.    This Proof of Claim by the Claimant against ERS and the Commonwealth is predicated upon secured claims arising under, relating to, or in connection with (a) ERS's breach of its obligation to pay principal and interest on the ERS Bonds; (b) ERS's numerous breaches of its obligations under the ERS Bonds, the ERS Bond Resolution and the security agreement, including, without limitation, (i) ERS's failure to promptly collect and remit employer contributions to the Fiscal Agent, (ii) ERS's failure to pursue all available legal remedies to collect employer contributions that are delinquent or inadequate, (iii) ERS's failure to transfer employer contributions to the respective collateral accounts on a monthly basis, (iv) ERS's breach of its obligation to oppose the enactment of Joint Resolution 188 and Act 106 (collectively, the "Post-Petition Legislation"), and (v) ERS's failure to defend, preserve, and protect the assignment of the Pledged Property and the rights of the ERS Bondholders; (c) the unjust enrichment of ERS at the ERS Bondholders' expense; (d) the Commonwealth's enactment

of the Post-Petition Legislation and/or receipt of the Pledged Property from ERS, including, without limitation, (i) the Commonwealth's violation of the automatic stay in ERS's Title III case when it enacted the Post-Petition Legislation diverting employer contributions from ERS to the Commonwealth and requiring ERS to liquidate its assets and transfer the proceeds to the Commonwealth, (ii) the Commonwealth's acquisition of the Pledged Property that remains subject to the Claimant's liens under the UCC, (iii) the Commonwealth's violation of the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (iv) the Commonwealth's violation of Article I, § 10 of the United States Constitution and Article II, § 7 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (v) the unjust enrichment of the Commonwealth at the ERS Bondholders' expense resulting from the transfer of the Pledged Property under the Post-Petition Legislation; and (vi) the Commonwealth's violation of PROMESA, including, without limitation, the Commonwealth's violation of Section 407 of PROMESA when it enacted the Post-Petition Legislation; (e) the Commonwealth's failure to pay prepetition employer contributions; (f) the Commonwealth's and ERS's breach of the *Order Approving Stipulation, Setting Aside Hearing and Dismissing Case* entered by Judge Besosa on January 17, 2017, in Case No. 16-cv-02696 [Dkt. No. 83]; and (g) any other claims the Claimant may have against ERS or the Commonwealth in connection with the Post-Petition Legislation, the ERS Bonds, the ERS Bond Resolution, the passage of various unlawful acts and/or executive orders, and/or any other unlawful actions.

13.     ***Claims Asserted in Adversary Case***.   Attached hereto as <u>Exhibit A</u> is the ERS Bondholders' *Amended and Supplemented Adversary Complaint* filed in *Altair Global Credit Opportunities Fund (A), LLC, et al. v. The Commonwealth of Puerto Rico, et al.*, Adv.

Proc. Nos. 17-219 and 17-220 (D.P.R.) [Dkt. No. 39], which sets forth certain claims by the ERS Bondholders against ERS and the Commonwealth (the "Adversary Complaint Claims," and together with the claims identified in ¶ 12, the "Claims"). The Claimant hereby incorporates the Adversary Complaint Claims into this Proof of Claim and asserts them against ERS and the Commonwealth.

14.    ***ERS's Breach of Its Obligation to Pay Principal and Interest on the ERS Bonds.*** ERS is obligated to pay principal and interest on the ERS Bonds pursuant to the ERS Bond Resolution. ERS Bond Resolution § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

15.    ***ERS's Breach of Its Obligation to Promptly Collect and Remit Employer Contributions to the Fiscal Agent.*** ERS is obligated to "promptly collect and remit" all employer contributions to the Fiscal Agent in accordance with its statutory obligations. *Id.* § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

16.    ***ERS's Breach of Its Obligation to Pursue All Available Legal Remedies to Collect Employer Contributions That Are Delinquent or Inadequate.*** ERS is obligated to perform all acts and enforce all its powers . . . in order to promptly collect and remit the Employers' Contributions" for payment of the ERS Bonds. *Id.*; *see also* § 709(1). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

17.    ***ERS's Breach of Its Obligation to Transfer Employer Contributions to the Respective Collateral Accounts on a Monthly Basis.*** ERS is obligated to transfer employer contributions to the Fiscal Agent in accordance with certain provisions of the ERS Bond

Resolution. *Id.* §§ 504, 505, 506. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

18. ***ERS's Breach of Its Obligation to Oppose the Enactment of the Post-Petition Legislation.*** ERS is obligated to "oppose any attempt by the Legislature of the Commonwealth . . . to make any other change in the [ERS Enabling Act] or any other relevant legislation that would have a material adverse effect on [the ERS] Bondholders." *Id.* § 709(2). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

19. ***ERS's Failure to Defend, Preserve, and Protect the Assignment of the Pledged Property and the Rights of the ERS Bondholders.*** ERS is obligated, "at all times, to the extent permitted by law, [to] defend, preserve and protect the assignment of the Pledged Property and all the rights of the Fiscal Agent, the Beneficiaries and the [ERS Bondholders] under [the ERS Bond] Resolution against all claims and demands of all persons whomsoever." *Id.* § 705. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

20. ***Unjust Enrichment of ERS.*** The ERS Bondholders provided approximately $3 billion to ERS to help pay pension and other benefits. In exchange, ERS promised to pay principal and interest on the ERS Bonds and granted the ERS Bondholders liens on the Pledged Property. To the extent ERS is permitted to evade all of the responsibilities it voluntarily assumed in issuing the ERS Bonds, while also retaining the $3 billion it obtained, this results in an unjust enrichment of ERS at the ERS Bondholders' expense.

21. ***The Commonwealth's Violation of the ERS Automatic Stay.*** The Commonwealth enacted the Post-Petition Legislation after the commencement of ERS's Title III

case. The Post-Petition Legislation required ERS to (1) liquidate its assets and transfer the proceeds to the Commonwealth, and (2) divert employer contributions to which ERS has a statutory right away from ERS to the Commonwealth. The Commonwealth is an entity separate from ERS that owed payment obligations to ERS. Accordingly, the enactment of the Post-Petition Legislation was action by the Commonwealth to obtain possession of property of ERS and from ERS, and to exercise control over property of ERS, in violation of the ERS automatic stay. The Commonwealth's violation of the ERS automatic stay caused ERS to be unable to fulfill its obligation to pay principal and interest on the ERS Bonds and deprived the ERS Bondholders of their property interests in the Pledged Property.

22. *The Pledged Property Remains Subject to the Claimant's Liens Under the UCC.* The Puerto Rico Uniform Commercial Code (both in 2008 and today) provides that "[a] security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien," and also that "a security interest attaches to any identifiable proceeds of collateral." 19 L.P.R.A. § 2265(a); *see also* 19 L.P.R.A. § 2106(2) (2008) ("[A] security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor."). Nothing in PROMESA alters, amends, or preempts these laws. The Post-Petition Legislation transfers the Pledged Property from ERS to the Commonwealth. The Claimant has secured claims in the Pledged Property acquired by the Commonwealth and therefore holds secured claims against the Commonwealth with respect to any Pledged Property in the Commonwealth's possession.

