UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2019 APR 22 PM 5:19
CLERK'S OFFICE
U.S DISTRICT COURT
SAN JUAN PR

-------------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
et al.,

   Debtors.

-------------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS
(Jointly Administered)

**[In Further Support of Docket 6128]**

**REPLY – IN FURTHER SUPPORT OF MOTION OF INDIVIDUAL GENERAL
OBLIGATION BONDHOLDER (1) TO PERMIT ELECTRONIC FILING BY PRO SE
PARTIES; (2) (IN THE ALTERNATIVE TO "(1)") TO SET UP A MECHANISM TO
PERMIT PRO SE PARTIES TO FILE AND SERVE PAPERS BY SUBMISSION BY EMAIL
TO PRIME CLERK; (3) TO PERMIT PRO SE PARTIES TO LISTEN INTO
PROCEEDINGS BY TELEPHONE; AND (4) TO ORDER THE APPOINTMENT OF A
COMMITTEE FOR INDIVIDUAL AND OTHER MODEST-SIZED BONDHOLDERS**

Dated: April 16, 2019

## Table of Contents

Reply Memorandum – Preliminary Statement .................................................................................1

    I.    REPLY POINT I: PRO SE PARTIES SHOULD BE PERMITTED TO FILE ELECTRONICALLY ..................................................................................................3

    II.    REPLY POINT II: (IN THE ALTERNATIVE TO "(I)"), A MECHANISM SHOULD BE SET UP TO PERMIT PRO SE PARTIES TO FILE AND SERVE PAPERS BY SUBMISSION BY EMAIL TO PRIME CLERK ......................4

    III.    REPLY POINT III: PRO SE PARTIES SHOULD BE PERMITTED TO LISTEN INTO PROCEEDINGS BY TELEPHONE ......................................................5

    IV.    REPLY POINT IV: THE COURT SHOULD ORDER THE APPOINTMENT OF A COMMITTEE FOR INDIVIDUAL AND OTHER MODEST-SIZED BONDHOLDERS ...............................................................................................................5

Conclusion .......................................................................................................................................8

**Reply Memorandum – Preliminary Statement**

FOMB in its objection (Docket#6164) to my motion seeking an order appointing a committee for modest-sized bondholders (Docket#6128), misstates the alternative relief sought by my motion. FOMB complains that my motion "seeks the alternative relief of reconstituting the UCC to include GO Bondholders" (Docket#6164-page-15-of-22; *see also, id.*-at 6-of-22). For this proposition, FOMB purports to quote (in note 6, Docket#6164-page-15-of-22) from my Memorandum in support of my motion at pages 7-8 (Docket#6128-1-page-9-to-10-of-11). But, as is apparent from what I actually said in my Memorandum – which I quote below, with underscoring used to identify the language that FOMB omitted when purporting to quote in note 6 what I said – my motion sought nothing of the sort. Thus, what I said at Docket 6128-1-page-9-to-10-of-11 is as follows:

> If, for any reason, the Court is not prepared to order the appointment of the requested committee <u>of individual and other bondholders related to individuals (*e.g.*, trusts or retirement accounts) with modest ($2.5 million par value or less) holdings of Puerto Rico general obligation bonds, but believes all general obligation bondholders should be included on one committee</u>, then the Court should direct the United States Trustee to at least ensure appropriate representation on the committee of individual and other bondholders related to individuals with modest holdings, including individuals in the 50 states who were treated unfairly (in my view, in violation of the law and U.S. Constitution) in the COFINA situation [NOTE: the underscored language was omitted where the FOMB purported to quote me in its note 6.]

As is clear from the phrase "but believes all general obligation bondholders should be included on one committee", the alternative relief I am seeking has nothing to do with the UCC and instead is the alternative relief of creating a committee of general obligation bondholders, with both institutions and individuals on one committee.

