# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- X
                                                                       :

In re:                                                       :

                                                      :

THE FINANCIAL OVERSIGHT AND           :  PROMESA

MANAGEMENT BOARD FOR PUERTO RICO,    :  Title III

                                                       :

         as representative of              :  Case No. 17-BK-3283 (LTS)

                                                     :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  :  (Jointly Administered)

                                                       :

         Debtors.[1]                          :

-------------------------------------------------------------------- X

# FURTHER ORDER PURSUANT TO BANKRUPTCY
# RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND
# COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

      Upon further consideration of the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April 8, 2019 [ECF No. 6143] (the "Urgent Motion")[2] and the *Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6384] (the "First Order"), and the exhibits attached thereto, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this

Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Urgent Motion

and First Order has been provided under the particular circumstances and no other or further

notice need by provided; (iv) based on the statements and arguments made in the Urgent Motion,

the Court has found that disclosure pursuant to Rule 1007(i) and examination under Rule 2004 of

the Federal Rules of Bankruptcy Procedure is appropriate; and (v) the parties referred to in the

First Order have met and conferred regarding the creation of an appropriate confidentiality

restriction as reflected herein, and have submitted the proposal reflected below, in compliance

with the First Order and in agreement as to the provisions thereof.  Accordingly, it is hereby

**ORDERED** that:

1. The Urgent Motion is further granted as provided herein.

2. To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of confidential information, including personal data or non-public personal financial information, permits disclosure of such information pursuant to an order of a court, this order shall constitute such an order.

3. The Oversight Board shall not disclose any Confidential Information[3] to any person for any purpose, except as provided below:

   a. The Oversight Board may disclose any Confidential Information to (a) the UCC and/or any trustee appointed pursuant to 11 U.S.C. § 926, and (b) each such party's representatives, professionals, and members, provided that the foregoing restrictions shall apply to all such parties and persons (each in such capacity, a "Receiving Party");

   b. The Receiving Party may disclose the identity of any person or entity who is a defendant to a Challenged Bonds Avoidance Action, together with such person's or entity's address, the date of receipt of any transfers

---

[3] "Confidential Information" constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 or 9018 of the Federal Rules of Bankruptcy Procedure, or is subject by law or by contract to a legally protected right of privacy.  For the avoidance of doubt, Confidential Information includes customer/consumer names and addresses, account numbers, and identification of securities held in the accounts.  The term "Confidential Information," however, shall not include information within the public domain that is furnished by any provider of information ("Provider") to a third party who is under no obligation to keep the information confidential.

alleged to be avoidable, the amounts of any such transfers individually and in the aggregate, and the Challenged Bond CUSIP numbers corresponding to any such transfers, in any document necessary to file, serve, and prosecute the Challenged Bonds Avoidance Actions. Notwithstanding the foregoing, in accordance with Local Rule 5.2 of the District of Puerto Rico, the Receiving Party shall, to the extent it seeks to disclose Confidential Information in any pleading, motion, objection, or other public document pursuant to this paragraph, redact all (1) social security or employer identification numbers of individuals or entities, (2) names of any individuals known by the Receiving Party to be minor children as of the date of disclosure; (3) dates of birth of individuals, (4) financial account numbers, and (5) home or business addresses, other than such individuals' or entities' city and state of residence, provided, however, that in any Challenged Bond Avoidance Action not involving an individual known by the Receiving Party to be a minor child at the time of disclosure, the Receiving Party shall file any initial pleading and case commencement materials using a pseudonym name for the defendant, and file with the Court under seal a "key" list matching pseudonyms to actual names, and provided further that the obligation to utilize a pseudonym as provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information. For the avoidance of doubt, (a) the Receiving Party may file under seal a single "key" matching pseudonyms to actual names of all defendants to all Challenged Bond Avoidance Actions commenced by such Receiving Party; (b) notice and opportunity for such defendants to object to use of Confidential Information may be provided by the Receiving Party in the body of any initial pleading and no further notice shall be required; and (c) this Order shall be self-effectuating such that no Receiving Party shall be required to file any motion or other pleading with the Court regarding further permission to file such "key" under seal.

c.  Upon the latest of (a) the date that a final judgment has been entered and satisfied as to all Challenged Bonds Avoidance Actions and (b) the date that the above-captioned PROMESA Title III cases are closed by the Court, the Receiving Parties shall destroy all Confidential Information. Notwithstanding the foregoing, the Receiving Parties shall be permitted to retain, in accordance with its documented practices, professional obligations, applicable law or automatic electronic backup systems, archival copies of any Confidential Information. For the avoidance of doubt, the Receiving Parties shall not be required to destroy or erase any electronic copy of such materials that is created pursuant to its standard electronic backup and archival procedures, if only personnel whose functions are primarily information technology in nature have access to such retained copies (except to the extent used for any purpose outlined

above in this paragraph) and such personnel's access is limited to that reasonably necessary for the performance of their information technology duties. Notwithstanding the destruction of Confidential Information pursuant to this paragraph, the Receiving Parties will continue to be bound by their confidentiality obligations and other obligations under this Order in perpetuity; and

d.  In the event that a Receiving Party receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, relevant regulatory authority or by the mandatory rules or requirements of any recognized investment exchange, the Receiving Party shall to the extent permitted by law or the mandatory rules or requirements of any recognized investment exchange (a) promptly notify the Provider of the existence, terms and circumstances surrounding such a request, (b) consult with the Provider on the advisability of taking steps to resist or narrow such request, (c) if disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Receiving Party reasonably determines is legally required to be disclosed and (d) cooperate, at the Provider's expense, with the Provider in its efforts to obtain a protective order or other relief to prevent the disclosure of the Confidential Information or other reliable assurance that confidential treatment will be accorded to such portion of the Confidential Information that is required to be disclosed.

4.  The Receiving Party shall maintain Confidential Information in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of Confidential Information. Confidential Information shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Challenged Bonds Avoidance Actions. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based. If a Receiving Party learns that there has been a material breach of a Provider's Confidential Information due to unauthorized access by a third-party (including unauthorized access by a current or former employee of the Receiving Party) to Confidential Information in the Receiving Party's possession, custody or control, the Receiving Party shall as soon as possible notify the Provider of such breach and shall cooperate, or cause its designated agents to cooperate, with the Provider and the Provider's agents in the investigation and resolution of such breach. Nothing in this provision, however, shall be construed as authorizing or requiring a party to violate any law, court order, or regulatory obligation prohibiting the Receiving Party from notifying the Provider of such breach.

5.  Any Provider or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any law or contractual obligation relating to personal data or non-party financial information.

6.  The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019

_____

Honorable Judith Gail Dein
United States Magistrate Judge

63375742