**Hearing Date and Time: May 1, 2019, at 1:00 p.m. (AST)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF ANDALUSIAN GLOBAL DESIGNATED ACTIVITY COMPANY, MASON CAPITAL MASTER FUND, LP, AND <u>THE PUERTO RICO FUNDS FOR A PROTECTIVE ORDER</u>**

# **TABLE OF CONTENTS**

        **Page**

TABLE OF AUTHORITIES ................................................................................................... ii
INTRODUCTION ..................................................................................................................... 1
ARGUMENT .............................................................................................................................. 2

I.    The Propriety Of The Oversight Board's Rule 30(b)(6) Notices Has Nothing To Do With The Propriety of Movants' Entirely Different Discovery Requests .............. 2

II.   The Court Should Grant A Protective Order As To Topics 1–14(a) and 15–21 ............... 4

    A.    Topics 1 And 2 Are Irrelevant And Impermissibly Vague .................................... 4

    B.    Topics 3 And 4 Are Irrelevant ................................................................................ 5

    C.    Topics 5–10 Are Irrelevant And Improperly Seek Testimony About Contentions And Legal Conclusions .................................................................... 5

    D.    Topics 11–13 Are Irrelevant ................................................................................... 6

    E.    Topic 14(a) Is Irrelevant ......................................................................................... 7

    F.    Topics 15–19 Improperly Seeks Testimony About Contentions And Legal Conclusions .................................................................................................. 8

    G.    Topics 20 And 21 Are Impermissibly Vague And Improperly Seek Legal Conclusions .................................................................................................. 9

III.  The Court Should Grant A Corresponding Protective Order As To The Individual Depositions Of James Bolin, Richard Engman, And Leslie Highley, Jr ......................... 10

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Doe v. Trs. of Bos. Coll.*,
  No. 15-10790, 2015 WL 9048225 (D. Mass. Dec. 16, 2015) ...................................................... 3

*Fed. Ins. Co. v. Delta Mech. Contractors, LLC*,
  No. 11-cv-048ML, 2013 WL 1343528 (D.R.I. Apr. 2, 2013) .................................................... 5

*In re Enron Creditors' Recovery*,
  No. 01-bk-16034 (AJG), 2007 WL 2680427
  (Bankr. S.D.N.Y. Sept. 6, 2007) ........................................................................................ 1, 6, 9

*In re Indep. Serv. Orgs. Antitrust Litig.*,
  168 F.R.D. 651 (D. Kan. 1996) .............................................................................................. 6, 9

*JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*,
  209 F.R.D. 361 (S.D.N.Y. 2002) .......................................................................................... 6, 10

*Reed v. Bennett*,
  193 F.R.D. 689 (D. Kan. 2000) .................................................................................................. 5

*SEC v. Present*,
  No. 14-cv-14692, 2016 WL 10998439 (D. Mass. May 12, 2016) .......................................... 6, 8

*Smith v. Dowson*,
  158 F.R.D. 138 (D. Minn. 1994) .............................................................................................. 10

*Sprint Commc'ns Co. v. Theglobe.com, Inc.*,
  236 F.R.D. 524 (D. Kan. 2006) .............................................................................................. 1, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ............................................................................................................... 3, 4, 10

Fed. R. Civ. P. 30 ................................................................................................................. *passim*

**INTRODUCTION**

1.  The thrust of the Oversight Board's Objection is that the Board is entitled to depose Movants on any topic it chooses because the Court ordered Respondents[1] to respond to Movants' discovery requests. *Obj. of Financial Oversight and Management Board, as Representative of Debtor, to Mot. for a Protective Order*, Docket No. 461 in Case No. 17-bk-03566. But, as the Court held, Movants' discovery requests were directly relevant to the Stay Relief Motion. That has nothing to do with whether the Board's twenty-three Rule 30(b)(6) topics, concerning entirely different issues, are relevant and otherwise appropriate. The Board's protests of unfair treatment and pleas for uniformity are unfounded.

2.  When it comes to defending its Rule 30(b)(6) topics, the Oversight Board has little to say. As Movants explained, because Rule 30(b)(6) imposes the "onerous" obligation on the deposed party to educate its designee about the topics in the deposition notice, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006). In addition, a Rule 30(b)(6) deposition may not be used to probe a party's "conclusions, opinions, and legal theor[ies]," which are the domain of contention interrogatories. *In re Enron Creditors' Recovery*, No. 01-bk-16034 (AJG), 2007 WL 2680427, at *3 (Bankr. S.D.N.Y. Sept. 6, 2007). The Board completely ignores these arguments. Indeed, it does not cite a single case in its 13-page Objection.

