Hearing Date: June 12, 2019, at 9:30AM (Atlantic Standard Time)
Objection Deadline: May 28, 2019 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al*.,

                  Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**THIRTY-FOURTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF PUERTO RICO SALES TAX
FINANCING CORPORATION TO LATE-FILED AND DUPLICATE BOND CLAIMS**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*and Economic Stability Act* ("PROMESA"),[2] files this thirty-fourth omnibus objection (the "Thirty-Fourth Omnibus Objection") to the late-filed and duplicate proofs of claim listed on **Exhibit A** hereto, and in support of the Thirty-Fourth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The COFINA Title III Case**

3. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

4. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of senior and subordinate bonds in aggregate approximate amount of $17 billion (the "Bonds"). Bank of New York Mellon ("BNYM") serves as Trustee with respect to the Bonds.

5. On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").

6. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA DS") [ECF No. 4364] on November 26, 2018. The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

7. On February 4, 2019, the Court confirmed the Plan. *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Order"). The Plan became effective on February 12, 2019, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 587].

**B. The Bar Date Orders and Deadline to File a Proof of Claim**

8. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of*

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

*Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the COFINA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

9. The five (5) proofs of claim listed on Exhibit A attached hereto were filed against COFINA on December 14, 2018, January 7, 2019, January 29, 2019, and March 14, 2019—months after the expiration of the deadline to file proofs of claim.

**C. Bond Debt Master Proofs of Claim**

10. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

11. On behalf of the holders of the Bonds, BNYM filed master proofs of claim with respect to the Bonds (each a "Master Proof of Claim" and collectively, the "Master Proofs of Claims"). BNYM filed two proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 31920 (subordinate bonds) and 33139 (senior bonds) and asserting more than $36 billion in liabilities.[4]

---

[4] BNYM initially filed two proofs of claim logged by Prime Clerk as Proofs of Claim Nos. 16284 (subordinate bonds) and 16760 (senior bonds), these were superseded and amended by Proofs of Claim Nos. 31920 and 33139.

### D. COFINA Claims and the Omnibus Objection Procedures

12. Pursuant to the Bar Date Orders, over 165,000 proofs of claim were timely filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors.

13. Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA, totaling approximately $10.1 trillion in asserted claims.[5] As noted above, as COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness, it was clear that substantially all of such claims were inappropriate. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffered from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim.

14. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court

---

[5] One proof of claim, which asserted approximately $10 trillion in liabilities, has since been reclassified as a claim asserted against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

5

granted the relief requested in the Omnibus Procedures Motion by order, dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the form of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15. To date, nineteen omnibus objections have been filed by COFINA in accordance with the Omnibus Objections Procedures and Notice Order. By orders, dated January 31, 2019, February 7, 2019, March 26, 2019, March 27, 2019, and April 2, 2019, and following hearings on January 31, 2019, and March 13, 2019, the Court has granted omnibus objections and individual objections related to over 3,100 proofs of claim filed against COFINA, resulting in these proofs of claim being disallowed or reclassified to be asserted against another of the Debtors. Additionally, over 350 claims were withdrawn pursuant to stipulations or notices of withdrawal.

16. This Thirty-Fourth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

17. The Omnibus Objection Procedures allow COFINA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

18. The Thirty-Fourth Omnibus Objection seeks to disallow, in accordance with Federal Rules of Bankruptcy Procedure 3007(d)(1) and 3007(d)(4) and the Omnibus Objection Procedures, duplicate and late-filed bond claims.

6

19. Each claim identified in Exhibit A hereto (the "Late-Filed and Duplicate Bond Claims") asserts liability associated with one or more bonds issued by COFINA that are duplicative of one or more Master Proofs of Claim, which as explained above were filed in the COFINA Title III Case by BNYM, as Trustee of the Bonds issued by COFINA. As a result, any failure to disallow the Late-Filed and Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in the COFINA Title III Case. The holders of the Late-Filed and Duplicate Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims have been subsumed within one or more Master Proof of Claim.

20. Additionally, each of the Late-Filed and Duplicate Bond Claims was filed months after the deadline to file a proof of claim, as set by the Bar Date Orders. Because the Late-Filed and Duplicate Bond Claims were not timely filed, each should be disallowed in its entirety.

