UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3567-LTS |
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY | (Jointly Administered) |
| Debtors. | |

AMENDED STIPULATION BETWEEN THE COMMONWEALTH OF PUERTO RICO
AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY
REGARDING THE TOLLING OF STATUTE OF LIMITATIONS AND CONSENT ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico, whose name in English is the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the Puerto Rico Highways and Transportation Authority ("HTA") in its capacity as a Title III debtor, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA, do hereby stipulate as follows:

RECITALS

A. On May 21, 2017, the Oversight Board issued a restructuring certification in accordance with Section 206(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA").

B. On May 21, 2017, in accordance with Section 302(2) of PROMESA, the Oversight Board filed a petition for relief on behalf of HTA, thereby commencing a case under Title III (the "HTA Title III Case").

C. Commencement of the HTA Title III Case triggered, subject to any applicable statutory exceptions, the operation of the automatic stay, extant pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"), and applicable to the HTA Title III Case pursuant to Section 301(a) of PROMESA, to protect HTA's property wherever located.

D. Actions with respect to claims subject to the limitation periods contained in sections 546(a) and 549(d) of the Bankruptcy Code, including, without limitation, alleged fraudulent transfers or unauthorized postpetition transfers between the Commonwealth and HTA are hereby defined as the "Avoidance Actions".

E. Other claims between the Commonwealth and HTA may exist which must be commenced in accordance with section 108(a)(2) of the Bankruptcy Code (such actions collectively with the Avoidance Actions are hereinafter referred to as the "Causes of Action").

F. Certain holders and/or insurers of HTA bonds (collectively, the "HTA Parties"), represented by the counsel set forth in decretal paragraph 1 hereof, believe that HTA possesses avoidance claims against the Commonwealth in connection with certain pre-petition and post-petition transfers.

G. In order to protect all parties' rights and interests, the Commonwealth and HTA, through AAFAF and the Oversight Board, respectively, have agreed to toll the statute of limitations in connection with the Causes of Actions.

**NOW THEREFORE, IT IS HEREBY AGREED THAT:**

AGREEMENT

1. The period in which Causes of Actions of the Commonwealth, on the one hand, and HTA, on the other hand, must be commenced against one another (either directly or, subject to the rights of parties to contest, derivatively) pursuant to sections 546(a), 549(d) and 108(a)(2) of the Bankruptcy Code (the "Statutory Deadlines") shall be tolled such that the Statutory Deadlines shall expire two hundred seventy (270) days from and after the date on which the Statutory Deadlines would have expired in the absence of this Stipulation unless the Commonwealth or HTA provide written notice of early termination (the "Termination Notice") to (a) the Court, through the filing of an informative motion, (b) counsel to the HTA Parties, by serving a copy of such Termination Notice upon (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq. and Atara Miller, Esq. by email transmission (ddunne@milbank.com and amiller@milbank.com), (ii) Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq and Greg Silbert, Esq., by email transmission (marcia.goldstein@weil.com and gregory.silbert@weil.com), (iii) Cadwalader Wickersham & Taft LLP, 200 Liberty Street, New York, NY 10281, Attn: Mark C. Ellenberg, Esq. and Casey J. Servais, Esq., by email transmission (mark.ellenberg@cwt.com and casey.servais@cwt.com), and (iv) Butler Snow LLP, 5430 LBJ Freeway, Suite 1200, Dallas, TX 75240, Attn: Martin A. Sosland, Esq., by email transmission (martin.sosland@butler.snow.com and Jason.callen@butlersnow.com), and (c) counsel to the statutory committee of unsecured creditors appointed in the Commonwealth and HTA Title III Cases (the "Creditors' Committee"), by serving a copy of such Termination Notice upon Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Luc A. Despins, Esq., by email transmission (lucdespins@paulhastings.com), in which case, the Statutory Deadlines shall expire on the date that is one hundred fifty (150) days from the delivery of such Termination Notice plus the number of days between the Stipulation Effective Date, as defined below, and the date on which the Statutory Deadlines would have expired in the absence of this Stipulation to the Court; provided, however, that, the foregoing is without prejudice to (y) the rights, interests and defenses that may be raised by either the Commonwealth or HTA in connection with any such Cause of Actions, other than the applicable statute of limitations, laches, or any other time-related defense, except that the Commonwealth and HTA expressly reserve the right to assert that (i) any applicable statute of limitation or statute of repose applicable to a Cause of Action expired prior to the date of execution of this Stipulation, (ii) section 108(a) of the Bankruptcy Code does not apply to extend the time for filing any Cause of Action to which a statute of repose applies, and (iii) a statute of repose may not be extended by an agreement of the parties; provided, however, that any party reserves the right to oppose any such argument; and, provided,

