UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------- X
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   :   Title III
                                                                    :
        as representative of                                        :   Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,                             :   (Jointly Administered)
                                                                    :
        Debtors.¹                                                   :
------------------------------------------------------------------- X
```

**INFORMATIVE MOTION OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH
ITS SPECIAL CLAIMS COMMITTEE, REGARDING FURTHER ORDER PURSUANT
TO BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND
COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Oversight Board"), acting through its Special Claims Committee (the "Special Claims Committee"), hereby submits this informative motion (the "Motion") pursuant to the *Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6384] (the "First Order") and the *Further Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Disclosure of Lists of Security Holders* [ECF No. 6493] (the "Second Order") entered by the Court in response to the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April 8, 2019 [ECF No. 6143] (the "Motion to Compel").[2]

## I. Supplemented Appendix and Effectiveness of First Order.

1. In the Motion to Compel, the Oversight Board described its process to identify certain Participant Holders of Challenged Bonds.[3]

2. With the First Order, the Court granted the Oversight Board's request as to Participant Holders identified in Appendix 2 "as such appendix may be supplemented upon receipt of information" sufficient for the Oversight Board to identify Participant Holders of the Challenged Bonds. First Order, p. 9, para. 2. The Court additionally requested that the Oversight Board meet and confer with Participant Holders to craft a mutually acceptable resolution of certain confidentiality concerns.

3. Thereafter, on April 23, 2019, the Oversight Board filed an informative motion, together with a supplemented and amended Appendix 2, and a form of confidentiality order negotiated with various of the Participant Holders.

4. On April 24, 2019, the Court entered the Second Order in substantially the form proposed by the Oversight Board.

---

[2] Except as otherwise stated herein, the Oversight Board shall be considered to be acting through its Special Claims Committee for purposes of this Motion to Compel.

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion to Compel.

2

II. **Further Discovery Conference.**

5. On the record at a hearing before the Court on April 24, 2019 on other matters, the Oversight Board informed the Court of the progress of production and stated that it was considering setting a minimum threshold for litigation purposes. In effect, the Oversight Board stated its intention to allege causes of action against only those individuals and entities who held large amounts of Challenged Bonds.

6. Subsequent to entry of the Second Order, the Oversight Board received objections from Participant Holders to their discovery obligations under the First Order and Second Order. Among other things, the Participant Holders suggested that the threshold mentioned by the Oversight Board at the hearing would be useful also for discovery purposes.

7. The Oversight Board subsequently determined that its aim is to pursue clawback litigation (as described in the Motion to Compel) against holders of Challenged Bonds holding aggregate amounts exceeding approximately $2,500,000.

8. Accordingly, and based upon useful information already received from certain Participant Holders regarding the nature and extent of their customers' investments in the Challenged Bonds as well as the various procedures required to search for and produce the requested information, the Oversight Board has determined as follows.

III. **Payment Thresholds for Discovery Purposes.**

9. The Oversight Board will not require further production (or seek sanctions for violation of production requirements under the First Order and Second Order) from any Participant Holder, provided that such Participant Holder certifies that it has produced all responsive information relating to any of the following:

3

    a. Any party known to have held at least $2,500,000 in Challenged Bonds in the aggregate at any time between May 3, 2013 and May 21, 2017 (the "Lookback Period"); or

    b. Any party that received over $250,000 in purported principal and interest payments in respect of its holdings of Challenged Bonds during the Lookback Period; or

    c. Any payments made to any individual or entity (each a "Recipient") greater than (i) $2,000 in respect of any Challenged Bond CUSIP for which payments were made on a monthly basis, or (ii) $12,000 in respect of any Challenged Bond CUSIP for which payments were made on a biannual basis; provided that to the extent any such payment is identified to any Recipient, the Participant Holder has produced information relating to *all* payments to the Recipient in respect of the Challenged Bonds.

10. The Oversight Board has proposed these three options after consultation with certain Participant Holders. Although the information set forth in paragraph 9(a) would most directly meet the Oversight Board's needs, the Oversight Board understands that such information may not be readily available to all Participant Holders. Paragraphs 9(b) and 9(c) set forth alternatives that would allow the Oversight Board to identify beneficial holders of commensurately large amounts of the Challenged Bonds by other means. For the avoidance of doubt, the Oversight Board will accept certifications as to *any* of the above criteria in satisfaction of any Participant Holder's production obligations.

### IV. Next Steps in Litigation and Discovery.

11. A number of Participant Holders have informed the Oversight Board that for various reasons they will not comply with the First Order and Second Order.[4]

12. The Oversight Board intends to proceed with the clawback litigation against all recipients of purported principal and interest payments on the Challenged Bonds. While it understands that certain Participant Holders may have held bonds exclusively on behalf of

---

[4] Several Participant Holders also expressed objections to the First Order and Second Order and their obligations thereunder. The Oversight Board has informed the Participant Holders of its understanding that both orders are effective by their plain terms.

4

beneficial holders, in the absence of compliance with the Court's orders to produce information to the contrary, the Oversight Board must assume that any Participant Holder that has not complied with the First Order and Second Order held Challenged Bonds on its own behalf, and must initiate litigation prior to May 2, 2019 consistent with that assumption.[5]

13. Notwithstanding that assumption, in order to ensure production from and litigation against all appropriate parties, the Oversight Board, without prejudice to any of its rights, will accept production under the First Order and Second Order after April 30, 2019, may revise any complaints consistent with the information produced thereafter, and reserves the right to seek additional relief from the Court as warranted to identify all appropriate Challenged Bond Avoidance Defendants.

*[The remainder of this page is intentionally blank]*

---

[5] As previously noted, the Participant Holders are by definition those entities identified by DTC as the holders of record of the Challenged Bonds at all relevant times.

5

## **CONCLUSION**

WHEREFORE, the Oversight Board respectfully requests that the Court and parties in interest take note of the foregoing.

Dated: April 29, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*
and

*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

00379771.1