# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |

**OBJECTION AND RESERVATION OF RIGHTS OF FINANCIAL GUARANTY INSURANCE COMPANY TO URGENT MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION AND CONSENT ORDER BETWEEN TITLE III DEBTORS (OTHER THAN COFINA) AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY ACTING ON BEHALF OF THE GOVERNMENTAL ENTITIES LISTED ON APPENDIX "A"
<u>REGARDING THE TOLLING OF STATUTE OF LIMITATIONS</u>**

[Dkt. # 6535]

Financial Guaranty Insurance Company ("***FGIC***"), by and through its attorneys Rexach & Picó, CSP and Butler Snow LLP, files this limited objection (this "***Objection***") to the *Urgent Motion For Entry Of An Order Approving Stipulation And Consent Order Between Title III Debtors (Other Than COFINA) And The Puerto Rico Fiscal Agency And Financial Advisory Authority Acting On Behalf Of The Governmental Entities Listed On Appendix "A" Regarding*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "***Commonwealth***") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("***COFINA***") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("***HTA***") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("***ERS***") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("***PREPA***") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (the Commonwealth, COFINA, HTA, ERS and PREPA, each a Debtor and collectively, the "***Debtors***") (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

47315922.v2

*The Tolling Of Statute Of Limitations* [Dkt. # 6535] (the "**Motion**").[2] In support of this Objection, FGIC respectfully states as follows:

1. As a preliminary matter, the Motion was filed in the afternoon on **Sunday, April 28, 2019**. The movants proposed a deadline to object of 5:00 p.m. on **Tuesday, April 30, 2019**.

2. Setting aside the substance of the Motion for the moment, FGIC and other parties in interest are yet again bearing the brunt of the abusive motion practice of the Oversight Board and AAFAF. Creditors, including FGIC, cannot meaningfully assess and respond to the relief requested in the Motion *on approximately forty-eight (48) hours' notice*. Perhaps more importantly for this Court, the interested parties herein cannot even attempt to implement a consensual resolution of these issues in such a compressed timeframe.

3. Considering that the statute of limitations has been known to the Oversight Board and AAFAF since day one of these proceedings, the lack of notice and time to respond is egregious and only prejudices interested parties, including FGIC.

## Objection

4. FGIC provides financial guaranty insurance covering in excess of $1.17 billion in principal amount of bonds outstanding and issued by the Commonwealth of Puerto Rico and various Commonwealth instrumentalities. With respect to the Commonwealth Title III case, FGIC insures approximately $282 million of outstanding general obligation bonds issued by the Commonwealth and bonds guaranteed by the Commonwealth (e.g. Public Building Authority bonds). In addition, FGIC insures bonds issued by the Puerto Rico Highways and Transportation Authority, the Puerto Rico Convention Center District Authority, and the Puerto Rico Infrastructure Financing Authority. Under relevant provisions of the applicable bond documents,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms as in the Motion.

2

47315922.v2

bond insurance policies, and applicable law, payment by FGIC neither satisfies nor discharges an issuer's obligation to pay and, to the extent FGIC makes such payments, it obtains assignments of rights from the bondholders, becomes owner of the bonds, and/or becomes subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders.

5. FGIC objects to the manufactured emergency presented by the Motion. The Oversight Board states that the proposed stipulation is patterned on the *Urgent Motion for Entry of an Order Approving Stipulation Between the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority Regarding the Tolling of Statute of Limitations* [Dkt. # 6126 of Case No. 17-03283 and Dkt. # 544 of Case No. 17-03567]. Indeed, as to the proposed tolling arrangement among the Title III debtors, the proposed stipulation is virtually identical to the stipulation approved last week between the Commonwealth and HTA. What prevented the other debtors from being included in the previous stipulation, so that parties in interest would have had at least a modicum of time to review?

6. As to the tolling of causes of action that the Title III debtors against may have against the non-debtor governmental agencies, the Motion contains a dearth of information regarding the causes of action that are being tolled. The Motion states in the introduction that the tolled actions "purportedly" exist. Who purports what causes of action exist? There is not even a statement that the Oversight Board believes that the tolled causes of action exist, yet a tolling agreement is being executed. FGIC is highly skeptical, for example, that causes of action exist by any debtor against the Puerto Rico Infrastructure Finance Authority and the Puerto Rico Convention Center District Authority, entities from which the Commonwealth has withheld funds in violation of bond agreements and federal and Commonwealth law. FGIC reserves the

47315922.v2

right to oppose any attempts to pursue such frivolous actions in the event the Oversight Board determines to bring them.

7. Accordingly, FGIC respectfully requests that the Court deny the Motion and grant such other relief as is necessary and appropriate.

Dated: April 30, 2019

>Respectfully submitted,
>
>REXACH & PICÓ, CSP
>
>By: *María E. Picó*
>   María E. Picó
>   USDC-PR 123214
>   802 Ave. Fernández Juncos
>   San Juan PR 00907-4315
>   Telephone: (787) 723-8520
>   Facsimile: (787) 724-7844
>   E-mail: mpico@rexachpico.com
>
>BUTLER SNOW LLP
>
>By: *Martin A. Sosland*
>   Martin A. Sosland (*pro hac vice*)
>   5430 LBJ Freeway, Suite 1200
>   Dallas, TX 75240
>   Telephone: (469) 680-5502
>   Facsimile: (469) 680-5501
>   E-mail: martin.sosland@butlersnow.com
>
>   Stanford G. Ladner (*pro hac vice*)
>   1700 Broadway, 41st Floor
>   New York, NY 10019
>   Telephone: (646) 606-3996
>   Facsimile: (646) 606-3995
>   E-mail: stan.ladner@butlersnow.com

Christopher R. Maddux (*pro hac vice*)
J. Mitchell Carrington (*pro hac vice*)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-2200
Facsimile: (601) 985-4500
E-mail: chris.maddux@butlersnow.com
 mitch.carrington@butlersnow.com

Jason W. Callen (*pro hac vice*)
150 3rd Avenue, South, Suite 1600
Nashville, TN 37201
Telephone: (615) 651-6774
Facsimile: (615) 651-6701
E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

5

47315922.v2