Hearing Date: June 12, 2019 at 9:30 a.m. (AST) / (ET)
Objection Deadline: May 28, 2019 at 4:00 p.m. (AST) / (ET)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- x
:
In re:                                                          :
                                                                :
THE FINANCIAL OVERSIGHT AND                                     :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                               :   Title III
                                                                :
     as representative of                                       :   Case No. 17-BK-3283 (LTS)
                                                                :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                       :   (Jointly Administered)
                                                                :
     Debtors.[1]                                                :
---------------------------------------------------------------- x

## NOTICE OF HEARING ON APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF GENOVESE, JOBLOVE & BATTISTA, P.A. AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL 16, 2019

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order, Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee Of Unsecured Creditors, Effective as of April 16, 2019* (the "Application") will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court") on

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**June 12, 2019 at 9:30 a.m. (Atlantic Standard Time)** of at such other time as ordered by the Court (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico (the "Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the with the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief*, as amended (Docket Nos. 249, 262, 1065, 1512, 2839, 3730, 3804, 4086, 4866), so as to be so filed and received no later than **May 28, 2019 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the case management procedures.

Dated: April 30, 2019.
San Juan, Puerto Rico

        **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

        By:    Service Employees International Union
                  Solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Application

        By: */s/ Alvin Velazquez*
                Name: Alvin Velazquez
                Title: Associate General Counsel

        Filed By:

           */s/ Luc A. Despins*
           PAUL HASTINGS LLP
           Luc. A. Despins, Esq. (Pro Hac Vice)
           Andrew V. Tenzer, Esq. (Pro Hac Vice)
           Michael Comerford, Esq. (Pro Hac Vice)
           G. Alexander Bongartz, Esq. (Pro Hac Vice)
           200 Park Avenue
           New York, New York 10166
           Telephone: (212) 318-6000
           lucdespins@paulhastings.com
           andrewtenzer@paulhastings.com
           michaelcomerford@paulhastings.com
           alexbongartz@paulhastings.com

           *Counsel to the Official Committee of Unsecured Creditors*

/s/ *Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

Hearing Date: June 12, 2019 at 9:30 a.m. (AST) / (ET)
Objection Deadline: May 28, 2019 at 4:00 p.m. (AST) / (ET)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ x

## APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF GENOVESE, JOBLOVE & BATTISTA, P.A. AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF APRIL 16, 2019[2]

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") hereby submits this application (the "Application") for entry of an order authorizing the retention and employment of Genovese, Joblove & Battista, P.A. ("GJB")

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the professional first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered." At the request of the Committee, GJB has rendered services from April 16, 2019, following the Committee's selection of GJB through and including the date hereof. Accordingly, the Committee requests that the retention of GJB be authorized effective as of April 16, 2019.

as special litigation counsel for the Committee effective as of April 16, 2019. In support of this Application, the Committee relies upon the declaration of John H. Genovese, Esq. (the "Genovese Declaration"), attached hereto as Exhibit A, and the declaration of Alvin Velazquez (the "Committee Declaration"), attached hereto as Exhibit B, and respectfully represents as follows:

## BACKGROUND

1. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA section 304(a) (the "Commonwealth Title III Case").[3] Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Electric Power Authority (together with the Commonwealth Title III Case, the "Title III Cases").[4]

2. By orders dated June 29, 2017 and October 6, 2017, the Court approved the joint administration of the Title III Cases [Docket Nos. 537 and 1417].

3. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338] appointing the Committee as the official committee of unsecured creditors. Thereafter, on the U.S. Trustee modified the composition of the Committee membership [Docket Nos. 1171, 3058, and 3947], such that, currently, the members of the Committee are the American Federation of Teachers, Baxter Sales and Distribution Puerto Rico

---

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[4] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

2

Corp., Doral Financial Corporation, Genesis Security Services, Inc., Service Employees International Union, Tradewinds Energy Barceloneta, LLC, and Unitech Engineering Group, S.E. (the "Committee Members") [Docket No. 3947].

4. On July 10, 2018, the Committee filed an *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017 Requesting the Entry of an Order Authorizing the Retention and Employment of Paul Hastings LLP ("Paul Hastings") as Counsel for the Committee* [Docket No. 610]. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Paul Hastings Retention Order"), Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

5. On August 28, 2018, the Oversight Board executed a unanimous written consent appointing the Special Claims Committee to pursue certain claims resulting from the findings in the Final Investigative Report of Kobre & Kim, and, on November 28, 2018, the Special Claims Committee retained Brown Rudnick LLP as its counsel.

