# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

―――――――――――――――――――――――――――――― X
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
         as representative of                                      :   Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO *et al.*,                          :   (Jointly Administered)
                                                                   :
         Debtors.[1]                                               :
―――――――――――――――――――――――――――――― X
                                                                   :
THE SPECIAL CLAIMS COMMITTEE OF THE                                :
FINANCIAL OVERSIGHT AND MANAGEMENT                                 :
BOARD FOR PUERTO RICO, ACTING BY AND                               :
THROUGH ITS MEMBERS,                                               :   Adv. Proc. No. _____
                                                                   :
         and                                                       :
                                                                   :
THE OFFICIAL COMMITTEE OF UNSECURED                                :
CREDITORS OF THE COMMONWEALTH OF                                   :
PUERTO RICO,                                                       :
                                                                   :
         as co-trustees respectively, of                           :
                                                                   :
THE COMMONWEALTH OF PUERTO RICO,                                   :
                                                                   :
         Plaintiffs[2]                                             :
v.                                                                 :
                                                                   :
TITO RAMIREZ BUS SERVICE INC.,                                     :
                                                                   :
         Defendant.                                                :
―――――――――――――――――――――――――――――― X

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2] The members of the Special Claims Committee, on the one hand, and the Official Committee of Unsecured Creditors, on the other hand, serve as co-trustees and co-plaintiffs in the prosecution of this adversary proceeding as described in that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action*, Case No. 17-BK-3283 (LTS), ECF No. 6505-1, which is referenced herein to the extent necessary and appropriate.

### ADVERSARY COMPLAINT TO AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFERS AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §§ 502, 544, 548, AND 550 AND PUERTO RICO LAW

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1) made applicable to these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170) ("PROMESA"), and the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* ECF No. 6505-1, (i) the Special Claims Committee (the "Special Claims Committee") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its members, as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), and (ii) the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the "Committee"), in each case by and through undersigned counsel, alleges on actual knowledge as to its own status and actions and upon information and belief as to all other matters as follows:

### NATURE OF PROCEEDING[3]

1. Plaintiffs bring this action and similar actions to avoid and recover transfers the Commonwealth made to certain individuals and entities during a specified timeframe prior to the Petition Date on the grounds that, among other things, such transfers were constructively fraudulent under the Bankruptcy Code and Puerto Rico law.

2. For at least the last decade, the Commonwealth has been on the path to a financial crisis. The Commonwealth sustained itself on credit for years prior to the Petition Date, on increasingly onerous terms, finally admitting its inability to pay its debts in June 2015. Similarly for the last decade, the value of the Commonwealth's mounting liabilities far exceeded its assets.

---

[3]   Capitalized terms in this section have the meaning ascribed to them below.

3. Against this historically dire economic landscape, the Oversight Board seeks to avoid and recover transfers the Commonwealth made during its time of crisis in accordance with PROMESA, the Bankruptcy Code, and Puerto Rico law.

## PARTIES

4. Co-Plaintiff the Oversight Board was established by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") to help Puerto Rico "achieve fiscal responsibility and access to the capital markets." PROMESA § 101(a). PROMESA grants extensive authority to the Oversight Board, including the powers of a trustee under title 11 of the United States Code as incorporated into PROMESA (the "Bankruptcy Code"). PROMESA §§ 301, 315.

5. Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors, other than COFINA. The Committee was appointed by the United States Trustee on June 15, 2017.

6. Defendant Tito Ramirez Bus Service Inc. is an entity or individual with a principal place of business and/or registered office or domiciled at Bo Factor 1 Calle A-7, Arecibo PR, 00612.

## JURISDICTION AND VENUE

7. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105(a), 502,[4] 544, 548 and 550 of the Bankruptcy Code and Puerto Rico law to recover money for the Commonwealth.

---

[4] To the extent that the Defendant has filed a proof of claim or has a claim listed on the Commonwealth's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Commonwealth or the Commonwealth's Title III estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Oversight Board's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Oversight Board herein as further stated below.

8. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to section 306(a) of PROMESA. 48 U.S.C. § 2166(a).

9. Venue is proper in this district pursuant to section 307(a) of PROMESA. 48 U.S.C. § 2167(a).

## FACTUAL BACKGROUND

10. On May 3, 2017 (the "Petition Date"), the Oversight Board initiated a Title III debt adjustment proceeding on behalf of the Commonwealth. Shortly thereafter, the Oversight Board filed several other Title III cases on behalf of several Commonwealth government instrumentalities

11. During the four years prior to the Petition Date (the "Paulian Fraudulent Transfer Period"), the Commonwealth made payments to Defendant Tito Ramirez Bus Service Inc. in the aggregate amount of $7,209,163.00 ("4-Year Transfer(s)"). Certain of these payments (if any, the "2-Year Transfer(s)" and, together with the 4-Year Transfer(s), the "Transfers") may have occurred during the two years prior to the Petition Date (the "Code Fraudulent Transfer Period"). Attached hereto as Exhibit A is a detailed listing of the Transfers.

