# EXHIBIT J

Contract No. _____

# MASTER SUBLEASE CONTRACT

This Master Sublease Contract, made and entered into as of the 24th day of August, 2011 by and between the Puerto Rico Public Buildings Authority, as Sublessor (hereinafter sometimes called the "Authority"), and the Department of Education of the Commonwealth of Puerto Rico, as Sublessee (the "Sublessee"). Unless otherwise defined in this Master Sublease Contract, or unless the context otherwise requires, the terms used in this Master Sublease Contract shall have the same meanings assigned to them under Resolution No. 468, adopted by the Authority on June 22, 1995 (such Resolution No. 468, as amended and together with all resolutions supplemental thereto duly adopted as permitted therein, particularly as supplemented by Resolution No. 1596 adopted by the Authority on August 11, 2011 (the "Series Resolution", and collectively with such Resolution No. 465 being hereinafter called the "Bond Resolution")).

## WITNESSETH:

**WHEREAS,** by Act. No. 56 of the Legislature of Puerto Rico, approved June 19, 1958, as amended (hereinafter sometimes called the "Enabling Act"), the Authority was created as a body corporate and politic constituting an instrumentality of the Commonwealth of Puerto Rico (hereinafter called the "Commonwealth") exercising public and essential government functions, for the purpose, among others, of providing and operating office buildings, headquarters, courts, warehouses, schools, health and social welfare facilities and other related facilities for lease or sublease to any department, agency, instrumentality or municipality of the Commonwealth; and



**WHEREAS,** the Enabling Act authorizes any department, agency, instrumentality or municipality of the Commonwealth to enter into lease and/or sublease contracts with the Authority for all or any part of any building or facilities owned or operated by the Authority, and to perform and execute any and all acts or agreements, stipulations, contracts and transactions that may be necessary, convenient or desirable to perform any lease or sublease contract, and to provide for the payment or settlement of any obligation of said department, agency, instrumentality or municipality; and

**WHEREAS,** the Authority has leased, as lessee, pursuant to a Master Lease Contract, dated as of August 24, 2011 and attached as **Exhibit A** hereto, with the Department of Transportation and Public Works of the Commonwealth (hereinafter called the "Department"), acting as custodian of certain properties belonging to the Commonwealth, as lessor, the facilities described in **Exhibit B** to this Master Sublease Contract (said facilities being hereinafter called the "Sublease Facilities") that are in turn to be subleased by the Authority to the Sublessee; and

**WHEREAS,** pursuant to the Enabling Act the Authority is financing and/or will finance the cost of constructing, renovating, remodeling and or improving the Sublease Facilities by the issuance of revenue bonds of the Authority, particularly, but not limited to, those evidenced by its Government Facilities Revenue Bonds, Series R (Qualified School Construction Bonds – Issuer Subsidy) (the "Bonds") to be issued from time to time by the Authority under the Bond Resolution to pay for among other things, the cost of certain schools and related facilities, including the Sublease Facilities; and

MIAM_324969.3

**WHEREAS,** the principal and interest on the Bonds will be paid from rentals received by the Authority from the subleasing of the Sublease Facilities financed by the Authority under the Bond Resolution to be paid by the Sublessee; and

**WHEREAS,** under the Enabling Act the Sublessee is authorized to enter into a Master Sublease Contract or contracts with the Authority for the rental of the Sublease Facilities for terms of not more than 40 years from the date of their effectiveness, and the Bonds are to mature at various dates not more than 40 years from the date of the effectiveness of the Master Sublease Contract, as it may be amended from time to time, for the Sublease Facilities;

**NOW, THEREFORE,** for and in consideration of the mutual promises, covenants and agreements and other good and valuable consideration, the Authority and the Sublessee agree as follows:



## ARTICLE I

## SUBLEASE TO SUBLESSEE; TERM

The Authority hereby demises, leases and rents to the Sublessee, and the Sublessee hereby takes, accepts and rents from the Authority, upon and subject to the terms, covenants and conditions hereinafter stated, the Sublease Facilities for a term beginning on the date first above written and ending on the date when all of the Bonds issued in connection with the Sublease Facilities and all other obligations incurred by the Authority under the Bond Resolution in connection with the Sublease Facilities or such Bonds and all obligations of the Sublessee under this Master Sublease Contract have been paid in full or sufficient funds for such payment are held in trust by the Fiscal Agent under the Bond Resolution.

## ARTICLE II

## RENTALS

Section 2.01. <u>Rentals</u>. The Sublessee shall pay to the Authority as rental (the "rentals") for the Sublease Facilities, contemplated to commence in and continuing until the end of the term of this Master Sublease Contract, the sum of the following:

(a)  commencing with the month immediately following the month in which the first series of Bonds are issued, such annual amount or amounts as shall be determined from time to time by the Authority to be necessary to pay the principal of (including the Amortization Requirements for the term bonds and the premiums, if all, for the redemption of such term bonds) and the interest on all Bonds under the Bond Resolution as the same become due and payable (the "Debt Service Rental");

(b)  such annual amount or amounts as shall be determined from time to time by the Authority to be necessary to pay the general administrative expenses of the Authority in connection with the Sublease Facilities (the "Annual Administrative Rental"); and

(c)  such annual amounts or amount as shall be determined from time to time by the Authority to be necessary to provide and maintain a reserve of major items of equipment described in Exhibit B to this Master Sublease Contract (the "Annual Equipment Replacement Rental").

2

The amount of the rentals determined by the Authority shall be set forth in certificates of the Executive Director of the Authority delivered to the Sublessee:

(i)     as to the Debt Service Rental, promptly after each sale of Bonds and from time to time as determined by the Authority;

(ii)    as to the Annual Administrative Rental and the Annual Equipment Replacement Rental, on the date of the execution of this Master Sublease Contract and on or before each June 15 thereafter.

Section 2.02. <u>Adjustments of Debt Service Rental</u>.

