# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
       as representative of                                        :  Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :  (Jointly Administered)
                                                                   :
       Debtors.¹                                                   :
------------------------------------------------------------------ X
```

**URGENT MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, TO EXTEND DEADLINES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee," and together with the Oversight Board, the "Objectors"), hereby submit this urgent motion (the "Motion"), pursuant to sections 105(a) and 502 of Title 11 of the Bankruptcy Code,[2] made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 3007 of the Bankruptcy Rules, made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending certain deadlines in connection with the litigation of the Objection and granting related relief. In support of this Motion, the Objectors respectfully state as follows:

## REQUESTED RELIEF

1. On February 15, 2019, the Court entered an order (the "GO Procedures Order") establishing procedures with respect to the litigation of the Objection.[3] Pursuant to the "Objection Procedures" annexed as Exhibit 2 to the GO Procedures Order (the "Objection Procedures"),[4] persons and entities, including *ad hoc* groups of holders of Challenged GO Bond

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* [Docket No. 4788] (the "GO Procedures Motion").

[3] *See Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* [Docket No. 5143].

[4] See *Initial Procedures for Resolving Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, annexed as Exhibit 2 to the GO Procedures Order.

1

Claims, intending to participate in the litigation of the Objection were required to file and serve Notices of Participation by the Participation Deadline, which was April 16, 2019.

2. More than 1,670 Participants submitted Notices of Participation, the vast majority of Participants acting *pro se*.[5] The Objection Procedures require the Objectors and Respondents to meet and confer to develop Initial Proposals for litigation procedures by May 7, 2019 and a Recommendation to file with the Court by May 28, 2019. Due to the sheer number of Participants, however, this "meet and confer" process will be impossible to carry out. As a practical matter, there is no way for either side to meaningfully meet and confer in a timely manner. Further, certain of the Notices of Participation contain inadequate or incomplete information or appear incorrect (*e.g.*, holders of Challenged GO Bonds indicating that they wish to participate as Joint Objectors). The Participants will not be able to communicate freely when there is uncertainty as to which position certain Participants actually support. Finally, the Objectors have been pre-occupied with the filing of hundreds of complaints before the expiration of the statute of limitations and have not had the opportunity to meet and confer with interested parties regarding revisions to the Objection Procedures.

3. In this regard, the parties that objected to the GO Procedures Motion consent to the relief requested herein and have agreed to meet and confer regarding revised Objection Procedures. The Objectors are hopeful that such meet and confer process will lead to agreed upon modifications to the Objection Procedures.

4. In light of the foregoing, the Objectors hereby request that the Court approve an extension of the Initial Proposal Exchange Deadline from May 7, 2019 to May 17, 2019 to allow

---

[5] *See Informative Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Order Establishing Initial Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, Regarding List of Parties Filing Notices of Participation* [Docket No. 6464].

2

the Objectors to meet and confer with the parties that filed objections to the GO Procedures Motion regarding proposed revisions to the Objection Procedures.

## BASIS FOR RELIEF REQUESTED

5. Pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, this Court entered the GO Procedures Order to ensure that holders of more than $6 billion of Challenged GO Bonds could participate in the litigation of the Objection. For the same reasons that entry of the GO Procedures Order was appropriate, this Court should approve the extension of the Initial Proposal Deadline so that the Objectors can meet and confer with interested parties regarding revisions to the Objection Procedures to ensure that the Objection may be litigated in a workable and orderly manner.

## NOTICE

6. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection; (ix) DTC; (x) all parties that filed an objection to the GO Procedures Motion; and (xi) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

7. Except with respect to the GO Procedures Motion, no previous request for the relief requested herein has been made to this or any other court.

3

## **LOCAL RULE 9013-1 CERTIFICATION**

8. Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Procedures, the Objectors hereby certify that they have conferred with counsel to the parties that filed objections, and joinders to objections to the GO Procedures Motion, who have indicated that they consent to the relief requested in this Urgent Motion. Unless the Court orders otherwise, the Objectors submit that no hearing is necessary.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Objectors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: May 2, 2019  /s/ Edward S. Weisfelner ,

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq. (*pro hac vice*)
Justin S. Weddle, Esq. (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*pro hac vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

/s/ Alberto Estrella ,

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

5

and

/s/ Luc A. Despins ,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

/s/ Juan J. Casillas Ayala ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*