**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2] | Adv. Proc. No. 19-_____-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action,* Case No. 17-BK-3283 (LTS), ECF No. 6501-1, which is incorporated herein by reference.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

v.

AUTONOMY MASTER FUND LIMITED; MASON
CAPITAL MASTER FUND, L.P.; AURELIUS
OPPORTUNITIES FUND, LLC; ASM BLMIS CLAIMS
LLC; AURELIUS CAPITAL MASTER, LTD.;
MONARCH DEBT RECOVERY MASTER FUND
LTD.; AURELIUS INVESTMENT, LLC; MONARCH
CAPITAL MASTER PARTNERS III LP; PRISMA SPC
HOLDINGS LTD. SEGREGATED PORTFOLIO AG;
ADIRONDACK HOLDINGS I LLC; MONARCH
CAPITAL MASTER PARTNERS IV LP;
ADIRONDACK HOLDINGS II LLC; MCP HOLDINGS
MASTER LP; MONARCH SPECIAL OPPORTUNITIES
MASTER FUND LTD.; LS INSTITUTIONAL HIGH
INCOME FUND; LMAP 903 LIMITED; FCO SPECIAL
OPPORTUNITIES (A1) LP; NEWTYN PARTNERS, LP;
ACP MASTER, LTD.; INMOBILIARIA SAN
ALBERTO, INC.; NEWTYN TE PARTNERS LP;
CORBIN OPPORTUNITY FUND, L.P.;
FUNDAMENTAL CREDIT OPPORTUNITIES
MASTER FUND LP; LEX CLAIMS, LLC; FCO
SPECIAL OPPORTUNITIES (D1) LP; UNIVERSAL
GROUP, INC.; MONARCH ALTERNATIVE
SOLUTIONS MASTER FUND LTD.; BLACK
DIAMOND CREDIT STRATEGIES MASTER FUND,
LTD.; PINEHURST PARTNERS, L.P.; TACONIC
MASTER FUND 1.5 L.P.; FCO SPECIAL
OPPORTUNITIES (E1) LLC; UNIVERSAL LIFE
INSURANCE COMPANY; ALB PR INVESTMENTS,
LLC; CARIBBEAN INVESTMENT CENTER, INC.;
AMERICAN MODERN HOME INSURANCE
COMPANY; LEE PROPERTIES, INC.; HATO REY
CINEMA CORP.; PLAZA ESCORIAL CINEMA,
CORP.; IDSC LLC D/B/A INFRASTRUCTURE
OPPORTUNITY FUND; MUNIZ MELENDEZ
INVESTMENTS CORP.; CATALINAS CINEMA,
CORP.; MAYAGUEZ CINEMA, CORP.; RAMA
CONSTRUCTION LLC; EARLE PR INVESTMENTS
LLC; CARIBEAN CINEMA OF GUAYNABO, CORP.;
PLAN DE SALUD MENONITA, INC.; BONNIN
INVESTMENT CORP.; HOME MEDICAL
EQUIPMENT INC.; LAS AMERICAS INVESTMENT
GROUP; ENCODY INC.; RIO HONDO CINEMA,
CORP.; MELMED INVESTMENT GROUP;
PERSONNEL RECRUITING SERVICES, CORP.;

LABORATORIOS RAMIREZ INC.; AMBAC
ASSURANCE CORPORATION; SYNCORA
GUARANTEE INC.; TACONIC OPPORTUNITY
MASTER FUND L.P.; NATIONAL PUBLIC FINANCE
GUARANTEE CORPORATION; ASSURED
GUARANTY MUNICIPAL CORP.; ASSURED
GUARANTY CORP.; FINANCIAL GUARANTY
INSURANCE COMPANY; CANDLEWOOD
CONSTELLATION SPC LTD., ACTING FOR AND ON
BEHALF OF CANDLEWOOD PUERTO RICO SP;
CANYON CAPITAL ADVISORS LLC; WARLANDER
ASSET MANAGEMENT, LP; TILDEN PARK
CAPITAL MANAGEMENT, LP; GMO GLOBAL REAL
RETURN (UCITS) FUND, A SUB-FUND OF GMO
FUNDS PLC; GMO IMPLEMENTATION FUND, A
SERIES OF GMO TRUST; GMO CREDIT
OPPORTUNITIES FUND, L.P.; LAGUNA RAY, L.L.C.;
EMSO ASSET MANAGEMENT LIMITED; VR
ADVISORY SERVICES, LTD.; AMERINATIONAL
COMMUNITY SERVICES, LLC AS SERVICER FOR
THE GDB DEBT RECOVERY AUTHORITY; GDB
PUBLIC ENTITY TRUST

     Defendants.

## COMPLAINT CHALLENGING VALIDITY,
## ENFORCEABILITY, AND EXTENT OF ALLEGED PREPETITION LIENS
## OF COMMONWEALTH GENERAL OBLIGATION AND GUARANTEED BONDS

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1), made applicable to these Title III

cases by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[1] and the *Stipulation and Agreed Order by and Among Financial Oversight and*

*Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors*

*Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Stipulation"), the

Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through (i) the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's

representative pursuant to section 315(b) of PROMESA, and (ii) the Official Committee of Unsecured

Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the

Commonwealth and Oversight Board, the "Plaintiffs"), as section 926 trustee and co-plaintiff

pursuant to the Stipulation, in each case by and through undersigned counsel, allege as follows for

their complaint ("Complaint")[2] against Defendants,[3] as holders and/or insurers of general obligation

---

[1]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[2]   Plaintiffs reserve its right to raise additional objections or commence additional avoidance actions on any basis to GO
Bond (as defined below) claims.

[3]   Defendants in this action are: Autonomy Master Fund Limited; Mason Capital Master Fund, L.P.; Aurelius Opportunities
Fund, LLC; ASM BLMIS Claims LLC; Aurelius Capital Master, Ltd.; Monarch Debt Recovery Master Fund Ltd.;
Aurelius Investment, LLC; Monarch Capital Master Partners III LP; Prisma SPC Holdings Ltd. Segregated Portfolio AG;
Adirondack Holdings I LLC; Monarch Capital Master Partners IV LP; Adirondack Holdings II LLC; MCP Holdings
Master LP; Monarch Special Opportunities Master Fund Ltd.; LS Institutional High Income Fund; LMAP 903 Limited;
FCO Special Opportunities (A1) LP; Newtyn Partners, LP; ACP Master, Ltd.; Inmobiliaria San Alberto, Inc.; Newtyn TE
Partners LP; Corbin Opportunity Fund, L.P.; Fundamental Credit Opportunities Master Fund LP; Lex Claims, LLC; FCO
Special Opportunities (D1) LP; Universal Group, Inc.; Monarch Alternative Solutions Master Fund Ltd.; Black Diamond
Credit Strategies Master Fund, Ltd.; Pinehurst Partners, L.P.; Taconic Master Fund 1.5 L.P.; FCO Special Opportunities
(E1) LLC; Universal Life Insurance Company; ALB PR Investments, LLC; Caribbean Investment Center, Inc.; American
Modern Home Insurance Company; Lee Properties, Inc.; Hato Rey Cinema Corp.; Plaza Escorial Cinema, Corp.; IDSC
LLC d/b/a Infrastructure Opportunity Fund; Muniz Melendez Investments Corp.; Catalinas Cinema, Corp.; Mayaguez
Cinema, Corp.; Rama Construction LLC; Earle PR Investments LLC; Caribean Cinema of Guaynabo, Corp.; Plan de
Salud Menonita, Inc.; Bonnin Investment Corp.; Home Medical Equipment Inc.; Las Americas Investment Group; Encody
Inc.; Rio Hondo Cinema, Corp.; Melmed Investment Group; Personnel Recruiting Services, Corp.; Laboratorios Ramirez
Inc.; Ambac Assurance Corporation; Syncora Guarantee Inc.; Taconic Opportunity Master Fund L.P.; National Public
Finance Guarantee Corporation; Assured Guaranty Municipal Corp.; Assured Guaranty Corp.; Financial Guaranty
Insurance Company; Candlewood Constellation SPC Ltd., acting for and on behalf of Candlewood Puerto Rico SP;
Canyon Capital Advisors LLC; Warlander Asset Management, LP; Tilden Park Capital Management, LP; GMO Global
Real Return (UCITS) Fund, a sub-fund of GMO Funds plc; GMO Implementation Fund, a series of GMO Trust; GMO
Credit Opportunities Fund, L.P.; Laguna Ray, L.L.C.; Emso Asset Management Limited; VR Advisory Services, Ltd.;
AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority; GDB Public Entity Trust
(collectively, "Defendants").

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

("<u>GO</u>") bonds issued by the Commonwealth and/or bonds or notes guaranteed by the Commonwealth

on a good/full faith and credit basis[4] ("<u>GO Bonds</u>," and holders and insurers of such Bonds, "<u>GO</u>

<u>Bondholders</u>," or, as the context requires, such defined terms shall refer only to Commonwealth GO

bonds and holders and insurers of such bonds) that have asserted secured status in the

Commonwealth's Title III case:[5]

## <u>NATURE OF ACTION</u>

1.      This adversary proceeding arises out of a dispute between the Commonwealth and

Defendants—various GO Bondholders—regarding the existence, extent, and enforceability of

asserted consensual and statutory liens.  Defendants have filed claims in the Commonwealth's Title

III case asserting their GO Bond claims are secured by one or more of the following: (1) the

Commonwealth's "good/full faith, credit and taxing power," (2) the Commonwealth's "available

resources,"[6] (3) the Allocable Revenues (as defined below), and (4) the Property Tax Revenues (as

defined below).

