# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2] | Adv. Proc. No. 19-_____-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action,* Case No. 17-BK-3283 (LTS), ECF No. 6501-1, which is incorporated herein by reference.

v.

COOPERATIVA DE AHORRO Y CREDITO DE
RINCON; FPA CRESCENT FUND, A SERIES OF FPA
FUNDS TRUST; COOPERATIVA DE AHORRO Y
CREDITO DE AGUADA; COOPERATIVA DE
AHORRO Y CREDITO VEGA ALTA; COOPERATIVA
DE AHORRO Y CREDITO DR. MANUEL ZENO
GANDIA; COOPERATIVA DE AHORRO Y CREDITO
ABRAHAM ROSA; COOPERATIVA DE AHORRO Y
CREDITO DE AGUADILLA; COOP A/C ROOSEVELT
ROADS; FIDEICOMISO BLANCO BOU; MAURICIO
SHUB; IVELISSE BUONO ALBARRAN; SOPHIE
AALAEI; COOPERATIVA DE AHORRO Y CREDITO
LOMAS VERDES; COOPERATIVA DE AHORRO Y
CREDITO DE HATILLO; BEHZAD AALAEI; TOMAS
CORREA ACEVEDO; COOPERATIVA DE A/C JESUS
OBRERO; MARIA M. FREIRIA GARRATON; JOSE
FRANCISCO GONZALEZ-HERES; VICTOR M.
RIVERA; RUTH VALDES DE ADSUAR; SANTOS
GONZALEZ MORALES; JOSEFINA MARISTANY;
COOPERATIVA DE A/C ORIENTAL; COOPERATIVA
DE AHORRO Y CREDITO DE YAUCO;
COOPERATIVA DE AHORRO Y CREDITO
CANDELCOOP; COOPERATIVA DE AHORRO Y
CREDITO DE LA FEDERACION DE MAESTROS DE
PR; COOPERATIVA DE AHORRO Y CREDITO DE
OFICIALES DE CUSTODIA DE PR; COOPERATIVA
DE AHORRO Y CREDITO DEL VALENCIANO;
COOPERATIVA DE A/C CAMUY; COOPERATIVA
DE A/C MOREVENA; COOPERATIVA DE A/C
MAUNABO; FONDO DE INVERSION Y
DESARROLLO COOPERATIVO; COOPERATIVA DE
AHORRO Y CREDITO DE EMPLEADOS DE LA
CORPORACION DEL FONDO DEL SEGURO DEL
ESTADO; THE JESUS GOLDEROS TRUST; ESTATE
OF CARLOS A. QUILICHINI ROIG; COOPERATIVA
DE AHORRO Y CREDITO DE CAPARRA;
ELIZABETH L. ANDERSON (REVOCABLE TRUST
10/22/2012); COOPERATIVA DE A/C AGUAS
BUENAS; COOP A/C SAN RAFAEL; ESTATE OF
JOSE A. ROMAN-TOLEDO; ANDREW P. DAVIS
AND JESSICA G. DAVIS, TRUSTEES V/A 8/18/15:
ANDREW P. DAVIS 2015 GRAT 1; JESSICA G.
DAVIS AND ANDREW P. DAVIS, TRUSTEES U/A
8/18/15: JESSICA G. DAVIS 2015 GRAT 1; TSON-

KUANG WU AND MU-NIAU WU TR, WU TRUST UA
04-27-1999; COOPERATIVA DE AHORRO Y
CREDITO PADRE SALVADOR RUFFOLO;
COOPERATIVA DE A/C SAULO D RODRIGUEZ;
COOPERATIVA DE AHORRO Y CREDITO ISLA
COOP; DAVID J. GAYNOR TEE U/A DTD 02/23/2005
DAVID J. GAYNOR TRUST; RM CHILDREN'S
TRUST; KATHY KAREN KEY TRUST; GUILLERMO
IRIZARRY; ESTATE OF EDWARD P. GIAIMO, JR.;
ALMA ELIAS REV. TRUST; BRUNNEMER
CHILDREN'S GST INV TRUST UAD 12/20/01;
MOORE IRREVOCABLE TRUST U\A 12/8/87, JAMES
B. MOORE TRUSTEE, A TRUST AND ITS TRUSTEE;
JOHN C. GARTLAND AND KATHERINE A.
GARTLAND TRUST UA 03/01/2016; MOORE
REVOCABLE TRUST USA 12/8/87; TRENT AND
JODENE LAREAU REVOCABLE TRUST; RICHARD
W. KNAPP CREDIT SHELTER TRUST S/B/O
MARGARET A. KNAPP 07/28/2016; MICHAEL J.
SERALLES; ALEXANDER SHUB; LISA SHUB;
PEDRO CID MARTINEZ; RAFAELA FERNANDEZ;
RICHARD F. LEVY ECHEANDIA; LOURDES ARCE
RIVERA; JOSE M. BONNIN; JOSE ANGEL REY;
AILEEN SCHMIDT RODRIGUEZ; CARMEN W.
NIGAGLIONI; HENRY H. REXACH; RADAMES
MUNIZ; EMMA M. DE MUNIZ; JOSE R. MENDEZ
BONNIN; ANA M. EMANUELLI; PETER C. HEIN;
RENE RIOS PENA; ROBERT B. FABER; MARCO A.
ALBARRAN PORTILLA; IVELISSE BUONO;
IVELISSE BUONO-ALBARRAN; MARCO A.
ALBARRAN TC; IVELISSE ALBARRAN JNT TEN;
GABRIEL ALBARRAN-BUONO

　　　　Defendants.

# COMPLAINT CHALLENGING VALIDITY,
# ENFORCEABILITY, AND EXTENT OF ALLEGED PREPETITION LIENS
# OF COMMONWEALTH GENERAL OBLIGATION AND GUARANTEED BONDS

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1), made applicable to these Title III

cases by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[1] and the *Stipulation and Agreed Order by and Among Financial Oversight and*

*Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors*

*Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Stipulation"), the

Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through (i) the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's

representative pursuant to section 315(b) of PROMESA, and (ii) the Official Committee of Unsecured

Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the

Commonwealth and Oversight Board, the "Plaintiffs"), as section 926 trustee and co-plaintiff

pursuant to the Stipulation, in each case by and through undersigned counsel, allege as follows for

their complaint ("Complaint")[2] against Defendants,[3] as holders and/or insurers of general obligation

---

[1]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[2]   Plaintiffs reserve its right to raise additional objections or commence additional avoidance actions on any basis to GO Bond (as defined below) claims.

[3]   Defendants in this action are: Cooperativa de Ahorro y Credito de Rincon; FPA Crescent Fund, a Series of FPA Funds Trust; Cooperativa de Ahorro y Credito De Aguada; Cooperativa de Ahorro y Credito Vega Alta; Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia; Cooperativa de Ahorro y Credito Abraham Rosa; Cooperativa de Ahorro y Credito De Aguadilla; Coop A/C Roosevelt Roads; Fideicomiso Blanco Bou; Mauricio Shub; Ivelisse Buono Albarran; Sophie Aalaei; Cooperativa de Ahorro y Credito Lomas Verdes; Cooperativa de Ahorro y Credito de Hatillo; Behzad Aalaei; Tomas Correa Acevedo; Cooperativa de A/C Jesus Obrero; Maria M. Freiria Garraton; Jose Francisco Gonzalez-Heres; Victor M. Rivera; Ruth Valdes de Adsuar; Santos Gonzalez Morales; Josefina Maristany; Cooperativa de A/C Oriental; Cooperativa de Ahorro y Credito de Yauco; Cooperativa de Ahorro y Credito Candelcoop; Cooperativa de Ahorro y Credito de la Federacion de Maestros de PR; Cooperativa de Ahorro y Credito de Oficiales de Custodia de PR; Cooperativa de Ahorro y Credito del Valenciano; Cooperativa de A/C Camuy; Cooperativa de A/C Morevena; Cooperativa de A/C Maunabo; Fondo de Inversion y Desarrollo Cooperativo; Cooperativa de Ahorro y Credito de Empleados de la Corporacion del Fondo del Seguro del Estado; The Jesus Golderos Trust; Estate of Carlos A. Quilichini Roig; Cooperativa de Ahorro y Credito de Caparra; Elizabeth L. Anderson (Revocable Trust 10/22/2012); Cooperativa de A/C Aguas Buenas; Coop A/C San Rafael; Estate of Jose A. Roman-Toledo; Andrew P. Davis and Jessica G. Davis, Trustees V/A 8/18/15: Andrew P. Davis 2015 Grat 1; Jessica G. Davis and Andrew P. Davis, Trustees U/A 8/18/15: Jessica G. Davis 2015 Grat 1; Tson-Kuang Wu and Mu-Niau Wu Tr, Wu Trust UA 04-27-1999; Cooperativa De Ahorro Y Credito Padre Salvador Ruffolo; Cooperativa De A/C Saulo D Rodriguez; Cooperativa De Ahorro Y Credito Isla Coop; David J. Gaynor Tee U/A Dtd 02/23/2005 David J. Gaynor Trust; RM Children's Trust; Kathy Karen Key Trust; Guillermo Irizarry; Estate of Edward P. Giaimo, Jr.; Alma Elias Rev. Trust; Brunnemer Children's GST Inv Trust UAD 12/20/01; Moore Irrevocable Trust U\A 12/8/87, James B. Moore Trustee, a trust and its trustee; John C. Gartland and Katherine A. Gartland Trust UA 03/01/2016; Moore Revocable Trust USA 12/8/87; Trent and Jodene Lareau Revocable Trust; Richard W. Knapp Credit Shelter Trust S/B/O Margaret A. Knapp 07/28/2016; Michael J. Seralles; Alexander Shub; Lisa Shub; Pedro Cid Martinez; Rafaela Fernandez; Richard F. Levy Echeandia; Lourdes Arce Rivera; Jose M. Bonnin; Jose Angel Rey; Aileen Schmidt Rodriguez; Carmen W. Nigaglioni; Henry H. Rexach; Radames Muniz; Emma

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

("GO") bonds issued by the Commonwealth and/or bonds or notes guaranteed by the Commonwealth

on a good/full faith and credit basis[4] ("GO Bonds," and holders and insurers of such Bonds, "GO

Bondholders," or, as the context requires, such defined terms shall refer only to Commonwealth GO

bonds and holders and insurers of such bonds) that have asserted secured status in the

Commonwealth's Title III case:[5]

## NATURE OF ACTION

1.      This adversary proceeding arises out of a dispute between the Commonwealth and

Defendants—various GO Bondholders—regarding the existence, extent, and enforceability of

asserted consensual and statutory liens.  Defendants have filed claims in the Commonwealth's Title

III case asserting their GO Bond claims are secured by one or more of the following: (1) the

Commonwealth's "good/full faith, credit and taxing power," (2) the Commonwealth's "available

resources,"[6] (3) the Allocable Revenues (as defined below), and (4) the Property Tax Revenues (as

defined below).

