## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2] | Adv. Proc. No. 19-_____-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action,* Case No. 17-BK-3283 (LTS), ECF No. 6501-1, which is incorporated herein by reference.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

v.

JUAN G. ORTIZ DE LA RENTA; MARIA TERESITA
MARTIN; ANTONIO MARTIN CERVERA; LUIS A.
TORO PEREZ M.D.; ARNALDO CRUZ IGARTUA;
MILAGROS AYOROA SANTALIZ; SANTOS
MULERO SIERRA; ELIZABETH GONZALEZ; JOSE
RAMON GONZALEZ PASSALACQUA; CARLOS
VALDES DE LLAUGER; CARMEN CASTRO DE
VALDES; BRIAN L. MURPHY; RENE TORRES
ORTIZ; JUAN M. LOPEZ CALDERON; MANUEL
DOS SANTOS; LUIS J. TORRUELLA; ADALBERTO
E. MORET RIVERA; CARMEN CASANOVA DE
ROIG; DELIA E. VIZCARRONDO; HECTOR L.
RIVERA ROSARIO; ENELIA RUSSE; MIGUEL
POMALES CASTRO; BRUCE ROBERT
WIEDERSPIEL; MARCOS A. ROMAN-LOPEZ; LUZ J.
PASARELL; ARIEL FERDMAN; JORGE P. SALA
COLON; FIDEICOMISO MERCADO RIERA; ANA R.
LOPEZ; ANNE FARLEY; MARGARITA GUZMAN;
EILEEN MARIA COFFEY; CHARLES L. PERKINS,
SR.; AWILDA VALLE; RAUL JAIME VILA SELLES;
EVELYN RAMIREZ GARRATON; MYRTA LOPEZ-
MOLINA; JAVIER CERRA FERNANDEZ M.D.;
HILDA A. IZQUIERDO STELLA; JOHN SANTOS
RUSSO; NARCISO CAMEJO GONZALEZ; CARLOS
R. MACHIN; LUZ D. MILLAN; JULIO H.
SEPULVEDA RAMOS; SUZETTE ABRAHAM;
ROBERT KAZMIERSKI; RONALD RAMOS MARTIN;
DIANE SILVERMAN; JACK GOLDIKENER;
BLANCA GOLDIKENER; LIANA RIVERA OLIVIERI;
DONALD L. MCDONALD; ROBERT RAMOS
MARTIN; JOAQUIN GUTIERREZ FERNANDEZ;
CELIA FERNANDEZ DE GUTIERREZ; DR. CARLOS
SUAREZ VAZQUEZ; FIDEICOMISO LUGO RIVERA;
MARIANO E. GONZALEZ DIEZ; VIVIAN PURCELL;
CLARISSA M. VINAS MIRANDA; JUAN BUONO
ALCARAZ; YVONNE BAERGA VARELA; ENRIQUE
ALFONSO SABATER; JOSEFINA VARELA
GONZALEZ; LUIS BAERGA; MIGUEL PALOU
SABATER; WARREN MIN; JOSE E. FRANCO
GOMEZ; CARMEN ROSA POLA; IAN MELMED;
MAYRA I. RAMOS ROMAN; CARLOS A. PONCE DE
LEON; MARIA INES SUAREZ PEREZ-GUERRA;
GEORGE E. REED JR.; MARIA ISABEL SUAREZ;
RAUL RAMIREZ; LUIS SANTINI LOPEZ; VIVIAN

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

HERNANDEZ VINAS; CARMEN MARIA DAVILA;
LYNETTE CASTILLO; ESTELA DEL VALLE
RULLAN; WILFREDO VAZQUEZ OLIVENCIA;
JORDI BOFILL; MARIA CARMEN PRATS TIC;
WILSON RIVERA ORTIZ; CARMEN E. RAMIREZ;
IRMITA GUZMAN DE AMADOR; IVONNE T.
VIDAL; TERESA R. MILLER; JOHN D. GOEKE;
MARIA E. FRONTERA AYMAT

     Defendants.

**COMPLAINT CHALLENGING VALIDITY,
ENFORCEABILITY, AND EXTENT OF ALLEGED PREPETITION LIENS
OF COMMONWEALTH GENERAL OBLIGATION AND GUARANTEED BONDS**

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1), made applicable to these Title III

cases by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[1] and the *Stipulation and Agreed Order by and Among Financial Oversight and*

*Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors*

*Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Stipulation"), the

Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through (i) the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's

representative pursuant to section 315(b) of PROMESA, and (ii) the Official Committee of Unsecured

Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the

Commonwealth and Oversight Board, the "Plaintiffs"), as section 926 trustee and co-plaintiff

pursuant to the Stipulation, in each case by and through undersigned counsel, allege as follows for

their complaint ("Complaint")[2] against Defendants,[3] as holders and/or insurers of general obligation

("GO") bonds issued by the Commonwealth and/or bonds or notes guaranteed by the Commonwealth

---

[1]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[2]   Plaintiffs reserve its right to raise additional objections or commence additional avoidance actions on any basis to GO Bond (as defined below) claims.

[3]   Defendants in this action are: Juan G. Ortiz de la Renta; Maria Teresita Martin; Antonio Martin Cervera; Luis A. Toro Perez M.D.; Arnaldo Cruz Igartua; Milagros Ayoroa Santaliz; Santos Mulero Sierra; Elizabeth Gonzalez; Jose Ramon Gonzalez Passalacqua; Carlos Valdes de Llauger; Carmen Castro de Valdes; Brian L. Murphy; Rene Torres Ortiz; Juan M. Lopez Calderon; Manuel Dos Santos; Luis J. Torruella; Adalberto E. Moret Rivera; Carmen Casanova de Roig; Delia E. Vizcarrondo; Hector L. Rivera Rosario; Enelia Russe; Miguel Pomales Castro; Bruce Robert Wiederspiel; Marcos A. Roman-Lopez; Luz J. Pasarell; Ariel Ferdman; Jorge P. Sala Colon; Fideicomiso Mercado Riera; Ana R. Lopez; Anne Farley; Margarita Guzman; Eileen Maria Coffey; Charles L. Perkins, Sr.; Awilda Valle; Raul Jaime Vila Selles; Evelyn Ramirez Garraton; Myrta Lopez-Molina; Javier Cerra Fernandez M.D.; Hilda A. Izquierdo Stella; John Santos Russo; Narciso Camejo Gonzalez; Carlos R. Machin; Luz D. Millan; Julio H. Sepulveda Ramos; Suzette Abraham; Robert Kazmierski; Ronald Ramos Martin; Diane Silverman; Jack Goldikener; Blanca Goldikener; Liana Rivera Olivieri; Donald L. McDonald; Robert Ramos Martin; Joaquin Gutierrez Fernandez; Celia Fernandez De Gutierrez; Dr. Carlos Suarez Vazquez; Fideicomiso Lugo Rivera; Mariano E. Gonzalez Diez; Vivian Purcell; Clarissa M. Vinas Miranda; Juan Buono Alcaraz; Yvonne Baerga Varela; Enrique Alfonso Sabater; Josefina Varela Gonzalez; Luis Baerga; Miguel Palou Sabater; Warren Min; Jose E. Franco Gomez; Carmen Rosa Pola; Ian Melmed; Mayra I. Ramos Roman; Carlos A. Ponce De Leon; Maria Ines Suarez Perez-Guerra; George E. Reed Jr.; Maria Isabel Suarez; Raul Ramirez; Luis Santini Lopez; Vivian Hernandez Vinas; Carmen Maria Davila; Lynette Castillo; Estela Del Valle Rullan; Wilfredo Vazquez Olivencia; Jordi Bofill; Maria Carmen Prats TIC; Wilson Rivera Ortiz; Carmen E. Ramirez; Irmita Guzman De Amador; Ivonne T. Vidal; Teresa R. Miller; John D. Goeke; Maria E. Frontera Aymat (collectively, "Defendants").

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

on a good/full faith and credit basis[4] ("GO Bonds," and holders and insurers of such Bonds, "GO Bondholders," or, as the context requires, such defined terms shall refer only to Commonwealth GO bonds and holders and insurers of such bonds) that have asserted secured status in the Commonwealth's Title III case:[5]

## NATURE OF ACTION

1.        This adversary proceeding arises out of a dispute between the Commonwealth and Defendants—various GO Bondholders—regarding the existence, extent, and enforceability of asserted consensual and statutory liens.  Defendants have filed claims in the Commonwealth's Title III case asserting their GO Bond claims are secured by one or more of the following: (1) the Commonwealth's "good/full faith, credit and taxing power," (2) the Commonwealth's "available resources,"[6] (3) the Allocable Revenues (as defined below), and (4) the Property Tax Revenues (as defined below).

2.        All the foregoing assertions are incorrect.  GO Bondholders have no such liens:

- Good Faith and Credit.  The Commonwealth's "pledge" of its "good faith, credit and taxing power" to its general obligation bonds under 13 L.P.R.A § 41, certain bond authorizing statutes, and certain bond resolutions is a promise to pay.  The Commonwealth's "good faith and credit" guaranties obligate the Commonwealth on the same basis as the Commonwealth is obligated under its general obligation bonds.  The Commonwealth's "good faith, credit, and taxing power" is not property that can be subject to a lien.  Moreover, the Commonwealth's "full faith, credit and taxing power" is a power the Commonwealth Constitution provides "shall never be surrendered or suspended."  Therefore, the Commonwealth could not have granted a lien on it even if it is property.

---

[4]   A schedule of such Commonwealth-guaranteed bonds and notes is attached hereto as **Exhibit A**.  The Puerto Rico Constitution uses the term "full faith" while the relevant Puerto Rico statutes and bond resolutions use the term "good faith."  The Plaintiffs understand these terms to be used interchangeably.

