# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2] | Adv. Proc. No. 19-_____-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action,* Case No. 17-BK-3283 (LTS), ECF No. 6501-1, which is incorporated herein by reference.

v.

AWILDA O. MARTINEZ-SANCHEZ; PHYLLIS A.
HEMMERLY; LUIS A. MARQUEZ GARCIA;
ANDREW P. DAVIS; LUZ M ARROYO; ENRIQUE
CARRILLO; GERRYANNE RAMOS; HECTOR X.
PEREZ; PILAR O. BONNIN; SANDRA MACLAY DE
SERRALLES; FRANCES BRAGAN VALLDEJULY;
CARLOS M. AMADOR; CARMEN YOLANDA
RIVERA TORRES; RAFAEL A. QUINONES SOTO;
ENRIQUE CASTILLO TORO; MARIA R. PIZA;
LIZETTE REXACH FELICIANO; MARIA DEL C.
CASTRO RIVERA; JUAN VAZQUEZ CRESPO;
DAVID BACKENS; JOSE R. PORTILLA; LUZ IRAIDA
RODRIGUEZ DE VAZQUEZ; LUIS ENRIQUE
VAZQUEZ-ZAYAS; MERCEDES VICENTE
BENITEZ; ROBERTO PEREZ COLON; STUART
DWORK; FRANCOIS MAY; MATTHEW MAY; ANA
T. COLMENERO; JAMES B. MOORE; ROSA E.
LESPIER SANTIAGO; LIEDO ALBERTO PICO JR.;
SARA E. DE JESUS; EDGAR DONNENECH;
AWILDA GONZALEZ; NYDIA Z. JIMENEZ
SANCHEZ; MARTA L. LOUBRIEL; CARMEN
ILENNA RIVERA CINTRON; MARIA TERESA SAN
MIGUEL; RICARDO ALEGRIA; ELSIE C.
BRUGUERAS; ALBERT B. SHEHADI; GILDA P.
ROVIRA; JAIME BANCHS PIERETTI; CLAUDIA
VINCENTY GUZMAN; ARIEL COLON CLAVELL;
ROY ROBERTSON; LUIS GARRATON MARTIN;
MITCHELL F. WINSLOW; ELLEN WINSLOW;
EDWIN MALDONADO SANTIAGO; MARGARITA
MARIA VINCENTY; ROSA M. AGUAYO PACHECO;
ROSALINA ORTIZ DE JESUS; PEDRO MANUEL
VINCENTY GUZMAN; MARIO B. MUNOZ TORRES;
ROSA ROSARIO DE MORALES; LOURDES
MORALES; EVELYN RAMIREZ GARRATON;
RICHARD D. SEIFERT; PATRICIA L. SEIFERT;
SHALINI GUPTA; RAMON COLON-GONZALEZ;
GERARD RAMOS-MARTIN; MARIA-INES SUAREZ
PEREZ-GUERRA TIC; ELOY GUTIERREZ; MARIA
DEL C. REYES MADRAZO; MANUEL A.
QUILICHINI TEISSONNIERE; JULIA MARGARITA
GONZALEZ PASSALACQUA; ORBEN IRIZARRY
ROBLES; HUGO L. QUILICHINI; ROBERTO TORRES
LUGO; BLANCA M. RAMIREZ FELICIANO; JAMES
E. OLSEN; CARMEN G. GOLDEROS RODRIGUEZ;

ANNA ELIAS; LINDA NEALY; RAOUL SMYTH;
RAFAEL CAVO SANTONI; LOUIS JULES MARIN;
MARIA RODRIGUEZ HERNANDEZ; GERALD
LEITZES; ELIZABETH LEITZES; WILLIAM RIFKIN;
ARTURO PICO VIDAL; MARYLIN GONZALEZ
TORO; FLOR ZAYAS DE NAVARRO; MARIA
DOLORES RODRIGUEZ BECERRA; DULCE M. DE
HOSTOS; LARRY HAMILTON; GUILLERMO
MARXUACH; ADRIANA IRIZARRY; GLADYS B.
SUAREZ DOMINGUEZ; SYLVIA I. MARTINEZ
CALIMANO; RAE MARIE DOUGAN; WILLIAM D.
DOUGAN JR TEN WRAS; FRED A. LEVINE; ELLEN
LEVINE

      Defendants.

**COMPLAINT CHALLENGING VALIDITY,
ENFORCEABILITY, AND EXTENT OF ALLEGED PREPETITION LIENS
OF COMMONWEALTH GENERAL OBLIGATION AND GUARANTEED BONDS**

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1), made applicable to these Title III

cases by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("PROMESA"),[1] and the *Stipulation and Agreed Order by and Among Financial Oversight and*

*Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors*

*Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Stipulation"), the

Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through (i) the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's

representative pursuant to section 315(b) of PROMESA, and (ii) the Official Committee of Unsecured

Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the

Commonwealth and Oversight Board, the "Plaintiffs"), as section 926 trustee and co-plaintiff

pursuant to the Stipulation, in each case by and through undersigned counsel, allege as follows for

their complaint ("Complaint")[2] against Defendants,[3] as holders and/or insurers of general obligation

("GO") bonds issued by the Commonwealth and/or bonds or notes guaranteed by the Commonwealth

---

[1]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[2]  Plaintiffs reserve its right to raise additional objections or commence additional avoidance actions on any basis to GO Bond (as defined below) claims.

[3]  Defendants in this action are: Awilda O. Martinez-Sanchez; Phyllis A. Hemmerly; Luis A. Marquez Garcia; Andrew P. Davis; Luz M Arroyo; Enrique Carrillo; Gerryanne Ramos; Hector X. Perez; Pilar O. Bonnin; Sandra Maclay De Serralles; Frances Bragan Valldejuly; Carlos M. Amador; Carmen Yolanda Rivera Torres; Rafael A. Quinones Soto; Enrique Castillo Toro; Maria R. Piza; Lizette Rexach Feliciano; Maria Del C. Castro Rivera; Juan Vazquez Crespo; David Backens; Jose R. Portilla; Luz Iraida Rodriguez De Vazquez; Luis Enrique Vazquez-Zayas; Mercedes Vicente Benitez; Roberto Perez Colon; Stuart Dwork; Francois May; Matthew May; Ana T. Colmenero; James B. Moore; Rosa E. Lespier Santiago; Liedo Alberto Pico Jr.; Sara E. De Jesus; Edgar Donnenech; Awilda Gonzalez; Nydia Z. Jimenez Sanchez; Marta L. Loubriel; Carmen Ilenna Rivera Cintron; Maria Teresa San Miguel; Ricardo Alegria; Elsie C. Brugueras; Albert B. Shehadi; Gilda P. Rovira; Jaime Banchs Pieretti; Claudia Vincenty Guzman; Ariel Colon Clavell; Roy Robertson; Luis Garraton Martin; Mitchell F. Winslow; Ellen Winslow; Edwin Maldonado Santiago; Margarita Maria Vincenty; Rosa M. Aguayo Pacheco; Rosalina Ortiz De Jesus; Pedro Manuel Vincenty Guzman; Mario B. Munoz Torres; Rosa Rosario De Morales; Lourdes Morales; Evelyn Ramirez Garraton; Richard D. Seifert; Patricia L. Seifert; Shalini Gupta; Ramon Colon-Gonzalez; Gerard Ramos-Martin; Maria-Ines Suarez Perez-Guerra TIC; Eloy Gutierrez; Maria Del C. Reyes Madrazo; Manuel A. Quilichini Teissonniere; Julia Margarita Gonzalez Passalacqua; Orben Irizarry Robles; Hugo L. Quilichini; Roberto Torres Lugo; Blanca M. Ramirez Feliciano; James E. Olsen; Carmen G. Golderos Rodriguez; Anna Elias; Linda Nealy; Raoul Smyth; Rafael Cavo Santoni; Louis Jules Marin; Maria Rodriguez Hernandez; Gerald Leitzes; Elizabeth Leitzes; William Rifkin; Arturo Pico Vidal; Marylin Gonzalez Toro; Flor Zayas De Navarro; Maria Dolores Rodriguez Becerra; Dulce M. De Hostos; Larry Hamilton; Guillermo Marxuach; Adriana Irizarry; Gladys B. Suarez Dominguez; Sylvia I. Martinez Calimano; Rae Marie Dougan; William D. Dougan JR Ten WRAS; Fred A. Levine; Ellen Levine (collectively, "Defendants").

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

on a good/full faith and credit basis[4] ("GO Bonds," and holders and insurers of such Bonds, "GO Bondholders," or, as the context requires, such defined terms shall refer only to Commonwealth GO bonds and holders and insurers of such bonds) that have asserted secured status in the Commonwealth's Title III case:[5]

## NATURE OF ACTION

1.      This adversary proceeding arises out of a dispute between the Commonwealth and Defendants—various GO Bondholders—regarding the existence, extent, and enforceability of asserted consensual and statutory liens.  Defendants have filed claims in the Commonwealth's Title III case asserting their GO Bond claims are secured by one or more of the following: (1) the Commonwealth's "good/full faith, credit and taxing power," (2) the Commonwealth's "available resources,"[6] (3) the Allocable Revenues (as defined below), and (4) the Property Tax Revenues (as defined below).

2.      All the foregoing assertions are incorrect.  GO Bondholders have no such liens:

- Good Faith and Credit.  The Commonwealth's "pledge" of its "good faith, credit and taxing power" to its general obligation bonds under 13 L.P.R.A § 41, certain bond authorizing statutes, and certain bond resolutions is a promise to pay.  The Commonwealth's "good faith and credit" guaranties obligate the Commonwealth on the same basis as the Commonwealth is obligated under its general obligation bonds.  The Commonwealth's "good faith, credit, and taxing power" is not property that can be subject to a lien.  Moreover, the Commonwealth's "full faith, credit and taxing power" is a power the Commonwealth Constitution provides "shall never be surrendered or suspended."  Therefore, the Commonwealth could not have granted a lien on it even if it is property.

