**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    as section 926 trustee of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>    Plaintiffs,[2] | Adv. Proc. No. 19-_____-LTS<br><br>PROMESA Title III |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

[2] The Official Committee of Unsecured Creditors serves as section 926 trustee and co-plaintiff in the prosecution of this adversary proceeding pursuant to that certain *Stipulation And Agreed Order By And Among Financial Oversight And Management Board, Its Special Claims Committee, And Official Committee Of Unsecured Creditors Related To Joint Prosecution Of Debtor Causes Of Action,* Case No. 17-BK-3283 (LTS), ECF No. 6501-1, which is incorporated herein by reference.

v.

ADA R. VALDIVIESO; ALBERTO J. PICO JR.;
ALLAN R. BONIN; ANDRES FORTUNA
EVANGELISTA; ANDRES FORTUNA GARCIA;
TERESA N. FORTUNA GARCIA; ANIBAL SANZ
GONZALEZ; DIANA I. MADERA HEREDIA;
ANTONIO DE LA CRUZ MIRANDA; ANTONIO
SANTOS BAYRON; IVONNE RAMIREZ-ANESES;
ARLENE IRIZARRY RIVERA; ARNALDO
HERNANDEZ MENDEZ; AUGUSTO R PALMER
ARRACHE; BLANCA FERNANDEZ PAOLI; BRENDA
C. GONZALEZ CASTILLO; CANYON BALANCED
MASTER FUND, LTD.; CANYON BLUE CREDIT
INVESTMENT FUND L.P.; CANYON DISTRESSED
OPPORTUNITY INVESTING FUND II, L.P.; CANYON
DISTRESSED OPPORTUNITY MASTER FUND II,
L.P.; CANYON NZ-DOF INVESTING, L.P.; CANYON
VALUE REALIZATION FUND, L.P.; CANYON
VALUE REALIZATION MAC 18 LTD.; CANYON-
ASP FUND, L.P.; CANYON-GRF MASTER FUND II,
L.P.; CANYON-SL VALUE FUND, L.P.; CARMEN
ROSA; CATHARINE M. BONIN; COOPERATIVA A/C
LA COMERIENA; DIANA ROSA JIRAU ROVIRA;
DOCTOR'S CENTER HOSPITAL, INC.; MARCOS DE
DRAGONI; MARIA AGUAYO DE DRAGONI; EDNA
ROZAS; EDWARD VALDES LLAUGER; ELLEN
METZGER; ELVIRA A. GAUTIER CARBONELL; EP
CANYON LTD.; ERNESTO L. RAMIREZ TORRES;
FIR TREE CAPITAL OPPORTUNITY MASTER FUND
III, LP; FIR TREE CAPITAL OPPORTUNITY
MASTER FUND, LP; FIR TREE VALUE MASTER
FUND, LP; FPA GLOBAL OPPORTUNITY FUND, A
SERIES OF FPA HAWKEYE FUND, LLC; FPA
HAWKEYE FUND, A SERIES OF FPA HAWKEYE
FUND, LLC; FPA SELECT FUND, L.P.; FPA VALUE
PARTNERS FUND, A SERIES OF FPA HAWKEYE
FUND, LLC; FRANCISCO BRIGANTTY; ROSA M.
PIERLUISI; FT COC (E) HOLDINGS, LLC; FT SOF IV
HOLDINGS, LLC; GERARDO FERRACANE;
GLOBAL FLEXIBLE FUND, A SUB-FUND OF
NEDGROUP INVESTMENT FUNDS PLC; INES
MEJIAS; JOSÉ E. JANER VELÁZQUEZ; KATHERINE
EMILE RAMOS; KRISTINE K. SNEERINGER TRUST;
LA SUCESION DE NORMAN EUGENE PARKHURST
RODRIGUEZ, COMPUESTA POR SUS UNICOS Y

UNIVERSALES HEREDEROS NORMAN
PARKHURST VALDERAS, FRANCIS PARKHURST
VALDERAS, BRYANT PARKHURST VALDERAS Y
SU VIUDA CARMEN P.; LANNAN FOUNDATION;
LITMAN GREGORY MASTERS ALTERNATIVE
STRATEGIES FUND, A SERIES OF LITMAN
GREGORY FUNDS TRUST; LUIS G. LAJARA
BORELLI; MARIA M. MORRIS DAPENA; MARITZA
MALDONADO LOPEZ; MARJORIE CASILLAS
HERNANDEZ; MAYRA GARDON STELLA;
MEDICOOP; NYDIA F. MORALES; PUERTO RICO
MEDICAL DEFENSE INSURANCE COMPANY;
QUALITY & RELIABLE SERVICES INC.; RAMON M.
RUIZ COMAS; MARTA M. TORO LOPEZ; SUPER
PLASTICO, INC.; THE CANYON VALUE
REALIZATION MASTER FUND, L.P.; THE ESTATE
OF DANIELA MOURE; ULYSSES OFFSHORE FUND,
LTD.; ULYSSES PARTNERS, LP; UNIVERSAL
INSURANCE COMPANY; VR GLOBAL PARTNERS,
LP; WHITEFORT CAPITAL MASTER FUND, LP;
WILLIAM SHUZMAN; ZOE PARTNERS LP

Defendants.

**COMPLAINT CHALLENGING VALIDITY,
ENFORCEABILITY, AND EXTENT OF ALLEGED PREPETITION LIENS
OF COMMONWEALTH GENERAL OBLIGATION AND GUARANTEED BONDS**

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1), made applicable to these Title III cases by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] and the *Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524] (the "Stipulation"), the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through (i) the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of PROMESA, and (ii) the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee", and together with the Commonwealth and Oversight Board, the "Plaintiffs"), as section 926 trustee and co-plaintiff pursuant to the Stipulation, in each case by and through undersigned counsel, allege as follows for their complaint ("Complaint")[2] against Defendants,[3] as holders and/or insurers of general obligation ("GO") bonds issued by the Commonwealth and/or bonds or notes guaranteed by the Commonwealth on a good/full faith and credit basis[4] ("GO Bonds," and holders and insurers of such Bonds, "GO Bondholders," or, as the context requires, such defined terms shall refer only to Commonwealth GO bonds and holders and insurers of such bonds) that have asserted secured status in the Commonwealth's Title III case:[5]

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[2] Plaintiffs reserve its right to raise additional objections or commence additional avoidance actions on any basis to GO Bond (as defined below) claims.

[3] Defendants in this action are listed on **Exhibit B**, attached hereto (collectively, "Defendants").

[4] A schedule of such Commonwealth-guaranteed bonds and notes is attached hereto as **Exhibit A**. The Puerto Rico Constitution uses the term "full faith" while the relevant Puerto Rico statutes and bond resolutions use the term "good faith." The Plaintiffs understand these terms to be used interchangeably.

[5] Defendants in this action are all holders and insurers of outstanding GO Bonds (including, as that term is defined herein, bonds backed by a Commonwealth "good faith and credit" guaranty) that have asserted secured status in the Commonwealth's Title III case.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## NATURE OF ACTION

1.      This adversary proceeding arises out of a dispute between the Commonwealth and Defendants—various GO Bondholders—regarding the existence, extent, and enforceability of asserted consensual and statutory liens.  Defendants have filed claims in the Commonwealth's Title III case asserting their GO Bond claims are secured by one or more of the following: (1) the Commonwealth's "good/full faith, credit and taxing power," (2) the Commonwealth's "available resources,"[6] (3) the Allocable Revenues (as defined below), and (4) the Property Tax Revenues (as defined below).

2.      All the foregoing assertions are incorrect.  GO Bondholders have no such liens:

- Good Faith and Credit.  The Commonwealth's "pledge" of its "good faith, credit and taxing power" to its general obligation bonds under 13 L.P.R.A § 41, certain bond authorizing statutes, and certain bond resolutions is a promise to pay.  The Commonwealth's "good faith and credit" guaranties obligate the Commonwealth on the same basis as the Commonwealth is obligated under its general obligation bonds.  The Commonwealth's "good faith, credit, and taxing power" is not property that can be subject to a lien.  Moreover, the Commonwealth's "full faith, credit and taxing power" is a power the Commonwealth Constitution provides "shall never be surrendered or suspended."  Therefore, the Commonwealth could not have granted a lien on it even if it is property.

- Available Resources.  The Puerto Rico Constitution provides that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid." *See* P.R. Const. Art VI, § 8.  This does not create a lien on the Commonwealth's "available [resources]"—it only creates a Puerto Rico law payment priority.

