# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | PROMESA |
| | ) | Title III |
| THE FINANCIAL OVERSIGHT AND | ) | |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) | Case No. 3:17-bk-03283 (LTS) |
| as representative of | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) | |
| Debtors. | ) | |
| | ) | |
| ———————————————————— X | ) | |
| In re: | ) | |
| | ) | |
| | ) | PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) | Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | |
| | ) | Case No. 3:17-cv-01685 (LTS) |
| as representative of | ) | Case No. 3:17-bk-03566 (LTS) |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| Debtor. | ) | |

---------------------------------------------------------------------- X

## DECLARATION OF BRUCE S. BENNETT
## IN SUPPORT OF MOTION TO QUASH OR MODIFY THE
## <u>SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION</u>

I, Bruce S. Bennett, hereby declare under penalty of perjury:

1.      I am a partner at the law firm of Jones Day, located at 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.  I am a member in good standing of the Bar of the State of California.  There are no disciplinary proceedings pending against me.  I submit this declaration in support of the *Motion Of Bruce Bennett To Quash Or Modify The Subpoena To Testify At A Deposition In A Civil Action*.  I have personal knowledge of the matters stated herein.

2.      On April 26, 2019 at 6:35 PM EDT, I was served with the Subpoena To Testify At A Deposition In A Civil Action (the "Subpoena") from the Financial Management and Oversight Board for Puerto Rico (the "Oversight Board").  In addition, the Oversight Board simultaneously served my law firm, Jones Day, with a separate Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the "Jones Day Subpoena").  Service of both the Subpoena and the Jones Day Subpoena was by e-mail on Matthew E. Papez, a partner at the law firm of Jones Day, located at 51 Louisiana Avenue NW, Washington, District of Columbia 20001.

3.      A true and correct copy of the Subpoena is attached as Exhibit A.

4.      A true and correct copy of the Jones Day Subpoena is attached as Exhibit B.

5.      A true and correct copy of the email serving the Subpoena and the Jones Day Subpoena, without the attachments to the email, is attached hereto as Exhibit C.

6.      No witness fee or mileage allowance was tendered with the Subpoena.

7.      Counsel for the Oversight Board has stated that it is seeking to take my deposition as a result of the Declaration that I submitted on March 21, 2019.  *See* Docket 5972-1 in Case No. 17-03283-LTS.  In fact, in the email serving the Subpoena, counsel for the Oversight Board

referenced my March 21, 2019 Declaration and the fact that my clients were not withdrawing the Declaration. *See* Exhibit C.

8.      The Subpoena included both a command to appear for a deposition, and a command to produce documents.  On May 2, 2019, counsel on my behalf served objections to the document requests contained in the Subpoena.  A true and correct copy of the objections to the document requests is attached as Exhibit D.

9.      In addition, also on May 2, 2019, counsel served objections to the Jones Day Subpoena.  A true and correct copy of the objection to the Jones Day Subpoena is attached as Exhibit E.


Dated:  May 3, 2019                                      */s/ Bruce S. Bennett*
        Los Angeles, CA                                 Bruce S. Bennett

3

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Puerto Rico

| | |
|---|---|
| In re: Financial Management and Oversight Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and as representative of the ~~Employees Retirement System of the Government of the Commonwealth of~~ Puerto Rico (Debtors)          *Plaintiff* <br> v. <br><br> *Defendant* | ) ) ) ) ) ) )     Civil Action No.    17-bk-3282; 17-bk-3566 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Bruce Bennett

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Proskauer Rose LLP <br> 11 Times Square <br> New York, NY 10036-8299 | Date and Time: <br><br> 05/07/2019 9:00 am |
|---|---|

The deposition will be recorded by this method:     Video, audio, stenographic, instant visual display

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A (attached).

