# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) | PROMESA Title III |
| | ) ) | Case No. 17-bk-03283 (LTS) |
| as representative of | ) ) ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) ) ) ) | |
| Debtor. | ) ) ) X | |
| In re: | ) ) | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | ) ) ) ) ) | PROMESA Title III |
| as representative of | ) ) ) | Case No. 17-cv-01685 (LTS) Case No. 17-bk-03566 (LTS) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | ) ) ) ) ) | |
| Debtor. | ) ) ) X | |

**OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,
AS REPRESENTATIVE OF DEBTOR, TO MOTION TO QUASH OR MODIFY
THE SUBPOENA TO BRUCE BENNETT TO
TESTIFY AT A CIVIL DEPOSITION**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board (the "Oversight Board"), as representative for debtor Employees' Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241 ("PROMESA"), respectfully submits this objection to the *Motion to Quash or Modify the Subpoena to Testify at a Civil Deposition to Bruce Bennett* (the "Motion") [Docket No. 440 in Case No. 17-bk-03566] filed by counsel to certain Movants[1] and Bruce Bennett ("Bennett").

**PRELIMINARY STATEMENT**

1. Movants rely on the personal recollections of their lead trial counsel—Mr. Bennett from Jones Day, and Mr. Cunningham from White & Case—as percipient witnesses to a meeting that occurred over 3 years ago on April 27, 2016 (the "April 2016 Meeting") as a basis to seek relief in this proceeding. Specifically, based solely on Mr. Bennett's and Mr. Cunningham's recollections, Movants contend they are entitled to stay relief and adequate protection because they were "threatened" with a "pay as you go" retirement system starting at that meeting. The Oversight Board maintains the April 2016 Meeting is irrelevant—but Movants disagree, as they refuse to withdraw reliance on the meeting, and instead continue to disclose what Mr. Bennett knows about the meeting in bits and pieces with each new appearance before the Court.

---

[1] The certain specific Movants here are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund L.P., Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., and SV Credit, L.P.

2. Movants' choice to rely on the personal knowledge of their trial counsel as fact witnesses to seek relief not only warrants discovery into what Mr. Bennett knows about that meeting, but mandates it. The Oversight Board has already been prejudiced by Movants' piecemeal disclosure of Mr. Bennett's personal knowledge about the April 2016 Meeting, first through a conclusory declaration and then apparently through his lawyer's remarks at the April 1 discovery hearing and again at the May 2 discovery hearing. Movants' reliance on Mr. Bennett's knowledge about the April 2016 Meeting entitles the Oversight Board to depose him about it.

3. The Court should deny the Motion for two principal reasons. First, Mr. Bennett and his lawyers failed to confer with the Oversight Board about the Motion, despite the Court's standing orders requiring a conference and the Court's specific direction at the May 2 discovery hearing to confer on this issue. This failure to confer is striking, particularly where counsel to Mr. Cunningham *did* confer with the Oversight Board and *resolved* nearly all of the issues concerning his deposition on these same subjects during a *15-minute telephone call*. The Court should therefore deny the Motion and order Mr. Bennett and his counsel to confer.

4. Second, in any event, Mr. Bennett's motion is meritless. The Oversight Board will agree to the same terms it extended to Mr. Cunningham, which obviates Mr. Bennett's request for relief. Mr. Bennett's technical objections to the Subpoena are baseless. And on the merits, the subpoena to Mr. Bennett is entirely proper: it seeks non-privileged information about factual events *Movants themselves put at issue and on which Movants rely*, the non-disclosure of which has already prejudiced the Oversight Board. The only way to obtain the facts on which Movants rely—Mr. Bennett's personal knowledge—is through deposing Mr. Bennett.

## BACKGROUND

5. On March 21, 2019, Movants filed a motion to compel ERS and the Commonwealth to produce documents [ECF No. 402] and, in support of that motion, affirmatively filed two

declarations on personal knowledge from their lead trial counsel—Mr. Bennett of Jones Day and Mr. Cunningham of White & Case LLP—that purport to recite and characterize statements and events at a meeting that occurred more than 3 years ago on April 27, 2016. [ECF Nos. 402-1 & 402-2.]

