# Exhibit A



Proskauer Rose LLP   One International Place   Boston, MA 02110-2600

April 10, 2019

**Via Email**

William D. Dalsen
Attorney at Law
d 617.526.9429
f 617.526.9899
wdalsen@proskauer.com
www.proskauer.com

    Sparkle L. Sooknanan, Esq.    Cheryl T. Sloane, Esq.
    Jones Day    White & Case LLP
    51 Louisiana Ave. N.W.    Southeast Financial Center
    Washington, DC 20001    200 South Biscayne Boulevard, Suite 4900
    (202) 879-3939    Miami, FL 33131-2352
    ssooknanan@jonesday.com    csloane@whitecase.com

**Re:** *In Re The Employees Retirement System of the Government of the Commonwealth of Puerto Rico (ERS)* **(No. 17 BK 3566-LTS) – Declarations of Movants' Lead Counsel**

Dear Sparkle and Cheryl:

    I am writing with respect to two declarations Movants submitted in support of their motion to compel discovery on March 21, 2019, from their lead counsel (Mr. Bennett, and Mr. Cunningham). *See* ECF Nos. 402-1 and 402-2 in Case No. 17-bk-03566. The Oversight Board has several concerns about the declarations.

    *First*, the declarations provide virtually no information. The declarants say they attended a meeting almost 3 years ago, on April 27, 2016, with a Mr. James Millstein. *Id.* While Mr. Cunningham recounts Mr. Millstein referring to a "pay as you go" system, Mr. Bennett apparently does not. *Compare* ECF No. 402-2 ¶ 3 *with* ECF No. 402-1 ¶ 3.

    *Second*, Movants apparently intend to rely on or present additional information about the purported meeting that is not contained in either declaration. At the hearing on April 1, 2019, another of Movants' lawyers (Mr. Stewart) said that he "happen[s] to know what happened at the meeting," that he was speaking from personal knowledge (i.e., "speaking from what I [Mr. Stewart] know"), and that the new information he recounted was "beyond the affidavits [sic] in the record[.]" Tr. 11:13-20. Mr. Stewart also provided a demonstrative exhibit (Ex. B) he says he made himself, Tr. 16:21-24, and which he says graphically depicts what Mr. Millstein said the Commonwealth would do. Tr. 11:21-12:4.

    *Third*, the declarations are inadmissible hearsay and we are aware of no applicable exception. *See* Fed. R. Evid. 801, 802.

    *Fourth*, any such evidence is not relevant. The Oversight Board had not been appointed as of April 27, 2016, and Mr. Stewart acknowledged that Mr. Millstein did not have "any official ability to propose any change" and the April 27, 2016 meeting was "informational" in nature. Tr. 11:21-12:10.

**Proskauer**

Sparkle L. Sooknanan, Esq. & Cheryl T. Sloane, Esq.
April 10, 2019
Page 2

      Based on the foregoing, the Oversight Board requests that Movants voluntarily withdraw the declarations and confirm that Movants will not offer any evidence—through the declarations or otherwise—concerning any statements made at the purported April 27, 2016 meeting.

      If Movants decline to do so, please be advised of the following:

      1.      The Oversight Board intends to conduct discovery about that meeting. Specifically, Mr. Bennett, Mr. Cunningham, and Mr. Stewart must be deposed; both the Jones Day and White & Case firms must produce all notes, documents, and communications concerning the meeting; and all must provide appropriate privilege logs to the extent any material concerning the meeting is withheld on privilege grounds.

      2.      To the extent Mr. Stewart was not present at the April 27, 2016 meeting, and his comments arose from his discussions with Mr. Bennett, Mr. Cunningham, or others, Movants have waived any privilege or protection concerning those discussions and any related materials. As you know, a party waives privilege where it has "placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party." *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975).

      3.      The Oversight Board reserves the right to object to Mr. Bennett, Mr. Cunningham, and/or Mr. Stewart acting as counsel at any hearing on the Stay Relief Motion, given their apparent intention to offer testimonial and other evidence concerning the meeting. *See* Model Rule of Professional Conduct 3.7

      Please advise no later than this coming <u>Friday, April 12, 2019</u> whether Movants will confirm that they will not offer or rely on evidence concerning statements made at the April 27, 2016 meeting. Otherwise, please confirm you are willing to accept service of subpoenas to Mr. Bennett, Mr. Cunningham, Mr. Stewart, and your respective law firms.

                                    Very truly yours,

                                      William D. Dalsen

Copies:

Margaret A. Dale, Esq. (via email) (mdale@proskauer.com)
Matthew Papez, Esq. (via email) (mpapez@jonesday.com)