UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | PROMESA |
| | : | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | Case No. 17-BK-3283 (LTS) |
| as representative of | : : | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO et al., | : : | |
| Debtors.[1] | : | |

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | PROMESA |
| | : | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : : | Case No. 17-BK-3566 (LTS) |
| as representative of | : : | (Jointly Administered) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, | : : : : | |
| Debtors. | : | |

---------------------------------------------------------------------------X

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## ORDER ON MOTIONS TO COMPEL

This matter is before the Court on certain discovery disputes related to the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Dkt. No. 289 in Case No. 17-BK-3566) ("Stay Relief Motion"). This Court held a hearing on Thursday, May 2, 2019 ("Hearing"). In accordance with the rulings made in open court, the Court hereby issues the following orders on outstanding discovery disputes related to the Stay Relief Motion. These rulings are limited to discovery in connection with the Stay Relief Motion, and are without prejudice to issues that may arise in connection with discovery in any other matter.

I. Deliberative Process and Executive Privilege

The Court held argument at the Hearing on the *Motion of Certain Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents in Privilege Log Categories 1, 5 to 7 [Deliberative Process Privilege and Executive Privilege]* (Dkt. No. 6320 in 17-BK-3283; Dkt. No. 446 in 17-BK-3566) ("Deliberative Process Motion to Compel"). As addressed at the Hearing, the Court overrules certain objections made in the Deliberative Process Motion to Compel and takes part of the motion on submission pending further submissions to the Court.

a. Objection to deliberative process based on predecisional documents

Bondholders[2] argued that documents withheld from production by Respondents after March 13, 2017 were post-decisional and could not be protected by the deliberative process

---

[2]  The terms "Bondholders" and "Respondents" shall have the meaning ascribed to them in the Deliberative Process Motion to Compel.

privilege. (Deliberative Process Motion to Compel ¶ 19). For the reasons stated herein and on the record at the Hearing, this objection is overruled. The Court finds that there were deliberative decisions made post March 13, 2017, specifically the enactment of Joint Resolution 188 and the enactment of Act 106. Those events serve as decisions for the purpose of claiming the deliberative process privilege. See In re Pharm. Indus. Average Wholesale Price Lit., 254 F.R.D. 35, 39 (D. Mass. 2008) ("A document will be considered 'predecisional' if the agency can (i) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates.") (quoting Providence Journal Co. v. U.S. Dep't of the Army, 981 F.2d 552, 557 (1st Cir. 1992)).

    b. <u>Objection to deliberative process based on waiver</u>

The Bondholders objected to the application of the deliberative process privilege to communications between Respondents because any privilege was arguably waived by communications between the parties. Bondholders contended that "Respondents are distinct legal entities with distinct and adverse interests," and specifically that the Employees Retirement System ("ERS") is adverse to the Commonwealth as a matter of law. (Deliberative Process Motion to Compel ¶¶ 36-37). The Court overrules this objection. The deliberative process can and does protect inter-agency memoranda where, as here, the governmental entities share a common goal. See Hunton & Williams LLP v. U.S. Envtl. Prot. Agency, 248 F. Supp. 3d 220, 247 (D.D.C. 2017). Although Respondents' interest may not always be aligned, in connection with the discovery sought for the Stay Relief Motion, they do share a common

3

interest in effective pension reform for the benefit of pensioners and are afforded the deliberative process privilege when acting in a concerted effort toward that goal.

    c. Objection to executive privilege

Bondholders argued that the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") is "an independent government entity, and its third party advisors not even employed by the Puerto Rico government (*e.g.*, Elias Sanchez Sifonte) are not protected by the [executive] privilege." (Reply in support of Deliberative Process Motion to Compel, Dkt. No. 476 in 17-BK3566, ¶ 23). In accordance with the rulings made at the Hearing, the Court holds that in connection with the governmental decisions at issue, AAFAF can claim the executive privilege in connection with its role as an advisor to the Governor. However, the Court requires further submissions from AAFAF on the application of the privilege to AAFAF's advisors, specifically as related to Elias Sanchez Sifonte's role. AAFAF shall submit supplemental declarations to this effect on or before **Thursday, May 9, 2019**. Thereafter, Bondholders shall notify the Court of whether their objection still stands. The Court will then take the remaining issues on submission.

    d. Objection to deliberative process privilege for factual Information

Bondholders argued that factual information in the withheld documents is not protected by the deliberative process privilege and should be produced. The Court holds that while factual information is not protected by the privilege, "[t]he question is not merely whether the documents contain factual information – or even whether the document is predominantly comprised of findings of fact – but rather the degree to which the facts are indissolubly linked to the broader analysis." Stalcup v. CIA, 768 F.3d 65, 70 (1st Cir. 2014). The

