# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## AMENDED RESERVATION OF RIGHTS OF EDWARD D. JONES & CO., L.P.

Edward D. Jones & Co., L.P. ("Edward Jones"),[2] through the undersigned counsel, respectfully submits this reservation of rights with respect to the *Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [Dkt. No. 6384] ("First Order") and the *Further Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [Dkt. No. 6493] ("Confidentiality Order").[3] In support of this Reservation of Rights, Edward Jones states as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Debtors' pleadings refer to "Edward D. Jones & Co." The proper legal name of the entity is Edward D. Jones & Co., L.P.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confidentiality Order.

1. Edward Jones is a financial services company that, among other things, maintains accounts through which its customers beneficially hold various types of securities (often in the name of Edward Jones rather than the individual customer's name).

2. The *Certificate of Service* [Dkt. No. 6465] filed with this Court states that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") caused Edward Jones to be served, via Overnight Mail, with copies of the Urgent Motion and the First Order on April 18, 2019, the same day the First Order was entered. However, Edward Jones actually received these materials on April 23, 2019, one day following the receipt thereof by its agent, CT Corporation on April 22, 2019. As set forth on the service of process transmittal to which the Urgent Motion, First Order and delivery envelope were appended, a copy of which is attached hereto as Exhibit A, the materials were delivered via Priority Mail and received by CT Corporation on April 22, 2019. None of the materials that were served identified Edward Jones as a Participating Holder. *See* Urgent Motion at 29-36 and First Order.

3. Upon receipt of the Urgent Motion and the First Order, Edward Jones – despite not being listed in the Urgent Motion – reached out to counsel to the Special Claims Committee for further information. Edward Jones then received a copy of the Informative Motion and the Confidentiality Order from counsel to the Special Claims Committee via email on late Friday afternoon, April 26, 2019 – effectively one business day before the deadline set forth in the First Order.[4] On April 30, 2019, CT Corporation received a copy of the Informative Motion which

---

[4] On May 2, 2019, the Special Claims Committee filed several complaints, among them a complaint naming numerous financial institutions (including Edward Jones), seeking to avoid and recover payments made in respect of the Challenged Bonds during the four-year period preceding these proceedings. *See Adversary Complaint to Avoid and Recover Fraudulent Transfers and to Disallow Claims Pursuant to 11 U.S.C. §§ 502, 544, 548, and 550 and Puerto Rico Law* [Dkt. No. 6804].

included a proposed Confidentiality Order, via Regular Mail.

4. While the Informative Motion suggests that the First Order and Confidentiality Order are intended to bind Edward Jones and similarly situated parties, Edward Jones had no notice and no opportunity to be heard with respect to either. *See* Informative Motion at 2 (noting that the First Order approved the list of Participant Holders identified in Appendix 2 thereto "'as such appendix may be supplemented upon receipt of information' sufficient for the Oversight Board to identify Participant Holders of the Challenged Bonds"). Similarly, Edward Jones had no opportunity to participate in the discussions that resulted in the consensual Confidentiality Order. The delay in service guaranteed that Edward Jones could not feasibly respond by the requested deadline, let alone notify account holders or take other steps that Edward Jones would routinely consider pursuing under these circumstances.

5. Notwithstanding the foregoing lack of notice, Edward Jones will work in good faith with the Special Claims Committee to resolve any questions or concerns, and will endeavor to timely produce, on a rolling basis, the requested materials to the Oversight Board and the Special Claims Committee, consistent with the First Order and the Confidentiality Order.[5] To the extent the First Order and Confidentiality Order require clarification, additions or changes before Edward Jones can produce the requested information, Edward Jones reserves all rights to seek appropriate relief from the Court. Further, nothing in this Reservation of Rights or any subsequent filing shall be deemed or construed to be a waiver of (i) the rights of Edward Jones to trial by jury in any proceedings so triable in this case or any case, controversy, or proceeding arising in, under, or related to this case; or (ii) any other rights, claims, actions, defenses, setoffs, or recoupments to

---

[5] Edward Jones has begun conducting diligence consistent with the First Order but has not yet identified beneficial holders of the Challenged Bonds and has not yet determined whether it holds the Challenged Bonds for its own account.

which Edward Jones is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are reserved and not waived.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify case participants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, May 6, 2019.

> */s/ Alicia I. Lavergne Ramírez*
> Alicia I. Lavergne Ramírez
> USDC-DPR 215112
> alavergne@sanpir.com
>
> **SÁNCHEZ PIRILLO LLC**
> 270 Muñoz Rivera Ave. Suite 1110
> San Juan, PR 00918
> Telephone: 787-522-6776
> Facsimile: 787-522-6777
>
> -and-
>
> **MORGAN, LEWIS & BOCKIUS LLP**
> Rachel J. Mauceri (*pro hac vice* pending)
> 1701 Market Street
> Philadelphia, PA 19103-2921
> Telephone: +1.215.963.5000
> Facsimile: +1.215.963.5001
> Email: rachel.mauceri@morganlewis.com
>
> *Attorneys for Edward D. Jones & Co., L.P.*