**Objection Deadline:** May __, 2019 at 4:00 p.m. (AST)
**Hearing Date and Time:** TBD by Court, if necessary

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

-----------------------------------------------------------------x

## NOTICE OF URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO TO ENFORCE ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

**PLEASE TAKE NOTICE** that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), pursuant to section 105(a) of the Bankruptcy Code and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), is filing the annexed *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security*

*Holders* (the "Urgent Motion").

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Urgent

Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and

the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No.

4866-1] (the "Case Management Procedures"), and must be filed with the Court (a) by

registered users of the Court's case filing system, electronically in accordance with rule 5 of

the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a

CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the

Oversight Board, Brown Rudnick LLP, Seven Times Square, New York, NY  10036 (Attn:

Edward S. Weisfelner, Esq.) and Brown Rudnick LLP, 601 Thirteenth Street, MW,

Washington, D.C.  20005 (Attn: Stephen A. Best, Esq.) and Brown Rudnick LLP, One

Financial Center, Boston, MA  02111 (Attn:  Sunni P. Beville, Esq.) and Estrella, LLC, P.O.

Box 9023596, San Juan, PR  00902-3596 (Attn: Alberto Estrella, Esq. and Kenneth C. Suria,

Esq.); (ii) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299

(Attn: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq.), and A&S Legal Studio, PSC,

434 Avenida Hostos, San Juan, PR 00918 (Attn: Luis F. del Valle-Emmanuelli, Esq.); (iii)

counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny &

Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq.,

Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS

Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi,

Esq.); and (iv) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500

Tanca Street, Suite 301, San Juan, PR 009011922, so as to be received no later than **May [   ],**

**2019 at 4:00 p.m. (Atlantic Standard Time).**

      **PLEASE TAKE FURTHER NOTICE** that, if necessary, a hearing will be held

before the Honorable Judith Gail Dein, United States Magistrate Judge, at a time and place to

be determined by the Court, to consider the relief sought by the Debtors in the Urgent Motion.

      **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Urgent Motion

may be granted without a hearing if no objection is timely filed, served, and received in

accordance with the Case Management Procedures.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Urgent Motion and all

documents filed in these Title III cases are available (a) free of charge by visiting

https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's

website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.


*[Remainder of Page Intentionally Left Blank]*

Dated: May 7, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management*
*Board, acting through the Special Claims Committee*
and

*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management*
*Board, acting through the Special Claims Committee*

**Objection Deadline:** May __, 2019 at 4:00 p.m. (AST)
**Hearing Date and Time:** TBD by Court, if necessary

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- X
                         :

In re:                         :

                         :

THE FINANCIAL OVERSIGHT AND    :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,   :   Title III

                         :

       as representative of        :   Case No. 17-BK-3283 (LTS)

                         :

THE COMMONWEALTH OF PUERTO RICO *et al.,*   :   (Jointly Administered)

                         :

       Debtors.[1]              :

-------------------------------------------------------------------- X

## URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO TO ENFORCE ORDER UNDER BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States Magistrate Judge Judith G. Dein:

Pursuant to section 105(a) of the Bankruptcy Code and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), respectfully submits this urgent motion (the "Urgent Motion to Enforce") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), requiring and enforcing the production of lists of securities holders that received certain payments on account of certain bonds issued by the Employees Retirement System for the Commonwealth ("ERS") and the Puerto Rico Public Buildings Authority (the "PBA"), on the dates identified by CUSIP and date as provided at Appendix 3 to Exhibit B, by certain financial entities identified at Appendix 2 to Exhibit B, as may be supplemented or amended. In support of this Urgent Motion, the Oversight Board respectfully states as follows:

## PRELIMINARY STATEMENT

1.     In the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April 8, 2019 [ECF No. 6143] (the "First Urgent Motion"), the Oversight Board requested certain information from Participant Holders[3] that the Oversight Board needs to pursue valuable causes of action on behalf of the Commonwealth and ERS under sections 544, 547, 548, 550 of the Bankruptcy Code. .

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms employed in this Preliminary Statement have the meanings ascribed to them below.

2.    The Court entered two orders granting the First Urgent Motion and requiring Participant Holders to produce information relating to payments of purported interest and principal on account of the Challenged Bonds to beneficial holders of such bonds.[4]

3.    Although the Oversight Board made efforts to reduce the burden of production, including by providing electronic records helpful in organizing search procedures and setting payment thresholds and priorities consistent with the Oversight Board's litigation interests,[5] many of the Participant Holders were unable, or unwilling, to produce the requested information. Therefore, the filing of this Urgent Motion to Enforce is necessary.

4.    Any Participant Holder that did not, or was unable to, certify that such Participant Holder was not itself a beneficial holder of Challenged Bonds was identified as a defendant in certain of the "claw back" complaints filed prior to the expiration of the Commonwealth's statute of limitations.

5.    The failure of parties to timely produce information, and in some cases their outright refusal due to discovery objections, has left the Oversight Board in the unfortunate position of requiring a further enforcement order of the Court to clarify that production is still required notwithstanding expiration of the deadline and notwithstanding objections expressed by certain of the Participant Holders.

6.    The Oversight Board seeks an order enforcing this Court's First and Second Discovery Orders. Furthermore, although *some* information was produced in discovery pursuant

---

[4]    *See Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6384] (the "First Discovery Order"); *Further Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6493] (the "Second Discovery Order").

[5]    *See Informative Motion of the Financial Oversight and Management Board for Puerto Rico, Acting by and through Its Special Claims Committee, Regarding Further Order Pursuant to Bankruptcy Rules 1007(I) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders*, ECF No. 6540, filed April 29, 2019 (the "Second Informative Motion").

3

to the Court's prior orders, that production was incomplete, but it has enabled the Oversight Board to modify its diligence and add necessary Participant Holders and CUSIPs to this Urgent Motion to Enforce. In order to further facilitate compliance and avoid protracted litigation over anticipated objections to discovery regarding the Court's prior orders, the Oversight Board now files this Urgent Motion to Enforce to enforce its requests.

7.      The Oversight Board respectfully submits that the information requested herein is reasonable, limited in scope, necessary to preserve value for the estate, not burdensome, and that good cause exists under the Bankruptcy Rules to compel production on an expedited basis.

## JURISDICTION AND VENUE

8.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

9.      Venue is proper pursuant to PROMESA § 307(a).

## STATUTORY PREDICATE

10.     The Oversight Board brings this Urgent Motion pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 1007(i) and 2004, made applicable to these Title III cases by sections 301 and 310 of PROMESA respectively.

## FACTUAL BACKGROUND

11.     The Oversight Board incorporates herein by reference the statements of fact contained in the First Urgent Motion, the *Informative Motion of the Financial Oversight and Management Board for Puerto Rico, Acting by and through Its Special Claims Committee, Regarding Further Order Pursuant to Bankruptcy Rules 1007(I) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* filed April 23, 2019 [ECF No. 6492] (the "First Informative Motion"), and the Second Informative Motion.

