# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| _____ X | : | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| _____ X | | |

**OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

JURISDICTION, VENUE, AND STATUTORY BASES ........................................................... 4

BACKGROUND .......................................................................................................................... 4

RELIEF REQUESTED ................................................................................................................. 5

BASIS FOR RELIEF REQUESTED ............................................................................................ 6

    I.     Court Should Grant Extension of Time for Service to November 1, 2019,
          Without Prejudice to Further Extensions ............................................................... 6

    II.    Court Should Stay Adversary Proceedings ............................................................ 8

NOTICE ...................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*,
   197 F.R.D. 104 (S.D.N.Y. 2000) .................................................................................7

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
   335 F. Supp. 3d 256 (D.P.R. 2018)................................................................................8

*U.S. Bank Nat'l Ass'n v. SMF Energy Corp. (In re Interstate Bakeries Corp.)*,
   460 B.R. 222 (8th Cir. B.A.P. 2011)..............................................................................7

*Riverdale Mills Corp. v. U.S. Dept. of Transp.*,
   225 F.R.D. 393 (D. Mass. 2005)....................................................................................6

**Other Authorities**

Fed. R. Bankr. P. 9006(b)(1)..................................................................................................6

Fed. R. Civ. P. 4(m) ..............................................................................................................6

Fed. R. Civ. P. 4(m), (f) ........................................................................................................2

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the "Committee"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and its Special Claims Committee (the "SCC", and together with the Committee and the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7004 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these title III cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) extending the time for service of the summons and complaint in certain Adversary Proceedings (as defined below) to November 1, 2019, without prejudice to further extensions, and (ii) otherwise staying the Adversary Proceedings until either (a) plaintiffs in a particular Adversary Proceeding jointly request to resume such Adversary Proceeding or (b) further order of the Court.[1] Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous Adversary Proceedings. In support of this Motion, Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1. On May 2, 2019, Movants commenced fifteen adversary proceedings against more than 1200 defendants relating to certain Commonwealth general obligation bonds (the "Challenged GO Bonds").[2] Eight of the Adversary Proceedings (the "Clawback Actions")[3]

---

[1] As discussed below, any plaintiff or defendant shall have the ability to file a motion requesting that the stay of a particular Adversary Proceeding be lifted for good cause shown.

[2] Not all Movants are plaintiffs in all Adversary Proceedings. Movants also commenced a number of additional adversary proceedings (sometimes referred to as the "garden variety" avoidance actions) against certain non-

assert claims for declaratory relief and to recover certain principal and interest payments as, among other things, fraudulent transfers from defendants that owned or currently own certain Challenged GO Bonds. The remaining seven Adversary Proceedings (the "Lien Avoidance Actions", and, together with the Clawback Actions, the "Adversary Proceedings")[4] assert lien avoidance claims against more than 470 defendants that have asserted that the Challenged GO Bonds they own are secured by Commonwealth assets.

2. Movants commenced the Adversary Proceedings when they did because the statute of limitations applicable to certain of the underlying claims was set to expire last week. But for this deadline, Movants would have postponed the filing of the Adversary Proceedings to, among other things, explore settlement discussions with certain defendants and continue to evaluate the necessity of pursuing certain claims, including claims against individuals.

3. In light of this reality, and given the fact that it would be extraordinarily difficult, if not impossible, to serve all domestic defendants in the Adversary Proceedings within the 90 days required by Federal Rule of Civil Procedure 4(m), Movants respectfully request that the Court enter an order (i) extending the 90-day period for serving domestic defendants[5] in the Adversary Proceedings by approximately 90 days to November 1, 2019, and (ii) otherwise staying the Adversary Proceedings pending either (a) a joint request by all plaintiffs in a particular Adversary Proceeding to resume such Adversary Proceeding or (b) further order of the

---

bondholder recipients of preferential and constructively fraudulent transfers. Plaintiffs are considering and may propose omnibus procedures for the litigation of these additional adversary proceedings in a coordinated and cost-efficient manner.

[3] See Adv. Proc. Nos. 19-281 through 19-288.

[4] See Adv. Proc. Nos. 19-291 through 19-297.

[5] Some defendants may be located outside of the Commonwealth and the United States, in which case the 90-day time limit for service does not apply. See Fed. R. Civ. P. 4(m), (f).

