UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- x
:
In re:                                                                :
:
THE FINANCIAL OVERSIGHT AND                  : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,            : Title III
:
as representative of                         : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,*    : (Jointly Administered)
:
Debtors.[1]                                  :
---------------------------------------------------------------------- x

**URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION
AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL
COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION
OF CERTAIN CAUSES OF ACTION OF PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Special Claims Committee of the Oversight Board (the "Special Claims Committee" and, together with the Oversight Board and the Committee, the "Parties"), respectfully submit this urgent joint motion (the "Urgent Motion"), for entry of an order

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

approving the stipulation, attached hereto as **Exhibit A** (the "HTA/ERS Stipulation"),[2] by and among the Oversight Board, the Special Claims Committee, and the Committee regarding the prosecution of causes of actions of HTA and ERS against certain entities and the allocation of litigation responsibilities.[3] In support of this Urgent Motion, the Parties respectfully state as follows:

## BACKGROUND

1. On March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Committee's motion [Docket No. 5997] seeking, among other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Oversight Board on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to Section 926 of the Bankruptcy Code due to the imminent expiration of the deadlines to commence actions under section 546(a) of the Bankruptcy Code.

2. The Committee, the Oversight Board and the Special Claims Committee, after numerous meet and confer sessions, agreed to a framework, embodied in a stipulation, to pursue causes of action belonging to the Commonwealth (the "Commonwealth Stipulation"). The Commonwealth Stipulation was "so ordered" by the Court on April 26, 2019.[4]

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Stipulation. Descriptions of the Stipulation contained herein are for summary purposes only. The terms and provisions of the Stipulation govern to the extent any inconsistencies exist between the Stipulation and the descriptions of the Stipulation contained herein.

[3] By separate motion, filed concurrently herewith, the Parties are requesting that the Court schedule a hearing on this Urgent Motion on or before May 16, 2019 (subject to the Court's availability).

[4] *See Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524].

3. Since then, the Oversight Board, the Special Claims Committee, and the Committee have continued the meet and confer process regarding the allocation of litigation responsibilities with respect to causes of action against ERS and HTA. The statutes of limitations under section 108(a) and section 546(a) of the Bankruptcy Code to assert causes of action of ERS and HTA expire on May 20, 2019.

4. The Parties now request approval of the HTA/ERS Stipulation, modeled after the Commonwealth Stipulation, setting forth a framework for the joint prosecution of ERS' and HTA's causes of action.

## BASIS FOR RELIEF

5. In an effort to ensure the efficient prosecution of causes of action for the benefit of HTA, ERS and their creditors, the Oversight Board, the Special Claims Committee, and the Committee, working jointly, have identified claims or causes of action of ERS and HTA, which, subject to obtaining certain Tolling Agreements, shall be asserted against certain entities, and have resolved to work jointly on the prosecution of such claims or causes of action (all as further provided in the Stipulation).

6. The Stipulation establishes an agreed upon framework for the Parties' joint pursuit of causes of action by providing for, among other things, (a) the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings, (b) the appointment of the Committee as sole trustee/plaintiff with respect to the Subject Adversary Proceedings, and (c) a set of stipulated procedures that will govern the Parties' litigation efforts.

7. The HTA/ERS Stipulation closely follows the same structure as the Commonwealth Stipulation and also includes the various modifications the Parties made to resolve objections raised by other parties to that stipulation.[5]

8. As with the Commonwealth Stipulation, in light of (a) the imminent expiration of the statutes of limitation and (b) the pending challenge to the authority of the Oversight Board and the validity of its actions subsequent to the First Circuit decision, it is prudent to appoint the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-plaintiffs/co-trustees and grant them derivative standing to commence the causes of action prior to the expiration of the statutes of limitation. Indeed, as the Court previously found in approving the Commonwealth Stipulation at the April 24, 2019 hearing:

