UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------- x

In re:

THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III

as representative of : Case No. 17-BK-3283 (LTS)

THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)

Debtors.[1]

---------------------------------------------------------------- x

**MOTION OF CUERPO ORGANIZADO DE LA POLICIA, INC. FOR
ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING
DISCOVERY OF TITLE III DEBTORS, OTHER THAN COFINA,
<u>CONCERNING SALARIES OWED PURSUANT PAY SCALES
GRANTED BY LAW</u>**

To the Honorable United States Magistrate Judge Judith G. Dein:

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), made applicable to the above-captioned cases by section 310 of the Puerto Rico

Oversight, Management, and Economic Stability Act ("<u>PROMESA</u>"),[2] the Cuerpo Orgazanido de

la Policia, Inc. (hereinafter "<u>COPI</u>") hereby files this motion (the "<u>Motion</u>") requesting the

production of documents concerning the salaries owed pursuant to pay scales granted by law in

order to determine accuracy of amounts owed to the members (current and retired officers of the

Puerto Rico Police Department) of COPI. This, beginning with the targeted document request

("<u>Document Request</u>") attached hereto as Exhibit B

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>")
(Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government
of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii)
Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax
ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four
Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified at 48 U.S.C. § 2101-2241.

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

2. Venue is proper pursuant to section 307(a) of PROMESA.

3. Relief is requested pursuant to Bankruptcy Rule 2004, made applicable to these Title III cases by section 310 of PROMESA.

## PRELIMINARY STATEMENT

4. COPI is a nonprofit organization created in accordance with the laws of the government of Puerto Rico, whose members are also officers of the Puerto Rico Police Department. The corresponding Notice of Appearance was filed on August 31, 2017 and Proof of Claim were filed on behalf of their members. At the time of the Commonwealth of Puerto Rico bankruptcy filing, my clients had pending a cause of action from the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, San Juan Part. Case number for said cause of action is KAC 2006-6803 (508). In said cause of action, the organization, on behalf of its members, is making a claim against the Commonwealth of Puerto Rico, the Puerto Rico Police Department and the Department of Justice, for the payment of a significant sum of money. Said amounts owed are related to salaries owed for past promotions pursuant pay scales, granted by law, that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004.

5. On October 30, 2018 the Oversight Board issued an official communication, "Certified Fiscal Plan Information". Said document states as one of its main points: "$122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)". The

Oversight Board also informed that the same amount of money would be disbursed for the next two (2) fiscal years; all for a total disbursement of $366 million. Furthermore, the Government of Puerto Rico, on October 31, 2018, acknowledged this debt dates back to 2004 and that in 2009 they recognized the debt in their financial statements for that year.

6. Due to these recent developments, it is imperative that the Department of Public Security ("Departmento de Seguridad Publica"), in conjunction with the Puerto Rico Department of Treasury ("Hacienda") and the Office of Budget Management ("Oficina de Gerencia y Presupuesto") produce the documents related to the calculation of the money owed for salaries owed for past promotions pursuant pay scales, granted by law, that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004. It is of extreme importance for the creditors to know how the calculation was made in order to determine if each creditor is receiving the correct amount of money. This would allow them to make an informed decision at the time of signing to receive the money. Right now, many officers are signing and accepting whatever amount of money is offered to them, and are signing a waiver that prohibits them from objection to the amount received later on. However, they are signing without even knowing how the owed amounts were computed and in complete violation of each and every officer's right to due process.

7. It is our understanding that Law Num. 227 of August 23, 2004; which amends Law Num. 53 of June 10, 1996, created the pay scales, which are now the object of this controversy surrounding the payments of the amounts owed. All doubts could be dissipated with the simple disclosure of the methodology used to compute the amounts owed to each and every officer of the Puerto Rico Police Department. Also important is the disclosure of said "Pay Scales" of what the officers call "Tabla de Pasos".

8. As such, were are respectfully requesting under Federal Rule of Bankruptcy Procedure 2004, made applicable to the above captioned case by Section 310 of the Puerto Rico Oversight Management and Economic Stability Act (PROMESA), that the above referenced documents be disclosed and provided to the undersigned in order to comply with the right to due process that every officer of the Puerto Rico Police has; as more fully described in Exhibit B hereto. COPI submits that this limited discovery is reasonable, not burdensome and should be permitted.

