UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------x
In re:                                                               :
                                                                     :
THE FINANCIAL OVERSIGHT AND                                          :
MANAGEMENT BOARD FOR PUERTO RICO,                                    :    PROMESA
                                                                     :    Title III
            as representative of                                     :
                                                                     :    Case No. 17-BK-3283 (LTS)
THE COMMONWEALTH OF PUERTO RICO *et al*.,                            :
                                                                     :    (Jointly Administered)
            Debtors.¹                                                :
---------------------------------------------------------------------x

**REPLY OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF URGENT JOINT MOTION FOR EXPEDITED CONSIDERATION OF URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION OF CERTAIN CAUSES OF ACTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), and the Special Claims Committee of the Oversight Board (the "Special Claims Committee" and, together with the Oversight Board and the Committee, the "Parties") hereby submit this reply (the "Reply") in response to the objection [Docket No. 6875] (the

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

"Objection") of Ambac Assurance Corporation, Assured Guaranty Corp., National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company (the "Objectors") and in support of the *Urgent Joint Motion for Expedited Consideration of Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Certain Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [Docket No. 6868] (the "Motion to Expedite").[2] In support of this Reply, the Parties respectfully state as follows:

## REPLY

1. The sole issue before the Court at this time is whether to expedite consideration of the motion to approve the HTA/ERS Stipulation [Docket No. 6867] (the "Approval Motion").[3] On that narrow question, the Parties submit that there can be little doubt that the Approval Motion **must** be heard prior to the May 20, 2019 expiration of the statutes of limitation under section 108(a) and section 546(a) of the Bankruptcy Code (the "Statutes of Limitation") in the HTA and ERS cases.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion to Expedite.

[3] What is certainly not before the Court at this time are the merits of the HTA/ERS Stipulation. Accordingly, in this Reply, the Parties do not address the Objectors' substantive challenges to the HTA/ERS Stipulation, including the Committee's alleged conflict of interest, and the Committee and the Oversight Board reserve all their rights in this regard. Moreover, the Objectors' gripe with the Committee's Rule 2019 statement is a red herring. The Committee filed an updated Rule 2019 statement [Docket No. 6874] (the "Updated Rule 2019 Statement") on May 8, 2019 in response to repeated requests by some of the Objectors, but as detailed in the Updated Rule 2019 Statement, **there are no material changes to the Committee members' disclosable economic interests, including as to claims against HTA (such change being less than $2,000), from what the Committee reported 8 months ago**. *See* Docket No. 4028. Thus, the Objectors have had eight months now to develop their arguments as to the Committee's supposed conflicts, but apparently still need more time to do so.

2

### A. *Aurelius* Issue Is Not Resolved by First Circuit's Extension of Stay of Its Mandate Until July 15, 2019

2. As the Parties previously explained, and as the Court recognized at the April 24 hearing when it approved the Commonwealth Stipulation, the First Circuit's decision in *Aurelius*[4] (unless overturned by the U.S. Supreme Court) could potentially be used later by certain parties (including defendants in adversary proceedings) to attempt to challenge the Oversight Board's authority to commence adversary proceedings on behalf of the Debtors. This is no mere speculation. In fact, two GO bondholders have already questioned the Oversight Board's authority to act in light of the *Aurelius* decision, asserting that, even if the *de facto* officer doctrine shields acts of the Oversight Board taken prior to the *Aurelius* decision, all acts subsequent to the *Aurelius* decision are without legal or apparent authority, and are thus null and void.[5] Under that theory, the filing of a complaint by the Oversight Board, acting alone, would be a nullity, and thus, causes of action could lapse after the expiration of the statutes of limitation.

3. It is precisely this risk (*i.e.*, that HTA and ERS causes of action will lapse after May 20, 2019) that requires the appointment the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-plaintiffs/co-trustees and grant them derivative standing to commence the causes of action **prior to the expiration of the Statutes of Limitation**. This is also precisely the reason why the Parties previously sought (and the Court granted) expedited consideration of the Commonwealth Stipulation, so that the Court could

---

[4] *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019).

