UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

ORDER EXTENDING THE DEADLINES
APPLICABLE TO THE MOTION OF NATIONAL
PUBLIC FINANCE GUARANTEE CORPORATION, ASSURED
GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., AND
SYNCORA GUARANTEE INC. FOR RELIEF FROM AUTOMATIC STAY

---

[1]   The Debtors in the jointly-administered Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Court has reviewed and considered the joint urgent motion (Docket Entry No. 1214, the "Urgent Motion") filed on May 7, 2019, by PREPA, by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF")[3] (collectively, the "Government Parties") as well as the objections filed by National Public Finance Guarantee Corporation and Syncora Guarantee Inc. in connection with the Urgent Motion (the "Objections") and the replies filed in further support of the Urgent Motion.[4] The Court has jurisdiction of this proceeding and the Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a) and venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a).

The Urgent Motion seeks to stay deadlines that were set in connection with the Receiver Motion. The Receiver Motion seeks, among other things, permission for National, Syncora and Assured to file a complaint and associated pleadings in a court of competent jurisdiction for appointment of a receiver to manage PREPA. Such complaint and associated pleadings would seek to assert contractual rights pursuant to the terms of the Trust Agreement.

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Urgent Motion.

[4] The Court notes that the Urgent Motion and certain of the other pleadings filed in connection with the Urgent Motion contained redacted material. However, rather than file a motion seeking permission to file unredacted copies of such pleadings under seal, the parties simply transmitted unredacted copies of such filings to each other and the Court via email. That method is not compliant with the applicable Local Bankruptcy Rules. See P.R. LBR 9018-1(b). Accordingly, the Court has not considered (and, under the circumstances, does not find it necessary to consider) the material redacted from the pleadings that were filed on the public docket. In the future, parties are reminded that they must comply with the rules concerning filings under seal.

Pursuant to the terms of the Trust Agreement that governs the PREPA Bonds, parties seeking to commence the sort of litigation contemplated by the Receivership Motion must hold 20% of the outstanding PREPA Bonds to have standing to seek the appointment of a receiver. It is apparently undisputed that the combined holdings of National and Syncora are insufficient to satisfy the 20% holdings threshold set by the Trust Agreement, and Assured (a co-movant with respect to the Receiver Motion) has agreed that it will not seek appointment of a receiver if the Court approves the RSA. Although the Trust Agreement also provides that holders of 10% of PREPA Bonds may comply with certain requirements to seek authority to institute actions for the benefit of all holders of such Bonds, there is no indication that National and Syncora have complied with those requirements and the pending motion does not seek leave to take steps to initiate the process contemplated by those alternate Trust Agreement provisions. At this time, in light of the apparent lack of authority under the Trust Agreement to pursue the proceedings for which stay relief is sought and the high transaction costs associated with litigating the Receiver Motion, the Court finds that compelling circumstances justify the relief sought in the Urgent Motion. Accordingly, it is HEREBY ORDERED THAT:

1. The Urgent Motion is GRANTED to the extent set forth herein.

2. The Government Parties' deadline to respond to the Receiver Motion in the existing scheduling order [Dkt. No. 1212 in Case No. 17-4780] is extended until five (5) business days following this Court's ruling on the 9019 Motion and Motion to Dismiss. All other deadlines are adjourned pending further Court order in accordance with paragraph 4 hereof, as needed.

3. All discovery, including depositions and other pre-hearing submissions and proceedings applicable to the Receiver Motion, are adjourned pending this Court's ruling on the 9019 Motion and Motion to Dismiss.

4. If necessary, within two (2) business days following the Court's ruling on the 9019 Motion and Motion to Dismiss, the Settling Parties and Monoline Movants shall present the Court with a proposed scheduling order regarding the Receiver Motion consistent with this Order and the Court's rulings on these motions.

5. This order resolves Docket Entry No. 1214.

SO ORDERED.

Dated May 9, 2019

/s/ Laura Taylor Swain
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE