# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------- X

IN RE:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO,
ET AL.,

    Debtors.[1]

-------------------------------------------------------- X

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO,

    Debtor.

-------------------------------------------------------- X

PROMESA
Title III


No. 17 BK 3283-LTS

(Jointly Administered)


PROMESA
Title III


No. 17 BK 3566-LTS


**SUPPLEMENTAL DECLARATION OF MOHAMMAD YASSIN MAHMUD IN SUPPORT
OF ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE BY AAFAF**

---

[1] The Debtors in these cases and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 3481), and (ii) Employment Retirement System for the Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 9686).

I, Mohammad Yassin Mahmud, declare as follows:

1.      I am Director of Fiscal Agency of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").  At AAFAF, I previously served as Chief Legal and Regulatory Officer from April 2017 until approximately August 2018, and Director of Federal Affairs from January 2017 to April 2017.  I am a member in good standing of the Bar of New York and the Bar of the Commonwealth of Puerto Rico.

2.      As Chief Legal and Regulatory Officer, I was responsible for providing advice regarding draft legislation and proposed changes to laws affecting the fiscal affairs and debt restructuring for the Commonwealth of Puerto Rico (the "Commonwealth") and its public corporations and instrumentalities.  I was also responsible for providing advice to the Commonwealth and its public corporations and instrumentalities regarding implementation of and compliance with laws affecting fiscal affairs and debt restructuring.  I am the AAFAF official with the most familiarity with the subject matter of the withheld documents.

3.      I submit this supplemental declaration in support of AAFAF's assertion of the deliberative process privilege over documents that AAFAF withheld, in part, on those grounds and identified in the April 14, 2019 and May 9, 2019 privilege logs (the "April 14 Log" and the "May 9 Log," respectively).  I have reviewed the documents over which AAFAF is asserting deliberative process privilege in the April 14 Log and May 9 Log.  I have personal knowledge of the matters stated herein, and, if called and sworn as a witness, could testify competently thereto.  I am authorized by the Chief Executive Officer of AAFAF to state that I have authority to assert the deliberative process privilege on behalf of AAFAF.

4.      It is my understanding that the Court has requested additional explanation regarding the documents identified in the April 14 Log, as discussed in my April 18, 2019 declaration, and

1

whether any facts contained in the documents can be segregated from privileged content. It is also

my understanding that the Court has requested a document-by-document log for the documents

withheld under category 3 of the April 12, 2019 categorical privilege log; AAFAF has complied

with this request by service of the May 9 Log. Entries 34–36 of the May 9 Log contain

communications protected by the deliberative process privilege and are being withheld, in part, on

those grounds. The statements in my April 18, 2019 declaration regarding application of the

deliberative process privilege and confidentiality designations apply equally to Entries 34–36 of

the May 9 Log. As explained below, the factual information in the documents in the April 14 Log

and Entries 34–36 of the May 9 Log is intertwined with the privilege context such that producing

the factual portions of the materials would disclose pre-decisional and deliberative analysis

through which AAFAF formulates decisions and policies:

a. Entries 1, 5, 7–17, 20, 22, 85, and 87: Presentations regarding pension
reform efforts prepared in connection with Joint Resolution 188 and Act
106, the Commonwealth Fiscal Plan, or revisions to the Commonwealth
Fiscal Plan. These presentations include projections regarding the financial
impact of conversion to a PayGo system and proposals and
counterproposals for a reformed pension system, for purposes of decision-
making regarding pension reform. Disclosing these projections would
reveal the various proposals and counterproposals under consideration by
the decision makers, revealing their privileged deliberative process.

b. Entries 2–4, 6, 18–19, and 24: Confidential preliminary draft of the
Commonwealth Fiscal Plan and letters and spreadsheet analyses regarding
the Fiscal Plan prepared in anticipation of the Fiscal Plan's certification.

