# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------X

| | |
|---|---|
| IN RE: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| | No. 17 BK 3283-LTS |
| as representative of | |
| | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO,<br>ET AL. | |
| Debtors.[1] | |

------------------------------------------------------------X

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA<br>Title III |
| as representative of | No. 17 BK 3566-LTS |
| EMPLOYEES RETIREMENT SYSTEM OF<br>THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

------------------------------------------------------------X

**SUPPLEMENTAL DECLARATION OF PHILIPPE MESA PABÓN
IN SUPPORT OF ASSERTION OF DELIBERATIVE PROCESS PRIVILEGE
BY THE COMMONWEALTH OF PUERTO RICO**

---

[1] The Debtors in these cases and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 3481), and (ii) Employment Retirement System for the Commonwealth of Puerto Rico (Last Four Digits of Federal Tax ID: 9686).

I, Philippe Mesa Pabón, declare as follows:

1. I am Secretary of Public Policy of the Commonwealth of Puerto Rico ("Commonwealth"). I previously served as Undersecretary of Public Affairs of the Commonwealth of Puerto Rico from approximately January 2017 to January 2019. I am a member in good standing of the Bar of the Commonwealth of Puerto Rico.

2. I submit this supplemental declaration in support of the Commonwealth's assertion of the deliberative process privilege over documents that the Commonwealth withheld, in part, on those grounds and identified in the April 14, 2019 privilege log. I have reviewed the documents and have personal knowledge of the matters stated herein, and, if called and sworn as a witness, could testify competently thereto. I have authority to assert the deliberative process privilege on behalf of the Commonwealth.

3. It is my understanding that the Court has requested additional explanation regarding the documents listed in my April 19, 2019 Declaration In Support of Assertion of Deliberative Process Privilege by the Commonwealth of Puerto Rico and whether any facts contained in the documents can be segregated from privileged content. As explained below, the factual information in these documents is intertwined with the privilege context such that producing the factual portions of the materials would disclose pre-decisional and deliberative analysis through which the Commonwealth formulates decisions and policies:

   a. Entries 27 and 29: Draft spreadsheet analysis of Commonwealth Fiscal Plan providing alternative projections of general fund revenues and expenses, including both pre-measures and post-measures financial gap between revenues and expenses from 2017 to 2026. The projections, which include PayGo, were used by decision makers to determine appropriate revenue and

expenditure levels for government entities under the March 13 Commonwealth Fiscal Plan. Disclosing these spreadsheets would reveal pension reform proposals and assumptions that were under consideration, thereby revealing the decision-makers' thought process.

b. Entries 28, 30, 36–38, 47: Email correspondence regarding PayGo projections and pension reform proposals. The discussion focuses on projected revenues and expenditures in the event that various proposed pension reforms are adopted. The overall purpose of the discussion is to decide on measures for adjusting revenues and/or expenditures of governmental entities and projects, including pensions, so that the requirements of the Commonwealth Fiscal Plan can be met. Disclosing these documents would reveal pension reform proposals and assumptions that were under consideration, thereby revealing the decision-makers' thought process.

c. Entry 46: Spreadsheet analysis regarding proposed implementation framework for the Commonwealth Fiscal Plan, including potential pension reform measures and advice of outside counsel (Dentons) on potential legal challenges, risks, and mitigants associated with proposed pension reform measures. The analysis considers proposed measures for adjusting revenues and/or expenditures of various governmental entities and projects, including pensions, so that the requirements of the Commonwealth Fiscal Plan can be met. This particular spreadsheet does not focus on the projections of such proposed measures, but rather on their legal implications and risks in order

to inform decision-making regarding the proposals. The proposals and related risk assessments reflect pre-decisional deliberations regarding fiscal plan implementation, including implementation of pension reform; any facts contained in the pension proposals and risk assessments are intertwined with the decision-making analysis.

d. Entry 48: Draft spreadsheet containing financial analysis of potential PayGo costs and revenues based on certain proposed assumptions and limiting conditions. The assumptions, in turn, are based on analysis of alternative scenarios regarding the sale of assets. The analysis presents a potential scenario regarding pension reform given the specified assumptions and limiting conditions, including budgetary proposals. The analysis was prepared to assess the financial impact of this pension reform scenario for purposes of making decisions regarding implementation of the proposed PayGo system.

e. Entries 77, 82–84, 104, 106, 109–110, 116–117, 119, and 121: Confidential, pre-decisional, deliberative drafts of Act 106 reflecting opinions and advice of AAFAF and Fortaleza officials, including outside and in-house counsel, regarding revisions to text of Joint Resolution 188 and Act 106. These drafts do not contain any data or other factual information apart from the draft legislation itself.

f. Entry 89: Confidential, pre-decisional, deliberative draft of memorandum of understanding between the central government, Secretary of Treasury, ERS, and AAFAF, prepared by in-house counsel and containing proposed

    procedures for calculation of retirement benefits, calculation of PayGo fees, invoicing and set-off of PayGo fees, and other issues relating to implementation of the PayGo system. The draft does not contain any facts other than the text of the contract itself. As a draft legal instrument, prepared by counsel, this document is protected by both the Deliberative Process Privilege and the Attorney-Client Privilege.

g. Entry 120: Confidential, pre-decisional, deliberative preliminary draft of Teachers Retirement System fiscal plan discussing options considered by the Government for pension reform. The draft plan includes discussion regarding options to address the liquidity crisis, including PayGo financing, and potential legal and administrative issues in connection with PayGo conversion, reflecting opinions of Fortaleza officials. Disclosing financial information in the draft fiscal plan would reveal the reform options under consideration and the thought processes of decision-makers in arriving at decisions on pension reform.

h. Entry 123: Confidential, pre-decisional, deliberative communication commenting and providing opinions on proposed implementation of the PayGo system and proposed calculation of PayGo charges, for purposes of deciding between reform options. The document contains financial information that is integral to the opinions and analysis offered to assist in decision-making regarding the proposed reforms. Disclosing this information would reveal the decision-makers' thought processes.

4

4. I consider these documents to be protected in their entirety by the deliberative process privilege (in addition to other privileges). To the extent these documents contain facts, like financial data, they are intertwined with the analysis of pension reform scenarios and potential financial outcomes for purposes of making pension reform and legislative decisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico on May 9, 2019.

Philippe Mesa Pabón