UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, et al., | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------x

MEMORANDUM OPINION AND ORDER DENYING MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS FOR ENTRY OF AN ORDER ESTABLISHING CONDITIONAL OMNIBUS CLAIMS OBJECTION PROCEDURES

Before the Court is the *Motion of the Ad Hoc Group of General Obligation Bondholders, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Docket Entry No. 6104 in Case

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. 17-3283, the "Motion").[2] The Motion was filed by the Ad Hoc Group of General Obligation Bondholders (the "GO Group") and seeks to establish procedures to give notice of the GO Group's conditional omnibus objection to claims (Docket Entry No. 6099, the "Conditional Claim Objection") to holders of the claims that would be affected by the Conditional Claim Objection, as well as to establish procedures for interested parties to participate in the litigation concerning those claims. The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). The Court heard oral argument on the Motion on April 24, 2019 (the "Hearing"). Having considered carefully all of the submissions and arguments made in connection with the Motion, the Motion is denied for the following reasons.

## BACKGROUND

The Motion arises in the context of litigation commenced by the Oversight Board and the Committee concerning bonds issued by the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico") and its instrumentalities. On December 21, 2018, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") commenced an adversary proceeding captioned <u>Financial Oversight and Management Board for Puerto Rico et al. v. Puerto Rico Public Buildings Authority</u>, Adv. Proc. No. 18-149 (the "PBA Adversary Proceeding"). On January 14, 2019, the Creditors' Committee and the Oversight Board's Special Claims Committee filed the *Omnibus Objection Of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee*

---

[2] All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

*Of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (Docket Entry No. 4784, the "GO Bond Claim Objection" and, together with the PBA Adversary Proceeding, the "Pending Litigation").

The complaint in the PBA Adversary Proceeding alleges that the Puerto Rico Public Buildings Authority (the "PBA") is a party to certain agreements that purport to lease PBA facilities to the Commonwealth and other public entities, but that those agreements are, in substance, financing agreements rather than bona fide leases. The PBA Adversary Proceeding seeks judicial determinations that the obligations of the Commonwealth and its instrumentalities and public corporations under the PBA lease agreements should not be treated as lease obligations under Section 365(d)(3) of the Bankruptcy Code[3] nor as administrative obligations under Section 503(b) of the Bankruptcy Code.[4]

The GO Bond Claim Objection builds on the allegations of the PBA Adversary Proceeding and alleges that bonds issued by the PBA—which are guaranteed by the Commonwealth—are actually obligations of the Commonwealth that were disguised as PBA obligations to circumvent the debt service limit and the balanced budget clause of the Constitution of Puerto Rico. (GO Bond Claim Objection ¶¶ 2-5.) The GO Bond Claim Objection contends that the PBA bonds therefore should be included in calculating the constitutional limits on the Commonwealth's debt service and budgetary obligations, and that the

---

[3] Section 365(d)(3) provides, in relevant part, that "[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C.A. § 365(d)(3) (West 2015).

[4] Section 503(b) provides, in relevant part, that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C.A. § 502(b) (West 2008).

Commonwealth exceeded those constitutional constraints when it issued more than $6 billion of general obligation bonds in 2012 and 2014 (the "Challenged GO Bonds"). On that basis, the GO Bond Claim Objection seeks to invalidate all claims based on the Challenged GO Bonds. (GO Bond Claim Objection ¶¶ 6-7.)

In connection with the GO Bond Claim Objection, the Creditors' Committee and the Oversight Board's Special Claims Committee also filed the *Urgent Motion of (i) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors for Entry of Order, Under Sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Sections 301(a) and 310 of PROMESA, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* (Docket Entry No. 4788, the "Initial GO Bond Claim Objection Procedures Motion"). That motion sought to establish procedures to provide notice to parties in interest of the GO Bond Claim Objection, to create a "notice of participation" mechanism for each party to provide notice of its intention to be involved in litigating the GO Bond Claim Objection, and to require parties to confer among themselves to establish procedures for the litigation of that dispute. The Court granted the Initial GO Bond Claim Objection Procedures Motion on February 15, 2019. (Docket Entry No. 5143.) To date, over a thousand notices of participation have been filed.

