Hearing Date: June 12, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: May 28, 2019 at 4:00PM (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## NOTICE OF HEARING FOR OBJECTION OF
## PUERTO RICO SALES TAX FINANCING CORPORATION TO
## PROOF OF CLAIM OF JUAN A. MELENDEZ PEREZ (CLAIM NO. 168445)

**PLEASE TAKE NOTICE** that, on May 10, 2019, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Juan A. Melendez Perez (Claim No. 168445)* (the "Objection") with the United States District Court for the District of Puerto Rico (the "Court"), seeking to disallow in its entirety Proof of Claim No. 168445 filed by Juan A. Melendez Perez.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court <u>and</u> must be served upon and received by the undersigned counsel for COFINA by **4:00 p.m. (Atlantic Time)** on **May 28, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m.** on **June 12, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: May 10, 2019  Respectfully submitted,
San Juan, Puerto Rico

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

Hearing Date: June 12, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: May 28, 2019 at 4:00PM (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.³ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF JUAN A. MELENDEZ PEREZ (CLAIM NO. 168445)**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),⁴ files this objection (the "Objection") to the deficient and late-filed Proof of Claim No. 168445, filed against COFINA by Juan A. Melendez Perez (the "Claimant"), and in support of the Objection, respectfully represents as follows:

---

³  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

⁴  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The COFINA Title III Case

3. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

4. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009, and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation.

5. On May 5, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").

6. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652][5] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of*

---

[5] Unless otherwise stated, all ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

the Puerto Rico Sales Tax Financing Corporation* [ECF No. 4364] on November 26, 2018. The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

7. On February 4, 2019, the Court confirmed the Plan. *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055]. The Plan became effective on February 12, 2019, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF No. 587].

**B. The Bar Date Orders and COFINA Claims**

8. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the COFINA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]

3

(together with the Initial Bar Date Order, the "Bar Date Orders"), extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

9. Pursuant to the Bar Date Orders, over 165,000 proofs of claim were timely filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim totaled approximately $43.5 trillion in asserted claims against the Debtors.

10. Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA, totaling approximately $10.1 trillion in asserted claims. As noted above, as COFINA is a special purpose entity that had only approximately $17 billion of funded indebtedness, it was clear that substantially all of such claims were inappropriate.

11. To date, by orders, dated January 31, 2019, February 7, 2019, March 26, 2019, March 27, 2019, and April 2, 2019, and following hearings on January 31, 2019, and March 13, 2019, the Court has granted omnibus objections and individual objections related to over 3,100 proofs of claim filed against COFINA, resulting in these proofs of claim being disallowed or reclassified to be asserted against another of the Debtors. Additionally, over 350 claims asserted against COFINA have been withdrawn, pursuant to stipulations or notices of withdrawal.

**C. Proof of Claim at Issue**

12. On or about April 12, 2019, more than nine months after the deadline to file a proof of claim, Claimant filed a proof of claim against COFINA for $1,000 based on a "civil action for continuance damages alleging omission and negligent practice under state and federal law," which was logged by Prime Clerk, LLC, as Proof of Claim No. 168445 (the "Claim"). Claimant also stated that the Claim was subject to a right of setoff based on a "Commercial General Liability Insurance Policy." Claimant did not include any further explanation or documentation in support of the Claim.

4

## OBJECTION TO PROOF OF CLAIM

13. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). While a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity of the claim, *see* Fed. R. Bankr. P. 3001(f), made applicable to this case by PROMESA section 310, the objecting party may overcome this *prima facie* evidence with evidence which, if believed, would refute at least one of the allegations essential to the claim. *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2d Cir.), *aff'd*, 242 F.3d 367 (2d Cir. 2000); *see also Factors Funding Co. v. Fili (In re Fili)*, 257 B.R. 370, 372 (1st Cir. B.A.P. 2001) ("[A] claim is presumed valid until an objecting party has introduced evidence sufficient to rebut the claimant's prima facie case." (citation omitted)). Federal Rule of Bankruptcy Procedure 3007(d) sets forth a number of grounds for objecting to claims, including objecting to a duplicate claim under Federal Rule of Bankruptcy Procedure 3007(d)(1), a deficient claim under Federal Rule of Bankruptcy Procedure 3007(d)(6), and a late-filed claim under Federal Rule of Bankruptcy Procedure 3007(d)(4).

14. In accordance with these legal principles, the Objection seeks to disallow the Claim as a deficient and late-filed claim. First, the Claim failed to provide any basis for asserting the claim against COFINA. The Claim purports to be based on a "civil action for continuance damages alleging omission and negligent practice under state and federal law," and purports to be subject to right of setoff based on a "Commercial General Liability Insurance Policy," without providing any additional information or supporting documentation about the civil action or insurance policy allegedly at issue. Because of these failures to comply with the applicable rules, COFINA is unable to determine the validity of the Claim as asserted against COFINA.[6] Additionally, the Claim was

---

[6] As set forth in **Exhibit A** hereto, Claimant filed proofs of claim against other Debtors, as identified in the column titled "Remaining Claims," that assert the same liability (collectively, the "Remaining Claims").

5

filed months after the deadline to file a proof of claim, as established by the Bar Date Orders. For each of these reasons, the Claim should be disallowed in its entirety.

15. In support of the foregoing, COFINA relies on the *Declaration of Jay Herriman in Support of the Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Juan A. Melendez Perez (Claim No. 168445)*, dated May 10, 2019, attached hereto as **Exhibit B**.

## RESERVATION OF RIGHTS

16. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever. COFINA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against COFINA; (b) a waiver of COFINA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

17. COFINA has provided notice of this Objection to (a) the individual creditor subject to this Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the

---

However, because neither the Claim nor the Remaining Claims provide additional information about the "civil action" or the "Insurance Policy" allegedly at issue, the Debtors are unable to determine where the asserted liability would lie, if at all. To the extent the Claim should be asserted against another of the Debtors, Claimant will not be prejudiced by the disallowance of the Claim because he will retain the Remaining Claims against another of the Debtors. Because this Objection to the Claim does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

6

Debtors' case website at https://cases.primeclerk.com/puertorico. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit C**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: May 10, 2019  
       San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

7

**EXHIBIT A**

### Exhibit A - Cross Debtor Duplicate Claims + No Basis Claims + Late Filed Claims

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
| 1 | MELÉNDEZ PÉREZ, JUAN A. JOSEY ANN RODRÍGUEZ TORRES PMB 504 609 AVENIDA TITO CASTRO SUITE 102 PONCE, PR 00716-0211 | 04/12/19 | Puerto Rico Sales Tax Financing Corporation (COFINA) 17 BK 03284-LTS | 168445 | $ 1,000.00* | MELÉNDEZ PÉREZ, JUAN A. JOSEY ANN RODRÍGUEZ TORRES PMB 504 609 AVENIDA TITO CASTRO SUITE 102 PONCE, PR 00716-0211 | 04/11/19 | Commonwealth of Puerto Rico 17 BK 03283-LTS | 168438 | $ 1,000.00* |
| | | | | | | MELÉNDEZ PÉREZ, JUAN A. JOSEY ANN RODRÍGUEZ TORRES PMB 504 609 AVENIDA TITO CASTRO SUITE 102 PONCE, PR 00716-0211 | 04/11/19 | Commonwealth of Puerto Rico 17 BK 03283-LTS | 168441 | $ 1,000.00 |

Reason: Duplicate liability filed against Debtor Commonwealth of Puerto Rico. In addition, Proof of Claim fails to provide a basis for asserting a claim against COFINA. In addition, the claim was not timely filed, as claimant filed the claim after the applicable deadline set by the Bar Date Orders.

\* Indicates claim contains unliquidated and/or undetermined amounts

## **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF JUAN A. MELENDEZ PEREZ (CLAIM NO. 168445)

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for COFINA.

3. I submit this declaration in support of the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Juan A. Melendez Perez (Claim No. 168445)* (the "Objection").[3] I have personally reviewed the Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Objection, and under my direction and/or supervision, the claim asserted against COFINA by Juan A. Melendez Perez (the "Claimant") and logged by Prime Clerk, LLC, as Proof of Claim No. 168445 (the "Claim"), was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel.

5. To the best of my knowledge, information, and belief, the Claim failed to provide a basis for asserting a claim against COFINA. The Claim purports to be based on a "civil action for continuance damages alleging omission and negligent practice under state and federal law," and to be subject to right of setoff based on a "Commercial General Liability Insurance Policy," without providing any additional information or supporting documentation about the civil action or insurance policy allegedly at issue. Due to Claimant's failure to provide a basis, COFINA is unable to determine the validity of the Claim as asserted against COFINA. Additionally, the Claim was filed months after the deadline to file a proof of claim, as set by the Bar Date Orders. For each of these reasons, COFINA requests that the Claim be disallowed in its entirety.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

2

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of COFINA and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 10, 2019

By: /s/ Jay Herriman
Jay Herriman

## **EXHIBIT C**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER GRANTING OBJECTION OF
## PUERTO RICO SALES TAX FINANCING CORPORATION TO
## PROOF OF CLAIM OF JUAN A. MELENDEZ PEREZ (CLAIM NO. 168445)

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Juan A. Melendez Perez (Claim No. 168445)* (the "Objection"),[2] dated May 10, 2019, filed by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in its entirety the claim filed against COFINA by Juan A. Melendez Perez, and logged by Prime Clerk, LLC, as Proof of Claim No. 168445 (the "Claim"), as more fully set forth in the Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection.

provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that the Debtors' right to object to the Remaining Claims is reserved; and it is further

ORDERED that Prime Clerk, LLC is authorized and directed to delete the Claim from the official claims register in the COFINA Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

        Honorable Judge Laura Taylor Swain
        United States District Judge

2