# **Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283 (LTS)<br>(Jointly Administered) |

**[PROPOSED] ORDER PURSUANT TO BANKRUPTCY RULES 1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF SECURITY HOLDERS**

Upon further consideration of the *Urgent Motion Of The Financial Oversight And Management Board Of Puerto Rico To Enforce Order Under Bankruptcy* ~~*Rides*~~*Rules* *1007(1) And 2004 Authorizing Discovery And Compelling Disclosure Of Lists Of Security Holders* [ECF No. ~~] (the "Urgent Motion to Enforce")[2]~~ 6853] and the *Urgent Motion Of The Financial Oversight And Management Board Of Puerto Rico To Enforce Order Under Bankruptcy Rules 1007(1) And 2004 Authorizing Discovery And Compelling Disclosure Of Lists Of Security Holders* [ECF No. 6854] (the "Urgent Motions to Enforce") and the exhibits attached thereto, and the *Joint Limited Objection Of Bank Defendants To Urgent Motion Of The Financial*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] ~~Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.~~

*Oversight And Management Board Of Puerto Rico To Enforce Order Under Bankruptcy Rides 1007(1) And 2004 Authorizing Discovery And Compelling Disclosure Of Lists Of Security Holders* [ECF No. _____] including the declaration of Roberto C. Quiñones-Rivera filed in support thereto (collectively, the "Limited Objection"),[2] the Court hereby **FINDS AND DETERMINES** that (i) the Court has jurisdiction to consider the Urgent ~~Motion~~Motions to Enforce and the relief requested therein pursuant to section 310 of PROMESA; and (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA~~; (iii) due and proper notice of this Urgent Motion and First Discovery Order has been provided under the particular circumstances and no other or further notice need by provided; (iv) based~~. Based on the statements and arguments made in the Urgent ~~Motion~~Motions to Enforce and the Limited Objection, the Court ~~has found that disclosure pursuant to Rule 1007(i) and examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is appropriate; and (v) the parties referred to in the First Discovery Order have met and conferred regarding the creation of an appropriate confidentiality restriction as reflected herein, and have submitted the proposal reflected below, in compliance with the First Discovery Order and in agreement as to the provisions thereof. Accordingly, it is hereby ORDERED~~ hereby **ORDERS** that:

1. The Urgent ~~Motion~~Motions to Enforce ~~is further~~are granted as and only to the extent provided herein.
2. The Oversight Board is authorized to ~~issue~~serve the Document Request, attached as Exhibit B to the Urgent ~~Motion~~Motions to Enforce, ~~to~~on the Participant Holders identified at Appendix 2 to Exhibit B of the Urgent ~~Motion~~Motions to Enforce.
3. To the extent of any conflict between this Order and the First Discovery Order or Second Discovery Order, this Order shall control, provided that to the extent that any Participant Holder has already produced any information or documents in response to the First Discovery Order and Second Discovery Order, it need not reproduce such information or documents pursuant to this Order.
4. The Oversight Board shall promptly make available, upon request by any

---

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Urgent Motions to Enforce and/or the Limited Objection.

2

      Participant Holder, an electronic document listing the Challenged Bonds, and the dates upon which payments are thought to have been made by the PBA, Commonwealth and/or ERS, as applicable, to purported holders of such Challenged Bonds based upon publicly available documents.

5. The Oversight Board shall promptly provide any additional information relating to the Challenged Bonds that it has obtained from any source to help the Participant Holders locate the requested information.

6. The Participant Holders shall respond to the Document Request as follows:

    a. As pertaining to the Challenged GO Bonds and PBA Bonds, ~~no later than~~on or before **June 1,** ~~2019.~~**2019, or as soon as reasonably practicable thereafter.**

    b. As pertaining to ERS Bonds, ~~not later than~~on or before **May 16,** ~~2019.~~**2019, or as soon as reasonably practicable thereafter.**

    c. **The deadlines set forth in Paragraphs 6(a) and 6(b) herein may be extended for good cause shown including, with limitation, the reasons set forth in the First Discovery Order [ECF No. 6384].**

7. Participant Holders shall continue to respond to the Document Request to the extent their response remains incomplete as of the dates provided above, and the Oversight Board shall receive such responses and amend litigation pleadings to reflect such responses~~, provided that unless~~**. Upon receipt of** a Participant Holder ~~certifies~~**'s representation** to the Oversight Board that its response to the Document Request is complete ~~within 30 days of the dates provided in paragraph 6 above, such Participant Holder shall be held, as a matter of fact, to have been the beneficial holder of all Challenged Bonds for which it served as Participant Holder at all relevant times, and shall be estopped from making any argument or claim to the contrary.~_**and that either (a) the Participant Holder did not hold Challenged Bonds or receive Transfers through the respective DTC numbers located on Appendix 2 to Exhibit B of the Urgent Motions to Enforce, on its own behalf, or (b) that such Participant Holder's own Challenged Bonds holdings or receipt of such aforementioned Transfers do not meet or exceed the Threshold Amounts,[3] the Oversight Board shall dismiss such Participant Holder from the adversary proceeding(s) in which the Participant Holder is named within thirty (30) days of receipt of such representation. Upon receipt of a Participant Holder's representation to the Oversight Board that its response to the Document Request is complete and that the Participant Holder held some Challenged Bonds or received some Transfers through the respective DTC numbers located on Appendix 2 to Exhibit B of the Urgent Motions to Enforce on its own behalf and also some Challenged Bonds or received some aforementioned Transfers on the behalf of others, the Oversight Board shall reduce its claim against such Participant Holder in an amount equal to the Challenged Bonds and/or Transfers that the Participant Holder did not hold or receive on its own behalf; provided, however, that such reduction of the Oversight Board's claim shall in no way serve as a waiver of or otherwise prejudice the rights of any Participant Holder to assert any available rights, claims or defenses thereto.**

---

[3] For the avoidance of doubt, the "Threshold Amounts" refer to Transfers to Persons who either (a) did not hold more than $2,500,000 in Challenged Bonds in the aggregate at any time during the Lookback Period, (b) did not receive more than $250,000 in Transfers in the aggregate during the Lookback Period, or (c) did not receive any single Transfer greater than $12,000.

3

8. Notwithstanding the foregoing, no Participant Holder shall be required to respond to the Document Request to the extent such response would be duplicative of any prior production or response to the Oversight Board. For the avoidance of doubt, the CUSIPs highlighted in Appendix 3 to Exhibit B of the Urgent ~~Motion~~Motions to Enforce were not previously identified and requested, and all Participant Holders must respond to the Document Request as pertaining to such highlighted CUSIPs as set forth in Paragraph 6 above.

9. To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of confidential information, including personal data or nonpublic personal financial information, permits disclosure of such information pursuant to an order of a court, this ~~order~~Order shall constitute such order.

10. The Oversight Board shall not disclose any Confidential Information~~3~~[4] to any person for any purpose, except as provided below:

    a. The Oversight Board may disclose any Confidential Information to (a) the UCC and/or any trustee appointed pursuant to 11 U.S.C. § 926, and (b) each such party's representatives, professionals, and members, provided that the foregoing restrictions shall apply to all such parties and persons (each in such capacity, a "Receiving Party"):

    b. The Receiving Party may disclose the identity of any person or entity who is a defendant to a Challenged Bonds Avoidance Action, together with such person's or entity's address, the date of receipt of any transfers alleged to be avoidable, the amounts of any such transfers individually and in the aggregate, and the Challenged Bond CUSIP numbers corresponding to any such transfers, in any document necessary to file, serve, and prosecute the Challenged Bonds Avoidance Actions. Notwithstanding the foregoing, in accordance with Local Rule 5.2 of the District of Puerto Rico, the Receiving Party shall, to the extent it seeks to disclose Confidential Information in any pleading, motion, objection, or other public document pursuant to this paragraph, redact all (1) social security or employer identification numbers of individuals or entities, (2) names of any individuals known by the Receiving Party to be minor children as of the date of disclosure; (3) dates of birth of individuals, (4) financial account numbers, and (5) home or business addresses, other than such individuals' or entities' city and state of residence, provided, however, that in any Challenged Bond Avoidance Action not involving an individual known by the Receiving Party to be a minor child at the time of disclosure, the Receiving Party shall file any initial pleading and case commencement materials using a pseudonym name for the defendant, and file with the Court under seal a "key" list matching pseudonyms to actual names, and provided further that the obligation to utilize a pseudonym as

---

[~~3~~][4] "Confidential Information" constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7026 or 9018 of the Federal Rules of Bankruptcy Procedure, or is subject by law or by contract to a legally protected right of privacy. For the avoidance of doubt. Confidential Information includes customer/consumer names and addresses, account numbers, and identification of securities held in the accounts. The term "Confidential Information," however, shall not include information within the public domain that is furnished by any provider of information ("Provider") to a third party who is under no obligation to keep the information confidential.

|   | provided herein extends only to the initial pleading and case commencement materials and shall terminate twenty-one (21) days after the Receiving Party provides such defendant, at the time of service, with reasonable notice and an opportunity to object to the use of its Confidential Information. For the avoidance of doubt, (a) the Receiving Party may file under seal a single "key" matching pseudonyms to actual names of all defendants to all Challenged Bond Avoidance Actions commenced by such Receiving Party; (b) notice and opportunity for such defendants to object to use of Confidential Information may be provided by the Receiving Party in the body of any initial pleading and no further notice shall be required; and (c) this Order shall be self-effectuating such that no Receiving Party shall be required to file any motion or other pleading with the Court regarding further permission to file such "key" under seal. |
|---|---|
| c. | Upon the latest of (a) the date that a final judgment has been entered and satisfied as to all Challenged Bonds Avoidance Actions and (b) the date that the above-captioned PROMESA Title III cases are closed by the Court, the Receiving Parties shall destroy all Confidential Information. Notwithstanding the foregoing, the Receiving Parties shall be permitted to retain, in accordance with its documented practices, professional obligations, applicable law or automatic electronic backup systems, archival copies of any Confidential Information. For the avoidance of doubt, the Receiving Parties shall not be required to destroy or erase any electronic copy of such materials that is created pursuant to its standard electronic backup and archival procedures, if only personnel whose functions are primarily information technology in nature have access to such retained copies (except to the extent used for any purpose outlined above in this paragraph) and such personnel's access is limited to that reasonably necessary for the performance of their information technology duties. Notwithstanding the destruction of Confidential Information pursuant to this paragraph, the Receiving Parties will continue to be bound by their confidentiality obligations and other obligations under this Order in perpetuity; and |
| d. | In the event that a Receiving Party receives a request to disclose all or any part of the Confidential Information under the terms of a subpoena or other order issued by a court of competent jurisdiction or by another governmental agency, relevant regulatory authority or by the mandatory rules or requirements of any recognized investment exchange, the Receiving Party shall to the extent permitted by law or the mandatory rules or requirements of any recognized investment exchange (a) promptly notify the Provider of the existence, terms and circumstances surrounding such a request, (b) consult with the Provider on the advisability of taking steps to resist or narrow such request, (c) if disclosure of such Confidential Information is required, furnish only such portion of the Confidential Information as the Receiving Party reasonably determines is legally required to be disclosed and (d) cooperate, at the Provider's expense, with the Provider in its efforts to obtain a protective order or other relief to prevent the disclosure of the Confidential Information or |

5

    other reliable assurance that confidential treatment will be accorded to such portion of the Confidential Information that is required to be disclosed.

11. The Receiving Party shall maintain Confidential Information in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of Confidential Information. Confidential Information shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Challenged Bonds Avoidance Actions. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based. If a Receiving Party learns that there has been a material breach of a Provider's Confidential Information due to unauthorized access by a third-party (including unauthorized access by a current or former employee of the Receiving Party) to Confidential Information in the Receiving Party's possession, custody or control, the Receiving Party shall as soon as possible notify the Provider of such breach and shall cooperate, or cause its designated agents to cooperate, with the Provider and the Provider's agents in the investigation and resolution of such breach. Nothing in this provision, however, shall be construed as authorizing or requiring a party to violate any law, court order, or regulatory obligation prohibiting the Receiving Party from notifying the Provider of such breach.

12. Any Provider or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any law or contractual obligation relating to personal data or non-party financial information.

13. The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019  _____

                       Honorable Judith G. Dein
                       United States Magistrate Judge