**Hearing Date and Time:** May 16, 2019 at 2:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS)<br><br>(Jointly Administered) |

### LIMITED OBJECTION TO URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AND AGREED ORDER BY AND AMONG THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION OF CERTAIN CAUSES OF ACTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO

The Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "**Retiree Committee**") objects in part (the "**Objection**") to the Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Certain Causes of Action of Puerto Rico Highways and

---

[1] The Debtors in these jointly-administered PROMESA title III cases (these "**Title III Cases**"), along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are: (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric and Power Authority (Bankruptcy Case No. 17 BK 4780) (Last Four Digits of Federal Tax ID: 3747).

Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Dkt. 6867, the "**Motion**").[2]

## INTRODUCTION

1. The Motion seeks to designate the Special Claims Committee and the Official Committee of Unsecured Creditors (the "**UCC**") as co-trustees and co-plaintiffs in any adversary proceeding brought on behalf of HTA and ERS. While the Retiree Committee takes no position as to HTA, the Retiree Committee objects to the Motion as it pertains to ERS.

2. The argument in support of the Motion is that the applicable statute of limitations to bring claims on behalf of ERS is May 20, 2019 and while the Oversight Board could bring those actions itself, there is the risk, based on the First Circuit's decision in *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), that a Court would later find the Oversight Board had no authority to do so. (Motion at ¶¶ 8-9; *see also* Dkt. 6876 at ¶¶ 2-5.) Putting aside the merits of any such argument, the Motion does not resolve the risk it identifies, given that the UCC's own authority in the ERS case has been challenged. (*See* Case No. 17-3566, Dkt. 433). Consequently, the Motion does not resolve the problem it purports to address.

3. The solution to the *Aurelius* problem is not to appoint co-trustees each with their own authority issues but to appoint the Retiree Committee a co-trustee and co-plaintiff for the ERS adversary proceedings.[3]

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motion.
[3] While the Retiree Committee, for the reasons articulated below, believes a co-trustee/co-plaintiff arrangement is the preferred approach, the Retiree Committee would not object to the Special Claims Committee serving as sole plaintiff or trustee in any ERS adversary proceedings.

2

**ARGUMENT**

**A. The Motion Ignores the UCC's Own Authority Issues.**

4. The Motion is presented as the solution to a difficult problem; given the *Aurelius* decision, what good would it do for the Oversight Board to bring timely ERS causes of action if a defendant later challenged the Oversight's Board authority to have commenced those adversary proceedings in the first place? The solution the Motion provides is the joint prosecution of ERS causes of action by members of the Special Claims Committee and the UCC. This approach, according to the Motion, will lift the cloud of uncertainty and allow valuable causes of action to be pursued and determined based on their merits and not on the authority of the plaintiff to bring the lawsuits.

5. While the Motion may have correctly identified the problem, it fails to provide an effective solution, because it simply exchanges one uncertainty for another. Just like the Oversight Board, the UCC is faced with crisis challenge to its authority in the ERS case. The Puerto Rico Funds are seeking to vacate the UCC's appointment in the ERS case on the basis that none of the UCC's members are actually creditors of ERS, making the UCC "hopelessly conflicted" when it comes to ERS and that the ERS unsecured creditors, consisting of a significant amount of retirees and pensioners, already have adequate representation through the statutory Retiree Committee, making the UCC's role duplicative and unnecessary for the ERS case. (*See* Case No. 17-3566, Dkt. 433 at ¶¶ 2-3.) The fate of the UCC in the ERS case is set for hearing at the next omnibus hearing in June.

6. The Retiree Committee raises this point not to advocate either way for whether the UCC should be permitted to participate in the ERS case but to highlight how the current Motion falls short of addressing the real problem. The Motion notes that in approving a similar stipulation

3

governing the pursuit of causes of action by the Commonwealth, this Court noted that "the [UCC] and the Oversight Board are faced with a situation where even if the Oversight Board were to commence these actions prior [to the state of limitations expiring], its authority to continue to prosecute the actions may expire or be interrupted soon thereafter. ..." (Motion at ¶ 8.) The Motion then says that "[t]he same rationale applies to the HTA/ERS Stipulation." (*Id.* at ¶ 9.) That is exactly right, but it does not cut the way Movants argue, because at least with respect to the ERS claims, even if the UCC were to commence timely the ERS causes of action, the UCC's authority to prosecute the actions may expire or be interrupted soon thereafter. It benefits no one to replace the Oversight Board's authority problem with the UCC's, and the Court should decline to grant the relief sought in the Motion.

**B. Members of the Special Claims Committee and the Retiree Committee Should Be Allowed to Bring ERS Causes of Action.**

7. By this Objection, the Retiree Committee is not advocating that no plaintiff/trustee be appointed. To the contrary, the Retiree Committee agrees with the Motion's underlying premise that given the uncertainty surrounding the Oversight Board, some other party or parties should be authorized to bring ERS causes of action. Those parties should be the members of the Special Claims Committee and the Retiree Committee.

8. Unlike the questioned role of the UCC in the ERS case, the Retiree Committee's interest in ERS or its ability to represent the interest of ERS's constituents is without question. In fact, in challenging the UCC's appointment in ERS, the Puerto Rico Funds have already pointed out the unique and tangible interest the Retiree Committee has in the ERS case, noting that "the ERS unsecured creditors, consisting of a significant amount of retirees and pensioners, already have adequate representation through the statutory Retiree Committee. ..." (Case No. 17-3566, Dkt. 433 ¶3.) At least on this point, the Puerto Rico Funds are correct. The Retiree Committee's

4

constituents consist, in large part, of ERS beneficiaries—of the Commonwealth's 167,000 government retirees the Retiree Committee represents, the vast majority (approximately 120,000) previously received their pensions through ERS. Many of those retirees also claim an interest in ERS's remaining funds based on contributions they made towards their pensions while actively employed. For those reasons, Judge Dein previously has recognized the Retiree Committee's "unique role in protecting the interest of pension holders" in the ERS context. (Adv. Pro. 17-219, Dkt. 38 at 7-8.) In sum, the Retiree Committee and its constituents are the group most directly impacted by how ERS's estate is resolved and therefore are the party best positioned to be given authority to pursue claims on behalf of ERS's estate.

9. In fact, at the start of these cases, *only* the Retiree Committee, and not the UCC, intervened in the adversaries seeking to resolve the alleged claims of the ERS Bondholders. (*See generally* Adv. 17-00213 Dkt. 138; Adv. 17-00219 Dkt. 24.) When the ERS Bondholders moved for stay relief in the summer of 2018, *only* the Retiree Committee, not the UCC, filed a substantive objection. (*Compare* ERS Dkt. 293, *with* ERS Dkt. 296.) Those actions were consistent with a general understanding between all the parties in these cases that the Retiree Committee was the appropriate party to be active in ERS.[4] For whatever reason, once the COFINA plan was confirmed, the UCC has sought to involve itself more actively in the ERS proceedings. This has created unnecessary duplication and is disrespectful to the eight retiree members of the Retiree Committee and the tens of thousands of retirees they represent. All of them deserve to have *the*

---

[4] In addition, the Retiree Committee has participated in the ERS case by filing, on April 23, 2019, an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* (Case No. 17-03283, Dkt. 6482; Case No. 17-03566, Dkt. 469). Accordingly, to the extent that the ERS causes of action pertain to transactions and payments involving the ERS bondholders, the Retiree Committee is well-positioned to work with the Special Claims Committee on these matters.

one committee that represents their interests take a lead role in actions, which, if they have any purpose, is to recover funds that should have been in a fund for the benefit of retirees.

## CONCLUSION

10. For all of the foregoing reasons the Retiree Committee respectfully requests that the Court deny the Motion as it pertains to ERS and appoint the Retiree Committee and the members of the Special Claims Committee as co-plaintiffs and trustees to pursue ERS causes of action and grant such other relief as may be just.

Dated: May 12, 2019

JENNER & BLOCK LLP

By:
*/s/ Robert Gordon*
Robert Gordon (admitted *pro hac vice*)
Richard Levin (admitted *pro hac vice*)
919 Third Ave
New York, NY 10022-3908
rgordon@jenner.com
rlevin@jenner.com
212-891-1600 (telephone)
212-891-1699 (facsimile)

Catherine Steege (admitted *pro hac vice*)
Melissa Root (admitted *pro hac vice*)
Landon Raiford (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
csteege@jenner.com
mroot@jenner.com
lraiford@jenner.com
312-222-9350 (telephone)
312-239-5199 (facsimile)

Respectfully submitted,

BENNAZAR, GARCÍA & MILIÁN, C.S.P.

By:
*/s/ A.J. Bennazar-Zequeira*
A.J. Bennazar-Zequeira
Héctor M. Mayol Kauffmann
Francisco del Castillo Orozco
Edificio Union Plaza,
1701 Avenida Ponce de León #416
Hato Rey, San Juan
Puerto Rico 00918
ajb@bennazar.org
hector.mayol@bennazar.org
francisco.delcastillo@bennazar.org
787-754-9191 (telephone)
787-764-3101 (facsimile)

*Counsel for The Official Committee of Retired Employees of Puerto Rico*