Hearing Date: May 16, 2019 at 2:00 p.m. (Atlantic Standard Time)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |

**OBJECTION OF THE PUERTO RICO FUNDS TO THE URGENT JOINT MOTION FOR ENTRY OF ORDER APPROVING STIPULATION AND AGREED ORDER BY AND AMONG FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO JOINT PROSECUTION OF CERTAIN CAUSES OF ACTION OF PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO**

Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Inc., Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III,

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc. (the "Puerto Rico Funds"), all of whom are secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") on account of their ownership of bonds issued by ERS ("ERS Bonds"), hereby file this objection (the "Objection") in opposition to the *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Certain Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico*[2] [Docket No. 6867] (the "Urgent Motion") filed by the Official Committee of Unsecured Creditors for All Title III Debtors (other than COFINA) (the "UCC"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Special Claims Committee of the Oversight Board (the "Special Claims Committee" and, together with the Oversight Board and the Committee, the "Parties"), and in support state:

## BACKGROUND

1. On May 8, 2019, the Parties filed the Urgent Motion seeking approval of a stipulation (the "HTA/ERS Stipulation") regarding the prosecution of causes of action of HTA and ERS against certain entities and the allocation of litigation responsibilities. The Urgent Motion would appoint the UCC and the Special Committee as co-trustees and co-plaintiffs with respect to certain, undefined claims to be brought on behalf of HTA and ERS.

---

[2] Capitalized terms not otherwise defined herein shall have the means ascribed to them in the Urgent Motion (as defined below).

**OBJECTION**

2.  As set forth in the *Motion of the Puerto Rico Funds to Vacate the Appointment of the Official Committee of Unsecured Creditors in the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Title III Case* [Docket No. 6162] (the "Motion to Vacate"), the UCC, which the United States Trustee ("U.S. Trustee") appointed to represent the interests of all unsecured creditors for each PROMESA Debtor (except COFINA), consists almost exclusively of unsecured creditors of the Commonwealth; *none of its members are creditors of ERS*. Motion to Vacate, at ¶ 29.

3.  To be a member of an unsecured creditors' committee, however, a creditor must hold an unsecured claim against the debtor. *See* 11 U.S.C. § 1102(a) ("Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding *unsecured claims*") (emphasis added); *In re Wilson Foods Corp.*, 31 B.R. 272, 272 (Bankr. W.D. Okla. 1983) (finding in a multi-debtor case that under § 1102, "members must be creditors holding unsecured claims."); *In re Grynberg*, 10 B.R. 256, 257 (Bankr. D. Colo. 1981) ("[T]here is only one qualification for membership set by statute and that is the persons appointed must be creditors holding unsecured claims")."); *cf. In re White Motor Credit Corp.*, 18 B.R. 720, 722 (Bankr. N.D. Ohio 1980) ("As a matter of law, section 1102 indicates that each case should have a Court-appointed committee. While such language does not preclude the Court from appointing identical committees in related cases, it cannot be said to authorize a single committee" where "creditors of one debtor cannot be presumed to have a material or other qualifying interest in the assets or future of an affiliated debtor").

4.  Confronted with the fact that none of its members are creditors of ERS, the UCC argues that one of its members, the Service Employees International Union, represents individuals with claims for pension and other postemployment benefits as a result of their participation in ERS. *Third*

- 3 -

*Supplemental Verified Statement of Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2019* [Dkt. No. 6872-1] (asserting that the SEIU's claim includes the portion of "the total actuarial liability of the Employee Retirement System . . . attributable to the accrued benefits earned by SEIU members employed by the Commonwealth and its instrumentalities"); *see also Verified Statement of the Service Employees International Union Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt No. 6882].

5. Importantly, however, absent statutory authority, labor unions do not have standing to assert individual bankruptcy claims on behalf of their members. *In re Continental Airlines Corp.*, 64 B.R. 874, 800 (Bankr. S.D. Tex. 1986). In *Continental Airlines*, the court held that airline employees unions lacked "standing or authority to file bankruptcy claims on behalf of individual employees," noting that the "nature of the claims at issue [ ] require the participation of individual employees." The court noted that "the Unions' claims are antithetical to an overriding bankruptcy policy requiring an individualized analysis of all claims." Id. at 881. So too here, analysis of whether any of SEIU's members have pension benefit claims against ERS requires an individualized analysis that has nothing to do with claims which the SEIU represents its members on a collective basis.

6. Nonetheless, the Oversight Board seeks to appoint the UCC as co-plaintiffs/co-trustees and grant it derivative standing to commence the causes of action against Potential Defendants, who have not been identified, for claims that are not identified. There is a conflict of interest, however, between the UCC and the unsecured creditors of ERS it purports to represent. The UCC's only interest is to protect the recovery of Commonwealth creditors. It has no incentive to protect ERS creditors; indeed, as explained in the Motion to Vacate, the interests of the Commonwealth and ERS are directly adverse.

7. Moreover, there is a sharp conflict of interest between the UCC, on one hand, and creditors of ERS, on the other, due to the pending litigation between the Commonwealth and ERS'

secured creditors over the Commonwealth's siphoning of ERS assets to the Commonwealth through the Post-Petition Legislation. The Post-Petition Legislation purports to dissolve ERS, liquidate its assets for the benefit of the Commonwealth, and divert ERS' largest revenue stream to the Commonwealth—all for the benefit of the Commonwealth's creditors. As explained in the Motion to Vacate, the interests of ERS' creditors and the Commonwealth's creditors are at direct odds with each other, and the UCC cannot be expected to carry out its fiduciary duty to fairly, adequately and zealously represent all constituent creditors, including ERS and Commonwealth creditors.

8. Moreover, even if the appointment of the UCC does not extend to claims among the Debtors themselves, the UCC's only incentive to pursue actions on behalf of ERS is the expectation that they will ultimately inure to the behalf of the Commonwealth's creditors. Thus, the outcome of pending litigation concerning the siphoning of ERS's assets by the Commonwealth could significantly diminish any incentive of the UCC to vigorously pursue actions on behalf of ERS. *See Robert F. Craig, P.C. v. Greenlight Capital Qualified, L.P.*, 469 B.R. 228, 234-35 (D.V.I. 2012) (affirming the bankruptcy court's denial of derivative standing because the appellant was not a creditor and had a conflict of interest against the estate that presented "a significant risk that the representation of the estate in this proceeding would be materially limited").

9. In addition, the Stipulation states that the Oversight Board, Special Committee, and UCC have compiled "Schedules" of identified claims and causes of action that they will jointly pursue, but these Schedules have not been filed with the Court and have not been seen by the Puerto Rico Funds. Yet, the Stipulation would grant the UCC the right to file these unspecified, unlimited claims and causes of action. Thus, among other things, the Stipulation appears to be premised on the unfounded belief that the UCC has standing to request appointment of a trustee under Section 926(a) of the Bankruptcy Code, a provision that only confers standing on *creditors*—which, as explained above, the UCC is not—and not committees and parties-in-interest. 11 U.S.C. § 926(a).

10. ERS should not be forced to relinquish control of *its* claims to the Commonwealth's UCC when the Commonwealth is stealing ERS's assets. Appointment of the UCC to pursue claims on behalf of ERS is improper.

## RESERVATION OF RIGHTS

11. The Puerto Rico Funds reserve all rights and remedies with respect to the *Stipulation Between the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico Regarding the Tolling of Statute of Limitations and Order* [Docket No. 376 of Case No. 17-03566 (LTS)], including but not limited to the right to challenge the standing of any plaintiff who brings a claim or cause of action pursuant to the HTA/ERS Stipulation.

## CONCLUSION

12. Based on the foregoing, the Puerto Rico Funds respectfully request that the Court deny the Urgent Motion to the extent that it seeks to appoint the UCC to bring any causes of action on behalf of ERS.

In San Juan, Puerto Rico, today May 12, 2019.

By:

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ Jason N. Zakia* |
| José C. Sánchez-Castro | John K. Cunningham (*pro hac vice*) |
| USDC-PR 213312 | Glenn M. Kurtz (*pro hac vice*) |
| jsanchez@sanpir.com | WHITE & CASE LLP |
| | 1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez | New York, NY 10036 |
| USDC-PR 215112 | Tel. (212) 819-8200 |
| alavergne@sanpir.com | Fax (212) 354-8113 |
| | jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero | gkurtz@whitecase.com |
| USDC-PR 225504 | |
| mvazquez@sanpir.com | Jason N. Zakia (*pro hac vice*) |
| | Cheryl T. Sloane (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC | WHITE & CASE LLP |
| 270 Muñoz Rivera Avenue, Suite 1110 | 200 S. Biscayne Blvd., Suite 4900 |
| San Juan, PR 00918 | Miami, FL 33131 |
| Tel. (787) 522-6776 | Tel. (305) 371-2700 |
| Fax: (787) 522-6777 | Fax (305) 358-5744 |
| | jzakia@whitecase.com |
| | csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: May 12, 2019 /s/ *Alicia I. Lavergne-Ramírez*