UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- X
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------- X   Re: ECF No. 6143

**OMNIBUS REPLY IN SUPPORT OF THE URGENT MOTION OF
THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF
PUERTO RICO TO ENFORCE ORDER UNDER BANKRUPTCY RULES
1007(i) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING
<u>DISCLOSURE OF LISTS OF SECURITY HOLDERS</u>**

To the Honorable United States Magistrate Judge Judith G. Dein:

    The Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), acting by and through the members of its Special Claims Committee (the "<u>Special Claims Committee</u>"), respectfully submits this omnibus reply (the "<u>Reply</u>") in support of its *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) And 2004 Authorizing Discovery And Compelling*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (iv) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Disclosure Of Lists Of Security Holders*, ECF No. 6853, (the "Motion to Enforce"),[2] and in support of the Reply, respectfully represents as follows:[3]

## REPLY

1. The Oversight Board has received formal and informal responses to its Motion to Enforce (the "Responses" of the "Respondents"). The only formal Response to the Motion to Enforce was the *Joint Limited Objection of Bank Defendants to Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6900] (the "Limited Objection"), filed by a number of entities identified at footnote 2 thereto (the self-styled "Bank Defendants"), with accompanying declaration and exhibits at ECF No. 6901.[4]

2. The Respondents have generally agreed to the relief requested, but request alterations to the proposed order on the Motion to Enforce in three respects: (i) removal of the purportedly draconian sanction that certain facts be deemed admitted upon respondents' failure to comply with the Court's orders within a period of approximately 30 days after the renewed

---

[2] A second, similarly titled motion was filed at ECF No. 6854 by the Oversight Board via its conflicts counsel. The Response of the Bank Defendants (defined below) and additional informal Responses received appear directed to both motions filed by the Oversight Board. Undersigned counsel has spoken with conflicts counsel, which has likewise met and conferred with various parties in interest regarding its motion. Undersigned counsel understands that conflicts counsel will file a separate reply and/or joinder in support of its motion.

[3] Capitalized terms not defined in this Reply shall have the meanings ascribed to them in the Motion to Enforce and/or the Limited Objection.

[4] Additionally, shortly before the filing hereof, undersigned counsel was received notice of a joinder to the Limited Objection filed at ECF No. 6917 by Goldman Sachs & Co. LLC, and was informed of a forthcoming *Limited Objection and Joinder of Wells Fargo to the Joint Limited Objection of Bank Defendants to Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders*, [ECF No. __] (the "Wells Fargo Objection") filed by entities affiliated with Wells Fargo Bank, National Association ("Wells Fargo"). The Wells Fargo Objection pertains to the motion at ECF No. 6854 filed by conflicts counsel, but refers to interactions with undersigned counsel. Wells Fargo now joins in the Limited Objection and appears to additionally object regarding service to its mailing address by conflicts counsel. Undersigned counsel understands that conflicts counsel agreed to an extension of the objection deadline for Wells Fargo.

2

deadline to comply (approximately 60 days after the prior court-ordered deadlines to produce much of the same information); (ii) addition of a requirement that the Oversight Board dismiss from litigation any respondent that demonstrates through compliance with the order that it is not an appropriate defendant; and (iii) extension of deadlines to a date "as soon as reasonably practicable" after certain dates.

3. The Oversight Board has conferred with the Respondents to the extent possible in the limited time available following receipt of the Responses, which included exchanging emails and engaging in a telephonic conference with counsel for certain of the Bank Defendants.

4. Following such conferences, the Oversight Board believes that the first two concerns expressed by the Respondents are resolved by the revised proposed order attached at Exhibit A hereto (the "Revised Proposed Order;" a blackline against the Bank Defendants' proposed version is attached at Exhibit B). Specifically, in addition to certain ministerial revisions, (i) the Oversight Board has relinquished its request that facts be deemed admitted absent further motion and order, and (ii) the Oversight Board has consented to the requirement of dismissal (with some qualifications, as suggested by the Bank Defendants) of parties that timely comply with the Court's order.

5. Unfortunately, the Oversight Board and the Respondents were not able to reach agreement as to a deadline for production.

6. Respectfully, the Bank Defendants' proposal to set production deadlines to a date "as soon as reasonably practicable" after a given deadline is not workable. The Oversight Board first obtained a discovery order fully a month ago, and its proposed order on the Motion to Enforce effectively provided the Respondents another 40-60 days to comply before imposing a sanction—which sanction the Oversight Board has now agreed to remove. An order on the

3

Motion to Enforce must do exactly that: clearly enforce the Court's prior orders, and state consequences (even, as here, little to no consequences) for non-compliance.

7. Under the Bank Defendants' proposal, numerous parties could fail to comply with the order for an indefinite period of time, providing the Oversight Board no inkling of their reasons for doing so, and forcing the Oversight Board to blindly move for *yet another* order enforcing discovery obligations. It would effectively sanction the Oversight Board, daring it to waste time and money on yet another motion, not to mention forcing the Oversight Board to prove what is "reasonably practicable" as to over 100 different parties.

8. Moreover, vague language as to the production deadline risks the loss of valuable claims, if any party might be viewed as having timely provided necessary information after the date by which the Oversight Board must file claims. To be clear: the Financial Oversight Board requires this information by May 16, 2019 in order to timely file actions against real parties in interest prior to the two year anniversary of these proceedings.[5]

9. In other words, for the Court's order to have meaning, it must state a date certain for production of documents. For the Court's order to accomplish its intended effect, the date certain must be prior to the statute of limitations expiration. While the consequences for production after such date need not be "draconian" (a characterization that appears resolved by consent), it is not equitable to sacrifice the Oversight Board's claims, or nearly as harmful, to force the Oversight Board to make a demonstration of proof as to whether and when 100+

---

[5] For the avoidance of doubt, and in explicit reservation of all applicable rights: the Oversight Board does not concede that any litigation referenced herein may be time-barred in relation to compliance with this order or any lack thereof, and maintains that any statute of limitations on any Challenged Bonds Avoidance Actions should be tolled to the extent it is unable to name appropriate defendants thereto prior to any applicable statute of limitations due to the failure of any Participant Holder to comply with the Court's discovery orders. Consistent with the Court's order denying the Equitable Tolling Motion without prejudice, the Oversight Board reserves the right to renew such motion as to any party that defends a Challenged Bonds Avoidance Action on the grounds that such action was not timely filed.

4

different banks have fully complied with an order, based on the practicalities of such banks' document storage and retrieval capabilities, of which the Oversight Board has no knowledge, notwithstanding decades of precedent to the effect that efficient production of documents is a cost of doing business for the banks.

10. The Court and the parties have already been down the path of argument over who should bear the costs of discovery. *Compare, e.g.*, *Objection of the Bank of New York Mellon to the Financial Oversight and Management Board's Urgent Motion for Expedited Discovery of Confidential Information* [ECF No. 6194] (objecting to first discovery motion and requesting indemnification and reimbursement of costs), *with Omnibus Reply in Support of the Financial Oversight and Management Board of Puerto Rico's Urgent Motion for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of List of Security Holders* [ECF No. 6248] (arguing and citing precedent that discovery is the cost of doing business for Respondents). The Court came down firmly against forcing the Oversight Board to pay the costs of Participant Holders' compliance with discovery orders. *See* Second Discovery Order, ECF No. 6493.

11. The Respondents now request to reopen the cost allocation issue by proposing a solution that would allow each Participant Holder to comply with the Court's order at a pace it deems reasonable, allocating personnel and costs at levels it deems reasonable, leaving the Oversight Board to interrogate such pace at the Oversight Board's risk and expense. The solution is inconsistent with the Court's prior orders and would effectively neuter this order, notwithstanding the purportedly limited nature of the Respondents' objection.

12. The Revised Proposed Order attached hereto re-states the deadlines proposed in the Motion to Enforce, providing as before that Participant Holders' obligations to produce

5

documents continue after such deadlines. The effect of the proposal is to clarify exactly what conduct constitutes full compliance with the order, no more and no less. Respectfully, such clarity is reasonable and necessary to any order granting the Motion to Enforce, and to any order enforcing the Court's prior orders.

Dated: May 13, 2019 　　　　　　　　*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Justin S. Weddle, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

*/s/ Kenneth C. Suria*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*