# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND JOINDER OF WELLS FARGO TO THE JOINT LIMITED OBJECTION OF BANK DEFENDANTS TO URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO TO ENFORCE ORDER UNDER BANKRUPTCY RULES 1007(I) AND 2004 AUTHORIZING DISCOVERY AND COMPELLING DISCLOSURE OF LISTS OF <u>SECURITY HOLDERS</u>**

To the Honorable United States District Court Judge Laura Taylor Swain:

Wells Fargo Bank, National Association; Wells Fargo Clearing Services LLC AKA or FKA First Clearing LLC; and Wells Fargo Securities, LLC (collectively, "Wells Fargo") submits this limited objection ("Limited Objection") to the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (ECF No. 6854) (the "Urgent Motion") and Joinder (the "Joinder") to the *Joint Limited Objection of Bank*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title II case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No.. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

*Defendants to Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (ECF No. 6900) (the "Bank Defendants' Objection"). In support of this Limited Objection and Joinder, Wells Fargo states:

## PRELIMINARY STATEMENT

1. Wells Fargo has no objection to providing information in response to reasonable requests issued by the Financial Oversight and Management Board of Puerto Rico (the "FOMB") through its Special Claims Committee (the "SCC"). However, the SCC and its counsel have placed Wells Fargo in an untenable position. In its Urgent Motion, the SCC claims that it has "made efforts to reduce the burden of production, including by providing electronic records" (Urgent Motion ¶ 3) and "made a reasonable effort to resolve or narrow the issues that are being brought" in the Urgent Motion. (Urgent Motion ¶¶ 3, 25.) This is simply not true with respect to Wells Fargo. Despite its representations, before the SCC filed its Urgent Motion, the SCC never met and conferred with Wells Fargo, never provided it with any information and, despite actively negotiating with Wells Fargo's counsel on another matter related to this case since April 18, 2019, never raised its need for urgent discovery with Wells Fargo's counsel or served any of the previous orders or motions on counsel for Wells Fargo.

2. Instead, the SCC continued to serve the previous order and motions, including the Urgent Motion, by mail to Wells Fargo's office in South Dakota or its registered agent. As a result, Wells Fargo did not receive notice of any of the SCC's discovery motions until after the First and Second Discovery Orders[2] were entered, and relevant Wells Fargo personnel were not aware until

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Urgent Motion.

2

this past Friday, May 10, that the SCC sought urgent discovery from Wells Fargo. The SCC now demands that Wells Fargo meet unreasonable and arbitrary production deadlines and wants the Court to impose punitive – and unlawful – sanctions on Wells Fargo if it is unable to do so. In short, the SCC wants the Court to punish Wells Fargo for the SCC's own dilatory conduct – a plainly unreasonable request.

3. Wells Fargo joins in the arguments and requests for relief set forth in the Bank Defendants' Objection. It files this Limited Objection and Joinder in support thereof and adopts and incorporates by reference the arguments asserted and requests for relief therein. For the avoidance of doubt, Wells Fargo agrees with, and joins in, the Bank Defendants' assertions and arguments that the proposed order attached to the Urgent Motion: (1) seeks a draconian sanction that might require Wells Fargo and others to make payments that they would not otherwise be required to make under the law; (2) should include as a remedy the prompt dismissal of any defendant that shows that it is not the beneficial holder of the bonds at issue; and (3) seeks to impose an unnecessary and unreasonable deadline by which Wells Fargo and other banks must respond. If any order is to be entered, this Court should enter the proposed order submitted in the Bank Defendants' Objection.

**BACKGROUND**

4. As early as October 2017, FOMB knew that Wells Fargo was represented by Katten Muchin Rosenman, LLP ("Katten") in connection with the instant bankruptcy proceedings. Between October 2017 and March 2018, Katten and FOMB's independent investigator engaged in discovery negotiations regarding certain voluntary requests for production.

5. On April 8, 2019, the SCC filed the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and*

3

*2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (ECF No. 6143) (the "April 8 Motion"). The April 8 Motion asked for discovery from certain financial institutions in order to pursue potential claims on behalf of the Commonwealth of Puerto Rico and related entities. (*See generally* April 8 Motion, Appendix 2.) Wells Fargo was not listed among the firms from whom discovery was sought.

6. On April 18, 2019, the Court issued an order authorizing the requested discovery (ECF No. 6384).

7. Between April 18, 2019 and May 1, 2019, counsel for the SCC and Katten were engaged in active discussions regarding another matter pertaining to certain of the Challenged Bonds and this bankruptcy case (the "Ancillary Negotiation").

8. On April 19, 2018, the SCC mailed a copy of the April 18 Order and April 8 Motion to Wells Fargo's agent for service of process, Corporation Service Company, and an office in South Dakota. Wells Fargo received these documents on April 23, 2019. The materials that Wells Fargo received ordered certain institutions to respond to discovery, but did not require any action by Wells Fargo. Counsel for the SCC failed to serve, alert or discuss the April 8 Motion or April 18 Order with Katten despite numerous contacts concerning the Ancillary Negotiation between April 18, 2019 and May 2, 2019.

9. On April 23, 2019, the SCC filed the *Informative Motion of the Financial Oversight and Management Board for Puerto Rico, Acting By and Through Its Special Claims Committee, Regarding Further Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* (ECF No. 6492) (the "Informative Motion"). In the Informative Motion, the SCC purported to extend the scope of the April 8 document requests to Wells Fargo. (*See* Informative Motion at Appendix A.).

4

10. On April 24, 2019, the Court entered the Second Discovery Order, which the SCC now claims requires production from Wells Fargo, among others. (ECF No. 6493.)

11. Neither Wells Fargo nor Katten received a copy of the Informative Motion prior to entry of the Second Discovery Order, and it does not appear that the Second Discovery Order was ever served on Wells Fargo.[3] And again, despite its claims of urgency, counsel for the SCC failed to serve, alert or discuss the Informative Motion or the Second Discovery Order with Katten, despite frequent contact between April 18, 2019 and May 2, 2019.

12. On May 1, 2019, the SCC advised Katten for the first time that it may be pursuing an avoidance action against Wells Fargo. Even at that time, and despite the fact that the Second Discovery Order had been entered, the SCC never mentioned any need for urgent discovery, nor did it request that Wells Fargo make any production. Instead, the SCC advised that, promptly upon filing the avoidance action, it would seek to stay those claims, clearly suggesting that there was no urgent need to take any action with respect to those claims.

13. On May 2, 2019, the SCC filed several adversary complaints, including one listing Wells Fargo as a Defendant (ECF No. 6805) ("May 2 Complaint"). On May 7, 2019, the SCC filed the Urgent Motion (ECF No. 6854). Again, counsel for the SCC failed to serve, alert or discuss the Informative Motion with Katten. Instead, the SCC mailed the Urgent Motion to Wells Fargo's registered agent, who received it on May 9, 2019 and forwarded it Wells Fargo's Legal Department that evening—mere hours before the May 10 deadline that the Court set for responses to the May 7 Motion.

---

[3] The Certificate of Service reflects that the Informative Motion was served by overnight mail on Wells Fargo on April 23, 2019, which means at the earliest, Wells Fargo received a copy of the Informative Motion on April 24, 2019. The docket does not reflect any attempt by SCC to serve the Second Discovery Order on Wells Fargo, and to date Wells Fargo has not located a service copy.

5

**ARGUMENT**

14. In addition to the substantive deficiencies noted in the Objection and incorporated by reference herein, Wells Fargo also files this Limited Objection and Joinder to highlight the SCC's failure to take steps to obtain discovery from Wells Fargo. Again, at the time it was seeking the discovery, the SCC's counsel was in regular contact with Wells Fargo's outside counsel concerning the Ancillary Negotiation, but never notified Wells Fargo's counsel that it was seeking urgent discovery, never met and conferred with Wells Fargo's counsel about the scope or timing of any discovery, and never provided Wells Fargo's counsel with the information that the SCC apparently provided other Participant Holders to assist in locating the data that the SCC claims it so urgently needs. Upon learning that the SCC was seeking urgent discovery, counsel for Wells Fargo contacted the SCC's counsel on the afternoon of Friday, May 10, 2019, and again on the afternoon of Saturday, May 11, 2019. It was only this past weekend that the SCC finally provided Wells Fargo the information that it had previously provided to other Participant Holders. Through no fault of its own, Wells Fargo thus finds itself in a worse position than the other Participant Holders, with just days remaining before the first of the disclosure deadlines the SCC seeks to have imposed.

15. In its Urgent Motion, the SCC asks the Court to enforce the First Discovery Order and Second Discovery Order against Wells Fargo. Wells Fargo was not provided with notice or an opportunity to respond prior to the entry of either of those orders and it does not appear that Wells Fargo was ever served with the Second Discovery Order. In the absence of basic due process (notice and an opportunity to respond), neither order can possibly bind Wells Fargo.

16. Wells Fargo is willing to work in good faith with the SCC to resolve any outstanding questions, and to provide information to the SCC on reasonable timelines, but the

order that the SCC seeks would effectively provide Wells Fargo with mere days to locate, review, and produce, voluminous amounts of information. Under the circumstances described above, this is simply an impossible task, and Wells Fargo should not be sanctioned if it is unable to comply with the SCC's proposed deadline.

## **CONCLUSION**

17. WHEREFORE, Wells Fargo respectfully requests that this Court decline to enter the Proposed Order sought by the SCC and instead enter an order substantially similar to the order proposed by the Bank Defendants (ECF No. 6901-1).

Dated: May 13, 2019

*/s/Roberto C. Quiñones-Rivera*
MCCONNELL VALDÉS LLC
Roberto C. Quiñones-Rivera, Esq. USDC-PR Bar No. 211512
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone: (787) 250-2631
Facsimile: (787) 759-9225
E-mail: rcq@mcvpr.com

*Counsel to Wells Fargo Bank, National Association, Wells Fargo Clearing Services LLC AKA or FKA First Clearing LLC, and Wells Fargo Securities, LLC*