# **EXHIBIT A**

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

                        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

                        Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

**[PROPOSED] ORDER (A) COMPELLING OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO COMPLY WITH RULE 2019 AND (B) FURTHER AMENDING CASE MANAGEMENT PROCEDURES TO PROVIDE CERTAIN CLARIFYING CHANGES REGARDING THE DISCLOSURE REQUIREMENTS FOR RULE 2019(B) GROUPS**

Upon the *Urgent Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Compel Compliance by the Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure and to Amend the Eighth Amended Case Management Procedures Order Clarify or Amend Fourth Amended Notice, Case Management and Administrative Procedures Regarding Disclosure Requirements Pursuant to Federal Rule of Bankruptcy*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Procedure 2019*, dated May 14, 2018 [Docket No. 3432] (the "Motion"),[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to section 306 of PROMESA; and it appearing that venue in this district is proper pursuant to section 307 of PROMESA; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, and other parties in interest, and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The UCC shall file a supplemental verified statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure no later than five days after the entry of this Order. Such statement shall include all information required to be disclosed under Rule 2019, including, for the avoidance of doubt, the nature and amount of each member's disclosable economic interests.

3. The UCC shall not take any positions before this Court (as such term is defined in the Eighth Amended Case Management Procedures) unless and until the UCC files a verified statement that fully complies with Rule 2019.

4. Paragraph IV.C of Section IV (Disclosure Requirements) of the Case Management Procedures is modified as follows:

> C. If any fact disclosed in the Rule 2019(b) Group's most recently filed statement (including, but not limited to, information concerning the composition of the Rule 2019(b) Group) changes materially, the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b) Group takes a position before the Court or solicits votes on the confirmation of a plan. Federal Rule of Bankruptcy Procedure 9011 applies to attorneys filing such supplemental statements. The absence of such a supplemental statement shall be deemed a representation that no material changes have occurred. **For the avoidance of**

---

[2] Capitalized terms used, but not otherwise defined herein shall have the meanings given to them in the Motion.

-2-

**doubt, a "material change" as to the composition of the Official Committee of Unsecured Creditors shall include any resignation of an existing member from such committee or the appointment by the U.S. Trustee of a new member to such committee. In addition, with respect to any (i) trade creditors, vendors, or other entities that provide services to the Commonwealth of Puerto Rico or its agencies or instrumentalities on an ongoing basis (collectively, the "Vendors") that (ii) are members of any Rule 2019(b) Group (including, for the avoidance of doubt, the Official Committee of Unsecured Creditors), a "material change" shall include any increase or reduction of such Vendors' claims in an amount that in the aggregate totals more than $50,000 as compared to such Vendors' claims or disclosable economic interests that were disclosed in the Rule 2019(b) Group's most recently filed statements.**

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation, enforcement, or interpretation of this Order.

SO ORDERED.

Dated: _____, 2019

LAURA TAYLOR SWAIN
United States District Judge