UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

```
-----------------------------------------------------------------------X
In re:                                              :   PROMESA
                                                    :   Title III
THE FINANCIAL OVERSIGHT AND                         :
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Case No. 17-BK-3283 (LTS)
                                                    :
as representative of                                :   (Jointly Administered)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :
                                                    :
Debtors.¹                                           :
-----------------------------------------------------------------------X
In re:                                              :   PROMESA
                                                    :   Title III
THE FINANCIAL OVERSIGHT AND                         :
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Case No. 17-BK-3566 (LTS)
                                                    :
as representative of                                :   (Jointly Administered)
                                                    :
THE EMPLOYEES RETIREMENT SYSTEM OF THE              :
GOVERNMENT OF THE COMMONWEALTH OF PUERTO            :
RICO,                                               :
                                                    :
Debtors.                                            :
-----------------------------------------------------------------------X
```

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## SUPPLEMENTAL ORDER ON MOTIONS TO COMPEL

On May 6, 2019, this Court entered an order on certain discovery disputes related to the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Dkt. No. 289 in Case No. 17-BK-3566[2]) ("Stay Relief Motion"). (Dkt. No. 493 ("Order")). Therein, the Court made several rulings in connection with two motions to compel and one motion for a protective order.[3] The motions remain outstanding. The Court also ordered the submission of additional information from certain parties. As addressed below, the parties have complied with this Court's Order and have made supplemental submissions to the Court. The Court has reviewed the submissions and makes additional rulings as addressed herein.

I. Objection to the Executive Privilege

The Court ordered that the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") submit supplemental declarations concerning the application of the executive privilege to AAFAF's advisors, specifically as related to Elias Sanchez Sifonte. AAFAF submitted that declaration on Thursday, May 9, 2019. (Dkt. No. 501 ("Pocha Declaration")). According to the Order, Bondholders were to notify the Court of whether their objection still stands. The Court has received no further objection and finds, after review of the Pocha Declaration and for the reasons stated on the record at the May 2, 2019 hearing, that AAFAF properly asserted the executive privilege.

---

[2] Unless otherwise noted, all docket references refer to Case 17-BK-3566.

[3] These motions are located at Dkt. Nos. 440, 443 and 446.

II. <u>Objection to the Deliberative Process for Factual Information</u>

Through the Order, the Court requested additional information from AAFAF, the Employees Retirement System for the Government of Puerto Rico ("ERS") and the Commonwealth of Puerto Rico ("Commonwealth") (together with AAFAF and ERS, "Government Parties") related to the role of factual information in documents the Government Parties are withholding under claims of the deliberative process privilege. In response to the Court's request, the Government Parties submitted declarations on May 9, 2019. (Dkt. Nos. 502, 503) ("Mahmud Declaration" and "Pabon Declaration" respectively).[4][5] Pursuant to the Order, Bondholders[6] were to notify the Court if their objection still stood after receipt of the additional submissions. The Court has not received further objection and finds as follows.

Bondholders argue that factual information in the withheld documents is not protected by the deliberative process privilege and should be produced. (<u>See</u> Motion to Compel, Dkt. No. 446). While Bondholders are correct that factual information is not protected by the privilege, "[t]he question is not merely whether the documents contain factual information – or even whether the document is predominantly comprised of findings of fact – but rather the degree to which the facts are indissolubly linked to the broader analysis." <u>Stalcup v. CIA</u>, 768 F.3d 65,

---

[4] The Court additionally takes into consideration the previous declarations submitted in support of the deliberative process privilege. (Dkt. Nos. 457, 458, 459).

[5] ERS also informed the Court on May 9, 2019 that "ERS is considering producing two documents over which it has asserted deliberative process privilege and will either produce them shortly or provide a more detailed declaration if necessary." (Dkt. No. 500 ¶ 2). The Court takes notice of this representation and expects that the parties will notify the Court by motion should further Court involvement be necessary in relation to those documents.

[6] As defined in the Order.

70 (1st Cir. 2014). Thus, where disclosing the factual information will disclose the deliberative information protected by privilege, that factual information is properly withheld as well.

The Government Parties assert the deliberative process privilege over documents in two separate privilege logs. The first is located at docket number 459-2 ("Amended April 14 Log") and the second is located at docket number 501-1 ("May 9 Log"). The Government Parties assert the deliberative process privilege over all of the documents in the Amended April 14 Log, with the exception of document 23, and over documents 34-36 of the May 9 Log.

Having reviewed the Mahmud Declaration and the Pabon Declaration, as well as the entries on the Amended April 14 Log and the May 9 Log, the Court finds that the Government Parties have sufficiently demonstrated that any factual information imbedded in the withheld documents is either itself deliberative or is so intertwined with deliberative information that disclosure is not appropriate. Thus, the Bondholders' objection is overruled.[7]

Further, the Court takes notice of Mr. Mahmud's declaration, wherein he claims that document number 21 on the Amended April 14 Log may contain severable factual information, but that such information remains properly withheld as it is also protected by the attorney-client privilege. (Mahmud Declaration ¶ 4(c)). This Court agrees. The document consists of a "[p]resentation by AAFAF's and ERS' respective outside legal counsel (Dentons and DLA Piper) discussing strategic considerations regarding pension reform." (Id.). The Court finds that this

---

[7] The Court notes that the supplemental declarations do not address documents numbered 86, 105, 107, or 122. The Court acknowledges, as addressed *supra* at fn. 4, ERS' claim that it is still contemplating whether to produce two documents. The Court assumes that these are documents 86 and 122, as discussed in the Rodriguez Declaration, as submitted in connection with the initial motion to compel briefing. (Dkt. No. 457). To the extent that the parties continue to dispute the production of documents 86, 105, 107 or 122, the Court expects that the parties will inform the Court by motion should further Court involvement be necessary.

4

document is properly withheld under the attorney-client privilege and thus even if certain factual information is severable and not subject to the deliberative process privilege, it is still appropriately withheld from production. The Court acknowledges that non-legal advisors were copied on the communication. (See Amended April 14 Log, document 21). The Court finds that those parties were serving a legal purpose given the nature of the document. Thus, their presence does not waive the attorney-client privilege. See United States v. Cavallaro, 284 F.3d 236, 247 (1st Cir. 2002).

III. Protective Order

The Court ordered that the Bondholders and the Financial Oversight and Management Board ("Oversight Board") submit a status report with regard to the Bondholders' motion for a protective order (Dkt. No. 440). (Order at 6-7). The parties did so on May 13, 2019. (Dkt. No. 507) ("Status Report"). Therein, Bondholders and the Oversight Board made the following representations:

a. The Oversight Board served contention interrogatories in compliance with the Order on May 8, 2019. (Status Report ¶ 1).

b. Bondholders will respond to the interrogatories by May 24, 2019. (Id.).

c. The parties will work together on the scope of the individual depositions once the responses to contention interrogatories are served. (Id. ¶ 2).

d. The parties anticipate resolving any dispute over contentions related to potential modifications to the 2008 bond offering. (Id. ¶ 3).

As the parties represented in the Status Report, the Court expects that the parties will inform the Court, through motion, should any further Court involvement be needed.

5

IV. Oversight Board's Production

As required by the Order, the Oversight Board and the Bondholders discussed outstanding objections to the Oversight Board's production of documents and provided an update to the Court in the Status Report. The Court notes that Bondholders are contemplating filing a motion to compel. (Id. ¶ 4). As represented in the Status Report, the Court expects that the parties will inform the Court, through motion, should any further Court involvement be needed.

V. Work Product Doctrine

As held in the Order, the work product doctrine in the First Circuit is narrow. See United States v. Textron Inc. & Subsidiaries, 577 F.3d 21, 29 (1st Cir. 2009) (en banc), cert. denied, 560 U.S. 924, 130 S. Ct. 3320, 176 L. Ed. 2d 1219 (2010). The Court therefore ordered the Government Parties to create a document by document log for all instances where they were exclusively asserting the work product doctrine. On May 9, 2019, through the Pocha Declaration, the Government Parties informed the Court that there were no such documents. (Pocha Declaration ¶ 4). Thus, the Court need not rule on whether the Government Parties appropriately invoked the work product doctrine.

VI. Attorney-Client Privilege

Bondholders argued that where third parties are present, the Government Parties have improperly invoked the attorney-client privilege, as any such privilege has been waived. (Dkt. No. 443 at 5). The Court held that an exception exists to the waiver rule when third parties are employed to assist a lawyer in rendering legal advice. (Order at 9); See also United States v. Cavallaro, 284 F.3d at 247. However, "[t]he communication [] must be made for the purpose of

6

obtaining legal advice from the lawyer." United States v. Cavallaro, 284 F.3d at 247 (internal quotation and citation omitted). The Court found that the description of documents in category 3 of the Government Parties' privilege log (Ex. B to Dkt. No. 443) raises the issue whether the third parties' involvement was for a business or legal purpose. In accordance with this Court's Order, the Government Parties were to submit a document by document log on or before May 9, 2019, and Bondholders were to notify the Court should any objection stand. (Order at 9). The Court received the Government Parties' document by document log on May 9, 2019. (Dkt. No. 501-1). The Court has not received any further objection and finds, based on the descriptions in the May 9 Log, that the third parties present on the withheld documents served a legal purpose. Their presence did not constitute waiver and the Bondholders' objection on that basis is overruled.

This order resolves Dkt. Nos. 440, 443 and 446 in 17-BK-3566 and Dkt. Nos. and 6234, 6253 and 6320 in 17-BK-3283.

SO ORDERED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

DATED: May 15, 2019