UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br>            Debtors.[1] | PROMESA<br>Title III<br><br>NO. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## OMNIBUS RESPONSE AND RESERVATION OF RIGHTS IN CONNECTION WITH CERTAIN OMNIBUS, NON-SUBSTANTIVE OBJECTIONS TO PROOFS OF CLAIM FILED BY DEBTORS AT DOCKET NOS. 6276, 6277 AND 6279

**TO THE HONORABLE COURT:**

**COMES NOW** creditor University of Puerto Rico Retirement System Trust (the "Trust"), through the undersigned counsel, and respectfully states and prays as follows:

1.  The Trust timely filed the following proofs of claim ("POCs") against the following debtors in connection with each debtor's Title III case:

    a. Commonwealth (Case No. 17-03282): POC Nos. 78244 and 93752.[2]

    b. HTA (Case No. 17-03567): POC Nos. 76598 and 91993.[3]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).
[2] *See* Docket No. 6276-1 at 36.
[3] See Docket No. 6277-1 at 6.

   c. ERS (Case No. 17-03566): POC Nos. 79277 and 109456.[4]

2. On April 15, 2019 the Commonwealth, pursuant to the *Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* (Docket No. 4230) and the *Omnibus Objection Procedures* approved by the Court (Docket No. 4230-1), filed a non-substantive, omnibus objection (twenty-seventh) to certain exact duplicate claims. Docket No. 6276. In said motion the Commonwealth is seeking the disallowance of POC No. 78244 and that POC. No. 93752 remain. Docket No. 6276-1 at 36.

3. On the same date HTA filed a non-substantive, omnibus objection (twenty-eighth) to certain exact duplicate claims. Docket No. 6277. In said motion HTA is seeking the disallowance of POC No. 76598 and that POC. No. 91993 remain. Docket No. 6277-1 at 6.

4. On the same date ERS filed a non-substantive, omnibus objection (thirteenth) to certain exact duplicate claims. Docket No. 6279. In said motion ERS is seeking the disallowance of POC No. 79277 and that POC. No. 109456 remain. Docket No. 6279-1 at 17.

5. The Trust recognizes that the corresponding POCs filed against each debtor and listed above are duplicative. This duplication is the result of two events. <u>First</u>, when the POCs were filed, there was a lack of clarity as to whether they should be filed through the court's CM/ECF system or through Prime Clerk's system. <u>Second</u>, on the day the POCs were due one or both systems were unavailable for some time due to the sheer volume of filings. In light of these events, in an abundance of caution and to be able to evidence each filing, many creditors, like the Trust, ended up filing duplicative claims through both systems.

6. The Trust does not object to the non-substantive disallowance of one of the two POCs filed by the Trust against the Commonwealth, HTA and ERS, respectively. However, the

---

[4] *See* Docket No. 6279-1 at 17.

Trust's acquiescence to such disallowance is contingent on a finding that each of the remaining claims is *prima facie* valid, pursuant to 11 U.S.C. §502(a), regardless of which system was used to file them. The Trust expressly reserves any rights in connection therewith and requests that, to the extent any argument is made regarding any procedural disallowance of claims depending on which system was used to file them, the non-substantive disallowance requested by debtors should not prejudice the Trust's rights and claims, which were and are expressly reserved.

**WHEREFORE**, the Trust respectfully requests that the Court take note of the foregoing, in response to the relief requested at Docket Nos. 6276, 6277 and 6279.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 15th day of May, 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Jose L. Ramirez-Coll**
JOSE L. RAMIREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com