**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) X | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) x | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD AS
<u>PRIVILEGED BASED ON RESPONDENTS' MAY 9, 2019, SUBMISSIONS</u>**

To the Honorable United States Magistrate Judge Judith Dein:

The Bondholders move to compel the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Commonwealth of Puerto Rico (the "Commonwealth"), and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") (together, "Respondents") to produce the documents withheld as privileged that are the subject of Respondents' submissions to the Court on May 9, 2019, Docket Nos. 500 to 503 in Case No. 17-bk-03566 (the "May 9 Submissions"), which the Court addressed in its Supplemental Order on Motions to Compel dated May 15, 2019, Docket No. 509 in Case No. 17-bk-03566 (the "May 15 Order"). In support thereof, the Bondholders state as follows:

## BACKGROUND

1. The Court is familiar with these proceedings concerning discovery related to the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*, Docket No. 289 in Case No. 17-bk-03566 (the "Stay Relief Motion").

2. In the May 6 Order on Motions to Compel, Docket No. 493 in Case No. 17-bk-03566 ("May 6 Order"), the Court denied in part and reserved judgment in part on the Bondholders' motions to compel the production of materials withheld under the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, and the executive privilege. The Court ordered Respondents to provide (a) supplemental declarations about Elías Sanchez Sifonte's role at AAFAF, (b) supplemental declarations addressing whether factual information withheld based on the deliberative process privilege should be produced, and (c) a document-by-document log for documents in Category 3 of their privilege log and any documents withheld solely based on the attorney work-product doctrine. *Id.* at 4–5, 9. The Court also ordered Bondholders to "notify

- 1 -

the Court of whether their objection still stands," but provided no deadline for such notification. *Id.* at 9.

3. In their May 9 Submissions, Respondents provided additional information ordered by the Court in the May 6 Order. Less than a week later, before the Bondholders had notified the Court whether their objections still stand, the Court entered the May 15 Order denying the remainder of the Bondholders' motions to compel. As to each of the outstanding matters from those motions, the Court ruled that the privilege was properly asserted and the documents were properly withheld. In the course of doing so, the Court noted at various points that it had "not received further objection." May 15 Order at 3; *see also id.* at 2, 7.

4. The Bondholders recognize that the Court has now denied the motions to compel. But the Bondholders' objections do "still stand[]" after Respondents' May 9 Submissions, May 6 Order at 9, as they would have informed the Court had the Court not issued the May 15 Order before the Bondholders had a chance to do so. For the avoidance of doubt, and to ensure the preservation of their rights, the Bondholders therefore bring this Motion.

## ARGUMENT

5. The issues in this Motion have been extensively briefed in the Bondholders' previous motions to compel, and the Bondholders do not wish to burden the Court with further briefing, particularly in light of the Court's May 15 Order. *See Motion of Certain Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents in Privilege Log Categories 1, 5 to 7 [Deliberative Process Privilege and Executive Privilege]*, Docket No. 446 in Case No. 17-bk-03566 ("Deliberative Process Motion"); *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents in*

- 2 -

*Privilege Log Categories 1 to 4 [Attorney-Client Privilege, Attorney Work Product, Common Interest]*, Docket No. 443 in Case No. 17-bk-03566 ("Attorney-Client Motion"). The Bondholders will therefore limit their discussion to a brief explanation of why the May 9 Submissions do not address the problems with Respondents' various privilege rationales.

6. *First*, as to the executive privilege, the May 9 Submissions say only that Elías Sánchz Sifonte served as the Governor's representative on the Oversight Board from January 2, 2017, to July 30, 2017. Decl. of Mahdu Pocha ¶ 2, Docket No. 501 in Case No. 17-bk-03566. That information does nothing to save Respondents' overbroad invocations of the executive privilege involving various members of AAFAF, a government agency rather than a personal counselor to the governor. *See* Deliberative Process Motion ¶¶ 38–41.

7. *Second*, as to factual information covered by the deliberative process privilege, the May 9 Submissions fail to justify the withholding of factual information. *See* Decl. of Mohammad Yassin Mahmud, Docket No. 502 in Case No. 17-bk-03566, and Decl. of Philippe Mesa Pabón, Docket No. 503 in Case No. 17-bk-03566. For example, some of the withheld factual information includes "both pre-measures and post-measures" financial information. *E.g.*, Mahmud Decl. ¶ 4.f. Even if the "post-measures" information would reveal the proposals under consideration, Respondents provide no explanation of how the "pre-measures" information would have that effect, given that it reflects the projections in the absence of any change. *See id.* Moreover, while Respondents flatly state that disclosing the factual information would, *e.g.*, "reveal pension reform proposals and assumptions that were under consideration," *id.*, they do not explain how that is so or what it is about the factual information that would enable the Bondholders to reverse engineer the proposals from the projection. They have therefore failed to show that the factual information cannot be segregated. *See* Deliberative Process Motion ¶¶ 20–23.

8. *Third*, as to the work-product doctrine, the May 9 Submissions claim that Respondents have not withheld any documents based solely on the attorney work-product. Pocha Decl. ¶ 4. But that does not change the fact that Respondents failed to adequately invoke that doctrine. *See* Tr. of May 2 Hr'g at 114:2–4 ("[O]n attorney work product, I do agree that it appears to be very broadly used in this privilege log. It is really narrow in the First Circuit."); Attorney-Client Motion ¶¶ 30–37. The Court should overrule Respondents' assertion of the attorney work-product doctrine. That may matter if Judge Swain or the First Circuit ultimately concludes that any of the Court's other privilege rulings should be reconsidered.

9. *Fourth*, and finally, as to the purportedly attorney-client privileged documents shared with third-party consultants, Respondents have still failed to adequately invoke the *Kovel* exception adopted by *Cavallaro v. United States*, 284 F.3d 236, 247 (1st Cir. 2002). *See* Attorney-Client Motion ¶¶ 11–18. Respondents' document-by-document privilege log for Category 3, Docket No. 501-1 in Case No. 17-bk-03566, only confirms the problem. The document descriptions in that new log offer no explanation of the role played by the third parties in the communications. They therefore do nothing to show that the three required elements of the *Kovel* doctrine are met for these documents. *See* Attorney-Client Motion ¶¶ 14–16. And for the reasons given in the Attorney-Client Motion, the categorical descriptions of Categories 1, 2, and 4 in the original log are likewise inadequate. *Id.* Respondents have therefore failed to adequately invoke the privilege over documents shared with third-party, non-lawyer consultants.

## **CONCLUSION**

For the reasons set forth above, this Court should grant Respondents' motions to compel as to the issues not addressed by the May 6 Order.

In San Juan, Puerto Rico, today May 16, 2019.

By:

/s/ *Alfredo Fernández-Martínez*     /s/ *Geoffrey S. Stewart*

Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, Floor 21
Boston, MA 02110
Tel. (617) 960-3939
Fax: (617) 449-6999
drfox@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

Document Page 7 of 7

| | |
|---|---|
| */s/ Alicia I. Lavergne-Ramírez* | */s/ Cheryl T. Sloane* |

José C. Sánchez-Castro
USDC-PR 213312
jsanchez@sanpir.com

Alicia I. Lavergne-Ramírez
USDC-PR 215112
alavergne@sanpir.com

Maraliz Vázquez-Marrero
USDC-PR 225504
mvazquez@sanpir.com

SÁNCHEZ PIRILLO LLC
270 Muñoz Rivera Avenue, Suite 1110
San Juan, PR 00918
Tel. (787) 522-6776
Fax: (787) 522-6777

John K. Cunningham (*pro hac vice*)
Glenn M. Kurtz (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10036
Tel. (212) 819-8200
Fax (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia (*pro hac vice*)
Cheryl T. Sloane (*pro hac vice*)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, FL 33131
Tel. (305) 371-2700
Fax (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*