**Presentment Date**: May 22, 2019 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: May 21 2019 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF PRESENTMENT OF APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF EXPENSES OF GORDON BROTHERS GROUP, LLC, AS CO-FINANCIAL ADVISOR FOR MEDIATION TEAM

**PLEASE TAKE NOTICE** that the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors, pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] is filing the annexed *Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Expenses of Gordon Brothers Group, LLC as Co-Financial Advisor for Mediation Team* (the "Application").

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (the "Commonwealth") (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of PREPA's Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Debtors' cases under Title III of PROMESA are referred to herein as the "Title III Cases."

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

PLEASE TAKE FURTHER NOTICE that the Oversight Board will present the Application to the Honorable Laura Taylor Swain, United States District Judge, for approval and signature on **May 22, 2019 at 9:30 a.m. (Atlantic Standard Time)**.

PLEASE TAKE FURTHER NOTICE that, unless a written objection to the Application is filed with the Court in accordance with the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-1] by 4:00 p.m. (AST) on May 21, 2019, no hearing will be held and the Proposed Order, attached hereto as **Exhibit A**, may be approved by this Court.

PLEASE TAKE FURTHER NOTICE that copies of the Application and all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: May 16, 2019
       San Juan, Puerto Rico

Respectfully submitted,

*/s/   Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
Paul V. Possinger
Ehud Barak
Maja Zerjal
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

2

/s/   Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

3

**Presentment Date**: May 22, 2019 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: May 21 2019 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

            as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

                Debtors.[3]

-------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## APPLICATION OF OVERSIGHT BOARD FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF EXPENSES OF GORDON BROTHERS GROUP, LLC AS CO-FINANCIAL ADVISOR FOR MEDIATION TEAM

To the Honorable United States District Court Judge:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[4] respectfully submits this application (the "Application"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable in these cases pursuant to PROMESA section 301(a), for

---

[3] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (the "Commonwealth") (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of PREPA's Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). The Debtors' cases under Title III of PROMESA are referred to herein as the "Title III Cases."

[4] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

entry of an order (the "Proposed Order"),[5] substantially in the form attached hereto as **Exhibit A**:
(a) authorizing the *pro bono* employment and payment of the actual and necessary expenses of
Gordon Brothers Group, LLC ("Gordon Brothers"), as co-financial advisor for the mediation team
appointed in the Title III cases and related proceedings (the "Mediation Team") to help resolve
issues pertaining to the Commonwealth and its instrumentalities, and (b) providing any additional
relief required to effectuate the foregoing.  In support of this Application, the Oversight Board, as
the Debtors' representative, submits the Declaration of Martha E. M. Kopacz (the "Kopacz
Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows:

### Preliminary Statement

1.        In August 2017, the Mediation Team retained Phoenix Management Services, LLC
("Phoenix") as its financial advisor, with Martha E.M. Kopacz responsible for the overall delivery
of Phoenix's services and direction of the Phoenix team.  Since then, Phoenix has served as the
Mediation Team's sole financial advisor, and Ms. Kopacz has acted as the lead professional with
day-to-day involvement on the engagement.  Ms. Kopacz, however, recently concluded her
employment at Phoenix and became employed by Gordon Brothers as its Chief Development
Officer.  In light of this transition, Ms. Kopacz and Gordon Brothers have proposed—and Phoenix,
the Mediation Team, and the Oversight Board have agreed, subject to Court approval—that Ms.
Kopacz, through the proposed retention of Gordon Brothers, will continue to serve as a co-
financial advisor to the Mediation Team on an "as-needed" and *pro bono* basis, seeking
reimbursement of only her actual and necessary expenses.

---

[5] In the event of any inconsistency between this Application and the Proposed Order, the Oversight Board, as the
    Debtors' representative, respectfully requests that the Proposed Order govern.

2.      Pursuant to this structure, Ms. Kopacz's near-term role will be to transition leadership of the engagement and relevant institutional knowledge to Phoenix Senior Managing Director Brian Gleason.  Mr. Gleason has been a key member of the Phoenix team advising the Mediation Team on the Title III Cases, and the Mediation Team is familiar with, and has been impressed by, his work to date.  Ms. Kopacz has agreed to assist him and the Mediation Team as he assumes leadership of the engagement.  After this transition is completed, Ms. Kopacz has agreed that she will remain available to the Mediation Team on an "as-needed" basis.  During this time, she will act as a resource to the Mediation Team, drawing on knowledge and relationships developed during her twenty (20) months working on the Title III Cases, as well as the extensive prior knowledge that she brought to the process.  No other professionals at Gordon Brothers will work on the engagement.

3.      The Oversight Board and the Mediation Team believe that the structure outlined above will benefit the Mediation Team and, in turn, the Title III Cases.  Without such an arrangement, the Mediation Team would lose the value of Ms. Kopacz's skill, institutional knowledge, and relationships.  Instead, Ms. Kopacz will be available to serve the Mediation Team—first, during the transition phase and, later, as a valuable resource—for the benefit of the Title III Cases, at no cost other than the reimbursement of her actual and necessary expenses.  This structure serves the interests of all parties and avoids any risk that duplication of efforts will burden the Debtors with additional costs.

4.      For the foregoing reasons, the Oversight Board requests that the Court approve the engagement of Gordon Brothers as financial advisor for the Mediation Team and the reimbursement of its actual and necessary expenses.

**Jurisdiction and Venue**

5.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

6.      Venue is proper in this district pursuant to PROMESA section 307(a).

7.      The statutory predicate for the relief sought herein is Bankruptcy Code section 105(a), made applicable to these cases by PROMESA section 301(a).

**Background**

8.      On June 23, 2017, the Court entered an order appointing the Mediation Team to facilitate confidential settlement negotiations of any and all issues and proceedings arising in the Title III Cases and related proceedings [ECF No. 430]. The Mediation Team continues to be led by the Honorable Barbara J. Houser, Chief Judge of the United States Bankruptcy Court for the Northern District of Texas.

9.      On August 4, 2017, after receiving various proposals and interviewing various firms, the Mediation Team selected Phoenix as its financial advisor. Pursuant to that certain Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Phoenix Management Services, LLC as Financial Advisor for Mediation Team, dated August 13, 2017 [ECF No. 1018] (the "Phoenix Retention Application"), the Oversight Board sought approval of the Mediation Team's retention of Phoenix. On August 21, 2017, the Court an Order granting the Phoenix Retention Application [ECF No. 1100]. Since, Phoenix has served as the financial advisor to the Mediation Team, with Martha E.M. Kopacz leading the engagement and Brian Gleason and Michael Jacoby acting as senior advisors to the Mediation Team.

10.     On April 30, 2019, Ms. Kopacz concluded her employment at Phoenix and, on May 1, 2019, she became employed by Gordon Brothers as its Chief Development Officer.   In

connection with her change of employer, Ms. Kopacz agreed to assist in the transition of leadership of the Phoenix team advising the Mediation Team to Brian Gleason, and, thereafter, to act as a resource to the Mediation Team, all on a *pro bono* basis (other than the reimbursement of actual and necessary expenses).

11.     The Mediation Team is familiar with the work of Ms. Kopacz based upon her service to the Mediation Team to date.  It also recognizes the wealth of experience she possesses in providing advisory services in restructurings and reorganizations across the United States.  For these reasons, the Mediation Team seeks to retain the services of Ms. Kopacz, notwithstanding her change of employer, on the terms described in greater detail below.

**Relief Requested**

12.     By this Application, the Oversight Board, as the Debtors' representative, seeks entry of an order authorizing the employment and reimbursement of actual and necessary expenses (subject to review and allowance by the Court) of Gordon Brothers as financial advisor to the Mediation Team, effective as of May 1, 2019.

13.     The Mediation Team is comprised of sitting federal judges who have agreed to serve as Mediators in the Title III Cases at no cost to the Debtors or the Oversight Board and, in that capacity, will continue to use their law clerks to assist them, also at no cost to the Debtors or the Oversight Board.  Thus, the actual and necessary expenses associated with the retention of Gordon Brothers, along with the reasonable fees and expenses of Phoenix, are the only costs currently expected to be borne by the Debtors in connection with the Mediation Team's services in the Title III Cases.

**Gordon Brothers' Qualifications**

14.     As indicated above, Martha E. M. Kopacz, who is now employed by Gordon

Brothers, has agreed to provide continuing financial advisory services to the Mediation Team on an "as-needed" basis. Ms. Kopacz has over 30 years of experience in restructuring, having advised debtors, creditors, and equity holders engaged in restructurings, served as a Court-appointed expert, examiner, and chapter 11 trustee, and has been retained as an Interim President and Chief Restructuring Officer at various times in her career. She was appointed by Judge Steven Rhodes to serve as his Independent Expert on the feasibility of the Plan of Adjustment for the City of Detroit (the "City"). Supported by a team of professionals, she issued three expert reports and testified during the confirmation hearing about the City's 40-year financial projections, the risks associated with the projections and the $1.7 billion of restructuring and reinvestment initiatives that formed the cornerstone of the City's revitalization.

### Gordon Brothers' Disinterestedness

15.      Notwithstanding the inapplicability of Bankruptcy Code section 327 to the Title III Cases, Gordon Brothers believes it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), made applicable to the Title III Cases by PROMESA section 301. Bankruptcy Code section 101(14) defines "disinterested person" as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

16.      Gordon Brothers, and its professionals, represent that they (a) are not creditors, equity security holders, or insiders of the Debtors; (b) are not and were not, within two (2) years before the date of the filing of the Title III Cases, a director, officer, or employee of the Debtors; and (c) do not represent or hold an interest adverse to the interests of the Debtors with respect to

9

the matters in which Gordon Brothers is proposed to be employed.

17.      Gordon Brothers represents it is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtors, their creditors, or any other party in interest herein or their respective attorneys or the U.S.  Trustee or anyone employed in the Office of the U.S.  Trustee in the matters for which Gordon Brothers is proposed to be employed, except that Gordon Brothers is connected with the Mediation Team by virtue of this engagement.  Certain of the Debtors' creditors or other parties in interest may be or have been clients of Gordon Brothers in matters unrelated to the Title III Cases.  Gordon Brothers may also have been engaged with or had mutual clients with certain law firms, financial advisors, accounting firms and other professionals that are potential parties-in-interest or may become parties-in-interest, in matters unrelated to the Title III Cases but no such matters relate to any of the Title III Cases or to matters related to the Commonwealth of Puerto Rico generally.

18.      Gordon Brothers represents it has undertaken a detailed search of available information and records to determine and to disclose whether it is performing or has performed services for any of the Debtors, their affiliates, and other interested parties identified in pleadings filed on the docket in the Title III  Cases.  These parties are listed on Schedule 1 to the Kopacz Declaration (the "Interested  Party  List").  Gordon Brothers reviewed the Interested Party List and compared it to Gordon Brothers' list of current and former clients for the past 3 years.

19.      Gordon Brothers represents, based upon the information presently available, it is aware of no clients or client connections that would (i) be in conflict with Gordon Brothers' proposed engagement by the Mediation Team, (ii) impact or conflict with or be adverse to the Debtors or the Mediation Team in the Title III Cases; or (iii) compromise Gordon Brothers' ability to provide services to the Mediation Team in the Title III Cases.

20.     The foregoing notwithstanding, Gordon Brothers and Ms. Kopacz have represented that they wish to disclose a connection between Gordon Brothers and an entity related to a Commonwealth bondholder.  They do not believe this connection creates a conflict but have opted to disclose it, as well as the screening mechanism being adopted to address it, out of an abundance of caution.  Gordon Brothers, Ms. Kopacz's current employer, is the 19.9% shareholder of Gordon Brothers Finance Company.   BlackRock Capital Investment Corporation ("Blackrock Capital"), a publicly traded entity and subsidiary of privately held BlackRock Advisors LLC, is the 80.1% shareholder of Gordon Brothers Finance Company.  Based upon the *Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 6067], it appears that BlackRock Financial Management Inc. ("Blackrock Financial"), a privately held entity that is separate from BlackRock Capital, owns bonds issued or guaranteed by the Commonwealth of Puerto Rico. BlackRock Advisors LLC— the parent company of BlackRock Capital, which is the shareholder of Gordon Brothers Finance Company—advises BlackRock funds, including BlackRock Financial, in addition to unrelated third parties.  While Gordon Brothers and Ms. Kopacz do not believe that BlackRock Capital's ownership of Gordon Brothers Finance Company stock creates a conflict or a prohibited connection between Gordon Brothers and the Debtors,  out of an abundance of caution, Gordon Brothers will impose a screening restriction so that neither Gordon Brothers Finance Company nor any BlackRock entity will receive or have access to any information obtained or generated by Gordon Brothers concerning the Debtors.

21.     Gordon Brothers represents it will promptly supplement the Kopacz Declaration, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the Title III Cases, if and when any such developments or relationships

11

come to Gordon Brothers' attention.

### Scope of Services

22.     Gordon Brothers (specifically, Ms. Kopacz) will provide assistance to the Mediation Team and Phoenix on an as-needed basis.  It is presently anticipated that Gordon Brothers may be asked to provide the following services (collectively, the "Services"):

(A)     Assist the Mediation Team with:

- Understanding the fiscal plan(s) based on all data made available;

- Understanding the types of consideration that may be offered under plans of adjustment; and

- Identifying capital structures and debt restructuring techniques that may be useful in mediating plans of adjustment;

(B)     Provide other services to the Mediation Team that may be requested to support facilitative and directive mediation sessions, including, but not limited to:

- Identifying financial and information-related observations made by the parties to identify common ground on assumptions and methodologies, factual consistencies and inconsistencies, disjointed perceptions and incomplete information;

- Sharing insights with the Mediators and participants, as appropriate, including reflecting and reframing parties' comments;

- Helping the Mediators work through overlapping financial issues and impacts across the different mediations; and

- Helping the Mediators identify underlying priorities and options for negotiated resolutions related to ongoing financial issues on-island; and

(C)     Provide other services as requested by the Mediation Team.

### Terms of Retention and Compensation

23.     As indicated above, the reasonable fees and expenses of Phoenix and the actual and necessary expenses of Gordon Brothers are the only costs that the Mediation Team currently contemplates will be borne by the Debtors in connection with the Mediation Team's service.

24.     Gordon Brothers has agreed to provide Ms. Kopacz's services to the Mediation

12

Team on an entirely *pro bono* basis.  Thus, the only potential charges associated with the retention of Gordon Brothers as a co-financial advisor to the Mediation Team are those for Ms. Kopacz's actual, necessary expenses.

25.     Gordon Brothers has represented it charges for reasonably incurred, out-of-pocket expenses associated with an assignment including, but not limited to, costs of travel and any applicable sales or excise taxes and other direct expenses.  Gordon Brothers has represented all expenses will be billed at actual cost.

26.     Gordon Brothers' expenses shall be subject to review and allowance by the Court under the procedures and standards applicable to expenses of professional persons under PROMESA section 316.  Gordon Brothers shall be entitled to seek interim repayment of its expenses under the procedures set forth in PROMESA section 317 and shall be subject to any interim compensation orders entered by the Court, except that any objection to the allocation of Gordon Brothers' expenses or the award of those expenses shall be raised in the first instance with the Mediation Team Leader.[6]

27.     Gordon Brothers will maintain records of Ms. Kopacz's expenses on a Debtor-specific basis.  Gordon Brothers' allowed expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the expenses are incurred, debtors under title III of PROMESA.  Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Gordon Brothers' expenses or any fees or costs associated with its retention.

28.     The Oversight Board, as the Debtors' representative, and the Mediation Team

---

[6]  In the event no agreement is reached regarding the allocation of Gordon Brothers' expenses or the award of those expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

submit that, in light of the nature and complexity of the Title III Cases, the skill, institutional knowledge, and relationships that Ms. Kopacz brings to the engagement, Ms. Kopacz's general qualifications, and the *pro bono* nature of the engagement, the terms and conditions of Gordon Brothers' employment, are reasonable.

## Indemnification

29.     Gordon Brothers has represented it negotiated the terms and conditions of its employment at arm's length and in good faith.  Gordon Brothers has represented it believes that it is appropriate to include Gordon Brothers in the existing indemnification provisions and the exclusions to subpoena and legal proceedings in the same manner and to the same extent as the Mediators.  Gordon Brothers has agreed to these provisions, if approved by the Court, in lieu of its standard indemnification and limitations on liability provisions.

## Basis for Relief

### A.  Employment of Gordon Brothers as Financial Advisor to the Mediation Team Is Permitted

30.     Bankruptcy Code section 363, governing the use of a debtor's property, does not apply to title III cases.  Pursuant to Bankruptcy Code section 105(a), made applicable to the Title III Cases by PROMESA section 301(a), the Oversight Board is permitted to employ Gordon Brothers as financial advisor for the Mediation Team in the Title III Cases and related proceedings. Additionally, Bankruptcy Code section 105(a) provides, in relevant part that: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

31.     Prior to the selection of Gordon Brothers as co-financial advisor to the Mediation Team, the Mediation Team worked with Ms. Kopacz for over 20 months.  During this time, the Mediation Team developed an appreciation for the knowledge and skill Ms. Kopacz brought to

14

bear. Thus, despite Ms. Kopacz's change of employer, the Mediation Team resolved to seek Court approval of the employment of Gordon Brothers, Ms. Kopacz's new employer, as a co-financial advisor to the Mediation Team, to provide services on an as-needed basis.

32.     The Oversight Board, as the Debtors' representative, and the Mediation Team submit, based on the *pro bono* nature of the proposed engagement, that the structure of Gordon Brothers' retention is reasonable. The Oversight Board, as the Debtors' representative, is requesting authority for the Debtors to pay all actual, necessary expenses arising under Gordon Brothers' engagement, subject to Court approval.

**B.  *Nunc Pro Tunc* Relief Is Warranted**

33.     In accordance with the Oversight Board's and the Mediation Team's request, Gordon Brothers has agreed to serve as a co-financial advisor for the Mediation Team as of May 1, 2019 with the understanding that the Oversight Board would seek approval of its employment, effective *nunc pro tunc* to such date, so that Gordon Brothers may be reimbursed for any actual and necessary expenses incurred prior to approval of this Application.

34.     The Oversight Board believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as proposed in this Application, because Ms. Kopacz has provided and continues to provide valuable Services to the Mediation Team in the interim period and has agreed to seek reimbursement only of actual and necessary expenses.

35.     This Court has approved similar relief in the Title III Cases. *See*, *e.g.*, *In re Commonwealth of Puerto Rico, et al.*, 17 BK 3283 (D.P.R. June 1, 2017) [ECF No. 245]. Additionally, bankruptcy courts routinely approve *nunc pro tunc* employment similar to that requested herein in large, complex bankruptcy cases. *See, e.g., In re La Paloma Generating Co., LLC*, Ch. 11 Case No. 16-12700 (CSS) (Bankr. D. Del. Jan. 13, 2017) (approving *nunc pro tunc*

employment of the claims and noticing agent to perform claims and noticing services); *In re Magnum Hunter Resources Corp.*, No. 15-12533 (Bankr. D. Del. Dec. 16, 2015) (same).

36.     Accordingly, the Oversight Board, as the Debtors' representative, respectfully requests entry of the Proposed Order authorizing and requiring the Debtors to pay Gordon Brothers as financial advisor for the Mediation Team, effective *nunc pro tunc* to May 1, 2019, any actual, necessary expenses arising under Gordon Brothers' engagement, subject to Court approval.

## Notice

37.     The Oversight Board has provided notice of this Motion to the following parties: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for the Debtors' bonds; (c) the entities on the list of creditors holding the 20 largest unsecured claims against each Debtor; (d) counsel to the statutory committees appointed in the Title III Cases; (e) the Office of the United States Attorney for the District of Puerto Rico; (f) counsel to AAFAF; (g) the Puerto Rico Department of Justice; (h) the Other Interested Parties;[7] and (i) all parties filing a notice of appearance in the Title III Cases.  The Oversight Board submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

38.     The Oversight Board files this Application without prejudice to or waiver of any rights pursuant to PROMESA section 305,[8] and does not by this Application provide any consent otherwise required by section 305.

---

[7]  The "Other Interested Parties" include the following: (i) counsel to certain of the insurers and trustees of the bonds issued or guaranteed by the Debtors; and (ii) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors.

[8]  PROMESA section 305 provides:

[*Remainder of Page Intentionally Left Blank*]

---

LIMITATIONS ON JURISDICTION AND POWER OF COURT.

Subject to the limitations set forth in titles I and II of this Act, notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with—

(1) any of the political or governmental powers of the debtor;

(2) any of the property or revenues of the debtor; or

(3) the use or enjoyment by the debtor of any income-producing property.

PROMESA § 305.

WHEREFORE the Oversight Board, as the Debtors' representative, respectfully requests the Court enter the Proposed Order (a) granting the Application, and (b) granting the Oversight Board such other and further relief as is just.

Dated:  May 16, 2019                      Respectfully submitted,
        San Juan, Puerto Rico

                                          */s/ Martin J. Bienenstock*

                                          Martin J. Bienenstock
                                          Brian S. Rosen
                                          Paul V. Possinger
                                          Ehud Barak
                                          Maja Zerjal
                                          (Admitted Pro Hac Vice)
                                          **PROSKAUER ROSE LLP**
                                          Eleven Times Square
                                          New York, NY 10036
                                          Tel:  (212) 969-3000
                                          Fax:  (212) 969-2900

                                          *Attorneys for the Financial Oversight and
                                          Management Board as representative for the
                                          Debtors*

                                          */s/ Hermann D. Bauer*

                                          Hermann D. Bauer
                                          USDC No. 215205
                                          **O'NEILL & BORGES LLC**
                                          250 Muñoz Rivera Ave., Suite 800
                                          San Juan, PR 00918-1813
                                          Tel:  (787) 764-8181
                                          Fax:  (787) 753-8944

                                          *Co-Attorneys for the Financial Oversight and
                                          Management Board as representative for the
                                          Debtors*

## Exhibit A

**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

      Debtors.[1]

----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF EXPENSES OF
## GORDON BROTHERS GROUP, LLC,
## AS CO-FINANCIAL ADVISOR FOR MEDIATION TEAM

Upon the *Application of Oversight Board for Entry of Order Authorizing Employment and
Payment of  Expenses of Gordon Brothers Group, LLC, as Co-Financial Advisor for Mediation
Team* (the "Application");[2] and the Court having found it has subject matter jurisdiction over this
matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper
pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the
Application is in the best interests of the Debtors, their creditors, and other parties in interest; and
the Court having found that the Oversight Board provided adequate and appropriate notice of the
Application under the circumstances and that no other or further notice is required; and the Court

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax
ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last
Four Digits of PREPA's Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to
software limitations).

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

having reviewed the Application and the Kopacz Declaration and having heard the statements of

counsel in support of the Application at a hearing, if any; and the Court having determined that the

legal and factual bases set forth in the Application and at any hearing thereon establish just cause

for the relief granted herein; and any objections to the relief requested herein having been

withdrawn or overruled on the merits; and upon the record herein, after due deliberation thereon,

the Court having found that good and sufficient cause exists for the granting of the relief as set

forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized and, upon approval of the Court, shall reimburse

Gordon Brothers as co-financial advisor for the Mediation Team effective *nunc pro tunc* to May

1, 2019, for all actual and necessary expenses arising under Gordon Brothers' engagement, and

Gordon Brothers is authorized and directed to perform the Services.

3.      In connection with performing the Services, Gordon Brothers is authorized to take

direction from the Mediation Team.

4.      Gordon Brothers shall be entitled to reimbursement of expenses incurred pursuant

to the terms of the Application and its engagement as an administrative expense pursuant to

Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a).

5.      Gordon Brothers' expenses shall be subject to review and allowance by the Court

under the procedures and standards applicable to expenses of professional persons under

PROMESA section 316.  Gordon Brothers shall be entitled to seek interim reimbursement of

expenses under the procedures set forth in PROMESA section 317, and shall be subject to any

interim compensation orders entered by the Court, except that any objection to the allocation of

Gordon Brothers' expenses or the award of those expenses shall be raised in the first instance with the Mediation Team Leader.[3]

6.       Gordon Brothers will maintain records of expenses on a Debtor-specific basis. Gordon Brothers' allowed expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the expenses are incurred, debtors under title III of PROMESA.  Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Gordon Brothers' expenses or any fees or other costs associated with its retention.

7.       Gordon Brothers shall be entitled to indemnification and exclusion from subpoena and legal proceedings in same manner and to the same extent as are the Mediators.

8.       In the event of any inconsistency between this Order and the Application, this Order shall govern.

9.       Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

10.      Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[3]  In the event no agreement is reached regarding the allocation of Gordon Brothers' expenses or the award of those expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

11.     Gordon Brothers, the Mediation Team, and the Oversight Board, as the Debtors' representative, are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this order in accordance with the Application.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019          _____

Honorable Laura Taylor Swain
United States District Judge

4

**<u>Exhibit B</u>**

**Kopacz Declaration**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

        Debtors.[1]

-----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of PREPA's Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**DECLARATION OF MARTHA E. M. KOPACZ IN SUPPORT OF APPLICATION OF
OVERSIGHT BOARD FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND PAYMENT OF EXPENSES OF GORDON BROTHERS GROUP,
LLC, AS CO-FINANCIAL ADVISOR FOR MEDIATION TEAM**

I, Martha E. M. Kopacz, under penalty of perjury, declare as follows:

1.      This Declaration is made in support of the *Application of Oversight Board for Entry
of Order Authorizing Employment and Payment of Expenses of Gordon Brothers Group, LLC, as
Co-Financial Advisor for Mediation Team* (the "Application") filed in connection with the
proposed retention of Gordon Brothers as a co-financial advisor for the Mediation Team.[2]

2.      The information included in this declaration (the "Declaration") concerning
Gordon Brothers (defined below) is based upon my personal knowledge.

3.      I am the Chief Development Officer of Gordon Brothers Group, LLC ("Gordon
Brothers"), a role I assumed on May 1, 2019.  I previously worked as a Senior Managing Director
of Phoenix Management Services, LLC ("Phoenix").  My employment with Phoenix concluded
on April 30, 2019.

4.      On August 4, 2017, the Mediation Team selected Phoenix to serve as its financial
advisor.  On August 21, 2017, the Court entered an order approving the retention of Phoenix, *nunc
pro tunc* to August 4, 2017 [ECF No. 1100].  I served as the lead Phoenix professional on the
firm's engagement by the Mediation Team from the date of Phoenix's retention through April 30,
2019, when I ceased to be an employee of Phoenix.  During this period, Brian Gleason and Michael
Jacoby of Phoenix also served as senior advisors to the Mediation Team.

5.      I understand that, from May 1, 2019 forward, primary responsibility for advising
the Mediation Team will rest with Phoenix and, specifically, Brian Gleason, the new leader of the

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

2

engagement.  I have, however, agreed that, notwithstanding my change of employer, I will assist

in the transition of leadership of the Phoenix team advising the Mediation Team to  Brian Gleason

and will thereafter act as a resource to the Mediation Team and Phoenix, all on a *pro bono* basis

(other than seeking reimbursement of actual and necessary expenses).  Mr. Gleason and I have a

long history of collaboration on engagements of this nature and will work together to meet the

needs of the Mediation Team.  No other professionals from Gordon Brothers will work on the

engagement.

6.      The Mediation Team is familiar with my work based upon my service to the

Mediation Team to date.  I understand that it also recognizes the significant experience I possess

in providing advisory services in restructurings and reorganizations across the United States, and

the qualifications I have to perform the services required by the Mediation Team in the Title III

Cases.

<u>**Qualifications**</u>

7.      If the Application is approved, I will be the only Gordon Brothers employee

delivering services to the Mediation Team. I have over 30 years of experience in restructuring,

having advised debtors, creditors and equity holders engaged in restructurings, served as a Court-

appointed expert, examiner, and chapter 11 trustee, and been retained as an Interim President and

Chief Restructuring Officer at various times in my career.  I was appointed by Judge Steven

Rhodes to serve as his Independent Expert on the feasibility of the Plan of Adjustment for the City

of Detroit.

8.      I hold a BS degree in marketing and an MBA degree in finance and investments

from the Kelley School of Business at Indiana University.  I am a Fellow of the American College

of Bankruptcy, treasurer of the College's Foundation and a member of the American Bankruptcy

Institute, the Turnaround Management Association, and the International Women's Insolvency and Restructuring Confederation. I am an associate member of the National Federation of Municipal Analysts and have completed the ABI/St. John's University Bankruptcy Mediation Training.

9.      It is presently anticipated that Gordon Brothers will provide the following services, on an as-needed basis, as determined by the Mediation Team and/or Phoenix:

(A)    Assist the Mediation Team with:

- Understanding the fiscal plan(s) based on all data made available;

- Understanding the types of consideration that may be offered under plans of adjustment; and

- Identifying capital structures and debt restructuring techniques that may be useful in mediating plans of adjustment;

(B)    Provide other services to the Mediation Team that may be requested to support facilitative and directive mediation sessions, including, but not limited to:

- Identifying financial and information-related observations made by the parties to identify common ground on assumptions and methodologies, factual consistencies and inconsistencies, disjointed perceptions and incomplete information;

- Sharing insights with the Mediators and participants, as appropriate, including reflecting and reframing parties' comments;

- Helping the Mediators work through overlapping financial issues and impacts across the different mediations; and

- Helping the Mediators identify underlying priorities and options for negotiated resolutions related to ongoing financial issues on-island; and

(C)    Provide other services as requested by the Mediation Team and/or Phoenix.

### Staffing and Approach

10.     Gordon Brothers has agreed to provide my services to the Mediation Team, and the Mediation Team has agreed that I will be the only employee of Gordon Brothers engaged pursuant to this retention. Phoenix will be responsible for providing all other financial advisory services to

4

the Mediation Team.

### Terms of Retention and Compensation

11.    As indicated above, Gordon Brothers has agreed to provide my ongoing services to the Mediation Team on a *pro bono* basis, other than seeking reimbursement of my actual and necessary expenses.  Gordon Brothers and I believe it is important that my employment change not affect the efforts of the Mediation Team in this most important engagement.  We are further mindful that neither the Commonwealth of Puerto Rico nor its instrumentalities should bear additional costs as a result of this change.  Gordon Brothers and I have thus agreed that the only potential costs associated with the retention of Gordon Brothers are out-of-pocket expenses incurred in connection with this engagement, including reasonable travel costs and other direct expenses, all of which will be billed at actual costs.

12.    Gordon Brothers understands that reimbursement of all allowed expenses will be paid by the Commonwealth and any other title III debtor(s) whose assets and liabilities are the subject of the mediation process, and that counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority has  represented  that  the Commonwealth (and any other applicable title III debtor(s)) have agreed to pay the fees and expenses of the Mediation Team's professionals on a timely basis consistent with other professionals whose fees and expenses are being paid by the Debtors.

### Indemnification

13.    Gordon Brothers has offered my services in good faith, on a *pro bono* basis, other than seeking reimbursement of my actual and necessary expenses.  Gordon Brothers thus believes that it is appropriate to include Gordon Brothers in the indemnification provisions and the exclusions to subpoena and legal proceedings in the same manner and to the same extent as the

Mediators.  Gordon Brothers has agreed to these provisions, if approved by the Court, in lieu of its standard indemnification and limitations on liability provisions.

**Disinterestedness**

14.    Notwithstanding the inapplicability of Bankruptcy Code section 327 to the Title III cases, I believe Gordon Brothers is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14).  Bankruptcy Code section 101(14) defines "disinterested person" as a person that:

(A)    is not a creditor, an equity security holder, or an insider;

(B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(C)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

15.    I believe Gordon Brothers satisfies the standards set forth in the Bankruptcy Code for disinterested persons as defined by Bankruptcy Code section 101(14).  Gordon Brothers has represented that it (a) is not a creditor, equity security holder, or insider of the Debtors; (b) is not and was not, within two (2) years before the date of the filing of the Title III cases, a director, officer, or employee of the Debtors; and (c) does not represent or hold an interest adverse to the interests of the Debtors with respect to the matters in which Gordon Brothers is proposed to be employed.

16.    Gordon Brothers is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtor, their creditors, or any other party in interest herein or their respective attorneys or the U.S. Trustee or anyone employed in the Office of the U.S. Trustee in the matters for which Gordon Brothers is proposed to be employed, except that Gordon Brothers is connected with the Mediation Team by virtue of this engagement.  Certain of the

6

Debtors' creditors or other parties in interest may be or have been clients of Gordon Brothers in matters unrelated to the Title III Cases.  Gordon Brothers may also have been engaged with or had mutual clients with certain law firms, financial advisors, accounting firms and other professionals that are potential parties-in-interest or may become parties-in-interest, in matters unrelated to the Title III Cases but no such matters relate to any of the Title III Cases or to matters related to the Commonwealth of Puerto Rico generally.

17.     Gordon Brothers has undertaken a detailed search of available information and records to determine and to disclose whether it is performing or has performed services for any of the Debtor, their affiliates and other interested parties.  In particular, Gordon Brothers reviewed and compared the names of key parties identified in pleadings filed on the docket in the Title III Cases (the "Interested Party List"), a copy of which is attached to this Declaration as Schedule 1, to Gordon Brothers' list of current and former clients for the past three years.  The Interested Party List includes all parties listed on Schedule 1 of the application to employ Phoenix [ECF No. 1018], the Notice of Meeting with Representatives of the Mediation Team [ECF No. 560], the Master Service List as of April 22, 2019, and the most recent Verified Statements Pursuant to Bankruptcy Procedure 2019 filed by various bondholder groups [ECF Nos. 3776, 4332, 4384, 4871, 5189, 5252, 5444, 5807, 5991, and 6067]. Gordon Brothers further reviewed all work it had done within the last 7 years within the geographical boundaries of the Commonwealth of Puerto Rico and found no engagements related to any government parties.

18.     Based upon the information presently available, Gordon Brothers is aware of no clients or client connections that would be in conflict with Gordon Brothers' proposed engagement by the Mediation Team, will impact or conflict with or be adverse to the Debtors or the Mediation Team in the Title III Cases, or will compromise Gordon Brothers' ability to provide services to

the Mediation Team and its constituents in the Title III Cases.

19. The foregoing notwithstanding, I would like to make the Court and all parties aware of a connection between Gordon Brothers and an entity related to a Commonwealth bondholder. I do not believe this connection creates a conflict but have opted to disclose it, as well as the screening mechanism being adopted to address it, out of an abundance of caution. Gordon Brothers, my current employer, is the 19.9% shareholder of Gordon Brothers Finance Company. BlackRock Capital Investment Corporation ("Blackrock Capital"), a publicly traded entity and subsidiary of privately held BlackRock Advisors LLC, is the 80.1% shareholder of Gordon Brothers Finance Company. Based upon my review of the *Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [ECF No. 6067], I understand that BlackRock Financial Management Inc. ("Blackrock Financial"), a privately held entity that is separate from BlackRock Capital, owns bonds issued or guaranteed by the Commonwealth of Puerto Rico. BlackRock Advisors LLC— the parent company of BlackRock Capital, which is the shareholder of Gordon Brothers Finance Company—advises BlackRock funds, including BlackRock Financial, as well as unrelated third parties. While I do not believe that BlackRock Capital's ownership of Gordon Brothers Finance Company stock creates a conflict or a prohibited connection between Gordon Brothers and the Debtors,  out of an abundance of caution, Gordon Brothers will impose a screening restriction so that neither Gordon Brothers Finance Company nor any BlackRock entity will receive or have access to any information obtained or generated by Gordon Brothers concerning the Debtors.

20. I will promptly supplement this Declaration, disclosing any material developments regarding the Debtors or any other pertinent relationships that require disclosure in the above

referenced Title III Cases, if and when any such developments or relationships come to my attention.

21.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on May 16, 2019

/s Martha E. M. Kopacz_____
Martha E. M. Kopacz
Chief Development Officer
Gordon Brothers Group, LLC

9

**Schedule 1**

**Interested Party List**

**Representative of Debtors**
The Financial Oversight and Management Board for Puerto Rico

**Debtors**
Commonwealth of Puerto Rico (Primary Government)
Employees' Retirement System (ERS) of the Government of the Commonwealth of Puerto Rico
PR Highways and Transportation Authority (HTA)
PR Sales Tax Financing Corporation (COFINA)
PR Electric Power Authority (PREPA)

**Oversight Board Members and Professionals**
Andrew G. Biggs, Member of the Board
Jose B. Carrión III, Member of the Board
Jaime A. El Koury, General Counsel of the Board
Carlos M. Garcia, Member of the Board
Gov. Alejandro García Padilla, Ex-Officio Member of the Board
Arthur J. Gonzalez, Member of the Board
José R. González, Member of the Board
Ana J. Matosantos, Member of the Board
Natalie Jaresko, Executive Director of the Board
David A. Skeel Jr., Member of the Board
Proskauer Rose, Counsel to the Oversight Board
O'Neill & Borges, Counsel to the Oversight Board
Brown Rudnick, Counsel to the Special Claims Committee of the Oversight Board
McKinsey & Co, Consultant to the Oversight Board
EY Puerto Rico, Consultant to the Oversight Board
Duff & Phelps, Consultant to the Oversight Board

**Other Government Related Parties Identified**
Additional (Electronic) Lottery
Agricultural Enterprises Development Administration
Automobile Accidents Compensation Administration
Cardiovascular Center Corporation of Puerto Rico and the Caribbean Commonwealth of Puerto
Rico Regional Center Corporation
Company for the Integral Development of the "Península de Cantera" Corporation for the "Caño
Martin Peña" Project (ENLACE)
Corporation of Industries for the Blind and Mentally Retarded and Incapacitated Persons of
Puerto Rico

1

Culebra Conservation and Development Authority Economic Development Bank for Puerto Rico
Employment and Training Enterprises Corporation Farm Insurance Corporation of Puerto Rico
Fine Arts Center Corporation
Fiscal Agency and Financial Advisory Authority (AAFAF)
Governmental Development Bank for PR (GDB)
Institute of Puerto Rican Culture
Institutional Trust of the National Guard of Puerto Rico
Judiciary Retirement System (JRS)
Land Authority of Puerto Rico
Local Redevelopment Authority of the Lands and Facilities of Naval Station Roosevelt Roads
Model Forest
Municipal Revenue Collection Center (CRIM)
Musical Arts Corporation
Port of the Americas Authority
PR Aqueduct and Sewer Authority (PRASA)
PR Infrastructure Finance Authority (PRIFA)
PR Maritime Shipping Authority
PR Medical Services Administration (ASEM)
Public Building Authority (PBA)
Public Corporation for the Supervision and Deposit Insurance of Puerto Rico Cooperatives
(COSSEC)
Puerto Rico and Municipal Islands Transport Authority
Puerto Rico Conservatory of Music Corporation
Puerto Rico Convention Center District Authority (PRCCDA)
Puerto Rico Council on Education
Puerto Rico Health Insurance Administration (HIA / ASES)
Puerto Rico Industrial Development Company (PRIDCO)
Puerto Rico Industrial, Tourist, Educational, Medical, and Environmental Control Facilities
Financing Authority (AFICA)
Puerto Rico Integrated Transit Authority (PRITA)
Puerto Rico Land Administration
Puerto Rico Metropolitan Bus Authority (AMA)
Puerto Rico Municipal Finance Agency (MFA) Puerto Rico Ports Authority
Puerto Rico Public Broadcasting Corporation
Puerto Rico Public Private Partnerships Authority (PPP)
Puerto Rico School of Plastic Arts
Puerto Rico Telephone Authority Puerto Rico Tourism Company
Puerto Rico Trade and Export Company Solid Waste Authority
Special Communities Perpetual Trust State Insurance Fund Corporation (SIF)
Teachers' Retirement System (TRS)
The Children's Trust Fund (CTF)
Traditional Lottery Unemployment Insurance Fund
University of Puerto Rico (UPR)
University of Puerto Rico Comprehensive Cancer Center

**20 Largest Unsecured Creditors**

Baxter Sales & Distribution PR Corp.
Braxton School of Puerto Rico
Cardinal Health PR
Cesar Castillo Inc.
Corporacion de Servicios Educativos de Yabucoa
COSALL
Ediciones Santillana, Inc.
Ediciones  SM
EVERTEC Inc.
IKON Solutions, Inc.
Institucion Educativa NETS, LLC
Kirkland & Ellis LLP
Manpower MC&CS
Microsoft
Puerto Rico Telephone Company
Total Petroleum Corps.
U.S. Army Corps of Engineers
Workforce Training and Employment Center, Inc.

**Members of the Unsecured Creditors Committee**
American Federation of Teachers
Doral Financial
Genesis Security
SEIU
Unitech Engineering
Baxter Sales
Tradewinds Energy

**Litigation and Other Parties Appearing in Cases**
322 De Diego Holdings, LLC
419 Ponce de Leon, Inc.
Adriel Longo-Ravelo
Adrienne Muentes-Ortiz
AG Financial Solutions
AG Financial Solutions Funds
Altair Global Credit Opportunities
Ambac Assurance Corporation
Ambac Financial Group
Andulusian
Angelo Gordon
Appaloosa

Aristeia Horizons, L.P.
Artau Feliciano Conjugal Property Partnership
Asociación Puertorriqueña De La Judicatura, Inc.
Assured Guaranty Corp/Assured Guaranty Municipal Corp. f/k/a Financial Security Assurance
Corporation
Aurelius Capital Management LP
Autonomy Capital (Jersey) LP
Baldr Mason Fund
Banco Popular de Puerto Rico
Banco Santander Puerto Rico
Bank of America/Merrill Lynch
Bank of New York Mellon
Bank of Nova Scotia
Benigno Trigo-Gonzalez
Bertita Martinez-Martinez
BlackRock Financial Management
Blue Mountain Capital Management LLC
Bonistas de Patio
Brigade Capital Management
Bromfield Asset Management
Buckeye Partners
Camino Cipres LLC
Camino Roble LLC
Canary SC Master Fund, L.P
Candlewood Investment Group
Canyon Balanced Master Fund, Ltd.
Canyon Funds
Canyon Value Realization Fund, L.P.
Carlos Reyes Castro
Carmen Feliciano Vargas
Carmen Regina Suarez-Sein
Ceci Montilla-Rojo
Centerbridge Partners
Citicorp
Claren Road and Avenue
Claren Road Asset Management
Conjugal Partnership Gonzalez-Simounet
Conjugal Partnership Hermida-Colon
Conjugal Partnership Hess-Trigo
Conjugal Partnership Martinez-Martinez
Conjugal Partnership Smith-Smith
Conjugal Partnership Trigo-Suarez
Conjugal Partnership Trigo-Zapata
Conjugal Partnership Valdes-Muentes
Corbin Opportunity Fund L.P.
Covalent Partners LLC

4

Crescent 1, L.P.
Crown Managed Assets
CRS Master Fund, L.P.
Cyrus Funds
Davidson Kempner
Davidson Kempner Capital Management
Decagon Holdings
Deutsch Bank Securities
Dionisio Trigo-Gonzalez
Eduardo Artau Gomez EJF
Elías Sánchez
Emso Asset Management
Ernesto A. Smith
Excelerate Energy
FCO Advisors LP
Federico M. Stubbe Arzuaga
Federico Stubbe Gonzalez
Fidercosmo Plaza
Filsinger Energy Partners
Financial Guaranty Insurance Co.
Fir Tree Partners
First Medical Health Plan, Inc.
First Pacific Advisory
Fore Research & Management
Fore Solus Alternative Asset Management
Franklin Advisors Inc.
Franklin Templeton Inc.
FSA Investments, LLC
FT Opportunistic Distressed Fund
Fundamental
Glendon Opportunities Fund
Gloria Colon
GoldenTree
GoldenTree Asset Management LP
Goldman Sachs
Goldman Sachs Asset Management
Guillermo L. Martinez
Gustavo Hermida-Ceda
Heirs of The Estate of Rosario Ferre Ramirez De Arellano Comp by BTF-RLTF-LATF
Jacana Holdings
Jorge Hess
Jorge Irizarry
Jose A. Valdes-Mazaurieta
José F. Rodríguez Perelló
Ketty SIimounet de Gonzalez
King Street

Knighthead
KTRS Credit Fund LP
Lex Claims, LLC
LMA SPC
LMAP 903 Limited
Long En-Tech Puerto Rico, Inc.
Marathon
MassMutual
Master SIF SICAV SIF
MBIA
MC Holdings Master LP
Merced Capital LP
Miguel Angel Ortiz Ramos
Monarch
Monarch Alternative Capital LP
MPR Investors, LLC
Municipio Autonomo de Ponce
Natalie Jaresko
National Public Finance Guarantee Corp.
Nokota Capital
Northshore Management, Corp.
Nutmeg Partners
Oaktree
Oceana Master Fund
Ocher  Rose  LLC
Old Bellows Partners
Oppenheimer Funds Inc.
Oriental Bank
OZ Management
Pandora Select Partners
Peaje Investments
Penteli Master Fund
Pentwater Merger Arbitrage Master Fund
Pinehurst Partners, L.P.
Prisma SPC Holdings Ltd. – Segregated Portfolio AG
Puerto Rico Funds and Portfolios
Puerto Rico GNMA & U.S. Government Target Maturity Fund
Rafael Rojo
Ramon Gonzalez-Cordero
Regina Trigo de Hess ROLSG LLC
RRW I LLC
San Rafael Holdings, LLC
Sandra Pacheco Santiago
Santander Asset Management Corporation
Santander BanCorp
Santander Financial Services, Island Insurance Corporation

Santander Insurance Agency, Inc.
Santander International Bank of Puerto Rico, Inc.
Santander PR Capital Trust I
Santander Securities Corporation
Saress E. Smith
 SB Special Situation Master Fund SPC, Segregated Portfolio D
Scoggin Funds
Scotiabank de Puerto Rico
Senator Global Opportunity Master Fund L.P.
Servidores Publicos Unidos  Council 95 of The American Federation of State, County and
        Municipal Employees
Silverpoint Capital
SL Funds
SL Puerto Rico Fund II LP
Sola Ltd.
Solus Funds
Stone Lion Capital Partners LP
Stugo, LLC
SV Credit LP
Syncora
Taconic Master Fund 1.5 LP / Taconic Opportunity Master Fund
Tasman Fund LP
Teresa Zapata-Bird
The Canyon Value Realization Master Fund, L.P.
Tilden Park Capital Management
Trigo Corp.
Trimar Investments Corp.
UAW
U.S. Bank Trust National Association
UBS IRA Select Growth and Income Puerto Rico
UTIER
Fund Ultra Master Ltd.
Valmu Trust 2015, LLC
Varde Partners
Vitol SA
Voya Institutional Trust
VR Advisory Services
Warlander Asset
Whitebox Advisors LLC
Wilmington Trust
Windmar Renewable Energy

7