# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) Title III |
| MANAGEMENT BOARD FOR PUERTO RICO, | ) |
| | ) Case No. 3:17-bk-03283 (LTS) |
| as representative of | ) |
| | ) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | ) |
| | ) |
| Debtors. | ) |
| | ) |
| ——————————————————————— X | |
| In re: | ) |
| | ) |
| | ) |
| | ) PROMESA |
| THE FINANCIAL OVERSIGHT AND | ) Title III |
| MANAGEMENT BOARD FOR PUERTO RICO | ) |
| | ) Case No. 3:17-cv-01685 (LTS) |
| as representative of | ) Case No. 3:17-bk-03566 (LTS) |
| | ) |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) |
| GOVERNMENT OF THE COMMONWEALTH OF | ) |
| PUERTO RICO, | ) |
| | ) |
| Debtor. | ) |
| ------------------------------------------------------------------- X | |

## DECLARATION OF GEOFFREY S. STEWART
## IN SUPPORT OF MOTION OF CERTAIN SECURED CREDITORS
## OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
## OF THE COMMONWEALTH OF PUERTO RICO TO COMPEL PRODUCTION OF
## <u>DOCUMENTS FROM FINANCIAL OVERSIGHT AND MANAGEMENT BOARD</u>

I, Geoffrey S. Stewart, hereby declare under penalty of perjury:

1.      I am of counsel to the law firm of Jones Day, located at 51 Louisiana Ave., N.W., Washington, D.C. 20001.[1] I am a member in good standing of the Bars of the State of New York and the District of Columbia. There are no disciplinary proceedings pending against me. I submit this declaration in support of the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents from Financial Oversight and Management Board* (the "Motion"). I have personal knowledge of the matters stated herein.

2.      On March 4, 2019, the Bondholders served a document subpoena on the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") consisting of six requests for production asking for the production of documents relevant to the issues in the Stay Relief motion. A true and correct copy of the subpoena for production of documents issued by the Bondholders is attached hereto as Exhibit A. The Oversight Board objected to producing documents for four of the six requests, instead asserting conclusory objections based on privilege, overbreadth, vagueness and relevance. A true and correct copy of the Oversight Board's responses and objections is attached hereto as Exhibit B.

3.      On March 7, 2019, the Bondholders served a deposition subpoena on the Oversight Board designating eight narrow topics for questioning. A true and correct copy of the deposition subpoena issued by the Bondholders is attached hereto as Exhibit C. On March 17, the Oversight Board responded to the deposition subpoena with a broad set of objections, in which it refused entirely to designate a deponent to testify as to any of the eight topics listed in the Bondholders'

---

[1] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Motion.

subpoena. A true and correct copy of the Oversight Board's responses and objections is attached hereto as Exhibit D.

4. On March 18, 2019, the parties engaged in a 90-minute telephonic meet-and-confer session, during which the Oversight Board's objections to the Bondholders' document subpoena and deposition subpoena were discussed. The Oversight Board agreed to review its objections to the Bondholders' document subpoena, but took the position that the requests appeared to have been designed to seek privileged information. The Oversight Board also agreed to reconsider its objections to the Bondholders' deposition subpoena and to advise the Bondholders of its position on its objections the next day. On March 19, 2019, counsel for the Oversight Board indicated that the Oversight Board would stand on its responses and objections to the Bondholders' subpoenas. *See* Email correspondence between W. Dalsen and M. Papez (Mar. 19, 2019), a true and correct copy attached hereto as Exhibit E.

5. The Bondholders moved to compel on both subpoenas. On April 1, 2019, the Court held a hearing on the first rounds of motions to compel. The Court overruled the Oversight Board's general objections in the course of the April 1 hearing, and instructed the Oversight Board to comply with the document subpoena. *See* Tr. 77:2–6 ("So to the extent that the information that I have is that the Oversight Board was involved in helping to develop pay-go, I believe that the Oversight Board has to respond to this subpoena in some form; okay?"). On April 2, 2019, the Court entered an order requiring the Oversight Board to produce documents in accordance with the Court's ruling in open court and to submit a status report to the Court informing on the status of productions to take place. Docket No. 431 in Case No. 17-bk-03566, ¶ 3. The Court's order also stated that the Oversight Board should designate a witness for deposition and submit a status report to the Court updating the Court on the scope of that deposition. *Id.* ¶ 4.

3

6.     On April 4, 2019, the parties agreed to the search parameters for the Oversight Board's review and production. *See* Email correspondence between W. Dalsen and S. Sooknanan (Apr. 4, 2019), a true and correct copy attached hereto as <u>Exhibit F</u>. On April 5, 2019, the parties submitted the status report required by the April 2 order. Docket No. 432 in Case No. 17-bk-03566. The status report provided that the parties had agreed upon custodians, search terms and a date range for the Oversight Board's review and production. *Id.* ¶ 2. As to the Bondholders' deposition subpoena, the Bondholders noted their continued request that the Oversight Board designate a witness in response to the subpoena and the Oversight Board stated its belief that the Bondholders should depose the Commonwealth and ERS in the first instance to identify what information, if any, the Oversight Board has separate and apart from the Commonwealth and ERS. *Id.* ¶ 3. To date, the Oversight Board has failed to designate a witness in response to the Bondholders' deposition subpoena.

7.     On the morning of April 8, 2019, the parties engaged in a short meet-and-confer session with respect to the Oversight Board's production. The Oversight Board took the position that it was not bound by Judge Swain's discovery schedule for document production. Accordingly, on April 12, 2019, the Bondholders filed an Urgent Request for Immediate Status Conference with respect to the Oversight Board's failure to timely produce documents in response to the Bondholders' subpoena. The Court held an urgent status conference on the same day and memorialized its rulings in an order on April 16, 2019. Docket No. 445 in Case No. 17-bk-03566. The Court ruled that (i) the Oversight Board would produce documents on a rolling basis with an initial production of documents on April 14, 2019, (ii) a supplemental production would be made on April 16, 2019, (iii) the Oversight Board would produce a privilege log, in accordance with the

order, by April 19, 2019, and (iv) the parties would file a status report with the Court on the Oversight Board's production and privilege log by April 23, 2019. *Id.* ¶ 4.

8.        I have personally reviewed the entire document production made by the Oversight Board. On April 14, 2019, the Oversight Board made its first production of 12 documents, which consisted of 284 pages, 264 of which were completely redacted. On April 16, 2019, the Oversight Board made its supplemental production of 15 documents consisting of 476 pages, 270 of which were completely redacted. In total, the Oversight Board's initial productions consisted of 27 documents. Several of those 27 documents, moreover, were duplicates of each other—meaning that the Oversight Board produced fewer than 20 unique documents. More specifically, the Oversight Board's initial productions contained the following:

a)   Seven copies of the same presentation—a long February 16–17, 2017 Presentation to the Oversight Board. The cover page of this document is unredacted, and one page within the presentation is partially unredacted. Every other page in the presentation is completely redacted. As a result, these seven copies of the February 16–17 Presentation account for 449 pages of the Oversight Board's 760-page production, but collectively contain only seven copies of a 1/2 page of information.

b)   Several emails from February 2017 discussing irrelevant logistics for the Oversight Board's February 16–17, 2017 meeting, such as which hotels near the University of Pennsylvania would be a good place to stay.

c)   Two copies of the FY18 Recommended Budget from June 2017. Again, the documents are completely redacted, except for the cover page and one slide within the presentation that is 75% redacted. As a result, approximately ¼

page of information accounts for over 100 pages within the Oversight Board's production.

d) An email forwarding the FY18 Recommended Budget. All substantive information in the email has been redacted.

e) Three documents from May 2009—i.e., eight years before Joint Resolution 188 and Act 106 were passed—that were attached to a June 2017 email. Although these documents are not redacted, they are not responsive to the Movants' subpoena.

9.      On April 23, 2019, the parties filed a joint status report with the Court on the Oversight Board's production and privilege log. Docket No. 465 in Case No. 17-bk-03566. The Oversight Board stated that it had "completed its initial and second-level review of the 7,466 documents identified through the agreed-upon search parameters" and was in the process of completing its final review. *Id.* ¶ 2. The Oversight Board further stated that it had made its initial and supplemental productions as ordered by the Court, intended to make a third production April 24, and expected to complete its document production by May 1. In response, the Bondholders noted that the Oversight Board's two productions contained only 27 documents, with several of those documents being duplicates of each other and most being heavily redacted (out of 760 total pages, 534 pages were entirely redacted). Later that day, the Court entered an order requiring the Oversight Board to file its final privilege log by 3:00 pm on April 29 and to fully complete its production of documents on May 1, 2019. Docket No. 468 in Case No. 17-bk-03566.

10.     On April 24, 2019, the Oversight Board made its third production of 21 documents, which consisted of 325 pages, 282 of which were fully redacted.

11.     On May 1, 2019, the Oversight Board made its final document production, which consisted of:

a)   A budget for the Commonwealth that, when printed, contained over 3,900 pages of accounting detail, almost none of which related to ERS, Pay-Go or any other issue in the case. *See* FOMB_ERS00002527–6463.

b)   Hundreds of other pages of isolated strings of text, or graphics with no context. *See, e.g.*, FOMB_ER00002044, FOMB_ER00002057 (attached hereto as <u>Exhibits G</u> and <u>H</u>).

c)   A handful of publicly-available documents produced again and again. This included 15 copies of the Legislature's Resolution 186, another 15 copies of Resolution 187, 9 copies of Resolution 189, and 16 copies of the March 13, 2017 Fiscal Plan.

d)   The same four weekly TSA Cash Flow reports showing balances in the Commonwealth Treasury's main account from mid-2017, produced a total of 14 times.

e)   A draft "Actuarial Valuation Report" from Milliman, the ERS's independent actuary, dated as of June 16, 2016. *See* FOMB_ERS00008385-8457 (attached hereto as <u>Exhibit I</u>). However, out of 73 pages in the report, the Oversight Board redacted 70.

Altogether, the Oversight Board has produced about 669 documents, amounting to a little more than 9,700 pages.

12.     I have personally reviewed the Oversight Board's entire document production. Of the hundreds of documents and thousands of pages in the production, very few are non-repetitive and conceivably relevant to the issues raised by the Stay Relief Motion. These are:

a) A single page from a 45-page "Pre-Read: February 15/16 Board Presentation," dated February 10, 2017. *See* FOMB_ERS_00000082. All other pages in this document were completely redacted, and even this page is partly redacted.  At least three copies of this document, with these identical redactions, were produced.

b) One unredacted page from a 56-page FY18 Recommended Budget showing ERS assets between the 2011 and 2020 fiscal years. *See* FOMB_ERS_00000683.

c) One page from a partially-redacted document indicating transfers of Pay-Go amounts in July 2017. *See* FOMB_ERS_00001003.

d) The Commonwealth of Puerto Rico Financial Information and Operating Report, dated December 18, 2016. *See* FOMB_ERS_00007583–7884. However, this is a public document that has been available on the Commonwealth's web site for years.[2]

e) The March 13, 2017, Fiscal Plan for Puerto Rico. *See* FOMB_ERS_00008307-8343. This, too, is a public document[3] and, as mentioned before, the FOMB produced 16 copies of it. *See supra* ¶ 11(c).

---

[2] *See* http://www.gdb.pr.gov/documents/CommonwealthofPuertoRicoFinancialInfoFY201612-18-16.pdf.

[3] *See* http://www.aafaf.pr.gov/assets/planfiscal13demarzo2017.pdf

f)   Three pages from the June 16, 2016 draft Milliman "Actuarial Valuation Report". One page [FOMB_ERS_00008392] discloses results of Milliman's actuarial valuation, another [FOMB_ERS_00008393] summarizes ERS participant data, and a third [FOMB_ERS_00008408] ERS' assets.

g)   Two copies of the Commonwealth's February 28, 2017 Proposed Fiscal Plan. *See* FOMB_ERS_00009481–9614. This also is publicly available.[4]

13.     On April 29, 2019, the Oversight Board produced an Amended and Supplemented Privilege Log to the Bondholders and, on May 1, 2019, a Supplemental Privilege Log with the Final Production containing a total of 335 documents. For the 335 documents, the Oversight Board invoked the following privileges: (i) attorney-client privilege (invoked approximately 224 times); (ii) attorney work product (invoked approximately 199 times); (iii) deliberative process privilege (invoked approximately 174 times); and (iv) mediation privilege (invoked 13 times). For the deliberative process privilege, the logs identify the decisions primarily as (i) the March 13, 2017 Fiscal Plan, (ii) the Fiscal Year 2018 and 2019 Territory Budgets, (iii) the April 18, 2018 Fiscal Plan, and (iv) potential revisions and corrections to the March 13, 2017 Fiscal Plan. Attorney-client privilege, attorney work product and deliberative process privilege were each claimed for 32 of the documents in the logs and the attorney-client privilege and attorney work product were claimed for approximately 158 of the documents. Multiple entries in the logs are described as "[r]edacted [presentation/draft] attached to email from Oversight Board [member/advisors] to Oversight Board members and advisors summarizing forecasts, objectives, and proposals in connection with drafting of fiscal plan," "[r]edacted preliminary draft of Oversight Board

_____

[4] *See* http://www.promesacodex.com/uploads/9/0/9/7/90977614/proposed_-_commonwealth_of_puerto_rico_-_february_28_2017.pdf

presentation attached to email between Oversight Board members and financial advisors [analyzing/regarding] 2018 Territory Budget and its compliance with the fiscal plan," emails between the Oversight Board, its advisors and legal counsel "containing, reflecting, and seeking analysis, and legal analysis, of prospective pension reform legislation, with attachments," as well as emails between the Oversight Board members and advisors regarding "draft projections and model for Commonwealth Fiscal Plan" and "comments to Commonwealth's proposed fiscal plan and financial model."

14.     On May 10 and 13, the Bondholders informed the Oversight Board that they intended to challenge the Oversight Board's assertions of privilege. On May 16, 2019, the parties engaged in a further telephonic meet-and-confer session. The Bondholders emphasized their substantial need for these documents in light of the Bondholders' belief, based on public documents, that the Oversight Board was substantially involved in the decision to implement a Pay-Go system. The Oversight Board took the position that the Court had already ruled on these arguments and maintained its assertions of privilege as to all the documents.

Dated:  May 17, 2019                           _/s/ Geoffrey S. Stewart_
        Washington, D.C.                       Geoffrey S. Stewart

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Puerto Rico

In re: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al., and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Debtors.

*Plaintiff*

v.

*Defendant*

)
)
)
)
)
)
)

Civil Action No.   17-bk-3283; 17-bk-3566

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Financial Oversight and Management Board for Puerto Rico

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A.

| Place:  DELGADO & FERNÁNDEZ, LLC  1001 San Roberto Street, Moncillos Ward  San Juan, Puerto Rico | Date and Time:  03/06/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/4/19

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Movants identified in Exhibit B _____ , who issues or requests this subpoena, are:

Sparkle L. Sooknanan, 51 Louisiana Ave NW, Washington DC 20001, ssooknanan@jonesday.com, 1.202.879.3435

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

   **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
   **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# <u>Exhibit A</u>

## <u>Specification Of Documents To Be Produced by</u>
## <u>Financial Oversight and Management Board for Puerto Rico</u>

Subject to the following Definitions, Instructions, and Scope of this Exhibit A, produce no later than March 6, 2019:

1.  All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

(a) May 21, 2017,

(b) June 30, 2017,

(c) August 23, 2017, and

(d) today.

2.  Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

3.  All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

4.  All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

5.  All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

6.  All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

### DEFINITIONS

1. Defendants incorporate by reference the definitions and rules of construction set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York.

2. "AAFAF" means the Puerto Rico Fiscal Agency and Financial Advisory Authority and its Affiliates.

1

3.   "Act 106-2017" means the legislation enacted by the Legislative Assembly of the Government of Puerto Rico on August 18, 2017, and signed by the Governor of Puerto Rico into law on August 23, 2017.

4. "Adequate Protection" means the legal right described in 11 U.S.C. § 361.

5. "Affiliate" means any person or entity related to, associated with, owning, owned by, under common control with, under the direction of, or with the ability to direct or control another person. "Affiliate" also means any current and former principal, officer, director, manager, general partner, employee, agent, parent company, or subsidiary of any such person or entity, as well as that person or entity's advisors, attorneys, accountants, predecessors, successors, assigns, heirs, administrators, executors, supervisors, or representatives.

6. "Analysis" means any analysis, breakdown, estimate, financial plan, forecast, model, opinion, prediction, projection, proposal, or review.

7. "Commonwealth" means the Commonwealth of Puerto Rico and its Affiliates, exclusive of any Affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury.

8. "Communication" has the same definition set forth in SDNY LR 26.3(c)(1).

9. "Concerning" has the same definition set forth in SDNY LR 26.3(c)(7).

10. "Contributions" means Payments by the Commonwealth or Non-Commonwealth Employers to the ERS. "Contributions" includes (a) past Payments, (b) pending Payments, (c) obligations to make future Payments, (d) Payments, whether due in the past or becoming due in the future, that are required by law, (e) Payments that are held by the Fiscal Agent or any other third party, and (f) Employers' Contributions.

11. "Document" has the same definition set forth in SDNY LR 26.3(c)(2).

12. "Employers" means the Commonwealth and Non-Commonwealth Employers.

13. "Employers' Contributions" has the meaning ascribed to it in the ERS Bond Resolution.

14. "Enabling Act" means Puerto Rico Act No. 447-1951 (codified, as amended, at 3 L.P.R.A. §§ 761-788).

15. "Entity" means any legal entity including, without limitation, a limited liability company, corporation, trust, general partnership, limited partnership, sole proprietorship, professional corporation, limited liability partnership, professional association, joint venture, non-profit organization, memberships, trust, living trust, or testamentary trust.

16. "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto RICO.

17. "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental Resolutions.

18. "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

19. "ERS Bondholders" means persons or entities who are or have been the beneficial holders of ERS Bonds.

20. "ERS Bondholders' Security Interest" means the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations.

21. "Fiscal Agent" has the meaning ascribed to it in the ERS Bond Resolution.

22. "FOMB" means the Financial Oversight and Management Board for Puerto Rico, constituted under and pursuant to PROMESA, and its Affiliates.

23. "Including" shall be construed to mean "without limitation."

24. "Joint Resolution 188" means the Joint Resolution of the Legislative Assembly of the Government of Puerto Rico, passed on June 25, 2017, and adopted by the FOMB on behalf of the Governor of Puerto Rico on June 30, 2017.

25. "Lien" has the meaning ascribed to it in the Bankruptcy Code.

26. "Non-Commonwealth Employers" means entities other than the Commonwealth that make Employers' Contributions to the ERS.

27. "Payment" means the transfer of money or other thing of value.

28. "Person" has the same definition set forth in SDNY LR 26.3(c)(6).

29. "PROMESA" means the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. L. No. 114-187, 130 Stat. 549 (2016), *codified at* 48 U.S.C. § 2101, *et seq.*

30. "Pledged Property" has the meaning assigned to it in the ERS Bond Resolution.

31. "SDNY LR" means the Local District Rules for the United States District Court for the Southern District of New York.

32. "You" or "Your" means each person to whom this document request is directed, and any Affiliate of such person.

## INSTRUCTIONS

1. The Documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the Document request.

2. Any Document that exists in electronic format shall be produced in its native format, including (a) all versions and revisions of the Document, (b) all metadata associated with that

4

Document, (c) all related information required to access or review that Document, and (d) Documents stored electronically shall be produced in electronic format in both native and standard production format including a load file with optical character recognition and single page tiff files. If a Document exists in both physical (i.e., "hard copy") form and electronic form, the Document shall be produced in both forms.

3. The duty to produce Documents shall not be limited or affected by the fact that the same Document is available through another source. All Documents not subject to an objection and known by, possessed or controlled by, or available to You or any of Your attorneys, consultants, representatives, employees, officers, directors, partners, or other agents, shall be produced.

4. Defendants incorporate by reference SDNY LR 26.2 with respect to Your obligations concerning any claim of privilege You assert in objecting to complying with this document request.

5. For any Document requested that has been destroyed, lost, mislaid, or is otherwise missing, specify:

(a) the type of Document;

(b) a description of the nature and contents of the Document;

(c) the identity of the author;

(d) the circumstances under which it ceased to exist;

(e) the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

(f) the identity of all Person(s) who had knowledge of the contents.

6. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are

directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information without delay.

7. Each request herein should be construed independently and not with reference to any other request for the purpose of limitation.

8. Every request for information directed to or Concerning a particular Entity shall include the Entity as defined, as well as any Person or Persons acting in a representative capacity, including partners, members, shareholders, officers, directors, employees, agents, representatives, legal counsel, financial advisors, investment bankers, rating agencies, or any other Person or Persons acting on its or their behalf.

## SCOPE

Except as otherwise specified, each document request herein requires You to produce all responsive Documents generated on or after June 30, 2016 through the date hereof that are within Your possession, custody or control, including (a) Documents that are in the hands of a third party over whom You have the power to obtain or compel access, (b) Documents that are stored in any medium whatsoever and (c)information stored in intangible form that can be converted or reduced to tangible form.

## Exhibit B

Andalusian Global Designated Activity Company
Glendon Opportunities Fund, L.P.
Mason Capital Master Fund, LP
Oaktree-Forrest Multi-Strategy, LLC (Series B)
Oaktree Opportunities Fund IX, L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.
Oaktree Value Opportunities Fund, L.P.
Ocher Rose, L.L.C.
SV Credit, L.P.
Puerto Rico AAA Portfolio Bond Fund, Inc.
Puerto Rico AAA Portfolio Bond Fund II, Inc.
Puerto Rico AAA Portfolio Target Maturity Fund, Inc.
Puerto Rico Fixed Income Fund, Inc.
Puerto Rico Fixed Income Fund II, Inc.
Puerto Rico Fixed Income Fund III, Inc.
Puerto Rico Fixed Income Fund IV, Inc.
Puerto Rico Fixed Income Fund V, Inc.
Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.
Puerto Rico Investors Bond Fund I
Puerto Rico Investors Tax-Free Fund, Inc.
Puerto Rico Investors Tax-Free Fund, Inc. II
Puerto Rico Investors Tax-Free Fund III, Inc.
Puerto Rico Investors Tax-Free Fund IV, Inc.
Puerto Rico Investors Tax-Free Fund V, Inc.
Puerto Rico Investors Tax-Free Fund VI, Inc.
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.
Tax-Free Puerto Rico Fund, Inc.
Tax-Free Puerto Rico Fund II, Inc.
Tax-Free Puerto Rico Target Maturity Fund, Inc.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

———————————————————————
In re:                                                          )
                                                                )
THE FINANCIAL OVERSIGHT AND                                     )        PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                                )        Title III
                                                                )
                                                                )        Case No. 17-bk-03283 (LTS)
                                                                )
          as representative of                                  )
                                                                )
                                                                )
                                                                )
THE COMMONWEALTH OF PUERTO RICO, *et al.*                       )
                                                                )
                                                                )
          Debtor.                                               )
                                                                )
———————————————————————————     X
In re:                                                          )
                                                                )
THE FINANCIAL OVERSIGHT AND                                     )        PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                                )        Title III
                                                                )
                                                                )
                                                                )        Case No. 17-cv-01685 (LTS)
          as representative of                                  )        Case No. 17-bk-03566 (LTS)
                                                                )
                                                                )
THE EMPLOYEES RETIREMENT SYSTEM OF THE                          )
GOVERNMENT OF THE COMMONWEALTH OF                               )
PUERTO RICO,                                                    )
                                                                )
                                                                )
          Debtor.                                               )
                                                                )
———————————————————————————     X

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO TO THE
SUBPOENA OF MOVANTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170), and Federal Rules of Bankruptcy Procedure 9014 and 9016, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as the representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or "Debtor") pursuant to PROMESA § 315(b) (48 U.S.C. § 2175(b)), hereby responds and objects to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* dated March 4, 2019 (the "Subpoena"), including the Definitions, Instructions, and Specification of Documents To Be Produced (the "Requests"), served on or about March 4, 2019 by Movants.[1]

## PRELIMINARY STATEMENT

The Oversight Board has not yet completed its investigation and review of documents. These Responses and Objections, and any subsequent document production, are based, and will be based, only upon the information that is currently available to and specifically known to the Oversight Board as of the date hereof.  The Oversight Board reserves the right to amend or

---

[1] According to Exhibit B to the Subpoena, Movants are:  Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2

supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from the objections as a result of mistake, error, or inadvertence.

## GENERAL OBJECTIONS

1. The Oversight Board objects to the Subpoena to the extent it purports to require any production of documents by March 6, 2019 on the grounds that the Subpoena is untimely and improper in view of the schedule set by the Court (which specified a deadline of February 27, 2019 to serve any written discovery), unduly burdensome insofar as it requests production of documents just 2 days after Movants served the Subpoena, and violates Fed. R. Civ. P. 45 by requesting production of documents just 2 days after Movants served the Subpoena. The Oversight Board is willing to meet and confer with Movants to discuss a reasonable timeframe for the production of non-privileged, responsive documents in accordance with the General and Specific Objections and Responses herein.

2. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they place an unreasonable burden on the Oversight Board, including without limitation by seeking documents and information that are cumulative or duplicative of other discovery requests, or that are equally or more readily available from public sources or that are already available to the Movants.

3. The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they seek documents or information that are not in the Oversight Board's possession, custody or control. Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive

3

documents.  Documents produced by the Oversight Board in response to specific Requests should not be construed as a representation that every document in its possession, custody, or control has been examined.

4.      The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they purport to require the Oversight Board to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on behalf of the Oversight Board and whose files have been archived, destroyed, or released in connection with such person's departure from the Oversight Board.

5.      The Oversight Board objects to the Subpoena, and to each and every Request, to the extent it purports to require the Oversight Board to produce "all" documents that are the subject of a Request on the grounds such request is overly broad, unduly burdensome, and disproportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

6.      The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they purport to impose duties on the Oversight Board that are inconsistent with, not authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules").  The Oversight Board further objects to the Subpoena to the extent it purports to incorporate by reference Local Rule 26.2 and Local Rule 26.3 of the United States District Court for the Southern District of New York or any specific

4

definitions or requirements therein, as such Local Rule 26.2 and Local Rule 26.3 are not part of the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

7.      The Oversight Board objects to the Subpoena, and to each and every Request, to the extent they seek documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

8.      The Oversight Board objects to each Definition, Instruction and Request, to the extent they expressly or impliedly seek documents or information protected by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Documents and information protected by these privileges, doctrines, or immunities are not subject to disclosure, and the Oversight Board will not provide them.  The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive the Oversight Board's right to object to the use of any such document or the information contained therein in this action or during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

9.      The Oversight Board objects to each Definition, Instruction, and Request, to the extent they seek documents or information that are confidential or proprietary in nature, or

otherwise constitute protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's financial consultants.  To the extent that such relevant and responsive documents or information exist, the Oversight Board will produce them only pursuant to an appropriate protective order that has been executed and entered into by the parties.

10.     To the extent any term defined or used in the Subpoena is used in responding to the Subpoena, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

11.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent they seek to impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any audio, video, electronic recordings, telephone records or calendar entries, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

12.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent they seek to impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages or instant messages, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated time frame for discovery.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to

locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

13.     The Oversight Board objects to the definition of the terms "You," "Your" and "FOMB," to the extent they are defined to include "Affiliates," as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the disclosure of information relevant to the Motion.  In responding to these Requests, the Oversight Board will construe "You", "Your" and "FOMB" to mean the Oversight Board and its members and employees reasonably likely to possess information relevant to the Motion.

14.     The Oversight Board objects to the definition of the term "Affiliate" on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and not proportionate to the needs of the case.  The Oversight Board further objects to the definition of "Affiliate" to the extent it is incorporated by reference in any definition, instruction, or Request in the Subpoena.

15.     The Oversight Board objects to the definition of the term "Analysis" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome.

16.     The Oversight Board objects to the definition of the term "ERS Bondholders' Security Interest" on the grounds that it is overly broad, vague, ambiguous, and states a disputed legal conclusion.

17.     The Oversight Board objects to the "Scope," on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case and extremely abbreviated time frame for discovery.  The FOMB further objects to the extent the Scope purports to impose requirements or obligations on the FOMB beyond the scope of, or different from, those imposed by the Governing Rules.

7

18.     The Oversight Board objects to Instruction No. 2 in the Subpoena on the grounds it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.  The Oversight Board is willing to meet and confer concerning a reasonable production format for any production of responsive, non-privileged documents in accordance with the General and Specific Objections and Responses herein.

19.     The Oversight Board objects to Instruction No. 4 on the grounds that Local Rule 26.2 of the United States District Court for the Southern District of New York is not part of the Governing Rules.

20.     The Oversight Board objects to Instruction No. 5 on the grounds that it is overly broad, unduly burdensome, and does not seek discovery proportionate to the needs of the case.

21.     The Oversight Board objects to Instruction No. 8 on the grounds that it is overly broad, vague, ambiguous, unduly burdensome, and does not seek discovery proportionate to the needs of the case.

22.     The Oversight Board responds to the Subpoena as it interprets and understands it. If Movants subsequently assert an interpretation of any Request that differs from the Oversight Board's understanding, the Oversight Board reserves the right to supplement its objections and responses.

23.     These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands

for production or other discovery procedures involving or relating to the subject matter of the Subpoena or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

24.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and the Oversight Board expressly reserves, the right to file a motion to quash the Subpoena and/or to seek a protective order.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All Documents Concerning the value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

> (a) May 21, 2017,
> (b) June 30, 2017,
> (c) August 23, 2017, and
> (d) today.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its general objections, the Oversight Board objects to Request No. 1 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Request to the extent it seeks documents duplicative of those sought from ERS.

Subject to and without waiving any of the foregoing General or Specific Objections, the Oversight Board will produce non-privileged documents, to the extent that such documents are within its possession, custody or control, responsive to this Request that can be located upon a reasonable search, concerning the value of ERS assets.

## REQUEST FOR PRODUCTION NO. 2:

Documents concerning the manner and extent to which the value of the property subject to the ERS Bondholders' Security Interest has been, is being, or will be protected from a decrease in value during the pendency of the stay imposed by § 362 of the Bankruptcy Code.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to its general objections, the Oversight Board objects to Request No. 2 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests.  The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery.

Subject to and without waiving any of the foregoing General or Specific Objections, the Oversight Board will produce non-privileged documents, to the extent that such documents are within its possession, custody or control, responsive to this Request that can be located upon a reasonable search, concerning the value of ERS assets.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its general objections, the Oversight Board objects to Request No. 3 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Joint Resolution 188.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its general objections, the Oversight Board objects to Request No. 4 to the extent it seeks communications protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests.  The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery.  The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request.  The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Concerning the background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its general objections, the Oversight Board objects to Request No. 5 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or

12

any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request. The Oversight Board is willing to meet and confer with Movants concerning this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between You and anyone Concerning the background, drafting, preparation, enactment, approval, implementation or effect of Act 106-2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its general objections, the Oversight Board objects to Request No. 6 to the extent it seeks communications protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks documents that are cumulative or duplicative of other discovery requests. The Oversight Board further objects to this Request as vague, overbroad, unduly burdensome and not proportional to the needs of the pending Motion and timeframe for discovery. The Oversight Board further objects

13

to this Request on the grounds that the inclusion of the terms "background," "preparation," "approval," and "implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks information not relevant to any claim or defense concerning the pending Motion.

At this time, the Oversight Board stands on its General and Specific Objections, and will not be producing documents in response to this Request.  The Oversight Board is willing to meet and confer with Movants concerning this Request.

Dated: March 6, 2019                          Respectfully submitted,
New York, NY

                                              */s/   Margaret A. Dale*
                                              Martin J. Bienenstock (*pro hac vice*)
                                              Brian S. Rosen (*pro hac vice*)
                                              Jeffrey W. Levitan (*pro hac vice*)
                                              Margaret A. Dale (*pro hac vice*)
                                              **PROSKAUER ROSE LLP**
                                              Eleven Times Square
                                              New York, NY 10036
                                              Tel:  (212) 969-3000
                                              Fax:  (212) 969-2900
                                              Email: mbienenstock@proskauer.com
                                              Email: brosen@proskauer.com
                                              Email: klevitan@proskauer.com
                                              Email: mdale@proskauer.com

                                              Luis F. del Valle-Emmanuelli
                                              USDC-PR No. 209514
                                              P.O. Box 79897
                                              Carolina, Puerto Rico 00984-9897
                                              Tel. 787.977.1932
                                              Fax. 787.722.1932
                                              dvelawoffices@gmail.com

                                              OF COUNSEL FOR
                                              A&S LEGAL STUDIO, PSC
                                              434 Avenida Hostos
                                              San Juan, PR 00918
                                              Tel: (787) 751-6764/ 763-0565

14

Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 6, 2019, I caused a copy of the foregoing *Responses and Objections of the Financial Oversight and Management Board for Puerto Rico to the Subpoena of Movants for the Production of Documents* to be sent by email to the individuals listed below.

*/s/ Margaret A. Dale*
Margaret A. Dale

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200

16

Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

# EXHIBIT C

## JONES DAY

51 LOUISIANA AVENUE, N.W.  •  WASHINGTON, D.C.  20001.2113

TELEPHONE: +1.202.879.3939  •  FACSIMILE: +1.202.626.1700

DIRECT NUMBER:  (202) 879-3435
SSooknanan@jonesday.com

March 7, 2019

<u>VIA EMAIL</u>

Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
mdale@proskauer.com

Re:    *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Docket No. 3418 in Case No. 17-3283 and Docket No. 289 in Case No. 17-3566)

Dear Margaret:

Attached is a *Subpoena To Testify At A Deposition In A Civil Case* directed to The Financial Oversight And Management Board For Puerto Rico. The subpoena sets the deposition for March 13, 2019, which is the current deadline for completion of depositions. However, Movants anticipate that the deposition date may change to accommodate the resolution of any discovery disputes and the completion of document production.

Sincerely,

/s/ Sparkle L. Sooknanan

Sparkle L. Sooknanan

CC:    Martin J. Bienenstock (mbienenstock@proskauer.com)
       Brian S. Rosen (brosen@proskauer.com)
       Jeffrey W. Levitan (jlevitan@proskauer.com)
       Paul Possinger (ppossinger@proskauer.com)
       William Dalsen (wdalsen@proskauer.com)
       Geoffrey S. Stewart (gstewart@jonesday.com)
       Bruce Bennett (bbennett@jonesday.com)
       Benjamin Rosenblum (brosenblum@jonesday.com)

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

March 7, 2019
Page 2


Matthew E. Papez (mpapez@jonesday.com)
Isel M. Perez (iperez@jonesday.com)
Alfredo Fernandez-Martinez (afernandez@delgadofernandez.com)
John C. Cunningham (jcunningham@whitecase.com)
Jason N. Zakia (jzakia@whitecase.com)
Cheryl T. Sloane (csloane@whitecase.com)
Moneyede Martin  (mmartin@whitecase.com)
Alicia I. Lavergne-Ramirez (alavergne@sanpir.com)

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

District of Puerto Rico

| | |
|---|---|
| In re: Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, et al., and as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, Debtors. <br> *Plaintiff* <br> v. <br> *Defendant* | ) ) ) ) ) ) ) ) ) |

Civil Action No.   17-bk-3283; 17-bk-3566

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         The Financial Oversight and Management Board for Puerto Rico

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place:  DELGADO & FERNANDEZ, LLC <br> 1001 San Roberto Street, Moncillos Ward <br> San Juan, Puerto Rico | Date and Time: <br><br> 03/13/2019 9:30 am |
|---|---|

The deposition will be recorded by this method:     Videotape and stenographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/07/2019

                    *CLERK OF COURT*
                                                              OR

_____                    _____
  *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Movants identified in Exhibit B
_____ , who issues or requests this subpoena, are:

Sparkle L. Sooknanan, 51 Louisiana Ave NW, Washington DC 20001, ssooknanan@jonesday.com, 1.202.879.3435

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## Specification Of Matters For Testimony By
## The Financial Oversight And Management Board For Puerto Rico

Pursuant to F.R.Civ.P. 30(b)(6) and subject to the following Definitions of this Exhibit A, it is your duty to produce one or more witnesses to testify on your behalf about the following matters:

1.     The value of the property subject to the ERS Bondholders' Security Interest at any time, or any Analysis thereof, including without limitation on the following dates:

       (a)     May 21, 2017,
       (b)     June 30, 2017,
       (c)     August 23, 2017, and
       (d)     today.

2.     The dissolution of ERS, including the sale, liquidation, transfer, depletion, or dissipation of ERS's assets.

3.     The background, drafting, preparation, enactment, passage, approval, implementation or effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

4.     The background, drafting, preparation, enactment, passage, approval or implementation of Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

5.     The implementation of the Pay-Go for the Commonwealth's retirement systems, including (a) the amount of Pay-Go Fees collected and (b) the source of Pay-Go Fees collected.

6.     Communications from January 1, 2016 to present Concerning the possible increase or decrease of Contributions.

7.     The Commonwealth's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

8.     ERS's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

## DEFINITIONS

1.     Movants incorporate by reference the definitions and rules of construction set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York.

2.      "Act 106-2017" is the legislation enacted by the Legislative Assembly of the Government of Puerto Rico on August 18, 2017, and signed by the Governor of Puerto Rico into law on August 23, 2017.

3.      "Analysis" means any analysis, breakdown, estimate, financial plan, forecast, model, opinion, prediction, projection, proposal, or review.

4.      "Commonwealth" means the Commonwealth of Puerto Rico and its affiliates, exclusive of any affiliates of the Commonwealth that are Non-Commonwealth Employers. For the avoidance of doubt, "Commonwealth" includes without limitation the Puerto Rico Legislature, Governor, and Department of Treasury.

5.      "Employers' Contributions" has the meaning ascribed to it in the ERS Bond Resolution.

6.      "ERS" means the Employees Retirement System of the Government of the Commonwealth of Puerto Rico.

7.      "ERS Bond Resolution" means the Pension Funding Bond Resolution adopted by the ERS on or about January 24, 2008, as amended or supplemented by Supplemental Resolutions.

8.      "ERS Bonds" means the debt issued by the ERS in 2008 pursuant to the ERS Bond Resolution.

9.      "ERS Bondholders" means persons or entities who are or have been the beneficial holders of ERS Bonds.

10.     "ERS Bondholders' Security Interest" means the administrative structures, arrangements, bond resolutions, collateral, contracts, covenants, filings, liens, payment mechanisms, regulations, security agreements, statutes, and UCC filings pursuant to which the ERS and the ERS Bondholders secured the performance of the ERS' obligations.

2

11.     "Including" shall be construed to mean "without limitation."

12.     "Joint Resolution 188" is the Joint Resolution of the Legislative Assembly of the Government of Puerto Rico, passed on June 25, 2017, and adopted by the FOMB on behalf of the Governor of Puerto Rico on June 30, 2017.

13.     "Pay-Go" means the arrangement, mechanism or system for the funding and payment or benefits created by the "Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants," Act 106-2017.

14.     "Pay-Go Fee" shall have the meaning ascribed to it in the "Law to Guarantee Payment to Our Pensioners and Establish a New Plan for Defined Contributions for Public Servants," Act 106-2017.

## Exhibit B

Andalusian Global Designated Activity Company
Glendon Opportunities Fund, L.P.
Mason Capital Master Fund, LP
Oaktree-Forrest Multi-Strategy, LLC (Series B)
Oaktree Opportunities Fund IX, L.P.
Oaktree Opportunities Fund IX (Parallel 2), L.P.
Oaktree Value Opportunities Fund, L.P.
Ocher Rose, L.L.C.
SV Credit, L.P.
Puerto Rico AAA Portfolio Bond Fund, Inc.
Puerto Rico AAA Portfolio Bond Fund II, Inc.
Puerto Rico AAA Portfolio Target Maturity Fund, Inc.
Puerto Rico Fixed Income Fund, Inc.
Puerto Rico Fixed Income Fund II, Inc.
Puerto Rico Fixed Income Fund III, Inc.
Puerto Rico Fixed Income Fund IV, Inc.
Puerto Rico Fixed Income Fund V, Inc.
Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc.
Puerto Rico Investors Bond Fund I
Puerto Rico Investors Tax-Free Fund, Inc.
Puerto Rico Investors Tax-Free Fund, Inc. II
Puerto Rico Investors Tax-Free Fund III, Inc.
Puerto Rico Investors Tax-Free Fund IV, Inc.
Puerto Rico Investors Tax-Free Fund V, Inc.
Puerto Rico Investors Tax-Free Fund VI, Inc.
Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc.
Tax-Free Puerto Rico Fund, Inc.
Tax-Free Puerto Rico Fund II, Inc.
Tax-Free Puerto Rico Target Maturity Fund, Inc.

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

_____

In re:                                             )
                                                   )
THE FINANCIAL OVERSIGHT AND                        )        PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                   )        Title III
                                                   )
                                                   )        Case No. 17-bk-03283 (LTS)
                                                   )
          as representative of                     )
                                                   )
                                                   )
                                                   )
THE COMMONWEALTH OF PUERTO RICO, *et al.*           )
                                                   )
                                                   )
          Debtor.                                  )
                                                   )
_____      )
                                               X
                                                   )
In re:                                             )
                                                   )
THE FINANCIAL OVERSIGHT AND                        )        PROMESA
MANAGEMENT BOARD FOR PUERTO RICO                   )        Title III
                                                   )
                                                   )
                                                   )        Case No. 17-cv-01685 (LTS)
          as representative of                     )        Case No. 17-bk-03566 (LTS)
                                                   )
                                                   )
THE EMPLOYEES RETIREMENT SYSTEM OF THE             )
GOVERNMENT OF THE COMMONWEALTH OF                  )
PUERTO RICO,                                       )
                                                   )
                                                   )
          Debtor.                                  )
                                                   )
_____      )
                                               X

**THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S
RESPONSES AND OBJECTIONS TO MOVANTS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and Federal Rules of Bankruptcy Procedure 7026, 7030(b)(6), 9014 and 9016, the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, or the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), by and through undersigned counsel, hereby responds and objects to Movants'[1] *Subpoena to Testify at a Deposition in a Civil Action* dated March 7, 2019 (the "Subpoena," and each individual deposition topic a "Topic"), as follows:

**PRELIMINARY STATEMENT**

The Oversight Board's response to the Subpoena is given without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Subpoena, to the extent it has not been objected to, as the Oversight Board understands and interprets the Subpoena. If Movants

---

[1] According to Exhibit B to the Subpoena, Movants are:  Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

subsequently assert an interpretation of the Subpoena that differs from that of the Oversight

Board's, the Oversight Board reserves the right to supplement its objections.  By making the

objections below, the Oversight Board does not waive and expressly reserves its right to make

additional objections in response to specific questions that may be asked during the deposition.

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Subpoena, and to each and every Topic, as

unduly burdensome to the extent that they do not seek information that is relevant or reasonably

calculated to lead to the discovery of admissible evidence relevant to Movants' *Motion of Certain*

*Secured Creditors of the Employees Retirement System of the Government of the Commonwealth*

*of Puerto Rico For Relief From the Automatic Stay* [Case No. 17-3283 Docket No. 3418; Case No.

17-3566 Docket No. 289] (the "Motion").  The Oversight Board therefore objects to the Subpoena,

and to each and every Topic, to the extent they request testimony on topics outside the scope of

the Motion.

2.      The Oversight Board objects to the Subpoena, and to each and every Topic, as

unintelligible and unduly burdensome to the extent that they seek testimony relating to events that

occurred before the Oversight Board was established and its members were appointed.

3.      The Oversight Board objects to the Subpoena to the extent it purports to require

any testimony on March 13, 2019 commencing at 9:30 a.m. in San Juan, Puerto Rico, as stated in

the Subpoena.  The Oversight Board is willing to meet and confer with Movants to discuss a

reasonable time and location for any testimony the Oversight Board may provide subject to its

objections herein.

4.      The Oversight Board objects to the Subpoena, and to each and every Topic, to the

extent that they purport to impose burdens on the Oversight Board that are inconsistent with, or

not otherwise authorized by, or seek to impose obligations that exceed those imposed by the

Governing Rules.  The Oversight Board further objects to the Subpoena to the extent it purports to incorporate by reference Local Rule 26.3 of the United States District Court for the Southern District of New York or any specific definitions or requirements therein, as such Local Rule 26.3 is not part of the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Subpoena and Topics in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5.     The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that the information sought is protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.

6.     The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

7.     The Oversight Board objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they request the Oversight Board to give testimony on topics that are beyond its knowledge.

8.     The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that they seek testimony about information that is confidential or proprietary in nature.

9.      The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these objections and responses, the Oversight Board does not admit any factual or legal premise in the Subpoena.

10.      The Oversight Board objects to the Subpoena, and to each and every Topic, as overbroad and unduly burdensome to the extent that they purport to require the Oversight Board to provide testimony concerning "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

11.      The Oversight Board objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.  The Oversight Board further objects to the Subpoena, and to each and every Topic, as unduly burdensome to the extent that they are duplicative of Movants' Notice of Deposition to ERS, Movants' Notice of Deposition to the Commonwealth of Puerto Rico, and Movants' subpoena for deposition testimony to AAFAF.  The Oversight Board further objects to the Subpoena in its entirety, and to each and every Topic, to the extent that Movants have not demonstrated a substantial need for testimony of the Oversight Board that cannot otherwise be obtained without undue hardship under Fed. R. Civ. P. 45(d)(3)(C).

12.      The Oversight Board objects to the Subpoena, and to each and every Topic, to the extent they seek information for an undefined or unstated period of time on the ground that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to any party's claims or defenses.

13.     The Oversight Board objects to the Subpoena, and to each and every Topic, as legally invalid and facially defective under Fed. R. Civ. P. 45 on the grounds they are not directed to the proper party.

14.     The Oversight Board objects to the Subpoena "Definitions" to the extent they purport to impose any obligation on the Oversight Board different or greater than those imposed by the Governing Rules.  The Oversight Board further objects to the definition of the term "ERS Bondholders' Security Interest" on the grounds that it is overly broad, vague, ambiguous, unintelligible, and states a disputed legal conclusion.  To the extent any term defined or used in the Subpoena is used in responding to the Subpoena, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

15.     The Oversight Board objects to the Subpoena in its entirety as there is no information that the Oversight Board can provide that is responsive to the narrow issues relevant to the Motion that is also (i) not duplicative of information that can be and is more easily provided by ERS, the Commonwealth, and/or AAFAF, and (ii) not protected under the Attorney-Client Privilege, the Attorney Work Product Doctrine, and the Executive and Deliberative Process Privileges.

16.     Based on the above General Objections, and in combination with the below Responses and Objections, FOMB will not designate a witness to testify in response to this Subpoena.

17.     The above General Objections are incorporated into each of the following specific Objections and Responses.

## RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**DEPOSITION TOPIC NO. 1:**

The value of the property subject to the ERS Bondholders' Security Interests at any time, or any Analysis thereof, including without limitation on the following dates:

(a) May 21, 2017,
(b) June 30, 2017,
(c) August 23, 2017, and
(d) today.

**RESPONSE TO DEPOSITION TOPIC NO. 1:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 2:**

The dissolution of ERS, including the sale, liquidation, transfer, depletion, or dissipation of ERS's assets.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the

extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege,

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common

Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  The Oversight Board further objects to this Topic to the extent that

it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to

this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are

outside the scope of the Motion.  The Oversight Board further objects to this Topic on the ground

that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth,

and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic

is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 3:**

The background, drafting, preparation, enactment, passage, approval, implementation or
effect of Joint Resolution 188, including any Analysis of Joint Resolution 188's effect upon (a)
Contributions, (b) the Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the

extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege,

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common

Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  The Oversight Board further objects to this Topic to the extent that

it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to

this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are

outside the scope of the Motion.  The Oversight Board further objects to this Request on the

grounds that the inclusion of the terms "background," "preparation," "approval," and

"implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board

further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants

seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this

Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 4:**

The background, drafting, preparation, enactment, passage, approval or implementation of
Act 106-2017, including any Analysis of Act 106-2017's effect upon (a) Contributions, (b) the
Pledged Property, or (c) the ERS Bondholders' Security Interest.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the

extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege,

Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common

Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  The Oversight Board further objects to this Topic to the extent that

it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to

this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are

outside the scope of the Motion.  The Oversight Board further objects to this Request on the

grounds that the inclusion of the terms "background," "preparation," "approval," and

"implementation" render this Request overly broad, vague, and ambiguous.  The Oversight Board

further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants

seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this

Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 5:**

The implementation of the Pay-Go for the Commonwealth's retirement systems, including (a) the amount of Pay-Go Fees collected and (b) the source of Pay-Go Fees collected.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion. The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF. The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 6:**

Communications from January 1, 2016 to present concerning the possible increase or decrease of Contributions.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.  The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to this Topic on the ground that it is overbroad to the extent it seeks testimony on topics that are outside the scope of the Motion.  The Oversight Board further objects to this Topic on the grounds it seeks testimony relating to events that occurred before its members were appointed on August 31, 2016.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic to the extent it seeks "all" "Communications" on the grounds the Topic is unduly burdensome.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

## DEPOSITION TOPIC NO. 7:

The Commonwealth's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

## RESPONSE TO DEPOSITION TOPIC NO. 7:

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony.  The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF.  The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

**DEPOSITION TOPIC NO. 8:**

ERS's Responses and Objections to Movants' Requests for Production of Documents, dated March 6, 2019.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

In addition to its General Objections, the Oversight Board objects to Topic No. 1 to the extent it seeks testimony that is protected from disclosure by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic to the extent that it calls for legal conclusions rather than factual testimony. The Oversight Board further objects to this Topic on the ground that it seeks testimony duplicative of testimony Movants seek from ERS, the Commonwealth, and/or AAFAF. The Oversight Board further objects to this Topic on the ground that this Topic is improperly directed at the Oversight Board.

The Oversight Board will not designate a witness to testify on this Topic.

Dated:  March 17, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 17, 2019, I caused a copy of the foregoing *The Financial Oversight and Management Board's Responses and Objections to Movants' Subpoena to Testify at a Deposition in a Civil Action* to be sent by email to the individuals listed below.

/s/ Margaret A. Dale
Margaret A. Dale

Bruce Bennett
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart
Beth Heifetz
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com

John K. Cunningham
Glenn M. Kurtz
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036

Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia
Cheryl T. Sloane
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

Jose C. Sanchez-Castro
Alicia I. Lavergne-Ramirez
Maraliz Vazquez-Marrero
SANCHEZ CASTRO PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

# EXHIBIT E

| | |
|---|---|
| **From:** | Dalsen, William D. <wdalsen@proskauer.com> |
| **Sent:** | Tuesday, March 19, 2019 6:17 PM |
| **To:** | Papez, Matthew E.; Sooknanan, Sparkle L.; csloane@whitecase.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede; alavergne@sanpir.com; Dale, Margaret A.; Mazurek, Carl A.; Vora, Hena M.; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; Sushon, Bill; McKeen (External), Elizabeth; Neve, Brett M.; 'Bassett, Nicholas'; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com |
| **Subject:** | ERS - Meet/Confer |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Matt –

Following up on our call yesterday:

1.  We need to know Movants' position concerning Interrogatory Nos. 5, 6, 8, and 9.  As I noted on our call yesterday, to the extent Movants claim to have an interest in PayGo (including as collateral or Pledged Property), and have information concerning its value, any diminution, and the cause of any such diminution, that information is within the scope of the Interrogatories.  As such:

    a.  Are Movants withholding any information responsive to the Interrogatories, including information concerning any claimed interest in PayGo?

    b.  Will Movants provide supplemental responses to the Interrogatories, including, in particular, to Interrogatory No. 9 that asks Movants to identify, with specificity, the cause of any alleged diminution, including diminution of value arising from any claimed interest in PayGo?

    c.  While we expect Movants to update their responses and objections in a timely fashion pursuant to Rule 26(e), we need a fulsome response with the information Movants have today.  I reiterate that it seems inconceivable Movants have no idea of their collateral, its value, or any claimed diminution, and no more specifics concerning the cause of any alleged diminution, given the motion's premise that Movants have in fact suffered diminution.

2.  As to Movants' objections to the Rule 30(b)(6) notices, I will respond separately to Sparkle's and Cheryl's emails.

3.  The Oversight Board stands on its responses and objections to Movants' subpoenas.  As I noted on our call, it would be helpful if Movants can explain why the information they seek connects to the elements of a motion for adequate protection.

4.  To confirm, Movants will produce documents concerning diligence performed in connection with their purchase of ERS bonds in addition to diligence in connection with the issuance of ERS bonds in response to Request for Production No. 4.

5. The Commonwealth and ERS will be serving objections and responses to the Rule 30(b)(6) notices served upon them.

6. I will follow up with Geoff separately concerning our discussion yesterday about whether Movants intend to offer expert testimony.

Thank you.

--Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

**********************************************************************************
**********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**********************************************************************************
**********************************************************

# EXHIBIT F

| | |
|---|---|
| **From:** | Dalsen, William D. <wdalsen@proskauer.com> |
| **Sent:** | Thursday, April 4, 2019 3:40 PM |
| **To:** | Sooknanan, Sparkle L.; Sushon, Bill; Bassett, Nicholas; mpocha@omm.com |
| **Cc:** | Stewart, Geoffrey S.; Bennett, Bruce S.; Rosenblum, Benjamin; Perez, Isel M.; Papez, Matthew E.; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede; alavergne@sanpir.com; Dale, Margaret A.; Mazurek, Carl A.; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; McKeen (External), Elizabeth; Neve, Brett M.; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com; mpocha@omm.com; csloane@whitecase.com; csloane@whitecase.com |
| **Subject:** | RE: Agenda for April 1 Hearing: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 (LTS) |

Sparkle –

We will agree to review documents that hit on the same agreed-upon search terms reached with the Commonwealth and ERS (as modified to address the proximity-limiter issue described below) across all Board members as custodians, de-duplicated across those custodians to review unique direct hits.

As to the deposition, we are willing to continue our discussion concerning the deposition subpoena to the Oversight Board.  In view of Judge Dein's remarks at the hearing suggesting Movants should depose the Commonwealth and ERS in the first instance to identify what information, if any, the Oversight Board has "separate and apart" from the Commonwealth and ERS, we believe that continued discussions are necessary and warranted.  To be clear, we are not refusing to produce a witness in response to the subpoena, and we are expressly agreeing to continue discussing this matter with Movants.

Thank you.

--Will


**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>
**Sent:** Wednesday, April 3, 2019 4:53 PM
**To:** Dalsen, William D. <wdalsen@proskauer.com>; Sushon, Bill <wsushon@omm.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; mpocha@omm.com

**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; Papez, Matthew E. <mpapez@jonesday.com>; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede <moneyede.martin@whitecase.com>; alavergne@sanpir.com; Dale, Margaret A. <mdale@proskauer.com>; Mazurek, Carl A. <cmazurek@proskauer.com>; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Possinger, Paul V. <ppossinger@proskauer.com>; pfriedman@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; Neve, Brett M. <bneve@omm.com>; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com; mpocha@omm.com; csloane@whitecase.com; csloane@whitecase.com

**Subject:** RE: Agenda for April 1 Hearing: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 (LTS)

Will,

Thank you for sending these proposed search parameters.

1.  **Custodians:** All Board members should be included as custodians, though you can de-duplicate across custodians to review unique documents only. In addition, to further ease the burden, we do not object to you de-duplicating documents against the Commonwealth, ERS, or AAFAF custodians.

2.  **Date Range:** Judge Dein's order on the date range was without prejudice to the Bondholders moving for an earlier start date if document productions reveal that an earlier date is warranted. We understand from public documents that the Oversight Board began discussing pension reforms as early as October or November 2016, so we anticipate that there will be responsive documents earlier than January 1, 2017. Further, since the Board was not affected by the change in administration, the accessibility point made by the Commonwealth, ERS, and AAFAF is not relevant. Thus, although we agree that you should begin reviewing documents with a January 1, 2017 start date, we are specifically reserving our ability to request that you go back further in time.

3.  **Search Terms:** As we indicated at the hearing, we agree to the same search terms for the Board. The modification you noted below is not an issue.

We are happy to discuss this further. In addition, please let us know if the Oversight Board will designate a witness with respect to our deposition subpoena since we also need to provide the Court with an update on that issue on Friday.

Thanks,
Sparkle

--------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

---

**From:** Dalsen, William D. <wdalsen@proskauer.com>
**Sent:** Wednesday, April 3, 2019 1:39 PM
**To:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>; Papez, Matthew E. <mpapez@jonesday.com>; Sushon, Bill <wsushon@omm.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; mpocha@omm.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede <moneyede.martin@whitecase.com>;

alavergne@sanpir.com; Dale, Margaret A. <mdale@proskauer.com>; Mazurek, Carl A. <cmazurek@proskauer.com>; brosen@proskauer.com; JLevitan@proskauer.com; ppossinger@proskauer.com; pfriedman@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; Neve, Brett M. <bneve@omm.com>; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com; mpocha@omm.com; csloane@whitecase.com; csloane@whitecase.com

**Subject:** RE: Agenda for April 1 Hearing: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 (LTS)

Sparkle –

In view of the hearing before Judge Dein on Monday, here are the search parameters we are willing to run for the Oversight Board:

1. <u>Custodians</u>:  Carlos Garcia, Natalie Jaresko, Ana Matasantos, and Andrew Biggs.

2. <u>Date Range</u>:  January 1, 2017 to October 1, 2017.

    a. This is the same date range Movants and the Commonwealth/ERS have agreed to run, with the start date set by Judge Dein.

3. <u>Search Terms</u>:

    a. ("Pay-Go" OR "pay-as-you-go" OR (pay w/1 go) OR "Law 106" OR "Act 106" OR "Joint Resolution 188" OR "SB 603" OR ERS or "employees retirement system" OR legislation OR legislature OR statute) w/50 ((employer* w/2 contribut*) OR bond* OR "security interest" OR pledge* OR collateral)

        i. This is the same search Movants and the Commonwealth/ERS have agreed to.

        ii. Due to software limitations with multiple proximity limiters, we are breaking that search into two:

            1. ("Pay-Go" OR "pay-as-you-go" OR "Law 106" OR "Act 106" OR "Joint Resolution 188" OR "SB 603" OR ERS or "employees retirement system" OR legislation OR legislature OR statute) w/50 ((employer* w/2 contribut*) OR bond* OR "security interest" OR pledge* OR collateral)

            2. (pay w/1 go) AND ((employer* w/2 contribut*) OR bond* OR "security interest" OR pledge* OR collateral)

    b. ("employees retirement system" OR ERS*) AND (analy* OR breakdown* OR estimate* OR "financial plan*" OR forecast* OR model* OR opinion* OR predict* OR propos* OR review*) w/25 valu*

    c. ("employees retirement system" OR ERS*) AND (decreas* OR dimin*) w/2 valu*

We are starting our review using these parameters promptly given the schedule in this matter.

Thank you.

--Will

**William D. Dalsen**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9429
f  617.526.9899
wdalsen@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Sooknanan, Sparkle L. <ssooknanan@jonesday.com>
**Sent:** Tuesday, April 2, 2019 1:05 PM
**To:** Dalsen, William D. <wdalsen@proskauer.com>; Papez, Matthew E. <mpapez@jonesday.com>; Sushon, Bill <wsushon@omm.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; mpocha@omm.com
**Cc:** Stewart, Geoffrey S. <gstewart@JonesDay.com>; Bennett, Bruce S. <bbennett@jonesday.com>; Rosenblum, Benjamin <brosenblum@JonesDay.com>; Perez, Isel M. <iperez@jonesday.com>; afernandez@delgadofernandez.com; jcunningham@whitecase.com; jzakia@whitecase.com; Martin, Moneyede <moneyede.martin@whitecase.com>; alavergne@sanpir.com; Dale, Margaret A. <mdale@proskauer.com>; Mazurek, Carl A. <cmazurek@proskauer.com>; Rosen, Brian S. <brosen@proskauer.com>; Levitan, Jeffrey W. <JLevitan@proskauer.com>; Possinger, Paul V. <ppossinger@proskauer.com>; pfriedman@omm.com; McKeen (External), Elizabeth <emckeen@omm.com>; Neve, Brett M. <bneve@omm.com>; alexbongartz@paulhastings.com; lucdespins@paulhastings.com; csteege@jenner.com; mpocha@omm.com; csloane@whitecase.com; csloane@whitecase.com
**Subject:** RE: Agenda for April 1 Hearing: In re Commonwealth of Puerto Rico, et al., Case No. 17-3283 (LTS) // In re Employees Retirement System of Gov't of Commonwealth of Puerto Rico, Case No. 17-3566 (LTS)

Will,

Our joint status report on the document and deposition subpoenas served to the Oversight Board is due on Friday. At yesterday's hearing, you indicated that your initial searches for the Oversight Board returned approximately 6,000 direct hits. Please send us the search parameters you used, including search terms, custodians, and date range, so we may consider them.

Thank you,
Sparkle

-------------------
Sparkle L. Sooknanan
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave, NW
Washington, DC  20001
Office +1.202.879.3435

# EXHIBIT G

**Produced Natively**

Confidential

```xml
<?xml version="1.0" encoding="UTF-8" standalone="yes"?><root reqver="23045"><version val="24173"/>
<CSmartGrid id="1"><m_setpartgrdlnpairConstraint/><m_veclineshape length="0"/><m_setguidGridlines/>
<m_containerse idref="2"/><m_cgenconn/><m_sltbsc idref="3"/><m_nPpVersion val="4222124965954536"/>
<m_athmcolThemeColorTable><elem type="2" r="55" g="56" b="5A"/><elem type="2" r="FF" g="FF" b="FF"/>
<elem type="2" r="FF" g="FF" b="FF"/><elem type="2" r="FF" g="FF" b="FF"/><elem type="2" r="15"
g="54" b="A5"/><elem type="2" r="59" g="59" b="59"/><elem type="2" r="9A" g="98" b="7E"/><elem
type="2" r="15" g="54" b="A5"/><elem type="2" r="C6" g="C5" b="B7"/><elem type="2" r="80" g="80"
b="80"/><elem type="2" r="00" g="00" b="FF"/><elem type="2" r="80" g="00" b="80"/><elem type="1"
val="1"/><elem type="1" val="2"/><elem type="1" val="3"/><elem type="1" val="4"/>
</m_athmcolThemeColorTable><m_bDividerPage val="0"/><m_cadvisesink/></CSmartGrid><CSLTBSizeCalculator
id="3"><m_econsstate val="0"/><m_bPlaced val="0"/></CSLTBSizeCalculator><CContainerSE id="2">
<m_agrdlnanchor><elem idref="4"/><elem idref="5"/><elem idref="6"/><elem idref="7"/></m_agrdlnanchor>
<m_cse length="0"/></CContainerSE><CContainerSEGridlineAnchor id="7"><m_grdlnBinding idref="8"/>
</CContainerSEGridlineAnchor><CGridline id="8"><m_bFixed val="0"/><m_eorient val="1"/><m_ecompatfixed
val="2"/><m_gveps><m_gvValue val="4.320000000000000E+003"/></m_gveps></CGridline>
<CContainerSEGridlineAnchor id="6"><m_grdlnBinding idref="9"/></CContainerSEGridlineAnchor><CGridline
id="9"><m_bFixed val="0"/><m_eorient val="0"/><m_ecompatfixed val="2"/><m_gveps><m_gvValue
val="5.760000000000000E+003"/></m_gveps></CGridline><CContainerSEGridlineAnchor id="5">
<m_grdlnBinding idref="10"/></CContainerSEGridlineAnchor><CGridline id="10"><m_bFixed val="0"/>
<m_eorient val="1"/><m_ecompatfixed val="2"/><m_gveps><m_gvValue val="0.000000000000000E+000"/>
</m_gveps></CGridline><CContainerSEGridlineAnchor id="4"><m_grdlnBinding idref="11"/>
</CContainerSEGridlineAnchor><CGridline id="11"><m_bFixed val="0"/><m_eorient val="0"/>
<m_ecompatfixed val="2"/><m_gveps><m_gvValue val="0.000000000000000E+000"/></m_gveps>
</CGridline></root>
```

# EXHIBIT H

**Produced Natively**

Confidential



# EXHIBIT I

DRAFT

**PUERTO RICO GOVERNMENT EMPLOYEES RETIREMENT SYSTEM**

**June 30, 2016 Actuarial Valuation Report**

# Redacted for Privilege

This report was prepared solely to provide assistance to PRGERS.  Milliman and PRGERS do not intend to benefit and assume no duty or liability to other parties who receive this report.  Milliman and PRGERS recommend that any third party recipient of this report be aided by its own actuary or other qualified professional when reviewing the Milliman report.  Any distribution of this report should be made in its entirety.

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008391

# PUERTO RICO GOVERNMENT EMPLOYEES RETIREMENT SYSTEM

## SECTION I – SUMMARY

### A. Summary of Principal Results of June 30, 2016 Actuarial Valuation

#### GASB 67 Accounting ($ amounts in thousands)

|  | June 30, 2015 Valuation | June 30, 2016 Valuation |
|---|---|---|
| Total Pension Liability[1] |  |  |
|     Basic System Benefits | $29,788,489 | $33,266,983 |
|     System Administered Benefits | 2,880,673 | 3,165,890 |
|     Total | 32,669,162 | 36,432,873 |
| Net Fiduciary Position | (578,633) | (1,171,830) |
| Net Pension Liability | 33,247,795 | 37,604,703 |

#### GASB 45 Accounting ($ amounts in thousands)

|  | June 30, 2015 Valuation | June 30, 2016 Valuation |
|---|---|---|
| Actuarial Accrued Liability [1] | $1,428,788 | $1,349,503 |
| Actuarial Value of Assets | 0 | 0 |
| Unfunded Actuarial Accrued Liability | 1,428,788 | 1,349,503 |
| Employer Normal Cost | 0 | 0 |
|     as a percent of payroll | 0.00% | 0.00% |
| Annual Required Contribution |  |  |
|     for upcoming fiscal year | 107,739 | 105,859 |
|     as a percent of payroll | 3.25% | 3.17% |

[1] A discussion of the benefits included in the Total Pension Liability and Actuarial Accrued Liability begins on page 3 of this section.

This report was prepared solely to provide assistance to PRGERS. Milliman and PRGERS do not intend to benefit and assume no duty or liability to other parties who receive this report. Milliman and PRGERS recommend that any third party recipient of this report be aided by its own actuary or other qualified professional when reviewing the Milliman report. Any distribution of this report should be made in its entirety.

Confidential

FOMB_ERS_00008392

# PUERTO RICO GOVERNMENT EMPLOYEES RETIREMENT SYSTEM

## SECTION I – SUMMARY

|  | July 1, 2014 Census Data Collection | July 1, 2015 Census Data Collection |
|---|---|---|
| ***Participant Data*** | | |
| Active Members | | |
| Number | 119,790 | 119,679 |
| Average Salary | $27,709 | $27,945 |
| Total Annual Salary | $3,319,280,000 | $3,344,382,000 |
| Retirees | | |
| Number | 97,056 | 94,979 |
| Average Monthly Basic System Benefit | $1,092 | $1,096 |
| Average Monthly System Administered Benefit | $68 | $66 |
| Disabled Members | | |
| Number | 15,820 | 15,444 |
| Average Monthly Basic System Benefit | $490 | $503 |
| Average Monthly System Administered Benefit | $124 | $121 |
| Beneficiaries | | |
| Number | 13,866 | 14,670 |
| Average Monthly Basic System Benefit | $307 | $386 |
| Average Monthly System Administered Benefit | $79 | $55 |

Basic System Benefit and System Administered Benefit amounts shown above are for pension benefits, including minimum benefits and COLAs, and excludes benefits payable at a later date to Law 70 Section 4B retirees.  Special Law "bonus" benefits are not reflected.

This report was prepared solely to provide assistance to PRGERS.  Milliman and PRGERS do not intend to benefit and assume no duty or liability to other parties who receive this report.  Milliman and PRGERS recommend that any third party recipient of this report be aided by its own actuary or other qualified professional when reviewing the Milliman report.  Any distribution of this report should be made in its entirety.

Confidential

FOMB_ERS_00008393

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008397

# Redacted for Privilege

FOMB_ERS_00008398

# Redacted for Privilege

FOMB_ERS_00008399

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008401

# Redacted for Privilege

FOMB_ERS_00008402

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008405

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

**PUERTO RICO GOVERNMENT EMPLOYEES RETIREMENT SYSTEM**

### SECTION II - SYSTEM ASSETS

**A. Statement of Fiduciary Net Position**

|  | June 30, 2015 | June 30, 2016 |
|---|---|---|
| **Assets** | | |
| Cash and cash equivalents | 366,389,000 | 672,924,000 |
| | | |
| Receivables and prepaid expenses: | | |
| Accounts receivable | 398,082,000 | 345,528,000 |
| Prepaid bond cost | 0 | 0 |
| Total receivables | 398,082,000 | 345,528,000 |
| | | |
| Investments: | | |
| Bonds and notes | 764,445,000 | 353,684,000 |
| Stocks | 409,001,000 | 219,585,000 |
| Total loans to plan members | 607,617,000 | 597,444,000 |
| Alternative investment | 54,027,000 | 50,554,000 |
| COFINA investment | 89,139,000 | 93,484,000 |
| Other assets | 784,000 | 754,000 |
| Total investments | 1,925,013,000 | 1,315,505,000 |
| | | |
| Invested securities lending cash collateral | 80,071,000 | 19,754,000 |
| | | |
| Capital assets | 10,522,000 | 9,727,000 |
| | | |
| Total assets | 2,780,077,000 | 2,363,438,000 |
| | | |
| **Liabilities** | | |
| Bonds payable | 3,119,325,000 | 3,148,996,000 |
| Securities lending cash collateral | 80,071,000 | 19,754,000 |
| Other liabilities | 159,314,000 | 366,518,000 |
| Total liabilities | 3,358,710,000 | 3,535,268,000 |
| | | |
| **Net position restricted for pensions** | (578,633,000) | (1,171,830,000) |

This report was prepared solely to provide assistance to PRGERS.  Milliman and PRGERS do not intend to benefit and assume no duty or liability to other parties who receive this report.  Milliman and PRGERS recommend that any third party recipient of this report be aided by its own actuary or qualified professional when reviewing the Milliman report.  Any distribution of this report should be made in its entirety.

Confidential

FOMB_ERS_00008408

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008414

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008417

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008419

# Redacted for Privilege

FOMB_ERS_00008420

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

**Redacted for Privilege**

Confidential

FOMB_ERS_00008427

# Redacted for Privilege

FOMB_ERS_00008428

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008430

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008435

# Redacted for Privilege

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008438

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

# Redacted for Privilege

FOMB_ERS_00008450

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

FOMB_ERS_00008453

# Redacted for Privilege

FOMB_ERS_00008454

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential

# Redacted for Privilege

Confidential