# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>as co-trustees of | Adv. Proc. No. _____ |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK- 3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("ERS") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF PUERTO RICO,

     Plaintiffs[2],

v.

AFCG Inc. d/b/a Arroyo-Flores Consulting Group,
Inc.,

     Defendant.

_____

### ADVERSARY COMPLAINT TO AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFERS AND PREFERENCES AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548, AND 550 AND PUERTO RICO LAW

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1) made applicable to these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170) ("PROMESA"), and the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico,* ECF No. 6990, (i) the Special Claims Committee (the "Special Claims Committee") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its members, as representative of the Employees Retirement System of Puerto Rico (the "ERS"), and (ii) the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the

---

[2] The members of the Special Claims Committee, on the one hand, and the Official Committee of Unsecured Creditors, on the other hand, serve as co-trustees and co-plaintiffs in the prosecution of certain adversary proceedings as described in that certain Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of The Commonwealth of Puerto Rico, Case No. 17-BK-3283 (LTS), ECF No. 6990, which is referenced herein to the extent necessary and appropriate.

"Committee," together with the Special Claims Committee, the "Plaintiffs"), by and through their respective undersigned counsel, allege on actual knowledge as to its own status and actions and upon information and belief as to all other matters as follows:

## NATURE OF PROCEEDING[3]

1.      Plaintiffs bring this action and similar actions to avoid and recover transfers ERS made to certain individuals and entities during a specified timeframe prior to the Petition Date on the grounds that, among other things, such transfers were constructively fraudulent or preferential under the Bankruptcy Code and Puerto Rico law.

2.      For at least the last eight years, ERS has been on the path to a financial crisis. ERS has been chronically unfunded for years prior to the Petition Date, with a declining funding ratio.

3.      As early as 2012, it was projected that ERS's net assets would be exhausted by fiscal year 2014 if ERS did not take measures to reduce the unfunded actuarial accrued liability. Ultimately ERS fell into default on its debts.

4.      Against this historically dire economic landscape, the Plaintiffs seek to avoid and recover transfers ERS made during its time of crisis in accordance with PROMESA, the Bankruptcy Code, and Puerto Rico law.

## PARTIES

5.      Co-Plaintiff the Oversight Board was established by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") to help Puerto Rico "achieve fiscal responsibility and access to the capital markets." PROMESA § 101(a).  PROMESA grants extensive authority to the Oversight Board, including the powers of a trustee under title 11 of the

---

[3]    Capitalized terms in this section have the meaning ascribed to them below.

United States Code as incorporated into PROMESA (the "<u>Bankruptcy Code</u>").  PROMESA §§ 301, 315.

6.     Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors, other than COFINA.  The Committee was appointed by the United States Trustee on June 15, 2017.

7.     Defendant AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. is an entity or individual with a principal place of business and/or registered office or domiciled at c/o Arroyo-Flores Consulting Group, Inc., P.O. Box 3040 PMB #81, Gurabo, PR  00778.

## JURISDICTION AND VENUE

8.     This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105(a), 502,[4] 544, 547, 548 and 550 of the Bankruptcy Code and Puerto Rico law to avoid transfers and recover funds for ERS.

9.     This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to section 306(a) of PROMESA.  48 U.S.C. § 2166(a).

10.     Venue is proper in this district pursuant to section 307(a) of PROMESA. 48 U.S.C. § 2167(a).

## FACTUAL BACKGROUND

11.     On May 21, 2017 (the "<u>Petition Date</u>"), the Oversight Board initiated a Title III debt adjustment proceeding on behalf of ERS.

---

[4]   To the extent that the Defendant has filed a proof of claim or has a claim listed on ERS's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Commonwealth or ERS's Title III estate, (collectively, the "<u>Claims</u>"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiffs' right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. § 502(a) through (j) ("<u>Section 502</u>"), and such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Plaintiffs herein as further stated below.

12.     During the 90 days before the Petition Date (the "Preference Period"), ERS made certain transfers of interests in ERS's property, in the form of cash or other funds, to or for the benefit of the Defendant in the aggregate amount of $335,080.00 ("90-Day Transfers"). Attached hereto as Exhibit A is a detailed listing of the 90-Day Transfers.

13.     ERS's 90-Day Transfers to Defendant deviate from ERS's historical payment patterns to Defendant in the timeframe preceding the 90-Day Transfers.

14.     During the four years prior to the Petition Date (the "Paulian Fraudulent Transfer Period"), ERS made payments to Defendant AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. in the aggregate amount of $3,196,848.00 ("4-Year Transfer(s)").  Certain of these payments (if any, the "2-Year Transfer(s)" and, together with the 4-Year Transfer(s), the "Transfers") may have occurred during the two years prior to the Petition Date (the "Code Fraudulent Transfer Period").  Attached hereto as Exhibit A is a detailed listing of the Transfers.

15.     At the time of the Transfers, ERS was generally not paying its debts as they became due.

16.     ERS's books and records, from no later than 2011 and continuing to the present, demonstrate a deterioration of net surplus to a net deficit.

17.     By 2015, ERS's unrestricted net surplus changed to a deficit, meaning that the value of its liabilities exceeded the value of assets, and thus also at the time of the Transfers.

18.     No later than 2011, ERS knew with reasonable certainty that, sometime in the near future, it would be unable to pay its debts as they came due.

19.     ERS was not paying its debts as they came due during the Preference Period.

20.     Beginning not later than 2012, commentators observed that Puerto Rico's debt service requirements were not sustainable, and not later than June of 2015 the Governor of Puerto Rico admitted this was the case.

21.     During the course of this proceeding, the Plaintiffs may learn (through discovery or otherwise) of additional avoidable transfers made to the Defendant during the Paulian Fraudulent Transfer Period.  Plaintiffs intend to avoid and recover all transfers of an interest in ERS's property made to or for the benefit of the Defendant or any other transferee.  The Plaintiffs reserve their rights to amend this original Complaint to include, without limitation: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including but not limited to causes of action under 11 U.S.C. §§ 542, 544, 545, 548, and/or 549) (collectively, the "Amendments"), that may become known to the Plaintiffs at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT I
**(Return of Unlawful Disbursements Pursuant to
2 L.P.R.A. § 97, 3 L.P.R.A. § 283h)**

22.     Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

23.     While ERS's books and records contain contracts with AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc., the contracts do not correspond to the Transfers.  ERS thus made the Transfers in the absence of a contract and in excess of the value of Defendant's goods and/or services.

6

24.     The Office of the Controller does not have an executed copy of a contract between ERS and Defendant corresponding to the Transfers as necessary to evidence the propriety of the Transfers.  *See* 2 L.P.R.A. § 297.

25.     ERS and Defendant did not have a contract that was reduced to writing to evidence the propriety of the Transfers.  *See Ocasio v. Alcalde Mun. de Maunabo*, R-84-356, 1988 WL 580831 (P.R. Apr. 19, 1988).

26.     The Transfers were disbursements of public funds not authorized by law.  2 L.P.R.A. § 97; 3 L.P.R.A. § 283h(a); *see also, e.g.*, 3 L.P.R.A. §§ 2301-05, 8613 (requiring documentation of contracts with ERS).

27.     The Transfers, being public monies disbursed unlawfully, may be recovered.  *See Mun. de Quebradillas v. Corp. de Salud de Lares*, 180 D.P.R. 1003, 1015-16 (2011) (citing similar restrictions on municipal disbursements and noting that holding otherwise "would be leaving public funds in private hands that do not correspond to them" and citing "public policy of protecting the interests and money of the people against waste, prevarication, favoritism and the risks of non-compliance") (citing *Cancel v. Mun. de San Juan*, 101 D.P.R. 296, 300 (1973)).

28.     The Oversight Board is entitled to recover from the Defendant an amount of cash equal to the aggregate amount of the Transfers.

### <u>COUNT II</u>
### (Avoidance of Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))

29.     Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

30.     ERS received less than a reasonably equivalent value in exchange for the 2-Year Transfers because although ERS's books and records contain contracts with AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc., the contracts do not correspond to the Transfers.  ERS

thus made the Transfers in the absence of a contract and in excess of the value of Defendant's goods and/or services.

31.      ERS was insolvent on the date that the 2-Year Transfers were made.

32.      ERS intended to incur, or ERS believed that it would incur, debts that would be beyond ERS's ability to pay as such debts matured at all relevant times (including, without limitation, at the time of the 2-Year Transfers).

33.      The Transfers were fraudulent transfers that the Plaintiffs may avoid pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Rescission of Transfer Pursuant to 31 L.P.R.A. §§ 3491-3500 and 11 U.S.C. § 544(b))

34.      Plaintiffs repeat and re-allege each allegation contained the preceding paragraphs as if fully set forth herein.

35.      At the time of the Transfers, ERS was in a state of insolvency.

36.      Defendant knew or should have known that ERS was insolvent, in the vicinity of insolvency, or unable to satisfy its obligations as they became due.

37.      ERS's insolvency pre-supposes that its patrimony is insufficient to satisfy all the debts weighing upon it.

38.      Defendant knew or should have known that ERS's patrimony was insufficient to satisfy all the debts weighing upon it at the time of the Transfers.

39.       There was insufficient consideration for the Transfers because although ERS's books and records contain contracts with AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc., the contracts do not correspond to the Transfers.  ERS thus made the Transfers in the absence of a contract and in excess of the value of Defendant's goods and/or services.

40.     At the time of the Transfers, Defendant could not compel ERS to make the Transfers.

41.      Consequently, the Plaintiffs request that any alleged contracts be deemed null and void and that the Transfers made to Defendant be returned to the Oversight Board.

42.     Other than such remedy as may be afforded pursuant to Counts I and II hereof, the Oversight Board has no remedy other than that provided under 31 L.P.R.A. §§ 3491-3500.

## COUNT IV
### (Avoidance of Preference Period Transfer Pursuant to 11 U.S.C. § 547)

43.     The Plaintiffs repeats and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

44.     To the extent that ERS may have purported to enter into an agreement with Defendant to conduct business, and regardless of whether such agreement is properly reflected in ERS's books and records as related below, ERS made the 90-Day Transfers to Defendant following accrual of payment obligations under such purported agreement.

45.     The 90-Day Transfers were transfers of property, or an interest in property, of ERS.

46.     At all relevant times, the Defendant was a creditor of ERS, as defined by 11 U.S.C. § 101.

47.     The 90-Day Transfers were made by ERS to or for the benefit of the Defendant.

48.     The 90-Day Transfers were made within the Preference Period.

49.     The 90-Day Transfers were made for, or on account of, an antecedent debt or debts owed by ERS before the Transfers were made.

50.     The 90-Day Transfers were made while ERS was insolvent.

9

51.     To the extent that ERS's general unsecured creditors receive less than the full value of their allowed claims under a Title III plan of adjustment, as a result of the 90-Day Transfers, the Defendant received more than it would receive under a plan of adjustment.

52.     Moreover, as a result of the 90-Day Transfers, the Defendant received more than the Defendant would have received if: (i) ERS's Title III case provided for the liquidation of ERS; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts to the extent provided by the provisions of the Bankruptcy Code.

53.     In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547.

## COUNT V
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

54.     The Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

55.     Defendant was the initial transferee of the Transfers, the entity for whose benefit the transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

56.     Pursuant to 11 U.S.C. § 550(a), the Plaintiffs are entitled to recover from the Defendant the funds transferred, or are entitled to a judgment against Defendant in an amount equal to the aggregate amount of the Transfers.

## COUNT VI
### (Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))

57.     The Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

10

58.     The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

59.     The Defendant has not repaid the amount of the Transfers, or turned over such property to the Oversight Board, for which the Defendant is liable under 11 U.S.C. § 550.

60.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or its assignee against ERS (as defined in footnote 2 above) must be disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

61.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against ERS previously allowed by ERS, must be reconsidered and disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully requests that the Court enter judgment against the Defendant providing, to the extent not inconsistent:

A.     Any purported contract between ERS and the Defendant purporting or relating to which ERS made the Transfers is null and void pursuant to 2 L.P.R.A. § 97; and any funds disbursed in relation thereto were unlawfully transferred pursuant to, *inter alia*, 3 L.P.R.A. § 283h; and ERS is entitled to recover from the Defendant an amount equal to the aggregate amount of the Transfers.

B.     The 2-Year Transfers are avoidable under 11 U.S.C. § 548;

C.     The Transfers are avoidable under 11 U.S.C. § 544 and 31 L.P.R.A. § 3493;

D.     The 90-Day Transfers are avoidable under 11 U.S.C. § 547;

E.     The Transfers, to the extent avoided pursuant to 11 U.S.C. § 544, 547, and 548, may be recovered by the Oversight Board pursuant to 11 U.S.C. § 550;

F.     Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

G.     Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

H.     Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

I.     Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

J.     Requiring the Defendant to pay forthwith the judgment amount awarded in favor of the Oversight Board; and

K.     Granting to the Oversight Board such other and further relief as the Court deems just and proper.

Date:  May 17, 2019

/s/ Edward S. Weisfelner
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Alberto Estrella
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Juan J. Casillas Ayala
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors*

63400926 v2