# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3567 (LTS) |
| THE SPECIAL CLAIMS COMMITTEE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH ITS MEMBERS,<br><br>and | Adv. Proc. No. _____ |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, <br><br> as co-trustees respectively, of <br><br> THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, <br><br> Plaintiffs[2], <br><br> v. <br><br> ARIETA & SON ASSURANCE CORPORATION, <br><br> Defendant. | |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER CONSTRUCTIVE FRAUDULENT TRANSFERS AND PREFERENCES AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §§ 502, 544, 547, 548, AND 550 AND PUERTO RICO LAW**

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1) made applicable to these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170) ("PROMESA"), and the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico,* ECF No. 6990, (i) the Special Claims Committee (the "Special Claims Committee") of the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its members, as

---

[2] The members of the Special Claims Committee, on the one hand, and the Official Committee of Unsecured Creditors, on the other hand, serve as co-trustees and co-plaintiffs in the prosecution of certain adversary proceedings as described in that certain Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of The Commonwealth of Puerto Rico, Case No. 17-BK-3283 (LTS), ECF No. 6990, which is referenced herein to the extent necessary and appropriate.

2

representative of the Puerto Rico Highways and Transportation Authority (the "HTA"), and (ii) the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the "Committee," together with the Special Claims Committee, the "Plaintiffs"), by and through their respective undersigned counsel, allege on actual knowledge as to its own status and actions and upon information and belief as to all other matters as follows:

## NATURE OF PROCEEDING[3]

1. Plaintiffs bring this action and similar actions to avoid and recover transfers HTA made to certain individuals and entities during a specified timeframe prior to the Petition Date on the grounds that, among other things, such transfers were constructively fraudulent or preferential under the Bankruptcy Code and Puerto Rico law.

2. For at least the last eight years, HTA has been on the path to a financial crisis. HTA sustained itself on credit for years prior to the Petition Date, with no source of repayment, and ultimately fell into default on its debts.

3. Against this historically dire economic landscape, in accordance with PROMESA, the Bankruptcy Code, and Puerto Rico law, the Plaintiffs seek to avoid and recover transfers HTA made during its time of crisis.

## PARTIES

4. Co-Plaintiff the Oversight Board was established by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") to help Puerto Rico "achieve fiscal responsibility and access to the capital markets." PROMESA § 101(a). PROMESA grants extensive authority to the Oversight Board, including the powers of a trustee under title 11 of the

---

[3] Capitalized terms in this section have the meaning ascribed to them below.

3

United States Code as incorporated into PROMESA (the "Bankruptcy Code"). PROMESA §§ 301, 315.

5. Co-Plaintiff the Committee is the Official Committee of Unsecured Creditors of the Title III Debtors, other than COFINA. The Committee was appointed by the United States Trustee on June 15, 2017.

6. Defendant Arieta & Son Assurance Corporation is an entity or individual with a principal place of business and/or registered office or domiciled at 1304 Ave. Ponce de León, Suite 901, San Juan, PR 00918.

## JURISDICTION AND VENUE

7. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 105(a), 502,[4] 544, 547, 548 and 550 of the Bankruptcy Code and Puerto Rico law to avoid transfers and recover funds for HTA.

8. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to section 306(a) of PROMESA. 48 U.S.C. § 2166(a).

9. Venue is proper in this district pursuant to section 307(a) of PROMESA. 48 U.S.C. § 2167(a).

## FACTUAL BACKGROUND

10. On May 21, 2017 (the "Petition Date"), the Oversight Board initiated a Title III debt adjustment proceeding on behalf of HTA.

---

[4] To the extent that the Defendant has filed a proof of claim or has a claim listed on HTA's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Commonwealth or HTA's Title III estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiffs' right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by the Plaintiffs herein as further stated below.

11. During the 90 days before the Petition Date (the "Preference Period"), HTA made certain transfers of interests in HTA's property, in the form of cash or other funds, to or for the benefit of the Defendant in the aggregate amount of $1,105,623.30 ("90-Day Transfers"). Attached hereto as Exhibit A is a detailed listing of the 90-Day Transfers.

12. During the four years prior to the Petition Date (the "Paulian Fraudulent Transfer Period"), HTA made payments to Defendant Arieta & Son Assurance Corporation in the aggregate amount of $22,191,698.30 ("4-Year Transfer(s)"). Certain of these payments (if any, the "2-Year Transfer(s)" and, together with the 4-Year Transfer(s), the "Transfers") may have occurred during the two years prior to the Petition Date (the "Code Fraudulent Transfer Period"). Attached hereto as Exhibit A is a detailed listing of the Transfers.

13. At the time of the Transfers, HTA was generally not paying its debts as they became due.

14. HTA's books and records beginning at least as early as 2012 and continuing to the present, demonstrate that it has been defraying operating deficits and satisfying the needs for capital investments through lines of credit with the Government Development Bank ("GDB").

15. From and after 2012, HTA entered into lines of credit with the GDB with no source of repayment, thereby incurring obligations that were beyond its ability to repay as they became due.

16. At the time of the Transfers, HTA was unable to pay its debts as they became due.

17. At times since 2012, HTA has failed to generate sufficient funds to sustain its operations and failed to make required payments on debt obligations.

18. HTA was not paying its debts as they came due during the Preference Period.

19. HTA defaulted on certain debt obligations due to the GDB on June 30, 2015.

20. Beginning not later than 2012, commentators observed that Puerto Rico's debt service requirements were not sustainable, and not later than June of 2015, the Governor of Puerto Rico admitted this was the case.

21. HTA defaulted on debt starting in 2015 because it was unable to pay debts while delivering services at the level and quality required for the health, safety, and welfare of Puerto Rico.

22. During the course of this proceeding, the Plaintiffs may learn (through discovery or otherwise) of additional avoidable transfers made to the Defendant during the Paulian Fraudulent Transfer Period. Plaintiffs intend to avoid and recover all transfers of an interest in HTA's property made to or for the benefit of the Defendant or any other transferee. The Plaintiffs reserve their rights to amend this original Complaint to include, without limitation: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including but not limited to causes of action under 11 U.S.C. §§ 542, 544, 545, 548, and/or 549) (collectively, the "Amendments"), that may become known to the Plaintiffs at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Return of Unlawful Disbursements Pursuant to**
**2 L.P.R.A. § 97, 3 L.P.R.A. § 283h)**

23. Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

24. HTA's books and records maintained by the Office of the Controller do not contain any contract evidencing that HTA received value in exchange for the Transfers.

25. The Office of the Controller does not have an executed copy of a contract between HTA and Defendant corresponding to the Transfers as necessary to evidence the propriety of the Transfers. *See* 2 L.P.R.A. § 297.

26. HTA and Defendant did not have a contract that was reduced to writing to evidence the propriety of the Transfers. *See Ocasio v. Alcalde Mun. de Maunabo*, R-84-356, 1988 WL 580831 (P.R. Apr. 19, 1988).

27. The Transfers were disbursements of public funds not authorized by law. 2 L.P.R.A. § 97; 3 L.P.R.A. § 283h(a); *see also, e.g.*, 3 L.P.R.A. §§ 2301-05, 8613 (requiring documentation of contracts with HTA).

28. The Transfers, being public monies disbursed unlawfully, may be recovered. *See Mun. de Quebradillas v. Corp. de Salud de Lares*, 180 D.P.R. 1003, 1015-16 (2011) (citing similar restrictions on municipal disbursements and noting that holding otherwise "would be leaving public funds in private hands that do not correspond to them" and citing "public policy of protecting the interests and money of the people against waste, prevarication, favoritism and the risks of non-compliance") (citing *Cancel v. Mun. de San Juan*, 101 D.P.R. 296, 300 (1973)).

29. The Oversight Board is entitled to recover from the Defendant an amount of cash or funds equal to the aggregate amount of the Transfers.

## COUNT II
**(Avoidance of Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))**

30. Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

31. HTA received less than a reasonably equivalent value in exchange for the 2-Year Transfers because HTA's books and records maintained by the Office of the Controller do not contain any contract evidencing that HTA received value in exchange for the Transfers.

32. HTA was insolvent on the date that the 2-Year Transfers were made.

33. HTA intended to incur, or HTA believed that it would incur, debts that would be beyond HTA's ability to pay as such debts matured at all relevant times (including, without limitation, at the time of the 2-Year Transfers).

34. The Transfers were fraudulent transfers that the Plaintiffs may avoid pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
**(Rescission of Transfer Pursuant to 31 L.P.R.A. §§ 3491-3500 and 11 U.S.C. § 544(b))**

35. Plaintiffs repeat and re-allege each allegation contained the preceding paragraphs as if fully set forth herein.

36. At the time of the Transfers, HTA was in a state of insolvency.

37. Defendant knew or should have known that HTA was insolvent, in the vicinity of insolvency, or unable to satisfy its obligations as they became due.

38. HTA's insolvency pre-supposes that its patrimony is insufficient to satisfy all the debts weighing upon it.

39. Defendant knew or should have known that HTA's patrimony was insufficient to satisfy all the debts weighing upon it at the time of the Transfers.

40. There was insufficient consideration for the Transfers because HTA's books and records maintained by the Office of the Controller do not contain any contract evidencing that HTA received value in exchange for the Transfers.

41. At the time of the Transfers, Defendant could not compel HTA to make the Transfers.

42. Consequently, the Plaintiffs request that any alleged contracts be deemed null and void and that the Transfers made to Defendant be returned to the Oversight Board.

43. Other than such remedy as may be afforded pursuant to Counts I and II hereof, the Oversight Board has no remedy other than that provided under 31 L.P.R.A. §§ 3491-3500.

## COUNT IV
### (Avoidance of Preference Period Transfer Pursuant to 11 U.S.C. § 547)

44. The Plaintiffs repeats and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

45. To the extent that HTA may have purported to enter into an agreement with Defendant to conduct business, and regardless of whether such agreement is properly reflected in HTA's books and records, HTA made the 90-Day Transfers to Defendant following accrual of payment obligations under such purported agreement.

46. The 90-Day Transfers were transfers of property, or an interest in property, of HTA.

47. At all relevant times, the Defendant was a creditor of HTA, as defined by 11 U.S.C. § 101.

48. The 90-Day Transfers were made by HTA to or for the benefit of the Defendant.

49. The 90-Day Transfers were made within the Preference Period.

50. The 90-Day Transfers were made for, or on account of, an antecedent debt or debts owed by HTA before the Transfers were made.

51. The 90-Day Transfers were made while HTA was insolvent.

52. To the extent that HTA's general unsecured creditors receive less than the full value of their allowed claims under a Title III plan of adjustment, as a result of the 90-Day Transfers, the Defendant received more than it would receive under a plan of adjustment.

53. Moreover, as a result of the 90-Day Transfers, the Defendant received more than the Defendant would have received if: (i) HTA's Title III case provided for the liquidation of HTA; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts to the extent provided by the provisions of the Bankruptcy Code.

54. In accordance with the foregoing, the 90-Day Transfers are avoidable pursuant to 11 U.S.C. § 547.

## COUNT V
**(Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)**

55. The Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

56. Defendant was the initial transferee of the Transfers, the entity for whose benefit the transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

57. Pursuant to 11 U.S.C. § 550(a), the Plaintiffs are entitled to recover from the Defendant the funds transferred, or are entitled to a judgment against Defendant in an amount equal to the aggregate amount of the Transfers.

## COUNT VI
**(Disallowance of all Claims Pursuant to 11 U.S.C. § 502(d) and (j))**

58. The Plaintiffs repeat and re-allege each allegation contained in the preceding paragraphs as if fully set forth herein.

59. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

60. The Defendant has not repaid the amount of the Transfers, or turned over such property to the Oversight Board, for which the Defendant is liable under 11 U.S.C. § 550.

61. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or its assignee against HTA (as defined in footnote 2 above) must be disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

62. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against HTA previously allowed by HTA, must be reconsidered and disallowed until such time as the Defendant pays to the Oversight Board an amount equal to the aggregate amount of the Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully requests that the Court enter judgment against the Defendant providing, to the extent not inconsistent:

A. Any purported contract between HTA and the Defendant purporting or relating to which HTA made the Transfers is null and void pursuant to 2 L.P.R.A. § 97; and any funds disbursed in relation thereto were unlawfully transferred pursuant to, *inter alia*, 3 L.P.R.A. § 283h; and HTA is entitled to recover from the Defendant an amount equal to the aggregate amount of the Transfers.

B. The 2-Year Transfers are avoidable under 11 U.S.C. § 548;

C. The Transfers are avoidable under 11 U.S.C. § 544 and 31 L.P.R.A. § 3493;

D. The 90-Day Transfers are avoidable under 11 U.S.C. § 547;

E. The Transfers, to the extent avoided pursuant to 11 U.S.C. § 544, 547, and 548, may be recovered by the Oversight Board pursuant to 11 U.S.C. § 550;

F. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

G. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

H. Awarding pre-judgment interest at the maximum legal rate running from the date of the Complaint to the date of judgment herein;

I. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

J. Requiring the Defendant to pay forthwith the judgment amount awarded in favor of the Oversight Board; and

K. Granting to the Oversight Board such other and further relief as the Court deems just and proper.

Date: May 17, 2019

/s/Edward S. Weisfelner
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Alberto Estrella
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

/s/ Juan J. Casillas Ayala
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors*