IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor | PROMESA<br>Title III<br>No. 17 BK 3283-LTS |

**OPPOSITION TO OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD,  AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN BONDS**

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT                                          1

**II. PERTINENT BACKGROUNT FACTS**                            4-5

**III. ARGUMENT**                                             5-10

    a.   Extension of the Time to Serve Process       5-9

    b.   The Stay of Proceedings                      9-10

**TABLE OF AUTHORITIES**

Page

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)                                         10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)                         10

*Bunn v. Gleason*, 250 F.R.D. 86 (D. Mass. 2008)                              6

*Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932 (7th Cir. 2002)    6

*In Re Sheehan*, 253 F.3d 507  (9th Cir. 2001)                                6

*McIsaac v. Ford*, 193 F.Supp.2d 382 (D. Mass. 2002)                          6

*Precision Instrument Manufacturing Co. V. Automotive Maintenance Machinery
 Co.*, 324 U.S. 806 (1945)                                                    8-9

*U.S. Bank Nat'l Ass'n v. SMF Energy Corp. (In Re Interstate Bakeries Corp.)*,
460 B.R. 222 (8th Cir. B.A.P. 2011)                                           8, 10

*U.S. v. Tubing*, 483 F.Supp.2d 68 (D. of Mass. 2007)                         6

Other Authorities

Collier on Bankruptcy, ¶ 9006.06                                              6

Rule 803) of the Federal Rules of Evidence                                    7

Rule 9006(b) of the Federal Bankruptcy Rules                                  4, 6

Rule 4(m) of the Federal Rules of Civil Procedure                             4, 6

Wright and Miller, Federal Practice and Procedure: Civil 3d § 1137            6

**TO THE HONORABLE COURT:**

COME NOW Cabrera & Ramos Transporte, Inc., defendant in Adversary Proceeding 19-0094, through its undersigned attorney and respectfully states as follows:

1. Movants filed over two hundred adversary proceedings against suppliers of goods and services of the Commonwealth of Puerto Rico on the eve of the running out of the statute of limitations. Now, movants request that (a) a 90-day extension to serve defendants with process and (b) "an order staying the Adversary Proceedings <u>as to all defendants</u>.[1]" This request does not comply with the requirements of Rule 7004(m) of the Federal Bankruptcy Rules and would be inequitable to Cabrera & Ramos Transporte, Inc. (Cabrera & Ramos).

## I. PERTINENT BACKGROUNT FACTS

2. On May 2, 2017, the Board authorized the Commonwealth to file for Title III protection. This means that the possibility had been considered for months before and Proskauer Rose, competent and experienced attorneys were hired by the Board on November 25, 2016. Moreover, as any seasoned bankruptcy lawyer knows, one of the first things you start looking into a case is what causes of action, if any, there are for in the fog of litigation, the two-year statute of limitations runs out quickly.

3. The Board, however, did not diligently pursue the claims these claims. During May, June and July of 2017, not a peep from the Board on any causes of action to be filed. The first time the issue comes out is on July 21, 2017 motion, not by the Board but by the UCC, who argued that there were causes of action against, among others, Banco Popular Securities and Santander Securities and requested leave to conduct discovery via Rule 2004 of the Bankruptcy Rules.  On July 28, 2017, Santander and BPPR filed oppositions and on July 31, 2017, AAFAF

---

[1] Paragraph 25, page 9 of movants' motion. Underlining supplied.

also filed objections. All three argued that the Board was entrusted under PROMESA to do so, which is true BUT, there had been no attempt to do at the time. On August 3, 2017, the Board filed its opposition claiming it had the right to do so under PROMESA. On August 2, 2017, it had announced a request for proposals for the investigation, on August 8, 2017 created a special committed for said claims and on September 13, 2017, hired Kobre & Kim to conduct it. Kobre & Kim issued a final report in August of 2018, where it mentions preferences and constructive fraud but in the context of bond issues. There is no mention in the report of other suppliers of goods and services to the Commonwealth as possible targets. Hence, it is reasonable to think that sometime after August of 2018, the Board decided to bring actions against some suppliers of the Commonwealth, which has to be done on or before May 2, 2019.

**III. ARGUMENT**

a. Extension of the Time to Serve Process

4. As stated before, Movants want an extension of 90 days to the service of process period and a stay of proceedings on all cases. This request has nothing to do with the reasons provided in Movants' motion. Cabrera and Ramos noticed that the address used in the summons was incorrect and although a change of address with the Commonwealth had been done in 2018. In the spirit of cooperation, the undersigned sent an email to attorney for plaintiffs, informing them of the error and that if a copy of the summons and the complaint was sent to him via e-mail, he would accept service. Much to his surprise he was informed "[p]lease note we have not yet served or attempted to serve any complaints because we are working with our client to craft a cooperative and amicable out-of-court resolution process for these adversary proceedings. We will provide you with any updates as we have them." In other words, the service has not been attempted. In addition, the Board Twitter account issued a press release on Sunday, May 19,

2019, stating, inter alia, "[w]e are also in the process of setting up an informal process of resolving these issues with vendors out of court, if possible, and to help vendors clarify the payments they received. The legal actions do not necessarily imply any wrongdoing. If a vendor demonstrates a proper basis for the payment, the Oversight Board will dismiss the claim."

5. Bankruptcy Rule 9006(b) requires cause be shown for the extension of an unexpired period. Collier on Bankruptcy, ¶ 9006.06, page 9006-15 (16th Edition) opines:

> What constitutes cause is not set out in the rule, but some justification for the enlargement seems to be required. The Court may in its discretion, grant or deny the motion. While courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extension has not been abused, they should nevertheless be wary of granting motions for extension of time as a matter of course. The requirement of cause should be taken seriously and proceedings not delayed without reason.

6. Federal Rule of Civil Procedure 4(m) requires the showing of "good cause" which requires a showing of valid reasons for the delay in service, see, *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002), no prejudice to defendant and severe prejudice to plaintiff, see *In Re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "Good cause means a valid reason for delay, such as defendant evading service." See, *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002). It is usually the result of a third person, evasion of service or misleading conduct, see, *U.S. v. Tubing*, 483 F.Supp.2d 68, 78 (D. of Mass. 2007); *McIsaac v. Ford*, 193 F.Supp.2d 382, 383 (D. Mass. 2002) and *Bunn v. Gleason*, 250 F.R.D. 86, 89 (D. Mass. 2008). Wright and Miller, Federal Practice and Procedure: Civil 3d § 1137 at 342 (3d ed. 2002), states that "[g]ood cause exists when plaintiff has acted diligently to effectuate service." See also, *Feliz v. U.S.*, 272 F.R.D. 299, 301 (D. Mass. 2011).

7. As stated before, Movants have not attempted to serve process but request a 90 day extension. Cabrera and Ramos is not interested in requesting a dismissal without prejudice for not serving process in a timely fashion. Cabrera and Ramos is very interested in a "just, speedy and inexpensive determination" of the complaint against it. Giving Movants a 90-day extension without even attempting to serve process or accept offers like the one here does not show just cause or even cause.

8. Cabrera & Ramos has been a provider of transportation services to the Department of Education for more than a decade. Movants have averred in their first cause of action that their contracts are not in the Comptroller's Office. Included here as Exhibit 1 is a document provided by the Puerto Rico's Conptroller's Office showing the contracts that Cabrera and Ramos has had with the Department of Education since 2014. Hence, the first cause of action is factually incorrect. This shows that Movants not only have not even started the service of process but that it did not conduct and elementary search in the files of the Comptroller's Office, which is a constitutionally created office of the Commonwealth of Puerto Rico. See Article III, section 22 of the Constitution of the Commonwealth of Puerto Rico[2].

9. The complaint besmirches the good name and reputation of Cabrera and Ramos which can only be repaired by the ultimate dismissal with prejudice of the complaint against it. Moreover, the Court must consider that Movant's motion has been filed before those prejudiced by it, i.e., defendants in the adversary proceedings, have been served with process and hence notified that their rights are being affected. Hence, the Court must be more cautious in granting said motion.

---

[2] They are admissible in this proceeding pursuant to Rule 803(6) and 803(8) of the Federal Rules of Evidence.

10. Movants rely on *U.S. Bank Nat'l Ass'n v. SMF Energy Corp. (In Re Interstate Bakeries Corp.)*, 460 B.R. 222 (8th Cir. B.A.P. 2011) can be easily distinguished from this case. There, the summons had not been issued but in the case of Cabrera and Ramos, it has been issued and Movants have an offer to accept said service, which they refused[3]. Movants want to hold Cabrera and Ramos and all other defendants in these cases hostage until they devise a "cooperative and amicable out-of-court resolution process for these adversary proceedings." The Honorable Court may remember that last year, the Board informed the Court that they would devised an Alternate Dispute Resolution Process for the thousands of claims filed in the Title III but we have yet to see it. The Board could have devised this process before it decided to bring these lawsuits and presented it to defendants via letter. It did not do so. Cabrera and Ramos was hauled into Court against its will and should not have to wait until the Board decides how it wants to handle its claim. Moreover, the Board's process inverts the burden of proof; instead of the Board proving their case, it wants defendants to prove they were correctly paid. The Board forgets that Rule 304 (31) of the Puerto Rico Rules of Evidence, applicable via Rule 302 of the Federal Rules of Evidence, establishes a presumption that the law has been complied with. It wants to establish a procedure were defendants have to prove they are not liable, essentially inverting the burden of proof, AFTER it sued them. It is only fitting that the procedure for the dismissal of the claims against it be provided by the Court, not Movants.

11. Moreover, those who seek equity must come with equity. As the Supreme Court expressed in *Precision Instrument Manufacturing Co. V. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945):

> The guiding doctrine in this case is the equitable maxim that "he who comes into equity must come with clean hands." This maxim is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one

---

[3] More on this *infra*.

tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.

12. The evidence shows the Board did nothing to conduct a proper investigation into the causes of action against the suppliers of goods and services to the Commonwealth. The evidence also shows that the UCC knew about it and called the alarm to no avail. The first allegation in Adversary Proceeding 19-094 is that Cabrera and Ramos has no contract registered at the Comptroller's Office but Exhibit 1 shows that is incorrect, signaling that no reasonable search was conducted. Cabrera and Ramos address in the summons was incorrect although correspondence is regularly received from the Commonwealth at their address, also showing lack of diligence by the Board or the Commonwealth.  Hence, the Board does not come with equity.

13. No cause or good cause has been shown for an extension to the time to serve process. Moreover, an extension of time prejudices Cabrera and Ramos and its denial does not severely prejudice  Movant. Cabrera and Ramos believe the case against it should be dismissed quickly for reasons that will be soon presented to this Court. Hence, Movants' request should be denied.

B. The Stay of Proceedings

14. Movants also request a stay of proceedings. The title to Movants' Motion gives the impression that the stay would be sought only against the challenged GO Bonds. The motion, however, says differently. The intention is a stay of all of the recently filed adversary proceedings. Moreover, Cabrera and Ramos posits that the requested stay is not in order "to promote efficiency and maintain an orderly schedule" but for other wily reasons. The Board has recently stated that it plans to file the Commonwealth Plan of Adjustment by the middle of June. In that Plan of Adjustment, the Board will create a Litigation Trust where it will include all of the recently filed complaints and tell unsecured creditors "I can't pay you but you can get paid from here." If motions to dismiss questioning, in the case of the Commonwealth suppliers, the

9

cookie cutter complaints as questionable under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Puerto Rico Civil Code and the Bankruptcy Code, creditors would be reluctant to vote in favor of the plan. Interestingly, in the case of *U.S. Bank, ante,* a litigation trust was also created.

15. Again, Cabrera and Ramos would be prejudiced by a stay of its case. A sword of Damocles of a $4 million plus lawsuit backed by all the resources of the Commonwealth of Puerto Rico hangs over its head at this time until the Board thinks it is convenient to continue with the litigation, which can be after several months. A complaint that was in all the papers and which will probably be included in a litigation trust affects the company's good name and its good will. Not granting the stay, on the other hand, would not be prejudicial to Movants', who in any event have the burden of proof of showing the elements of their causes of action.

WHEREFORE: Cabrera and Ramos requests from the Honorable Court that it deny Movants' motion in its entirety.

Respectfully submitted on this 20th day of May, 2019.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com