UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

----------------------------------------------------------x

In re:                                                                  PROMESA
                                                                        Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

        as representative of                                      No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO,                      (Jointly Administered)
et al.,

                        Debtors.[1]
----------------------------------------------------------x

MEMORANDUM ORDER DENYING
ELIEZER SANTANA-BÁEZ'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Before the Court is the *Motion in Request That Paralyzation Be Lifted in the Case*

*DDP2014-0229* (Docket Entry No. 6494 in Case No. 17-3283,[2] the "Motion"), filed by Eliezer

Santana-Báez (the "Movant"), who seeks relief from the automatic stay imposed by the filing of

the above-captioned Title III case on a case captioned Eliezer Santana Báez and Roberto

Quiñones López v. Estado Libre Asociado de Puerto Rico et al., Case No. D DP2014-0229 (the

"Litigation"), which is currently pending before the Puerto Rico Court of First Instance of

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case
        number and the last four (4) digits of each Debtor's federal tax identification number, as
        applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-
        LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing
        Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
        Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority
        ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:
        3808); (iv) Employees Retirement System of the Government of the Commonwealth of
        Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of
        Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA")
        (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747)
        (Title III case numbers are listed as Bankruptcy Case numbers due to software
        limitations).

[2]     All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.

Bayamón (the "Commonwealth Court").  For the following reasons, the Motion is denied

because Movant has not demonstrated that "cause" exists to lift the automatic stay.

BACKGROUND

On August 26, 2014, Movant and Roberto Quiñones López (the "Co-Plaintiffs")

commenced the Litigation against the Puerto Rico Department of Correction and Rehabilitation,

seeking (i) a determination that the Commonwealth of Puerto Rico (the "Commonwealth")

conducted an illegal search, and (ii) compensation in the amount of $75,000.  (See *Objection of

the Commonwealth of Puerto Rico to Motion in Request That Paralyzation Be Lifted in the Case

DDP2014-0229 Filed by Eliezer Santana-Báez* (Docket Entry No. 6858, the "Objection"), at ¶

1.)  On June 2, 2016, the Department of Justice Transactions Committee approved a settlement

of the Litigation (the "Settlement Agreement") providing for the payment of $2,000 each to the

Co-Plaintiffs in full satisfaction of all claims arising in the Litigation.  (Id. ¶ 2.)  The payment of

the settlement amount was conditioned on compliance with the terms of Act No. 66-2014, which

mandates in relevant part that the Commonwealth shall not make any payment unless the creditor

of the judgment provides an official certification issued by the pertinent agency stating that the

creditor has no outstanding debt with the Department of the Treasury, the Municipal Revenues

Collection Center, and the Child Support Administration.  (Id.)  On June 10, 2016, the Settlement

Agreement was filed in the Commonwealth Court.  (Id. ¶ 3.)  A judgment adopting the

Settlement Agreement and closing the case was entered on June 13, 2016.  (Id.)  Movant

submitted all documents required by Act No. 66-2014 prior to the filing date of the

Commonwealth's Title III petition, but Mr. Quiñones López did not.  (Id. ¶ 4.)

Movant filed the instant Motion on April 24, 2019, seeking relief from the automatic stay and requesting that this Court order the Commonwealth to remit $2,000 to Movant pursuant to the terms of the Settlement Agreement. (Mot. at ¶ 3.) In his *Motion on Request for Hearing* (Docket Entry No. 6937, the "Reply"), submitted in support of his Motion, Movant asks that the Court hold a hearing on the Motion or, in the alternative, that the Court grant the requested remedy and order the Commonwealth to pay $2,000 to Movant. (Reply at ¶ 4.) Movant argues that his request for $2,000 is significantly smaller than the "billions" sought by the bondholders in these Title III cases, and that he has no outstanding obligations under the Settlement Agreement. (Id. ¶¶ 2-3.) He also notes that he was recently found by the Supreme Court of Puerto Rico to be indigent, and attributes his status as indigent to the Commonwealth's failure to remit the Settlement Amount. (Id. ¶¶ 4-5.)

In its Objection, the Commonwealth argues that the Motion should be denied because Movant has failed to establish that "cause" exists to lift or modify the automatic stay. (Obj. at ¶ 7.) The Commonwealth asserts that, as a prepetition, unsecured creditor, Movant has failed to demonstrate the extraordinary circumstances necessary to show that his claim should be considered outside of the centralized claims resolution process that will proceed in connection with the Commonwealth's Title III case. The Commonwealth relatedly argues that modification of the stay would allow Movant to receive preferential treatment of his unsecured claim while the Commonwealth's other prepetition, unsecured creditors are required to wait until a plan of adjustment is proposed for their claims to be considered. (Id.) The Commonwealth contends that it would be required to disburse funds to fulfill its obligations under the Settlement Agreement, which would interfere with the Title III case and overall restructuring by diverting funds from its recovery efforts. (Id. ¶ 16.) Finally, the Commonwealth argues that, although

Movant's claim is small, allowing enforcement of the Settlement Agreement would create a precedent for "hundreds, if not thousands, of similarly-situated creditors" to petition the Court for payment in full of their prepetition claims. (Id. ¶ 25.)

        The Court has carefully considered all of the submissions. For the following reasons, Movant's request for a hearing is denied and the Motion is denied.

DISCUSSION

        Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, permits a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts in this district examine the factors first enumerated by the United States Court of Appeals for the Second Circuit in In re Sonnax Indus., Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) ("Sonnax"). See, e.g., Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax). Of particular relevance to the instant case are the following factors identified in the Sonnax decision: a "lack of any connection with or interference with the bankruptcy case," "whether litigation in another forum would prejudice the interests of other creditors," and the "impact of the stay on the parties and the balance of harms." Sonnax, 907 F.2d at 1286.

        Movant has failed to demonstrate that the Sonnax criteria weigh in his favor with respect to the continuation of the Litigation. Movant's claim lacks any connection to the financial restructuring issues presented in the Commonwealth's Title III case, and modification of the automatic stay would compel the Commonwealth to divert its limited resources to comply with the Settlement Agreement, put the Commonwealth in the position of having to make a

potentially disproportionate payment to an unsecured creditor, and disrupt the claims resolution

process established by the Bankruptcy Code and incorporated into PROMESA by incentivizing

other creditors to seek relief from the stay to obtain early, potentially disproportionate, payments.

Movant's unsecured claim for monetary relief can be addressed through the centralized claims

resolution process.  Although Movant's claim in the amount of $2,000 is smaller than others

filed in these proceedings, the preferential treatment of Movant's claim would prejudice the

interests of other creditors by prioritizing Movant's claim and diverting the Commonwealth's

resources at this stage of the restructuring process.  Finally, Movant has not demonstrated that

the harm from resolution of his claim through the claims process would outweigh the burden that

would accrue to the Commonwealth or to its creditors by enforcement of the Settlement

Agreement.  Accordingly, the Court concludes that Movant has failed to sustain his burden of

demonstrating that cause exists for relief from the automatic stay.


CONCLUSION

For the foregoing reasons, the Motion, including Movant's request for a hearing,

is denied.  The automatic stay continues in place as against all defendants in the Litigation.  See

11 U.S.C. §§ 362(a) and 922(a)(1).  This Memorandum Order resolves Docket Entry No. 6494 in

Case No. 17-3283.


SO ORDERED.

Dated: May 20, 2019

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge