**Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF
THE GOVERNMENT OF PUERTO RICO,

     Debtor.

PROMESA
Title III

Case No. 17 BK 3566-LTS

---------------------------------------------------------------x

## ORDER APPROVING FIFTH
## INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR
## COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
## EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
## AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
## DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF
## PUERTO RICO, FOR THE PERIOD OCTOBER 1, 2018 THROUGH JANUARY 31, 2019

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Upon the application (the "Application")[2] of Proskauer Rose LLP ("Proskauer") as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Employees Retirement System of the Government of Puerto Rico (the "Debtor") under section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) PROMESA sections 316 and 317, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1, (d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17 BK 3283-LTS, ECF No. 3269], allowance of interim compensation for professional services rendered by Proskauer for the period commencing October 1, 2018 through and including January 31, 2019 in the total amount of **$764,444.39**, which is comprised of (i) fees for professional services rendered in the amount of $723,949.50, $319,000.60 of which represents fees earned outside of Puerto Rico on or before December 9, 2018 and $404,948.90 of which represents fees earned on or after December 10, 2018,[4] and (ii) the Gross-Up Amount in the amount of **$40,494.89**;[5] and reimbursement of its

---

[2]   Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.

[3]   PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[4]   Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico and (*ii*) work performed outside of Puerto Rico.  This was because Puerto Rico taxed Proskauer differently depending on whether work was performed on-island or off-island.  On December 10, 2018, Puerto Rico enacted tax reform (Act 257-2018) that eliminated this difference in tax treatment.  As a result, beginning on December 10, 2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

[5]   Proskauer will only request from the Debtor payment of the Gross-Up Amount if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax

actual and necessary expenses in the amount of **$49,023.60** incurred during the Compensation Period; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.      The Application is GRANTED as set forth herein.

2.      Compensation to Proskauer for professional services rendered during the Compensation Period is allowed on an interim basis in the total amount of **$764,444.39**, which is comprised of (i) fees for professional services rendered in the amount of $723,949.50, $319,000.60 of which represents fees earned outside of Puerto Rico on or before December 9, 2018 and $404,948.90 of which represents fees earned on or after December 10, 2018, and the Gross-Up Amount in the amount of **$40,494.89**; and (b) reimbursement of its actual and necessary expenses in the amount of **$49,023.60** incurred during the Compensation Period**.**

3.      Reimbursement to Proskauer for expenses incurred during the Compensation Period is allowed on an interim basis in the amount of **$49,023.60**.

4.      The Debtor is authorized and directed to pay Proskauer all fees and expenses allowed pursuant to this order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

5.      The compensation for professional services rendered and reimbursement of actual and necessary expenses incurred allowed pursuant to this order is without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of the Application.

---

credits offsetting the Gross-Up Amount.  As of the date of hereof, Proskauer has not yet requested payment of the

6.    The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

Dated: _____, 2019
      San Juan, Puerto Rico                _____
                                          Honorable Laura Taylor Swain
                                          United States District Judge

---

Gross-Up Amount.