UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

          Debtors.[1]

-------------------------------------------------------------x

PROMESA
Title III


No. 17 BK 3283-LTS

(Jointly Administered)

ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF EXPENSES OF
GORDON BROTHERS GROUP, LLC, AS CO-FINANCIAL ADVISOR FOR MEDIATION TEAM

Upon the *Application of Oversight Board for Entry of Order Authorizing Employment and Payment of Expenses of Gordon Brothers Group, LLC, as Co-Financial Advisor for Mediation Team* (the "Application");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of PREPA's Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

the relief requested in the Application is in the best interests of the Debtors, their creditors, and

other parties in interest; and the Court having found that the Oversight Board provided adequate

and appropriate notice of the Application under the circumstances and that no other or further

notice is required; and the Court having reviewed the Application and the Kopacz Declaration;

and the Court having determined that the legal and factual bases set forth in the Application

establish just cause for the relief granted herein; and upon the record herein, after due

deliberation thereon, the Court having found that good and sufficient cause exists for the

granting of the relief as set forth herein,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized and, upon approval of the Court, shall reimburse

Gordon Brothers as co-financial advisor for the Mediation Team effective *nunc pro tunc* to May

1, 2019, for all actual and necessary expenses arising under Gordon Brothers' engagement, and

Gordon Brothers is authorized and directed to perform the Services.

3.      In connection with performing the Services, Gordon Brothers is authorized to take

direction from the Mediation Team.

4.      Gordon Brothers shall be entitled to reimbursement of expenses incurred pursuant

to the terms of the Application and its engagement as an administrative expense pursuant to

Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a).

5.      Gordon Brothers' expenses shall be subject to review and allowance by the Court

under the procedures and standards applicable to expenses of professional persons under

PROMESA section 316.  Gordon Brothers shall be entitled to seek interim reimbursement of

expenses under the procedures set forth in PROMESA section 317, and shall be subject to any

interim compensation orders entered by the Court, except that any objection to the allocation of Gordon Brothers' expenses or the award of those expenses shall be raised in the first instance with the Mediation Team Leader.[3]

6.       Gordon Brothers will maintain records of expenses on a Debtor-specific basis. Gordon Brothers' allowed expenses shall be paid by, and allocated among, the Commonwealth and its instrumentalities that are, at the time the expenses are incurred, debtors under title III of PROMESA.  Under no circumstances shall the Mediation Team or any Mediator be responsible for payment of Gordon Brothers' expenses or any fees or other costs associated with its retention.

7.       Gordon Brothers shall be entitled to indemnification and exclusion from subpoena and legal proceedings in the same manner and to the same extent as are the Mediators.

8.       In the event of any inconsistency between this Order and the Application, this Order shall govern.

9.       Nothing herein is intended to, shall constitute, or shall be deemed to constitute the Debtors' or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of the Debtors, (b) any of the property or revenues of the Debtors, or (c) the use or enjoyment of the Debtors of any income-producing property.

10.       Notwithstanding any applicability of any Federal Rule of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

---

[3]       In the event no agreement is reached regarding the allocation of Gordon Brothers' expenses or the award of those expenses, those objections may be filed with the Court in accordance with any interim compensation order entered by the Court.

11.     Gordon Brothers, the Mediation Team, and the Oversight Board, as the Debtors'
representative, are authorized to take all actions, and to execute all documents, necessary or
appropriate, to effectuate the relief granted in this Order in accordance with the Application.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from
or related to the implementation, interpretation, or enforcement of this Order.

13.     This Order resolves Docket Entry No. 6993.


Dated:  May 23, 2019                    /s/ Laura Taylor Swain
                                        Honorable Laura Taylor Swain
                                        United States District Judge