**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>   Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

---

**JOINDER TO URGENT MOTION OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. TO COMEPL COMPLIANCE WITH THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019 AND TO AMEND THE EIGHTH AMENDED CASE MANAGEMENT PROCEDURES**

**COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (the "Collateral Monitor"; together with the Servicer, the "DRA Parties") which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 (the "GDB Restructuring Act"), and the approved Qualifying Modification for the Government

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

1

4130-1485-2380.7

Development Bank for Puerto Rico[2] under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act*, by and through the undersigned legal counsel, and respectfully submit this joinder to the *Urgent Motion of Assured Guaranty Corp. to Compel Compliance by the Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure 2019 and to Amend the Eighth Amended Case Management Procedures* [Dkt. No. 6963].[3]

## PRELIMINARY STATEMENT

The Official Committee of Unsecured Creditors has failed to meet its obligations under Bankruptcy Rule 2019. As a result, parties-in-interest lack clarity on the claims of the Committee and its members. Without this information, the Court and parties cannot understand the Committee's motives in the multiple Title III cases in which it serves as the Official Committee of Unsecured Creditors. The Committee can rectify this uncertainty by providing details on the claims of its members.

As set forth in the Motion and further below, there is a real possibility that the Committee suffers from a meaningful conflict of interest in its role as Committee in the HTA case. The Committee's failure to file an adequate Rule 2019 statement forces this Court and other parties-in-interest to guess as to the impact of this conflict.

The Committee's inaction places the DRA and other HTA creditors at risk of significant harm. The Court need not take drastic action to remedy this situation. The Motion merely requires the Committee to fulfill its disclosure obligations mandated by the Bankruptcy Rules, and nothing more. The Court should, therefore, require full disclosure consistent with Bankruptcy Rule 2019.

---

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS).

[3] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

2

4130-1485-2380.7

## BACKGROUND

### I. The DRA Becomes HTA's Largest Creditor

1. The DRA is a statutory public trust and governmental instrumentality of the Commonwealth, created pursuant to the GDB Restructuring Act to facilitate the restructuring of GDB's indebtedness pursuant to the Qualifying Modification. *See* Act No. 109-2017 at Arts. 201 and 204. This Court approved the Qualifying Modification on November 7, 2018. *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS).

2. Under the Qualifying Modification, the DRA received certain property from the GDB, consisting primarily of loans made by the GDB to certain Commonwealth entities. *See* Act No. 109-2017 at Arts. 204 and 207. The Commonwealth charged the DRA with receiving the property transferred from the GDB, administering and managing this property, and then liquidating it to pay obligations under certain new bonds issued by the DRA to former GDB bondholders. *Id.*

3. As part of the Qualifying Modification, the GDB transferred ownership of 24 loans the GDB made to HTA which, collectively, have an outstanding principal balance in excess of $1.7 billion and no less than $537 million in interest, fees and expenses related to such loans as of November 7, 2018. *See* Offering Memorandum for GDB Debt Recovery Authority Bonds (Taxable) ("OM"), dated as of November 7, 2018 at 128. These loans are payable primarily from, and secured by, a pledge of certain revenues allocated by the Commonwealth to HTA by statute. *See* Act No. 30-2013 (June 25, 2013); Act No. 31-2013 (June 25, 2013).

4. As part of the Qualifying Modification, the GDB also transferred to DRA $200,000,000 in principal of 1998 *Puerto Rico Highway and Transportation Authority, Transportation Revenue Bonds (Series A)*. *See* OM at 128.

3

## II. The Committee is Formed

5. On June 15, 2017, the U.S. Trustee formed the Committee. *See* Dkt. No. 338. This Court appointed the Committee to represent the interests of the Commonwealth's unsecured creditors. *See id.*

6. On August 25, 2017, the Court entered an order designating the Committee to serve as the official committee of unsecured creditors in the HTA, ERS, and PREPA Title III cases as well as the Commonwealth Title III case. *See* Dkt. No. 1171. Since that date, the composition of the Committee's membership has changed. *See* Dkt. Nos. 1218, 3058, 3947.

7. As of May 8, 2019, the Committee appears to consist of the American Federation of Teachers, Baxter Sales and Distribution Puerto Rico Corp., Drivetrain, LLC, as the Creditors' Trustee for Doral Financial Corporation, Genesis Security Services, Service Employees International Union, Tradewinds Energy Barceloneta, LLC, and Unitech Engineering Group, S.E. *See Third Supplemental Verified Statement of Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2019* [Dkt. No. 6874] (the "Third Supplemental 2019 Statement").

## III. The Motion is Filed

8. On May 14, 2019, Assured Guaranty filed the Motion, requesting that the Committee file an updated statement complying with Bankruptcy Rule 2019 and prohibiting the Committee from appearing in the Title III cases until such statement is filed. *See* Motion at 3.

9. On May 15, 2019, the Court entered an order setting May 24, 2019 at 4:00 p.m. AST as the response deadline to the Motion and scheduling a hearing on June 12, 2019 to consider the Motion. *See* Dkt. No. 6968.

4

**DISCUSSION**

10. The DRA Parties join the Motion with the aim of highlighting the need for the Committee to fully disclose the economic interests of its members and ensuring the Committee can represent the economic interests of HTA creditors.

11. As discussed in detail in the Motion, Federal Rule of Bankruptcy Procedure 2019(b) requires "every entity that represents, multiple creditors" to file a "verified statement" setting forth the name and address of each member and the "nature and amount of each disclosable economic interest" held by the member. Rule 2019 ensures parties-in-interest and the Court receives full disclosure of a committee's (and its members') economic interests. *See In re Washington Mutual Inc.*, 419 B.R. 271, 278 (Bankr. D. Del. 2009) (stating that Rule 2019's purpose is to "provide a routine method of advising the court and all parties in interest of the actual economic interest of all persons participating in the proceedings").

12. The Committee's latest Rule 2019 statement—the *Third Supplemental* 2019 Statement—falls short of the mark. It does not adequately summarize the disclosable economic interests of the Committee's members. These deficiencies, in turn, make it impossible for parties-in-interest to assess the extent of the Committee's conflicts of interest. The Committee's failure to comply with its Rule 2019 obligations prevents parties-in-interest from assessing the true extent to which the Committee favors the interests of Commonwealth creditors over creditors in other Title III cases.

13. The need for the Committee to fully disclose the economic interests of its members is especially critical with respect to HTA creditors. In the Third Supplemental 2019 Statement, only one Committee member, Genesis Security Services, stated that it holds claims against HTA in the amount of $1,049,522.49. *See* Third Supp. 2019 Stmt. at Ex. A. However, Genesis also

holds a much larger $6,913,855.74 claim against the Commonwealth. *See id.* All other Committee members hold claims against the Commonwealth and its other instrumentalities, but not against HTA. *See id.* Therefore, HTA's lone creditor on the Committee is itself economically incentivized to support Commonwealth-friendly positions over positions friendly to HTA.

14. While the Committee could theoretically serve as a fiduciary in the HTA case despite the lack of HTA creditors on the Committee (s*ee In re SPM Mfg. Corp.*, 984 F.2d 1305, 1315 (1st Cir. 1993) (noting that an official committee of unsecured creditors is a fiduciary for whom it represents), the Committee in HTA seems to have priorities beyond the benefit of HTA unsecured creditors. During the May 16, 2019 proceedings, counsel to the Committee stated that the Committee intends to serve the economic interests of Commonwealth creditors *over those of HTA creditors*. Specifically, counsel informed that the Committee will seek to invalidate HTA-issued bonds and clawback principal and interest payments *for the benefit of Commonwealth* creditors. *See* Mot. Hr'g Tr. 34:7-13, May 16, 2019 [Ex. A] ("It has been our position on the clawback that if the Court rules or is prepared to rule that they are secured in HTA, our position is that at that point we are allowed to argue, because the secured creditors of HTA would get nothing, that the Commonwealth defeats their interest because they are not a secured creditor of the Commonwealth."). This position runs counter to the interests of unsecured creditors of HTA by leaving the secured creditors either unpaid or in the pool with the unsecured creditors. Such a position in no way benefits the HTA estate.

15. Given this apparent conflict, it has become more critical than ever that the Court and parties understand the make-up of the Committee, and the interests of its members. Therefore, the DRA Parties urge the Court to require the Committee to comply with Rule 2019 for the reasons cited in the Motion.

4130-1485-2380.7

16. For these reasons, and those set forth in the Motion, which the DRA adopts and incorporates by reference herein, the DRA hereby joins in the Motion, as of the date of its filing.

## RESERVATION OF RIGHTS

17. The DRA Parties reserve all rights and remedies with respect to the Motion, including but not limited to, the right to raise additional arguments at the hearing on the Motion.

## CONCLUSION

18. Based on the foregoing, the DRA Parties respectfully request that the Court grant the Motion and grant such further relief that is just and proper.

4130-1485-2380.7

Dated: San Juan, Puerto Rico
May 24, 2019

**C. CONDE & ASSOC. LAW OFFICES**

By: */s/ Carmen D. Conde Torres*

Carmen D. Conde Torres
(USDC No. 207312)
254 San José Street
Suite 5
San Juan, PR 00901-1523
Tel. 787-729-2900
Fax. 787-729-2203
E-Mail: condecarmen@condelaw.com

-and-

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: */s/ Douglas S. Mintz*
Douglas S. Mintz (admitted pro hac vice)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
E-mail: dmintz@orrick.com

By: */s/ Peter Amend*
Peter Amend (admitted pro hac vice)
51 West 52nd Street
New York, N.Y. 10019
Telephone: (212) 506-5000
E-mail: pamend@orrick.com

*Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*

-and-

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5632
Facsimile: 787-759-9225

By: */s/Arturo J. García-Solá*
Arturo J. García-Solá
USDC No. 201903
Email: ajg@mcvpr.com

By: */s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nzt@mcvpr.com

*Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*

8

4130-1485-2380.7