# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**DECLARATION OF GEOFFREY S. STEWART
IN OPPOSITION TO RESPONDENTS' URGENT MOTION IN LIMINE
TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING
<u>APRIL 27, 2016 MEETING WITH MOVANTS' REPRESENTATIVES</u>**

I, Geoffrey S. Stewart, hereby declare under penalty of perjury:

1. I am of counsel to the law firm of Jones Day, located at 51 Louisiana Ave., N.W., Washington, D.C. 20001.[1] I am a member in good standing of the Bars of the State of New York and the District of Columbia. There are no disciplinary proceedings pending against me. I submit this declaration in support of the *Opposition to Respondents' Urgent Motion In Limine to Exclude Evidence and Argument Regarding April 27, 2016 Meeting with Movants' Representatives* (the "Opposition"). I have personal knowledge of the matters stated herein.

2. I understand that on April 27, 2016, Bruce Bennett of Jones Day and John Cunningham of White & Case, counsel to the Bondholders, met with James Millstein and Elizabeth Abrams, who were at that time financial advisors to the Commonwealth of Puerto Rico. The purpose of the meeting was to discuss the outstanding ERS Bonds. Shortly after this meeting, both Mr. Bennett and Mr. Cunningham memorialized the discussion in writing. I have personal knowledge of the relevant contents of the two documents.

3. On May 3, 2019, I arranged to have deposition and document subpoenas served on James Millstein and Elizabeth Abrams, and a document subpoena served on Millstein & Co. LLC.

4. On May 8, 2019, I exchanged e-mails with Eric Fisher, Esq., of the firm of Binder & Schwartz LLP in New York. Mr. Fisher informed me that he was in the process of being retained to represent Mr. Millstein and Ms. Abrams and wished to discuss the subpoenas we had served on them. He and I spoke at 4:40 that afternoon. Mr. Fisher told me that he did not believe Millstein & Co. was still in existence and that he did not believe that either Mr. Millstein or Ms. Abrams remembered anything about the substance of the April meeting. I told Mr. Fisher I was prepared

---

[1] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Opposition.

to take steps to narrow the subpoenas to limit the burden on his clients and to schedule their depositions for convenient times.

5. On May 9, 2019, counsel for Respondents, William Sushon, Esq., informed me that he intended to file a motion *in limine* to exclude evidence about the April 2016 meeting. He asked, and I agreed, that the depositions of Mr. Millstein and Ms. Abrams be adjourned until Judge Swain had adjudicated the motion.

6. The next day, I spoke again with Mr. Fisher. Mr. Fisher said that he had spoken with Mr. Millstein and Ms. Abrams and that neither remembered anything about what they had said at the meeting, nor knew of any document that would refresh their recollection or reflect the substance of the meeting. I told Mr. Fisher that I would accept short declarations from Mr. Millstein and Ms. Abrams to this effect in lieu of having them appear for depositions. Mr. Fisher agreed to this proposal. I also informed Mr. Fisher that we had postponed the depositions of Mr. Millstein and Ms. Abrams pending Judge Swain's decision on Respondents' motion *in limine*.

Dated: May 24, 2019  /s/ Geoffrey S. Stewart
Washington, D.C.  Geoffrey S. Stewart