**Exhibit B**

**May 3-6, 2019 Email Correspondence**

**From:** Curtin, Thomas [mailto:Thomas.Curtin@cwt.com]
**Sent:** Monday, May 06, 2019 3:51 PM
**To:** Despins, Luc A.; Bongartz, Alex; Goldstein, Marcia; Morrison, Stephanie; Garg, Paavani; Morgan, Gabriel; Grant Mainland; Natbony, Bill; John K. ' 'Cunningham; bbennett@jonesday.com; Servais, Casey; Ellenberg, Mark; Byowitz, Alice J. (AByowitz@KRAMERLEVIN.com); tmayer@kramerlevin.com; Friedman, Peter; Blumberg, Irene; Pavel, Ashley; Sosland, Martin - EXT (martin.sosland@butlersnow.com); Jason Callen (Jason.Callen@butlersnow.com); Miller, Atara; DiBlasi, Kelly
**Cc:** Papalaskaris, Angela M.; eweisfelner@brownrudnick.com; Brosen@proskauer.com; Jeffrey W. Levitan
**Subject:** [EXT] RE: Puerto Rico -- DRAFT Stipulation re Joint Prosecution of HTA/ERS Causes of Action

Luc,

By disputing what was stated on the record, are you actually contesting whether you have to file a supplemental verified statement? In light of your email below—which admits the holdings of the UCC members have changed—it seems pretty clear that both under the Rule and under the Court's Rule 2019 order that the UCC is required to promptly file an updated verified statement, particularly given that it has taken a number of positions before the Court over the past few weeks. If you are not disputing that the UCC must file a supplemental verified statement in accordance the 2019 Order and Rule 2019, when do you specifically plan to file that supplemental statement? Your email states that you plan to finalize the 2019 statement by the end of this week, but provides no commitment to file the statement with the Court by that timeframe. Please advise as to your intentions and timing.

As for the unions, I do not think there is much to debate here. The UCC has an obligation to disclose the nature and amount of the unions' alleged disclosable economic interests, because the unions are members of the UCC. Thus, your updated Rule 2019 statements must disclose the nature and amount of the unions' alleged disclosable economic interests—that information is nowhere to be found in the verified statements that Paul Hastings has filed thus far.


**From:** Despins, Luc A. [mailto:lucdespins@paulhastings.com]
**Sent:** Monday, May 6, 2019 1:21 PM
**To:** Curtin, Thomas <Thomas.Curtin@cwt.com>; Bongartz, Alex <alexbongartz@paulhastings.com>; Goldstein, Marcia <marcia.goldstein@weil.com>; Morrison, Stephanie <Stephanie.Morrison@weil.com>; Garg, Paavani <Paavani.Garg@weil.com>; Morgan, Gabriel <gabriel.morgan@weil.com>; Grant Mainland <GMainland@milbank.com>; Natbony, Bill <Bill.Natbony@cwt.com>; John K. ' 'Cunningham <jcunningham@whitecase.com>; bbennett@jonesday.com; Servais, Casey <Casey.Servais@cwt.com>; Ellenberg, Mark <Mark.Ellenberg@cwt.com>; Byowitz, Alice J. (AByowitz@KRAMERLEVIN.com) <AByowitz@KRAMERLEVIN.com>; tmayer@kramerlevin.com; Friedman, Peter <pfriedman@omm.com>; Blumberg, Irene <iblumberg@omm.com>; Pavel, Ashley <apavel@omm.com>; Sosland, Martin - EXT (martin.sosland@butlersnow.com) <martin.sosland@butlersnow.com>; Jason Callen (Jason.Callen@butlersnow.com) <Jason.Callen@butlersnow.com>; Miller, Atara <AMiller@milbank.com>
**Cc:** Papalaskaris, Angela M. <APapalaskaris@brownrudnick.com>; eweisfelner@brownrudnick.com; Brosen@proskauer.com; Jeffrey W. Levitan <JLevitan@proskauer.com>; 'kpasquale@stroock.com' <kpasquale@stroock.com>; 'smillman@stroock.com' <smillman@stroock.com>; pdechiara@cwsny.com;

Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Subject:** RE: Puerto Rico -- DRAFT Stipulation re Joint Prosecution of HTA/ERS Causes of Action

Tom, I am not going to answer all your arguments which are replete with self-serving and exaggerated (to put it mildly) statements. Suffice it to say that to be acting as section 926 trustee, one does not need to be a creditor. That much is clear. For the purposes of reviewing this draft you should assume that Committee members hold less than $ 1 million in HTA claims (we will know the precise amount when our revised rule 2019 statement is finalized later this week). You seem to be under the misguided impression that a committee does not act for unsecured creditors of a particular debtor unless the members of such committee actually hold claims against that particular debtor. If you know of any precedent for that proposition we would like to see it. As far as we know, the Committee, regardless of whether its members hold claims against a particular debtor, acts in a fiduciary capacity vis a vis unsecured creditors of all debtors for which the Committee has been appointed.

Garden variety avoidance actions, as described at the April 18 hearing, are actions alleging preferences and/or fraudulent transfers against supplier of goods or services. Hundreds of those actions were filed last week but only with respect to the Commonwealth. The schedules are not ready yet as the analysis of such claims is on-going.

Finally, I would urge you to be more careful with your statements both in court and in these emails. For example, you advised the Court at the section 926 hearing that "there is a mountain of case law to say that unions are required to comply with [rule] 2019." Really? I am looking forward you providing that "mountain" of cases. You also state in your email below that "Paul Hastings promised the Court that it would promptly file updated [rule 2019] statements." We can't find anything to that effect in the transcript. Can you? I stated that "obviously we'll look at the 2019 statements", nothing more. And these are just some of the exaggerations we have identified. I don't think it serves the process to engage is such hyperbole.

_____

**Luc Despins | Partner, Corporate Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6001 | Main: +1.212.318.6000 | Fax: +1.212.230.7771 | lucdespins@paulhastings.com | www.paulhastings.com

**From:** Curtin, Thomas [mailto:Thomas.Curtin@cwt.com]
**Sent:** Friday, May 03, 2019 5:04 PM
**To:** Bongartz, Alex; Goldstein, Marcia; Morrison, Stephanie; Garg, Paavani; Morgan, Gabriel; Grant Mainland; Natbony, Bill; John K. ' 'Cunningham; bbennett@jonesday.com; Servais, Casey; Ellenberg, Mark; Byowitz, Alice J. (AByowitz@KRAMERLEVIN.com); tmayer@kramerlevin.com; Friedman, Peter; Blumberg, Irene; Pavel, Ashley; Sosland, Martin - EXT (martin.sosland@butlersnow.com); Jason Callen (Jason.Callen@butlersnow.com); Miller, Atara
**Cc:** Despins, Luc A.; Papalaskaris, Angela M.; eweisfelner@brownrudnick.com; Brosen@proskauer.com; Jeffrey W. Levitan
**Subject:** [EXT] RE: Puerto Rico -- DRAFT Stipulation re Joint Prosecution of HTA/ERS Causes of Action

2

Alex,

It is virtually impossible to respond to this draft when the Committee and certain of its members have failed to file updated and compliant verified statements pursuant to Bankruptcy Rule 2019.  As you know, we've made that request all throughout this case, and reiterated that request both at the prior omnibus hearing and via email.  Over a week has passed since that hearing, when Paul Hastings promised the Court that it would promptly file updated statements.   We asked that those updated and compliant statements be filed by early next week, and that request was inexplicably rebuffed.  Those statements are especially relevant here, where HTA creditors have serious and legitimate questions about whether the Committee represents any HTA creditors at all and whether the Committee is conflicted from serving as trustee for HTA.  Please provide us with a specific timeframe for when the Committee and its members will file those verified statements.   Assured reserves the right to move to compel the committee to file compliant statements and to bar consideration of the stipulation until those statements are filed.

In addition, could you please specify what you mean by "garden-variety" avoidance actions and provide us with the schedules referenced in the stipulation?

**From:** Bongartz, Alex [mailto:alexbongartz@paulhastings.com]
**Sent:** Friday, May 3, 2019 12:51 PM
**To:** Goldstein, Marcia <marcia.goldstein@weil.com>; Morrison, Stephanie <Stephanie.Morrison@weil.com>; Garg, Paavani <Paavani.Garg@weil.com>; Morgan, Gabriel <gabriel.morgan@weil.com>; Grant Mainland <GMainland@milbank.com>; Natbony, Bill <Bill.Natbony@cwt.com>; John K. ' 'Cunningham <jcunningham@whitecase.com>; bbennett@jonesday.com; Curtin, Thomas <Thomas.Curtin@cwt.com>; Servais, Casey <Casey.Servais@cwt.com>; Ellenberg, Mark <Mark.Ellenberg@cwt.com>; Byowitz, Alice J. (AByowitz@KRAMERLEVIN.com) <AByowitz@KRAMERLEVIN.com>; tmayer@kramerlevin.com; Friedman, Peter <pfriedman@omm.com>; Blumberg, Irene <iblumberg@omm.com>; Pavel, Ashley <apavel@omm.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Papalaskaris, Angela M. <APapalaskaris@brownrudnick.com>; eweisfelner@brownrudnick.com; Brosen@proskauer.com; Jeffrey W. Levitan <JLevitan@proskauer.com>
**Subject:** Puerto Rico -- DRAFT Stipulation re Joint Prosecution of HTA/ERS Causes of Action

All,

Please see attached the draft stipulation between the Oversight Board, the Special Claims Committee, and the official committee of unsecured creditors regarding the joint prosecution of HTA and ERS causes of action.  (The stipulation is modeled after the Commonwealth stipulation approved by the Court.)  **Counsel to the Oversight Board has not had the opportunity to review the draft, but we are sending this to you now in the interest of time.**  The draft also remains subject to review and comment by our respective clients.

Also, please note that, at this stage, it appears that the only types of HTA and ERS claims covered by this stipulation would be "garden-variety" avoidance actions (but our review in this regard is ongoing).

Best regards,
Alex

_____

**G. Alexander Bongartz | Of Counsel, Corporate Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6472 | Cell: +1.617.838.5117 | Main: +1.212.318.6000 | Fax: +1.212.303.7072 | alexbongartz@paulhastings.com | www.paulhastings.com

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

s

---

NOTE: The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy.  Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.

---

******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.