**Exhibit C**

**Excerpts of April 24, 2019 Hearing Transcript**

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc: Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 2 of 13

1

```
 1                   UNITED STATES BANKRUPTCY COURT

 2                      DISTRICT OF PUERTO RICO

 3
     In Re:                         )     Docket No. 3:17-BK-3283(LTS)
 4                                  )
                                    )     PROMESA Title III
 5   The Financial Oversight and    )
     Management Board for           )
 6   Puerto Rico,                   )     (Jointly Administered)
                                    )
 7   as representative of           )
                                    )
 8   The Commonwealth of            )
     Puerto Rico, et al.,           )     April 24, 2019
 9                                  )
                 Debtors.           )
10
     _____
11
     In Re:                         )     Docket No. 3:17-BK-3566(LTS)
12                                  )
                                    )     PROMESA Title III
13   The Financial Oversight and    )
     Management Board for           )
14   Puerto Rico,                   )     (Jointly Administered)
                                    )
15   as representative of           )
                                    )
16   Employees Retirement System    )
     of the Government of the       )
17   Commonwealth of                )
     Puerto Rico,                   )
18                                  )
                 Debtor.            )
19
     _____
20

21

22

23

24

25
```

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc:
Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 3 of 13

1	THE COURT: Thank you, Mr. Mayer.

2	Next we'll go to counsel from Cadwalader.

3	MR. CURTIN: Good afternoon, Your Honor. Tom Curtin

4	with Cadwalader on behalf of Assured Guaranty.

5	THE COURT: Good afternoon.

6	MR. CURTIN: Your Honor, we, along with other

7	creditors, have objected to the 926 motion proffered by the

8	UCC, and we have done so because it's without legal basis.

9	You've heard already why 926 does not apply as to the

10	stipulation. I raised that at the last hearing. That applies

11	equally here as well.

12	And 926 is the only basis, Your Honor, for which

13	non-consensual derivative standing can be granted, and it can

14	only be granted for creditors. The UCC is not a creditor.

15	I'll get to that in a second. But there's an additional

16	reason why the motion should be denied, because trustees can

17	only be appointed in Chapter Nine cases to pursue avoidance

18	actions.

19	There's a closed list of causes of action that are

20	put in 926(a). There are specific sections of the Bankruptcy

21	Code that are cross-referenced therein, 544 through 550

22	specifically. Those are avoidance causes of action. Breach

23	of fiduciary duty claims, deepening insolvency claims, fraud

24	claims are not avoidance causes of action no matter how much

25	Mr. Despins wishes they are. So, Your Honor, 926 does not

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc:
Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 4 of 13

118

1 authorize the motion on that basis alone.

2 And then of course, Your Honor, there's the issue of
3 standing, whether or not the UCC is a creditor. Mr. Despins
4 says this is a technical issue. It's not a technical issue.
5 It's an issue of whether or not he's a proper movant here
6 today, and he's not.

7 THE COURT: He filed the joinder.

8 MR. CURTIN: Yes. He actually filed the joinder.
9 I'm glad you mentioned that. The joinder that was filed
10 earlier this week wasn't to this motion. It wasn't even to
11 the urgent motion regarding the stipulation, and it wasn't
12 even to the stipulation. It was to docket 5997, which was a
13 purely procedural motion. It has nothing to do with what's
14 before you here today. So they didn't join this.

15 And in fact, all we have is the footnote that's in
16 their motion that says that they're nominal co-movants. And
17 I'd actually like to turn to that, because -- I don't think I
18 need to belabor the point. They're not a creditor. They're
19 not.

20 So there are individual creditors that are listed in
21 that footnote. One is Tradewinds. Tradewinds is not a
22 creditor of the Commonwealth. It filed only Proofs of Claim
23 against PREPA, so it has no standing to be here today.

24 Second is Doral Financial Creditors Trust. Doral
25 Financial Creditors Trust, Your Honor, doesn't appear on the

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc:
Exhibit C - Excerpts of April 24   2019 Hearing Transcript   Page 5 of 13

119

1  claims register.  There may be other Doral entities that might

2  be creditors, but we don't know whether this particular entity

3  is a creditor of the Commonwealth.  And we need that in the

4  record before you here today, and they've failed to have done

5  so.

6           In addition, the 2019 statements of the UCC have not

7  been updated in over six months.  We need that to be updated

8  so we can have a full and accurate representation as to what

9  the nature and amount of the claims of Doral and other

10 creditors, purported creditors are on that committee.

11          And that leaves SEIU, Your Honor.  We mentioned in

12 our papers we don't believe there is sufficient evidence that

13 SEIU is a creditor.  It may be they are, but we just don't

14 have the evidence here before us today.  They haven't filed

15 any 2019 statements in this case.  The 2019 statements filed

16 by the UCC do not even attempt to disclose what the nature and

17 amount of their claims are.  And we need to know that to

18 determine whether or not they are creditors.

19          But if Your Honor is to determine that they are

20 creditors, the appropriate remedy I think here is to strike

21 the Committee as a movant from this and to allow SEIU and

22 other creditors to prosecute this motion.

23          THE COURT:  Well, 926 says that a creditor can move

24 for appointment of a trustee.  It certainly doesn't by its

25 literal terms say that the trustee then has to be a creditor.

Case:17-03283-LTS   Doc#:7098-3   Filed:05/24/19   Entered:05/24/19 15:15:28   Desc:
Exhibit C - Excerpts of April 24   2019 Hearing Transcript   Page 6 of 13

120

1  So if I find that one of these proffered joining entities is a
2  creditor, why does that necessarily disqualify the UCC from
3  being the trustee?
4          MR. CURTIN: I don't think it's necessarily the point
5  that it disqualifies them from being the trustee, Your Honor.
6  It disqualifies them from being a movant here today. And I
7  think it should tell you everything as to who's the movant
8  here.
9          Mr. Despins is arguing this motion. It's not the
10 individual creditors, to the extent they are creditors. It is
11 the Committee, and the Committee is not a creditor.
12         I'd also note, Your Honor, just one additional point
13 I'd like to make. In the Reply Brief, there is an assertion
14 made that unions are not required to comply with Rule 2019,
15 and there is a citation to a case from Tennessee from 1992
16 that said -- purportedly said that unions do not have to
17 comply with 2019. That's obviously decided under the old
18 rule, which was amended in 2011 and brought in to encompass a
19 broad array of creditors and entities that purport to
20 represent creditors.
21         THE COURT: I remember that amendment well. I was
22 chairing the Rules Committee at the time.
23         MR. CURTIN: And in fact, Your Honor, even before the
24 Rule was amended, there is a mountain of case law to say
25 unions are required to comply with 2019. I'm happy to provide

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc: Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 7 of 13

121

1   you with some cites here today, but --
2            THE COURT:  Well, that's sort of going off topic.
3            MR. CURTIN:  Sure.
4            THE COURT:  If you can't get traction with
5   Mr. Despins and want to make some sort of application for an
6   order directing the Committee --
7            MR. CURTIN:  Sure.
8            THE COURT:  -- to report, you're welcome to do that,
9   but let's not add that to the already full agenda today.
10           MR. CURTIN:  Sure.  We'll be happy to do so, Your
11  Honor.  Unless you have any other questions, I'll yield the
12  podium.
13           THE COURT:  No.  Thank you.
14           Let's see.  We've heard from Mr. Mayer already.  From
15  Weil.
16           MR. MORGAN:  Good afternoon, Your Honor.
17           THE COURT:  Good afternoon.
18           MR. MORGAN:  Again, Gabe Morgan from Weil on behalf
19  of National.
20           Your Honor, as a starting point, I note that National
21  owns or insures approximately 1.1 billion of Commonwealth
22  debt, including general obligation and PBA bonds.  I should
23  also note that as far as we can tell, National is not a target
24  for the claims in dispute.  So the obvious question, why are
25  we objecting.

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc:
Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 8 of 13

145

1                MR. DESPINS:  But -- Your Honor, it was consensual,
2    but, Your Honor, the point is the principle of the appointment
3    was *STN*, and *STN* is not only consensual.  It can be also
4    contested, meaning you can be appointed under *STN* even as
5    contested standing.  The point is that the concept that *STN*
6    does not apply in a Municipal case is not accurate.  In fact,
7    we have a precedent here.
8                He also said, I don't know who he's going to sue, and
9    all that.  It's very clear.  We've said it.  It's former
10   officers and directors.
11               Now, Assured, Cadwalater, again, they say the UCC is
12   not a creditor.  It's as if they have not read the Reply,
13   because we addressed all these points.  So, you know, the
14   proof of claim by SEIU shows all the grievances that SEIU is
15   pursuing, monetary grievances against the Commonwealth.  It is
16   a creditor.  And obviously we'll look at the 2019 statements.
17               Now, National, they say the description of claim is
18   not definitive.  Well, the claims are described in detail in a
19   Genovese exhibit, Your Honor, so that's much more than you
20   have received from the Oversight Board.  Right now what we
21   have from the Oversight Board is a list of names and
22   checkmarks.  This analysis from Genovese is fairly detailed in
23   terms of the claims that are being prosecuted, including
24   fraudulent transfer claims.  People keep saying that we're not
25   pursuing fraudulent actions or we're not seeking to do that.

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc: Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 9 of 13

235

1 justifying the Court's approval of an arrangement whereby the
2 Committee has authority to prosecute causes of action for the
3 benefit of the Commonwealth.
4 　　　　　The Motion calls upon two sources of such authority.
5 First, a line of cases that interprets various provisions of
6 the Bankruptcy Code, including Sections 105(a), 503(b)(3)(B),
7 1103(c) and 1109(b), to permit a debtor to consent to a grant
8 of standing of a committee -- to a committee to assert claims
9 for a debtor's benefit.  And second, Section 926(a) of the
10 Bankruptcy Code, which permits creditors to request that the
11 Court appoint a trustee to pursue certain avoidance type
12 causes of action that a debtor refuses to pursue.
13 　　　　　The Court finds that movants have shown the necessity
14 and benefit of granting the Unsecured Creditors Committee and
15 members of the Oversight Board's Special Claims Committee
16 authority to pursue causes of action for the benefit of the
17 Commonwealth as provided in the revised Stipulation under
18 these unique circumstances.
19 　　　　　The Commonwealth is currently faced with Statutes of
20 Limitation that expire on May 2nd, 2019, pursuant to Sections
21 108(a) and 506 -- 546(a) of the Code.  Additionally, in light
22 of the decision of the First Circuit in *Aurelius v.*
23 *Commonwealth of Puerto Rico*, 915 F.3d 838, First Circuit,
24 2019, the method of appointment of the current Oversight Board
25 has been determined to be unconstitutional, and the 90-day

Case:17-03283-LTS   Doc#:7098-3   Filed:05/24/19   Entered:05/24/19 15:15:28   Desc:
Exhibit C - Excerpts of April 24   2019 Hearing Transcript   Page 10 of 13

236

1  stay period provided in that decision will expire on May 16 of
2  2019.
3         Accordingly, the Committee and the Oversight Board
4  are faced with a situation where even if the Oversight Board
5  were to commence these actions prior to May 2nd, its authority
6  to continue to prosecute the actions may expire or be
7  interrupted soon thereafter, presenting a risk of detriment to
8  the rights asserted in pending litigation by reason of the
9  Oversight Board's inability to act on behalf of the
10 Commonwealth.
11         Although Section 926(a)'s terms contemplate a request
12 by a creditor based upon a debtor's refusal to pursue a cause
13 of action, the Court is satisfied that the current
14 circumstances justify granting the Committee the power
15 contemplated by the revised Stipulation.  First, although the
16 Committee is not itself a creditor, it is composed of
17 creditors and represents the interests of creditors, and
18 indeed, Commonwealth creditors who are members of the
19 Committee have proffered through counsel that they would make
20 a formal Section 926 request if necessary.
21         Second, these unique circumstances present a
22 situation where the Oversight Board has decided to share its
23 responsibility to prosecute certain claims, and it has,
24 therefore, effectively refused to pursue the causes of action
25 to the extent that it has sought, by means of the motion, to

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc:
Exhibit C - Excerpts of April 24   2019 Hearing Transcript   Page 11 of 13

237

1   have the Committee share responsibility for prosecution of the
2   causes of action.  That refusal is a necessary and beneficial
3   refusal in light of the Statutes of Limitations and the
4   potential practical consequences of the end of the 90-day stay
5   of the *Aurelius* decision provided by the First Circuit.
6            Third, Section 926 contemplates a form of relief,
7   appointment of a trustee for the benefit of creditors and
8   other parties in interest, but does not necessarily provide
9   the only route to reach that form of relief when there is
10  consent.  The Court has concluded that the exceptional
11  circumstances that have been presented warrant the appointment
12  of parties who can act as trustees, along with the
13  representatives of the Oversight Board, with respect to
14  matters that are within the scope of Section 926.
15           The Court further concludes that the Oversight Board
16  can consent to a delegation of the powers it exercises on
17  behalf of the Commonwealth, thus conferring consensual
18  derivative standing under principles similar to those
19  contemplated by the *In Re STN Enterprises* line of cases.
20           The Oversight Board's determination, reflected in the
21  revised stipulation that co-plaintiff and co-trustee status is
22  necessary and beneficial to the Commonwealth under the current
23  circumstances, is sufficient to surmount the barrier of
24  PROMESA Section 305 and confer such status with the Court's
25  approval as to causes of action in addition to those

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc: Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 12 of 13

238

```
 1   enumerated in Section 926.
 2           The Court notes that the revised stipulation,
 3   specifically in paragraph 28, preserves the opportunity of
 4   defendants and adversaries and affiliated parties to challenge
 5   standing in the context of particular adversary proceedings.
 6   For the foregoing reasons, the remaining objections are
 7   overruled and the motion is granted.
 8           The movants are directed to submit a Word version of
 9   the revised Stipulation with the Proposed Order approving it
10   to chambers, and the Court will thereafter enter an
11   appropriate Order.
12           And you'll get back to me on the unsealing.  We've
13   already set a timetable for that.
14           The remaining Agenda items have been adjourned to the
15   June Omnibus hearing as enumerated in the Agenda and as
16   further stated on the record here with respect to certain
17   additional items that were adjourned.  So that concludes
18   today's Agenda.  The next scheduled hearing date is the May
19   1st, 2019, hearing in Boston with a video connection to San
20   Juan.
21           I again offer effusive thanks to the staff of the
22   court here and in New York and my chambers colleagues for
23   their untiring and hard work in preparing for and conducting
24   today's hearing; I give the court reporter, who has stamina
25   that I can only begin to envy, for her keeping up with us
```

Case:17-03283-LTS Doc#:7098-3 Filed:05/24/19 Entered:05/24/19 15:15:28 Desc: Exhibit C - Excerpts of April 24 2019 Hearing Transcript Page 13 of 13

239

1   today; and the superb ongoing support of the administration of
2   these very complex cases.
3           If there is nothing else we need to address together,
4   I say keep well and safe travels to all.  Thank you.
5           (At 5:22 PM, proceedings concluded.)
6                          *   *   *