**<u>Exhibit E</u>**

**Excerpts of May 16, 2019 Hearing Transcript**

```
 1   UNITED STATES DISTRICT COURT
     DISTRICT OF PUERTO RICO
 2   ------------------------------x

 3   IN RE: THE FINANCIAL OVERSIGHT     PROMESA
     & MANAGEMENT BOARD FOR PUERTO
 4   RICO,                              TITLE III

 5       as representative of
                                        17 BK 3283 (LTS)
 6   THE COMMONWEALTH OF
     PUERTO RICO, et al.                (Jointly Administered)
 7
                         Debtors.
 8
     ------------------------------x
 9                                      Motion Hearing
                                        May 16, 2019
10                                      2:00 p.m.

11   Before:

12           HON. LAURA TAYLOR SWAIN,

13                                           District Judge

14

15           APPEARANCES

16

     PROSKAUER ROSE LLP
17       Attorneys for Financial Oversight and Management Board
     BY:  BRIAN C. ROSEN
18
     PAUL HASTINGS LLP
19       Attorneys for Official Committee of Unsecured Creditors
         and its capacity as Commonwealth agent
20   BY:  LUC A. DESPINS
         G. ALEXANDER BONGARTZ
21
     O'MELVENY & MYERS LLP
22       Attorneys for AAFAF
     BY:  PETER FRIEDMAN
23
     BUTLER SNOW LLP
24       Attorneys for Financial Guaranty Insurance Company
     BY:  MARTIN A. SOSLAND
25
```

1  conflict comes up.

2       THE COURT:  I will ask this at the simplest, most

3  naive level.  You are not proposing to challenge bonds of one

4  of these other creditors; you are challenging liens of HTA or

5  ERS in a complaint that concludes with "and if there is no

6  lien, therefore the money belongs to the Commonwealth"?

7       MR. DESPINS:  Not in these complaints.  It has been

8  our position on the clawback that if the Court rules or is

9  prepared to rule that they are secured in HTA, our position is

10  that at that point we are allowed to argue, because the secured

11  creditors of HTA would get nothing, that the Commonwealth

12  defeats their interest because they are not a secured creditor

13  of the Commonwealth.  But not in these complaints.  That's the

14  short answer.

15       THE COURT:  Not in these complaints?

16       MR. DESPINS:  Absolutely not.

17       The point on ERS, your Honor, is that the employees

18  that are subject to the collective bargaining agreement with

19  SEIU, these are current employees.  That is very important.

20  The Retiree Committee represents retired employees.  The

21  committee represents active employees with respect to their

22  retirement benefits.

23       There are tons of these people.  These are janitors in

24  schools and all that are represented by SEIU that have put

25  millions of dollars of their own money pursuant to a law that

1　was adopted in 2000 where they were forced to fund their own

2　pension.  They put that money in ERS.

3　　　　That money is gone.  This is not the same thing as

4　having an entitlement to a pension.  This was their own money

5　they were putting in.  That money is gone.  These employees are

6　still employees because this happened in 2000.  They haven't

7　retired yet.  They are current employees and they are

8　represented by SEIU.

9　　　　THE COURT:  As to the argument that SEIU would not

10　have standing to file a proof of claim for the individual

11　underlying employee and therefore can't be a creditor in that

12　sense for 926 purposes, your response is?

13　　　　MR. DESPINS:  It's exactly that.  If you look at the

14　Altair Airline case cited in our reply, it is the only circuit

15　decision that addresses this.  What happened there was people

16　like monolines came in and said a union cannot be on the

17　Committee, they are not a creditor.  The Third Circuit said

18　absolutely they can be on the Committee as a creditor.  That is

19　the only circuit decision that I know that has addressed the

20　issue.

21　　　　It is very important to point out the bar date order.

22　Pension claims were exempted from filing, and therefore the

23　fact that there was no claim filed at ERS is of no moment

24　because these are pension claims.  They are expressly excluded

25　from the bar date, your Honor.

1      I would conclude with the Retiree Committee.  That is

2 the point you made.  They lobbied heavily with the Oversight

3 Board to replace the Committee, and that did not bear fruit.  I

4 don't know how it's possible for them to be substituted at this

5 point given that the board does not desire that.

6      I think that addresses all the points, your Honor.

7      THE COURT:  Thank you.  We will take a five-minute

8 break.  Actually, we will take a ten-minute break.  Let's

9 everyone be back in their seats by 3:10 by the clock on the

10 wall.  Thank you.

11      (Recess)

12      THE COURT:  I will now make my ruling as to the motion

13 on the record.

14      Pending before the Court is the movants' urgent joint

15 motion for entry of order approving stipulation and agreed

16 order by and among the *Financial Oversight and Management*

17 *Board, its Special Claims Committee, and Official Committee of*

18 *Unsecured Creditors Related to Joint Prosecution of Certain*

19 *causes of action of Puerto Rico Highways and Transportation*

20 *Authority and Employees Retirement System of the Government of*

21 *the Commonwealth of Puerto Rico*.  (Docket entry number 6867 in

22 case 17-3283).  I will refer to this as "the motion."

23      The Court has considered carefully the motion and the

24 terms of the proposed stipulation as well as the objections

25 filed by several parties in interest and the arguments made in

1   court today.  For the reasons that follow, the objections are

2   overruled and the motion is granted.

3       At the April 24, 2019 omnibus hearing, the Court

4   approved a similar stipulation with respect to the Commonwealth

5   that is filed as docket entry number 6524, and the Court

6   articulated its reasoning for doing so on the record.

7       In summary, the Court previously determined that it

8   has the authority to approve the consensual grant of derivative

9   standing.  The Court further determined that the Oversight

10  Board's decision to share its responsibility to pursue causes

11  of action in light of the so-called Aurelius risk constitutes

12  the necessary refusal for purposes of section 926(a) of the

13  Bankruptcy Code.

14      The Court hereby adopts and incorporates by reference

15  its earlier reasoning regarding consensual derivative standing

16  and section 926 of the code as reflected in the transcript of

17  the Court's oral opinion on the Commonwealth stipulation motion

18  at the April 24, 2019 hearing.

19      The Court finds that movants have established that

20  both necessity and debtor benefit support the grant of

21  authority to the Unsecured Creditors Committee and members of

22  the Oversight Board's Special Claims Committee to pursue causes

23  of action for the benefit of HTA and ERS in accordance with the

24  terms of the proposed stipulation.

25      The Court finds for substantially the reasons set

1  forth in the relevant portion of the movants' reply brief that

2  SEIU has the requisite creditor status under section 926 of the

3  code by virtue of its members' claims against ERS.

4        In the context of the HTA and ERS Title III cases, the

5  relevant statutes of limitation expire on May 20, 2019,

6  pursuant to bankruptcy code sections 108(a) and 546(a).  The

7  litigation contemplated by the stipulation must be commenced

8  within the next few days.

9        Additionally, although the President of the United

10  States has indicated that he intends to renominate the current

11  members of the Oversight Board to continue serving in such

12  capacities, he has not yet acted on his intention to do so, and

13  the First Circuit's stay of its mandate is set to expire on

14  July 15, 2019.  Therefore, despite the arguments made by the

15  objectors, the future status of the Oversight Board remains in

16  question and the movants are still in a situation where the

17  Oversight Board's authority to prosecute the actions may expire

18  or be interrupted soon after the May 20, 2019 deadline.

19        In the face of such uncertainty, it would be imprudent

20  for the Court to deny the requested relief.  Accordingly, the

21  Court finds that the framework contemplated by the proposed

22  stipulation is both necessary and beneficial to HTA and ERS.

23        The Court is satisfied that the Committee is the

24  proper party to be appointed as co-plaintiff and co-trustee in

25  these cases at this juncture.  It is the only official

1   committee that has been appointed in both the HTA and ERS

2   cases.

3           Moreover, the Court finds the argument that there are

4   relevant conflicts of interest on the part of the Committee

5   unpersuasive.  As made clear in the pleadings, the stipulation

6   seeks to pursue claims against third parties, not interdebtor

7   claims.  Interdebtor claims are subject to the

8   intergovernmental tolling stipulation approved by the Court on

9   May 2, 2019, and filed at docket entry number 6812.

10          There is no factual basis in the record for the

11  objectors' assertion that the Committee's role and positions

12  taken as official committee in the Commonwealth case on the one

13  hand and the HTA and ERS cases on the other impede the ability

14  or willingness of the Committee to vigorously pursue claims

15  against nondebtors on behalf of HTA and ERS to recover monies

16  or protect rights of those debtors, that is, HTA and ERS.

17          The fact that a pending motion exists that challenges

18  this authority of the Committee in the ERS case does not change

19  this analysis.  Unless and until the Court determines

20  otherwise, the Committee is a valid statutory entity in both

21  the ERS and HTA cases.  Moreover, it is the only entity with

22  which the Oversight Board has agreed to share its

23  responsibility to pursue causes of action.

24          In the event the Court subsequently decides to disband

25  the Committee in the ERS case and in light of the any other

1   actions affecting the Oversight Board's status that may have

2   been taken by that time, the Oversight Board will need to

3   evaluate the circumstances and determine whether it deems it

4   necessary to seek to replace the Committee with another party

5   plaintiff or request other relief from the Court to address the

6   so-called Aurelius risk.

7            For the foregoing reasons, the objections are

8   overruled and the motion is granted.  Movants are directed to

9   submit a Word version of the stipulation to Chambers.  The

10  Court will thereafter enter an appropriate order approving the

11  stipulation.

12           This concludes our proceeding today.  Is there

13  anything else that we need to discuss together?  I thank the

14  Court staff in New York and Puerto Rico for their unfailing

15  excellence and support.  The next scheduled hearing is the June

16  12th Omnibus Hearing in San Juan.  We are adjourned.  Keep well

17  everyone.

18           (Adjourned)

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   UNITED STATES DISTRICT COURT)
                               ) ss.
2   OF PUERTO RICO            )

3

4                        REPORTER'S CERTIFICATE

5

6          I, Thomas W. Murray, do hereby certify that the above

7   and foregoing pages, consisting of the preceding 80 pages

8   constitutes a true and accurate transcript of our stenographic

9   notes and is a full, true, and complete transcript of the

10  proceedings to the best of our ability.

11          Dated this 18th day of April, 2019.

12          S/Thomas W. Murray _____

13          Thomas W. Murray

14          Official Court Reporters
            500 Pearl Street
15          New York, NY 10007
            212-805-0320
16

17

18

19

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300