# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>Plaintiff,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO<br><br>Debtor[1] | CIVIL NO.: 17-BK-03283 (LTS)<br><br>PROMESA<br><br>TITLE III |

**COOPERATIVA DE SEGUROS MULTIPLES' OMNIBUS RESPONSE AND RESERVATION OF RIGHTS IN OPPOSITION TO THE TWENTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EXACT DUPLICATE CLAIMS [ECF NO. 6272]**

**TO THE HONORABLE COURT:**

   **COMES NOW** creditor **Cooperativa de Seguros Múltiples de Puerto Rico ("Cooperativa")**, through the undersigned counsel, and respectfully responds in opposition to the Twenty Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Exact Duplicate Claims [ECF No. 6272] "the Objection"), and states and prays as follows:

   1. The Commonwealth of Puerto Rico (" Debtor") has objected to some of Cooperativa's timely filed proofs of claim as duplicative.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. Cooperativa did amend certain of its original claims rendering its original claims duplicative. However, the Twenty Third Objection erroneously identifies the duplicative claims.

3. The confusion arises from Debtor's reliance on Prime Clerk's claims registry. Cooperativa filed its claims through the Court's CM/ECF system which identifies the amended claims whereas the Prime Clerk registry does not.

4. In Debtor's Objection No. 382, Prime Clerk Claim No. 24272, ECF Claim No. 1296-1, for $4,045.48 is not duplicative. CM/ECF assigned it Claim No. 1296-1 which was not amended.

5. Instead, Debtor's identified surviving claim, Prime Clerk No. 21148, CM/ECF No. 1297-1 also for $4,045.48, is the duplicative claim. Cooperativa amended it through Prime Clerk Claim No. 25233, CM/ECF Claim No. 1297-2, for $7,064.05.

6. In the previous example the duplicative claim is Prime Clerk Claim No. 21148 and not Prime Clerk Claim No. 24272 as the Objection proposes.

7. In Debtor's Objection No, 386, Prime Clerk Claim No. 25763, CM/ECF Claim No. 1666-1, Cooperativa moves the Court to deny Debtor's objection. This claim was the first of two duplicative claims filed and is correct. The claim Debtor identifies as the surviving claim, Prime Clerk Claim No. 25184, CM/ECF 1669-1, was the later filed and thus duplicative claim.

8. Cooperativa has filed an Amended Proof of Claim correcting Prime Clerk Claim No. 25184, CM/ECF 1669-1.

9. Cooperativa does not object to the non-substantive disallowance of the duplicative claims it filed against the Commonwealth, contingent on a finding that each of the remaining claims is prima facie valid, pursuant to 11 U.S.C. §502(a), regardless of which system was used to process them. Cooperativa expressly reserves any rights in connection therewith and requests that, to the extent any argument is made regarding any procedural disallowance of claims depending on

which system was used to process the Claims, the non-substantive disallowance requested by Debtor should not prejudice Cooperativa's rights and claims, which were and are expressly reserved.

RESPECTFULLY SUBMITTED.

In Lake Worth, Florida, for San Juan, Puerto Rico, on this 24th day of May 2019.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record, and served a copy of the same via e-mail to Counsel for the Oversight Board and to the Creditors' Committee.

VALDES ORTIZ LAW OFFICES, PA
8461 Lake Worth Rd.
Suite 420
Lake Worth, FL 33467
Tel: (561) 340-1410

**s/ Hector E. Valdes Ortiz**
HECTOR E. VALDES ORTIZ
USDC-PR No. 219411
hvaldes@v-olaw.com

*Counsel for Creditor*
*Cooperativa de Seguros Múltiples*
*De Puerto Rico*