**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>  Debtor.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-03283 (LTS) |

**OBJECTION OF FINANCIAL GUARANTY INSURANCE COMPANY
TO OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS
SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF
SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY
<u>PROCEEDINGS RELATING TO CERTAIN CHALLENGED HTA BONDS</u>**
[Dkt. # 7060]

Financial Guaranty Insurance Company ("***FGIC***"), by and through its attorneys Rexach & Picó, CSP and Butler Snow LLP, files this limited objection (the "***Objection***") to the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged HTA*

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "***Commonwealth***") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("***COFINA***") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("***HTA***") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("***ERS***") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("***PREPA***") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (the Commonwealth, COFINA, HTA, ERS and PREPA, each a Debtor and collectively, the "***Debtors***") (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

47637924.v1

*Bonds* [Dkt. # 7060] (the "***Motion***").[2] In support of this Objection, FGIC respectfully states as follows:

1. FGIC provides financial guaranty insurance covering approximately $431 million of outstanding bonds issued by HTA. Under relevant provisions of the applicable bond documents, bond insurance policies, and applicable law, payment by FGIC neither satisfies nor discharges an issuer's obligation to pay and, to the extent FGIC makes such payments, it obtains assignments of rights from the bondholders, becomes owner of the bonds, and/or becomes subrogated to the rights of bondholders and effectively steps into the shoes of such bondholders.

2. Along with 19 other Defendants, FGIC is a Defendant in Adversary Proceeding No. 19-00363, which is one of four lien avoidance actions involving HTA bonds that are the subject of Plaintiffs' Motion.

3. Through their Motion, Plaintiffs seek six months to effectuate service of their complaints in these four cases *plus* an unlimited, unilateral stay that gives only Plaintiffs (besides the Court) the power to terminate. The grounds offered for such relief—that Plaintiffs need such time to serve all Defendants, obtain global scheduling orders and pursue settlement discussions—are not applicable with respect to Adversary Proceeding No. 19-00363 in which FGIC is a Defendant. Nor is it tenable to grant an unlimited stay of the action against all Defendants while Plaintiffs negotiate with an unidentified subset of the Defendants grouped together at Plaintiffs' choosing. If Plaintiffs are uninterested in either prosecuting Adversary Proceeding No. 19-00363 or negotiating with certain Defendants, then the Adversary Proceeding

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

2

should be dismissed. In no event should the Court issue the unfair, one-sided order that the Plaintiffs request.

4. Accordingly, FGIC requests that the Court deny Plaintiffs' Motion as it relates to Adversary Proceeding No. 19-00363 or, if anything, enter an order that (a) allows Plaintiffs 90 days from its entry to effectuate service, and (b) stays the proceedings, except for purposes of effectuating service, for 90 days from its entry.

**Objection**

5. In their Motion, Plaintiffs request that they be given until *at least* November 18, 2019, to effectuate service on the Defendants in the four Adversary Proceedings, including Adversary Proceeding No. 19-00363. (Title III Case No. 17-03283, DOC # 7060, p. 7 of 13, ¶ 13). They also ask that the Court stay, for an indefinite period of time, all of the Adversary Proceedings. (*Id*.). Per the terms of the proposed stay, the proceedings would be stayed until either:

> (a) a request by all plaintiffs in a particular Adversary Proceeding to resume the Adversary Proceeding or (b) further order of the Court, including upon a request by any plaintiff or any defendant in an Adversary Proceeding to resume the Adversary Proceeding for good cause shown. (*Id*.).

6. Plaintiffs contend that they cannot effectuate service under the 90 days allowed by Federal Rule of Civil Procedure 4 given the number of Defendants and that they "lack address information for some of the defendants and may not be able to obtain some information without a Court order." (Title III Case No. 17-03283, DOC # 7060, p. 10 of 13, ¶ 18). As to the stay, Plaintiffs assert that it is necessary to obtain global scheduling orders and avoid a situation where the proceedings progress on "hundreds of different schedules". (*Id*. at p. 11 of 13, ¶ 21). Additionally, Plaintiffs suggest that the additional service time *plus* the unlimited stay is necessary to provide them with an opportunity to "explore settlement discussions with **certain**

3

defendants and continue to evaluate the necessity of pursuing certain claims, including claims against individuals." (*Id*. at p. 5 of 13, ¶ 2 (emphasis added)).

7. Plaintiffs in Adversary Proceeding No. 19-00363 do not need unlimited time, or even until November 18, 2019, to effectuate service on the 20 named-Defendants, all of which are entities known to Plaintiffs. Indeed, in their Complaint in that proceeding, Plaintiffs state that "Defendants' names, the proof of claim numbers for their Bond claims, and their addresses are listed in **Exhibit A**, attached hereto." (Adv. Proc. No. 19-00363, DOC # 1, ¶ 10 (emphasis in original)). Moreover, a majority of the 20 Defendants have appeared in the Title III cases through counsel, either individually or as a member of a group that has filed a Rule 2019 Disclosure Statement. (*See, e.g.*, Title III Case No. 17-03283, DOC # 911 (*Notice of Appearance*); Title III Case No. 17-03283, DOC # 5807 (*First Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019*); Title III Case No. 17-03283, DOC # 6067 (*Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019*)). Thus, Plaintiffs' contention in their Motion that they "lack address information for some of the defendants and may not be able to obtain some information without a Court order" is undoubtedly false as it pertains to Adversary Proceeding No. 19-00363. (Title III Case No. 17-03283, DOC # 7060, p. 10 of 13, ¶ 18). Ultimately, if proceeding in good faith, it should not be difficult for Plaintiffs to initiate and finalize service of process on all of the Defendants in Adversary Proceeding No. 19-00363 within the 90 days permitted by Federal Rule of Civil Procedure 4.

8. Plaintiffs request for an indefinite stay of Adversary Proceeding No. 19-00363 should likewise be denied because they do not need unlimited time to corral the named-

Defendants under a uniform scheduling order. While some Defendants may be served on separate days and may therefore submit responsive pleadings at different times, the idea that this will cause the litigation of this Adversary Proceeding to proceed on 20 different schedules is illusory. In reality, Defendants will be served and will file responsive pleadings within a relatively short window. Thereafter, once all Defendants are properly before the Court, the parties can confer in good faith to propose a mutually convenient scheduling order and/or rely on the Court to set an Initial Scheduling Conference under Puerto Rico Local Bankruptcy Rule 7016.

9. Plaintiffs also do not need additional time for service of process nor an unlimited stay of Adversary Proceeding No. 19-00363 to identify those with whom they wish to pursue settlement discussions. Plaintiffs do not state that they intend to pursue settlement with all Defendants, but instead only "*certain* defendants". (Title III Case No. 17-03283, DOC # 7060, p. 5 of 13, ¶ 2 (emphasis added)).

10. FGIC is likely not on Plaintiffs' presumed list of settlement partners as Plaintiffs have never expressed interest in pursuing settlement discussions with FGIC. The Motion is devoid of any suggestion of how Plaintiffs are selecting the Defendants they deem worthy of such discussions and lacks any explanation as to why Plaintiffs will attempt settlement with some Defendants but not others. In fact, Plaintiffs lack a legitimate reason to only attempt settlement with a subset of Defendants as Plaintiffs' claims as the issues present in all of the Adversary Proceedings are substantially the same. Moreover, based on the manner in which Plaintiffs articulate their allegations in all of the Adversary Proceedings subject to Plaintiffs' Motion, it appears that Plaintiffs' claims in these proceedings hinge more on legal issues than

5

factual ones.[3] Ultimately, FGIC should not be forced into a process in which unidentified co-Defendants are selected by Plaintiffs based on unknown criteria to negotiate on FGIC's behalf. *See Landis v. North American Co.*, 57 S.Ct. 163, 166, 299 U.S. 248, 255 (1936) (where Justice Cardozo instructed that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both" and further instructed that "discretion was abused by a stay of indefinite duration in the absence of a pressing need").

11. Moreover, the prospects of settlement appear dim at best as the purpose of Plaintiffs' claims in Adversary Proceeding No. 19-00363 (and all other Adversary Proceedings that are the subject of Plaintiffs' Motion) is to avoid Defendants' lien rights, not to recapture any monies presently held by Defendants. Regardless, granting Plaintiffs an unlimited stay creates no incentive for them to engage in any good-faith settlement discussions with FGIC or others.

12. If the Court is nonetheless inclined to grant Plaintiffs additional time for service and a stay of litigation, FGIC requests that Plaintiffs' proposed relief be modified as to Adversary Proceeding No. 19-00363. *First*, FGIC proposes that Plaintiffs be granted an additional 90 days from entry of the Court's order on their Motion to effectuate service of Defendants in Adversary Proceeding No. 19-00363. This is more than sufficient time to serve these Defendants, all of whom are entities that Plaintiffs already have identified with addresses.

13. *Second*, FGIC proposes that any stay be similarly set to terminate 90 days from entry of the Court's order absent an agreement by all parties. This will provide enough time to coordinate schedules and allow space for settlement discussions. Indeed, it will create far more

---

[3] For example, the "Facts" section of Plaintiffs' Complaint in Adversary Proceeding No. 19-00363 consists almost entirely of inappropriate legal conclusions and Plaintiffs' skewed interpretation of certain laws and agreements. (Adv. Proc. No. 19-00363, DOC # 1, ¶ 18-79).

incentives to pursue productive settlement talks than the one-sided, unfair stay proposed by Plaintiffs. Moreover, to the extent that Plaintiffs and any number of Defendants are engaged in settlement discussions beyond the proposed 90 day stay, such Defendants and Plaintiffs can enter into a tolling agreement(s) and/or sever their disputes from the existing Adversary Proceeding to continue settlement negotiations. Unlike Plaintiffs' proposed stay, the 90 day stay proposed by FGIC does not unduly burden those Defendants, such as FGIC, that desire to bring their dispute with Plaintiffs to a head while at the same time allowing those parties that wish to explore settlement the opportunity to do so. *See Landis,* 57 S.Ct. at 166 (advising that a court's exercise of power to grant a stay "can best be done [through] the exercise of judgment, which must weigh competing interests and maintain an even balance").

## Conclusion

14. In light of the foregoing, FGIC requests that the Court wholly deny the Motion as it relates to Adversary Proceeding No. 19-00363. Alternatively, FGIC requests that, at most, the Court enter an order that provides Plaintiffs in Adversary Proceeding No. 19-00363 with 90 days from its entry to complete service of process on the Defendants and stays the proceedings, except for purposes of effectuating service of process, for the same time period.

Dated: May 28, 2019

                                        Respectfully submitted,

                                        REXACH & PICÓ, CSP

                                        By: *María E. Picó*
                                            María E. Picó
                                            USDC-PR 123214
                                            802 Ave. Fernández Juncos
                                            San Juan PR 00907-4315
                                            Telephone: (787) 723-8520
                                            Facsimile: (787) 724-7844
                                            E-mail: mpico@rexachpico.com

BUTLER SNOW LLP

By: *Martin A. Sosland*
    Martin A. Sosland (*pro hac vice*)
    5430 LBJ Freeway, Suite 1200
    Dallas, TX 75240
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    E-mail: martin.sosland@butlersnow.com

    Stanford G. Ladner (*pro hac vice*)
    1700 Broadway, 41st Floor
    New York, NY 10019
    Telephone: (646) 606-3996
    Facsimile: (646) 606-3995
    E-mail: stan.ladner@butlersnow.com

    Christopher R. Maddux (*pro hac vice*)
    J. Mitchell Carrington (*pro hac vice*)
    1020 Highland Colony Parkway, Suite 1400
    Ridgeland, MS 39157
    Telephone: (601) 985-2200
    Facsimile: (601) 985-4500
    E-mail: chris.maddux@butlersnow.com
     mitch.carrington@butlersnow.com

    Jason W. Callen (*pro hac vice*)
    150 3rd Avenue, South, Suite 1600
    Nashville, TN 37201
    Telephone: (615) 651-6774
    Facsimile: (615) 651-6701
    E-mail: jason.callen@butlersnow.com

*Attorneys for Financial Guaranty Insurance Company*

47637924.v1