# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE UNITED STATES OF AMERICA TO TWENTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS**

The United States of America, on behalf of the Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), hereby responds to the *Twentieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* (the "Objection") (Docket No. 6269).[2]

1. The Objection seeks to disallow CBP's Claim Number 10355 filed May 3, 2018, because CBP's later Claim Number 167925, filed November 9, 2018, amends and supersedes it. *Objection Ex. A* at 12.

2. The Objection asserts the "holders of the Claims to Be Disallowed [CBP's Claim

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Number 10355] will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Amended Claim [CBP's Claim Number 167295]." Objection at 5. The Debtors reserve, however, "their right to object to the Remaining Amended Claims on any other grounds." *Id*.

3. CBP filed its Claim Number 167925 after the June 29, 2018 bar date as an amendment to its timely filed Claim Number 10355. CBP believes that Claim Number 167925 properly amends and relates back to Claim Number 10355. *See Midland Cogeneration Venture Ltd. P'ship* (*In re Enron Corp.*), 419 F.3d 115, 133 (2d Cir. 2005) (citing Fed. R. Bankr. P. 7015); *Gens v. Resolution Trust Corp.* (*In re Gens*), 112 F.3d 569, 575 (1st Cir. 1997); *In re Martinez*, 513 B.R. 779, 784-85 (Bankr. D.P.R. 2014).

4. The Objection does not seek to disallow CBP's Claim Number 167925 on the basis that it is untimely and does not relate back to Claim Number 10355 but does expressly reserve the Debtors' right to do so after Claim 10355's disallowance as having been amended and superseded by Claim Number 167925. *Objection* at 5 (reserving the right to object later "on any other grounds"). Hence, contrary to the Debtors' assertion, the disallowance of Claim Number 10355 does prejudice CBP because the Debtors cannot disallow one claim as being amended and superseded by a later claim and then reserve the unfettered right to object to that later claim as being untimely filed and not relating back to the disallowed claim. If the Debtors did file such a later objection to CBP's Claim Number 167925, CBP could face the argument that that claim cannot relate back since the order granting this Objection has already disallowed Claim Number 10355 and deleted it from the claims register, i.e., there would be no claim to relate back to.

5. Moreover, even in the absence of such an argument, if the Court later disallows

Claim Number 167925 under a traditional relation back analysis, CBP would normally still have its original, timely filed claim. But the granting of this Objection would have already disallowed and expunged that claim.

6. To avoid this unwarranted and inequitable result, any order granting the Objection should make clear that the Debtors' right to object to CBP's Remaining Amended Claim (Claim Number 167925) does not include an objection based on the untimeliness of that claim.[3]

This 28th day of May 2019.

    Respectfully submitted,

    Assistant Attorney General
    JOSEPH H. HUNT
    United States Attorney
    ROSA EMILIA RODRÍGUEZ-VÉLEZ
    United States Attorney
    HÉCTOR E. RAMÍREZ-CARBÓ
    Assistant United States Attorney
    Civil Chief

    /s/ Matthew J. Troy
    RUTH A. HARVEY
    MICHAEL J. QUINN
    MATTHEW J. TROY
    USDC # G02707

    Attorneys, Civil Division
    U.S. Department of Justice
    P.O. Box 875
    Ben Franklin Station
    Washington, D.C. 20044
    (202) 514-9038 (o)
    (202) 307-0494 (f)
    matthew.troy@usdoj.gov

---

[3] CBP explored with the Oversight Board whether the Objection's proposed order could be so revised. As of the filing of this response, CBP understands that the Oversight Board is not willing to do so.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of May 2019, I caused a true and correct copy of the foregoing Response to be filed with the Clerk of the Court using the CM/ECF system, which will generate electronic notification to all CM/ECF participants in these cases.

                                              /s/ Matthew J. Troy