**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------ x

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING AMENDED OMNIBUS OBJECTION PROCEDURES, (B) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e), (C) APPROVING ADDITIONAL FORMS OF NOTICE, AND (D) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") respectfully files this limited objection (the "Objection") to the Debtors' *Motion for Entry of an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [Docket No. 7056] (the "Motion").[2] In support of this Objection, the Committee states as follows:

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**PRELIMINARY STATEMENT**

1. As the Court is well aware, the Committee has been a strong proponent of promptly implementing a comprehensive alternative dispute resolution ("ADR") process that will allow for the fair, efficient, timely, and cost-effective resolution of thousands of claims against the Debtors without the need for extensive objection practice before this Court. For this reason, the Committee first proposed the concept of an ADR process to the Oversight Board in January 2018. The ADR process proposed by the Committee in January 2018 was largely modeled after the ADR process developed in the Detroit chapter 9 case (which involved the combined use of mediation and arbitration) and specifically contemplated the use of arbitrators with knowledge of Puerto Rico law and a working knowledge of Spanish. Indeed, Puerto Rico law will govern the allowance of claims in most instances, a large part of the documentation supporting claims will be in Spanish, and numerous witnesses with knowledge of claims will speak Spanish only. That ADR process proposal was rejected by the Oversight Board.

2. The Motion now proposes not to address the ADR process at all at this stage. The Amended Omnibus Procedures would allow the Debtors to bring thousands of *substantive* claim disputes before this Court at once—burdening the Court's docket with pleadings while subjecting thousands of creditors to the demands of objection practice—*without providing creditors any means of accessing a real ADR process as an alternative*. This is a recipe for an expensive and drawn-out claims litigation process that would impede the progress of the Title III cases and only inflict further harm on creditors who in many cases have already waited years without payment.

3. The Committee anticipates that the Oversight Board will assert that a motion to approve the Oversight Board's ADR process will be filed soon, but that they just were not able to have the Motion and a motion to approve ADR heard at the same time. However, the Committee

2

believes that a real ADR process is too important as an alternative for general unsecured creditors and that any slight delay in considering the Motion while an ADR process is presented to the Court is greatly outweighed by the benefit that an ADR process of the type suggested by the Committee would provide to general unsecured creditors. Therefore, the Motion should be adjourned at this time until an appropriate ADR procedures motion has been filed and approved by the Court, and the substantive Amended Omnibus Procedures should be synchronized with the ADR procedures in order to give creditors who will be eligible for ADR, but could be subject to a substantive omnibus objection if the Motion is approved, the opportunity to participate in the ADR process.

4. To the extent that the Court wishes to consider approving the Motion separate and apart from an ADR process, a number of issues should be addressed. Specifically, and as further discussed below, the Motion proposes to impermissibly shift the evidentiary burden in connection with claims disallowance to creditors and to add new grounds for omnibus objections which should be viewed with caution by the Court given the facts of these cases.

## OBJECTION

### I. Omnibus Motion Should Be Deferred Prior to Court Consideration and Approval of ADR Process

5. The Motion's proposal that thousands of substantive claim disputes be resolved in objection practice before this Court cannot be squared with the Oversight Board's stated goal of implementing a comprehensive ADR process—a process that all agree will be an important claims resolution alternative for thousands of creditors in these cases. Upon information and belief, many of the Debtors' creditors have already waited years for resolution of their unsecured claims, without success, and fear being forced to wait many more years to resolve such claims.

Thus, as the Committee has raised before the Court previously,[3] it will not be sufficient to confirm a plan of adjustment; it will also be imperative to ensure that plan distributions are actually received by claimants in a timely fashion, which of course means that many such claims require a process that provides for a claim to be allowed in a timely manner. Omnibus substantive claim objections before the Court are unlikely to expedite the claims reconciliation process for the benefit of creditors, and are more likely to increase costs for such creditors and trigger a lengthier resolution process and an increased need to retain counsel. ADR has helped thousands of creditors in other chapter 9 and chapter 11 cases, and can do so here as well.[4]

6. In addition, the proposed substantive claim litigation will significantly burden the Court's docket with contested matters, many of which will involve Puerto Rico law and Spanish language documents and witnesses.[5] In this respect, there is a fundamental difference between the non-substantive grounds for objection provided by Bankruptcy Rule 3007(d) and the current non-substantive Initial Omnibus Procedures Order,[6] compared to the substantive grounds now proposed by the Debtors. As stated in the Advisory Committee Notes to Rule 3007, "[o]bjections of the type listed in [Bankruptcy Rule 3007(d)] often can be resolved without material factual or legal disputes."[7] By contrast, the substantive grounds for objection proposed by the Debtors will involve numerous material factual and/or legal disputes that will have to be

---

[3] *See* Nov. 7, 2018 Hr'g Tr., at 34: 2-6 (noting that even if a plan of adjustment were "adopted tomorrow [and] confirmed tomorrow that would say we get X cents on the dollar, unless these cents are actually given because the claims have been resolved [the plan] is meaningless").

[4] *See e.g.*, *In re City of Detroit*, Case No. 13-53846, (Bankr. E.D. Mich. Dec. 24, 2013) [Docket No. 2302] (approving ADR procedures); *In re Hostess Brands, Inc.*, No. 12-22052 (Bankr. S.D.N.Y. June 11, 2012) [Docket No. 1085] (same); *In re Dana Corp.*, No. 06-10354 (Bankr. S.D.N.Y. May 23, 2007) [Docket No. 5372] (same).

[5] The Debtors have provided for translated notices and Spanish-language telephone support, but it is not clear how the Debtors intend to fully accommodate the language issue in connection with potentially litigating thousands of claims challenged on substantive grounds.

[6] Initial Omnibus Procedures Order, ¶ 2 [Docket No. 4230] (allowing the Debtors to "file Omnibus Objections that include objections to claims on any basis provided for in Bankruptcy Rule 3007(d)(1) – (7)").

[7] Fed. R. Bankr. P. 3007, Advisory Committee Note (2007).

4

resolved on a case-by-case basis. The Debtors' suggestion that a thousand of these disputes be brought before the Court in each substantive omnibus objection without an ADR alternative as an option should be rejected.

7. Given the issues described above, the Court should exercise the discretion afforded to it under Bankruptcy Rule 3007(c)[8] to defer the Motion until proposed ADR procedures are filed and approved by the Court.

## II. Certain Modifications to Amended Omnibus Procedures Should Be Made

8. In addition, the Debtors should be required to make certain modifications to the Amended Omnibus Procedures as such procedures would impermissibly shift the evidentiary burden in connection with claim disallowance to creditors while also allowing multiple improper grounds for omnibus objections, though the approval of an ADR process such as the one proposed by the Committee (which typically gives the arbitrators some discretion to regulate the conduct of arbitration proceedings) would ameliorate many of the Committee's concerns.

### A. Amended Omnibus Procedure Shifts Evidentiary Burden to Creditors

9. Under section 502(a) of the Bankruptcy Code, a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity of such claim.[9] Thus, when a party in interest files an objection to a proof of claim, the burden falls upon the objector to produce "substantial evidence"[10] that "entails more than bare assertions of

---

[8] Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection").

[9] *Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). *See also In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Hess*, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009).

[10] *In re Hemingway Transp.*, 993 F.2d at 925 (objection to a claim does not deprive the claim of its presumptive validity unless it is supported by substantial evidence (citing *Norton Bankruptcy Law & Practice, Bankruptcy Rules* at 191 (1992)).

5

error"[11] and is sufficient to "negate the *prima facie* validity of the filed claim."[12] Specifically, such evidence must consist of "evidentiary-quality material which, if accepted, would qualify or contradict the claimants asserted rights."[13] Only subsequently, upon a presentation of such "substantial evidence," is the claimant "required to come forward with evidence to support its claims," and "bears the burden of proving its claims by a preponderance of the evidence."[14] Thus, after a claim is properly filed it is the ***objector*** to a claim that is the party that bears the burden of producing evidence against the claimant.

10. However, the Amended Omnibus Procedures appear to shift the evidentiary burden onto creditors in contravention of section 502(a) of the Bankruptcy Code. While the Amended Omnibus Procedures indicate that each omnibus objection will state the "factual and legal bases"[15] on which the objection is asserted and will similarly contain the "grounds" for each objection,[16] there is no indication that omnibus objections will contain the substantial evidence necessary to negate the prima facie validity of a claim.[17] Nevertheless, under the Amended Omnibus Procedures, the filing of the objection forces claimants—many of whom are

---

[11] *In re Perron*, 474 B.R. 310, 313 (Bankr. D. Me. 2012).

[12] *Alper Holdings USA,* No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (quoting *In re Spiegel, Inc.*, No. 03-11540, 2007 WL 2456626, *15 (Bankr. S.D.N.Y. Aug. 22, 2007)). *See also In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, at *17 n.8 (Bankr. S.D.N.Y. Mar. 1, 2007) (noting that "[t]he claimant is only required to prove the merits of the claim if an objection is made and evidence that supports the objection is offered" (quoting 4 King, et al, Collier on Bankruptcy P502.02[3][f] (15th ed. rev. 2004)).

[13] *In re Perron*, 474 B.R. at 313–14. *See also, e.g. Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3d Cir. 1992) ("[T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.").

[14] *Am. Express Bank, FSB v. Askenaizer* (*In re Plourde)*, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009) (citing *Tracey v. United States* (*In re Tracey*), 394 B.R. 635, 639 (1st Cir. BAP 2008)).

[15] Mot. para. 9.

[16] Mot., Ex 1, Am. Omnibus Procedures, ¶ 3.c

[17] Certainly, the mere statement that the Debtors' books and records do not reflect a claim or that the Debtors are not liable on account of a claim cannot be considered "evidentiary-quality material which, if accepted, would qualify or contradict the claimants' asserted rights." *In re Perron*, 474 B.R. at 313–14. The Debtors may intend to provide more evidence than these kinds of empty statements, but the Motion and Amended Omnibus Procedures do not so provide.

6

*pro se* individuals unfamiliar with a claims resolution process—to provide evidence to defend their claims. In a complete reversal of roles, the creditor is now the party that bears the burden of producing evidence against the objecting Debtor.

11. Practically speaking, this improper role reversal places claimants in a difficult position. Claimants simply told that their claims are, for example, not supported by the Debtors' books and records will have no knowledge of the nature of the evidence against them, such as what documents in the Debtors' possession support the proposed disallowance. A claimant may have to engage in discovery against the Debtors in order to understand the basis for disallowance or for an alternative claim amount proposed in connection with a books and records objection, and while the Debtors in their Motion clarify that there is no prohibition against discovery in the Amended Omnibus Procedures, the instructions in connection with the filing of responses to omnibus objections require creditors to provide documents but make no mention of creditors' discovery rights, thus leaving the impression that no discovery of the Debtors is contemplated or allowed. This defect should be remedied.

        **B.**     **Amended Omnibus Procedures Contain Improper Grounds for Objection**

12. The Amended Omnibus Procedures contain five (5) new substantive grounds for objection, certain of which are of concern given the facts of these cases.

13. First, the Debtors' proposal that they be allowed to file omnibus objections on the grounds that claims "are inconsistent with the Debtors' books and records" should be removed unless the Debtors can represent that this basis to object will not be relied upon by the Debtors in the absence of other substantive evidence provided to the claimant with the objection. The Motion provides no information regarding the accuracy of the Debtors' books and records that would support the addition of this ground for objection, and this is of concern because the Commonwealth's most recent audited financial statements for fiscal year 2016 were only

7

completed and published in May 2019 (there are no audited financial statements at this time for beyond 2016). Indeed, the Oversight Board itself has publicly criticized the Debtors' financial record-keeping practices and even had to launch a costly investigation just to determine the size of the Debtors' bank accounts.[18] In this context, it is difficult to understand how the Debtors could rely solely on their books and records to cause a claim to be disallowed or even to shift the burden on the claimant to come forward with evidence to support its claim.

14. Second, the Debtors should not be allowed to object to claims on the grounds that a claim's amount is unliquidated or unknown. The Bankruptcy Code is clear that a claim is perfectly valid even if it is unliquidated,[19] and "the contingent or unliquidated nature of a claim is not a basis for disallowance"[20] under section 502(b)(1) of the Bankruptcy Code, which "specifically excludes disallowance 'because such claim is contingent or unmatured.' Rather, the Bankruptcy Code explicitly requires [a] court to *estimate* for purpose of allowance 'any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.'"[21] Thus, claims estimation may be appropriate if the liquidation of claims would unduly delay the administration of these cases.[22] However, the Debtors must carry their evidentiary burden and establish that liquidation of the applicable

---

[18] *See, e.g.*, Press Release, Fin. Oversight & Mgmt Bd. for P.R. Oversight Board To Conduct An Independent Forensic Investigation Into Recently-Published Government Bank Accounts (Dec .18, 2017), https://drive.google.com/file/d/1eMDBq5ya5Ylfiyvcv3YK7PCa0GBYdii8/view (press release announcing independent forensic investigation into government bank accounts and quoting Oversight Board Chairman José Carrión stating that "[f]or too long, the Commonwealth has sacrificed fundamental best practices in financial reporting").

[19] 11 U.S.C. § 101(5)(A)(defining "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured").

[20] *In re Benanti*, No. 15-71018, 2018 WL 1801194, at *6 (Bankr. C.D. Ill. Apr. 13, 2018), reconsideration denied, No. 15-71018, 2018 WL 5884923 (Bankr. C.D. Ill. Nov. 6, 2018).

[21] *In re Great All. Title & Escrow, LLC*, No. 07-13412-SSM, 2009 WL 2018986, at *2 (Bankr. E.D. Va. July 5, 2009) (internal citation omitted) (italics in original).

[22] *See In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D. Mich. 1997) ("[B]ankruptcy law's general rule is to liquidate, not to estimate. For estimation to be mandatory, then, the delay associated with liquidation must be 'undue.'").

8

claims will unduly delay the administration of the cases, a point that they do not raise in their Motion.

16. Finally, the Debtors should not be able to interpose an omnibus objection merely because a claim seeks recovery for an amount for which the Debtors believe they are not liable. This is essentially a meaningless catch-all, because nearly every substantive claim objection is based on the theory that the Debtors are not liable on a claim, in whole or in part, for one reason or another. Essentially, the Debtors are asking the court to abandon all limitations on omnibus claim objections when the clear policy of the Bankruptcy Rules is that such limitations are generally required "to ensure the protection of the due process rights of the claimants."[23] The Debtors cannot expand the grounds for omnibus objections beyond all reasonable limitations.[24]

## CONCLUSION

16. For the reasons stated above, the Committee requests that the Motion be adjourned, or at the very least that the relief granted by the Court be modified to reflect the issues raised herein.

---

[23] Fed. R. Bankr. P. 3007, Advisory Committee Note (2007). The Committee acknowledges that it may be appropriate for the Debtors to object to claims by asserting they are not liable for a claim or that a claim is not reflected in their books and records where a proof of claim provides no information at all regarding the basis for the asserted claim. However, the Debtors should not use a "one-size-fits-all" approach and should not be able to object to a claim on these grounds if a claimant has in fact attached documentation or otherwise described the basis for the claim.

[24] It should be noted that the authorities cited by the Debtors are not particularly persuasive, as they consist of either (1) court opinions that do not address the issues raised in this objection, *see Canal Corp. v. Finnman (In re Johnson),* 960 F.2d 396, 404 (4th Cir. 1992) (dealing with bankruptcy court jurisdiction and equitable powers to order distribution of funds); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) (dealing with bankruptcy court authority to enter sale order), or (2) omnibus objection procedures orders in other cases, the entry of which appears to have not been contested. *See In re Payless Shoes,* Case No. 17-bk-42267 (Bankr. E.D. Mo.), ECF No. 1831; *In re EnviroSolutions of New York, LLC*, Case No. 10-11236-smb (Bank. S.D.N.Y. 2011), ECF No. 234; *In re The Budd Company, Inc.*, Case No. 14-11873 (Bankr. N.D. Ill. 2015), ECF No. 1172; *In re LandAmerica Financial Group, Inc.*, 08-35994-KRH (Bankr. E.D. Va. 2010), ECF No. 1772.

9

WHEREFORE, the Committee respectfully requests that this Court adjourn the Motion.

Dated: May 28, 2019

/s/ Luc A. Despins

PAUL HASTINGS LLP
Luc. A. Despins, Esq. (Pro Hac Vice)
James R. Bliss, Esq. (Pro Hac Vice)
Michael E. Comerford, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*