IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**OPPENHEIMER FUNDS' JOINDER TO THE OBJECTION OF THE
AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO
THE MOTION TO EXTEND TIME FOR SERVICE OF SUMMONSES AND
COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS
RELATED TO CERTAIN CHALLENGED GO BONDS**

Certain funds managed or advised by OppenheimerFunds, Inc. (the "**Oppenheimer Funds**")[2] hereby submit this joinder to the objection of the Ad Hoc Group of General Obligation Bondholders (the "**Ad Hoc GO Group Objection**") to the motion of the Official Committee of Unsecured Creditors and the Financial Oversight and Management Board seeking to extend the time for service of summonses and complaints and to stay certain adversary proceedings related to certain Challenged GO Bonds [Dkt. No. 6857] (the "**Motion**").[3]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Oppenheimer Funds purchase and hold municipal bonds on behalf of hundreds of thousands of ordinary investors across the United States and Puerto Rico who invest to save for important life expenses. For more than 30 years, the Oppenheimer Funds have invested capital into the Commonwealth and its instrumentalities, which has allowed Puerto Rico to finance billions of dollars of infrastructure projects, public facility construction projects, and other capital needs. The Oppenheimer Funds collectively hold more than $500 million of GO Bonds, including more than $75 million of the Challenged GO Bonds referenced in the Motion.

[3] Capitalized terms not defined herein shall have the meaning given to such terms in the Motion.

## JOINDER

1. Despite having questioned the validity of the GO Bonds as early as the summer of 2017[4] and despite having filed an objection relating to certain of those bonds in January 2019,[5] the Committee and the Oversight Board waited until May 2, 2019 – the eve of the expiration of the statute of limitations – to commence the Clawback and Lien Avoidance Actions. They now seek an involuntary and *indefinite* stay of these Adversary Proceedings, treating the statute of limitations as little more than a trivial inconvenience, the effects of which are easily avoided through procedural maneuvering. *See, e.g.*, Motion ¶ 14. But statutes of limitations exist for a reason: "The provision for a two-year limitations period [in the Bankruptcy Code] represents Congress's balancing of the interests of the debtor in negotiation and attention to other bankruptcy matters, against the interests of other persons in the repose of claims that may be made against them." *U.S. Brass & Copper Co. v. Caplan* (*In re Century Brass Prods, Inc.*), 22 F.3d 37, 41 (2d Cir. 1994). Here, the thousands of defendants holding billions of dollars in claims and facing substantial additional potential clawback liability have an interest in – indeed, a right to – a timely adjudication of the baseless claims against them. The Movants' desire for more time to "evaluate the costs and benefits of their claims" and "decide when moving forward with the Adversary Proceedings will best meet the needs and objective of the Commonwealth and its creditors," Motion ¶¶ 14, 18, does not provide a legitimate basis for holding the putative defendants in indefinite limbo.

---

[4] *See, e.g.*, Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, *Authorizing Discovery Program With Respect to Certain Causes of Puerto Rico Financial Crisis* ¶ 15 [Dkt. No. 706].

[5] *See Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* [Dkt. No. 4784].

2. Accordingly, the Oppenheimer Funds hereby join in those aspects of the Ad Hoc GO Group Objection opposing a stay of the Adversary Proceedings and respectfully request that the Motion be denied. To the extent any stay of the Adversary Proceedings is granted, it should be expressly limited in duration, lasting no longer than the time required for service of the summonses and complaints.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED,**
In San Juan, Puerto Rico, today May 28, 2019.

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| _/s/ Manuel Fernández-Bared_ | |
| MANUEL FERNÁNDEZ-BARED | _/s/ P. Bradley O'Neill_ |
| USDC-PR No. 204,204 | AMY CATON* |
| Email: mfb@tcm.law | THOMAS MOERS MAYER* |
| | P. BRADLEY O'NEILL* |
| _/s/ Linette Figueroa-Torres_ | DAVID E. BLABEY JR.* |
| LINETTE FIGUEROA-TORRES | 1177 Avenue of the Americas |
| USDC-PR No. 227,104 | New York, New York 10036 |
| Email: lft@tcm.law | Tel.: (212) 715-9100 |
| | Fax: (212) 715-8000 |
| _/s/ Jane Patricia Van Kirk_ | Email: tmayer@kramerlevin.com |
| JANE PATRICIA VAN KIRK | acaton@kramerlevin.com |
| USDC–PR No. 220,510 | boneill@kramerlevin.com |
| Email: jvankirk@tcm.law | dblabey@kramerlevin.com |
| P.O. Box 195383 | * (admitted _pro hac vice_) |
| San Juan, PR 00919-5383 | |
| Tel.: (787) 751-8999 | |
| Fax: (787) 763-7760 | |

_Counsel to the Oppenheimer Funds_