# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### AMBAC ASSURANCE CORPORATION'S OBJECTION TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS

Ambac Assurance Corporation ("Ambac") hereby submits this objection to the *Motion of Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged GO Bonds* (Dkt. No. 6857, the "Motion" or "Mot."). In support hereof, Ambac respectfully states as follows:

1. By their Motion, the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

(the "Oversight Board"), and its Special Claims Committee (the "SCC", and together with the Committee and the Oversight Board, "Movants") seek entry of an order extending the time for service of the summons and complaint in the fifteen adversary proceedings filed by Movants on May 2, 2019 ("Adversary Proceedings")[2] to November 1, 2019, without prejudice to further extensions. Movants further seek entry of an order otherwise staying the Adversary Proceedings until either plaintiff unilaterally decides to resume such Adversary Proceeding or upon order of the Court.

2. The Motion makes clear that Movants are simply filing these Adversary Proceedings for strategic reasons, in order to gain leverage in negotiations. Movants state as much in their Motion, claiming that the stay will allow Movants to "potentially settle or otherwise resolve their claims against certain defendants." Mot. at ¶ 4.

3. Further, the parameters of the stay as proposed by Movants are patently unreasonable. Movants seek to stay the Adversary Proceedings until such time as all plaintiffs request to resume the proceeding. *Id.* at ¶ 15. To the extent any defendant seeks to resume the Adversary Proceeding (or any individual plaintiff seeks to do so in the event that all plaintiffs do not agree), the party may only do so upon an order of the Court upon a showing of good cause. *Id.* In effect, Movants seek a unilateral tolling agreement that allows Movants to control the timing of the litigation. Movants are provided the ability to turn the proceedings on or off for strategic reasons, without leave of the Court, while at the same time, other parties are required to seek leave from the Court and establish good cause to resume the proceeding.

4. To the extent the Movants plan to file actions in these Title III cases, they should be required to litigate the actions in a timely and efficient manner. Movants should not be

---

[2] *See* Adv. Proc. Nos. 19-281 through 19-288; Adv. Proc. Nos. 19-291 through 19-297.

2

permitted to allow them to linger on the docket, creating uncertainty for the defendants named therein as to whether and when the action will be litigated.

5. Ambac believes the Adversary Proceedings should go forward without unnecessary delay. Although Ambac is named as a defendant in Movants' action challenging the validity, enforceability, and extent of prepetition liens of Commonwealth GO and guaranteed bonds,[3] Ambac has objected to certain of the GO Bonds and does not believe that GO Bondholders have a lien on those amounts.[4] As such, Ambac has an interest in litigating the action in a timely manner.

6. To the extent that the Court believes granting a stay would promote judicial economy by allowing for uniform scheduling deadlines, Ambac maintains that a schedule may be established without entry of an order that would indefinitely delay the proceedings and place control of the litigation in the hands of Movants. A brief stay or extension of time for service of the summons and complaint would allow Movants to coordinate its actions without unduly prejudicing any parties.

7. In sum, given Movants' clear intention to use these Adversary Proceedings as a means to gain leverage over the other parties, as well as the inequity and unreasonableness of Movants' proposed order, which keeps the timing of the litigation solely within plaintiffs' control, the Court should deny the Motion.

8. In the alternative, should the Court conclude that granting a stay is proper, it should do so in a matter that is equitable to all parties. Specifically, the Court should enter an order extending the 90-day period for serving domestic defendants in the Adversary Proceedings by 90

---

[3] *See* Adv. Proc. No. 19-291.

[4] To the extent Ambac's proofs of claim assert that Ambac is a secured creditor, this representation is not related to Ambac's GO bonds.

days, barring either (i) agreement by all parties to further extend the tolling period, or (ii) further order of the Court.

## **CONCLUSION**

For the reasons set forth above, Ambac respectfully requests that the Court deny the Motion. In the alternative, should the Court grant the Motion in whole or in part, Ambac requests that the Court enter an order extending the 90-day period for serving domestic defendants in the Adversary Proceedings by 90 days, barring either (i) agreement by all parties to further extend the tolling period, or (ii) further order of the Court.

*(Remainder of Page Left Intentionally Blank)*

Dated: May 28, 2019
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
          scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Dennis F. Dunne*
    Dennis F. Dunne
    Andrew M. Leblanc
    Atara Miller
    Grant R. Mainland
    (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5770
    Facsimile: (212) 822-5770
    Email: ddunne@milbank.com
          aleblanc@milbank.com
          amiller@milbank.com
          gmainland@milbank.com

*Attorneys for Ambac Assurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com