**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- X
:
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      :   Title III
                                                                       :
            as representative of                                       :   Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                              :   (Jointly Administered)
                                                                       :
            Debtors.[1]                                                :
---------------------------------------------------------------------- X

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, (A) EXTENDING DEADLINES AND (B) ESTABLISHING REVISED PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012 AND 2014, AND AND GRANTING RELATED RELIEF**

Upon consideration of the *Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors for Entry of Order, Under Bankruptcy Code Sections 105(a) and 502, Bankruptcy Rule 3007, to (A) Extend Deadlines, (B) Establish Revised Procedures With Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds issued in 2011, 2012 and 2014, and for Related Relief* (the "Motion"),[2] and the exhibits attached thereto, and the Court having found and determined that: (i) the Court has jurisdiction to consider the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein pursuant to section 502 of the Bankruptcy Code as incorporated by section 301 of PROMESA and Bankruptcy Rule 3007, as incorporated by section 310 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of this Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Accordingly, it is hereby ORDERED THAT:

1.      The relief requested in the Motion is GRANTED to the extent set forth herein.

2.      The Committee is hereby authorized to proceed under Bankruptcy Rule 3007(c) as incorporated by section 310 of PROMESA, with their 2011 GO Objection on an omnibus basis, and the filing of the 2011 GO Objection shall not limit the ability of the Objectors or any party in interest, to subsequently object to the 2011 GO Bonds on grounds other than those set forth in the 2011 GO Objection, and all other claims, counterclaims and defenses are preserved.

3.      The prosecution of the GO Objections shall be consolidated for all purposes.

4.      The Revised Procedures Notice, the Revised Objection Procedures, the 2011 GO Objection Notice and the 2011 GO Notice of Participation annexed hereto as **Exhibit 1, Exhibit 2**, **Exhibit 3** and **Exhibit 4** respectively, are hereby approved.  The Revised Objection Procedures are deemed to have been incorporated herein.

5. Spanish translations of the Revised Procedures Notice, the Revised Objection Procedures, 2011 GO Objection Notice, and the 2011 GO Notice of Participation, annexed hereto as **Exhibit 5**, **Exhibit 6**, **Exhibit 7** and **Exhibit 8** are hereby approved.

6. The Objectors shall cause Prime Clerk, within five (5) days of entry of this Order, to serve copies of the Objection Procedure Documents upon all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth.

7. The Objectors shall cause Prime Clerk, within five (5) business days of entry of this Order, to commence service of the Objection Procedure Documents upon all individuals and entities who are beneficial holders of the 2011 GO Bonds in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds.* [Dkt. No. 5049].

8. The Objectors shall cause the publication of a notice, substantially in the form of the 2011 GO Objection Notice, once in (a) *El Nuevo Dia* in Spanish (primary circulation in Puerto Rico), (b) *Caribbean Business* in English (primary circulation in Puerto Rico), (c) *El Diario* and *El Nuevo Herald*, both in Spanish (primary circulation in New York and Miami, respectively), (d) *The Bond Buyer,* and €on the municipal bond website EMMA, https://emma.msrb.org/Home, except for *Caribbean Business,* within five (5) days of the entry of this Order, and with respect to *Caribbean Business,* within fourteen (14) days of the entry of this

Order, which publication notice shall be deemed, good and adequate and sufficient publication of the 2011 GO Objection and the Revised Objection Procedures.

9.      The Objectors are hereby authorized to establish and maintain the GO Objection Website through Prime Clerk.

10.     DTC shall give notice to its Participants of the Object Procedures Documents by posting a copy of said Objection Procedures Documents to its Legal Notification System in accordance with DTC's Rules and customary procedures within five (5) days of the entry of this Order.

11.     The Objectors shall cause Prime Clerk to serve by email the Revised Objection Notice and Revised Objection Procedures upon all parties who submitted Notices of Participation within five (5) business days of the entry of this Order; provided, however, that service may be made by regular mail if a Participant did not include an email address on its Notice of Participation or if the email address is illegible.

12.     The terms of and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:     June ____, 2019

_____
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------- X
                                    :

In re:                                  :
                                  :

THE FINANCIAL OVERSIGHT AND       :   PROMESA
    MANAGEMENT BOARD FOR PUERTO RICO,    :   Title III
                                  :

        as representative of           :   Case No. 17-BK-3283 (LTS)
                                  :

THE COMMONWEALTH OF PUERTO RICO *et al.,*   :   (Jointly Administered)
                                  :

        Debtors.[1]                     :
---------------------------------------------------------------------- X

**NOTICE OF REVISED OBJECTION PROCEDURES AND EXTENDED DEADLINES
WITH RESPECT TO OMNIBUS OBJECTION OF (I) FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS
COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE
3007, TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN COMMONWEALTH
<u>GENERAL OBLIGATION BONDS</u>**

        You are receiving this notice because you have submitted a Notice of Participation in
connection with the omnibus objection filed by the Financial Oversight and Management Board,
as representative for the Debtors, acting through its Special Claims Committee, and the Official
Committee of Unsecured Creditors (together, the "<u>Objectors</u>") to 2012-2014 GO Bond Claims
(the "<u>2012-2014 GO Bond Objection</u>").  The full text of the Objection may be found on the
Internet by using the following link: https://cases.primeclerk.com/puertorico/Home-
DocketInfo?DockSearchValue=4784.   Please note that the 2012-2014 GO Bond Claims were
previously referred to as the 2012-2014 GO Bond Claims.

        Please note further, that on June __, 2019, the District Court granted the Objectors'
motion for approval of certain revised procedures with respect to such 2012-2014 GO Bond
Objection (the "<u>Revised Objection Procedures</u>").  If you intend to respond to the Objection or

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy
Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

participate in the litigation in any way, you must follow the Revised Objection Procedures. Under the Revised Objection Procedures, Participants no longer must email the Initial Proposal and comments to the Recommendation (each as defined in the Revised Objection Procedures) to the Objectors and other Participants.  Instead, you should send your Initial Proposal and comments to Recommendation, if any, to the Notice Parties (defined in the Revised Objection Procedures) by email.  The Objectors will cause all Initial Proposals, the Recommendation and other pertinent documents to be posted to the GO Objection Website located on the internet at _____.

In order the obtain access to the GO Objection Website, you must use the following user credentials:

Login ID:  _____

Password:  _____

Requests for Spanish-language versions of this Notice and Revised Objection Procedures and any questions regarding this notice should be sent in writing to:

Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Attn:  Douglass E. Barron
NoticeofParticipation@paulhastings.com
(212) 318-6690

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- X
                                                            :

In re:                                          :
                                             :

THE FINANCIAL OVERSIGHT AND         :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                                            :

        as representative of                 :  Case No. 17-BK-3283 (LTS)
                                            :

THE COMMONWEALTH OF PUERTO RICO *et al.,*  :  (Jointly Administered)
                                            :

        Debtors.[1]                         :
---------------------------------------------------------------------- X

**REVISED INITIAL PROCEDURES FOR RESOLVING OMNIBUS OBJECTION
OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH
ITS SPECIAL CLAIMS COMMITTEE, AND (II) THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 502
AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS
OF COMMONWEALTH GENERAL OBLIGATION BONDS
ISSUED IN 2011, 2012 AND 2014**

June __ 2019

        Pursuant to the Order (the "Orders") of the United States District Court for the District of
Puerto Rico (the "District Court"), dated February 15, 2019, [Docket No. 5143] and June __,
2019 [Docket No. ___], the following initial procedures will apply to the resolution of the (a)
*Omnibus Objection of the Financial Oversight and Management Board, Acting Through its
Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to
Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by
Holders of Certain Commonwealth General Obligation Bonds,* dated January 14, 2019 [Docket
No. 4784] (the "2012-2014 GO Bond Objection"), and (b) *Omnibus Objection of Official
Committee of Unsecured Creditors, Pursuant to bankruptcy Code Section 502 and Bankruptcy
Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General*

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy
Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

*Obligation Bonds* (the <u>2011 GO Objection</u>, and together with the 2012-2014 GO Bond Objection, the "<u>GO Objections</u>").[2]

The Financial Oversight and Management Board, acting through its Special Claims Committee, and the Official Committee of Unsecured Creditors (together, the "<u>Objectors</u>") filed the 2012-2014 GO Bond Objection contending that all claims (the "<u>2012-2014 GO Bond Claims</u>") that have been or may be asserted against the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") on account of all general obligation bonds issued by the Commonwealth in or after 2012 (the "<u>2012-2014 GO Bonds</u>") are invalid.  Separately, the Official Committee of Unsecured Creditors filed the 2011 GO Objection contending that claims that have or may be asserted against the Commonwealth on account of certain general obligation bonds issued by the Commonwealth in 2011 (the "<u>2011 GO Bond Claims,</u>" and together with the 2012-2014 GO Bond Claims, the "<u>GO Bond Claims</u>") are invalid.  Holders of 2012-2014 GO Bonds and 2011 GO Bonds are hereafter referred to as "<u>2012-2014 GO Bondholders</u>" and "<u>2011 GO Bondholders</u>", respectively, and together, the "<u>GO Bondholders</u>."

1.     <u>Exclusivity of Procedures</u>

These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of GO Bond Claims on the grounds set forth in the GO Objections.

2.     <u>Notice of Participation</u>

Any party in interest, including, without limitation, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>"), the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (together with AAFAF, the "<u>Title III Parties</u>"), and any person or entity that holds a GO Bond Claim, whether or not such person or entity is identified in Appendix I to the GO Objections, that wishes to participate in the litigation of the GO Objections must serve by email and file a notice of its intent to participate in such litigation (a "<u>Notice of Participation</u>").

The Notice of Participation shall (a) indicate whether the party in interest who filed such notice (each, a "<u>Participant</u>") supports or opposes the Objection; (b) provide the name, address and email address of the Participant and its counsel, if any; and (c), to the extent filed by a GO Bondholder, set forth (i) whether all or part of such GO Bonds were purchased on the secondary market, and (ii) the CUSIP numbers for such GO Bonds to the best of such GO Bondholder's knowledge and belief, as of the date of such Notice of Participation (the "<u>Notice Information</u>"). The Notice of Participation shall cover all GO Bonds owned as of the date of such Notice of Participation or thereafter acquired by the Participant  and shall not be limited to the specific CUSIP numbers listed.  For the avoidance of doubt, a party in interest may submit a Notice of Participation individually and/or through an *ad hoc* group.  A Notice of Participation submitted through an *ad hoc* group shall entitle each member of such *ad hoc* group to participate either

---

[2]     The full text of the GO Objections may be found on the Internet by using the following links: <u>https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=4784</u>; and https://cases.primeclerk.com/puertorico/Home-DocketInfo?DockSearchValue=7057.

individually or as part of the group, and each such member reserves the right to act individually from time to time in respect of any issue, argument, or proceeding.  To the extent that an entity ceases to be a member of an *ad hoc* group that filed a Notice of Participation, such member may continue to participate in the litigation of the Objection in the same manner as a Participant that had filed a timely individual Notice of Participation; *provided however*, that such Participant will be bound by (i) any actions, arguments, statements or positions made or taken by such *ad hoc* group prior to the date on which the Participant ceased to be a member of such *ad hoc* group (the "Separation Date"), and (ii) any District Court orders applicable to members of such *ad hoc* group as of the Separation Date, in each case to the same extent, if any, that members of such *ad hoc* group would be bound by such actions, arguments, statements, positions or District Court orders.  To the extent that an entity becomes a member of an *ad hoc* group after the Participation Deadline, such member shall be covered by the Notice of Participation timely filed by the *ad hoc* group, *provided* that (i) such Notice of Participation shall be updated to include the Notice Information for the new group member, and (ii) if such member did not file its own timely Notice of Participation, such member shall have obtained, pursuant to paragraph 5 below, District Court approval to participate in the litigation, individually or as a member of the *ad hoc* group, upon a showing of good cause.  Participants who file Notices of Participation that support the GO Objections shall collectively constitute "Joint Objectors," and parties that oppose the relief sought in the GO Objections shall collectively constitute the "Respondents."

Each Notice of Participation must be served by email on the "Notice Parties" identified in paragraph 8 below and filed electronically with the District Court pursuant to its Electronic Case Filing procedures.  **Participants without counsel may file the Notice of Participation by mailing or delivering it by hand to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767 the clerk's office of the District Court in San Juan, Puerto Rico.**

**The deadlines to file with the District Court and serve by email a Notice of Participation for the 2012-2014 GO Bond Objection is April 16, 2019, and for the 2011 GO Bond Objection is _____ (each a "Participation Deadline")**.  For those parties that file with the District Court and serve by email Notices of Participation by the Participation Deadline, no substantive response to the Objection need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Subject to paragraph 5 below, any party that does not file a Notice of Participation will not receive notices of filings and events in the litigation and may not be allowed to substantively participate in the litigation absent permission granted by the District Court upon a showing of good cause, but may nevertheless have its rights affected by the outcome of the litigation.  In particular, and subject to applicable appellate rights, if the District Court grants the GO Objections in whole or in part, claimants' recovery on account of the GO Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the GO Bonds and the GO Bond Claims.  By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objection, will be entitled to receive notification of case events specific to the Objection, and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objection.

Nothing herein, nor the mere filing of a Notice of Participation by a person or entity that is not a holder of a GO Bond, shall operate to confer standing upon such person or entity to participate in the litigation of the GO Objections, and all rights to object to any person or entity's standing are preserved.

3.     The Initial Proposal Exchange/ Recommendation

On the date that is five (5) days after the applicable Participation Deadline, the Objectors shall file with the District Court a list of all parties that filed Notices of Participation, their counsel, and whether such Participants are Joint Objectors or Respondents.  Such list will be updated as necessary every thirty (30) days to reflect any late-filed or updated Notices of Participation.

On or before June __, 2019 [five business days after entry of order approving these Revised Procedures] (the "Initial Proposal Exchange Deadline"), Joint Objectors, Objectors and Respondents (individually and/or through *ad hoc* groups) will simultaneously exchange proposals (the "Initial Proposals") setting forth the procedures that will govern litigation of the GO Objections, including, without limitation, anticipated legal and factual disputes, the sequence and timing of discovery, anticipated dispositive motion practice and the timing thereof, and treatment of holders of GO Bonds who did not file Notices of Participation (the "Objection Litigation Procedures").  The Initial Proposals will be exchanged in the following manner:  Joint Objectors and Respondents shall email their Initial Proposals to the Notice Parties.  The Objectors will cause their Initial Proposals and all received Initial Proposals to be uploaded to the [website] (the "GO Objection Website").  The Initial Proposals will not be filed with the District Court.  Parties will not be precluded from raising claims or defenses that are not included in the Initial Proposals.

During the twenty-one (21) day period following the Initial Proposal Exchange Deadline, the M&C Parties (identified in paragraph 9 below) shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court.  The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all M&C Parties.  The M&C Parties shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures that also incorporates the views, if known, of Participants who are not M&C Parties.

On or before _____, 2019 [21 days after the Initial Proposal Exchange Deadline], the Objectors shall cause to be filed with the District Court a recommendation concerning the proposed Objection Litigation Procedures (the "Recommendation") and shall indicate, if known, which Participants support the Recommendation, and the Participants, if any, that object to such Recommendation.  The Objectors shall have caused a draft of the Recommendation to have been posted to the GO Objection Website at least five (5) business days prior to filing the Recommendation; thereafter, Participants shall have four (4) business days to provide further input on the proposed Objection Litigation Procedures by emailing such comments to the Notice Parties.  The Notice Parties will send any such comments received by Participants who are not M&C Parties, to the M&C Parties.

4

Any responses to the Recommendation must be filed with the District Court within seven (7) days of the filing of the Recommendation (the "Response Deadline"), and any replies to such responses must be filed within three (3) days following the Response Deadline (the "Reply Deadline").  Any Recommendation approved by the District Court shall be binding on all GO Bondholders, even if their applicable Participation Deadline has not yet occurred.

4.      Litigation

        A.      District Court Status Conference

The Objectors will request that the District Court hold a status conference as soon as practicable after the Reply Deadline to discuss and decide matters set forth in the Recommendation and any responses and replies thereto, including without limitation:

(i)     the sequence and timing of any discovery;

(ii)    the extent to which joint briefs can or should be submitted;

(iii)   a briefing schedule; and

(iv)    any other matter that will contribute to the fair and efficient resolution of the
issues raised in the Objection and the Notices of Participation.

B.      <u>Coordination</u>

To the extent that the District Court determines that joint briefs can and should be

submitted –

(a)     The Objectors and any Joint Objector shall cooperate in good faith in order to file
joint papers with respect to the Objection, and shall file separate papers only to the extent
necessary to present or discuss issues, positions or arguments upon which they are unable to
agree in good faith.

(b)     Likewise, the Respondents shall cooperate in good faith to file joint papers with
respect to the litigation of the Objection and shall file separate papers only to the extent
necessary to present or discuss issues, positions or arguments upon which they are unable to
agree in good faith.

With respect to discovery –

The Objectors and the Joint Objectors, on the one hand, and the Respondents, on the
other hand, shall use reasonable efforts to coordinate the development of discovery that is
requested from the other parties and to coordinate communications concerning such discovery.

5.      <u>Notices of Participation Submitted After the Participation Deadline</u>

Any party that submits a Notice of Participation after the Participation Deadline, but at
least thirty (30) days prior to a trial on the merits of the GO Objections, may participate in the
litigation of the GO Objections by receiving notices of developments in the litigation and
invitations to any meet and confer sessions among the parties to the litigation.  Such party,
however, shall be bound by any orders entered by the District Court (including any order
granting a dispositive motion, such as a motion for summary judgment) and/or any agreements
reached among the Objectors, Joint Objectors and Respondents prior to the submission of such
Notice of Participation regarding the conduct of the litigation, including with respect to the
matters set forth in paragraph 3 above.  Moreover, absent permission granted by the District
Court upon a showing of good cause, any party that fails to file a Notice of Participation, or that
files a Notice of Participation after the applicable Participation Deadline, shall be prohibited
from filing separate pleadings, serving discovery, or being heard at any hearing on the Objection.

6.      <u>No Duty</u>

No Respondent shall have a duty to any other Respondent or to any GO Bondholder who does not file a Notice of Participation.

7.      <u>Other Objections Permitted</u>

The fact that the Objectors have objected to the GO Bond Claims shall not preclude (i) the Objectors or any party in interest from objecting to a GO Bond Claim on any basis not set forth in the GO Objections or to any other claim asserted by the GO Bondholder unrelated to the GO Bonds or (ii) a Title III Party from asserting additional grounds for objecting to the GO Bond Claims pursuant to a Notice of Participation.

8.      <u>The Following Persons are the "Notice Parties"</u>

**BROWN RUDNICK LLP**
Attn:  Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq.
7 Times Square
New York, NY 10036
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq.
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq.
One Financial Center
Boston, MA 02111
sbeville@brownrudnick.com

**ESTRELLA, LLC**
Attn:  Alberto Estrella, Esq.
Kenneth C. Suria, Esq.
P.O. Box 9023596
San Juan, Puerto Rico 00902-3596
agestrella@estrellallallc.com
ksuria@estrellallc.com

**PAUL HASTINGS LLP**
Attn:  Luc. A. Despins, Esq.
James R. Bliss, Esq.
Nicholas A. Bassett, Esq.
200 Park Avenue
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com

**CASILLAS, SANTIAGO & TORRES LLC**
Attn:  Juan J. Casillas Ayala, Esq.,
Diana M. Batlle-Barasorda, Esq.,
Alberto J. E. Añeses Negrón, Esq.,
Ericka C. Montull-Novoa, Esq.,
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

9.      The Following Persons are the "M&C Parties"

| Party | Counsel | Local Counsel |
|---|---|---|
| Counsel for Committee of Unsecured Creditors (other than COFINA) | **PAUL HASTINGS LLP**<br>Attn: Luc. A. Despins<br>James R. Bliss<br>Nicholas A. Bassett<br>200 Park Avenue<br>New York, NY 10166<br>lucdespins@paulhastings.com<br>jamesbliss@paulhastings.com<br>nicholasbassett@paulhastings.com | **CASILLAS, SANTIAGO & TORRES LLC**<br>Attn: Juan J. Casillas Ayala,<br>Diana M. Batlle-Barasorda, Esq.,<br>Alberto J. E. Añeses Negrón, Esq.,<br>Ericka C. Montull-Novoa, Esq.,<br>El Caribe Office Building<br>53 Palmeras Street, Ste. 1601<br>San Juan, Puerto Rico 00901-2419<br>jcasillas@cstlawpr.com<br>dbatlle@cstlawpr.com<br>aaneses@cstlawpr.com<br>emontull@cstlawpr.com |
| Counsel for Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico | **PROSKAUER ROSE LLP**<br>Attn: Martin J. Bienenstock<br>Brian S. Rosen<br>Stephen L. Ratner<br>Timothy W. Mungovan<br>Eleven Times Square<br>New York, NY 10036<br>mbienenstock@proskauer.com<br>brosen@proskauer.com<br>sratner@proskauer.com<br>tmungovan@proskauer.com | **O'NEILL & BORGES LLC**<br>Attn: Hermann D. Bauer<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>hermann.bauer@oneillborges.com |
| Counsel for Financial Oversight and Management Board, acting through the Special Claims Committee | **BROWN RUDNICK LLP**<br>Attn:  Edward S. Weisfelner, Esq.<br>Angela M. Papalaskaris, Esq.<br>7 Times Square<br>New York, NY 10036<br>eweisfelner@brownrudnick.com<br>apapalaskaris@brownrudnick.com<br><br>Stephen A. Best, Esq.<br>601 Thirteenth Street NW, Suite 600<br>Washington, D.C. 20005<br>sbest@brownrudnick.com<br><br>Sunni P. Beville, Esq.<br>One Financial Center<br>Boston, MA 02111<br>sbeville@brownrudnick.com | **ESTRELLA, LLC**<br>Attn:  Alberto Estrella, Esq.<br>Kenneth C. Suria, Esq.<br>P.O. Box 9023596<br>San Juan, Puerto Rico 00902-3596<br>agestrella@estrellallc.com<br>ksuria@estrellallc.com |

| | | |
|---|---|---|
| Counsel for QTCB Noteholder Group | **BRACEWELL LLP.**<br>Attn: Kurt A. Mayr<br>David L. Lawton<br>City Place I, 34th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>kurt.mayr@bracewell.com<br>david.lawton@bracewell.com | **CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**<br>Attn: Roberto Abesada-Agüet<br>Sergio E. Criado<br>Centro Internacional de Mercadeo, Torre II<br># 90 Carr. 165, Suite 407<br>Guaynabo, P.R. 00968<br>ra@calopsc.com<br>scriado@calopsc.com |
| Counsel for the Ad Hoc Group of Constitutional Debtholder Group | **MORRISON & FOERSTER LLP**<br>Attn: James M. Peck<br>Gary S. Lee<br>250 West 55th Street<br>New York, New York 10019<br>jpeck@mofo.com<br>glee@mofo.com | **G. CARLO-ALTIERI LAW OFFICES, LLC**<br>Attn: Gerardo A. Carlo<br>Kendra Loomis<br>254 San Jose St., Third Floor<br>San Juan, Puerto Rico 00901<br>gacarlo@carlo-altierilaw.com<br>loomislegal@gmail.com |
| Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp. | **CADWALADER, WICKERSHAM & TAFT LLP**<br>Attn: Mark C. Ellenberg<br>Howard R. Hawkins, Jr.<br>Mark C. Ellenberg<br>William J. Natbony<br>Ellen M. Halstead<br>Thomas J. Curtin<br>Casey J. Servais<br>200 Liberty Street<br>New York, NY 10281<br>howard.hawkins@cwt.com<br>mark.ellenberg@cwt.com<br>bill.natbony@cwt.com<br>ellen.halstead@cwt.com<br>thomas.curtin@cwt.com<br>casey.servais@cwt.com<br><br>Mark C. Ellenberg<br>700 Sixth Street, N.W.<br>Washington, DC 20001<br>mark.ellenberg@cwt.com | **CASELLAS ALCOVER & BURGOS P.S.C**<br>Attn: Heriberto Burgos Pérez<br>Ricardo F. Casellas-Sánchez<br>Diana Pérez-Seda<br>P.O. Box 364924<br>San Juan, PR 00936-4924<br>hburgos@cabprlaw.com<br>rcasellas@cabprlaw.com<br>dperez@cabprlaw.com |
| Counsel for Ambac Assurance Corporation | **MILBANK, TWEED, HADLEY & MCCLOY LLP**<br>Attn: Dennis F. Dunne<br>Andrew M. Leblanc<br>Atara Miller<br>Grant R. Mainland<br>55 Hudson Yards<br>New York, NY US 10001-2163<br>ddunne@milbank.com | **FERRAIUOLI LLC**<br>Attn: Roberto Cámara-Fuertes<br>Sonia Colón<br>221 Ponce de León Avenue, 5th Floor San Juan, PR 00917 rcamara@ferraiuoli.com<br>rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com |

| | | |
|---|---|---|
| | aleblanc@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com | |
| Counsel for Ad Hoc Group of General Obligation Bondholders | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>Attn: Andrew N. Rosenberg<br>Richard A. Rosen<br>Karen R. Zeituni<br>Walter Rieman<br>Kyle J. Kimpler<br>1285 Avenue of the Americas<br>New York, NY 10019<br>arosenberg@paulweiss.com<br>rrosen@paulweiss.com<br>wrieman@paulweiss.com<br>kzeituni@paulweiss.com<br>kkimpler@paulweiss.com<br><br>-and-<br><br>**ROBBINS, RUSSELL, ENGLERT, ORSECK,<br>UNTEREINER & SAUBER LLP**<br>Attn: Lawrence S. Robbins<br>Mark T. Stancil<br>Gary A. Orseck<br>Kathryn S. Zecca<br>Donald Burke<br>1801 K Street, N.W., Suite 411-L<br>Washington, DC 20006<br>lrobbins@robbinsrussell.com<br>mstancil@robbinsrussell.com<br>gorseck@robbinsrussell.com<br>kzecca@robbinsrussell.com<br>dburke@robbinsrussell.com | **JIMÉNEZ, GRAFFAM & LAUSELL**<br>Attn: J. Ramón Rivera Morales<br>P.O. Box 366104<br>San Juan, PR 00936<br>rrivera@jgl.com |
| Counsel for National Public Finance Guarantee Corporation | **WEIL, GOTSHAL & MANGES LLP**<br>Attn: Marcia Goldstein<br>Kelly DiBlasi<br>Gabriel A. Morgan<br>Jonathan Polkes<br>Gregory Silbert<br>Jared R. Friedman<br>767 Fifth Avenue<br>New York, New York 10153<br>marcia.goldstein@weil.com<br>kelly.diblasi@weil.com<br>gabriel.morgan@weil.com<br>jonathan.polkes@weil.com<br>gregory.silbert@weil.com<br>jared.friedman@weil.com | **ADSUAR MUÑIZ GOYCO<br>SEDA & PÉREZ-OCHOA, PSC.**<br>Attn: Luis A. Oliver Fraticelli<br>Alexandra Casellas-Cabrera<br>Lourdes Arroyo Portela<br>208 Ponce de León Avenue, Suite 1600<br>San Juan, Puerto Rico 00936<br>epo@amgprlaw.com<br>loliver@amgprlaw.com<br>acasellas@amgprlaw.com<br>larroyo@amgprlaw.com |

10

| | | |
|---|---|---|
| Counsel for The Official Committee of Retired Employees of Puerto Rico | **JENNER & BLOCK LLP**<br>Attn: Robert Gordon<br>Richard Levin<br>Carl Wedoff<br>919 3rd Ave<br>New York, NY 10022<br>rgordon@jenner.com<br>rlevin@jenner.com<br>cwedoff@jenner.com<br><br>Catherine Steege<br>Melissa Root<br>Landon Raiford<br>353 N. Clark Street<br>Chicago, IL 60654<br>csteege@jenner.com<br>mroot@jenner.com<br>lraiford@jenner.com | **BENNAZAR, GARCÍA & MILIÁN, C.S.P.**<br>Attn: A.J. Bennazar-Zequeira<br>Héctor M. Mayol Kauffmann<br>Francisco del Castillo Orozco<br>Edificio Union Plaza<br>PH-A piso 18<br>Avenida Ponce de León #416<br>Hato Rey, San Juan<br>Puerto Rico 00918<br>ajb@bennazar.com<br>hector.mayol@bennazar.org<br>francisco.delcastillo@bennazar.org |
| Counsel for the Puerto Rico Fiscal Agency and Financial Advisory Board | **O'MELVENY & MYERS LLP**<br>Attn: John J. Rapisardi<br>Suzzanne Uhland<br>7 Times Square<br>New York, NY 10036<br>jrapisardi@omm.com<br>suhland@omm.com<br><br>Peter Friedman<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>pfriedman@omm.com | **MARINI PIETRANTONI MUÑIZ LLC**<br>Attn: Luis C. Marini-Biaggi<br>Carolina Velaz-Rivero<br>MCS Plaza, Suite 500<br>255 Ponce de León Ave.<br>San Juan, Puerto Rico 00917<br>lmarini@mpmlawpr.com<br>cvelaz@mpmlawpr.com |
| Counsel for Autonomy Capital (Jersey) LP | **LATHAM & WATKINS LLP**<br>Attn: Christopher Harris<br>Adam J. Goldberg<br>Yelizaveta L. Burton<br>885 Third Avenue<br>New York, New York 10022<br>christopher.harris@lw.com<br>adam.goldberg@lw.com<br>liza.burton@lw.com<br><br>Jeffrey E. Bjork<br>355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071<br>jeff.bjork@lw.com | **JIMÉNEZ, GRAFFAM & LAUSELL**<br>Attn: J. Ramón Rivera Morales<br>PO Box 366104<br>San Juan, PR 00936-6104<br>rrivera@jgl.com |

11

| | | |
|---|---|---|
| Counsel for Oppenheimer Funds | **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn: Thomas Moers Mayer<br>Amy Caton<br>P. Bradley O'Neill<br>Douglas Buckley<br>David Blabey<br>1177 Avenue of the Americas<br>New York, New York 10036<br>tmayer@kramerlevin.com<br>acaton@kramerlevin.com<br>boneill@kramerlevin.com<br>dbuckley@kramerlevin.com<br>dblabey@kramerlevin.com | **TORO COLÓN MULLET P.S.C.**<br><br>Attn: Manuel Fernández-Bared<br>Linette Figueroa-Torres<br>Jane Patricia Van Kirk<br>P.O. Box 195383<br>San Juan, PR 00919-5383<br>mfb@tcm.law<br>lft@tcm.law<br>jvankirk@tcm.law |
| Counsel for The Lawful Constitutional Debt Coalition | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Attn: Susheel Kirpalani<br>Deborah Newman<br>K. John Shaffer<br>Daniel Salinas<br>Eric Kay<br>Zachary Russell<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603<br>susheelkirpalani@quinnemanuel.com<br>deborahnewman@quinemanuelcom<br>johnshaffer@quinnemanuel.com<br>danielsalinas@quinnemanuel.com<br>erickay@quinnemanuel.com<br>zacharyrussell@quinnemanuel.com | **REICHARD & ESCALERA**<br>Attn: Rafael Escalera<br>Sylvia M. Arizmendi<br>Carlos R. Rivera-Ortiz<br>Gustavo A. Pabón-Rico<br>255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913<br>escalera@reichardescalera.com<br>arizmendis@reichardescalera.com<br>riverac@reichardescalera.com<br>pabong@reichardescalera.com |
| Pro Se | Attn: Peter C. Hein<br>101 Central Park West, Apt. 14E<br>New York, NY 10023<br>Petercheinsr@gmail.com | |

**EXHIBIT 3**

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
---------------------------------------------------------------------  X
                                                    :
In re:                                              :
                                                    :
THE FINANCIAL OVERSIGHT AND                         :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                   :   Title III
                                                    :
        as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                    :
THE COMMONWEALTH OF PUERTO RICO et al.,             :   (Jointly Administered)
                                                    :
        Debtors.¹                                   :
---------------------------------------------------------------------  X
```

## NOTICE OF OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS FILED OR ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL OBLIGATION BONDS

You are receiving this notice because you have been identified as holding one or more of the 2011 Commonwealth General Obligation Bonds (the "2011 GO Bonds").

Please note that the Official Committee of Unsecured Creditors (the "Committee" or "Objector") has filed an objection, dated May 21, 2019 [Dkt No.7057] (the "Objection"), to claims filed or asserted by holders of certain 2011 GO Bonds. The full text of the Objection may be found on the Internet by using the following link: [Prime Clerk link]

The Objection seeks to disallow and invalidate claims on account of the 2011 GO Bonds (the "2011 GO Bond Claims"). **Subject to applicable appellate rights, if the Court grants the Objection in whole or in part, holders of 2011 GO Bond Claims' recovery on account of the 2011 GO Bonds will be eliminated in whole or in part, and such holders will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in in this Title III Case, and from participating in any distribution in this**

---

¹ The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

**Title III Case on account of such 2011 GO Bond Claims.  Thus the Objection may affect your rights. As explained in the next paragraph, you have the right to file a Notice of Participation if you wish to respond to the Objection. The Notice of Participation must be filed by [INSERT DATE THAT IS 60 DAYS AFTER ENTRY OF ORDER GRANTING PROCEDURES MOTION] (the "Participation Deadline").**

Please note further, that on _____, the District Court granted the Objector's motion for approval of certain procedures with respect to such Objections (the "Objection Procedures"). If you intend to respond to the Objections or participate in the litigation in any way, you must follow the Objection Procedures which require, among other things, that you file with the District Court and serve by email a Notice of Participation by the Participation Deadline. A form Notice of Participation is provided herewith. **Instructions for filing the Notice of Participation with the District Court, including for those persons who are not represented by counsel are set forth at the bottom of the form of Notice of Participation.**

For those parties who filed with the District Court and served by email Notices of Participation to the Notice Parties at the addresses set forth in paragraph 8 of the Objection Procedures by the Participation Deadline, no substantive response to the Objections need be filed until a date set forth in any subsequent scheduling order entered by the District Court.

Requests for Spanish-language versions of the Notice, Objection Procedures and Notice of Participation form and any questions regarding this notice should be sent in writing to:

> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Douglass E. Barron
> NoticeofParticipation@paulhastings.com
> (212) 318-6690

**Esta Objeción tiene el propósito de rechazar e invalidar las reclamaciones contra los Bonos GO Impugnados (las "2011 Reclamaciones de los Bonos GO Impugnados").  Si el Tribunal concede la Objeción parcial o totalmente, sujeto a los derechos apelativos aplicables, quedará eliminada total o parcialmente la recuperación de estos Bonos GO Impugnados y se les prohibirá por siempre a dichos tenedores presentar tales reclamaciones en contra del Estado Libre Asociado, votar en cualquier plan de ajuste presentado en este Caso bajo el Título III y participar en cualquier distribución efectuada en este Caso bajo el Título III a causa de dichas 2011 Reclamaciones de los Bonos GO Impugnados. Por tanto, la Objeción puede afectar sus derechos.  Usted tiene el derecho de presentar un Aviso de Participación si quiere responder a la Objeción. El Aviso de Participación tiene que presentarse en o antes de _____.  Las partes que tengan preguntas o deseen recibir copia de este aviso, los Procedimientos de Objeción y el Aviso de Participación en español deben enviar una solicitud por escrito a NoticeofParticipation@paulhastings.com**

2

**\*THIS NOTICE REQUIRES ACTION ON OR BEFORE [DATE THAT IS SIXTY DAYS FROM DATE OF ENTRY OF ORDER GRANTING PROCEDURES MOTION]\***

The CUSIP numbers of the general obligation bonds affected by the Objections are:

| Issuance | CUSIP |
|---|---|
| 2011 C | 74514LXH5 |
| 2011 C | 74514LXG7 |
| 2011 C | 74514LWZ6 |
| 2011 C | 74514LXF9 |
| 2011 C | 74514LXD4 |
| 2011 C | 74514LWY9 |
| 2011 C | 74514LXA0 |
| 2011 C | 74514LXE2 |
| 2011 C | 74514LXC6 |
| 2011 C | 74514LXB8 |
| 2011 C | 74514LWX1 |
| 2011 PIB | 74514LYW1 |
| 2011 E | 74514LZL4 |
| 2011 E | 74514LZP5 |
| 2011 E | 74514LZM2 |
| 2011 E | 74514LZN0 |
| 2011 E | 74514LZQ3 |
| 2011 E | 74514LZK6 |
| 2011D | 74514LZF7 |
| 2011D | 74514LZC4 |
| 2011D | 74514LZG5 |
| 2011D | 74514LZE0 |
| 2011D | 74514LZB6 |
| 2011D | 74514LZD2 |
| 2011D | 74514LZA8 |
| 2011D | 74514LZJ9 |
| 2011D | 74514LZH3 |

3

**EXHIBIT 4**

**\*THIS NOTICE MUST BE FILED AND SERVED ON OR BEFORE [DATE THAT IS
SIXTY DAYS FROM ENTRY OF ORDER]\***

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ X
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :   Title III
                                                      :
          as representative of                        :   Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO et al.,               :   (Jointly Administered)
                                                      :
          Debtors.[1]                                 :
------------------------------------------------------------------ X
```

### NOTICE OF PARTICIPATION IN OBJECTIONS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 502 AND BANKRUPTCY RULE 3007, TO CLAIMS ASSERTED BY HOLDERS OF CERTAIN 2011 COMMONWEALTH GENERAL OBLIGATION BONDS

**This Notice of Participation must be served and filed no later than [sixty days from entry of
order] in accordance with the instructions set forth at the end of this document.**

The party identified below ("Participant") hereby advises the Official Committee of Unsecured
Creditors (the "Committee") that it intends to participate in the litigation of the Committee's objection,
dated May 21, 2019 [Dkt. No. 7057] (the "2011 GO Objection"), to claims filed or asserted by holders of
certain 2011 general obligation bonds (the "2011 GO Bonds"), which objects to all claims that have been
or may be asserted against the Commonwealth of Puerto Rico (the "Commonwealth") because such 2011
GO Bonds are invalid.  Even if you filed a Notice of Participation in connection with the objection filed
with respect to Commonwealth general obligations issued in 2012 or 2014, you still must file a Notice of
Participation with respect to the 2011 GO Objection.

To ensure full participation rights in the litigation of the Objection, Participant provides all of the
information requested in items 1 through 3 below:

1.      Participant's contact information, including email address, and that of its counsel, if any:

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case
No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy
Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

**Participant Name and Contact Information**          **Counsel Contact Information (if any)**

_____          _____
Participant Name                                                Firm Name (if applicable)

_____          _____
Contact Person (if Participant is not an individual)          Contact Person

_____          _____
Email Address                                                     Email Address


_____          _____
Address line 1                                                    Address line 1

_____          _____
Address line 2                                                    Address line 2

_____          _____
City, State Zip Code                                          City, State Zip Code

_____          _____
Country                                                            Country

2.      Participant advises that it (choose **one** of the following by marking "X" in the appropriate space):

          _____ intends to **support** the relief requested in the Objections (i.e., Participant believes the Court should find that the 2011 GO Bonds are **invalid**); *or*

          _____intends to **oppose** the relief requested in the Objections (i.e., Participant believes that the Court should find that the 2011 GO Bonds are **valid**)

3.      If Participant is not a holder of a 2011 GO Bonds, it can skip to the end of this Notice and sign.  If Participant is a holder of one or more 2011 GO Bonds, Participant must respond to the following paragraphs (a) and (b) to the best of Participant's knowledge.

          (a)      Provide the CUSIP Numbers of all 2011 GO Bonds held by Participant:

          (b)      Did Participant purchase any of its 2011 GO Bonds in whole or in part on the secondary market?  **YES** or **NO** (please **circle one**).


By: _____
          Signature


_____
Print Name


_____
Title (if Participant is not an Individual)
_____
Date

2

**Instructions for Serving and Filing Notice of Participation**:  This Notice of Participation must be (i) **served** by email on the Notice Parties set forth in paragraph 8 of the Objection Procedures and (ii) **filed** electronically with the District Court pursuant to its Electronic Case Filing procedures.  **If the Participant is not represented by counsel, the Participant may file a paper copy of this Notice of Participation with the District Court by delivering such Notice of Participation by mail or by hand addressed to: The Clerk of the United States District Court for the District of Puerto, Room 150 Federal Building, 150 Carlos Chardon Avenue, San Juan, PR 00918-1767**.