UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

*as representative of*

THE COMMONWEALTH OF PUERTO RICO, et al.,

PROMESA

Title III

No. 17 BK 3283-LTS

(Jointly Administered)



## RESPONSE TO THE TWENTY-FIFTH OMNIBUS OBJECTION (NO SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EXACTLY DUPLICATED CLAIMS

I, **MARIBEL GONZALEZ FONTANEZ**, the responding claimant, respectfully represents as follows:

1. My contact information is:

    a. Name: Maribel Gonzalez Fontanez
    b. Address: Jardínes de Carolina K44, Calle K, Carolina, Puerto Rico 00987-7139
    c. Telephone number: 787-479-1925
    d. Email address: mgfsalud@gmail.com

2. On April 15, 2019 the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board for Puerto Rico, filed "*Twenty-Fifth Omnibus Objection (No Substantive) of the Commonwealth of Puerto Rico to Exactly Duplicated Claims*" in the reference case. With the Objection, the Commonwealth annexed **Exhibit A**, where they enumerated the claims they understand to be duplicates and **Exhibit C**, referring to the Notice pursuant to Local Rule 3007-1 for claimants choosing to file a response.

3. The Commonwealth of Puerto Rico through the Omnibus Objection seeks to disallow, in accordance with the Federal Rule of Bankruptcy 3007(d)(1) and the Omnibus Objection Procedures, claims that they contend are exact duplicates of other proofs of claims filed in the Commonwealth Title III Case.

4. In **Exhibit A** of the Omnibus Objection, page 1, subsection 2, it is indicated that the Proof of Claims numbers 8720 and 7265, both in the name of <u>Maribel González Fontánez and Others v. Commonwealth and Others,</u> are exact duplicates. The Commonwealth refers to the Proof of Claim Number <u>8720</u> as the "Remaining Claim" and to the Proof of Claim Number <u>7265</u> as the 'Claim to Be Disallowed". According to their argument, and because of this, the Proof of Claim number 7265 should be dismissed because it is unnecessary, and only Proof of Claim number 8720 should remain as valid claim.

5. In accordance with the Notice to Local Rule 3007-1 we file our response and opposition to the request for dismissal of the Proof of Claim number <u>7265</u>.

6. The **Proof of Claim No. 8720** filed on April 27, 2018 is related to the <u>Maribel González Fontánez and Others v. Case. Commonwealth and Others</u>; Civil Number **KPE2011-3662** before the Court of First Instance of Puerto Rico, Superior Court of San Juan, Room 801. The case **KPE2011-3662** is about a claim for damages and *Mandamus* filed on October 19, 2011.

7. The **Proof of Claim No. 7265** filed on April 27, 2018 is related to the <u>Maribel González Fontánez and Others v. Case. Commonwealth and Others</u>; Civil Number **KPE2012-0767** before the Court of First Instance of Puerto Rico, Superior Room of San Juan, Room 801. The case **KPE2012-0767** is about a claim for damages and Mandamus filed on February 29, 2012.

8. Although there is identity of parties in both lawsuits, **KPE2011-3662** and **KPE2012-0767** about Mandamus and Damages, and are raise under the Individuals with Disabilities Education Act, IDEA (20 USCA sec. 1400 et seq.), as well as Law 51 of 1996 "Ley de Servicios Educativos Integrales para Personas con Impedimentos", they are **independent actions** that deal with different facts, different dates, and different breaches of the aforementioned laws by the Government of Puerto Rico and its Agencies. <u>These are legal claims that are dealt with by the Court of First Instance of Puerto Rico as individual and independent claims. The claims KPE 2011-3662 and KPE 2012-0767 have not been consolidated and have not been adjudicated by the</u>

2

Court of First Instance of Puerto Rico. This is evidenced by the documents that were accompanied to the Proofs of Claims numbers 8720 and 7265, respectively; which have also been incorporated into the present response.

9. Both claims, **KPE2011-3662** and **KPE2012-0767**, were administratively paralyzed by the Court of First Instance at the request of the Commonwealth of Puerto Rico, under sections 362 and 922 of the Bankruptcy Code, Tittle 11 and Title III of PROMESA.

10. Support documents for claim KPE2011-3662 (Exhibit A) and support documents for claim KPE2012-0767 (Exhibit B)

11. The United States Bankruptcy Court, S.D. New York, in In Re Residential Capital, LLC[1] summarize the norm regarding the validity of an evidence of claim filed and, the evidentiary rule that must be presented by the party requesting the distress of a claim evidence:

> "Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim.... To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir.B.A.P.2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.), No. 12 Civ. 6074(RJS), 2013 U.S. Dist. LEXIS 143957, at *12-13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not "introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY 502.02[3] [f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014). In Re Residential Capital, LLC[2]

For all the above reasons, the requests of the *Omnibus Objection* of the Commonwealth of Puerto Rico, by and through the Financial Oversight and Management Board for Puerto Rico **must be denied, and in this sense, this Court must recognize the validity of the proof of claims number 7265 and number 8720.**

---

[1] Case No. 12-12020 (MG) Jointly Administered. Signed October 29, 2014. (2014 WL 5473037, Only the Westlaw citation is currently available)
[2] *Id.*

I certify that I have sent and notified a copy of this document by certified mail to:

**Oficina del Secretario**
**Tribunal de Distrito de los Estados Unidos**
Room 150 Federal Building
San Juan, Puerto Rico 0918-1767

**Abogado del Comité de Supervisión**
**Proskauer Rose LLP**
Eleven Times Square
New York, New York 10036-8299
Atención: Martin J. Bienenstock
Brian S. Rosen

**Abogado del Comité de Acreedores**
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Atención: Luc A. Despins
James Bliss
James Worthington
G. Alexander Bongartz

In Carolina, Puerto Rico, on May 24, 2019.

*Maribel González Fontánez* (signature)
Maribel González Fontánez
Jardínes de Carolina K44, Calle K,
Carolina, Puerto Rico 00987-7139
787-479-1925
mgfsalud@gmail.com