Información General          Señalamiento          Movimientos          Notificaciones          Documentos

| Número de Caso | Demandante | Demandado | Región | Tribunal | Asunto | Materia | Estatus |
|---|---|---|---|---|---|---|---|
| K PE2012-0767 | GONZALEZ FONTANEZ, MARIBEL EN REP | ESTADO LIBRE ASOCIADO DE PUERTO RICO | SAN JUAN | SUPERIOR | CIVIL | PROCEDIMIENTOS ESPECIALES | RESUELTO A PARTIR DE: 05072017 |

| Abogado Demandante | Abogado Demandado | Fecha de Presentación | Causal | Salón de Presentación | Juez de Presentación | Fecha de Notificación | Salón de Resolución | Juez de Resolución | Sentencia |
|---|---|---|---|---|---|---|---|---|---|
| PANTOJA OQUENDO JOSEFINA | | 29/02/2012 | MANDAMUS | 0801 | OLGA IRIS GARCIA VINCENTY | 27/04/2012 | 0801 | KATHERYNE SILVESTRY HERNANDEZ | PARALIZACION LEY PROMESA |

Hacer otra búsqueda

Esta búsqueda es el resultado de: KPE2012-0767
Resultados encontrados: 1 Fecha: 4/22/2019 - 2:01:39 PM

**Nota:** La información suministrada es solamente para fines de orientación y no sustituye las comunicaciones oficiales del Tribunal General de Justicia. La información reflejada en la pantalla de consulta es para propósitos generales. Para información detallada de cada caso debe visitar la Secretaría del Tribunal correspondiente. Es responsabilidad del usuario del Sistema validar la oficialidad de la misma en dicha Secretaría. Se libera a la Rama Judicial, sus empleados y funcionarios de toda responsabilidad contra reclamaciones y gastos que pudieran surgir por la utilización ulterior de dicha información.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR**

| | |
|---|---|
| **MARIBEL GONZÁLEZ FONTÁNEZ Y OTROS** | **CASO NÚM. KPE-2012-0767 (808)** |
| Demandantes | |
| v. | **SOBRE:** |
| | **MANDAMUS** |
| **ESTADO LIBRE ASOCIADO DE PR; DEPARTAMENTO DE EDUCACIÓN** | |
| Demandados | |

**MOCIÓN INFORMATIVA SOBRE PROCEDIMIENTO PARA PRESENTAR MOCION EN SOLICTUD DE RELEVO DE LA PARALIZACIÓN AUTOMÁTICA EN EL CASO DEL GOBIERNO DE PUERTO RICO BAJO EL TÍTULO III DE *PROMESA***

**AL HONORABLE TRIBUNAL:**

Comparece el Departamento de Justicia del Gobierno de Puerto Rico, de forma especial y sin que se entienda por este acto renunciada <u>ningún derecho o defensa</u>, incluyendo cualquier planteamiento que en derecho proceda en virtud de las disposiciones de la ley federal conocida como "Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA", por sus siglas en ingles), 48 U.S.C. §§ 2101 et seq., como el no <u>someterse a la jurisdicción del Tribunal,</u> de proceder la misma, por conducto de la representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA y SOLICITA:**

1.	El 3 de mayo de 2017, la Junta de Supervisión y Administración Financiera para Puerto Rico (en adelante "la Junta") presentó una petición de quiebra a nombre del Estado Libre Asociado de Puerto Rico ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, bajo el Título III de PROMESA. *Véase, In re: Commonwealth of Puerto Rico*, case no. 17-1578 (en adelante, la "Petición"). La Sección 301(a) de PROMESA dispone la aplicación, entre otras, de las Secciones 362 y 922 del título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos, a los casos bajo el Título III.

2.	En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por el Gobierno de Puerto Rico de la Petición tiene el efecto automático, inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. §§ 362(a),

922(a); 48 U.S.C. § 2161(a).[1] Con la paralización automática se impide, entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra. Véase, 11 U.S.C.A. sec. 362; *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1er Cir. 1997).

3. El 17 de agosto de 2017, la Honorable Laura Taylor Swain, Jueza de Distrito de los Estados Unidos, dictó en el caso *In re: Commonwealth of Puerto Rico*, case no. 17-03283, un "Second Amended Notice, Case Management and Administrative Procedures" ("Case Management Procedures") mediante la cual, entre otros asuntos, enmienda la Sección III del Procedimiento de Manejo de Caso vigente, a los fines de incorporar un protocolo revisado para las peticiones de levantamiento de la paralización automática ("Stay Relief Motions").

4. Dicho Protocolo establece que toda las partes que pretendan presentar una moción para el relevo de la paralización automática del Título III ("Stay Relief Motion") deberán cumplir con el párrafo III.Q y dar aviso de dicha solicitud a la Junta y a la Autoridad de Asesoría Financiera y Agencia Fiscal (AAFAF) en un término de quince (15) días laborables previo a su presentación y reunirse y conferenciar con los representantes del Estado antes de presentar una solicitud de relevo de paralización. Nada de lo dispuesto en dicho inciso afecta los derechos de una parte para solicitar la consideración de un relevo de paralización de forma acelerada, o los derechos del Estado o de cualquier otra parte interesada para impugnar dicha solicitud de consideración expedita. **SI UNA PARTE NO CUMPLE CON EL PÁRRAFO III.Q DEL "CASE MANAGEMENT PROCEDURES" ANTES DE PRESENTAR UN "STAY RELIEF MOTION", Y NO PUEDE MOSTRAR LA OCURRENCIA DE CIRCUNSTANCIAS EXTRAORDINARIAS PARA DICHO INCUMPLIMIENTO, EL TRIBUNAL DENEGARÁ SIN PERJUICIO EL "STAY RELIEF MOTION", HASTA QUE DICHA PARTE CUMPLA CON LOS "CASE MANAGEMENT PROCEDURES".** Véase **Exhibit I**, Second Amended Notice, Case Management and Administrative Procedures.

**POR TODO LO CUAL**, se solicita muy respetuosamente a este Honorable Tribunal que tome conocimiento de lo aquí informado.

---

[1] Nótese que la paralización que se activa con la Petición es más abarcadora que la que existía hasta el 1 de mayo de 2017. Esta última se refería en términos generales a deuda financiera, mientras que la que se activa con la radicación de la Petición aplica a cualquier litigio en contra del deudor que pudo haber sido comenzado antes de la radicación del procedimiento bajo el Título III de PROMESA. *Véase* Sección 405 de PROMESA.

**CERTIFICO:** Haber notificado mediante correo electrónico copia fiel y exacta de la presente escrito a:

> LIC. GÓMEZ MENÉNDEZ, CARLOS E
> CEGM21@GMAIL.COM
>
> LIC. GONZALEZ BAEZ, MARILUCY
> MARIGONZA@INTER.EDU
>
> LIC. NAZARIO DE LA ROSA, JOSÉ JUAN
> JOSE.J.NAZARIO@GMAIL.COM
>
> LIC. TORRES VALENTÍN, JOSÉ E
> JOSE@TORRESVALENTIN.COM

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico a 29 de agosto de 2017.

**WANDA VÁZQUEZ GARCED**
Secretaria de Justicia

**WANDYMAR BURGOS VARGAS**
Secretaria Auxiliar de lo Civil

**IVÁN J. RAMÍREZ CAMACHO**
Subsecretario Auxiliar de lo Civil

**CLAUDIA A. JUAN GARCIA**
Abogada
RUA: 15,638
División de Recursos Extraordinarios y Política Pública
Secretaría Auxiliar de lo Civil
Departamento de Justicia
Apartado 9020192
San Juan, PR 00902-0192
Tel: (787) 721-2900 Ext. 2603 / 2196
Fax: (787) 723-9188
Email: cjuan@justicia.pr.gov

| Información General | | | Señalamientos | | Movimientos | | Notificaciones | | | Documentos |

| Número de Caso | Demandante | Demandado | Región | Tribunal | Asunto | Materia | Estatus |
|---|---|---|---|---|---|---|---|
| K PE2011-3662 | GONZALEZ FONTANEZ, MARIBEL | ESTADO LIBRE ASOCIADO DE PR | SAN JUAN | SUPERIOR | CIVIL | PROCEDIMIENTOS ESPECIALES | RESUELTO A PARTIR DE: 05062017 |

| Abogado Demandante | Abogado Demandado | Fecha de Presentación | Causal | Salón de Presentación | Juez de Presentación | Fecha de Notificación | Salón de Resolución | Juez de Resolución | Sentencia |
|---|---|---|---|---|---|---|---|---|---|
| PANTOJA OQUENDO JOSEFINA | | 19/10/2011 | MANDAMUS | 0801 | OLGA IRIS GARCIA VINCENTY | 23/11/2011 | 0801 | OLGA IRIS GARCIA VINCENTY | ARCHIVADA |

Hacer otra búsqueda

**Esta búsqueda es el resultado de: K PE2011-3662**
**Resultados encontrados: 1 Fecha: 5/22/2019 - 1:52:33 PM**

**Nota: La información suministrada es solamente para fines de orientación y no sustituye las comunicaciones oficiales del Tribunal General de Justicia. La información reflejada en la pantalla de consulta es para propósitos generales. Para información detallada de cada caso debe visitar la Secretaría del Tribunal correspondiente. Es responsabilidad del usuario del Sistema validar la oficialidad de la misma en dicha Secretaría. Se libera a la Rama Judicial, sus empleados y funcionarios de toda responsabilidad contra reclamaciones y gastos que pudieran surgir por la utilización ulterior de dicha información.**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE SAN JUAN**
**SALA SUPERIOR**

| | |
|---|---|
| **MARIBEL GONZÁLEZ  Y OTROS** | **CASO NÚM.   KPE-2011-3662 (801)** |
| Demandantes | |
| v. | |
| **ESTADO LIBRE ASOCIADO DE PR;** | **SOBRE:** |
| **DEPARTAMENTO DE EDUCACIÓN** | **MANDAMUS** |
| Demandados | |

**MOCIÓN INFORMATIVA SOBRE PROCEDIMIENTO PARA PRESENTAR MOCION EN SOLICTUD DE RELEVO DE LA PARALIZACIÓN AUTOMÁTICA EN EL CASO DEL GOBIERNO DE PUERTO RICO BAJO EL TÍTULO III DE _PROMESA_**

**AL HONORABLE TRIBUNAL:**

Comparece el Departamento de Justicia del Gobierno de Puerto Rico, de forma especial y sin que se entienda por este acto renunciada ningún derecho o defensa, incluyendo cualquier planteamiento que en derecho proceda en virtud de las disposiciones de la ley federal conocida como "Puerto Rico Oversight, Management and Economic Stability Act" ("PROMESA", por sus siglas en ingles), 48 U.S.C. §§ 2101 et seq., como el no someterse a la jurisdicción del Tribunal, de proceder la misma, por conducto de la representación legal que suscribe y muy respetuosamente **EXPONE, ALEGA y SOLICITA:**

1.      El 3 de mayo de 2017, la Junta de Supervisión y Administración Financiera para Puerto Rico (en adelante "la Junta") presentó una petición de quiebra a nombre del Estado Libre Asociado de Puerto Rico ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, bajo el Título III de PROMESA. _Véase, In re: Commonwealth of Puerto Rico_, case no. 17-1578 (en adelante, la "Petición").   La Sección 301(a) de PROMESA dispone la aplicación, entre otras, de las Secciones 362 y 922 del título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos, a los casos bajo el Título III.

2.      En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por el Gobierno de Puerto Rico de la Petición tiene el efecto automático, inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. §§ 362(a),

922(a); 48 U.S.C. § 2161(a).[1]   Con la paralización automática se impide, entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra. Véase, 11 U.S.C.A. sec. 362; *Soares v. Brockton Credit Union*, 107 F.3d 969, 975 (1er Cir. 1997).

3.      El 17 de agosto de 2017, la Honorable Laura Taylor Swain, Jueza de Distrito de los Estados Unidos, dictó en el caso *In re: Commonwealth of Puerto Rico*, case no. 17-03283, un "Second Amended Notice, Case Management and Administrative Procedures" ("Case Management Procedures") mediante la cual, entre otros asuntos, enmienda la Sección III del Procedimiento de Manejo de Caso vigente, a los fines de incorporar un protocolo revisado para las peticiones de levantamiento de la paralización automática ("Stay Relief Motions").

4.      Dicho Protocolo establece que toda las partes que pretendan presentar una moción para el relevo de la paralización automática del Título III ("Stay Relief Motion") deberán cumplir con el párrafo III.Q y dar aviso de dicha solicitud a la Junta y a la Autoridad de Asesoría Financiera y Agencia Fiscal (AAFAF) en un término de quince (15) días laborables previo a su presentación y reunirse y conferenciar con los representantes del Estado antes de presentar una solicitud de relevo de paralización. Nada de lo dispuesto en dicho inciso afecta los derechos de una parte para solicitar la consideración de un relevo de paralización de forma acelerada, o los derechos del Estado o de cualquier otra parte interesada para impugnar dicha solicitud de consideración expedita. **SI UNA PARTE NO CUMPLE CON EL PÁRRAFO III.Q DEL "CASE MANAGEMENT PROCEDURES" ANTES DE PRESENTAR UN "STAY RELIEF MOTION", Y NO PUEDE MOSTRAR LA OCURRENCIA DE CIRCUNSTANCIAS EXTRAORDINARIAS PARA DICHO INCUMPLIMIENTO, EL TRIBUNAL DENEGARÁ SIN PERJUICIO EL "STAY RELIEF MOTION", HASTA QUE DICHA PARTE CUMPLA CON LOS "CASE MANAGEMENT PROCEDURES".** Véase **Exhibit I**, Second Amended Notice, Case Management and Administrative Procedures.

POR TODO LO CUAL, se solicita muy respetuosamente a este Honorable Tribunal que tome conocimiento de lo aquí informado.

---

[1] Nótese que la paralización que se activa con la Petición es más abarcadora que la que existía hasta el 1 de mayo de 2017. Esta última se refería en términos generales a deuda financiera, mientras que la que se activa con la radicación de la Petición aplica a cualquier litigio en contra del deudor que pudo haber sido comenzado antes de la radicación del procedimiento bajo el Título III de PROMESA. *Véase* Sección 405 de PROMESA.

**CERTIFICO:** Haber notificado mediante correo electrónico copia fiel y exacta de la presente escrito a:

LIC. GÓMEZ MENÉNDEZ, CARLOS E
CEGM21@GMAIL.COM

LIC. GONZALEZ BAEZ, MARILUCY
MARIGONZA@INTER.EDU

LIC. NAZARIO DE LA ROSA, JOSÉ JUAN
JOSE.J.NAZARIO@GMAIL.COM

LIC. TORRES VALENTÍN, JOSÉ E
JOSE@TORRESVALENTIN.COM

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico a 29 de agosto de 2017.

**WANDA VÁZQUEZ GARCED**
Secretaria de Justicia

**WANDYMAR BURGOS VARGAS**
Secretaria Auxiliar de lo Civil

**IVÁN J. RAMÍREZ CAMACHO**
Subsecretario Auxiliar de lo Civil

**CLAUDIA A. JUAN GARCIA**
Abogada
RUA: 15,638
División de Recursos Extraordinarios y Política Pública
Secretaría Auxiliar de lo Civil
Departamento de Justicia
Apartado 9020192
San Juan, PR 00902-0192
Tel: (787) 721-2900 Ext. 2603 / 2196
Fax: (787) 723-9188
Email: cjuan@justicia.pr.gov

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR

| | |
|---|---|
| MARIBEL GONZÁLEZ FONTÁNEZ, por sí y en representación de su hijo KEVIN G. DEL VALLE GONZÁLEZ,<br><br>Demandante,<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, representado por el Secretario de Justicia, HON. GUILLERMO A. SOMOZA COLOMBANI, y el Secretario del Departamento de Educación, HON. JESÚS RIVERA SÁNCHEZ,<br><br>Demandados. | CIVIL NÚM.: K PE2011-3662<br>SALÓN 907<br><br><br>SOBRE:<br><br>*MANDAMUS* |

SENTENCIA PARCIAL

Examinada la "Moción conjunta informando acuerdo" presentada por las partes litigantes del epígrafe el 9 de noviembre de 2011, este Tribunal le imparte su aprobación y dicta Sentencia Parcial de conformidad a tal acuerdo.

La acción de daños contenida en la demanda presentada el 20 de octubre de 2011, proseguirá su curso civil ordinario en el caso civil núm. K PE1980-1738 (505), Rosa Lydia Vélez, y otros v. Rafael Aragunde, y otros.

Esta Sentencia Parcial se dicta conforme la Regla 42.3 de las de Procedimiento Civil de 2009, por no existir razón para posponer dictar la misma hasta la resolución total del pleito.

REGÍSTRESE Y NOTIFÍQUESE.

En San Juan, Puerto Rico, a 18 de noviembre de 2011.

GISELLE ROMERO GARCÍA
JUEZA SUPERIOR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

| | |
|---|---|
| **MARIBEL GONZÁLEZ FONTÁNEZ**, por sí y en representación de su hijo **KEVIN G. DEL VALLE GONZÁLEZ**<br><br>Demandantes<br><br><br>VS.<br><br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO**, representado por el Secretario de Departamento de Justicia, **HON. GUILLERMO A. SOMOZA COLOMBANI** y el Secretario del Departamento de Educación, **HON. JESÚS RIVERA SÁNCHEZ**,<br><br>Demandados | Civil Núm.: $K\ PE\ 11-3662$<br><br>907<br><br>SOBRE:<br><br>**M A N D A M U S** |

RECIBIDO
CENTRO JUDICIAL
2011 OCT 19 PM 2: 20

# D E M A N D A

AL HONORABLE TRIBUNAL:

Comparece la Parte Demandante, representada por la abogada que suscribe, y respetuosamente expone y solicita:

1.      Se insta recurso de Mandamus al amparo de la Regla 54 de Procedimiento Civil, la Ley 51 de Servicios Educativos Integrales de Puerto Rico (18 LPRA Secc. 1351 y ss.); la Ley para el Mejoramiento de la Educación de las Personas con Inhabilidades - IDEIA por sus siglas en inglés - (20 USCA 1400 y ss.) y la Sentencia emitida en **Rosa Lydia Vélez vs. ELA**, KPE 80-1738 (505).

2.      Kevin G. Del Valle González y su madre, la Co-demandante, Maribel González Fontánez, tienen la siguiente dirección:  RR #9 Box 4863 San Juan, Puerto Rico 00926.  Su número de teléfono es (787) 479-1925.  Kevin tiene 12 años de edad y es estudiante con necesidades especiales, como resultado de su condición de Problemas Específicos de Aprendizaje y Déficit de Atención con Hiperactividad.  Ambos diagnósticos surgen del informe de evaluación psicológica del 7 de noviembre de 2008. (*Apéndice 1*)

3.      Luego de declararse elegible a los servicios de educación especial, el Demandante fue referido a una evaluación de asistencia tecnológica; se desprende del informe que el mismo fue realizado el 31 de marzo de 2009 y sus resultados fueron entregados al centro el 21 de junio de 2009. (*Apéndice 2*)

4.      Sin embargo, fue necesario radicar una querella el 21 de octubre de 2010 (*Apéndice 3*) porque el equipo recomendado no fue provisto en su totalidad.  La vista administrativa correspondiente se celebró el 31 de mayo de 2011.  La Resolución del Juez Administrativo, Manuel Fernández, emitida el 2 de junio de 2011, dispuso que el Departamento

de Educación entregara la asistencia tecnológica adeudada en un término de veinte (20) días. (*Apéndice 4*)

5.      A la fecha de la presentación de la Demanda, más de dos (2) años después de haberse efectuado la evaluación y transcurridos en exceso el tiempo establecido por el Juez Administrativo para la entrega del equipo, el Demandante no ha recibido la totalidad de la asistencia tecnológica recomendada.

6.      El 24 de junio de 2011 la Parte Demandante, a través de su representación legal, envió una carta a la Lcda. Flory Mar De Jesús Aponte, Directora de la Unidad de Seguimiento y División Legal del Departamento de Educación, informándole que el demandante no había sido notificado de la disponibilidad del equipo asignado y que el término de entrega ordenado por la Resolución Administrativa había transcurrido en exceso.  Se le apercibió de la intención de instar una demanda de Mandamus si el equipo no era entregado antes que comenzara el año escolar 2011-2012.  (*Apéndice 5*)

7.      Los únicos componentes de la asistencia tecnológica recomendados que han sido recibidos por el demandante son el sistema FM, el programa *Mavis Beacon Taches Typing Deluxe*, Versión 20, el *See and Write Electronic Handwriting Tutor*, especie de teclado pequeño que va demostrando paso a paso cómo se escribe una letra.

8.      Es un deber ministerial del Secretario del Departamento de Educación, Demandado, cumplir con las Resoluciones Administrativas en las cuales se le ordena llevar a cabo una acción, una vez son finales y firmes.  La Resolución del 2 de junio de 2011 advino final y firme.

9.      El incumplimiento por la parte Demandada, de entregarle al Demandante la asistencia tecnológica que en derecho le corresponde, afecta y atrasa el proceso de aprendizaje y desarrollo del estudiante, Demandante.  Lo ha incapacitado adversamente en su proceso de aprendizaje, puesto que no ha podido utilizarlo como apoyo para compensar las necesidades que sus diagnósticos le acusan.

10.      La Co demandante, Sa. González, madre del estudiante, persona a cargo de reclamar los derechos del estudiante, ha tenido que invertir tiempo, energía y ha sufrido mucha frustración al ver incumplidos los reclamos de su hijo, aun cuando recurrió a las garantías procesales que la Ley le otorga.  Se estiman los daños sufridos por Kevin G. Del Valle González, en no menos de $25,000.00 y los de la Sra. Maribel González Fontánez, en no menos de $10,000.00.  Todo ello causado por el incumplimiento de la parte Demandada de su deber ministerial.

POR LO ANTES EXPUESTO, se solicita respetuosamente del Honorable Tribunal que emita una Mandamus en el cual le ordene a la parte Demandada cumplir de inmediato con la Resolución de 2 de junio de 2011 que ordena la entrega de la asistencia tecnológica que le fue recomendada al estudiante Demandante.  Se solicita además, que la reclamación  de daños formulada en el párrafo 10 de la demanda sea referida y consolidada con la demanda del pleito de clase de **Rosa Lydia Vélez v. E.L.A.**, Civil Núm. KPE 80-1738 (505).

3

En San Juan, Puerto Rico, a  /9  de octubre de 2011.

JOSEFINA PANTOJA OQUENDO, Abog.
Colegiada Núm. 5979; TS 4604
Servicios Legales de PR, Inc.
Proyecto de Educación Especial
PO Box 21370, San Juan, PR 00928-1370
Tel. (787) 753-5833; Fax. 753-6280

### JURAMENTO

Yo, **MARIBEL GONZÁLEZ FONTÁNEZ**, mayor de edad, empleada, soltera, vecina de San Juan, Puerto Rico, bajo juramento declaro:

1. Soy de las circunstancias personales antes indicadas.
2. Soy la madre de **Kevin G. Del Valle González.**
3. He leído la demanda que antecede y los hechos que se alegan en la misma constan de propio conocimiento.
4. Estoy de acuerdo con el contenido de la Demanda.

En San Juan, Puerto Rico, a 19 de octubre de 2011.

MARIBEL GONZÁLEZ FONTÁNEZ
Madre

Aff. Núm. 2 9/3

Jurado y suscrito ante mí por **MARIBEL GONZÁLEZ FONTÁNEZ**, de las circunstancias personales arriba indicadas, a quien por no conocer personalmente, identifico por su licencia de conducir núm. 1917771.

En San Juan, Puerto Rico, el 19 de octubre de 2011.

NOTARIO PÚBLICO

PAG. 01                      ESTADO LIBRE ASOCIADO DE PUERTO RICO
                                TRIBUNAL DE PRIMERA INSTANCIA
                                     SALA DE SAN JUAN

GONZALEZ FONTANEZ, MARIBEL EN REP
              DEMANDANTE                             CASO:K PE2012-0767
                  VS.                                SALON:0904
ESTADO LIBRE ASOCIADO DE PUERTO RICO
              DEMANDADO                       PROCEDIMIENTOS ESPECIALES
                                                 MANDAMUS
                                                 CAUSAL/DELITO


       LIC. PANTOJA OQUENDO JOSEFINA
       PO BOX 21370
       SAN JUAN,PR 00928

                     NOTIFICACION DE SENTENCIA *Parcial*


       EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO
SENTENCIA  EN EL CASO DE EPIGRAFE CON FECHA 25 DE ABRIL DE 2012      , QUE HA
SIDO DEBIDAMENTE  REGISTRADA Y  ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE
PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

       Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA,
DE LA CUAL PUEDE ESTABLECERSE RECURSO DE  APELACION, DIRIJO A  USTED ESTA
NOTIFICACION, HABIENDO  ARCHIVADO EN LOS AUTOS DE ESTE  CASO COPIA DE ELLA
CON FECHA  DE  27 DE ABRIL DE 2012      .

       PEREZ RODRIGUEZ LYMARIS
       PO BOX 9020192
       SAN JUAN,PR 00902-0192

       SAN JUAN, PUERTO RICO, A 27 DE ABRIL DE 2012

                          LCDA. REBECCA RIVERA TORRES
                          -----------------------------------------
                                              SECRETARIO
                   POR: CLARIBEL RIVERA ZABALA
                          -----------------------------------------
                                  SECRETARIO AUXILIAR

       O.A.T.704-NOTIFICACION DE SENTENCIA
       TELETRIBUNALES:(787)759-1888/ISLA, LIBRE DE COSTO(787)1-877-759-1888

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE SAN JUAN
SALA SUPERIOR
SALON DE SESIONES 904

| | |
|---|---|
| MARIBEL GONZÁLEZ FONTANEZ<br><br>Demandante<br><br>VS.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS<br><br>Demandados | CIVIL NUMERO:<br><br>K PE2012-0767<br><br>SOBRE:  MANDAMUS |

## SENTENCIA PARCIAL

A la vista celebrada, compareció la parte demandante por conducto de su representación legal y la Sra. Maribel González Fontanez.  La parte demandada compareció por conducto de su representación legal y la Sra. Nitza Méndez Martínez, Supervisora de Zona del Programa de Educación Especial, San Juan II.

Informa la Sra. Nitza Méndez Martínez que envió un correo electrónico a la Directora de la escuela donde estudia el menor relacionado a la contratación de la asistente de servicio, para apoyar al menor de edad.  Ella es Kryzia M. González Pagán, su nombramiento fue efectivo desde el 30 de marzo de 2012

El Tribunal luego de escuchar los argumentos expuestos en corte abierta, dicta Sentencia Parcial, desestimando la reclamación sobre mandamus, ya que se ha tornado académica.

No existiendo razón para posponer nuestro dictamen hasta la resolución final del pleito, se ordena expresamente a la Secretaría del Tribunal que registre y notifique esta Sentencia Parcial a tenor con la Regla 42.3 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 42.3.

Se ordena que la reclamación de daños y perjuicios se refiera a ser tramitada en el caso de Rosa Lydia Vélez v. E.L.A., KPE1980-1737.

Regístrese y Notifíquese.

Dada en San Juan, Puerto Rico a 25 de abril de 2012.

CERTIFICO:

Lic. Rebecca Rivera Torres
Secretaria Regional

MARIBEL M. RIVERA ZABALA
Secretaria Auxiliar

ÁNGEL R. PAGÁN OCASIO
Juez Superior

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

**MARIBEL GONZÁLEZ FONTÁNEZ**, por sí y
representando a su hijo **KEVIN G. DEL VALLE
GONZÁLEZ**
    Demandantes

        VS.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**,
representado por el Secretario del Departamento de
Justicia, **HON. GUILLERMO A. SOMOZA
COLOMBANI** y el Secretario del Departamento de
Educación, **HON. EDWARD MORENO**
    Demandados

Civil Núm.

K PE 2 0 1 2 - 0 7 6 7

SOBRE:

**M A N D A M U S**

CENTRO JUDICIAL
DE SAN JUAN
2012 FEB 29   PM 2:12

# D E M A N D A

**AL HONORABLE TRIBUNAL:**

Comparece la parte Demandante, representada por la abogada que suscribe y respetuosamente expone y solicita:

1) Se insta este Mandamus, recurso legal de naturaleza extraordinaria, al amparo de la Regla 54 de Procedimiento Civil, la Ley 51 de Servicios Educativos Integrales para Personas con Impedimentos de 1996, 18 LPRA Sección 1351 y siguientes, la Ley para el Mejoramiento de la Educación de las Personas con Inhabilidades (IDEIA por sus siglas en inglés) 20 USCA Sección 1400 y siguientes y la Sentencia emitida en el pleito de clase de **Rosa Lydia Vélez**, (KPE 80-1738).

2) Se presenta el recurso ante el incumplimiento de la parte Demandada del deber ministerial de implantar las Resoluciones que son emitidas en su contra por los jueces y juezas administrativas que adjudican las querellas de Educación Especial, una vez que esas Resoluciones son finales y firmes.

3) **Kevin G. Del Valle González**, es un joven de doce (12) años de edad y está diagnosticado con déficit de atención del tipo impulsivo hiperactivo, además de problemas específicos de aprendizaje. A pesar de sus condiciones, el Demandante tiene un potencial cognoscitivo promedio alto. El estudiante tiene grandes dificultades en la lectoescritura, por lo cual requiere servicios relacionados de habla y lenguaje, terapia ocupacional y terapia psicológica.

4) Con el propósito de apoyar al Demandante para que se beneficie de los servicios educativos, el estudiante tiene recomendado desde que estaba en la escuela

2

Mandamus Maribel González Fontánez...

elemental una Asistente de Servicios Especiales o Trabajadora I.  Así consta en su
Programa Educativo Individualizado (PEI). (Anejo 1)

5)      Cuando el Demandante se graduó de sexto grado de la Escuela Julio
Sellés Solá de Villa Nevárez y entró a la Escuela Intermedia de Venus Gardens, donde
está ubicado actualmente, se vio privado de la Asistente de Servicios.  Esto le ha
afectado en su proceso educativo, especialmente para terminar los trabajos escritos,
asistirle en la lectura, en la organización de sus materiales y para reponer el trabajo
cuando tiene que salir a recibir las terapias en horario que está en conflicto con el
lectivo.

6)      Para reivindicar el derecho de su hijo a contar con el servicio de
Trabajadora I, según establecido en su PEI, la Sra. Maribel González Fontánez, presentó
una querella en el foro administrativo el 16 de agosto de 2011.  Esta tiene el número
2011-108-047. (Anejo 2)

7)      La vista administrativa para resolver la querella se celebró 5 de octubre de
2011. En esta misma fecha, la Jueza Administrativa, María Milagros Charbonier, emitió
Resolución en la cual le ordenó a la parte Demandada comenzar de inmediato el
nombramiento de un Trabajador I, proceso que debería culminar en un plazo de veinte
(20) días. (Anejo 3)

8)      La Resolución advino final y firme pero, la parte Demandada no nombró
ni ha nombrado la Asistente de Servicios, a pesar del tiempo que ha transcurrido.

9)      El 8 de febrero de 2012, la representación legal de la parte Demandante le
envió una carta a la Lcda. Florymar De Jesús Aponte, Directora de la División Legal de
Educación Especial y de la Unidad de Seguimiento, cuya responsabilidad es velar
porque se implanten las órdenes, resoluciones, acuerdos de mediación, acuerdos de
conciliación que resultan de los procedimientos administrativos.  En la comunicación se
planteó el incumplimiento de la Resolución y se solicitó su implantación, con el
propósito de evitar la presentación de una demanda de Mandamus.  (Anejo 4)

10)     A la fecha en que se presenta esta demanda la carta no ha sido contestada,
aunque hay evidencia postal de que fue recibida.

11)     La falta de la Asistente de Servicios ha causado daños al estudiante
Demandante que se estiman en no menos de $25,000.  El joven ha sentido mucha
inseguridad, enfrenta problemas diariamente para completar los trabajos escritos, para
llevar las asignaciones a su casa.

12)     La Sra. González ha enfrentado la falta de una Asistente de Servicios para
su hijo con preocupación por el impacto que tiene en su proceso educativo.  Contrario a
años anteriores, no cuenta con la información necesaria para poder ayudarlo en las

Mandamus Maribel González Fontánez...

asignaciones diarias.  Con frecuencia, no puede completar el material que debe copiar de la pizarra.  Todas las gestiones que ha hecho para lograr el servicio de apoyo para el estudiante, incluyendo el procedimiento administrativo de querellas, han resultado inútiles, lo que le ha causado frustración y falta de confianza en la agencia que se supone le garantice a su hijo el derecho constitucional a una educación pública y apropiada.  Los daños por angustias emocionales de la Demandante se estiman en no menos de $20,000.

13)   La **Sra. Maribel González Fontánez** y su hijo **Kevin G. Del Valle González**, residen en la carretera 842, Km. 1 H3, Caimito Abajo, San Juan, Puerto Rico. Reciben su correspondencia en RR 16, Box 4863, San Juan, Puerto Rico 00926 y su número de teléfono es el 787-479-1925.

**POR LO ANTES EXPUESTO**, se solicita respetuosamente del Honorable Tribunal que declare **CON LUGAR** la demanda de Mandamus y le ordene a la parte Demandada  nombrar y tener disponible de inmediato en la Escuela Intermedia de Venus Gardens a la Asistente de Servicios para apoyar al Demandante. La parte Querellante prefiere que el aspecto de la demanda relacionado con la reclamación de daños se refiera y consolide con el pleito de clase **Rosa Lydia Vélez vs ELA**, KPE-80-1738.   Se solicita además, la imposición de honorarios de abogado a tenor con la Sección 1415 de la IDEIA y los criterios establecidos en la jurisprudencia.   Los honorarios que se solicitan incluyen la litigación del procedimiento administrativo y la judicial de trámite de Mandamus.

En San Juan, Puerto Rico, a ____28____ de febrero de 2012.

Josefina Pantoja Oquendo, Abog.
Colegiada # 5979, TS #4604
Proyecto Educación Especial
Servicios Legales de PR, Inc.
PO Box 21370; San Juan, PR  00928-1370
Tel. (787) 753-5833; Fax: 753-6280

### J U R A M E N T O

Yo, **MARIBEL GONZÁLEZ FONTÁNEZ**, mayor de edad, soltera, empleada, vecina de San Juan, Puerto Rico, bajo juramento declaro:

1)   Soy de las circunstancias personales arriba indicadas.

4

Mandamus Maribel González Fontánez...

2)   He leído la Demanda que antecede y los hechos que se alegan en la misma me constan de propio conocimiento.

3)   Estoy de acuerdo con el contenido de dicha Demanda.

En San Juan, Puerto Rico, a ___28___ de febrero de 2012.

MARIBEL GONZÁLEZ FONTÁNEZ

Aff. Núm. ___60___

Jurado y suscrito ante mí por **MARIBEL GONZÁLEZ FONTÁNEZ**, de las circunstancias personales arriba indicadas a quien por no conocer personalmente, identifico mediante licencia de conducir núm. 1917771 que contiene su foto y firma, la cual me fuera mostrada voluntariamente.

En San Juan, Puerto Rico, a ___28___ de febrero de 2012.



NOTARIO PÚBLICO