UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ X
                                                         :
In re:                                                   :
                                                         :
THE FINANCIAL OVERSIGHT AND                              :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                        :  Title III
                                                         :
     as representative of                                :  Case No. 17-BK-3283 (LTS)
                                                         :
THE COMMONWEALTH OF PUERTO RICO et al.,                  :  (Jointly Administered)
                                                         :
     Debtors.¹                                           :
------------------------------------------------------------------------ X
```

**AMENDED² MOTION OF (I) FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS
COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY
RULE 3007, TO (A) EXTEND DEADLINES AND (B) ESTABLISH REVISED
PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF
HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS
ISSUED IN 2011, 2012 AND 2014, AND FOR RELATED RELIEF**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Motion [Docket No. 7137] was amended solely to address it to Magistrate Dein and to correct the titles and order of the exhibits to the Proposed Order (defined below).

To the Honorable United States Magistrate Judith G. Dein:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee," and, together with the Oversight Board, the "Objectors"), hereby submit this amended motion (the "Motion"), pursuant to sections 105(a) and 502 of Title 11 of the Bankruptcy Code,[3] made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 3007 of the Bankruptcy Rules, made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), establishing revised procedures for the litigation of GO Objections (defined below), extending certain deadlines, consolidating the litigation of GO Objections to certain general obligation bonds issued in 2011, 2012 and 2014 (the "GO Bonds") and granting related relief. In support of this Motion, the Objectors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. On February 15, 2019, the Court entered an order (the "GO Procedures Order") establishing procedures with respect to the litigation of the objection to GO Bonds issued by the Commonwealth in 2012 and 2014 (the "2012-2014 GO Bonds" and the "2012-2014 GO Bond Objection").[4] Pursuant to the "Objection Procedures" annexed as Exhibit 2 to the GO

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief* [Docket No. 4788] (the "2012-2014 2012-2014 GO Bond Procedures Motion). Please note that the 2012-2014 GO Bonds were defined in the 2014-2014 Go Bond Objection as "Challenged GO Bonds," and the claims arising therefrom, as the "Challenged GO Bond Claims."

[4] *See Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or*

1

Procedures Order (the "Objection Procedures"),[5] persons and entities, including *ad hoc* groups of holders of 2012-2014 GO Bond Claims, intending to participate in the litigation of the 2012-2014 GO Bond Objection were required to file and serve Notices of Participation by the Participation Deadline, which was April 16, 2019.

2.  More than 1,670 Participants submitted Notices of Participation, the vast majority of Participants acting *pro se*, by the Participation Deadline.[6] The Objection Procedures required the Objectors and Respondents to meet and confer to develop Initial Proposals for litigation procedures by May 7, 2019 and to file by May 28, 2019 the Recommendation (as defined in the Objection Procedures) regarding procedures for the litigation of the 2012-2014 GO Bond Objection. These deadlines were extended[7] while the Objectors conferred with the M&C Parties (defined below) concerning the proposed revised Objection Procedures (the "Revised Objection Procedures"). Due to the sheer number of Participants, however, this "meet and confer" process will be impossible to carry out. As a practical matter, there is no way for either side to meaningfully meet and confer in a timely manner with more than 1,600 persons. Further, certain of the Notices of Participation contain inadequate or incomplete information or appear incorrect (*e.g.*, holders of 2012-2014 GO Bonds indicating (presumably in error) that they wish to

---

*Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief.* [Docket No. 5143]

[5] See *Initial Procedures for Resolving Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, annexed as Exhibit 2 to the GO Procedures Order.

[6] See *Informative Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Order Establishing Initial Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, Regarding List of Parties Filing Notices of Participation.* [Docket No. 6464] Since the Participation Deadline, more than 100 additional Notices of Participation were submitted.

[7] See *Orders* extending deadlines at the request of Objectors' informative motions. [Docket Nos. 6828 and 6988]

2

participate as Joint Objectors). The Participants will not be able to communicate freely while there is uncertainty as to whether a Participant is a Joint Objector or a Respondent.

3. On May 21, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* [Docket No. 7057] (the "2011 GO Objection" and together with the 2012-2014 GO Bond Objection, the "GO Objections"). The 2011 GO Objection incorporated by reference the 2012-2014 GO Bond Objection because both Objections are premised upon substantially similar facts and law with respect to the Commonwealth's issuances of the GO Bonds subject to the GO Objections. Accordingly, it is only logical and efficient that the GO Objections be litigated together and that there be the same Objection Procedures for the GO Objections.

4. The Objectors propose utilizing the same procedures for identifying the beneficial holders of the 2011 GO Bonds and providing them with notice of the 2011 GO Objection set forth in the 2012-2014 GO Bond Procedures Motion and in the Declaration of Christina Pullo of Prime Clerk.[8] Given the number of Participants in the 2012-2014 GO Bond Objection, these notice procedures are more than adequate.

5. In light of the foregoing, the Objectors hereby request that the Court approve the Notice to Participants of Revised Objection Procedures (the "Revised Procedures Notice") and the Revised Objection Procedures[9] annexed to the Proposed Order as **Exhibit 1** and **Exhibit 2**,

---

[8] *See Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of 2012-2014 GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of 2012-2014 GO Bonds.* [Dkt. No. 5049]

[9] Annexed hereto as Exhibit B is a comparison of the Revised Objection Procedures and the Objection Procedures.

3

respectively. In addition, the Objectors request that this Court authorize the Committee to prosecute its 2011 GO Objection on an omnibus basis as this Court approved with respect to the 2012-2014 GO Bonds, and approve the Notice of the 2011 GO Objection to the holders of the 2011 GO Bonds annexed to the Proposed Order as **Exhibit 3** (the "2011 GO Objection Notice," and the Notice of Participation of the 2011 GO Objection to the holders of the 2011 GO Bonds annexted to the Proposed Order as **Exhibit 4** (the "2011 GO Notice of Participation") and together with the Revised Procedures Notice, the Revised Objection Procedures, the "Objection Procedure Documents").[10] The Revised Objection Procedures, among other things, limits the number of Participants required to be involved in the "meet and confer" process (the "M&C Parties") to the Participants who filed objections or pleadings with the Court concerning GO Bond issues and extends the deadlines for the exchange of the Initial Proposals and the Recommendation.

6. The Recommendation for the litigation of GO Objections, as approved by this Court would be binding upon holders of 2011 GO Bonds even if their Participation Deadline has not yet passed. As explained below, the Objectors believe that holders of 2011 GO Bonds will not be prejudiced because many already hold 2012-2014 GO Bonds, particularly those Participants involved in the M&C Process. Under the Revised Procedures, the Objectors will not be required to meet and confer with *pro se* parties (other than Mr. Peter Hein) regarding the Initial Proposals and the Recommendation. In other words, the parties holding material amounts of the 2011 GO Bonds are already "at the table." More importantly, however, the Recommendation simply sets the table for the next steps in the litigation of the GO Objections.

---

[10] The Objectors will file Spanish translations of the foregoing notices and Revised Objection Procedures prior to the hearing on the Motion.

4

It does not affect parties' substantive rights, which are expressly preserved under the Revised Objection Procedures.

7. The Objectors requested the consent of the M&C Parties (who are Respondents) to the consolidation of the litigation of GO Objections without delaying the exchange of the Initial Proposals (beyond what is required to obtain Court approval of the Revised Objection Procedures) until the Participation Deadline for the 2011 GO Bond Objection has expired. There was no consensus among the M&C Parties as to the Objectors' proposals to move forward on the litigation of the GO Objections. Certain of the M&C Parties consented (with conditions) and others objected. As a result, the Objectors determined that it would be preferable to file this Motion on regular notice and not have it heard at the June 12 omnibus hearing given that the holders of GO Bonds would have had only a few days-notice to file objections. On the other hand, there appears to be a general consensus that the prosecution of the GO Objections should not be unduly delayed and that waiting until the July omnibus hearing was not acceptable. Therefore, the Objectors determined to seek to have this Motion heard at a separate hearing that may be held at the Court's convenience in New York before the July omnibus hearing.

## JURISDICTION, VENUE, AND STATUTORY BASES

8. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

9. Venue is proper pursuant to section 307(a) of PROMESA.

10. The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Bankruptcy Rule 3007(d), made applicable to these Title III cases by section 310 of PROMESA.

5

**REQUESTED RELIEF**

11. Under the current Objection Procedures, there are certain upcoming events requiring coordination among the Objectors, the Joint Objectors, and the Respondents. In particular, Paragraph 3 of the Objection Procedures requires that "the Joint Objectors and the Objectors, on the one hand, and Respondents (individually and/or through *ad hoc* groups), on the other hand will simultaneously exchange [Initial Proposals] by email setting forth the procedures that will govern litigation of the Objection." Implicit in this provision is the requirement that the Joint Objectors meet and confer with the Objectors and that the Respondents meet and confer with each other. The Objection Procedures also require that "the Objectors and the Participants shall meet and confer concerning the substance of the Initial Proposals in an effort to develop a joint recommendation" and that "the Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants." Initial Procedures at ¶3.

12. Given the more than 1,670 Participants in the 2012-2014 GO Bond Objection, no meaningful meet and confer process is possible among all Participants. Moreover, as set forth above, many Participants did not expressly state whether they are Joint Objectors or Respondents, or in some circumstances, identified as Joint Objectors even though they hold 2012-2014 GO Bonds. Until it is clear whether a Participant is a Joint Objector or a Respondent, no party should be required to share work product or strategies with Participants who have not clearly set forth their positions.

13. Moreover, since filing the 2012-2014 GO Bond Objection, the Committee has filed the 2011 GO Bond Objection. The Committee seeks permission to object to the 2011 GO Bonds on an omnibus basis subject to the Revised Objection Procedures. The Objectors

6

anticipate that much of the foregoing issues relating to *pro se* Participants will be repeated with respect to the 2011 GO Bond Objection. Accordingly, the Objectors also seek to have the Revised Objection Procedures applicable to the 2011 GO Bond Objection as set forth below.

14. <u>2011 GO Objection</u>. The Committee should be authorized to object to the 2011 GO Bonds in an omnibus fashion, to the same extent ordered by the Court in connection with the 2012-2014 GO Bond Objection. Further, given that the GO Objections are premised upon substantially similar facts and the same law, it would be a waste of the Court's and the parties' resources to litigate GO Objections separately. Accordingly, the Objectors request that the litigation of GO Objections be consolidated.

15. <u>M&C Parties</u>. Unless otherwise ordered by the Court, only the M&C Parties will have the right to attend (in person or by phone) any meet and confer session required under the Revised Objection Procedures. The M&C Parties, identified in the Revised Objection Procedures, fall into two categories: (a) the Title III Parties (the Objectors, AAFAF, the Retiree Committee and certain other parties who are Joint Objectors, *e.g.* Ambac Assurance Corp.); and (b) parties who filed objections to the 2012-2014 GO Bond Procedures Motion.[11]

16. <u>GO Bondholders Will Not Be Prejudiced</u>. To prevent further delay (other than what is required to obtain Court approval of the relief sought in this Motion), the Revised Objection Procedures do not require that the 2011 GO Objection Participation Deadline expire before the Objectors, the Joint Objectors and the Respondents exchange Initial Proposals or proposed Recommendations. This relief will not prejudice the holders of 2011 GO Bonds. Indeed, based upon discussions with the M&C Parties' counsel, review of relevant proofs of claim and Bankruptcy Rule 9019 Statements, it appears that most of the M&C Parties (other than

---

[11] *See The Financial Oversight and Management Board v. Puerto Rico Public Buildings Authority*, Adv. Pro. No. 3:18-AP-0149 (LTS).

7

the Title III Parties) already hold 2011 GO Bonds. Therefore, with the assistance of their counsel, who are from some of the most elite firms, the M&C Parties, can adequately represent the interests of 2011 GO Bondholders with respect to the Initial Proposal and the Recommendation. Thus, meet and confer sessions between the Objectors and the M&C Parties will be infinitely more productive than requiring the Objectors and Respondents to meet and confer with thousands of *pro se* parties.

17. Finally, the Initial Proposals and the Recommendation only address "the procedures that will govern litigation of GO Objections." They do not address the substantive rights of the parties. Indeed, as set forth in paragraph 3 of the Revised Objection Procedures, "[p]arties will not be precluded from raising claims or defenses that are not included in the Initial Proposals." Therefore, in the unlikely event that a *pro se* Respondent identifies an argument not addressed by the M&C Parties, nothing in the Revised Objection Procedures precludes the Respondent from later presenting that argument.

18. <u>GO Claim Objection Website</u>. To facilitate the sharing of information with *pro se* parties, the Objectors propose to establish and maintain (through Prime Clerk) a website (the "<u>GO Objection Website</u>"). Under the Revised Objection Procedures, in lieu of the Objectors, the Joint Objectors, and the Respondents simultaneously exchanging Initial Proposals (requiring separate emails to more than 1,670 Participants, plus the unknown number of Participants holding 2011 GO Bonds[12]), the Joint Objectors and the Respondents would email their Initial Proposals only to the Notice Parties (the Objectors' counsel). Thereafter, the Objectors will cause their Initial Proposal, any Initial Proposals sent to the Notice Parties and the

---

[12] Approximately thirty-three (33) Participants provided no email address, or the email address was illegible.

8

Recommendation to be posted to the GO Objection Website on or before the applicable deadline. Each Participant will be provided with log-in credentials to access the GO Objection Website.

19. The Objectors would also cause to be posted to the GO Objection Website (a) documents filed on the docket of the Court in connection with GO Objections, (b) copies of discovery requests, and (c) notices approved by the Court or of upcoming events or deadlines. Accordingly, the Revised Objection Procedures substantially streamline the process and make it easier for all parties (in particular, the *pro se* parties) to participate, or at least receive information concerning, the litigation of GO Objections.

20. <u>Extension of Deadlines</u>. In light of the foregoing proposed modifications, the deadlines set forth in the Objection Procedures, as extended by Orders of this Court, must be further extended. The Objectors propose that the Initial Proposal Exchange Deadline be extended from May 28, 2019 (the date set forth in the Court's Order [Docket No. 6988]) to a date that is five (5) business days following entry of an Order granting this Motion. The deadlines to file the Recommendation similarly will be extended to the date that is twenty-one (21) days after the Initial Proposal Exchange Deadline.[13]

21. As set forth in the GO Procedures Motion, the goal of the Objection Procedures is to streamline the litigation of GO Objections and to ensure that all parties wishing to participate have the opportunity to do so, while at the same time, ensuring that the GO Objections are prosecuted in a timely fashion. The Objectors believe that the proposed revisions to the Objection Procedures will benefit all parties, particularly those acting *pro se.* Accordingly, the Objectors respectfully request that the Court enter the Proposed Order and approve the Objection Procedure Documents.

---

[13] Pursuant to Section III.V of the Eight Amended Cast Management Procedures [Docket No. 4866], the deadlines under the Objection Procedures are automatically extended until the Court acts on this Motion.

9

**BASIS FOR RELIEF REQUESTED**

22. Just as with the 2012-2014 GO Bond Objection, litigating the 2011 GO Objection on a claim-by-claim basis would be "highly inefficient, if not impossible." Accordingly, this Court should authorize the Committee to object to the 2011 GO Bonds in an omnibus fashion. Further, this Court should authorize the Committee to provide notice to the holders of the 2011 GO Bonds in the same manner that the Objectors provided notice of the 2012-2014 GO Bond Objection to the holders of the 2012-2014 GO Bonds, which process, given the number of Participants, was clearly successful.[14] The Court should also consolidate the litigation of GO Objections to avoid wasting the resources of the Court and the parties.

23. Finally, the same reasons justifying approving the Objection Procedures also justify approving the Revised Objection Procedures. Such procedures will allow all parties to participate in the litigation of GO Objections with few procedural hurdles. As set forth in the 2012-2014 2012-2014 GO Bond Procedures Motion, sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and applicable case law, all authorize this Court to grant the relief requested herein. Because there are no differences in the ultimate relief sought, the Objectors hereby incorporate in its entirety the 2012-2014 GO Bond Procedures Motion.

**NOTICE**

24. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the

---

[14] The only difference between the notice proposed to be provided herein, versus that required in the GO Procedures Order, is that under the Proposed Order, Prime Clerk must commence mailing the 2011 GO Objection Notice within five (5) business days of entry of the Proposed Order rather than immediately as set forth in the GO Procedures Order. This will allow additional time for Prime Clerk to receive the list of DTC participants with customers that are beneficial holders of the 2011 GO Bonds.

10

Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection; (ix) DTC and (x) all parties that filed objections to the 2012-2014 GO Procedures Motion, (xi) all Participants that provided email addresses by email and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## **NO PRIOR REQUEST**

25. Except with respect to the 2012-2014 GO Procedures Motion, no previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Objectors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: May 29, 2019 /s/ *Edward S. Weisfelner*          ,

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq.
Angela M. Papalaskaris, Esq. (*pro hac vice*)
Justin S. Weddle, Esq. (*pro hac vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com
jweddle@brownrudnick.com

Stephen A. Best, Esq. (*pro hac vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*pro hac vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

/s/ *Alberto Estrella*          ,

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee*

and

/s/ Luc A. Despins ,

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

/s/ Juan J. Casillas Ayala ,

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Aneses Negron, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*