# **EXHIBIT A**

**Proposed Order (Clean)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------- x
                                                                             :
In re:                                                                       :
                                                                             :
THE FINANCIAL OVERSIGHT AND                                                  :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                            :  Title III
                                                                             :
      as representative of                                                     :  Case No. 17-BK-3283 (LTS)
                                                                             :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                                    :  (Jointly Administered)
                                                                             :
      Debtors.[1]                                                              :
---------------------------------------------------------------------------- x

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF GENOVESE, JOBLOVE & BATTISTA, P.A. AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL RULE 2014-1(e), EFFECTIVE AS OF APRIL 16, 2019**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") appointed in the above-captioned cases for an order pursuant to section 1103(a) of the Bankruptcy Code and Local Rule 2014-1(e) authorizing the retention and employment of Genovese, Joblove & Battista, P.A. ("GJB"), effective as of April 16, 2019, as special litigation counsel to the Committee; and upon the Genovese Declaration and the Committee Declaration in support thereof; the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

consider the Application and the relief requested therein pursuant to section 306(a) of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of the Application has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the representations made in the Application and the Genovese Declaration, GJB represents no interest that is adverse to the Committee with respect to the matters on which the firm is to be engaged; that the firm is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code made applicable pursuant to section 301(a) of PROMESA; and that the firm's employment is necessary and in the best interests of the Committee and its members; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT:**

1. The Application is granted and approved.

2. In accordance with section 1103(a) of the Bankruptcy Code made applicable to the Title III Cases pursuant to section 301(a) of PROMESA, the Committee is authorized to employ and retain GJB as its attorneys on the terms set forth in the Application, the Genovese Declaration, and the Committee Declaration, effective as of April 16, 2019. GJB will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise; *provided, however*, that GJB has agreed to reduce its regular hourly rates by 20%.

3. GJB shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 316 and 317 of PROMESA, the applicable Bankruptcy Rules, the Local Rules of this Court, and such orders as the Court may direct. Pursuant to section 503(b)(1) of the Bankruptcy Code, made

applicable by section 301(a) of PROMESA, the fees and expenses of GJB under this Order shall be an administrative expense.

4. The Commonwealth (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors) shall be solely responsible for such compensation and reimbursement of expenses and have consented to pay GJB's fees and expenses as provided in any interim compensation order, and any such payments shall not be impacted by the application of any withholding or other applicable taxes. To the extent section 305 of PROMESA applies, the Oversight Board has consented to the Commonwealth's (and the other Title III Debtors for which the Committee acts as the official committee of unsecured creditors) payment as provided in this Order. The retention of GJB, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order.

5. GJB shall indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application. Under no circumstances shall the Committee members be responsible for payment of GJB's fees and expenses.

6. The Committee and GJB are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order or GJB's services for the Committee.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2019

                                              _____
                                              HON. LAURA TAYLOR SWAIN
                                              UNITED STATES DISTRICT JUDGE