# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, ET ALS. | PROMESA<br>TITLE 111<br><br>NO. 17 3283-LTS |

## MOTION REQUESTING RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE COURT:**

**COMES NOW**, Jose Lopez Medina (hereinafter Movant), through the undersigned attorney and very respectfully states and requests to this Honorable Court an Order pursuant to 11 U.S.C. Section 362 for relief from the Automatic Stay, as follows:

### I.    PROCEDURAL BACKGROUND

1. The movant is a former police officer of the Puerto Rico Police Department (hereinafter "Police").  Movant was illegally terminated from his employment on October 13, 2010, as per a final and binding ruling issued by the Puerto Rico Appellate Commission.

2. To wit, on January 21, 2011, Plaintiff filed an appeal before the Puerto Rico Appellate Commission for Public Service (hereinafter "CASP" or "Comisión de Apelaciones del Servicio Público"), created pursuant to Reorganization Plan No. 2, approved on July 26, 2010. This is the administrative forum with jurisdiction to oversee any employment action against an employee of the Commonwealth of Puerto Rico.

3. After a two (2) day hearing, CASP concluded that the Police violated Law 184-2004; Law 53-1996; General Order 2007-6, as amended.

4. On October 5, 2016, CASP ordered the "Police" to reinstate Movant and to make him whole for unpaid wages.

5. At present, the Police has not reinstated Movant or paid the unpaid wages that plaintiff lost due to the illegal termination of his employment. In summary, the Police has not complied with the CASP ruling. This matter is final and binding, as the Police never sought judicial review of the CASP judgment.

6. On December 10, 2018, Movant filed a *Writ of Mandamus* before the Puerto Rico Court of Appeals requesting an order against the "Police to reinstate and pay unpaid wages to Movant. Jose *Lopez Medina v. Puerto Rico Police Department,* case number: KLRX201800035.

7. On January 8th, 2019, the Commonwealth of Puerto Rico filed a motion requesting the automatic stay pursuant to the Puerto Rico Oversight Management, And Economic Stability Act" (PROMESA"), 48 U.S.C. Section

2101 et seq. as predicated in 11 USCA Section 362. The same was granted.

8. In addition, the movant filed a case in Federal Court, *Civil No. 17-2232 (WGY)*, for civil rights violations pursuant to 42 USC Section 1983 and 1988 and the Fourteenth Amendments to the United States Constitution.

9. The state case, as well as the federal case are stayed since the filing of there respective complaints.

10. It is the Movant's contention that this Honorable Court should relief the automatic stay so the movant can at least, fully litigate the federal case.

10. In regard to the state case, Movant requests to this Honorable Court to relief the automatic stay in regard to the Movant being reinstated, as ordered by CASP.

## II. DISCUSSION

It is the Movant's contention that the automatic stay of the litigation should be lifted pursuant to 11 U.S.C. Section 362 (d)(1), which allows this Honorable Court to grant relief from the automatic stay "for cause".

Section 362(d)(1) of Title 11 of the United States Code, made applicable in these proceedings by Section 301 of PROMESA, 48 U.S.C. § 2161, authorizes a court to grant relief from the automatic stay "for cause." To determine whether cause exists to lift the bankruptcy stay, courts rely on the factors first enumerated by the United States Court of Appeals for the Second Circuit in *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990)

("Sonnax"). See, e.g.., *Brigade Leveraged Capital Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) (citing Sonnax).

The following factors were identified by the *Sonnax* Court: "whether relief would result in a partial or complete resolution of the issues," "lack of any connection with or interference with the bankruptcy case," "the interests of judicial economy and the expeditious and economical resolution of litigation," "whether the parties are ready for trial in the other proceeding," and the "impact of the stay on the parties and the balance of harms." *Sonnax*, 907 F.2d at 1286.

The instant case meets many of these criteria. This case has already been fully litigated at CASP, and said forum issued a final and binding order with regards to the illegal termination of employment and back pay. Movant prevailed and this agency concluded that the Police violated Law 184-2004; Law 53-1996; General Order 2007-6, as amended and ordered the Police "to reinstate the Movant and pay the unpaid wages." At this stage of the proceeding, it is a matter of ordering the Police, to reinstate the Movant which was ordered since October 5, 2016.

With regards to the payment of the unpaid wages, these are easily quantified since they are prone to a mathematical calculation of his salary from October 13, 2010, the date of discharge, to the present. To allow the Litigation to proceed, would not interfere with the Title III case. The fact that the illegal termination of employment has already been resolved demonstrates

that the interests of judicial economy, and of the expeditious resolution of litigation, are best served by permitting the Litigation to proceed in the Court of Appeals.

In the case of *Keila Robles-Figueroa* (No. 17 BK 3283, Docket Entry No. 647), this Honorable Court issued a *Memorandum Order Granting in Part Motion For Relief from Automatic Stay* stating as follows:

> Allowing the Appeal to proceed to a determination as to whether Movant in entitled to reinstatement while maintaining the stay as to any monetary claims against the Debtors would not interfere materially, if at all, with the Title III case and would permit efficient resolution of the issue raised in the Appeal. Íd., pág. 3.

Taking into consideration the stage of the proceeding in the instant case, and the factors enumerated in the case of the harm that would result to Movant if the stay were not lifted (and where the matter has been litigated), the Movant very respectfully requests this Honorable Court to lift the Automatic Stay in the present case.

For this reason, Movant very respectfully requests to this Honorable Court an Order pursuant to 11 U.S.C. Section 362 for relief from the Automatic stay.

**WHEREFORE,** Plaintiff respectfully requests to this Honorable Court to grant the instant motion.

In San Juan, Puerto Rico on 30th day of May 2019.

**I CERTIFY** that on this same day I have filed this motion through the CM/ECF electronic system which will automatically send an electronic copy to counsels of record.

                                      **S/JO-ANN ESTADES BOYER**
                                      **JO-ANN ESTADES BOYER**
                                      **U.S.D.C. NO. 211811**
                                      16 Taft Street Apt. 2,
                                      San Juan Puerto Rico 00911
                                      E-mail:
                                      joestades@yahoo.com/joestades@gmail.com