**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGGT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, Et al.,<br><br>Debtors | No. 17-BK-3283 (LTS)<br><br>(Jointly Administered)<br><br>PROMESA TITLE III |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PRUSUAT TO PROMESA'S SECTIONS 4,7,301(c)(3), 304(h), DEPARTMENT OF HEALTH AND HUMAN SERVICES ADMINISTRATIVE ORDER ACYF-CB-PI-18-03, CHILD ABUSE PREVENTION AND TREATMENT ACT (CAPTA), BANKRUPTCY CODE'S SECTIONS 362(b)(4), (d)(1)**

To the Honorable Court:

**COMES NOW** Centro de Orientación y Ayuda Psiquiátrica, Inc. (herein after COPA), through the undersigned attorney and very respectfully **ALLEGES, STATES** and **PRAYS** the following:

1. COPA is the provider and has provided since 2007 services to the Commonwealth of Puerto Rico as administrator from federal funds coming from the Foster Care and Family Preservation Program pursuant the Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C.A. §5101, et. seq.

2. The services provided are therapeutic specialized foster care and homes for children with special psychiatric, psychological and therapeutically needs, children that are removed from the custody of parents and/or other guardians

   due mainly to sexual and drug abuse. As this Honorable Court can take notice, the nature of services is for health and public security

3. The services provided by COPA are provided by contract[1] with the Family Department of the Commonwealth of Puerto Rico as administrator of the federal funds thru their program known as Administration for Families and Children Services in Spanish known as ADFAN.

4. The services as contracted by the Commonwealth of Puerto Rico and paid with federal funds from the Foster Care and Family Preservation Program for extremely special children that need treatment, physical, psychological, psychiatric care with high levels of care and supervision in specialized trained therapeutic foster homes.

5. It is also a requirement of CAPTA and federal regulations (as any other special programs funded by federal funds), that the funds provided for these programs be totally separated and administrated in unique accounts not related or mixed with general local funds to pay the contractual obligations with the federal program providers, administrative expenses, that the incompliance with the law and regulations are subject to civil as criminal sanctions.

6. As of today, as per information and belief, COPA is the only provider of the specialized therapeutic foster homes and services. COPA has over 60 children with special needs providing services and to each specialized therapeutic foster home is paid one thousand five hundred dollars ($1,500) monthly in addition to provide teachers, social workers, psychologist, support general services,

---

[1] Exhibit "A" – Contract no 123-2009-000191

school materials, transportation costs and others which are paid from the federal funds that are monthly invoiced to the Commonwealth of Puerto Rico thru ADFAN.

7. The Department of Health and Human Services of the United States of America issued an administrative order, ACYF-CB-PI-18-03[2], stating and ordering the payment and disbursement of the pending invoices from providers or on the contrary, future funding for these health and public safety federal programs will be denied. Page 6 of the order states:

"EXPENDITURE OF FUNDS:

States are encouraged to obligate (establish binding contracts and sign them) CJA Federal funds in one year but are required to obligate and liquidate (spend) CJA funds no later than two years after the end of the fiscal year in which the funds are awarded. Grantees have until December 29, 2020 to liquidate FY 2018 CJA funds. This December 29, 2020 deadline is to assist grantees in paying invoices for services completed but invoiced by end of the year (September 30, 2020). **A negative grant award will be issued for any unobligated or unliquidated balances reported as of December 29, 2020 and returned to the Treasury.**

States must obligate all FY 2018 CJA funds by September 30, 2020. States must liquidate all FY 2018 CJA funds by December 29, 2020.

States must obligate all FY 2017 CJA funds by September 30, 2019. States must liquidate all FY 2017 CJA funds by December 29, 2019.
States must obligate all FY 2016 CJA funds by September 30, 2018. States must liquidate all FY 2016 CJA funds by December 29, 2018.
… (Our emphasis).

8. The Commonwealth of Puerto Rico owes COPA for services contracted with federal funded and provided for the amount of $979,965.00.

9. Even though all the efforts made, including suing the Commonwealth of Puerto Rico in local courts, the Commonwealth of Puerto Rico denies the payment of the

---

[2] See Exhibit "B"

essential services provided by COPA arguing that they cannot pay because any collection effort, even though related to moneys from federal funding for special federal funded programs for health and public safety are stayed by Order of Stay in the instance Bankruptcy case and filed the Notice of Automatic Stay of Proceedings in case no. SJ2018CV02129.

10. The failure to pay COPA what is owed by the Commonwealth of Puerto Rico from federal funds that are totally segregated from the general local funds and that they are destined exclusively to provide the services contracted to COPA, is provoking a serious crisis to the specialized therapeutic foster homes, services limitation and more over to the health and public security of the children with very special needs.

11. COPA respectfully to this Honorable Court, from the Order for Closure issued to section 301(a) of Tittle III of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C §2101-2241, request the relief from the stay order because sections 7 and 304(h) of PROMESA expressly exempt the statute from being "construed as impairing or in any manner relieving a territorial government, or any territorial instrumentality thereof, from compliance with Federal laws, such as CAPTA when states:

> "Sec. 7: Except as otherwise provided in this chapter, **nothing in this chapter shall be construed as impairing or in any manner relieving a territorial government,** or any territorial instrumentality thereof, **from compliance with Federal laws or requirements** of territorial laws **and requirements implementing a federally authorized or federally delegated program**

**protecting the health, safety, and environment of persons in such territory**". 48 USC sec. 2106. (Our emphasis).

12. And Section 304(h) when states:

"This chapter **may not be construed to permit the discharge of obligations arising under Federal police or regulatory laws**, including laws relating to the environment, public health or safety, or **territorial laws implementing such Federal legal provisions**. **This includes compliance obligations, requirements under consent decrees or judicial orders, and obligations, to pay associated administrative, civil, or other penalties**. (Our emphasis) 48 USC sec. 2164.

13. The Commonwealth of Puerto Rico cannot shield themselves in the automatic stay Order issued by this Court for non-compliance of the Federal legal provisions of the federal funding for the health and public safety of minors as required in the Foster Care and Family Preservation Program pursuant the Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C.A. §5101, et. seq. and putting in jeopardy the health of services to special children already abused.

**WHEREFORE**, Movant respectfully request that this Honorable Court grant this motion and hold Movant's civil action for collection of moneys owed under the Foster Care and Family Preservation Federal funded program pursuant the Child Abuse Prevention and Treatment Act (CAPTA), 42 U.S.C.A. §5101, et. seq., EXEMPT from PROMESA's Title III automatic stay pursuant to sections 4, 7, 301(c)(3), 301(h).

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**: We hereby certify that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

In San Juan, Puerto Rico, this 31st day of May, 2019.

/s/ *Ada M. Conde-Vidal*
ADA M. CONDE VIDAL, ESQ.
USDCPR 206209
Court of Appeals Bar No. 15122
1611 Law and Justice for All, Inc.
PO Box 13268
San Juan PR 00908-3268
Tel: 787-721-0401/787-242-3698
Email: 1611lawandjustice@gmail.com