# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION,<br><br>Movant,<br><br>v.<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO URGENT MOTION TO SET BRIEFING SCHEDULE WITH RESPECT TO MOTION OF AMBAC ASSURANCE CORPORATION CONCERNING APPLICATION OF THE AUTOMATIC STAY TO THE REVENUES SECURING PRIFA RUM TAX BONDS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board of Puerto Rico (the "Oversight Board" or "Board"), as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this response to the *Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7177] (the "Scheduling Motion") filed by Ambac Assurance Corporation ("Ambac") and states as follows:

1. **Ambac's Scheduling Request.** To resolve the *Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF NO. 7176] (the "Lift Stay Motion"), the Scheduling Motion proposes a briefing schedule with objections or responses to the Lift Stay Motion due on July 3, 2019, Ambac's reply to any objections or responses to the Lift Stay Motion due on July 16, 2019 at 4:00 p.m. AST, and a hearing on the Lift Stay Motion on July 24, 2019 at 9:30 a.m. AST, as part of the July Omnibus Hearing. Scheduling Motion ¶ 2.

2. **The Oversight Board's Scheduling Response.** For the reasons set forth below, the Oversight Board is amenable to Ambac's suggested briefing schedule and hearing dates, as long as such briefing and the hearing do not require testimony. If, as a result of the briefing and oral argument on the Lift Stay Motion, the Court on its own determines or any litigant meritoriously asserts there are material disputed facts requiring an evidentiary hearing, the Oversight Board proposes scheduling the evidentiary hearing in New York or San Juan at the Court's discretion during September or

---

[2] PROMESA has been codified at 48 U.S.C. §§2101-2241.

October, with the parties to conduct discovery and submit evidence between July 24, 2019 and the evidentiary hearing.

3. Ambac's requested Relief on the Merits. Ambac seeks tripartite relief in the Lift Stay Motion. Ambac first requests the Court issue an order stating "the automatic stay does not apply to certain anticipated lawsuits relating to" bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA"), including an already filed action against the U.S. government and a proposed action against the Commonwealth. Lift Stay Motion ¶ 1. Ambac proposes two levels of alternative relief if the Court declines to enter such an order: relief from the automatic stay to pursue the lawsuits in question, or, if such relief is not granted, "an order requiring the Commonwealth to provide adequate protection for Ambac's collateral." *Id.*

4. The Threshold Issue. All Ambac's requests for relief require that Ambac first prevail on one threshold issue, namely whether it has a secured claim against rum excise tax monies before they are deposited into an account at PRIFA. Putting aside all Ambac's hyperbolic accusations of "lawlessness" and the like, Lift Stay Motion ¶¶ 2-4, 8-9, and its conjecture that the Oversight Board's motive has been to avoid reaching the merits so it can later propose a plan that dissipates Ambac's purported collateral on the incredible assumption this Court would confirm such a plan if Ambac really has such collateral, Lift Stay Motion ¶ 12, the Oversight Board will demonstrate Ambac does not have the collateral it claims for multiple independent reasons.

5. Bankruptcy Code Section 362(e)(1). By requesting stay relief only if the Court determines the automatic stay applies in the first place, Ambac has deferred until the Court makes that determination the running of the thirty-day period in Bankruptcy Code section 362(e)(1) (made applicable by PROMESA § 301(a)) for stay relief requests for acts against property of the debtor. Additionally, by bundling its request for stay relief with other requests for which there is no thirty-

day limit, and by requesting a schedule that exceeds the thirty-day limit, we submit Ambac has consented to the disregard of the thirty-day limit or waived the application of the thirty-day limit.

6. In addition, even if the thirty-day limit has started running, "compelling circumstances" exist to extend the date of an evidentiary hearing, if one is necessary, to September or October. 11 U.S.C. § 362(e)(1). An evidentiary hearing on the issues in the Lift Stay Motion (i.e., the value of the collateral if there is collateral) will require an extensive discovery process, including the production and review of multitudes of documents, and time for interrogatories, depositions, and hearing preparation. Addressing the threshold issue first, whether Ambac has collateral beyond monies deposited into PRIFA accounts, will prevent the parties from having to incur what could be substantial costs to resolve factual questions that may never need to be determined.

7. The primary relief sought – a determination of whether the automatic stay in 11 U.S.C. § 362 applies to Ambac's proposed lawsuits – may be a purely legal issue, depending on whether the relevant documents have one plain meaning. Both sides believe they do. But, each side urges a different meaning. Ambac's motion to lift the stay if the Court determines the stay applies involves legal and factual issues regarding the interpretation and application of the PRIFA Trust Agreement, the PRIFA Enabling Act, 3 L.P.R.A. § 1901 *et seq.*, and § 922 of the Bankruptcy Code. *See, e.g.,* Lift Stay Motion ¶¶ 48-49, 55-57. Ambac's alternative request for adequate protection appears based on legal arguments and statutory interpretation, *id.* ¶¶ 67-68, 84-85, and the defense to it may be as simple as citing PROMESA section 305. In support of its Lift Stay Motion, Ambac appears to rely solely on legal arguments, but the defenses could include facts Ambac may or may not dispute. Thus, at this point it is unclear whether the Lift Stay Motion can be resolved through legal, non-evidentiary briefing, without a need for discovery, declarations from relevant individuals, or an evidentiary hearing, especially given Ambac's invocation of Bankruptcy Code section 362(d).

8. Accordingly, the Oversight Board agrees with the Scheduling Motion's proposed briefing and hearing schedule, provided such briefs and the hearing are limited to issues determinable without testimony, whether live or through declarations. If, after considering the parties' briefs and oral argument at the July 24, 2019 hearing, the Court rules there is a need for evidence, the Oversight Board respectfully submits the Court may schedule a final, evidentiary hearing in September or October in New York or San Juan. The parties could conduct discovery in the interim.

9. For the foregoing reasons, the Oversight Board respectfully submits the Court should issue the proposed scheduling order attached hereto as Exhibit A which (a) adopts Ambac's proposed timing, but limits the hearing to issues not requiring testimony, (b) sets a hearing for September or October if necessary for any disputed fact issues requiring testimony, and (c) requires Ambac to advise the Court and the Oversight Board by no later than June 7, 2019 if it contends the schedule will cause the automatic stay to expire under Bankruptcy Code section 362(e)(1) before the Court determines the stay applies and rules on Ambac's request for stay relief in accordance with the foregoing schedule.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 3, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

/s/ *Hermann D. Bauer*
Hermann D. Bauer

# EXHIBIT A

# [Proposed] Order

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION,<br><br>Movant,<br><br>v.<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

**[PROPOSED] ORDER SETTING BRIEFING SCHEDULE WITH RESPECT TO MOTION OF AMBAC ASSURANCE CORPORATION CONCERNING APPLICATION OF THE AUTOMATIC STAY TO THE REVENUES <u>SECURING PRIFA RUM TAX BONDS</u>**

Upon consideration of the *Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7177] (the "Urgent Motion") filed by Ambac Assurance Corporation ("Ambac") and the response thereto filed by The Financial Oversight and Management Board of Puerto Rico (the "Oversight Board"), as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241, and good cause appearing

therefore, it is hereby ORDERED that:

1. The Urgent Motion is granted as set forth herein;

2. Objections or responses to the Lift Stay Motion are due on July 3, 2019;

3. Ambac's reply to any objections or responses to the Lift Stay Motion is due on July 16, 2019 at 4:00 p.m. AST;

4. The hearing on the Lift Stay Motion shall be on July 24, 2019 at 9:30 a.m. AST, as part of the July Omnibus Hearing;

5. The foregoing briefing and hearing on the Lift Stay Motion shall be without testimony;

6. If, as a result of the briefing and oral argument on the Lift Stay Motion, the Court on its own determines or any litigant meritoriously asserts there are material disputed facts requiring an evidentiary hearing, the Court will schedule the evidentiary hearing in New York or San Juan at the Court's discretion during September or October, with the parties to conduct discovery and submit evidence between July 24, 2019 and the evidentiary hearing; and

7. Ambac shall advise the Court and the Oversight Board by no later than June 7, 2019 if it contends the foregoing schedule will cause the automatic stay to expire under Bankruptcy Code section 362(e)(1) before the Court determines the stay applies and rules on Ambac's request for stay relief in accordance with the foregoing schedule.

DATED: June __, 2019

                                                LAURA TAYLOR SWAIN
                                                UNITED STATES DISTRICT JUDGE