# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>The Financial Oversight and Management Board For Puerto Rico,<br><br>as representative of<br><br>Puerto Rico Sales Tax Financing Corporation ("COFINA"),<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3284-LTS |

## STIPULATION AND AGREED ORDER REGARDING WITHDRAWAL OF PROOF OF CLAIM OF NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION (CLAIM NO. 23450)

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

COFINA (the "Title III Debtor"), by and through the Federal Oversight and Management Board (the "Oversight Board"), on the one hand, and National Public Finance Guarantee Corporation and certain of its affiliates (collectively, "National"), on the other hand, hereby enter into this stipulation (the "Stipulation") as follows:

**RECITALS**

A.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to sections 104(j) and 206 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[2] and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Commonwealth Title III Case").

B.     On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "COFINA Title III Case," and, together with the Commonwealth Title III Case, the "Title III Cases").

C.     By operation of PROMESA and pursuant to PROMESA section 315(b), the Oversight Board is the representative of the Commonwealth and COFINA as debtors in each of their respective Title III Cases.

D.     On June 1, 2017, the United States District Court for the District of Puerto Rico (the "Court") entered an order granting the joint administration of the Title III Cases, for procedural purposes only [Case No. 17-3283, ECF No. 242].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

E.      The Court has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a), and venue is proper in this District pursuant to PROMESA section 307(a).

F.      On February 15, 2018, the Court entered an *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Case No. 17-3283, ECF No. 2521], pursuant to which, among other things, the Court directed that creditors file proofs of claim in the Title III Cases by the dates set forth in the Bar Date Order.

G.      National timely filed a Proof of Claim No. 23450 (the "Claim"), asserting a claim against COFINA in respect of COFINA bonds that National or its affiliates beneficially hold and/or insure, as the case may be, including for amounts arising from any liabilities, losses, and obligations allegedly owed to National or its affiliates pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended and restated on June 10, 2009 (as may be further amended and supplemented, the "COFINA Resolution").

H.      The Bank of New York Mellon, as Trustee under the COFINA Resolution, also filed master proofs of claim against COFINA with respect to any and all amounts owing under the COFINA Resolution with respect to COFINA senior bonds and COFINA subordinate bonds (the "COFINA Trustee Bond Claims").

I.      The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA POA") [Case Nos. 17-3283, ECF No. 4658] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "COFINA DS") [Case No. 17-3283, ECF No. 4364] on November 26, 2018.

J.      The COFINA POA was confirmed by the court on February 4, 2019.  *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048].   On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Order").   The COFINA POA became effective on February 12, 2019, when the transactions contemplated therein were consummated.  *See* Amended Order at 20.

K.      Section 2.1(d) of the COFINA POA provides that, "[s]olely for purposes of confirmation and consummation of the Plan, on the Effective Date, (i) Senior COFINA Bond Claims, Senior COFINA Bond Claims (Taxable Election), Senior COFINA Bond Claims (Ambac) and Senior COFINA Bond Claims (National) shall be deemed allowed in the aggregate amount of $7,760,871,398.36" (collectively, the "Allowed Senior COFINA Bond Claims"), and "(ii) Junior COFINA Bond Claims, Junior COFINA Bond Claims (Taxable Election) and Junior COFINA Bond Claims (Assured) shall be deemed allowed in the aggregate amount of $9,876,235,996.34" (collectively, the "Allowed Junior COFINA Bond Claims"); "provided, however, that, in accordance with the solicitation procedures attendant to the Plan, the foregoing amounts shall be deemed allowed for voting purposes . . . ."   COFINA POA § 2.1(d).

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1.      Subject to the terms and provisions of paragraph 4 hereof, (a) the Claim is hereby withdrawn in its entirety as against COFINA; and (b) the Title III Debtors' claims and noticing

agent, Prime Clerk, LLC, and the Clerk of the Court are authorized and directed to update the COFINA claims register maintained in the COFINA Title III Case to reflect the withdrawal of the Claim.

2.      The withdrawal of the Claim, on the terms set forth herein, is without prejudice to any and all rights, claims and actions of National under the COFINA POA or as against any entity other than COFINA.

3.      Nothing herein shall impact any rights of National to vote the Existing Securities (as such term is defined in the COFINA POA) that National insures and/or beneficially owns, as the case may be, in accordance with the Solicitation Procedures Order and to make elections, if applicable, with respect to any such Existing Securities under the COFINA POA.

4.      Solely to the extent, and upon the earliest to occur, of (i) any court of competent jurisdiction reversing or vacating the order confirming the COFINA POA, or otherwise modifying the COFINA POA, and (ii) the termination of the Plan Support Agreement (as defined in the COFINA POA), the following shall occur: (a) the Claim shall be reinstated without any further actions by the Court or any party; (b) the claims agent shall restore the Claim to the claims register maintained in the COFINA Title III Case without further order of this Court or notice to or consent of any other person; (c) the parties hereto shall be restored to the status quo ante as if this Stipulation had not been entered into or approved and withdrawal of any such claims shall be deemed void ab initio; and (d) National shall, within twenty (20) days of the earliest of such occurrence, file a notice on the docket of the COFINA Title III Case reinstating the Claim provided that the failure to file such notice shall not affect the reinstatement of the Claim pursuant to paragraph 4(a) hereof.

5.      If the Claim is reinstated, the rights of COFINA and the Oversight Board to object to the Claim on any ground whatsoever shall not be prejudiced or limited by this Stipulation.

6.      The parties hereto represent and warrant that they are duly authorized to enter into and be bound by this Stipulation.   Nothing herein shall impair any right, power, or obligation or be considered a waiver of any such right, power, or obligation the parties hereto have with respect to any valid and existing agreements between the parties hereto, which agreements remain in full force and effect and are not modified hereby.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

8.      This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)
Jeffrey W. Levitan (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

**WEIL, GOTSHAL & MANGES LLP**

 /s/ *Gabriel Morgan*
Marcia L. Goldstein*
Gabriel Morgan*
Jonathan Polkes*
Gregory Silbert*

767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
Email: marcia.goldtstein@weil.com
         jonathan.polkes@weil.com
         gregory.silbert@weil.com

*Admitted *pro hac vice*

**O'NEILL & BORGES LLC**

 /s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:   (787) 764-8181
Fax:   (787) 753-8944

*Attorneys for the Financial Oversight
and Management Board as
representative for the Commonwealth*

**ADSUDAR MUÑIZ GOYCO SEDA &
PÉREZ-OCHOA, P.S.C.**

 /s/ *Eric Pérez-Ochoa*
Eric Pérez-Ochoa
USDC-PR No. 206,314
Luis A. Oliver-Fraticelli
USDC-PR No. 209,204
208 Ponce de León Avenue
San Juan, Puerto Rico 00918
Tel: (787) 756-9000
Fax: (787) 756-9010
Email: epo@amgprlaw.com
          loliver@amgprlaw.com

*Attorneys for National Public Finance
Guarantee Corporation*

**SO ORDERED ON June 3, 2019**

/s/ Laura Taylor Swain
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT COURT JUDGE