**EXHIBIT 2**

**Zwillinger, Zachary S.**

| | |
|---|---|
| **From:** | Jones, Jennifer L. <jljones@proskauer.com> |
| **Sent:** | Monday, June 3, 2019 6:54 PM |
| **To:** | Stafford, Laura; Bassett, Nicholas; McKeen, Elizabeth L.; Friedman, Peter; Mashberg, Gregg M.; Mashberg, Gregg M.; Dale, Margaret A.; Pavel, Ashley |
| **Cc:** | Despins, Luc A.; Jimenez, Pedro; Worthington, James B.; Zwillinger, Zachary S.; Arrastia, John; Suarez, Jesus; Rolando Emmanuelli Jiménez; Bliss, James R. |
| **Subject:** | [EXT] RE: Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA |

Nick,

Below is the Oversight Board's response to the issues raised in your email below:

1. <u>Request Nos. 4 and 9:</u>  The Committee has not provided any rationale why the Oversight Board must search for and produce communications concerning the analyses that are the subject of Requests 4 and 9.  While the Oversight Board is willing to search for such analyses and produce them subject to privilege, it is not willing to undertake the burden to search for and review communications.  Such communications would be overwhelmingly privileged, and as a result it would be unduly burdensome and disproportionate to the needs of this case.

2. <u>Request No. 5:</u>  With respect to subparts (i)-(ii), the Oversight Board is willing to conduct a search for and review of meeting materials and presentations/reports/analyses the Board would have considered concerning the Preliminary or Definitive RSA.  Because these materials likely would have been provided in conjunction with other issues unrelated to PREPA and/or the RSA, the Oversight Board will only commit to providing non-privileged excerpts of the materials located to the extent they concern the Preliminary or Definitive RSA, and terms thereof, and reserves the right to redact such information for non-responsiveness, in addition to privilege.  Concerning your subpart (iii), we understand that the Oversight Board does not possess a centralized file concerning the Preliminary or Definitive RSA.

3. <u>Request Nos. 12 and 15:</u>  Regarding RFP 12, the ongoing plan to privatize and transform PREPA goes well beyond the scope of the 9019 proceeding, and the Oversight Board will not agree to produce the requested documents.   As noted, the Oversight Board periodically provides public updates regarding the status of that process, which should provide the Committee with more than sufficient information.  Regarding RFP 15, we are not aware of any third parties with whom the Oversight Board would have shared such materials, except for parties whose interests are sufficiently aligned that disclosure to them would enjoy a common interest privilege and/or would not waive the protections of privilege.  Accordingly, the Oversight Board cannot agree to your proposal.

4. <u>Custodians:</u>  The Committee has not provided a rationale as to why the communications of any particular member of the Oversight Board, much less all of them, are relevant and necessary to the issues material to the 9019 proceeding.  Ms. Jaresko and Mr. Figueroa were the primary representatives involved in the negotiations for the Oversight Board, and thus are likely to be included on all material Oversight Board communications concerning the Preliminary and Definitive RSA.  If you have additional information as to why the communications of Arthur Gonzalez, Ana Matosantos, and/or David Skeel are potentially material to the 9019 Motion, please provide it.

5. <u>Document Searches:</u>  The Oversight Board maintains its position that collection, review and production of text messaging information is unduly burdensome and disproportionate to the needs of the case.

1

6. <u>Lift Stay:</u>  The Oversight Board strongly objects to the Committee's attempt to inject issues into the 9019 Motion hearing that go beyond the narrow inquiry of whether the settlement is within the zone of reasonableness.  The subjects at issue in the Receiver motion are distinct from and largely immaterial to the issues that the Court will need to decide at the 9019 Motion hearing.  In any event, if there are particular documents from the production already in your possession that you think should be subject to production in the 9019 hearing please identify these documents.

7. <u>Privilege:</u>  With respect to the deliberative process privilege, the Oversight Board is continuing to evaluate the distinct policy determinations that will be at issue and the timeframe applicable to when the privilege will apply to each.  Reaching conclusions will require time to review and assess the documents.  With respect to the Oversight Board's common interest with the Ad hoc group, we disagree that material issues refuting the existence of common interest remained following agreement to the Preliminary RSA.  Likewise, we are asserting common interest over communications with Assured as of the date that the material issues were decided.

**Jennifer L. Jones**
Attorney at Law

Proskauer
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.4509
f 310.557.2193
jljones@proskauer.com

---

**From:** Stafford, Laura <lstafford@proskauer.com>
**Sent:** Sunday, June 2, 2019 7:30 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Friedman, Peter <pfriedman@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Jimenez, Pedro <pedrojimenez@paulhastings.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Arrastia, John <jarrastia@gjb-law.com>; Suarez, Jesus <jsuarez@gjb-law.com>; Rolando Emmanuelli Jiménez <rolando@emmanuelli.law>; Bliss, James R. <jamesbliss@paulhastings.com>
**Subject:** RE: Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA

Hi Nick -- Thank you for your email.  We are looking into the issues identified below, but we will not be able to provide you an answer tonight.

---

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Sunday, June 2, 2019 9:11 PM
**To:** Stafford, Laura <lstafford@proskauer.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Friedman, Peter <pfriedman@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Jimenez, Pedro <pedrojimenez@paulhastings.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Arrastia, John <jarrastia@gjb-law.com>; Suarez, Jesus <jsuarez@gjb-law.com>; Rolando Emmanuelli Jiménez <rolando@emmanuelli.law>; Bliss, James R. <jamesbliss@paulhastings.com>
**Subject:** RE: Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA

Laura,

Thank you for your emails.  I write to respond both to your email immediately below and to your email of 3:47 p.m. yesterday.

1.  Request Nos. 4, 9, 25, and 26:  You stated in your email yesterday that the FOMB will "conduct a reasonable search for, and produce, non-privileged documents sufficient to show analyses and forecasts that are the subject of those requests."  Subject to resolving other areas of disagreement, the Committee would be willing to accept this response as a starting point for Request Nos. 25 and 26, with the Committee reserving its right to seek additional documents based on its review of materials produced.  Your response is not acceptable to the Committee for Request Nos. 4 and 9, which require searching of emails and other forms of communication.  We are happy to discuss proposed search terms for those requests.

2.  Request No. 5:  You stated in your email yesterday that the FOMB will "agree to produce non-privileged and non-work product portions of the materials furnished to the Board for the meeting at which it voted on the RSA."  This is not sufficient for the Committee.  Any production in response to this request must also include (i) documents considered by board members at any meeting concerning the Definitive RSA or the Preliminary RSA, not just at the meeting during which they voted on the Definitive RSA, (ii) any specially prepared presentations, reports or analyses concerning the Definitive RSA or the Preliminary RSA that were otherwise furnished to board members, even if not "at a meeting," and (iii) any individual computer or network folders containing materials related to the Definitive RSA or the Preliminary RSA that the board reviewed or considered.  We fail to see how it would be burdensome to collect and produce these documents, but we are willing to listen to your concerns.

3.  Request Nos. 12 and 15:  The FOMB has not responded to our proposals on these requests, as set forth in my 12:30 p.m. email yesterday.

4.  Custodians:  We appreciate your proposal below; however, on the client side, searching only the documents of Natalie Jaresko and Alejandro Figueroa, neither of whom is a board member, is not acceptable.  The Committee believes that the documents of all board members should also be searched.  In an effort to avoid motion practice on this issue, the Committee would accept limiting the board member custodians to Arthur Gonzalez, Ana Matosantos, and David Skeel in the first instance, subject to its right to seek additional custodians, if necessary.

5.  Document Searches:  The Committee continues to insist that document searches include text messages, instant messages, WhatsApp messages, and other forms of electronic communication, unless the FOMB is prepared to certify that none of its members, Ms. Jaresko, or Mr. Figueroa ever used such forms of communication in relation to any of the topics covered by the Committee's requests.  As far as any burden associated with collecting these communications is concerned, it must be weighed against the fact that such communications could be highly relevant to this dispute, particularly because individuals often tend to be more candid in text messages and other non-email forms of communication.  The monetary cost of performing these additional collections, whatever it might be, pales in comparison to the $8 billion at issue.

6.  Lift Stay Productions:  We are having difficulty understanding the FOMB's position on this issue.  If the FOMB believes certain documents produced in connection with the lift stay motion are not relevant to this dispute, that is an admissibility issue it can argue at the appropriate time if and when the Committee seeks to introduce such documents into evidence at the hearing on the Rule 9019 Motion.  It is not an issue for discovery.  As far as discovery is concerned, there cannot be any burden associated with the FOMB "producing" these documents, because the Committee already has them.

7.  Privilege:  We disagree with the FOMB's assertion of the common interest privilege between it and the Ad Hoc Group from the date of the Preliminary RSA forward.  The terms of the Preliminary RSA, as well as

communications the Committee has seen between Movants and the Ad Hoc Group, clearly demonstrate that material issues remained to be resolved well after execution of the Preliminary RSA.  With respect to any common interest privilege between the FOMB and Assured, can you please let us know the basis for the March 26, 2019 date?  Finally, the Committee needs more information to fully evaluate the FOMB's assertion of the deliberative process privilege, including which "distinct policy determinations" the Committee's requests implicate and when those determinations occurred.  To the extent the FOMB intends to assert the deliberative process privilege over internal communications relating to its consideration and evaluation of the RSA from July 28, 2018 forward, which is what we understood from the call last Friday, the Committee objections to that position for the reasons we discussed.

---



**Nick Bassett | Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

---

**From:** Stafford, Laura <lstafford@proskauer.com>
**Sent:** Sunday, June 2, 2019 4:28 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; McKeen, Elizabeth L. <emckeen@omm.com>; Friedman, Peter <pfriedman@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Jones, Jennifer L. <jljones@proskauer.com>; Pavel, Ashley <apavel@omm.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Jimenez, Pedro <pedrojimenez@paulhastings.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Arrastia, John <jarrastia@gjb-law.com>; Suarez, Jesus <jsuarez@gjb-law.com>; Rolando Emmanuelli Jiménez <rolando@emmanuelli.law>; Bliss, James R. <jamesbliss@paulhastings.com>
**Subject:** [EXT] RE: Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA

Hi Nick –

We write to further follow up on your email of 12:30pm yesterday.

Custodians.  The Oversight Board intends to search the following custodians' email:
   a.  Martin Bienenstock
   b.  Ehud Barak
   c.  Paul Possinger
   d.  Natalie Jaresko
   e.  Alejandro Figueroa

Document Searches.  Your email requests that the Oversight Board search for and produce (i) "hard copy" documents that do not exist in electronic form, and (ii) "text messages, instant messages, WhatsApp and other similar non-email electronic correspondence."  Collection, review and production of these documents imposes significant additional burdens and expense on the Oversight Board. The Committee has offered no basis for its demand that the Oversight Board undertake this burden, particularly in light of the email communications the Oversight Board has already agreed to provide.  Accordingly, the Oversight Board will not search for or produce either hard copy documents or non-email electronic correspondence.

<u>Lift Stay Productions</u>: Your email also requests that the Oversight Board agree to allow the Committee to use "any and all" documents produced by the Oversight Board in connection with the Receiver Motion ("Receiver Motion Documents") for the 9019 Motion.  The issues raised by the Receiver Motion are distinct from those raised in the 9019 Motion, which is limited in scope.  As a result, many, if not all, of the Receiver Motion Documents have no bearing on the issues posed by the 9019 Motion.  Accordingly, the Oversight Board cannot agree to allow the use of "any and all" Receiver Motion Documents in the 9019 Motion.

<u>Privilege</u>:  The Oversight Board intends to assert the common interest privilege over its communications with the Ad Hoc Group on or after July 28, 2018, and over its communications with Assured on or after March 26, 2019.  Because these dates depend in part upon our review of documents, which remains ongoing, the Oversight Board reserves the right to alter or expand this date range, or to assert the common interest privilege with respect to specific documents that fall outside the specified range.  Moreover, because the documents requested by the Committee implicate multiple distinct policy determinations, the Oversight Board is not able to identify a single date from which it will assert the deliberative process privilege, nor can it "clarify" its position with respect to "how such privileges interact."

---

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Saturday, June 1, 2019 12:30 PM
**To:** McKeen, Elizabeth L. <emckeen@omm.com>; Friedman, Peter <pfriedman@omm.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Mashberg, Gregg M. <GMashberg@proskauer.com>; Dale, Margaret A. <mdale@proskauer.com>; Jones, Jennifer L. <jljones@proskauer.com>; Stafford, Laura <lstafford@proskauer.com>; Pavel, Ashley <apavel@omm.com>
**Cc:** Despins, Luc A. <lucdespins@paulhastings.com>; Jimenez, Pedro <pedrojimenez@paulhastings.com>; Worthington, James B. <jamesworthington@paulhastings.com>; Zwillinger, Zachary S. <zacharyzwillinger@paulhastings.com>; Arrastia, John <jarrastia@gjb-law.com>; Suarez, Jesus <jsuarez@gjb-law.com>; Rolando Emmanuelli Jiménez <rolando@emmanuelli.law>; Bliss, James R. <jamesbliss@paulhastings.com>
**Subject:** RE: Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA


All:

Thank you for the call yesterday.  We wanted to follow up on a few items we discussed:

1. There are certain requests for which the Oversight Board has not agreed to produce any documents, among them Request Nos. 5, 12, 15.  In an effort to obviate the need for a motion to compel on these requests—or at least narrow the issues that would need to be addressed in such a motion—the Committee would be willing to narrow these requests (for the Oversight Board as well as for AAFAF, PREPA, Filsinger Energy Partners, and Ankura (collectively, the "<u>Government Parties</u>")) as follows:

   a. <u>Request 5</u>:  "All documents received and considered by You in determining whether to enter into the Settlement."  **Propose to limit as follows:**
      i. Any memoranda or presentations prepared for the members of the Board in connection with their evaluation of the Preliminary RSA, the Definitive RSA, or the Settlement.
      ii. All documents or packets of information given to the members of the Board at or in preparation for meetings to consider the Preliminary RSA, the Definitive RSA, or the Settlement, whether in person or telephonic.
      iii. All compilations of materials regarding the Preliminary RSA, the Definitive RSA, or the Settlement that were maintained by the Board or its staff (for example, all documents within an "RSA" folder on a Board shared drive or on an individual Board members' computer)
   b. <u>Request 12</u>:  "All documents and communications concerning the current state and estimated date for completion of the Proposed Transformation."  (In response to this request, the Oversight Board has said only that it will produce documents concerning the effect of the Definitive RSA on the Proposed Transformation.  Such documents are already covered by other requests and are not sufficient to satisfy Request No. 12).  **Propose to limit as follows**:

        i. Documents sufficient to show the estimated date of completion of the Proposed Transformation.

        ii. All documents concerning any potential delays in the anticipated completion of the Proposed Transformation.

        iii. All current drafts of agreements, term sheets, or any similar documentation exchanged with potential bidders or Concessionaries concerning the Proposed Transformation.

        iv. All responsive documents produced in connection with the Receivership Motion.

    c. <u>Request 15</u>: "All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the bondholders of PREPA have meritorious defenses that the security interests are valid, as referred to in paragraph 58 of the Rule 9019 Motion." **Propose to limit as follows**:

        i. Limit to a search of documents shared with third parties (to alleviate privilege concerns)

2. You asked which of our requests relate to so-called "macroeconomic" issues, including without limitation the movants' and their advisors' forecasts of future electricity demand in Puerto Rico, the elasticity of such demand, and the ability of the market and electric system to absorb the surcharges contemplated by the settlement and/or any additional surcharges. These requests principally include Requests Nos. 9, 25 and 26. The Oversight Board has responded that it will not produce documents in response to these requests, while AAFAF and PREPA have not taken a position on Request No. 9 and have agreed to produce documents in response to Request Nos. 25 and 26 only to the extent such documents were produced in connection with the Receivership Motion. These responses are not acceptable to the Committee. Please let us know if your position has changed.

3. With regard to document custodians:

    a. PREPA and AAFAF have taken the position that they will search and review only the external email correspondence of two O'Melveny & Meyers lawyers. This is not acceptable to the Committee. The Committee requests that PREPA and AAFAF (i) also search the documents of relevant client custodians, including without limitation the documents of Christian Sobrino, Mohammad Yassin, Jose Ortiz, Nelson Morales, and any other person who had material involvement in the negotiation of the Preliminary or Definitive RSAs or may be called to testify at the hearing, and (ii) search internal correspondence, including correspondence by and among client custodians.

    b. Neither Ankura nor the Oversight Board has told the Committee which custodians' documents it will search. Please let us know.

4. Filsinger Energy Partners ("FEP") stated in its responses and objections that it does not believe it has any responsive documents other than those that are already in the possession of PREPA or AAFAF. Unless PREPA and AAFAF are agreeing to search the documents of all custodians of theirs who communicated with representatives of FEP, this is not an adequate response, because the Committee would not receive FEP's documents. The Committee therefore expects FEP to conduct a separate search and asks that custodians be identified.

5. The Government Parties have, to this point, only agreed to search emails. The Committee requires that any document search also include (i) "hard copy" documents to the extent the same documents do not exist in electronic form, and (ii) text messages, instant messages, WhatsApp and other similar non-email electronic correspondence. To the extent any of the Government Parties refuses to produce such other types of documents, the Committee requires a written representation from such party that no such responsive documents exist.

6. Please confirm that each of the Government Parties will allow the Committee to use for the Rule 9019 Motion any and all documents that such party produced in connection with the Receivership Motion.

7. The Government Parties will let us know (i) dates from which they intend to assert the deliberative process and common interest privilege (and for the latter, with respect to which parties), and (ii) clarify their position on how such privileges interact (for example, is it their position that communications from July 2018 through the signing of the definitive RSA are pre-decisional for purposes of the deliberative process privilege and yet the common interest privilege applies to communications with the Ad Hoc Group during this time period?).

We are happy to have a further discussion as to these or any other issues and are available today and tomorrow to do so. As you know, the Committee has an initial motion to compel deadline of Monday, June 3. We would therefore appreciate your prompt response.

Regards,

Nick

_____

**Nick Bassett** | **Of Counsel**
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct:
+1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 |
nicholasbassett@paulhastings.com | www.paulhastings.com

-----Original Appointment-----
**From:** Zwillinger, Zachary S.
**Sent:** Thursday, May 30, 2019 1:53 PM
**To:** Zwillinger, Zachary S.; Bassett, Nicholas; McKeen, Elizabeth L.; Friedman, Peter;
peter.canzano@nortonrosefulbright.com; eric.tashman@nortonrosefulbright.com; uyen.poh@nortonrosefulbright.com;
patti.wu@nortonrosefulbright.com; Mashberg, Gregg M. (GMashberg@proskauer.com); Dale, Margaret A.
(mdale@proskauer.com); Jones, Jennifer L.; Stafford, Laura
**Cc:** Despins, Luc A.; Jimenez, Pedro; Worthington, James B.; Arrastia, John; Suarez, Jesus; Kleinhaus, Emil A.; Celentino,
Joseph C.; Rolando Emmanuelli Jiménez; Bliss, James R.; Pavel, Ashley
**Subject:** Rule 9019 Motion Discovery M&C between UCC and FOMB/AAFAF/PREPA
**When:** Friday, May 31, 2019 1:00 PM-2:00 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Dial In: 1-800-308-2601 Passcode: 2123186774 Mobile: (tel://1-800-308-2601,*,,2123186774#)


 *~*~*~*~* *~*~*~*~*


You have been invited to a conference call with the following details:

Within the US and Canada: 1-800-308-2601     Mobile: (tel://1-800-308-2601,*,,2123186774#)
Outside US and Canada: 1-719-955-2367     Mobile: (tel://1-719-955-2367,*,,2123186774#)
Internally from a Paul Hastings phone: 8600

Passcode: 2123186774

Web Conference: https://paulhastings.conferencinghub.com/ZacharyZwillinger

Audio Conference Star Commands
*0 to reach an operator
*6 to mute or unmute your personal line
*5/*8 to increase or decrease conference volume (for yourself only)

*~*~*~*~* *~*~*~*~*


_____

From: Bassett, Nicholas <nicholasbassett@paulhastings.com>
Sent: Wednesday, May 29, 2019 7:30 PM

To: McKeen, Elizabeth L. <emckeen@omm.com>; Friedman, Peter <pfriedman@omm.com>;
peter.canzano@nortonrosefulbright.com; eric.tashman@nortonrosefulbright.com;
uyen.poh@nortonrosefulbright.com; patti.wu@nortonrosefulbright.com; Mashberg, Gregg M.
(GMashberg@proskauer.com) <GMashberg@proskauer.com>; Dale, Margaret A. (mdale@proskauer.com)
<mdale@proskauer.com>; Jones, Jennifer L. <jljones@proskauer.com>; Stafford, Laura
<lstafford@proskauer.com>

Cc: Despins, Luc A. <lucdespins@paulhastings.com>; Jimenez, Pedro <pedrojimenez@paulhastings.com>;
Worthington, James B. <jamesworthington@paulhastings.com>; Zwillinger, Zachary S.
<zacharyzwillinger@paulhastings.com>; Arrastia, John <jarrastia@gjb-law.com>; Suarez, Jesus <jsuarez@gjb-law.com>; Kleinhaus, Emil A. <EAKleinhaus@wlrk.com>; Celentino, Joseph C. <JCCelentino@wlrk.com>;
Rolando Emmanuelli Jim餢z <rolando@emmanuelli.law>; Bliss, James R. <jamesbliss@paulhastings.com>;
Pavel, Ashley <apavel@omm.com>

Subject: RE: In re Puerto Rico Electric Power Authority - Rule 9019 Motion Discovery to PREPA

Thanks, Liz.  We will check and get back to you.

_____
 <http://www.paulhastings.com/>
Nick Bassett | Of Counsel
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main:
+1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com
<mailto:nicholasbassett@paulhastings.com>  | www.paulhastings.com <http://www.paulhastings.com/>

From: McKeen, Elizabeth L. <emckeen@omm.com <mailto:emckeen@omm.com> >
Sent: Wednesday, May 29, 2019 7:28 PM
To: Bassett, Nicholas <nicholasbassett@paulhastings.com <mailto:nicholasbassett@paulhastings.com> >;
Friedman, Peter <pfriedman@omm.com <mailto:pfriedman@omm.com> >;
peter.canzano@nortonrosefulbright.com <mailto:peter.canzano@nortonrosefulbright.com> ;
eric.tashman@nortonrosefulbright.com <mailto:eric.tashman@nortonrosefulbright.com> ;
uyen.poh@nortonrosefulbright.com <mailto:uyen.poh@nortonrosefulbright.com> ;
patti.wu@nortonrosefulbright.com <mailto:patti.wu@nortonrosefulbright.com> ; Mashberg, Gregg M.
(GMashberg@proskauer.com <mailto:GMashberg@proskauer.com> ) <GMashberg@proskauer.com
<mailto:GMashberg@proskauer.com> >; Dale, Margaret A. (mdale@proskauer.com
<mailto:mdale@proskauer.com> ) <mdale@proskauer.com <mailto:mdale@proskauer.com> >; Jones, Jennifer
L. <jljones@proskauer.com <mailto:jljones@proskauer.com> >; Stafford, Laura <lstafford@proskauer.com
<mailto:lstafford@proskauer.com> >

Cc: Despins, Luc A. <lucdespins@paulhastings.com <mailto:lucdespins@paulhastings.com> >; Jimenez, Pedro
<pedrojimenez@paulhastings.com <mailto:pedrojimenez@paulhastings.com> >; Worthington, James B.
<jamesworthington@paulhastings.com <mailto:jamesworthington@paulhastings.com> >; Zwillinger, Zachary
S. <zacharyzwillinger@paulhastings.com <mailto:zacharyzwillinger@paulhastings.com> >; Arrastia, John
<jarrastia@gjb-law.com <mailto:jarrastia@gjb-law.com> >; Suarez, Jesus <jsuarez@gjb-law.com
<mailto:jsuarez@gjb-law.com> >; Kleinhaus, Emil A. <EAKleinhaus@wlrk.com

<mailto:EAKleinhaus@wlrk.com> >; Celentino, Joseph C. <JCCelentino@wlrk.com
<mailto:JCCelentino@wlrk.com> >; Rolando Emmanuelli Jim鮕z <rolando@emmanuelli.law
<mailto:rolando@emmanuelli.law> >; Bliss, James R. <jamesbliss@paulhastings.com
<mailto:jamesbliss@paulhastings.com> >; Pavel, Ashley <apavel@omm.com <mailto:apavel@omm.com> >

Subject: [EXT] RE: In re Puerto Rico Electric Power Authority - Rule 9019 Motion Discovery to PREPA

Nick-

We think it makes sense to address the discovery directed at OMelveny and Proskauers respective clients in the same call for efficiency purposes.  We are available between 12:30 and 5:30 Eastern on Friday.   Ive copied the Proskauer team.  Please let us know if that window works for you and your colleagues.


Thanks,
Liz


From: McKeen, Elizabeth L. <emckeen@omm.com <mailto:emckeen@omm.com> >
Sent: Tuesday, May 28, 2019 8:19 PM
To: Bassett, Nicholas <nicholasbassett@paulhastings.com <mailto:nicholasbassett@paulhastings.com> >;
Friedman, Peter <pfriedman@omm.com <mailto:pfriedman@omm.com> >;
peter.canzano@nortonrosefulbright.com <mailto:peter.canzano@nortonrosefulbright.com> ;
eric.tashman@nortonrosefulbright.com <mailto:eric.tashman@nortonrosefulbright.com> ;
uyen.poh@nortonrosefulbright.com <mailto:uyen.poh@nortonrosefulbright.com> ;
patti.wu@nortonrosefulbright.com <mailto:patti.wu@nortonrosefulbright.com>

Cc: lucdespins@paulhastings.com <mailto:lucdespins@paulhastings.com> ; Jimenez, Pedro
<pedrojimenez@paulhastings.com <mailto:pedrojimenez@paulhastings.com> >; Worthington, James B.
<jamesworthington@paulhastings.com <mailto:jamesworthington@paulhastings.com> >; Zwillinger, Zachary
S. <zacharyzwillinger@paulhastings.com <mailto:zacharyzwillinger@paulhastings.com> >; Arrastia, John
<jarrastia@gjb-law.com <mailto:jarrastia@gjb-law.com> >; Suarez, Jesus <jsuarez@gjb-law.com
<mailto:jsuarez@gjb-law.com> >; Kleinhaus, Emil A. <EAKleinhaus@wlrk.com
<mailto:EAKleinhaus@wlrk.com> >; Celentino, Joseph C. <JCCelentino@wlrk.com
<mailto:JCCelentino@wlrk.com> >; Rolando Emmanuelli Jim鮕z <rolando@emmanuelli.law
<mailto:rolando@emmanuelli.law> >; Bliss, James R. <jamesbliss@paulhastings.com
<mailto:jamesbliss@paulhastings.com> >; Pavel, Ashley <apavel@omm.com <mailto:apavel@omm.com> >

Subject: RE: In re Puerto Rico Electric Power Authority - Rule 9019 Motion Discovery to PREPA

Nick - thanks for your email; we will confer internally and get back to you.  Going forward please include Ashley Pavel at OMM who I have copied.


From: Bassett, Nicholas <nicholasbassett@paulhastings.com <mailto:nicholasbassett@paulhastings.com> >
Sent: Tuesday, May 28, 2019 8:15 PM
To: Friedman, Peter <pfriedman@omm.com <mailto:pfriedman@omm.com> >; McKeen, Elizabeth L.

<emckeen@omm.com <mailto:emckeen@omm.com> >; peter.canzano@nortonrosefulbright.com
<mailto:peter.canzano@nortonrosefulbright.com> ; eric.tashman@nortonrosefulbright.com
<mailto:eric.tashman@nortonrosefulbright.com> ; uyen.poh@nortonrosefulbright.com
<mailto:uyen.poh@nortonrosefulbright.com> ; patti.wu@nortonrosefulbright.com
<mailto:patti.wu@nortonrosefulbright.com>

Cc: lucdespins@paulhastings.com <mailto:lucdespins@paulhastings.com> ; Jimenez, Pedro
<pedrojimenez@paulhastings.com <mailto:pedrojimenez@paulhastings.com> >; Worthington, James B.
<jamesworthington@paulhastings.com <mailto:jamesworthington@paulhastings.com> >; Zwillinger, Zachary
S. <zacharyzwillinger@paulhastings.com <mailto:zacharyzwillinger@paulhastings.com> >; Arrastia, John
<jarrastia@gjb-law.com <mailto:jarrastia@gjb-law.com> >; Suarez, Jesus <jsuarez@gjb-law.com
<mailto:jsuarez@gjb-law.com> >; Kleinhaus, Emil A. <EAKleinhaus@wlrk.com
<mailto:EAKleinhaus@wlrk.com> >; Celentino, Joseph C. <JCCelentino@wlrk.com
<mailto:JCCelentino@wlrk.com> >; Rolando Emmanuelli Jim銘z <rolando@emmanuelli.law
<mailto:rolando@emmanuelli.law> >; Bliss, James R. <jamesbliss@paulhastings.com
<mailto:jamesbliss@paulhastings.com> >

Subject: RE: In re Puerto Rico Electric Power Authority - Rule 9019 Motion Discovery to PREPA

All,

As you know, the litigation schedule provides for meet and confer sessions to occur on Friday, May 31.  In light
of the number of parties with which we need to confer, we think it makes sense to also hold discussions on
Thursday, May 30, as necessary.  Can you please let us know times on Thursday and/or Friday that would work
for you for a call?

Note that we think it would make sense to address discovery directed to AAFAF, PREPA, Ankura, and the law
firms (OMM and Norton Rose) on the same call for efficiency purposes, but let us know if you disagree.

Thank you,
Nick

_____
<http://www.paulhastings.com/>
Nick Bassett | Of Counsel
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main:
+1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com
<mailto:nicholasbassett@paulhastings.com>  | www.paulhastings.com <http://www.paulhastings.com/>

From: Bassett, Nicholas
Sent: Wednesday, May 22, 2019 11:46 PM
To: 'pfriedman@omm.com' <pfriedman@omm.com <mailto:pfriedman@omm.com> >; 'emckeen@omm.com'
<emckeen@omm.com <mailto:emckeen@omm.com> >; 'peter.canzano@nortonrosefulbright.com'
<peter.canzano@nortonrosefulbright.com <mailto:peter.canzano@nortonrosefulbright.com> >;

'eric.tashman@nortonrosefulbright.com' <eric.tashman@nortonrosefulbright.com
<mailto:eric.tashman@nortonrosefulbright.com> >; 'uyen.poh@nortonrosefulbright.com'
<uyen.poh@nortonrosefulbright.com <mailto:uyen.poh@nortonrosefulbright.com> >;
'patti.wu@nortonrosefulbright.com' <patti.wu@nortonrosefulbright.com
<mailto:patti.wu@nortonrosefulbright.com> >

Cc: Despins, Luc A. <lucdespins@paulhastings.com <mailto:lucdespins@paulhastings.com> >; Jimenez, Pedro
<pedrojimenez@paulhastings.com <mailto:pedrojimenez@paulhastings.com> >; Worthington, James B.
<jamesworthington@paulhastings.com <mailto:jamesworthington@paulhastings.com> >; Zwillinger, Zachary
S. <zacharyzwillinger@paulhastings.com <mailto:zacharyzwillinger@paulhastings.com> >; 'Arrastia, John'
<jarrastia@gjb-law.com <mailto:jarrastia@gjb-law.com> >; Suarez, Jesus <jsuarez@gjb-law.com
<mailto:jsuarez@gjb-law.com> >

Subject: In re Puerto Rico Electric Power Authority - Rule 9019 Motion Discovery to PREPA

Counsel,

Please find attached the first set of document requests of the Official Committee of Unsecured Creditors to
PREPA and its advisors, including OMelveny, Norton Rose, and Ankura (as advisor to PREPA), in connection
with the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code
Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements
Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods [Docket No.
1235].  Interrogatories to PREPA are also attached.

Although the Committee believes its document requests to PREPA cover its counsel and advisors, including
OMelveny, Norton Rose, and Ankura, out of an abundance of caution, separate subpoenas to these parties are
attached.

Please let us know if you are unable or unwilling to accept service of any of these requests or subpoenas by
email as required by the scheduling order entered by the Court on May 22, 2019.

Regards,
Nick

_____
<http://www.paulhastings.com/>
Nick Bassett | Of Counsel
Paul Hastings LLP | 875 15th Street, N.W., Washington, DC 20005 | Direct: +1.202.551.1902 | Main:
+1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com
<mailto:nicholasbassett@paulhastings.com>  | www.paulhastings.com <http://www.paulhastings.com/>


**************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you

received

this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

If you reply to this message, Paul Hastings may collect personal information including your name, business name

and other contact details, and IP address. For more information about Paul Hastings information collection, privacy

and security principles please click HERE <https://www.paulhastings.com/global-privacy-statement> . If you have any questions, please contact Privacy@paulhastings.com <mailto:privacy@paulhastings.com> .

*****************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*******************************************************************************************************
*********************************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.

If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.

Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

*******************************************************************************************************
*********************************************************************

*****************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.