# **EXHIBIT 3**

**O'Melveny**

O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660-6429

T: +1 949 823 6900
F: +1 949 823 6994
omm.com

June 3, 2019

**By E-Mail**

Nicholas A. Bassett, Esq.
Zachary S. Zwillinger
PAUL HASTINGS LLP
875 15th Street N.W.
Washington, D.C. 20005

Luc A. Despins, Esq.
200 Park Avenue
New York, New York 10166

Re:     *Official Committee of Unsecured Creditors First Set of Document Requests to AAFAF and PREPA*

Counsel:

We write in response to our meet and confer of May 31, 2019 and your June 1, 2019 email about your written document requests to AAFAF, PREPA, O'Melveny & Myers LLP ("O'Melveny"), Ankura Consulting Group, LLC ("Ankura"), and Filsinger Energy Partners, Inc. ("FEP"), (collectively, the "Responding Parties") each served on May 22, 2019.

**I.      Custodial Email Searches and Production**

AAFAF and PREPA agree to the Committee's request to add Christian Sobrino as an email custodian, along with Nancy Mitchell and Maria DiConza. As we explained in our May 31, 2019 call, AAFAF and PREPA were primarily represented in the RSA negotiations by Ms. Mitchell and Ms. DiConza. Mr. Sobrino, as the CEO of AAFAF, the Fiscal Agent for PREPA, a member of PREPA's Board, and an *ex officio* member of the FOMB, was the primary client representative for AAFAF and for PREPA in these negotiations. Mohammad Yassin, José Ortiz, and Nelson Morales did not have any material involvement in the RSA negotiation. Accordingly, AAFAF and PREPA will not agree to add them as custodians. Ankura's email custodians are Fernando Batlle, Jorge San Miguel, and Gerard Gil.

AAFAF, PREPA, and Ankura are reviewing communications exchanged in the below date ranges among the below-listed domains, and will produce non-privileged responsive documents.

- *Ad Hoc Group*—emails with the below domains between 3/1/2018 and 7/27/2018
    - @kramerlevin.com
    - @tcm.law
    - @angelogordon.com
    - @bluemountaincapital.com
    - @centerbridge.com
    - @franklintempleton.com
    - @goldentree.com
    - @knighthead.com
    - @marathonfund.com
    - @ofiglobal.com
    - @silverpointcapital.com
    - @hl.com
    - @paconsulting.com
- *Assured*—emails with the below domains between 3/1/2018 and 3/25/2019
    - @cwt.com
    - @cabprlaw.com
    - @lazard.com
- *Objectors*—emails after 3/1/2019
    - @emmanuelli.law (UTIER)
    - @wlrk.com (Fuel lines)
    - @stblaw.com (Fuel lines)
    - @weil.com (National)
    - @nationalpfg.com (National)
    - @debevoise.com (Syncora)
    - @scafg.com (Syncora)

FEP did not have any significant involvement in negotiating the RSA. Accordingly, FEP will not designate custodians.

Your email has asked the Responding Parties to search for and produce hard copy documents that do not exist in electronic form, as well as text messages, instant messages, WhatsApp messages and similar non-email electronic correspondence. Collection, review, and production of these documents would impose significant additional burdens and is completely unjustified in light of the email communications AAFAF, PREPA, and Ankura have already agreed to review and provide. Moreover, because the Responding Parties did not negotiate the RSA or have substantive communications regarding negotiation of the RSA via non-email electronic communications, they will not agree to search for and produce either hard copy documents or non-email electronic correspondence.

II.     **Re-Production of Responsive Materials Produced in the Lift Stay Litigation.**

The Responding Parties confirm that they provided the UCC with all documents produced in connection with the Lift Stay Motion. However, your email asks the Responding Parties to agree that the Committee may use the entirety of the Lift Stay Production in connection with the Rule 9019 Motion. We do not agree. The issues raised by the Lift Stay

Motion are distinct from those raised in the 9019 Motion, which is limited in scope and subject matter. As a result, many of the documents produced in connection with the Lift Stay Motion have no bearing on the issues posed by the 9019 Motion. Accordingly, we cannot agree to allow the use of "any and all" documents produced in response to the Lift Stay Motion in connection with litigation relating to the 9019 Motion. We will produce only materials that are responsive to the requests.

The Responding Parties intend to produce the following documents from the Lift Stay production. We are still in the process of reviewing the Lift Stay production, and if additional responsive documents are identified, the Responding Parties will produce them.

### *Proposed Transformation (Requests 10-12)*

- Puerto Rico Electric Power Transmission and Distribution System Request for Proposals.[1]
- Term Sheet for T&D System Partnership Contract.[2]
- PREPA Confidential Information Memorandum.[3]
- PREPA Transmission and Distribution P3 Project Financial Model.[4]

### *Revenue, Demand, and Sales Forecasts (Requests 25-26)*

- 13-Week Cash Flow updates from January 2018 showing PREPA's projected expenses and revenues.[5]
- PREPA Monthly Fiscal Plan Compliance Dashboards from July 2018 to March 2019.[6]
- Various versions of PREPA's Integrated Resource Plan Submission and accompanying materials.[7]

---

[1] ANKURA_LS0001792.
[2] ANKURA_LS0001858.
[3] ANKURA_LS0001885.
[4] ANKURA_LS0002100.

[5] PREPA_LS0004112, PREPA_LS0004289, PREPA_LS0004312, PREPA_LS0004450, PREPA_LS0004949, PREPA_LS0005082, PREPA_LS0005100, PREPA_LS0005227, PREPA_LS0063831, PREPA_LS0063843, PREPA_LS0063855, PREPA_LS0063867, PREPA_LS0063879, PREPA_LS0063891, PREPA_LS0063898, PREPA_LS0063910, PREPA_LS0063927, PREPA_LS0063939, PREPA_LS0063951, PREPA_LS0063963, PREPA_LS0064015, PREPA_LS0064027, PREPA_LS0064039, PREPA_LS0064051,, PREPA_LS0064063, PREPA_LS0064075, PREPA_LS0064082, PREPA_LS0064099,, PREPA_LS0064111, PREPA_LS0064123, PREPA_LS0064135, PREPA_LS0064147, PREPA_LS0064203, PREPA_LS0064210, PREPA_LS0064227, PREPA_LS0064239, PREPA_LS0070524, PREPA_LS0070542, PREPA_LS0070554, PREPA_LS0070561, PREPA_LS0070578, PREPA_LS0070590, PREPA_LS0070602, PREPA_LS0070614, PREPA_LS0070872. Also available on the AAFAF website since April 2018. http://aafaf.pr.gov/reports.html#lr-prepa.

[6] AAFAF_LS0000269, AAFAF_LS0000316, PREPA_LS0005619, PREPA_LS0005620, PREPA_LS0005689, PREPA_LS0005690, PREPA_LS0005759, PREPA_LS0005769, PREPA_LS0011426, PREPA_LS0022225, PREPA_LS0022233, PREPA_LS0023761, PREPA_LS0023769, PREPA_LS0066389, PREPA_LS0070506.

[7] ANKURA_LS0036357, ANKURA_LS0036624, ANKURA_LS0037239, ANKURA_LS0037283, ANKURA_LS0037529, ANKURA_LS0037647, PREPA_LS0070732.

\*   \*   \*

To the extent the Committee believes that additional documents are responsive to its requests, the Responding Parties are willing to meet and confer regarding the reproduction of additional responsive materials.

### III. Positions on Privilege

AAFAF and PREPA assert the common interest privilege based on the attorney-client privilege and work product doctrine over their communications with the Ad Hoc Group on or after July 28, 2018, and over their communications with Assured on or after March 26, 2019. AAFAF and PREPA also assert the common interest privilege with the FOMB and its advisors based on attorney-client privilege and work product privilege without restriction as to time. With respect to the deliberative process privilege, because the documents requested by the Committee implicate multiple distinct policy determinations, AAFAF and PREPA are not able to identify a single date from which it will assert the deliberative process privilege.

More importantly, however, AAFAF and PREPA are not withholding documents and communications based solely on privilege. AAFAF and PREPA are also objecting to the Committee's requests for internal communications and analyses on the ground that they are overbroad, unduly burdensome, and not reasonably tailored to lead to the discovery of admissible evidence in connection with the 9019 Motion. The 9019 Motion is not an opportunity for the Committee to present a competing RSA, or to argue that alternative provisions or approaches that the parties to the RSA may have considered would have been better. *Hill v. Burdick (In re Moorhead Corp.)*, 2008 B.R. 87, 89 (B.A.P. 1st Cir. 1997) (The [bankruptcy] judge . . . is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference."). Nor does the 9019 Motion create an opportunity for the Committee to litigate the merits of the Lien Challenge settled through the RSA. *In re Age Refining, Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) ("In evaluating a Rule 9019 settlement, a bankruptcy court need not 'conduct a mini-trial to determine the probable outcome of any claims waived in the settlement."). The question before the court is whether the RSA, as executed, falls below the lowest point in the range of reasonableness. *See Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 92 (1st Cir. 2011) ("The task of both the bankruptcy court and any reviewing court is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."). The expansive discovery the Committee is demanding is not proportional to the needs of litigating the 9019 Motion.

### IV. Request-Specific Issues in the Committee's June 1 Email

#### A. Documents received and considered in determining whether to enter the Settlement (Request 5)

While the Responding Parties acknowledge that the Committee took efforts to narrow the scope of Request 5, even as narrowed the request seeks materials that are protected from disclosure

by the attorney-client privilege, attorney work product doctrine, and the deliberative process privilege. AAFAF and PREPA's agreement to produce non-privileged email communications with the Ad Hoc Group, Assured, and potential objectors will include non-privileged documents responsive to Request 5. We also understand that the FOMB is willing to search for non-privileged materials it considered at the meeting to vote on the RSA. In the spirit of compromise, AAFAF and PREPA agree to conduct a reasonably diligent search for non-privileged memoranda or presentations to AAFAF or PREPA officials in connection with their evaluation of the settlement. To date we have not located any such non-privileged materials.

### B.  The current state and estimated date for completion of the Proposed Transformation (Request 12)

Your email narrows the scope of Request 12 to seek:

- "[d]ocuments sufficient to show the estimated date of completion of the Proposed Transformation,"
- "[a]ll documents concerning any potential delays in the anticipated completion of the Proposed Transformation,"
- "[a]ll current drafts of agreements, term sheets, or any similar documentation exchanged with potential bidders or Concessionaries concerning the Proposed Transformation," and
- "[a]ll responsive documents produced in connection with the Receivership Motion."

The Responding Parties acknowledge the Committee's offer to narrow the scope of Request 12 to encompass documents sufficient to show the current status of the Proposed Transformation. As noted above, the Responding Parties will produce non-privileged responsive documents from the Lift Stay Production. For the remaining requests, because the P3 Authority, rather than the Responding Parties, is negotiating the Proposed Transformation, the materials the Committee is seeking are within the possession, custody, and control of the P3 Authority. The Committee's proposal should be directed to counsel for the P3 Authority.

### C.  Documents and Communications Concerning Analysis of Validity of Bondholder Security Interests (Request 15)

We appreciate the Committee's willingness to narrow the scope of Request 15 to encompass only communications with third parties in order to address privilege concerns. However, the Committee's proposal does not address our privilege concerns with respect to communications with the FOMB, the Ad Hoc Group, or Assured that are protected from disclosure pursuant to a common interest. AAFAF and PREPA will agree, using the custodian and domain restrictions listed above, to produce non-privileged documents and communications concerning the validity of Bondholders security interests that were sent to or received from: (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

### D. Macroeconomic Issues (Requests 9, 25-26)

Ankura has agreed to produce non-privileged documents responsive to Requests 25 and 26 that may be located after a reasonably diligent search. That search is ongoing. In addition to those documents, AAFAF and PREPA have agreed to produce the email communications with third parties and Lift Stay materials described above.

/s/ Elizabeth L. McKeen

Elizabeth L. McKeen