# **EXHIBIT 11**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ------------------------------------------------------------------ X | | |
| In re : | | |
| : | | |
| THE FINANCIAL OVERSIGHT AND : | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| : | | |
| As representative of | : | Case No. 17-BK-3283 (LTS) |
| : | | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*,[1] | : | (Jointly Administered) |
| : | | |
| Debtors. | : | |
| ------------------------------------------------------------------ X | | |
| In re : | | |
| : | | |
| THE FINANCIAL OVERSIGHT AND : | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| : | | |
| As representative of | : | Case No. 17-BK-4780 (LTS) |
| : | | |
| PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA), | : | |
| : | | |
| Debtor. | : | |
| ------------------------------------------------------------------ X | | |

**AAFAF'S RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF INTERROGATORIES TO PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY IN CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019 FOR ORDER APPROVING SETTLEMENTS EMBODIED IN RESTRUCTURING SUPPORT AGREEMENT AND <u>TOLLING CERTAIN LIMITATIONS PERIODS</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") hereby responds and objects (the "**Responses and Objections**") to the *Official Committee of Unsecured Creditors' First Set of Interrogatories to Puerto Rico Fiscal Agency and Financial Advisory Authority in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods*, served May 22, 2019 (the "**Interrogatories**"), including the individual interrogatories set out therein (each an "**Interrogatory**"), which was served at the direction of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "**Committee**").

## PRELIMINARY STATEMENT

AAFAF has not yet completed its investigation and review of documents. These Responses and Objections are based, and will be based, only upon the information that is currently available to and specifically known to AAFAF as of the date hereof. AAFAF reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. AAFAF has made reasonable efforts to respond to the Interrogatories, to the extent they have not been objected to, as AAFAF understands and interprets the Interrogatories. If the Committee subsequently asserts an

interpretation of the Interrogatories that differs from AAFAF's interpretation, AAFAF reserves the right to supplement these Reponses and Objections.

## GENERAL OBJECTIONS

1. AAFAF objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**").

2. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is not in AAFAF's possession, custody, or control. Subject to the other general and specific objections set forth herein, AAFAF will use reasonable diligence to obtain responsive documents in its possession, custody, or control based on an examination of those files reasonably expected to yield responsive information. Information produced by AAFAF in response to specific Interrogatories should not be construed as a representation that every document in its possession, custody, or control has been examined. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they purport to require AAFAF to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on

behalf of AAFAF and whose files have been archived, destroyed, or released in connection with such person's departure from AAFAF.

4. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek materials that have already been provided to the Committee in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed*, dated October 3, 2018 [ECF No. 975] (the "**Lift Stay Motion**").

5. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent that they purport to impose burdens on AAFAF that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**"). AAFAF will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6. AAFAF objects to each Instruction, Rule of Construction, Definition, and Interrogatory to the extent they purport to impose burdens on AAFAF that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Interrogatories, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

7. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they place an unreasonable burden on AAFAF, including without limitation by seeking

information that is equally or more readily available from public sources or that is already available to the Committee.

8. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities are not subject to disclosure, and AAFAF will not provide it. AAFAF intends to and does assert any and all such privileges with respect to all such information.

9. AAFAF objects to each Instruction, Rule of Construction, Definition, and Interrogatory to the extent they seek information that is confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive information exists, AAFAF will produce such information only pursuant to an appropriate protective order that has been executed and entered into by the parties.

10. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses and Objections, AAFAF does not admit any factual or legal premise in the Interrogatories.

11. To the extent any term defined or used in the Interrogatories is used in responding to the Interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

12. AAFAF objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

13. AAFAF objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 2019 Motion nor reasonably calculated to lead to the discovery of admissible evidence.

14. AAFAF objects to the definition of the term "Communication" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, web messaging, instant messaging, or words transmitted by telephone, radio, or any method of voice recording, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery. AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive information.

15. AAFAF objects to the definition of the term "Document" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, summaries of records or notes of personal

conversations or interviews, recordings, tapes, microfilm, summaries of negotiations, stenographic, handwritten, or any other notes, computer disks and tapes, or tape data sheets or data processing cards or disks, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery. AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive information.

16. AAFAF objects to the definition of the term "Proposed Transformation" as vague, ambiguous, and overbroad. AAFAF will construe "Proposed Transformation" to refer to the potential transformation described in the Market Sounding Letter dated June 4, 2018, as posted on the official website of the Puerto Rico Public-Private Partnerships Authority at http://www.p3.pr.gov/prepa-transformation.html.

17. AAFAF objects to the definition of the terms "You," "Your" and "AAFAF" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion. In responding to the Interrogatories, AAFAF will construe "You," "Your" and "AAFAF" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion.

18. AAFAF objects to Instruction 5 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to Instruction 5 on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery. AAFAF will use reasonable diligence to provide information reasonably known to it as of the date of these Responses and Objections.

19. AAFAF objects to Instruction 6 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules by requiring the identification of

responsive documents that are no longer in the possession, custody, or control of AAFAF, a description of the disposition of such documents (including the reason for the disposition and the persons who authorized such disposition), the date of disposition, when such documents were most recently in the possession, custody, or control of AAFAF, identification of the person currently in possession, custody, or control of such documents, and otherwise provide a description of the nature and contents of such documents. AAFAF also objects to Instruction 6 on the grounds that they are unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery for AAFAF to provide the information requested by Instruction 6.

20. AAFAF objects to Instruction 8 to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserves the right to provide a categorical privilege log.

21. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Interrogatories or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

22. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Interrogatory; (b) an agreement as to erroneous assumptions or incorrect

factual predicates contained in any Interrogatory; (c) an acknowledgement that documents or other items responsive to any Interrogatory exist; (d) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and AAFAF expressly reserves, the right to file a motion to quash the Interrogatories and/or to seek a protective order.

23. The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify the Persons who negotiated the RSA and the Preliminary RSA on behalf of (i) the Oversight Board, (ii) PREPA, (iii) AAFAF, and (iv) each of the Supporting Holders.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 1 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons who participated in negotiations in connection with the RSA and Preliminary RSA.

Without waiving the foregoing general and specific objections, AAFAF, as the fiscal agent for PREPA, identifies the following representatives of AAFAF and PREPA who were primarily responsible for negotiating the RSA and the Preliminary RSA:

- Christian Sobrino (Chief Executive Officer of AAFAF, PREPA board member, and *ex officio* member of the Oversight Board);

- Nancy Mitchell (Partner of O'Melveny & Myers LLP ("**O'Melveny**"), outside counsel to AAFAF and PREPA);

- Maria DiConza (Partner of O'Melveny, outside counsel to AAFAF and PREPA);

- Fernando Batlle (Senior Managing Director of Ankura Consulting Group, LLC ("**Ankura**"), financial advisor to AAFAF and PREPA); and

- James Bowe (Partner of King & Spalding, outside counsel to PREPA).

**INTERROGATORY NO. 2:**

Identify the Persons with knowledge of the costs and benefits of the Settlement, including its impact on other creditors of PREPA.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 2 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons with knowledge of the costs and benefits of the Settlement.

Without waiving the foregoing general and specific objections, AAFAF, as fiscal agent for PREPA, identifies the following representatives of AAFAF and PREPA as the Persons who are

most knowledgeable of the costs and benefits of the Settlement, including its impact on other creditors of PREPA:

- Christian Sobrino (Chief Executive Officer of AAFAF, PREPA board member, and *ex officio* member of the Oversight Board);

- Fernando Batlle (Senior Managing Director of Ankura, financial advisor to AAFAF and PREPA);

**INTERROGATORY NO. 3:**

Identify the Persons who have communicated or negotiated with Concessionaires concerning the Settlement, the Proposed Transformation, and/or the PREPA bonds or other claims against PREPA.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 3 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons who communicated and/or negotiated with Concessionaires.

Without waiving the foregoing general and specific objections, AAFAF, as fiscal agent for PREPA, identifies the following representative of AAFAF and PREPA who was primarily responsible for communicating and/or negotiating with Concessionaires concerning the Settlement, the Proposed Transformation, and/or the PREPA bonds or other claims against PREPA:

- Christian Sobrino (Chief Executive Officer of AAFAF, PREPA board member, and *ex officio* member of the Oversight Board).

**INTERROGATORY NO. 4:**

Identify the Persons primarily responsible for the Proposed Transformation.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 4 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons who were involved in the Proposed Transformation. In addition, AAFAF objects to this Interrogatory on the ground that the phrase "responsible for the Proposed Transformation" is vague and ambiguous. AAFAF further objects to this Interrogatory on the ground that it is not properly directed to AAFAF because the Puerto Rico Public-Private Partnerships Authority is negotiating the Proposed Transformation.

**INTERROGATORY NO. 5:**

Identify the Persons with knowledge of the effect of the Settlement on the Proposed Transformation.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 5 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it

is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons with knowledge of the effect of the Settlement on the Proposed Transformation.

Without waiving the foregoing general and specific objections, AAFAF, as fiscal agent for PREPA, identifies the following representative of AAFAF and PREPA as the Person who is most knowledgeable of the effect of the Settlement on the Proposed Transformation:

- Christian Sobrino (Chief Executive Officer of AAFAF, PREPA board member, and *ex officio* member of the Oversight Board).

**INTERROGATORY NO. 6:**

Identify the Persons with knowledge of the value of PREPA's assets, including any such value that will not be transferred to the Supporting Holders under the Settlement.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 6 to the extent it requires identification of Persons who are not representatives of AAFAF or PREPA. In responding to this Interrogatory, AAFAF will identify only individuals acting on behalf of AAFAF. AAFAF further objects to this Interrogatory as vague and ambiguous with respect to the meaning of "assets." PREPA further objects to this Interrogatory on the ground that it improperly presumes that the Settlement effects a transfer of any PREPA "assets" or "value."

Without waiving the foregoing general and specific objections, AAFAF is willing to meet and confer with the Committee to discuss this Interrogatory.

**INTERROGATORY NO. 7:**

Identify the Persons with knowledge of the value of the collateral securing the PREPA Bonds and any decline in the value of such collateral.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 7 to the extent it requires identification of Persons who are not representatives of AAFAF or PREPA. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF also objects to this interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons with knowledge of the value of the collateral securing the PREPA Bonds. In addition, AAFAF objects to this Interrogatory on the ground that it improperly seeks identification of Persons with knowledge of a legal conclusion. In particular, AAFAF does not concede that the Bonds are secured.

**INTERROGATORY NO. 8:**

Identify the Persons with knowledge of whether or not PREPA bonds are oversecured or undersecured.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 8 to the extent it requires identification of Persons who are not representatives of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF also objects to this interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the

expedited discovery schedule to the extent it purports to require AAFAF to identify all Persons with knowledge of whether or not PREPA bonds are oversecured or undersecured. In addition, AAFAF objects to this Interrogatory on the ground that it improperly seeks identification of Persons with knowledge of a legal conclusion. In particular, AAFAF does not concede that the Bonds are secured.

**INTERROGATORY NO. 9:**

Identify the Persons with knowledge of the PREPA Trust Agreement, including:

(a) the Persons with knowledge of each of the funds and accounts established pursuant to the PREPA Trust Agreement, including but not limited to the General Fund, the Revenue Fund, the Reserve Maintenance Fund, the Self-Insurance Fund, the Capital Improvement Fund, the Sinking Fund, and any and all deposit and securities accounts;

(b) the Persons with knowledge of the flow of funds through each of the funds and accounts established pursuant to the PREPA Trust Agreement; and

(c) the Persons with knowledge of all documentation and agreements relating to each of the funds and accounts established pursuant to the PREPA Trust Agreement, including but not limited to any account documentation and deposit account control agreements.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to its General Objections, AAFAF objects to Interrogatory No. 9 to the extent it purports to require AAFAF to identify Persons who are not representatives of or acting on behalf of AAFAF. In responding to this Interrogatory, AAFAF will identify only individuals representing or acting on behalf of AAFAF. AAFAF further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule, particularly insofar as it purports to require AAFAF to identify all Persons with knowledge of the funds and accounts established pursuant to the PREPA Trust Agreement, the flow of funds through those funds and accounts, and of "all documents and agreements relating to each of those funds and accounts."

Without waiving the foregoing general and specific objections, AAFAF, as fiscal agent to PREPA, identifies the following representative of PREPA with knowledge of each of the funds and accounts established pursuant to the PREPA Trust Agreement, the flow of funds through each of the funds and accounts, and agreements relating to each of the funds accounts, including any deposit account control agreements:

- Nelson Morales (Chief Financial Officer of PREPA).

**INTERROGATORY NO. 10:**

Identify any witnesses You intend to call to testify at the hearing on the Rule 9019 Motion.

**RESPONSE TO INTERROGATORY NO. 10:**

Without waiving the foregoing general objections, AAFAF will exchange the information requested in Interrogatory No. 10 consistent with the Court's *Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement*, dated May 22, 2019 [PREPA Docket ECF No. 1253].

Dated: May 29, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Elizabeth L. McKeen*
John J. Rapisardi
Suzzanne Uhland
Peter Friedman
Nancy A. Mitchell
(Admitted *Pro Hac Vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061

Elizabeth L. McKeen
(Admitted *Pro Hac Vice*)
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel: +1-949-823-6900
Fax: +1-949-823-6994

*Attorneys for Puerto Rico Fiscal Agency and Financial Advisory Authority*

## VERIFICATION

I, Christian Sobrino, on behalf of the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), hereby state that the factual averments set forth in *AAFAF's Responses and Objections to Official Committee Of Unsecured Creditors' First Set of Interrogatories to Puerto Rico Fiscal Agency and Financial Advisory Authority in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement and Tolling Certain Limitations Periods* are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 29th day of May, 2019.

By: _____
Christian Sobrino