**<u>EXHIBIT 19</u>**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Movant,<br><br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**RESPONSES AND OBJECTIONS OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO
TO THE GENERAL CREDITORS' COMMITTEE'S
<u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

*[Remainder of page intentionally left blank]*

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), hereby responds and objects to *Official Committee Of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico and its Advisors in Connection with Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Section 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in Restructuring Support Agreement* [the "Definitive RSA"] *and Tolling Certain Limitations Periods* served by the Official Committee of Unsecured Creditors ("UCC") and dated May 22, 2019, (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Requests for Production are made without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Requests for Production, to the extent it has not been objected to, as the Oversight Board understands and interprets the Requests for Production. If the UCC subsequently asserts an interpretation of the Requests for Production that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections. By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

- 3 -

## GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, unduly burdensome to the extent they seek information that is neither necessary nor proportionate to the narrow question whether to approve the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Case No. 17-BK-4780-LTS, ECF No. 1235) (the "9019 Motion").  Not only is the UCC's effort to engage in voluminous discovery far beyond the standards applicable to approval under Rule 9019, but it is clearly designed to disrupt and delay the process for approving the Definitive RSA.

2.      The Oversight Board objects to the Requests for Production, and to each Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant 9019 Motion; (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession that the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date May 1, 2018 or otherwise seek documents outside the timeframe relevant to the 9019 Motion.

5.     The Oversight Board objects to the Definitions, the Instructions, and the Requests for Production, and to each and every Request, to the extent they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests for Production and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

6.     The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

7.     The Oversight Board objects to the Requests for Production, and to each and every Request, as unduly burdensome to the extent they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control.  The Oversight Board further objects to the Requests for Production to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of the UCC.

8.      The Oversight Board objects to the Requests for Production as unduly burdensome because they are cumulative or duplicative of other discovery requests served on PREPA and AAFAF and other entities in connection with the 9019 Motion.  The Oversight Board will not produce documents more readily obtained from AAFAF or PREPA or are being produced by AAFAF or PREPA.  Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents  not likely to be duplicative of documents in the possession, custody or control of AAFAF or PREPA or other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to UCC.

9.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.  The Oversight Board will produce such documents only pursuant to an appropriate Protective Order.

10.     The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Objections and Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

11.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to

provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

12.     The Oversight Board objects to the definition of the term "Oversight Board," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

13.     The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "PREPA" to mean PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

14.     The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

15.     The Oversight Board objects to the definition of the term "Citigroup" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Citigroup" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

16. The Oversight Board objects to the definition of the term "Proskauer" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Requests, the Oversight Board will construe "Proskauer" to mean Proskauer and its employees and partners reasonably likely to possess information relevant to the 9019 Motion.

17. The Oversight Board objects to the definition of the term "McKinsey" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion. In responding to these Requests, the Oversight Board will construe "McKinsey" to mean McKinsey & Company, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

18. The Oversight Board objects to the definition of the term "Proposed Transformation" as vague, overly broad, and unduly burdensome.

19. The Oversight Board objects to the definition of the term "PREPA Trust Agreement," which refers to a "Trust Agreement between PRASA and U.S. Bank N.A."

20. The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules. The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case. The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

21.     The Oversight Board objects to the definitions of "concerning" and "relating to" to the extent they are overly broad, vague, and ambiguous.

22.     The Oversight Board objects to the definition of the term "Concessionaire" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.

23.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests, invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

24.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term FOMB.  In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

25.     The above General Objections are incorporated into each of the following specific Objections and Responses.

*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all term sheets and exhibits related to such drafts and prior versions.

**RESPONSE TO REQUEST NO. 1:**

The Oversight Board objects to this Request on the grounds that the Request—and insofar as it seeks "all drafts and prior versions" and "any and all term sheets and exhibits"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The issue is whether the settlement in the RSA are within the zone of reasonableness and does not concern prior proposed settlements. The Oversight Board further objects to this Request on the grounds that it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any, in connection with negotiations with (i) the Ad Hoc Group, leading to the execution of the Preliminary RSA, (ii) Assured Guaranty Corporation and Assured Guaranty Municipal Corporation (together, "Assured"), leading to the execution of the Definitive RSA, and (iii) any other entities, in connection with negotiation of a potential restructuring support agreement until the filing of the 9019 Motion.

**REQUEST NO. 2:**

All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) AAFAF, (b) PREPA or any member of its governing board, (c) any Supporting Holder, (d) any Concessionaire, (e) any creditor or stakeholder of PREPA other than a Supporting Holder, (f) the news media, (g) any government official or employee, or (h) any agent of or advisor to any of the foregoing.

**RESPONSE TO REQUEST NO. 2:**

The Oversight Board objects to this Request on the grounds that the Request—and insofar as it seeks "all drafts and prior versions" and "any and all term sheets and exhibits"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that  it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that communications with "any Concessionaire," "any creditor or stakeholder of PREPA other than a Supporting Holder," "the news media," and "any government official or employee" are vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the matter given, among other things, the limited nature of appropriate discovery in connections with the 9019 Motion.   The Oversight Board further objects to this Request on grounds that communications with "any agent of or advisor to any of the foregoing" includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any, in connection with negotiations with (i) the Ad Hoc Group leading to the execution of the Preliminary RSA, (ii) Assured, leading to the execution of the Definitive RSA, and (iii) any other entities, in connection with negotiation of a potential restructuring support agreement until the filing of the 9019 Motion.

**REQUEST NO. 3:**

All documents and communications concerning the Settlement, the RSA, and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, exchanged between (i) the Oversight Board or any member of the Oversight Board and (ii) Citigroup or McKinsey.

**RESPONSE TO REQUEST NO. 3:**

The Oversight Board objects to this Request on the grounds that the Request—and insofar as it seeks "all documents and communications" and "all prior versions and drafts thereof"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative

communications, if any, in connection with negotiations with (i) the Ad Hoc Group, leading to the execution of the Preliminary RSA, (ii) Assured, leading to the execution of the Definitive RSA, and (iii) any other entities, in connection with negotiation of a potential restructuring support agreement until the filing of the 9019 Motion.

**REQUEST NO. 4:**

All documents and communications concerning Your analysis of the impact of the RSA on creditors of PREPA other than the Supporting Holders and their recoveries under a plan of adjustment, including documents and communications relating to the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the RSA leaves all other creditors unaffected, as referred to in paragraph 65 of the Rule 9019 Motion.

**RESPONSE TO REQUEST NO. 4:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information regarding "the impact of the RSA on creditors of PREPA other than the Supporting Holders," and "recoveries under a plan of adjustment," in light of the fact that no such plan has been proposed. The Oversight Board further objects to this Request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The Oversight Board further objects to this Request to the extent it seeks

information that is outside of the Oversight Board's custody or control or that is more readily obtainable from another source.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any.

**REQUEST NO. 5:**

All documents received and considered by You in determining whether to enter into the Settlement.

**RESPONSE TO REQUEST NO. 5:**

The Oversight Board objects to this Request on the grounds that the request for "all documents received and considered" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request as vague and ambiguous to the extent it seeks documents considered "in determining whether to enter into the Settlement."

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 6:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA, including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**RESPONSE TO REQUEST NO. 6:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications concerning all amounts to be paid" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.   The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   The Oversight Board further objects to this Request as vague and ambiguous to the extent it seeks documents concerning "amounts to be paid … under the Settlement and RSA."

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any.

**REQUEST NO. 7:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA in the event that a Securitization Termination occurs,

including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications concerning all amounts to be paid" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request as vague and ambiguous to the extent it seeks documents concerning "amounts to be paid … under the Settlement and RSA."

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any.

**REQUEST NO. 8:**

All documents and communications concerning any alternative restructuring or litigation strategies or transactions considered by the Oversight Board, AAFAF, and/or PREPA, as referred to in paragraph 50 of the Rule 9019 Motion.

**RESPONSE TO REQUEST NO. 8:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request on the grounds that the terms "any alternative restructuring or litigation strategies or transactions" is overly broad, vague, and ambiguous.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 9:**

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis of the ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and Transition Charge, as referred to in paragraph 9 of the Rule 9019 Motion.

**RESPONSE TO REQUEST NO. 9:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate

discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that the terms "the ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and Transition Charge" is overly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 10:**

All documents and communications concerning the statements in paragraph 1 of the Rule 9019 Motion that (i) "transformation of PREPA into a dependable and efficient energy provider will be facilitated by resolution of PREPA's debt," (ii) "clarity as to PREPA's exit from Title III will reduce complexities in and challenges to the agreements related to the transformation, including investments in PREPA to fund the transformation," and (iii) "[d]elaying the debt restructuring may . . . delay PREPA's transformation, to the detriment of Puerto Rico, its people, its businesses, and its creditors."

**RESPONSE TO REQUEST NO. 10:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any, to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

Subject to the above objections, the Oversight Board notes that it has provided the Court with updates regarding the transformation process and intends to continue to do so. *See e.g.* ECF No. 1139.

## REQUEST NO. 11:

All documents and communications concerning the effect, if any, of the Settlement on the Proposed Transformation, including all documents and communications concerning the statement in paragraph 64 of the Rule 9019 Motion that the RSA "will facilitate the PREPA transformation process."

## RESPONSE TO REQUEST NO. 11:

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds that the terms "the effect, if any of the Settlement on the Proposed Transformation," are unduly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   The Oversight Board further objects to this Request to the extent it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any, to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

Subject to the above objections, the Oversight Board notes that it has provided the Court with updates regarding the transformation process and intends to continue to do so.  *See e.g.* ECF No. 1139.

## REQUEST NO. 12:

All documents and communications concerning the current state and estimated date for completion of the Proposed Transformation.

## RESPONSE TO REQUEST NO. 12:

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that the terms "the effect, if any of the Settlement on the Proposed Transformation," are unduly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on

the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any, to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

Subject to the above objections, the Oversight Board notes that it has provided the Court with updates regarding the transformation process and intends to continue to do so. *See e.g.* ECF No. 1139.

## REQUEST NO. 13:

All documents and communications concerning the assertions in paragraph 42 of the Rule 9019 Motion, including all documents and communications concerning (a) the benefits or costs of the Settlement to PREPA and/or Puerto Rico, (b) the extent to which the Settlement will "facilitate[e] transformation and modernization of the power sector," and (c) the extent to which the benefits of the Settlement "outweigh the chances of success and risk in litigation . . . and the time and expense of that litigation, even if the Government Parties have to litigate against non-settling creditors."

## RESPONSE TO REQUEST NO. 13:

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's legitimate discovery needs given, among other things, the limited nature of appropriate

- 22 -

discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request

on the grounds that the terms "the effect, if any of the Settlement on the Proposed Transformation,"

are unduly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on

the grounds that it seeks documents protected by the attorney-client privilege, the attorney work

product doctrine, the common interest privilege, the deliberative process privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically

incorporated into this Response, and the specific objections above, (i) with respect to subparts (a)

and (c), the Oversight Board will conduct a reasonable search for and produce responsive, non-

privileged, non-duplicative documents, if any; and (ii) with respect to subpart (b), the Oversight

Board refers to and incorporates its response to Requests 10 through 12.

**REQUEST NO. 14:**

All documents and communications concerning the benefits, if any, of the Settlement to
PREPA or Puerto Rico in the event that the Government Parties (i) litigate against non-settling
bondholder creditors concerning the scope of their alleged security interests and (ii) prevail in that
litigation.

**RESPONSE TO REQUEST NO. 14:**

The Oversight Board objects to this Request on the grounds that the request for "all

documents and communications" is overly broad, unduly burdensome, and beyond the scope of

legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.

The Oversight Board further objects to this Request on the grounds that the terms "the benefits, if

any, of the Settlement to PREPA or Puerto Rico" is overly broad, vague, and ambiguous.  The

Oversight Board further objects to the Request on the grounds it is not proportional to the UCC's

legitimate discovery needs given, among other things, the limited nature of appropriate discovery

in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the

grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any.

## REQUEST NO. 15:

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the bondholders of PREPA have meritorious defenses that the security interests are valid, as referred to in paragraph 58 of the Rule 9019 Motion.

## RESPONSE TO REQUEST NO. 15:

The Oversight Board objects to this Request on the grounds that, given the possibility the Oversight Board will assert lien challenges against PREPA creditors not party to the RSA, it would be inappropriate and prejudicial to disclose whether Oversight Board believes valid defenses to the lien challenges exist and what they are.  The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that the terms "meritorious defenses" is overly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 16:**

All documents and communications concerning the ability of PREPA to provide consideration to other creditors of PREPA if the RSA is approved, including without limitation, the value of any and all assets not being pledged to the Supporting Holders under the Settlement and RSA and the ability of PREPA to pass on additional rate surcharges for the benefit of the other creditors beyond the Settlement Charge and Transition Charge.

**RESPONSE TO REQUEST NO. 16:**

The Oversight Board objects to this Request on the grounds that it is an improper effort to inquire into the negotiation strategies and constraints on PREPA and the Oversight Board. The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that the terms "the value of any and all assets not being pledged" and "the ability of PREPA to pass on additional rate surcharges for the benefit of the other creditors" are unduly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents, if any.

**REQUEST NO. 17:**

All documents and communications exchanged between You and the Puerto Rico Energy Bureau concerning the Settlement Charge and/or the Transition Charge.

**RESPONSE TO REQUEST NO. 17:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 18:**

All documents and communications exchanged between You and the Puerto Rico legislature concerning the Settlement Charge and/or the Transition Charge.

**RESPONSE TO REQUEST NO. 18:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

## REQUEST NO. 19:

All documents and communications concerning any legislation that would need to be passed to implement the Settlement Charge, the Transition Charge, or any other aspect of the Settlement, including documents and communications concerning the status of such legislation and any alternative plans or strategies in the event such legislation is not passed.

## RESPONSE TO REQUEST NO. 19:

The Oversight Board objects to this Request on the grounds that the Oversight Board believes PROMESA provides sufficient powers to the Oversight Board and the Court that the Legislature and Governor would not be required to enact legislation to effectuate the RSA, notwithstanding that such legislation might otherwise be helpful.  The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that the terms "any legislation that would need to be passed," "any other aspect of the Settlement," "the status of such legislation," and "any alternative plans or strategies in the event such legislation is not passed" are vague, ambiguous, and overly broad.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 20:**

All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date.

**RESPONSE TO REQUEST NO. 20:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated in the form of a mini-trial on the merits.  The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that the terms "nature, extent, and value of any security interest" are vague and overly ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 21:**

For each of the General Fund, the Revenue Fund, the Reserve Maintenance Fund, the Self-Insurance Fund, and the Capital Improvement Fund established pursuant to the PREPA Trust Agreement (each, a "Fund"):

    (a)    Documents sufficient to show the bank or banks in which moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund are

deposited or held (each, a "<u>Depositary Bank</u>").

(b)    Documents sufficient to show the deposit account or deposit accounts in which such moneys are deposited or held (each, a "<u>Deposit Account</u>"), identified by account number and location.

(c)    Documents sufficient to show the identity of the customer/account holder with respect to each Deposit Account, including (a) the name on each Deposit Account and (b) whether such name indicates that a security interest is held in such Deposit Account by any person or entity, including the Trustee, any holder of PREPA Bonds, any insurer of PREPA Bonds, or any other person or entity representing or purported to represent, or acting or purporting act on behalf of any holder of PREPA Bonds (each, a "<u>Secured Party</u>").

(d)    All account documentation relating to each Deposit Account.

(e)    All agreements among PREPA, any Secured Party, and any Depositary Bank (including all agreements commonly called or referred to as "deposit account control agreements").

## <u>RESPONSE TO REQUEST NO. 21:</u>

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated in the form of a mini-trial on the merits.  The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" and "all agreements" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion.  In addition, the Oversight Board objects to this Request on the ground that it seeks information within the possession, custody and control of other Government Parties.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 22:**

For all other deposit accounts of PREPA not identified pursuant to Request No. 21 above, documents sufficient to show (i) the account number, bank, and location, (ii) the identity of the customer/account holder, including the name on the account and whether a security interest exist in such account, and (iii) all deposit account control agreements and other agreements among PREPA, any Secured Party, and any bank concerning such account.

**RESPONSE TO REQUEST NO. 22:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated as a mini-trial on the merits.  The Oversight Board also objects to this Request on the grounds that the request for "all other deposit accounts of PREPA" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.   The Oversight Board further objects to this Request to the extent that it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion. In addition, the Oversight Board objects to this Request on the ground that it seeks information within the possession, custody and control of other Government Parties.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 23:**

For (i) each of the Funds and (ii) the Sinking Fund established pursuant to the PREPA Trust Agreement:

 (a) Documents sufficient to show the investment bank, broker or other securities intermediary or securities intermediaries (each, a "Securities Intermediary") with respect to all securities accounts relating to any investment of the moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund (each, a "Securities Account").

 (b) Documents sufficient to show the Securities Accounts (identified by number and location).

 (c) All account documentation relating to each Securities Accounts.

 (d) All agreements among PREPA, any Secured Party, and any Securities Intermediary (including all agreements commonly called or referred to as "securities account control agreements").

**RESPONSE TO REQUEST NO. 23:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated as a mini-trial on the merits. The Oversight Board also objects to this Request on the grounds that the request for "all account documentation" and "all agreements" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion. In addition, the Oversight Board objects to this Request on the ground that it seeks information within the possession, custody and control of other Government Parties.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 24:**

For all other securities accounts of PREPA not identified pursuant to Request No. 23 above, documents sufficient to show (i) the number and location of the account, (ii) the Securities Intermediary with respect to such account, and (iii) all securities account control agreements and other agreements among PREPA, any Secured Party, and any Securities Intermediary concerning such account.

**RESPONSE TO REQUEST NO. 24:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated as a mini-trial on the merits. The Oversight Board also objects to this Request on the grounds that the request for "all other securities accounts of PREPA" and "all securities account control agreements and other agreements" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion. In addition, the Oversight Board objects to this Request on the ground that it seeks information within the possession, custody and control of other Government Parties.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 25:**

All documents and communications consisting of any spreadsheets or models concerning projected revenues from the sale of electricity or other revenue sources in Puerto Rico.

**RESPONSE TO REQUEST NO. 25:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated as a mini-trial on the merits. The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" and "any spreadsheets or models" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that the terms "projected revenues from the sale of electricity or other revenue sources in Puerto Rico" is overly broad, vague, and ambiguous. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 26:**

All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

**RESPONSE TO REQUEST NO. 26:**

The Oversight Board objects to this Request on the grounds that the issues being settled should not be litigated as a mini-trial on the merits.  The Oversight Board also objects to this Request on the grounds that the request for "all documents and communications" and "any spreadsheets or models" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to this Request on the grounds that the terms "projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico" is overly broad, vague, and ambiguous.  The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent that it seeks information publicly available or has already been made available to the UCC in connection with the Lift Stay Motion.

In light of the foregoing General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 27:**

All documents and communications requested by Requests 11 through 21 in the *First Set of Document Requests of Cortland Capital Market Services LLC, as administrative agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority*.

**RESPONSE TO REQUEST NO. 27:**

The Oversight Board objects to this Request on the grounds that the request for "all documents and communications" is overly broad, unduly burdensome, and beyond the scope of

- 34 -

legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will produce all documents it produces to any other party in response to a discovery request in connection with the 9019 Motion to the extent confidentiality concerns prudently allow.

**REQUEST NO. 28:**

All documents produced to any other party in connection with the Rule 9019 Motion.

**RESPONSE TO REQUEST NO. 28:**

The Oversight Board objects to this Request on the grounds that the request for "all documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to this Request on the grounds that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will produce all documents it produces to any other party in response to a discovery request in connection with the 9019 Motion to the extent confidentiality concerns prudently allow.

**REQUEST NO. 29:**

All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

**<u>RESPONSE TO REQUEST NO. 29:</u>**

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, the Oversight Board will produce the documents it intends to use as exhibits at the hearing on the 9019 Motion in accordance with the schedule set by the Court.

*[Remainder of page intentionally left blank]*

Dated: May 29, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com

-and-

Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
ppossinger@proskauer.com

-and-

**DEL VALLE EMMANUELLI LAW OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com

*Attorneys for The Financial Oversight*
*and Management Board for Puerto Rico,*
*as representative of The Commonwealth*
*of Puerto Rico and the Puerto Rico*
*Electric Power Authority*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance
Guarantee Corporation*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services
LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset*
*Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la*
*Industria Eléctrica y Riego, Inc. ("UTIER")*

Further, I hereby certify that, on this date, I caused copies of the foregoing document to
be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

O'MELVENY & MYERS LLP

Elizabeth L. McKeen, Esq.
Peter Friedman, Esq.
John J. Rapisardi, Esq.
Seven Times Square
New York, NY 10036
emckeen@omm.com
pfriedman@omm.com
jrapisardi@omm.com

*Counsel for Puerto Rico Fiscal Agency and*
*Financial Advisory Authority ("AAFAF")*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and*
*Assured Guaranty Municipal Corp.*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*


Date: May 29, 2019                    /s/ *Brandon C. Clark*
                                      Brandon C. Clark (*admitted pro hac vice*)

- 3 -