**<u>EXHIBIT 22</u>**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Puerto Rico _____

In re FOMB, as representative of PREPA
_____
Debtor

Case No.  17-BK-4780 (LTS)

*(Complete if issued in an adversary proceeding)*

Chapter  Title III

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Ad Hoc Group of PREPA Bondholders, c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Appendix

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 | 05/29/19         5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/22/19

CLERK OF COURT

OR

_____          /s/ Nicholas Bassett
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
See attached Appendix _____ , who issues or requests this subpoena, are:
Nicholas Bassett, Paul Hastings LLP, 875 15th Street NW, Washington, DC 20005, nicholasbassett@paulhastings.com, 202.551.1700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                  *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**<u>Appendix</u>**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

---------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-4780 (LTS) |
| | : | |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : | **This filing relates only to** |
| | : | **Case No. 17-BK-4780 (LTS)** |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------- X

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST SET OF
DOCUMENT REQUESTS TO AD HOC GROUP OF PREPA BONDHOLDERS AND ITS
ADVISORS IN CONNECTION WITH JOINT MOTION OF PUERTO RICO ELECTRIC
POWER AUTHORITY AND AAFAF PURSUANT TO BANKRUPTCY CODE
SECTIONS 362, 502, 922, AND 928, AND BANKRUPTCY RULES 3012(A)(I) AND 9019
FOR ORDER APPROVING SETTLEMENTS EMBODIED IN RESTRUCTURING
SUPPORT AGREEMENT AND TOLLING CERTAIN LIMITATIONS PERIODS**

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and  (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Federal Rules of Civil Procedure 26, 34 and/or 45 (applicable here under Rules 9014 and/or 9016 of the Federal Rules of Bankruptcy Procedure), the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"), by its counsel, hereby propounds to the Ad Hoc Group of PREPA Bondholders ("PREPA Bondholders"), all of its constituent members, and its advisors Houlihan Lokey, Inc. ("Houlihan Lokey") and Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), this First Set of Document Requests (the "Requests").  These Requests are to be responded to fully and in accordance with the definitions and instructions set out below, and the Documents and Communications identified herein are to be produced to the offices of Paul Hastings LLP, Attn: Zachary Zwillinger, 200 Park Avenue, New York, NY 10166 (for documents from the PREPA Bondholders, each of its members, and Kramer Levin), and to the offices of Genovese Joblove & Battista, P.A., Attn: John Arrastia, 100 S.E. Second Street, 44th Floor Miami, FL (for documents from Houlihan Lokey) on or before May 29, 2019 or as otherwise ordered by the Court.  These requests are without waiver of the Committee's rights to serve further discovery requests upon the PREPA Bondholders or any third party based on the information that may be disclosed in response to these requests or other developments in this litigation, and the Committee expressly reserves all such rights.

## INSTRUCTIONS

1.      Each Request must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

a)  <u>Images</u>.  Black and white images must be 300 DPI Group IV single-page TIFF files.  Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma).  Folder names cannot contain embedded spaces or special characters (including the comma).  All TIFF image files must have a unique file name, i.e. Bates number.  Images must be endorsed with sequential Bates numbers in the lower right corner of each image.  The number of TIFF files per folder should not exceed 1000 files.  Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b)  <u>Image Load File</u>.

a.  Concordance® Data File.  The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database.  The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma  ASCII character (020) Quote þ ASCII character (254).      Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields.  If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.  An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media.  The text file must be named after the FIRSTBATES. Do not include the text in the .DAT file.  For Documents with native files, a LINK field must be included to provide the file path and name of the native file.  The native file must be named after the FIRSTBATES.

b.  Concordance Image® OR Opticon Cross-Reference File.  The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database    with    the    following    format:  ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCoun.

c)  <u>Document Text</u>. Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names).  Text files must be provided on a document level.

3

d) <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e) <u>De-duplication</u>.  Produce a single copy of each electronic document for which exact duplicates exist.  For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties.  For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f) <u>Metadata</u>.  Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat).  The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254) Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the  parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email  resided Native: Name of the individual or department fromwhose files  the document  originated |
| FROM | John Smith | Email:  Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate  multiple entries |

| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/TIME _ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |

| | | |
|---|---|---|
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c<br>2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives or advisors.  A Document is to be deemed in Your possession, custody or control if: (a) it is in Your physical custody; or (b) it is in the physical

custody of any other Person and You (i) own such Document in whole or in part, (ii) have a right, by contract, statute or otherwise, to use, inspect, examine or copy such Document on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must state:  (a) whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (b) the reason for, and the facts and circumstances surrounding, such disposition; (c) the Persons who authorized such disposition; (d) the date or approximate date of such disposition; (e) when the Document was most recently in Your possession, custody or control; and (f) the identity of the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the

Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege.  If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

9.      If You cannot provide a requested Document (after exercising due diligence to secure it) that was formerly in Your possession, custody, or control, then: (a) Your response must (i) describe in detail the nature of the document and its contents, identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent), and the date of which the document was prepared or transmitted, (ii) state that You cannot produce the requested Document, (iii) specify the reasons for Your inability to produce the requested Document (e.g., lost, destroyed or otherwise disposed of), (iv) declare that You have exercised due diligence to secure the requested Document, and (v) state all information or knowledge that You have concerning the requested Documents; and (b) You must produce all other requested Documents.

10.      The Requests are continuing in nature.  You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the Requests.

## RULES OF CONSTRUCTION

11.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

12.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## DEFINITIONS[2]

13.     "PREPA Bondholders", "You" or "Your" means and refers to the Ad Hoc Group of PREPA Bondholders and all of its constituent members, and any of their affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on any of the constituent member's behalf, including Houlihan Lokey, Kramer Levin and any other advisors.

14.     "Assured" means and refers to Assured Guaranty Corp., Assured Guaranty Municipal Corp., and any of their affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on Assured's behalf.

15.     "Oversight Board" means and refers to the Financial Oversight and Management Board for Puerto Rico and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members,

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings set forth in the Rule 9019 Motion.

agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on the Oversight Board's behalf.

16.     "PREPA" means and refers to the Puerto Rico Electric Power Authority and its governing board, and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on PREPA's behalf.

17.     "AAFAF" means and refers to the Puerto Rico Fiscal Agency and Financial Advisory Authority and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on AAFAF's behalf.

18.     "Houlihan Lokey" means and refers to Houlihan Lokey, Inc. and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on Houlihan Lokey's behalf.

19.     "Kramer Levin" means and refers to Kramer Levin Naftalis & Frankel LLP and any of its affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on Kramer Levin's behalf.

20.     "Preliminary RSA" has the meaning given to it in the Rule 9019 Motion.

21.     "Proposed Transformation" means and refers to the proposed transformation and modernization of the Puerto Rico electric system, including without limitation the proposed privatization of PREPA and/or certain of its current functions and operations, including without limitation through an agreement with a Concessionaire.

22.     "RSA" means and refers to the *Definitive Restructuring Support Agreement*, dated as of May 3, 2019, among PREPA, AAFAF, the Oversight Board, and certain Supporting Holders, the exhibits and other materials attached to the RSA, and any and all amendments.

23.     "Rule 9019 Motion" means and refers to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(A)(I) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Docket No. 1235].

24.     "Settlement" means and refers to all of the proposed settlements embodied within the RSA and the Rule 9019 Motion.

25.     "Supporting Holders" shall include all supporting holders of the RSA, as defined by the preamble of the RSA, and any of those supporting holders' affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting on those supporting holders' behalf.

26.     "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

27.     "<u>Concerning</u>" and/or "<u>relating to</u>" means, without limitation:     describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

28.     "<u>Concessionaire</u>" means Duke Energy Corp., Exelon Corp., PSEG Services Corp., the consortium composed of ATCO Ltd., IEM, and Quanta Services Inc., or any other party involved in the privatization or transformation of PREPA, and any affiliate, parent, subsidiary, partner, associate, division, agency, instrumentality, department, office, officer, director, shareholder, member, agent, attorney, representative, employee, predecessor or successor in interest of the forgoing and/or anyone acting on the foregoing's behalf.

29.     "<u>Document</u>" is used in the broadest sense contemplated by Federal Rules of Civil Procedure, including all materials, documents, electronically stored information and tangible things within the scope of Rule 34(a).  Document means and refers to any writing, thing, record of any type, or description that is or has been in Your possession, control, or custody, or of which You have knowledge, including but not limited to:     agreements; drafts; communications; correspondence; e-mails; text messages; instant messages; web messages; WhatsApp messages; social media messages; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or

summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.  Document also means any electronic copy which is not identical to the original, including metadata and other electronically stored information.

30.     "Including" means "including, but not limited to" and "including, without limitation."

31.      "Person" or "Persons" means any natural or artificial person, business entity or other legal entity, including, but not limited to, individuals, sole proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

## **DOCUMENTS TO BE PRODUCED**

1.     All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all term sheets and exhibits related to such drafts and prior versions.

2.     All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or

stakeholder of PREPA other than a Supporting Holder, (g) the news media, (h) any government official or employee, or (i) any agent of or advisor to any of the foregoing.

3.      All documents and communications concerning the Proposed Transformation, and the effect (if any) of the Settlement on the Proposed Transformation, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or stakeholder of PREPA other than a Supporting Holder, (g) the news media, (h) any government official or employee, (i) Puerto Rico Public-Private Partnerships Authority, or (j) or any agent of or advisor to any of the foregoing.

4.      All documents and communications concerning Your analysis or calculation of the various payments that You will receive under the terms of the Settlement.

5.      All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders purport to hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date, including documents evidencing or concerning any re-marking, change in, or reevaluation of Your members' PREPA exposure.

6.      All documents produced to any other party in connection with the Rule 9019 Motion.

7.      All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

8.      All documents and communications consisting of any spreadsheets or models concerning projected revenues from the sale of electricity or other revenue sources in Puerto Rico.

9.      All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico,

including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

*[Remainder of page intentionally left blank.]*

Dated:  May 22, 2019
San Juan, Puerto Rico

/s/ Nicholas A. Bassett

PAUL HASTINGS LLP
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
875 15th Street, N.W.
Washington, D.C. 20005
Tel:  (202) 551-1700
nicholasbassett@paulhastings.com

Luc. A. Despins, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Tel:  (212) 318-6000
lucdespins@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except for COFINA) for requests to the PREPA Bondholders, all of its constituent members, and Kramer Levin*

- and –

/s/ John Arrastia
John H. Genovese, Esq. (*Pro Hac Vice*)
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
GENOVESE JOBLOVE & BATTISTA, P.A
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jgenovese@gjb-law.com
jarrastia@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (except for COFINA) for request to Houlihan Lokey*

- and -

/s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR
213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR
302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to the Official Committee of
Unsecured Creditors for all Title III Debtors (except
for COFINA)*