**<u>EXHIBIT 23</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | X | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| | X | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-4780 (LTS) |
| | : | |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : | **This filing relates only to** |
| | : | **Case No. 17-BK-4780 (LTS)** |
| Debtor. | : | |
| | X | |

**RESPONSES AND OBJECTIONS BY AD HOC GROUP OF PREPA BONDHOLDERS
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUBPOENA
FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH
JOINT MOTION OF DEBTOR AND AAFAF FOR
<u>APPROVAL OF CERTAIN SETTLEMENTS (DKT. # 1235)</u>**

Pursuant to Federal Rules of Civil Procedure 26, 34 and/or 45 (applicable here

under Rules 9014 and/or 9016 of the Federal Rules of Bankruptcy Procedure), the Ad Hoc Group

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

of PREPA Bondholders (the "Ad Hoc Group"), hereby responds and objects to the Subpoena

(the "Subpoena") dated May 22, 2019, served by the Official Committee of Unsecured Creditors

(the "Committee") and each individual request for documents set forth therein (the "Requests")

in connection with the above referenced motion (the "Motion"):

## GLOBAL OBJECTIONS AND RESPONSES

    The Ad Hoc Group interposes the following global objections and responses to

the Subpoena as a whole, and to each of the Requests set forth therein:

    1.  The Committee issued virtually identical Requests to numerous different

entities, including to the Government Parties,[2] that seek identical documents and

communications as sought from the Ad Hoc Group.  However, the Ad Hoc Group is not a party

to the Motion.  Requiring the Ad Hoc Group, as a non-party, to search for and produce

documents and communications that can and should more readily be obtained from the

Government Parties would be unduly burdensome and disproportionate.  Indeed, pursuant to

Rule 45(c)(1) of the Federal Rules, the Committee has a legal duty to avoid imposing undue

burden or expense on the Ad Hoc Group.  The Ad Hoc Group objects to producing documents

that have been or will be produced by the Government Parties and will limit electronic searches

to omit communications with the Government Parties from their review and production of

documents, if any.

    2.  A Rule 9019 proceeding is directed at the judgment of the debtor, rather

than of third-parties such as the Ad Hoc Group.  *See In re Am. Cartage, Inc.*, 656 F.3d 82, 92

(1st Cir. 2011).  The Ad Hoc Group objects to all Requests insofar as they seek discovery

documents reflective of the Ad Hoc Group's judgment, valuation or assessment of subjects that

---

[2]  As defined in the Motion.

the Committee may contend are at issue in the Motion.  Even if the Committee's contention is correct, it is the Government Parties' judgment, valuation or assessment that may be relevant, not the Ad Hoc Group's, and the standard applied by the Court is deferential to the Government Parties' judgment.  Requests that seek documents reflective of the Ad Hoc Group's judgments, valuations or assessments seek information that is irrelevant and, as such, are overbroad, unduly burdensome, and disproportionate to the discovery that is needed for proper evaluation of the Motion.

       3.     The Ad Hoc Group objects to all Requests insofar as they seek discovery far beyond the scope appropriate under Rule 9019.  A proceeding under Rule 9019 is not a trial on the merits of the underlying dispute that is being settled.  Insofar as the Requests seek full merits discovery from the Ad Hoc Group, they are overbroad, unduly burdensome and disproportionate to the discovery that is needed for proper evaluation of the Motion.

       4.     The Ad Hoc Group objects to the Requests to the extent they seek, or can be construed to seek, the disclosure of documents or information that is or are privileged or immune from production, including, without limitation, (i) documents and/or information that are protected by the attorney-client privilege, (ii) documents and/or information that were prepared, generated, or received for or in anticipation of litigation, (iii) documents that constitute attorney work product, (iv) documents and/or information protected by the common interest doctrine, (v) documents and/or information that are protected by a mediation privilege, or (vi) any other applicable privilege, doctrine, statute, regulation, rule of confidentiality, immunity, protection, or restriction that makes such documents and/or information otherwise non-discoverable (all such privileges and immunities in subparagraphs (i)-(vi) together referred to as "Privileges," and documents containing such information are referred to as "Privileged").  Many,

- 3 -

if not all, of the Committee's Requests are objectionable because they plainly seek documents of a Privileged nature, and the Committee has made no effort to omit such Privileged information from its Requests.

5.      Documents containing Privileged information will not be produced; only documents not protected by any such Privileges ("Non-Privileged") will be produced, subject in all respects to the objections described herein.  In the event that any document containing Privileged information is produced, such disclosure or production is inadvertent and does not constitute a waiver of any such Privileges, and the Ad Hoc Group reserves the right to recall any document and/or information inadvertently produced or disclosed that is protected by such Privileges.  Moreover, production of any document protected by any Privilege and/or information otherwise properly subject to objection on any ground, including without limitation, relevance, does not constitute a waiver of any Privilege or other objection which may apply to the production of such document and/or information or any class or category of document and/or information from which the subject document and/or information has been drawn.  Upon notification that such disclosure was inadvertent, the documents and any copies thereof shall be returned to the Ad Hoc Group or destroyed immediately with confirmation to the Ad Hoc Group.

6.      Given the compressed schedule for the production of documents, as well as the nature of a 9019 motion and the issues in the instant Motion, it was incumbent upon the Committee to narrowly tailor its discovery requests.  The Committee's Requests, however, are not proportional to what is appropriate in the current proceeding.  Among other things, the Ad Hoc Group objects to the Document Requests insofar as they purport to require the Ad Hoc Group's members to search for and produce documents from anyone other than Kramer Levin Naftalis & Frankel LLP ("Kramer Levin"), the attorneys for the Ad Hoc Group, and the Ad Hoc

Group's financial advisor, Houlihan Lokey Inc. ("Houlihan").  Any additional searches or production would be unnecessary, unduly burdensome, disproportionate to the needs of the Motion and oppressive.  Responses that state that the Ad Hoc Group will produce documents (and similar statements) should be understood to indicate that the Ad Hoc Group will cause Kramer Levin and Houlihan to produce documents on its behalf, not that the Ad Hoc Group members will do so themselves.  Furthermore, Kramer Levin and Houlihan will take steps that are reasonable under the circumstances – including limiting the number of custodians whose emails are reviewed, and the time period of that review – to expedite the search and review process.  The Ad Hoc Group will make reasonable, good faith efforts to substantially complete its production of any Non-Privileged documents by the time period set forth in the scheduling order.

7.     The Ad Hoc Group objects to the Requests because they contain no date restrictions or parameters.  The Ad Hoc Group will limit its search to dates it considers reasonable under the circumstances.  In particular, the Ad Hoc Group will not search for communications that predate May 1, 2018, a reasonable estimate of when the Preliminary RSA began to be negotiated.

8.     The Ad Hoc Groups objects to searching or producing any text messages, web messaging, instant messaging, WhatsApp messages, social media messages, any voice recording, or any similar messages, each of which is not readily accessible and/or would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery.

9. The Ad Hoc Group objects to the Requests insofar as they call for the production of documents not relevant to any party's arguments, claims, defenses, positions or assertions in the upcoming Rule 9019 proceeding.

## GENERAL OBJECTIONS AND RESPONSES
## TO REQUESTS, DEFINITIONS AND INSTRUCTIONS

1. The General Objections and Responses to Requests, Definitions and Instructions (the "General Objections") set forth below apply to each of the individual Requests and to each individual Definition and Instruction set forth in the Requests, and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Request. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude the Ad Hoc Group from raising that objection at a later time.

2. The responses and objections contained herein are made without waiving, or intending to waive, but rather to expressly reserve the right to object on any and all grounds to the propriety and legality of the Requests, including the right to move to quash and/or for a protective order, without assuming any obligation to make such a motion.

3. The Ad Hoc Group objects to the Requests to the extent they seek to impose obligations inconsistent with or greater than those set forth in the Bankruptcy Rules, the Federal Rules, or the Local Rules of the United States District Court for the District of Puerto Rico. The Ad Hoc Group expressly disclaims any obligation to provide any documents and/or information beyond those required by any of the above.

4. The Ad Hoc Group objects to the Requests to the extent they seek discovery that is cumulative or duplicative, or obtainable from another source more convenient

and less burdensome, or less expensive, including documents in the possession of the UCC, the Government Parties, and other parties, especially since the Ad Hoc Group is not a party to the Motion.

5.      The Ad Hoc Group objects to the Requests to the extent that any portions thereof are vague, ambiguous, incomprehensible, overly broad, unduly burdensome, oppressive, or disproportionate to what is appropriate for this action.

6.      The Ad Hoc Group objects to the Requests to the extent they are premature or seek information or documents presently inaccessible or yet to be discovered.  In responding to the Requests, the Ad Hoc Group has provided responses based on presently available documents and/or information.  The Ad Hoc Group, without assuming any obligation to do so, expressly reserves the right, at any time, to revise, correct, or add to their responses if additional documents and/or information become available.  The Ad Hoc Group further expressly reserves the right to rely, at any time, on subsequently discovered documents and/or information of which it is currently unaware or which is unintentionally omitted from this response.

7.      The Ad Hoc Group objects to the Requests to the extent they contain, expressly or implicitly, inaccurate, incomplete or misleading descriptions of the law, facts, events and pleadings underlying this action.   The production of any documents and/or information shall not constitute the Ad Hoc Group's agreement with or acquiescence in any such description.

8.      In responding to the Requests, the Ad Hoc Group does not waive or intend to waive, but rather intends to preserve:

A.       all questions as to the competence, relevance, materiality, privilege and admissibility as evidence for any purpose of the responses or documents, or the subject matter thereof, in any aspect of this or any other litigation, action, proceeding or investigation;

B.       the right to object on any ground to the use of the responses in any aspect of this or any other litigation, action, proceeding or investigation;

C.       the right to object at any time to this or any other set of requests for the production of documents and things; and

D.       the right at any time to revise or supplement these responses.

9.       The Ad Hoc Group objects to the Requests to the extent they seek documents and/or information containing trade secrets, confidential business and financial information, or proprietary or competitively or commercially sensitive information.  The Ad Hoc Group reserves the right to seek appropriate confidentiality protections in the event such documents are to be produced.

10.      The Ad Hoc Group objects to the Requests to the extent they are disproportionate, excessive or seek information and/or documents that are not reasonably calculated to lead to the discovery of admissible evidence.  The Ad Hoc Group expressly reserves the right to limit provision of information and production of documents to information and documents relevant to, or likely to lead to admissible evidence in this action.

11.      The Ad Hoc Group objects to the Requests insofar as they use terms not defined, or adequately defined, anywhere in the Committee's Requests, or are otherwise ambiguous, or unclear as to their specific or intended meaning.

12.      The Ad Hoc Group objects to Instructions 6, 7 and 9 of the Instructions, which purport to specify information that the Ad Hoc Group must provide if documents are no

longer available, in its possession, or have been destroyed, on the grounds that these instructions are vague, ambiguous, overly broad, and unduly burdensome and exceed the Ad Hoc Group' obligations under the Federal Rules, the Bankruptcy Rules or the Local Rules.

13.     The Ad Hoc Group objects to Instruction 8 of the Instructions.  The Ad Hoc Group will not furnish a list of each document for which privilege is claimed, except in accordance with any agreement between the parties and/or direction from the Court, because to do so would be disproportionately burdensome and costly.  The Committee's Requests plainly seek attorney-client communications and attorney work product and other documents and communications protected by Privilege.  Viewed in light of the Committee's overbroad Requests, and the applicable scheduling order, the instruction to provide an itemized privilege log seeks to impose a disproportionate and undue burden on the Ad Hoc Group.  The Ad Hoc Group further objects to this instruction to the extent that it seeks to impose obligations inconsistent with or greater than those set forth in the Bankruptcy Rules, the Federal Rules, or the Local Rules.  The Ad Hoc Group will provide a categorical privilege log of the information sought in the Requests that it is withholding on the basis of Privilege, as further described in the specific objections below.

14.     The Ad Hoc Group objects to Definition 13 and all Definitions whose terms are defined to include "any of their affiliates, parents, subsidiaries, partners, associates, divisions, agencies, instrumentalities, departments, offices, officers, directors, shareholders, members, agents, attorneys, representatives, employees, predecessors or successors in interest and/or anyone acting" on an entity's behalf.  This definition renders the Requests in which the term is used vague and ambiguous, overly broad, unduly burdensome and oppressive and seeks

the production of information neither relevant to the subject matter of the current proceeding nor reasonably calculated to lead to the discovery of admissible evidence in any proceeding.

15.     The Ad Hoc Group objects to Definition 21 ("Proposed Transformation") on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.

16.     The Ad Hoc Group objects to Definitions 26, 27 and 29, and all Requests that ask for all "documents" or "communications" "concerning" a particular subject, without any limitations.  Those Definitions, and all such Requests, are overbroad and oppressive, particularly given the short time period in which the Ad Hoc Group must comply with production and the scope of the Committee's Requests.  Compliance would impose undue burden and expense on the Ad Hoc Group.  The Ad Hoc Group also objects to all such Requests on the grounds that they violate the proportionality requirements of Federal Rule 26(b)(1) and to the extent they seek to require retrieval of information stored in electronic form that is not "accessible" as that term is used in Federal Rule 26(b).  In order to respond to these Requests, the Ad Hoc Group will identify potentially responsive documents through a process of applying search terms (including domain names) and/or other technology-assisted review tools to the e-mail files of certain custodians, use electronic searches to eliminate presumptively privileged information, and then review the remaining documents for responsiveness and privilege.

17.     In searching for documents, the Ad Hoc Group will utilize electronic tools that it believes are reasonable and proportionally appropriate, including email threading and de-duping.  Furthermore, the Ad Hoc Group will collect documents and communications in response to the Requests in a manner that it considers reasonable and proportionally appropriate.  None of these electronic tools or methods of collections assures the collection, review and

production of "[a]ll documents and communications," as requested by the Committee, however they represent the Ad Hoc Group' good faith effort to comply, subject to the responses and objections noted herein.  If the Ad Hoc Group states in this response that responsive documents, if any, have been or will be produced, that does not constitute an admission that responsive documents do exist.  Similarly, if the Ad Hoc Group states in this response that it does not possess documents responsive to the Requests, or that it believes any relevant documents are in the possession, custody, or control of others, that is not in any way an admission that such documents exist or that allegations asserted in or implied in the Requests are true.  The Ad Hoc Group's responses to any particular Requests, including its agreement to provide documents, does not constitute admissions that such documents are evidence of any particular allegation or issue.

18.     Each of the above General Objections shall be deemed to apply to the Ad Hoc Group's responses set forth below, even though the Ad Hoc Group has supplied additional specific objections and will produce responsive documents.

### RESPONSES AND OBJECTIONS TO THE COMMITTEE'S REQUEST FOR PRODUCTION OF DOCUMENTS

The Ad Hoc Group provides the following specific responses and objections to the Requests:

1.     All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all term sheets and exhibits related to such drafts and prior versions.

RESPONSE:

The Ad Hoc Group objects to this Request because it is overly broad, unduly burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of

admissible evidence, and not proportional to what is appropriate for the current proceeding. The Ad Hoc Group also objects to this Request because it seeks Privileged documents. In addition, the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the possession, custody, or control of the Government Parties, for whom production is less burdensome or expensive, and which documents the Committee asked the Government Parties to produce.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search. Any documents produced will be subject to the provisions of a protective order entered by the Court and/or reasonably acceptable to the Ad Hoc Group (the "Protective Order").

2.      All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or stakeholder of PREPA other than a Supporting Holder, (g) the news media, (h) any government official or employee, or (i) any agent of or advisor to any of the foregoing.

RESPONSE:

The Ad Hoc Group objects to this Request because it is overly broad, unduly burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of admissible evidence, and not proportional to what is appropriate for the current proceeding. The Ad Hoc Group also objects to this Request because it seeks Privileged documents. In addition, the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the possession, custody, or control of the Government Parties for whom production is less

burdensome or expensive, and which documents the Committee asked the Government Parties to produce. The Ad Hoc Group objects to this Request insofar as it seeks documents or communications not related to the Government Parties' exercise of business judgment, but instead related to the Ad Hoc Group's or any other person's judgments.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search. Any documents produced will be subject to the provisions of the Protective Order.

3. All documents and communications concerning the Proposed Transformation, and the effect (if any) of the Settlement on the Proposed Transformation, including communications with (a) the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any Supporting Holder, (e) any Concessionaire, (f) any creditor or stakeholder of PREPA other than a Supporting Holder, (g) the news media, (h) any government official or employee, (i) Puerto Rico Public-Private Partnerships Authority, or (j) or any agent of or advisor to any of the foregoing.

<u>RESPONSE</u>:

The Ad Hoc Group objects to this Request because it is overly broad, unduly burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of admissible evidence, and not proportional to what is appropriate for the current proceeding. The Ad Hoc Group also objects to this Request because it seeks Privileged documents. In addition, the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the possession, custody, or control of the Government Parties for whom production is less burdensome or expensive, and which documents the Committee asked the Government Parties to produce. The Ad Hoc Group objects to this Request insofar as it seeks documents or communications not related to the Government Parties' exercise of business judgment, but

instead related to the Ad Hoc Group's or any other person's judgments.  The Ad Hoc Group also objects to this Request insofar as it seeks documents and communications that relate to the Proposed Transformation, but do not relate to the Settlement, which is the only subject at issue in the Motion.  Such documents and communications are irrelevant, and the request for their production is overbroad, unduly burdensome, and not proportional to what is appropriate for the current proceeding.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search.  Any documents produced will be subject to the provisions of the Protective Order.

4.    All documents and communications concerning Your analysis or calculation of the various payments that You will receive under the terms of the Settlement.

RESPONSE:

The Ad Hoc Group objects to this Request because it is overly broad, unduly burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of admissible evidence, and not proportional to what is appropriate for the current proceeding. Among other things, the Settlement speaks for itself and expressly discloses all payments.  The Request for additional documents is superfluous, irrelevant and unduly burdensome.  The Ad Hoc Group also objects to this Request because it seeks Privileged documents.  In addition, the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the possession, custody, or control of the Government Parties for whom production is less burdensome or expensive, and which documents the Committee asked the Government Parties to

produce.  The Ad Hoc Group further objects to this Request as vague and ambiguous to the extent it refers to "various payments" without defining precisely what it means by such a term. The Ad Hoc Group objects to this Request insofar as it seeks documents, communications, analyses and calculations not related to the Government Parties' exercise of business judgment, but instead related to the Ad Hoc Group's judgments.  The Ad Hoc Group further objects to the extent this Request seeks documents and/or information that constitutes, in whole or in part, trade secrets or protected, private, confidential, proprietary or competitively sensitive information.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search.  Any documents produced will be subject to the provisions of the Protective Order.

5.    All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders purport to hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date, including documents evidencing or concerning any re-marking, change in, or reevaluation of Your members' PREPA exposure.

RESPONSE:

The Ad Hoc Group objects to this Request because it is overly broad, unduly burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of admissible evidence, and not proportional to what is appropriate for the current proceeding. Among other things, any change in the holdings of the Ad Hoc Group's members are irrelevant, and, in any event, disclosed in Statements filed Pursuant to Rule 2019.  Insofar as the Request seeks additional information about changes in the holdings of the Ad Hoc Group's members, it is

unduly burdensome and seeks irrelevant information.  The Ad Hoc Group also objects to this Request because it seeks Privileged documents.  In addition, the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the possession, custody, or control of the Government Parties for whom production is less burdensome or expensive, and which documents the Committee asked the Government Parties to produce.  The Ad Hoc Group further objects to this Request as vague and ambiguous to the extent it refers to the "value of any security interest that PREPA bondholders purport to hold in assets of PREPA" without defining precisely what it means by this term.  In particular, what the Ad Hoc Group may believe about the value of a security interest, how such a value might have changed, and "any re-marking, change in, or reevaluation of [the Ad Hoc Group's] PREPA exposure," is not relevant to the current proceeding, where the sole issue is the Government Parties' business judgment.  The Ad Hoc Group further objects to the extent this Request seeks documents and/or information that constitutes, in whole or in part, trade secrets or protected, private, confidential, proprietary or competitively sensitive information.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search.  Any documents produced will be subject to the provisions of the Protective Order.

6.       All documents produced to any other party in connection with the Rule 9019 Motion.

RESPONSE:

The Ad Hoc Group objects to this Request because the Ad Hoc Group should not be burdened by requiring it to reproduce documents that it is producing in response to other non-party subpoenas, but rather it is the responsibility of any requesting party to provide such documents.

Subject to all of its objections and the search and production parameters discussed above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or control, if any, responsive to this Request that are located by a reasonable and proportionally appropriate search. Any documents produced will be subject to the provisions of the Protective Order.

7.      All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

RESPONSE:

The Ad Hoc Group objects to this request on the grounds that the Ad Hoc Group is not a party to the Motion, and has no obligation to use exhibits or rely on any documents. The Ad Hoc Group further objects to this Request on the grounds that it seeks Attorney Work Product. The Ad Hoc Group also objects because this Request is premature in that it calls for disclosure of exhibits in advance of the filing of relevant pleadings under the schedule applicable to the Motion.

Subject to all of its objections, the Ad Hoc Group refers to all of the documents it produces, and documents produced by any other party or non-party in discovery in connection with the Motion, all deposition and hearing transcripts, and all other pleadings filed in

connection with the Motion, any of which may be used as exhibits or otherwise relied upon at the

hearing on the Motion.

        8.      All documents and communications consisting of any spreadsheets or
models concerning projected revenues from the sale of electricity or other revenue sources in
Puerto Rico.

        RESPONSE:

        The Ad Hoc Group objects to this Request because it is overly broad, unduly

burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of

admissible evidence, and not proportional to what is appropriate for the current proceeding.  The

Ad Hoc Group also objects to this Request insofar as it seeks Privileged documents.  In addition,

the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the

possession, custody, or control of the Government Parties for whom production is less

burdensome or expensive, and which documents the Committee asked the Government Parties to

produce.  In particular, what the Ad Hoc Group may believe about projected revenues is not

relevant to the current proceeding, where the sole issue is the Government Parties' business

judgment.  The Ad Hoc Group further objects because the reference in this Request to "other

revenue sources in Puerto Rico" is vague, ambiguous, over broad and irrelevant to the Motion.

The Ad Hoc Group further objects to the extent this Request seeks documents and/or information

that constitutes, in whole or in part, trade secrets or protected, private, confidential, proprietary

or competitively sensitive information.

        Subject to all of its objections and the search and production parameters discussed

above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or

control, if any, responsive to this Request that are located by a reasonable and proportionally

appropriate search.  Any documents produced will be subject to the provisions of the Protective

Order.

9.     All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

RESPONSE:

The Ad Hoc Group objects to this Request because it is overly broad, unduly

burdensome, not relevant or material to, or reasonably calculated to lead to, the discovery of

admissible evidence, and not proportional to what is appropriate for the current proceeding.  The

Ad Hoc Group also objects to this Request insofar as it seeks Privileged documents.  In addition,

the Ad Hoc Group objects to this Request on the grounds that it seeks documents that are in the

possession, custody, or control of the Government Parties for whom production is less

burdensome or expensive, and which documents the Committee asked the Government Parties to

produce.  In particular, what the Ad Hoc Group may believe in terms of forecasts, and the effect

(if any) of the Settlement on such forecasts, is not relevant to the current proceeding, where the

sole issue is the Government Parties' business judgment.  The Ad Hoc Group further objects to

the extent this Request seeks documents and/or information that constitutes, in whole or in part,

trade secrets or protected, private, confidential, proprietary or competitively sensitive

information.

Subject to all of its objections and the search and production parameters discussed

above, the Ad Hoc Group will produce Non-Privileged documents in its possession, custody, or

control, if any, responsive to this Request that are located by a reasonable and proportionally

appropriate search.  Any documents produced will be subject to the provisions of the Protective

Order.

Dated: May 29, 2019
        New York, New York

<div style="display: flex;">

**TORO COLÓN MULLET P.S.C.**
P.O. Box 195383
San Juan, PR 00919-5383
Tel.: (787) 751-8999
Fax: (787) 763-7760

*/s/ Manuel Fernandez-Bared*
MANUEL FERNÁNDEZ-BARED
USDC-PR No. 204,204
E-mail: mfb@tcm.law

*/s/ Linette Figueroa-Torres*
LINETTE FIGUEROA-TORRES
USDC-PR No. 227,104
E-mail: lft@tcm.law

*/s/ Nayda Perez-Roman*
NAYDA PEREZ-ROMAN
USDC–PR No. 300,208
E-mail: nperez@tcm.law

*Counsel for the Ad Hoc Group of PREPA
Bondholders*

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000

*/s/ Natan M. Hamerman*
AMY CATON*
THOMAS MOERS MAYER*
NATAN HAMERMAN
ALICE J. BYOWITZ*
Email: acaton@kramerlevin.com
        tmayer@kramerlevin.com
        nhamerman@kramerlevin.com
        abyowitz@kramerlevin.com
*Admitted Pro Hac Vice*

*Counsel for the Ad Hoc Group of
PREPA Bondholders*

</div>