# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Movant,<br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br>*et al.*<br><br>Respondent. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO TO CORTLAND CAPITAL MARKET
SERVICES LLC'S AND SOLUS ALTERNATIVE ASSET MANAGEMENT LP'S FIRST
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

*[Remainder of page intentionally left blank]*

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, made applicable to this proceeding by Section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA") (48 U.S.C. § 2170) and the Local Rules of the United States Bankruptcy Court for the District of Puerto Rico, the presiding Court's chambers practices and case management orders (collectively, the "Governing Rules"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), hereby responds and objects to *First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority* served by Cortland Capital Market Services LLC, as administrative agent ("Cortland"), and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "Solus," and together with Cortland, the "Fuel Line Lenders"), and dated May 22, 2019, (the "Requests for Production," and each individual request for production of documents a "Request"), as follows:

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Requests for Production are given without prejudice to the Oversight Board's right to amend or supplement its response herein if necessary at a later date.  The Oversight Board has made reasonable efforts to respond to the Requests for Production, to the extent it has not been objected to, as the Oversight Board understands and interprets the Requests for Production.  If the Fuel Line Lenders subsequently assert an interpretation of the Requests for Production that differs from that of the Oversight Board's, the Oversight Board reserves the right to supplement its objections.  By making the objections below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

## **GENERAL OBJECTIONS**

1.      The Oversight Board objects to the Requests for Production, and to each and every Request, as irrelevant, overbroad, unduly burdensome to the extent they seek information  neither necessary nor proportionate to the narrow question whether to approve the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (Case No. 17-BK-4780-LTS, ECF No. 1235) (the "9019 Motion"), Not only is the Fuel Line Lenders' effort to engage in voluminous discovery, far beyond the standards applicable to approval under Rule 9019, but it is clearly designed to disrupt and delay the process for approving the Definitive RSA.

2.      The Oversight Board objects to the Requests for Production, and to each Request, to the extent (i) they exceed the legitimate scope of discovery in connection with the instant 9019 motion; (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, and the parties' resources.

3.      The production of any document pursuant to the Requests for Production does not constitute an admission by the Oversight Board that such document is relevant or material to the issues before the Court or is admissible.  The Oversight Board is producing documents that are irrelevant and inadmissible, but is doing so solely to expedite the process without any concession the Requests are relevant or material to the instant contested matter.

4.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents relating to the nature of the Fuel Line Lenders claims irrespective of the issues relevant to approval of the Definitive RSA.

5.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents without restrictions as to date.  The Oversight Board will not produce documents or communications that pre-date May 1, 2018 or otherwise seek documents outside the timeframe relevant to the 9019 Motion.

6.      The Oversight Board objects to the Definitions, the Instructions, and the Requests for Production, and to each and every Request, to the extent they purport to impose burdens on the Oversight Board inconsistent with, or not otherwise authorized by, or seek to impose obligations that exceed those imposed by, the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests for Production and each Request in a manner consistent with its obligations under the Governing Rules, and not otherwise.

7.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent the information sought is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive privilege, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does assert any and all such privileges with respect to all such information.  Nothing in these Responses is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.

8.      The Oversight Board objects to the Requests for Production, and to each and every Request, as unduly burdensome to the extent they request the Oversight Board produce documents outside the Oversight Board's possession, custody or control.  The Oversight Board further objects

to the Requests for Production to the extent they call for information publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including documents in the possession of the Fuel Line Lenders.

9.      The Oversight Board objects to the Requests for Production as unduly burdensome because they are cumulative or duplicative of other discovery requests served on PREPA and AAFAF and other entities in connection with the 9019 Motion.  The Oversight Board will not produce documents more readily obtained from AAFAF or PREPA or are being produced by AAFAF or PREPA or other entities.  Subject to the other general and specific objections set forth herein, the Oversight Board will use reasonable diligence to obtain responsive documents in its possession, custody or control based on an examination of those files reasonably expected to yield responsive documents  not likely to be duplicative of documents in the possession, custody or control of AAFAF or PREPA or other entities, but will not undertake to obtain documents that are publicly available, unreasonably cumulative or duplicative, or obtainable from another source more convenient, less burdensome, or less expensive, including information known to the Fuel Line Lenders..

10.      The Oversight Board objects to the Requests for Production, and to each and every Request, to the extent they seek documents containing information confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.  The Oversight Board will produce such documents only pursuant to an appropriate Protective Order.

11.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state

or assume legal or factual conclusions.  By providing these Objections and Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

12.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they purport to require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

13.     The Oversight Board objects to the definition of the term "Oversight Board," "You," and "Your" as overbroad because they include individuals and entities not components of the Oversight Board and without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Oversight Board and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

14.     The Oversight Board objects to the definition of the term "PREPA" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "PREPA" to mean PREPA and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

15.     The Oversight Board objects to the definition of the term "AAFAF" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean AAFAF and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

16.     The Oversight Board objects to the definition of the term "Citi" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Citi" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

17.     The Oversight Board objects to the definition of the term "Ad Hoc Group" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Ad Hoc Group" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

18.     The Oversight Board objects to the definition of the term "Assured" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Assured" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

19.     The Oversight Board objects to the definition of the term "National" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "National" to mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

20.     The Oversight Board objects to the definition of the term "Syncora" as overbroad because it includes individuals and entities without regard to their connection or relevance to the 9019 Motion.  In responding to these Requests, the Oversight Board will construe "Syncora" to

mean Citigroup Global Markets, Inc. and its employees, officers, directors, and known agents reasonably likely to possess information relevant to the 9019 Motion.

21.     The Oversight Board objects to the definition of the terms "Communication" and "Communications" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, web messages, or other forms of instant messaging, or to "words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

22.     The Oversight Board objects to the definitions of "Relate to," "relate to," and "relating to" to the extent they are overly broad, vague, and ambiguous.

23.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent it imposes duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing any text messages, instant messages, web messages, WhatsApp messages, social media messages, telegrams, cables, facsimiles, summaries or records or notes of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, accountants work papers, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, recordings, tapes, microfilm, charge clips, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of investigations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten, or any other notes, projections, working papers, federal and state income tax returns, checks, front and back, check stubs or receipts, shipping documents, manifests,

invoice vouchers, computer printouts and computer disks and tapes, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced, which would be unduly burdensome and not proportionate to the needs of the case.  The Oversight Board will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

24.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because it incorporates the objectionable definition of the term Oversight Board.  In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean the Financial Oversight and Management Board for Puerto Rico and its employees, members, and known agents reasonably likely to possess information relevant to the 9019 Motion.

25.     The above General Objections are incorporated into each of the following specific Objections and Responses.


*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTION TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Communications between or among the Parties to the RSA relating to the Preliminary RSA, the Definitive RSA or the 9019 Settlement, including: (i) all Communications relating to negotiation of the terms of the Preliminary RSA or the Definitive RSA; (ii) all Communications relating to the treatment of the Fuel Line Loans or other Financial Indebtedness under the Preliminary RSA or Definitive RSA; and (iii) all drafts and prior versions of the Preliminary RSA or Definitive RSA or term sheets or exhibits related to such drafts or prior versions.

### RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this Request on the grounds the Request—and insofar as it seeks "all communications" and "all drafts and prior versions … or term sheets or exhibits"—is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any, in connection with negotiations with (i) the Ad Hoc Group leading to the execution of the Preliminary RSA, and (ii) Assured, leading to the execution of the Definitive RSA.

**REQUEST NO. 2:**

All Documents relating to the Most Favored Nations Provision of the Definitive RSA.

**RESPONSE TO REQUEST NO. 2:**

The Oversight Board objects to this Request on the grounds the request for "all documents" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative documents relating to the Most Favored Nations Provision of the Definitive RSA.

**REQUEST NO. 3:**

All Documents relating to the treatment of the Fuel Line Loans or Fuel Line Lenders under the Definitive RSA, under any Plan of adjustment contemplated to be filed in connection with the Definitive RSA, or the effect of the Definitive RSA on the Fuel Line Loans or the Fuel Line Lenders.

**RESPONSE TO REQUEST NO. 3:**

The Oversight Board objects to this Request on the grounds the request for "all documents" relating to the treatment of the Fuel Line Loans or Fuel Line Lenders" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in

connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information regarding "treatment of the Fuel Line Loans or Fuel Line Lenders under the Definitive RSA, under any Plan of adjustment contemplated to be filed," in light of the fact no such plan has been proposed.  The Oversight Board further objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The Oversight Board further objects to this Request to the extent it seeks information outside of the Oversight Board's custody or control or more readily obtainable from another source.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board refers to and incorporates its response to Request 1.

**REQUEST NO. 4:**

Documents sufficient to show the amounts projected to be paid to the Supporting Holders under the 9019 Settlement and the Definitive RSA, including: (i) interest through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Waiver and Support Fees set forth in Section 4 of the Definitive RSA; and (v) the total amount of fees and expenses to be paid under Section 22 of the Definitive RSA.

**RESPONSE TO REQUEST NO. 4:**

The Oversight Board objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of

appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request as vague and ambiguous to the extent it seeks documents concerning "amounts projected to be paid … under the 9019 Settlement and the Definitive RSA."

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will conduct a reasonable search for and produce responsive, non-privileged, non-duplicative communications, if any.

## REQUEST NO. 5:

All Communications since the Petition Date with any of (i) the Ad Hoc Group or any of its members, (ii) Assured, (iii) National and/or (iv) Syncora regarding the Fuel Line Loans, including all Communications regarding the status of the Fuel Line Loans as Current Expenses or the payment priorities between the Fuel Line Lenders and the Bondholders.

## RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The status of the Fuel Line Loans and payment priorities between the Fuel Line Lenders and the Bondholders has no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for "all communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further

objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate

discovery needs given, among other things, the limited nature of appropriate discovery in

connection with the 9019 Motion.  The Oversight Board further objects to this Request on the

grounds it seeks documents protected by the attorney-client privilege, the attorney work product

doctrine, the common interest privilege, the deliberative process privilege, or any other applicable

privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board

further objects to this Request to the extent it seeks information more readily obtainable from

another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not

produce documents, if any, responsive to this Request.

## REQUEST NO. 6:

All Communications prior to the Petition Date with any of (i) the Ad Hoc Group or any of
its members, (ii) Assured, (iii) National and/or (iv) Syncora regarding the Fuel Line Loans,
including all Communications regarding the status of the Fuel Line Loans as Current Expenses
and the treatment or priority afforded to the Fuel Lien Loans under prior restructuring support
agreements (including the Restructuring Support Agreement dated as of November 5, 2015).

## RESPONSE TO REQUEST NO. 6:

The Oversight Board objects to this Request on the grounds it does not seek information

relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the

9019 Motion.  Communications prior to the petition date regarding the status and payment priority

of the Fuel Line Loans has no bearing on whether the RSA falls above the lowest point in the range

of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board

further objects to this Request on the grounds the request for "all communications" is overly broad,

unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with

the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request

on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given,

among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 7:**

All Communications since the Petition Date with any of the Ad Hoc Group, Assured, National and/or Syncora relating to the Lien Challenge.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this Request on the grounds the request for "all communications … relating to the Lien Challenge" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Request on the grounds it does not seek information  relevant or reasonably calculated to lead to the discovery of admissible evidence

relevant to the 9019 Motion.  The Oversight Board further objects to this Request to the extent it seeks information outside of the Oversight Board's custody or control or more readily obtainable from another source.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board refers to and incorporates its response to Request 1.

## REQUEST NO. 8:

All Borrowing Requests and any additional materials submitted by PREPA to the agent or lenders under the Scotiabank Credit Agreement in connection with any advance requested under the Scotiabank Credit Agreement.

## RESPONSE TO REQUEST NO. 8:

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Borrowing Requests and Requests for Advances under the Scotiabank Credit Agreement have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for "all Borrowing Requests and any additional materials" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Request to the extent it seeks information already in the possession of the Fuel Line Lenders and is more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

## REQUEST NO. 9:

All Requests for Advances and any additional materials submitted by PREPA to the lenders under the Citibank Credit Agreement in connection with any advance requested under the Citibank Credit Agreement.

## RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. Borrowing Requests and Requests for Advances under the Citibank Credit Agreement have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all Requests for Advances and any additional materials" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information already in the possession of the Fuel Line Lenders and is more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 10:**

Documents sufficient to show the amounts and dates of all repayments by PREPA of any advance under either the Scotiabank Credit Agreement or the Citibank Credit Agreement.

**RESPONSE TO REQUEST NO. 10:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Repayments under the Scotiabank Credit Agreement and the Citibank Credit Agreement have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for documentation of "all repayments by PREPA of any advance" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information already in the possession of the Fuel Line Lenders and is more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 11:**

All Annual Budgets and "amended or supplemental Annual Budget[s]" since May 4, 2012 prepared pursuant to section 504 of the Trust Agreement.

**RESPONSE TO REQUEST NO. 11:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Annual Budgets have no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for "all Annual Budgets and 'amended or supplemental Annual Budget[s]'… since May 4, 2012" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 12:**

All resolutions of the PREPA Board authorizing the issuance of any Bonds that are currently outstanding, including all exhibits and schedules to such resolutions.

**RESPONSE TO REQUEST NO. 12:**

The Oversight Board objects to this Request on the grounds the request for "all resolutions of the PREPA Board authorizing the issuance of any Bonds that are outstanding, include all exhibits and schedules" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The

Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request on the grounds it does not seek information  relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 13:**

All "Official Statements," "Offering Memoranda" or similar offering documents relating to any issuance of any Bonds that are currently outstanding.

**RESPONSE TO REQUEST NO. 13:**

The Oversight Board objects to this Request on the grounds the request for "all 'Official Statements,' 'Offering Memoranda' or similar offering documents relating to any issuance of any Bonds" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible

evidence relevant to the 9019 Motion.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

## REQUEST NO. 14:

All Communications, all meeting minutes and all presentations relating to the approval of any resolution of the PREPA Board authorizing the issuance of Bonds that are currently outstanding.

## RESPONSE TO REQUEST NO. 14:

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all communications, all meeting minutes and all presentations relating to the approval of any resolution" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 15:**

All Documents, including all reports, filed with PREPA on or after May 4, 2012 by the Consulting Engineers pursuant to section 706 of the Trust Agreement.

**RESPONSE TO REQUEST NO. 15:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all reports filed with PREPA on or after May 4, 2012 by the Consulting Engineers" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 16:**

All Documents, from May 4, 2012 to the present, in which PREPA, the Oversight Board or AAFAF has calculated, stated or estimated the amount of PREPA's Current Expenses, including all Documents in which such Current Expenses have been listed or broken down by category or line item.

**RESPONSE TO REQUEST NO. 16:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all documents, from May 4, 2012 to the present, in which PREPA, the Oversight Board or AAFAF has calculated, stated or estimated the amount of PREPA's Current Expenses" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 17:**

Documents sufficient to show PREPA's gross revenues, and revenues after payment of Current Expenses, as of (i) the Petition Date, (ii) each month since the Petition Date and (iii) the present.

**RESPONSE TO REQUEST NO. 17:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion. The requested documents have no bearing on whether the RSA falls above the

lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel

Line Lenders' legitimate discovery needs given, among other things, the limited nature of

appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects

to this Request on the grounds it seeks documents protected by the attorney-client privilege, the

attorney work product doctrine, the common interest privilege, the deliberative process privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to this Request to the extent it seeks information more readily

obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not

produce documents, if any, responsive to this Request.

**REQUEST NO. 18:**

Documents sufficient to show PREPA's Current Expenses as of (i) the Petition Date, (ii)
each month since the Petition Date and (iii) the present.

**RESPONSE TO REQUEST NO. 18:**

The Oversight Board objects to this Request on the grounds it does not seek information

relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the

9019 Motion.  The requested documents have no bearing whatsoever on whether the RSA falls

above the lowest point in the range of reasonableness, and should therefore be approved under

Rule 9019.  The Oversight Board further objects to the Request on the grounds it is not proportional

to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature

of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects

to this Request on the grounds it seeks documents protected by the attorney-client privilege, the

attorney work product doctrine, the common interest privilege, the deliberative process privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 19:**

All Documents underlying, relied upon or supporting paragraphs 9 through 12 of the Lavin Declaration.

**RESPONSE TO REQUEST NO. 19:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Documents supporting the Lavin Declaration have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all documents underlying, relied upon or supporting paragraphs 9 through 12" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 20:**

Documents sufficient to show the balance, as of (i) the Petition Date, (ii) each month since the Petition Date and (iii) the present, of each of the following funds or accounts referenced in the Trust Agreement:

a. The General Fund;
b. The Revenue Fund;
c. The Sinking Fund (including any account within the Sinking Fund);
d. The Reserve Maintenance Fund;
e. The Self-Insurance Fund;
f. The Capital Improvement Fund;
g. The Subordinate Obligations Fund;
h. The Renewal and Replacement Fund;
i. The Construction Fund; and
j. The General Reserve Fund.

**RESPONSE TO REQUEST NO. 20:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 21:**

Documents showing whether PREPA had or has control — as of the Petition Date and currently — of each of the following funds or accounts referenced in the Trust Agreement:

a. The General Fund;

b.      The Revenue Fund;
c.      The Sinking Fund (including any account within the Sinking Fund);
d.      The Reserve Maintenance Fund;
e.      The Self-insurance Fund;
f.      The Capital Improvement Fund.
g.      The Subordinate Obligations Fund
h.      The Renewal and Replacement Fund;
i.      The Construction Fund; and
j.      The General Reserve Fund.

The response to this request should include Documents showing the location of the funds or accounts (i.e., the bank) and any account control agreements or other similar agreements governing such funds or accounts.

**RESPONSE TO REQUEST NO. 21:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for documents showing "any account control agreements or similar agreements" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 22:**

All Documents, since January 1, 2012, relating to the Current Expense treatment or priority of loans made under the Citibank Credit Agreement, including  all Documents relating to the

negotiation of the provisions of the Citibank Credit Agreement that describe loans made thereunder as Current Expenses.

## RESPONSE TO REQUEST NO. 22:

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Priority of loans made under the Citibank Credit Agreement have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for "all documents" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

## REQUEST NO. 23:

All Documents, since January 1, 2012, relating to the Current Expense treatment or priority of loans made under the Scotiabank Credit Agreement, including all Documents relating to the negotiation of the provisions of the Scotiabank Credit Agreement that describe loans made thereunder as Current Expenses.

**RESPONSE TO REQUEST NO. 23:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  Priority of loans made under the Citibank Credit Agreement have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.  The Oversight Board further objects to this Request on the grounds the request for "all documents" is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 24:**

All insurance policies issued by Assured with respect to Bonds that are currently outstanding, including all Documents referenced in, delivered with or executed in connection with such insurance policies. The response to this request should include any agreements (including any "Agreement[s] Regarding Bond Insurance") between PREPA and the Bond Trustee in connection with each insurance policy.

**RESPONSE TO REQUEST NO. 24:**

The Oversight Board objects to this Request on the grounds it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.  The requested documents have no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. The Oversight Board further objects to this Request on the grounds the request for "all insurance policies" and "any agreements"  is overly broad, unduly burdensome, vague, ambiguous and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  The Oversight Board further objects to the Request on the grounds it is not proportional to the Fuel Line Lenders' legitimate discovery needs given, among other things, the limited nature of appropriate discovery in connection with the 9019 Motion.  The Oversight Board further objects to this Request to the extent it seeks information more readily obtainable from another source.

In light of the foregoing General and Specific Objections, the Oversight Board will not produce documents, if any, responsive to this Request.

**REQUEST NO. 25:**

All Documents that You intend to use as exhibits or otherwise rely on at the hearing on the Settlement Motion or in any further filing in support of the Settlement Motion.

**RESPONSE TO REQUEST NO. 25:**

The Oversight Board objects to this Request on the grounds the terms "or otherwise rely on at the hearing … or in any further filing" are vague and ambiguous.  The Oversight Board further objects to this Request on the grounds it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative

process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the Oversight Board's General and Specific Objections, the Oversight Board will produce the documents it intends to use as exhibits at the hearing on the 9019 Motion in accordance with the schedule set by the Court.

## REQUEST NO. 26:

All Documents produced to the Official Committee of Unsecured Creditors in connection with discovery on the Settlement Motion.

## RESPONSE TO REQUEST NO. 26:

The Oversight Board objects to this Request on the grounds the request for "all documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   The Oversight Board further objects to this Request on the grounds it does not seek information  relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion.

Subject to the Oversight Board's General Objections, each of which is specifically incorporated into this Response, and the specific objections above, the Oversight Board will produce all documents it produces to any other party in response to a discovery request in connection with the 9019 Motion to the extent confidentiality concerns prudently allow.

Dated: May 29, 2019

**PROSKAUER ROSE, LLP**

*/s/ Margaret A. Dale*

Martin J. Bienenstock
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
Eleven Times Square
New York, NY 10036-8299
Tel:  (212) 969-3000
Fax:  (212) 969-2900
mbienenstock@proskauer.com
ebarak@proskauer.com
mdale@proskauer.com
gmashberg@proskauer.com


-and-


Paul V. Possinger
70 W. Madison St., Suite 3800
Chicago, IL 60602
Tel:  (312) 962-3550
Fax:  (312) 962-3551
ppossinger@proskauer.com


-and-

**DEL VALLE EMMANUELLI LAW
OFFICES**

Luis F. del Valle Emmanuelli
PO Box 79897
Carolina, PR 00984-9897
Tel: (787) 977-1932
Fax: (787) 722-1932
devlawoffices@gmail.com


*Attorneys for The Financial Oversight
and Management Board for Puerto Rico,
as representative of The Commonwealth
of Puerto Rico and the Puerto Rico
Electric Power Authority*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I caused copies of the foregoing document to be served

on the following counsel of record for the Potential Objectors.

WEIL, GOTSHAL & MANGES LLP

Robert Berezin, Esq.
Marcia Goldstein, Esq.
Jonathan Polkes, Esq.
Gregory Silbert, Esq.
767 Fifth Avenue
New York, NY 10153
marcia.goldstein@weil.com
jonathan.polkes@weil.com
gregory.silbert@weil.com
robert.berezin@weil.com

*Counsel for National Public Finance
Guarantee Corporation*

DEBEVOISE & PLIMPTON LLP

My Chi To, Esq.
Craig A. Bruens, Esq.
Elie J. Worenklein, Esq.
919 Third Avenue
New York, NY 10022
mcto@ debevoise.com
cabruens@ debevoise.com
eworenklein@debevoise.com

*Counsel for Syncora Guarantee, Inc.*

PAUL HASTINGS LLP

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James R. Bliss, Esq.
James B. Worthington, Esq.
Michael E. Comerford, Esq.
G. Alexander Bongartz, Esq.
Nicholas Bassett, Esq.
875 15th Street NW
Washington, DC 20005
lucdespins@paulhastings.com
andrewtenzer@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
michaelcomerford@paulhastings.com
alexbongartz@paulhastings.com
nicholasbassett@paulhastings.com

*Counsel for the Official Committee of
Unsecured Creditors*

WACHTELL, LIPTON, ROSEN & KATZ LLP

Richard G. Mason, Esq.
Amy R. Wolf, Esq.
Emil A. Kleinhaus, Esq.
Angela K. Herring, Esq.
51 West 52nd Street
New York NY 10019
rgmason@wlrk.com
arwolf@wlrk.com
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Cortland Capital Market Services
LLC, as Administrative Agent*

SIMPSON THACHER & BARTLETT LLP

Sandy Qusba, Esq.
Bryce L. Friedman, Esq.
Nicholas Baker, Esq.
Edward R. Linden, Esq.
425 Lexington Avenue
New York, NY 10017
squsba@stblaw.com
bfriedman@stblaw.com
nbaker@stblaw.com
edward.linden@stblaw.com

*Counsel for Solus Alternative Asset
Management LP*

BUFETE EMMANUELLI, C.S.P.

Jessica E. Méndez Colberg, Esq.
Rolando Emmanuelli Jiménez, Esq.
Urb. Constancia
2803 Calle San Francisco
Ponce PR 00717
jessica@bufete-emmanuelli.com
remmanuelli@me.com

*Counsel for Unión de Trabajadores de la
Industria Eléctrica y Riego, Inc. ("UTIER")*

Further, I hereby certify that, on this date, I caused copies of the foregoing document to

be served on the following counsel of record for other parties-in-interest to the 9019 Motion.

O'MELVENY & MYERS LLP

Elizabeth L. McKeen, Esq.
Peter Friedman, Esq.
John J. Rapisardi, Esq.
Seven Times Square
New York, NY 10036
emckeen@omm.com
pfriedman@omm.com
jrapisardi@omm.com

*Counsel for Puerto Rico Fiscal Agency and
Financial Advisory Authority ("AAFAF")*

CADWALADER, WICKERSHAM & TAFT LLP

William J. Natbony, Esq.
Ellen Halstead, Esq.
200 Liberty Street
New York, NY 10281
Bill.Natbony@cwt.com
Ellen.Halstead@cwt.com

*Counsel for Assured Guaranty Corp., and
Assured Guaranty Municipal Corp.*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Amy Caton, Esq.
Thomas Moers Mayer, Esq.
Alice J. Byowitz
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
acaton@kramerlevin.com
tmayer@kramerlevin.com
abyowitz@kramerlevin.com

-and-

TORO, COLON, MULLET, RIVERA & SIFRE,
P.S.C.

Manuel Fernandez-Bared, Esq.
Linette Figuerosa-Torres, Esq.
Nadya Pérez-Román, Esq.
Jane Patricia Van Kirk, Esq.
PO Box 195383
San Juan, PR 00919-5383
mfb@tcmrslaw.com
lft@tcmrslaw.com
nperez@tcmrslaw.com
jvankirk@tcmrslaw.com

*Counsel for the Ad Hoc Group of PREPA
Bondholders*

Date: May 29, 2019                          /s/ *Brandon C. Clark*
                                            Brandon C. Clark (*admitted pro hac vice*)