# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------ X
In re                                                        :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                            :   Title III
                                                             :
        As representative of                                 :   Case No. 17-BK-3283 (LTS)
                                                             :
THE COMMONWEALTH OF PUERTO RICO et al.,[1]                   :   (Jointly Administered)
                                                             :
        Debtors.                                             :
------------------------------------------------------------ X
In re                                                        :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                            :   Title III
                                                             :
        As representative of                                 :   Case No. 17-BK-4780 (LTS)
                                                             :
PUERTO RICO ELECTRIC POWER AUTHORITY                         :
(PREPA),                                                     :
                                                             :
        Debtor.                                              :
------------------------------------------------------------ X
```

**PREPA'S RESPONSES AND OBJECTIONS TO FIRST SET OF INTERROGATORIES OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS ALTERNATIVE ASSET MANAGEMENT LP TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, THE PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE PUERTO RICO <u>FISCAL AGENCY AND FINANCIAL AUTHORITY</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Electric Power Authority ("**PREPA**") hereby responds and objects (the "**Responses and Objections**") to the *First Set of Interrogatories of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority*, served May 22, 2019 (the "**Interrogatories**"), including the individual interrogatories set out therein (each an "**Interrogatory**"), which was served at the direction of Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, the "**Fuel Line Lenders**").

## PRELIMINARY STATEMENT

PREPA has not yet completed its investigation and review of documents. These Responses and Objections are based, and will be based, only upon the information that is currently available to and specifically known to PREPA as of the date hereof. PREPA reserves the right to amend or supplement these Responses and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence. PREPA has made reasonable efforts to respond to the Interrogatories, to the extent they have not been objected to, as PREPA understands and interprets the Interrogatories. If the Fuel Line Lenders subsequently assert an interpretation of the Interrogatories that differs from PREPA's interpretation, PREPA reserves the right to supplement these Reponses and Objections.

**GENERAL OBJECTIONS**

1. PREPA objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**").

2. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information that is not in PREPA's possession, custody, or control. Subject to the other general and specific objections set forth herein, PREPA will use reasonable diligence to obtain responsive documents in its possession, custody, or control based on an examination of those files reasonably expected to yield responsive information. Information produced by PREPA in response to specific Interrogatories should not be construed as a representation that every document in its possession, custody, or control has been examined. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they purport to require PREPA to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on behalf of PREPA and whose files have been archived, destroyed, or released in connection with such person's departure from PREPA.

3

4. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent that they purport to impose burdens on PREPA that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**"). PREPA will construe and respond to the Interrogatories in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5. PREPA objects to each Instruction, Rule of Construction, Definition, and Interrogatory to the extent they purport to impose burdens on PREPA that are inconsistent with, not authorized by, or exceed those required by the Governing Rules. In responding to the Interrogatories, and unless otherwise noted, PREPA will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

6. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they place an unreasonable burden on PREPA, including without limitation by seeking information that is equally or more readily available from public sources or that is already available to the Fuel Line Lenders.

7. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or

4

immunities. Information protected by these privileges, doctrines, or immunities are not subject to disclosure, and PREPA will not provide it. PREPA intends to and does assert any and all such privileges with respect to all such information.

8. PREPA objects to each Instruction, Rule of Construction, Definition, and Interrogatory to the extent they seek information that is confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive information exists, PREPA will produce such information only pursuant to an appropriate protective order that has been executed and entered into by the parties.

9. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses and Objections, PREPA does not admit any factual or legal premise in the Interrogatories.

10. To the extent any term defined or used in the Interrogatories is used in responding to the Interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

11. PREPA objects to the Interrogatories, and to each and every Interrogatory, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

12. PREPA objects to the Interrogatories, and to each and every Interrogatory, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not

relevant to the subject matter of the Rule 2019 Motion nor reasonably calculated to lead to the discovery of admissible evidence.

13. PREPA objects to the definition of the term "Documents" to the extent it seeks to impose burdens on PREPA that differ from or exceed those imposed by the Governing Rules. PREPA also objects to searching or producing any applications, tax records, notations of conversations or meetings, transcripts of any kind (including transcripts of conference calls or television appearances), pictures, video and voice recordings, and every other data compilation on which or through which information of any type can be obtained, translated if necessary into reasonably usable form, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery. PREPA will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive information.

14. PREPA objects to the definition of the terms "You," "Your" and "PREPA" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion. In responding to the Interrogatories, PREPA will construe "You," "Your" and "PREPA" to mean PREPA and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion.

15. PREPA objects to Instruction 8 to the extent it imposes burdens on PREPA that differ from or exceed those imposed by the Governing Rules. PREPA objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserves the right to provide a categorical privilege log.

16. These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency,

privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Interrogatories or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

17. These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Interrogatory; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Interrogatory; (c) an acknowledgement that documents or other items responsive to any Interrogatory exist; (d) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and PREPA expressly reserves, the right to file a motion to quash the Interrogatories and/or to seek a protective order.

18. The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify any witnesses You intend to call to testify at the hearing on the Settlement Motion.

7

**RESPONSE TO INTERROGATORY NO. 1:**

Without waiving the foregoing general objections, PREPA will exchange the information requested in Interrogatory No. 1 consistent with the Court's *Order Extending and Establishing Certain Deadlines Applicable to the Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928 and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement*, dated May 22, 2019 [PREPA Docket ECF No. 1253].

**INTERROGATORY NO. 2:**

Identify the Persons with knowledge of any collateral securing the Bonds and its value, including whether or not Bonds are oversecured or undersecured.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections, PREPA objects to Interrogatory No. 2 to the extent it requires identification of Persons who are not representatives of PREPA. In responding to this Interrogatory, PREPA will identify only individuals representing or acting on behalf of PREPA. PREPA also objects to this Interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. PREPA further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require PREPA to identify all Persons with knowledge of any collateral securing the Bonds and its value, including whether or not Bonds are oversecured or undersecured. In addition, PREPA objects to this Interrogatory on the ground that it improperly seeks identification of Persons with knowledge of a legal conclusion. In particular, PREPA does not concede that the Bonds are secured.

**INTERROGATORY NO. 3:**

Identify the PREPA Representatives primarily responsible for the negotiation of each of the Scotiabank Credit Agreement and the Citibank Credit Agreement and state whether each such PREPA Representative identified is currently employed by any Debtor and, if not, state the last known contact information for each PREPA Representative identified.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections, PREPA objects to Interrogatory No. 3 to the extent it requires identification of Persons who are not representatives of PREPA. PREPA also objects to this Interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. The negotiation of the Scotiabank Credit Agreement and the Citibank Credit Agreement have no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. PREPA further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to the extent it purports to require PREPA to identify all Persons primarily responsible for the negotiation of each of the Scotiabank Credit Agreement and the Citibank Credit Agreement.

**INTERROGATORY NO. 4:**

Identify the Citi Representatives primarily responsible for the negotiation of the Citibank Credit Agreement and state whether each such Citi Representative identified is currently employed by Citigroup Global Markets Inc.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections, PREPA objects to Interrogatory No. 4 to the extent it requires identification of Persons who are not representatives of PREPA. PREPA also objects to this Interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. The

9

negotiation of the Citibank Credit Agreement has no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019. PREPA further objects to this Interrogatory because it seeks information that is not within PREPA's possession, custody or control and is therefore not properly directed to PREPA.

**INTERROGATORY NO. 5:**

Identify the Persons, including PREPA Representatives, primarily responsible for the preparation—since May 4, 2012—of the Annual Budgets required pursuant to section 504 of the Trust Agreement and state whether each such Person identified is currently employed by any Debtor and, if not, state the last known contact information for each Person identified.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, PREPA objects to Interrogatory No. 5 to the extent it requires identification of Persons who are not representatives of PREPA. PREPA also objects to this Interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. The preparation of PREPA's budgets has no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

Without waiving the foregoing general and specific objections, PREPA is willing to meet and confer with the Fuel Line Lenders to discuss this Interrogatory.

**INTERROGATORY NO. 6:**

Identify the PREPA Representatives primarily responsible for the preparation of Borrowing Requests or Requests for Advances submitted by PREPA to the agent or lenders under the Scotiabank Credit Agreement and the Citibank Credit Agreement in connection with any advance requested under each of those facilities, and state whether each such PREPA Representative identified is currently employed by any Debtor and, if not state the last known contact information for each PREPA Representative identified.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections, PREPA objects to Interrogatory No. 6 as it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible

10

evidence relevant to the Rule 9019 Motion. Borrowing Requests and Requests for Advances under the Scotiabank Credit Agreement and the Citibank Credit Agreement have no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

**INTERROGATORY NO. 7:**

Identify the Persons, including all PREPA Representatives, primarily responsible for the preparation of:

a. the "Annual Budgets of Current Expenses 2013-14" available on PREPA's website at https://aeepr.com/es-pr/investors/FinancialInformation/Budgets/Presupuesto%20Operacional%202013-14-Version%20Web.pptx

b. the "Annual Budgets of Current Expenses 2014-15" available on PREPA's website at https://aeepr.com/es-pr/investors/FinancialInformation/Budgets/RESUMEN%20VISTAS%20P%C3%9ABLICAS%20(PROPUESTO)%202014-2015%20V3.1.pdf

c. the "Current Expenses Budget and Capital Expenditures 2014-2015" available on PREPA's website at https://aeepr.com/es-pr/investors/FinancialInformation/Budgets/201406020933.pdf

and state whether each such Person identified is currently employed by any Debtor and, if not, state the last known contact information for each PREPA Representative identified.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections, PREPA objects to Interrogatory No. 7 to the extent it requires identification of Persons who are not representatives of PREPA. PREPA also objects to this Interrogatory to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. The preparation of PREPA's budgets has no bearing on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

Without waiving the foregoing general and specific objections, PREPA is willing to meet and confer with the Fuel Line Lenders to discuss this Interrogatory.

| | |
|---|---|
| Dated: May 29, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Elizabeth L. McKeen*<br>John J. Rapisardi<br>Suzzanne Uhland<br>Peter Friedman<br>Nancy A. Mitchell<br>(Admitted *Pro Hac Vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Tel: (212) 326-2000<br>Fax: (212) 326-2061<br><br>Elizabeth L. McKeen<br>(Admitted *Pro Hac Vice*)<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Tel: +1-949-823-6900<br>Fax: +1-949-823-6994<br><br>*Attorneys for Puerto Rico Electric Power Authority* |