# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1]<br><br>―――――――――――――――――<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Movant,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION,<br><br>Respondent. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO URGENT MOTION TO SET BRIEFING SCHEDULE WITH RESPECT TO MOTION OF AMBAC ASSURANCE CORPORATION CONCERNING APPLICATION OF THE AUTOMATIC STAY TO THE REVENUES SECURING PRIFA RUM TAX BONDS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780- LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board of Puerto Rico (the "Oversight Board" or "Board"), as sole representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this urgent motion, pursuant to Section III.L. of the *Ninth Amended Notice, Case Management and Administrative Procedures* [ECF No. 7115-1] (the "Case Management Procedures") for leave to file a sur-reply to the *Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7177] (the "Scheduling Motion") filed by Ambac Assurance Corporation ("Ambac"), in response to the *Reply in Support of Ambac Assurance Corporation's Urgent Motion to Set Briefing Schedule With Respect to Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7209] (the "Reply"). In support of its motion for leave, the Commonwealth respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Oversight Board seeks leave to file its sur-reply to address two issues raised by Ambac's Reply: (*i*) Ambac's mischaracterization of arguments made in the *Response of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7191] (the "Oversight

---

[2] PROMESA has been codified at 48 U.S.C. §§2101-2241.

Board Response") regarding a hearing on the *Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF NO. 7176] (the "Lift Stay Motion"); and (*ii*) Ambac's concession, by its silence on the issue, of a point in the Oversight Board's response regarding the fact Ambac has deferred any deadline to hold a hearing on stay relief pursuant to 11 U.S.C. § 362(e) until after the Court first determines whether the automatic stay applies. The Oversight Board's proposed sur-reply, attached hereto as **Exhibit 1** (the "Sur-Reply"), addresses both of these points.

2. Because both of these matters arose for the first time in Ambac's Reply, the Oversight Board has not had the opportunity to respond to them. The Oversight Board therefore respectfully requests the Court grant this motion and give it leave to file the Sur-Reply.

### BACKGROUND

3. On May 30, 2019, Ambac filed the Lift Stay Motion seeking an order stating that the automatic stay does not apply to several anticipated lawsuits to be filed by Ambac regarding bonds issued by Puerto Rico Infrastructure Financing Authority ("PRIFA"). Contemporaneous with that filing, Ambac filed the Scheduling Motion to set a schedule for briefing and a hearing on the Lift Stay Motion.

4. On June 3, 2019, the Oversight Board filed the Oversight Board Response to the Scheduling Motion.

5. On June 4, 2019, Ambac filed its Reply, in which it mischaracterized the Oversight Board's position as arguing the proposed July 24, 2019 hearing on the Lift Stay Motion should not be based on facts. The Reply also is silent on the question of when the thirty-day period for holding a hearing on the Lift Stay Motion begins to run, as provided in 11 U.S.C. § 362(e).

6. Due to the urgent nature of this matter, the Oversight Board has not had sufficient time to meet and confer with Ambac to determine whether it consents or opposes the filing of a sur-reply.

## ARGUMENT

7. Under Section III.L of the Case Management Procedures, sur-replies must be authorized by the Court. The Court can and should permit the Oversight Board to file a sur-reply to correct the Reply's statements regarding the content of the proposed July 24, 2019 hearing on the Lift Stay Motion. The Oversight Board has not and will not otherwise have the opportunity to contest the Reply's mischaracterization of its proposal, as the Reply was the first time Ambac incorrectly summarized the Oversight Board's proposal. *Animal Welfare Institute v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008); *United States ex rel. Pogue v. Diabetes Teratment Ctrs. Of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. The matter must be truly new.").

8. On the same basis, the Oversight Board also should be permitted to file a sur-reply in order to note Ambac's tacit concession it has deferred any deadline to hold a hearing on stay relief pursuant to 11 U.S.C. § 362(e) until after the Court first determines whether the automatic stay applies.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: June 4, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>Email: hermann.bauer@oneillborges.com<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Stephen L. Ratner (*pro hac vice*)<br>Timothy W. Mungovan (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>Email: brosen@proskauer.com<br>Email: sratner@proskauer.com<br>Email: tmungovan@proskauer.com<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico* |

5

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer