UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO,<br>et al., | (Jointly Administered) |
| Debtors.¹ | |

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3566-LTS |
| THE EMPLOYEES RETIREMENT SYSTEM<br>OF THE GOVERNMENT OF THE<br>COMMONWEALTH OF PUERTO RICO, | |
| Debtor. | |

------------------------------------------------------------x

MEMORANDUM ORDER GRANTING RESPONDENTS'
URGENT MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT
REGARDING AN ALLEGED APRIL 27, 2016, MEETING WITH MOVANTS' REPRESENTATIVES

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Before the Court is *Respondents' Urgent Motion In Limine to Exclude Evidence and Argument Regarding an Alleged April 27, 2016, Meeting with Movants' Representatives* (Docket Entry No. 7001 in Case No. 17-3283,[2] the "Motion In Limine").[3] The Motion In Limine seeks an order, pursuant to Rules 401 and 403 of the Federal Rules of Evidence, barring Movants from introducing certain evidence in support of the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Docket Entry No. 3418, the "Stay Relief Motion"). The Court has carefully considered the parties' submissions.[4] For the reasons stated below, the Motion In Limine is granted.

## BACKGROUND

Movants, which are holders of bonds issued by ERS in 2008, filed the Stay Relief Motion on July 3, 2018. At the time, Movants argued that they had constitutionally-protected security interests in, and liens on, property of ERS, and that they were entitled to relief from the automatic stays triggered when ERS and the Commonwealth of Puerto Rico (the "Commonwealth" or "Puerto Rico") filed petitions under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. § 2101 et seq. Movants also asserted, in

---

[2]   All docket entry references are to entries in Case No. 17-3283, unless otherwise noted.
[3]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion In Limine.
[4]   In addition to the Motion In Limine, the Court has considered the *Opposition to Respondents' Urgent Motion In Limine to Exclude Evidence and Argument Regarding April 27, 2016, Meeting with Movants' Representatives* (Docket Entry No. 7095, the "Opposition") and the *Reply in Further Support of Respondents' Urgent Motion In Limine to Exclude Evidence and Argument Regarding an Alleged April 27, 2016, Meeting with Movants' Representatives* (Docket Entry No. 7165).

the alternative, that they were entitled to adequate protection of their alleged property interests in ERS property.

After concluding in its *Opinion and Order Granting and Denying in Part Cross Motions for Summary Judgment* (Docket Entry No. 215 in Adv. Proc. No. 17-00213, the "MSJ Order") that Movants' liens on ERS property were unperfected, this Court, by *Order* dated August 21, 2018 (Docket Entry No. 3793, the "August 21 Order"), denied the Stay Relief Motion. Following Movants' successful appeal of the MSJ Order and the August 21 Order to the United States Court of Appeals for the First Circuit, the parties proceeded with discovery on the Stay Relief Motion. On May 13, 2019, this Court entered the *Order Granting Urgent Joint Motion Regarding the Scheduling of Discovery and Briefing in Connection with the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* (Docket Entry No. 6915), which set (i) a June 21, 2019, deadline for filing supplemental briefs and declarations in support of the Stay Relief Motion; (ii) a June 25, 2019, deadline for filing reply briefs and objections to declarations; and (iii) a July 2, 2019, final hearing (the "Stay Relief Hearing").

In the interim, Respondents filed the Motion In Limine seeking an order excluding, in connection with the Stay Relief Motion, evidence and argument regarding an alleged April 27, 2016, meeting (the "April 27 Meeting") between counsel for Movants and representatives of Millstein & Co., which served as financial advisor to the administration of former Puerto Rico Governor Alejandro García Padilla. According to Respondents, Movants intend to offer evidence that, during the April 27 Meeting, James Millstein of Millstein & Co. stated to Movants' counsel, Bruce Bennett and John Cunningham, that the Commonwealth could adopt a "pay as you go" system for pension payments as a way to end ERS's obligations to its

bondholders. (Motion In Limine ¶ 1.) Respondents assert that the statements of Mr. Millstein have no bearing on the value of Movants' collateral or the application of the automatic stay and, consequently, evidence concerning the April 27 Meeting should be excluded from the Stay Relief Hearing as outside the scope of relevant evidence as defined by Federal Rule of Evidence 401 or, in the alternative, excluded pursuant to Federal Rule of Evidence 403. (Id. ¶¶ 1-4, 14-23.).

## DISCUSSION

Under Federal Rule of Evidence 401, "evidence must be relevant to be admissible." United States v. Cresta, 825 F.2d 538, 554 (1st Cir. 1987); see Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[,] and [if] . . . the fact is of consequence in determining the action."). A trial court may nonetheless exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In their papers in opposition to the Motion In Limine, Movants contend that certain Puerto Rico laws enacted in 2017—namely, House Joint Resolution 188 of 2017 ("J.R. 188") and Act No. 106 (J.R. 188 and Act No. 106 together, the "Pension Reform Legislation")— implemented a "PayGo" system that is precisely the same as the arrangement described by Mr. Millstein during the April 27 Meeting.[5] (Opposition ¶ 6.). Movants further maintain that Mr.

---

[5] The Pension Reform Legislation requires employers to reimburse the Commonwealth for payments advanced by the Commonwealth to the employers' pensioners, and it does not make specific provisions for bond payments. (Motion In Limine ¶¶ 7, 8; see generally

Millstein's comments are "virtually the only direct evidence available" to show that the Commonwealth adopted the PayGo system with the intent to circumvent ERS bondholders' collateral rights. (Opposition ¶ 1.). Hence, according to Movants, evidence concerning the April 27 Meeting is "directly relevant" to the Stay Relief Motion. (Id.).

Based on the current record, the Court's view is that evidence of intent to circumvent rights in collateral is, at best, of marginal relevance to the central question to be considered at the Stay Relief Hearing: whether bondholders have any security interest in employer payments under the PayGo system established by the Pension Reform Legislation. As Movants correctly point out, this inquiry will involve application of Puerto Rico secured transactions law as well as interpretation of the Bond Resolution dated January 24, 2008 (the "Bond Resolution"), which granted Movants a security interest in, and lien on, certain "Pledged Property" of ERS. (Opposition ¶¶ 2, 11.) Under the Bond Resolution, Pledged Property includes, inter alia, "all employer contributions received by ERS" and "any assets in lieu thereof or derived thereunder"; all "right, title and interest of [ERS] in and to" such employer contributions; "all rights to receive the same"; and "any and all cash and non-cash proceeds, products, offspring, rents and profits from any of the Pledged Property," including, "without limitation, those from the sale, exchange, transfer, collection, loss, damage, disposition, substitution or replacement of" such property. (Opposition ¶ 2.) Movants have further identified legal issues arising under section 9-315 of the Uniform Commercial Code (the "Code"), which has been adopted in Puerto Rico and provides in pertinent part that "(1) [a] security interest . . .

---

J.R. 188; Act No. 106.). Under Puerto Rico's prior pension system, by contrast, employers remitted pension contributions directly to ERS, and ERS disbursed pension payments as well as payments in respect of bonds issued by ERS. (Motion In Limine ¶¶ 7, 8; see generally 3 L.P.R.A. § 761 et seq.).

continues in collateral notwithstanding sale, lease, license, exchange, or other disposition thereof unless the secured party authorized the disposition free of the security interest . . . ; and (2) a security interest attaches to any identifiable proceeds of collateral." 19 L.P.R.A. § 2265(a). The Code in turn defines "[p]roceeds" to include "[w]hatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral[,]" "whatever is collected on, or distributed on account of, collateral[,]" or "rights arising out of collateral[.]" 19 L.P.R.A. § 2212(64)(A)-(C). The Court anticipates that the Stay Relief Hearing will focus to a significant degree on whether PayGo payments constitute "rights arising out of" or "identifiable proceeds" of the employer contributions referenced in the Bond Resolution such that Movants retain a security interest in, or lien on, those funds, and whether the conversion to PayGo constituted a species of disposition of ERS employer contributions. These issues must be determined based on the legal effects of the Pension Reform Legislation rather than the parties' alleged intentions as to what those effects should be.

Having found the proffered evidence of intent to be minimally relevant, the Court turns to Federal Rule of Evidence 403, which "calls upon the district court to weigh the probative value of evidence against the harms that it may cause—unfair prejudice, confusion, misleading the jury, delay or repetition—and to exclude the evidence if the probative value is 'substantially outweighed' by the harms." United States v. Lachman, 48 F.3d 586, 590 (1st Cir. 1995). Here, any probative value attributable to evidence stemming from the April 27 Meeting is substantially outweighed by the risk of undue delay and wasted time associated with additional preparation for the Stay Relief Hearing and determinations related to the admissibility and weight of the proffered evidence. If the Court were to permit the proffer of the evidence in question, additional issues would be inserted into the litigation of the Stay Relief Motion. For instance,

Respondents would certainly demand additional fact discovery and likely seek to conduct cross-examination regarding the statements allegedly made at the April 27 Meeting. Moreover, factual and legal questions concerning Mr. Millstein's authority to speak on behalf of the Commonwealth would have to be addressed. Inquiries into such matters would add work and expense in preparation for the Stay Relief Hearing and prolong the Stay Relief Hearing itself by requiring unwarranted evaluation of subsidiary issues, and would therefore run contrary to the principles of judicial economy and prudent stewardship of debtor resources. At bottom, the probative value of evidence of intent is substantially outweighed by these significant transaction costs. Accordingly, the Court grants the Motion In Limine and will exclude all evidence regarding the April 27 Meeting from the Stay Relief Hearing.

## CONCLUSION

For the foregoing reasons, the Court grants Respondents' Motion In Limine. This Memorandum Order resolves Docket Entry No. 7001 in Case No. 17-3283 and Docket Entry No. 513 in Case No. 17-3566.

SO ORDERED.

Dated: June 5, 2019

       /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge