# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

     Debtors.[1]

  : PROMESA
  : Title III

  : Case No. 17-BK-3283 (LTS)

  : (Jointly Administered)

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

     Debtor.

  : PROMESA
  : Title III

  : Case No. 17-BK-3566 (LTS)

  : (Jointly Administered)

------------------------------------------------------------------------ x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

  : PROMESA
  : Title III

  : Case No. 17-BK-3567 (LTS)

  : (Jointly Administered)

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

|  | : |
|---|---|
| THE PUERTO RICO HIGHWAYS AND | : |
| TRANSPORTATION AUTHORITY, | : |
|  | : |
| Debtor. | : |

-------------------------------------------------------------------------- x

### OMNIBUS REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE IN SUPPORT OF MOTIONS TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS, CERTAIN HTA BONDS, AND CERTAIN ERS BONDS

To the Honorable Magistrate Judge Judith Gail Dein:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than

COFINA) (the "Committee"), the Financial Oversight and Management Board for Puerto Rico

(the "Oversight Board"), and its Special Claims Committee (the "SCC", and together with the

Committee and the Oversight Board, "Movants"), hereby file this omnibus reply (the "Reply") in

response to the Objections[2] and in further support of the Stay Motions.[3]  In support of this Reply,

the Movants respectfully state as follows:

---

[2]     The "Objections" are, collectively, the objections (and joinders thereto) filed in response to the Stay Motions by the Financial Guaranty Insurance Company ("FGIC") [Docket No. 7114 and 7116], Ambac Assurance Corporation ("Ambac") [Docket No. 7134 and 7135], the Ad Hoc Group of General Obligation Bondholders (the "GO Group") [Docket No. 7118], AmeriNational Community Services LLC and Cantor-Katz Collateral Monitor LLC (together with AmeriNational Community Services LLC, the "DRA Parties") [Docket No. 7122], Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together with Assured Guaranty Corp., "Assured") [Docket No. 7117], OppenheimerFunds, Inc. ("Oppenheimer") [Docket No. 7125], National Public Finance Guarantee Corporation ("National") [Docket No. 7149 and 7150] and the Ad Hoc Group of Constitutional Debtholders (the "Ad Hoc Group" and, together with FGIC, Ambac, the GO Group, the DRA Parties, Assured, Oppenheimer and National, the "Objectors") [Docket No. 7130].

[3]     The "Stay Motions" are, collectively, (i) the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged GO Bonds* [Docket No. 6857] (the "GO Stay Motion"), (ii) the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings [Adv. Nos. 19-362, 19-363, 19-364, 19-365] Relating to Certain HTA Bonds* [Docket No. 7060] (the "HTA Stay Motion") , and (iii) the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, Acting Through its Special Claims Committee, to Extend Time for Service of Summonses*

## PRELIMINARY STATEMENT

1.        During the month of May 2019, Movants commenced 26 Adversary Proceedings[4]
by filing complaints against more than 1,500 defendants in the Title III cases of the
Commonwealth, HTA and ERS.  The magnitude and timing of such filings were driven by the
impending expiration of the statutes of limitation to bring certain claims in the Title III cases.
Depending upon the complaint, Movants are seeking (a) the "clawback" of funds paid to
defendants on account of bonds that are the subject of a pending claims objection or (b) the
avoidance of liens that certain defendants allege secure their GO Bonds (including bonds
guaranteed by the Commonwealth), HTA Bonds, or ERS Bonds.  As set forth in the Stay
Motions, Movants commenced the Adversary Proceedings before the expiration of the applicable
statute of limitations to ensure that valuable causes of action were preserved for the benefit of the
Debtors and their creditors.  Now Movants seek to stay such Adversary Proceedings to secure
additional time to serve process and to allow parties to focus on the many other moving parts of
the Debtors' Title III cases, including the Claim Objections filed with respect to (a) the GO
Bonds issued in 2011, 2012 and 2014 and (b) the ERS Bonds, which involve many of the same
issues underlying the Adversary Proceedings commenced in such Debtors' respective cases.[5]

2.        The Objectors contend that the Stay Motions should be denied because (a) the
stay sought is one-sided and (b) notwithstanding the more than 1,500 defendants, Movants
should proceed with the Adversary Proceedings to which Objectors are parties and in the manner

---

*and Complaints and to Stay Certain Adversary Proceedings Relating to Certain ERS Bonds* [Docket No. 7061]
(the "ERS Stay Motion").

[4]    Capitalized terms not defined herein shall have the meanings ascribed thereto in the Stay Motions.

[5]    Notably, none of the Objectors (nor any other party) objected to the ERS Stay Motion, or to the stay of the
Clawback Actions to the extent that Movants seek money damages.  The GO Group argues that the Clawback
Actions should move forward to the extent that they address the invalidity of certain bonds issued by the Puerto
Rico Public Buildings Authority (the "PBA Bonds").  GO Group Obj. ¶¶ 4, 18, 22 and 25.  As detailed below,
that objection should be overruled.

Objectors dictate.  These Objections lack merit.  Nevertheless, Movants are willing to modify their requested relief so that the stay would expire on November 1, 2019 (with respect to the Adversary Proceedings relating to the GO Bonds) and November 18, 2019 (with respect to the Adversary Proceedings relating to the HTA Bonds and ERS bonds), *i.e.*, the date by which Movants request that they must have completed service of process, in all cases subject to Movants' ability to seek further extensions from the Court.[6]  Thus, the burden will be on the Movants if they desire to seek an extension of the stay beyond November 2019, rather than on the defendants to seek termination of the stay.

3.     With the foregoing change, Objectors suffer no discernable prejudice by such a limited stay.  Therefore, for the reasons set forth below and in the Stay Motions, the Stay Motions should be granted.

## ARGUMENT

### A.     Good Cause Exists for Extending Time for Service of Process

4.     Movants have demonstrated "good cause" for extending the time in which they must serve the complaints on domestic defendants.  As set forth in the Stay Motions, Movants do not know many of the domestic defendants' addresses.[7]  If they are unable to serve such defendants within the 90 days required under Federal Rule of Civil Procedure 4(m) (incorporated into Bankruptcy Rule 7004), Movants risk the dismissal of the Adversary Proceedings as to the

---

[6]     The revised Proposed Orders reflecting such changes are annexed hereto as **Exhibit A**, **B**, and **C**.  Attached hereto as **Exhibit D**, **E**, and **F** are blacklines showing the changes made to the Proposed Orders previously filed with the Court.

[7]     The GO Group and the DRA Parties contend that, because Movants know their addresses, an extension of time is not necessary.  GO Group Obj. ¶ 11; DRA Obj. ¶ 16.  Of course, Movants know the Objectors' addresses, but that argument misses the point.  Movants want to prosecute the Adversary Proceedings against ***all defendants as a whole***, not in a piecemeal fashion, out of fairness to all defendants.

un-served defendants.[8]  Given that the statute of limitations will have expired, such dismissal is

tantamount to a dismissal with prejudice.[9]  Under these circumstances, cause certainly exists to

extend the time for service.

     5.      In this regard, the cases cited by the DRA Parties in support of their contention

that good cause does not exist, in fact, illustrate the relative modesty of the relief sought by

Movants.[10]  For example, in *Ayer*, the plaintiff served a defendant over one year after suit was

filed, "well beyond" the expiration of the statutory period.[11]  Even so, the appellate court

*affirmed* the district court's refusal to dismiss the suit, noting there was "nothing to suggest that

the delay in service was intentional or that the government stood to benefit from it.  On the

opposite hand, there has been no meaningful demonstration of any cognizable prejudice resulting

to defendants from the passage of additional time."[12]  The court further noted that harsh or

inflexible application of Rule 4's time limit on service would effectively write out the good

---

[8]    For the avoidance of doubt, Movants reserve the right to effectuate service at the addresses listed in Defendants' proofs of claim, and/or seek an order from this Court confirming that service at such addresses is sufficient. *See, e.g., In re Village Craftsman, Inc.*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993) (holding that service under Fed. R. Bankr. P. 7004(b)(3) was properly made to P.O. Box defendant listed in its proof of claim as the address to which all notices should be addressed, as defendant "held th[e] address out to be the proper address for service under Bankruptcy Rule 7004(b)(3)."); *Takeout, Inc. v. Favour Century Ltd. (In re Takeout, Inc.)*, 2009 Bankr. LEXIS 735, *6 (Bankr. S.D.N.Y. Mar. 17, 2009) ("When service of process is effectuated at an address listed in a proof of claim, due process is achieved."); *Cruisephone, Inc. v. Cruise Ships Catering and Servs. N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 332 (Bankr. E.D.N.Y. 2002) ("There is ample authority for the proposition that service of process to the address designated in a proof of claim constitutes proper service under Bankruptcy Rule 7004(b)(3)."); *In re Outlet Dep't Stores, Inc.*, 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985); *Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms. Interpret)*, 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998) ("When a party effectuates service at an address listed in a proof of claim, due process is achieved.") (citing *Teitelbaum v. Equitable Handbag Co. (In re Outlet Dep't Stores, Inc.)*, 49 B.R. 536, 540 (Bankr. S.D.N.Y. 1985)).

[9]    *See AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R. D. 104, 114 (S.D.N.Y. 2000) ("[A]lthough a dismissal of complaint under Rule 4(m) is without prejudice, [because statute of limitations had expired], such a dismissal would result in a *de facto* dismissal with prejudice.").

[10]    *See* DRA Parties' Obj. ¶¶ 12- 19 (citing, *inter alia*, *United States v. Ayer*, 857 F.2d 881, 884-85 (1st Cir. 1988); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *De-La-Cruz-Arroyo v. Comm'r of Soc. Sec.*, No. 97-2378, 1998 U.S. App. LEXIS 10558, at *2 (1st Cir. May 27, 1988).)

[11]    857 F.2d at 884.

[12]    *Id*. at 885.

cause exception.[13]  Similarly, in *Thrasher*, the plaintiff made no attempt to serve the defendant

until after the district court ordered him to show cause for his failure to serve the defendant

within the statutory period.[14]  Even when granted an extension, the plaintiff did not perfect

service on both defendants until five months after the expiration of the extension.[15]

6.     Further, the DRA Parties incorrectly imply that proof of "good cause" to extend

time for service requires at least a showing of excusable neglect.[16]  This assertion, however,

improperly conflates the standard for granting an extension of time ***prior to*** the expiration of a

statutory period with the standard to grant an extension ***after*** the expiration of the

period.[17]   Indeed, the majority of cases cited by the DRA Parties on this point involve plaintiffs

who failed to serve summons within the time required—not, as here, a movant seeking a

prospective extension of time.[18]

7.     Moreover, the cases cited by the DRA Parties further underscore the Movants'

argument that leave to extend is a matter committed to the court's sound discretion.  Notably, in

---

[13]   *Id.*

[14]   709 F.3d at 513.

[15]   *Id.* at 510.

[16]   *See* DRA Obj. ¶ 18 ("The mere fact that Movants are occupied with other Title III matters does not equate to the type of excusable neglect that may suffice for 'good cause' to extend the 90-day term under Rule 4(m)," citing *Thrasher*, 709 F.3d at 511).

[17]   *See* Bankruptcy Rule 9006 (providing that when an act must be done within a specified time, a court may extend the period for cause shown prior to the expiration of the period, but may only extend the period after the expiration on motion and "where the failure to act was the result of excusable neglect."); *see also* 10 Collier on Bankruptcy ¶ 9006.06 (16th 2019) (noting that courts should be "liberal" in granting extensions where the period to act has not elapsed "as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused…").

[18]   *See Ayer*, 857 F.2d at 884; *Thrasher*, 709 F. 3d at 511; *De-La-Cruz*, 1998 U.S. App. LEXIS 10558, at *1; *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *Broitman v. Kirkland (In re Kirkland)*, 86 F. 3d 172, 173 (10 th Cir. 1998); *Taylor v. Milly's Pizzeria Inc.*, No.15-4366, 2016 U.S. Dist. LEXIS 53024,  at *1-2 (E.D.N.Y. April 19, 2016) (plaintiff effected service approximately two months after expiration of statutory period and only after court issued order to show cause).

*Franchini v. Bangor Publ'g Co.*,[19] the court expressly agreed with the defendant's contention

that the plaintiff had *not* shown good cause for its delay in service, yet nonetheless granted an

extension as an exercise of its discretionary authority.[20]

8.    Finally, as detailed in the Stay Motions, an extension of time to serve avoidance

complaints and a broad stay of litigation, similar to what Movants request, was upheld by the

Bankruptcy Appellate Panel of the Eighth Circuit in *U.S. Bank National Ass'n v. SMF Energy

Corp.* (*In re Interstate Bakeries Corp.*), 460 B.R. 222 (8th Cir. B.A.P. 2011).  The GO Group

argues that Movants' reliance on *Interstate Bakeries* is misplaced because, in that case, the

debtors were attempting "to confirm a '100% reorganization plan' that would have repaid

creditors in full and thus could have obviated the need to pursue *any* preference actions."[21]  The

GO Group misses the point.  If Movants are successful in their Claim Objections with respect to

the GO Bonds, the need to move forward with the Lien Avoidance Actions with respect to GO

Bonds subject to such Claim Objections will be "obviated."  If the GO Bonds are ruled to be

invalid, any question of such GO Bondholders having a lien securing those (invalid and

unenforceable) GO Bonds disappears.  That is one of the reasons why Movants propose staying

the Adversary Proceedings while the Claim Objections proceed.

---

[19]    *Franchini v. Bangor Publ'g Co*., No. 1:18-cv-0015-GZS, 2019 U.S. Dist. LEXIS 53752, *1-2 (D. Me. Mar. 29, 2019).

[20]    *See also Ruiz v. Rhode Island*, No. 16-507 (WES), 2018 U.S. Dist. LEXIS 9462,  at *6 (D.R.I. January 22, 2018) (granting extension where plaintiff had not shown good cause); *Williams v. Kan. Dep't of Soc. & Rehab Servs.*, No. 10-2470-CM , 2011 U.S. Dist. LEXIS 53070, at *5 (D. Kan. May 17, 2011) (same); *AIG Managed Mkt.,* 197 F.R.D. at 109 (same).

[21]    GO Group Obj. at 6, n. 5.

B.      **The Court Should Stay the Adversary Proceedings**

9.      As set forth in the Stay Motions, this Court has "the discretionary power to stay an action in the interest of justice and efficiency."[22]  Movants request that this Court stay the Adversary Proceedings until November 2019 (subject to further extensions) to allow for all domestic defendants to be served and for further progress to be made in the Claim Objections that directly impact the Adversary Proceedings.  The equities clearly favor imposing the stay given that the Objectors (and other defendants) will not be prejudiced.  Indeed, none of the Objectors has cited to any real prejudice.[23]  Instead, Objectors cite to vague notions of "hardship"[24] and unfair leverage caused by Movants' commencing the Adversary Proceedings.[25] Instead, what is clear is that the stay benefits all parties because it allows the Claim Objections to proceed, while the Movants negotiate with parties regarding the terms of plan(s) of adjustment.[26]

10.      Further, as set forth above, it makes no sense to except Objectors from the stay of the Adversary Proceedings; bifurcating the actions would only prejudice parties whose Adversary Proceedings are stayed because the Court may make rulings that become law of the

---

[22]   *In re Fin. Oversisght & Mgmt. Bd. for Puerto* Rico, 335 F. Supp. 3d 256, 262 (D.P.R. 2018) (quoting *Total Petroleum P.R. Corp. v. TC. Oil, Corp.,* 2010 WL 11545626, at *4 (D.P.R. May 7, 2010)).

[23]   To the extent that Objectors contended that they were prejudiced by the fact that Movants could unilaterally extend the stay, while defendants would have to demonstrate good cause for doing so, such alleged prejudice has been remedied by Movants' agreement to only seek a stay of the Adversary Proceedings until November 2019, subject to Movants' demonstrating good cause for an extension of the stay, as reflected in the revised Proposed Orders.

[24]   *See* DRA Parties' Obj. ¶ 37.

[25]   Ambac asserts that Movants filed the Adversary Proceedings "for strategic reasons, in order to gain leverage in negotiations."  Ambac Obj. ¶ 2.  That is not the case.  In fact, Movants commenced the Adversary Proceedings to clawback funds and to invalidate purported liens for the benefit of the Debtors' creditors.  In any event, it would have been irresponsible for estate fiduciaries to allow statutes of limitation to expire so that they have less leverage to negotiate on behalf of their constituents.

[26]   The GO Group and FGIC complain that they are unlikely to be a part of any such settlement negotiations, and FGIC, in particular, laments that it is improper for the Movants to negotiate with other parties and seek to impose such settlement on FGIC.  FGIC Obj. ¶ 10.  At the end of the day, what will be imposed on any party will be what the Court approves in connection with a confirmed plan of adjustment.

case.  For this same reason, FGIC's proposal that Movants can sever parties with whom they are negotiating from the Adversary Proceedings also does not work.[27]  Until a settlement is finalized, a defendant will have to continue participating in the litigation to ensure that its rights are protected.

11.     Finally, the GO Group's proposal that the Clawback Actions be stayed to the extent that they seek the return of funds, but be allowed to continue to the extent that they relate to the PBA Bonds should be given no moment.  The GO Group is not entitled to dictate to Movants how to prosecute the Avoidance Actions, or when to object to claims.

12.     For the foregoing reasons, Movants request that this Court grant Movants an extension of the time under Federal Rule of Civil Procedure 4(m) to serve the domestic defendants with summons and complaints to November 1, 2019 (with respect to the Adversary Proceedings relating to the GO Bonds) and November 18, 2019 (with respect to the Adversary Proceedings relating to the HTA Bonds and ERS bonds), and stay the Adversary Proceedings until such date, without prejudice to Movants request for further extensions of such time period and stay.

*[Remainder of page intentionally left blank.]*

---

[27]   FGIC Obj. ¶13.

WHEREFORE, Movants respectfully request that this Court grant the Stay Motions, enter an order substantially in the forms attached hereto, and grant such other and further relief as this Court deems just and proper.

Dated:  June 5, 2019                              Respectfully submitted,
San Juan, Puerto Rico

/s/   Jeff W. Levitan

Martin J. Bienenstock
Brian S. Rosen
Jeff W. Levitan
(Admitted Pro Hac Vice)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor in Certain of the Adversary Proceedings*[28]

/s/   Luis F. del Valle-Emmanuelli

Luis F. del Valle-Emmanuelli
**LUIS F. DEL VALLE-EMMANUELLI**
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897

*Co-Attorney for the Financial Oversight and
Management Board as representative of the
Debtor in Certain of the Adversary Proceedings*[29]

/s/  Sunni P. Beville

**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square

/s/  Luc A. Despins

**PAUL HASTINGS LLP**
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured
Creditors for all Title III Debtors (other than
COFINA) in Certain of the Adversary
Proceedings*[32]

/s/   John Arrastia

**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com

---

[28]   *See* Adv. Proc. Nos. 19-362, 19-363.

[29]   *See* Adv. Proc. Nos. 19-362, 19-363, 19-364.

[32]   *See* Adv. Proc. Nos. 19-362, 19-363, 19-365.

New York, NY 10036
Tel.: (212) 209-4800
ewisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 865-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee, in Certain of the Adversary Proceedings*[30]

-and-

*/s/ Alberto Estrella*

**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting through the Special Claims Committee, in Certain of the Adversary Proceedings*[31]

mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*[33]

-and-

*/s/ Juan J. Casillas*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Adversary Proceedings*[34]

---

[30]   *See* Adv. Proc. Nos. 19-356, 19-357, 19-358, 19-359, 19-360.

[31]   *See* Adv. Proc. No. 19-365

[33]   *See* Adv. Proc. No. 19-364.

[34]   *See* Adv. Proc. Nos. 19-362, 19-363, 19-364, 19-365.

## Exhibit A

**Proposed Order (GO Adversary Proceedings)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

———————————————————————————   X
                                                              :
In re:                                                        :
                                                              :
THE FINANCIAL OVERSIGHT AND          :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,    :   Title III
                                                              :
            as representative of                 :   Case No. 17-BK-3283 (LTS)
                                                              :
THE COMMONWEALTH OF PUERTO RICO *et al.,*   :   (Jointly Administered)
                                                              :
            Debtors.[1]                             :
———————————————————————————   X

## ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain Challenged GO Bonds* (the "Motion"),[2] and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of the Commonwealth and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the Adversary Proceedings is extended to November 1, 2019 as to all defendants, without prejudice to Movants' rights to seek further extensions.

3.      The Adversary Proceedings are stayed, pending either (i) a joint request by all plaintiffs in an Adversary Proceeding to resume the Adversary Proceeding or (ii) further order of this Court, until November 1, 2019, without prejudice to Movants' rights to seek further extensions.

4.      Any defendant or less than all plaintiffs in an Adversary Proceeding may at any time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such Adversary Proceeding for good cause shown.

5.      In the event of a Motion to Resume filed by the Committee, the Committee may, in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No. 17-3283, Docket No. 6524], seek to be appointed as sole plaintiff in the applicable Adversary

Proceeding, and, upon a finding of good cause by the Court, the Committee shall be so

appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or

any derivative standing requirements have been satisfied.

6.      This order shall be entered simultaneously in each of the following Adversary

Proceedings: Adv. Proc. Nos. 19-281, 19-282, 19-283, 19-284, 19-285, 19-286, 19-287 19-288,

19-291, 19-292, 19-293, 19-294, 19-295, 19-296, 19-297.

7.      The Court shall retain exclusive jurisdiction over all matters pertaining to the

implementation, interpretation, and enforcement of this Order.

Dated: June ____, 2019

_____
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

3

## <u>Exhibit B</u>

**Proposed Order (ERS Adversary Proceedings)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
      as representative of                                      :   Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                          :   (Jointly Administered)
                                                                   :
      Debtors.[1]                                               :
------------------------------------------------------------------ X
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :   Title III
                                                                   :
      as representative of                                      :   Case No. 17-BK-3566 (LTS)
                                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             :
GOVERNMENT OF THE COMMONWEALTH OF                                  :
PUERTO RICO,                                                       :
                                                                   :
      Debtor.                                                   :
------------------------------------------------------------------ X

## ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN
ADVERSARY PROCEEDINGS RELATING TO CERTAIN ERS BONDS**

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain ERS Bonds* (the "Motion"),[2] and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the Adversary Proceedings [Adv. Proc. Nos. 19-356, 19-357, 19-358, 19-359, 19-360, 19-361] is extended to November 18, 2019 as to all defendants, without prejudice to Movants' rights to seek further extensions.

3.      The Adversary Proceedings are stayed, pending either (i) a joint request by all plaintiffs in an Adversary Proceeding to resume the Adversary Proceeding or (ii) further order of

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

this Court, until November 18, 2019, without prejudice to Movants' rights to seek further

extensions.

4.     Any defendant or less than all plaintiffs in an Adversary Proceeding may at any

time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such

Adversary Proceeding for good cause shown.

5.     In the event of a Motion to Resume filed by the Committee, the Committee may,

in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial*

*Oversight and Management Board, Its Special Claims Committee, and Official Committee of*

*Unsecured Creditors Related to Joint Prosecution of Certain Causes of Action of Puerto Rico*

*Highways and Transportation Authority and Employees Retirement System of the Government of*

*the Commonwealth of Puerto Rico* [Case No. 17-3283, Docket No. 6990], seek to be appointed

as sole plaintiff in the applicable Adversary Proceeding, and, upon a finding of good cause by the

Court, the Committee shall be so appointed, which finding shall include a finding that section

926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied.

6.     This order shall be entered simultaneously in each of the following Adversary

Proceedings: Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, 19-361.

7.     The Court shall retain exclusive jurisdiction over all matters pertaining to the

implementation, interpretation, and enforcement of this Order.

Dated: June ____, 2019

                                              _____

                                              HONORABLE JUDITH GAIL DEIN
                                              UNITED STATES MAGISTRATE JUDGE

**<u>Exhibit C</u>**

**Proposed Order (HTA Adversary Proceedings)**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x

In re:                                                    :
                                                          :
THE FINANCIAL OVERSIGHT AND                               :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                         :  Title III
                                                          :
    as representative of              :  Case No. 17-BK-3283 (LTS)
                                                          :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                 :  (Jointly Administered)
                                                          :
    Debtors.[1]                        :

------------------------------------------------------------------------ x

In re:                                                    :
                                                          :
THE FINANCIAL OVERSIGHT AND                               :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                         :  Title III
                                                          :
    as representative of              :  Case No. 17-BK-3567 (LTS)
                                                          :
THE PUERTO RICO HIGHWAYS AND                              :  (Jointly Administered)
TRANSPORTATION AUTHORITY,                                 :
                                                          :
    Debtor.                            :

------------------------------------------------------------------------ x

### ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN ADVERSARY PROCEEDINGS [ADV. NOS. 19-362, 19-363, 19-364, 19-365] RELATING TO CERTAIN HTA BONDS

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain HTA Bonds* (the "<u>Motion</u>"),[2] and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of HTA and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the Adversary Proceedings is extended to November 18, 2019 as to all defendants, without prejudice to Movants' rights to seek further extensions.

3.      The Adversary Proceedings [Adv. Nos. 19-362, 19-363, 19-364, 19-365] are stayed, pending either (i) a joint request by all plaintiffs in an Adversary Proceeding to resume the Adversary Proceeding or (ii) further order of this Court, until November 18, 2019, without prejudice to Movants' rights to seek further extensions.

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4.      Any defendant or less than all plaintiffs in an Adversary Proceeding may at any time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such Adversary Proceeding for good cause shown.

5.      The extension of time for service of summonses and complaints and the stay of the Adversary Proceedings granted herein shall be without prejudice to the rights of, and have no effect on, any party concerning any other ongoing or future proceedings commenced by such party as part of these Title III cases.

6.      In the event of a Motion to Resume filed by the Committee, the Committee may, in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No. 17-3283, Docket No. 6524], seek to be appointed as sole plaintiff in the applicable Adversary Proceeding, and, upon a finding of good cause by the Court, the Committee shall be so appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied.

7.      This order shall be entered simultaneously in each of the following Adversary Proceedings: Adv. Proc. Nos. 19-362, 19-363, 19-364, 19-365.

8.      The Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

Dated: June ____, 2019

_____
HONORABLE JUDITH GAIL DEIN
UNITED STATES MAGISTRATE JUDGE

## **Exhibit D**

**Blackline (GO Adversary Proceedings)**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| ———————————————————— | X | |
| | : | |
| In re: | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |
| ———————————————————— | X | |

**ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR
SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN
ADVERSARY PROCEEDINGS RELATING TO CERTAIN CHALLENGED GO BONDS**

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured
Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to
Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary
Proceedings Relating to Certain Challenged GO Bonds* (the "Motion"),[2] and the Court having
found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief
requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court
pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been
provided under the particular circumstances and no other or further notice need be provided; (iv)

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case
number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as
applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federa
l Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS")
(Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and
Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (i
v) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits
of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780)
(Last Four Digits of Federal Tax ID: 3747).
[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

based on the statements and arguments made in the Motion, the relief requested in the Motion is
in the best interest of the Commonwealth and its creditors; (v) any objections to the relief
requested in the Motion having been withdrawn or overruled; and (vi) the Court having
determined that the legal and factual bases set forth in the Motion establish just cause for the
relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the
Adversary Proceedings is extended to November 1, 2019 as to all defendants, without prejudice
to Movants' rights to seek further extensions.

3.      The Adversary Proceedings are stayed, pending either (i) a joint request by all
plaintiffs in an Adversary Proceeding to resume the Adversary Proceeding, or (ii) further order of
this Court, until November 1, 2019, without prejudice to Movants' rights to seek further
extensions.

4.      Any defendant or less than all plaintiffs in an Adversary Proceeding may at any
time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such
Adversary Proceeding for good cause shown.

5.      In the event of a Motion to Resume filed by the Committee, the Committee may,
in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial
Oversight and Management Board, Its Special Claims Committee, and Official Committee of
Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No.
17-3283, Docket No. 6524], seek to be appointed as sole plaintiff in the applicable Adversary
Proceeding, and, upon a finding of good cause by the Court, the Committee shall be so

appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or

any derivative standing requirements have been satisfied.

6.      This order shall be entered simultaneously in each of the following Adversary

Proceedings: Adv. Proc. Nos. 19-281, 19-282, 19-283, 19-284, 19-285, 19-286, 19-287 19-288,

19-291, 19-292, 19-293, 19-294, 19-295, 19-296, 19-297.

7.      The Court shall retain exclusive jurisdiction over all matters pertaining to the

implementation, interpretation, and enforcement of this Order.

Dated: ~~May~~June _____, 2019

_____

HONORABLE ~~LAURA TAYLOR SWAIN~~JUDITH GAIL DEIN

UNITED STATES ~~DISTRICT~~MAGISTRATE JUDGE

**Exhibit E**

**Blackline (ERS Adversary Proceedings)**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO *et al.,*

      Debtors.[1]

------------------------------------------------------------------- X

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE EMPLOYEES RETIREMENT SYSTEM OF THE
GOVERNMENT OF THE COMMONWEALTH OF
PUERTO RICO,

      Debtor.

------------------------------------------------------------------- X

:
:
:
: PROMESA
: Title III
:
: Case No. 17-BK-3283 (LTS)
:
: (Jointly Administered)
:
:
:
:
:
: PROMESA
: Title III
:
: Case No. 17-BK-3566 (LTS)
:
:
:
:
:
:
:
:

**ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR
SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN
ADVERSARY PROCEEDINGS RELATING TO CERTAIN ERS BONDS**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy
case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification
number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No.
17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA")
(Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID:  3808), (iv) Puerto Rico Sales
Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No.
17-4780 (LTS)) (Last Four Digits of Federal Tax ID:  3747).

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary Proceedings Relating to Certain ERS Bonds* (the "Motion"),[2] and the Court having found and determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to PROMESA section 307(a); (iii) due and proper notice of the Motion has been provided under the particular circumstances and no other or further notice need be provided; (iv) based on the statements and arguments made in the Motion, the relief requested in the Motion is in the best interest of ERS and its creditors; (v) any objections to the relief requested in the Motion having been withdrawn or overruled; and (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the Adversary Proceedings [Adv. Proc. Nos. 19-356, 19-357, 19-358, 19-359, 19-360, 19-361] is extended to November 18, 2019 as to all defendants, without prejudice to Movants' rights to seek further extensions.

3.      The Adversary Proceedings are stayed, pending either (i) a joint request by all plaintiffs in an Adversary Proceeding to resume the Adversary Proceeding, or (ii) further order of this Court, until November 18, 2019, without prejudice to Movants' rights to seek further extensions.

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4.      Any defendant or less than all plaintiffs in an Adversary Proceeding may at any time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such Adversary Proceeding for good cause shown.

5.      In the event of a Motion to Resume filed by the Committee, the Committee may, in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Certain Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [Case No. 17-3283, Docket No. 6990], seek to be appointed as sole plaintiff in the applicable Adversary Proceeding, and, upon a finding of good cause by the Court, the Committee shall be so appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or any derivative standing requirements have been satisfied.

6.      This order shall be entered simultaneously in each of the following Adversary Proceedings: Adv. Proc. Nos. 19-355, 19-356, 19-357, 19-358, 19-359, 19-360, 19-361.

7.      The Court shall retain exclusive jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Order.

Dated: ~~May~~June _____, 2019

_____
HONORABLE ~~LAURA TAYLOR SWAIN~~JUDITH GAIL DEIN
UNITED STATES ~~DISTRICT~~MAGISTRATE JUDGE

3

**<u>Exhibit F</u>**

**Blackline (HTA Adversary Proceedings)**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

```
---------------------------------------------------------------------- x
In re:                                                       :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                            :    Title III
                                                             :
         as representative of                                :    Case No. 17-BK-3283 (LTS)
                                                             :
THE COMMONWEALTH OF PUERTO RICO et al.,                      :    (Jointly Administered)
                                                             :
         Debtors.¹                                           :
---------------------------------------------------------------------- x
In re:                                                       :
                                                             :
THE FINANCIAL OVERSIGHT AND                                  :    PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                            :    Title III
                                                             :
         as representative of                                :    Case No. 17-BK-3567 (LTS)
                                                             :
THE PUERTO RICO HIGHWAYS AND                                 :    (Jointly Administered)
TRANSPORTATION AUTHORITY,                                    :
                                                             :
         Debtor.                                             :
---------------------------------------------------------------------- x
```

**ORDER GRANTING OMNIBUS MOTION BY OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD, AND ITS SPECIAL CLAIMS COMMITTEE TO EXTEND TIME FOR
SERVICE OF SUMMONSES AND COMPLAINTS AND TO STAY CERTAIN
ADVERSARY PROCEEDINGS [ADV. NOS. 19-362, 19-363, 19-364, 19-365]
RELATING TO CERTAIN HTA BONDS**

Upon consideration of the *Omnibus Motion by Official Committee of Unsecured*

*Creditors, Financial Oversight and Management Board, and Its Special Claims Committee to*

---

¹   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy
    case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification
    number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No.
    17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the
    Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last
    Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA")
    (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales
    Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of
    Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No.
    17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

*Extend Time for Service of Summonses and Complaints and to Stay Certain Adversary*

*Proceedings Relating to Certain HTA Bonds* (the "<u>Motion</u>"),[2] and the Court having found and

determined that: (i) the Court has jurisdiction to consider the Motion and the relief requested

therein pursuant to section 306 of PROMESA; (ii) venue is proper before this Court pursuant to

PROMESA section 307(a); (iii) due and proper notice of the Motion has been provided under the

particular circumstances and no other or further notice need be provided; (iv) based on the

statements and arguments made in the Motion, the relief requested in the Motion is in the best

interest of HTA and its creditors; (v) any objections to the relief requested in the Motion having

been withdrawn or overruled; and (vi) the Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The time for Movants to complete service of the summons and complaint in the

Adversary Proceedings is extended to November 18, 2019 as to all defendants, without prejudice

to Movants' rights to seek further extensions.

3.      The Adversary Proceedings [Adv. Nos. 19-362, 19-363, 19-364, 19-365] are

stayed, pending either (i) a joint request by all plaintiffs in an Adversary Proceeding to resume

the Adversary Proceeding, or (ii) further order of this Court, until November 18, 2019, without

prejudice to Movants' rights to seek further extensions.

4.      Any defendant or less than all plaintiffs in an Adversary Proceeding may at any

time file a motion (a "<u>Motion to Resume</u>") asking the Court to lift the stay applicable to such

Adversary Proceeding for good cause shown.

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

5.      The extension of time for service of summonses and complaints and the stay of

the Adversary Proceedings granted herein shall be without prejudice to the rights of, and have no

effect on, any party concerning any other ongoing or future proceedings commenced by such

party as part of these Title III cases.

6.      In the event of a Motion to Resume filed by the Committee, the Committee may,

in accordance with paragraph 11 of the *Stipulation and Agreed Order By and Among Financial*

*Oversight and Management Board, Its Special Claims Committee, and Official Committee of*

*Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No.

17-3283, Docket No. 6524], seek to be appointed as sole plaintiff in the applicable Adversary

Proceeding, and, upon a finding of good cause by the Court, the Committee shall be so

appointed, which finding shall include a finding that section 926 of the Bankruptcy Code and/or

any derivative standing requirements have been satisfied.

7.      This order shall be entered simultaneously in each of the following Adversary

Proceedings: Adv. Proc. Nos. 19-362, 19-363, 19-364, 19-365.

8.      The Court shall retain exclusive jurisdiction over all matters pertaining to the

implementation, interpretation, and enforcement of this Order.

Dated: ~~May~~June ____, 2019

_____
HONORABLE ~~LAURA TAYLOR~~
~~SWAIN~~JUDITH GAIL DEIN
UNITED STATES ~~DISTRICT~~MAGISTRATE
JUDGE

3