**Objection Deadline**: June 28, 2019 at 4:00 p.m. (Atlantic Standard Time)
**Reply Deadline**: July 12, 2019 at 4:00 p.m. (Atlantic Standard Time)
**Hearing Date**: July 24, 2019 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

       as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

       Debtors.[1]

-----------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## NOTICE OF HEARING WITH RESPECT TO MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, (B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) APPROVING PROPOSED MAILING, AND (D) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, COFINA, HTA, and ERS, the "Debtors"), as Title III debtors, by and through

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

Debtors' representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management,*

*and Economic Stability Act* ("PROMESA"),[2] are filing the annexed *Motion For Entry Of An*

*Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional*

*Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* (the

"Motion").

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion, if

any, and the relief requested therein must be in writing, must conform to the Federal Rules of

Bankruptcy Procedure and the *Ninth Amended Notice, Case Management and Administrative*

*Procedures* [ECF No. 7115] (the "Case Management Procedures"), and must be filed with the

Court (a) by registered users of the Court's case filing system, electronically in accordance with

Rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest,

on a CDROM, in text-searchable portable document format (PDF), and served on (a) counsel for

the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-

8299 (Attn: Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq.), and O'Neill & Borges LLC,

250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.);

(b) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny &

Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq.,

Suzzanne Uhland, Esq., and Peter Friedman, Esq.) and Marini Pietrantoni Muñiz LLC, MCS

Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi,

Esq.); and (c) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Street, Suite 301, San Juan, PR 00901-1922, so as to be received no later than **June 28, 2019 at 4:00 p.m. (Atlantic Standard Time)**.  Replies in support of the Motion must be filed and served no later than **July 12, 2019 at 4:00 p.m. (Atlantic Standard Time)**.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on **July 24, 2019 at 9:30 a.m. (Atlantic Standard Time)**, or as soon thereafter as counsel may be heard, to consider the relief sought by the Debtors in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, including all exhibits, and all documents filed in these Title III cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 5, 2019
San Juan, Puerto Rico

Respectfully submitted,

/s/  Martin J. Bienenstock
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/  Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[3] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES,
(B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) APPROVING PROPOSED
MAILING, AND (D) GRANTING RELATED RELIEF**

**To the Honorable United States District Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico

Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority

("PREPA," and together with the Commonwealth, ERS, and HTA, the "Debtors," and each

---

[3] The Debtors in these Title III cases, along with each Debtor's respective Title III case number
and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are
the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-
LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing
Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA")
(Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv)
Employees Retirement System of the Government of the Commonwealth of Puerto Rico
("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686);
and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-
LTS) (Last Four Digits of Federal Tax ID:  3747).  (Title III case numbers are listed as
Bankruptcy Case numbers due to software limitations).

individually, a "<u>Debtor</u>"), by and through the Financial Oversight and Management Board for
Puerto Rico (the "<u>Oversight Board</u>"), as the Debtors' representative pursuant to Section 315(b)
of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("<u>PROMESA</u>"),[4]
respectfully submit this motion (the "<u>Motion</u>")[5] pursuant to Section 105(a) of Title 11 of the
United States Code (the "<u>Bankruptcy Code</u>"), made applicable to these cases pursuant to
PROMESA section 301(a), Rules 2002(m) and 3007 of the Federal Rules of Bankruptcy
Procedure (the "<u>Bankruptcy Rules</u>"), made applicable to these cases pursuant to PROMESA
section 310, and Rule 1007-1(f) of the Puerto Rico Local Bankruptcy Rules (the "<u>Local
Bankruptcy Rules</u>"), for entry of an order, substantially in the form annexed hereto as **Exhibit A**
(the "<u>Proposed Order</u>"), authorizing alternative dispute resolution procedures, approving
additional forms of notice, approving a proposed mailing, and granting related relief, and in
support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section
105(a), Bankruptcy Rules 2002(m) and 3007, made applicable to these cases by PROMESA
sections 301(a) and 310, respectively, 28 U.S.C. § 636, 28 U.S.C. § 651, Federal Rule of Civil
Procedure 72, and Local Bankruptcy Rule 1007-1(f).

---

[4]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[5]  For purposes of this Motion only, and because COFINA has already reconciled substantially all
of its proofs of claim, COFINA is not included among the Debtors seeking relief herein.

## CLAIMS RECONCILIATION PROCESS

4.      For each of the Debtors, the Oversight Board issued a restructuring certification

pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief, pursuant

to PROMESA section 304(a), commencing a case under Title III thereof (collectively, the "Title

III Cases").  On June 1, 2017, the Court entered an order granting the joint administration of the

Title III Cases, for procedural purposes only.

**A.      The Bar Date Order, Proofs of Claim Filed, and Omnibus Objections Procedures**

5.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2255][6] (the "Bar Date Motion").  By the *Order (A) Establishing

Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of

Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief

requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of

the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs

of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at

4:00 pm (Atlantic Time).

6.      To date, over 165,000 proofs of claim have been filed (collectively, the "Claims"

and each, a "Claim") against the Debtors and logged by Prime Clerk, LLC.  The Claims total

approximately $43.5 trillion in asserted claims against the Debtors.

---

[6]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

7.　　To expedite and ultimately complete the claims reconciliation process in a timely, efficient, and cost-effective manner, on October 16, 2018, the Debtors filed a motion seeking approval of certain limited objection procedures.　*See Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052].　In response to informal comments received, on October 31, 2018, the Debtors filed a revised proposed order approving limited objection procedures, which order was entered by the Court on November 14, 2018.　*See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), (C) Granting Related Relief and (D) Directing the Debtors to File on Presentment the Form of Notice* [ECF No. 4230] (the "Initial Omnibus Procedures Order"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Procedures Order.　*See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Initial Notice Order").

8.　　Pursuant to the Initial Omnibus Procedures Order, the Debtors may, *inter alia*, file omnibus objections to claims on the grounds expressly set forth in Bankruptcy Rule 3007(d)(1)-(7).　Each omnibus objection filed pursuant to the Initial Omnibus Procedures Order may object to as many as five hundred (500) claims.　On May 21, 2019, the Debtors filed a motion (the "Amended Omnibus Procedures Motion") seeking to amend the Initial Omnibus Procedures Order to permit omnibus objections to be filed on substantive as well as non-substantive bases, and to permit up to 1,000 proofs of claim to be included on each omnibus objection.　ECF No. 7056.　The Debtors filed an amended version of the Amended Omnibus Procedures Motion on May 23, 2019.　ECF No. 7091.

9.     During their ongoing review of the Claims, the Debtors have determined that the use of certain alternative procedures will assist the Court and the Debtors in ensuring that the large volume of Claims submitted to the Court are reconciled in a cost-effective and efficient manner.  To minimize the cost, confusion, and delay otherwise attendant to resolving certain Claims by preparing and filing objections with the Title III Court, the Debtors seek the approval of alternative dispute resolution procedures to resolve certain general unsecured claims.

**B.     Procedures for Alternative Dispute Resolution and Referral of Claims to Magistrate Judges**

10.     To further promote the efficient, cost-effective resolution of the Claims, the Debtors propose the Court approve the use of an alternative dispute resolution procedure (the "ADR Procedure").   The Debtors submit that an ADR Procedure will streamline the reconciliation of general unsecured claims, including unliquidated litigation claims, that are more substantive in nature, and is designed to reduce the sheer volume of Claims objections that must be filed which would, most assuredly, otherwise bog down the Court's docket, by (a) truncating the discovery process with respect to disputed Claims, (b) providing a mechanism and timetable for the exchange of offers to compromise and settle Claims, and (c) in the absence of a settlement, setting forth a litigation structure which would lead to the expeditious submission and determination of disputed Claims.

**Claims Participating in the ADR Procedure**

11.     The Debtors propose that the ADR Procedure be available to the reconciliation of general unsecured claims in two instances:

> 1.   Commencing one hundred (100) days following approval of these procedures by the Court, and every forty-five (45) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Court and serve on the claimants identified therein a notice of intent to transfer to the ADR Procedure (the "ADR Notice"), together with an election form (the "ADR Form"), and attaching as Exhibit A

to the Notice a schedule of claims that the Debtors have identified to be eligible to participate in the ADR Procedure. The forms of the ADR Notice and ADR Form are annexed hereto as Exhibit 2. Claimants may elect not to participate in the ADR Procedure by so indicating on the ADR Form and returning the ADR Form in the manner set forth below.

2. In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that further reconciliation of any such Claim is appropriate pursuant to the ADR Procedure, the Debtors shall file an ADR Notice, together with an ADR Form, with the Court and serve both the ADR Notice and the ADR Form upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the ADR Procedure. If the Debtors make such determination, within ten (10) days of service of a claimant's objection to the relief requested in the omnibus objection, and no later than seven (7) days prior to the hearing on the omnibus objection, the Debtors shall file an ADR Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined are eligible for the ADR Procedure.

3. Claims asserting liabilities arising from funded indebtedness, or from the Commonwealth's clawback of revenues, will not be subject to the ADR Procedure.

## A.    Election and Submission of Documentation

1. The ADR Form must be filed and served by claimants so as to be received by the Clerk's Office, the Oversight Board, and the Creditors' Committee no later than thirty (30) days following service of the ADR Form (the "Return Deadline"). The ADR Form must be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS in searchable portable document format by a registered user of the Court's case filing system, except if a party is not an attorney who is a registered user of the Court's case filing system, the ADR Form may be filed and served by mailing it to the Court's Clerk's office, the Oversight Board, and the Creditors' Committee at the following addresses:

> Clerk's Office
> United States District Court
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767

6

> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn: Martin J. Bienenstock
> Brian S. Rosen
>
> Counsel for the Creditors' Committee
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> Attn: Luc. A. Despins
> G. Alexander Bongartz
>
> Counsel for the Puerto Rico Fiscal Agency and Financial
> Advisory Authority
> Marini Pietrantoni Muñiz LLC
> MCS Plaza, Suite 500
> 255 Ponce de León Ave.
> San Juan, PR 00917
> Attn: Luis C. Marini-Biaggi
> Carolina Velaz-Rivero

2.  <u>In the event that a claimant fails to return the ADR Form by the Return Deadline, such claimant shall be deemed to **have elected to participate** in the ADR Procedure</u>.

3.  In the event that a claimant elects not to participate in the ADR Procedure, (a) such claim, the allowance of which has been or may be objected to by the Commonwealth, such other Title III Debtor as appropriate, or another party in interest, shall be subject to the jurisdiction of the Court and the determination regarding, among other things, the validity and amount thereof, shall be made by the Court, (b) holders shall retain their rights to have their claims adjudicated by the Title III Court, including their rights to evidentiary proceedings and to an appeal of the Title III Court's determinations with respect to their claims, and (c) nothing herein shall affect the right of the Creditors' Committee, under section 502(a) of the Bankruptcy Code, to file objections to claims and the Debtors and the Oversight Board to oppose any such right to the extent that the Creditors' Committee files an objection to a claim.

4.  The ADR Procedure will only resolve the amount of a creditor's general unsecured claim. Without limiting the foregoing, any other issue, including, without limitation, the priority or classification of a claim, distributions with respect thereto, and issues related to subordination thereof, shall not be subject to the ADR Procedure and

shall be determined in connection with the provisions of an applicable plan of adjustment or as otherwise determined by the Court.

5.  To the extent a holder of a general unsecured claim has filed, sought or seeks any relief related to a Claim that is subject to the ADR Procedure, including, without limitation, relief sought in any adversary proceeding or any other applicable court of law (collectively, the "Actions"), such Actions shall be stayed (including with respect to pending discovery) until the ADR Procedure with respect to such Claim has been completed.  Within five (5) business days of entry of a final order with respect to the validity and amount of such Claim in the ADR Procedure, any corresponding Action shall be dismissed, with prejudice, and any remaining portion of such Action, to the extent not pending or subject to the Debtors' Title III cases, shall be transferred to the Court presiding over the Debtors' Title III cases.  To the extent required, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, applicable herein in accordance with section 301 of PROMESA, shall be deemed modified solely for the purpose of determining the validity and amount of a claim pursuant to the ADR Procedure.

B.   **Offers and Counteroffers of Settlement**

1.  Within thirty (30) days of the ADR Form being served upon the creditors, or within thirty (30) days after the time for serving the ADR Form has expired, the Commonwealth or such other Debtor, as the case may be, shall serve upon the creditor, at the address set forth on such creditor's proof of claim, an offer to settle the validity and amount of such creditor's proof of claim (the "Offer").

2.  Within twenty-five (25) days of service of the Offer, the applicable creditor may respond, in writing, to such Offer by (1) accepting the Offer, by execution and delivery of the stipulation provided by the Commonwealth or such other Debtor in connection with the Offer, or (2) submitting a counteroffer; provided, however, that any counteroffer may only propose an amount that, if agreed upon, will fix the amount of the creditor's claim; and, provided, further, that, if the creditor fails to timely respond to the Offer, the Offer shall be deemed rejected.  The applicable creditor must submit with their counteroffer any and all documentation which supports the validity and amount of such claim, including, without limitation, the underlying contract or other documentation evidencing the claim, any relevant invoices, purchase orders, or other similar documentation, and any relevant check or payment receipts.

3.  Within thirty (30) days of receipt of any counteroffer, the

Commonwealth or such other Debtor, as the case may be, may (1) accept such counteroffer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) reject such counteroffer, by delivery of notice to such creditor that such counteroffer is unacceptable.  The Commonwealth or such other Debtor, as the case may be, may also submit its own counteroffer to the creditor, and the parties may exchange as many offers and counteroffers as they deem appropriate prior to a determination that an impasse has been reached.

4.  All offers, counteroffers and other communication and information exchanged in connection therewith shall remain confidential, be subject to Rule 408 of the Federal Rules of Evidence, not be an admission of liability on anyone's part, not be disclosed to any person, court or tribunal, and not be used other than in connection with the ADR Procedure.

## C.   Litigation of Claims

1.  <u>Non-Resolution and Assignment for Determination</u>. Any Claim that is subject to the ADR Procedure and not resolved through the offer and counteroffer process shall proceed to litigation before the Title III Court or United States Magistrate Judges assigned to assist the Title III Court (the "<u>Claims Adjudication Judges</u>"), subject to the following guidelines:

a.  Within sixty (60) days of filing the first ADR Eligibility Notice,  and on a bi-monthly basis thereafter, the Debtors shall file with the Court a notice (an "<u>ADR Status Notice</u>") setting forth those claims since the filing of the prior ADR Status Notice that (a) are subject to the ADR Procedure and which have been resolved (the "<u>Resolved Claims</u>"), (b) as to which the parties have reached an impasse to resolution (the "<u>Unresolved Claims</u>"), and (c) as to which ongoing negotiations between the Commonwealth or such other Title III Debtor, on the one hand, and the creditor, on the other hand, remain pending (the "<u>Pending Claims</u>").  The Debtors shall file with the Title III Court an informative motion, attaching the form of Stipulation, to be so ordered by the Title III Court, with respect to any Resolved Claims.  All Resolved Claims shall be noted on the claims registry of the PROMESA Proceedings and distributions with respect thereto shall be made in accordance with the provisions of the Commonwealth Plan of Adjustment or such other plan of adjustment as may be appropriate.

2.  A copy of the ADR Status Notice shall be served on each holder of an Unresolved Claim.  Within forty-five (45) days of filing the ADR Status

Notice, a Claims Adjudication Judge shall be assigned by the Title III Court for adjudication of any Unresolved Claims.

3. Within forty-five (45) days of appointment of the Claims Adjudication Judge, the Commonwealth or such other Title III Debtor, as the case may be, and each holder of an Unresolved Claim shall each file and serve a Notice of Submission of Documents ("Document Submission Notices") which contains a statement (five (5) pages in length or less) in support of their respective position, together with all documents and instruments in support thereof, including any affidavits submitting fact or expert testimony, if necessary, and a proposed order in connection therewith. Submissions made pursuant to a Document Submission Notice shall be treated as cross-motions for summary judgment. With respect to any Unresolved Claims, any document not previously submitted to the Commonwealth or such other Debtor, as the case may be, in connection with the ADR Procedure, may not be submitted to the Claims Adjudication Judges. Notwithstanding the foregoing, the Claims Adjudication Judges may, in their sole discretion, request additional discovery and submission of additional documents. Within fifteen (15) days following the submission of Document Submission Notices, each party may file a responsive submission not to exceed five (5) pages in length.

4. Unless, in the sole discretion of the Claims Adjudication Judges, a genuine dispute of material fact exists, or unless otherwise requested by the Claims Adjudication Judges, all matters shall be taken on submission and the Claims Adjudication Judges shall render a ruling and enter an order as and when appropriate. If a Claims Adjudication Judge determines that oral argument is necessary or appropriate with respect to a certain Claim, it will inform the parties and a written notice of such hearing shall be provided by the Title III Debtor to such creditor. In the event that the Claims Adjudication Judge assigned to resolve a particular Claim is not located in San Juan, Puerto Rico and oral argument is required, appropriate video-conferencing services shall be made available. Upon entry of an order of the Title III Court, the Debtors shall provide interpretation and translation services.

5. The burden remains on the Debtor to rebut the *prima facie* validity of a proof of claim.

6. For claimants who elect to participate in the ADR Procedure by returning their ADR Form and indicating their intent to participate in ADR, Claims Adjudication Judges may conduct all proceedings with respect to a Claim and order the entry of a final judgment. Such judgment may then be directly appealed to the United States Court of Appeals for the First Circuit. For claimants who failed to return the ADR Form by the Return Deadline, and who have been deemed to have elected to participate in the

ADR Procedure, Claims Adjudication Judges may conduct all proceedings with respect to a Claim and issue a report and recommendation to the Title III Court, which is subject to review by the Title III Court, and may be appealed to the United States Court of Appeals for the First Circuit.

7. <u>Referral of Claimants Not Participating in ADR to Magistrate Judges</u>. With respect to Claims for which a claimant has elected <u>not</u> to participate in the ADR Procedure, and with respect to Claims that neither the Court nor the Debtors have determined are eligible to participate in ADR (collectively, the "<u>Non-ADR Claims</u>"), the Title III Court may, in its discretion, refer such Claims to the Claims Adjudication Judges for general pre-trial management. If all parties voluntarily consent, the Claims Adjudication Judges may also conduct all proceedings and order the entry of a final judgment with respect to a Non-ADR Claim. Such judgment may then be appealed directly to the United States Court of Appeals for the First Circuit. If a claimant does not consent to the resolution of their Non-ADR Claim by the Claims Adjudication Judges, the order/written decision of the Claims Adjudication Judge as to such Non-ADR Claim will be treated as a report and recommendation to the Title III Court pursuant to Federal Rule of Civil Procedure 72, and claimants will have an opportunity to object to the report and recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Upon reviewing the report and recommendation, the Title III Court will enter a final determination, which will be subject to appeal to the United States Court of Appeals for the First Circuit.

8. <u>General Rules Regarding Proceedings Before Claims Adjudication Judges</u>. All proceedings before Claims Adjudication Judges shall be governed by the Federal Rules of Bankruptcy Procedure, made applicable to this Title III case pursuant to PROMESA § 310.

9. Any order/decision entered by the Claims Adjudication Judges shall <u>not</u> provide for punitive damages, interest, attorneys' fees, other fees and costs, penalties, any amounts already disallowed by the Court, specific performance or any other form of equitable remedy or any other relief impermissible under PROMESA or such other applicable law. To the extent a Claim requests such relief, those requests for relief will be determined by the Title III Court.

## C. Proposed Mailing to Certain Claimants.

12. The Debtors submit that many claimants did not provide with their Proofs of Claim sufficient information to enable the Debtors to determine the validity of the Claim. Thousands of Claims, for example, provide as a basis only "Law 89," without identifying the

year the law was passed, let alone providing any documentation which might enable the Debtors

to determine whether the claimant does, in fact, have a right to assert liabilities owed by the

Commonwealth or any of the other Debtor(s) arising from the Commonwealth's obligations

under Law 89.  By way of example, of a sample of 1,454 accounts payable claims asserted

against the Commonwealth, only 298—about 20%—provided sufficient information to enable

the Commonwealth to reconcile their Claims.

13.     Rather than immediately object to these Claims pursuant to Fed. R. Bank. P.

3007(d)(6), the Debtors submit that it will be faster, less costly, and more efficient to send a

mailing, the form of which is attached hereto as Exhibit 3 (the "<u>Proposed Mailing</u>"), to these

claimants requesting the information the Debtors need to enable them to reconcile their Claims.

The Proposed Mailing will request that claimants respond to the Proposed Mailing by responding

to a brief questionnaire and submitting any documentation supporting their Claim to Prime

Clerk, LLC by a date certain.

14.     The questionnaire will request specific information that the Debtors believe will

enable them to process the Claim.  With respect to documentation in support of the Claim, the

Proposed Mailing will provide specific examples of documents that claimants should submit to

enable claimants to reconcile their Claim.

15.     The Proposed Mailing will also make clear that, to the extent a claimant fails to

respond, or responds but still does not provide sufficient information for Debtors to reconcile the

Claim, the Debtors may be forced to object to the Claim.

## **BASIS FOR RELIEF**

16.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof

of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  Bankruptcy Rule 3001 states that "a proof of claim executed and

filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."   *See* Fed. R. Bankr. P. 3001.   Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim.   *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated.").   As such, the Debtors must review all Claims in these Title III Cases as part of the claims reconciliation process.

17.    In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d).   *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection."). Section 105(a) of the Bankruptcy Code, made applicable pursuant to Section 301 of PROMESA, provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."   11 U.S.C. § 105.   Under section 105(a) of the Bankruptcy Code, a bankruptcy court has the power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.   *See Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992) ("[T]he allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."); *Comm. of Equity Sec. Holders v. Lionel Corp.  (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

18.     Authorizing the Debtors to resolve certain claims utilizing the ADR Procedures is an appropriate use of the Court's power under Section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large bankruptcy cases.   Prior bankruptcy proceedings have permitted the use of streamlined procedures such as ADR procedures where necessary to streamline resolution of claims disputes. *See, e.g.*, *In re Pilgrim's Pride*, Case No. 08-45664-mxm11 (Bankr. N.D. Tex.), ECF No. 1435; *In re Federated Department Stores*, 328 F.3d 829 (6th Cir. 2003); *In re TIC United Corp.*, 194 F. App'x. 187 (5th Cir. 2006).

19.     The ADR Process, developed jointly by the Debtors and the government authorities, with input from the Creditors' Committee, presents the most efficient and expeditious manner to address the thousands of unliquidated or otherwise disputed claims that may be more substantive in nature.   Likewise, it provides a structure for the Debtors and creditors to timely attempt a consensual resolution of all such claims.   Moreover, in the absence of any resolution, it presents a methodology for summary presentation and determination for all outstanding disputes.

20.     Moreover, the Proposed Mailing will streamline the claims reconciliation process by providing an efficient means for the Debtors to obtain the information necessary to enable them to reconcile certain Claims, thereby reducing the number of objections filed and the resulting burden on the Court.

21.     The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights.   Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

14

## NOTICE

22.      The Debtors have provided notice of this motion to the Master Service List (as

defined by the *Ninth Amended Notice, Case Management and Administrative Procedures* [ECF

No.   7115],   and   this   motion   is   available   on   the   Debtors'   case   website   at

https://cases.primeclerk.com/puertorico.   The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

23.      No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as

is just and proper.

Dated: June 5, 2019
    San Juan, Puerto Rico

Respectfully submitted,

/s/   *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

/s/   *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative for the
Debtors*

## EXHIBIT A

**Proposed Order**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## ORDER (A) AUTHORIZING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, (B) APPROVING ADDITIONAL FORMS OF NOTICE, (C) APPROVING PROPOSED MAILING, AND (D) GRANTING RELATED RELIEF

Upon the *Motion For Entry Of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Form of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief*, dated June 5, 2019 (the "Motion"),[2] of the Debtors for entry of an order (this "Order") authorizing alternative dispute resolution procedures, approving additional forms of notice, and approving a proposed mailing, as more fully described in the Motion; and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

this Court having jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Debtors' Motion is in the best interests of the Debtors, their creditors, and other parties in interest; and the Court having found that, based upon the relief requested by the Debtors' Motion, no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Debtors' Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been resolved as set forth herein, or withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein and in the ADR Procedures attached hereto as **Exhibit 1**.

2.      The Debtors are hereby authorized to resolve claims through the ADR Procedures as set forth in the Motion.

3.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Debtors in these PROMESA cases, or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

4.      The Debtors are authorized to mail the Proposed Mailing, as defined in the Motion, to any claimant who has not provided sufficient information to enable Debtors to process their claim.  If the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors

to reconcile their claim, the Debtors are authorized to object to the claim as deficient.

5.      The Debtors' proposed forms of notice to be filed and served in connection with the ADR Procedure, attached hereto as **Exhibit 2**, are hereby approved.

6.      The Debtors' Proposed Mailing, the form of which is attached hereto as **Exhibit 3**, is hereby approved.

7.      The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019

_____
Honorable Judge Laura Taylor Swain
United States District Judge

# <u>EXHIBIT 1</u>

**Alternative Dispute Resolution Procedures**

## ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

1.      Claims Participating in Alternative Dispute Resolution.

(a) Commencing one hundred (100) days following approval of these procedures by the Court, and every forty-five (45) days thereafter, the Commonwealth, on behalf of itself and the other Debtors, shall file with the Court and serve on the claimants identified therein a notice of intent to transfer to the ADR Procedure (the "ADR Notice"), together with an election form (the "ADR Form"), and attaching as Exhibit A to the Notice a schedule of claims that the Debtors have identified to be eligible to participate in the ADR Procedure.  The forms of the ADR Notice and ADR Form are annexed hereto as Exhibits 2.  Claimants may elect not to participate in the ADR Procedure by so indicating on the ADR Form and returning the ADR Form in the manner set forth below.

(b) In the event that (i) the Debtors file an omnibus objection to Claims, (ii) a claimant objects to the relief requested in such omnibus objection, and (iii) the Court or the Debtors determine that further reconciliation of any such Claim is appropriate pursuant to the ADR Procedure, the Debtors shall file an ADR Notice, together with an ADR Form, with the Court and serve both the ADR Notice and the ADR Form upon the Claimant stating that such Claim has been removed from the omnibus objection and shall be subject to the ADR Procedure.  If the Debtors make such determination, within ten (10) days of service of a claimant's objection to the relief requested in the omnibus objection, and no later than seven (7) days prior to the hearing on the omnibus objection, the Debtors shall file an ADR Notice with the Court setting forth the Claims to which an omnibus objection has been interposed and responded to by the holder thereof as and to which the Debtors have determined are eligible for the ADR Procedure.

(c) Claims asserting liabilities arising from funded indebtedness, or from the Commonwealth's clawback of revenues, will not be subject to the ADR Procedure.

2.      Election and Submission of Documentation. The ADR Form must be filed and served by claimants so as to be received by the Clerk's Office, the Oversight Board, and the Creditors' Committee no later than thirty (30) days following service of the ADR Form (the "Return Deadline").  The ADR Form must be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS in searchable portable document format by a registered user of the Court's case filing system, except if a party is not an attorney who is a registered user of the Court's case filing system, the Response may be filed and served by mailing it to the Court's Clerk's office, the Oversight Board, and the Creditors' Committee at the following addresses:

Clerk's Office
United States District Court
Room 150 Federal Building
San Juan, Puerto Rico 00918-1767

Counsel for the Oversight Board
Proskauer Rose LLP
Eleven Times Square

2

New York, New York 10036-8299
Attn: Martin J. Bienenstock
Brian S. Rosen

Counsel for the Creditors' Committee
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Attn: Luc. A. Despins
G. Alexander Bongartz

Counsel for the Puerto Rico Fiscal Agency and Financial
Advisory Authority
Marini Pietrantoni Muñiz LLC
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, PR 00917
Attn: Luis C. Marini-Biaggi
Carolina Velaz-Rivero

3.    <u>In the event that a claimant fails to return the ADR Form by the Return Deadline,
such claimant shall be deemed **to have elected to participate** in the ADR Procedure.</u>

4.    In the event that a claimant elects not to participate in the ADR Procedure, (a)
such claim, the allowance of which has been or may be objected to by the Commonwealth, such
other Title III Debtor as appropriate, or another party in interest, shall be subject to the
jurisdiction of the Court and the determination regarding, among other things, the validity and
amount thereof, shall be made by the Court, (b) holders shall retain their rights to have their
claims adjudicated by the Title III Court, including their rights to evidentiary proceedings and to
an appeal of the Title III Court's determinations with respect to their claims, and (c) nothing
herein shall affect the right of the Creditors' Committee, under section 502(a) of the Bankruptcy
Code, to file objections to claims and the Debtors and the Oversight Board to oppose any such
right to the extent that the Creditors' Committee files an objection to a claim.

5.    The ADR Procedure will only resolve the amount of a creditor's general
unsecured claim.  Without limiting the foregoing, any other issue, including, without limitation,
the priority or classification of a claim, distributions with respect thereto, and issues related to
subordination thereof, shall not be subject to the ADR Procedure and shall be determined in
connection with the provisions of an applicable plan of adjustment or as otherwise determined by
the Court.

6.    To the extent a holder of a general unsecured claim has filed, sought or seeks any
relief related to a Claim that is subject to the ADR Procedure, including, without limitation, relief
sought in any adversary proceeding or any other applicable court of law (collectively, the
"<u>Actions</u>"), such Actions shall be stayed (including with respect to pending discovery) until the
ADR Procedure with respect to such Claim has been completed.  Within five (5) business days
of entry of a final order with respect to the validity and amount of such Claim in the ADR

Procedure, any corresponding Action shall be dismissed, with prejudice, and any remaining portion of such Action, to the extent not pending or subject to the Debtors' Title III cases, shall be transferred to the Court presiding over the Debtors' Title III cases.  To the extent required, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, applicable herein in accordance with section 301 of PROMESA, shall be deemed modified solely for the purpose of determining the validity and amount of a claim pursuant to the ADR Procedure.

7.     _Offers and Counteroffers of Settlement_. Within thirty (30) days of the ADR Form being served upon the creditors, or within thirty (30) days after the time for serving the ADR Form has expired, the Commonwealth or such other Debtor, as the case may be, shall serve upon the creditor, at the address set forth on such creditor's proof of claim, an offer to settle the validity and amount of such creditor's proof of claim (the "_Offer_").

8.     Within twenty-five (25) days of service of the Offer, the applicable creditor may respond, in writing, to such Offer by (1) accepting the Offer, by execution and delivery of the stipulation provided by the Commonwealth or such other Debtor in connection with the Offer, or (2) submitting a counteroffer; _provided_, _however_, that any counteroffer may only propose an amount that, if agreed upon, will fix the amount of the creditor's claim; and, _provided_, _further_, that, if the creditor fails to timely respond to the Offer, the Offer shall be deemed rejected.  _The applicable creditor must submit with their counteroffer any and all documentation which supports the validity and amount of such claim, including, without limitation, the underlying contract or other documentation evidencing the claim, any relevant invoices, purchase orders, or other similar documentation, and any relevant check or payment receipts._

9.     Within thirty (30) days of receipt of any counteroffer, the Commonwealth or such other Debtor, as the case may be, may (1) accept such counteroffer, by delivery of a stipulation evidencing agreement to the proposed amount, or (2) reject such counteroffer, by delivery of notice to such creditor that such counteroffer is unacceptable.  The Commonwealth or such other Debtor, as the case may be, may also submit its own counteroffer to the creditor, and the parties may exchange as many offers and counteroffers as they deem appropriate prior to a determination that an impasse has been reached.

10.    All offers, counteroffers and other communication and information exchanged in connection therewith shall remain confidential, be subject to Rule 408 of the Federal Rules of Evidence, not be an admission of liability on anyone's part, not be disclosed to any person, court or tribunal, and not be used other than in connection with the ADR Procedure.

11.    _Litigation of Claims_.

    a.     _Non-Resolution and Assignment for Determination_. Any Claim that is subject to the ADR Procedure and not resolved through the offer and counteroffer process shall proceed to litigation before the Title III Court or United States Magistrate Judges assigned to assist the Title III Court (the "_Claims Adjudication Judges_"), subject to the following guidelines:

4

a. Within sixty (60) days of filing the first ADR Eligibility Notice, and on a bi-monthly basis thereafter, the Debtors shall file with the Court a notice (an "ADR Status Notice") setting forth those claims since the filing of the prior ADR Status Notice that (a) are subject to the ADR Procedure and which have been resolved (the "Resolved Claims"), (b) as to which the parties have reached an impasse to resolution (the "Unresolved Claims"), and (c) as to which ongoing negotiations between the Commonwealth or such other Title III Debtor, on the one hand, and the creditor, on the other hand, remain pending (the "Pending Claims"). The Debtors shall file with the Title III Court an informative motion, attaching the form of Stipulation, to be so ordered by the Title III Court, with respect to any Resolved Claims. All Resolved Claims shall be noted on the claims registry of the PROMESA Proceedings and distributions with respect thereto shall be made in accordance with the provisions of the Commonwealth Plan of Adjustment or such other plan of adjustment as may be appropriate.

b. A copy of the ADR Status Notice shall be served on each holder of an Unresolved Claim. Within forty-five (45) days of filing the ADR Status Notice, a Claims Adjudication Judge shall be assigned by the Title III Court for adjudication of any Unresolved Claims.

c. Within forty-five (45) days of appointment of the Claims Adjudication Judge, the Commonwealth or such other Title III Debtor, as the case may be, and each holder of an Unresolved Claim shall each file and serve a Notice of Submission of Documents ("Document Submission Notices") which contains a statement (five (5) pages in length or less) in support of their respective position, together with all documents and instruments in support thereof, including any affidavits submitting fact or expert testimony, if necessary, and a proposed order in connection therewith. Submissions made pursuant to a Document Submission Notice shall be treated as cross-motions for summary judgment. With respect to any Unresolved Claims, any document not previously submitted to the Commonwealth or such other Debtor, as the case may be, in connection with the ADR Procedure, may not be submitted to the Claims Adjudication Judges. Notwithstanding the foregoing, the Claims Adjudication Judges may, in their sole discretion, request additional discovery and submission of additional documents. Within fifteen (15) days following the submission of Document Submission Notices, each party may file a responsive submission not to exceed five (5) pages in length.

d. Unless, in the sole discretion of the Claims Adjudication Judges, a genuine dispute of material fact exists, or unless otherwise requested by

5

the Claims Adjudication Judges, all matters shall be taken on submission and the Claims Adjudication Judges shall render a ruling and enter an order as and when appropriate.  If a Claims Adjudication Judge determines that oral argument is necessary or appropriate with respect to a certain Claim, it will inform the parties and a written notice of such hearing shall be provided by the Title III Debtor to such creditor.  In the event that the Claims Adjudication Judge assigned to resolve a particular Claim is not located in San Juan, Puerto Rico and oral argument is required, appropriate video-conferencing services shall be made available.  Upon entry of an order of the Title III Court, the Debtors shall provide interpretation and translation services.

e.   The burden remains on the Debtor to rebut the *prima facie* validity of a proof of claim.

f.   For claimants who elect to participate in the ADR Procedure by returning their ADR Form and indicating their intent to participate in ADR, Claims Adjudication Judges may conduct all proceedings with respect to a Claim and order the entry of a final judgment.  Such judgment may then be directly appealed to the United States Court of Appeals for the First Circuit.  For claimants who failed to return the ADR Form by the Return Deadline, and who have been deemed to have elected to participate in the ADR Procedure, Claims Adjudication Judges may conduct all proceedings with respect to a Claim and issue a report and recommendation to the Title III Court, which is subject to review by the Title III Court, and may be appealed to the United States Court of Appeals for the First Circuit.

g.   <u>Referral of Claimants Not Participating in ADR to Magistrate Judges</u>. With respect to Claims for which a claimant has elected <u>not</u> to participate in the ADR Procedure, and with respect to Claims that neither the Court nor the Debtors have determined are eligible to participate in ADR (collectively, the "<u>Non-ADR Claims</u>"), the Title III Court may, in its discretion, refer such Claims to the Claims Adjudication Judges for general pre-trial management.  If all parties voluntarily consent, the Claims Adjudication Judges may also conduct all proceedings and order the entry of a final judgment with respect to a Non-ADR Claim. Such judgment may then be appealed directly to the United States Court of Appeals for the First Circuit.  If a claimant does not consent to the resolution of their Non-ADR Claim by the Claims Adjudication Judges, the order/written decision of the Claims Adjudication Judge as to such Non-ADR Claim will be treated as a report and recommendation to the Title III Court pursuant to Federal Rule of Civil Procedure 72, and claimants will have an opportunity to object to the report and recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b).  Upon reviewing the report

and recommendation, the Title III Court will enter a final determination, which will be subject to appeal to the United States Court of Appeals for the First Circuit.

h.   <u>General Rules Regarding Proceedings Before Claims Adjudication Judges</u>. All proceedings before Claims Adjudication Judges shall be governed by the Federal Rules of Bankruptcy Procedure, made applicable to this Title III case pursuant to PROMESA § 310.

i.   Any order/decision entered by the Claims Adjudication Judges shall <u>not</u> provide for punitive damages, interest, attorneys' fees, other fees and costs, penalties, any amounts already disallowed by the Court, specific performance or any other form of equitable remedy or any other relief impermissible under PROMESA or such other applicable law.  To the extent a Claim requests such relief, those requests for relief will be determined by the Title III Court.

## <u>EXHIBIT 2</u>

**English and Spanish Versions of the Form of Notice of Eligibility to Participate in
Alternative Dispute Resolution Procedures**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |

**NOTICE OF INTENT TO TRANSFER TO THE
ALTERNATIVE DISPUTE RESOLUTION PROCEDURE**

**YOU ARE RECEIVING THIS NOTICE OF INTENT TO TRANSFER TO THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURE ("NOTICE") BECAUSE THE DEBTORS HAVE DETERMINED THAT YOUR CLAIM IS ELIGIBLE FOR RESOLUTION THROUGH THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURE. PLEASE READ THIS NOTICE AND THE ACCOMPANYING EXHIBITS CAREFULLY TO DETERMINE HOW IT AFFECTS YOUR CLAIM(S).**

**This Notice only applies to the claims listed on Exhibit A to the Notice. If your claim is listed on Exhibit A, you should read the Notice carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

**If you have any questions, please contact Prime Clerk LLC at (844) 822-9231 (toll**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, ERS, and HTA, the "Debtors," and each individually, a "Debtor") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers),**
**available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

## OVERVIEW OF THE ADR PROCEDURE

- **CLAIMS TO BE RESOLVED THROUGH ADR PROCEDURE**

The alternative dispute resolution procedure ("ADR Procedure") has been established by the United States District Court for the District of Puerto Rico (the "Title III Court") to efficiently resolve claims asserted against the Debtors in the Title III cases. Only certain claims are appropriate for resolution through the ADR procedures. The claims listed on Exhibit A to the Notice are appropriate for resolution through the ADR Procedure.

- **VOLUNTARY PARTICIPATION**

The ADR Procedure is **voluntary**. You are **NOT** required to participate in the ADR Procedure. If you choose not to participate in the ADR Procedure, your claim will remain pending resolution by the Title III Court.

- **ELECTION FORM**

If you wish to participate in the ADR Procedure, you may sign and return the *Election Form for Alternative Dispute Resolution Procedures* (the "Election Form"), a copy of which is attached hereto as **Exhibit B**, to Prime Clerk, LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022. IF YOU ELECT TO HAVE YOUR CLAIMS RESOLVED THROUGH THE ADR PROCEDURE, YOU WILL CONSENT TO HAVE YOUR CLAIM HEARD BY A UNITED STATES MAGISTRATE JUDGE AND WAIVE YOUR RIGHT TO APPEAL THE UNITED STATES MAGISTRATE JUDGE'S DECISION TO THE TITLE III COURT.

To choose not to participate in the ADR Procedure, you **must** return the Election Form AND indicate that you DECLINE TO PARTICIPATE in the ADR Procedure. The deadline to submit the Election Form is **[DATE]**.

- **EFFECT OF FAILING TO RESPOND TO THIS FORM**

**IF YOU DO NOT RESPOND TO THIS NOTICE, YOU WILL BE DEEMED TO HAVE ELECTED TO PARTICIPATE IN THE ADR PROCEDURE.** However, if you do not respond to this notice and are deemed to have elected to participate, you will retain your right to appeal the United States Magistrate Judge's decision to the Title III Court.

- **WHAT WILL HAPPEN IF YOU ELECT TO PARTICIPATE**

Please carefully review the following pages to ensure you understand the ADR Procedure. During this process, the Debtors will review documentation you submit related to your claim, and seek to settle the validity and amount of your claim through a streamlined procedure that does not require litigation before the Title III Court. If you and the Debtors are not able to agree on the validity and amount of your claim, your claim will be heard in a

streamlined proceeding before a magistrate judge assigned by the Title III Court ("Claims Adjudication Judge"). The Claim Adjudication Judge will only determine the amount of your claim, and will not determine whether you are entitled to punitive damages or equitable relief.

- **WAIVER OF RIGHTS BY ELECTING TO PARTICIPATE**

**If you sign and return the Election Form and elect to have your claim resolved through the ADR Procedure, you will waive the right to a full evidentiary hearing before the Title III Court. You will consent to have your claim heard by a United States Magistrate Judge and waive your right to appeal the United States Magistrate Judge's decision to the Title III Court.**

## STEP-BY-STEP OVERVIEW OF THE ADR PROCEDURE

- **Step 1—Offer:** The Debtor has 60 days from service of this ADR Notice to send you an offer to settle your claim.

- **Step 2—Acceptance or Counter-Offer:** You have 25 days from receipt of the Debtor's offer to accept the offer, or reject the offer and send the Debtor a counter-offer. If you accept the Debtor's offer, the Title III Court will be notified that you and the Debtor have agreed upon the allowed amount of your claim. You would then be paid in accordance with the terms of the plan of adjustment for the applicable Debtor.

  If you send the Debtor a counter-offer, that counter-offer must be an amount that, if the Debtor accepts the counter-offer, you would accept will fix the amount of your claim. When you send the counter-offer, you **must** include with the counter-offer any and all documentation you have that supports your claim. **YOU MUST SUBMIT ALL DOCUMENTATION SUPPORTING YOUR CLAIM WITH YOUR COUNTER-OFFER. IF YOU DO NOT SUBMIT A DOCUMENT WITH THE COUNTER-OFFER, YOU MAY NOT BE ABLE TO RELY ON THAT DOCUMENT IN SUPPORT OF YOUR CLAIM BEFORE THIS OR ANY COURT.**

  If you reject the offer and send the Debtor a counter-offer, you will continue to the next step.

- **Step 3—Acceptance or Rejection of the Counter-Offer:** The Debtor has 30 days from receipt of your counter-offer to accept or reject the counter-offer. If the Debtor accepts your counter-offer, the Title III Court will be notified that you and the Debtor have agreed upon the allowed amount of your claim. The Debtor may reject your counter-offer and send you a new counter-offer, in which case you will have an additional 30 days to accept or reject the new counter-offer. If you and the

*-- Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure –*

Debtor cannot reach an agreement, then you will proceed to the next step.

- **Step 4—Referral to a Magistrate Judge**: The Debtor, within 60 days of reaching an impasse, will file with the Title III Court and serve you with a notice explaining that the parties could not agree upon the value of the claim (the "ADR Status Notice"). Upon receipt of the ADR Status Notice, the Title III Court will refer your claim for adjudication to a Claims Adjudication Judge.

- **Step 5—Filing Document Submission Notices**—Within 45 days of the Title III Court referring you and the Debtor to the Claims Adjudication Judge, you and the Debtor must file a Notice of Submission of Documents ("Document Submission Notices"), which will contain a statement (five (5) pages in length or less) in support of your respective positions, as well as any documentation you sent to the Debtors in support of your claim. **You may not submit to the Claims Adjudication Judge any documents that you did not submit to the debtors pursuant to Steps 1, 2 and 3.**

- **Step 6—Decision by the Claims Adjudication Judge**: After receiving the Document Submission Notices, the Claims Adjudication Judge will determine, in their sole discretion, whether there is a genuine dispute of material fact as to your claim. If there is no genuine dispute of material fact, the Claims Adjudication Judge will issue an order on the validity and allowed amount of your claim. If there is a genuine dispute of material fact, the Claims Adjudication Judge may hold an evidentiary hearing or request additional discovery or documents to resolve the dispute. Ultimately, the Claims Adjudication Judge will decide the validity and allowed amount, if any, of your claim. The Claims Adjudication Judge will not determine either the priority or classification of your claim or whether you are also entitled to punitive damages or equitable relief.

- **Step 7—Right to Appeal:** You and the Debtor will have the right to appeal the decision of the Claims Adjudication Judge to the United States Court of Appeals for the First Circuit.

## Who is Eligible for the ADR Procedure?

This Notice only applies to the claims listed on **Exhibit A** to the Notice. If your claim is listed on **Exhibit A** to the Notice, the Debtors are seeking to resolve your claim through the ADR Procedure.

**If your claim is NOT listed on Exhibit A, your claim will not be affected by this Notice, and you DO NOT have to do anything.** Copies of the Notice and Exhibit A attached hereto, along with all other filings in the Title III Cases are available free online at https://cases.primeclerk.com/puertorico.

## How to Participate in the ADR Procedure

*-- Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure –*

**The Election Form.**  If you want to participate in the ADR Procedure, please sign and file the Election Form indicating your desire to participate.  If you do nothing and do <u>not</u> return the Election Form, you will be deemed to have <u>elected to participate</u> in the ADR Procedure.

**How to File the Election Form.**  Every Election Form should be filed electronically with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS.  There are two methods that you can use to file your response:

1.  **Online**.  Registered users of the Court's case filing system must file their response electronically in searchable portable document format.

2.  **By Mail**.  If you are not an attorney who is a registered user of the Court's case filing system, you may file and serve a response by mailing it to the Court's Clerk's office, the Oversight Board, and the Creditors' Committee at the following addresses:

> Clerk's Office
> United States District Court
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767
>
> Counsel for the Oversight Board
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Attn: Martin J. Bienenstock
> Brian S. Rosen
>
> Counsel for the Creditors' Committee
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> Attn: Luc A. Despins
> James Bliss
> James Worthington
> G. Alexander Bongartz

> YOUR ELECTION FORM must be mailed so as to be received by the Clerk's Office, the Oversight Board, and the Creditors' Committee no later than **4:00 pm (Atlantic Standard Time)** on **[DATE], 2019**, unless otherwise extended by the Debtor, in writing, or upon a written request to the Court and order of the Court extending the deadline.

In the event that you are unable to file and serve an Election Form online or by mail as specified above, you may file a response in person at the following address by no later than **4:00 pm (Atlantic Standard Time)** on **[DATE], 2019**, unless otherwise extended by the Debtor, in writing, or upon a written request to the Court and order of the Court extending the deadline:

> Clerk's Office
> United States District Court

5

*-- Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure –*

#150 Chardon Avenue
Federal Building
San Juan, Puerto Rico 00918

A certificate of service should be included with your Election Form explaining how service was accomplished.

If you have any questions about filing and serving a response, including questions about the Court's case filing system, please contact the **Prime Clerk hotline** at **(844) 822-9231**

## What if I do NOT Want to Participate in the ADR Procedure?

If your Claim is eligible for participation in the ADR Procedure, and, after reviewing this Notice, you choose <u>not</u> to participate in the ADR Procedure, you must complete and return to Prime Clerk, LLC, the Election Form, a copy of which is attached hereto as **Exhibit B**.

**Deadline to Decline Participation.**  Your Election Form must be filed and served such that it is **received** by the Debtors by **[Date]**, unless the deadline is extended in writing by the Debtors.

.

## Details of What Will Happen During the ADR Procedure

### What is ADR?

Alternative dispute resolution, often referred to as ADR, is a procedure by which parties attempt to resolve disputes without the time and expense of litigation.  Under the ADR Procedure described herein, the Debtors will, upon review of documentation you submit, seek to settle the validity and amount of a portion or all of your claim through a streamlined procedure that does not require litigation before the Title III Court.

### The Offer and Counter-Offer Process

The Debtor will provide you with an offer (the "<u>Offer</u>") to settle your claim within 30 days of its receipt of service of this Notice.

Within 25 days of your receipt of the Offer, you may choose to either (1) accept the Offer, by executing and delivering a stipulation provided by the Debtor, or (2) submit a counteroffer (the "<u>Counteroffer</u>").  Your Counteroffer may only be an amount that, if the Debtor accepts the Counteroffer, you will accept as final settlement of your Claim.  If you do not respond to the Offer within 25 days, you will be deemed to have rejected the Offer.

You should submit with your Counter-Offer **any and all** documentation that supports your claim that was not initially provided with your proof of claim.  At minimum, you should provide copies of any of the following documents if they are applicable to your claim:

- Contracts or purchase order numbers related to your claim;

- All allegedly unpaid invoices;

- Proof of delivery of goods related to any allegedly unpaid invoices;

- Leases related to allegedly unpaid lease payment.

**<u>ALL</u> DOCUMENTATION SUPPORTING YOUR CLAIM MUST BE SUBMITTED WITH THIS COUNTER-OFFER AND/OR THE INITIAL PROOF OF CLAIM. YOU WILL WAIVE YOUR ABILITY TO RELY ON ANY DOCUMENTATION IN SUPPORT OF YOUR CLAIM THAT IS <u>NOT</u> SUBMITTED TO THE DEBTORS WITH THIS FORM AND WAS NOT INCLUDED WITH THE INITIAL PROOF OF CLAIM.**

Within 30 days of receipt of your Counteroffer, the [Debtor] may (1) accept your Counteroffer, by executing and delivering a stipulation showing its agreement to such amount, or (2) reject your Counteroffer, by delivering a notice that the Counteroffer is not acceptable. If the Debtor does not respond to the Counter-Offer within 30 days, it will be deemed to have rejected the Counter-Offer.

The Debtor may elect to submit its own counteroffer (the "<u>New Counter-Offer</u>") for you to consider. If the Debtor sends a New Counter-Offer, you will have [25] days from receipt to accept or reject the New Counter-Offer.

All offers, counteroffers, and other communication and information exchanged in connection therewith shall remain confidential, be subject to Rule 408 of the Federal Rules of Evidence, not be an admission of liability on anyone's part, not be disclosed to any person, court or tribunal, and not be used other than in connection with the ADR Procedure.

**<u>What Happens When the Parties Reach An Agreement?</u>**

If you and the Debtor reach an agreement during the offer and counter-offer process described above, then the Debtor will notify the Title III Court in a bi-monthly notice (an "<u>ADR Status Notice</u>") that states your claim has been resolved (the "<u>Resolved Claim</u>"). The Debtors shall file a stipulation, to be so ordered by the Court, with respect to any Resolved Claim. A Resolved Claim shall be noted on the claims registry of the Title III Cases.

**Distributions or payments with respect to any Resolved Claims shall be made in accordance with the provisions of the plan of adjustment for the applicable Debtor.**

**<u>What If the Parties Cannot Agree on an Amount?</u>**

If, after exchanging offers and counteroffers, you and the Debtor are not able to agree as to the validity and amount of your claim, your claim will proceed to litigation before the Court or to United States Magistrate Judges (the "<u>Claims Adjudication Judges</u>").

The ADR Status Notice will notify the Title III Court that you and the Debtor have reached an impasse to resolution. The Debtor will serve you with a copy of the ADR Status Notice. The Title III Court will then refer your claim for adjudication by a Claims Adjudication Judge. You will then begin the process of submitting a Notice of Submission of Documents.

*-- Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure –*

Within forty-five (45) days of receiving the ADR Status Notice and the Title III Court referring your claim to a Claims Adjudication Judge, both you and the Debtor will file with the Claims Adjudication Judge a Notice of Submission of Documents (the "Document Submission Notice").

**What is a Document Submission Notice?**

If you do not reach an agreement during the offer and counter-offer process, you will need to file a Document Submission Notice with the Claims Adjudication Judge. Your Document Submission Notice is limited to five (5) pages in length and must contain the following information.

(i)   Contact Information. The Document Submission Notice must include, to the extent available, a **name**, **address**, **telephone number**, and **email address** of either (1) the responding claimant; (2) the claimant's attorney or designated representative, if any; or (3) the party with authority to reconcile, settle, or otherwise resolve the Claim on the claimant's behalf.

(ii)   Caption. The Document Submission Notice must contain a caption stating the name of the Court, the names of the Debtors, the case number, and the proof of claim number(s) related thereto from Prime Clerk (which are listed on Exhibit A to this ADR Eligibility Notice and available free online at https://cases.primeclerk.com/puertorico).

(iii)   Reason(s) in Support of Your Position. The Document Submission Notice must contain a concise statement setting forth the reasons why the Court should allow your Claim, including the factual and legal bases upon which the claimant will rely.

(iv)   Supporting Documentation. The Document Submission Notice should include a copy of any other documentation or other evidence of the claim submitted to [Debtor], upon which the claimant will rely; provided, however, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the response; and provided, further, that the claimant shall disclose to [Debtor] all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints. **You may not submit any documents with the Document Submission Notice that you did not previously submit to the Debtors during the exchange of Offer(s) and Counter-Offer(s). This is why it is VERY IMPORTANT to include any and all documents that support your claim with your Counter-Offer(s)**.

Once a Claims Adjudication Judge is assigned, you will receive further information on how to file and serve your Document Submission Notice. A copy of the Document Submission Notice must be filed with the Claims Adjudication Judge and served on counsel for the Debtor.

**How Will My Claim Be Resolved by the Claims Adjudication Judge?**

Submissions made pursuant to a Document Submission Notice shall be treated as cross-motions for summary judgment. With respect to any Unresolved Claims, any document not previously submitted to the Commonwealth or such other Debtor, as the case may be, in connection with the Offer/Counter-Offer exchange process, may not be submitted to the Claims Adjudication Judges.

*-- Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure –*

Notwithstanding the foregoing, the Claims Adjudication Judge may request additional discovery and submission of additional documents.

Unless, in the sole discretion of the Claims Adjudication Judge, a genuine dispute of material fact exists, or unless otherwise requested by the Claims Adjudication Judge, all matters shall be taken on submission and the Claims Adjudication Judge shall render a ruling and enter an order as and when appropriate. If a Claims Adjudication Judge determines that oral argument is necessary with respect to a certain Claim, it will inform the parties and a written notice of such hearing shall be provided to such creditor. In the event that the Claims Adjudication Judge assigned to resolve a particular Claim is not located in San Juan, Puerto Rico and oral argument is required, appropriate video-conferencing services shall be made available. Upon an order of the Title III Court, the Debtors shall provide interpretation and translation services.

To the extent the Claims Adjudication Judges determine that further submissions and/or further argument are required, the Claims Adjudication Judges will inform the parties and provide a written notice of such hearing to such creditor. The burden remains on the Debtor to rebut the *prima facie* validity of a proof of claim.

Upon the voluntary consent of all parties, and to further promote the speedy and efficient resolution of claims, the Claims Adjudication Judge may conduct all proceedings with respect to a Claim and order the entry of a final judgment. That judgment may then be appealed directly to the United States Court of Appeals for the First Circuit.

**Reservation of Rights**. NOTHING IN THIS NOTICE AND THE ATTACHMENTS HERETO IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST IN THE TITLE III CASES TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, OR DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

| **Additional Resources and Who to Contact with Questions** |
| --- |

All documents filed in the Title III Cases, including copies of claims filed using CM/ECF, are available free online at https://cases.primeclerk.com/puertorico. This website is maintained by Prime Clerk and includes a searchable database to assist with locating documents.

If you require additional information regarding the Omnibus Objection, the status of your response, your claim, or this notice, please contact the Prime Clerk hotline at **(844) 822-9231** (toll free for U.S. and Puerto Rico) or **(646) 486-7944** (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available). Inquiries may also be sent via email to puertoricoinfo@primeclerk.com.

**Exhibit A**

**Schedule of Claims Eligible to Participate in Alternative Dispute Resolution Procedures**

**<u>Exhibit B</u>**

**Election Form for Alternative Dispute Resolution Procedures**

**PLEASE CAREFULLY REVIEW THIS FORM AND THE NOTICE OF ELIGIBILITY TO PARTICIPATE IN THE ALTERNATIVE CLAIMS RECONCILIATION PROCEDURES TO DETERMINE HOW SUBMITTING THIS FORM AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

### ELECTION FORM FOR
### ALTERNATIVE DISPUTE RESOLUTION PROCEDURE

**BY SUBMITTING THIS FORM, YOU MAY ELECT <u>NOT</u> TO PARTICIPATE IN THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**IF YOU DO <u>NOT</u> SUBMIT THIS FORM, YOU WILL BE DEEMED TO HAVE <u>ELECTED TO PARTICIPATE</u> IN ALTERNATIVE DISPUTE RESOLUTION. YOUR CLAIM WILL BE PROCESSED PURSUANT TO THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURES, AS SET FORTH IN THE ACCOMPANYING *NOTICE OF INTENT TO TRANSFER TO THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.* BY PARTICIPATING IN THE ALTERNATIVE DISPUTE RESOLUTION PROCEDURE, YOU WILL BE WAIVING YOUR RIGHT TO HAVE THE TITLE III JUDGE HEAR YOUR CLAIM.**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, ERS, and HTA, the "Debtors," and each individually, a "Debtor") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

PLEASE REVIEW THE MOTION CAREFULLY AND CONSULT WITH YOUR
ATTORNEY BEFORE DECIDING WHETHER OR NOT TO COMPLETE THIS FORM.
IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.
If you have questions about the *Notice of Intent to Transfer to the Alternative
Dispute Resolution Procedure* or this form, please contact: **Prime Clerk LLC
at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944
(international), available 10:00 a.m. to 7:00 p.m. (AST) (Spanish available).**

## Alternative Dispute Resolution Procedure Election

To <u>decline</u> to participate in the Alternative Dispute Resolution Procedure, you <u>must</u> sign and date the bottom of this form and file the completed form with the United States District Court for the District of Puerto Rico by [**Date**]. Every form should be filed with the Court on the docket of *In re Commonwealth of Puerto Rico*, Case No. 17 BK 3283-LTS.

To <u>elect</u> to participate in the Alternative Dispute Resolution Procedure, you must sign and date the bottom of this form, check the box marked "Yes," and file the form with the Court. Additionally, if you do nothing and do not return this form, you will be deemed to have elected to participate in the Alternative Dispute Resolution Procedure.

There are three methods that you can use to file your form:

1. **Online**.  Registered users of the Court's case filing system may file their response electronically.

2. **By Mail**.  If you are not an attorney who is a registered user of the Court's case filing system, you may file and serve a response by mailing it to the Court's Clerk's office at the following address:

   > Clerk's Office
   > United States District Court
   > Room 150 Federal Building
   > San Juan, Puerto Rico 00918-1767

3. **In person**: you may file a response in person at the following address:

   > Clerk's Office
   > United States District Court
   > #150 Chardon Avenue
   > Federal Building
   > San Juan, Puerto Rico 00918

*-- Election Form to Participate in Alternative Dispute Resolution Procedure –*

> **To opt out of the Alternative Dispute Resolution Procedure, your completed form <u>must</u> be filed with the Court, electronically, by mail, or in person, by <u>[DATE], 2019,</u> unless otherwise extended by the Debtor, in writing, or upon a written request to the Court and order of the Court extending the deadline.**

## Acknowledgment & Election Regarding
## <u>Alternative Dispute Resolution Procedure</u>

**I, <u>&lt;MERGE FIELD&gt;</u>, acknowledge that I have reviewed this form and the *Notice of Intent to Transfer to the Alternative Dispute Resolution Procedure.***

**CHECK ONE:**

**_____ Yes, I elect to participate in the Alternative Dispute Resolution Procedure.  I understand that, by making this election and signing this form, I waive the right to a full evidentiary hearing before the Title III Court.  I consent to have my Claim No. &lt;MERGE FIELD&gt; heard by a United States Magistrate Judge and waive the right to appeal the United States Magistrate Judge's decision to the Title III Court.**

**_____     No, I am electing <u>NOT</u> to participate in the Alternative Dispute Resolution Procedure to resolve my Claim No(s). <u>&lt;MERGE FIELD&gt;</u>.**

**Date: _____**

**Signature: _____**

**Printed Name: _____**

3

## <u>ANEXO 2</u>

**Versiones en inglés y en español del Formulario de Notificación de Elegibilidad para
Participar en Procedimientos de Resolución Alternativa de Disputas**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso: | PROMESA |
| | Título III |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | No. 17 BK 3283-LTS |
| | (Administrados en forma conjunta) |
| como representante del | |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*, | |
| Deudores.[11] | |

**NOTIFICACIÓN DE LA INTENCIÓN DE SOMETERSE AL**
**PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS**

**USTED RECIBE ESTA NOTIFICACIÓN DE INTENCIÓN DE SOMETERSE AL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS ("NOTIFICACIÓN") PORQUE EL DEUDOR HA DETERMINADO QUE SU RECLAMACIÓN CUMPLE LOS REQUISITOS PARA QUE SEA RESUELTO MEDIANTE UN PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS. LEA ESTA NOTIFICACIÓN Y LOS ANEXOS QUE LA ACOMPAÑAN CUIDADOSAMENTE PARA DETERMINAR SI ESTO AFECTA A SU(S) RECLAMACIÓN(ES).**

**Esta Notificación solo se aplica a las reclamaciones que figuran en el Anexo A a la Notificación. Si su reclamación figura en la lista del Anexo A, usted debe leer la Notificación cuidadosamente y analizarlo con su abogado. Si no tiene un abogado, es conveniente que consulte uno.**

---

[11] Los Deudores en estos casos al amparo del Título III, junto con el número de caso del Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico ("Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA)", y conjuntamente con el Estado Libre Asociado, ERS y HTA, los "Deudores," y cada uno individualmente, un "Deudor") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747). (Los números de Casos en virtud del Título III se mencionan como números de Casos de quiebra debido a limitaciones del software).

**Si tiene alguna pregunta, contacte a <u>Prime Clerk LLC al (844) 822-9231 (número de llamada gratuita para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas internacionales)</u>, disponible de 10:00 a.m. a 7:00 p.m. (Hora Estándar del Atlántico) (Disponible en español).**

## <u>DESCRIPCIÓN DEL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS</u>

- ### <u>RECLAMACIONES PARA RESOLVER LAS RECLAMACIONES MEDIANTE EL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS</u>

El procedimiento de resolución alternativa de disputas ("<u>Procedimiento de Resolución Alternativa de Disputas</u>") ha estado establecido por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "<u>Tribunal que entiende en casos al amparo del Título III</u>") para resolver de manera eficiente las reclamaciones contra los Deudores en casos al amparo del Título III. Solo determinadas reclamaciones son adecuadas para la resolución mediante procedimientos de Resolución Alternativa de Disputas. Las reclamaciones que figuran en la lista del <u>Anexo A</u> a la Notificación son adecuadas para la resolución mediante el procedimiento de Resolución Alternativa de Disputas.

- ### <u>PARTICIPACIÓN VOLUNTARIA</u>

El Procedimiento de Resolución Alternativa de Disputas es **<u>voluntario</u>**. Usted **<u>NO</u>** está obligado a participar en el Procedimiento de Resolución Alternativa de Disputas. Si usted <u>no</u> elige participar en el Procedimiento de Resolución Alternativa de Disputas, su reclamación quedará pendiente para ser resuelta por el Tribunal del Título III. Para optar por no participar en el Procedimiento de Resolución Alternativa de Disputas, usted **<u>debe</u>** devolver el *Formulario de Elección para Rechazar el Procedimiento de Resolución Alternativa de Disputas* (el "<u>Formulario de Elección</u>"), una copia del cual se adjunta al presente como **Anexo B**, a Prime Clerk, LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022. La fecha límite para presentar el Formulario de Elección es **[FECHA]**.

- ### <u>FORMULARIO DE ELECCIÓN</u>

Si desea participar en el Procedimiento de Resolución Alternativa de Disputas, puede firmar y devolver el *Formulario de Elección para Procedimientos de Resolución de Disputas* (el "<u>Formulario de Elección</u>"), una copia del cual se adjunta como **Anexo B**, a Prime Clerk, LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022. SI USTED ELIGE QUE SE RECLAMARÁN SUS RECLAMACIONES A TRAVÉS DEL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS, USTED ACEPTARÁ QUE SU RECLAMACIÓN SEA ESCUCHADA POR UN JUEZ MAGISTRADO DE LOS ESTADOS UNIDOS Y RENUNCIARÁ A SU DERECHO A APELAR LA DECISIÓN DEL JUEZ MAGISTRADO DE LOS ESTADOS UNIDOS A LA TRIBUNAL DEL

TÍTULO III.

Para elegir no participar en el Procedimiento de Resolución Alternativa de Disputas, **tienes** que devolver el Formulario de Elección E indicar que DECLINA PARTICIPAR EN el Procedimiento de Resolución Alternativa de Disputas.  La fecha límite para enviar el formulario de elección es **[FECHA].**

- **EFECTOS DE NO RESPONDER A ESTE FORMULARIO**

**SI USTED <u>NO</u> RESPONDE A ESTA NOTIFICACIÓN, SE CONSIDERARÁ QUE USTED HA <u>ELEGIDO PARTICIPAR</u> EN EL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS.**  Sin embargo, si no responde a este aviso y se considera que ha elegido participar, conservará su derecho a apelar la decisión del Juez Magistrado de los Estados Unidos ante el Tribunal del Título III.

- **QUÉ SUCEDE SI USTED ELIGE PARTICIPAR**

Revise cuidadosamente las siguientes páginas para asegurarse de entender el Procedimiento de Resolución Alternativa de Disputas.  Durante este proceso, los Deudores examinarán la documentación que usted envíe en relación con su reclamación, y procurarán llegar a un acuerdo sobre la validez y el monto de su reclamación a través de un procedimiento simplificado que no requiera litigar ante el Tribunal del Título III. Si usted y los Deudores no pueden llegar a un acuerdo sobre la validez y el monto de su reclamación, su reclamación se escuchará en un procedimiento simplificado ante un juez magistrado asignado por el Tribunal del Título III ("<u>Juez de Adjudicación de Reclamaciones</u>"). El Juez de Resolución de Reclamaciones solo determinará el monto de su reclamación, y no determinará si usted tiene derecho a daños punitivos o un alivio equitativo.

- **RENUNCIA DE DERECHOS AL ELEGIR PARTICIPAR**

**Si usted firme y devuelva el Formulario de Elección y elige que su reclamación se resuelva mediante un Procedimiento de Resolución Alternativa de Disputas, usted renuncia al derecho a una audiencia probatoria completa ante el Tribunal del Título III.  Usted aceptará que su reclamación sea tramitada ante un Juez Magistrado de los Estados Unidos y renunciará al derecho a apelar la decisión de dicho Juez Magistrado de los Estados Unidos ante al Tribunal del Título III.**

## DESCRIPCIÓN PORMENORIZADA DEL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS

- **Paso 1—Oferta:** El Deudor tiene 60 días desde el diligenciamiento de esta Notificación de Resolución Alternativa de Disputas para enviarle a usted una propuesta para resolver su reclamación.

- **Paso 2—Aceptación o contraoferta:** Usted tiene 25 días desde que recibió la propuesta del Deudor para aceptarla, o rechazarla y enviar al Deudor una contraoferta. Si usted acepta la oferta del Deudor, el Tribunal del Título III será notificado de que usted y el Deudor han llegado a un acuerdo sobre el monto admitido de su reclamación. Luego se le pagaría de conformidad con los términos y condiciones del plan de ajuste para el Deudor correspondiente.

  Si usted envía al Deudor una contraoferta, esa contraoferta debe ser un monto que, de ser aceptado por el Deudor, determinaría a su criterio el monto de la reclamación. Al enviar la contraoferta, usted **debe** incluir con la contraoferta todos y cada uno de los documentos que usted tiene en respaldo de su reclamación. **USTED DEBE ENVIAR TODA LA DOCUMENTACIÓN QUE RESPALDE SU RECLAMACIÓN JUNTO CON SU CONTRAOFERTA. SI USTED NO ENVÍA UN DOCUMENTO CON SU CONTRAOFERTA, NO PODRÁ FUNDAR SU RECLAMACIÓN EN DICHO DOCUMENTO ANTE ESTE O CUALQUIER OTRO TRIBUNAL.**

  Si usted rechaza la oferta y envía al Deudor una contraoferta, usted continuará con el siguiente paso.

- **Paso 3—Aceptación o rechazo de la contraoferta:** El Deudor tiene 30 días desde la recepción de su contraoferta para aceptarla o rechazarla. Si el Deudor acepta su contraoferta, se notificará al Tribunal del Título III que usted y el Deudor han llegado a un acuerdo sobre el monto admitido de su reclamación. El Deudor podrá rechazar su contraoferta y enviarle una nueva contraoferta, en cuyo caso usted tendrá otros [25] días adicionales para aceptar o rechazar la nueva contraoferta. Si usted y el Deudor no logran llegar a un acuerdo, entonces se pasará al siguiente paso.

- **Paso 4—Remisión a un Juez Magistrado**: Dentro de los 60 días de haber llegado a un punto muerto en la negociación, el Deudor presentará ante el Tribunal del Título III una notificación, que también diligenciará a usted, explicando que las partes no han logrado llegar a un acuerdo sobre el valor de la reclamación (la "Notificación sobre el Estado de la Resolución Alternativa de Disputas"). Una vez recibida la Notificación sobre el Estado de la Resolución Alternativa de Disputas, el Tribunal del Título III emitirá su reclamación para que sea liquidada por el Juez de Resolución de Reclamaciones".

- **Paso 5—Presentación de notificaciones de envío de documentos**—Dentro de los 45 días de que el Tribunal del Título III lo remitiera a usted y al Deudor al Juez de Resolución de Reclamaciones, usted y el Deudor deberán presentar una

4

*-- Notificación de la Intención de Someterse al Procedimiento de Resolución Alternativa de Disputas –*

Notificación de envío de documentos ("Notificaciones de Envío de Documentos"), que incluirán una declaración (con una longitud de cinco (5) páginas o menos) que fundamenten sus respectivas posiciones, además de toda documentación que usted haya presentado a los Deudores en respaldo de su reclamación. **Usted no podrá presentar al Juez de Resolución de Reclamaciones ningún documento que no haya presentado a los deudores durante los Pasos 1, 2 y 3.**

- **Paso 6—Decisión del Juez de Resolución de Reclamaciones**: Tras recibir las Notificaciones de Envío de Documentos, el Juez de Resolución de Reclamaciones determinará, a su entera discreción, si existe un hecho material controvertido en relación con su reclamación. Si no hubiese un hecho material controvertido, el Juez de Resolución de Reclamaciones decidirá sobre la validez y el importe admitido de su reclamación. Si existiere un hecho material controvertido, el Juez de Resolución de Reclamaciones podrá celebrar una audiencia probatoria o solicitar la presentación de pruebas o documentos adicionales para resolver la controversia. En última instancia, el Juez de Resolución de Reclamaciones decidirá sobre la validez y el monto admitido, si lo hubiere, de su reclamación. El Juez de Resolución de Reclamaciones no determinará ni la prioridad ni la clasificación de su reclamación ni si usted también tiene derecho a daños punitivos o un alivio equitativo.

- **Paso 7—Derecho de apelación:** Usted y el Deudor tendrá derecho a apelar la decisión del Juez de Resolución de Reclamaciones ante el Tribunal del Título III , y luego apelar la decisión del Tribunal del Título III ante el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito.

## ¿Quién es elegible para el Procedimiento de Resolución Alternativa de Disputas?

Esta Notificación solo se aplica a las reclamaciones que figuran en la lista del **Anexo A** a la Notificación. Si su reclamación figura en la lista del **Anexo A** a la Notificación, los Deudores pretenden resolver su reclamación mediante el Procedimiento de Resolución Alternativa de Disputas.

**Si su reclamación NO está en la lista del Anexo A, su reclamación no se verá afectada por esta Notificación, y NO será necesario que haga nada.** Las copias de la Notificación y del Anexo A adjuntos al presente, junto con todas las demás presentaciones en los Casos al amparo del Título III están disponibles de forma gratuita en línea en https://cases.primeclerk.com/puertorico.

## Cómo participar en el Procedimiento de Resolución Alternativa de Disputas

**El Formulario de Elección.** Si usted desea participar en el Procedimiento de Resolución Alternativa de Disputas, por favor firme y presente el Formulario de Elección indicando su deseo de participar. Si usted no hace nada y no devuelva el Formulario de Elección, se considerará que usted ha elegido participar en el Procedimiento de Resolución Alternativa de Disputas.

**Cómo presentar el Formulario de Elección.**  El Formulario de Elección debe presentarse por medios electrónicos ante el Tribunal en el legajo del caso *Estado Libre Asociado de Puerto Rico*, Caso No. 17 BK 3283-LTS.  Existen dos métodos que usted puede emplear para presentar su respuesta:

3. **En línea**.  Los usuarios registrados del sistema de archivo de casos del Tribunal deben presentar su respuesta de forma electrónica en formato PDF con opción de búsqueda.

4. **Por correo postal**.  Si usted no es un abogado que sea usuario registrado del sistema de archivo de casos del Tribunal, puede presentar y notificar una respuesta mediante correo postal a la oficina del Secretario del Tribunal, el Comité de Supervisión y el Comité de Acreedores, a los siguientes domicilios:

> Oficina del Secretario
> Tribunal de Distrito de los Estados Unidos
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767

> Abogado de la Junta de Supervisión
> Proskauer Rose LLP
> Eleven Times Square
> New York, New York 10036-8299
> Atención: Martin J. Bienenstock
> Brian S. Rosen

> Abogado del Comité de Acreedores
> Paul Hastings LLP
> 200 Park Avenue
> New York, New York 10166
> Atención: Luc A. Despins
> James Bliss
> James Worthington
> G. Alexander Bongartz

SU FORMULARIO DE ELECCIÓN debe ser enviado de modo que sea recibido por la Oficina del Secretario, la Junta de Supervisión y el Comité de Acreedores antes de las **4:00 pm (Hora Estándar del Atlántico)** del **[FECHA] de 2019**, a menos que el plazo sea prorrogado por el Deudor, por escrito, o previa solicitud por escrito al Tribunal y resolución de este prorrogando la fecha límite.

Si no le es posible presentar y diligenciar el Formulario de Elección en línea o por correo como se especifica arriba, puede presentar su respuesta en persona en la siguiente dirección antes de las **4:00 pm (Hora Estándar del Atlántico)** del **[FECHA] de 2019**, a menos que el plazo sea prorrogado por el Deudor, por escrito, o previa solicitud por escrito al Tribunal y resolución de este prorrogando la fecha límite:

> Oficina del Secretario

Tribunal de Distrito de los Estados Unidos
#150 Chardon Avenue
Federal Building
San Juan, Puerto Rico 00918

Junto con el Formulario de Elección, debe incluirse un certificado de diligenciamiento donde se explique cómo fue notificado.

Si tiene cualquier pregunta sobre cómo presentar y notificar una respuesta, incluso preguntas sobre el sistema de archivo de casos del Tribunal, póngase en contacto con **la línea de ayuda de Prime Clerk** al **(844) 822-9231**.

## ¿Qué sucede si NO deseo participar en el Procedimiento de Resolución Alternativa de Disputas?

Si su Reclamación reúne las condiciones para participar del Procedimiento de Resolución Alternativa de Disputas, y tras examinar esta Notificación, usted decide <u>no</u> participar en el Procedimiento de Resolución Alternativa de Disputas, usted debe completar y devolver a Prime Clerk, LLC, el Formulario de Elección, una copia del cual se adjunta al presente como **Anexo B**.

**Fecha límite para rehusarse a participar.**  Su Formulario de Elección debe ser presentado y servido para que **sea recibido** por Prime Clerk, LLC, en nombre de los Deudores, antes de **[Fecha]**, a menos que la fecha límite sea prorrogada por los Deudores por escrito.

## Información detallada sobre lo que sucede durante el Procedimiento de Resolución Alternativa de Disputas

### ¿Qué es una la Resolución Alternativa de Disputas?

La Resolución Alternativa de Disputas, a menudo referida como ADR en inglés, es un procedimiento mediante el cual las partes intentan resolver sus diferencias sin las demoras y los gastos que implican un litigio.  En el Procedimiento ADR que aquí se describe, los Deudores procurarán, previo examen de la documentación que usted presente, acordar la validez y el importe de una parte o de la totalidad de su reclamación mediante un procedimiento simplificado que no requiera litigar ante el Tribunal del Título III.

### El proceso de oferta y contraoferta

El Deudor le hará una oferta (la "<u>Oferta</u>") para resolver su reclamación dentro de los 30 días de recibido el diligenciamiento de esta Notificación.

Usted tendrá 25 días desde la recepción de la Oferta para elegir si (1) acepta la Oferta, firmando y entregando una estipulación proporcionada por el Deudor, o (2) presentar una contraoferta (la "<u>Contraoferta</u>").  La Contraoferta solo puede ser un monto que, de ser aceptado por el Deudor, usted aceptará como liquidación definitiva de su Reclamación.  Si usted no responde a la Oferta dentro de los 25 días, se considerará que ha rechazado la Oferta.

Junto con su contraoferta debe enviar **todo y cada uno** de los documentos que respaldan su reclamación y que no hubiesen sido inicialmente proporcionados con la evidencia de reclamación. Como mínimo, usted debe proporcionar copias de alguno de los siguientes documentos si se aplican a su reclamación:

- Contratos o números de orden de compra relacionados con su reclamación;

- Todas las presuntas facturas impagas;

- Constancia de entrega de bienes relacionados con las presuntas facturas impagas;

- Arrendamientos relacionados con la presunta renta adeudada.

**<u>TODA</u> LA DOCUMENTACIÓN DE RESPALDO DE SU RECLAMACIÓN DEBE PRESENTARSE CON ESTA CONTRAOFERTA Y/O LA EVIDENCIA INICIAL DE RECLAMACIÓN. USTED RENUNCIARÁ A LA POSIBILIDAD DE FUNDAMENTAR SU RECLAMACIÓN EN LA DOCUMENTACIÓN QUE <u>NO</u> HAYA PRESENTADO A LOS DEUDORES CON ESTE FORMULARIO Y QUE NO SE HAYA INCLUIDO CON LA EVIDENCIA INICIAL DE RECLAMACIÓN.**

Dentro de los treinta 30 días de recibida la Contraoferta, [Deudor] podrá (1) aceptar su Contraoferta, al firmar y entregar una estipulación en la que demuestre su acuerdo con el dicho monto, o (2) rechazar su Contraoferta entregando una notificación en la que informe que la Contraoferta no es aceptable. Si el Deudor no responde a la Contraoferta dentro de los treinta 30 días, se considerará que ha rechazado la Contraoferta.

El Deudor puede optar por presentar su propia contraoferta (la "<u>Nueva Contraoferta</u>") para que usted la evalúe. Si el Deudor envía una Nueva Contraoferta, usted tendrá 25 desde su recepción para aceptar o rechazar la Nueva Contraoferta.

Todas las ofertas, contraofertas y demás comunicaciones e intercambio de información en relación con ellas serán confidenciales, estará sujeta a la Regla 408 del Reglamento Federal de Evidencia, no constituirá una admisión de responsabilidad de ninguna de las partes, no se divulgará a persona, tribunal o corte alguna, y solo se podrá utilizar en relación con el Procedimiento ADR.

**<u>¿Qué sucede cuando las Partes llegan a un acuerdo?</u>**

Si usted y el Deudor llegan a un acuerdo durante el proceso de oferta y contraoferta descripto anteriormente, el Deudor notificará al Tribunal del Título III en una notificación quincenal (una "<u>Notificación del Estado de ADR</u>") en la que informe que su reclamación se ha resuelto (la "<u>Reclamación Resuelta</u>"). El Deudor habrá de presentar una estipulación, ordenada por el Tribunal, en relación con la Reclamación Resuelta. Se tomará nota de la Reclamación Resuelta en el registro de reclamaciones de Casos al amparo del Título III.

**Las distribuciones o pagos respecto de Reclamaciones Resueltas podrán efectuarse de conformidad con las disposiciones del plan de ajuste del Deudor correspondiente.**

**¿Qué sucede si las Partes no llegan a un acuerdo sobre el monto?**

Si, después de intercambiar ofertas y contraofertas, usted y el Deudor no logran ponerse de acuerdo sobre la validez y el monto de su reclamación, dicha reclamación se someterá a un proceso judicial ante el Tribunal del Título III o Jueces Magistrados de los Estados Unidos (los "Jueces de Resolución de Reclamaciones").

La Notificación de Estado de la Resolución Alternativa de Disputas informará al Tribunal del Título III que usted y el Deudor han llegado a un punto muerto en la resolución. El Deudor le remitirá una copia de la Notificación del Estado de la Resolución Alternativa de Disputas. El Tribunal del Título III remitirá entonces su reclamación para que sea resuelta por un Juez de Resolución de Reclamaciones. De esa forma, usted comenzará el proceso de presentación de una Notificación de Envío de Documentos.

Dentro de los cuarentaicinco (45) días de recibir la Notificación del Estado de la Resolución Alternativa de Disputas y de que el Tribunal del Título III remitiera su reclamación a un Juez de Resolución de Reclamaciones, tanto usted como el Deudor deberán presentar a dicho Juez una Notificación de Envío de Documentos (la "Notificación de Envío de Documentos").

**¿Qué es una Notificación de Envío de Documentos?**

Si usted no llega a un acuerdo durante el proceso de oferta y contraoferta, usted tendrá que presentar una Notificación de Envío de Documentos ante el Juez de Resolución de Reclamaciones. Su Notificación de Envío de Documentos se limita a cinco (5) páginas y debe incluir la siguiente información.

(v)   Información de contacto. La Notificación de Envío de Documentación debe incluir, en la medida en que esté disponible, **nombre**, **dirección**, **número de teléfono**, y **dirección de correo electrónico** del (1) reclamante que responde; (2) el abogado o representante designado del reclamante, si lo hubiera, o (3) la parte con facultades para conciliar, liquidar, o de otro modo resolver la Reclamación en nombre del reclamante.

(vi)   Leyenda. La Notificación de Envío de Documentos debe incluir una leyenda que indique el nombre del Tribunal, los nombres de los Deudores, el número de caso, y el(los) número(s) de las evidencias de reclamación relacionados con el caso de Prime Clerk (que se figuran en el Anexo A a esta Notificación de Elegibilidad para ADR y está disponible de forma gratuita en línea, en https://cases.primeclerk.com/puertorico).

(vii)   Fundamento(s) para respaldar su posición. La Notificación de Envío de Documentos debe contener una declaración concisa que define las razones por las cuales el Tribunal debería admitir su Reclamación, que incluyan los fundamentos jurídicos y fácticos en los que el reclamante se basa.

(viii)   Documentación de respaldo. La Notificación de Envío de Documentación debe incluir una copia de otra documentación u otras evidencias de la reclamación presentadas a [Deudor], en los que el reclamante habrá de basarse; disponiéndose, sin embargo , que el reclamante no está obligado a divulgar información confidencial, propia o de otro modo protegida en la respuesta; y con la salvedad,

9

*-- Notificación de la Intención de Someterse al Procedimiento de Resolución Alternativa de Disputas –*

<u>asimismo</u> , de que el reclamante habrá de divulgar a [Deudor] toda la información y proporcionar copias de todos los documentos que el reclamante considera que son confidenciales, propios o de otro modo protegidos y en los que el reclamante pretende basar su reclamación, con sujeción a restricciones de confidencialidad pertinentes. **No podrá presentar documentos con la Notificación de Envío de Documentos que no haya presentado anteriormente a los Deudores durante el intercambio de Oferta(s) y Contraoferta(s). Por ese motivo es MUY IMPORTANTE incluir todos y cada uno de los documentos que respaldan su reclamación al presentar la Contraoferta**.

Una vez que se asigna el Juez de Resolución de Reclamaciones, usted recibirá más información sobre cómo presentar y diligenciar su Notificación de Envío de Documentación. Debe presentarse una copia de la Notificación de Envío de Documentos al Juez de Resolución de Reclamaciones y diligenciarse al asesor legal del Deudor.

**¿Cómo resolverá mi Reclamación el Juez de Resolución de Reclamaciones?**

Las presentaciones realizadas con arreglo a una Notificación de Envío de Documentos serán consideradas pedimentos para fallos sumarios. En lo que respecta a las Reclamaciones sin Resolver, cualquier documento que no haya sido presentado previamente al Estado Libre Asociado o a otro Deudor, según corresponda, en relación con el proceso de intercambio de Oferta/Contraoferta, no podrá presentarse al Juez de Resolución de Reclamaciones. No obstante lo antedicho, el Juez de Resolución de Reclamaciones puede solicitar pruebas adicionales y la presentación de documentos adicionales.

A menos que, a entera discreción del Juez de Resolución de Reclamaciones, existan hechos materiales controvertidos, o a menos que de otro modo lo solicite el Juez de Resolución de Reclamaciones, todas las cuestiones se aceptarán como fueron entregadas y el Juez de Resolución de Reclamaciones dictará y asentará una resolución cuando fuera adecuado. Si el Juez de Resolución de Reclamaciones determina que es necesario un alegato oral en relación con determinada Reclamación, les informará a las partes y se remitirá una notificación por escrito de dicha audiencia al acreedor pertinente. En el caso de que el Juez de Resolución de Reclamaciones designado para resolver una Reclamación en particular que no esté localizado en San Juan, Puerto Rico, y se requiera un alegato oral, se pondrán a disposición de las partes los servicios de video-conferencia. Previa decisión del Tribunal del Título III, los Deudores podrán disponer servicios de interpretación y traducción.

En la medida en que los Jueces de Resolución de Reclamaciones determinen que se deben realizar presentaciones y/o alegados adicionales, los Jueces informarán a las partes y enviarán una notificación por escrito de la audiencia al acreedor pertinente. La carga de la prueba permanece en el Deudor quien debe refutar *prima facie* la validez de la evidencia de reclamación.

Previo consentimiento voluntario de todas las partes, y a fin de agilizar y promover la eficiencia de la resolución de las reclamaciones, el Juez de Resolución de Reclamaciones puede llevar a cabo todos los actos procesales en relación con una Reclamación y ordenar que se registre la sentencia. La sentencia podrá ser apelada directamente al Tribunal de Apelación de Estados Unidos para el Primer Circuito.

**Reserva de Derechos**.   NINGUNA PARTE DE ESTA OBJECIÓN COLECTIVA O NOTIFICACIÓN CONSTITUYE O HABRÁ DE INTERPRETARSE COMO UNA RENUNCIA A NINGUNO DE LOS DERECHOS DE [DEUDOR], O DE CUALQUIER OTRA PARTE INTERESADA EN ESTOS CASOS AL AMPARO DEL TÍTULO III, DE DISPUTAR RECLAMACIONES, FORMULAR RECONVENCIONES, RECLAMAR DERECHOS DE COMPENSACIÓN O REEMBOLSO, PRESENTAR DEFENSAS, OBJETAR RECLAMACIONES (U OTRAS RECLAMACIONES O CUESTIONES DE FONDO DE UN RECLAMANTE) CON CUALQUIER FUNDAMENTO NO EXPUESTO PREVIAMENTE EN UNA OBJECIÓN, A MENOS QUE EL TRIBUNAL HAYA DESESTIMADO LA RECLAMACIÓN O RESUELTO DE OTRA FORMA, O A SOLICITAR LA ESTIMACIÓN DE CUALQUIER RECLAMACIÓN EN UNA FECHA POSTERIOR.   LAS PARTES AFECTADAS SERÁN DEBIDAMENTE NOTIFICADAS DE ELLO EN ESE MOMENTO.

---

**Recursos Adicionales y a Quién Contactar para formular Preguntas**

Todos los documentos presentados en los Casos iniciados al amparo del Título III, incluidas copias de las reclamaciones presentadas utilizando CM/ECF, se encuentran disponibles de forma gratuita en línea, en https://cases.primeclerk.com/puertorico.  Este sitio web es mantenido por Prime Clerk y contiene una base de datos apta para búsquedas para ayudar a localizar documentos.

Si necesita obtener información adicional sobre la Objeción Colectiva, el estado de su respuesta, su reclamación o este aviso, póngase en contacto con la línea de ayuda de Prime Clerk llamando al **(844) 822-9231** (sin cargo para EE.UU. y Puerto Rico), o al **(646) 486-7944** (para llamadas internacionales), disponible desde las 10:00 a.m. hasta las 7:00 p.m. (Hora Estándar del Atlántico) (Disponible en español).  Las consultas también pueden enviarse por correo electrónico a puertoricoinfo@primeclerk.com.

---

*-- Notificación de la Intención de Someterse al Procedimiento de Resolución Alternativa de Disputas –*

**<u>Anexo A</u>**

**Lista de Reclamaciones Elegibles para Participar en los Procedimientos de Resolución
Alternativa de Disputas**

**<u>Anexo B</u>**

**Formulario de Elección para Participar en Procedimientos de Resolución Alternativa de Disputas**

**EXAMINE CUIDADOSAMENTE ESTE FORMULARIO Y LA NOTIFICACIÓN DE ELEGIBILIDAD PARA PARTICIPAR EN LOS PROCEDIMIENTOS DE CONCILIACIÓN ALTERNATIVA DE RECLAMACIONES  A FIN DE DETERMINAR DE QUÉ MANERA EL ENVÍO DE ESTE FORMULARIO AFECTA SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta) |

## FORMULARIO DE ELECCIÓN PARA RECHAZAR EL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS

**AL ENVIAR ESTE FORMULARIO, PUEDE ELEGIR <u>NO</u> PARTICIPAR EN EL PROCEDIMIENTO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS.**

**SI USTED <u>NO</u> ENVÍE ESTE FORMULARIO, SE CONSIDERARÁ QUE USTED HA <u>ELEGIDO PARTICIPAR</u> EN LA RESOLUCIÓN ALTERNATIVA DE DISPUTAS.  SU RECLAMACIÓN SERÁ PROCESADA CON ARREGLO A LOS PROCEDIMIENTOS DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS, COMO SE INDICA EN LA *NOTIFICACIÓN DE INTENCIÓN DE SOMETERSE AL PROCEDIMIENTO DE***

---

[1] Los Deudores en estos casos al amparo del Título III, junto con el número de caso del Título III respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico ("Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA)", y conjuntamente con el Estado Libre Asociado, ERS y HTA, los "Deudores," y cada uno individualmente, un "Deudor") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747).   (Los números de Casos en virtud del Título III se mencionan como números de Casos de quiebra debido a limitaciones del software).

*RESOLUCIÓN ALTERNATIVA DE DISPUTAS.* <u>**AL PARTICIPAR EN EL PROCESO DE RESOLUCIÓN ALTERNATIVA DE DISPUTAS, USTED RENUNCIARÁ AL DERECHO A QUE UN JUEZ DEL TÍTULO III ESCUCHE SU RECLAMACIÓN**</u>**.**

**EXAMINE LA SOLICITUD CUIDADOSAMENTE Y CONSULTE CON SU ABOGADO ANTES DE DECIDIR SI COMPLETA O NO ESTE FORMULARIO.  SI NO TIENE UN ABOGADO, LE RECOMENDAMOS QUE CONSULTE A UNO.**

**Si tiene preguntas sobre la *Notificación de Intención de Someterse al Procedimiento Alternativo de Disputas* o este formulario, contacte a: <u>Prime Clerk LLC al (844) 822-9231 (llamada sin cargo desde Estados Unidos y Puerto Rico) o (646) 486-7944 (internacional), disponible de 10:00 a.m. a 7:00 p.m. (AST) (disponible en español).</u>**

## <u>Elección para Someterse al Procedimiento Alternativo de Disputas</u>

Para <u>rehusarse</u> a participar en el Procedimiento de Resolución Alternativa de Disputas, usted <u>debe</u> firmar e indicar la fecha al pie de este formulario y presentar el formulario completado ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico antes de [**Fecha**].  Cada formulario debe presentarse electrónicamente ante el Tribunal en el legajo del caso *Estado Libre Asociado de Puerto Rico*, Caso No. 17 BK 3283-LTS.

Para <u>elegir</u> participar en el Procedimiento de Resolución Alternativa de Disputas, usted debe firmar y fechar la parte inferior de este formulario, marcar la casilla "Sí" y presentar el formulario ante el Tribunal.  Además, si no hagas nada y no devuelvas este formulario, se considerará que ha elegido participar en el Procedimiento de Resolución Alternativa de Disputas.

Hay tres métodos que puede usar para presentar su formulario:

4. **En línea**.  Los usuarios registrados del sistema de archivo de casos del Tribunal pueden presentar su respuesta por medios electrónicos.

5. **Por correo postal**.  Si usted no es un abogado que no está registrado como usuario del sistema de archivo de casos del Tribunal, usted puede presentar y diligenciar una respuesta por correo postal a la oficina del Secretario del Tribunal a la siguiente dirección:

> Oficina del Secretario
> Tribunal de Distrito de los Estados Unidos
> Room 150 Federal Building
> San Juan, Puerto Rico 00918-1767

6. **En persona**: Puede presentar una respuesta en persona a la siguiente dirección:

> Oficina del Secretario
> Tribunal de Distrito de los Estados Unidos

#150 Chardon Avenue
Federal Building
San Juan, Puerto Rico 00918

**Para optar por no participar del Procedimiento de Resolución Alternativa de Disputas, su formulario completado <u>debe</u> presentarse ante el Tribunal, por medios electrónicos, por correo postal, o en persona antes de <u>[FECHA] de 2019,</u> a menos que el plazo sea prorrogado por el Deudor, por escrito, o previa solicitud por escrito al Tribunal y resolución de este prorrogando la fecha límite.**

3

### Reconocimiento y Elección Respecto
### <u>Procedimiento de Resolución Alternativa de Disputas</u>

**Yo, <u>\<MERGE FIELD\></u>, confirmo que he examinado este formulario y la *Notificación de Intención de Someterse al Procedimiento de Resolución Alternativa de Disputas*.**

**MARQUE UNO:**

**_____ Sí, yo elijo participar en el Procedimiento de Resolución Alternativa de Disputas. Yo entiendo que, al realizar esta elección y firmar este formulario, renuncio al derecho a una audiencia de prueba completa ante el Tribunal del Título III. Doy mi consentimiento para que un Juez Magistrado de los Estados Unidos escuche mi Reclamación No. \<MERGE FIELD\> y renuncio el derecho de apelar la decisión del Juez Magistrado de los Estados Unidos al corte del Título III.**

**_____ No, estoy eligiendo <u>NO</u> participar en el Procedimiento de Resolución Alternativa para resolver mi(s) Reclamación(es) No(s). \<<u>MERGE FIELD</u>\>.**

**Fecha: _____**

**Firma: _____**

**Aclaración: _____**

## **EXHIBIT 3**

**English and Spanish Versions of the Form of Proposed Mailing**

*-- Formulario de Elección para Participar en un Procedimiento de Resolución Alternativa de Disputas –*

Prime Clerk LLC
Commonwealth of Puerto Rico Supplemental Information Processing Center
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
T: (844) 822-9231
PRClaimsInfo@primeclerk.com

## *** Response Required ***

---

THIS LETTER RELATES TO A PROOF OF CLAIM YOU FILED AGAINST THE
GOVERNMENT OF PUERTO RICO IN ITS PROCEEDINGS UNDER THE PUERTO
RICO OVERSIGHT, MANAGEMENT, AND ECONOMIC STABILITY ACT.

PLEASE READ THIS LETTER CAREFULLY AND RESPOND IN ACCORDANCE
WITH THE INSTRUCTIONS BELOW.  FAILURE TO RESPOND MAY RESULT IN
THE DEBTORS TAKING LEGAL ACTION TO FULLY OR PARTIALLY DISALLOW
YOUR CLAIM.

---

[DATE], 2019

Re:     PROMESA Proof of Claim
        *In re Commonwealth of Puerto Rico*, Case No. 17-03283
        United States District Court for the District of Puerto Rico

Dear Sir or Madam:

This letter relates to a proof of claim you filed in the Title III cases (the "Title III Cases") against the
Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, or Employees
Retirement System of the Government of the Commonwealth of Puerto Rico (collectively, the "Debtors).
Prime Clerk LLC, maintains the official claims register in the Title III Cases for the United
States District Court in the District of Puerto Rico (the "Court"), and is reaching out to you on
behalf of the Debtors.

The Debtors' records reflect that you filed a proof of claim that was logged by Prime Clerk LLC
as Proof of Claim Number <CLAIM NUMBER>.  You may download a copy of your claim by
visiting Prime Clerk's website at: https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

Additional information is required in order for the Debtors to continue with assessing your claim.
The Debtors are unable to determine from the information you provided the basis for the claim
you are attempting to assert against one or more of the Debtors.  In responding to this letter,
please ensure that you provide all of the information requested and as much detail as possible
about your claim.  The descriptions you put on your proof of claim were too vague for the
Debtors to understand the claim you are trying to assert, so please provide more detail and do not
simply copy over the same information.

**Please respond to this letter on or before [DATE], 2019 by returning the enclosed
questionnaire with the requested information and documentation**.

6

Please send the completed form and any supporting documents via email to PRClaimsInfo@primeclerk.com, or by mail, hand delivery, or overnight mail to the following address:

Commonwealth of Puerto Rico Supplemental Information Processing Center
c/o Prime Clerk, LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

All supplemental information that you provide will be appended to your claim and appear on the official claims register.  If you do not respond to this request and do not provide the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim.

**If you have any questions about this letter or your claim, please call: Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available), or email PRClaimsInfo@primeclerk.com.**

PLEASE NOTE: Prime Clerk, LLC is the claims and noticing agent in the Title III Cases, and cannot provide legal or financial advice.

Thank you,

Prime Clerk, LLC

*Proof of Claim: <CLAIM NUMBER>*
*Claimant: <CLAIMANT NAME>*

## <u>INFORMATION REQUESTED TO PROCESS YOUR CLAIM</u>

**<u>Instructions</u>**

Please answer all four (4) questions and any applicable sub-questions.  Please include as much detail as possible in your responses.  **Your answers should provide <u>more</u> information than the initial proof of claim**.  For example, if you previously wrote as the basis for your claim "Ley 96," please elaborate now on what specific laws you are purporting to rely on, the year the law at issue was passed, and how and why you believe this particular law provides a basis for your claim.

Additionally, if available and applicable to your claim, please provide:

- Copy of a pleading, such as a Complaint or an Answer;
- Any unpaid judgment or settlement agreement;
- Written notice of intent to file a claim with proof of mailing;
- Any and all documentation you believe supports your claim.

Please send the completed form and any supporting documents via **email** to PRClaimsInfo@primeclerk.com, or by **mail or hand delivery** to the following address:

Commonwealth of Puerto Rico Supplemental Information Processing Center
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**<u>Questionnaire</u>**

**1. What is the basis of your claim?**

   ☐   A pending or closed legal action with or against the Puerto Rican government

   ☐   Current or former employment with the Government of Puerto Rico

   ☐   Other (Provide as much detail as possible below. Attach additional pages if needed.)

   _____

**2. What is the amount of your claim (how much money do you claim to be owed):**

   _____

**3. <u>Employment.</u>  Does your claim relate to current or former employment with the Government of Puerto Rico?**

   ☐   No.  *Please continue to Question 4.*

   ☐   Yes.  **Answer Questions 3(a)-(d).**

3(a).  Identify the specific agency or department where you were or are employed:

   _____

3(b).  Identify the dates of your employment related to your claim:

   _____

3(c).  Last four digits of your social security number: _____

3(d).  What is the nature of your employment claims (select all applicable):

- ☐   Pension

- ☐   Unpaid Wages

- ☐   Sick Days

- ☐   Union Grievance

- ☐   Vacation

- ☐   Other (Provide as much detail as possible.  Attach additional pages if necessary).

_____

_

_____

_

**4.  <u>Legal Action</u>.  Does your claim relate to a pending or closed legal action?**

- ☐   No.

- ☐   Yes.  **Answer Questions 3(a)-(e).**

4(a).  Identify the department or agency that is a party to the action.

_____

4(b).  Identify the name and address of the court or agency where the action is pending:

_____

4(c).  Case number: _____

4(d).  Title, Caption, or Name of Case: _____

4(d).  Status of the case (pending, on appeal, or concluded): _____

4(e).  Do you have an unpaid judgment? Yes  /  No  (Circle one)

      If yes, what is the date and amount of the judgment? _____

2

## <u>ANEXO 3</u>

**Versiones en inglés y en español del formulario del correo propuesto**

Prime Clerk LLC
Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto
Rico
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
Tel.: (844) 822-9231
PRClaimsInfo@primeclerk.com

## *** Se requiere respuesta ***

---

**ESTA CARTA SE RELACIONA CON UNA EVIDENCIA DE RECLAMACIÓN QUE
PRESENTÓ CONTRA EL GOBIERNO DE PUERTO RICO EN LOS
PROCEDIMIENTOS AL AMPARO DE LEY DE SUPERVISIÓN, ADMINISTRACIÓN Y
ESTABILIDAD DE PUERTO RICO.**

**LEA ESTA CARTA CUIDADOSAMENTE Y RESPONDA SEGÚN LAS
INSTRUCCIONES QUE SE INDICAN A CONTINUACIÓN. SI USTED NO
RESPONDE, LOS DEUDORES PODRÁN TOMAR MEDIDAS LEGALES PARA QUE
SU RECLAMACIÓN SEA TOTAL O PARCIALMENTE DESESTIMADA.**

---

[FECHA], 2019

Asunto:       Evidencia de reclamación en virtud de la ley PROMESA
              *En el caso Estado Libre Asociado de Puerto Rico*, Caso No. 17-03283
              Tribunal de Distrito de los Estados Unidos para el distrito de Puerto Rico

Estimado/a:

Esta carta se relaciona con una evidencia de reclamación que usted presentó en los casos al
amparo del Título III (los "Casos del Título III") contra el Estado Libre Asociado de Puerto Rico,
la Autoridad de Carreteras y Transportación de Puerto Rico, o Autoridad de Energía Eléctrica del
gobierno del Estado Libre Asociado de Puerto Rico (en conjunto, los "Deudores). Prime Clerk
LLC mantiene el registro oficial de reclamaciones en los Casos al amparo del Título III para el
Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (el "Tribunal"), y se
contacta con usted en representación de los Deudores.

Los registros del Deudor reflejan que usted ha presentado una evidencia de reclamación que ha
sido registrado por Prime Clerk LLC con el número de Evidencia de Reclamación <número de
Evidencia de Reclamación>. Usted puede descargar una copia de su reclamación visitando el
sitio web de Prime Clerk en: https://cases.primeclerk.com/puertorico/Home-ClaimInfo.

Se requiere información adicional para que los Deudores continúen evaluando su reclamación.
Los Deudores no pueden determinar a partir de la información que usted ha proporcionado los
fundamentos de la reclamación que pretende formular contra uno o más de los Deudores. En
respuesta a esta carta, asegúrese de proporcionar toda la información solicitada y todo el nivel de
detalle posible sobre su reclamación. Las descripciones que incluyó en su evidencia de
reclamación son demasiado vagas para que los Deudores comprendan la reclamación que trata de
formular; por ese motivo, proporcione más información y <u>no</u> se limite simplemente a copiar la
misma información.

4

**Responda a esta carta el [FECHA] de 2019 o con anterioridad, devolviendo el cuestionario adjunto con la información y documentación solicitada**.

Envíe el formulario completado y la documentación de respaldo por correo electrónico a PRClaimsInfo@primeclerk.com, o por correo, entrega en mano, o servicio de correo postal de 24 horas a la siguiente dirección:

Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto Rico
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

Toda la información complementaria que usted proporcione puede anexarse a su reclamación y aparecer en el registro oficial de reclamaciones.  Si usted no responde a esta solicitud y no proporciona la información y documentación solicitadas para fundamentar su reclamación, los Deudores podrán verse obligados a objetar su reclamación.

**Si tiene alguna pregunta acerca de esta carta o su reclamación, llame al Prime Clerk LLC al (844) 822-9231 (llamadas sin cargo desde Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas internacionales), disponible de 10:00 a.m. a 7:00 p.m. (Hora Estándar del Atlántico) (español disponible), o dirección de correo electrónico PRClaimsInfo@primeclerk.com.**

NOTA: Prime Clerk, LLC es el agente de reclamaciones y notificaciones en los Casos al amparo del Título III y no puede proporcionar asesoramiento legal o financiero.

Atentamente,

Prime Clerk, LLC

*Proof of Claim: <CLAIM NUMBER>*
*Claimant: <CLAIMANT NAME>*

## INFORMACIÓN SOLICITADA PARA PROCESAR SU RECLAMACIÓN

**Instrucciones**

Responda las cuatro (4) preguntas y subpreguntas aplicables.  Incluya el mayor nivel de detalle posible en sus respuestas**.  Sus preguntas deben proporcionar <u>más</u> información que la que se incluye en la evidencia de reclamación inicial**.  A modo de ejemplo, si usted escribió previamente como fundamento de su reclamación "Ley 96," tenga a bien explicar ahora en qué leyes específicas pretende basar su reclamación, el ano en que se aprobó la ley en cuestión, y cómo y por qué cree que esta ley en particular constituye fundamento de su reclamación.

Asimismo, si estuviera disponible y fuera aplicable a su reclamación, proporcione:

- Copia de un escrito inicial, como Demanda o Respuesta;
- Una sentencia o acuerdo de conciliación impago;
- Notificación por escrito de su intención de presentar una reclamación con constancia de envío por correo;
- Toda documentación que, a su juicio, fundamente su reclamación.

Envíe el formulario completado y documentos de respaldo por **correo electrónico** a PRClaimsInfo@primeclerk.com, o por **correo postal o entrega en mano** a la siguiente dirección:

Centro de procesamiento de información complementaria del Estado Libre Asociado de Puerto Rico
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**Cuestionario**

5. **¿Cuál es el fundamento de su reclamación?**

   □   Una acción legal pendiente de resolución o concluida con el gobierno de Puerto Rico o en contra de este

   □   Empleo actual o anterior en el gobierno de Puerto Rico

   □   Otro (indique el mayor nivel de detalle. Adjunte páginas adicionales de ser necesario.)

   _____

6. **¿Cuál es el monto de su reclamación (cuánto dinero reclama que se le adeuda):**

   _____

7. **Empleo.  ¿Su reclamo se relaciona con un empleo actual o anterior en el gobierno de Puerto Rico?**
   □   No. *Pase a la Pregunta 4.*

   □   Sí.  **Responda preguntas 3(a)-(d).**

1

3(a).  Identifique el organismo o departamento específico en el que trabaja o trabajó:

_____

3(b).  Identifique las fechas de su empleo en relación con su reclamación:

_____

3(c).  Últimos cuatro dígitos de su número de seguridad social:

_____

3(d).  Cuál es la naturaleza de sus reclamaciones de empleo (seleccione todo lo que sea aplicable):

      □    Jubilación

      □    Salarios impagos

      □    Días por enfermedad

      □    Queja con el sindicato

      □    Vacaciones

      □    Otro (Proporcione el mayor nivel de detalle posible. Adjunte páginas adicionales de ser necesario).

_____

_

_____

_

8.  **Acción legal.  ¿Su reclamación se relaciona con una acción juridicial cerrada o pendiente de resolución?**

      □    No.

      □    Sí.  **Responda Preguntas 3(a)-(e).**

4(a).  Identifique el departamento o agencia que es parte de esta acción.

_____

4(b).  Identifique el nombre y la dirección del tribunal o agencia en el que la acción está pendiente de resolución:

_____

4(c).  Número de caso:

_____

4(d).  Título, leyenda o nombre del caso:

_____

2

4(d).  Estado del caso (pendiente de resolución, en apelación, o cerrada):

_____

4(e).  ¿Tiene usted una sentencia impaga? Sí  /  No  (Marque una)

De ser así, ¿cuál es la fecha y el monto de la sentencia?

_____