UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER
(A) APPROVING AMENDED OMNIBUS OBJECTION PROCEDURES, (B) WAIVING
THE REQUIREMENT OF BANKRUPTCY RULE 3007(e), (C) APPROVING
ADDITIONAL FORMS OF NOTICE, AND (D) GRANTING RELATED RELIEF**

**To the Honorable United States District Judge Laura Taylor Swain**:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Electric Power Authority ("PREPA," and together with the Commonwealth, ERS, and HTA, the "Debtors," and each individually, a "Debtor"), by and through the Financial Oversight and Management Board for

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID:  3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:  8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID:  3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID:  9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID:  3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico (the "Oversight Board"), as the Debtors'[2] representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] respectfully submit this reply (the "Reply")[4] in opposition to the *Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* (the "Opposition"), filed by the Unofficial Committee of Unsecured Creditors ("UCC"), and respectfully state as follows:

## PRELIMINARY STATEMENT

1. In the main, the Objection contends that the Motion should be deferred or modified because no ADR process has been put in place, because approval of the Amended Omnibus Procedures would result in thousands of substantive claim disputes being litigated before the Court simultaneously. Those concerns have already been addressed by the filing of the Debtors' *Motion for Entry of an Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* (the "ADR Procedures Motion").

2. The ADR Procedures Motion seeks entry of an order that will provide a streamlined, efficient alternative dispute resolution procedure (the "ADR Procedure"). The ADR Procedure provides claimants a mechanism and timetable for the efficient exchange of offers and

---

[2] For purposes of this Motion only, and because COFINA has already reconciled substantially all of its proofs of claim, COFINA is not included among the Debtors seeking relief herein.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[4] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for Entry of an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* (the "Motion").

counteroffers to promote the speedy resolution of creditors' claims. If the parties are unable to reach an agreement, the ADR Procedure further provides a truncated discovery process and expeditious submission and determination of disputed claims before the Court. The Debtors currently expect that the ADR Procedure will permit the Debtors to efficiently resolve thousands, if not tens of thousands, of claims without the need for expensive, time-consuming litigation before this Court.

3. The ADR Procedure does not obviate the need for the Debtors to pursue substantive claim objections, however. Well over 100,000 claims have been filed against the Debtors. While the Debtors share the UCC's hope that the ADR Procedure will be an efficient means for resolving many claims, tens of thousands of those claims are not appropriate for ADR, either because they assert bond debt, because the information they provide does not provide any basis for liability, or for some other reason. Requiring the Debtors to object to those claims on an individual basis would be inefficient and cumbersome and would impose significant additional burdens on the parties and the Court.

4. The Objection also takes issue with the Motion on the basis that (1) it purportedly "shifts the evidentiary burden" to creditors, and (2) certain of the Additional Grounds on which the Debtors seek to file omnibus objections are inappropriate "given the facts of these cases." But the Motion does not shift the evidentiary burden to creditors. On the contrary, the Motion is clear that the Debtors must provide, in the claims exhibits accompanying each omnibus objection, sufficient information to substantiate their objections to the claims. And although the Objection takes issue with the Additional Grounds on which the Debtors seek to file omnibus objections, those Additional Grounds have routinely been used in other large, complex bankruptcy cases to provide an efficient and fair claims reconciliation process. Simply put, the

Objection offers no valid basis to deny the Motion, and the Motion should be granted notwithstanding.

**I.** **There Is No Basis to Defer Approval of the Amended Omnibus Objection Procedures Until an ADR Process Is Approved.**

5. According to the Objection, consideration of this Motion should be deferred until an ADR procedure can be implemented because otherwise, the Debtors will file substantive objections against thousands of claims, miring the Court's docket in complex claims litigation that is more efficiently resolved through ADR. But the ADR process the Objection envisions has already been proposed, and will be heard by this Court on July 24, 2019. The gap of time between the hearing on this Motion and the hearing on the ADR Motion is short, and the Motion contains limitations on the number of omnibus objections that may be filed and set for each omnibus hearing. As a practical matter, the concerns in the Objection are unlikely to come to pass because there simply is not enough time for the Debtors to flood the docket with substantive claims litigation before the ADR Procedure is considered by the Court, approved, and put into practice. There is therefore no reason to delay the resolution of this Motion until the ADR Motion is considered.

6. Although the ADR Motion will provide creditors with access to precisely the type of robust ADR Procedure the Objection envisions, as noted above, there are tens of thousands of claims which are susceptible to substantive claims objections but which are indisputably inappropriate for ADR. Claims asserting liabilities owed in respect of bond issuances by the Commonwealth and its instrumentalities, for example, constitute tens of thousands of the outstanding claims against the Debtor, but will not be resolved through the contemplated ADR Procedure. Delaying this Motion until the ADR Motion is resolved will only hinder the Debtors' ability to complete the claims reconciliation process in a timely and efficient manner by

precluding them from filing substantive objections to those claims on an omnibus basis. There is no reason to obligate the Debtors to file thousands of individual claims objections in order to resolve these claims simply because the ADR Motion has not yet been heard.

### II. The Proposed Modifications Are Inappropriate.

7. The Objection further takes issue with the proposed Amended Omnibus Procedures because they purportedly shift the evidentiary burden from the Debtors to the creditors to prove that a claim should be disallowed. Tellingly, however, the Objection nowhere identifies where in the Motion the Debtors have sought to reallocate the evidentiary burden—because the Amended Omnibus Procedures nowhere purport to relieve the Debtors of that burden. Rather, to the extent the Debtors seek to object to a claim on a substantive basis, the Debtors are obligated to provide information regarding the bases for their objections to the claims. Whether the information provided by the Debtors in a given substantive omnibus objection is sufficient to meet their evidentiary burdens will be a question for the court to decide in determining whether to grant the Debtors' objections. It is not a basis to deny the Debtors permission to file substantive omnibus objections in the first place.

8. Separately, the Objection contends certain of the Additional Grounds for objection—which seek to object to claims on the basis that they are "inconsistent with the Debtors' books and records," that the amount of the claims is "unliquidated," and that that Debtors are "not liable" for a specific asserted liability—are "improper." Obj. at 5-9. Each of these Additional Grounds, however, are routinely asserted grounds for omnibus objections in complex bankruptcy cases such as this one. *See, e.g.*, *In re Lehman Bros. Inc.*, No. 08-01420, Dkt. No. 5441 (Bankr. S.D.N.Y. Nov. 15, 2010); *In re Grubb & Ellis Co.*, No. 12-10685 (MG) (Bankr. S.D.N.Y. July 31, 2012); *In re BB Liquidating, Inc.*, Case No. 10-14997 (BRL) (Bankr.

S.D.N.Y. Sept. 20, 2011); *In re Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011); *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Jan. 14, 2010); *In re Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009); *In re Lear Corp.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. Dec. 1, 2009); *In re Hawker Beechcraft*, No. 12-11873, Dkt. No. 1467 (Bankr. S.D.N.Y. Apr. 3, 2013). Indeed, some jurisdictions expressly *permit* the filing of omnibus objections on substantive bases such as the Additional Grounds provided in the Motion. Del. Bankr. L.R. 3007-1. Because permitting omnibus objections on these grounds promotes the goals of speedy and efficient resolution of claims, each of the Additional Grounds challenged by the Objection are appropriate here.

9. First, the Objection contends that, because of "concern[s]" about the "accuracy" of the Debtors' books and records, the Debtors should only be permitted to object on the grounds that a claim is "inconsistent" with the Debtors' records if this basis "will not be relied upon by the Debtors in the absence of other substantive evidence provided to the claimant with the objection." Obj. at 7. There is no basis for the restriction the Objection seeks, which essentially contends that the Debtors' books and records can never be relied upon as the basis for an objection to a claim. A blanket prohibition on the use of the Debtors' books and records—which will often be the only evidence in the Debtors' possession as to the validity and appropriate amount of a claim—is nonsensical. The Debtors' claim schedules will include pertinent information from the Debtors' books and records that provides the basis for the claims objection and the appropriate amount of the claim, in the Debtors' view, to the extent the claim is reflected in the Debtors' books and records. Creditors will retain the right to dispute whether the Debtors' books and records accurately capture a specific asserted liability. Any disputes about the

6

accuracy of the Debtors' books and records are best resolved in relation to such specific disputes regarding specific claims.

10. Second, the Objection contends that the Debtors "should not be allowed to object to claims on the grounds that a claim's amount is unliquidated or unknown," because "the contingent or unliquidated nature of a claim is not a basis for disallowance." Obj. at 8. According to the Objection, unliquidated claims need only be "estimate[d] for purposes of allowance" to the extent the unliquidated claim "would unduly delay the administration of the case," and the Motion does not contemplate the Debtors proving that failure to liquidate the claim delays administration of the case. Obj. act 8-9. But the Debtors are not seeking to disallow a claim simply because it was filed as unliquidated, undetermined, or unknown. Rather, the Debtors seek to object to claims on an omnibus basis so that the tens of thousands of unliquidated claims that have been filed against them may be liquidated, and "there is ordinarily no reason why [an unliquidated] claim cannot be liquidated by the bankruptcy court as part of the claim allowance process." *In re Great Alliance Title and Escrow,* LLC, 2009 WL 2018986, at *2 (E.D. Va. July 5, 2009).

11. Finally, the Objection contends that the Debtors should not be permitted to object on an omnibus basis to a claim "for which the Debtors believe they are not liable" because such an objection is a "meaningless catch-all" that "abandon[s] all limitations on omnibus claim objections." Obj. at 9. But omnibus objections filed on the basis that a Debtor is not liable for a particular claim are standard practice in large bankruptcy proceedings. *See, e.g.*, *In re Grubb & Ellis Co.*, No. 12-10685 (MG) (Bankr. S.D.N.Y. July 31, 2012); *In re BB Liquidating, Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Sept. 20, 2011); *In re Borders Group, Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011); *In re Lehman Bros. Holdings Inc.*, Case No. 08-

13555 (JMP) (Bankr. S.D.N.Y. Jan. 14, 2010); *In re Motors Liquidation Co.*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009); *In re Lear Corp.*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. Dec. 1, 2009); *In re Hawker Beechcraft*, No. 12-11873, Dkt. No. 1467 (Bankr. S.D.N.Y. Apr. 3, 2013). As in the foregoing proceedings, permitting the Debtors to file omnibus objections on this basis is essential to ensuring the speedy and efficient resolution of claims.

12. The ability to object on an omnibus basis to claims for which the Debtors do not believe they are liable is particularly critical in this case. Thousands of claims have been asserted against the Debtors that, for example, assert liabilities that have no connection to any of the Title III Debtors, such as claims asserting liabilities owed by Commonwealth entities that are not Title III Debtors, including CFSE or the GDB. Obligating the Debtors to object to each of these claims on an individual basis would result in thousands, if not tens of thousands, of individual claims objections. This volume of individualized objections would impose significant additional burdens and expense on both the Debtors and the Court. Moreover, the thousands of additional docket entries that would result from this requirement would hopelessly clutter the already-complex docket in this matter and run the risk of confusing individual creditors about the status of their claims. Because resolving these claims via individual instead of omnibus objections only increases the burden on claimants, the Debtors submit that the ability to file substantive omnibus objections on this basis will greatly enhance the efficient resolution of the claims reconciliation process, conserving the resources of the Debtors, the Court, and the claimants.

## **CONCLUSION**

13. For the foregoing reasons, the Debtors respectfully request that the Motion be granted.

| | |
|---|---|
| Dated: June 5, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors* |