UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filings relates to the Commonwealth.** |

REPLY OF THE COMMONWEALTH OF PUERTO RICO
TO RESPONSES FILED TO TWENTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO SUBSEQUENTLY AMENDED CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Twentieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Rico to Subsequently Amended Claims* [ECF No. 6269] (the "Twentieth Omnibus Objection").

In support of this Reply, the Commonwealth respectfully represents as follows.

1. On April 15, 2019, the Commonwealth filed the Twentieth Omnibus Objection, seeking to disallow in their entirety certain claims that had been amended and superseded by subsequently filed proof(s) of claim, each as listed on Exhibit A thereto. As set forth in the Twentieth Omnibus Objection and supporting exhibits, each of the identified claims (collectively "Claims to Be Disallowed") had been amended and superseded by subsequently filed proof(s) of claim, and thus no longer represented valid claims against the Commonwealth. Any party who disputed the Twentieth Omnibus Objection was required to file a response by 4:00 PM (Atlantic Standard Time) on May 28, 2019, in accordance with the Court-approved notice attached to the Twentieth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Twentieth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 3804]. *See Certificate of Service* [ECF No. 4442].

2. Two responses to the Twentieth Omnibus Objection were interposed: the *Objection to the Twentieth Omnibus Objection* (the "Rodríguez Marty Response"), dated May 10, 2019 [ECF No. 7029], filed by Nestor A. Rodríguez Marty ("Rodríguez Marty"), and the *Response of the United States of America to Twentieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Subsequently Amended Claims* (the "CBP Response"), dated May 28, 2019 [ECF No. 7120], filed by the United States of America, on behalf of the Department of Homeland Security, U.S. Customs and Border Protection ("CBP").

2

**I.     The Rodríguez Marty Response**

3.     Rodríguez Marty initially filed proofs of claim against the Commonwealth on August 30, 2017, and they were logged by Prime Clerk as Proofs of Claim Nos. 157 and 96 (the "Original Claims"). *See* Twentieth Omnibus Objection, Exhibit A, Lines 30 and 31. On May 7, 2018, Rodríguez Marty filed proofs of claim against ERS, which were logged by Prime Clerk as Proofs of Claim Nos. 10829 and 10867 (the "Amended Claims"). Proof of Claim No. 10829 purported to amend Proof of Claim No. 157, and Proof of Claim No. 10867 purported to amend Proof of Claim No. 96.

4.     Rodríguez Marty asserts that he filed the Amended Claims in order to assert liabilities against the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, because he believed that debtor "described the investment more precisely." Response at 1. Rodríguez Marty further alleges that there is no risk of "double compensation" because "when there is an amendment to an original claim the original is automatically eliminated." *Id.*

5.     Rodríguez Marty admits that the Original Claims have been amended and superseded by the Amended Claims. Because "an amended proof of claim supersedes the original filing and deprives the earlier filing of legal effect," Rodríguez Marty is not entitled to recovery for the liabilities asserted in the Original Claims. *See, e.g.*, *Matter of Vitro Asset Corporation*, 656 F. App'x. 717, 722 n.1 (5th Cir. 2016); *see also In re Enron Corp.*, No. 01 B 16034, 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005). However, because the filing of an amended claim does not automatically remove the original claim from the claims registry, contrary to Rodríguez Marty's assertion, failure to disallow the Original Claims leaves the possibility that Rodríguez Marty could receive an unwarranted double recovery. Accordingly,

3

the Commonwealth respectfully requests that the Court grant the Twentieth Omnibus Objection and disallow the Original Claims in their entirety.

## II. The CBP Response

6. On May 28, 2019, CBP filed the CBP Response. CBP initially filed a proof of claim against the Commonwealth on May 3, 2018, and it was logged by Prime Clerk as Proof of Claim No. 10355 (the "Original Claim"). *See* Twentieth Omnibus Objection, Exhibit A, Line 48. On November 9, 2018, over four months after the June 29, 2018 deadline for filing proofs of claim in the Commonwealth's Title III Case, CBP filed an amended proof of claim against the Commonwealth, which was logged by Prime Clerk as Proof of Claim No. 167925 (the "Amended Claim"). *Id.*

7. In the CBP Response, CBP contends that it may be prejudiced by disallowance of its Original Claim because, if the Commonwealth were to object to the Amended Claim on the basis that it was "untimely filed and not relating back to the disallowed claim," "CBP could face the argument that the [Amended Claim] cannot relate back since … the [Original Claim would be] deleted … from the claims register, i.e., there would be no claim to relate back to." CBP Response at 2. Similarly, CBP contends that, if the Court were to disallow the Amended Claim "under a traditional relation back analysis," CBP would be prejudiced because its Original Claim had already been disallowed. *Id.* at 3. Accordingly, CBP requests that any order granting the Twentieth Omnibus Objection "make clear that the Debtors' right to object to" the Amended Claim "does not include an objection based on the untimeliness of the claim." *Id*.

8. In the First Circuit, a creditor may amend a proof of claim where "(1) a timely similar claim [was] asserted against the bankruptcy estate by a prior formal proof of claim or informal proof of claim; and (2) it is equitable to permit the amendment." *In re Galindez*, 514

4

B.R. 79 (Bankr. D.P.R. 2014). To determine whether it is equitable to permit amendment, the court considers the following three factors: "(i) the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim"; (ii) "the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate"; and (iii) "the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant." *In re Hemingway Transport, Inc.*, 954 F.2d 1, 10 (1st Cir. 1992). To "fairly" alert the debtor estate to the nature of a creditor's claim, the creditor's initial proof of claim must provide "adequate notice of the existence, nature and amount of the claim as well as the creditor's intent to hold the estate liable." *Gens v. Resolution Tr. Corp.,* 112 F.3d 569, 575 (1st Cir. 1997) (citing *In re Unioil, In.,* 962 F.2d 988, 992 (10th Cir. 1992)).

9. The Original Claim asserts liabilities purportedly owed by the Commonwealth to the CBP in respect of coffee duties imposed pursuant to 19 U.S.C. § 1319. On its face, the Amended Claim broadly asserts liabilities purportedly owed by the Commonwealth to the CBP in respect of *any* "duties and taxes in Puerto Rico for merchandise entering from foreign locations," including, but not limited to, coffee duties.

10. To the extent the Amended Claim asserts liabilities owed by the Commonwealth in respect of coffee duties imposed pursuant to 19 U.S.C. § 1319, the Commonwealth does not dispute that the Amended Claim properly relates back to the Original Claim. However, to the extent the Amended Claim seeks to assert liabilities purportedly owed by the Commonwealth to the CBP in respect of other "duties and taxes" *besides* those coffee duties referenced in the Original Claim, the Amended Claim may seek to incorporate additional liabilities beyond those that are properly asserted in the Original Claim. Accordingly, any order on the Twentieth

5

Omnibus Objection should preserve the Commonwealth's right to object to the timeliness of the Amended Claim to the extent it seeks to improperly assert new matters beyond those expressly included within the Original Claim.

Dated: June 5, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *y otros*,<br>                              Deudores.[1] | PROMESA<br>Título III<br><br>No. 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación se refiere al Estado Libre Asociado.** |

**CONTESTACIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO
A RESPUESTAS PRESENTADO
A LA VIGÉSIMO OBJECIÓN COLECTIVA (NO SUSTANTIVA) CONTRA
RECLAMACIONES ENMENDADAS POSTERIORMENTE**

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la Sección 315 (b) de la *Ley de Supervisión, Administración, y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta Contestación (la "Contestación") en apoyo de la *Vigésimo Objeción Colectiva (No Sustantiva) del Estado Libre Asociado Contra Reclamaciones Enmendadas Posteriormente* [ECF No. 6269]

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA", y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

[2] PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

(la "Vigésimo Objeción Colectiva"). Para fundamentar esta Contestación el Estado Libre Asociado con respeto manifiesta lo siguiente:

1. El 15 de abril de 2019, el Estado Libre Asociado presentó la Vigésimo Objeción Colectiva, buscando desestimar en su totalidad ciertas reclamaciones que habían sido enmendadas y reemplazadas por la(s) prueba(s) de reclamación(es) subsiguientes, según figura en el Anexo A de la misma. Como se establece en la Vigésimo Objeción Colectiva y las pruebas documentales de apoyo, cada una de las reclamaciones identificadas (colectivamente "Reclamaciones a Desestimar") se había modificado y reemplazado por la(s) prueba(s) de reclamación presentadas posteriormente, y por lo tanto ya no representan reclamaciones válidas contra el Estado Libre Asociado. Cualquier parte que disputara la Vigésimo Objeción Colectiva debía presentar una respuesta antes de las 4:00 PM (hora estándar del Atlántico) el 28 de mayo de 2019, de acuerdo con el aviso aprobado por el Tribunal adjunto a la Vigésimo Objeción Colectiva como Anexo C, que fue atendido en inglés y en español a los acreedores individuales sujetos a la Vigésimo Objeción Colectiva, al Fideicomisario de los EE. UU. y a la Lista Maestra de Servicios (según se define en la *Orden de modificación de procedimientos de gestión de casos [ECF No. 3804]*. *Ver Certificado de Servici*o [ECF No .4442].

2. Se interpusieron dos respuestas a la Vigésimo Objeción Colectiva: la Respuesta a Vigésimo Objeción Colectiva (la "Respuesta de Rodríguez Marty"), fecha May 10, 2019 [ECF No. 7029], presentada por Nestor A. Rodríguez Marty ("Rodríguez Marty"), y la *Respuesta de los Estados Unidos de América a Vigésimo Objeción Colectiva (no sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Enmendadas Posteriormente* (la "Respuesta del CBP"), fecha May 28, 2019 [ECF No. 7120], presentada por los Estados Unidos de América, en

2

representación del Departamento de Seguridad Nacional, Aduanas y Protección Fronteriza de los Estados Unidos ("CBP").

### I. LA RESPUESTA DE RODRIGUEZ MARTY

3. Rodríguez Marty inicialmente presentó pruebas de reclamación contra el Estado Libre Asociado el 30 de agosto de 2017, y fueron registradas por Prime Clerk como Pruebas de Reclamaciones Nos. 157 y 96 (las "Reclamaciones Originales"). Ver la Vigésimo Objeción Colectiva, Anexo A, líneas 30 y 31. El 7 de mayo de 2018, Rodríguez Marty presentó pruebas de reclamación contra ERS, que fueron registradas por Prime Clerk como comprobantes de las Reclamaciones Nos. 10829 y 10867 (las "Reclamaciones Enmendadas"). La Prueba de Reclamación No. 10829 pretendía enmendar la Prueba de Reclamación No. 157, y la Prueba de Reclamación No. 10867 pretendía enmendar la Prueba de Reclamación No. 96.

4. Rodríguez Marty afirma que presentó las Reclamaciones Enmendadas para hacer valer las obligaciones contra El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, porque creía que el deudor "describió con mayor precisión la inversión". Respuesta en 1. Rodríguez Marty además alega que no hay riesgo de " doble compensación" porque "cuando uno hace una enmienda a una reclamación original automáticamente la enmienda original queda eliminada". *Id.*

5. Rodríguez Marty admite que las Reclamaciones Originales han sido enmendadas y reemplazadas por las Reclamaciones Enmendadas. Debido a que "una prueba de reclamación enmendada reemplaza la presentación original y priva a la presentación anterior de efectos legales", Rodríguez Marty no tiene derecho a la recuperación del pasivo declarado en las Reclamaciones Originales. *Véase, por ejemplo, Matter of Vitro Asset Corporation*, 656 F. App'x.

3

717, 722 n.1 (5º Cir. 2016); *vea también In re Enron Corp*., No. 01 B 16034, 2005 WL 3874285, en * 1 (Bankr. S.D.N.Y. Oct. 5, 2005). Sin embargo, debido a que la presentación de una reclamación enmendada no elimina automáticamente las Reclamaciones Originales del registro de reclamaciones, en contra de lo afirmado por Rodríguez Marty, el hecho de no eliminar las Reclamaciones Originales deja la posibilidad de que Rodríguez Marty pueda recibir una doble recuperación injustificada. En consecuencia, el Estado Libre Asociado solicita respetuosamente que el Tribunal otorgue la Vigésimo Objeción Colectiva y que el Tribunal desestima las Reclamaciones Originales en su totalidad.

## II. LA RESPUESTA DE CBP

6. CBP inicialmente presentó una prueba de reclamación contra el Estado Libre Asociado el 3 de mayo de 2018, y fue registrada por Prime Clerk como Prueba de Reclamación No. 10355 (la "Reclamación Original"). Véase la Vigésimo Objeción Colectiva, Anexo A, línea 48. El 9 de noviembre de 2018, más de cuatro meses después de la fecha límite del 29 de junio de 2018 para presentar comprobantes de reclamación en el caso al amparo de Título III del Estado Libre Asociado, CBP presentó una prueba enmendada de reclamación contra el Estado Libre Asociado el cual fue registrado por Prime Clerk como Prueba de Demanda No. 167925 (la "Reclamación Enmendada"). *Íd.*

7. En la Respuesta de CBP, CBP sostiene que puede verse perjudicada por el rechazo de su Reclamación Original porque, si el Estado Libre Asociado fuera a objetar la Reclamación Enmendada sobre la base de que fue "archivada de manera inoportuna y no relacionada con la reclamación rechazada, "" CBP podría enfrentar el argumento de que la [Reclamación Enmendada] no se puede relacionar ya que ... la [Reclamación Original se eliminaría] ... del

4

registro de reclamaciones, es decir, no habría ninguna reclamación con la que relacionarse ". Respuesta de la CBP en 2. De manera similar, CBP sostiene que si el Tribunal rechazara la Reclamación enmendada "bajo un análisis tradicional de la relación de devolución", CBP se vería perjudicada porque su Reclamación Original ya había sido rechazada. *Id.* en 3. En consecuencia, el CBP solicita que cualquier orden que otorgue la Vigésimo Objeción Colectiva "aclare que el derecho de los Deudores a objetar" la Reclamación enmendada "no incluye una objeción basada en la inoportunidad de la reclamación". *Íd.*

8. En el Primer Circuito, un acreedor puede enmendar una prueba de reclamación cuando "(1) una reclamación similar oportuna [fue] presentada contra el patrimonio de la quiebra por una prueba formal previa de reclamación o prueba informal de reclamación; y (2) es equitativo permitir la enmienda". *En re Galindez*, 514 B.R. 79 (Bankr. D.P.R. 2014). Para determinar si es equitativo permitir una modificación, el tribunal considera los siguientes tres factores: "(i) la enmienda propuesta no debe ser un intento encubierto de hacer valer un derecho de pago claramente nuevo respecto del cual el patrimonio del deudor no fue alertado de manera justa por la prueba original de reclamación "; (ii) "la enmienda no debe resultar en un perjuicio injusto a otros tenedores de reclamaciones no garantizadas contra el patrimonio"; y (iii) "la necesidad de enmendar no debe ser producto de una mala fe o de tácticas dilatorias por parte del reclamante". *En re Hemingway Transport, Inc.*, 954 F.2d 1, 10 (1st Cir. 1992). Para "justamente" alertar al patrimonio del deudor sobre la naturaleza de la reclamación de un acreedor, la prueba inicial de la reclamación del acreedor debe proporcionar un "aviso adecuado de la existencia, la naturaleza y el monto de la reclamación, así como la intención del acreedor de responsabilizar al patrimonio".

5

*Gens v. Resolution Tr. Corp.*, 112 F.3d 569, 575 (1st Cir. 1997) (citando *En re Unioil, In.*, 962 F.2d 988, 992 (10th Cir. 1992)).

9. La Reclamación original afirma las responsabilidades supuestamente que el Estado Libre Asociado debe a la CBP con respecto a las obligaciones del café impuestas de conformidad con 19 U.S.C. § 1319. A primera vista, la Reclamación Enmendada afirma en términos generales los pasivos supuestamente adeudados el Estado Libre Asociado al CBP con respecto a *cualquier* "aranceles e impuestos en Puerto Rico para mercancías que ingresan desde lugares en el extranjero", incluidos, entre otros, deberes relacionados con el café.

10. En la medida en que la Reclamación Enmendada declare las obligaciones adeudadas por el Estado Libre Asociado con respecto a las obligaciones del café impuestas de conformidad con 19 Estados Unidos. § 1319, el Estado Libre Asociado no niega que la Reclamación Enmendada se relacione correctamente con la Reclamación Original. Sin embargo, en la medida en que la Reclamación Enmendada procura hacer valer las obligaciones supuestamente otorgadas por el Estado Libre Asociado a la CBP con respecto a otros "derechos e impuestos", *además* de las obligaciones del café a las que se hace referencia en la Reclamación Original, la Reclamación Enmendada puede tratar de incorporar responsabilidades adicionales más allá de aquellas que se afirman correctamente en la Reclamación Original. En consecuencia, cualquier orden sobre la Vigésimo Objeción Colectiva debe preservar el derecho del Estado Libre Asociado a objetar la puntualidad de la Reclamación Enmendada en la medida en que pretenda hacer valer indebidamente nuevos asuntos más allá de los expresamente incluidos en la Reclamación Original.

| | |
|---|---|
| Fecha: 5 de junio de 2019<br>San Juan, Puerto Rico | Presentado con el debido respeto,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico* |

8