**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF
PUERTO RICO TO RESPONSE FILED BY
CLAIMANT MARITZA BARRIS [ECF NO. 6980] TO TWENTY-THIRD
OBJECTION (NON-SUBSTANTIVE) TO EXACT DUPLICATE CLAIMS**

**To the Honorable United States District Judge Laura Taylor Swain:**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Reasons for Not Making an Omnibus Objection* [ECF No. 7144] (the "Response"), filed by claimant Maritza Barris (the "Claimant") to the *Twenty-Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Exact Duplicate Claims* [ECF No. 6272] (the "Twenty-Third

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Omnibus Objection"). In support of this Reply, the Commonwealth respectfully represents as follows:

1. On April 15, 2019, the Commonwealth filed the Twenty-Third Omnibus Objection seeking to disallow in their entirety certain exact duplicate proofs of claim (collectively, the "Duplicate Claims"), each as listed on Exhibit A thereto. As set forth in the Twenty-Third Omnibus Objection and supporting exhibits thereto, each of the Duplicate Claims assert the exact same liability, against the exact same Title III debtor, as another claim filed in the Title III proceeding. Any party who disputed the Twenty-Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 28, 2019, in accordance with the Court-approved notice attached to the Twenty-Third Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Twenty-Third Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 3804]). *See Certificate of Service* [ECF No. 6416].

2. On May 28, 2019, Claimant filed the Response. Therein, Claimant does not dispute that Claimant's proofs of claim filed against the Commonwealth on July 2, 2018 and logged by Prime Clerk as Proof of Claim Nos. 75300 and 135772 (the "Claims") are exact duplicates of another proof of claim filed by Claimant against the Commonwealth on July 2, 2018 and logged by Prime Clerk as Proof of Claim No. 152207 (the "Remaining Claim"). Rather, the Response notes Claimant's service as a teacher, and asserts that Claimant requires the money she receives from her pension to support herself. Response at 2.

3. Although the Commonwealth is mindful of the concerns Claimant raises, disallowance of the Claims because they are duplicative of the Remaining Claim does not impact

Claimant's right to receive the pension payments to which she is entitled. To the extent Claimant's Remaining Claim asserts liabilities arising from her pension, any further determination as to those liabilities is reserved for determination at a later date. The Commonwealth reserves its rights to object to the Remaining Claim on any other grounds whatsoever. Because Claimant does not dispute that the Claims are exact duplicates of the Remaining Claim, the Commonwealth respectfully requests that the Court grant the Twenty-Third Omnibus Objection and disallow the Claims in their entirety.

Dated: June 5, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación se refiere al Estado Unido Asociado.** |

**RESPUESTA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A LA RESPUESTA PRESENTADA POR RECLAMANTE MARTIZA BARRIS [ECF N° 6980] A LA VIGÉSIMA TERCERA OBJECIÓN COLECTIVA (NO SUSTANTIVA) A RECLAMACIONES EXACTAMENTE DUPLICADAS**

**A la Honorable Jueza de Distrito de los Estados Unidos Laura Taylor-Swain:**

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta respuesta (la "Respuesta") a *Razones por No Hacer una Objeción Colectiva* [ECF N° 7144] (la "Respuesta"), presentada por la reclamante Martiza Barris (la "Reclamante") a la *Vigésima Tercera Objeción Colectiva (No Sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones Exactamente Duplicadas* [ECF N° 6272] (la "Vigésima Tercera Objeción Colectiva"). Para fundamentar esta Respuesta, el Estado Libre Asociado con respeto manifiesta lo siguiente:

1. El 15 de abril de 2019, el Estado Libre Asociado presentó la Vigésima Tercera Objeción Colectiva solicitando que se desestimen en su totalidad ciertas reclamaciones exactamente duplicadas (colectivamente, las "Reclamaciones Duplicadas"), que figuran en el Anexo A. Como se establece en la Vigésimo Tercera Objeción Colectiva y sus anexos, cada Reclamación Duplicada afirma la misma demanda, contra el mismo deudor del Título III, como una otra reclamación presentada en el procedimiento del Título III. Cualquier parte que disputó disputara la Vigésima Tercera Objeción Colectiva debía presentar una respuesta antes de la las 4:00 p.m. (Hora estándar del Atlántico) el 28 de mayo de 2019, de acuerdo con la notificación aprobada por el Tribunal adjunta a la Vigésimo Tercera Objeción Colectiva como Anexo C, que se presentó en inglés y español a los acreedores individuales sujetos a la Vigésimo Tercera Objeción Colectiva, el Fideicomisario de los EE. UU. y el Master Service List (definido por *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [Caso N° 17-3283, ECF N° 3804]). *Ver Certificado de Notificación* [ECF N° 6416].

2. El 28 de mayo de 2019, la Reclamante presentó la Respuesta. a la objeción a los comprobantes de reclamaciones presentadas contra el Estado Libre Asociado el 2 de julio de

---

[2] La ley PROMESA está codificada en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

2

2018 y registradas por Prime Clerk como Comprobante de Reclamación Nos. 75300 y 135772 (las "Reclamaciones"). *Ver* Vigésima Tercera Objeción Colectiva, Anexo A, filas 148 y 149.

3. La Respuesta no niega que las Reclamaciones sean duplicados exactos de una otra comprobante de reclamación presentada por la Reclamante contra el Estado Libre Asociado el 2 de julio de 2018 y registrada por Prime Clerk como Comprobante de Reclamación No. 152207 (la "Reclamación Restante"). En cambio, la Respuesta nota que el servicio de la Reclamante como maestra y afirma que la Reclamante necesita el dinero que recibe de su pensión para mantenerse. Respuesta a las 2.

4. Aunque el Estado Libre Asociado es consciente de las preocupaciones que plantea la Reclamante, el rechazo de las Reclamaciones porque son una duplicación de la Reclamación Restante no afecta el derecho de la Reclamante a recibir los pagos de pensión a los que tiene derecho. En la medida en que la Reclamación Restante de la Reclamante establece pasivos derivados de su pensión, cualquier otra determinación de esos pasivos se reserva para una fecha posterior. El Estado Libre Asociado se reserva el derecho de objetar la Reclamación Restante por cualquier otro motivo. Debido a que la Reclamante no discute que las Reclamaciones son duplicados exactos de la Reclamación Restante, el Estado Libre Asociado solicita respetuosamente que el Tribunal otorgue la Vigésimo Tercera Objeción Colectiva y rechace las Reclamaciones en su totalidad.

Fecha: 5 de junio de 2019
      San Juan, Puerto Rico

Respetuosamente sometido,

s/Herman D. Bauer
Herman D. Bauer
USDC N° 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados adjuntos de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico*

4