# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to COFINA. |

## REPLY OF PUERTO RICO SALES TAX FINANCING CORPORATION TO RESPONSE FILED BY CLAIMANT COOPERATIVA DE AHORRO Y CREDITO BARRANQUITAS [ECF NO. 7037] TO THIRTY-FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO LATE-FILED AND DUPLICATE BOND CLAIMS

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") to the *Answer to Thirty-Fourth Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Late-Filed and Duplicate Bond Claims* [ECF No. 7037] (the "Response"), filed by claimant Cooperativa de Ahorro y Credito Barranquitas (the "Claimant") to the *Thirty-Fourth Omnibus Objection (Non-Substantive) of Puerto Rico Sales Tax Financing Corporation to Late-Filed and Duplicate Bond Claims* [ECF No. 6526] (the "Thirty-Fourth Omnibus Objection"). In support of this Reply, COFINA respectfully represents as follows:

1. On April 26, 2019, COFINA filed the Thirty-Fourth Omnibus Objection seeking to disallow in their entirety five (5) late-filed and duplicate proofs of claim, (the "Late-Filed and Duplicate Claims"), each as listed on the Exhibit A thereto. As set forth in the Thirty-Fourth Omnibus Objection, each of the Late-Filed and Duplicate Claims was (1) filed after the deadline to file a proof of claim pursuant to the Bar Date Orders, and (2) asserted liability associated with one or more bonds issued prepetition by COFINA that were duplicative of a master proof of claim (each, a "Master Proof of Claim," and together, the "Master Proofs of Claim"), which were filed in COFINA's Title III Case by the Bank of New York Mellon ("BNYM"), as trustee of the prepetition bonds issued by COFINA. Any party who disputed the Thirty-Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 28, 2019, in accordance with the Court-approved notice attached to the Thirty-Fourth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Omnibus Objections, the U.S. Trustee, and the Master Service List (as defined in the *Order Further Amending Case Management Procedures* [ECF No. 3804]). *See Certificate of Service* [ECF No. 6782].

2. On May 21, 2019, Claimant filed the Response. Therein, Claimant alleges that Claimant's proofs of claim filed against COFINA on January 29, 2019, and logged by Prime Clerk

2

as Proofs of Claim Nos. 168130 and 168129 (the "Claims"), which Claimant acknowledges are duplicative of each other, purport to amend Claimant's original claim, which was filed against COFINA on May 25, 2018, and logged by Prime Clerk as Proof of Claim No. 20525 (the "Original Claim"). According to Claimant, because the Claims amended the Original Claim, which was timely filed, they cannot be disallowed solely on the basis that they were "filed outside of the bar date." Response at 2. Claimant therefore requests that the Thirty-Fourth Omnibus Objection be denied, and that one of the Claims be allowed.

3. The Claims should be disallowed notwithstanding Claimant's Response. First, although the Response ignores COFINA's argument that the Claims should be disallowed because they are duplicative of a Master Proof of Claim, the supporting documentation submitted by the Claimant confirms that the Claims are in fact duplicative. The Claims assert liabilities arising from a Series 2009B bond issued by COFINA bearing a CUSIP number that is redacted in part, but concludes with the characters "JNL5." The Original Claim likewise asserted liabilities arising from a bond issued by COFINA bearing CUSIP number 74529JNL5. That CUSIP number appears on a Master Proof of Claim filed by BNYM and logged by Prime Clerk as Proof of Claim No. 31920. The Master Proof of Claim confirms that the CUSIP number "74529JNL5" is assigned to a Series 2009B bond issued by COFINA. Accordingly, the Claims do, in fact, assert liabilities associated with prepetition subordinate bonds issued by COFINA and are duplicative of a Master Proof of Claim. The Response does not refute COFINA's showing that the Claims are duplicative. Indeed, by order, dated March 26, 2019, this Court has already disallowed the Original Claim that the Claims purport to amend precisely because the Original Claims was duplicative of a Master Proof of Claim. ECF No. 6037.

3

4. Moreover, the Court has already confirmed the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "Plan") on February 4, 2019. [ECF No. 5048.] On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5047] (the "Amended Confirmation Order") and an *Amended Memorandum of Findings of Fact and Conclusions of Law in Connection with Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5053] (the "Amended Confirmation Memorandum"). The Plan became effective on February 12, 2019, when the transactions contemplated therein were consummated. [ECF No. 5104.]

5. Pursuant to consummation of the Plan, distributions have been made to holders of COFINA bonds, and all other debts owed by COFINA have been discharged. Claimant's claim for recovery of principal and interest on COFINA bonds is treated as a claim in Classes 1 or 5 of the Plan. Consequently, to the extent Claimant was a holder of a COFINA bond and listed on the records of the Depository Trust Company, it received distributions on account of any claims it may have had against COFINA. Similarly, to the extent Claimant purports to assert any claims against COFINA for unpaid principal and unpaid interest on a prepetition bond, such claims have been discharged pursuant to 11 U.S.C. § 944, which discharges "all debts as of the time when the plan is confirmed." Under Bankruptcy Code § 944 (incorporated into PROMESA by PROMESA § 301(a)), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9). As

4

noted, the Plan has been confirmed, and Claimant has already received the recovery provided for pursuant to the Plan. It cannot continue to assert a post-confirmation claim for unpaid principal and unpaid interest on a prepetition bond.

6. Failure to disallow Claimant's late-filed, duplicate Claims will result in Claimant potentially receiving an unwarranted double recovery against COFINA, to the detriment of other stakeholders in the COFINA III Case. Claimant will not be prejudiced by the disallowance of its duplicate claims because the liabilities associated with its Claims were subsumed by BNYM in a Master Proof of Claim.

7. Accordingly, COFINA respectfully requests that the Court grant the Thirty-Fourth Omnibus Objection as to the Claims.

Dated: June 5, 2019  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*  
Hermann D. Bauer  
USDC No. 215205  
Carla García Benítez  
USDC No. 203708  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

5

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Co-Attorneys for the Financial Oversight and Management Board as representative for COFINA*