## **Exhibit F**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------  X
In re                                                             :
                                                                  :
THE FINANCIAL OVERSIGHT AND                                       :     PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                 :     Title III
                                                                  :
            As representative of                                  :     Case No. 17-BK-3283 (LTS)
                                                                  :
THE COMMONWEALTH OF PUERTO RICO, et al.,[1]                       :     (Jointly Administered)
                                                                  :
            Debtors.                                              :
----------------------------------------------------------------  X
In re                                                             :
                                                                  :
THE FINANCIAL OVERSIGHT AND                                       :     PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                 :     Title III
                                                                  :
            As representative of                                  :     Case No. 17-BK-04780 (LTS)
                                                                  :
PUERTO RICO ELECTRIC POWER AUTHORITY                              :
(PREPA),                                                          :
                                                                  :
            Debtor.                                               :
----------------------------------------------------------------  X
```

**AAFAF'S RESPONSES AND OBJECTIONS TO FIRST SET OF DOCUMENT REQUESTS OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS ALTERNATIVE ASSET MANAGEMENT LP TO FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, THE PUERTO RICO ELECTRIC POWER AUTHORITY, AND THE <u>PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure pursuant to Section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("**PROMESA**"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("**AAFAF**") hereby responds and objects (the "**Responses and Objections**") to the *First Set of Document Requests of Cortland Capital Market Services LLC, as Administrative Agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Advisory Authority*, served May 22, 2019 (collectively, the "**Requests**," and each a "**Request**"), which was served at the direction of Cortland Capital Market Services LLC, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, the "**Fuel Line Lenders**").

## **PRELIMINARY STATEMENT**

AAFAF has not yet completed its investigation and review of documents.  These Responses and Objections, and any subsequent document production, are based and will be based only upon the information that is currently available to and specifically known to AAFAF as of the date hereof.  AAFAF reserves the right to amend or supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Responses and Objections as a result of mistake, error, or inadvertence.  AAFAF has made reasonable efforts to respond to the Requests, to the extent they have not been objected to, as AAFAF understands and interprets the Requests.  If the Fuel Line Lenders subsequently assert an interpretation of the Requests that differs from AAFAF's interpretation, AAFAF reserves the right to supplement these Reponses

and Objections.

## **GENERAL OBJECTIONS**

1.      AAFAF objects to the Requests, and to each and every Request, as unduly burdensome to the extent that they do not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods*, dated May 10, 2019 [ECF No. 1235] (the "**Rule 9019 Motion**").

2.      AAFAF objects to the Requests, and to each and every Request, to the extent they seek documents and information that are not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3.      AAFAF objects to the Requests, and to each and every Request, to the extent they seek documents or information that are not in AAFAF's possession, custody, or control. Subject to the other general and specific objections set forth herein, AAFAF will use reasonable diligence to obtain responsive documents in its possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents. Documents produced by AAFAF in response to specific Requests should not be construed as a representation that every document in its possession, custody, or control has been examined. AAFAF objects to the Requests, and to each and every Request, to the extent they purport to require AAFAF to search archives, backup files, or any information that is not readily accessible, including without limitation the files of any person no longer employed with, a member of, or otherwise acting on behalf of AAFAF and whose files have been archived, destroyed, or released in connection with such person's departure from AAFAF.

4.      AAFAF objects to the Requests, and to each and every Request, to the extent that they purport to impose burdens on AAFAF that are inconsistent with, not otherwise authorized by, or exceed those required by the Federal Rules of Civil Procedure as incorporated into the Federal Rules of Bankruptcy Procedure, the local rules for the United States Bankruptcy Court for the District of Puerto Rico, or this Court's chambers practices and case management orders (collectively, the "**Governing Rules**").  AAFAF will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules, and not otherwise.

5.      AAFAF objects to each Definition and Instruction to the extent they purport to impose burdens on AAFAF that are inconsistent with, not authorized by, or exceed those required by the Governing Rules.  In responding to the Requests, and unless otherwise noted, AAFAF will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.

6.      AAFAF objects to the Requests, and to each and every Request, to the extent they place an unreasonable burden on AAFAF, including without limitation by seeking documents and information that are equally or more readily available from public sources or that are already available to the Fuel Line Lenders.

7.      AAFAF objects to the Requests, and to each and every Request, to the extent they expressly or impliedly seek documents or information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Documents and information protected by these privileges, doctrines, or immunities

are not subject to disclosure, and AAFAF will not provide them.  AAFAF intends to and does assert any and all such privileges with respect to all such documents and information. The inadvertent production of any such protected document or other item shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive AAFAF's right to object to the use of any such document or the information contained therein in connection with the Rule 2019 Motion, or during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s)/item(s) and any copies thereof shall be returned or destroyed immediately.

8.     AAFAF objects to each Definition, Instruction, and Request to the extent they seek documents or information that are confidential or proprietary in nature, or otherwise constitute protected commercial, strategic, financial, or competitively sensitive or trade secret information. To the extent that such relevant and responsive documents or information exist, AAFAF will produce them only pursuant to an appropriate protective order that has been executed and entered into by the parties.

9.     AAFAF objects to the Requests, and to each and every Request, to the extent that they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses and Objections, AAFAF does not admit any factual or legal premise in the Requests.

10.     To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

11.     AAFAF objects to the Requests, and to each and every Request, as unduly burdensome to the extent that they are cumulative or duplicative of other discovery requests.

12.     AAFAF objects to the Requests, and to each and every Request, to the extent they seek information for an undefined or unstated period of time on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of the Rule 2019 Motion nor reasonably calculated to lead to the discovery of admissible evidence.

13.     AAFAF objects to the definition of the term "Communication" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, or any words transmitted by telephone or any method of voice recording, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery.  AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

14.     AAFAF objects to the definition of the term "Document" to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules. AAFAF also objects to searching or producing any text messages, instant messages, recordings, notations, or memorials of telephone conversations or meetings or conferences, or any data, information, or statistics contained within any storage module, backup tape, disc, or other memory device, or other information retrievable from storage systems, which would be unduly burdensome and not proportionate to the needs of the case and the abbreviated timeframe for discovery. AAFAF will use reasonable diligence to conduct a search proportionate to the needs of the case to

locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

15.     AAFAF objects to the definition of the terms "You," "you," "Your" and "AAFAF" as overbroad because they encompass individuals and entities without regard to their connection or relevance to the Rule 9019 Motion.  In responding to the Requests, AAFAF will construe "You," "Your" and "AAFAF" to mean AAFAF and its members and employees reasonably likely to possess information relevant to the Rule 9019 Motion.

16.     AAFAF objects to Instruction A to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF also objects to Instruction A on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery.  AAFAF will use reasonable diligence to provide information reasonably known to it as of the date of these Responses and Objections.

17.     AAFAF objects to Instruction D to the extent it seeks to impose burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF will meet and confer with the Fuel Line Lenders regarding mutually agreeable production protocols for electronically stored information and non-electronically stored information.

18.     AAFAF objects to Instruction G to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules by requiring the identification of responsive documents that are no longer in the possession, custody, or control of AAFAF and a description of the disposition of such documents or why they cannot be located.  AAFAF also objects to Instruction G on the grounds that it is unduly burdensome and not proportional to the needs of the case and abbreviated timeframe for discovery for AAFAF to provide the information requested by Instruction G.

19.     AAFAF objects to Instruction H to the extent it imposes burdens on AAFAF that differ from or exceed those imposed by the Governing Rules.  AAFAF objects to providing a privilege log unless necessary to substantiate a claim of privilege, consistent with the Governing Rules, and expressly reserves the right to provide a categorical privilege log.

20.     These Responses and Objections are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object on the grounds of competency, privilege, relevancy, materiality, admissibility as evidence for any purpose, or any other proper grounds, to the use of any documents produced hereunder or the subject matter thereof, in whole or in part, at any trial or hearing related in the above-captioned case or in any related or subsequent action or proceeding; (b) the right to object on any and all grounds, at any time, to other demands for production or other discovery procedures involving or relating to the subject matter of the Requests or otherwise; and (c) the right at any time to revise, amend, correct, supplement, or clarify any of the Responses and Objections herein.

21.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner. Nothing in these Responses and Objections is intended to waive, and AAFAF expressly reserves, the right to file a motion to quash the Requests and/or to seek a protective order.

22.     The above General Objections are incorporated into each of the following specific Objections and Responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Communications between or among the Parties to the RSA relating to the Preliminary RSA, the Definitive RSA or the 9019 Settlement, including: (i) all Communications relating to negotiation of the terms of the Preliminary RSA or the Definitive RSA; (ii) all Communications relating to the treatment of the Fuel Line Loans or other Financial Indebtedness under the Preliminary RSA or Definitive RSA; and (iii) all drafts and prior versions of the Preliminary RSA or Definitive RSA or term sheets or exhibits related to such drafts or prior versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections, AAFAF objects to Request No. 1 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny & Myers LLP's ("**O'Melveny**") PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

- 9 -

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to the Most Favored Nations Provision of the Definitive RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections, AAFAF objects to Request No. 2 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relating to the treatment of the Fuel Line Loans or Fuel Line Lenders under the Definitive RSA, under any Plan of adjustment contemplated to be filed in connection with the Definitive RSA, or the effect of the Definitive RSA on the Fuel Line Loans or the Fuel Line Lenders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections, AAFAF objects to Request No. 3 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged, responsive emails, including attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2) representatives of Assured, before the execution of the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the amounts projected to be paid to the Supporting Holders under the 9019 Settlement and the Definitive RSA, including: (i) interest through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Waiver and Support Fees set forth in Section 4 of the Definitive RSA; and (v) the total amount of fees and expenses to be paid under Section 22 of the Definitive RSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections, AAFAF objects to Request No. 4 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged, responsive emails, including

attachments, relating to the RSA that are contained in O'Melveny's PST files for Nancy Mitchell

and Maria DiConza that were sent to or received from (1) representatives of objectors to the Rule

9019 Motion, including the Committee; (2) representatives of Assured, before the execution of

the Definitive RSA; and (3) representatives of the Ad Hoc Group of PREPA Bondholders, before

the execution of the Preliminary RSA.

## REQUEST FOR PRODUCTION NO. 5:

All Communications since the Petition Date with any of (i) the Ad Hoc Group or any of
its members, (ii) Assured, (iii) National and/or (iv) Syncora regarding the Fuel Line Loans,
including all Communications regarding the status of the Fuel Line Loans as Current Expenses
or the payment priorities between the Fuel Line Lenders and the Bondholders.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to its General Objections, AAFAF objects to Request No. 5 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the ground that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion.  The status of the Fuel Line Loans and payment priorities between the Fuel Line

Lenders and the Bondholders has no bearing whatsoever on whether the RSA falls above the

lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not

proportional to the needs of the case, and not sufficiently tailored to the expedited discovery

schedule to demand the collection, review and production of "all" responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications prior to the Petition Date with any of (i) the Ad Hoc Group or any of its members, (ii) Assured, (iii) National and/or (iv) Syncora regarding the Fuel Line Loans, including all Communications regarding the status of the Fuel Line Loans as Current Expenses and the treatment or priority afforded to the Fuel Lien Loans under prior restructuring support agreements (including the Restructuring Support Agreement dated as of November 5, 2015).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections, AAFAF objects to Request No. 6 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not

proportional to the needs of the case, and not sufficiently tailored to the expedited discovery

schedule to demand the collection, review and production of "all" responsive documents.

AAFAF also objects to this request on the ground that it does not seek information that is

relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the

Rule 9019 Motion.  Communications prior to the petition date regarding the status and payment

priority of the Fuel Line Loans has no bearing whatsoever on whether the RSA falls above the

lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications since the Petition Date with any of the Ad Hoc Group, Assured, National and/or Syncora relating to the Lien Challenge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections, AAFAF objects to Request No. 7 to the extent it seeks

documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional

to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand

the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged, responsive emails, including

attachments, relating to the RSA including the Lien Challenge, that are contained in

O'Melveny's PST files for Nancy Mitchell and Maria DiConza that were sent to or received

from (1) representatives of objectors to the Rule 9019 Motion, including the Committee; (2)

representatives of Assured, before the execution of the Definitive RSA; and (3) representatives

of the Ad Hoc Group of PREPA Bondholders, before the execution of the Preliminary RSA.

**REQUEST FOR PRODUCTION NO. 8:**

All Borrowing Requests and any additional materials submitted by PREPA to the agent
or lenders under the Scotiabank Credit Agreement in connection with any advance requested
under the Scotiabank Credit Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections, AAFAF objects to Request No. 8 on the grounds

that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not

sufficiently tailored to the expedited discovery schedule to demand the collection, review and

production of "all" responsive documents.  AAFAF also objects to this request to the extent that

it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  Borrowing Requests and Requests for Advances under the Scotiabank Credit Agreement have no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

**REQUEST FOR PRODUCTION NO. 9:**

All Requests for Advances and any additional materials submitted by PREPA to the lenders under the Citibank Credit Agreement in connection with any advance requested under the Citibank Credit Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections, AAFAF objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.  AAFAF also objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  Borrowing Requests and Requests for Advances under the Citibank Credit Agreement have no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the amounts and dates of all repayments by PREPA of any advance under either the Scotiabank Credit Agreement or the Citibank Credit Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections, AAFAF objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and

production of "all" responsive documents.  AAFAF also objects to this request to the extent that

it does not seek information that is relevant or reasonably calculated to lead to the discovery of

admissible evidence relevant to the Rule 9019 Motion.  Repayments under the Scotiabank Credit

Agreement and the Citibank Credit Agreement have no bearing whatsoever on whether the RSA

falls above the lowest point in the range of reasonableness, and should therefore be approved

under Rule 9019.

**REQUEST FOR PRODUCTION NO. 11:**

All Annual Budgets and "amended or supplemental Annual Budget[s]" since May 4,
2012 prepared pursuant to section 504 of the Trust Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections, AAFAF objects to Request No. 11 to the extent that

it does not seek information that is relevant or reasonably calculated to lead to the discovery of

admissible evidence relevant to the Rule 9019 Motion.  AAFAF further objects to this request to

the extent it seeks documents and/or information that are already available to the Fuel Line Lenders

or publicly available.  AAFAF also objects to this request on the grounds that this request is

overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently

tailored to the expedited discovery schedule to demand the collection, review and production of

"all" responsive documents and documents since May 4, 2012.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce non-privileged documents responsive to this request that

are within its possession, custody, and control, and can be located after a reasonably diligent

search.

**REQUEST FOR PRODUCTION NO. 12:**

All resolutions of the PREPA Board authorizing the issuance of any Bonds that are currently outstanding, including all exhibits and schedules to such resolutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections, AAFAF objects to Request No. 12 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the *Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief from the Automatic Stay to Allow Movants to Enforce Their Statutory Right to Have a Receiver Appointed*, dated October 3, 2018 [ECF No. 975] (the "**Lift Stay Motion**").

**REQUEST FOR PRODUCTION NO. 13:**

All "Official Statements," "Offering Memoranda" or similar offering documents relating to any issuance of any Bonds that are currently outstanding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to its General Objections, AAFAF objects to Request No. 13 to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  AAFAF further objects to this request to the extent it seeks documents and/or information that are already available to the Fuel Line Lenders, publicly available, or not in AAFAF's possession, custody, or control.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce non-privileged documents responsive to this request that are within its possession, custody, and control, and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

All Communications, all meeting minutes and all presentations relating to the approval of any resolution of the PREPA Board authorizing the issuance of Bonds that are currently outstanding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections, AAFAF objects to Request No. 14 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion.   AAFAF also objects to this request on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited

discovery schedule to demand the collection, review and production of "all" responsive

documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce responsive documents to the extent they have already

been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, including all reports, filed with PREPA on or after May 4, 2012 by the
Consulting Engineers pursuant to section 706 of the Trust Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections, AAFAF objects to Request No. 14 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the

Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.   AAFAF

further objects to this request to the extent that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion. AAFAF also objects to this request on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited

discovery schedule to demand the collection, review and production of "all" responsive

documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce responsive documents to the extent they have already

been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, from May 4, 2012 to the present, in which PREPA, the Oversight Board or AAFAF has calculated, stated or estimated the amount of PREPA's Current Expenses, including all Documents in which such Current Expenses have been listed or broken down by category or line item.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections, AAFAF objects to Request No. 16 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. AAFAF also objects to this request to the extent it seeks documents and/or information that are already available to the Fuel Line Lenders or publicly available, and objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents and documents from May 4, 2012.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show PREPA's gross revenues, and revenues after payment of Current Expenses, as of (i) the Petition Date, (ii) each month since the Petition Date and (iii) the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, AAFAF objects to Request No. 17 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  AAFAF also objects to this request to the extent it seeks documents and/or information that are already available to the Fuel Line Lenders or publicly available, and objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show PREPA's Current Expenses as of (i) the Petition Date, (ii) each month since the Petition Date and (iii) the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections, AAFAF objects to Request No. 18 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF further objects to this request to the extent that it does not seek information that is relevant or

- 21 -

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion.  AAFAF also objects to this request to the extent it seeks documents and/or information

that are already available to the Fuel Line Lenders or publicly available, and objects to this request

on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case,

and not sufficiently tailored to the expedited discovery schedule to demand the collection, review

and production of "all" responsive documents.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce responsive documents to the extent they have already

been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents underlying, relied upon or supporting paragraphs 9 through 12 of the
Lavin Declaration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its General Objections, AAFAF objects to Request No. 19 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

also objects to this request on the grounds that it is overbroad, unduly burdensome, not

proportional to the needs of the case, and not sufficiently tailored to the expedited discovery

schedule to demand the collection, review and production of "all" responsive documents.

AAFAF further objects to this request to the extent that it does not seek information that is

relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the

Rule 9019 Motion.  Documents supporting the Lavin Declaration have no bearing on whether the

RSA falls above the lowest point in the range of reasonableness, and should therefore be

approved under Rule 9019.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the balance, as of (i) the Petition Date, (ii) each month
since the Petition Date and (iii) the present, of each of the following funds or accounts referenced
in the Trust Agreement:

a. The General Fund;

b. The Revenue Fund;

c. The Sinking Fund (including any account within the Sinking Fund);

d. The Reserve Maintenance Fund;

e. The Self-Insurance Fund;

f. The Capital Improvement Fund;

g. The Subordinate Obligations Fund;

h. The Renewal and Replacement Fund;

i. The Construction Fund; and

j. The General Reserve Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, AAFAF objects to Request No. 20 to the extent it

seeks documents and/or information that are already available to the Fuel Line Lenders or publicly

available.

Without waiving the foregoing general and specific objections, and subject to the entry of

a protective order, AAFAF will produce responsive documents to the extent they have already

been produced in connection with the Lift Stay Motion.

**REQUEST FOR PRODUCTION NO. 21:**

Documents showing whether PREPA had or has control — as of the Petition Date and currently — of each of the following funds or accounts referenced in the Trust Agreement:

a. The General Fund;

b. The Revenue Fund;

c. The Sinking Fund (including any account within the Sinking Fund);

d. The Reserve Maintenance Fund;

e. The Self-insurance Fund;

f. The Capital Improvement Fund.

g. The Subordinate Obligations Fund

h. The Renewal and Replacement Fund;

i. The Construction Fund; and

j. The General Reserve Fund.

The response to this request should include Documents showing the location of the funds or accounts (i.e., the bank) and any account control agreements or other similar agreements governing such funds or accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, AAFAF objects to Request No. 21 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. AAFAF further objects to this request to the extent it seeks documents and/or information that are already available to the Fuel Line Lenders or publicly available.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce responsive documents to the extent they have already been produced in connection with the Lift Stay Motion.

## REQUEST FOR PRODUCTION NO. 22:

All Documents, since January 1, 2012, relating to the Current Expense treatment or priority of loans made under the Citibank Credit Agreement, including all Documents relating to the negotiation of the provisions of the Citibank Credit Agreement that describe loans made thereunder as Current Expenses.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

In addition to its General Objections, AAFAF objects to Request No. 22 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF also objects to this request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not sufficiently tailored to the expedited discovery schedule to demand the collection, review and production of "all" responsive documents and documents since January 1, 2012. AAFAF further objects to this request to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  Current Expense treatment or priority of loans made under the Citibank Credit Agreement has no bearing whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and should therefore be approved under Rule 9019.

## REQUEST FOR PRODUCTION NO. 23:

All Documents, since January 1, 2012, relating to the Current Expense treatment or priority of loans made under the Scotiabank Credit Agreement, including all Documents relating

to the negotiation of the provisions of the Scotiabank Credit Agreement that describe loans made thereunder as Current Expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, AAFAF objects to Request No. 23 to the extent it

seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine,

the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other

applicable privileges, doctrines, or immunities protecting information from disclosure.  AAFAF

further objects to this request to the extent that it does not seek information that is relevant or

reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019

Motion.  AAFAF also objects to this request on the grounds that it is overbroad, unduly

burdensome, not proportional to the needs of the case, and not sufficiently tailored to the

expedited discovery schedule to demand the collection, review and production of "all"

responsive documents and documents since January 1, 2012. AAFAF further objects to this

request to the extent that it does not seek information that is relevant or reasonably calculated to

lead to the discovery of admissible evidence relevant to the Rule 9019 Motion. Current Expense

treatment or priority of loans made under the Citibank Credit Agreement has no bearing

whatsoever on whether the RSA falls above the lowest point in the range of reasonableness, and

should therefore be approved under Rule 9019.

**REQUEST FOR PRODUCTION NO. 24:**

All insurance policies issued by Assured with respect to Bonds that are currently outstanding, including all Documents referenced in, delivered with or executed in connection with such insurance policies.  The response to this request should include any agreements (including any "Agreement[s] Regarding Bond Insurance") between PREPA and the Bond Trustee in connection with each insurance policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, AAFAF objects to Request No. 24 to the extent that it does not seek information that is relevant or reasonably calculated to lead to the discovery of admissible evidence relevant to the Rule 9019 Motion.  AAFAF further objects to this request to the extent it seeks documents and/or information that are already available to the Fuel Line Lenders or not in AAFAF's possession, custody, or control.  AAFAF also objects to this request on the ground that it should be directed to Assured.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents that You intend to use as exhibits or otherwise rely on at the hearing on the Settlement Motion or in any further filing in support of the Settlement Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, AAFAF objects to Request No. 29 to the extent it seeks documents protected by the Attorney-Client Privilege, Attorney Work-Product Doctrine, the Executive and Deliberative Process Privileges, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Without waiving the foregoing general and specific objections, and subject to the entry of a protective order, AAFAF will produce the documents it intends to use as exhibits or otherwise rely on at the hearing or in any further filing in support of the Rule 9019 Motion consistent with the schedule ordered by the Court.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents produced to the Official Committee of Unsecured Creditors in connection with discovery on the Settlement Motion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Without waiving the foregoing general objections, and subject to the entry of a protective

order, AAFAF will produce all documents it produces to any other party in response to a

discovery request in connection with the Rule 9019 Motion.


Dated:  May 29, 2019                                  Respectfully submitted,
            San Juan, Puerto Rico

                                                     */s/ Elizabeth L. McKeen*
                                                     John J. Rapisardi
                                                     Suzzanne Uhland
                                                     Peter Friedman
                                                     Nancy A. Mitchell
                                                     (Admitted *Pro Hac Vice*)
                                                     **O'MELVENY & MYERS LLP**
                                                     7 Times Square
                                                     New York, NY 10036
                                                     Tel: (212) 326-2000
                                                     Fax: (212) 326-2061

                                                     Elizabeth L. McKeen
                                                     (Admitted *Pro Hac Vice*)
                                                     610 Newport Center Drive, 17th Floor
                                                     Newport Beach, CA 92660
                                                     Tel: +1-949-823-6900
                                                     Fax: +1-949-823-6994

                                                     *Attorneys for Puerto Rico Fiscal Agency and*
                                                     *Financial Advisory Authority*