**Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA.** |

**THIRTY-FIFTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS**
**AND TRANSPORTATION AUTHORITY TO DUPLICATE BOND CLAIMS**

The Puerto Rico Highways and Transportation Authority ("HTA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this thirty-fifth omnibus objection (the "Thirty-Fifth Omnibus Objection") to the duplicate proofs of claim filed by HTA bondholders listed on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**Exhibit A** hereto, and in support of the Thirty-Fifth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the HTA Title III Case**

3. On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for HTA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "HTA Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the HTA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

5. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

**B.     HTA Bond Debt Master Proofs of Claim**

6. HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

7. The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution," and with the 1968 Resolution, the "Resolutions"). As of the Petition Date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding.

8. The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds. On behalf of the holders of the Resolution Bonds, BNYM filed three master

3

proofs of claim in the HTA Title III Case (collectively, the "BNYM Master Proofs of Claims"): Proof of Claim No. 37245, asserting on behalf of holders of bonds issued under the 1968 Resolution approximately $847 million in liabilities plus unliquidated amounts; Proof of Claim No. 38574, asserting on behalf of holders of bonds issued under the 1998 Resolution approximately $3.2 billion in liabilities plus unliquidated amounts; and Proof of Claim No. 32622, asserting on behalf of holders of subordinated bonds issued under the 1998 Resolution approximately $279 million in liabilities plus unliquidated amounts. Each of the BNYM Master Proofs of Claim asserted with respect to the Resolution Bonds at issue "[a]ny and all claims, rights and/or remedies the Fiscal Agent and/or the Owners may have under or in connection with" the 1968 Resolution or 1998 Resolution, as applicable, along with "[a]ny and all claims, rights, and/or remedies the Fiscal Agent and/or the Owners may have arising at law or in equity based upon" the 1968 Resolution or 1998 Resolution, as applicable, "including, but not limited to, claims for breach of contract, specific performance, indemnification, contribution, recession, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, alter ego, reimbursement and/or subrogation related to, or arising from or on account of any and all part, present, or future litigations, actions, or transactions by, among, or involving the Fiscal Agent, the Owners, and/or [HTA]." Addendum to Proof of Claim No. 32622, ¶ 17; Addendum to Proof of Clam No. 37245, ¶ 19; Addendum to Proof of Clam No. 38574, ¶ 18.

9. Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds"). Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds. On behalf of the holders of Bridge Bonds, Banco Popular filed a master proof of claim asserting approximately $153 million in liabilities plus

4

unliquidated amounts for "all amounts owed on account of the [Bridge] Bonds," which was logged by Prime Clerk, LLC, as Proof of Claim No. 22624 (the "Banco Popular Master Proof of Claim," and together with the BNYM Master Proofs of Claim, the "Master Proofs of Claim").

### C. HTA Claims and the Omnibus Objection Procedures

10. To date, approximately 168,922 proofs of claim have been filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 2,338 have been filed in relation to, or reclassified to be asserted against, HTA. The HTA-related proofs of claim total approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being duplicative of other proofs of claim.

11. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement*

*of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

12. This Thirty-Fifth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

13. The Omnibus Objection Procedures allow HTA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

14. The Thirty-Fifth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, bond claims that are duplicates of one or more Master Proofs of Claim filed in the HTA Title III Case.

15. In each claim identified in **Exhibit A** hereto (the "Duplicate Bond Claims"), the claimant asserts liability associated with one or more bonds issued by HTA that are duplicative of one or more Master Proofs of Claim, which as explained above were filed in the HTA Title III Case by BNYM as fiscal agent of the Resolution Bonds and by Banco Popular as trustee of the Bridge Bonds. As a result, any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against HTA, to the detriment of other stakeholders in the HTA Title III Case. The holders of the Duplicate Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within one or more Master Proofs of Claim.

6

16. In support of the foregoing, HTA relies on the *Declaration of Jay Herriman in Support of the Thirty-Fifth Omnibus Objection (Non-Substantive) of Puerto Rico Highways and Transportation Authority to Duplicate Bond Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

### NOTICE

17. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA is providing notice of this Thirty-Fifth Omnibus Objection to (a) the individual creditors subject to this Thirty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirty-Fifth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA submits that, in light of the nature of the relief requested, no other or further notice need be given.

### RESERVATION OF RIGHTS

18. This Thirty-Fifth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate Bond Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

19. No prior request for the relief sought in this Thirty-Fifth Omnibus Objection has been made to this or any other court.

WHEREFORE HTA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA such other and further relief as is just.

Dated: June 6, 2019　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

/s/ Ricardo Burgos Vargas
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/(787) 948-1025
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for HTA*

8

**Fecha de audiencia: 24 de julio de 2019, a las 9:30 am (Hora Estándar del Atlántico)**
**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 pm (Hora Estándar del Atlántico)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación corresponde a la HTA.** |

**TRIGÉSIMA QUINTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO CONTRA RECLAMACIONES DE BONOS DUPLICADAS**

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA conforme a la sección 315(b) de la *Ley de Supervisión,*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Administración, y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta trigésima quinta objeción colectiva (la "Trigésima Quinta Objeción Colectiva") contra las evidencias de reclamaciones duplicadas presentadas por los bonistas de la HTA que se detallan en el **Anexo A** al presente y, para fundamentar la Trigésima Quinta Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Las Resoluciones que Fijan Fecha Límite para las Presentaciones en el Caso de la HTA iniciado al amparo del Título III**

3. Con fecha 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión expidió un certificado de restructuración de conformidad con las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para la HTA conforme a la sección 304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (el "Caso de la HTA iniciado al amparo del Título III").

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias*

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

*de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal declaró con lugar al remedio solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en el Caso de la HTA al amparo del Título III. En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución que (A) prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre el Plazo Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

5. Con arreglo a la Resolución sobre el Plazo Límite Inicial, los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos. Resolución sobre el Plazo Límite Inicial, ¶ 5(a).

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

**B.    Evidencias de Reclamaciones Maestras correspondientes a Deudas relacionadas con Bonos de la HTA**

6.    La HTA es una Autoridad y/o Instrumentalidad del Estado Libre Asociado que es independiente y separada del éste, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("Ley Orgánica de la HTA"). La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

7.    La Ley Orgánica de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l). De conformidad con el mismo, la HTA a emitido varias series de bonos a través de dos resoluciones diferentes (los "Bonos emitidos en virtud de las Resoluciones"): (*i*) la Resolución No. 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) la Resolución No. 98-06 adoptada el 26 de febrero de 1998 (la "Resolución de 1998" y, conjuntamente con la Resolución de 1968, las "Resoluciones"). A la Fecha de Petición, el capital pendiente de los bonos emitidos conforme a la Resolución de 1968 y de los bonos emitidos conforme a la Resolución de 1998 asciende a alrededor de $830 millones y $3.400 millones, respectivamente.

8.    Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de las Resoluciones. BNYM presentó, en nombre de los tenedores de los Bonos emitidos en virtud de las Resoluciones, tres evidencias de reclamaciones maestras en el Caso de la HTA al amparo del Título III (en conjunto, las "Evidencias de Reclamaciones Maestras presentadas por BNYM"): la Evidencia de Reclamación N° 37245, invocando, en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1968, obligaciones por unos $847 millones más unas cantidades no liquidadas; la Evidencia de Reclamación N° 38574, invocando,

4

en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1998, obligaciones por unos $3.200 millones, más unas cantidades no liquidadas; y la Evidencia de Reclamación N° 32622, invocando, en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1998, obligaciones por unos $279 millones, más unas cantidades no liquidadas. Cada una de las Evidencias de Reclamaciones Maestras presentadas por BNYM invocaba con respecto a los Bonos emitidos en virtud de las Resoluciones en cuestión "[t]odas y cada una de las reclamaciones, los derechos y/o los remedios que el Agente Fiscal y/o los Titulares puedan hacer valer en virtud o en el marco de" la Resolución de 1968 o la Resolución de 1998, según corresponda, y "[t]odas y cada una de las reclamaciones, los derechos y/o los remedios que el Agente Fiscal y/o los Titulares puedan hacer valer en virtud del *common law* o del régimen del *equity* fundados en la Resolución de 1968 o la Resolución de 1998, según corresponda, "incluyendo, sin carácter limitativo, reclamaciones por incumplimiento contractual, cumplimiento estricto del contrato, indemnización, contribución, rescisión, fraude, inducción fraudulenta, transmisión fraudulenta, declaraciones falsas, alter ego, reembolso y/o subrogación con relación a, en razón o a causa de litigios, acciones o transacciones, pasadas, presentes o futuras, entre, o que tengan como parte, al Agente Fiscal, los Titulares y/o [HTA]." Adenda de la Evidencia de Reclamación No. 32622, ¶ 17; Adenda de la Evidencia de Reclamación No. 37245, ¶ 19; Adenda de la Evidencia de Reclamación No. 38574, ¶ 18.

9. A su vez, conforme a los términos de la Ley Orgánica de la HTA, en 2003, la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar el financiamiento del Puente Teodoro Moscoso (los "Bonos para financiar el Puente"). Banco Popular de Puerto Rico ("Banco Popular") es el fiduciario de dichos Bonos para financiar el Puente. Banco Popular presentó, en nombre de los tenedores de Bonos para financiar el Puente,

5

una evidencia de reclamación maestra invocando obligaciones por un total aproximado de $153 millones más unas cantidades no liquidadas a cuenta de "todos los montos adeudados con relación a los Bonos para financiar [Puente]", la cual fue registrada por Prime Clerk, LLC, como Evidencia de Reclamación N° 22624 (la " Evidencia de Reclamación Maestra presentada por el Banco Popular" y, junto con las Evidencias de Reclamaciones Maestras presentadas por BNYM, las "Evidencias de Reclamaciones Maestras").

### C. Reclamaciones de la HTA y Procedimientos aplicables a Objeciones Colectivas

10. Hasta la fecha, se presentaron aproximadamente 168.922 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43,6 billones en reclamaciones contra los Deudores.

11. Conforme a las Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones, se presentaron en tiempo y forma unas 2.338 evidencias de reclamaciones relacionadas con la HTA, por un total de aproximadamente $83.100 millones, más sumas no liquidadas. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algúno que otro defecto como, por ejemplo, ser duplicados de otras evidencias de reclamaciones.

12. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de

6

reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal declaró con lugar el remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

13. Esta Trigésima Quinta Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a los Procedimientos de Objeciones Colectivas que establece el Tribunal.

## **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

14. Los Procedimientos de Objeciones Colectivas le permiten a la HTA presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

15. La Trigésima Quinta Objeción Colectiva pretende que se declare la inadmisibilidad de las reclamaciones de bonos que son duplicados de una o varias Evidencias de Reclamaciones

7

Maestras presentadas en el Caso de la HTA iniciado al amparo del Título III, de conformidad con la Regla 3007 (d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas.

16. En cada reclamación identificada en el **Anexo A** al presente (las "Reclamaciones de Bonos Duplicadas"), el demandante reclama una obligación asociada con uno o más bonos emitidos por HTA que son duplicados de una o varias Evidencias de Reclamaciones Maestras que, como se explicó anteriormente, fueran presentadas en el Caso de la HTA al amparo del Título III por BNYM, en carácter de agente fiscal de los Bonos emitidos en virtud de las Resoluciones y por el Banco Popular, en carácter de fiduciario de los Bonos para financiar el Puente. En consecuencia, de no desestimarse las Reclamaciones de Bonos Duplicadas, el resultado será que los reclamantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio de HTA, en detrimento de otras partes interesadas en el Caso de la HTA iniciado al amparo del Título III. Los tenedores de las Reclamaciones de Bonos Duplicadas no resultarán perjudicados por la desestimación de sus reclamaciones pues las obligaciones asociadas con sus reclamaciones se encuentran subsumidas dentro de una o más Evidencias de Reclamaciones Maestras.

17. En respaldo de lo expresado anteriormente, la HTA se basa en la *Declaración de Jay Herriman en respaldo de la Trigésima Quinta Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico contra Reclamaciones de Bonos Duplicadas*, de fecha 6 de junio de 2019, que se adjunta a la presente como **Anexo B**.

## NOTIFICACIÓN

18. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena esta Notificación, la HTA ha notificado de esta Trigésima Quinta Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Quinta Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones

8

(como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Quinta Objeción Colectiva. Las traducciones al español de la Trigésima Quinta Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. HTA declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

**RESERVA DE DERECHOS**

19. Esta Trigésima Quinta Objeción Colectiva se limita a las causales que se exponen en la misma. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores a objetar las Reclamaciones de Bonos Duplicadas u otras reclamaciones por cualquier otra causal. Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción sustantiva o procesal. Nada de lo contenido en la presente objeción o las acciones entabladas en pos de obtener la reparación allí pretendida tiene por finalidad o debe interpretarse en el sentido de constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por cualquier causal; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

9

**SIN SOLICITUD PREVIA**

20. No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Quinta Objeción Colectiva ante este u otro tribunal.

POR LO TANTO, la HTA solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio allí solicitado, y (2) que le conceda a la HTA cualquier otro remedio adicional según se considere justo.

Fecha: 6 de junio de 2019
    San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*
Ricardo Burgos Vargas
USDC No. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes de HTA*

10