**Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

## THIRTY-SEVENTH OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) OF THE
## EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
## OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE BOND CLAIMS

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as ERS's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this thirty-seventh omnibus objection (the "Thirty-Seventh Omnibus Objection") to the duplicate proofs of claim filed

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

by ERS bondholders listed on **Exhibit A** hereto, and in support of the Thirty-Seventh Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the ERS Title III Case**

3. ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

4. On May 21, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case").

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

claim in the ERS Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

6. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

**B.   ERS Bond Debt and Master Proof of Claim**

7. Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008 (the "Resolution"), and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "Bonds"), in the aggregate original principal amount of approximately $2.9 billion.[4] Bank of New York Mellon ("BNYM") serves as the fiscal agent (the "Fiscal Agent") with respect to the Bonds.

8. On behalf of the holders of the Bonds, BNYM filed a master proof of claim with respect to the Bonds, asserting approximately $3.8 billion in liabilities plus unliquidated amounts, which was logged by Prime Clerk, LLC, as Proof of Claim No. 16777 (the "Master Proof of

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void. On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*. ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

3

Claim"). The Master Proof of Claim asserts on behalf of the holders of the Bonds: "Any and all claims, rights and/or remedies the Fiscal Agent and/or the Owners may have under or in connection with the Bonds and/or the Resolution, including any and all other interest, charges, penalties, premiums, and advances that may be due or become due under or in connection with the Bonds and/or the Resolution (whether under applicable law or principles of equity), which amounts presently may be unliquidated or contingent, but may become fixed and liquidated in the future, and which may constitute administrative claims." Additionally, the Master Proof of Claim asserts: "Any and all other claims, rights, and/or remedies the Fiscal Agent and/or the Owners may have arising at law or in equity based upon or relating to the Resolution and/or the Bonds, including, but not limited to, claims asserted by certain Owners against ERS in *Altair Global Credit Opportunities Fund (A), LLC, et al. v. The Commonwealth of Puerto Rico, et al.*, Adv. Pro. Nos. 17-219-LTS (D.P.R.) and 17-220-LTS (D.P.R.) . . . , and any other claims for breach of contract, specific performance, indemnification, contribution, rescission, fraud, fraudulent inducement, fraudulent conveyance, misrepresentation, alter ego, reimbursement and/or subrogation related to, or arising from or on account of any and all past, present, or future litigations, actions, or transactions by, among, or involving the Fiscal Agent, the Owners, and/or ERS." Addendum to Proof of Claim No. 16777, ¶ 13.

**C.     ERS Claims and the Omnibus Objection Procedures**

9.     To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk. Such proofs of claim totaled approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 55,068 have been filed in relation to, or reclassified to be asserted against, ERS. The ERS-related proofs of claim currently total approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted.

4

In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

10. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

11. This Thirty-Seventh Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

5

**OBJECTIONS TO PROOFS OF CLAIM**

12. The Omnibus Objection Procedures allow ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)–(7).

13. The Thirty-Seventh Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, claims that are duplicates of other proofs of claim filed in the ERS Title III Case.

14. In each claim identified in **Exhibit A** hereto (the "Duplicate Bond Claims"), the claimant asserts liability associated with one or more bonds issued by ERS that are duplicative of the Master Proof of Claim, which, as explained above, was filed by BNYM, as Fiscal Agent of the Bonds issued by ERS. As a result, any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against ERS, to the detriment of other stakeholders in the ERS Title III Case. The holders of the Duplicate Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within the Master Proof of Claim.

15. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Thirty-Seventh Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Bond Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

**NOTICE**

16. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, ERS has provided notice of this Thirty-Seventh Omnibus Objection to (a) the individual creditors subject to this objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-

6

1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirty-Seventh Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. ERS submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

17. This Thirty-Seventh Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate Bond Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Thirty-Seventh Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE ERS respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting ERS such other and further relief as is just.

Dated: June 6, 2019  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer  
Hermann D. Bauer  
USDC No. 215205  
Daniel J. Perez-Refojos  
USDC No. 303909  
**O'NEILL & BORGES LLC**  
250 Muñoz Rivera Ave., Suite 800  
San Juan, PR 00918-1813  
Tel: (787) 764-8181  
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
Jeffrey W. Levitan (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for ERS*

**Fecha de audiencia: 24 de julio de 2019, a las 9:30 a.m. (Hora Estándar del Atlántico)**
**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 p.m. (Hora Estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso: <br><br> LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> N° 17 BK 3283-LTS <br><br> (Administrados en forma conjunta) <br><br> **Esta presentación corresponde al ERS.** |

**TRIGÉSIMA SÉPTIMA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DE BONOS DUPLICADAS**

El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del ERS conforme a la sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

("PROMESA"),[2] presenta esta trigésima séptima objeción colectiva (la "Trigésima Séptima Objeción Colectiva") contra las evidencias de reclamaciones duplicadas presentadas por los bonistas del ERS que se incluyen en la lista del **Anexo A** al presente y, para fundamentar la Trigésima Séptima Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Las Resoluciones sobre Fecha Límite en el Caso del ERS iniciado al amparo del Título III**

3. El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

4. Con fecha 21 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, expidió un certificado de restructuración de conformidad con las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para el ERS conforme a la sección

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (el "<u>Caso del ERS iniciado al amparo del Título III</u>").

5. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "<u>Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones</u>"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "<u>Resolución sobre el Plazo Límite Inicial</u>"), el Tribunal hizo lugar al remedio solicitado en la <u>Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones</u> y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en el Caso del ERS iniciado al amparo del Título III. En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución que (A) prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la <u>Resolución sobre el Plazo Límite Inicial</u>, "<u>Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones</u>") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

6. Con arreglo a la Resolución sobre el Plazo Límite Inicial los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos. Resolución sobre el Plazo Límite Inicial, ¶ 5(a).

**B.     Deuda relacionada con Bonos emitidos por el ERS y Evidencias de Reclamaciones Maestras**

7.     Supuestamente conforme a cierta *Resolución sobre Bonos de Capitalización de Pensiones* adoptada el 24 de enero de 2008 (la "Resolución"), y a ciertas resoluciones complementarias, el ERS emitió bonos de capitalización de pensiones principales y subordinados (los "Bonos") por un valor nominal original total de aproximadamente $2.900 millones.[4] Bank of New York Mellon ("BNYM") es el agente fiscal (el "Agente Fiscal") de los Bonos.

8.     BNYM presentó, en nombre de los tenedores de los Bonos, una evidencia de reclamación maestra con respecto a los Bonos, invocando obligaciones por un total aproximado de $3.800 millones más sumas no liquidadas, la cual fue registrada por Prime Clerk, LLC, como Evidencia de Reclamación N° 16777 (la "Evidencia de Reclamación Maestra"). La Evidencia de Reclamación Maestra invoca en nombre de los tenedores de los Bonos "todas aquellas reclamaciones, derechos y/o remedios que el Agente Fiscal y/o los Titulares puedan hacer valer en virtud o en razón de los Bonos y/o la Resolución, incluyendo todos los demás intereses, cargos, penalidades, primas y anticipos que puedan ser o tornarse pagaderos y exigibles en virtud o en

---

[4] Con fecha 12 de marzo de 2019, el Comité Oficial de Acreedores Quirografarios presentó una *Objeción Colectiva contra Reclamaciones formuladas por Tenedores de Bonos emitidos por el ERS* [Caso N° 17-3566, ECF N° 381], aduciendo que la emisión de bonos excedía las facultades otorgadas por ley al ERS y que, por ende, constituía un *exceso de jurisdicción*, correspondiendo declarar la nulidad de los Bonos emitidos por el ERS. Con fecha 23 de abril de 2019, el Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico presentó la *Objeción Colectiva del Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico, conforme a la Sección 502 del Código de Quiebras y la Regla 3007 del Procedimiento Federal de Quiebras, contra reclamaciones presentadas o formuladas por tenedores de Bonos emitidos por el ERS contra el ERS y el Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], aduciendo, entre otras cosas, que la emisión de bonos constituía un *exceso de atribuciones*. El ERS se reserva su derecho a impugnar la emisión de bonos por cualquier causal, incluso que los bonos emitidos por el ERS constituían un *exceso de atribuciones* y por cualquier otra causal estipulada en las antedichas objeciones.

razón de los Bonos y/o la Resolución (conforme al derecho aplicable o a los principios del equity), cuyas sumas actualmente puedan no haber sido liquidadas o sean contingentes, pero que en el futuro puedan ser sumas fijas y liquidadas y constituir reclamaciones administrativas". La Evidencia de Reclamación Maestra invoca asimismo "todas aquellas reclamaciones, derechos y/o remedios que el Agente Fiscal y/o los Titulares puedan hacer valer en virtud del common law o del régimen del equity fundadas en o relacionadas con la Resolución y/o los Bonos, incluyendo, sin carácter limitativo, las reclamaciones formuladas por ciertos Titulares contra el ERS en los autos caratulados *Altair Global Credit Opportunities Fund (A), LLC y otros contra el Estado Libre Asociado de Puerto Rico y otros*, Procedimientos Contenciosos N° 17-219-LTS (D.P.R.) y N° 17-220-LTS (D.P.R.) . . . , y cualesquiera otras reclamaciones por incumplimiento contractual, cumplimiento estricto del contrato, indemnización, contribución, rescisión, fraude, inducción fraudulenta, transmisión fraudulenta, declaraciones falsas, alter ego, reembolso y/o subrogación con relación a, en razón o a causa de litigios, acciones o transacciones, pasadas, presentes o futuras, entre, o que tengan como parte, al Agente Fiscal, los Titulares y/o el ERS". Adenda de la Evidencia de Reclamación No. 16777, ¶ 13.

**C. Reclamaciones del ERS y Procedimientos aplicables a Objeciones Colectivas**

9. Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk. Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores. De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS. Las pruebas de reclamación relacionadas con el ERS actualmente suman aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan

5

Fecha Límite para la Presentación de Evidencias de Reclamaciones, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

10. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de Procedimientos Colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de*

6

*la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "<u>Resolución del Tribunal que ordena la Notificación</u>").

11. Se presenta esta Trigésima Séptima Objeción Colectiva de conformidad con los Procedimientos de Objeciones Colectivas que establece el Tribunal.

### **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

12. Los Procedimientos de Objeciones Colectivas le permiten al ERS presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

13. De conformidad con la Regla 3007(d)(1) del Procedimiento Federal de Quiebras y los Procedimientos de Objeciones Colectivas, la Trigésima Séptima Objeción Colectiva pretende que se desestimen las reclamaciones que son duplicados de otras evidencias de reclamaciones presentadas en el caso del ERS iniciado al amparo del Título III.

14. En cada reclamación identificada en el **Anexo A** al presente (las "<u>Reclamaciones de Bonos Duplicadas</u>"), el demandante reclama una obligación asociada con uno o más bonos emitidos por el ERS que son duplicados de la Evidencia de Reclamación Maestra que, como se explica precedentemente, fuera presentada por BNYM, en carácter de Agente Fiscal de los Bonos emitidos por el ERS. En consecuencia, de no desestimarse las Reclamaciones de Bonos Duplicadas, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del ERS, en detrimento de otras partes interesadas en el Caso del ERS iniciado al amparo del Título III. Los tenedores de las Reclamaciones de Bonos Duplicadas no resultarán perjudicados por la desestimación de sus reclamaciones pues las obligaciones asociadas con sus reclamaciones se encuentran subsumidas dentro de la Evidencia de Reclamación Maestra.

15. En respaldo de lo expresado precedentemente, el Estado Libre Asociado se basa en la *Declaración de Jay Herriman en respaldo de la Trigésima Séptima Objeción Colectiva (no sustantiva) del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones de Bonos Duplicadas*, del 6 de junio de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

16. De conformidad con los Procedimientos de Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el ERS ha notificado de esta Trigésima Séptima Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Séptima Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Octava Notificación Modificada de los Procedimientos de Tramitación de Casos* [ECF N° 4866-1]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Séptima Objeción Colectiva. Las traducciones al español de esta Trigésima Séptima Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El ERS manifiesta que, en vista del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## RESERVA DE DERECHOS

17. Esta Trigésima Séptima Objeción Colectiva se limita a las causales que se exponen en la misma. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores a objetar las Reclamaciones de Bonos Duplicadas u otras reclamaciones por cualquier otra causal. Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción sustantiva o procesal. Nada de lo contenido en la presente objeción o las acciones entabladas en pos de obtener la reparación allí pretendida tiene por finalidad o debe interpretarse en el sentido de

8

constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por cualquier causal; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

### **SIN SOLICITUD PREVIA**

18. No se ha presentado ninguna petición de remedio anterior en relación con esta Trigésima Séptima Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

POR TODO LO EXPUESTO, el ERS solicita respetuosamente que se emita una resolución, sustancialmente en los términos de la resolución propuesta que se adjunta a la presente como **Anexo D** en la que se haga lugar, (1) al remedio allí solicitado, y (2) a cualquier remedio de otro tipo o adicional que se considere justo en favor del ERS.

| | |
|---|---|
| Fecha: 6 de junio de 2019<br>San Juan, Puerto Rico | Presentado con el debido respeto,<br><br>*Firma en la versión en inglés*<br>Hermann D. Bauer<br>USDC N° 215205<br>Daniel J. Perez-Refojos<br>USDC N° 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico en representación del ERS* |

10