Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

### THIRTY-EIGHTH OMNIBUS OBJECTION OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO (NON-SUBSTANTIVE) TO DUPLICATE AND DEFICIENT CLAIMS

The Puerto Rico Highways and Transportation Authority ("HTA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this thirty-eighth omnibus

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

objection (the "Thirty-Eighth Omnibus Objection") to the duplicate and deficient proofs of claim

listed on **Exhibit A** hereto, each of which purports to assert liability associated with mutual funds,

and in support of the Thirty-Eighth Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders in the Title III Cases

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a

restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary

petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to

PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title

III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board, issued restructuring

certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for

relief for HTA and ERS pursuant to PROMESA section 304(a), commencing cases under Title III

thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the

Commonwealth Title III Case the "Title III Cases").  On June 29, 2017, the Court entered an order

granting the joint administration of the Title III Cases for procedural purposes only.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing*

*Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

5.      Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

**B.  HTA Bond Debt Master Proofs of Claim**

6.      HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

7.      The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

"Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution"). As of the Petition Date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding. The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds. On behalf of the holders of the Resolution Bonds, BNYM filed three master proofs of claim in the HTA Title III Case (collectively, the "BNYM Master Proofs of Claims"): Proof of Claim No. 37245, asserting on behalf of holders of bonds issued under the 1968 Resolution approximately $847 million in liabilities plus unliquidated amounts; Proof of Claim No. 38574, asserting on behalf of holders of bonds issued under the 1998 Resolution approximately $3.2 billion in liabilities plus unliquidated amounts; and Proof of Claim No. 32622, asserting on behalf of holders of subordinated bonds issued under the 1998 Resolution approximately $279 million in liabilities plus unliquidated amounts.

8.     Additionally, in accordance with the HTA Enabling Act, in 2003 HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds"). Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds. On behalf of the holders of Bridge Bonds, Banco Popular filed in the HTA Title III Case a master proof of claim asserting approximately $153 million in liabilities plus unliquidated amounts for "all amounts owed on account of the [Bridge] Bonds," which was logged by Prime Clerk, LLC, as Proof of Claim No. 22624 (together with the BNYM Master Proofs of Claim the "HTA Master Proofs of Claim").

### C.  ERS Bond Debt Master Proof of Claim

9.      ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

10.      Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4]  BNYM serves as the fiscal agent with respect to the ERS Bonds.

11.      On behalf of the holders of the ERS Bonds, BNYM filed a master proof of claim in the ERS Title III Case with respect to the ERS Bonds, asserting approximately $3.8 billion in liabilities plus unliquidated amounts, which was logged by Prime Clerk as Proof of Claim No. 16777 (the "ERS Master Proof of Claim," and together with the HTA Master Proofs of Claim, the "Master Proofs of Claim").

### D.  HTA and ERS Claims and the Omnibus Objection Procedures

12.      To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk.  Such proofs of claim totaled approximately $43.6 trillion in asserted claims against the Debtors.

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void.  On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.  ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

13.     Of the proofs of claim filed, approximately 55,068 have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted.  Approximately 2,338 proofs of claim have been filed in relation to HTA, totaling approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See*

*Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.    This Thirty-Eighth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

16.    The Omnibus Objection Procedures allow HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

17.    The Thirty-Eighth Omnibus Objection seeks to disallow, in accordance with Federal Rules of Bankruptcy Procedure 3007(d)(1) and 3007(d)(6), as well as the Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto, as such proofs of claim are duplicative and failed to comply with the applicable rules for filing a claim and the Bar Date Orders. The Thirty-Eighth Omnibus Objection is limited to the grounds stated herein, and is filed without prejudice to the rights of HTA, ERS, or any of the other Debtors to object to the claims listed on **Exhibit A** hereto on any ground whatsoever. By filing the Thirty-Eighth Omnibus Objection, the Debtors do not concede that any of the claimants have standing to assert the claims listed on **Exhibit A** hereto.

18.    In each claim identified in **Exhibit A** hereto (the "Duplicate and Deficient Claims"), the claimant purports to hold an ownership interest in one or more mutual funds, which, in turn, may have invested in bond(s) issued by HTA or ERS. To the extent the Duplicate and Deficient Claims purport to assert a claim against HTA or ERS based on investment(s) by one or more mutual funds in bond(s) issued by HTA or ERS, such portion of the Duplicate and Deficient Claims is duplicative of one or more Master Proofs of Claim, which as explained above were filed in the Title III Cases by the fiscal agent or trustee of the bonds issued by HTA or ERS. Any failure

to disallow this portion of the Duplicate and Deficient Claims will result in the applicable claimants, through the mutual fund(s) at issue, potentially receiving an unwarranted double recovery against HTA or ERS, to the detriment of other stakeholders in the Title III Cases. To the extent any of the mutual funds in which the holders of the Duplicate and Deficient Claims participate own one or more bonds issued by HTA or ERS, disallowance of the Duplicate and Deficient Claims will not prejudice the claimants' rights to seek recovery of payment through the mutual fund(s).

19. Additionally, to the extent the Duplicate and Deficient Claims purport to assert a claim against HTA or ERS based on an alleged ownership interest in mutual fund(s) that made other investments, including investing in bonds not issued by HTA or ERS, such portion of the Duplicate and Deficient Claims failed to comply with the applicable rules by not providing a justification for purporting to assert a claim against HTA or ERS on this basis. Because of this failure to comply with the applicable rules, the Debtors are unable to determine the validity of this portion of the Duplicate and Deficient Claims. As the Duplicate and Deficient Claims only contain duplicative or deficient information, HTA and ERS request that these claims be disallowed in their entirety.

20. In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support the Thirty-Eighth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate and Deficient Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

21. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA and ERS are providing notice of this Thirty-Eighth Omnibus Objection to (a) the

individual creditors subject to this Thirty-Eighth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Thirty-Eighth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Thirty-Eighth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.  This Thirty-Eighth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate and Deficient Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

23.  No prior request for the relief sought in this Thirty-Eighth Omnibus Objection has been made to this or any other court.

WHEREFORE HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

Dated: June 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for HTA and ERS*

**Fecha de audiencia: 24 de julio de 2019, a las 9:30 a.m. (Hora Estándar del Atlántico)**
**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 p.m. (Hora Estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

　　　como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

　　　　　　　　　　　　　Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**Esta presentación corresponde a la HTA y al ERS.**

### TRIGÉSIMA OCTAVA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DUPLICADAS Y DEFICIENTES

　　　La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

Supervisión"), como representante de la HTA y del ERS conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta Trigésima Octava objeción colectiva (la "Trigésima Octava Objeción Colectiva") contra las evidencias de reclamación duplicadas y deficientes que se detallan en el **Anexo A** al presente, cada una de las cuales pretende invocar obligaciones asociadas con fondos mutuos, y para fundamentar la Trigésima Octava Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

### A.  Resoluciones sobre Fecha Límite en Casos al amparo del Título III

3.      El 3 de mayo de 2017, la Junta de Supervisión, emitió una certificación de reestructuración con arreglo a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición de quiebra voluntaria del Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") al amparo de la sección 304(a) de la ley PROMESA, dando comienzo así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").  Con fecha 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión, a pedido del Gobernador, expidió un certificado de restructuración de conformidad con las secciones

---

[2]  La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para la HTA y el

ERS conforme a la sección 304(a) de la ley PROMESA, dando inicio a casos al amparo del Título

III de la citada ley (el "Caso de la HTA iniciado al amparo del Título III" y el "Caso del ERS

iniciado al amparo del Título III", respectivamente, y junto con el Caso del Estado Libre Asociado

iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 29 de junio

de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos

iniciados al amparo del Título III, con fines procesales exclusivamente.

4.      El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una*

*Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias*

*de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación*

[ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de

Reclamaciones").  Conforme a la *resolución que (A) establece fechas límites y procedimientos*

*para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación*

[ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio

solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de

Reclamaciones y estableció las siguientes fechas límites y procedimientos para presentar

evidencias de reclamaciones en Casos iniciados al amparo del Título III.  En virtud de una petición

informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal

posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de*

*Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma*

[ECF No. 3160] (junto con la Resolución sobre el Plazo Límite Inicial, "Resoluciones que Fijan

---

[3]  Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

<u>Fecha Límite para la Presentación de Evidencias de Reclamaciones</u>") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

5.      Con arreglo a la Resolución sobre el Plazo Límite Inicial, los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos.  Resolución sobre el Plazo Límite Inicial, ¶ 5(a).

**B.  Evidencias de Reclamaciones Maestras correspondientes a Deudas de Bonos emitidos por la HTA**

6.      La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("<u>Ley Orgánica de la HTA</u>").  La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A., § 2002.

7.      La Ley Orgánica de la HTA la autoriza a emitir bonos.  *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con el mismo, la HTA emitió varias series de bonos a través de dos resoluciones diferentes (los "<u>Bonos emitidos en virtud de las Resoluciones</u>"): (*i*) la Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "<u>Resolución de 1968</u>") y (*ii*) la Resolución N° 98-06 adoptada el 26 de febrero de 1998 (la "<u>Resolución de 1998</u>").  A la Fecha de Petición, el capital pendiente de los bonos emitidos conforme a la Resolución de 1968 y de los

bonos emitidos conforme a la Resolución de 1998 asciende a alrededor de $830 millones y $3.400 millones, respectivamente. Bank of New York Mellon ("BNYM") actúa como agente fiscal de los Bonos emitidos en virtud de las Resoluciones. BNYM presentó, en nombre de los tenedores de los Bonos emitidos en virtud de las Resoluciones, tres evidencias de reclamaciones maestras en el Caso de la HTA iniciado al amparo del Título III (en conjunto, las "Evidencias de Reclamaciones Maestras presentadas por BNYM "): la Evidencia de Reclamación N° 37245, invocando, en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1968, obligaciones por unos $847 millones más sumas no liquidadas; la Evidencia de Reclamación N° 38574, invocando, en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1998, obligaciones por unos $3.200 millones, más sumas no liquidadas; y la Evidencia de Reclamación N° 32622, invocando, en nombre de los tenedores de bonos emitidos conforme a la Resolución de 1998, obligaciones por unos $279 millones, más sumas no liquidadas.

8.      A su vez, de conformidad con la Ley Orgánica de la HTA, en 2003, la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar el financiamiento del Puente Teodoro Moscoso (los "Bonos para financiar el Puente"). Banco Popular de Puerto Rico ("Banco Popular") es el fiduciario de dichos Bonos para financiar el Puente. Banco Popular presentó en el Caso de la HTA iniciado al amparo del Título III, en nombre de los tenedores de Bonos para financiar el Puente, una evidencia de reclamación maestra invocando obligaciones por un total aproximado de $153 millones más sumas no liquidadas a cuenta de "todos los montos adeudados con relación a los Bonos para financiar el [Puente]", la cual fue registrada por Prime Clerk, LLC, como Evidencia de Reclamación N° 22624 (junto con las Evidencias de Reclamaciones Maestras presentadas por BNYM, las "Evidencias de Reclamaciones Maestras presentados por la HTA").

**C.  Evidencias de Reclamaciones Maestras correspondientes a Deudas de Bonos emitidos por el ERS**

9.      El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos.  El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

10.      Supuestamente conforme a cierta *Resolución sobre Bonos de Capitalización de Pensiones* adoptada el 24 de enero de 2008 y a ciertas resoluciones complementarias, el ERS emitió bonos de capitalización de pensiones principales y subordinados (los "Bonos emitidos por el ERS") por un valor nominal original total de aproximadamente $2.900 millones.[4]  BNYM es el agente fiscal de los Bonos emitidos por el ERS.

11.      BNYM presentó en el Caso del ERS iniciado al amparo del Título III, en nombre de los tenedores de los Bonos emitidos por el ERS, una evidencia de reclamación maestra con respecto a los Bonos emitidos por el ERS, invocando obligaciones por un total aproximado de $3.800 millones más sumas no liquidadas, la cual fue registrada por Prime Clerk, como Evidencia de Reclamación N° 16777 (la "Evidencia de Reclamación Maestra del ERS") y junto con las Evidencias de Reclamaciones Maestras de la HTA, las " Evidencias de Reclamaciones Maestras").

---

[4]  Con fecha 12 de marzo de 2019, el Comité Oficial de Acreedores Quirografarios presentó una *Objeción Colectiva contra Reclamaciones formuladas por Tenedores de Bonos emitidos por el ERS* [Caso N° 17-3566, ECF N° 381], aduciendo que la emisión de bonos excedía las facultades otorgadas por ley al ERS y que, por ende, constituía un *exceso de jurisdicción*, correspondiendo declarar la nulidad de los Bonos emitidos por el ERS.  Con fecha 23 de abril de 2019, el Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico presentó la *Objeción Colectiva del Comité Oficial de Retirados del Estado Libre Asociado de Puerto Rico, conforme a la Sección 502 del Código de Quiebras y la Regla 3007 del Procedimiento Federal de Quiebras, contra reclamaciones presentadas o formuladas por tenedores de Bonos emitidos por el ERS contra el ERS y el Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], aduciendo, entre otras cosas, que la emisión de bonos constituía un *exceso de atribuciones*. El ERS se reserva su derecho a impugnar la emisión de bonos por cualquier causal, incluso que los bonos emitidos por el ERS constituían un *exceso de atribuciones* y por cualquier otra causal estipulada en las antedichas objeciones.

**D. Reclamaciones de la HTA y del ERS y Procedimientos aplicables a Objeciones Colectivas**

12.     Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk.  Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

13.     De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

14.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos").  La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de

procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

15.    Esta Trigésima Octava Objeción Colectiva se presenta de conformidad con los Procedimientos de a Objeciones Colectivas que establece el Tribunal.

## OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

16.    Los Procedimientos de Objeciones Colectivas permiten a la HTA y al ERS presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

17.    La Trigésima Octava Objeción Colectiva pretende que se declare la inadmisibilidad de cada una de las evidencias de reclamaciones que se incluyen en el **Anexo A** al presente, habida cuenta de que las mismas constituyen duplicaciones o no cumplen con las reglas aplicables para presentar reclamaciones y con las Resoluciones que Fijan Fecha Límite para la Presentación de

Evidencias de Reclamaciones, de conformidad con las Reglas 3007 (d)(1) y 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas. Esta Trigésima Octava Objeción Colectiva se limita a las causales que se exponen en la misma y se presenta sin perjuicio de los derechos de la HTA, el ERS o cualquiera de los demás Deudores a objetar las reclamaciones que se incluyen en el **Anexo A** al presente por cualquier otra causal. Al presentar la Trigésima Octava Objeción Colectiva, los Deudores no están admitiendo que los demandantes tengan legitimidad para formular las reclamaciones que se incluyen en el **Anexo A** al presente.

18.      En cada una de las reclamaciones identificadas en el **Anexo A** al presente (las "Reclamaciones Duplicadas y Deficientes"), el demandante alega poseer una cuota parte en uno o varios fondos mutuos los que, a su vez, pueden haber invertido en bonos emitidos por la HTA o el ERS. En tanto las Reclamaciones Duplicadas y Deficientes pretenden formular una reclamación contra la HTA o el ERS fundada en la inversión efectuada por uno o varios fondos mutuos en bonos emitidos por la HTA o el ERS, esa parte de las Reclamaciones Duplicadas y Deficientes constituye una duplicación de una o varias Evidencias de Reclamaciones Maestras las cuales, como se explicó antes, fueron presentadas en los Casos iniciados al amparo del Título III por el agente fiscal o el fiduciario de los bonos emitidos por la HTA o el ERS. En consecuencia, de no desestimarse esa parte de las Reclamaciones Duplicadas y Deficientes, el resultado será que los demandantes aplicables, a través del fondo mutuo o de los fondos mutuos en cuestión, podrían llegar a recibir una doble indemnización injustificada del patrimonio de la HTA o del ERS, en detrimento de otras partes interesadas de Casos iniciados al amparo del Título III. En la medida en que alguno de los fondos mutuos en los que participen los tenedores de las Reclamaciones Duplicadas y Deficientes posean uno o varios bonos emitidos por la HTA o el ERS, la

9

desestimación de las Reclamaciones Duplicadas y Deficientes no perjudicará los derechos de los demandantes a obtener indemnización a través del fondo mutuo o los fondos mutuos en cuestión.

19.     Por otra parte, en la medida en que las Reclamaciones Duplicadas y Deficientes pretendan formular una reclamación en contra de la HTA o del ERS fundada en la titularidad de una supuesta cuota parte en el fondo mutuo o los fondos mutuos que realizaron otras inversiones, entre ellas, inversiones en bonos no emitidos por la HTA o el ERS, esa parte de las Reclamaciones Duplicadas y Deficientes no cumpliría con las normas aplicables, al omitir justificar el motivo por el cual se pretende invocar una reclamación contra la HTA o el ERS sobre esa base . Debido al incumplimiento de las reglas aplicables, los Deudores no están en condiciones de determinar la validez de esa parte de las Reclamaciones Duplicadas y Deficientes.   Debido a que las Reclamaciones Duplicadas y Deficientes solo contienen información duplicada o deficiente, la HTA y el ERS solicitan que estas reclamaciones sean desestimadas en su totalidad.

20.     En respaldo de lo expresado precedentemente, la HTA y el ERS se basan en la *Declaración de Jay Herriman en respaldo de la Trigésima Octava Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Duplicadas y Deficientes*, del 6 de junio de 2019, que se adjunta al presente como **Anexo B**.

### NOTIFICACIÓN

21.     De conformidad con los Procedimientos de Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS notifican de esta Trigésima Octava Objeción Colectiva a (a) los acreedores particulares conforme a esta Trigésima Octava Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en

10

https://cases.primeclerk.com/puertorico.  Se adjunta al presente como **Anexo C** una copia de la
notificación de esta Trigésima Octava Objeción Colectiva. Las traducciones al español de esta
Trigésima Octava Objeción Colectiva y todos los anexos adjuntos al presente se presentan
conjuntamente con esta objeción y se notificarán a las partes.  La HTA y el ERS manifiestan que,
en vista del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## RESERVA DE DERECHOS

22.      Esta Trigésima Octava Objeción Colectiva se limita a las causales que se exponen
en la misma. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores
a objetar las Reclamaciones Duplicadas y Deficientes u otras reclamaciones por cualquier otra
causal.  Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción
sustantiva o procesal.  Nada de lo contenido en la presente objeción o las acciones entabladas en
pos de obtener la reparación allí pretendida tiene por finalidad o debe interpretarse en el sentido
de constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los
Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por
cualquier causal; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud
o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con
arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores
en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

## SIN SOLICITUD PREVIA

23.      No se ha presentado ninguna petición de reparación anterior en relación con esta
Trigésima Octava Objeción Colectiva ante este u otro tribunal.

POR TODO LO EXPUESTO, la HTA y el ERS solicitan respetuosamente que se emita
una resolución, sustancialmente en los términos de la resolución propuesta que se adjunta a la

presente como **Anexo D** en la que se haga lugar (1) al remedio allí solicitado, y (2) a cualquier

remedio de otro tipo o adicional que se considere justo en favor de la HTA y del ERS.

Fecha:  6 de junio de 2019                          Presentado con el debido respeto,
      San Juan, Puerto Rico

                                                        *Firma en la versión en inglés*
Hermann D. Bauer
USDC N° 215205
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión*
*y Administración Financiera para*
*Puerto Rico en representación de la*
*HTA y del ERS*