# EXHIBIT B

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE THIRTY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE AND DEFICIENT CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.     I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' cases filed pursuant to the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for HTA and ERS.

3. I submit this declaration in support of the *Thirty-Eighth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate and Deficient Claims* (the "Thirty-Eighth Omnibus Objection").[3] I have personally reviewed the Thirty-Eighth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Thirty-Eighth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Thirty-Eighth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be disallowed, as identified in Exhibit A to the Thirty-Eighth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Thirty-Eighth Omnibus Objection (collectively, the "Duplicate and Deficient Claims"), purports to assert a claim against HTA or ERS based on an alleged ownership interest

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Thirty-Eighth Omnibus Objection.

in one or more mutual funds. To the extent the Duplicate and Deficient Claims allege that the mutual fund(s) the claimants invested in, in turn, invested in one or more bonds issued by HTA or ERS, such portions of the Duplicate and Deficient Claims are duplicative of one or more of the master proofs of claim filed in the Title III Cases by the fiscal agent or trustee for such bonds pursuant to the Bar Date Orders. To prevent multiple recoveries by the claimants, HTA and ERS request that these portions of the Duplicate and Deficient Bond Claims be disallowed.

6. Additionally, to the best of my knowledge, information, and belief, to the extent the Duplicate and Deficient Claims allege that the mutual fund(s) made other investments, including in bonds not issued by HTA or ERS, the Duplicate and Deficient Claims failed to provide a basis for asserting such portion of the claim against HTA or ERS (or any of the Debtors) based on any investments not related to bond(s) issued by HTA or ERS. Accordingly, HTA and ERS are unable to determine the validity of such portions of the Duplicate and Deficient Claims due to the failure to provide a basis for this portion claim, and request that these portions of the claims be disallowed as well. Because the Duplicate and Deficient Claims only contain duplicative or deficient information, HTA and ERS request that these claims be disallowed in their entirety.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Thirty-Eighth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of HTA, ERS, and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 6, 2019

By: /s/ Jay Herriman
     Jay Herriman

3

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                             Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación corresponde a la HTA y al ERS.** |

**DECLARACIÓN DE JAY HERRIMAN EN RESPALDO DE LA TRIGÉSIMA OCTAVA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DUPLICADAS Y DEFICIENTES**

Yo, Jay Herriman, conforme al título 28 del Código de los Estados Unidos (United States' Code, U.S.C.) § 1746, por la presente declaro bajo pena de perjurio que lo que sigue a continuación es verdadero y exacto según mi leal saber y entender:

1.    Soy Director General de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera ("Junta de Supervisión") contrató a A&M para asistirlos, *entre otras cosas*, con el proceso de conciliación de reclamaciones en los casos de los

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

Deudores iniciados de conformidad con *la Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] A menos que se indique lo contrario en la presente Declaración, tengo conocimiento personal de los hechos que aquí se consignan.

2. En mi carácter de Director General de A&M, soy una de las personas responsables de supervisar el proceso de objeciones y conciliación de reclamaciones en los casos de los Deudores al amparo de la ley PROMESA. El proceso en curso de conciliación de reclamaciones de los Deudores involucra el esfuerzo colectivo de un equipo de empleados de A&M, así como a Proskauer Rose LLP y O'Neill & Borges LLC, los abogados de la Junta de Supervisión, el representante legal de la HTA y el ERS.

3. Presento esta declaración en respaldo de la *Trigésima Octava Objeción (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Duplicadas y Deficientes* (la "Trigésima Octava Objeción Colectiva").[3] También he revisado personalmente la Trigésima Octava Objeción Colectiva y los anexos a la misma y, en consecuencia, tengo conocimiento de la información que allí se incluye.

4. Como preparación para la presentación de la Trigésima Octava Objeción Colectiva, y bajo mi dirección y/o supervisión, cada una de las reclamaciones en cuestión en la Trigésima Octava Objeción Colectiva fue revisada y analizada detenidamente de buena fe por el personal adecuado mediante los procedimientos de diligencia debida. Producto de estos esfuerzos, se han

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

[3] Los términos en mayúscula que no se definen de otro modo en la presente tendrán los significados que se les atribuye en la Trigésima Octava Objeción Colectiva.

2

identificado las reclamaciones a ser desestimadas, que se enumeran en el Anexo A a la Trigésima Octava Objeción Colectiva.

5. A mi leal saber y entender, cada una de las reclamaciones que se incluye en el Anexo A a la Trigésima Octava Objeción Colectiva (en conjunto, las "Reclamaciones Duplicadas y Deficientes"), pretende invocar una reclamación contra la HTA o el ERS fundada en la supuesta titularidad de una cuota parte en uno o varios fondos mutuos. En tanto las Reclamaciones Duplicadas y Deficientes alegan que el fondo mutuo o los fondos mutuos en los que invirtieron los demandantes invirtieron, a su vez, en uno varios bonos emitidos por la HTA o el ERS, esas partes de las Reclamaciones Duplicadas y Deficientes constituyen duplicaciones de una o varias evidencias de reclamaciones maestras presentadas en los Casos iniciados al amparo del Título III por el agente fiscal o el fiduciario de esos bonos, conforme a las Resoluciones sobre Fecha Límite. Para evitar múltiples indemnizaciones de parte de los demandantes, la HTA y el ERS solicitan que estas Reclamaciones Duplicadas y Deficientes sean desestimadas por completo.

6. Por otra parte, a mi leal saber y entender, en tanto las Reclamaciones Duplicadas y Deficientes alegan que el fondo mutuo o los fondos mutuos realizaron otras inversiones, incluso en bonos no emitidos por la HTA o el ERS, las Reclamaciones Duplicadas y Deficientes no presentan elementos que justifiquen el motivo por el cual invocan esa parte de la reclamación contra la HTA o el ERS (o cualquier otro de los Deudores) en base a inversiones no relacionadas con bonos emitidos por la HTA o el ERS. En consecuencia, la HTA y el ERS se ven impedidas de determinar la validez de esas partes de las Reclamaciones Duplicadas y Deficientes debido a la ausencia de elementos que fundamenten la reclamación, y solicitan que se declare la total inadmisibilidad de estas reclamaciones. Debido a que las Reclamaciones Duplicadas y Deficientes

3

solo contienen información duplicada o deficiente, la HTA y el ERS solicitan que estas reclamaciones sean desestimadas en su totalidad.

7. En función de lo antedicho, y a mi leal saber y entender, la información incluida en la Trigésima Octava Objeción Colectiva y los anexos a la misma es verdadera y correcta, y el remedio allí solicitado es beneficioso para la HTA, el ERS y sus acreedores.

8. Declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo expresado precedentemente es verdadero y correcto según mi leal saber y entender.

Fecha: 6 de junio de 2019

Por: *Firma en la versión en inglés*
Jay Herriman