**Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

## THIRTY-NINTH OMNIBUS OBJECTION
## (NON-SUBSTANTIVE) OF THE PUERTO RICO
## HIGHWAYS AND TRANSPORTATION AUTHORITY AND
## THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
## OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

The Puerto Rico Highways and Transportation Authority ("HTA") and the Employees

Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

as representative of HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight,*

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] file this thirty-ninth omnibus objection (the "Thirty-Ninth Omnibus Objection") to the deficient proofs of claim listed on **Exhibit A** hereto, each of which purports to assert liabilities associated with bond(s) or money loaned but fails to provide a basis for asserting the claim against HTA or ERS, and in support of the Thirty-Ninth Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders in the Title III Cases

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA and ERS pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B.  HTA Bonds

5.      HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act").  HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A § 2002.

6.      The HTA Enabling Act authorizes HTA to issue bonds.  *See* 9 L.P.R.A. §§ 2004(g), (h), (l).  Pursuant to this power, HTA has issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution"). As of the Petition Date, approximately $830 million in principal amount of bonds issued under the

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

3

1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding.  The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds, and filed master proofs of claim in the HTA Title III Case on behalf of the holders of the Resolution Bonds.

7.      Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds").  Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds, and filed a master proof of claim in the HTA Title III Case on behalf of the holders of the Bridge Bonds.

## C.  ERS Bonds

8.      ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

9.      Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4]  BNYM serves as the fiscal agent with respect to the ERS Bonds, and filed a master proof of claim in the ERS Title III Case on behalf of the holders of the ERS Bonds.

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void.  On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.  ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

**D. HTA and ERS Claims and the Omnibus Objection Procedures**

10.     To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk. Such proofs of claim totaled approximately $43.6 trillion in asserted claims against the Debtors.

11.     Of the proofs of claim filed, approximately 55,068 have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted. Approximately 2,338 proofs of claim have been filed in relation to HTA, totaling approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

12.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement*

*of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus*

*Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On

November 29, 2018, the Court approved the English and Spanish versions of the forms of notice

for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See*

*Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections*

[ECF No. 4381] (the "Notice Order").

13.     This Thirty-Ninth Omnibus Objection is filed in accordance with the Court's

Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14.     The Omnibus Objection Procedures allow HTA and ERS to file an omnibus

objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7).

15.     The Thirty-Ninth Omnibus Objection seeks to disallow, in accordance with Federal

Rule of Bankruptcy Procedure 3007(d)(6) and the Omnibus Objection Procedures, each of the

proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs

of claim failed to comply with the applicable rules for filing a claim and the Bar Date Orders.

16.     Each of the Deficient Claims purports to assert liabilities associated with one or

more bonds, funds, and/or money loaned, and failed to provide a basis for asserting these claims

against HTA or ERS.  Some of the Deficient Claims failed to provide sufficient information for

the Debtors to determine the bond issuer(s) or amount of the bond(s) allegedly at issued, while

other Deficient Claims purport to assert liabilities associated with bond(s) not issued by one of the

Debtors and/or mutual funds, and failed to comply with the applicable rules by not providing a

basis for purporting to assert a claim against HTA or ERS due to either bonds not issued by HTA

or ERS, or another of the Debtors, and/or mutual funds.  Other of the Deficient Claims purport to

6

assert liability associated with bonds issued by the Puerto Rico Sales Tax Financing Corporation

("COFINA"), a claim against ERS based on bonds issued by HTA, and/or a claim against HTA

based on bonds issued by ERS, and failed to provide a basis for asserting a claim against ERS or

HTA based on bonds issued by another of the Debtors.[5]  Additionally, other of the Deficient Claims

state in the proof of claim or supporting documentation that the claimant does not have a claim

against HTA or ERS.  Because of one or more of these failures to comply with the applicable rules,

neither the Debtors nor the Court are unable to determine the validity of the Deficient Claims.

17.     In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman*

*in Support the Thirty-Ninth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways*

*and Transportation Authority and the Employees Retirement System of the Government of the*

*Commonwealth of Puerto Rico to Deficient Claims*, dated June 6, 2019, attached hereto as

**Exhibit B**.

## NOTICE

18.     In accordance with the Omnibus Objection Procedures and the Court's Notice

Order, HTA and ERS are providing notice of this Thirty-Ninth Omnibus Objection to (a) the

individual creditors subject to this Thirty-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c)

the Master Service List (as defined by the *Order Further Amending Case Management Procedures*

[ECF   No.   3804]),   which   is   available   on   the   Debtors'   case   website   at

https://cases.primeclerk.com/puertorico.  A copy of the notice for this Thirty-Ninth Omnibus

---

[5] To the extent the Deficient Claims were intended to assert a claim against HTA based on bonds issued by HTA, or
were intended to assert a claim against ERS based on bonds issued by ERS, such claims are duplicative of the master
proofs of claim, which as described above were filed by BNYM or Banco Popular in the HTA Title III Case on
behalf of holders of bonds issued by HTA, and by BNYM in the ERS Title III Case on behalf of holders of bonds
issued by ERS.  Similarly, to the extent the Deficient Claims were intended to assert a claim against COFINA based
on bonds issued by COFINA, the claims are duplicative of the master proofs of claim asserted against COFINA by
BNYM, as fiscal agent of the bonds issued by COFINA and on behalf of the holders of bonds issued by COFINA.
*See* Proofs of Claim Nos. 31920 and 33139.  Any duplicate claims should be disallowed pursuant to Federal Rule
of Bankruptcy Procedure 3007(d)(1).

Objection is attached hereto as **Exhibit C**.  Spanish translations of the Thirty-Ninth Omnibus

Objection and all of the exhibits attached hereto are being filed with this objection and will be

served on the parties.  HTA and ERS submit that, in light of the nature of the relief requested, no

other or further notice need be given.

### RESERVATION OF RIGHTS

19.     This Thirty-Ninth Omnibus Objection is limited to the grounds stated herein.

Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient Claims

or any other claims on any ground whatsoever.  The Debtors expressly reserve all further

substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to

such relief is intended or should be construed as: (a) an admission as to the validity of any claim

against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a

promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of

the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

### NO PRIOR REQUEST

20.     No prior request for the relief sought in this Thirty-Ninth Omnibus Objection has

been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE HTA and ERS respectfully request entry of an order, substantially in the

form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein,

and (2) granting HTA and ERS such other and further relief as is just.


Dated: June 6, 2019                                              Respectfully submitted,
       San Juan, Puerto Rico


                                                                 /s/ Hermann D. Bauer
                                                                 Hermann D. Bauer
                                                                 USDC No. 215205
                                                                 Daniel J. Perez-Refojos
                                                                 USDC No. 303909
                                                                 **O'NEILL & BORGES LLC**
                                                                 250 Muñoz Rivera Ave., Suite 800
                                                                 San Juan, PR 00918-1813
                                                                 Tel: (787) 764-8181
                                                                 Fax: (787) 753-8944

                                                                 Martin J. Bienenstock (*pro hac vice*)
                                                                 Brian S. Rosen (*pro hac vice*)
                                                                 **PROSKAUER ROSE LLP**
                                                                 Eleven Times Square
                                                                 New York, NY 10036
                                                                 Tel: (212) 969-3000
                                                                 Fax: (212) 969-2900

                                                                 *Attorneys for the Financial*
                                                                 *Oversight and Management Board*
                                                                 *as representative for HTA and ERS*

9

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a.m. (Hora estándar del Atlántico)**
**Fecha límite para presentar respuesta: 9 de julio a las 4:00 p.m. (Hora estándar del Atlántico)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA
PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

        Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**Esta presentación corresponde a la HTA y el ERS**

---

**TRIGÉSIMA NOVENA OBJECIÓN COLECTIVA(NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DEFICIENTES**

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA y el ERS conforme a la sección 315(b) de la *Ley de*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta

esta trigésima novena objeción colectiva (la "Trigésima Novena Objeción Colectiva") contra las

evidencias de reclamaciones deficientes que se detallan en el **Anexo A** al presente, en las que se

pretende invocar obligaciones asociadas a uno o más bonos o a dinero otorgado en préstamo, pero

sin fundamentar la reclamación pretendida contra la HTA o el ERS, y en respaldo de la Trigésima

Novena Objeción Colectiva, con respeto manifiestan lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente, de

conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a)

de la ley PROMESA.

## ANTECEDENTES

### A. Las Resoluciones de Fechas Límite en los Casos iniciados al amparo del Título III

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración con arreglo a las secciones 104(j) y 206 de la Ley PROMESA y presentó una

petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "Estado Libre

Asociado") al amparo de la sección 304(a) de la ley PROMESA, dando comienzo así a un caso

bajo el Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título

III"). Con fecha 21 de mayo de 2017 (la "Fecha de la Petición"), la Junta de Supervisión, a pedido

del Gobernador, expidió certificaciones de restructuración de conformidad con las secciones 104(j)

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

y 206 de la ley PROMESA y presentó una petición voluntaria de remedio para la HTA y el ERS

conforme a la Sección 304(a) de la ley PROMESA, dando inicio a los casos al amparo del Título

III de la citada ley (respectivamente, el "Caso de la HTA iniciado al amparo del Título III" y el

"Caso del ERS iniciado al amparo del Título III", y junto con el Caso del Estado Libre Asociado

al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 29 de junio de 2017,

el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos

iniciados al amparo del Título III, con fines procesales exclusivamente.

4.    El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una*

*Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias*

*de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación*

[ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de

Reclamaciones").  Conforme a la *resolución que (A) establece fechas límites y procedimientos*

*para presentar evidencias de reclamación, y (B) aprueba la forma y el modo para su notificación*

[ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio

solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de

Reclamaciones y estableció fechas límites y procedimientos para presentar evidencias de

reclamación en los Casos iniciados al amparo del Título III.  En virtud de una petición informativa

de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó

la *Resolución (A) que prorroga las Fechas Límite para la Presentación de Evidencias de*

*Reclamación y (B) que aprueba la Forma y Modo de su Notificación* [ECF No. 3160] (junto con

la Resolución sobre el Plazo Límite Inicial, las "Resoluciones que Fijan Fechas Límite") que

prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

---

[3]  Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

### B. Bonos de la HTA

5.      La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("Ley Habilitante de la HTA").  La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

6.      La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con el mismo, la HTA emitió varias series de bonos a través de dos resoluciones diferentes (los "Bonos emitidos en virtud de Resoluciones"): (*i*) la Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) la Resolución N° 98-06 adoptada el 26 de febrero de 1998 (la "Resolución de 1998").  A la Fecha de la Petición, un monto principal de alrededor de $830 millones en bonos emitidos conforme a la Resolución de 1968 permanecen pendientes, y un monto principal de alrededor de $3,400 millones en bonos emitidos conforme a la Resolución de 1998 permanecen pendientes.  Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de resoluciones, y presentó evidencias de reclamaciones maestras en el Caso de la HTA iniciado al amparo del Título III en representación de los tenedores de los Bonos emitidos en virtud de resoluciones.

**7.**      Asimismo, de conformidad con la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar el financiamiento de Teodoro Moscoso Bridge (los "Bonos para financiar el Puente"). Banco Popular de Puerto Rico ("Banco Popular") actúa como fiduciario con respecto a los Bonos

4

para financiar el puente, y presentó evidencia reclamación maestra en el Caso de la HTA iniciado

al amparo del Título III en representación de los tenedores de Bonos para financiar el Puente.

### C.  Bonos del ERS

8.  El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para

garantizar el bienestar económico de los empleados públicos.  El ERS es un organismo público

autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades.

*Véase* 3 L.P.R.A § 775.

9.  Presuntamente conforme a una *Resolución sobre Bonos de Capitalización de*

*Pensiones* adoptada el 24 de enero de 2008, y a ciertas resoluciones complementarias, el ERS

emitió bonos de financiamiento de obligaciones de pensiones principales y subordinados (los

"Bonos del ERS") por un valor principal original total de alrededor de $2.900 millones.[4]  BNYM

actúa como agente fiscal con respecto a los Bonos del ERS, y presentó evidencia de reclamación

maestra en el Caso del ERS iniciado al amparo del Título III en representación de los tenedores de

Bonos del ERS.

---

[4]  El 12 de marzo de 2019, el Comité Oficial de Acreedores no Garantizados presentó una *Objeción Colectiva contra las reclamaciones presentadas por tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF No. 381], con el argumento de que la emisión de los bonos excedía la autoridad que por ley le correspondía al ERS y constituía, por tanto, una situación *ultra vires*, por lo que consideraba a los Bonos del ERS nulos de toda nulidad.  El 23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico de conformidad con la sección 502 del Código de Quiebras, y la Regla de Quiebras 3007, contra reclamaciones presentadas o invocadas por tenedores de Bonos del ERS en contra del ERS y del Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], con el argumento, entre otros, de que la emisión de bonos constituía una situación *ultra vires*.  El ERS se reserva el derecho a objetar la emisión de bonos fundándose en cualesquiera motivos, incluso que los bonos del ERS constituyen una situación *ultra vires*, y con base en cualquier otro fundamento señalado en las objeciones precedentes.

5

**D. Las reclamaciones y los procedimientos de objeciones colectivas de la HTA y el ERS**

10.    Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk.  Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

11.    De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan Fechas Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

12.    A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos").  La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado.  Según comentarios del Tribunal en una

6

audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo

lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución

con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos*

*limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y*

*(c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas*

[ECF No. 4230-1] (en conjunto, los "Procedimientos aplicables a las Objeciones Colectivas").  El

29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de

notificación para las objeciones colectivas para presentarse con arreglo a los Procedimientos

aplicables a las Objeciones Colectivas.  *Véase la Resolución que aprueba las versiones en inglés*

*y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la

"Resolución del Tribunal que ordena la Notificación").

13.      Se presenta esta Trigésima Novena  Objeción Colectiva de conformidad con los

Procedimientos del Tribunal que rigen las Objeciones Colectivas.

### OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

14.      Los Procedimientos aplicables a las Objeciones Colectivas le permiten a la HTA y

al ERS presentar una objeción colectiva contra múltiples evidencias de reclamación, fundándose

en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal

de Quiebras.

15.      De conformidad con la Regla 3007(d)(6) del Procedimiento Federal de Quiebras y

los Procedimientos aplicables a las Objeciones Colectivas, la Trigésima Novena  Objeción

Colectiva pretende que se declare la inadmisibilidad de cada una de las evidencias de

reclamaciones que figuran en la lista del **Anexo A** a la presente (en conjunto, las "Reclamaciones

Deficientes"), dado que tales evidencias de reclamaciones no cumplen con las reglas aplicables

para la presentación de una reclamación y las Resoluciones sobre Fechas Límite.

7

16.     Cada una de las Reclamaciones Deficientes pretende probar obligaciones asociadas

a uno o más bonos, fondos y/o dinero otorgado en préstamo, pero no presentan los fundamentos

para probar estas reclamaciones contra la HTA o el ERS.  Algunas de las Reclamaciones

Deficientes no proporcionan información suficiente para que los Deudores determinen al/a los

emisores de los bonos o el monto del/de los bonos presuntamente emitidos, en tanto que otras

Reclamaciones Deficientes pretenden invocar obligaciones asociadas a uno o más bonos no

emitidos por uno de los Deudores y/o fondos mutuos, y no cumplen con las reglas aplicables al no

presentar los fundamentos de la reclamación que pretenden formular contra la HTA o el ERS

debido a que ninguno de los bonos fue emitido por la HTA o el ERS, o alguno de los Deudores,

y/o fondos mutuos.  Otra de las Reclamaciones Deficientes pretende invocar una obligación

asociada a bonos emitidos por la Corporación del Fondo de Interés Apremiante de Puerto Rico

("COFINA"), una reclamación contra el ERS fundada en bonos emitidos por la HTA, y/o una

reclamación contra la HTA fundada en bonos emitidos por el ERS, y omite proporcionar

fundamentos de la reclamación formulada contra el ERS o la HTA fundada en bonos emitidos por

otro de los Deudores.[5]  Adicionalmente, otra de las Reclamaciones Deficientes indica en las

evidencias de reclamaciones o en la respectiva documentación de respaldo que el reclamante no

tiene un derecho de reclamación contra la HTA y el ERS.  A causa de una o más de estas fallas

---

[5] En la medida en que las Reclamaciones Deficientes pretenden formular una reclamación contra la HTA fundándose
en bonos emitidos por la HTA, o pretenden formular una reclamación contra el ERS fundándose en bonos emitidos
por el ERS, tales reclamaciones son duplicados de las evidencias de reclamaciones maestras que, como se explicó
más arriba, fueron presentadas por BNYM o Banco Popular en el Caso de la HTA iniciado al amparo del Título III,
en representación de los tenedores de bonos emitidos por la HTA, y por BNYM en el Caso del ERS iniciado al
amparo del Título III, en representación de los tenedores de bonos emitidos por el ERS.  Del mismo modo, en la
medida en que las Reclamaciones Deficientes pretenden formular una reclamación contra COFINA fundándose en
bonos emitidos por COFINA, las reclamaciones son duplicados de la evidencias de reclamaciones maestras
invocadas contra COFINA por BNYM, en su calidad de agente fiscal de los bonos emitidos por COFINA y en
representación de los tenedores de bonos emitidos por COFINA. *Véanse* las Evidencias de Reclamación N° 31920
y 33139.  Toda reclamación duplicada debe desestimarse conforme a la Regla 3007(d)(1) del Procedimiento Federal
de Quiebras.

8

para cumplir con las normas aplicables, ni los Deudores ni el Tribunal están en condiciones de determinar la validez de las Reclamaciones Deficientes.

17.     En respaldo de lo expresado precedentemente, la HTA y el ERS se basan en la *Declaración de Jay Herriman en respaldo de la Trigésima Novena Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra las Reclamaciones Deficientes*, del 6 de junio de 2019, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18.     De conformidad con los Procedimientos aplicables a las Objeciones Colectivas y a la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS han notificado de esta Trigésima Novena Objeción Colectiva a (a) los acreedores particulares conforme a la Trigésima Novena Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Trigésima Novena Objeción Colectiva. Se presentan las traducciones al español de la Trigésima Novena Objeción Colectiva y de todos los anexos a esta y se notifica a las partes. La HTA y el ERS manifiestan que, en vista de la naturaleza del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## RESERVA DE DERECHOS

19.     Esta Trigésima Novena Objeción Colectiva se circunscribe a los fundamentos aquí señalados. En consecuencia, las objeciones presentadas contra las Reclamaciones Deficientes o cualquier otra reclamación fundándose en cualquier motivo no perjudica los derechos de los Deudores. Los Deudores ser reservan expresamente todas las objeciones de fondo o de forma

9

futuras. Ninguna parte del presente o ninguna de las acciones realizadas en virtud de dicho remedio tiene por fin o ha de interpretarse como: (a) una admisión de la validez de cualquier reclamación en contra de los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación fundándose en cualquier motivo; (c) una promesa o requisito para pagar ninguna reclamación; (d) una solicitud o autorización para asumir ningún acuerdo, contrato o arrendamiento previo a la petición conforme a la sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, del Código de Quiebras o de ninguna otra ley aplicable.

## SIN SOLICITUD PREVIA

20.     No se ha presentado ninguna petición de reparación anterior en relación con esta Trigésima Novena  Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

POR TODO LO EXPUESTO, la HTA y el ERS respetuosamente solicitan que se dicte

una resolución, sustancialmente en los términos de la orden adjunta al presente como **Anexo D**,

(1) que haga lugar al remedio aquí solicitado, y (2) que conceda cualquier remedio de otro tipo o

adicional que se considere justo en favor de la HTA y el ERS.


Fecha: 6 de junio de 2019
      San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*
Hermann D. Bauer
USDC N° 215205
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico en representación de la
HTA y del ERS*

11