Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                               Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**FORTIETH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH
OF PUERTO RICO TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR**

The Puerto Rico Highways and Transportation Authority ("HTA") and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA and ERS, pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),² file this fortieth omnibus objection

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

² PROMESA is codified at 48 U.S.C. §§ 2101–2241.

(the "Fortieth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which was incorrectly asserted against HTA or ERS and should be reclassified to be asserted against the Commonwealth of Puerto Rico (the "Commonwealth"), and in support of the Fortieth Omnibus Objection respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Title III Cases**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "ERS Title III Case" and the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

5. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

2

*Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.     HTA Bonds**

6.     HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

7.     The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution"). As of the Petition Date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding. The Bank of New York Mellon ("BNYM") serves

---

³ All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

as fiscal agent with respect to the Resolution Bonds, and has filed master proofs of claim in the HTA Title III Case on behalf of the holders of the Resolution Bonds.

8. Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds"). Banco Popular de Puerto Rico serves as trustee with respect to the Bridge Bonds, and has filed a master proof of claim in the HTA Title III Case on behalf of the holders of the Bridge Bonds.

**C.     ERS Bonds**

9. ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

10. Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4] BNYM serves as the fiscal agent with respect to the ERS Bonds, and has filed a master proof of claim in the ERS Title III Case on behalf of the holders of the ERS Bonds.

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void. On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*. ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

4

**D.     HTA and ERS Claims and the Omnibus Objection Procedures**

11.     To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

12.     Of the proofs of claim filed, approximately 55,068 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted liabilities, plus unliquidated amounts. Approximately 2,338 proofs of claim have been filed in relation to HTA, totaling approximately $83.1 billion in asserted claims, plus unliquidated amounts. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement*

5

*of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14. This Fortieth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

15. The Omnibus Objection Procedures allow HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

16. The Fortieth Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2) and the Omnibus Objection Procedures, claims that were asserted against the incorrect debtor, and thus filed in the wrong case.

17. Each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Incorrect Debtor Claims") identifies as obligor HTA or ERS, when such claims are properly asserted, if at all, against the Commonwealth. Some of the Incorrect Debtor Claims state in the proof of claim or supporting documentation that the asserted liability appropriately lies, if at all, with the Commonwealth, while other Incorrect Debtor Claims should be asserted against the Commonwealth, if at all, based upon the Debtors' review of the names and CUSIP information provided for the bonds at issue. Accordingly, for one or more of these reasons, the Incorrect Debtor Claims should be reclassified to be asserted against the Commonwealth, as identified in the column

6

titled "Corrected," in **Exhibit A** hereto (collectively, the "Reclassified Claims"). The Debtors reserve their right to object to the Reclassified Claims on any other grounds whatsoever.

18. In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support of the Fortieth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth Puerto to Claims Asserted Against the Incorrect Debtor*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

19. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA and ERS are providing notice of this Omnibus Objection to (a) the individual creditors subject to this Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

20. This Fortieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Incorrect Debtor Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a

promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

21. No prior request for the relief sought in this Omnibus Objection has been made to this or any other court.

WHEREFORE the HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

Dated: June 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for HTA and ERS*

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a.m. (Hora estándar del Atlántico)**
**Fecha límite para presentar respuesta: 9 de julio a las 4:00 p.m. (Hora estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                                Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación corresponde a la HTA y el ERS** |

**CUADRAGÉSIMAOBJECIÓN COLECTIVA**
**(NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS**
**Y TRANSPORTACIÓN DE PUERTO RICO Y EL SISTEMA DE RETIRO DE LOS**
**EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**CONTRA LAS RECLAMACIONES PRESENTADAS CONTRA DEL DEUDOR**
**INCORRECTO**

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de

Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por

intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

Supervisión"), como representante de la HTA y el ERS conforme a la sección 315(b) de la *Ley de Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presentan esta cuadragésima objeción colectiva (la "CuadragésimaObjeción Colectiva") contra las evidencias de reclamaciones que se detallan en el **Anexo A** al presente, las cuales presentan incorrectamente objeciones contra la HTA o el ERS y que han de ser reclasificadas para presentarse contra el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), y para fundamentar la CuadragésimaObjeción Colectiva, con respeto manifiestan lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente, de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Las Resoluciones que Fijan Fecha Límite para las Presentaciones en los Casos al amparo del Título III**

3. El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de reparación por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

2

4. Con fecha 21 de mayo de 2017 (la "Fecha de la Petición"), la Junta de Supervisión expidió una certificación de restructuración de conformidad con las secciones 104(j) y 206 de la ley PROMESA y presentó peticiones voluntarias de reparación para la HTA y el ERS conforme a la Sección 304(a) de la ley PROMESA, dando inicio a los casos al amparo del Título III de la citada ley (respectivamente, el "Caso del ERS al amparo del Título III" y el "Caso de la HTA al amparo del Título III", y junto con el Caso del Estado Libre Asociado al amparo del Título III, los "Casos al amparo del Título III"). El 29 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos al amparo del Título III, con fines procesales exclusivamente.

5. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamación, y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones y estableció fechas límites y procedimientos para presentar evidencias de reclamación en los Casos al amparo del Título III. En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga las Fechas Límite para la Presentación de Evidencias de Reclamación y (B) que aprueba la Forma y Modo de su Notificación* [ECF No. 3160] (junto con

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

la Resolución de Fecha Límite Inicial, las "<u>Resoluciones que Fijan Fechas Límite</u>") que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.    Bonos de la HTA**

6.    La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("<u>Ley Habilitante de la HTA</u>").  La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

7.    La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con el mismo, la HTA emitió varias series de bonos a través de dos resoluciones diferentes (los "<u>Bonos emitidos en virtud de Resoluciones</u>"): (*i*) la Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "<u>Resolución de 1968</u>") y (*ii*) la Resolución N° 98-06 adoptada el 26 de febrero de 1998 (la "<u>Resolución de 1998</u>").  A la Fecha de la Petición, un monto principal de alrededor de $830 millones en bonos emitidos conforme a la Resolución de 1968 permanecen pendientes, y un monto principal de alrededor de $3,400 millones en bonos emitidos conforme a la Resolución de 1998 permanecen pendientes.  Bank of New York Mellon ("<u>BNYM</u>") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de resoluciones, y presentó evidencias de reclamaciones maestras en el Caso de la HTA al amparo del Título III en representación de los tenedores de los Bonos emitidos en virtud de resoluciones.

8.    Asimismo, de conformidad con la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar el financiamiento de Teodoro Moscoso Bridge (los "<u>Bonos para financiar el Puente</u>").

4

Banco Popular de Puerto Rico actúa como fiduciario con respecto a los Bonos para financiar el puente, y presentó una evidencia de reclamación maestra en el Caso de la HTA al amparo del Título III en representación de los tenedores de los Bonos para financiar el Puente.

**C.    Bonos del ERS**

9.    El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

10.    Presuntamente conforme a una *Resolución sobre Bonos de Capitalización de Pensiones* adoptada el 24 de enero de 2008, y a ciertas resoluciones complementarias, el ERS emitió bonos de financiamiento de obligaciones de pensiones principales y subordinados (los "Bonos del ERS") por un valor principal original total de alrededor de $2.900 millones.[4] BNYM actúa como agente fiscal con respecto a los Bonos del ERS, y presentó una evidencia de reclamación maestra en el Caso del ERS al amparo del Título III en representación de los tenedores de Bonos del ERS.

---

[4] El 12 de marzo de 2019, el Comité Oficial de Acreedores no Garantizados presentó una *Objeción Colectiva contra las reclamaciones presentadas por tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF No. 381], con el argumento de que la emisión de los bonos excedía la autoridad que por ley le correspondía al ERS y constituía, por tanto, una situación *ultra vires*, por lo que consideraba a los Bonos del ERS nulos de toda nulidad. El 23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico de conformidad con la sección 502 del Código de Quiebras, y la Regla de Quiebras 3007, contra reclamaciones presentadas o invocadas por tenedores de Bonos del ERS en contra del ERS y del Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], con el argumento, entre otros, de que la emisión de bonos constituía una situación *ultra vires*. El ERS se reserva el derecho a objetar la emisión de bonos fundándose en cualesquier motivos, incluso que los bonos del ERS constituyen una situación *ultra vires*, y con base en cualquier otro fundamento señalado en las objeciones precedentes.

5

**D. Reclamaciones contra la HTA y el ERS y Procedimientos aplicables a Objeciones Colectivas**

11. Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk. Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

12. De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

13. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una

6

audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas para presentarse con arreglo a los Procedimientos de Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

14. Se presenta esta Cuadragésima Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

### **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

15. Los Procedimientos de Objeciones Colectivas le permiten a la HTA y al ERS presentar una objeción colectiva contra múltiples evidencias de reclamación, fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

16. De conformidad con la Regla 3007(d)(2) del Procedimiento Federal de Quiebras y los Procedimientos de Objeciones Colectivas, la Cuadragésima Objeción Colectiva pretende que se reclasifiquen las reclamaciones presentadas en contra del deudor incorrecto y, por lo tanto, presentadas en el caso equivocado.

17. Las reclamaciones identificadas en la columna titulada "Formuladas" en el **Anexo A** al presente (referidas en conjunto como las "Reclamaciones contra el Deudor Incorrecto")

7

identifican a la HTA o al ERS como deudores, cuando dichas reclamaciones están correctamente presentadas, en todo caso, en contra del Estado Libre Asociado. Algunas de las Reclamaciones contra el Deudor Incorrecto indican en la evidencia de reclamación o la documentación de respaldo que la obligación invocada recae apropiadamente, en todo caso, sobre el Estado Libre Asociado, mientras que otras Reclamaciones contra el Deudor Incorrecto deben formularse contra el Estado Libre Asociado, en todo caso, según surge del examen efectuado por los Deudores de los nombres e información de CUSIP aportados para los bonos en cuestión. En consecuencia, debido a una o más de las razones citadas, las Reclamaciones contra el Deudor Incorrecto deben ser reclasificadas de modo que se presenten contra el Estado Libre Asociado, tal como se identifica en la columna "Corregido" del **Anexo A** a la presente (en conjunto las "Reclamaciones Reclasificadas"). Los Deudores se reservan el derecho de objetar las Reclamaciones Reclasificadas con base en cualquier otro fundamento.

18. En respaldo de lo expresado precedentemente, la HTA y el ERS se basan en la *Declaración de Jay Herriman en respaldo de la Cuadragésima Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra las Reclamaciones presentadas contra el Deudor Incorrecto* del 6 de junio de 2019, adjuntas al presente como **Anexo B**.

## NOTIFICACIÓN

19. De conformidad con los Procedimientos de Objeciones Colectivas y a la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS han notificado de esta Cuadragésima Objeción Colectiva a (a) los acreedores particulares conforme a la Cuadragésima Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos*

8

[ECF N° 4866-1]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Cuadragésima Objeción Colectiva. Se presentan las traducciones al español de la Cuadragésima Objeción Colectiva y de todos los anexos a esta y se notifica a las partes. La HTA y el ERS manifiestan que, en vista de la naturaleza del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

### RESERVA DE DERECHOS

20. Esta Cuadragésima Objeción Colectiva se circunscribe a los fundamentos aquí señalados. En consecuencia, las objeciones presentadas contra las Reclamaciones contra el Deudor Incorrecto o cualquier otra reclamación fundándose en cualquier motivo no perjudica los derechos de los Deudores. Los Deudores ser reservan expresamente todas las objeciones de fondo o de forma futuras. Ninguna parte del presente o ninguna de las acciones realizadas en virtud de dicho remedio tiene por fin o ha de interpretarse como: (a) una admisión de la validez de cualquier reclamación en contra de los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación fundándose en cualquier motivo; (c) una promesa o requisito para pagar ninguna reclamación; (d) una solicitud o autorización para asumir ningún acuerdo, contrato o arrendamiento previo a la petición conforme a la sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, del Código de Quiebras o de ninguna otra ley aplicable.

### SIN SOLICITUD PREVIA

21. No se ha presentado ninguna petición de reparación anterior en relación con esta Objeción Colectiva ante este u otro tribunal.

POR TODO LO EXPUESTO, la HTA y el ERS solicitan respetuosamente que se emita una resolución, sustancialmente en los términos de la Resolución Propuesta que se adjunta a la

9

presente como **Anexo D**, en la que se haga lugar (1) al remedio allí solicitado, y (2) a cualquier remedio de otro tipo o adicional que se considere justo en favor de la HTA y el ERS.

| | |
|---|---|
| Fecha: 6 de junio de 2019<br>San Juan, Puerto Rico | Presentado con el debido respeto,<br><br>*Firma en la versión en inglés*<br>Hermann D. Bauer<br>USDC N° 215205<br>Daniel J. Perez-Refojos<br>USDC N° 303909<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Jeffrey W. Levitan (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico en representación de la HTA y del ERS* |

10