Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

---

### FORTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DUPLICATE AND INCORRECT DEBTOR CLAIMS

The Puerto Rico Highways and Transportation Authority ("HTA") and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of HTA and ERS, pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this forty-first omnibus objection

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

(the "Forty-First Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which was both partially filed in the wrong case and partially duplicates a master proof of claim, and in support of the Forty-First Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders in the Title III Cases**

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "ERS Title III Case" and the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

*Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

5.     Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

**B.     HTA Bond Debt Master Proofs of Claim**

6.     HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

7.     The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds under two different resolutions (the

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

"Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution").  As of the Petition Date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding.

8.      The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds.  On behalf of the holders of the Resolution Bonds, BNYM filed three master proofs of claim in the HTA Title III Case (collectively, the "BNYM Master Proofs of Claims"): Proof of Claim No. 37245, asserting on behalf of holders of bonds issued under the 1968 Resolution approximately $847 million in liabilities plus unliquidated amounts; and Proofs of Claim Nos. 32622 and 38574, asserting on behalf of holders of bonds issued under the 1998 Resolution approximately $3.4 billion in liabilities plus unliquidated amounts.

9.      Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds").  Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds.  On behalf of the holders of Bridge Bonds, Banco Popular filed in the HTA Title III Case a master proof of claim asserting approximately $153 million in liabilities plus unliquidated amounts for "all amounts owed on account of the [Bridge] Bonds," which was logged by Prime Clerk, LLC, as Proof of Claim No. 22624 (together with the BNYM Master Proofs of Claim the "HTA Master Proofs of Claim").

### C.     ERS Bond Debt Master Proof of Claim

10.     ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

11.     Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds"), in the aggregate original principal amount of approximately $2.9 billion.[4]  BNYM serves as the fiscal agent with respect to the ERS Bonds.

12.     On behalf of the holders of the ERS Bonds, BNYM filed a master proof of claim in the ERS Title III Case with respect to the ERS Bonds, asserting approximately $3.8 billion in liabilities plus unliquidated amounts, which was logged by Prime Clerk as Proof of Claim No. 16777 (the "ERS Master Proof of Claim," and together with the HTA Master Proofs of Claim, the "Master Proofs of Claim").

### D.     HTA and ERS Claims and the Omnibus Objection Procedures

13.     To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim totaled approximately $43.6 trillion in asserted claims against the Debtors.

14.     Of the proofs of claim filed, approximately 55,068 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in

---

[4]  On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void.  On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.  ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

asserted liabilities, plus unliquidated amounts.  Approximately 2,338 proofs of claim have been filed in relation to HTA, totaling approximately $83.1 billion in asserted claims, plus unliquidated amounts.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

15.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

16.     This Forty-First Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Omnibus Objection Procedures allow HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

18.     The Forty-First Omnibus Objection seeks to reclassify, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2), Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, and the Omnibus Objection Procedures, claims that are partially asserted against the incorrect debtor, and thus filed in the wrong case, and partially duplicative of one or more Master Proofs of Claim filed in the Title III Cases.

19.     First, a portion of each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Duplicate and Incorrect Debtor Claims") identifies as obligor HTA or ERS, when such claims are properly asserted, if at all, against the Commonwealth and/or PREPA.  Some of the Duplicate and Incorrect Debtor Claims state in the proof of claim or supporting documentation that a portion of the asserted liability appropriately lies, if at all, with the Commonwealth and/or PREPA, while other Duplicate and Incorrect Debtor Claims should be asserted against the Commonwealth and/or PREPA, if at all, based upon the Debtors' review of the names and CUSIP information provided for the bonds at issue.  Accordingly, a portion of each of the Duplicate and Incorrect Debtor Claims should be reclassified to be asserted against the Commonwealth and/or PREPA, as identified in the column titled "Corrected," in **Exhibit A** hereto (collectively, the "Reclassified Claims").  The Debtors reserve their right to object to the Reclassified Claims on any other grounds whatsoever.

20.     Second, a portion of each of the Duplicate and Incorrect Debtor Claims asserts liability associated with one or more bonds issued by HTA or ERS that are duplicative of one or more Master Proofs of Claim, which were filed in the HTA Title III Case and ERS Title III Case by the fiscal agent or trustee of the bonds issued by HTA and ERS.  As a result, any failure to disallow this portion of the Duplicate and Incorrect Debtor Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against HTA or ERS, to the detriment of other stakeholders in the Title III Cases.  The holders of the Duplicate and Incorrect Debtor Claims will not be prejudiced by the disallowance of this portion of their claims because the liabilities associated with this portion of their claims are subsumed within one or more Master Proofs of Claim.

21.     In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support of the Forty-First Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth Puerto to Duplicate and Incorrect Debtor Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

### NOTICE

22.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA and ERS are providing notice of this Omnibus Objection to (a) the individual creditors subject to this Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Omnibus Objection and all of the exhibits attached hereto are being filed with this objection

and will be served on the parties.  HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

23.     This Forty-First Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate and Incorrect Debtor Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

Dated: June 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for HTA and ERS*

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a.m. (Hora estándar del Atlántico)**
**Fecha límite para presentar respuesta: 9 de julio a las 4:00 p.m. (Hora estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                  Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación corresponde a la HTA y el ERS** |

### CUADRAGÉSIMA PRIMERA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DUPLICADAS Y CONTRA EL DEUDOR INCORRECTO

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA y el ERS conforme a la sección 315(b) de la *Ley de*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el " Estado Libre Asociado ")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números el Caso de Quiebra debido a limitaciones del software).

*Supervisión, Administración, y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presentan

esta cuadragésima primera objeción colectiva (la "Cuadragésima Primera Objeción Colectiva")

contra las evidencias maestras de reclamaciones que se detallan en el **Anexo A** al presente, ambas

parcialmente presentadas en el caso equivocado y parcialmente duplicadas de una evidencia de

reclamación maestra; y para fundamentar la Cuadragésima Primera Objeción Colectiva, con

respeto manifiestan lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente, de

conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a)

de la ley PROMESA.

## ANTECEDENTES

**A.      Las Resoluciones que Fijan Fecha Límite para las Presentaciones en los Casos
iniciados al amparo del Título III**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió

una certificación de reestructuración con arreglo a las secciones 104(j) y 206 de la Ley PROMESA

y presentó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el

"Estado Libre Asociado") al amparo de la sección 304(a) de la ley PROMESA, dando comienzo

así a un caso bajo el Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo

del Título III").  El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió

---

[2]  La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§
2101-2241.

una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó peticiones voluntarias de remedio por el ERS y la HTA de conformidad con la sección 304(a) de la ley PROMESA, dando inicio a casos al amparo del Título III de dicha ley (respectivamente, el "Caso del ERS iniciado al amparo del Título III" y el "Caso de la HTA iniciado al amparo del Título III", y junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 29 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos iniciados al amparo del Título III, con fines procesales exclusivamente.

4.      El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución que fije (A) las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones").  Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamación, y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones y estableció fechas límites y procedimientos para presentar evidencias de reclamación en los Casos iniciados al amparo del Título III.  En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga las Fechas Límite para la Presentación de Evidencias de Reclamación y (B) que aprueba la Forma y Modo de su Notificación* [ECF No. 3160] (junto con

---

[3]  Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

la Resolución sobre el Plazo Límite Inicial, las "Resoluciones que Fijan Fechas Límite ") que

prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

5.      Con arreglo a la Resolución sobre el Plazo Límite Inicial, los fiduciarios, los

agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por

uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor

pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos

de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos

contratos de fideicomisos, resoluciones o documentos similares de emisión bonos.  Resolución

sobre el Plazo Límite Inicial ¶ 5(a).

**B.      Evidencias de reclamaciones maestras de la Deuda correspondiente a Bonos de la
HTA**

6.      La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre

Asociado que constituye una entidad societaria y política independiente y separada del Estado

Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre

Asociado ("Ley Habilitante de la HTA").  La HTA es responsable de la construcción, la operación

y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase*

el título 9 de las L.P.R.A., § 2002.

7.      La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las

L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con el mismo, la HTA emitió varias series de bonos

a través de dos resoluciones diferentes (los "Bonos emitidos en virtud de Resoluciones"): (*i*) la

Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) la

Resolución N° 98-06 adoptada el 26 de febrero de 1998 (la "Resolución de 1998").  A la Fecha de

la Petición, un monto principal de alrededor de $830 millones en bonos emitidos conforme a la

Resolución de 1968 permanecen pendientes, y un monto principal de alrededor de $3,400 millones en bonos emitidos conforme a la Resolución de 1998 permanecen pendientes.

8.      Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de resoluciones.  En representación de los tenedores de los Bonos emitidos en virtud de resoluciones, BNYM presentó tres evidencias de reclamaciones maestras en el caso de la HTA iniciado al amparo del Título III (en conjunto, las "Evidencias maestras de reclamaciones de BNYM "): Evidencia de reclamación N° 37245, presentada en representación de los tenedores de bonos emitidos en virtud de la Resolución de 1968, que implican obligaciones por cerca de $847 millones, más montos no liquidados; y las evidencias de reclamación N° 32622 y 38574, presentadas en representación de los tenedores de bonos emitidos en virtud de la Resolución de 1998 que implican obligaciones por $3.400 millones, más montos no liquidados.

9.      Asimismo, de conformidad con la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar el financiamiento de Teodoro Moscoso Bridge (los "Bonos para financiar el Puente"). Banco Popular de Puerto Rico ("Banco Popular") actúa como fiduciario de los Bonos para financiar el Puente.  En representación de los tenedores de los Bonos para financiar el Puente, Banco Popular presentó en el Caso de la HTA iniciado al amparo del Título III una evidencia de reclamación maestra que invocaba obligaciones por un valor aproximado de $153 millones, más montos no liquidados, por "todos los montos adeudados en razón de los Bonos [para financiar el Puente]", que fue presentada por Prime Clerk LLC como evidencia de reclamación N° 22624 (junto con las evidencias de reclamación de BNYM, las "Evidencias de reclamación de la HTA").

C.      **Evidencia de reclamación maestra de la Deuda correspondiente a Bonos de ERS**

10.      El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos.  El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

11.      Supuestamente conforme a una Resolución sobre *Bonos de Capitalización de Pensiones*, adoptada el 24 de enero de 2008, y algunas resoluciones complementarias, el ERS emitió bonos de capitalización de pensiones principales y subordinados (los "Bonos del ERS"), por un monto principal original total de alrededor de $2.900 millones.[4]  BNYM actúa como el agente fiscal con respecto a los Bonos del ERS.

12.      En representación de los tenedores de los Bonos del ERS, BNYM presentó una evidencia de reclamación maestra en el Caso de ERS iniciado al amparo del Título III con respecto a los Bonos del ERS, donde invocaba obligaciones por alrededor de $3.800 millones, más montos no liquidados, que fue presentada por Prime Clerk como evidencia de reclamación No. 16777 (la "Evidencia de reclamación del ERS," y junto con las evidencias de reclamación de la HTA, las "Evidencias de reclamación").

D.      **Reclamaciones contra la HTA y el ERS y Procedimientos aplicables a Objeciones Colectivas**

---

[4] El 12 de marzo de 2019, el Comité Oficial de Acreedores no Garantizados presentó una *Objeción Colectiva contra las reclamaciones presentadas por tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF No. 381], con el argumento de que la emisión de los bonos excedía la autoridad que por ley le correspondía al ERS y constituía, por tanto, una situación *ultra vires*, por lo que consideraba a los Bonos del ERS nulos de toda nulidad.  El 23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico de conformidad con la sección 502 del Código de Quiebras, y la Regla de Quiebras 3007, contra reclamaciones presentadas o invocadas por tenedores de Bonos del ERS en contra del ERS y del Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], con el argumento, entre otros, de que la emisión de bonos constituía una situación *ultra vires*.  El ERS se reserva el derecho a objetar la emisión de bonos fundándose en cualesquier motivos, incluso que los bonos del ERS constituyen una situación *ultra vires*, y con base en cualquier otro fundamento señalado en las objeciones precedentes.

13.     Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk.  Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

14.     De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

15.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos").  La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado.  Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo

Case:17-03283-LTS   Doc#:7250   Filed:06/06/19   Entered:06/06/19 10:10:34   Desc: Main
Document   Page 18 of 22

lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas").  El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas para presentarse con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

16.     Se presenta esta Cuadragésima Primera Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

## **OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

17.     Los Procedimientos de Objeciones Colectivas le permiten a la HTA y al ERS presentar una objeción colectiva contra múltiples evidencias de reclamación, fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1)-(7) del Procedimiento Federal de Quiebras.

18.     La Cuadragésima Primera Objeción Colectiva pretende reclasificar, de conformidad con las reglas 3007(d)(2) y 3007(d)(1) del Procedimiento Federal de Quiebras y los Procedimientos de Objeciones Colectivas, las reclamaciones parcialmente presentadas contra el deudor incorrecto y por tal motivo presentadas en el caso equivocado, y parcialmente duplicadas de una o más evidencias de reclamaciones maestras presentadas en los Casos iniciados al amparo del Título III.

19.     En primer lugar, una parte de cada una de las reclamaciones identificadas como "Formuladas" en el **Anexo A** al presente (en conjunto, las "Reclamaciones Duplicadas y contra el Deudor Incorrecto") identifica a la HTA y al ERS como deudores, cuando dichas reclamaciones están correctamente presentadas, en todo caso, contra el Estado Libre Asociado y/o PREPA.  En la evidencia de reclamación o en la documentación de respaldo, algunas de las Reclamaciones Duplicadas y contra el Deudor Incorrecto indican que una parte de la obligación invocada recae apropiadamente, en todo caso, en el Estado Libre Asociado y/o PREPA, mientras que otras Reclamaciones Duplicadas y contra el Deudor Incorrecto deben presentarse contra el Estado Libre Asociado y/o PREPA, en todo caso, en función del examen efectuado por los Deudores de los nombres y la información CUSIP aportados para los bonos en cuestión.  En consecuencia, una parte de cada una de las Reclamaciones Duplicadas y contra el Deudor Incorrecto deben reclasificarse de modo tal que se presenten contra el Estado Libre Asociado y/o PREPA, como se identifica en la columna "Corregido" del **Anexo A** al presente (en conjunto, las "Reclamaciones Reclasificadas").     Los Deudores se reservan el derecho de objetar las Reclamaciones Reclasificadas con base en cualquier otro fundamento.

20.     En segundo lugar, una parte de cada una de las Reclamaciones Duplicadas y contra el Deudor Incorrecto invoca una obligación asociada a uno o más bonos emitidos por la HTA o el ERS que son duplicadas de una o más evidencias de reclamaciones maestras que se presentaron en el Caso de la HTA iniciado al amparo del Título III y el Caso del ERS iniciado al amparo del Título III por el agente fiscal o el fiduciario de los bonos emitidos por la HTA y el ERS.  Así pues, de no desestimarse esta parte de las Reclamaciones Duplicadas y contra el Deudor Incorrecto, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio de la HTA o del ERS, en detrimento de otras partes interesadas en los

9

Casos iniciados al amparo del Título III.  Los tenedores de las Reclamaciones Duplicadas y contra el Deudor Incorrecto no se verán perjudicados por la desestimación de esta parte de sus reclamaciones puesto que las obligaciones asociadas a esta parte de sus reclamaciones están subsumidas en una o más evidencias de reclamaciones maestras.

21.      En respaldo de lo antedicho, la HTA y el ERS se basan en la *Declaración de Jay Herriman en respaldo de la Cuadragésima Primera Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra Reclamaciones Duplicadas y contra el Deudor Incorrecto*, con fecha 6 de junio de 2019, adjuntas al presente como **Anexo B**.

## NOTIFICACIÓN

22.      De conformidad con los Procedimientos de Objeciones Colectivas y a la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS han notificado de esta Cuadragésima Objeción Colectiva a (a) los acreedores particulares conforme a la Cuadragésima Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 4866-1]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.  Se adjunta al presente como **Anexo C** una copia de la notificación de esta Cuadragésima Primera Objeción Colectiva.  Se presentan las traducciones al español de la Cuadragésima Primera Objeción Colectiva y de todos los anexos a esta y se notifica a las partes.  La HTA y el ERS manifiestan que, en vista de la naturaleza del remedio solicitado, no es necesario cursar notificaciones de otro tipo o adicionales.

## **RESERVA DE DERECHOS**

23.     Esta Cuadragésima Primera Objeción Colectiva se circunscribe a los fundamentos señalados en el presente.  En consecuencia, objetar las Reclamaciones Duplicadas y contra el Deudor Incorrecto, o cualquier otra reclamación fundándose en cualquier motivo, no perjudica los derechos de los Deudores.  Los Deudores ser reservan expresamente todas las objeciones de fondo o de forma futuras.  Ninguna parte del presente o ninguna de las acciones realizadas en virtud de dicho remedio tiene por fin o ha de interpretarse como: (a) una admisión de la validez de cualquier reclamación en contra de los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación fundándose en cualquier motivo; (c) una promesa o requisito para pagar ninguna reclamación; (d) una solicitud o autorización para asumir ningún acuerdo, contrato o arrendamiento previo a la petición conforme a la sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, del Código de Quiebras o de ninguna otra ley aplicable.

## **SIN SOLICITUD PREVIA**

24.     No se ha presentado ninguna petición de reparación anterior en relación con esta Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

11

POR TODO LO EXPUESTO, la HTA y el ERS solicitan respetuosamente que se emita una resolución, sustancialmente en los términos de la Resolución Propuesta que se adjunta a la presente como **<u>Anexo D</u>**, en la que se haga lugar (1) al remedio allí solicitado, y (2) a cualquier remedio de otro tipo o adicional que se considere justo en favor de la HTA y el ERS.

Fecha: 6 de junio de 2019
        San Juan, Puerto Rico

Presentado con el debido respeto,

*<u>Firma en la versión en inglés</u>*
Hermann D. Bauer
USDC N° 215205
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico en representación de la HTA y del ERS*

12