UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER REGARDING COMPLIANCE BY THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

The Court has received and reviewed the *Urgent Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Compel Compliance by the Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure 2019 and to Amend the Eighth Amended Case Management Procedures* (Docket Entry No. 6963 in Case No. 17-3283,[2] the "Motion"), filed by Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

"Movants").  In the Motion, Movants seek entry of an order compelling the Official Committee of Unsecured Creditors (the "Committee") and its members to fully comply with Federal Rule of Bankruptcy Procedure 2019 ("Rule 2019") and with the *Order Regarding the Applicability of F.R.B.P. 2019 to the Title III Cases and a Further Proposed Amendment to the Case Management Order* (Docket Entry No. 754, the "2019 Order").  Movants further seek entry of an order prohibiting the Committee from "being heard on any matter in these Title III proceedings unless and until it has complied with Rule 2019 and the 2019 Order."  Finally, Movants request that the Court revise Paragraph IV.C of the *Eighth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 4866-1[3]) to add a specific reference to the Committee and to provide "clarifications as to what qualifies as a material change" pursuant to Rule 2019.

The Court has considered carefully all of the submissions made in connection with the Motion.[4]  The Motion is hereby resolved as follows.  Movants' request that the

---

[3] Subsequent to the filing of the Motion, the Court entered an order amending the *Eighth Amended Notice, Case Management and Administrative Procedures* (see Docket Entry No. 7115-1, the "Case Management Order").  Those subsequent amendments are not pertinent to the Motion.

[4] In addition to the Motion, the Court has received and carefully reviewed the *Joinder to Urgent Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Compel Compliance with the Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure 2019 and to Amend the Eighth Amended Case Management Procedures* (Docket Entry No. 7094) filed by AmeriNational Community Services, LLC and Cantor-Katz Collateral Monitor LLC), the *Objection of Official Committee of Unsecured Creditors to Motion of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Compel Compliance by Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure 2019 and to Amend Eighth Amended Case Management Procedures* (Docket Entry No. 7098), and the *Reply of Assured Guaranty Corp. and Assured Guaranty Municipal Corp. in Support of Motion to Compel Compliance by the Official Committee of Unsecured Creditors with Federal Rule of Bankruptcy Procedure 2019 and to Amend the Eighth Amended Case Management Procedures* (Docket Entry No. 7188).

Committee be precluded from being heard on any matter in these Title III proceedings pending its further compliance with Rule 2019 and the 2019 Order is denied. Movants' request to impose additional disclosure requirements on the Committee through certain proposed changes to the Case Management Order is also denied. Movants' request for an order compelling the Committee to comply with Rule 2019 and the 2019 Order is granted to the extent provided herein.

Rule 2019, made applicable to the above-captioned Title III cases by 48 U.S.C. § 2170, provides, in relevant part, that "every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another" (a "2019(b) Group") shall be required to file a verified statement, including the "nature and amount of each disclosable economic interest held in relation to the debtor" with respect to each member of the 2019(b) Group. Additionally, Rule 2019(d) requires that a 2019(b) Group file a verified supplemental statement if "any fact disclosed in its most recently filed statement has changed materially." Fed. R. Bankr. P. 2019(d). The Court's 2019 Order provides in relevant part that:

> If any fact disclosed in the Rule 2019(b) Group's most recently filed statement (including, but not limited to, information concerning the composition of the Rule 2019(b) Group) changes materially, the Rule 2019(b) Group must file a supplemental verified statement contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b) Group takes a position before the Court or solicits votes on the confirmation of a plan . . . . The absence of such a supplemental statement shall be deemed a representation that no material changes have occurred.

Both Rule 2019 and the 2019 Order therefore require that the Committee disclose, via verified supplemental statement, any material changes to its most recently filed verified statement. The

Court agrees with Movants that the Committee's Rule 2019 statements do not comply fully with the requirements of Rule 2019 and the 2019 Order. However, Movants' requested relief, including preclusion of the Committee from taking positions absent compliance in a specific manner, and the definition of the term "material change" as applied to vendor members of the Committee to include "any increase or reduction of . . . claims in an amount that in the aggregate totals more than $50,000 as compared to such . . . claims or disclosable economic interests that were disclosed in the Rule 2019(b) Group's most recently filed statements" are not warranted. The Court therefore declines to adopt the measures proposed by Movants and instead orders the Committee to file verified supplemental statements in compliance with the following requirements and principles.

The Committee must promptly file a verified supplemental statement whenever the aggregate prepetition claims of a single Committee member increase or decrease by a material amount, including whenever all prepetition claims asserted against a particular debtor by any such member are satisfied completely. The Court declines at this time to attach a specific dollar threshold to this obligation. However, the Court's review of the *Verified Statement of Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2019* (Docket Entry No. 1050) and the *Third Supplemental Verified Statement of Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 2019* (Docket Entry No. 6874) shows that one Committee member reported a decrease in outstanding prepetition indebtedness of over 70%. That change is clearly material; indeed, a decrease (cumulative or otherwise) of even 50% from the amount originally reported with respect to such member and debtor would generally be material. The Case Management Order requires disclosure of material changes "contemporaneously with or within 48 hours after the next instance in which the Rule 2019(b)

Group takes a position before the Court or solicits votes on the confirmation of a plan . . . ." The Committee is active in these Title III cases, and the Court expects the Committee to comply with its disclosure obligations in a timely manner.

The Committee must also disclose, via verified supplemental statement to be filed contemporaneously with or within 48 hours after the next instance in which the Committee takes a position before the Court or solicits votes on the confirmation of a plan, all changes to its membership. Specifically, the Committee must disclose the appointment of each new member to the Committee, including a description of the nature and amount of all disclosable economic interests held by each such new Committee member with respect to each of the debtors in these Title III proceedings, subject to the principles set forth below concerning the disclosable economic interests of labor organizations. Each resignation or removal of any Committee member must similarly be reported promptly.

In filing Rule 2019 disclosures, the Committee and other 2019(b) Groups must disclose both the nature and the aggregate amount (by type of disclosable economic interest) of each member's claims against, and any other disclosable economic interests held in relation to, each Title III debtor. The Court is mindful that the Committee, unlike ad hoc and other unofficial 2019(b) Groups, acts as a unit in a fiduciary capacity for all unsecured creditors of the relevant debtor. Here, the Committee's membership includes labor unions that have been appointed to participate on the Committee in a capacity derivative of interests of their individual members to the extent those members hold unsecured claims. Rule 2019 does not specifically speak to unions' unique circumstances and, in particular, to the high transaction costs that might attend an obligation to estimate, aggregate, and maintain an up-to-date estimate of the underlying liquidated and unliquidated claims of each person represented by a union. In addition, disclosure

of such information would not necessarily provide meaningful information to the Court, parties-in-interest, or the public, given the fiduciary capacity in which the Committee acts as a whole. The Court has determined that, under these circumstances, relief requiring less specific identification of the nature of the union members' unsecured claims underlying the unions' representative interests will suffice to inform other interested parties of issues that might arguably influence the unions' decisions as Committee members.

Accordingly, the Committee's Rule 2019 statements shall henceforth be deemed compliant with Rule 2019 as to labor unions serving as Committee members if they disclose (i) the nature and specific amounts of the union's own disclosable economic interests, if any, in relation to each debtor, and (ii) the categories (e.g., unpaid compensation, grievances or awards upon grievances, accrued pension obligations) and aggregate magnitude of each such category of unsecured individual member claims against each debtor. To the extent that there are material changes to a union's disclosable economic interests or the member claims it represents, the nature and magnitude of those changes must be disclosed in a timely manner in a verified supplemental statement. The aggregate magnitude of categories of liquidated unsecured claims shall be expressed utilizing the following value ranges: $1-$50,000; $50,001-$100,000; $100,001-$500,000; $500,001-$1,000,000; $1,000,001-$10,000,000; over $10,000,000.

The Committee is hereby ordered to file a verified supplemental statement consistent with the requirements and principles set forth in this Order by **June 27, 2019 at 5:00 p.m. (Atlantic Standard Time)** and thereafter comply with its Rule 2019 obligations in a manner that is timely and consistent with this Order, Rule 2019, and pertinent orders entered in these cases.

This Order resolves Docket Entry No. 6963 in Case No. 17-3283.

SO ORDERED.

Dated: June 6, 2019

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge