## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>    Respondent. | Case No. 17-BK-4780-LTS<br><br>**Re: ECF No. 7176,** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO as
representative of the COMMONWEALTH OF
PUERTO RICO,

       Cross-Movants,

v.

AMBAC ASSURANCE CORPORATION,

       Cross-Respondents.

**URGENT MOTION OF THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR ORDER SETTING BRIEFING
SCHEDULE IN CONNECTION WITH ITS MOTION TO DISMISS
FOR LACK OF STANDING AMBAC ASSURANCE CORPORATION'S MOTION
CONCERNING APPLICATION OF THE AUTOMATIC STAY TO THE REVENUES
SECURING PRIFA RUM TAX BONDS [ECF NO. 7176]; [PROPOSED] ORDER**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"
or "FOMB"), as sole representative of Debtor, Respondent and Cross-Movant the
Commonwealth of Puerto Rico (the "Commonwealth" or "Debtor") pursuant to section
315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2]
respectfully submits this urgent motion (the "Urgent Motion") requesting that the Court enter an
order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), setting a
briefing schedule with respect to the Oversight Board's motion to dismiss, filed concurrently
herewith (the "Motion to Dismiss"), and scheduling the Motion to Dismiss for hearing at the
June 12, 2019 Omnibus Hearing or as soon thereafter as the Court deems practicable.

---

[2]   PROMESA is codified at 48 U.S.C. §§ 2101-2241.

The Oversight Board's Motion to Dismiss is a motion to dismiss *Ambac Assurance Corporation's Motion and Memorandum of Law in Support of Its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7176] (the "Stay Motion") filed by Ambac Assurance Corporation ("Ambac"). This Urgent Motion is a request to set an expedited briefing and hearing schedule on the Oversight Board's Motion to Dismiss.

On June 5, 2019, the Oversight Board explained to Ambac why Ambac lacks standing to prosecute its Stay Motion. On June 6, 2019, Ambac disagreed with the Oversight Board and further objected to the Court scheduling and determining the standing issue before the omnibus hearing on July 24, 2019. By order dated June 4, 2019 [Docket # 7215] the Court had set a briefing schedule for the Stay Motion and oral argument for July 24, 2019.

In support of this Urgent Motion, the Oversight Board respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2.      Venue is proper pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief sought herein are Bankruptcy Rules 1001 and 9006(c)(1), made applicable by PROMESA § 310.

## RELIEF REQUESTED

4.      By this Urgent Motion, the Oversight Board seeks the entry of the Proposed Order (Exhibit A)  setting an expedited briefing schedule and hearing date for the Motion to Dismiss.

3

## BASIS FOR RELIEF

5.      In connection with its Stay Motion, Ambac has requested a discovery schedule, which it anticipates will ultimately result in a full evidentiary hearing.  *See* [ECF No.7209] ¶ 10.[3] The briefing of the Stay Motion, discovery, and preparation for oral argument on July 24, 2019 will consume enormous amounts of time of attorneys and clients and result in enormous expenses for the Oversight Board and AAFAF.  If, as the Oversight Board believes, Ambac lacks standing to prosecute its Stay Motion in the first place because the Stay Motion requests permission for Ambac to prosecute other actions it is contractually barred from prosecuting, all the time, expense, and distraction will be a waste.  As briefed in the Motion to Dismiss, the Trust Agreement[4] governing the PRIFA Bonds categorically bars all Bondholders from initiating or maintaining any action on the Bonds, including the Stay Motion.  *See* Trust Agreement § 705.

6.      After waiting years to bring its Stay Motion, we submit Ambac lacks any justification to object to the Court's determination of the gating issue of Ambac's standing, before the parties consume huge amounts of time and money on litigation that may never occur.

7.      Whether Ambac is precluded by the Trust Agreement's No-Action Clause from bringing the Stay Motion is a narrow and dispositive issue of law that can be determined expeditiously.

8.      In parallel circumstances, the Court granted PREPA's motion to freeze all deadlines applicable to certain monoline insurers' lift stay motion pending determination of a motion to dismiss such lift stay motion for failure to comply with the operative trust agreement's

---

[3]   Although the Court's Scheduling Order grants the Oversight Board's sur-reply and provides that the parties meet and confer and submit a joint status report by June 10, 2019 that, among other things, identifies issues of fact that may require discovery and proposing a schedule for any necessary discovery, Ambac has indicated to the Oversight Board that it continues to anticipate a full evidentiary hearing.

[4]   Capitalized terms used but not otherwise defined shall have the meaning given to them in the Motion to Dismiss.

4

no-action clause.  *See* Case No.  17-04780-LTS, ECF No. 1230.  There, the Court held that "in light of the apparent lack of authority under the Trust Agreement to pursue the proceedings for which stay relief is sought and the high transaction costs associated with litigating the Receiver Motion, the Court finds that compelling circumstances justify the relief sought in the Urgent Motion [*i.e.* freezing all applicable deadlines and adjourning discovery]."  *Id.*

9.      The same compelling circumstances are present here.  Moreover, Ambac is not prejudiced by litigating its standing at the outset.   Ambac seeks a ruling that either the automatic stay does not apply to the PRIFA Clawback Action and U.S. Treasury Action, or alternatively, relief from the stay or adequate protection.  Such actions were commenced in 2016 and 2017, respectively.  Determining whether the Stay Motion can be maintained by Ambac at all will not prejudice a party that appears to have sat for years.  On the contrary, compelling circumstances exist to grant the Urgent Motion.  Dismissal of the Stay Motion would spare the Commonwealth from intensive, and possibly disputed, discovery and extensive briefing,  and promote judicial economy by dispensing with a motion Ambac believes will require an evidentiary hearing even though it has no right to maintain such a motion.

10.     The relief requested herein is consistent with the Court's inherent power to control the disposition of cases on its docket, is in the best interests of the Commonwealth and its creditors, and cannot prejudice Ambac, which will get an expedited determination of its standing before it too engages in extensive discovery and incurs significant expenses.

## CONCLUSION

11.     For the foregoing reasons, the Court should grant the Urgent Motion and enter the Proposed Order setting an expedited briefing schedule, and hearing on the Motion to Dismiss on June 12, 2019 or as soon thereafter as the Court deems appropriate.

[*Remainder of page intentionally left blank*]

Dated: June 6, 2019                              Respectfully submitted,


San Juan, Puerto Rico


                              */s/ Hermann D. Bauer*
                              Hermann D. Bauer
                              USDC No. 215205
                              **O'NEILL & BORGES LLC**
                              250 Muñoz Rivera Ave., Suite 800
                              San Juan, PR 00918-1813
                              Tel: (787) 764-8181
                              Fax: (787) 753-8944
                              Email: hermann.bauer@oneillborges.com

                              Martin J. Bienenstock (*pro hac vice*)
                              Brian S. Rosen (*pro hac vice*)
                              Stephen L. Ratner (*pro hac vice*)
                              Timothy W. Mungovan (*pro hac vice*)
                              Ehud Barak (*pro hac vice*)
                              **PROSKAUER ROSE LLP**
                              Eleven Times Square
                              New York, NY 10036
                              Tel: (212) 969-3000
                              Fax: (212) 969-2900
                              Email: mbienenstock@proskauer.com
                              Email: brosen@proskauer.com
                              Email: sratner@proskauer.com
                              Email: tmungovan@proskauer.com
                              Email: ebarak@proskauer.com

                              *Attorneys for the Financial Oversight and
                              Management Board for Puerto Rico, as
                              representative of the Commonwealth of
                              Puerto Rico*

**Certification of Compliance with Local Rule 9013-1
and the Ninth Amended Case Management Procedures**

Pursuant to Local Rule 9013-1 and ¶ I.H of the Ninth Amended Case Management Order, the undersigned counsel hereby certify they have (a) carefully examined the matter and concluded that there is a true need to for the urgent relief requested; (b) have not created the urgency through any lack of due diligence; and (c) made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court.

## CERTIFICATE OF SERVICE

I hereby certify that, on this same date, I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record and CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann          D.          Bauer

**<u>Exhibit A</u>**

Proposed Order

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>     Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>     Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>     Respondent. | Case No. 17-BK-4780-LTS<br><br>**Re: ECF No. 7176, 7215** |

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO as
representative of the COMMONWEALTH OF
PUERTO RICO,

       Cross-Movants,

v.

AMBAC ASSURANCE CORPORATION,

       Cross-Respondents.

**[PROPOSED] ORDER PURSUANT TO
BANKRUPTCY RULES 1001 AND 9006(c)
SETTING BRIEFING SCHEDULE IN CONNECTION
WITH OVERSIGHT BOARD'S MOTION TO DISMISS FOR
LACK OF STANDING, AMBAC ASSURANCE CORPORATION'S
MOTION CONCERNING APPLICATION OF THE AUTOMATIC <u>STAY</u>
<u>TO THE REVENUES SECURING PRIFA RUM TAX BONDS [ECF NO. 7176];</u>**

Upon consideration of the urgent motion (the "**Urgent Motion**") filed on June 6, 2019 by
the Commonwealth, by and through the Financial Oversight and Management Board for Puerto
Rico (the "**Oversight Board**"), as the Commonwealth's sole representative pursuant to section
315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act
("**PROMESA**"),[2] and the Court having found and determined that (i) the Court has jurisdiction
over this proceeding and the Urgent Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. §
2166(a); (ii) venue of this proceeding and the Urgent Motion is proper under 28 U.S.C. §
1391(b) and 48 U.S.C. § 2167(a); and (iii) the Court having found good cause to grant the relief
requested therein, it is

**HEREBY ORDERED THAT:**

1.  The Urgent Motion is GRANTED.

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

2

2.   All objections and responses to the Motion to Dismiss shall be due on **June__, 2019 at**

   **_____a.m. (AST).**

3.   The Debtor's reply shall be due on **June__, 2019 at _____a.m. (AST).**

4.   A hearing on the Motion to Dismiss shall be held on **June __, 2019.**

Dated _____, 2019
San Juan, Puerto Rico                        _____
                                             HONORABLE LAURA TAYLOR SWAIN
                                             UNITED STATES DISTRICT JUDGE

3