> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and ERS.** |

### FORTY-FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR

The Commonwealth of Puerto Rico (the "Commonwealth"), Puerto Rico Highways and Transportation Authority ("HTA"), and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth, HTA, and ERS, pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Stability Act* ("PROMESA"),[2] file this forty-fourth omnibus objection (the "Forty-Fourth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which was incorrectly asserted against the Commonwealth, HTA, or ERS, and should be reclassified in whole or in part to be asserted against the Puerto Rico Electric Power Authority ("PREPA"), and in support of the Forty-Fourth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The Bar Date Orders in the Title III Cases

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "ERS Title III Case" and the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.      Operations and Bond Debt of the Commonwealth**

5.      The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952.  The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive.  *See* P.R. Const., Art. I, §§ 1, 2.

6.      The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues.  *See* P.R. Const. Art. VI § 2.  In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.  Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds ("GO Bonds") purportedly backed by its full faith,

---

[3]  All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

credit, and taxing power.  GO Bonds are public debt under Article VI, § 8 of the P.R. Constitution. Each series of GO Bonds was issued pursuant to a bond resolution and offering memorandum.

**C.      HTA Bonds**

7.      HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act").  HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A § 2002.

8.      The HTA Enabling Act authorizes HTA to issue bonds.  *See* 9 L.P.R.A. §§ 2004(g), (h), (l).  Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution").  As of HTA's May 21, 2017 petition date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding.  The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds, and has filed master proofs of claim in the HTA Title III Case on behalf of the holders of the Resolution Bonds.

9.      Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds").  Banco Popular de Puerto Rico serves as trustee with respect to the Bridge Bonds, and has filed a master proof of claim in the HTA Title III Case on behalf of the holders of the Bridge Bonds.

### D.      ERS Bonds

10.      ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

11.      Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008 (the "Resolution"), and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4]  BNYM serves as the fiscal agent with respect to the ERS Bonds, and has filed a master proof of claim in the ERS Title III Case on behalf of the holders of the ERS Bonds.

### E.      Claims and the Omnibus Objection Procedures

12.      To date, approximately 168,922 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

13.      Of the proofs of claim filed, approximately 104,004 have been filed in relation to, or reclassified to be asserted against, the Commonwealth, totaling approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.  Approximately 55,068 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted.  Approximately 2,338 proofs of

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void.  On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.  ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

claim have been filed in relation to, or reclassified to be asserted against, HTA, totaling approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted. Approximately 4,319 proofs of claim have been filed in relation to PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.     This Forty-Fourth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

16.     The Omnibus Objection Procedures allow the Commonwealth, ERS, and HTA to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)–(7).

17.     The Forty-Fourth Omnibus Objection seeks to reclassify, in full or in part, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(2) and the Omnibus Objection Procedures, claims that were asserted against the incorrect debtor, and thus filed in the wrong case.

18.     Each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Incorrect Debtor Claims") identifies as obligor the Commonwealth, HTA, or ERS, when a portion of such claims or the entire claim is properly asserted, if at all, against PREPA.  Some of the Incorrect Debtor Claims state in the proof of claim or supporting documentation that the asserted liability appropriately lies, if at all, with PREPA, while other Incorrect Debtor Claims should be asserted against PREPA, if at all, based upon the Debtors' review of the names and CUSIP information provided for the bonds at issue.  Additionally, other Incorrect Debtor Claims purport to assert liabilities related to PREPA bills sent to customers, services rendered to customers by PREPA, an employment relationship with PREPA, or contracts allegedly entered into with PREPA.  Because for one or more of the foregoing reasons the asserted liability appropriately lies, if at all, with PREPA (not the Commonwealth, HTA, or ERS), the Incorrect Debtor Claims should be reclassified to be asserted against PREPA, in full or in part, as identified in the column titled "Corrected," in **Exhibit A** hereto (collectively, the "Reclassified Claims").

19.     As this Forty-Fourth Omnibus Objection does not constitute an objection to the Reclassified Claims, the Debtors reserve their right to object to the Reclassified Claims on any other grounds whatsoever.  Further, to the extent the Incorrect Debtor Claims are only partially reclassified to be asserted against PREPA, leaving a portion of the claim to be asserted against the Commonwealth, HTA, or ERS, (collectively, the "Remaining Claims"), the Debtors reserve their rights to object to the Remaining Claims on any other grounds whatsoever.

20.     In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Forty-Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth Puerto to Claims Asserted Against the Incorrect Debtor*, dated June 6, 2019, attached hereto as **Exhibit B**.

**NOTICE**

21.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth, HTA, and ERS are providing notice of this Omnibus Objection to (a) the individual creditors subject to this Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Eighth Amended Notice, Case Management and Administrative Procedures* [ECF No. 4866-1]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Commonwealth, HTA, and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **RESERVATION OF RIGHTS**

22.     This Forty-Fourth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Incorrect Debtor Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

23.     No prior request for the relief sought in this Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Commonwealth, HTA, and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth, HTA, and ERS such other and further relief as is just.

Dated: June 6, 2019
        San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for the
Commonwealth, HTA, and ERS*

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a. m. (Hora estándar del Atlántico)**
**Fecha límite para presentar la respuesta: 9 de julio de 2019 a las 4:00 p. m. (Hora estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y
ADMINISTRACIÓN FINANCIERA PARA
PUERTO RICO,

      como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y
otros*,

                     Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**Esta presentación se relaciona con el Estado Libre Asociado, la HTA y el ERS.**

## CUADRAGÉSIMA CUARTA OBJECIÓN COLECTIVA
## (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,
## LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y
## EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO
## LIBRE ASOCIADO DE PUERTO RICO A LAS RECLAMACIONES FORMULADAS
## CONTRA EL DEUDOR INCORRECTO

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), la Autoridad de

Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del

Gobierno del Estado Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión

y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado")(Caso de quiebra No. 17BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

Estado Libre Asociado, la HTA y del ERS, conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presentan esta cuadragésima cuarta objeción colectiva (la "Cuadragésima Cuarta Objeción Colectiva") a las evidencias de reclamaciones que aparecen en la lista del **Anexo A** al presente, las cuales fueron incorrectamente formuladas contra el Estado Libre Asociado, la HTA y el ERS, y deben reclasificarse total o parcialmente para formularse contra la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA"); y, para fundamentar la Cuadragésima Cuarta Objeción Colectiva, con respeto manifiestan lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A.      Las Resoluciones que fijan Fechas Límites en los Casos iniciados al amparo del Título III**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha

---

[2]  La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").  Con fecha 21 de mayo

de 2017, a pedido del Gobernador, expidió una certificación de restructuración de conformidad

con las secciones 104(j) y 206 de la ley PROMESA y presentó peticiones voluntarias de remedio

para el ERS y la HTA conforme a la Sección 304(a) de la ley PROMESA, dando inicio a una serie

de casos al amparo del Título III de la citada ley (respectivamente, el "Caso del ERS iniciado al

amparo del Título III" y el "Caso de la HTA iniciado al amparo del Título III" y, junto con el Caso

del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del

Título III").  El 29 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la

administración conjunta de los Casos iniciados al amparo del Título III, con fines procesales

exclusivamente.

     4.     El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una

*Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias*

*de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación*

[ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de

Reclamaciones").  Conforme a la *resolución que (A) establece fechas límites y procedimientos*

*para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación*

[ECF N° 2521] (la "Resolución sobre la Fecha Límite Inicial"), el Tribunal hizo lugar al remedio

solicitado en la Petición de Resolución sobre Fecha Límite y estableció las fechas límites y

procedimientos para presentar evidencias de reclamaciones en los Casos iniciados al amparo del

Título III.  En virtud de una petición informativa de determinados acreedores, y con el respaldo de

los Deudores, el Tribunal posteriormente dictó la *Resolución que (A) prorroga las Fechas Límites*

*para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de*

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

*Notificación de las Mismas* [ECF No. 3160] (junto con la Resolución sobre la Fecha Límite Inicial ("Resoluciones que Fijan Fechas Límites")) que prorrogaba estas fechas límites al 29 de junio de 2018 a las 4:00 p. m. (Hora del Atlántico).

**B.     Operaciones y Deuda de Bonos del Estado Libre Asociado**

5.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de P.R.") entró en vigencia en 1952.  La Constitución de P.R. creó al Estado Libre Asociado como gobierno central de Puerto Rico, "con forma republicana" y dividido en tres poderes: el legislativo, el judicial y el ejecutivo. *Véase* Constitución de P.R., Art. I, secciones 1, 2.

6.      La Constitución de P.R. autoriza al Estado Libre Asociado a emitir deuda, con sujeción a diversas limitaciones, incluida la capacidad del Estado Libre Asociado de pignorar sus ingresos. *Véase* Constitución de P.R. Art. VI, sección 2.  En 1961, la Sección 2 del Artículo VI de dicha Constitución fue enmendada para limitar el endeudamiento del Estado Libre Asociado en función del monto del servicio de deuda que el Estado Libre Asociado debería pagar con relación a sus ingresos históricos.  Desde 1961, el Estado Libre Asociado ha emitido mil millones de dólares en bonos de obligación general ("Bonos GO") supuestamente respaldados por su pleno poder de fe, crédito y tributación.  Los Bonos GO constituyen deuda pública conforme al Artículo VI, sección 8 de la Constitución de P.R.  Cada serie de Bonos GO se emitió en virtud de una resolución de emisión de bonos y un memorándum de oferta.

**C.     Bonos de la HTA**

7.      La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("Ley Habilitante de la HTA").  La HTA es responsable de la construcción, la operación

y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

8.      La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con el mismo, la HTA emitió varias series de bonos en virtud de dos resoluciones distintas, (los "Bonos emitidos en virtud de las Resoluciones"): (*i*) Resolución N° 68-18, adoptada el 13 de junio 1968 (la "Resolución de 1968") y (*ii*) Resolución N° 98-06, adoptada el 26 de febrero de 1998 (la "Resolución de 1998".  A la fecha de la petición de la HTA del 21 de mayo de 2017 permanece pendiente un monto principal por bonos emitidos conforme a la Resolución de 1968 de alrededor de $830 millones, y un monto principal por bonos emitidos en virtud de la Resolución de 1998 de cerca de $3.400 millones.  Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de las Resoluciones, y ha presentado evidencias de reclamaciones maestras en el Caso de la HTA iniciado al amparo del Título III en representación de los tenedores de los Bonos emitidos en virtud de las Resoluciones.

9.      Asimismo, conforme a la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar la financiación del Puente Teodoro Moscoso (los "Bonos para financiar el puente").  Banco Popular de Puerto Rico actúa como fiduciario con respecto a los Bonos para financiar el puente, y ha presentado una evidencia de reclamación maestra en el Caso de la HTA iniciado al amparo del Título III en representación de los tenedores de dichos bonos.

**D.      Bonos del ERS**

10.      El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos.  El ERS es un organismo público

autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

11.     Presuntamente conforme a la *Resolución sobre Bonos de Capitalización de Pensiones*, adoptada el 24 de enero de 2008, (la "Resolución") y   a ciertas resoluciones complementarias, el ERS emitió bonos de obligaciones de pensiones principales y subordinados (los "Bonos del ERS") por un monto principal original total de aproximadamente $2.900 millones.[4] BNYM actúa como el agente fiscal con respecto a los Bonos del ERS y ha presentado una evidencia de reclamación maestra en el Caso del ERS iniciado al amparo del Título III en representación de los tenedores de los Bonos del ERS.

**E.     Reclamaciones y Procedimientos aplicables a Objeciones Colectivas**

12.     Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk.  Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

13.     De las pruebas de reclamación presentadas, aproximadamente 104,004 se han presentado en relación con, o se han reclasificado para reclamar contra, el Estado Libre Asociado, totalizando aproximadamente $33.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 55,068 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en

---

[4] El 12 de marzo de 2019, el Comité Oficial de Acreedores no Asegurados presentó una *Objeción Colectiva contra Reclamaciones formuladas por los tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF N° 381], alegando que la emisión de bonos excedía la autoridad que por ley le corresponde al ERS y constituía, por lo tanto, una situación *ultra vires*, por lo que consideraban que dichos bonos eran nulos de toda nulidad.  El 23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico conforme a la sección 502 del Código de Quiebras y la regla 3007 de Quiebras, contra reclamaciones presentadas o formuladas por tenedores de bonos del ERS contra el ERS y el Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], alegando, entre otras cosas, que la emisión de bonos constituía una situación *ultra vires*.  El ERS se reserva sus derechos a objetar la emisión de bonos fundándose en cualquier motivo, incluso en que los bonos del ERS constituían una situación *ultra vires*, y en cualquier otro fundamento establecido en las objeciones precedentes.

reclamaciones declaradas, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. Aproximadamente 4,319 pruebas de reclamación se han presentado en relación con PREPA.  De conformidad con los términos de las Resoluciones que Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

14.    De conformidad con los términos de las Resoluciones que Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.  A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos").  La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado.  Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos

Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "<u>Procedimientos aplicables a Objeciones Colectivas</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de las formas de notificación para las objeciones colectivas para ser presentadas con arreglo a los Procedimientos aplicables a Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "<u>Resolución del Tribunal que ordena la Notificación</u>").

15.     Esta Cuadragésima <u>Cuarta</u> Objeción Colectiva se presenta de acuerdo con los procedimientos del Tribunal aplicables a Objeciones Colectivas.

## <u>OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES</u>

16.     Los Procedimientos aplicables a Objeciones Colectivas le permiten al Estado Libre Asociado, al ERS y a la HTA presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales que contempla la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

17.     La Cuadragésima <u>Cuarta</u> Objeción Colectiva pretende que se reclasifiquen, total o parcialmente, de conformidad con la Regla 3007(d)(2) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, las reclamaciones que fueron formuladas contra el deudor incorrecto y, por lo tanto, presentadas en el caso equivocado.

18.     Cada una de las reclamaciones identificadas en la columna "Formuladas" en el **<u>Anexo A</u>** al presente (referidas en conjunto como las "<u>Reclamaciones contra el Deudor Incorrecto</u>") identifican al Estado Libre Asociado, a la HTA o el ERS como deudores, cuando una parte de dichas reclamaciones o la reclamación completa está correctamente formulada, en todo

caso, en contra de PREPA.  En la evidencia de reclamaciones o en la documentación de respaldo, algunas de las Reclamaciones de Bonos contra el Deudor Incorrecto señalan que la obligación invocada recae apropiadamente, en todo caso, en PREPA, mientras que las Reclamaciones contra el Deudor Incorrecto deben formularse contra PREPA, en todo caso, según surge del examen realizado por los Deudores de los nombres y la información CUSIP proporcionada para los bonos en cuestión.  Asimismo, otras Reclamaciones contra el Deudor Incorrecto pretenden invocar obligaciones vinculadas a facturas de PREPA enviadas a clientes, servicios prestados a clientes de parte de PREPA, una relación laboral con PREPA o contratos supuestamente celebrados con PREPA.  Dado que en virtud de una o más de las razones mencionadas previamente la obligación invocada recae apropiadamente, en todo caso, en PREPA (no en el Estado Libre Asociado, la HTA o el ERS), las Reclamaciones contra el Deudor Incorrecto deben reclasificarse para formularse contra PREPA, total o parcialmente, como se indica en la columna "Corregido" del **Anexo A** al presente (en conjunto, las "Reclamaciones Reclasificadas").

19.     Dado que esta Cuadragésima Cuarta Objeción Colectiva no constituye una objeción a las Reclamaciones Reclasificadas, los Deudores conservan su derecho a objetar las Reclamaciones Reclasificadas con base en cualquier fundamento.  Además, en la medida en que las Reclamaciones contra el Deudor Incorrecto sean solo parcialmente reclasificadas para formularse contra PREPA, y dejen una parte de la reclamación para formularse contra el Estado Libre Asociado, la HTA o el ERS (en conjunto, las "Reclamaciones Remanentes"), los Deudores conservan sus derechos a objetar las Reclamaciones Remanentes con base en cualquier fundamento.

20.     En respaldo de lo antedicho, el Estado Libre Asociado, la HTA y el ERS se basan en la *Declaración de Jay Herriman, la cual fundamenta la Cuadragésima Cuarta Objeción*

*Colectiva (no sustantiva) del Estado Libre Asociado, la Autoridad de Carreteras y Transportación*

*de Puerto Rico y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado*

*de Puerto Rico contra las Reclamaciones formuladas contra el Deudor Incorrecto*, con fecha 6 de

junio de 2019, adjuntas al presente como **Anexo B**.

## NOTIFICACIÓN

21.     De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la

Resolución del Tribunal que ordena la Notificación, el Estado Libre Asociado, la HTA y el ERS

notifican de esta Objeción Colectiva a (a) los acreedores particulares conforme a la Objeción

Colectiva, (b) el Síndico de EE. UU. y (c) la Lista Maestra de Notificaciones (como se define

en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N°

4866-1]), que se encuentra disponible en el sitio web de casos del Deudor, en

https://cases.primeclerk.com/puertorico.  Se adjunta al presente como **Anexo C** una copia de la

notificación de esta Objeción Colectiva y todos los anexos adjuntos al presente. También se

presentan con esta objeción las traducciones al español de la Objeción Colectiva y todos los anexos

adjuntos a esta, y se notificará a las partes.  El Estado Libre Asociado, la HTA y el ERS declaran

que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra

notificación.

## **RESERVA DE DERECHOS**

22.     Esta Cuadragésima Cuarta Objeción Colectiva se circunscribe a los fundamentos

señalados en el presente.  En consecuencia, objetar las Reclamaciones contra el Deudor Incorrecto

o cualquier otra reclamación fundándose en cualquier motivo no perjudica los derechos de los

Deudores.  Los Deudores se reservan expresamente todas las objeciones adicionales de fondo o

forma.  Ninguna parte de esta objeción, ni ninguna de las acciones llevadas a cabo en razón de

dicho remedio, tiene por fin o debe interpretarse como: (a) una admisión de la validez de cualquier

reclamación contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación basándose en cualquier fundamento; (c) una promesa o requerimiento de pagar cualquier reclamación; (d) una solicitud o autorización para asumir cualquier acuerdo, contrato o arrendamiento previo a la petición, conforme a la sección 365 del Código de Quiebras; o (e) una renuncia de los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

### **SIN SOLICITUD PREVIA**

23.    No se ha presentado ninguna petición de remedio anterior en relación con esta Objeción Colectiva ante este u otro tribunal.

POR LO TANTO, el Estado Libre Asociado, la HTA y el ERS solicitan con todo respeto que se dicte una resolución, esencialmente en la forma de la propuesta de resolución adjunta al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre Asociado, a la HTA y al ERS cualquier otro remedio adicional que se considere justo.

Fecha: 6 de junio de 2019            Presentado con el debido respeto,
      San Juan, Puerto Rico

                                        *Firma en la versión en inglés*
Hermann D. Bauer
USDC N° 215205
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036

Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera en
carácter de representantes del
Estado Libre Asociado, la HTA y el
ERS*