Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

---

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**FORTY-FIFTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO HIGHWAYS
AND TRANSPORTATION AUTHORITY AND EMPLOYEES RETIREMENT
SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO
TO DEFICIENT AND INCORRECT DEBTOR CLAIMS**

The Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), by and through the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as representative of HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>" and together with the Commonwealth, COFINA, HTA, and ERS, the "<u>Debtors</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] file this forty-fifth omnibus objection
(the "Forty-Fifth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, which
are each partially deficient to the extent they fail to provide a basis for the asserted claim, and
partially filed asserted against the incorrect debtor, and thus filed in the wrong case, and in support
of the Forty-Fifth Omnibus Objection respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter
jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA
section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.  The Bar Date Orders in the Title III Cases**

3.      On May 3, 2017, the Oversight Board, at the request of the Governor, issued a
restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary
petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to
PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title
III Case").

4.      On May 21, 2017, the Oversight Board issued restructuring certifications pursuant
to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA and ERS
pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the
"HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Case the "Title III Cases").  On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

5.     On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

6.     Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond document.  Initial Bar Date Order, ¶ 5(a).

**B.  HTA Bonds**

7.     HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act").  HTA

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth.  *See* 9 L.P.R.A § 2002.

8.      The HTA Enabling Act authorizes HTA to issue bonds.  *See* 9 L.P.R.A. §§ 2004(g), (h), (l).  Pursuant thereto, HTA issued several series of bonds under two different resolutions (the "Resolution Bonds"): (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution").  As of HTA's May 21, 2017 petition date, approximately $830 million in principal amount of bonds issued under the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding.  The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds, and filed three master proofs of claim in the HTA Title III Case on behalf of the holders of the Resolution Bonds.

9.      Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds").  Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds, and filed in the HTA Title III Case a master proof of claim on behalf of the holders of Bridge Bonds.

**C.  ERS Bonds**

10.      ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees.  ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities.  *See* 3 L.P.R.A § 775.

11.      Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately

$2.9 billion.[4]  BNYM serves as the fiscal agent with respect to the ERS Bonds, and filed a master

proof of claim in the ERS Title III Case on behalf of the holders of the ERS Bonds.

### D.  HTA and ERS Claims and the Omnibus Objection Procedures

12.     To date, approximately 168,922 proofs of claim have been filed against the Debtors

and logged by Prime Clerk, LLC.  Such proofs of claim total approximately $43.6 trillion in

asserted claims against the Debtors.

13.     Of the proofs of claim filed, approximately 55,068 have been filed in relation to, or

reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in

addition to unliquidated amounts asserted.  Approximately 2,338 proofs of claim have been filed

in relation to, or reclassified to be asserted against, HTA, totaling approximately $83.1 billion in

asserted claims, in addition to unliquidated amounts asserted.  In accordance with the terms of the

Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other

flaw, such as being subsequently amended or duplicative of other proofs of claim.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as

possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order*

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of*

*Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus

Procedures Motion").  The relief requested therein was non-substantive in nature and was designed

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void.  On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*.  ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.     This Forty-Fifth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

16.     The Omnibus Objection Procedures allow HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

17.     The Forty-Fifth Omnibus Objection seeks to disallow in part and reclassify in part, in accordance with Federal Rules of Bankruptcy Procedure 3007(d)(2) and 3007(d)(6), as well as the Omnibus Objection Procedures, claims that asserted in the same proof of claim a: (*i*) claim associated with bond(s) that were issued by the Commonwealth and/or Puerto Rico Electric Power Authority ("PREPA"), not HTA or ERS, and thus were filed in the wrong case; and (*ii*) claim

purporting to arise from one or more bonds, mutual funds, and/or money loaned and failed to provide sufficient information for the Debtors to determine the validity of the this part of the claim.

18.    First, each of the claims identified in the column titled "Asserted" in **Exhibit A** hereto (collectively, the "Deficient and Incorrect Debtor Claims") identifies as obligor HTA or ERS, when part of each these claims is properly asserted, if at all, against the Commonwealth or PREPA.  Some of the Deficient and Incorrect Debtor Claims state in the proof of claim or supporting documentation that a portion of the asserted liability appropriately lies, if at all, with the Commonwealth and/or PREPA, while other Deficient and Incorrect Debtor Claims should be asserted against the Commonwealth and/or PREPA, if at all, based upon the Debtors' review of the names and CUSIP information provided for the bonds at issue.  Accordingly, a portion of each of the Deficient and Incorrect Debtor Claims should be reclassified to be asserted against the Commonwealth and/or PREPA, as identified in the column titled "Corrected," in **Exhibit A** hereto (collectively, the "Reclassified Claims").   The Debtors reserve their right to object to the Reclassified Claims on any other grounds whatsoever.

19.    Second, the other portion of each of the Deficient and Incorrect Debtor Claims failed to comply with the applicable rules by not providing a basis for purporting to assert a claim against HTA or ERS.  Some of the Deficient Claims purport to assert liabilities associated with bond(s) not issued by one of the Debtors and/or mutual funds, and failed to comply with the applicable rules by not providing a basis for purporting to assert a claim against HTA or ERS due to either bonds not issued by HTA or ERS, or another of the Debtors, and/or mutual funds.  Other of the Deficient Claims purport to assert: liability associated with bonds issued by the Puerto Rico Sales Tax Financing Corporation ("COFINA"), a claim against ERS based on bonds issued by HTA, and/or a claim against HTA based on bonds issued

by ERS, and failed to provide a basis for asserting a claim against ERS or HTA based on bonds issued by another of the Debtors.[5]   Other Deficient and Incorrect Debtor Claims failed to provide sufficient information for the Debtors to determine the bond issuer or amount of the bonds at issue, much less the validity of this part of the claim.  Because of one or more of these failures to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of this portion of each of the Deficient and Incorrect Debtor Claims.

20.     In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support the Forty-Fifth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient and Incorrect Debtor Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

### NOTICE

21.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA and ERS are providing notice of this Forty-Fifth Omnibus Objection to (a) the individual creditors subject to this Forty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico.  A copy of the notice for this Forty-Fifth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Forty-Fifth Omnibus

---

[5]  To the extent the Deficient Claims were intended to assert a claim against HTA based on bonds issued by HTA, or were intended to assert a claim against ERS based on bonds issued by ERS, such claims are duplicative of the master proofs of claim, which as described above were filed by BNYM or Banco Popular in the HTA Title III Case on behalf of holders of bonds issued by HTA.  Similarly, to the extent the Deficient Claims were intended to assert a claim against COFINA based on bonds issued by COFINA, the claims are duplicative of the master proofs of claim asserted against COFINA by BNYM, as fiscal agent of the bonds issued by COFINA and on behalf of the holders of bonds issued by COFINA.  *See* Proofs of Claim Nos. 31920 and 33139.  Any duplicate claims should be disallowed pursuant to Federal Rule of Bankruptcy Procedure 3007(d)(1).

Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

22.     This Forty-Fifth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient and Incorrect Debtor Claims or any other claims on any ground whatsoever.  The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Forty-Fifth Omnibus Objection has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **<u>Exhibit D</u>**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

Dated: June 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

<u>/s/ Hermann D. Bauer</u>
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
as representative for HTA and ERS*

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a. m. (Hora estándar del Atlántico)**
**Fecha límite para presentar la respuesta: 9 de julio de 2019 a las 4:00 p. m. (Hora estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

      como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

                 Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**Esta presentación está relacionada con la HTA y el ERS.**

## CUADRAGÉSIMA QUINTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA

La Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA y del ERS, conforme a la sección 315(b) de la *Ley*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación para Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presentan esta cuadragésima quinta objeción colectiva (la "Cuadragésima Quinta Objeción Colectiva") contra las evidencias de reclamaciones que aparecen en la lista del **Anexo A** al presente, las cuales son parcialmente deficientes por cuanto omiten aportar los fundamentos de la reclamación formulada, y están parcialmente presentadas y formuladas contra el deudor incorrecto y, por tal razón, presentadas en el caso equivocado; y, para fundamentar la Cuadragésima Quinta Objeción Colectiva, con respeto manifiestan lo siguiente:

## COMPETENCIA

1.      El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2.      La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A.  Las Resoluciones de Fecha Límite en los Casos iniciados al amparo del Título III**

3.      El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió una certificación de restructuración con arreglo a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") iniciados al estado de la sección 304(a) de la ley PROMESA, dando comienzo así a un caso bajo el Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

---

[2]  La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

2

4.      El 21 de mayo de 2017, la Junta de Supervisión emitió certificaciones de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó peticiones voluntarias de remedio por la HTA y el ERS de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a una serie de casos al amparo del Título III de dicha ley (respectivamente, el "Caso de la HTA iniciado al amparo del Título III" y el "Caso del ERS iniciado al amparo del Título III" y, junto con el Caso del Estado Libre Asociado iniciado al amparo del Título III, los "Casos iniciados al amparo del Título III").  El 29 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos iniciados al amparo del Título III, con fines procesales exclusivamente.

5.      El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones").  Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF No. 2521] (la "Resolución sobre la Fecha Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la  Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones  y estableció las fechas límites y procedimientos para presentar evidencias de reclamaciones en los Casos iniciados al amparo del Título III.  En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga las Fechas Límites para la Presentación de*

---

[3]  A menos que se establezca lo contrario en la presente, las citas de EFC se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

*Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de las Mismas*
[ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial ("Resoluciones que Fijan Fechas
Límites")) que prorrogaba estas fechas límites al 29 de junio de 2018 a las 4:00 p. m. (Hora del
Atlántico).

6.      Con arreglo a la Resolución sobre la Fecha Límite Inicial, los fiduciarios, los
agentes fiscales, u otro agente o persona designada para cada serie de bonos emitidos por uno de
los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente
en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las
respectivas series de bonos en relación con las obligaciones que surgen de los respectivos contratos
de emisión de bonos, resoluciones, o documentos similares de emisión.  Resolución sobre la Fecha
Límite Inicial, ¶ 5(a).

**B.  Bonos de la HTA**

7.      La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre
Asociado que constituye una entidad societaria y política independiente y separada del Estado
Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre
Asociado ("Ley Habilitante de la HTA").  La HTA es responsable de la construcción, la operación
y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado.  *Véase*
el título 9 de las L.P.R.A, § 2002.

8.      La Ley Habilitante de la HTA la autoriza a emitir bonos.  *Véase* el título 9 de las
L.P.R.A., §§ 2004(g), (h), (l).  De conformidad con ello, la HTA emitió varias series de bonos en
virtud de dos resoluciones distintas, (los "Bonos emitidos en virtud de las Resoluciones"): (*i*)
Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) Resolución
N° 98-06, adoptada el 26 de febrero de 1998 (la "Resolución de 1998").  A la fecha de la petición

4

de la HTA del 21 de mayo de 2017 permanece pendiente un monto principal por bonos emitidos conforme a la Resolución de 1968 de alrededor de $830, y un monto principal por bonos emitidos en virtud de la Resolución de 1998 de cerca de $3.400 millones.  Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de resoluciones, y presentó tres evidencias de reclamaciones en el caso de la HTA iniciado al amparo del Título III, en representación de los tenedores de Bonos emitidos en virtud de resoluciones.

9.      Asimismo, conforme a la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar la financiación del Puente Teodoro Moscoso (los "Bonos para financiar el puente").  Banco Popular de Puerto Rico ("Banco Popular") actúa como fiduciario de los Bonos para financiar el puente, y presentó en el Caso de la HTA iniciado al amparo del Título III una evidencia de reclamación en representación de los tenedores de Bonos para financiar el puente.

**C.  Bonos del ERS**

10.      El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos.  El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

11.      Presuntamente de conformidad con la *Resolución sobre Bonos de Capitalización de Pensiones* adoptada el 24 de enero de 2008, y determinadas resoluciones complementarias, el ERS emitió bonos de capitalización de pensiones principales y subordinados (los "Bonos del ERS") por un monto principal original total de aproximadamente $2.900 millones.[4]  BNYM actúa

---

[4] El 12 de marzo de 2019, el Comité Oficial de Acreedores no Asegurados presentó una *Objeción Colectiva contra Reclamaciones formuladas por los tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF N° 381], alegando que la emisión de bonos excedía la autoridad que por ley le corresponde al ERS y constituía, por lo tanto, una situación *ultra vires*, por lo que consideraban que dichos bonos eran nulos de toda nulidad.  El

como el agente fiscal con respecto a los Bonos del ERS y presentó una evidencia de reclamaciones

maestra en el Caso del ERS iniciado al amparo del Título III en representación de los tenedores de

los Bonos del ERS.

### D.  Reclamaciones de la HTA y del ERS y Procedimientos aplicables a Objeciones Colectivas

12.     Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de

reclamación contra los Deudores y registradas por Prime Clerk.  Dichas pruebas de reclamación

totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

13.     De las pruebas de reclamación presentadas, aproximadamente 104,004 se han

presentado en relación con, o se han reclasificado para reclamar contra, el Estado Libre Asociado,

totalizando aproximadamente $33.2 trillones en reclamaciones, además de los montos sin liquidar

declarados. Aproximadamente 55,068 pruebas de reclamación se han presentado en relación con,

o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en

reclamaciones declaradas, además de los montos sin liquidar declarados. Aproximadamente 2,338

pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar

contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además

de los montos sin liquidar declarados. Aproximadamente 4,319 pruebas de reclamación se han

presentado en relación con PREPA.  De conformidad con los términos de las Resoluciones que

Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o

---

23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico conforme a la sección 502 del Código de Quiebras y la regla 3007 de Quiebras, contra reclamaciones presentadas o formuladas por tenedores de bonos del ERS contra el ERS y el Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], alegando, entre otras cosas, que la emisión de bonos constituía una situación *ultra vires*.  El ERS se reserva sus derechos a objetar la emisión de bonos fundándose en cualquier motivo, incluso en que los bonos del ERS constituían una situación *ultra vires*, y en cualquier otro fundamento establecido en las objeciones precedentes.

bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

14.     A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos").  La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva.  Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado.  Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018.  *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos aplicables a Objeciones Colectivas").  El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de las formas de notificación para las objeciones colectivas para ser presentadas con arreglo a los Procedimientos aplicables a Objeciones Colectivas.  *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

15.     Esta Cuadragésima Quinta Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

## OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

16.     Los Procedimientos aplicables a Objeciones Colectivas le permiten a la HTA y al ERS presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

17.     La Cuadragésima Quinta Objeción Colectiva pretende que se desestimen en parte y se reclasifiquen en parte, de conformidad con las Reglas 3007(d)(2) y 3007(d)(6) del Procedimiento Federal de Quiebras, así como los Procedimientos aplicables a Objeciones Colectivas, reclamaciones que en la misma evidencia de reclamación formulan: (*i*) una reclamación relacionada con uno o más bonos emitidos por el Estado Libre Asociado y/o la Autoridad de Energía Eléctrica de Puerto Rico ("PREPA"), y no por la HTA o el ERS y, por lo tanto, fue presentada en el caso equivocado; y (*ii*) una reclamación que supuestamente surge de uno o más bonos, fondos mutuos y/o dinero otorgado en préstamo que omite proporcionar información suficiente para que los Deudores puedan determinar la validez de esta parte de la reclamación.

18.     En primer lugar, cada una de reclamaciones identificadas en la columna "Formuladas" del **Anexo A** a ellas (en conjunto, las "Reclamaciones Deficientes y contra el Deudor Incorrecto") identifica a la HTA o el ERS como deudores, cuando una parte de cada una de dichas reclamaciones está correctamente formulada, en todo caso, contra el Estado Libre Asociado o PREPA. Algunas de las Reclamaciones Deficientes y contra el Deudor Incorrecto señalan, en la evidencia de reclamaciones o la documentación de respaldo, que una parte de la obligación invocada recae apropiadamente, en todo caso, en el Estado Libre Asociado y/o PREPA,

8

mientras que otras Reclamaciones Deficientes y contra el Deudor Incorrecto deberían formularse contra el Estado Libre Asociado y/o PREPA, en todo caso, según surge del examen efectuado por los Deudores de los nombres y la información CUSIP proporcionada para los bonos en cuestión. En consecuencia, una parte de cada una de las Reclamaciones Deficientes y contra el Deudor Incorrecto debe reclasificarse para formularse en contra del Estado Libre Asociado y/o PREPA, como se indica en la columna "Corregido" del **Anexo A** a la presente (en conjunto las "Reclamaciones Reclasificadas").    Los Deudores se reservan el derecho a objetar las Reclamaciones Reclasificadas con base en cualquier otro fundamento.

19.    En segundo lugar, la otra parte de cada una de las Reclamaciones Deficientes y contra el Deudor Incorrecto no cumple con las reglas aplicables al no aportar fundamentos para pretender formular una reclamación contra la HTA o el ERS.  Algunas de las Reclamaciones Deficientes pretenden invocar obligaciones asociadas a uno o más bonos no emitidos por uno de los Deudores y/o fondos mutuos, y no cumplen con las reglas aplicables al no aportar fundamentos para pretender formular una reclamación contra la HTA o el ERS debido a que ninguno de los bonos fue emitido ni por la HTA ni por el ERS u otro de los Deudores, y/o fondos mutuos.  Otra de las Reclamaciones Deficientes pretende invocar: una obligación asociada a bonos emitidos por la Corporación para Fondo de Interés Apremiante de Puerto Rico ("COFINA"), una reclamación contra el ERS fundada en bonos emitidos por la HTA, y/o una reclamación contra la HTA fundada en bonos emitidos por el ERS, y no aporta fundamentos para formular una reclamación contra el ERS o la HTA fundada en bonos emitidos por otro de los Deudores.[5]  Otras Reclamaciones Deficientes y contra el Deudor

---

[5]  En la medida en que las Reclamaciones Deficientes tuvieron por objeto formular una reclamación contra la HTA fundada en bonos emitidos por la HTA, o tuvieron por objeto formular una reclamación contra el ERS fundada en bonos emitidos por el ERS, dichas reclamaciones constituyen duplicados de evidencias de reclamaciones maestras, las cuales, como se explicó más arriba, fueron presentadas por BNYM o Banco Popular en el Caso de la HTA

Incorrecto omiten proporcionar información suficiente para que los Deudores determinen al emisor de los bonos o el monto de los bonos en cuestión, y mucho menos la validez de esta parte de la reclamación.  Debido a uno o más de estos incumplimientos de las reglas aplicables, ni los Deudores ni el Tribunal están en condiciones de determinar la validez de esta parte de cada una de las Reclamaciones Deficientes y contra el Deudor Incorrecto.

20.    En respaldo de lo antedicho, la HTA y el ERS se basan en la *Declaración de Jay Herriman en respaldo de la Cuadragésima Quinta Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra  Reclamaciones Deficientes y contra el Deudor Incorrecto*, del 6 de junio de 2019, adjuntas a la presente como **Anexo B**.

## NOTIFICACIÓN

21.    De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS han notificado de esta Cuadragésima Quinta Objeción Colectiva a (a) los acreedores particulares conforme a la Cuadragésima Quinta Objeción Colectiva, (b) el Síndico de Estados Unidos y (c) la Lista Maestra de Notificaciones (como se la define en *la Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico.  Se adjunta al presente como **Anexo C** una copia de la notificación de esta Cuadragésima Quinta Objeción Colectiva.  Las

---

iniciado al amparo del Título III, en representación de los tenedores de bonos emitidos por la HTA.  De modo similar, en la medida en que las Reclamaciones Deficientes tuvieron por objeto formular una reclamación contra COFINA fundada en bonos emitidos por COFINA, las reclamaciones constituyen duplicados de evidencias de reclamaciones maestras formuladas contra COFINA por BNYM en su calidad de agente fiscal de los bonos emitidos por COFINA, y en representación de los tenedores de bonos emitidos por COFINA.  *Véanse* las Evidencias de Reclamaciones No. 31920 y 33139.  Cualquier reclamación duplicada debe desestimarse de conformidad con la Regla 3007(d)(1) del Procedimiento Federal de Quiebras.

traducciones al español de la Cuadragésima Quinta Objeción Colectiva y todos los anexos adjuntos a la presente se presentan junto con esta objeción y se notificarán a las partes. La HTA y el ERS manifiestan que, en vista de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación.

### **RESERVA DE DERECHOS**

22.     Esta Cuadragésima Quinta Objeción Colectiva se circunscribe a los fundamentos aquí expuestos. Así pues, objetar las Reclamaciones Deficientes y contra el Deudor Incorrecto o cualquier otra reclamación fundándose en cualquier causal no perjudica los derechos de los Deudores. Los Deudores se reservan expresamente todas las objeciones adicionales de fondo o forma. Ninguna parte de esta objeción, ni ninguna de las acciones llevadas a cabo en razón de dicho remedio, tiene por fin o debe interpretarse como: (a) una admisión de la validez de cualquier reclamación contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación basándose en cualquier fundamento; (c) una promesa o requerimiento de pagar cualquier reclamación; (d) una solicitud o autorización para asumir cualquier acuerdo, contrato o arrendamiento previo a la petición, conforme a la sección 365 del Código de Quiebras; o (e) una renuncia de los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

### **SIN SOLICITUD PREVIA**

23.     No se ha presentado ninguna petición de remedio anterior en relación con esta Cuadragésima Quinta Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

11

POR TODO LO EXPUESTO, la HTA y el ERS solicitan respetuosamente que se emita

una resolución, sustancialmente en los términos de la resolución propuesta que se adjunta a la

presente como **Anexo D** en la cual (1) se otorgue el remedio aquí solicitado y (2) se otorgue a la

HTA y el ERS cualquier otro remedio que se considere justo.

Fecha: 6 de junio de 2019                                    Presentado con el debido respeto,
      San Juan, Puerto Rico

                                                *Firma en la versión en inglés*
                                                Hermann D. Bauer
                                                USDC N° 215205
                                                Daniel J. Perez-Refojos
                                                USDC N° 303909
                                                **O'NEILL & BORGES LLC**
                                                250 Muñoz Rivera Ave., Suite 800
                                                San Juan, PR 00918-1813
                                                Tel:  (787) 764-8181
                                                Fax:  (787) 753-8944

                                                Martin J. Bienenstock (*pro hac vice*)
                                                Brian S.  Rosen (*pro hac vice*)
                                                **PROSKAUER ROSE LLP**
                                                Eleven Times Square
                                                New York, NY 10036
                                                Tel:  (212) 969-3000
                                                Fax:  (212) 969-2900

                                                *Abogados de la Junta de Supervisión*
                                                *y Administración Financiera para*
                                                *Puerto Rico en representación de la*
                                                *HTA y el ERS*