Hearing Date: **July 24, 2019, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **July 9, 2019 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to HTA and ERS.** |

**FORTY-SIXTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE PUERTO RICO
HIGHWAYS AND TRANSPORTATION AUTHORITY AND
EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
COMMONWEALTH OF PUERTO RICO TO SUBSEQUENTLY AMENDED CLAIMS**

The Puerto Rico Highways and Transportation Authority ("HTA") and Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of HTA and ERS pursuant to Section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] files this forty-sixth omnibus objection (the "Forty-Sixth Omnibus Objection") to the subsequently amended and superseded proofs of claim listed on **Exhibit A** hereto, and in support of the Forty-Sixth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Title III Cases**

1. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board, at the request of the Governor, issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA and ERS pursuant to PROMESA section 304(a), commencing cases under Title III thereof (respectively the "HTA Title III Case" and the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B. HTA**

3. HTA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 74-1965 of the Legislative Assembly of the Commonwealth ("HTA Enabling Act"). HTA is responsible for the construction, operation, and maintenance of highways and other transportation systems in the Commonwealth. *See* 9 L.P.R.A § 2002.

3. The HTA Enabling Act authorizes HTA to issue bonds. *See* 9 L.P.R.A. §§ 2004(g), (h), (l). Pursuant thereto, HTA issued several series of bonds (the "Resolution Bonds") under two different resolutions: (*i*) Resolution No. 68-18, adopted June 13, 1968 (the "1968 Resolution"), and (*ii*) Resolution No. 98-06, adopted February 26, 1998 (the "1998 Resolution"). As of HTA's May 21, 2017 petition date, approximately $830 million in principal amount of bonds issued under

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

the 1968 Resolution remain outstanding, and approximately $3.4 billion in principal amount of bonds issued under the 1998 Resolution remain outstanding. The Bank of New York Mellon ("BNYM") serves as fiscal agent with respect to the Resolution Bonds, and filed master proofs of claim in the HTA Title III Case on behalf of the holders of the Resolution Bonds.

4. Additionally, in accordance with the HTA Enabling Act, in 2003, HTA issued a series of Special Facility Revenue Refunding Bonds to facilitate the financing of the Teodoro Moscoso Bridge (the "Bridge Bonds"). Banco Popular de Puerto Rico ("Banco Popular") serves as trustee with respect to the Bridge Bonds, and filed a master proof of claim in the HTA Title III Case on behalf of the holders of the Bridge Bonds.

**C. ERS**

5. ERS is a trust established by the Commonwealth in 1951 for the economic well-being of public employees. ERS is an agency of the government, separate and apart from the Commonwealth government and its other instrumentalities. *See* 3 L.P.R.A § 775.

6. Purportedly pursuant to that certain *Pension Funding Bond Resolution*, adopted on January 24, 2008, and certain supplemental resolutions, ERS issued senior and subordinate pension funding bonds (the "ERS Bonds") in the aggregate original principal amount of approximately $2.9 billion.[4] BNYM serves as the fiscal agent with respect to the ERS Bonds, and filed a master proof of claim in the ERS Title III Case on behalf of the holders of the ERS Bonds.

---

[4] On March 12, 2019, the Official Committee of Unsecured Creditors filed an *Omnibus Objection to Claims Asserted by Holders of Bonds Issued by ERS* [Case No. 17-3566, ECF No. 381], on the ground that the bond issuance exceeded ERS's statutory authority and was thus *ultra vires*, rendering the ERS Bonds null and void. On April 23, 2019, the Official Committee of Retired Employees of the Commonwealth of the Puerto Rico filed an *Omnibus Objection Of The Official Committee Of Retired Employees Of The Commonwealth Of Puerto Rico, Pursuant To Bankruptcy Code Section 502 And Bankruptcy Rule 3007, To Claims Filed Or Asserted By Holders Of ERS Bonds Against ERS And The Commonwealth* [Case No. 17-3283, ECF No. 6482], on the ground, among others, that the bond issuance was *ultra vires*. ERS reserves its rights to challenge the bond issuance on any grounds whatsoever, including on the ground that the ERS bonds were *ultra vires*, and any other grounds set forth in the foregoing objections.

**D. HTA and ERS Claims and the Omnibus Objection Procedures**

7. To date, approximately 168,922 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors.

8. Of the proofs of claim filed, approximately 55,068 have been filed in relation to, or reclassified to be asserted against, ERS, totaling approximately $10.2 trillion in asserted claims, in addition to unliquidated amounts asserted. Approximately 2,338 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA, totaling approximately $83.1 billion in asserted claims, in addition to unliquidated amounts asserted. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended or duplicative of other proofs of claim.

9. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement*

*of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

10. This Forty-Sixth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

11. The Omnibus Objection Procedures allow HTA and ERS to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

12. The Forty-Sixth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Omnibus Objection Procedures, claims that have been superseded by a subsequent proof or proofs of claim.

13. As set forth in **Exhibit A** hereto, the claims identified in the column titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") have been amended and superseded by subsequently filed proof(s) of claim identified in the column titled "Remaining Claims" (each a "Remaining Amended Claim" and collectively, the "Remaining Amended Claims"). The Claims to Be Disallowed thus no longer represent valid claims against HTA or ERS. Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against HTA or ERS, to the detriment of other stakeholders in the Title III Cases. The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Amended

Claim against HTA or ERS, as set forth in **Exhibit A** hereto. Because this Forty-Sixth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Amended Claims, the Debtors reserve their right to object to the Remaining Amended Claims on any other grounds whatsoever.

14. In support of the foregoing, HTA and ERS rely on the *Declaration of Jay Herriman in Support of the Forty-Sixth Omnibus Objection (Non-Substantive) of the Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Subsequently Amended Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, HTA and ERS are providing notice of this Forty-Sixth Omnibus Objection to (a) the individual creditors subject to this Forty-Sixth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Forty-Sixth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Forty-Sixth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. HTA and ERS submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16. This Forty-Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Claims to be Disallowed or any other claims on any ground whatsoever. The Debtors expressly reserve all

further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

17. No prior request for the relief sought in this Forty-Sixth Omnibus Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE HTA and ERS respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting HTA and ERS such other and further relief as is just.

Dated: June 6, 2019
     San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for HTA and ERS*

**Fecha de audiencia: 24 de julio de 2019 a las 9:30 a. m. (Hora estándar del Atlántico)**
**Fecha límite para presentar la respuesta: 9 de julio de 2019 a las 4:00 p. m. (Hora estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso:<br><br>LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,<br><br>                             Deudores.[1] | PROMESA<br>Título III<br><br>N° 17 BK 3283-LTS<br><br>(Administrados en forma conjunta)<br><br>**Esta presentación está relacionada con la HTA y el ERS.** |

**CUADRAGÉSIMA SEXTA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y EL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES ENMENDADAS POSTERIORMENTE**

La Autoridad de Transporte y Carreteras de Puerto Rico ("HTA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante de la HTA y del ERS conforme a la sección 315(b) de la *Ley*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación para Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos iniciados al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta cuadragésima Sexta objeción colectiva (la "Cuadragésima Sexta Objeción Colectiva") contra evidencias de reclamación enmendadas y reemplazadas posteriormente que se detallan en el **Anexo A** al presente, y para fundamentar la Cuadragésima Sexta Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Las Resoluciones que fijan Fechas Límites en los Casos iniciados al amparo del Título III**

1. El 3 de mayo de 2017, la Junta de Supervisión, a solicitud del Gobernador, emitió una certificación de restructuración con arreglo a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") al amparo de la sección 304(a) de la ley PROMESA, dando comienzo así a un caso bajo el Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III"). Con fecha 21 de mayo de 2017 (la "Fecha de la Petición"), la Junta de Supervisión expidió un certificado de restructuración de conformidad con las secciones 104(j) y 206 de la ley

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States Code, U.S.C.) §§ 2101-2241.

PROMESA y presentó una petición voluntaria de remedio para la HTA y el ERS conforme a la Sección 304(a) de la ley PROMESA, dando inicio a un caso al amparo del Título III de la citada ley (respectivamente el "Caso de la HTA iniciado al amparo del Título III" y el "Caso del ERS iniciado al amparo del Título III," y, junto con el Caso del Estado Libre Asociado al amparo del Título III, los "Casos iniciados al amparo del Título III"). El 29 de junio de 2017, el Tribunal dictó una resolución que hacía lugar a la administración conjunta de los Casos iniciados al amparo del Título III, con fines procesales exclusivamente.

2. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *resolución que (A) establece fechas límites y procedimientos para presentar evidencias de reclamaciones y (B) aprueba la forma y el modo para su notificación* [ECF N° 2521] (la "Resolución sobre la Fecha Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las fechas límites y procedimientos para presentar evidencias de reclamaciones en los Casos iniciados al amparo del Título III. En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución sobre la Fecha Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p. m. (Hora del Atlántico).

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

**B. HTA**

3. La HTA es una sociedad que cotiza en bolsa y un organismo del Estado Libre Asociado que constituye una entidad societaria y política independiente y separada del Estado Libre Asociado, creada mediante la Ley No. 74-1965 de la Asamblea Legislativa del Estado Libre Asociado ("Ley Habilitante de la HTA"). La HTA es responsable de la construcción, la operación y el mantenimiento de autopistas y otros sistemas de transporte en el Estado Libre Asociado. *Véase* el título 9 de las L.P.R.A, § 2002.

4. La Ley Habilitante de la HTA la autoriza a emitir bonos. *Véase* el título 9 de las L.P.R.A., §§ 2004(g), (h), (l). De conformidad con ello, la HTA ha emitido varias series de bonos en virtud de dos resoluciones distintas, (los "Bonos emitidos en virtud de las Resoluciones"): (*i*) Resolución N° 68-18, adoptada el 13 de junio de 1968 (la "Resolución de 1968") y (*ii*) Resolución N° 98-06, adoptada el 26 de febrero de 1998 (la "Resolución de 1998"). A la fecha de la petición de la HTA del 21 de mayo de 2017 permanece pendiente un monto principal por bonos emitidos conforme a la Resolución de 1968 de alrededor de $830 millones, y un monto principal por bonos emitidos en virtud de la Resolución de 1998 de cerca de $3.400 millones. Bank of New York Mellon ("BNYM") actúa como agente fiscal con respecto a los Bonos emitidos en virtud de las Resoluciones, y ha presentado evidencias de reclamaciones maestras en el Caso de la HTA iniciados al amparo del Título III en representación de los tenedores de los Bonos emitidos en virtud de las Resoluciones.

5. Asimismo, conforme a la Ley Habilitante de la HTA, en 2003 la HTA emitió una serie de Bonos de Refinanciación Garantizados por Ingresos de Líneas Especiales para facilitar la financiación del Puente Teodoro Moscoso (los "Bonos para financiar el puente"). Banco Popular de Puerto Rico ("Banco Popular") actúa como fiduciario con respecto a los Bonos para financiar

el puente, y ha presentado una evidencia de reclamación maestra en el Caso de la HTA iniciado al amparo del Título III en representación de los tenedores de dichos bonos.

**C. ERS**

6. El ERS es un fideicomiso constituido por el Estado Libre Asociado en 1951 para garantizar el bienestar económico de los empleados públicos. El ERS es un organismo público autónomo e independiente del gobierno del Estado Libre Asociado y sus otras instrumentalidades. *Véase* 3 L.P.R.A § 775.

7. Presuntamente de conformidad con la *Resolución sobre Bonos de Capitalización de Pensiones* adoptada el 24 de enero de 2008, y determinadas resoluciones complementarias, el ERS emitió bonos de capitalización de pensiones principales y subordinados (los "Bonos del ERS") por un monto principal original total de aproximadamente $2.900 millones.[4] BNYM actúa como el agente fiscal con respecto a los Bonos del ERS y presentó una evidencia de reclamaciones maestra en el Caso del ERS iniciado al amparo del Título III en representación de los tenedores de los Bonos del ERS.

**D. Reclamaciones de la HTA y el ERS y Procedimientos aplicables a Objeciones Colectivas**

---

[4] El 12 de marzo de 2019, el Comité Oficial de Acreedores no Asegurados presentó una *Objeción Colectiva contra Reclamaciones formuladas por los tenedores de bonos emitidos por el ERS* [Caso N° 17-3566, ECF N° 381], alegando que la emisión de bonos excedía la autoridad que por ley le corresponde al ERS y constituía, por lo tanto, una situación *ultra vires*, por lo que consideraban que dichos bonos eran nulos de toda nulidad. El 23 de abril de 2019, el Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico presentó una *Objeción Colectiva del Comité Oficial de Empleados Retirados del Estado Libre Asociado de Puerto Rico conforme a la sección 502 del Código de Quiebras y la regla 3007 de Quiebras, contra reclamaciones presentadas o formuladas por tenedores de bonos del ERS contra el ERS y el Estado Libre Asociado* [Caso N° 17-3283, ECF N° 6482], alegando, entre otras cosas, que la emisión de bonos constituía una situación *ultra vires*. El ERS se reserva sus derechos a objetar la emisión de bonos fundándose en cualquier motivo, incluso en que los bonos del ERS constituían una situación *ultra vires*, y en cualquier otro fundamento establecido en las objeciones precedentes.

8. Hasta la fecha, se han presentado aproximadamente 168,922 pruebas de reclamación contra los Deudores y registradas por Prime Clerk. Dichas pruebas de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores.

9. De las pruebas de reclamación presentadas, aproximadamente 55,068 se han presentado en relación con, o se han reclasificado para reclamar contra, ERS, totalizando aproximadamente $10.2 trillones en reclamaciones, además de los montos sin liquidar declarados. Aproximadamente 2,338 pruebas de reclamación se han presentado en relación con, o se han reclasificado para reclamar contra, HTA, totalizando aproximadamente $83.1 billones en reclamaciones declaradas, además de los montos sin liquidar declarados. De conformidad con los términos de las Resoluciones que Fijan Fecha Límite, muchas de estas reclamaciones no tendrían que haberse presentado nunca, o bien tienen algún que otro defecto como, por ejemplo, haber sido enmendadas posteriormente o ser duplicadas de otras evidencias de reclamaciones.

10. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución que (a) apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo

lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos aplicables a Objeciones Colectivas"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de las formas de notificación para las objeciones colectivas para ser presentadas con arreglo a los Procedimientos aplicables a Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

11. Se presenta esta Cuadragésima Sexta Objeción Colectiva de conformidad con los Procedimientos aplicables a Objeciones Colectivas.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

12. Los Procedimientos aplicables a Objeciones Colectivas le permiten a la HTA y al ERS presentar una objeción colectiva contra múltiples evidencias de reclamaciones fundándose en cualquiera de las causales contempladas en la Regla 3007(d)(1) – (7) del Procedimiento Federal de Quiebras.

13. De conformidad con la Regla 3007(d)(3) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Cuadragésima Sexta Objeción Colectiva pretende que se desestimen las reclamaciones que fueron reemplazadas por una o más evidencias de reclamaciones presentadas posteriormente.

14. Conforme lo expuesto en el **Anexo A** al presente, las reclamaciones identificadas en la columna "Reclamaciones a Ser Desestimadas" (en conjunto, las "Reclamaciones a Desestimar") fueron enmendadas y reemplazadas por las evidencias de reclamación presentadas

posteriormente, identificadas en la columna "Reclamación Remanente" (individualmente, una "<u>Reclamación Enmendada Remanente</u>" y en conjunto, las "<u>Reclamaciones Remanentes</u>"). Por tanto, las Reclamaciones a Desestimar ya no representan reclamaciones válidas contra la HTA o el ERS. En consecuencia, de no desestimarse las Reclamaciones a Desestimar, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio de la HTA o el ERS, en detrimento de otras partes interesadas de los Casos iniciados al amparo del Título III. Los tenedores de las Reclamaciones a Desestimar no resultarán perjudicados por la desestimación de sus reclamaciones pues cada uno de ellos conservarán una Reclamación Enmendada Remanente contra la HTA o el ERS, como se indica en el **<u>Anexo A</u>** del presente. Debido a que esta Cuadragésima Sexta Objeción Colectiva contra las Reclamaciones a Desestimar no constituye una objeción contra las Reclamaciones Enmendadas Remanentes, los Deudores se reservan el derecho a objetar dichas Reclamaciones Enmendadas Remanentes por cualquier otra causal.

15. En respaldo de lo expresado precedentemente, la HTA y el ERS se basan en la *Declaración de Jay Herriman la cual fundamenta la Cuadragésima Sexta Objeción Colectiva (no sustantiva) de la Autoridad de Carreteras y Transportación de Puerto Rico y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico contra las Reclamaciones Enmendadas Posteriormente*, del 6 de junio de 2019, que se adjuntan al presente como **<u>Anexo B</u>**.

## **NOTIFICACIÓN**

16. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, la HTA y el ERS han notificado de esta Cuadragésima Sexta Objeción Colectiva a (a) los acreedores particulares conforme a la Cuadragésima Sexta Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra

de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Cuadragésima Sexta Objeción Colectiva. Las traducciones al español de esta Cuadragésima Sexta Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. La HTA y el ERS manifiestan que, en vista de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación.

## RESERVA DE DERECHOS

17. Esta Cuadragésima Sexta Objeción Colectiva se limita a las causales que se exponen en la misma. Por lo tanto, esto no afecta a los derechos de los Deudores a objetar las Reclamaciones a Desestimar o cualquier otra reclamación por cualquier otra causal que fuere. Los Deudores se reservan expresamente todas las objeciones adicionales de fondo o forma. Ninguna parte de esta objeción, ni ninguna de las acciones llevadas a cabo en razón de dicho remedio, tiene por fin o debe interpretarse como: (a) una admisión de la validez de cualquier reclamación contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier reclamación basándose en cualquier fundamento; (c) una promesa o requerimiento de pagar cualquier reclamación; (d) una solicitud o autorización para asumir cualquier acuerdo, contrato o arrendamiento previo a la petición, conforme a la sección 365 del Código de Quiebras; o (e) una renuncia de los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

## SIN SOLICITUD PREVIA

18. No se ha presentado ninguna petición de reparación anterior en relación con esta Cuadragésima Sexta Objeción Colectiva ante este u otro tribunal.

POR TODO LO EXPUESTO, la HTA y el ERS solicitan respetuosamente que se emita una resolución, sustancialmente en los términos de la resolución propuesta que se adjunta a la presente como **Anexo D** en la cual (1) se otorgue el remedio aquí solicitado y (2) se otorgue a la HTA y el ERS cualquier otro remedio que se considere justo.

Fecha: 6 de junio de 2019
      San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*
Hermann D. Bauer
USDC N° 215205
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico en representación de la HTA y el ERS*