Hearing Date: **July 24, 2019, at 9:30AM (Atlantic Standard Time)**
Response Deadline: **July 9, 2019 at 4:00PM (Atlantic Standard Time)**

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF
## THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this fiftieth objection (the "Fiftieth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, which failed to provide a basis for

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, THE COMMONWEALTH, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

the asserted claim, and in support of the Fiftieth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Commonwealth Title III Case**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]

---

[3] All ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

(together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.  Operations and Bond Debt of the Commonwealth**

5. The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952. The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2.

6. The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2. In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

7. Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds ("GO Bonds") purportedly backed by its full faith, credit, and taxing power. GO Bonds are public debt under Article VI, § 8 of the P.R. Constitution. Each series of GO Bonds was issued pursuant to a bond resolution and offering memorandum.

**C.  Commonwealth Claims and the Omnibus Objection Procedures**

8. To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 104,004 have been filed in relation to, or reclassified to be asserted against, the Commonwealth, totaling approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.

3

9. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

10. This Fiftieth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

### OBJECTIONS TO PROOFS OF CLAIM

11. The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

12. The Fiftieth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Omnibus Objection Procedures, each of the proofs of claim listed on **Exhibit A** hereto (collectively, the "Deficient Claims"), as such proofs of claim failed to comply with the applicable rules for filing a claim and the Bar Date Orders.

13. Each of the Deficient Claims failed to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against the Commonwealth. Some of the Deficient Claims state in the proof of claim or supporting documentation that the claimant does not have a claim against the Commonwealth, while other of the Deficient Claims purport to be based on one or more bonds, but failed to identify (or provide information that would allow the Debtors to identify) the bond issuer(s) and/or amount(s) allegedly at issue. Additionally, other Deficient Claims purport generally to be based on bonds issued by the Commonwealth, but failed to provide CUSIP numbers or other information identifying the bond(s) allegedly at issue. Because of one or more of these failures to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims. Accordingly, the Deficient Claims should be disallowed in their entirety.

14. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Fiftieth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Deficient Claims*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

15. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Fiftieth Omnibus Objection to (a) the individual creditors subject to this Fiftieth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at

https://cases.primeclerk.com/puertorico. A copy of the notice for this Fiftieth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Fiftieth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

16. This Fiftieth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Deficient Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Fiftieth Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: June 6, 2019  
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Ricardo Burgos Vargas  
Ricardo Burgos Vargas  
USDC No. 218210  
**ADAMES-SOTO LAW FIRM**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764  
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for the Financial*  
*Oversight and Management Board*  
*as representative for the*  
*Commonwealth of Puerto Rico*

**Fecha de la vista: 24 de julio de 2019, a las 9:30 a.m. (Hora Estándar del Atlántico)**

**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 p.m. (Hora Estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

En el caso:

LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

    como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*,

                     Deudores.[1]

PROMESA
Título III

N° 17 BK 3283-LTS

(Administrados en forma conjunta)

**Esta presentación corresponde al Estado Libre Asociado.**

**QUINCUAGÉSIMA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DEFICIENTES**

    El Estado Libre Asociado de Puerto Rico ("el Estado Libre Asociado"), por conducto de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la *Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2]

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

presenta esta Quincuagésima objeción colectiva (la "Quincuagésima Objeción Colectiva") contra las evidencias de reclamaciones que se detallan en el **Anexo A** al presente que omiten fundamentar la reclamación presentada y, para fundamentar la Quincuagésima Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Resoluciones sobre Fecha Límite en el Caso del Estado Libre Asociado al amparo del Título III**

3. El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255][3] (la "Petición para la Fijación de una Fecha Límite para la

---

[3] Todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

2

Presentación de Reclamaciones"). Conforme a la *Resolución que (A) establece Fechas Límites y Procedimientos para presentar Evidencias de Reclamaciones y (B) aprueba la Forma y el Modo para su Notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal con lugar lugar el remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en el Caso del Estado Libre Asociado al amparo del Título III. En virtud de un escrito informativo de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.     Operaciones y Deuda de Bonos del Estado Libre Asociado**

5.      La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de P.R.") entró en vigencia en 1952. La Constitución de P.R. creó al Estado Libre Asociado como gobierno central de Puerto Rico, "con forma republicana" y dividido en tres poderes: el legislativo, el judicial y el ejecutivo. *Véase* Constitución de P.R., Art. I, secciones 1, 2.

6.      La Constitución de P.R. autoriza al Estado Libre Asociado a emitir deuda, con sujeción a diversas limitaciones, incluida la capacidad del Estado Libre Asociado de pignorar sus ingresos. *Véase* Constitución de P.R. Art. VI, sección 2. En 1961, la Sección 2 del Artículo VI de dicha Constitución fue enmendada para limitar el endeudamiento del Estado Libre Asociado en función del monto del servicio de deuda que el Estado Libre Asociado debería pagar con relación a sus ingresos históricos.

3

7. Desde 1961, el Estado Libre Asociado ha emitido mil millones de dólares en bonos de obligación general ("Bonos GO") supuestamente respaldados por su pleno poder de fe, crédito y tributación. Los Bonos GO constituyen deuda pública conforme al Artículo VI, sección 8 de la Constitución de P.R. Cada serie de Bonos GO se emitió en virtud de una resolución de emisión de bonos y un memorándum de oferta.

**C. Reclamaciones del Estado Libre Asociado y los Procedimientos para la Presentación de Objeciones Colectivas**

8. Hasta la fecha, se presentaron aproximadamente 168,922 evidencias de reclamaciones contra los Deudores que fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43.6 billones en reclamaciones contra los Deudores. Del total de evidencias de reclamaciones presentadas, aproximadamente 104,004 fueron formuladas contra el Estado Libre Asociado o posteriormente reclasificadas como tales, dichas reclamaciones ascienden a un total de $33.2 billones, más sumas no liquidadas.

9. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según

4

comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal declaró con lugar el remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

10. Se presenta esta Quincuagésima Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

### OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES

11. Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias de reclamaciones, fundándose en cualquiera de los incisos que se contemplan en las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

12. De conformidad con la Regla 3007(d)(6) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, la Quincuagésima Objeción Colectiva pretende que se declare la inadmisibilidad de cada una de las evidencias de reclamaciones que figuran en la lista del **Anexo A** a la presente (en conjunto, las "Reclamaciones Deficientes"),

5

dado que tales evidencias de reclamaciones no cumplen con las reglas aplicables para la presentación de una reclamación y las Resoluciones sobre Fechas Límite.

13. En cada una de las Reclamaciones Deficientes, se ha omitido cumplir con las reglas aplicables para la presentación de una reclamación, al no fundamentar el motivo por el cual se formulan tales reclamaciones en contra del Estado Libre Asociado. En las evidencias de reclamaciones o en la respectiva documentación de respaldo de ciertas Reclamaciones Deficientes se alega que el reclamante no tiene un derecho de reclamación contra el Estado Libre Asociado, mientras que otras Reclamaciones Deficientes estarían supuestamente basadas en uno o más bonos, pero omiten identificar (o presentar información que permita a los Deudores identificar) a la emisora o las emisoras de esos bonos y/o la suma o las sumas supuestamente en cuestión. A su vez, otras Reclamaciones Deficientes aducen, en términos generales, estar basadas en bonos emitidos por el Estado Libre Asociado, pero omiten proporcionar los números CUSIP u otra información que permita identificar al bono o a los bonos supuestamente en cuestión. Dado este u otros incumplimientos de las normas aplicables, ni los Deudores ni el Tribunal están en condiciones de determinar la validez de las Reclamaciones Deficientes. Por consiguiente, las Reclamaciones Deficientes deben desestimarse por completo.

14. En respaldo de lo expresado anteriormente, el Estado Libre Asociado se apoya en la *Declaración de Jay Herriman en respaldo de la Quincuagésima Colectiva (no sustantiva) del Estado Libre Asociado de Puerto Rico contra las Reclamaciones Deficientes*, del 6 de junio de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

15. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el Estado Libre Asociado ha notificado de

6

esta Quincuagésima Objeción Colectiva a (a) los acreedores particulares conforme a la Quincuagésima Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Quincuagésima Objeción Colectiva. Se presentan las traducciones al español de la Quincuagésima Objeción Colectiva y de todos los anexos a la misma junto con esta objeción y se notifica a las partes. El Estado Libre Asociado declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## **RESERVA DE DERECHOS**

16. Esta Quincuagésima Objeción Colectiva se limita a las causales que se exponen en la misma. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores a objetar las Reclamaciones Deficientes u otras reclamaciones por cualquier otra causal. Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción sustantiva o procesal. Nada de lo contenido en la presente objeción o las acciones entabladas en pos de obtener el remedio allí solicitado tiene por finalidad o debe interpretarse en el sentido de constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por cualquier otra causa; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos

de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

### SIN SOLICITUD PREVIA

17. No se ha presentado ninguna petición de reparación anterior en relación con esta Quincuagésima Objeción Colectiva ante este u otro tribunal.

POR LO TANTO, el Estado Libre Asociado solicita con el mayor de los respetos que se dicte una resolución esencialmente en la forma del la Proyecto de Resolución adjuntada a la presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre Asociado cualquier otro remedio adicional según se considere justo.

Fecha: 6 de junio de 2019
San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*
Ricardo Burgos Vargas
USDC No. 218210
**ADAMES-SOTO LAW FIRM**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico*

8