Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**FIFTY-FIRST OMNIBUS OBJECTION
(NON-SUBSTANTIVE) OF THE COMMONWEALTH OF
PUERTO RICO TO DUPLICATE CLAIMS OF PRASA BONDHOLDERS**

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this fifty-first objection (the "Fifty-First Omnibus Objection") seeking to disallow in their entirety the duplicate proofs of claim listed on **Exhibit A**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, THE COMMONWEALTH, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

hereto, each of which purports to assert liability associated with bonds issued by the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), and in support of the Fifty-First Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.     The Bar Date Orders in the Commonwealth Title III Case**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255]³ (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for*

---

³ Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

*Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.  Operations and Bond Debt of the Commonwealth**

5. The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952. The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2.

6. The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2. In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

7. Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds ("GO Bonds") purportedly backed by its full faith, credit, and taxing power. GO Bonds are public debt under Article VI, § 8 of the P.R. Constitution. Each series of GO Bonds was issued pursuant to a bond resolution and offering memorandum.

**C.  PRASA Bond Debt Master Proof of Claim**

8. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of

3

bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

9. PRASA owns and operates the island-wide public water and wastewater systems in Puerto Rico. PRASA issued certain revenue bonds (the "Bonds"), under the Puerto Rico Aqueduct and Sewer Authority Resolution No. 1583, Authorizing and Securing Puerto Rico Aqueduct and Sewer Authority Bonds Guaranteed by the Commonwealth of Puerto Rico, and certain supplemental resolutions. Banco Popular de Puerto Rico ("Banco Popular") serves as trustee and filed a master proof of claim against the Commonwealth.

10. On behalf of the holders of the Bonds, Banco Popular filed a master proof of claim against the Commonwealth, which was logged by Prime Clerk, LLC, as Proof of Claim No. 22620 (the "PRASA Master Claim"). The PRASA Master Claim asserts "a contingent claim against the Commonwealth on account of the Bonds in an amount not less than $284,755,000, together with all interest, and premium accruing on the Bonds from and after the Petition Date, and all fees, costs, expenses and other charges accrued, accruing or chargeable with respect thereto." Addendum to Proof of Claim No. 22620, ¶ 9.

**D.  Commonwealth Claims and the Omnibus Objection Procedures**

11. To date, approximately 168,922 proofs of claim were filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 104,004 have been filed in relation to, or reclassified to be asserted against, the Commonwealth, totaling approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.

12. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order*

4

*(a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection.  While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court.  Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures").  On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

13. This Fifty-First Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14. The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

5

15. The Fifty-First Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, duplicate bond claims.

16. Each claim identified in **Exhibit A** hereto (collectively, the "Duplicate Bond Claims") purports to assert liability associated with one or more Bonds issued by PRASA that is duplicative of the PRASA Master Proof of Claim, which as explained above was filed by the fiscal agent of the Bonds issued by PRASA. As a result, the Duplicate Bond Claims should be disallowed in their entirety. Any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth Title III Case. The holders of the Duplicate Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within the PRASA Master Proof of Claim.

17. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Fifty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Claims of PRASA Bondholders*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

18. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Fifty-First Omnibus Objection to (a) the individual creditors subject to this Fifty-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Fifty-First Omnibus

6

Objection is attached hereto as **Exhibit C**. Spanish translations of the Fifty-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

19. This Fifty-First Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate Bond Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Fifty-First Omnibus Objection has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: June 6, 2019
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Ricardo Burgos Vargas
Ricardo Burgos Vargas
USDC No. 218210
**ADAMES-SOTO LAW FIRM**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for the Commonwealth of Puerto Rico*

**Fecha de vista: 24 de julio de 2019, a las 9:30 a.m. (Hora Estándar del Atlántico)**

**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 p.m. (Hora Estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso: | PROMESA<br>Título III |
| LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | N° 17 BK 3283-LTS |
| como representante del | (Administrados en forma conjunta) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*, | **Esta presentación corresponde al Estado Libre Asociado.** |
| Deudores.[1] | |

**QUINCUAGÉSIMA PRIMERA OBJECIÓN COLECTIVA (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO CONTRA RECLAMACIONES DUPLICADAS DE BONISTAS DE LA AAA**

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), por intermedio de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como representante del Estado Libre Asociado conforme a la sección 315(b) de la

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Ley de Administración, Supervisión y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] presenta esta quincuagésima primera objeción colectiva (la "Quincuagésima Primera Objeción Colectiva") en la que solicita se desestimen por completo las evidencias de reclamaciones duplicadas que se detallan en el **Anexo A** al presente, cada una de las cuales pretende invocar una obligación asociada con bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico ("AAA"), y para fundamentar la Quincuagésima Primera Objeción Colectiva, con respeto alega lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Resoluciones sobre Fecha Límite en el Caso del Estado Libre Asociado al amparo del Título III**

3. El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

2

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF No. 2255]³ (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *Resolución que (A) establece Fechas Límites y Procedimientos para presentar Evidencias de Reclamaciones y (B) aprueba la Forma y el Modo para su Notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en el Caso del Estado Libre Asociado al amparo del Título III. En virtud de un escrito informativo de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.    Operaciones y Deuda de Bonos del Estado Libre Asociado**

5. La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de P.R.") entró en vigencia en 1952. La Constitución de P.R. creó al Estado Libre Asociado como gobierno central de Puerto Rico, "con forma republicana" y dividido en tres poderes: el legislativo, el judicial y el ejecutivo. *Véase* Constitución de P.R., Art. I, secciones 1, 2.

---

³ A menos que se indique lo contrario en el presente, todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

6. La Constitución de P.R. autoriza al Estado Libre Asociado a emitir deuda, con sujeción a diversas limitaciones, incluida la capacidad del Estado Libre Asociado de pignorar sus ingresos. *Véase* Constitución de P.R. Art. VI, sección 2. En 1961, la Sección 2 del Artículo VI de dicha Constitución fue enmendada para limitar el endeudamiento del Estado Libre Asociado en función del monto del servicio de deuda que el Estado Libre Asociado debería pagar con relación a sus ingresos históricos.

7. Desde 1961, el Estado Libre Asociado ha emitido mil millones de dólares en bonos de obligación general ("Bonos GO") supuestamente respaldados por su pleno poder de fe, crédito y tributación. Los Bonos GO constituyen deuda pública conforme al Artículo VI, sección 8 de la Constitución de P.R. Cada serie de Bonos GO se emitió en virtud de una resolución de emisión de bonos y un memorándum de oferta.

**C. Evidencia de Reclamaciones Maestras correspondientes a Deudas de Bonos de la AAA**

8. Con arreglo a la Resolución de Fecha Límite Inicial, los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos. Resolución de la Fecha Límite Inicial, ¶ 5(a).

9. La AAA posee y opera el sistema de agua y alcantarillados dentro de la isla de Puerto Rico. La AAA emitió ciertos bonos garantizados por ingresos (los "Bonos"), conforme a la Resolución N° 1583 de la Autoridad de Acueductos y Alcantarillados de Puerto Rico Rico que

4

autoriza y garantiza los Bonos emitidos por la Autoridad de Acueductos y Alcantarillados de Puerto Rico, respaldados por el Estado Libre Asociado de Puerto Rico, y ciertas resoluciones complementarias. Banco Popular de Puerto Rico ("Banco Popular") actúa en carácter de fiduciario y, como tal, presentó una evidencia de reclamación maestra contra el Estado Libre Asociado.

10. Banco Popular presentó, en nombre de los tenedores de estos Bonos, una evidencia de reclamación contra el Estado Libre Asociado, la cual fue registrada por Prime Clerk, LLC, como Evidencia de Reclamación N° 22620 (la "Evidencia de Reclamación de la AAA"). La Reclamación Maestra de la AAA formula "una reclamación contingente contra el Estado Libre Asociado con relación a los Bonos por una suma no inferior a $284.755.000. más los intereses y las primas que devenguen los Bonos desde la Fecha de Petición en adelante, con más los respectivos honorarios, costos, gastos y demás cargos devengados, o a devengarse o imputarse". Adenda de la Evidencia de Reclamación No. 22620, ¶ 9.

**D. Reclamaciones del Estado Libre Asociado y Procedimientos aplicables a Objeciones Colectivas**

11. Hasta la fecha, se han presentado aproximadamente 168,922 evidencia de reclamaciones contra los Deudores y registradas por Prime Clerk. Dichas evidencia de reclamación totalizan aproximadamente $43.6 trillones en reclamaciones presentadas contra los Deudores. De las evidencias de reclamación presentadas, aproximadamente 104,004 se han presentado en relación con, o se han reclasificado para reclamar contra, el Estado Libre Asociado. Las evidencias de reclamación relacionadas con el Estado Libre Asociado actualmente suman aproximadamente $33.2 trillones en reclamaciones, además de los montos sin liquidar declarados.

5

12. A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que se permiten en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se suministró al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una vista celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal declaró con lugar el remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

6

13. Se presenta esta Quincuagésima Primera Objeción Colectiva de conformidad con los Procedimientos del Tribunal que rigen las Objeciones Colectivas.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

14. Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias de reclamaciones, fundándose en cualquiera de los incisos que se contemplan en las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

15. La Quincuagésima Primera Objeción Colectiva pretende que se declare la inadmisibilidad de las reclamaciones, de conformidad con la Regla 3007 (d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas, reclamaciones de bonos duplicadas

16. En cada reclamación identificada en el **Anexo A** al presente (en conjunto, las "Reclamaciones de Bonos Duplicadas"), el reclamante reclama una obligación asociada con uno o más Bonos emitidos por la AAA que son duplicados de la Evidencia de Reclamación Maestra de la AAA que, como se explicó anteriormente, fuera presentada por el agente fiscal de los Bonos emitidos por la AAA. Por consiguiente, las Reclamaciones de Bonos Duplicadas deben desestimarse por completo. De no desestimarse las Reclamaciones de Bonos Duplicadas, el resultado será que los reclamantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del Estado Libre Asociado, en detrimento de otras partes interesadas en la Causa del Estado Libre Asociado iniciado al amparo del Título III. Los tenedores de las Reclamaciones de Bonos Duplicadas no resultarán perjudicados por la desestimación de sus reclamaciones pues las obligaciones asociadas con sus reclamaciones se encuentran subsumidas dentro de la Evidencia de Reclamación Maestra de la AAA.

7

17. En respaldo de lo expresado anteriormente, el Estado Libre Asociado se apoya en la *Declaración de Jay Herriman la cual fundamenta la Quincuagésima Primera Objeción Colectiva (no sustantiva) del Estado Libre Asociado de Puerto Rico contra las Reclamaciones Duplicadas de Bonistas de la AAA*, del 6 de junio de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el Estado Libre Asociado ha notificado de esta Quincuagésima Primera Objeción Colectiva a (a) los acreedores particulares conforme a la Quincuagésima Primera Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Quincuagésima Primera Objeción Colectiva. Se presentan las traducciones al español de la Quincuagésima Primera Objeción Colectiva y de todos los anexos a la misma junto con esta objeción y se notifica a las partes. El Estado Libre Asociado declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

## RESERVA DE DERECHOS

19. Esta Quincuagésima Primera Objeción Colectiva se limita a las causales que se exponen en la misma. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores a objetar las Reclamaciones de Bonos Duplicadas u otras reclamaciones por cualquier otra causal. Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción sustantiva o procesal. Nada de lo contenido en la presente objeción o las acciones

8

entabladas en pos de obtener la remedio allí solicitado tiene por finalidad o debe interpretarse en el sentido de constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por cualquier causal; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

## **SIN SOLICITUD PREVIA**

20. No se ha presentado ninguna petición de reparación anterior en relación con esta Quincuagésima Primera Objeción Colectiva ante este u otro tribunal.

[*Se ha dejado el resto de la página intencionalmente en blanco*]

9

POR LO TANTO, el Estado Libre Asociado solicita con el mayor de los respeto que se dicte una resolución esencialmente en la forma del Proyecto de Resolución que se une al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre Asociado cualquier otro remedio adicional según se considere justo.

Fecha:  6 de junio de 2019  
       San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*  
Ricardo Burgos Vargas  
USDC No. 218210  
**ADAMES-SOTO LAW FIRM**  
434 Ave. Hostos  
San Juan, PR 00918  
Tel: (787) 751-6764/  
Fax: (787) 763-8260  

Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel:  (212) 969-3000  
Fax:  (212) 969-2900  

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico*

10