Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### FIFTY-FOURTH OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF
### PUERTO RICO TO DUPLICATE CLAIMS OF PBA BONDHOLDERS

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this fifty-fourth objection (the "Fifty-Fourth Omnibus Objection") seeking to disallow in their entirety the duplicate proofs of claim listed on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, THE COMMONWEALTH, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**Exhibit A** hereto, each of which purports to assert liability associated with bonds issued by the Puerto Rico Public Buildings Authority ("PBA"), and in support of the Fifty-Fourth Omnibus Objection respectfully represents as follows:

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A. The Bar Date Orders in the Commonwealth Title III Case**

3. On May 3, 2017, the Oversight Board, at the request of the Governor, issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255][3] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Commonwealth Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

*Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

### B. Operations and Bond Debt of the Commonwealth

5. The Constitution of the Commonwealth of Puerto Rico (the "P.R. Constitution") became effective in 1952. The P.R. Constitution created the Commonwealth as the central government of Puerto Rico, "republican in form" and divided into three branches: legislative, judicial and executive. *See* P.R. Const., Art. I, §§ 1, 2.

6. The P.R. Constitution authorizes the Commonwealth to issue debt, subject to various limitations, including on the ability of the Commonwealth to pledge its revenues. *See* P.R. Const. Art. VI § 2. In 1961, Section 2 of Article VI of the P.R. Constitution was amended to limit the Commonwealth's borrowing on the basis of the amount of debt service the Commonwealth would have to pay relative to its historical revenues.

7. Since 1961, the Commonwealth has issued billions of dollars of general obligation bonds ("GO Bonds") purportedly backed by its full faith, credit, and taxing power. GO Bonds are public debt under Article VI, § 8 of the P.R. Constitution. Each series of GO Bonds was issued pursuant to a bond resolution and offering memorandum.

### C. PBA Bond Debt Master Proof of Claim

8. Pursuant to the Initial Bar Date Order, the indenture trustees, fiscal agents, or any similar agent or nominee for each respective series of bonds issued by one of the Debtors may file a master proof of claim against the applicable debtor on behalf of themselves and all holders of

3

bond claims for the respective series of bonds for obligations arising under the respective trust agreements, resolutions, or similar bond documents. Initial Bar Date Order, ¶ 5(a).

9. PBA purportedly issued Revenue Bonds to finance office buildings and other facilities leased to various departments, public agencies and instrumentalities of the Commonwealth. U.S. Bank Trust National Association and U.S. Bank National Association serves as fiscal agent (collectively, the "Fiscal Agent") for certain revenue bonds issued by PBA, as identified in Footnote 3 of Proof of Claim No. 62833 (the "Bonds").

10. On behalf of the holders of these Bonds, the Fiscal Agent filed a master proof of claim in the Commonwealth Title III Case for all outstanding amounts owed (the "PBA Master Proof of Claim"), which was logged by Prime Clerk, LLC, as Proof of Claim No. 62833.[4] The PBA Master Proof of Claim asserts liquidated claims for approximately $4 billion in allegedly unpaid principal, $160 million in allegedly unpaid interest, and reimbursement for fees and expenses of the Fiscal Agents, in addition to unliquidated and contingents claims for any and all amounts owed "on account of any and all claims the Fiscal Agent has or may have relating to the outstanding Bond obligations, whether known or unknown against the Commonwealth and all those purporting to act on the Commonwealth's behalf, whether presently asserted or to be asserted, including without limitation claims for or based upon the breach or violation of the Bond Documents, lease agreements or other contractual obligations relating to the underlying collateral, any other covenants or other contractual obligations contained therein or in the Enabling Act, or claims arising from the improper diversion of PBA's revenues or any other property securing the payment of the Bonds under the Bond Documents, as a matter of relevant Puerto Rico law, state

---

[4] Proof of Claim No. 62833 amended and superseded Proof of Claim No. 13351, which was initially filed by the Fiscal Agent.

4

law or federal law, including without limitation constructive trust, fraudulent conveyance or fraudulent transfer, failure to fulfill contractual and fiduciary obligations and duties, breach of implied covenants of good faith and fair dealing, or other legal or equitable claims." Rider to Proof of Claim No. 62833, ¶¶ 19-21.

### D. Commonwealth Claims and the Omnibus Objection Procedures

11. To date, approximately 168,922 proofs of claim have been filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 104,004 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. The Commonwealth-related proofs of claim total approximately $33.2 trillion in asserted liabilities plus unliquidated amounts.

12. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, the Debtors, on October 16, 2018, filed with this Court their *Motion for Entry of an Order (a) Approving Limited Omnibus Objection Procedures, (b) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The relief requested therein was non-substantive in nature and was designed to expedite and streamline the claims reconciliation process by, among other things, enlarging the number of claims permitted to be within the scope of an omnibus objection. While no objection to the Omnibus Procedures Motion was interposed, based upon certain comments received, a revised form of order and related exhibit were provided to the Court. Based upon comments of the Court at a hearing held on November 7, 2018, such order was further revised and the Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement*

5

*of Bankruptcy Rule 3007(e)(6), and (c) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Omnibus Objection Procedures"). On November 29, 2018, the Court approved the English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

13. This Fifty-Fourth Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

14. The Omnibus Objection Procedures allow the Commonwealth to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7).

15. The Fifty-Fourth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Omnibus Objection Procedures, duplicate bond claims.

16. Each claim identified in **Exhibit A** hereto (collectively, the "Duplicate Bond Claims") purports to assert liability associated with one or more Bonds issued by PBA that is duplicative of the PBA Master Proof of Claim, which as explained above was filed by the fiscal agent of the Bonds issued by PBA. As a result, the Duplicate Bond Claims should be disallowed in their entirety. Any failure to disallow the Duplicate Bond Claims will result in the applicable claimants potentially receiving an unwarranted double recovery against the Commonwealth, to the detriment of other stakeholders in the Commonwealth Title III Case. The holders of the Duplicate Bond Claims will not be prejudiced by the disallowance of their claims because the liabilities associated with their claims are subsumed within the PBA Master Proof of Claim.

17. In support of the foregoing, the Commonwealth relies on the *Declaration of Jay Herriman in Support of the Fifty-Fourth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico to Duplicate Claims of PBA Bondholders*, dated June 6, 2019, attached hereto as **Exhibit B**.

## NOTICE

18. In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Commonwealth has provided notice of this Fifty-Fourth Omnibus Objection to (a) the individual creditors subject to this Fifty-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. A copy of the notice for this Fifty-Fourth Omnibus Objection is attached hereto as **Exhibit C**. Spanish translations of the Fifty-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties. The Commonwealth submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

19. This Fifty-Fourth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to the Duplicate Bond Claims or any other claims on any ground whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition

7

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Fifty-Fourth Omnibus Objection has been made to this or any other court.

WHEREFORE the Commonwealth respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Commonwealth such other and further relief as is just.

Dated: June 6, 2019　　　　　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

　　　　　　　　　　　　　　　　　　　　　　　/s/ Hermann D. Bauer
　　　　　　　　　　　　　　　　　　　　　　　Hermann D. Bauer
　　　　　　　　　　　　　　　　　　　　　　　USDC No. 215205
　　　　　　　　　　　　　　　　　　　　　　　Daniel J. Perez-Refojos
　　　　　　　　　　　　　　　　　　　　　　　USDC No. 303909
　　　　　　　　　　　　　　　　　　　　　　　O'NEILL & BORGES LLC
　　　　　　　　　　　　　　　　　　　　　　　250 Muñoz Rivera Ave., Suite 800
　　　　　　　　　　　　　　　　　　　　　　　San Juan, PR 00918-1813
　　　　　　　　　　　　　　　　　　　　　　　Tel: (787) 764-8181
　　　　　　　　　　　　　　　　　　　　　　　Fax: (787) 753-8944

　　　　　　　　　　　　　　　　　　　　　　　Martin J. Bienenstock (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Brian S. Rosen (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　**PROSKAUER ROSE LLP**
　　　　　　　　　　　　　　　　　　　　　　　Eleven Times Square
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　　　Tel: (212) 969-3000
　　　　　　　　　　　　　　　　　　　　　　　Fax: (212) 969-2900

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Financial*
　　　　　　　　　　　　　　　　　　　　　　　*Oversight and Management Board,*
　　　　　　　　　　　　　　　　　　　　　　　*as representative for the*
　　　　　　　　　　　　　　　　　　　　　　　*Commonwealth of Puerto Rico*

8

**Fecha de audiencia: 24 de julio de 2019, a las 9:30 a.m. (Hora Estándar del Atlántico)**
**Fecha límite para presentar una respuesta: 9 de julio de 2019, a las 4:00 p.m. (Hora Estándar del Atlántico)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS ANEXOS A LA MISMA PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS**
**PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| En el caso: <br><br> LA JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO, *y otros*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> N° 17 BK 3283-LTS <br><br> (Administrados en forma conjunta) <br><br> **Esta presentación corresponde al Estado Libre Asociado.** |

**QUINCUAGÉSIMA CUARTA OBJECIÓN COLECTIVA**
**(NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE**
**PUERTO RICO CONTRA RECLAMACIONES DUPLICADAS DE BONISTAS DE LA**
**AEP**

El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado"), por intermedio de

la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"),

como representante del Estado Libre Asociado conforme a la sección 315(b) de la *Ley de*

---

[1] Los Deudores en estos casos iniciados al amparo del Título III, junto con el número de caso respectivo de cada Deudor y los últimos cuatro (4) dígitos del número de identificación tributaria federal de cada Deudor, según corresponda, son (i) El Estado Libre Asociado de Puerto Rico (el "Estado Libre Asociado") (Caso de quiebra No. 17 BK 3283-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3481); (ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de quiebra No. 17 BK 3284-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 8474); (iii) la Autoridad de Carreteras y Transportación de Puerto Rico ("HTA") (Caso de quiebra No. 17 BK 3567-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3808); (iv) Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico ("ERS") (Caso de quiebra No. 17 BK 3566-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 9686); y (v) Autoridad de Energía Eléctrica de Puerto Rico ("PREPA") y junto con el Estado Libre Asociado, COFINA, HTA y ERS, los "Deudores") (Caso de quiebra No. 17 BK 4780-LTS) (últimos cuatro dígitos del número de identificación tributaria federal: 3747) (los casos al amparo del Título III figuran como números del Caso de Quiebra debido a limitaciones del software).

*Administración, Supervisión y Estabilidad de Puerto Rico* ("PROMESA"),[2] presenta esta quincuagésima cuarta objeción colectiva (la "Quincuagésima Cuarta Objeción Colectiva") en la que solicita se desestimen por completo las evidencias de reclamaciones duplicadas que se detallan en el **Anexo A** al presente, cada una de las cuales pretende invocar una obligación asociada con bonos emitidos por la Autoridad de Edificios Públicos de Puerto Rico ("AEP"), y para fundamentar la Quincuagésima Cuarta Objeción Colectiva, con respeto manifiesta lo siguiente:

## COMPETENCIA

1. El Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para considerar este asunto y el remedio solicitado en la presente de conformidad con la sección 306(a) de la ley PROMESA.

2. La jurisdicción es adecuada en este distrito de conformidad con la sección 307(a) de la ley PROMESA.

## ANTECEDENTES

**A. Resoluciones sobre Fecha Límite en el Caso del Estado Libre Asociado al amparo del Título III**

3. El 3 de mayo de 2017, la Junta de Supervisión, a pedido del Gobernador, emitió una certificación de restructuración conforme a las secciones 104(j) y 206 de la ley PROMESA y presentó una petición voluntaria de remedio por el Estado Libre Asociado de conformidad con la sección 304(a) de la ley PROMESA, y dio inicio así a un caso al amparo del Título III de dicha ley (el "Caso del Estado Libre Asociado iniciado al amparo del Título III").

---

[2] La ley PROMESA está incluida en el título 48 del Código de los Estados Unidos (United States' Code, U.S.C.) §§ 2101-2241.

2

4. El 16 de enero de 2018, los Deudores presentaron su *Petición para que se dicte una Resolución (A) que fije las Fechas Límite y los Procedimientos para la Presentación de Evidencias de Reclamaciones, y (B) un Formulario de Aprobación y la Forma y el Modo de su Notificación* [ECF N° 2255][3] (la "Petición para la Fijación de una Fecha Límite para la Presentación de Reclamaciones"). Conforme a la *Resolución que (A) establece Fechas Límites y Procedimientos para presentar Evidencias de Reclamaciones y (B) aprueba la Forma y el Modo para su Notificación* [ECF N° 2521] (la "Resolución sobre el Plazo Límite Inicial"), el Tribunal hizo lugar al remedio solicitado en la Petición de Resolución sobre Fecha Límite y estableció las siguientes fechas límites y procedimientos para presentar evidencias de reclamaciones en el Caso del Estado Libre Asociado al amparo del Título III. En virtud de una petición informativa de determinados acreedores, y con el respaldo de los Deudores, el Tribunal posteriormente dictó la *Resolución (A) que prorroga la Fecha Límite para la Presentación de Evidencias de Reclamaciones y (B) que aprueba la Forma y Modo de Notificación de la Misma* [ECF No. 3160] (junto con la Resolución de Fecha Límite Inicial ("Resoluciones que Fijan Fecha Límite para la Presentación de Evidencias de Reclamaciones")) que prorrogaba estas fechas límite al 29 de junio de 2018 a las 4:00 p.m. (Hora del Atlántico).

**B.      Operaciones y Deuda de Bonos del Estado Libre Asociado**

5. La Constitución del Estado Libre Asociado de Puerto Rico (la "Constitución de P.R.") entró en vigencia en 1952. La Constitución de P.R. creó al Estado Libre Asociado como gobierno central de Puerto Rico, "con forma republicana" y dividido en tres poderes: el legislativo, el judicial y el ejecutivo. *Véase* Constitución de P.R., Art. I, secciones 1, 2.

---

[3] A menos que se indique lo contrario en el presente, todas las citas de ECF se refieren a documentos archivados en el Caso de Quiebra No. 17 BK 3283-LTS.

3

6. La Constitución de P.R. autoriza al Estado Libre Asociado a emitir deuda, con sujeción a diversas limitaciones, incluida la capacidad del Estado Libre Asociado de pignorar sus ingresos. *Véase* Constitución de P.R. Art. VI, sección 2. En 1961, la Sección 2 del Artículo VI de dicha Constitución fue enmendada para limitar el endeudamiento del Estado Libre Asociado en función del monto del servicio de deuda que el Estado Libre Asociado debería pagar con relación a sus ingresos históricos.

7. Desde 1961, el Estado Libre Asociado ha emitido mil millones de dólares en bonos de obligación general ("Bonos GO") supuestamente respaldados por su pleno poder de fe, crédito y tributación. Los Bonos GO constituyen deuda pública conforme al Artículo VI, sección 8 de la Constitución de P.R. Cada serie de Bonos GO se emitió en virtud de una resolución de emisión de bonos y un memorándum de oferta.

**C. Evidencia de Reclamaciones Maestras correspondientes a Deudas de Bonos de la AEP**

8. Con arreglo a la Resolución de Fecha Límite Inicial, los fiduciarios, los agentes fiscales u otro agente o persona designada para cada serie respectiva de bonos emitida por uno de los Deudores pueden presentar una evidencia de reclamación maestra contra el deudor pertinente en representación de ellos mismos y de todos los tenedores de reclamaciones de bonos de las series respectivas de bonos en relación con las obligaciones que surgen de los respectivos contratos de fideicomisos, resoluciones o documentos similares de emisión bonos. Resolución de la Fecha Límite Inicial, ¶ 5(a).

9. Supuestamente, la AEP emitió Bonos Garantizados por Ingresos para financiar la construcción de edificios de oficinas y otras instalaciones arrendadas a diversos departamentos, oficinas públicas e instrumentalidades del Estado Libre Asociado. U.S. Bank Trust National Association y U.S. Bank National Association actúan en carácter de agente fiscal (en conjunto, el

4

"Agente Fiscal") de ciertos bonos garantizados por ingresos emitidos por la AEP, que se identifican en la tercera nota al pie de la Evidencia de Reclamación N° 62833 (los "Bonos").

10. El Agente Fiscal presentó, en nombre de los tenedores de estos Bonos, una evidencia de reclamación maestra en el Caso del Estado Libre Asociado al amparo del Título III (la "Evidencia de Reclamación Maestra de la AEP"), la cual fue registrada por Prime Clerk, LLC, como Evidencia de Reclamación N° 62833.[4] La Evidencia de Reclamación Maestra de la AEP invoca reclamaciones liquidadas por un monto de capital presuntamente impago de aproximadamente $4.000 millones, intereses presuntamente impagos por un total de $160 millones, y el reembolso de honorarios y gastos de los Agentes Fiscales, además de reclamaciones no liquidadas y contingentes por todas las sumas adeudadas "en razón de todas las reclamaciones que el Agente Fiscal tenga o pueda tener derecho a hacer valer respecto a obligaciones de Bonos pendientes, conocidas o no, contra el Estado Libre Asociado y contra todas aquellas partes que aleguen actuar en su nombre y representación, invocadas en el presente o en el futuro, incluyendo, sin carácter limitativo, reclamaciones a causa o en razón del incumplimiento o la violación de los términos de los Documentos de los Bonos, contratos de arrendamiento u otras obligaciones contractuales relacionadas con la garantía subyacente, otros compromisos restrictivos u otras obligaciones contractuales contenidas en los mismos o en la Ley Orgánica, o reclamaciones fundadas en la malversación de ingresos u otros bienes de la AEP dados en garantía de pago de los Bonos conforme a los Documentos de los Bonos, con arreglo a las leyes de Puerto Rico, leyes estatales o leyes federales aplicables, incluyendo, sin carácter limitativo, mediante fideicomiso judicial, transmisión o trasferencia fraudulenta, incumplimiento de obligaciones y deberes de

---

[4] Evidencia de Reclamación N° 62833 enmendada y reemplazada por la Evidencia de Reclamación N° 13351, presentada inicialmente por el Agente Fiscal.

5

naturaleza contractual y fiduciaria, incumplimiento de compromisos implícitos de buena fe y trato justo u otras reclamaciones en virtud del common law o del régimen de equidad". Disposición adicional a la Evidencia de Reclamación N° 62833, ¶¶ 19-21.

**D.  Reclamaciones del Estado Libre Asociado y Procedimientos aplicables a Objeciones Colectivas**

11.  Hasta la fecha, se presentaron en tiempo aproximadamente 168,922 evidencias de reclamaciones contra los Deudores y fueron registradas por Prime Clerk. Tales evidencias totalizan aproximadamente $43,6 billones en reclamaciones contra los Deudores. Del total de evidencias de reclamaciones presentadas, aproximadamente 104,004 fueron formuladas contra el Estado Libre Asociado por obligaciones que ascienden a un total aproximado de $33.2 billones, más sumas no liquidadas.

12.  A fin de resolver de manera eficiente tantas evidencias innecesarias como sea posible, el 16 de octubre de 2018 los Deudores presentaron ante este Tribunal su *Petición para que se dicte una Resolución (a) que apruebe procedimientos limitados para objeciones colectivas, (b) elimine el requisito de la Regla de Quiebras 3007(e)(6) y (c) conceda el remedio relacionado* [ECF No. 4052] (la "Petición de Procedimientos Colectivos"). La naturaleza del remedio allí solicitado era no sustantiva y tenía por finalidad agilizar y optimizar el proceso de conciliación de reclamaciones mediante, entre otras cosas, un incremento del número de reclamaciones que caben en el ámbito de una objeción colectiva. Si bien no se interpuso ninguna objeción a la Petición de procedimientos colectivos, a la luz de algunos comentarios recibidos, se aportaron al Tribunal un formulario revisado de resolución y un anexo relacionado. Según comentarios del Tribunal en una audiencia celebrada el 7 de noviembre de 2018, dicha resolución fue revisada y el Tribunal hizo lugar al remedio solicitado en la Petición de Procedimientos Colectivos dictando una resolución

6

con fecha 14 de noviembre de 2018. *Véase la Resolución que (A) aprueba los procedimientos limitados de objeciones colectivas, (B) elimina el requisito de la Regla de Quiebras 3007(e)(6), y (c) concede el remedio relacionado* [ECF No. 4230]; *Procedimientos de Objeciones Colectivas* [ECF No. 4230-1] (en conjunto, los "Procedimientos de Objeciones Colectivas"). Con fecha 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de la forma de notificación para las objeciones colectivas presentadas con arreglo a los Procedimientos aplicables a las Objeciones Colectivas. *Véase la Resolución que aprueba las versiones en inglés y en español de la Forma de Notificación de las Objeciones Colectivas* [ECF No. 4381] (la "Resolución del Tribunal que ordena la Notificación").

13. Esta Quincuagésima Cuarta Objeción Colectiva se presenta de conformidad con los Procedimientos aplicables a Objeciones Colectivas que establece el Tribunal.

**OBJECIONES A LAS EVIDENCIAS DE RECLAMACIONES**

14. Los Procedimientos aplicables a objeciones colectivas le permiten al Estado Libre Asociado presentar una objeción colectiva contra múltiples evidencias de reclamaciones, fundándose en cualquiera de las causales que contemplan las Reglas Federales del Proceso de Quiebra 3007(d)(1) – (7).

15. La Quincuagésima Cuarta Objeción Colectiva pretende que se declare la inadmisibilidad de las reclamaciones de bonos duplicadas, de conformidad con la Regla 3007 (d)(1) del Procedimiento Federal de Quiebras y los Procedimientos aplicables a Objeciones Colectivas.

16. En cada reclamación identificada en el **Anexo A** al presente (las "Reclamaciones de Bonos Duplicadas"), el demandante reclama una obligación asociada con uno o más Bonos emitidos por la AEP que son duplicados de la Evidencia de Reclamación Maestra de la AEP que, como se explica precedentemente, fuera presentada por el agente fiscal de los Bonos emitidos por

7

la AEP. Por consiguiente, las Reclamaciones de Bonos Duplicadas deben desestimarse por completo. De no desestimarse las Reclamaciones de Bonos Duplicadas, el resultado será que los demandantes aplicables podrían llegar a recibir una doble indemnización injustificada del patrimonio del Estado Libre Asociado, en detrimento de otras partes interesadas en la Causa del Estado Libre Asociado iniciado al amparo del Título III. Los tenedores de las Reclamaciones de Bonos Duplicadas no resultarán perjudicados por la desestimación de sus reclamaciones pues las obligaciones asociadas con sus reclamaciones se encuentran subsumidas dentro de la Evidencia de Reclamación Maestra de la AEP.

17. En respaldo de lo expresado precedentemente, el Estado Libre Asociado se basa en la *Declaración de Jay Herriman la cual fundamenta la Quincuagésima Cuarta Objeción Colectiva (no sustantiva) del Estado Libre Asociado de Puerto Rico contra las Reclamaciones Duplicadas de Bonistas de la AEP*, del 6 de junio de 2019, que se adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

18. De conformidad con los Procedimientos aplicables a Objeciones Colectivas y la Resolución del Tribunal que ordena la Notificación, el Estado Libre Asociado ha notificado de esta Quincuagésima Cuarta Objeción Colectiva a (a) los acreedores particulares conforme a la Quincuagésima Cuarta Objeción Colectiva, (b) el Síndico de Estados Unidos, y (c) la Lista Maestra de Notificaciones (como se la define en la *Resolución de Enmienda Adicional de los Procedimientos de Tramitación de Casos* [ECF N° 3804]), que se encuentra disponible en el sitio web de casos de los Deudores, en https://cases.primeclerk.com/puertorico. Se adjunta al presente como **Anexo C** una copia de la notificación de esta Quincuagésima Cuarta Objeción Colectiva y todos los anexos adjuntos al presente se presentan conjuntamente con esta objeción y se notificarán a las partes. El Estado Libre Asociado declara que, a la luz de la naturaleza del remedio solicitado, no es necesario cursar ninguna otra notificación adicional.

8

**RESERVA DE DERECHOS**

19. Esta Quincuagésima Cuarta Objeción Colectiva se limita a los argumentos que en ella se exponen. Por consiguiente, la misma se presenta sin perjuicio de los derechos de los Deudores a objetar las Reclamaciones de Bonos Duplicadas u otras reclamaciones por cualquier otra causal. Los Deudores se reservan expresamente el derecho a presentar cualquier otra objeción sustantiva o procesal. Nada de lo contenido en la presente objeción o las acciones entabladas en pos de obtener la reparación allí pretendida tiene por finalidad o debe interpretarse en el sentido de constituir: (a) una admisión de la validez de cualquier reclamación formulada contra los Deudores; (b) una renuncia al derecho de los Deudores de disputar cualquier otra reclamación por cualquier causal; (c) una promesa o intimación de pago de cualquier reclamación; (d) una solicitud o autorización para asumir cualquier convenio, contrato o arrendamiento previo a la petición con arreglo a la Sección 365 del Código de Quiebras; o (e) una renuncia a los derechos de los Deudores en virtud de la ley PROMESA, el Código de Quiebras o cualquier otra ley aplicable.

**SIN SOLICITUD PREVIA**

20. No se ha presentado ninguna petición de reparación anterior en relación con esta Quincuagésima Cuarta Objeción Colectiva ante este u otro tribunal.

POR LO TANTO, el Estado Libre Asociado solicita con todo respeto que se dicte una resolución esencialmente en la forma de la Propuesta de Resolución adjuntada al presente como **Anexo D**, (1) que otorgue el remedio aquí solicitado y (2) que le conceda al Estado Libre Asociado cualquier otro remedio adicional según se considere justo.

Fecha: 6 de junio de 2019  
       San Juan, Puerto Rico

Presentado con el debido respeto,

*Firma en la versión en inglés*  
Hermann D. Bauer  
USDC N° 215205  
Carla García Benítez

9

USDC N° 203708
Daniel J. Perez-Refojos
USDC N° 303909
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera en carácter de representantes del Estado Libre Asociado de Puerto Rico*

10