**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>    as representative of<br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**AMBAC ASSURANCE CORPORATION'S OPPOSITION TO
URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR ORDER SETTING BRIEFING SCHEDULE IN CONNECTION WITH ITS
MOTION TO DISMISS FOR LACK OF STANDING AMBAC ASSURANCE
CORPORATION'S MOTION CONCERNING APPLICATION OF THE AUTOMATIC
<u>STAY TO THE REVENUES SECURING PRIFA RUM TAX BONDS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("<u>Commonwealth</u>") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

1. Ambac[2] respectfully submits this brief in opposition to the *Urgent Motion of the Financial Oversight and Management Board for Order Setting Briefing Schedule in Connection with Its Motion to Dismiss for Lack of Standing Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7263) (the "Motion to Expedite"), which seeks an expedited briefing schedule on the *Urgent Motion of the Financial Oversight and Management Board for Order Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Dismissing Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7262) (the "Motion to Dismiss").

2. Through its Motion to Expedite, the Oversight Board seeks to bifurcate a single legal question that it describes as a "gating issue" from the briefing on Ambac's stay motion, and have it briefed and heard by the Court on five days' notice. Perplexingly, the gating issue identified in yesterday's motion is wholly different from the gating issue raised by the Oversight Board earlier this week in connection with the motion to set a schedule for briefing the Automatic Stay Motion. The Oversight Board's belated and plainly tactical Motion to Expedite its purported Motion to Dismiss should be rejected.

3. The reasonableness of the Motion to Expedite, and its timing, must be considered in light of the related filings regarding the schedule for opposing Ambac's Automatic Stay Motion. In connection with its Automatic Stay Motion, Ambac filed a scheduling motion last Thursday,

---

[2] Unless otherwise specified, defined terms have the same meanings given to them in Ambac Assurance Corporation's *Motion and Memorandum of Law in Support of its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7176) ("Automatic Stay Motion").

May 30.[3] The Oversight Board opposed the scheduling motion on Monday, June 3 and proposed a bifurcated process whereby the parties and the Court would first address what the Oversight Board identified as the "one threshold issue" presented by the Automatic Stay Motion—namely, "whether [Ambac] has a secured claim against rum excise tax monies before they are deposited into an account at PRIFA."[4] Nowhere in arguing for a bifurcated process did the Oversight Board identify questions related to Ambac's standing as a "threshold issue" that should be briefed before the parties brief the substantive issues.

4. Thereafter, on Tuesday, June 4, the Oversight Board unusually sought leave to file a surreply, reiterating its position that the "underlying documents" governing the bonds "are dispositive."[5] Again, the Oversight Board nowhere raised anything akin to a standing objection.

5. The Court then endorsed Ambac's proposed briefing schedule and ordered briefing on the Automatic Stay Motion and oral argument on legal issues to be held on July 24. The Court further ordered the parties to meet-and-confer on (i) issues that might require discovery, (ii) a schedule for discovery, and (iii) a schedule for submitting declarations and hearing any live testimony. The Court instructed the parties to submit a joint status report by Monday at 4 p.m. *See Order Granting Motion for Leave to File Sur-Reply and Setting Briefing Deadlines in Connection with Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7215).

---

[3] *Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7177).

[4] *Response of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion to Set Briefing Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* 3 (Dkt. No. 7191).

[5] *Sur-Reply of the Financial Oversight and Management Board for Puerto Rico to Ambac Assurance Corporation's Reply in Support of Its Urgent Motion to Set Briefing Schedule with Respect to Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7212-1).

6. In the wake of the Court's order, the Oversight Board told Ambac that it was too busy to meet-and-confer until Friday morning, notwithstanding the request by Ambac's lead litigator that the parties meet and confer on Wednesday or Thursday because she would be unavailable due to religious observance from Friday evening until Monday evening.[6] *See* Email from Ehud Barak to Atara Miller (June 6, 2019) (attached hereto as Exhibit A).

7. Among the urgent matters apparently preventing the Oversight Board from meeting and conferring was the drafting of a procedurally questionable motion to dismiss the Automatic Stay Motion.

8. As an initial matter, a motion to dismiss another party's motion is presumptively disfavored. "[U]nless the court directs otherwise," contested matters are not subject to Rule 7012, or Federal Rule of Civil Procedure 12(b). *See* Fed. R. Bankr. P. 4001(a)(1), 9014(c). Moreover, Rule 12(b) by its terms does not apply to motions, which are expressly not "pleadings" under the Federal Rules. *See* Fed. R. Civ. P. 7.

9. The Oversight Board has offered no cogent reason for the Court to apply Rule 12(b) here. The Court already has ordered that oral argument will be heard on legal issues presented by the Automatic Stay Motion on July 24. To the extent that the Oversight Board believes it has a legal basis for opposing the Automatic Stay Motion, whether on standing or other grounds, the time to present that argument is in its opposition due on July 3 by order of the Court. The Oversight Board's newfound standing challenge should not be hived off from the other legal "threshold issues" it has identified—*e.g.*, its argument that the Automatic Stay Motion can be denied on the

---

[6] Despite the limited time provided by the Court, Ambac did not press for a meet and confer on Wednesday as a courtesy, and based on the representation that the lead attorney for the Oversight Board on this issue, Mr. Ehud Barak, was busy preparing for an oral argument before the First Circuit to be argued Wednesday morning.

ground that any lien in favor of Ambac does not extend to monies outside of the PRIFA trust account—and heard on five days' notice.

10. The Oversight Board argues that its standing challenge should be bifurcated from the other legal issues presented by the Automatic Stay Motion based entirely on purported efficiency and the notion that doing so will relieve the parties of the burden of responding to the Automatic Stay Motion, including through discovery. Far from being efficient, the Oversight Board's proposed procedure would introduce an additional round of briefing in an already bifurcated process. The Federal Rules do not contemplate motions to dismiss motions for relief precisely because there is an immediate briefing period allowed that permits parties to raise any legal (or factual) arguments in opposition to the motion. The legal issues permitted to be raised under Rule 12(b) are precisely those commonly raised in opposition to motions. The Oversight Board should not be permitted to wrest control of Ambac's motion, and the so-ordered schedule related thereto, by filing its own motion.[7]

11. The Oversight Board's arguments of expediency and efficiency are plainly pretextual. The Automatic Stay Motion is not particularly complicated; Ambac and the Oversight Board agree that much of it turns on key legal determinations. With respect to the factual issues, Ambac does not believe that the factual issues relevant to the Automatic Stay Motion will be in dispute and expects that the parties will be able to stipulate to the vast majority, if not all, of the material facts, including facts regarding the flow of funds, control and ownership of various accounts, and account balances at relevant times. The Bankruptcy Code presumes that such

---

[7] If the Motion to Dismiss were procedurally appropriate, there would potentially be no end to the chain of motions to dismiss. Indeed, Ambac disputes both the procedural and legal propriety of the Oversight Board's motion. Should Ambac proceed by way of motion to dismiss the Oversight Board's motion? The Federal Rules and the Case Management Order plainly answer that question by providing a time within which to file an opposition to a motion. Fed. R. Civ. P. 27(a)(3); Ninth Amended Notice, Case Management and Administrative Procedures ¶ III.A (Dkt. No. 7115-1). Neither contemplates the filing of a motion to dismiss a motion.

motions can be heard in 30 days. 11 U.S.C. § 362(e)(1). Briefing of key additional legal questions cannot be so burdensome as to warrant an entirely separate process.

12. Finally, the Court should not reward the Oversight Board's transparent attempt to sandbag Ambac by forcing an emergency briefing schedule on an artificially carved-out "gating issue" it had not previously identified, with knowledge that Ambac's lead litigator would be unavailable Friday evening until late Monday night in observance of a religious holiday. The Oversight Board took a week to brief its challenge to Ambac's standing, leaving Ambac with just days before the hearing to respond—prejudicing Ambac in the process. It would be unfair to allow the Oversight Board to sit on its argument, wait for the Court to set a briefing schedule on legal issues aimed at oral argument on July 24, and only thereafter move to squeeze in an additional round of substantive briefing on a key legal question in a matter of days.

13. The Oversight Board has articulated no reason why its procedurally dubious motion to dismiss a motion must or even should be heard at the June 12 omnibus hearing. Nothing about the question is so pressing that it cannot be heard in due course in July as part of its opposition to the Automatic Stay Motion. Indeed, there is no question that an opposition is the procedurally appropriate manner in which to raise objections to a motion, including ones based on standing. Respectfully, the Court should adhere to its order (which the Oversight Board seems reluctant to accept) that legal issues raised by Ambac's Automatic Stay Motion shall be presented at the July omnibus hearing.

14. The Motion to Expedite should be seen for what it is—a veiled motion for reconsideration of the Court's rejection of the Oversight Board's attempt to have purported legal "gating issues" heard materially in advance of any other briefing on the Automatic Stay Motion. Perhaps if the Oversight Board had been plain with the Court and Ambac regarding its intention

to litigate standing, rather than sitting on the argument in an effort to surprise Ambac, a more staged briefing would have been entered. The Oversight Board made a strategic decision not to raise standing in not one, but two, briefs it filed in response to Ambac's scheduling motion, and should not now be allowed to argue again for a further bifurcated schedule. The Oversight Board has failed to demonstrate that it satisfies the standard for reconsideration. Its gambit should be rejected.

15. For the foregoing reasons, the Court should deny the Motion to Expedite.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 7th day of June, 2019.

**I HEREBY CERTIFY** that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

| | |
|---|---|
| Dated: June 7, 2019<br>San Juan, Puerto Rico | **FERRAIUOLI LLC**<br>By: /s/ *Roberto Cámara-Fuertes*<br>Roberto Cámara-Fuertes (USDC-PR No. 219002)<br>Sonia Colón (USDC-PR No. 213809)<br>221 Ponce de León Avenue, 5th Floor<br>San Juan, PR 00917<br>Telephone: (787) 766-7000<br>Facsimile: (787) 766-7001<br>Email: rcamara@ferraiuoli.com<br>scolon@ferraiuoli.com<br><br>**MILBANK LLP**<br>By: /s/ *Atara Miller*<br>Dennis F. Dunne<br>Andrew M. Leblanc<br>Atara Miller<br>Grant R. Mainland<br>(admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: (212) 530-5770<br>Facsimile: (212) 822-5770<br>Email: ddunne@milbank.com<br>aleblanc@milbank.com<br>amiller@milbank.com<br>gmainland@milbank.com<br><br>***Attorneys for Ambac Assurance Corporation*** |