# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | Case No. 17-BK-4780-LTS<br><br>**Re: ECF Nos. 7263, 7297** |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO as representative of the COMMONWEALTH OF PUERTO RICO,<br><br>Cross-Movants, | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

PRIFA - Reply to Ambac MTD Scheduling Objection; 1

v.

AMBAC ASSURANCE CORPORATION,

    Cross-Respondents.

**FINANCIAL OVERSIGHT AND MANAGEMENT BOARD'S REPLY TO AMBAC ASSURANCE CORPORATION'S OPPOSITION TO URGENT MOTION SETTING BRIEFING SCHEDULE IN CONNECTION WITH MOTION TO DISMISS**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB"), as sole representative of Debtor, Respondent and Cross-Movant the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this reply to *Ambac Assurance Corporation's Opposition to Urgent Motion of the Financial Oversight and Management Board for Order Setting Briefing Schedule in Connection With its Motion to Dismiss for Lack of Standing Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7297] (the "Opposition").

By order dated June 6, 2019 [ECF No. 7272], the Court set a briefing schedule on the Oversight Board's Urgent Motion [ECF No. 7263].[3] Ambac Assurance Corporation ("Ambac")

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not otherwise defined shall have the same meaning given to them in the *Urgent Motion of the Financial Oversight and Management Board for Order Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Dismissing Ambac Assurance Corporation's Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds [ECF No. 7176]* [ECF No. 7262] (the "Motion to Dismiss").

filed its Opposition, and this is the Oversight Board's reply. In support of this reply, the Oversight Board respectfully avers:

1. The Oversight Board's Urgent Motion raised two questions. Ambac's Response answers neither one. First, why does Ambac need more than a few days to explain why one sentence consisting of 44 words in section 705 of the Trust Agreement,[4] does not mean what it says, namely that no bondholder can sue on the PRIFA bonds? Second, why should the Court and the litigants not be spared the considerable time and expense of dealing with briefing the merits and discovery when a gating issue may render such expensive efforts completely unnecessary?

2. We know that Ambac has already determined its response. In an email chain that Ambac did not attach to its response, the Oversight Board presented section 705 to Ambac on June 5, 2019 and requested Ambac to either dismiss its motion or explain why it has standing. On June 6, 2019, Ambac summarily stated it disagreed, but failed to explain why. A copy of the email chain is attached hereto as **Exhibit A**. Ambac has not proffered a scintilla of any reason into the record why it cannot write down in a few days the reasoning it already formulated.

3. Likewise, Ambac's Response offers no reason whatsoever why the Court and the litigants should not deal with the standing issue expeditiously and up front so the Court and all litigants are spared the considerable time, efforts, and expense of dealing with briefing, discovery and hearing that may be totally wasteful if section 705 means what it says.

4. Rather than supplying a one or two paragraph answer to the only questions pertinent to the Urgent Motion, Ambac devotes six pages to accusing the Oversight Board of such things as

---

[4] The first sentence of section 705 provides:

"No Holder of any of the Bonds shall have any right to institute, appear in or defend any suit, action or proceeding in equity or at law on any Bond or for the execution of any trust hereunder or for any other remedy hereunder."

a "plainly tactical motion," and "sandbag[ing] Ambac by forcing an emergency briefing schedule on an artificially carved-out 'gating issue' it had not previously identified." Opp. ¶¶ 2, 12. While not relevant to the core questions raised in the Urgent Motion, we must answer them because Ambac's accusations are completely unwarranted and demonstrably false:

    a. What tactic? How is the Oversight Board advantaged by asking that a gating issue be determined up front, to avoid wasted expenses later if the Oversight Board's position on standing is correct? There is no ulterior motive and there never was.

    b. Ambac represents the Oversight Board sat on the standing issue,[5] to get a second bite at the apple. Totally untrue. The Oversight Board only discovered the issue late Tuesday afternoon (June 4, 2019) when counsel to the Oversight Board was reviewing the Trust Agreement in preparation of its opposition to the Stay Motion. The very next day the Oversight Board brought the issue to Ambac's attention, stating "It appears clear that neither Ambac nor any Bondholder has standing to pursue the two actions and the instant motion. Please advise us by noon tomorrow that Ambac is withdrawing its motion, or the reason why Ambac refuses to do so."[6] Counsel to Ambac provided a conclusory response without any explanation: "We disagree with your views on the applicability of section 705 of the Trust Agreement to the stay motion. Ambac has no intention of withdrawing its motion." *Id.* To determine whether good reason exists not to address the threshold standing issue expediently, the Oversight Board asked Ambac

---

[5] Opp ¶ 4 ("Nowhere in arguing for a bifurcated process did the Oversight Board identify questions related to Ambac's standing as a 'threshold issue' that should be briefed before the parties brief the substantive issues."); *see also* Opp. ¶ 12 ("It would be unfair to allow the Oversight Board to sit on its argument, wait for the Court to set a briefing schedule on legal issues aimed at oral argument on July 24, and only thereafter move to squeeze in an additional round of substantive briefing on a key legal question in a matter of days.").

[6] *See* Email from Martin Bienenstock to Atara Miller (June 5-6, 2019), attached hereto as **Exhibit A**.

PRIFA - Reply to Ambac MTD Scheduling Objection; 1      4

    whether it "oppose[s] dealing with it separately and upfront." *Id.* Despite the obvious benefits of saving time and resources involved in a full briefing on the merits, Ambac simply refused.

c. Ambac further accuses the Oversight Board, by attaching an email between Ehud Barak and Atara Miller (see Opp., Ex. A), of stringing it along by deferring the meet-and-confer until Friday morning, notwithstanding "the request by Ambac's lead litigator that the parties meet and confer on Wednesday or Thursday because she would be unavailable due to religious observance from Friday evening until Monday evening." Opp. ¶ 9. As Ambac itself recognizes in footnote 6, Ehud Barak and Martin Bienenstock traveled to Boston on Tuesday to prepare for oral argument before the First Circuit on Wednesday. In addition to preparing for and arguing at the hearing, counsel for the Oversight Board was simultaneously dealing with time-sensitive issues involving the PREPA RSA and many other Oversight Board matters unrelated to Ambac.

d. The Oversight Board's request to have the meet-and-confer Friday morning had nothing to do with its drafting of the Motion to Dismiss. The Oversight Board's attorneys needed to have the meet-and-confer first thing Friday morning rather than Thursday because, among other things, they needed to draft and file many pleadings Thursday and Friday, they needed to coordinate with AAFAF and find out what documents and witnesses might be available, and they needed to participate in calls and draft documents for many other Oversight Board matters.

e. Despite Ambac's insinuation that the Oversight Board was not sensitive to the religious holiday, the meet-and-confer between the parties took place Friday morning at 9:00

a.m. with "Ambac's lead litigator" present, instead of Thursday which was Ambac's preference. The status report to be submitted to the Court should only be a few pages long.

5. Ambac's Opposition is similarly deficient in addressing other merits of the Oversight Board's pleadings. Despite the Oversight Board supplying substantial case law showing that precisely for efficiency purposes courts routinely deploy Bankruptcy Rule 9014(c) to apply Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to consider early dispositive motions (*see* Motion to Dismiss ¶ 26), Ambac does not address these authorities or supply any contrary ones. Opp. ¶ 8. It simply voices its opposition, without reason. It provides no reason the Court should decline to exercise its discretion to determine a narrow, discrete, and gating issue that would spare the parties' time and resources and would promote judicial economy. While Ambac again deploys an unsubstantiated accusation, "pretextual," (Opp. ¶ 11), it is not based on any substance that Ambac divulges. Accordingly, the Oversight Board respectfully requests the Court grant its Urgent Motion to set an expedited briefing schedule and hearing on the Motion to Dismiss by June 12, 2019 or as soon thereafter as the Court deems appropriate.

[*Remainder of page intentionally left blank*]

Dated: June 7, 2019

San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com
Email: ebarak@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record and CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer

## **Exhibit A**

Email Exchange between
M. Bienenstock and A. Miller June 5-6, 2019