**Objection Deadline: To be determined**
**Hearing Date: To be determined**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| ——————————————————— | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| ——————————————————— | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |
| ——————————————————— | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**NOTICE OF HEARING ON OMNIBUS MOTION BY THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY
AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I)
ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND TO
(II) ESTABLISH PROCEDURES FOR THE APPROVAL OF SETTLEMENTS**

**PLEASE TAKE NOTICE** that a hearing on the *Omnibus Motion By The Financial
Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of
The Special Claims Committee And The Official Committee Of Unsecured Creditors To (I)
Establish Litigation Case Management Procedures And To (Ii) Establish Procedures For The
Approval Of Settlements* (the "Motion"), filed by the Financial Oversight And Management
Board For Puerto Rico, Acting By And Through The Members Of The Special Claims
Committee, And The Official Committee Of Unsecured Creditors (the "Movants"), pursuant to
section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")  and Rules 7016,
2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),
all made applicable to these title III cases by section 301 and 310 of the Puerto Rico Oversight
and Management, and Economic Stability Act ("PROMESA"), **will be held on a date and time
to be determined**, at the Court's convenience (the "Hearing"), but please note that the Movants
have requested that the Hearing be held on June 28, 2019 at the United States District Court for
the District of Massachusetts, in Room 15, 1 Courthouse Way, Boston, Massachusetts 02210.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, to the extent applicable, and shall be served in accordance with the Ninth Amended Case Management Procedures [Docket No. 7115-1], so as to be so filed and received **no later than a date and time to be determined** (the "Objection Deadline"), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 (Attn: Martin J. Bienenstock, Esq. Paul V. Possinger, Esq. Ehud Barak, Esq. and Maja Zerjal, Esq.) and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) the Puerto Rico Fiscal Agency and Financial Advisory Authority, Roberto Sánchez Vilella (Minillas) Government Center, De Diego Ave. Stop 22, San Juan, Puerto Rico 00907 (Attn: Gerardo J. Portela Franco and Mohammad Yassin, Esq.); (iii) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036 (Attn: John J. Rapisardi, Esq., Suzzanne Uhland, Esq., Peter Friedman, Esq., Nancy A. Mitchell, Esq. and Maria J. DoConza, Esq.) and Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917 (Attn: Luis C. Marini-Biaggi, Esq., Carolina Velaz-Rivero, Esq. and María T. Alvarez-Santos, Esq.); (iv) counsel for the Creditors' Committee, Paul Hastings LLP, 200 Park Avenue, New York NY 10166 (Attn: Luc A. Despins, Esq., James Bliss, Esq., James Worthington, Esq. and G. Alexander Bongartz, Esq.) and Casillas Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan PR 00901-2419 (Attn: Juan J. Casillas Ayala, Esq., Diana M. Batlle-Barasorda, Esq., Alberto J. E. Atheñeses Negrón, Esq. and Ericka C. Montull Novoa,

Esq.); (v) counsel for the Retiree Committee, Jenner & Block LLP, 919 Third Avenue, New

York, NY 10022 (Attn: Robert Gordon, Esq., Richard Levin, Esq. and Catherine Steege, Esq.)

and Bennazar, García & Milián, C.S.P., Edificion Union Plaza PH-A piso 18, Avenida Ponce de

León Ave., San Juan, PR 00918 (Attn: A.J. Benazar-Zequeira, Esq.); (vi) Office of the United

States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901-

1922; and (vii) Counsel to the Oversight Board, acting by and through the Special Claims

Committee, Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Sunni P.

Beville, Esq. and Jeffrey L. Jonas, Esq.) and Estrella LLC, P. O. Box 9023596 San Juan, Puerto

Rico 00902–3596 (Attn: Alberto Estrella, Esq. and Kenneth C. Suria, Esq.).

    **PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

District Court may enter an order granting the relief sought without a hearing pursuant to the

Ninth Amended Case Management Procedures.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

June 7, 2019

*/s/ Edward S. Weisfelner*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. (*Pro Hac Vice*)
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Avoidance Actions*

*/s/ John Arristia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arristia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

*/s/ Alberto Estrella*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA)*

63418416 v1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
|     as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
|     Debtors.[1] | |
| ——————————————————— | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
|     as representative of | |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | |
|     Debtor. | |
| ——————————————————— | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
|     as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF PUERTO RICO, | |
|     Debtor. | |

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
|     as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
|     Debtor. | |

**OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS
OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE
MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES
<u>FOR THE APPROVAL OF SETTLEMENTS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 2

JURISDICTION, VENUE, AND STATUTORY BASES ................................................ 2

FACTUAL BACKGROUND .............................................................................................. 3

RELIEF REQUESTED ........................................................................................................ 7

PROPOSED PROCEDURES .............................................................................................. 8

THE AVOIDANCE ACTION PROCEDURES .............................................................. 8

    I.       NOTICE OF APPLICABILITY ............................................................ 8

    II.      LITIGATION PROCEDURES AND DEADLINES ........................... 8

          i.     Service of Complaints and Other Pleadings ........................... 8

          ii.    Responses to Avoidance Action Complaints and Opposition
               Deadlines .................................................................................... 9

          iii.   Discovery .................................................................................... 10

          iv.   Post-Discovery Motion Practice ............................................. 10

          v.    Hearings ..................................................................................... 11

          vi.   Trial ............................................................................................ 11

    III.     MEDIATION PROCEDURES ............................................................. 11

          i.     Voluntary ................................................................................... 11

          ii.    Selection of Mediators ............................................................. 11

          iii.   Mediation ................................................................................... 12

    IV.    SETTLEMENT AUTHORITY, STANDARDS, AND PROCEDURES ........... 12

          i.     Authority .................................................................................... 12

          ii.    Mandatory Settlement Standards............................................ 13

          iii.   The Settlement Procedures ...................................................... 13

BASIS FOR RELIEF REQUESTED ................................................................................. 14

    I.       LITIGATION PROCEDURES AND DEADLINES ....................... 14

    II.      MEDIATION PROCEDURES ............................................................. 16

    III.     SETTLEMENT AUTHORITY, STANDARDS, AND PROCEDURES .......... 17

REQUEST FOR HEARING................................................................................................ 20

NOTICE................................................................................................................................. 20

i

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*In re 110 Beaver St. P'ship*,
   355 Fed. Appx. 432 (1st Cir. 2009) ......................................................18

*In re Atl. Pipe Corp.*,
   304 F.3d 135 (1st Cir. 2002) ...............................................................17

*In re Ballard*,
   502 B.R. 311 (Bankr. S.D. Ohio 2013).................................................14

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992)................................................................18

*In re Indian Motocycle Co., Inc.*,
   289 B.R. 269 (B.A.P. 1st Cir. 2003) ....................................................18

*In re Jefferson Cty.*,
   Case No. 11-5736 (Bankr. N.D. Ala. Nov. 11, 2011), ECF No. 89 ........15

*Jeffrey v. Desmond*,
   70 F.3d 183 (1st Cir. 1995)l................................................................18

*Masonic Hall & Asylum v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*,
   2006 U.S. Dist. LEXIS 85691 (S.D.N.Y. Nov. 16, 2006) ......................18

*In re Nortel Networks Inc.*,
   Case No. 09-10138, 2011 WL 6013113 (Bankr. D. Del. Oct. 12, 2011) ..............19

*Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
   390 U.S. 414 (1968)...........................................................................18

*Robbins v. Fulton Bank, N.A.*,
   CV 17-2763, 2018 WL 1693386 (E.D. Pa. Apr. 6, 2018) ....................14

*In re Servisense.com, Inc.*,
   382 F.3d 68 (1st Cir. 2004)................................................................18

*In re Sosa*,
   443 B.R. 263 (Bankr. D.R.I. 2011) ....................................................16

*In re TALT (f.k.a. Tower Automotive, Inc.)*,
   Case Nos. 05-10578 ..........................................................................17

*In re Walker*,
   195 B.R. 187 (Bankr. D.N.H. 1996) ...................................................14

*In re Yacovi*,
    411 Fed. Appx. 342 (1st Cir. 2011) .................................................................18

**Statutes**

2 L.P.R.A. § 97 ....................................................................................................4

3 L.P.R.A. § 283h(a) ...........................................................................................5

Sections 544, 545, 547, and 548 of the Bankruptcy Code ..................................3

PROMESA Section 301 ................................................................................1,2,3

PROMESA Section 305 ........................................................................14, 19, 20

**Other Authorities**

Bankruptcy Rule 2002 ......................................................................................1, 3

Bankruptcy Rule 7016 ..................................................................................*passim*

Federal Rule of Bankruptcy Procedure 7004 ....................................................9

Federal Rule of Bankruptcy Procedure 9019 .............................................*passim*

Federal Rule of Civil Procedure 12 ..................................................................10

Federal Rule of Civil Procedure 26 ..................................................................10

Local Rule 83J(b) of the United States District Court for the District of Puerto
    Rico ................................................................................................................16

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[1] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), requesting entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Proposed Order"), (i) approving the Oversight Board's proposed litigation case management procedures which will apply to the litigation of certain avoidance actions filed on behalf of the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority (the "HTA"), and the Employees Retirement System of the Government of Puerto Rico (the "ERS"), commenced by the Oversight Board and the Committee, as listed in <u>Appendix I</u> to <u>Exhibit A</u> attached hereto and other avoidance actions that may be filed on behalf of the Puerto Rico Electric Power Authority ("PREPA")[2] or that may be otherwise filed at a later date; (ii) approving the settlement authority, procedures, and standards delineated herein; (iii) directing the Clerk of Court to re-issue the electronic summonses in the adversary proceedings listed in <u>Appendix I</u> so that the complaints may be served; and (iv) scheduling a hearing on this Motion

---

[1] 11 U.S.C. §§ 101 *et seq.*, as incorporated into these proceedings by PROMESA, defined above.

[2] If the Court grants this Motion, the Oversight Board and the Committee will file a Supplemental Appendix I to the Order denoting the PREPA avoidance actions, if any, that should be subject to the Order.

on a date that is not later than June 28, 2019.  Movants have filed this Motion in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical motions in numerous adversary proceedings.  In support of this Motion, Movants respectfully state as follows:

### PRELIMINARY STATEMENT

1.     To date, to preserve causes of action on behalf of the Title III debtors, the Oversight Board and the Committee have filed approximately 250 Avoidance Actions[3] after months of extensive investigation and review of the Title III pre-petition payment histories.

2.     The Oversight Board and the Committee are ready, willing, and eager to resolve the Avoidance Actions without proceeding to full or extensive litigation and without burdening the resources of this Court.  The Puerto Rican business community, too, wishes to resolve the Avoidance Actions informally and out-of-court.

3.     To facilitate and maximize the potential for the out-of-court resolution of the Avoidance Actions, the Oversight Board and the Committee request that this Court approve the Avoidance Action Procedures to ensure that all parties have (i) sufficient time to informally negotiate a resolution without the pressure of imminent litigation deadlines; (ii) a framework for the streamlined execution of Settlement Agreements; and (iii) procedures and guidelines for resolving the Avoidance Actions through a voluntary mediation process.

### JURISDICTION, VENUE, AND STATUTORY BASES

4.     The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

5.     Venue is proper pursuant to section 307(a) of PROMESA.

---

3    Capitalized terms used herein shall have the meanings ascribed to them herein.

2

6.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9006 and 9019.

## FACTUAL BACKGROUND

7.      On May 3, 2017 (the "Commonwealth Petition Date"), the Oversight Board initiated a Title III debt adjustment proceeding on behalf of the Commonwealth of Puerto Rico (the "Commonwealth Title III Case").  On May 21, 2017 (the "ERS and HTA Petition Date"), the Oversight Board initiated a Title III debt adjustment proceedings on behalf of ERS and HTA (respectively, the "ERS Title III Case" and the "HTA Title III Case").  On July 2, 2017 (the "PREPA Petition Date," and together with the Commonwealth Petition Date and the ERS and HTA Petition Date, the "Petition Dates"), the Oversight Board filed a Title III debt adjustment proceeding on behalf of PREPA (the "PREPA Title III Case").

8.      PROMESA empowers the Oversight Board to act as the representative of Puerto Rico, its agencies, and instrumentalities as debtor entities, assuming the role ordinarily granted to a chapter 9 debtor or trustee.  *See* PROMESA §§ 301, 315.  To that end, PROMESA empowers the Oversight Board to pursue avoidance actions under sections 544, 545, 547, 548, and 553 of the Bankruptcy Code.  *See* PROMESA § 301.

9.      The Oversight Board retained Brown Rudnick LLP as counsel to the SCC to assist the SCC in the investigation of potential insolvency-related claims (the "Avoidance Actions")[4].  To assist in this investigation, the Oversight Board retained the financial advisory firm DiCicco, Gulman, and Company, to assist Claims Counsel in its investigation (the "Financial Advisor").

10.     To investigate potential Avoidance Actions that the Title III debtors might hold, the Oversight Board, the Committee, and their respective professionals joined efforts in

---

[4]   Causes of action arising under sections 544, 545, 547, and 548 of the Bankruptcy Code.

3

examining the pre-petition payment histories of the Title III debtors as requested by the Committee in its *Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other Than COFINA, Concerning Potential Avoidance Actions*, ECF No. 4373 (the "2004 Examination"), which motion, was granted by this Court in December 2018. *See Order Granting Motion of Official Committee of Unsecured Creditors for Order, Under Bankruptcy Rule 2004, Authorizing Discovery of Title III Debtors, Other than COFINA, Concerning Potential Avoidance Actions*, ECF No. 4484.

11.    Pursuant to the Court's order, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") produced the 2004 Examination documents to the Oversight Board and the Committee.  The 2004 Examination production documents evidence of thousands of payments made by the Title III debtors.

12.    AAFAF produced the 2004 Examination documents and payment histories on a rolling basis from December 2018 to March 2019.  The Oversight Board, the Committee, and their respective professionals conducted an extensive review to determine whether the payments disclosed therein complied with Puerto Rico law or are otherwise voidable under Puerto Rico law and the Bankruptcy Code.

13.    The investigation suggested that several thousand payments made to several hundreds of vendors by the Title III debtors appeared to have been:

> i.    Paid in the ninety days preceding the Petition Dates and were not paid in the ordinary course of business, and were thus "preferential" as described in § 547 of the Bankruptcy Code;
>
> ii.   Paid in the absence of a contract that was duly registered with the Commonwealth's Office of the Controller in contravention of 2 L.P.R.A. § 97, thus rendering the payment *per se* recoverable under Puerto Rico law and additionally suggesting the respective Title III debtor did not receive "reasonably equivalent value" for the payment pursuant to §§ 544 and 548 of the Bankruptcy Code and Puerto Rico law; and/or

      iii.    Paid in excess of permitted amounts under a registered contract, in contravention of 3 L.P.R.A. § 283h(a), likewise rendering the payment recoverable and suggesting that the respective Title III debtor did not receive "reasonably equivalent value."

14.    Furthermore, the investigation of the Oversight Board, the Committee, and their respective professionals suggests that the payments described above appear to have been made at a time when the Title III debtors were insolvent as that term is defined in the Bankruptcy Code, and accordingly and for other reasons previously disclosed, may be recoverable pursuant to the Bankruptcy Code and Puerto Rico law.

15.    During the course of the investigation and as feasible under the circumstances, the Oversight Board contacted hundreds of potential defendants and proposed that they sign agreements to toll the statute of limitations for the filing of an Avoidance Action to allow the Oversight Board, the Committee, and each potential defendant to resolve consensually any potential Avoidance Action.  To date, approximately eighty-five tolling agreements have been executed, and additional agreements may be offered relating to potential PREPA Avoidance Actions.

16.    The Oversight Board has the duty to preserve causes of action on behalf of the Title III debtors and, therefore, filed approximately 250 Avoidance Actions on behalf of the Commonwealth, HTA, and ERS to date.  Additionally, the Oversight Board may initiate several Avoidance Actions on behalf of PREPA by July 1, 2019.

17.    Since the filing of the Avoidance Actions, the Puerto Rican business community, understandably concerned about the burden that the Avoidance Actions might cause on their businesses and lives, has urged that an informal, out-of-court resolution process will be the best means to resolve the Avoidance Actions.  Cognizant of these concerns, the Oversight Board, on May 31, 2019, launched an informal resolution process to resolve the Avoidance Actions out of court with minimal-to-no court intervention.

18.     The first phase of the informal resolution process contemplates that between now and December 2019, the Oversight Board and the Committee will act through their professionals "on the ground" in Puerto Rico to engage with defendants in exchanges of information.  In sum, the Oversight Board and the Committee will provide defendants information concerning their assessment of potential liability, and the defendants will have the opportunity to submit contracts, purchase orders, invoices, and other similar documents to substantiate the payments at issue (the "Information Exchange").[5]

19.     The Oversight Board and the Committee expect that the majority of claims may be resolved through the Information Exchange with minimal burden and costs to the defendants. During the Information Exchange, the Financial Advisors will, on a rolling basis, review and analyze all the documents a defendant submits, and provide a recommendation to counsel as to whether the information submitted demonstrates that a defendant's payments do not present the aforementioned indicia of liability.

20.     Next, the informal resolution contemplates that, if the Information Exchange does not result in dismissal of the Avoidance Action, a defendant will have the opportunity to settle the claim based on an assessment of defenses, the likelihood of success, and other factors.  For this purpose, the Oversight Board and the Committee request authority to enter in Settlement Agreements (as defined below) under the proposed Settlement Standards (as defined below) so that following the implementation of the procedures herein the parties may resolve their claims without further cost or delay.

21.     Only where the Information Exchange and settlement negotiations do not resolve an Avoidance Action does the informal resolution process contemplate mediation by the parties. For this reason, the Oversight Board and the Committee request approval of a mediation

---

[5]   For more information about the Information Exchange and the informal resolution process generally, please visit: https://cases.primeclerk.com/puertoricoavoidanceactions/Home-Index.

procedures framework that will largely allow the parties to structure and conform the mediation to their needs without the need for court intervention.

22.     Lastly, should the Information Exchange, the settlement negotiations, and mediation be unsuccessful in resolving the Avoidance Action, then the informal resolution process contemplates that litigation might be necessary.

23.     In an effort to minimize the burden on this Court's resources and to establish an efficient and effective resolution process, the proposed procedures are designed to (i) allow the parties a generous period of time for informal negotiations without pending litigation deadlines; (ii) provide the Oversight Board and the Committee a streamlined process for the execution of Settlement Agreements; and (iii) provide a mediation framework that will allow parties to engage in a voluntary mediation process.

## **RELIEF REQUESTED**

24.     The Oversight Board and the Committee request that this Court establish procedural guidelines that will govern potential out-of-court resolution of the Avoidance Actions and, if necessary, litigation of the Avoidance Actions (hereinafter the "Avoidance Action Procedures").

25.     The Avoidance Action Procedures will: (i) extend the defendants' time to answer or otherwise respond to the Avoidance Action complaints to allow the parties sufficient time to participate in the Information Exchange[6] (as defined above); (ii) establish deadlines and procedures for the filing of motions in the Avoidance Actions (should the Avoidance Actions proceed to litigation); (iii) establish settlement thresholds, standards, and procedures for the approval of settlements with the Avoidance Action defendants; and (iv) establish procedures and guidelines for voluntary mediation.

---

[6]    For the avoidance of doubt, this Motion does not seek approval of the Information Exchange process.

26.     The Oversight Board and the Committee respectfully submit that the implementation of the Avoidance Action Procedures will allow this Court to efficiently administer the Avoidance Actions and allow the parties a cost-effective means to resolve the Avoidance Actions.

## PROPOSED PROCEDURES

27.     The Oversight Board and the Committee respectfully request that the Court adopt and implement the following Avoidance Action Procedures:

### The Avoidance Action Procedures

**I.     Notice of Applicability**

i.     The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I and to the Avoidance Actions to be included, if necessary, in Supplemental Appendix I.

**II.     Litigation Procedures and Deadlines**

i.     *Service of Complaints and Other Pleadings*

a.     All answers, motions, oppositions, and replies (collectively, the "Pleadings") shall be filed with the Court in accordance with the *Ninth Amended Notice, Case Management and Administrative Procedures Order,* Case No. 17-3283-LTS, ECF, 7115-1 (the "Case Management Order"), as the Case Management Order may be supplemented, modified, or amended from time to time.  The Case Management Order is available at the following website: https://cases.primeclerk.com/puertorico/.

b.     Except for service of complaints (as described below), all Pleadings shall be served on (i) counsel of record by email; or where there is no counsel of record, (ii) on the defendant by certified mail or email, where the defendant has provided an email address in previous communications or negotiations with the Oversight Board.  In addition to (i) or (ii) of this paragraph (as applicable), all Pleadings shall be served on the Standard Parties as defined in the Case Management Order *and* the following:

Hon. Judith G. Dein
United States District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 6420

Boston, MA 02210
deindprcorresp@mad.uscourts.gov

c.  If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Court, the defendant shall notify the Oversight Board in writing at the address below and may thereafter serve the Oversight Board and the Committee via United States Mail.

Brown Rudnick LLP
Attn: Rosa Sierra, Esq.
One Financial Center
Boston, MA 02111

d.  In order to effectuate service of the complaints as described in subsection (e) below, the Clerk of Court for the United States District Court for the District of Puerto Rico shall re-issue each electronic summons previously issued in the Avoidance Actions listed in Appendix I by a date that is no later than three (3) days after the entry of an Order substantially in the form attached hereto as Exhibit A.

e.  Within seven days (7) days after the entry of an order substantially in the form attached hereto as Exhibit A, the Oversight Board and the Committee, in accordance with Federal Rule of Bankruptcy Procedure 7004, shall serve the Avoidance Action complaints and summonses for the cases listed in Appendix I along with the Order approving this Motion.

f.  The Oversight Board and the Committee shall serve the Order and the summons and complaint in each PREPA Avoidance Action, within seven (7) days of the issuance of a summons in each such action, and otherwise in accordance with Federal Rule of Bankruptcy Procedure 7004.

g.  Not later than fourteen days after the filing thereof, the Oversight Board and the Committee shall file with the Court a list of all PREPA Avoidance Actions ("Supplemental Appendix I"),[7] with respect to which the Order shall apply.

ii.  *Responses to Avoidance Action Complaints and Opposition Deadlines*

a.  Defendants shall file and serve an answer or response to the complaint in their respective Avoidance Actions not later than January 13, 2020 (the "Response Due Date").  If necessary, to allow for out-of-court

---

[7]  To the extent that any additional Avoidance Actions may be filed after the submission of Supplemental Appendix I, the Oversight Board and the Committee shall file additional Supplemental Appendices within fourteen (14) days of such filing, identifying all newly filed Avoidance Actions, which actions will likewise be subject to this order.

resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any party and upon approval by this Court.

b.  No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions.

c.  If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Oversight Board and the Committee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss by March 9, 2020; following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") by April 13, 2020.

d.  Notwithstanding the foregoing, nothing herein shall prevent parties from agreeing to, or the Court approving, any alternative briefing schedule for any responsive Pleading(s).[8]

iii.   *Discovery*

a.  To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is fourteen (14) days after the Response Due Date or fourteen (14) days after the equivalent deadline in an alternative briefing scheduling, the Oversight Board, the Committee and the defendant shall: (i) meet and confer by email or via telephone call as to a joint discovery schedule; and (ii) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.   Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

iv.   *Post-Discovery Motion Practice*

a.  To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions must be filed within thirty (30) days after the close of discovery.   Any opposition or other response to such motions shall be filed within thirty (30) days after such motion is filed.

---

[8]   For the avoidance of doubt, nothing herein shall supersede any joint stipulations concerning scheduling and briefing that the Oversight Board and the Committee may have entered into and filed as to a particular Avoidance Action listed in <u>Appendix I</u> prior to an Order approving the Avoidance Action Procedures.

v.     *Hearings*

    a.  All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); *provided*, *however*, that a party may request a hearing on an any other date, and such request may be granted by this Court, for good cause shown.

    b.  The Oversight Board and the Committee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17-3283) and emailed to <u>deindprcorresp@mad.uscourts.gov</u>.

vi.    *Trial*

    a.  If necessary, any trial concerning the Avoidance Actions shall occur on a date that is agreed upon in a joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

## III.    <u>Mediation Procedures</u>

i.     *Voluntary*

    a.  Before litigation of the Avoidance Actions as detailed in section II above, the parties may, by agreement, choose to mediate an Avoidance Action in accordance with the mediation procedures set forth herein.

    b.  If the parties choose to mediate the Avoidance Action before litigation of the Avoidance Action, the Oversight Board, the Committee, and the defendant shall file a joint stipulation signed by all parties reflecting that the parties have agreed to mediate the Avoidance Action. If the parties elect to participate in mediation, the joint stipulation reflecting such election shall be filed at any time prior to the Response Due Date. If the mediation process does not resolve the Avoidance Action, the Response Due Date shall be a date that is thirty (30) days following the conclusion of the mediation (as described below). Thereafter, the parties shall proceed to litigate in accordance with the procedures specified in sections II.ii.c. and d., II.iii.a., and III.iv.a.

ii.    *Selection of Mediators*

    a.  Within seven (7) days after the filing of the joint stipulation referenced in the preceding paragraph, the Oversight Board, the Committee, and the defendant shall meet and confer to choose a mediator. The parties have discretion in choosing the mediator and nothing herein should be

11

construed as limiting that discretion.  In the event the parties cannot agree on a mediator, the Oversight Board shall choose the mediator from a roster of retired Puerto Rico state court judges.

b.  Within fourteen (14) days after the filing of the joint stipulation referenced in III.i.b., the parties shall jointly file a "Notice of Mediator Selection" indicating the (i) name of the mediator; (ii) which party will be responsible for compensating the mediator; (iii) a certification that the mediator has accepted the designation; and (iv) a date by when the parties expect to complete mediation.

iii.    *Mediation*

a.  Within seven (7) days after the filing of the Notice of Mediator Selection, the parties shall jointly contact the mediator to discuss the mediation and schedule a first mediation session that is within thirty (30) days after the filing of the Notice of Mediator Selection.  At the completion of the first session, the mediator may schedule additional mediation sessions at a time and place agreed to by the parties.

b.  Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement.

c.  Within ninety (90) days after the Notice of Mediator Selection is filed, the parties shall file a joint status report advising the court of the following:

(a)    Whether the parties have resolved the Avoidance Action; or

(b)    Whether further mediation will not be useful.

If the parties represent that further mediation will not be useful, the parties can litigate the respective Avoidance Action.

## IV.    Settlement Authority, Standards, and Procedures

i.    *Authority*

a.  Subject to the standards and procedures set forth below, the Oversight Board and the Committee may enter into written settlement agreements (the "Settlement Agreements") with defendants, which agreements shall be enforceable and effective as provided below.

ii.  *Mandatory Settlement Standards*

    a.  Any Settlement Agreements executed by the Oversight Board pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

        (a)  The Oversight Board and the Committee will provide general, mutual releases to each other relating to, or arising out of, the Avoidance Action.

        (b)  The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

        (c)  The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

        (d)  The Oversight Board and the Committee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated.

        (e)  The Oversight Board and the Committee will have the authority to settle without further order of the Court any Avoidance Action with a face amount of up to $10 million.

iii.  *The Settlement Procedures*

    a.  Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is ten million dollars ($10,000,000) or less, any Settlement Agreement shall be enforceable without further notice, hearing, or Court approval.

    b.  Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is $10,000,001 or more, the Oversight Board and the Committee will file with this Court in the Commonwealth docket (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

        (a)  The dollar amount of the settlement; and

        (b)  The face value of the amount sought to be avoided and recovered in the applicable Avoidance Action complaint without identifying the Avoidance Action adversary proceeding number.

    c.  If no objection to the Notice of Settlement is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the

filing, the Settlement Agreement will automatically become effective and binding on the parties.

d.  If an objection is filed pursuant to paragraph (c) above, the Oversight Board and the Committee shall file a response to the objection within fourteen (14) of filing the objection.  Thereafter, the Court shall in its discretion determine if a hearing on the objection is necessary.

**BASIS FOR RELIEF REQUESTED**

28.     This Court has authority to approve, adopt, and implement the Avoidance Action Procedures pursuant to section 105(a) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7016 and 9019, and PROMESA Section 305.

**I.      Litigation Procedures and Deadlines**

29.     Concerning the Litigation Procedures and Deadlines, Federal Rule of Bankruptcy Procedure 7016(a) authorizes a court to enter orders intended to promote judicial economy and efficiency.   Specifically, orders that expedite disposition of an action, establish early and continuing control, and discourage wasteful activities may be entered by a court. Fed. R. Bankr. P. 7016(a).

30.     Furthermore, section 105(a) of the Bankruptcy Code provides that the "court may issue *any* order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (emphasis added); *see Robbins v. Fulton Bank, N.A.*, CV 17-2763, 2018 WL 1693386, at *6 (E.D. Pa. Apr. 6, 2018) (noting that section 105(a) reiterates court's inherent power to manage litigation); *In re Ballard*, 502 B.R. 311, 322 (Bankr. S.D. Ohio 2013) (noting that through section 105(a) Congress made sure that bankruptcy courts had the tools necessary to manage the litigation before them); *In re Walker,* 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting that courts have inherent power to manage pending litigation).

31.     Moreover, courts have entered similar case management orders in order to facilitate administration of large cases or large volumes of avoidance actions because this is a

prudent approach to such litigation.  *See Order Granting Debtors' Amended Motion For Order Pursuant To Bankruptcy Code Sections 102 And 105, Bankruptcy Rules 1015, 2002, 9007, And 9036, And Local Bankruptcy Rule 2002 Authorizing The Establishment Of Certain Notice, Case Management, And Administrative Procedures, In re SunEdison, Inc*., Case No. 16-10992 (Bankr. S.D.N.Y. May 20, 2016), ECF 360; *Order (I) Approving Case Management Procedures, (II) Approving The Notice Thereof, and (III) Granting Related Relief, In re Caesars Entertainment Operating Company, Inc., et al,* Case No. 15-01145 (ABG) (Bankr. N. D. Ill. 2015), ECF No. 18; *Order Pursuant To Bankruptcy Code Section 105(A) And Bankruptcy Rule 1015(C) And 9007, Implementing Certain Notice And Case Management Procedures, In re GT Advanced Techs.*, Case No. 14-11916 (Bankr. D. N.H. Oct. 9, 2014), ECF No. 83; *Order Establishing Notice, Service, And Case Management Procedures Pursuant To 11 U.S.C. §§ 102(1)(A) And 105(A) And Bankruptcy Rule 2002(M), In re Jefferson Cty*., Case No. 11-5736 (Bankr. N.D. Ala. Nov. 11, 2011), ECF No. 89; *See Order Establishing Certain Notice, Case Management, and Administrative Procedures, In re R&G Financial Corp*., Case No. 10-04124 (Bankr. D.P.R. Nov. 15, 2011), ECF No. 59*; Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order, In re Bernard L. Madoff,* Case No. 08-01789 (SMB) (Bankr. S.D.N.Y. 2010), ECF No. 3141*; Amended Order Establishing Certain Notice, Case Management, And Administrative Procedures, In re UTGR, Inc.*, No. 09-12418, (Bankr. D.R.I. Oct. 06, 2009), ECF No. 337.

32.    Without such orders, the large volume of litigation often seen in complex bankruptcy cases would be unwieldy.  Indeed, this Court, too, recognizes the necessity of such orders.  *See Order (A) Imposing And Rendering Applicable Local Bankruptcy Rules To These Title III Cases, (B) Authorizing Establishment Of Certain Notice, Case Management, And Administrative Procedures, And (C) Granting Related Relief*, Case No. 17-3283, ECF No. 249.

15

33.     Finally, approval of the Litigation Procedures and Deadlines will allow the parties to participate in the Information Exchange and resolve the Avoidance Actions without the pressure of imminent litigation deadlines and the need to pay costly counsel fees.  Approval of the Litigation Procedures and Deadlines will also conserve court resources.

34.     Therefore, the Oversight Board and the Committee assert that this Court's adoption of the Litigation Procedures and Deadlines will maximize the potential for consensual and amicable resolution of the Avoidance Actions.

## II.     **Mediation Procedures**

35.     Although not applicable in this case, Local Rule 83J(b) of the United States District Court for the District of Puerto Rico is persuasive authority for the proposition that parties are encouraged to mediate their disputes rather than overburden the court with litigation. Rule 83J(b) expressly authorizes this Court to order mediation where the parties have elected to proceed to mediation; it provides "a case may be selected for mediation . . . by the stipulation of all parties to a case."  Mediation is a more relaxed and less costly alternative to litigation for parties that desire to resolve the Avoidance Actions without the need for litigation and depletion of this Court's resources.

36.     Here, the Oversight Board and the Committee wish to resolve the Avoidance Actions with minimal disruption of the defendants' businesses.  Accordingly, pre-approval of the Mediation Procedures framework will provide defendants with certainty that an alternative method to litigation of the Avoidance Actions exists if the Information Exchange does not lead to resolution of the Avoidance Actions.  Mediation is not mandatory and nothing herein prevents defendants who prefer to litigate from doing so.

37.     Mediation orders have been entered in other cases as a means to encourage parties to resolve their disputes without litigation. *See In re Sosa*, 443 B.R. 263, 267 (Bankr. D.R.I.

2011) (noting that Rule 7016 provides authority for court mandated mediation programs); *In re Atl. Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002) (holding that "it is within a district court's inherent power to order [*even*] non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice") (emphasis added); *see also Order (1) Establishing Litigation Case Management Procedures For Avoidance Actions And (2) Amending The February 16, 2010 Protective Order, In re Bernard L. Madoff*, Case No. 08-01789 (SMB) (Bankr. S.D.N.Y. 2010), ECF No. 3141; *Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought By Eugene I. Davis, As Litigation Trustee For The Quebecor World Litigation Trust, Pursuant To Sections 502, 547, 548, 549 And 550 Of The Bankruptcy Code And Extending The 120-Day Time Limit For Service Of The Summonses And Complaints, Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust v. Defendants Listed on Exhibit "A" (In re Quebecor World (USA), Inc., et al.)*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. 2010), ECF No. 3935; *Order Establishing Mediation Procedures Governing All Adversary Proceedings Brought Pursuant To 11 U.S.C. § 547, In re TALT (f.k.a. Tower Automotive, Inc.)*, Case Nos. 05-10578 through 05-10601 (ALG) (Bankr. S.D.N.Y. 2009), ECF No. 3307.

38.     Therefore, the Oversight Board and the Committee respectfully submit that the Court has ample authority and justification for approving the voluntary and facilitative Mediation Procedures.

### III.     Settlement Authority, Standards, and Procedures

39.     In addition to a court's broad powers under section 105(a) of the Bankruptcy Code as described above, Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Federal Rule of Bankruptcy Procedure 9019(b), in turn, provides that "[a]fter a

hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."

40.    In order to approve a compromise or settlement under Rule 9019, a court must find that a trustee's proposed settlement is fair and equitable, reasonable and in the best interest of a debtor's estate.  *See In re Yacovi,* 411 Fed. Appx. 342, 347 (1st Cir. 2011); *Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

41.    To aid in that determination, courts consider whether the settlement falls below the lowest point in the range of reasonableness.  *See Allied Waste Serves. Of Mass., LLC (In re Am. Cartage, Inc.),* 656 F.3d 82, 92 (1st Cir. 2011); *In re Servisense.com, Inc*., 382 F.3d 68, 71 (1st Cir. 2004); *Masonic Hall & Asylum v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006).

42.    A court should consider the following factors in determining whether a settlement falls within the range of reasonableness:

        i.      likelihood of success in the litigation;

        ii.     the complexity of the litigation and respective expense;

        iii.    the difficulty to collect; and

        iv.    the best interest of creditors.

*In re Indian Motocycle Co., Inc.,* 289 B.R. 269, 282 (B.A.P. 1st Cir. 2003); *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995)l; *In re Drexel Burnham Lambert Group, Inc*., 960 F.2d 285, 292 (2d Cir. 1992).  "In applying these factors, the trustee is accorded a significant range of discretion in the prudent exercise of business judgment." *In re 110 Beaver St. P'ship*, 355 Fed. Appx. 432, 436 (1st Cir. 2009).

43.     Furthermore, PROMESA endorses the principle that a Title III debtor is afforded wide discretion in administering its property in a manner that is consistent with PROMESA's objectives.  *See* PROMESA § 305 ("Subject to the limitations set forth in subchapters I and II of this chapter, notwithstanding any power of the court, unless the Oversight Board consents or the plan so provides, the court may not, by any stay, order, or decree, in the case or otherwise, interfere with . . .  (2) any of the property or revenues of the debtor.")

44.     Courts have granted settlement procedures in large volume cases such as the present one.  *See Agreed Order (I) Approving Procedures for Settling Certain Claims and Causes of Action Brought by or Against the Debtors, and (II) Granting Related Relief, In re Caesars Entertainment Operating Company, Inc., et al,* Case No. 15-01145 (ABG) (Bankr. N. D. Ill. 2015), ECF No. 996*; In re Nortel Networks Inc.,* Case No. 09-10138, 2011 WL 6013113 (Bankr. D. Del. Oct. 12, 2011)*; Order Pursuant To Section 105(A) Of The Bankruptcy Code And Rules 2002 And 9019 Of The Federal Rules Of Bankruptcy Procedure Granting Authority And Establishing Procedures For Settlement Agreements In Connection With Avoidance Actions Filed By The Trustee, In re Bernard L. Madoff,* Case No. 08-01789 (SMB) (Bankr. S.D.N.Y. 2010), ECF No. 3181.

45.     Here, the Settlement Standards and the Settlement Procedures will ensure that the Settlement Agreements fall within the range of reasonableness and can be reached with a particular defendant in an expedient manner.  The Oversight Board and the Committee will consider all relevant circumstances in deciding whether to enter into a Settlement Agreement, such as: the merit of the defendant's defenses, the role of the Commonwealth government in the Oversight Board's and the Committee's inability to verify pre-Petition Dates payments to the defendant, the hardship that litigation may pose on the defendant, and the Oversight Board's

likelihood of success at trial. These assessments should be afforded wide discretion pursuant to case law interpreting Rule 9019 and PROMESA Section 305.

46.     It would not be efficient for the Oversight Board and the Committee to file a motion every time they negotiate a reasonable Settlement Agreement.  Such a requirement would be costly and onerous to defendants as well.  Furthermore, to minimize disruption to the defendants' businesses due to inaccurate reporting, the Oversight Board and the Committee believe that the Settlement Agreements should, in the first instance, not be disclosed.  Where the Settlement Agreement pertains to an Avoidance Action seeking to avoid recover a significant amount of funds (over $10,000,000), the Settlement Procedures afford interested parties an opportunity to object, and as necessary, obtain more information about the Settlement Agreement.

47.     Therefore, the Oversight Board and the Committee respectfully request that this Court approve the Settlement Standards and Settlement Procedures.

### **REQUEST FOR HEARING**

48.     Pursuant to Federal Rules of Bankruptcy Procedure 9006(d) and 2002(a)(3), the Oversight Board and the Committee hereby request that a hearing on this Motion be scheduled for June 28, 2019, at the latest, to consider any objections, joinders, replies or comments by this Court to this Motion.

### **NOTICE**

49.     The Oversight Board has provided notice of this Motion to: (i): the Chambers of the Honorable Laura Taylor Swain; (ii) the Chambers of the Honorable Magistrate Judge Judith G. Dein; (iii) the Office of the United States Trustee for Region 21; (iv) AAFAF; (v) counsel for AAFAF; (vi) counsel for the Oversight Board; (vii) Counsel for the Creditors' Committee; (viii) Counsel for the Retiree Committee; (ix) the entities listed on the List of Creditors Holding the 20

Largest Unsecured Claims in COFINA's Title III case; (x) counsel to any other statutory committee appointed in these Title III Cases; and (xi) the defendants listed in <u>Appendix I</u> through their counsel, if known, or through their Resident Agent.

      WHEREFORE, Movants respectfully request that this Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested herein and granting Movants such other relief as this court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: June 7, 2019

Respectfully submitted,

*/s/ Edward S. Weisfelner*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. (*Pro Hac Vice*)
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured
Creditors for all Title III Debtors (other than
COFINA) in Certain of the Avoidance Actions*

*/s/ John Arristia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official
Committee of Unsecured Creditors*

*/s/ Alberto Estrella*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the
Financial Oversight and Management Board, acting by
and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR
306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured
Creditors (other than COFINA)*

23

**<u>EXHIBIT A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO,<br><br>          as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>          Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE
MEMBERS OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION
CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR
<u>APPROVAL OF SETTLEMENTS</u>**

Upon the motion dated June 7, 2019 (the "Motion") of the Oversight Board, acting  by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and opposition thereto and having heard the statements of counsel at the hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted; and it is further

**ORDERED** that the Avoidance Action Procedures attached hereto as Appendix II are adopted and shall govern the Avoidance Actions listed in Appendix I, as amended or supplemented; and it is further

**ORDERED** that the Oversight Board and the Committee are hereby granted authority to enter Settlement Agreements with the Avoidance Action defendants listed in Appendix I, as amended or supplemented, and to grant releases to such defendants in connection therewith without further Court approval, subject to the Settlement Standards and Settlement Procedures set forth in Appendix II; and it is further

**ORDERED** that the defendants who entered into Settlement Agreements shall remain subject to this Court's jurisdiction with respect to enforcement of the Settlement Agreement; and is further

**ORDERED** that the Clerk of Court shall re-issue the electronic summonses in the Avoidance Actions listed in Appendix I; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to this the interpretation and implementation of this Order.

Dated: June [*], 2019.

_____
Honorable Judith G. Dein
United States Magistrate Judge

## **Appendix I**

**APPENDIX I**

| Defendant | Adversary Proceeding No. |
|---|---|
| 800 Ponce de Leon Corp. | 19-00064 |
| A C R Systems | 19-00057 |
| A New Vision In Educational Services and Materials, Inc. | 19-00061 |
| Abacus Educational Services, Corp. | 19-00045 |
| Abbvie Corp. | 19-00107 |
| Academia CEIP | 19-00052 |
| Action To Build Changes Corp. | 19-00047 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00058 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00347 |
| Alejandro Estrada Maisonet | 19-00059 |
| Alfa y Omega | 19-00350 |
| Alpha Guards Management Inc. | 19-00041 |
| Amar Educational Services Inc. | 19-00066 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| America Aponte & Assoc. Corp. | 19-00069 |
| Apex General Contractors LLC | 19-00062 |
| Arcos Dorados Puerto Rico LLC | 19-00070 |
| Arieta & Son Assurance Corporation | 19-00074 |
| Arieta & Son Assurance Corporation | 19-00352 |
| Armada Productions Corp. | 19-00076 |
| Asociacion Azucarera Cooperativa Lafayette | 19-00077 |
| Atkins Caribe, LLP | 19-00349 |
| Avant Technologies of Puerto Rico Inc. | 19-00079 |
| Avanzatec LLC | 19-00080 |
| Badillo Saatchi & Saatchi, Inc. | 19-00083 |
| Barreras, Inc. | 19-00085 |
| Beanstalk Innovation Puerto Rico LLC | 19-00087 |
| BI Incorporated | 19-00089 |
| Bianca Conventon Center, Inc. | 19-00072 |
| Bio-Medical Applications of Puerto Rico, Inc. | 19-00271 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Cabrera & Ramos Transporte, Inc. | 19-00094 |
| Campofresco, Corp. | 19-00073 |
| Caribbean City Builders, Inc. | 19-00097 |
| Caribbean Data System, Inc. | 19-00078 |
| Caribbean Educational Services, Inc. | 19-00098 |
| Caribbean Restaurant Inc. | 19-00099 |
| Caribbean Temporary Services, Inc. | 19-00104 |
| Caribe Grolier, Inc. | 19-00051 |
| Caribe Tecno, Inc. | 19-00105 |
| Carnegie Learning, Inc. | 19-00108 |
| Carvajal Educacion, Inc. | 19-00111 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Casa Grande Interactive Communications, Inc. | 19-00275 |
| Case Solutions, LLC | 19-00115 |
| CCHPR Hospitality, Inc | 19-00116 |
| Centro Avanzado Patologia & Terapia del Habla, Inc. | 19-00118 |
| Centro de Desarrollo Academico, Inc. | 19-00053 |
| Centro de Patologia del Habla Y Audicion LLC | 19-00121 |
| Centro Medico del Turabo, Inc. | 19-00136 |
| Centro Psicologico del Sur Este P.S.C. | 19-00140 |
| Centro Sicoterapeutico Multidisciplinario Incorporado | 19-00142 |
| Chelo's Auto Parts | 19-00144 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Clinica Terapeutica del Norte Inc. | 19-00146 |
| Com Est Elec Y/O Francheska Ortiz Bonnet | 19-00147 |
| Community Cornerstones, Inc. | 19-00043 |
| Comprehensive Health Service, Inc. | 19-00082 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Corporate Research and Training, Inc. | 19-00151 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| CSA Architects & Engineers, LLP | 19-00153 |
| Datas Access Communication Inc. | 19-00156 |
| Desarrollo Comunicologico de Arecibo Inc. | 19-00158 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Blanco, Inc. | 19-00163 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Eastern America Insurance Agency, Inc. | 19-00279 |
| Ecolift Corporation | 19-00172 |
| Ediciones Santillana, Inc. | 19-00173 |
| Editorial Panamericana, Inc. | 19-00174 |
| EDN Consulting Group, LLC | 19-00176 |
| Educational Consultants, P.S.C. | 19-00177 |
| Educational Development Group Inc. | 19-00101 |
| Educree: Consultores Educativos Inc. | 19-00110 |
| Eje Puerto Rico, Inc. | 19-00272 |
| Elias E Hijos, Inc. | 19-00126 |
| Empresas Arr Inc. | 19-00084 |
| Empresas Loyola, Inc. | 19-00086 |
| Encanto Restaurants, Inc. | 19-00132 |
| Enterprise Services Caribe, LLC | 19-00060 |
| Estrada Bus Line, Inc. | 19-00090 |
| Estudio Tecnicos, Inc. | 19-00264 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Evertec, Inc. | 19-00044 |
| Excalibur Technologies Corp. | 19-00139 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| First Hospital Panamericano, Inc. | 19-00093 |
| Forcelink Corp. | 19-00096 |
| FP + 1, LLC | 19-00148 |
| Fridma Corporation | 19-00100 |
| Fusion Works, Inc. | 19-00154 |
| Gam Realty, LLC | 19-00159 |
| General Investment LLC | 19-00169 |
| Gersh International PR, LLC | 19-00171 |
| GF Solutions, Inc. | 19-00063 |
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| Gonzalez Padin Realty Company, Inc. | 19-00175 |
| Grainger Caribe, Inc. | 19-00270 |
| Great Educational Services Corporation | 19-00277 |
| Gui-Mer-Fe Inc. | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Huellas Therapy Corp. | 19-00065 |
| I.D.E.A., Inc. | 19-00268 |
| Innovative Solutions Inc | 19-00046 |
| Institucion Educativa Nets, LLC | 19-00067 |
| Integra Design Group PSC | 19-00191 |
| Intelutions, Inc. | 19-00194 |
| International Business Machines Corporation | 19-00198 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| Isla Lab Products, LLC | 19-00211 |
| J. Jaramillo Insurance, Inc. | 19-00071 |
| J.F. Educational Services Inc. | 19-00217 |
| JLM Transporte, Inc. | 19-00221 |
| Johnjavi Corporation | 19-00106 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Kelly Services Puerto Rico | 19-00109 |
| Kelly Services, Inc. | 19-00113 |
| Kid's Therapy Services, Inc. | 19-00120 |
| L.L.A.C., Inc. | 19-00122 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Law Offices Wolf Popper P.S.C. | 19-00236 |
| Learning Alliance LLC | 19-00123 |
| Leslie Rubero Multi Services | 19-00241 |
| Light Gas Corporation | 19-00248 |
| Linkactiv, Inc. | 19-00250 |
| LS Innovative Education Center, Inc. | 19-00252 |
| Luz M. Carrasquillo Flores | 19-00124 |
| Macam S.E. | 19-00255 |
| Malgor & Co. Inc. | 19-00257 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |
| Mangual's Office Cleaning Service Inc. | 19-00278 |
| Manpower | 19-00088 |
| Mapfre PRAICO Insurance Company | 19-00259 |
| Margarita Hurtado Arroyo | 19-00260 |
| MC-21 LLC | 19-00262 |
| MCZY Bus Services Inc. | 19-00261 |
| Mendez & Co. Inc. | 19-00263 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Metro Center Associates | 19-00234 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| MMM Healthcare, Inc. | 19-00095 |
| Mudanzas Torres, Inc. | 19-00240 |
| Multi Clean Services Inc. | 19-00244 |
| N. Harris Computer Corporation | 19-00102 |
| National College of Business and Technology Company, Inc. | 19-00246 |
| National Copier & Office Supplies, Inc. | 19-00251 |
| Nelson D. Rosario Garcia | 19-00125 |
| Netwave Equipment Corp. | 19-00253 |
| Next Level Learning, Inc. | 19-00129 |
| Nexvel Consulting LLC | 19-00131 |
| NIBA International Corp. | 19-00254 |
| NTT Data Eas, Inc. | 19-00256 |
| O'Neill Security & Consultant Serv Inc. | 19-00258 |
| Oracle Caribbean, Inc. | 19-00112 |
| Panaderia La Sevillana, Inc. | 19-00233 |
| Paso A Paso: Centro Interdisciplinario del Aprendizaje, Inc. | 19-00237 |
| PDCM Associates, SE | 19-00242 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| People Television, Inc. | 19-00135 |
| Perfect Cleaning Services, Inc. | 19-00249 |
| Physician HMO Inc. | 19-00178 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Ponce de Leon Gun Shop Inc. | 19-00179 |
| Populicom, Inc. | 19-00180 |
| Postage By Phone Reserve Account | 19-00181 |
| Printech, Inc. | 19-00119 |
| Procesos de Informatica, Inc. | 19-00185 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Professional Records and Information Management, Inc. | 19-00190 |
| Promotions & Direct, Inc. | 19-00192 |
| Prospero Tire Export, Inc. | 19-00196 |
| Providencia Cotto Perez | 19-00137 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| R. Cordova Trabajadores Sociales C S P | 19-00138 |
| Rafael Hernandez Barreras | 19-00201 |
| Ramirez Bus Line Inc. | 19-00203 |
| Ramon E. Morales dba Morales Distributors | 19-00141 |
| Rancel Bus Service, Inc. | 19-00206 |
| Raylin Bus Line Corp. | 19-00208 |
| Raymond Rivera Morales | 19-00212 |
| Reliable Health Services Corp. | 19-00216 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricardo Estrada Maisonet | 19-00227 |
| Ricoh Puerto Rico, Inc. | 19-00128 |
| Rock Solid Technologies, Inc. | 19-00230 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S & L Development S.E. | 19-00243 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Sabiamed Corporation | 19-00274 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Semper Innova Corporation | 19-00247 |
| Service Group Consultant Inc. | 19-00204 |
| Servicio de Transportacion Juan Carlos Inc. | 19-00205 |
| Servicios Profesionales Integrados a la Salud, Inc. | 19-00207 |
| Sesco Technology Solutions, LLC | 19-00162 |
| Sign Language Interpreters, Inc. | 19-00210 |
| Skanska USA Building Inc. | 19-00351 |
| SSM & Associates, Inc. | 19-00213 |
| St. James Security Services, LLC | 19-00145 |
| Sucn Oscar Rodriguez Crespo | 19-00165 |
| Suiza Dairy Corporation | 19-00215 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Suzuki del Caribe, Inc. | 19-00219 |
| T R C Companies | 19-00168 |
| Tactical Equipment Consultants, Inc. | 19-00222 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| Tatito Transport Service Inc. | 19-00224 |
| TEC Contractors, LLC | 19-00050 |
| Telefonica Larga Distancia de Puerto Rico, Inc. | 19-00226 |
| The Boston Consulting Group, Inc. | 19-00228 |
| Tito Ramirez Bus Service Inc. | 19-00231 |
| Total Petroleum Puerto Rico Corp. | 19-00114 |
| Transcore Atlantic, Inc. | 19-00348 |
| Transporte Sonnel Inc. | 19-00149 |
| Transporte Urbina Inc. | 19-00170 |
| Trinity Metal Roof and Steel Structure Corp. | 19-00187 |
| Truenorth Corp. | 19-00160 |
| Union Holdings, Inc. | 19-00189 |
| Universal Care Corp. (Unicare) | 19-00193 |
| Value Sales Corporation | 19-00195 |
| Vazquez Y Pagan Bus Line, Inc. | 19-00197 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |
| VMC Motor Corp. | 19-00166 |
| Wal-Mart Puerto Rico Inc. | 19-00267 |
| West Corporation | 19-00353 |
| WF Computer Services, Inc. | 19-00200 |
| William Rivera Transport Service Inc. | 19-00209 |
| Wynndalco Enterprises, LLC | 19-00214 |
| Xerox Corporation | 19-00218 |

63418137 v1

**<u>Appendix II</u>**

**Appendix II**

**The Avoidance Action Procedures**

I.   **Notice of Applicability**

    i.    The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I and to the Avoidance Actions to be included, if necessary, in Supplemental Appendix I.

II.   **Litigation Procedures and Deadlines**

    i.    *Service of Complaints and Other Pleadings*

    a.  All answers, motions, oppositions, and replies (collectively, the "Pleadings") shall be filed with the Court in accordance with the *Ninth Amended Notice, Case Management and Administrative Procedures Order,* Case No. 17-3283-LTS, ECF, 7115-1 (the "Case Management Order"), as the Case Management Order may be supplemented, modified, or amended from time to time.  The Case Management Order is available at the following website: https://cases.primeclerk.com/puertorico/.

    b.  Except for service of complaints (as described below), all Pleadings shall be served on (i) counsel of record by email; or where there is no counsel of record, (ii) on the defendant by certified mail or email, where the defendant has provided an email address in previous communications or negotiations with the Oversight Board.  In addition to (i) or (ii) of this paragraph (as applicable), all Pleadings shall be served on the Standard Parties as defined in the Case Management Order *and* the following:

        Hon. Judith G. Dein
        United States District Court, District of Massachusetts
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 6420
        Boston, MA 02210
        deindprcorresp@mad.uscourts.gov

    c.  If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Court, the defendant shall notify the Oversight Board in writing at the address below and may thereafter serve the Oversight Board and the Committee via United States Mail.

Brown Rudnick LLP
Attn: Rosa Sierra, Esq.
One Financial Center
Boston, MA 02111

d. In order to effectuate service of the complaints as described in
subsection (e). below, the Clerk of Court for the United States District
Court for the District of Puerto Rico shall re-issue each electronic
summons previously issued in the Avoidance Actions listed in
Appendix I by a date that is no later than three (3) days after the entry
of an Order approving and adopting these Avoidance Action
Procedures.

e. Within seven days (7) days after the entry of an order approving the
Avoidance Action Procedures, the Oversight Board and the
Committee, in accordance with Federal Rule of Bankruptcy Procedure
7004, shall serve the Avoidance Action complaints and summonses for
the cases listed in Appendix I along with the Order approving this
Motion.

f. The Oversight Board and the Committee shall serve the Order and the
summons and complaint in each PREPA Avoidance Action, within
seven (7) days of the issuance of a summons in each such action, and
otherwise in accordance with Federal Rule of Bankruptcy Procedure
7004.

g. Not later than fourteen days after the filing thereof, the Oversight
Board and the Committee shall file with the Court a list of all PREPA
Avoidance Actions ("Supplemental Appendix I"),[1] with respect to
which the Order shall apply.

ii. *Responses to Avoidance Action Complaints and Opposition Deadlines*

a. Defendants shall file and serve an answer or response to the complaint
in their respective Avoidance Actions not later than January 13, 2020
(the "Response Due Date"). If necessary, to allow for out-of-court
resolution of the Avoidance Actions, the Response Due Date may be
extended by further motion of any interested party and upon approval
by this Court.

b. No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will
be held in the Avoidance Actions.

---

[1] To the extent that any additional Avoidance Actions may be filed after the submission of Supplemental
Appendix I, the Oversight Board and the Committee shall file additional Supplemental Appendices within
fourteen (14) days of such filing, identifying all newly filed Avoidance Actions, which actions will likewise be
subject to this order.

c.  If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Oversight Board and the Committee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss by March 9, 2020; following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") by April 13, 2020.

d.  Notwithstanding the foregoing, nothing herein shall prevent parties from agreeing to, or the Court approving, any alternative briefing schedule for any responsive Pleading(s).[2]

iii.   *Discovery*

a.  To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is fourteen (14) days after the Response Due Date or fourteen (14) days after the equivalent deadline in an alternative briefing scheduling, the Oversight Board, the Committee and the defendant shall: (i) meet and confer by email or via telephone call as to a joint discovery schedule; and (ii) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.   Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

iv.   *Post-Discovery Motion Practice*

a.  To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions must be filed within thirty (30) days after the close of discovery.   Any opposition or other response to such motions shall be filed within thirty (30) days after such motion is filed.

v.   *Hearings*

a.  All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); *provided*, *however*, that a party may request a hearing on

---

[2]   For the avoidance of doubt, nothing herein shall supersede any joint stipulations concerning scheduling and briefing that the Oversight Board and the Committee may have entered into and filed as to a particular Avoidance Action listed in <u>Appendix I</u> prior to an Order approving the Avoidance Action Procedures.

an any other date, and such request may be granted by this Court, for good cause shown.

    b.  The Oversight Board and the Committee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17-3283) and emailed to deindprcorresp@mad.uscourts.gov.

vi.   *Trial*

    a.  If necessary, any trial concerning the Avoidance Actions shall occur on a date that is agreed upon in a joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

## III.   **Mediation Procedures**

i.   *Voluntary*

    a.  Before litigation of the Avoidance Actions as detailed in section II above, the parties may, by agreement, choose to mediate an Avoidance Action in accordance with the mediation procedures set forth herein.

    b.  If the parties choose to mediate the Avoidance Action before litigation of the Avoidance Action, the Oversight Board, the Committee, and the defendant shall file a joint stipulation signed by all parties reflecting that the parties have agreed to mediate the Avoidance Action. If the parties elect to participate in mediation, the joint stipulation reflecting such election shall be filed at any time prior to the Response Due Date or equivalent date in an alternative briefing schedule. If the mediation process does not resolve the Avoidance Action, the Response Due Date shall be a date that is thirty (30) days following the conclusion of the mediation (as described below). Thereafter, the parties shall proceed to litigate in accordance with the procedures specified in sections II.ii.c. and d., II.iii.a., and III.iv.a.

ii.   *Selection of Mediators*

    a.  Within seven (7) days after the filing of the joint stipulation referenced in the preceding paragraph, the Oversight Board, the Committee, and the defendant shall meet and confer to choose a mediator. The parties have discretion in choosing the mediator and nothing herein should be construed as limiting that discretion. In the event the parties cannot agree on a mediator, the Oversight Board shall choose the mediator from a roster of retired Puerto Rico state court judges.

4

      b.  Within fourteen (14) days after the filing of the joint stipulation referenced in III.i.b., the parties shall jointly file a "Notice of Mediator Selection" indicating the (i) name of the mediator; (ii) which party will be responsible for compensating the mediator; (iii) a certification that the mediator has accepted the designation; and (iv) a date by when the parties expect to complete mediation.

    iii.  *Mediation*

      a.  Within seven (7) days after the filing of the Notice of Mediator Selection, the parties shall jointly contact the mediator to discuss the mediation and schedule a first mediation session that is within thirty (30) days after the filing of the Notice of Mediator Selection.  At the completion of the first session, the mediator may schedule additional mediation sessions at a time and place agreed to by the parties.

      b.  Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement.

      c.  Within ninety (90) days after the Notice of Mediator Selection is filed, the parties shall in a joint status report advise the court as to the following:

          (a)  Whether the parties have resolved the Avoidance Action; or

          (b)  Whether further mediation will not be useful.

        If the parties represent that further mediation will not be useful, the parties can litigate the respective Avoidance Action.

## IV.   Settlement Authority, Standards, and Procedures

    i.  *Authority*

      a.  Subject to the standards and procedures set forth below, the Oversight Board and the Committee may enter into written settlement agreements (the "Settlement Agreements") with defendants, which agreements shall be enforceable and effective as provided below.

ii.   *Mandatory Settlement Standards*

    a.  Any Settlement Agreements executed by the Oversight Board and the Committee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

        (a)   The Oversight Board and the Committee will provide general, mutual releases to each other relating to, or arising out of, the Avoidance Action.

        (b)   The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

        (c)   The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

        (d)   The Oversight Board and the Committee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated.

        (e)   The Oversight Board and the Committee will have the authority to settle without further order of the Court or Court approval any Avoidance Action with a face amount of up to $10 million.

iii.   *The Settlement Procedures*

    a.  Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is ten million dollars ($10,000,000) or less, any Settlement Agreement shall be enforceable without further notice, hearing, or order of the Court or Court approval.

    b.  Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is $10,000,001 or more, the Oversight Board and the Committee will file with this Court in the Commonwealth docket (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

        (a)   The dollar amount of the settlement; and

        (b)   The face value of the amount sought to be avoided and recovered in the applicable Avoidance Action complaint without identifying the Avoidance Action adversary proceeding number.

c.  If no objection to the Notice of Settlement is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

d.  If an objection is filed pursuant to paragraph (c) above, the Oversight Board and the Committee shall file a response to the objection within fourteen (14) of filing the objection.  Thereafter, the Court shall in its discretion decide if a hearing on the objection is necessary.