# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                               Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>                              Movants,<br>v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>                             Respondents. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, SOLA LTD, SOLUS OPPORTUNITIES FUND 5 LP, ULTRA MASTER LTD, and ULTRA NB LLC,

                              Movants,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,

                              Respondents.

**OPPOSITION OF CITIGROUP GLOBAL MARKETS INC.
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OMNIBUS MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN
<u>CONNECTION WITH PREPA RULE 9019 SETTLEMENT MOTION</u>**

To the Honorable United States Magistrate Judge Judith Gail Dein:

Citigroup Global Markets Inc. ("<u>Citi</u>"), a non-party to the Rule 9019 Motion, respectfully submits this opposition to *Official Committee of Unsecured Creditors'* (the "<u>UCC</u>") *Omnibus Motion to Compel Production of Documents in Connection with PREPA RSA Rule 9019 Settlement Motion* (the "<u>Motion to Compel</u>") [ECF No. 1269].

In support of the opposition, Citi respectfully states the following:

1. On June 3, 2019, the UCC filed a Motion to Compel demanding, among other things, broad-ranging discovery from five additional Citi email custodians on an expedited production schedule.

2. As set forth more fully in the Declaration of Meghan K. Spillane, Esq., ("Spillane Decl."), after receiving the UCC's subpoena dated May 22, 2019 (the "Subpoena"), Citi promptly began the process of gathering the custodial files of two Citi employees for the time period relevant to the Subpoena. Spillane Decl. ¶ 3. After continued correspondence with counsel for the UCC,

2

as well as service of Citi's Rule 45 Responses and Objections on counsel for the UCC, Citi continued to respond to the Subpoena with the understanding that it would review the email files of the two Citi custodians. *Id.* ¶¶ 4-6. On June 3, 2019, the same day the UCC filed its Motion to Compel, counsel for the first time requested that Citi conduct a search of five additional email custodians. *Id.* ¶¶ 7, 11.

3. As an initial matter, the UCC's request for five additional email custodians from Citi is improper because it is beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.

4. Furthermore, the UCC's belated demand for Citi to collect five additional email custodians is overbroad and creates an undue burden, especially given Citi's status as a non-party to the Rule 9019 Motion. *See* Fed. R. Civ. P. 45(d)(1); *see also, e.g., Rockstar Consortium US LP*, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015).

5. In particular, the UCC's Motion to Compel imposes an undue burden on Citi because it has already agreed to review the files of two email custodians, with a discovery deadline less than two weeks away. *Rockstar Consortium US LP*, 2015 WL 5972422, at *4.

6. The UCC's Motion to Compel also imposes an undue burden because it fails to specify a relevant time period, or which Requests are relevant among the 29 Requests originally posed, for these five additional email custodians. *Id.*

7. Finally, the UCC's Motion to Compel imposes an undue burden on Citi because it fails to articulate why these additional email custodians are relevant, necessary and non-duplicative of the custodial files that Citi has already agreed to review and produce. *Id.* This failure is especially significant, in light of the UCC's access to documents from the custodial files of Mr. Chapados, Mr. Sen, and Mr. Gavin – three of the five witnesses listed in its Motion to Compel – from Citi's productions in connection with the Receivership Motion. Spillane Decl. ¶¶ 9-10.

3

8. As highlighted by the foregoing, it is clear that the UCC has not complied with its duty to take reasonable steps to avoid imposing an undue burden on Citi as a non-party pursuant to Federal Rule of Civil Procedure 45(d)(1).

9. For the reasons set forth in this opposition and the accompanying Spillane Declaration, Citi respectfully requests that the Court deny the Motion to Compel five additional email custodians from Citi.

10. Citi also hereby joins any additional arguments that the Financial Oversight and Management Board for Puerto Rico may make in objection to the UCC's Motion to Compel.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

4

| | |
|---|---|
| June 7, 2019 | Respectfully submitted, |

**GOODWIN PROCTER LLP**

/s/ Meghan K. Spillane
Marshall H. Fishman (*pro hac vice*)
Meghan K. Spillane (*pro hac vice*)
620 Eighth Avenue
New York, New York 10018
Tel.: (212) 813-8800
Email: MFishman@goodwinlaw.com
 MSpillane@goodwinlaw.com

*Attorneys for Citigroup Global Markets Inc.*

**O'NEILL & BORGES LLC**

*/s/* Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Daniel J. Perez-Refojos
USDC No. 303909
Gabriel A. Miranda Rivera
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email:hermann.bauer@oneillborges.com
 daniel.perez@oneillborges.com
 gabriel.miranda@oneillborges.com

*Attorneys for Citigroup Global Markets Inc.*