# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*<br><br>    Debtors. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## NON-PARTY CITIGROUP GLOBAL MARKETS INC.'S
## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION FROM THE
## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Under Rules 26 and 45 of the Federal Rules of Civil Procedure, made applicable by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Citigroup Global Markets Inc. ("Citi"), by and through its undersigned counsel, hereby submits the following responses and objections ("Responses and Objections") to the requests contained in the Subpoena for the Production of Documents (the "Subpoena" or the "Requests") issued by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") on May 22, 2019.

## PRELIMINARY STATEMENT

Citi's Responses and Objections to the Requests are made without prejudice to the Citi's right to amend or supplement its response herein if necessary at a later date. Citi will make reasonable efforts to respond to the Requests, to the extent it has not been objected to, as the Citi understands and interprets the Requests. If the Committee subsequently asserts an interpretation of the Requests that differs from that of Citi's, the Citi reserves the right to supplement its objections. By making the objections below, the Citi does not waive and expressly reserves its right to make additional objections.

## GENERAL OBJECTIONS

The following General Objections ("General Objections") apply to each specific Request, as well as to the sections entitled "Instructions," "Rules of Construction," and "Definitions," and shall have the same force and effect as if fully set forth in the Responses and Objections to each specific Request ("Specific Objections"):

1.      As an initial matter, Citi objects to the Requests as providing an unreasonably short time for response and production of documents. The Subpoena was served on Citi on May 22, 2019 and calls for a response and initial production to be made just one week thereafter, on May 29, 2019. This excessively short timeframe does not provide Citi adequate time to conduct a reasonable search for documents that may potentially be responsive to the Requests. Citi therefore submits these Reponses and Objections in order to comply with the deadline set by the Committee, but has not – and could not have – completed the review necessary to respond to each of the Requests.

2.      Citi also objects to the deadline for the production of all materials by June 20, 2019 as providing an inadequate time for non-party Citi's review and production of documents. Consistent with the parties' discussion today, Citi will begin its rolling production of responsive,

non-privileged documents as soon as practicable, and will use reasonable best efforts to produce all remaining documents by the stated deadline.

3.      Citi further objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they seek discovery from non-party Citi that is unreasonably cumulative or duplicative, whether due to productions from the Financial Oversight and Management Board ("Oversight Board"), the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") or other parties and non-parties to the Rule 9019 Motion (the "Motion"). This duplication comes as a result of the Committee seeking the same documents from Citi and other parties irrespective of any such party's role in the matters pertaining to the RSA, and also as the result of unreasonable duplication or overlap among the various specific Requests.  Citi will not produce documents that the Committee can obtain from the Oversight Board, AAFAF or other parties and non-parties to this action, and will instead limit its production to non-privileged documents responsive to the Requests that are in Citi's exclusive possession, to the extent such documents exist.

4.      To the extent Citi agrees to produce documents as set forth herein, such agreement is subject to the Oversight Board's right to move to quash the discovery sought from the Committee.

5.      Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they purport to impose burdens or duties upon Citi that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and any other rules, laws or orders applicable in this action.  Any production of Documents in response to the Requests will not be, and should not be construed as, a waiver or limitation of this objection.

6.      Citi objects to the Requests, Instructions, Rules of Construction, and Definitions on the ground that they are vague, ambiguous, overly broad, or seek documents and information that are neither relevant to the claims or defenses of any party to, or the subject matter of, this action nor proportional to the needs of this case.

7.      Citi objects to Definition No. 1 ("Oversight Board", "You" or "Your") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

8.      Citi objects to Definition No. 2 ("PREPA") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

9.      Citi objects to Definition No. 3 ("AAFAF") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

10.     Citi objects to Definition No. 4 ("Citigroup") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.  Citi will interpret these terms to mean Citigroup Global Markets Inc.

11.     Citi objects to Definition No. 5 ("Proskauer") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to

the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

12.     Citi objects to Definition No. 6 ("McKinsey") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

13.     Citi objects to Definition No. 8 ("Proposed Transformation") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome

14.     Citi objects to Definition No. 12 ("Supporting Holders") on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

15.     Citi objects Definition No. 16 ("Concessionaire") on that grounds that it is vague, ambiguous, overly broad and unduly burdensome, encompass persons and entities not relevant to the claims or defenses of any party to, or the subject matter of, this action, refer to unknown persons and entities, and are not proportional to the needs of this case.

16.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions on the ground that they fail to specify any reasonable or relevant time period.  Citi will not produce documents or communications that pre-date May 1, 2018.

17.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they seek information that is already in the possession or custody of the Committee or any other party to this action, that is publicly available, or that is available from another source more convenient, less burdensome, or less expensive than non-party Citi on the grounds that they

are, to that extent, unreasonably burdensome.  Citi will not produce documents that are duplicative of these other readily-available sources.

18.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions on the ground that they seek documents that are not in the possession, custody or control of Citi, and purports to require Citi to produce documents in the possession of other entities, or to create documents not presently in its possession, custody or control.  Accordingly, and without limitation, Citi objects to Instruction Nos. 5, 6, and 9, and Definition Nos. 1 and 4 insofar as they purport to require Citi to procure documents from any other entity, including an affiliate of Citi.

19.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions (including without limitation Instruction No. 1 and Definition Nos. 14, 15, and 17) insofar as they purport to require Citi to perform anything more than a reasonable and diligent search for documents (including any electronic documents).  Any production will be limited to non-privileged documents from reasonably accessible sources (including electronic sources) where responsive documents can reasonably be expected to be maintained from the custodial files of David Brownstein and James Castiglioni.  Citi objects to the Requests to the extent that they purport to require a more burdensome search, and Citi is not undertaking to conduct such a search.

20.     The objection, failure to object, or any indication herein that Citi will produce responsive documents or information in response to the Requests does not constitute a representation that any such documents or information exist or are within Citi's possession, custody, or control, but only, at most, that responsive non-privileged documents may be produced if they exist, can be located through a reasonable search, and are not otherwise protected from disclosure.

21.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they are vague or ambiguous, contain undefined terms, or do not specify the information sought with sufficient or reasonable particularity.  To the extent that a term or phrase is susceptible to more than one reasonable interpretation, Citi will construe it in a manner consistent with a production of fewer documents.

22.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, the executive and deliberative process privilege, or any other potentially applicable privilege, immunity or protection from disclosure (together "Privileged Information").  In view of the breadth of the Requests, as well as the fact that Citi is not a party in the above-captioned proceeding, Citi also specifically objects to Instruction No. 8 insofar as it purports to require Citi to provide a privilege log that includes an entry for each document withheld from production on the basis of any privilege, work product, or other immunity.  Further, any disclosure by Citi of Privileged Information is inadvertent and shall not be construed to constitute a waiver.  Citi hereby reserves its right to claw back any Document or information protected from disclosure that is produced in response to the Requests.

23.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent they seek information that is protected by privileges that are controlled by third parties, including Oversight Board, to whom Citi serves as a financial advisor.  Citi understands that many of the services it has performed in connection with this role are protected from disclosure under the executive and deliberative process privilege, and that many of the documents that the Committee has requested in its Subpoena may be covered by this privilege.  Citi also understands

that the Oversight Board (and not Citi) is the owner of the executive and deliberative process privilege.  In its capacity as an agent of the Oversight Board, Citi will take direction from the Oversight Board as to what constitutes Privileged Information, including information protected from disclosure by the executive and deliberative privileges.  Consequently, Citi will not produce any documents in response to the Subpoena over which the Oversight Board is asserting any applicable privilege.

24.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they seek documents or information that are confidential, proprietary, commercially sensitive or competitively significant, or personal information relating to Citi, its affiliates, employees, and/or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.  Citi will produce such information only pursuant to the terms of an appropriate Protective Order.

25.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they purport to require Citi to create documents or produce originals of each Document requested on the grounds that such requirements are unduly burdensome and unreasonable.

26.     Citi objects to the Requests, Instructions, Rules of Construction, and Definitions to the extent that they contain factual or argumentative allegations or assertions.  By responding to the Requests, Citi does not admit or confirm any such allegations or assertions.  Citi's Responses and Objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed by or in the Requests.

27.     Citi submits this response without waiving:  (i) the right to object on any grounds (including but not limited to competence, relevance, materiality, privilege or admissibility) to the

use of the Responses as evidence for any purpose, or to the use of the documents or information in any proceeding; (ii) the right to object on any ground to any other discovery request concerning the subject matter of the Requests in connection with this or any other action or proceeding; and (iii) the right (but not the obligation, except as provided by law or rule) to revise, amend, supplement or clarify any of the Responses or Objections set forth herein.

28.      Citi reserves its right to demand that the parties to the above-captioned proceeding bear the cost of all or part of Citi's response, and nothing herein shall be construed as an agreement by Citi to bear the cost of providing information in response to the Subpoena.

29.      These General Objections are incorporated into each of the specific Responses and Objections set forth below.  No specific response or objection shall constitute a waiver, in whole or in part, of any of the General Objections.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request No. 1:**

All drafts and prior versions of the RSA, including the Preliminary RSA, and any and all term sheets and exhibits related to such drafts and prior versions.

**Response to Request No. 1:**

In addition to the foregoing General Objections, Citi objects to Request No. 1 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 1 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 1 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 1 to the extent

it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action in connection with negotiations with (i) the Ad Hoc Group leading to the execution of the Preliminary RSA, (ii) Assured, leading to the execution of the Definitive RSA, and (iii) any other entities, in connection with negotiation of a potential restructuring support agreement until the filing of the 9019 Motion, to the extent such documents exist.

**Request No. 2:**

All documents and communications concerning the Settlement, the RSA and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, including communications with (a) AAFAF, (b) PREPA or any member of its governing board, (c) any Supporting Holder, (d) any Concessionaire, (e) any creditor or stakeholder of PREPA other than a Supporting Holder, (f) the news media, (g) any government official or employee, or (h) any agent of or advisor to any of the foregoing.

**Response to Request No. 2:**

In addition to the foregoing General Objections, Citi objects to Request No. 2 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 2, including but not limited to sub-parts (a) and (b) to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 2 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 2 to the extent it seeks Privileged Information, including without

limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action in connection with negotiations with (i) the Ad Hoc Group leading to the execution of the Preliminary RSA, (ii) Assured, leading to the execution of the Definitive RSA, and (iii) any other entities, in connection with negotiation of a potential restructuring support agreement until the filing of the 9019 Motion, to the extent such documents exist

**Request No. 3:**

All documents and communications concerning the Settlement, the RSA, and all prior versions and drafts thereof, including but not limited to the Preliminary RSA, exchanged between (i) the Oversight Board or any member of the Oversight Board and (ii) Citigroup or McKinsey.

**Response to Request No. 3:**

In addition to the foregoing General Objections, Citi objects to Request No. 3 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 3 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 3 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 3 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections and the specific objections above, Citi will not produce documents in response to this Request, as such production would be wholly duplicative of documents produced by the Oversight Board.

**Request No. 4:**

All documents and communications concerning Your analysis of the impact of the RSA on creditors of PREPA other than the Supporting Holders and their recoveries under a plan of adjustment, including documents and communications relating to the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether the RSA leaves all other creditors unaffected, as referred to in paragraph 65 of the Rule 9019 Motion.

**Response to Request No. 4:**

In addition to the foregoing General Objections, Citi objects to Request No. 4 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 4 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 4 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 4 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist.

**Request No. 5:**

All documents received and considered by You in determining whether to enter into the Settlement.

**Response to Request No. 5:**

In addition to the foregoing General Objections, Citi objects to Request No. 5 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 5 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 5 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi objects to Request No. 5 as improperly directed at Citi, who is not a party to the RSA, and therefore did not "determin[e] whether to enter into the Settlement." Citi also objects to Request No. 5 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 6:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA, including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**Response to Request No. 6:**

In addition to the foregoing General Objections, Citi objects to Request No. 6 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 6 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 6 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 6 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist.

**Request No. 7:**

All documents and communications concerning all amounts to be paid to the Supporting Holders under the Settlement and RSA in the event that a Securitization Termination occurs, including without limitation, (i) interest on the Bonds through May 1, 2019; (ii) the Settlement Payments; (iii) Increased Settlement Payments; (iv) the Administrative Claim as set forth in Section 2(d) of the RSA; (v) the Waiver and Support Fees set forth in Section 4 of the RSA; and (vi) the total amount of fees and expenses to be paid to the Ad Hoc Group and Assured set forth in Section 22 of the RSA.

**Response to Request No. 7:**

In addition to the foregoing General Objections, Citi objects to Request No. 7 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to

Request No. 7 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 7 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 7 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist.

### Request No. 8:

All documents and communications concerning any alternative restructuring or litigation strategies or transactions considered by the Oversight Board, AAFAF, and/or PREPA, as referred to in paragraph 50 of the Rule 9019 Motion.

### Response to Request No. 8:

In addition to the foregoing General Objections, Citi objects to Request No. 8 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 8 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 8 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the

role any of them played with respect to the RSA.  Citi objects to Request No. 8 as improperly directed at Citi, who did not make the assertions in paragraph 50 to the Rule 9019 Motion.  Citi further objects to Request No. 8 on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 9:**

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis of the ability of Puerto Rico's electric system to absorb and pass on the Settlement Charge and Transition Charge, as referred to in paragraph 9 of the Rule 9019 Motion.

**Response to Request No. 9:**

In addition to the foregoing General Objections, Citi objects to Request No. 9 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 9 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 9 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi objects to Request No. 9 as improperly directed at Citi, who did not make the assertions in paragraph 9 to the Rule 9019 Motion.  Citi also objects to Request No. 9 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 10:**

All documents and communications concerning the statements in paragraph 1 of the Rule 9019 Motion that (i) "transformation of PREPA into a dependable and efficient energy provider will be facilitated by resolution of PREPA's debt," (ii) "clarity as to PREPA's exit from Title III will reduce complexities in and challenges to the agreements related to the transformation, including investments in PREPA to fund the transformation," and (iii) "[d]elaying the debt restructuring may . . . delay PREPA's transformation, to the detriment of Puerto Rico, its people, its businesses, and its creditors."

**Response to Request No. 10:**

In addition to the foregoing General Objections, Citi objects to Request No. 10 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 10 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 10 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 10 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist, and to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

**Request No. 11:**

All documents and communications concerning the effect, if any, of the Settlement on the Proposed Transformation, including all documents and communications concerning the statement in paragraph 64 of the Rule 9019 Motion that the RSA "will facilitate the PREPA transformation process."

**Response to Request No. 11:**

In addition to the foregoing General Objections, Citi objects to Request No. 11 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 11 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 11 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 11 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist, and to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

**Request No. 12:**

All documents and communications concerning the current state and estimated date for completion of the Proposed Transformation.

**Response to Request No. 12:**

In addition to the foregoing General Objections, Citi objects to Request No. 12 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 12 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 12 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 12 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist, and to the extent they refer to the effect of the Definitive RSA on PREPA's transformation.

**Request No. 13:**

All documents and communications concerning the assertions in paragraph 42 of the Rule 9019 Motion, including all documents and communications concerning (a) the benefits or costs of the Settlement to PREPA and/or Puerto Rico, (b) the extent to which the Settlement will "facilitate[e] transformation and modernization of the power sector," and (c) the extent to which the benefits of the Settlement "outweigh the chances of success and risk in litigation . . . and the time and expense of that litigation, even if the Government Parties have to litigate against non- settling creditors."

**Response to Request No. 13:**

In addition to the foregoing General Objections, Citi objects to Request No. 13 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi

objects to Request No. 13 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 13 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi objects to Request No. 13 as improperly directed at Citi, who did not make the assertions in paragraph 42 to the Rule 9019 Motion.  Citi also objects to Request No. 13 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

### Request No. 14:

All documents and communications concerning the benefits, if any, of the Settlement to PREPA or Puerto Rico in the event that the Government Parties (i) litigate against non-settling bondholder creditors concerning the scope of their alleged security interests and (ii) prevail in that litigation.

### Response to Request No. 14:

In addition to the foregoing General Objections, Citi objects to Request No. 14 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 14 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 14 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective

of the role any of them played with respect to the RSA.  Citi also objects to Request No. 14 to the

extent it seeks Privileged Information, including without limitation to documents protected from

disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-

privileged documents responsive to this Request that result from a reasonable and diligent search,

which are non-duplicative of the documents to be produced by the other parties to the action, to

the extent such documents exist.

**Request No. 15:**

All documents and communications concerning the Oversight Board's, AAFAF's, and/or
PREPA's analysis regarding whether the bondholders of PREPA have meritorious defenses that the
security interests are valid, as referred to in paragraph 58 of the Rule 9019 Motion.

**Response to Request No. 15:**

In addition to the foregoing General Objections, Citi objects to Request No. 15 on the

ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi

objects to Request No. 15 to the extent it seeks documents that the Committee can obtain from the

Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request

No. 15 on the ground and to the extent that it seeks documents that are not relevant to the claims

or defenses in the action, and in all events is not proportional to the needs of this action, including

without limitation insofar as it seeks the same documents from a multitude of entities irrespective

of the role any of them played with respect to the RSA.  Citi further objects to this Request on the

grounds that the terms "meritorious defenses" is overly broad, vague, and ambiguous.  Citi objects

to Request No. 15 as improperly directed at Citi, who did not make the assertions in paragraph 58

to the Rule 9019 Motion.  Citi further objects to this Request on the grounds that it seeks documents

protected by the attorney-client privilege, the attorney work product doctrine, the common interest

privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 16:**

All documents and communications concerning the ability of PREPA to provide consideration to other creditors of PREPA if the RSA is approved, including without limitation, the value of any and all assets not being pledged to the Supporting Holders under the Settlement and RSA and the ability of PREPA to pass on additional rate surcharges for the benefit of the other creditors beyond the Settlement Charge and Transition Charge.

**Response to Request No. 16:**

In addition to the foregoing General Objections, Citi objects to Request No. 16 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 16 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 16 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 16 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

Subject to and without waiving any of the foregoing objections, Citi will produce non-privileged documents responsive to this Request that result from a reasonable and diligent search, which are non-duplicative of the documents to be produced by the other parties to the action, to the extent such documents exist.

**Request No. 17:**

All documents and communications exchanged between You and the Puerto Rico Energy Bureau concerning the Settlement Charge and/or the Transition Charge.

**Response to Request No. 17:**

In addition to the foregoing General Objections, Citi objects to Request No. 17 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 17 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. Citi objects to Request No. 17 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 17 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 17 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 18:**

All documents and communications exchanged between You and the Puerto Rico legislature concerning the Settlement Charge and/or the Transition Charge.

**Response to Request No. 18:**

In addition to the foregoing General Objections, Citi objects to Request No. 18 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi

objects to Request No. 18 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. Citi objects to Request No. 18 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 18 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

## Request No. 19:

All documents and communications concerning any legislation that would need to be passed to implement the Settlement Charge, the Transition Charge, or any other aspect of the Settlement, including documents and communications concerning the status of such legislation and any alternative plans or strategies in the event such legislation is not passed.

## Response to Request No. 19:

In addition to the foregoing General Objections, Citi objects to Request No. 19 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 19 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. Citi objects to Request No. 19 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 19 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played

with respect to the RSA.  Citi also objects to Request No. 19 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 20:**

All documents and communications concerning the nature, extent, and value of any security interest that PREPA bondholders hold in assets of PREPA, including the extent to which the value of such security interest has decreased since PREPA's title III petition date.

**Response to Request No. 20:**

In addition to the foregoing General Objections, Citi objects to Request No. 20 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 20 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  Citi objects to Request No. 20 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 20 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 20 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 21:**

For each of the General Fund, the Revenue Fund, the Reserve Maintenance Fund, the Self-Insurance Fund, and the Capital Improvement Fund established pursuant to the PREPA Trust Agreement (each, a "Fund"):

(a)      Documents sufficient to show the bank or banks in which moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund are deposited or held (each, a "Depositary Bank").

(b)      Documents sufficient to show the deposit account or deposit accounts in which such moneys are deposited or held (each, a "Deposit Account"), identified by account number and location.

(c)      Documents sufficient to show the identity of the customer/account holder with respect to each Deposit Account, including (a) the name on each Deposit Account and (b) whether such name indicates that a security interest is held in such Deposit Account by any person or entity, including the Trustee, any holder of PREPA Bonds, any insurer of PREPA Bonds, or any other person or entity representing or purported to represent, or acting or purporting act on behalf of any holder of PREPA Bonds (each, a "Secured Party").

(d)      All account documentation relating to each Deposit Account.

(e)      All agreements among PREPA, any Secured Party, and any Depositary Bank (including all agreements commonly called or referred to as "deposit account control agreements").

**Response to Request No. 21:**

In addition to the foregoing General Objections, Citi objects to Request No. 21 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 21 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  Citi objects to Request No. 21 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 21 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 21 to the extent it seeks Privileged

Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 22:**

For all other deposit accounts of PREPA not identified pursuant to Request No. 21 above, documents sufficient to show (i) the account number, bank, and location, (ii) the identity of the customer/account holder, including the name on the account and whether a security interest exist in such account, and (iii) all deposit account control agreements and other agreements among PREPA, any Secured Party, and any bank concerning such account.

**Response to Request No. 22:**

In addition to the foregoing General Objections, Citi objects to Request No. 22 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 22 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion. Citi objects to Request No. 22 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 22 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 22 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 23:**

For (i) each of the Funds and (ii) the Sinking Fund established pursuant to the PREPA Trust Agreement:

(a)    Documents sufficient to show the investment bank, broker or other securities intermediary or securities intermediaries (each, a "Securities Intermediary") with respect to all securities accounts relating to any investment of the moneys credited (and/or required by the PREPA Trust Agreement to be credited) to such Fund (each, a "Securities Account").

(b)    Documents sufficient to show the Securities Accounts (identified by number and location).

(c)    All account documentation relating to each Securities Accounts.

(d)    All agreements among PREPA, any Secured Party, and any Securities Intermediary (including all agreements commonly called or referred to as "securities account control agreements").

**Response to Request No. 23:**

In addition to the foregoing General Objections, Citi objects to Request No. 23 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 23 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  Citi objects to Request No. 23 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 23 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 23 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 24:**

For all other securities accounts of PREPA not identified pursuant to Request  No. 23 above, documents sufficient to show (i) the number and location of the account, (ii) the Securities Intermediary with respect to such account, and (iii) all securities account control agreements and other agreements among PREPA, any Secured Party, and any Securities Intermediary concerning such account.

**Response to Request No. 24:**

In addition to the foregoing General Objections, Citi objects to Request No. 24 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 24 as beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  Citi objects to Request No. 24 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 24 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 24 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 25:**

All documents and communications consisting of any spreadsheets or models concerning projected revenues from the sale of electricity or other revenue sources in Puerto Rico.

**Response to Request No. 25:**

In addition to the foregoing General Objections, Citi objects to Request No. 25 on the grounds that the request for "all documents and communications" and "any spreadsheets or models" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.  Citi objects to this Request on the grounds that the terms "projected revenues from the sale of electricity or other revenue sources in Puerto Rico" is overly broad, vague, and ambiguous.  Citi objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 26:**

All documents and communications concerning projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico, including the effect, if any, of the Settlement (including the Settlement Charge and/or the Transition Charge) on such forecasts, pricing, and assumptions, and any spreadsheets or models concerning the same.

**Response to Request No. 26:**

In addition to the foregoing General Objections, Citi objects to Request No. 26 on the grounds that the that the request for "all documents and communications" and "any spreadsheets or models" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the Court's consideration of the 9019 Motion.   Citi further objects to Request No. 26 on the grounds that the terms "projected demand forecasts, sales forecasts, electricity pricing forecasts, and related assumptions for electricity in Puerto Rico" is overly broad,

vague, and ambiguous.  Citi objects to Request No. 26 on the grounds that it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the deliberative process privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 27:**

All documents and communications requested by Requests 11 through 21 in the *First Set of Document Requests of Cortland Capital Market Services LLC, as administrative agent, and Solus Alternative Asset Management LP to Financial Oversight and Management Board for Puerto Rico, the Puerto Rico Electric Power Authority, and the Puerto Rico Fiscal Agency and Financial Authority*.

**Response to Request No. 27:**

In addition to the foregoing General Objections, Citi objects to Request No. 27 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous.  Citi objects to Request No. 27 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action.  Citi objects to Request No. 27 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 27 on the ground that it is improperly directed towards Citi, who did not receive the above-referenced discovery requests.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 28:**

All documents produced to any other party in connection with the Rule 9019 Motion.

**Response to Request No. 28:**

In addition to the foregoing General Objections, Citi objects to Request No. 28 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 28 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 28 on the ground and to the extent that it seeks documents that are not relevant to the claims or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA. Citi also objects to Request No. 28 is improperly directed towards Citi, who did not serve any discovery in connection with the Rule 9019 Motion.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

**Request No. 29:**

All documents and communications that You intend to use as exhibits or otherwise rely on at the hearing on the Rule 9019 Motion.

**Response to Request No. 29:**

In addition to the foregoing General Objections, Citi objects to Request No. 29 on the ground that it is overly broad in in scope, unduly burdensome, and vague and ambiguous. Citi objects to Request No. 29 to the extent it seeks documents that the Committee can obtain from the Oversight Board, AAFAF, or other parties and non-parties to this action. Citi objects to Request No. 29 on the ground and to the extent that it seeks documents that are not relevant to the claims

or defenses in the action, and in all events is not proportional to the needs of this action, including without limitation insofar as it seeks the same documents from a multitude of entities irrespective of the role any of them played with respect to the RSA.  Citi also objects to Request No. 29 to the extent it seeks Privileged Information, including without limitation to documents protected from disclosure under the executive and deliberative process privilege.  Citi also objects to Request No. 28 is improperly directed towards Citi, who is not a party to the Rule 9019 Motion.

In light of the foregoing General Objections, and the specific objections above, Citi will not produce documents responsive to this Request.

Dated:  May 29, 2019

New York, NY

GOODWIN PROCTER LLP

By: _____

Marshall H. Fishman
Meghan K. Spillane
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
MFishman@goodwinlaw.com
MSpillane@goodwinlaw.com

*Counsel to Citigroup Global Markets Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 29, 2019, she caused a true and correct copy

of the foregoing to be served via electronic mail and First Class mail on the following:

Genovese Jobloves & Battista, P.A.
Attn: John Arrastia
100 S.E. Second Street, 44th Floor
Miami, FL 33131


_____
Meghan K. Spillane