**Exhibit 3**

June 3, 2019

Rolando Emmanuelli-Jiménez, Esq.
Bufete Emmanuelli, C.S.P.
472 Tito Castro Ave., Marvesa Building Ste. 106
Ponce, PR 00716

Re:   ***Preliminary lists of witnesses who may testify at the hearing on the Rule 9019 Motion in accordance with FRCP 26(a)(A)(i)***

Dear Mr. Emmanuelli-Jiménez:

We are in receipt of the above-entitled document served by Unión de Trabajadores de la Industria Eléctrica y Riego ("UTIER") on May 30, 2019 (the "UTIER Witness List"). It proffers Ángel Figueroa Jaramillo, Tom Sanzillo of the Institute for Energy Economics and Financial Analysis ("IEEFA"), and Dr. Hector R. Cordero-Guzmán of Baruch College of the City University of New York as witnesses. This letter only addresses those witnesses identified by UTIER who the undersigned understand to be proffered as fact witnesses. Specifically, the undersigned understand Tom Sanzillo and Dr. Hector R. Cordero-Guzmán to be proffered as purported expert witnesses. If this understanding is incorrect, please inform us immediately. Otherwise, the undersigned reserve the right to notice these purported expert witnesses for deposition once they have been disclosed as such. The undersigned further explicitly reserve all rights with respect to these and any other purported expert witnesses disclosed by the Not-For-Profit Entities, including to challenge the relevance and basis of their proffered opinions.

Based on the information provided, it does not appear that any of the testimony that UTIER intends to offer through these witnesses is relevant to the 9019 Motion (though some of the contemplated testimony is so vague (e.g. "the RSA is unreasonable") that it is impossible to ascertain its actual subject matter).

As you know, the question before the Court in evaluating the 9019 Motion is whether the settlement as documented in the Definitive Restructuring Support Agreement ("RSA") falls below the lowest point in the range of reasonableness. See *Allied Waste Servs. Of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 92 (1st Cir. 2011) (the court should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness").

In assessing that question, the Court will consider: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable view in the premise. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995) (affirming bankruptcy court order approving settlement, in part due to the "inconvenience and expense to the estate in attending the state court action, and the fact that the compromise would provide creditors with an immediate and certain payment of a large percentage of the outstanding debt"); *see also In*

- 2 -

*re Indian Motorcycle Co.*, 289 B.R. 269, 283 (B.A.P. 1st Cir. 2003) ("Stipulations of settlement are favored by the courts, and they will rarely be set aside in absence of fraud, collusion, mistake, or other such factor."); *In re Laser Realty, Inc. v. Fernandez (In re Fernandez)*, 2009 Bankr. LEXIS 2846, at *9 (Bankr. D.P.R. Mar. 31, 2009) ("The Court concludes that the uncertainty of the litigation between the debtors and Citibank weighs heavily in favor of the approval of the Settlement Agreement . . . .").

Because you have not identified any testimony that Mr. Jaramillo will provide that bears on any of these issues, we ask that you either immediately withdraw your proffered witness or explain how UTIER believes his testimony will be germane to any of the issues that the Court must consider in connection with the 9019 motion. Based on the information currently available, we intend to move the Court to exclude his testimony. Because we would like to avoid unnecessary motion practice, we would be available to discuss these issues at your convenience at or before Wednesday, June 5 at 12:00 pm EDT. Please let us know when you are available.

In the event that you decline to withdraw Mr. Jaramillo's testimony and should the Court permit him to testify over our objection, we intend to take his deposition. We have therefore enclosed a deposition notice to that effect without prejudice to our argument that this contemplated testimony is improper, irrelevant, and should be excluded in its entirety.

Sincerely,

/s/ *Margaret A. Dale*                                          /s/ *Elizabeth L. McKeen*

Margaret A. Dale                                                Elizabeth L. McKeen