**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                 Debtors. | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                 Debtor. | PROMESA<br><br>Title III<br><br>No. 17-bk-3284-LTS<br><br>**This Application Relates Only to COFINA and is being filed in both the Lead Case and COFINA's Title III Case** |

**SUMMARY SHEET**

**APPLICATION OF CITIGROUP GLOBAL MARKETS INC.
FOR FINAL ALLOWANCE OF COFINA SUCCESS FEE**

| | |
|---|---|
| Applicant: | Citigroup Global Markets Inc. |
| Authorized to Provide Services to: | The Financial Oversight and Management Board for Puerto Rico |
| Date of Retention: | January 27, 2017 |
| Compensation Period: | May 5, 2017-February 12, 2019 |
| Compensation Sought: | $5,873,156.76 |
| Expense Reimbursement Sought: | $0 |
| Total Sought: | $5,873,156.76 |

This is a: _ monthly    _ interim    X final application

## PRIOR INTERIM FEE APPLICATIONS[1]

| Period Covered | Date Filed ECF# | Fees Requested | Expenses Requested | Order Date ECF# | Fees Allowed | Expenses Allowed |
|---|---|---|---|---|---|---|
| 5/5/17-1/31/18 | 4/23/18 ECF#2944 | $625,000 | $60,971.21 | 1/30/19 ECF#4998 | $625,000 | $28,780.19 |
| 2/1/18-5/31/18 | 10/5/18 ECF#4020 | $1,803,571.43 | $40,912.98 | N/A | N/A | N/A |
| 2/1/18-5/31/18 | 1/25/19 ECF#4897 | $1,975,000 | $20,450.63 | N/A | N/A | N/A |

---

[1] All filed in the main case, No. 17-bk-3283-LTS, and annexing time detail reflecting services rendered on behalf of all Title III Debtors.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                             Debtors. | PROMESA<br><br>Title III<br><br>No. 17-bk-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION,<br><br>                             Debtor. | PROMESA<br><br>Title III<br><br>No. 17-bk-3284-LTS<br><br>**This Application Relates Only to COFINA and is being filed in both the Lead Case and COFINA's Title III Case** |

**APPLICATION OF CITIGROUP GLOBAL MARKETS INC.
FOR FINAL ALLOWANCE OF COFINA SUCCESS FEE**

Citigroup Global Markets Inc. ("Citi") respectfully submits this application for final allowance of a $5,873,156.76 success fee earned upon consummation of the Plan of Adjustment [ECF No. 5055-1] ("Plan") of Debtor Puerto Rico Sales Tax Financing Corporation ("COFINA"), pursuant to PROMESA section 316, Rule 2016, Local Rule 2016-1, Paragraph 27 of the Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of COFINA, entered February 5, 2019 [ECF No. 5055], and Section 3.2 of the Plan.

## JURISDICTION

1. The Court has subject matter jurisdiction to consider this application, pursuant to PROMESA section 306(a). Venue is proper in this district, pursuant to PROMESA section 307(a).

## BACKGROUND

I. THE REQUESTED SUCCESS FEE

2. COFINA commenced its Title III case on May 5, 2017. The Financial Oversight and Management Board for Puerto Rico ("Oversight Board") is its representative in its Title III case, pursuant to PROMESA section 315(b).

3. Citi was originally employed as investment banker and financial advisor to the Oversight Board pursuant to an engagement letter, dated January 27, 2017 [ECF No. 2944-1]. Its initial engagement letter, and an amended and restated one [ECF No. 2944-2], were superseded by a second amended and restated engagement letter, dated February 16, 2019, a copy of which is annexed hereto as Exhibit 1 ("Agreement").

4. The Agreement provides for payment of a success fee equal to .0333% of the par amount of bonds restructured as part of a PROMESA related restructuring, subject to an aggregate success fee cap of $10 million (as did the superseded engagement letters). (Agreement, Fees ¶2.) The Agreement further provides that "for the avoidance of doubt … Citi shall be entitled to receive the success fee … in connection with its work prior to the effective date of this Second Amended Agreement [February 1, 2019] on restructuring the par amount of prior bonds restructured in … the COFINA Title III restructuring." (*Id.*)

5. $17.64 billion in sales tax revenue bonds were restructured [ECF No. 4364, p.25] pursuant to the Plan, which was consummated February 12, 2019 [ECF No. 5104]. Accordingly,

a success fee of $5,873,156.76 has been earned. An invoice for the subject success fee is annexed hereto as Exhibit 2.

## II. SUMMARY OF SERVICES RENDERED

6. Citi rendered services on behalf of COFINA from the commencement of the Title III case. Citi's principal goal in the case was to help formulate a plan of adjustment under which COFINA would issue new, replacement securities, the terms of which would provide for materially reduced debt service obligations, but which plan would still achieve broad creditor support. Towards that end, Citi presented numerous times to the Oversight Board, beginning in the summer of 2017, on potential methods for enhancing the then-contemplated new securities' terms so as to enhance their value thereby justifying a larger debt service reduction relative to that which could otherwise be achieved.

7. As discussed in the Declaration of David M. Brownstein, dated January 12, 2019 [ECF No. 4757] in support of Plan confirmation, a true copy of which is annexed hereto as Exhibit 3 (without exhibits), after an Agreement in Principle was reached on or about June 7, 2018 as to the allocation of the Pledged Sales Tax Base Amount as between COFINA and the Commonwealth, Citi participated in over two weeks of Court-sanctioned mediation on behalf of the Oversight Board concerning, inter alia, the terms of the new securities, the treatment of COFINA's creditors, and the resolution of multiple adversary proceedings associated with COFINA's Title III case.

8. The terms of the new securities developed by Citi prior to the mediation, and refined at the mediation, achieved broad support from all classes of creditors (including the bond insurers), and were reflected in the original plan support agreement, dated August 29, 2018, and amendments thereto.

9. From and after entry into the original plan support agreement, Citi, inter alia, reviewed the COFINA Fiscal Plan for accuracy and conformity to the above-referenced Agreement in Principle, led negotiations with creditors concerning Plan terms, engaged market participants regarding the terms of the new securities terms and their marketability, and assisted the Oversight Board's counsel in drafting financial terms in the Plan and associated disclosure statement.

10. The new securities structured by Citi, and issued pursuant to the Plan, reduced the principal amount of COFINA's bond debt by approximately $6 billion, and reduced its debt service obligations by approximately $17.5 billion, relative to pre-Title III principal and debt service obligations. In short, Citi played a lead role in helping the Government of Puerto Rico achieve significant long-term savings through a consensual negotiation, which also put an end to extensive COFINA-related litigation.[1]

## BASIS FOR RELIEF REQUESTED

11. PROMESA section 316(a)(1) permits the Court to "award to a professional person employed by … the Oversight Board … reasonable compensation for actual, necessary services rendered by the professional." Pursuant to subdivision (c):

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

---

[1] Significantly, beginning early 2018, Citi led efforts to develop theories under which more new securities could be issued by COFINA on a Federal tax-exempt basis, with assistance from special tax counsel. Their work was subsequently utilized in a request for a letter ruling from the IRS. The IRS recently entered into an agreement with COFINA, based on one of the arguments developed by Citi and special tax counsel that will permit nearly $3.7 billion in new COFINA bonds issued under the Plan to be exchanged this summer for Federally tax-exempt bonds, which will further save the Government of Puerto Rico a significant amount in future debt service obligations, and also benefit creditors.

4

      (1) the time spent on such services;

      (2) the rates charged for such services;

      (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

      (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

      (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

12. Each factor set forth in section 316(c) supports final allowance of the requested success fee.

    (a)    <u>Time spent</u>. The above-described services rendered by Citi required that it devote substantial attention to COFINA's restructuring, which attention is further evidenced by the Brownstein Declaration and the time detail annexed to Citi's prior interim fee applications.

    (b)    <u>Fees charged</u>. Citi believes the .0333% success fee requested herein for investment banking and financial advisory services is materially lower than that charged by financial advisors and investment bankers to debtors in other municipal and global sovereign debt restructurings. For example, Citi's percentage fee under the Agreement is a fraction that charged by the City of Detroit's investment banker (.232%) and financial advisor (.262%) in its chapter 9 restructuring.

    (c)    <u>Whether Services were necessary or beneficial</u>. Citi's efforts were critical to negotiating, achieving broad support for, confirming, and consummating the Plan, as discussed in greater detail in the Brownstein Declaration. Further, as noted above, by the Agreement the

Oversight Board confirmed the subject success fee is due and owing, shortly before confirmation and consummation of the Plan. That provision, which is omitted from the prior, superseded engagement letters, would not have been agreed to unless Citi's services were determined to have been necessary and beneficial to the success of COFINA's restructuring.

(d) <u>Timeliness of services rendered</u>. No issue has been raised concerning the timeliness of services rendered by Citi.

(e) <u>Restructuring Experience</u>. Citi was engaged because of its expertise in municipal finance, capital markets, restructurings, and infrastructure and utility finance. Citi is one of the largest municipal securities dealers in the United States and has played an active role nearly in most major municipal restructurings in the United States for at least the past two decades.[2]

13. The certification required by Local Rule 2016-1(a)(4) and Rule 2016 is annexed hereto as <u>Exhibit 4</u> ("<u>Leffler Certification</u>").

**NOTICE**

14. Notice hereof has been served by CM/ECF and on the Master Service List, by e-mail or by first class mail.

15. No prior request for the relief sought herein has been made to the Court or to any other court.

---

[2] While not part of PROMESA, 11 U.S.C. § 328(a) permits a debtor "to employ … a professional person … on any reasonable terms and conditions … including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." In bankruptcy cases compensation terms that have been preapproved under section 328(a) will not be disturbed unless they "prove to have been improvident in light of developments not capable of having been anticipated at the time of the fixing of such terms and conditions." *E.g.*, *In re Mendez*, No. 05-bk-6196, 2012 WL 3263735, at *4 (Bankr. D. P.R. Aug. 9, 2012) (citing *In re Smart World Technologies, LLC*, 552 F.3d 228, 332 (2d Cir. 2009)). Because Citi's engagement terms were amended twice, and once shortly before confirmation of the Plan, the improvident standard is inapplicable to Citi's success fee.

6

WHEREFORE, Citi requests an order allowing its $5,873,156.76 success fee on a final basis and granting it such other and further relief as the Court deems just and proper.

Dated: June 10, 2019                      Respectfully submitted,

/s/ Mike Leffler
Mike Leffler
Director
*Citigroup Global Markets Inc.*

/s/ Jeffrey Chubak
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
jchubak@storchamini.com
*Attorneys for Citigroup Global Markets Inc.*