**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>        Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of PUERTO RICO ELECTRIC POWER AUTHORITY, and PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,<br><br>        Movants,<br>    v.<br><br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *et al.*<br><br>        Respondents. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1

## MOTION OF RESERVATION OF RIGHTS BY THE UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO (UTIER)

Unión de Trabajadores de la Industria Eléctrica y Reigo (UTIER), through its undersigned counsels, hereby respectfully file this motion to restate its right to challenge any and all actions taken by the Financial Oversight and Management Board for Puerto Rico, José B. Carrión III, Andrew Biggs, Carlos M. García, Arthur J. González, Ana J. Matosantos, José R. González, and David A. Skeel (collectively the "Board" or "Oversight Board") since the Board's inception, and in particular any actions taken on or after February 15, 2019.  In support of this remedy, UTIER states as follows:

1. In May 2017, the Oversight Board authorized the filing of a Title III petition for the Commonwealth of Puerto Rico in the U.S. District Court for the District of Puerto Rico.[2] A few weeks later, on July 2, 2017, the Board filed a Tittle III petition for PREPA, employer of UTIER's members.[3]

2. On August 6, 2017, UTIER filed an adversary complaint. UTIER sought a judgment stating that the Oversight Board members were invalidly appointed given that PROMESA does not comply with the Appointments Clause of the United States Constitution. Also, **UTIER requested an order declaring void *ab initio* all prior acts and barring all further actions of the Oversight Board until it is constitutionally appointed**.

3. The District Court dismissed UTIER's complaint but, on February 15, 2019, the United States Court of Appeals for the First Circuit issued a unanimous Opinion and Order reversing the district court's ruling *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir.

---

[2] No. 17-bk-3283 (D.P.R.).

[3] No. 17-bk-4780 (D.P.R.).

2019). The court of appeals correctly determined that the appointments of the members of the Oversight Board are unconstitutional for lack of compliance with the Appointments Clause of the Constitution of the United States.

4. However, the court of appeals permitted the Oversight Board to continue operating for an additional 90 days after the judgment in order "to allow the President and the Senate to validate the currently defective appointments or reconstitute the Board in accordance with the Appointments Clause." [citations omitted] During the 90-day stay period, "the Board may continue to operate as until now." *Id*. 863. On May 6th, 2019, the court of appeals issued and order further extending the stay of the mandate for an additional 60 days, until July 15, 2019.[4]

5. To sustain its ruling, the Court relied on the *de facto officer* doctrine upon the claim that the Oversight Board members acted without the appearance of being an intruder or usurper and in good faith, and that "the Board Members' titles to office were never in question until our resolution of this appeal." Such ruling was issued even though UTIER specifically requested the annulment of the Oversight Board's acts and a stay of its operations as a remedy to its claim, based on the fundamental law principle that what is null does not produce valid rights and obligations. The Supreme Court has recognized that "[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.") *See Norton v. Shelby Cty.*, 118 U.S. 425, 442 (1886). The court went even further and validated the Board's actions prospectively by allowing it to continue

---

[4] May 6, 2019, 18-1671 Document: 00117435465.

3

operating for 150 days (and probably more) after it determined that the Board members were unconstitutionally appointed.

6. On June 5, 2019, UTIER filed a Petition for the Writ of Certiorari (case #18-1521) requesting the invalidation of all the actions and determinations of the Oversight Board based on solid Supreme Court case law.[5]

7. The Supreme Court's review is warranted since the court of appeals misconstrued the *de facto* officer doctrine and applied it to an Appointments Clause challenge. The Supreme Court has expressly refused its application with respect to Appointments Clause challenges. *See Ryder v. U.S.,* 515 U.S. 177, 183-84 (1995). The court of appeals aggravated its mistake when it also allowed the Oversight Board to continue operating for 150 days or probably more, after it concluded that the appointments were defective. The remedy UTIER seeks, should be granted. *See Id.* at 183-84, 186, 188. Thus, all the actions of the Board should be declared null and void as they represent an injury to the Petitioner and the People of Puerto Rico. *Canning v. N.L.R.B.,* 705 F.3d 490, 514 (2013), aff'd in *N.L.R.B. v. Canning,* 573 U.S. 513 (2014).

8. Also, the *de facto* officer doctrine was incorrectly applied by the court of appeals because the Oversight Board members do not comply with the basic requirement of holding an office in good faith, as they knew of the defects in their appointments, especially after the filling of UTIER's adversary complaint and with complete certainty after the judgment of the court below. By allowing the Oversight Board to continue operating despite their unconstitutional appointments, UTIER was left with no appropriate remedy. Furthermore, UTIER members were left subject to the broad and unfettered powers of an unconstitutional

---

[5] The Oversight Board, Aurelius and Assured, United States of America and the UCC also filed petitions for the writ of certiorari.

Oversight Board exposing them to ongoing injuries and impairments to their labor rights as well as the obliteration of the democratic governance of the People of Puerto Rico.

9. The court of appeals' determination gives the opportunity to the President to nominate, and the Senate to confirm, a new Oversight Board compliant with the established constitutional requirements of the Appointments Clause. This does not mean that the Oversight Board's actions, after the First Circuit's decision cannot be subject to invalidation. Nor does it mean a "green light" for the Oversight Board, during this period, to make decisions about Puerto Rico, like going forward with the approval of the RSA with PREPA's bondholders, with the full knowledge that they do not have the legal authority to do so.

10. UTIER reiterates the seriousness of such determinations on Puerto Rico, which may cause irreparable damages and harmful consequences to the UTIER and the People of Puerto Rico. In fact, as UTIER has established, with its actions the Oversight Board has already impaired UTIER's labor rights. For this reason, we maintain our position that an illegally constituted Board can only take unconstitutional actions and decisions.

11. Therefore, this contested matter regarding PREPA's RSA is an unnecessary and burdensome waste of resources of the People of Puerto Rico since, based in its unconstitutionally, UTIER already reserved the right to challenge any and all actions taken by the Oversight Board (See Adv. Proc. No. 17-00228, Docket #145).[6] This includes not only actions taken by the Oversight Board in the past, but also, any actions taken by the Board on or after February 15, 2019, like the approval of PREPA's RSA.

---

[6] In the reservation of rights file by UTIER is was clearly stated that "[a]ny participation by UTIER in the Title III proceedings should not be interpreted as conceding the validity of any Board actions or decisions. UTIER will also object to other substantive actions of the Oversight Board as they arise."

12. The Oversight Board members hold their positions without legal authority, thus its previous and future actions are void. *Norton v. Shelby Cty.*, 118 U.S. 425, 442 (1886).

**WHEREFORE**, UTIER respectfully requests that the Court take notice of UTIER's full reservation of rights to challenge this contested proceeding on the grounds that the Oversight Board members' appointments are unconstitutional.

In Ponce, Puerto Rico, this 10th day of June 2019.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties. Paper copies have been mailed pursuant to Section II of the *Third Amended Notice, Case Management and Administrative Procedures*:

(i) Chambers of the Honorable Laura Taylor Swain (two copies shall be delivered to the chambers):
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Suite No. 3212
New York, New York 10007-1312;

(ii) Office of the United States Trustee for Region 21
Edificio Ochoa, 500 Tanca Street, Suite 301
San Juan, PR 00901-1922



472 Tito Castro Ave.,
Marvesa Building Suite 106,
Ponce, PR 00716
Tel: (787) 848-0666
Fax: (787) 841-1435

/s/Rolando Emmanuelli Jiménez
USDC: 214105

/s/ Jessica E. Mendez Colberg

USDC: 302108

Emails: rolando@bufete-emmanuelli.com
jessica@bufete-emmanuelli.com
notificaciones@bufete-emmanuelli.com