**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**JOINT STATUS REPORT OF AMBAC ASSURANCE CORPORATION AND THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD PURSUANT TO ORDER GRANTING MOTION FOR LEAVE TO FILE SUR-REPLY AND SETTING BRIEFING DEADLINES IN CONNECTION WITH MOTION OF AMBAC ASSURANCE CORPORATION CONCERNING APPLICATION OF THE <u>AUTOMATIC STAY TO THE REVENUES SECURING PRIFA RUM TAX BONDS</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

1. Ambac[2] and the Oversight Board respectfully submit this Joint Status Report as directed by the Court in its June 4, 2019 *Order Granting Motion for Leave to File Sur-Reply and Setting Briefing Deadlines in Connection with Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7215) (the "Order").

2. The Order directed the parties to address the following topics: (i) any issues of fact that may require discovery, (ii) a proposed schedule for any necessary discovery, and (iii) a proposed schedule for the submission of any supplemental declarations and a hearing date for any live testimony, if necessary. (*See* Order at 2.) On June 7, 2019, counsel to Ambac, the Oversight Board, and AAFAF participated in a meet-and-confer regarding these topics. Below are the parties' respective positions on each topic, each of which is endorsed solely by the party identified as the maker of the statement.

I. **Issues of Fact that May Require Discovery**

    A. **Ambac's Statement**

3. The threshold issue raised in the Automatic Stay Motion—whether the automatic stay applies to the U.S. Treasury Action or PRIFA Clawback Action—is a pure legal question which can be decided on the papers. Ambac expects, however, that the Oversight Board will argue in opposition to the Automatic Stay Motion that the automatic stay does apply; that the Pledged Rum Taxes are not Ambac's collateral; or, alternatively, that Ambac's collateral is adequately

---

[2] Unless otherwise specified, defined terms have the same meanings given to them in Ambac Assurance Corporation's *Motion and Memorandum of Law in Support of its Motion Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* (Dkt. No. 7176) ("Automatic Stay Motion").

protected. In connection with those issues, Ambac believes the following issues of fact may require discovery:

    a.    The flow of funds of the Rum Taxes before the Commonwealth stopped transferring those monies to PRIFA, including (i) the identity and ownership of the accounts into which the monies were received from the United States Treasury; (ii) the identity and ownership of any Commonwealth or Commonwealth instrumentality accounts into which the monies were subsequently transferred; and (iii) applicable balance and/or transaction-related information pertaining to such accounts.

    b.    The flow of funds of the Rum Taxes after the Commonwealth stopped transferring those monies to PRIFA, including whether any of the Pledged Rum Taxes are currently being held in any Commonwealth or Commonwealth instrumentality accounts and, if so, the identity and ownership of any such accounts and the designated status of the monies so held (*i.e.*, restricted or unrestricted);

    c.    The value of the collateral subject to PRIFA bondholders' lien, including whether the future stream of Rum Taxes is necessarily sufficient to ensure full payment of the PRIFA rum tax bonds;

    d.    The intent of the Puerto Rico Legislative Assembly in (i) transferring the Pledged Rum Taxes to PRIFA, and (ii) defining the scope of PRIFA bondholders' lien on the Pledged Rum Taxes; and

    e.    The Commonwealth's and/or PRIFA's understanding of (i) the nature of the transfer of the Pledged Rum Taxes to PRIFA, (ii) the permitted uses of the

Pledged Rum Taxes, and (iii) the scope of PRIFA bondholders' lien on the Pledged Rum Taxes, including any market-facing representations made or internal analyses conducted on either issue.

### B. The Oversight Board's Statement

4. The Oversight Board believes the Lift Stay Motion can be resolved on either of two threshold legal issues without discovery or an evidentiary hearing. First, as demonstrated in the June 6, 2019 *Urgent Motion of the Financial Oversight and Management Board for an Order Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) Dismissing Ambac Assurance Corporation's Motion Concerning Application of The Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7262], Ambac is precluded by the Trust Agreement's no-action clause from bringing the Lift Stay Motion or pursuing its claims and therefore lacks standing. Second, even assuming, for the sake of argument, Ambac has standing, all Ambac's requests for relief—whether a declaration the automatic stay does not apply or relief from the stay—require that Ambac first establish it has a secured claim against rum excise monies before they are deposited into an account at PRIFA. See June 3, 2019 *Response of the Financial Oversight and Management Board for Puerto Rico to Urgent Motion to Set Schedule with Respect to Motion of Ambac Assurance Corporation Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [ECF No. 7191].

5. The Oversight Board submits that, if the Court determines Ambac has standing to pursue the proposed actions and the Lift Stay Motion, and, further, Ambac has a secured claim against rum excise tax monies before they are deposited into an account at PRIFA, then discovery may be required on the facts identified in *Financial Oversight and Management Board v. Ad Hoc*

3

*Group of PREPA Bondholders (In re Financial Oversight and Management Board)*, 899 F.3d 13, 22-24 (1st Cir. 2018), which facts primarily include:

    a.    The nature and scope of Ambac's collateral, if any, at PRIFA;

    b.    The nature and scope of Ambac's collateral, if any, at the Commonwealth;

    c.    Whether Ambac holds a perfected security interest in PRIFA's rights, if any, to receive Rum Taxes;

    d.    Whether Ambac holds a perfected security interest in the Commonwealth's rights, if any, to receive Rum Taxes;

    e.    The value of Ambac's collateral, if any, at PRIFA, now;

    f.    The value of Ambac's collateral, if any, at the Commonwealth on its Title III petition date and now;

    g.    Whether there is a risk that Ambac's collateral, if any, will dissipate as a result of the automatic stay; and

    h.    The *Sonnax* factors from *Sonnax Indus. v. Tri Component Products Corp. (In re Sonnax Indus.)*, 907 F.2d 1280, 1286 (2d Cir. 1990), especially the harms claimed by Ambac.

6.    The parties agree that if, as a result of the briefing and oral argument on the Lift Stay Motion, the Court on its own determines or any litigant meritoriously asserts there are material disputed facts requiring an evidentiary hearing other than facts covered by the discovery outlined above, it may be necessary to conduct discovery and submit evidence regarding such disputed facts.

II. **Proposed Discovery Schedule**

A. **Ambac's Proposed Discovery Schedule**

7. Ambac proposes the below discovery schedule:

| June 12, 2019 | Submission of formal document requests |
| June 19, 2019 | Rolling document production begins |
| June 26, 2019 | Submission of interrogatories |
| July 8, 2019 | Substantial completion of document production |
| July 12, 2019 | Submission of interrogatory responses |
| July 14, 2019 | Depositions complete |

8. Ambac submits that discovery into the issues identified in paragraphs 3(a) and (b) above, which relate to key issues concerning flow of funds and the financial condition of the Commonwealth, are relevant to matters that will remain urgent in the immediate run irrespective of the Automatic Stay Motion. Accordingly, discovery into those issues should proceed immediately even if the Court were to otherwise endorse the Oversight Board's proposal that discovery be stayed pending resolution of the issues to be heard at the oral argument on July 24, 2019.[3]

B. **The Oversight Board's Proposed Discovery Schedule**

9. The Oversight Board respectfully submits discovery should be stayed until after the Court rules on the threshold legal issues being briefed for the hearing without testimony at the July 24, 2019 Omnibus Hearing.[4] If, as the Oversight Board contends, Ambac lacks standing to bring the Lift Stay Motion or to pursue its claims, then Ambac also lacks standing to conduct discovery. Additionally, staying discovery until the Court determines whether Ambac is able to establish it

---

[3] In its sections of the Joint Status Report, the Oversight Board refers to the July 24, 2019 oral argument as a "hearing without testimony." Ambac does not understand the Court's use of the term "oral argument" to preclude consideration of declarations (*i.e.*, written testimony) in connection with the oral argument; rather, the Order appears to defer only ***live*** testimony and ***supplemental*** declarations until after the oral argument.

[4] Contrary to Ambac's position in its sections of the Joint Status Report and above footnote 3, the Oversight Board understands the July 24, 2019 hearing will be without written or live testimony.

5

has a secured claim against rum excise monies before they are deposited into an account at PRIFA will prevent the parties from having to incur what could be substantial costs and time to resolve factual questions that may never need to be determined.

### III. Proposed Schedule for Submission of Supplemental Declarations and Live Testimony

#### A. Ambac's Proposed Schedule for Testimony

10. Ambac proposes that any supplemental declarations be submitted by August 2, 2019, and that an evidentiary hearing be held for the taking of any live testimony on August 7, 2019.

#### B. The Oversight Board's Proposed Schedule for Testimony

11. The Oversight Board respectfully submits discovery should be stayed until after the Court rules on the threshold legal issues being briefed for the hearing without testimony at the July 24, 2019 Omnibus Hearing. Five variables make it difficult to estimate how much time would be required to complete discovery, if it is required.

   a. First, a significant amount of the discovery the Oversight Board understands Ambac wants to pursue would involve PRIFA and AAFAF.

   b. Second, there may be privilege and other disputed issues that would require the parties to meet and confer and potentially involve motion practice.

   c. Third, expert discovery may be required.

   d. Fourth, depositions and related discovery may be necessary in response to any supplemental declarations filed by Ambac.

   e. Fifth, if, as a result of the briefing and oral argument on the Lift Stay Motion, the Court on its own determines or any litigant meritoriously asserts there are material

6

disputed facts requiring an evidentiary hearing, it may be necessary to conduct discovery and submit evidence regarding such disputed facts.

12. The Oversight Board preliminarily proposes that any supplemental declarations be filed on August 28, 2019 and that any evidentiary hearing be scheduled in San Juan or New York for after the September 11, 2019 Omnibus Hearing. This proposal is without prejudice to the Oversight Board seeking leave to modify the schedule as appropriate.

Dated: June 10, 2019
     San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
Sonia Colón (USDC-PR No. 213809)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com
       scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
Dennis F. Dunne
Andrew M. Leblanc
Atara Miller
Grant R. Mainland
(admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5770
Facsimile: (212) 822-5770
Email: ddunne@milbank.com
      aleblanc@milbank.com
      amiller@milbank.com
      gmainland@milbank.com

***Attorneys for Ambac Assurance Corporation***

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Stephen L. Ratner (*pro hac vice*)
Timothy W. Mungovan (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: sratner@proskauer.com
Email: tmungovan@proskauer.com

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)