UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
                                                          :

In re:                                                       :

THE FINANCIAL OVERSIGHT AND          :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                                                      :

    as representative of                          :  Case No. 17-BK-3283 (LTS)
                                                        :

THE COMMONWEALTH OF PUERTO RICO *et al.*,  :  (Jointly Administered)
                                                          :

    Debtors.[1]                                                 :
------------------------------------------------------------------------ X

**URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD OF PUERTO RICO AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF ALL TITLE III DEBTORS (EXCEPT COFINA) FOR LIMITED
<u>RELIEF FROM SUPPLEMENTAL CASE MANAGEMENT ORDER</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

Pursuant to section 105(a) of the Bankruptcy Code and Rules 1007(i) and 2004 of the Federal Rules of Bankruptcy Procedure, made applicable to the above-captioned cases by sections 301 and 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through its Special Claims Committee (the "Special Claims Committee"), and the Official Committee of Unsecured Creditors of All Title III Debtors (except COFINA) (the "Committee;" together with the Oversight Board, the "Movants") respectfully submit this urgent motion (the "Urgent Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), permitting the Movants to amend complaints filed in certain adversary proceedings to add additional defendants such that the total number of defendants named in certain complaints may be greater than 100, and not more than 1,000. In support of this Urgent Motion, the Movants respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

2. Venue is proper pursuant to PROMESA § 307(a).

## STATUTORY PREDICATE

3. The Movants bring this Urgent Motion pursuant to 11 U.S.C. § 105(a) and the Federal Rules of Bankruptcy Procedure, made applicable to these Title III cases by sections 301 and 310 of PROMESA respectively, and with specific reference to the *Supplemental Case*

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101-2241.

*Management Order No. 1 Regarding Procedures in Connection with the Commencement of Adversary Proceedings* [ECF No. 6530] (the "CMO").

**MOTION**

4. The Movants herein incorporate by reference the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico for Entry of an Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated April 8, 2019 [ECF No. 6143] (the "First Urgent Motion") and the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico to Enforce Order Under Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* dated May 7, 2019 [ECF No. 6853] (the "Urgent Motion to Enforce," and together with First Urgent Motion, the "Urgent Motions"). As described in the Urgent Motions, among other documents filed on the docket, the Movants were required to commence litigation of all avoidance claims under sections 544, 547, 548, 550 of the Bankruptcy Code held by the Commonwealth not later than May 2, 2019, and by ERS not later than May 20, 2019.

5. The Court entered orders granting the First Urgent Motion and requiring certain parties to produce information prior to the statutes of limitations deadlines, to allow Movants to preserve their rights prior to such dates.[3]

6. In particular, the Urgent Motions concerned efforts to obtain discovery from financial institutions as record holders (defined therein as "Participant Holders") regarding the

---

[3] *See Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6384] (the "First Discovery Order"); *Further Order Pursuant to Bankruptcy Rules 1007(i) and 2004 Authorizing Discovery and Compelling Disclosure of Lists of Security Holders* [ECF No. 6493] (the "Second Discovery Order"); *Order Allowing Motions to Enforce* [ECF No. 6967] (the "Order on Motions to Enforce").

2

identities of beneficial holders of certain bonds, in order to possibly claw back principal and interest payments received by such beneficial holders.

7. Many of the Participant Holders did not produce the requested information prior to the statute of limitations expiration. Accordingly, the Movants filed complaints against certain of the Participant Holders, alleging in effect that such Participant Holders received the principal and interest payments from the Commonwealth and ERS and failed to identify any other party to which it had transferred such payments. As a result, the Movants alleged that the Participant Holders were also in such instance the beneficial holders of the bonds at issue. *See* Adv. Pro. Nos. 19-00281-00288 and 19-00355-00361 (the "Challenged Bonds Avoidance Actions"). (Indeed, numerous Participant Holders have confirmed that, at least to certain extents, they held the bonds for their own benefit.)

8. Several Participant Holders, however, have now produced to the Oversight Board documents indicating that they were not in fact beneficial holders, but merely conduits for holdings by third party beneficial holders. These beneficial holders, disclosed to the Oversight Board after the statute of limitations expiration, appear to be the appropriate defendants to the Challenged Bonds Avoidance Actions.

9. Accordingly, the Movants now propose to amend their Challenged Bonds Avoidance Action complaints to dismiss certain of the Participant Holders and to add the newly disclosed bondholders.[4]

10. The Oversight Board is not currently permitted to file the necessary amendments under the Court's Supplemental CMO. The Supplemental CMO provides that "until further order

---

[4] Certain of the Participant Holders may remain defendants in the complaint but will be identified by pseudonym. The transfer to pseudonym is required under the Second Discovery Order and Order on Motions to Enforce, because the information disclosed by the Participant Holders confirming their proprietary holdings and transfers received is "Confidential Information" as defined in the orders.

3

of the Court, the number of defendants named in any adversary proceeding complaint…must not exceed one hundred (100)." Certain of the Participant Holders have disclosed over 100 bondholders; thus, amendment to remove the Participant Holders and add appropriate defendants will result in more than 100 defendants being named to certain complaints.[5]

11. The Oversight Board has communicated with the office of the Clerk of Court regarding the procedures and technical and logistical limitations of adding more than 100, and not more than 1,000 defendants to a single amended complaint. <u>The Clerk of Court's office informed the Oversight Board that such amendment is feasible and not unduly burdensome.</u>

### **CERTIFICATION OF COMPLIANCE WITH LOCAL RULES AND CASE MANAGEMENT ORDER**

12. Pursuant to Paragraph I.H of the Case Management Procedures, Movants hereby certify that they have carefully examined the matter and concluded that there is a true need for an urgent motion; is has not created the urgency through any lack of due diligence; it has made a *bona fide* effort to resolve the matter without a hearing; and it has made reasonable, good-faith communications in an effort to resolve or narrow the issues that are being brought to the Court. No party has indicated that it will object to the relief requested herein.

13. The Court's Order on Motions to Enforce requires dismissal of Participant Holders within a limited time after certification of compliance with the order. The Oversight Board has received several such certifications over the past few weeks and, thus, will dismiss certain Participant Holders—adding appropriate defendants in substitution or correction thereof, in some cases—in the very near future.

---

[5] For the avoidance of doubt: the Movants propose to add the newly disclosed bondholders to the same adversary proceedings as the Participant Holders they replace.

4

## NOTICE

14. Movants have provided notice of this Urgent Motion to: (a) the Chambers of the Honorable Laura Taylor Swain; (b) the Office of the United States Trustee for the District of Puerto Rico; (c) AAFAF; (d) counsel for AAFAF; (e) counsel for the Oversight Board; (f) Counsel for the Committee; (g) counsel to any other statutory committee appointed in these Title III Cases; (h) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims in COFINA's Title III case; (i) counsel to any ad hoc bondholder group which has filed a Federal Rule of Bankruptcy Procedure 2019 statement in these Title III Cases; (j) counsel to the Participant Holders, to the extent known; (k) the Puerto Rico Department of Justice; and (l) all parties filing a notice of appearance in these Title III Cases. Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, Movants respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the relief requested herein, and granting Movants such other relief as this Court deems just and proper.

Dated: June 10, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

*/s/ Alberto Estrella*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

*/s/ John Arrastia*
GENOVESE JOBLOVE & BATTISTA, P.A
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
    (USDC-PR 218312)
Luis F. Llach Zúñiga
    (USDC-PR 222112)
Alberto J. E. Añeses Negrón, Esq.,
    (USDC-PR 302710)
Israel Fernández Rodriguez, Esq.,
    (USDC-PR 225004)
Juan C. Nieves González, Esq.,
    (USDC-PR 231707)
Cristina B. Fernández Niggermann, Esq.
    (USDC-PR 306008)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
Llach@cstlawpr.com
aaneses@cstlawpr.com
jfernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

6

# **Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.[1] :
------------------------------------------------------------------------ x

**[PROPOSED] ORDER GRANTING LIMITED EXCEPTION TO
SUPPLEMENTAL CASE MANAGEMENT ORDER**

Upon further consideration of the *Urgent Motion of the Financial Oversight and Management Board of Puerto Rico and the Official Committee of Unsecured Creditors of All Title III Debtors (Except COFINA) for Exception to Supplemental Case Management Order* dated June 10, 2019 [ECF No. ____] (the "Urgent Motion"),[2] the Court hereby FINDS AND DETERMINES that (i) the Court has jurisdiction to consider the Urgent Motion and the relief requested therein pursuant to section 310 of PROMESA; (ii) venue is proper before this Court pursuant to section 307(a) of PROMESA; (iii) due and proper notice of this Urgent Motion has been provided under

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

the particular circumstances and no other or further notice need by provided. Accordingly, it is

hereby **ORDERED** that:

1. The Urgent Motion is granted.

2. The Movants may file amended complaints in the Challenged Bonds Avoidance Actions, each of which may name more than one hundred (100) and not more than one thousand (1,000) defendants.

Dated: _____, 2019

_____
Honorable Laura Taylor Swain
United States District Court Judge

63419117 v4