**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

---------------------------------------------------------------------- x
: 
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-3283 (LTS)
 :
THE COMMONWEALTH OF PUERTO RICO *et al.,* : (Jointly Administered)
 :
    Debtors.[1] :
---------------------------------------------------------------------- x
 :
In re: :
 :
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
 :
    as representative of : Case No. 17-BK-3566 (LTS)
 :
THE EMPLOYEES RETIREMENT SYSTEM OF THE : **This filing relates only to Debtor**
GOVERNMENT OF THE COMMONWEALTH OF : **ERS and shall be filed in the lead**
PUERTO RICO, : **Case No. 17-BK-3283 (LTS) and**
 : **Case No. 17-BK-3566 (LTS)**
    Debtor. :
---------------------------------------------------------------------- x

**INFORMATIVE MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS REGARDING ITS MARCH 12, 2019 MOTION [DOCKET NO. 5589]
ESTABLISHING PROCEDURES WITH RESPECT TO OBJECTIONS TO CLAIMS
ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT
SYSTEM OF GOVERNMENT OF PUERTO RICO AND REQUESTING RELATED
<u>RELIEF</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA), including the Employees Retirement System of the Government of Puerto Rico ("ERS") (the "Committee"), hereby files this informative motion (the "Informative Motion") regarding the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* dated March 12, 2019 [Case No. 17-03283-LTS; Docket No. 5589] (the "ERS Claim Objection Procedures Motion"). In support of this Informative Motion, the Committee respectfully states as follows:

1. On March 12, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3566; Docket No. 381] and its *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3566; Docket No. 5586] (together, the "Committee's ERS Claim Objections").

2. The Committee's ERS Claim Objections sought the disallowance of all claims asserted against ERS based on the approximately $3.1 billion of outstanding bonds issued by ERS in 2008 (the "ERS Bonds," and the holders of such bonds, the "ERS Bondholders"). The Committee sought the disallowance of all such claims on the grounds that the ERS Bonds were issued *ultra vires* and thus are null and void and that the ERS Bondholders have no remedy against ERS with respect to the ERS Bonds.

3. The Committee also filed on March 12, 2019 its ERS Claim Objection Procedures Motion, seeking an order establishing notice and litigation procedures for the Committee's ERS Claim Objection. The procedures proposed in the ERS Claim Objection Procedures Motion (the "ERS Claim Objection Procedures") were based largely on the notice and litigation procedures initially approved by the Court with respect to the Commonwealth's general obligation bonds (the "GO Claim Objection Procedures") [Case No. 17-03283-LTS; Docket No. 5143].

4. The ERS Claim Objection Procedures Motion was initially scheduled to be heard at the April 24, 2019 omnibus hearing. However, the motion was adjourned to the omnibus hearing scheduled for June 12, 2019 because of, among other things, the need to coordinate certain aspects of a separate objection to the same ERS Bondholder claims filed by the Official Committee of Retired Employees of the Commonwealth of Puerto Rico (the "Retiree Committee").

5. Indeed, the Retiree Committee filed its *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth* [Case No. 17-3283; Docket No. 6482] (the "Retiree Committee's ERS Claim Objection") less than twenty-four hours before the April 24 omnibus hearing.

6. The Retiree Committee's ERS Claim Objection seeks, in addition to the disallowance of all ERS Bondholder claims asserted against ERS, the disallowance of all ERS Bondholder claims asserted against the Commonwealth. Like the Committee's ERS Claim Objections, the Retiree Committee's ERS Claim Objection seeks the disallowance of all ERS

Bondholder claims asserted against ERS on the grounds that the ERS Bonds were issued *ultra vires* and that the ERS Bondholders have no enforceable claim with respect to the ERS Bonds. Retiree Committee's ERS Claim Objection, at ¶¶ 65-93. The Retiree Committee's ERS Claim Objection also seeks the disallowance of such claims insofar as the ERS Bondholders allege a security interest in collateral other than employer contributions held by ERS as of the petition date to the extent such contributions are identifiable and segregable. *Id*. at ¶¶ 64 and 95-109.

7. In the Retiree Committee's ERS Claim Objection, the Retiree Committee indicated its support for the ERS Claim Objection Procedures Motion and requested that its objection "also be governed by the procedures approved by this Court." Retiree Committee's ERS Claim Objection, at ¶ 112.

8. The Committee believes that, in the interest of efficiency and judicial economy, the Retiree Committee's ERS Claim Objection, solely insofar as it addresses claims asserted against ERS, should be governed by the same procedures and litigated together with the Committee's ERS Claim Objections given that the Retiree Committee's objection also seeks the disallowance of such claims.

9. In addition, because the ERS Claim Objection Procedures attached as Exhibit A to the ERS Claim Objection Procedures Motion were based largely on the Court's GO Claim Objection Procedures, the proposed ERS Claim Objection Procedures must be conformed to proposed modifications to the GO Claim Objection Procedures that have now been sought in the *Amended Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Procedures With Respect to Omnibus Objections to Claims of Holders of Certain*

*Commonwealth General Obligation Bonds Issued in 2011, 2012 and 2014, and for Related Relief* filed on May 29, 2019 [Case No. 17-03283-LTS; Docket No. 7154] (the "Revised Procedures Motion"), which is scheduled to be heard by Judge Dein on June 26. As more fully explained in the Revised Procedures Motion, the proposed modifications are necessary because the initial procedures proved unworkable in certain critical respects, including the obligation to meet and confer with an unmanageable number of bondholders.

10. Attached hereto as **Exhibit A** are revised ERS Claim Objection Procedures that (a) provide that the Committee's ERS Claim Objections and the Retiree Committee's ERS Claim Objection (insofar as it seeks the disallowance of claims asserted against ERS) will be governed by the same procedures and (b) modify certain of the proposed procedures in conformity with the Revised Procedures Motion such that, among other things, meet and confer requirements will be limited to certain defined parties.

11. The Committee has consulted with the Retiree Committee with respect to this Informative Motion, and the Retiree Committee has no objection to the proposed consolidation of the Committee's ERS Claim Objections and the Retiree Committee's ERS Claim Objection in the ERS Title III case. However, the Retiree Committee believes that the portion of its objection dealing with claims against the Commonwealth should also be consolidated with the Committee's ERS Claim Objections. Although the Committee has no objection to this proposed additional consolidation, the proposed ERS Claim Objection Procedures attached hereto do not so provide at this time because the Committee's ERS Claim Objection Procedures Motion was filed only in the ERS Title III case, and not in the Commonwealth's Title III case.

12. The Committee also consulted with Jones Day, lead counsel to the ERS Bondholder group. The ERS Bondholders do not consent to the consolidation of the Retiree

5

Committee's Objection even if limited to claims asserted against ERS as reflected in the attached procedures, which are the proposed procedures previously agreed to by Jones Day and filed with the Court [Case No. 17-03283-LTS; Docket No. 6247] but with added references to the Retiree Committee's ERS Claim Objection and the procedural modifications discussed above. Attached hereto as **Exhibit B** is a redline showing the changes to the proposed procedures previously agreed to by Jones Day and filed with the Court. Despite attempts to resolve these consolidation issues, which attempts included direct discussions between the Retiree Committee's counsel and Jones Day, no agreement was reached.

13. Counsel for the Committee will address the proposed modifications to the procedures at the June 12 hearing.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Committee respectfully requests that the Court take notice of the foregoing.

Dated: June 10, 2019 */s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Diana M. Batlle-Barasorda, Esq., USDC - PR 213103
Alberto J. E. Añeses Negrón, Esq., USDC - PR 302710
Ericka C. Montull-Novoa, Esq., USDC - PR 230601
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787)523-3434
jcasillas@cstlawpr.com
dbatlle@cstlawpr.com
aaneses@cstlawpr.com
emontull@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors*