Hearing Date: June 14, 2019 at 1:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x
:
*In re* :
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, : (Jointly Administered)
*et al.*,[1] :
:
    Debtors. :
:
---------------------------------------------------------------x
:
*In re* :
: PROMESA
THE FINANCIAL OVERSIGHT AND : Title III
MANAGEMENT BOARD FOR PUERTO RICO, :
:
    as representative of : Case No. 17-BK-04780 (LTS)
:
PUERTO RICO ELECTRIC POWER : **Court Filing Relates Only to PREPA**
AUTHORITY (PREPA), :
:
    Debtor. :
---------------------------------------------------------------x

**REPLY IN FURTHER SUPPORT OF OMNIBUS MOTION OF CORTLAND
CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT,
AND SOLUS TO COMPEL DISCOVERY RESPONSES IN
<u>CONNECTION WITH PREPA RSA SETTLEMENT MOTION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Cortland Capital Market Services LLC ("Cortland"), solely as successor administrative agent for lenders under the Scotiabank Credit Agreement,[2] and SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC (collectively, "Solus"), as lenders to PREPA under the Scotiabank Credit Agreement and Citibank Credit Agreement, respectfully submit this reply in further support of their Motion to Compel and in response to the Joint Opposition filed by the Oversight Board, PREPA and AAFAF [Dkt. No. 1304]. For the reasons set forth in the Motion to Compel and below, the Settlement Proponents should either be precluded from disputing the priority of the Fuel Lines in seeking approval of the Settlement Motion or they should be required to produce documents relating to that topic, including in response to Requests for Production 5, 6, 8, 9, 10, 22 and 23. They should also be required to respond to interrogatories.[3]

1. As explained in the Motion to Compel, the Fuel Line Lenders financed $700 million in fuel oil purchases based on PREPA's express agreement that the Fuel Line loans are "Current Expenses" and thus are payable ahead of any bond debt. The Fuel Line Lenders will object to the Settlement Motion[4] on the ground, among others, that the Restructuring Support Agreement violates that priority. The RSA contemplates payments to bondholders ahead of the

---

[2] Capitalized terms have the same meanings as in the *Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* [Dkt. No. 1267] (the "Motion to Compel").

[3] Since the Motion to Compel was filed, the Fuel Line Lenders have reached consensual resolution of disputes relating to Requests for Production 12, 14, 15, 16, 17, 18, 20 and 21. In addition, given the resolution of those disputes, the Fuel Line Lenders are not seeking additional documents at this time in response to Request for Production 19. Issues relating to proposed custodians and privilege assertions are being addressed by the Creditors' Committee; Cortland and Solus join in the Committee's arguments.

[4] *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* [Dkt. No. 1235] (the "Settlement Motion").

Fuel Lines and, through a Most Favored Nations provision, prevents the Oversight Board from proposing a plan that respects the Fuel Lines' contractual priority. Unless the Settlement Proponents agree not to contest the Fuel Lines' priority status in connection with the settlement hearing, discovery regarding priority issues is plainly necessary.

2. In opposing the Motion to Compel, the Settlement Proponents contend that the Fuel Line Lenders' priority is "not in issue" in connection with the settlement. Dkt. No. 1304 ¶ 65. They insist that the "settlement embedded in the RSA does not address the Fuel Line Lenders' alleged priority in any way," that the Fuel Line Lenders' priority "is not being waived or undermined by the Definitive RSA," and that the Fuel Line Lenders can simply assert their priority rights "in the context of their own treatment under a PREPA plan." *Id.*

3. But those assertions are refuted by the RSA itself. The RSA contemplates large payments to PREPA's bondholders *before* any plan of adjustment is approved and *before* the Fuel Line Lenders are paid anything. Moreover, the RSA contains a Most Favored Nations provision, which would prohibit the Fuel Line Lenders from receiving more favorable treatment than the bondholders, despite the Fuel Line Lenders' priority status. *See* Settlement Motion Ex. A Sched. 1 (RSA) § 23. The RSA goes even further, providing a veto to bondholders over *any* restructuring agreement between the Oversight Board and the Fuel Line Lenders, no matter what the terms. *See* RSA § 7(a)(x). Under longstanding case law, settlements of this kind — which violate state-law priority rights and dictate the terms of any future plan — are improper.[5]

---

[5] *See, e.g.*, *In re CP del Caribe, Inc.*, 140 B.R. 320, 326-27 (Bankr. D.P.R. 1992) (denying Rule 9019 motion, as not "fair and equitable," where settlement would pay creditors outside of a plan ahead of creditors of equal or higher priority and "would endanger debtors' negotiations with" a priority creditor); *In re Liberia Alma Mater, Inc.*, 123 B.R. 698, 700 (Bankr. D.P.R. 1991) (denying approval of settlement which proposed to "afford [a] creditor a preferred treatment not authorized by" the Bankruptcy Code).

4. The priority issue, accordingly, is undoubtedly relevant to the settlement hearing. Nonetheless, when the Settlement Proponents refused to produce any documents concerning priority, the Fuel Line Lenders were willing to forgo that discovery if the Settlement Proponents would simply commit — consistent with their repeated assertions that priority has "no bearing" on the Settlement Motion (*e.g.*, Motion to Compel, Ex. C at 14) — not to contest priority for purposes of this motion. But they have not made that commitment. Instead, all they have said is that they "do not intend to *affirmatively* put the priority of the Fuel Line Loans into question," Dkt. No. 1304 ¶ 68 (emphasis added), which is to say nothing at all, because the Settlement Proponents would of course prefer to obtain the relief they seek without addressing priority issues. As explained above, however, the Fuel Line Lenders will themselves have to raise the priority issue to avoid being prejudiced by the RSA. Accordingly, as the Settlement Proponents acknowledge in a footnote, they could be "requir[ed] . . . to respond" and "offer[] evidence in rebuttal" to the Fuel Line Lenders' priority-based objections to the settlement. *Id.* ¶ 65 n.36.

5. In the same footnote (*id.*), the Settlement Proponents appear to argue that they are only required to provide discovery on issues that they raise "affirmatively," and not on matters they may raise "in rebuttal." That is clearly wrong. Under Federal Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's *claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). The Fuel Line Lenders are thus fully entitled to discovery in connection with their objection, including as to priority issues. *See, e.g.*, *Diaz-Garcia* v. *Surillo-Ruiz*, 45 F. Supp. 3d 163, 168 (D.P.R. 2014) (granting motion to compel production of documents relevant to defenses); *Westernbank Puerto Rico* v. *Kachkar*, 2009 WL 10681125, at *2 (D.P.R. Apr. 7, 2009) ("[D]efendants in such a high-stakes matter are well within their rights to seek discovery in

support of their defenses from multiple sources so long as that discovery comports with the federal rules and does not infringe on any privileges.").

6. The Settlement Proponents' assertion that discovery on priority issues is not necessary — because the lenders already have information on that topic, or because the issues are addressed in the Trust Agreement (Dkt. No. 1304 ¶¶ 66, 67) — is equally unpersuasive. Although the Fuel Line Lenders believe their priority is clearly established in the governing agreements, the course of conduct by all parties provides independent support for that priority. In particular, the Fuel Line Lenders anticipate that the record will reflect that PREPA has consistently reaffirmed that the Fuel Line Advances are entitled to priority, including in dealings with the bondholders. Each of the disputed document requests seeks information regarding that course of conduct:

- RFPs 5 and 6 seek communications between the Settlement Proponents and PREPA's bondholders regarding the priority and Current Expense status of the Fuel Line Advances. Documents responsive to this request will bear on PREPA's own consistent position that the Fuel Line Advances are Current Expenses, as well as the understanding of PREPA's bondholders that their loans were subordinate to the Fuel Line Advances. *See* Motion to Compel Ex. A at 12.

- RFPs 8-10 seek documents showing PREPA's pre-petition borrowing requests and repayments under the Fuel Lines. The record relating to PREPA's borrowings is expected to establish that the Fuel Line Advances were used to purchase fuel, and records showing timely repayments will establish that the Fuel Line Advances were short-term advances treated at all times as Current Expenses. *See id.* at 13.[6]

- RFPs 22 and 23 seek documents "relating to the Current Expense treatment or priority of loans" under the Fuel Lines, including documents relating to the negotiation of those loans. Documents relating to the

---

[6] Those materials may be in the possession of Citibank and Scotiabank de Puerto Rico, as the original lender and agent, and the Fuel Line Lenders may seek to obtain the documents from those sources. However, PREPA is the best source of this information, and nothing in the Federal Rules of Civil Procedure prevents seeking relevant documents from more than one source. *See Westernbank*, 2009 WL 10681125, at *2 (defendants were entitled to seek material "from multiple sources").

origination and negotiation of the Fuel Lines will again confirm that the lenders' willingness to advance funds under the Fuel Lines was predicated on their treatment as Current Expenses, and that PREPA and other interested parties fully intended and structured the Fuel Line facilities so they would receive priority treatment. *See id.* at 15-16.

7. Even when a contract may be clear on its face, evidence regarding course of conduct is a proper subject of discovery. *See Autoridad de Carreteras y Transportacion* v. *Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) (permitting discovery relating to extrinsic evidence in contract dispute while reserving admissibility of such evidence for later decision). Here, given the critical importance of the priority issue to the Fuel Line Lenders' opposition to the settlement and to any plan of adjustment that does not respect their priority rights, it would be wholly unfair to allow the Settlement Proponents to litigate the Fuel Line Lenders' priority, on rebuttal or otherwise, on less than a robust and complete record.

8. Finally, the Settlement Proponents' argument regarding interrogatories — namely that the Fuel Line Lenders did not comply with the Scheduling Order to the extent they asked the Settlement Proponents to identify individuals with knowledge of certain topics — should also be rejected. The agreed-to limitation on interrogatories to those concerning "identification of witnesses only" does not mean that potential objectors were only permitted to ask for the identities of witnesses that *the Settlement Proponents* planned to call in support of their case. Dkt. No. 1253 ¶ 1(a). Under that view, the only permissible interrogatory would have been a request for a witness list, which was due just one day later under the Discovery and Scheduling Order. Under this narrow interpretation of the order, interrogatories would have been superfluous.[7] The better reading of the Discovery and Scheduling Order is that interrogatories

---

[7] Notably, the Oversight Board objected to the one interrogatory that they now say was permissible, on the basis that the witness lists were due the next day, and AAFAF and PREPA simply responded that they would provide the information requested pursuant to the Scheduling Order. *See*

-6-

were limited to determining who might have relevant information and thus could be called as a witness. On that basis, the Fuel Line Lenders served interrogatories on the Settlement Proponents seeking, *inter alia*, identification of persons involved in the negotiation of the Fuel Lines, as well as persons with knowledge of the PREPA bondholders' alleged collateral. *See* Motion to Compel, Ex. B at 7. The Settlement Proponents failed to respond to a single one of those interrogatories, and they should be required to do so.

9. For the foregoing reasons, in addition to requiring the Settlement Proponents to respond to interrogatories, the Court should either preclude the Settlement Proponents from presenting evidence or argument at trial regarding priority issues or it should grant the Motion to Compel with respect to Requests for Production 5, 6, 8, 9, 10, 22 and 23.

10. An updated proposed order, which reflects the resolutions reached with the Settlement Proponents since the filing of the Motion to Compel, is appended hereto.

---

Motion to Compel, Ex. D at 9 ("The Oversight Board objects to this Interrogatory as untimely and because it seeks to impose a duty in excess of, or contrary to the obligations imposed by the Governing Rules or any other Court order. The Oversight Board will provide this information in accordance with the scheduling ordered entered by the Court in this proceeding."); *id.* Ex. F at 8 (stating that AAFAF will provide the requested information consistent with the Scheduling Order); *id.* Ex. H at 7-8 (PREPA providing same response).

Dated: June 10, 2019                          Respectfully submitted,

*/s/ Nayuan Zouairabani*
Nayuan Zouairabani
USDC-PR No. 226411
MCCONNELL VALDÉS LLC
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-5604
Facsimile: (787) 759-9225
Email: nzt@mcvpr.com

*/s/ Emil A. Kleinhaus*
Richard G. Mason (admitted *pro hac vice*)
Amy R. Wolf (admitted *pro hac vice*)
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Joseph C. Celentino (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Email: rgmason@wlrk.com
        arwolf@wlrk.com
        eakleinhaus@wlrk.com
        akherring@wlrk.com
        jccelentino@wlrk.com

*Attorneys for Cortland Capital Market Services LLC, as Administrative Agent*

*/s/ Jose L. Ramirez-Coll*
Jose L. Ramirez-Coll
USDC-PR No. 221702
ANTONETTI, MONTALVO
& RAMIREZ-COLL
1225 Ponce de Leon Avenue
San Juan, Puerto Rico 00907
Telephone: (787) 977-0303
Facsimile: (787) 977-0323
Email: jramirez@amrclaw.com

*/s/ Bryce L. Friedman*
Bryce L. Friedman (admitted *pro hac vice*)
Nicholas Baker (admitted *pro hac vice*)
Sarah E. Phillips (*pro hac* pending)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: bfriedman@stblaw.com
        nbaker@stblaw.com
        sarah.phillips@stblaw.com

*Attorneys for SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------ x
                                                             :
                                                             :
In re                                                        :
                                                             :   PROMESA
THE FINANCIAL OVERSIGHT AND                                  :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                            :
                                                             :
     as representative of                                    :   Case No. 17-BK-3283 (LTS)
                                                             :
THE COMMONWEALTH OF PUERTO RICO,                             :   (Jointly Administered)
et al.,¹                                                     :
                                                             :
     Debtors.                                                :
                                                             :
------------------------------------------------------------ x
                                                             :
In re                                                        :
                                                             :
                                                             :   PROMESA
THE FINANCIAL OVERSIGHT AND                                  :   Title III
MANAGEMENT BOARD FOR PUERTO RICO,                            :
                                                             :
     as representative of                                    :   Case No. 17-BK-04780 (LTS)
                                                             :
PUERTO RICO ELECTRIC POWER                                   :
AUTHORITY (PREPA),                                           :
                                                             :
     Debtor.                                                 :
------------------------------------------------------------ x
```

**[PROPOSED] ORDER GRANTING OMNIBUS MOTION OF CORTLAND CAPITAL MARKET SERVICES LLC, AS ADMINISTRATIVE AGENT, AND SOLUS TO COMPEL DISCOVERY RESPONSES IN <u>CONNECTION WITH PREPA RSA SETTLEMENT MOTION</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of the *Omnibus Motion of Cortland Capital Market Services LLC, as Administrative Agent, and Solus to Compel Discovery Responses in Connection with PREPA RSA Settlement Motion* (the "Motion"),[2] filed on June 3, 2019, and it appearing that (i) the Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); (ii) venue of this proceeding and the Motion is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); (iii) notice of the Motion was adequate and proper under the circumstances and no further or other notice need be given; and after due deliberation and sufficient cause appearing therefor, the Court concludes that Cortland Capital Market Services LLC, as administrative agent, SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD and Ultra NB LLC have satisfied the requirements for an order compelling production of documents and interrogatory responses pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rules 7026 and 7037 of the Federal Rules of Bankruptcy Procedure and 48 U.S.C. § 2170,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Oversight Board, AAFAF and PREPA (the "Settlement Proponents") shall, no later than June ___, 2019: (a) produce all non-privileged documents responsive to Requests for Production 5, 6, 8, 9, 10, 22 and 23 set forth in Exhibit A to the Motion; and (b) respond to all of the interrogatories set forth in Exhibit B to the Motion.

3. The Settlement Proponents' failure to produce documents responsive to Requests for Production 5, 6, 8, 9, 10, 22 and 23 precludes the Settlement Proponents from advancing any

---

[2] Capitalized terms not defined have the meanings given in the Motion.

-3-

arguments or submitting any evidence regarding the priority status, including the "Current Expense" status, of the Fuel Lines at or in advance of the hearing on the Settlement Motion.

Dated: _____, 2019

                                                                     Honorable Judith G. Dein
                                                                     United States Magistrate Judge