# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03566 (LTS) |

**RESPONSE OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO THE INFORMATIVE MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING ITS MARCH 12, 2019 MOTION [DOCKET NO. 5589] ESTABLISHING PROCEDURES WITH RESPECT TO OBJECTIONS TO CLAIMS ASSERTED BY HOLDERS OF BONDS ISSUED BY EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF PUERTO RICO <u>AND REQUESTING RELATED RELIEF</u>**

Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund L.P., Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P.,[1] Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., and SV Credit, L.P. (the "ERS Bondholders"), certain secured creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), hereby respond to the *Informative Motion of Official Committee of Unsecured Creditors Regarding its March 12, 2019 Motion [Docket No. 5589] Establishing Procedures With Respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Docket No. 7352 in Case No. 17-bk-03283 and Docket No. 551 in Case No. 17-bk-03566] (the "Informative Motion") filed by the Official Committee of Unsecured Creditors (the "UCC"). The ERS Bondholders state as follows:

1. On March 12, 2019, the UCC filed its *Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System Of Government Of Puerto Rico* [Docket No. 5580 in Case No. 17-bk-03283 and Docket No. 381 in Case No. 17-bk-03566] (the "UCC Objection"), seeking to disallow all claims asserted

---

[1] Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., and Oaktree Opportunities Fund IX (Parallel 2), L.P. hold through Opps Culebra Holdings, L.P. Oaktree Huntington Investment Fund II, L.P. holds through Oaktree Opportunities Fund X Holdings (Delaware), L.P. Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., and Oaktree Opportunities Fund X (Parallel 2), L.P. hold through Oaktree Opps X Holdco Ltd.

- 1 -

against ERS based on ownership of ERS bonds. The UCC Objection argued that the ERS Bonds are null and void because they were issued *ultra vires* and cannot be validated under § 8-202 of the Uniform Commercial Code. The UCC also filed the *Motion of Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures with respect to Objections to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico and Requesting Related Relief* [Docket No. 5589 in Case No. 17-bk-03283 and Docket No. 386 in Case No. 17-bk-03566] (the "UCC Procedures Motion") seeking to establish a process for resolving the UCC Objection, and attached proposed procedures as Exhibit 2 (the "UCC Proposed Procedures").

2. Objections to the UCC Procedures Motion were due on April 9, 2019, at 4:00 PM AST. On the same day, the UCC advised the Court that it had reached an agreement with the ERS Bondholders to extend their objection deadline to April 12, 2019, at 4:00 PM AST, so that the parties could continue to confer in an attempt to resolve the ERS Bondholders' objections. On April 12, 2019, the UCC advised the Court that it had reached an agreement with the ERS Bondholders to further extend their objection deadline to April 15, 2019, at 4:00 PM AST, so that that parties could continue to confer.

3. Subsequently, the ERS Bondholders and the UCC reached an agreement that resolved the ERS Bondholders' objections to the Procedures Motion. On April 15, 2019, the UCC filed a revised order, which included revised UCC Proposed Procedures that resolved the ERS Bondholders' objections to the Procedures Motion as filed (the "UCC Revised Proposed Procedures"). *See* Docket No. 6247 in Case No. 17-bk-03283 and Docket No. 442 in Case No. 17-bk-03566.

4. Also on April 15, 2019, the ERS Bondholders reserved all rights to object to the UCC Procedures Motion on any grounds at any time in the future should the UCC Proposed Procedures change in any way from the agreed-upon filed version of the UCC Revised Proposed Procedures. *See* Docket No. 6258 in Case No. 17-bk-03283 and Docket No. 444 in Case No. 17-bk-03566.

5. On April 23, 2019, less than twenty-four hours before the April 24 omnibus hearing, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico ("Retiree Committee") filed its *Omnibus Objection of the Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds Against ERS and the Commonwealth*, Docket No. 6482 in Case No. 17-bk-03283 and Docket No. 469 in Case No. 17-bk-03566 (the "Retiree Committee's Objection"). The Retiree Committee's Objection raised the same *ultra vires* issue raised in the UCC Objection, but also raised a host of other issues, including (a) that the ERS Bondholders cannot assert claims against the Commonwealth in connection with the ERS Bonds, (b) that the ERS Bondholders improperly assert post-petition claims against ERS and the Commonwealth, (c) that employer contributions are not "special revenues," and (d) that § 552(b) of the Bankruptcy Code is inapplicable to the Bondholders' liens.

6. The UCC Procedures Motion was initially scheduled to be heard at the April 24, 2019 omnibus hearing. However, in part because of the Retiree Committee's Objection filed on the eve of the hearing, the Court adjourned it to the omnibus hearing scheduled for June 12, 2019. *See* April 24, 2019, Omnibus Hr'g Tr. at 25:10–26:17. Counsel for the UCC advised the Court that "hopefully . . . in the next ten days or so," the Committees would "come back to Your Honor" on the issue. *Id.* at 25:16–19.

7. Between April 24 and June 5, 2019, the ERS Bondholders heard nothing from the UCC or the Retiree Committee regarding the UCC Procedures Motion. On June 5, 2019, the ERS Bondholders contacted the UCC and the Retiree Committee to understand how they intended to proceed at the omnibus hearing. In response, the Retiree Committee sent the ERS Bondholders proposed procedures that ignored all of the agreements the ERS Bondholders made with the UCC (reflected in the filed Revised Proposed Procedures). The Retiree Committee also sought to consolidate resolution of its objections with the UCC Objection, notwithstanding the fact that the Retiree Committee's Objection raises a host of additional legal issues, some of which are being litigated in other adversary proceedings. *See, e.g.*, *Order Denying Motion of Debtor for Leave to File an Amended And Supplemented Adversary Complaint*, Docket No. 248 in Case No. 17-213 (noting that "[t]he Court will determine the outstanding summary judgment issues concerning Section 552 of the Bankruptcy Code . . . as promptly as feasible based on the pleadings enumerated in Exhibit B"). The ERS Bondholders noted their objection to such an approach. The ERS Bondholders also suggested that the Committees include the Oversight Board in discussions so that the parties could come up with a sensible way to litigate the issues raised in both objections.

8. The ERS Bondholders did not hear from the Committees until the UCC's Informative Motion, filed yesterday, less than 48 hours before the June 12 omnibus hearing. In its motion, the UCC asks that both the UCC Objection and the Retiree Committee's Objection be governed by revised procedures (attached to its motion).

9. The ERS Bondholders object to the Court's consideration of the Informative Motion and the Committees' proposed procedures at the June 12 omnibus hearing. There is no motion properly noticed for the June 12 hearing that would permit the Court to consider the Committees' proposed procedures. No motion was filed or noticed within the appropriate timeframe to give

parties an opportunity to respond before the June 12 omnibus hearing. In fact, the Retiree Committee never noticed its objection or any procedures for a hearing at all.

10. The ERS Bondholders respectfully request that the Court consider the revised procedures proposed by the Committees in the Informative Motion only upon the filing of an appropriate motion that provides notice and a meaningful opportunity to respond. As noted above, the Retiree Committee's Objection overlaps with other contested matters and adversary cases, some of which are already fully briefed and under consideration by this Court. *See supra* ¶¶ 5, 7. In addition, there are significant questions about the Retiree Committee's standing and other issues that the Bondholders expect to raise when given the appropriate opportunity to respond.

11. For these reasons, the ERS Bondholders respectfully request that the Informative Motion be adjourned from the June 12, 2019, omnibus hearing.

In San Juan, Puerto Rico, today June 11, 2019.

By:

| | |
|---|---|
| */s/ Alfredo Fernández-Martínez* <br> Alfredo Fernández-Martínez <br> DELGADO & FERNÁNDEZ, LLC <br> PO Box 11750 <br> Fernández Juncos Station <br> San Juan, Puerto Rico 00910-1750 <br> Tel. (787) 274-1414 <br> Fax: (787) 764-8241 <br> afernandez@delgadofernandez.com <br> USDC-PR 210511 | */s/ Bruce Bennett* <br> Bruce Bennett (*pro hac vice*) <br> JONES DAY <br> 555 South Flower Street <br> Fiftieth Floor <br> Los Angeles, California 90071 <br> Tel. (213) 489-3939 <br> Fax: (213) 243-2539 <br> bbennett@jonesday.com <br><br> Benjamin Rosenblum (*pro hac vice*) <br> JONES DAY <br> 250 Vesey Street <br> New York, New York 10281 <br> Tel. (212) 326-3939 <br> Fax: (212) 755-7306 <br> brosenblum@jonesday.com <br><br> Geoffrey S. Stewart (*pro hac vice*) <br> Beth Heifetz (*pro hac vice*) <br> Sparkle L. Sooknanan (*pro hac vice*) <br> JONES DAY <br> 51 Louisiana Ave. N.W. <br> Washington, DC 20001 <br> Tel. (202) 879-3939 <br> Fax: (202) 626-1700 <br> gstewart@jonesday.com <br> bheifetz@jonesday.com <br> ssooknanan@jonesday.com |

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Crown Managed Accounts for and on behalf of Crown/PW SP, Glendon Opportunities Fund, L.P., LMA SPC for and on behalf of Map 98 Segregated Portfolio, Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel), L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Huntington Investment Fund II, L.P., Oaktree Opportunities Fund X, L.P., Oaktree Opportunities Fund X (Parallel), L.P., Oaktree Opportunities Fund X (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Oceana Master Fund Ltd., Ocher Rose, L.L.C., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd. and SV Credit, L.P.*