Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

### NOTICE OF HEARING FOR
### OBJECTION OF PUERTO RICO SALES TAX
### FINANCING CORPORATION TO SUBORDINATED PROOF
### OF CLAIM OF ANNETTE ROMAN MARRERO RETIREMENT PLAN
### REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 26763)

**PLEASE TAKE NOTICE** that, on June 12, 2019, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Subordinated Proof of Claim of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR (Claim No. 26763)* (the "Objection") with the United States District Court for the District of Puerto Rico (the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

"Court"), seeking to disallow the subordinated Proof of Claim No. 26763 filed by Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court and must be served upon and received by the undersigned counsel for COFINA by **4:00 p.m. (Atlantic Time)** on **July 9, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m. (Atlantic Time)** on **July 24, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

| | |
|---|---|
| Dated: June 12, 2019<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Ricardo Burgos Vargas*<br>Ricardo Burgos Vargas<br>USDC No. 218210<br>**ADAMES-SOTO LAW FIRM**<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764<br>Fax: (787) 763-8260<br><br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for COFINA* |

Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

## OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO SUBORDINATED PROOF OF CLAIM OF ANNETTE ROMAN MARRERO RETIREMENT PLAN REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 26763)

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to the subordinated claim (Proof of Claim No. 26763) of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR ("Claimant"), and in support of the Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## JURISDICTION

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

### A. The COFINA Title III Case

3. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

4. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009 (the "COFINA Resolution"), and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds"). Bank of New York Mellon serves as Trustee with respect to the Bonds.

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").

6. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652][3] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

Case:17-03283-LTS Doc#:7393 Filed:06/12/19 Entered:06/12/19 16:04:24 Desc: Main
Document Page 6 of 14

*the Puerto Rico Sales Tax Financing Corporation* [ECF No. 4364] on November 26, 2018. The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

7. On February 4, 2019, the Court confirmed the Plan. *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Confirmation Order"). The Plan became effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF No. 587]. Pursuant to consummation of the Plan, distributions have been made to holders of COFINA bonds, and all other debts owed by COFINA have been discharged.

**B. The Bar Date Orders and COFINA Claims**

8. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the COFINA Title III Case. Upon the informative motion of certain creditors, and the

3

support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

9. To date, over 168,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA, totaling approximately $10.1 trillion in asserted claims. As noted above, as COFINA is and was a special purpose entity with only approximately $17 billion of funded indebtedness, it was clear that substantially all of such claims were inappropriate.

10. By orders, dated January 31, 2019, February 7, 2019, March 26, 2019, March 27, 2019, and April 2, 2019, and following hearings on January 31, 2019, and March 13, 2019, the Court granted omnibus objections and individual objections related to over 3,100 proofs of claim filed against COFINA, resulting in these proofs of claim being disallowed or reclassified to be asserted against another of the Debtors. Objections to another thirteen claims filed against COFINA currently remain pending before the Court. Additionally, over 350 claims asserted against COFINA have been withdrawn, pursuant to stipulations or notices of withdrawal.

C. **Subordinated Proof of Claim at Issue**

11. On or about June 12, 2018, Claimant filed a claim against COFINA for "principal, interest, attorney's fees, and other fees and expenses," as well as a claim for "[u]nliquidated claims, including but not limited to, all claims or counterclaims that have been or may be asserted by COFINA bondholders against the Debtor in the interpleader action captioned *The Bank of New*

4

*York Mellon v. Puerto Rico Sales Tax Financing Corp.*, Adv. Proc. No. 17-00133-LTS (D.P.R.)," which was logged by Prime Clerk as Proof of Claim No. 26763 (the "Claim").

12. On December 19, 2018, COFINA filed an individual objection to the Claim seeking to partially disallow and partially subordinate the Claim. *See Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR (Claim No. 26763)* [ECF No. 4526]. The Court granted this prior objection on March 26, 2019, disallowing the Claim to the extent it was duplicative of one or more master proofs of claim filed in the COFINA Title III Case, and subordinating the remainder of the Claim to Class 10 of the Plan, pursuant to 11 U.S.C. § 510(b). *See Order Granting Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR (Claim No. 26763)* [ECF No. 6022]. This Objection seeks to disallow the remaining subordinated portion of the Claim.

**OBJECTION TO PROOF OF CLAIM**

13. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). Here, the remaining, subordinated portion of the Claim should be disallowed as released and discharged in accordance with the Plan and Amended Confirmation Order. Pursuant to Paragraph 29 of the Amended Confirmation Order, "all distributions and rights afforded under the Plan shall be, and shall be deemed to be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against COFINA that arise, in whole or in part, prior to the Effective Date, relating to COFINA . . . including any interest accrued on such Claims from and after the Petition Date . . . ." Amended Confirmation Order, ¶ 29(a).[4] Furthermore, the

---

[4] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

5

Amended Confirmation Order provides that, "[u]pon the Effective Date, COFINA and Reorganized COFINA shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date . . . ." Amended Confirmation Order, ¶ 29(a). Similarly, under section 944 of the Bankruptcy Code, incorporated into PROMESA by PROMESA § 301(a), a debtor is discharged from all debts as of confirmation, regardless whether a creditor has accepted the plan. 11 U.S.C. § 944; *see also Barraford v. T & N Ltd.*, 778 F.3d 258, 261 (1st Cir. 2015) (holding that, in Chapter 11, the debtor "receives a discharge of liability for the claims" upon plan confirmation); 6 COLLIER ON BANKRUPTCY ¶ 944.03 (same in Chapter 9). Because the Plan has been confirmed, and because the Claim was filed prior to the Effective Date and asserts claims and causes of action against COFINA that arose prior to the Effective Date, the Claim has been released and discharged, pursuant to Paragraph 29 of the Amended Confirmation Order and 11 U.S.C. § 944.

14. Additionally, the Plan provides that, "[o]n the Effective Date, pursuant to the Settlement Order and the Confirmation Order, . . . the Actions shall be dismissed with prejudice, and Claims and causes of action asserted therein by any party to the Actions shall be deemed dismissed, with prejudice." Plan § 2.1(c). The Plan defines "Actions" to include *The Bank of New York Mellon v. Puerto Rico Sales Tax Financing Corporation, et al.*, Adv. Pro. No. 17-133-LTS, which Claimant referenced as the basis for its claim. Accordingly, Claimant's claims pursuant to such action have been dismissed with prejudice pursuant to the Plan and Amended Confirmation Order. For this reason as well, COFINA requests that the Claim be disallowed in its entirety.

---

equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

15. Claimant will not be prejudiced by the disallowance of the Claim. Article XIV of the Plan provides that "[a]llowed Section 510(b) Subordinated Claims shall not receive a distribution pursuant to the Plan." Because the Court has already held that the Claim is subordinated to Class 10 of the Plan, pursuant to 11 U.S.C. § 510(b), Claimant would not be receiving a distribution, even if the Claim were allowed.

## RESERVATION OF RIGHTS

16. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever. COFINA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against COFINA; (b) a waiver of COFINA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

17. COFINA has provided notice of this Objection to (a) the individual creditor subject to this Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: June 12, 2019
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC No. 218210
A&S LEGAL STUDIO, PSC
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## EXHIBIT A

**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

**ORDER GRANTING OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO SUBORDINATED PROOF OF CLAIM OF ANNETTE ROMAN MARRERO RETIREMENT PLAN REPRESENTED BY UBS TRUST COMPANY OF PR (CLAIM NO. 26763)**

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Subordinated Proof of Claim of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR (Claim No. 26763)* (the "Objection"),[2] dated June 12, 2019, of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in its entirety the subordinated portion of the claim of Annette Roman Marrero Retirement Plan Represented by UBS Trust Company of PR (Proof of Claim No. 26763) (the "Claim"), as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and to grant the relief

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Objection.

requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claim is hereby disallowed in its entirety; and it is further

ORDERED that Prime Clerk is authorized and directed to delete the Claim from the official claims register in the COFINA Title III Case; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

Honorable Judge Laura Taylor Swain
United States District Judge

2