**Hearing Date:  October 30, 2019 at 9:30 a.m. (Atlantic Time)**
**Objection Deadline:  July 8, 2019 at 4:00 p.m. (Atlantic Time)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | Case No. 17-BK-3283 (LTS) |
| THE COMMONWEALTH OF PUERTO RICO, *et al.,* Debtors.[1] | (Jointly Administered) |

## FINAL APPLICATION OF BETTINA M. WHYTE, IN HER CAPACITY AS THE COFINA AGENT, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM AUGUST 3, 2017 THROUGH FEBRUARY 12, 2019

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

## <u>EXHIBITS</u>

Exhibit 1       Certification of Bettina M. Whyte

Exhibit 2       Compensation by Professional for the Application Period

Exhibit 3       Summary of Expenses for the Application Period

Exhibit 4       Summary of Time by Billing Category for the Application Period

Exhibit 5       Budget and Staffing Plans

Exhibit 6       Court Appointment of Bettina M Whyte

**SUMMARY SHEET TO THE FINAL APPLICATION OF BETTINA M WHYTE, AS
THE COFINA AGENT, FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM
AUGUST 3, 2017 THROUGH FEBRUARY 12, 2019[1]**

| | |
|---|---|
| Name of Applicant | Bettina M Whyte |
| Petition date | May 5, 2017 for COFINA (as defined below) |
| Date of Retention | August 10, 2017<br>*Nunc Pro Tunc* to August 3, 2017 |
| Period for which compensation and reimbursement is sought | August 3, 2017 through February 12, 2019 |
| Amount of compensation sought as actual, reasonable, and necessary | $1,098,223.50[2] |
| Amount of expense reimbursement sought as actual, reasonable, and necessary | $40,397.88[3] |
| Estimate of post-Final Application compensation for prosecution of fee applications | $20,000.00 |
| Are your fee or expense totals different from the sum of previously-served monthly statements | No |
| Blended rate in this Application for all timekeepers | $1,066.64 |
| Total compensation approved by interim order to date | $939,453.50 |
| Total expenses approved by interim order to date | $38,710.90 |
| Total compensation paid to date (including monthly fees not yet allowed by interim order) | $1,088,682.54 (100% fees through September 2018, 90% fees for October through December 2018, 90% fees for January 2019 less 20%, and 90% fees for February 1-12, 2019 less 20%) |
| Total expenses paid to date (including monthly expenses not yet allowed by interim order) | $40,397.88 (100% expenses through February 12, 2019) |
| Compensation sought in this Application already paid pursuant to a monthly compensation order, but not yet allowed by interim order | $115,005.52 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order, but not yet allowed by interim order | $1,686.98 (100% of October 2018 through February 12, 2019 expenses) |

---

[1]   The Application Period includes limited services after February 12, 2019, only in respect of fee applications.

[2]   Reflects fee adjustments in the amount of $49,851.50 as agreed by the COFINA Agent and the Fee Examiner for the First, Second, Third, and Fourth Interim Periods.

[3]   Reflects expense adjustments in the amount of $9,502.12 as agreed by the COFINA Agent and the Fee Examiner for the First, Second, Third, and Fourth Interim Periods.

| | |
|---|---|
| Number of professionals with time included in this Application | 2 |
| If applicable, number of professionals in this Application not included in staffing plans approved by client | 0 |
| If applicable, difference between fees budgeted and compensation sought for this period | Fees Budgeted: $1,808,950.00[4]<br>Fees Sought: $1,098,223.50<br>Difference: $710,727.00 |
| Number of professionals billing fewer than 15 hours to the case during this period | 0 |
| Are any timekeeper's hourly rates higher than those charged and approved upon retention?  If yes, calculate and disclose the total compensation sought in this Application using the rate originally disclosed in the retention application. | No |

This is a <u>final</u> application.

---

[4] Fees Budgeted do not include any amounts for periods prior to March 1, 2018.

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| 12/15/2017 Dkt. No. 2685 | 08/3/2017 – 09/30/2017 | $264,460.00 | $21,392.86 | $249,186.50[5] | $16,777.16[6] |
| 03/19/2018 Dkt. No. 3279 | 10/01/2017 – 01/31/2018 | $160,945.00 | $5,340.56 | $141,847.00[7] | $3,115.48[8] |
| 07/16/2018 Dkt. No. 4508 | 02/01/2018- 05/31/2018 | $448,730.00 | $18,649.09 | $433,250.00[9] | $16,739.13[10] |
| 11/16/2018 Dkt. No. 5654 | 06/01/2018- 09/30/2018 | $115,170.00 | $2,830.51 | $115,170.00 | $2,079.13[11] |
| 03/18/19 Dkt. No. 5780 | 10/01/2018- 02/12/2019 | $158,770.00 | $1,686.98 | Pending | Pending |
| Total fees and expenses approved by interim orders to date: | | | | $939,453.50 | $38,710.90 |

---

[5]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her fees in the amount of 15,273.50.

[6]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her expenses in the amount of $4,615.70.

[7]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her fees in the amount of $19,098.00.

[8]    The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her expenses in the amount of $664.08.  The COFINA Agent also made a voluntary reduction of $1,561.00.

[9]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her fees in the amount of $15,480.00.

[10]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her expenses in the amount of $1,909.96.

[11]   The COFINA Agent and the Fee Examiner consensually agreed to a reduction of her expenses in the amount of $751.38.

| | | Requested | | Paid | |
|---|---|---|---|---|---|
| **PRIOR INTERIM AND/OR MONTHLY FEE <u>PAYMENTS</u> TO DATE** | | | | | |
| **Date Payment Received** | **Interim Fee Application [Docket No.] or Monthly Fee Statement Paid** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 12/01/2017 | Monthly Fee Statements (August 3 - August 31, 2017) | $160,210.00 | $12,474.43 | $160,210.00[12] | $12,474.43 |
| 12/01/2017 | Monthly Fee Statement (September 2017) | $104,250.00 | $8,918.43 | $93,825.00 | $8,918.43 |
| 12/1/2017 | Monthly Fee Statement (October 2017) | $41,440.00 | $1,647.30 | $37,296.00 | $1,647.30 |
| 01/23/2018 | Monthly Fee Statement (November 2017) | $51,625.00 | $2,976.15 | $30,441.50[13] | $2,976.15 |
| 02/12/2018 | Monthly Fee Statement (December 2017) | $24,900.00 | $557.11 | $22,410.00 | $557.11 |
| 04/17/2018 | Monthly Fee Statement (January 2018) | $42,980.00 | $160.00 | $38,682.00 | $160.00 |
| 04/17/2018 | Monthly Fee Statement (February 2018) | $77,070.00 | $971.82 | $69,363.00 | $971.82 |
| 04/17/2018 | First Interim Application (August 3 – September 30, 2017) | $26,446.00 (10% holdback) | $0.00 (no holdback) | $71,384.84[14] | ($4,615.70) |
| 07/24/2018 | Monthly Fee Statement (March 2018) | $123,990.00 | $4,261.77 | $111,591.00 | $4,261.77 |
| 07/20/2018 | Monthly Fee Statement (April 2018) | $157,790.00 | $10,456.32 | $103,913.34[15] | $10,456.32 |
| 07/20/2018 | Monthly Fee Statement (May 2018) | $89,880.00 | $2,959.18 | $80,892.00 | $2,959.18 |
| 07/24/2018 | Second Interim Application (October 1, 2017 – January 31, 2018) | $14,184.70 (10% holdback) | $0.00 (no holdback) | $10,792.42[16] | ($2,228.08) |
| 08/23/2018 | Monthly Fee Statement (June 2018) | $73,150.50 | $2,830.51 | $65,835.00 | $2,830.51 |
| 09/25/2018 | Monthly Fee Statement (July 2018) | $19,620.00 | $0.00 | $17,658.00 | $0.00 |
| 10/26/2018 | Monthly Fee Statement (August 2018) | $15,180.00 | $0.00 | $13,662.00 | $0.00 |
| 11/27/2018 | Monthly Fee Statement (September 2018) | $7,220.00 | $0.00 | $6,498.00 | $0.00 |
| 12/27/2018 | Monthly Fee Statement (October 2018) | $42,730.50 | $0.00 | $38,457.00 | $0.00 |
| 1/28/2019 | Third Interim Application (February 1, 2018 – May 31, 2018) | $44,873.00 (10% holdback) | $0.00 (no holdback) | $29,393.00[17] | ($1,909.96) |

| | | | | | |
|---|---|---|---|---|---|
| 02/13/2019 | Monthly Fee Statement (November 2018) | $31,770.00 | $1,686.98 | $28,593.00 | $1,686.98 |
| 03/7/2019 | Monthly Fee Statement (December 2018) | $7,810.00 | $0.00 | $7,029.00 | $0.00 |
| 03/19/2019 | Monthly Fee Statement (January 2019) | $69,090.00 | $0.00 | $33,933.44[18] | $0.00 |
| 03/20/2019 | Fourth Interim Application (June 1, 2018 – September 30, 2018) | $11,517.00 (10% holdback) | $0.00 (no holdback) | $11,517.00[19] | ($751.38) |
| 03/19/2019 | Monthly Fee Statement (February 1-12, 2019) | $7,370.00 | $0.00 | $5,306.00[20] | $0.00 |
| | **Total fees and expenses PAID to date:** | | | **$1,088,682.54** | **$40,397.88** |

---

[12] The Debtors erroneously paid the entire amount of the fees requested in the monthly fee statement for August 2017 to the COFINA Agent without accounting for the 10% holdback. In order to comply with the holdback requirements in the Interim Compensation Order, the COFINA Agent allocated this 10% overpayment as a prepayment of her fees in her fee statement for November 2017 and reduced her fee request for November 2017 accordingly.

[13] See footnote 10.

[14] Reflects payment of holdback <u>after</u> adjustment for Fee Examiner reductions.

[15] The COFINA Agent received a payment of $33,417.65 on April 16,2018, and a separate payment of $140,302.82 was received on April 17,2018. After reconciling her records, the COFINA Agent determined that, in light of the compensation procedures in effect in these cases, these amounts paid exceed the amount currently due and payable by $38,097.66. Accordingly, she has held the $38,097.66 and has deducted these funds to the fees and expenses incurred by the COFINA Agent during the Compensation Period April 2018.

[16] Reflects payment of holdback <u>after</u> $19,098.00 adjustment for Fee Examiner reductions in fees, $664.08 adjustment for Fee Examiner reductions in expenses and the COFINA Agent's voluntary reduction of $1,561.00 in expenses.

[17] Reflects payment of holdback <u>after</u> $15,480.00 adjustment for Fee Examiner reductions in fees and $1,909.96 adjustment for Fee Examiner reductions in expenses.

[18] The Fee Examiner recommended a reduction for fees in the amount of $15,273.50 and $4,615.70 in expenses for the first interim fee application period of 8/3/17 through 9/30/2017 totaling $19,889.20. After reconciling her records, the COFINA Agent made the proper adjustment on her January 2019 monthly fee statement. The amount remains underpaid by $8,358.36.

[19] Reflects payment of holdback <u>after</u> $751.38 adjustment for Fee Examiner reductions in expenses.

[20] The amount was underpaid by $1,326.60.

To the Honorable United States District Court Judge Laura Taylor Swain:

Bettina M. Whyte ("**Ms. Whyte**"), in her capacity as the COFINA Agent (together with her employees the "**COFINA Agent**") in the above-captioned Title III cases (the "**Title III Cases**"), hereby submits her final application (the "**Application**") for an award of compensation for professional services rendered in the amount of $1,098,223.50 and reimbursement for actual and necessary expenses in connection with such services in the amount of $40,397.88, for the period August 3, 2017 through February 12, 2019 (the "**Application Period**").  The COFINA Agent submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[1] 48 U.S.C. §§ 2176, 2177; sections 105(a) and 503(b) of chapter 11 of the United States Code (the "**Bankruptcy Code**"),[2] Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),[3] Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"),[4] the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 3269] (the "**Interim Compensation Order**") and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**").  In support of the Application for allowance of compensation for professional services rendered and

---

[1]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2]   Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[3]   All Bankruptcy Rules referenced in the Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[4]   The Local Rules are made applicable to these Title III Cases by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

reimbursement of expenses incurred during the Application Period, in her capacity as the
COFINA Agent, Ms. Whyte respectfully represents:

## PRELIMINARY STATEMENT

1.      The efforts of the COFINA Agent have been substantial, necessary, and beneficial
and have directly contributed to an outstanding result – the consensual resolution of the
Commonwealth-COFINA Dispute[5] (the "**Commonwealth-COFINA Settlement**") and the
implementation of that resolution in a Title III Plan of Adjustment (the "**COFINA Plan**") for
COFINA.  Bettina M. Whyte was appointed by the Court to her role as COFINA Agent nearly
two years ago – along with COFINA Agent's counsel – and was immediately thrust into the
middle of the $17 billion Commonwealth-COFINA Dispute.

2.      The COFINA Agent began working tirelessly to identify countless important legal
and factual issues, correspond with representatives of the numerous stakeholders in the
Commonwealth-COFINA Dispute, and formulate strategies with her counsel regarding both the
litigation and mediation tracks of the Commonwealth-COFINA Dispute.

3.      The breadth and complexity of this work cannot be overstated.  On the litigation
side, the COFINA Agent oversaw the preparation of pleadings, including, but not limited to,
counterclaims, answers, scope pleadings, summary judgment briefing, and a request for
certification to the Puerto Rico Supreme Court.  The issues involved in these pleadings were
novel and cutting edge, residing at the intersection of bankruptcy law, municipal finance, and
constitutional law.

---

[5]     Terms used but not defined herein shall have the meaning ascribed to them in the *Stipulation and Order
Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "**Commonwealth-COFINA
Stipulation**").

4.      The COFINA Agent also oversaw a large discovery effort, as she and her professionals served substantial document discovery, retained expert witnesses to provide expert testimony on matters germane to the litigation, analyzed discovery propounded and produced by other parties, and participated in several depositions.

5.      On the mediation efforts, the COFINA Agent's participation was also deep and substantive.  She personally attended numerous formal and informal settlement sessions, at each session providing her unique insight and perspective to advance the process toward resolution.  She also oversaw a comprehensive project in preparation for the mediation, whereby she and her professionals researched and analyzed all of the legal and factual matters at issue to assess the risk to the COFINA bondholders and to formulate an intelligent and fact-based negotiation strategy.

6.      In addition, the COFINA Agent oversaw the preparation of formal briefs in advance of the mediation sessions to provide insight and guidance to the mediation team to allow the team to best facilitate resolution.  When it became apparent that resolution was, in fact, near, she tirelessly reviewed financial settlement models, analyzed draft after draft, and considered the financial implications to her constituents of any potential offer or counter-offer.

7.      The COFINA Agent's value to this case, however, was not limited to her participation in the written briefs, mediation sessions, settlement drafting, and other activities described above.  Rather, she, drawing upon her wide range and substantive background and experience and her deep industry connections, spent significant time during the Application Period keeping her finger on the pulse of the Commonwealth-COFINA Dispute, by, among other things, participating in constant strategy calls with her own advisors, and also maintaining open and regular dialogue with the COFINA-side constituents, their advisors, and the Commonwealth

Agent.  The result obtained in this case would not have been possible absent the COFINA

Agent's consistent communications and discussions with the many economic stakeholders in the

Commonwealth-COFINA Dispute.

8.      During the ensuing 18 months, the COFINA Agent materially and meaningfully

advanced both tracks of the Commonwealth-COFINA Dispute by, among other things,

(i) contributing to pleadings, memoranda, discovery matters, and agreements relating to the

lawsuit commenced by the Commonwealth Agent, Adv. Proc. No. 17-00257, *Official Comm. of

Unsecured Creds. v. Whyte* (the "**Commonwealth-COFINA Litigation**") and (ii) preparing for

and participating in numerous mediation and other settlement sessions and preparing and/or

reviewing memoranda and other written materials in preparation therefor.

9.      Ultimately, on June 5, 2018, the efforts of the COFINA Agent and her

professionals resulted in an agreement in principle to settle the Commonwealth-COFINA

Dispute.  *See* Commonwealth-COFINA Litigation, Dkt. No. 486.  Thereafter the COFINA Agent

led the efforts to complete the documenting of the agreement.  At the hearing held on January

16-17, 2019, the Court considered approval of the Commonwealth-COFINA Settlement and

confirmation of the COFINA Plan, which implemented the Commonwealth-COFINA

Settlement.  Shortly thereafter, the Commonwealth-COFINA Settlement was approved and the

COFINA Plan was confirmed, and the COFINA Plan became effective on February 12, 2019.

10.      It is beyond dispute that these Title III cases involve a multitude of novel,

complex and time-sensitive issues and carry exceedingly high stakes—economic, political, social

and otherwise—for many parties.  The COFINA Agent respectfully submits that her services

have been reasonable, necessary and beneficial, and have resulted in substantial progress and

success in these Title III cases.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

12.     Venue is proper pursuant to section 306(a) of PROMESA.

13.     The COFINA Agent makes this Application pursuant to sections 316 and 317 of PROMESA, sections 105(a) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, the Commonwealth-COFINA Stipulation, the Interim Compensation Order, and the UST Guidelines.

## BACKGROUND

**A.     General Background**

14.     On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

15.     On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

16.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

17.     On May 21,2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

18.       On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the Oversight Board, as PREPA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

19.       Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only pursuant to section 304(g) of PROMESA and Bankruptcy Rule 1015. [See Dkt. Nos. 242, 537 and 1417.]

**B.       The COFINA Agent's Retention**

20.       On August 10, 2017, the Court entered an order approving the Commonwealth-COFINA Stipulation, which appointed Bettina M. Whyte as the COFINA Agent.  The Commonwealth-COFINA Stipulation also authorized COFINA to compensate her in accordance with the COFINA Agent's normal hourly rates and reimburse the COFINA Agent for the firm's actual and necessary out-of-pocket expenses incurred, subject to application to the Court.  As set forth more fully below, pursuant to the Interim Compensation Order (as defined below), the COFINA Agent served nineteen (19) monthly fee statements during the Application Period.

**C.       Appointment of Fee Examiner**

21.       On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416], thereby appointing Brady Williamson to serve as the fee examiner (the "**Fee Examiner**") in the Title III Cases.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

22.     By this Application and pursuant to sections 316 and 317 of PROMESA, sections 105(a) and 503(b) of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules and Rule 2016-1 of the Local Rules, the COFINA Agent requests that this Court authorize compensation, on a final basis, for professional services rendered and reimbursement of expenses incurred during the Application Period in the amount of $1,138,621.38 (the "**Application Amount**"), which includes (a) compensation of $1,098,223.50 in fees for services rendered to COFINA and (b) reimbursement of $40,397.88 in actual and necessary expenses in connection with these services.  As of the date hereof, in respect of the Application Period, the COFINA Agent has been paid all amounts other than $25,561.96, which unpaid amount represents 10% of the COFINA Agent's fees that have been "held back" (the "**Holdback**") for the period October 1, 2018 through February 12, 2019 and underpayment of $9,684.96 for fees incurred from January 1, 2019 through February 12, 2019.

## PRIOR INTERIM AWARDS AND REQUESTS

**A.     First Interim Period**

23.     On December 15, 2017, Bettina M. Whyte filed her First Interim Application as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from August 3, 2017 Through September 30, 2017 [Dkt. No. 2685] (the "**First Interim Application**"), by which the COFINA Agent sought allowance of fees in the amount of $264,460.00 and expenses in the amount of $21,392.86 in respect of services rendered between August 3, 2017 through September 30, 2017 (the "**First Interim Period**").

24.     On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Initial Report* [Dkt. No. 2645] with respect to interim fee applications filed by professionals retained in the Title III Cases.  The COFINA Agent and the Fee Examiner consensually agreed to a reduction of fees in the amount of $15,273.50 and expenses in the amount of $4,615.70.

25.     The First Interim Application was approved by order of this Court on March 7, 2018 [Dkt. No. 2685] allowing fees in the amount of $249,186.50 and expenses in the amount of $16,777.16.  The COFINA Agent has been paid in full for services rendered and expenses incurred during the First Interim Period.

**B.      Second Interim Period**

26.     On March 19, 2018, Bettina M. Whyte filed her Second Interim Application as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from October 1, 2017 Through January 31, 2018 [Dkt. No. 3279] (the "**Second Interim Application**"), by which the COFINA Agent sought allowance of fees in the amount of $160,945.00 and expenses in the amount of $5,340.56 in respect of services rendered between October 1, 2017 through January 31, 2018 (the "**Second Interim Period**").

27.     On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Second Report on Professional Fees and Expenses* [Dkt. No. 3193] with respect to second interim fee applications filed by professionals retained in the Title III Cases.  The COFINA Agent and the Fee Examiner consensually agreed to a reduction of the COFINA Agent's fees in the amount of $19,098.00 and expenses in the amount of $2,225.08 in respect of services rendered between October 1, 2017 through January 31, 2018 (the "**Second Interim Period**").

28.     The Second Interim Application was approved by order of this Court on June 8, 2018 [Dkt. No. 3279] allowing fees in the amount of $141,847.00 and expenses in the amount of

$3,115.48.  The COFINA Agent has been paid in full for services rendered and expenses incurred during the Second Interim Period.

### C.    Third Interim Period

29.    On July 16, 2018, Bettina M. Whyte filed her Third Interim Application as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from February 1, 2018 Through May 31, 2018 [Dkt. No. 3540] (the "**Third Interim Application**"), by which the COFINA Agent sought allowance of fees in the amount of $448,730.00 and expenses in the amount of $18,649.09 in respect of services rendered between February 1, 2018 through May 31, 2018 (the "**Third Interim Period**").

30.    On October 31, 2018, the Fee Examiner filed the *Fee Examiner's Third Report on Professional Fees and Expenses* [Dkt. No. 4126] with respect to third interim fee applications filed by professionals retained in the Title III Cases.  The COFINA Agent and the Fee Examiner consensually agreed to a reduction of the COFINA Agent's fees in the amount of $15,480.00 and expenses in the amount of $1,909.96.  The COFINA Agent has been paid in full for services rendered and expenses incurred during the Third Interim Period.

31.    The Third Interim Application was approved by order of this Court on December 19, 2018 [Dkt. No. 4508] allowing fees in the amount of $433,250.00 and expenses in the amount of $16,739.13.  The COFINA Agent has been paid in full for services rendered and expenses incurred during the Third Interim Period.

### D.    Fourth Interim Period

32.    On November 16, 2018, Bettina M Whyte filed her Fourth Interim Application as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred from June 1, 2018 Through September 30, 2018 [Dkt. No.

4261] (the "**Fourth Interim Application**"), by which the COFINA Agent sought allowance of

fees in the amount of $115,170.00 and expenses in the amount of $2,830.51 in respect of services

rendered between June 1, 2018 through September 30, 2018 (the "**Fourth Interim Period**").

33.     On March 6, 2019, the Fee Examiner filed the *Fee Examiner's Fourth Interim*

*Report on Presumptive Standards Motion and on Professional Fees and Expenses (June 1, 2018-*

*September 30, 2018)* [Dkt. No. 5409] with respect to fourth interim fee applications filed by

professionals retained in the Title III Cases.  The COFINA Agent and the Fee Examiner

consensually agreed to a reduction of the COFINA Agent's expenses in the amount of $751.38.

The COFINA Agent has been paid in full for services rendered and expenses incurred during the

Fourth Interim Period.

34.     The Fourth Interim Application was approved by order of this Court on March 14,

2019 [Dkt. No. 5654] allowing fees in the amount of $115,170.00 and expenses in the amount of

$2,079.13.  The COFINA Agent has been paid in full for services rendered and expenses

incurred during the Fourth Interim Period.

**E.      Fifth Interim Period**

35.     On March 18, 2019, Bettina M. Whyte filed its Fifth Interim Application as the

COFINA Agent, for Interim Allowance of Compensation for Services Rendered and

Reimbursement of Expenses Incurred from October 1, 2018 through February 12, 2019 [Dkt.

No. 5780] (the "**Fifth Interim Application**"), by which the COFINA Agent sought allowance of

fees in the amount of $158,770.00 and expenses in the amount of $1,686.98 in respect of services

rendered between October 1, 2018 through February 12, 2019 (the "**Fifth Interim Period**").

36.     On June 5, 2019, the Fee Examiner filed the *Fee Examiner's Fifth Interim Report*

*on Professional Fees and Expenses (October 1, 2018 – February 12, 2019)* [Dkt. No. 7233],

which recommended that consideration of the Fifth Interim Application be deferred to July 24, 2019.

### COFINA AGENT'S FEES AND EXPENSES FOR THE APPLICATION PERIOD

37.     The COFINA Agent's services in the Title III Cases have been substantial, necessary and beneficial to COFINA and have resulted in the successful settlement of the Commonwealth-COFINA Dispute and confirmation of the COFINA Plan, both major milestones in these Title III cases.  Throughout the Application Period, the variety and complexity of the issues involved and the need to address those issues on an expedited basis required the COFINA Agent, in the discharge of her professional responsibilities, to devote significant time to the furtherance and, ultimately, the successful resolution of, the Commonwealth – COFINA Dispute.

38.     On February 8, 2019, it was reported in Reorg Americas Weekly, the "PROMESA oversight board Chairman José Carrión said the court's approval of the COFINA plan represents an 'important milestone' for Puerto Rico, as it reduces COFINA debt by 32%, represents $17.5 billion in debt service savings and provides bondholders, including numerous on-island bondholders, with 'meaningful recovery.'"

39.     Specifically, the COFINA Agent's requested compensation reflects the requisite time, skill and effort the COFINA Agent and her employee expended during the Application Period towards, inter alia: (a) advancing the Commonwealth-COFINA Dispute, primarily in respect of the *Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* (the "COFINA Plan"), which implemented the terms of the Commonwealth-COFINA Settlement and was confirmed and effectuated during the Interim Period; (b) finalizing detailed terms of a global settlement with multiple COFINA creditors; (c) reviewing various pleadings prepared by her counsel with respect to the Commonwealth-COFINA Dispute; (d) discussing strategy and key issues regarding the settlement and

confirmation of the COFINA Plan with her counsel; (e) ensuring dismissal of the

Commonwealth-COFINA Dispute in accordance with the Confirmation Order; and (f) assisting

with matters ensuring the effective date of the Plan.

40.     The COFINA Agent respectfully submits that her efforts on behalf of COFINA

during the Application Period have not been duplicative of work performed by the COFINA

Agent's other professionals.

## MONTHLY FEE STATEMENTS

41.     The Interim Compensation Order provides, among other things, that professionals are required to serve monthly itemized billing statements (the "**Monthly Fee Statements**") on counsel to the Oversight Board, counsel to AAFAF, the U.S. Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Retired Employees, and the Fee Examiner (collectively, the "**Notice Parties**").  Upon passage of the objection period, if no objections were received, the Debtors were authorized to pay to the professionals 90% of the fees and 100% of the expenses requested.  In addition to the Interim Compensation Order authorizing payment, the COFINA Agent received further confirmation of the Debtors' obligation to pay pursuant to the *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1612] (the "**COFINA Protections Order**").  The COFINA Protections Order directs payment to the COFINA Agent and her professionals out of the collateral "purportedly pledged to COFINA bondholders because the services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are "reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court. . . ." COFINA Protections Order ¶ 5.  The COFINA Protections order further provides that if COFINA is unable to make payments to the COFINA Agent's professionals for any reason, the Commonwealth must make such payments within fourteen days of receiving notice of COFINA's nonpayment.

42.     In compliance with the Interim Compensation Order, the COFINA Agent has submitted nineteen Monthly Fee Statements relating to the Application Period.

43.     Annexed hereto as <u>Exhibit 1</u> is the Certification of Bettina M. Whyte pursuant to the Local Rules (the "**Certification**").

44.     Annexed hereto as <u>Exhibit 2</u> is a summary sheet listing each professional who has worked on these cases during the Application Period, his or her hourly billing rate during the Application Period, and the amount of fees attributable to each individual.

45.     The COFINA Agent also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services.  A schedule setting forth the categories of expenses and amounts for which reimbursement is requested for the Application Period is annexed hereto as <u>Exhibit 3</u>.

46.     The COFINA Agent maintains written records of the time expended by its professionals in providing professional services.  Such time records are made contemporaneously with the rendition of services by the person rendering such services.  Annexed hereto as <u>Exhibit 4</u> is a list of all of the matters for which services were rendered by the COFINA Agent during the Application Period and the aggregate amount of hours and fees expended for each of those matters.  In addition, in accordance with the UST Guidelines, <u>Exhibit 4</u> also includes the budgeted amount for each matter.

47.     In accordance with the UST Guidelines, the COFINA Agent recorded its services rendered and disbursements incurred in different project matters that reasonably could have been expected to constitute a substantial portion of the fees sought during any given month during the Application Period.

48.     No agreement or understanding exists between the COFINA Agent and any other entity for the sharing of compensation to be received for services rendered in or in connection with these cases.

49.     The fees charged by the COFINA Agent in these Title III cases are billed in

accordance with its existing billing rates and procedures.

50.     The rates the COFINA Agent charged in these cases are consistent with the rates

charged by the COFINA Agent to her non-bankruptcy clients.  The COFINA Agent's standard

hourly rates are similar to the customary compensation charged by comparably-skilled

practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national

market.

### SUMMARY OF SERVICES RENDERED

51.     Recitation of each and every item of professional services that the COFINA

Agent performed during the Application Period would unduly burden the Court.  Hence, the

following summary highlights the major areas to which the COFINA Agent devoted substantial

time and attention during the Application Period.

52.     Summaries of the fees and expenses incurred during the Application Period, and

the many services rendered by the COFINA Agent, as well as the associated invoices, are

included and set forth in detail in the five prior interim applications (collectively, the "**Interim**

**Applications**") filed with the Court, and are incorporated herein by reference.  The narratives in

the Interim Applications discuss in detail many of the services rendered by the COFINA Agent

and the extraordinary results achieved in these Cases as a result of those services.  See Dkt. Nos.

2029, 2725, 3540, 4261, and 5780.

53.     The total hours and fees set forth in the headers for each of the following

categories reflects hours and fees requested *before* Fee Examiner reductions, and, accordingly,

result in a sum that exceeds the fees requested herein on a final basis.  The Fee Examiner

reductions were made on an aggregate basis, rather than a category-by-category basis.

-15-

Therefore, reductions cannot be presented herein on a category-by-category basis.

Notwithstanding the foregoing, the COFINA Agent is seeking only the fees and expenses set

forth in the introductory summary to this Application.

**A.      Litigation – (Total Hours: 214.3; Total Fees: $232,210.00)**

54.     This matter required substantial services during the Application Period and

encompasses the litigation of the Commonwealth-COFINA Dispute.  During the early stages of

the First Interim Period, the COFINA Agent was heavily involved in the pre-litigation of this

dispute, including, review, analysis and extensive discussion related to:  (i) substantial legal

research and analysis regarding the many bankruptcy and related issues germane to the dispute,

(ii) memoranda and other documents to the COFINA Agent regarding these issues, (iii) targeted

analysis of relevant pleadings and legal issues in related contested matters and adversary

proceedings in the Title III Cases and otherwise, (iv) review of documents and communications

with counsel regarding the COFINA Agent's litigation strategy, and (v) negotiation and

documentation of a schedule and timeline for the litigation of that dispute.

55.     During the latter part of the First Interim Period, the Commonwealth Agent filed

his complaint to commence *The Official Committee of Unsecured Creditors v. Bettina Whyte*,

Adversary Proceeding No. 17-00257 [Adv. Pro. Dkt. No. 1], in which the Commonwealth Agent

asserted thirteen causes of action against the COFINA Agent as part of the Commonwealth-

COFINA Dispute.  In response, the COFINA Agent filed her *Answers, Defenses, and*

*Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation*, filed

on September 15, 2017 (the "**Answer and Counterclaims**") [Adv. Pro. Dkt. No. 27].  The

COFINA Agent was heavily involved in review of the legal and factual research, meetings and

conferences, and drafting, in preparation of the Answer and Counterclaims, and continued to be

-16-

intimately involved in review of the litigation research and strategy after the filing of the Answer and Counterclaims.

56.     During the Second Interim Period, this Subject Matter encompassed the litigation of the scope of the Commonwealth-COFINA Dispute as part of the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1121] (the "**Immunity Motion**").  Also included are all matters relating to the scheduling of the litigation of the Commonwealth-COFINA Dispute, which schedule was amended in light of Hurricane Maria.  Toward the end of October 2017, time devoted to this matter included work regarding the Commonwealth Agent's amended complaint [Adv. Pro. Dkt. No. 73] and the drafting of the *COFINA Agent's Amended Answer, Defenses, and Counterclaims* [Adv. Pro. Dkt. No. 75].

57.     In the beginning of November 2017, the COFINA Agent reviewed multiple answers and counterclaims-in-intervention filed by several parties, including by (without limitation) the COFINA Senior Bondholders' Coalition, Ambac Assurance Corporation, the Ad Hoc Group of General Obligation Bondholders, National Public Finance Guarantee Corporation, and the Puerto Rico Fiscal Agency and Financial Advisory Authority.  The COFINA Agent assessed the claims and defenses asserted in those pleadings and communicated with counsel regarding the same.

58.     On November 13, 2017, several motions regarding the scope of the Commonwealth-COFINA Dispute ("**Scope Motions**") were filed.  The COFINA Agent spent time analyzing the Scope Motions and reviewing responses to those Scope Motions.

59.     During December 2017, the COFINA Agent continued her analysis of the Scope
Motions filed by multiple parties in the litigation of the Commonwealth-COFINA Dispute and
reviewed her response to those motions.  The COFINA Agent also analyzed other responses to
the Scope Motions and communicated with counsel regarding strategy in respect of that dispute.
The COFINA Agent also assessed the Court's order on the Scope Motions and analyzed the
effect of that order on the litigation of the Commonwealth-COFINA Dispute.  In January 2018,
the Commonwealth Agent twice moved to revisit the scope of the Commonwealth-COFINA
Dispute, which required the COFINA Agent to determine and discuss strategy with her
professionals.

60.     During the Third Interim Period, the COFINA Agent devoted time to the
litigation of the Commonwealth-COFINA Dispute.  Among the most significant tasks performed
in this period include the review of the COFINA Agent's *Motion for Summary Judgment* [Adv.
Pro. Dkt. No. 317] and its supporting documentation.  The COFINA Agent spent time analyzing
and revising her motion for summary judgment, as well as communicating with her counsel.  The
COFINA Agent also reviewed the numerous motions for summary judgment filed by, among
others, the Commonwealth Agent, and numerous COFINA-side and Commonwealth-side
constituents.  The COFINA Agent reviewed the numerous motions and related replies in
consultation with her counsel.

61.     During the Application Period, the COFINA Agent also submitted her *Motion to
Certify Questions Under Puerto Rico Law to The Supreme Court of Puerto Rico* [Adv. Pro. Dkt.
No. 329] (the "**Certification Motion**"), which Certification Motion was prepared at the request

of the COFINA Agent to, among other things, preserve her ability to seek this relief on appeal.

The COFINA Agent's work on this matter included review of pleadings relating to that motion.[6]

62.     The COFINA Agent also spent time in this matter reviewing and responding (both informally and formally) to the *Motion by the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) to Compel Compliance With the August 10, 2017 Stipulation and Order* [Dkt. No. 3092] (the "**Compliance Motion**").  The COFINA Agent prepared both a written response and an objection to the Compliance Motion [Dkt. Nos. 3097 & 3142], communicated with counsel regarding the Compliance Motion, and analyzed related pleadings filed by other parties-in-interest to the Compliance Motion, which motion was ultimately denied by the Court on May 30, 2018.

63.     During the Fourth Interim Period, the COFINA Agent's work included the filing of pleadings to defer a ruling on the various motions for summary judgment filed by counsel on behalf of the COFINA Agent, the Commonwealth Agent, and numerous other stakeholders, in light of the agreement in principle reached by the Commonwealth Agent and the COFINA Agent.  The COFINA Agent also assisted in the work performed for Litigation-related tasks, including (i) analysis of the *Commonwealth Agent's Urgent Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected on or After July 1, 2018* [Adv. Pro. Dkt. No. 495] (the "**SUT**

---

[6]  In the Fee Examiner's *Second Report* [Dkt. No. 3193], he opined that the scope of the COFINA Agent's role was limited, and included a footnote noting that the Certification Motion had been denied by the Court.  The COFINA Agent should not be required to defend or explain her confidential litigation strategy.  The prosecution of the Certification Motion was proper, was necessary to preserve the matter for appeal, and, as noted by the Court in the order denying certification [Adv. Pro. Dkt. No. 483], "**the [Commonwealth-COFINA Stipulation] clearly contemplates the possibility of certification motion practice**."  Adv. Pro. Dkt. No. 483, at 4 (emphasis added).

**Procedures Motion**") and responsive pleadings to the SUT Procedures Motion and (ii) analysis of Bank of New York Mellon's motion to intervene in the Commonwealth-COFINA Dispute.

64.     In addition, work was performed in connection with the filing of other pleadings related to the agreement in principal reached by the Commonwealth Agent and the COFINA Agent (the "**Agreement in Principle**"), including (i) the *Commonwealth Agent's Renewed Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected On or After July 1, 2018* [Adv. Pro. Dkt. No. 526] and (ii) the *Joint Urgent Motion of Commonwealth Agent and COFINA Agent Requesting an Extension of the Date Through Which a Decision on the Motions for Summary Judgment Will Be Held in Abeyance* [Adv. Pro. Dkt. No. 537].

65.     During the Fifth Interim Period, the COFINA Agent performed work in connection with moving forward the settlement of the Commonwealth-COFINA Dispute in the litigation context, including through the COFINA plan and disclosure statement process, and through the Oversight Board's motion, under Bankruptcy Rule 9019, for an order approving the settlement, which motion was filed on October 19, 2018 [Dkt. No. 4067].  Time in this category also related to several scheduling matters relating to the settlement motion and related to a scheduling motion filed by the Commonwealth Agent regarding a "Motion to Enforce" the Commonwealth-COFINA Stipulation.  The COFINA Agent analyzed pleadings and strategized with counsel regarding the foregoing.

66.     Time in this category also included (i) analysis and revisions to the *Stipulation and Agreed Order Related to Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation and Related Matters* [Dkt. No. 571]; (ii) analysis of

-20-

objections to the COFINA disclosure statement, as well as analysis of the Oversight Board's revised COFINA disclosure statement, both with regard to matters relating to the Commonwealth-COFINA settlement; and (iii) analysis of several objections filed to the Commonwealth-COFINA settlement motion, including by, among others, the Retiree Committee, PROSOL-UTIER, and SEIU-UAW.

67.     In December 2018 and January 2019, the COFINA Agent spent time engaged in analysis of pleadings concerning the COFINA Plan (including prior versions), which incorporated the terms of the settlement of the Commonwealth-COFINA Dispute, including preparation of evidence in support of the COFINA Plan, and analysis of objections in connection with the COFINA Plan.  The COFINA Agent also spent time analyzing responses to discovery requests served on her in respect of the Commonwealth-COFINA Settlement.  The COFINA Agent spent time analyzing pleadings and communicating with counsel regarding the hearings on January 16-17, 2019 to approve the Commonwealth-COFINA Settlement and confirm the COFINA Plan.  The COFINA Agent also analyzed municipal bond-related issues in connection with the supplemental briefing ordered by the Court.

68.     The COFINA Plan was confirmed on February 5, 2019, and the effective date of the COFINA Plan occurred on February 12, 2019.

**B.      Case Administration – (Total Hours: 8.6; Total Fees: $7,540.00)**

69.     This matter includes services that do not fall into any of the other categories, but which are nonetheless crucial to the COFINA Agent's ability to effectively serve.  During the Application Period, the COFINA Agent billed time to Case Administration in respect of, among other things, (i) communications with counsel, and other interested parties in the early stages of their engagement regarding the engagement and the case background, (ii) work relating to the Immunity Motion and responses thereto, (iii) analysis of pleadings regarding scheduling in

-21-

general in the cases, including in light of Hurricanes Irma and Maria, (iv) correspondence with counsel and others regarding case administration issues; (v) analysis of informative motions, orders, and other relevant pleadings filed in the Debtors' cases and related adversary proceedings; (vi) analysis of communications and memoranda regarding hearings and other proceedings concerning the Debtors' financial position; (vii) bankruptcy issues concerning financing, analysis of informative motions regarding hearings, analysis of a hearing agenda, analysis of a draft protective order, and other miscellaneous matters; (viii) analysis of a motion to amend the interim compensation order; and (ix) analysis of notices regarding Rule 2019 disclosures.

70.     This matter also includes time spent on meetings and creditor communications. From the outset of her engagement, the COFINA Agent met telephonically with numerous constituencies in these Title III Cases, including several groups of COFINA holders and insurers, counsel to the Oversight Board, and the Commonwealth Agent.  In addition, the COFINA Agent participated in an in-person meeting with counsel.  After these initial meetings and conferences, the COFINA Agent continued participating in numerous teleconferences with counsel other advisors, including a standing weekly strategy call.  Time spent on this matter also includes an in-person meeting with counsel for the Senior COFINA Bondholder Coalition, conferences related to that meeting, and other communications with stakeholders.

71.     During the Application Period, the COFINA Agent also devoted time to settlement issues, including numerous teleconferences that took place shortly after the agreement in principle was reached.  In addition, the COFINA Agent participated in teleconferences with numerous stakeholders regarding the settlement of the Commonwealth-COFINA Dispute.  Time in this category also includes discussions with bondholder groups and counsel regarding

communications strategies with respect to the Settlement, and regarding case updates and strategy generally.

**C.     Mediation – (Total Hours: 693.35; Total Fees: $744,055.00)**

72.     This matter includes all time spent on issues involving mediation and negotiation of the Commonwealth-COFINA Dispute.  In particular, the COFINA Agent spent time working on the preparation, analysis, and revision of her mediation statement, submitted to the mediation team in August 2017.  Time in this category also included the analysis of materials and communications with counsel regarding mediation strategy, as well as memoranda from the mediation team regarding mediation procedures and scheduling.

73.     After the mediation session which took place in Washington, D.C., the COFINA Agent continued to work heavily on negotiation-related tasks, including, but not limited to, extensive research and analysis concerning her decisions and positions in further negotiating and mediating the Commonwealth-COFINA Dispute.  The COFINA Agent spent substantial time analyzing a multitude of legal questions in preparation for mediation—a task that culminated in a telephonic meeting with her counsel.  Thereafter, the COFINA Agent billed time attending to communications with numerous outside parties, her counsel and the mediators, and analysis of memoranda regarding the schedule for mediation of the Commonwealth-COFINA Dispute.

74.     During November 2017, the COFINA Agent, through numerous telephonic conferences and analysis of documents, prepared for a negotiation meeting with the Commonwealth Agent.

75.     The COFINA Agent participated in multiple conference calls with counsel regarding their analysis of the depositions that took place in the case.  The COFINA Agent spent substantial time conferring with counsel regarding analysis of the unique issues relating to municipal finance accounting and reviewing the voluminous document production by several

-23-

auditors.  The COFINA Agent also spent significant time analyzing numerous written discovery requests and responses, including, but not limited to, objections and responses to discovery by the COFINA Agent and by certain COFINA and General Obligation bondholders.

76.     Also, during the Second Interim Period, the COFINA Agent reviewed and discussed a revised presentation in preparation for mediation.  The COFINA Agent presented an initial mediation memorandum as requested by the mediators.  Finally, the COFINA Agent conferred with counsel regarding mediation strategy, including an expansion of the COFINA Agent's mediation scope and immunity.

77.     Time in this matter during the Third Interim Period was also substantial.  In particular, the COFINA Agent billed time for communications and meetings with numerous parties, including the various COFINA Bondholders and their counsel, the Commonwealth Agent, the On-Island Bondholders and others.  The COFINA Agent also spent time in the analysis of correspondence and settlement proposals regarding the mediation of the Commonwealth-COFINA Dispute.  The COFINA Agent also analyzed and reviewed pleadings regarding the COFINA Agent's motion for expansion of the COFINA Agent's mediation scope, which motion was granted.  The COFINA Agent also spent significant time analyzing and reviewing mediation briefs for the mediators.  The COFINA Agent spent substantial time preparing for several mediation sessions, including strategy discussions with counsel and revision and analysis to mediation risk documents.

78.     The COFINA Agent prepared for, and participated in, mediation sessions on March 9-11, 2018, April 2-6, 2018 and April 24-26, 2018.

79.     Toward the end of the Third Interim Period, the COFINA Agent spent substantial time communicating with numerous parties-in-interest regarding proposals to settle the

Commonwealth-COFINA Dispute.  The COFINA Agent's time involved analysis of various

settlement proposals, models, and analyses in connection with the mediation and settlement of

the Commonwealth-COFINA Dispute.  The COFINA Agent also prepared several settlement

proposals which first required a consensus of agreement between the COFINA Senior

Bondholders' Coalition, the subordinated Bondholders, National Public Finance Guarantee

Corporation, Ambac Assurance Corporation, the Ad Hoc Group of General Obligation

Bondholders and a number of additional parties.  It was imperative the various COFINA

constituents would support the settlement proposal ultimately negotiated with the

Commonwealth Agent.

80.    Time in this category during the Fourth Interim Period was also substantial,

owing to the successful negotiation of the Agreement in Principle reached by the Commonwealth

Agent and the COFINA Agent.  The COFINA Agent spent time communicating with the parties

to the mediation to reach a settlement.  The COFINA Agent spent significant time analyzing and

reviewing drafts to the settlement agreement, as well as associated findings, negotiating open

issues with the Commonwealth Agent, and analyzing related documentation bearing on a

potential settlement.

81.    The COFINA Agent's time in the category also involved reviewing research and

analysis regarding municipal bond structuring issues in connection with the proposed Settlement,

as well as research regarding PROMESA and bankruptcy-related settlement matters.  The

COFINA Agent also communicated extensively with counsel and other stakeholders regarding

aspects of the proposed settlement.

82.    Finally, during the Fifth Interim Period, the COFINA Agent continued its work in

connection with moving forward the settlement of the Commonwealth-COFINA Dispute in the

mediation and negotiation context.  In particular, the COFINA Agent reviewed and revised drafts
of the Commonwealth-COFINA Settlement Agreement, and reviewed comments from other
interested parties.  These efforts culminated in a comprehensive settlement of the
Commonwealth-COFINA Dispute between the Oversight Board and the COFINA Agent, with
support from substantially all of the key parties to the dispute.

**D.     Fee Applications/ Agent - (Total Hours: 43.1; Total Fees: $ 39,580.00)**

83.     This matter includes all time spent on work related to the retention and
compensation of the COFINA Agent's professionals.  Specifically, time billed to this matter
during the Application Period includes communications with counsel and analysis of the Court's
procedures regarding retention and compensation of professionals in these Title III Cases, as well
as work regarding the Immunity Motion.  This Subject Matter also includes preparation and
service of the COFINA Agent's Monthly Fee Statements.  This matter also includes time spent
on communications with counsel regarding the procedures applicable to the allowance and
payment of fees and expenses.

84.     The COFINA Agent spent time working on monthly preparation of fee categories
and an initial budget and staffing plan in connection with the engagement, as well as
communication with counsel to AAFAF regarding AAFAF's request to the COFINA Agent to
provide additional budgets.

85.     Time spent on this matter also includes tasks not relating to preparation of fee
applications, such as preparation of numerous notices of no objection regarding the COFINA
Agent's fees, communications with the Commonwealth and AAFAF regarding compliance with
the COFINA Protections Order, and analyzing and corresponding with counsel regarding the
*Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Etc.* [Dkt. No.
1594].

-26-

86.     Finally, time in this category not relating to preparation of fee applications included analysis and correspondence regarding the fee examiner's memoranda received at various junctures in the case regarding fee application review processes, and numerous iterations of amended compensation orders and motions to establish presumptive standards regarding fees.

**E.     Fee Applications/ Counsel - (Total Hours: 26.2; Total Fees: $26,810.00)**

87.     Time billed to this Subject Matter was not substantial and included reviewing, analyzing and approving monthly fees statements from the COFINA Agent's counsel.

**F.     Non-Working Travel – (Total Hours: 89.9; Total Fees: $95,890.00)**

88.     This category includes all non-working travel time billed at 50% in accordance with the Local Rules and the Guidelines.  Throughout the First Interim Period, the COFINA Agent incurred non-working travel time while traveling to and from Puerto Rico, Salt Lake City, Washington D.C. and New York City to attend hearings, meetings and mediation sessions.

89.     During the Second Interim Period, the COFINA Agent incurred non-working travel time while traveling to and from New York City for mediation sessions, a hearing and a meeting.

90.     During the Third Interim Period, the COFINA Agent incurred non-working travel time while traveling to and from New York City to attend the summary judgment hearing, the hearing on the COFINA Agent's Certification motion, and mediation sessions.

91.     During the Fourth Interim Period, the COFINA Agent incurred non-working travel time while traveling to and from New York City for settlement meetings with counsel.

92.     During the Fifth Interim Period, the COFINA Agent incurred non-working travel time while traveling to and from New York City to attend the hearing on COFINA's disclosure statement.

## EVALUATING THE COFINA AGENT'S SERVICES

93.     Section 317 of PROMESA authorizes interim compensation of professionals and

incorporates the substantive standards of section 316 of PROMESA to govern the Court's award

of interim compensation.  Section 316 of PROMESA provides that a court may award a

professional employed by the debtor "reasonable compensation for actual, necessary services

rendered," and "reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a)(1) and (2).

Section 316(c) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be
> awarded to a professional person, the court shall consider the
> nature, the extent, and the value of such services, taking into
> account all relevant factors including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
>     beneficial at the time at which the service was rendered to the
>     completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable
>     amount of time commensurate with the complexity,
>     importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is
>     board certified or otherwise has demonstrated skill and
>     experience in the restructuring field; and
>
> (6) whether the compensation is reasonable based on the
>     customary compensation charged by comparably skilled
>     practitioners in cases other than cases under this title or title 11
>     of the United States Code.48 U.S.C § 2176(c).

94.     The COFINA Agent respectfully submits that her services for which she seeks

compensation in this Application were necessary for and beneficial to the estate, evidenced by,

among other things, the highly successful result of a confirmed and effectuated COFINA Plan

and approved Commonwealth – COFINA settlement.  Finally, the COFINA Agent submits that

the compensation requested herein is reasonable in light of the nature, extent and value of such

services and those parties impacted by her actions and that the compensation requested is based

on the customary compensation charged by comparably skilled practitioners in cases other than

cases under title 11.

95.     Courts typically employ the "lodestar" approach to calculate awards of

professional fees.  See New York State Ass'n for Retarded Children, Inc. v. Casey, 711 F.2d

1136, 1140 (2d Cir. 1983); In re West End Fin. Advisors, LLC, No. 11-11152, 2012 Bankr.

LEXIS 3045, at *11 (Bankr. S.D.N.Y. July 2, 2012); In re Drexel Burnham Lambert Group, Inc.,

133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991) ("In determining the reasonableness of the requested

compensation under § 330, Bankruptcy Courts now utilize the lodestar method").  "The lodestar

amount is calculated by multiplying the number of hours reasonably expended by the hourly rate,

with the 'strong presumption' that the lodestar product is reasonable under § 330."  Drexel, 133

B.R. at 22 (citations omitted).

96.     In determining the reasonableness of the services for which compensation is

sought, the court should note that:

> the appropriate perspective for determining the necessity of the
> activity should be prospective: hours for an activity or project
> should be disallowed only where a Court is convinced it is
> readily apparent that no reasonable attorney should have
> undertaken that activity or project or where the time devoted
> was excessive.

Id. at 23; see also In re Cenargo Int'l PLC, 294 B.R. 571, 595-96 (Bankr. S.D.N.Y. 2003) ("The

Court's benefit of '20/20 hindsight' should not penalize professionals.").

97.     Moreover, courts should be mindful that professionals "must make practical

judgments, often with severe time constraints, on matters of staffing, assignments, coverage of

hearings and meetings, and a wide variety of similar matters." Drexel, 133 B.R. at 23.  These

judgments are presumed to be made in good faith.  Id.

## THE COFINA AGENT'S REQUEST FOR COMPENSATION

98.     The COFINA Agent submits that her requested allowance of compensation is

reasonable.  The services rendered by the COFINA Agent, as highlighted above, required

substantial time and effort, resulting in substantial progress and success in these cases.  The

services rendered by the COFINA Agent during the Application Period were performed

diligently and efficiently.

99.     During the Application Period, the COFINA Agent encountered a variety of

challenging issues, often requiring multiple calls and the ability to effectively negotiate with

constituents and adversaries.  In addition, the COFINA Agent's experience in the bankruptcy

arena was uniquely beneficial in negotiating and documenting a settlement of the

Commonwealth-COFINA Dispute.

100.    The professional services performed by the COFINA Agent during the

Application Period required an aggregate expenditure of 1,076.35 hours.

101.    The COFINA Agent's hourly rates and fees charged are consistent with the

market rate for comparable services.  Indeed, unlike fees paid in other similar matters, due to the

"holdback" of fees from prior Monthly Fee Statements and the delays inherent in the fee review

process, the present value of the fees paid to the COFINA Agent by the Debtors is less than fees

paid monthly by other clients.

## DISCUSSION OF BUDGET AND STAFFING PLAN

102.    In accordance with the UST Guidelines, the COFINA Agent prepared monthly

budgets and staffing plans covering the Application Period, copies of which are annexed hereto

as part of Exhibit 6.  In compliance with section 6(c) of the UST Guidelines, Exhibit 4 of the

Application provides a summary of the hours and gross compensation billed by the COFINA

Agent during the Application Period compared to the aggregate hours and compensation

budgeted for each task code.

103.     The estimated amount of fees the COFINA Agent budgeted for the period of

March 1, 2018 through February 12, 2019 was $1,808,950.00.  The COFINA Agent's fees

incurred during the Application Period were $710,727.00 less than budgeted by the COFINA

Agent from the actual fees incurred by the COFINA Agent during the Application Period.

104.     The COFINA Agent provided necessary and beneficial services during the course

of the Application Period and took all required actions as and when the need arose.  The

COFINA Agent worked closely with other parties throughout the Application Period related to

the complex issues that arose.

## **DISBURSEMENTS**

105.     The COFINA Agent incurred actual and necessary out-of-pocket expenses during

the Application Period in the amount of $40,397.88 as set forth in Exhibit 3.  By this

Application, the COFINA Agent respectfully requests allowance of such reimbursement in full.

106.     The disbursements for which the COFINA Agent seeks reimbursement include

the following.  All expenses were charged pursuant to the U S Trustee guidelines.

     (a)    Travel – The COFINA Agent's practice is to charge lodging,
airfare, and transportation at actual cost to the client.  Events
requiring travel that have led to travel expenses for the Application
Period include travel for scheduled meetings and Court hearings,
as more fully described in the "Non-Working Travel" section
herein;

     (b)    Local Car Service – The COFINA Agent's practice is to charge
ground transportation services at actual cost to the client;

     (c)    Delivery Services/Messengers – The COFINA Agent's practice is
to charge overnight and standard delivery and courier services at
actual cost.  During the Application Period, delivery charges

-31-

include, but are not be limited to, delivery services for case related documents; and

(d)     <u>Travel Meals</u> – The COFINA Agent's practice is to charge for out-of-area meals while traveling out of town to attend meetings, mediations and hearings at actual cost to the client.

## **PROCEDURE**

107.    In accordance with the Interim Compensation Order, the COFINA Agent has provided: (a) notice and copies of the Application to the Notice Parties and (b) notice of this Application to all parties that have requested notice pursuant to Bankruptcy Rule 2002.[7]  The COFINA Agent submits that no other or further notice is required.

108.    No previous application for the relief sought herein has been made to this or any other court.

---

[7]    Copies of the Application, including exhibits, are available on the Debtors' claims and noticing agents' website: https://cases.primeclerk.com/puertorico.

-32-

## CONCLUSION

**WHEREFORE**, the COFINA Agent respectfully requests entry of an order of this Court:

(i) allowing compensation to the COFINA Agent, on a final basis, for services rendered and

expenses incurred during the Application Period, in the total amount of $1,138,621.38,

comprised of fees for services rendered of $1,098,223.50 and expenses incurred of $40,397.88;

(iii) authorizing and directing the payment of all fees and expenses incurred by the COFINA

Agent that remain unpaid, including any Holdbacks, which total $15,887.00; and (iv)  granting

the COFINA Agent any other relief that this Court deems necessary and proper.

Dated: June 12, 2019
       Jackson, Wyoming

Respectfully submitted,

By:  /s/ Nilda M. Navarro-Cabrer
    Nilda M. Navarro-Cabrer
    (USDC – PR No. 201212)
    **NAVARRO-CABRER LAW
    OFFICES**
    El Centro I, Suite 206
    500 Muñoz Rivera Avenue
    San Juan, Puerto Rico 00918
    Telephone:  (787) 764-9595
    Facsimile:  (787) 765-7575
    Email:  navarro@navarrolawpr.com

    *Local Counsel to the COFINA Agent*

WILLKIE FARR & GALLAGHER LLP
*Counsel for the COFINA Agent*

By:  /s/ Joseph G. Minias
    Matthew A. Feldman (*pro hac vice*)
    Joseph G. Minias (*pro hac vice*)
    Paul V. Shalhoub (*pro hac vice*)
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 728-8000
    Facsimile: (212) 728-8111

Respectfully submitted,

By:  /s/ Bettina M. Whyte
    Bettina M. Whyte
    545 West Sagebrush Drive
    Jackson, WY 83001
    Telephone:  (917) 826-8781
    Email:  bwhyre@bmwconsult.com

    *The COFINA Agent*

# **EXHIBIT 1**

**Certification of Bettina M. Whyte**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

　　　　　as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.,*
Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## CERTIFICATION OF BETTINA M. WHYTE PURSUANT TO
## LOCAL BANKRUPTCY RULE 2016-1(a)(4) REGARDING CERTIFICATION OF
## APPLICATIONS FOR COMPENSATION IN PUERTO RICO BANKRUPTCY CASES

I, Bettina M. Whyte, certify as follows:

1.　　　I am the COFINA Agent (the "**COFINA Agent**") in the above-captioned cases.

2.　　　I submit this certification in conjunction with COFINA Agent's final application

(the "**Application**")[2] for allowance of fees and reimbursement of expenses, on a final basis, for

the period August 3, 2017 through February 12, 2019 (the "**Application Period**") in accordance

with Rule 2016-1(a)(4) of the Local Bankruptcy Rules for the District of Puerto Rico, the

Bankruptcy Rules, the Bankruptcy Code, the *Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

---

[1]　The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case
No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy
Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]　Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

*Larger Chapter 11 Cases* (the "**UST Guidelines**") and the Interim Compensation Order

(collectively, the "**Guidelines**").

3.    I am the professional with the responsibility for the COFINA Agent's compliance

in these cases with the Guidelines.  This certification is made in connection with the Application

for allowance of compensation for professional services and reimbursement of expenses for the

Application in accordance with the Guidelines.

4.    Pursuant to Local Rule 2016-1(a)(4) of the Local Rules:  (a) I have read the

Application; (b) to the best of my knowledge, information, and belief, formed after reasonable

inquiry (except as stated herein or in the Application), the fees and disbursements sought in the

Application conform to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the

Guidelines and the Local Rules; (c) the fees and disbursements sought in this Application are

billed at or below the rates and in accordance with practices customarily employed by the

COFINA Agent and generally accepted by her clients; and (d) the compensation and

reimbursement of expenses sought in this Application are billed at rates no less favorable to the

COFINA Agent than those customarily employed by the COFINA Agent.

5.    The Monthly Fee Statements were provided to the Notice Parties as required by

the Interim Compensation Order and no objections were received.

6.    A copy of the daily time records for each of the Monthly Fee Statements, broken

down by matter and listing the name of the professional, the date on which the services were

performed, and the amount of time spent in performing the services has previously been

provided to the Notice Parties.  The time records set forth in reasonable detail the services

rendered by the COFINA Agent in these cases.

2

7.      Included in <u>Exhibit 4</u> of the Application is a list of the different matter headings under which time was recorded during the Application Period.  The list includes all discrete matters within these cases during the Application Period that reasonably could have been expected to constitute a substantial portion of the fees sought during any given Application Period.

8.      No agreement or understanding exists between the COFINA Agent and any person for a division of compensation or reimbursement received or to be received herein or in connection with these cases.

9.      The COFINA Agent has sought to keep her fees and expenses at a reasonable level and to utilize professional services and incur expenses only as necessary to competently serve as the COFINA Agent.

10.      During the Application Period, no services were performed in Puerto Rico.

11.      I hereby certify that no public servant of the Department of Treasury and no employee of COFINA is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice.  The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the COFINA Agent.  The amount of this invoice is reasonable.  The services were rendered and the corresponding payment has not been made.  The COFINA Agent does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

12.      The following is provided in response to the request for additional information set forth in Section C.5 of the UST Guidelines.

**Question:**  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period?

3

**Response:**  No, the COFINA Agent did not vary her standard or customary billing rates, fees or terms for services pertaining to this engagement.

**Question:**  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response:**  the COFINA Agent did not exceed her budget during the Application Period.

**Question:**  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:**  No, the COFINA Agent did not vary its hourly rates based on the geographic location of the bankruptcy cases.

**Question:**  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billed records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

**Response:**  No time has been independently billed to preparing, reviewing, or revising invoices.

**Question:**  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Response:**  No.

**Question:**  Does this fee application include rate increases since retention?

**Response:**  No.  There have been no rate increases during the period of this retention

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of June 2019 in Jackson, Wyoming.

  /s/ Bettina M. Whyte
Bettina M. Whyte

4

# **EXHIBIT 2**

**Compensation By Professional For the Application Period**

## COMPENSATION BY INDIVIDUAL

| Name | Position | Hours | Hourly Rate | Fees Billed |
|---|---|---|---|---|
| Bettina M. Whyte | COFINA Agent | 956.65 | $1,100.00 | $1,052,315.00 |
| Frederick G. Kraegel | Senior Business Executive | 119.70 | $ 800.00 | $95,760.00 |
| **TOTAL:** | | 1,076.35 | $ 1,066.64 | $1,148,075.00[1] |

---

[1] Presented before Fee Examiner reductions.

## **EXHIBIT 3**

**Summary of Expenses For the Application Period**

## SUMMARY OF EXPENSES FOR THE APPLICATION PERIOD

| Disbursement | Amount |
|---|---|
| Local Transportation/ Ground Transportation | $6,693.86 |
| Local Meal/ Meals and Entertainment | $1,806.50 |
| Lodging | $19,692.93 |
| Airfare/ Travel | $19,196.25 |
| Administrative Expenses | $169.93 |
| Misc. Supplies and Expense | $1,332.26 |
| Postage and Shipping | $1,008.27 |
| **Total:** | **$49,900.00[1]** |

---

[1] Presented before Fee Examiner reductions.

## **EXHIBIT 4**

**Summary of Time By Billing Category For The Application Period**

## SUMMARY OF TIME BY BILLING CATEGORY

| Service Category | Hours Billed | Fees Billed | Hours Budgeted | Fees Budgeted |
|---|---|---|---|---|
| Litigation | 214.3 | $233,210.00 | 390 | $429,000.00 |
| Mediation | 693.35 | $744,055.00 | 1,045 | $1,127,500.00 |
| Fee Applications/ Agent | 43.1 | $39,580.00 | 0 | $0.00 |
| Fee Application/ Counsel | 26.2 | $26,810.00 | 60 | $60,500.00 |
| Non – Working Travel (Billed at Half Time) | 89.9 | $95,890.00 | 285 | $156,750.00 |
| Case Administration | 8.6 | $7,540.00 | 0 | $0.00 |
| Research | 0.9 | $990.00 | 0 | $0.00 |
| **TOTAL:** | **1,076.35** | **$1,148,075.00**[1] | **1,780** | **$1,808,950.00** |

---

[1] Presented before Fee Examiner reductions.

**<u>EXHIBIT 5</u>**

**Budgets and Staffing Plans[1]**

---

[1] Fees Budgeted do not include any amounts for periods prior to March 1, 2018.

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from March 1, 2018 through and including March 31, 2018**

## BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 25 | $27,500.00 |
| Mediation | 190 | $209,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 14 | $7,700.00 |
| **TOTAL:** | **234** | **$249,700.00** |

## STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Hourly Rate |
|---|:---:|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

***The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS**
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from April 1, 2018 through and including April 30, 2018**

**<u>BUDGET</u>**

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| Litigation | 50 | $55,000.00 |
| Mediation | 150 | $165,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 50 | $27,500.00 |
| **TOTAL:** | **255** | **$253,000.00** |

**<u>STAFFING PLAN</u>**

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from May 1, 2018 through and including May 31, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| Litigation | 50 | $55,000.00 |
| Mediation | 150 | $165,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 50 | $27,500.00 |
| **TOTAL:** | **255** | **$253,000.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from June 1, 2018 through and including June 30, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 50 | $55,000.00 |
| Mediation | 150 | $165,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 50 | $27,500.00 |
| **TOTAL:** | **255** | **$253,000.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from July 1, 2018 through and including July 31, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| Litigation | 25 | $27,500.00 |
| Mediation | 120 | $132,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 30 | $16,500.00 |
| **TOTAL:** | **180** | **$181,500.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from August 1, 2018 through and including August 31, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 10 | $11,000.00 |
| Mediation | 80 | $88,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **110** | **$112,750.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from September 1, 2018 through and including September 30, 2018**

## BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| Litigation | 10 | $11,000.00 |
| Mediation | 55 | $60,500.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **85** | **$85,250.00** |

## STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

***The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS**
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from October 1, 2018 through and including October 31, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 30 | $33,000.00 |
| Mediation | 35 | $38,500.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **85** | **$85,250.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

***The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS**
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from November 1, 2018 through and including November 30, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 30 | $33,000.00 |
| Mediation | 35 | $38,500.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **85** | **$85,250.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from December 1, 2018 through and including December 31, 2018**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 20 | $22,000.00 |
| Mediation | 40 | $44,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **80** | **$79,750.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

***The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS**
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from January 1, 2019 through and including January 31, 2019**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| Litigation | 50 | $55,000.00 |
| Mediation | 20 | $22,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **90** | **$90,750.00** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---:|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

***The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS**
**Budget and Staffing Plan for the COFINA Agent**

**For the Period from February 1, 2019 through and including February 12, 2019**

**<u>BUDGET</u>**

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| Litigation | 40 | $44,000.00 |
| Mediation | 20 | $22,000.00 |
| Fee Applications | 5 | $5,500.00 |
| Non-Working Travel (billed at 50%) | 15 | $8,250.00 |
| **TOTAL:** | **80** | **$79,750.00** |

**<u>STAFFING PLAN</u>**

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| COFINA Agent | 1 | $1,100.00 |
| Senior Business Executive | 1 | $800.00 |
| **TOTAL:** | **2** | |

## EXHIBIT 6

**Court Appointment of Bettina M. Whyte**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| *In re*<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## STIPULATION AND ORDER APPROVING
## PROCEDURE TO RESOLVE COMMONWEALTH-COFINA DISPUTE

This stipulation and order ("Stipulation") is entered into by the undersigned parties (the "Signatories") to resolve the issues raised by the *Motion of Debtors for Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "Motion") and this Stipulation shall be noticed generally prior to consideration by the Court so the Court's ruling shall be binding on all parties in interest.[2]

## RECITALS

**WHEREAS,** the Oversight Board filed the Motion in order to authorize a procedure to resolve the Commonwealth-COFINA Dispute in furtherance of fulfilling its responsibilities under PROMESA;

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); and (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA" and, together with the Commonwealth, the "Debtors") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

**WHEREAS**, the Court denied the Motion without prejudice at the omnibus hearing held in San Juan, Puerto Rico, on June 28, 2017 (the "Hearing");

**WHEREAS**, at the Hearing, the Court directed the Oversight Board to seek the agreement of all interested parties to a procedure for resolving the Commonwealth-COFINA Dispute through confidential mediation with Chief Bankruptcy Judge Houser of the Northern District of Texas (the "Mediation"), and authorized the Oversight Board to file a revised motion with or without unanimous support of interested parties;

**WHEREAS**, in an effort to advance the Title III Cases and facilitate the litigation or settlement of the Commonwealth-COFINA Dispute, the Signatories have agreed upon a revised procedure as set forth below and respectfully request the Court to enter this Stipulation as an agreed Order, binding on all parties in interest in the Debtors' cases.

**NOW, THEREFORE**, the Signatories agree and, upon the Court's approval, it shall be ordered and binding on all parties in interest as follows:

1.    Notice; Jurisdiction; Venue.  The Debtors provided adequate and appropriate notice of the Motion and of this Stipulation under the circumstances and no other and further notice is required.  The Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.  Venue is proper pursuant to section 307(a) of PROMESA.

2.    Appointment Of Agents.  With respect to the appointment of the Commonwealth Agent (as defined below), Bankruptcy Code sections 105(a), 503(b)(3)(B), 1103(c), and 1109(b) permit the Oversight Board to consensually grant standing to the Creditors' Committee (as defined below), when necessary and beneficial to do so (*see Commodore International, Ltd. v. Gould (In re Commodore International, Ltd.)*, 262 F.3d 96 (2d Cir. 2001) (setting forth test for consensual grant of derivative standing); *see generally Official Committee of Unsecured Creditors of*

*Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (court may authorize creditors'
committee to recover property for the benefit of the debtor's estate); *accord In re Sunset Hollow
Properties, LLC*, 359 B.R. 366, 383 (Bankr. D. Mass. 2007) (approving of "standing derived from
the [] debtor passed on to its Creditors' Committee" and citing with approval *Commodore Int'l
Ltd. v. Gould et al, (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 98 (2d Cir. 2001) ("a debtor in
possession may stipulate to representation by an unsecured creditors' committee 'so long as the
bankruptcy court exercises its judicial oversight and verifies that the litigation is indeed necessary
and beneficial.'")).  Further, with respect to the appointment of the Commonwealth Agent and the
COFINA Agent (as defined below and, together with the Commonwealth Agent, the "Agents"),
section 104(g) of PROMESA authorizes the Executive Director to enter into any contracts that are
appropriate to carry out the Oversight Board's responsibilities under PROMESA and section
104(b) permits the appointment of an agent by the Oversight Board to take any action that the
Oversight Board is authorized to take by section 104 of PROMESA.  The Signatories agree and,
upon entry of the Stipulation by the Court, the Court finds, that approval of the procedures is
necessary and appropriate to carry out the provisions of Title III of the Debtors' cases, the conferral
of agent status on the Commonwealth Agent and COFINA Agent is (i) in the best interests of the
Debtors and their respective property and (ii) necessary and beneficial to the efficient resolution
of these cases, and this Stipulation constitutes a permitted contract pursuant to sections 104(b) and
(g) of PROMESA.  This finding with respect to section 104 of PROMESA is limited to the facts
and circumstances presented by this Stipulation, and shall have no binding effect outside of these
facts and circumstances.  Solely to the extent, if any, that section 305 of PROMESA serves as a
limitation on judicial power over the authority delegated to the Agents, the Oversight Board hereby
consents.

3. <u>Objections Withdrawn or Overruled</u>. All objections to the procedures approved herein by any Signatory have been withdrawn by such Signatory, subject to the explicit reservation of rights herein, or are overruled on the merits upon entry of this Stipulation by the Court; *provided, however* that nothing herein shall be deemed, asserted, or construed as an admission by any Signatory and nothing herein shall substantively impact any party's rights, claims, defenses, or counterclaims in connection with the Commonwealth-COFINA Dispute or under the COFINA Bond Resolution.

4. <u>Procedures</u>. Upon entry by the Court of this Stipulation, and subject to paragraph 11 herein, the Oversight Board shall implement the following actions and procedures relating to this issue: Whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt (the "Pledged Sales Taxes") are property of the Commonwealth or COFINA under applicable law (the "<u>Commonwealth-COFINA Dispute</u>").[3]

    a. The Oversight Board, as representative of title III debtor Commonwealth of Puerto Rico pursuant to PROMESA section 315(b), authorizes the statutory committee of unsecured claimholders appointed by the United States Trustee on June 15, 2017 (the "Creditors' Committee") to serve as the Commonwealth representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of the Commonwealth (the "<u>Commonwealth Agent</u>").

    b. The Oversight Board, as representative of title III debtor COFINA pursuant to PROMESA section 315(b), authorizes Bettina Whyte to serve as the COFINA representative to litigate and/or settle the Commonwealth-COFINA Dispute on behalf of COFINA (the "<u>COFINA Agent</u>").

    c. Solely in respect of settlement discussions, the Commonwealth shall have two creditor representatives (the "<u>Commonwealth Creditor Representatives</u>") appointed as follows—

        i. One Commonwealth Creditor Representative shall be selected by the Ad Hoc Group of GO Bondholders and Assured Guaranty Corp. ("AGO"). For the avoidance of doubt, the Commonwealth Creditor Representatives that

---

[3] If any creditors contend the determination of the foregoing issue requires determination of claims or defenses personal to such creditors and not owned by the Commonwealth or COFINA, the Court shall separately determine how such claims and defenses shall be adjudicated.

are not statutory committees shall not, by virtue of their selection for such position or their participation in settlement discussions, take on any duties to any other person or entity, including, without limitation, any duty to refrain from trading any securities (or derivatives of securities), provided, however, that nothing herein exempts any person or entity from compliance with all applicable securities laws.; and

ii. One Commonwealth Creditor Representative shall be the Official Committee of Retirees;

d. Each of the Commonwealth Agent and the COFINA Agent shall be entitled to retain legal and other professionals it reasonably deems appropriate. The COFINA Agent shall retain the law firms Willkie Farr & Gallagher LLP as lead counsel, with the matter led by Matthew A. Feldman, and Klee Tuchin Bogdanoff & Stern LLP as special municipal bankruptcy counsel, with the matter led by Kenneth N. Klee. The Creditors' Committee's retained advisors, the COFINA Agent and its retained advisors, and the Commonwealth Creditor Representatives shall be compensated by the Debtor on whose behalf they are acting, in conformity with PROMESA section 316 and any interim compensation procedures ordered by the Court; and in the case of counsel for the Creditors' Committee and counsel for the Official Committee of Retirees, the order of this Court authorizing the retention of such counsel. For the avoidance of doubt, the Commonwealth Creditor Representative selected by the Ad Hoc Group of GO Bondholders and AGO may be an individual, group, or committee. If it is a group or committee, its compensation shall not exceed compensation for the time of one individual. Such individual shall not be authorized to retain legal or other professionals at the expense of the Commonwealth to assist him/her in carrying out his/her functions in this Stipulation, but the individual shall be compensated for his/her time and reasonable expenses. The Official Committee of Retirees shall be entitled to compensation of its advisors, but not to compensation for its members' time.

e. By no later than ten (10) days after this Stipulation is so ordered, the Agents shall meet and confer regarding the time and form of commencement of litigation to resolve the Commonwealth-COFINA Dispute. In advance of the commencement of such litigation, the Agents, the Oversight Board, AAFAF, and the Permitted Intervenors (as defined below) shall agree to a schedule constructed to enable the Court to rule, on a final basis, on the Commonwealth-COFINA Dispute, on or before December 15, 2017, unless extended by the Court, for cause, *sua sponte* or upon application of any of the Signatories, in the absence of a prior settlement (the "Resolution Date"); provided, that, if the parties do not agree on a schedule within 15 days after entry of this Stipulation, the Agents may together or separately seek approval from the Court by motion upon shortened notice of a proposed schedule.

f. Each Agent shall have a duty of good faith, care, and loyalty to the Debtor the Agent represents. In furtherance of such duties, each Agent shall, with the advice and assistance of counsel, endeavor to the best of the Agent's ability under the circumstances to litigate and negotiate from the perspective of what result is best for the Debtor the Agent represents, as opposed to what result is best for any particular type of creditor of the Debtor the Agent represents. If the Agents negotiate a

5

settlement, they should be guided by *Protective Committee of Independent Shareholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). Neither the Agent nor its professionals (in their capacities as professionals to the Agent) shall litigate, nor attempt to negotiate, or participate in the mediation of, any of the rights of any bondholder versus another bondholder under the COFINA Bond Resolution, or any bondholder versus an insurer of such bonds. Each Agent shall have the rights of its respective debtor solely in respect of the conduct of the litigation and settlement of the Commonwealth-COFINA Dispute. In connection with fulfilling its duties hereunder, the Agent shall consult with the major creditor constituencies of the Debtor it represents and any Permitted Intervenors that intervene on that Agent's side of the Commonwealth-COFINA Dispute. To the extent not already required herein, the Commonwealth Agent shall consult with the Commonwealth Creditor Representatives, the Ad Hoc Group of GO Bondholders, FGIC, and AGO (to the extent that the Ad Hoc Group of GO Bondholders and AGO have not been selected as a Commonwealth Creditor Representative) regarding the status of negotiations with respect to settlement of the Commonwealth-COFINA dispute. In agreeing to this Stipulation, no Signatory waives any right to object to a settlement negotiated by the Agent on any ground, including that such settlement is a denial of adequate protection or other right that may be asserted by such objector. Each Agent shall have access to any nonprivileged information of the Debtor it represents reasonably necessary to the Agent performing its duties in resolving the Commonwealth-COFINA Dispute; provided that any objections of the Debtors may be resolved by the mediators. For the avoidance of doubt, this does not include access to information of the Oversight Board. To the extent a Debtor agrees to provide privileged information or work product, such production shall remain subject to all privileges notwithstanding the production, and the Agent is not authorized to waive any privileges or to share the information with any third parties for any purpose, unless authorized to do so in writing by its Debtor. Notwithstanding the foregoing, in the mediation process, (i) the Agent(s) reserve the right to seek access to relevant Commonwealth and/or Oversight Board information that is neither privileged nor work product that will allow them to understand the financial need that the Commonwealth anticipates satisfying from the Pledged Sales Taxes, and (ii) the Commonwealth and the Oversight Board reserve the right to oppose such access on any ground including that the certified fiscal plans show all financial needs to be satisfied. The Assigned Mediator(s) (as defined in the Mediation Agreement) will work with all parties to attempt to resolve any dispute over access to this information (including disputes with respect to privilege and work product). Nothing herein shall (a) preclude the Signatories from sharing with the Agents information obtained in the Mediation necessary to understand the financial need that the Commonwealth anticipates satisfying from the Pledged Sales Taxes, or from sharing privileged information with the Agents and Agents' counsel in furtherance of any common interest, and (b) entitle any Signatory to any privileged information or work product.

g. In addition, each Agent may consider what result, through litigation, negotiation and mediation, will render its Debtor best able to achieve fiscal responsibility and access to the capital markets, in the judgment of each Agent. Nothing herein waives

6

any rights of the Commonwealth and AAFAF under PROMESA sections 303 and 305 subject to any limitations thereon imposed by the Puerto Rico Constitution, the U.S. Constitution, or PROMESA.

h.  To the extent it is necessary or desirable to link a settlement to the treatment of creditors' claims in a title III plan of adjustment, the Oversight Board and AAFAF may participate in the negotiations and Mediation in an effort to reach such a settlement.

i.  Any settlement negotiated pursuant to the protocol approved herein shall be presented simultaneously to both Commonwealth Creditor Representatives by the Agents upon reaching agreement. Such settlement shall be filed with the Court by the Agents no fewer than 7 days after it is presented to the Commonwealth Creditor Representatives; provided, however, that if the Commonwealth Creditor Representative selected by the Ad Hoc Group of GO Bondholders and AGO objects to such settlement, the settlement shall not be filed with the Court unless and until Chief Bankruptcy Judge Barbara Houser, serving as Mediation Team Leader by order dated June 14, 2017 of U.S. District Judge Laura Taylor Swain, makes a determination that, under all the circumstances, it is appropriate for such settlement to be presented to the Court for approval. Such settlement shall only be effective upon (i) with respect to the Commonwealth, (a) approval of the Commonwealth Agent and at least one of the Commonwealth Creditor Representatives, provided, however, the Commonwealth Creditor Representatives are not authorized to negotiate any proposed settlement, but only to consent thereto, and (b)(1) this Court's approval of such settlement pursuant to a final order as to which (A) the deadline to file a notice of appeal or petition for certiorari has lapsed (including any extension provided by Bankruptcy Rule 8002(b)(1)) and no appeal or petition is pending or, (B) if the subject of a timely appeal or petition, no stay, suspension, or injunction precluding effectiveness has been granted and is continuing (a "Final Order"), or (2) confirmation of a title III plan of adjustment in the Commonwealth title III case incorporating such settlement pursuant to a Final Order, and which plan has become effective; and (ii) with respect to COFINA, confirmation of a title III plan of adjustment in the COFINA title III case incorporating such settlement pursuant to a Final Order, and which plan has become effective; provided, however, that, other than with respect to ensuring that such settlement is properly embodied within the title III plan of adjustment, the COFINA Agent shall not participate in the negotiations of a title III plan of adjustment in the COFINA title III case.

j.  If the Oversight Board determines it is impracticable to schedule a timely confirmation hearing on a Commonwealth plan of adjustment embodying the proposed settlement negotiated by the Agents, then any proposed settlement negotiated by the Agents that can be implemented by the Commonwealth independently of a plan of adjustment (e.g., a settlement that allocates the Pledged Sales Taxes between COFINA and the Commonwealth, but does not provide for how the Commonwealth will distribute such assets to creditors), may be submitted for this Court's approval with respect to the Commonwealth only by the Commonwealth Agent or the Oversight Board. Absent agreement of all Signatories, any proposed settlement outside a plan of

7

adjustment for the Commonwealth shall be submitted for approval on not less than 45 days notice, and shall be heard and if approved, approved contemporaneously with confirmation of a title III plan of adjustment in the COFINA title III case incorporating such settlement.

k.   All parties in interest, including the Oversight Board and AAFAF, may appear and be heard with respect to any proposed settlement; *provided, however*, that neither the Oversight Board nor AAFAF shall have any right to contest any judgment made by the Agents pursuant to subparagraph f.

l.   In the event that the Commonwealth-COFINA Dispute is resolved by a settlement developed under this protocol, the Oversight Board shall file a title III plan of adjustment for COFINA incorporating such settlement, with an accompanying disclosure statement, and the Oversight Board shall propose how COFINA's property will be distributed to COFINA creditors (consistent with the plan distributions, if any, agreed to by all parties in the Mediation), no later than [45] days after such settlement is presented by the Agents to the Oversight Board; provided that, no hearing to consider approval of any settlement of the Commonwealth-COFINA Dispute with respect to COFINA shall occur, and objections to such settlement by COFINA's creditors and other parties in interest shall not be due, until a reasonable time after the Oversight Board files a title III plan of adjustment for COFINA, and such hearing date and objection deadline may be concurrent with the hearing date and objection deadline for the COFINA plan of adjustment.  If any court of competent jurisdiction denies confirmation of the plan incorporating the settlement developed under this protocol, the Oversight Board shall use good faith efforts to file one or more amended plans, each of which incorporates such settlement, in order to comply with the confirmation requirements of section 314(b) of PROMESA; *provided*, *however*, that if the Court determines no confirmable plan for COFINA can be proposed consistent with the settlement, then the settlement shall be deemed null and void.

m.   For the avoidance of doubt, the litigation or negotiation by the Agents shall not include issues other than the Commonwealth-COFINA Dispute; *provided, however,* that any resolution of the Commonwealth-COFINA Dispute implemented under a title III plan of adjustment shall be a final resolution of all issues affecting entitlements of each allowed claim against COFINA to its distributions under the plan, including with respect to the nature, validity, extent and priority of the liens pledged to secure the COFINA bonds, and may resolve all potential claims by holders of COFINA bonds against the Commonwealth, provided further that any such treatment of COFINA bondholders' claims, if any, against the Commonwealth as part of the settlement shall be on terms acceptable to the Commonwealth Agent and the Oversight Board.

n.   Notwithstanding anything in this Stipulation, the Oversight Board shall remain the only party authorized by PROMESA to propose a title III plan of adjustment, and to carry out that power and duty, the Oversight Board may, at any time, propose title III plans of adjustment for the Commonwealth and COFINA that incorporate a settlement of the Commonwealth-COFINA Dispute, developed by the Agents, or developed by the Oversight Board, and the Oversight Board may negotiate and mediate with creditors to achieve such settlement of the Commonwealth-COFINA

Dispute; provided, however, that if the Agents reach a proposed settlement of the
Commonwealth-COFINA Dispute before the Court fixes a date for a hearing on the
disclosure statement of the Oversight Board's proposed plan of adjustment for
COFINA, the Oversight Board shall amend its proposed disclosure statement so at the
confirmation hearing on the proposed plan of adjustment for COFINA, the Agents'
proposed settlement shall first be considered by the Court together with the proposed
plan distributions, if any, agreed to by all parties in the Mediation, or otherwise,
together with plan distributions proposed by the Oversight Board.

5.    Intervention; Rights To Participate. Each of the creditor parties, statutory committees, and

Creditor Representatives,  that are Signatories (the "Permitted Intervenors"), shall be authorized

to intervene, in its individual capacity or as part of a group, and be heard in any litigation between

the Agents to resolve the Commonwealth-COFINA Dispute without further order of the Court;

*provided, however*, that the Court may impose reasonable limitations on participation by the

Permitted Intervenors to avoid duplication and undue burdens on the Court.  AAFAF, as the

government's agent in accordance with the *Puerto Rico Fiscal Agency and Financial Advisory*

*Authority*, Act 2-2017 (Jan. 18, 2017) (the "AAFAF Enabling Act"), may also intervene as of right

to exercise its rights to be heard under applicable law.  AAFAF shall not contravene the FOMB's

statutory status as the Commonwealth's representative pursuant to PROMESA § 315(b).  Nothing

herein waives the rights of any party in interest from asserting any intervenor is conflicted.

Nothing herein shall deprive AAFAF and the government of any other intervention rights they

have and shall not deprive any other party in interest of any standing, intervention rights,  and other

rights to appear that they have in any litigation relating to the Commonwealth-COFINA Dispute

or any other litigation.  For the avoidance of doubt, the grant of intervention to any party, including

the Permitted Intervenors, shall neither affect nor impair the ability of the Agents to settle the

Commonwealth-COFINA Dispute in accordance with paragraph 4 above nor modify the standards

for approval by the Court of any settlement reached by the Agents.

6.    <u>Effectiveness</u>.  Immediately upon entry by the Court of this Stipulation and Order, (a) the
Debtors and the Oversight Board, as the Debtors' representative, are authorized to take all actions,
and to execute all documents, necessary or appropriate, to effectuate the relief granted herein, and
(b) this Stipulation and Order shall be binding on all entities having received prior notice of the
hearing on this Stipulation and Order

7.    <u>Jointly Drafted</u>.  The preparation of this Stipulation has been a joint effort of the Signatories
and the resulting document shall not, solely as a matter of judicial construction, be construed more
severely against one of the Signatories than the other.

8.    <u>Retention Of Jurisdiction</u>.  This Court retains exclusive jurisdiction with respect to all
matters arising from or related to the implementation, interpretation, and enforcement of this
Stipulation and Order.

9.    <u>Whole Agreement</u>.  This is the whole agreement among the Signatories in respect of its
subject matter, and all prior statements and actions are merged herein.

10.    <u>Amendment</u>.  This Stipulation may not be amended except in a writing signed by the
Signatories and approved by the Court.

11.    <u>Rights Preserved</u>.  Except as expressly provided herein, no Signatory waives or releases
any rights, including, without limitation, (i) the right to seek dismissal of the Commonwealth
and/or COFINA Title III petitions, (ii) any rights under the COFINA Bond Resolution and any
applicable bond resolutions, statutes, and constitutional provisions, (iii) the right, if any, to
challenge any fiscal plan, (iv) the right to seek Court approval of certification to the Supreme
Court of Puerto Rico of the Commonwealth law issues in the Commonwealth-COFINA Dispute,
subject to all other parties' rights to oppose such relief on any ground including without
limitation that similar relief was previously requested and denied, and (v) the right to seek a stay

10

of other litigation in the Title III cases that may involve the Commonwealth-COFINA Dispute or
property subject to it. Except as provided in paragraph 2, the Oversight Board does not consent
or otherwise release any rights of the Oversight Board under PROMESA or otherwise, including
section 305 of PROMESA. The rights and powers of the government of Puerto Rico under the
Puerto Rico Constitution and PROMESA, including without limitation under sections 303 and
305 of PROMESA, are expressly reserved, subject to any limitations thereon imposed by the
Puerto Rico Constitution, the U.S. Constitution, or PROMESA.

12. <u>Confidentiality</u>. There shall be common interest and joint defense privileges for all
communications (including work product shared) between or among an Agent and the Creditor
Representatives or creditors of the Debtor such Agent represents. All such communications shall
be confidential and shall not be subject to discovery or other disclosure.

13. <u>Further Assurances</u>. Each Signatory shall take such actions and sign such documents as
necessary or desirable to carry out this Stipulation.

14. <u>Counterpart Originals</u>. This Stipulation may be signed in counterpart originals as if signed
in one original document. Emailed scans of this Stipulation signed by a Signatory shall be deemed
an original for all purposes.

15. <u>No Conflict</u>. The representation by counsel to the Creditors' Committee of the Creditors'
Committee as Commonwealth Agent with respect to the Commonwealth-COFINA Dispute shall
not create an attorney-client relationship between such Creditors' Committee counsel and the
Commonwealth, AAFAF, or the Oversight Board and therefore counsel for the Creditors'
Committee shall be free to advocate positions adverse to such parties in the Title III cases.

Case:17-03283-LTS Doc#:998 Filed:08/10/17 Entered:08/10/17 16:34:13 Desc: Main
Document Page 12 of 12

Dated: as of July 21, 2017
       San Juan, Puerto Rico

This Order resolves docket entry nos. 718, 734, 813, 857, and 868.

SO ORDERED on August 10, 2017:

        /s/ Laura Taylor Swain
Honorable Laura Taylor Swain
United States District Judge