**Hearing Date:  October 30, 2019 at 9:30 a.m. (AST)**
**Objection Deadline:  July 8, 2019 at 4:00 p.m. (AST)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## FINAL FEE APPLICATION OF WILLKIE FARR & GALLAGHER LLP, IN ITS CAPACITY AS COUNSEL TO BETTINA M. WHYTE, AS THE COFINA AGENT, FOR FINAL ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES <u>INCURRED FROM AUGUST 3, 2017 THROUGH FEBRUARY 12, 2019</u>[2]

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]   The Final Application Period includes limited services after February 12, 2019 in respect to the preparation and negotiations of WF&G's Fifth Interim and Final Fee Applications.

**<u>EXHIBITS</u>**

Exhibit 1 – Certification of Joseph G. Minias

Exhibit 2 – Summary of Professionals for the Application Period

Exhibits 2-A-J – Summary of Professionals by Matter for the Application Period

Exhibit 3 – Summary of Expenses for the Application Period

Exhibit 4 – Summary of Time by Billing Category for the Application Period

Exhibit 5 – Comparable Compensation Disclosures

Exhibit 6 – Declaration of Joseph G. Minias in Support of Expert Expenses

### SUMMARY SHEET TO THE FINAL APPLICATION OF WILLKIE FARR & GALLAGHER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE COFINA AGENT FROM AUGUST 3, 2017 THROUGH FEBRUARY 12, 2019

| | |
|---|---|
| Name of Applicant | Willkie Farr & Gallagher LLP |
| Name of Client | Bettina M. Whyte, as COFINA Agent |
| Time period covered by this application | August 3, 2017 through February 12, 2019 |
| Petition date | May 5, 2017 for COFINA (as defined below) |
| Retention date | August 3, 2017 |
| Date of order approving employment | August 10, 2017 nunc pro tunc to August 3, 2017 |
| Amount of final compensation sought as actual, reasonable, and necessary sought after all voluntary reductions | $14,322,076.14[1] |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary sought after all voluntary reductions | $1,234,047.92[2] |
| Estimate of compensation sought as actual, reasonable, and necessary in connection with Final Fee Application | $45,000 |
| Estimate of expenses sought as actual, reasonable, and necessary in connection with Final Fee Application | $6,000 |
| Other than with respect to the fifth interim fee period, are your fee or expense totals different from the sum of previously-approved interim fee applications? | |

---

[1]   This amount reflects the 5% discount that WF&G agreed in connection with its fees for these cases, as well as all deductions recommended by the Fee Examiner in connection with WF&G's First – Fourth Interim Fee Applications.  In addition, this amount includes $44,980.05 in fees incurred by WF&G in connection with the preparation of its Final Fee Application and negotiations with the Fee Examiner. This amount does not include the estimated fees in connection with its Final Fee Application. The total amount of fees sought by WF&G in its five Interim Fee Applications was $14,871,330.85, which exceeds the amount sought herein.  The difference is attributable to negotiated reductions voluntarily taken by WF&G in response to Fee Examiner objections and concerns.  While WF&G believed its fees at each interim period were fully justified by the facts and applicable law, WF&G negotiated in good faith with the Fee Examiner which allowed WF&G to reach a compromise with the Fee Examiner that involved WF&G voluntarily agreeing to certain reductions in exchange for, and in reliance on, the Fee Examiner foregoing other objections.  This, however, does not include areas in which the Fee Examiner explicitly reserved a right to object.  WF&G entered into these settlements with the assumption that the Fee Examiner will not identify further items to object to in WF&G's Interim Fee Applications.  If however, the Fee Examiner seeks to re-open previously agreed-upon settlements and attempts to further reduce WF&G's allowed interim fees for those time periods, WF&G reserves the right to seek the entirety of the fees and expenses it originally asserted and continues to believe to be allowable under the facts and applicable law for the Final Fee Period (i.e. $14,871,330.85).

[2]   This amount includes the full expense request in WF&G's Fifth Interim Fee Application, as well as those amounts deferred by the Fee Examiner in connection with the COFINA Agent's expert witness fees.

| | |
|---|---|
| _____ Yes   ____x____ No (If there is a discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet)[3] | |
| Blended rate in this application for all attorneys (prior to 5% discount) | $934.54 |
| Blended rate in this application for all timekeepers (prior to 5% discount) | $895.43 |
| The total time expended for fee application preparation for the Final Fee Period is approximately 207.1 hours and the corresponding compensation requested is approximately $108,869.50 (after accounting for the 5% discount).  This time is billed to Matter 00005 (Fee Applications and Retentions).  This category includes additional time expended during the Final Application Period not relating to fee application preparation, such as analysis and correspondence concerning Fee Examiner's reports.  As a result, the total amount listed herein is less than the total amount of fees in Matter 00005. | |

**Willkie Farr & Gallagher LLP certifies that $72,361.50[4] of the fees requested in the Application relate to work performed while physically located in Puerto Rico.**

This is a *final* application.

---

[3]   WF&G's  fee and expenses totals in this Final Application do not differ with respect to previously approved interim fee applications other than with respect to the Fifth Interim Application, but the totals are different because, as indicated in footnote 1 they include limited services after February 12, 2019 in respect to preparation of WF&G's Final Fee Application.

[4]   This amount includes those amounts that appear in the Puerto Rico Matter (00011) plus certain amounts that were billed earlier in the case to the COFINA Bond Litigation Matter (00001) before the Puerto Rico Matter was opened.

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS: | | | | | |
|---|---|---|---|---|---|
| | | Requested | | Approved | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
| Docket No. 2031 | **First IFP** 8/3/17 to 9/30/17 | $4,661,711.75 | $158,974.01 | $4,406,475.83 | $83,947.24 |
| Docket No. 2727 | **Second IFP** 10/1/17 to 1/31/18 | $4,348,432.15 | $138,798.99 | $4,173,357.98 | $137,846.14 |
| Docket No. 3541 | **Third IFP** 2/1/18 to 5/31/18 | $4,634,348.89 | $957,142.80 | $4,489,034.58 | $244,296.46[5] |
| Docket No. 4263 | **Fourth IFP** 6/1/18 to 9/30/18 | $730,672.54 | $42,302.71 | $712,062.18 | $15,785.48[6] |
| Docket No. 5782 | **COFINA Fifth IFP** 10/1/18 to 2/12/19 | $496,165.52 | $13,607.57 | *Pending* | *Pending* |
| **Total fees and expenses approved by interim orders to date:** | | | | **$13,780,930.57** | **$481,875.32** |

[5]   In accordance with WF&G's Third Interim Fee Application, the Fee Examiner deferred consideration of $712,240.03 in expert witness fees.

[6]   In accordance with WF&G's Fourth Interim Fee Application, the Fee Examiner deferred consideration of $26,325.00 in expert witness fees.

**PRIOR INTERIM OR MONTHLY FEE <u>PAYMENTS</u> TO DATE:**

| | Date Filed | Period Covered | Requested | | Approved and/or Paid | |
|---|---|---|---|---|---|---|
| | | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 1 | 9/25/17 | 8/3/17 – 8/31/17 | $2,136,328.00 | $56,892.68 | $1,509,087.31 | $47,251.18 |
| 2 | 10/31/17 | 9/1/17 – 9/30/17 | $2,770,737.00 | $102,081.33 | $2,388,129.39 | $48,222.95 |
| 3 | 11/21/17 | 10/1/17 – 10/31/17 | $1,154,293.50 | $31,325.91 | $1,038,864.15 | $31,325.91 |
| 4 | 12/22/17 | 11/1/17 – 11/30/17 | $919,893.07 | $25,166.04 | $900,011.48 | $25,166.04 |
| 5 | 1/31/18 | 12/1/17 – 12/31/17 | $816,031.95 | $19,993.47 | $796,150.36 | $19,993.47 |
| 6 | 3/1/18 | 1/1/18 – 1/31/18 | $1,515,928.30 | $63,138.68 | $1,496,046.71 | $63,138.68 |
| 7 | 3/30/18 | 2/1/18 – 2/28/18 | $1,475,309.62 | $147,447.46 | $795,275.39 | $147,447.46 |
| 8 | 4/24/18 | 3/1/18 – 3/31/18 | $1,516,160.10 | $448,843.91 | $1,364,544.09 | $448,843.91 |
| 9 | 6/1/18 | 4/1/18 – 4/30/18 | $1,196,211.02 | $136,591.40 | $1,076,589.92 | $119,621.10 |
| 10 | 6/28/18 | 5/1/18 – 5/31/18 | $446,668.15 | $224,260.03 | $402,001.34 | $44,666.81 |
| 11 | 7/31/18 | 6/1/18 – 6/30/18 | $421,418.10 | $4,533.87 | $379,276.29 | $4,533.87 |
| 12 | 9/4/18 | 7/1/18 – 7/31/18 | $140,429.47 | $2,979.75 | $126,386.52 | $2,979.75 |
| 13 | 9/29/18 | 8/1/18 – 8/31/18 | $118,233.67 | $31,495.20 | $106,410.30 | $31,495.20 |
| 14 | 11/1/18 | 9/1/18 – 9/30/18 | $50,591.30 | $3,293.89 | $45,532.17 | $3,293.89 |
| 15 | 12/10/18 | 10/1/18 – 10/31/18 | $182,3677 | $5,069.49 | $164,013.09 | $5,069.49 |
| 16 | 1/25/19 | 11/1/18 – 11/30/18 | $84,243.15 | $836.00 | $75,818.84 | $836.00 |
| 17 | 2/4/19 | 12/1/18 – 12/31/18 | $38,324.42 | $813.24 | $34,491.98 | $813.24 |
| | | | | | | |
| | **TOTAL FEES AND EXPENSES PAID TO DATE:** | | | | **$13,655,341.91** | **$1,246,505.38** |
| | | | | | | |

- 4 -

To the Honorable United States District Court Judge Laura Taylor Swain:

Willkie Farr & Gallagher LLP ("**WF&G**"), in its capacity as counsel to Bettina M. Whyte, the COFINA Agent (the "**COFINA Agent**") in the above-captioned title III cases (the "**Title III Cases**"), hereby submits its final fee application (the "**Final Application**") for an award of final compensation for professional services rendered in the amount of $14,322,076.14 (inclusive of post-February 12, 2019 fee application fees) and reimbursement for actual and necessary expenses incurred in connection with such services in the amount of $1,234,047.92 for the period of August 3, 2017 through February 12, 2019 (the "**Application Period**"). WF&G submits this Final Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("**PROMESA**"),[1] sections 105(a) and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**),[2] Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),[3] Rule 2016-1 of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "**Local Rules**"),[4] the *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Dkt. No. 3269], the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of*

---

[1]     PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2]     Unless otherwise noted, all Bankruptcy Code sections cited in this Application are made applicable to these Title III Cases pursuant to section 301(a) of PROMESA.

[3]     All Bankruptcy Rules referenced in this Application are made applicable to these Title III Cases pursuant to section 310 of PROMESA.

[4]     The Local Rules are made applicable to these Title III Cases by the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

*November 1, 2013* (the "**UST Guidelines**")[5], the Fee Examiner's *Fee Review – Timeline and Process Memo* dated November 10, 2017 and the Fee Examiner's *Status Update and Timetable Memo* dated February 22, 2019.  In support of the Final Application, in its capacity as counsel to the COFINA Agent, WF&G respectfully represents:

## PRELIMINARY STATEMENT

1.      WF&G's services to the COFINA Agent have been substantial, necessary and beneficial to the COFINA Agent and have materially contributed to the resolution of the Commonwealth-COFINA Dispute through a comprehensive settlement supported by substantially all of the key parties and approved by the Court.  The terms of the settlement were embodied in a settlement agreement executed by the Oversight Board and the COFINA Agent, which agreement formed the backbone of the COFINA plan of adjustment.[6]  WF&G represented the COFINA Agent from the time she was appointed, through litigation, mediation, and eventual settlement of the $17 billion dispute at the center of COFINA's case.  The COFINA Agent's fulfillment of her duties, with the aid of her professionals, facilitated an efficient conclusion to COFINA's Title III case, saving time and money for the parties, the Court and the government and people of Puerto Rico.

2.      During the Application Period, WF&G provided legal services to the COFINA Agent necessary to advance resolution of the Commonwealth-COFINA Dispute and resolve COFINA's case on simultaneous litigation and mediation paths.  WF&G facilitated the

_____

[5]      Pursuant to the Interim Compensation Order and Local Rule 2016-1, WF&G is required to comply with the UST Guidelines.

[6]      Terms used but not defined herein shall have the meaning ascribed to them in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Dkt. No. 996] (the "**Commonwealth-COFINA Stipulation**").

COFINA Agent's role by, among other things:  (i) preparing responses to the Commonwealth
Agent's original and amended complaints; (ii) objecting to the various Scope Motions; (iii) filing
and arguing a motion for summary judgment and responding to summary judgment motions filed
by the other parties to the dispute; (iv) presenting and arguing a motion to certify certain legal
issues to the Supreme Court of Puerto Rico; (v) conducting extensive discovery; (vi) working
with the COFINA Agent's experts to prepare expert reports and prepare for related depositions;
(vii) attending various mediation sessions and submitting multiple mediation statements;
(viii) negotiating a global settlement resolving the Commonwealth-COFINA dispute; and
(ix) drafting, negotiating and finalizing the settlement agreement, 9019 motion, plan and
disclosure statement.  Throughout the Application Period, the variety, novelty and complexity of
the issues involved in these cases and the need to address many of those issues on an expedited
basis have required WF&G professionals to devote substantial time on a daily basis.

3.      WF&G's services to the COFINA Agent during the Application Period
were reasonable and necessary, and WF&G respectfully requests that the Court approve the fees
and expenses requested in this Application.

4.      During the Application Period, $72,361.50 of the services rendered relate
to work performed while physically located in Puerto Rico.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this matter pursuant to
section 306(a) of PROMESA.

6.      Venue is proper pursuant to section 306(a) of PROMESA.

7.      WF&G makes this Application pursuant to sections 316 and 317 of
PROMESA, sections 105(a) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local

Rule 2016-1, the Commonwealth-COFINA Stipulation, the Interim Compensation Order and the UST Guidelines.

**BACKGROUND**

**A.    General Background**

8.    On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

9.    On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

10.    On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

11.    On May 21, 2017, the Puerto Rico Highways and Transportation Authority ("**HTA**"), by and through the Oversight Board, as HTA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

12.    On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the Oversight Board, as PREPA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.    Through orders entered by the Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases (collectively, the "**Title III Cases**") are jointly

administered for procedural purposes only pursuant to section 304(g) of PROMESA and

Bankruptcy Rule 1015. [*See* Dkt. Nos. 242, 537 and 1417.]

14.     On February 4, 2019, the Court entered an order confirming the COFINA

Third Amended Title III Plan of Adjustment (as amended on February 5, 2019) (the

"**Confirmation Order**").  COFINA's Plan of Adjustment went effective on February 12, 2019.

**B.     WF&G's Retention by the COFINA Agent**

15.     On August 10, 2017, the Court entered the Commonwealth-COFINA

Stipulation, which appointed Bettina M. Whyte as the COFINA Agent and appointed WF&G as

her counsel.  The Commonwealth-COFINA Stipulation also authorized COFINA to compensate

WF&G in accordance with WF&G's normal hourly rates and reimburse WF&G for the firm's

actual and necessary out-of-pocket expenses incurred, subject to application to this Court as set

forth herein.  As set forth more fully below, pursuant to the Interim Compensation Order, WF&G

filed eighteen (18) monthly fee statements during the Application Period.

### SUMMARY OF PROFESSIONAL COMPENSATION
### AND REIMBURSEMENT OF EXPENSES REQUESTED

16.     By this Application and pursuant to sections 316 and 317 of PROMESA,

sections 105(a) and 503(b) of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules and

Rule 2016-1 of the Local Rules, WF&G requests that this Court authorize final allowance of

compensation for professional services rendered and reimbursement of expenses incurred during

the Application Period in the amount of $15,595,552.22 (the "**Application Amount**")[7], which

includes (a) compensation of $14,277,096.11 in fees for services rendered to the COFINA

Agent; (b) reimbursement of $1,234,047.92 in actual and necessary expenses in connection with

these services; and (c) $84,360.00 in fees incurred and estimated in connection with the

---

[7]     This amount includes time spent after February 12, 2019 in the preparation of fee applications, in addition
to estimated fees for additional discussions with the Fee Examiner and hearing attendance.

preparation of WF&G's Final Fee Application and negotiations with the Fee Examiner. WF&G

is still owed $608,777.79 on account of certain approved fees that remain unpaid from previous

Interim Applications, the 10% holdback of its fees for its Fifteenth, Sixteenth and Seventeenth

Monthly Fee Statements included in the Fifth Interim Fee Application and 100% of its fees and

expenses from its Eighteenth Monthly Fee Statement as included in the Fifth Interim Fee

Application (any amounts that remain unpaid as of the date of an order approving this

Application, the "**Holdback**").

## PRIOR INTERIM AWARDS AND REQUESTS

17.     On December 18, 2017, WF&G filed its *First Interim Application of*

*Willkie Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA*

*Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of*

*Expenses Incurred from August 3, 2017 through September 30, 2017* [Docket No. 2031] (the

"**First Interim Application**"). With respect to its First Interim Application, WF&G agreed to

the recommendations made by the Fee Examiner, and according to this consensual resolution,

WF&G was awarded $4,490,423.07 in fees and expenses by this Court pursuant to the First

Interim Compensation Order.

18.     On March 19, 2018, WF&G filed its *Second Interim Application of Willkie*

*Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA Agent,*

*for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred from October 1, 2017 through January 31, 2018* [Docket No. 2727] (the "**Second**

**Interim Application**"). With respect to its Second Interim Application, WF&G agreed to the

recommendations made by the Fee Examiner, and according to this consensual resolution,

WF&G was awarded $4,311,204.12 in fees and expenses by this Court pursuant to the Second

Interim Compensation Order.  The Second Interim Compensation Order also approved

$295,864.51 in fees and expenses that were deferred for further review by the First Interim

Compensation Order.

19.     On July 16, 2018, WF&G filed its *Third Interim Application of Willkie*

*Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA Agent,*

*for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred from February 1, 2018 through May 31, 2018* [Docket No. 3541] (the "**Third Interim**

**Application**").  With respect to its Third Interim Application, WF&G agreed to the

recommendations made by the Fee Examiner, and according to this consensual resolution,

WF&G was awarded $4,733,331.04 in fees and expenses by this Court pursuant to the Third

Interim Compensation Order.

20.     On November 16, 2018, WF&G filed its *Fourth Interim Application of*

*Willkie Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA*

*Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of*

*Expenses Incurred from June 1, 2018 through September 30, 2018* [Docket No. 4263] (the

"**Fourth Interim Application**") With respect to its Fourth Interim Application, WF&G agreed

to the recommendations made by the Fee Examiner, and according to this consensual resolution,

WF&G was awarded $727,847.66 in fees and expenses by this Court pursuant to the Fourth

Interim Compensation Order.

21.     On March 18, 2019, WF&G filed its *Fifth Interim Application of Willkie*

*Farr & Gallagher LLP, in its Capacity as Counsel to Bettina M. Whyte, as the COFINA Agent,*

*for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses*

*Incurred from October 1, 2018 through February 12, 2019* [Docket No. 5782] (the "**Fifth**

**Interim Application**").  With respect to its Fifth Interim Application, WF&G requested fees and expenses in the amount of $509,773.09.  WF&G received comments from the Fee Examiner with regard to its Fifth Interim Application, and hopes to resolve any outstanding issues in advance of the hearing on WF&G's Fifth Interim Application currently scheduled for July 24, 2019.

### WF&G'S FEES AND EXPENSES FOR THE APPLICATION PERIOD

22.      WF&G's services in these cases materially advanced the Commonwealth-COFINA Dispute resulting in approval of the global settlement embodied in COFINA's plan. Throughout the Application Period, the variety and complexity of the issues involved and the need to address those issues on an expedited basis required WF&G, in the discharge of its professional responsibilities, to devote substantial time by professionals from several legal disciplines on a daily basis.

23.      Specifically, WF&G's requested compensation reflects the requisite time, skill and effort WF&G expended during the Application Period towards, inter alia: (i) advancing the Commonwealth-COFINA Dispute to a resolution on a dual track of litigation and mediation, including responding to the scope motions filed in the Commonwealth-COFINA Dispute, responding to the Amended Complaints filed by the Commonwealth Agent and various other motions relating to the Commonwealth-COFINA Dispute, preparing the COFINA Agent's motion for summary judgment and participating in oral arguments relating to the Summary Judgment Briefs and the Certification Motion; (ii) pursuing discovery, negotiating to resolve discovery requests, reviewing discovery received in response to certain requests and participating in depositions; (iii) working with the COFINA Agent's experts to prepare their expert reports and related matters; (iv) regularly discussing strategy and key issues in the Commonwealth-COFINA Dispute with the COFINA Agent and her other professionals; (v) filing various motions on behalf of the COFINA Agent in connection with, among others, immunity

protections for the COFINA Agent and the retention of a financial advisor; (vi) preparing for and attending various mediation sessions, including participating in calls with the mediators and researching and preparing various materials setting forth the COFINA Agent's positions as requested by the mediators, which efforts ultimately led to the announcement of an agreement in principle between the COFINA Agent and the Commonwealth Agent to resolve the Commonwealth-COFINA Dispute; (vii) conducting significant research in connection with the Commonwealth-COFINA Dispute; (viii) negotiating and finalizing detailed terms of a global settlement with multiple COFINA creditors; (ix) negotiating and drafting the settlement agreement signed by the COFINA Agent and the Oversight Board; (x) ensuring the 9019 motion filed in the Commonwealth's case, and COFINA's plan and disclosure statement faithfully incorporated the settlement of the Commonwealth-COFINA Dispute negotiated by the COFINA Agent; (xi) participating in the hearing on confirmation of the plan and approval of the settlement; (xii) preparing and ensuring dismissal of the Commonwealth-COFINA Dispute in accordance with the Confirmation Order; and (xiii) assisting with matters ensuring the effective date of the plan.

## MONTHLY FEE STATEMENTS

24.      The Interim Compensation Order provides, among other things, that professionals are required to serve monthly itemized billing statements (the "**Monthly Fee Statements**") on counsel to the Oversight Board, counsel to AAFAF, the U.S. Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Retired Employees and the Fee Examiner (collectively, the "**Notice Parties**").  Upon passage of the objection period, if no objections are received, the Debtors are authorized to pay 90% of the fees and 100% of the expenses requested.  In addition to the Interim Compensation Order authorizing payment, the COFINA Agent received further confirmation of the Debtors' obligation to pay

pursuant to the *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and her Professionals* [Dkt. No. 1612] (the "**COFINA Protections Order**"). The COFINA Protections Order directs payment to the COFINA Agent's professionals out of the collateral "purportedly pledged to COFINA bondholders because the services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are "reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court. . . . ." COFINA Protections Order ¶ 5.  The COFINA Protections Order further provides that if COFINA is unable to make payments to the COFINA Agent's professionals for any reason, the Commonwealth must make such payments within fourteen days of receiving notice of COFINA's nonpayment.

25.     In compliance with the Interim Compensation Order, WF&G has submitted eighteen (18) Monthly Fee Statements relating to the Application Period and as described in WF&G's previous interim fee applications.

### FEES AND EXPENSES INCURRED DURING APPLICATION PERIOD

26.     Annexed hereto as Exhibit 1 is the Certification of Joseph G. Minias pursuant to the Local Rules (the "**Certification**").

27.     Annexed hereto as Exhibit 2 is a summary sheet listing each attorney and paraprofessional who has worked on these cases during the Application Period, his or her hourly billing rate during the Application Period, and the amount of WF&G's fees attributable to each individual.  Annexed hereto as Exhibits 2A-J are summary sheets listing each attorney and

paraprofessional who has worked on these cases during the Application Period by matter, as well as the related time detail.

28.     WF&G also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services.  A schedule setting forth the categories of expenses and amounts for which reimbursement is requested for the Application Period is annexed hereto as Exhibit 3.

29.     WF&G maintains written records of the time expended by attorneys and paraprofessionals carrying out professional services to the COFINA Agent.  Such time records are made contemporaneously with the rendition of services by the person rendering such services.  Annexed hereto as Exhibit 4 is a list of all of the matters for which services were rendered by WF&G during the Application Period and the aggregate amount of hours and fees expended for each of those matters.  In addition, in accordance with the UST Guidelines, Exhibit 4 also includes the budgeted amount for each matter.  As WF&G has previously filed all of its budgets and staffing plans with its First through Fifth Interim Applications, it is not reattaching them to its Final Application.

30.     In accordance with the UST Guidelines, WF&G recorded its services rendered and disbursements incurred in different project matters that reasonably could have been expected to constitute a substantial portion of the fees sought during any given application period.

31.     No agreement or understanding exists between WF&G and any other entity for the sharing of compensation to be received for services rendered in or in connection with these cases.

32.    The fees charged by WF&G in these Title III Cases are billed in
accordance with its existing billing rates and procedures.  On January 1, 2018, WF&G raised its
rates to match the standard rates charged by WF&G, in accordance with the terms of its
engagement letter.  WF&G typically raises its rates on October 1st of each year but pursuant to an
agreement with the COFINA Agent, WF&G did not increase its rates for these Title III Cases
until January 1, 2018.  WF&G has not further raised its rates since January 1, 2018.

33.    The rates WF&G charged in these cases are consistent with the rates
charged by WF&G to its non-bankruptcy clients, prior to the 5% discount that WF&G agreed to
due to the exigencies of these cases.  WF&G's standard hourly rates are similar to the customary
compensation charged by comparably-skilled practitioners in comparable non-bankruptcy and
bankruptcy cases in a competitive national legal market.  Consistent with the UST Guidelines,
<u>Exhibit 5</u> discloses the blended hourly rate for all non-bankruptcy timekeepers in WF&G's New
York office and the blended hourly rate for timekeepers who billed to the COFINA Agent during
the Application Period.

## SUMMARY OF SERVICES RENDERED

34.    The following summary highlights the major areas to which WF&G
devoted substantial time and attention during the Application Period.  Recitation of all
professional services WF&G performed during the Application Period would be unduly
burdensome to the Court.  Summaries of the fees and expenses incurred during the prior interim
periods are included in each of the previously filed Interim Applications and are incorporated by
reference herein.  The full breadth of WF&G's services are reflected in WF&G's time records,
copies of which are annexed hereto as <u>Exhibits 2(A) – (J)</u>.  The total hours and fees set forth in
the headers for each of the following categories reflects the hours and fees requested by WF&G

prior to any reductions and as a result, reflects a sum of fees that is in excess of those requested herein on a final basis.

### A.     COFINA Bond Litigation
### WF&G Billing Code: 00001
**(Fees: $10,985,347.80 / Hours Billed: 13,024.0)**[8]

35.     Pursuant to the Commonwealth-COFINA Stipulation, the Oversight Board appointed the COFINA Agent for the purpose of litigating and/or settling the Commonwealth-COFINA Dispute on behalf of COFINA, and appointed WF&G as counsel to the COFINA Agent.

36.     The Commonwealth Agent subsequently commenced an adversary proceeding against the COFINA Agent, attacking COFINA's ownership of and other rights in the sales and use tax revenue that COFINA purportedly pledged to its bondholders.

37.     During the Application Period, WF&G, in its capacity as lead counsel to the COFINA Agent, provided a variety of legal services covering a range of issues arising in the COFINA Agent's discharge of her duty to litigate and/or settle the Commonwealth-COFINA Dispute.

38.     WF&G undertook the immense task of evaluating a myriad of legal arguments inherent in the Commonwealth-COFINA Dispute, including, but not limited to, the causes of action the Commonwealth Agent brought against the COFINA Agent, and the counterclaims WF&G raised in response on behalf of the COFINA Agent.  WF&G also prepared various motions and responses relating to, among other things, the scope of the COFINA Agent's authority, summary judgment and related abeyance motions, and certification of issues to the Puerto Rico Supreme Court, all of which required extensive research.  WF&G reviewed,

---

[8]     The summary amounts listed for each matter in this section reflect the 5% discount provided on WF&G's fees.

analyzed and interpreted the COFINA and PROMESA statutes and legislative histories, the

relevant portions of the United States and Puerto Rico Constitutions, relevant case law, and

associated financial, banking, and debt documents in connection with its litigation activities.

39.     WF&G identified the discovery that would need to be taken in connection

with the Commonwealth-COFINA Dispute, drafted extensive discovery requests to various third

parties in connection with the adversary proceeding and reviewed documents that were produced

in connection with its discovery requests.  WF&G also took and defended multiple depositions

and worked with the COFINA Agent's experts in drafting expert reports.

40.     WF&G also participated in hearings and oral arguments, including in

connection with confirmation of COFINA's plan of adjustment.  Further, WF&G spent time

drafting a stipulation of dismissal of the adversary proceeding, and reviewing the orders

confirming the plan and approving the settlement.

41.     WF&G conferred extensively with other professionals, including with

local Puerto Rico counsel to the COFINA Agent, special municipal bankruptcy counsel to the

COFINA Agent, counsel for other COFINA constituents and other professionals.  WF&G spent

time preparing for, and participating in, numerous meetings and telephone calls with COFINA's

constituents regarding the litigation.

    **B.**    **Case Administration**
          **WF&G Billing Code: 00002**
          **(Fees: $315,082.70 / Hours Billed: 675.8)**

42.     During the Application Period, WF&G conducted a number of

administrative activities that were necessary for the advancement of the Commonwealth-

COFINA Dispute including, without limitation, preparing, maintaining and distributing a

comprehensive case calendar, working group list, and work-in-progress lists; participation of

primary timekeepers in internal meetings to ensure the efficiency of various workstreams;

summarizing recently-filed pleadings of significance; responding to inquiries from other parties;

and conducting status update teleconferences with the COFINA Agent, other COFINA

constituents, the Commonwealth, and their respective professionals.

43.     These administrative activities are crucial to the COFINA Agent's

efficiency and success.

### C.     COFINA Bond Negotiation
**WF&G Billing Code: 00003**
**(Fees: $0.00 / Hours Billed: 0.0)**

44.     WF&G expended no time addressing bond negotiations during the

Application Period.

### D.     Settlement Negotiations / Advancement (aka Mediation)[9]
**WF&G Billing Code: 00004**
**(Fees: $3,189,031.25 / Hours Billed: 3,232.2)[10]**

45.     On June 23, 2017, this Court entered the *Order Appointing Mediation*

*Team* [Dkt. No. 430] (the "**Mediation Order**") to establish a process to attempt to cooperatively

resolve issues arising in the Title III Cases, including the Commonwealth-COFINA Dispute.

46.     The parties bound by the Mediation Order include the COFINA Agent, the

Commonwealth Agent and certain of their respective constituents, among others.  The Mediation

Order requires principals with settlement authority and their respective advisors to personally

attend the mediation sessions.

47.     Through Mediation, the parties were able to enter into a global settlement,

which was approved by this Court and encompasses the basis for the plan that was also

confirmed by this Court.

---

[9]     This matter number was renamed as "Settlement Negotiations/Advancement" in September 2018 following the conclusion of the Mediation.

[10]    WF&G's December Fee Statement inadvertently included time relating to this matter under the Retention Matters for Other COFINA Professionals (Matter 00009).  For the purposes of this Application, the time is accounted for under this matter.

48.     During the Application Period, WF&G spent a significant amount of time researching and analyzing relevant issues in order to draft mediation statements and supplemental materials setting forth the COFINA Agent's position on issues relating to the Commonwealth-COFINA Dispute, as requested by the mediators.  WF&G also spent time participating in mediation sessions and communicating and consulting with other mediation parties.

49.     In connection with the settlement of the Commonwealth-COFINA Dispute, WF&G's work to achieve that goal included: (i) finalizing a motion to approve the settlement; (ii) meetings with the COFINA Agent's constituents and adversaries regarding the settlement motion; (iii) drafting, commenting on and negotiating the settlement agreement, 9019 motion, plan, disclosure statement and confirmation order; (iv) participating in numerous meetings with the various COFINA constituents to ensure all voices were heard in connection with the settlement; (v) reviewing and drafting responsive pleadings as needed relating to various pleadings filed by the Commonwealth Agent; (vi) responding to interrogatories received from an objector to the plan; and (vii) communicating and consulting with the COFINA Agent, the COFINA Agent's other professionals, the COFINA constituents that are parties to the mediation, and the mediators, as well as participating in numerous meetings to finalize the global settlement and plan.

50.     The time spent during the Application Period on this matter resulted in the announcement of an agreement in principle by the COFINA Agent and the Commonwealth Agent on June 5, 2018.  Further, on August 8, 2018, the parties, with the support of the Oversight Board and AAFAF, announced the agreement in principle with senior and junior COFINA bondholders and monoline insurers on the economic treatment of COFINA bondholders and on

the terms of new COFINA securities.  On August 29, 2018 and September 20, 2018, a plan

support agreement signed by nearly all key COFINA stakeholders was filed expressing support

for a plan of adjustment embodying the agreement in principle negotiated by the COFINA

Agent.  On October 19, 2018, the Oversight Board filed the settlement agreement negotiated

with the COFINA Agent and related 9019 motion in the Commonwealth's case, and the

COFINA plan of adjustment in COFINA's case.

**E.     Fee Applications & Retention[11]**
**WF&G Billing Code: 00005**
**(Fees: $237,780.25 / Hours Billed: 398.2)**

51.     During the Application Period, WF&G assisted the COFINA Agent in her

attempt to retain Navarro-Cabrer Law Offices as local Puerto Rico counsel.  The Retention and

Fee Application matter includes the time spent negotiating terms on behalf of the COFINA

Agent as well as time spent reviewing billing detail in connection with the preparation of

WF&G's Monthly Fee Statements and drafting its interim fee applications.

**F.     Fee Application & Retention Objections**
**WF&G Billing Code: 00006**
**(Fees: $20,602.65 / Hours Billed: 33.7)**

52.     During the Application Period, WF&G reviewed objections to and filed a

reply in support of the *Application of COFINA Agent for Entry of Order Authorizing Retention of*

*Centerview Partners LLC as Financial Advisor and Expert* [Dkt. No. 1273].  In addition, WF&G

drafted multiple letters and had various other correspondence in response to the objection of

AAFAF to its monthly fee statement for August 2017.

53.     WF&G also reviewed reports of the fee examiner regarding its interim fee

applications and worked with the fee examiner on consensual resolutions to the fees and

expenses requested in its interim fee applications.

---

[11]     This amount only includes those fees incurred through February 12, 2019.

**G.  Budget**
**WF&G Billing Code: 00007**
**(Fees: $1,976.95 / Hours Billed: 4.3)**

54.     During the Application Period, WF&G drafted monthly budgets of the

projected fees and expenses required to perform its duties related to its representation of the

COFINA Agent.

**H.  Non-Working Travel**
**WF&G Billing Code: 00008**
**(Fees: $44,242.93 / Hours Billed: 42.6)**

55.     In accordance with the UST Guidelines, WF&G has billed all non-

working travel time to this matter.  All time in this matter was billed at fifty percent (50%) of

WF&G's standard hourly rates.  WF&G expended time during the Application Period on non-

working travel to Puerto Rico for the hearing on confirmation of the plan of adjustment and 9019

settlement.

**I.  Retention Matters for Other COFINA Professionals**
**WF&G Billing Code: 00009**
**(Fees: $7,981.42 / Hours Billed: 7.0)**

56.     The time billed to this matter during the Application Period was billed

incorrectly and should have been included in Matter 00004.

**J.  Fee Applications for Other COFINA Professionals**
**WF&G Billing Code: 00010**
**(Fees: $13,453.43 / Hours Billed: 22.5)**

57.     During the Application Period, WF&G spent time reviewing the billing

detail and helping the COFINA Agent in preparation of her Monthly Fee Statements.  WF&G

also spent time during the Application Period drafting certificates of no objection and assisting

the COFINA Agent prepare her interim fee applications.

K.      **Puerto Rico**[12]
        **WF&G Billing Code: 00010**
        **(Fees: $55,831.50 / Hours Billed: 41.8)**

58.     During the Application Period, WF&G spent 41.8 hours in Puerto Rico in connection with attending hearings.  The time billed to this matter is to capture time spent in Puerto Rico for taxing purposes.

## EVALUATING WF&G'S SERVICES

59.     Section 317 of PROMESA authorizes interim compensation of professionals and incorporates the substantive standards of section 316 of PROMESA to govern the Court's award of interim compensation.  Section 316 of PROMESA provides that a court may award a professional employed by the debtor "reasonable compensation for actual, necessary services rendered," and "reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a)(1) and (2).  Section 316(c) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors including—
>
> (1)  the time spent on such services;
>
> (2)  the rates charged for such services;
>
> (3)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered to the completion of, a case under this chapter;
>
> (4)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

---

[12]     WF&G billed additional amounts for time spent in Puerto Rico in earlier fee periods, prior to the creation of this matter number in January 2019.

> (6)  whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title or title 11 of
> the United States Code.

48 U.S.C. § 2176(c).

60.     WF&G respectfully submits that the services for which it seeks

compensation in this Application were necessary for and beneficial to the COFINA Agent.

WF&G further submits that the services rendered to the COFINA Agent were performed

efficiently and effectively.  Finally, WF&G submits that the compensation requested herein is

reasonable in light of the nature, extent and value of such services to the COFINA Agent and

those parties impacted by her actions and that the compensation requested is based on the

customary compensation charged by comparably skilled practitioners in cases other than cases

under title 11.

61.     Courts typically employ the "lodestar" approach to calculate awards of

attorneys' fees.  See New York State Ass'n for Retarded Children, Inc. v. Casey, 711 F.2d 1136,

1140 (2d Cir. 1983); In re West End Fin. Advisors, LLC, No. 11-11152, 2012 Bankr. LEXIS

3045, at *11 (Bankr. S.D.N.Y. July 2, 2012); In re Drexel Burnham Lambert Group, Inc., 133

B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991) ("In determining the reasonableness of the requested

compensation under § 330, Bankruptcy Courts now utilize the lodestar method").  "The lodestar

amount is calculated by multiplying the number of hours reasonably expended by the hourly rate,

with the 'strong presumption' that the lodestar product is reasonable under § 330."  Drexel, 133

B.R. at 22 (citations omitted).

62.     In determining the reasonableness of the services for which compensation

is sought, the reviewing court should note that:

> the appropriate perspective for determining the necessity of the
> activity should be prospective: hours for an activity or project

-20-

> should be disallowed only where a Court is convinced it is
> readily apparent that no reasonable attorney should have
> undertaken that activity or project or where the time devoted
> was excessive.

Id. at 23; see also In re Cenargo Int'l PLC, 294 B.R. 571, 595-96 (Bankr. S.D.N.Y. 2003) ("The

Court's benefit of '20/20 hindsight' should not penalize professionals.").

63.     Moreover, courts should be mindful that professionals "must make

practical judgments, often with severe time constraints, on matters of staffing, assignments,

coverage of hearings and meetings, and a wide variety of similar matters." Drexel, 133 B.R.

at 23.  These judgments are presumed to be made in good faith.  Id.

64.     WF&G has worked cooperatively with the Fee Examiner and will

continue to make efforts to comply with the requests made by the Fee Examiner.  WF&G has

made certain adjustments to this Application as a result of comments by the Fee Examiner on

WF&G's previous interim fee applications.  For example, WF&G preemptively capped certain

of its expenses pursuant to the guidelines of the Fee Examiner and voluntarily reduced some of

its requested fees as the result of concerns by the Fee Examiner regarding the amount of

timekeepers attending hearings.

65.     Pursuant to the Commonwealth-COFINA Stipulation, WF&G is the

COFINA Agent's lead counsel, and Klee, Tuchin, Bogdanoff & Stern LLP is special municipal

bankruptcy counsel to the COFINA Agent.  As lead counsel, WF&G is principally responsible

for representing the COFINA Agent in all of the litigation and settlement negotiations relating to

the Commonwealth-COFINA Dispute, and WF&G has taken the lead on communicating with

other COFINA constituents, finalizing the terms of the settlement, and attending hearings on

behalf of the COFINA Agent.

## WF&G'S REQUEST FOR FINAL COMPENSATION

66.     WF&G submits that its request for final allowance of compensation is reasonable.  The services rendered by WF&G, as highlighted above, required substantial time and effort, resulting in substantial progress and success in these cases.  The services rendered by WF&G during the Application Period were performed diligently and efficiently.  When possible, WF&G delegated tasks to lower cost junior attorneys or, for discrete matters, to attorneys with specialized expertise in the particular task at issue.  While that approach may have required intra-office conferences or involved individual attorneys who spent only a few hours on the matter at hand, the net result was enhanced cost efficiency.

67.     During the Application Period, WF&G encountered a variety of challenging legal issues, often requiring substantial research and the ability to effectively negotiate with both the COFINA Agent's constituents and adversaries.  WF&G brought to bear legal expertise in many areas, including bankruptcy, litigation and tax.  WF&G attorneys have rendered advice in all of these areas with skill and efficiency.

68.     The professional services performed by WF&G on behalf of the COFINA Agent during the Application Period required an aggregate expenditure of 17,482.1 hours by WF&G's partners, counsel, associates and paraprofessionals.  Of the aggregate time expended during the Application Period:  5,347.1 hours were expended by partners and counsel; 11,003.8 hours were expended by associates and law clerks; and 1,131.2 hours were expended by paraprofessionals.

69.     WF&G's hourly billing rates for attorneys working on these cases ranged from $305 - $1,500.  For the Application Period, compensation in the amount requested results in a blended hourly billing rate for attorneys of approximately $934.53 (before taking into account the 5% discount on WF&G's fees) and a total blended hourly billing rate (including

paraprofessionals) of approximately $895.43 (before taking into account the 5% discount on WF&G's fees).

70.     WF&G's hourly rates and fees charged are consistent with the market rate for comparable services.  As set forth in the Certification, the hourly rates and fees charged by WF&G are the same as those generally charged to, and paid by, WF&G's other clients.  Indeed, unlike fees paid by most WF&G clients, due to the "holdback" of fees from prior Monthly Fee Statements, the 5% discount on the Monthly Fee Statements, and the delays inherent in the fee application process, the present value of the fees paid to WF&G by the Debtors generally is less than fees paid by other WF&G clients.

## DISCUSSION OF BUDGET AND STAFFING PLAN

71.     In accordance with the UST Guidelines, WF&G prepared monthly budgets and staffing plans covering the Application Period, copies of which were filed with WF&G's First through Fifth Interim Fee Applications.  In compliance with section 6(c) of the UST Guidelines, Exhibit 4 of the Application provides a summary of the hours and gross compensation billed by WF&G during the Application Period compared to the aggregate hours and compensation budgeted for each task code.  These budgets were provided to and approved by the COFINA Agent.

72.     The estimated amount of fees WF&G expected to incur during the Application Period was approximately $21,461,879.50.  WF&G's fees incurred during the Application Period were $5,807,847.00 less than budgeted by WF&G from the actual fees incurred by WF&G during the Application Period before taking into consideration the 5% voluntary discount on WF&G's fees and $6,590,548.63 after taking into consideration the 5% voluntary discount on WF&G's fees.  WF&G's requested fees are approximately 30% less than the amount budgeted due to, among other things, WF&G's limitation of personnel involved and

the dismissal of the Commonwealth-COFINA Dispute following the successful culmination of COFINA's Title III case.

73.     WF&G provided necessary and beneficial services to the COFINA Agent during the course of the Application Period and took all required actions as and when the need arose.  WF&G communicated and worked closely with the COFINA Agent, the COFINA Agent's professionals and similarly situated constituents throughout the Application Period related to the complex, myriad issues that arose, and the COFINA Agent approved WF&G's Monthly Fee Statements.

## **DISBURSEMENTS**

74.     WF&G incurred actual and necessary out-of-pocket expenses during the Application Period, in the amounts set forth in Exhibit 3.  By this Application, WF&G respectfully requests allowance of such reimbursement in full.

75.     Certain disbursements for which WF&G seeks reimbursement include the following:

a.    Duplicating – Charged at $0.09 per page for black and white copies and $0.15 per page for color copies, based upon the cost of supplies;

b.    Teleconferencing – WF&G does not charge for long distance telephone calls but does bill for the use of teleconferencing services;

c.    Computer Research Charges – WF&G's practice is to bill clients for LEXIS, Westlaw and Bloomberg Law research at actual cost, which does not include amortization for maintenance and equipment;

d.    Local Meals – WF&G's practice is to allow any attorney or paralegal working later than 8:00 p.m. to charge a working meal to the appropriate client;

      e.     <u>Local Car Service</u> – WF&G's practice is to allow attorneys and paralegals to charge car service to the appropriate client after 9:00 p.m.;

      f.     <u>Delivery Services</u> – WF&G's practice is to charge postal, overnight delivery and courier services at actual cost;

      g.     <u>Lodging/Travel Expenses/Airfare</u> – WF&G's practice is to charge lodging, airfare and travel services at actual cost to the client; and

      h.     <u>Expert Witness Fees</u> – WF&G engaged experts in connection with litigation of the Commonwealth-COFINA Dispute, and has voluntarily postponed consideration of those expert fees to coincide with this Application.  The Declaration of Joseph G. Minias in Support of Expert Expenses is being filed concurrently herewith as <u>Exhibit 6</u> in support of the request to reimburse expert witness expenses.

76.     Though WF&G's practice is to bill clients for secretarial overtime and word processing at actual cost, WF&G, in its billing discretion, did not bill the COFINA Agent for such charges.

## **PROCEDURE**

77.     In accordance with the Interim Compensation Order, WF&G has provided: (a) notice and copies of the Application to the Notice Parties and (b) notice of this Application to all parties that have requested notice pursuant to Bankruptcy Rule 2002.[13] WF&G submits that no other or further notice is required.

78.     No previous application for the relief sought herein has been made to this or any other court.

---

[13]     Copies of the Application, including exhibits, are available on the Debtors' claims and noticing agents' website: https://cases.primeclerk.com/puertorico.

## <u>CONCLUSION</u>

WHEREFORE, WF&G respectfully requests that this Court enter an order:

(a)   allowing final approval of compensation to WF&G for services rendered from August 3, 2017 through February 12, 2019, inclusive, in the amount of $14,277,096.09;

(b)   allowing final approval of reimbursement to WF&G of actual, necessary expenses incurred in connection with the rendition of such services from August 3, 2017 through February 12, 2019 inclusive, in the amount of $1,234,047.92;

(c)   approving and directing the payment of all fees and expenses incurred by WF&G that remain unpaid, including all Holdbacks;

(d)   approving and directing payment of the actual fees incurred by WF&G for services rendered in connection with the Fifth Interim and Final Fee Applications after February 12, 2019;

(e)   approving and directing payment of any estimated fees and expenses incurred (after backup is provided) in connection with the Application after the filing of WF&G's Fifth Interim and Final Fee Applications (after WF&G provides the related invoices); and

(f)   such other relief as may be just or proper.

Dated: New York, New York
       June 12, 2019

NAVARRO-CABRER LAW OFFICES
*Local Counsel to the COFINA Agent*

By: /s/ Nilda M. Navarro-Cabrer
    Nilda M. Navarro-Cabrer
    (USDC-PR 20212)
    El Centro I, Suite 206
    500 Muñoz Rivera Avenue
    San Juan, Puerto Rico 00918
    Telephone:  (787) 764-9595
    Facsimile:  (787) 765-7575

WILLKIE FARR & GALLAGHER LLP
*Counsel for the COFINA Agent*

By: /s/ Joseph G. Minias
    Matthew A. Feldman (*pro hac vice*)
    Joseph G. Minias (*pro hac vice*)
    Paul V. Shalhoub (*pro hac vice*)
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 728-8000
    Facsimile: (212) 728-8111

## **EXHIBIT 1**

**Certification of Joseph G. Minias**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## CERTIFICATION OF JOSEPH G. MINIAS PURSUANT TO LOCAL BANKRUPTY RULE 2016-1(a)(4) REGARDING CERTIFICATION OF APPLICATIONS FOR COMPENSATION IN PUERTO RICO BANKRUPTCY CASES

I, Joseph G. Minias, Esq., certify as follows:

1.      I am a member of the firm of Willkie Farr & Gallagher LLP ("**WF&G**"). WF&G represents the COFINA Agent in the above-captioned cases.

2.      I submit this certification in conjunction with WF&G's final application (the "**Application**")[2] for allowance of fees and reimbursement of expenses for the period August 3, 2017 through February 12, 2019 (the "**Application Period**") in accordance with Rule 2016-1(a)(4) of the Local Bankruptcy Rules for the District of Puerto Rico, the Bankruptcy Rules, the Bankruptcy Code, the Guidelines for Reviewing Applications for Compensation and

---

[1]      The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]      Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11

Cases (the "**UST Guidelines**") and the Interim Compensation Order (collectively, the

"**Guidelines**").

      3.     I am a professional designated by WF&G with the responsibility for

WF&G's compliance in these cases with the Guidelines.  This certification is made in connection

with the Application for final allowance of compensation for professional services and

reimbursement of expenses for the Application Period in accordance with the Guidelines.

      4.     Pursuant to Local Rule 2016-1(a)(4) of the Local Rules:  (a) I have read

WF&G's Application; (b) to the best of my knowledge, information, and belief, formed after

reasonable inquiry (except as stated herein or in the Application), the fees and disbursements

sought in the Application fall within the Guidelines; (c) except to the extent the fees and

disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at

or below the rates and in accordance with practices customarily employed by WF&G and

generally accepted by its clients; and (d) the compensation and reimbursement of expenses

sought in this Application are billed at rates no less favorable to the COFINA Agent than those

customarily employed by WF&G.

      5.     I believe that the COFINA Agent has reviewed WF&G's Monthly Fee

Statements that form the basis for the Final Application and has not objected to the amounts

requested therein.  Such Monthly Fee Statements were provided to the Notice Parties as required

by the Interim Compensation Order.

      6.     A copy of the daily time records for each of the Monthly Fee Statements,

broken down by matter and listing the name of the attorney or paraprofessional, the date on

which the services were performed, and the amount of time spent in performing the services has

-2-

previously been provided to the Notice Parties.  The time records set forth in reasonable detail

the services rendered by WF&G in these cases.

7.     No public servant of the Department of Treasury is a party to or has any

interest in the gains or benefits derived from the contract that is the basis of this Application.

The only consideration for providing services under the contract is the payment agreed upon with

the COFINA Agent.  The amount of this Application is reasonable.  To the best of my

knowledge, WF&G does not have any debts owed to the Government of Puerto Rico or its

instrumentalities.

8.     Included in Exhibit 4 of the Application is a list of the different matter

headings under which time was recorded during the Application Period.  The list includes all

discrete matters within these cases during the Application Period that reasonably could have

been expected to constitute a substantial portion of the fees sought during any given application

period.

9.     No agreement or understanding exists between WF&G and any person for

a division of compensation or reimbursement received or to be received herein or in connection

with these cases.

10.     The following is provided in response to the request for additional

information set forth in Section C.5 of the UST Guidelines.

> **Question:**  Did you agree to any variations from, or alternatives to, your standard
> or customary billing rates, fees or terms for services pertaining to this engagement
> that were provided during the application period?

> **Response:**  No, WF&G did not vary its standard or customary billing rates, fees
> or terms for services pertaining to this engagement, except that after negotiations
> with AAFAF, WF&G agreed to provide a 5% discount on its fees.

**Question:**  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response:**  For the Application Period, WF&G is not seeking fees that exceeded the overall budgets by 10% or more.  In addition, the COFINA Agent was provided with WF&G's Monthly Fee Statements for her review, and did not object to the contents thereof.

**Question:**  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:**  No.

**Question:**  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billed records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

**Response:**  Yes.  This Application includes approximately $108,869.50 (after accounting for the 5% discount) in fees and 207.1 hours relating to reviewing or revising WF&G's time records and preparing, reviewing or revising WF&G's invoices.  These fees are reflected in billing code number 00005, titled Retention and Fee Applications.

**Question:**  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Response:**  Yes, in connection with the review of the monthly time records for submission of the Monthly Fee Statements, WF&G reviewed the time detail for privileged or confidential information.

**Question:**  Does this fee application include rate increases since retention?

**Response:**  No.

Dated:  New York, New York
        June 12, 2019


                                          /s/ Joseph G. Minias
                                        Joseph G. Minias

-4-

## <u>EXHIBIT 2</u>

**Summary of Professionals for the Application Period**

## COMPENSATION BY INDIVIDUAL

| Name | Department | Bar Admission Date[1] | Position | Hours | Hourly Rate(s)[2] | Fees Earned |
|---|---|---|---|---|---|---|
| **PARTNERS** | | | | | | |
| Sameer Advani | Litigation | 2003 | Partner | 1.5 | $1,150 | $1,725.00 |
| Priya Aiyar | Litigation | 2004 (D.C.) | Partner | 138.2 | $1,275 | $176,205.00 |
| Anthony Carbone | Tax | 1982 | Partner | 14.8 | $1,500 | $22,200.00 |
| Alexander L. Cheney | Litigation | 2008 | Partner[3] | 813.2 | $950 / $990 | $791,080.00 |
| James C. Dugan | Litigation | 1994 | Partner | 544.2 | $1,300 / $1,375 | $726,060.00 |
| Mathew A. Feldman | Business Reorganization & Restructuring | 1992 | Partner | 674.6 | $1,425 / $1,500 | $989,302.50 |
| Thomas H. French | Corporate & Financial Services | 1994 | Partner | 13.7 | $1,425 | $20,430.00 |
| William E. Hiller | Corporate & Financial Services | 1978 | Partner | 118.3 | $1,425 | $168,577.50 |
| Jeffrey B. Korn | Litigation | 2001 | Partner | 194.5 | $1,200 / $1,275 | $240,772.50 |
| Joseph G. Minias | Business Reorganization & Restructuring | 2003 | Partner | 1,397.7 | $1,200 / $1,275 | $1,747,650.00 |
| Tariq Mundiya | Litigation | 1990 | Partner | 7.0 | $1,425 | $9,975.00 |
| Russell Pinilis | Tax | 1997 | Partner | 1.4 | $1,425 | $1,995.00 |
| Martin L. Seidel | Litigation | 1991 | Partner | 536.0 | $1,425 / $1,500 | $780,307.50 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | 1992 | Partner | 187.3 | $1,350 / $1,425 | $253,065.00 |
| Antonio Yanez, Jr. | Litigation | 1997 | Partner | 1,280.0 | $1,300 / $1,375 | $1,715,000.00 |

---

[1]     Unless otherwise indicated, the admission date included herein reflects the earliest admission of each attorney to the New York State Bar.

[2]     If multiple rates are listed for an individual, this reflects the rates prior to and after the raising of WF&G's rates on January 1, 2018 to bring the fees in line with the standard fees charged by WF&G (before accounting for the 5% discount being provided by WF&G in these Title III Cases). If only one rate is listed for an individual, that individual did not bill any time after January 1, 2018.

[3]     Mr. Cheney was elected to the partnership during the pendency of these cases.

| Name | Department | Bar Admission Date[1] | Position | Hours | Hourly Rate(s) [2] | Fees Earned |
|---|---|---|---|---|---|---|
| Michael I. Zinder | Corporate & Financial Services | 1979 | Partner | 51.0 | $1,425 | $73,177.50 |
| **COUNSEL** | | | | | | |
| Cindy J. Chernuchin | Corporate & Financial Services | 1985 | Counsel | 116.7 | $965 / $1,015 | $112,825.50 |
| Weston T. Eguchi | Corporate & Financial Services | 2006 | Counsel | 62.9 | $965 | $60,698.50 |
| Ian K. Hochman | Litigation | 2000 | Counsel | 0.8 | $965 | $772.00 |
| **ASSOCIATES** | | | | | | |
| Dania Bardavid | Litigation | 2018 | Associate | 19.1 | $525 | $10,027.50 |
| John L. Brennan | Litigation | 2017 | Associate | 851.4 | $515 / $660 | $497,399.00 |
| James H. Burbage | Business Reorganization & Restructuring | 2016 | Associate | 394.8 | $625 / $790 | $249,588.00 |
| Monica Chang | Litigation | 2008 | Discovery Attorney | 23.7 | $465 | $11,020.50 |
| Richard Choi | Business Reorganization & Restructuring | 2008 | Associate | 163.2 | $950 | $155,300.00 |
| Melany Cruz Burgos[4] | Business Reorganization & Restructuring | 2017 | Associate | 411.4 | $305/ $525 | $172,227.00 |
| Daniel I. Forman | Business Reorganization & Restructuring | 2010 | Associate | 344.6 | $930 / $990 | $331,680.00 |
| Chase Gorland | Tax | 2018 | Associate | 2.4 | $525 | $1,260.00 |
| Alexander C. Gouzoules | Litigation | 2015 | Associate | 570.9 | $750 / $840 | $457,065.00 |
| Bryan Hogg | Corporate & Financial Services | 2017 | Associate | 16.4 | $515 | $8,446.00 |
| Helena Honig[5] | Business Reorganization & Restructuring | 2017 | Associate | 657.4 | $380 / $660 | $332,244.00 |

---

[4]     Ms. Cruz Burgos was admitted to the bar during the Application Period and as a result was elevated to the role of associate from law clerk.

[5]     Ms. Honig was admitted to the bar during the Application Period and as a result was elevated to the role of associate from law clerk.

| Name | Department | Bar Admission Date[1] | Position | Hours | Hourly Rate(s)[2] | Fees Earned |
|---|---|---|---|---|---|---|
| Shaimaa M. Hussein | Litigation | 2011 | Associate | 1,011.7 | $920 / $975 | $957,015.50 |
| Pia Keevil | Litigation | 2012 | Associate | 107.9 | $900 / $965 | $101,010.00 |
| Christopher S. Koenig | Business Reorganization & Restructuring | 2014 | Associate | 1,212.8 | $800 / $890 | $1,024,132.00 |
| Cole S. Mathews | Litigation | 2015 | Associate | 95.4 | $750 | $71,550.00 |
| Christina Cea McGuire | Litigation | 2015 | Associate | 553.8 | $750 / $840 | $436,689.00 |
| Adam C. Mendel | Litigation | 2017 | Associate | 317.7 | $515 / $660 | $179,145.00 |
| Lynnette Cortes Mhatre | Litigation | 2015 | Associate | 988.9 | $750 / $840 | $780,510.00 |
| William A. O'Brien | Litigation | 2014 | Associate | 925.7 | $800 / $890 | $787,441.00 |
| Derek Osei-Bonsu | Business Reorganization & Restructuring | 2017 | Associate | 17.9 | $515 | $9,218.50 |
| Casie Orellana[6] | Litigation | | Law Clerk | 345.7 | $395 / $525 | $126,324.50 |
| Manuel A. Prado-Oviedo | Litigation | 2008 | Document Review Attorney | 138.2 | $330 / $350 | $47,674.00 |
| Anna Riddle[7] | Litigation | 2017 | Associate | 290.7 | $380 / $525 | $154,941.50 |
| Shira A. Silver | Corporate & Financial Services | 1984 | Associate | 266.4 | $950 / $990 | $253,388.00 |
| Matthew A. Sontag | Business Reorganization & Restructuring | 2017 | Associate | 259.2 | $515 | $133,488.00 |
| Jason St. John | Business Reorganization & Restructuring | 2017 | Associate | 51.8 | $625 | $32,375.00 |
| Edward V. Torres | Tax | 2013 | Associate | 12.6 | $950 | $11,970.00 |

---

[6]   Ms. Orellana was admitted to the bar during the Application Period and as a result was elevated to the role of associate from law clerk.

[7]   Ms. Riddle was admitted to the bar during the Application Period and as a result was elevated to the role of associate from law clerk.

| Name | Department | Bar Admission Date[1] | Position | Hours | Hourly Rate(s) [2] | Fees Earned |
|---|---|---|---|---|---|---|
| **LAW CLERKS** | | | | | | |
| Anna Martini G. Pereira | Corporate & Financial Services | | Foreign Law Clerk | 16.7 | $395 | $6,596.50 |
| Darpit Vadodaria | Corporate & Financial Services | | Law Clerk | 128.7 | $380 / $525 | $48,949.50 |
| **TOTALS:** | | | | **16,350.9** | | **$15,280,493.50** |
| **TOTAL FEES WITH 5% DISCOUNT:** | | | | | | **$14,516,468.82** |
| **PARAPROFESSIONALS** | | | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | | Practice Support Manager | 583.6 | $380 / $395 | $226,449.50 |
| Michael Arakelyan | Litigation Technology Support | | LTS Project Coordinator | 4.3 | $280 | $1,184.50 |
| Eric Barch | Business Reorganization & Restructuring | | Paralegal | 0.4 | $240 | $96.00 |
| Shawn Barran | Litigation Technology Support | | LTS Project Analyst | 4.3 | $230 / $240 | $1,015.00 |
| Rebecca Cordy | Business Reorganization & Restructuring | | Senior Paralegal | 11.3 | $230 / $240 | $2,642.50 |
| Anthony J. Dobson | Litigation Technology Support | | Manager | 0.4 | $375 | $150.00 |
| Heather Gale | Litigation | | Senior Paralegal | 0.4 | $230 | $92.00 |
| Alex Goldstein | Business Reorganization & Restructuring | | Paralegal | 26.7 | $230 | $6,141.00 |
| Monica Jones | Litigation | | Senior Paralegal | 177.8 | $295 / $310 | $54,407.00 |
| Sarah Mawhinney | Business Reorganization & Restructuring | | Paralegal | 4.3 | $240 | $1,032.00 |
| Heriona Pepaj | Litigation Technology Support | | LTS Project Coordinator | 65.5 | $265 / $280 | $17,779.00 |

| Name | Department | Bar Admission Date[1] | Position | Hours | Hourly Rate(s) [2] | Fees Earned |
|---|---|---|---|---|---|---|
| Yudelka Peralta | Corporate & Financial Services | | Senior Legal Assistant | 2.5 | $265 | $662.50 |
| Keith Safon | Business Reorganization & Restructuring | | Legal Assistant | 213.4 | $230 / $240 | $49,816.00 |
| Bonnie L. Schmidt | Corporate & Financial Services | | Senior Legal Assistant | 36.3 | $330 | $12,072.00 |
| **TOTALS:** | | | | **17,482.1** | | **$15,654,032.50** |
| **TOTAL WITH 5% DISCOUNT** | | | | | | **$14,871,330.87** |

## EXHIBIT 2-A
### COFINA BOND LITIGATION – COMPENSATION BY INDIVIDUAL

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Sameer Advani | Litigation | Partner | 1.5 | $1,725.00 |
| Priya Aiyar | Litigation | Partner | 114.8 | $146,370.00 |
| Alexander L. Cheney | Litigation | Partner | 734.1 | $714,787.00 |
| James C. Dugan | Litigation | Partner | 524.1 | $699,390.00 |
| Mathew A. Feldman | Business Reorganization & Restructuring | Partner | 286.4 | $414,232.50 |
| Thomas H. French | Corporate & Financial Services | Partner | 1.3 | $1,852.50 |
| William E. Hiller | Corporate & Financial Services | Partner | 106.1 | $151,192.50 |
| Jeffrey B. Korn | Litigation | Partner | 182.7 | $226,372.50 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 546.0 | $669,510.00 |
| Tariq Mundiya | Litigation | Partner | 7.0 | $9,975.00 |
| Martin L. Seidel | Litigation | Partner | 522.7 | $761,167.50 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | Partner | 117.4 | $158,700.00 |
| Antonio Yanez, Jr. | Litigation | Partner | 1,061.6 | $1,423,685.00 |
| Michael I. Zinder | Corporate & Financial Services | Partner | 35.6 | $50,730.00 |
| **COUNSEL** | | | | |
| Cindy J. Chernuchin | Corporate & Financial Services | Counsel | 74.6 | $71,989.00 |
| Weston T. Eguchi | Corporate & Financial Services | Counsel | 47.6 | $45,934.00 |
| **ASSOCIATES** | | | | |
| John L. Brennan | Litigation | Associate | 791.5 | $466,173.50 |
| James H. Burbage | Business Reorganization & Restructuring | Associate | 222.5 | $139,062.50 |
| Monica Chang | Litigation | Discovery Attorney | 23.7 | $11,020.50 |

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| Richard Choi | Business Reorganization & Restructuring | Associate | 139.0 | $132,050.00 |
| Melany Cruz Burgos | Business Reorganization & Restructuring | Associate | 277.4 | $124,339.00 |
| Daniel I. Forman | Business Reorganization & Restructuring | Associate | 73.3 | $68,751.00 |
| Alexander C. Gouzoules | Litigation | Associate | 569.0 | $455,640.00 |
| Bryan Hogg | Corporate & Financial Services | Associate | 14.3 | $7,364.50 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 123.0 | $54,916.00 |
| Shaimaa M. Hussein | Litigation | Associate | 984.6 | $931,610.50 |
| Pia W. Keevil | Litigation | Associate | 107.9 | $101,010.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 481.0 | $395,357.00 |
| Cole S. Mathews | Litigation | Associate | 89.4 | $67,050.00 |
| Christine McGuire | Litigation | Associate | 543.1 | $428,664.00 |
| Adam C. Mendel | Litigation | Associate | 313.4 | $176,930.50 |
| Lynnette Cortes Mhatre | Litigation | Associate | 939.7 | $741,225.00 |
| William A. O'Brien | Litigation | Associate | 920.4 | $782,841.00 |
| Casie Orellana | Litigation | Associate | 345.7 | $126,324.50 |
| Derek Osei-Bonsu | Business Reorganization & Restructuring | Associate | 17.9 | $9,218.50 |
| Manuel A. Prado-Oviedo | Litigation | Document Review Attorney | 138.2 | $47,674.00 |
| Anna Riddle | Litigation | Associate | 286.6 | $153,383.50 |
| Shira Silver | Corporate & Financial Services | Associate | 229.8 | $218,342.00 |
| Matthew A. Sontag | Business Reorganization & Restructuring | Associate | 129.6 | $66,744.00 |
| Jason St. John | Business Reorganization & Restructuring | Associate | 47.7 | $29,812.50 |

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **LAW CLERKS** | | | | |
| Anna M. Martini Pereira | Corporate & Financial Services | Foreign Law Clerk | 16.7 | $6,596.50 |
| Darpit Vadodaria | Corporate & Financial Services | Law Clerk | 114.3 | $43,477.50 |
| **PARAPROFESSIONALS** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 277.4 | $108,038.50 |
| Michael Arakelyan | Litigation Technology Support | LTS Project Coordinator | 4.3 | $1,184.50 |
| Shawn Barran | Litigation Technology Support | LTS Project Analyst | 4.3 | $1,015.00 |
| Rebecca Cordy | Business Reorganization & Restructuring | Senior Paralegal | 3.7 | $890.00 |
| Anthony J. Dobson | Litigation Technology Support | Sr. Manager | 0.4 | $150.00 |
| Heather Gale | Litigation | Senior Paralegal | 0.4 | $92.00 |
| Alex Goldstein | Business Reorganization & Restructuring | Paralegal | 5.9 | $1,357.00 |
| Monica Jones | Litigation | Senior Paralegal | 176.8 | $54,112.00 |
| Sarah Mawhinney | Business Reorganization & Restructuring | Paralegal | 4.3 | $1,032.00 |
| Heriona Pepaj | Litigation Technology Support | LTS Project Coordinator | 65.5 | $17,779.00 |
| Yudelka Peralta | Corporate & Financial Services | Senior Legal Assistant | 2.5 | $662.50 |
| Keith Safon | Business Reorganization & Restructuring | Paralegal | 146.2 | $34,346.00 |
| Bonnie L. Schmidt | Corporate & Financial Services | Senior Paralegal | 29.1 | $9,675.00 |
| **TOTALS:** | | | **13,024** | **$11,563,524.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$10,985,347.80** |

**EXHIBIT 2-B**
**CASE MANAGEMENT – COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Alexander L. Cheney | Litigation | Partner | 4.0 | $3,800.00 |
| James C. Dugan | Litigation | Partner | 2.9 | $3,770.00 |
| Matthew A. Feldman | Business Reorganization & Restructuring | Partner | 3.7 | $5,272.50 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 2.4 | $2,880.00 |
| Martin L. Seidel | Litigation | Partner | 3.4 | $4,845.00 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | Partner | 5.5 | $7,425.00 |
| Antonia Yanez, Jr. | Litigation | Partner | 0.7 | $910.00 |
| **COUNSEL** | | | | |
| Weston T. Eguchi | Corporate & Financial Services | Counsel | 15.3 | $14,764.50 |
| Ian K. Hochman | Litigation | Counsel | 0.8 | $772.00 |
| **ASSOCIATES** | | | | |
| John L. Brennan | Litigation | Associate | 7.4 | $3,811.00 |
| James H. Burbage | Business Reorganization & Restructuring | Associate | 24.8 | $15,500.00 |
| Richard Choi | Business Reorganization & Restructuring | Associate | 14.9 | $14,155.00 |
| Melany Cruz Burgos | Business Reorganization & Restructuring | Associate | 103.6 | $31,928.00 |
| Daniel I. Forman | Business Reorganization & Restructuring | Associate | 6.5 | $6,057.00 |
| Alexander C. Gouzoules | Litigation | Associate | 0.3 | $225.00 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 233.2 | $105,472.00 |
| Shaimaa Hussein | Litigation | Associate | 13.9 | $12,788.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 22.0 | $17,600.00 |
| Cole S. Mathews | Litigation | Associate | 4.1 | $3,075.00 |

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| Christine McGuire (Cea) | Litigation | Associate | 4.9 | $3,675.00 |
| Adam C. Mendel | Litigation | Associate | 3.6 | $1,854.00 |
| Lynnette Cortes Mhatre | Litigation | Associate | 4.2 | $3,150.00 |
| William A. O'Brien | Litigation | Associate | 0.7 | $560.00 |
| Anna Riddle | Litigation | Associate | 4.1 | $1,558.00 |
| Matthew A. Sontag | Business Reorganization & Restructuring | Associate | 31.4 | $16,171.00 |
| Jason St. John | Business Reorganization & Restructuring | Associate | 4.1 | $2,562.50 |
| **PARAPROFESSIONALS** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 78.1 | $29,697.50 |
| Rebecca Cordy | Business Reorganization & Restructuring | Senior Paralegal | 6.8 | $1,564.00 |
| Alex Goldstein | Business Reorganization & Restructuring | Paralegal | 20.8 | $4,784.00 |
| Monica Jones | Litigation | Senior Paralegal | 1.0 | $295.00 |
| Keith Safon | Business Reorganization & Restructuring | Paralegal | 46.7 | $10,745.00 |
| **TOTALS:** | | | **675.8** | **$331,666.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$315,082.70** |

**EXHIBIT 2-C**
**MEDIATION / SETTLEMENT NEGOTIATIONS & ADVANCEMENT –
COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Priya Aiyar | Litigation | Partner | 23.4 | $29,835.00 |
| Anthony Carbone | Tax | Partner | 14.8 | $22,200.00 |
| Alexander L. Cheney | Litigation | Partner | 60.9 | $58,847.00 |
| James C. Dugan | Litigation | Partner | 17.2 | $22,900.00 |
| Mathew A. Feldman | Business Reorganization & Restructuring | Partner | 348.2 | $516,172.50 |
| Thomas H. French | Corporate & Financial Services | Partner | 12.4 | $18,577.50 |
| William E. Hiller | Corporate & Financial Services | Partner | 12.2 | $17,385.00 |
| Jeffrey B. Korn | Litigation | Partner | 11.8 | $14,400.00 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 815.1 | $1,032,120.00 |
| Russell Pinilis | Tax | Partner | 1.4 | $1,995.00 |
| Martin L. Seidel | Litigation | Partner | 9.9 | $14,295.00 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | Partner | 54.0 | $72,900.00 |
| Antonio Yanez, Jr. | Litigation | Partner | 198.2 | $263,750.00 |
| Michael I. Zinder | Corporate & Financial Services | Partner | 15.4 | $22,447.50 |
| **COUNSEL** | | | | |
| Cindy J. Chernuchin | Corporate & Financial Services | Counsel | 42.1 | $40,836.50 |
| **ASSOCIATES** | | | | |
| Dania Bardavid | Litigation | Associate | 19.1 | $10,027.50 |
| John L. Brennan | Litigation | Associate | 49.8 | $26,024.00 |
| James H. Burbage | Business Reorganization & Restructuring | Associate | 143.5 | $92,525.50 |
| Richard Choi | Business Reorganization & Restructuring | Associate | 9.3 | $9,095.00 |

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| Melany Cruz Burgos | Business Reorganization & Restructuring | Associate | 29.6 | $15,540.00 |
| Daniel I. Forman | Business Reorganization & Restructuring | Associate | 239.8 | $232,380.00 |
| Chase Gorland | Tax | Associate | 2.4 | $1,260.00 |
| Alexander Gouzoules | Litigation | Associate | 1.5 | $1,125.00 |
| Bryan Hogg | Corporate & Financial Services | Associate | 2.1 | $1,081.50 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 217.3 | $123,314.00 |
| Shaimaa M. Hussein | Litigation | Associate | 13.1 | $12,525.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 604.9 | $522,593.00 |
| Cole Mathews | Litigation | Associate | 1.9 | $1,425.00 |
| Christine McGuire | Litigation | Associate | 5.8 | $4,350.00 |
| Adam Mendel | Litigation | Associate | 0.7 | $360.50 |
| Lynnette Cortes Mhatre | Litigation | Associate | 38.3 | $31,110.00 |
| William A. O'Brien | Litigation | Associate | 4.6 | $4,040.00 |
| Shira Silver | Corporate & Financial Services | Associate | 36.6 | $35,046.00 |
| Matthew A. Sontag | Business Reorganization & Restructuring | Associate | 94.0 | $48,410.00 |
| Edward V. Torres | Tax | Associate | 12.6 | $11,970.00 |
| **LAW CLERKS** | | | | |
| Darpit Vadodaria | Corporate & Financial Services | Law Clerk | 14.4 | $5,472.00 |
| **PARAPROFESSIONALS** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 33.8 | $13,157.50 |
| Eric Barch | Business Reorganization & Restructuring | Paralegal | 0.4 | $96.00 |
| Rebecca Cordy | Business Reorganization & Restructuring | Senior Paralegal | 0.3 | $73.50 |

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| Keith Safon | Business Reorganization & Restructuring | Paralegal | 12.2 | $2,816.00 |
| Bonnie L. Schmidt | Corporate & Financial Services | Senior Paralegal | 7.2 | $2,397.00 |
| **TOTALS:** | | | **3,232.2** | **$3,356,875.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$3,189,031.25** |

## EXHIBIT 2-D
## FEE APPLICATIONS AND RETENTION – COMPENSATION BY INDIVIDUAL

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Alexander L. Cheney | Litigation | Partner | 13.9 | $13,361.00 |
| Matthew A. Feldman | Business Reorganization & Restructuring | Partner | 3.6 | $5,130.00 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 10.0 | $12,750.00 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | Partner | 10.1 | $13,635.00 |
| Antonio Yanez, Jr. | Litigation | Partner | 0.3 | $412.50 |
| **ASSOCIATES** | | | | |
| James H. Burbage | Business Reorganization & Restructuring | Associate | 2.8 | $1,750.00 |
| Daniel Forman | Business Reorganization & Restructuring | Associate | 22.3 | $21,885.00 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 67.4 | $39,976.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 81.7 | $69,275.00 |
| Matthew A. Sontag | Business Reorganization & Restructuring | Associate | 4.2 | $2,163.00 |
| **PARAPROFESSIONALS** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 177.3 | $68,899.50 |
| Rebecca Cordy | Business Reorganization & Restructuring | Senior Paralegal | 0.5 | $115.00 |
| Keith Safon | Business Reorganization & Restructuring | Paralegal | 4.1 | $943.00 |
| **TOTALS:** | | | **398.2** | **$250,295.00** |
| **TOTAL AFTER 5% DISCOUNT** | | | | **$237,780.25** |

**EXHIBIT 2-E**
**FEE APPLICATION AND RETENTION OBJECTIONS**
**– COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNER** | | | | |
| Alexander L. Cheney | Litigation | Partner | 0.3 | $285.00 |
| Paul V. Shalhoub | Business Reorganization & Restructuring | Partner | 0.3 | $405.00 |
| **ASSOCIATES** | | | | |
| James H. Burbage | Business Reorganization & Restructuring | Associate | 1.2 | $750.00 |
| Daniel I. Forman | Business Reorganization & Restructuring | Associate | 2.7 | $2,607.00 |
| Alexander Gouzoules | Litigation | Associate | 0.1 | $75.00 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 9.8 | $4,144.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 14.2 | $11,432.00 |
| **PARAPROFESSIONALS** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 5.1 | $1,989.00 |
| **TOTALS:** | | | **33.7** | **$21,687.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$20,602.65** |

## EXHIBIT 2-F
## BUDGET – COMPENSATION BY INDIVIDUAL

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **ASSOCIATES** | | | | |
| Helena Honig | Business Reorganization & Restructuring | Associate | 0.3 | $198.00 |
| Shaimaa Hussein | Litigation | Associate | 0.1 | $92.00 |
| Christopher S. Koenig | Business Reorganization & Restructuring | Associate | 0.7 | $560.00 |
| **PARAPROFESSIONAL** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 3.2 | $1,231.00 |
| **TOTALS:** | | | **4.3** | **$2,081.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$1,976.95** |

**EXHIBIT 2-G**
**NON-WORKING TRAVEL – COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|------|-----------|----------|-------|-------------|
| **PARTNERS** | | | | |
| Matthew A. Feldman | Business Reorganization & Restructuring | Partner | 14.1 | $20,595.00 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 8.1 | $9,862.50 |
| Antonio Yanez, Jr. | Litigation | Partner | 6.0 | $8,092.50 |
| **ASSOCIATES** | | | | |
| John L. Brennan | Litigation | Associate | 2.7 | $1,390.50 |
| Christopher S. Koenig | Business Reorganization & Restructuring | Associate | 0.8 | $640.00 |
| Lynnette Cruz Mhatre | Litigation | Associate | 6.7 | $5,025.00 |
| **PARAPROFESSIONAL** | | | | |
| Keith Safon | Business Reorganization & Restructuring | Paralegal | 4.2 | $966.00 |
| **TOTALS:** | | | **42.6** | **$46,571.50** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$44,242.93** |

### EXHIBIT 2-H
**RETENTION MATTERS FOR OTHER COFINA PROFESSIONALS
COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 5.8 | $7,395.00 |
| Antonio Yanez, Jr. | Litigation | Partner | 0.3 | $412.50 |
| **ASSOCIATE** | | | | |
| Helena Honig | Business Reorganization & Restructuring | Associate | 0.9 | $594.00 |
| **TOTALS:** | | | **7.0** | **$8,401.50** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$7,981.42** |

**EXHIBIT 2-I**
**FEE APPLICATIONS FOR OTHER COFINA PROFESSIONALS**
**COMPENSATION BY INDIVIDUAL**

| Name | Department | Position | Hours | Fees Earned |
|------|-----------|----------|-------|-------------|
| **ASSOCIATES** | | | | |
| Melany Cruz Burgos | Business Reorganization & Restructuring | Associate | 0.8 | $420.00 |
| Helena Honig | Business Reorganization & Restructuring | Associate | 5.5 | $3,630.00 |
| Christopher Koenig | Business Reorganization & Restructuring | Associate | 7.5 | $6,675.00 |
| **PARAPROFESSIONAL** | | | | |
| Alison Ambeault | Business Reorganization & Restructuring | Practice Support Manager | 8.7 | $3,436.50 |
| **TOTALS:** | | | **22.5** | **$14,161.50** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$13,453.42** |

**EXHIBIT 2-J**
**PUERTO RICO – COMPENSATION BY INDIVIDUAL[1]**

| Name | Department | Position | Hours | Fees Earned |
|---|---|---|---|---|
| PARTNER | | | | |
| Matthew A. Feldman | Business Reorganization & Restructuring | Partner | 18.6 | $27,900.00 |
| Joseph G. Minias | Business Reorganization & Restructuring | Partner | 10.3 | $13,132.50 |
| Antonio Yanez, Jr. | Litigation | Partner | 12.9 | $17,737.50 |
| **TOTALS:** | | | **41.8** | **$58,770.00** |
| **TOTAL AFTER 5% DISCOUNT:** | | | | **$55,831.50** |

---

[1]     This matter summary does not include $16,530.00 of fees incurred for work conducted in Puerto Rico prior to the opening of this matter.  This amount is located in Matter 00001.

## **EXHIBIT 3**

**Summary of Expenses for the Application Period**

**Disbursements for Period August 3, 2017 through February 12, 2019**

| Disbursement | Amount |
|---|---|
| Postage/Messenger/Overnight Delivery | $2,276.55 |
| Local Transportation | $10,026.85 |
| Local Meals | $13,156.91 |
| Reproduction | $31,367.04 |
| Air Freight | $8,715.52 |
| Data Acquisition (includes Legal Research) | $214,913.50 |
| Outside Consultants (including experts and translation services) | $982,211.84 |
| Transcript Costs | $11,153.19 |
| Teleconferencing | $2,512.61 |
| Court Reporters / Other Fees | $4,070.00 |
| Other Out of Town Travel | $2,109.26 |
| Lodging | $14,412.34 |
| Airfare/Train | $11,319.15 |
| CourtSolutions | $140.00 |
| Miscellaneous Disbursements | $1,066.50 |
| Filing Fees | $2,199.93 |
| Adjustments | ($825.11) |
| **Total:** | **$1,310,826.08** |

## <u>EXHIBIT 4</u>

**Summary of Time by Billing Category for the Application Period**

**SERVICES RENDERED BY CATEGORY**
**AUGUST 3, 2017 THROUGH FEBRUARY 12, 2019**

| Service Category | Hours Billed | Fees Billed (prior to 5% discount) | Budgeted Hours | Budgeted Fees |
|---|---|---|---|---|
| COFINA Bond Litigation | 13,024.0 | $11,563,524.00 | 16,892.00 | $14,898,500.00 |
| Case Administration | 675.8 | $331,666.00 | 1,340.00 | $994,000.00 |
| COFINA Bond Negotiation | 0.0 | $0.00 | 0.00 | $0.00 |
| Settlement Negotiations and Advancement | 3,232.2 | $3,356,875.00 | 4,745.00 | $4,824,500.00 |
| Fee Applications and Retention | 398.2 | $250,295.00 | 568.00 | $425,500.00 |
| Fee Application and Retention Objections | 33.7 | $21,687.00 | 130.00 | $100,000.00 |
| Budget | 4.3 | $2,081.00 | 10.10 | $5,429.50 |
| Non-Working Travel | 42.6 | $46,571.50 | 115.50 | $173,000.00 |
| Retention Matters for Other COFINA Professionals | 7.0 | $8,401.50 | 1.10 | $750.00 |
| Fee Applications for Other COFINA Professionals | 22.5 | $14,161.50 | 57.50 | $40,200.00 |
| Puerto Rico | 41.8 | $58,770.00 | 0.00 | $0.00 |
| **TOTAL** | **17,482.1** | **$15,654,032.50** | **23,859.2** | **$21,461,879.50** |

## **EXHIBIT 5**

**Comparable Compensation Disclosures**

| Title | **Non-Bankruptcy Blended Hourly Rate (New York Office Only)** | **COFINA Agent Blended Hourly Rate for Application Period (before 5% discount)** |
|---|---|---|
| Partner | $1,310.09 | $1,341.84 |
| Counsel | $1,095.57 | $966.16 |
| Associate | $767.53 | $785.32 |
| Law Clerk | $421.15 | $360.54 |
| Paraprofessionals | $304.43 | $330.21 |
| **Total:** | **$921.31** | **$895.43** |

## **EXHIBIT 6**

**Declaration of Joseph G. Minias in Support of Expert Witness Fees**

# DECLARATION OF JOSEPH G. MINIAS

I, Joseph G. Minias, of legal age, resident of the United States, and a Partner of Willkie Farr & Gallagher LLP, hereby declare, under penalty of perjury, that I have examined the following information and that the same is a true and correct:

1.      My name and personal circumstances are as previously stated.

2.      Willkie Farr & Gallagher LLP ("**WF&G**"), on behalf of and with the consent of the COFINA Agent,[1] retained Charles River Associates and The Brattle Group (together, the "**Experts**") for specific purposes.  True and correct copies of the engagement letters outlining the terms of the Experts' retention are attached hereto as Exhibit A.  The experts billed at hourly rates consistent with market rates for comparable services.  To my knowledge, at the time of their retention, the Experts did not hold or represent any interest adverse to COFINA's estate, and qualified as "disinterested persons" as defined in section 101(14) of the Bankruptcy Code.

3.      The Experts were retained for specific purposes related solely to pending litigation commenced by the Commonwealth Agent in an effort to resolve:  "whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt . . . are property of the Commonwealth or COFINA under applicable law (the **Commonwealth-COFINA Dispute**")."[2]

4.      Bradley Wendt of Charles River Associates was retained as an expert to opine on whether the municipal bond market and investors treated bonds issued by COFINA as if COFINA owned the sales and use tax revenue stream (both from an issuance and trading perspective).

---

[1]      Terms used but not defined herein shall have the meanings ascribed to them in the Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute [Dkt. No. 996] (the "**Stipulation**").

[2]      Stipulation, at ¶4.

5.      Robert H. Attmore of The Brattle Group was retained to rebut the Commonwealth Agent's expert who opined on whether the accounting reflected in COFINA's financial statements was dispositive of the ownership question.

6.      The Experts' work was not intended to, and in fact did not, overlap with the scope of work the COFINA Agent moved to hire Centerview Partners LLC to perform.  The Experts did not provide any financial advisory services such as evaluating COFINA's capital structure, advising on possible restructuring strategies, assisting in determination of negotiation or mediation strategy or analyzing the current fiscal conditions and financial projections of the Commonwealth.

7.      The expert report developed by Bradley Wendt of Charles River Associates addressed the consistency of the COFINA bonds' characteristics and marketing with other similar municipal bonds that are repaid from a dedicated tax revenue stream.  Were the case to have proceeded to trial, the report would have been offered to support the position that COFINA owns the Pledged Sales Tax.

8.      The expert report produced by Robert H. Attmore of The Brattle Group was in response to the Preliminary Expert Report of Michael B. Malloy dated January 26, 2018 (the "**Malloy Report**"), and disagreed that the application of generally accepted accounting principles resolved the legal question of ownership of the Pledged Sales Tax.

9.      The COFINA Agent's professionals were preparing for trial and the summary judgment stage simultaneously.  In fact, trial preparation likely helped motivate both sides to participate in more productive mediation sessions following the summary judgment hearing on April 10, 2018.

10.     Scheduling orders related to the litigation of the Commonwealth-COFINA dispute contemplated the use of experts by the Commonwealth Agent and COFINA Agent during the course of litigation.[3]

11.     The time entries of WF&G timekeepers working with the Experts were made by members of the litigation team and other lawyers supporting the litigation.

12.     The final time entry from a WF&G timekeeper describing work with the Experts was dated April 11, 2018, the day after the summary judgment hearing, because the Commonwealth Agent moved for a stay of expert witness work at the summary judgment hearing and the Court granted the stay.

13.     After April 11, 2018 no WF&G attorney working on this matter consulted with the Experts.  There were only four additional entries for either of the Experts after April 11, 2018, for (4) total hours of work, and the final time entry was dated April 18, 2018.

14.     Following the summary judgment hearing, after the parties transitioned primarily to mediating, WF&G and the COFINA Agent sought financial advisory expertise from professionals employed by other parties to the mediation, including Miller Buckfire & CO., LLC who was retained by COFINA bondholders.

15.     On June 1, months after the Experts' work related to this matter and contact with the COFINA Agent and WF&G ceased, the Commonwealth Agent and the COFINA Agent verbally agreed to a negotiated settlement of the Commonwealth-COFINA Dispute, and the joint informative motion publicizing the agreement was filed on June 7, 2018.

---

[3] *See* Amended Joint Stipulation and Scheduling Order for Commonwealth COFINA Dispute, Case No. 17-03283-LTS,  [Dkt. No. 1229] and Order Amending Scheduling Order For Commonwealth-COFINA Dispute, Case No. 17-00257-LTS, [Dkt. No. 77].

**IN WITNESS WHEREOF**, I hereby declare, under penalty of perjury, that the above statement is true and correct on this 12th day of June 2019 in New York, New York.

 /s/ Joseph G. Minias              
Joseph G. Minias