Hearing Date:  October 30, 2019 at 9:30 a.m. (Atlantic Time)
Objection Deadline:  July 8, 2019 at 4:00 p.m. (Atlantic Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |

## FINAL APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, IN ITS CAPACITY AS SPECIAL MUNICIPAL BANKRUPTCY COUNSEL TO BETTINA M. WHYTE, AS THE COFINA AGENT, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM JULY 31, 2017 THROUGH FEBRUARY 12, 2019[2]

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]   The Final Fee Period includes limited services after February 12, 2019, only in respect of fee applications.

## <u>EXHIBITS</u>

Exhibit 1          Certification of Jonathan M. Weiss

Exhibit 2          Compensation by Professional for the Final Fee Period

Exhibit 3          Summary of Expenses for the Final Fee Period

Exhibit 4          Summary of Time by Billing Category for the Final Fee Period

Exhibit 5          Comparable Compensation Disclosures

Exhibit 6          Budget and Staffing Plans

Exhibit 7          List of Professionals By Matter

Exhibit 8          Engagement Letter

**SUMMARY SHEET TO THE FINAL APPLICATION OF KLEE, TUCHIN,
BOGDANOFF & STERN LLP, IN ITS CAPACITY AS SPECIAL MUNICIPAL
BANKRUPTCY COUNSEL TO BETTINA M. WHYTE, AS THE COFINA AGENT, FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED FROM
JULY 31, 2017 THROUGH FEBRUARY 12, 2019[1]**

| | |
|---|---|
| Name of Applicant | Klee, Tuchin, Bogdanoff & Stern LLP |
| Authorized to Provide Professional Services to | Bettina M. Whyte, as COFINA Agent |
| Petition date | May 5, 2017 for COFINA (as defined below) |
| Date of Retention | August 10, 2017 <br> *Nunc Pro Tunc* to July 31, 2017 |
| Period for which compensation and reimbursement is sought | July 31, 2017 through February 12, 2019[1] |
| Amount of compensation sought as actual, reasonable, and necessary | $2,549,727.72[2] |
| Amount of expense reimbursement sought as actual, reasonable, and necessary | $54,611.61[3] |
| Amount of compensation sought as actual, reasonable, and necessary in respect of fee application work on and after March 1, 2019 | $20,000.00 (estimate – KTB&S will only seek payment of such portion of this amount that is actually incurred) |
| Are your fee or expense totals different from the sum of previously-served monthly statements | Yes, they take into account voluntary reductions based on Fee Examiner negotiations – see footnote 2. |
| Blended rate in this Application for all attorneys | $1,097.57 |
| Blended rate in this Application for all timekeepers | $1,024.50 |

---

[1]   The Final Fee Period includes limited services after February 12, 2019, only in respect of fee applications.

[2]   Reflects fee adjustments in the amount of $122,618.28 for Fee Examiner reductions for the First, Second, Third, and Fourth Interim Periods.  The total amount of fees sought by KTB&S in its five interim fee applications was $2,672,209.00, which exceeds the $2,549,727.72 sought herein.  The discrepancy is attributable to negotiated reductions voluntarily taken by KTB&S in response to Fee Examiner objections and concerns.  At each interim period, although KTB&S believed that each interim fee application was fully justified by the facts and applicable law, KTB&S engaged in good-faith negotiations with the Fee Examiner and reached compromises that involved KTB&S voluntarily agreeing to certain reductions in exchange for, and in reliance on, the Fee Examiner foregoing other objections.  KTB&S will abide by those settlements in the course of prosecuting this Final Fee Application (and thus, in the first instance, has only sought approval of final fees net of such prior reductions), and expects the Fee Examiner to do the same.  If, however, the Fee Examiner seeks to re-open previously agreed-upon settlements and attempts to further reduce KTB&S's allowed interim fees for those time periods, KTB&S reserves the right to seek the entirety of the fees and expenses it originally asserted and continues to believe to be allowable under the facts and applicable law for the Final Fee Period (i.e. $2,672,209.00).

[3]   Reflects expense adjustments in the amount of $2,286.72 for Fee Examiner reductions for the First, Second, Third, and Fourth Interim Periods.

| | |
|---|---|
| Total compensation approved by interim order to date | $2,270,310.22 |
| Total expenses approved by interim order to date | $54,232.00 |
| Total compensation paid to date (including monthly fees not yet allowed by interim order) | $2,481,585.32 (100% fees through September 2018, 90% fees for October through December 2018, $87,149.70 as a portion of January 2019 fees, and $11,306.15 as a portion of February 1-12, 2019 fees) |
| Total expenses paid to date (including monthly expenses not yet allowed by interim order) | $54,611.61 (100% expenses through February 12, 2019) |
| Compensation sought in this Application already paid pursuant to a monthly compensation order, but not yet allowed by interim order | $211,138.10 (90% of October through December 2018, $87,149.70 as a portion of January 2019 fees, and $11,306.15 as a portion of February 1-12, 2019 fees) |
| Expenses sought in this Application already paid pursuant to a monthly compensation order, but not yet allowed by interim order | $379.61 (100% of October 2018 through February 12, 2019 expenses) |
| Number of professionals with time included in this Application | 9 |
| If applicable, number of professionals in this Application not included in staffing plans approved by client | 0 |
| If applicable, difference between fees budgeted and compensation sought for this period | Fees Budgeted: $3,569,400.00 Fees Sought: $2,549,727.72 Difference: $1,019,672.28 |
| Number of professionals billing fewer than 15 hours to the case during this period | 2 |
| Are any timekeeper's hourly rates higher than those charged and approved upon retention?  If yes, calculate and disclose the total compensation sought in this Application using the rate originally disclosed in the retention application. | The Application does not include rate increases other than ordinary course annual step increases.  The client was notified at the outset of the engagement that, like most of its peer law firms, KTB&S adjusts its hourly rates periodically, typically on January 1 of each year, in the form of step increases in the ordinary course on the basis of advancing experience, seniority, and promotion of KTB&S's professionals.  The client was further notified immediately upon implementation of the step increases.  These step increases do not constitute "rate increases" as that term is used in the U.S. Trustee Guidelines.  Notwithstanding the foregoing, the total fees billed solely at 2017 rates would have been $2,561,117 (before fee examiner reductions). |

This is a <u>final</u> application.

The total time expended for monthly and interim fee application preparation for the Final Fee Period is approximately 142.60 hours and the corresponding compensation requested is approximately $81,075.00.  Notably, time billed to the 0005 (Fee Applications and Retentions) category included (i) time expended for fee application preparation, and (ii) time expended for KTB&S fee-related tasks <u>not</u> relating to fee application preparation, such as analysis and correspondence concerning Fee Examiner's reports. Accordingly, even though the total amount listed in this paragraph is less than the total amount of fees in category 0005, this amount is accurate.

| PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS | | | | | |
| | | Requested | | Approved | |
| Date [Docket No.] | Interim Fee Period ("IFP") Covered | Fees | Expenses | Fees | Expenses |
|---|---|---|---|---|---|
| 12/18/2017 Dkt. No. 2099 | 07/31/2017 – 09/30/2017 | $592,705.00 | $11,133.88 | $546,688.40[4] | $10,198.66[5] |
| 03/19/2018 Dkt. No. 2728 | 10/01/2017 – 01/31/2018 | $587,025.50 | $12,994.18 | $564,946.00[6] | $12,994.18 |
| 07/16/2018 Dkt. No. 3542 | 02/01/2018- 05/31/2018 | $869,739.50 | $27,854.77 | $821,808.85[7] | $26,526.69[8] |
| 11/16/2018 Dkt. No. 4265 | 06/01/2018- 09/30/2018 | $343,458.50 | $4,535.89 | $336,866.97[9] | $4,512.47[10] |
| 03/18/19 Dkt. No. 5783 | 10/01/2018- 02/12/2019 | $279,280.50 | $379.61 | Pending | Pending |
| Total fees and expenses approved by interim orders to date: | | | | **$2,270,310.22** | **$54,232.00** |

---

[4]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $40,509.85 (and subsequently another $5,506.75).

[5]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's expenses in the amount of $935.22.

[6]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $22,079.50.

[7]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $47,930.65.

[8]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's expenses in the amount of $1,328.08.

[9]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $6,591.53.

[10]  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's expenses in the amount of $23.42.

| | | PRIOR INTERIM AND/OR MONTHLY FEE PAYMENTS TO DATE | | | |
|---|---|---|---|---|---|
| **Date Payment Received** | **Interim Fee Application [Docket No.] or Monthly Fee Statement Paid** | **Requested** | | **Paid** | |
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 12/01/2017 | Monthly Fee Statements (July 31 – August 31, 2017) | $329,974.00 | $3,519.68 | $296,041.38 | $3,519.68 |
| 12/01/2017 | Monthly Fee Statement (September 2017) | $262,731.00 | $7,614.20 | $236,457.90 | $7,614.20 |
| 12/26/2017 | Monthly Fee Statement (October 2017) | $146,885.50 | $7,106.71 | $132,196.95 | $7,106.71 |
| 01/23/2018 | Monthly Fee Statement (November 2017) | $158,738.50 | $4,548.66 | $142,864.65 | $4,548.66 |
| 02/12/2018 | Monthly Fee Statement (December 2017) | $81,043.50 | $676.58 | $72,939.15 | $676.58 |
| 04/17/2018 | Monthly Fee Statement (January 2018) | $200,358.00 | $662.23 | $180,322.20 | $662.23 |
| 04/17/2018 | Monthly Fee Statement (February 2018) | $169,781.50 | $2,734.46 | $152,803.35 | $2,599.46 |
| 04/17/2018 | First Interim Application (July 31 – August 31, 2017) | $59,270.50 (10% holdback) | $0.00 (no holdback) | $19,695.87[11] | ($935.22) |
| 04/30/2018 07/20/2018 | Monthly Fee Statement (March 2018) | $272,898.50 | $6,605.20 | $73,615.72 $171,992.93 | $0.00 $6,603.20 |
| 07/20/2018 | Monthly Fee Statement (April 2018) | $239,036.00 | $10,554.85 | $215,132.40 | $10,554.85 |
| 07/20/2018 | Monthly Fee Statement (May 2018) | $188,023.50 | $8,097.26 | $169,221.15 | $8,097.26 |
| 07/23/2018 | Second Interim Application (October 1, 2017 – January 31, 2018) | $58,702.55 (10% holdback) | $0.00 (no holdback) | $31,116.30[12] | $0.00 |
| 08/23/2018 | Monthly Fee Statement (June 2018) | $182,881.50 | $4,316.25 | $164,593.35 | $4,316.25 |
| 08/30/2018 | Monthly Fee Statement (July 2018) | $75,721.00 | $92.45 | $68,148.90 | $92.45 |
| 10/10/2018 | Monthly Fee Statement (August 2018) | $68,434.00 | $33.88 | $61,590.60 | $33.88 |
| 10/31/2018 | Monthly Fee Statement (September 2018) | $16,422.00 | $93.31 | $14,779.80 | $93.31 |

---

[11]   Reflects payment of holdback after adjustment for Fee Examiner reductions.

[12]   Reflects payment of holdback after adjustment for Fee Examiner reductions.

7

| | | Requested | | Paid | |
|---|---|---|---|---|---|
| **PRIOR INTERIM AND/OR MONTHLY FEE <u>PAYMENTS</u> TO DATE** | | | | | |
| **Date Payment Received** | **Interim Fee Application [Docket No.] or Monthly Fee Statement Paid** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 12/05/2018 | Monthly Fee Statement (October 2018) | $56,870.50 | $98.47 | $51,183.45 | $98.47 |
| 12/28/2018 | Third Interim Application (February 1, 2018 – May 31, 2018) | $86,973.95 (10% holdback) | $0.00 (no holdback) | $39,180.30[13] | ($1,328.08) |
| 01/28/2019 | Monthly Fee Statement (November 2018) | $41,506.50 | $0.00 | $37,355.85 | $0.00 |
| 01/29/2019 | Monthly Fee Statement (December 2018) | $26,825.50 | $91.16 | $24,142.95 | $91.16 |
| 03/01/2019 | Monthly Fee Statement (January 2019) | $136,384.50 | $92.23 | $87,149.70 | $92.23 |
| 05/01/2019 | Fourth Interim Application (June 1, 2018 – September 30, 2018) | $34,345.85 (10% holdback) | $0.00 (no holdback) | $27,754.32[14] | ($23.42) |
| 05/23/2019 | Monthly Fee Statement (February 1-12, 2019) | $17,693.50 | $97.75 | $11,306.15 | $97.75 |
| | **Total fees and expenses PAID to date:** | | | **$2,481,585.32** | **$54,611.61** |

---

[13]  Reflects payment of holdback <u>after</u> adjustment for Fee Examiner reductions.

[14]  Reflects payment of holdback <u>after</u> adjustment for Fee Examiner reductions.

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA
TAYLOR SWAIN:**

Klee, Tuchin, Bogdanoff & Stern LLP ("**KTB&S**"), in its capacity as special municipal
bankruptcy counsel to Bettina M. Whyte, the COFINA Agent (the "**COFINA Agent**") in the
above-captioned Title III cases (the "**Title III Cases**"), hereby submits its final fee application
(the "**Application**") for an award of compensation for professional services rendered in the
amount of $2,549,727.72 and reimbursement for actual and necessary expenses in connection
with such services in the amount of $54,611.61, for the period July 31, 2017 through
February 12, 2019 (the "**Final Fee Period**"),[1] as well as up to $20,000 for work on and after
March 1, 2019 in connection with prosecution of fee applications.  The foregoing amount does
not include $160,544.50 representing 150.70 hours of work that has been written off in the
exercise of billing discretion and is reflected as "No Charge" on the billing records.  KTB&S
submits this Application pursuant to sections 316 and 317 of the *Puerto Rico Oversight,
Management, and Economic Stability Act* ("**PROMESA**"),[2] 48 U.S.C. §§ 2176, 2177; sections
105(a) and 503(b) of chapter 11 of the United States Code (the "**Bankruptcy Code**),[3] Rule
2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),[4] Rule 2016-1
of the Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico
(the "**Local Rules**"),[5] the *Second Amended Order Setting Procedures for Interim Compensation*

---

[1]   The Final Fee Period includes limited services after February 12, 2019, only in respect of fee applications.

[2]   PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3]   Unless otherwise noted, all Bankruptcy Code sections cited in the Application are made applicable to these Title
III Cases pursuant to section 301(a) of PROMESA.

[4]   All Bankruptcy Rules referenced in the Application are made applicable to these Title III Cases pursuant to
section 310 of PROMESA.

[5]   The Local Rules are made applicable to these Title III Cases by the Court's *Order (A) Imposing and Rendering
Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice,
Case Management, and Administrative Procedures, and (C) Granting Related Relief* [Dkt. No. 249].

*and Reimbursement of Expenses of Professionals* [Dkt. No. 3269] ("**Interim Compensation Order**") and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "**UST Guidelines**").  In support of its Application for allowance of compensation for professional services rendered and reimbursement of expenses incurred during the Final Fee Period, in its capacity as special municipal bankruptcy counsel to the COFINA Agent, KTB&S respectfully represents:

## PRELIMINARY STATEMENT

1.　　KTB&S's services to the COFINA Agent have been substantial, necessary, and beneficial to the COFINA Agent and have directly contributed to an outstanding result – the consensual resolution of the Commonwealth-COFINA Dispute[6] (the "**Commonwealth-COFINA Settlement**") and the implementation of that resolution in a Title III Plan of Adjustment (the "**COFINA Plan**") for COFINA.  KTB&S was appointed by the Court to its role as special municipal bankruptcy counsel nearly two years ago – along with the COFINA Agent and the COFINA Agent's other counsel – and was immediately thrust into the middle of the $17 billion Commonwealth-COFINA Dispute.

2.　　KTB&S promptly began working tirelessly to analyze countless important legal and factual issues, correspond with representatives of the numerous stakeholders in the Commonwealth-COFINA Dispute, and formulate strategies with the COFINA Agent and her co-counsel regarding both the litigation and mediation tracks of the Commonwealth-COFINA Dispute.

---

[6]　Terms used but not defined herein shall have the meaning ascribed to them in the *Stipulation and Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* (the "**Commonwealth-COFINA Stipulation**").

3.      Over the ensuing 18 months, KTB&S materially and meaningfully advanced both tracks of the Commonwealth-COFINA Dispute by, among other things, (i) contributing to pleadings, memoranda, discovery matters, and agreements relating to the lawsuit commenced by the Commonwealth Agent, Adv. Proc. No. 17-00257, *Official Comm. of Unsecured Creds. v. Whyte* (the "**Commonwealth-COFINA Litigation**") and (ii) preparing for and participating in numerous mediation and other settlement sessions and preparing and/or editing memoranda and other written materials in preparation therefor.  In representing the COFINA Agent, KTB&S brought to bear its particular experience and expertise in the municipal bankruptcy space—***the very experience and expertise that caused the numerous stakeholders in the Commonwealth-COFINA Dispute to stipulate to KTB&S's appointment in this case***—to add valuable input and insight to the COFINA Agent that was not duplicative of the services provided by any of the COFINA Agent's other professionals.

4.      Ultimately, on or about June 2018, the efforts of the COFINA Agent and her professionals, including KTB&S, resulted in an agreement in principle to settle the Commonwealth-COFINA Dispute.  *See* Commonwealth-COFINA Litigation, Docket No. 486. Thereafter, KTB&S continued its work in assisting the COFINA Agent in documenting the agreement and in certain related motion practice.  At hearings held on January 30-31, 2019, the Court considered approval of the Commonwealth-COFINA Settlement and confirmation of the COFINA Plan, which implemented the Commonwealth-COFINA Settlement.  Shortly thereafter, the Commonwealth-COFINA Settlement was approved and the COFINA Plan was confirmed, and the COFINA Plan became effective on February 12, 2019.

5.      It is beyond dispute that these Title III cases involve a multitude of novel, complex and time-sensitive issues and carry exceedingly high stakes—economic, political, social

and otherwise—for many parties.  KTB&S respectfully submits that its services to the COFINA

Agent have been reasonable, necessary and beneficial to the COFINA Agent, and have resulted

in substantial progress and success in these Title III cases.

6.      The court-approved Commonwealth-COFINA Stipulation pursuant to which

KTBS was employed was the product of an extended negotiation process among numerous

parties with widely varying interests on both the COFINA and the Commonwealth side to

establish a complex mechanism for finally resolving the Commonwealth-COFINA Dispute

which had theretofore defied resolution and blocked further progress in the overall resolution of

Puerto Rico's financial crisis.  It provided that the COFINA side of the Dispute would be

represented by a specified team of professionals including Bettina Whyte, Willkie Farr &

Gallagher and KTB&S.  The team was created as a heavily-negotiated compromise to ensure

broad support among various COFINA constituencies for any resolution that might emerge from

the dual track process envisioned for the resolution of the Commonwealth-COFINA

Dispute.  This was critical because the COFINA parties consisted of holders with capital

appreciation bonds, current interest bearing bonds, senior securities, subordinated securities,

taxable and non-taxable securities, and on-Island and off-island holders, mutual funds, hedge

funds and individuals, insured and uninsured bonds, all with different economic interests and

represented by different professionals.  The Commonwealth-COFINA Stipulation contemplated

(as actually occurred) that implementation of any resolution of the Commonwealth-COFINA

Dispute would occur through a COFINA Plan of Arrangement that would require broad support

among all these varying interest to be feasible and confirmable.  Accordingly it was crucial to the

process's credibility that KTBS as well as the rest of the specified team be fully engaged and

directly involved in the critical litigation and mediation phases of the process.  Under Ms.

Whyte's direction, KTB&S and Willkie carefully coordinated their roles and involvement at each juncture to minimize expense without compromising the credibility of the process and the expectation of the COFINA parties that the designated team of Whyte, WFG and KTB&S would be responsible collectively for any results obtained from the process.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

8.      Venue is proper pursuant to section 306(a) of PROMESA.

9.      KTB&S makes this Application pursuant to sections 316 and 317 of PROMESA, sections 105(a) and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, the Commonwealth-COFINA Stipulation (as defined below), the Interim Compensation Order, and the UST Guidelines.

## BACKGROUND

**A.      General Background**

10.     On May 3, 2017, the Commonwealth of Puerto Rico (the "**Commonwealth**"), by and through the Financial Oversight and Management Board for Puerto Rico (the "**Oversight Board**"), as the Commonwealth's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

11.     On May 5, 2017, the Puerto Rico Sales Tax Financing Corporation ("**COFINA**"), by and through the Oversight Board, as COFINA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

12.     On May 21, 2017, the Employees Retirement System for the Commonwealth of Puerto Rico ("**ERS**"), by and through the Oversight Board, as ERS's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

13.     On July 3, 2017, the Puerto Rico Electric Power Authority ("**PREPA**"), by and through the Oversight Board, as PREPA's representative pursuant to section 315(b) of PROMESA, filed a petition with the Court under title III of PROMESA.

14.     Through Orders of this Court, the Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases (collectively, the "**Title III Cases**") are jointly administered for procedural purposes only pursuant to section 304(g) of PROMESA and Bankruptcy Rule 1015. [See Dkt. Nos. 242, 537 and 1417.]

**B.     KTB&S's Retention By The COFINA Agent**

15.     On August 10, 2017, the Court entered the Commonwealth-COFINA Stipulation. The Commonwealth-COFINA Stipulation appointed Bettina M. Whyte as the COFINA Agent and appointed KTB&S as her special municipal bankruptcy counsel.  The Commonwealth-COFINA Stipulation also authorized the applicable Debtor (in KTB&S's case, COFINA) to compensate KTB&S in accordance with KTB&S's normal hourly rates and reimburse KTB&S for the firm's actual and necessary out-of-pocket expenses incurred, subject to application to this Court as set forth herein.  The Commonwealth-COFINA Stipulation further provides that the Commonwealth must make such payments within fourteen days (14) of receiving notice of nonpayment.  As set forth more fully below, pursuant to the Interim Compensation Order (as defined below), KTB&S served nineteen (19) monthly fee statements during the Final Fee Period.

C.     **Appointment of Fee Examiner**

16.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Dkt. No. 1416], thereby appointing Brady Williamson to serve as the fee examiner (the "**Fee Examiner**") in the Title III Cases.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

17.     By this Application and pursuant to sections 316 and 317 of PROMESA, sections 105(a) and 503(b) of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules and Rule 2016-1 of the Local Rules, KTB&S requests that this Court authorize compensation, on a final basis, for professional services rendered and reimbursement of expenses incurred during the Final Fee Period in the amount of $2,624,339.33 (the "**Application Amount**"), which includes (a) compensation of $2,549,727.72 in fees for services rendered to COFINA and (b) reimbursement of $54,611.61 in actual and necessary expenses in connection with these services.  KTB&S also requests up to $20,000 as reasonable compensation for work on and after March 1, 2019 in connection with prosecution of fee applications.  As of the date hereof, in respect of the Final Fee Period, KTB&S has been paid all amounts other than $88,142.40, which unpaid amount represents 10% of KTB&S's fees that have been "held back" (the "**Holdback**") for the period October 1, 2018 through December 31, 2018, $49,234.80 in fees for January 2019, $6,387.35 in fees for February 1-12, 2019, and $20,000 as an estimate of actual, reasonable and necessary compensation to be incurred for matters during the period on and after February 13, 2019 through the hearing on the Final Fee Application.

18.     The COFINA Agent has been provided copies of KTB&S's monthly invoices that form the basis for the Application on a monthly basis and the COFINA Agent has not expressed

any objection to the filing of such Monthly Fee Statements or to KTB&S seeking the compensation reflected therein.  In addition, Monthly Fee Statements were provided to the Notice Parties as required by the Interim Compensation Order and no objections were received. The COFINA Agent also approved the filing of this Final Fee Application.

19.     The total amount of fees sought by KTB&S in its five interim fee applications was $2,672,209.00, which exceeds the $2,549,727.72 sought herein.  The discrepancy is attributable to negotiated reductions voluntarily taken by KTB&S in response to Fee Examiner objections and concerns.  At each interim period, although KTB&S believed that each interim fee application was fully justified by the facts and applicable law, KTB&S engaged in good-faith negotiations with the Fee Examiner and reached compromises that involved KTB&S voluntarily agreeing to certain reductions in exchange for, and in reliance on, the Fee Examiner foregoing other objections.  KTB&S will abide by those settlements in the course of prosecuting this Final Fee Application (and thus, in the first instance, has only sought approval of final fees net of such prior reductions), and expects the Fee Examiner to do the same.  If, however, the Fee Examiner seeks to re-open previously agreed-upon settlements and attempts to further reduce KTB&S's allowed interim fees for those time periods, KTB&S reserves the right to seek the entirety of the fees and expenses it originally asserted and continues to believe to be allowable under the facts and applicable law for the Final Fee Period (i.e. $2,672,209.00).

## PRIOR INTERIM AWARDS AND REQUESTS

**A.    First Interim Period**

20.    On December 18, 2017, KTB&S filed its *First Interim Application of Klee,
Tuchin, Bogdanoff & Stern LLP, in its Capacity as Special Municipal Bankruptcy Counsel to
Bettina M. Whyte, as the COFINA Agent, for Interim Allowance of Compensation for Services
Rendered and Reimbursement of Expenses Incurred From July 31, 2017 Through September 30,
2017* [Dkt. No. 2099] (the "**First Interim Application**"), by which KTB&S sought allowance of
fees in the amount of $592,705.00 and expenses in the amount of $11,133.88 in respect of
services rendered between July 31, 2017 through September 30, 2017 (the "**First Interim
Period**").

21.    On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Initial Report*
[Dkt. No. 2645] with respect to interim fee applications filed by professionals retained in the
Title III Cases.  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's
fees in the amount of $40,509.85 and expenses in the amount of $935.22.  KTB&S and the Fee
Examiner subsequently agreed to a further reduction of KTB&S's fees in the amount of
$5,506.75.

22.    The First Interim Application was approved by order of this Court on March 7,
2018 [Dkt. No. 2685] allowing fees in the amount of $552,195.15 and expenses in the amount of
$10,198.66.  KTB&S has been paid in full for services rendered and expenses incurred during
the First Interim Period.

**B.    Second Interim Period**

23.    On March 19, 2018, KTB&S filed its *Second Interim Application of Klee, Tuchin,
Bogdanoff & Stern LLP, in its Capacity as Special Municipal Bankruptcy Counsel to Bettina M.*

*Whyte, as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From October 31, 2017 Through January 31, 2018* [Dkt. No. 2728] (the "**Second Interim Application**"), by which KTB&S sought allowance of fees in the amount of $587,025.50 and expenses in the amount of $12,994.18 in respect of services rendered between October 31, 2017 through January 31, 2018 (the "**Second Interim Period**").

24.     On March 1, 2018, the Fee Examiner filed the *Fee Examiner's Second Report on Professional Fees and Expenses* [Dkt. No. 3193] with respect to second interim fee applications filed by professionals retained in the Title III Cases.  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $22,079.50, and further Fee Examiner reductions on the First Interim Period of $5,506.75.

25.     The Second Interim Application was approved by order of this Court on June 8, 2018 [Dkt. No. 3279] allowing fees in the amount of $564,946.00 and expenses in the amount of $12,994.18.  KTB&S has not been paid in full for services rendered during the Second Interim Period.  KTB&S has been paid in full for services rendered and expenses incurred during the Second Interim Period.

## C.     Third Interim Period

26.     On July 16, 2018, KTB&S filed its *Third Interim Application of Klee, Tuchin, Bogdanoff & Stern LLP, in its Capacity as Special Municipal Bankruptcy Counsel to Bettina M. Whyte, as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From February 1, 2018 Through May 31, 2018* [Dkt. No. 3542] (the "**Third Interim Application**"), by which KTB&S sought allowance of fees in the amount of $869,739.50 and expenses in the amount of $27,854.77 in respect of services rendered between February 1, 2018 through May 31, 2018 (the "**Third Interim Period**").

13

27.     On October 31, 2018, the Fee Examiner filed the *Fee Examiner's Third Report on Professional Fees and Expenses* [Dkt. No. 4126] with respect to third interim fee applications filed by professionals retained in the Title III Cases.  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $47,930.65 and expenses in the amount of $1,328.08.  KTB&S has been paid in full for services rendered and expenses incurred during the Third Interim Period.

**D.      Fourth Interim Period**

28.     On November 16, 2018, KTB&S filed its *Fourth Interim Application of Klee, Tuchin, Bogdanoff & Stern LLP, in its Capacity as Special Municipal Bankruptcy Counsel to Bettina M. Whyte, as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred From June 1, 2018 Through September 30, 2018* [Dkt. No. 4265] (the "**Fourth Interim Application**"), by which KTB&S sought allowance of fees in the amount of $343,458.50 and expenses in the amount of $4,535.89 in respect of services rendered between June 1, 2018 through September 30, 2018 (the "**Fourth Interim Period**").

29.     On March 6, 2019, the Fee Examiner filed the *Fee Examiner's Fourth Interim Report on Presumptive Standards Motion and on Professional Fees and Expenses (June 1, 2018- September 30, 2018)* [Dkt. No. 5409] with respect to fourth interim fee applications filed by professionals retained in the Title III Cases.  KTB&S and the Fee Examiner consensually agreed to a reduction of KTB&S's fees in the amount of $6,591.53 and expenses in the amount of $23.42.  KTB&S has been paid in full for services rendered and expenses incurred during the Fourth Interim Period.

E.     **Fifth Interim Period.**

30.     On March 18, 2019, KTB&S filed its *Fifth Interim Application of Klee, Tuchin,*
*Bogdanoff & Stern LLP, in its Capacity as Special Municipal Bankruptcy Counsel to Bettina M.*
*Whyte, as the COFINA Agent, for Interim Allowance of Compensation for Services Rendered*
*and Reimbursement of Expenses Incurred From October 1, 2018 Through February 12, 2019*
[Dkt. No. 5783] (the "**Fifth Interim Application**"), by which KTB&S sought allowance of fees
in the amount of $279,280.50 and expenses in the amount of $379.61 in respect of services
rendered between October 1, 2018 through February 12, 2019 (the "**Fifth Interim Period**").

31.     The hearing on the Fifth Interim Application is set for June 12, 2019.

## KTB&S'S FEES AND EXPENSES FOR THE FINAL FEE PERIOD

32.     KTB&S's services in the Title III Cases have been substantial, necessary and
beneficial to the COFINA Agent.  Throughout the Final Fee Period, the variety and complexity
of the issues involved and the need to address those issues on an expedited basis required
KTB&S, in the discharge of its professional responsibilities, to devote significant time as
discussed herein.

33.     Specifically, and as further reflected in the subject matter narratives below,
KTB&S's requested compensation reflects the requisite time, skill and effort KTB&S expended
during the Final Fee Period towards advancing these cases to a resolution on a dual track of
litigation and mediation.

34.     KTB&S respectfully submits that its efforts on behalf of the COFINA Agent
during the Final Fee Period have been both (i) at the request of the COFINA Agent, and (ii) not
duplicative of work performed by the COFINA Agent's other professionals.

## **MONTHLY FEE STATEMENTS**

35.     The Interim Compensation Order provides, among other things, that professionals are required to serve monthly itemized billing statements (the "**Monthly Fee Statements**") on counsel to the Oversight Board, counsel to AAFAF, the U.S. Trustee, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Retired Employees, and the Fee Examiner (collectively, the "**Notice Parties**").  Upon passage of the objection period, if no objections were received, the Debtors were authorized to pay to the professionals 90% of the fees and 100% of the expenses requested.  In addition to the Interim Compensation Order authorizing payment, the COFINA Agent received further confirmation of the Debtors' obligation to pay pursuant to the *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Dkt. No. 1612] (the "**COFINA Protections Order**").  The COFINA Protections Order directs payment to the COFINA Agent's professionals out of the collateral "purportedly pledged to COFINA bondholders because the services of the COFINA Agent (i) serve as adequate protection for the collateral and/or (ii) are "reasonable" and "necessary" to protect the collateral pursuant to section 506(c) of the Bankruptcy Code, the Agent/Professional Fees shall be paid pursuant to the Interim Compensation Order or any other order of the Court. . . ." COFINA Protections Order ¶ 5.

36.     The COFINA Protections Order also provides that payments to KTB&S (and all payments to the COFINA Agent and her professionals) should come, in the first instance, from funds that ultimately would have been allocated to COFINA bondholders under the Settlement.

37.     In compliance with the Interim Compensation Order, KTB&S has submitted nineteen (19) Monthly Fee Statements relating to the Final Fee Period.

38.     Annexed hereto as <u>Exhibit 1</u> is the Certification of Jonathan M. Weiss pursuant to the Local Rules (the "**Certification**").

39.     Annexed hereto as <u>Exhibit 2</u> is a summary sheet listing each attorney and paralegal who has worked on these cases during the Final Fee Period, his or her hourly billing rate during the Final Fee Period, and the amount of KTB&S's fees attributable to each individual.

40.     KTB&S also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendering of professional services.  A schedule setting forth the categories of expenses and amounts for which reimbursement is requested for the Final Fee Period is annexed hereto as <u>Exhibit 3</u>.

41.     KTB&S maintains written records of the time expended by its attorneys, its paralegal, and its law clerks carrying out professional services to the COFINA Agent.  Such time records are made contemporaneously with the rendition of services by the person rendering such services.  Annexed hereto as <u>Exhibit 4</u> is a list of all of the matters for which services were rendered by KTB&S during the Final Fee Period and the aggregate amount of hours and fees expended for each of those matters.  In addition, in accordance with the UST Guidelines, <u>Exhibit 4</u> also includes the budgeted amount for each matter.

42.     In accordance with the UST Guidelines, KTB&S recorded its services rendered and disbursements incurred in different project matters that reasonably could have been expected to constitute a substantial portion of the fees sought during any given month during the Final Fee Period.

43.     No agreement or understanding exists between KTB&S and any other entity for the sharing of compensation to be received for services rendered in or in connection with these cases.

44.     The fees charged by KTB&S in these Title III cases are billed in accordance with its existing billing rates and procedures.

45.     The rates KTB&S charged in these cases are consistent with the rates charged by KTB&S to its non-bankruptcy clients.  KTB&S's standard hourly rates are similar to the customary compensation charged by comparably-skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national legal market.  Consistent with the UST Guidelines, Exhibit 5 discloses the blended hourly rate for timekeepers who billed to the COFINA Agent during the Final Fee Period.

## SUMMARY OF SERVICES RENDERED

46.     Recitation of each and every item of professional services that KTB&S performed during the Final Fee Period would unduly burden the Court.  Hence, the following summary highlights the major areas to which KTB&S devoted substantial time and attention during the Final Fee Period.

47.     Summaries of the fees and expenses incurred during the Final Fee Period, and the many services rendered by KTB&S to the COFINA Agent, as well as the associated invoices, are included and set forth in detail in the five prior interim applications (collectively, the "**Interim Applications**") filed with the Court, and are incorporated herein by reference.  The narratives in the Interim Applications discuss in detail many of the services rendered by KTB&S and the extraordinary results achieved in these Cases as a result of those services.  See Docket Nos. 2099, 2728, 3542, 4265, and 5783.

48.     The total hours and fees set forth in the headers for each of the following categories reflects hours and fees requested *before* Fee Examiner reductions, and, accordingly, result in a sum that exceeds the fees requested herein on a final basis.  The Fee Examiner reductions were made on an aggregate basis, rather than a category-by-category basis. Therefore, reductions cannot be presented herein on a category-by-category basis. Notwithstanding the foregoing, KTB&S is seeking only the fees set forth in the introductory summary to this Application (i.e., $2,549,727.72).

**A.     Litigation/Adversary Proceedings – Billing Code 0001 (Total Hours: 1,049.60; Total Fees: $1,057,539.50)**

49.     This Subject Matter included substantial services during the Final Fee Period and encompasses assisting the COFINA Agent with the litigation of the Commonwealth-COFINA Dispute.  During the early stages of the First Interim Period, KTB&S was heavily involved in the pre-litigation of that dispute, including (i) substantial legal research and analysis regarding the many bankruptcy and related issues germane to the dispute, (ii) preparation of memoranda and other documents to the COFINA Agent regarding those issues, (iii) targeted analysis of relevant pleadings and legal issues in related contested matters and adversary proceedings in the Title III Cases and otherwise, (iv) preparation and analysis of documents and communications with the COFINA Agent and co-counsel regarding the COFINA Agent's litigation strategy, and (v) negotiation and documentation of a schedule and timeline for the litigation of that dispute— which stipulation was initially filed with the Court on August 29, 2017 (Docket No. 1206).

50.     During the latter part of the First Interim Period, the Commonwealth Agent filed his Complaint to commence *The Official Committee of Unsecured Creditors v. Bettina Whyte*, Adversary Proceeding No. 17-00257 [Adv. Docket No. 1], in which the Commonwealth Agent asserted thirteen causes of action against the COFINA Agent as part of the Commonwealth-

COFINA Dispute.  In response, the COFINA Agent filed her Answers, Defenses, and Counterclaims of the Appointed Agent of the Puerto Rico Sales Tax Financing Corporation, filed on September 15, 2017 (the "**Answer and Counterclaims**") [Adv. Docket No. 27].  KTB&S was heavily involved in legal and factual research, meetings and conferences, and drafting, in preparation of the Answer and Counterclaims, and continued to be intimately involved in litigation research and strategy after the filing of the Answer and Counterclaims.

51.     During the Second Interim Period, this Subject Matter encompassed the litigation of the scope of the Commonwealth-COFINA Dispute as part of the *COFINA Agent's Motion Pursuant to 48 U.S.C. § 2161 and 11 U.S.C. § 105(a) for Order: (I) Confirming that 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1121] (the "**Immunity Motion**").  At the COFINA Agent's request, KTB&S partner Kenneth N. Klee personally attended the hearing on the Immunity Motion, held in New York on October 25, 2017.  KTB&S also billed time in this Subject Matter to reviewing extensive briefing relating to the Immunity Motion and participating in communications with the COFINA Agent and the Willkie firm regarding the Immunity Motion.  Also in this Subject Matter are all matters relating to the scheduling of the litigation of the Commonwealth-COFINA Dispute, which schedule was amended in light of Hurricane Maria.  Toward the end of October 2017, time in this Subject Matter included work regarding the Commonwealth Agent's Amended Complaint [Adv. Docket No. 73] and the drafting of the COFINA Agent's Amended Answer, Defenses, and Counterclaims [Adv. Docket No. 75].

52.     In the beginning of November 2017, KTB&S analyzed multiple answers and counterclaims-in-intervention filed by several parties, including by (without limitation) the

COFINA Senior Bondholders' Coalition, Ambac Assurance Corporation, the Ad Hoc Group of General Obligation Bondholders, National Public Finance Guarantee Corporation, and the Puerto Rico Fiscal Agency and Financial Advisory Authority. KTB&S assessed the claims and defenses asserted in those pleadings and communicated with the COFINA Agent and co-counsel regarding the same.

53.     On November 13, 2017, several motions regarding the scope of the Commonwealth-COFINA Dispute ("**Scope Motions**") were filed. KTB&S spent time analyzing the Scope Motions and working on preparation of a response to those Scope Motions, including performing legal research regarding bankruptcy and appellate issues implicated by those motions. KTB&S also spent time in this category on various issues concerning the schedule for the litigation of the Commonwealth-COFINA Dispute.

54.     During December 2017, KTB&S continued its analysis of the Scope Motions filed by multiple parties in the litigation of the Commonwealth-COFINA Dispute and assisted in the preparation of the COFINA Agent's response to those motions, which was filed on December 4, 2017. KTB&S also analyzed other responses to the Scope Motions and communicated with the COFINA Agent and co-counsel regarding strategy in respect of that dispute. KTB&S also assessed the Court's order on the Scope Motions on December 21, 2017 and analyzed the effect of that order on the litigation of the Commonwealth-COFINA Dispute. In January 2018, the Commonwealth Agent twice moved to re-visit the scope of the Commonwealth-COFINA Dispute after the Court's initial Scope Order was entered on December 21, 2017. KTB&S advised the COFINA Agent regarding her strategy in responding to this matter.

55.     During the Third Interim Period, this Subject Matter encompassed the litigation of the Commonwealth-COFINA Dispute.  Among the most significant tasks in this Subject Matter during the Third Interim Period was the preparation of the COFINA Agent's *Motion for Summary Judgment* [Adv. Docket No. 317] and its supporting documentation.  KTB&S spent substantial time analyzing and revising the *Motion for Summary Judgment*, as well as communicating with the COFINA Agent and co-counsel regarding the *Motion for Summary Judgment*.  KTB&S also analyzed the numerous motions for summary judgment filed by, among others, the Commonwealth Agent, and numerous COFINA-side and Commonwealth-side constituents.  KTB&S attorneys analyzed those motions, and assisted in the preparation of the COFINA Agent's opposition and reply to the numerous filed motions (as well as the analysis of oppositions and replies filed by other parties).  KTB&S spent substantial time analyzing and revising these pleadings, as well as communicating with the COFINA Agent and co-counsel regarding the same.

56.     At the express request of the COFINA Agent, KTB&S partner Kenneth N. Klee attended the summary judgment hearing in New York on April 10, 2018.  Mr. Klee also spent time preparing for that hearing.

57.     In addition, time in this Subject Matter included work relating to the COFINA Agent's *Motion to Certify Questions Under Puerto Rico Law to The Supreme Court of Puerto Rico* [Adv. Docket No. 329] (the "**Certification Motion**"), which Certification Motion was prepared at the request of the COFINA Agent to, among other things, preserve her ability to seek this relief on appeal.  KTB&S's work on this matter included analysis of pleadings relating to

that motion and, at the COFINA Agent's express request, attendance by KTB&S partner
Kenneth N. Klee at that hearing.[7]

58.    Time in this Subject Matter also included significant services analyzing and
responding (both informally and formally) to the *Motion by the American Federation of State,
County and Municipal Employees, AFL-CIO (AFSCME) to Compel Compliance With the August
10, 2017 Stipulation and Order* [Docket No. 3092] (the "**Compliance Motion**").  KTB&S
assisted the COFINA Agent in preparing a written response and an objection to the Compliance
Motion [Docket Nos. 3097 & 3142], communicated with the COFINA Agent and the Willkie
firm regarding the Compliance Motion, and analyzed related pleadings filed by other parties-in-
interest to the Compliance Motion, which motion was ultimately denied by the Court on May 30,
2018.

59.    During the Fourth Interim Period, this Subject Matter included the filing of
pleadings to defer a ruling on the various motions for summary judgment filed by the COFINA
Agent, the Commonwealth Agent, and numerous other stakeholders, in light of the settlement in
principle reached by the Commonwealth Agent and the COFINA Agent.  Time in this Subject
Matter also included partial telephonic attendance by one KTB&S attorney (Jonathan Weiss) at
the Court's June 6, 2018 omnibus hearing.  Litigation-related tasks also included (i) analysis of
the *Commonwealth Agent's Urgent Motion, Pursuant to Bankruptcy Code Section 105(a) and
Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues*

---

[7]  In the Fee Examiner's *Second Report* [Docket No. 3193], he opined that the scope of the COFINA Agent's role
was limited, and included a footnote noting that the Certification Motion had been denied by the Court.  KTB&S
respectfully submits that, although the COFINA Agent should not be required to defend or explain her
confidential litigation strategy, the prosecution of the Certification Motion was proper, was necessary to preserve
the matter for appeal, and, as noted by the Court in the order denying certification [Adv. Docket No. 483], "**the
[Commonwealth-COFINA Stipulation] clearly contemplates the possibility of certification motion
practice**."  Adv. Docket No. 483, at 4 (emphasis added).

*Collected on or After July 1, 2018* [Docket No. 495 in Case No. 17-257 (LTS)] (the "**SUT Procedures Motion**") and responsive pleadings to the SUT Procedures Motion and (ii) analysis of Bank of New York Mellon's motion to intervene in the Commonwealth-COFINA Dispute. KTB&S assisted the COFINA Agent in connection with the foregoing matters.

60.     In addition, work was performed in connection with the filing of other pleadings related to the settlement in principal reached by the Commonwealth Agent and the COFINA Agent (the "**Settlement**"), including (i) the *Commonwealth Agent's Renewed Motion, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019, for Order Establishing Procedures Governing 5.5% SUT Revenues Collected On or After July 1, 2018* [Adv. Docket No. 526] and (ii) the *Joint Urgent Motion of Commonwealth Agent and COFINA Agent Requesting an Extension of the Date Through Which a Decision on the Motions for Summary Judgment Will Be Held in Abeyance* [Adv. Docket No. 537].  Time in this Subject Matter also included analysis of Judge Swain's order terminating the foregoing motions for summary judgment.

61.     During the Fifth Interim Period, time in this Subject Matter consisted of work performed in connection with moving forward the settlement of the Commonwealth-COFINA Dispute in the litigation context, including through the COFINA plan and disclosure statement process, and through the FOMB's motion, under Bankruptcy Rule 9019, for an order approving the settlement, which motion was filed on October 19, 2018 (Docket No. 4067).  Time in this category also related to several scheduling matters relating to the settlement motion, and related to a scheduling motion filed by the Commonwealth Agent regarding a "Motion to Enforce" the Commonwealth-COFINA Stipulation.  KTB&S attorneys analyzed pleadings and strategized with the COFINA Agent regarding the foregoing (among other things).

24

62.     Time in this category also included (i) analysis and revisions to the *Stipulation and Agreed Order Related to Commonwealth of Puerto Rico's Motion Pursuant to Bankruptcy Rule 9019 for Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation and Related Matters* [Docket No. 571], which was an agreed stipulation between the Commonwealth Agent, the COFINA Agent, and the Oversight Board, and related to matters concerning the Commonwealth-COFINA settlement; (ii) analysis of objections to the COFINA disclosure statement, as well as analysis of the Oversight Board's revised COFINA disclosure statement, both with regard to matters relating to the Commonwealth-COFINA settlement; and (iii) analysis of several objections filed to the Commonwealth-COFINA settlement motion, including by, among others, the Retiree Committee, PROSOL-UTIER, and SEIU-UAW.

63.     In December 2018 and January 2019, KTB&S spent time engaged in analysis of pleadings concerning the COFINA Plan (including prior versions), which incorporates the terms of the settlement of the Commonwealth-COFINA Dispute, including preparation of evidence in support of the COFINA Plan, and analysis of objections in connection with the COFINA Plan. KTB&S also spent time analyzing responses of the COFINA Agent to discovery propounded on her in respect of the Commonwealth-COFINA Settlement. KTB&S spent significant time analyzing pleadings and communicating with the COFINA Agent and co-counsel regarding the hearings on January 16-17, 2019 to approve the Commonwealth-COFINA Settlement and confirm the COFINA Plan and, at the express request of the COFINA Agent, attended that hearing telephonically. KTB&S also analyzed municipal bond-related issues in connection with the supplemental briefing ordered by the Court after that hearing.

64.     The COFINA Plan was confirmed on February 5, 2019, and the effective date of the COFINA Plan occurred on February 12, 2019.

**B.     Case Administration – Billing Code 0002 (Total Hours: 85.50; Total Fees: $79,820.50)**

65.     This Subject Matter includes services that do not fall into any of the other categories, but which are nonetheless crucial to KTB&S's ability to effectively render services to the COFINA Agent.  During the Final Fee Period, KTB&S billed time in the Case Administration Subject Matter in respect of, among other things, (i) communications with the COFINA Agent, co-counsel, and other interested parties in the early stages of KTB&S's engagement regarding the engagement and the case background, (ii) work relating to the Immunity Motion and responses thereto, (iii) analysis of pleadings regarding scheduling in general in the cases, including in light of Hurricane Irma and Hurricane Maria, (iv) correspondence with the COFINA Agent and others regarding case administration issues; (v) analysis of informative motions, orders, and other relevant pleadings filed in the Debtors' cases and related adversary proceedings; (vi) analysis of communications and memoranda regarding hearings and other proceedings concerning the Debtors' financial position; (vii) bankruptcy issues concerning financing, analysis of informative motions regarding hearings, analysis of a hearing agenda, analysis of a draft protective order, and other miscellaneous motions and other miscellaneous matters; (viii) analysis of a motion to amend the interim compensation order; and (ix) analysis of notices regarding Rule 2019 disclosures.

**C.     Meetings/Creditor Communications – Billing Code 0003 (Total Hours: 151.50; Total Fees: $181,227.50)**

66.     This Subject Matter includes meetings and other creditor communications. Toward the beginning of the engagement, KTB&S met telephonically with numerous constituencies in these Title III Cases, including several groups of COFINA holders and insurers,

counsel to the Oversight Board, and the Commonwealth Agent.  In addition, KTB&S

participated in an in-person meeting with co-counsel and the COFINA Agent.  After these initial

meetings and conferences, KTB&S continued participating in numerous teleconferences with the

COFINA Agent and the other advisors to the COFINA Agent, including a standing weekly

strategy call.  This Subject Matter also includes an in-person meeting with counsel for the Senior

COFINA Bondholder Coalition, conferences related to that meeting, and other communications

with stakeholders.

67.     Time billed to this Subject Matter during the "settlement" portion of the Final Fee

Period involved numerous meetings and teleconferences that took place shortly after the

settlement in principle of the Commonwealth-COFINA Dispute.  Among other things, at the

request of the COFINA Agent, KTB&S partner Daniel J. Bussel attended in-person meetings

with counsel to AAFAF and the Oversight Board in New York in late June.  In addition, KTB&S

attorneys participated in teleconferences with numerous stakeholders regarding the settlement of

the Commonwealth-COFINA Dispute.  Time in this category also includes discussions with

bondholder groups, with the COFINA Agent and co-counsel regarding communications

strategies with respect to the Settlement, and regarding case updates and strategy generally.

**D.     Mediation/Negotiations – Billing Code 0004 (Total Hours: 724.00; Total Fees: $848,880.00)**

68.     This Subject Matter includes all time spent on issues involving mediation and

negotiation of the Commonwealth-COFINA Dispute.  In particular, KTB&S billed time in this

Subject Matter to the preparation (of certain sections), analysis, and revision of the COFINA

Agent's mediation statement, submitted to the mediation team in August 2017.  Time in this

category also included the analysis of materials and communications with the COFINA Agent

27

and co-counsel regarding mediation strategy, as well as memoranda from the mediation team regarding mediation procedures and scheduling.

69.     At the request of the COFINA Agent, KTB&S attorney Kenneth N. Klee spent three days (September 12-14, 2017) in Washington, D.C. participating in mediation of the Commonwealth-COFINA Dispute, and, also at the request of the COFINA Agent, KTB&S bankruptcy litigation attorney Robert J. Pfister participated for a portion of that mediation session.  KTB&S also spent significant time in this Subject Matter  involved in the preparation for the mediation, including legal research and preparation of written materials as requested by the mediation team.

70.     After the Washington, D.C. mediation, KTB&S continued to work heavily on negotiation-related tasks, including, but not limited to, extensive research and analysis (both legal and factual) concerning the COFINA Agent's decisions and positions in further negotiating and mediating the Commonwealth-COFINA Dispute.  KTB&S, at the request of the COFINA Agent, spent substantial time analyzing a multitude of legal questions in preparation for mediation—a task that culminated in a telephonic meeting with the COFINA Agent.  Thereafter, KTB&S billed time in this Subject Matter to communications (with numerous parties, including the COFINA Agent, the Willkie firm, the mediators, and outside stakeholders) and analysis of memoranda regarding the schedule for mediating the Commonwealth-COFINA Dispute.

71.     During November 2017, KTB&S assisted the COFINA Agent, through numerous telephonic conferences and analysis of documents, in preparation for a negotiation meeting with the Commonwealth Agent.  At the express request of the COFINA Agent, KTB&S partner Kenneth N. Klee personally attended that meeting, held in New York on November 29, 2017.

72.     Toward the end of the Second Interim Period, KTB&S prepared, at the COFINA

Agent's request, a revised presentation regarding risk assessment in preparation for mediation.

In addition, KTB&S analyzed and revised the COFINA Agent's initial mediation memorandum

as requested by the mediators.  Finally, KTB&S conferred with the COFINA Agent and the

COFINA Agent's other counsel regarding mediation strategy, including an expansion of the

COFINA Agent's mediation scope and immunity.

73.     Time in this category during the Third Interim Period was also substantial.  In

particular, KTB&S billed time in this Subject Matter to communications (with numerous parties,

including the COFINA Agent, the COFINA Agent's other advisors, and the mediators) and

analysis of correspondence and settlement proposals regarding the mediation of the

Commonwealth-COFINA Dispute.  KTB&S also analyzed and revised pleadings regarding the

COFINA Agent's motion for expansion of the COFINA Agent's mediation scope, which motion

was granted.  KTB&S also spent significant time analyzing and revising mediation briefs for the

mediators.  KTB&S spent substantial time preparing for several mediation sessions, including

strategy discussions with the COFINA Agent and co-counsel and revision and analysis to

mediation risk documents.

74.     During the Third Interim Period, at the express request of the COFINA Agent,

(i) KTB&S partner Kenneth N. Klee prepared for, and participated in, mediation of the

Commonwealth-COFINA Dispute from March 8, 2018 through March 11, 2018; (ii) KTB&S

partner Daniel J. Bussel prepared for, and participated in, mediation of the Commonwealth-

COFINA Dispute on April 2, 2018 through April 5, 2018; and (iii) KTB&S partner Kenneth N.

Klee prepared for, and participated in, mediation of the Commonwealth-COFINA Dispute on

April 25, 2018 and April 26, 2018.

75.     Toward the end of the Third Interim Period, KTB&S billed substantial time in this Subject Matter to communications with numerous parties, including the COFINA Agent, the COFINA Agent's other advisors, numerous constituents and stakeholders in the Commonwealth-COFINA Dispute, the Commonwealth Agent and his counsel, and the mediators regarding proposals to settle the Commonwealth-COFINA Dispute.  KTB&S's time involved analysis of numerous settlement proposals, models, and analyses (which sometimes consisted of several different proposals, models, or analyses per day) in connection with the mediation and settlement of the Commonwealth-COFINA Dispute.  KTB&S also assisted the COFINA Agent in preparing and revising the COFINA Agent's settlement proposals.

76.     Time in this category during the Fourth Interim Period was also substantial, owing to the Settlement in principle reached between the Commonwealth Agent and the COFINA Agent.  KTB&S billed time in this Subject Matter to communications with numerous parties, including the COFINA Agent, the COFINA Agent's other advisors, numerous constituents and stakeholders in the Commonwealth-COFINA Dispute, the Commonwealth Agent and his counsel, and the mediators regarding the Settlement.  Also, at the express request of the COFINA Agent and owing to KTB&S's significant experience and expertise in municipal bankruptcy matters, KTB&S undertook a significant role in the documentation and its mechanics of the Settlement, and, as such, spent significant time analyzing and revising drafts (including revisions from the Commonwealth Agent and COFINA holders) to the settlement agreement, as well as associated findings, negotiating open issues with the Commonwealth Agent, and analyzing related documentation bearing on the Settlement.

77.     KTB&S's time in this category also involved research and analysis regarding municipal bond structuring issues in connection with the proposed Settlement, as well as

30

research regarding PROMESA and bankruptcy-related settlement matters.  KTB&S also communicated extensively with the COFINA Agent, co-counsel, and other stakeholders regarding particular aspects of the proposed Settlement.

78.    Finally, during the Fifth Interim Period, KTB&S continued its work in connection with moving forward the settlement of the Commonwealth-COFINA Dispute in the mediation and negotiation context.  In particular, KTB&S reviewed and revised drafts of the Commonwealth-COFINA Settlement Agreement, and also reviewed comments by other constituencies, including the FOMB and certain COFINA bondholders.

**E.    Fee Applications (KTB&S) – Billing Code 0005 (Total Hours: 218.90; Total Fees: $144,394.00)**

79.    This Subject Matter includes all matters related to the retention and compensation of the COFINA Agent's professionals.  Specifically, time billed to this Subject Matter during the Final Fee Period includes communications with co-counsel and analysis of the Court's procedures regarding retention and compensation of professionals in these Title III Cases, as well as some work regarding the Immunity Motion.  This Subject Matter also includes preparation and service of KTB&S's Monthly Fee Statements, covering each month beginning with the period from July 31, 2017 through August 31, 2017 and concluding with the period from February 1, 2019 through February 12, 2019.  Time in this Subject Matter also included communications with co-counsel and the COFINA Agent regarding the procedures applicable to the allowance and payment of fees and expenses.

80.    Time in this Subject Matter was also incurred on tasks not relating to preparation of fee applications. Such time include preparation of numerous notices of no objection (and of non-payment) regarding KTB&S's fees in accordance with the Interim Compensation Order and the Court's *Order Approving COFINA Agent's Motion Pursuant to 48 U.S.C. § 48 U.S.C. § 2161*

*and 11 U.S.C. § 105(a) for Order (I) Confirming That 48 U.S.C. § 2125 Applies to COFINA Agent; (II) Confirming Retention of Local Counsel; and (III) Clarifying Payment of Fees and Expenses of COFINA Agent and Her Professionals* [Docket No. 1612], communications with the Commonwealth and AAFAF regarding compliance with the COFINA Protections Order, and analyzing and corresponding with co-counsel regarding the *Urgent Motion of the Fee Examiner to Amend the Interim Compensation Order, Etc.* [Docket No. 1594].

81.     Finally, time in this category not relating to preparation of fee applications included analysis and correspondence regarding the fee examiner's memoranda received at various junctures in the case regarding fee application review processes, and numerous iterations of amended compensation orders and motions to establish presumptive standards regarding fees.

**F.     Fee Objections  – Billing Code 0006 (Total Hours: 14.10; Total Fees: $12,463.00)**

82.     Time billed to this Subject Matter was not substantial and included fees incurred in connection with objections to the COFINA Agent's decision to retain a financial advisor.  This Subject Matter includes time spent by KTB&S preparing responses to the Fee Examiner, and follow-up communications between KTB&S and the Fee Examiner regarding such responses.

**G.     Budget – Billing Code 0007 (Total Hours: 29.90; Total Fees: $24,243.50)**

83.     Time billed to this Subject Matter during the Final Fee Period was not substantial and included fees incurred in connection with monthly preparation of fee categories and an initial budget and staffing plan in connection with the engagement, as well as communication with counsel to AAFAF regarding AAFAF's request to the COFINA Agent to provide additional budgets.

**H.     Discovery/Fact Analysis – Billing Code 0008 (Total Hours: 241.90; Total Fees: $211,359.50)**

84.     This Subject Matter includes analysis and development of facts relevant to the COFINA Agent's pursuit of both litigation and mediation, including the structure, history and background of COFINA, and the Fiscal Plan.

85.     KTB&S spent time in this Subject Matter working on the preparation and revision of discovery requests, related meet-and-confer communications with respect to those requests, preparing and serving numerous subpoenas on third parties for the production of documents, and other related correspondence.  Discovery tasks were divided between KTB&S and the COFINA Agent's other counsel at the request of the COFINA Agent's other counsel and with the approval of the COFINA Agent.  KTB&S also spent time in this Subject Matter communicating with co-counsel regarding strategic decisions concerning discovery.  Notably, in light of the Willkie Farr firm's conflict on this matter, KTB&S, at the request of the COFINA Agent, took primary responsibility for noticing and negotiating multiple subpoenas on the COFINA Agent's behalf, including subpoenas to underwriters, banks, and law firms.  KTB&S also prepared written correspondence to certain of those recipients.

86.     Time in this Subject Matter also involved discussions with AAFAF regarding discovery propounded by the Commonwealth Agent and the COFINA Agent on AAFAF, as well as analysis and other correspondence regarding issues relevant to Puerto Rico sales taxes, the formulation of a new Fiscal Plan, the dedicated sales tax fund, and Puerto Rico's debt.  KTB&S also spent time in this category preparing and serving discovery requests on certain intervenors in the Commonwealth—COFINA Dispute.

87.     During the latter portion of the Second Interim Period, the Commonwealth Agent noticed multiple depositions to take place in the two-week period preceding the (subsequently-extended) close of fact discovery, January 26, 2018.  KTB&S analyzed those deposition notices

and conferred with the COFINA Agent and the COFINA Agent's other counsel regarding those depositions.  In particular, in light of the Willkie Farr firm's conflict on the matter, the COFINA Agent expressly requested KTB&S to take primary responsibility for the depositions of the three auditor depositions noticed by the Commonwealth; namely, Deloitte, KPMG, and RSM.  To that end, in preparation for such depositions, KTB&S spent substantial time analyzing the unique issues relating to municipal finance accounting and reviewing the voluminous document production by the foregoing auditors.  KTB&S also analyzed numerous written discovery requests and responses, including, but not limited to, objections and responses to discovery by the COFINA Agent and by certain COFINA and General Obligation bondholders.

88.     At the express request of the COFINA Agent, KTB&S participated, in-person, in the deposition of Michael Malloy, the Commonwealth Agent's municipal finance accounting expert.  In addition, time in this Subject Matter included telephonic attendance at the deposition of Robert Attmore, the COFINA Agent's expert regarding municipal bond accounting.  Time in this Subject Matter also included, among other things, analysis of an errata regarding the Commonwealth Agent's municipal bond accounting expert, Mr. Michael Malloy, as well as correspondence with UBS (a third-party subpoena recipient) regarding production of documents bearing on the Commonwealth-COFINA Dispute.

## I.     Non-Working Travel – Billing Code 0009 (Total Hours: 84.20; Total Fees: $108,600.00)

89.     This Subject Matter includes all non-working travel time, only 50% of which is billed in accordance with the Local Rules and the Guidelines.  During the First Interim Period, (i) KTB&S attorney Kenneth N. Klee incurred non-working travel time while traveling to and from Salt Lake City, Utah for meetings, and (ii) KTB&S attorneys Kenneth N. Klee and Robert

J. Pfister incurred non-working travel time while traveling to and from Washington, D.C. for mediation.

90.      During the Second Interim Period, at the request of the COFINA Agent, KTB&S partner Kenneth N. Klee incurred non-working travel time while traveling to and from New York City for mediation talks and the hearing on the Immunity Motion (in October) and for a meeting between the COFINA Agent and the Commonwealth Agent (in November).  In addition, during January 2018, at the request of the COFINA Agent, KTB&S partner Jonathan M. Weiss incurred non-working travel time while traveling to New York City for scheduled COFINA and Commonwealth 30(b)(6) depositions.

91.      During the Third Interim Period, at the express request of the COFINA Agent, KTB&S partner Jonathan M. Weiss incurred non-working travel time while traveling to and from New York City for the deposition of Michael Malloy, the Commonwealth Agent's municipal finance accounting expert.  In addition, at the express request of the COFINA Agent, KTB&S partner Kenneth N. Klee incurred non-working travel time while traveling to and from New York City for the summary judgment hearing, the hearing on the COFINA Agent's Certification motion, and mediation of the Commonwealth-COFINA Dispute (twice).   Also during the Third Interim Period, at the express request of the COFINA Agent, KTB&S partner Daniel J. Bussel incurred non-working travel time while traveling to and from New York City for mediation of the Commonwealth-COFINA Dispute.

92.      During the Fourth Interim Period, at the express request of the COFINA Agent, KTB&S partner Daniel J. Bussel incurred non-working travel time while traveling to and from New York City for settlement meetings with counsel to AAFAF and the Oversight Board.

93.     In all instances, KTB&S attorneys traveled only at the express request of the

COFINA Agent.

**J.      Fee Applications (Others) – Billing Code 0010 (Total Hours: 8.70; Total Fees: $3,681.50)**

94.     Time billed to this Subject Matter during the Final Fee Period was not substantial

and included communications with the COFINA Agent and local counsel to the COFINA Agent

regarding monthly fee statements.

## EVALUATING KTB&S'S SERVICES

95.     Section 317 of PROMESA authorizes interim compensation of professionals and

incorporates the substantive standards of section 316 of PROMESA to govern the Court's award

of interim compensation.  Section 316 of PROMESA provides that a court may award a

professional employed by the debtor "reasonable compensation for actual, necessary services

rendered," and "reimbursement for actual, necessary expenses." 48 U.S.C. § 2176(a)(1) and (2).

Section 316(c) sets forth the criteria for such an award:

> In determining the amount of reasonable compensation to be
> awarded to a professional person, the court shall consider the
> nature, the extent, and the value of such services, taking into
> account all relevant factors including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered to the
> completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and
> experience in the restructuring field; and

36

> (6) whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title or title 11
> of the United States Code.

48 U.S.C. § 2176(c).

96.     KTB&S respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the COFINA Agent.  KTB&S further submits that the services rendered to the COFINA Agent were performed efficiently and effectively.  Finally, KTB&S submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the COFINA Agent and those parties impacted by her actions and that the compensation requested is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

97.     Courts typically employ the "lodestar" approach to calculate awards of attorneys' fees.  See New York State Ass'n for Retarded Children, Inc. v. Casey, 711 F.2d 1136, 1140 (2d Cir. 1983); In re West End Fin. Advisors, LLC, No. 11-11152, 2012 Bankr. LEXIS 3045, at *11 (Bankr. S.D.N.Y. July 2, 2012); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991) ("In determining the reasonableness of the requested compensation under § 330, Bankruptcy Courts now utilize the lodestar method").  "The lodestar amount is calculated by multiplying the number of hours reasonably expended by the hourly rate, with the 'strong presumption' that the lodestar product is reasonable under § 330."  Drexel, 133 B.R. at 22 (citations omitted).

98.     In determining the reasonableness of the services for which compensation is sought, the court should note that:

> the appropriate perspective for determining the necessity of the
> activity should be prospective: hours for an activity or project

37

> should be disallowed only where a Court is convinced it is
> readily apparent that no reasonable attorney should have
> undertaken that activity or project or where the time devoted
> was excessive.

Id. at 23; see also In re Cenargo Int'l PLC, 294 B.R. 571, 595-96 (Bankr. S.D.N.Y. 2003) ("The

Court's benefit of '20/20 hindsight' should not penalize professionals.").

99.     Moreover, courts should be mindful that professionals "must make practical

judgments, often with severe time constraints, on matters of staffing, assignments, coverage of

hearings and meetings, and a wide variety of similar matters." Drexel, 133 B.R. at 23.  These

judgments are presumed to be made in good faith.  Id.

## KTB&S'S REQUEST FOR COMPENSATION

100.     KTB&S submits that its request allowance of compensation is reasonable.  The

services rendered by KTB&S, as highlighted above, required substantial time and effort,

resulting in substantial progress and success in these cases.  The services rendered by KTB&S

during the Final Fee Period were performed diligently and efficiently.  When possible, KTB&S

delegated tasks to lower cost attorneys or, to attorneys with specialized expertise in the particular

task at issue.  Although that approach may have required intra-office conferences, the net result

was enhanced cost efficiency.

101.     During the Final Fee Period, KTB&S encountered a variety of challenging legal

issues, often requiring research and the ability to effectively negotiate with both the COFINA

Agent's constituents and adversaries.  KTB&S brought to bear legal expertise in many areas,

including bankruptcy law, and, in particular, municipal bankruptcy law.  In addition, KTB&S's

experience in the municipal bankruptcy arena was uniquely beneficial to the COFINA Agent in

negotiating and documenting a settlement of the Commonwealth-COFINA Dispute.  KTB&S

attorneys have rendered advice with skill and efficiency.

102.     The professional services performed by KTB&S on behalf of the COFINA Agent during the Final Fee Period required an aggregate expenditure of 2,608.30 hours by KTB&S's professionals, including 2,365.20 hours expended by attorneys.

103.     KTB&S's hourly billing rates for attorneys working on these cases ranged from $650.00 to $1,550.00.  For the Final Fee Period, allowance of compensation in the amount requested will result in a blended hourly billing rate for attorneys of $1,097.57 and a total blended hourly billing rate of approximately $1,024.50.

104.     KTB&S's hourly rates and fees charged are consistent with the market rate for comparable services.  As set forth in the Certification, the hourly rates and fees charged by KTB&S are the same as those generally charged to, and paid by, KTB&S's other clients. Indeed, unlike fees paid by most KTB&S clients, due to the "holdback" of fees from prior Monthly Fee Statements, the 29% withholding imposed by Treasury, and the delays inherent in the fee review process, the present value of the fees paid to KTB&S by the Debtors is less than fees paid monthly by other KTB&S clients.

105.     In accordance with the UST Guidelines, KTB&S prepared monthly budgets and staffing plans covering the Final Fee Period, copies of which are annexed hereto as part of Exhibit 6.  In compliance with section 6(c) of the UST Guidelines, Exhibit 4 of the Application provides a summary of the hours and gross compensation billed by KTB&S during the Final Fee Period compared to the aggregate hours and compensation budgeted for each task code.  The budgets were provided to and approved by the COFINA Agent.

106.     The estimated amount of fees KTB&S expected to incur during the Final Fee Period was approximately $3,569,400.00.  KTB&S's fees incurred during the Final Fee Period

were $1,019,672.28 less than budgeted by KTB&S from the actual fees incurred by KTB&S during the Final Fee Period.

107.    KTB&S provided necessary and beneficial services to the COFINA Agent during the course of the Final Fee Period and took all required actions as and when the need arose. KTB&S communicated and worked closely with the COFINA Agent and similarly situated constituents throughout the Final Fee Period related to the complex issues that arose.

108.    KTB&S respectfully submits that it has successfully endeavored to avoid duplication of effort between KTB&S and the COFINA Agent's other counsel.  In general, KTB&S undertook tasks with the consent and direction of the COFINA Agent, and with the knowledge of the Willkie firm.  Merely by way of example, among other things, (i) the research conducted by KTB&S and related memoranda prepared by KTB&S concerned different subject matter than the research conducted by, and memoranda prepared by, the COFINA Agent's other counsel; (ii) although KTB&S revised and edited pleadings and mediation memoranda prepared by the COFINA Agent's other counsel, the firms ensured that in no event were both firms duplicating work by initially drafting different versions of any document; rather, as a general rule, the Willkie firm initially drafted pleadings and documents, and KTB&S reviewed and edited those pleadings and documents; (iii) the discovery conducted by KTB&S was in respect of different recipients than that conducted by the COFINA Agent's other counsel—KTB&S and the COFINA Agent's other counsel divided the discovery tasks at the COFINA Agent's other counsel's request and with the approval of the COFINA Agent; (iv) work undertaken in connection with depositions noticed by the Commonwealth Agent of certain auditors (Deloitte, KPMG, and RSM) was performed by KTB&S (at the express request of the COFINA Agent) in light of the Willkie Farr firm's conflict on that matter.

40

109.     There were, of course, certain tasks necessarily requiring time by both KTB&S and Willkie Farr.  For example, the COFINA Agent specifically requested that KTB&S partner Kenneth Klee attend certain Court hearings, despite the Willkie firm's presence at those hearings; however, KTB&S submits that its presence at those hearings was as a substantive participant (not as an observer), that it staffed those matters exceedingly leanly, by sending only one attorney to any hearing, and that KTB&S's experience and expertise in the municipal bankruptcy space provided the COFINA Agent with unique and beneficial counsel that was not duplicative of the Willkie firm's counsel.  In addition, the COFINA Agent expressly requested that either KTB&S partner Kenneth Klee or KTB&S partners Daniel J. Bussel attend mediation sessions, despite the Willkie firm's presence at those sessions; however, KTB&S submits that its presence at those sessions was as a substantive participant (not as an observer), that it staffed those mediations exceedingly leanly, by sending only one attorney to any session, and that KTB&S's experience and expertise in the municipal bankruptcy space provided the COFINA Agent with unique and beneficial counsel that was not duplicative of the Willkie firm's counsel.  Similarly, KTB&S, as well as Willkie, participated in weekly calls with the COFINA Agent, and in teleconferences with other participants.  This participation was at the request of the COFINA Agent, was substantive (not as an observer) and, in light of KTB&S's expertise in municipal bankruptcy and finance matters, was not duplicative of the participation of any other firm.

110.     The court-approved Commonwealth-COFINA Stipulation pursuant to which KTBS was employed was the product of an extended negotiation process among numerous parties with widely varying interests on both the COFINA and the Commonwealth side to establish a complex mechanism for finally resolving the Commonwealth-COFINA Dispute which had theretofore defied resolution and blocked further progress in the overall resolution of

41

Puerto Rico's financial crisis.  It provided that the COFINA side of the Dispute would be represented by a specified team of professionals including Bettina Whyte, Willkie Farr & Gallagher and KTB&S.  The team was created as a heavily-negotiated compromise to ensure broad support among various COFINA constituencies for any resolution that might emerge from the dual track process envisioned for the resolution of the Commonwealth-COFINA Dispute.  This was critical because the COFINA parties consisted of holders with capital appreciation bonds, current interest bearing bonds, senior securities, subordinated securities, taxable and non-taxable securities, and on-Island and off-island holders, mutual funds, hedge funds and individuals, insured and uninsured bonds, all with different economic interests and represented by different professionals.  The Commonwealth-COFINA Stipulation contemplated (as actually occurred) that implementation of any resolution of the Commonwealth-COFINA Dispute would occur through a COFINA Plan of Arrangement that would require broad support among all these varying interest to be feasible and confirmable.  Accordingly it was crucial to the process's credibility that KTBS as well as the rest of the specified team be fully engaged and directly involved in the critical litigation and mediation phases of the process.  Under Ms. Whyte's direction, KTB&S and Willkie carefully coordinated their roles and involvement at each juncture to minimize expense without compromising the credibility of the process and the expectation of the COFINA parties that the designated team of Whyte, WFG and KTBS would be responsible collectively for any results obtained from the process.

111.    KTB&S further respectfully submits that the COFINA Agent was provided with KTB&S's monthly invoices for her review and has expressed no objection to those invoices.

## **DISBURSEMENTS**

112.    KTB&S incurred actual and necessary out-of-pocket expenses during the Final

Fee Period in the amount of $54,611.61 as set forth in Exhibit 3.  By this Application, KTB&S

respectfully requests allowance of such reimbursement in full.

113.    The disbursements for which KTB&S seeks reimbursement include the following:

(a)    Copying – KTB&S charges $0.10 per page;

(b)    Delivery Services/Messengers – KTB&S's practice is to charge
overnight delivery and courier services at actual cost.  During the
Final Fee Period, delivery charges include, but are not be limited
to, monthly delivery services for KTB&S's fee applications, as
required by the Interim Compensation Order;

(c)    Online Research – KTB&S's practice is to bill clients for PACER,
LEXIS and Westlaw research at actual cost, which does not
include amortization for maintenance and equipment.

(d)    Parking – KTB&S's practice is to charge for airport parking fees at
actual cost;

(e)    Telephone – KTB&S does not charge for long distance telephone
calls, but does bill for the use of teleconferencing services;

(f)    Travel – KTB&S's practice is to charge lodging, airfare, and
transportation at actual cost to the client.  Events requiring travel
that have led to travel expenses for the Final Fee Period include
travel for scheduled meetings and Court hearings, as more fully
described in the "Non-Working Travel" section herein;

(g)    Travel Meals – KTB&S's practice is to charge for out-of-area
meals.

## **PROCEDURE**

114.    In accordance with the Interim Compensation Order, KTB&S has provided:

(a) notice and copies of the Application to the Notice Parties and (b) notice of this Application to

all parties that have requested notice pursuant to Bankruptcy Rule 2002.[8]  KTB&S submits that

no other or further notice is required.

115.    No previous application for the relief sought herein has been made to this or any

other court.

**CONCLUSION**

**WHEREFORE**, KTB&S respectfully requests entry of an order of this Court:

(i) allowing compensation to KTB&S, on a final basis, for services rendered and expenses

incurred during the Final Fee Period, in the total amount of $2,604,339.33, comprised of fees for

services rendered of $2,549,727.72 and expenses incurred of $54,611.61; (ii) allowing

compensation to KTB&S up to the amount of $20,000 for services rendered and expenses

incurred on and after March 1, 2019 in respect of prosecuting fee applications; and

(iii) authorizing and directing the payment of all fees and expenses incurred by KTB&S that

remain unpaid, including any Holdbacks, which total $88,142.40;[9] and (iv)  granting KTB&S

any other relief that this Court deems necessary and appropriate.

Dated: June 12, 2019
          Los Angeles, California

Respectfully submitted,                              Respectfully submitted,

By:  */s/ Nilda M. Navarro-Cabrer*          By:  /s/ _____
      Nilda M. Navarro-Cabrer                        Kenneth N. Klee (*pro hac vice*)
      (USDC – PR No. 201212)                        Daniel J. Bussel (*pro hac vice*)
      **NAVARRO-CABRER LAW**                    Jonathan M. Weiss (*pro hac vice*)
      **OFFICES**                                            **KLEE, TUCHIN, BOGDANOFF & STERN LLP**
      El Centro I, Suite 206                            1999 Avenue of the Stars, 39th Floor
      500 Muñoz Rivera Avenue                      Los Angeles, California 90067

---

[8]     Copies of the Application, including exhibits, are available on the Debtors' claims and noticing agents' website:
        https://cases.primeclerk.com/puertorico.

[9]     This amount is comprised of 10% of KTB&S's fees that have been held back for the period October 1, 2018
        through December 31, 2018, $49,234.80 in fees for January 2019, $6,387.35 in fees for February 1-12, 2019,
        and $20,000 as an estimate of actual, reasonable and necessary compensation to be incurred for the prosecution
        of fee applications on and after March 1, 2019.

San Juan, Puerto Rico 00918
Telephone:  (787) 764-9595
Facsimile:  (787) 765-7575
Email:  navarro@navarrolawpr.com

*Local Counsel to the COFINA Agent*

Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090
Email:  kklee@ktbslaw.com
             dbussel@ktbslaw.com
             jweiss@ktbslaw.com

*Special Municipal Bankruptcy Counsel to the
COFINA Agent*

Dated:  June 12, 2019
             New York, New York

Respectfully submitted,

By:  _/s/ Joseph G. Minias_____
        Matthew A. Feldman (*pro hac vice*)
        Joseph G. Minias (*pro hac vice*)
        Antonio Yanez, Jr. (*pro hac vice*)
        Martin L. Seidel (*pro hac vice*)
        **WILLKIE FARR & GALLAGHER LLP**
        787 Seventh Avenue
        New York, New York 10019
        Telephone:  (212) 728-8000
        Facsimile:  (212) 728-8111
        Email:  mfeldman@willkie.com
                    jminias@willkie.com
                    ayanez@willkie.com
                    mseidel@willkie.com

*Counsel to the COFINA Agent*

# **EXHIBIT 1**

## **CERTIFICATION OF JONATHAN M. WEISS**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.,*
Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283 (LTS)

(Jointly Administered)

## CERTIFICATION OF JONATHAN M. WEISS PURSUANT TO
## LOCAL BANKRUPTCY RULE 2016-1(a)(4) REGARDING CERTIFICATION OF
## APPLICATIONS FOR COMPENSATION IN PUERTO RICO BANKRUPTCY CASES

I, Jonathan M. Weiss, Esq., certify as follows:

1.      I am a partner of the firm of Klee, Tuchin, Bogdanoff & Stern LLP ("**KTB&S**").

KTB&S is special municipal bankruptcy counsel to Bettina M. Whyte, the COFINA Agent (the

"**COFINA Agent**") in the above-captioned cases.

2.      I submit this certification in conjunction with KTB&S's final application (the

"**Application**")[2] for allowance of fees and reimbursement of expenses, on a final basis, for the

period July 31, 2017 through February 12, 2019 (the "**Final Fee Period**")[3] in accordance with

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four
(4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto
Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico
Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of
Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case
No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the
Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last
Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy
Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Application.

[3]    The Final Fee Period includes limited services after February 12, 2019, only in respect of fee applications.

1

Rule 2016-1(a)(4) of the Local Bankruptcy Rules for the District of Puerto Rico, the Bankruptcy

Rules, the Bankruptcy Code, the *Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11*

*Cases* (the "**UST Guidelines**") and the Interim Compensation Order (collectively, the

"**Guidelines**").

3.      I am the professional designated by KTB&S with the responsibility for KTB&S's

compliance in these cases with the Guidelines.  This certification is made in connection with the

Application for allowance of compensation for professional services and reimbursement of

expenses for the Final Fee Period in accordance with the Guidelines.

4.      Pursuant to Local Rule 2016-1(a)(4) of the Local Rules:  (a) I have read

KTB&S's Application; (b) to the best of my knowledge, information, and belief, formed after

reasonable inquiry (except as stated herein or in the Application), the fees and disbursements

sought in the Application conform to the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, the Guidelines and the Local Rules; (c) the fees and disbursements sought in this

Application are billed at or below the rates and in accordance with practices customarily

employed by KTB&S and generally accepted by its clients; and (d) the compensation and

reimbursement of expenses sought in this Application are billed at rates no less favorable to the

COFINA Agent than those customarily employed by KTB&S.

5.      The COFINA Agent has been provided copies of KTB&S's monthly invoices that

form the basis for the Application and the COFINA Agent has authorized the filing of such

Monthly Fee Statements.  In addition, Monthly Fee Statements were provided to the Notice

Parties as required by the Interim Compensation Order and no objections were received.

6.     A copy of the daily time records for each of the Monthly Fee Statements, broken down by matter and listing the name of the attorney, paralegal, and law clerk, the date on which the services were performed, and the amount of time spent in performing the services has previously been provided to the Notice Parties. The time records set forth in reasonable detail the services rendered by KTB&S in these cases.

7.     Included in Exhibit 4 of the Application is a list of the different matter headings under which time was recorded during the Final Fee Period. The list includes all discrete matters within these cases during the Final Fee Period that reasonably could have been expected to constitute a substantial portion of the fees sought during any given Final Fee Period.

8.     No agreement or understanding exists between KTB&S and any person for a division of compensation or reimbursement received or to be received herein or in connection with these cases.

9.     KTB&S has sought to keep its fees and expenses at a reasonable level and to utilize professional services and incur expenses only as necessary to competently represent the COFINA Agent. In addition, KTB&S only traveled in these cases at the express direction of the COFINA Agent.

10.    KTB&S respectfully submits that it has successfully endeavored to avoid duplication of effort between KTB&S and the COFINA Agent's other counsel. In general, KTB&S undertook tasks with the consent and direction of the COFINA Agent, and with the knowledge of the Willkie firm. Merely by way of example, among other things, (i) the research conducted by KTB&S and related memoranda prepared by KTB&S concerned different subject matter than the research conducted by, and memoranda prepared by, the COFINA Agent's other counsel; (ii) although KTB&S revised and edited pleadings and mediation memoranda prepared

3

by the COFINA Agent's other counsel, the firms ensured that in no event were both firms duplicating work by initially drafting different versions of any document; rather, as a general rule, the Willkie firm initially drafted pleadings and documents, and KTB&S reviewed and edited those pleadings and documents; (iii) the discovery conducted by KTB&S was in respect of different recipients than that conducted by the COFINA Agent's other counsel—KTB&S and the COFINA Agent's other counsel divided the discovery tasks at the COFINA Agent's other counsel's request and with the approval of the COFINA Agent; (iv) work undertaken in connection with depositions noticed by the Commonwealth Agent of certain auditors (Deloitte, KPMG, and RSM) was performed by KTB&S (at the express request of the COFINA Agent) in light of the Willkie Farr firm's conflict on that matter.

11.     There were, of course, certain tasks necessarily requiring time by both KTB&S and Willkie Farr.  For example, the COFINA Agent specifically requested that KTB&S partner Kenneth Klee attend certain Court hearings, despite the Willkie firm's presence at those hearings; however, KTB&S submits that its presence at those hearings was as a substantive participant (not as an observer), that it staffed those matters exceedingly leanly, by sending only one attorney to any hearing, and that KTB&S's experience and expertise in the municipal bankruptcy space provided the COFINA Agent with unique and beneficial counsel that was not duplicative of the Willkie firm's counsel.  In addition, the COFINA Agent expressly requested that either KTB&S partner Kenneth Klee or KTB&S partners Daniel J. Bussel attend mediation sessions, despite the Willkie firm's presence at those sessions; however, KTB&S submits that its presence at those sessions was as a substantive participant (not as an observer), that it staffed those mediations exceedingly leanly, by sending only one attorney to any session, and that KTB&S's experience and expertise in the municipal bankruptcy space provided the COFINA

4

Agent with unique and beneficial counsel that was not duplicative of the Willkie firm's counsel. Similarly, KTB&S, as well as Willkie, participated in weekly calls with the COFINA Agent, and in teleconferences with other participants.  This participation was at the request of the COFINA Agent, was substantive (not as an observer) and, in light of KTB&S's expertise in municipal bankruptcy and finance matters, was not duplicative of the participation of any other firm.

12.     During the Final Fee Period, no services were performed in Puerto Rico.

13.     During the Final Fee Period, all services rendered by KTB&S were performed on behalf of the COFINA Agent.

14.     I hereby certify that no public servant of the Department of Treasury and no employee of COFINA is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice.  The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the COFINA Agent. The amount of this invoice is reasonable.  The services were rendered and the corresponding payment has not been made.  To the best of my knowledge, KTB&S does not have any debts owed to the Government of Puerto Rico or its instrumentalities.

15.     The following is provided in response to the request for additional information set forth in Section C.5 of the UST Guidelines.

> **Question:**  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Final Fee Period?
>
> **Response:**  No, KTB&S did not vary its standard or customary billing rates, fees or terms for services pertaining to this engagement.
>
> **Question:**  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response:**  KTB&S did not exceed its budget during the Final Fee Period.

**Question:**  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response:**  No, KTB&S did not vary its hourly rates based on the geographic location of the bankruptcy cases.

**Question:**  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billed records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

**Response:**  No time has been independently billed to preparing, reviewing, or revising invoices.

**Question:**  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Response:**  No.

**Question:**  Does this fee application include rate increases since retention?

**Response:**  The Application includes step increases in rates since retention. The client was notified at the outset of the engagement that, like most of its peer law firms, KTB&S adjusts its hourly rates periodically, typically on January 1 of each year, in the form of step increases in the ordinary course on the basis of advancing experience, seniority, and promotion of KTB&S's professionals.  These step increases do not constitute "rate increases" as that term is used in the U.S. Trustee Guidelines.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th day of June 2019 at Los Angeles, California.

Jonathan M. Weiss

6

# **EXHIBIT 2**

## **COMPENSATION BY PROFESSIONAL FOR THE FINAL FEE PERIOD**

## COMPENSATION BY PROFESSIONAL

| Name | Department | Bar Admin Date | Position | Hourly Rate | Hours Billed | No Charge Hours | Fees Billed[1] |
|---|---|---|---|---|---|---|---|
| **PARTNERS** | | | | | | | |
| | Corporate Restructuring | 01/07/75 | Partner | $1,400.00 | 264.50 | 32.60 | $370,300.00 |
| Klee, Kenneth N. | | | | $1,475.00 | 455.60 | 32.70 | $672,010.00 |
| | | | | $1,550.00 | 47.90 | 0.50 | $74,245.00 |
| | Corporate Restructuring | 12/11/85 | Partner | $1,195.00 | 234.80 | 8.60 | $280,586.00 |
| Bussel, Daniel J. | | | | $1,245.00 | 370.60 | 12.60 | $461,397.00 |
| | | | | $1,345.00 | 38.50 | 0.50 | $51,782.50 |
| David A. Fidler | Corporate Restructuring | 06/02/98 | Partner | $980.00 | 0.50 | 0.20 | $490.00 |
| Robert J. Pfister | Litigation | 01/10/06 | Partner | $925.00 | 35.30 | 1.90 | $32,652.50 |
| | | | | $995.00 | 28.50 | 0.10 | $28,357.50 |
| Holt, Whitman L. | Corporate Restructuring | 12/01/05 | Partner | $895.00 | 1.20 | 0.00 | $1,074.00 |
| | Corporate Restructuring | 12/14/11 | Partner | $650.00 | 375.40 | 2.40 | $244,010.00 |
| Weiss, Jonathan M. | | | | $725.00 | 421.70 | 30.40 | $305,732.50 |
| | | | | $795.00 | 30.90 | 1.30 | $24,565.50 |
| **OF COUNSEL** | | | | | | | |
| Gurule, Julian I. | Corporate Restructuring | 12/02/07 | Of Counsel | $775.00 | 11.20 | 0.40 | $8,680.00 |
| | | | | $825.00 | 48.60 | 0.00 | $40,095.00 |
| **PARALEGAL** | | | | | | | |
| | Corporate Restructuring | N/A | Paralegal | $345.00 | 49.20 | 12.70 | $16,974.00 |
| Pearson, Shanda D. | | | | $375.00 | 67.10 | 10.10 | $25,162.50 |
| | | | | $425.00 | 8.20 | 2.20 | $3,485.00 |
| **SUMMER ASSOCIATE** | | | | | | | |
| Salvucci, Martin J. | Corporate Restructuring | N/A | Summer Associate | $240.00 | 107.00 | 1.50 | $25,680.00 |
| **LAW CLERK (Not Summer Associate)** | | | | | | | |
| Salvucci, Martin J. | Corporate Restructuring | N/A[2] | Law Clerk | $425.00 | 11.60 | 0.00 | $4,930.00 |
| **TOTAL:** | | | | | **2,608.30** | **150.70** | **$2,672,209.00** |

[1] Presented before fee examiner reductions.

[2] Law Clerk (completed legal education but, as of time services rendered, not yet admitted to Bar). Graduated Stanford Law School in 2018.

174215.2

# **EXHIBIT 3**

## **SUMMARY OF EXPENSES FOR THE FINAL FEE PERIOD**

## SUMMARY OF EXPENSES FOR THE FINAL FEE PERIOD[1]

| Disbursement | Amount |
|---|---:|
| Copying | $504.60 |
| Delivery Services/Messengers | $8,877.36 |
| Online Research | $4,524.51 |
| Parking | $600.04 |
| Telephone | $112.14 |
| Travel | $40,954.09 |
| Travel Meals | $1,462.59 |
| **Subtotal:** | **$57,035.33** |

---

[1]   Presented before Fee Examiner reductions.

174215.2

## **EXHIBIT 4**

**SUMMARY OF TIME BY BILLING CATEGORY
FOR THE FINAL FEE PERIOD**

**SUMMARY OF TIME BY BILLING CATEGORY**

| Service Category | Hours Billed | Fees Billed[1] | Hours Budgeted | Fees Budgeted |
|---|---|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 1,049.60 | $1,057,539.50 | 1,232.00 | $1,299,000.00 |
| 0002 – Case Administration | 85.50 | $79,820.50 | 153.00 | $144,000.00 |
| 0003 – Meetings/Creditor Communications | 151.50 | $181,227.50 | 236.00 | $268,000.00 |
| 0004 – Mediation/Negotiations | 724.00 | $848,880.00 | 942.00 | $1,111,000.00 |
| 0005 – Fee Application (KTB&S) | 218.90 | $144,394.00 | 192.00 | $138,000.00 |
| 0006 – Fee Application and Retention Objections | 14.10 | $12,463.00 | 25.00 | $27,000.00 |
| 0007 – Budget | 29.90 | $24,243.50 | 48.00 | $32,000.00 |
| 0008 – Discovery/Fact Analysis | 241.90 | $211,359.50 | 369.00 | $347,000.00 |
| 0009 – Non-Working Travel | 84.20 | $108,600.00 | 246.00 | $194,400.00 |
| 0010 – Fee Applications (Others) | 8.70 | $3,681.50 | 12.00 | $12,000.00 |
| 0011 – Retentions (KTB&S) | 0.00 | $0.00 | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 | 0.00 | $0.00 |
| **TOTAL:** | **2,608.30** | **$2,672,209.00** | **3,455.00** | **$3,572,400.00** |

---

[1]     Presented before Fee Examiner reductions.

# **EXHIBIT 5**

## **COMPARABLE COMPENSATION DISCLOSURES**

**COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper (Using categories already maintained by the Firm) | Blended Hourly Rate | |
|---|---|---|
| | Billed Firm for Preceding Year | Billed In this Application |
| Partners | $1,125.02 | $1,104.89 |
| Counsel/Associates | $656.92 | $815.64 |
| Aggregated (Attorneys) | $985.36 | $1,097.57 |
| Paralegal | $369.11 | $366.44 |
| Law Clerks (Not Summer Associates) | $425.00 | $425.00 |
| Summer Associates | $248.75 | $240.00 |

174215.2

# **EXHIBIT 6**

## **BUDGETS AND STAFFING PLANS**

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from July 31, 2017 through and including September 30, 2017**

### BUDGET

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 345.00 | $275,000 |
| 0002 – Case Administration | 30.00 | $30,000 |
| 0003 – Meetings/Creditor Communications | 43.00 | $50,000 |
| 0004 – Mediation/Negotiations | 140.00 | $160,000 |
| 0005 – Fee Application and Retention | 23.00 | $20,000 |
| 0006 – Fee Application and Retention Objections | 3.00 | $4,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 75.00 | $68,000 |
| 0009 – Non-Working Travel | 30.00 | $35,000 |
| **TOTAL:** | **692.00** | **$644,000** |

### STAFFING PLAN

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 4 | $1,043.00 |
| Counsel/Associates | 0 | N/A |
| Paralegal | 1 | $345.00 |
| Law Clerks | 1 | $240.00 |
| **TOTAL:** | **6** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from October 1, 2017 through and including October 31, 2017**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 40.00 | $40,000 |
| 0002 – Case Administration | 20.00 | $20,000 |
| 0003 – Meetings/Creditor Communications | 10.00 | $12,000 |
| 0004 – Mediation/Negotiations | 80.00 | $80,000 |
| 0005 – Fee Application and Retention | 8.00 | $6,000 |
| 0006 – Fee Application and Retention Objections | 1.50 | $2,000 |
| 0007 – Budget | 1.50 | $1,000 |
| 0008 – Discovery/Fact Analysis | 30.00 | $30,000 |
| 0009 – Non-Working Travel | 15.00 | $10,000 |
| **Total:** | **206.00** | **$201,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 4 | $1,043.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $345.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from November 1, 2017 through and including November 30, 2017**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 110.00 | $120,000 |
| 0002 – Case Administration | 22.00 | $20,000 |
| 0003 – Meetings/Creditor Communications | 20.00 | $15,000 |
| 0004 – Mediation/Negotiations | 50.00 | $65,000 |
| 0005 – Fee Application and Retention | 10.00 | $7,000 |
| 0006 – Fee Application and Retention Objections | 1.50 | $2,000 |
| 0007 – Budget | 2.50 | $2,000 |
| 0008 – Discovery/Fact Analysis | 55.00 | $45,000 |
| 0009 – Non-Working Travel | 16.00 | $22,400 |
| **Total:** | **287.00** | **$298,400** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 4 | $1,043.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $345.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from December 1, 2017 through and including December 31, 2017**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 60.00 | $65,000 |
| 0002 – Case Administration | 8.00 | $8,000 |
| 0003 – Meetings/Creditor Communications | 15.00 | $15,000 |
| 0004 – Mediation/Negotiations | 13.00 | $13,000 |
| 0005 – Fee Application and Retention | 22.00 | $14,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 30.00 | $25,000 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| **Total:** | **152.00** | **$143,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 4 | $1,043.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $345.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from January 1, 2018 through and including January 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 95.00 | $95,000 |
| 0002 – Case Administration | 5.00 | $5,000 |
| 0003 – Meetings/Creditor Communications | 10.00 | $10,000 |
| 0004 – Mediation/Negotiations | 20.00 | $20,000 |
| 0005 – Fee Application and Retention | 8.00 | $6,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 65.00 | $65,000 |
| 0009 – Non-Working Travel | 60.00 | $27,000 |
| **Total:** | **267.00** | **$231,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from February 1, 2018 through and including February 28, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 75.00 | $85,000 |
| 0002 – Case Administration | 10.00 | $8,000 |
| 0003 – Meetings/Creditor Communications | 15.00 | $15,000 |
| 0004 – Mediation/Negotiations | 50.00 | $60,000 |
| 0005 – Fee Application and Retention | 8.00 | $6,000 |
| 0006 – Fee Application and Retention Objections | 10.00 | $10,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 55.00 | $55,000 |
| 0009 – Non-Working Travel | 20.00 | $15,000 |
| **Total:** | **246.00** | **$256,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from March 1, 2018 through and including March 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 110.00 | $130,000 |
| 0002 – Case Administration | 10.00 | $8,000 |
| 0003 – Meetings/Creditor Communications | 20.00 | $25,000 |
| 0004 – Mediation/Negotiations | 100.00 | $125,000 |
| 0005 – Fee Application (Self) | 20.00 | $13,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 35.00 | $35,000 |
| 0009 – Non-Working Travel | 15.00 | $15,000 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **315.00** | **$355,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 1 | $825.00 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from April 1, 2018 through and including April 30, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 100.00 | $125,000 |
| 0002 – Case Administration | 8.00 | $6,000 |
| 0003 – Meetings/Creditor Communications | 15.00 | $20,000 |
| 0004 – Mediation/Negotiations | 150.00 | $175,000 |
| 0005 – Fee Application (Self) | 10.00 | $6,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 10.00 | $10,000 |
| 0009 – Non-Working Travel | 35.00 | $30,000 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **333.00** | **$376,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 1 | $825.00 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **6** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from May 1, 2018 through and including May 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 45.00 | $55,000 |
| 0002 – Case Administration | 13.00 | $12,000 |
| 0003 – Meetings/Creditor Communications | 10.00 | $12,000 |
| 0004 – Mediation/Negotiations | 85.00 | $105,000 |
| 0005 – Fee Application (Self) | 7.00 | $5,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 5.00 | $5,000 |
| 0009 – Non-Working Travel | 35.00 | $30,000 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **205.00** | **$228,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 1 | $825.00 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **6** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from June 1, 2018 through and including June 30, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 40.00 | $45,000 |
| 0002 – Case Administration | 5.00 | $5,000 |
| 0003 – Meetings/Creditor Communications | 45.00 | $55,000 |
| 0004 – Mediation/Negotiations | 90.00 | $115,000 |
| 0005 – Fee Application (Self) | 10.00 | $8,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 3.00 | $3,000 |
| 0009 – Non-Working Travel | 20.00 | $12,000.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **218.00** | **$247,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 4 | $1,110.00 |
| Counsel/Associates | 2 | $637.50 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **7** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from July 1, 2018 through and including July 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 20.00 | $25,000 |
| 0002 – Case Administration | 5.00 | $5,000 |
| 0003 – Meetings/Creditor Communications | 10.00 | $12,000 |
| 0004 – Mediation/Negotiations | 35.00 | $40,000 |
| 0005 – Fee Application (Self) | 15.00 | $10,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 2.00 | $2,000 |
| 0009 – Non-Working Travel | 20.00 | $10,000 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **112.00** | **$108,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 2 | $637.50 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **6** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from August 1, 2018 through and including August 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 20.00 | $25,000 |
| 0002 – Case Administration | 3.00 | $3,000 |
| 0003 – Meetings/Creditor Communications | 10.00 | $12,000 |
| 0004 – Mediation/Negotiations/Settlement | 75.00 | $85,000 |
| 0005 – Fee Application (Self) | 7.00 | $5,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 2.00 | $2,000 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **122.00** | **$136,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 1 | $825.00 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from September 1, 2018 through and including September 30, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 5.00 | $5,000 |
| 0002 – Case Administration | 3.00 | $3,000 |
| 0003 – Meetings/Creditor Communications | 3.00 | $3,000 |
| 0004 – Mediation/Negotiations/Settlement | 7.00 | $7,000 |
| 0005 – Fee Application (Self) | 6.00 | $4,000 |
| 0006 – Fee Application and Retention Objections | 1.00 | $1,000 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 1.00 | $1,000 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **30.00** | **$27,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 1 | $825.00 |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from October 1, 2018 through and including October 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 25.00 | $31,000 |
| 0002 – Case Administration | 3.00 | $3,000 |
| 0003 – Meetings/Creditor Communications | 5.00 | $6,000 |
| 0004 – Mediation/Negotiations/Settlement | 15.00 | $21,000 |
| 0005 – Fee Application (Self) | 8.00 | $6,000 |
| 0006 – Fee Application and Retention Objections | 0.00 | $0.00 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 0.00 | $0.00 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **60.00** | **$70,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **5** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from November 1, 2018 through and including November 30, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 22.00 | $26,000 |
| 0002 – Case Administration | 3.00 | $3,000 |
| 0003 – Meetings/Creditor Communications | 3.00 | $4,000 |
| 0004 – Mediation/Negotiations/Settlement | 10.00 | $13,000 |
| 0005 – Fee Application (Self) | 12.00 | $8,000 |
| 0006 – Fee Application and Retention Objections | 0.00 | $0.00 |
| 0007 – Budget | 3.00 | $2,000 |
| 0008 – Discovery/Fact Analysis | 0.00 | $0.00 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **54.00** | **$57,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **4** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from December 1, 2018 through and including December 31, 2018**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 10.00 | $12,000 |
| 0002 – Case Administration | 2.00 | $2,000 |
| 0003 – Meetings/Creditor Communications | 1.00 | $1,000 |
| 0004 – Mediation/Negotiations/Settlement | 4.00 | $5,000 |
| 0005 – Fee Application (Self) | 4.00 | $3,000 |
| 0006 – Fee Application and Retention Objections | 0.00 | $0.00 |
| 0007 – Budget | 2.00 | $1,000 |
| 0008 – Discovery/Fact Analysis | 0.00 | $0.00 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **24.00** | **$25,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 3 | $1,110.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $375.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **4** | |

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,
Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from January 1, 2019 through and including January 31, 2019**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---:|---:|
| 0001 – Litigation/Adversary Proceedings | 90.00 | $115,000 |
| 0002 – Case Administration | 2.00 | $2,000 |
| 0003 – Meetings/Creditor Communications | 1.00 | $1,000 |
| 0004 – Mediation/Negotiations/Settlement | 4.00 | $6,000 |
| 0005 – Fee Application (Self) | 4.00 | $3,000 |
| 0006 – Fee Application and Retention Objections | 0.00 | $0.00 |
| 0007 – Budget | 2.00 | $1,000 |
| 0008 – Discovery/Fact Analysis | 1.00 | $1,000 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **105.00** | **$130,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|:---:|---:|
| Partners | 3 | $1,230.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $425.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **4** | |

174215.2

*The Commonwealth of Puerto Rico, et al.*, Case No. 17 BK 3283-LTS
**Budget and Staffing Plan for Klee, Tuchin, Bogdanoff & Stern LLP,**
**Special Municipal Bankruptcy Counsel for the COFINA Agent**

**For the Period from February 1, 2019 through and including February 28, 2019**

## Budget

| Project Category | Budgeted Hours | Budgeted Fees |
|---|---|---|
| 0001 – Litigation/Adversary Proceedings | 15.00 | $20,000 |
| 0002 – Case Administration | 1.00 | $1,000 |
| 0003 – Meetings/Creditor Communications | 0.00 | $0.00 |
| 0004 – Mediation/Negotiations/Settlement | 4.00 | $6,000 |
| 0005 – Fee Application (Self) | 10.00 | $8,000 |
| 0006 – Fee Application and Retention Objections | 0.00 | $0.00 |
| 0007 – Budget | 1.00 | $1,000 |
| 0008 – Discovery/Fact Analysis | 0.00 | $0.00 |
| 0009 – Non-Working Travel | 0.00 | $0.00 |
| 0010 – Fee Applications (Others) | 1.00 | $1,000 |
| 0011 – Retentions (Self) | 0.00 | $0.00 |
| 0012 – Retentions (Others) | 0.00 | $0.00 |
| **Total:** | **32.00** | **$37,000** |

## Staffing Plan

| Category of Timekeeper | Number of Primary Timekeepers Expected to Work on the Matter During the Budget Period | Average Hourly Rate |
|---|---|---|
| Partners | 3 | $1,230.00 |
| Counsel/Associates | 0 | N/A |
| Paralegals | 1 | $425.00 |
| Law Clerks | 0 | N/A |
| **TOTAL** | **4** | |

174215.2

## **EXHIBIT 7**


## **LIST OF PROFESSIONAL BY MATTER**

**EXHIBIT 7**

**List of Professionals By Matter**
**(July 31, 2017 - February 12, 2019)**

| Timekeeper | Matter 0001 (Litigation Adversary Proceedings) Hours Billed | Amount Billed | Matter 0002 (Case Admin) Hours Billed | Amount Billed | Matter 0003 (Meetings & Creditor Comm.) Hours Billed | Amount Billed | Matter 0004 (Mediation & Negotiations) Hours Billed | Amount Billed | Matter 0005 (Fee Apps & Retention) Hours Billed | Amount Billed | Matter 0006 (Fee Apps & Retention Objections) Hours Billed | Amount Billed | Matter 0007 (Budget) Hours Billed | Amount Billed | Matter 0008 (Discovery & Fact Analysis) Hours Billed | Amount Billed | Matter 0009 (Non-Working Travel) Hours Billed | Amount Billed | Matter 0010 (Fee Apps - Other) Hours Billed | Amount Billed | All Matters Total Hours | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Klee, Kenneth N. Partner | 297.00 | $434,347.50 | 14.30 | $20,447.50 | 74.80 | $107,637.50 | 265.10 | $386,102.50 | 15.50 | $22,390.00 | 2.00 | $2,950.00 | 4.90 | $7,107.50 | 34.50 | $49,500.00 | 59.70 | $85,777.50 | 0.20 | $295.00 | 768.00 | $1,116,555.00 |
| Bussel, Daniel J. Partner | 245.90 | $304,410.50 | 26.50 | $31,917.50 | 38.80 | $47,596.00 | 272.70 | $336,491.50 | 13.20 | $16,224.00 | | | 1.90 | $2,300.50 | 0.10 | $119.50 | 35.80 | $43,501.00 | 9.00 | $11,205.00 | 643.90 | $793,765.50 |
| Fidler, David A. Partner | | | | | 0.50 | $490.00 | | | | | | | | | | | | | | | 0.50 | $490.00 |
| Pfister, Robert J. Partner | 30.60 | $29,607.00 | 0.40 | $384.00 | 0.90 | $867.50 | 10.50 | $9,733.50 | 0.20 | $199.00 | | | | | 19.30 | $18,461.50 | 1.90 | $1,757.50 | | | 63.80 | $61,010.00 |
| Holt, Whitman L. Partner | | | | | | | 1.20 | $1,074.00 | | | | | | | | | | | | | 1.20 | $1,074.00 |
| Weiss, Jonathan M. Partner | 324.90 | $224,555.00 | 34.90 | $23,629.50 | 35.90 | $24,400.00 | 151.50 | $106,011.50 | 105.30 | $74,384.50 | 9.70 | $7,025.00 | 23.00 | $16,346.00 | 128.80 | $87,792.50 | 13.60 | $9,860.00 | 0.40 | $304.00 | 828.00 | $574,308.00 |
| Gurule, Julian I. Of Counsel | 47.30 | $39,022.50 | | | | | 1.30 | $1,072.50 | | | | | | | 11.20 | $8,680.00 | | | | | 59.80 | $48,775.00 |
| Pearson, Shanda D. Paralegal | 4.00 | $1,473.00 | 9.40 | $3,442.00 | | | 11.40 | $4,017.00 | 84.70 | $31,196.50 | 0.50 | $187.50 | 1.90 | $670.50 | 4.50 | $1,552.50 | | | 8.10 | $3,082.50 | 124.50 | $45,621.50 |
| Salvucci, Martin J. Law Clerk | 99.90 | $24,124.00 | | | 0.60 | $236.50 | 10.30 | $4,377.50 | | | | | | | 7.80 | $1,872.00 | | | | | 118.60 | $30,610.00 |
| **TOTALS** | **1,049.60** | **$1,057,539.50** | **85.50** | **$79,820.50** | **151.50** | **$181,227.50** | **724.00** | **$848,880.00** | **218.90** | **$144,394.00** | **14.10** | **12463.00** | **29.90** | **$24,243.50** | **241.90** | **$211,359.50** | **84.20** | **$108,600.00** | **8.70** | **$3,681.50** | **2,608.30** | **$2,672,209.00** |

# **EXHIBIT 8**

## **KLEE, TUCHIN, BOGDANOFF & STERN LLP'S ENGAGEMENT LETTER**

174215.2



1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, California 90067

voice: 310-407-4000
fax: 310-407-9090
www.ktbslaw.com

E-mail: kklee@ktbslaw.com
Direct Dial: 310-407-4080

August 10, 2017

**VIA ELECTRONIC MAIL**

Bettina Whyte, solely in her capacity as
Agent for Puerto Rico Sales Tax Financing
Corporation
Bettina Whyte Consultants, LLC
545 West Sagebrush Drive
Jackson, WY 83001
bwhyte@bmwconsult.com

> Re:   Retention Agreement among Bettina Whyte, solely in her capacity as
> Agent for Puerto Rico Sales Tax Financing Corporation ("Client") and
> Klee, Tuchin, Bogdanoff & Stern LLP

Dear Bettina:

As you know, you have been appointed by the United States District Court for the District of Puerto (the "Court") in its *Stipulation and Agreed Order Approving Procedure to Resolve Commonwealth-COFINA Dispute* [Case No. 17-bk-3283 (D.P.R. 2017) (the "PROMESA Title III Case"); Dkt No. 996 (the "Appointment Order")) to serve as the Agent (the "Agent") for Puerto Rico Sales Tax Financing Corporation ("COFINA") in connection with the Commonwealth-COFINA Dispute (as such term is defined in the Appointment Order) in the PROMESA Title III Case.

Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") has been appointed by the Appointment Order to serve as special municipal bankruptcy counsel to you, solely in your capacity as Agent.

I am writing this letter to set forth the terms and conditions upon which KTB&S will serve as special municipal bankruptcy counsel to you, solely in your capacity as Agent.

166850.1

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 2

Scope of Representation.

KTB&S specializes in the areas of reorganization, bankruptcy, general commercial litigation, general corporate law, financings and acquisitions. We limit our practice (and hence our services) to those areas.

KTB&S will act as Client's special municipal bankruptcy counsel, to render such ordinary and necessary legal services as may be required in connection with the Commonwealth-COFINA Dispute and the PROMESA Title III Case, including assisting with and/or advising Client regarding litigation and/or settlement of the Commonwealth-COFINA Dispute, participating in meetings with, among others, representatives of the Commonwealth of Puerto Rico, and representing Client in contested matters and adversary proceedings in the Court, and in any other federal court that may exercise bankruptcy or appellate jurisdiction over such matters originating in the Court.

KTB&S understands that Willkie Farr & Gallagher LLP has been appointed by the Appointment Order as Client's lead counsel. It is a condition to KTB&S's engagement (and continued engagement) that Client continue to maintain competent lead counsel. Without limiting the preceding, it is also a condition to our employment that Client retain Puerto Rico counsel to serve as local co-counsel.

KTB&S will consult only as to those aspects of the matter that are within the scope of its representation to which you request that it devote attention. KTB&S's employment as Client's special municipal bankruptcy counsel does not include the provision of advice outside the areas to which KTB&S limits its practice or beyond the scope of this engagement, including, but not limited to, the interpretation of Puerto Rico law. A separate engagement letter and potentially an order of the Court will be required should Client and KTB&S agree, in their respective sole discretion, to expand the scope of KTB&S's employment.

Financial Arrangements.

Client agrees that the Commonwealth of Puerto Rico and/or COFINA shall compensate KTB&S for its professional fees on account of the services provided to the Client at KTB&S' hourly rates in effect at the time of such services, and will reimburse KTB&S for its costs and expenses incurred in connection with this engagement. For the avoidance of doubt, under no circumstances will KTB&S look to Client for payment. Client acknowledges and agrees that compensation and reimbursement shall be consistent with, and pursuant to, the Appointment Order, Section 316 of the Puerto Rico Oversight, Management, and Economic Stability Act, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable orders of the Court, including any monthly fee procedures established by the Court.

The current rates for attorney and paralegal services presently range from $345 to $1,400 per hour. My hourly rate is $1,400. Daniel Bussel and Jonathan Weiss, who

166850.1

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 3

will be working on this matter as well, have hourly rates of $1,195 and $650, respectively. KTB&S' hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities and seniority of KTB&S' professionals, as well as general economic factors.

The types of costs and expenses that must be reimbursed hereunder include charges for messenger services, air couriers, photocopying, court fees, travel expenses, first-class or business-class airfare, postage, long distance telephone, investigative searches, legal research, transcripts, and other actual charges customarily invoiced by law firms in addition to fees for legal services. KTB&S does not ever bill for secretarial overtime or word processing. Also, KTB&S charges travel time portal to portal.

<u>Disclosures and Waivers</u>.

KTB&S is a specialty law firm with few continuing institutional clients. Because of the specialized nature of its practice, from time to time KTB&S may concurrently represent one client in a particular case and a debtor, creditor, competitor or adversary of that client (or a professional employed to represent that opposing party) in an unrelated matter. Thus, by way of illustration only, while representing Client, KTB&S may represent a creditor of Client (or of COFINA) as a debtor in another bankruptcy case or in connection with out-of-court negotiations with such entity's creditors concerning that entity's ability to pay its debts generally. Specifically, we call your attention to the following:

- KTB&S partner Kenneth N. Klee served on the American Bankruptcy Institute Commission with Arthur Gonzalez and Bettina Whyte and has been at academic conferences with David A. Skeel, Jr.

- In 2014, KTB&S partner Kenneth N. Klee was approached by Citibank's municipal securities division to analyze certain COFINA-related issues. KTB&S was not retained.

- In 2015, KTB&S partner Kenneth N. Klee previously met with a representative of the Commonwealth of Puerto Rico to discuss an equity receivership concept. KTB&S was not retained.

- KTB&S partner Kenneth N. Klee provided testimony to the United States Congress regarding Puerto Rico, and spoke with staff of Puerto Rico Representative Pedro R. Pierluisi regarding the Puerto Rico Recovery Act and PROMESA.

- KTB&S represents and has represented various creditors of either the Commonwealth or COFINA, either directly or as part of ad hoc bondholder groups, in unrelated matters. KTB&S is free to be adverse to those creditors in the PROMESA Title III Case.

166850.1

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 4

- In 2015, KTB&S provided limited advisory services to an investor regarding an equity receivership concept with respect to the Commonwealth. That representation has concluded. KTB&S is free to be adverse to that investor in the PROMESA Title III Case.

- In 2016, Julian I. Gurule, of counsel to KTB&S, was approached by a COFINA bondholder regarding a public relations representation. No confidential information was obtained and KTB&S was not retained.

- In 2014, KTB&S represented the official committee of unsecured creditors in Momentive Performance Materials' chapter 11 case. Drivetrain LLC was on that committee as representative of Blue Mountain. KTB&S is free to be adverse to Drivetrain LLC in the PROMESA Title III Case.

- KTB&S has worked with and against certain of the professionals involved in the PROMESA Title III Case, and certain attorneys at KTB&S have personal relationships and connections with certain attorneys involved in the PROMESA Title III Case.

- KTB&S partner Daniel J. Bussel is co-author of a casebook with David A. Skeel, Jr., and they share royalties with the Estate of William D. Warren.

- KTB&S partner Daniel J. Bussel was employed by O'Melveny & Myers, bankruptcy counsel to the Commonwealth, between 1987 and 1991.

- While at a former law firm, Julian I. Gurule, of counsel to KTB&S, represented Ambac and Assured Guaranty in unrelated structured finance transactions and Wilmington Trust in an unrelated restructuring transaction.

- Certain attorneys at KTB&S may own shares of mutual funds that invest in Puerto Rico bonds.

- KTB&S partner Thomas E. Patterson owns a *de minimis* amount of stock in the Bank of Nova Scotia.

Client acknowledges the foregoing disclosures, does not believe that KTB&S' representation of Client is inappropriate or otherwise objectionable in light of the foregoing connections, and consents to KTB&S's representation of Client under these circumstances.

Client agrees that she does not consider the concurrent representation by KTB&S, in unrelated matters, of any adversary to Client, to be inappropriate or otherwise objectionable and, therefore, waives any and all objections (and/or other

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 5

rights to oppose or otherwise contest) to any such concurrent representations (present and/or future) by KTB&S now or any time in the future including, without limitation, the representation by KTB&S of parties adverse to Client on or in connection with any matters and/or issues other than the engagement hereunder.  Client understands that KTB&S is relying on this waiver and would not undertake this representation but for this waiver.   Please be assured, however, that KTB&S strictly preserves all client confidences and zealously pursues the interests of each of its clients, including in those circumstances in which KTB&S represents the adversary of an existing client in an unrelated matter.

Client's consent to KTB&S's representation of parties directly adverse to Client in unrelated matters would not ordinarily require screening procedures unless a risk existed that relevant confidential information of Client might be disclosed to those working on behalf of Client's adversary or otherwise used against Client.  If that risk exists, however, KTB&S will inform the Client immediately and will employ its customary screening procedures to protect Client's confidential information.   Those procedures prohibit lawyers with access to relevant confidential information of Client from participating in the representation of Client's adversary in the unrelated matter, and preclude those KTB&S professionals representing Client's adversary in the unrelated matter from communicating with those lawyers regarding either matter or accessing documents, in our office or on our computer system, that are related to our representation of Client.   Client acknowledges and agrees that KTB&S will not be required to implement screening procedures unless the risk described above exists, and that if such risk does exist, the screening procedures described above are sufficient.

Some attorneys at KTB&S have relatives or significant others who are attorneys at other law firms. We have strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings and fiancés. You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

KTB&S maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder in compliance with California Corporations Code section 16956(a)(2).

None of the attorneys at KTB&S are admitted to practice law in Puerto Rico.  The attorneys at KTB&S which are to represent Client in the PROMESA Title III Case will file applications with the Court for permission to represent Client, with the assistance of Puerto Rico local counsel.  Client acknowledges this disclosure.

Opinion Letters and Tax Matters.

To the extent KTB&S is requested to provide an opinion letter, it does so only as approved by a special committee of the firm, based upon the facts and circumstances presented. KTB&S may determine, in its sole discretion, whether to provide any opinion

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 6

letter requested by Client. If KTB&S agrees to provide an opinion letter, KTB&S may require an additional fee for the drafting and issuance of such a letter. Nothing herein is intended, nor should it be construed, as an obligation by KTB&S to issue any opinion letter.

KTB&S does not give tax advice. If, notwithstanding the preceding, any advice KTB&S furnishes to Client is deemed to constitute tax advice within the meaning of U.S. Treasury Regulations, then, as required by U.S. Treasury Regulations governing tax practice, Client is hereby advised that any tax advice will not be written or intended to be used (and cannot be used) by any taxpayer for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s).

### No Individual/Officer/Family etc. Representation.

KTB&S is being engaged by Client only. KTB&S's employment by Client does not include the representation of any officer, director, member, partner, employee, agent or representative of Client, or any partner of or in Client. KTB&S encourages each to consult independent counsel to the extent appropriate. Client is solely responsible for notifying her officers, directors, members, partners, employees, agents and representatives that KTB&S represents only Client in this engagement.

### Discharge.

Client may not discharge KTB&S except upon order of the Court approving and effectuating such discharge. KTB&S may not withdraw except upon order of the Court approving and effectuating such withdrawal.

### Client's Files.

After the termination of KTB&S's engagement, KTB&S will retain Client's hard-copy and electronic files in KTB&S's possession for a period of three years following such termination. If Client does not request in writing delivery of Client's files before the end of that three-year period, KTB&S will have no further obligation to retain such files upon the expiration of such period, and may, in KTB&S's sole discretion, destroy them without further notice or obligation to Client.

### No Other Agreement.

This agreement constitutes the entire understanding between Client and KTB&S regarding this engagement. By executing this agreement, Client acknowledges she has read carefully and understands all of its terms. The agreement cannot be modified except by further written agreement signed by each party.

166850.1

Bettina Whyte, as COFINA Agent
August 10, 2017
Page 7

Conclusion.

If you have any questions about the foregoing, please call me. Moreover, feel free to obtain independent legal advice regarding this agreement. If Client is in agreement with the foregoing, and it accurately represents Client's agreement with KTB&S, please execute this letter. If Client is not in agreement with the foregoing, kindly contact me immediately.

KTB&S looks forward to working with you.

Very truly yours,

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By:  KENNETH N. KLEE

THE FOREGOING LETTER AGREEMENT IS APPROVED AND AGREED TO:

Bettina Whyte, Agent for COFINA