**Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)**
**Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

## NOTICE OF HEARING FOR
## OBJECTION OF PUERTO RICO SALES TAX FINANCING
## CORPORATION TO PROOF OF CLAIM OF BLACK DIAMOND
## CREDIT STRATEGIES MASTER FUND, LTD. (CLAIM NO. 114500)

**PLEASE TAKE NOTICE** that, on June 12, 2019, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Black Diamond Credit Strategies Master Fund, Ltd. (Claim No. 114500)* (the "Objection") with the United States

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

District Court for the District of Puerto Rico (the "Court"), seeking to disallow Proof of Claim No. 114500 filed by Black Diamond Credit Strategies Master Fund, Ltd.

**PLEASE TAKE FURTHER NOTICE** that any response to the Objection must be filed in writing with the Court and must be served upon and received by the undersigned counsel for COFINA by **4:00 p.m. (Atlantic Time)** on **July 9, 2019**.

**PLEASE TAKE FURTHER NOTICE** that, in the event that one or more responses to the Objection are timely filed, the Objection shall be considered by The Honorable Laura Taylor Swain, at the United States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767, at **9:30 a.m. (Atlantic Time)** on **July 24, 2019**.

**PLEASE TAKE FURTHER NOTICE THAT, IF NO RESPONSES TO THE OBJECTION ARE TIMELY FILED, SERVED, AND RECEIVED, IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Title III Cases are available (a) free of charge by visiting https://cases.primeclerk.com/puertorico or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov, subject to the procedures and fees set forth therein.

Dated: June 12, 2019
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

Hearing Date: July 24, 2019, at 9:30AM (Atlantic Standard Time)
Response Deadline: July 9, 2019 at 4:00PM (Atlantic Standard Time)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

**OBJECTION OF PUERTO RICO SALES TAX
FINANCING CORPORATION TO PROOF OF CLAIM OF BLACK
DIAMOND CREDIT STRATEGIES MASTER FUND, LTD. (CLAIM NO. 114500)**

The Puerto Rico Sales Tax Financing Corporation ("COFINA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as COFINA's representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this objection (the "Objection") to the claim (Proof of Claim No. 114500) of Black Diamond Credit Strategies Master Fund, Ltd. ("Claimant"), and in support of the Objection, respectfully represents as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

**JURISDICTION**

1. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a).

2. Venue is proper in this district pursuant to PROMESA section 307(a).

**BACKGROUND**

**A. The COFINA Title III Case**

3. COFINA is a public corporation and instrumentality of the Commonwealth constituting a corporate and political entity independent and separate from the Commonwealth, created under Act No. 91 of the Legislative Assembly of the Commonwealth.

4. Pursuant to that certain Amended and Restated Sales Tax Revenue Bond Resolution, adopted on July 13, 2007, as amended on June 19, 2009 (the "COFINA Resolution"), and pursuant to certain supplemental resolutions, COFINA issued a series of bonds in aggregate approximate amount of $17 billion, to, among other things, defray certain debt obligations of the Puerto Rico Government Development Bank and the Puerto Rico Public Finance Corporation (the "Bonds"). Bank of New York Mellon serves as Trustee with respect to the Bonds.

5. On May 5, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "COFINA Title III Case").

6. The Oversight Board filed that certain *Third Amended Title III Plan of Adjustment of the Puerto Rico Sales Tax Financing Corporation* (the "Plan") [ECF No. 4652][3] on January 9, 2019, and a related *Disclosure Statement for the Second Amended Title III Plan of Adjustment of*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

2

*the Puerto Rico Sales Tax Financing Corporation* [ECF No. 4364] on November 26, 2018. The Court considered confirmation of the Plan and any objections thereto at a hearing on January 16-17, 2019.

7. On February 4, 2019, the Court confirmed the Plan, which incorporated the compromise and settlement of the dispute over whether, after considering all procedural and substantive defenses and counterclaims, including constitutional issues, the sales and use taxes purportedly pledged by COFINA to secure debt are property of the Commonwealth or COFINA under applicable law (the "Commonwealth-COFINA Dispute"). *See Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5048]. On the same day, the Court approved the compromise and settlement of the Commonwealth-COFINA Dispute pursuant to the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales Tax Financing Corporation* [ECF No. 5045] (the "9019 Order"). On February 5, 2019, the Court issued an *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation* [ECF No. 5055] (the "Amended Confirmation Order"). The Plan became effective on February 12, 2019 (the "Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales Tax Financing Corporation Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [Case No. 17 BK 3284-LTS, ECF No. 587].

**B. The Bar Date Orders and COFINA Claims**

8. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of*

3

*Notice Thereof* [ECF No. 2255] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the COFINA Title III Case. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending the deadline to file proofs of claim against one or more Debtors to June 29, 2018 at 4:00 pm (Atlantic Time).

9. To date, over 168,000 proofs of claim have been filed against the Debtors and logged by Prime Clerk, LLC. Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors. Of the proofs of claim filed, over 3,500 were filed in relation to COFINA, totaling approximately $10.1 trillion in asserted claims. As noted above, as COFINA is and was a special purpose entity with only approximately $17 billion of funded indebtedness, it is clear that substantially all of such claims were inappropriate.

10. By orders, dated January 31, 2019, February 7, 2019, March 26, 2019, March 27, 2019, and April 2, 2019, and following hearings on January 31, 2019, and March 13, 2019, the Court granted omnibus objections and individual objections related to over 3,100 proofs of claim filed against COFINA, resulting in these proofs of claim being disallowed or reclassified to be asserted against another of the Debtors. Objections to another thirteen (13) claims filed against COFINA currently remain pending before the Court. Additionally, over 350 claims asserted against COFINA have been withdrawn, pursuant to stipulations or notices of withdrawal.

### C. Proof of Claim at Issue

11. On June 28, 2018, Claimant filed a claim against COFINA, which was logged by Prime Clerk, LLC, as Proof of Claim No. 114500 (the "Claim"). Claimant alleges it is the holder of certain Public Improvement Bonds and Public Improvement Refunding Bonds issued by the Commonwealth of Puerto Rico, and purports to assert a claim against COFINA for "an unknown amount on account of any and all 'available resources' of the Commonwealth received by COFINA in contravention of Article VI, sections 2 and 8 of the Puerto Rico Constitution . . ., to the extent necessary to satisfy the unpaid principal, premium, if any, and accrued interest on the Bonds held by Claimant." Addendum to Claim, ¶ 4. The Claim further cites, as a purported basis for the relief sought, the "Commonwealth-COFINA Dispute," an adversary proceeding initiated by Bettina Whyte,[4] as agent for COFINA, seeking "among other things, that (x) all SUT [special sales and use tax] revenues remain the exclusive property of the Commonwealth, (y) all SUT revenues collected prior to the Commonwealth's commencement of title III proceedings constitute 'available resources' of the Commonwealth that can be used to pay principal and interest in the public debt pursuant to Article VI, section 8 of the Puerto Rico Constitution, and (z) that the COFINA structure and the issuance of the COFINA bonds was unconstitutional." *Id.* ¶ 10.

## OBJECTION TO PROOF OF CLAIM

12. This Objection seeks to disallow a claim filed by an improper party and for which COFINA is not liable. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). A claimant bears the burden of establishing standing to file a proof of claim. *In re Minbatiwalla*,

---

[4] *See Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico v. Whyte*, Adv. Proc. No. 17-257.

5

424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). It is well established that only a creditor or the creditor's authorized agent has standing to assert a claim. Fed. R. Bankr. P. 3001(b); *see also In re Melillo*, 392 B.R. 1, 5 (B.A.P. 1st Cir. 2008) ("Only a creditor or indenture trustee may file a proof of claim[.]"); *In re Minbatiwalla*, 424 B.R. at 111 ("To file a proof of claim, a claimant must be a "creditor or the creditor's authorized agent."); *In re Thalmann*, 469 B.R. 677, 683 (Bankr. S.D. Tex. 2012) (holding receiver lacked standing to file a proof of claim because it was not a creditor or an authorized agent of a creditor). "To the extent that the rights of a party in interest are asserted, those rights must be asserted by the party in interest, not someone else." *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007).

13. Here, Claimant purports to own bonds issued by the Commonwealth, and as such is a purported creditor of the Commonwealth, not COFINA. Claimant at most is seeking recovery against COFINA based on its status as a creditor of the Commonwealth. In similar circumstances, federal courts have held that a party acting as a creditor of a creditor does not have standing to assert a claim against a debtor's estate. *E.g.*, *In re Comcoach Corp.*, 698 F.2d 571, 574 (2d Cir. 1983) (holding a bank that had "no right to payment from the bankrupt, since the bankrupt has no obligation on the mortgage and the bankrupt's duty to pay rent on its lease runs only to" a third party, "possesses no claim against the debtor or the estate"); *In re Refco Inc.*, 505 F.3d at 117 (holding investors who "placed control of their funds entirely within the hands of" another entity could not "claim that they seek to enforce any rights distinct from those of [the entity] as a creditor and a defendant in an adversary proceeding," and thus only the entity "could assert a claim against the [debtor's] estate"); *In re Emanuel*, 450 B.R. 1, 7–8 (S.D.N.Y. 2011) (holding "insofar as [an individual] sought to assert his own interest in the bankruptcy estate, by virtue of his status as the appellant's creditor, he lacked standing to do so"). Accordingly, because Claimant has not

6

demonstrated standing, the Claim is not a valid claim against COFINA's estate and should be disallowed in its entirety. *See* 11 U.S.C. § 502(b)(1).

14. Even assuming Claimant has standing to assert the Claim, which it does not, the Claim should be disallowed in its entirety because the Claim was (1) compromised and settled pursuant to the Settlement Order, and (2) released and discharged in accordance with the Plan and Amended Confirmation Order. Pursuant to Paragraphs 50 and 51 of the 9019 Order, the Commonwealth-COFINA Dispute has been resolved and all claims against COFINA, including claims of creditors of the Commonwealth, arising from such dispute have been released. 9019 Order, ¶¶ 50-51 ("On the Effective Date, the Agreement fully, finally, and forever resolves and releases, except to the extent necessary to enforce the Agreement or the COFINA Plan, all claims against and ownership interests in the COFINA Pledged Taxes, the Pre-FY2019 BNYM Deposits and the FY2019 BNYM Deposits, including, without limitation, all claims, causes of action, and counterclaims . . . concerning or relating to the COFINA Pledged Taxes of the Commonwealth-COFINA Dispute . . . . [T]he Commonwealth [and] all creditors of the Commonwealth . . . shall be barred from bringing or pursuing any and all claims against the COFINA Agent, COFINA (including its successor in interest) . . . . (i) in the case of the creditors of the Commonwealth . . . arising out of their capacities as creditors of the Commonwealth . . . in any way related to the COFINA structure (as it relates to the COFINA Pledged Taxes up to the COFINA Portion), the COFINA Pledged Taxes up to the COFINA Portion, or the Pre-FY2019 BNYM Deposits . . . .").

15. Additionally, pursuant to the Paragraph 3(c) of the Settlement Agreement, dated October 19, 2018 (the "<u>Settlement Agreement</u>"), attached to the 9019 Order and Paragraph 7 of the Amended Confirmation Order, the adversary proceeding between the Commonwealth and COFINA concerning the Commonwealth-COFINA Dispute, which was cited as a basis for the

7

Claim, has been dismissed with prejudice following the approval of the compromise and settlement of the Commonwealth-COFINA Dispute. Paragraph 3(c) of the Settlement Agreement provides that "[o]n the Effective Date . . . the Adversary Proceeding shall be dismissed, with prejudice, and all other claims and causes of action asserted therein by the Commonwealth Agent, the COFINA Agent and the Permitted Intervenors, as defined in the Adversary Proceeding, shall be deemed dismissed, with prejudice . . . ." Paragraph 7 of the Amended Confirmation Order provides that "[u]pon the dismissal, with prejudice, of the Adversary Proceeding, the Commonwealth Agent and the COFINA Agent and their respective professionals shall be deemed to have satisfied any and all of their respective obligations in connection with the Adversary Proceeding, and the Commonwealth Agent and the COFINA Agent shall be deemed to have been released from any and all liabilities associated therewith." For this reason, the Claim should be disallowed in its entirety.

16. Furthermore, pursuant to Paragraph 29 of the Amended Confirmation Order, "all distributions and rights afforded under the Plan shall be, and shall be deemed to be in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against COFINA that arise, in whole or in part, prior to the Effective Date, relating to COFINA . . . including any interest accrued on such Claims from and after the Petition Date . . . ." Amended Confirmation Order, ¶ 29(a).[5] The Amended Confirmation Order provides that, "[u]pon the Effective Date, COFINA and Reorganized COFINA shall be deemed discharged and released

---

[5] Pursuant to the Plan, "Claim" is defined as "[a]ny right to payment or performance, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise." Plan § 1.53.

8

from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date . . . ." Amended Confirmation Order, ¶ 29(a). The Claim was filed prior to the Effective Date and asserts claims and causes of action against COFINA that arose prior to the Effective Date. The Claim, therefore, has been released and discharged pursuant to Paragraph 29 of the Amended Confirmation Order.

## RESERVATION OF RIGHTS

17. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of COFINA to object to the Claim or any other claim on any ground whatsoever. COFINA expressly reserves all further substantive or procedural objections. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against COFINA; (b) a waiver of COFINA's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of COFINA's rights under PROMESA, the Bankruptcy Code or any other applicable law.

## NOTICE

18. COFINA has provided notice of this Objection to (a) the individual creditor subject to this Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Order Further Amending Case Management Procedures* [ECF No. 3804]), which is available on the Debtors' case website at https://cases.primeclerk.com/puertorico. COFINA submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE COFINA respectfully requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, (1) granting the relief requested herein, and (2) granting COFINA such other and further relief as is just.

Dated: June 12, 2019　　　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for COFINA*

## **EXHIBIT A**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to COFINA.** |

### ORDER GRANTING OBJECTION OF PUERTO RICO SALES TAX FINANCING CORPORATION TO PROOF OF CLAIM OF BLACK DIAMOND CREDIT STRATEGIES MASTER FUND, LTD. (CLAIM NO. 114500)

Upon the *Objection of Puerto Rico Sales Tax Financing Corporation to Proof of Claim of Black Diamond Credit Strategies Master Fund, Ltd. (Claim No. 114500)* (the "Objection"),[2] dated June 12, 2019, of the Puerto Rico Sales Tax Financing Corporation ("COFINA"), for entry of an order disallowing in its entirety the claim of Black Diamond Credit Strategies Master Fund, Ltd. (Proof of Claim No. 114500) (the "Claim"), as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and to grant the relief requested therein pursuant to Section 306(a) of PROMESA; and venue being proper pursuant to Section 307(a) of PROMESA; and due and proper notice of the Objection having been provided to those parties identified therein,

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA" and together with the Commonwealth, COFINA, HTA, and ERS, the "Debtors") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Objection.

and no other or further notice being required; and the Court having determined that the relief sought in the Objection is in the best interest of COFINA, its creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

    ORDERED that the Objection is GRANTED as set forth herein; and it is further

    ORDERED that the Claim is hereby disallowed in its entirety; and it is further

    ORDERED that Prime Clerk is authorized and directed to delete the Claim from the official claims register in the COFINA Title III Case; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

                                             Honorable Judge Laura Taylor Swain
                                             United States District Judge