**Estimated Hearing Date**: October 30, 2019 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: July 3, 2019 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |

-----------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO SALES TAX FINANCING CORPORATION, *et al.*,<br><br>    Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-3284-LTS<br><br>**This Application relates only to COFINA, and shall be filed in the lead Case No. 17-BK-3283-LTS, and COFINA's Title III Case (Case No. 17-BK-3284-LTS)** |

-----------------------------------------------------------------x

## SUMMARY SHEET TO
## FINAL APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE DEBTOR, THE PUERTO RICO SALES TAX FINANCING CORPORATION, FOR THE PERIOD MAY 5, 2017 THROUGH AND INCLUDING FEBRUARY 12, 2019

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**Schedule 1**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Authorized to Provide Professional Services to: | The Financial Oversight and Management Board as Representative of the Debtor Pursuant to PROMESA section 315(b) |
| Date of Retention: | November 25, 2016 |
| Period for which compensation and reimbursement is sought: | May 5, 2017 through February 12, 2019 (the "Overall Compensation Period") |
| Amount of final compensation sought as actual, reasonable, and necessary, excluding Gross-Up Amount: | $7,761,268.26[2] |
| Gross-Up Amount:[3] | $272,497.98 |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | $175,857.99[4] |
| Amount of final compensation and expense reimbursement sought as actual, reasonable, and necessary, including Gross-Up Amount: | $8,209,624.23 |

---

[2] The numbers in this Application reflect the sum of (i) Proskauer's three approved interim fee applications (as reduced following discussions with the Fee Examiner), and (ii) the amounts requested in Proskauer's fourth and fifth interim fee applications, which have yet to be approved. The fee and expense totals are not different from the sum of previously-approved interim fee applications plus the two outstanding fee applications (Proskauer's fourth and fifth). This amount reflects the total amount of $71,683.74 in Proskauer fees reductions taken following negotiations with the Fee Examiner as reflected in the *Supplemental Omnibus Order Awarding Interim Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The First And Second Interim Compensation Periods From May 3 Through September 30, 2017 And From October 1, 2017 Through January 31, 2018* [Case No. 17-3283, ECF No. 3656], *Omnibus Order Awarding Interim Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The Fourth Compensation Period From June 12 Through September 30, 2018* [Case No. 17-3283, ECF No. 5654], and *Omnibus Order Awarding Interim Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The Third Interim Compensation Period From February 1 Through May 31, 2018 And Fourth Interim Compensation Period From June 12 Through September 30, 2018* [Case No. 17-3283, ECF No. 6523] (collectively, the "Omnibus Interim Compensation Orders"). This amount reflects only reductions taken in the first, second and third interim fee periods and may be further reduced following discussions with the Fee Examiner relating to the Proskauer fourth and fifth interim fee applications.

[3] In its fifth interim fee application Proskauer requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257-2018) starting December 10, 2019 (the "Withholding"). Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date hereof, Proskauer has not requested payment of the Gross-Up Amount.

[4] This amount reflects the total amount of $3,248.31 in expense reimbursement reductions taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders. This amount reflects only reductions taken in the first, second and third interim fee periods and may be further reduced following discussions with the Fee Examiner relating to the Proskauer fourth and fifth interim fee applications.

Other than with respect to the fifth interim fee period, are your fee or expense totals different from the sum of previously-approved interim fee applications?
___X___Yes     _____No. If there is any discrepancy, please explain it in the text of the attached fee application or in a footnote to this cover sheet.[5]

| Blended rate in this application for all attorneys: | $757.53 |
|---|---|
| Blended rate in this application for all timekeepers: | $701.40 |

The total time expended for fee application preparation for the Overall Compensation Period is approximately 107.30 hours and the corresponding compensation requested is approximately $59,880.30.[6]

| **PRIOR INTERIM FEE APPLICATIONS & ADJUSTMENTS:** | | | | | |
|---|---|---|---|---|---|
| | | **Requested** | | **Approved** | |
| **Date [Docket No]** | **Interim Fee Period ("IFP") Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 12/15/2017 [ECF No. 2043] | ***First IFP*** 5/5/17 to 9/30/17 | $1,672,746.00 | $16,605.84 | $1,626,910.76[7] | $14,544.36[6] |

---

[5]  The numbers in this Application reflect the sum of (i) Proskauer's three approved interim fee applications (as reduced following discussions with the Fee Examiner), and (ii) the amounts requested in Proskauer's fourth and fifth interim fee applications, which have yet to be approved.  The fee and expense totals are not different from the sum of previously-approved interim fee applications plus the two outstanding fee applications (Proskauer's fourth and fifth). Proskauer has reached an agreement with the Fee Examiner with respect to reductions to Proskauer's fees and expenses requested in *the First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period May 5, 2017 through September 30, 2017* [Case No. 17-3283, ECF No. 2043]*, the Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period October 1, 2017 through January 31, 2018* [Case No. 17-3283, ECF No. 2870]*, and the Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period February 1, 2018 through May 31, 2018* [Case No. 17-3283, ECF No. 3571].  Such reductions are reflected in the respective Fee Examiner's reports [Case No. 17-3283, ECF Nos. 3613, 5409 and 6374], Omnibus Interim Compensation Orders, and in this Fee Application. Proskauer has not yet reached an agreement with the Fee Examiner with respect to the fourth and fifth interim fee applications.

[6]  These numbers include all time billed and compensation requested for fee application preparation that was rendered during the Overall Compensation Period.

[7]  *See* this Court's *Supplemental Omnibus Order Awarding Interim Allowance Of Compensation For Professional Services Rendered And Reimbursement Of Expenses For The First And Second Interim Compensation Periods From May 3 Through September 30, 2017 And From October 1, 2017 Through January 31, 2018* [Case No. 17-3283, ECF No. 3656].

| 04/09/2018 [ECF No. 2870] | *Second IFP* 10/1/17 to 1/31/18 | $562,239.80 | $5,584.22 | $541,109.10[8] | $4,723.50[7] |
|---|---|---|---|---|---|
| 07/16/2018 [ECF No. 3571] | *Third IFP* 2/1/18 to 5/31/18 | $94,488.00 | $4,277.94 | $89,770.20[9] | $3,951.83[8] |
| 11/16/2018 [ECF No. 4279] | *Fourth IFP* 6/1/18 to 9/30/18 | $1,177,407.10 | $59,541.78 | Pending | Pending |
| 05/21/2019 [ECF No. 7054] | *Fifth IFP* 10/1/18 to 2/12/19 | $4,326,071.10 | $93,096.52 | Pending | Pending |
| **Total fees and expenses approved by interim orders to date:** | | | | $2,257,790.06 | $23,219.69 |

| **PRIOR INTERIM OR MONTHLY <u>PAYMENTS</u> TO DATE:** | | | | | |
|---|---|---|---|---|---|
| **Fee Statement Period** | **Requested** | | **Date(s) Payment Received** | **Paid** | |
| | **Fees** | **Expenses** | | **Fees** | **Expenses** |
| **First Interim [ECF No. 2043]** 5/5/2017 to 9/30/2017 | $1,672,746.00 | $16,605.84 | 10/31/2017 | $1,505,504.42 | $16,605.84 |
| | | | 7/31/2018 | $121,406.34 | ($2,061.48)[10] |
| **Second Interim [ECF No. 2870]** 10/1/2017 to 2/28/2018 | $562,239.80 | $5,584.22 | 1/23/2018 | $145,011.60 | $3,887.39 |
| | | | 2/12/2018 | $114,173.82 | $734.53 |
| | | | 5/2/2018 | $175,249.58 | $962.30 |
| | | | 7/27/2018 | $71,580.82 | $0.00 |
| | | | 3/27/2019 | $35,093.28 | ($860.72) |
| **Third Interim [ECF No. 3571]** 3/1/2018 to | $94,488.00 | $4,277.94 | 2/12/2018 | $29,740.60 | $4,250.04 |
| | | | 7/18/2018 | $51,213.05 | $0.00 |
| | | | 7/19/2018 | $4,085.55 | $27.90 |

---

[8]  *See Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Fourth Compensation Period From June 12 Through September 30, 2018* [Case No. 17-3283, ECF No. 5654].

[9]  *See Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Third Interim Compensation Period From February 1 Through May 31, 2018 and Fourth Interim Compensation Period From June 12 Through September 30, 2018* [Case No. 17-3283, ECF No. 6523].

[10]  Numbers in red and parentheses reflect reductions in expense reimbursements Proskauer agreed to with the Fee Examiner, and which Proskauer credited to offset other payments.

| PRIOR INTERIM OR MONTHLY PAYMENTS TO DATE: | | | | | |
|---|---|---|---|---|---|
| **Fee Statement Period** | **Requested** | | **Date(s) Payment Received** | **Paid** | |
| | **Fees** | **Expenses** | | **Fees** | **Expenses** |
| 5/31/2018 | | | 5/2/2019 | $4,731.00 | ($326.11) |
| **Fourth Interim [ECF No. 4279]** 6/1/2018 to 9/30/2018 | $1,177,407.10 | $59,541.78 | 2/12/2018 | $789.91 | $149.08 |
| | | | 7/18/2018 | $33,667.39 | $0.00 |
| | | | 8/8/2018 | $16,314.48 | $17.10 |
| | | | 9/20/2018 | $8,846.47 | $0.00 |
| | | | 10/10/2018 | $441,494.10 | $8,620.11 |
| | | | 10/16/2018 | $558,554.04 | $50,755.49 |
| **Fifth Interim [ECF No. 7054]** 10/1/2018 to 2/12/2019 | $4,326,071.10 | $93,096.52 | 1/29/2019 | $621,350.01 | $3,945.62 |
| | | | 3/11/2019 | $654,904.98 | $11,307.28 |
| | | | 3/26/2019 | $169,092.18 | $3,261.34 |
| | | | 5/1/2019 | $2,448,116.82 | $74,582.28 |
| **Total fees and expenses PAID to date:** | | | | **$7,210,920.44** | **$175,857.99** |

| | |
|---|---|
| Number of professionals with time included in this application: | 110 |
| If applicable, number of professionals in this application not included in a staffing plan approved by the client: | N/A[11] |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Are any timekeeper's hourly rates higher than those charged and approved upon retention? | No.  Proskauer's engagement letter provided for rate increases. |

---

[11] As noted in the Staffing Plan, the number of timekeepers expected to work on the matter was 115, and thus the actual number of timekeepers was 5 fewer than anticipated. See **Exhibit D** for details.

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period May 5, 2017 through February 12, 2019**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Abelson, Philip M. | BSGR&B[13]  – 2003 | $730 | 0.90 | $657.00 |
| Ashton, Ann M. | Litigation – 1980 | $730 | 7.80 | $5,694.00 |
| Barak, Ehud[14] | BSGR&B – 2010 | $730 | 6.00 | $4,554.00 |
| | | $759 | 45.70 | $33,361.00 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $730 | 81.00 | $59,130.00 |
| | | $759 | 10.80 | $8,197.20 |
| | | $789 | 26.00 | $20,514.00 |
| Brenner, Guy | Labor & Employment – 2002 | $730 | 0.60 | $438.00 |
| Corn, Richard M. | Tax – 2005 | $730 | 21.80 | $15,914.00 |
| | | $759 | 132.80 | $100,795.20 |
| | | $789 | 23.40 | $18,462.60 |
| Dale, Margaret A. | Litigation – 1990 | $730 | 50.10 | $36,573.00 |
| | | $759 | 2.70 | $2,049.30 |
| | | $789 | 0.20 | $157.80 |

---

[12] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (a copy of which is available on the Oversight Board's website at https://oversightboard.pr.gov/documents/) (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. Because Proskauer's fees under the Engagement Letter are a blended rate, no annual step increases were applicable to the rates charged in this matter.

[13] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

[14] Promoted to Proskauer's partnership effective Nov. 1, 2017.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Febus, Chantel L.[15] | Litigation – 2003 | $759 | 2.30 | $1,745.70 |
| Ferrara, Ralph C. | Litigation – 1970 | $730 | 7.40 | $5,402.00 |
| | | $759 | 16.80 | $12,751.20 |
| | | $789 | 12.50 | $9,862.50 |
| Firestein, Michael A. | Litigation – 1983 | $730 | 7.70 | $5,621.00 |
| | | $759 | 36.00 | $27,324.00 |
| | | $789 | 160.40 | $126,555.60 |
| Gerkis, James P. | Corporate – 1984 | $759 | 190.70 | $144,741.30 |
| | | $789 | 42.00 | $33,138.00 |
| Gray, Keisha-Ann E. | Labor & Employment – 2002 | $730 | 20.40 | $14,892.00 |
| Hamilton, Martin T. | Tax – 2004 | $759 | 187.20 | $142,084.80 |
| | | $789 | 30.20 | $23,827.80 |
| Indelicato, Vincent[16] | BSGR&B – 2012 | $730 | 1.40 | $1,022.00 |
| Karcher, Timothy Q. | BSGR&B – 1998 | $759 | 27.90 | $21,176.10 |
| Kim, Anne | Tax – 1999 | $759 | 0.40 | $303.60 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $759 | 212.30 | $161,135.70 |
| | | $789 | 150.10 | $118,428.90 |
| Martinez, Carlos E. | Corporate – 1988 | $789 | 0.30 | $236.70 |
| Mashberg, Gregg M. | Litigation – 1978 | $759 | 0.80 | $607.20 |
| Mungovan, Timothy W. | Litigation – 1994 | $730 | 316.90 | $231,337.00 |
| | | $759 | 39.40 | $29,904.60 |
| | | $789 | $9.10 | $7,179.90 |
| Perra, Kevin J. | Litigation – 1995 | $730 | 301.80 | $220,314.00 |
| | | $759 | 18.70 | $14,193.30 |
| | | $789 | 15.90 | $12,545.10 |

[15] Promoted to Proskauer's partnership effective Nov. 1, 2017.

[16] Promoted to Proskauer's partnership effective Nov. 1, 2017.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Possinger, Paul V. | BSGR&B – 1993 | $730 | 74.50 | $54,385.00 |
| | | $759 | $10.00 | $7,590.00 |
| | | $789 | 0.30 | $236.70 |
| Rappaport, Lary Alan | Litigation – 1979 | $730 | 5.80 | $4,234.00 |
| | | $759 | 15.50 | $11,764.50 |
| | | $789 | 150.60 | $118,823.40 |
| Ratner, Stephen L. | Litigation – 1975 | $730 | 160.60 | $117,238.00 |
| | | $759 | 14.10 | $10,701.90 |
| | | $789 | 5.70 | $4,497.30 |
| Richman, Jonathan E. | Litigation – 1984 | $730 | 253.30 | $184,909.00 |
| | | $759 | 40.00 | $30,360.00 |
| | | $789 | 92.40 | $72,903.60 |
| Rosen, Brian S. | BSGR&B – 1983 | $730 | 25.70 | $18,761.00 |
| | | $759 | 970.30 | $736,457.70 |
| | | $789 | 305.50 | $241,039.50 |
| Triggs, Matthew H. | Litigation – 1990 | $759 | 0.30 | $227.70 |
| Weise, Steven O. | Corporate – 1974 | $730 | 12.30 | $8,979.00 |
| | | $759 | 5.90 | $4,478.10 |
| **Total for Partners:** | | | **4,361.20** | **$3,300,413.50** |
| ***SENIOR COUNSEL*** | | | | |
| Febus, Chantel L.[17] | Litigation – 2003 | $730 | 15.30 | $11,169.00 |
| Leader, Jordan B. | Litigation – 2000 | $730 | 30.70 | $22,411.00 |
| Forman, Daniel L. | Corporate – 2009 | $759 | 70.80 | $53,737.20 |
| | | $789 | 21.50 | $16,963.50 |
| **Total for Senior Counsel:** | | | **138.30** | **$104,280.70** |

---

[17] Promoted to Proskauer's partnership effective Nov. 1, 2017.

| ASSOCIATES | | | | |
|------------|--|--|--|--|
| Agatston, Martine S. | Tax – 2016 | $730 | 16.90 | $12,337.00 |
| Alonzo, Julia D. | Litigation – 2009 | $730 | 664.40 | $485,012.00 |
| | | $759 | 61.80 | $46,906.20 |
| Barak, Ehud[18] | BSGR&B – 2010 | $730 | 114.40 | $83,512.00 |
| Bargoot, Alexandra V. | Litigation – 2016 | $730 | 128.50 | $93,805.00 |
| Blackwell, Brooke H. | Corporate – 2018 | $759 | 0.20 | $151.80 |
| Chalett, Zachary[19] | Litigation  – 2017 | $730 | 3.60 | $2,628.00 |
| | | $759 | 2.60 | $1,973.40 |
| | | $789 | 150.60 | $118,823.40 |
| Clark, Brandon C. | Litigation – 2014 | $759 | 20.30 | $15,407.70 |
| Crawley, Jacquelyn N. | Litigation – 2012 | $759 | 11.00 | $8,349.00 |
| | | $789 | 57.60 | $45,446.40 |
| Curtis, Kelly M. | Litigation – 2016 | $730 | 4.10 | $2,993.00 |
| Cushing, Blake R. | Litigation – 2018 | $789 | 0.90 | $710.10 |
| Dalsen, William D. | Litigation – 2011 | $730 | 58.50 | $42,705.00 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $730 | 171.90 | $125,487 |
| | | $759 | 6.70 | $5,085.30 |
| | | $789 | 0.40 | $315.60 |
| DiGrande, Melissa | Litigation – 2017 | $730 | 49.90 | $36,427.00 |
| | | $759 | 6.90 | $5,237.10 |
| Esses, Joshua A. | Corporate – 2017 | $730 | 26.10 | $19,053.00 |
| | | $759 | 121.20 | $91,990.80 |
| | | $789 | 181.30 | $143,045.70 |
| Fischer, Brooke L. | Corporate – 2015 | $759 | 27.30 | $20,720.70 |
| Forbes, Carl C. | Litigation – 2011 | $759 | 0.60 | $455.40 |
| Friedman, Amelia A. | Litigation – 2013 | $759 | 267.70 | $203,184.30 |

---

[18] Promoted to Proskauer's partnership effective Nov. 1, 2017.

[19] Admitted to the bar during the Overall Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| | | $789 | 46.60 | $36,767.40 |
| Greenburg, Jessica Z. | Litigation – 2012 | $730 | 6.20 | $4,526.00 |
| Habenicht, Yomarie S. | Tax – 2017 | $759 | 279.80 | $212,368.20 |
| | | $789 | 33.70 | $26,589.30 |
| Hackett, Michael R. | Litigation – 2009 | $730 | 50.00 | $36,500.00 |
| Hayes, Christopher M. | BSGR&B – 2013 | $759 | 6.20 | $4,705.80 |
| Indelicato, Vincent[20] | BSGR&B – 2012 | $730 | 6.00 | $4,380.00 |
| Kim, Mee R. | Litigation – 2016 | $730 | 2.10 | $1,533.00 |
| | | $759 | 23.10 | $17,532.90 |
| Ma, Steve | BSGR&B – 2014 | $730 | 0.20 | $146.00 |
| | | $759 | 563.80 | $427,924.20 |
| | | $789 | 228.60 | $180,365.40 |
| Mazurek, Carl | Litigation – 2018 | $789 | 1.10 | $867.90 |
| Morris, Matthew J. | Litigation – 2000 | $730 | 4.00 | $2,920.00 |
| | | $789 | 30.20 | $23,827.80 |
| Palmer, Marc C. | Litigation – 2018 | $789 | 31.20 | $24,616.80 |
| Park, Sejin | Tax – 2015 | $759 | 166.00 | $125,994.00 |
| | | $789 | 0.10 | $78.90 |
| Pellegrino, Nicholas | Corporate – 2017 | $759 | 67.60 | 51,308.40 |
| Pollick, Daniel C. | Corporate – 2018 | $759 | 6.00 | $4,554.00 |
| Rainwater, Shiloh | Litigation – 2017 | $730 | 3.40 | $2,482.00 |
| Roberts, John E. | Litigation – 2009 | $730 | 10.40 | $7,592.00 |
| Rochman, Matthew I. | Litigation – 2010 | $730 | 8.20 | $5,986.00 |
| Simon, David V. | Corporate – 2016 | $759 | 88.30 | $67,019.70 |
| Stafford, Laura | Litigation – 2012 | $759 | 52.00 | $39,468.00 |
| | | $789 | 116.50 | $91,918.50 |

---

[20] Promoted to Proskauer's partnership effective Nov. 1, 2017.

9

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Stevens, Elliot R.[21] | BSGR&B – 2018 | $759 | 84.80 | $64,363.20 |
| | | $789 | 11.60 | $9,152.40 |
| Theodoridis, Chris | BSGR&B – 2011 | $730 | 84.70 | $61,831.00 |
| | | $759 | 685.90 | $520,598.10 |
| | | $789 | 341.30 | $269,285.70 |
| Webb, Jeramy D. | BSGR&B – 2015 | $730 | 19.20 | $14,016.00 |
| | | $759 | 1.00 | $759.00 |
| Wolf, Lucy[22] | Litigation – 2017 | $730 | 8.10 | $5,913.00 |
| | | $759 | 2.60 | $1,973.40 |
| | | $789 | 121.00 | $95,469.00 |
| Zerjal, Maja | BSGR&B – 2012 | $730 | 30.90 | $22,557.00 |
| | | $759 | 17.70 | $13,434.30 |
| | | $789 | 1.40 | $1,104.60 |
| **Total for Associates:** | | | **5,396.90** | **$4,094,190.80** |
| ***E-DISCOVERY ATTORNEYS*** | | | | |
| Kay, James[23] | Professional Resources – 1978 | $390 | 5.70 | $2,223.00 |
| **Total for e-Discovery Attorneys:** | | | **5.70** | **$2,223.00** |
| ***LAW CLERKS*** | | | | |
| Alladi, Om V. | Litigation Law Clerk – N/A | $250 | 48.30 | $12,075.00 |

[21] Admitted to the bar during the Overall Compensation Period. Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[22] Admitted to the bar during the Overall Compensation Period. Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[23] As discussed herein, Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent as of January 1, 2019. Additionally at that time, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, billed at the rate of $390 per hour.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Carino, Elisa M. | Litigation Law Clerk – N/A | $260 | 29.30 | $7,618.00 |
| Chalett, Zachary[24] | Litigation Law Clerk – N/A | $250 | 39.70 | $9,925.00 |
| Joffe, Jason W. | Corporate Law Clerk – N/A | $250 | 7.70 | $1,925.00 |
| Omorogbe, Philip | Corporate Law Clerk – N/A | $260 | 86.60 | $22,516.00 |
| | | $270 | 134.00 | $36,180.00 |
| Sherman, Christine | Tax Law Clerk – N/A | $260 | 38.70 | $10,062.00 |
| | | $270 | 1.00 | $270.00 |
| Stevens, Elliot R.[25] | BSGR&B Law Clerk – N/A | $250 | 6.90 | $1,725.00 |
| | | $260 | 8.10 | $2,106.00 |
| Sosa, Javier F. | Litigation Law Clerk – N/A | $260 | 20.90 | $5,434.00 |
| | | $270 | 9.00 | $2,430.00 |
| Wolf, Lucy[26] | Litigation Law Clerk – N/A | $250 | 7.50 | $1,875.00 |
| **Total for Law Clerks:** | | | **437.70** | **$114,141.00** |
| *PARAPROFESSIONALS* | | | | |
| Cooper, David C. | Corporate Paralegal – N/A | $270 | 7.20 | $1,944.00 |

---

[24] Admitted to the bar during the Overall Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[25] Admitted to the bar during the Overall Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

[26] Admitted to the bar during the Overall Compensation Period.  Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, law clerks are reclassified and billed as associates beginning on the first day of the month following such admission.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Cuevas, Geovanni | Litigation Paralegal – N/A | $270 | 6.00 | $1,620.00 |
| Cupplo, Sherri | Professional Resources – N/A | $250 | 0.40 | $100.00 |
| D'Errico, Megan | Library – N/A | $260 | 0.50 | $130.00 |
| Elsner, Rebecca | Litigation Paralegal – N/A | $270 | 2.00 | $540.00 |
| Garza, America | Labor & Employment Paralegal – N/A | $270 | 3.50 | $945.00 |
| Geary, Laura M. | Litigation Paralegal – N/A | $260 | 3.10 | $806.00 |
| | | $270 | 68.00 | $18,360.00 |
| Giddens, Magali | BSGR&B Paralegal – N/A | $250 | 4.80 | $1,200.00 |
| | | $260 | 24.00 | $6,240.00 |
| | | $270 | 8.30 | $2,241.00 |
| Golinder, Olga A. | Litigation Paralegal – N/A | $250 | 0.60 | $150.00 |
| Henderson, Laurie A. | Professional Resources – N/A | $250 | 4.10 | $1,025.00 |
| Infante, Elle M. | Litigation Paralegal – N/A | $270 | 4.10 | $1,107.00 |
| Johnson, Eliot | Corporate Paralegal – N/A | $270 | 22.00 | $5,940.00 |
| Jones, Allen C. | Labor & Employment Paralegal – N/A | $250 | 1.20 | $300.00 |
| Klebanoff, New | Professional Resources – N/A | $250 | 2.30 | $575.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Klock, Joseph | Professional Resources – N/A | $250 | 0.60 | $150.00 |
| Lederer, Margaret | Litigation Paralegal – N/A | $270 | 4.10 | $1,107.00 |
| Miller, Tiffany | Labor & Employment Paralegal – N/A | $250 | 9.20 | $2,300.00 |
| | | $260 | 3.20 | $832.00 |
| | | $270 | 6.80 | $1,836.00 |
| Miyamoto, Connor | Labor & Employment Paralegal – N/A | $250 | 23.00 | $5,750.00 |
| Monforte, Angelo | Litigation Paralegal – N/A | $250 | 18.90 | $4,725.00 |
| | | $270 | 20.70 | $5,589.00 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $250 | 31.80 | $7,950.00 |
| | | $260 | 66.90 | $17,394.00 |
| | | $270 | 6.60 | $1,782.00 |
| Rodriguez, Evelyn | BSGR&B Paralegal – N/A | $250 | 3.80 | $950.00 |
| Santiago, Javier | Corporate Paralegal – N/A | $270 | 18.00 | $4,860.00 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $250 | 12.30 | $3,075.00 |
| Schmidt, Blake | Corporate Paralegal – N/A | $250 | 3.00 | $750.00 |
| Sherman, Tayler M. | Litigation Paralegal – N/A | $250 | 9.30 | $2,325.00 |
| Silverman, Hannah | Litigation Paralegal – N/A | $250 | 9.80 | $2,450.00 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[12] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $250 | 40.90 | $10,225.00 |
| | | $260 | 2.80 | $728.00 |
| | | $270 | 54.80 | $14,796.00 |
| Sutherland, Julia | Litigation Paralegal – N/A | $270 | 98.50 | $26,595.00 |
| Tarrant, Christopher M. | BSGR&B Paralegal – N/A | $260 | 78.30 | $20,358.00 |
| | | $270 | 84.20 | $22,734.00 |
| Volpicello, Alexander | Litigation Paralegal – N/A | $270 | 3.80 | $1,026.00 |
| Williams, Selena F. | Litigation Paralegal – N/A | $250 | 8.20 | $2,050.00 |
| Winkelspecht, Michael J. | Professional Resources – N/A | $250 | 2.70 | $675.00 |
| | | $260 | 1.50 | $390.00 |
| Wizner, Eamon | Litigation Paralegal – N/A | $250 | 12.00 | $3,000.00 |
| | | $270 | 2.90 | $783.00 |
| Wolf, Joseph P. | Litigation Paralegal – N/A | $260 | 1.10 | $286.00 |
| | | $270 | 24.90 | $6,723.00 |
| Wong, Naomi | Litigation Paralegal – N/A | $260 | 1.10 | $286.00 |
| **Totals for Paraprofessionals:** | | | **827.80** | **$217,703.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys, Law Clerks,  and Paraprofessionals Totals:** | **11,167.60** | **$7,832,952.00** |
| Reductions Taken Following Negotiations with the Fee Examiner | | $71,683.74 |
| **Total Fees Requested by Proskauer for the Overall Compensation Period** | | **$7,761,268.26** |

14

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period May 5, 2017 through February 12, 2019**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 42.80 | $31,899.50 |
| 202 | Legal Research | 379.00 | $230,355.20 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 223.80 | $163,878.20 |
| 204 | Communications with Claimholders | 474.60 | $351,713.00 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 148.30 | $108,783.20 |
| 206 | Documents Filed on Behalf of the Board | 1,995.40 | $1,458,510.50 |
| 207 | Non-Board Court Filings | 493.80 | $359,243.10 |
| 208 | Stay Matters | 15.10 | $9,439.00 |
| 209 | Adversary Proceeding | 173.40 | $101,128.80 |
| 210 | Analysis and Strategy | 461.40 | $334,263.10 |
| 211 | Non-Working Travel Time | 126.70 | $83,954.10 |
| 212 | General Administration | 629.70 | $174,491.40 |
| 215 | Plan of Adjustment and Disclosure Statement | 4,416.90 | $3,320,299.50 |
| 216 | Confirmation | 559.80 | $415,420.80 |
| 217 | Tax | 847.50 | $625,017.30 |
| 218 | Employment and Fee Applications | 170.30 | $59,880.30 |
| 219 | Appeal | 9.10 | $4,675.00 |
| **Total for All Project Categories:** | | **11,167.60** | **$7,832,952.00** |
| Reductions Taken Following Negotiations with the Fee Examiner | | | $71,683.74 |
| **Total Fees Requested by Proskauer for the Overall Compensation Period** | | | **$7,761,268.26** |

15

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period May 5, 2017 through February 12, 2019**

| EXPENSE CATEGORY | AMOUNTS |
|---|---|
| Airplane | $16,662.38 |
| Data Base Search Services | $75.79 |
| Dinner Voucher/SWEB | $864.06 |
| Food Service/Conf. Dining | $48,027.73 |
| Lexis/ Westlaw | $43,819.00 |
| Litigation Support/Docketing | $146.38 |
| Lodging | $18,973.01 |
| Messenger/Delivery | $7,947.95 |
| Other Database Research | $676.00 |
| Out of Town Meals | $2,566.83 |
| Out of Town Transportation | $2,334.76 |
| Outside Reproduction | $91.88 |
| Postage | $76.32 |
| Printing, Binding, etc. | $3,879.19 |
| Reproduction | $26,010.00 |
| Taxi, Carfare, Mileage and Parking | $893.80 |
| Taxicab/Car Service | $847.03 |
| Telephone | $420.00 |
| Transcripts & Depositions | $4,794.19 |
| **Total:** | **$179,106.30** |
| Reductions Taken Following Negotiations with the Fee Examiner | $3,248.31 |
| **Total Expenses Requested by Proskauer for the Overall Compensation Period** | **$175,857.99** |

16

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br><br>**In Overall Compensation Period** |
| Partners | $1,135 | $756.77 |
| Senior Counsel | $959 | $754.02 |
| Associates (7 or more years since first admission) | $851 | $758.62 |
| Associates (4-6 years since first admission) | $797 | $758.62 |
| Associates (1-3 years since first admission) | $655 | $758.62 |
| Law Clerks | $540 | $260.77 |
| Paraprofessionals | $306 | $262.99 |
| Other[27] | $467 | $390.00 |
| **All Timekeepers Aggregated:** | **$843** | **$701.40** |

---

[27] As discussed above, as of January 1, 2019, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, with the rate of $390 per hour.

**Estimated Hearing Date**: October 30, 2019 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: July 3, 2019 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

     Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283-LTS

(Jointly Administered)

----------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION, *et al.*,

     Debtor.

PROMESA
Title III

Case No. 17-BK-3284-LTS

**This Application relates only to
COFINA, and shall be filed in
the lead Case No. 17-BK-3283-
LTS, and COFINA's Title III
Case (Case No. 17-BK-3284-
LTS)**

----------------------------------------------------------------x

# FINAL APPLICATION OF PROSKAUER ROSE LLP FOR
# COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
# EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
# AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF
# THE DEBTOR, THE PUERTO RICO SALES TAX FINANCING CORPORATION,
# FOR THE PERIOD MAY 5, 2017 THROUGH AND INCLUDING FEBRUARY 12, 2019

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the Puerto Rico Sales Tax Financing Corporation (the "Debtor" or "COFINA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this final application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17-BK-3283-LTS, ECF No. 3269] (the "Interim Compensation Order"), for (a) final allowance of compensation for professional services performed by Proskauer for the period commencing May 5, 2017 through and including February 12, 2019 (the "Overall Compensation Period") in the total amount of **$8,033,766.24**, which is comprised of (i) fees billed for professional services rendered in the amount of $7,832,952.00, $5,079,912.00 of which represents fees earned outside of Puerto Rico on or before December 9, 2018, $32,910.20 of which represents fees earned in Puerto Rico on or before December 9, 2018, and $2,720,129.80 represents fees earned on or after December 10,

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to PROMESA section 310.

2018,[5] less Proskauer fees reductions in the amount of $71,683.74 taken following negotiations with the Fee Examiner as reflected in the Omnibus Compensation Orders, and (ii) the Gross-Up Amount in the amount of $272,497.98;[6] and (b) reimbursement of its actual and necessary expenses incurred during the Overall Compensation Period in the total amount of **$175,857.99**, which is comprised of the expenses billed in the amount of $179,106.30, less reductions in the amount of $3,248.31 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders.  In support of the Application, Proskauer respectfully avers as follows:

### Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

### Background

4.      On June 30, 2016, the Oversight Board was established by PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's seven voting members.

---

[5]   Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico and (*ii*) work performed outside of Puerto Rico.  This was because Puerto Rico taxed Proskauer differently depending on whether work was performed on-island or off-island.  On December 10, 2018, Puerto Rico enacted tax reform (Act 257-2018) that eliminated this difference in tax treatment.  As a result, beginning on December 10, 2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

[6]   Proskauer will only request from the Debtor payment of the Gross-Up Amount if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not yet requested payment of the Gross-Up Amount.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On May 5, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for COFINA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.      Background information regarding the Debtor and the commencement of the Debtor's Title III Case is contained in the *Notice of Filing of Statement of Oversight Board in Connection with PROMESA Title III Petition* [Case No. 17-BK-3283-LTS, ECF No. 1], attached to the Commonwealth of Puerto Rico's Title III petition.

10.      On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period May 5, 2017 through September 30, 2017* [Case No. 17-BK-3283-LTS, ECF No. 2043] (the "First

4

Interim Application"). By the *Supplemental Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the First and Second Interim Compensation Periods from May 3 through September 30, 2017 and from October 1, 2017 through January 31, 2018*, entered on July 20, 2018 [Case No. 17-BK-3283-LTS, ECF No. 3656], the Court allowed payment of Proskauer's fees and expenses requested in the First Interim Application on an interim basis, less the adjustments recommended by the Fee Examiner in the Fee Examiner's respective report [Case No. 17-BK-3283-LTS, ECF No. 3613].

11.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period October 1, 2017 through January 31, 2018* [Case No. 17-BK-3283-LTS, ECF No. 2870] (the "Second Interim Application").   By the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Fourth Compensation Period from June 12 through September 30, 2018*, entered on March 14, 2019 [Case No. 17-3283, ECF No. 5654], the Court allowed payment of Proskauer's fees and expenses requested in the Second Interim Application on an interim basis, less the adjustments recommended by the Fee Examiner in the Fee Examiner's respective report [Case No. 17-BK-3283-LTS, ECF No. 5409].

12.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period February 1, 2018 through May 31, 2018* [Case No. 17-BK-3283-LTS, ECF No. 3571] (the

"Third Interim Application"). By the *Omnibus Order Awarding Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses for the Third Interim Compensation Period from February 1 through May 31, 2018 and Fourth Interim Compensation Period from June 12 through September 30, 2018*, entered on April 26, 2019 [Case No. 17-BK-3283-LTS, ECF No. 6523], the Court allowed payment of Proskauer's fees and expenses requested in the Third Interim Application on an interim basis, less the adjustments recommended by the Fee Examiner in the Fee Examiner's respective report [Case No. 17-BK-3283-LTS, ECF No. 6374].

13.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period June 1, 2018 through September 30, 2018* [Case No. 17-BK-3283-LTS, ECF No. 4279] (the "Fourth Interim Application").  Proskauer's negotiations with respects to the fees and expenses requested in the Fourth Interim Application are ongoing.

14.     On February 5, 2019, the Court entered the (i) *Amended Order and Judgment Confirming the Third Amended Title III Plan of Adjustment of Puerto Rico Sales tax Financing Corporation* [Case No. 17-BK-3284-LTS, ECF No. 561] (the "COFINA Confirmation Order") and the (ii) *Amended Memorandum of Findings of Fact and Conclusions of law in Connection With Confirmation of the Third Amended Title III Plan of Adjustment of Puerto Rico Sales tax Financing Corporation* [Case No. 17-BK-3284-LTS, ECF No. 560], confirming the COFINA Plan (as defined below).

6

15.     On February 12, 2019, the COFINA Plan effective date ("Effective Date") occurred, and the COFINA Plan was substantially consummated.  *See* Case No. 17-BK-3284-LTS, ECF No. 587.

16.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Sales Tax Financing Corporation, for the Period October 1, 2018 through February 12, 2019* [Case No. 17-BK-3283-LTS, ECF No. 7054] (the "Fifth Interim Application").  Proskauer's negotiations with respects to the fees and expenses requested in the Fifth Interim Application are ongoing.

17.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$8,209,624.23** (payment of ninety percent (90%) of the compensation sought, reimbursement of one-hundred percent (100%) of expenses incurred and the Gross-Up Amount) and has received $7,386,778.43 with respect to fee statements filed during the Overall Compensation Period.

**Summary of Services Rendered by Proskauer During the Overall Compensation Period**

18.     This Application is Proskauer's final fee application in the Debtor's Title III Case, seeking final approval of Proskauer's requested compensation for services rendered and reimbursement for expenses incurred during the Overall Compensation Period (the period from the Petition Date through the Effective Date).  As such, the Application covers only professional services already described in Proskauer's first, second, third, fourth and fifth interim applications.  To make matters easier for the Court and other readers, and to reduce duplication of efforts by Proskauer's professionals, a full description of the professional services rendered

7

during each interim compensation period is contained in each respective interim fee application and is not fully replicated here.

19.     In summary, no restructuring of the Commonwealth's debt and no rehabilitation of the Commonwealth's economy were possible before knowing whether the billions of dollars of sales and use taxes imposed by the Commonwealth belonged to the Commonwealth or COFINA.  That ownership issue was pivotal and hotly contested by the senior and junior creditors of COFINA and all the various types of creditors of the Commonwealth.  Proskauer (i) proposed a method of resolution of the ownership issue pursuant to which the Oversight Board, as representative of the Commonwealth, and the Oversight Board, as representative of COFINA, appointed agents to litigate and negotiate the issue, and (ii) engaged in further negotiations between the COFINA agent, COFINA creditors, and Oversight Board (through Proskauer) to formulate a Title III plan of adjustment for COFINA.  The judicial mediation team was instrumental in facilitating all the negotiations and leading them to successful conclusions.  As a result, the ownership issue was resolved once and for all, COFINA's debt approximating $17 billion was resolved, and the Commonwealth procured undisputed ownership going forward of a fixed share of the sales and use taxes, thereby making possible the rehabilitation and restructuring of the Commonwealth itself.  Proskauer and O'Neill & Borges LLC navigated all the legal work for the Oversight Board as agent, respectively, of COFINA and the Commonwealth, and achieved confirmation of the first plan of adjustment to be confirmed under PROMESA.

20.     During the Overall Compensation Period Proskauer worked on behalf of the Oversight Board, navigating the Debtor through a variety of complex matters and issues and culminating in the Debtor: (a) developing and negotiating a procedure for the settlement of the Commonwealth-COFINA dispute, (b) researching, drafting, filing, and obtaining approvals for a

8

disclosure statement, plan of adjustment (the "COFINA Plan") and 9019 settlement motion

between the Commonwealth and COFINA (the "Settlement Motion"), (c) objecting to numerous

claims filed against the Debtor, and (d) attending to numerous other issues, litigation and

hearings related to the prosecution of the Debtor's Title III Case.  The now-effective COFINA

Plan has successfully restructured COFINA's legacy debt, has established an important

cornerstone for the advancement and resolution of the other Title III cases, and constitutes a

major step forward in the Commonwealth's overall recovery.

21.     From the commencement of the Debtor's Title III Case through the successful

confirmation of the COFINA Plan, Proskauer's job was to represent COFINA to procure a

confirmed plan of adjustment.  Some of Proskauer's notable undertakings during the Overall

Compensation Period in furtherance and defense of the Oversight Board's mandate under

PROMESA of returning the Commonwealth to fiscal responsibility and access to capital

markets, particularly as it relates to the Debtor, include:

- **Commencement of COFINA's Title III Case**. On May 5, 2017, Proskauer
  commenced the Debtor's Title III Case to enable it to avail itself of Title III
  protections while maintaining normal operations.  More specifically, Proskauer (i)
  prepared first day pleadings, (ii) prepared accessible and comprehensive background
  and messaging materials to inform the Commonwealth's residents and stakeholders of
  the implications of the restructuring process, (iii) provided a process pursuant to which
  stakeholders and residents can obtain proper noticing and public access to information
  regarding the Debtor's Title III Case, and (iv) developed numerous protocols to
  facilitate the smooth administration of the Debtor's Title III Case, including
  procedures for case management and claim and bar dates.

- **Resolution of the Commonwealth-COFINA dispute**. During the Overall
  Compensation Period, Proskauer represented the Oversight Board in its important role
  of driving a resolution to the Commonwealth-COFINA dispute.  Proskauer negotiated
  and developed dispute procedures to provide competing stakeholders with a
  comprehensive, fair, and efficient structure for resolving the dispute.  These
  preliminary efforts resulted in the appointment of agents for the Commonwealth and
  COFINA, and the commencement of an adversary proceeding that defined the
  parameters for settlement negotiations.  Moreover, Proskauer researched, formulated,
  and drafted key pleadings central to the resolution of the dispute including the
  Settlement Motion.  The Settlement Motion and the consensual resolution to the
  dispute it embodied (involving a detailed split of certain sales and use taxes for the

Commonwealth and COFINA respectively) were the culmination of over a year of negotiations and litigation relating to the Commonwealth-COFINA dispute. They formed a key milestone in the Debtor's Title III Case and in the overall economic recovery of the island.

- **The COFINA Plan**. Proskauer negotiated, drafted and prosecuted key pleadings leading to the resolution of the Debtor's Title III Case, including (i) a disclosure statement for COFINA; (ii) the COFINA Plan; and (iii) a motion to approve the disclosure statement. A core team of Proskauer professionals prosecuted the COFINA Plan and attended a two-day long hearing on January 16, 2019 regarding the confirmation of the COFINA Plan and the Settlement Motion. The results of Proskauer's efforts were that, (i) on February 4, 2019, the Court entered the *Memorandum Opinion and Order Approving Settlement Between Commonwealth of Puerto Rico and Puerto Rico Sales tax Financing Corporation*, [Case No. 17-BK-3283-LTS, ECF No. 5045], and on February 5, 2019, the Court entered the COFINA Confirmation Order. The confirmation of the COFINA Plan was an important milestone not only for COFINA but for Puerto Rico as a whole. The COFINA Plan reduced by 32% COFINA's approximately $17 billion of funded indebtedness, out of the approximately $74 billion in Puerto Rico debt. In doing so, the COFINA Plan provides average annual savings on COFINA debt service through 2057 of approximately $456 million. Furthermore, through the COFINA Plan, the gating issue of the ownership of certain sales and use taxes (the "SUT") between COFINA and the Commonwealth was finally settled. Accordingly, the confirmation of the COFINA Plan represented a significant accomplishment for COFINA and the people of Puerto Rico to move forward towards economic recovery.

- **Objections to claims against COFINA**. Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521 and 3160], approximately 165,466 proofs of claim were timely filed against the Debtors and logged by Prime Clerk. Such proofs of claim total approximately $43.5 trillion in asserted claims against the Debtors. Of the proofs of claim filed, approximately 3,500 were timely filed in relation to COFINA. The COFINA-related proofs of claim total approximately $10.1 trillion in asserted claims. COFINA is a special purpose entity with only approximately $17 billion of funded indebtedness. Based on this, it was clear that substantially all of such claims were unallowable. Additionally, in accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffered from some other flaw, such as improperly identifying COFINA as the debtor, or being duplicative of other proofs of claim. In connection with these claims, Proskauer, working with other professionals, filed a total of 19 omnibus objections and over 20 individual objections to claims filed against COFINA. Proskauer spent a significant amount of time and effort reviewing responses to the various objection to claims, negotiating resolutions to the objections with creditors, preparing and filing replies in support of their objections, and attending several related hearings. The end result was approximately 3,100 claims were disallowed, subordinated or reclassified to be asserted against another debtor.

22.     For a more detailed summary of Proskauer's accomplishments through the Overall Compensation Period, please see Proskauer's interim fee applications for the Debtor [Case No. 17-BK-3283-LTS, ECF Nos. 2043, 2870, 3571, 4279 & 7054].

23.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings that included both contested and uncontested matters; (c) researched jurisprudence regarding proposed plan issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **<u>Schedule 3</u>** and **<u>Exhibit B</u>** to each of Proskauer's first through fifth interim fee applications.

24.     By this Application, Proskauer seeks final allowance of (a) **$7,761,268.26** as compensation for professional services rendered, $5,079,912.00 of which represents fees earned outside of Puerto Rico on or before December 9, 2018, $32,910.20 of which represents fees earned in Puerto Rico on or before December 9, 2018, and $2,720,129.80 represents fees earned on or after December 10, 2018,[7] less Proskauer fees reductions in the amount of $71,683.74 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders; (b) **$175,857.99** as reimbursement for actual and necessary expenses incurred during the Overall Compensation Period in connection with such professional services, which is comprised of the expenses billed in the amount of $179,106.30, less reductions in the amount of $3,248.31 taken following negotiations with the Fee Examiner; and (c) the Gross-Up Amount in the amount of **$272,497.98**.[8]  Notably, this Application reflects aggregate voluntary

---

[7]  Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico and (*ii*) work performed outside of Puerto Rico.  This was because Puerto Rico taxed Proskauer differently depending on whether work was performed on-island or off-island.  On December 10, 2018, Puerto Rico enacted tax reform (Act 257-2018) that eliminated this difference in tax treatment.  As a result, beginning on December 10, 2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

[8]  Proskauer will only request from the Debtor payment of the Gross-Up Amount if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax

reductions made during the Overall Compensation Period to Proskauer's request for compensation and reimbursement of expenses in the total amounts of $175,926.80 and $69,199.54, respectively, on top of the sizeable discount embedded in its engagement letter with the Oversight Board, in which it fixed hourly rates at levels providing up to 45% discounts on the hourly rates of its most senior partners.

25.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.   Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the respective interim compensation periods were attached as **Exhibit B** of Proskauer's first through fifth interim fee applications.

26.     Proskauer's budget and staffing plan for the Overall Compensation Period are attached hereto as **Exhibits C** and **D**.

27.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board is set forth on **Schedule 2**. During the Overall Compensation Period, Proskauer billed the Oversight Board for time expended by attorneys based on a set initial rate of $730, which increased by four-percent, rounded down to $759 on January 1, 2018, and further to $789 on January 1, 2019.[9]  The professional services performed by Proskauer on behalf of the Oversight Board as representative

---

credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not requested payment of the Gross-Up Amount.

[9] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2.  Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1.  Proskauer's Engagement Letter provides that Proskauer's rates will be increased on January 1 (rather than on November 1) by the lower of

of the Debtor during the Overall Compensation Period required an aggregate expenditure of 4,499.50 recorded hours by Proskauer's partners and senior counsel; 5,396.90 recorded hours by associates; 5.70 recorded hours by e-discovery attorneys;[10] 437.70 recorded hours by law clerks;[11] and 827.80 recorded hours by paraprofessionals. As required by the Guidelines, **Exhibit B** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred. In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**. The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Overall Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board. The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents. **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive, market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees. No Proskauer rates are increased as a result of the geographic location of a bankruptcy case.

28.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual

---

the percentage rate increase announced as of November 1 and four percent. Because Proskauer's fees under the Engagement Letter are a blended rate, no annual step increases were applicable to the rates charged in this matter.

[10] In the first through fourth interim compensation periods, e-discovery attorneys were billed out at the same rate as paraprofessionals. As of January 1, 2019, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, with the rate of $390 per hour.

performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each Project Category is organized in accordance with Guidelines paragraph C.8.b.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

29.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Response: Yes. As explained in more detail in the Engagement Letter, in connection with its representation of the Oversight Board, both inside and outside of Title III, Proskauer agreed to a fee arrangement whereby (a) prior to January 1, 2018, partners, counsel, and associates were billed at $730 per hour, and all other staff were billed at $250 per hour, (b) from January 1, 2018 to January 1, 2019, partners, counsel, and associates were billed at $759 per hour, and all other staff were billed at $260 per hour, and (c) as of January 1, 2019, partners, counsel, and associates are billed at $789 per hour, e-discovery attorneys are billed at $390 per hour,[12] and all other staff are billed at $270 per hour.
>
> **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response: The total fees sought in this Application did not exceed total budgeted fees.
>
> **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response: No.
>
> **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include

---

[11] Law clerks are incoming attorneys who have not yet been admitted or sworn into the bar. Once admitted and sworn into the bar, the timing of which varies on an individual- and jurisdictional-basis, such individuals are reclassified and billed as associates beginning on the first day of the month following such admission.

[12] As discussed above, Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent as of January 1, 2019. Additionally at that time, with the client's knowledge and permission, Proskauer created a new rate class, e-Discovery Attorney, with the rate of $390 per hour.

reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response:   No time was spent redacting time records on account of privilege concerns.   However, the Application does include time related to reviewing time records to redact time entries pursuant to Court-ordered mediation confidentiality.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response:   Yes.  The Engagement Letter provides that Proskauer's rates will be increased on January 1 (rather than on November 1, the beginning of Proskauer's fiscal year) by the lower of the percentage rate increase announced as of November 1 and four percent.  As Proskauer's announced percentage rate increase exceeded four percent on November 1, 2017, and exceeded four percent on November 1, 2018, Proskauer's rates with respect to its representation of the Oversight Board were increased by four percent on January 1, 2018, and by four percent again on January 1, 2019.

### Puerto Rico Tax Law Changes

30.   Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.  As a result, until December 10, 2018, Proskauer prepared separate invoices each month for (i) work performed in Puerto Rico and (ii) work performed outside of Puerto Rico.

31.   On December 10, 2018, Puerto Rico enacted Act 257-2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was

performed.  Under Act 257-2018, all Proskauer fees incurred on or after December 10, 2018—

regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the

time of payment.  As a result, for all work from December 10, 2018 onwards, Proskauer's bills

and invoices stopped differentiating between work performed in Puerto Rico and work

performed outside of Puerto Rico.

32.     Proskauer requests approval now, as part of its fees and expenses, of the amount

required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by Act

257-2018 starting December 10, 2019 (the "Withholding"), in the amount of **$272,497.98**.

Proskauer will only request payment of the Gross-Up Amount from the Debtor if and when

Proskauer partners receive a determination or objection from the Internal Revenue Service that

the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date

hereof, Proskauer has not requested payment of the Gross-Up Amount.

**Hearings and Conferences**

33.     During the Overall Compensation Period, Proskauer attorneys attended hearings

and participated in numerous meetings and teleconferences with the Oversight Board, the

Oversight Board's other professional advisors, the Fiscal Agency and Financial Advisory

Authority ("AAFAF") and its professional advisors, the Official Committee of Unsecured

Creditors (the "UCC") and its professional advisors, and the Debtors' creditors and their

professional advisors.   Proskauer attorneys also participated in internal meetings and

conferences.  The Debtor's Title III Case posed complex, often interrelated issues that frequently

required the attendance of more than one professional at hearings and conferences.   This

facilitated the sharing of information among professionals handling different but related work

streams and possessing different areas of expertise that were brought to bear on a multitude of

issues.  Having more than one Proskauer attorney participate in hearings and conferences was

often essential when one attorney was not handling every issue, and was beneficial to the Oversight Board when attendance by more than one attorney (telephonic and/or in-person) reduced the need for internal de-briefing meetings and therefore allowed Proskauer to represent the Debtor in a more cost-efficient manner to avoid unnecessary duplication and expense. Proskauer limited multiple participation to the most critical work streams for which attendance by more than one professional was actually necessary to provide efficient and appropriate representation for the Debtor.

34.    For a more complete detailing of Proskauer's efforts to limit multiple participation through the Overall Compensation Period, please see Proskauer's first through fifth interim fee applications for the Debtor [Case No. 17-BK-3283-LTS, ECF Nos. 2043, 2870, 3571, 4279 & 7054]. In summary, Proskauer has been committed to staffing hearings and events with a minimal amount of necessary timekeepers.

### Summary Description of Professional Services

35.    The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Overall Compensation Period.[13] Only Project Categories for which Proskauer billed more than 10 hours are summarized below.

---

[13] Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico and (*ii*) work performed outside of Puerto Rico. This was because Puerto Rico taxed Proskauer differently depending on whether work was performed on-island or off-island. On December 10, 2018, Puerto Rico enacted tax reform (Act 257-2018) that eliminated this difference in tax treatment. As a result, beginning on December 10, 2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

I.    **Matter No. 33260/010 (PROMESA Title III: COFINA) and No. 33260/027
(PROMESA Title III: COFINA Puerto Rico)**

36.    These matter numbers cover time spent relating to the core COFINA Title III
case, including, for example, time spent regarding mediation, fiscal plan issues, and working on
disclosure statements or plans of adjustment.

(a)    Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
(Project Category 201)
(Fees: $28,633.70; Hours: 38.60)
(Fees for work performed in Puerto Rico: $1,214.40; Hours: 1.60)
(Aggregate Fees: $29,848.10; Aggregate Hours: 40.20)

37.    This Project Category includes time spent communicating with the Oversight
Board, the Debtor, and their representatives, agents, and consultants.   Specifically, Proskauer
attorneys and paraprofessionals spent time:

- Communicating with Oversight Board and its other professionals regarding
Debtor's Title III case strategy issues, economic analyses, fiscal plans issues,
consulting matters, and litigation strategy;

- Communicating with Oversight Board and its other professionals regarding
document preservation and discovery issues in litigation related to the Debtor's
Title III case;

- Communicating with Oversight Board and its other professionals regarding
multitude of legal and procedural issues related to the GO-COFINA dispute, the
Bank of New York interpleader proceeding, and the Commonwealth-COFINA
dispute and settlement; and

- Communicating with Oversight Board and its other professionals regarding
multitude of issues related to developing, filing and confirming the Debtor's plan
of adjustment, including, among others, potential plan structure, creditors' voting
rights, flow of funds, tax issues, restructuring fees, swap claims, bond indentures,
and other restructuring and transformation related issues.

(b)    Legal Research (Project Category 202)
(Fees: $209,461.70; Hours: 352.50)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $209,461.70; Aggregate Hours: 352.50)

38.    This Project Category includes time spent researching and analyzing legal issues,
as well as time spent drafting internal memoranda and/or draft briefs related to such research and

18

analysis, to the extent that such is not expressly covered by another Project Category.

Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching and analyzing a variety of legal issues in connection with the Debtor's Title III Case, including among others, legislative history of specific PROMESA provisions, issues related to standing, intervention, and dismissal of actions;

- Researching and analyzing issues concerning discovery and production of records and related privilege issues;

- Researching and analyzing a variety of legal issues in connection with the development of the Debtor's plan of adjustment, including various topics raised by creditors, PROMESA compliance, applicability of certain bankruptcy rules in PROMESA, rights of creditors, pre-petition interest, tax related issues, issues related to disclosure and to omnibus objections to claims; and

- Researching and analyzing a variety of procedural issues in preparation for the confirmation hearing, including treatment of experts and admissibility of evidence.

(c) <u>Hearings and Other Non-Filed Communications with the Court (Project Category 203)</u>
(Fees:  $<u>163,878.20</u>; Hours:  <u>223.80</u>)
(Fees for work performed in Puerto Rico:  $<u>0.00</u>; Hours:  <u>0.00</u>)
(Aggregate Fees: $<u>163,878.20</u>; Aggregate Hours:  <u>223.80</u>)

39. This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with the Court regarding applicable rules and requirements and on scheduling and procedure related matters;

- Communicating with the Court regarding hearing dates and drafting hearing agendas and informative motions;

- Preparing for and participating in multiple omnibus hearings, the hearing on approval of the Debtor's disclosure statement, and in the plan of adjustment confirmation hearing; and

- Reviewing and analyzing transcripts of court hearings.

(d)  Communications with Claimholders (Project Category 204)
(Fees: $336,345.50; Hours: 455.10)
(Fees for work performed in Puerto Rico: $455.40; Hours: 0.60)
(Aggregate Fees: $336,800.90; Aggregate Hours: 455.70)

40.    This Project Category includes time spent communicating with the Debtor's

various claimholders.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and responding to multiple creditors' inquiries regarding the Debtor's Title III Case and PROMESA;

- Communicating with counsel to the Bank of New York regarding the Oversight Board's position in the interpleader action;

- Communicating with counsel to COFINA bondholders and monolines regarding GO-COFINA dispute resolution procedures;

- Communicating with various opposing counsel regarding discovery issues and preparing for and participating in and meet-and-confer sessions with counsel to Debtor's bondholders;

- Communicating and participating in meetings with advisors to COFINA's bondholders and to statutory committees on a variety of legal issues in preparation for court-ordered mediation sessions;

- Preparing for and participating in court-ordered mediation sessions and drafting related memoranda to Judge Houser; and

- Communicating and participating in meetings with advisors to COFINA's bondholders and to statutory committees regarding approval of the Debtor's proposed plan of adjustment and on voting process related issues, claimants' objections to the plan, and reconciliation and withdrawal of claims.

(e)  Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)
(Fees: $108,029.70; Hours: 147.30)
(Fees for work performed in Puerto Rico: $516.80; Hours: 0.70)
(Aggregate Fees: $108,546.50; Aggregate Hours: 148.00)

41.    This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Communicating with counsel and other advisors to AAFAF on a variety of issues concerning Debtor's Title III case strategy, including among others, Debtor's response to the Bank of New York interpleader action, Debtor's position in the GO-COFINA dispute, and the collection of sales and use taxes in the wake of Hurricane Maria;

20

- Communicating with the COFINA Agent, Commonwealth Agent, and counsel and advisors to AAFAF concerning the scope of agency issues; and

- Communicating with counsel and other advisors to AAFAF regarding Debtor's litigation strategy, court-ordered mediation related issues, discovery disputes and related privilege issues.

(f) Documents Filed on Behalf of the Board (Project Category 206)
    (Fees: $1,309,970.90; Hours: 1,806.00)
    (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
    (Aggregate Fees: $1,309,970.90; Aggregate Hours: 1,806.00)

42.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conducting research and analysis and drafting first day motions and orders;

- Drafting various pleadings and memoranda related to the Bank of New York interpleader action, including motions, objections, and replies;

- Drafting various pleadings and memoranda related to the GO-COFINA dispute, including extensive briefing of complex legal issues in motions, objections, replies, and protocol stipulations;

- Drafting pleadings and memoranda relating to the scope of the Commonwealth and COFINA agents' duties;

- Conducting research and drafting discovery requests and responses in litigation related to the Debtor's Title III Case;

- Conducting research and drafting an opposition to the motion by the COFINA agent to certify legal issues to the Puerto Rico Supreme Court in the Commonwealth-COFINA dispute;

- Conducting research and analysis and drafting the proposed motion to approve the Commonwealth-COFINA settlement;

- Conducting research and analysis and drafting the Debtor's plan of adjustment, plan supplements and disclosure statement, pleadings related to the approval of the disclosure statement and plan of adjustment, and to solicitation and voting processes, and responses to creditors' objections to the plan and voting procedures;

- Conducting research and analysis and drafting multiple omnibus objections to claims, and pleadings related to reconciliation and withdrawal of claims;

- Conducting research and analysis and drafting multiple motions related to assumption and rejection of the Debtor's contractual obligations and agreements; and

- Drafting multiple pleadings related to procedural and scheduling issues and extension of deadlines.

(g) Non-Board Court Filings (Project Category 207)
(Fees: $348,745.80; Hours: 480.10)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $348,745.80; Aggregate Hours: 480.10)

43. This Project Category includes time spent reviewing and commenting on Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing multiple pleadings and claims filed by various parties in interest, including AAFAF, the Bank of New York, the Debtor's senior bondholders and the UCC related to the Bank of New York interpleader action, the GO-COFINA dispute and the Commonwealth-COFINA dispute;

- Reviewing and analyzing multiple discovery requests filed by parties in interest, including AAFAF, the Bank of New York, the Debtor's senior bondholders, and the UCC;

- Reviewing and analyzing motions by the UCC, Retiree Committee and COFINA agent related to extension of deadlines and scheduling issues;

- Reviewing and analyzing motion by the UCC to enforce the stipulation resolving the Commonwealth-COFINA dispute;

- Reviewing and analyzing objections and comments by creditors to the Debtor's plan of adjustment and disclosure statement; and

- Reviewing multiple orders by Judge Swain related to procedures for approval of the Debtor's proposed disclosure statement, solicitation and voting process, and to the plan of adjustment confirmation hearing.

(h) Stay Matters (Project Category 208)
(Fees: $9,439.00; Hours: 15.10)
(Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
(Aggregate Fees: $9,439.00; Aggregate Hours: 15.10)

44. This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Researching stay issues under PROMESA;

- Analyzing removal, stay and transfer issues and developing related litigation strategy;

- Researching application of the automatic stay to certain actions taken to accelerate debt under the Debtor's debt documents; and

- Drafting motions relating to stay issues and supporting memoranda of law in the Debtor's Title III proceedings.

(i) <u>Adversary Proceeding (Project Category 209)</u>
(Fees: $<u>101,128.80</u>; Hours: <u>173.40</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>101,128.80</u>; Aggregate Hours: <u>173.40</u>)

45. This project category includes time spent on various contested matters and adversary proceedings, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time:

- Reviewing and analyzing pleadings in adversary proceedings;

- Coordinating discovery across various adversary proceedings;

- Drafting responses to discovery requests in adversary proceedings;

- Coordinating document preservation and collection efforts; and

- Performing document review and coordinating document production in response to discovery requests in adversary proceedings.

(j) <u>Analysis and Strategy (Project Category 210)</u>
(Fees: $<u>307,979.90</u>; Hours: <u>427.40</u>)
(Fees for work performed in Puerto Rico: $<u>1,815.80</u>; Hours: <u>2.40</u>)
(Aggregate Fees: $<u>309,795.70</u>; Aggregate Hours: <u>429.80</u>)

46. This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(k) <u>Non-Working Travel Time (Project Category 211)</u>
(Fees: $<u>83,954.10</u>; Hours: <u>126.70</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>83,954.10</u>; Aggregate Hours: <u>126.70</u>)

47.     This Project Category includes time spent traveling on behalf of the Oversight Board and the Debtor, during which no billable work is performed.  Fees in this Project Category are billed at fifty percent (50%).

(l)     General Administration (Project Category 212)
        (Fees: $173,395.40; Hours: 625.60)
        (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
        (Aggregate Fees: $173,395.40; Aggregate Hours: 625.60)

48.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities, including maintaining the case calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(m)     Plan of Adjustment and Disclosure Statement (Project Category 215)
        (Fees: $3,297,529.50; Hours: 4,386.90)
        (Fees for work performed in Puerto Rico: $21,555.60; Hours: 28.40)
        (Aggregate Fees: $3,319,085.10; Aggregate Hours: 4,415.30)

49.     This Project Category includes time spent on issues related to the terms of a proposed Title III plan.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board, statutory committees, bondholders and their respective advisors, developing strategy for the Debtor's plan of adjustment, drafting the Debtor's proposed disclosure statement, plan of adjustment, plan support agreement, plan supplements and other plan related documents and pleadings, and responding to comments by creditors;

- Conducting research and analysis of various plan of adjustment-related issues, including, among others, potential plan structure, creditors' voting rights, flow of funds, tax issues, restructuring fees, swap claims, bond indentures and other securities related issues, and drafting related memoranda to the Oversight Board and creditors;

- Reporting in court to Judge Swain, and conferring with creditors' counsel and with other advisors to the Board and drafting multiple objections to claims, including omnibus objections, and pleadings and stipulations related to reconciliation and withdrawal of claims;

- Researching solicitation and confirmation procedures, conferring with Judge Swain and Judge Houser, the Oversight Board, the statutory committees and creditors, and drafting ballots, election notices, motions for approval of the disclosure statement, solicitation materials and voting procedures, and drafting a proposed confirmation calendar;

- Conferring with Prime Clerk regarding omnibus objections to claims and the logistics of solicitation and voting on the Debtor's plan of adjustment, reviewing voting reports and preparing analyses for the Oversight Board, its advisors, and creditors' counsel;

- Conferring with the Oversight Board and its other advisors and developing confirmation hearing strategy, drafting proposed findings of fact and conclusions of law, proposed order confirming the plan and declarations in support of the plan, drafting responses and evidentiary objections to creditors' opposition to the proposed plan, drafting and objecting to motions in limine, and otherwise preparing for the confirmation hearing; and

- Participating in the confirmation hearing and post-hearing conferences with the Oversight Board and its other advisors, revising proposed findings of fact and conclusions of law, reviewing and analyzing post-confirmation challenges to the confirmation of the plan, and drafting court-ordered supplemental briefing in support of the confirmation, additional plan supplements, and revising related indentures and agreements.

(n)   <u>Confirmation (Project Category 216)</u>
(Fees: $<u>415,420.80</u>; Hours: <u>559.80</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>415,420.80</u>; Aggregate Hours: <u>559.80</u>)

50.   This Project Category includes time spent reviewing materials relating to plan confirmation.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board, statutory committees, bondholders and their respective advisors regarding the confirmation process and procedures;

-  Conferring with Prime Clerk regarding the solicitation process, monitoring and analyzing the ballot results, and drafting the vote tabulation declaration;

- Analyzing letters to the Court and objections to the confirmation brief, responding to the objections, and drafting urgent motions related to the confirmation hearing;

- Analyzing plan related documents and pleadings and compiling exhibits for the confirmation hearing, preparing witnesses and experts for testimony, and otherwise preparing for the confirmation hearing; and

- Participating in the confirmation hearing, reviewing and analyzing hearing and closing materials, and estimating next steps in connection with the plan effective date.

(o) <u>Tax (Project Category 217)</u>
(Fees: $<u>614,129.10</u>; Hours: <u>833.70</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>614,129.10</u>; Aggregate Hours: <u>833.70</u>)

51.     This Project Category includes time spent on tax matters involving the Debtor.

Specifically, Proskauer attorneys and paraprofessionals spent time:

- Conferring with the Oversight Board, statutory committees, bondholders, and their respective advisors on tax-related issues in connection with the Debtor's proposed plan of adjustment, proposed structure of COFINA bonds, and tax-related disclosures;

- Conducting research and drafting tax-related sections of the plan documents and related memoranda for the Oversight Board and creditors' counsel;

- Conferring with Internal Revenue Service and the Board's other advisors, conducting research and analysis, and drafting the Debtor's ruling request to the IRS related to the issuance of restructured COFINA bonds and a supplemental submission thereof;

- Analyzing the impact of the December 2018 Puerto Rico tax reform on the Debtor's proposed plan of adjustment; and

- Reviewing and revising the disclosure statement, plan of adjustment, plan support agreement, draft indentures and trust agreements, and other plan related documents to ensure the adequacy of tax-related disclosures.

(p) <u>Employment and Fee Applications (Project Category 218)</u>
(Fees: $<u>59,880.30</u>; Hours: <u>170.30</u>)
(Fees for work performed in Puerto Rico: $<u>0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: $<u>59,880.30</u>; Aggregate Hours: <u>170.30</u>)

52.     This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals. Specifically, Proskauer attorneys and paraprofessionals spent time communicating with the Fee Examiner on compensation related issues and drafting Proskauer's interim fee applications.

## II.     **Matter No. 33260/042 (PROMESA Title III: COFINA - BNYM) and No. 33260/942 (PROMESA Title III: COFINA- BNYM Puerto Rico)**

53.     These matter numbers cover time spent relating to the interpleader action *The Bank of New York Mellon v. COFINA*, Case No. 17-AP-133.

     (a)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  $\underline{$14,117.40}$; Hours:  $\underline{18.60}$)
(Fees for work performed in Puerto Rico:  $\underline{$531.30}$; Hours:  $\underline{0.70}$)
(Aggregate Fees:  $\underline{$14,648.70}$; Aggregate Hours:  $\underline{19.30}$)

54.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time conducting research and analysis and drafting the Debtor's objection to the BNYM motion to re-instate its partial summary judgment motion.

## III.   <u>Matter No. 33260/044 (PROMESA Title III: COFINA - Miscellaneous) and No. 33260/944 (PROMESA Title III: COFINA- Miscellaneous Puerto Rico)</u>

55.    These matter numbers cover time spent working on adversary proceedings and any appeals related thereto.  Items billed to this matter included work on *Natal-Albelo v. FOMB*, Case No. 19-AP-003.

     (a)   <u>Legal Research (Project Category 202)</u>
(Fees:  $\underline{$20,893.50}$; Hours: $\underline{26.50}$)
(Fees for work performed in Puerto Rico:  $\underline{$0.00}$; Hours:  $\underline{0.00}$)
(Aggregate Fees:  $\underline{$20,893.50}$; Aggregate Hours:  $\underline{26.50}$)

56.    This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time researching and analyzing a variety of legal issues in connection with the motion to dismiss the *Natal-Albelo* complaint, including standards for claim preclusion, collateral estoppel and res judicata.

(b) <u>Communications with Claimholders (Project Category 204)</u>
(Fees: <u>$14,912.10</u>; Hours: <u>18.90</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$14,912.10</u>; Aggregate Hours: <u>18.90</u>)

57.     This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys and paraprofessionals spent time drafting meet-and-confer letter in connection with the motion to dismiss the *Natal-Albelo* complaint.

(c) <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees: <u>$133,890.90</u>; Hours: <u>170.10</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$133,890.90</u>; Aggregate Hours: <u>170.10</u>)

58.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys and paraprofessionals spent time analyzing the complaint, conducting research and analysis, developing litigation strategy, and drafting the notice of removal of the case to the United States District Court for the District of Puerto Rico and motion to dismiss the *Natal-Albelo* adversary proceeding.

(d) <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$24,467.40</u>; Hours: <u>31.60</u>)
(Fees for work performed in Puerto Rico: <u>$0.00</u>; Hours: <u>0.00</u>)
(Aggregate Fees: <u>$24,467.40</u>; Aggregate Hours: <u>31.60</u>)

59.     This Project Category includes time spent related to (a) legal analysis in, and strategic approach to, the Debtor's Title III Case and varied issues relating thereto, including meetings to discuss strategic case considerations, the status of various work streams, and next steps, and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category.

(e)   Tax (Project Category 217)
     (Fees: $10,880.20; Hours: 13.80)
     (Fees for work performed in Puerto Rico: $0.00; Hours: 0.00)
     (Aggregate Fees: $10,888.20; Aggregate Hours: 13.80)

60.     This Project Category includes time spent on tax matters involving the Debtor. Specifically, Proskauer attorneys and paraprofessionals spent time reviewing and analyzing tax related issues due to government shutdown and Puerto Rico tax reform.

*     *     *     *

61.     The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Overall Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, the Commonwealth's residents, and other stakeholders. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved. The professional services were performed with expedition and in an efficient manner.

62.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

63.     In the ordinary course of Proskauer's practice, Proskauer maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought. For the convenience of the Court and all parties in interest, **Schedule 4** presents a summary for the Overall Compensation Period, setting forth

29

the total amount of reimbursement sought with respect to each category of expenses for which Proskauer is seeking reimbursement.

64.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) delivery services and couriers, (d) postage, (e) local travel to and from airports, (f) out-of-town travel, (g) out-of-town meals, (h) transcription services, (i) litigation support, (j) conference services, and (k) professional services.  All expense entries (detailed in **Exhibit B** to each of the interim fee applications) comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's non-bankruptcy clients and by other comparable professionals.

65.    Proskauer generally charges $0.10 (black and white) to $0.30 (color) per page for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  The expenditures Proskauer is seeking reimbursement for and which are detailed on **Schedule 4** are all of the type customarily billed to clients.

66.    During the Overall Compensation Period, Proskauer has disbursed $179,106.30 as necessary and reasonable expenses, less reductions in the amount of $3,248.31 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders.

These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services). Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

67.    All services for which Proskauer seeks compensation and expenses for which it seeks reimbursement were performed on behalf of the Oversight Board as representative of the Debtor. In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor. There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

68.    PROMESA section 316 provides for compensation of professionals and governs the Court's award of such compensation. Section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;

(2) the rates charged for such services;

(3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

69.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### **Reservations**

70.     Proskauer has made all efforts to ensure the Application appropriately captures all time or disbursement charges for services rendered or expenses incurred during the Overall Compensation Period.  However, Proskauer reserves the right to request compensation for services and reimbursement of expenses performed for the Debtor during the Overall Compensation Period not captured in this Application in a future application to the Court.

## Notice

71.     Pursuant to the Interim Compensation Order, notice of this Application has been

filed in the Debtor's Title III Case and the jointly-administered Commonwealth of Puerto Rico's

Title III case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC,  250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813, Attn: Hermann D. Bauer, Esq. (hermann.bauer@ oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muniz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan P.R. 00917, Attn.: Luis C. Marini-Biaggi, Esq., (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: *In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street,

Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.
com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar,
García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce
de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq.
(ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan,
PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of
Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E.
Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting
(Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez,
Deputy Assistant Secretary of Internal Revenue and Tax Policy
(angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant
Secretary of Internal Revenue and Tax Policy (francisco.
pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA,
Assistant Secretary of the Treasury (Francisco.Pena@hacienda.
pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252
Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR
00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main
Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler
(KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing

on a final basis compensation for professional services rendered during the Overall

Compensation Period in the total amount of **$8,033,766.24**, which is comprised of (i) fees billed

for professional services rendered in the amount of $7,832,952.00, $5,079,912.00 of which

represents fees earned outside of Puerto Rico on or before December 9, 2018, $32,910.20 of

which represents fees earned in Puerto Rico on or before December 9, 2018, and $2,720,129.80

represents fees earned on or after December 10, 2018,[14] less Proskauer fees reductions in the

---

[14]  Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico
and (*ii*) work performed outside of Puerto Rico.  This was because Puerto Rico taxed Proskauer differently
depending on whether work was performed on-island or off-island.  On December 10, 2018, Puerto Rico enacted tax
reform (Act 257-2018) that eliminated this difference in tax treatment.  As a result, beginning on December 10,

amount of $71,683.74 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders, and (ii) the Gross-Up Amount in the amount of $272,497.98;[15] and reimbursement of its actual and necessary expenses incurred during the Overall Compensation Period in the total amount of **$175,857.99**, which is comprised of the expenses billed in the amount of $179,106.30, less reductions in the amount of $3,248.31 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Overall Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer; (c) allowing on a final basis such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Overall Compensation Period, which were not processed at the time of this Application; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

---

2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

[15]  Proskauer will only request from the Debtor payment of the Gross-Up Amount if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  As of the date hereof, Proskauer has not requested payment of the Gross-Up Amount.

Dated: June 13, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Maja Zerjal (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      brosen@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com
      mzerjal@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*