**Proposed Order**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

   Debtors.[1]

PROMESA
Title III

Case No. 17-BK-3283-LTS

(Jointly Administered)

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

PUERTO RICO SALES TAX FINANCING
CORPORATION, *et al.*,

   Debtor.

PROMESA
Title III

Case No. 17-BK-3284-LTS

---------------------------------------------------------------x

**ORDER APPROVING
FINAL APPLICATION OF PROSKAUER ROSE LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF
THE DEBTOR, THE PUERTO RICO SALES TAX FINANCING CORPORATION,
FOR THE PERIOD MAY 5, 2017 THROUGH AND INCLUDING FEBRUARY 12, 2019**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Upon the application (the "Application")[2] of Proskauer Rose LLP ("Proskauer"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") acting as representative of the Puerto Rico Sales Tax Financing Corporation (the "Debtor") under section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[3] seeking, pursuant to (a) PROMESA sections 316 and 317, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1, (d) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Case No. 17-BK-3283-LTS, ECF No. 3269], final allowance of (a) compensation for professional services rendered by Proskauer for the period commencing May 5, 2017 through and including February 12, 2019 in the total amount of $8,033,766.24, which is comprised of (i) fees billed for professional services rendered in the amount of $7,832,952.00, $5,079,912.00 of which represents fees earned outside of Puerto Rico on or before December 9, 2018, $32,910.20 of which represents fees earned in Puerto Rico on or before December 9, 2018, and $2,720,129.80 represents fees earned on or after December 10, 2018,[4] less Proskauer fees reductions in the amount of $71,683.74 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders, and (ii) the Gross-Up Amount in the

---

[2] Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.
[3] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.
[4] Until December 10, 2018, Proskauer prepared separate invoices each month for (*i*) work performed in Puerto Rico and (*ii*) work performed outside of Puerto Rico. This was because Puerto Rico taxed Proskauer differently depending on whether work was performed on-island or off-island. On December 10, 2018, Puerto Rico enacted tax reform (Act 257-2018) that eliminated this difference in tax treatment. As a result, beginning on December 10, 2018, Proskauer's bills and invoices stopped differentiating between work performed in Puerto Rico and work performed outside of Puerto Rico.

2

amount of $272,497.98;[5] and (b) reimbursement of its actual and necessary expenses incurred during the Overall Compensation Period in the total amount of $175,857.99, which is comprised of the expenses billed in the amount of $179,106.30, less reductions in the amount of $3,248.31 taken following negotiations with the Fee Examiner as reflected in the Omnibus Interim Compensation Orders; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1.  The Application is GRANTED as set forth herein.

2.  Compensation to Proskauer for professional services rendered during the Overall Compensation Period is allowed on a final basis in the total amount of **$8,033,766.24.**

3.  Reimbursement to Proskauer for expenses incurred during the Overall Compensation Period is allowed on a final basis in the total amount of **$175,857.99**.

4.  The Debtor is authorized and directed to pay Proskauer all fees and expenses allowed pursuant to this order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.[6]

5.  The compensation for professional services rendered and reimbursement of actual and necessary expenses incurred allowed pursuant to this order is without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Overall Compensation Period, which were not processed at the time of the Application.

---

[5] Proskauer will only request from the Debtor payment of the Gross-Up Amount if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. As of the date hereof, Proskauer has not requested payment of the Gross-Up Amount.

3

6.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

Dated: _____, 2019
       San Juan, Puerto Rico

_____
Honorable Laura Taylor Swain
United States District Judge

---

[6] The Debtor is directed to pay the Gross-Up Amount upon receiving notification from Proskauer that it received a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.

4