Hearing Date: **July 24, 2019 at 9:30 a.m. (AST) / (ET)**
Objection Deadline: **July 9, 2019 at 4:00 p.m. (AST) / (ET)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------------------- x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------------------- x

**NOTICE OF HEARING ON APPLICATION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF JOSÉ F. CARTAYA-MORALES, AS LOCAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 30, 2019**

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order, Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment and Retention of José F. Cartaya-Morales as Local Conflicts Counsel to Official Committee Of Unsecured Creditors, Effective as of May 30, 2019* (the "Application") will be held before the Honorable Laura Taylor Swain, United States District Court Judge, in the United States District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal Building, Office 150, San Juan, Puerto Rico 00918-1767 (the "Court") on **July 24, 2019**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number are listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**at 9:30 a.m. (Atlantic Standard Time)** of at such other time as ordered by the Court (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court, including attorneys admitted *pro hac vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico (the "Local District Court Rules"), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF), to the extent applicable, and shall be served in accordance with the with the Court's *Order (A) Imposing and Rendering Applicable Local Bankruptcy Rules to These Title III Cases, (B) Authorizing Establishment of Certain Notice, Case Management, and Administrative Procedures, and (C) Granting Related Relief*, as amended (Docket Nos. 249, 262, 1065, 1512, 2839, 3730, 3804, 4086, 4866), so as to be so filed and received no later than **July 9, 2019 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Application is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the District Court may enter an order granting the relief sought without a hearing pursuant to the case management procedures order.

Dated: June 13, 2019

          **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

          By:    Service Employees International Union
                   Solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Application

          By: */s/ Alvin Velazquez*
               Name: Alvin Velazquez
               Title:  Associate General Counsel

          Filed By:

              */s/ G. Alexander Bongartz*
              PAUL HASTINGS LLP
              Luc. A. Despins, Esq. (Pro Hac Vice)
              Andrew V. Tenzer, Esq. (Pro Hac Vice)
              Michael Comerford, Esq. (Pro Hac Vice)
              G. Alexander Bongartz, Esq. (Pro Hac Vice)
              200 Park Avenue
              New York, New York 10166
              Telephone: (212) 318-6000
              lucdespins@paulhastings.com
              andrewtenzer@paulhastings.com
              michaelcomerford@paulhastings.com
              alexbongartz@paulhastings.com

              *Counsel to the Official Committee of Unsecured Creditors*

              */s/ Juan J. Casillas Ayala*
              CASILLAS, SANTIAGO & TORRES LLC
              Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
              Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)

3

Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

Hearing Date: July 24, 2019 at 9:30 a.m. (AST) / (ET)
Objection Deadline: July 9, 2019 at 4:00 p.m. (AST) / (ET)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------ x

## APPLICATION FOR ORDER PURSUANT TO
## BANKRUPTCY CODE SECTION 1103(a) AND LOCAL BANKRUPTCY RULE
## 2014-1(e) AUTHORIZING EMPLOYMENT AND RETENTION OF JOSÉ F. CARTAYA-MORALES, AS LOCAL CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 30, 2019[2]

To the Honorable United States District Judge Laura Taylor Swain:

    The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee") through its authorized representative and pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), made applicable to this case pursuant to PROMESA section 301(a), hereby submits this application (the "Application")

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number are listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the professional first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered." At the request of the Committee, Cartaya-Morales has rendered services from May 30, 2019, following the Committee's selection of Cartaya-Morales through and including the date hereof. Accordingly, the Committee requests that the retention of Cartaya-Morales be authorized effective as of May 30, 2019.

for entry of an order, authorizing the employment of José F. Cartaya-Morales ("Cartaya-Morales") as local Puerto Rico conflicts counsel to the Committee in connection with certain adversary proceedings described in more detail below effective as May 30, 2019. In support of this Application, the Committee relies upon the declaration of José Francisco Cartaya-Morales, Esq. (the "Cartaya-Morales Declaration"), attached hereto as Exhibit "A", and the declaration of Alvin Velazquez (the "Committee Declaration"), attached hereto as Exhibit "B", and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to section 306(a) of PROMESA, and venue is proper pursuant to section 307(a) of PROMESA.

## BACKGROUND

2. On May 3, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") commenced a Title III case for the Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to PROMESA section 304(a) (the "Commonwealth Title III Case").[3] Thereafter, the Oversight Board commenced a Title III case for each of COFINA, the Employees Retirement System for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Electric Power Authority (together with the Commonwealth Title III Case, the "Title III Cases").[4]

3. By orders dated June 29, 2017 and October 6, 2017, the Court approved the joint administration of the Title III Cases [Docket Nos. 537 and 1417].

---

[3] References to PROMESA are references to 48 U.S.C. §§ 2101 *et. seq.*

[4] Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III Case.

2

4. On June 15, 2017, the Office of the United States Trustee for the District of Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured Creditors* [Docket No. 338] appointing the Committee as the Official Committee of Unsecured Creditors. Thereafter, on the U.S. Trustee modified the composition of the Committee membership [Docket Nos. 1171, 3058, and 3947], such that, currently, the members of the Committee are the American Federation of Teachers, Baxter Sales and Distribution Puerto Rico Corp., Doral Financial Corporation, Genesis Security Services, Inc., Service Employees International Union, Tradewinds Energy Barceloneta, LLC, and Unitech Engineering Group, S.E. (the "Committee Members") [Docket No. 3947].

5. On July 10, 2018, the Committee filed an application to retain and employ Paul Hastings ("Paul Hastings") as Counsel for the Committee [Docket No. 610]. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Paul Hastings Retention Order"), Paul Hastings' retention as counsel to the Committee was approved effective as of June 26, 2017.

6. On August 4, 2017, the Committee filed an application to retain and employ Casillas, Santiago & Torres, LLC ("CST") as Local Counsel to the Committee, effective July 21, 2017 [Docket No.884]. By order of this Court entered October 6, 2017 [Docket No. 1414] (the "CST Retention Order"), CST Law's retention as Local Counsel to the Committee was approved effective as of July 21, 2017.

7. On April 26, 2019, this Court approved (with certain modifications) the *Stipulation and Agreed Order By and Among Financial Oversight and Management Board Stipulation and Agreed Order By and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* (the "Stipulation") [Docket No. 6524] which set forth a

3

framework whereby the members of the Oversight Board's Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs would pursue potential causes of action of the Commonwealth of Puerto Rico against certain Potential Defendants and Financial Targets (each as defined in the Stipulation).

8. On April 30, 2019, the Committee filed an application to retain and employ Genovese, Joblove & Battista, P.A. ("GJB" or "Special Litigation Counsel") as special litigation counsel to the Committee in connection with the evaluation and analysis of potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the offering of (a) the Commonwealth's General Obligation bonds, (b) bond issued by the Public Buildings Authority, and (c) bonds issued by ERS, including underwriters, underwriters' counsel, swap counterparties, disclosure counsel, and auditors (collectively, the "Financial Party Targets"). By order of this Court entered May 31, 2019 [Docket No. 7181] (the "GJB Retention Order"), GJB's retention as special litigation counsel to the Committee was approved effective as of April 16, 2019.

9. In connection with the Stipulation, the Committee, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), its Special Claims Committee (the "SCC") and the Committee, as Co-Plaintiff (collectively, the "Parties") commenced various adversary proceedings, among others, against certain Financial Targets with CST as local counsel. CST has a conflict with a number of the Financial Party Targets that necessitates the retention of separate local Puerto Rico counsel to the Committee in connection with the following adversary proceedings:

  a. Adv. Case No. 19-00267-LTS - *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al. v. Wal-Mart Puerto Rico Inc.;*

  b. Adv. Case No.19-00275-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Casa Grande Interactive Communications, Inc.;*

  c. Adv. Case No.19-00277-LTS -*The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Great Educational Services Corporation;*

  d. Adv. Case No.19-00278-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Mangual's Office Cleaning Service Inc.;* and

  e. Adv. Case No.19-00279-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Eastern America Insurance Agency, Inc*.

(collectively, the "Adversary Conflict Cases").

  10. The Committee seeks approval to retain Cartaya-Morales because of the firm's experience and knowledge of local rules and bankruptcy practice before the United States District Court of Puerto Rico. The retention of Cartaya-Morales as local Puerto Rico conflicts counsel is necessary because the Committee's primary local counsel CST represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

  11. The Committee has selected Cartaya-Morales as local Puerto Rico conflicts counsel on the discrete Adversary Conflict Cases described above to the extent the Committee's other local counsel, CST is unable to represent the Committee on such matters due to conflicts.

## RELIEF REQUESTED

  12. By this Application, the Committee seek entry of an order authorizing the retention and employment of Cartaya-Morales as local Puerto Rico conflicts counsel in connection with the Adversary Conflict Cases, effective as of May 30, 2019, pursuant to section 1103(a) of Bankruptcy Code, made applicable to the Title III Cases by section 301(a) of

5

PROMESA, Bankruptcy Rule 2014(a), made applicable to the Title III Cases by section 310 of PROMESA, Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for United States Trustees ("EOUST"). To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

13. In order to avoid any duplication of effort, the Committee, GJB and Cartaya-Morales have discussed each firm's respective responsibilities in connection with representation of the Committee in the Adversary Conflict Cases.

14. The proposed local Puerto Rico conflicts counsel, Cartaya-Morales, will work in tandem with GJB and the Committee, for the representation of the Committee, including, but not limited to: provide local support; assist with the preparation, filing, service, and notification of all motions, pleadings and applications and other requests for relief in connection with the Adversary Conflict Cases; attend hearings in the courts of the Commonwealth of Puerto Rico as to matters related to the Adversary Conflict Cases; and to provide advice concerning applicable law and practice when appropriate.

## BASIS FOR RELIEF

15. Section 1103 of the Bankruptcy Code, made applicable pursuant to section 301(a) of PROMESA, provides that a statutory committee may, with the Court's approval, select and employ attorneys to represent or perform services for such committee. The Committee believes that Cartaya-Morales is well-qualified to act as local conflicts counsel in connection with the Adversary Conflict Cases. The Committee believes that Cartaya-Morales has the necessary background to deal effectively with the scope of representation outlined herein.

16. The Committee has been advised that: (i) compensation will be payable to Cartaya-Morales on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Cartaya-Morales; (ii) the partners presently designated to serve as local conflicts counsel and their current standard hourly rates are:

        Jose F. Cartaya-Morales        $250.00 per hour

17. To reflect economic and other conditions, Cartaya-Morales revises its regular hourly rates periodically and requests that, effective as of the date of such revision, the aforementioned rates be revised to the regular hourly rates that will be in effect at that time. Cartaya-Morales will only charge its regular hourly rates in effect at the time services are rendered.

18. The Committee has been advised that the hourly rates set forth above are Cartaya-Morales' standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Cartaya-Morales for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Cartaya-Morales that it is its policy to seek reimbursement from its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

19. Cartaya-Morales has represented to the Committee that Cartaya-Morales intends to provide the Committee monthly fee statements and, subject to any interim compensation orders entered by the Court, Cartaya-Morales shall submit interim and final fee applications that shall include all of its fees for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Adversary Conflict Cases.

20. Such interim and final fee applications shall be subject to the Court's approval and in compliance with PROMESA, the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and orders of this Court, including an interim compensation order under sections 316 and 317 of PROMESA, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"). Cartaya-Morales further agrees to abide by the presumptive standards established by the Fee Examiner and adopted by the Court in the *Order on Fee Examiner's Motion to Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications entered on September 13, 2018* [Docket No. 3932] (the "Presumptive Standards Fee Order").

21. The Committee understands that all allowed compensation and expenses will be paid by the Commonwealth (and the other Title III Debtors for which the Committee acts as the Official Committee of Unsecured Creditors).

22. The Committee understands that under no circumstances shall the Committee Members be responsible for payment of Cartaya-Morales fees and expenses pertaining to this representation. The Committee believes that, in light of the nature and complexity of these cases and Cartaya-Morales' qualifications, the above rates, and the terms and conditions of Cartaya-Morales employment, are reasonable.

## DISCLOSURE OF CONNECTIONS

23. Cartaya-Morales has advised the Committee that neither Cartaya-Morales nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Cartaya-Morales is to be employed.

24. The Committee has been advised that in the event that Cartaya-Morales discovers any connections with any party in interest in the Adversary Conflict Cases and Title III cases, or

8

any information pertinent to this Application under the requirements of Bankruptcy Rule 2014 and Local Rule 2014-1, Cartaya-Morales will disclose such connections and information to the Court.

### *NUNC PRO TUNC* RELIEF PURSUANT TO LOCAL RULE 2014-1

25. Local Rule 2014-1(e) provides that if a professional's employment "application is filed within fourteen (14) days of either the commencement of the case or the date the professional first rendered services, whichever is later, court approval is deemed effective on the date that the services were first rendered."

26. At the request of GJB and the Committee, Cartaya-Morales has rendered services from May 30, 2019, following the Committee's selection and approval by the Committee of Cartaya-Morales through and including the date hereof. Accordingly, the Committee requests that the retention of Cartaya-Morales be authorized effective as of May 30, 2019.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

27. The Committee and Cartaya-Morales intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures set forth in the Appendix B Guidelines, as well as the Fee Examiner Order, both in connection with this Application and the interim and final fee applications to be filed in the course of Cartaya-Morales engagement. In doing so, the Committee and Cartaya-Morales reserve all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in the Title III Cases.

### NOTICE

28. Notice of this Application has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (vi) the insurers of

9

the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the Title III Cases.

## **NO PRIOR REQUEST**

29. No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

[*Remainder of page intentionally left blank.*]

10

**WHEREFORE**, the Committee respectfully requests that this Honorable Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, authorizing the Committee to retain and employ the law firm of Cartaya-Morales as local Puerto Rico conflicts counsel to the Committee in connection with the Adversary Conflict Cases, effective as of May 30, 2019, with compensation to be awarded in accordance with sections 316 and 317 of PROMESA, and any other interim compensation procedures as established by this Court and grant such other and further relief as this Court deems just.

Dated: June 13, 2019

        **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

        By:    Service Employees International Union
                 Solely in its capacity as member of the Committee
                 (and not in its individual capacity); authorized by the
                 Committee to sign this Application

        By: */s/ Alvin Velazquez*
             Name: Alvin Velazquez
             Title: Associate General Counsel

        Filed By:

           */s/ G. Alexander Bongartz*
           PAUL HASTINGS LLP
           Luc. A. Despins, Esq. (Pro Hac Vice)
           Andrew V. Tenzer, Esq. (Pro Hac Vice)
           Michael Comerford, Esq. (Pro Hac Vice)
           G. Alexander Bongartz, Esq. (Pro Hac Vice)
           200 Park Avenue
           New York, New York 10166
           Telephone: (212) 318-6000
           lucdespins@paulhastings.com
           andrewtenzer@paulhastings.com
           michaelcomerford@paulhastings.com
           alexbongartz@paulhastings.com

           *Counsel to the Official Committee of Unsecured Creditors*

11

/s/ *Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*