# **EXHIBIT B**

## **COMMITTEE DECLARATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
    Debtors.¹ :
------------------------------------------------------------------------ x

**DECLARATION OF ALVIN VELAZQUEZ IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1103(a) AND
LOCAL BANKRUPTCY RULE 2014-1(e) AUTHORIZING EMPLOYMENT
AND RETENTION OF JOSÉ F. CARTAYA-MORALES, AS LOCAL CONFLICTS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, EFFECTIVE AS OF MAY 30, 2019**

I, Alvin Velazquez, hereby declare under penalty of perjury:

    1.    I am an Associate General Counsel to the Service Employees International Union ("SEIU"), which is a member of the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee"). I submit this declaration for SEIU solely in its capacity as a member of the Committee. I submit this declaration in support of the *Application for Order, Pursuant to Bankruptcy Code Section 1103(a) and Local Rule 2014-1(e) Authorizing Employment and Retention of José F. Cartaya-Morales, as Local Conflicts Counsel to Official*

---

¹     The Debtors in these Title III cases, along with each Debtor's respective Title III case number are listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

*Committee of Unsecured Creditors, Effective as of May 30, 2019* (the "Application").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2. This declaration is provided pursuant to Paragraph D.2 of the Appendix B Guidelines, which requests that any application for employment of an attorney under 11 U.S.C. § 1103 be accompanied by a verified statement from the client addressing the following:

(a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(c) The number of firms the client interviewed.

(d) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### The Committee's Approval of Local Puerto Rico Conflicts Counsel

3. In connection with the signing of the *Joint Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* (the "Stipulation") [Docket No. 6524], entered by the Court on April 26, 2019, the Committee

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

retained Genovese, Joblove & Battista, P.A., ("GJB") as special litigation counsel to evaluate and analyze potential causes of action and representation as co-plaintiff in the filing and prosecution of certain claims and causes of action to be asserted against certain parties involved in the offering of (a) the Commonwealth's General Obligation bonds, (b) bond issued by the Public Buildings Authority, and (c) bonds issued by ERS, including underwriters, underwriters' counsel, swap counterparties, disclosure counsel, and auditors (collectively, the "Financial Party Targets").

4.     GJB's retention as special litigation counsel to the Committee was approved effective as of April 16, 2019. The retention of GJB as special litigation counsel was necessary and appropriate because the Committee's primary counsel, Paul Hastings, represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

5.     On or about May 2, 2019, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), its Special Claims Committee (the "SCC") and the Committee, as Co-Plaintiff (collectively, the "Parties") commenced various adversary proceedings against certain Financial Targets with Casillas, Santiago & Torres, LLC ("CST") as local counsel. I have been informed that CST has a conflict with a number of the Financial Party Targets that necessitates the retention of separate local Puerto Rico conflicts counsel to the Committee in connection with the following adversary proceedings:

    a.     Adv. Case No. 19-00267-LTS - *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al. v. Wal-Mart Puerto Rico Inc.;*

    b.     Adv. Case No.19-00275-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Casa Grande Interactive Communications, Inc.;*

  c. Adv. Case No.19-00277-LTS -*The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Great Educational Services Corporation*;

  d. Adv. Case No.19-00278-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Mangual's Office Cleaning Service Inc.*; and

  e. Adv. Case No.19-00279-LTS- *The Special Claims Committee of The Financial Oversight Board and Management Board for Puerto Rico, et al v. Eastern America Insurance Agency, Inc.*

(collectively, the "Adversary Conflict Cases").

  6. As a result of CST's conflicts, the Committee seeks to retain Cartaya-Morales as local Puerto Rico conflicts counsel in connection with the Adversary Conflict Cases.

  7. As counsel to a member of the Committee, I was consulted by GJB on the selection process for local Puerto Rico conflicts counsel. After reviewing Cartaya-Morales' *curriculum vitae* and engagement terms, the Committee found that Cartaya-Morales is well qualified to serve as local Puerto Rico conflicts counsel in connection with the Adversary Conflict Cases. My understanding is that Cartaya-Morales has experience and knowledge of the chapter 11 bankruptcy process and litigation matters. Based on its evaluation of Cartaya-Morales, the Committee has approved the retention of Cartaya-Morales in connection with the Adversary Conflict Cases.

## Rate Structure

  8. Cartaya-Morales has informed the Committee that its rates for bankruptcy representations are the same as its rates for non-bankruptcy representations.

  9. Cartaya-Morales also has informed the Committee that it endeavors to set hourly rates at levels competitive to those charged by comparably skilled professionals in other law firms. Based on my experience retaining various law firms in other matters, and my

participation in the interviews of the other firms considered for various engagements related to the Title III Cases, I believe that Cartaya-Morales' hourly rates are consistent with the hourly rates charged by other local Puerto Rico attorneys for bankruptcy-related services, and the Committee believes that, in light of the nature of the services to be performed, the hourly rate proposed by Cartaya-Morales, and the other terms and conditions of Cartaya-Morales' employment, are reasonable.

10. Cartaya-Morales' has informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. Cartaya-Morales has advised the Committee that it will indicate in its periodic fee statements whether there has been any increase in the rates set forth in the Application. Cartaya-Morales has informed the Committee that it will only charge its regular hourly rates in effect at the time services are rendered.

11. The Committee recognizes its responsibility to monitor the billing practices of their counsel to ensure that the fees and expenses remain consistent with the Committee's expectations and the exigencies of the Title III Cases and Adversary Conflict Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 13th day of June, 2019.

/s/Alvin Velazquez
Alvin Velazquez

Name: Alvin Velazquez
Title: Associate General Counsel to the Service Employees International Union, solely in its capacity as member of the Committee (and not in its individual capacity); authorized by the Committee to sign this Declaration