# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**In re:**

| | |
|---|---|
| **THE FINANCIAL OVERSIGHT AND** | **PROMESA** |
| **MANAGEMENT BOARD FOR PUERTO RICO,** | **TITLE III** |
| as representative of | Case No. 17-BK-3283 (LTS) |
| | |
| **THE COMMONWEALTH OF PUERTO RICO, et al.,** | |
|     Debtors[1] | |

## MOTION FOR PAYMENT OF ADMINISTRATIVE
## EXPENSE CLAIM OF POST-PETITION EXECUTORY CONTRACT PAYMENTS

**TO THE UNITED STATES DISTRICT COURT JUDGE**
**THE HONORABLE LAURA TAYLOR SWAIN:**

    **COMES NOW**, creditor and administrative expense claimant, NextGen Healthcare, Inc. and Quality Systems, Inc. (hereinafter, "NextGen") through the undersigned counsel, to move the Court for an order directing the Commonwealth of Puerto Rico to pay the priority administrative expense claim in the amount of $179,510.00 for post-petition services rendered under the terms of an executory contract.

    The facts and legal grounds to support this request are herein stated.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566- LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## JURISDICTION

1. The United States District Court has subject matter jurisdiction over this matter under PROMESA section 306(a), of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

2. Venue is proper under section 307(a), of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

3. The Court has jurisdiction under section 365 and 503 of Title 11 of the United States Code, applicable to this Title III proceeding under section 301 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq.

## BACKGROUND

1. Creditor and administrative claimant, NextGen is a corporation duly formed and operating under the laws of the State of California, with its address being 18111 Von Karman Ave., Suite 700, Irvine, California 92612.

2. On March 23, 2016, NextGen executed a Master Agreement with the Commonwealth of Puerto Rico, through the Puerto Rico Department of Health (hereinafter the "Agreement"), for healthcare software services. The Agreement is best characterized as a service agreement wherein NextGen fully installed and implemented its "Mirth Connect" cloud-based software, designed to allow for the efficient standardization and exchange of critical patient data. This software provided a centralized database for patient data, allowing medical practitioners easy, one-stop access to the entire medical files of patients. **See attached Agreement, Exhibit 1**.

3. The Commonwealth of Puerto Rico, through the Puerto Rico Department of Health, promotes and preserves health as an essential condition in Island residents and citizens to enjoy from physical, emotional, and social wellness, and thus contribute to society with their productive

and creative effort; the related services provided by the Department are undoubtedly essential to Commonwealth citizens.

4. After the date of the filing of the Commonwealth of Puerto Rico's Title III case, Puerto Rico Department of Health has continued to use the services of NextGen pursuant to the Agreement. The Puerto Rico Department of Health has benefited from these services without complying with post-Title III proceeding payments under the Agreement; as of this date, the post-petition amount accrued totals $179,510.00. **See attached Statement of Open Items, Exhibit 2; Declaration of Susan Brown, NextGen Accounts Services Representative, Exhibit 3; and Declaration of Marvin Pascua, NextGen Sales Manager, Exhibit 4**. The total amount due is claimed by NextGen as priority administrative expense under the provisions of sections 365, 503 and 507 of the Bankruptcy Code as applicable to Title III proceedings under section 301 of PROMESA.

## LAW AND ARGUMENT

5. The Agreement executed between NextGen and the Commonwealth of Puerto Rico through the Puerto Rico Department of Health mandates that the amount due of $179,510.00 be paid.

6. Compliance with payments is mandatory under the provisions of section 503 of the Bankruptcy Code, which provides, in pertinent part:

> (a) An entity may file a request for payment of an administrative expense.
> (b) After notice and a hearing, there shall be allowed administrative expenses ... including-
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case....
>
> 11 U.S.C. § 503.

3

7. The priority of an administrative expense is the highest and the allowance of such a priority is to be considered, after notice and hearing. 11 U.S.C. § 507(a)(1); 11 U.S.C. § 503(b). Courts have repeatedly held that that which is actually utilized by a debtor in its operations is a necessary cost and expense of preserving the estate that confers an actual benefit to the same; as such, administrative expense status is proper. *In re Enron Corp.,* 279 B.R. 695 (Bankr.S.D.N.Y.2002); *In re Subscription Television of Greater Atlanta,* 789 F.2d 1530 (11th Cir.1986).

8. The burden of proving an administrative expense claim is on the claimant. *In re Sinclair,* 92 B.R. 787, 788 (Bank.S.D.Ill.1988); *In re Good Taste, Inc.,* 317 B.R. 112 (Bankr.D.Alaska 2004). The claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate. *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir.1987). The bankruptcy court has broad discretion to determine whether to grant such a claim. *In re Dant & Russell, Inc.,* 853 F.2d 700, 706 (9th Cir.1988); *In re Ames Dep't Stores, Inc.,* 306 B.R. 43, 69 (Bankr.S.D.N.Y.2004).

9. In this case, the Puerto Rico Department of Health never expressly rejected or assumed the subject Agreement post-petition, hence rendering the same in effect and enforceable at all pertinent times. 1 GINSBERG & MARTIN ON BANKRUPTCY § 7.01[c] 7-10 (Robert E. Ginsberg et al. eds. 3d ed. 1990) ("An executory contract remains in effect pending assumption or rejection by the trustee. Thus, the trustee can enforce the contract against the non-debtor party prior to assumption or rejection."); *See also In re Whitcomb & Keller Mortgage Co.*, 715 F.2d 375 (7th Cir. 1983) (non-debtor party ordered to supply computer services to debtor prior to determination on acceptance or rejection of computer service contract); U.S.C. § 365(d)(2) (a debtor "may assume or reject an executory contract … at any time before the confirmation of a plan …").

4

Additionally, after the petition, the Department of Health continued to utilize the software and other services provided under the Agreement. **See attached History of Service Tickets, Exhibit 5**. The Commonwealth directly and substantially benefited from these post-petition services in that its citizens were afforded healthcare opportunities made feasible through said services. Further, the Commonwealth was provided a centralized database for patient data, allowing medical practitioners easy, one-stop access to the entire medical files of patients; this made providing quality healthcare services to citizens more efficient and effective. Therefore, as will be explained in further detail below, NextGen is entitled to an administrative expense claim because: (1) the debt outstanding on the Agreement arose after the petition and (2) NextGen provided consideration to the Department of Health after the petition. *See White Motor Corp.,* 831 F.2d at 110.

10. When applying the Bankruptcy Code to this transaction, we must look through its form to the "economic realities of th[e] particular arrangement." *In re Moreggia & Sons, Inc.,* 852 F.2d 1179, 1182 (9th Cir.1988). The subject agreement is best characterized as a service agreement wherein NextGen fully installed and implemented its "Mirth Connect" cloud-based software, designed to allow for the efficient standardization and exchange of critical patient data. The Department of Health continued and continues to receive, and benefit from, services provided post-petition. Accordingly, debt arose post-petition and NextGen gave consideration post-petition.

11. The Bankruptcy Code defines "debt" as liability on a "claim." 11 U.S.C. § 101(11). It defines a "claim" in part as the "right to payment, whether or not such right is ... contingent, matured, [or] unmatured...." 11 U.S.C. § 101(4). Services have been provided post-position under the Agreement.

12. In *In re B-K of Kansas, Inc.,* 82 B.R. 135 (Bankr.D.Kan.1988), *aff'd,* 99 B.R. 446 (D.Kan.1989), the court allowed an administrative expense claim for the debtor's post-petition

display of the Burger King trademark that was subject to a franchise agreement and aimed at attracting customers. 82 B.R. at 137; 99 B.R. at 448. In *In re Neville Island Glass Co., Inc.,* 78 F.Supp. 508 (W.D.Penn.1948), the court allowed an administrative expense claim for the debtor's post-position use in its glass manufacturing process of the claimant's patented equipment, which was installed in the debtor's plant pursuant to a lease-license agreement and benefitted operations. *Id.* at 508-09. Finally, in the case of *In re Subscription Television of Greater Atlanta, supra*, 789 F.2d 1530, the court allowed an administrative expense claim because the claimant had continued to provide video scrambling services to the debtor, a subscription television station, after it had filed for bankruptcy, all to the estate's benefit. 789 F.2d at 1536. Similarly, NextGen provided key services to the Department of Health post-petition which allowed it to continue to service Commonwealth citizens.

13. Policy considerations also trend in favor of granting NextGen an administrative expense claim, which has priority over other unsecured claims. First, in light of the post-petition services provided to the Department of Health, granting NextGen a priority over other unsecured creditors would not be unjust. Secondly, granting NextGen priority over other unsecured creditors would serve the principal purpose of § 503: to induce entities to do business with a debtor after bankruptcy by insuring that those entities receive payment for services rendered. *In re Christian Life Center,* 821 F.2d 1370 (9th Cir. 1987). Payment of administrative expenses allows the debtor to secure goods and services necessary to administer the estate, which ultimately accrues to the benefit of all creditors. *Id.* In this case, NextGen was induced to do business with the Commonwealth post-petition. Not once has the Commonwealth ever rejected receiving services during the relevant post-position time period.

14. There are several essential policies underlying the priority for administrative expenses: to encourage activities that will benefit the estate; to advance reorganization efforts which would be hampered by the necessity of advance payments for supplies of the estate; to compensate those injured by the estate; and to prevent unjust enrichment of the estate at the expense of its creditors. Nancy C. Dreher, Joan N. Feeny and Michael J. Stepan, Bankruptcy Law Manual, Volume 1, § 6.32 (5th ed. 2012-2).

15. Under that purview, and for all the reasons outlined herein, the amount due on post-petition payments under the subject executory contract, i.e., the Agreement, is claimed as a priority administrative expense, and should be ordered paid, under the provisions of sections 503(b) and 507(a)(2) of the Bankruptcy Code.

**WHEREFORE**, creditor and administrative expense claimant, NextGen, respectfully prays for the Honorable Court to grant this request entering an Order directing the Commonwealth of Puerto Rico to pay this priority administrative expense claim in the amount of $179,510.00 for the post-petition services provided under the terms of the subject executory contract, i.e. the Agreement.

### NOTICE OF HEARING

Creditor and administrative expense claimant, NextGen, files this motion requesting payment of for the post-petition services provided under the terms of the subject executory contract, i.e. the Agreement. **Objections** to this Pleading must be served to Paul J. Hammer, Esq., within 14 calendar days. **The relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures.**

### NOTICE OF SERVICE

Notice of this Motion shall be served via the CM/ECF system as allowed in Section II.I, and as described in Section II.D, to counsel for the Oversight Board; the Puerto Rico Fiscal Agency and Financial Advisory Authority; Creditors' Committee; Committee of Retirees, and to PREPA, the affected party, and to the US Trustee.

DATED: June 14, 2019          **RESPECTFULLY SUBMITTED,**

**KANE RUSSELL COLEMAN LOGAN PC**

*/s/ Paul J. Hammer*

Paul J. Hammer
USDC-PR 228306
5051 Westheimer Road
10th Floor
Houston, TX 77056
Tel: 713-425-7427
Fax: 713-425-7700
phammer@krcl.com
**ATTORNEYS FOR NEXTGEN**

8