# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| In re: | PROMESA |
|---|---|
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of THE COMMONWEALTH OF PUERTO RICO, et al. | |
| | No. 17 BK 3283-LTS |
| | (Jointly Administered) |
| Debtors.[1] | |

## JOINT LIMITED OBJECTION TO PROPOSED LITIGATION PROCEDURES

**TO THE HONORABLE COURT:**

**COME NOW,** Integra Design Group, PSC, ("Integra"), Huellas Therapy, Corp. ("Huellas"), and Procesos de Informática, Inc. ("Procesos") (collectively "The Defendants")[2], without submitting themselves to the jurisdiction of this Honorable Court and without waiving any of their claims or affirmative defenses, including insufficient process, insufficient service of process or lack of jurisdiction, through the undersigned attorneys and very respectfully STATE and PRAY:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (iv) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

[2] This appearance is made without submitting Defendants to the jurisdiction of this Honorable Court and it should not be interpreted in any or fashion, that the same is a waiver of their rights and defenses including but not limited to, insufficient process, insufficient service of process or lack of jurisdiction, among any other rights, defenses or claims that they may have in these proceedings.

1

1. On April 30, 2019, the Financial Management Oversight Board for Puerto Rico ("The Oversight Board"), acting by and through the members of the Special Claims Committee ("The SCC") and the Official Committee of Unsecured Creditors of all Title III Debtors ("The UCC") filed Complaints against the Defendants in the following adversary proceedings:

    a. Adversary Proceeding No.:19-00065 filed against Huellas

    b. Adversary Proceeding No.: 19-0085 filed against Procesos

    c. Adversary Proceeding No.: 19-00191 filed against Integra

2. The Summons were electronically issued in all adversary proceedings from May 2 through May 3, 2019, and as of this date none of The Defendants have been duly served with the same.

3. On June 7, 2019, The SCC and The UCC filed an *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims committee, and the Official Committee of Unsecured creditors to: (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for the Approval of Settlements*. ("The Procedures Motion"). (Docket 7325)

4. Pursuant to the Procedures Motion filed by The SCC and The UCC, the terms proposed are as in general terms follows:

    a. Stay of all litigation until December 2019, responsive pleadings or Rule 12 motions to be filed by January 2020.

    b. If the adversary proceeding is not dismissed at that juncture, either commence mediation or litigation

    c. Establish mediation procedures and timetable

2

      d.    Establish parameters and procedures for possible settlements.

5. On June 12, 2019, this Honorable Court entered an Order Setting Briefing Schedule which provided that all objections to the Procedures Motion be submitted by June 17, 2019 at 3:00 PM and scheduled the matter to be considered at hearing on June 28, 2019 at 10:00 AM. (Docket 7319)

6. The Defendants have a limited objection to the Procedures Motion since the same provides for a term which would unjustly delay the service of claims and their adjudication in detriment and prejudice to The Defendants. Due to the nature and the extraordinary amounts claim, the financial affairs of The Defendants have been extremely impaired. For example, in one of the cases a line of credit requested by The Defendants for operations was stayed and finally declined. Moreover, the contingency in the financial statements of such big claims, make the financial condition of The Defendants insolvent. In some cases, The Defendants have been deleted from the Government Provider's List, due to the alleged debt to the Government. Finally, the public allegations of fraud against The Defendants, is causing damages to the reputation of The Defendants within the community, being Puerto Rico such a small island where everybody knows each other.

7. It has been admitted by The SCC and The UCC that the adversary proceedings were filed in order to preserve any statute of limitations that could have impaired the Debtors' rights to assert avoidance actions in these proceedings. Nevertheless, it must be underscored that pursuant to The Plaintiff's own representation the adversary proceedings filed were submitted without having made a proper due diligence and investigation of the specific facts of each of the claims.

3

8. The Defendants are an example of hundreds of businesses in Puerto Rico that have been negatively affected and whose images and reputations have been tarnished by the filing of these indiscriminate complaints.

9. The claims against The Defendants are as follows:

    a. Adversary Proceeding No.:19-00065 filed against Huellas: $25,389,235.00

    b. Adversary Proceeding No.: 19-0085 filed against Procesos: $9,633,317.00

    c. Adversary Proceeding No.: 19-00191 filed against Integra: $9,985,985.00

10. As stated above, the filing of these complaints immediately caused tangible damages to the defendants. Due to the amounts being claimed by The Plaintiffs against The Defendants, they shall make the corresponding reserves and notes in their Financial Statements in order to disclose this pending litigation and claims. Furthermore, the filing of the complaints and the way they were publicly disclosed through the media, prompted that in some instances the financial institutions with whom The Defendants have their lines of credit and other commitments question the ability of them to honor those facilities. Therefore, any additional delay in the final adjudication of these adversary proceedings hampers and prejudices The Defendants, all of which are exclusively local service providers to the Commonwealth of Puerto Rico.

11. The SCC and the UCC have proposed in the Procedures Motion that the Court grant a stay of the proceedings until December 2019 in order for them to do what they should have done prior to the filing of the Complaint, perform a due diligence of the facts they were asserting in order to validate the claims they are making. They have conveniently entitled this process the "Information Exchange" process in the Procedures Motion.

12. While it is true that in order to properly resolve the adversary proceedings filed the parties need to incur in an information exchange process to clarify the propriety of the avoidance actions asserted, the controversies in these adversary proceedings could have been limited before they were filed. A clear example is the following; the main cause of action which excessively raises the amounts claimed in the complaints to millions of dollars is premised on the alleged fact that the payments were made fraudulently because the contracts entered by the Commonwealth itself or through its instrumentalities with The Defendants were not registered with the Comptroller for the Commonwealth of Puerto Rico. This is called the "Acción Pauliana" and under state law extends the avoidance period from ninety (90) days to four (4) years from the petition date, in this case. A simple review in the records on the website of the Comptroller for the Commonwealth of Puerto Rico would have disclosed that all of the contracts under which The Plaintiffs are making claims to The Defendants _were duly registered_. This would have limited significantly the controversies if not eliminated them at all.

13. The Plaintiffs have had two years to analyze these claims and if cause existed, file the corresponding complaints. Yet, they chose to do this at the eleventh hour, not considering the possible damages and distress to hundreds of local business entities, that have lawfully and in good faith provided services to the Commonwealth of Puerto Rico, during these dire economic times.

14. This Honorable Court cannot compensate The Plaintiffs, for their lack of timely preparation in these adversary proceedings. The Defendants strenuously object to any further and prejudicial delay in the final adjudication of the cases filed against them. To continue to delay the adjudication of these cases until the year 2020 will prejudice

5

Defendants, who are ready to show The Plaintiffs that there is no valid cause of action against them.

15. While The Defendants recognize that The SCC and The UCC need time to resolve the hundreds of adversary proceedings filed in the same fashion, it is a harm of their own making.

16. The record shows that this Honorable Court granted The Plaintiffs a stay of the litigation in the proceedings filed against the bondholders for the clawback actions and the lien invalidation actions, until September 1, 2019, subject to service of process to all defendants within such period and other conditions. (Dockets 7426 and 7427)

17. Defendants herein request and consent that in above caption adversary proceedings this Honorable Court entered a similar remedy as follows:

    a. The time for Movants to complete service of the summons and complaint in the Adversary Proceedings is extended to **September 1, 2019** as to all defendants.

    b. Except to effectuate service of any complaint or third party complaint, the Adversary Proceedings are stayed until **September 1, 2019** absent further order of the Court.

    c. Absent further order of the Court, no responsive pleading is due until thirty (30) days after the stay expires.

    d. Any defendant may at any time file a motion (a "Motion to Resume") asking the Court to lift the stay applicable to such Adversary Proceeding for good cause shown.

    e. A copy of the Order shall be served with service of the complaint or third party complaint on or before **September 1, 2019**.

    f. The extension of time for service of summonses and complaints and the stay of the Adversary Proceedings granted herein shall be without prejudice to the rights of, and have no effect on, any party concerning any other ongoing or future proceedings commenced by such party of these Title III cases.

    g. Accordingly all other terms proposed within the Procedures Motions with respect to litigation, the mediation and settlements shall be adjusted.

18. Defendants understand that this remedy will allow The Plaintiffs time to gather the information and clarify the alleged facts in the adversary proceedings, it will reduce controversies and/or eliminate all of them, and will reduce the prejudice and harm to The Defendants.

19. It should be noted that The Defendants do not propose nor intend that this remedy be granted to all other cases that have been filed by The UCC and The SCC. This request is made solely on behalf of the above caption Defendants and to be made applicable to the adversary proceedings detailed above.

20. Again, this appearance is made without submitting Defendants to the jurisdiction of this Honorable Court and it should not be interpreted in any or fashion, that the same is a waiver of their rights and defenses including but not limited to, insufficient process, insufficient service of process or lack of jurisdiction, among any other rights, defenses or claims that they may have in these proceedings.

**WHEREFORE,** Defendants respectfully request this Honorable Court to take notice, that this appearance is made on limited purposes and that it grants the limited objection filed by the Defendants in the above caption cases and provide any other remedy it deems appropriate.

**RESPECTFULLY SUBMITTED.**

7

In San Juan, Puerto Rico, this 14th day of June, 2019.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have filed appearances in this case, including counsel for the SCC and the UCC.

**C. CONDE & ASSOC.**
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-mail:condecarmen@condelaw.com

*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312

*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611