# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br><br>**Re: Case No. 17-BK-3283-LTS, ECF No. 7179** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780-LTS |
| PV PROPERTIES, INC.<br><br>    Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of | **This Court Filing Relates only to PREPA and Shall be Filed in the lead Case No. 17-BK-3283-LTS and PREPA's Title III Case (Case No. 17-BK-4780-LTS).** |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (*i*) Commonwealth of Puerto Rico (the "Commonwealth") (Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (*ii*) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (*iii*) Puerto Rico Highways and Transportation Authority ("HTA") (Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (*iv*) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (*v*) Puerto Rico Electric Power Authority ("PREPA") (Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Respondent.

**OPPOSITION OF THE FINANCIAL
OVERSIGHT AND MANAGEMENT BOARD FOR
PUERTO RICO TO RENEWED MOTION OF PV PROPERTIES, INC.
FOR RELIEF FROM STAY UNDER 11 USCS § 362(b)(4) & § 362 (d)(1)**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this opposition ("Opposition") to the *Renewed Motion For Relief From Stay Under 11 USCS § 362(B)(4) & § 362 (D)(1)* [Case No. 17-BK-3283-LTS, ECF No. 7179] (the "Renewed Motion") filed by PV Properties, Inc. ("Movant").[3]  In support of this Opposition, the Oversight Board respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Almost two years ago, Movant filed a motion requesting the exact same relief it seeks now, for predominantly the same reasons it raises in its Renewed Motion: (i) the stay does not apply to its action against PREPA (the "PREB Proceeding") before the Puerto Rico Energy Bureau ("PREB") (the successor to the Puerto Rico Energy Commission ("PREC")) under Bankruptcy Code section 362(b)(4), and (ii) in the alternative, cause exists to lift the stay under Bankruptcy Code section 362(d)(1) to allow the PREB Proceeding to continue.  *See Motion Regarding Relief From Stay 11 USCS § 362(b)(4)*, Case No. 17-BK-4780-LTS, ECF No. 332 (the

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] The Financial Oversight and Management Board for Puerto Rico ("FOMB"), as the Debtors' representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§ 2101-2241, has authorized AAFAF to file this Opposition on behalf of PREPA.

2

"Original Motion"). This Court denied the Original Motion, *see Memorandum Order Denying Motion of PV Properties, Inc. Regarding Automatic Stay (Docket Entry No. 332)*, Case No. 17-BK-4780-LTS, ECF No. 387 (the "Lift Stay Order"), and should deny this Renewed Motion for fundamentally the same reasons:

2. First, the section 362(b)(4) exception is inapplicable because Movant, a private enterprise, still only seeks to compel PREPA to purchase its Renewable Energy Credit ("REC"). Movant therefore has a "pecuniary purpose" in seeking to continue the PREB Proceeding, and cannot claim the section 362(b)(4) exception applies.

3. Second, there is no cause to lift the stay under Bankruptcy Code section 362(d)(1). Despite Movant's apparent allegation to the contrary, the concept of adequate protection is inapplicable because Movant is not a secured creditor. Movant is (at best) simply an unsecured claimholder and litigant seeking to force PREPA to purchase Movant's REC. The REC is not collateral nor is it in PREPA's possession. Therefore, Movant does not have a constitutionally-protected property interest being diminished by the automatic stay, and cannot claim a lack of adequate protection.

4. Third, the factors set forth in *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990) militate in favor of maintaining the stay: (i) lifting the stay will not result in a resolution of any issues relevant to PREPA's Title III case; (ii) the proceedings before PREB remain in a preliminary stage and will likely have to be substantially relitigated now that PREB has replaced PREC and the Commonwealth has passed new laws on renewable energy; and (iii) lifting the stay will harm PREPA and other creditors by diverting PREPA's time and resources away from other pressing matters in the Title III cases, and risks advancing the individual, pecuniary interests of

Movant ahead of all other unsecured claimholders in PREPA's Title III case. For these reasons, as further elucidated below, Movant's Renewed Motion should be dismissed.

## RELEVANT BACKGROUND

### A. *The PREC/PREB Proceeding and the Original Motion*

5. A detailed description of the relevant laws and background to Movant's suit against PREPA before PREC (now PREB) can be found in the Puerto Rico Fiscal Agency and Financial Advisory Authority's ("AAFAF") opposition to the Original Motion. *See* Case No. 17-BK-3283-LTS, ECF No. 1462 ("Original Opposition").

6. In summary, Movant is a private enterprise that owns and trades RECs. RECs derive from the *Public Policy on Energy Diversification by Means of Sustainable and Alternative Renewable Energy in Puerto Rico Act* (12 L.P.R.A. § 8121, et seq., the "Renewable Energy Policy Act"). Act 82-2010, Section 1.4 (definition of REC); 12 L.P.R.A. § 8121; *see* Original Opp. at 4. The Renewable Energy Policy Act, among other things, mandates that retail electricity suppliers (as defined therein) in Puerto Rico, like PREPA, comply with a Renewable Portfolio Standard ("RPS") that requires that specified percentages of their energy production come from renewable energy sources (as defined therein), escalating over time to 20% by 2035, subject to important qualifications. There is no mandate in the Renewable Energy Policy Act as to the manner in which retail energy providers achieve the RPS, as Section 2.11 of Act 82-2010 provides the ways retail energy providers may use to achieve compliance with the RPS (including by, among other ways, purchasing RECs). Act 82-2010, Section 2.11; 12 L.P.R.A. § 8132.

7. A REC is personal property that constitutes a tradable and negotiable asset or commodity that may be purchased, sold, assigned and transferred between persons for any legal purpose, which is equal to one (1) megawatt-hour of electricity generated from a sustainable

4

renewable energy source or alternative renewable energy source (issued and registered pursuant to Act 82-2010), and represents all environmental and social attributes, as defined in Act 82-2010. Act 82-2010, Section 1.4; 12 L.P.R.A. § 8121. Retail electricity suppliers may, but are not required to, acquire RECs to comply with the percentage requirements of the RPS. *See, e.g.*, Act 82-2010, Section 2.8; 12 L.P.R.A. § 8129; *see* Original Opp. at 4. In order for RECs purchased from distributed renewable energy producers (as defined in the Renewable Energy Policy Act) to count towards the RPS, certain requirements must be met. Act 82-2010, Section 2.11(e); 12 L.P.R.A. § 8132(e).

8. On March 3, 2017, Movant filed a complaint with PREC, Case No. CEPR-QR-2017-0001 (the "PV Properties Complaint"), commencing the PREB Proceeding. The PV Properties Complaint alleges that PREPA violated Articles 2.10 and 2.11 of the Renewable Energy Policy Act, 12 L.P.R.A. §§ 8131, 8132, by failing to purchase any and all RECs offered by Movant. *See* Original Opp. Ex. 1 at ¶¶ 34, 41, 42, 51, 52 and 57. In its prayer for relief, Movant sought: (1) a declaration that PREPA's failure to purchase RECs offered by Movant violated the Renewable Energy Policy Act; (2) an order compelling PREPA to purchase the RECs offered by Movant at a price no less than the one initially offered by Movant and any and all RECs offered by Movant in the future; and (3) an order requesting that PREC impose any legally available sanction or remedy to ensure that PREPA timely and properly complies with its obligation to purchase any and all RECs offered by Movant. *Id.* at 27-28.

9. On March 23, 2017, PREPA filed a motion to dismiss the PV Properties Complaint. *See* Original Opp. at 5. On April 21, 2017, Movant filed a motion for summary judgment, seeking an order granting all of the relief requested in the PV Properties Complaint, including, but not limited to, an order directing PREPA to purchase any and all RECs offered by Movant at the price previously

5

offered, as well as an order directing PREPA to purchase any and all RECs offered by Movant in the future at its desired price. *See* Original Opp. at 6; Ex. 3.

10. On June 2, 2017, PREC issued a Resolution and Order denying PREPA's motion to dismiss and ordering the parties to file supplemental memoranda of law. *See* Original Opp. at 6. On July 3, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof. The filing of the Title III case triggered the automatic stay. *See* PROMESA § 301 (incorporating 11 U.S.C. §§ 362 and 922 into the Title III case).[4]

11. On July 12, 2017, PREPA filed a *Notice of Automatic Stay of Proceedings Pursuant to the Commencement of Case Under Title III of PROMESA* ("Notice of Automatic Stay"). On September 13, 2017, PREC purported to reject PREPA's Notice of Automatic Stay, incorrectly stating that the PV Properties Complaint was exempt from the automatic stay pursuant to section 362(b)(4).

12. On October 4, 2017, Movant filed the Original Motion, seeking to affirm PREC's determination on the applicability of the automatic stay or, in the alternative, lift the stay to allow the PREB Proceeding to proceed. The Original Motion contended that the stay was inapplicable pursuant to Bankruptcy Code section 362(b)(4), or, in the alternative, that stay relief should be granted for cause under Bankruptcy Code section 362(d)(1) pursuant to the factors listed therein.

13. On November 3, 2017, the Court issued the Lift Stay Order denying the Original Motion. The Court held that "the section 362(b)(4) exception [was] not applicable" because "Movant's claims in the PREC Proceeding clearly and exclusively focus on its interest in a determination that PREPA is obligated to purchase Movant's commodities" and that "the PREC Proceeding is primarily designed to impose financial obligations on PREPA, the debtor, in favor

---

[4] All sections of the Bankruptcy Code referenced in this Opposition are incorporated into PROMESA by section 301(a), unless otherwise expressly indicated.

6

of the Movant, which is a private party."[5] The Court further held Movant failed to demonstrate cause for stay relief under section 362(d)(1) because (i) "continuation of the PREC Proceeding, which is in its initial stages, would not necessarily result in an expeditious resolution of Movant's claims,"[6] and (ii) lifting the stay would have prejudiced PREPA at a time its resources were particularly constrained.

14. The PREB Proceeding has remained stayed since the Court's Lift Stay Order.

15. On May 31, 2019, Movant filed the Renewed Motion, seeking to lift the stay and continue the PREB Proceeding for the same reasons asserted in the Original Motion: on the basis that the section 362(b)(4) exception applies (Renewed Motion at ¶ 7), or, in the alternative, on the basis that cause exists to lift the stay under section 362(d)(1). *See* Renewed Motion at ¶¶ 11, 13.

## ARGUMENT

### A. The Section 362(b)(4) Exception Is Inapplicable Because (i) the Court has Already Determined it Does Not Apply, and (ii) Movant Seeks Only to Compel PREPA to Purchase Movant's Commodities.

16. Bankruptcy Code section 362(a) imposes an automatic stay on, among other things, "judicial, administrative, or other action[s] or proceeding[s] against the debtor . . . ." 11 U.S.C. § 362(a)(1).

17. Bankruptcy Code section 362(b)(4) provides a limited exception to the automatic stay:

> [t]he filing of a [bankruptcy] petition does not operate as a stay . . . of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power . . . .

11 U.S.C. § 362(b)(4).

---

[5] *Id*. at 5-6.

[6] *Id*. at 6.

7

18. As this Court held, the section 362(b)(4) exception "is to be narrowly construed." Lift Stay Order at 4 (citing *In re McMullen*, 386 F.3d 320, 324-25 (1st Cir. 2004)). As determined in the Lift Stay Order, courts in the First Circuit apply "two interrelated, fact-dominated inquiries—the so-called 'public policy' and 'pecuniary purpose' tests—for assessing whether a particular governmental proceeding comes within the section 362(b)(4) exception." Lift Stay Order at 5 (citing *In re McMullen*, 386 F.3d at 325). This requires that the Court "determine whether the particular regulatory proceeding at issue is designed primarily to protect the public safety and welfare, or represents a governmental attempt to recover from property of the debtor estate, whether on its own claim, or on the nongovernmental debts of private parties." Lift Stay Order at 5 (citing *In re McMullen*, 386 F.3d at 325).

19. Applying this standard in the context of the Original Motion, the Court held the section 362(b)(4) exception was inapplicable to the Original Motion because the PREB Proceeding failed to meet both prongs of the test. First, regarding the pecuniary purpose, Movant's claims "clearly and exclusively focus[ed] on [Movant's pecuniary] interest" because "the [PREB] Proceeding [was] primarily designed to impose financial obligations on PREPA, the debtor, in favor of the Movant, which is a private party." Lift Stay Order at 5. Second, as to the public policy issue, it "[was] not an issue implicating ongoing debtor conduct which would seriously threaten the public safety and welfare." *Id.* at 5-6.

20. As a preliminary matter, the Lift Stay Order is a final and binding order holding that the section 362(b)(4) exception does not apply to the PREB Proceeding. For this reason alone the Renewed Motion should be dismissed to the extent it argues the section 362(b)(4) exception applies. Movant did not appeal the Lift Stay Order, Movant has not moved for reconsideration of the Lift Stay Order, and even if Movant did move for reconsideration Movant could not hope to

meet the "extraordinary" standard for reconsideration of a prior order. *See, e.g., In re Pabon Rodriguez*, 233 B.R. 212, 220 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001) ("A motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources."); *see also Order Denying Caribbean Airport Facilities, Inc.'s Motion for Reconsideration* [Case No. 17-BK-4780-LTS, ECF No. 1045] (denying reconsideration where movant had not met the "extraordinary" burden of establishing a manifest error of law or proffering newly discovered evidence). Indeed, Movant's request for a revisitation of the section 362(b)(4) is barred by the law of the case doctrine, as having previously been determined by this Court in the Lift Stay Order. *See, e.g., In re Johns-Manville Corp.,* 40 B.R. 219, 228 (Bankr. S.D.N.Y. 1984) (rejecting stay motion where it was "merely a 'revisitation' of its earlier motions pertaining to the stay.") As a result, any allegation by Movant that the section 362(b)(4) exception applies falls flat.

21. Moreover, regardless of the Lift Stay Order, nothing has changed calling into question this Court's determination in the Lift Stay Order. Movant's Renewed Motion fails to meet the "pecuniary interest" and "public policy" prongs of the *McMullen* test for the same reasons, and it must be denied as far as it alleges the section 362(b)(4) exception applies.

22. <u>First, the Renewed Motion clearly and exclusively focuses on Movant's pecuniary interest</u>. Just as in the Original Motion, Movant seeks to continue the PREB Proceeding against PREPA to impose financial obligations on PREPA by forcing PREPA to purchase and pay for Movant's RECs (as well as any new RECs it may offer in the future) at a price equal to or greater than the price offered by Movant in the past. *See* Original Opp. Ex. 2 at 1. While Movant claims that it "is not requesting at this time the remanding of the economic claim which might accrue to

9

PV Properties" (whatever that means), Renewed Motion at ¶ 5, as seen above the entirety of the PREB Proceeding is focused on obtaining a determination that PREPA is obligated to pay Movant for its REC. Even if Movant does not seek enforcement of its (supposed) right to payment and only seeks to establish it before PREB, Movant still has a predominantly pecuniary purpose in lifting the stay as it intends to seek a ruling to compel future purchases by PREPA. In fact, Movant is even more explicit about its pecuniary purpose in the Renewed Motion: by Movant's own admission, one of the two main purposes of the Renewed Motion is "to protect the REC's [sic] claimed by Movant from losing 100% of its value." Renewed Motion at 3. This is the exact reason, among many, why the Court dismissed the Original Motion. *See* Order at 5 (holding section 362(b)(4) inapplicable because "Movant's claims in the PREC Proceeding clearly and exclusively focus on its interest in a determination that PREPA is obligated to purchase Movant's commodities.").

23. <u>Second, the Renewed Motion does not implicate ongoing debtor conduct seriously threatening the public safety and welfare</u>. Similarly, the supposed public policy determination Movant requests, a ruling that "the REC's [sic] do apply to distributed energy produced by consumers under net metering program with PREPA," (Renewed Motion at ¶ 5) is, even if taken at face value, "not an issue implicating ongoing debtor conduct which would seriously threaten the public safety and welfare," just as the Court held in the Lift Stay Order. Lift Stay Order at 6 (internal cites omitted). The only reason Movant supposedly wants a determination of this issue is because it would lead to an order requiring that PREPA buy Movant's RECs. Otherwise, there is simply no need for PREPA to litigate this issue before PREB *now*, and Movant has no interest in PREPA doing so beyond obtaining a determination that PREPA is financially obligated to Movant based on its prepetition proceeding—not simply for a prepetition claim, but on a go-

10

forward basis. There is no debtor conduct seriously threatening the public safety and welfare, and no reason to find the Bankruptcy Code section 362(b)(4) exception applies.

### B. *There is no Cause to Lift the Stay: The Concept of Adequate Protection is Inapplicable Because Movant is Not a Secured Creditor*

24. Movant appears to allege it is entitled to relief from the stay because if Movant's policy determination is not obtained at least in the year 2019, the value of its RECs would be reduced to zero, making this (in Movant's words) "a clear case of lack of adequate protection." Renewed Motion at 10 ¶ 10-11.

25. Movant is wrong. The law is crystal clear—for a creditor to move for relief from the automatic stay for a lack of adequate protection, the creditor must show it is a secured creditor with a valid and perfected security interest. *See, e.g., In re Jug End in Berkshires, Inc.*, 46 B.R. 892, 901 (Bankr. D. Mass. 1985) ("The moving creditor in a motion for relief from stay proceeding has the burden of establishing the validity and perfection of its security interests."); *In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999) ("A secured creditor who seeks relief from the automatic stay under § 362(d)(2) has the burden to demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property.").[7] Indeed, Movant even cites a case holding the same in its Renewed Motion. *See* Renewed Motion at ¶ 9 (citing *Peaje Investments LLC v Garcia Padilla*, 845 F.3d 505, 512 (1st Cir. 2017) ("Indeed, the interest for which the bankruptcy stay statues [including

---

[7] *See also, e.g., In re Planned Systems, Inc.*, 78 B.R. 852, 861 (Bankr. S.D. Ohio 1987) ("a prima facie case may include: (1) a showing of an obligation owing by the debtor to the creditor; (2) a valid security interest as to which relief from stay is sought; and (3) the cause justifying relief from stay, in this case a decrease in the value of the equipment securing debtor's obligation to the movant combined with the failure on the part of the debtor to provide adequate protection of the movant's interest in the equipment."); *In re S. Ill. Railcar Co.*, 301 B.R. 305 (Bankr. S.D. Ill. 2002) (denying motion for relief from stay on basis creditor failed to show it had a valid and perfected security interest); *In re Self*, 239 B.R. 877, 881 (Bankr. E.D. Tex. 1999) (same); *In re Swift*, Bankr. No. 07 B 12787, 2009 Bankr. LEXIS 589 (Bankr. N.D. Ill. 2009) (same).

11

section 362(d)(1)] requires protection is *the right of a secured creditor to have the security applied in payment of the debt.*").

26. But Movant is not a secured creditor, and is therefore not entitled to adequate protection. Movant holds—at best—an unsecured claim (assuming Movant is correct and PREPA is financially obligated to Movant at all) and cannot claim a lack of adequate protection. The only property relevant to this Renewed Motion is Movant's REC—which is owned outright by Movant, and is not its collateral. Any allegation of a lack of adequate protection is thus inapplicable.

### C. *Cause Does Not Exist Under Section 362(d)(1) to Lift the Automatic Stay*

27. Movant argues that the *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990), factors entitle it to relief from the automatic stay for cause under section 362(d)(1), apparently simply because the value of Movant's RECs may disappear. *See* Renewed Motion at ¶ 13.

28. Again, Movant is wrong. Under Bankruptcy Code section 362(d)(1), a court may grant relief from the automatic stay for "cause." *See* 11 U.S.C. § 362(d)(1). Courts in this Circuit examine the factors enumerated in *Sonnax* to determine whether to grant relief for cause. *See Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd. For P.R.)*, 899 F.3d 13, 23 (1st Cir. 2018); *see also* Lift Stay Order at 6. In its ruling on the Original Motion, the Court weighed three *Sonnax* factors to dismiss the Original Motion: (1) "whether relief would result in a partial or complete resolution of the issues;" (2) "the interests of judicial economy and the expeditious and economical resolution of litigation;" and (3) "the impact of the stay on the parties and the balance of harms." Lift Stay Order at 6 citing *Sonnax*, 907 F.2d at 1286. The Court held that continuation of the PREB Proceeding would neither result in an expeditious resolution of the dispute nor serve the interests of judicial economy, noting that the

12

proceeding could "not move forward to a determination of any obligation on PREPA's part to purchase Movant's RECs" at Movant's desired pricing. Lift Stay Order at 6-7. Furthermore, the Court ruled the burden on PREPA, in the wake of Hurricane Maria, "far outweigh[ed] the burden on Movant that may result from the deprivation of a ruling that might give it a future business advantage." Lift Stay Order at 6.

29. Similar reasons militate in favor of maintaining the stay now. *Sonnax,* 907 F.2d at 1286. First, Movant's requested relief will not result in a complete resolution of the issues (factor 1), the parties are not ready for trial (factor 11), and it is not in the interest of judicial economy and the expeditious and economical resolution of litigation (factor 10). The PREB Proceeding remains at a very early stage (as this Court recognized in the Lift Stay Order at 6) and has not advanced a single iota since the Lift Stay Order (because it has remained stayed). Indeed, if anything the proceedings have regressed and will have to be substantially relitigated because (1) PREC has been replaced by the newly-established PREB, and the officials overseeing the PREB Proceeding may no longer have familiarity with this case they inherited from PREC, and (2) new Act 17-2019 has impacted the applicable regulatory landscape and therefore the issues previously determined by PREC will have to be re-briefed.[8]

30. Second, lifting the stay will interfere with the bankruptcy case (factor 2) and prejudice the interests of other creditors (factor 7). If the stay is lifted, PREPA will be forced to shift its limited resources from negotiating settlements with creditors, asserting avoidance actions, prosecuting a recently filed motion to approve PREPA's Restructuring Support Agreement,

---

[8] Contrary to Movant's assertion that "[i]t is obvious that under the new public Law, Law 17 of 2019 the substantive issue of the applicability of the REC's to distributed net metered individual consumers" (*see* Renewed Motion at ¶ 12), there is nothing about Act 17-2019 that they quote in their Renewed Motion that clearly decides that Movant is entitled to prevail in the PREB Proceeding and force PREPA to purchase its REC. As such, the issues relevant to the PREB Proceeding would have to be re-litigated from scratch, with Act 17-2019 in view.

pursuing privatization and transformation, and other Title III issues to addressing the PREB Proceeding from scratch at the behest of one unsecured claimant (if Movant has any rights at all). This will interfere with the bankruptcy case and the transformation of the utility and prejudice the interest of other creditors, and should not be permitted.

31. <u>Third</u>, the balance of the harms weighs in favor of maintaining the stay (factor 12). As noted above, lifting the stay to engage in litigation still in very early stages with a single unsecured claimholder will harm both PREPA and PREPA's other creditors by drawing PREPA's time and resources away from pressing restructuring issues. Movant, on the other hand, will not be harmed at all. If—as Movant alleges—Movant is actually not independently "requesting at this time the remanding of the economic claims which might accrue to PV Properties," Renewed Motion at ¶ 4, then maintaining the stay will not harm Movant even slightly, showing the Renewed Motion should be denied. If, on the other hand, Movant seeks to lift the stay to impose financial obligations on PREPA that arose, if at all, prepetition (which it does, as explained above), Movant will still not be harmed by maintaining the stay. Instead of litigating these claims in the PREB Proceeding, Movant will simply be required to wait like every other unsecured claimholder for a plan of adjustment for PREPA to be filed specifying the treatment of its claim against PREPA (*see* Proof of Claim No. 10955). *See, e.g., Memorandum Order Denying Marrero Plaintiffs' Motion for Relief From Automatic Stay*, Case No. 17-4780, ECF No. 1228 at 6 (dismissing lift stay motion because "Movants' claims against PREPA are unsecured and should be liquidated and addressed in connection with the centralized Title III claims resolution process.").

32. For these reasons, the Renewed Motion should be denied.

*[Remainder of Page Intentionally Left Blank]*

14

Dated: June 14, 2019
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*