**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-cv-01685 (LTS)<br>Case No. 17-bk-03566 (LTS) |

**JOINT INFORMATIVE MOTION REGARDING THE COURT'S JUNE 6, 2019 ORDER
IN CONNECTION WITH THE MOTION OF CERTAIN SECURED CREDITORS OF**

**THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF
THECOMMONWEALTH OF PUERTO RICO FOR RELIEF
FROM THE AUTOMATIC STAY**

To the Honorable United States Magistrate Judge Judith G. Dein:

1. The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," "System," or the "Debtor"), by and through the Financial Oversight and Management Board (the "FOMB"), as the Debtor's representative pursuant to Section 315(b) of PROMESA, and Movants[1] (together with Debtor, the "Parties"), respectfully submit this joint informative motion in accordance with the Court's June 6, 2019 order [ECF No. 546 in Case No. 17-bk-03566] (the "Order") granting in part and denying in part the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents from the Financial Oversight and Management Board* [ECF No. 512 in Case No. 17-bk3566] (the "Motion to Compel"). The Motion to Compel concerned the Oversight Board's production and privilege logs in connection with the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay* [Docket No. 367 in Case No. 17-bk-03566] (the "Stay Relief Motion").

**Oversight Board's Statement**

---

[1] Movants are: Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

2. On June 6, 2019, the Court issued an order [ECF No. 546 in Case No. 17-bk-03566] (the "Order") granting in part Movants' motion to compel relating to the Oversight Board's privilege logs, ordering the Oversight Board to review its then-currently withheld documents in accordance with the Order, and to serve an amended and supplemental privilege log along with any supplemental declarations and document productions by June 12, 2019.

3. Pursuant to the Court's Order, since June 6, 2019, the Oversight Board has done the following:

(i) re-reviewed all 335 of its privilege log entries, including the privileges asserted and the descriptions provided for each log entry;

(ii) re-reviewed all 975 documents (i.e., direct hits and family documents) reflected in its privilege logs to evaluate its privilege assertions;

(iii) re-reviewed all of its redactions previously made and reflected in its previously served privilege logs;

(iv) withdrawn certain privilege assertions as reflected on its amended and supplemental privilege log served on June 12, 2019 (the "June 12 Privilege Log"), and that same day also produced documents to the extent the Oversight Board determined no privileges, protections, or immunities continued to apply;

(v) withdrawn certain redactions where it determined factual information was segregable from privileged material, and produced documents reflecting those removed redactions on June 12, 2019;

(vi) obtained a supplemental declaration from its Executive Director, Natalie Jaresko, in support of the Oversight Board's assertion of the deliberative process privilege that addresses each document to which the Oversight Board

3

maintains its assertion as to the deliberative process privilege, which the Oversight Board served on Movants on June 13, 2019.

4. On June 14, 2019, the Parties met and conferred concerning the Oversight Board's supplemental and amended June 12 Privilege Log, supplemental document production, and supplemental declaration from Ms. Jaresko. On that call, Movants acknowledged the Oversight Board had supplied further information on its privilege log and through the supplemental declaration from Ms. Jaresko, and that the Oversight Board had produced previously withheld or previously redacted documents. But, Movants stated the Oversight Board's supplemental log, production, and declaration remain deficient.

5. The Oversight Board requested that Movants identify specific entries they felt were deficient in the June 12 Privilege Log. In response:

    (i) Movants identified <u>2 specific examples</u> of documents withheld on the basis of attorney-client privilege they believed were deficient (Privilege IDs 9 and 10, both from page 3 of the 113-page amended and supplemental privilege log served on June 12).

    (ii) Movants identified <u>2 specific examples</u> of documents withheld on the basis of the attorney work-product doctrine they felt were deficient (Privilege IDs 44, and 176).

    (iii) As for the Oversight Board's deliberative process privilege claims, Movants identified only their <u>original</u> list (i.e., created before the service of supplemental material described above) of approximately 50 documents withheld or redacted on grounds of deliberative process privilege on pages 9-10 of their opening brief on their motion to compel [ECF No. 510 in Case No. 17-bk-03566], without being any more specific as to which documents remained at issue after the

4

Oversight Board's supplemental privilege log, supplemental production, and supplemental declaration from Ms. Jaresko to support those assertions.

(iv) The Oversight Board requested any more specific entries Movants felt were deficient, and Movants supplied none.

6. The Oversight Board believes it has complied with the Order through the efforts outlined above and through its production of an amended and supplemental log, a supplemental production, and a supplemental declaration.

7. In an effort to avoid burdening the Court with further motion practice, however, the Oversight Board has agreed to review its June 12 Privilege Log in view of the 4 specific examples Movants provided, and to review the approximately 50 documents identified in Movants' original motion to compel on deliberative process grounds, to determine whether the Oversight Board can provide any additional information without treading upon the deliberative process privilege. The Oversight Board will supply any additional information it believes the Court has required in accordance with the Order during the afternoon of June 15, 2019.

8. The Oversight Board respectfully submits that Movants must identify specific privilege entries, and specific issues with those entries, in order for the Oversight Board to understand and respond to any of Movants' remaining concerns.

**Movants' Statement**

9. During the Parties' meet and confer conference call on the morning of June 14th, Movants acknowledged that the Oversight Board had provided additional detail in its June 12th

privilege log, served a more robust declaration from Ms. Jaresko, and produced (or reproduced with fewer redactions) 34 documents. Nonetheless, after Movants' careful review of the foregoing, the Oversight Board *still* fails to carry its burden in asserting deliberative process privilege, attorney-client privilege, and work-product doctrine—notwithstanding the Court's very detailed 18-page Order.

10. With respect to deliberative process, the Court "again stress[ed] that factual information is generally not protected" and found that the Oversight Board failed to demonstrate that the disclosure of factual information withheld would either disclose the deliberative process or could not be segregated. Order at 10. The Court ordered the Oversight Board to either produce documents, or provide more information such that the Court and Movants "can confirm the Oversight Board's representation that the factual information that can be segregated has been produced." *Id*. at 11.

11. Movants carefully reviewed the Oversight Board's June 12th production, its June 12th Log, and Ms. Jaresko's supplemental declaration, and are still unable to confirm that all segregable factual information has been produced. Movants informed the Oversight Board of this during their June 14th meet and confer, noting that while some additional factual information was produced on June 12, the details provided on the documents that Oversight Board continues to withhold do not satisfy the requirements set forth in the Order. Asked to provide an example, Movants directed the Oversight Board to documents that Movants specifically identified on pages 9-10 of their Motion to Compel but were not produced by the Oversight Board on June 12th. For the factual information contained in these documents, Movants explained that the Oversight Board still does not explain—in its June 12th log or in Ms. Jaresko's supplemental declaration—why that factual information cannot be segregated without disclosure of privileged information.

6

12. With respect to attorney-client privilege, the Court specifically identified two deficiencies in the Oversight Board's earlier privilege logs: (i) failure to "sufficiently show that the entire communications or attached documents consist of privilege legal advice," Order at 12; and (ii) insufficient descriptions where third-parties were present on the communication, Order at 14. Again, the Court provided clear guidance on the contours of this privilege and ordered the Oversight Board to either produce documents or provide additional information to support its attorney-client privilege assertions. Order at 13-14.

13. During the Parties June 14th meet and confer, Movants explained that the June 12th log continues to be deficient in both respects. Movants then cited to specific examples (which were by no means exhaustive, as explained on the call) on the June 12th log where (i) it remains unclear whether entire communications contained privileged legal advice (or whether information or attachments could be segregated and produced), and (ii) there is no information on the interpretative role that the third-parties on the communications played in helping the client(s) and attorney(s) understand complicated issues.

14. With respect to the work product doctrine, the Court found that the Oversight Board's previous privilege logs provided sufficient information in some instances and in other instances appeared to apply this narrow privilege too broadly. Order at 16. Movants acknowledged that the June 12th log provides more detail supporting the invocation of this privilege; however, Movants noted that there are still several instances where it is unclear that the document or communication was prepared for use in possible litigation. Movants then provided the Oversight Board with a specific entry by way of example where this deficiency remained, notwithstanding the Court's Order and the instructions contained therein.

15. The Oversight Board stated that it would consider Movants' concerns. In light of the compressed timeline, Movants requested that the Oversight Board respond by no later than the

7

afternoon of June 15, 2019 about what steps—if any—it intends to take to remedy the deficiencies that Movants identified on their call. The Oversight Board agreed.

16. While Movants do not desire further motion practice, they will not abandon their right to full discovery in response to narrowly tailored document requests. The issues presented in the Stay Relief Motion are too important. Nor will Movants redraft the Oversight Board's privilege log, which is precisely what the Oversight Board seeks when it demands that the Movants specifically identify each deficient entry on the Oversight Board's 200+ page log and explain why it is deficient. Movants have identified the deficiencies contained therein, supported by citation to specific examples, and it is incumbent on the *Oversight Board*—as the party broadly invoking these narrow privileges—to satisfy its discovery obligations.

*[Remainder of page intentionally left blank]*

Dated: June 14, 2019
New York, NY

Respectfully submitted,

*/s/ Margaret A. Dale*

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale. (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: klevitan@proskauer.com
Email: mdale@proskauer.com

Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

*/s/ Bruce Bennett*

Bruce Bennett *(pro hac vice)*
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum *(pro hac vice)*
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart *(pro hac vice)*
Beth Heifetz *(pro hac vice)*
Matthew E. Papez *(pro hac vice)*
Sparkle L. Sooknanan
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1799
gstewart@jonesday.com
bheifetz@jonesday.com
ssooknanan@jonesday.com
mpapez@jonesday.com

Alfredo Fernandez-Martinez
DELGADO & FERNANDEZ, LLC
PO Box 11750
Fernandez Juncos Station
San Juan, Puerto Rico 00910
Tel: (787) 274-1313
Fax: (787) 764-8241
afernandez@delgadofernandez.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi- Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P.,*

10

*Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

*/s/ Cheryl T. Sloane*
John K. Cunningham *(pro hac vice)*
Glenn M. Kurtz *(pro hac vice)*
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200
Fax: (212) 354-8113
jcunningham@whitecase.com
gkurtz@whitecase.com

Jason N. Zakia *(pro hac vice)*
Cheryl T. Sloane *(pro hac vice)*
WHITE & CASE LLP
200 Biscayne Blvd., Suite 4900
Miami, Florida
Tel: (305) 371-2700
Fax: (305) 358-5744
jzakia@whitecase.com
csloane@whitecase.com

*/s/ Alicia I. Lavergne Ramírez*
Jose C. Sanchez-Castro
USDC-PR 213312
Alicia I. Lavergne-Ramirez
USDC-PR 215112
Maraliz Vazquez-Marrero
USDC-PR 225504
SANCHEZ PIRILLO LLC
270 Munoz Rivera Avenue, Suite 1110
San Juan, Puerto Rico 00918
Tel: (787) 522-6776
Fax: (787) 522-6777
jsanchez@sanpir.com
alavergne@sanpir.com
mvazquez@sanpir.com

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund,*

11

>*Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

Dated: June 14, 2019 /s/ *Alicia I. Lavergne-Ramirez*
Alicia I. Lavergne-Ramirez