IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK 3283-LTS |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO | |
| Debtor | |
| In Re: | |
| | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK-3567(LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTANTION AUTHORITY | |
| Debtor | |
| | PROMESA Title III |
| In Re: | |
| | No. 17 BK-3566(LTS) |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | |
| THE EMPLOYEE RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO | |
| debtor | |
| In Re: | PROMESA Title III |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY<br><br>Debtor | No. 17 BK-4780(LTS) |

**LIMITED OPPOSITION TO OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH MEMBERS OF THE SPECIAL CLAIMS COMMITTEE AND OFFICIAL COMMITTEE OF UNSECURED CREDITOS TO (1) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR THE APPROVAL OF SETTLEMENTS**

**TO THE HONORABLE COURT:**

COME NOW Alpha Guards Management, Inc, and Cabrera & Ramos Transport, Inc., through their undersigned attorney and respectfully states as follows:

2

1. Movants filed over two hundred adversary proceedings against suppliers of goods and services of the Commonwealth of Puerto Rico on the eve of the running out of the statute of limitations. Subsequently, movants filed an Omnibus motion to establish a Case Management Order and procedures for settlement.

2. On June 12, 2019, the Honorable Court issued an order requiring any objections to the aforesaid motion to be filed on or before June 17, 2019, at 4 pm. Alpha Guards Management, Inc, and Cabrera & Ramos Transport, Inc. are filing this limited objection to the said Omnibus motion for the reasons explained therein.

## I. BACKGROUND

3. Movants make it sound as if they had no other recourse but to file at the eleventh hourt the complaints in this case. Nothing is further from the truth. On May 2, 2017, the Board authorized the Commonwealth to file for Title III protection. This means that the possibility had been considered for months before and Proskauer Rose, competent and experienced attorneys were hired by the Board on November 25, 2016. Moreover, as any seasoned bankruptcy lawyer knows, one of the first things you start looking into a case is what causes of action, if any, there are for in the fog of litigation, the two-year statute of limitations runs out quickly.

4. The Board, however, did not diligently pursue the claims these claims. During May, June and July of 2017, not a peep from the Board on any causes of action to be filed. The first time the issue comes out is on July 21, 2017 motion, not by the Board but by the UCC, who argued that there were causes of action against, among others, Banco Popular Securities and Santander Securities and requested leave to conduct discovery via Rule 2004 of the Bankruptcy Rules.  On July 28, 2017, Santander and BPPR filed oppositions and on July 31, 2017, AAFAF also filed objections. All three argued that the Board was entrusted under PROMESA to do so,

which is true BUT, there had been no attempt to do at the time. On August 3, 2017, the Board filed its opposition claiming it had the right to do so under PROMESA. On August 2, 2017, it had announced a request for proposals for the investigation, on August 8, 2017 created a special committed for said claims and on September 13, 2017, hired Kobre & Kim to conduct it. Kobre & Kim issued a final report in August of 2018, where it mentions preferences and constructive fraud but in the context of bond issues. There is no mention in the report of other suppliers of goods and services to the Commonwealth as possible targets. Hence, it is reasonable to think that sometime after August of 2018, the Board decided to bring actions against some suppliers of the Commonwealth, which has to be done on or before May 2, 2019.

5. On April 30, 2019, plaintiffs the Special Claims Committee of The Financial Oversight Board And Management Board of Puerto Rico, acting by and through tts Members, The Official Committee Of Unsecured Creditors of Puerto Rico, as Co-Trustees Respectively of the Commonwealth Of Puerto Rico, filed this adversary proceeding against defendant. This was done without investigating the facts of this particular case. As an example, the First Cause of Action states that the Office of the Controller does not have an executed copy of a contract between the Commonwealth and Defendant as necessary to evidence the propriety of the Transfers. Exhibit 1 of this motion is a list from the Comptroller's office of the contracts held by defendant Alpha Guards. The complaints against Commonwealth providers of goods and services were filed with total disregard of the consequences of said filing would have on the good will and business reputation of these defendants and without properly investigating the facts of each case. Now, movants want to establish a procedure that purports to simplify and reduce expenses for those same defendants they sued.

## II. GENERAL OBJECTIONS

6. Movants devised a procedure upon which defendants can prove them that they do not owe the Commonwealth. This and of itself inverts the burden of proof in each of the complaints from plaintiffs having to prove liability, to defendants having to prove they are not liable. This must be eliminated. Movants should commence the procedure by serving process on defendants and then providing them with the evidence they have to prove liability. Then and only then, is a defendant in a position to decide whether to continue in the informal procedure suggested or filing a motion to dismiss or continuing in a traditional fashion. This is especially important given the power the Board has over information in the hands of the Commonwealth. Virtually all the information defendants can provide is in the hands of the Commonwealth.

7. The appearing parties note that Movants want to establish Litigation Management Procedures as well as Settlement Procedures when most of the stakeholders have not appeared in their cases[1]. Hence, they cannot opine on procedures which will bind them in the future. This is not due process. Movants should be required to serve all defendants before these procedures go forward.

## III. SPECIFIC OBJECTIONS

8. At page 4 of the Ominibus motion, paragraph 13, the Board alleges that there were payments in excess of the permitted amounts in the contracts. This allegation, however, is not in the complaint filed against the objecting defendants.

9. Paragraph 15, Movants claim they contacted hundreds of potential defendants. They did not, however, contact objecting defendants.

---

[1] The appearing parties have filed motions to dismiss in their individual cases, 19-0041 and 19-0094.

10. At paragraphs 18-19, Movants claim that they will engage with their professionals to exchange information and that it expects the majority of the claims will be resolved. This ignores the Acción Pauliana claim in both of appearing defendants complaints. This cause of action has nothing to do with Bankruptcy claims or whether good value was given to the Commonwealth. It has to do, as plead,  with the insolvency of the Commonwealth and defendants knowledge of that insolvency. In addition, these paragraphs give the notion that this is an exchange of documentation on which an attorney is not necessary when not only were defendants sued, but for several bankruptcy causes of action. Hence, Movant's statements in paragraphs 18-19 are misleading.

11. Movants Omnibus motion is not clear on whether defendants are obligated to enter into the settlement procedure. It must be voluntary and if defendant does not want to engage in it, they should not be subject to these procedures or order. In addition, it should be made clear that the parties are free to modify the procedure as they see fit.

12. Objecting defendants are not opposed to a real effort to solve these cases but the proposed procedure must be modified as suggested here. The suggestions are made in good faith to try to solve these cases quickly.

WHEREFORE: Objecting defendants requests from the Honorable Court that take notice of this limited objection and modify the order to be entered accordingly.

Respectfully submitted on this 16th day of  June, 2019.

CERTIFY: That on this same day, the ECF system sent a copy of this motion to all parties in this litigation.

/s John E. Mudd
John E. Mudd
Bar Number: 201102
Attorney for Plaintiffs
LAW OFFICES JOHN E. MUDD
P. O. BOX 194134
SAN JUAN, P.R. 00919
(787) 413-1673
Fax. (787) 753-2202
johnmuddlaw@gmail.com

7