Hearing Date and Time: June 28, 2019 at 10:00 a.m. (A.S.T.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | PROMESA Title III |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

**RESPONSE OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS TO THE AMENDED MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, TO (A) EXTEND DEADLINES AND (B) ESTABLISH REVISED PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012 AND 2014, AND FOR RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The Ad Hoc Group of General Obligation Bondholders (the "GO Group")[2] respectfully submits this Response to the *Amended Motion of (i) Financial Oversight and Management Board, Acting through Its Special Claims Committee, and (ii) Official Committee of Unsecured Creditors, under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (a) Extend Deadlines and (b) Establish Revised Procedures with Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issued in 2011, 2012 and 2014, and for Related Relief* (Dkt. No. 7154, the "Procedures Motion"). In support of its Response, the GO Group states as follows:

1. *Five months* have now lapsed since the filing of the 2012-2014 GO Bond Objection without an inch of progress toward resolving the substance (or lack thereof) of that litigation. In the meantime, the Oversight Board has exploited the overhang of that litigation to "negotiate" a plan of adjustment with its preferred creditors.[3] For the reasons set forth below, the Court should not countenance any further delay in these proceedings.

2. Through their Procedures Motion, the Objectors seek an order modifying the existing initial procedures for the 2012-2014 GO Bond Objection, authorizing the Committee to proceed with its 2011 GO Objection on an omnibus basis, and consolidating the litigation of the

---

[2] Members of the GO Group file this Response exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Procedures Motion.

[3] An outline of such a plan of adjustment was made public on the evening of June 16, 2019—the evening before the deadline for filing this Response—in the form of a plan support agreement between the Oversight Board and a collection of collaborating bondholders holding a small subset of the Commonwealth's public debt. The GO Group reserves the right to supplement this Response to the extent necessary in light of its ongoing review of the plan support agreement.

2012-2014 GO Bond Objection with the litigation of the 2011 GO Objection. The GO Group agrees that the relief requested in the Procedures Motion is warranted.[4]

3. As the Procedures Motion correctly explains, revised initial litigation procedures are warranted due to the sheer scale of the litigation unleashed by the Objectors' irresponsible decision to challenge the validity of more than $7 billion of the Commonwealth's constitutionally protected public debt. The revised procedures proposed by the Objectors should allow all interested parties to have input into the development of procedures to govern the remainder of the litigation of the GO Objections, while avoiding the enormous logistical challenges that would be entailed by including more than 1,600 participants directly in the meet-and-confer process.

4. The GO Group also agrees that the Committee should be authorized to proceed with its 2011 GO Objection on an omnibus basis, that common issues of law and fact warrant consolidation of that proceeding with the 2012-2014 GO Bond Objection, and that the parties' exchange of procedural proposals should not be delayed while the holders of 2011 GO Bonds are afforded notice of the 2011 GO Objection and given an opportunity to file notices of participation.

5. As the Procedures Motion explains (at ¶ 16), holders of 2011 GO Bonds will not be prejudiced by this approach. By contrast, delaying any progress in the GO Objections for a further two months would substantially prejudice those bondholders who, like the GO Group, are ready and willing to defend the validity of the challenged bonds.[5]

---

[4] For the avoidance of doubt, the GO Group's agreement that the procedural relief requested by the Objectors is warranted should not be understood as an endorsement of any of the legal or factual arguments underlying the GO Objections.

[5] Indeed, the GO Group has consistently sought to promote an expeditious resolution of the broader dispute implicated by the Objectors' selective challenge to the 2012 and 2014 GO Bonds. On April 2, 2019, the GO Group filed a conditional objection to additional GO Bonds and bonds issued by the Puerto Rico Building Authority that are targeted by the ill-conceived "logic" of the 2012-2014 GO Bond Objection. See Dkt. No. 6099 (the "Conditional Objection"). As this GO Group recognized at that time, providing broad notice to all bondholders implicated by the 2012-

6. As noted above, it has now been more than five months since the 2012-2014 GO Bond Objection was filed. During that time, no substantive progress has been made in the litigation of that proceeding. Indeed, the parties have not even begun the process of exchanging their initial proposals for procedures to govern the substantive portions of the litigation. Thus, the Objectors have been able to cast a cloud of uncertainty over the claims they have challenged, while bondholders have had no opportunity to answer the Objectors' challenge and defend the validity of their claims.

7. To state the obvious, the prolonged delay that has already occurred is itself unacceptable. There is no conceivable basis for requiring still further delay while the holders of 2011 GO Bonds are afforded notice of the 2011 GO Objection.

\* \* \* \* \*

8. For the foregoing reasons, the Procedures Motion should be granted.

---

2014 GO Bond Objection's arguments offered the most efficient path for litigating that proceeding, because it would have eliminated the possibility that other bondholders would request delays (or the opportunity to re-open already decided issues) once their interest in the litigation became obvious to them. Had the GO Group been authorized to proceed with its Conditional Objection, the process of providing notice to and receiving notices of participation from affected bondholders would be largely complete by now. Nonetheless, the Objectors resisted the GO Group's request for authorization on the grounds that the Conditional Objection presented an unripe dispute and was otherwise procedurally improper. See Dkt. No. 6261, ¶¶ 10-15; Dkt. No. 6417, ¶ 4. Mere weeks after taking that position, however, the Committee filed its 2011 GO Objection, which targets the 2011 GO Bonds that were (among other bond series) already subject to the GO Group's Conditional Objection.

3

| | |
|---|---|
| Dated: June 17, 2019 | Respectfully submitted, |
| /s/ Ramón Rivera Morales | /s/ Mark T. Stancil |
| J. Ramón Rivera Morales | Mark T. Stancil (admitted *pro hac vice*) |
| USDC-PR Bar No. 200701 | Gary A. Orseck (admitted *pro hac vice*) |
| Andrés F. Picó Ramírez | Kathryn S. Zecca (admitted *pro hac vice*) |
| USDC-PR Bar No. 302114 | Donald Burke (admitted *pro hac vice*) |
| JIMÉNEZ, GRAFFAM & LAUSELL | ROBBINS, RUSSELL, ENGLERT, ORSECK, |
| P.O. Box 366104 | UNTEREINER & SAUBER LLP |
| San Juan, PR 00936 | 2000 K Street, N.W., 4th Floor |
| Telephone: (787) 767-1030 | Washington, DC 20006 |
| Facsimile: (787) 751-4068 | Telephone: (202) 775-4500 |
| Email: rrivera@jgl.com | Email: mstancil@robbinsrussell.com |

*Counsel to the Ad Hoc Group of General Obligation Bondholders*