**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,[1]<br><br>Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**JOINT OBJECTION OF THE QTCB NOTEHOLDER GROUP AND LAWFUL CONSTITUTIONAL DEBT COALITION TO THE AMENDED MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, TO (A) EXTEND DEADLINES AND (B) ESTABLISH REVISED PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012, AND 2014 AND FOR RELATED RELIEF**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).  (Title III case numbers listed as Bankruptcy Case numbers due to software limitations).

The QTCB Noteholder Group[1] and Lawful Constitutional Debt Coalition (the "LCDC," and together with the QTCB Noteholder Group, the "Creditor Plan Support Parties")[2] respectfully submit this joint objection to the *Amended Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Codes 105(a) and 502 and Bankruptcy Rule Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Procedures With Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issues in 2011, 2012 and 2014, and For Related Relief,* Dkt. No. 7154 (the "Revised Procedures Motion").[3]

The Revised Procedures Motion requests that the Court (i) approve the Revised Procedures Notice, Revised Objection Procedures, 2011 GO Objection Notice, and 2011 GO Notice of Participation, and (ii) authorize the Committee to prosecute its 2011 GO Objection on an omnibus basis. Under the Revised Objection Procedures proposed in the Revised Procedures Motion, among other things, the M&C Parties would move forward on the litigation of the GO Objections in advance of the Participation Deadline for the 2011 GO Bond Deadline, by exchanging Initial Proposals and proposed Recommendations on the date that is five business days following entry of an Order granting the Revised Procedures Motion (the "Initial Proposal

---

[1] The QTCB Noteholder Group shall have the same meaning as set forth in *Notice of Appearance and Request for Notice* [Dkt. No. 134] and the *Second Supplemental Verified Statement of the QTCB Noteholder Group Pursuant to Bankruptcy Rule 2019* [Dkt. No. 4871].

[2] The members of the LCDC and their respective holdings are set forth in the *Second Supplemental Verified Statement of the Lawful Constitutional Debt Coalition Pursuant to Federal Rule of Bankruptcy Procedure 2019* filed contemporaneously herewith.

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Revised Procedures Motion.

Exchange Deadline"), and the date that is twenty-one days after the Initial Proposal Exchange Deadline, respectively.

The Revised Procedures Motion should be denied. On June 16, 2019, the Financial Oversight and Management Board (the "FOMB") announced the terms of a plan of adjustment (the "Plan") that includes a proposed global settlement of all claims asserted by holders of GO and PBA Bonds against the Commonwealth, including a proposed resolution of the GO Bond Objections (the "Proposed Settlement"). *See Plan Support Agreement*, attached hereto as Exhibit A (the "PSA"). The PSA represents a significant milestone in this contentious and litigious case. Among other things, the PSA provides a path forward for the Commonwealth to exit bankruptcy over the next six to twelve month period, while also providing a mechanism for the efficient resolution of the complex, costly and time-consuming litigation that has bogged down this restructuring process. Critically, the Plan will provide a method for the Commonwealth to achieve fiscal responsibility and access to the capital markets, the twin goals of PROMESA.

Pursuant to Section 4.1(e) of the PSA, the FOMB will soon be filing a motion seeking a stay of the GO Bond Objections and the procedures related thereto pending the Court's consideration of the Plan (the "Motion to Stay"). Given the impending Motion to Stay and the anticipated filing of the Plan shortly thereafter, there is no benefit to any party in interest, and it would be an unnecessary waste of Commonwealth and judicial resources, for the Court to adjudicate the Revised Procedures Motion or set deadlines for litigation of the GO Bond Objections when the GO Bond Objections may be consensually resolved pursuant to the Proposed Settlement. Accordingly, the Creditor Plan Support Parties respectfully request that the Court deny the Revised Procedures Motion, so that the Proposed Settlement may be addressed as part of the Court's consideration of the Plan. Such relief is warranted by virtue of

the FOMB's exclusive right to propose a plan of adjustment, is well within the Court's discretion, and is an appropriate exercise of the Court's inherent power to manage its docket to achieve an orderly and expeditious disposition of cases before it. *See e.g.,* 11 U.S.C. § 1123(b)(3), 105(a) (incorporated into PROMESA pursuant to §301(a) (codified at 48 U.S.C. 2101 *et seq.*)); PROMESA § 312(a); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants."); *Total Petroleum P.R. Corp. v. T.C. Oil, Corp.*, No. 09-1105, 2010 WL 11545626, at *1 (D.P.R. May 7, 2010) (observing that it is well within the Court's "discretionary power to stay an action in the interest of justice and efficiency).

Respectfully submitted, in San Juan, Puerto Rico, this 17th day of June, 2019.

| REICHARD & ESCALERA | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| **By :** */s/ Rafael Escalera*<br>**Rafael Escalera**<br>USDC No. 122609<br>escalera@reichardescalera.com | **Susheel Kirpalani** (*pro hac vice*)<br>susheelkirpalani@quinnemanuel.com |
| **Sylvia M. Arizmendi**<br>USDC-PR 210714<br>arizmendis@reichardescalera.com | **Deborah Newman** (*pro hac vice*)<br>deborahnewman@quinnemanuel.com |
|  | **Daniel Salinas**<br>USDC-PR 224006<br>danielsalinas@quinnemanuel.com |
| **Carlos R. Rivera-Ortiz**<br>USDC-PR 303409<br>riverac@reichardescalera.com | **Eric Kay** (*pro hac vice*)<br>erickay@quinnemanuel.com |
| **Gustavo A. Pabón-Rico**<br>USDC-PR 231207<br>pabong@reichardescalera.com | 51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1603 |
| 255 Ponce de León Avenue<br>MCS Plaza, 10th Floor<br>San Juan, Puerto Rico 00917-1913 |  |

*Co-Counsel for the Lawful Constitutional Debt Coalition*

| */s/ Roberto Abesada-Agüet*<br>Roberto Abesada-Agüet<br>USDC-PR No. 216706<br>E-Mail: ra@calopsc.com | */s/ Kurt A. Mayr*<br>Kurt A. Mayr (*pro hac vice*)<br>David L. Lawton (*pro hac vice*)<br>Shannon B. Wolf (*pro hac vice*) |
|---|---|
| */s/ Sergio E. Criado*<br>Sergio E. Criado<br>USDC-PR No. 226307<br>E-Mail: scriado@calopsc.com | **BRACEWELL LLP**<br>City Place I, 34th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>Telephone: (860) 256-8534 |
| **CORREA ACEVEDO & ABESADA LAW OFFICES, P.S.C.**<br>Centro Internacional de Mercadeo, Torre II<br># 90 Carr. 165, Suite 407<br>Guaynabo, P.R. 00968<br>Tel. (787) 273-8300; Fax (787) 273-8379 | Email: kurt.mayr@bracewell.com<br>Email: david.lawton@bracewell.com<br>Email: shannon.wolf@bracewell.com<br><br>*Counsel for the QTCB Noteholder Group* |

*Co-Counsel for the QTCB Noteholder Group*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.

*/s/ Carlos R. Rivera-Ortiz*
USDC-PR 303409