UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**LIIMITED OBJECTION AND RESERVATION OF RIGHTS TO OMNIBUS MOTION
BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS
COMMITTEE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND
(II) ESTABLISH PROCEDURES FOR THE APPROVAL OF SETTLEMENTS**

**COMES NOW Promotions & Direct, Inc.** ("P&D"), as a party-in-interest under 11 U.S.C. § 1109(b), and without submitting to the jurisdiction of this Court in connection to Adversary Case No. 19-00192-LTS, by and through the undersigned legal counsel, and respectfully submits this limited objection and reservation of rights to the *Omnibus Motion by the Financial Oversight and Management Board for Puerto Rico, Acting by and Through the Members of the Special Claims Committee, and the Official Committee of Unsecured Creditors*

---

[1] The Debtors in these title III cases, along with each Debtors' respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtors' federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

*to (I) Establish Litigation Case Management Procedures and (II) Establish Procedures for the Approval of Settlements* (the "Motion").[2] *See* Dkt. No. 7325 of Case No. 17-03283 (LTS).

## BACKGROUND

### I. Commencement of the Title III Case.

1. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") was established under section 101(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[3] on June 30, 2016. On August 31, 2016, the President of the United States appointed the Oversight Board's seven voting members.

2. Pursuant to section 315 of PROMESA, "[t]he Oversight Board in a case under this title is the representative of the debtor[s]" and "may take any action necessary on behalf of the debtor[s] to prosecute the case[s] of the debtor[s], including filing a petition under section 304 of [PROMESA]…or otherwise generally submitting filings in relation to the case[s] with the court."

3. On September 30, 2016, the Oversight Board designated the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") as a covered entity under section 101(d) of PROMESA.

4. On May 3, 2017, the Oversight Board issued a restructuring certification on behalf of the Commonwealth pursuant to sections 104(j) and 206 of PROMESA, and filed a voluntary petition for relief for under section 304(a) of PROMESA, thus commencing a case under title III on behalf of the Commonwealth (the "Title III Case"). *See* Dkt. No. 1 of Case No. 17-03283 (LTS).

---

[2] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

[3] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

## II.  The Prosecution Procedures Motion Is Approved.

5. On April 16, 2019, the Official Committee of Unsecured Creditors (the "UCC"), the Oversight Board, and the Special Claims Committee of the Oversight Board (the "SCC", and jointly with the UCC and the Oversight Board, the "Movants") filed an *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* (the "Prosecution Procedures") seeking approval of a stipulation and order in the Commonwealth's Title III Case to, among other things, establish procedures for (i) the appointment of SCC members and UCC members as "co-trustees and co-plaintiffs" with respect to certain adversary proceedings, (ii) appointment of the UCC as the sole trustee and plaintiff with respect to certain adversary proceedings, and (iii) the parties' litigation efforts (the "Stipulation").  *See* Dkt. No. 6305 of Case No. 17-03283 (LTS).

6. The Court approved the Prosecution Procedures and the Stipulation on April 26, 2019.  *See* Dkt. No. 6524 of Case No. 17-03283 (LTS).

## III.  Plaintiffs File the Avoidance Actions against P&D.

7. In accordance with the Prosecution Procedures, the SCC and/or the UCC (jointly, the "Plaintiffs") filed 235 Complaints against several suppliers, vendors, and/or contractors (the "Servicers") of the Commonwealth between April 30 and May 2, 2019.

8. The Complaints attempt to avoid of certain sums, received by Servicers from the Debtor, under the auspices of Chapter 5 of the Bankruptcy Code (the "Avoidance Actions").  As highlighted in the media, these Avoidance Actions have created uncertainty in the Island, and a

3

"potential adverse impact … on hundreds of local businesses." *See* Joanisabel González, *Seeking a Solution for Suppliers*, El Nuevo Día online edition, May 10, 2019.[4]

9. P&D was among the Servicers sued in one of these Avoidance Actions. *See* Adversary Case No. 19-00192-LTS.

**IV. Plaintiffs File the Motion to Establish Certain Litigation Case Management Procedures and Settlement Standards for the Avoidance Actions.**

10. The Plaintiffs filed the Motion on June 7, 2019, seeking to: (i) establish case management procedures regarding the prosecution of the Avoidance Actions (the "Avoidance CMP"); (ii) set forth the applicable voluntary mediation procedures regarding the Avoidance Actions; and (iii) obtain approval of Plaintiffs' settlement authority, standards, and procedures for the entering of consensual agreements with defendants in the Avoidance Actions (the "Settlement Standards").

**DISCUSSION**

11. P&D has serious concerns as to certain deviations from the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure proposed by the Avoidance CMP and the Settlement Standards, which may infringe on P&D's rights and ability to properly defend itself in the Avoidance Actions.

12. Part VII of the Federal Rules of Bankruptcy Procedure follows the same scheme and purposes of the Federal Rules of Civil Procedure. This is so because "[a]n adversary proceeding is a separate lawsuit within the context of a case and has all of the attributes of a lawsuit, including due process service requirements as well as application, with some adaptation,

---

[4] https://www.elnuevodia.com/english/english/nota/seekingasolutionforsuppliers-2493105/.

of the Federal Rules of Civil procedure." ALAN N. RESNICK AND HENRY J. SOMMER, COLLIER PAMPHLET EDITION PART 2 BANKRUPTCY RULES 368 (2017 ed.).

13. Rule 1001 of the Federal Rules of Bankruptcy Procedure (which follows Rule 1 of the Federal Rules of Civil Procedure)[5] states that the "rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."

14. Rule 1001 "is almost identical to Fed. R. Civ. P. 1 [and i]ts policy is obviously identical to its civil counterpart." *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 554 (Bankr. E.D.N.Y. 1999).

15. There probably is no provision in the federal rules more important than Rule 1's mandate that these be applied in a fashion that safeguard's a party's right to a just, speedy, and inexpensive determination of every legal action and proceeding. This ultimately "reflects the spirit in which the rules were conceived and written, and in which they should be interpreted." WRIGHT & MILLER, 4 FED. PRAC. & PROC. CIV. § 1029 (4th ed.)

16. While the Federal Rules of Bankruptcy Procedure are to be liberally construed, "the spirit of liberal construction does not allow the court to ignore procedural rules altogether." *In re Gray*, 156 B.R. 707, 711 n.10 (Bankr. D. Me. 1993).

17. P&D's concerns fall into three categories, which refer to specific Avoidance CMP and Settlement Standard proposals included in the Motion:

---

[5] Rule 1 of the Federal Rules of Civil Procedure provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

(a) **Section II (ii)(b) (Dkt. No. 7325 at p. 20)** – It is unclear whether Plaintiffs intend to eliminate the applicability of Fed. R. Bankr. P. 7016 altogether or just the scheduling of final pre-trial conferences in the Avoidance Actions. Without these, however, P&D will not have a guideline as to applicable motion-practice schedule, the identification of witnesses and discovery schedules, the scheduling of initial disclosures, setting pre-trial and trial dates, among others. Both are key for an orderly management of any civil litigation and should apply in the Avoidance Actions as "[p]retrial procedures clearly play an important role in achieving" the "[t]wo primary purposes of the Federal Rules … [i] to lessen the cost of litigation and [ii] expedite the disposition of cases." 10 COLLIER ON BANKRUPTCY ¶ 7016.02 (16th ed. 2019).

(b) **Section II (iv)(a) (Dkt. No. 7325 at p. 20)** – The section is unclear as to what constitutes "post-discovery" motions under Fed. R. Civ. P. 26. To the extent that Plaintiffs, instead, refer to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the language in the Motion impairs P&D's right to file these motions before the close of discovery. This proposed limitation is patently incompatible with Rule 56(b) of the Federal Rules of Civil Procedure,[6] which allows a party to present motions for summary judgment "at any time until 30 days after the close of discovery" (emphasis added). Under Rule 56(b) a party has the right to file a motion for summary judgment before conclusion of

---

[6] As applicable in these proceedings by virtue of Fed. R. Bankr. P. 7056.

discovery if appropriate. Plaintiffs' proposal to limit the filing of motions for summary until "thirty (30) days after the close of discovery" curtails this right without any justification.

(c) **Section IV (ii)(d) (Dkt. No. 7325 at p. 23)** – This section refers to proposed settlement procedures for Avoidance Actions with a face amount of up to $10 million. Under these proposed procedures, the Plaintiffs will have the authority to settle "without further order of the Court." While sub-section (a) contemplates that Plaintiffs "will provide general, mutual releases to each other relating to, or arising out, of the Avoidance Action," defendants subject to these procedures will not receive a Court Order approving the settlement terms in accordance with Fed. R. Bankr. P. 9019. The only *comfort order* that will be received by a settling defendant is a "notice of dismissal," as provided in the Motion. Pursuant to Rule 41(a)(B) of the Federal Rules of Civil Procedure,[7] "[u]nless the notice or stipulation states otherwise, the [voluntary] dismissal is without prejudice." Given that a settling defendant would be waiving its right to obtain a court-approved compromise under Fed. R. Bankr. P. 9019 should the Motion be authorized by this Court, and that a defendant's only *comfort order* will be the voluntary dismissal itself, it is only fair that such dismissal be "with prejudice," as allowed under Fed. R. Civ. P. 41(a)(B).

18. The foregoing Plaintiffs' proposals deviate from the Federal Rules of Bankruptcy Procedure's and the Federal Rules of Civil Procedure's objectives to safeguard P&D's right to a

---

[7] As made applicable to these proceedings by virtue of Fed. R. Bankr. P. 7041.

7

just, speedy, and inexpensive determination of the Avoidance Actions. Moreover, and as explained above, certain of these provisions potentially infringe upon P&D's due process rights to adequately defend itself in the Avoidance Actions. *See* U.S. Const. amend. V ("[n]o person shall ... be deprived of ... property, without due process of law"); *see also Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) (holding that "the bankruptcy power" is "subject to the Fifth Amendment").

19. Lastly, and contrary to Plaintiffs' assertion otherwise, section 105 of the Bankruptcy Code cannot be used as a vehicle to undo the purposes and objectives of the Rules. *See* 11 U.S.C. § 105(a) (which permits courts to "[take] any action or [make] any determination necessary or appropriate **to enforce or implement court orders or rules**") (emphasis added). To this end, section 105(d)(2) states that:

> (d) The court, on its own motion or on the request of a party in interest–
> (2) **unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure**, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically ....

11 U.S.C. § 105(d) (emphasis added).

20. The ultimate purpose of section 105 is to ensure that a Court's "orders must be consistent with other provisions of the Bankruptcy Code and with the Federal Rules of Bankruptcy Procedure." 2 COLLIER ON BANKRUPTCY ¶105.08 (16th ed 2019).

21. Because Plaintiffs' proposals run afoul to the purposes of the Rules and potentially infringe upon P&D's rights, P&D respectfully requests this Court to deny the approval of the proposals contained in the Motion at: (a) Section II (ii)(b) (Dkt. No. 7325 at p. 20); (b) Section II (iv)(a) (Dkt. No. 7325 at p. 20); and (c) Section IV (ii)(d) (Dkt. No. 7325 at p. 23), due to the deficiencies explained above.

## RESERVATION OF RIGHTS

22. P&D reserves all rights and remedies with respect to the Motion, including but not limited to, the right to raise additional arguments at the hearing on the Motion.

**WHEREFORE**, P&D respectfully requests this Court to deny the approval of the proposals contained in the Motion at: (a) Section II (ii)(b) (Dkt. No. 7325 at p. 20); (b) Section II (iv)(a) (Dkt. No. 7325 at p. 20); and (c) Section IV (ii)(d) (Dkt. No. 7325 at p. 23) due to the deficiencies explained above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of June, 2019.

**McCONNELL VALDÉS LLC**
*Attorneys for Promotions & Direct, Inc.*
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: 787-250-5604
Facsimile: 787-759-8282

*s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
nzt@mcvpr.com