# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE<br>GOVERNMENT OF THE COMMONWEALTH OF<br>PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**RENEWED MOTION OF CERTAIN SECURED CREDITORS
OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO
TO COMPEL PRODUCTION OF DOCUMENTS FROM FINANCIAL
<u>OVERSIGHT AND MANAGEMENT BOARD</u>**

To the Chambers of the Honorable Judith G. Dein:

The Bondholders renew their motion to compel the Financial Oversight and Management Board for Puerto Rico ("Oversight Board" or "Board") to produce materials withheld under the deliberative process privilege, the attorney-client privilege, and the work product doctrine.

## **INTRODUCTION**

1. The Court has now twice instructed the Oversight Board to revisit its privilege logs in accordance with its rulings—first at the May 2, 2019 discovery hearing and again in the Court's order dated June 6, 2019 [Dkt. No. 546][1] (the "Order")—and yet the Board still fails to meet its burden with respect to its sweeping claims of privilege. Thus, the Bondholders are left with no choice but to again ask this Court to compel the Oversight Board to produce withheld documents.

2. The Court is familiar with these discovery proceedings concerning the Bondholders' pending motion for relief from the automatic stay. On May 17, 2019, the Bondholders filed a motion to compel documents withheld by the Board. Dkt. No. 512 (the "Motion to Compel"). On June 6, 2019, the Court ruled on that motion and found that the Board's privilege claims were unsupported in many instances. The Court ordered the Board to review its then-currently withheld documents in accordance with the Order, and to serve an amended and supplemental privilege log along with any supplemental declarations and productions by June 12, 2019. *See, e.g.*, Order at 2.

3. The instant motion concerns the documents produced and the supplemental privilege log and declaration served by the Oversight Board pursuant to the Court's Order. Despite the Court's instruction, the Board's document production remains non-compliant, and its most recent privilege logs still indicate that the Oversight Board has made overbroad and unsupported claims of privilege. Accordingly, the Bondholders renew their Motion to Compel.

---

[1] All references to docket entries ("Dkt. No.") are to Case No. 17-bk-3566, unless otherwise noted herein.

**BACKGROUND**

4. The factual background of the discovery dispute is set forth in the Bondholders' Motion to Compel and the Order. Motion to Compel at 1-5; Order at 2-5. In its Order, the Court found that the Board had not satisfied its burden in asserting the deliberative process privilege, the attorney-client privilege, and the work product doctrine. The Court ordered the Board to review its withheld documents and to "make supplemental productions and submit updated privilege logs and affidavits to the Bondholders as necessary by June 12, 2019." *See, e.g.*, Order at 2.

5. On June 12, the Oversight Board produced a supplemental and amended privilege log (the "June 12 Log"), wherein it claimed deliberative process privilege over 143 documents, attorney-client privilege over 222 documents, and work product protection over 176 documents.[2] *See* Decl. of Cheryl T. Sloane, ¶ 2. That same day, the Oversight Board also produced 16 documents that had been withheld in their entirety and reproduced 18 documents that had been previously produced with redactions. The 18 reproduced documents either contained no redactions or had certain redactions removed. *See* Decl. of Cheryl T. Sloane, ¶ 3.

6. On June 13, the Board served a supplemental declaration from Natalie A. Jaresko (the "Supplemental Declaration"), *see* Decl. of Cheryl T. Sloane, ¶ 4, which supplemented Ms. Jaresko's initial declaration [Dkt. No. 535-2 (the "Initial Declaration")] that the Court found failed to support the Board's deliberative process privilege claims, *see* Order at 10. Counsel for the Bondholders immediately and carefully reviewed the June 12 Log, the 34 documents produced or reproduced on June 12, and the Supplemental Declaration and determined that the Board's supplemental document production, July 12 Log, and Supplemental Declaration were inadequate.

---

[2] Due to confidential personal information on the Board's privilege logs, the Bondholders have not attached them here. The Board indicated that it will provide the Court with a copy of its July 12 Log.

7. On the morning of June 14, the parties engaged in a meet-and-confer session regarding the issues presented in this motion. The Board stated that it would consider Bondholders' position and respond by June 15. *See* Decl. of Cheryl T. Sloane, ¶¶ 5-7. The Parties submitted their status report to the Court later that day. Dkt. No. 561.

8. On June 15, counsel for the Board emailed counsel for the Bondholders stating that (i) the Board no longer asserted any privileges over the information reflected in Doc. Nos. 114 and 115 of the June 12 Log; and (ii) the Board withdrew its assertion of work product protection for Doc. No. 176. *See* Decl. of Cheryl T. Sloane, ¶ 8. The Board otherwise stood on its June 12 Log, its June 12 production, and its Supplemental Declaration. *See id*.

## ARGUMENT

**I.     The Board Continues to Improperly Withhold Factual Information.**

9. As Bondholders previously explained, the deliberative process privilege does not shield purely factual material, including factual material that the Board can reasonably segregate from deliberative material. *See* Dkt. No. 446, ¶¶ 20–23; Dkt. No. 476, ¶¶ 11–13; Dkt. No. 512, ¶ 23; Dkt. No. 535, ¶¶ 12-15. Facts may only be withheld if they are "indissolubly linked to the broader analysis." *See* Order at 10; *see also* Dkt. No. 493 at 4. The Motion to Compel identified no less than 46 entries on the Board's privilege logs that appeared to contain entirely factual material. Motion to Compel ¶ 23. The Court found that the Board had not met its burden in demonstrating that, for some of its withheld documents, (i) the disclosure of factual information would disclose the deliberative process, or (ii) that the factual information cannot be segregated. Order at 10.

10. Although the Board produced 9 of the 46 documents identified in the Bondholders' Motion to Compel,[3] the Board fails to provide sufficient information for the remaining 37 documents to allow the Bondholders or the Court to confirm that all segregable factual information has been produced. *See* Order at 11. Both the Bondholders in their Motion to Compel (¶ 23) and the Court in its Order (Order at 10) highlighted Privilege Docs. 320 and 35, which referenced an "embedded spreadsheet" and attached materials as inadequately detailed as to why disclosure of that information would reveal deliberative process. Yet, the Board did not supplement these descriptions, or descriptions for most of the documents the Bondholders identified in their Motion to Compel. *See* Docs. 22, 23, 35, 50, 59, 66, 69, 84, 103, 104, 106, 107, 110, 111, 120, 164, 191, 210, 247, 248, 320, 331, and 265. Any changes made by the Board to the remaining descriptions are minor and do not indicate why the factual information (i) would disclose the deliberative process, or (ii) cannot be segregated. *See* Docs. 1-4, 11, 17, 20, 165, 209, 227, 245, and 260.

11. Further, the Supplemental Declaration does not adequately support the Board's assertion of the deliberative process privilege. The Supplemental Declaration makes broad conclusory statements that the withheld factual information "is intertwined with the privilege context such that producing the factual portions of the material would disclose pre-decisional analysis[.]" Supplemental Declaration ¶ 3; *see also id*. ¶ 4. No detailed information is provided for any specific documents withheld.

**II. The Board Still Fails To Carry Its Burden As To Attorney-Client Privilege.**

12. The Bondholders previously challenged the Board's claims of attorney-client privilege, Motion to Compel ¶¶ 24-28, which the Court sustained in two respects.

---

[3] Docs. 31, 32, 33, 34, 37, 38, 40, 41, 167.

13. *First*, the Court found that some of the Board's entries "do not sufficiently show that the entire communication or attached documents consist of privileged legal advice." Order at 12. The Court found that, to "the extent that any document remains privileged in the Board's view, the description in the privilege log should be more complete." *Id.* at 13. The July 12 Log lacks the necessary detail. Several descriptions fail to show that the *entire communication* or that *each of the attached documents* consist of privileged legal advice. *E.g.*, Doc. 53 (email between Board members only "concerning Commonwealth budget, with attachments"); Doc. 94 (email "concerning certification of Commonwealth Fiscal Plan, with attachments"); *see also* Docs. 56, 57, 95, 141, 156, 175, 204, 216, 217, 249, 252, 256, 257, 270.

14. *Second,* the Court held that many of the Board's communications involved third parties, which prevents the application of the attorney-client privilege unless stringent requirements are satisfied. Order at 13 (citing *Columbia Data Prods., Inc. v. Autonomy Corp.*, No. 11-12077-NMG, 2012 WL 6212898 at *15 (D. Mass. Dec. 12, 2012)). The Court found the Board failed to carry its heavy burden of showing that the attorney-client privilege applied to these communications. *See* Order at 14. This issue persists in the June 12 Log. There are more than 80 communications listed that include advisors where the descriptions do not explain (i) why those advisors were necessary to translate or interpret information between the lawyers and the client, or (ii) that the purpose of including the advisors was to facilitate legal advice by the lawyers. *See id.* at 14.

15. The Board continues to withhold 72[4] emails involving third party advisors where the privilege log descriptions simply show that they concerned *legal strategy* and anticipated

---

[4] Docs. 129, 132, 136, 169-171, 177-182, 184, 185-186, 194-196, 197-200, 205, 207-208, 218-222, 226, 230-233, 235, 236-238, 240-244, 253-254, 255, 262-264, 267-269, 272-273, 280-282, 284-286, 290-292, 294, 299, 305-310.

- 5 -

litigation regarding proposals, letters, and stipulations with ERS bondholders; there is no indication the advisors facilitated rendering legal advice or interpreted complicated information.

16. Moreover, the Oversight Board withheld additional emails with third parties even though the Board failed to show that these third parties played "an interpretative role," helping "to translate information between the client and attorney." *Columbia Data Prods.*, 2012 WL 6212898, at *15. *See, e.g.,* Doc. 141 (email from Board member to financial advisor "forwarding documents from AAFAF concerning compliance with budget, with attachments"); Doc. 278 (email "forwarding mediation materials" to financial advisors and Board members); *see also* Docs. 122, 123-124, 127, 130, 134, 150, 151, 172-174, 188, 259.

### III. The Board Still Fails to Meet Its Burden With Respect To Its Work Product Claims.

17. The Court sustained in part the Bondholders' challenge to the Board's assertions of the work product doctrine, noting that the doctrine is very narrow in the First Circuit. Order at 16-17 (citing *United States v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 27 (1st Cir. 2009) (en banc)). The Court stated that "documents that were not prepared for use in litigation are not protected." *Id*. at 17. The Court ordered the Board to re-review its documents and privilege log, and either supplement the log or produce the documents not protected from disclosure. *Id*.

18. Notwithstanding the Court's direction, the Board continues to apply the work product doctrine too broadly. *E.g.*, Docs. 144, 246 ("legal advice and analysis concerning effect of anticipated pension reform legislation for Fiscal Year 2018"); Doc. 228 ("Loose Excel file … analyzing potential fiscal policies to adopt for Commonwealth fiscal plan"); Doc. 229 ("Loose Excel file … analyzing pension model from present to 2020"); Doc. 56 (discussions of the "Commonwealth's non-compliance with proposed Commonwealth budget"); Docs. 43–44 ("materials prepared at the direction of counsel in preparation for [an undisclosed] mediation").

**CONCLUSION**

For the reasons set forth above, this Court should overrule the Oversight Board's assertions of (i) deliberative process privilege for Docs. 1-4, 11, 17, 20, 22-23, 35, 50, 59, 66, 69, 84, 103-104, 106-107, 110-111, 120, 164-165, 191, 209-210, 227, 245, 247-248, 260, 265, 320, 331; (ii) attorney-client privilege for Docs. 53, 56-57, 94-95, 122-124, 127, 129-130, 132, 134, 136, 141, 150-151, 156, 169-175, 177-182, 184-186, 188, 194-200, 204-205, 207-208, 216-222, 226, 230-233, 235-238, 240-244, 249, 252-257, 259, 262-264, 267-270, 272-273, 278, 280-282, 284-286, 290-292, 294, 299, 305-310, and (iii) work product doctrine for Docs. 56, 43-44, 144, 246, 228- 229; and order the Oversight Board to supplement its production accordingly.[5]

---

[5] The Bondholders note that their supplemental briefs are due this Friday, June 21, 2019. *See* Dkt. No. 505.

In San Juan, Puerto Rico, today June 17, 2019.

By:

/s/ *Alfredo Fernández-Martínez*
Alfredo Fernández-Martínez
DELGADO & FERNÁNDEZ, LLC
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
Tel. (787) 274-1414
Fax: (787) 764-8241
afernandez@delgadofernandez.com
USDC-PR 210511

/s/ *Bruce Bennett*
Bruce Bennett (*pro hac vice*)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel. (213) 489-3939
Fax: (213) 243-2539
bbennett@jonesday.com

Benjamin Rosenblum (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel. (212) 326-3939
Fax: (212) 755-7306
brosenblum@jonesday.com

Geoffrey S. Stewart (*pro hac vice*)
Matthew E. Papez (*pro hac vice*)
Sparkle L. Sooknanan (*pro hac vice*)
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Tel. (202) 879-3939
Fax: (202) 626-1700
gstewart@jonesday.com
mpapez@jonesday.com
ssooknanan@jonesday.com

David R. Fox (*pro hac vice*)
JONES DAY
100 High Street, Floor 21
Boston, MA 02110
Tel. (617) 960-3939
Fax: (617) 449-6999
drfox@jonesday.com

*Counsel for ERS Bondholders Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., and SV Credit, L.P.*

| | |
|---|---|
| /s/ Alicia I. Lavergne-Ramírez | /s/ Cheryl T. Sloane |
| José C. Sánchez-Castro<br>USDC-PR 213312<br>jsanchez@sanpir.com | John K. Cunningham (*pro hac vice*)<br>Glenn M. Kurtz (*pro hac vice*)<br>WHITE & CASE LLP<br>1221 Avenue of the Americas |
| Alicia I. Lavergne-Ramírez<br>USDC-PR 215112<br>alavergne@sanpir.com | New York, NY 10036<br>Tel. (212) 819-8200<br>Fax (212) 354-8113<br>jcunningham@whitecase.com |
| Maraliz Vázquez-Marrero<br>USDC-PR 225504<br>mvazquez@sanpir.com | gkurtz@whitecase.com<br><br>Jason N. Zakia (*pro hac vice*)<br>Jesse Green (*pro hac vice*) |
| SÁNCHEZ PIRILLO LLC<br>270 Muñoz Rivera Avenue, Suite 1110<br>San Juan, PR 00918<br>Tel. (787) 522-6776<br>Fax: (787) 522-6777 | Cheryl T. Sloane (*pro hac vice*)<br>WHITE & CASE LLP<br>200 S. Biscayne Blvd., Suite 4900<br>Miami, FL 33131<br>Tel. (305) 371-2700<br>Fax (305) 358-5744<br>jzakia@whitecase.com<br>jgreen@whitecase.com<br>csloane@whitecase.com |

*Counsel for Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.*

**Proposed Order**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**[PROPOSED] ORDER GRANTING RENEWED MOTION OF CERTAIN SECURED CREDITORS OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO COMPEL PRODUCTION OF DOCUMENTS FROM <u>FINANCIAL OVERSIGHT AND MANAGEMENT BOARD</u>**

Upon consideration of the *Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents from Financial Oversight and Management Board* (the "Motion")[1] filed by the Bondholders,[2] the Court having reviewed the Motion and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; and after due deliberation and sufficient cause appearing; therefore, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein. The Court overrules the Financial Oversight and Management Board for Puerto Rico's assertion of (i) deliberative process privilege for Docs. 1-4, 11, 17, 20, 22-23, 35, 50, 59, 66, 69, 84, 103-104, 106-107, 110-111, 120, 164-165, 191, 209-210, 227, 245, 247-248, 260, 265, 320, 331; (ii) attorney-client privilege for Docs. 53, 56-57, 94-95, 122-124, 127, 129-130, 132, 134, 136, 141, 150-151, 156, 169-175, 177-182, 184-186, 188, 194-200, 204-205, 207-208, 216-222, 226, 230-233, 235-238, 240-244, 249, 252-257, 259, 262-264, 267-270, 272-273, 278, 280-282, 284-286, 290-292, 294, 299, 305-310, and (iii) work product doctrine for Docs. 56, 43-44, 144, 246, 228- 229. The Financial Oversight and Management Board for Puerto Rico shall supplement its production accordingly on or before _____.

---

[1] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Motion.
[2] Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund L.P., Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Ocher Rose, L.L.C., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax- Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., SV Credit, L.P., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

3. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: _____
Boston, Massachusetts

_____
UNITED STATES MAGISTRATE JUDGE