IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors. | PROMESA<br>Title III<br><br>Case No. 3:17-bk-03283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 3:17-cv-01685 (LTS)<br>Case No. 3:17-bk-03566 (LTS) |

**DECLARATION OF CHERYL TEDESCHI SLOANE
IN SUPPORT OF THE RENEWED MOTION OF CERTAIN SECURED CREDITORS
OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
OF THE COMMONWEALTH OF PUERTO RICO
TO COMPEL PRODUCTION OF DOCUMENTS FROM FINANCIAL
<u>OVERSIGHT AND MANAGEMENT BOARD</u>**

I, Cheryl Tedeschi Sloane, hereby declare under penalty of perjury:

1. I am an associate at the law firm of White & Case LLP, located at 200 South Biscayne Blvd., Suite 4900, Miami, Florida 33131. I am a member in good standing of the Bar of the State of Florida. There are no disciplinary proceedings pending against me. I submit this declaration in support of the Renewed Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Compel Production of Documents from Financial Oversight Board (the "Motion").[1] I have personal knowledge of the matters stated herein.

2. On June 12, 2019, counsel for the Financial Oversight and Management Board (the "Oversight Board") served a supplemental and amended privilege log (the "June 12 Log"), wherein it claimed deliberative process privilege over 143 documents, attorney-client privilege over 222 documents, and work product over 176 documents.

3. That same day, the Oversight Board also produced 16 documents that had been withheld in their entirety and reproduced 18 documents that had been previously produced with redactions. The 18 reproduced documents either contained no redactions or had certain redactions removed.

4. On June 13, 2019, the Oversight Board served a supplemental declaration from Natalie A. Jaresko in support of the Board's assertion of privilege (the "Supplemental Declaration"). *See* Exhibit A, a true and correct copy of email correspondence between C. Sloane and M. Dale (June 13, 2019).

---

[1] Capitalized terms used but not otherwise defined herein will have the meaning as set forth in the Motion.

2

5. On June 14, 2019, counsel for the Bondholders and counsel for the Oversight Board engaged in a telephonic meet-and-confer session to discuss the sufficiency of June 12 Log, its June 12 supplemental production, and the Supplemental Declaration provided June 13.

6. During this meet-and-confer, counsel for Bondholders informed counsel for the Oversight Board that it still believed that the information provided on June 12 and June 13 was not sufficient to comply with the Court's June 6, 2019 order [Case No. 17-bk-2566, Dkt. No. 546] (the "Order"). Specifically:

a) With respect to the deliberative process privilege, counsel for the Bondholders noted that the Bondholders' initial motion to compel [Case No. 17-bk-3566, Dkt. No. 512] (the "Motion to Compel") identified approximately 40 privilege log entries for documents that appears to contain information that purely factual and could be segregated, Motion to Compel ¶ 23, of which the Oversight Board produced 8 on June 12.[2] For the remaining documents that have not been produced, counsel for the Bondholders stated that the Oversight Board still fails to provide sufficient information—in its privilege logs or in the Supplemental Declaration—such that the Bondholders can confirm the Oversight Board's representation that all segregable factual information has been produced.

b) With respect to the attorney-client privilege, counsel for the Bondholders noted two deficiencies persist: *first*, that there is still insufficient information indicating that all segregable, non-privileged information has been produced (*see* Doc. 9, for example); and, *second*, that most of communications involving third parties listed on the privilege log do not satisfy the

---

[2] Since the parties meet-and-confer, counsel for Bondholders have re-reviewed the June 12 supplemental production and privilege log and confirmed that the Oversight Board in fact produced 9 of the documents referred to in the Bondholders' Motion to Compel ¶ 23.

3

stringent requirements necessary to show that the presence of the third party did not destroy the privilege (*see* Doc. 10, for example).

    c) With respect to the work product doctrine, counsel for the Bondholders noted that in many instances the Oversight Board either withdrew or amended its privilege log descriptions. Notwithstanding, the descriptions for several documents the Oversight Board continues to withhold are still deficient insofar as they do not indicate that the documents were used or created for use in litigation (*see* Doc. 144 and 176, for examples).

  7. During this meet-and-confer session, counsel for the Oversight Board stated that they would re-review the supplemental documents and information provided on June 12 and 13, with the intention of responding to the concerns raised by counsel for the Bondholders by the afternoon of June 15, 2019.

  8. On the afternoon of June 15, 2019, counsel for the Oversight Board emailed counsel for the Bondholders stating (i) that the Oversight Board no longer asserted any privileges over the information reflected in Doc. Nos. 114 and 115 of the June 12 Log; (ii) the Oversight Board withdrew its assertion of work product protection for Doc. No. 176 only; and (iii) that the Oversight Board otherwise stood on its June 12 Log, its June 12 production and the Supplemental Declaration. *See* **Exhibit B**, a true and correct copy of email correspondence between W. Dalsen and C. Sloane (June 15, 2019).

Dated: June 17, 2019          */s/ Cheryl Tedeschi Sloane*
    Miami, Florida          Cheryl Tedeschi Sloane