UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   : Title III
                                                                    :
         as representative of                                       : Case No. 17-BK-3283 (LTS)
                                                                    :
THE COMMONWEALTH OF PUERTO RICO *et al.,*                           : (Jointly Administered)
                                                                    :
         Debtors.[1]                                                :
------------------------------------------------------------------- x
                                                                    :
In re:                                                              :
                                                                    :
THE FINANCIAL OVERSIGHT AND                                         : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                   : Title III
                                                                    :
         as representative of                                       : Case No. 17-BK-4780 (LTS)
                                                                    :
PUERTO RICO ELECTRIC POWER AUTHORITY                                : **This filing relates only to**
                                                                    : **Case No. 17-BK-4780 (LTS)**
                                                                    :
         Debtor.                                                    :
------------------------------------------------------------------- X

**URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS[2]
FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 926(a),
AUTHORIZING COMMITTEE TO PURSUE CERTAIN AVOIDANCE ACTIONS ON
<u>BEHALF OF PUERTO RICO ELECTRIC POWER AUTHORITY</u>**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID:  3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID:  3808), (iv) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID:  3747).

[2] Tradewinds Energy Barceloneta, LLC, a member of the Committee and a creditor of PREPA, is a co-movant with the Committee on this Motion.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1
BACKGROUND .......................................................................................................................... 6
      A.      PREPA Restructuring Support Agreement ............................................................ 6
      B.      Stipulations Regarding Joint Prosecution of Debtor Causes of Action ................. 7
BASIS FOR RELIEF .................................................................................................................... 9
NOTICE ....................................................................................................................................... 12
NO PRIOR REQUEST ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aurelius Inv., LLC v. Puerto Rico*,
  915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st
  Cir. Mar. 7, 2019) .................................................................................................... *passim*

*Aurelius Inv., LLC v. Puerto Rico*,
  No. 18-1475, 2019 WL 2285729 (U.S. May 24, 2019) ............................................. 3

*Pope v. Haas & Wilerson, Inc. (In re Ala. State Fair Auth.)*,
  232 B.R. 252 (N.D. Ala. 1999) .................................................................................. 9

*UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*,
  No. 18-1521, 2019 WL 2418984 (U.S. June 5, 2019) ....................................... *passim*

**Statutes**

11 U.S.C. § 926(a) ................................................................................................... *passim*

48 U.S.C. § 2161(a) ............................................................................................................ 9

Bankruptcy Code
  § 108(a) ....................................................................................................................... 8
  § 362 ............................................................................................................................ 6
  § 502 ............................................................................................................................ 6
  § 546(a) .................................................................................................................. 7, 8
  § 922 ............................................................................................................................ 6
  § 926 ............................................................................................................................ 7
  § 928 ............................................................................................................................ 6

Puerto Rico Oversight, Management, and Economic Stability Act § 301(a) ............. 1, 9

**Other Authorities**

Local Bankruptcy Rule
  R. 3012(a)(1) ............................................................................................................... 6
  R. 9013-1(a)(2) ......................................................................................................... 11
  R. 9019 ........................................................................................................................ 6

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee") and Committee member Tradewinds Energy Barceloneta, LLC ("Tradewinds" and, together with the Committee, the "Movants") hereby file this urgent motion (the "Motion"), pursuant to section 926(a) of Title 11 of the United States Code (the "Bankruptcy Code"), made applicable to these Title III cases by section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), appointing the Committee as trustee for PREPA under section 926(a) of the Bankruptcy Code to pursue the Lien Challenge (as defined below) against any potential defendants that has not entered into a tolling agreement that includes the Committee as a party. In support of this Motion, the Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1. After the Court approved the stipulations for the joint prosecution of Commonwealth, HTA, and ERS causes of action,[1] the Committee provided the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and the Oversight Board's Special Claims Committee (the "Special Claims Committee") with a draft stipulation for the joint prosecution of PREPA causes of action (for which the statutes of limitations expire on July 1, 2019), which stipulation was identical to the Commonwealth Stipulation and the HTA/ERS Stipulation (except that it was updated to cover PREPA causes of action).

---

[1] *See Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case No. 17-3283, Docket No. 6524] (the "Commonwealth Stipulation"); *Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [Case No. 17-3283, Docket No. 6990] (the "HTA/ERS Stipulation").

1

2. Unfortunately, and to the Committee's surprise, the Oversight Board responded by adding a section to make certain critical changes to the proposed stipulation. Most significantly, the Oversight Board took the position that causes of action to challenge the liens and claims related to the PREPA bonds (such challenge, the "Lien Challenge") would not be jointly prosecuted by the Committee with the Oversight Board and/or the members of the Special Claims Committee, but rather by the Oversight Board alone.[2]

3. It is the Committee's view that the Oversight Board's attempt to pursue the Lien Challenge on its own is tantamount to the Oversight Board refusing to bring such claims in light of the First Circuit's decision entered on February 15, 2019 in the *Aurelius/UTIER* appeals[3] and thus warrants the appointment of the Committee as trustee under section 926(a) of the Bankruptcy Code to pursue such causes of action solely to mitigate that risk. As the Oversight Board itself previously argued (and as the Court recognized):

> the Aurelius decision (unless overturned by the U.S. Supreme Court) could be used later by certain parties (including defendants in adversary proceedings, which include the Monolines) to attempt to challenge the Oversight Board's authority to commence adversary proceedings on behalf of the Debtors.[4]

---

[2] Discussions between the Committee and the Oversight Board regarding a stipulation to jointly pursue the Lien Challenge remain ongoing; however, in light of the upcoming expiration of the statutes of limitation in the PREPA case, the Committee could not hold off filing this Urgent Motion any longer.

[3] *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019). The First Circuit's decision also ruled on the related appeal that UTIER (a union of PREPA employees) had filed in the PREPA case with respect to this Court's ruling on the Appointment Clause. UTIER has recently filed a petition for writ of certiorari seeking Supreme Court review of the First Circuit's *Aurelius/UTIER decision* as it relates to the validity of the Oversight Board's actions under the *de facto* officer doctrine. Petition for Writ of Certiorari, *UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*, No. 18-1521, 2019 WL 2418984 (U.S. June 5, 2019).

[4] *See Omnibus Reply of Financial Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors in Support of Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico [Docket No. 6867]*, ¶ 2 [Case No. 17-3283, Docket No. 6958]; *see also Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and Among Financial Oversight and Management Board, Its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Certain Causes of*

In fact, several GO bondholders have already sought dismissal of a series of recently filed adversary proceedings on the basis that, among other things, the Oversight Board's post-*Aurelius/UTIER* actions are without legal or apparent authority and are thus null and void.[5] In addition, two major creditors in the PREPA case, *i.e.*, Assured (one of the largest insurer of PREPA bonds and a party to the PREPA restructuring support agreement) and UTIER (a union of PREPA employees), have recently sought Supreme Court review of the *Aurelius/UTIER* decision, arguing that the First Circuit improperly allowed the Oversight Board to continue operating under the *de facto* officer doctrine despite the unconstitutional appointment of its members.[6] Further, to date, the *Aurelius/UTIER* risk has not been resolved through the re-appointment of the current Oversight Board members by the President and confirmation by the Senate.

4. To protect against the *Aurelius/UTIER* risk, the Oversight Board, together with the Committee and the Special Claims Committee, had previously entered into stipulations to appoint the Committee as co-plaintiff/co-trustee to pursue causes of action of the Commonwealth, HTA, and ERS. In approving the Commonwealth Stipulation and the HTA/ERS Stipulation, the Court specifically found that the appointment of the Committee as co-trustee under section 926(a) of the Bankruptcy Code was warranted because the potential

---

*Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico,* ¶¶ 8-9 [Case No. 17-3283, Docket No. 6867].

[5] *See* Mots. to Dismiss filed in Adv. Proc. No. 19-291-LTS [Docket No. 9], Adv. Proc. No. 19-292-LTS [Docket No. 5], Adv. Proc. No. 19-295-LTS [Docket No. 6], Adv. Proc. No. 19-296-LTS [Docket No. 4], and Adv. Proc. No. 19-297-LTS [Docket No. 5]. *See also Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of the Funds and Entities it Manages or Advises, and Not in its Individual Capacity* [Case No. 17-3283, Docket No. 5977]; *Joinder by Autonomy Capital to Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Assured Guaranty Corporation, and Assured Guaranty Municipal Corporation* [Case No. 17-3283, Docket No. 5987].

[6] Petition for Writ of Certiorari, *Aurelius Inv., LLC v. Puerto Rico*, No. 18-1475, 2019 WL 2285729 (U.S. May 24, 2019) and Petition for Writ of Certiorari, *UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*, No. 18-1521, 2019 WL 2418984 (U.S. June 5, 2019).

3

challenge to the Oversight Board's authority to commence adversary proceedings post-*Aurelius/UTIER* *gave rise to the requisite refusal for purposes of section 926(a)*.[7]

5. The same reasoning applies with the same (if not greater) force to the Lien Challenges here. First and foremost, it is highly unlikely that the President will re-appoint, and the Senate will confirm, the Oversight Board members prior to the expiration of the PREPA statutes of limitation on July 1, 2019. Moreover, the *Aurelius/UTIER* risk is particularly acute in the PREPA case because, as noted, two major PREPA creditors (Assured and UTIER) are challenging the constitutionality of the appointment of the Oversight Board members, including the application of the *de facto* officer doctrine to actions taken by the Oversight Board after February 15, 2019 (i.e., the date of the First Circuit's decision in the *Aurelius/UTIER* appeal). As *UTIER* argues in its petition to the Supreme Court, "when the court of appeals issued its decision, the Board members definitively stopped fulfilling the different requirements that the courts have developed with respect to the *de facto* officer doctrine."[8]

6. Nor does the Oversight Board dispute that the Lien Challenges are valuable causes of action that should be pursued.[9] Indeed, the Committee is informed that the Oversight

---

[7] April 24, 2019 Hr'g Tr. at 236:21-237:5.

[8] Petition for Writ of Certiorari, *UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*, No. 18-1521, 2019 WL 2418984 at * 23 (U.S. June 5, 2019).

[9] The Committee also notes that, as it has argued previously, the approximately $8.5 million in PREPA bonds (i) are non-recourse; (ii) are not secured by collateral over which the bondholders have a perfected security interest; and (iii) even if properly perfected, are secured by a very limited pool of funds since the security interest under the PREPA bond trust agreement extends only to certain funds and accounts, which contained, as of PREPA's petition date, no more than $33 million. *See Objection of Official Committee of Unsecured Creditors to Motion of National Public Finance Guarantee Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief From Automatic Stay to Allow Movants to Seek Appointment of Receiver* [Case No. 17-4780, Docket No. 1151]. The Oversight Board has taken this same position, arguing to this Court and to the First Circuit that the bondholders' alleged security interest "has no value." *See, e.g., Opposition of Financial Oversight and Management Board for Puerto Rico to Motion of Ad Hoc Group of PREPA Bondholders, National Public Finance Guaranty Municipal Corp., Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee Inc. for Relief From Automatic Stay,* at 18 [Case No. 17-4780, Docket No. 149].

4

Board will bring the Lien Challenges against those PREPA bondholders and insurers that have not entered into tolling agreements.[10] Rather, the Oversight Board is refusing to include the Committee as a co-plaintiff to prosecute these actions—notwithstanding the acknowledged risk presented by the First Circuit's *Aurelius/UTIER* decision.

7. Of course, the Committee recognizes that, unlike the Commonwealth Stipulation and the HTA/ERS Stipulation, the Oversight Board is not consenting to the Committee's request to be appointed as trustee under section 926(a) to pursue the Lien Challenges. However, section 926(a) does not require the consent of the Oversight Board (or PREPA), as the Court is given the power to appoint the Committee as trustee "[i]f the debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of" the Bankruptcy Code.[11] Moreover, the Oversight Board's prosecution of the Lien Challenge on its own is tantamount to a refusal because if its authority to commence the Lien Challenge were later successfully challenged, these causes of action will have been forfeited because the statutes of limitations will expire on July 1, 2019. In other words, if the Oversight Board stated that it was going to bring the Lien Challenge but only the day after the expiration of the statutes of limitation, no one would seriously contend that this would constitute a refusal to bring such claims. Here, the only difference is that the Oversight Board will argue that it will prevail on the *Aurelius/UTIER* issue, but that belief, if mistaken, could lead to the forfeiture of valuable defenses to billions of dollars of claims.

8. Finally, through the Motion, the Movants are not attempting to seize control of the Lien Challenge. Indeed, the Committee would be happy to pursue the Lien Challenge and

---

[10] Pursuant to Section 3(e) of the Definitive RSA (as defined below), the Oversight Board has the ability to commence a Lien Challenge in a variety of circumstances, including "if any applicable statute of limitations is expiring within the next seven (7) days."

[11] 11 U.S.C. § 926(a).

other PREPA causes of action jointly with the Oversight Board and/or the members of the Special Claims Committee *on the same terms as the Commonwealth Stipulation and the HTA/ERS Stipulation*. For that reason, the Proposed Order would appoint the Committee as trustee under section 926(a) to pursue the Lien Challenge (against any potential defendants that has not entered into a tolling agreement that includes the Committee as a party) only if the Oversight Board refuses to enter into a stipulation for the joint prosecution of PREPA causes of action, including the Lien Challenge, on the same terms as the Commonwealth Stipulation or the HTA/ERS Stipulation. The Committee would also propose to stay the Lien Challenge litigation until the Court has decided the Oversight Board's Rule 9019 motion to approve the PREPA restructuring support agreement. Indeed, although the Committee will oppose the Rule 9019 motion, it is not attempting to cause such motion or the RSA to fail through this Urgent Motion. Essentially, this Urgent Motion is simply an effort to ensure that valuable causes of actions are not forfeited as a result of unintended consequences.[12]

## BACKGROUND

**A.    PREPA Restructuring Support Agreement**

9.    On July 30, 2018, the Oversight Board, PREPA, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), and the members of the Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group") identified on Annex A to the RSA entered into a Preliminary Restructuring Support Agreement (the "Preliminary RSA").

---

[12]    The Committee is also working the Special Claims Committee to finalize a stipulation for the joint prosecution of PREPA causes of action other than the Lien Challenge. The Committee anticipates that a motion requesting approval of this stipulation will be filed this week and will request that such motion be set for the June 28, 2019 hearing.

6

10. On May 3, 2019, the Oversight Board, AAFAF, PREPA, Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together with Assured Guaranty Corp., "Assured"), and the Ad Hoc Group entered into the Definitive Restructuring Agreement (the "Definitive RSA").

11. On May 10, 2019, PREPA, AAFAF and the Oversight Board (collectively, "RSA Movants") filed the *Joint Motion of Puerto Rico Electric Power Authority and AAFAF Pursuant to Bankruptcy Code Sections 362, 502, 922, and 928, and Bankruptcy Rules 3012(a)(1) and 9019 for Order Approving Settlements Embodied in the Restructuring Support Agreement and Tolling Certain Limitations Periods* (the "9019 Motion") [Case No. 17-4780, Docket No. 1235], seeking entry of an order approving the settlements embodied in the Definitive RSA. The RSA Movants originally noticed the 9019 Motion for hearing on June 12, 2019, but, at the request of the Committee, the RSA Movants agreed to adjourn the hearing until July 24, 2019 and consented to the schedule set forth in the scheduling order [Case No. 17-4780, Docket No. 1253].

12. As the RSA Movants noted in their 9019 Motion, as of its Title III petition date, PREPA had outstanding approximately $8.259 billion in face amount of bonds. With interest, the total amount outstanding on the bonds was approximately $8.5 billion. The bonds constitute the large majority of PREPA's outstanding prepetition obligations, which total approximately $11.4 billion, excluding contingent and disputed claims. It is the Committee's position that the 9019 Motion proposes a settlement structure which would—if approved by the Court—define the treatment of not only all of these bond claims, but, practically speaking, all of PREPA's prepetition obligations, including general unsecured claims.

B. **Stipulations Regarding Joint Prosecution of Debtor Causes of Action**

13. On March 29, 2019, the Court entered an order [Case No. 17-3283, Docket No. 6086] granting the Committee's motion [Case No. 17-3283, Docket No. 5997] seeking, among

7

other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Oversight Board on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to Section 926 of the Bankruptcy Code due to the imminent expiration of the deadlines to commence actions under section 546(a) of the Bankruptcy Code.

14. The Committee, the Oversight Board and the Special Claims Committee, after numerous meet and confer sessions, entered into the Commonwealth Stipulation, pursuant to which the parties agreed to a framework to jointly pursue causes of action belonging to the Commonwealth. The Commonwealth Stipulation provides for, among other things, (a) the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings (as defined in the Commonwealth Stipulation) and (b) a set of stipulated procedures that will govern the Parties' litigation efforts. The Commonwealth Stipulation was "so ordered" by the Court on April 26, 2019.

15. After further conferring, the Committee, the Oversight Board and the Special Claims Committee entered into the HTA/ERS Stipulation, closely modeled after the Commonwealth Stipulation, for the joint prosecution of causes of action belonging to the ERS and HTA. The HTA/ERS Stipulation was "so ordered" by the Court on May 16, 2019.

16. Since then, the Oversight Board, the Special Claims Committee, and the Committee have continued the meet and confer process to discuss entry into an additional stipulation to pursue causes of action of PREPA prior to the expiration of the statutes of limitations under section 108(a) and section 546(a) of the Bankruptcy Code (the "<u>Statutes of Limitation</u>") on July 1, 2019.

17. During the meet and confer process, the Committee drafted a stipulation with respect to PREPA causes of action that closely followed the same structure as the Commonwealth Stipulation and HTA/ERS Stipulation. However, the Oversight Board made clear that any such stipulation must exclude from joint prosecution of a Lien Challenge because Section 3(i) of the RSA provides that "[t]he 9019 Order shall provide that no person or entity (including a person or entity acting on behalf of a Government Party) other than the Government Parties shall have standing or otherwise be permitted to bring a Lien Challenge."

## BASIS FOR RELIEF

18. Section 926 (a) of the Bankruptcy Code provides that "[i]f the debtor refuses to pursue a cause of action under section 544, 545, 547, 548, 549(a), or 550 of [the Bankruptcy Code], then on request of a creditor, the court may appoint a trustee to pursue such cause of action."[13] Where appointment of a trustee is warranted, "the court is given unfettered discretion in determining whom to appoint as a trustee."[14] Section 926(a) provides a remedy to creditors where a recalcitrant debtor has failed to pursue an avoidance action.[15]

19. In light of (a) the expiration of the statutes of limitations in the PREPA case on July 1, 2019 and (b) the pending challenges to the Oversight Board's authority and the validity of its actions subsequent to the First Circuit decision in *Aurelius/UTIER*, the Committee should be appointed as trustee under section 926(a) of the Bankruptcy Code to pursue (either (a) as co-plaintiff together with the Oversight Board, if the Oversight Board so desires, or (b) as sole

---

[13] 11 U.S.C. § 926(a); *see* 48 U.S.C. § 2161(a) (incorporating section 926(a) into PROMESA).

[14] 6 Collier on Bankruptcy ¶ 926.02[3].

[15] *See Pope v. Haas & Wilerson, Inc. (In re Ala. State Fair Auth.)*, 232 B.R. 252, 268 (N.D. Ala. 1999) (noting that the two-year limitations period puts "some onus" on creditors to determine what preferential transfers have been made and "push" the debtor to pursue such transfers or, alternatively, request appointment of a trustee).

9

plaintiff if the Oversight Board declines to execute the now standard form stipulation) the Lien Challenges prior to the expiration of the Statutes of Limitations on July 1, 2019.

20. As noted above, the Oversight Board took exactly the same position in connection with the Commonwealth Stipulation and the HTA/ERS Stipulation—*i.e.*, that the *Aurelius/UTIER* risk warranted the appointment of the Committee to pursue such causes of action on behalf of the Debtors. As the Oversight Board (as co-movant with the Committee) explained at the time, the *Aurelius/UTIER* decision (unless overturned by the U.S. Supreme Court) could potentially be used by certain parties (including defendants in adversary proceedings) to attempt to challenge the Oversight Board's authority to commence adversary proceedings on behalf of the Debtors. Nevertheless, with respect to the Lien Challenge, the Oversight Board has now abandoned this prudent course of action in favor of trying to "go it alone."

21. The Court also recognized the *Aurelius/UTIER* risk when it approved the Commonwealth Stipulation and the HTA/ERS Stipulation.[16] In fact, the Court specifically found that the appointment of the Committee and the members of the Special Claims Committee as co-trustees under section 926(a) was warranted because the potential challenge to the Oversight Board's authority to bring causes of action after the First Circuit's *Aurelius/UTIER* decision gives rise to the requisite refusal for purposes of section 926(a).[17]

22. In the case of the Lien Challenge, the very same *Aurelius/UTIER* risk counsels in favor of appointing the Committee as trustee to assert (either as co-plaintiff together with the Oversight Board, if the Oversight Board so desires, or as sole plaintiff if the Oversight Board declines to execute the now standard form stipulation) the Lien Challenge prior to the expiration

---

[16] *See* April 24, 2019 Hr'g Tr. at 235:19-236:10; May 16, 2019 Hr'g Tr. at 38:4-18.

[17] April 24, 2019 Hr'g Tr. at 236:21-237:5.

10

of the Statutes of Limitations on July 1, 2019.[18] The Oversight Board's position that it should be allowed to pursue the Lien Challenge on its own—notwithstanding the risk that its actions will be found to be null and void—constitutes the requisite refusal for purposes of section 926(a) of the Bankruptcy Code, warranting the appointment of the Committee as a trustee to pursue such causes of action.

23. The Movants recognize, of course, that Section 3(i) of the RSA requires that an eventual order approving the 9019 Motion "shall provide that no person or entity (including a person or entity acting on behalf of a Government Party) other than the Government Parties shall have standing or otherwise be permitted to bring a Lien Challenge." However, at this time, no such order has been entered and, accordingly, at this time, there is no limitation on the Court's power to appoint the Committee as trustee to pursue the Lien Challenges together with the Oversight Board. Nor would there be a breach of the RSA if the relief sought by the Committee herein were granted. The Committee understands and agrees that the Court would remain free to later modify the Proposed Order if the Court were inclined to eventually grant the 9019 Motion, and the attached Proposed Order expressly so provides.

24. Finally, the Movants submit that, given the imminent expiration of the Statutes of Limitations on July 1, 2019, there is no other party that would be able to adequately serve as a section 926(a) trustee other than the Committee.

25. Pursuant to Section I.H. of the *Ninth Amended Case Management Procedures* [Case No. 17-3283, Docket No. 7115], Committee's counsel certifies that it has engaged in reasonable, good-faith communications with counsel to the Oversight Board. Moreover, in accordance with Local Bankruptcy Rule 9013-1(a)(2), Committee's counsel certifies that counsel

---

[18] At this time, it appears very unlikely that the Senate will confirm the Oversight Board members prior to the expiration of the Statutes of Limitation.

has carefully examined the matter and concluded that there is a true need for expedited consideration of the Urgent Motion, and that the Committee has not created the urgency through lack of due diligence on its part. Counsel to the Committee also conferred with counsel to the Oversight Board regarding its request to have this Urgent Motion heard on shortened notice. Counsel to the Committee is informed that the Oversight Board consents to having this Urgent Motion heard on June 28, 2019.

## **NOTICE**

26. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## **NO PRIOR REQUEST**

27. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Movants respectfully request the Court to enter the order attached hereto as **Exhibit A**, and grant the Movants such other relief as is just and proper.

Dated: June 17, 2019

By:   /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By:   /s/ Juan J. Casillas

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

/s/ John Arrastia
John H. Genovese, Esq. (*Pro Hac Vice*)
John Arrastia, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian (*Pro Hac Vice*)
GENOVESE JOBLOVE & BATTISTA, P.A.
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Telephone: 305-349-2300
jgenovese@gjb-law.com
jarrastia@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Counsel to Tradewinds Energy Barceloneta, LLC*


/s/ José J. Sánchez-Vélez
José J. Sánchez-Vélez (USDC PR - 214606)
BERMÚDEZ DÍAZ & SÁNCHEZ LLP
Edificio Ochoa Suite 200
500 Calle de la Tanca
San Juan, PR 00901
Tel. 787-523-2670
Fax. 787-523-2664
jsanchez@bdslawpr.com

*Local Counsel to Tradewinds Energy Barceloneta, LLC*

14