UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------X
:
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO *et al.*, : (Jointly Administered)
:
Debtors.[1] :
---------------------------------------------------------------X

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE DRA PARTIES TO THE AMENDED MOTION OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 502 AND BANKRUPTCY RULE 3007, TO (A) EXTEND DEADLINES AND (B) ESTABLISH REVISED PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012 AND 2014, AND FOR RELATED RELIEF**

    **COME NOW** AmeriNational Community Services, LLC (hereafter the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, a Delaware limited liability company (hereafter the "Collateral Monitor" and

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

1

jointly with the Servicer, the "DRA Parties"), which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA pursuant to the *Government Development Bank for Puerto Rico Debt Restructuring Act*, Act No. 109-2017, as amended by Act No. 147-2018 (the "GDB Restructuring Act"), and the approved Qualifying Modification (the "Qualifying Modification") for the Government Development Bank for Puerto Rico[2] (the "GDB") under Title VI of the *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), by and through the undersigned legal counsel, and respectfully submit this limited objection and reservation of rights to the *Amended Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, under Bankruptcy Code Sections 105(A) and 502 and Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Procedures with Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issued in 2011, 2012 and 2014, and for Related Relief* (the "Motion") (Dkt. No. 7154).[3]

## PRELIMINARY STATEMENT

The DRA owns nearly $400 million in GO debt obligations, making it a sizeable creditor of the Commonwealth. While the DRA Parties are not subject to the pending claims objections, any legal arguments made in the claims objection process could impact future objections the FOMB or UCC could make with respect to the DRA Parties' claims. The Court should require

---

[2] *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS).

[3] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

2

the FOMB and UCC to include the DRA Parties in the negotiations surrounding the claims objection process.

While the original Objection Litigation Procedures required Movants to notify the DRA Parties of the scheduling of any "meet and confer" meetings or telephone conferences, Movants have failed to do so. Now, Movants seek to have procedures approved that exclude the DRA Parties' participation in the meet and confer process. Movants' request prejudices the DRA Parties' due process rights. If excluded from the meet and confer" process, the DRA Parties will lack adequate representation in the discussion but be bound by the decisions unilaterally made by the M&C Parties therein.

This is consistent with activities of the FOMB throughout these cases. As this Court noted at the most recent omnibus hearing, the Court expected the FOMB to engage with parties that are expected to oppose the Commonwealth's debt adjustment plan, and FOMB's counsel represented to the Court that it could "take me at my word" that would happen. *See* Ex. 1, Hr'g Tr. at 26-27 (June 20, 2019). This engagement becomes even more paramount in light of the FOMB's recent announcement of a *Plan Support Agreement* aimed at restructuring $35 billion in GO debt.[4] Based

---

[4] *See* https://drive.google.com/file/d/1gpPPd1gnFjvpQ5aY6ZwdeG42dAvzQggz/view.

on the above, the DRA Parties request the Court require the Objection Litigation Procedures be revised to include the DRA Parties as a M&C Party, or, in the alternative, deny the Motion.

## BACKGROUND

### I. The DRA Becomes a Creditor of the Commonwealth

1. The DRA is a statutory public trust and governmental instrumentality of the Commonwealth of Puerto Rico (the "Commonwealth"), created pursuant to the GDB Restructuring Act to facilitate the restructuring of GDB's indebtedness pursuant to the Qualifying Modification. *See* Act No. 109-2017 at Arts. 201 and 204. This Court approved the Qualifying Modification on November 7, 2018. *See* Dkt. No. 270 of Civil Case No. 18- 01561 (LTS).

2. Under the Qualifying Modification, the DRA received certain property from the GDB, consisting primarily of loans made by the GDB to certain Commonwealth entities. *See* Act No. 109-2017 at Arts. 204 and 207. The Commonwealth charged the DRA with receiving the property transferred from the GDB, administering and managing this property, and then liquidating it to pay obligations under certain new bonds issued by the DRA to former GDB bondholders. *Id.*

3. As part of the Qualifying Modification, the GDB transferred to the DRA $394,971,738.21 in principal of Commonwealth General Obligation ("GO") debt. *See* OM at p. 126.

### II. The 2012-2014 GO Objection is Filed

4. On January 14, 2019, the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), acting through its Special Claims Committee (the "SCC"), and the Official Unsecured Creditors Committee (the "UCC", and jointly with the SCC, the "Movants") filed their

*Omnibus Objection of the Financial Oversight and Management Board, Acting Through its Special Claims Committee, and the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* in which they challenged the validity of certain GO Bonds issued by the Commonwealth in 2012 and 2014 (the "2012-2014 GO Bond Objection"). *See* Dkt. No. 4784.

5. Movants challenged the validity of these 2012 and 2014 GO Bonds on the grounds that these issuances either violate (i) the Debt Service Limit under Article VI, Section 2 of the Puerto Rico Constitution, and/or (ii) the Balanced Budget Clause under Article VI, Section 7 of the Constitution of Puerto Rico. *See*, P.R. LAWS ANN. CONST. art. VI, §§ 2, 7.

6. Movants' legal theories, if adopted by this Court, may have a direct impact on the DRA's GO debt.

### III. The Court Approves the Objection Procedures Creating the Meet and Confer Process

7. On February 15, 2019, the Court entered an order establishing procedures with respect to the litigation of the 2012-2014 GO Bond Objection (the "GO Procedures Order"). *See* Dkt. No. 5143. The "Objection Procedures" contained at Exhibit 2 of the GO Procedures Order required parties who intending to participate in the litigation of the 2012-2014 GO Bond Objection to file and serve Notices of Participation by April 16, 2019.

8. The Objection Procedures further required that Movants and respondents coordinate for a "meet and confer" to develop "Objection Litigation procedures". It specifically stated as following concerning the meet and confer process:

5

> …By filing a Notice of Participation, a claimant will have the opportunity to be heard on the merits of the Objection, will be entitled to receive notification of case events specific to the Objection, **and will receive notice of opportunities to meet and confer with other parties concerning issues relating to the litigation of the Objection**.

Dkt. No. 5143-2 at p. 4 (emphasis added).

> …following the Initial Proposal Exchange Deadline, **the Objectors and the Participants shall meet and confer** concerning the substance of the Initial Proposals in an effort to develop a joint recommendation regarding Objection Litigation Procedures for the District Court. **The Objectors will convene the meet and confer session(s) and provide notice of any meeting(s) or phone conference(s) to all Participants**. The Objectors and the Participants shall use reasonable efforts to develop a fully consensual recommendation with respect to Objection Litigation Procedures.

Dkt. No. 5143-2 at p. 5 (emphasis added).

The DRA Parties filed their Notice of Participation to the 2012-2014 GO Bond Objection on April 15 and April 16, 2019, respectively. *See* Dkt. No. 6262 and 6298. Despite the DRA Parties each complying with Court approved procedures, the <u>Movants never contacted them to be part of the meet and confer process</u>. To date, the DRA Parties have received no notice of meetings or phone conferences convened by the Movants regarding any meet and confer sessions.

**IV.     The Filing of the 2011 GO Objection and Request to Limit the Number of Meet and Confer Participants**

9.      On May 21, 2019, the UCC filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* (the "<u>2011 GO Objection</u>" and jointly with the 2012-2014 GO Bond Objection, the "<u>GO Objections</u>"), which incorporated by references the 2012-2014 GO Bond Objection as both GO Objections are premised on the same Legal Theories. *See* Dkt. No. 7057.

10. Movants propose in their Motion to use the same notice procedures adopted in the 2012-2014 GO Bond Objection for the 2011 GO Objection, and to approve the proposed Revised Objection Procedures attached as Exhibit 1 and Exhibit 2, respectively.

11. The main difference between the Revised Objection Procedures and the original Objection Procedures is that they significantly limit the number of Participants required to be involved in the "meet and confer" process (the "<u>M&C Parties</u>"), by including only those Participants who filed objections or pleadings with the Court concerning GO Bond issues." Dkt. No. 7154 at ¶ 5. Accordingly, the proposed M&C Parties consist only of counsel on behalf of certain constituencies. *See id.* at Proposed Order, Ex. 2.

### **LIMITED OBJECTION**

12. The DRA Parties object to the Motion and request inclusion in the meet and confer process to protect their due process rights.

13. Under the U.S. Constitution, "[n]o person shall . . . be deprived of . . . property, without due process of law . . . ." U.S. Const. amend. V. The Supreme Court has held that "the bankruptcy power" is "subject to the Fifth Amendment." *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935).

The First Circuit has held that "the debtor in possession or trustee must ensure 'parties in interest' adequate notice and opportunity to be heard *before* their interests may be adversely affected." *In re Savage Indus.*, 43 F.3d 714, 720 (1st Cir. 1994) (emphasis original). *See also Cousins Int'l Food, Corp. v. Vidal*, 565 B.R. 450, 461 (B.A.P. 1st Cir. 2017).By excluding the DRA Parties from the meet and confer process, the DRA will have no voice or control in the development of the Objection Litigation Procedures, yet it may face potential harm from them.

7

This will create an untenable situation where the DRA Parties would be bound by the decisions made by other parties that do not share the interests, rights or circumstances of the DRA.

14. Absent adequate representation of the DRA in the meet and confer process, the Objection Litigation Procedures would prejudice the DRA Parties' due process rights.

## RESERVATION OF RIGHTS

15. The DRA Parties reserve all rights and remedies with respect to the Motion, including but not limited to, the right to raise additional arguments at the hearing on the Motion.

## CONCLUSION

16. Based on the foregoing, the DRA Parties respectfully request that the Court require the Objection Litigation Procedures be revised so that the DRA is included as a M&C Party, or in the alternative, deny the Motion.

Dated: San Juan, Puerto Rico
June 17, 2019

| | |
|---|---|
| **C. CONDE & ASSOC. LAW OFFICES** | -and-<br><br>**MCCONNELL VALDÉS LLC** |
| By: */s/ Carmen D. Conde Torres*<br><br>Carmen D. Conde Torres<br>(USDC No. 207312)<br>254 San José Street<br>Suite 5<br>San Juan, PR 00901-1523<br>Tel. 787-729-2900<br>Fax. 787-729-2203<br>E-Mail: condecarmen@condelaw.com<br><br>*-and-*<br><br>**ORRICK, HERRINGTON &** | 270 Muñoz Rivera Avenue, Suite 7<br>Hato Rey, Puerto Rico 00918<br>PO Box 364225<br>San Juan, Puerto Rico 00936-4225<br>Telephone: 787-250-5632<br>Facsimile: 787-759-9225<br><br>By: */s/Arturo J. García-Solá*<br>Arturo J. García-Solá<br>USDC No. 201903<br>Email: ajg@mcvpr.com<br><br>By: */s/Nayuan Zouairabani*<br>Nayuan Zouairabani |

8

| | |
|---|---|
| **SUTCLIFFE LLP**<br><br>By: */s/ Douglas S. Mintz*<br>Douglas S. Mintz (admitted pro hac vice)<br>Columbia Center<br>1152 15th Street, N.W.<br>Washington, D.C. 20005-1706<br>Telephone: (202) 339-8400<br>Facsimile: (202) 339-8500<br>E-mail: dmintz@orrick.com<br><br>By: */s/ Peter Amend*<br>Peter Amend (admitted pro hac vice)<br>51 West 52nd Street<br>New York, N.Y. 10019<br>Telephone: (212) 506-5000<br>E-mail: pamend@orrick.com<br><br>***Attorneys for Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority*** | USDC No. 226411<br>Email: nzt@mcvpr.com<br><br>***Attorneys for AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority*** |

9