**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | Case No. 17-bk-03283 (LTS) |
| | ) | |
| as representative of | ) | |
| | ) | |
| | ) | |
| | ) | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | X | |
| In re: | ) | |
| | ) | |
| THE FINANCIAL OVERSIGHT AND | ) | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO | ) | Title III |
| | ) | |
| | ) | |
| | ) | Case No. 17-cv-01685 (LTS) |
| as representative of | ) | Case No. 17-bk-03566 (LTS) |
| | ) | |
| | ) | |
| | ) | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE | ) | |
| GOVERNMENT OF THE COMMONWEALTH OF | ) | |
| PUERTO RICO, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | X | |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ............................................................................................................... 3

ARGUMENT ..................................................................................................................... 6

I.    THE OVERSIGHT BOARD HAS PRODUCED NON-PRIVILEGED FACTUAL
      INFORMATION IN DELIBERATIVE MATERIALS WHEREVER POSSIBLE ........... 6

II.   THE OVERSIGHT BOARD PROPERLY ASSERTED ATTORNEY-CLIENT
      PRIVILEGE ........................................................................................................... 8

      a.    The Privilege Log Entries Are Adequate to Support Assertions of the
            Attorney-Client Privilege ............................................................................ 8

      b.    The Presence of Financial Advisors on Communications Does Not Destroy
            the Attorney-Client Privilege ...................................................................... 9

III.  THE OVERSIGHT BOARD PROPERLY ASSERTED THE WORK PRODUCT
      DOCTRINE ......................................................................................................... 11

CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Columbia Data Prods., Inc. v. Autonomy Corp.*,
    2012 WL 6212898 (D. Mass Sec. 12, 2012)......................................................................10, 11

*United States v. Cavallaro*,
    284 F.3d 236 (1st Cir. 2002).......................................................................................9, 10

*United States v. Kovel*,
    296 F.2d 918 (2d Cir. 1961).............................................................................................9

STATUTES

48 U.S.C. §§ 2101-2241 ....................................................................................................1

**OBJECTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO, AS REPRESENTATIVE OF DEBTOR, TO RENEWED
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

for itself and as representative for debtor Employees' Retirement System of the Government of

the Commonwealth of Puerto Rico ("ERS" or "Debtor"), pursuant to Section 315(b) of the *Puerto*

*Rico Oversight, Management, and Economic Stability Act*, codified at 48 U.S.C. §§ 2101-2241

("PROMESA"), respectfully submits this objection to the *Renewed Motion of Certain Secured*

*Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto*

*Rico to Compel Production of Documents from Financial Oversight and Management Board* (the

"Renewed Motion") (ECF No. 562)[1] filed by counsel to Movants.[2]

**PRELIMINARY STATEMENT**

1.        This motion represents another attempt by Movants to push for discovery regarding

the motivations behind Puerto Rico's pension reform, which the Court has already deemed largely

irrelevant.  *See* ECF No. 528 at 2–3 (noting that Judge Swain limited the scope of discovery on

Movants' stay relief motion to the attribution of any diminution in value resulting from the

automatic stay).  In doing so, Movants ignore the guidance of this Court, paying little attention to

---

[1] Unless otherwise specified, ECF numbers refer to Case No. 17-bk-03566.

[2] Movants are:  Andalusian Global Designated Activity Company, Glendon Opportunities Fund, L.P., Mason Capital Master Fund, LP, Oaktree-Forrest Multi-Strategy, LLC (Series B), Oaktree Opportunities Fund IX, L.P., Oaktree Opportunities Fund IX (Parallel 2), L.P., Oaktree Value Opportunities Fund, L.P., Ocher Rose, L.L.C., SV Credit, L.P., Puerto Rico AAA Portfolio Bond Fund, Inc., Puerto Rico AAA Portfolio Bond Fund II, Inc., Puerto Rico AAA Portfolio Target Maturity Fund, Inc., Puerto Rico Fixed Income Fund, Inc., Puerto Rico Fixed Income Fund II, Inc., Puerto Rico Fixed Income Fund III, Inc., Puerto Rico Fixed Income Fund IV, Inc., Puerto Rico Fixed Income Fund V, Inc., Puerto Rico GNMA & U.S. Government Target Maturity Fund, Inc., Puerto Rico Investors Bond Fund I, Puerto Rico Investors Tax-Free Fund, Inc., Puerto Rico Investors Tax-Free Fund, Inc. II, Puerto Rico Investors Tax-Free Fund III, Inc., Puerto Rico Investors Tax-Free Fund IV, Inc., Puerto Rico Investors Tax-Free Fund V, Inc., Puerto Rico Investors Tax-Free Fund VI, Inc., Puerto Rico Mortgage-Backed & U.S. Government Securities Fund, Inc., Tax-Free Puerto Rico Fund, Inc., Tax-Free Puerto Rico Fund II, Inc., and Tax-Free Puerto Rico Target Maturity Fund, Inc.

whether those arguments remain viable in light of the Oversight Board's careful revision of its privilege log and the Supplemental Declaration of Natalie Jaresko (the "Supplemental Declaration.").

2.      Indeed, rather than address the shortcomings of their previous motion to compel, Movants have simply added to them. The Oversight Board pointed out that for nearly half of the documents mentioned in Movants' previous motion to compel, Movants failed to challenge all of the Board's privilege assertions as to those documents, rendering the challenges academic (ECF 528 at 4-5); Movants' renewed motion contains an even greater proportion of partial challenges to privilege assertions. Exhibit 1.[3] In opposing the prior motion to compel, the Oversight Board noted that Movants had quoted selectively and misleadingly from the Oversight Board's privilege log (ECF 528 at 11–12); Movants' renewed motion not only repeats the misleading characterization of log entries, but extends the practice to their characterization of the Supplemental Declaration. *See infra* at ¶ 16.

3.      Movants' insistence on pressing academic objections to the Oversight Board's privilege assertions, regardless of the relevance of the discovery they seek to the underlying motion to lift the automatic stay, confirms what has become increasingly clear: Movants' motion practice is driven primarily by a nebulous desire to "preserve" objections with little concern for the resultant drain on the Court's or the Oversight Board's time and resources. The Court should put an end to this wasteful practice and deny the Renewed Motion in full.

---

[3] As reflected in the chart attached hereto as Exhibit 1, of the 143 documents mentioned in the Renewed Motion, Movants challenge all asserted privileges with respect to only 31 of those documents.

## BACKGROUND

4.      This Court is familiar with the factual and procedural background of the present discovery dispute, which is laid out in the Oversight Board's objection to Movants' first motion to compel.  ECF No. 528 at 2-4.

5.      On May 17, 2019, Movants filed a motion to compel in connection with the Oversight Board's Supplemental Privilege Log.  ECF No. 512 (the "Motion").  In it, Movants challenged a number of the Oversight Board's assertions of deliberative process privilege, attorney-client privilege, and work product protection.

6.      On May 23, 2019, the Oversight Board filed its objection to the Motion.  ECF No. 528.  Movants filed their reply on May 29, 2019.  ECF No. 535.

7.      On June 6, 2019, Magistrate Judge Dein entered an order denying in part and granting in part Movants' Motion, and ordering the Oversight Board to make supplemental productions and to submit updated privilege logs and affidavits by June 12, 2019.  ECF No. 546 (the "June 6 Order").

8.      Between June 6, 2019 and June 12, 2019, the Oversight Board engaged in a detailed re-review of all of the documents it had withheld on the basis of any privilege in this proceeding. Dalsen Decl. ¶ 3.  Specifically, the Oversight Board did the following:

    a.      Re-reviewed all 335 of its privilege log entries, including the privileges asserted and the descriptions provided for each log entry;

    b.      Re-reviewed all 975 documents (i.e., direct hits and family documents) reflected in its privilege log entries to evaluate the privileges asserted as to each;

    c.      Re-reviewed all of the redactions previously made and reflected in the Oversight Board's privilege logs;

3

d.      Withdrew certain privilege assertions as reflected on its amended and supplemental privilege log served on the June 12 Privilege Log;

e.      Withdrew certain redactions where it determined factual information was segregable from privileged material;

f.      Made a supplemental production of 34 documents (the "Supplemental Production") to Movants that consisted of documents that had been (i) previously withheld but over which the Oversight Board no longer asserted any privileges, protections, or immunities; previously withheld but which the Oversight Board determined it could produce with appropriate redactions; or (iii) previously produced in redacted form but were now produced with fewer redactions or in unredacted form following the Oversight Board's re-review; and

g.      Prepared and served an amended and supplemental privilege log dated June 12, 2019 (the "June 12 Privilege Log") reflecting the results of the Oversight Board's re-review of its withheld documents.  Dalsen Decl. ¶ 3.[4]

9.      Additionally, on June 13, 2019, the Oversight Board served on Movants a supplemental declaration from its Executive Director, Natalie Jaresko, in support of the Oversight Board's assertion of the deliberative process privilege that addresses each document to which the Oversight Board maintains its assertion as to the deliberative process privilege (the "Supplemental Declaration").  Dalsen Decl. ¶ 4.

10.     On June 14, 2019, counsel to the Oversight Board conferred with counsel to Movants concerning the June 12 Privilege Log, the Supplemental Production, and the Supplemental Declaration.  Dalsen Decl. ¶ 5.  On that call, counsel to Movants identified only 2

---

[4] The Oversight Board will send a copy of that log to the Court simultaneously with the filing of this objection.

specific examples of documents withheld on the basis of attorney-client privilege Movants believed were deficient (Privilege IDs 9 and 10, both from page 3 of the 113-page June 12 Privilege Log); only 2 specific examples of documents withheld on the basis of the attorney-work product doctrine they felt were deficient (Privilege IDs 44 and 176); and identified their original list of documents withheld on the basis of the deliberative process privilege from their opening brief [ECF No. 510 in Case No. 17-bk-03566]—that is, Movants' list of documents they challenged before the Oversight Board (a) re-reviewed its privilege assertions described in Paragraph 3 above and (b) produced the June 12 Privilege Log, the Supplemental Production, and the Supplemental Declaration—as deficient. *Id.* Counsel to the Oversight Board requested more specific information as to why any specific entries were deficient; Movants did not provide any more specific information. *Id.* The Oversight Board nevertheless agreed to review its privilege log again in view of the examples provided on the meet/confer and to further respond on Saturday, June 15, 2019. *Id.* ¶¶ 5-6.

11.     On June 15, 2019, after the Oversight Board's review following the meet/confer with counsel to Movants, the Oversight Board agreed to withdraw its assertion of the work-product doctrine as to one additional document (Privilege ID 176).[5] Dalsen Decl. ¶¶ 6-7. The Oversight Board otherwise stood by the June 12 Privilege Log, the Supplemental Production, and the Supplemental Declaration as addressing the Court's June 6 Order. *Id.* ¶ 7.

12.     On June 17, 2019, the Movants filed their Renewed Motion objecting to the Oversight Board's June 12 Privilege Log and Supplemental Declaration. ECF No. 562. That same day, the Court entered an order scheduling briefing of the Renewed Motion. ECF No. 563.

---

[5] On June 17, 2019, the Oversight Board served an amended and supplemental privilege log reflecting the withdrawal of work-product protection as to Privilege ID 176. Dalsen Decl. ¶ 8.

**ARGUMENT**

I.    **THE OVERSIGHT BOARD HAS PRODUCED NON-PRIVILEGED FACTUAL
INFORMATION IN DELIBERATIVE MATERIALS WHEREVER POSSIBLE**

13.    This Court has already rejected all but one of Movants' objections to the Oversight
Board's assertions of the deliberative process privilege.  June 6 Order at 5-9.  In response to
Movants' remaining objection – that the Oversight Board improperly withheld factual information
under the deliberative process privilege – the Court ordered the Oversight Board to supplement its
privilege log and accompanying declaration in order to permit an assessment of whether any
withheld factual information could be segregated from the deliberative material.  As a result, as
detailed above, the Oversight Board re-reviewed all of the documents withheld or redacted on the
basis of the deliberative process privilege, modifying its redactions where appropriate to reveal
any factual information that could be disclosed without revealing the deliberative process.

14.    Nevertheless, Movants continue to insist that the Board's assertions of the
deliberative process privilege are inadequately supported.  According to Movants, the continued
deficiency of the Oversight Board's log in this respect is exemplified by the fact that two
descriptions identified by the Court as insufficient to support the claim of deliberate process
privilege remain unchanged from the original privilege log. Renewed Motion at 4.  In addition to
these descriptions, Movants point to 22 additional documents whose descriptions have not been
updated in the June 12 Privilege Log, and a further 12 for which only "minor" changes have been
made to the entries.  *Id.*

15.    Movants' objections to assertions of deliberative process privilege based solely on
the June 12 Privilege Log fail for the critical reason that they entirely ignore the Supplemental
Declaration.  As the Court noted in its June 6 Order, the assessment of whether a party has met its
burden of showing that factual information is intertwined with privileged deliberations rests on a

6

combination of the relevant privilege log entries and any accompanying declarations. June 6 Order

at 10 ("[T]he Court relied on the descriptions in the privilege log as well as declarations provided

by the withholding entities" in determining that AAFAF, ERS and the Commonwealth carried

their burden of showing factual information was intertwined with deliberative material.). Here,

the Oversight Board has provided detailed explanations why factual information contained in 12

separate categories of documents – including all of the documents that Movants have challenged–

could not be segregated from the deliberative material in those documents. Supplemental

Declaration at 2–8. The Court already has ruled that similar explanations are sufficient to establish

that factual information is intertwined with privileged for purposes of the deliberative process

privilege (June 6 Order at 11, citing Mahmud Declaration, ECF No. 402 ¶ 4(f)), and Movants

provide no reason why the same analysis should not apply here.

      16.    Rather than address why the specific explanations in the Supplemental Declaration

are insufficient to support assertions of deliberate process privilege with respect to the challenged

documents, Movants simply ignore them. Movants allege that the Supplemental Declaration

makes only "broad conclusory statements" regarding withheld information, and provides "[n]o

detailed information . . . for any specific documents withheld." Renewed Motion at 4. That is

plainly wrong. Movants point only to Paragraphs 3 and 4 of the Supplemental Declaration in

support of their characterization. *Id.* But Movants omit the fact that the cited paragraphs are

separated by *twelve subsections* describing in detail the nature of the information withheld, and

why it cannot be segregated from the deliberative material. Supplemental Declaration at 2–8, ¶¶

3(a)-3(l). Movants do not even mention these explanations in the Renewed Motion.

## II.   THE OVERSIGHT BOARD PROPERLY ASSERTED ATTORNEY-CLIENT PRIVILEGE

17.    Movants restate the same two challenges to the Oversight Board's assertion of attorney-client privilege as in their initial Motion.  First, they claim that certain entries do not sufficiently show that the entire communication or attached documents withheld consist of privileged legal advice.  Renewed Motion at 5.  Second, they claim that the presence of third-party advisors on communications prevents application of the attorney-client privilege.  *Id.* at 5–6.  Both challenges fail with respect to the June 12 Privilege Log, which the Oversight Board has revised in conformance with the Court's direction.

### a.    *The Privilege Log Entries Are Adequate to Support Assertions of the Attorney-Client Privilege*

18.    As with their challenge to the Oversight Board's assertions of the deliberate process privilege, Movants' challenges to assertions of attorney-client privilege depend on misleading and selective quotations from the June 12 Privilege Log.[6]  Movants focus on the entries for two documents in particular to support their argument that the Oversight Board has failed to substantiate its assertions of attorney-client privilege.  The first is Document 53, which Movants characterize as an "email between Board members only concerning Commonwealth budget, with attachments."  Renewed Motion at 5 (quotation marks omitted).  In fact, the full description on the June 12 Privilege Log reads: "Email between Oversight Board members and Executive Director reflecting and attaching legal analysis and draft litigation documents and internal discussions concerning Commonwealth budget, with attachments."  June 12 Privilege Log at Doc. 53.  The second is Document 94, which Movants characterize as an "email concerning certification of

---

[6] This is not the first time that Movants have resorted to such deception in challenging the Oversight Board's assertions of attorney-client privilege.  *See* ECF No. 528 at 11–12, cataloging examples of Movants' use of selective and misleading quotations in their original motion to compel.

Commonwealth Fiscal Plan, with attachments." Renewed Motion at 5 (quotation marks omitted).

Here again, Movants omit a critical portion of the description, which reads in full: "Email from

Oversight Board financial advisors to Oversight Board members, staff, and legal counsel

circulating documents soliciting legal advice on proposed financial controls to prepare for meeting

concerning certification of Commonwealth Fiscal Plan, with attachments." June 12 Privilege Log

at Doc. 94.

19.     As further explained in the accompanying declaration of William D. Dalsen, the

Oversight Board has reviewed each of the documents over which it asserts attorney-client privilege

and each of the descriptions provided for those documents. The descriptions meet the standards

set out by the Court in its discovery rulings, and Movants' challenge to them should be rejected.

### b.     The Presence of Financial Advisors on Communications Does Not Destroy the Attorney-Client Privilege

20.     This Court has repeatedly rejected the argument that the presence of financial

advisors eliminates attorney-client privilege. May 15 Order, ECF No. 509 at 6-7 (the "May 15

Order"); June 6 Order at 13. In response, Movants offer a restrictive reading of a District of

Massachusetts case to support their argument that the Oversight Board has waived the attorney-

client privilege with respect to the vast majority of communications listed on its log on which

third-party advisors are copied. Renewed Motion at 5–6. Movants' argument ignores both First

Circuit case law and this Court's rulings, and therefore should be rejected.

21.     In *United States v. Cavallaro*, 284 F.3d 236 (1st Cir. 2002), the First Circuit adopted

the reasoning of *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), holding that the presence of

third parties on communications does not destroy the attorney-client privilege if the third parties

are "necessary, or at least highly useful" to facilitate the rendering of legal advice. *Id.* at 247. This

Court has acknowledged the precedent set by *Cavallaro*. *See* May 15 Order at 5, 6–7.

9

22.      In both their initial and renewed motions to compel, Movants fail to acknowledge

*Cavallaro*, citing instead to the standard regarding third-party communications articulated in

*Columbia Data Prods., Inc. v. Autonomy Corp.*, 2012 WL 6212898 (D. Mass Sec. 12, 2012).

Under *Columbia Data*, three requirements must be met in order for third-party communications to

be protected under the application of the attorney-client privilege: 1) the third-party

communication must be necessary, or at least highly useful, for the effective consultation between

the client and lawyer; 2) the third-party communication must serve to translate information

between the client and the attorney; and 3) the third-party communication must be made for the

purpose of rendering legal advice.  *Id.* at *15.  According to Movants, the vast majority of the

third-party communications withheld by the Oversight Board on the basis of attorney-client

privilege do not meet the *Columbia Data* test.  Renewed Motion at 5–6.

23.      While the First Circuit precedent of *Cavallaro* controls, the Oversight Board's

assertions of attorney-client privilege over communications with third-party advisors would

nevertheless meet the three part test identified in *Columbia Data*.  This Court has upheld claims

of attorney-client privilege under *Columbia Data* for which the descriptions provided *less* detail

regarding the legal function of third parties than those challenged in the Renewed Motion.

*Compare* ECF No. 537 at 17-bk-03566, at 537 ("Confidential communication with in-house

counsel to AAFAF and outside counsel (Dentons, O'Melveny, and Proskauer) providing and

reflecting legal advice regarding memorandum on Pension Issues and Action Plan"),[7] *with* June

12 Privilege Log at Doc. 79 ("Email between Oversight Board legal counsel, Oversight Board

members, Oversight Board financial advisors, and Oversight Board staff discussing legal strategy

---

[7] The Court approved of this description as satisfying the *Columbia* test.  *See* June 6 Order at 12.

10

and anticipated litigation in response to letter from purported ERS bondholders requesting adequate protection, with attachment.").

24.     The Oversight Board has updated its claims of attorney-client privilege as directed by the Court.  It has reviewed all of its claims of attorney-client privilege, maintaining only those that conform to the Court's application of the *Columbia Data* test and revising descriptions of documents as required in light of the Court's guidance.  Movants provide no reason why the Court should alter its analysis with respect to the challenged documents,[8] and the Court should reject their challenges to assertions of attorney-client privilege over communications involving financial advisors to the Oversight Board.

## III.    THE OVERSIGHT BOARD PROPERLY ASSERTED THE WORK PRODUCT DOCTRINE

25.     Movants offer only a perfunctory objection to the Oversight Board's assertions of work product privilege, stating conclusively that "the Board continues to apply the work product doctrine too broadly."  Renewed Motion at 6.  They then quote a number of descriptions from Oversight Board's privilege log, without bothering to explain in what sense the descriptions are deficient.  The Court should reject this meritless challenge for two reasons.

26.     First, as was the case in Movants' original motion to compel, none of the documents Movants specifically identify in their challenge to work-product protection (Renewed Motion at 6) were withheld exclusively on work-product grounds.  Movants' challenge is therefore academic because it would not yield a production of documents even if it had merit.  As a result, the Court

---

[8] In fact, on page 6 of their Renewed Motion, Movants incorrectly cite Document 141 from the Updated Privilege Log, a document over which only the deliberative process privilege is asserted, as insufficiently claiming attorney client privilege.

11

should decline to reach the issue, just as it did with respect to Movants' challenge to work-product privileges asserted by ERS, AAFAF, and the Commonwealth. *See* May 15, 2019 Order at 6.

27.     Second, Movants disregard the Court's guidance regarding the applicable standards for application of the work product privilege. The Court held that the privilege protects documents that were "prepared for use in litigation" (June 6 Order at 17) and the Oversight Board has reviewed its claims of work product privilege accordingly. However, Movants continue to challenge, for example, work product claims with respect to documents described as having been "prepared at the direction of counsel in preparation for mediation" (June 12 Privilege Log at 8), without explaining why these entries do not meet the standard outlined by the Court. In other instances, Movants again selectively quote from privilege log entries in order to downplay the asserted legal function of the document. *Compare* Renewed Motion at 6 ("discussions of the Commonwealth's non-compliance with proposed Commonwealth budget" (quotation marks omitted) *with* June 12 Privilege Log at 14 ("Email . . . reflecting legal strategy and discussions concerning Commonwealth's non-compliance with proposed Commonwealth budget in violation of PROMESA.").

28.     The Oversight Board's assertion of work product protection conforms to the Court's direction and Movants' challenge to those privilege assertions should be rejected.

### CONCLUSION

For the foregoing reasons, the Court should deny the Renewed Motion.

Dated: June 18, 2019
New York, NY

Respectfully submitted,


  /s/ Margaret A. Dale

Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
Jeffrey W. Levitan (*pro hac vice*)
Margaret A. Dale (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900
Email: mbienenstock@proskauer.com
Email: brosen@proskauer.com
Email: jlevitan@proskauer.com
Email: mdale@proskauer.com


Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.977.1932
Fax. 787.722.1932
dvelawoffices@gmail.com

OF COUNSEL FOR
A&S LEGAL STUDIO, PSC
434 Avenida Hostos
San Juan, PR 00918
Tel: (787) 751-6764/ 763-0565
Fax: (787) 763-8260


*Attorneys for the Financial Oversight and
Management Board for Puerto Rico, as
representative of the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

13

## CERTIFICATE OF SERVICE

I hereby certify that, on June 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis F. del Valle-Emmanuelli*
Luis F. del Valle-Emmanuelli
