**Objection Deadline:** July 9, 2019
**Hearing Date:** July 24, 2019

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>      Debtors.¹ | PROMESA<br><br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**AMBAC ASSURANCE CORPORATION'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S DECEMBER 15, 2017 AND FEBRUARY 26, 2018 ORDERS REGARDING THE URGENT RENEWED JOINT MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., THE MUTUAL FUND GROUP, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ORDER AUTHORIZING <u>RULE 2004 EXAMINATION</u>**

To the Chambers of the Honorable Judith G. Dein:

Pursuant to Fed. R. Bankr. P. 7026, 7037, and 9014, and Fed. R. Civ. P. 26, 37, and 45, made applicable by 48 U.S.C. § 2170, Ambac Assurance Corporation ("<u>Ambac</u>") moves to compel the Commonwealth of Puerto Rico (the "<u>Commonwealth</u>"), the Puerto Rico Fiscal Agency and

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Financial Advisory Authority ("AAFAF"), and the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board," and, together with the Commonwealth and AAFAF, the "Respondents") to comply with the Court's orders of December 15, 2017 and February 26, 2018 as they pertain to requests for information regarding the Commonwealth's pension liabilities, as set forth in the Rule 2004 motions dated September 12, 2017 (Dkt. No. 1283) and November 28, 2017 (Dkt. No. 1870) filed by Ambac and other creditors.

For nearly two years, Ambac and others have sought information that would allow them to understand the size of, and the underlying assumptions used to determine, the Commonwealth's past and future pension funding obligations. Respondents, however, have not provided sufficient information to allow for even a basic understanding of how the Commonwealth's pension liabilities have been calculated. Respondents' failure to produce documents and information that would illuminate this issue is inconsistent with the Court's prior orders. Ambac accordingly has no choice but to move to compel. In support of its motion, Ambac states as follows:

## FACTUAL BACKGROUND

1. On September 12, 2017, Ambac filed initial document requests under Rule 2004, broadly seeking information relating to the Commonwealth's fiscal plan and budget, including all documents, communications, studies, and/or analyses prepared for or relied upon in connection with the development of different versions of the fiscal plan and budget. (Dkt. No. 1283.) Pensions are a central underpinning of any municipal fiscal plan and budget; these requests were thus targeted at, among other things, the Commonwealth's pension liabilities and the underlying assumptions used to calculate those liabilities. The initial document requests also sought documents sufficient to show the percentage of retirement system beneficiaries associated with the pension expenses in the fiscal plan that lived outside of the Commonwealth. *Id.*, Req. No. 31.

2.      On November 28, 2017, Ambac and other creditors filed another Rule 2004 motion (the "Joint Rule 2004 Motion"), seeking discovery on 17 targeted requests relating to the Commonwealth's financial condition. Among other things, the Joint Rule 2004 Motion requested all inputs, calculations, and/or formulae underlying all fiscal plans for the Commonwealth and/or other instrumentalities of the Commonwealth, inclusive of the pension calculations undergirding such fiscal plans. (*See* Dkt. 1870.)

3.      On December 15, 2017, this Court granted the Joint Rule 2004 Motion, directing the Respondents to answer the 17 requests regarding the Commonwealth's financial condition. (Dkt. No. 2033.) On February 26, 2018, this Court entered an additional order that was related in part to the Joint Rule 2004 Motion. (Dkt. No. 2590.) In relevant part, the Court concluded that non-privileged fiscal plan development material was discoverable under Rule 2004. (*Id.* at 2.)

4.      In its February 26 order, the Court noted the importance of information regarding the liabilities and financial condition of the Commonwealth. (*See* Dkt. No. 2590 at 8-10.) The Court stated that information needed to understand "the past, present and future financial condition of the Commonwealth" would "form the basis for any plan of adjustment," which constituted "an appropriate purpose for discovery under Rule 2004." (*Id.* at 9.) The Court further stated that materials underlying the fiscal plan were important so that the movants could "assess the financial condition of the debtor and participate in a plan confirmation process. Fiscal projections of the debtor are relevant no matter how one interprets the plan confirmation standard." *Id.* at 10.

5.      In the months following the Court's orders, the Commonwealth produced some pension-related information, including information regarding pension recipients, payroll statements, audited financial statements for the various plans, cash flow reports, and the valuation reports from Milliman (the "Milliman Reports"), the Commonwealth's actuarial consultant.

3

However, the majority of the data was produced without any identifying information or any indication of which documents were responsive to which requests.

6. Further, the Commonwealth failed to produce the underlying assumptions that provided the basis for the figures in the fiscal plan and other relevant documents. Without reviewing the data and information considered and relied upon in the Milliman Reports, Ambac was unable to test the accuracy or assess the reasonableness of the Commonwealth's estimated pension liabilities. The same is true for all of the underlying assumptions used as the basis for the figures provided in the pensions-related productions to date. Ambac made numerous attempts to obtain relevant information relating to the underlying assumptions relied upon in fiscal plan, to no avail.

7. On November 21, 2018, Ambac and the other Rule 2004 movants sent a letter, attached hereto as Exhibit A, to the Oversight Board and AAFAF, requesting the supplemental production of certain documents and information underlying the Commonwealth's then-operative fiscal plan, pursuant to the Court's orders of December 15, 2017 and February 26, 2018, including "[a]ll models, documents, and actuarial reports supporting the calculation of the pension benefit and administrative cost projections in the October 2018 Fiscal Plan." ("Request No. 4"). (*See* Ex. B, p. 3.) Request No. 4 falls squarely within this Court's December 15, 2017 and February 26, 2018 orders.

8. On January 14, 2019, Ambac and the other Rule 2004 movants sent another letter, attached hereto as Exhibit B, to the Oversight Board and AAFAF regarding the status of Respondents' production of documents pursuant to the Court's previous orders. The letter noted concerns regarding the Commonwealth's production to date, including the Commonwealth's failure to produce the materials supporting the Commonwealth's pension projections and the

4

underlying actuarial analysis. (*Id.* at 3.) Respondents did not respond, much less articulate any basis to withhold production of these materials.

9. Although Request No. 4 is merely a piece of the inquiry into the Commonwealth's calculation of its pension obligations, much more data is necessary for Ambac and other creditors to understand the massive $50 billion number at the center of various fiscal plans and, presumably, the forthcoming proposed plan of adjustment. For that reason, Ambac is filing a broader Rule 2004 motion contemporaneously herewith. Discovery into the Commonwealth's pension liabilities is becoming even more pressing, as the Oversight Board just filed a plan support agreement ("PSA") last night that indicates that $55 billion in pension obligations will be adjusted through the Commonwealth's plan of adjustment. Setting that broader inquiry aside, however, Respondents are plainly in violation of this Court's prior orders. Ambac accordingly hereby moves to compel a meaningful response to Request No. 4.

## ARGUMENT

10. Rule 2004 of the Bankruptcy Rules, made applicable to these Title III cases by section 310 of PROMESA, allows the Court to order an examination relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. § 2004(b). In accordance with Rule 2004, Ambac has sought, and the Court has granted, an examination of relevant information concerning the Commonwealth's pension liabilities.

11. Information that sheds light on the financial condition of the Commonwealth and the other Title III debtors is critical to Ambac's ability to evaluate any restructuring proposals. Without the information sought, Ambac cannot participate meaningfully in the process of advancing these Title III cases towards successful plans of adjustment.

5

12. Thus, it is critical that Ambac and other creditors receive the pension-related information that they request. The Commonwealth has significant pension-related obligations; as of the May 9, 2019 certified fiscal plan, these obligations have ballooned to over $50 billion. In order for Ambac and others to understand the operative fiscal plan for the Commonwealth, they must be provided with the tools to fully understand and test the underlying assumptions used to support the conclusions made therein.

13. The Court has acknowledged Ambac's and other Rule 2004 movants' need for this essential information. To date, the Court has issued two orders concerning the Movants' requests for pensions-related materials, and both have instructed the Respondents to produce non-privileged documents responsive to Movants' requests. However, these orders have largely been ignored.

14. While Respondents have produced a smattering of pensions-related materials over the second half of 2018 and into this year, Respondents continue to withhold critical data, including the underlying assumptions used as the basis for the figures provided in Respondents' document productions. This is particularly true with respect to Request No. 4, which requests straight-forward information on the pension-related assumptions of the October 2018 fiscal plan, and falls squarely within the Court's prior orders regarding Rule 2004 discovery. Without reviewing the data and information considered and relied upon, Ambac and other creditors are unable to test the accuracy or assess the reasonableness of the Commonwealth's estimated pension liabilities, preventing them from conducting diligence on the underlying model, assumptions, and calculations used to produce the projections used in the Commonwealth's fiscal plan.

15. The issue has become particularly critical in light of the fact that the Commonwealth is on the verge of filing a plan of adjustment. The Oversight Board publicly stated last week that it intends to submit a plan of adjustment for the Commonwealth in as little as 30

6

days. *See "Bienenstock Discusses 'Sensitive' and 'Constructive' Plan of Adjustment Talks; Oversight Board Hopes to File Plan with Court within 30 Days; Praises Union Negotiators*," Reorg Research, June 12, 2019. This projection was confirmed by the Oversight Board's release of a PSA on June 16, 2019, a summary of which reiterated that it is the Oversight Board's intention to file a plan of adjustment within 30 days. *See Commonwealth of Puerto Rico Title III Case: Plan Support Agreement*, June 16, 2019. Further, the press has reported on three separate pension-related agreements between interested parties and the Oversight Board. Respondents have been negotiating agreements behind closed doors while continuing to withhold critical information to which Ambac is entitled.

16. This Court should not allow Respondents to continue to obfuscate the particulars supporting their asserted $50 billion pension obligation. They should be compelled to respond adequately to Request No. 4.

## CERTIFICATION

Undersigned counsel hereby certifies that, prior to filing this motion, a series of letters were filed with regard to discovery on pension obligations. *See* Exhibits A-B. Those letters have not resulted in satisfactory responses to Ambac's requests, and counsel does not believe any further meet-and-confer sessions would be productive.

## NO PRIOR REQUEST FOR RELIEF

No previous request for the relief sought herein has been made by Ambac to this or any other Court.

Dated: June 18, 2019
      San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ Roberto Cámara-Fuertes
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ Atara Miller
    Dennis F. Dunne
    Andrew M. Leblanc
    Atara Miller
    Grant R. Mainland
    (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
          aleblanc@milbank.com
          amiller@milbank.com
          gmainland@milbank.com

*Attorneys for Ambac Assurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 3567-LTS |

**[PROPOSED] ORDER GRANTING AMBAC ASSURANCE CORPORATION'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S DECEMBER 15, 2017 AND FEBRUARY 26, 2018 ORDERS REGARDING THE URGENT RENEWED JOINT MOTION OF THE AD HOC GROUP OF GENERAL OBLIGATION BONDHOLDERS, AMBAC ASSURANCE CORPORATION, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., THE MUTUAL FUND GROUP, AND NATIONAL PUBLIC FINANCE GUARANTEE CORPORATION FOR ORDER AUTHORIZING <u>RULE 2004 EXAMINATION</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

Upon consideration of *Ambac Assurance Corporation's Motion To Compel Compliance With The Court's December 15, 2017 And February 26, 2018 Orders Regarding The Urgent Renewed Joint Motion Of The Ad Hoc Group Of General Obligation Bondholders, Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., The Mutual Fund Group, And National Public Finance Guarantee Corporation For Order Authorizing Rule 2004 Examination* (the "Motion to Compel"),[2] filed by Ambac Assurance Corporation ("Ambac") on June 18, 2019, seeking an order compelling the Commonwealth of Puerto Rico, AAFAF, and the Oversight Board (together, the "Respondents"); the Court having reviewed the Motion and the relief requested; the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 2166(a); the Court determining that venue of this proceeding and the Motion in this District is proper under 28 U.S.C. § 1391(b) and 48 U.S.C. § 2167(a); notice of the Motion being adequate and proper under the circumstances; upon the record of the hearing on the Motion; and after due deliberation and sufficient cause appearing; therefore, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein;

2. Respondents shall provide documents and information sufficient to respond to Request No. 4 no later than ten (10) days after entry of this Order; and

3. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: _____

                                                                                                      JUDITH G. DEIN
                                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion to Compel.