UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.¹ | PROMESA<br><br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING AMBAC ASSURANCE CORPORATION'S MOTION FOR ENTRY OF ORDER AUTHORIZING DISCOVERY UNDER BANKRUPTCY RULE 2004 CONCERNING PENSION LIABILITIES**

Upon the motion ("the Motion") of Ambac Assurance Corporation ("Ambac"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), for entry of an Order authorizing Ambac to take discovery of (i) the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"); (ii) the Puerto Rico Fiscal Agency and Financial

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); and (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Advisory Authority ("AAFAF"); and (iii) the Commonwealth, (collectively, the "Respondents"), as well as the examination of and production of documents from entities determined by Ambac to have information in connection with Ambac's investigation, and responses to interrogatories as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and PROMESA § 306(a); and venue being proper before this Court pursuant to 28 U.S.C. § 1391(b) and PROMESA § 307(a); and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtor, its respective creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

2. The Respondents shall comply with the document requests in Attachment A by no later than ten (10) days after entry of this Order.

3. The Respondents shall designate an individual or individuals with knowledge of the matters described in Attachment A hereto (the "Designated Individual(s)"). The Designated Individual(s) shall make themselves available for examination by counsel to Ambac under oath and in accordance with Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Ambac.

4. Ambac is authorized, pursuant to Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and/or testimony of a third party witness to accomplish the discovery authorized by this Order.

5. Third-party witnesses shall have fourteen (14) days from the service of a subpoena to either (i) produce to Ambac all responsive non-privileged documents requested in Ambac's subpoena, or (ii) file with the Court an objection or response to the subpoena with a hearing promptly scheduled.

6. Third-party witnesses are directed to either (i) submit to oral examination upon reasonable notice and, absent other agreement with Ambac, in no event more than fourteen (14) days from the date of the service of a deposition subpoena upon such witness, or (ii) file with the Court an objection or response to the subpoena with a hearing promptly scheduled.

7. Ambac shall serve each subpoena and a copy of this Order on the target of the subpoena.

8. Ambac is authorized, pursuant to Rule 2004, to issue interrogatories to the Respondents without further application to the Court by no later than ten (10) days after entry of this Order.

9. Nothing herein shall limit Ambac's right to request additional discovery, including any additional documents or depositions, under Rule 2004 and applicable law, based on any information that may be revealed as a result of the information provided pursuant to this Order or otherwise.

10. This Court shall retain jurisdiction to resolve any dispute arising from or related to this Order and to interpret, implement and enforce the provisions of this Order.

11. This Order is without prejudice to Ambac's right to file further motions seeking additional documents pursuant to Rule 2004 or any other applicable law.

SO ORDERED.

Dated: _____, 2019

San Juan, Puerto Rico

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE