UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------------------------------------- x
                                                                        :
In re:                                                                  :
                                                                        :
THE FINANCIAL OVERSIGHT AND                                             :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                       :  Title III
                                                                        :
         as representative of                                           :  Case No. 17-BK-3283 (LTS)
                                                                        :
THE COMMONWEALTH OF PUERTO RICO et al.,                                 :  (Jointly Administered)
                                                                        :
         Debtors.¹                                                      :
----------------------------------------------------------------------- x
                                                                        :
In re:                                                                  :
                                                                        :
THE FINANCIAL OVERSIGHT AND                                             :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                       :  Title III
                                                                        :
         as representative of                                           :  Case No. 17-BK-4780 (LTS)
                                                                        :
PUERTO RICO ELECTRIC POWER AUTHORITY                                    :  This filing relates only to
                                                                        :  Case No. 17-BK-4780 (LTS)
                                                                        :
         Debtor.                                                        :
----------------------------------------------------------------------- x
```

**URGENT JOIN T MOTION FOR ENTRY OF ORDER APPROVING STIPULATION
AND AGREED ORDER BETWEEN SPECIAL CLAIMS COMMITTEE
OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD AND
OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED TO
JOINT PROSECUTION OF CERTAIN CAUSES OF ACTION OF PUERTO
<u>RICO ELECTRIC POWER AUTHORITY</u>**

---

[1]  The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

To the Honorable United States District Judge Laura Taylor Swain:

The Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee") and the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "Special Claims Committee" and, together with the Committee, the "Parties") respectfully submit this joint motion (the "Motion"), for entry of an order approving the stipulation, attached hereto as **Exhibit A** (the "PREPA Stipulation"),[2] between the Special Claims Committee and the Committee regarding the prosecution of causes of actions of PREPA, other than the Lien Challenge,[3] against certain entities and the allocation of litigation responsibilities. By separate motion (filed concurrently herewith), the Parties request that the Court schedule a hearing on this Motion at the **June 28, 2019 hearing**, so that it can be heard prior to the expiration of the statutes of limitation in the PREPA case on July 1, 2019. In support of this Motion, the Parties respectfully state as follows:

## BACKGROUND

1. On March 29, 2019, the Court entered an order [Docket No. 6086] (the "Procedures Order") granting the Committee's motion [Docket No. 5997] seeking, among other things, to establish procedures with respect to the disclosure of certain causes of actions to be asserted by the Oversight Board on behalf of the Debtors and to establish a procedure for the potential appointment of a trustee pursuant to section 926 of the Bankruptcy Code due to the

---

[2] All capitalized terms used but not defined herein have the meanings ascribed to such terms in the PREPA Stipulation. Descriptions of the PREPA Stipulation contained herein are for summary purposes only. The terms and provisions of the PREPA Stipulation govern to the extent any inconsistencies exist between the PREPA Stipulation and the descriptions of the PREPA Stipulation contained herein.

[3] As defined in the Definitive Restructuring Agreement, dated May 3, 2019 (the "Definitive RSA"), between the Oversight Board, AAFAF, PREPA, Assured Guaranty Corp. and Assured Guaranty Municipal Corp. (together with Assured Guaranty Corp., "Assured"), and Ad Hoc Group of PREPA Bondholders.

2

imminent expiration of the deadlines to commence actions under section 546(a) of the Bankruptcy Code.

2.     The Committee, the Oversight Board and the Special Claims Committee, after numerous meet and confer sessions, agreed to a framework, embodied in a stipulation, to pursue causes of action belonging to the Commonwealth (the "Commonwealth Stipulation").  The Commonwealth Stipulation was "so ordered" by the Court on April 26, 2019.[4]

3.     After further conferring, the Committee, the Oversight Board and the Special Claims Committee agreed to a framework, embodied in an additional stipulation, to pursue causes of action belonging to the ERS and HTA (the "HTA/ERS Stipulation").  The HTA/ERS Stipulation was "so ordered" by the Court on May 16, 2019.[5]

4.     Since then, the Oversight Board, the Special Claims Committee, and the Committee have continued the meet and confer process regarding the allocation of litigation responsibilities with respect to causes of action of PREPA.  During these discussions, the Oversight Board has taken the position that the Lien Challenge should not be jointly prosecuted by the Committee with the Oversight Board and/or the members of the Special Claims Committee, but rather by the Oversight Board alone.

5.     On June 17, 2019, the Committee filed a motion (the "Section 926 Motion") seeking entry of an order appointing the Committee as trustee for PREPA under section 926(a) of the Bankruptcy Code to pursue the Lien Challenge against any potential defendants that has

---

[4]  *See Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Docket No. 6524].

[5]  *See Stipulation and Agreed Order by and Among Financial Oversight and Management Board, its Special Claims Committee, and Official Committee of Unsecured Creditors Related to Joint Prosecution of Causes of Action of Puerto Rico Highways and Transportation Authority and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [Docket No. 6990].

3

not entered into a tolling agreement that includes the Committee as a party (as further detailed in the Section 926 Motion). As noted in the Section 926 Motion, the Committee continued to work with the Special Claims Committee to finalize a stipulation for the joint prosecution of PREPA causes of action other than the Lien Challenge.

6. The statutes of limitations under section 108(a) and section 546(a) of the Bankruptcy Code to assert causes of action of PREPA expire on July 1, 2019.

7. The Parties now request approval of the PREPA Stipulation, modeled after the Commonwealth Stipulation and HTA/ERS Stipulation, setting forth a framework for the joint prosecution of PREPA's causes of action.

## BASIS FOR RELIEF

8. In an effort to ensure the efficient prosecution of causes of action for the benefit of PREPA and its creditors, the Special Claims Committee and the Committee, working jointly, have identified claims or causes of action of PREPA (other than the Lien Challenge), which, subject to obtaining certain Tolling Agreements, shall be asserted against certain entities, and have resolved to work jointly on the prosecution of such claims or causes of action (all as further provided in the Stipulation).

9. The Stipulation establishes an agreed-upon framework for the Parties' joint pursuit of causes of action by providing for, among other things, (a) the appointment of the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-trustees and co-plaintiffs with respect to the Co-Plaintiff Adversary Proceedings and (b) a set of stipulated procedures that will govern the Parties' litigation efforts.

10. The PREPA Stipulation closely follows the same structure as the Commonwealth Stipulation and HTA/ERS Stipulation (except that the Oversight Board is not a party to the

PREPA Stipulation) and also includes the various modifications the Parties made to resolve objections raised by other parties to those stipulations.[6]

11. As with the HTA/ERS Stipulation and Commonwealth Stipulation, in light of (a) the expiration of the statutes of limitations in the PREPA case on July 1, 2019 and (b) the pending challenge to the authority of the Oversight Board and the validity of its actions subsequent to the First Circuit decision, it is prudent to appoint the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-plaintiffs/co-trustees and grant them derivative standing to commence the causes of action prior to the expiration of the statutes of limitations.

12. Indeed, as the Parties previously explained, and as the Court recognized at the hearings when it approved the Commonwealth Stipulation and the HTA/ERS Stipulation,[7] the First Circuit's decision in *Aurelius/UTIER*[8] (unless overturned by the U.S. Supreme Court) could potentially be used later by certain parties (including defendants in adversary proceedings) to attempt to challenge the Oversight Board's authority to commence adversary proceedings on behalf of the Debtors.

13. This is no mere speculation. In fact, several GO bondholders have already sought dismissal of a series of recently filed adversary proceedings on the basis that, among other things, the Oversight Board's post-*Aurelius/UTIER* actions are without legal or apparent

---

[6] For ease of comparison, attached hereto as **Exhibit B** is a blackline of the PREPA Stipulation, marked to show changes against the HTA/ERS Stipulation (as approved by the Court).

[7] *See* April 24, 2019 Hr'g Tr. at 235:19-236:10; May 16, 2019 Hr'g Tr. at 38:4-18.

[8] *Aurelius Inv., LLC v. Puerto Rico*, 915 F.3d 838 (1st Cir. 2019), *reh'g denied*, Order of Court, No. 18-1671 (1st Cir. Mar. 7, 2019). The First Circuit's decision also ruled on the related appeal that UTIER (a union of PREPA employees) had filed in the PREPA case with respect to this Court's ruling on the Appointment Clause. UTIER has recently filed a petition for writ of certiorari seeking Supreme Court review of the First Circuit's *Aurelius/UTIER decision* as it relates to the validity of the Oversight Board's actions under the *de facto* officer doctrine. Petition for Writ of Certiorari, *UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*, No. 18-1521, 2019 WL 2418984 (U.S. June 5, 2019).

5

authority and are thus null and void.[9] In addition, two major creditors in the PREPA case, *i.e.*, Assured (one of the largest insurer of PREPA bonds and a party to the PREPA restructuring support agreement) and UTIER (a union of PREPA employees), have recently sought Supreme Court review of the *Aurelius/UTIER* decision, arguing that the First Circuit improperly allowed the Oversight Board to continue operating under the *de facto* officer doctrine despite the unconstitutional appointment of its members.[10] Further, to date, the *Aurelius/UTIER* risk has not been resolved through the re-appointment of the current Oversight Board members by the President and confirmation by the Senate. While the President announced, on June 18, 2019, the re-appointment of the current Oversight Board members, it is unlikely that the Senate will complete the confirmation process on or before July 1, 2019.

14. To insure against the *Aurelius/UTIER* risk (*i.e.*, that PREPA causes of action will lapse after July 1, 2019) the Court should appoint the members of the Special Claims Committee, on the one hand, and the Committee, on the other hand, as co-plaintiffs/co-trustees and grant them derivative standing to commence the causes of action prior to the expiration of the statutes of limitations.

15. Moreover, in approving the Commonwealth Stipulation, the Court previously concluded that the terms of section 926(a) were satisfied by that stipulation, including that the Oversight Board "effectively refused" to pursue the causes of action in light of the statutes of

---

[9] *See* Mots. to Dismiss filed in Adv. Proc. No. 19-291-LTS [Docket No. 9], Adv. Proc. No. 19-292-LTS [Docket No. 5], Adv. Proc. No. 19-295-LTS [Docket No. 6], Adv. Proc. No. 19-296-LTS [Docket No. 4], and Adv. Proc. No. 19-297-LTS [Docket No. 5]. *See also Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of the Funds and Entities it Manages or Advises, and Not in its Individual Capacity* [Case No. 17-3283, Docket No. 5977]; *Joinder by Autonomy Capital to Informative Motion and Reservation of Rights by Aurelius Capital Management, LP, on Behalf of its Managed Entities, Assured Guaranty Corporation, and Assured Guaranty Municipal Corporation* [Case No. 17-3283, Docket No. 5987].

[10] Petition for Writ of Certiorari, *Aurelius Inv., LLC v. Puerto Rico*, No. 18-1475, 2019 WL 2285729 (U.S. May 24, 2019) and Petition for Writ of Certiorari, *UTIER v. Fin. Oversight & Mgmt. Bd. of P.R.*, No. 18-1521, 2019 WL 2418984 (U.S. June 5, 2019). The Supreme Court granted certiorari on June 20, 2019.

limitations and the potential effect of the *Aurelius/UTIER* decision.[11] The same concerns apply in the circumstances here. Furthermore, the Court previously found that the Oversight Board can confer consensual derivative standing under the *In re STN Enterprises* line of cases.[12] The Court incorporated by reference this reasoning regarding consensual derivative standing and section 926 when it approved the HTA/ERS Stipulation at the May 16 hearing.[13]

16. As of the time of the filing of this Motion, the Parties have not yet finalized the Schedules of Potential Defendants and claims or causes of action to be asserted.[14] The fact that the Schedules have not yet been finalized, however, should not preclude approval of the PREPA Stipulation. As noted above, the PREPA Stipulation is designed to address the *Aurelius/UTIER* issue by appointing the members of the Special Claims Committee and the Committee to assert causes of action before the expiration of the statutes of limitations, which causes of action the Oversight Board would otherwise assert on its own. Obviously, the Oversight Board does not require prior Court authorization to assert claims or causes of action, and, accordingly, the approval of the PREPA Stipulation should not turn on whether the Parties have finalized the list of Potential Defendants and causes of action. That said, the Parties intend to finalize the Schedules before the hearing to consider approval of the Stipulation and will, as they did with respect to the Commonwealth Stipulation and the HTA/ERS Stipulation, describe the types of claims to be asserted at that hearing, if not earlier.

17. For all these reasons, the Committee and the Special Claims Committee respectfully request that the Court approve the PREPA Stipulation attached hereto as **Exhibit A**.

---

[11] April 24, 2019 Hr'g Tr. at 236:21-237:5.

[12] April 24, 2019 Hr'g Tr. at 237:15-19.

[13] May 16, 2019 Hr'g Tr. at 37:14-18.

[14] The Parties continue to negotiate in good faith with respect to the finalization of the Schedules.

7

The prompt approval of the PREPA Stipulation is critical given the expiration of the statutes of limitations for PREPA.

## NOTICE

18. Notice of this Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United State Attorney for the District of Puerto Rico; (iii) AAFAF; (iv) the official committee of retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; and (vii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

19. No previous request for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Parties respectfully request the Court to approve and enter the PREPA Stipulation, attached hereto as **Exhibit A**, and grant the Parties such other relief as is just and proper.

Dated: June 20, 2019

By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
jamesworthington@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

9

By: /s/ Sunni P. Beville

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee*

and

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee*

10