# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ X
                    :

In re:                          :

THE FINANCIAL OVERSIGHT AND     :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,  :  Title III
                    :

    as representative of         :  Case No. 17-BK-3283 (LTS)
                    :

THE COMMONWEALTH OF PUERTO RICO *et al.*,  :  (Jointly Administered)
                    :

    Debtors.[1]                   :
------------------------------------------------------------------------ X

**URGENT JOINT MOTION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007, TO (I) CONTINUE HEARING ON MOTION TO ESTABLISH CLAIMS OBJECTION PROCEDURES AND (II) EXTEND RELATED DEADLINES WITH RESPECT TO OMNIBUS OBJECTION TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), together with the Official Committee of Unsecured Creditors of All Title III Debtors (other than COFINA) (the "Committee;" the foregoing collectively, the "Objectors") hereby submit this urgent motion (the "Urgent Motion"), pursuant to sections 105(a) and 502 of Title 11 of the Bankruptcy Code,[2] made applicable to these Title III cases by section 301(a) of PROMESA, and Rule 3007 of the Bankruptcy Rules, made applicable to these Title III cases by section 310 of PROMESA, requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), continuing the hearing currently scheduled for June 28, 2019 (the "June 28 Hearing") on the *Amended Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Procedures with Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issued in 2011, 2012 and 2014, and for Related Relief* [Docket No. 7154] (the "Amended Procedures Motion"), extending the deadline for filing reply briefs in support of the Amended Procedures Motion, extending certain deadlines in connection with the litigation of the GO Objections (defined below), and granting related relief.  In support of this Motion, the Objectors respectfully state as follows:

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the *Urgent Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, Establishing Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Requesting Related Relief*, Docket No. 4788 (the "GO Procedures Motion").

1

**PRELIMINARY STATEMENT**

1. Only days ago, the Oversight Board announced it had entered into a Plan Support Agreement setting forth the terms of a proposed plan of adjustment for the Commonwealth, which could resolve in whole or in part objections to over $6 billion in claims filed by purported holders of GO Bonds. The Oversight Board will shortly file a plan and disclosure statement articulating such resolution and proposing litigation procedures for any claimant that opts not to settle their claim through the plan.

2. The Plan Support Agreement also requires that the Oversight Board file a motion to stay the GO Objections (as defined below) and related litigation (the "Stay Motion").[3] The Oversight Board intends to file a Stay Motion prior to the June 28 Hearing, and seek to have the Stay Motion heard on regular notice at the next omnibus hearing scheduled for July 24, 2019 at 9:30 a.m. AST (the "July 24 Omnibus Hearing").

3. Notwithstanding these developments, the Court is scheduled to consider at the June 28 hearing the Amended Procedures Motion, pursuant to which the Oversight Board and the Committee requested entry of an order establishing procedures for exchange of information, which exchange would ultimately lead to establishment of procedures to brief and litigate the GO Objections.

4. The Committee has informed the Oversight Board that it will likely object to the Stay Motion and reserves all rights in connection therewith. The Committee nevertheless agrees

---

[3] The Plan Support Agreement requires that the Oversight Board seek a stay of the litigation seeking to recharacterize PBA lease payments as true debt, the GO Objections, the actions to claw back principal and interest payments made on "Challenged Bonds", and lien avoidance litigation, all as described in more particularity in the Plan Support Agreement (the "Bond Litigation"). *See Plan Support Agreement, Section 4.1(e)*. The Committee reserves its rights to object to any such motion.

2

that the July 24 Omnibus Hearing would be a more appropriate time for the Court's determination on the Amended Procedures Motion and therefore supports the relief requested herein.

5. The Objectors respectfully request that the hearing on the Amended Procedures Motion be adjourned to July 24, 2019, that the deadline for filing reply briefs in support of the Amended Procedures Motion be extended to July 17, 2019, and that all deadlines related to the Objection Procedures should be likewise tolled until such a time sufficiently after the Court has ruled on the Stay Motion.

## JURISDICTION, VENUE, AND STATUTORY BASES

6. The United States District Court for the District of Puerto Rico has subject matter jurisdiction over this matter pursuant to section 306(a) of PROMESA.

7. Venue is proper pursuant to section 307(a) of PROMESA.

8. The statutory bases for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, made applicable to these Title III cases by section 301(a) of PROMESA, and Bankruptcy Rule 3007(d), made applicable to these Title III cases by section 310 of PROMESA.

## BACKGROUND

9. On February 15, 2019, the Court entered an order (the "GO Procedures Order") establishing procedures with respect to the litigation of the Objectors' Objection to claims filed or asserted by holders GO Bonds purportedly issued by the Commonwealth in 2012 and 2014 (the "2012-2014 GO Bonds" and the "2012-2014 GO Bond Objection").[4] Pursuant to the "Objection

---

[4] *See Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief.* [Docket No. 5143]

3

Procedures" annexed as Exhibit 2 to the GO Procedures Order (the "Objection Procedures"),[5] persons and entities, including *ad hoc* groups of holders of Challenged GO Bond Claims, intending to participate in the litigation of the Objection were required to file and serve Notices of Participation by the Participation Deadline, which was April 16, 2019.

10. More than 1,670 Participants submitted Notices of Participation, the vast majority of Participants acting *pro se*.[6] The Objection Procedures require the Objectors and Respondents to meet and confer to develop Initial Proposals for litigation procedures by May 7, 2019 (the "Initial Proposal Deadline") and a Recommendation to file with the Court by May 28, 2019 (the "Recommendation Deadline"). These deadlines were extended while the Objectors conferred with certain parties concerning the proposed revised objection procedures.[7] Due to the sheer number of Participants, however, this "meet and confer" process has been impossible to carry out. As a practical matter, there is no way for either side to meaningfully meet and confer in a timely manner with more than 1,600 persons. Further, certain of the Notices of Participation contain inadequate or incomplete information or appear incorrect (*e.g.*, holders of Challenged GO Bonds indicating that they wish to participate as Joint Objectors). The Participants will not be able to communicate freely when there is uncertainty as to which side certain Participants are actually on. Accordingly, the Objectors have suggested to the Court that modification of the Objection Procedures and extension of the deadlines is appropriate.

---

[5] See *Initial Procedures for Resolving Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds*, annexed as Exhibit 2 to the GO Procedures Order. Capitalized terms not defined herein shall have the meanings ascribed thereto in the Initial Procedures.

[6] See *Informative Motion of (I) Financial Oversight and Management Board, Acting Through its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Order Establishing Initial Procedures With Respect to Omnibus Objection to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds, Regarding List of Parties Filing Notices of Participation.* [Docket No. 6464]

[7] *See Orders* extending deadlines. [Docket Nos. 6828, 6988]

4

11. Moreover, on May 21, 2019, the Committee filed its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds*, [Docket No. 7057] (the "2011 GO Objection" and together with the 2012-2014 GO Bond Objection, the "GO Objections"). The 2011 GO Objection incorporated by reference the 2012-2014 GO Bond Objection on the grounds that both Objections are premised upon substantially similar facts and law with respect to the Commonwealth's issuances of the GO Bonds subject to the GO Objections.

12. The Objectors believe it would be logical and efficient that the GO Objections be litigated together and that there be the same Objection Procedures for both GO Objections. To that end, the Objectors filed the Amended Procedures Motion, seeking approval of Revised Objection Procedures as defined therein and attached thereto. The Revised Objection Procedures would approve certain notice procedures for the 2011 GO Objection, limit the number of participants required to be involved in the meet and confer process, and extend related deadlines until the Court reached a determination on the Amended Procedures Motion.

13. On the record at a hearing before the Court on June 12, the Oversight Board announced to the Court that a plan of adjustment would be filed within 30 days. On June 16, 2019, the Oversight Board announced that it had reached agreement with certain creditors of the Commonwealth on the framework for a plan of adjustment as set forth in the Plan Support Agreement. The Plan Support Agreement has been uploaded to the Oversight Board's website, along with a summary thereof.[8]

---

[8] *See* The Plan Support Agreement and a summary thereof have been posted to the Oversight Board's website at https://oversightboard.pr.gov/documents/.

5

14. The Plan Support Agreement indicates that holders of GO Bonds subject to the 2012-2014 GO Bond Objection (but not the 2011 GO Bond Objection) will have the option of (a) settling at a given percentage of the bonds' par value, or (b) litigating the Bond Litigation, and if successful in defending against the GO Objections and other Bond Litigation (*i.e.*, obtaining a ruling that the bonds are indeed valid), they would receive a maximum recovery equivalent to that provided to holders of bonds not subject to the 2012-2014 GO Bond Objection, and if unsuccessful (*i.e.*, the bonds are declared invalid), they would receive no recovery.

15. The Plan Support Agreement does not describe how the Bond Litigation would proceed with respect to the non-settling parties. To ensure that holders of claims may make informed decisions when determining whether to vote to accept or reject any Proposed Plan, and whether to vote to accept or reject any proposed settlements in the Proposed Plan, the Oversight Board is actively strategizing and drafting a disclosure statement, and will meet and confer with the Committee and bondholders to develop proposed litigation procedures for the 2012-2014 GO Bond Objection and related Bond Litigation.

16. As noted above, the Plan Support Agreement obligates the Oversight Board to seek a stay of the Bond Litigation. The Committee is not obligated to join in such stay motion, and reserves its rights to object to any such motion, including to argue that some threshold legal issues are ripe for determination by the Court, as will be more fully addressed in the Committee's opposition to the Stay Motion.

17. In light of the foregoing, a continuance of the hearing to consider the Amended Procedures Motion conserves Commonwealth resources and will allow the Court to consider the sequencing and timing of litigation of the GO Objections at an appropriate time.

18. Accordingly, by this Motion, the Objectors request that the hearing on the Amended Procedures Motion be continued to July 24, 2019, the deadline for reply briefs be extended to July 17, 2019, and that all related deadlines be continued to dates to be determined following the Court's determination of the Stay Motion.

### BASIS FOR RELIEF REQUESTED

19. Pursuant to sections 105(a) and 502 of the Bankruptcy Code and Bankruptcy Rule 3007, this Court entered the GO Procedures Order to ensure that holders of more than $6 billion of Challenged GO Bonds could participate in the litigation of the 2012-2014 GO Bond Objection.[9] The Oversight Board has now filed the Plan Support Agreement, outlining the terms of a soon-to-be filed plan. The plan and disclosure statement will provide claimants with further notice of the litigation and an opportunity to participate in this consensual form of resolution.

20. Just as entry of the GO Procedures Order and previous extensions of the Initial Proposal Deadline and Recommendation Deadline were appropriate to provide parties with adequate notice and opportunity to participate in the litigation of the GO Objections in a fair and efficient manner, and just as consideration of the Amended Procedures Motion at the upcoming hearing would have been timely and appropriate but for Oversight Board's entry into the Plan Support Agreement, this Court should now continue the hearing on the Amended Procedures Motion until the July 24, 2019 omnibus hearing and approve the extension of the relevant deadlines in order to allow the Court and the parties-in-interest to consider the appropriate sequencing and timing of the Bond Litigation at the same time as the Stay Motion.

---

[9] The Objectors incorporate by reference herein the GO Procedures Motion.

7

## NOTICE

21. Notice of this Urgent Motion has been provided to the following entities, or their counsel, if known: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Puerto Rico; (iii) the Puerto Rico Fiscal Agency and Financial Advisory Authority; (iv) the Official Committee of Retirees; (v) the insurers of the bonds issued or guaranteed by the Debtors; (vi) counsel to certain ad hoc groups of holders of bonds issued or guaranteed by the Debtors; (vii) holders of Commonwealth bonds who are parties to any group that has filed a statement under Bankruptcy Rule 2019; (viii) the holders and insurers of Commonwealth bonds identified on Appendix I to the Objection; (ix) DTC; (x) all parties that filed an objection to the 2012-2014 GO Procedures Motion; (xi) all parties that filed an objection to the Amended Procedures Motion; and (xii) all parties that have filed a notice of appearance in the above-captioned Title III cases.

## NO PRIOR REQUEST

22. Except with respect to the 2012-2014 GO Procedures Motion, no previous request for the relief requested herein has been made to this or any other court.

## LOCAL RULE 9013-1 CERTIFICATION

23. Pursuant to Local Rule 9013-1 and paragraph I.H of the Case Management Procedures, the Objectors hereby certify that they have (a) carefully examined the matter and concluded that there is a true need for an urgent motion, (b) not created the urgency through a lack of due diligence, (c) it is not possible to resolve the matter without a hearing, (d) made reasonable, good faith communications in an effort to resolve or narrow the issues being brought to the Court, and (e) reached out to counsel for the Ad Hoc Group of GO Bondholders to determine whether it consents to the relief requested in this Urgent Motion, but, as of the filing of this Urgent Motion, have not yet received a response.

WHEREFORE, the Objectors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting any other relief as is just and proper.

Dated: June 21, 2019

*/s/ Edward S. Weisfelner*
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1700
sbest@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

*/s/ Alberto Estrella*
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.,
   (USDC-PR 218312)
Alberto J. E. Añeses Negrón, Esq.,
   (USDC-PR 302710)
Israel Fernández Rodriguez, Esq.,
   (USDC-PR 225004)
Juan C. Nieves González, Esq.,
   (USDC-PR 231707)
Cristina B. Fernández Niggermann, Esq.
   (USDC-PR 306008)
El Caribe Office Building
53 Palmeras Street, Ste. 1601
San Juan, Puerto Rico 00901-2419
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
jfernandez@cstlawpr.com

9

*Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

10