# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | |
| Debtors.[1] | |
| —————————————————————— | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |
| —————————————————————— | |
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3566 (LTS) |
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |
| —————————————————————— | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**OMNIBUS REPLY BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD
FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS
OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO OMNIBUS MOTION TO (I) ESTABLISH
LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH
PROCEDURES FOR THE APPROVAL OF SETTLEMENTS**

To the Honorable United States Magistrate Judge Judith G. Dein:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), acting by and through the members of the Special Claims Committee (the "SCC," and hereinafter, the SCC may be more broadly referred to as the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (except COFINA) (the "Committee," and together with the Oversight Board, "Movants"), hereby file this reply (the "Reply"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")[2] and Rules 7016, 2002, 9006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all made applicable to these Title III cases by section 301 and 310 of the Puerto Rico Oversight and Management, and Economic Stability Act ("PROMESA"), to the various objections filed in connection with the *Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management*

---

[2]   11 U.S.C. §§ 101 *et seq.*, as incorporated into these proceedings by PROMESA, defined above.

*Procedures And (II) Establish Procedures For The Approval Of Settlements*, ECF No. 7325 in Case No. 17-3283 (the "Motion").[3]   Movants have filed this Reply in an omnibus fashion to avoid the burden and redundancy associated with preparing and filing nearly identical replies in numerous adversary proceedings.   In support of this Reply, Movants respectfully state as follows:

## REPLY

1.      The overarching purpose of the relief sought in the Motion is to organize and streamline the resolution of the Avoidance Actions.[4]  To effect that purpose, the Movants seek to (i) establish consistent litigation deadlines premised on either an outside Response Due Date or joint scheduling timetables; (ii) provide a mediation framework for parties who voluntarily choose to mediate; and (iii) establish settlement procedures to provide efficient settlement mechanisms for these cases.

2.      The Movants have conferred with each of the Objecting Parties.   At the time of this filing, Movants have resolved substantially all of the Objections as reflected in the proposed Avoidance Action Procedures as attached hereto in Exhibit A, Appendix II (the "Revised Proposed Order").

3.      In sum, the Objections fall into six categories:

   i.      Where a defendant chooses to answer or otherwise respond to an Avoidance Action complaint prior to January 13, 2020, the Movants'

---

[3]   The following objections were filed in response to the Motion: (i) *Joint Limited Objection to Proposed Litigation Procedures*, Case No. 17-3283 ECF No. 7450; (ii) *Limited Opposition to Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements*, Case No. 17-3283 ECF No. 7457; (iii) *Limited Objection and Reservation of Rights to Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements*, Case No. 17-3283, ECF Nos. 7471, 7472, 7473, 7474, 7476, 7477, 7478, 7479, 7481, and 7482 (collectively, the "Objections," filed by, "Objecting Parties").

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

respective deadline to file a responsive pleading should be *before* March 2020;

    ii.    To the extent that defendants to Avoidance Actions that have not yet been filed will be subject to the Avoidance Action Procedures, defendants to such Avoidance Actions should have an opportunity to object to the Avoidance Action Procedures;

    iii.    Federal Rule of Bankruptcy Procedure 7016 should be applicable to the Avoidance Actions;

    iv.    Defendants should have an opportunity to file dispositive motions under Federal Rule of Bankruptcy Procedure 56, and they should have the opportunity to file such motions before the close of discovery;

    v.    Where an Avoidance Action will be dismissed pursuant to a settlement between the parties, the Oversight Board and the Committee should leave open the ability to request that said dismissal be with prejudice; and

    vi.    The parties should be free to negotiate and bargain for terms to the Settlement Agreements in addition to those listed in the Avoidance Actions Procedures.

4.    The Revised Proposed Order seeks to address the issues noted above as follows:

    i.    Where a defendant files an answer or Motion to Dismiss before January 13, 2020, the Movants shall have thirty days from the filing thereof to file an opposition or response.  Otherwise, the parties are also free to request a joint scheduling order from this Court.  *See* Avoidance Action Procedures, Section B. ii .d.;

    ii.    Defendants to Avoidance Actions that have not yet been filed shall have the opportunity to object to the Avoidance Action Procedures as applied to such defendant within twenty-one days of service of the respective complaint and summonses, which service will include a copy of the Avoidance Action Procedures;  *See* Avoidance Action Procedures, Section B. i. f.;

    iii.    No court-mandated initial pre-trial conferences will be held in the Avoidance Actions, but if a party seeks to invoke Federal Rule of Bankruptcy Procedure 7016, they may do so and request a conference from the Court.  *See* Avoidance Action Procedures, Section B. ii. b.;

    iv.    Revision of a typographical error which changes the rule reference to Federal Rule of Civil Procedure 56.  Additionally, this section now clarifies that parties can file a motion under Federal Rule of Civil Procedure 56 prior to the close of discovery.  *See* Avoidance Action Procedures Section B. iv. a.;

4

      v.      Movants or defendants can request that a dismissal of an Avoidance Action be with prejudice. *See* Avoidance Action Procedures Section D. ii. a. iv.; and

      vi.    Lastly, in addition to the terms and provisions set forth in the Settlement Standards, the parties are free to negotiate and insert other terms in the Settlement Agreement. *See* Avoidance Action Procedures, Section D. ii. b.

5.     In addition to these revisions, the Movants made other non-substantive revisions to the Avoidance Action Procedures. Attached hereto as <u>Exhibit B</u> is a blackline to the original proposed Order filed on June 7, 2019.

6.     Moreover, the Movants seek to address certain other concerns raised in certain of the Objections. To be clear, although the Movants have instituted an informal resolution process that contemplates an "Information Exchange,"[5] the Movants do not seek court approval of the Information Exchange. Rather, the Information Exchange is entirely voluntary and meant to provide a means for pre-litigation resolution of the Avoidance Actions. If a defendant believes the Information Exchange is not to its benefit or structured incorrectly, the defendant is free not to participate and to file responsive pleadings at any time prior to the Response Due Date set forth in the Avoidance Action Procedures. Nonetheless, the Information Exchange process will be greatly facilitated by this Court's approval of the outside litigation deadlines requested in the Motion.[6]

---

[5]   The Information Exchange process is described at the following website: https://cases.primeclerk.com/puertoricoavoidanceactions/Home-Index.

[6]   Additionally, the Objection by Alpha Guards Management Inc. and Cabrera & Ramos Transport, Inc. notes that the Movants seek the relief sought in the Motion at a time when defendants have not been served with complaints and summonses, and many defendants have not otherwise appeared in these Title III cases or the as-filed Avoidance Actions. *See Limited Opposition to Omnibus Motion By The Financial Oversight And Management Board For Puerto Rico, Acting By And Through The Members Of The Special Claims Committee, And The Official Committee Of Unsecured Creditors To (I) Establish Litigation Case Management Procedures And (II) Establish Procedures For The Approval Of Settlements*, Case No. 17-3283 ECF No. 7457. This concern is misplaced. The Motion was served on all defendants, as indicated in the Notice section thereof. Accordingly, the Movants respectfully submit that due process concerns have been satisfied.

7.      Lastly, the Movants note that prior to the filing of the Motion, defendants in the following Adversary Proceedings 19-00086, 19-00093, 19-00161, 19-00219, and 19-00350 received extensions of time to respond to the respective complaints.  In the event an Order approving the Avoidance Actions Procedures establishes a Response Due Date that is <u>later than</u> the extension these defendants were granted, the (later) deadlines in the Avoidance Action Procedures shall apply.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request that the Court grant the Motion in full.


Dated: June 21, 2019

Respectfully submitted,

<div style="display:flex">

<div>

*/s/ Edward S. Weisfelner*
**BROWN RUDNICK LLP**
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Angela M. Papalaskaris, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com
apapalaskaris@brownrudnick.com

Stephen A. Best, Esq. (*Pro Hac Vice*)
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Tel: (202) 536-1737
sbest@brownrudnick.com

Jeffrey L. Jonas, Esq. (*Pro Hac Vice*)
Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
jjonas@brownrudnick.com
sbeville@brownrudnick.com

*Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

</div>

<div>

*/s/ Luc A. Despins*
**PAUL HASTINGS LLP**
Luc A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. (*Pro Hac Vice*)
Nicholas A. Bassett, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA) in Certain of the Avoidance Actions*

*/s/ John Arrastia*
**GENOVESE JOBLOVE & BATTISTA, P.A**
John Arrastia, Esq. (*Pro Hac Vice*)
John H. Genovese, Esq. (*Pro Hac Vice*)
Jesus M. Suarez, Esq. (*Pro Hac Vice*)
Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
100 SE 2nd Street, Suite 4400
Miami, Florida 33131
Tel: 305-349-2300
jarrastia@gjb-law.com
jgenovese@gjb-law.com
jsuarez@gjb-law.com
mguitian@gjb-law.com

*Special Litigation Counsel to the Official Committee of Unsecured Creditors*

</div>

</div>

*/s/ Alberto Estrella*
**ESTRELLA, LLC**
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Special Claims Committee of the Financial Oversight and Management Board, acting by and through its members*

*/s/ Juan J. Casillas Ayala*
**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq., USDC - PR 218312
Luis F. Llach Zúñiga, Esq., USDC – PR 2231112
Israel Fernández Rodríguez, Esq., USDC - PR 225004
Juan C. Nieves González, Esq., USDC - PR 231707
Cristina B. Fernández Niggemann, Esq., USDC - PR 306008
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Counsel to the Official Committee of Unsecured Creditors (other than COFINA)*

## **EXHIBIT A**

**Revised Proposed Order**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK- 3567 (LTS) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3566 (LTS) |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17 BK 4780-LTS |
|       as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
|       Debtor. | |

### [PROPOSED REVISED] ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR APPROVAL OF SETTLEMENTS

Upon the motion dated June 7, 2019 (the "Motion") of the Oversight Board, acting  by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and opposition thereto and having heard the statements of counsel at the hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the relief requested in the Motion is granted; and it is further

**ORDERED** that the Avoidance Action Procedures attached hereto as <u>Appendix II</u> are adopted and shall govern the Avoidance Actions listed in <u>Appendix I</u>, as amended or supplemented subject to section B. i. g. of <u>Appendix II</u>; and it is further

**ORDERED** that the Oversight Board and the Committee are hereby granted authority to enter Settlement Agreements with the Avoidance Action defendants listed in <u>Appendix I</u>, as amended or supplemented, subject to section B. i. g. of Appendix II, and to grant releases to such defendants in connection therewith without further Court approval, subject to the Settlement Standards and Settlement Procedures set forth in <u>Appendix II</u>; and it is further

**ORDERED** that the defendants that enter into Settlement Agreements shall remain subject to this Court's jurisdiction with respect to enforcement of such Settlement Agreements; and is further

**ORDERED** that the Clerk of Court shall re-issue the electronic summonses in the Avoidance Actions listed in <u>Appendix I</u>; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to this the interpretation and implementation of this Order.

Dated: _____

_____
Honorable Judith G. Dein
United States Magistrate Judge

**APPENDIX I**

| Defendant | Adversary Proceeding No. |
|---|---|
| 800 Ponce de Leon Corp. | 19-00064 |
| A C R Systems | 19-00057 |
| A New Vision In Educational Services and Materials, Inc. | 19-00061 |
| Abacus Educational Services, Corp. | 19-00045 |
| Abbvie Corp. | 19-00107 |
| Academia CEIP | 19-00052 |
| Action To Build Changes Corp. | 19-00047 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00058 |
| AFCG Inc. d/b/a Arroyo-Flores Consulting Group, Inc. | 19-00347 |
| Alejandro Estrada Maisonet | 19-00059 |
| Alfa y Omega | 19-00350 |
| Alpha Guards Management Inc. | 19-00041 |
| Amar Educational Services Inc. | 19-00066 |
| Ambassador Veterans Services of Puerto Rico L.L.C. | 19-00048 |
| America Aponte & Assoc. Corp. | 19-00069 |
| Apex General Contractors LLC | 19-00062 |
| Arcos Dorados Puerto Rico LLC | 19-00070 |
| Arieta & Son Assurance Corporation | 19-00074 |
| Arieta & Son Assurance Corporation | 19-00352 |
| Armada Productions Corp. | 19-00076 |
| Asociacion Azucarera Cooperativa Lafayette | 19-00077 |
| Atkins Caribe, LLP | 19-00349 |
| Avant Technologies of Puerto Rico Inc. | 19-00079 |
| Avanzatec LLC | 19-00080 |
| Badillo Saatchi & Saatchi, Inc. | 19-00083 |
| Barreras, Inc. | 19-00085 |
| Beanstalk Innovation Puerto Rico LLC | 19-00087 |
| BI Incorporated | 19-00089 |
| Bianca Conventon Center, Inc. | 19-00072 |
| Bio-Medical Applications of Puerto Rico, Inc. | 19-00271 |
| Bio-Nuclear of Puerto Rico, Inc. | 19-00091 |
| Bristol-Myers Squibb Puerto Rico, Inc. | 19-00042 |
| Cabrera & Ramos Transporte, Inc. | 19-00094 |
| Campofresco, Corp. | 19-00073 |
| Caribbean City Builders, Inc. | 19-00097 |
| Caribbean Data System, Inc. | 19-00078 |
| Caribbean Educational Services, Inc. | 19-00098 |
| Caribbean Restaurant Inc. | 19-00099 |
| Caribbean Temporary Services, Inc. | 19-00104 |
| Caribe Grolier, Inc. | 19-00051 |
| Caribe Tecno, Inc. | 19-00105 |
| Carnegie Learning, Inc. | 19-00108 |
| Carvajal Educacion, Inc. | 19-00111 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Casa Grande Interactive Communications, Inc. | 19-00275 |
| Case Solutions, LLC | 19-00115 |
| CCHPR Hospitality, Inc | 19-00116 |
| Centro Avanzado Patologia & Terapia del Habla, Inc. | 19-00118 |
| Centro de Desarrollo Academico, Inc. | 19-00053 |
| Centro de Patologia del Habla Y Audicion LLC | 19-00121 |
| Centro Medico del Turabo, Inc. | 19-00136 |
| Centro Psicologico del Sur Este P.S.C. | 19-00140 |
| Centro Sicoterapeutico Multidisciplinario Incorporado | 19-00142 |
| Chelo's Auto Parts | 19-00144 |
| Citibank, N.A. | 19-00265 |
| Clinica de Terapias Pediatricas, Inc. | 19-00054 |
| Clinica Terapeutica del Norte Inc. | 19-00146 |
| Community Cornerstones, Inc. | 19-00043 |
| Comprehensive Health Service, Inc. | 19-00082 |
| Computer Learning Centers, Inc. | 19-00055 |
| Computer Network Systems Corp. | 19-00150 |
| Corporate Research and Training, Inc. | 19-00151 |
| Creative Educational & Psychological Services, Inc. | 19-00152 |
| CSA Architects & Engineers, LLP | 19-00153 |
| Datas Access Communication Inc. | 19-00156 |
| Desarrollo Comunicologico de Arecibo Inc. | 19-00158 |
| Didacticos, Inc. | 19-00161 |
| Distribuidora Blanco, Inc. | 19-00163 |
| Distribuidora Lebron Inc. | 19-00167 |
| E. Cardona & Asociados, Inc. | 19-00056 |
| Eastern America Insurance Agency, Inc. | 19-00279 |
| Ecolift Corporation | 19-00172 |
| Ediciones Santillana, Inc. | 19-00173 |
| Editorial Panamericana, Inc. | 19-00174 |
| EDN Consulting Group, LLC | 19-00176 |
| Educational Consultants, P.S.C. | 19-00177 |
| Educational Development Group Inc. | 19-00101 |
| Educree: Consultores Educativos Inc. | 19-00110 |
| Eje Puerto Rico, Inc. | 19-00272 |
| Elias E Hijos, Inc. | 19-00126 |
| Empresas Arr Inc. | 19-00084 |
| Empresas Loyola, Inc. | 19-00086 |
| Encanto Restaurants, Inc. | 19-00132 |
| Enterprise Services Caribe, LLC | 19-00060 |
| Estrada Bus Line, Inc. | 19-00090 |
| Estudio Tecnicos, Inc. | 19-00264 |
| Evertec, Inc. | 19-00044 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Excalibur Technologies Corp. | 19-00139 |
| Explora Centro Academico Y Terapeutico LLC | 19-00143 |
| Facsimile Paper Connection Corp. | 19-00092 |
| Fast Enterprises LLC | 19-00266 |
| First Hospital Panamericano, Inc. | 19-00093 |
| Forcelink Corp. | 19-00096 |
| FP + 1, LLC | 19-00148 |
| Fridma Corporation | 19-00100 |
| Fusion Works, Inc. | 19-00154 |
| Gam Realty, LLC | 19-00159 |
| General Investment LLC | 19-00169 |
| Gersh International PR, LLC | 19-00171 |
| GF Solutions, Inc. | 19-00063 |
| Gila LLC | 19-00354 |
| Girard Manufacturing, Inc. | 19-00103 |
| GM Security Technologies, Inc. | 19-00273 |
| Gonzalez Padin Realty Company, Inc. | 19-00175 |
| Grainger Caribe, Inc. | 19-00270 |
| Great Educational Services Corporation | 19-00277 |
| Gui-Mer-Fe Inc. | 19-00182 |
| Hewlett Packard Puerto Rico, BV LLC | 19-00183 |
| Hospira Puerto Rico, LLC | 19-00186 |
| Huellas Therapy Corp. | 19-00065 |
| I.D.E.A., Inc. | 19-00268 |
| Innovative Solutions Inc | 19-00046 |
| Institucion Educativa Nets, LLC | 19-00067 |
| Integra Design Group PSC | 19-00191 |
| Intelutions, Inc. | 19-00194 |
| International Business Machines Corporation | 19-00198 |
| International Surveillance Services Corporation | 19-00202 |
| Intervoice Communication of Puerto Rico Inc. | 19-00068 |
| Isla Lab Products, LLC | 19-00211 |
| J. Jaramillo Insurance, Inc. | 19-00071 |
| J.F. Educational Services Inc. | 19-00217 |
| JLM Transporte, Inc. | 19-00221 |
| Johnjavi Corporation | 19-00106 |
| Jose Santiago, Inc. | 19-00075 |
| Junior Bus Line, Inc. | 19-00229 |
| Kelly Services Puerto Rico | 19-00109 |
| Kelly Services, Inc. | 19-00113 |
| Kid's Therapy Services, Inc. | 19-00120 |
| L.L.A.C., Inc. | 19-00122 |
| Law Offices Wolf Popper P.S.C. | 19-00236 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Learning Alliance LLC | 19-00123 |
| Leslie Rubero Multi Services | 19-00241 |
| Light Gas Corporation | 19-00248 |
| Linkactiv, Inc. | 19-00250 |
| LS Innovative Education Center, Inc. | 19-00252 |
| Luz M. Carrasquillo Flores | 19-00124 |
| Macam S.E. | 19-00255 |
| Malgor & Co. Inc. | 19-00257 |
| Management, Consultants & Computer Services, Incorporated | 19-00081 |
| Mangual's Office Cleaning Service Inc. | 19-00278 |
| Manpower | 19-00088 |
| Mapfre PRAICO Insurance Company | 19-00259 |
| Margarita Hurtado Arroyo | 19-00260 |
| MC-21 LLC | 19-00262 |
| MCZY Bus Services Inc. | 19-00261 |
| Mendez & Co. Inc. | 19-00263 |
| Merck Sharp & Dohme (I.A.) LLC | 19-00276 |
| Metro Center Associates | 19-00234 |
| Michica International Co., Inc. | 19-00238 |
| Microsoft Corporation | 19-00290 |
| MMM Healthcare, Inc. | 19-00095 |
| Mudanzas Torres, Inc. | 19-00240 |
| Multi Clean Services Inc. | 19-00244 |
| N. Harris Computer Corporation | 19-00102 |
| National College of Business and Technology Company, Inc. | 19-00246 |
| National Copier & Office Supplies, Inc. | 19-00251 |
| Nelson D. Rosario Garcia | 19-00125 |
| Netwave Equipment Corp. | 19-00253 |
| Next Level Learning, Inc. | 19-00129 |
| Nexvel Consulting LLC | 19-00131 |
| NIBA International Corp. | 19-00254 |
| NTT Data Eas, Inc. | 19-00256 |
| O'Neill Security & Consultant Serv Inc. | 19-00258 |
| Oracle Caribbean, Inc. | 19-00112 |
| Panaderia La Sevillana, Inc. | 19-00233 |
| Paso A Paso: Centro Interdisciplinario del Aprendizaje, Inc. | 19-00237 |
| PDCM Associates, SE | 19-00242 |
| Pearson Education, Inc. | 19-00245 |
| Pearson Pem P.R., Inc. | 19-00117 |
| People Television, Inc. | 19-00135 |
| Perfect Cleaning Services, Inc. | 19-00249 |
| Physician HMO Inc. | 19-00178 |
| Ponce de Leon Gun Shop Inc. | 19-00179 |

| Defendant | Adversary Proceeding No. |
|---|---|
| Populicom, Inc. | 19-00180 |
| Postage By Phone Reserve Account | 19-00181 |
| Printech, Inc. | 19-00119 |
| Procesos de Informatica, Inc. | 19-00185 |
| Professional Consulting Psychoeducational Services, LLC | 19-00188 |
| Professional Records and Information Management, Inc. | 19-00190 |
| Promotions & Direct, Inc. | 19-00192 |
| Prospero Tire Export, Inc. | 19-00196 |
| Providencia Cotto Perez | 19-00137 |
| Puerto Rico Supplies Group Inc. | 19-00199 |
| Puerto Rico Telephone Company, Inc. | 19-00127 |
| R. Cordova Trabajadores Sociales C S P | 19-00138 |
| Rafael Hernandez Barreras | 19-00201 |
| Ramirez Bus Line Inc. | 19-00203 |
| Ramon E. Morales dba Morales Distributors | 19-00141 |
| Rancel Bus Service, Inc. | 19-00206 |
| Raylin Bus Line Corp. | 19-00208 |
| Raymond Rivera Morales | 19-00212 |
| Reliable Health Services Corp. | 19-00216 |
| Reyes Contractor Group, Inc. | 19-00220 |
| Ricardo Estrada Maisonet | 19-00227 |
| Ricoh Puerto Rico, Inc. | 19-00128 |
| Rock Solid Technologies, Inc. | 19-00230 |
| Rocket Learning, LLC | 19-00232 |
| Rocket Teacher Training, LLC | 19-00235 |
| Rodriguez-Parissi & Co., C.S.P. | 19-00155 |
| Rosso Group, Inc. | 19-00239 |
| S & L Development S.E. | 19-00243 |
| S.H.V.P. Motor Corp. | 19-00134 |
| Sabiamed Corporation | 19-00274 |
| Seguros Colon Colon, Inc. | 19-00130 |
| Semper Innova Corporation | 19-00247 |
| Service Group Consultant Inc. | 19-00204 |
| Servicio de Transportacion Juan Carlos Inc. | 19-00205 |
| Servicios Profesionales Integrados a la Salud, Inc. | 19-00207 |
| Sesco Technology Solutions, LLC | 19-00162 |
| Sign Language Interpreters, Inc. | 19-00210 |
| Skanska USA Building Inc. | 19-00351 |
| SSM & Associates, Inc. | 19-00213 |
| St. James Security Services, LLC | 19-00145 |
| Sucn Oscar Rodriguez Crespo | 19-00165 |
| Suiza Dairy Corporation | 19-00215 |
| Suzuki del Caribe, Inc. | 19-00219 |

| Defendant | Adversary Proceeding No. |
|---|---|
| T R C Companies | 19-00168 |
| Tactical Equipment Consultants, Inc. | 19-00222 |
| Taller de Desarrollo Infantil y Prescolar Chiquirimundi Inc. | 19-00049 |
| Tatito Transport Service Inc. | 19-00224 |
| TEC Contractors, LLC | 19-00050 |
| Telefonica Larga Distancia de Puerto Rico, Inc. | 19-00226 |
| The Boston Consulting Group, Inc. | 19-00228 |
| Tito Ramirez Bus Service Inc. | 19-00231 |
| Total Petroleum Puerto Rico Corp. | 19-00114 |
| Transcore Atlantic, Inc. | 19-00348 |
| Transporte Sonnel Inc. | 19-00149 |
| Transporte Urbina Inc. | 19-00170 |
| Trinity Metal Roof and Steel Structure Corp. | 19-00187 |
| Truenorth Corp. | 19-00160 |
| Union Holdings, Inc. | 19-00189 |
| Universal Care Corp. (Unicare) | 19-00193 |
| Value Sales Corporation | 19-00195 |
| Vazquez Y Pagan Bus Line, Inc. | 19-00197 |
| VIIV Healthcare Puerto Rico, LLC | 19-00164 |
| VMC Motor Corp. | 19-00166 |
| Wal-Mart Puerto Rico Inc. | 19-00267 |
| West Corporation | 19-00353 |
| WF Computer Services, Inc. | 19-00200 |
| William Rivera Transport Service Inc. | 19-00209 |
| Wynndalco Enterprises, LLC | 19-00214 |
| Xerox Corporation | 19-00218 |

63418137 v1

63418137 v2

## Appendix II

## The Avoidance Action Procedures

**A.**  **Notice of Applicability**

    *i.*      The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I and to the Avoidance Actions to be included, if necessary, in Supplemental Appendix I, as supplemented from time to time.

**B.**  **Litigation Procedures and Deadlines**

    *i.*      *Service of Complaints and Other Pleadings*

        a.      All answers, motions, oppositions, and replies (collectively, the "Pleadings") shall be filed with the Court in accordance with the *Ninth Amended Notice, Case Management and Administrative Procedures Order,* Case No. 17-3283-LTS, ECF, 7115-1 (the "Case Management Order"), as the Case Management Order may be supplemented, modified, or amended from time to time.  The Case Management Order is available at the following website: https://cases.primeclerk.com/puertorico/.

        b.      Except for service of complaints (as described below), all Pleadings shall be served on (i) counsel of record by email; or where there is no counsel of record, (ii) on the defendant by certified mail or email, where the defendant has provided an email address in previous communications or negotiations with the Oversight Board.  In addition to (i) or (ii) of this paragraph (as applicable), all Pleadings shall be served on the Standard Parties as defined in the Case Management Order *and* the following:

            Hon. Judith G. Dein
            United States District Court, District of Massachusetts
            John Joseph Moakley U.S. Courthouse
            1 Courthouse Way, Suite 6420
            Boston, MA 02210
            deindprcorresp@mad.uscourts.gov

        c.      If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Court, the defendant shall notify the Oversight Board in writing at the address below and may thereafter serve the Oversight Board and the Committee via United States Mail.

            Brown Rudnick LLP
            Attn:  Rosa Sierra, Esq.
            One Financial Center
            Boston, MA 02111

d.     In order to effectuate service of the complaints as described in subsection (e) below, the Clerk of Court for the United States District Court for the District of Puerto Rico shall re-issue each electronic summons previously issued in the Avoidance Actions listed in <u>Appendix I</u> by a date that is no later than three (3) days after the entry of an Order approving and adopting these Avoidance Action Procedures.

e.     Within seven days (7) days after the entry of an Order approving the Avoidance Action Procedures, the Oversight Board and the Committee, in accordance with Federal Rule of Bankruptcy Procedure 7004, shall serve the Avoidance Action complaints and summonses for the cases listed in Appendix I along with an Order approving the Avoidance Action Procedures.

f.     The Oversight Board and the Committee shall serve the Order and the summons and complaint in each PREPA Avoidance Action, within seven (7) days of the issuance of a summons in each such action, and otherwise in accordance with Federal Rule of Bankruptcy Procedure 7004.

g.     Not later than fourteen days after the filing of an Avoidance Action not listed in Appendix I, the Oversight Board and the Committee shall file with the Court a list of all Avoidance Actions ("Supplemental Appendix I"),[1] with respect to which the an Order approving the Avoidance Action Procedures shall apply; *provided*, *however*, that the Order shall not be effective as to such Avoidance Actions until a date that is twenty-one (21) days after service of the complaints and summonses in such Avoidance Actions. Defendants to such Avoidance Actions may object to the Avoidance Action Procedures within those twenty-one (21) days, and, if such objection is not resolved consensually within ten (10) days of the filing thereof, the Court will in its discretion set a briefing and scheduling order on such objections, if any.

ii.     *Responses to Avoidance Action Complaints and Opposition Deadlines*

a.     Defendants shall file and serve an answer or response to the complaint in their respective Avoidance Actions not later than January 13, 2020 (the "Response Due Date"). If necessary, to allow for out-of-court resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any interested party and upon approval by this Court.

b.     Federal Rule of Bankruptcy Procedure 7016 applies to the Avoidance Actions; *provided*, *however*, that no court-mandated initial pre-trial

---

[1]    To the extent that any additional Avoidance Actions may be filed after the submission of Supplemental Appendix I, the Oversight Board and the Committee shall file additional Supplemental Appendices within fourteen (14) days of such filing, identifying all newly filed Avoidance Actions, which actions will likewise be subject to an Order approving the Avoidance Action Procedures.

conference will be held pursuant to Federal Rule of Bankruptcy Procedure 7016.

c.    If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Oversight Board and the Committee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss by March 9, 2020; following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") by April 13, 2020.

d.    Notwithstanding the foregoing, where a defendant files an answer, response, or Motion to Dismiss before January 13, 2020, the Oversight Board and the Committee shall have thirty (30) days after the filing of the answer, response, or Motion to Dismiss to file an opposition or other responsive pleading. The defendant shall have thirty (30) days after the filing of an opposition or other responsive pleading to file a reply. Nothing herein precludes the parties from agreeing to, and the Court approving, a joint scheduling order if the parties so request.

iii.    *Discovery*

a.    To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is fourteen (14) days after the Response Due Date or fourteen (14) days after the equivalent deadline in an alternative briefing scheduling in accordance with paragraph (d) above, the Oversight Board, the Committee and the defendant shall: (i) meet and confer by email or via telephone call as to a joint discovery schedule; and (ii) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.  Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

iv.    *Post-Discovery Motion Practice*

a.    To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 56 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motion must be filed within thirty (30) days after the close of discovery; *provided, however,* that nothing herein precludes a party from filing such motion within the timeframe provided in Federal Rule of Civil Procedure 56(b), subject to an opposing party's ability to object or respond to such motion.  Any opposition or other response to such motion under Federal Rule of Civil Procedure 56 shall be filed within thirty (30) days after such motion is

filed. Thereafter, any reply to such motion under Federal Rule of Civil Procedure 56 shall be filed within fourteen (14) days, and such reply shall be confined to replying to new matters raised in such opposition or response to a Federal Rule of Civil Procedure 56 motion.

v.    *Hearings*

a.    All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); *provided*, *however*, that a party may request a hearing on an any other date, and such request may be granted by this Court, for good cause shown.

b.    The Oversight Board and the Committee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters. This report shall be filed on the docket for the Commonwealth's case (17-3283) and emailed to deindprcorresp@mad.uscourts.gov.

vi.   *Trial*

a.    If necessary, any trial concerning the Avoidance Actions shall occur on a date that is agreed upon in a joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

C.    **Mediation Procedures**

i.    *Voluntary*

a.    Before litigation of the Avoidance Actions as detailed in section II above, the parties may, by agreement, choose to mediate an Avoidance Action in accordance with the mediation procedures set forth herein.

b.    If the parties choose to mediate the Avoidance Action before litigation of the Avoidance Action, the Oversight Board, the Committee, and the defendant shall file a joint stipulation signed by all parties reflecting that the parties have agreed to mediate the Avoidance Action. If the parties elect to participate in mediation, the joint stipulation reflecting such election shall be filed at any time prior to the Response Due Date or equivalent date in an alternative briefing schedule. If the mediation process does not resolve the Avoidance Action, the Response Due Date shall be a date that is thirty (30) days following the conclusion of the mediation (as described below). Thereafter, the parties shall proceed to litigate in accordance with the procedures specified in sections II.ii.c. and d., II.iii.a., and III.iv.a.

4

ii.     *Selection of Mediators*

    a.    Within seven (7) days after the filing of the joint stipulation referenced in the preceding paragraph, the Oversight Board, the Committee, and the defendant shall meet and confer to choose a mediator.  The parties have discretion in choosing the mediator and nothing herein should be construed as limiting that discretion.  In the event the parties cannot agree on a mediator, the Oversight Board shall choose the mediator from a roster of retired Puerto Rico state court judges.

    b.    Within fourteen (14) days after the filing of the joint stipulation referenced in III.i.b., the parties shall jointly file a "Notice of Mediator Selection" indicating the (i) name of the mediator; (ii) which party will be responsible for compensating the mediator; (iii) a certification that the mediator has accepted the designation; and (iv) a date by when the parties expect to complete mediation.

iii.     *Mediation*

    a.    Within seven (7) days after the filing of the Notice of Mediator Selection, the parties shall jointly contact the mediator to discuss the mediation and schedule a first mediation session that is within thirty (30) days after the filing of the Notice of Mediator Selection.  At the completion of the first session, the mediator may schedule additional mediation sessions at a time and place agreed to by the parties.

    b.    Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement.

    c.    Within ninety (90) days after the Notice of Mediator Selection is filed, the parties shall in a joint status report advise the court as to the following:

        i.    Whether the parties have resolved the Avoidance Action; or

        ii.    Whether further mediation will not be useful.

    If the parties represent that further mediation will not be useful, the parties can litigate the respective Avoidance Action.

D. **Settlement Authority, Standards, and Procedures**

i. *Authority*

    a. Subject to the standards and procedures set forth below, the Oversight Board and the Committee may enter into written settlement agreements (the "Settlement Agreements") with defendants, which agreements shall be enforceable and effective as provided below.

ii. *Mandatory Settlement Standards*

    a. Any Settlement Agreements executed by the Oversight Board and the Committee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

        i. The Oversight Board and the Committee will provide general, mutual releases to each other relating to, or arising out of, the Avoidance Action.

        ii. The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

        iii. The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

        iv. The Oversight Board and the Committee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated, and nothing in these Settlement Standards shall limit or impair the ability of the Oversight Board, the Committee, or any defendant to an Avoidance Action to request that said dismissal be with prejudice.

        v. The Oversight Board and the Committee will have the authority to settle without further order of the Court or Court approval any Avoidance Action with a face amount of up to $10 million.

    b. For the avoidance of doubt, nothing in the Settlement Standards listed above shall preclude the parties from negotiating and bargaining for specific terms, clauses, or provisions not otherwise delineated herein in any Settlement Agreement.

iii. *The Settlement Procedures*

    a. Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is ten million dollars ($10,000,000) or less, any Settlement Agreement shall be enforceable without further notice, hearing, or order of the Court or Court approval.

6

b.        Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is $10,000,001 or more, the Oversight Board and the Committee will file with this Court in the Commonwealth docket (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

        i.      The dollar amount of the settlement; and

        ii.     The face value of the amount sought to be avoided and recovered in the applicable Avoidance Action complaint without identifying the Avoidance Action adversary proceeding number.

c.        If no objection to the Notice of Settlement is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

d.        If an objection is filed pursuant to paragraph (c) above, the Oversight Board and the Committee shall file a response to the objection within fourteen (14) of filing the objection.  Thereafter, the Court shall in its discretion decide if a hearing on the objection is necessary.

63434099 v6

## EXHIBIT B

**Revised Proposed Order**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK-3283 (LTS) |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al*., | |
| Debtors.[1] | |

---

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Case No. 17-BK- 3567 (LTS) |
| as representative of | |
| THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, | |
| Debtor. | |

---

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |

---

[1]     The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

|  | Case No. 17-BK-3566 (LTS) |
|---|---|
| as representative of | |
| THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO, | |
| Debtor. | |
| | PROMESA<br>Title III |
| In re: | |
| | Case No. 17 BK 4780-LTS- |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

**[PROPOSED REVISED] ORDER GRANTING OMNIBUS MOTION BY THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, ACTING BY AND THROUGH THE MEMBERS OF THE SPECIAL CLAIMS COMMITTEE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ESTABLISH LITIGATION CASE MANAGEMENT PROCEDURES AND (II) ESTABLISH PROCEDURES FOR APPROVAL OF SETTLEMENTS**

Upon the motion dated June 7, 2019 (the "Motion") of the Oversight Board, acting  by and through the members of the Special Claims Committee, and the Committee, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 7016, 2002, 9019 and 9006 made applicable to this proceeding by sections 301(a) and 310 of the Puerto Rico Opportunity Management and Economic Stability Act of 2016 ("PROMESA"), 48 U.S.C. § 2161(a); and the Court having jurisdiction over this matter under 28 U.S.C. 1331, and under

2

section 306(a)-(b) of PROMESA, 48 U.S.C. §2166(a)-(b); and venue being proper under section 307(a) of PROMESA, 48 U.S.C. § 2167(a); and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and opposition thereto and having heard the statements of counsel at the hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

   **ORDERED** that the relief requested in the Motion is granted; and it is further

   **ORDERED** that the Avoidance Action Procedures attached hereto as Appendix II are adopted and shall govern the Avoidance Actions listed in Appendix I, as amended or supplemented subject to section B. i. g. of Appendix II; and it is further

   **ORDERED** that the Oversight Board and the Committee are hereby granted authority to enter Settlement Agreements with the Avoidance Action defendants listed in Appendix I, as amended or supplemented, subject to section B. i. g. of Appendix II, and to grant releases to such defendants in connection therewith without further Court approval, subject to the Settlement Standards and Settlement Procedures set forth in Appendix II; and it is further

   **ORDERED** that the defendants who entered that enter into Settlement Agreements shall remain subject to this Court's jurisdiction with respect to enforcement of the such Settlement Agreement Agreements; and is further

   **ORDERED** that the Clerk of Court shall re-issue the electronic summonses in the Avoidance Actions listed in Appendix I; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to this the interpretation and implementation of this Order.

Dated: June [*], 2019.
Dated: _____

_____
Honorable Judith G. Dein
United States Magistrate Judge

**<u>Appendix I</u>**

**Appendix II**

**The Avoidance Action Procedures**

**A.**   ~~a.~~ **Notice of Applicability**

i.       The Avoidance Action Procedures shall apply to the Avoidance Actions listed in Appendix I and to the Avoidance Actions to be included, if necessary, in Supplemental Appendix I, as supplemented from time to time.

**B.**   ~~b.~~ **Litigation Procedures and Deadlines**

i.       *Service of Complaints and Other Pleadings*

a.      All answers, motions, oppositions, and replies (collectively, the "Pleadings") shall be filed with the Court in accordance with the *Ninth Amended Notice, Case Management and Administrative Procedures Order,* Case No. 17-3283-LTS, ECF, 7115-1 (the "Case Management Order"), as the Case Management Order may be supplemented, modified, or amended from time to time.  The Case Management Order is available at the following website: https://cases.primeclerk.com/puertorico/.

b.      Except for service of complaints (as described below), all Pleadings shall be served on (i) counsel of record by email; or where there is no counsel of record, (ii) on the defendant by certified mail or email, where the defendant has provided an email address in previous communications or negotiations with the Oversight Board.  In addition to (i) or (ii) of this paragraph (as applicable), all Pleadings shall be served on the Standard Parties as defined in the Case Management Order *and* the following:

> Hon. Judith G. Dein
> United States District Court, District of Massachusetts
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 6420
> Boston, MA 02210
> deindprcorresp@mad.uscourts.gov

c.      If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Court, the defendant shall notify the Oversight Board in writing at the address below and may thereafter serve the Oversight Board and the Committee via United States Mail.

> Brown Rudnick LLP
> Attn:  Rosa Sierra, Esq.
> One Financial Center
> Boston, MA 02111

d.    In order to effectuate service of the complaints as described in subsection (e)~~.~~ below, the Clerk of Court for the United States District Court for the District of Puerto Rico shall re-issue each electronic summons previously issued in the Avoidance Actions listed in <u>Appendix I</u> by a date that is no later than three (3) days after the entry of an Order approving and adopting these Avoidance Action Procedures.

e.    Within seven days (7) days after the entry of an Order approving the Avoidance Action Procedures, the Oversight Board and the Committee, in accordance with Federal Rule of Bankruptcy Procedure 7004, shall serve the Avoidance Action complaints and summonses for the cases listed in Appendix I along with ~~the~~an Order approving ~~this Motion~~the Avoidance Action Procedures.

f.    The Oversight Board and the Committee shall serve the Order and the summons and complaint in each PREPA Avoidance Action, within seven (7) days of the issuance of a summons in each such action, and otherwise in accordance with Federal Rule of Bankruptcy Procedure 7004.

g.    Not later than fourteen days after the filing ~~thereof~~of an Avoidance Action not listed in Appendix I, the Oversight Board and the Committee shall file with the Court a list of all ~~PREPA~~ Avoidance Actions ("Supplemental Appendix I"),[1] with respect to which the an Order *approving the Avoidance Action Procedures* shall apply~~.~~; *provided, however, that the Order shall not be effective as to such Avoidance Actions until a date that is twenty-one (21) days after service of the complaints and summonses in such Avoidance Actions. Defendants to such Avoidance Actions may object to the Avoidance Action Procedures within those twenty-one (21) days, and, if such objection is not resolved consensually within ten (10) days of the filing thereof, the Court will in its discretion set a briefing and scheduling order on such objections, if any.*

    *ii.*    ~~*i.*~~ *Responses to Avoidance Action Complaints and Opposition Deadlines*

a.    Defendants shall file and serve an answer or response to the complaint in their respective Avoidance Actions not later than January 13, 2020 (the "Response Due Date"). If necessary, to allow for out-of-court resolution of the Avoidance Actions, the Response Due Date may be extended by further motion of any interested party and upon approval by this Court.

b.    ~~No~~Federal Rule of Bankruptcy Procedure 7016 applies to the Avoidance Actions; *provided, however, that* no court-mandated initial pre-trial conference ~~pursuant to Bankruptcy Rule 7016~~ will be held in the

---

[1]    To the extent that any additional Avoidance Actions may be filed after the submission of Supplemental Appendix I, the Oversight Board and the Committee shall file additional Supplemental Appendices within fourteen (14) days of such filing, identifying all newly filed Avoidance Actions, which actions will likewise be subject to ~~this~~an Order approving the Avoidance Action Procedures.

Avoidance Actions pursuant to Federal Rule of Bankruptcy Procedure 7016.

c.   If a defendant files a motion under Federal Rule of Civil Procedure 12, made applicable to the Avoidance Actions by Bankruptcy Rule 7012, in response to the Avoidance Actions complaints ("Motion to Dismiss"), the Oversight Board and the Committee, if necessary, shall file an opposition or other responsive pleading ("Motion to Dismiss Response") to such Motion to Dismiss by March 9, 2020; following the Motion to Dismiss Response, the defendant, if necessary, shall file a reply ("Reply") by April 13, 2020.

d.   Notwithstanding the foregoing, where a defendant files an answer, response, or Motion to Dismiss before January 13, 2020, the Oversight Board and the Committee shall have thirty (30) days after the filing of the answer, response, or Motion to Dismiss to file an opposition or other responsive pleading. The defendant shall have thirty (30) days after the filing of an opposition or other responsive pleading to file a reply. Nothing herein shall prevent precludes the parties from agreeing to, or and the Court approving, any alternative briefing schedule for any responsive Pleading(s).[1] a joint scheduling order if the parties so request.

iii.   i.  Discovery

a.   To the extent discovery is necessary or may be contemplated in the Avoidance Actions, on a date that is fourteen (14) days after the Response Due Date or fourteen (14) days after the equivalent deadline in an alternative briefing scheduling in accordance with paragraph (d) above, the Oversight Board, the Committee and the defendant shall: (i) meet and confer by email or via telephone call as to a joint discovery schedule; and (ii) on a date that is fourteen (14) days after the parties meet and confer, the parties shall file a joint proposed discovery schedule in accordance with the Federal Rules of Civil Procedure as made applicable in the Federal Rules of Bankruptcy Procedure.  Upon approval by this Court of a joint proposed discovery schedule, the parties shall conduct discovery in accordance with the proposed schedule.

iv.   i.  Post-Discovery Motion Practice

a.   To the extent that, at the close of discovery, motion practice in accordance with Federal Rule of Civil Procedure 26 56 as made applicable in the Federal Rules of Bankruptcy Procedure is necessary, such motions motion must be filed within thirty (30) days after the close of discovery; provided, however, that nothing herein precludes a party from filing such motion

---

[1]   For the avoidance of doubt, nothing herein shall supersede any joint stipulations concerning scheduling and briefing that the Oversight Board and the Committee may have entered into and filed as to a particular Avoidance Action listed in Appendix I prior to an Order approving the Avoidance Action Procedures.

3

within the timeframe provided in Federal Rule of Civil Procedure 56(b), subject to an opposing party's ability to object or respond to such motion. Any opposition or other response to such ~~motions~~motion under Federal Rule of Civil Procedure 56 shall be filed within thirty (30) days after such motion is filed.  Thereafter, any reply to such motion under Federal Rule of Civil Procedure 56 shall be filed within fourteen (14) days, and such reply shall be confined to replying to new matters raised in such opposition or response to a Federal Rule of Civil Procedure 56 motion.

*v.*     ~~*i.*~~*Hearings*

    a.    All matters concerning any Avoidance Action shall be heard on the Omnibus Dates provided in the Case Management Order (as amended); *provided*, *however*, that a party may request a hearing on an any other date, and such request may be granted by this Court, for good cause shown.

    b.    The Oversight Board and the Committee, at least seven (7) days prior to each Omnibus Hearing where a matter and/or matters concerning certain Avoidance Actions will be heard, shall jointly file a report setting for the status of each such Avoidance Actions matters.  This report shall be filed on the docket for the Commonwealth's case (17-3283) and emailed to deindprcorresp@mad.uscourts.gov.

*vi.*     ~~*i.*~~*Trial*

    a.    If necessary, any trial concerning the Avoidance Actions shall occur on a date that is agreed upon in a joint stipulation by all parties, which joint stipulation, shall be filed, if necessary, no later than ninety (90) days after the close of discovery.

**C.**     ~~**a.**~~**Mediation Procedures**

*i.*     *Voluntary*

    a.    Before litigation of the Avoidance Actions as detailed in section II above, the parties may, by agreement, choose to mediate an Avoidance Action in accordance with the mediation procedures set forth herein.

    b.    If the parties choose to mediate the Avoidance Action before litigation of the Avoidance Action, the Oversight Board, the Committee, and the defendant shall file a joint stipulation signed by all parties reflecting that the parties have agreed to mediate the Avoidance Action.  If the parties elect to participate in mediation, the joint stipulation reflecting such election shall be filed at any time prior to the Response Due Date or equivalent date in an alternative briefing schedule.  If the mediation process does not resolve the Avoidance Action, the Response Due Date shall be a date that is thirty (30) days following the conclusion of the

mediation (as described below). Thereafter, the parties shall proceed to litigate in accordance with the procedures specified in sections II.ii.c. and d., II.iii.a., and III.iv.a.

*ii.* *i.* *Selection of Mediators*

a. Within seven (7) days after the filing of the joint stipulation referenced in the preceding paragraph, the Oversight Board, the Committee, and the defendant shall meet and confer to choose a mediator. The parties have discretion in choosing the mediator and nothing herein should be construed as limiting that discretion. In the event the parties cannot agree on a mediator, the Oversight Board shall choose the mediator from a roster of retired Puerto Rico state court judges.

b. Within fourteen (14) days after the filing of the joint stipulation referenced in III.i.b., the parties shall jointly file a "Notice of Mediator Selection" indicating the (i) name of the mediator; (ii) which party will be responsible for compensating the mediator; (iii) a certification that the mediator has accepted the designation; and (iv) a date by when the parties expect to complete mediation.

*iii.* *i.* *Mediation*

a. c. Within seven (7) days after the filing of the Notice of Mediator Selection, the parties shall jointly contact the mediator to discuss the mediation and schedule a first mediation session that is within thirty (30) days after the filing of the Notice of Mediator Selection. At the completion of the first session, the mediator may schedule additional mediation sessions at a time and place agreed to by the parties.

b. d. Within seven (7) days before the first mediation session, the parties, shall submit to the mediator a "Position Statement" not to exceed ten (10) pages double-spaced (not including exhibits) outlining the key facts and legal issues in the case. The statement will also include each party's position regarding settlement.

c. e. Within ninety (90) days after the Notice of Mediator Selection is filed, the parties shall in a joint status report advise the court as to the following:

i. a. Whether the parties have resolved the Avoidance Action; or

ii. b. Whether further mediation will not be useful.

If the parties represent that further mediation will not be useful, the parties can litigate the respective Avoidance Action.

**D.**  ~~b.~~ **Settlement Authority, Standards, and Procedures**

    *i.*      *Authority*

        a.    Subject to the standards and procedures set forth below, the Oversight Board and the Committee may enter into written settlement agreements (the "Settlement Agreements") with defendants, which agreements shall be enforceable and effective as provided below.

    *ii.*      *i.* *Mandatory Settlement Standards*

        a.    Any Settlement Agreements executed by the Oversight Board and the Committee pursuant to the authority granted in the Order must contain the following provisions (the "Settlement Standards"):

            i.    ~~a.~~ The Oversight Board and the Committee will provide general, mutual releases to each other relating to, or arising out of, the Avoidance Action.

            ii.    ~~b.~~ The defendant shall submit to the United States District Court for the District Court of Puerto Rico's jurisdiction with respect to the enforcement of the Settlement Agreement.

            iii.    ~~c.~~ The Settlement Agreement shall be interpreted in accordance with Puerto Rico law.

            iv.    ~~d.~~ The Oversight Board and the Committee shall file a notice of dismissal of the Avoidance Action after the settlement has been consummated, and nothing in these Settlement Standards shall limit or impair the ability of the Oversight Board, the Committee, or any defendant to an Avoidance Action to request that said dismissal be with prejudice.

            v.    ~~e.~~ The Oversight Board and the Committee will have the authority to settle without further order of the Court or Court approval any Avoidance Action with a face amount of up to $10 million.

        b.    For the avoidance of doubt, nothing in the Settlement Standards listed above shall preclude the parties from negotiating and bargaining for specific terms, clauses, or provisions not otherwise delineated herein in any Settlement Agreement.

    *iii.*      *ii.* *The Settlement Procedures*

        a.    Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is ten million dollars ($10,000,000) or less, any Settlement Agreement shall be enforceable without further notice, hearing, or order of the Court or Court approval.

b.     Where the face value of the amount sought to be avoided and recovered in an Avoidance Action complaint is $10,000,001 or more, the Oversight Board and the Committee will file with this Court in the Commonwealth docket (Case No. 17-03283) a notice of settlement (the "Notice of Settlement") that will disclose the following:

   i.     a. The dollar amount of the settlement; and

   ii.    b. The face value of the amount sought to be avoided and recovered in the applicable Avoidance Action complaint without identifying the Avoidance Action adversary proceeding number.

c.     If no objection to the Notice of Settlement is filed and served upon the Oversight Board and the Committee within fourteen (14) days after the filing, the Settlement Agreement will automatically become effective and binding on the parties.

d.     If an objection is filed pursuant to paragraph (c) above, the Oversight Board and the Committee shall file a response to the objection within fourteen (14) of filing the objection.   Thereafter, the Court shall in its discretion decide if a hearing on the objection is necessary.

63434098.v1

| Summary report: Litéra® Change-Pro TDC 7.5.0.125 Document comparison done on 6/21/2019 1:11:05 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://WORKSITE/WorkSiteUS/63434098/1 | |
| **Modified DMS:** iw://WORKSITE/WorkSiteUS/63434099/6 | |
| **Changes:** | |
| Add | 64 |
| Delete | 85 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 153 |

63436317 v1