23. ***The Commonwealth's Taking of the ERS Bondholders' Property Without Just Compensation.*** The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V (the "U.S. Takings Clause"). Article II, Section 9 of the Puerto Rico Constitution provides that "[p]rivate property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law." P.R. Const. art. II, § 9 (the "P.R. Takings Clause"). The ERS Bondholders possess a constitutionally protected property interest in the form of valid, perfected security interests in and liens on the Pledged Property as well as the contractual right to timely payment of principal and interest. The Post-Petition Legislation ordered ERS to sell its assets and to transfer its funds to the Commonwealth. The Post-Petition Legislation also ordered the Commonwealth and non-Commonwealth public employers (such as municipalities and public corporations) to cease paying employer contributions to ERS and instead make these payments to the Commonwealth's General Fund. The Post-Petition Legislation provided no compensation of any kind for the transfer of the ERS Bondholders' property to the Commonwealth and therefore constitutes an unconstitutional taking of the Pledged Property. At all relevant times, the ERS Bondholders have been oversecured. Accordingly, the amount of just compensation required for the taking of the ERS Bondholders' collateral is no less than the principal amount of the ERS Bonds and any and all interest accruing thereon until the date compensation is paid. In addition, as explained above, impairing the ERS Bondholders' just compensation claims in a Title III plan would violate the Fifth and Fourteenth Amendments to the United States Constitution.

24. ***The Commonwealth's Violation of the United States and Puerto Rico Contracts Clauses.*** Article I, § 10 of the United States Constitution provides that "[n]o State

shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1.
Article II, § 7 of the Puerto Rico Constitution provides that "[n]o laws impairing the obligation
of contracts shall be enacted."  P.R. Const. art. II, § 7.  The ERS Bond Resolution created a
contractual relationship between ERS and the ERS Bondholders.  The ERS Bondholders have a
contractual right to timely payment of principal and interest by ERS.  ERS Bond Resolution
§ 701.  Moreover, the ERS Bondholders have a contractual right and security interest in the
Pledged Property.  *Id.* § 501.  The Post-Petition Legislation required ERS to liquidate its assets
and pay the proceeds to the Commonwealth's General Fund, and divert the stream of employer
contributions from ERS to the Commonwealth.   Accordingly, the Post-Petition Legislation
substantially impairs contractual obligations of ERS.  This substantial impairment is neither
reasonable nor necessary to an important purpose of the Commonwealth government.

      25. **Unjust Enrichment of the Commonwealth.**  The Post-Petition Legislation
required ERS to transfer the Pledged Property, the ERS Bondholders' collateral, to the
Commonwealth without providing any consideration, without the ERS Bondholders' consent,
and in violation of United States and Puerto Rico law.  To the extent the Commonwealth
possesses the Pledged Property pursuant to the Post-Petition Legislation, the Commonwealth is
intentionally and wrongfully holding the ERS Bondholders' property without their consent,
which results in an unjust enrichment of the Commonwealth at the ERS Bondholders' expense.

      26. **The Commonwealth's Violation of Section 407 of PROMESA.**  Section
407 of PROMESA provides:

> While an Oversight Board for Puerto Rico is in existence, if any property of any
> territorial instrumentality of Puerto Rico is transferred in violation of applicable
> law under which any creditor has a valid pledge of, security interest in, or lien on
> such property, or which deprives any such territorial instrumentality of property in
> violation of applicable law assuring the transfer of such property to such territorial

instrumentality for the benefit of its creditors, then the transferee shall be liable
for the value of such property.

48 U.S.C. § 2195(a). ERS has a statutory right to receive employer contributions from the
Commonwealth and non-Commonwealth public employers. The ERS Bondholders possess
valid, perfected security interests in and liens on the Pledged Property, which includes, among
other things, employer contributions and the right to receive employer contributions. The Post-
Petition Legislation required ERS to sell and transfer its assets and funds, all of which are subject
to the ERS Bondholders' liens on the Pledged Property. The Post-Petition Legislation also
required the Commonwealth and non-Commonwealth public employers to cease paying
employer contributions to ERS and instead to make these payments to the Commonwealth's
General Fund. Employer contributions and the right to receive employer contributions are
subject to the ERS Bondholders' liens on the Pledged Property. The Commonwealth has
provided no compensation of any kind for these transfers, in violation of United States and
Puerto Rico law. As transferee of the property, the Commonwealth is liable for the value of the
property.

27. *The Commonwealth's Failure to Pay Prepetition Employer
Contributions.* ERS has a statutory right to receive employer contributions, and employers,
including the Commonwealth, are required by statute to make them. These contributions are
used to make timely payment of principal and interest on the ERS Bonds and the ERS
Bondholders have liens on, among other things, all employer contributions and the right to
receive them. Historically, the Commonwealth has been responsible for approximately 59
percent of the employer contributions to which ERS is entitled. Despite the importance of
employer contributions, the Commonwealth has never paid enough to satisfy its contribution
requirements. As a result, as of the filing of the Commonwealth's Title III case, the

Commonwealth owed ERS hundreds of millions of dollars in past due unpaid employer contributions. *See, e.g.,* Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Annual Financial Information Fiscal Year 2016, at 13, n 1, *available at* https://emma.msrb.org/ER1050099-ER822796-ER1223828.pdf. The Claimant has standing to assert this claim under the ERS Bond Resolution and applicable law. *See, e.g.,* ERS Bond Resolution § 1102(1)(i) (authorizing a "suit, action or proceeding to enforce all rights of the Bondowners, including the right to collect or require [ERS] to collect Revenues adequate to carry out the covenants, agreements and assignments with respect thereto contained in this Resolution").

28. ***The Commonwealth's and ERS's Breach of the Order Approving Stipulation, Setting Aside Hearing and Dismissing Case Entered by Judge Besosa on January 17, 2017.*** On January 17, 2017, Judge Besosa entered an order approving a stipulation entered into by the Claimant, ERS, the Commonwealth, and the Oversight Board (the "Order"). *See* Order Approving Stipulation, Setting Aside Hearing and Dismissing Case, No. 16-cv-02696, Dkt. No. 83. The Order required ERS to transfer any employer contributions received from the Commonwealth to a specified bank account. *See id.* at 2-3 ("To the extent that ERS receives any Commonwealth central government Employers' Contributions, unless otherwise agreed in writing by the undersigned parties, such contributions shall be retained in the Segregated Account pending further order of the Court, provided, however, the undersigned parties agree that such matter may be heard by the Court upon motion and at an expedited hearing."). ERS later admitted that it received employer contributions from the Commonwealth and did not transfer those amounts to the specified account, in violation of the Order. *See* DiPompeo Decl., D.I. 96 in Adv. Proc. No. 17-213, Ex. A at 307:2-310:6.

29.     ***Additional Claims.***   ERS and the Commonwealth also damaged the Claimant through the Post-Petition Legislation, the passage of various unlawful acts and executive orders, including, without limitation, the Puerto Rico Emergency Moratorium and Financial Rehabilitation Act or Act No. 21-2016, Executive Order 2016-31, and the Fiscal Responsibility Act or Act. No. 5-2017, and other unlawful actions, that violated (a) Puerto Rico law, including, without limitation, the law of fraudulent transfer, conversion, tortious interference, alter ego, subrogation, avoidance, breach of fiduciary duty, promissory estoppel, breach of express and implied warranty, negligent misrepresentation or omission, and fraudulent misrepresentation or omission, (b) the United States Bankruptcy Code, (c) PROMESA, (d) various securities laws, and (e) the United States and Puerto Rico Constitutions.

## Supporting Documentation

30.     Copies of following supporting documents are attached hereto: (1) the ERS Bond Resolution as Exhibit B; (2) the Security Agreement, dated June 2, 2008, as Exhibit C; and (3) the Uniform Commercial Code filings made in connection with the ERS Bonds as Exhibit D.  The Claimant reserves the right to supplement these documents.

## Nature of Claims

31.     The Claimant is owed the Principal Amount, plus accrued interest and attorney's fees and expenses, plus unliquidated and contingent amounts to be determined.  The Claims are fully secured and entitled to administrative expense priority.  In addition, the claims for just compensation on account of the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired or discharged pursuant to a Title III plan of adjustment.

### Secured Claims

32.     The Claims are all secured under 11 U.S.C. § 506(a)(1) of the Bankruptcy Code.  Pursuant to the ERS Bond Resolution, the security agreement, and appropriately-filed financing statements, the Claimant is a secured creditor with valid, perfected liens on the Pledged Property.

33.     The Claims are all secured against the Commonwealth pursuant to 19 L.P.R.A. § 2106(2) and 19 L.P.R.A. § 2265(a).  Because the Commonwealth acquired property subject to the Claimant's valid, perfected liens on the Pledged Property, the Claimant is a secured creditor to the full extent of its claims against the Commonwealth.

### Administrative Expense Claims

34.     The Post-Legislation was enacted after the commencement of the ERS Title III case and the Commonwealth Title III case.  The Claims arising from the post-petition conduct of ERS and the Commonwealth are entitled to administrative expense status under 11 U.S.C. § 503, as incorporated into PROMESA by Section 301.

35.     The filing of this Proof of Claim in no respect waives, alters or otherwise affects any rights that the Claimant may have with regard to any other claims created or otherwise arising on or subsequent to the date on which ERS or the Commonwealth commenced these Title III cases.  The Claimant reserve all rights to argue that any right to payment is a post-petition claim.

### Non-Dischargeable Claims

36.     The claims under the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution resulting from the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired by a PROMESA plan of

adjustment.  PROMESA cannot be construed to violate the United States Constitution.  *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) ("The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment."). Accordingly, as the United States has previously explained, this Court cannot confirm a plan that would "impair [a] constitutional claim for just compensation." *In re City of Detroit*, 524 B.R. 147, 270 (Bankr. E.D. Mich. 2014).[3]  Unsurprisingly, PROMESA's framework is consistent with this view.  First, 11 U.S.C § 1129(b)(2)(A), incorporated by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), provides constitutionally rooted property protections for secured claims. Second, Section 314 of PROMESA prohibits the Court from confirming a plan if the debtor is "prohibited by law"—such as the Constitution—"from taking any action necessary to carry out the plan."  48 U.S.C. § 2174 (b)(3).  Finally, 11 U.S.C. § 944(c)(1), also incorporated by PROMESA, permits the Court to order a takings claim nondischargeable.  *See Detroit*, 524 B.R. at 270.

### Reservation of Rights

37.     The Claimant does not waive, and expressly reserves, all rights and remedies at law or in equity that it has or may have against ERS and the Commonwealth and/or any other person or entity.  The Claimant reserves the right to amend or supplement this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth in this Proof of Claim or the basis therefor, to fix the amount of any contingent or unliquidated

---

[3] *Accord* Br. for the United States at 6-7, *Detroit*, 524 B.R. 147 (No. 13-53846), Dkt. No. 6664 ("To the extent that the Plan proposes . . . to pay less than the full amount of a claim based on a just compensation award, regardless of when that award or the facts giving rise to it occur, i.e., prepetition or postpetition, such treatment would raise substantial constitutional questions. The Just Compensation Clause would appear to require these claims to be treated as nondischargeable.").

claim and/or to assert that all or any part of the claim(s) set forth in this Proof of Claim are entitled to be treated as an administrative expense or other priority. The Claimant further reserves the right to file and assert any additional claims or requests for payment of administrative expense of whatever kind or nature that may be or later become due from ERS and the Commonwealth under any other agreement or otherwise, including, without limitation, any secured, priority, administrative expense or general unsecured claims under the Bankruptcy Code or otherwise, whether known or unknown, liquidated or unliquidated, choate or inchoate, disputed or undisputed or contingent or fixed.

38. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of the Claimant's rights against any person, entity or property, including any of the other debtors in these Title III cases, that may be liable for all or part of the claims set forth in this Proof of Claim; (b) an election of remedies; (c) an acknowledgment that the Claimant received adequate notice of any bar date fixed in these cases; (d) a waiver of the Claimant's right to assert additional administrative expense claims or an acknowledgment that all or any part of the claim(s) set forth in any Claim or herein or any other claim are not entitled to administrative or other priority; or (e) an admission that any valid claims or causes of action exist against the Claimant. The filing of this Proof of Claim is not and shall not be deemed or construed as a waiver of any such setoff or recoupment rights, and any such right of setoff or recoupment shall survive the closing of the Title III cases.

39. The Claimant does not waive any right to any security held by or for it or any right with respect to any specific assets or any right or rights of action that it has or may have against the Commonwealth and ERS or any other person or persons who may be liable for all or any part of the claim(s) set forth in any Claim or herein.

**<u>Notices</u>**

40.     Copies of all notices and communications concerning this Proof of Claim

should be sent to:

        Mason Capital Master Fund, LP
        c/o Richard Engman
        110 East 59th Street, 30th Floor
        New York, NY 10022
        Tel. 212.771.1244

With a copy to:

        Jones Day
        250 Vesey Street
        New York, NY 10281
        Tel. 212.326.8312
        Attention:  Benjamin Rosenblum, Esq.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☒ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☐ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

RECEIVED

MAY 24 2018

PRIME CLERK LLC



170328380005986

## Modified Official Form 410 / Formulario Oficial 410 Modificado
# Proof of Claim / Evidencia de reclamación                                      04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

☐ Date Stamped Copy Returned
☐ No Self-Addressed Stamped Envelope
☒ No Copy Provided

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

1. **Who is the current creditor?**

   **¿Quién es el acreedor actual?**

   Glendon Opportunities Fund, L.P.
   _____
   Name of the current creditor (the person or entity to be paid for this claim)
   Nombre al acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

   Other names the creditor used with the debtor
   Otros nombres que el acreedor usó con el deudor _____

| | | |
|---|---|---|
| 2. | **Has this claim been acquired from someone else?**<br><br>**¿Esta reclamación se ha adquirido de otra persona?** | ☒ No / No<br>☐ Yes. From whom?<br>    Sí. ¿De quién? _____ |

| | | | |
|---|---|---|---|
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)<br><br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g | **Where should notices to the creditor be sent?**<br>**¿A dónde deberían enviarse las notificaciones al acreedor?**<br><br>Glendon Capital Management, L.P.<br>Name / Nombre<br><br>1620 26th Street, Suite 2000N<br>Number / Número    Street / Calle<br><br>Santa Monica, CA 90404<br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>310-907-0450<br>Contact phone / Teléfono de contacto<br><br>office@glendoncap.com<br>Contact email / Correo electrónico de contacto | **Where should payments to the creditor be sent?** (if different)<br>**¿A dónde deberían enviarse los pagos al acreedor?** (En caso de que sea diferente)<br><br>Name / Nombre<br><br>Number / Número    Street / Calle<br><br>City / Ciudad    State / Estado    ZIP Code / Código postal<br><br>Contact phone / Teléfono de contacto<br><br>Contact email / Correo electrónico de contacto |

| | | |
|---|---|---|
| 4. | **Does this claim amend one already filed?**<br><br>**¿Esta reclamación es una enmienda de otra presentada anteriormente?** | ☒ No / No<br>☐ Yes. Claim number on court claims registry (if known)<br>    Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo)_____<br>    Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA) |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?**<br><br>**¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?** | ☒ No / No<br>☐ Yes. Who made the earlier filing?<br>    Sí. ¿Quién hizo la reclamación anterior?_____ |

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date
Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

| | | |
|---|---|---|
| 6. | **Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**<br><br>**¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?** | ☒ No / No<br>☐ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)<br>    Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).<br><br>_____ |
| 7. | **Do you supply goods and / or services to the government?**<br><br>**¿Proporciona bienes y / o servicios al gobierno?** | ☒ No / No<br>☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida a continuación:<br><br>Vendor / Contract Number | Número de proveedor / contrato: _____<br><br>List any amounts due after the Petition Date (listed above) but before June 30, 2017:<br>Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017  $ _____ |

| | |
|---|---|
| **8. How much is the claim?**<br><br>**¿Cuál es el importe de la reclamación?** | $ <u>See Addendum</u>    . **Does this amount include interest or other charges?**<br>**¿Este importe incluye intereses u otros cargos?**<br>☐ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
| **9. What is the basis of the claim?**<br><br>**¿Cuál es el fundamento de la reclamación?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>    <u>See Addendum</u> |
| **10. Is all or part of the claim secured?**<br><br>**¿La reclamación está garantizada de manera total o parcial?** | ☐ No / No<br>☒ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>    **Nature of property / Naturaleza del bien:**<br>    ☐ Motor vehicle / Vehículos<br><br>    ☒ Other. Describe:<br>    Otro. Describir:    <u>See Addendum</u><br><br>    **Basis for perfection / Fundamento de la realización de pasos adicionales:** <u>See Addendum</u><br>    _____<br><br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    Adjunte copias editadas de documentos, si los hubiere, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, lien, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>    **Value of property / Valor del bien:**    $ <u>See Addendum</u><br><br>    **Amount of the claim that is secured /**<br>    **Importe de la reclamación que está garantizado:** $ <u>See Addendum</u><br><br>    **Amount of the claim that is unsecured /**<br>    **Importe de la reclamación que no está garantizado:** $ <u>0.00</u><br>    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>    (La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>    **Amount necessary to cure any default as of the Petition Date /**<br>    **Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso :** $_____<br>    <u>See Addendum</u><br><br>    **Annual Interest Rate** (on the Petition Date)<br>    **Tasa de interés anual** (cuando se presentó el caso) <u>See Addendum</u><br>    ☐ Fixed / Fija<br>    ☐ Variable / Variable |
| **11. Is this claim based on a lease?**<br><br>**¿Esta reclamación está basada en un arrendamiento?** | ☒ No / No<br><br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ |

| 12. **Is this claim subject to a right of setoff?**<br><br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br><br>☐ Yes. Identify the property /<br>Sí. Identifique el bien: ___**See Addendum**___ |
|---|---|

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☐ No / No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. | $ **See Addendum** |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**La persona que complete esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).**

Si presenta esta reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☐ I am the creditor. / Soy el acreedor.

☒ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el ___05/22/2018___ (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma _____

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

| Name | Eitan | Jacob Simon | Melamed |
|---|---|---|---|
| | First name / Primer nombre | Middle name / Segundo nombre | Last name / Apellido |

Title / Cargo ___Partner___

Company / Compañía ___Glendon Capital Management, L.P.___
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección ___1620 26th Street, Suite 2000N___
Number / Número    Street / Calle

Santa Monica ___ CA ___ 90404
City / Ciudad    State / Estado    ZIP Code / Código postal

Contact phone / Teléfono de contacto ___310-907-0450___ Email / Correo electrónico ___office@glendoncap.com___

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------- X
                                                    )
In re:                                              )    PROMESA
                                                    )    Title III
THE FINANCIAL OVERSIGHT AND                         )
MANAGEMENT BOARD FOR PUERTO RICO                    )    Case No. 3:17-cv-03283 (LTS)
                                                    )
        as representative of                        )    (Jointly Administered)
                                                    )
THE COMMONWEALTH OF PUERTO RICO, et al.,)
                                                    )
        Debtors.[1]                                 )
                                                    )
------------------------------------------------------------- X
                                                    )
In re:                                              )
                                                    )    PROMESA
THE FINANCIAL OVERSIGHT AND                         )    Title III
MANAGEMENT BOARD FOR PUERTO RICO                    )
                                                    )    Case No. 3:17-cv-03566 (LTS)
        as representative of                        )
                                                    )
THE EMPLOYEES RETIREMENT SYSTEM OF                  )
THE GOVERNMENT OF PUERTO RICO                       )
                                                    )
        Debtor.                                     )
                                                    X
-------------------------------------------------------------
```

## ADDENDUM TO PROOF OF CLAIM OF ERS BONDHOLDER

---

[1] The Debtors in these Title III cases, along with each Debtor's Bankruptcy Court case number and last four (4) digits of each Debtor's federal tax identification number are (i) The Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankr. Case No. 17-bk-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); (iii) Puerto Rico Sales Tax Financing Corporation (Bankr. Case No. 17-bk-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iv) Puerto Rico Highways and Transportation Authority (Bankr. Case. No. 17-bk-3567 (LTS) (Last Four Digits of Federal Tax ID: 3808).

1.     This Proof of Claim is filed by Glendon Opportunities Fund, L.P. (the "Claimant") as a secured creditor and holder of secured bonds issued by the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") in 2008, against the Commonwealth of Puerto Rico (the "Commonwealth") and ERS.

### Background

2.     The ERS is a trust created by Act No. 447 of May 15, 1951 of the Legislature of the Commonwealth (the "ERS Enabling Act") to provide pension and other benefits to officers and employees of the Commonwealth, members and employees of the Legislature, and officers and employees of certain public corporations and municipalities of the Commonwealth. 3 L.P.R.A. § 761. The ERS Enabling Act gave ERS's Board of Trustees blanket authorization to incur debt on behalf of ERS and to secure such debt with ERS's assets. See 3 L.P.R.A. § 779(d).

3.     ERS is funded by employer contributions, employee contributions, and investment earnings on its undistributed funds. Employer contributions are the largest component of this income stream, and they constitute a legal asset of ERS. ERS has a statutory right to receive these employer contributions, and employers are required by statute to make them. ERS receives employer contributions both from the Commonwealth and from various municipalities within, and public corporations of, the Commonwealth.

4.     For decades, the Commonwealth has failed to make the amount of employer contributions required by law. This, among other things, has resulted in severe underfunding of ERS. In 2008, ERS sought to address its financial problems by issuing secured bonds (the "ERS Bonds"), which infused approximately $3 billion into ERS.

5.      The Claimant holds $4,000,000 in principal amount of term ERS Bonds (the "<u>Principal Amount</u>").

6.      ERS issued the ERS Bonds pursuant to the authority of a resolution (as thereafter supplemented, the "<u>ERS Bond Resolution</u>").  It is the ERS Bond Resolution and the related security agreement that govern the contractual relationship between ERS and the holders of the ERS Bonds (the "<u>ERS Bondholders</u>") with respect to the ERS Bonds, specify the times and amounts of payment of interest and repayment of principal, and set forth the collateral ERS provided as security for payment.  Specifically, the collateral underlying the security package was called "Pledged Property," as that term is defined in the ERS Bond Resolution, and included, among other things, employer contributions and ERS's right to receive employer contributions.  ERS Bond Resolution § 501 & Exh. B, VI-33, VI-36, VI-37.  ERS was required to use the Pledged Property to make timely principal and interest payments on the ERS Bonds before it spent or used any of the funds for any other purpose.  *Id.* §§ 501, 701, & Exh. B, VI-36. To assure that the Pledged Property would remain available to secure the ERS Bonds, the ERS Bond Resolution explicitly required ERS to pursue all available legal remedies to collect employer contributions that were delinquent or inadequate.  *Id.* §§ 701, 709.

7.      As the Financial Oversight and Management Board of the Commonwealth of Puerto Rico (the "<u>Oversight Board</u>"), ERS, and the Commonwealth have previously acknowledged, the ERS Bonds are oversecured.[2]

---

[2] *See, e.g.*, Brief of Amicus Curiae Fin. Oversight and Mgmt. Bd. for Puerto Rico in Support of Respondents-Appellees Urging Affirmance of the District Court Order in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.*, No. 16-2433, ECF No. 65, at 18 (1st Cir. Dec. 23, 2016) ("The [ERS Bondholders] have a substantial equity cushion as a result of the reserve accounts and the perpetual revenue streams."); Respondent Employees Retirement System of the Government of the Commonwealth of Puerto Rico's Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair*

8. On May 3, 2017, the Oversight Board approved and certified the filing of a petition for the Commonwealth to restructure the Commonwealth's debts pursuant Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

9. On May 21, 2017, the Oversight Board approved and certified the filing of a separate PROMESA Title III petition for ERS. PROMESA incorporates the automatic stay provisions of § 362 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to these provisions, the filing of the ERS Title III case on May 21, 2017, operated as a stay against all efforts by any person (including the Commonwealth) to obtain or exercise control over property of ERS.

10. On June 25, 2017, the Puerto Rico Legislature passed Joint Resolution for Other Allocations for Fiscal Year 2017-2018 ("Joint Resolution 188") and the Oversight Board adopted it on behalf of the Governor on June 30, 2017. Joint Resolution 188 ordered ERS to sell its assets and to transfer the net cash proceeds, in addition to any available funds, into an account as part of the General Fund for fiscal year 2017-2018 to make benefit payments to pensioners. Joint Resolution 188 §§ 1, 2, 3. Joint Resolution 188 also provided, in relevant part, that the Commonwealth, its public corporation, and its municipalities would stop making employer contributions to ERS and, instead, would make employer contributions to the Commonwealth.

---

(continued...)

*Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro Garcia Padilla, et al.*, No. 16-cv-2696, ECF No. 52, at 10-11 (Oct. 26, 2016) ("[T]he security interests held by the ERS Bondholders provide them with future protection more than sufficient to address any concern, real or imagined."); Respondents' Brief in Opposition to Motion for Relief from the PROMESA Automatic Stay in *Altair Global Credit Opportunities Fund (A), L.L.C., et al. v. Governor Alejandro García Padilla, et al.*, No. 16-cv-2696, ECF No. 53, at 18 ("Given its size and indefinite duration, the security interest provides Movants with the adequate protection they purport is required to ensure payment on their bonds, certainly through the expiration of the PROMESA stay and, indeed, for as long as the bonds remain outstanding.").

No consideration was provided to ERS or the ERS Bondholders in exchange for the collateral transferred to the Commonwealth's General Fund.

11. On August 18, 2017, the Puerto Rico legislature passed Act 106-2017 ("Act 106") and the Governor signed it into law on August 23, 2017. Act 106 provided that, in accordance with Joint Resolution 188, on July 13, 2017 the Commonwealth became the "direct payer of our retirees' pensions." Act 106, § 1.4. Act 106 also reiterated that, in accordance with Joint Resolution 188, ERS would contribute its assets to the Commonwealth and that the Commonwealth, its public corporations, and its municipalities would stop making employer contributions to ERS. *Id.*, §§ 1.3, 1.4.

## Basis for Proof of Claim

12. This Proof of Claim by the Claimant against ERS and the Commonwealth is predicated upon secured claims arising under, relating to, or in connection with (a) ERS's breach of its obligation to pay principal and interest on the ERS Bonds; (b) ERS's numerous breaches of its obligations under the ERS Bonds, the ERS Bond Resolution and the security agreement, including, without limitation, (i) ERS's failure to promptly collect and remit employer contributions to the Fiscal Agent, (ii) ERS's failure to pursue all available legal remedies to collect employer contributions that are delinquent or inadequate, (iii) ERS's failure to transfer employer contributions to the respective collateral accounts on a monthly basis, (iv) ERS's breach of its obligation to oppose the enactment of Joint Resolution 188 and Act 106 (collectively, the "Post-Petition Legislation"), and (v) ERS's failure to defend, preserve, and protect the assignment of the Pledged Property and the rights of the ERS Bondholders; (c) the unjust enrichment of ERS at the ERS Bondholders' expense; (d) the Commonwealth's enactment of the Post-Petition Legislation and/or receipt of the Pledged Property from ERS, including,

without limitation, (i) the Commonwealth's violation of the automatic stay in ERS's Title III case when it enacted the Post-Petition Legislation diverting employer contributions from ERS to the Commonwealth and requiring ERS to liquidate its assets and transfer the proceeds to the Commonwealth, (ii) the Commonwealth's acquisition of the Pledged Property that remains subject to the Claimant's liens under the UCC, (iii) the Commonwealth's violation of the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (iv) the Commonwealth's violation of Article I, § 10 of the United States Constitution and Article II, § 7 of the Puerto Rico Constitution when it enacted the Post-Petition Legislation; (v) the unjust enrichment of the Commonwealth at the ERS Bondholders' expense resulting from the transfer of the Pledged Property under the Post-Petition Legislation; and (vi) the Commonwealth's violation of PROMESA, including, without limitation, the Commonwealth's violation of Section 407 of PROMESA when it enacted the Post-Petition Legislation; (e) the Commonwealth's failure to pay prepetition employer contributions; (f) the Commonwealth's and ERS's breach of the *Order Approving Stipulation, Setting Aside Hearing and Dismissing Case* entered by Judge Besosa on January 17, 2017, in Case No. 16-cv-02696 [Dkt. No. 83]; and (g) any other claims the Claimant may have against ERS or the Commonwealth in connection with the Post-Petition Legislation, the ERS Bonds, the ERS Bond Resolution, the passage of various unlawful acts and/or executive orders, and/or any other unlawful actions.

13.  *Claims Asserted in Adversary Case*.  Attached hereto as <u>Exhibit A</u> is the ERS Bondholders' *Amended and Supplemented Adversary Complaint* filed in *Altair Global Credit Opportunities Fund (A), LLC, et al. v. The Commonwealth of Puerto Rico, et al.*, Adv. Proc. Nos. 17-219 and 17-220 (D.P.R.) [Dkt. No. 39], which sets forth certain claims by the ERS

Bondholders against ERS and the Commonwealth (the "Adversary Complaint Claims," and together with the claims identified in ¶ 12, the "Claims"). The Claimant hereby incorporates the Adversary Complaint Claims into this Proof of Claim and asserts them against ERS and the Commonwealth.

14. ***ERS's Breach of Its Obligation to Pay Principal and Interest on the ERS Bonds.*** ERS is obligated to pay principal and interest on the ERS Bonds pursuant to the ERS Bond Resolution. ERS Bond Resolution § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

15. ***ERS's Breach of Its Obligation to Promptly Collect and Remit Employer Contributions to the Fiscal Agent.*** ERS is obligated to "promptly collect and remit" all employer contributions to the Fiscal Agent in accordance with its statutory obligations. *Id.* § 701. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

16. ***ERS's Breach of Its Obligation to Pursue All Available Legal Remedies to Collect Employer Contributions That Are Delinquent or Inadequate.*** ERS is obligated to perform all acts and enforce all its powers . . . in order to promptly collect and remit the Employers' Contributions" for payment of the ERS Bonds. *Id.*; *see also* § 709(1). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

17. ***ERS's Breach of Its Obligation to Transfer Employer Contributions to the Respective Collateral Accounts on a Monthly Basis.*** ERS is obligated to transfer employer contributions to the Fiscal Agent in accordance with certain provisions of the ERS Bond

Resolution. *Id.* §§ 504, 505, 506. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

18.    ***ERS's Breach of Its Obligation to Oppose the Enactment of the Post-Petition Legislation.***    ERS is obligated to "oppose any attempt by the Legislature of the Commonwealth . . . to make any other change in the [ERS Enabling Act] or any other relevant legislation that would have a material adverse effect on [the ERS] Bondholders." *Id.* § 709(2). ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

19.    ***ERS's Failure to Defend, Preserve, and Protect the Assignment of the Pledged Property and the Rights of the ERS Bondholders.***    ERS is obligated, "at all times, to the extent permitted by law, [to] defend, preserve and protect the assignment of the Pledged Property and all the rights of the Fiscal Agent, the Beneficiaries and the [ERS Bondholders] under [the ERS Bond] Resolution against all claims and demands of all persons whomsoever." *Id.* § 705. ERS breached this obligation at various times, including, without limitation, after the enactment of the Post-Petition Legislation.

20.    ***Unjust Enrichment of ERS.***    The ERS Bondholders provided approximately $3 billion to ERS to help pay pension and other benefits. In exchange, ERS promised to pay principal and interest on the ERS Bonds and granted the ERS Bondholders liens on the Pledged Property. To the extent ERS is permitted to evade all of the responsibilities it voluntarily assumed in issuing the ERS Bonds, while also retaining the $3 billion it obtained, this results in an unjust enrichment of ERS at the ERS Bondholders' expense.

21.    ***The Commonwealth's Violation of the ERS Automatic Stay.***    The Commonwealth enacted the Post-Petition Legislation after the commencement of ERS's Title III

case. The Post-Petition Legislation required ERS to (1) liquidate its assets and transfer the proceeds to the Commonwealth, and (2) divert employer contributions to which ERS has a statutory right away from ERS to the Commonwealth. The Commonwealth is an entity separate from ERS that owed payment obligations to ERS. Accordingly, the enactment of the Post-Petition Legislation was action by the Commonwealth to obtain possession of property of ERS and from ERS, and to exercise control over property of ERS, in violation of the ERS automatic stay. The Commonwealth's violation of the ERS automatic stay caused ERS to be unable to fulfill its obligation to pay principal and interest on the ERS Bonds and deprived the ERS Bondholders of their property interests in the Pledged Property.

22. ***The Pledged Property Remains Subject to the Claimant's Liens Under the UCC.*** The Puerto Rico Uniform Commercial Code (both in 2008 and today) provides that "[a] security interest or agricultural lien continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest or agricultural lien," and also that "a security interest attaches to any identifiable proceeds of collateral." 19 L.P.R.A. § 2265(a); *see also* 19 L.P.R.A. § 2106(2) (2008) ("[A] security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor."). Nothing in PROMESA alters, amends, or preempts these laws. The Post-Petition Legislation transfers the Pledged Property from ERS to the Commonwealth. The Claimant has secured claims in the Pledged Property acquired by the Commonwealth and therefore holds secured claims against the Commonwealth with respect to any Pledged Property in the Commonwealth's possession.

23. ***The Commonwealth's Taking of the ERS Bondholders' Property Without Just Compensation.*** The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V (the "U.S. Takings Clause"). Article II, Section 9 of the Puerto Rico Constitution provides that "[p]rivate property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law." P.R. Const. art. II, § 9 (the "P.R. Takings Clause"). The ERS Bondholders possess a constitutionally protected property interest in the form of valid, perfected security interests in and liens on the Pledged Property as well as the contractual right to timely payment of principal and interest. The Post-Petition Legislation ordered ERS to sell its assets and to transfer its funds to the Commonwealth. The Post-Petition Legislation also ordered the Commonwealth and non-Commonwealth public employers (such as municipalities and public corporations) to cease paying employer contributions to ERS and instead make these payments to the Commonwealth's General Fund. The Post-Petition Legislation provided no compensation of any kind for the transfer of the ERS Bondholders' property to the Commonwealth and therefore constitutes an unconstitutional taking of the Pledged Property. At all relevant times, the ERS Bondholders have been oversecured. Accordingly, the amount of just compensation required for the taking of the ERS Bondholders' collateral is no less than the principal amount of the ERS Bonds and any and all interest accruing thereon until the date compensation is paid. In addition, as explained above, impairing the ERS Bondholders' just compensation claims in a Title III plan would violate the Fifth and Fourteenth Amendments to the United States Constitution.

24. ***The Commonwealth's Violation of the United States and Puerto Rico Contracts Clauses.*** Article I, § 10 of the United States Constitution provides that "[n]o State

shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. Article II, § 7 of the Puerto Rico Constitution provides that "[n]o laws impairing the obligation of contracts shall be enacted." P.R. Const. art. II, § 7. The ERS Bond Resolution created a contractual relationship between ERS and the ERS Bondholders. The ERS Bondholders have a contractual right to timely payment of principal and interest by ERS. ERS Bond Resolution § 701. Moreover, the ERS Bondholders have a contractual right and security interest in the Pledged Property. *Id.* § 501. The Post-Petition Legislation required ERS to liquidate its assets and pay the proceeds to the Commonwealth's General Fund, and divert the stream of employer contributions from ERS to the Commonwealth. Accordingly, the Post-Petition Legislation substantially impairs contractual obligations of ERS. This substantial impairment is neither reasonable nor necessary to an important purpose of the Commonwealth government.

25. ***Unjust Enrichment of the Commonwealth.*** The Post-Petition Legislation required ERS to transfer the Pledged Property, the ERS Bondholders' collateral, to the Commonwealth without providing any consideration, without the ERS Bondholders' consent, and in violation of United States and Puerto Rico law. To the extent the Commonwealth possesses the Pledged Property pursuant to the Post-Petition Legislation, the Commonwealth is intentionally and wrongfully holding the ERS Bondholders' property without their consent, which results in an unjust enrichment of the Commonwealth at the ERS Bondholders' expense.

26. ***The Commonwealth's Violation of Section 407 of PROMESA.*** Section 407 of PROMESA provides:

> While an Oversight Board for Puerto Rico is in existence, if any property of any territorial instrumentality of Puerto Rico is transferred in violation of applicable law under which any creditor has a valid pledge of, security interest in, or lien on such property, or which deprives any such territorial instrumentality of property in violation of applicable law assuring the transfer of such property to such territorial

instrumentality for the benefit of its creditors, then the transferee shall be liable
for the value of such property.

48 U.S.C. § 2195(a). ERS has a statutory right to receive employer contributions from the
Commonwealth and non-Commonwealth public employers. The ERS Bondholders possess
valid, perfected security interests in and liens on the Pledged Property, which includes, among
other things, employer contributions and the right to receive employer contributions. The Post-
Petition Legislation required ERS to sell and transfer its assets and funds, all of which are subject
to the ERS Bondholders' liens on the Pledged Property. The Post-Petition Legislation also
required the Commonwealth and non-Commonwealth public employers to cease paying
employer contributions to ERS and instead to make these payments to the Commonwealth's
General Fund. Employer contributions and the right to receive employer contributions are
subject to the ERS Bondholders' liens on the Pledged Property. The Commonwealth has
provided no compensation of any kind for these transfers, in violation of United States and
Puerto Rico law. As transferee of the property, the Commonwealth is liable for the value of the
property.

27. **_The Commonwealth's Failure to Pay Prepetition Employer_**
**_Contributions._** ERS has a statutory right to receive employer contributions, and employers,
including the Commonwealth, are required by statute to make them. These contributions are
used to make timely payment of principal and interest on the ERS Bonds and the ERS
Bondholders have liens on, among other things, all employer contributions and the right to
receive them. Historically, the Commonwealth has been responsible for approximately 59
percent of the employer contributions to which ERS is entitled. Despite the importance of
employer contributions, the Commonwealth has never paid enough to satisfy its contribution
requirements. As a result, as of the filing of the Commonwealth's Title III case, the

Commonwealth owed ERS hundreds of millions of dollars in past due unpaid employer contributions. *See, e.g.*, Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Annual Financial Information Fiscal Year 2016, at 13, n 1, *available at* https://emma.msrb.org/ER1050099-ER822796-ER1223828.pdf. The Claimant has standing to assert this claim under the ERS Bond Resolution and applicable law. *See, e.g.,* ERS Bond Resolution § 1102(1)(i) (authorizing a "suit, action or proceeding to enforce all rights of the Bondowners, including the right to collect or require [ERS] to collect Revenues adequate to carry out the covenants, agreements and assignments with respect thereto contained in this Resolution").

28. ***The Commonwealth's and ERS's Breach of the Order Approving Stipulation, Setting Aside Hearing and Dismissing Case Entered by Judge Besosa on January 17, 2017.*** On January 17, 2017, Judge Besosa entered an order approving a stipulation entered into by the Claimant, ERS, the Commonwealth, and the Oversight Board (the "Order"). *See* Order Approving Stipulation, Setting Aside Hearing and Dismissing Case, No. 16-cv-02696, Dkt. No. 83. The Order required ERS to transfer any employer contributions received from the Commonwealth to a specified bank account. *See id.* at 2-3 ("To the extent that ERS receives any Commonwealth central government Employers' Contributions, unless otherwise agreed in writing by the undersigned parties, such contributions shall be retained in the Segregated Account pending further order of the Court, provided, however, the undersigned parties agree that such matter may be heard by the Court upon motion and at an expedited hearing."). ERS later admitted that it received employer contributions from the Commonwealth and did not transfer those amounts to the specified account, in violation of the Order. *See* DiPompeo Decl., D.I. 96 in Adv. Proc. No. 17-213, Ex. A at 307:2-310:6.

29.    ***Additional Claims.***    ERS and the Commonwealth also damaged the Claimant through the Post-Petition Legislation, the passage of various unlawful acts and executive orders, including, without limitation, the Puerto Rico Emergency Moratorium and Financial Rehabilitation Act or Act No. 21-2016, Executive Order 2016-31, and the Fiscal Responsibility Act or Act. No. 5-2017, and other unlawful actions, that violated (a) Puerto Rico law, including, without limitation, the law of fraudulent transfer, conversion, tortious interference, alter ego, subrogation, avoidance, breach of fiduciary duty, promissory estoppel, breach of express and implied warranty, negligent misrepresentation or omission, and fraudulent misrepresentation or omission, (b) the United States Bankruptcy Code, (c) PROMESA, (d) various securities laws, and (e) the United States and Puerto Rico Constitutions.

## Supporting Documentation

30.    Copies of following supporting documents are attached hereto: (1) the ERS Bond Resolution as Exhibit B; (2) the Security Agreement, dated June 2, 2008, as Exhibit C; and (3) the Uniform Commercial Code filings made in connection with the ERS Bonds as Exhibit D.  The Claimant reserves the right to supplement these documents.

## Nature of Claims

31.    The Claimant is owed the Principal Amount, plus accrued interest and attorney's fees and expenses, plus unliquidated and contingent amounts to be determined.  The Claims are fully secured and entitled to administrative expense priority.  In addition, the claims for just compensation on account of the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired or discharged pursuant to a Title III plan of adjustment.

### Secured Claims

32.     The Claims are all secured under 11 U.S.C. § 506(a)(1) of the Bankruptcy Code.  Pursuant to the ERS Bond Resolution, the security agreement, and appropriately-filed financing statements, the Claimant is a secured creditor with valid, perfected liens on the Pledged Property.

33.     The Claims are all secured against the Commonwealth pursuant to 19 L.P.R.A. § 2106(2) and 19 L.P.R.A. § 2265(a).  Because the Commonwealth acquired property subject to the Claimant's valid, perfected liens on the Pledged Property, the Claimant is a secured creditor to the full extent of its claims against the Commonwealth.

### Administrative Expense Claims

34.     The Post-Legislation was enacted after the commencement of the ERS Title III case and the Commonwealth Title III case.  The Claims arising from the post-petition conduct of ERS and the Commonwealth are entitled to administrative expense status under 11 U.S.C. § 503, as incorporated into PROMESA by Section 301.

35.     The filing of this Proof of Claim in no respect waives, alters or otherwise affects any rights that the Claimant may have with regard to any other claims created or otherwise arising on or subsequent to the date on which ERS or the Commonwealth commenced these Title III cases.  The Claimant reserve all rights to argue that any right to payment is a post-petition claim.

### Non-Dischargeable Claims

36.     The claims under the Fifth Amendment to the United States Constitution and Article II, Section 9 of the Puerto Rico Constitution resulting from the Commonwealth's unconstitutional taking of the Claimant's property cannot be impaired by a PROMESA plan of

adjustment. PROMESA cannot be construed to violate the United States Constitution. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) ("The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment."). Accordingly, as the United States has previously explained, this Court cannot confirm a plan that would "impair [a] constitutional claim for just compensation." *In re City of Detroit*, 524 B.R. 147, 270 (Bankr. E.D. Mich. 2014).[3] Unsurprisingly, PROMESA's framework is consistent with this view. First, 11 U.S.C § 1129(b)(2)(A), incorporated by Section 301(a) of PROMESA, 48 U.S.C. § 2161(a), provides constitutionally rooted property protections for secured claims. Second, Section 314 of PROMESA prohibits the Court from confirming a plan if the debtor is "prohibited by law"—such as the Constitution—"from taking any action necessary to carry out the plan." 48 U.S.C. § 2174 (b)(3). Finally, 11 U.S.C. § 944(c)(1), also incorporated by PROMESA, permits the Court to order a takings claim nondischargeable. *See Detroit*, 524 B.R. at 270.

**Reservation of Rights**

37.  The Claimant does not waive, and expressly reserves, all rights and remedies at law or in equity that it has or may have against ERS and the Commonwealth and/or any other person or entity. The Claimant reserves the right to amend or supplement this Proof of Claim at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth in this Proof of Claim or the basis therefor, to fix the amount of any contingent or unliquidated

---

[3] *Accord* Br. for the United States at 6-7, *Detroit*, 524 B.R. 147 (No. 13-53846), Dkt. No. 6664 ("To the extent that the Plan proposes . . . to pay less than the full amount of a claim based on a just compensation award, regardless of when that award or the facts giving rise to it occur, i.e., prepetition or postpetition, such treatment would raise substantial constitutional questions. The Just Compensation Clause would appear to require these claims to be treated as nondischargeable.").

claim and/or to assert that all or any part of the claim(s) set forth in this Proof of Claim are entitled to be treated as an administrative expense or other priority. The Claimant further reserves the right to file and assert any additional claims or requests for payment of administrative expense of whatever kind or nature that may be or later become due from ERS and the Commonwealth under any other agreement or otherwise, including, without limitation, any secured, priority, administrative expense or general unsecured claims under the Bankruptcy Code or otherwise, whether known or unknown, liquidated or unliquidated, choate or inchoate, disputed or undisputed or contingent or fixed.

38. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of the Claimant's rights against any person, entity or property, including any of the other debtors in these Title III cases, that may be liable for all or part of the claims set forth in this Proof of Claim; (b) an election of remedies; (c) an acknowledgment that the Claimant received adequate notice of any bar date fixed in these cases; (d) a waiver of the Claimant's right to assert additional administrative expense claims or an acknowledgment that all or any part of the claim(s) set forth in any Claim or herein or any other claim are not entitled to administrative or other priority; or (e) an admission that any valid claims or causes of action exist against the Claimant. The filing of this Proof of Claim is not and shall not be deemed or construed as a waiver of any such setoff or recoupment rights, and any such right of setoff or recoupment shall survive the closing of the Title III cases.

39. The Claimant does not waive any right to any security held by or for it or any right with respect to any specific assets or any right or rights of action that it has or may have against the Commonwealth and ERS or any other person or persons who may be liable for all or any part of the claim(s) set forth in any Claim or herein.

## Notices

       40.      Copies of all notices and communications concerning this Proof of Claim

should be sent to:

      Glendon Opportunities Fund, L.P.
      c/o Glendon Capital Management, L.P.
      1620 26th Street, Suite 2000N
      Santa Monica, CA 90404
      Tel. 310.907.0450

With a copy to:

      Jones Day
      250 Vesey Street
      New York, NY 10281
      Tel. 212.326.8312
      Attention: Benjamin Rosenblum, Esq.