Based on this misrepresentation of the alternative relief I am seeking, FOMB goes on to assert that "this Court has already denied such relief with respect to the Ad Hoc GO Group Committee Motion" (Docket#6164-page-15-of-22). Of course, since I have not sought to have

1

individual or other general obligation bondholders appointed to the UCC, the premise of FOMB's argument fails.

Not only did FOMB omit the language that makes it clear that I was referring to the possibility that the court might decide it was preferable to appoint "one committee" to represent "all general obligation bondholders", it is also notable that section "4" at pages 7-8 of my Memorandum (Docket#6128-1-page-9-to-10-of-11) makes no reference to the UCC. So, in asserting that I advocated "reconstituting the UCC to include GO Bondholders," not only does FOMB omit language from what I did say, FOMB also asserts I said something ("reconstitutting the UCC") that does not appear on the face of the papers I submitted.

FOMB also highlights its misrepresentation of what I said in the introduction to FOMB's opposition, asserting that I (supposedly) requested that "modest bondholders be appointed to the existing Official Committee of Unsecured Creditors (the "UCC")", and FOMB argues that

> appointment to the UCC would disrupt the Title III process and present a direct conflict. Specifically, as the UCC is a party to the GO Related Objection, as defined below, having GO Bondholders seated on the UCC would generate internal conflicts and cause paralysis. (Docket#6164-page-6-of-22).

Of course, since I never requested the appointment of GO Bondholders – individual or otherwise – to the UCC, FOMB's complaints about "direct conflict", "internal conflicts" and "paralysis" are meritless.

Perhaps this misrepresentation of my motion – even to the point of purporting to quote from my motion but affirmatively carving out and replacing with ellipses key language that belies the argument FOMB makes – is simply the result of a mistaken misreading of my motion. But whether this is simply a mistake, or is something worse, this underscores the importance of a committee to represent individual GO bondholders so that the record can be corrected and misrepresentations by the FOMB can be addressed.

The fact that FOMB would use ellipses to distort and misrepresent an individual bondholder adversary's position, as occurred here, also underscores the importance of permitting individual

-2-

bondholder litigants acting pro se to use the Court CM/ECF system (or, at least, to have an alternative means of electronically docketing their filings by emailing to Prime Clerk (or another similar party)).

Other arguments asserted by FOMB, and the similar arguments by the UCC (Docket #6166) in its opposition, are also invalid, and will be addressed below.

I.    **REPLY POINT I: PRO SE PARTIES SHOULD BE PERMITTED TO FILE ELECTRONICALLY**

As stated in my moving papers, I have sought to register for electronic filing on the court's CM/ECF system as a pro se party, but have been advised that only attorneys admitted to practice in the District of Puerto Rico (either generally or pro hac vice) may register to use the CM/ECF system. I also noted that other federal courts – including, for example, the United States Court of Appeals for the First Circuit – allow pro se parties to register for and use their CM/ECF systems. FOMB does not dispute either of these points.

Rather, FOMB distorts my argument. FOMB claims I attempted "to portray" myself "as a man of modest means and unaware of or unable to undertake the court's processes". (Docket#6164-page-5-of-22) But, as my motion clearly states, the problem is that most individual bondholders "will not have a sufficient stake to make it economically feasible to retain counsel with access to the Puerto Rico District Court efiling system". (Docket#6128-1-page-3-of-11) In my case, for example, my stake on the invalidation issue is indeed modest (certainly by the standards of this case): I own $100,000 par of general obligation bonds purchased in 2012 that are the subject of the FOMB invalidation proceeding (*see* my Claim No. 10696, cited in the first paragraph of my Memorandum, at Docket#6128-1-page-3-of-11). Forcing me to incur unnecessary costs to defend myself will further unfairly add to the losses I have been subject to as a result of these Title III proceedings.

Furthermore, the fact I am an attorney does not disable me from acting pro se to protect my interests in this matter – and defend myself against the aggressive tactics of FOMB and UCC, who have sought to use all of their (seemingly unconstrained) resources to invalidate my bonds. FOMB and UCC have continued their aggressive tactics threatening bondholders through their efforts to

position themselves to attempt to recover payments of interest previously made to bondholders. *See, e.g.*, 6118, 6119, 6143 and 6144, all of which I object to.

I – and others who wish to do so – should be permitted as pro se litigants to use the CM/ECF system. The First Circuit allows this. It is simply unfair to deny pro se litigants – attorneys or not – the right to register to use the CM/ECF system in the District of Puerto Rico for purposes of this case.

The argument that I lack "prudential standing" to argue on behalf of non-attorney, pro se parties (Docket#6164-page-18-of-22) ignores the fact that a lawyer is not disabled from representing him or herself pro se in a matter in which he or she is individually a party simply because he or she is also an attorney – particularly where, as here, I (like other individual bondholders) need to defend myself against the FOMB's and UCC's aggressive tactics.

FOMB acknowledges that literally "hundreds" of notices of participation have been filed by individuals. Docket#6164-page-19-of-22. But FOMB does not explain exactly how it is that these individuals, who have expressed their desire to participate, are going to be able to effectuate that desire in practice under the procedures currently in place that are geared for parties (many of whom have hundreds of millions, or even billions, of dollars at issue) represented by attorneys admitted to the Puerto Rico District Court and with full access to the CM/ECF system.

II. **REPLY POINT II: (IN THE ALTERNATIVE TO "(I)"), A MECHANISM SHOULD BE SET UP TO PERMIT PRO SE PARTIES TO FILE AND SERVE PAPERS BY SUBMISSION BY EMAIL TO PRIME CLERK**

I requested that, in the alternative, if there is some unresolvable technical impediment to allowing pro se parties to use the CM/ECF system in the District of Puerto Rico, then pro se parties should be given the ability to file and serve papers by sending papers to a specified email address, with a party maintaining the email address (such as Prime Clerk) having the responsibility of forwarding the papers to the Clerk's office to place on the court docket (and thereby effect service, upon such docketing, via the CM/ECF system). Neither FOMB nor the UCC provide any reason why this is not feasible. Well-funded FOMB, UCC, and other litigants, should not have exclusive

access to an efficient and user-friendly filing system simply because the District of Puerto Rico CM/ECF system may not match the capabilities of many other federal courts, including the First Circuit.

### III. REPLY POINT III: PRO SE PARTIES SHOULD BE PERMITTED TO LISTEN INTO PROCEEDINGS BY TELEPHONE

This Court permits "attorneys who have entered an appearance in the Title III proceedings" to register with CourtSolutions to listen-in on hearings by telephone (*see, e.g.,* the Court's regular form of "order regarding procedures" before Omnibus hearings (Docket#5312-page-2-of-2). Pro se parties should also be permitted to do this, so those who cannot personally attend a hearing can at least listen to the proceedings.

### IV. REPLY POINT IV: THE COURT SHOULD ORDER THE APPOINTMENT OF A COMMITTEE FOR INDIVIDUAL AND OTHER MODEST-SIZED BONDHOLDERS

As noted, one of FOMB's arguments (that, supposedly, I am seeking to have bondholders appointed to the UCC, which I am not) is based on a misreading and misrepresentation of what I did argue, through the use of clever editing to omit key language from FOMB's quote from my papers.

The other argument FOMB highlights at the outset of its opposition – that adequate representation of the interests of GO bondholders is (supposedly) provided through the zealous representation of GO bondholders by ad hoc groups formed over the past two years (Docket#6164-page-6-of-22) – is likewise without merit.

First, some of the major general obligation bondholder groups – such as the self-named "Lawful Constitutional Debt Coalition" – represented by the same counsel that represented the senior COFINA bondholders (Docket#6179) – have filed notices of participation that (for their own tactical reasons) *support* the invalidity of general obligation bonds issued in or after 2012. *E.g.,* Docket#6179. (A reprise of FOMB's "divide and pay-special-benefits-to-help-conquer" strategy, employed in the COFINA case, may be in prospect here.) Other parties with an interest in general obligation or general obligation-guaranteed debt have likewise declared support for invalidation of the GO bonds issued in or after 2012 (*e.g.,* Docket#6251, 6169, 6171).

The fact some parties with an interest in general obligation debt would (for their own tactical reasons) advocate invalidity of certain general obligation bonds is a reason to deny membership on the committee to bondholders who are advocating invalidation of certain general obligation bonds, but it is not a reason to reject the appointment of a general obligation bondholder committee.

Puerto Rico chose to sell its general obligation debt throughout the United States to retail investors, representing that

> **The good faith, credit and taxing power of the Commonwealth are *irrevocably pledged* for the prompt payment of the principal of and interest on the bonds. The Constitution of Puerto Rico provides that public debt of the Commonwealth, which includes the Bonds, constitute a *first claim* on available Commonwealth resources.**
> (Italics added). (Cover of 2012A O.S., discussed at Docket#4913-page-2-of-10),

and that "The Commonwealth has never defaulted on the payment of principal of or interest on any of its debt." (2012A O.S. page 14, discussed at Docket#4913-page-3-of-10).

It ill behooves FOMB, as a representative of the Commonwealth, to engage in tactics – such as employed in the COFINA situation – that result in literally hundreds of millions or billions of dollars in profits to hedge funds and other major institutional players who bought post-PROMESA, but leave individuals who bought pre-PROMESA with large losses. For example, post-PROMESA, the price of the subordinate COFINA bonds dropped as low as 8% or 10% of par (Docket#4606-3-page-2-to-4,19-21-of-173), and between July 2017 and November 2018 several large COFINA *senior* bondholders purchased over $1.6 billion of *subordinate* bonds for themselves and clients. *Compare* Docket#749-*with*-Docket#4332. Members of another group with significant senior COFINA holdings apparently acquired over $120 million of subordinate bonds (in addition to their significant COFINA holdings) after 3/1/2018. *See* Docket#3765-and-3778. *See generally* Docket#4585, Docket#4595, Docket#4606 (and attachments), Docket#4673, Docket#4911, Docket#5041, Docket#5041-2, Docket#6283.

Second, FOMB's assertion that appointing the requested committee to represent individual and other modest-sized holders will result in significant cost and delay (Docket#6164-page-13-of-

22) is without merit. Costs can be controlled by having the individual bondholder committee cooperate with the ad hoc bondholder committees that are defending the validity of the general obligation bonds (or, alternatively, by having one committee for all general obligation bondholders, with individual bondholders represented on it, that takes the lead in the defense). I also proposed that meetings of the proposed individual bondholder committee (or any other bondholder committee that is established) should be conducted by telephone conference call, to minimize expenses (as well as to make it feasible for interested individual bondholders throughout the United States to participate in the committee's work).

But if there is ever to be an attempted consensual resolution, the COFINA experience makes absolutely clear that there needs to be meaningful representation of individual bondholders – either through a separate individual bondholder committee or, as per my alternative request, a committee comprised of all general obligation bondholders supporting validity (but with meaningful representation of individual bondholders). *See generally* Docket#4585, Docket#4595, Docket#4606 (and attachments), Docket#4673, Docket#4911, Docket#5041, Docket#5041-2, Docket#6283 (Supplement to my Response to Thirteenth Omnibus Objection).

If there is to be any negotiation, as the COFINA situation has shown, the interests of individual bondholders (and other bondholders with modest holdings) – many of whom bought pre-PROMESA at or about the original offering prices – may diverge from that of funds who bought large positions at the distressed prices that have prevailed following the enactment of PROMESA.

Third, FOMB argues that whether someone bought at par (as distinct from purchasing at distressed price levels) is not of any legal significance. Docket#6164-16-of-22.

But here the issue is not simply what a particular bondholder paid to acquire its position. Faced with a "divide and pay-special benefits-to-help-conquer" strategy, such as that employed in the COFINA situation, it becomes significant from a practical point of view whether a bondholder (1) bought pre-PROMESA, at the time Puerto Rico was selling its securities throughout the United

States with its "irrevocable pledge," "first claim" and "never defaulted" attestations, and when there was no law that (as construed) assertedly allows some parties to vote for special benefits to themselves to the detriment of other parties, versus (2) bought post-PROMESA, at distressed prices, with knowledge that PROMESA may change the legal landscape for bondholder rights.

The absence of bona fide individual bondholder participation in confidential negotiations – as occurred in the COFINA situation – becomes a particularly serious problem when participants in the confidential negotiations get special benefits not shared by all.

Finally, it ill behooves FOMB and UCC to complain that the expenses of a general obligation bondholder committee may be paid. After all, the general obligation bondholders are the ones who were given the Commonwealth's "irrevocable pledge" and who have – under the Puerto Rico Constitution – a "first claim" on available Commonwealth resources. If anyone is to have their fees and expenses paid in this case it should be the general obligation bondholders. (As previously noted, I object to FOMB and UCC having their litigation costs funded while the bonds remain in default. And it is particularly objectionable – indeed, inexplicable to me – that a committee that is apparently comprised of unsecured trade creditors and unions (*see* Docket#6162-page-11-of-28) has their litigation costs paid in these proceedings, even while the secured general obligation debt with a Constitutional "first claim" to payment remains in default.)

### Conclusion

The relief sought by my Motion (Docket #6128) should be granted.

April 16, 2019

Respectfully Submitted,

*/s/ Peter C. Hein*

Peter C. Hein, Pro Se
101 Central Park West, Apt. 14E
New York, NY 10023
peterchcinsr@gmail.com

-8-

## CERTIFICATE OF SERVICE

I have caused to be served a copy of:

1.      Reply – In Further Support of Motion of Individual General Obligation Bondholder (1) To Permit Electronic Filing By Pro Se Parties; (2) (In the Alternative to "(1)") To Set Up A Mechanism To Permit Pro Se Parties To File and Serve Papers By Submission By Email To Prime Clerk; (3) To Permit Pro Se Parties To Listen Into Proceedings By Telephone; and (4) To Order the Appointment of A Committee For Individual and Other Modest-Sized Bondholders.

2.      Informative Motion – April 24, 2019 Hearing,

by email (or by hand or by U.S. mail, if no email address is listed) to each of the parties or their attorneys on the attached service list.

Dated: April 16, 2019

_____
Peter C. Hein

(i) Chambers of the Honorable Laura Taylor Swain:

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922
ustp.region21@usdoj.gov
Monsita.Lecaroz@usdoj.gov

(iii) Puerto Rico Fiscal Agency and Financial Advisory Authority (AAFAF):

Puerto Rico Fiscal Agency and Financial Advisory Authority
Robert Sánchez Vilella (Minillas) Government Center
De Diego Ave. Stop 22
San Juan, Puerto Rico 00907
Attn:   Gerardo J. Portela Franco
        Mohammad Yassin, Esq.
E-Mail: Gerado.Portela@aafaf.pr.gov
        Mohammad.Yassin@aafaf.pr.gov

(iv) Counsel for AAFAF:

| O'Melveny & Meyers LLP | Marini Pietrantoni Muñiz LLC |
| 7 Times Square | MCS Plaza, Suite 500 |
| New York, New York 10036 | 255 Ponce de León Ave. |
| Attn: John J. Rapisardi, Esq. | San Juan, PR 00917 |
| Suzzanne Uhland, Esq. | Attn: Luis C. Marini-Biaggi, Esq. |
| Peter Friedman, Esq. | Carolina Velaz-Rivero, Esq. |
| Nancy A. Mitchell, Esq. | María T. Álvarez-Santos, Esq. |
| Maria J. DiConza, Esq. | E-Mail: lmarini@mpmlawpr.com |
| E-Mail: jrapisardi@omm.com | cvelaz@mpmlawpr.com |
| suhland@omm.com | malvarez@mpmlawpr.com |
| pfriedman@omm.com | |
| mitchelln@omm.com | |
| mdiconza@omm.com | |

(v) Counsel for the Oversight Board:

| Proskauer Rose LLP | O'Neill & Borges LLC |
| Eleven Times Square | 250 Muñoz Rivera Ave., Suite 800 |
| New York, New York 10036-8299 | San Juan, PR 00918-1813 |
| Attn: Martin J. Bienenstock | Attn: Hermann D. Bauer, Esq. |
| Paul V. Possinger | E-Mail: hermann.bauer@oneillborges.com |
| Ehud Barak | |
| Maja Zerjal | |
| E-Mail: mbienenstock@proskauer.com | |

ppossinger@proskauer.com
ebarak@proskauer.com
mzerjal@proskauer.com

(vi) Counsel for the Creditors' Committee:

Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
James Bliss
James Worthington
G. Alexander Bongartz
E-Mail: lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

Casillas, Santiago & Torres LLC
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Attn: Juan J. Casillas Ayala
Diana M. Batlle-Barasorda
Alberto J. E. Añeses Negrón
Ericka C. Montull-Novoa
E-Mail: jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

(vii) Counsel for the Retiree Committee:

Jenner & Block LLP
919 Third Avenue
New York, New York 10022
Attn: Robert Gordon
Richard Levin
Catherine Steege
E-Mail: rgordon@jenner.com
rlevin@jenner.com
csteege@jenner.com

Bennazar, Garcia & Milián, C.S.P.
Edificio Union Plaza PH-A piso 18
Avenida Ponce de León #416
Hato Rey, San Juan, Puerto Rico 00918
Attn: A.J. Bennazar-Zequeira
E-Mail: ajb@bennazar.org

(viii) Counsel listed on the attachments hereto, by email:

-3-

## Peter C. Hein

| | |
|---|---|
| **From:** | Peter C. Hein <petercheinsr@gmail.com> |
| **Sent:** | Tuesday, April 16, 2019 10:34 AM |
| **To:** | petercheinsr@gmail.com |
| **Subject:** | 17 BK 3283-LTS and 17 BK 3284-LTS 4/16/19 service 1 |

**From:** petercheinsr@gmail.com [mailto:petercheinsr@gmail.com]
**To:** Gerardo.Portela@aafaf.pr.gov; Mohammad.Yassin@aafaf.pr.gov; jrapisardi@omm.com; suhland@omm.com; pfriedman@omm.com; mitchelln@omm.com; mdiconza@omm.com; lmarini@mpmlawpr.com; cvelaz@mpmlawpr.com; malvarez@mpmlawpr.com; mbienenstock@proskauer.com; ppossinger@proskauer.com; herman.bauer@oneillborges.com; ebarak@proskauer.com; mzerjal@proskauer.com; lucdespins@paulhastings.com; jamesbliss@paulhastings.com; jamesworthington@paulhastings.com; alexbongartz@paulhastings.com; jcasillas@cstlawpr.com; dbatlle@cstlawpr.lcom; aaneses@cstlawpr.com; emontull@cstlawpr.com; rgordon@jenner.com; rlevin@jenner.com; csteege@jenner.com; ajb@bennazar.org; Monsita.lecaroz@usdoj.gov; ustp.region21@usdoj.gov
**Cc:** petercheinsr@gmail.com

1

**Peter C. Hein**

**From:** Peter C. Hein <petercheinsr@gmail.com>
**Sent:** Tuesday, April 16, 2019 10:34 AM
**To:** petercheinsr@gmail.com
**Subject:** 17 BK 3283-LTS and 17 BK 3284-LTS service 2

**From:** petercheinsr@gmail.com [mailto:petercheinsr@gmail.com]
**To:** 'Goldstein, Irena'; 'Bassett, Nicholas A. (Paul Hastings LLP)'; 'Burke, Donald'; 'Stancil, Mark T. (Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP)'; 'Bernstein, Donald S. (Davis Polk & Wardwell LLP)'; 'Resnick, Brian M. (Davis Polk & Wardwell LLP)'; 'Libby, Angela (Davis Polk & Wardwell LLP)'; 'Peck, James M. (Morrison & Foerster, LLP)'; 'Lee, Gary S. (Morrison & Foerster, LLP)'; 'Fioccola, David J. (Morrison & Foerster, LLP)'; 'Esposito, Grant J. (Morrison & Foerster, LLP)'; 'Ellenberg, Mark C. (Cadwalader, Wickersham & Taft LLP)'; 'Caton, Amy (Kramer Levin Naftalis & Frankel LLP)'; 'Mayer, Thomas Moers (Kramer Levin Naftalis & Frankel LLP)'; 'Bello, Nancy M. (Kramer Levin Naftalis & Frankel LLP)'; 'O'Neill, P. Bradley (Kramer Levin Naftalis & Frankel LLP)'; 'Zeituni, Karen (Paul, Weiss, Rifkind, Wharton & Garrison LLP)'; 'Rosenberg, Andrew N. (Paul, Weiss, Rifkind, Wharton & Garrison LLP)'; 'Buckley, Douglas (Kramer Levin Naftalis & Frankel LLP)'; 'Bjork, Jeffrey E. (Latham & Watkins LLP)'; 'Harris, Christopher (Latham & Watkins LLP)'; 'Goldberg, Adam J. (Latham & Watkins LLP)'; 'Burton, Liza L. (Latham & Watkins LLP)'; 'Servais, Casey'; 'Esposito, Grant J. (Morrison & Foerster, LLP)'; 'Fioccola, David J. (Morrison & Foerster, LLP)'; 'Massman, Stephanie'; 'Despins, Luc A. (Paul Hastings LLP)'; 'Bliss, James R. (Paul Hastings LLP)'; 'Weisfelner, Edward S. (Brown Rudnick Berlack Israels LLP)'; 'Papalaskaris, Angela (Brown Rudnick Berlack Israels LLP)'; 'Beville, Sunni P. (Brown Rudnick Berlack Israels LLP)'
**Cc:** petercheinsr@gmail.com

1

**Peter C. Hein**

**From:** Peter C. Hein <petercheinsr@gmail.com>
**Sent:** Tuesday, April 16, 2019 10:33 AM
**To:** petercheinsr@gmail.com
**Subject:** 17 BK 3283-LTS and 17 BK 3284-LTS service 3

**From:** petercheinsr@gmail.com [mailto:petercheinsr@gmail.com]
**To:** mbienenstock@proskauer.com; brosen@proskauer.com; ppossinger@proskauer.com; ebarak@proskauer.com; mzerjal@proskauer.com; lucdespins@paulhastings.com; jamesbliss@paulhastings.com; andrewtenzer@paulhastings.com; michaelcomerford@paulhastings.com; jamesworthington@paulhastings.com; alexbongartz@paulhastings.com; mbienenstock@proskauer.com; brosen@proskauer.com; ppossinger@proskauer.com; ebarak@proskauer.com; mzerjal@proskauer.com; lucdespins@paulhastings.com; jamesbliss@paulhastings.com; andrewtenzer@paulhastings.com; michaelcomerford@paulhastings.com; jamesworthington@paulhastings.com; alexbongartz@paulhastings.com
**Cc:** petercheinsr@gmail.com

1