3.  Rather, the Board resorts to generalized arguments about the relevance of its Rule 30(b)(6) topics, often revising the topics in the process and not defending the topics it actually propounded. And, when it does address its topics, the Board fails to explain how the topics are

---

[1] Respondents include ERS, the Commonwealth, AAFAF, and the Oversight Board.

1

relevant to the specific issues in the Stay Relief Motion. At bottom, what the Board really wants is to cross-examine Movants' designees about legal theories, which is plainly impermissible.

## ARGUMENT

**I. The Propriety Of The Oversight Board's Rule 30(b)(6) Notices Has Nothing To Do With The Propriety of Movants' Entirely Different Discovery Requests.**

4. The Oversight Board's primary argument is that each of its twenty-three Rule 30(b)(6) topics must be proper because the Court held that Movants are entitled to discovery concerning Respondents' various roles in the conception of "PayGo" and the enactment of Joint Resolution 188 and Act 106. Obj. ¶¶ 1–5, 10, 24–28, 34. That, of course, is a *non sequitur*.

5. As the Board knows, Movants requested discovery into events surrounding PayGo, Joint Resolution 188, and Act 106 because Respondents opposed the Stay Relief Motion on the basis that Joint Resolution 188 and Act 106 eliminated Movants' collateral. According to Respondents, because ERS no longer receives employer contributions, there is no longer any collateral, and nothing now exists that could be diminished in value. In rebuttal, Movants intend to show that employer contributions and PayGo fees are little different, and that their liens continue to attach to the PayGo fees. As the Court explained at the April 1 hearing, Movants need discovery about Respondents' actions to understand "how did the statute[s] . . . come to be" and "are we talking about the same funds, not the same funds, and where did they end up." Apr. 1, 2019, Hr'g Tr. at 33:8–17. Movants' discovery is thus directly relevant to sole question on which Judge Swain ordered discovery: "the attribution of any diminution in value resulting from the automatic stay." *August 6, 2018, Order*, Docket No. 313 in Case No. 17-bk-03566.

6. The challenged topics in the Board's deposition notices are another story. The deposition topics, of course, do not ask about PayGo, Joint Resolution 188, or Act 106, since Movants obviously have no direct knowledge about the genesis of any of these. Instead, the Board

2

propounds an array of deposition topics about the issuance of ERS Bonds in 2008 (Topics 1, 3, 11), Movants' decisions to buy the bonds (2, 4), Movants' understanding of various legal terms (5–10), Movants' communications with the Fiscal Agent (12–13), Movants' legal contentions (15–19), changes in Puerto Rico law (20–21), and the proofs Movants will offer at the Stay Relief Motion hearing (23). As demonstrated below, almost all of these are objectionable. More to the point, though, none is justified by any of the rulings the Court has made to date.

7. The Board's complaints that, *e.g.*, "the scope of discovery in this matter cannot vary party-by-party" (Obj. ¶ 3) do not survive scrutiny. Essentially, the Board is arguing that, since the Court overruled the Board's relevance objections to Movants' discovery, the Court should not entertain Movants' relevance objections to the Board's entirely different discovery requests. Unsurprisingly, the Board does not provide support for that illogical proposition, since different parties will propound different discovery where they have different knowledge, proofs, defenses, and legal theories about the underlying events. As the Advisory Committee's Note to Rule 26 explains,

> Some cases involve what often is called "information asymmetry." One party . . . may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that *the burden of responding to discovery lies heavier on the party who has more information, and properly so*.

Fed. R. Civ. P. 26, advisory committee's note to 2015 amendment (emphasis added); *see also Doe v. Trs. of Bos. Coll.*, No. 15-10790, 2015 WL 9048225, at *1 (D. Mass. Dec. 16, 2015) ("[D]efendant's relative and far superior access to the information . . . necessitates a stronger showing of burden and expense" to support a challenge to discovery as unduly burdensome.).

8. The Advisory Committee's Note is especially instructive here. Respondents were directly involved in the conception and passage of laws that, they now say, eliminated Movants' collateral and moot the Stay Relief Motion altogether. They therefore have ample discoverable

3

information that is directly relevant to the main argument in their case. Movants, on the other hand, are investors—some who purchased the bonds years after issuance in arm's-length transactions—and the nature and relevance of their evidence is profoundly different. It should therefore come as no surprise if "the burden of responding to discovery lies heavier on" Respondents. Fed. R. Civ. P. 26, advisory committee's note to 2015 amendment.

## II.   The Court Should Grant A Protective Order As To Topics 1–14(a) and 15–21.

### A.   Topics 1 And 2 Are Irrelevant And Impermissibly Vague.

9.   Topics 1 and 2 are, respectively, "The issuance of ERS Bonds" and "Your purchase of ERS Bonds." The Board contends that these topics are relevant because they relate to "defenses that the Oversight Board may assert," specifically, whether "Movants knew and accepted any diminution in value, dissipation, or diversion of collateral that is the result of legislation rather than resulting from the automatic stay." Obj. ¶ 19 (emphasis omitted). But the Board fails to explain why this would be a defense to the Stay Relief Motion in the first place or why Movants' state of mind when they bought their bonds years ago is relevant to whether Movants are entitled to relief from the automatic stay today. At best, this boils down to an argument that Movants are not secured creditors at all, a proposition the First Circuit has already rejected. In any event, the Board cites no legal support for its position.

10.   Topics 1 and 2 are also impermissibly vague. Rule 30(b)(6) notices must "designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint Commc'ns Co.*, 236 F.R.D. at 528. The Board neither disputes this legal standard nor explains how Topics 1 and 2 meet it. Topics 1 and 2 concern very general events—the issuance and purchase of bonds—and would require Movants to educate their designees about all facts known to anyone in their organizations having anything to do with those events, whether or not it has any relationship to the Stay Relief Motion.

4

The law does not allow such sweeping topics, which "subject[] the noticed party to an impossible task" in preparing its designee. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-cv-048ML, 2013 WL 1343528, at *1, 4 (D.R.I. Apr. 2, 2013).

      **B.**     **Topics 3 And 4 Are Irrelevant.**

11.     Topics 3 and 4 are, respectively, "Your due diligence performed in connection with the issuance of ERS Bonds," and "Your due diligence performed in connection with Your purchase of ERS Bonds." The Board's sole explanation for the relevance of these topics is the same as for Topics 1 and 2—they purportedly relate to "defenses the Oversight Board may assert" based on Movants' supposed knowledge that the legislature might alter employer contributions. But again, the Board does not explain how Movant's supposed knowledge could provide a defense to the Stay Relief Motion, or cite any precedent supporting such a defense. *Supra* ¶ 9. Nor does the Board offer any other explanation as to how these topics relate to "the attribution of any diminution in value resulting from the automatic stay." *August 6, 2018, Order*, Docket No. 313 in Case No. 17-bk-03566.

      **C.**     **Topics 5–10 Are Irrelevant And Improperly Seek Testimony About Contentions And Legal Conclusions.**

12.     Topics 5–10 are:

      (5)    Your understanding of what constitutes assets of ERS.

      (6)    Your identification of what You contend constitutes collateral for the ERS Bonds.

      (7)    Your identification of which ERS assets You contend constitute collateral for the ERS Bonds, and which ERS assets You contend are not collateral for the ERS Bonds.

      (8)    Your identification of which other assets You contend constitute collateral for the ERS Bonds.

5

  (9) Your identification of what You contend is Pledged Property.

  (10) Any security interest or lien that You have related to the ERS Bonds.

13. Each of these topics is irrelevant and improper because each seeks to ask a fact witness about the meaning of legal terms and to probe Movants' legal contentions via a Rule 30(b)(6) deposition. Motion ¶¶ 15–16, 21–23. In their opening brief, Movants cited ample precedent explaining that Rule 30(b)(6) depositions may not be used to probe a party's "conclusions, opinions, and legal theor[ies]," which are the domain of contention interrogatories. *In re Enron Creditors' Recovery*, 2007 WL 2680427, at *3; *see also SEC v. Present*, No. 14-cv-14692, 2016 WL 10998439, at * 2 (D. Mass. May 12, 2016); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).

14. The Board cites no contrary authority. Instead, it contends that these topics "seek the factual basis for" Movants' contentions about their collateral. Obj. ¶ 16. But the law is clear that "a Rule 30(b)(6) witness *may not be expected to testify about the factual basis of legal theories*." *SEC v. Present*, 2016 WL 10998439, at * 2 (emphasis added). Moreover, the topics themselves say nothing about the "factual basis"; the Board is attempting to amend its notice in an effort to salvage clearly improper inquiries.

 **D.** **Topics 11–13 Are Irrelevant.**

15. Topics 11–13 are:

  (11) The Offering Statements for the ERS Bonds.

  (12) Any communications You had with the Fiscal Agent concerning the ERS Bonds.

  (13) Any documents You received or sent to the Fiscal Agent concerning the ERS Bonds.

Each of those topics is irrelevant to the Stay Relief Motion.

6

16. The Board contends that Topic 11 is relevant solely because it purportedly relates to supposed "defenses" based on Movants' alleged knowledge that the legislature might alter employer contributions. Obj. ¶ 19. As explained above, the Board again fails to show that there is such a defense, that Movants' state of mind is somehow relevant, or that Movants could have foreseen that Congress someday would pass a statute (PROMESA) that would create a supervisory body (the Oversight Board) that would impose a requirement (the March 13, 2017, Fiscal Plan) that would direct the Commonwealth to pass legislation (Joint Resolution 188 and Act 106) supposedly annulling Movants' collateral protections. *Supra* ¶¶ 9, 11. The Board needs to make such a showing before it should be given leave to proceed down this path.[2]

17. The Board contends that Topics 12 and 13 are relevant because "Movants' communications with the Fiscal Agent . . . are relevant to explore Movants' apparent claim [that] their collateral *today* . . . includes assets or funds beyond their pledged property." Obj. ¶ 16. This makes no sense. There is no reason to believe (and the Board has offered none) that the Fiscal Agent knows anything about what constitutes Movants' collateral today, and this appears to be yet another effort to question lay witness Rule 30(b)(6) designees about the legal theories of their case.

E.   **Topic 14(a) Is Irrelevant.**

18. Topic 14(a) concerns "[t]he Value of the Pledged Property or of any collateral You contend secures the ERS Bonds, including, without limitation, the Value as of . . . [t]he date on which You purchased ERS Bonds." As Movants explained, the value of Movants' collateral on the date of purchase is irrelevant to whether the value has declined since the imposition of the automatic stay. Motion ¶ 13(g). The Board's sole response is that "the value of [the Bondholders'] collateral *before* the automatic stay has obvious bearing on whether the value diminished *after* the

---

[2] If, on the other hand, the Board plans to argue that this somehow means that the Bond Resolution has a different meaning than Movants maintain it does, then Topic 11 would be asking Rule 30(b)(6) designees about legal conclusions, which would be equally improper. *See supra* ¶¶ 13–14.

7

automatic stay became effective." Obj. ¶ 24. But while that justifies Topic 14(b)—the value on May 21, 2017, when the automatic stay was imposed—it does nothing to justify inquiring about the value on the date when the Bondholders purchased ERS Bonds, as Topic 14(a) asks. Whether the Bondholders' collateral has declined in value requires one comparison: its value today with its value on May 21, 2017. The value on the date of purchase—or any other pre-May 21, 2017, date—is entirely beside the point.

        F.        **Topics 15–19 Improperly Seeks Testimony About Contentions And Legal Conclusions.**

19.      Topics 15 to 19 are:

    (15)    The basis for Your contention that there has been diminution of Value of Pledged Property or diminution of any collateral You contend secures the ERS Bonds, and the amount of any such diminution.

    (16)    Your contention that the automatic stay has caused diminution of Value of Pledged Property or diminution of Value of any collateral You contend secures the ERS Bonds.

    (17)    Your contention that Pledged Property or any collateral You contend secures the ERS Bonds has been diverted and dissipated.

    (18)    Your contention that You are entitled to relief from the automatic stay in both the ERS Title III Case and the Commonwealth Title III Case.

    (19)    Your understanding of "right to receive revenues" as stated in the Resolution.

20.      On their face, these are topics inquiring into legal contentions, and each is improper. Motion ¶¶ 21–24. The Board again offers no legal support for its effort to probe into Movants' legal theories, and instead implausibly contends that it seeks only factual information with respect to these topics. Obj. ¶ 17. This, of course, is not what the topics ask about and, even if it were, they would be improper. *See SEC v. Present*, 2016 WL 10998439, at * 2 ("[A] Rule 30(b)(6) witness may not be expected to testify about the factual basis of legal theories."). And, beyond that, the

8

Objection reveals that the Board does indeed plan to examine Movants' designees about their legal theories: it wants to "ask[] Movants *why* they contend their alleged collateral has diminished in value and how much it has diminished in value," "why the *automatic stay* itself is responsible for any diminution," and so on. Obj. ¶ 17. This is precisely the sort of questioning about legal contentions that is not permitted in a Rule 30(b)(6) deposition. *See In re Enron Creditors' Recovery*, 2007 WL 2680427, at *3 (Rule 30(b)(6) deposition may properly seek "factual information relating to the claims in the litigation," but it may not be used to probe a party's "conclusions, opinions, and legal theor[ies]," which are the domain of contention interrogatories.); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. at 654 ("Probing legal contentions "through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege concerns . . . .").

### G. Topics 20 And 21 Are Impermissibly Vague And Improperly Seek Legal Conclusions.

21. Topics 20 and 21 are, respectively, "Changes to the Employers' Contribution Rate" and "Changes in law that affect the Employers' Contribution Rate." As Movants explained before, these topics concern actions taken by Respondents, not Movants. Motion ¶ 20. The Board does not explain what it seeks to probe within Movants' knowledge.

22. Movants also previously explained that these topics are not proper subjects for Rule 30(b)(6) testimony because they involve matters of law, not matters of fact. Motion ¶ 21–23; *supra* ¶ 13. The Objection confirms that this is true. The Board says "Movants must supply testimony about changes in law (i.e., by identifying them) that affected their asserted collateral." Obj. ¶ 18. Clearly, these are questions of law, and the Board again offers no legal support for its bald assertion that Movants' witnesses can be questioned on these topics.

### III. The Court Should Grant A Corresponding Protective Order As To The Individual Depositions Of James Bolin, Richard Engman, And Leslie Highley, Jr.

23. The Court should also enter a protective order prohibiting the Board from evading the protective order as to the Rule 30(b)(6) deposition topics by asking the individual deponents about the improper topics during their individual depositions. As Movants explained in their Motion, those topics would be equally improper as part of an individual deposition. Motion ¶ 27; *see also* Fed. R. Civ. P. 26(b)(1) (restricting all discovery to "nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case" (emphasis added)); *JPMorgan Chase Bank*, 209 F.R.D. at 362 ("[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."); *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994) ("[A] showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement" for a protective order concerning a deposition.). The Board does not offer any contrary authority.

### CONCLUSION

24. For the reasons set forth above and in the Motion, the Bondholders request that the Court enter a protective order striking Topics 1–13, parts of 14, and 15–21[3] from the Notice of Rule 30(b)(6) Depositions, and prohibiting the Oversight Board from inquiring about those topics during the individual depositions of James Bolin, Richard Engman, and Leslie Highley, Jr.

---

[3] The Board has withdrawn Topic 23, which the Motion also challenged. Obj. ¶ 4 n.3.

10

In San Juan, Puerto Rico, today April 25, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* | */s/ Bruce Bennett* |
| Alfredo Fernández-Martínez | Bruce Bennett (*pro hac vice*) |
| DELGADO & FERNÁNDEZ, LLC | JONES DAY |
| PO Box 11750 | 555 South Flower Street |
| Fernández Juncos Station | Fiftieth Floor |
| San Juan, Puerto Rico 00910-1750 | Los Angeles, California 90071 |
| Tel. (787) 274-1414 | Tel. (213) 489-3939 |
| Fax: (787) 764-8241 | Fax: (213) 243-2539 |
| afernandez@delgadofernandez.com | bbennett@jonesday.com |
| USDC-PR 210511 | |

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Beth Heifetz (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, Floor 21
Boston, MA 02110
Tel. (617) 960-3939
Fax: (617) 449-6999
drfox@jonesday.com

*Counsel for Andalusian Global Designated Activity Company
and Mason Capital Master Fund, LP*

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Cheryl T. Sloane |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10036 |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com<br>gkurtz@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*)<br>Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>csloane@whitecase.com |

*Counsel for the Puerto Rico Funds*

12