21. In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in Support of the Thirty-Fourth Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to Late-Filed and Duplicate Bond Claims*, dated April 26, 2019, attached hereto as **Exhibit B**.

## NOTICE

22. In accordance with the Omnibus Objection Procedures and the Notice Order, COFINA has provided notice of this Thirty-Fourth Omnibus Objection to (a) the individual creditors subject to this Thirty-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirty-Fourth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Fourth Omnibus Objection and all of the exhibits attached hereto

are being filed with this objection and will be served on the parties. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

23. No prior request for the relief sought in this Thirty-Fourth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: April 26, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

**Fecha de audiencia: 12 de junio de 2019, a las 9:30 am (Hora Estándar del Atlántico)**
**Fecha límite para presentar y notificar una Respuesta: 28 de mayo de 2019 a las 4:00 p.m. (Hora Estándar del Atlántico)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>      como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                              Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

**TRIGÉSIMA CUARTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA CORPORACIÓN DEL FONDO DE INTERÉS APREMIANTE DE PUERTO RICO CONTRA RECLAMACIONES DE BONOS DUPLICADAS Y PRESENTADAS CON POSTERIORIDAD A LA FECHA LÍMITE**

La Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la Junta de Supervisión"), como representante de COFINA conforme a la sección 315(b) de la *Ley de*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA" y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Administración, Supervisión y Estabilidad de Puerto Rico* ("PROMESA"), [2] presenta esta trigésima cuarta objeción colectiva (la "Trigésima Cuarta Objeción Colectiva") contra las evidencias de reclamaciones duplicadas y presentadas con posterioridad a la fecha límite que se enumeran en el **Anexo A** al presente, y para fundamentar la Trigésima Cuarta Objeción Colectiva, con todo respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. El Caso de COFINA iniciado al amparo del Título III**

3. COFINA es una sociedad estatal y repartición del Estado Libre Asociado que constituye una entidad política y corporativa independiente y separada del Estado Libre Asociado, creada por Ley No. 91 de la Asamblea Legislativa del Estado Libre Asociado.

4. De conformidad con una Resolución Modificada y Reformulada de Bonos Respaldados por la Recaudación del Impuesto sobre las Ventas, adoptada el 13 de julio de 2007, modificada el 19 de junio de 2009, y con arreglo a determinadas resoluciones complementarias, COFINA emitió una serie de bonos sénior y subordinados por un valor total aproximado de

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

2

$17.000 millones (los "Bonos"). Bank of New York Mellon ("BNYM") actúa como Fiduciario respecto de los Bonos.

**5.** El 5 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una solicitud voluntaria de quiebra por COFINA, de conformidad con la sección 304(a) de la ley PROMESA, por lo que dio inicio a un caso al amparo del Título III de dicha ley (el "Caso de COFINA iniciado al amparo del Título III".

6. La Junta de Supervisión presentó un *Tercer Plan de Ajuste Enmendado de la Corporación del Fondo de Interés Apremiante de Puerto Rico, al amparo del Título III* (el "Plan") [ECF No. 4652] el 9 de enero de 2019, y una relacionada *Declaración Informativa para el Segundo Plan de Ajuste Enmendado de la Corporación del Fondo de Interés Apremiante de Puerto Rico, al amparo del Título III* (la "DI de COFINA") [ECF No. 4364], el 26 de noviembre de 2018. El Tribunal consideró la confirmación del Plan y cualquier objeción a este en una audiencia celebrada entre el 16 y el 17 de enero de 2019.

*7.* El 4 de febrero de 2019, el Tribunal confirmó el Plan. *Véase la Resolución y el Fallo que Confirman el Tercer Plan de Ajuste Enmendado de la Corporación del Fondo de Interés Apremiante de Puerto Rico, al amparo del Título III* [ECF No. 5048] (la "Resolución Enmendada"). El Plan entró en vigencia el 12 de febrero de 2019, una vez que las transacciones en él contempladas se consumaron. *Véase la Notificación de (A) el Dictado de la Resolución que Confirma el Tercer Plan de Ajuste Enmendado de la Corporación del Fondo de Interés*

3

*Apremiante de Puerto Rico, al amparo del Título III de PROMESA, y (B) la Ocurrencia de la Fecha de Entrada en Vigencia* [ECF No. 587].

**B. Las Resoluciones que Fijan Fechas Límites y la Fecha Límite para la Presentación de Evidencias de Reclamación**

8.  El 16 de enero de 2018, los Deudores presentaron una *Petición para que se dicte una Resolución (A) que Fije las Fechas Límite y los Procedimientos para Presentar Evidencias de Reclamaciones y (B) que Apruebe la Forma y el Modo de Notificación de las mismas* [No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Evidencias de Reclamaciones"). Mediante la *Resolución (A) que Fija las Fechas Límite y los Procedimientos para Presentar Evidencias de Reclamación y (B) que Apruebe la Forma y el Modo de Notificación de las Mismas* [ECF No. 2521] (la "Resolución Inicial que Establece Fecha Límite para la Presentación de Evidencias de Reclamaciones"), el Tribunal concedió el remedio solicitado en la Petición de Resolución sobre Fecha Límite y fijó las fechas límite y los procedimientos para presentar evidencias de reclamación en el Caso de COFINA iniciado al amparo del Título III. En virtud de la petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la Resolución *(A) que Prorroga las Fechas Límite para la Presentación de Evidencias de Reclamación y (B) que Apruebe el Formulario de Aprobación y la Forma y el Modo de Notificación de las mismas* [ECF No. 3160] (junto con la Resolución Inicial que Establece la Fecha Límite para la Presentación de Evidencias de Reclamaciones, las "Resoluciones de Fechas Límite"), que prorrogan la fecha límite para presentar evidencias de reclamación contra uno o más Deudores al 29 de junio de 2018, a las 4:00 p.m. (Hora del Atlántico).

---

[3] Todas las citas a ECF refieren a documentos presentados en el Caso de Quiebra No. 17 BK 3283-LTS.

4

9. Las cinco (5) evidencias de reclamación que aparecen en la lista del <u>Anexo A</u> adjunto al presente se presentaron contra COFINA el 14 de diciembre de 2018, el 7 de enero de 2019, el 29 de enero de 2019 y el 14 de marzo de 2019, es decir, meses después de que venciera la fecha límite para presentar evidencias de reclamación.

**C. Evidencias de Reclamaciones Maestras correspondientes a Deudas de Bonos**

10. Con arreglo a la Resolución Inicial que Establece la Fecha Límite para la Presentación de Evidencias de Reclamaciones, los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos. Resolución Inicial que Establece la Fecha Límite para la Presentación de Evidencias de Reclamaciones, ¶ 5(a).

11. En representación de los tenedores de Bonos, BNYM ha presentado evidencias de reclamaciones maestras respecto de los Bonos (cada una de ellas, una "<u>Evidencia de Reclamación Maestra</u>" y en conjunto, las "<u>Evidencias de Reclamaciones Maestras</u>"). BNYM presentó dos evidencias de reclamaciones registradas por Prime Clerk como Evidencias de Reclamación No. 31920 (bonos subordinados) y 33139 (bonos principales), por las que se reclaman pasivos por más de $36,000 millones.[4]

---

[4] BNYM inicialmente presentó dos evidencias de reclamaciones registradas por Prime Clerk como Evidencias de Reclamación No. 16284 (bonos subordinados) y 16760 (bonos principales), estas fueron reemplazadas y enmendadas por Evidencias de Reclamación No. 31920 y 33139.

5

**D. Reclamaciones contra COFINA y Procedimientos para la Presentación de Objeciones Colectivas**

12.     De conformidad con las Resoluciones de Fechas Límite, se presentaron en tiempo y forma más de 165,000 evidencias de reclamación contra los Deudores y fueron registradas por Prime Clerk, LLC. Tales evidencias totalizan aproximadamente $43,5 billones en reclamaciones contra los Deudores.

13.     De las evidencias de reclamaciones presentadas, cerca de 3.500 se presentaron en tiempo y forma con relación a COFINA totalizando $10,1 billones en reclamaciones invocadas.[5] Como se observó anteriormente, dado que COFINA es una entidad con un propósito especial y con una deuda financiada por un valor aproximado de $17.000 millones, se hizo evidente que prácticamente la totalidad de dichas reclamaciones eran inadecuadas. Asimismo, de conformidad con los términos de las Resoluciones de Fechas Límite, muchas de estas reclamaciones no tendrían que haberse presentado en absoluto, o presentaban algún otro defecto como, por ejemplo, identificar indebidamente a COFINA como deudor, o bien eran duplicadas de otras evidencias de reclamaciones.

14.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de

---

[5] Una prueba de reclamación, que afirmaba aproximadamente $ 10 billones en pasivos, ha sido desde reclasificado como un reclamo presentado contra el Sistema de Retiro de Empleados del Gobierno de El Estado Libre Asociado de Puerto Rico.

reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de Procedimientos Colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

15. Hasta la fecha, COFINA ha presentado diecinueve objeciones colectivas de conformidad con los Procedimientos para Presentaciones de Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación. Por medio de resoluciones con fecha 31 de enero de 2019, 7 de febrero de 2019, 26 de marzo de 2019, 27 de marzo de 2019 y 2 de abril de 2019, y tras las audiencias celebradas el 31 de enero de 2019 y el 13 de marzo de 2019, el Tribunal ha dado lugar a objeciones colectivas y objeciones individuales vinculadas con más de 3,100 evidencias de reclamación presentadas contra COFINA, lo que tuvo por resultado que dichas evidencias de reclamación fueren desestimadas o reclasificadas para formularse contra otro de los

7

Deudores. Además, se retiraron más de 350 reclamaciones de conformidad con las estipulaciones o avisos de desistimiento.

16. Se presenta esta Trigésima Cuarta Objeción Colectiva de conformidad con los Procedimientos de Objeciones Colectivas del Tribunal.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

17. Los Procedimientos de Objeciones Colectivas le permiten a COFINA presentar una objeción colectiva contra múltiples evidencias de reclamación, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

18. De conformidad con la Regla 3007 (d)(1) y 3007 (d)(4) del Procedimiento Federal de Quiebras y los Procedimientos de Objeciones Colectivas, la Trigésima Cuarta Objeción Colectiva solicita que se declare la inadmisibilidad de las reclamaciones de bonos duplicadas y presentadas con posterioridad a la fecha límite.

19. Cada una de las reclamaciones identificadas en el Anexo A al presente (las "Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite reclama una obligación asociada con uno o más bonos emitidos por COFINA, que son duplicadas de una o más Evidencias de Reclamación Maestras, lo cual, como se explicó anteriormente, fueron presentadas en el Caso COFINA al amparo del Título III por BNYM en carácter de Fiduciario de los Bonos emitidos por COFINA. En consecuencia, de no desestimarse las Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio de COFINA, en detrimento de otras partes interesadas en el Caso COFINA al amparo del Título III. Los tenedores de las Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite no resultarán perjudicados por la desestimación de sus

8

reclamaciones pues las obligaciones asociadas con sus reclamaciones han sido subsumidas dentro de una o más Evidencias de Reclamación Maestras.

20. Asimismo, cada una de las Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite fue presentada meses después de la fecha límite fijada para presentar evidencias de reclamación según las Resoluciones de Fechas Límite. Dado que las Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite no se presentaron en tiempo y forma, cada una de ellas debe desestimarse por completo.

21. En respaldo de lo expresado precedentemente, COFINA se basa en la *Declaración de Jay Herriman, la cual fundamenta la Trigésima Cuarta Objeción Colectiva (no sustantiva) de la Corporación del Fondo de Interés Apremiante de Puerto Rico contra Reclamaciones de Bonos Duplicadas y Presentadas con Posterioridad a la Fecha Límite*, del 26 de abril de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

22. De conformidad con los Procedimientos de Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, COFINA ha notificado de esta Trigésima Cuarta Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Cuarta Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Cuarta Objeción Colectiva. Las traducciones al español de esta Trigésima Cuarta Objeción Colectiva y todos los anexos adjuntos al presente se presentan junto con esta objeción y se notificarán a las partes. COFINA sostiene que, a la luz de la naturaleza de la reparación solicitada, no es necesario cursar ninguna otra notificación adicional.

9

## SIN SOLICITUD PREVIA

23. No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Cuarta Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco.*]

10

POR LO TANTO, COFINA solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue la reparación allí solicitada y (2) que le conceda a COFINA cualquier otra reparación adicional según se considere justo.

Fecha: 26 de abril de 2019
      San Juan, Puerto Rico

Presentado con el debido respeto,

[*Firma en la versión en inglés*]
Herman D. Bauer
Tribunal de Distrito de EE. UU. N° 215205
Carla García Benítez
Tribunal de Distrito de EE. UU. N° 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de COFINA*

11