<u>further</u>, that, if a statute of repose may be extended by an agreement of the parties, this Stipulation shall serve as such an agreement; and, (z) the treatment of the Statutory Deadlines or any Cause of Action as may be provided in a plan of adjustment for the Commonwealth or HTA, subject to the approval, effectiveness and consummation of any such plan of adjustment; <u>provided</u>, <u>however</u>, that any such plan of adjustment may not retroactively terminate or reduce the Statutory Deadlines applicable to any Cause of Action which was timely asserted.

2. The Commonwealth and HTA shall have the right to extend the period set forth in Paragraph 1(a) above for a period specified in writing upon thirty (30) days' prior written notice and service of such notice upon the Court and counsel for the HTA Parties and the Creditors' Committee in the matter set forth above; <u>provided</u>, <u>however</u>, that, in the event that the Creditors' Committee opposes such extension or any of the terms thereof, the Creditors' Committee may seek, by motion to the Court, upon notice and a hearing, to terminate the existing tolled statute of limitations period prior to the applicable expiration date, or to preclude the contemplated extension thereof.

3. The persons signing this Stipulation on behalf of the Oversight Board, the Commonwealth and HTA have the authority to bind such parties.

4. This Stipulation shall apply to and be binding upon the Commonwealth and HTA, together with their successor and assigns, including, without limitation, any trustee which may be appointed pursuant to section 926 of the Bankruptcy Code in either the HTA Title III Case or the Commonwealth Title III Case.

5. Notwithstanding not being parties hereto, creditors of the Commonwealth and HTA, including, without limitation, the HTA Parties, shall be expressly deemed third party beneficiaries of this Stipulation.

6. Except as expressly provided herein, this Stipulation shall not be amended or modified without the prior written consent of the HTA Parties and the Creditors' Committee.

7. This Stipulation shall become effective upon the date the Court enters an order approving this Stipulation (the "<u>Stipulation Effective Date</u>").

8. This Stipulation and the rights, interests and defenses referred to herein extend to any claims or causes of action that could be brought or asserted against the Commonwealth or HTA officials solely in their official capacity (it being expressly understood that neither the Commonwealth nor HTA would seek to impose monetary liability on any such officers, but rather, would only assert claims and causes of action against any such officers in their official capacity).

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| */s/* Brian S. Rosen | */s/* Hermann D. Bauer |
| Martin J. Bienenstock<br>Brian S. Rosen<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* | Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as Representative for the Debtors* |
| */s/* Peter Friedman | */s/* Luis C. Marini-Biaggi |
| John J. Rapisardi<br>Suzzanne Uhland<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>-and-<br><br>Peter Friedman<br>(Admitted *Pro Hac Vice*)<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel: (202) 383-5300<br>Fax: 202) 383-5414<br><br>*Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* | Luis C. Marini-Biaggi<br>USDC No. 222301<br>Carolina Velaz-Rivero<br>USDC No. 300913<br>**MARINI PIETRANTONI MUÑIZ LLC**<br>MCS Plaza, Suite 500<br>255 Ponce De León Ave.<br>San Juan, Puerto Rico 00917<br>Tel: (787) 705-2171<br>Fax: (787) 936-7494<br><br>*Co-Attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority* |

SO ORDERED.
Dated: April 26, 2019

   /s/ Laura Taylor Swain
   LAURA TAYLOR SWAIN
   United States District Judge