6. In view of the upcoming expiration of the statutes of limitation, on March 25, 2019, the Committee filed its motion [Docket No. 5997] to establish procedures for (a) the Oversight Board to disclose to the Committee causes of action it will pursue and (b) an expedited briefing schedule for a potential request of the Committee to appoint a trustee (the "Procedures Motion"). On March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Procedures Motion. Under the terms of the Procedures Order (as modified), (i) the Oversight Board was required to disclose a preliminary list of all potential avoidance actions the Oversight Board would pursue on behalf of the Commonwealth by April 5, 2019, (ii)

3

counsel for the Committee and Oversight Board were to meet and confer regarding the preliminary list and anticipated allocation of litigation responsibilities, and (iii) the Oversight Board was to provide a final list of avoidance actions it would pursue by April 12, 2019.

7. Following the disclosure of the preliminary list on April 5, 2019, the Oversight Board, its Special Claims Committee, and the Committee met and conferred to discuss, among other things, the Debtors' potential causes of actions against certain parties and the allocation of litigation responsibilities. At that time, the Oversight Board and the Special Claims Committee suggested, for the first time, that the Committee consider acting as co-plaintiff and/or co-trustee with respect to all causes of action to be pursued by the Oversight Board and the Special Claims Committee, including causes of action against underwriters and other parties involved in the issuance of Commonwealth bonds. This structure was designed to address the so-called Aurelius issue. Until then, there had been no proposal that the Committee serve as co-plaintiff for any such causes of actions, and the Committee had been satisfied, based on discussions with counsel for the Oversight Board and counsel for the Special Claims Committee, that the Oversight Board and/or the Special Claims Committee would pursue such causes of actions on their own.[5]

8. During the ensuing meet and confer process, the Committee, the Oversight Board, and the Special Claims Committee (collectively, the "Parties") reached agreement on a stipulation regarding the allocation of litigation responsibilities which was submitted for Court approval on April 16, 2019 [Docket No. 6305] and was approved by the Court (with certain modifications) on April 26, 2019 [Docket No. 6524].

---

[5] As further detailed below, in light of the unanticipated expansion of the Committee's litigation responsibilities, the Committee sought proposals from certain law firms to serve as its special litigation counsel.

4

9. Under the Stipulation, the Parties agreed that certain identified claims or causes of action of the Commonwealth[6] shall be asserted against certain identified entities as generally described on the record at the April 18 and April 24 hearings (subject to obtaining Tolling Agreements (as defined in the Stipulation)).[7] As detailed in the Stipulation, in connection with the prosecution of such claims or causes of action, the Oversight Board has determined to consent to the appointment, solely to the extent provided in the Stipulation, of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings against the Potential Defendants (each as defined in the Stipulation).

10. On April 16, 2019, the Committee selected GJB as proposed special litigation counsel and conflicts counsel to the Committee in connection with the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the involved in the offering of (a) the Commonwealth's General Obligation bonds, (b) bond issued by the Public Buildings Authority, and (c) bonds issued by ERS, including underwriters, underwriters' counsel, swap counterparties, disclosure counsel, and auditors (collectively, the "Financial Party Targets").

11. The retention of a special litigation counsel and conflicts counsel was necessary and appropriate because the Committee desired to retain a firm with expertise in asserting claims against parties such as the Financial Party Targets (and a firm which could, if appropriate and

---

[6] Claims or causes of action belonging to the Debtors other than the Commonwealth, *i.e.*, HTA, ERS, PREPA, and COFINA, are expressly excluded from the Stipulation. Moreover, nothing in the Stipulation addresses any claims by the Commonwealth against any other Debtor entity or any non-Debtor governmental entity of the Commonwealth.

[7] On April 23, 2019, the Court entered the *Order Authorizing the Filing of the Confidential List of Avoidance Actions re: Third Party Claims Under Seal* [Docket No. 6471] and the confidential list of third party claims was filed under seal as reflected on the Court docket [Docket No. 6472].

5

approved by the Court, be retained on a contingent fee basis)[8] and because the Committee's primary counsel, Paul Hastings, represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

12. The Committee selected GJB because of the firm's extensive experience in and knowledge of complex litigation on behalf of trustees, receivers, committees, and other fiduciaries in insolvency-related and business tort claims in numerous noteworthy matters. GJB is a leading bankruptcy litigation law firm. GJB's practice includes at least twenty lawyers who specialize in bankruptcy-related litigation. More specifically, GJB has extensive experience in and knowledge of complex litigation on behalf of trustees, receivers, committees, and other fiduciaries in insolvency-related and business tort claims in numerous noteworthy matters.

13. Upon its retention on April 16, 2019, GJB immediately started assisting the Committee with respect to the Committee's motion to pursue certain causes of action on behalf of the Commonwealth, filed with the court on April 17, 2019 [Docket No. 6325] (the "926 Motion"), including the reply in further support of the 926 Motion, filed with the court on April 22, 2019 [Docket No. 6458].[9]

14. GJB often serves as debtor's counsel, committee counsel, and trustee's counsel. GJB's lawyers have played a significant role in some of the largest and most complex bankruptcy litigations,[10] including, among many others:

    a. *In re Enron Corp., et al.*; Case No. 01-16034-AJG; (Bankr. S.D. N.Y.) as co-counsel to class action plaintiffs and as lead counsel for the class action plaintiffs in *Enron* affiliate *LJM2 Co-Investments, LP,* Case No. 02-3835-SAF (Bankr. N.D. Texas);

---

[8] For the avoidance of doubt, by this Application, the Committee is not seeking to retain GJB on a contingent fee basis because it is no longer possible to do so given that the Committee will only be acting as co-plaintiff in the Co-Plaintiff Adversary Proceedings.

[9] On April 26, 2019, the Court entered an order denying the 926 Motion [Docket No. 6533].

[10] For additional listing of GJB's role in large complex cases please visit its website: https://www.gjb-law.com

b. *In re Safety-Kleen Corp.*, Case No. 00-02303-PJW (Bankr. D. Delaware) as special litigation counsel for the unsecured creditors committee, the firm pursued claims against a lending consortium resulting in a significant distribution to unsecured creditors;

c. *In re Fontainebleau Las Vegas*, Case No. 09-21481-AJC, (Bankr. S.D. Fla.) as counsel to the Chapter 7 bankruptcy trustee, the firm investigated and pursued claims against former officers and directors, auditors and other third parties arising from bankruptcy liquidation of $3 billion master development on the Las Vegas strip; and,

d. *In re Rothstein Rosenfeldt Adler*, Case No. 09-34791-RBR (Bankr. S.D. Fla) represented chapter 11 trustee as special litigation counsel in lawsuits against banks, feeder funds and others stemming from $1.2 billion Ponzi scheme and substantially contributing to 100% distribution to general unsecured and subordinated creditors).

15. The Committee considered the requests for retention made by other law firms and interviewed such firms before selecting GJB as its special litigation counsel. Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ GJB as special litigation counsel in connection with the litigation against the Financial Party Targets as contemplated by the Stipulation.

## JURISDICTION AND VENUE

16. The Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA, and venue is proper pursuant to section 307(a) of PROMESA.

## RELIEF REQUESTED

17. By this Application, the Committee seeks entry of an order authorizing the retention and employment of GJB as special litigation counsel to the Committee effective as of April 16, 2019, pursuant to section 1103(a) of Bankruptcy Code, made applicable to the Title III Cases by section 301(a) of PROMESA, Bankruptcy Rule 2014(a), made applicable to the Title III Cases by section 310 of PROMESA, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the

extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

18. More specifically, the Committee seeks to employ and retain GJB as special litigation counsel to the Committee to evaluate and analyze certain potential causes of actions against the Financial Party Targets and, if appropriate, file Co-Plaintiff Adversary Proceedings against such Potential Defendants on or before the Commonwealth's statute of limitation or after expiration or termination of the Tolling Agreements with respect to such Potential Defendants in the Title III Cases. In addition, the Committee seeks to employ and retain GJB to represent the Committee on other discrete matters to the extent the Committee's other counsel, Paul Hastings and Casillas, Santiago & Torres LLC, are unable to represent the Committee on such matters due to conflicts.

19. The Committee has been informed that John H. Genovese, John Arrastia, Jesus Suarez, and Mariaelena Gayo-Guitian are members in good standing of the Bar of the State of Florida and that they have been admitted *pro hac vice* to this Court. The Committee is further informed that the other GJB attorneys who will provide services in the Title III Cases are similarly members in good standing of their respective state bar and will apply, as needed, for admission *pro hac vice*.

20. The Committee has retained Casillas, Santiago Torres, LLC ("CST") to serve as local counsel in connection with the Title III Cases. In order to avoid any duplication of effort, GJB and CST have discussed each firm's respective responsibilities in connection with representation of the Committee.

8

**BASIS FOR RELIEF**

21. Section 1103 of the Bankruptcy Code, made applicable pursuant to section 301(a) of PROMESA, provides that a statutory committee may, with the Court's approval, select and employ attorneys to represent or perform services for such committee. The Committee believes that GJB is well qualified to act as its special litigation counsel in the Title III Cases. The Committee believes that GJB has the necessary background to deal effectively with the many potential legal issues and problems that may arise in the Title III Cases.

22. The Committee has been advised that: (i) compensation will be payable to GJB on an hourly basis, plus reimbursement of actual, necessary expenses incurred by GJB; (ii) the partners presently designated to represent the Committee and their current standard hourly rates are:

| | |
|---|---|
| John Arrastia | $575 per hour |
| John H. Genovese | $765 per hour |
| Jesus M. Suarez | $500 per hour |
| Mariaelena Gayo-Guitian | $575 per hour |

23. Additionally, in light of the unprecedented nature of the Title III Cases and the fact that the Title III Cases do not involve a corporate entity but rather a U.S. territory where residents' access to basic essential services has oftentimes been limited, GJB has agreed to reduce its fees by an amount equal to 20% of the total fees sought to be paid in connection with GJB's final fee application, with the precise fees to be waived to attain the 20% reduction to be designated by GJB (in its sole discretion) in connection with the final fee application process.[11]

24. Other attorneys from GJB (whose hourly rates currently range from $285 – $795) and paralegals may from time to time also serve the Committee in connection with the matters

---

[11] The financial terms of GJB's engagement are intended to mirror the financial terms of the retention of Paul Hastings, the Committee's primary counsel.

9

described herein. To reflect economic and other conditions, GJB revises its regular hourly rates periodically and requests that, effective as of the date of such revision, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time. GJB will only charge its regular hourly rates in effect at the time services are rendered.

25. The Committee has been advised that the hourly rates set forth above are GJB's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate GJB for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by GJB that it is GJB's policy to seek reimbursement from its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

26. GJB has represented to the Committee that GJB intends to provide the Committee monthly fee statements and, subject to any interim compensation orders entered by the Court, GJB shall submit interim and final fee applications that shall include all of its fees for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Title III Cases.

27. Such interim and final fee applications shall be subject to the Court's approval and in compliance with PROMESA, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court, including an interim compensation order under sections 316 and 317 of PROMESA, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"). GJB further agrees to abide by the presumptive standards established by the Fee Examiner and adopted by the Court in the *Order*

*on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications entered on September 13, 2018* [Docket No. 3932] (the "Presumptive Standards Fee Order").

28. The Committee understands that all allowed compensation and expenses will be paid by the Commonwealth (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors).

29. The Committee understands that under no circumstances shall the Committee Members be responsible for payment of GJB's fees and expenses pertaining to this representation. The Committee believes that, in light of the nature and complexity of these cases and GJB's qualifications, the above rates, and the terms and conditions of GJB's employment, are reasonable.

## DISCLOSURE OF CONNECTIONS

30. GJB has advised the Committee that neither GJB nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which GJB is to be employed.

31. The Committee has been advised that in the event that GJB discovers any connections with any party in interest in the Title III Cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014 and Local Rule 2014-1, GJB will disclose such connections and information to the Court.

## *NUNC PRO TUNC* RELIEF PURSUANT TO LOCAL RULE 2014-1

32. Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the

11

professional first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered."

33. At the request of the Committee, GJB has rendered services from April 16, 2019, following the Committee's selection of GJB through and including the date hereof. Accordingly, the Committee requests that the retention of GJB be authorized effective as of April 16, 2019.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

34. The Committee and GJB intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures set forth in the Appendix B Guidelines, as well as the Fee Examiner Order, both in connection with this Application and the interim and final fee applications to be filed in the course of GJB's engagement. In doing so, the Committee and GJB reserve all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in the Title III Cases.

## NOTICE

35. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the Title III Cases.

## NO PRIOR REQUEST

36. No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

12

[*Remainder of page intentionally left blank.*]

13

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing the Committee to retain and employ the law firm of GJB as special litigation counsel, effective as of April 16, 2019, and grant such other and further relief as this Court deems just.

Dated: April 30, 2019.
San Juan, Puerto Rico

                **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By:    Service Employees International Union
        Solely in its capacity as member of the Committee
        (and not in its individual capacity);
        authorized by the Committee to sign this
        Application

By: */s/ Alvin Velazquez*
      Name:  Alvin Velazquez
      Title:   Associate General Counsel

Filed By:

      */s/ Luc A. Despins*
      PAUL HASTINGS LLP
      Luc. A. Despins, Esq. (Pro Hac Vice)
      Andrew V. Tenzer, Esq. (Pro Hac Vice)
      Michael Comerford, Esq. (Pro Hac Vice)
      G. Alexander Bongartz, Esq. (Pro Hac Vice)
      200 Park Avenue
      New York, New York 10166
      Telephone:  (212) 318-6000
      lucdespins@paulhastings.com
      andrewtenzer@paulhastings.com
      michaelcomerford@paulhastings.com
      alexbongartz@paulhastings.com

      *Counsel to the Official Committee of Unsecured Creditors*

/s/ *Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

15