12. While the Commonwealth's books and records contain contracts with Tito Ramirez Bus Service Inc., the contracts do not correspond to the Transfers. The Commonwealth thus made the Transfers in the absence of a contract and in excess of the value of Defendant's goods and/or services.

13. The Commonwealth's books and records beginning at least as early as 2012 and continuing to the present, demonstrate that its liabilities have exceeded the value of assets in each fiscal year, and thus also at the time of the Transfers.

14. Likewise, the Commonwealth's books and records from at least as early as fiscal year 2012 to fiscal year 2017 demonstrate a consistent trend of mounting liabilities and

4

dwindling assets, such that at no point during that period has the value of its assets exceeded its liabilities.

15. The Commonwealth defaulted on certain general obligations due July 1, 2016.

16. At all times since 2012, the Commonwealth has failed to appropriate sufficient funds for the operations of several of its instrumentalities and failed to make required deposits on certain pension obligations and pay guaranteed debt.

17. From and after 2012, the Commonwealth has issued General Obligation Bond debt, thereby incurring obligations that were beyond its ability to repay as they became due.

18. Likewise, at the time of the Transfers, the Commonwealth was unable to pay its debts as they came due.

19. Beginning not later than 2012, commentators observed that Puerto Rico's debt service requirements were not sustainable, and not later than June of 2015 the Governor of Puerto Rico admitted this was the case.

20. The Commonwealth defaulted on certain general obligation debt in 2016 as it was unable to pay debts while delivering services at the level and quality required for the health, safety, and welfare of Puerto Rico.

21. During the course of this proceeding, the Oversight Board may learn (through discovery or otherwise) of additional avoidable transfers made to the Defendant during the Constructive Fraudulent Transfer Period. It is the Oversight Board's intention to avoid and recover all transfers made by the Commonwealth of an interest in the Commonwealth's property and to or for the benefit of the Defendant or any other transferee. The Oversight Board reserves its rights to amend this original Complaint to include, without limitation: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the

5

Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including but not limited to causes of action under 11 U.S.C. §§ 542, 544, 545, 548, and/or 549) (collectively, the "Amendments"), that may become known to the Oversight Board at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Return of Unlawful Disbursements Pursuant to 2 L.P.R.A. § 97, 3 L.P.R.A. § 283h)

22. The Oversight Board repeats and re-alleges each allegation contained in the preceding paragraphs as if fully set forth herein.

23. The Office of the Controller does not have an executed copy of a contract between the Commonwealth and Defendant as necessary to evidence the propriety of the Transfers. *See* 2 L.P.R.A. § 297.

24. The Commonwealth and Defendant did not have a contract that was reduced to writing to evidence the propriety of the Transfers. *See Ocasio v. Alcalde Mun. de Maunabo*, R-84-356, 1988 WL 580831 (P.R. Apr. 19, 1988).

25. The Transfers were disbursements of public funds not authorized by law. 2 L.P.R.A. § 97; 3 L.P.R.A. § 283h(a); *see also, e.g.*, 3 L.P.R.A. §§ 2301-05, 8613 (requiring documentation of contracts with Commonwealth).

26. The Transfers, being public monies disbursed unlawfully, may be recovered. *See Mun. de Quebradillas v. Corp. de Salud de Lares*, 180 D.P.R. 1003, 1015-16 (2011) (citing similar restrictions on municipal disbursements and noting that holding otherwise "would be leaving public funds in private hands that do not correspond to them" and citing "public policy of

6

protecting the interests and money of the people against waste, prevarication, favoritism and the risks of non-compliance") (citing *Cancel v. Mun. de San Juan*, 101 D.P.R. 296, 300 (1973)).

27. The Oversight Board is entitled to recover from the Defendant an amount of cash equal to the aggregate amount of the Transfers.

## COUNT II
### (Avoidance of Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))

28. The Oversight Board repeats and re-alleges each allegation contained in the preceding paragraphs as if fully set forth herein.

29. The Commonwealth received less than a reasonably equivalent value in exchange for the 2-Year Transfers because the Commonwealth made the 2-Year Transfers in the absence of a contract and in excess of the value of Defendant's goods and/or services.

30. The Commonwealth was insolvent on the date that such 2-Year Transfers were made.

31. The Commonwealth intended to incur, or the Commonwealth believed that it would incur, debts that would be beyond the Commonwealth's ability to pay as such debts matured at all relevant times (including, without limitation, at the time of the 2-Year Transfers).

32. The Transfers were fraudulent transfers that the Oversight Board may avoid pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Rescission of Transfer Pursuant to 31 L.P.R.A. §§ 3491-3500 and 11 U.S.C. § 544(b))

33. The Oversight Board repeats and re-alleges each allegation contained the preceding paragraphs as if fully set forth herein.

34. At the time of the Transfers, the Commonwealth was in a state of insolvency.

35. Defendant knew or should have known that the Commonwealth was insolvent, in the vicinity of insolvency, or unable to satisfy its obligations as they became due.

36. The Commonwealth's insolvency pre-supposes that its patrimony is insufficient to satisfy all the debts weighing upon it.

37. Defendant knew or should have known that the Commonwealth's patrimony was insufficient to satisfy all the debts weighing upon it at the time of the Transfers.

38. There was insufficient consideration for the Transfers.

39. Consequently, the Oversight Board requests that any alleged contracts be deemed null and void and that the Transfers made to Defendant be returned to the Oversight Board.

40. Other than such remedy as may be afforded pursuant to Counts I and II hereof, the Oversight Board has no remedy other than that provided under 31 L.P.R.A. §§ 3491-3500.

## COUNT IV
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

41. The Oversight Board repeats and re-alleges each allegation contained in the preceding paragraphs as if fully set forth herein.

42. Defendant was the initial transferee of the Transfers, the entity for whose benefit the transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

43. Pursuant to 11 U.S.C. § 550(a), the Oversight Board is entitled to recover from the Defendant an amount of cash equal to the aggregate amount of the Transfers.

## COUNT V
### (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

44. The Oversight Board incorporates all preceding paragraphs as if fully re-alleged herein.

45. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

46. The Defendant has not repaid the amount of the Transfers, or turned over such property to the Oversight Board, for which the Defendant is liable under 11 U.S.C. § 550.

47. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or its assignee against the Commonwealth (as defined in footnote 2 above) must be disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

48. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Commonwealth previously allowed by the Commonwealth, must be reconsidered and disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Oversight Board respectfully requests that the Court enter judgment against the Defendant providing, to the extent not inconsistent:

A. Any purported contract between the Commonwealth and the Defendant purporting relating to which the Commonwealth made the Transfers is null and void pursuant to 2 L.P.R.A. § 97; and any funds disbursed in relation thereto were unlawfully transferred pursuant to, *inter alia*, 3 L.P.R.A. § 283h; and the Commonwealth is entitled to recover from the Defendant an amount of cash equal to the aggregate amount of the Transfers.

B. The 2-Year Transfers are avoidable under 11 U.S.C. § 548;

C. The Transfers are avoidable under 11 U.S.C. § 544 and 31 L.P.R.A. § 3493;

D. The Transfers, to the extent avoided pursuant to 11 U.S.C. § 544 and 548, may be recovered by the Oversight Board pursuant to 11 U.S.C. § 550;

E. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

F. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

G. Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

H. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

I. Requiring the Defendant to pay forthwith the judgment amount awarded in favor of the Oversight Board; and

J. Granting to the Oversight Board such other and further relief as the Court deems just and proper.

Date: April 30, 2019

| | |
|---|---|
| */s/* Edward S. Weisfelner | */s/* Juan J. Casillas Ayala |
| **BROWN RUDNICK LLP** | **CASILLAS, SANTIAGO & TORRES LLC** |
| Edward S. Weisfelner, Esq. (*Pro Hac Vice*) | Juan J. Casillas Ayala, Esq., USDC - PR 218312 |
| Angela M. Papalaskaris, Esq. (*Pro Hac Vice*) | Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710 |
| Seven Times Square | Israel Fernández Rodríguez, Esq., USDC - PR 225004 |
| New York, NY 10036 | Juan C. Nieves González, Esq., USDC - PR 231707 |
| Tel: (212) 209-4800 | Cristina B. Fernández Niggemann, Esq., USDC - PR 306008 |
| eweisfelner@brownrudnick.com | PO Box 195075 |
| apapalaskaris@brownrudnick.com | San Juan, PR 00919-5075 |
| | Tel.: (787) 523-3434 |
| Stephen A. Best, Esq. (*Pro Hac Vice*) | Fax: (787) 523-3433 |
| 601 Thirteenth Street NW, Suite 600 | jcasillas@cstlawpr.com |
| Washington, D.C. 20005 | aaneses@cstlawpr.com |
| Tel: (202) 536-1737 | ifernandez@cstlawpr.com |
| sbest@brownrudnick.com | jnieves@cstlawpr.com |
| | cfernandez@cstlawpr.com |
| Jeffrey L. Jonas, Esq. (*Pro Hac Vice*) | |
| Sunni P. Beville, Esq. (*Pro Hac Vice*) | *Counsel to the Official Committee of Unsecured Creditors* |
| One Financial Center | |
| Boston, MA 02111 | |
| Tel: (617) 856-8200 | |
| jjonas@brownrudnick.com | |
| sbeville@brownrudnick.com | |

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/* Alberto Estrella
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*