(i)     The Debt Service Rentals shall be adjusted downward, as the Authority determines, to reflect the portion of the interest payment on the Bonds that shall be covered by the Interest Subsidy Payments;

(ii)    The Debt Service Rentals shall be automatically adjusted upward when and to the extent the Authority does not receive, in whole or in part, the Interest Subsidy Payments;



(iii)   The Debt Service Rentals shall be adjusted upwards, as the Authority determines, to include the payment of allocable portions of the Series R Advance Deposit Amounts (as defined in the Series Resolution); and

(iv)    In the event that additional Bonds are issued by the Authority to finance temporarily any additional costs of the Sublease Facilities, the Debt Service Rental shall be increased by such amount as the Authority determines is required to pay the interest thereon and to amortize an amount equal to the principal of such additional Bonds over a period of 30 years. Upon the retirement of any Bonds from the proceeds of bonds or otherwise, the Debt Service Rental shall be reduced by such amount as the Authority determines was included in the computation of such Rental on account of the principal of and interest on that principal amount of Bonds which is so retired.

Section 2.03. <u>Rental Installments</u>. The rentals for each fiscal year shall be paid to the Authority by the Sublessee in equal monthly installments on or before the 10th day of each month; provided, however, that in no event shall any monthly installment of Debt Service Rental be less than the amount which is necessary under the Bond Resolution to provide, without any withdrawal or transfer from the Reserve Account in the Sinking Fund, if any (i) sufficient funds in the Bond Service Account in the Sinking Fund for the timely payment of the interest on all bonds then outstanding and the principal of all serial bonds then outstanding, (ii) sufficient funds in the Redemption Account in the Sinking Fund for the timely payment of the Amortization Requirements for the term bonds then outstanding, and (iii) sufficient funds in the Series R Advance Deposit Account to comply with the requirements contained in the Series Resolution relating to the deposit of Series R Advance Deposit Amounts into Series R Advance Deposit Account.

Section 2.04. <u>Deposit of Debt Service Rental</u>. All amounts received by the Authority as Debt Service Rental shall be immediately deposited with the Fiscal Agent under the Bond Resolution in accordance with the provisions thereof; provided, however, that the Authority at its discretion may return to the Sublessee any portion of Debt Service Rental that the Authority has determined to be in excess of the amount then required to be on deposit in the Bond Service Account, the Redemption Account and the Series R Advance Deposit Account under the Bond Resolution.

Section 2.05. <u>Deposit of Annual Administrative Rental</u>. All amounts received as Annual Administrative Rental shall be deposited by the Authority in its name in a bank located in Puerto Rico selected by the Authority and shall be used for the purpose of paying the administrative expenses of the Authority incurred in connection with the Sublease Facilities.

Section 2.06. <u>Deposit of Annual Equipment Replacement Rental</u>. All amounts received as Annual Equipment Replacement Rental shall be deposited by the Authority in its name to the credit of the Equipment Replacement Reserve Fund in a Bank located in Puerto Rico selected by the Authority and shall be used for the purpose of paying the cost of replacement of major items of equipment described in **Exhibit C**, if any, to this Master Sublease Contract.

Section 2.07. <u>Priority of Debt Service</u>. Notwithstanding any contrary provision in this Master Sublease Contract or any contrary designation or instruction from the Sublessee, all rentals received by the Authority pursuant to this Master Sublease Contract shall be deemed to be Debt Service Rentals to the extent of the amounts then due and payable as Debt Service Rental hereunder.

### ARTICLE III

### MAINTENANCE AND OPERATION OF SUBLEASE FACILITIES

The Sublessee shall operate or <u>cause to be operated</u> the Sublease Facilities in an efficient manner and shall maintain them or cause them to be maintained in a good state of repair. The Sublessee shall pay or cause to be paid all expenses of operating, maintaining and repairing the Sublease Facilities. All expenses for replacement of major items of equipment described in Exhibits B and C to this Master Sublease Contract shall be paid by the Authority from available moneys in the Equipment Replacement Reserve Fund, and the Sublessee shall pay or cause to be paid any additional moneys required for such purpose.

The Authority shall have the right to inspect the Sublease Facilities at any time to verify that the same are well kept and in a good state of repair after giving prior notice of said inspection to the Sublessee.

Nothing contained in this Master Sublease Contract to the contrary shall require the Sublessee to continue to operate any Sublease Facilities or any part thereof (i) which have been damaged or destroyed and as to which the Authority and the Department have determined it is not desirable to repair, replace or reconstruct, or (ii) which have been sold or otherwise disposed of in the circumstances permitted by the Bond Resolution; provided, however, that the proceeds of any insurance received on account of such damage or destruction and the proceeds received on account of any such sale or other disposition shall be deposited to the credit of the Redemption Account in the Sinking Fund, and provided, further, that notwithstanding any cessation of operation or transfer by the Sublessee of any such Sublease Facilities, the Sublessee shall continue to pay the rentals for the full term of this Master Sublease Contract at the times and in the amounts specified or referred to in this Master Sublease Contract.

### ARTICLE IV

### INSURANCE

4

Section 4.01. <u>Insurance Against Loss or Damage</u>. The Authority shall keep for the project under this Master Sublease Contract, including all equipment of the Authority therein, insured with a responsible insurance company or companies qualified under the laws of the Commonwealth to assume the risks thereof, against physical loss or damage, howsoever caused, with such exception as are ordinarily required by insurers of buildings of a similar type, to the full insurable value thereof.

Section 4.02. <u>Application of Proceeds</u>. The proceeds of all such insurance shall be applied to the repair, reconstruction or replacement on the same or on a different site of the damage or destroyed property or to the purchase or redemption of bonds, as the Authority shall determine.

Section 4.03. <u>Comprehensive Liability Insurance</u>. The Authority shall also maintain such comprehensive public liability insurance for the project under this Master Sublease Contract with a responsible and qualified insurance company or companies in such amounts as the Authority shall determine is necessary to protect it against loss on account of liability for injury or damage to person or property resulting from its ownership or operation for the project under this Master Sublease Contract.

Section 4.04. <u>Insurance Cost</u>. All costs incurred by the Authority for insurance under this Article shall be deemed to be operating and maintenance expenses.



## ARTICLE V

## UNCONDITIONAL OBLIGATION TO PAY RENTALS

The Sublessee agrees that its obligation to pay rentals for the full term of this Master Sublease Contract at the times and in the amounts specified or referred to in this Master Sublease Contract shall be absolute and unconditional and shall continue whether or not the Sublease Facilities or any part thereof shall be completed or shall be occupied by the Sublessee, or be sold, transferred or otherwise disposed of, or be damaged or destroyed from any cause whatsoever or otherwise become unusable by the Sublessee for any period of time and regardless of any other cause of any nature, but not limited to, any default by the Authority under this Master Sublease Contract.

## ARTICLE VI

## MISCELLANEOUS

Section 6.01. <u>Covenant against Assignment and Restrictions on Subleasing</u>. This Master Sublease Contract may not be assigned or otherwise transferred in whole or in part by the Authority or by the Sublessee.  All or any part of the Sublease Facilities may be sub-subleased as a whole or in part by Sublessee if, any only if, the following conditions precedent shall have been met:

    (a)    unless otherwise permitted by the Bond Resolution, the sub-sublessee under the sub-sublease shall be a department, agency or instrumentality of the Commonwealth.

    (b)    simultaneously with the execution and delivery of the sub-sublease, the Sublessee shall execute and deliver to the Authority an instrument in writing acknowledging, confirming and agreeing that the Sublessee shall continue to remain liable for the payment of all rentals under this Master Sublease Contract and for the performance and observance of all other obligation and agreements on its part herein provided to be performed and observed by it;

5

(c)     the sub-subleasse shall deliver to the Authority and the Sublessee the certificates required under Section 710(d) of the Bond Resolution and;

(d)     all authorizations, approvals and consents (governmental or otherwise) required for or in connection with the execution, delivery and performance of the sub-sublease shall have been duly obtained prior to or simultaneously with the execution and delivery of the sub-sublease.

Section 6.02. <u>Settlement of Disputes</u>. In the event of any dispute between the Authority and the Sublessee as to any of the provisions of this Master Sublease Contract, the matter shall be submitted to the Governor of Puerto Rico (the "Governor"), or his duly authorized representative, for his determination. When such dispute shall be decided by the Governor or his duly authorized representative, the Authority and the Sublessee shall be bound by such determination.

Section 6.03. <u>Alterations and Improvements</u>. The Authority will upon the request and at the sole expense of the Sublessee make such alterations, modifications or improvements to the Sublease Facilities as are so requested by the Sublessee and approved by the Authority; it being agreed and understood by the parties hereto that all such alterations, modifications and improvements made by the Authority at the request and expense of the Sublessee shall be and become the property of the Department; it being further agreed and understood that all alterations, modifications and improvements to the Sublease Facilities must be done as aforesaid and with the prior written consent of the Authority.



Section 6.04. <u>Benefits</u>. This Master Sublease Contract shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns, and shall also inure to the benefit of the holders of the bonds issued under the Bond Resolution, as their respective interest may appear.

Section 6.05. <u>Conflict with Bond Resolution</u>. Notwithstanding any other provision of this Master Sublease Contract, it is expressly agreed and understood that in the event of any conflict between the provisions contained in this Master Sublease Contract and in the Bond Resolution, the provisions contained in the Bond Resolution shall be controlling.

Section 6.06. <u>Restrictions on Amendments and Modifications</u>. No amendment or modification of this Master Sublease Contract shall in any respect reduce the amounts of the rental payment provided for herein below the required amounts referred to in the Bond Resolution or postpone the times of making such rental payments or otherwise materially and adversely affect the security or interest of the holders of the bond issued under the Bond Resolution.

Section 6.07. <u>Effective Date</u>. This Master Sublease Contract shall become effective as of August 24, 2011.

MIAM_324969.3

**IN WITNESS WHEREOF,** the Puerto Rico Public Buildings Authority has caused this Master Sublease Contract to the executed in its name and behalf by its Executive Director, thereunto duly authorized, and its corporate seal to be hereunto affixed and attested by its Secretary, and the affixed and the Department of Education of the Commonwealth of Puerto Rico has caused this Master Sublease Contract to be executed in its name and behalf by its Secretary, thereunto duly authorized, as of the day and year first above written.

DEPARTMENT OF EDUCATION                    PUBLIC BUILDINGS AUTHORITY

By: _____             By: _____
Jesús M. Rivera Sánchez                        Eduardo Rivera Cruz
Secretary                                      Executive Director


(SEAL)

Attest:                                   By: _____
                           Leonardo J. Torres Berríos
                                               Secretary
                                               Board of Directors


7

## EXHIBIT A

### MASTER LEASE CONTRACT

*Master Lease Contract, dated as of August 24, 2011, with the Department of Transportation and Public Works of the Commonwealth, acting as custodian of certain properties belonging to the Commonwealth, as lessor, the facilities described in Exhibit B to this Master Sublease Contract (said facilities being hereinafter called the "Sublease Facilities") that are in turn to be subleased by the Authority to the Sublessee.*

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
SECRETARÍA AUXILIAR DE ADMINISTRACIÓN

### CONTRATO DE ARRENDAMIENTO

----En la ciudad de San Juan, Puerto Rico, hoy 24 de agosto de dos mil once (2011).

### COMPARECEN

-----DE LA PRIMERA PARTE: **EL GOBIERNO DE PUERTO RICO**, representado por el DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, Seguro Social Número Patronal 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, como custodio de las propiedades del Gobierno de Puerto Rico, a su vez representado en este acto por el **Sr. Amílcar González Ortiz**, Secretario Auxiliar de Administración del Departamento de Transportación y Obras Públicas, mayor de edad, soltero y vecino de Coamo, Puerto Rico, quien comparece de conformidad con la facultad que le fuera delegada mediante la Resolución Núm. 2010-26 de 7 de octubre de 2010, por el Honorable Rubén A. Hernández Gregorat, Secretario de Transportación y Obras Públicas, en su carácter de depositario de los poderes del Estado y actuando de conformidad con las facultades que le confiere el Inciso (b) del Artículo 1 de la Ley 12 del 10 de diciembre de 1975, según enmendada, conocida como "La Ley para Facultar al Secretario del DTOP a Vender, Permutar, Gravar y Arrendar Propiedad del Gobierno de Puerto Rico que No sea de Uso Público", según enmendada, en adelante el "**ESTADO**". -------------------------------------

-----DE LA SEGUNDA PARTE: **LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO** representado por el **Sr. Eduardo Rivera Cruz**, en su capacidad de Director Ejecutivo de la Autoridad de Edificios Públicos de Puerto Rico, con seguro social patronal 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, mayor de edad, casado y vecino de Toa Baja, Puerto Rico, en adelante denominado la "AUTORIDAD". --------

### EXPONEN

-----Que las partes han convenido libre y voluntariamente celebrar este Contrato en donde el **ESTADO** cede a la **AUTORIDAD**, el uso y administración de los inmuebles que se describen en el **Exhibit A** de este Contrato.---------------------------------------------------------------------------

-----A tal efecto, firman este Contrato mediante el presente documento, que otorgan bajo las siguientes: ------------------------------------------------------------------------------------------------------

### CLAUSULAS Y CONDICIONES

-----**PRIMERA**: Las partes hacen constar que su conocimiento sobre la titularidad en derecho de los inmuebles objeto de este Contrato a favor del Gobierno de Puerto Rico y por ende, su custodia por el Secretario de Transportación y Obras Públicas. De surgir un problema con la titularidad del

DIRECTOR EJECUTIVO
AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO
PROGRAMA ESCUELAS PARA EL SIGLO 21

**ESTADO**, el Departamento se compromete a proteger la posesión y administración de los inmuebles por la **AUTORIDAD** y sus arrendamientos con terceros. ----------------------------------------------- -------------------------------------------------

----**SEGUNDA:** Este Contrato entrará en vigor desde su otorgamiento y tendrá una vigencia de treinta (30) años; renovable automáticamente por el mismo tiempo y bajo los mismos términos y condiciones, a no ser que medie comunicación escrita adversa, previa y/o se modifiquen los términos del Contrato------------------------------------------------------------------------------------

----**TERCERA:** El canon de arrendamiento será de $10.00 por el término de arrendamiento establecido en la cláusula número SEGUNDA de este Contrato y será pagadero al momento de firmarse este Contrato.-----------------------------------------------------------------------------

-----**CUARTA:** La **AUTORIDAD** podrá arrendar, subarrendar y/o enajenar la posesión, uso y/o administración del inmueble objeto de este Contrato sin el previo consentimiento o autorización del **ESTADO** siempre y cuando dicho arrendamiento, subarrendamiento y/o enajenación sea con una instrumentalidad del Gobierno de Puerto Rico. -------------------------------------------------------

----**QUINTA:** Será responsabilidad de la **AUTORIDAD**, respetar las servidumbres establecidas sobre la propiedad, impedir que se establezcan nuevas servidumbres sin el consentimiento expreso del **ESTADO** y permitir la entrada cuantas veces sea necesario de empleados del **ESTADO**, debidamente identificados, a los fines de examinar la propiedad. ------------------------------------------

-----**SEXTA:** Este Contrato es un acto de administración y no de disposición donde el título de la propiedad quedará a favor del **GOBIERNO DE PUERTO RICO**.------------------------------------------

-----**SÉPTIMA:** La **AUTORIDAD**, asumirá completa responsabilidad por cualquier daño o perjuicio que ocurra a persona natural o jurídica, propiedad pública o privada, en el predio objeto de este Contrato.--------------------------------------------------------------------------------------

-----**OCTAVA:** Cualquier edificación o mejora erigida con posterioridad a su vigencia, pasará a ser propiedad del **ESTADO** en cualquier momento que este Contrato quede sin efecto, sin que venga el **ESTADO** obligado a pagar a la **AUTORIDAD** o a cualquier ocupante, compensación o indemnización alguna por dichas estructuras, edificaciones o mejoras. ------------------------------------

-----**NOVENA:** Deberá la **AUTORIDAD**, mantener en buen estado los desagües, acequias y canales existentes, si alguna, o que pudiera realizarse en el futuro en la propiedad, reparar y

2

mantener en buen estado las verjas existentes, si alguna, y mantener debidamente cerradas las áreas colindantes con las vías públicas. ----------------------------------------------------------------------------

-----DÉCIMA: La AUTORIDAD podrá desarrollar en la propiedad antes descrita proyectos relacionados a las escuelas públicas y el sistema de educación del Gobierno de Puerto Rico y queda autorizada a llevar a cabo todos los actos necesarios para viabilizar mejoras de infraestructura en las escuelas públicas por sí o por terceros según los poderes que le confiere su ley habilitadora - Ley 56 del 19 de junio de 1958, según enmendada – y demás leyes vigentes -------

-----DÉCIMA PRIMERA: Será responsabilidad de la AUTORIDAD, obtener los permisos que requieran las autoridades gubernamentales correspondientes para el desarrollo de la actividad a llevarse a cabo en la propiedad. -----------------------------------------------------------------------------------

-----DÉCIMA SEGUNDA: La propiedad objeto de este Contrato será mantenida limpia y en buen estado al costo de la AUTORIDAD. El costo de las mejoras útiles y necesarias también será de su cuenta, sujeto a lo establecido en la cláusula número OCTAVA, sobre mejoras permanentes. --------

-----DÉCIMA TERCERA: EL ESTADO se reserva el derecho de utilizar aquellos caminos existentes en los predios objeto de este Contrato que sean necesarios o convenientes para proveerle acceso a otros terrenos utilizables por el propio ESTADO, sus arrendatarios, usuarios o sucesores.--------------------------------------------------------------------------------------------------------

-----DÉCIMA CUARTA: Este Contrato entrará en vigor tan pronto la AUTORIDAD, lo firme y cumpla con las condiciones previas aquí establecidas. Se concede un término de noventa 90 días a partir de la firma de este Contrato para que la AUTORIDAD entregue la documentación relacionada con los seguros que aquí se requieren a favor del ESTADO.-----------------------------------

-----DÉCIMA QUINTA: La AUTORIDAD, presentará una póliza expedida por una compañía de seguros autorizada a hacer negocios en Puerto Rico, que sea aceptable al ESTADO, para cubrir el riesgo de incendios extensivo a la propiedad y a todo el equipo incluido en la misma, por una suma no menor de VEINTE MIL DÓLARES ($20,000,000). De igual manera, la AUTORIDAD obtendrá y mantendrá una póliza de responsabilidad pública expedida por una compañía de seguros autorizada a hacer negocios en Puerto Rico, que sea aceptable al ESTADO y que cubra daños personales o muerte por límites no menores de TRESCIENTOS MIL DÓLARES ($300,000.00) por persona, CIEN MIL DÓLARES ($100,000.00) por accidente y CIENTO VEINTICINCO MIL DÓLARES ($125,000.00) por daños a la propiedad. Dicha póliza debe cubrir, además, "Products

3

Liability" hasta un "Lessor Risk" y "Premises Medical Payment". Dicha póliza será extensiva al área utilizada. Contendrá dicha póliza una cláusula de relevo (Save or Hold Harmless Clause) mediante la cual la **AUTORIDAD** releva al **ESTADO** de responsabilidad por cualquier reclamación, acción o demanda que surja directa o indirectamente en relación con este Contrato y/o en relación con el establecimiento y operación de la **AUTORIDAD** e incluirá el que dicha póliza no podrá ser cancelada y estará en vigor durante la vigencia del Contrato. ------------------------------------------

Las pólizas requeridas deberán estar endosadas a nombre del **ESTADO** y copia de dichas pólizas y un certificado sobre las mismas, expedido por la compañía aseguradora, deberá ser entregada al **ESTADO** por la **AUTORIDAD**, así como evidencia del pago anual de las primas de las referidas pólizas durante el término del Contrato. La **AUTORIDAD**, será responsable del pago de las primas correspondientes a las pólizas antes requeridas.------------------------------------------------

-----**DÉCIMA SEXTA**: La **AUTORIDAD** no instalará ni consentirá la instalación de rótulos, pancartas, ni cualquier otra clase de anuncio, excepto cuando se cumpla estrictamente con los requisitos de las leyes y reglamentos que sean aplicables, incluyendo el o los permisos de la Administración de Reglamentos y Permisos (ARPE) y/o de cualquier otro organismo gubernamental pertinente y la autorización por escrito del **ESTADO**. La tramitación de dichos permisos será de la exclusiva responsabilidad de la **AUTORIDAD** y constituye una condición indispensable para la vigencia de este Contrato. ------------------------------------------------------------------------

-----**DÉCIMO SÉPTIMA**: La **AUTORIDAD** vendrá obligado a cumplir con todas las disposiciones de seguridad y saneamiento establecidas por todas las agencias reguladoras gubernamentales.---------

------**DÉCIMO OCTAVA**: El **ESTADO** no será responsable de daños causados por actos de huelgas, manifestaciones públicas o vandalismo. --------------------------------------------------

-----**DÉCIMO NOVENA**: La **AUTORIDAD** se obliga a proveer y mantener a su propio costo, la limpieza, disposición y recogido de basura y fumigación periódica de la propiedad objeto de este Contrato, así como cualquier otro servicio necesario para la operación del negocio que se vaya a establecer.------------------------------------------------------------------------------------

Leído el presente Contrato por todas las partes contratantes, lo encuentran conforme, ya que tiene la expresión fiel y exacta de lo convenido por ellos, por lo cual se ratifican en todas las cláusulas y condiciones, libremente lo inician en todas las páginas.----------------------------------

MIAMI 3314BE.2

SR. EDUARDO RIVERA CRUZ
DIRECTOR EJECUTIVO
AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO
PROGRAMA ESCUELAS PARA EL SIGLO 21

-----VIGÉSIMA: El incumplimiento de cualesquiera de las condiciones aquí estipuladas, dará derecho al **ESTADO** rescindir este Contrato y requerir el desalojo inmediato de la propiedad o el resarcimiento de daños y perjuicios, o ambas, según los méritos del caso, y en la eventualidad de que el **ESTADO** se vea precisado a acudir a los Tribunales de Justicia para dilucidar cualquier controversia originada por tal incumplimiento, las partes acuerdan, convienen y aceptan someterse a la jurisdicción del Tribunal de Primera Instancia, Sala Superior de San Juan, entiéndase que los gastos de honorarios de abogado en que pueda incurrir el Departamento serán pagados por la **AUTORIDAD.**--------------------------------------------------------------------------------------------------------

AMILCAR GONZALEZ ORTIZ, Ph. D.c
SECRETARIO AUXILIAR DE ADMINISTRACIÓN
DEPARTAMENTO DE TRANSPORTACIÓN
Y OBRAS PÚBLICAS

SR. EDUARDO RIVERA CRUZ
DIRECTOR EJECUTIVO
AUTORIDAD DE EDIFICIOS PÚBLICOS

5

EXHIBIT A

LISTA DE LOS INMUEBLES

# EXHIBIT

### (List of Schools)



| DUEÑO | ESCUELA | MUNICIPIO | NIVEL EDUCATIVO | MATRICULA |
|-------|---------|-----------|-----------------|-----------|
| OMEP | RAFAEL CORDERO | CATANO | Elemental | 584 |
| OMEP | DR SANTIAGO VEVE CALZADA | FAJARDO | Elemental | 499 |
| OMEP | TRINA PADILLA | SAN JUAN | Superior | 462 |
| OMEP | MEDARDO CARAZO | TRUJILLO ALTO | Superior | 488 |
| OMEP | Mercedes Rosado | NARANJITO | Intermedia | 497 |
| OMEP | ANTONIO ACARON CORREA | CABO ROJO | S.U. | 311 |
| OMEP | ALFREDO DORRINGTON | HORMIGUEROS | S.U. | 435 |
| OMEP | TIMOTEO DELGADO | HATILLO | Intermedia | 520 |
| OMEP | Luis Muñoz Rivera | UTUADO | Superior | 436 |
| OMEP | ESTHER FELICIANO MENDOZA | AGUADILLA | Intermedia | 649 |
| OMEP | SANTIAGO RIVERA GARCIA | YAUCO | Vocacional | 959 |
| OMEP | PEDRO FALU ORELLANO | RIO GRANDE | Superior | 904 |
| OMEP | FEDERICO DEGETAU II | AIBONITO | Elemental | 173 |
| OMEP | PURIFICACION RODRIGUEZ | COAMO | Elemental | 346 |
| OMEP | MANUEL MARTIN MONSERRATE | SANTA ISABEL | Intermedia | 660 |
| OMEP | ERNESTO VALDERAS | CIALES | Elemental | 500 |
| OMEP | JUAN RIOS SERPA | CIALES | Intermedia | 450 |
| OMEP | DR CAYETANO COLL Y TOSTE | ARECIBO | S.U. | 648 |
| OMEP | Ralph W. Emerson | CAMUY | Elemental | 456 |
| OMEP | DOMINGO APONTE COLLAZO | LARES | Superior | 850 |
| OMEP | LUIS MUÑOZ RIVERA | QUEBRADILLAS | S.U. | 848 |
| OMEP | Jose R. Barreras | MOROVIS | S.U. | 600 |
| OMEP | JOSE ROJAS CORTES | OROCOVIS | Superior | 638 |
| OMEP | RAUL IBARRA | MARICAO | Intermedia | 230 |
| OMEP | MANUEL GONZALEZ MELO | RINCON | S.U. | 438 |
| OMEP | RUTHERFORD B HAYES | JUANA DIAZ | Elemental | 455 |
| OMEP | RAFAEL APARICIO JIMENEZ | ADJUNTAS | Intermedia | 561 |
| OMEP | COQUI | SALINAS | Intermedia | 168 |
| OMEP | DR. HIRAM GONZALEZ | BAYAMON | Elemental | 319 |
| OMEP | FERNANDO SURIA CHAVEZ | BARCELONETA | Superior | 718 |
| OMEP | FERNANDO CALLEJO | MANATI | Superior | 618 |
| OMEP | JOSE RODRIGUEZ SOTO | GUANICA | Elemental | 448 |
| OMEP | JUAN CANCIO ORTIZ | LAJAS | S.U. | 500 |
| OMEP | ANA ROQUE DUPREY | HUMACAO | Superior | 667 |
| OMEP | Ramon Power y Giralt | LAS PIEDRAS | Superior | 611 |
| OMEP | Bernandino Cordero Bernard | PONCE | Vocacional | 1,150 |
| OMEP | Nicolas Sevilla | TOA ALTA | Superior | 550 |
| OMEP | JOSE ANTONIO DAVILA | BAYAMON | Intermedia | 422 |

| DUEÑO | ESCUELA | MUNICIPIO | NIVEL EDUCATIVO | MATRICULA |
|-------|---------|-----------|-----------------|-----------|
| OMEP | APOLO SAN ANTONIO | VEGA ALTA | Intermedia | 767 |
| OMEP | LINO PADRON RIVERA | VEGA BAJA | Superior | 1,128 |
| OMEP | Nueva Escuela Elemental (Baldorioty & Alamo) | GUAYNABO | Elemental | 500 |
| OMEP | Belen Blanco de Zequeira | LOIZA | Intermedia | 353 |
| OMEP | FRANCISCO MENDOZA | ISABELA | Superior | 713 |
| OMEP | ABELARDO DIAZ MORALES | CAGUAS | Elemental | 625 |
| OMEP | JESUS T PIÑERO | CIDRA | Intermedia | 562 |
| OMEP | RAMON ALEJANDRO AYALA | COMERIO | S.U. | 374 |
| OMEP | CROEM | MAYAGÜEZ | Superior | 167 |
| OMEP | La Esperanza | San Juan | Elemental | 215 |
| OMEP | ISABEL SUAREZ | ANASCO | Intermedia | 505 |
| OMEP | Pedro Albizu Campos (Teatro) | TOA BAJA | - | - |
| OMEP | Anselmo Villarrubia | AGUADA | Elemental | 349 |
| OMEP | Rabanal | AIBONITO | S.U. | 306 |
| OMEP | Carmen Vignals Rosario | CABO ROJO | S.U. | 297 |
| OMEP | Pedro Amador | CAMUY | - | - |
| OMEP | Gabino Soto | FAJARDO | Elemental | 92 |
| OMEP | Rosendo Matienzo Cintron | LAJAS | Elemental | 125 |
| OMEP | José de Diego | LAS PIEDRAS | Elemental | 248 |
| OMEP | Jobos | LOIZA | Elemental | 222 |
| OMEP | Adolfo García | NARANJITO | S.U. | 402 |
| OMEP | Visitación Pagán | OROCOVIS | Elemental | 152 |
| OMEP | José D. Rosado | VEGA ALTA | Elemental | 172 |
| OMEP | Marta Sanchez | YABUCOA | Elemental | 143 |
| OMEP | Ernesto Ramos Antonini | YAUCO | Secundaria | 349 |

2

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Asesora Legal del Secretario del Departamento de Transportación y Obras Públicas, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2010-26** aprobada por el Secretario de Transportación y Obras Públicas el **7 de octubre de 2010.**

En testimonio de lo cual, firmo y estampo el Sello Oficial del Departamento de Transportación y Obras Públicas, **25 de agosto de 2011.**

Rebeca F. Rojas Colón
Asesora Legal

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

RESOLUCIÓN NÚMERO 2010 - _26_

### PARA ENMENDAR LA RESOLUCIÓN 2010-19 SOBRE DELEGACIÓN DE FIRMA EN EL SR. AMÍLCAR GONZÁLEZ ORTIZ EN ESCRITURAS DE CESIONES DE TERRENOS PARA USO PÚBLICO

El Secretario del Departamento de Transportación y Obras Públicas, Rubén A. Hernández Gregorat, en el ejercicio de las facultades y poderes que le confiere la Ley Núm. 6 de 24 de julio de 1952, según enmendada, el Plan de Reorganización Número 6 de 1971, efectivo el 2 de enero de 1973 y las Reglas, Reglamentos y Resoluciones aprobadas al amparo de las mismas, por la presente **EXPONE:**

**POR CUANTO:** Mediante la Resolución 2009-19, de 17 de agosto de 2010, delegué en el Secretario Auxiliar para Administración del Departamento de Transportación y Obras Públicas, Sr. Amílcar González Ortiz, la firma de las Escrituras de Cesiones de Terrenos a favor del gobierno para uso público.

**POR CUANTO:** En dicha ocasión se dispuso que las cesiones serán aquellas que la Junta de Planificación designe para uso público a favor del Gobierno de Puerto Rico, bajo la custodia del Secretario de Transportación y Obras Públicas.

**POR CUANTO:** En la actualidad, las cesiones son aquellas designadas también por la Administración de Reglamentos y Permisos (ARPE).

**POR TANTO:** Yo, Rubén A. Hernández Gregorat, Secretario del Departamento de Transportación y Obras Públicas, firmo la presente Resolución y **RESUELVO:**

1. Enmendar la Resolución 2010-19, a los efectos de delegar en el Sr. Amílcar González Ortiz, la firma de las Escrituras de Cesiones de Terrenos para Uso Público – Disponiéndose, que las cesiones serán aquellas que la Junta de Planificación y/o la Administración de Reglamentos y Permisos (ARPE) designen para uso público a favor del Gobierno de Puerto Rico, bajo la custodia del Secretario de Transportación y Obras Públicas.

2. Esta Resolución tendrá vigencia inmediata.

En San Juan, Puerto Rico, a _7_ de octubre de 2010.

Rubén A. Hernández Gregorat
Secretario de Transportación y
Obras Públicas

Certificada por:

Lcda. Rebeca F. Rojas Colón
Asesora Legal

## CERTIFICACIÓN

Yo, Rebeca Rojas Colón, Asesora Legal del Secretario del Departamento de Transportación y Obras Públicas, CERTIFICO que los datos precedentes son copia fiel y exacta de la **Resolución Núm. 2010-27** aprobada por el Secretario de Transportación y Obras Públicas el **11 de octubre de 2010.**

En testimonio de lo cual, firmo y estampo el Sello Oficial del Departamento de Transportación y Obras Públicas, **25 de agosto de 2011.**

Rebeca F. Rojas Colón
Asesora Legal

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS

RESOLUCIÓN NÚM. 2010–27

**PARA DEJAR SIN EFECTO LAS RESOLUCIONES 2009-17, 2009-20, 2010-10, 2010-13, 2010-19, 2010-21, 2010-26 Y DELEGAR EN EL SR. AMILCAR GONZALEZ ORTIZ, SECRETARIO AUXILIAR PARA ADMINISTRACION, LA FIRMA DE CIERTOS DOCUMENTOS OFICIALES DEL DEPARTAMENTO**

Yo, Ruben A. Hernández Gregorat, Secretario del Departamento de Transportación y Obras Públicas, en el ejercicio de las facultades y poderes que me confiere la Ley Número 6 del 24 de julio de 1952, según enmendada, la Ley Número 74 de 23 de junio de 1965, según enmendada, el Plan de Reorganización Número 6 de 1971, y las reglas, reglamentos y resoluciones aprobadas **EXPONGO:**

**POR CUANTO:** El Sr. Ibsen Santiago Flores cesó en sus funciones como Secretario Auxiliar de Operaciones y Mantenimiento, efectivo el 1 de octubre de 2010.

**POR CUANTO:** Mediante las Resoluciones 2010-10 y 2013 habíamos delegado la firma de ciertos documentos oficiales del Departamento en la persona del señor Santiago Flores. Debido al cese de funciones del Sr. Santiago Flores, se hace necesario delegar la firma de dichos documentos en otro funcionario del Departamento.

**POR CUANTO:** Mediante las Resoluciones 2009-17, 2009-20, 2010-19, 2010-21 y 2010-26, delegamos en el Sr. Amílcar González Ortiz, Secretario Auxiliar para Administración, la firma de ciertos documentos oficiales del Departamento.



**POR CUANTO:** Ante la salida del Sr. Santiago Flores de sus funciones en el Departamento, entendemos necesario delegar en el Sr. González Ortiz también la firma de los documentos que firmaba el primero, por lo que es conveniente y necesario dejar sin efecto las resoluciones antes mencionadas y consolidar en una nueva todas estas delegaciones de firma de documentos.

**POR TANTO:** Yo, Ruben A. Hernández Gregorat, Secretario de Transportación y Obras Públicas, **RESUELVO:**

1. Dejar sin efecto las Resoluciones 2009-17, 2009-20, 2010-10, 2010-13, 2010-19, 2010-21 y 2010-26.

2. Delegar en el Sr. Amílcar González Ortiz, Secretario Auxiliar para Administración, la firma de los documentos oficiales que se detallan en el Anejo A de esta resolución.

3. Esta resolución entrará en vigor de inmediato.

En San Juan, Puerto Rico, a _ll_ de _octubre_ de 2010.

APROBADO:

RUBEN A. HERNANDEZ GREGORAT
Secretario de Transportación
y Obras Públicas

**CERTIFICO CORRECTO:**

REBECA F. ROJAS COLON
Asesora Legal

## ANEJO A

1) Reclamaciones Administrativas que se tramitan en la Oficina de Asesoría Legal.
2) Resoluciones Administrativas Suspendiendo y/o Revocando Licencias de Conducir.
3) Licencias de Concesionarios que emite la Directoría de Servicios al Conductor.
4) Licencias de Concesionarios Especiales de Vehículos de Motor.
5) Licencias de Distribuidores de Vehículos de Motor.
6) Suspensiones de Licencias de Conducir por Determinación de la Junta Médica Asesora del Secretario de Transportación y Obras Públicas.
7) Designación de Vehículos de Emergencia.
8) Escrituras de Cesiones de Terrenos para Uso Público – aquellas cesiones que la Junta de Planificación y/o la Administración de Reglamentos y Permisos (ARPE) designe para uso público a favor del Gobierno de Puerto Rico, bajo la custodia del Secretario de Transportación y Obras Públicas.
9) Permisos de Entrada y Ocupación.
10) Contratos de Arrendamiento.
11) Certificaciones de Registro de Propiedades a favor del Gobiernos de Puerto Rico ante el registro de la Propiedad.
12) Escrituras de Cesiones de Propiedades a los municipios, siempre y cuando sean propiedades donde ubican escuelas en desuso.
13) Cartas relacionadas a los Permisos de Entrada y Ocupación, así como contratos de arrendamientos, incluyendo pero sin limitarse a, cartas para la cancelación de los arrendamientos.
14) Notificaciones sobre cesiones de propiedades a la Junta de Planificación.
15) Cualquier otro documento que sea requerido interagencialmente para tramitar las cesiones de propiedades a los municipios.



# EXHIBIT B

List of Sublease Facilities

(List of Schools)



Escuelas para el
SIGLO 21

| DUEÑO | ESCUELA | MUNICIPIO | NIVEL EDUCATIVO | MATRICULA |
|-------|---------|-----------|-----------------|-----------|
| OMEP | RAFAEL CORDERO | CATANO | Elemental | 584 |
| OMEP | DR SANTIAGO VEVE CALZADA | FAJARDO | Elemental | 499 |
| OMEP | TRINA PADILLA | SAN JUAN | Superior | 462 |
| OMEP | MEDARDO CARAZO | TRUJILLO ALTO | Superior | 488 |
| OMEP | Mercedes Rosado | NARANJITO | Intermedia | 497 |
| OMEP | ANTONIO ACARON CORREA | CABO ROJO | S.U. | 311 |
| OMEP | ALFREDO DORRINGTON | HORMIGUEROS | S.U. | 435 |
| OMEP | TIMOTEO DELGADO | HATILLO | Intermedia | 520 |
| OMEP | Luis Muñoz Rivera | UTUADO | Superior | 436 |
| OMEP | ESTHER FELICIANO MENDOZA | AGUADILLA | Intermedia | 649 |
| OMEP | SANTIAGO RIVERA GARCIA | YAUCO | Vocacional | 959 |
| OMEP | PEDRO FALU ORELLANO | RIO GRANDE | Superior | 904 |
| OMEP | FEDERICO DEGETAU II | AIBONITO | Elemental | 173 |
| OMEP | PURIFICACION RODRIGUEZ | COAMO | Elemental | 346 |
| OMEP | MANUEL MARTIN MONSERRATE | SANTA ISABEL | Intermedia | 660 |
| OMEP | ERNESTO VALDERAS | CIALES | Elemental | 500 |
| OMEP | JUAN RIOS SERPA | CIALES | Intermedia | 450 |
| OMEP | DR CAYETANO COLL Y TOSTE | ARECIBO | S.U. | 648 |
| OMEP | Ralph W. Emerson | CAMUY | Elemental | 456 |
| OMEP | DOMINGO APONTE COLLAZO | LARES | Superior | 850 |
| OMEP | LUIS MUÑOZ RIVERA | QUEBRADILLAS | S.U. | 848 |
| OMEP | Jose R. Barreras | MOROVIS | S.U. | 600 |
| OMEP | JOSE ROJAS CORTES | OROCOVIS | Superior | 638 |
| OMEP | RAUL IBARRA | MARICAO | Intermedia | 230 |
| OMEP | MANUEL GONZALEZ MELO | RINCON | S.U. | 438 |
| OMEP | RUTHERFORD B HAYES | JUANA DIAZ | Elemental | 455 |
| OMEP | RAFAEL APARICIO JIMENEZ | ADJUNTAS | Intermedia | 561 |
| OMEP | COQUI | SALINAS | Intermedia | 168 |
| OMEP | DR. HIRAM GONZALEZ | BAYAMON | Elemental | 319 |
| OMEP | FERNANDO SURIA CHAVEZ | BARCELONETA | Superior | 718 |
| OMEP | FERNANDO CALLEJO | MANATI | Superior | 618 |
| OMEP | JOSE RODRIGUEZ SOTO | GUANICA | Elemental | 448 |
| OMEP | JUAN CANCIO ORTIZ | LAJAS | S.U. | 500 |
| OMEP | ANA ROQUE DUPREY | HUMACAO | Superior | 667 |
| OMEP | Ramon Power y Giralt | LAS PIEDRAS | Superior | 611 |
| OMEP | Bernandino Cordero Bernard | PONCE | Vocacional | 1,150 |
| OMEP | Nicolas Sevilla | TOA ALTA | Superior | 550 |
| OMEP | JOSE ANTONIO DAVILA | BAYAMON | Intermedia | 422 |

| DUEÑO | ESCUELA | MUNICIPIO | NIVEL EDUCATIVO | MATRICULA |
|-------|---------|-----------|-----------------|-----------|
| OMEP | APOLO SAN ANTONIO | VEGA ALTA | Intermedia | 767 |
| OMEP | LINO PADRON RIVERA | VEGA BAJA | Superior | 1,128 |
| OMEP | Nueva Escuela Elemental (Baldorioty & Alamo) | GUAYNABO | Elemental | 500 |
| OMEP | Belen Blanco de Zequeira | LOIZA | Intermedia | 353 |
| OMEP | FRANCISCO MENDOZA | ISABELA | Superior | 713 |
| OMEP | ABELARDO DIAZ MORALES | CAGUAS | Elemental | 625 |
| OMEP | JESUS T PIÑERO | CIDRA | Intermedia | 562 |
| OMEP | RAMON ALEJANDRO AYALA | COMERIO | S.U. | 374 |
| OMEP | CROEM | MAYAGÜEZ | Superior | 167 |
| OMEP | La Esperanza | San Juan | Elemental | 215 |
| OMEP | ISABEL SUAREZ | ANASCO | Intermedia | 505 |
| OMEP | Pedro Albizu Campos (Teatro) | TOA BAJA | - | - |
| OMEP | Anselmo Villarrubia | AGUADA | Elemental | 349 |
| OMEP | Rabanal | AIBONITO | S.U. | 306 |
| OMEP | Carmen Vignals Rosario | CABO ROJO | S.U. | 297 |
| OMEP | Pedro Amador | CAMUY | - | - |
| OMEP | Gabino Soto | FAJARDO | Elemental | 92 |
| OMEP | Rosendo Matienzo Cintron | LAJAS | Elemental | 125 |
| OMEP | José de Diego | LAS PIEDRAS | Elemental | 248 |
| OMEP | Jobos | LOIZA | Elemental | 222 |
| OMEP | Adolfo García | NARANJITO | S.U. | 402 |
| OMEP | Visitación Pagán | OROCOVIS | Elemental | 152 |
| OMEP | José D. Rosado | VEGA ALTA | Elemental | 172 |
| OMEP | Marta Sanchez | YABUCOA | Elemental | 143 |
| OMEP | Ernesto Ramos Antonini | YAUCO | Secundaria | 349 |

MIAM_324969.3