2.      <u>All the foregoing assertions are incorrect.  GO Bondholders have no such liens:</u>

- <u>Good Faith and Credit</u>.  The Commonwealth's "pledge" of its "good faith, credit and taxing
power" to its general obligation bonds under 13 L.P.R.A § 41, certain bond authorizing
statutes, and certain bond resolutions is a promise to pay.  The Commonwealth's "good faith
and credit" guaranties obligate the Commonwealth on the same basis as the Commonwealth
is obligated under its general obligation bonds.  The Commonwealth's "good faith, credit, and
taxing power" is not property that can be subject to a lien.  Moreover, the Commonwealth's
"full faith, credit and taxing power" is a power the Commonwealth Constitution provides
"shall never be surrendered or suspended."  Therefore, the Commonwealth could not have
granted a lien on it even if it is property.

---

[4]   A schedule of such Commonwealth-guaranteed bonds and notes is attached hereto as **Exhibit A**.  The Puerto Rico
Constitution uses the term "full faith" while the relevant Puerto Rico statutes and bond resolutions use the term "good
faith."  The Plaintiffs understand these terms to be used interchangeably.

[5]   Defendants in this action are all holders and insurers of outstanding GO Bonds (including, as that term is defined herein,
bonds backed by a Commonwealth "good faith and credit" guaranty) that have asserted secured status in the
Commonwealth's Title III case.

[6]   Although the GO Bondholders use the term "available resources," which is a translation of the Spanish version of the
text, the official English version of the Puerto Rico Constitution uses the narrower term "available revenues."  Solely
for purposes of this Complaint, and without waiver of or prejudice to any argument regarding which version of the
Puerto Rico Constitution controls, the Commonwealth uses the term "available resources" so that the relief it seeks
corresponds to the GO Bondholders' assertions.

- <u>Available Resources</u>.  The Puerto Rico Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid." *See* P.R. Const. Art VI, § 8.  This does not create a lien on the Commonwealth's "available [resources]"—it only creates a Puerto Rico law payment priority.

- <u>Allocable Revenues</u>.  GO Bondholders are not given any lien on certain conditionally earmarked tax and fee revenues (collectively, "<u>Allocable Revenues</u>", described in greater detail below).  The statutes creating the Authorities (as defined below) and conditionally earmarking the Allocable Revenues to them do not grant GO Bondholders a lien against the Allocable Revenues.  Rather, they simply restate that the Allocable Revenues will be used in accordance with section 8 of Article VI of the Constitution if needed—which, as discussed above, does not give GO Bondholders any lien on any Commonwealth property or rights.

- <u>Property Tax Revenues</u>.  21 L.P.R.A. § 5004 provides that the Property Tax Revenues "shall be entered . . . into a trust established by the Secretary of the Treasury" in favor of the GO Bondholders.  Yet no trust in favor of GO Bondholders was ever validly created on the Property Tax Revenues under Puerto Rico law since no deed of trust was properly executed, nor were GO Bondholders ever given a lien against them.  As such, GO Bondholders lack any property interests in the Property Tax Revenues.

- <u>No Security Agreement</u>.  The Commonwealth is not a party to any agreement with, or for the benefit of, the GO Bondholders pursuant to which the Commonwealth granted, or purported to grant, a security interest to the GO Bondholders.

As a result, the Commonwealth is entitled to declaratory judgments that Defendants do not hold consensual or statutory liens against any of the above items and are unsecured claimholders to the extent they hold allowed claims.

       3.     <u>Moreover, even if Commonwealth law granted GO Bondholders statutory liens against the Commonwealth's "available resources" or the Allocable Revenues, such statutory liens are avoidable under Bankruptcy Code[7] section 545</u>.  The constitutional and statutory provisions Defendants claim grant them statutory liens, by their terms, only become effective if the Commonwealth's "available resources" are insufficient to cover the Commonwealth's expenses in a given fiscal year.  As a result, they are statutory liens that first become effective "when the debtor's

---

[7]  All sections of the Bankruptcy Code (title 11 of the United States Code) referenced in this Complaint are made applicable to this adversary proceeding by PROMESA § 301(a).

financial condition fails to meet a specified standard"—making them voidable by Bankruptcy Code section 545(1)(E).  Therefore, to the extent GO Bondholders are held to possess statutory liens over the Commonwealth's "available resources" or the Allocable Revenues, the Commonwealth is entitled to judgments avoiding any such statutory liens under Bankruptcy Code section 545(1)(E) and preserving them for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## PARTIES

4.     The Constitution of the Commonwealth of Puerto Rico (the "Commonwealth Constitution," "Puerto Rico Constitution," or the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created plaintiff the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

5.     Co-Plaintiff the Oversight Board is an entity within the Commonwealth government established pursuant to PROMESA.

6.     Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors (other than COFINA).  The Committee was appointed by the United States Trustee on June 15, 2017.

7.     Defendants are all holders or insurers of GO Bonds that have filed claims against the Commonwealth asserting their GO Bond claims (including any claims based on Good Faith and Credit Guaranties) are entitled to secured status in the Commonwealth's Title III case for one or more reasons addressed in this Complaint.[8]

8.     Defendant Autonomy Master Fund Limited is a company that filed a proof of claim that was logged by Prime Clerk, LLC ("Prime Clerk") as Proof of Claim No. 66993 asserting GO

---

[8]   Plaintiffs file this Complaint against Defendants on account of *all* of Defendants' GO Bond claims, whether or not each and every of the Defendants' proofs of claim are listed herein.  Any failure to list a particular proof of claim filed by a Defendant herein does not exclude said claim from challenge by this Complaint.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bond claims against the Commonwealth.  Autonomy Master Fund Limited asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Autonomy Master Fund Limited listed its address as 90 Park Avenue, 31st Floor, New York, NY 10016.

9.      Defendant Mason Capital Master Fund, L.P. is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 110600 asserting GO Bond claims against the Commonwealth.  Mason Capital Master Fund, L.P. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," and the Allocable Revenues.  In its proof of claim, Mason Capital Master Fund, L.P. listed its address as 110 E. 59th Street, New York, NY 10022.

10.     Defendant Aurelius Opportunities Fund, LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66867 asserting GO Bond claims against the Commonwealth.  Aurelius Opportunities Fund, LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Aurelius Opportunities Fund, LLC listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

11.     Defendant ASM BLMIS Claims LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66945 asserting GO Bond claims against the Commonwealth.  ASM BLMIS Claims LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, ASM BLMIS Claims LLC listed its address as 1209 Orange Street, Wilmington, DE 19801.

12.     Defendant Aurelius Capital Master, Ltd. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66514 asserting GO Bond claims against the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth.  Aurelius Capital Master, Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Aurelius Capital Master, Ltd. listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

13.      Defendant Monarch Debt Recovery Master Fund Ltd. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66406 asserting GO Bond claims against the Commonwealth.  Monarch Debt Recovery Master Fund Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Monarch Debt Recovery Master Fund Ltd. listed its address as 535 Madison Avenue, 26th Floor, New York, NY 10022.

14.      Defendant Aurelius Investment, LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66624 asserting GO Bond claims against the Commonwealth.  Aurelius Investment, LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Aurelius Investment, LLC listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

15.      Defendant Monarch Capital Master Partners III LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66444 asserting GO Bond claims against the Commonwealth.  Monarch Capital Master Partners III LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Monarch Capital Master Partners III LP listed its address as 535 Madison Avenue, 26th Floor, New York, NY 10022.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

16.     Defendant Prisma SPC Holdings Ltd. Segregated Portfolio AG is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66436 asserting GO Bond claims against the Commonwealth.  Prisma SPC Holdings Ltd. Segregated Portfolio AG asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Prisma SPC Holdings Ltd. Segregated Portfolio AG listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

17.     Defendant Adirondack Holdings I LLC is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 61361 and 64883 asserting GO Bond claims against the Commonwealth.  Adirondack Holdings I LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," and its "available resources." In its proofs of claim, Adirondack Holdings I LLC listed only the address of its counsel: Ropes & Gray LLC, Prudential Tower, 800 Boylston Street, Boston, MA 02199-3600.

18.     Defendant Monarch Capital Master Partners IV LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66487 asserting GO Bond claims against the Commonwealth.  Monarch Capital Master Partners IV LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Monarch Capital Master Partners IV LP listed its address as 535 Madison Avenue, 26th Floor, New York, NY 10022.

19.     Defendant Adirondack Holdings II LLC is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 63809 and 65251 asserting GO Bond claims against the Commonwealth.  Adirondack Holdings II LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," and its "available resources."

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

In its proofs of claim, Adirondack Holdings II LLC listed only the address of its counsel: Ropes & Gray LLC, Prudential Tower, 800 Boylston Street, Boston, MA 02199-3600.

20.     Defendant MCP Holdings Master LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66618 asserting GO Bond claims against the Commonwealth. MCP Holdings Master LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, MCP Holdings Master LP listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

21.     Defendant Monarch Special Opportunities Master Fund Ltd. is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66394 asserting GO Bond claims against the Commonwealth. Monarch Special Opportunities Master Fund Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, Monarch Special Opportunities Master Fund Ltd. listed its address as 535 Madison Avenue, 26th Floor, New York, NY 10022.

22.     Defendant LS Institutional High Income Fund is a company that filed a proof of claim that were logged by Prime Clerk as Proofs of Claim No. 139502 asserting GO Bond claims against the Commonwealth. LS Institutional High Income Fund asserted its GO Bond claims were secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, LS Institutional High Income Fund listed its address as One Financial Center, Boston, MA 02111.

23.     Defendant LMAP 903 Limited is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66593 asserting GO Bond claims against the Commonwealth. LMAP 903 Limited asserted its GO Bond claim was secured by a lien on the Commonwealth's "good

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, LMAP 903 Limited listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

24. Defendant FCO Special Opportunities (A1) LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 67117 asserting GO Bond claims against the Commonwealth. FCO Special Opportunities (A1) LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, FCO Special Opportunities (A1) LP listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

25. Defendant Newtyn Partners, LP is a limited partnership that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 11090 and 11157 asserting GO Bond claims against the Commonwealth. Newtyn Partners, LP asserted its GO Bond claims were secured. In its proofs of claim, Newtyn Partners, LP listed its address as 405 Park Avenue, Suite 1104, New York, NY 10022.

26. Defendant ACP Master, Ltd. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 65801 asserting GO Bond claims against the Commonwealth. ACP Master, Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, ACP Master, Ltd. listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

27. Defendant Inmobiliaria San Alberto, Inc. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 37813 asserting GO Bond claims against the

Commonwealth. Inmobiliaria San Alberto, Inc. asserted its GO Bond claim was secured. In its proof of claim, Inmobiliaria San Alberto, Inc. listed its address as PO Box 30532, Manati, PR 00674-8513.

28.     Defendant Newtyn TE Partners LP is a limited partnership that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 11439 and 13557 asserting GO Bond claims against the Commonwealth. Newtyn TE Partners LP asserted its GO Bond claims were secured. In its proofs of claim, Newtyn TE Partners, LP listed its address as 405 Park Avenue, Suite 1104, New York, NY 10022.

29.     Defendant Corbin Opportunity Fund, L.P. is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 67064 asserting GO Bond claims against the Commonwealth. Corbin Opportunity Fund, L.P. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, Corbin Opportunity Fund, L.P. listed its address as 90 Park Avenue, 31st Floor, New York, NY 10016.

30.     Defendant Fundamental Credit Opportunities Master Fund LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 67031 asserting GO Bond claims against the Commonwealth. Fundamental Credit Opportunities Master Fund LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues. In its proof of claim, Fundamental Credit Opportunities Master Fund LP listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

31.     Defendant Lex Claims, LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66583 asserting GO Bond claims against the Commonwealth. Lex Claims, LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Revenues.  In its proof of claim, Lex Claims, LLC listed its address as 535 Madison Avenue, 22nd Floor, New York, NY 10022.

32.    Defendant FCO Special Opportunities (D1) LP is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 67208 asserting GO Bond claims against the Commonwealth.  FCO Special Opportunities (D1) LP asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, FCO Special Opportunities (D1) LP listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

33.    Defendant Universal Group, Inc. is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 80147, 80148 and 116307 asserting GO Bond claims against the Commonwealth.  Universal Group, Inc. asserted its GO Bond claim was secured.  In its proofs of claim, Universal Group, Inc. listed its address as PO Box 193900, San Juan, PR 00919.

34.    Defendant Monarch Alternative Solutions Master Fund Ltd. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66512 asserting GO Bond claims against the Commonwealth.  Monarch Alternative Solutions Master Fund Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Monarch Alternative Solutions Master Fund Ltd. listed its address as 535 Madison Avenue, 26th Floor, New York, NY 10022.

35.    Defendant Black Diamond Credit Strategies Master Fund, Ltd. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 121722 asserting GO Bond claims against the Commonwealth.  Black Diamond Credit Strategies Master Fund, Ltd. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power,"

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

"available resources," and the Allocable Revenues.  In its proof of claim, Black Diamond Credit Strategies Master Fund, Ltd. listed its address as One Sound Shore Drive, Suite 200, Greenwich, CT 06830.

36.    Defendant Pinehurst Partners, L.P. is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 66561 asserting GO Bond claims against the Commonwealth.  Pinehurst Partners, L.P. asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, Pinehurst Partners, L.P. listed its address as 90 Park Avenue, 31st Floor, New York, NY 10016.

37.    Defendant Taconic Master Fund 1.5 L.P. is a limited partnership that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 79913 asserting GO Bond claims against the Commonwealth.  Taconic Master Fund 1.5 L.P. asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."  In its proof of claim, Taconic Master Fund 1.5 L.P. listed its address as DB USA Core Corporation, 5022 Gate Parkway, Suite 500, Jacksonville, FL 32256.

38.    Defendant FCO Special Opportunities (E1) LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 67143 asserting GO Bond claims against the Commonwealth.  FCO Special Opportunities (E1) LLC asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," the Allocable Revenues, and the Property Tax Revenues.  In its proof of claim, FCO Special Opportunities (E1) LLC listed its address as 745 Fifth Avenue, 25th Floor, New York, NY 10151.

39.    Defendant Universal Life Insurance Company is a company that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 80150, 140089, and 142402 asserting GO Bond claims against the Commonwealth.  Universal Life Insurance Company asserted its GO Bond

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

claims were secured.  In its proofs of claim, Universal Life Insurance Company listed its address as 33 Bolivia Street, 6th Floor, San Juan, P.R. 00917-2011.

40.     Defendant ALB PR Investments, LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 162241 asserting GO Bond claims against the Commonwealth.  ALB PR Investments, LLC asserted its GO Bond claims were secured.  In its proofs of claim, ALB PR Investments, LLC listed its address as ALB Plaza Suite 400, 16 Rd. 199 Guaynabo, PR 00969.

41.     Defendant Caribbean Investment Center, Inc. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 133 asserting GO Bond claims against the Commonwealth.  Caribbean Investment Center, Inc. asserted its GO Bond claims were secured.  In its proofs of claim, Caribbean Investment Center, Inc. listed its address as 208 Ponce de Leon Ave., Suite 1800, San Juan, PR 00918.

42.     Defendant American Modern Home Insurance Company is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 6790 asserting GO Bond claims against the Commonwealth.  American Modern Home Insurance Company asserted its GO Bond claims were secured by a lien on the Commonwealth's "available resources."  In its proof of claim, American Modern Home Insurance Company listed its address as 7000 Midland Blvd., Amelia, OH 45102.

43.     Defendant Lee Properties, Inc. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 24190 asserting GO Bond claims against the Commonwealth. Lee Properties, Inc. asserted its GO Bond claims were secured by the Commonwealth's "good faith, credit, and taxing" power.  In its proof of claim, Lee Properties, Inc. listed its address as 904 Hillwood Ave., Falls Church, VA 22042.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

44. Defendant Hato Rey Cinema Corp. is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 19640 and 20097 asserting GO Bond claims against the Commonwealth. Hato Rey Cinema Corp. asserted its GO Bond claims were secured. In its proofs of claim, Hato Rey Cinema Corp. listed its address as P.O. Box 19116, San Juan, PR 00910-9116.

45. Defendant Plaza Escorial Cinema, Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20454 asserting GO Bond claims against the Commonwealth. Plaza Escorial Cinema, Corp. asserted its GO Bond claims were secured. In its proof of claim, Plaza Escorial Cinema, Corp. listed its address as P.O. Box 19116, San Juan, PR 00910-9116.

46. Defendant IDSC LLC d/b/a Infrastructure Opportunity Fund is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 7227 asserting GO Bond claims against the Commonwealth. IDSC LLC d/b/a Infrastructure Opportunity Fund asserted its GO Bond claims were secured. In its proof of claim, IDSC LLC d/b/a Infrastructure Opportunity Fund listed its address as Capital Security Advisors LLC, 98 N. Washington Street, Suite 502, Boston, MA 02114.

47. Defendant Muniz Melendez Investments Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 31633 asserting GO Bond claims against the Commonwealth. Muniz Melendez Investments Corp. asserted its GO Bond claims were secured. In its proof of claim, Muniz Melendez Investments Corp. listed its address as P.O. Box 70294, San Juan, PR 00936-8294.

48. Defendant Catalinas Cinema, Corp. is a company that filed a proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 19247 and 20899 asserting GO Bond claims against the Commonwealth. Catalinas Cinema, Corp. asserted its GO Bond claims were secured. In its proofs of claim, Catalinas Cinema, Corp. listed its address as P.O. Box 19116 San Juan PR 00910-9116.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

49.     Defendant Mayaguez Cinema, Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20830 asserting GO Bond claims against the Commonwealth.  Mayaguez Cinema, Corp. asserted its GO Bond claims were secured.  In its proof of claim, Mayaguez Cinema, Corp. listed its address as P.O. Box 19116 San Juan PR 00910-9116.

50.     Defendant Rama Construction LLC is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 8541 and 8718 asserting GO Bond claims against the Commonwealth.  Rama Construction LLC asserted their GO Bond claims were secured.  In its proofs of claim, Rama Construction LLC listed its address as P.O. Box 8845 Ponce, PR 00732-8845.

51.     Defendant Earle PR Investments LLC is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15672 asserting GO Bond claims against the Commonwealth.  Earle PR Investments LLC asserted their GO Bond claims were secured.  In their proof of claim, Earle PR Investments LLC listed their address as 3 Carion Court, Apt. 101, San Juan PR 00911.

52.     Defendant Caribean Cinema of Guaynabo, Corp. is a company that filed a proofs of claim that was logged by Prime Clerk as Proof of Claim Nos. 16335 and 19645 asserting GO Bond claims against the Commonwealth.  Caribean Cinema of Guaynabo, Corp. asserted its GO Bond claims were secured.  In its proofs of claim, Caribean Cinema of Guaynabo, Corp. listed its address as P.O. Box 19116 San Juan PR 00910-9116.

53.     Defendant Plan de Salud Menonita, Inc. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 24571 asserting GO Bond claims against the Commonwealth.  Plan de Salud Menonita, Inc. asserted its GO Bond claims were secured.  In its proof of claim, Plan de Salud Menonita, Inc. listed its address as P.O. Box 44, Aibonito, PR 00705.

54.     Defendant Bonnin Investment Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 28723 asserting GO Bond claims against the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth.  Bonnin Investment Corp. asserted its GO Bond claims were secured.  In its proof

of claim, Bonnin Investment Corp. listed its address as P.O. Box 197 Mercedita, PR 00715-0197.

55.    Defendant Home Medical Equipment Inc. is a company that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 24539 asserting GO Bond claims against the

Commonwealth.  Home Medical Equipment Inc. asserted their GO Bond claims were secured.  In its

proof of claim, Home Medical Equipment Inc. listed its address as P.O. Box 7453 Ponce PR 00732.

56.    Defendant Las Americas Investment Group is a company that filed a proof of claim

that was logged by Prime Clerk as Proof of Claim No. 29323 asserting GO Bond claims against the

Commonwealth.  Las Americas Investment Group asserted its GO Bond claims were secured.  In its

proof of claim, Las Americas Investment Group listed its address as P.O. Box 192837 San Juan PR

00919-2837.

57.    Defendant Encody Inc. is a company that filed a proof of claim that was logged by

Prime Clerk as Proof of Claim No. 8649 asserting GO Bond claims against the Commonwealth.

Encody Inc. asserted its GO Bond claims were secured by the "full faith and credit of the Constitution

of the Commonwealth of Puerto Rico."  In its proof of claim, Encody Inc. listed its address as PO

Box 820 Bayamon Puerto Rico 00960.

58.    Defendant Rio Hondo Cinema, Corp. is a company that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 20782 asserting GO Bond claims against the

Commonwealth.  Rio Hondo Cinema, Corp. asserted its GO Bond claims were secured.  In its proof

of claim, Rio Hondo Cinema, Corp. listed its address as P.O. Box 19116 San Juan PR 00910-9116.

59.    Defendant Melmed Investment Group is a company that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 13570 asserting GO Bond claims against the

Commonwealth.  Melmed Investment Group asserted its GO Bond claims were secured.  In its proof

of claim, Melmed Investment Group listed its address as 800 SE 20th Ave Apt 408.

16

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

60.     Defendant Personnel Recruiting Services, Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13731 asserting GO Bond claims against the Commonwealth.  Personnel Recruiting Services, Corp. asserted its GO Bond claims were secured. In its proof of claim, Personnel Recruiting Services, Corp. listed its address as P.O. Box 7863 Ponce PR 00732.

61.     Defendant Laboratorios Ramirez Inc. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 100009 asserting GO Bond claims against the Commonwealth.  Laboratorios Ramirez Inc asserted its GO Bond claims were secured.  In its proof of claim, Laboratorios Ramirez Inc listed its address as 8133 Calle Concordia Ste 101 Ponce PR 00717-1543.

62.     Defendant Ambac Assurance Corporation is a company that filed proofs of claim that was logged by Prime Clerk as Proofs of Claim Nos. 50420, 83010 and 122277 asserting GO Bond claims against the Commonwealth.  Ambac Assurance Corporation asserted its GO Bond claims were secured by the "full faith and credit" of the Commonwealth.  In its proofs of claim, Ambac Assurance Corporation listed its address as One State Street Plaza New York NY 10004.

63.     Defendant Syncora Guarantee Inc. is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 50742 and 50769 asserting GO Bond claims against the Commonwealth.  Syncora Guarantee Inc. asserted its GO Bond claims were secured by the Commonwealth's "available resources."  In its proofs of claim, Syncora Guarantee Inc. listed its address as 135 West 50th Street, 20th Floor New York New York 10020.

64.     Defendant Taconic Opportunity Master Fund L.P. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 130112 asserting GO Bond claims against the Commonwealth.  Taconic Opportunity Master Fund L.P. asserted their GO Bond claims were secured by the Commonwealth's "available resources."  In their proof of claim, Taconic

17

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Opportunity Master Fund L.P. listed their address as 5022 Gate Parkway Suite 500 Jacksonville FL 32256.

65.    Defendant National Public Finance Guarantee Corporation is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 21819, 22193, 22619, 22657, 23454, 23905, 24545, 24914, 26446, 43037 and 245445 asserting GO Bond claims against the Commonwealth. National Public Finance Guarantee Corporation asserted its GO Bond claims were secured by "the good faith and credit of the Commonwealth." In its proofs of claim, National Public Finance Guarantee Corporation listed its address as Legal Department c/o Gary Saunders 1 Manhattanville Road Purchase NY 10577.

66.    Defendant Assured Guaranty Municipal Corp. is a company that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 27427 asserting GO Bond claims against the Commonwealth. Assured Guaranty Municipal Corp. asserted its GO Bond claims were secured by a lien on Special Property Tax Revenues. In its proof of claim, Assured Guaranty Municipal Corp. listed its address as Attn: Terrence Workman 1633 Broadway New York NY 10019.

67.    Defendant Assured Guaranty Corp. is a company that filed proofs of claim that was logged by Prime Clerk as Proofs of Claim Nos. 33081 and 57622 asserting GO Bond claims against the Commonwealth. Assured Guaranty Corp. asserted its GO Bond claims were secured by a lien on Special Property Tax Revenues. In its proofs of claim, Assured Guaranty Corp. listed its address as Attn: Terrence Workman 1633 Broadway New York NY 10019.

68.    Defendant Financial Guaranty Insurance Company is a company that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 120416 and 101243 asserting GO Bond claims against the Commonwealth. Financial Guaranty Insurance Company asserted its GO Bond claims were secured by a lien on all "available resources" of the Commonwealth and/or a lien

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

on certain Allocable Revenues.  In its proofs of claim, Financial Guaranty Insurance Company listed its address as Attn: Derek M. Donnelly, 463 Seventh Avenue, New York, NY 10018.

69.    Defendant Candlewood Constellation SPC Ltd., acting for and on behalf of Candlewood Puerto Rico SP, is a company that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 150039 and 118852 asserting GO Bond claims based on a Good Faith and Credit Guaranty against the Commonwealth.  Candlewood Constellation SPC Ltd. asserted its GO Bond claims based on a Good Faith and Credit Guaranty were secured by a lien on all "available resources" of the Commonwealth.  In its proofs of claim, Candlewood Constellation SPC Ltd. listed its address as Attn: Gary S. Lee, 250 West 55th Street, New York, NY 10019.

70.    Defendant Canyon Capital Advisors LLC is listed as a member of the Commonwealth Bondholder group that filed its most recent Bankruptcy Rule 2019 disclosure on March 21, 2019.  *See* Case No. 17-BK-3283-LTS No. 5979.  Canyon Capital Advisors LLC's address is listed in that Rule 2019 disclosure as 2000 Avenue of the Stars, 11th Floor Los Angeles, CA 90067.  Canyon Capital Advisors LLC is also listed as a member of the QTCB Noteholder Group in its most recent Bankruptcy Rule 2019 disclosure, filed on January 23, 2019.  *See* Case No. 17-BK-3283-LTS No. 4871.  Canyon Capital Advisors LLC is also listed as a member of the COFINA Senior Bondholders' Coalition Group in its most recent Bankruptcy Rule 2019 disclosure on November 16, 2018.  *See* Case No. 17-BK-3284-LTS No. 360.

71.    Defendant Warlander Asset Management, LP is listed as a member of the Commonwealth Bondholder group that filed its most recent Bankruptcy Rule 2019 disclosure on March 21, 2019.  *See* Case No. 17-BK-3283-LTS No. 5979.  Warlander Asset Management, LP's address is listed in that Rule 2019 disclosure as 250 West 55th Street, 33rd Floor New York, NY 10019.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

72.     Defendant Tilden Park Capital Management, LP is listed as a member of the COFINA Senior Bonholders' Coalition group that filed its most recent Bankruptcy Rule 2019 disclosure on November 16, 2018.  *See* Case No. 17-BK-3284-LTS No. 360.  Tilden Park Capital Management, LP's address is listed in that Rule 2019 disclosure as 452 5th Ave, 28th Floor New York, NY 10018.

73.     Defendants GMO Global Real Return (UCITS) Fund, a sub-fund of GMO Funds plc, GMO Implementation Fund, a series of GMO Trust, and GMO Credit Opportunities Fund, L.P. are listed as members of the PRASA Secured Creditors group that filed its most recent Bankruptcy Rule 2019 disclosure on August 14, 2018.  *See* Case No. 17-BK-3283-LTS No. 3769.  Defendants' address is listed in that Rule 2019 disclosure as 40 Rowes Wharf, Boston, MA 02110.

74.     Defendant Laguna Ray, L.L.C. is listed as members of the PRASA Secured Creditors group that filed its most recent Bankruptcy Rule 2019 disclosure on August 14, 2018.  *See* Case No. 17-BK-3283-LTS No. 3769.  Defendant's address is listed in that Rule 2019 disclosure as 909 3rd Avenue, P.O. Box 13 New York, NY 10022.

75.     Defendant Emso Asset Management Limited is listed as a member of the Ad Hoc Group of Constitutional Debtholders that filed its most recent Bankruptcy Rule 2019 disclosure on March 27, 2019.  *See* Case No. 17-BK-3283-LTS, ECF No. 6067.  Emso Asset Management Limited's address is listed in that Rule 2019 disclosure as 21 Grosvenor Place, London, SW1X 7HN, United Kingdom.

76.     Defendant VR Advisory Services, Ltd. is listed as a member of the Ad Hoc Group of Constitutional Debtholders that filed its most recent Bankruptcy Rule 2019 disclosure on March 27, 2019.  *See* Case No. 17-BK-3283-LTS, ECF No. 6067.  VR Advisory Services, Ltd.'s address is listed in that Rule 2019 disclosure as 300 Park Avenue, 16th Floor, New York, NY 10022.  VR Advisory Advisors, Ltd. is also listed as a member of the PBA Funds group in its most recent Bankruptcy Rule 2019 disclosure, filed on March 22, 2019.  *See* Case No. 17-BK-3283-LTS, ECF No. 5991.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

77.     Defendants GDB Public Entity Trust and AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority are transferees of a proof of claim that was filed by the Government Development Bank for Puerto Rico and logged by Prime Clerk as Proof of Claim No. 29485 asserting GO Bond claims against the Commonwealth.  GDB Public Entity Trust and AmeriNational Community Services, LLC's claim asserts the applicable GO Bond claims are secured. The GDB Public Entity Trust list its address as c/o Moore & Van Allen, PPLC, 100 North Tryon Street, Suite 4700, Charlotte, NC 28202.  AmeriNational Community Services, LLC list its address as Attn: Francisco de Armas, Ponce de Leon Ave, #1519, Firstbank Bldg, Suite 1406, San Juan, PR 00908.

## JURISDICTION AND VENUE

78.     This Court has subject matter jurisdiction over this action pursuant to PROMESA section 306 because this adversary proceeding arises under PROMESA Title III, in a Title III case, and relates to the Commonwealth's underlying PROMESA Title III case.

79.     This Court has personal jurisdiction over Defendants pursuant to PROMESA section 306(c).

80.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the Commonwealth's claims occurred in this District. Venue is also proper under PROMESA section 307 because this adversary proceeding is brought in a PROMESA Title III case.

81.     This adversary proceeding is brought pursuant to (*a*) Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to PROMESA section 310, and (*b*) Bankruptcy Code sections 502(b), 545, 550, and 551, made applicable to this adversary proceeding pursuant to PROMESA section 301(a).  This is an appropriate action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

currently exists an actual, justiciable controversy between the parties regarding the validity, priority, extent and enforceability of the liens asserted by Defendants against the Commonwealth, as further set forth herein.

## FACTS

### I.     THE GO BONDS

#### A.     GO Bonds

82.     The Puerto Rico Constitution authorizes the Commonwealth to issue and guarantee debt, subject to various limitations. *See* P.R. Const. Art. VI § 2.

83.     In 1961, Section 2 of Article VI of the Puerto Rico Constitution was amended to limit the Commonwealth's borrowing and guaranties on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

84.     Since 1961, the Commonwealth has issued and guaranteed billions of dollars of GO Bonds.

85.     GO Bonds (including guaranteed bonds) are public debt under Article VI, § 8 of the Puerto Rico Constitution.

86.     Each series of GO Bonds was issued pursuant to a bond resolution and offered pursuant to an official statement.

87.     Approximately $13 billion of GO Bonds (including guaranteed bonds) remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "Petition Date"). *See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 26.

88.     Article VI of the Commonwealth Constitution contains various provisions governing bond debt priority:

- Section 2 generally describes the Commonwealth's authority to "impose and collect taxes . . . as determined by the Legislative Assembly" and states such authority "shall never be surrendered or suspended." This section also mandates that "the power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as

22

determined by the Legislative Assembly."  Lastly, this section states "the Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof."

- <u>Section 6</u> states that "[i]f at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the Government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made."

- <u>Section 7</u> limits the appropriations made for any fiscal year to the total revenues, including available surplus, estimated for that year, "unless the imposition of taxes sufficient to cover said appropriations is provided by law."

- <u>Section 8</u> provides that "[i]n case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

89.     None of the provisions of the Puerto Rico Constitution grant GO Bondholders a statutory lien against any of the Commonwealth's property.

     **i.**     ***The Commonwealth's "Good Faith, Credit, and Taxing Power"***

90.     13 L.P.R.A § 41 states, in relevant part, that "[t]he good faith of the Commonwealth of Puerto Rico is hereby irrevocably pledged for the payment of the principal of, and the interest on, the bonds or certificates of indebtedness of the Commonwealth [issued in accordance with cited provisions of law] . . . ."  13 L.P.R.A. § 41.

91.     Each issuance of GO Bonds was authorized pursuant to a specific act or acts of the Puerto Rico Legislature cited in the related official statement.  Those acts provided that the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the applicable GO Bonds.

92.     The GO Bonds were issued pursuant to bond resolutions, some of which stated that "[t]he good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

prompt payment of the principal of and interest on" the GO Bonds. *See, e.g.,* Bond Resolution adopted Aug. 1, 2002, § 14.

93.    The official statements pursuant to which the GO Bonds were offered made similar statements. *See, e.g.,* Official Statement dated August 1, 2002, at 10 (stating Commonwealth law "provides that the good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on the Offered Bonds . . . .").

94.    Each Commonwealth guaranty of bonds or notes listed in **Exhibit A** hereto was authorized pursuant to, and set forth in, a specific act of the Puerto Rico Legislature. Each such act provides that the "good faith, credit and taxing power" or the "good faith and credit" of the Commonwealth is pledged to the payment of the Commonwealth's obligations under the applicable guaranty (each, a "Good Faith and Credit Guaranty").

95.    As recognized in Puerto Rico Attorney General opinions, the obligations of the Commonwealth under a Good Faith and Credit Guaranty are the same as the obligations of the Commonwealth under its direct general obligation indebtedness (with amounts payable under a Good Faith and Credit Guaranty being general obligations of the Commonwealth having the same attributes for purposes of the Puerto Rico Constitution as general obligations evidenced by direct Commonwealth bonds).

96.    The Commonwealth's "good faith, credit, and taxing power" is not property owned by the Commonwealth that can be the subject of a lien. The Commonwealth could not provide the GO Bondholders with a lien against it.

97.    As a result, the Commonwealth's "pledge" of its "good faith, credit, and taxing power" is nothing more than a promise to pay, which promise is not secured by any Commonwealth property.

98.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their

24

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended."  P.R. Const. Art VI, § 2.

99.     This constitutional provision prohibits the Commonwealth from surrendering— including transferring rights in—its "good faith, credit, and taxing power."

100.     Section 2 of Article VI of the P.R. Constitution prevents GO Bondholders from possessing any liens on the Commonwealth's "good faith, credit, and taxing power."

**ii.     *Available Resources***

101.     Section 8 of Article VI of the Puerto Rico Constitution provides, in relevant part, that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."  P.R. Const. Art. VI, § 8.

102.     Section 4(c) of the Office of Management and Budget Organic Act (the "OMB Act") provides for a payment priority for GO Bonds.  *See* 23 L.P.R.A. § 104(c)(1).  That section provides that, "[i]n tune with Section 8, Article VI" of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

103.     Nothing in Section 8 of Article VI of the P.R. Constitution or in the OMB Act grants GO Bondholders a statutory lien against the Commonwealth's "available resources."

104.     The GO Bondholders were not granted contractual security interests in the Commonwealth's "available resources" by the bond resolutions or official statements.   Those

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

documents only reiterate the provisions of the authorizing statutes and the protections of the Commonwealth Constitution, and therefore do not grant a security interest.

105.    The official statement pertaining to the GO Bonds issued in 2014 (which were issued on materially identical terms to the other series of GO Bonds) in pertinent part provided:

> ***There is no collateral securing the Bonds, and the Bonds cannot be accelerated upon a default.***

General Obligation Bonds of 2014, Series A Official Statement at 16 (emphasis in original).

106.    Similarly, the Commonwealth's Financial Information and Operating Data Report, dated December 18, 2016, states, at page 69, that "[t]here is no collateral securing the Commonwealth general obligation bonds and there are no statutory provisions for a lien on any asset or revenue of the Commonwealth."

107.    GO Bondholders do not possess any liens against the Commonwealth's "available resources."

### B.    Allocable Revenues

108.    Puerto Rico law conditionally earmarks certain tax and fee revenues (*i.e.*, the Allocable Revenues) to various Commonwealth instrumentalities, but provides that the Allocable Revenues may be retained by the Commonwealth in certain circumstances.

109.    Allocable Revenues include: (1) certain excise taxes and vehicle fees conditionally earmarked for the Puerto Rico Highways and Transportation Authority ("HTA") and the Metropolitan Bus Authority ("MBA"); (2) hotel occupancy taxes conditionally earmarked for the Puerto Rico Convention Center District Authority ("PRCCDA"); and (3) federal excise taxes imposed on rum and other items produced in the Commonwealth and sold in the United States (which taxes are collected by the United States Treasury and returned to the Commonwealth) that are conditionally earmarked for the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with HTA, MBA and

PRCCDA, the "Authorities"), as well as certain revenues from excise taxes on non-diesel petroleum products conditionally earmarked for PRIFA.

110.    None of the statutes governing the Allocable Revenues grant GO Bondholders a lien on the Allocable Revenues.

### iii.    HTA

111.    HTA is a public corporation created by Act 74-1965 (codified, as amended and supplemented, at 9 L.P.R.A. §§ 2001-2035) to assume responsibility for the construction of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.

112.    The Commonwealth conditionally earmarked three sets of tax or fee revenues to HTA: gasoline, diesel, crude oil, and other excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31626 and 13 L.P.R.A. § 31627 (the "Excise Taxes"); cigarette excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31625 and earmarked to HTA and MBA pursuant to 13 L.P.R.A. § 31751(a)(4) ("Cigarette Excise Taxes"); and motor vehicle license fees imposed by the Commonwealth pursuant to Act 22-2000, as amended (the "Vehicle Fees").

113.    The statutes under which the Commonwealth earmarked to HTA revenues from the Excise Taxes, the Cigarette Excise Taxes, and the Vehicle Fees (collectively, the "HTA Allocable Revenues") expressly set forth that the HTA Allocable Revenues are subject to retention by the Commonwealth, but they do not grant a lien against any of HTA Allocable Revenues in favor of the GO Bondholders.

114.    The statute earmarking to HTA the revenues of the Excise Taxes indicates that the revenues of the Excise Taxes are subject to use by the Commonwealth "for the payment of interest on and the amortization of the public debt as provided in provided in Section 8 of Article VI of the Constitution." 13 L.P.R.A. § 31751(a)(1)(E).  However, such earmarking statute does not grant a lien against any of the revenues of the Excise Taxes in favor of the GO Bondholders.

27

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

115.    The statute earmarking to HTA the revenues of a portion of the Cigarette Excise Taxes

provides that "[t]he proceeds from such taxes shall be used solely for the payment of the interest on

and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of

Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain

such purposes."  13 L.P.R.A. § 31751(a)(3)(C).  However, such earmarking statute does not grant a

lien against any of the revenues of the Cigarette Excise Taxes in favor of the GO Bondholders.

116.    The statute earmarking to HTA the revenues of the Vehicle Fees provides the same.

*See* 9 L.P.R.A. § 2021 (stating that the revenues of the Vehicle Fees shall "be used for the payment

of interest and the amortization of the public debt, as provided in said Section 8 [of Article VI of the

Constitution of Puerto Rico] until the other resources, referred to in said section, are [sufficient] for

such purposes.").  However, such earmarking statute does not grant a lien against any of the revenues

of the Vehicle Fees in favor of the GO Bondholders.

117.    Nothing grants GO Bondholders a lien against any of the HTA Allocable Revenues.

The statutes governing the conditional earmarking to HTA of the HTA Allocable Revenues restate

section 8 of Article VI of the Puerto Rico Constitution, which does not itself grant a lien to GO

Bondholders.  *See also* Act 1-2015, § 2.01 (which indicates that the earmarking to HTA of the HTA

Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the

Commonwealth of Puerto Rico," which does not grant a lien against any of the HTA Allocable

Revenues in favor of the GO Bondholders).

**iv.    MBA**

118.    MBA is a public corporation created by Act No. 5-1959 (codified, as amended and

supplemented, at 23 L.P.R.A. §§ 601-620), for the purpose of developing and operating the overland

passenger transportation facilities and services in Puerto Rico.  23 L.P.R.A. § 606.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

119.    The revenues of a portion of the Cigarette Excise Taxes is conditionally earmarked for MBA.  As with the revenues of the Cigarette Excise Taxes earmarked to HTA, the revenues of the Cigarette Excise Taxes earmarked to MBA are subject to retention by the Commonwealth.   13 L.P.R.A. § 31751(a)(4)(C) (stating that the "proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes.").

120.    The statute conditionally earmarking to MBA the revenues of a portion of the Cigarette Excise Taxes does not grant GO Bondholders a lien against the Cigarette Excise Taxes.  Instead, it simply restates section 8 of Article VI of the Puerto Rico Constitution.

### v.    PRCCDA

121.    PRCCDA is a public corporation created by Act No. 351-2000 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 6401-6475), for the purpose of developing and operating a convention center located in San Juan, Puerto Rico, and related improvements and facilities.  *See* 23 L.P.R.A. § 6404.

122.    The Commonwealth conditionally earmarked to PRCCDA the revenues from certain hotel occupancy taxes imposed by the Commonwealth and collected by the Puerto Rico Tourism Company pursuant to Act 272-2003 ("Hotel Taxes").

123.    The statute under which the Commonwealth earmarked to PRCCDA revenue from the Hotel Taxes expressly sets forth that the revenues from the Hotel Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO Bondholders. *See* 13 L.P.R.A. § 2271v (providing the Hotel Taxes shall be "used solely for the payment of the interest and the amortization of the public debt, as provided in Section 8 of Article VI of the

29

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other available resources to which reference is made in said Section are insufficient for such purposes.").

124.    Nothing grants GO Bondholders a lien over the revenues of the PRCCDA Hotel Taxes. Instead, the relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**vi.    PRIFA**

125.    PRIFA is a public corporation created by Act 44-1988 (codified, as amended and supplemented, at 3 L.P.R.A. §§ 1901-1923) for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. *See* 3 L.P.R.A. § 1901.

126.    The Commonwealth has conditionally earmarked to PRIFA: (*i*) revenues from a federal excise tax imposed on rum and other items produced in the Commonwealth and sold in the United States, which taxes are collected by the United States Treasury and returned to the Commonwealth ("Rum Taxes"), and (*ii*) revenues from certain excise taxes on non-diesel petroleum products imposed by the Commonwealth pursuant to Act 1-2015 (including section 3020.07A(a)(i) in the Puerto Rico Internal Revenue Code) ("PRIFA Petroleum Taxes").

127.    The statute under which the Commonwealth earmarked to PRIFA revenues from the Rum Taxes expressly provides that the revenues from the Rum Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO bondholders.  3 L.P.R.A. § 1914 ("The moneys of the Special Fund [into which revenues of the PRIFA Rum Taxes are required to be deposited] may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8 [of Article VI of the Constitution of the Commonwealth of Puerto Rico], only when the other resources available referred to in said Section are insufficient for such purposes.").

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

128.    Nothing grants GO Bondholders a lien against the revenues of the Rum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

129.    The statute under which the Commonwealth earmarked to PRIFA revenues from the PRIFA Petroleum Taxes expressly provides that the revenues from the PRIFA Petroleum Taxes are subject to retention by the Commonwealth.  *See* Act 1-2015, § 2.02 (inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (providing that the revenues of the PRIFA Petroleum Taxes "shall only be used for the payment of interest and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, insofar as all other available resources mentioned in said Section are insufficient for such purposes.").

130.    Nothing grants GO Bondholders a lien against revenues of the PRIFA Petroleum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**C.    Property Tax Revenues**

131.    Pursuant to Act 83 of 1991 ("Act 83"), the Legislative Assembly of Puerto Rico authorized a "special tax" of 1.03% on the appraised value of all personal and real property in Puerto Rico, which is "in addition to all other taxes imposed by virtue of other laws in effect."  21 L.P.R.A. § 5002.

132.    Act 83 provides a process for the collection of these Property Tax Revenues. The "Municipal Revenues Collection Center" (known by its Spanish acronym "CRIM") is required to collect the Property Tax Revenues and deposit them into the "general trust established jointly by CRIM and the Government Development Bank for Puerto Rico, pursuant to subsection (c) of the Municipal Revenue Collection Center Act."  21 L.P.R.A. § 5004.

133.    In the "general trust," the Property Tax Revenues are commingled with the revenues of other property taxes of the Commonwealth and lose their separate identity.  *See* 21 L.P.R.A. § 5803(c).

31

134.   Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund."  21 L.P. R.A. § 5004(a).  Act 83 requires that the Property Tax Revenues in the Commonwealth Debt Redemption Fund be applied solely to the payment of the "existing or future general obligation[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligation[s], including the payment of any premium that is required for said early redemption."  *Id.*  However, nothing in Act 83 grants a lien against, or other property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise) to the GO Bondholders.

135.   Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

136.   No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

137.   No trust was ever established over the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise), and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise).

138.   Act 83 provides that the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente] and the same will constitute sufficient authorization for the Government Development Bank for Puerto Rico to carry out the corresponding [distributions]."  *Id.* § 5005.

139.   The Spanish version of the Act is clear that this provision does not create a lien against the Property Tax Revenues.  The Spanish version refers to "obligación preferente" (21 L.P.R.A. § 5005),

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

which correctly translates as "preferential (or preferred) obligation."  This language does not create a lien against the Property Tax Revenues.  It establishes a payment priority.[9]

### D.   Article 9 of the Uniform Commercial Code

140.   Commonwealth law governs the effectiveness and perfection of security interests in the Commonwealth's property.  *See* 19 L.P.R.A. § 2251.

141.   The Commonwealth adopted a prior version of Article 9 of the Uniform Commercial Code (the "UCC"), effective in 1996, which governed the granting and perfection of security interests.

142.   The Commonwealth subsequently adopted revised Article 9 of the UCC, effective January 17, 2013 (hereinafter, revised Article 9 is referred to as "Article 9").  *See* Act No. 21-2012; 19 L.P.R.A. § 2211 *et seq.*

143.   Under Article 9, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the collateral or the power to transfer rights in the collateral, and (c) the debtor has signed a security agreement that provides a description of the collateral.  19 L.P.R.A. § 2233(b).

144.   "Collateral" means "*property* subject to a security interest."  19 L.P.R.A. § 2212(a)(12) (emphasis added).

145.   "Security agreement" means an agreement that creates or provides for a security interest.  19 L.P.R.A. § 2212(a)(74).

---

[9]  In contrast, when the Puerto Rico legislature wishes to create a lien, it uses the phrase "gravamen preferente," which translates to "prior lien."  *See, e.g.*, 21 L.P.R.A. § 5234 (creating a statutory lien in favor of CRIM against taxpayers for nonpayment of the Special Property Tax).  While the English language version of Act 83 translates "obligacion preferente" to mean "prior lien bond," this appears to be a mistranslation.  The Spanish language version of Act 83 should govern over the English language version.  Pursuant to 1 L.P.R.A. § 59, English and Spanish are currently both Puerto's official languages.  However, at the time Act 83 was enacted, the official language of Puerto Rico was Spanish.  *See* Act No. 4 of April 5, 1991 (which was repealed by Act No. 1 of January 28, 1993).  Thus, at the time of its enactment, Act 83 was in Spanish, and therefore the Spanish version of Act 83 should govern.  Moreover, unlike other Puerto Rico statutes, there is no provision of Act 83 that specifies that the English version should govern.  Instead, it was the Spanish version that was approved by the Puerto Rico Legislature.  Consistent with this interpretation, the official statements pertaining to the GO Bonds explain that the Special Property Tax is collected and "credited to the Redemption Fund for application to the payment of general obligation bonds and notes of the Commonwealth."  *See, e.g.*, General Obligation Bonds of 2014, Series A Official Statement at 30.  However, the official statements pertaining to the GO Bonds do not state that the revenues of the Special Property Tax are subject to a lien in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

146.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the collateral subject to the security interest.  19 L.P.R.A. § 2218(a).

147.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in any property of the Commonwealth for, or for the benefit of, the GO Bondholders.  Therefore, there is no such security interest.

## II.    THE COMMONWEALTH'S TITLE III CASE

148.    On June 30, 2016, President Obama signed PROMESA into law.  On May 3, 2017, the Oversight Board filed a petition for the Commonwealth, commencing the Commonwealth's Title III case.  Pursuant to PROMESA, Congress made the Oversight Board the representative of the Debtor, PROMESA § 315(b), and gave the Oversight Board the powers of a trustee for the purpose of each Bankruptcy Code section incorporated into Title III that references a trustee.  PROMESA § 301(c)(7).

### COUNT I

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S GOOD FAITH, CREDIT, AND TAXING POWER AND
ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE
SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

149.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-148.

150.    GO Bondholders have asserted they hold liens against the Commonwealth's "good faith, credit, and taxing power."  The Commonwealth, acting through the Plaintiffs, disputes this assertion and objects to the secured claims.  Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and the GO Bondholders concerning the validity of the liens asserted by GO Bondholders on the Commonwealth's "good faith, credit, and taxing power."

151.    Under the Bankruptcy Code, a "lien" means a "charge against or interest in *property* to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

152.    A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ." 11 U.S.C. § 101(53).

153.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred.

154.    The Commonwealth's "good faith, credit, and taxing" power cannot be subject to a statutory lien.

155.    A "security interest" means a "lien created by an agreement." 11 U.S.C. § 101(51).

156.    Under Article 9 of the UCC, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the *collateral* or the power to transfer rights in the *collateral*, and (c) the debtor has signed a *security agreement* that provides a description of the collateral. 19 L.P.R.A. § 2233(b) (emphasis added).

157.    "Collateral" means "*property* subject to a security interest." 19 L.P.R.A. § 2212(a)(12) (emphasis added).

158.    "Security agreement" means an agreement that creates or provides for a security interest. 19 L.P.R.A. § 2212(a)(74).

159.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in the "good faith, credit, and taxing power" of the Commonwealth.

160.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred. It therefore cannot be subject to a security interest.

161.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and *shall never be surrendered or suspended*." P.R. Const. Art VI, § 2 (emphasis added).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

162.    The Commonwealth does not have "the power to transfer rights" in the Commonwealth's "good faith, credit and taxing power." The Commonwealth's "good faith, credit, and taxing power" cannot be subject to a security interest.

163.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all appropriate further relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens in the Commonwealth's "good faith, credit, and taxing power," as well as an order disallowing all secured claims against the Commonwealth's good faith, credit, and taxing power pursuant to Bankruptcy Code section 502(b).

## COUNT II

### DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD LIENS ON THE COMMONWEALTH'S "AVAILABLE RESOURCES" AND ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
### (28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

164.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-163.

165.    GO Bondholders have asserted they hold liens against the Commonwealth's "available resources." The Commonwealth, acting through Plaintiffs, disputes this assertion. Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Commonwealth's "available resources."

166.    Section 8 of Article VI of the Puerto Rico Constitution provides "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

167.    OMB Act section 4(c) provides "[i]n tune with Section 8, Article VI," of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the

36

appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he

payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

168.    Under the Bankruptcy Code, a "lien" means a "*charge against or interest in* property

to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).

A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ."  11

U.S.C. § 101(53).

169.    Neither the Puerto Rico Constitution nor the OMB Act grant GO Bondholders a

"charge against or interest in" property.  At most, they create a Puerto Rico law payment priority.

170.    The GO Bondholders were not granted security interests by the bond resolutions or

official statements, which reiterate the provisions of the authorizing acts and the protections of the

Commonwealth Constitution, and fail to grant a security interest.

171.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the

collateral subject to the security interest.  19 L.P.R.A. § 2218(a).  There exists no agreement (signed

by the Commonwealth) granting GO Bondholders a security interest in the Commonwealth's

"available resources."

172.    The term "available resources" does not "reasonably identif[y]" any collateral subject

to any purported security interest.  Even if the term "available resources" were used in a security

agreement, that use would not be sufficient to grant a security interest in "available resources" to GO

Bondholders.

173.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do

not hold liens on the Commonwealth's "available resources," as well as an order disallowing all

secured claims against the Commonwealth's "available resources" pursuant to Bankruptcy Code

section 502(b).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## COUNT III

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN "AVAILABLE RESOURCES"
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

174.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-173.

175.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard." 11 U.S.C. § 545(1)(E).

176.    If the GO Bondholders hold statutory liens against the Commonwealth's "available resources," they would only become effective when "available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year." P.R. Const. Art. VI, § 8; *see also* OMB § 104(c)(1).

177.    Any such statutory liens "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are avoidable pursuant to Bankruptcy Code section 545(1)(E). *See* 11 U.S.C. § 545(1)(E).

178.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Commonwealth's "available resources" should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT IV

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE ALLOCABLE REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

179.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-178.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

180.    Defendants have asserted they hold liens against the Allocable Revenues.  The Commonwealth, acting through the Plaintiffs, disputes this assertion.

181.    An actual, substantial, and justiciable controversy exists between the Commonwealth and the Defendants concerning the validity of the liens asserted on the Allocable Revenues.

182.    Section 8 of Article VI of the Commonwealth Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

183.    This constitutional provision does not grant GO Bondholders a statutory lien against the Allocable Revenues.

184.    The statutes governing the earmarking of the Allocable Revenues to the Authorities all condition the Authorities' rights to the Allocable Revenues on section 8 of Article VI of the Commonwealth Constitution.  *See* 13 L.P.R.A. § 31751(a)(1)(E) (conditioning earmarking of revenues of Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 31751(a)(3)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 9 L.P.R.A. § 2021 (conditioning earmarking of revenues of Vehicles Taxes to HTA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.01 (earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico . . . ."); 13 L.P.R.A. § 31751(a)(4)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to MBA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 2271v (conditioning earmarking of revenues of Hotel Tax Revenues to PRCCDA to P.R. Const. Art. VI, § 8); 3 L.P.R.A. § 1914 (conditioning earmarking of revenues of Rum Taxes to PRIFA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.02

39

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

(inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (conditioning earmarking of revenues of PRIFA Petroleum Taxes to PRIFA to P.R. Const. Art. VI, § 8).

185.    Those statutes do not grant GO Bondholders a statutory lien against any of the Allocable Revenues.

186.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens on the Allocable Revenues, as well as an order disallowing all secured claims against the Allocable Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT V

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO BONDHOLDERS' ASSERTED STATUTORY LIENS IN ALLOCABLE REVENUES PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

187.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-186.

188.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard . . . ." 11 U.S.C. § 545(1)(E).

189.    If GO Bondholders hold statutory liens against the Allocable Revenues, they would only become effective when "available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8; *see also* 13 L.P.R.A. § 31751(a)(1)(E); 9 L.P.R.A. § 2004(l); 13 L.P.R.A. § 31751(a)(3)(C); 9 L.P.R.A. § 2021; Act 1-2015 § 2.01; 13 L.P.R.A. § 31751(a)(4)(C); 13 L.P.R.A. § 2271v; 3 L.P.R.A. § 1914; Act 1-2015 § 2.02.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

190.    Any such statutory liens only "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are therefore avoidable pursuant to Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

191.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Allocable Revenues should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT VI

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE PROPERTY TAX REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

192.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-191.

193.    GO Bondholders have asserted they hold liens against the Property Tax Revenues. The Commonwealth, acting through the Plaintiffs, disputes this assertion.

194.    Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Property Tax Revenues.

195.    Act 83 provides Property Tax Revenues are to be collected and deposited into the "general trust" established jointly by the Municipal Revenues Collection Center and the Government Development Bank for Puerto Rico pursuant to the Municipal Revenue Collection Center Act.  21 L.P.R.A. § 5004.

196.    In the "general trust," the Property Tax Revenues are commingled with other property taxes of the Commonwealth and lose their separate identity as Property Tax Revenues.  *See* 21 L.P.R.A. § 5803(c).

197.    Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund." *Id.* § 5004(a).  This section does not itself create a trust; rather, it directs the Secretary of the Treasury to constitute one.

198.    Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

199.    No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

200.    No such trust holding Property Tax Revenues was ever established, and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in such trust or otherwise).

201.    Act 83 requires that the Property Tax Revenues in the Commonwealth Redemption Fund be applied solely to the payment of the "existing or future general obligations[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligations[s], including the payment of any premium that is required for said early redemption."  21 L.P.R.A.  5004(a).

202.    Act 83 provides the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente]." *Id.* § 5005.

203.    The Spanish version reads "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation."  This statutory language does not create a lien over the Property Tax Revenues, but creates a payment priority.

204.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

do not hold liens against or any other property interests in the Property Tax Revenues, as well as an order disallowing all secured claims against the Property Tax Revenues pursuant to Bankruptcy Code section 502(b).

## <u>COUNT VII</u>

DECLARATORY JUDGMENT THAT UNDER PUERTO RICO LAW THE COMMONWEALTH'S INTEREST IN ANY OF THE COMMONWEALTH'S PROPERTY IS ENTITLED TO PRIORITY OVER ANY SECURITY INTERESTS GRANTED TO DEFENDANTS
(28 U.S.C. §§ 2201, 2202; 19 L.P.R.A. §§ 2212(a)(52), 2267(a)(2))

205.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-204.

206.   Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

207.   No financing statements were filed in connection with the GO Bonds.

208.   No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

209.   Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a "lien creditor" has priority over unperfected security interests.

210.   Pursuant to 19 L.P.R.A. § 2212(a)(52), under Puerto Rico law "lien creditor" means, among other things, "a trustee in bankruptcy from the date of the filing of the petition."

211.   Pursuant to PROMESA section 301(c)(7), "the term 'trustee', when used in [the Bankruptcy Code], means the Oversight Board . . . ."  PROMESA § 301(c)(7).

212.   Plaintiffs therefore have priority over unperfected security interests in any of the Commonwealth's property, including any purported security interests of the Defendants.

213.   Accordingly, Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that pursuant to 19 L.P.R.A. § 2267(a)(2) Plaintiffs' interests in the Commonwealth's property, including in the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, have priority over any security interests held by Defendants.

## COUNT VIII

JUDGMENT AVODING AND PRESERVING FOR THE COMMONWEALTH ANY SECURITY
INTERESTS IN THE COMMONWEALTH'S PROPERTY PURSUANT TO BANKRUPTCY
CODE SECTIONS 544 AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 544, 550, 551; 19 L.P.R.A. § 2267(a)(2))

214.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-213.

215.    Pursuant to Bankruptcy Code sections 544(a), the Commonwealth has, as of the commencement of this Title III case, and without regard to any knowledge of a trustee, debtor, or creditor, the rights and powers of, or may avoid any transfer of its property or any obligation it incurred that is voidable by, a judicial lien creditor, among other things.  11 U.S.C. § 544(a).

216.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a judicial lien creditor has priority over unperfected security interests.

217.    Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

218.    No financing statements were filed in connection with the GO Bonds.

219.    No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

220.    As such, any purported security interests in any of the Commonwealth's property, including, without limitation, in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, are unperfected, for the reasons explained above, and are therefore invalid, unenforceable, and subject to avoidance and preservation for the Commonwealth pursuant to sections 544 and 551.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

221.    Accordingly, pursuant to Bankruptcy Code sections 544(a) and 551, and 19 L.P.R.A. § 2267(a)(2), all purported security interests of the Defendants, including in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

**COUNT IX**

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
ARE UNSECURED CLAIMHOLDERS TO THE EXTENT THEY HOLD VALID CLAIMS AND
ORDER DISALLOWING ANY SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION
502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

222.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-221.

223.    Defendants do not hold liens against any of the Commonwealth's property.

224.    Defendants' claims, to the extent they are valid, are entirely unsecured.

225.    Defendants have asserted their GO Bond claims are secured.

226.    An actual, substantial, and justiciable controversy exists between the Commonwealth and Defendants concerning the secured status of Defendants' claims.

227.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that Defendants' GO Bond claims, to the extent they are valid, are entirely unsecured, as well as an order disallowing all secured claims pursuant to Bankruptcy Code section 502(b).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray that judgment be entered for the Commonwealth and against Defendants as follows:

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

     A.      Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's good faith, credit and taxing power;

     B.      Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's available resources;

     C.      Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Commonwealth's available resources pursuant to Bankruptcy Code section 545;

     D.      Declaring Defendants do not hold a statutory lien against, or security interest in, the Allocable Revenues;

     E.      Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Allocable Revenues pursuant to Bankruptcy Code section 545;

     F.      Declaring Defendants do not hold a statutory lien against, or security interest in, the Property Tax Revenues;

     G.      Declaring any security interests Defendants hold in the Commonwealth's property are unperfected and junior to Plaintiffs' interests in the Commonwealth's property pursuant to 19 L.P.R.A. § 2267(a);

     H.      Avoiding and preserving for the Commonwealth any security interest Defendants have against the Commonwealth's property pursuant to Bankruptcy Code section 544;

     I.      Declaring Defendants' GO Bond claims, to the extent they are valid, are entirely unsecured; and

     J.      Disallowing all secured claims asserted by Defendants.

*[Remainder of page intentionally left blank.]*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Dated: May 2, 2019
     San Juan, Puerto Rico

Respectfully submitted,

/s/  Martin J. Bienenstock

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

/s/   Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

and

/s/ Luc A. Despins

**PAUL HASTINGS LLP**[10]
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com

---

[10] Due to circumstances outside of its control, and despite its best efforts, the Committee's counsel Paul Hastings LLP was unable to finish a comprehensive conflicts review with respect to all defendants prior to the filing of this Complaint.  The Committee's counsel reserves the right to withdraw from this action as to certain defendants without prejudice to Plaintiffs if necessary to resolve any conflicts that may arise.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

jamesbliss@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES
LLC[11]**
Juan J. Casillas Ayala, Esq., USDC - PR
218312
Diana M. Batlle-Barasorda, Esq., USDC - PR
213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR
302710
Ericka C. Montull-Novoa, Esq., USDC - PR
230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

---

[11] Casillas, Santiago & Torres LLC represents the Committee in this matter other than as to Universal Group, Inc. and
Universal Life Insurance Company.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## EXHIBIT A

## DEBT GUARANTEED BY COMMONWEALTH UNDER GOOD/FULL FAITH AND CREDIT GUARANTIES

1.  Puerto Rico Public Buildings Authority (PBA)

    All outstanding bonds[12]


2.  Puerto Rico Infrastructure Financing Authority (PRIFA)

    All outstanding bond anticipation notes[13]


3.  Puerto Rico Aqueduct and Sewer Authority (PRASA)

    Revenue Refunding Bonds, Series A and Revenue Refunding Bonds, Series B[14]

4.  Port of the Americas Authority (APLA)

    All outstanding bonds[15]

---

[12] $4.0 billion approximate principal amount (as of July 31, 2016).

[13] $78.0 million approximate principal amount (as of July 31, 2016).

[14] $284.8 million approximate principal amount (as of July 31, 2016).

[15] $226.0 million approximate principal amount (as of July 31, 2016).