2.      All the foregoing assertions are incorrect.  GO Bondholders have no such liens:

- Good Faith and Credit.  The Commonwealth's "pledge" of its "good faith, credit and taxing
  power" to its general obligation bonds under 13 L.P.R.A § 41, certain bond authorizing
  statutes, and certain bond resolutions is a promise to pay.  The Commonwealth's "good faith
  and credit" guaranties obligate the Commonwealth on the same basis as the Commonwealth
  is obligated under its general obligation bonds.  The Commonwealth's "good faith, credit, and
  taxing power" is not property that can be subject to a lien.  Moreover, the Commonwealth's
  "full faith, credit and taxing power" is a power the Commonwealth Constitution provides

---

M. De Muniz; Jose R. Mendez Bonnin; Ana M. Emanuelli; Peter C. Hein; Rene Rios Pena; Robert B. Faber; Marco A. Albarran Portilla; Ivelisse Buono; Ivelisse Buono-Albarran; Marco A. Albarran TC; Ivelisse Albarran JNT TEN; Gabriel Albarran-Buono (collectively, "Defendants").

[4]   A schedule of such Commonwealth-guaranteed bonds and notes is attached hereto as **Exhibit A**.  The Puerto Rico Constitution uses the term "full faith" while the relevant Puerto Rico statutes and bond resolutions use the term "good faith."  The Plaintiffs understand these terms to be used interchangeably.

[5]   Defendants in this action are all holders and insurers of outstanding GO Bonds (including, as that term is defined herein, bonds backed by a Commonwealth "good faith and credit" guaranty) that have asserted secured status in the Commonwealth's Title III case.

[6]   Although the GO Bondholders use the term "available resources," which is a translation of the Spanish version of the text, the official English version of the Puerto Rico Constitution uses the narrower term "available revenues."  Solely for purposes of this Complaint, and without waiver of or prejudice to any argument regarding which version of the Puerto Rico Constitution controls, the Commonwealth uses the term "available resources" so that the relief it seeks corresponds to the GO Bondholders' assertions.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

"shall never be surrendered or suspended."  Therefore, the Commonwealth could not have granted a lien on it even if it is property.

- <u>Available Resources</u>.  The Puerto Rico Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid." *See* P.R. Const. Art VI, § 8.  This does not create a lien on the Commonwealth's "available [resources]"—it only creates a Puerto Rico law payment priority.

- <u>Allocable Revenues</u>.  GO Bondholders are not given any lien on certain conditionally earmarked tax and fee revenues (collectively, "<u>Allocable Revenues</u>", described in greater detail below).  The statutes creating the Authorities (as defined below) and conditionally earmarking the Allocable Revenues to them do not grant GO Bondholders a lien against the Allocable Revenues.  Rather, they simply restate that the Allocable Revenues will be used in accordance with section 8 of Article VI of the Constitution if needed—which, as discussed above, does not give GO Bondholders any lien on any Commonwealth property or rights.

- <u>Property Tax Revenues</u>.  21 L.P.R.A. § 5004 provides that the Property Tax Revenues "shall be entered . . . into a trust established by the Secretary of the Treasury" in favor of the GO Bondholders.  Yet no trust in favor of GO Bondholders was ever validly created on the Property Tax Revenues under Puerto Rico law since no deed of trust was properly executed, nor were GO Bondholders ever given a lien against them.  As such, GO Bondholders lack any property interests in the Property Tax Revenues.

- <u>No Security Agreement</u>.  The Commonwealth is not a party to any agreement with, or for the benefit of, the GO Bondholders pursuant to which the Commonwealth granted, or purported to grant, a security interest to the GO Bondholders.

As a result, the Commonwealth is entitled to declaratory judgments that Defendants do not hold consensual or statutory liens against any of the above items and are unsecured claimholders to the extent they hold allowed claims.

3.     <u>Moreover, even if Commonwealth law granted GO Bondholders statutory liens against the Commonwealth's "available resources" or the Allocable Revenues, such statutory liens are avoidable under Bankruptcy Code[7] section 545.</u>  The constitutional and statutory provisions Defendants claim grant them statutory liens, by their terms, only become effective if the Commonwealth's "available resources" are insufficient to cover the Commonwealth's expenses in a

---

[7]  All sections of the Bankruptcy Code (title 11 of the United States Code) referenced in this Complaint are made applicable to this adversary proceeding by PROMESA § 301(a).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

given fiscal year.  As a result, they are statutory liens that first become effective "when the debtor's

financial condition fails to meet a specified standard"—making them voidable by Bankruptcy Code

section 545(1)(E).  Therefore, to the extent GO Bondholders are held to possess statutory liens over

the Commonwealth's "available resources" or the Allocable Revenues, the Commonwealth is entitled

to judgments avoiding any such statutory liens under Bankruptcy Code section 545(1)(E) and

preserving them for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## PARTIES

4.      The Constitution of the Commonwealth of Puerto Rico (the "Commonwealth

Constitution," "Puerto Rico Constitution," or the "P.R. Constitution") became effective in 1952.  The

P.R. Constitution created plaintiff the Commonwealth as the central government of Puerto Rico,

"republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R.

Const., Art. I, §§ 1, 2.

5.      Co-Plaintiff the Oversight Board is an entity within the Commonwealth government

established pursuant to PROMESA.

6.      Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the

Title III Debtors (other than COFINA).  The Committee was appointed by the United States Trustee

on June 15, 2017.

7.      Defendants are all holders or insurers of GO Bonds that have filed claims against the

Commonwealth asserting their GO Bond claims (including any claims based on Good Faith and

Credit Guaranties) are entitled to secured status in the Commonwealth's Title III case for one or more

reasons addressed in this Complaint.[8]

---

[8]   Plaintiffs file this Complaint against Defendants on account of *all* of Defendants' GO Bond claims, whether or not each
and every of the Defendants' proofs of claim are listed herein.  Any failure to list a particular proof of claim filed by a
Defendant herein does not exclude said claim from challenge by this Complaint.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

8.      Defendant Cooperativa de Ahorro y Credito de Rincon is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 36224 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito de Rincon asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."   In its proof of claim, Cooperativa de Ahorro y Credito de Rincon listed its address as Apartado 608, Rincon, PR 00667.

9.      Defendant FPA Crescent Fund, a Series of FPA Funds Trust is a trust that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 106758 and 109921 asserting GO Bond claims against the Commonwealth.  FPA Crescent Fund, A Series Of FPA Funds Trust asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit and taxing power," "available resources," and the Allocable Revenues.  In its proofs of claim, FPA Crescent Fund, A Series of FPA Funds Trust listed its address as SSC-CCB 8, 1 Iron Street, Boston, MA 02210.

10.     Defendant Cooperativa de Ahorro y Credito De Aguada is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 32818 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito De Aguada asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."   In its proof of claim, Cooperativa de Ahorro y Credito De Aguada listed its address as PO Box 543, Aguada, PR 00602.

11.     Defendant Cooperativa de Ahorro y Credito Vega Alta is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 25601 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito Vega Alta asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."   In its proof of claim, Cooperativa de Ahorro y Credito Vega Alta listed its address as 61 Georgetti Street, Vega Alta, PR 00692.

12.     Defendant Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 29458 asserting GO

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."  In its proof of claim, Cooperativa de Ahorro y Credito Dr. Manuel Zeno Gandia listed its address as PO Box 1865, Arecibo, PR 00612.

13.     Defendant Cooperativa de Ahorro y Credito Abraham Rosa is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 53780 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito Abraham Rosa asserted its GO Bond claim was secured by a lien on the Commonwealth's "available resources."  In its proof of claim, Cooperativa de Ahorro y Credito Abraham Rosa listed its address as HC-01 Box 9087, Toa Baja, PR 00949-9759.

14.     Defendant Cooperativa de Ahorro y Credito De Aguadilla is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 21438 and 21486 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito De Aguadilla asserted its GO Bond claims were secured by virtue of it being "constitutional debt."  In its proofs of claim, Cooperativa de Ahorro y Credito De Aguadilla listed its address as PO Box 541, Aguadilla, PR 00605-0541.

15.     Defendant Coop A/C Roosevelt Roads is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 7120 asserting GO Bond claims against the Commonwealth.  Coop A/C Roosevelt Roads asserted its GO Bond claims were secured by virtue of section 8 of Article VI of the Commonwealth Constitution.   In its proofs of claim, Coop A/C Roosevelt Roads listed its address as PO Box 31, Fajardo, PR 00738.

16.     Defendant Fideicomiso Blanco Bou is an individual that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 92878 and 125557 asserting GO Bond claims against the Commonwealth.  Fideicomiso Blanco Bou asserted their GO Bond claims were secured by a lien

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

by virtue of section 8 of Article VI of the Commonwealth Constitution.  In Fideicomiso Blanco Bou's proofs of claim, Fideicomiso Blanco Bou listed their address as PO Box 1228, Manati, PR 00674-1228.

17.    Defendant Mauricio Shub is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 22651 asserting GO Bond claims against the Commonwealth. Mauricio Shub asserted their GO Bond claim was secured by a lien by virtue of section 8 of Article VI of the Commonwealth Constitution.  In Mauricio Shub's proof of claim, Mauricio Shub listed their address as Parque de Caldas, 1977-D Fidalgo Diaz ST, San Juan, PR 00926.

18.    Defendant Ivelisse Buono Albarran is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15581 asserting GO Bond claims against the Commonwealth.  Ivelisse Buono Albarran asserted their GO Bond claim was secured.  In Ivelisse Buono Albarran's proof of claim, Ivelisse Buono Albarran listed their address as P.O. Box 7293, Ponce, PR 7293.

19.    Defendant Sophie Aalaei is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 754 asserting GO Bond claims against the Commonwealth. Sophie Aalaei asserted their GO Bond claim was secured.  In Sophie Aalaei's proof of claim, Sophie Aalaei listed their address as 3741 45th Street, Highland, IN 46322.

20.    Defendant Cooperativa de Ahorro y Credito Lomas Verdes is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 36348 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito Lomas Verdes asserted its GO Bond claim was secured by a lien on the Commonwealth's "good faith, credit, and taxing power," and its "available resources."  In its proof of claim, Cooperativa de Ahorro y Credito Lomas Verdes listed its address as PO Box 1142, Bayamon, PR 00960-1142.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

21.     Defendant Cooperativa de Ahorro y Credito de Hatillo is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 35828, 48047, 49505, and 49744 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito de Hatillo asserted its GO Bond claim was secured.  In its proofs of claim, Cooperativa de Ahorro y Credito de Hatillo listed its address as Edificio Gregorio Padilla, Ave. Pablo J. Aguilar #76, Hatillo, PR 00659.

22.     Defendant Behzad Aalaei is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 757 asserting GO Bond claims against the Commonwealth. Behzad Aalaei asserted their GO Bond claim was secured.  In Behzad Aalaei's proof of claim, Behzad Aalaei listed their address as 3741 45th Street, Highland, IN 46322.

23.     Defendant Tomas Correa Acevedo is an individual that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 24121 and 13268 asserting GO Bond claims against the Commonwealth.  Tomas Correa Acevedo asserted their GO Bond claim was secured by section 8 of Article VI of the Commonwealth Constitution.  In Tomas Correa Acevedo's proof of claim, Tomas Correa Acevedo listed their address as Centro Internacional de Mercadeo II, 90 Carr. 165, Suite 407, Guaynabo, PR 00968-8064.

24.     Defendant Cooperativa de A/C Jesus Obrero is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proofs of Claim Nos. 105219, 108672, 116149 and 118866 asserting GO Bond claims against the Commonwealth.  Cooperativa de A/C Jesus Obrero asserted its GO Bond claims were secured.  In its proofs of claim, Cooperativa de A/C Jesus Obrero listed its address as PMB 159 HC 01 Box 29030, Caguas, Puerto Rico 00725-8900.

25.     Defendant Maria M. Freiria Garraton is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 7964 asserting GO Bond claims against the Commonwealth.  Maria M. Freiria Garraton asserted their GO Bond claim was secured.  In Maria M.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Freiria Garraton's proof of claim, Maria M. Freiria Garraton listed their address as P.O. Box 36 4165, San Juan, PR 00936-4165.

26.     Defendant Jose Francisco Gonzalez-Heres is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 27684 asserting GO Bond claims against the Commonwealth.  Jose Francisco Gonzalez-Heres asserted their GO Bond claim was secured.  In Jose Francisco Gonzalez-Heres's proof of claim, Jose Francisco Gonzalez-Heres listed their address as P.O. Box 839, Ambler, PA 19002.

27.     Defendant Victor M. Rivera is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 30977 asserting GO Bond claims against the Commonwealth. Victor M. Rivera asserted their GO Bond claim was secured.  In Victor M. Rivera's proof of claim, Victor M. Rivera listed their address as C/2 #14 Paseo Alto, San Juan, PR 00926-5917.

28.     Defendant Ruth Valdes de Adsuar is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 78907 asserting GO Bond claims against the Commonwealth.  Ruth Valdes de Adsuar asserted their GO Bond claim was secured.  In Ruth Valdes de Adsuar's proof of claim, Ruth Valdes de Adsuar listed their address as 1360 Calle Luchetti, Apt. No. 5, San Juan, PR 00907.

29.     Defendant Santos Gonzalez Morales is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 59428 asserting GO Bond claims against the Commonwealth.  Santos Gonzalez Morales asserted their GO Bond claim was secured.  In Santos Gonzalez Morales's proof of claim, Santos Gonzalez Morales listed their address as Cooperativa de Ahorro y Credito Cupey Alto, RR 17 Box 11100, San Juan, PR 00926-9483.

30.     Defendant Josefina Maristany is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 26835 asserting GO Bond claims against the Commonwealth.  Josefina Maristany asserted their GO Bond claim was secured.  In Josefina

Maristany's proof of claim, Josefina Maristany listed their address as P.O. Box 330185, Ponce, PR 00733.

31.      Defendant Cooperativa de A/C Oriental is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 18845, 29747, and 30506 asserting GO Bond claims against the Commonwealth.  Cooperativa de A/C Oriental asserted its GO Bond claims were secured.  In its proofs of claim, Cooperativa de A/C Oriental listed its address as P.O. Box 876, Humacao, Puerto Rico 00792-0876.

32.      Defendant Cooperativa de Ahorro y Credito de Yauco is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 115159, 128007, 135820, 140266, 142265, 145589, 145882, 147060, 147116, 147307, 148335, 150258, 151772, 151797, 151894, 153270, 153739, 154782, 154928, 162159, 164201, 165830, and 167047 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito de Yauco asserted its GO Bond claims were secured.  In its proofs of claim, Cooperativa de Ahorro y Credito de Yauco listed its address as P.O. Box 3010, Yauco, PR 00698-3010.

33.      Defendant Cooperativa de Ahorro y Credito de la Federacion de Maestros de PR is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 53029 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito de la Federacion de Maestros de PR asserted its GO Bond claims were secured.  In its proofs of claim, Cooperativa de Ahorro y Credito de la Federacion de Maestros de PR listed its address as P.O. Box 270-275, San Juan, PR 00928.

34.      Defendant Cooperativa de Ahorro y Credito de Oficiales de Custodia de PR is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 53610 asserting GO Bond claims against the Commonwealth.  Cooperativa de Ahorro y Credito de Oficiales de Custodia de PR asserted its GO Bond claims were secured.  In its proofs of claim, Cooperativa de

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Ahorro y Credito de Oficiales de Custodia de PR listed its address as Urb. Reparto Metropolitano,

1100 Calle 54 SE, San Juan, PR 00921-2731.

35.     Defendant Cooperativa de Ahorro y Credito del Valenciano is a *cooperativa* that filed

a proof of claim that was logged by Prime Clerk as Proof of Claim No. 28526 asserting GO Bond

claims against the Commonwealth.  Cooperativa de Ahorro y Credito del Valenciano asserted its GO

Bond claims were secured by the Commonwealth's "available resources."  In its proofs of claim,

Cooperativa de Ahorro y Credito del Valenciano listed its address as P.O. Box 1510, Juncos, PR

00777.

36.     Defendant Cooperativa de A/C Camuy is a *cooperativa* that filed proofs of claim that

were logged by Prime Clerk as Proof of Claim Nos. 24072, 24965, 24481, 24809, and 24892 asserting

GO Bond claims against the Commonwealth.  Cooperativa de A/C Camuy asserted its GO Bond

claims were secured.  In its proofs of claim, Cooperativa de A/C Camuy listed its address as 300

Baltazar Jimenez Mendez, Camuy, PR 00627.

37.     Defendant Cooperativa de A/C Morevena is a *cooperativa* that filed a proof of claim

that was logged by Prime Clerk as Proof of Claim No. 26447 asserting GO Bond claims against the

Commonwealth.  Cooperativa de A/C Morevena asserted its GO Bond claims were secured.  In its

proofs of claim, Cooperativa de A/C Morevena listed its address as P.O. Box 577, Morovis, PR 00687.

38.     Defendant Cooperativa de A/C Maunabo is a *cooperativa* that filed proofs of claim

that were logged by Prime Clerk as Proof of Claim No. 25515 and 20934 asserting GO Bond claims

against the Commonwealth.  Cooperativa de A/C Maunabo asserted its GO Bond claims were

secured.  In its proofs of claim, Cooperativa de A/C Maunabo listed its address as P.O. Box 127,

Maunabo, PR 00707-0127.

39.     Defendant Fondo de Inversion y Desarrollo Cooperativo is a *cooperativa* that filed a

proof of claim that was logged by Prime Clerk as Proof of Claim No. 28520 asserting GO Bond claims

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

against the Commonwealth.  Fondo de Inversion y Desarrollo Cooperativo asserted its GO Bond

claims were secured by the Commonwealth's "available resources."  In its proofs of claim, Fondo de

Inversion y Desarrollo Cooperativo listed its address as 400 Ave. Americo Miranda, Ste. 201, San

Juan, PR 00927-5142.

40.     Defendant Cooperativa de Ahorro y Credito de Empleados de la Corporacion del

Fondo del Seguro del Estado is a *cooperativa* that filed a proof of claim that was logged by Prime

Clerk as Proof of Claim No. 25692 asserting GO Bond claims against the Commonwealth.

Cooperativa de Ahorro y Credito de Empleados de la Corporacion del Fondo del Seguro del Estado

asserted its GO Bond claims were secured by the Commonwealth's "available resources."  In its

proofs of claim, Cooperativa de Ahorro y Credito de Empleados de la Corporacion del Fondo del

Seguro del Estado listed its address as P.O. Box 42006, San Juan, PR 00940-2006.

41.     Defendant The Jesus Golderos Trust is a trust that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 81983 asserting GO Bond claims against the

Commonwealth.  The Jesus Golderos Trust asserted its GO Bond claims were secured.  In its proof

of claim, The Jesus Golderos Trust listed its address as B-5 Calle Tabonuco, Suite 216, PMB 311,

Guaynabo, PR 00968-3022.

42.     Defendant Estate of Carlos A. Quilichini Roig is the estate of an individual that filed

a proof of claim that was logged by Prime Clerk as Proof of Claim No. 23840 asserting GO Bond

claims against the Commonwealth.  Estate of Carlos A. Quilichini Roig asserted their GO Bond

claims were secured by the Commonwealth's "available resources."  In Estate of Carlos A. Quilichini

Roig's proofs of claim, Estate of Carlos A. Quilichini Roig listed their address as P.O. Box 9020895,

San Juan, PR 00902-0895.

43.     Defendant Cooperativa de Ahorro y Credito de Caparra is a *cooperativa* that filed a

proof of claim that was logged by Prime Clerk as Proof of Claim No. 22546 asserting GO Bond claims

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

against the Commonwealth. Cooperativa de Ahorro y Credito de Caparra asserted their GO Bond claims were secured by the Commonwealth's "available resources." In Cooperativa de Ahorro y Credito de Caparra's proofs of claim, Cooperativa de Ahorro y Credito de Caparra listed their address as 100 Ave. San Patricio, STE F-16, Guaynabo, PR 00968-2635.

44. Defendant Elizabeth L. Anderson (Revocable Trust 10/22/2012) is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15322 asserting GO Bond claims against the Commonwealth. Elizabeth L. Anderson (Revocable Trust 10/22/2012) asserted its GO Bond claims were secured. In its proof of claim, Elizabeth L. Anderson (Revocable Trust 10/22/2012) listed its address as 3755 Margits Lane, Trappe, MD 21673.

45. Defendant Cooperativa de A/C Aguas Buenas is a *cooperativa* that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 27566 and 29585 asserting GO Bond claims against the Commonwealth. Cooperativa de A/C Aguas Buenas asserted their GO Bond claims were secured. In Cooperativa de A/C Aguas Buenas's proofs of claim, Cooperativa de A/C Aguas Buenas listed their address as P.O. Box 5, Aguas Buenas, PR 00703.

46. Defendant Coop A/C San Rafael is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 27746 asserting GO Bond claims against the Commonwealth. Coop A/C San Rafael asserted their GO Bond claims were secured. In Coop A/C San Rafael's proofs of claim, Coop A/C San Rafael listed their address as P.O. Box 1531, Quebradillas, PR 00678.

47. Defendant Estate of Jose A. Roman-Toledo is the estate of an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 38430 asserting GO Bond claims against the Commonwealth. Estate of Jose A. Roman-Toledo asserted their GO Bond claims were secured. In Estate of Jose A. Roman-Toledo's proof of claim, Estate of Jose A. Roman-Toledo listed their address as T-22 13 St. Ext Villa Rica, Bayamon, PR 00959.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

48.     Defendants Andrew P. Davis and Jessica G. Davis, Trustees V/A 8/18/15: Andrew P. Davis 2015 Grat 1 are trustees that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3046 asserting GO Bond claims against the Commonwealth.  Andrew P. Davis and Jessica G. Davis, Trustees V/A 8/18/15: Andrew P. Davis 2015 Grat 1 asserted their GO Bond claims were secured.  In their proof of claim, Andrew P. Davis and Jessica G. Davis, Trustees V/A 8/18/15: Andrew P. Davis 2015 Grat 1 listed their address as 333 West End Ave (#4B), New York, NY 10023.

49.     Defendants Jessica G. Davis and Andrew P. Davis, Trustees U/A 8/18/15: Jessica G. Davis 2015 Grat 1 are trustees that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 6447 asserting GO Bond claims against the Commonwealth.  Jessica G. Davis and Andrew P. Davis, Trustees U/A 8/18/15: Jessica G. Davis 2015 Grat 1 asserted their GO Bond claims were secured.  In their proof of claim, Jessica G. Davis and Andrew P. Davis, Trustees U/A 8/18/15: Jessica G. Davis 2015 Grat 1 listed their address as 333 West End Ave (#4B), New York, NY 10023.

50.     Defendant Jessica G. Davis is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3064 asserting GO Bond claims against the Commonwealth.  Jessica G. Davis asserted their GO Bond claims were secured.  In their proof of claim, Jessica G. Davis listed their address as 333 West End Ave (#4B), New York, NY 10023.

51.     Defendant Tson-Kuang Wu and Mu-Niau Wu Tr, Wu Trust UA 04-27-1999 is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3248 asserting GO Bond claims against the Commonwealth.  Tson-Kuang Wu & Mu-Niau Wu Tr, Wu Trust Ua 04-27-1999 asserted its GO Bond claims were secured.  In its proof of claim, Tson-Kuang Wu & Mu-Niau Wu Tr, Wu Trust Ua 04-27-1999 listed its address as 36 Mulberry Drive, Oberlin, OH 44074.

52.     Defendant Cooperativa De Ahorro Y Credito Padre Salvador Ruffolo is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 25767 asserting GO Bond claims against the Commonwealth.  Cooperativa De Ahorro Y Credito Padre Salvador Ruffolo

14

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

asserted its GO Bond claims were secured.  In its proof of claim, Cooperativa De Ahorro Y Credito Padre Salvador Ruffolo listed their address as P.O. Box 1553, Villalba, PR 00766.

53.    Defendant Cooperativa De A/C Saulo D Rodriguez is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 26044 asserting GO Bond claims against the Commonwealth.  Cooperativa De A/C Saulo D Rodriguez asserted their GO Bond claims were secured.  In its proof of claim, Cooperativa De A/C Saulo D Rodriguez listed their address as P.O. Box 678, Gurabo PR 00778.

54.    Defendant Cooperativa De Ahorro Y Credito Isla Coop is a *cooperativa* that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 53509 asserting GO Bond claims against the Commonwealth.  Cooperativa De Ahorro Y Credito Isla Coop asserted its GO Bond claims were secured.  In its proof of claim, Cooperativa De Ahorro Y Credito Isla Coop listed its address as Attn: Frances B. Gonzalez Arvelo P.O. Box 3388 Carolina, PR 00984-3388.

55.    Defendant David J. Gaynor Tee U/A Dtd 02/23/2005 David J. Gaynor Trust is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3657 asserting GO Bond claims against the Commonwealth.  David J. Gaynor Tee U/A Dtd 02/23/2005 David J. Gaynor Trust asserted its GO Bond claims were secured.  In its proof of claim, David J. Gaynor Tee U/A Dtd 02/23/2005 David J. Gaynor Trust listed its address as 450 North Park Road #701 Hollywood, FL 33021.

56.    Defendant RM Children's Trust is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 43274 asserting GO Bond claims against the Commonwealth. RM Children's Trust asserted its GO Bond claims were secured by available resources of the Commonwealth, "as established in Section 8 of Article VI of the Constitution of Puerto Rico."  In its proof of claim, RM Children's Trust listed its address as P.O. Box 70294 San Juan, PR 00936-8294.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

57.     Defendant Kathy Karen Key Trust is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 5030 asserting GO Bond claims against the Commonwealth. Kathy Karen Key Trust asserted its GO Bond claims were secured. In its proof of claim, Kathy Karen Key Trust listed its address as 7767 Hasting Ct N St Petersburg FL 33709.

58.     Defendant Estate of Guillermo Irizarry is the estate of an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 26630 asserting GO Bond claims against the Commonwealth. Estate of Guillermo Irizarry asserted their GO Bond claims were secured. In their proof of claim, Estate of Guillermo Irizarry listed their address as 1662 Jazmin St Urb. San Francisco San Juan, Puerto Rico 00927.

59.     Defendant Estate of Edward P. Giaimo, Jr. is the estate of an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 44953 asserting GO Bond claims against the Commonwealth. Estate of Edward P. Giaimo, Jr. asserted their GO Bond claims were secured. In its proof of claim, Estate of Edward P. Giaimo, Jr. listed only the address of its counsel: Philip Kalban, Esq. Putney, Twombly, Hall & Hirson LLP, 521 Fifth Ave 10th Floor New York, NY 10175.

60.     Defendant the Alma Elias Rev. Trust is a trust, and along with its co-trustees Pearl Elias and Robert Elias, filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 4316 asserting GO Bond claims against the Commonwealth. The Alma Elias Rev. Trust (Pearl Elias & Robert Elias Co-Trustees) asserted its GO Bond claims were secured. In its proof of claim, the Alma Elias Rev. Trust (Pearl Elias & Robert Elias Co-Trustees) listed its address as P.O. Box 340 Merion Station, PA 19066-0340.

61.     Defendant Brunnemer Children's GST Inv Trust UAD 12/20/01 is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 8647 asserting GO Bond claims against the Commonwealth. Brunnemer Children's GST INV Trust UAD 12/20/01 asserted their GO

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bond claims were secured.  In their proof of claim, Brunnemer Children's GST INV Trust UAD 12/20/01 listed their address as 1355 Greenwood Cliff Suite 401 Charlotte NC 28204.

62.     Defendants Moore Irrevocable Trust U\A 12/8/87, James B. Moore Trustee, a trust and its trustee, filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12141 asserting GO Bond claims against the Commonwealth.  Moore Irrevocable Trust U\A 12/8/87, James B. Moore Trustee asserted their GO Bond claims were secured.  In their proof of claim, Moore Irrevocable Trust U\A 12/8/87, James B. Moore Trustee listed their address as 2532 G Road Grand Junction Colorado 81505.

63.     Defendant John C. Gartland and Katherine A. Gartland Trust UA 03/01/2016 is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3278 asserting GO Bond claims against the Commonwealth.  John C. Gartland and Katherine A. Gartland Trust Ua 03/01/2016 asserted its GO Bond claims were secured.  In its proof of claim, John C. Gartland and Katherine A. Gartland Trust Ua 03/01/2016 listed its address as 1365 Victorian Way Eugene OR 97401.

64.     Defendants Moore Revocable Trust USA 12/8/87, a trust, and James B. Moore, Trustee filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12181 asserting GO Bond claims against the Commonwealth.  Moore Revocable Trust USA 12/8/87, James B. Moore, Trustee asserted their GO Bond claims were secured.  In their proof of claim, Moore Revocable Trust USA 12/8/87, James B. Moore, Trustee listed their address as 2532 G Road Grand Junction, Colorado 81505.

65.     Defendant Trent and Jodene Lareau Revocable Trust is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 1995 asserting GO Bond claims against the Commonwealth.  Trent and Jodene Lareau Revocable Trust asserted its GO Bond claims were

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

secured. In their proof of claim, Trent and Jodene Lareau Revocable Trust listed its address as 4900 Kirkwood Drive Waunakee WI, 53597.

66. Defendant Richard W. Knapp Credit Shelter Trust S/B/O Margaret A. Knapp 07/28/2016 is a trust that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13918 asserting GO Bond claims against the Commonwealth. Richard W. Knapp Credit Shelter Trust S/B/O Margaret A. Knapp 07/28/2016 asserted its GO Bond claims were secured. In their proof of claim, Richard W. Knapp Credit Shelter Trust S/B/O Margaret A. Knapp 07/28/2016 listed its address as 7580 Fintry Dr Greensboro, NC 27409.

67. Defendant Michael J. Seralles is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 29128 asserting GO Bond claims against the Commonwealth. Michael J. Seralles asserted their GO Bond claim was secured. In Michael J. Seralles's proof of claim, Michael J. Seralles listed their address as P.O. Box 360, Mercedita PR 00715-0360.

68. Defendants Alexander Shub and Lisa Shub are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 22827 asserting GO Bond claims against the Commonwealth. Alexander Shub and Lisa Shub asserted their GO Bond claim was secured. In Alexander Shub and Lisa Shub's proof of claim, Alexander Shub and Lisa Shub listed their address as Parque de Santa Maria K2 Calle Petunia, San Juan, PR 00927-6734.

69. Defendants Pedro Cid Martinez and Rafaela Fernandez are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 168037 asserting GO Bond claims against the Commonwealth. Pedro Cid Martinez and Rafaela Fernandez asserted their GO Bond claim was secured. In Pedro Cid Martinez and Rafaela Fernandez's proof of claim, Pedro Cid Martinez and Rafaela Fernandez listed their address as P.O. Box 11920, San Juan, PR 00922-1920.

18

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

70.     Defendant Richard F. Levy Echeandia and Lourdes Arce Rivera are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 398 asserting GO Bond claims against the Commonwealth.  Richard F. Levy Echeandia and Lourdes Arce Rivera asserted their GO Bond claim was secured.  In Richard F. Levy Echeandia and Lourdes Arce Rivera's proof of claim, Richard F. Levy Echeandia and Lourdes Arce Rivera listed their address as Calle Palos Grandes S-3, Guaynabo, PR 00966.

71.     Defendant Jose M. Bonnin is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 34490 and 24844 asserting GO Bond claims against the Commonwealth.  Jose M. Bonnin asserted their GO Bond claims were secured.  In Jose M. Bonnin's proofs of claim, Jose M. Bonnin listed their address as 2815 El Monte Street, Urb. El Monte, Ponce, PR 00716-4837.

72.     Defendant Jose Angel Rey is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 29474 asserting GO Bond claims against the Commonwealth. Jose Angel Rey asserted their GO Bond claim was secured by the Commonwealth's "available resources."  In Jose Angel Rey's proof of claim, Jose Angel Rey listed their address as P.O. Box 10127, San Juan, PR 00908-1127.

73.     Defendant Aileen Schmidt Rodriguez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13175 asserting GO Bond claims against the Commonwealth.  Aileen Schmidt Rodriguez asserted their GO Bond claim was secured.  In Aileen Schmidt Rodriguez's proof of claim, Aileen Schmidt Rodriguez listed their address as Villas Del Parana, S7-10 Calle 6, San Juan, PR 00926-6129.

74.     Defendant Carmen W. Nigaglioni and Henry H. Rexach are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 9868 asserting GO Bond claims against the Commonwealth.  Carmen W. Nigaglioni and Henry H. Rexach asserted their GO

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bond claim was secured.  In Carmen W. Nigaglioni and Henry H. Rexach's proof of claim, Carmen

W. Nigaglioni and Henry H. Rexach listed their address as P.O. Box 366280, San Juan, PR 00936-

6280.

75.     Defendants Radames Muniz and Emma M. De Muniz are individuals that jointly filed

a proof of claim that was logged by Prime Clerk as Proof of Claim No. 32883 asserting GO Bond

claims against the Commonwealth.  Radames Muniz and Emma M. De Muniz asserted their GO Bond

claim was secured.  In Radames Muniz and Emma M. De Muniz's proof of claim, Radames Muniz

and Emma M. De Muniz listed their address as P.O. Box 70294, San Juan, PR 00936-8294.

76.     Defendants Jose R. Mendez Bonnin and Ana M. Emanuelli are individuals that jointly

filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 34198 asserting GO

Bond claims against the Commonwealth.  Jose R. Mendez Bonnin and Ana M. Emanuelli asserted

their GO Bond claim was secured.  In Jose R. Mendez Bonnin and Ana M. Emanuelli's proof of

claim, Jose R. Mendez Bonnin and Ana M. Emanuelli listed their address as G-1 Calle 6 Reparto

Anaida, Ponce, PR 00716-2513.

77.     Defendant Peter C. Hein is an individual that filed a proof of claim that was logged by

Prime Clerk as Proof of Claim No. 10696 asserting GO Bond claims against the Commonwealth.

Peter C. Hein asserted their GO Bond claim was secured.  In Peter C. Hein's proof of claim, Peter C.

Hein listed their address as 101 Central Park West 14E, New York, NY 10023.

78.     Defendant Rene Rios Pena is an individual that filed a proof of claim that was logged

by Prime Clerk as Proof of Claim No. 10035 asserting GO Bond claims against the Commonwealth.

Rene Rios Pena asserted their GO Bond claim was secured.  In Rene Rios Pena's proof of claim, Rene

Rios Pena listed their address as 9 Lemi Villa Borinquen, Caguas, PR 00725.

79.     Defendant Robert B. Faber is an individual that filed a proof of claim that was logged

by Prime Clerk as Proof of Claim No. 15284 asserting GO Bond claims against the Commonwealth.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Robert B. Faber asserted their GO Bond claim was secured.  In Robert B. Faber's proof of claim, Robert B. Faber listed their address as 19 Robin Circle, Stoughton, MA 02072.

80.     Defendants Marco A. Albarran Portilla and Ivelisse Buono are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15429 asserting GO Bond claims against the Commonwealth.  Marco A. Albarran Portilla and Ivelisse Buono asserted their GO Bond claim was secured.  In Marco A. Albarran Portilla and Ivelisse Buono's proof of claim, Marco A. Albarran Portilla and Ivelisse Buono listed their address as P.O. Box 7293, Ponce, PR 00732-7293.

81.     Defendant Marco A. Albarran Portilla is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14178 asserting GO Bond claims against the Commonwealth.  Marco A. Albarran Portilla asserted their GO Bond claims were secured.  In Marco A. Albarran Portilla's proofs of claim, Marco A. Albarran Portilla listed their address as P.O. Box 7293, Ponce, PR 00732-7293.

82.     Defendants Ivelisse Buono-Albarran and Marco A. Albarran TC are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14337 asserting GO Bond claims against the Commonwealth.  Ivelisse Buono-Albarran and Marco A. Albarran TC asserted their GO Bond claims were secured.  In their proof of claim, Ivelisse Buono-Albarran and Marco A. Albarran TC listed their address as P.O. Box 7293 Ponce PR 00732-7293.

83.     Defendants Ivelisse Buono-Albarran and Ivelisse Albarran JNT TEN are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13730 asserting GO Bond claims against the Commonwealth.  Ivelisse Buono-Albarran and Ivelisse Albarran JNT TEN asserted their GO Bond claims were secured.  In their proof of claim, Ivelisse Buono-Albarran and Ivelisse Albarran JNT TEN listed their address as P.O. Box 7293 Ponce PR 00732-7293.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

84.     Defendants Ivelisse Buono-Albarran and Gabriel Albarran-Buono are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15913 asserting GO Bond claims against the Commonwealth.  Ivelisse Buono-Albarran and Gabriel Albarran-Buono asserted their GO Bond claims were secured.  In their proof of claim, Ivelisse Buono-Albarran and Gabriel Albarran-Buono listed their address as P.O. Box 7293 Ponce PR 00732-7293.

### JURISDICTION AND VENUE

85.     This Court has subject matter jurisdiction over this action pursuant to PROMESA section 306 because this adversary proceeding arises under PROMESA Title III, in a Title III case, and relates to the Commonwealth's underlying PROMESA Title III case.

86.     This Court has personal jurisdiction over Defendants pursuant to PROMESA section 306(c).

87.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the Commonwealth's claims occurred in this District. Venue is also proper under PROMESA section 307 because this adversary proceeding is brought in a PROMESA Title III case.

88.     This adversary proceeding is brought pursuant to (*a*) Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to PROMESA section 310, and (*b*) Bankruptcy Code sections 502(b), 545, 550, and 551, made applicable to this adversary proceeding pursuant to PROMESA section 301(a).  This is an appropriate action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There currently exists an actual, justiciable controversy between the parties regarding the validity, priority, extent and enforceability of the liens asserted by Defendants against the Commonwealth, as further set forth herein.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

<u>FACTS</u>

## I.      THE GO BONDS

### A.      GO Bonds

89.      The Puerto Rico Constitution authorizes the Commonwealth to issue and guarantee debt, subject to various limitations.  *See* P.R. Const. Art. VI § 2.

90.      In 1961, Section 2 of Article VI of the Puerto Rico Constitution was amended to limit the Commonwealth's borrowing and guaranties on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

91.      Since 1961, the Commonwealth has issued and guaranteed billions of dollars of GO Bonds.

92.      GO Bonds (including guaranteed bonds) are public debt under Article VI, § 8 of the Puerto Rico Constitution.

93.      Each series of GO Bonds was issued pursuant to a bond resolution and offered pursuant to an official statement.

94.      Approximately $13 billion of GO Bonds (including guaranteed bonds) remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "<u>Petition Date</u>").  *See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 26.

95.      Article VI of the Commonwealth Constitution contains various provisions governing bond debt priority:

- <u>Section 2</u> generally describes the Commonwealth's authority to "impose and collect taxes . . . as determined by the Legislative Assembly" and states such authority "shall never be surrendered or suspended."  This section also mandates that "the power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as determined by the Legislative Assembly."  Lastly, this section states "the Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof."

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

- Section 6 states that "[i]f at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the Government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made."

- Section 7 limits the appropriations made for any fiscal year to the total revenues, including available surplus, estimated for that year, "unless the imposition of taxes sufficient to cover said appropriations is provided by law."

- Section 8 provides that "[i]n case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

96.    None of the provisions of the Puerto Rico Constitution grant GO Bondholders a statutory lien against any of the Commonwealth's property.

**i.    *The Commonwealth's "Good Faith, Credit, and Taxing Power"***

97.    13 L.P.R.A § 41 states, in relevant part, that "[t]he good faith of the Commonwealth of Puerto Rico is hereby irrevocably pledged for the payment of the principal of, and the interest on, the bonds or certificates of indebtedness of the Commonwealth [issued in accordance with cited provisions of law] . . . ." 13 L.P.R.A. § 41.

98.    Each issuance of GO Bonds was authorized pursuant to a specific act or acts of the Puerto Rico Legislature cited in the related official statement. Those acts provided that the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the applicable GO Bonds.

99.    The GO Bonds were issued pursuant to bond resolutions, some of which stated that "[t]he good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on" the GO Bonds. *See, e.g.,* Bond Resolution adopted Aug. 1, 2002, § 14.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

100.    The official statements pursuant to which the GO Bonds were offered made similar statements.  *See, e.g.,* Official Statement dated August 1, 2002, at 10 (stating Commonwealth law "provides that the good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on the Offered Bonds . . . .").

101.    Each Commonwealth guaranty of bonds or notes listed in **Exhibit A** hereto was authorized pursuant to, and set forth in, a specific act of the Puerto Rico Legislature.  Each such act provides that the "good faith, credit and taxing power" or the "good faith and credit" of the Commonwealth is pledged to the payment of the Commonwealth's obligations under the applicable guaranty (each, a "Good Faith and Credit Guaranty").

102.    As recognized in Puerto Rico Attorney General opinions, the obligations of the Commonwealth under a Good Faith and Credit Guaranty are the same as the obligations of the Commonwealth under its direct general obligation indebtedness (with amounts payable under a Good Faith and Credit Guaranty being general obligations of the Commonwealth having the same attributes for purposes of the Puerto Rico Constitution as general obligations evidenced by direct Commonwealth bonds).

103.    The Commonwealth's "good faith, credit, and taxing power" is not property owned by the Commonwealth that can be the subject of a lien.  The Commonwealth could not provide the GO Bondholders with a lien against it.

104.    As a result, the Commonwealth's "pledge" of its "good faith, credit, and taxing power" is nothing more than a promise to pay, which promise is not secured by any Commonwealth property.

105.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended."  P.R. Const. Art VI, § 2.

25

106.     This constitutional provision prohibits the Commonwealth from surrendering—including transferring rights in—its "good faith, credit, and taxing power."

107.     Section 2 of Article VI of the P.R. Constitution prevents GO Bondholders from possessing any liens on the Commonwealth's "good faith, credit, and taxing power."

**ii.    *Available Resources***

108.     Section 8 of Article VI of the Puerto Rico Constitution provides, in relevant part, that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."  P.R. Const. Art. VI, § 8.

109.     Section 4(c) of the Office of Management and Budget Organic Act (the "OMB Act") provides for a payment priority for GO Bonds.  *See* 23 L.P.R.A. § 104(c)(1).  That section provides that, "[i]n tune with Section 8, Article VI" of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

110.     Nothing in Section 8 of Article VI of the P.R. Constitution or in the OMB Act grants GO Bondholders a statutory lien against the Commonwealth's "available resources."

111.     The GO Bondholders were not granted contractual security interests in the Commonwealth's "available resources" by the bond resolutions or official statements.  Those documents only reiterate the provisions of the authorizing statutes and the protections of the Commonwealth Constitution, and therefore do not grant a security interest.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

112.   The official statement pertaining to the GO Bonds issued in 2014 (which were issued

on materially identical terms to the other series of GO Bonds) in pertinent part provided:

> ***There is no collateral securing the Bonds, and the Bonds cannot be accelerated upon a
> default.***

General Obligation Bonds of 2014, Series A Official Statement at 16 (emphasis in original).

113.   Similarly, the Commonwealth's Financial Information and Operating Data Report,

dated December 18, 2016, states, at page 69, that "[t]here is no collateral securing the Commonwealth

general obligation bonds and there are no statutory provisions for a lien on any asset or revenue of

the Commonwealth."

114.   GO Bondholders do not possess any liens against the Commonwealth's "available

resources."

**B.     Allocable Revenues**

115.   Puerto Rico law conditionally earmarks certain tax and fee revenues (*i.e.*, the

Allocable Revenues) to various Commonwealth instrumentalities, but provides that the Allocable

Revenues may be retained by the Commonwealth in certain circumstances.

116.   Allocable Revenues include: (1) certain excise taxes and vehicle fees conditionally

earmarked for the Puerto Rico Highways and Transportation Authority ("HTA") and the Metropolitan

Bus Authority ("MBA"); (2) hotel occupancy taxes conditionally earmarked for the Puerto Rico

Convention Center District Authority ("PRCCDA"); and (3) federal excise taxes imposed on rum and

other items produced in the Commonwealth and sold in the United States (which taxes are collected

by the United States Treasury and returned to the Commonwealth) that are conditionally earmarked

for the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with HTA, MBA and

PRCCDA, the "Authorities"), as well as certain revenues from excise taxes on non-diesel petroleum

products conditionally earmarked for PRIFA.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

117.    None of the statutes governing the Allocable Revenues grant GO Bondholders a lien on the Allocable Revenues.

   **iii.    HTA**

118.    HTA is a public corporation created by Act 74-1965 (codified, as amended and supplemented, at 9 L.P.R.A. §§ 2001-2035) to assume responsibility for the construction of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.

119.    The Commonwealth conditionally earmarked three sets of tax or fee revenues to HTA: gasoline, diesel, crude oil, and other excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31626 and 13 L.P.R.A. § 31627 (the "Excise Taxes"); cigarette excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31625 and earmarked to HTA and MBA pursuant to 13 L.P.R.A. § 31751(a)(4) ("Cigarette Excise Taxes"); and motor vehicle license fees imposed by the Commonwealth pursuant to Act 22-2000, as amended (the "Vehicle Fees").

120.    The statutes under which the Commonwealth earmarked to HTA revenues from the Excise Taxes, the Cigarette Excise Taxes, and the Vehicle Fees (collectively, the "HTA Allocable Revenues") expressly set forth that the HTA Allocable Revenues are subject to retention by the Commonwealth, but they do not grant a lien against any of HTA Allocable Revenues in favor of the GO Bondholders.

121.    The statute earmarking to HTA the revenues of the Excise Taxes indicates that the revenues of the Excise Taxes are subject to use by the Commonwealth "for the payment of interest on and the amortization of the public debt as provided in provided in Section 8 of Article VI of the Constitution." 13 L.P.R.A. § 31751(a)(1)(E).  However, such earmarking statute does not grant a lien against any of the revenues of the Excise Taxes in favor of the GO Bondholders.

122.    The statute earmarking to HTA the revenues of a portion of the Cigarette Excise Taxes provides that "[t]he proceeds from such taxes shall be used solely for the payment of the interest on

28

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of

Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain

such purposes." 13 L.P.R.A. § 31751(a)(3)(C). However, such earmarking statute does not grant a

lien against any of the revenues of the Cigarette Excise Taxes in favor of the GO Bondholders.

123.    The statute earmarking to HTA the revenues of the Vehicle Fees provides the same.

*See* 9 L.P.R.A. § 2021 (stating that the revenues of the Vehicle Fees shall "be used for the payment

of interest and the amortization of the public debt, as provided in said Section 8 [of Article VI of the

Constitution of Puerto Rico] until the other resources, referred to in said section, are [sufficient] for

such purposes."). However, such earmarking statute does not grant a lien against any of the revenues

of the Vehicle Fees in favor of the GO Bondholders.

124.    Nothing grants GO Bondholders a lien against any of the HTA Allocable Revenues.

The statutes governing the conditional earmarking to HTA of the HTA Allocable Revenues restate

section 8 of Article VI of the Puerto Rico Constitution, which does not itself grant a lien to GO

Bondholders. *See also* Act 1-2015, § 2.01 (which indicates that the earmarking to HTA of the HTA

Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the

Commonwealth of Puerto Rico," which does not grant a lien against any of the HTA Allocable

Revenues in favor of the GO Bondholders).

**iv.    MBA**

125.    MBA is a public corporation created by Act No. 5-1959 (codified, as amended and

supplemented, at 23 L.P.R.A. §§ 601-620), for the purpose of developing and operating the overland

passenger transportation facilities and services in Puerto Rico. 23 L.P.R.A. § 606.

126.    The revenues of a portion of the Cigarette Excise Taxes is conditionally earmarked for

MBA. As with the revenues of the Cigarette Excise Taxes earmarked to HTA, the revenues of the

Cigarette Excise Taxes earmarked to MBA are subject to retention by the Commonwealth. 13

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

L.P.R.A. § 31751(a)(4)(C) (stating that the "proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes.").

127.    The statute conditionally earmarking to MBA the revenues of a portion of the Cigarette Excise Taxes does not grant GO Bondholders a lien against the Cigarette Excise Taxes.  Instead, it simply restates section 8 of Article VI of the Puerto Rico Constitution.

        **v.    PRCCDA**

128.    PRCCDA is a public corporation created by Act No. 351-2000 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 6401-6475), for the purpose of developing and operating a convention center located in San Juan, Puerto Rico, and related improvements and facilities.  *See* 23 L.P.R.A. § 6404.

129.    The Commonwealth conditionally earmarked to PRCCDA the revenues from certain hotel occupancy taxes imposed by the Commonwealth and collected by the Puerto Rico Tourism Company pursuant to Act 272-2003 ("Hotel Taxes").

130.    The statute under which the Commonwealth earmarked to PRCCDA revenue from the Hotel Taxes expressly sets forth that the revenues from the Hotel Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO Bondholders. *See* 13 L.P.R.A. § 2271v (providing the Hotel Taxes shall be "used solely for the payment of the interest and the amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other available resources to which reference is made in said Section are insufficient for such purposes.").

131.    Nothing grants GO Bondholders a lien over the revenues of the PRCCDA Hotel Taxes. Instead, the relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

30

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

vi. **PRIFA**

132. PRIFA is a public corporation created by Act 44-1988 (codified, as amended and supplemented, at 3 L.P.R.A. §§ 1901-1923) for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. *See* 3 L.P.R.A. § 1901.

133. The Commonwealth has conditionally earmarked to PRIFA: (*i*) revenues from a federal excise tax imposed on rum and other items produced in the Commonwealth and sold in the United States, which taxes are collected by the United States Treasury and returned to the Commonwealth ("Rum Taxes"), and (*ii*) revenues from certain excise taxes on non-diesel petroleum products imposed by the Commonwealth pursuant to Act 1-2015 (including section 3020.07A(a)(i) in the Puerto Rico Internal Revenue Code) ("PRIFA Petroleum Taxes").

134. The statute under which the Commonwealth earmarked to PRIFA revenues from the Rum Taxes expressly provides that the revenues from the Rum Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO bondholders. 3 L.P.R.A. § 1914 ("The moneys of the Special Fund [into which revenues of the PRIFA Rum Taxes are required to be deposited] may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8 [of Article VI of the Constitution of the Commonwealth of Puerto Rico], only when the other resources available referred to in said Section are insufficient for such purposes.").

135. Nothing grants GO Bondholders a lien against the revenues of the Rum Taxes. The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

136. The statute under which the Commonwealth earmarked to PRIFA revenues from the PRIFA Petroleum Taxes expressly provides that the revenues from the PRIFA Petroleum Taxes are subject to retention by the Commonwealth. *See* Act 1-2015, § 2.02 (inserting § 3020.07A(a)(i) into

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

P.R. Internal Revenue Code) (providing that the revenues of the PRIFA Petroleum Taxes "shall only be used for the payment of interest and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, insofar as all other available resources mentioned in said Section are insufficient for such purposes.").

137.    Nothing grants GO Bondholders a lien against revenues of the PRIFA Petroleum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

### C.    Property Tax Revenues

138.    Pursuant to Act 83 of 1991 ("Act 83"), the Legislative Assembly of Puerto Rico authorized a "special tax" of 1.03% on the appraised value of all personal and real property in Puerto Rico, which is "in addition to all other taxes imposed by virtue of other laws in effect."  21 L.P.R.A. § 5002.

139.    Act 83 provides a process for the collection of these Property Tax Revenues. The "Municipal Revenues Collection Center" (known by its Spanish acronym "CRIM") is required to collect the Property Tax Revenues and deposit them into the "general trust established jointly by CRIM and the Government Development Bank for Puerto Rico, pursuant to subsection (c) of the Municipal Revenue Collection Center Act."  21 L.P.R.A. § 5004.

140.    In the "general trust," the Property Tax Revenues are commingled with the revenues of other property taxes of the Commonwealth and lose their separate identity.  *See* 21 L.P.R.A. § 5803(c).

141.    Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called  the "Commonwealth Debt Redemption Fund."  21 L.P. R.A. § 5004(a).  Act 83 requires that the Property Tax Revenues in the Commonwealth Debt Redemption Fund be applied solely to the payment of the "existing or future

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

general obligation[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligation[s], including the payment of any premium that is required for said early redemption." *Id.* However, nothing in Act 83 grants a lien against, or other property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise) to the GO Bondholders.

142.    Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

143.    No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

144.    No trust was ever established over the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise), and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise).

145.    Act 83 provides that the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente] and the same will constitute sufficient authorization for the Government Development Bank for Puerto Rico to carry out the corresponding [distributions]." *Id.* § 5005.

146.    The Spanish version of the Act is clear that this provision does not create a lien against the Property Tax Revenues. The Spanish version refers to "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation." This language does not create a lien against the Property Tax Revenues. It establishes a payment priority.[9]

---

[9]  In contrast, when the Puerto Rico legislature wishes to create a lien, it uses the phrase "gravamen preferente," which translates to "prior lien." *See, e.g.,* 21 L.P.R.A. § 5234 (creating a statutory lien in favor of CRIM against taxpayers for nonpayment of the Special Property Tax). While the English language version of Act 83 translates "obligacion preferente" to mean "prior lien bond," this appears to be a mistranslation. The Spanish language version of Act 83 should govern over the English language version. Pursuant to 1 L.P.R.A. § 59, English and Spanish are currently both Puerto's official languages. However, at the time Act 83 was enacted, the official language of Puerto Rico was Spanish.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

### D.    Article 9 of the Uniform Commercial Code

147.    Commonwealth law governs the effectiveness and perfection of security interests in the Commonwealth's property.  *See* 19 L.P.R.A. § 2251.

148.    The Commonwealth adopted a prior version of Article 9 of the Uniform Commercial Code (the "UCC"), effective in 1996, which governed the granting and perfection of security interests.

149.    The Commonwealth subsequently adopted revised Article 9 of the UCC, effective January 17, 2013 (hereinafter, revised Article 9 is referred to as "Article 9").  *See* Act No. 21-2012; 19 L.P.R.A. § 2211 *et seq.*

150.    Under Article 9, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the collateral or the power to transfer rights in the collateral, and (c) the debtor has signed a security agreement that provides a description of the collateral.  19 L.P.R.A. § 2233(b).

151.    "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. § 2212(a)(12) (emphasis added).

152.    "Security agreement" means an agreement that creates or provides for a security interest.  19 L.P.R.A. § 2212(a)(74).

153.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the collateral subject to the security interest.  19 L.P.R.A. § 2218(a).

---

*See* Act No. 4 of April 5, 1991 (which was repealed by Act No. 1 of January 28, 1993).  Thus, at the time of its enactment, Act 83 was in Spanish, and therefore the Spanish version of Act 83 should govern.  Moreover, unlike other Puerto Rico statutes, there is no provision of Act 83 that specifies that the English version should govern.  Instead, it was the Spanish version that was approved by the Puerto Rico Legislature.  Consistent with this interpretation, the official statements pertaining to the GO Bonds explain that the Special Property Tax is collected and "credited to the Redemption Fund for application to the payment of general obligation bonds and notes of the Commonwealth."  *See, e.g.*, General Obligation Bonds of 2014, Series A Official Statement at 30.  However, the official statements pertaining to the GO Bonds do not state that the revenues of the Special Property Tax are subject to a lien in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

154.     The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in any property of the Commonwealth for, or for the benefit of, the GO Bondholders.  Therefore, there is no such security interest.

## II.     THE COMMONWEALTH'S TITLE III CASE

155.     On June 30, 2016, President Obama signed PROMESA into law.  On May 3, 2017, the Oversight Board filed a petition for the Commonwealth, commencing the Commonwealth's Title III case.  Pursuant to PROMESA, Congress made the Oversight Board the representative of the Debtor, PROMESA § 315(b), and gave the Oversight Board the powers of a trustee for the purpose of each Bankruptcy Code section incorporated into Title III that references a trustee.  PROMESA § 301(c)(7).

## COUNT I

### DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD LIENS ON THE COMMONWEALTH'S GOOD FAITH, CREDIT, AND TAXING POWER AND ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
### (28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

156.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-155.

157.     GO Bondholders have asserted they hold liens against the Commonwealth's "good faith, credit, and taxing power."  The Commonwealth, acting through the Plaintiffs, disputes this assertion and objects to the secured claims.  Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and the GO Bondholders concerning the validity of the liens asserted by GO Bondholders on the Commonwealth's "good faith, credit, and taxing power."

158.     Under the Bankruptcy Code, a "lien" means a "charge against or interest in *property* to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37) (emphasis added).

159.     A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ." 11 U.S.C. § 101(53).

160.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred.

161.    The Commonwealth's "good faith, credit, and taxing" power cannot be subject to a statutory lien.

162.    A "security interest" means a "lien created by an agreement." 11 U.S.C. § 101(51).

163.    Under Article 9 of the UCC, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the *collateral* or the power to transfer rights in the *collateral*, and (c) the debtor has signed a *security agreement* that provides a description of the collateral.   19 L.P.R.A. § 2233(b) (emphasis added).

164.    "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. § 2212(a)(12) (emphasis added).

165.    "Security agreement" means an agreement that creates or provides for a security interest.  19 L.P.R.A. § 2212(a)(74).

166.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in the "good faith, credit, and taxing power" of the Commonwealth.

167.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred.  It therefore cannot be subject to a security interest.

168.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and *shall never be surrendered or suspended*."  P.R. Const. Art VI, § 2 (emphasis added).

169.    The Commonwealth does not have "the power to transfer rights" in the Commonwealth's "good faith, credit and taxing power." The Commonwealth's "good faith, credit, and taxing power" cannot be subject to a security interest.

170.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all appropriate further relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens in the Commonwealth's "good faith, credit, and taxing power," as well as an order disallowing all secured claims against the Commonwealth's good faith, credit, and taxing power pursuant to Bankruptcy Code section 502(b).

## COUNT II

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S "AVAILABLE RESOURCES" AND ORDER
DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

171.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-170.

172.    GO Bondholders have asserted they hold liens against the Commonwealth's "available resources." The Commonwealth, acting through Plaintiffs, disputes this assertion. Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Commonwealth's "available resources."

173.    Section 8 of Article VI of the Puerto Rico Constitution provides "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

174.    OMB Act section 4(c) provides "[i]n tune with Section 8, Article VI," of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he

payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

175.    Under the Bankruptcy Code, a "lien" means a "*charge against or interest in* property

to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).

A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ."  11

U.S.C. § 101(53).

176.    Neither the Puerto Rico Constitution nor the OMB Act grant GO Bondholders a

"charge against or interest in" property.  At most, they create a Puerto Rico law payment priority.

177.    The GO Bondholders were not granted security interests by the bond resolutions or

official statements, which reiterate the provisions of the authorizing acts and the protections of the

Commonwealth Constitution, and fail to grant a security interest.

178.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the

collateral subject to the security interest.  19 L.P.R.A. § 2218(a).  There exists no agreement (signed

by the Commonwealth) granting GO Bondholders a security interest in the Commonwealth's

"available resources."

179.    The term "available resources" does not "reasonably identif[y]" any collateral subject

to any purported security interest.  Even if the term "available resources" were used in a security

agreement, that use would not be sufficient to grant a security interest in "available resources" to GO

Bondholders.

180.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do

not hold liens on the Commonwealth's "available resources," as well as an order disallowing all

secured claims against the Commonwealth's "available resources" pursuant to Bankruptcy Code

section 502(b).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## COUNT III

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN "AVAILABLE RESOURCES"
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

181.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-180.

182.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid

the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes

effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified

standard." 11 U.S.C. § 545(1)(E).

183.    If the GO Bondholders hold statutory liens against the Commonwealth's "available

resources," they would only become effective when "available [resources] including surplus for any

fiscal year are insufficient to meet the appropriations made for that year." P.R. Const. Art. VI, § 8;

*see also* OMB § 104(c)(1).

184.    Any such statutory liens "become[] effective against the debtor . . . (E) when the

debtor's financial condition fails to meet a specified standard" and are avoidable pursuant to

Bankruptcy Code section 545(1)(E). *See* 11 U.S.C. § 545(1)(E).

185.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens

against the Commonwealth's "available resources" should be avoided, recovered for the

Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the

benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT IV

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE ALLOCABLE REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

186.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-185.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

187.    Defendants have asserted they hold liens against the Allocable Revenues.  The Commonwealth, acting through the Plaintiffs, disputes this assertion.

188.    An actual, substantial, and justiciable controversy exists between the Commonwealth and the Defendants concerning the validity of the liens asserted on the Allocable Revenues.

189.    Section 8 of Article VI of the Commonwealth Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

190.    This constitutional provision does not grant GO Bondholders a statutory lien against the Allocable Revenues.

191.    The statutes governing the earmarking of the Allocable Revenues to the Authorities all condition the Authorities' rights to the Allocable Revenues on section 8 of Article VI of the Commonwealth Constitution.  *See* 13 L.P.R.A. § 31751(a)(1)(E) (conditioning earmarking of revenues of Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 31751(a)(3)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 9 L.P.R.A. § 2021 (conditioning earmarking of revenues of Vehicles Taxes to HTA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.01 (earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico . . . ."); 13 L.P.R.A. § 31751(a)(4)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to MBA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 2271v (conditioning earmarking of revenues of Hotel Tax Revenues to PRCCDA to P.R. Const. Art. VI, § 8); 3 L.P.R.A. § 1914 (conditioning earmarking of revenues of Rum Taxes to PRIFA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.02

40

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

(inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (conditioning earmarking of revenues of PRIFA Petroleum Taxes to PRIFA to P.R. Const. Art. VI, § 8).

192.    Those statutes do not grant GO Bondholders a statutory lien against any of the Allocable Revenues.

193.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens on the Allocable Revenues, as well as an order disallowing all secured claims against the Allocable Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT V

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN ALLOCABLE REVENUES
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

194.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-193.

195.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard . . . ." 11 U.S.C. § 545(1)(E).

196.    If GO Bondholders hold statutory liens against the Allocable Revenues, they would only become effective when "available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8; *see also* 13 L.P.R.A. § 31751(a)(1)(E); 9 L.P.R.A. § 2004(l); 13 L.P.R.A. § 31751(a)(3)(C); 9 L.P.R.A. § 2021; Act 1-2015 § 2.01; 13 L.P.R.A. § 31751(a)(4)(C); 13 L.P.R.A. § 2271v; 3 L.P.R.A. § 1914; Act 1-2015 § 2.02.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

197.    Any such statutory liens only "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are therefore avoidable pursuant to Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

198.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Allocable Revenues should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT VI

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE PROPERTY TAX REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

199.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-198.

200.    GO Bondholders have asserted they hold liens against the Property Tax Revenues. The Commonwealth, acting through the Plaintiffs, disputes this assertion.

201.    Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Property Tax Revenues.

202.    Act 83 provides Property Tax Revenues are to be collected and deposited into the "general trust" established jointly by the Municipal Revenues Collection Center and the Government Development Bank for Puerto Rico pursuant to the Municipal Revenue Collection Center Act.  21 L.P.R.A. § 5004.

203.    In the "general trust," the Property Tax Revenues are commingled with other property taxes of the Commonwealth and lose their separate identity as Property Tax Revenues.  *See* 21 L.P.R.A. § 5803(c).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

204.     Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund." *Id.* § 5004(a).  This section does not itself create a trust; rather, it directs the Secretary of the Treasury to constitute one.

205.     Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

206.     No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

207.     No such trust holding Property Tax Revenues was ever established, and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in such trust or otherwise).

208.     Act 83 requires that the Property Tax Revenues in the Commonwealth Redemption Fund be applied solely to the payment of the "existing or future general obligations[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligations[s], including the payment of any premium that is required for said early redemption."  21 L.P.R.A.  5004(a).

209.     Act 83 provides the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente]." *Id.* § 5005.

210.     The Spanish version reads "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation."  This statutory language does not create a lien over the Property Tax Revenues, but creates a payment priority.

211.     Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

do not hold liens against or any other property interests in the Property Tax Revenues, as well as an

order disallowing all secured claims against the Property Tax Revenues pursuant to Bankruptcy Code

section 502(b).

## <u>COUNT VII</u>

DECLARATORY JUDGMENT THAT UNDER PUERTO RICO LAW THE
COMMONWEALTH'S INTEREST IN ANY OF THE COMMONWEALTH'S PROPERTY IS
ENTITLED TO PRIORITY OVER ANY SECURITY INTERESTS GRANTED TO
DEFENDANTS
(28 U.S.C. §§ 2201, 2202; 19 L.P.R.A. §§ 2212(a)(52), 2267(a)(2))

212.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-211.

213.   Except as otherwise provided in Article 9, "a financing statement must be filed to

perfect all security interests."  19 L.P.R.A. § 2260(a).

214.   No financing statements were filed in connection with the GO Bonds.

215.   No purported security interests of the Defendants are perfected by any other applicable

method of perfection under Article 9.

216.   Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a "lien creditor" has

priority over unperfected security interests.

217.   Pursuant to 19 L.P.R.A. § 2212(a)(52), under Puerto Rico law "lien creditor" means,

among other things, "a trustee in bankruptcy from the date of the filing of the petition."

218.   Pursuant to PROMESA section 301(c)(7), "the term 'trustee', when used in [the

Bankruptcy Code], means the Oversight Board . . . ."  PROMESA § 301(c)(7).

219.   Plaintiffs therefore have priority over unperfected security interests in any of the

Commonwealth's property, including any purported security interests of the Defendants.

220.   Accordingly, Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §

2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that pursuant to 19

L.P.R.A. § 2267(a)(2) Plaintiffs' interests in the Commonwealth's property, including in the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, have priority over any security interests held by Defendants.

## COUNT VIII

JUDGMENT AVODING AND PRESERVING FOR THE COMMONWEALTH ANY SECURITY INTERESTS IN THE COMMONWEALTH'S PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 544 AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 544, 550, 551; 19 L.P.R.A. § 2267(a)(2))

221.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-220.

222.    Pursuant to Bankruptcy Code sections 544(a), the Commonwealth has, as of the commencement of this Title III case, and without regard to any knowledge of a trustee, debtor, or creditor, the rights and powers of, or may avoid any transfer of its property or any obligation it incurred that is voidable by, a judicial lien creditor, among other things.  11 U.S.C. § 544(a).

223.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a judicial lien creditor has priority over unperfected security interests.

224.    Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

225.    No financing statements were filed in connection with the GO Bonds.

226.    No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

227.    As such, any purported security interests in any of the Commonwealth's property, including, without limitation, in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, are unperfected, for the reasons explained above, and are therefore invalid, unenforceable, and subject to avoidance and preservation for the Commonwealth pursuant to sections 544 and 551.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

228.    Accordingly, pursuant to Bankruptcy Code sections 544(a) and 551, and 19 L.P.R.A.

§ 2267(a)(2), all purported security interests of the Defendants, including in the Commonwealth's

"available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax

Revenues and the Allocable Revenues, should be avoided, recovered for the Commonwealth pursuant

to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth

pursuant to Bankruptcy Code section 551.

## COUNT IX

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
ARE UNSECURED CLAIMHOLDERS TO THE EXTENT THEY HOLD VALID CLAIMS AND
ORDER DISALLOWING ANY SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION
502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

229.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-228.

230.    Defendants do not hold liens against any of the Commonwealth's property.

231.    Defendants' claims, to the extent they are valid, are entirely unsecured.

232.    Defendants have asserted their GO Bond claims are secured.

233.    An actual, substantial, and justiciable controversy exists between the Commonwealth

and Defendants concerning the secured status of Defendants' claims.

234.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that Defendants' GO Bond

claims, to the extent they are valid, are entirely unsecured, as well as an order disallowing all secured

claims pursuant to Bankruptcy Code section 502(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that judgment be entered for the Commonwealth and against

Defendants as follows:

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

A. Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's good faith, credit and taxing power;

B. Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's available resources;

C. Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Commonwealth's available resources pursuant to Bankruptcy Code section 545;

D. Declaring Defendants do not hold a statutory lien against, or security interest in, the Allocable Revenues;

E. Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Allocable Revenues pursuant to Bankruptcy Code section 545;

F. Declaring Defendants do not hold a statutory lien against, or security interest in, the Property Tax Revenues;

G. Declaring any security interests Defendants hold in the Commonwealth's property are unperfected and junior to Plaintiffs' interests in the Commonwealth's property pursuant to 19 L.P.R.A. § 2267(a);

H. Avoiding and preserving for the Commonwealth any security interest Defendants have against the Commonwealth's property pursuant to Bankruptcy Code section 544;

I. Declaring Defendants' GO Bond claims, to the extent they are valid, are entirely unsecured; and

J. Disallowing all secured claims asserted by Defendants.

*[Remainder of page intentionally left blank.]*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Dated: May 2, 2019
     San Juan, Puerto Rico

Respectfully submitted,

/s/   Martin J. Bienenstock

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

/s/   Hermann D. BauerT

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

and

/s/ Luc A. Despins

**PAUL HASTINGS LLP**[10]
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com

---

[10] Due to circumstances outside of its control, and despite its best efforts, the Committee's counsel Paul Hastings LLP was unable to finish a comprehensive conflicts review with respect to all defendants prior to the filing of this Complaint.  The Committee's counsel reserves the right to withdraw from this action as to certain defendants without prejudice to Plaintiffs if necessary to resolve any conflicts that may arise.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

jamesbliss@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR
218312
Diana M. Batlle-Barasorda, Esq., USDC - PR
213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR
302710
Ericka C. Montull-Novoa, Esq., USDC - PR
230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## EXHIBIT A

## DEBT GUARANTEED BY COMMONWEALTH UNDER GOOD/FULL FAITH AND CREDIT GUARANTIES

1.  Puerto Rico Public Buildings Authority (PBA)

    All outstanding bonds[11]


2.  Puerto Rico Infrastructure Financing Authority (PRIFA)

    All outstanding bond anticipation notes[12]


3.  Puerto Rico Aqueduct and Sewer Authority (PRASA)

    Revenue Refunding Bonds, Series A and Revenue Refunding Bonds, Series B[13]

4.  Port of the Americas Authority (APLA)

    All outstanding bonds[14]

---

[11] $4.0 billion approximate principal amount (as of July 31, 2016).

[12] $78.0 million approximate principal amount (as of July 31, 2016).

[13] $284.8 million approximate principal amount (as of July 31, 2016).

[14] $226.0 million approximate principal amount (as of July 31, 2016).

50