[5]   Defendants in this action are all holders and insurers of outstanding GO Bonds (including, as that term is defined herein, bonds backed by a Commonwealth "good faith and credit" guaranty) that have asserted secured status in the Commonwealth's Title III case.

[6]   Although the GO Bondholders use the term "available resources," which is a translation of the Spanish version of the text, the official English version of the Puerto Rico Constitution uses the narrower term "available revenues."  Solely for purposes of this Complaint, and without waiver of or prejudice to any argument regarding which version of the Puerto Rico Constitution controls, the Commonwealth uses the term "available resources" so that the relief it seeks corresponds to the GO Bondholders' assertions.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

- <u>Available Resources</u>.  The Puerto Rico Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid." *See* P.R. Const. Art VI, § 8.  This does not create a lien on the Commonwealth's "available [resources]"—it only creates a Puerto Rico law payment priority.

- <u>Allocable Revenues</u>.  GO Bondholders are not given any lien on certain conditionally earmarked tax and fee revenues (collectively, "<u>Allocable Revenues</u>", described in greater detail below).  The statutes creating the Authorities (as defined below) and conditionally earmarking the Allocable Revenues to them do not grant GO Bondholders a lien against the Allocable Revenues.  Rather, they simply restate that the Allocable Revenues will be used in accordance with section 8 of Article VI of the Constitution if needed—which, as discussed above, does not give GO Bondholders any lien on any Commonwealth property or rights.

- <u>Property Tax Revenues</u>.  21 L.P.R.A. § 5004 provides that the Property Tax Revenues "shall be entered . . . into a trust established by the Secretary of the Treasury" in favor of the GO Bondholders.  Yet no trust in favor of GO Bondholders was ever validly created on the Property Tax Revenues under Puerto Rico law since no deed of trust was properly executed, nor were GO Bondholders ever given a lien against them.  As such, GO Bondholders lack any property interests in the Property Tax Revenues.

- <u>No Security Agreement</u>.  The Commonwealth is not a party to any agreement with, or for the benefit of, the GO Bondholders pursuant to which the Commonwealth granted, or purported to grant, a security interest to the GO Bondholders.

As a result, the Commonwealth is entitled to declaratory judgments that Defendants do not hold consensual or statutory liens against any of the above items and are unsecured claimholders to the extent they hold allowed claims.

3.     <u>Moreover, even if Commonwealth law granted GO Bondholders statutory liens against the Commonwealth's "available resources" or the Allocable Revenues, such statutory liens are avoidable under Bankruptcy Code[7] section 545</u>.  The constitutional and statutory provisions Defendants claim grant them statutory liens, by their terms, only become effective if the Commonwealth's "available resources" are insufficient to cover the Commonwealth's expenses in a given fiscal year.  As a result, they are statutory liens that first become effective "when the debtor's financial condition fails to meet a specified standard"—making them voidable by Bankruptcy Code

---

[7]  All sections of the Bankruptcy Code (title 11 of the United States Code) referenced in this Complaint are made applicable to this adversary proceeding by PROMESA § 301(a).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

section 545(1)(E).  Therefore, to the extent GO Bondholders are held to possess statutory liens over the Commonwealth's "available resources" or the Allocable Revenues, the Commonwealth is entitled to judgments avoiding any such statutory liens under Bankruptcy Code section 545(1)(E) and preserving them for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## PARTIES

4.       The Constitution of the Commonwealth of Puerto Rico (the "Commonwealth Constitution," "Puerto Rico Constitution," or the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created plaintiff the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

5.       Co-Plaintiff the Oversight Board is an entity within the Commonwealth government established pursuant to PROMESA.

6.       Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors (other than COFINA).  The Committee was appointed by the United States Trustee on June 15, 2017.

7.       Defendants are all holders or insurers of GO Bonds that have filed claims against the Commonwealth asserting their GO Bond claims (including any claims based on Good Faith and Credit Guaranties) are entitled to secured status in the Commonwealth's Title III case for one or more reasons addressed in this Complaint.[8]

8.       Defendant Juan G. Ortiz de la Renta is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 155376 asserting GO Bond claims against the Commonwealth.  Juan G. Ortiz de la Renta asserted their GO Bond claim was secured.  In Juan G.

---

[8]  Plaintiffs file this Complaint against Defendants on account of *all* of Defendants' GO Bond claims, whether or not each and every of the Defendants' proofs of claim are listed herein.  Any failure to list a particular proof of claim filed by a Defendant herein does not exclude said claim from challenge by this Complaint.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Ortiz de la Renta's proof of claim, Juan G. Ortiz de la Renta listed their address as P.O. Box 30431, San Juan, PR 00929.

9.      Defendant Maria Teresita Martin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 167899 asserting GO Bond claims against the Commonwealth.  Maria Teresita Martin asserted their GO Bond claim was secured.  In Maria Teresita Martin's proof of claim, Maria Teresita Martin listed their address as H-22 Yaerumu, Caparra Hills, Guaynabo, PR 00968.

10.      Defendant Antonio Martin Cervera is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 167898 asserting GO Bond claims against the Commonwealth.  In Antonio Martin Cervera asserted their GO Bond claim was secured.  In Antonio Martin Cervera's proof of claim, Antonio Martin Cervera listed their address as H-22 Yaerumu, Caparra Hills, Guaynabo, PR 00968.

11.      Defendant Luis A. Toro Perez M.D. is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15534 asserting GO Bond claims against the Commonwealth.  Luis A. Toro Perez M.D. asserted their GO Bond claim was secured.  In Luis A. Toro Perez M.D.'s proof of claim, Luis A. Toro Perez M.D. listed their address as 8129 Calle Concordia., Ste. 302, Ponce, PR 00717-1550.

12.      Defendants Arnaldo Cruz Igartua and Milagros Ayoroa Santaliz are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 21121 asserting GO Bond claims against the Commonwealth.  Arnaldo Cruz Igartua and Milagros Ayoroa Santaliz asserted their GO Bond claim was secured.  In their proof of claim, Arnaldo Cruz Igartua and Milagros Ayoroa Santaliz listed their address as Univ. Gardens, 317 Calle Interamericana, San Juan, PR 00927-4011.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

13.     Defendants Santos Mulero Sierra and Elizabeth Gonzalez are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 8765 asserting GO Bond claims against the Commonwealth.  Santos Mulero Sierra and Elizabeth Gonzalez asserted their GO Bond claim was secured.  In their proof of claim, Santos Mulero Sierra and Elizabeth Gonzalez listed their address as P.O. Box 1143, Juncos, PR 00777.

14.     Defendant Jose Ramon Gonzalez Passalacqua is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 57097 asserting GO Bond claims against the Commonwealth.  Jose Ramon Gonzalez Passalacqua asserted their GO Bond claim was secured. In Jose Ramon Gonzalez Passalacqua's proof of claim, Jose Ramon Gonzalez Passalacqua listed their address as 201 Calle Duke TH2, Villas de Palma Real, San Juan, PR 00927.

15.     Defendant Carlos Valdes de Llauger and Carmen Castro de Valdes are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 84992 asserting GO Bond claims against the Commonwealth.  Carlos Valdes de Llauger and Carmen Castro de Valdes asserted their GO Bond claim was secured.  In their proof of claim, Carlos Valdes de Llauger and Carmen Castro de Valdes listed their address as Cond. Kings Court Playa, Kings Court 59, Apt. 304, San Juan, PR 00911-1160.

16.     Defendant Brian L. Murphy is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14530 asserting GO Bond claims against the Commonwealth. Brian L. Murphy asserted their GO Bond claim was secured.  In Brian L. Murphy's proof of claim, Brian L. Murphy listed their address as 10517 Metropolitan Avenue, Kensington, MD 20895.

17.     Defendant Rene Torres Ortiz is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20515 asserting GO Bond claims against the Commonwealth. Rene Torres Ortiz asserted their GO Bond claim was secured.  In Rene Torres Ortiz's proof of claim, Rene Torres Ortiz listed their address as Quintas de Monserrate, F-6 Calle Gaudi, Ponce, PR 00730.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

18.       Defendant Juan M. Lopez Calderon is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 5069 asserting GO Bond claims against the Commonwealth.  Juan M. Lopez Calderon asserted their GO Bond claim was secured.  In Juan M. Lopez Calderon's proof of claim, Juan M. Lopez Calderon listed their address as P.O. Box 366602, San Juan, PR 00936-6602.

19.       Defendant Manuel Dos Santos is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 8236, 8773, 9117, 9290, 10805, 10809, and 11241 asserting GO Bond claims against the Commonwealth.  Manuel Dos Santos asserted their GO Bond claims were secured.  In Manuel Dos Santos's proofs of claim, Manuel Dos Santos listed their address as P.O. Box 3206, Mayaguez, PR 00681.

20.       Defendant Luis J. Torruella is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 36136 and 41728 asserting GO Bond claims against the Commonwealth. Luis J. Torruella asserted their GO Bond claims were secured.  In Luis J. Torruella's proofs of claim, Luis J. Torruella listed their address as 32 Calle Francisco Oller, Ponce, PR 00736-1603.

21.       Defendant Adalberto E. Moret Rivera is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 16866 asserting GO Bond claims against the Commonwealth.  Adalberto E. Moret Rivera asserted their GO Bond claims were secured.  In Adalberto E. Moret Rivera's proofs of claim, Adalberto E. Moret Rivera listed their address as 88 Calle Colon, Aguada, PR 00602.

22.       Defendant Carmen Casanova de Roig is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 27776 asserting GO Bond claims against the Commonwealth.  Carmen Casanova de Roig asserted their GO Bond claims were secured.  In Carmen

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Casanova de Roig's proofs of claim, Carmen Casanova de Roig listed their address as Cond. El Campeador, Calle Cervantes 86 Apto 1A, San Juan, PR 00907-1962.

23.     Defendant Delia E. Vizcarrondo is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14569 asserting GO Bond claims against the Commonwealth.  Delia E. Vizcarrondo asserted their GO Bond claims were secured.  In Delia E. Vizcarrondo's proofs of claim, Delia E. Vizcarrondo listed their address as Paseo Alto #1, Calle 2, San Juan, PR 00926.

24.     Defendants Hector L. Rivera Rosario and Enelia Russe are individuals that jointly filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 37783 asserting GO Bond claims against the Commonwealth.  Hector L. Rivera Rosario and Enelia Russe asserted their GO Bond claim was secured.  In their proof of claim, Hector L. Rivera Rosario and Enelia Russe listed their address as HC 02 Box 6617, Morovis, PR 00687.

25.     Defendant Miguel Pomales Castro is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 17890, 20004, 21103, 21885 and 22531 asserting GO Bond claims against the Commonwealth.  Miguel Pomales Castro asserted their GO Bond claims were secured.  In Miguel Pomales Castro's proofs of claim, Miguel Pomales Castro listed their address as P.O. Box 71325 PMB 92, San Juan, PR 00936.

26.     Defendant Bruce Robert Wiederspiel is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3560 asserting GO Bond claims against the Commonwealth.  Bruce Robert Wiederspiel asserted their GO Bond claims were secured.  In Bruce Robert Wiederspiel's proofs of claim, Bruce Robert Wiederspiel listed their address as 2783 Columbia Falls State Road, Columbia Falls, MT 59912.

27.     Defendant Marcos A. Roman-Lopez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 24258 asserting GO Bond claims against the

Commonwealth. Marcos A. Roman-Lopez asserted their GO Bond claims were secured. In Marcos A. Roman-Lopez's proofs of claim, Marcos A. Roman-Lopez listed their address as T-22 13 St. Ext Villa Rica, Bayamon, PR 00959.

28.    Defendant Luz J. Pasarell is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11351 asserting GO Bond claims against the Commonwealth. Luz J. Pasarell asserted their GO Bond claims were secured. In Luz J. Pasarell's proofs of claim, Luz J. Pasarell listed their address as 1714 Marquesa, Ponce, PR 00716-0513.

29.    Defendant Ariel Ferdman is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 73238 and 74367 asserting GO Bond claims against the Commonwealth. Ariel Ferdman asserted their GO Bond claims were secured. In Ariel Ferdman's proofs of claim, Ariel Ferdman listed their address as P.O. Box 363136, San Juan, PR 00936-3136.

30.    Defendant Jorge P. Sala Colon is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 12600, 14496, 14532, 16294, 36688, 38497, 44310, 48136, and 51430 asserting GO Bond claims against the Commonwealth. Jorge P. Sala Colon asserted their GO Bond claims were secured. In Jorge P. Sala Colon's proofs of claim, Jorge P. Sala Colon listed their address as Cond San Vincente 8169, Calle Concordia Ste. 102, Ponce, PR 00717-1556.

31.    Defendant Fideicomiso Mercado Riera is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12255 asserting GO Bond claims against the Commonwealth. Fideicomiso Mercado Riera asserted their GO Bond claims were secured. In Fideicomiso Mercado Riera's proof of claim, Fideicomiso Mercado Riera listed their address as 9166 Calle Marina, Ponce, PR 00717.

32.    Defendant Ana R. Lopez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 37996 asserting GO Bond claims against the Commonwealth.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Ana R. Lopez asserted their GO Bond claims were secured.  In Ana R. Lopez's proof of claim, Ana

R. Lopez listed their address as T-22 13 St. Ext Villa Rica, Bayamon, PR 00959.

33.     Defendant Anne Farley is an individual that filed a proof of claim that was logged by

Prime Clerk as Proof of Claim No. 10288 asserting GO Bond claims against the Commonwealth.

Anne Farley asserted their GO Bond claims were secured.  In Anne Farley's proof of claim, Anne

Farley listed their address as 101 Central Park West 14E, New York, NY 10023.

34.     Defendant Margarita Guzman is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 12143 asserting GO Bond claims against the

Commonwealth.  Margarita Guzman asserted their GO Bond claims were secured.  In Margarita

Guzman's proof of claim, Margarita Guzman listed their address as Alcazar #1809-La Alhambra,

Ponce, PR 00716.

35.     Defendant Eileen Maria Coffey is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 12092 asserting GO Bond claims against the

Commonwealth.  Eileen Maria Coffey asserted their GO Bond claims were secured.  In Eileen Maria

Coffey's proof of claim, Eileen Maria Coffey listed their address as 9166 Calle Marina, Ponce, PR

00717.

36.     Defendant Charles L. Perkins, Sr. is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 23473 asserting GO Bond claims against the

Commonwealth.   Charles L. Perkins, Sr. asserted their GO Bond claims were secured by the

Commonwealth's "good faith, credit and taxing" power.  In Charles L. Perkins, Sr.'s proof of claim,

Charles L. Perkins, Sr. listed their address as 904 Hillwood Avenue, Falls Church, VA 22042.

37.     Defendant Awilda Valle is an individual that filed proofs of claim that were logged by

Prime Clerk as Proof of Claim Nos. 33255 and 51939 asserting GO Bond claims against the

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

Commonwealth.  Awilda Valle asserted their GO Bond claims were secured.  In Awilda Valle's proofs of claim, Awilda Valle listed their address as P.O. Box 1649, Barceloneta, PR 00617-1649.

38.     Defendants Raul Jaime Vila Selles and Evelyn Ramirez Garraton are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 84937 asserting GO Bond claims against the Commonwealth.  Raul Jaime Vila Selles and Evelyn Ramirez Garraton asserted their GO Bond claims were secured by the Commonwealth's "available resources."  In their proof of claim, Raul Jaime Vila Selles and Evelyn Ramirez Garraton listed their address as #136 Calle Mimosa, San Juan, PR 00927.

39.     Defendant Myrta Lopez-Molina is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 16649 asserting GO Bond claims against the Commonwealth.  Myrta Lopez-Molina asserted their GO Bond claims were secured.  In Myrta Lopez-Molina's proof of claim, Myrta Lopez-Molina listed their address as W3-66 B. Gracian St., San Juan, PR 00926.

40.     Defendant Javier Cerra Fernandez M.D. is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11600 asserting GO Bond claims against the Commonwealth.  Javier Cerra Fernandez M.D. asserted their GO Bond claims were secured.  In their proof of claim, Javier Cerra Fernandez M.D. listed their address as URB Santa Maria, 7106 Calle Divina Providencia, Ponce, PR 00717-1019.

41.     Defendant Hilda A. Izquierdo Stella is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12358 asserting GO Bond claims against the Commonwealth.  Hilda A. Izquierdo Stella asserted their GO Bond claims were secured.  In their proof of claim, Hilda A. Izquierdo Stella listed their address as 1632 Calle Navarra, Ponce PR 00730-4059.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

42.     Defendant John Santos Russo is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 8140, 8895 and 8910 asserting GO Bond claims against the Commonwealth.  John Santos Russo asserted their GO Bond claims were secured.  In their proof of claim, John Santos Russo listed their address as P.O. Box 193521 San Juan PR 00919.

43.     Defendant Narciso Camejo Gonzalez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 44906 asserting GO Bond claims against the Commonwealth.  Narciso Camejo Gonzalez asserted their GO Bond claims were secured.  In their proof of claim, Narciso Camejo Gonzalez listed their address as P.O. Box 11804 San Juan P.R. 00922.

44.     Defendants Carlos R. Machin and Luz D. Millan are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 22951 asserting GO Bond claims against the Commonwealth.  Carlos R. Machin and Luz D. Millan asserted their GO Bond claims were secured.  In their proof of claim, Carlos R. Machin and Luz D. Millan listed their address as P.O. Box 5700 Caguas P.R. 00726.

45.     Defendant Julio H. Sepulveda Ramos is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 61296 asserting GO Bond claims against the Commonwealth.  Julio H. Sepulveda Ramos asserted their GO Bond claims were secured.  In their proof of claim, Julio H. Sepulveda Ramos listed their address as P.O. Box 43 Hormigueros, PR 00660.

46.     Defendant Suzette Abraham is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12086 asserting GO Bond claims against the Commonwealth.  Suzette Abraham asserted their GO Bond claims were secured.  In their proof of claim, Suzette Abraham listed their address as P.O. Box 364842 San Juan PR 00936.

47.     Defendant Robert Kazmierski is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 16836 asserting GO Bond claims against the

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

Commonwealth.  Robert Kazmierski asserted their GO Bond claims were secured.  In their proof of claim, Robert Kazmierski listed their address as 321 N. Perry Street, Johnstown NY 12095.

48.    Defendant Ronald Ramos Martin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15057 asserting GO Bond claims against the Commonwealth.  Ronald Ramos Martin asserted their GO Bond claims were secured.  In their proof of claim, Ronald Ramos Martin listed their address as 139 Carr 177 Apt. 1204, San Juan PR 00926-5355.

49.    Defendant Diane Silverman is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 18768 asserting GO Bond claims against the Commonwealth. Diane Silverman asserted their GO Bond claims were secured by the Commonwealth's "available resources."  In their proof of claim, Diane Silverman listed their address as 11 Sherwood Drive, Larchmont, New York 10538-2619.

50.    Defendants Jack Goldikener and Blanca Goldikener are individuals that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 12817, 12834, 12661, and 13064 asserting GO Bond claims against the Commonwealth.  Jack Goldikener and Blanca Goldikener asserted their GO Bond claims were secured.  In their proof of claim, Jack Goldikener and Blanca Goldikener listed their address as 450 Ave de la Constitucion Apt. 9-G San Juan PR 00901.

51.    Defendant Liana Rivera Olivieri is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12456 asserting GO Bond claims against the Commonwealth.  Liana Rivera Olivieri asserted their GO Bond claims were secured.  In their proof of claim, Liana Rivera Olivieri listed their address as 9140 Marina St. Suite 801 Ponce PR 00717.

52.    Defendant Donald L. McDonald is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3286 asserting GO Bond claims against the Commonwealth.  Donald L. McDonald asserted their GO Bond claims were secured by "the full faith

13

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

of Puerto Rico." In their proof of claim, Donald L. McDonald listed their address as 9009 NE 36th

St. Yarrow Point, WA 98004.

53.    Defendant Robert Ramos Martin is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 29196 asserting GO Bond claims against the

Commonwealth. Robert Ramos Martin asserted their GO Bond claims were secured. In their proof

of claim, Robert Ramos Martin listed their address as 37 Francisco Occer St. Ponce PR 00730.

54.    Defendants Joaquin Gutierrez Fernandez and Celia Fernandez De Gutierrez are

individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 8452

asserting GO Bond claims against the Commonwealth. Joaquin Gutierrez Fernandez and Celia

Fernandez De Gutierrez asserted their GO Bond claims were secured. In their proof of claim, Joaquin

Gutierrez Fernandez and Celia Fernandez De Gutierrez listed their address as 548 Hoare St. Apt. 11

San Juan PR 00907.

55.    Defendant Dr. Carlos Suarez Vazquez is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 15758 asserting GO Bond claims against the

Commonwealth. Dr. Carlos Suarez Vazquez asserted their GO Bond claims were secured. In their

proof of claim, Dr. Carlos Suarez Vazquez listed their address as 162 Pajuil, Milaville, San Juan, PR

00926.

56.    Defendant Fideicomiso Lugo Rivera is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 31752 asserting GO Bond claims against the

Commonwealth. Fideicomiso Lugo Rivera asserted their GO Bond claims were secured. In their

proof of claim, Fideicomiso Lugo Rivera listed their address as P.O. Box 9, Hormigueros, PR 00660.

57.    Defendant Mariano E. Gonzalez Diez is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 8661 asserting GO Bond claims against the

Commonwealth. Mariano E. Gonzalez Diez asserted their GO Bond claims were secured. In their

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

proof of claim, Mariano E. Gonzalez Diez listed their address as P.O. Box 9945 Arecibo PR 00613-9945.

58.     Defendant Vivian Purcell is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 10599 asserting GO Bond claims against the Commonwealth. Vivian Purcell asserted their GO Bond claims were secured by "all available resources."  In their proof of claim, Vivian Purcell listed their address as 1507 Ashford Ave. Apt. 901 San Juan, PR 00911-1110.

59.     Defendant Clarissa M. Vinas Miranda is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 18554 asserting GO Bond claims against the Commonwealth.  Clarissa M. Vinas Miranda asserted their GO Bond claims were secured by "the Full Faith and Taxing Power of the Commonwealth of PR."  In their proof of claim, Clarissa M. Vinas Miranda listed their address as 1683 Aguas Calientes, Venus GDNS Norte San Juan PR 00926.

60.     Defendant Juan Buono Alcaraz is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 18520 asserting GO Bond claims against the Commonwealth.  Juan Buono Alcaraz asserted their GO Bond claims were secured.  In their proof of claim, Juan Buono Alcaraz listed their address as 2367 Ave. las Americas, Ponce PR 00717.

61.     Defendants Yvonne Baerga Varela and Enrique Alfonso Sabater are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15 asserting GO Bond claims against the Commonwealth.  Yvonne Baerga Varela and Enrique Alfonso Sabater asserted their GO Bond claims were secured.  In their proof of claim, Yvonne Baerga Varela and Enrique Alfonso Sabater listed their address as Urb. Santa Maria, 1842 Reina de las Flores San Juan, PR 00927-6820.

62.     Defendants Josefina Varela Gonzalez and Luis Baerga are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 26 asserting GO Bond claims against

15

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

the Commonwealth.  Josefina Varela Gonzalez and Luis Baerga asserted their GO Bond claims were secured.  In their proof of claim, Josefina Varela Gonzalez and Luis Baerga listed their address as Urb. Bucare 5 Calle Diamente Guaynabo, PR 00969-5114.

63.     Defendant Miguel Palou Sabater is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 362 asserting GO Bond claims against the Commonwealth.  Miguel Palou Sabater asserted their GO Bond claims were secured by "available resources of the Commonwealth."  In their proof of claim, Miguel Palou Sabater listed their address as Urb. Suchville, 17 Calle Principal, Guaynabo, PR 00966.

64.     Defendant Warren Min is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 4261 asserting GO Bond claims against the Commonwealth. Warren Min asserted their GO Bond claims were secured by "the good faith, credit and taxing powers of the Commonwealth."  In their proof of claim, Warren Min listed their address as 804 Milan Ave, South Pasadena, CA 91030.

65.     Defendant Jose E. Franco Gomez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 10841 asserting GO Bond claims against the Commonwealth.  Jose E. Franco Gomez asserted their GO Bond claims were secured.  In their proof of claim, Jose E. Franco Gomez listed their address as 3 Carrion Court Apt. 401, San Juan PR 00911.

66.     Defendant Carmen Rosa Pola is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11055 asserting GO Bond claims against the Commonwealth.  Carmen Rosa Pola asserted their GO Bond claims were secured.  In their proof of claim, Carmen Rosa Pola listed their address as P.O. Box 336841 Ponce, PR 00733-6841.

67.     Defendant Ian Melmed is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13559 asserting GO Bond claims against the Commonwealth.  Ian

16

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Melmed asserted their GO Bond claims were secured.  In their proof of claim, Ian Melmed listed their address as 800 SE 20th Ave Apt 408, Deerfield Beach FL 33441.

68.     Defendant Mayra I. Ramos Roman is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 19838 asserting GO Bond claims against the Commonwealth.  Mayra I. Ramos Roman asserted their GO Bond claims were secured.  In their proof of claim, Mayra I. Ramos Roman listed their address as P.O. Box 334386 Ponce PR 00733.

69.     Defendant Carlos A. Ponce De Leon is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 22900 and 29207 asserting GO Bond claims against the Commonwealth.  Carlos A. Ponce De Leon asserted their GO Bond claims were secured. In their proof of claim, Carlos A. Ponce De Leon listed their address as 267 San Jorge-Apt. 10C San Juan PR 00912-3351.

70.     Defendant Maria Ines Suarez Perez-Guerra is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 29259 asserting GO Bond claims against the Commonwealth.  Maria Ines Suarez Perez-Guerra asserted their GO Bond claims were secured.  In their proof of claim, Maria Ines Suarez Perez-Guerra listed their address as 18 Calle Guadi Ponce PR 00730-1747.

71.     Defendant George E. Reed Jr. is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 37519, 3854, 39238 and 42461 asserting GO Bond claims against the Commonwealth.  George E. Reed Jr. asserted their GO Bond claims were secured. In their proof of claim, George E. Reed Jr. listed their address as 578 Forest Ave, Rye NY 10580.

72.     Defendant Maria Isabel Suarez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 46113 asserting GO Bond claims against the Commonwealth.  Maria Isabel Suarez asserted their GO Bond claims were secured.  In their proof of claim, Maria Isabel Suarez listed their address as 32 Calle Francisco Oller Ponce PR 00730-1603.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

73.     Defendant Raul Ramirez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 69001 asserting GO Bond claims against the Commonwealth. Raul Ramirez asserted their GO Bond claims were secured.  In their proof of claim, Raul Ramirez listed their address as 8133 Calle Concordia Ste 101 Ponce PR 00717-1543.

74.     Defendant Luis Santini Lopez is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 72606, 72965, 77770 and  86743 asserting GO Bond claims against the Commonwealth.  Luis Santini Lopez asserted their GO Bond claims were secured. In their proof of claim, Luis Santini Lopez listed their address as 240 Palaeios del Escoreol Carolina PR 00987.

75.     Defendant Vivian Hernandez Vinas is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 137291 asserting GO Bond claims against the Commonwealth.  Vivian Hernandez Vinas asserted their GO Bond claims were secured.  In their proof of claim, Vivian Hernandez Vinas listed their address as P.O. Box 335 Garrochales PR 00652-0335.

76.     Defendant Carmen Maria Davila is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 23760 asserting GO Bond claims against the Commonwealth.  Carmen Maria Davila asserted their GO Bond claims were secured.  In their proof of claim, Carmen Maria Davila listed their address as P.O. Box 801221 Ceto Laurel PR 00780-1221.

77.     Defendant Lynette Castillo is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13470 asserting GO Bond claims against the Commonwealth. Lynette Castillo asserted their GO Bond claims were secured.  In their proof of claim, Lynette Castillo listed their address as P.O. Box 7863 Ponce PR 00732.

78.     Defendant Estela Del Valle Rullan is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14742 asserting GO Bond claims against the

18

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth. Estela Del Valle Rullan asserted their GO Bond claims were secured. In their proof

of claim, Estela Del Valle Rullan listed their address as Urb Sabaner 408 Camino de las Miramelindas

Cidra PR 00739.

79.     Defendant Wilfredo Vazquez Olivencia is an individual that filed proofs of claim that

were logged by Prime Clerk as Proof of Claim Nos. 19767 and 21974 asserting GO Bond claims

against the Commonwealth. Wilfredo Vazquez Olivencia asserted their GO Bond claims were

secured. In their proof of claim, Wilfredo Vazquez Olivencia listed their address as 2225 Ponce

Bypass #909 Ponce PR 00717.

80.     Defendants Jordi Bofill and Maria Carmen Prats TIC are individuals that filed proofs

of claim that were logged by Prime Clerk as Proof of Claim Nos. 21973, 22116 and 23783 asserting

GO Bond claims against the Commonwealth. Jordi Bofill and Maria Carmen Prats TIC asserted their

GO Bond claims were secured. In their proof of claim, Jordi Bofill and Maria Carmen Prats TIC

listed their address as P.O. Box 361211 San Juan PR 00936.

81.     Defendant Wilson Rivera Ortiz is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 13085 asserting GO Bond claims against the

Commonwealth. Wilson Rivera Ortiz asserted their GO Bond claims were secured. In their proof of

claim, Wilson Rivera Ortiz listed their address as Calle Aloa 1471 Urb. Mercedita Ponce PR 00717.

82.     Defendant Carmen E. Ramirez is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 29350 asserting GO Bond claims against the

Commonwealth. Carmen E. Ramirez asserted their GO Bond claims were secured. In their proof of

claim, Carmen E. Ramirez listed their address as 1662 Jazmin Urb. San Francisco San Juan PR 00927.

83.     Defendant Irmita Guzman De Amador is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 40391 asserting GO Bond claims against the

Commonwealth. Irmita Guzman De Amador asserted their GO Bond claims were secured. In their

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

proof of claim, Irmita Guzman De Amador listed their address as 5 Carr 833 Apt. 1203 B Guaynabo

PR 00969.

84.     Defendant Ivonne T. Vidal is an individual that filed proofs of claim that were logged

by Prime Clerk as Proof of Claim Nos. 112949 and 116460 asserting GO Bond claims against the

Commonwealth.  Ivonne T. Vidal asserted their GO Bond claims were secured.  In their proofs of

claim, Ivonne T. Vidal listed their address as F-24 8th St Tintillo Gardens Guaynabo PR 00966.

85.     Defendants Teresa R. Miller and John D. Goeke are individuals that jointly filed a

proof of claim that was logged by Prime Clerk as Proof of Claim No. 2607 asserting GO Bond claims

against the Commonwealth.  Teresa R. Miller and John D. Goeke asserted their GO Bond claim was

secured.  In Teresa R. Miller and John D. Goeke's proof of claim, Teresa R. Miller and John D. Goeke

listed their address as 4403 Fire Lane 4, Union Springs, NY 13160.

86.     Defendant Maria E. Frontera Aymat is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 37901 asserting GO Bond claims against the

Commonwealth.  Maria E. Frontera Aymat asserted their GO Bond claims were secured.  In their

proof of claim, Maria E. Frontera Aymat listed their address as P.O. Box 3323 Mayaguez, PR 00681.

## JURISDICTION AND VENUE

87.     This Court has subject matter jurisdiction over this action pursuant to PROMESA

section 306 because this adversary proceeding arises under PROMESA Title III, in a Title III case,

and relates to the Commonwealth's underlying PROMESA Title III case.

88.     This Court has personal jurisdiction over Defendants pursuant to PROMESA section

306(c).

89.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a

substantial part of the events giving rise to the Commonwealth's claims occurred in this District.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Venue is also proper under PROMESA section 307 because this adversary proceeding is brought in a PROMESA Title III case.

90.    This adversary proceeding is brought pursuant to (*a*) Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to PROMESA section 310, and (*b*) Bankruptcy Code sections 502(b), 545, 550, and 551, made applicable to this adversary proceeding pursuant to PROMESA section 301(a).   This is an appropriate action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.   There currently exists an actual, justiciable controversy between the parties regarding the validity, priority, extent and enforceability of the liens asserted by Defendants against the Commonwealth, as further set forth herein.

## FACTS

## I.    THE GO BONDS

### A.    GO Bonds

91.    The Puerto Rico Constitution authorizes the Commonwealth to issue and guarantee debt, subject to various limitations.  *See* P.R. Const. Art. VI § 2.

92.    In 1961, Section 2 of Article VI of the Puerto Rico Constitution was amended to limit the Commonwealth's borrowing and guaranties on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

93.    Since 1961, the Commonwealth has issued and guaranteed billions of dollars of GO Bonds.

94.    GO Bonds (including guaranteed bonds) are public debt under Article VI, § 8 of the Puerto Rico Constitution.

95.    Each series of GO Bonds was issued pursuant to a bond resolution and offered pursuant to an official statement.

21

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

96.     Approximately $13 billion of GO Bonds (including guaranteed bonds) remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "<u>Petition Date</u>").  *See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 26.

97.     Article VI of the Commonwealth Constitution contains various provisions governing bond debt priority:

- <u>Section 2</u> generally describes the Commonwealth's authority to "impose and collect taxes . . . as determined by the Legislative Assembly" and states such authority "shall never be surrendered or suspended."  This section also mandates that "the power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as determined by the Legislative Assembly."  Lastly, this section states "the Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof."

- <u>Section 6</u> states that "[i]f at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the Government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made."

- <u>Section 7</u> limits the appropriations made for any fiscal year to the total revenues, including available surplus, estimated for that year, "unless the imposition of taxes sufficient to cover said appropriations is provided by law."

- <u>Section 8</u> provides that "[i]n case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

98.     None of the provisions of the Puerto Rico Constitution grant GO Bondholders a statutory lien against any of the Commonwealth's property.

      **i.**     ***The Commonwealth's "Good Faith, Credit, and Taxing Power"***

99.     13 L.P.R.A § 41 states, in relevant part, that "[t]he good faith of the Commonwealth of Puerto Rico is hereby irrevocably pledged for the payment of the principal of, and the interest on,

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the bonds or certificates of indebtedness of the Commonwealth [issued in accordance with cited provisions of law] . . . ." 13 L.P.R.A. § 41.

100.    Each issuance of GO Bonds was authorized pursuant to a specific act or acts of the Puerto Rico Legislature cited in the related official statement.  Those acts provided that the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the applicable GO Bonds.

101.    The GO Bonds were issued pursuant to bond resolutions, some of which stated that "[t]he good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on" the GO Bonds.  *See, e.g.,* Bond Resolution adopted Aug. 1, 2002, § 14.

102.    The official statements pursuant to which the GO Bonds were offered made similar statements.  *See, e.g.,* Official Statement dated August 1, 2002, at 10 (stating Commonwealth law "provides that the good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on the Offered Bonds . . . .").

103.    Each Commonwealth guaranty of bonds or notes listed in **Exhibit A** hereto was authorized pursuant to, and set forth in, a specific act of the Puerto Rico Legislature.  Each such act provides that the "good faith, credit and taxing power" or the "good faith and credit" of the Commonwealth is pledged to the payment of the Commonwealth's obligations under the applicable guaranty (each, a "Good Faith and Credit Guaranty").

104.    As recognized in Puerto Rico Attorney General opinions, the obligations of the Commonwealth under a Good Faith and Credit Guaranty are the same as the obligations of the Commonwealth under its direct general obligation indebtedness (with amounts payable under a Good Faith and Credit Guaranty being general obligations of the Commonwealth having the same attributes for purposes of the Puerto Rico Constitution as general obligations evidenced by direct Commonwealth bonds).

23

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

105.     The Commonwealth's "good faith, credit, and taxing power" is not property owned by the Commonwealth that can be the subject of a lien.  The Commonwealth could not provide the GO Bondholders with a lien against it.

106.     As a result, the Commonwealth's "pledge" of its "good faith, credit, and taxing power" is nothing more than a promise to pay, which promise is not secured by any Commonwealth property.

107.     Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended."  P.R. Const. Art VI, § 2.

108.     This constitutional provision prohibits the Commonwealth from surrendering—including transferring rights in—its "good faith, credit, and taxing power."

109.     Section 2 of Article VI of the P.R. Constitution prevents GO Bondholders from possessing any liens on the Commonwealth's "good faith, credit, and taxing power."

    **ii.     *Available Resources***

110.     Section 8 of Article VI of the Puerto Rico Constitution provides, in relevant part, that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."  P.R. Const. Art. VI, § 8.

111.     Section 4(c) of the Office of Management and Budget Organic Act (the "OMB Act") provides for a payment priority for GO Bonds.  *See* 23 L.P.R.A. § 104(c)(1).  That section provides that, "[i]n tune with Section 8, Article VI" of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year."  The OMB

24

Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first. *Id.* § 104(c)(1).

112.    Nothing in Section 8 of Article VI of the P.R. Constitution or in the OMB Act grants GO Bondholders a statutory lien against the Commonwealth's "available resources."

113.    The GO Bondholders were not granted contractual security interests in the Commonwealth's "available resources" by the bond resolutions or official statements.  Those documents only reiterate the provisions of the authorizing statutes and the protections of the Commonwealth Constitution, and therefore do not grant a security interest.

114.    The official statement pertaining to the GO Bonds issued in 2014 (which were issued on materially identical terms to the other series of GO Bonds) in pertinent part provided:

> ***There is no collateral securing the Bonds, and the Bonds cannot be accelerated upon a default.***

General Obligation Bonds of 2014, Series A Official Statement at 16 (emphasis in original).

115.    Similarly, the Commonwealth's Financial Information and Operating Data Report, dated December 18, 2016, states, at page 69, that "[t]here is no collateral securing the Commonwealth general obligation bonds and there are no statutory provisions for a lien on any asset or revenue of the Commonwealth."

116.    GO Bondholders do not possess any liens against the Commonwealth's "available resources."

**B.    Allocable Revenues**

117.    Puerto Rico law conditionally earmarks certain tax and fee revenues (*i.e.*, the Allocable Revenues) to various Commonwealth instrumentalities, but provides that the Allocable Revenues may be retained by the Commonwealth in certain circumstances.

118.    Allocable Revenues include: (1) certain excise taxes and vehicle fees conditionally earmarked for the Puerto Rico Highways and Transportation Authority ("HTA") and the Metropolitan

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bus Authority ("MBA"); (2) hotel occupancy taxes conditionally earmarked for the Puerto Rico

Convention Center District Authority ("PRCCDA"); and (3) federal excise taxes imposed on rum and

other items produced in the Commonwealth and sold in the United States (which taxes are collected

by the United States Treasury and returned to the Commonwealth) that are conditionally earmarked

for the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with HTA, MBA and

PRCCDA, the "Authorities"), as well as certain revenues from excise taxes on non-diesel petroleum

products conditionally earmarked for PRIFA.

119.    None of the statutes governing the Allocable Revenues grant GO Bondholders a lien

on the Allocable Revenues.

**iii.    HTA**

120.    HTA is a public corporation created by Act 74-1965 (codified, as amended and

supplemented, at 9 L.P.R.A. §§ 2001-2035) to assume responsibility for the construction of highways

and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.

121.    The Commonwealth conditionally earmarked three sets of tax or fee revenues to HTA:

gasoline, diesel, crude oil, and other excise taxes imposed by the Commonwealth pursuant to 13

L.P.R.A. § 31626 and 13 L.P.R.A. § 31627 (the "Excise Taxes"); cigarette excise taxes imposed by

the Commonwealth pursuant to 13 L.P.R.A. § 31625 and earmarked to HTA and MBA pursuant to

13 L.P.R.A. § 31751(a)(4) ("Cigarette Excise Taxes"); and motor vehicle license fees imposed by the

Commonwealth pursuant to Act 22-2000, as amended (the "Vehicle Fees").

122.    The statutes under which the Commonwealth earmarked to HTA revenues from the

Excise Taxes, the Cigarette Excise Taxes, and the Vehicle Fees (collectively, the "HTA Allocable

Revenues") expressly set forth that the HTA Allocable Revenues are subject to retention by the

Commonwealth, but they do not grant a lien against any of HTA Allocable Revenues in favor of the

GO Bondholders.

26

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

123.     The statute earmarking to HTA the revenues of the Excise Taxes indicates that the revenues of the Excise Taxes are subject to use by the Commonwealth "for the payment of interest on and the amortization of the public debt as provided in provided in Section 8 of Article VI of the Constitution." 13 L.P.R.A. § 31751(a)(1)(E).  However, such earmarking statute does not grant a lien against any of the revenues of the Excise Taxes in favor of the GO Bondholders.

124.     The statute earmarking to HTA the revenues of a portion of the Cigarette Excise Taxes provides that "[t]he proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes."  13 L.P.R.A. § 31751(a)(3)(C).  However, such earmarking statute does not grant a lien against any of the revenues of the Cigarette Excise Taxes in favor of the GO Bondholders.

125.     The statute earmarking to HTA the revenues of the Vehicle Fees provides the same. *See* 9 L.P.R.A. § 2021 (stating that the revenues of the Vehicle Fees shall "be used for the payment of interest and the amortization of the public debt, as provided in said Section 8 [of Article VI of the Constitution of Puerto Rico] until the other resources, referred to in said section, are [sufficient] for such purposes.").  However, such earmarking statute does not grant a lien against any of the revenues of the Vehicle Fees in favor of the GO Bondholders.

126.     Nothing grants GO Bondholders a lien against any of the HTA Allocable Revenues. The statutes governing the conditional earmarking to HTA of the HTA Allocable Revenues restate section 8 of Article VI of the Puerto Rico Constitution, which does not itself grant a lien to GO Bondholders.  *See also* Act 1-2015, § 2.01 (which indicates that the earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico," which does not grant a lien against any of the HTA Allocable Revenues in favor of the GO Bondholders).

27

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

iv.     **MBA**

127.     MBA is a public corporation created by Act No. 5-1959 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 601-620), for the purpose of developing and operating the overland passenger transportation facilities and services in Puerto Rico.  23 L.P.R.A. § 606.

128.     The revenues of a portion of the Cigarette Excise Taxes is conditionally earmarked for MBA.  As with the revenues of the Cigarette Excise Taxes earmarked to HTA, the revenues of the Cigarette Excise Taxes earmarked to MBA are subject to retention by the Commonwealth.   13 L.P.R.A. § 31751(a)(4)(C) (stating that the "proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes.").

129.     The statute conditionally earmarking to MBA the revenues of a portion of the Cigarette Excise Taxes does not grant GO Bondholders a lien against the Cigarette Excise Taxes.  Instead, it simply restates section 8 of Article VI of the Puerto Rico Constitution.

v.     **PRCCDA**

130.     PRCCDA is a public corporation created by Act No. 351-2000 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 6401-6475), for the purpose of developing and operating a convention center located in San Juan, Puerto Rico, and related improvements and facilities.  *See* 23 L.P.R.A. § 6404.

131.     The Commonwealth conditionally earmarked to PRCCDA the revenues from certain hotel occupancy taxes imposed by the Commonwealth and collected by the Puerto Rico Tourism Company pursuant to Act 272-2003 ("Hotel Taxes").

132.     The statute under which the Commonwealth earmarked to PRCCDA revenue from the Hotel Taxes expressly sets forth that the revenues from the Hotel Taxes are subject to retention by

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the Commonwealth—but it does not grant a lien over those funds in favor of the GO Bondholders. *See* 13 L.P.R.A. § 2271v (providing the Hotel Taxes shall be "used solely for the payment of the interest and the amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other available resources to which reference is made in said Section are insufficient for such purposes.").

133.    Nothing grants GO Bondholders a lien over the revenues of the PRCCDA Hotel Taxes. Instead, the relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

### vi.    PRIFA

134.    PRIFA is a public corporation created by Act 44-1988 (codified, as amended and supplemented, at 3 L.P.R.A. §§ 1901-1923) for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. *See* 3 L.P.R.A. § 1901.

135.    The Commonwealth has conditionally earmarked to PRIFA: (*i*) revenues from a federal excise tax imposed on rum and other items produced in the Commonwealth and sold in the United States, which taxes are collected by the United States Treasury and returned to the Commonwealth ("Rum Taxes"), and (*ii*) revenues from certain excise taxes on non-diesel petroleum products imposed by the Commonwealth pursuant to Act 1-2015 (including section 3020.07A(a)(i) in the Puerto Rico Internal Revenue Code) ("PRIFA Petroleum Taxes").

136.    The statute under which the Commonwealth earmarked to PRIFA revenues from the Rum Taxes expressly provides that the revenues from the Rum Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO bondholders.  3 L.P.R.A. § 1914 ("The moneys of the Special Fund [into which revenues of the PRIFA Rum Taxes are required to be deposited] may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8 [of Article VI of the Constitution of

29

the Commonwealth of Puerto Rico], only when the other resources available referred to in said Section are insufficient for such purposes.").

137.   Nothing grants GO Bondholders a lien against the revenues of the Rum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

138.   The statute under which the Commonwealth earmarked to PRIFA revenues from the PRIFA Petroleum Taxes expressly provides that the revenues from the PRIFA Petroleum Taxes are subject to retention by the Commonwealth.  *See* Act 1-2015, § 2.02 (inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (providing that the revenues of the PRIFA Petroleum Taxes "shall only be used for the payment of interest and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, insofar as all other available resources mentioned in said Section are insufficient for such purposes.").

139.   Nothing grants GO Bondholders a lien against revenues of the PRIFA Petroleum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**C.   Property Tax Revenues**

140.   Pursuant to Act 83 of 1991 ("Act 83"), the Legislative Assembly of Puerto Rico authorized a "special tax" of 1.03% on the appraised value of all personal and real property in Puerto Rico, which is "in addition to all other taxes imposed by virtue of other laws in effect."  21 L.P.R.A. § 5002.

141.   Act 83 provides a process for the collection of these Property Tax Revenues. The "Municipal Revenues Collection Center" (known by its Spanish acronym "CRIM") is required to collect the Property Tax Revenues and deposit them into the "general trust established jointly by CRIM and the Government Development Bank for Puerto Rico, pursuant to subsection (c) of the Municipal Revenue Collection Center Act."  21 L.P.R.A. § 5004.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

142.    In the "general trust," the Property Tax Revenues are commingled with the revenues of other property taxes of the Commonwealth and lose their separate identity.  *See* 21 L.P.R.A. § 5803(c).

143.    Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called  the "Commonwealth Debt Redemption Fund."  21 L.P. R.A. § 5004(a).  Act 83 requires that the Property Tax Revenues in the Commonwealth Debt Redemption Fund be applied solely to the payment of the "existing or future general obligation[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligation[s], including the payment of any premium that is required for said early redemption."  *Id.*  However, nothing in Act 83 grants a lien against, or other property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise) to the GO Bondholders.

144.    Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

145.    No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

146.    No trust was ever established over the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise), and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise).

147.    Act 83 provides that the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente] and the same will constitute

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

sufficient authorization for the Government Development Bank for Puerto Rico to carry out the corresponding [distributions]." *Id.* § 5005.

148.     The Spanish version of the Act is clear that this provision does not create a lien against the Property Tax Revenues.  The Spanish version refers to "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation."  This language does not create a lien against the Property Tax Revenues.  It establishes a payment priority.[9]

**D.     Article 9 of the Uniform Commercial Code**

149.     Commonwealth law governs the effectiveness and perfection of security interests in the Commonwealth's property.  *See* 19 L.P.R.A. § 2251.

150.     The Commonwealth adopted a prior version of Article 9 of the Uniform Commercial Code (the "UCC"), effective in 1996, which governed the granting and perfection of security interests.

151.     The Commonwealth subsequently adopted revised Article 9 of the UCC, effective January 17, 2013 (hereinafter, revised Article 9 is referred to as "Article 9").  *See* Act No. 21-2012; 19 L.P.R.A. § 2211 *et seq.*

152.     Under Article 9, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the collateral or the power to transfer rights in the collateral, and (c) the debtor has signed a security agreement that provides a description of the collateral.  19 L.P.R.A. § 2233(b).

---

[9]  In contrast, when the Puerto Rico legislature wishes to create a lien, it uses the phrase "gravamen preferente," which translates to "prior lien."  *See, e.g.,* 21 L.P.R.A. § 5234 (creating a statutory lien in favor of CRIM against taxpayers for nonpayment of the Special Property Tax).  While the English language version of Act 83 translates "obligacion preferente" to mean "prior lien bond," this appears to be a mistranslation.  The Spanish language version of Act 83 should govern over the English language version.  Pursuant to 1 L.P.R.A. § 59, English and Spanish are currently both Puerto's official languages.  However, at the time Act 83 was enacted, the official language of Puerto Rico was Spanish.  *See* Act No. 4 of April 5, 1991 (which was repealed by Act No. 1 of January 28, 1993).  Thus, at the time of its enactment, Act 83 was in Spanish, and therefore the Spanish version of Act 83 should govern.  Moreover, unlike other Puerto Rico statutes, there is no provision of Act 83 that specifies that the English version should govern.  Instead, it was the Spanish version that was approved by the Puerto Rico Legislature.  Consistent with this interpretation, the official statements pertaining to the GO Bonds explain that the Special Property Tax is collected and "credited to the Redemption Fund for application to the payment of general obligation bonds and notes of the Commonwealth."  *See, e.g.,* General Obligation Bonds of 2014, Series A Official Statement at 30.  However, the official statements pertaining to the GO Bonds do not state that the revenues of the Special Property Tax are subject to a lien in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

153.    "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. §

2212(a)(12) (emphasis added).

154.    "Security agreement" means an agreement that creates or provides for a security

interest.  19 L.P.R.A. § 2212(a)(74).

155.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the

collateral subject to the security interest.  19 L.P.R.A. § 2218(a).

156.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO

Bondholders that creates or provides for a security interest in any property of the Commonwealth for,

or for the benefit of, the GO Bondholders.  Therefore, there is no such security interest.

## II.       THE COMMONWEALTH'S TITLE III CASE

157.    On June 30, 2016, President Obama signed PROMESA into law.  On May 3, 2017,

the Oversight Board filed a petition for the Commonwealth, commencing the Commonwealth's Title

III case.  Pursuant to PROMESA, Congress made the Oversight Board the representative of the

Debtor, PROMESA § 315(b), and gave the Oversight Board the powers of a trustee for the purpose

of each Bankruptcy Code section incorporated into Title III that references a trustee.  PROMESA §

301(c)(7).

## COUNT I

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S GOOD FAITH, CREDIT, AND TAXING POWER AND
ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE
SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

158.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-157.

159.    GO Bondholders have asserted they hold liens against the Commonwealth's "good

faith, credit, and taxing power."  The Commonwealth, acting through the Plaintiffs, disputes this

assertion and objects to the secured claims.  Thus, an actual, substantial, and justiciable controversy

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

exists between the Commonwealth and the GO Bondholders concerning the validity of the liens

asserted by GO Bondholders on the Commonwealth's "good faith, credit, and taxing power."

160.    Under the Bankruptcy Code, a "lien" means a "charge against or interest in *property*

to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37) (emphasis added).

161.    A "statutory lien" is a "lien arising solely by force of a statute on specified

circumstances . . . ." 11 U.S.C. § 101(53).

162.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable

"property" that can be transferred.

163.    The Commonwealth's "good faith, credit, and taxing" power cannot be subject to a

statutory lien.

164.    A "security interest" means a "lien created by an agreement." 11 U.S.C. § 101(51).

165.    Under Article 9 of the UCC, a security interest attaches only if (a) value has been

given, (b) the debtor has rights in the *collateral* or the power to transfer rights in the *collateral*, and

(c) the debtor has signed a *security agreement* that provides a description of the collateral.   19

L.P.R.A. § 2233(b) (emphasis added).

166.    "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. §

2212(a)(12) (emphasis added).

167.    "Security agreement" means an agreement that creates or provides for a security

interest.  19 L.P.R.A. § 2212(a)(74).

168.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO

Bondholders that creates or provides for a security interest in the "good faith, credit, and taxing

power" of the Commonwealth.

169.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable

"property" that can be transferred.  It therefore cannot be subject to a security interest.

34

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

170.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and *shall never be surrendered or suspended*."  P.R. Const. Art VI, § 2 (emphasis added).

171.    The Commonwealth does not have "the power to transfer rights" in the Commonwealth's "good faith, credit and taxing power."  The Commonwealth's "good faith, credit, and taxing power" cannot be subject to a security interest.

172.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all appropriate further relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens in the Commonwealth's "good faith, credit, and taxing power," as well as an order disallowing all secured claims against the Commonwealth's good faith, credit, and taxing power pursuant to Bankruptcy Code section 502(b).

## COUNT II

### DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD LIENS ON THE COMMONWEALTH'S "AVAILABLE RESOURCES" AND ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

173.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-172.

174.    GO Bondholders have asserted they hold liens against the Commonwealth's "available resources."  The Commonwealth, acting through Plaintiffs, disputes this assertion.  Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Commonwealth's "available resources."

175.    Section 8 of Article VI of the Puerto Rico Constitution provides "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other

35

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

disbursements shall thereafter be made in accordance with the order of priorities established by law."

P.R. Const. Art. VI, § 8.

176.     OMB Act section 4(c) provides "[i]n tune with Section 8, Article VI," of the

Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement

of public funds, when the available funds for a specific fiscal year are not sufficient to cover the

appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he

payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

177.     Under the Bankruptcy Code, a "lien" means a "*charge against or interest in* property

to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).

A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ."  11

U.S.C. § 101(53).

178.     Neither the Puerto Rico Constitution nor the OMB Act grant GO Bondholders a

"charge against or interest in" property.  At most, they create a Puerto Rico law payment priority.

179.     The GO Bondholders were not granted security interests by the bond resolutions or

official statements, which reiterate the provisions of the authorizing acts and the protections of the

Commonwealth Constitution, and fail to grant a security interest.

180.     Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the

collateral subject to the security interest.  19 L.P.R.A. § 2218(a).  There exists no agreement (signed

by the Commonwealth) granting GO Bondholders a security interest in the Commonwealth's

"available resources."

181.     The term "available resources" does not "reasonably identif[y]" any collateral subject

to any purported security interest.  Even if the term "available resources" were used in a security

agreement, that use would not be sufficient to grant a security interest in "available resources" to GO

Bondholders.

36

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

182.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens on the Commonwealth's "available resources," as well as an order disallowing all secured claims against the Commonwealth's "available resources" pursuant to Bankruptcy Code section 502(b).

### COUNT III

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO BONDHOLDERS' ASSERTED STATUTORY LIENS IN "AVAILABLE RESOURCES" PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

183.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-182.

184.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard." 11 U.S.C. § 545(1)(E).

185.    If the GO Bondholders hold statutory liens against the Commonwealth's "available resources," they would only become effective when "available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year." P.R. Const. Art. VI, § 8; *see also* OMB § 104(c)(1).

186.    Any such statutory liens "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are avoidable pursuant to Bankruptcy Code section 545(1)(E). *See* 11 U.S.C. § 545(1)(E).

187.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Commonwealth's "available resources" should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## COUNT IV

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE ALLOCABLE REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

188.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-187.

189.    Defendants have asserted they hold liens against the Allocable Revenues.   The Commonwealth, acting through the Plaintiffs, disputes this assertion.

190.    An actual, substantial, and justiciable controversy exists between the Commonwealth and the Defendants concerning the validity of the liens asserted on the Allocable Revenues.

191.    Section 8 of Article VI of the Commonwealth Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

192.    This constitutional provision does not grant GO Bondholders a statutory lien against the Allocable Revenues.

193.    The statutes governing the earmarking of the Allocable Revenues to the Authorities all condition the Authorities' rights to the Allocable Revenues on section 8 of Article VI of the Commonwealth Constitution.   *See* 13 L.P.R.A. § 31751(a)(1)(E) (conditioning earmarking of revenues of Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 31751(a)(3)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 9 L.P.R.A. § 2021 (conditioning earmarking of revenues of Vehicles Taxes to HTA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.01 (earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico . . . ."); 13 L.P.R.A. § 31751(a)(4)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes

38

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

to MBA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 2271v (conditioning earmarking of revenues of

Hotel Tax Revenues to PRCCDA to P.R. Const. Art. VI, § 8); 3 L.P.R.A. § 1914 (conditioning

earmarking of revenues of Rum Taxes to PRIFA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.02

(inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (conditioning earmarking of revenues

of PRIFA Petroleum Taxes to PRIFA to P.R. Const. Art. VI, § 8).

194.    Those statutes do not grant GO Bondholders a statutory lien against any of the

Allocable Revenues.

195.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

do not hold liens on the Allocable Revenues, as well as an order disallowing all secured claims against

the Allocable Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT V

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN ALLOCABLE REVENUES
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

196.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-195.

197.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid

the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes

effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified

standard . . . ." 11 U.S.C. § 545(1)(E).

198.    If GO Bondholders hold statutory liens against the Allocable Revenues, they would

only become effective when "available [resources] including surplus for any fiscal year are

insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8; *see also* 13

L.P.R.A. § 31751(a)(1)(E); 9 L.P.R.A. § 2004(l); 13 L.P.R.A. § 31751(a)(3)(C); 9 L.P.R.A. § 2021;

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Act 1-2015 § 2.01; 13 L.P.R.A. § 31751(a)(4)(C); 13 L.P.R.A. § 2271v; 3 L.P.R.A. § 1914; Act 1-2015 § 2.02.

199.    Any such statutory liens only "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are therefore avoidable pursuant to Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

200.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Allocable Revenues should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT VI

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE PROPERTY TAX REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

201.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-200.

202.    GO Bondholders have asserted they hold liens against the Property Tax Revenues. The Commonwealth, acting through the Plaintiffs, disputes this assertion.

203.    Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Property Tax Revenues.

204.    Act 83 provides Property Tax Revenues are to be collected and deposited into the "general trust" established jointly by the Municipal Revenues Collection Center and the Government Development Bank for Puerto Rico pursuant to the Municipal Revenue Collection Center Act.  21 L.P.R.A. § 5004.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

205.    In the "general trust," the Property Tax Revenues are commingled with other property taxes of the Commonwealth and lose their separate identity as Property Tax Revenues.  *See* 21 L.P.R.A. § 5803(c).

206.    Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund."  *Id.* § 5004(a).  This section does not itself create a trust; rather, it directs the Secretary of the Treasury to constitute one.

207.    Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust.  *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

208.    No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

209.    No such trust holding Property Tax Revenues was ever established, and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in such trust or otherwise).

210.    Act 83 requires that the Property Tax Revenues in the Commonwealth Redemption Fund be applied solely to the payment of the "existing or future general obligations[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligations[s], including the payment of any premium that is required for said early redemption."  21 L.P.R.A. 5004(a).

211.    Act 83 provides the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente]."  *Id.* § 5005.

41

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

212.    The Spanish version reads "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation."  This statutory language does not create a lien over the Property Tax Revenues, but creates a payment priority.

213.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens against or any other property interests in the Property Tax Revenues, as well as an order disallowing all secured claims against the Property Tax Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT VII

DECLARATORY JUDGMENT THAT UNDER PUERTO RICO LAW THE
COMMONWEALTH'S INTEREST IN ANY OF THE COMMONWEALTH'S PROPERTY IS
ENTITLED TO PRIORITY OVER ANY SECURITY INTERESTS GRANTED TO
DEFENDANTS
(28 U.S.C. §§ 2201, 2202; 19 L.P.R.A. §§ 2212(a)(52), 2267(a)(2))

214.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-213.

215.    Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

216.    No financing statements were filed in connection with the GO Bonds.

217.    No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

218.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a "lien creditor" has priority over unperfected security interests.

219.    Pursuant to 19 L.P.R.A. § 2212(a)(52), under Puerto Rico law "lien creditor" means, among other things, "a trustee in bankruptcy from the date of the filing of the petition."

220.    Pursuant to PROMESA section 301(c)(7), "the term 'trustee', when used in [the Bankruptcy Code], means the Oversight Board . . . ."  PROMESA § 301(c)(7).

42

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

221.   Plaintiffs therefore have priority over unperfected security interests in any of the Commonwealth's property, including any purported security interests of the Defendants.

222.   Accordingly, Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that pursuant to 19 L.P.R.A. § 2267(a)(2) Plaintiffs' interests in the Commonwealth's property, including in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, have priority over any security interests held by Defendants.

## COUNT VIII

JUDGMENT AVODING AND PRESERVING FOR THE COMMONWEALTH ANY SECURITY INTERESTS IN THE COMMONWEALTH'S PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 544 AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 544, 550, 551; 19 L.P.R.A. § 2267(a)(2))

223.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-222.

224.   Pursuant to Bankruptcy Code sections 544(a), the Commonwealth has, as of the commencement of this Title III case, and without regard to any knowledge of a trustee, debtor, or creditor, the rights and powers of, or may avoid any transfer of its property or any obligation it incurred that is voidable by, a judicial lien creditor, among other things.  11 U.S.C. § 544(a).

225.   Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a judicial lien creditor has priority over unperfected security interests.

226.   Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

227.   No financing statements were filed in connection with the GO Bonds.

228.   No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

43

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

229.     As such, any purported security interests in any of the Commonwealth's property,

including, without limitation, in the Commonwealth's "available resources", the Commonwealth's

good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, are

unperfected, for the reasons explained above, and are therefore invalid, unenforceable, and subject to

avoidance and preservation for the Commonwealth pursuant to sections 544 and 551.

230.     Accordingly, pursuant to Bankruptcy Code sections 544(a) and 551, and 19 L.P.R.A.

§ 2267(a)(2), all purported security interests of the Defendants, including in the Commonwealth's

"available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax

Revenues and the Allocable Revenues, should be avoided, recovered for the Commonwealth pursuant

to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth

pursuant to Bankruptcy Code section 551.

## COUNT IX

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
ARE UNSECURED CLAIMHOLDERS TO THE EXTENT THEY HOLD VALID CLAIMS AND
ORDER DISALLOWING ANY SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION
502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

231.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-230.

232.     Defendants do not hold liens against any of the Commonwealth's property.

233.     Defendants' claims, to the extent they are valid, are entirely unsecured.

234.     Defendants have asserted their GO Bond claims are secured.

235.     An actual, substantial, and justiciable controversy exists between the Commonwealth

and Defendants concerning the secured status of Defendants' claims.

236.     Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that Defendants' GO Bond

44

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

claims, to the extent they are valid, are entirely unsecured, as well as an order disallowing all secured

claims pursuant to Bankruptcy Code section 502(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that judgment be entered for the Commonwealth and against

Defendants as follows:

A.    Declaring Defendants do not hold a statutory lien on, or security interest in, the

Commonwealth's good faith, credit and taxing power;

B.    Declaring Defendants do not hold a statutory lien on, or security interest in, the

Commonwealth's available resources;

C.    Avoiding and preserving for the Commonwealth any statutory lien Defendants have

against the Commonwealth's available resources pursuant to Bankruptcy Code section 545;

D.    Declaring Defendants do not hold a statutory lien against, or security interest in, the

Allocable Revenues;

E.    Avoiding and preserving for the Commonwealth any statutory lien Defendants have

against the Allocable Revenues pursuant to Bankruptcy Code section 545;

F.    Declaring Defendants do not hold a statutory lien against, or security interest in, the

Property Tax Revenues;

G.    Declaring any security interests Defendants hold in the Commonwealth's property are

unperfected and junior to Plaintiffs' interests in the Commonwealth's property pursuant to 19

L.P.R.A. § 2267(a);

H.    Avoiding and preserving for the Commonwealth any security interest Defendants have

against the Commonwealth's property pursuant to Bankruptcy Code section 544;

I.    Declaring Defendants' GO Bond claims, to the extent they are valid, are entirely

unsecured; and

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

J.      Disallowing all secured claims asserted by Defendants.

*[Remainder of page intentionally left blank.]*

46

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Dated: May 2, 2019                                 Respectfully submitted,
       San Juan, Puerto Rico

                                                   */s/   Martin J. Bienenstock*

                                                   Martin J. Bienenstock
                                                   Brian S. Rosen
                                                   Jeff W. Levitan
                                                   (Admitted *Pro Hac Vice*)
                                                   **PROSKAUER ROSE LLP**
                                                   Eleven Times Square
                                                   New York, NY 10036
                                                   Tel:  (212) 969-3000
                                                   Fax:  (212) 969-2900

                                                   *Attorneys for the Financial Oversight and*
                                                   *Management Board as representative of the*
                                                   *Debtor*

                                                   */s/   Hermann D. Bauer*

                                                   Hermann D. Bauer
                                                   USDC No. 215205
                                                   **O'NEILL & BORGES LLC**
                                                   250 Muñoz Rivera Ave., Suite 800
                                                   San Juan, PR 00918-1813
                                                   Tel:  (787) 764-8181
                                                   Fax:  (787) 753-8944

                                                   *Co-Attorneys for the Financial Oversight and*
                                                   *Management Board as representative of the*
                                                   *Debtor*

                                                   and

                                                   */s/ Luc A. Despins*

                                                   **PAUL HASTINGS LLP**[10]
                                                   Luc. A. Despins, Esq. *(Pro Hac Vice)*
                                                   James R. Bliss, Esq. *(Pro Hac Vice)*
                                                   200 Park Avenue
                                                   New York, New York 10166
                                                   Telephone:  (212) 318-6000
                                                   lucdespins@paulhastings.com

---

[10] Due to circumstances outside of its control, and despite its best efforts, the Committee's counsel Paul Hastings LLP was
unable to finish a comprehensive conflicts review with respect to all defendants prior to the filing of this Complaint.  The
Committee's counsel reserves the right to withdraw from this action as to certain defendants without prejudice to Plaintiffs
if necessary to resolve any conflicts that may arise.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

jamesbliss@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR
218312
Diana M. Batlle-Barasorda, Esq., USDC - PR
213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR
302710
Ericka C. Montull-Novoa, Esq., USDC - PR
230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## EXHIBIT A

**DEBT GUARANTEED BY COMMONWEALTH UNDER GOOD/FULL FAITH AND CREDIT GUARANTIES**

1.  Puerto Rico Public Buildings Authority (PBA)

    All outstanding bonds[11]


2.  Puerto Rico Infrastructure Financing Authority (PRIFA)

    All outstanding bond anticipation notes[12]


3.  Puerto Rico Aqueduct and Sewer Authority (PRASA)

    Revenue Refunding Bonds, Series A and Revenue Refunding Bonds, Series B[13]

4.  Port of the Americas Authority (APLA)

    All outstanding bonds[14]

---

[11] $4.0 billion approximate principal amount (as of July 31, 2016).

[12] $78.0 million approximate principal amount (as of July 31, 2016).

[13] $284.8 million approximate principal amount (as of July 31, 2016).

[14] $226.0 million approximate principal amount (as of July 31, 2016).