---

[4]  A schedule of such Commonwealth-guaranteed bonds and notes is attached hereto as **Exhibit A**.  The Puerto Rico Constitution uses the term "full faith" while the relevant Puerto Rico statutes and bond resolutions use the term "good faith."  The Plaintiffs understand these terms to be used interchangeably.

[5]  Defendants in this action are all holders and insurers of outstanding GO Bonds (including, as that term is defined herein, bonds backed by a Commonwealth "good faith and credit" guaranty) that have asserted secured status in the Commonwealth's Title III case.

[6]  Although the GO Bondholders use the term "available resources," which is a translation of the Spanish version of the text, the official English version of the Puerto Rico Constitution uses the narrower term "available revenues."  Solely for purposes of this Complaint, and without waiver of or prejudice to any argument regarding which version of the Puerto Rico Constitution controls, the Commonwealth uses the term "available resources" so that the relief it seeks corresponds to the GO Bondholders' assertions.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

- <u>Available Resources</u>.  The Puerto Rico Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid." *See* P.R. Const. Art VI, § 8.  This does not create a lien on the Commonwealth's "available [resources]"—it only creates a Puerto Rico law payment priority.

- <u>Allocable Revenues</u>.  GO Bondholders are not given any lien on certain conditionally earmarked tax and fee revenues (collectively, "<u>Allocable Revenues</u>", described in greater detail below).  The statutes creating the Authorities (as defined below) and conditionally earmarking the Allocable Revenues to them do not grant GO Bondholders a lien against the Allocable Revenues.  Rather, they simply restate that the Allocable Revenues will be used in accordance with section 8 of Article VI of the Constitution if needed—which, as discussed above, does not give GO Bondholders any lien on any Commonwealth property or rights.

- <u>Property Tax Revenues</u>. 21 L.P.R.A. § 5004 provides that the Property Tax Revenues "shall be entered . . . into a trust established by the Secretary of the Treasury" in favor of the GO Bondholders.  Yet no trust in favor of GO Bondholders was ever validly created on the Property Tax Revenues under Puerto Rico law since no deed of trust was properly executed, nor were GO Bondholders ever given a lien against them.  As such, GO Bondholders lack any property interests in the Property Tax Revenues.

- <u>No Security Agreement</u>.  The Commonwealth is not a party to any agreement with, or for the benefit of, the GO Bondholders pursuant to which the Commonwealth granted, or purported to grant, a security interest to the GO Bondholders.

As a result, the Commonwealth is entitled to declaratory judgments that Defendants do not hold consensual or statutory liens against any of the above items and are unsecured claimholders to the extent they hold allowed claims.

3. <u>Moreover, even if Commonwealth law granted GO Bondholders statutory liens against the Commonwealth's "available resources" or the Allocable Revenues, such statutory liens are avoidable under Bankruptcy Code[7] section 545</u>.  The constitutional and statutory provisions Defendants claim grant them statutory liens, by their terms, only become effective if the Commonwealth's "available resources" are insufficient to cover the Commonwealth's expenses in a given fiscal year.  As a result, they are statutory liens that first become effective "when the debtor's financial condition fails to meet a specified standard"—making them voidable by Bankruptcy Code

---

[7]  All sections of the Bankruptcy Code (title 11 of the United States Code) referenced in this Complaint are made applicable to this adversary proceeding by PROMESA § 301(a).

section 545(1)(E).  Therefore, to the extent GO Bondholders are held to possess statutory liens over the Commonwealth's "available resources" or the Allocable Revenues, the Commonwealth is entitled to judgments avoiding any such statutory liens under Bankruptcy Code section 545(1)(E) and preserving them for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## PARTIES

4.      The Constitution of the Commonwealth of Puerto Rico (the "Commonwealth Constitution," "Puerto Rico Constitution," or the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created plaintiff the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

5.      Co-Plaintiff the Oversight Board is an entity within the Commonwealth government established pursuant to PROMESA.

6.      Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors (other than COFINA).  The Committee was appointed by the United States Trustee on June 15, 2017.

7.      Defendants are all holders or insurers of GO Bonds that have filed claims against the Commonwealth asserting their GO Bond claims (including any claims based on Good Faith and Credit Guaranties) are entitled to secured status in the Commonwealth's Title III case for one or more reasons addressed in this Complaint.[8]

8.      Defendant Awilda O. Martinez-Sanchez is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 130 and 9758 asserting GO Bond claims against the Commonwealth.  Awilda D.O. Martinez-Sanchez asserted their GO Bond claims were secured.

---

[8]   Plaintiffs file this Complaint against Defendants on account of *all* of Defendants' GO Bond claims, whether or not each and every of the Defendants' proofs of claim are listed herein.  Any failure to list a particular proof of claim filed by a Defendant herein does not exclude said claim from challenge by this Complaint.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

In their proof of claim, Awilda D.O. Martinez-Sanchez listed their address as Urb. Sagrado Carazon 1628 San Julian St. San Juan PR 00926.

9.      Defendant Phyllis A. Hemmerly is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 4361 asserting GO Bond claims against the Commonwealth.  Phyllis A. Hemmerly asserted their GO Bond claims were secured.  In their proof of claim, Phyllis A. Hemmerly listed their address as 971 Overbrook Service Drive, Columbus, OH 43224.

10.     Defendant Luis A. Marquez Garcia is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 33586 asserting GO Bond claims against the Commonwealth. Luis A. Marquez Garcia asserted their GO Bond claims were secured. In their proof of claim, Luis A. Marquez Garcia listed their address as 600 Doe Cesar Gonzalez Cond. Parque De Loyola Apt. 2106, San Juan PR 00918.

11.     Defendant Andrew P. Davis is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 3076 asserting GO Bond claims against the Commonwealth. Andrew P. Davis asserted their GO Bond claims were secured.  In their proof of claim, Andrew P. Davis listed their address as 333 West End Ave. Apt 4B, New York, NY 10023.

12.     Defendants Luz M Arroyo and Enrique Carrillo are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 113797 asserting GO Bond claims against the Commonwealth.  Luz M Arroyo and Enrique Carrillo asserted their GO Bond claims were secured.  In their proof of claim, Luz M Arroyo and Enrique Carrillo listed their address as 94 Principe Guillermo Estancias Reales Guaynabo PR 00969.

13.     Defendant Gerryanne Ramos is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 24632 asserting GO Bond claims against the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth.  Gerryanne Ramos asserted their GO Bond claims were secured.  In their proof of claim, Gerryanne Ramos listed their address as Calle la Catedral D-4 San Juan PR 00926.

14.     Defendant Hector X. Perez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11299 asserting GO Bond claims against the Commonwealth. Hector X. Perez asserted their GO Bond claims were secured.  In their proof of claim, Hector X. Perez listed their address as 165-C Villa St. Ponce PR 00730.

15.     Defendant Pilar O. Bonnin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 31292 asserting GO Bond claims against the Commonwealth. Pilar O. Bonnin asserted their GO Bond claims were secured.  In their proof of claim, Pilar O. Bonnin listed their address as 204 Calle Isabel Coto Laurel PR 007480.

16.     Defendant Sandra Maclay De Serralles is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 19080 asserting GO Bond claims against the Commonwealth.  Sandra Maclay De Serralles asserted their GO Bond claims were secured.  In their proof of claim, Sandra Maclay De Serralles listed their address as P.O. Box 360 Mercedita PR 00715-0360.

17.     Defendant Frances Bragan Valldejuly is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20434 asserting GO Bond claims against the Commonwealth.  Frances Bragan Valldejuly asserted their GO Bond claims were secured.  In their proof of claim, Frances Bragan Valldejuly listed their address as 2225 Ponce Bypass #909 Ponce PR 00717.

18.     Defendant Carlos M. Amador is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 37793 asserting GO Bond claims against the Commonwealth.  Carlos M. Amador asserted their GO Bond claims were secured.  In their proof of claim, Carlos M. Amador listed their address as 5 Carr 833 Apt 1203 B Guaynabo PR 00969.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

19.     Defendant Carmen Yolanda Rivera Torres is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 16366 asserting GO Bond claims against the Commonwealth.  Carmen Yolanda Rivera Torres asserted their GO Bond claims were secured.  In their proof of claim, Carmen Yolanda Rivera Torres listed their address as Calle Esmeralda 19 Urb Bucare Guaynabo PR 00969.

20.     Defendant Rafael A. Quinones Soto is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15312 asserting GO Bond claims against the Commonwealth.  Rafael A. Quinones Soto asserted their GO Bond claims were secured.  In their proof of claim, Rafael A. Quinones Soto listed their address as F1 Trebol Urb Jardines de Ponce Ponce PR 00730-1845.

21.     Defendants Enrique Castillo Toro and Maria R. Piza are individuals that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 18617, 23344, and 28139 asserting GO Bond claims against the Commonwealth.  Enrique Castillo Toro and Maria R. Piza asserted their GO Bond claims were secured.  In their proofs of claim, Enrique Castillo Toro and Maria R. Piza listed their address as 8 San Edmundo San Juan PR 00927.

22.     Defendant Lizette Rexach Feliciano is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 119405 asserting GO Bond claims against the Commonwealth.  Lizette Rexach Feliciano asserted their GO Bond claims were secured.  In their proof of claim, Lizette Rexach Feliciano listed their address as 154 Martinete St Montehiedra San Juan PR 00926.

23.     Defendants Maria Del C. Castro Rivera and Juan Vazquez Crespo are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14671 asserting GO Bond claims against the Commonwealth.  Maria Del C. Castro Rivera and Juan Vazquez Crespo asserted their GO Bond claims were secured.  In their proof of claim, Maria Del C. Castro Rivera and

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Juan Vazquez Crespo listed their address as 442 Camino Guanica Sabanera Dorado Dorado Puerto Rico 00646.

24.     Defendant is Maria Del C. Castro Rivera is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14424 asserting GO Bond claims against the Commonwealth.  Maria Del C. Castro Rivera asserted their GO Bond claims were secured.  In their proof of claim, Maria Del C. Castro Rivera listed their address as 442 Camino Guanica Sabanera Dorado Dorado Puerto Rico 00646.

25.     Defendant is Juan Vazquez Crespo is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 14630 asserting GO Bond claims against the Commonwealth.  Juan Vazquez Crespo asserted their GO Bond claims were secured.  In their proof of claim, Juan Vazquez Crespo listed their address as 442 Camino Guanica Sabanera Dorado Dorado Puerto Rico 00646.

26.     Defendant David Backens is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 1559 asserting GO Bond claims against the Commonwealth. David Backens asserted their GO Bond claims were secured.  In their proof of claim, David Backens listed their address as 1318 San Andres Street Apt E Santa Barbara CA 93101.

27.     Defendant Jose R. Portilla is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 24910 and 31396 asserting GO Bond claims against the Commonwealth. Jose R. Portilla asserted their GO Bond claims were secured.  In their proof of claim, Jose R. Portilla listed their address as 1226 Don Quijote Ponce PR 00716.

28.     Defendants Luz Iraida Rodriguez De Vazquez and Luis Enrique Vazquez-Zayas are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 19565 asserting GO Bond claims against the Commonwealth.  Luz Iraida Rodriguez De Vazquez and Luis Enrique Vazquez-Zayas asserted their GO Bond claims were secured by the Commonwealth's

8

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

"available resources."  In their proof of claim, Luz Iraida Rodriguez De Vazquez and Luis Enrique Vazquez-Zayas listed their address as P.O. Box 3177 Carolina PR 00984-3177.

29.     Defendant Mercedes Vicente Benitez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 30519 asserting GO Bond claims against the Commonwealth.  Mercedes Vicente Benitez asserted their GO Bond claims were secured.  In their proof of claim, Mercedes Vicente Benitez listed their address as 1753 Horas St Venus Gardens San Juan PR 00926.

30.     Defendant Roberto Perez Colon is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 4466 and 4986 asserting GO Bond claims against the Commonwealth.  Roberto Perez Colon asserted their GO Bond claims were secured.  In their proofs of claim, Roberto Perez Colon listed their address as Urb Vista Verda 61 Zafiro Mayaguez PR 00682.

31.     Defendant Stuart Dwork is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 2837 asserting GO Bond claims against the Commonwealth.  Stuart Dwork asserted their GO Bond claims were secured.  In their proof of claim, Stuart Dwork listed their address as 4191 Midrose Trail Dallas Texas 75287.

32.     Defendants Francois May and Matthew May JTWROS are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 6390 asserting GO Bond claims against the Commonwealth.  Francois May and Matthew May JTWROS asserted their GO Bond claims were secured.  In their proof of claim, Francois May and Matthew May JTWROS listed their address as 7310 Rindge Avenue Playa del Rey CA 90293.

33.     Defendant Ana T. Colmenero is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 85 asserting GO Bond claims against the Commonwealth.  Ana T. Colmenero asserted their GO Bond claims were secured.  In their proof of

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

claim, Ana T. Colmenero listed their address as 147 Crisantemo St. Urb San Francisco San Juan Puerto Rico 00927.

34.    Defendant James B. Moore is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11072 asserting GO Bond claims against the Commonwealth. James B. Moore asserted their GO Bond claims were secured.  In their proof of claim, James B. Moore listed their address as 2532 G Road Grand Junction CO 81505.

35.    Defendant Rosa E. Lespier Santiago is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11526 asserting GO Bond claims against the Commonwealth.  Rosa E. Lespier Santiago asserted their GO Bond claims were secured.  In their proof of claim, Rosa E. Lespier Santiago listed their address as Ext. Alhambra/1703 Calle Jerez Ponce PR 00716.

36.    Defendant Liedo Alberto Pico Jr. is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15602 asserting GO Bond claims against the Commonwealth.  Liedo Alberto Pico Jr. asserted their GO Bond claims were secured by the Commonwealth's "full faith and credit".  In their proof of claim, Liedo Alberto Pico Jr. listed their address as #59 Kings Court, Apt. 804 San Juan PR 00911.

37.    Defendant Sara E. De Jesus is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 15615 and 16432 asserting GO Bond claims against the Commonwealth.   Sara E. De Jesus asserted their GO Bond claims were secured by the Commonwealth's "full faith and credit."  In their proofs of claim, Sara E. De Jesus listed their address as #59 Kings Court Apt 804 San Juan PR 00911.

38.    Defendant Edgar Donnenech is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15658 asserting GO Bond claims against the Commonwealth.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Edgar Donnenech asserted their GO Bond claims were secured.  In their proof of claim, Edgar

Donnenech listed their address as 3453 Paseo Versantig Vista Point Ponce PR 00716.

39.     Defendant Awilda Gonzalez is an individual that filed a proof of claim that was logged

by Prime Clerk as Proof of Claim No. 18229 asserting GO Bond claims against the Commonwealth.

Awilda Gonzalez asserted their GO Bond claims were secured.  In their proof of claim, Awilda

Gonzalez listed their address as P.O. Box 9022465 San Juan PR 00902-2465.

40.     Defendant Nydia Z. Jimenez Sanchez is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 19051 asserting GO Bond claims against the

Commonwealth.  Nydia Z. Jimenez Sanchez asserted their GO Bond claims were secured.  In their

proof of claim, Nydia Z. Jimenez Sanchez listed their address as Urb Rio Cristal RA-17 Via Del

Parque Trujillo Alto PR 00976-6023.

41.     Defendant Marta L. Loubriel is an individual that filed a proof of claim that was logged

by Prime Clerk as Proof of Claim No. 22558 asserting GO Bond claims against the Commonwealth.

Marta L. Loubriel asserted their GO Bond claims were secured.  In their proof of claim, Marta L.

Loubriel listed their address as Chalets del Bulevar Apt 3 Ponce PR 00716.

42.     Defendant Carmen Ilenna Rivera Cintron is an individual that filed a proof of claim

that was logged by Prime Clerk as Proof of Claim No. 25968 asserting GO Bond claims against the

Commonwealth.  Carmen Ilenna Rivera Cintron asserted their GO Bond claims were secured.  In

their proof of claim, Carmen Ilenna Rivera Cintron listed their address as 41 Munoz Rivera Villalba

PR 00766.

43.     Defendant Maria Teresa San Miguel is an individual that filed a proof of claim that

was logged by Prime Clerk as Proof of Claim No. 26501 asserting GO Bond claims against the

Commonwealth.  Maria Teresa San Miguel asserted their GO Bond claims were secured.  In their

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

proof of claim, Maria Teresa San Miguel listed their address as P.O. Box 11679 San Juan PR 00922-1679.

44.     Defendant Ricardo Alegria is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 35777 asserting GO Bond claims against the Commonwealth. Ricardo Alegria asserted their GO Bond claims were secured.  In their proof of claim, Ricardo Alegria listed their address as P.O. Box 9023187 San Juan PR 00902-3187.

45.     Defendant Elsie C. Brugueras is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 41693 asserting GO Bond claims against the Commonwealth. Elsie C. Brugueras asserted their GO Bond claims were secured.  In their proof of claim, Elsie C. Brugueras listed their address as P.O. Box 190473 San Juan PR 00919-0473.

46.     Defendant Albert B. Shehadi is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 46102 asserting GO Bond claims against the Commonwealth. Albert B. Shehadi asserted their GO Bond claims were secured.  In their proof of claim, Albert B. Shehadi listed their address as 27 Byram Shore Rd Greenwich CT 06830.

47.     Defendant Gilda P. Rovira is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 119618 asserting GO Bond claims against the Commonwealth. Gilda P. Rovira asserted their GO Bond claims were secured.  In their proof of claim, Gilda P. Rovira listed their address as Urb. El Monde Calle Cumbre 3647 Ponce PR 00716.

48.     Defendant Jaime Banchs Pieretti is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 8832 asserting GO Bond claims against the Commonwealth. Jaime Banchs Pieretti asserted their GO Bond claims were secured.  In their proof of claim, Jaime Banchs Pieretti listed their address as Urb. Jacaranda 35129 Araguaney St. Ponce PR 00730.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

49.     Defendant Claudia Vincenty Guzman is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12782 asserting GO Bond claims against the Commonwealth.  Claudia Vincenty Guzman asserted their GO Bond claims were secured.  In their proof of claim, Claudia Vincenty Guzman listed their address as Calle 7C 10 Mansiones Garden Hills Guaynabo PR 00966.

50.     Defendant Ariel Colon Clavell is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13645 asserting GO Bond claims against the Commonwealth.  Ariel Colon Clavell asserted their GO Bond claims were secured.  In their proof of claim, Ariel Colon Clavell listed their address as 7172 Divina Providencia Urb. Santa Maria Ponce PR 00717.

51.     Defendant Roy Robertson is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 2989 asserting GO Bond claims against the Commonwealth. Roy Robertson asserted their GO Bond claims were secured.  In their proof of claim, Roy Robertson listed their address as 11510 W. Sycamore Hills Dr. Fort Wayne IN 46814-9386.

52.     Defendant Luis Garraton Martin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 43 asserting GO Bond claims against the Commonwealth.  Luis Garraton Martin asserted their GO Bond claims were secured.  In their proof of claim, Luis Garraton Martin listed their address as 147 Crisantemo St. Urb. San Francisco San Juan, Puerto Rico 00927.

53.     Defendants Mitchell F. Winslow and Ellen Winslow are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 5073 asserting GO Bond claims against the Commonwealth.  Mitchell F. Winslow and Ellen Winslow asserted their GO Bond claims were secured.  In their proof of claim, Mitchell F. Winslow and Ellen Winslow listed their address as 5935 north Bailey Ave. Prescott AZ 86305-7461.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

54.     Defendant Mitchell F. Winslow is an individual that filed proofs of claim that were logged by Prime Clerk as Proof of Claim Nos. 6781 and 9604 asserting GO Bond claims against the Commonwealth.  Mitchell F. Winslow asserted their GO Bond claims were secured.  In their proofs of claim, Mitchell F. Winslow listed their address as 5935 N. Bailey Ave. Prescott AZ 86305-7461.

55.     Defendant Edwin Maldonado Santiago is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11538 asserting GO Bond claims against the Commonwealth.  Edwin Maldonado Santiago asserted their GO Bond claims were secured.  In their proof of claim, Edwin Maldonado Santiago listed their address as Urb Jardines de Ponce Paseo Azcuencia K-1 Ponce PR 00730.

56.     Defendant Margarita Maria Vincenty is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 13500 asserting GO Bond claims against the Commonwealth.  Margarita Maria Vincenty asserted their GO Bond claims were secured.  In their proof of claim, Margarita Maria Vincenty listed their address as Calle Salud 1367 Ponce PR 00717.

57.     Defendant Rosa M. Aguayo Pacheco is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15142 asserting GO Bond claims against the Commonwealth.  Rosa M. Aguayo Pacheco asserted their GO Bond claims were secured.  In their proof of claim, Rosa M. Aguayo Pacheco listed their address as 1232 Calle Calme Urb. Buena Vista Ponce PR 00717-2512.

58.     Defendant Rosalina Ortiz De Jesus is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 18616 asserting GO Bond claims against the Commonwealth.  Rosalina Ortiz De Jesus asserted their GO Bond claims were secured.  In their proof of claim, Rosalina Ortiz De Jesus listed their address as P.O. Box 330990 Ponce PR 00733-0990.

59.     Defendant Pedro Manuel Vincenty Guzman is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 22277 asserting GO Bond claims against the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth.  Pedro Manuel Vincenty Guzman asserted their GO Bond claims were secured.  In their proof of claim, Pedro Manuel Vincenty Guzman listed their address as 19 E 95 St. Apt. 2R NYC NY 10128.

60.     Defendant Mario B. Munoz Torres is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 24422 asserting GO Bond claims against the Commonwealth.  Mario B. Munoz Torres asserted their GO Bond claims were secured.  In their proof of claim, Mario B. Munoz Torres listed their address as P.O. Box 330990 Ponce PR 00733-0990.

61.     Defendants Rosa Rosario De Morales and Lourdes Morales are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 54618 asserting GO Bond claims against the Commonwealth.  Rosa Rosario De Morales and Lourdes Morales asserted their GO Bond claims were secured.  In their proof of claim, Rosa Rosario De Morales and Lourdes Morales listed their address as Urb. Sagrado Corazon #1622 Santa Eduvigis San Juan PR 00926.

62.     Defendant Evelyn Ramirez Garraton is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 90341 asserting GO Bond claims against the Commonwealth.  Evelyn Ramirez Garraton asserted their GO Bond claims were secured by the Commonwealth's "available resources."  In their proof of claim, Evelyn Ramirez Garraton listed their address as #136 Calle Mimosa San Juan PR 00927.

63.     Defendants Richard D. Seifert and Patricia L. Seifert are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 2513 asserting GO Bond claims against the Commonwealth.  Richard D. Seifert and Patricia L. Seifert asserted their GO Bond claims were secured.  In their proof of claim, Richard D. Seifert and Patricia L. Seifert listed their address as 475 Panorama Drive Fairbanks Alaska 99712.

64.     Defendant Shalini Gupta is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 1372 asserting GO Bond claims against the Commonwealth.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

Shalini Gupta asserted their GO Bond claims were secured.  In their proof of claim, Shalini Gupta

listed their address as 270 Marin Blvd Apt 4D Jersey City NJ 07302.

65.    Defendant Ramon Colon-Gonzalez is an individual that filed a proof of claim that was

logged by Prime Clerk as Proof of Claim No. 15734 asserting GO Bond claims against the

Commonwealth.  Ramon Colon-Gonzalez asserted their GO Bond claims were secured.  In their proof

of claim, Ramon Colon-Gonzalez listed their address as P.O. Box 24853 Ft Lauderdale FL 33307-

4853.

66.    Defendants Gerard Ramos-Martin and Maria-Ines Suarez Perez-Guerra TIC are

individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 23683

asserting GO Bond claims against the Commonwealth.  Gerard Ramos-Martin and Maria-Ines Suarez

Perez-Guerra asserted their GO Bond claims were secured.  In their proof of claim, Gerard Ramos-

Martin and Maria-Ines Suarez Perez-Guerra listed their address as 18 Calle Gaudi Ponce PR 00730-

1747.

67.    Defendant Eloy Gutierrez is an individual that filed a proof of claim that was logged

by Prime Clerk as Proof of Claim No. 40352 asserting GO Bond claims against the Commonwealth.

Eloy Gutierrez asserted their GO Bond claims were secured.  In their proof of claim, Eloy Gutierrez

listed their address as Urb Torrimar 13-30 Calle Toledo Guaynabo PR 00966.

68.    Defendant Maria Del C. Reyes Madrazo is an individual that filed a proof of claim

that was logged by Prime Clerk as Proof of Claim No. 45556 asserting GO Bond claims against the

Commonwealth.  Maria Del C. Reyes Madrazo asserted their GO Bond claims were secured.  In their

proof of claim, Maria Del C. Reyes Madrazo listed their address as Urb Torrimar 13-30 Calle Toledo

Guaynabo PR 00966.

69.    Defendant Manuel A. Quilichini Teissonniere is an individual that filed a proof of

claim that was logged by Prime Clerk as Proof of Claim No. 45680 asserting GO Bond claims against

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the Commonwealth. Manuel A. Quilichini Teissonniere asserted their GO Bond claims were secured. In their proof of claim, Manuel A. Quilichini Teissonniere listed their address as 1629 Santa Eduares San Juan PR 00926-4228.

70.     Defendant Julia Margarita Gonzalez Passalacqua is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 63310 asserting GO Bond claims against the Commonwealth. Julia Margarita Gonzalez Passalacqua asserted their GO Bond claims were secured. In their proof of claim, Julia Margarita Gonzalez Passalacqua listed their address as 102 Paseo del Principe Ponce PR 00716-2849.

71.     Defendant Orben Irizarry Robles is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 32875 asserting GO Bond claims against the Commonwealth. Orben Irizarry Robles asserted their GO Bond claims were secured. In their proof of claim, Orben Irizarry Robles listed their address as P.O. Box 5095 Caguas PR 00726-5093.

72.     Defendant Hugo L. Quilichini is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 34730 asserting GO Bond claims against the Commonwealth. Hugo L. Quilichini asserted their GO Bond claims were secured. In their proof of claim, Hugo L. Quilichini listed their address as 2437 Ave. Jose de Diego Ponce PR 00716-3848.

73.     Defendant Roberto Torres Lugo is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 9545 asserting GO Bond claims against the Commonwealth. Roberto Torres Lugo asserted their GO Bond claims were secured. In their proof of claim, Roberto Torres Lugo listed their address as 826 Vereda St. Valle Verde Ponce PR 00716.

74.     Defendant Blanca M. Ramirez Feliciano is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 12287 asserting GO Bond claims against the Commonwealth. Blanca M. Ramirez Feliciano asserted their GO Bond claims were secured. In their

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

proof of claim, Blanca M. Ramirez Feliciano listed their address as Cond. La Caleza Calle Lolita Tizol Apt 2A Ponce PR 00730.

75. Defendant James E. Olsen is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20652 asserting GO Bond claims against the Commonwealth. James E. Olsen asserted their GO Bond claims were secured. In their proof of claim, James E. Olsen listed their address as 8169 Calle Concordia Ste. 404 Ponce PR 00717.

76. Defendant Carmen G. Golderos Rodriguez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 74331 asserting GO Bond claims against the Commonwealth. Carmen G. Golderos Rodriguez asserted their GO Bond claims were secured. In their proof of claim, Carmen G. Golderos Rodriguez listed their address as B-5 Calle Tabonuco Suite 216 PMB 308 Guaynabo PR 00968.

77. Defendant Anna Elias is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 1645 asserting GO Bond claims against the Commonwealth. Anna Elias asserted their GO Bond claims were secured. In their proof of claim, Anna Elias listed their address as 10713 Howerton Avenue Fairfax VA 22030.

78. Defendant Linda Nealy is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 5009 asserting GO Bond claims against the Commonwealth. Linda Nealy asserted their GO Bond claims were secured. In their proof of claim, Linda Nealy listed their address as 4983 S. Harvest Moon Dr. Green Valley AZ 85622.

79. Defendant Raoul Smyth is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 17248 asserting GO Bond claims against the Commonwealth. Raoul Smyth asserted their GO Bond claims were secured. In their proof of claim, Raoul Smyth listed their address as 1724 N. Chumash Orange CA 92867.

GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint

80.     Defendant Rafael Cavo Santoni is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 25668 asserting GO Bond claims against the Commonwealth.  Rafael Cavo Santoni asserted their GO Bond claims were secured.  In their proof of claim, Rafael Cavo Santoni listed their address as Urb. El Rocio 25 Calle Madueselua Cayey PR 00736-4879.

81.     Defendant Louis Jules Marin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 31602 asserting GO Bond claims against the Commonwealth. Louis Jules Marin asserted their GO Bond claims were secured.  In their proof of claim, Louis Jules Marin listed their address as 100 Calle 1206 Muelle Apt 2606 San Juan PR 00901-2672.

82.     Defendant Maria Rodriguez Hernandez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 23391 asserting GO Bond claims against the Commonwealth.  Maria Rodriguez Hernandez asserted their GO Bond claims were secured by "available funds of the Commonwealth of PR."  In their proof of claim, Maria Rodriguez Hernandez listed their address as Cond Caribe 20 Washington Apt 9B San Juan PR 00907.

83.     Defendant Gerald Leitzes and Elizabeth Leitzes are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 2749 asserting GO Bond claims against the Commonwealth.  Gerald Leitzes and Elizabeth Leitzes asserted their GO Bond claims were secured.  In their proof of claim, Gerald Leitzes and Elizabeth Leitzes listed their address as 16 Rockledge Ave. Apt 5J-1 Ossining N.Y. 10562.

84.     Defendant William Rifkin is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 10726 asserting GO Bond claims against the Commonwealth. William Rifkin asserted their GO Bond claims were secured.  In their proof of claim, William Rifkin listed their address as 919 Garrison Drive St. Augustine FL 32092.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

85.     Defendant Arturo Pico Vidal is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11458 asserting GO Bond claims against the Commonwealth. Arturo Pico Vidal asserted their GO Bond claims were secured.  In their proof of claim, Arturo Pico Vidal listed their address as P.O. Box – 7545 Ponce PR 00732-7545.

86.     Defendant Marylin Gonzalez Toro is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 11527 asserting GO Bond claims against the Commonwealth. Marylin Gonzalez Toro asserted their GO Bond claims were secured.  In their proof of claim, Marylin Gonzalez Toro listed their address as 146 Ave Santa Ana Suite 506 Guaynabo PR 00971.

87.     Defendant Flor Zayas De Navarro is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 40749 asserting GO Bond claims against the Commonwealth. Flor Zayas De Navarro asserted their GO Bond claims were secured.  In their proof of claim, Flor Zayas De Navarro listed their address as C-29 Eclipse Urb. Anaida Ponce PR 00716.

88.     Defendant Maria Dolores Rodriguez Becerra is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 98611 asserting GO Bond claims against the Commonwealth. Maria Dolores Rodriguez Becerra asserted their GO Bond claims were secured.  In their proof of claim, Maria Dolores Rodriguez Becerra listed their address as 155 Ave. Hostos G-207 San Juan 00918.

89.     Defendant Dulce M. De Hostos is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 147136 asserting GO Bond claims against the Commonwealth.  Dulce M. De Hostos asserted their GO Bond claims were secured by the Commonwealth's "available resources."  In their proof of claim, Dulce M. De Hostos listed their address as P.O. Box 365012 San Juan PR 00936-5012.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

90.     Defendant Larry Hamilton is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 4458 asserting GO Bond claims against the Commonwealth. Larry Hamilton asserted their GO Bond claims were secured.  In their proof of claim, Larry Hamilton listed their address as 1542 Satellite Drive Sparks NV 89436.

91.     Defendants Guillermo Marxuach and Adriana Irizarry are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 5044 asserting GO Bond claims against the Commonwealth.  Guillermo Marxuach and Adriana Irizarry asserted their GO Bond claims were secured.  In their proof of claim, Guillermo Marxuach and Adriana Irizarry listed their address as 827 Jose Marti St. Apt 201 Cond Joan San Juan PR 00907.

92.     Defendant Gladys B. Suarez Dominguez is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15045 asserting GO Bond claims against the Commonwealth. Gladys B. Suarez Dominguez asserted their GO Bond claims were secured.  In their proof of claim, Gladys B. Suarez Dominguez listed their address as 139 Carr 177 Apt 1204 San Juan PR 00926-2355.

93.     Defendant Sylvia I. Martinez Calimano is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 15551 asserting GO Bond claims against the Commonwealth. Sylvia I. Martinez Calimano asserted their GO Bond claims were secured.  In their proof of claim, Sylvia I. Martinez Calimano listed their address as Mansiones de Rio Piedras 445 Calle Lirio San Juan PR 00926.

94.     Defendants Rae Marie Dougan and William D. Dougan JR Ten WRAS are individuals that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 7178 asserting GO Bond claims against the Commonwealth.  Rae Marie Dougan and William D. Dougan JR Ten asserted their GO Bond claims were secured.  In their proof of claim, Rae Marie Dougan and William D. Dougan JR Ten listed their address as W 10766 Ghost Hill Rd Columbus WI 53925.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

95.     Defendants Fred A. Levine and Ellen Levine are individuals that filed proofs of claim that were logged by Prime Clerk as Proof of Claim No. 19705 and 20384 asserting GO Bond claims against the Commonwealth.  Fred A. Levine and Ellen Levine asserted their GO Bond claims were secured.  In their proofs of claim, Fred A. Levine and Ellen Levine listed their address as 5 Pebble Road D-3 Woodland Park NJ 07424-4282.

96.     Defendant Fred A. Levine is an individual that filed a proof of claim that was logged by Prime Clerk as Proof of Claim No. 20002 asserting GO Bond claims against the Commonwealth. Fred A. Levine asserted their GO Bond claims were secured.  In their proof of claim, Fred A. Levine listed their address as 5 Pebble Road D-3 Woodland Park NJ 07424-4282.

## JURISDICTION AND VENUE

97.     This Court has subject matter jurisdiction over this action pursuant to PROMESA section 306 because this adversary proceeding arises under PROMESA Title III, in a Title III case, and relates to the Commonwealth's underlying PROMESA Title III case.

98.     This Court has personal jurisdiction over Defendants pursuant to PROMESA section 306(c).

99.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the Commonwealth's claims occurred in this District. Venue is also proper under PROMESA section 307 because this adversary proceeding is brought in a PROMESA Title III case.

100.    This adversary proceeding is brought pursuant to (*a*) Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to PROMESA section 310, and (*b*) Bankruptcy Code sections 502(b), 545, 550, and 551, made applicable to this adversary proceeding pursuant to PROMESA section 301(a).  This is an appropriate action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There

22

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

currently exists an actual, justiciable controversy between the parties regarding the validity, priority, extent and enforceability of the liens asserted by Defendants against the Commonwealth, as further set forth herein.

**FACTS**

**I.     THE GO BONDS**

    **A.     GO Bonds**

    101.   The Puerto Rico Constitution authorizes the Commonwealth to issue and guarantee debt, subject to various limitations.  *See* P.R. Const. Art. VI § 2.

    102.   In 1961, Section 2 of Article VI of the Puerto Rico Constitution was amended to limit the Commonwealth's borrowing and guaranties on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

    103.   Since 1961, the Commonwealth has issued and guaranteed billions of dollars of GO Bonds.

    104.   GO Bonds (including guaranteed bonds) are public debt under Article VI, § 8 of the Puerto Rico Constitution.

    105.   Each series of GO Bonds was issued pursuant to a bond resolution and offered pursuant to an official statement.

    106.   Approximately $13 billion of GO Bonds (including guaranteed bonds) remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "Petition Date").  *See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 26.

    107.   Article VI of the Commonwealth Constitution contains various provisions governing bond debt priority:

- Section 2 generally describes the Commonwealth's authority to "impose and collect taxes . . . as determined by the Legislative Assembly" and states such authority "shall never be surrendered or suspended."  This section also mandates that "the power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as

23

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

determined by the Legislative Assembly."  Lastly, this section states "the Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof."

- <u>Section 6</u> states that "[i]f at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the Government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made."

- <u>Section 7</u> limits the appropriations made for any fiscal year to the total revenues, including available surplus, estimated for that year, "unless the imposition of taxes sufficient to cover said appropriations is provided by law."

- <u>Section 8</u> provides that "[i]n case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

108.    None of the provisions of the Puerto Rico Constitution grant GO Bondholders a statutory lien against any of the Commonwealth's property.

### i.    *The Commonwealth's "Good Faith, Credit, and Taxing Power"*

109.    13 L.P.R.A § 41 states, in relevant part, that "[t]he good faith of the Commonwealth of Puerto Rico is hereby irrevocably pledged for the payment of the principal of, and the interest on, the bonds or certificates of indebtedness of the Commonwealth [issued in accordance with cited provisions of law] . . . ."  13 L.P.R.A. § 41.

110.    Each issuance of GO Bonds was authorized pursuant to a specific act or acts of the Puerto Rico Legislature cited in the related official statement.  Those acts provided that the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the applicable GO Bonds.

111.    The GO Bonds were issued pursuant to bond resolutions, some of which stated that "[t]he good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

prompt payment of the principal of and interest on" the GO Bonds.  *See, e.g.,* Bond Resolution

adopted Aug. 1, 2002, § 14.

112.    The official statements pursuant to which the GO Bonds were offered made similar

statements.  *See, e.g.,* Official Statement dated August 1, 2002, at 10 (stating Commonwealth law

"provides that the good faith, credit and taxing power of the Commonwealth are irrevocably pledged

for the prompt payment of the principal of and interest on the Offered Bonds . . . .").

113.    Each Commonwealth guaranty of bonds or notes listed in **Exhibit A** hereto was

authorized pursuant to, and set forth in, a specific act of the Puerto Rico Legislature.  Each such act

provides that the "good faith, credit and taxing power" or the "good faith and credit" of the

Commonwealth is pledged to the payment of the Commonwealth's obligations under the applicable

guaranty (each, a "Good Faith and Credit Guaranty").

114.    As recognized in Puerto Rico Attorney General opinions, the obligations of the

Commonwealth under a Good Faith and Credit Guaranty are the same as the obligations of the

Commonwealth under its direct general obligation indebtedness (with amounts payable under a Good

Faith and Credit Guaranty being general obligations of the Commonwealth having the same attributes

for purposes of the Puerto Rico Constitution as general obligations evidenced by direct

Commonwealth bonds).

115.    The Commonwealth's "good faith, credit, and taxing power" is not property owned by

the Commonwealth that can be the subject of a lien.  The Commonwealth could not provide the GO

Bondholders with a lien against it.

116.    As a result, the Commonwealth's "pledge" of its "good faith, credit, and taxing power"

is nothing more than a promise to pay, which promise is not secured by any Commonwealth property.

117.    Moreover, section 2 of Article VI of the Commonwealth Constitution provides the

"power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended." P.R. Const. Art VI, § 2.

118.     This constitutional provision prohibits the Commonwealth from surrendering—including transferring rights in—its "good faith, credit, and taxing power."

119.     Section 2 of Article VI of the P.R. Constitution prevents GO Bondholders from possessing any liens on the Commonwealth's "good faith, credit, and taxing power."

    **ii.**     *Available Resources*

120.     Section 8 of Article VI of the Puerto Rico Constitution provides, in relevant part, that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

121.     Section 4(c) of the Office of Management and Budget Organic Act (the "OMB Act") provides for a payment priority for GO Bonds. *See* 23 L.P.R.A. § 104(c)(1). That section provides that, "[i]n tune with Section 8, Article VI" of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year." The OMB Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first. *Id.* § 104(c)(1).

122.     Nothing in Section 8 of Article VI of the P.R. Constitution or in the OMB Act grants GO Bondholders a statutory lien against the Commonwealth's "available resources."

123.     The GO Bondholders were not granted contractual security interests in the Commonwealth's "available resources" by the bond resolutions or official statements. Those

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

documents only reiterate the provisions of the authorizing statutes and the protections of the Commonwealth Constitution, and therefore do not grant a security interest.

124.    The official statement pertaining to the GO Bonds issued in 2014 (which were issued on materially identical terms to the other series of GO Bonds) in pertinent part provided:

> ***There is no collateral securing the Bonds, and the Bonds cannot be accelerated upon a default.***

General Obligation Bonds of 2014, Series A Official Statement at 16 (emphasis in original).

125.    Similarly, the Commonwealth's Financial Information and Operating Data Report, dated December 18, 2016, states, at page 69, that "[t]here is no collateral securing the Commonwealth general obligation bonds and there are no statutory provisions for a lien on any asset or revenue of the Commonwealth."

126.    GO Bondholders do not possess any liens against the Commonwealth's "available resources."

### B.    Allocable Revenues

127.    Puerto Rico law conditionally earmarks certain tax and fee revenues (*i.e.*, the Allocable Revenues) to various Commonwealth instrumentalities, but provides that the Allocable Revenues may be retained by the Commonwealth in certain circumstances.

128.    Allocable Revenues include: (1) certain excise taxes and vehicle fees conditionally earmarked for the Puerto Rico Highways and Transportation Authority ("HTA") and the Metropolitan Bus Authority ("MBA"); (2) hotel occupancy taxes conditionally earmarked for the Puerto Rico Convention Center District Authority ("PRCCDA"); and (3) federal excise taxes imposed on rum and other items produced in the Commonwealth and sold in the United States (which taxes are collected by the United States Treasury and returned to the Commonwealth) that are conditionally earmarked for the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with HTA, MBA and

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

PRCCDA, the "Authorities"), as well as certain revenues from excise taxes on non-diesel petroleum products conditionally earmarked for PRIFA.

129.    None of the statutes governing the Allocable Revenues grant GO Bondholders a lien on the Allocable Revenues.

**iii.    HTA**

130.    HTA is a public corporation created by Act 74-1965 (codified, as amended and supplemented, at 9 L.P.R.A. §§ 2001-2035) to assume responsibility for the construction of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.

131.    The Commonwealth conditionally earmarked three sets of tax or fee revenues to HTA: gasoline, diesel, crude oil, and other excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31626 and 13 L.P.R.A. § 31627 (the "Excise Taxes"); cigarette excise taxes imposed by the Commonwealth pursuant to 13 L.P.R.A. § 31625 and earmarked to HTA and MBA pursuant to 13 L.P.R.A. § 31751(a)(4) ("Cigarette Excise Taxes"); and motor vehicle license fees imposed by the Commonwealth pursuant to Act 22-2000, as amended (the "Vehicle Fees").

132.    The statutes under which the Commonwealth earmarked to HTA revenues from the Excise Taxes, the Cigarette Excise Taxes, and the Vehicle Fees (collectively, the "HTA Allocable Revenues") expressly set forth that the HTA Allocable Revenues are subject to retention by the Commonwealth, but they do not grant a lien against any of HTA Allocable Revenues in favor of the GO Bondholders.

133.    The statute earmarking to HTA the revenues of the Excise Taxes indicates that the revenues of the Excise Taxes are subject to use by the Commonwealth "for the payment of interest on and the amortization of the public debt as provided in provided in Section 8 of Article VI of the Constitution." 13 L.P.R.A. § 31751(a)(1)(E).  However, such earmarking statute does not grant a lien against any of the revenues of the Excise Taxes in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

134. The statute earmarking to HTA the revenues of a portion of the Cigarette Excise Taxes provides that "[t]he proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes." 13 L.P.R.A. § 31751(a)(3)(C). However, such earmarking statute does not grant a lien against any of the revenues of the Cigarette Excise Taxes in favor of the GO Bondholders.

135. The statute earmarking to HTA the revenues of the Vehicle Fees provides the same. *See* 9 L.P.R.A. § 2021 (stating that the revenues of the Vehicle Fees shall "be used for the payment of interest and the amortization of the public debt, as provided in said Section 8 [of Article VI of the Constitution of Puerto Rico] until the other resources, referred to in said section, are [sufficient] for such purposes."). However, such earmarking statute does not grant a lien against any of the revenues of the Vehicle Fees in favor of the GO Bondholders.

136. Nothing grants GO Bondholders a lien against any of the HTA Allocable Revenues. The statutes governing the conditional earmarking to HTA of the HTA Allocable Revenues restate section 8 of Article VI of the Puerto Rico Constitution, which does not itself grant a lien to GO Bondholders. *See also* Act 1-2015, § 2.01 (which indicates that the earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico," which does not grant a lien against any of the HTA Allocable Revenues in favor of the GO Bondholders).

**iv.    MBA**

137. MBA is a public corporation created by Act No. 5-1959 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 601-620), for the purpose of developing and operating the overland passenger transportation facilities and services in Puerto Rico. 23 L.P.R.A. § 606.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

138.    The revenues of a portion of the Cigarette Excise Taxes is conditionally earmarked for

MBA.  As with the revenues of the Cigarette Excise Taxes earmarked to HTA, the revenues of the

Cigarette Excise Taxes earmarked to MBA are subject to retention by the Commonwealth.  13

L.P.R.A. § 31751(a)(4)(C) (stating that the "proceeds from such taxes shall be used solely for the

payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI

of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section

do not suffice to attain such purposes.").

139.    The statute conditionally earmarking to MBA the revenues of a portion of the Cigarette

Excise Taxes does not grant GO Bondholders a lien against the Cigarette Excise Taxes.  Instead, it

simply restates section 8 of Article VI of the Puerto Rico Constitution.

### v.    PRCCDA

140.    PRCCDA is a public corporation created by Act No. 351-2000 (codified, as amended

and supplemented, at 23 L.P.R.A. §§ 6401-6475), for the purpose of developing and operating a

convention center located in San Juan, Puerto Rico, and related improvements and facilities.  *See* 23

L.P.R.A. § 6404.

141.    The Commonwealth conditionally earmarked to PRCCDA the revenues from certain

hotel occupancy taxes imposed by the Commonwealth and collected by the Puerto Rico Tourism

Company pursuant to Act 272-2003 ("Hotel Taxes").

142.    The statute under which the Commonwealth earmarked to PRCCDA revenue from the

Hotel Taxes expressly sets forth that the revenues from the Hotel Taxes are subject to retention by

the Commonwealth—but it does not grant a lien over those funds in favor of the GO Bondholders.

*See* 13 L.P.R.A. § 2271v (providing the Hotel Taxes shall be "used solely for the payment of the

interest and the amortization of the public debt, as provided in Section 8 of Article VI of the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other available resources to which reference is made in said Section are insufficient for such purposes.").

143.     Nothing grants GO Bondholders a lien over the revenues of the PRCCDA Hotel Taxes. Instead, the relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**vi.     PRIFA**

144.     PRIFA is a public corporation created by Act 44-1988 (codified, as amended and supplemented, at 3 L.P.R.A. §§ 1901-1923) for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. *See* 3 L.P.R.A. § 1901.

145.     The Commonwealth has conditionally earmarked to PRIFA: (*i*) revenues from a federal excise tax imposed on rum and other items produced in the Commonwealth and sold in the United States, which taxes are collected by the United States Treasury and returned to the Commonwealth ("Rum Taxes"), and (*ii*) revenues from certain excise taxes on non-diesel petroleum products imposed by the Commonwealth pursuant to Act 1-2015 (including section 3020.07A(a)(i) in the Puerto Rico Internal Revenue Code) ("PRIFA Petroleum Taxes").

146.     The statute under which the Commonwealth earmarked to PRIFA revenues from the Rum Taxes expressly provides that the revenues from the Rum Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO bondholders.  3 L.P.R.A. § 1914 ("The moneys of the Special Fund [into which revenues of the PRIFA Rum Taxes are required to be deposited] may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8 [of Article VI of the Constitution of the Commonwealth of Puerto Rico], only when the other resources available referred to in said Section are insufficient for such purposes.").

31

147.     Nothing grants GO Bondholders a lien against the revenues of the Rum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

148.     The statute under which the Commonwealth earmarked to PRIFA revenues from the PRIFA Petroleum Taxes expressly provides that the revenues from the PRIFA Petroleum Taxes are subject to retention by the Commonwealth.  *See* Act 1-2015, § 2.02 (inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (providing that the revenues of the PRIFA Petroleum Taxes "shall only be used for the payment of interest and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, insofar as all other available resources mentioned in said Section are insufficient for such purposes.").

149.     Nothing grants GO Bondholders a lien against revenues of the PRIFA Petroleum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

### C.     Property Tax Revenues

150.     Pursuant to Act 83 of 1991 ("Act 83"), the Legislative Assembly of Puerto Rico authorized a "special tax" of 1.03% on the appraised value of all personal and real property in Puerto Rico, which is "in addition to all other taxes imposed by virtue of other laws in effect."  21 L.P.R.A. § 5002.

151.     Act 83 provides a process for the collection of these Property Tax Revenues. The "Municipal Revenues Collection Center" (known by its Spanish acronym "CRIM") is required to collect the Property Tax Revenues and deposit them into the "general trust established jointly by CRIM and the Government Development Bank for Puerto Rico, pursuant to subsection (c) of the Municipal Revenue Collection Center Act."  21 L.P.R.A. § 5004.

152.     In the "general trust," the Property Tax Revenues are commingled with the revenues of other property taxes of the Commonwealth and lose their separate identity.  *See* 21 L.P.R.A. § 5803(c).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

153.    Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called  the "Commonwealth Debt Redemption Fund."  21 L.P. R.A. § 5004(a).  Act 83 requires that the Property Tax Revenues in the Commonwealth Debt Redemption Fund be applied solely to the payment of the "existing or future general obligation[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligation[s], including the payment of any premium that is required for said early redemption."  *Id.*  However, nothing in Act 83 grants a lien against, or other property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise) to the GO Bondholders.

154.    Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

155.    No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

156.    No trust was ever established over the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise), and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise).

157.    Act 83 provides that the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente] and the same will constitute sufficient authorization for the Government Development Bank for Puerto Rico to carry out the corresponding [distributions]."  *Id.* § 5005.

158.    The Spanish version of the Act is clear that this provision does not create a lien against the Property Tax Revenues.  The Spanish version refers to "obligación preferente" (21 L.P.R.A. § 5005),

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

which correctly translates as "preferential (or preferred) obligation."  This language does not create a lien against the Property Tax Revenues.  It establishes a payment priority.[9]

#### D.      Article 9 of the Uniform Commercial Code

159.    Commonwealth law governs the effectiveness and perfection of security interests in the Commonwealth's property.  *See* 19 L.P.R.A. § 2251.

160.    The Commonwealth adopted a prior version of Article 9 of the Uniform Commercial Code (the "UCC"), effective in 1996, which governed the granting and perfection of security interests.

161.    The Commonwealth subsequently adopted revised Article 9 of the UCC, effective January 17, 2013 (hereinafter, revised Article 9 is referred to as "Article 9").  *See* Act No. 21-2012; 19 L.P.R.A. § 2211 *et seq*.

162.    Under Article 9, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the collateral or the power to transfer rights in the collateral, and (c) the debtor has signed a security agreement that provides a description of the collateral.  19 L.P.R.A. § 2233(b).

163.    "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. § 2212(a)(12) (emphasis added).

164.    "Security agreement" means an agreement that creates or provides for a security interest.  19 L.P.R.A. § 2212(a)(74).

---

[9]  In contrast, when the Puerto Rico legislature wishes to create a lien, it uses the phrase "gravamen preferente," which translates to "prior lien."  *See, e.g.*, 21 L.P.R.A. § 5234 (creating a statutory lien in favor of CRIM against taxpayers for nonpayment of the Special Property Tax).  While the English language version of Act 83 translates "obligacion preferente" to mean "prior lien bond," this appears to be a mistranslation.  The Spanish language version of Act 83 should govern over the English language version.  Pursuant to 1 L.P.R.A. § 59, English and Spanish are currently both Puerto's official languages.  However, at the time Act 83 was enacted, the official language of Puerto Rico was Spanish.  *See* Act No. 4 of April 5, 1991 (which was repealed by Act No. 1 of January 28, 1993).  Thus, at the time of its enactment, Act 83 was in Spanish, and therefore the Spanish version of Act 83 should govern.  Moreover, unlike other Puerto Rico statutes, there is no provision of Act 83 that specifies that the English version should govern.  Instead, it was the Spanish version that was approved by the Puerto Rico Legislature.  Consistent with this interpretation, the official statements pertaining to the GO Bonds explain that the Special Property Tax is collected and "credited to the Redemption Fund for application to the payment of general obligation bonds and notes of the Commonwealth."  *See, e.g.*, General Obligation Bonds of 2014, Series A Official Statement at 30.  However, the official statements pertaining to the GO Bonds do not state that the revenues of the Special Property Tax are subject to a lien in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

165.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the collateral subject to the security interest.  19 L.P.R.A. § 2218(a).

166.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in any property of the Commonwealth for, or for the benefit of, the GO Bondholders.  Therefore, there is no such security interest.

## II.    THE COMMONWEALTH'S TITLE III CASE

167.    On June 30, 2016, President Obama signed PROMESA into law.  On May 3, 2017, the Oversight Board filed a petition for the Commonwealth, commencing the Commonwealth's Title III case.  Pursuant to PROMESA, Congress made the Oversight Board the representative of the Debtor, PROMESA § 315(b), and gave the Oversight Board the powers of a trustee for the purpose of each Bankruptcy Code section incorporated into Title III that references a trustee.  PROMESA § 301(c)(7).

## COUNT I

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S GOOD FAITH, CREDIT, AND TAXING POWER AND
ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE
SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

168.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-167.

169.    GO Bondholders have asserted they hold liens against the Commonwealth's "good faith, credit, and taxing power."  The Commonwealth, acting through the Plaintiffs, disputes this assertion and objects to the secured claims.  Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and the GO Bondholders concerning the validity of the liens asserted by GO Bondholders on the Commonwealth's "good faith, credit, and taxing power."

170.    Under the Bankruptcy Code, a "lien" means a "charge against or interest in *property* to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

171.     A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ." 11 U.S.C. § 101(53).

172.     The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred.

173.     The Commonwealth's "good faith, credit, and taxing" power cannot be subject to a statutory lien.

174.     A "security interest" means a "lien created by an agreement." 11 U.S.C. § 101(51).

175.     Under Article 9 of the UCC, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the *collateral* or the power to transfer rights in the *collateral*, and (c) the debtor has signed a *security agreement* that provides a description of the collateral. 19 L.P.R.A. § 2233(b) (emphasis added).

176.     "Collateral" means "*property* subject to a security interest." 19 L.P.R.A. § 2212(a)(12) (emphasis added).

177.     "Security agreement" means an agreement that creates or provides for a security interest. 19 L.P.R.A. § 2212(a)(74).

178.     The Commonwealth has not signed an agreement with, or for the benefit of, the GO Bondholders that creates or provides for a security interest in the "good faith, credit, and taxing power" of the Commonwealth.

179.     The Commonwealth's "good faith, credit, and taxing power" is not cognizable "property" that can be transferred. It therefore cannot be subject to a security interest.

180.     Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and *shall never be surrendered or suspended*." P.R. Const. Art VI, § 2 (emphasis added).

181.   The Commonwealth does not have "the power to transfer rights" in the Commonwealth's "good faith, credit and taxing power." The Commonwealth's "good faith, credit, and taxing power" cannot be subject to a security interest.

182.   Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all appropriate further relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens in the Commonwealth's "good faith, credit, and taxing power," as well as an order disallowing all secured claims against the Commonwealth's good faith, credit, and taxing power pursuant to Bankruptcy Code section 502(b).

## COUNT II

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S "AVAILABLE RESOURCES" AND ORDER
DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

183.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-182.

184.   GO Bondholders have asserted they hold liens against the Commonwealth's "available resources." The Commonwealth, acting through Plaintiffs, disputes this assertion. Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Commonwealth's "available resources."

185.   Section 8 of Article VI of the Puerto Rico Constitution provides "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

186.   OMB Act section 4(c) provides "[i]n tune with Section 8, Article VI," of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

187.    Under the Bankruptcy Code, a "lien" means a "*charge against or interest in* property to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).  A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ."  11 U.S.C. § 101(53).

188.    Neither the Puerto Rico Constitution nor the OMB Act grant GO Bondholders a "charge against or interest in" property.  At most, they create a Puerto Rico law payment priority.

189.    The GO Bondholders were not granted security interests by the bond resolutions or official statements, which reiterate the provisions of the authorizing acts and the protections of the Commonwealth Constitution, and fail to grant a security interest.

190.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the collateral subject to the security interest.  19 L.P.R.A. § 2218(a).  There exists no agreement (signed by the Commonwealth) granting GO Bondholders a security interest in the Commonwealth's "available resources."

191.    The term "available resources" does not "reasonably identif[y]" any collateral subject to any purported security interest.  Even if the term "available resources" were used in a security agreement, that use would not be sufficient to grant a security interest in "available resources" to GO Bondholders.

192.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens on the Commonwealth's "available resources," as well as an order disallowing all secured claims against the Commonwealth's "available resources" pursuant to Bankruptcy Code section 502(b).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## COUNT III

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN "AVAILABLE RESOURCES"
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

193.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-192.

194.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid
the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes
effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified
standard."  11 U.S.C. § 545(1)(E).

195.    If the GO Bondholders hold statutory liens against the Commonwealth's "available
resources," they would only become effective when "available [resources] including surplus for any
fiscal year are insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8;
*see also* OMB § 104(c)(1).

196.    Any such statutory liens "become[] effective against the debtor . . . (E) when the
debtor's financial condition fails to meet a specified standard" and are avoidable pursuant to
Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

197.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens
against the Commonwealth's "available resources" should be avoided, recovered for the
Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the
benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT IV

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE ALLOCABLE REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

198.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-197.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

199.    Defendants have asserted they hold liens against the Allocable Revenues.  The Commonwealth, acting through the Plaintiffs, disputes this assertion.

200.    An actual, substantial, and justiciable controversy exists between the Commonwealth and the Defendants concerning the validity of the liens asserted on the Allocable Revenues.

201.    Section 8 of Article VI of the Commonwealth Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law." P.R. Const. Art. VI, § 8.

202.    This constitutional provision does not grant GO Bondholders a statutory lien against the Allocable Revenues.

203.    The statutes governing the earmarking of the Allocable Revenues to the Authorities all condition the Authorities' rights to the Allocable Revenues on section 8 of Article VI of the Commonwealth Constitution.  *See* 13 L.P.R.A. § 31751(a)(1)(E) (conditioning earmarking of revenues of Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 31751(a)(3)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 9 L.P.R.A. § 2021 (conditioning earmarking of revenues of Vehicles Taxes to HTA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.01 (earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico . . . ."); 13 L.P.R.A. § 31751(a)(4)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes to MBA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 2271v (conditioning earmarking of revenues of Hotel Tax Revenues to PRCCDA to P.R. Const. Art. VI, § 8); 3 L.P.R.A. § 1914 (conditioning earmarking of revenues of Rum Taxes to PRIFA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.02

40

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

(inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (conditioning earmarking of revenues

of PRIFA Petroleum Taxes to PRIFA to P.R. Const. Art. VI, § 8).

204.   Those statutes do not grant GO Bondholders a statutory lien against any of the

Allocable Revenues.

205.   Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

do not hold liens on the Allocable Revenues, as well as an order disallowing all secured claims against

the Allocable Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT V

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN ALLOCABLE REVENUES
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

206.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-205.

207.   Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid

the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes

effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified

standard . . . ." 11 U.S.C. § 545(1)(E).

208.   If GO Bondholders hold statutory liens against the Allocable Revenues, they would

only become effective when "available [resources] including surplus for any fiscal year are

insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8; *see also* 13

L.P.R.A. § 31751(a)(1)(E); 9 L.P.R.A. § 2004(l); 13 L.P.R.A. § 31751(a)(3)(C); 9 L.P.R.A. § 2021;

Act 1-2015 § 2.01; 13 L.P.R.A. § 31751(a)(4)(C); 13 L.P.R.A. § 2271v; 3 L.P.R.A. § 1914; Act 1-

2015 § 2.02.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

209.    Any such statutory liens only "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are therefore avoidable pursuant to Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

210.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Allocable Revenues should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT VI

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE PROPERTY TAX REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

211.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-210.

212.    GO Bondholders have asserted they hold liens against the Property Tax Revenues. The Commonwealth, acting through the Plaintiffs, disputes this assertion.

213.    Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Property Tax Revenues.

214.    Act 83 provides Property Tax Revenues are to be collected and deposited into the "general trust" established jointly by the Municipal Revenues Collection Center and the Government Development Bank for Puerto Rico pursuant to the Municipal Revenue Collection Center Act.  21 L.P.R.A. § 5004.

215.    In the "general trust," the Property Tax Revenues are commingled with other property taxes of the Commonwealth and lose their separate identity as Property Tax Revenues.  *See* 21 L.P.R.A. § 5803(c).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

216. Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund." *Id.* § 5004(a). This section does not itself create a trust; rather, it directs the Secretary of the Treasury to constitute one.

217. Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

218. No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

219. No such trust holding Property Tax Revenues was ever established, and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in such trust or otherwise).

220. Act 83 requires that the Property Tax Revenues in the Commonwealth Redemption Fund be applied solely to the payment of the "existing or future general obligations[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligations[s], including the payment of any premium that is required for said early redemption." 21 L.P.R.A. 5004(a).

221. Act 83 provides the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente]." *Id.* § 5005.

222. The Spanish version reads "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation." This statutory language does not create a lien over the Property Tax Revenues, but creates a payment priority.

223. Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

do not hold liens against or any other property interests in the Property Tax Revenues, as well as an

order disallowing all secured claims against the Property Tax Revenues pursuant to Bankruptcy Code

section 502(b).

## COUNT VII

DECLARATORY JUDGMENT THAT UNDER PUERTO RICO LAW THE
COMMONWEALTH'S INTEREST IN ANY OF THE COMMONWEALTH'S PROPERTY IS
ENTITLED TO PRIORITY OVER ANY SECURITY INTERESTS GRANTED TO
DEFENDANTS
(28 U.S.C. §§ 2201, 2202; 19 L.P.R.A. §§ 2212(a)(52), 2267(a)(2))

224.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-223.

225.    Except as otherwise provided in Article 9, "a financing statement must be filed to

perfect all security interests."  19 L.P.R.A. § 2260(a).

226.    No financing statements were filed in connection with the GO Bonds.

227.    No purported security interests of the Defendants are perfected by any other applicable

method of perfection under Article 9.

228.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a "lien creditor" has

priority over unperfected security interests.

229.    Pursuant to 19 L.P.R.A. § 2212(a)(52), under Puerto Rico law "lien creditor" means,

among other things, "a trustee in bankruptcy from the date of the filing of the petition."

230.    Pursuant to PROMESA section 301(c)(7), "the term 'trustee', when used in [the

Bankruptcy Code], means the Oversight Board . . . ."  PROMESA § 301(c)(7).

231.    Plaintiffs therefore have priority over unperfected security interests in any of the

Commonwealth's property, including any purported security interests of the Defendants.

232.    Accordingly, Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. §

2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that pursuant to 19

L.P.R.A. § 2267(a)(2) Plaintiffs' interests in the Commonwealth's property, including in the

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, have priority over any security interests held by Defendants.

## COUNT VIII

JUDGMENT AVODING AND PRESERVING FOR THE COMMONWEALTH ANY SECURITY INTERESTS IN THE COMMONWEALTH'S PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 544 AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 544, 550, 551; 19 L.P.R.A. § 2267(a)(2))

233.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-232.

234.    Pursuant to Bankruptcy Code sections 544(a), the Commonwealth has, as of the commencement of this Title III case, and without regard to any knowledge of a trustee, debtor, or creditor, the rights and powers of, or may avoid any transfer of its property or any obligation it incurred that is voidable by, a judicial lien creditor, among other things.  11 U.S.C. § 544(a).

235.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a judicial lien creditor has priority over unperfected security interests.

236.    Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

237.    No financing statements were filed in connection with the GO Bonds.

238.    No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

239.    As such, any purported security interests in any of the Commonwealth's property, including, without limitation, in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, are unperfected, for the reasons explained above, and are therefore invalid, unenforceable, and subject to avoidance and preservation for the Commonwealth pursuant to sections 544 and 551.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

240.   Accordingly, pursuant to Bankruptcy Code sections 544(a) and 551, and 19 L.P.R.A. § 2267(a)(2), all purported security interests of the Defendants, including in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT IX

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
ARE UNSECURED CLAIMHOLDERS TO THE EXTENT THEY HOLD VALID CLAIMS AND
ORDER DISALLOWING ANY SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION
502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

241.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-240.

242.   Defendants do not hold liens against any of the Commonwealth's property.

243.   Defendants' claims, to the extent they are valid, are entirely unsecured.

244.   Defendants have asserted their GO Bond claims are secured.

245.   An actual, substantial, and justiciable controversy exists between the Commonwealth and Defendants concerning the secured status of Defendants' claims.

246.   Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that Defendants' GO Bond claims, to the extent they are valid, are entirely unsecured, as well as an order disallowing all secured claims pursuant to Bankruptcy Code section 502(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that judgment be entered for the Commonwealth and against Defendants as follows:

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

A.      Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's good faith, credit and taxing power;

B.      Declaring Defendants do not hold a statutory lien on, or security interest in, the Commonwealth's available resources;

C.      Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Commonwealth's available resources pursuant to Bankruptcy Code section 545;

D.      Declaring Defendants do not hold a statutory lien against, or security interest in, the Allocable Revenues;

E.      Avoiding and preserving for the Commonwealth any statutory lien Defendants have against the Allocable Revenues pursuant to Bankruptcy Code section 545;

F.      Declaring Defendants do not hold a statutory lien against, or security interest in, the Property Tax Revenues;

G.      Declaring any security interests Defendants hold in the Commonwealth's property are unperfected and junior to Plaintiffs' interests in the Commonwealth's property pursuant to 19 L.P.R.A. § 2267(a);

H.      Avoiding and preserving for the Commonwealth any security interest Defendants have against the Commonwealth's property pursuant to Bankruptcy Code section 544;

I.      Declaring Defendants' GO Bond claims, to the extent they are valid, are entirely unsecured; and

J.      Disallowing all secured claims asserted by Defendants.

*[Remainder of page intentionally left blank.]*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Dated: May 2, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/  Martin J. Bienenstock*

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

*/s/   Herman D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

and

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**[10]
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com

---

[10] Due to circumstances outside of its control, and despite its best efforts, the Committee's counsel Paul Hastings LLP was unable to finish a comprehensive conflicts review with respect to all defendants prior to the filing of this Complaint.  The Committee's counsel reserves the right to withdraw from this action as to certain defendants without prejudice to Plaintiffs if necessary to resolve any conflicts that may arise.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

jamesbliss@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

<u>*/s/ Juan J. Casillas Ayala*</u>

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

49

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## EXHIBIT A

## DEBT GUARANTEED BY COMMONWEALTH UNDER GOOD/FULL FAITH AND CREDIT GUARANTIES

1. Puerto Rico Public Buildings Authority (PBA)

    All outstanding bonds[11]


2. Puerto Rico Infrastructure Financing Authority (PRIFA)

    All outstanding bond anticipation notes[12]


3. Puerto Rico Aqueduct and Sewer Authority (PRASA)

    Revenue Refunding Bonds, Series A and Revenue Refunding Bonds, Series B[13]

4. Port of the Americas Authority (APLA)

    All outstanding bonds[14]

---

[11] $4.0 billion approximate principal amount (as of July 31, 2016).

[12] $78.0 million approximate principal amount (as of July 31, 2016).

[13] $284.8 million approximate principal amount (as of July 31, 2016).

[14] $226.0 million approximate principal amount (as of July 31, 2016).