- Allocable Revenues.  GO Bondholders are not given any lien on certain conditionally earmarked tax and fee revenues (collectively, "Allocable Revenues", described in greater detail below).  The statutes creating the Authorities (as defined below) and conditionally earmarking the Allocable Revenues to them do not grant GO Bondholders a lien against the Allocable Revenues.  Rather, they simply restate that the Allocable Revenues will be used in accordance with section 8 of Article VI of the Constitution if needed—which, as discussed above, does not give GO Bondholders any lien on any Commonwealth property or rights.

---

[6]  Although the GO Bondholders use the term "available resources," which is a translation of the Spanish version of the text, the official English version of the Puerto Rico Constitution uses the narrower term "available revenues."  Solely for purposes of this Complaint, and without waiver of or prejudice to any argument regarding which version of the Puerto Rico Constitution controls, the Commonwealth uses the term "available resources" so that the relief it seeks corresponds to the GO Bondholders' assertions.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

- <u>Property Tax Revenues</u>. 21 L.P.R.A. § 5004 provides that the Property Tax Revenues "shall be entered . . . into a trust established by the Secretary of the Treasury" in favor of the GO Bondholders. Yet no trust in favor of GO Bondholders was ever validly created on the Property Tax Revenues under Puerto Rico law since no deed of trust was properly executed, nor were GO Bondholders ever given a lien against them. As such, GO Bondholders lack any property interests in the Property Tax Revenues.

- <u>No Security Agreement</u>. The Commonwealth is not a party to any agreement with, or for the benefit of, the GO Bondholders pursuant to which the Commonwealth granted, or purported to grant, a security interest to the GO Bondholders.

As a result, the Commonwealth is entitled to declaratory judgments that Defendants do not hold consensual or statutory liens against any of the above items and are unsecured claimholders to the extent they hold allowed claims.

3. <u>Moreover, even if Commonwealth law granted GO Bondholders statutory liens against the Commonwealth's "available resources" or the Allocable Revenues, such statutory liens are avoidable under Bankruptcy Code[7] section 545.</u> The constitutional and statutory provisions Defendants claim grant them statutory liens, by their terms, only become effective if the Commonwealth's "available resources" are insufficient to cover the Commonwealth's expenses in a given fiscal year. As a result, they are statutory liens that first become effective "when the debtor's financial condition fails to meet a specified standard"—making them voidable by Bankruptcy Code section 545(1)(E). Therefore, to the extent GO Bondholders are held to possess statutory liens over the Commonwealth's "available resources" or the Allocable Revenues, the Commonwealth is entitled to judgments avoiding any such statutory liens under Bankruptcy Code section 545(1)(E) and preserving them for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## **PARTIES**

4. The Constitution of the Commonwealth of Puerto Rico (the "<u>Commonwealth Constitution</u>," "<u>Puerto Rico Constitution</u>," or the "<u>P.R. Constitution</u>") became effective in 1952. The

---

[7] All sections of the Bankruptcy Code (title 11 of the United States Code) referenced in this Complaint are made applicable to this adversary proceeding by PROMESA § 301(a).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

P.R. Constitution created plaintiff the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

5.     Co-Plaintiff the Oversight Board is an entity within the Commonwealth government established pursuant to PROMESA.

6.     Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors (other than COFINA).  The Committee was appointed by the United States Trustee on June 15, 2017.

7.     Defendants are all holders or insurers of GO Bonds that have filed claims against the Commonwealth asserting their GO Bond claims (including any claims based on Good Faith and Credit Guaranties) are entitled to secured status in the Commonwealth's Title III case for one or more reasons addressed in this Complaint.

8.     Defendants' names, the proof of claim numbers for their GO Bond claims, and their addresses are listed in **Exhibit B**, attached hereto.[8]

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to PROMESA section 306 because this adversary proceeding arises under PROMESA Title III, in a Title III case, and relates to the Commonwealth's underlying PROMESA Title III case.

10.     This Court has personal jurisdiction over Defendants pursuant to PROMESA section 306(c).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events giving rise to the Commonwealth's claims occurred in this District.

---

[8]  Plaintiffs file this Complaint against Defendants on account of *all* of Defendants' GO Bond claims, whether or not each and every of the Defendants' proofs of claim are listed on **Exhibit B**.  Any failure to list a particular proof of claim filed by a Defendant on **Exhibit B** does not exclude said claim from challenge by this Complaint.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Venue is also proper under PROMESA section 307 because this adversary proceeding is brought in a PROMESA Title III case.

12.     This adversary proceeding is brought pursuant to (*a*) Rule 7001(1), (2) and (9) of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to PROMESA section 310, and (*b*) Bankruptcy Code sections 502(b), 545, 550, and 551, made applicable to this adversary proceeding pursuant to PROMESA section 301(a).   This is an appropriate action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.   There currently exists an actual, justiciable controversy between the parties regarding the validity, priority, extent and enforceability of the liens asserted by Defendants against the Commonwealth, as further set forth herein.

<u>FACTS</u>

**I.     THE GO BONDS**

    **A.     GO Bonds**

13.     The Puerto Rico Constitution authorizes the Commonwealth to issue and guarantee debt, subject to various limitations.  *See* P.R. Const. Art. VI § 2.

14.     In 1961, Section 2 of Article VI of the Puerto Rico Constitution was amended to limit the Commonwealth's borrowing and guaranties on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

15.     Since 1961, the Commonwealth has issued and guaranteed billions of dollars of GO Bonds.

16.     GO Bonds (including guaranteed bonds) are public debt under Article VI, § 8 of the Puerto Rico Constitution.

17.     Each series of GO Bonds was issued pursuant to a bond resolution and offered pursuant to an official statement.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

18.     Approximately $13 billion of GO Bonds (including guaranteed bonds) remained outstanding as of the Commonwealth's May 3, 2017 petition date (the "<u>Petition Date</u>").  *See* Certified Fiscal Plan for Puerto Rico, dated March 13, 2017, at 26.

19.     Article VI of the Commonwealth Constitution contains various provisions governing bond debt priority:

- <u>Section 2</u> generally describes the Commonwealth's authority to "impose and collect taxes . . . as determined by the Legislative Assembly" and states such authority "shall never be surrendered or suspended."  This section also mandates that "the power of the Commonwealth of Puerto Rico to contract and to authorize the contracting of debts shall be exercised as determined by the Legislative Assembly."  Lastly, this section states "the Secretary of the Treasury may be required to apply the available revenues including surplus to the payment of interest on the public debt and the amortization thereof in any case provided for by Section 8 of this Article VI at the suit of any holder of bonds or notes issued in evidence thereof."

- <u>Section 6</u> states that "[i]f at the end of any fiscal year the appropriations necessary for the ordinary operating expenses of the Government and for the payment of interest on and amortization of the public debt for the ensuing fiscal year shall not have been made, the several sums appropriated in the last appropriation acts for the objects and purposes therein specified, so far as the same may be applicable, shall continue in effect item by item, and the Governor shall authorize the payments necessary for such purposes until corresponding appropriations are made."

- <u>Section 7</u> limits the appropriations made for any fiscal year to the total revenues, including available surplus, estimated for that year, "unless the imposition of taxes sufficient to cover said appropriations is provided by law."

- <u>Section 8</u> provides that "[i]n case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."

20.     None of the provisions of the Puerto Rico Constitution grant GO Bondholders a statutory lien against any of the Commonwealth's property.

     **i.**     ***The Commonwealth's "Good Faith, Credit, and Taxing Power"***

21.     13 L.P.R.A § 41 states, in relevant part, that "[t]he good faith of the Commonwealth of Puerto Rico is hereby irrevocably pledged for the payment of the principal of, and the interest on,

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the bonds or certificates of indebtedness of the Commonwealth [issued in accordance with cited provisions of law] . . . ."  13 L.P.R.A. § 41.

22.     Each issuance of GO Bonds was authorized pursuant to a specific act or acts of the Puerto Rico Legislature cited in the related official statement.  Those acts provided that the good faith, credit and taxing power of the Commonwealth is pledged to the payment of the applicable GO Bonds.

23.     The GO Bonds were issued pursuant to bond resolutions, some of which stated that "[t]he good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on" the GO Bonds.  *See, e.g.,* Bond Resolution adopted Aug. 1, 2002, § 14.

24.     The official statements pursuant to which the GO Bonds were offered made similar statements.  *See, e.g.,* Official Statement dated August 1, 2002, at 10 (stating Commonwealth law "provides that the good faith, credit and taxing power of the Commonwealth are irrevocably pledged for the prompt payment of the principal of and interest on the Offered Bonds . . . .").

25.     Each Commonwealth guaranty of bonds or notes listed in **Exhibit A** hereto was authorized pursuant to, and set forth in, a specific act of the Puerto Rico Legislature.  Each such act provides that the "good faith, credit and taxing power" or the "good faith and credit" of the Commonwealth is pledged to the payment of the Commonwealth's obligations under the applicable guaranty (each, a "Good Faith and Credit Guaranty").

26.     As recognized in Puerto Rico Attorney General opinions, the obligations of the Commonwealth under a Good Faith and Credit Guaranty are the same as the obligations of the Commonwealth under its direct general obligation indebtedness (with amounts payable under a Good Faith and Credit Guaranty being general obligations of the Commonwealth having the same attributes for purposes of the Puerto Rico Constitution as general obligations evidenced by direct Commonwealth bonds).

7

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

27.     The Commonwealth's "good faith, credit, and taxing power" is not property owned by the Commonwealth that can be the subject of a lien.  The Commonwealth could not provide the GO Bondholders with a lien against it.

28.     As a result, the Commonwealth's "pledge" of its "good faith, credit, and taxing power" is nothing more than a promise to pay, which promise is not secured by any Commonwealth property.

29.     Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and shall never be surrendered or suspended."  P.R. Const. Art VI, § 2.

30.     This constitutional provision prohibits the Commonwealth from surrendering—including transferring rights in—its "good faith, credit, and taxing power."

31.     Section 2 of Article VI of the P.R. Constitution prevents GO Bondholders from possessing any liens on the Commonwealth's "good faith, credit, and taxing power."

ii.     *Available Resources*

32.     Section 8 of Article VI of the Puerto Rico Constitution provides, in relevant part, that "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other disbursements shall thereafter be made in accordance with the order of priorities established by law."  P.R. Const. Art. VI, § 8.

33.     Section 4(c) of the Office of Management and Budget Organic Act (the "OMB Act") provides for a payment priority for GO Bonds.  *See* 23 L.P.R.A. § 104(c)(1).  That section provides that, "[i]n tune with Section 8, Article VI" of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year."  The OMB

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first. *Id.* § 104(c)(1).

34. Nothing in Section 8 of Article VI of the P.R. Constitution or in the OMB Act grants GO Bondholders a statutory lien against the Commonwealth's "available resources."

35. The GO Bondholders were not granted contractual security interests in the Commonwealth's "available resources" by the bond resolutions or official statements. Those documents only reiterate the provisions of the authorizing statutes and the protections of the Commonwealth Constitution, and therefore do not grant a security interest.

36. The official statement pertaining to the GO Bonds issued in 2014 (which were issued on materially identical terms to the other series of GO Bonds) in pertinent part provided:

> ***There is no collateral securing the Bonds, and the Bonds cannot be accelerated upon a default.***

General Obligation Bonds of 2014, Series A Official Statement at 16 (emphasis in original).

37. Similarly, the Commonwealth's Financial Information and Operating Data Report, dated December 18, 2016, states, at page 69, that "[t]here is no collateral securing the Commonwealth general obligation bonds and there are no statutory provisions for a lien on any asset or revenue of the Commonwealth."

38. GO Bondholders do not possess any liens against the Commonwealth's "available resources."

**B. Allocable Revenues**

39. Puerto Rico law conditionally earmarks certain tax and fee revenues (*i.e.*, the Allocable Revenues) to various Commonwealth instrumentalities, but provides that the Allocable Revenues may be retained by the Commonwealth in certain circumstances.

40. Allocable Revenues include: (1) certain excise taxes and vehicle fees conditionally earmarked for the Puerto Rico Highways and Transportation Authority ("HTA") and the Metropolitan

9

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Bus Authority ("MBA"); (2) hotel occupancy taxes conditionally earmarked for the Puerto Rico

Convention Center District Authority ("PRCCDA"); and (3) federal excise taxes imposed on rum and

other items produced in the Commonwealth and sold in the United States (which taxes are collected

by the United States Treasury and returned to the Commonwealth) that are conditionally earmarked

for the Puerto Rico Infrastructure Financing Authority ("PRIFA," and together with HTA, MBA and

PRCCDA, the "Authorities"), as well as certain revenues from excise taxes on non-diesel petroleum

products conditionally earmarked for PRIFA.

41.     None of the statutes governing the Allocable Revenues grant GO Bondholders a lien

on the Allocable Revenues.

**iii.     HTA**

42.     HTA is a public corporation created by Act 74-1965 (codified, as amended and

supplemented, at 9 L.P.R.A. §§ 2001-2035) to assume responsibility for the construction of highways

and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A. § 2002.

43.     The Commonwealth conditionally earmarked three sets of tax or fee revenues to HTA:

gasoline, diesel, crude oil, and other excise taxes imposed by the Commonwealth pursuant to 13

L.P.R.A. § 31626 and 13 L.P.R.A. § 31627 (the "Excise Taxes"); cigarette excise taxes imposed by

the Commonwealth pursuant to 13 L.P.R.A. § 31625 and earmarked to HTA and MBA pursuant to

13 L.P.R.A. § 31751(a)(4) ("Cigarette Excise Taxes"); and motor vehicle license fees imposed by the

Commonwealth pursuant to Act 22-2000, as amended (the "Vehicle Fees").

44.     The statutes under which the Commonwealth earmarked to HTA revenues from the

Excise Taxes, the Cigarette Excise Taxes, and the Vehicle Fees (collectively, the "HTA Allocable

Revenues") expressly set forth that the HTA Allocable Revenues are subject to retention by the

Commonwealth, but they do not grant a lien against any of HTA Allocable Revenues in favor of the

GO Bondholders.

10

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

45.     The statute earmarking to HTA the revenues of the Excise Taxes indicates that the revenues of the Excise Taxes are subject to use by the Commonwealth "for the payment of interest on and the amortization of the public debt as provided in provided in Section 8 of Article VI of the Constitution." 13 L.P.R.A. § 31751(a)(1)(E).  However, such earmarking statute does not grant a lien against any of the revenues of the Excise Taxes in favor of the GO Bondholders.

46.     The statute earmarking to HTA the revenues of a portion of the Cigarette Excise Taxes provides that "[t]he proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes."  13 L.P.R.A. § 31751(a)(3)(C).  However, such earmarking statute does not grant a lien against any of the revenues of the Cigarette Excise Taxes in favor of the GO Bondholders.

47.     The statute earmarking to HTA the revenues of the Vehicle Fees provides the same. *See* 9 L.P.R.A. § 2021 (stating that the revenues of the Vehicle Fees shall "be used for the payment of interest and the amortization of the public debt, as provided in said Section 8 [of Article VI of the Constitution of Puerto Rico] until the other resources, referred to in said section, are [sufficient] for such purposes.").  However, such earmarking statute does not grant a lien against any of the revenues of the Vehicle Fees in favor of the GO Bondholders.

48.     Nothing grants GO Bondholders a lien against any of the HTA Allocable Revenues. The statutes governing the conditional earmarking to HTA of the HTA Allocable Revenues restate section 8 of Article VI of the Puerto Rico Constitution, which does not itself grant a lien to GO Bondholders.  *See also* Act 1-2015, § 2.01 (which indicates that the earmarking to HTA of the HTA Allocable Revenues is "subject to the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico," which does not grant a lien against any of the HTA Allocable Revenues in favor of the GO Bondholders).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

    **iv.**    **MBA**

49.    MBA is a public corporation created by Act No. 5-1959 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 601-620), for the purpose of developing and operating the overland passenger transportation facilities and services in Puerto Rico.  23 L.P.R.A. § 606.

50.    The revenues of a portion of the Cigarette Excise Taxes is conditionally earmarked for MBA.  As with the revenues of the Cigarette Excise Taxes earmarked to HTA, the revenues of the Cigarette Excise Taxes earmarked to MBA are subject to retention by the Commonwealth.  13 L.P.R.A. § 31751(a)(4)(C) (stating that the "proceeds from such taxes shall be used solely for the payment of the interest on and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of Puerto Rico, insofar as the other available resources referred to in said Section do not suffice to attain such purposes.").

51.    The statute conditionally earmarking to MBA the revenues of a portion of the Cigarette Excise Taxes does not grant GO Bondholders a lien against the Cigarette Excise Taxes.  Instead, it simply restates section 8 of Article VI of the Puerto Rico Constitution.

    **v.**    **PRCCDA**

52.    PRCCDA is a public corporation created by Act No. 351-2000 (codified, as amended and supplemented, at 23 L.P.R.A. §§ 6401-6475), for the purpose of developing and operating a convention center located in San Juan, Puerto Rico, and related improvements and facilities.  *See* 23 L.P.R.A. § 6404.

53.    The Commonwealth conditionally earmarked to PRCCDA the revenues from certain hotel occupancy taxes imposed by the Commonwealth and collected by the Puerto Rico Tourism Company pursuant to Act 272-2003 ("Hotel Taxes").

54.    The statute under which the Commonwealth earmarked to PRCCDA revenue from the Hotel Taxes expressly sets forth that the revenues from the Hotel Taxes are subject to retention by

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the Commonwealth—but it does not grant a lien over those funds in favor of the GO Bondholders. *See* 13 L.P.R.A. § 2271v (providing the Hotel Taxes shall be "used solely for the payment of the interest and the amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, but only to the degree to which the other available resources to which reference is made in said Section are insufficient for such purposes.").

55.     Nothing grants GO Bondholders a lien over the revenues of the PRCCDA Hotel Taxes. Instead, the relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**vi.     PRIFA**

56.     PRIFA is a public corporation created by Act 44-1988 (codified, as amended and supplemented, at 3 L.P.R.A. §§ 1901-1923) for the purpose of providing financial and other types of assistance to political subdivisions, public agencies, and instrumentalities of the Commonwealth. *See* 3 L.P.R.A. § 1901.

57.     The Commonwealth has conditionally earmarked to PRIFA: (*i*) revenues from a federal excise tax imposed on rum and other items produced in the Commonwealth and sold in the United States, which taxes are collected by the United States Treasury and returned to the Commonwealth ("Rum Taxes"), and (*ii*) revenues from certain excise taxes on non-diesel petroleum products imposed by the Commonwealth pursuant to Act 1-2015 (including section 3020.07A(a)(i) in the Puerto Rico Internal Revenue Code) ("PRIFA Petroleum Taxes").

58.     The statute under which the Commonwealth earmarked to PRIFA revenues from the Rum Taxes expressly provides that the revenues from the Rum Taxes are subject to retention by the Commonwealth—but it does not grant a lien over those funds in favor of the GO bondholders.  3 L.P.R.A. § 1914 ("The moneys of the Special Fund [into which revenues of the PRIFA Rum Taxes are required to be deposited] may be used for the payment of interest and for the amortization of the public debt of the Commonwealth, as provided in said Section 8 [of Article VI of the Constitution of

13

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

the Commonwealth of Puerto Rico], only when the other resources available referred to in said Section are insufficient for such purposes.").

59.     Nothing grants GO Bondholders a lien against the revenues of the Rum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

60.     The statute under which the Commonwealth earmarked to PRIFA revenues from the PRIFA Petroleum Taxes expressly provides that the revenues from the PRIFA Petroleum Taxes are subject to retention by the Commonwealth.  *See* Act 1-2015, § 2.02 (inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (providing that the revenues of the PRIFA Petroleum Taxes "shall only be used for the payment of interest and amortization of the public debt, as provided in Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico, insofar as all other available resources mentioned in said Section are insufficient for such purposes.").

61.     Nothing grants GO Bondholders a lien against revenues of the PRIFA Petroleum Taxes.  The relevant statute restates section 8 of Article VI of the Puerto Rico Constitution.

**C.     Property Tax Revenues**

62.     Pursuant to Act 83 of 1991 ("Act 83"), the Legislative Assembly of Puerto Rico authorized a "special tax" of 1.03% on the appraised value of all personal and real property in Puerto Rico, which is "in addition to all other taxes imposed by virtue of other laws in effect."  21 L.P.R.A. § 5002.

63.     Act 83 provides a process for the collection of these Property Tax Revenues. The "Municipal Revenues Collection Center" (known by its Spanish acronym "CRIM") is required to collect the Property Tax Revenues and deposit them into the "general trust established jointly by CRIM and the Government Development Bank for Puerto Rico, pursuant to subsection (c) of the Municipal Revenue Collection Center Act."  21 L.P.R.A. § 5004.

14

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

64.      In the "general trust," the Property Tax Revenues are commingled with the revenues of other property taxes of the Commonwealth and lose their separate identity.  *See* 21 L.P.R.A. § 5803(c).

65.      Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called  the "Commonwealth Debt Redemption Fund."  21 L.P. R.A. § 5004(a).  Act 83 requires that the Property Tax Revenues in the Commonwealth Debt Redemption Fund be applied solely to the payment of the "existing or future general obligation[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligation[s], including the payment of any premium that is required for said early redemption."  *Id.*  However, nothing in Act 83 grants a lien against, or other property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise) to the GO Bondholders.

66.      Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust. *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

67.      No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

68.      No trust was ever established over the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise), and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in the Commonwealth Redemption Fund or otherwise).

69.      Act 83 provides that the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente] and the same will constitute

15

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

sufficient authorization for the Government Development Bank for Puerto Rico to carry out the corresponding [distributions].” *Id.* § 5005.

70.     The Spanish version of the Act is clear that this provision does not create a lien against the Property Tax Revenues.  The Spanish version refers to “obligación preferente” (21 L.P.R.A. § 5005), which correctly translates as “preferential (or preferred) obligation.”  This language does not create a lien against the Property Tax Revenues.  It establishes a payment priority.[9]

**D.      Article 9 of the Uniform Commercial Code**

71.     Commonwealth law governs the effectiveness and perfection of security interests in the Commonwealth's property.  *See* 19 L.P.R.A. § 2251.

72.     The Commonwealth adopted a prior version of Article 9 of the Uniform Commercial Code (the “UCC”), effective in 1996, which governed the granting and perfection of security interests.

73.     The Commonwealth subsequently adopted revised Article 9 of the UCC, effective January 17, 2013 (hereinafter, revised Article 9 is referred to as “Article 9”).  *See* Act No. 21-2012; 19 L.P.R.A. § 2211 *et seq.*

74.     Under Article 9, a security interest attaches only if (a) value has been given, (b) the debtor has rights in the collateral or the power to transfer rights in the collateral, and (c) the debtor has signed a security agreement that provides a description of the collateral.  19 L.P.R.A. § 2233(b).

---

[9] In contrast, when the Puerto Rico legislature wishes to create a lien, it uses the phrase “gravamen preferente,” which translates to “prior lien.”  *See, e.g.,* 21 L.P.R.A. § 5234 (creating a statutory lien in favor of CRIM against taxpayers for nonpayment of the Special Property Tax).  While the English language version of Act 83 translates “obligacion preferente” to mean “prior lien bond,” this appears to be a mistranslation.  The Spanish language version of Act 83 should govern over the English language version.  Pursuant to 1 L.P.R.A. § 59, English and Spanish are currently both Puerto's official languages.  However, at the time Act 83 was enacted, the official language of Puerto Rico was Spanish.  *See* Act No. 4 of April 5, 1991 (which was repealed by Act No. 1 of January 28, 1993).  Thus, at the time of its enactment, Act 83 was in Spanish, and therefore the Spanish version of Act 83 should govern.  Moreover, unlike other Puerto Rico statutes, there is no provision of Act 83 that specifies that the English version should govern.  Instead, it was the Spanish version that was approved by the Puerto Rico Legislature.  Consistent with this interpretation, the official statements pertaining to the GO Bonds explain that the Special Property Tax is collected and “credited to the Redemption Fund for application to the payment of general obligation bonds and notes of the Commonwealth.”  *See, e.g.*, General Obligation Bonds of 2014, Series A Official Statement at 30.  However, the official statements pertaining to the GO Bonds do not state that the revenues of the Special Property Tax are subject to a lien in favor of the GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

75.     "Collateral" means "*property* subject to a security interest."   19 L.P.R.A. §

2212(a)(12) (emphasis added).

76.     "Security agreement" means an agreement that creates or provides for a security

interest.  19 L.P.R.A. § 2212(a)(74).

77.     Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the

collateral subject to the security interest.  19 L.P.R.A. § 2218(a).

78.     The Commonwealth has not signed an agreement with, or for the benefit of, the GO

Bondholders that creates or provides for a security interest in any property of the Commonwealth for,

or for the benefit of, the GO Bondholders.  Therefore, there is no such security interest.

## II.    THE COMMONWEALTH'S TITLE III CASE

79.     On June 30, 2016, President Obama signed PROMESA into law.  On May 3, 2017,

the Oversight Board filed a petition for the Commonwealth, commencing the Commonwealth's Title

III case.  Pursuant to PROMESA, Congress made the Oversight Board the representative of the

Debtor, PROMESA § 315(b), and gave the Oversight Board the powers of a trustee for the purpose

of each Bankruptcy Code section incorporated into Title III that references a trustee.  PROMESA §

301(c)(7).

## COUNT I

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S GOOD FAITH, CREDIT, AND TAXING POWER AND
ORDER DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE
SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

80.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-79.

81.     GO Bondholders have asserted they hold liens against the Commonwealth's "good

faith, credit, and taxing power."  The Commonwealth, acting through the Plaintiffs, disputes this

assertion and objects to the secured claims.  Thus, an actual, substantial, and justiciable controversy

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

exists between the Commonwealth and the GO Bondholders concerning the validity of the liens

asserted by GO Bondholders on the Commonwealth's "good faith, credit, and taxing power."

82.    Under the Bankruptcy Code, a "lien" means a "charge against or interest in *property*

to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37) (emphasis added).

83.    A "statutory lien" is a "lien arising solely by force of a statute on specified

circumstances . . . ." 11 U.S.C. § 101(53).

84.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable

"property" that can be transferred.

85.    The Commonwealth's "good faith, credit, and taxing" power cannot be subject to a

statutory lien.

86.    A "security interest" means a "lien created by an agreement." 11 U.S.C. § 101(51).

87.    Under Article 9 of the UCC, a security interest attaches only if (a) value has been

given, (b) the debtor has rights in the *collateral* or the power to transfer rights in the *collateral*, and

(c) the debtor has signed a *security agreement* that provides a description of the collateral. 19

L.P.R.A. § 2233(b) (emphasis added).

88.    "Collateral" means "*property* subject to a security interest." 19 L.P.R.A. §

2212(a)(12) (emphasis added).

89.    "Security agreement" means an agreement that creates or provides for a security

interest. 19 L.P.R.A. § 2212(a)(74).

90.    The Commonwealth has not signed an agreement with, or for the benefit of, the GO

Bondholders that creates or provides for a security interest in the "good faith, credit, and taxing

power" of the Commonwealth.

91.    The Commonwealth's "good faith, credit, and taxing power" is not cognizable

"property" that can be transferred. It therefore cannot be subject to a security interest.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

92.     Moreover, section 2 of Article VI of the Commonwealth Constitution provides the "power of the Commonwealth of Puerto Rico to impose and collect taxes and to authorize their imposition and collection by municipalities shall be exercised as determined by the Legislative Assembly and *shall never be surrendered or suspended*."  P.R. Const. Art VI, § 2 (emphasis added).

93.     The Commonwealth does not have "the power to transfer rights" in the Commonwealth's "good faith, credit and taxing power."  The Commonwealth's "good faith, credit, and taxing power" cannot be subject to a security interest.

94.     Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all appropriate further relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens in the Commonwealth's "good faith, credit, and taxing power," as well as an order disallowing all secured claims against the Commonwealth's good faith, credit, and taxing power pursuant to Bankruptcy Code section 502(b).

## COUNT II

DECLARATORY JUDGMENT THAT GO BONDHOLDERS DO NOT HOLD
LIENS ON THE COMMONWEALTH'S "AVAILABLE RESOURCES" AND ORDER
DISALLOWING SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

95.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-94.

96.     GO Bondholders have asserted they hold liens against the Commonwealth's "available resources."  The Commonwealth, acting through Plaintiffs, disputes this assertion.  Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Commonwealth's "available resources."

97.     Section 8 of Article VI of the Puerto Rico Constitution provides "in case the available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year, interest on the public debt and amortization thereof shall first be paid, and other

19

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

disbursements shall thereafter be made in accordance with the order of priorities established by law."
P.R. Const. Art. VI, § 8.

98.     OMB Act section 4(c) provides "[i]n tune with Section 8, Article VI," of the Constitution, the Commonwealth shall follow a hierarchy of priorities governing the "disbursement of public funds, when the available funds for a specific fiscal year are not sufficient to cover the appropriations approved for that year."  The OMB Act specifies the applicable priorities, with "[t]he payment of interest and amortizations corresponding to the public debt," coming first.  *Id.* § 104(c)(1).

99.     Under the Bankruptcy Code, a "lien" means a "*charge against or interest in* property to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37) (emphasis added).  A "statutory lien" is a "lien arising solely by force of a statute on specified circumstances . . . ."  11 U.S.C. § 101(53).

100.    Neither the Puerto Rico Constitution nor the OMB Act grant GO Bondholders a "charge against or interest in" property.  At most, they create a Puerto Rico law payment priority.

101.    The GO Bondholders were not granted security interests by the bond resolutions or official statements, which reiterate the provisions of the authorizing acts and the protections of the Commonwealth Constitution, and fail to grant a security interest.

102.    Under UCC section 9-108(a), a security agreement must "reasonably identif[y]" the collateral subject to the security interest.  19 L.P.R.A. § 2218(a).  There exists no agreement (signed by the Commonwealth) granting GO Bondholders a security interest in the Commonwealth's "available resources."

103.    The term "available resources" does not "reasonably identif[y]" any collateral subject to any purported security interest.  Even if the term "available resources" were used in a security agreement, that use would not be sufficient to grant a security interest in "available resources" to GO Bondholders.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

104.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens on the Commonwealth's "available resources," as well as an order disallowing all secured claims against the Commonwealth's "available resources" pursuant to Bankruptcy Code section 502(b).

## COUNT III

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN "AVAILABLE RESOURCES"
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

105.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-104.

106.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard." 11 U.S.C. § 545(1)(E).

107.    If the GO Bondholders hold statutory liens against the Commonwealth's "available resources," they would only become effective when "available [resources] including surplus for any fiscal year are insufficient to meet the appropriations made for that year." P.R. Const. Art. VI, § 8; *see also* OMB § 104(c)(1).

108.    Any such statutory liens "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are avoidable pursuant to Bankruptcy Code section 545(1)(E). *See* 11 U.S.C. § 545(1)(E).

109.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Commonwealth's "available resources" should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## COUNT IV

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE ALLOCABLE REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

110.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-109.

111.    Defendants have asserted they hold liens against the Allocable Revenues.  The
Commonwealth, acting through the Plaintiffs, disputes this assertion.

112.    An actual, substantial, and justiciable controversy exists between the Commonwealth
and the Defendants concerning the validity of the liens asserted on the Allocable Revenues.

113.    Section 8 of Article VI of the Commonwealth Constitution provides that "in case the
available [resources] including surplus for any fiscal year are insufficient to meet the appropriations
made for that year, interest on the public debt and amortization thereof shall first be paid, and other
disbursements shall thereafter be made in accordance with the order of priorities established by law."
P.R. Const. Art. VI, § 8.

114.    This constitutional provision does not grant GO Bondholders a statutory lien against
the Allocable Revenues.

115.    The statutes governing the earmarking of the Allocable Revenues to the Authorities
all condition the Authorities' rights to the Allocable Revenues on section 8 of Article VI of the
Commonwealth Constitution.  *See* 13 L.P.R.A. § 31751(a)(1)(E) (conditioning earmarking of
revenues of Excise Taxes to HTA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 31751(a)(3)(C)
(conditioning earmarking of revenues of Cigarette Excise Taxes to HTA to P.R. Const. Art. VI, § 8);
9 L.P.R.A. § 2021 (conditioning earmarking of revenues of Vehicles Taxes to HTA to P.R. Const.
Art. VI, § 8); Act 1-2015 § 2.01 (earmarking to HTA of the HTA Allocable Revenues is "subject to
the provisions of Section 8 of Article VI of the Constitution of the Commonwealth of Puerto Rico . .
. ."); 13 L.P.R.A. § 31751(a)(4)(C) (conditioning earmarking of revenues of Cigarette Excise Taxes

22

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

to MBA to P.R. Const. Art. VI, § 8); 13 L.P.R.A. § 2271v (conditioning earmarking of revenues of

Hotel Tax Revenues to PRCCDA to P.R. Const. Art. VI, § 8); 3 L.P.R.A. § 1914 (conditioning

earmarking of revenues of Rum Taxes to PRIFA to P.R. Const. Art. VI, § 8); Act 1-2015 § 2.02

(inserting § 3020.07A(a)(i) into P.R. Internal Revenue Code) (conditioning earmarking of revenues

of PRIFA Petroleum Taxes to PRIFA to P.R. Const. Art. VI, § 8).

116.    Those statutes do not grant GO Bondholders a statutory lien against any of the

Allocable Revenues.

117.    Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28

U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants

do not hold liens on the Allocable Revenues, as well as an order disallowing all secured claims against

the Allocable Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT V

JUDGMENT AVOIDING AND PRESERVING FOR THE COMMONWEALTH GO
BONDHOLDERS' ASSERTED STATUTORY LIENS IN ALLOCABLE REVENUES
PURSUANT TO BANKRUPTCY CODE SECTIONS 545, 550, AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 545, 550, 551)

118.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-117.

119.    Pursuant to Bankruptcy Code section 545, the Commonwealth has the power to "avoid

the fixing of a statutory lien on property of the debtor to the extent that such lien—(1) first becomes

effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified

standard . . . ." 11 U.S.C. § 545(1)(E).

120.    If GO Bondholders hold statutory liens against the Allocable Revenues, they would

only become effective when "available [resources] including surplus for any fiscal year are

insufficient to meet the appropriations made for that year."  P.R. Const. Art. VI, § 8; *see also* 13

L.P.R.A. § 31751(a)(1)(E); 9 L.P.R.A. § 2004(l); 13 L.P.R.A. § 31751(a)(3)(C); 9 L.P.R.A. § 2021;

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Act 1-2015 § 2.01; 13 L.P.R.A. § 31751(a)(4)(C); 13 L.P.R.A. § 2271v; 3 L.P.R.A. § 1914; Act 1-2015 § 2.02.

121.    Any such statutory liens only "become[] effective against the debtor . . . (E) when the debtor's financial condition fails to meet a specified standard" and are therefore avoidable pursuant to Bankruptcy Code section 545(1)(E).  *See* 11 U.S.C. § 545(1)(E).

122.    Accordingly, pursuant to Bankruptcy Code section 545(1)(E), any such statutory liens against the Allocable Revenues should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

## COUNT VI

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
DO NOT HOLD LIENS ON THE PROPERTY TAX REVENUES AND ORDER DISALLOWING
SUCH SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION 502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

123.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-122.

124.    GO Bondholders have asserted they hold liens against the Property Tax Revenues. The Commonwealth, acting through the Plaintiffs, disputes this assertion.

125.    Thus, an actual, substantial, and justiciable controversy exists between the Commonwealth and GO Bondholders concerning the validity of the liens asserted on the Property Tax Revenues.

126.    Act 83 provides Property Tax Revenues are to be collected and deposited into the "general trust" established jointly by the Municipal Revenues Collection Center and the Government Development Bank for Puerto Rico pursuant to the Municipal Revenue Collection Center Act.  21 L.P.R.A. § 5004.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

127.     In the "general trust," the Property Tax Revenues are commingled with other property taxes of the Commonwealth and lose their separate identity as Property Tax Revenues.  *See* 21 L.P.R.A. § 5803(c).

128.     Nonetheless, Act 83 specifies that, after being placed in the "general trust," the Property Tax Revenues "shall be entered, in turn, into a trust established by the Secretary of the Treasury with the Government Development Bank for Puerto Rico" to be called the "Commonwealth Debt Redemption Fund."  *Id.* § 5004(a).  This section does not itself create a trust; rather, it directs the Secretary of the Treasury to constitute one.

129.     Under Puerto Rico law, a deed must be executed before a notary public to constitute a trust.  *See* 32 L.P.R.A. § 3352; 4 L.P.R.A. § 2002.

130.     No deed was executed before a notary public to constitute a trust over the Property Tax Revenues.

131.     No such trust holding Property Tax Revenues was ever established, and GO Bondholders do not hold any lien against, or property interest in, the Property Tax Revenues (whether in such trust or otherwise).

132.     Act 83 requires that the Property Tax Revenues in the Commonwealth Redemption Fund be applied solely to the payment of the "existing or future general obligations[s] of the Commonwealth of Puerto Rico evidenced by bonds or notes, or to the early redemption of said obligations[s], including the payment of any premium that is required for said early redemption."  21 L.P.R.A.  5004(a).

133.     Act 83 provides the provisions of Act 83 regarding the payment of GO Bonds "will be considered to be a prior lien bond [obligación preferente]." *Id.* § 5005.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

134.   The Spanish version reads "obligación preferente" (21 L.P.R.A. § 5005), which correctly translates as "preferential (or preferred) obligation."  This statutory language does not create a lien over the Property Tax Revenues, but creates a payment priority.

135.   Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that Defendants do not hold liens against or any other property interests in the Property Tax Revenues, as well as an order disallowing all secured claims against the Property Tax Revenues pursuant to Bankruptcy Code section 502(b).

## COUNT VII

DECLARATORY JUDGMENT THAT UNDER PUERTO RICO LAW THE
COMMONWEALTH'S INTEREST IN ANY OF THE COMMONWEALTH'S PROPERTY IS
ENTITLED TO PRIORITY OVER ANY SECURITY INTERESTS GRANTED TO
DEFENDANTS
(28 U.S.C. §§ 2201, 2202; 19 L.P.R.A. §§ 2212(a)(52), 2267(a)(2))

136.   Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-135.

137.   Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

138.   No financing statements were filed in connection with the GO Bonds.

139.   No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

140.   Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a "lien creditor" has priority over unperfected security interests.

141.   Pursuant to 19 L.P.R.A. § 2212(a)(52), under Puerto Rico law "lien creditor" means, among other things, "a trustee in bankruptcy from the date of the filing of the petition."

142.   Pursuant to PROMESA section 301(c)(7), "the term 'trustee', when used in [the Bankruptcy Code], means the Oversight Board . . . ."  PROMESA § 301(c)(7).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

143.    Plaintiffs therefore have priority over unperfected security interests in any of the Commonwealth's property, including any purported security interests of the Defendants.

144.    Accordingly, Plaintiffs are entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as all further appropriate relief pursuant to 28 U.S.C. § 2202, that pursuant to 19 L.P.R.A. § 2267(a)(2) Plaintiffs' interests in the Commonwealth's property, including in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, have priority over any security interests held by Defendants.

## <u>COUNT VIII</u>

JUDGMENT AVODING AND PRESERVING FOR THE COMMONWEALTH ANY SECURITY INTERESTS IN THE COMMONWEALTH'S PROPERTY PURSUANT TO BANKRUPTCY CODE SECTIONS 544 AND 551
(48 U.S.C. § 2161; 11 U.S.C. §§ 544, 550, 551; 19 L.P.R.A. § 2267(a)(2))

145.    Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-144.

146.    Pursuant to Bankruptcy Code sections 544(a), the Commonwealth has, as of the commencement of this Title III case, and without regard to any knowledge of a trustee, debtor, or creditor, the rights and powers of, or may avoid any transfer of its property or any obligation it incurred that is voidable by, a judicial lien creditor, among other things.  11 U.S.C. § 544(a).

147.    Pursuant to 19 L.P.R.A. § 2267(a)(2), under Puerto Rico law a judicial lien creditor has priority over unperfected security interests.

148.    Except as otherwise provided in Article 9, "a financing statement must be filed to perfect all security interests."  19 L.P.R.A. § 2260(a).

149.    No financing statements were filed in connection with the GO Bonds.

150.    No purported security interests of the Defendants are perfected by any other applicable method of perfection under Article 9.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

151.     As such, any purported security interests in any of the Commonwealth's property, including, without limitation, in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, are unperfected, for the reasons explained above, and are therefore invalid, unenforceable, and subject to avoidance and preservation for the Commonwealth pursuant to sections 544 and 551.

152.     Accordingly, pursuant to Bankruptcy Code sections 544(a) and 551, and 19 L.P.R.A. § 2267(a)(2), all purported security interests of the Defendants, including in the Commonwealth's "available resources", the Commonwealth's good faith, credit, and taxing power, the Property Tax Revenues and the Allocable Revenues, should be avoided, recovered for the Commonwealth pursuant to Bankruptcy Code section 550, and/or automatically preserved for the benefit of the Commonwealth pursuant to Bankruptcy Code section 551.

<u>**COUNT IX**</u>

DECLARATORY JUDGMENT THAT GO BONDHOLDERS
ARE UNSECURED CLAIMHOLDERS TO THE EXTENT THEY HOLD VALID CLAIMS AND
ORDER DISALLOWING ANY SECURED CLAIMS UNDER BANKRUPTCY CODE SECTION
502(b)
(28 U.S.C. §§ 2201, 2202; 11 U.S.C. § 502(b))

153.     Plaintiffs repeat and incorporate by reference the allegations in paragraphs 1-152.

154.     Defendants do not hold liens against any of the Commonwealth's property.

155.     Defendants' claims, to the extent they are valid, are entirely unsecured.

156.     Defendants have asserted their GO Bond claims are secured.

157.     An actual, substantial, and justiciable controversy exists between the Commonwealth and Defendants concerning the secured status of Defendants' claims.

158.     Accordingly, the Commonwealth is entitled to a judicial declaration pursuant to 28 U.S.C. § 2201, as well as further relief pursuant to 28 U.S.C. § 2202, that Defendants' GO Bond

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

claims, to the extent they are valid, are entirely unsecured, as well as an order disallowing all secured

claims pursuant to Bankruptcy Code section 502(b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that judgment be entered for the Commonwealth and against

Defendants as follows:

A.    Declaring Defendants do not hold a statutory lien on, or security interest in, the

Commonwealth's good faith, credit and taxing power;

B.    Declaring Defendants do not hold a statutory lien on, or security interest in, the

Commonwealth's available resources;

C.    Avoiding and preserving for the Commonwealth any statutory lien Defendants have

against the Commonwealth's available resources pursuant to Bankruptcy Code section 545;

D.    Declaring Defendants do not hold a statutory lien against, or security interest in, the

Allocable Revenues;

E.    Avoiding and preserving for the Commonwealth any statutory lien Defendants have

against the Allocable Revenues pursuant to Bankruptcy Code section 545;

F.    Declaring Defendants do not hold a statutory lien against, or security interest in, the

Property Tax Revenues;

G.    Declaring any security interests Defendants hold in the Commonwealth's property are

unperfected and junior to Plaintiffs' interests in the Commonwealth's property pursuant to 19

L.P.R.A. § 2267(a);

H.    Avoiding and preserving for the Commonwealth any security interest Defendants have

against the Commonwealth's property pursuant to Bankruptcy Code section 544;

I.    Declaring Defendants' GO Bond claims, to the extent they are valid, are entirely

unsecured; and

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

J.      Disallowing all secured claims asserted by Defendants.

*[Remainder of page intentionally left blank.]*

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

Dated: May 2, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/   Martin J. Bienenstock*

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

*/s/   Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

and

*/s/ Luc A. Despins*

**PAUL HASTINGS LLP**[10]
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com

---

[10] Due to circumstances outside of its control, and despite its best efforts, the Committee's counsel Paul Hastings LLP was
unable to finish a comprehensive conflicts review with respect to all defendants prior to the filing of this Complaint.  The
Committee's counsel reserves the right to withdraw from this action as to certain defendants without prejudice to Plaintiffs
if necessary to resolve any conflicts that may arise.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

jamesbliss@paulhastings.com

*Counsel to the Official Committee of
Unsecured Creditors*

*/s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES
LLC[11]**
Juan J. Casillas Ayala, Esq., USDC - PR
218312
Diana M. Batlle-Barasorda, Esq., USDC - PR
213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR
302710
Ericka C. Montull-Novoa, Esq., USDC - PR
230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors*

---

[11] Casillas, Santiago & Torres LLC represents the Committee in this matter other than as to Universal Insurance Company.

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## EXHIBIT A

## DEBT GUARANTEED BY COMMONWEALTH UNDER GOOD/FULL FAITH AND CREDIT GUARANTIES

1. Puerto Rico Public Buildings Authority (PBA)

   All outstanding bonds[12]

2. Puerto Rico Infrastructure Financing Authority (PRIFA)

   All outstanding bond anticipation notes[13]

3. Puerto Rico Aqueduct and Sewer Authority (PRASA)

   Revenue Refunding Bonds, Series A and Revenue Refunding Bonds, Series B[14]

4. Port of the Americas Authority (APLA)

   All outstanding bonds[15]

---

[12] $4.0 billion approximate principal amount (as of July 31, 2016).

[13] $78.0 million approximate principal amount (as of July 31, 2016).

[14] $284.8 million approximate principal amount (as of July 31, 2016).

[15] $226.0 million approximate principal amount (as of July 31, 2016).

**GO & Guaranteed Bonds Lien Avoidance And Secured Status Complaint**

## **Exhibit B**

List of Defendants

EXHIBIT B
LIST OF DEFENDANTS

| Claim Number | Creditor | Notice Address | Notice City | Notice State | Notice Zip | Payment Address | Payment City | Payment State | Payment Zip |
|---|---|---|---|---|---|---|---|---|---|
| 20512 | ADA R. VALDIVIESO | PO Box 1144 | Peñuelas | PR | 00624 | | | | |
| 15603 | ALBERTO J PICO JR. | 597 Lingo Court, Apt 804 | San Juan | PR | 00911 | | | | |
| 1409 | ALLAN R. BONIN | 264 Grace Avenue | Secaucus | NJ | 07094 | | | | |
| 2147 | ALLAN R. BONIN | 264 Grace Avenue | Secaucus | NJ | 07094 | | | | |
| 2149 | ALLAN R. BONIN | 264 Grace Avenue | Secaucus | NJ | 07094 | | | | |
| 25537 | ANDRES FORTUNA EVANGELISTA, ANDRES FORTUNA GARCIA, TERESA N. FORTUNA GARCIA | 6400 AVDA. ISLA VERDE10-I OESTE CONDOMINIO LOS PINOS | Carolina | PR | 00979 | | | | |
| 155 | ANIBAL SANZ GONZALEZ AND DIANA I. MADERA | Villa Andalucia 0-9 Calle Tudela | San Juan | PR | 00926 | | | | |
| 14311 | ANIBAL SANZ GONZALEZ AND DIANA I. MADERA | Villa Andalucia 0-9 Calle Tudela | San Juan | PR | 00926 | | | | |
| 3321 | ANTONIO DE LA CRUZ MIRANDA | 1 Calle Poppy, No. B-17 | San Juan | PR | 00926 | | | | |
| 8999 | ANTONIO SANTOS BAYRON AND IVONNE RAMIREZ | 8 Paseo Mayor, No. C-21 | San Juan | PR | 00926 | | | | |
| 12163 | ARLENE IRIZARRY RIVERA AND ARNALDO | URB Mercedita 1569 Miguel Pou Blvd | Ponce | PR | 00717 | | | | |
| 13480 | AUGUSTO R PALMER ARRACHE | PO Box 27 | Yauco | PR | 00698 | | | | |
| 19510 | BLANCA FERNANDEZ PAOLI | Urb. Caparra Hills G-11 Calle Cedro | Guaynabo | PR | 00968 | | | | |
| 109607 | BRENDA C. GONZALEZ CASTILLO | EL-12, Calle E8 Brisas del Mar | Luquillo | PR | 00773 | | | | |
| 125727 | CANYON BALANCED MASTER FUND, LTD. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 129774 | CANYON BLUE CREDIT INVESTMENT FUND L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 115697 | CANYON DISTRESSED OPPORTUNITY INVESTING FUND II, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 115491 | CANYON DISTRESSED OPPORTUNITY MASTER FUND II, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 116228 | CANYON NZ-DOF INVESTING, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 122624 | CANYON VALUE REALIZATION FUND, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 122563 | CANYON VALUE REALIZATION MAC 18 LTD. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |

EXHIBIT B
LIST OF DEFENDANTS

| Claim Number | Creditor | Notice Address | Notice City | Notice State | Notice Zip | Payment Address | Payment City | Payment State | Payment Zip |
|---|---|---|---|---|---|---|---|---|---|
| 125494 | CANYON-ASP FUND, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 119870 | CANYON-GRF MASTER FUND II, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 143207 | CANYON-SL VALUE FUND, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 41033 | CARMEN ROSA | Urb. Altamesa 1648 Calle Santa Ines | San Juan | PR | 00921 | | | | |
| 167072 | CATHARINE M. BONIN | 264 Grace Avenue | Secaucus | NJ | 07094 | | | | |
| 12702 | COOPERATIVA A/C LA COMERIENA | PO Box 289 | Comerio | PR | 00782 | | | | |
| 7563 | DIANA ROSA JIRAU ROVIRA | PMB 301, 3071 Ave. Alejandrino | Guaynabo | PR | 00969 | | | | |
| 39513 | DOCTOR'S CENTER HOSPITAL, INC. | PO Box 30532 | Manati | PR | 00674 | | | | |
| 12174 | MARCOS AND MARIA AGUAYO DE DRAGONI | P.O. Box 10576 | Ponce | PR | 00732 | | | | |
| 82472 | EDNA ROZAS | P.O. Box 364233 | San Juan | PR | 00936 | | | | |
| 90499 | EDNA ROZAS | P.O. Box 364233 | San Juan | PR | 00936 | | | | |
| 74572 | EDWARD VALDES LLAUGER | 1360 Calle Luchetti Apt. No.5 | San Juan | PR | 00907 | | | | |
| 8313 | ELLEN METZGER | 31 Buffalo Run | East Brunswick | NJ | 08816 | | | | |
| 61365 | ELVIRA A. GAUTIER CARBONELL | 30 Calle Malva, Apt 17 | San Juan | PR | 00927 | | | | |
| 125330 | EP CANYON LTD. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 46778 | ERNESTO L. RAMIREZ TORRES | Maria | Ponce | PR | 00730 | | | | |
| 114925 | FIR TREE CAPITAL OPPORTUNITY MASTER FUND III, LP | 250 West 55th Street | New York | NY | 10019 | c/o Fir Tree Capital Management, LP, 55 West 46th Street, 29th Floor | New York | NY | 10036 |
| 115227 | FIR TREE CAPITAL OPPORTUNITY MASTER FUND, LP | 250 West 55th Street | New York | NY | 10019 | c/o Fir Tree Capital Management, LP, 55 West 46th Street, 29th Floor | New York | NY | 10036 |
| 112062 | FIR TREE VALUE MASTER FUND,LP | 250 West 55th Street | New York | NY | 10019 | c/o Fir Tree Capital Management, LP, 55 West 46th Street, 29th Floor | New York | NY | 10036 |
| 122977 | FPA GLOBAL OPPORTUNITY FUND, A SERIES OF FPA HAWKEYE FUND, LLC | 250 West 55th Street | New York | NY | 10019 | Attn: JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |

2

LIST OF DEFENDANTS

| Claim Number | Creditor | Notice Address | Notice City | Notice State | Notice Zip | Payment Address | Payment City | Payment State | Payment Zip |
|---|---|---|---|---|---|---|---|---|---|
| 122456 | FPA HAWKEYE FUND, A SERIES OF FPA HAWKEYE FUND, LLC | 250 West 55th Street | New York | NY | 10019 | Attn: JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |
| 127263 | FPA SELECT FUND, L.P. | 250 West 55th Street | New York | NY | 10019 | Attn: JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |
| 160190 | FPA VALUE PARTNERS FUND, A SERIES OF FPA HAWKEYE FUND, LLC | 250 West 55th Street | New York | NY | 10019 | Attn: JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |
| 155816 | FRANCISCO BRIGANTTY, ROSA M. PIERLUISI | 339 Miramelindas, Sabamarus del Rio | Buarbo | PR | 00778 | 339 Miramelindas, Sabamarus del Rio | Buarbo | PR | 00778 |
| 98030 | FT COF (E) HOLDINGS, LLC | 250 West 55th Street | New York | NY | 10019 | c/o Fir Tree Capital Management, LP, 55 West 46th Street, 29th Floor | New York | NY | 10036 |
| 120494 | FT SOF IV HOLDINGS, LLC | 250 West 55th Street | New York | NY | 10019 | c/o Fir Tree Capital Management, LP, 55 West 46th Street, 29th Floor | New York | NY | 10036 |
| 19527 | GERARDO FERRACANE | 15 Urb. El Retiro | Mayaguez | PR | 00682 | | | | |
| 138225 | GLOBAL FLEXIBLE FUND, A SUB-FUND OF NEDGROUP INVESTMENT FUNDS PLC | 250 West 55th Street | New York | NY | 10019 | c/o Global Flexible Fund, Internal Lockbox Number# 7057, P . O . Box 7247 | Philadelphia | PA | 19710 |
| 89564 | INES MEJIAS | Flores 1790 Mans de RP | San Juan | PR | 00926 | | | | |
| 105642 | JOSÉ E. JANER VELÁZQUEZ | Box 367 | Caguas | PR | 00726 | | | | |
| 104727 | JOSÉ E. JANER VELÁZQUEZ | Box 367 | Caguas | PR | 00726 | | | | |
| 27804 | KATHERINE  EMILE RAMOS | 525 F.D. Roosevelt Ave. | San Juan | PR | 00918 | | | | |
| 5654 | KRISTINE K. SNEERINGER TRUST | 9049 Middlewood Crt. | St. Louis | MO | 63127 | | | | |
| 155074 | RODRIGUEZ, COMPUESTA POR SUS UNICOS Y UNIVERSALES HEREDEROS NORMAN PARKHURST VALDERAS, FRANCIS PARKHURST VALDERAS, BRYANT PARKHURST VALDERAS Y SU VIUDA CARMEN P. | 241 Winston Churchill, Churchill Park, Apartado 30 | San Juan | PR | 00926 | | | | |
| 113892 | LANNAN FOUNDATION | 250 West 55th Street | New York | NY | 10019 | c/o Northern Trust, Attn: IMLG, 801 South Canal, C1 North | Chicago | IL | 60607 |
| 108328 | LITMAN GREGORY MASTERS ALTERNATIVE STRATEGIES FUND, A SERIES OF LITMAN GREGORY | 250 West 55th Street | New York | NY | 10019 | c/o LG Master Funds, Attn: Jeff Alves, 200 Newport Ave | North Quincy | MA | 02171 |
| 7072 | LUIS G. LAJARA BORELLI | PO Box 194059 | San Juan | PR | 00919 | | | | |
| 43374 | MARIA M. MORRIS DAPENA | PO Box 361928 | San Juan | PR | 00936 | | | | |
| 8068 | MARITZA MALDONADO LOPEZ | 3609 Calle 1 Tintillo Hills | Guaynabo | PR | 00966 | | | | |
| 84895 | MARJORIE CASILLAS HERNANDEZ | HC 01 Box - 6001 | Las Piedras | PR | 0077 | | | | |
| 163339 | MAYRA GARDON STELLA | 23 Calle Yaguez, Urb. Estancias Del Rio | Aguas Buenas | PR | 00703 | | | | |
| 494 | MEDICOOP | PO Box 194450 | San Juan | PR | 00919 | | | | |

EXHIBIT B

**LIST OF DEFENDANTS**

| Claim Number | Creditor | Notice Address | Notice City | Notice State | Notice Zip | Payment Address | Payment City | Payment State | Payment Zip |
|---|---|---|---|---|---|---|---|---|---|
| 11840 | NYDIA  F. MORALES | 8169 CONCORDIA ST., SUITE 102 | Ponce | PR | 00717 | | | | |
| 38059 | NYDIA  F. MORALES | 8169 CONCORDIA ST., SUITE 102 | Ponce | PR | 00717 | | | | |
| 163625 | PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY | #33 Resolucion Street, Suite 702 | San Juan | PR | 00920 | | | | |
| 99291 | QUALITY & RELIABLE SERVICES INC | Edificio Quality Plaza Call Goyco #100 Este | Caguas | PR | 00725 | | | | |
| 53372 | RAMON M. RUIZ COMAS AND MARTA M. TORO LOPEZ | Cond Meadows Tower Apt 5B, H3 Avenida San Patricio | Guaynabo | PR | 00968 | | | | |
| 27799 | SUPER PLASTICO, INC. | Calle Comerio 206 | Bayamon | PR | 00959 | | | | |
| 159397 | THE CANYON VALUE REALIZATION MASTER FUND, L.P. | Bracewell, LLP, Attn: Kurt A. Mayr, Esq, CityPlace I, 34th Floor 185 Asylum Street | Hartford | CT | 06103 | Canyon Value Realization Fund, LP c/o Canyon Capital Advisors LLC, Attn: Natasha Johnson, 2000 Avenue of the Stars, 11th Floor | Los Angeles | CA | 90067 |
| 155990 | THE ESTATE OF DANIELA MOURE | PMB 403, 1353 Road 19 | Guaynabo | PR | 00966 | | | | |
| 141700 | ULYSSES OFFSHORE FUND, LTD. | 250 West 55th Street | New York | NY | 10019 | Attn: JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |
| 73196 | ULYSSES PARTNERS, LP | 250 West 55th Street | New York | NY | 10019 | c/o JPMS LLC LOCKBOX 21000, 4 Chase Metrotech Center, 7th Floor East | Brooklyn | NY | 11245 |
| 80146 | UNIVERSAL INSURANCE COMPANY | PO Box 71338 | San Juan | PR | 00936 | | | | |
| 95406 | VR GLOBAL PARTNERS, LP | 190 Elgin Avenue | George Town | Gran Cayman | KY1-9005 | | | | |
| 146002 | WHITEFORT CAPITAL MASTER FUND, LP | 26th Floor | New York | NY | 10017 | | | | |
| 3794 | WILLIAM SHUZMAN | 17 Melanie Manor | East Brunswick | NJ | 08816 | | | | |
| 71549 | ZOE PARTNERS LP | 250 West 55th Street | New York | NY | 10019 | c/o IngleSea Capital LLC, Attn: Andrew Fredman, 7800 Red Road Suite 308 | Miami | FL | 33143 |