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/26/2019

*CLERK OF COURT*

                                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Financial Management and Oversight Board for Puerto Rico_____ , who issues or requests this subpoena, are:

William D. Dalsen | Proskauer Rose LLP | One International Place, Boston, MA 02110 | wdalsen@proskauer.com | 617-526-9429

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   17-bk-3282; 17-bk-3566

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

## DEFINITIONS AND INSTRUCTIONS

1.      The following terms shall have the meanings set forth whenever used in any request.

2.      The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.      "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

5.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data

compilations, computer databases, records, and any information generated or stored in electronic form.  In producing any Document in response to any of the Document Requests, You shall produce (i) all drafts of any responsive Documents, and (ii) all marked, annotated, or non-identical copies of any responsive Documents.

6.      "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

7.      "You" or "Your" means and refers to Bruce Bennett and any current or former agents, employees, and/or independent contractors acting or purporting to act on his behalf.

## DOCUMENT REQUESTS

1.      All Documents and Communications relating to the April 27, 2016 meeting referenced in the *Declaration of Bruce Bennett in Support of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Discovery* [Docket No. 5972-1 in Case No. 17-bk-03283 and Docket No. 402-1 in Case No. 17-bk-03566] (hereinafter, the "Bennett Declaration").

2.      All notes, including but not limited to handwritten notes and audio recordings (including dictated notes), concerning the April 27, 2016 meeting referenced in the Bennett Declaration.

3.      Your calendar(s) for April 27, 2016.

4.      All Documents used, referenced, or relied on to prepare the Bennett Declaration.

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| In re: Financial Management and Oversight Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and as representative of the ~~Employees Retirement System of the Government of the Commonwealth of~~ Puerto Rico (Debtors)     *Plaintiff*<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.   17-bk-3283; 17-bk-3566 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                    Jones Day
_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A (attached)

| Place: Proskauer Rose LLP<br>11 Times Square<br>New York, NY 10036-8299 | Date and Time:<br><br>05/03/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/26/2019

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Financial Management and Oversight Board for Puerto Rico _____ , who issues or requests this subpoena, are:

William D. Dalsen | Proskauer Rose LLP | One International Place, Boston, MA 02110 | wdalsen@proskauer.com | 617-526-9429

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   17-bk-3283; 17-bk-3566

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                     *Server's signature*

                                       _____
                                                     *Printed name and title*

                                       _____
                                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial
expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**DEFINITIONS AND INSTRUCTIONS**

1.     The following terms shall have the meanings set forth whenever used in any request.

2.     The terms "all", "any", and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

3.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.     "Communication" or "communications" means any oral, written or electronic transmission of information, including without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

5.     "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Bankruptcy Rule 7034 and Section 310 of PROMESA (48 U.S.C. § 2170), including but not limited to any kind of written, audio, or graphic matter, however produced or reproduced, whether or not sent or received, including, but not limited to, writings, communications, contracts, reports, presentations, pro formas, analyses, spreadsheets, correspondence, memoranda, e-mail, recordings, telephone records, notes, charts, graphs, drawings, photographs, telephone records, voice mail, audio and video recordings, data

compilations, computer databases, records, and any information generated or stored in electronic form.  In producing any Document in response to any of the Document Requests, You shall produce (i) all drafts of any responsive Documents, and (ii) all marked, annotated, or non-identical copies of any responsive Documents.

6.      "Including" means including, but not limited to, the referenced subject.

7.      "Jones Day," "You" or "Your" means and refers to Jones Day, as well as its affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on its behalf.

8.      "Relating to", "relate to", "related to", "referred to", "refer to", "reference", and "referring to" means analyzing, addressing, concerning, consisting of, regarding, referring to, refuting, discussing, describing, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, memorializing, reflecting, commenting on, or otherwise having any logical or factual connection to the subject matter of the Document.

## **DOCUMENT REQUESTS**

1.      All Communications with James Millstein.

2.      All Documents and Communications, including notes and summaries, relating to the April 27, 2016 meeting referenced in the *Declaration of Bruce Bennett in Support of Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Discovery* [Docket No. 5972-1 in Case No. 17-bk-03283 and Docket No. 402-1 in Case No. 17-bk-03566] (hereinafter, the "Bennett Declaration").

3.      All Communications with White & Case LLP (including but not limited to John Cunningham) relating to the April 27, 2016 meeting referenced in the Bennett Declaration.

4.      Calendars for Bruce Bennett for April 27, 2016.

5.      All Documents used, referenced, or relied on to prepare the Bennett Declaration.

# EXHIBIT C

| | |
|---|---|
| **From:** | wdalsen@proskauer.com |
| **Sent:** | Friday, April 26, 2019 6:35 PM |
| **To:** | Papez, Matthew E.; csloane@whitecase.com |
| **Cc:** | Dale, Margaret A.; brosen@proskauer.com; JLevitan@proskauer.com; Sooknanan, Sparkle L. |
| **Subject:** | ERS - Subpoenas |
| **Attachments:** | 2019-04-26 - Subpoena to Bruce Bennett.pdf; 2019-04-26 - Subpoena to John K. Cunningham.pdf; 2019-04-26 - Subpoena to Jones Day.pdf; 2019-04-26 - Subpoena to White and Case LLP.pdf |

Matt and Cheryl –

Attached please find subpoenas to Bruce Bennett, John K. Cunningham, Jones Day, and White & Case LLP served as of today's date.  Thank you for agreeing to accept service of these subpoenas.

We expect the subpoenaed parties to begin their productions promptly, and to complete their productions and serve privilege logs by May 3.  As you know, the subpoenaed parties have been on notice of the Oversight Board's intention to take this discovery since March 25, 2019.  ECF No. 410 at 18 n.11.  We confirmed our intent to take this discovery via letter on April 10, 2019.  We again confirmed our intent to take this discovery during our meet/confer on April 11, 2019, during which Movants (1) refused to withdraw the Bennett and Cunningham Declarations, and (2) refused to withdraw reliance on the April 27, 2016 meeting.  We again raised the issue on April 24, 2019 at the Omnibus Hearing and explained that we intended to serve the subpoenas if Movants intended to continue relying on the 2016 meeting.  Having received no information that Movants would be withdrawing their reliance on that meeting, we are left with no alternative but to serve these subpoenas.

The Oversight Board reserves all of its rights with respect to (1) seeking further discovery if necessary regarding the April 2016 meeting, and (2) moving to disqualify counsel.

Thank you.

--Will

**William D. Dalsen**
Attorney at Law

[Proskauer](Proskauer)
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

*************************************************************************************************************
*************************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and

1

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************
**********************************************************

# EXHIBIT D

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3881
mpapez@jonesday.com

May 2, 2019

William Dalsen
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re:   Objection to Subpoena—*In re Financial Management and Oversight Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Civil Action Nos. 17-bk-3283; 17-bk-3566

Dear Will:

I received the Subpoena To Testify At A Deposition In A Civil Action that you served on Bruce Bennett (the "<u>Bennett Subpoena</u>") on April 26, 2019. Mr. Bennett is separately filing a Motion To Quash the Bennett Subpoena to the extent it seeks Mr. Bennett's deposition testimony. In addition, the Bennett Subpoena included a demand that Mr. Bennett produce documents at his deposition. Pursuant to Rules 7026, 7034 and 9016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 26, 34 and 45 incorporated therein of the Federal Rule of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to this proceeding by 48 U.S.C. § 2170, Mr. Bennett objects to the Bennett Subpoena's demand to produce documents, for the reasons set forth herein. Mr. Bennett will respond to the Bennett Subpoena subject to these objections. Mr. Bennett further reserves the right to supplement, amend or modify these objections and responses as necessary.

***1.     The Bennett Subpoena Does Not Provide A Sufficient Time To Respond.*** You served the Bennett Subpoena on Friday, April 26, 2019, at 6:35 p.m. (EDT), after the close of business. The Bennett Subpoena nevertheless demands compliance, including production of documents and service of a privilege log, at 9:00 a.m. on Wednesday, May 7, 2019. You further set forth that time and date in the Bennett Subpoena without first conferring with us about whether Mr. Bennett is even available at that date and time. Regardless, that time for compliance—eleven calendar days and less than seven full business days—is unreasonable and unduly burdensome, and Mr. Bennett objects on that ground.

The short time for compliance set forth in the Bennett Subpoena would be unreasonable and unduly burdensome in almost any setting, but the circumstances surrounding the Bennett

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

William Dalsen
May 2, 2019
Page 2

Subpoena only reinforce that conclusion here.  First, as you know, Mr. Bennett is the Movants' counsel in this matter, and the Bennett Subpoena therefore necessarily raises substantial privilege and work product issues.  Second, you have stated that the reason you served the Bennett Subpoena is to obtain discovery related to the Declaration of Bruce Bennett, served on March 21, 2019.  You nevertheless waited more than five weeks from March 21, 2019 to serve the Bennett Subpoena, which stands in stark contrast to the 11-calendar-day compliance deadline you purport to set forth in the Bennett Subpoena.  Mr. Bennett therefore objects to complying with the Bennett Subpoena in the time frame specified in the Subpoena.

2.      **The Bennett Subpoena is Defective.**  The Bennett Subpoena is defective, and therefore unenforceable, because it purports to command Mr. Bennett's attendance at a deposition and to bring documents with him to that deposition, but the Oversight Board did not tender the witness fee or provide a commitment to pay Mr. Bennett's mileage.  The Bennett Subpoena is therefore defective under Rule 45(b)(1), and Mr. Bennett objects to the Bennett Subpoena on that ground.

3.      **The Bennett Subpoena Seeks Documents That Are Privileged Or Otherwise Protected From Disclosure.**  The Bennett Subpoena purports to command Mr. Bennett—trial counsel for the Movants—to produce documents and communications that are plainly subject to the attorney-client privilege and work product protections.  In addition, to the extent the Bennett Subpoena purports to seek communications with White & Case LLP, it seeks privileged or work product-protected documents that are further exempted from disclosure under the common interest doctrine.  Mr. Bennett therefore objects to the Bennett Subpoena to the extent its seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege.  To the extent Mr. Bennett may produce any documents, he will provide documents that he believes are non-privileged and otherwise properly discoverable.  Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

4.      **The Bennett Subpoena Seeks Documents And Information That The Oversight Board Should Obtain From The Commonwealth's Own Former Advisors, James Millstein and Elizabeth Abrams, Or From Its Own Former Counsel, Cleary Gottlieb.**  Mr. Bennett objects to the Bennett Subpoena on the ground that much of the information the Bennett Subpoena seeks is available to the Oversight Board from James Millstein and Elizabeth Abrams.  Mr. Millstein, Ms. Abrams, and their firm were the Commonwealth's advisors and representatives during the April 2016 meeting that is the subject of the Bennett Subpoena and Mr. Bennett's March 21, 2019 Declaration.  In addition, Cleary Gottlieb was counsel to the Commonwealth at the time, and almost certainly would have been apprised of the meeting.  The Oversight Board should therefore ask Mr. Millstein, Ms. Abrams, their firm, or Cleary Gottlieb for the information the Board seeks before burdening Mr. Bennett with a Subpoena.  Doing so would not only avoid placing an

JONES DAY

William Dalsen
May 2, 2019
Page 3

improper burden on Movants' counsel during these proceedings, but it will also unquestionably avoid the significant privilege issues created by the Oversight Board's Subpoena to Mr. Bennett. Accordingly, there is no good reason for the Oversight Board to seek documents from Mr. Bennett when it could efficiently and properly obtain the same information from the Commonwealth's own representatives.

5.      ***Request Nos. 1, 2, and 4 Are Objectionable On Several Grounds.***  First, given that Mr. Bennett is the Movants' outside counsel, each of these Requests on its face seeks documents and information that are plainly subject to a claim of attorney-client privilege, work product protection, the common interest doctrine, or other applicable privileges.  Second, given that each of these Requests calls for privileged information, the Requests are all overly burdensome.  The Oversight Board offers no good reason for its effort to force Mr. Bennett to search for privileged documents, just to list them on a privilege log.  Third, to the extent the Oversight Board intended Request Nos. 1, 2, or 4 to be limited to only non-privileged documents, the Requests do not say so.  Accordingly, each of these Requests is overbroad and seeks documents that are disproportional to the needs of the case.  Fourth, even if the Requests were limited to only non-privileged documents, the Oversight Board should obtain the information it seeks about the April 27, 2016 meeting from sources other than opposing counsel, such as Mr. Millstein, Ms. Abrams, and their firm.

6.      ***Additional Objections.***  Finally, Mr. Bennett also objects to the Bennett Subpoena on each of the following grounds:

Mr. Bennett objects to the Bennett Subpoena, including the Definitions and Instructions, to the extent that they seek to impose obligations on Mr. Bennett that are inconsistent with or exceed obligations under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

Mr. Bennett objects to the Bennett Subpoena to the extent that it purports to require preservation and/or production of electronically stored information ("ESI") that is not stored on active systems, but that is instead stored on systems, backup tapes, and other media that are no longer part of Mr. Bennett's normal business operations, or that is stored on media that are otherwise overly burdensome to search, such as text or instant messaging systems.  Because the relevance of such ESI is minimal at best and the cost associated with searching, preserving, and accessing these data sources is significant, Mr. Bennett interprets the Bennett Subpoena as excluding such ESI sources.

JONES DAY

William Dalsen
May 2, 2019
Page 4

Mr. Bennett objects to the Bennett Subpoena to the extent that it purports to require Mr. Bennett to search for and produce documents that are not "reasonably accessible" as that term is generally understood.

Mr. Bennett objects to the Bennett Subpoena to the extent that it purports to seek information or documents that are not within Mr. Bennett's possession, custody or control.

Mr. Bennett objects to the "Definitions" in the Bennett Subpoena to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

Mr. Bennett objects to the definitions of "Communication" and "Document" insofar as those definitions require the production of materials that exceed the scope of the Federal Rules of Civil Procedure.  Mr. Bennett will construe the usage of those terms in a manner consistent with their obligations under the Federal Rules.

Mr. Bennett objects to the definition of "You" and "Your" as overly broad insofar as it includes individuals and entities who are not Mr. Bennett.  Given that the Oversight Board's stated reason for serving the Bennett Subpoena is that Mr. Bennett submitted a Declaration on March 21, 2019, Mr. Bennett will construe the Bennett Subpoena's reference to "You" or "Your" as referring exclusively to Mr. Bennett.  Mr. Bennett disclaims any obligation to provide information from any other persons.

Mr. Bennett objects to the scope of the Bennett Subpoena on the ground that it is overly broad insofar as it purports to seek documents created at any time, and contains no limitation on the date ranges within which Mr. Bennett must search for and produce documents.

Mr. Bennett makes these Objections without waiving any objections, including but not limited to:  (i) the admissibility in evidence of these Objections or any documents that may be produced in response to the Bennett Subpoena (ii) the right to object to other discovery directed to the subject matter of the Bennett Subpoena; (iii) the right to make additional objections or to seek protective orders; and (iv) the right to revise, correct, add to, or clarify at any time the Objections in accordance with the Federal Rules of Civil Procedure and all other applicable rules.

*7.*    ***Mr. Bennett Will Produce Certain Documents.***  Subject to these objections, Mr. Bennett will produce the entry on his calendar for April 27, 2016 reflecting the meeting with Mr. Millstein and others.  In addition, Mr. Bennett will produce a memorandum prepared shortly after the April 27, 2016 meeting summarizing the meeting and Mr. Millstein's statements during the meeting.

JONES DAY

William Dalsen
May 2, 2019
Page 5

Sincerely,

*/s/ Matthew E. Papez*

Matthew E. Papez


cc:    Margaret A. Dale
       Cheryl T. Sloane
       Geoffrey S. Stewart
       Sparkle L. Sooknanan

# EXHIBIT E

# JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

Direct Number:  (202) 879-3881
mpapez@jonesday.com

May 2, 2019

William Dalsen
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

Re:   Objection to Subpoena to Produce Documents—*In re Financial Management and Oversight Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*, Civil Action Nos. 17-bk-3283; 17-bk-3566

Dear Will:

I received the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action that you served on Jones Day (the "Subpoena") on April 26, 2019.  Pursuant to Rules 7026, 7034 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 26, 34 and 45 incorporated therein of the Federal Rule of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by 48 U.S.C. § 2170, Jones Day objects to the Subpoena for the reasons set forth herein and will respond to the Subpoena subject to these objections.  Jones Day further reserves the right to supplement, amend or modify these objections and responses as necessary.

*1.     The Subpoena Does Not Provide A Sufficient Time To Respond.*  You served the Subpoena on Friday, April 26, 2019, at 6:35 p.m. (EDT), after the close of business.  The Subpoena nevertheless demands compliance, including production of documents and service of a privilege log, at 9:00 a.m. on Friday, May 3, 2019.  That time for compliance—seven calendar days and less than five full business days—is unreasonable and unduly burdensome, and Jones Day objects on that ground.

The short time for compliance set forth in the Subpoena would be unreasonable and unduly burdensome in almost any setting, but the circumstances surrounding the Subpoena only reinforce that conclusion here.  First, as you know, Jones Day is the Movants' counsel in this matter, and the Subpoena therefore necessarily raises substantial privilege and work product issues.  Second, you have stated that the reason you served the Subpoena is to obtain discovery related to the Declaration of Bruce Bennett, served on March 21, 2019.  You nevertheless waited more than five weeks from March 21, 2019 to serve the Subpoena, which stands in stark contrast to the less-than-

AMSTERDAM  •  ATLANTA  •  BEIJING  •  BOSTON  •  BRISBANE  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS  •  DETROIT
DUBAI  •  DÜSSELDORF  •  FRANKFURT  •  HONG KONG  •  HOUSTON  •  IRVINE  •  LONDON  •  LOS ANGELES  •  MADRID  •  MELBOURNE
MEXICO CITY  •  MIAMI  •  MILAN  •  MINNEAPOLIS  •  MOSCOW  •  MUNICH  •  NEW YORK  •  PARIS  •  PERTH  •  PITTSBURGH  •  SAN DIEGO
SAN FRANCISCO  •  SÃO PAULO  •  SAUDI ARABIA  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

William Dalsen
May 2, 2019
Page 2

one-week compliance deadline you purported to set forth in the Subpoena.  Jones Day therefore objects to complying with the Subpoena in the time frame specified in the Subpoena.

2.     **The Subpoena Seeks Documents That Are Privileged Or Otherwise Protected From Disclosure.**  The Subpoena purports to command Jones Day—trial counsel for the Movants—to produce documents and communications that are plainly subject to the attorney-client privilege and work product protections.  In addition, to the extent the Subpoena purports to seek communications with White & Case LLP, it seeks privileged or work product-protected documents that are further exempted from disclosure under the common interest doctrine.  Jones Day therefore objects to the Subpoena to the extent its seeks information that is subject to the attorney-client privilege, the attorney-work product doctrine, the joint defense privilege, the common interest doctrine, or any other applicable privilege.  To the extent Jones Day may produce any documents, it will provide documents that it believes are non-privileged and otherwise properly discoverable.  Any production of privileged material is therefore inadvertent and shall not constitute waiver of any privilege.

3.     **The Subpoena Seeks Documents And Information That The Oversight Board Should Obtain From The Commonwealth's Own Former Advisors, James Millstein and Elizabeth Abrams, Or From Its Own Former Counsel, Cleary Gottlieb.**  Jones Day objects to the Subpoena on the ground that much of the information the Subpoena seeks is available to the Oversight Board from James Millstein and his colleague, Elizabeth Abrams.  Mr. Millstein, Ms. Abrams, and their firm were the Commonwealth's advisors and representatives during the April 2016 meeting that is the subject of the Subpoena and Mr. Bennett's March 21, 2019 Declaration. In addition, Cleary Gottlieb was counsel to the Commonwealth at the time, and almost certainly would have been apprised of the meeting.  The Oversight Board should therefore ask Mr. Millstein, Ms. Abrams, their firm, or Cleary Gottlieb for the information the Board seeks before burdening Jones Day with a Subpoena.  Doing so would not only avoid placing an improper burden on Movants' counsel during these proceedings, but it will also unquestionably avoid the significant privilege issues created by the Oversight Board's Subpoena to Jones Day.  Accordingly, there is no good reason for the Oversight Board to seek documents from Jones Day when it could efficiently and properly obtain the same information from the Commonwealth's own representatives.

4.     **Request No. 1—seeking "All Communications with James Millstein"—is overbroad and seeks information that is neither relevant nor proportional to the needs of the case.**  Jones Day is a global law firm with over 2,000 attorneys.  Mr. Millstein is a financial advisor who has been involved in many corporate and other restructurings, among other roles.  There is no question that Jones Day attorneys have had communications with Mr. Millstein about matters that have nothing at all to do with Puerto Rico, much less the issues discussed at the April 2016 meeting

William Dalsen
May 2, 2019
Page 3

that is the subject of the Subpoena.  There is also no question that those materials about other cases are plainly irrelevant, and Jones Day objects to Request No. 1 on that ground.

To the extent that Request No. 1 is intended to be limited to Communications about the Commonwealth's, ERS's, or related Title III cases, the Request is still overbroad, and would still seek plainly irrelevant and disproportional information.  The Oversight Board has stated that the reason it has served the Subpoena is that Mr. Bennett submitted a declaration on March 21, 2019.  Mr. Bennett's declaration consists of three paragraphs, two of which were introductory paragraphs describing himself and his clients (the Movants), and the third of which described the April 27, 2016 meeting Mr. Bennett had with Mr. Millstein and others.  To the extent that Request No. 1 seeks any Communications with Mr. Millstein about other subjects, it is overbroad and irrelevant.

Request No. 1 is also overbroad and seeks irrelevant and disproportional documents to the extent it seeks Communications between Mr. Millstein and any Jones Day attorney.  Mr. Bennett is the only Jones Day attorney who submitted a declaration about the April 27, 2016 meeting.  Any Communications that Mr. Millstein may have had with other Jones Day attorneys, especially if those Communications were unrelated to the April 27, 2016 meeting, are irrelevant, particularly given the Oversight Board's stated purpose for serving the Subpoena.

Finally, for the reasons stated above, Request No. 1 is overbroad and unduly burdensome because the Oversight Board can efficiently and properly obtain from Mr. Millstein, Ms. Abrams, or their firm any Communications they may have had with Mr. Bennett regarding the subjects discussed at the April 27, 2016 meeting.

**5.      *Request Nos. 2, 3, and 5 are objectionable on several grounds.***  First, given that the Subpoena was served on the Movants' outside counsel, each of these Requests on its face seeks documents and information that are plainly subject to a claim of attorney-client privilege, work product protection, the common interest doctrine, or other applicable privileges.  Second, given that each of these Requests calls for privileged information, the Requests are all overly burdensome.  The Oversight Board offers no good reason for its effort to force Jones Day to search for plainly privileged documents, just to list them on a privilege log.  Third, to the extent the Oversight Board intended Request Nos. 2, 3 or 5 to be limited to only non-privileged documents, the Requests do not say so.  Accordingly, each of these Requests is overbroad and seeks documents that are disproportional to the needs of the case.  Fourth, even if the Requests were limited to only non-privileged documents, the Oversight Board should obtain the information it seeks about the April 27, 2016 meeting from sources other than opposing counsel, such as Mr. Millstein and his firm

**6.      *Additional Objections.***  Finally, Jones Day also objects to the Subpoena on each of the following grounds:

JONES DAY

William Dalsen
May 2, 2019
Page 4

Jones Day objects to the Subpoena, including the Definitions and Instructions, to the extent that they seek to impose obligations on Jones Day that are inconsistent with or exceed obligations under the Federal Rules, the Bankruptcy Rules, the Local Rules of the United States District Court for the District of Puerto Rico ("Local Rules"), the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico ("Local Bankruptcy Rules"), or any other applicable rule or law.

Jones Day objects to the Subpoena to the extent that it purports to require preservation and/or production of electronically stored information ("ESI") that is not stored on active systems, but that is instead stored on systems, backup tapes, and other media that are no longer part of Jones Day's normal business operations, or that is stored on media that are otherwise overly burdensome to search, such as text or instant messaging systems.  Because the relevance of such ESI is minimal at best and the cost associated with searching, preserving, and accessing these data sources is significant, Jones Day interprets the Subpoena as excluding such ESI sources.

Jones Day objects to the Subpoena to the extent that it purports to require Jones Day to search for and produce documents that are not "reasonably accessible" as that term is generally understood.

Jones Day objects to the Subpoena to the extent that it purports to seek information or documents that are not within Jones Day's possession, custody or control.

Jones Day objects to the "Definitions" in the Subpoena to the extent they define terms inconsistently with or more broadly than their usage under the Federal Rules, Bankruptcy Rules, Local Rules, or Local Bankruptcy Rules.

Jones Day objects to the definitions of "Communication," and "Document" insofar as those definitions require the production of materials that exceed the scope of the Federal Rules of Civil Procedure.  Jones Day will construe the usage of those terms in a manner consistent with their obligations under the Federal Rules.

Jones Day objects to the definition of "Jones Day" as overly broad insofar as it includes individuals and entities who have no connection with the current litigation, including Jones Day's "affiliates, predecessors, successors, partners, parent company, principals, officers, directors, attorneys, agents, employees, representatives, and other persons acting on their behalf" as listed in the definition.  Given that the Oversight Board's stated reason for serving the Subpoena is that Mr. Bennett submitted a Declaration on March 21, 2019, Jones Day will construe the Subpoena's reference to "Jones Day" as referring exclusively to Mr. Bennett. Jones Day disclaims any obligation to provide information from any other persons.

JONES DAY

William Dalsen
May 2, 2019
Page 5


Jones Day objects to the scope of the Subpoena on the ground that it is overly broad insofar as it purports to seek documents created at any time, and contains no limitation on the date ranges within which Jones Day must search for and produce documents.

Jones Day makes these Objections without waiving any objections, including but not limited to:  (i) the admissibility in evidence of these Objections or any documents that may be produced in response to the Subpoena (ii) the right to object to other discovery directed to the subject matter of the Subpoena; (iii) the right to make additional objections or to seek protective orders; and (iv) the right to revise, correct, add to, or clarify at any time the Objections in accordance with the Federal Rules of Civil Procedure and all other applicable rules.

Sincerely,


*/s/ Matthew E. Papez*

Matthew E. Papez


cc:    Margaret A. Dale
       Cheryl T. Sloane
       Geoffrey S. Stewart
       Sparkle L. Sooknanan