6. On March 25, 2019, in opposition to Movants' motion to compel, the Oversight Board objected to the relevance of the April 2016 Meeting but noted it would seek to depose Messrs. Bennett and Cunningham, and seek additional discovery, should Movants rely on the April 2016 Meeting in this proceeding. [ECF No. 410 at 23 n. 11.] The Oversight Board also reserved its right to seek to disqualify Messrs. Bennett and Cunningham as trial counsel under the witness-advocate rule (Model Rule of Professional Conduct 3.7) on the grounds it would be inappropriate for counsel to provide unsworn testimony from the podium under the guise of advocacy. *Id.*

7. On April 1, 2019, the Court held a discovery hearing, during which counsel to certain Movants (Mr. Stewart) not only relied on the April 2016 Meeting, but provided additional detail about the meeting not contained in the Bennett and Cunningham Declarations. As to that new information, Mr. Stewart said that he "happen[s] to know what happened at the meeting," that he was speaking from personal knowledge (i.e., "speaking from what I [Mr. Stewart] know"), and that the new information he recounted was "beyond the affidavits [sic] in the record[.]" 4/1/19 Tr. 11:13-20. Mr. Stewart also provided a demonstrative exhibit (Ex. B) he says he made himself, *id.* 16:21-24, and which he says depicts what Mr. Millstein said the Commonwealth would do, *id.* 11:21-12:4. None of that information appears in the Bennett Declaration.

8. On April 10, 2019, the Oversight Board wrote to Movants concerning the Bennett and Cunningham Declarations. **Exhibit A** [April 10, 2019 Letter from W. Dalsen to S. Sooknanan & C. Sloane.] The Oversight Board again objected to the Bennett and Cunningham Declarations—

3

and to Movants' reliance on the April 2016 Meeting—as irrelevant, and asked Movants to withdraw the declarations and their reliance on the April 2016 Meeting. *Id.* at 1-2. The Oversight Board again noted that if Movants declined to do so, it would seek the depositions of Messrs. Bennett and Cunningham and discovery from their respective law firms, and potentially would seek disqualification of those witnesses as advocates under Model Rule 3.7. *Id.* at 2.

9. On April 11, 2019, counsel to the Oversight Board and counsel to Movants met and conferred about various subjects, including the April 10, 2019 letter concerning the Bennett and Cunningham Declarations. During that meet and confer, the Oversight Board again asked Movants whether they would withdraw the Bennett and Cunningham Declarations, and no longer rely on the April 2016 Meeting; in response, counsel to Movants (1) refused to withdraw the Bennett and Cunningham Declarations, (2) refused to withdraw reliance on the April 2016 Meeting, and (3) agreed to accept service of subpoenas upon Messrs. Bennet and Cunningham and their respective law firms. *See* ECF No. 489-2 at 17.

10. On April 24, 2019, counsel to the Oversight Board raised the issue of the Bennett and Cunningham Declarations in person with counsel to Movants at the Omnibus Hearing, and noted again the Oversight Board would issue subpoenas if Movants continued to rely on the April 2016 Meeting. *See* ECF No. 489-2 at 17.

11. On April 26, 2019, having heard no change in position following the April 11, 2019 conference and the April 24, 2019 in-person meeting, the Oversight Board served various subpoenas, including the subpoena to Mr. Bennett. ECF No. 489-2 at 5-9. The Oversight Board requested Mr. Bennett's deposition, and sought targeted information from Mr. Bennett:

- Documents and communications concerning the April 2016 Meeting;
- Notes concerning the April 2016 meeting;

4

- Mr. Bennett's calendar for April 27, 2016; and

- Documents used or relied on to prepare the Bennett Declaration.

*Id.* at 9.

12. At 11:48 a.m. on May 2, 2019—about an hour before the discovery hearing began that say same—Movants served objections to the Bennett Subpoena. **Exhibit B** [May 2, 2019 Email from I. Perez to W. Dalsen].

13. At the May 2, 2019 hearing, counsel to certain Movants stated Mr. Bennett intended to file a motion to quash or limit the subpoena sent to him on the grounds he would be trial counsel. Movants had not conferred with the Oversight Board concerning the basis for any motion to quash. The Court directed the parties to confer to resolve any issues concerning the deposition of trial counsel and noted that, should such issues not be resolved, the Court would hold a telephonic hearing to resolve them. Also at the May 2 hearing, counsel to Movants *again* affirmatively recited the alleged events of the April 2016 Meeting in support of Movants' discovery motions and in support of the Lift Stay Motion.

14. On May 3, 2019—**without asking counsel to the Oversight Board to confer**—counsel to Mr. Bennett filed the Motion. Counsel to Mr. Bennett have not since asked the Oversight Board to confer concerning the Motion.

15. In sharp contrast, also on May 3, 2019, counsel to Mr. Cunningham (White & Case LLP) emailed and called counsel to the Oversight Board to confer ahead of filing a motion to quash. After a telephone call lasting approximately 15 minutes, the parties resolved issues concerning the subpoenas and agreed to the following terms as to Mr. Cunningham and White & Case:

5

- The parties agreed to postpone Mr. Cunningham's deposition to a mutually convenient time;

- The parties agreed to confer concerning the duration of the deposition, and the Oversight Board represented it would seek no more than 3 hours on the record from Mr. Cunningham;

- The Oversight Board does not request privileged documents or testimony, but reserves its right to challenge privilege assertions based on waiver;

- The Oversight Board does not seek documents concerning the preparation of the Cunningham Declaration beyond documents used or relied on to create the declaration, and only seeks documents from Mr. Cunningham as custodian based on the representation he was the only meeting attendee from White & Case; and

- The scope of Mr. Cunningham's deposition will be limited to the April 2016 Meeting, with the understanding that questions concerning context and follow-up to the meeting are within the scope.

**Exhibit C** [May 3, 2019 Email from J. Green to W. Dalsen].

## ARGUMENT

I. **MR. BENNETT'S FAILURE TO CONFER WITH THE OVERSIGHT BOARD VIOLATES THE COURT'S STANDING ORDER AND SPECIFIC DIRECTION TO CONFER, AND THE MOTION SHOULD BE DENIED**

16. The *Eighth Amended Notice, Case Management and Administrative Procedures* order [ECF No. 4866-1 in Case No. 17-bk-3283] (the "CMO") specifically requires that "[a]ll Urgent Motions must be preceded by reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court in such Urgent Motion request," and contain a certification concerning the same. CMO § I.H. This Court's *First Amended Standing*

6

*Order* [ECF No. 2316 in Case No. 17-bk-3283] requires the same. Further, as to the specific issue of the subpoena to Mr. Bennett, the Court directed the parties to confer at the May 2, 2019 hearing.

17. Neither Mr. Bennet nor his counsel conferred with the Oversight Board before filing the Motion, in violation of this Court's orders and specific direction. Mr. Bennett's papers do not contend otherwise, and do not contain any certification of conference pursuant to the CMO.

18. The Oversight Board respectfully submits that Mr. Bennett's failure to observe the CMO and this Court's standing order and direction warrants denying the Motion. The premise of requiring conferences to narrow the issues is to avoid wasting not only of the other parties' time, but the Court's limited resources. Mr. Bennett's choice not to confer with the Oversight Board despite the CMO and the Court's order and direction given just the day before now requires the Oversight Board to file a response on issues that could have been resolved (or significantly narrowed), and requires the Court to hold a hearing on less than 3 days' notice.

19. The failure to confer is not merely an inconvenience to the Oversight Board, but a waste of judicial resources and a waste of time for other litigants—including Mr. Cunningham and White & Case LLP—who *did* confer and *avoided* motion practice by having a *15-minute telephone call* to reach an agreement substantially similar to what Mr. Bennett now seeks.

20. As a result of Mr. Bennett's failure to confer—and in addition to any such and further relief it may deem just—the Court should (a) deny the Motion, (b) order Mr. Bennett to confer in accordance with the Court's standing order and specific direction, (c) postpone the telephonic hearing scheduled for May 6, 2019 subject to the result of such conference, and (d) permit Mr. Bennett to request a telephonic conference only if the required conference does not resolve the issues—which is how the Court expected Mr. Bennett to proceed in the first instance.

7

**II.    MR. BENNETT'S MOTION IS MERITLESS AND MUST BE DENIED, PARTICULARLY IN VIEW OF THE OVERSIGHT BOARD'S WILLINGNESS TO EXTEND THE SAME TERMS TO HIM AS TO MR. CUNNINGHAM**

21.    Even if the Court entertains Mr. Bennett's Motion despite his failure to confer, the Motion should be denied for three reasons.

22.    *First*, as a practical matter, the Oversight Board will extend to Mr. Bennett the same terms it agreed to with Mr. Cunningham recited above. That obviates his request for relief.

23.    *Second*, Mr. Bennett's technical objections to the Bennett Subpoena are baseless. Mr. Bennett objects on the grounds he did not receive a witness fee (ECF No. 489 at 6 n.3) even though his counsel agreed to accept service and waived the requirement of providing a witness fee under Rule 45. *See* Fed. R. Civ. P. 45(b)(1) ("*Serving a subpoena* requires delivering a copy to the named person and…tendering the fees for 1 day's attendance and the mileage allowed by law") (emphasis added). In any event, the Oversight Board will provide the fee. Further, Mr. Bennett's complaint (ECF No. 489 at 6 n.2) that he is confused because *one* of the two cases numbers for the Lift Stay Motion *he filed* contains a typographical error is incredible.

24.    *Third*, on the merits, the Motion must be denied because certain Movants and Mr. Bennett *affirmatively* put Mr. Bennett's personal knowledge of the April 2016 Meeting at issue in this proceeding. As a result, under Mr. Bennett's three-factor test [ECF No. 489 at 5], deposing Mr. Bennett is not only appropriate but absolutely necessary. *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)

25.    As to the first factor, the Bennett Subpoena clearly was not "issued primarily for purposes of harassment." Certain Movants and Mr. Bennett have affirmatively relied—and state they will continue affirmatively relying—on Mr. Bennett's personal recollection of the April 2016 Meeting to support their requests for relief in his proceeding. The Oversight Board has provided those Movants and Mr. Bennett multiple opportunities to withdraw their reliance on the April 2016

8

Meeting and Mr. Bennett's personal knowledge of it. Further, since filing its opposition to Movants' first motion to compel on March 25, 2019, the Oversight Board has made clear it would seek discovery from Mr. Bennett if Movants relied on the April 2016 Meeting and Mr. Bennett's personal knowledge of it. ECF No. 410 at 18 n.11; ECF No. 489-2 at 5; Exhibit A.

26. Put simply: Movants' litigation decision to rely on the *personal knowledge* of their trial counsel as a percipient witness to the April 2016 Meeting to seek relief in this proceeding was Movants' affirmative choice. Exploring the basis of Mr. Bennett's personal knowledge on which Movants rely as a result is not an improper purpose.

27. As to the second factor, there is no other way to obtain the information on which Movants rely—namely, Mr. Bennett's personal recollection of the April 2016 Meeting—without deposing Mr. Bennett. The fact other people attended the meeting is irrelevant: Movants rely on what *Mr. Bennett* says occurred, not on what other potential witnesses *might* remember *if* they are deposed. In fact, there is already a factual dispute concerning the April 2016 Meeting between Mr. Bennett and Mr. Cunningham: while Mr. Cunningham specifically recalls mention of "pay as you go" at that meeting [ECF No. 402-2], Mr. Bennett does not [ECF No. 402-1]. That a factual dispute *already exists* between two witnesses' recollections on a point they believe relevant to the Lift Stay Motion requires Mr. Bennett's testimony.

28. Further, it is evident the Oversight Board has already been prejudiced and requires Mr. Bennett's testimony to cure it. While Mr. Bennett's conclusory declaration says almost nothing [*see* ECF No. 402-1], his lawyers (viz. Mr. Stewart) continue to reveal *new facts* about the April 2016 Meeting piecemeal during discovery hearings before this Court. At the April 1 hearing, Mr. Stewart said that he "happen[s] to know what happened at the meeting" and that the new information he recounted was "beyond the affidavits [sic] in the record[.]" 4/1/19 Tr. 11:13-20.

9

Mr. Stewart also provided a demonstrative exhibit (Ex. B) he says he made himself, *id.* 16:21-24, and which he says graphically depicts what Mr. Millstein said the Commonwealth would do, *id.* 11:21-12:4. Mr. Stewart offered more piecemeal disclosure at the May 2 hearing. This information disparity—where Movants have full access to Mr. Bennett's personal knowledge they have *affirmatively used* at both discovery hearings, but the Oversight Board does not—is precisely why discovery from Mr. Bennett is necessary.

29. As to the third factor, the information the Oversight Board seeks is completely non-privileged, plainly relevant to Movants' arguments and claims, and critical to the Oversight Board's defense against whatever arguments Movants intend to raise concerning the April 2016 Meeting. Mr. Bennett's personal knowledge of the facts concerning the April 2016 Meeting is not privileged. Further, certain Movants and Mr. Bennett have placed his knowledge of facts surrounding the April 2016 Meeting directly at issue in the case to seek relief: to the extent they have relied on privilege sources of information to seek that relief (e.g., to prepare Mr. Bennett's declaration), Movants have chosen to waive any protections from disclosure as to those materials and Mr. Bennett's personal knowledge. While the Oversight Board maintains the April 2016 Meeting is irrelevant to this proceeding, Movants disagree as evidenced by their continued references to the April 2016 Meeting and refusal to withdraw reliance on it. The Oversight Board is therefore entitled to take discovery on that meeting—and should not have to endure continued piecemeal disclosure of whatever Mr. Bennett knows at Movants' sole discretion.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Motion.

Dated: May 6, 2019  
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
Jeffrey W. Levitan (*pro hac vice*)  
Margaret A. Dale (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900  
Email: mbienenstock@proskauer.com  
Email: brosen@proskauer.com  
Email: jlevitan@proskauer.com  
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897  
Carolina, Puerto Rico 00984-9897  
Tel. 787.977.1932  
Fax. 787.722.1932  
dvelawoffices@gmail.com

OF COUNSEL FOR  
A&S LEGAL STUDIO, PSC  
434 Avenida Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/ 763-0565  
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