4

Court has re-reviewed the declarations submitted in support of Respondents' Objection to the Deliberative Process Motion to Compel (Dkt. No. 456 in 17-BK-3566).[3] The Court finds that additional submissions are needed for the Court to establish whether the factual information withheld from the documents should be produced. Respondents are hereby instructed to submit supplemental declarations on or before **Thursday, May 9, 2019**. Thereafter, Bondholders shall notify the Court of whether their objection still stands. The Court will then take the remaining issues on submission.

e. Substantial Need

Bondholders argue that their substantial need for the withheld documents overrides the asserted deliberative process and executive privileges. For the reasons stated during the Hearing, the Court overrules the Bondholders' request. The Court takes seriously its obligation to conduct a balancing of the interests involved when considering whether the deliberative process privilege applies. Bhatia Gautier v. Gobernador, Civil No. SJ2017CV00271, at 16 (P.R. Sup. Ct. Mar. 16, 2018). Bondholders have not shown a substantial need for the withheld information, specifically in connection with the Stay Relief Motion. The factual information necessary for the Bondholders to present their position to the Court on that motion has been produced. Thus, the Court declines to override the otherwise properly asserted deliberative process and executive privileges.

---

[3] These include the *Declaration of Luis Collazo Rodriguez in Support of ERS's Assertion of Deliberative Process Privilege* (Dkt. No. 457 in 17-BK-3566); *Declaration of Philippe Mesa Pabon in Support of the Commonwealth's Assertion of Deliberative Process Privilege* (Dkt. No. 458 in 17-BK-3566); *Declaration of Mohammad Yassin Mahmud in Support of AAFAF's Assertion of Deliberative Process Privilege* (Dkt. No. 453 in 17-BK-3566); and *Declaration of Madhu Pocha in Opposition to Motion to Compel Production of Documents in Privilege Log Categories 1, 5 to 7* (Dkt. No. 459 in 17-BK-3566).

f. Procedural Objections

Finally, Bondholders argued several procedural objections to Respondents' assertions of the deliberative process and executive privileges. These included objections to unidentified senders/recipients/authors on the privilege log and the lack of a contemporaneous affidavit asserting the deliberative process privilege. The Court overrules those objections but reemphasizes its instruction at the Hearing for Respondents to provide missing information where possible.

II. Protective Order

The Court held argument at the Hearing on the *Motion of Andalusian Global Designated Activity Company, Mason Capital Master Fund, LP, and The Puerto Rico Funds for a Protective Order* (Dkt. No. 6234 in 17-BK-3283; Dkt. No. 440 in 17-BK-3566) ("Motion for Protective Order"). As addressed at the Hearing, the Motion for Protective Order is ALLOWED IN PART AND DENIED IN PART.

Through the Motion for Protective Order, Bondholders seek protection from 30(b)(6) and individual depositions noticed by the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") with regard to 23 topics. As addressed at the Hearing, many of the topics are more appropriately dealt with in the first instance through contention interrogatories. See In re Enron Creditor's Recovery, 2007 WL 2680427, at *3 (Bankr. S.D.N.Y. Sept. 6, 2007) ("in light of the Rule 30(b)(6) request as proposed, there is a likelihood that the Court will have a significant level of involvement if a deposition were to proceed, [and thus] where contention interrogatories are a more efficient means of achieving [the] articulated purpose . . . the use of contention interrogatories is the appropriate form of discovery.").

The Oversight Board shall serve contention interrogatories in accordance with the discussion held at the Hearing on or before **Wednesday, May 8, 2019**. With respect to the issue whether the Bondholders are relying on any oral or written communications to modify the terms of bond documents from 2008 (see Deposition Topics 1-4, 11 as listed in Motion for Protective Order ¶ 11), the parties shall meet and confer to determine the most efficient way to identify the written documents Bondholders contend govern the 2008 offering and whether the Bondholders contend that the relevant terms of those written documents have been modified. The parties shall also meet and confer as to the appropriate scope of the individual depositions. The parties shall provide a status report to the Court on or before **Monday, May 13, 2019**.[4] As agreed upon by the parties in open court, the individual depositions will go forward but will occur after the Bondholders answer the contention interrogatories.

III. Attorney-Client and Work Product

The Court held argument at the Hearing on the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents in Privilege Log Categories 1 to 4 [Attorney-Client Privilege, Attorney Work Product, Common Interest]* (Dkt. No. 6253 in 17-BK-3283; Dkt. No. 443 in 17-BK-3566) ("Attorney-Client Motion to Compel"). As addressed at the Hearing, certain of Bondholders' objections are overruled and Respondents are instructed to produce document by document logs for some categories of withheld documents.

---

[4] The parties separately raised for the Court possible objections the Bondholders may have to a recent production and privilege log served by the Oversight Board. Should any court involvement be necessary to resolve those disputes, the parties shall inform the Court of such in the May 13, 2019 status report.

a. <u>Objection based on crime-fraud exception</u>

Bondholders argued that the crime-fraud exception applies to certain documents withheld by Respondents under the attorney-client privilege. The crime-fraud exception "withdraws protection where the client sought or employed legal representation in order to commit or facilitate a crime or fraud." <u>In re Grand Jury Proceedings</u>, 417 F.3d 18, 22 (1st Cir. 2005). The Court overrules this objection. Recognizing that the Bondholders object to the structure and effect of the pension reforms at issue, the evidence is that the attorneys were retained to help with the Commonwealth and/or ERS' reorganization. There is no evidence that any of the attorneys listed on Respondents' privilege log were employed for an improper purpose.

b. <u>Objection based on the role of ERS</u>

Bondholders argue that communications between ERS, the Commonwealth and AAFAF cannot be privileged because ERS and the Commonwealth are adverse parties. The Court overrules this objection. Although ERS and the Commonwealth may be adverse in some respects, with respect to the issues presently before the Court, they share a common interest in pension reform for the benefit of pensioners. See <u>In re Mortg. & Realty Tr.</u>, 212 B.R. 649, 653 (Bankr. C.D. Cal. 1997) (holding that the common interest doctrine "does not require a complete unity of interests among the participants. The privilege applies where the interests of the parties are not identical, and it applies even where the parties' interests are adverse in substantial respects.").

c. Objection based on presence of third parties

Bondholders argued that where third parties are present on withheld documents, the privilege has been waived. Respondents argued in response that certain professionals included in the withheld attorney-client communications fall within the exception to the waiver rule provided for by United States v. Cavallaro, 284 F.3d 236, 247 (1st Cir. 2002) ("An exception to [the attorney-client privilege] rule exists for third parties employed to assist a lawyer in rendering legal advice.").

In accordance with the discussion in open court, the description of documents in Category 3 of Respondents' privilege log (Ex. B to Dkt. No. 443 in 17-BK-3566) raises the issue whether the third parties' involvement was for a business or legal purpose. See United States v. Cavallaro, 284 F.3d at 247 ("The communication [] must be made for the purpose of obtaining legal advice from the lawyer.") (internal quotation and citation omitted); Columbia Data Prods., Inc. v. Autonomy Corp. Ltd., 2012 WL 6212898, at * 15 (D. Mass. Dec. 12, 2012) ("the third party's communication must be made for the purpose of rendering legal advice, rather than business advice") (internal quotation and citation omitted).[5] Therefore, Respondents shall create a document by document log for all documents in Category 3 of their privilege log. Respondents shall serve that log on all relevant parties and the Court on or before **Thursday, May 9, 2019**. Thereafter, Bondholders shall notify the Court of whether their objection still stands. The Court will then take the remaining issues on submission.

---

[5] This distinction applies to all of the documents withheld on the basis of the attorney-client privilege. The Court expects that the distinction was applied when logging documents in Categories 1, 2 and 4.

9

    d.  <u>Work Product</u>

Bondholders argued that Respondents' assertion of the work product doctrine is too broad. As a general matter, this Court holds that, as articulated by the First Circuit, the work product doctrine is narrow. <u>See</u> <u>United States v. Textron Inc. & Subsidiaries</u>, 577 F.3d 21, 29 (1st Cir. 2009) (en banc), <u>cert.</u> <u>denied</u>, 560 U.S. 924, 130 S. Ct. 3320, 176 L. Ed. 2d 1219 (2010) (holding that the work product doctrine applies to documents "prepared for use <u>in</u> litigation" (emphasis in original)).

In accordance with the discussion in open court, Respondents shall create a document by document log for all instances where the work product doctrine has been exclusively asserted. Respondents shall serve that log on all relevant parties and the Court on or before **Thursday, May 9, 2019**. Thereafter, Bondholders shall notify the Court of whether their objection still stands. The Court will then take the remaining issues on submission.

SO ORDERED.

                                          / s / Judith Gail Dein
                                          Judith Gail Dein
                                          United States Magistrate Judge

DATED: May 6, 2019