4

12.     Notwithstanding that the First Discovery Order required production not later than April 30, many Participant Holders did not, and some refused to, produce by the Court-established deadline.

13.     Participant Holders have requested clarification as to whether production would be required after the April 30th deadline.

14.     The Oversight Board, however, submits this Urgent Motion to Enforce to clarify that the Participant Holders are required to produce after the April 30th deadline.

15.     In addition, several Participant Holders contended that they did not receive sufficient notice or due process of the First Discovery Order.

16.     The Oversight Board contends that sufficient notice and due process was provided under the First Discover Order, but nonetheless brings this Urgent Motion to Enforce to underscore the necessity of the Participant Holders' continued obligations under the Discovery Orders.

17.     Moreover, since filing the First Urgent Motion, the Oversight Board has performed material subsequent diligence that has permitted it to revise the lists of Participant Holders and CUSIPs it believes relevant to contemplated litigation, and introduce restrictive terms to decrease the volume of information necessary to produce.

**RELIEF REQUESTED**

18.     By this Urgent Motion to Enforce, the Oversight Board, acting by and through its Special Claims Committee, requests that this Urgent Motion to Enforce be heard on an urgent basis prior to the next scheduled omnibus date and at the Court's earliest convenience to the extent the Court determines a hearing is necessary, and seeks the entry of an order requiring each of the Participant Holders identified at Appendix 2 to Exhibit B to produce a list of all beneficial

holders of Challenged Bonds to whom payments of purported principal and interest were transferred with respect to the bond series and date ranges provided at <u>Appendix 3</u> to <u>Exhibit B</u>, together with the amounts and dates of such payments and service address information for each such transferee, and subject to the exclusions described therein.

## **ARGUMENT**

19.     The Oversight Board respectfully suggests that cause exists to require disclosure of the requested information on an expedited basis.

20.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  The scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b). The purpose of a Bankruptcy Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets including but not limited to litigation assets.  *See In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

21.     Bankruptcy Rule 1007(i) provides that "[a]fter notice and hearing and for cause shown, the court may direct an entity other than the debtor or trustee to disclose any list of security holders of the debtor in its possession or under its control, indicating the name, address and security held by any of them."  The context of Rule 1007(i) within Rule 1007 suggests that, like other lists of assets and liabilities and payment records of a debtor, it is intended to illuminate the value of the estate to the court and parties in interest, including by promoting the development and prosecution of valuable litigation claims. *Cf. In re Empire State Conglomerates, Inc.*, 546 B.R. 306, 316 (Bankr. S.D.N.Y. 2016) (holding on request to remove

6

trustee that where the "Bankruptcy Code does not define 'cause,'" "caselaw generally requires . . . actual injury to debtor's interest.").  Here, absent the disclosure of the requested information, creditors of ERS and the Commonwealth will be injured by the inability to recover funds wrongfully transferred away from estate coffers.

22.     The Oversight Board circumscribed its inquiry solely to Challenged Bonds subject to the Joint Claims Objection, ERS Bond Objection, and Ad Hoc Objection, and in this Urgent Motion to Enforce, has further circumscribed its inquiry to certain bonds the Oversight Board and the Committee have alleged or may allege to be infirm.  This request is narrowly tailored to the Oversight Board's efforts to identify the targets of the Challenged Bonds Avoidance Actions.  The Oversight Board requests that this Court further enforce its First and Second Discovery Orders.

23.     Cause to grant this Urgent Motion to Enforce is substantially the same as that stated in the First Urgent Motion.  Likewise, the Oversight Board requests effectively the same relief: the proposed order attached at <u>Exhibit A</u> is effectively a composite of the First Discovery Order and the Second Discovery Order, the latter of which the Court entered with consent of several Participant Holders following a meet and confer process and extensive negotiation of confidentiality protections.

**<u>RESERVATION OF RIGHTS</u>**

24.     The Oversight Board reserves the right to supplement this Urgent Motion to Enforce to request a revised Order from this Court in the event that the Oversight Board discovers that there are more Participant Holders that should be subject to the Urgent Motion to Enforce.

7

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES AND CASE MANAGEMENT ORDER

25.     Pursuant to Paragraph I.H of the Case Management Procedures, the Oversight Board hereby certifies that it has carefully examined the matter and concluded that there is a true need for an urgent motion; is has not created the urgency through any lack of due diligence; it has made a bona fide effort to resolve the matter without a hearing; and it has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.  No party has indicated that it will object to the relief requested herein.

## NOTICE

26.     The Debtors have provided notice of this Urgent Motion to: (a) the Chambers of the Honorable Laura Taylor Swain; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) AAFAF; (d) counsel for AAFAF; (e) counsel for the Oversight Board; (f) Counsel for the Creditors' Committee; (g) Counsel for the Retiree Committee; (h) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (i) counsel to any other statutory committee appointed in these Title III Cases; (j) counsel to any ad hoc bondholder group which has filed a Federal Rule of Bankruptcy Procedure 2019 statement in these Title III Cases; (k) counsel to Bank of New York Mellon as agent with respect to the ERS Bonds; (l) counsel to U. S. Bank Trust National Association, Banco Popular de Puerto Rico, Bank of New York, and U.S. Bank as agents with respect to the PBA Bonds; (m) counsel to the Ad Hoc GO Bondholders; and (n) the Participant Holders identified in Exhibit B hereto; (o) the Puerto Rico Department of Justice; and (p) all parties filing a notice of appearance in these Title III Cases. The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

8

## **CONCLUSION**

WHEREFORE, the Oversight Board, acting by and through its Special Claims Committee, respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and granting the Committee such other relief as this Court deems just and proper.

Dated: May 7, 2019

<div style="margin-left:40%">

*/s/ Edward s. Weisfelner*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*
and

-and-

</div>

*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management
Board, acting through the Special Claims Committee*

# **Exhibit A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------- X
                                                :

In re:                                      :
                                               :

THE FINANCIAL OVERSIGHT AND        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :   Title III
                                               :

        as representative of             :   Case No. 17-BK-3283 (LTS)
                                               :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  :   (Jointly Administered)
                                               :

        Debtors.[1]                      :
------------------------------------------------------------------- X

**[PROPOSED] ORDER PURSUANT TO BANKRUPTCY
RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND
COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS**

Upon further consideration of the *Urgent Motion Of The Financial Oversight And Management Board Of Puerto Rico To Enforce Order Under Bankruptcy Rules 1007(I) And 2004 Authorizing Discovery And Compelling Disclosure Of Lists Of Security Holders* [ECF No. ____] (the "Urgent Motion to Enforce")[2] and the exhibits attached thereto, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Urgent

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

Motion and First Discovery Order has been provided under the particular circumstances and no

other or further notice need by provided; (iv) based on the statements and arguments made in the

Urgent Motion to Enforce, the Court has found that disclosure pursuant to Rule 1007(i) and

examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is appropriate; and

(v) the parties referred to in the First Discovery Order have met and conferred regarding the

creation of an appropriate confidentiality restriction as reflected herein, and have submitted the

proposal reflected below, in compliance with the First Discovery Order and in agreement as to

the provisions thereof.  Accordingly, it is hereby **ORDERED** that:

1. The Urgent Motion to Enforce is further granted as provided herein.

2. The Oversight Board is authorized to issue the Document Request, attached as Exhibit B to the Urgent Motion to Enforce, to the Participant Holders identified at Appendix 2 to Exhibit B of the Urgent Motion to Enforce.

3. To the extent of any conflict between this Order and the First Discovery Order or Second Discovery Order, this Order shall control, provided that to the extent that any Participant Holder has already produced any information or documents in response to the First Discovery Order and Second Discovery Order, it need not re-produce such information or documents pursuant to this Order.

4. The Oversight Board shall promptly make available, upon request by any Participant Holder, an electronic document listing the Challenged Bonds, and the dates upon which payments are thought to have been made by the PBA, Commonwealth and/or ERS, as applicable, to purported holders of such Challenged Bonds based upon publicly available documents.

5. The Oversight Board shall promptly provide any additional information relating to the Challenged Bonds that it has obtained from any source to help the Participant Holders locate the requested information.

6. The Participant Holders shall respond to the Document Request as follows:

   a. As pertaining to the Challenged GO Bonds and PBA Bonds, no later than **June 1, 2019**.

   b. As pertaining to ERS Bonds, not later than **May 16, 2019**.

7. Participant Holders shall continue to respond to the Document Request to the extent their response remains incomplete as of the dates provided above, and the Oversight Board shall receive such responses and amend litigation pleadings to

reflect such responses, provided that unless a Participant Holder certifies to the Oversight Board that its response to the Document Request is complete within 30 days of the dates provided in paragraph 6 above, such Participant Holder shall be held, as a matter of fact, to have been the beneficial holder of all Challenged Bonds for which it served as Participant Holder at all relevant times, and shall be estopped from making any argument or claim to the contrary.

8. Notwithstanding the foregoing, no Participant Holder shall be required to respond to the Document Request to the extent such response would be duplicative of any prior production or response to the Oversight Board. For the avoidance of doubt, the CUSIPs highlighted in Appendix 3 to Exhibit B of the Urgent Motion to Enforce were not previously identified and requested, and all Participant Holders must respond to the Document Request as pertaining to such highlighted CUSIPs.

9. To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of confidential information, including personal data or non-public personal financial information, permits disclosure of such information pursuant to an order of a court, this order shall constitute such an order.

10. The Oversight Board shall not disclose any Confidential Information[3] to any person for any purpose, except as provided below:

    a. The Oversight Board may disclose any Confidential Information to (a) the UCC and/or any trustee appointed pursuant to 11 U.S.C. § 926, and (b) each such party's representatives, professionals, and members, provided that the foregoing restrictions shall apply to all such parties and persons (each in such capacity, a "Receiving Party");

    b. The Receiving Party may disclose the identity of any person or entity who is a defendant to a Challenged Bonds Avoidance Action, together with such person's or entity's address, the date of receipt of any transfers alleged to be avoidable, the amounts of any such transfers individually and in the aggregate, and the Challenged Bond CUSIP numbers corresponding to any such transfers, in any document necessary to file, serve, and prosecute the Challenged Bonds Avoidance Actions. Notwithstanding the foregoing, in accordance with Local Rule 5.2 of the District of Puerto Rico, the Receiving Party shall, to the extent it seeks to disclose Confidential Information in any pleading, motion, objection, or other public document pursuant to this paragraph, redact all (1) social security

---

[3] "Confidential Information" constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 or 9018 of the Federal Rules of Bankruptcy Procedure, or is subject by law or by contract to a legally protected right of privacy. For the avoidance of doubt, Confidential Information includes customer/consumer names and addresses, account numbers, and identification of securities held in the accounts. The term "Confidential Information," however, shall not include information within the public domain that is furnished by any provider of information ("Provider") to a third party who is under no obligation to keep the information confidential.

or employer identification numbers of individuals or entities, (2) names of any individuals known by the Receiving Party to be minor children as of the date of disclosure; (3) dates of birth of individuals, (4) financial account numbers, and (5) home or business addresses, other than such individuals' or entities' city and state of residence, provided, however, that in any Challenged Bond Avoidance Action not involving an individual known by the Receiving Party to be a minor child at the time of disclosure, the Receiving Party shall file any initial pleading and case commencement materials using a pseudonym name for the defendant, and file with the Court under seal a "key" list matching pseudonyms to actual names, and provided further that the obligation to utilize a pseudonym as provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information.  For the avoidance of doubt, (a) the Receiving Party may file under seal a single "key" matching pseudonyms to actual names of all defendants to all Challenged Bond Avoidance Actions commenced by such Receiving Party; (b) notice and opportunity for such defendants to object to use of Confidential Information may be provided by the Receiving Party in the body of any initial pleading and no further notice shall be required; and (c) this Order shall be self-effectuating such that no Receiving Party shall be required to file any motion or other pleading with the Court regarding further permission to file such "key" under seal.

c.   Upon the latest of (a) the date that a final judgment has been entered and satisfied as to all Challenged Bonds Avoidance Actions and (b) the date that the above-captioned PROMESA Title III cases are closed by the Court, the Receiving Parties shall destroy all Confidential Information. Notwithstanding the foregoing, the Receiving Parties shall be permitted to retain, in accordance with its documented practices, professional obligations, applicable law or automatic electronic backup systems, archival copies of any Confidential Information.  For the avoidance of doubt, the Receiving Parties shall not be required to destroy or erase any electronic copy of such materials that is created pursuant to its standard electronic backup and archival procedures, if only personnel whose functions are primarily information technology in nature have access to such retained copies (except to the extent used for any purpose outlined above in this paragraph) and such personnel's access is limited to that reasonably necessary for the performance of their information technology duties.   Notwithstanding the destruction of Confidential Information pursuant to this paragraph, the Receiving Parties will continue to be bound by their confidentiality obligations and other obligations under this Order in perpetuity; and

d.  In the event that a Receiving Party receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, relevant regulatory authority or by the mandatory rules or requirements of any recognized investment exchange, the Receiving Party shall to the extent permitted by law or the mandatory rules or requirements of any recognized investment exchange (a) promptly notify the Provider of the existence, terms and circumstances surrounding such a request, (b) consult with the Provider on the advisability of taking steps to resist or narrow such request, (c) if disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Receiving Party reasonably determines is legally required to be disclosed and (d) cooperate, at the Provider's expense, with the Provider in its efforts to obtain a protective order or other relief to prevent the disclosure of the Confidential Information or other reliable assurance that confidential treatment will be accorded to such portion of the Confidential Information that is required to be disclosed.

11. The Receiving Party shall maintain Confidential Information in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of Confidential Information.  Confidential Information shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Challenged Bonds Avoidance Actions.  All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based. If a Receiving Party learns that there has been a material breach of a Provider's Confidential Information due to unauthorized access by a third-party (including unauthorized access by a current or former employee of the Receiving Party) to Confidential Information in the Receiving Party's possession, custody or control, the Receiving Party shall as soon as possible notify the Provider of such breach and shall cooperate, or cause its designated agents to cooperate, with the Provider and the Provider's agents in the investigation and  resolution of such breach.  Nothing in this provision, however, shall be construed as authorizing or requiring a party to violate any law, court order, or regulatory obligation prohibiting the Receiving Party from notifying the Provider of such breach.

12. Any Provider or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any law or contractual obligation relating to personal data or non-party financial information.

13. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019

_____
Honorable Judith G. Dein
United States Magistrate Judge

## Exhibit B

**Document Request**

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S FIRST SET OF
DISCOVERY REQUESTS WITH RESPECT TO POTENTIAL AVOIDANCE ACTIONS**

Pursuant to the Order attached as Appendix 1 hereto (the "Order") and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to the above-captioned cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Financial Oversight and Management Board of Puerto Rico hereby requests that the parties identified on the list attached as Appendix 2 hereto produce the documents requested below (the "Document Request"), on or before such dates provided in the Order, to:

> Brown Rudnick LLP , Attn: Tristan Axelrod, Esq. (email:
> taxelrod@brownrudnick.com).

## DEFINITIONS AND INSTRUCTIONS

1.      "And" and "or" have both conjunctive and disjunctive meanings and therefore should be read as "and/or." Similarly, "all," "any," "each" and "every" are used in the inclusive sense, and therefore should be read as meaning "each and every." The word "including" should be read as meaning "including without limitation."

2.      "Lookback Period" shall have the meaning provided as to each CUSIP identified at Appendix 3 hereof.

3.      "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

4.      "Transfer" has the definition set forth in 11 U.S.C. § 101(54).

5.      "You" or "Your" means each party identified at <u>Appendix 2</u> hereto.

6.      Reference to the singular in any of these Discovery Requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

7.      All information requested herein is to be provided if it is in the possession, custody or control of, or is available and accessible to, You or any of Your agents, representatives or any other Person acting for You or on Your behalf.

8.      If You cannot answer any of the following Document Request in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain Your inability to provide a complete answer.

9.      If You object to part of the Document Request and refuse to answer that part on the basis of a claim of privilege, state the objection and answer the remaining portion of the request. As to any Communication that You refuse to disclose on the basis of a claim of privilege, identify: (a) the name, address, position, and organization of the participants in the communication, (b) any documents reflecting or summarizing all or part of the communication, including the date, length, and type of document and description of the subject matter of the document, and (c) the specific grounds for claiming that the communication is privileged.

10.      This Document Request is to be considered as continuing, and You are to supplement Your responses with additional information as You may hereafter obtain.

## **REQUEST FOR PRODUCTION**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**  With respect to any Transfer by You to any Person in respect of the bond series identified during the periods identified at <u>Appendix 3</u> hereto, produce either a list of or other documents sufficient to identify: (i) the Person who received such Transfer and/or the Person on whose behalf the Transfer was made, (ii) the address of any such Person, (iii) the amount of such Transfer, (iv) the date of such Transfer, and (v) the CUSIP applicable to such Transfer; *provided that You need not produce any information relating to any of the following:*

- Transfers to Persons who did not hold more than $2,500,000 in Challenged Bonds in the aggregate at any time during the Lookback Period; or
- Transfers to Persons who did not receive more than $250,000 in Transfers in the aggregate during the Lookback Period; or
- Transfers to Persons who did not receive any single Transfer greater than $12,000.

For the avoidance of doubt, You need not produce any information relating to Transfers that meet any of the three criteria above.

**REQUEST FOR PRODUCTION NO. 2:**   With respect to any Transfer received by You in respect of the bond series identified during the periods identified at Appendix 3 hereto, either (a) produce an accounting of funds held by You in respect of beneficial ownership by You or (b) certify that You were not the beneficial owner of any such bonds.


Dated: May __, 2019



                          */s/ [    ]*
                          BROWN RUDNICK LLP
                          Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
                          Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
                          Seven Times Square
                          New York, NY 10036
                          Tel: (212) 209-4800
                          eweisfelner@brownrudnick.com
                          apapalaskaris@brownrudnick.com

                          Stephen A. Best, Esq. (*Pro Hac Vice*)
                          601 Thirteenth Street NW, Suite 600
                          Washington, D.C. 20005
                          Tel: (202) 536-1700
                          sbest@brownrudnick.com

                          Sunni P. Beville, Esq. (*Pro Hac Vice*)
                          One Financial Center
                          Boston, MA 02111
                          Tel: (617) 856-8200
                          sbeville@brownrudnick.com

                          *Counsel to the Financial Oversight and Management
                          Board, acting through the Special Claims Committee*

                          and

*/s/ [    ]*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management
Board, acting through the Special Claims Committee*

## **<u>Appendix 1</u>**

**Order Compelling Production**

**Appendix 2**

**Participant Holders**

APPENDIX 2

| DTC No. | Name and Address |
|---------|------------------|
|         |                  |
| 0756 | AMERICAN ENTERPRISE INVESTMENT SERVICES INC. <br> c/o CT Corporation Systen Inc. <br> 1010 Dale St. N <br> St. Paul, MN  55117-5603 |
| 2082 | ANB BANK <br> c/o John F. Knoeckel, Registered Agent <br> 3033 E. First Avenue, Suite 3000 <br> Denver, CO  80206 |
| 0158 | APEX CLEARING CORPORATION <br> c/o National Registered Agents, Inc. <br> 28 Liberty Street <br> New York, NY 10005 |
| 2251 | BANK OF AMERICA NA/CLIENT ASSETS <br> c/o Winston & Strawn LLP <br> Attn:  Jennifer L. Malin, Esq. <br> 200 Park Avenue <br> New York, NY 10166 |
| 0955 | BANK OF AMERICA, NA/GWIM TRUST OPERATIONS <br> c/o Winston & Strawn LLP <br> Attn:  Jennifer L. Malin, Esq. <br> 200 Park Avenue <br> New York, NY 10166 |
| 7256 | BARCLAYS CAP / FIXED <br> c/o Akin Gump Strauss Hauer & Feld LLP <br> Attn:  Jessica A. Fitts, Esq. <br> One Bryant Park <br> New York, NY  10036-6745 |
| 7254 | BARCLAYS CAP / LONDON <br> c/o Akin Gump Strauss Hauer & Feld LLP <br> Attn:  Jessica A. Fitts, Esq. <br> One Bryant Park <br> New York, NY  10036-6745 |
| 0229 | BARCLAYS CAPITAL INC./LE <br> c/o Akin Gump Strauss Hauer & Feld LLP <br> Attn:  Jessica A. Fitts, Esq. <br> One Bryant Park <br> New York, NY  10036-6745 |

APPENDIX 2

| 0702 | BB&T SECURITIES, LLC<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
|------|------|
| 0992 | BMO HARRIS BANK NA/TRUST<br>c/o Andrew Southerling, Esq.<br>McGuireWoods<br>2001 K Street N.W.<br>Washington, D.C. 20006 |
| 2154 | BNP PARIBAS SECURITIES CORP./PRIME BROKERAGE<br>Attn: Colin Vaughn-Casey<br>Group Legal, Group Dispute Resolution<br>Litigation & Legal Investigations, Americas<br>BNP Paribas<br>787 Seventh Avenue<br>New York, NY 10019 |
| 2147 | BNP PARIBAS, NEW YORK BRANCH/BNP PARIBAS PRIME BROKERAGE CUSTODIAN<br>Attn: Colin Vaughn-Casey<br>Group Legal, Group Dispute Resolution<br>Litigation & Legal Investigations, Americas<br>BNP Paribas<br>787 Seventh Avenue<br>New York, NY 10019 |
| 2884 | BNP PARIBAS, NEW YORK BRANCH/BNP PARIBAS PRIME BROKERAGE INTERNATIONAL<br>Attn: Colin Vaughn-Casey<br>Group Legal, Group Dispute Resolution<br>Litigation & Legal Investigations, Americas<br>BNP Paribas<br>787 Seventh Avenue<br>New York, NY 10019 |
| 2787 | BNP PARIBAS, NEW YORK BRANCH/CUSTODY/CLIENT ASSETS<br>Attn: Colin Vaughn-Casey<br>Group Legal, Group Dispute Resolution<br>Litigation & Legal Investigations, Americas<br>BNP Paribas<br>787 Seventh Avenue<br>New York, NY 10019 |

APPENDIX 2

| 2092 | BNY MELLON / POP SEC<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
|------|---|
| 2281 | BNY MELLON/NOMURA INT'L PLC REPO<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn:  C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2452 | BNYMELLON/RE DBTC AMERICAS/DEUTSCHE BK<br>LONDON PRIME SEG 15/00<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2209 | BNYMELLON/RE MIDCAP SPDRS<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2731 | BNYMELLON/RE OZ OMNIBUS DTC ACCOUNT<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2510 | BNYMELLON/RE THE PRUDENTIAL INVESTMENT<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 8275 | BNYMELLON/WEALTH MANAGEMENT<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |

APPENDIX 2

| 5385 | BRANCH BANKING AND TRUST COMPANY<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
|------|------------------------------------------------------------------------------------------------------------|
| 0010 | BROWN BROTHERS HARRIMAN & CO.<br>Attn: Office of Gen. Counsel<br>140 Broadway<br>New York, NY 10005 |
| 0743 | C.L. KING & ASSOCIATES, INC.<br>9 Elk Street<br>Albany, NY 12207-1002<br>Attn:  Legal Dept. |
| 0197 | CANTOR FITZGERALD & CO. / CANTOR CLEARING SERVICES<br>499 Park Avenue<br>New York, NY  10022<br>Attn:  Legal Dept. |
| 7311 | CANTOR FITZGERALD & CO. / CANTOR CLEARING SERVICES<br>499 Park Avenue<br>New York, NY  10022<br>Attn:  Legal Dept. |
| 0701 | CETERA INVESTMENT SERVICES LLC<br>c/o Cetera Financial Group<br>Attn:  Travis McGregor, Senior counsel<br>45 Broadway, 20th floor<br>New York, NY  10006 |
| 0164 | CHARLES SCHWAB & CO., INC.<br>c/o Joel Wertman, Esq.<br>Winget, Spadafora and Schwartzberg, LLP<br>1528 Walnut Street, Suite 1502<br>Philadelphia, PA  19102 |
| 0908 | CITIBANK, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD  57104<br>Attn:  Legal Dept. |
| 0950 | CITIBANK, N.A. - DEALER<br>701 East 60th Street North<br>Sioux Falls, SD  57104<br>Attn:  Legal Dept. |
| 2032 | CITIBANK/THE CITIGROUP PRIVATE BANK/TRUST<br>111 Huntington Ave.<br>Boston, MA  02199<br>Attn:  Legal Dept. |

APPENDIX 2

| 0505 | CITIGROUP GLOBAL MARKETS INC.<br>c/o Meghan K. Spillane, Esq.<br>Goodwin Procter<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 0274 | CITIGROUP GLOBAL MARKETS INC./SALOMON<br>BROTHERS<br>c/o Meghan K. Spillane, Esq.<br>Goodwin Procter<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
| 0418 | CITIGROUP GLOBAL MARKETS, INC./CORRESPONDENT<br>CLEARING<br>c/o Meghan K. Spillane, Esq.<br>Goodwin Procter<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
| 2392 | CITY NATIONAL BANK<br>City National Plaza<br>555 South Flower Street<br>Los Angeles, CA  90071<br>Attn:  Legal Dept. |
| 2108 | COMERICA BANK<br>c/o Corporate Creations Network Inc.<br>15 North Mill Street<br>Nyack, NY 10960 |
| 2170 | COMMERCE BANK<br>c/o Stephen C. Funk, Resident Agent<br>100 N. Main<br>El Dorado, KS  67042 |
| 2484 | COMPASS BANK/TRUST DIVISION<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0052 | COR CLEARING LLC<br>c/o Axos Clearing LLC (fka COR Clearing LLC)<br>Attn:  Ceci Menjivar, Associate Corporate Counsel<br>1200 Landmark Center, suite 800<br>Omaha, NE  68102 |

APPENDIX 2

| | |
|---|---|
| 0355 | CREDIT SUISSE SECURITIES (USA) LLC<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 5158 | CREWS AND ASSOCIATES, INC.<br>c/o CT Corporation System<br>100 Cummings Circle, Suite 427A<br>Beverly, MA 01915 |
| 0574 | CROWELL WEEDON & CO<br>c/o National Registered Agents, Inc.<br>155 Federal Street, Suite 700<br>Boston, MA 02110 |
| 5144 | D LERNER ASSOCIATES<br>c/o David Lerner Associates, Inc.<br>477 Jericho Turnpike<br>Syosset, NY 11791-9006<br>Attn:  Legal Dept. |
| 0361 | D. A. DAVIDSON & CO.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0715 | DAVENPORT & COMPANY LLC<br>One James Center<br>901 East Cary Street, Suite 1100<br>Richmond, VA  23219<br>Attn:  Legal Dept. |
| 0573 | DEUTSCHE BANK SECURITIES INC.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0385 | E*TRADE SECURITIES LLC<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 0057 | EDWARD D. JONES & CO.<br>c/o Rachel Jaffe Mauceri, Esq.<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA  19103-2921 |
| 2391 | FEDERAL HOME LOAN MORTGAGE CORPORATION<br>8200 Jones Branch Dr.<br>McLean, VA  22102<br>Attn:  Legal Dept. |

APPENDIX 2

| | |
|---|---|
| 0987 | FIDUCIARY SSB<br>c/o State Street Bank & Trust Company<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |
| 2116 | FIFTH THIRD BANK<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 0309 | FIRST SOUTHWEST COMPANY<br>c/o Don Campbell, Registered Agent<br>325 North Saint Paul Street, Suite 800<br>Dallas, TX 75201 |
| 0129 | GEORGE K. BAUM & COMPANY<br>c/o National Registered Agents, Inc.<br>28 Liberty Street<br>New York, NY 10005 |
| 0005 | GOLDMAN SACHS & CO. LLC<br>c/o Goodwin Procter LLP<br>Attn: Charles A. Brown, Esq.<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
| 2941 | GOLDMAN SACHS BANK USA<br>c/o Goodwin Procter LLP<br>Attn: Charles A. Brown, Esq.<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
| 8197 | GOLDMAN SACHS BANK USA/#2<br>c/o Goodwin Procter LLP<br>Attn: Charles A. Brown, Esq.<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
| 0501 | GOLDMAN SACHS EXECUT<br>c/o Goodwin Procter LLP<br>Attn: Charles A. Brown, Esq.<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |

63395251 v1

APPENDIX 2

| | |
|---|---|
| 181 | GUGGENHEIM SECURITIES, LLC<br>c/o Corporation Service Company<br>80 State Street<br>Albank, NY  12207-2543 |
| 0768 | HILLIARD, LYONS LLC<br>500 West Jefferson Street, Suite 700<br>Louisville, KY  40202<br>Attn:  Legal Dept. |
| 0279 | HILLTOP SECURITIES INC.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0534 | INTERACTIVE BROKERS RETAIL EQUITY CLEARING<br>c/o Interactive Brokers<br>One Pickwick Plaza<br>Greenwich, CT  06830<br>Attn:  Legal Dept. |
| 0750 | INTL FCSTONE FINANCIAL INC.<br>c/o Corporate Creations Network Inc.<br>15 North Mill Street<br>Nyack, NY 10960 |
| 0187 | J.P. MORGAN SECURITIES LLC<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0352 | J.P. MORGAN SECURITIES LLC/JPMC AKA OR FKA J.P.<br>MORGAN CLEARING<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0374 | JANNEY MONTGOMERY SCOTT LLC<br>c/o Andrew Southerling, Esq.<br>McGuireWoods<br>2001 K Street N.W.<br>Washington, D.C. 20006 |
| 2424 | JPMORGAN CHASE BANK, N.A./CUSTODIAL TRUST<br>COMPANY<br>c/o Simpson Thacher & Bartlett LLP<br>Attn:  David Elbaum, Esq.<br>425 Lexington Avenue<br>New York, NY  10017 |

**APPENDIX 2**

| | |
|---|---|
| 0902 | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION<br>c/o Simpson Thacher & Bartlett LLP<br>Attn:  David Elbaum, Esq.<br>425 Lexington Avenue<br>New York, NY  10017 |
| 2164 | JPMORGAN CHASE BANK/CORRESPONDENCE CLEARING<br>SERVICES 2<br>c/o Simpson Thacher & Bartlett LLP<br>Attn:  David Elbaum, Esq.<br>425 Lexington Avenue<br>New York, NY  10017 |
| 0799 | KEYBANC CAP MKTS INC.<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 2205 | KEYBANK NATIONAL ASSOCIATION<br>Attn: Legal Department<br>127 Public Square<br>Cleveland, OH 44114 |
| 0308 | LAZARD CAP MKTS LLC<br>c/o Lazard<br>4 Embarcadero Center, 24th Floor<br>San Francisco, CA  94111<br>Attn:  Legal Dept. |
| 0075 | LPL FINANCIAL CORPORATION<br>c/o Stephanie L. Brown<br>155 Federal Street, 14th Floor<br>Boston, MA 02110 |
| 0990 | Manufacturers and Traders Trust Company<br>Attn: Legal Dept.<br>One M and T Plaza<br>Buffalo, NY 14203 |
| 0773 | MERRILL LYNCH PIERCE FENNER & SMITH/FIXED INCOME<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 5198 | MERRILL LYNCH, PIERCE FENNER & SMITH SAFEKEEPING<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |

APPENDIX 2

| 0161 | MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
|------|------|
| 0727 | MESIROW FINANCIAL<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543<br>and<br>Mesirow Financial<br>Attn:  Jeffrey Levine<br>Senior Managing Director & General Counsel<br>353 N. Clark Street<br>Chicago, IL 60654 |
| 2932 | MITSUBISHI UFJ TRUST & BANKING CORPORATION, NEW YORK BRANCH<br>420 Fifth Avenue, 6th Floor<br>New York, NY  10018<br>Attn:  Legal Dept. |
| 0780 | MORGAN KEEGAN & CO<br>Morgan Keegan Tower<br>50 North Front Street<br>Memphis, TN  38103<br>Attn:  Legal Dept. |
| 0050 | MORGAN STANLEY & CO. LLC<br>Andrew M. Good, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036 |
| 0015 | MORGAN STANLEY SMITH BARNEY LLC<br>Andrew M. Good, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>4 Times Square<br>New York, NY 10036 |
| 0226 | NATIONAL FINANCIAL SERVICES LLC<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |

APPENDIX 2

| | |
|---|---|
| 2778 | NORTHERN TRUST COMPANY/FUTURE FUND ACCOUNTS<br>Attn: Legal Dept.<br>50 South LaSalle Street<br>Chicago, IL 60603 |
| 0571 | OPPENHEIMER & CO. INC.<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 0338 | OPTIONSXPRESS, INC.<br>150 South Wacker, 12th Floor<br>Chicago, IL  60606<br>Attn:  Legal Dept. |
| 0443 | PERSHING LLC<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 0311 | PIPER JAFFREY & CO<br>c/o Andrew Southerling, Esq.<br>McGuireWoods<br>2001 K Street N.W.<br>Washington, D.C. 20006 |
| 2616 | PNC BANK, NATIONAL ASSOCIATION<br>Attn: Legal Dept.<br>222 Delaware Avenue<br>Wilmington, DE 19899 |
| 0725 | RAYMOND JAMES & ASSOCIATES, INC.<br>c/o CT Corporation System<br>1200 South Pine Island Road<br>Plantation, FL  33324 |
| 0390 | RAYMOND JAMES & ASSOCIATES, INC/FI<br>c/o CT Corporation System<br>1200 South Pine Island Road<br>Plantation, FL  33324 |
| 0235 | RBC CAPITAL MARKETS, LLC<br>c/o Corporate Service Company<br>80 State Street<br>Albany, NY 12207-2543 |

63395251 v1

APPENDIX 2

| 4801 | RBC DOMINION SECURITIES INC./CDS**<br>c/o CT Corporation System<br>155 Federal Street, Suite 700<br>Boston, MA 02110 |
|------|------|
| 0971 | REGIONS BANK<br>Attn: Legal Dept.<br>1900 Fifth Avenue North<br>Birmingham, AL 35203 |
| 5962 | RELIANCE TRUST COMPANY<br>1100 Abernathy Road North East<br>Suite 400<br>Atlanta, GA  30328 |
| 2042 | RELIANCE TRUST COMPANY/SWMS1<br>1100 Abernathy Road North East<br>Suite 400<br>Atlanta, GA  30328<br>Attn:  Legal Dept. |
| 2085 | RELIANCE TRUST COMPANY/SWMS2<br>1100 Abernathy Road North East<br>Suite 400<br>Atlanta, GA  30328<br>Attn:  Legal Dept. |
| 0547 | ROBERT W. BAIRD & CO. INCORPORATED<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 6931 | ROOSEVELT & CROSS<br>Attn: Thomas Vigorito<br>One Exchange Place<br>55 Broadway, 22nd Floor<br>New York, NY 10006 |
| 0013 | SANFORD C. BERNSTEIN & CO., LLC<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |
| 0705 | SCOTTRADE, INC.<br>c/o Incorporating Services, LTD.<br>3500 South Dupont Highway<br>Dover, Delaware 19901 |

APPENDIX 2

| 2039 | SEI PRIVATE TRUST COMPANY<br>c/o Joel Wertman, Esq.<br>Winget, Spadafora and Schwartzberg, LLP<br>1528 Walnut Street, Suite 1502<br>Philadelphia, PA  19102 |
|---|---|
| 2663 | SEI PRIVATE TRUST COMPANY/C/O GWP<br>c/o Joel Wertman, Esq.<br>Winget, Spadafora and Schwartzberg, LLP<br>1528 Walnut Street, Suite 1502<br>Philadelphia, PA  19102 |
| 279 | SOUTHWEST SECURITIES, INC.<br>c/o HilltopSecurities<br>Attn:  Legal Dept.<br> 1201 Elm Street, Suite 3500<br> Dallas, TX 75270 |
| 2767 | SSB - BLACKROCK INSTITUTIONAL TRUST<br>c/o State Street Bank & Trust Company<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |
| 2319 | SSB - TRUST CUSTODY<br>c/o State Street Bank & Trust Company<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |
| 2678 | SSB&T CO/CLIENT CUSTODY SERVICES<br>c/o State Street Bank & Trust Company<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |
| 2950 | STATE STREET BANK & TRUST/STATE STREET TOTALETF<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |
| 0997 | STATE STREET BANK AND TRUST COMPANY<br>Attn: Legal Dept.<br>1 Lincoln Street, FL 1<br>Boston, MA 02111 |

APPENDIX 2

| | |
|---|---|
| 0419 | STEPHENS INC.<br>c/o CT Corporation System<br>155 Federal Street, Suite 700<br>Boston, MA 02110 |
| 750 | STERNE, AGEE & LEACH, INC.<br>c/o National Registered Agents, Inc.<br>160 Greentree Drive, Suite 101<br>Dover, DE  19904 |
| 0793 | STIFEL, NICOLAUS & COMPANY, INCORPORATED<br>c/o Andrew Southerling, Esq.<br>McGuireWoods<br>2001 K Street N.W.<br>Washington, D.C. 20006 |
| 0445 | STOCKCROSS FINANCIAL SERVICES, INC.<br>Attn: Legal Dept.<br>77 Summer Street<br>Boston, MA 02110 |
| 6759 | STOEVER GLASS & CO.<br>30 Wall Street, New York, NY  10005<br>Attn:  Legal Dept. |
| 7027 | SWENEY CARTWRIGHT CO<br>17 South High Street, Suite 300<br>Columbus, OH  43215<br>Attn:  Legal Dept. |
| 0188 | TD AMERITRADE CLEARING, INC.<br>C/O TD Ameritrade<br>200 South 108th Avenue<br>Omaha, NE  68154<br>Attn:  Legal Dept. |
| 0284 | TD PRIME SERVICES LLC<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543 |
| 0901 | THE BANK OF NEW YORK MELLON<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |

APPENDIX 2

| | |
|---|---|
| 2023 | THE BANK OF NEW YORK MELLON/FMSBONDS, INC.<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 0954 | THE BANK OF NEW YORK MELLON/MELLON TRUST OF<br>NEW ENGLAND, NATIONAL ASSOCIATION<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2543 | THE BANK OF NEW YORK MELLON/NOMURA BANK INT'L<br>PLC<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 2092 | THE BANK OF NEW YORK/POPULAR SECURITIES, INC.<br>c/o Reed Smith LLP<br>Attn: Eric A. Schaffer, Esq.<br>Attn: C. Neil Gray, Esq.<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |
| 4816 | THE BANK OF NOVA SCOTIA/CLIENT A<br>Banque Scotia<br>40 King St. West<br>Scotia Plaza<br>Toronto, ON  M5H 1H1<br>Canada<br>Attn:  Legal Dept. |
| 2305 | THE HUNTINGTON NATIONAL BANK<br>17 South High Street<br>Columbus, OH  43216<br>Attn:  Legal Dept. |
| 2669 | THE NORTHERN TRUST COMPANY<br>Attn: Legal Dept.<br>50 South LaSalle Street<br>Chicago, IL 60603 |

APPENDIX 2

| 549 | TIMBER HILL LLC<br>c/o IBG LLC<br>One Pickwick Plaza<br>Greenwich, CT  06830 |
|---|---|
| 0280 | U.S. BANCORP INVESTMENTS, INC.<br>Attn: Kenneth S. Cameraneski<br>60 Livingston Ave<br>EP-MN-WN3C<br>St. Paul, MN 55107 |
| 2803 | U.S. BANK N.A.<br>c/o Hogan Lovells US LLP<br>Attn:  Robin E. Keller, Esq.<br>875 Third Avenue<br>New York, NY 10022 |
| 1510 | U.S. BANK N.A./CP<br>c/o Hogan Lovells US LLP<br>Attn:  Robin E. Keller, Esq.<br>875 Third Avenue<br>New York, NY 10022 |
| 0221 | UBS FINANCIAL SERVICES INC.<br>c/o Corporation Services Company<br>80 State Street<br>Albany, NY 12207 |
| 642 | UBS Securities LLC<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY  12207-2543 |
| 2450 | UMB Bank, National Association<br>Attn: Legal Dept.<br>1010 Grand Boulevard<br>Kansas City, MO 64106 |
| 2067 | Union Bank & Trust Company<br>Attn:  Legal Dept.<br>60 Commerce Street<br>Montgomery, AL 36104 |
| 2145 | Union Bank, N.A.<br>Attn:  Legal Dept.<br>400 California Street<br>San Francisco, CA  94104 |
| 0367 | USAA INVEST MGMT CO<br>c/o Corporation Service Company<br>84 State Street<br>Boston, MA 02109 |

63395251 v1

**APPENDIX 2**

| | |
|---|---|
| 0062 | USAA INVEST MGMT CO<br>c/o Corporation Service Company<br>84 State Street<br>Boston, MA 02109 |
| 62 | VANGUARD MARKETING CORPORATION<br>Attn:  Legal Dept.<br>100 Vanguard Boulevard<br>Malvern, PA 19355 |
| 0595 | VISION FINANCIAL MARKETS LLC<br>Attn: Legal Dept.<br>120 Long Ridge Road<br>3 North<br>Stamford, CT 06902 |
| 0103 | WEDBUSH SECURITIES INC.<br>Attn: President<br>610 Newport Centre Drive<br>Suite 1300<br>Newport Beach, CA 92660 |
| 2271 | WESBANCO BANK, INC.<br>Attn: Legal Dept.<br>One Bank Plaza<br>Wheeling, WV 26003 |
| 0771 | WILLIAM BLAIR & COMPANY, L.L.C.<br>c/o CT Corporation System<br>28 Liberty Street<br>New York, NY 10005 |

## Appendix 3

## CUSIP Payment Dates

| BOND SERIES | CUSIP | LOOKBACK PERIOD |
|---|---|---|
| 2011 C | 74514LWX1 | May 3, 2013 - May 3, 2017 |
| | 74514LWY9 | |
| | 74514LWZ6 | |
| | 74514LXA0 | |
| | 74514LXB8 | |
| | 74514LXC6 | |
| | 74514LXD4 | |
| | 74514LXE2 | |
| | 74514LXF9 | |
| | 74514LXG7 | |
| | 74514LXH5 | |
| 2011 PIRB | 74514LYW1 | |
| 2011 D | 74514LZA8 | |
| | 74514LZB6 | |
| | 74514LZC4 | |
| | 74514LZD2 | |
| | 74514LZE0 | |
| | 74514LZF7 | |
| | 74514LZG5 | |
| | 74514LZH3 | |
| | 74514LZJ9 | |
| | 74514LYX9 | |
| | 74514LYY7 | |
| | 74514LYZ4 | |
| 2011 E | 74514LZK6 | |
| | 74514LZL4 | |
| | 74514LZM2 | |
| | 74514LZN0 | |
| | 74514LZP5 | |
| | 74514LZQ3 | |
| 2012 A | 74514LA31 | |
| | 74514LC47 | |
| | 74514LA49 | |
| | 74514LC54 | |
| | 74514LA56 | |
| | 74514LC62 | |
| | 74514LD46 | |
| | 74514LC70 | |

| BOND SERIES | CUSIP | LOOKBACK PERIOD |
|---|---|---|
| | 74514LA64 | |
| | 74514LD53 | |
| | 74514LC88 | |
| | 74514LA72 | |
| | 74514LD61 | |
| | 74514LA80 | |
| | 74514LD79 | |
| | 74514LD38 | |
| | 74514LC96 | |
| | 74514LA98 | |
| | 74514LB22 | |
| | 74514LD87 | |
| | 74514LB30 | |
| | 74514LB48 | |
| | 74514LB97 | |
| | 74514LB55 | |
| | 74514LC21 | |
| | 74514LC39 | |
| | 74514LD20 | |
| | 74514LB63 | |
| | 74514LB71 | |
| | 74514LB89 | |
| | 74514LZS9 | |
| | 74514LZT7 | |
| | 74514LZU4 | |
| | 74514LZV2 | |
| 2012 B | 74514LZW0 | |
| | 74514LZX8 | |
| | 74514LZY6 | |
| | 74514LZZ3 | |
| | 74514LA23 | |
| 2014 | 74514LE86 | |

**PBA BONDS**

| BOND SERIES | CUSIP | LOOKBACK PERIOD |
|---|---|---|
| | 745235M57 | May 3, 2013 - May 3, 2017 |
| SERIES R | 745235M65 | |
| | 745235M73 | |
| | 745235M81 | |
| | 745235M99 | |
| SERIES S | 745235N23 | |
| | 745235N31 | |
| | 745235N49 | |

| BOND SERIES | CUSIP | LOOKBACK PERIOD |
|---|---|---|
| | 745235N56 | |
| | 745235N64 | |
| | 745235N72 | |
| | 745235N80 | |
| | 745235N98 | |
| | 745235P21 | |
| | 745235P39 | |
| | 745235P47 | |
| | 745235P54 | |
| | 745235P62 | |
| | 745235P70 | |
| | 745235P88 | |
| SERIES T | 745235Q20 | |
| | 745235R37 | |
| | 745235S51 | |
| | 745235R45 | |
| | 745235R52 | |
| | 745235R60 | |
| | 745235R78 | |
| SERIES U | 745235R86 | |
| | 745235R94 | |
| | 745235S28 | |
| | 745235S36 | |
| | 745235S44 | |
| | 745235S69 | |

**ERS BONDS**

| BOND SERIES | CUSIP | LOOKBACK PERIOD |
|---|---|---|
| SERIES A | 29216MAC4 | May 21, 2013 - May 21, 2017 |
| | 29216MAF7 | |
| | 29216MAG5 | |
| | 29216MAH3 | |
| | 29216MAJ9 | |
| | 29216MAK6 | |
| | 29216MAL4 | |
| | 29216MAD2 | |
| | 29216MAM2 | |
| | 29216MAN0 | |
| | 29216MAP5 | |
| | 29216MAQ3 | |
| | 29216MAE0 | |
| SERIES B | 29216MBA7 | |
| | 29216MBB5 | |
| | 29216MBC3 | |

3

| | 29216MBD1 | |
|---|---|---|
| | 29216MBE9 | |
| | 29216MBF6 | |
| | 29216MBG4 | |
| | 29216MBH2 | |
| | 29216MBJ8 | |
| SERIES C | 29216MBL3 | |
| | 29216MBN9 | |
| | 29216MBP4 | |