2

Court, including following a request by less than all plaintiffs or any defendant in an Adversary Proceeding to resume the Adversary Proceeding for good cause shown.[6]

4. Granting this relief will benefit not only Movants and the Commonwealth, but all parties in interest. As noted above, Movants intend to use the additional time for service to potentially settle or otherwise resolve their claims against certain defendants. This process will benefit all defendants, including especially those who are individuals, as Movants are sensitive to the hardship that this litigation may impose on individuals and may ultimately decide not to prosecute claims against some or all of them who are small holders. To the extent Movants settle or otherwise resolve their claims against certain defendants, service costs will be avoided.

5. A stay of the Adversary Proceedings will also promote judicial economy. Without a stay, defendants in the same adversary proceeding (or in the case of the Clawback Actions and the Lien Avoidance Actions, respectively, defendants in separate but identical adversary proceedings) could have hundreds of different answer deadlines, depending on when each defendant is served. Such a multi-tracked schedule would not be manageable. The Court should instead wait until all or a significant portion of the defendants have been served and then enter global scheduling orders as appropriate.

6. The Clawback Actions will also benefit from a stay due to the similarities they share with the joint claim objection (the "Claim Objection")[7] that the SCC and the Committee

---

[6] Movants are mindful that the Court would ordinarily generate electronic summonses for each of the defendants in the Adversary Proceedings. Pursuant to Bankruptcy Rule 7004(e), these initial summonses will expire and need to be reissued after seven days. As a practical matter, Plaintiffs will not be able to serve most of the defendants within seven days. Accordingly, Movants would suggest that, to avoid unnecessary work for the Court and prevent crowding of the docket, the Court not issue initial summonses. Plaintiffs will instead request that summonses be reissued when Plaintiffs are ready to effect service on particular defendants.

[7] *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* (Entered: 01/14/2019) [Case No. 17-3283, Docket No. 4784].

3

filed in January 2019. The Claim Objection contends that the Challenged GO Bonds were issued in violation of the Puerto Rico Constitution and are therefore null and void.[8] Because the Clawback Actions involve this same issue, it would promote judicial economy to postpone litigation of the Clawback Actions until further progress has been made in the Claim Objection.[9]

7. Finally, the Court should, at a minimum, grant the requested extension of time for service due to the practical difficulty of serving all defendants promptly. Movants do not presently have addresses for many of the defendants and may eventually need to seek Court-ordered discovery to obtain such information. Plaintiffs also have a number of other complex and time-consuming matters that will require much of their attention over the next 90 days.

8. For these reasons and those discussed below, Movants believe that an extension of the service deadlines and a stay of the Adversary Proceedings are in the best interest of all parties and respectfully request that the Motion be granted.

## JURISDICTION, VENUE, AND STATUTORY BASES

9. The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

10. Venue is proper pursuant to section 307(a) of PROMESA.

11. The statutory bases for the relief requested herein are sections 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7004 and 9006(b).

## BACKGROUND

12. On January 14, 2019, the Oversight Board, acting by and through the SCC, and the Committee filed the Claim Objection to claims held by holders of certain of the Challenged

---

[8] Unlike the Adversary Proceedings, the Claim Objection seeks only to disallow claims on account of the Challenged GO Bonds and not to recover principal and interest payments made to holders of the bonds.

[9] Plaintiffs may seek to stay the Adversary Proceedings until the Claim Objection is fully or partially resolved, though they are not seeking such relief at this time.

GO Bonds. The Claim Objection asserts that the Challenged GO Bonds were issued in violation of the Puerto Rico Constitution, including its debt service limit, and therefore the Challenged GO Bonds are invalid. To date, nearly 1700 parties have filed notices of participation in the litigation of the Claim Objection.

13. On April 26, 2019, the Court entered the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No. 17-3283, Docket No. 6524] (the "Stipulation"), authorizing the Committee to prosecute certain causes of action belonging to the Debtors, including the Adversary Proceedings, as co-plaintiff.

14. On May 1 and May 2, 2019, Movants filed the Adversary Proceedings. Movants filed the Adversary Proceedings on these dates because of the impending statute of limitations deadline under section 546(a) of the Bankruptcy Code. But for this deadline, Movants would have continued to evaluate the costs and benefits of their claims and may have ultimately chosen not to litigate against certain defendants.

## RELIEF REQUESTED

15. By this Motion, Movants seek entry of an order (i) extending the time for Movants to complete service on domestic defendants in the Adversary Proceedings to November 1, 2019, without prejudice to Movants' ability to seek further extensions, and (ii) otherwise staying the Adversary Proceedings until either (a) a request by all plaintiffs in a particular Adversary Proceeding to resume the Adversary Proceeding, or (b) further order of the Court,

5

including following a request by any plaintiff or any defendant in an Adversary Proceeding to resume the Adversary Proceeding for good cause shown.[10]

## BASIS FOR RELIEF REQUESTED

### I. Court Should Grant Extension of Time for Service to November 1, 2019, Without Prejudice to Further Extensions

16. Ample cause exists under both Federal Rule of Civil Procedure 4(m) and Bankruptcy Rule 9006(b)(1) to extend the service deadline in the Adversary Proceedings by approximately 90 days to November 1, 2019, without prejudice to further extensions.

17. Federal Rule 4(m), incorporated by Bankruptcy Rule 7004, provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[11] The rule further provides, however, that if the plaintiff "shows good cause for the failure" to serve within 90 days, "the court ***must*** extend the time for service for an appropriate period." *Id*. (emphasis added).[12] In addition, Bankruptcy Rule 9006(b)(1) provides that, "when an act is required or allowed to be done at or within a specified period by these rules . . . , the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefor is made before the expiration of the period originally prescribed." Fed. R. Bankr. P. 9006(b)(1).

---

[10] The Committee's ability to request a termination of the stay absent the support of its co-plaintiff in a particular Adversary Proceeding is consistent with the Committee's rights under paragraph 11 of the Stipulation to terminate a tolling agreement and seek leave to be appointed as sole plaintiff in an action against the counterparty to such tolling agreement.

[11] Pursuant to Federal Rule of Civil Procedure 4(f), the 90-day time limit for service does not apply to a defendant located in a foreign country.

[12] Even absent good cause, a court may still, in its discretion, extend the time for service of process. *Riverdale Mills Corp. v. U.S. Dept. of Transp.*, 225 F.R.D. 393, 395 (D. Mass. 2005) (internal citations omitted). The determination of whether to extend the time for service of process absent good cause is based on a number of factors, including whether (i) the party to be served received actual notice of the lawsuit, (ii) the defendant would suffer prejudice, and (iii) plaintiff would be severely prejudiced if his complaint were dismissed. *Id.* (finding that additional time for service should be granted).

6

18. One circumstance in which bankruptcy courts have granted lengthy extensions of time to complete service is where, as here, the debtor commenced litigation against a large number of defendants for the purpose of meeting a statute of limitations deadline. The decision by the Bankruptcy Appellate Panel of the Eighth Circuit (the "BAP") in *In re Interstate Bakeries Corp.* is instructive in this regard. *U.S. Bank Nat'l Ass'n v. SMF Energy Corp.* (*In re Interstate Bakeries Corp.*), 460 B.R. 222 (8th Cir. B.A.P. 2011). There, the BAP affirmed the bankruptcy court's five separate extensions, totaling more than three and a half years, of the time for service of the debtor's complaint against approximately 400 preference defendants. *Id.* at 226. The bankruptcy court found that delaying the litigation benefitted all parties in interest where the debtor had filed the preference claims to meet a statute of limitations deadline but had not yet determined whether to pursue the claims. *Id.* The BAP agreed, finding that the debtor's goal of avoiding the pursuit of unnecessary claims was a "good faith goal" that "resulted in preserving estate resources, time, and effort;" therefore, cause existed for the extensions. *Id.* at 231-32. The same is true here. Movants should be free to use their judgment to decide when moving forward with the Adversary Proceedings will best meet the needs and objectives of the Commonwealth and its creditors in these title III cases.

19. In addition, because Federal Rule 4(m) provides for dismissal of the action *without prejudice* if service has not occurred within 90 days, courts have held that an extension of time for service should be granted where necessary to prevent a dismissal from effectively becoming *with prejudice* due to the expiration of a statute of limitations. *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109-10 (S.D.N.Y. 2000) ("Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. The rationale for this principle is that

7

dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits.") (citations omitted).[13] Here, as discussed above, the statute of limitations applicable to certain of Movants' claims was set to expire last week. The Court should extend the time to complete service beyond the initial 90 days to ensure that Movants' claims are preserved.

20. Finally, cause exists to extend the service deadline because serving all domestic defendants within 90 days would be difficult, if not impossible. This would be the case in any litigation involving such a large number of defendants, but it is especially true here. Movants presently lack address information for many of the defendants and may not be able to obtain such information without a Court order. In addition, there are numerous other matters in these title III cases, including dozens of other recently-commenced adversary proceedings, that will require much of Movants' time and attention during the next few months.

21. Accordingly, for these reasons, Movants respectfully request that the Court extend the deadline for service of process for all domestic defendants in the Adversary Proceedings to November 1, 2019, without prejudice to Movants' ability to seek further extensions if they have not completed service by such date.

## II. Court Should Stay Adversary Proceedings

22. As this Court has recognized, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 335 F. Supp. 3d 256, 262 (D.P.R. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Generally, courts have the discretionary power to stay an action in the

---

[13] Indeed, the need to preserve the plaintiff's claims may justify an extension even where the plaintiff has not established cause for its failure to complete service. *Id.*

8

interest of justice and efficiency." *Id.* (quoting *Total Petroleum P.R. Corp. v. T.C. Oil, Corp.*, CIVIL NO. 09-1105 (JP), 2010 WL 11545626, at *1 (D.P.R. May 7, 2010)). The court must balance the equities and potential prejudice to each party. *Id.* (internal quotations and citations omitted).

23. Here, staying the Adversary Proceedings is necessary to promote efficiency and maintain an orderly schedule. Absent a stay, each defendant could have a different answer deadline depending on when service occurs. With more than 1200 defendants, this could result in hundreds of different schedules, a scenario that would simply not be manageable. The parties should instead wait until service has been completed on all or a significant number of the defendants in each of the Clawback Actions and the Lien Avoidance Actions and then propose global scheduling orders applicable to such actions.

24. The Clawback Actions should also be stayed pending further litigation of the Claim Objection. As noted above, the Clawback Actions and the Claim Objection both involve the issue of whether the Challenged GO Bonds are null and void for having been issued in violation of the Puerto Rico Constitution. Because a resolution of this issue in the Claim Objection may directly impact the Clawback Actions, it would be inefficient to litigate the Clawback Actions until additional progress has been made in the Claim Objection. *See id.* ("A Court further has the discretion to grant a stay when a similar action is pending in another court and where a higher court is close to settling an issue of law bearing on the action.").

25. For all of these reasons, Movants request that, regardless of whether service has been completed on certain defendants, the Court enter an order staying the Adversary Proceedings as to all defendants pending either (a) a joint request by all plaintiffs in a particular Adversary Proceeding to resume the Adversary Proceeding or (b) further order of the Court,

9

including upon a request by any plaintiff or defendant in an Adversary Proceeding to resume the Adversary Proceeding for good cause shown.

## NOTICE

26. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (v) the Official Committee of Retired Employees of the Commonwealth of Puerto Rico; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have filed a notice of appearance in the above-captioned title III cases.

[*Remainder of page intentionally left blank.*]

WHEREFORE, Movants respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and granting Movants such other relief as this Court deems just and proper.

Dated: May 7, 2019
San Juan, Puerto Rico

Respectfully submitted,

*/s/* Edward S. Weisfelner

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee, in Certain of the Adversary Proceedings*

and

*/s/ Alberto Estrella*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*/s/ Luc A. Despins*,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Adversary Proceedings*

- and –

*/s/ John Arrastia*,

GENOVESE JOBLOVE & BATTISTA, P.A
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Proposed Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

11

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee, in Certain of the Adversary Proceedings*

/s/   Martin J. Bienenstock

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted Pro Hac Vice)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

-and-

*/s/ Juan J. Casillas*            ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
      (USDC-PR 218312)
Diana M. Batlle-Barasorda, Esq.,
      (USDC- PR 213103)
Alberto J. E. Aneses Negron, Esq.,
      (USDC-PR 302710)
Ericka C. Montull-Novoa, Esq.,
      (USDC-PR 230601)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Adversary Proceedings*

12