> The Commonwealth is currently faced with Statutes of Limitation that expire on May 2nd, 2019, pursuant to Sections 108(a) and 506 -- 546(a) of the Code. Additionally, in light of the decision of the First Circuit in *Aurelius v. Commonwealth of Puerto Rico*, 915 F.3d 838, First Circuit, 2019, the method of appointment of the current Oversight Board has been determined to be unconstitutional, and the 90-day stay period provided in that decision will expire on May 16 of 2019.
>
> Accordingly, the Committee and the Oversight Board are faced with a situation where even if the Oversight Board were to commence these actions prior to May 2nd, its authority to continue to prosecute the actions may expire or be interrupted soon thereafter, presenting a risk of detriment to the rights asserted in pending litigation by reason of the Oversight Board's inability to act on behalf of the Commonwealth.[6]

9. The same rationale applies to the HTA/ERS Stipulation. Moreover, in approving the Commonwealth Stipulation, the Court concluded that the terms of section 926(a) were satisfied by that stipulation, including that the Oversight Board "effectively refused" to pursue the causes of action in light of the statutes of limitation and the potential effect of the *Aurelius*

---

[5] For ease of comparison, attached hereto as **Exhibit B** is a blackline of the HTA/ERS Stipulation, marked to show changes against the Commonwealth Stipulation (as approved by the Court).

[6] April 24, 2019 Hr'g Tr. at 235:19-236:10.

decision.[7] The same concerns apply in the circumstances here. Furthermore, the Court found that the Oversight Board can confer consensual derivative standing under the *In re STN Enterprises* line of cases.[8]

10. As of the time of the filing of this Motion, the Parties have not yet finalized the Schedules of Potential Defendants and claims or causes of action to be asserted.[9] The fact that the Schedules have not yet been finalized, however, should not preclude approval of the HTA/ERS Stipulation. As noted above, the HTA/ERS Stipulation is designed to address the *Aurelius* issue by appointing the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, to assert causes of action before the expiration of the statutes of limitations, which causes of action the Oversight Board would otherwise assert on its own. Obviously, the Oversight Board does not require prior Court authorization to assert claims or causes of action, and, accordingly, the approval of the Stipulation should not turn on whether the Parties have finalized the list of Potential Defendants and causes of action. That said, the Parties intend to finalize the Schedules before the hearing to consider approval of the Stipulation and will, as they did with respect to the Commonwealth Stipulation, describe the types of claims to be asserted at that hearing, if not earlier.

11. For all these reasons, the Committee, the Oversight Board, and the Special Claims Committee respectfully request that the Court approve the Stipulation attached hereto as **Exhibit A**. The prompt approval of the Stipulation is critical given the expiration of statutes of limitations for HTA and ERS. By separate motion, filed concurrently herewith, the Parties are

---

[7] *Id.* at 236:21-237:5.

[8] April 24, 2019 Hr'g Tr. at 237:15-19.

[9] The Parties continue to negotiate in good faith with respect to the finalization of the Schedules.

requesting that the Court schedule a hearing on this Urgent Motion on or before May 16, 2019 (subject to the Court's availability).

12. Finally, in order to give parties in interest an opportunity to review and comment on the HTA/ERS Stipulation prior to filing, **on Friday, May 3, 2019, the Committee shared an advance draft of the HTA/ERS Stipulation with counsel to the ERS and HTA creditors that previously objected to the approval of the Commonwealth Stipulation.**

13. Pursuant to Paragraph I.H of the Case Management Procedures, the Parties hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; have not created the urgency through any lack of due diligence; have made a bona fide effort to resolve the matter without a hearing; and have made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## NOTICE

14. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

15. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Parties respectfully request the Court to approve and enter the Stipulation, attached hereto as **Exhibit A**, and grant the Parties such other relief as is just and proper.

Dated: May 8, 2019　　　　　　　　　　By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

By:   */s/ Brian S. Rosen*

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
(*Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

By: /s/ Sunni P. Beville

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

and

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*