## BACKGROUND

9. COPI, on behalf of its members, filed a complaint against the Commonwealth of Puerto Rico, the Puerto Rico Police Department and the Department of Treasury at the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, Mayaguez Part requesting Declaratory Judgment and Recovery of Money owed as per Law Num. 227 of August 23, 2004. Said law established new pay scales for the Puerto Rico Police Department officers, based on ranks. The same went into effect on October 1, 2004. The case number for said cause of action is ISCI2007-01235.

10. On May 29, 2008, the Commonwealth of Puerto Rico requested the above referenced cause of action be consolidated with case num. KAC2006-6803 (508) and thus transferred to the Court of First Instance of the Commonwealth of Puerto Rico, Superior Court, San Juan Part. The reason being that other non profit organizations representing member of the Puerto Rico Police Department had filed similar complaints and for purposes of judicial economy the cases were consolidated on June 16, 2008.

11. The Government of the Commonwealth of Puerto Rico has acknowledged, since 2009 that the debt does exist. Furthermore, at some point during the procedures in State Court,

counsel for the defendants stated that a company had been hired in order to compute the amounts owed to the officers of the Puerto Rico Police Department for salaries owed for past promotions pursuant pay scales, granted by law, that had not been paid since October 1, 2004 and to which the officers have a rightful claim. At a hearing held in chambers on August 31, 2015, counsel for the defendants informed that they had prepared a CD with the information of the amounts owed to the officers of the Puerto Rico Police Department. The Court ordered counsel for defendants to submit copy of this CD to counsel for the Plaintiff's within fifteen (15) days. This never occurred.

12. On June 28, 2017 all proceedings related to these cases in State Court were stayed due the Government of the Commonwealth of Puerto Rico filing for bankruptcy under PROMESA.

13. As such, the officers represented by COPI have no knowledge of the amounts owed to them nor how the amounts owed were computed.

14. On October 30, 2018 the Oversight Board issued an official communication, "Certified Fiscal Plan Information". Said documents states as one of its main points: "$122 million to pay police this year, whom are owed a total of $366 million for past promotions pursuant pay scales and whom have not been paid in the last 10 years. (General Fund Budget, p. 7)". Furthermore, the Government of Puerto Rico, on October 31, 2018, acknowledged this debt dates back to 2004 and that in 2009 they recognized the debt in their financial statements for that year.

15. Due to these recent developments, it is imperative that the Department of Public Security ("Departmento de Seguridad Publica"), in conjunction with the Puerto Rico Department of Treasury ("Hacienda") and the Office of Budget Management ("Oficina de Gerencia y Presupuesto") produce the documents related to the calculation of the money owed for salaries

owed for past promotions pursuant pay scales, granted by law, that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004. It is of extreme importance for the creditors to know how the calculation was made in order to determine if each creditor is receiving the correct amount of money. This would allow them to make an informed decision at the time of signing to receive the money. Right now, many officers are signing and accepting whatever amount of money is offered to them, and are signing a waiver that prohibits them from objection to the amount received later on. However, they are signing without even knowing how the owed amounts were computed and in complete violation of each and every officer's right to due process.

## REQUESTED RELIEF

16. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." FED. R. BANKR. P. 2004(b). The purpose of a Bankruptcy Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, and examining transactions. *See In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

17. It is the right and responsibility of COPI to undertake such an examination. The Fifth Amendment of the United States Constitution, talks about the rights of creditors when it says that a person "shall not be deprived of … property without due process of law." Failure to comply with due process can result in the irreparable loss of potentially value rights and/or property interests.

18. Although Bankruptcy Rule 2004 authorizes an expansive investigation into the Debtors' assets and affairs[1], COPI at this time is only seeking authorization to pursue one narrow, targeted inquiry. Specifically, COPI asks the debtor (the Commonwealth of Puerto Rico) to provide the amounts owed the officers represented by COPI as per list of officers attached hereto as Exhibit B by providing (i) the Pay Scales created by Law Num. 227 of August 23, 2004; which amends Law Num. 53 of June 10, 1996, (ii) brief description of the methodology used to compute the amounts owed to each and every officer included in Exhibit B, and (iii) the Personnel Record for each officer included in Exhibit B which indicates years of service with the Agency and rank held by each officer during their years of service.

19. This request, as articulated in Exhibit B hereto, is narrowly tailored to the Organization's objective of beginning to identify the correct amounts owed to the officers of the Puerto Rico Police Department who are members of COPI. This would allow said officers to make an informed decision at the time of signing to receive the money. Right now, they are blind as to the correct amounts owed to them and are being forced to sign a waiver (checks are not delivered to officers that do not sign the waiver) that prohibits them from objecting the amount received later on; even if they then become aware that the amount owed to them was more than originally received. This constitutes a complete violation of each and every officer's

---

[1] See In re Youk-See, 450 B.R. 312, 319-20 (Bankr. D. Mass. 2011) ("The examination [] is of necessity to a considerable extent a fishing expedition.") (internal citations omitted); In re Summit Corp., 891 F.2d 1, 5 (1st Cir. 1989) (affirming Bankruptcy Rule 2004 discovery order; noting that "Rule 2004 is broad in nature.") (citation omitted); In re Pub. Serv. Co. of New Hampshire, 91 B.R. 198, 199 (Bankr. D.N.H. 1988) ("The scope of discovery afforded under Bankruptcy Rule 2004 is "unfettered and broad.""); In re Washington Mut., 408 B.R. at 50 ("The scope of a Rule 2004 examination is unfettered and broad . . . [and] is commonly recognized as more in the nature of a 'fishing expedition.'") (internal citations omitted); see also In re Hughes, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[I]t is well settled that the scope of examination allowed under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a 'fishing expedition.'") (citation omitted).

right to due process. The first $122 million have almost been completely disbursed and those officers have lost the opportunity to object to the amount received, even if later on, it is evidenced that the amount owed was more than awarded originally. This makes disclosure of said documents even more important in order to resolve this matter before the next $122 million disbursement begins; said information must be obtained without delay.

20. For all of these reasons, COPI hereby requests that the Court (1) authorize COPI's requests for the production of documents concerning salaries owed for past promotions pursuant pay scales, granted by law, and that have not been paid by the Puerto Rico Police Department to the officers who have a rightful claim to these funds since October 1, 2004; (2) authorize the issuance of the Document Request contained in Exhibit B hereto; and (3) direct the identified Debtors to meet-and-confer in good faith with the COPI regarding the timing of document discovery in response to the Document Request. The Organization will fully share the results of its discovery efforts without restrictions so as to avoid duplicative requests and ensure efficient use of resources.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

21. On January 25, 2019 and March 5, 2019, an email was sent to counsel of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (which speaks for the Debtors with regard to the production of documents in the Debtors' possession) and to counsel for the Oversight Board indicating which documents were being requested and the reason for requesting the same. Furthermore, on said dates, a phone call was made to said counsels. To this date, we have not received any communication in response to our request.

## NOTICE

22. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) the Oversight Board; (iv) AAFAF; (v) the official committee of retirees; (vi) the insurers of the bonds issued or guaranteed by the Debtors; (vii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (viii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

WHEREFORE, the COPI respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and

granting COPI such other relief as this Court deems just and proper.

Dated: May 8, 2019

/s/ Lirio Del Mar Torres
LIRIO TORRES LAW OFFICE
Lirio Del Mar Torres, Esq., USDC-PR 225814
PO Box 3552
Mayaguez, PR 00681-3552
Telephone: (787) 265-5050
liriotorresjust@gmail.com
*Counsel to Cuerpo Organizado de la Policia, Inc. (COPI)*

# EXHIBIT A

## Proposed Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------x
In re:                                          :
                                                :
THE FINANCIAL OVERSIGHT AND                     : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,               : Title III
                                                :
     as representative of                       : Case No. 17-BK-3283 (LTS)
                                                :
THE COMMONWEALTH OF PUERTO RICO et al.,         : (Jointly Administered)
                                                :
     Debtors.¹                                  :
------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF CUERPO ORGANIZADO DE LA POLICIA, INC FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY OF TITLE III DEBTORS, OTHER THAN COFINA, <u>CONCERNING SALARIES OWED PURSUANT PAY SCALES GRANTED BY LAW</u>**

Upon consideration of the *Motion of Cuerpo Organizado de la Policia, Inc. for Entry of Order, Under Bankruptcy Rule 2004, Authorizing Discovery With Respect to Salaries Owed Pursuant Pay Scales Granted By Law* (the "<u>Motion</u>"),² and the exhibits attached thereto, the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the Court finds that examination

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

under Rule 2004 of the Federal Rules of Bankruptcy Procedure is appropriate, including but not limited to examination of the documents sought in the Document Request identified as Exhibit B to the Motion (the "Document Request"). Accordingly, it is hereby ORDERED THAT:

1. COPI is authorized to issue the Document Request attached as Exhibit B to the Motion.

2. COPI and recipients of the Document Request are directed to meet and confer concerning the timing of production in response to the Document Request. This Order does not address any objections as to discovery timing, all of which are reserved.

3. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: May _____, 2019

_____
HON. JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE

**Exhibit B**

**Document Request**

## CUERPO ORGANIZADO DE LA POLICIA, INC. FIRST SET OF DISCOVERY REQUESTS WITH RESPECT TO SALARIES OWED PURSUANT PAY SCALES GRANTED BY LAW

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to the above-captioned cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), the Cuerpo Organizado de la Policia, Inc. ("COPI") hereby requests that the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico (the "Debtors") produce the documents requested below (the "Document Request") at the offices of counsel Lirio Del Mar Torres, on or before 4:00 p.m. on June 7, 2019, or on such other date as may be agreed to by the parties.

## DEFINITIONS AND INSTRUCTIONS

1. "And" and "or" have both conjunctive and disjunctive meanings and therefore should be read as "and/or." Similarly, "all," "any," "each" and "every" are used in the inclusive sense, and therefore should be read as meaning "each and every." The word "including" should be read as meaning "including without limitation."

2. "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

3. "You" or "Your" means and refers to the applicable Debtor.

4. Reference to the singular in any of these Discovery Requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

5. All information requested herein is to be provided if it is in the possession, custody or control of, or is available and accessible to, You or any of Your agents, representatives or any other Person acting for You or on Your behalf.

6. If You cannot answer any of the following Document Request in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain Your inability to provide a complete answer.

7. If You object to part of the Document Request and refuse to answer that part on the basis of a claim of privilege, state the objection and answer the remaining portion of the request. As to any Communication that You refuse to disclose on the basis of a claim of privilege, identify: (a) the name, address, position, and organization of the participants in the communication, (b) any documents reflecting or summarizing all or part of the communication, including the date, length, and type of document and description of the subject matter of the document, and (c) the specific grounds for claiming that the communication is privileged.

8. This Document Request is to be considered as continuing, and You are to supplement Your responses with additional information as You may hereafter obtain.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Specifically, COPI asks the debtor (the Commonwealth of Puerto Rico) to provide the amounts owed the officers represented by COPI as per list of

officers attached hereto by providing (i) the Pay Scales created by Law Num. 227 of August 23, 2004; which amends Law Num. 53 of June 10, 1996, (ii) brief description of the methodology used to compute the amounts owed to each and every officer herein included, and (iii) the Personnel Record for each officer herein included which indicates years of service with the Agency and rank held by each officer during their years of service.

Dated: May ____, 2019

LIRIO TORRES LAW OFFICE
Lirio Del Mar Torres, Esq., USDC-PR 225814
PO Box 3552
Mayaguez, PR 00681-3552
Telephone: (787) 265-5050
liriotorresjust@gmail.com

*Counsel to Cuerpo Organizado de la Policia, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.*,

    Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

---

## NOTICE OF HEARING ON MOTION OF CUERPO ORGANIZADO DE LA POLICIA, INC FOR ORDER, UNDER BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY OF TITLE III DEBTORS, OTHER THAN COFINA, CONCERNING SALARIES OWED PURSUANT PAY SCALES GRANTED BY LAW

**PLEASE TAKE NOTICE** that a hearing on the *Motion of Cuerpo Organizado de la Policia Inc. for Entry of Order Under Bankruptcy Rule 2004 Authorizing Discovery With Respect to Salaries Owed Pursuant Pay Scales Granted by Law* (the "Motion"), will be held before the Honorable Magistrate Judge Judith Dein, United States Magistrate Judge, at the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 on _____, 2019 at **9:30 a.m. (Atlantic Standard Time)**.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico (the "Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the *Seventh Amended Case Management Procedures* [Docket No. 4086-1], so as to be so filed and received no later than **May \_\_\_\_\_ 2019 at 4:00 p.m. (Atlantic Standard Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the *Seventh Amended Case Management Procedures* [Docket No. 4086-1].

Dated: May 8, 2019.

/s/ *Lirio Del Mar Torres*
LIRIO TORRES LAW OFFICE
Lirio Del Mar Torres, Esq. USDC-PR 225814
PO Box 3552
Mayaguez, Puerto Rico 00681
Telephone: (787) 265-5050
liriotorresjust@gmail.com

*Counsel to Cuerpo Organizado de la Policia, Inc*

2