[5] *See Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of the Funds and Entities it Manages or Advises, and Not in its Individual Capacity* [Docket No. 5977]; *Joinder by Autonomy Capital to Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of its* Managed *Entities, Assured Guaranty Corporation, and Assured Guaranty Municipal Corporation* [Docket No. 5987]. That position was not based on or related in any way to the existence (or not) of a stay of the First Circuit's mandate.

consider approval of the Commonwealth Stipulation prior to the expiration of the statutes of limitation in the Commonwealth case on May 2, 2019.

4. Contrary to the suggestion of the Objectors, the Parties do not have the luxury of waiting until the next omnibus hearing on June 12, 2019 to have the Approval Motion heard. At that time, the Statutes of Limitation will have expired and the commencement of litigation by members of the Special Claims Committee, on the one hand, and/or the Committee, on the other hand, would be pointless. Nor is it any help that the Oversight Board is free to commence litigation now (*i.e.*, prior to the expiration of the Statutes of Limitation). It is exactly that scenario that exposes the Oversight Board to a later challenge that it was not acting with proper authority. The HTA/ERS Stipulation is designed to provide "insurance" against this risk.

5. It is also irrelevant that the First Circuit's stay of mandate was previously set to expire on May 16, 2019 and has now been extended to July 15, 2019.[6] The expiration of that stay is not what animates the need to have the HTA/ERS Stipulation approved—rather, it is the risk that others will later challenge the Oversight Board's authority to commence adversary proceedings (absent reversal of the *Aurelius* decision by the Supreme Court). Indeed, from the point of view of the *Aurelius* risk, the Parties are in **exactly** the same position today with respect to HTA and ERS causes of action as they were with respect to Commonwealth causes of action before May 2: the stay of the First Circuit's mandate was not going to expire before expiration of the applicable statutes of limitation, but the Parties nevertheless believed it was prudent to enter into the Commonwealth Stipulation and the Court concurred in that assessment.[7]

---

[6] *Aurelius Inv., LLC v. Puerto Rico*, Case No. 18-1671, Order of Court, entered on May 6, 2019.

[7] In any event, the re-appointment process for the Oversight Board will not be completed by May 20, 2019.

**B.     No Unfair Surpise or Prejudice to Objectors**

6.      The Objectors cannot seriously claim that they were in any way surprised about the filing of the HTA/ERS Stipulation and the request to have the Approval Motion heard on shortened notice. The Objectors have known since the filing of the Commonwealth Stipulation on April 16, 2019 that the Parties intended to enter into similar stipulations governing the joint prosecution of causes of action of Debtors other than the Commonwealth. In fact, the Commonwealth Stipulation specifically stated that the Parties contemplated doing so.[8]

7.      Nor is there any substantive difference between the HTA/ERS Stipulation and the Commonwealth Stipulation. Indeed, as detailed in the blackline attached as Exhibit B to the Approval Motion, the HTA/ERS Stipulation includes all of the same safeguards that the Objectors previously requested to be included as part of the Commonwealth Stipulation. For example, to the extent the Objectors become defendants in the causes of action to be commenced in accordance with the HTA/ERS Stipulation (and one wonders whether it is that fear which animates the Objectors), their right to challenge the Committee's participation will be protected.[9]

8.      Furthermore, the Parties provided the Objectors with an advance draft (in substantially final form) on May 3, 2019, five days prior to the filing of the Approval Motion. That draft (like the version filed with the Court) makes abundantly clear that the stipulation would have to be entered before May 20, 2019, so that the Parties would be able to jointly bring

---

[8]     *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action*, Ex. A ¶ 19 ("The Parties contemplate that they will enter into one ore more additional stipulations that will, subject to Court approval, similarly address the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs to pursue additional claims or causes of action of ERS, HTA, and PREPA.").

[9]     *See HTA/ERS Stipulation* ¶ 27 ("This Stipulation is without prejudice to any argument, defense, or claim that any defendant in a particular Co-Plaintiff Adversary Proceeding or any insurer of bonds subject to such Co-Plaintiff Adversary Proceeding may raise in such proceeding and that such defendant or insurer would be able to assert in such proceeding in the absence of this Stipulation, including any defense based on the Committee's lack of standing, derivative or otherwise.")

causes of action prior to the expiration of the Statutes of Limitation.[10] Again, as with the Commonwealth Stipulation, the HTA/ERS Stipulation should be heard prior to the expiration of the Statutes of Limitation so as to allow the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, to be in a position (if the Court approves the HTA/ERS Stipulation) to jointly commence HTA and ERS causes of action on or before May 20, 2019.

9. It is also no argument that the Objectors have repeatedly stated that they would oppose a stipulation governing the joint prosecution of HTA and ERS causes of action. The mere fact that they announced their opposition to such a stipulation does not require the Parties to forgo such a stipulation and it certainly does not support any argument that the Objectors were "surprised." At no time did the Parties waiver in their intent to enter into a stipulation similar to the Commonwealth stipulation with respect to the HTA and ERS.

### C. HTA/ERS Stipulation Could Not Have Been Filed Sooner

10. Finally, the Parties submit that, as a practical matter, the Parties could not have filed the HTA/ERS Stipulation earlier than May 8, 2019. As the Court is well aware, following the Court's approval of the Commonwealth Stipulation at the April 24 omnibus hearing, the Oversight Board, its Special Claims Committee, and the Committee have focused all their efforts on finalizing complaints and commencing numerous adversary proceedings naming hundreds of

---

[10] *HTA/ERS Stipulation* 4 ("the Oversight Board or the Special Claims Committee shall either (a) obtain tolling agreements from Potential Defendants or entry of Court-ordered stipulations with respect to Potential Defendants (such agreements or stipulations, collectively, the "Tolling Agreements" and each, a "Tolling Agreement") tolling the applicable statutes of limitations (the "Statutes of Limitations") on or before the expiration of the applicable Statute of Limitations, or (b) to the extent a Tolling Agreement cannot be obtained from a Potential Defendant before the expiration of the Statutes of Limitations, commence an adversary proceeding or lawsuit against such Potential Defendant (such proceedings, the "Initial Adversary Proceedings");
5 ("For the avoidance of doubt, in the absence of an applicable Tolling Agreement with respect to any Potential Defendant, an Initial Adversary Proceeding against such Potential Defendant shall be commenced on or before May 20, 2019.").

6

defendants prior to the May 2, 2019 expiration of the statutes of limitations in the Commonwealth case.

11. Upon completing that task, the Parties immediately turned their attention to the HTA/ERS Stipulation and, as noted above, provided a substantially final draft of that stipulation to the Objectors **the very next day**, *i.e.*, on May 3, 2019. Since that time, the Parties have conducted extensive diligence (which remains ongoing) to evaluate potential claims and causes of actions to be asserted on behalf of HTA and ERS. Absent substantial progress on identifying HTA and ERS causes of action, it would have made little sense to file a stipulation for the joint prosecution of such causes of action. While the Parties continue to finalize the list of causes of action, the Parties expect to have completed that task prior to the hearing on the Approval Motion. As the Parties did in the case of the Commonwealth Stipulation, they will provide a detailed description of the causes of action to the Court at that hearing.[11]

12. For all these reasons, this Court should approve the Motion to Expedite.

[*Remainder of page intentionally left blank.*]

---

[11] To the extent that the Objectors have concerns about the level of disclosure of such causes of action, that issue should be reserved for the hearing on the Approval Motion.

WHEREFORE, the Parties respectfully request that this Court grant the Motion to Expedite and grant such other and further relief as this Court deems just and proper.

Dated: May 9, 2019      By:  */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:  */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Brian S. Rosen

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
(*Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

and

Hermann D. Bauer
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board for Puerto Rico as representative for the Debtors*

By: */s/ Sunni P. Beville*

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

and

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

10