2

The analyses include proposed assumptions and projections based on those assumptions for purposes of evaluating and making decisions regarding pension reform scenarios. Revealing these assumptions and projections would disclose the pension reform options under consideration and invade the decision makers' deliberative process privilege.

c. Entry 21: Presentation by AAFAF's and ERS's respective outside legal counsel (Dentons and DLA Piper) discussing strategic considerations regarding pension reform. The presentation discusses advantages and disadvantages of various pension reform options for purposes of making decisions regarding these options. Some of the reform options considered reference facts regarding the pension system, such as the size of typical monthly pension payments, which both informed the deliberations of decision makers and were included for purposes of providing legal advice. Thus, this document is protected by both the Deliberative Process Privilege and the Attorney-Client Privilege, and if the few factual references are segregable from the deliberative-process-privileged material, it is my opinion that they are nevertheless protected from disclosure by the Attorney-Client privilege.

d. Entries 25–26, 49, 54–60, 65–66, and 35–36 (May 9 Log): Analyses regarding pension system reform prepared to evaluate proposals for implementing the Commonwealth Fiscal Plan and Budget, including the financial analysis of potential PayGo costs and revenues based on certain proposed assumptions and limiting conditions, which in turn are based on

3

analysis of alternative scenarios regarding the sale of assets.  The various

analyses were prepared to assess the financial impact of proposed pension

reform measures in order to inform decision making regarding

implementation of the proposed PayGo system.  The reform proposals

reflect pre-decisional deliberations regarding PayGo implementation; the

facts contained in the proposals would reveal decision makers' thought

process by revealing the different proposals under consideration.

e.   Entries 32–34, 46, 51, and 34 (May 9 Log): Draft analyses regarding

pension system reform and other economic issues in Puerto Rico prepared

to evaluate proposed revisions to the Commonwealth Fiscal Plan.  These

documents present projected revenues and expenditures for various

governmental component units and appropriations, including pensions.  The

analyses include projections regarding revenue and expense build-up and

operating deficits for 2017–2026, reflecting the financial effects of

proposed measures and assumptions, to inform decision-making regarding

proposed reform measures.  Disclosing the projections would reveal the

decision makers' pre-decisional deliberations.

f.   Entries 29, 38–45, and 123:  Draft spreadsheet analyses of the March 13,

2017 Commonwealth Fiscal Plan providing alternative projections of

general fund revenues and expenses, including both pre-measures and post-

measures financial gap between revenues and expenses from 2017 to 2026.

The projections, which include PayGo, were used by decision makers to

determine appropriate revenue and expenditure levels for government

4

entities under the Fiscal Plan.  Disclosing these spreadsheets would reveal pension reform proposals and assumptions that were under consideration, thereby revealing the decision makers' thought process.

g.  Entry 31: Confidential, pre-decisional, deliberative draft of executive order reflecting opinions and advice of AAFAF and/or Fortaleza officials, including in-house counsel, regarding pension reform efforts.  This draft does not contain any data or other factual information apart from the draft order itself.  As a draft prepared by in-house counsel, this document is protected by both the Deliberative Process Privilege and the Attorney-Client Privilege.

h.  Privilege log entries 50, 52–53, 61–64, 67–76, 78–83, 90–104, 106, and 108–118:  Confidential, pre-decisional, deliberative drafts of Joint Resolution 188 or Act 106 reflecting opinions and advice of AAFAF and/or Fortaleza officials, including outside and in-house counsel, regarding revisions to text of Joint Resolution 188 and Act 106.  These drafts do not contain any data or other factual information apart from the draft legislation itself.

i.  Privilege log entries 88–89: Confidential, pre-decisional, deliberative draft of memorandum of understanding between the central government, Secretary of Treasury, ERS, and AAFAF, prepared by in-house counsel and containing proposed procedures for calculation of retirement benefits, calculation of PayGo fees, invoicing and set-off of PayGo fees, and other issues relating to implementation of the PayGo system.  The draft does not

5

contain any facts other than the text of the contract itself.  As a draft legal instrument, prepared by counsel, this document is protected by both the Deliberative Process Privilege and the Attorney-Client Privilege.

5.      AAFAF considers these documents to be protected in their entirety by the deliberative process privilege (in addition to other privileges).  To the extent these documents contain facts, such as financial data, they are intertwined with the analysis of pension reform scenarios and potential financial outcomes for purposes of making pension reform and legislative decisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico on May 9, 2019.

_____

Mohammad Yassin Mahmud