On April 2, 2019, the GO Group filed the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Docket Entry No. 6099, the "Conditional Claim Objection"). The Conditional Claim Objection raises several issues arising out of arguments

presented in the Pending Litigation. According to the Conditional Claim Objection, if the PBA structure is a subterfuge intended to circumvent requirements of the Puerto Rico Constitution, the proper remedy is the invalidation of the PBA bond obligations. (Conditional Claim Objection at 19-20.) Furthermore, the Conditional Claim Objection argues that the logic of the GO Bond Claim Objection, if accepted, would require the invalidation of Commonwealth and PBA bond obligations that were issued as early as 2009. (Conditional Claim Objection at 31-33.) The Conditional Claim Objection further asserts that, to the extent earlier bond issuances are found to be invalid, they should not be counted toward the Commonwealth's debt service and balanced budget limitations. (Conditional Claim Objection at 5 & n.5.) Although the Conditional Claim Objection is styled as an objection to claims pursuant to Section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, the Conditional Claim Objection presents its arguments as hypothetical propositions and expressly disclaims any implication that the GO Group endorses the relief described therein.[5]

The GO Group filed the Motion contemporaneously with its Conditional Claim Objection. The Motion is patterned on the Initial GO Bond Claim Objection Procedures Motion. It seeks to give notice of the Conditional Claim Objection to parties in interest and to allow them to participate in the formulation of procedures for litigation of the issues raised in the Conditional Claim Objection.

---

[5] See Conditional Claim Objection at 7 ("[T]he GO Group emphasizes the conditional nature of this Conditional Objection, which proceeds by assuming that the Oversight Board and UCC will be able to establish that the PBA constitutes an unlawful scheme to evade the Puerto Rico Constitution's debt limit, that the PBA Bonds can validly be recharacterized as direct obligations of the Commonwealth, and that it would be permissible to impose a remedy for such violations on bondholders retroactively. The GO Group disputes each of those premises, and the arguments herein about what conclusions and remedies would logically follow from the Selective Claim Objection's premises should not be understood as an endorsement of any of them.").

Several parties in interest interposed objections to the Motion. The objections to the Motion predominantly argue that the Conditional Claim Objection impermissibly seeks an advisory opinion because the arguments asserted therein are asserted in the hypothetical and are entirely contingent on certain outcomes of disputed issues in the Pending Litigation. (See, e.g., Docket Entry No. 6254 at ¶ 15; Docket Entry No. 6261 at ¶ 11.) Certain objectors also contend that it would be more efficient and economical to first resolve issues in the Pending Litigation that underlie the Conditional Claim Objection prior to implementing the relief sought in the Motion and litigating the Conditional Claim Objection. (See, e.g., Docket Entry No. 6181 at ¶ 5; Docket Entry No. 6254 at ¶ 18.)

## DISCUSSION

"Article III, section 2 of the Constitution of the United States limits the exercise of federal judicial power to actual cases and controversies." ACP Master, Ltd. v. Commonwealth of Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for P.R.), 300 F. Supp. 3d 328, 336 (D.P.R. 2018), aff'd, 919 F.3d 638 (1st Cir. 2019). Federal courts lack jurisdiction "to render advisory opinions, or to entertain 'friendly' suits, or to resolve political questions, because suits of this character are inconsistent with the judicial function under Art. III." Sierra Club v. Morton, 405 U.S. 727, 732 n.3 (1972) (citations and quotation marks omitted).

By means of the Conditional Claim Objection, the GO Group seeks to present legal disputes for adjudication by the Court that are expressly conditioned on future events that may or may not occur, specifically, the Court's determination that certain PBA lease agreements are disguised financing transactions and that the Challenged GO Bonds are invalid under certain provisions of the Puerto Rico Constitution. Disputes concerning the nature of the PBA lease

agreements and the application of the debt limit and balanced budget provisions of the Constitution of Puerto Rico have been commenced via the PBA Adversary Proceeding and the GO Bond Claim Objection. The GO Group contends that the related issues raised in its Conditional Claim Objection are ripe now because they arise directly out of the arguments advanced by the Oversight Board and the Creditors' Committee in the GO Bond Claim Objection. (Docket Entry No. 6429, the "Reply," at 5-6.) The Motion seeks to establish complex notification and procedural provisions in connection with the Conditional Claim Objection.

However, the Motion and the related Conditional Claim Objection make clear that the GO Group itself does not, at this point in time, actually even support the relief described in the Conditional Claim Objection. Nor is there any certainty that the GO Group would support the relief described therein at any point in the future. Instead, the Conditional Claim Objection appears to present a hypothetical request for relief instead of an actual case or controversy. In its current form and with its current movant, the Conditional Claim Objection appears to seek an advisory opinion that would not be justiciable in the present posture of the matter. Under these circumstances it would be improper to implement related procedures, including the dissemination of broad and potentially confusing notice of a request that is not currently being pressed by any party in interest and may never be pressed at all.

The GO Group contends that the Motion would provide notice to individuals and entities whose rights may be affected indirectly by issues decided in the Pending Litigation. (See Reply at 8-9.) However, the issues identified in the Conditional Claim Objection are not currently presented by parties to the Pending Litigation, and it is possible that they never will be. Furthermore, several holders and insurers of PBA bonds have already sought and been granted

the right to intervene in the PBA Adversary Proceeding, (see Docket Entry No. 54 in Adv. Proc. No. 18-149 (granting seven motions to intervene in the PBA Adversary Proceeding)), and the Court's order granting the Initial GO Bond Claim Objection Procedures Motion does not preclude the involvement of parties in interest whose rights may be affected by the resolution of the questions raised in that litigation. The issues raised in the Conditional Claim Objection may ripen into concrete disputes between adverse parties in the course of the Pending Litigation; parties in interest eventually may raise defenses or plead counterclaims or crossclaims that, like the Conditional Claim Objection, assert alternative calculations of the debts that count toward the constitutional debt service limit or dispute the validity of PBA bonds.[6] But that has not yet happened.

The GO Group's analogy to Rule 14(a) of the Federal Rules of Civil Procedure (see Reply at 7 (citing Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389 (1st Cir. 1999))) — which allows a litigant to assert claims against a nonparty who may be liable for all or part of a claim against the litigant—is also unavailing at this time and in these particular circumstances. Rule 14(a) is not incorporated in contested matters, see Fed. R. Bankr. P. 9014(c), and it does not expand the scope of the federal courts' jurisdiction under Article III of the Constitution. Furthermore, even absent the limitations imposed by Article III, it would not be prudent to commence giving notice to hundreds or thousands of bondholders of a motion (i.e., the Conditional Claim Objection) that no party in interest actually advocates based upon the

---

[6] These issues may also be raised in certain of the adversary proceedings against bondholders commenced by the Oversight Board and the Creditors' Committee subsequent to the Hearing. See, e.g., Adv. Proc. No. 19-288. Several of those adversary proceedings challenge the validity of certain general obligation bonds and PBA bonds, including the bonds challenged in the Pending Litigation, and the issues highlighted by the Conditional Claim Objection eventually may be raised in the context of those adversary proceedings as well.

possibility that arguments that have been raised by the Pending Litigation—but which have not been briefed or otherwise proceeded beyond the early stages of litigation—may, if accepted by the Court, indirectly affect those bondholders' interests.

CONCLUSION

For the foregoing reasons, the Motion is denied without prejudice. This Memorandum Order resolves docket entry no. 6104.

SO ORDERED.

Dated: May 10, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge