# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-4780-LTS<br><br>**This Court Filing Relates Only to PREPA and Shall Only Be Filed in the Lead Case (Case No. 17-BK-3283-LTS) and PREPA's Title III Case (Case No. 17-BK-4780-LTS)** |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA),<br><br>    Movants,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of | Re: ECF No. 7484 |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

PUERTO RICO ELECTRIC POWER AUTHORITY,

    Respondent.

**FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO'S OPPOSITION TO
URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION
926(a), AUTHORIZING COMMITTEE TO PURSUE CERTAIN AVOIDANCE
ACTIONS ON BEHALF OF PUERTO RICO ELECTRIC POWER AUTHORITY**

To the Honorable United States District Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Puerto Rico Electric Power Authority ("PREPA" or the "Debtor") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this opposition ("Opposition")[3] to the *Urgent Motion of Official Committee of Unsecured Creditors for Order, Pursuant to Bankruptcy Code Section 926(a), Authorizing Committee to Pursue Certain Avoidance Actions on Behalf of Puerto Rico Electric Power Authority* [Case No. 17-BK-3283-LTS, ECF No. 7484] ("Motion"),[4] filed by the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "UCC"). In support of its Opposition, the Oversight Board respectfully avers as follows:

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3] To the extent that the relief requested by the Oversight Board in this Opposition should be brought as a motion under Fed. R. Bankr. P. 9013, the Oversight Board requests that the Court consider this Opposition an urgent motion under Rule 9013-1 of the Local Rules of Rules of Bankruptcy Procedure for the District of Puerto Rico ("Local Rules") for entry of the Proposed Stipulation and Order appointing the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") as co-trustee with respect to the Lien Challenge. Pursuant to Local Rule 9013(a)(1), the Oversight Board certifies that it has concluded there is a true need for urgent relief after carefully examining the matter, that the Oversight Board has not created the urgency by a lack of due diligence, and that it has made a *bona fide* effort to resolve the matter without a hearing.

[4] Capitalized terms not defined herein shall have the meaning given them in the Motion.

2

**OPPOSITION**

1. The Oversight Board appreciates the concerns raised by the UCC in the Motion and agrees that the prudent action is to have a co-trustee/plaintiff alongside the Oversight Board in any Lien Challenge (as defined in the RSA) that the Oversight Board intends to bring to mitigate the "*Aurelius/UTIER* risk."

2. The Oversight Board, however, rejects the UCC's assertion that there is "no other party that would be able to adequately serve as a section 926(a) trustee other than the Committee." Motion at ¶ 24. As mentioned by the UCC, "the court is given unfettered discretion in determining whom to appoint as a trustee." Motion at ¶ 18. The Oversight Board submits that, solely with respect to the Lien Challenge, the UCC is not the right party to take such a role in the PREPA Title III case, and that AAFAF should be appointed in its place as a co-trustee solely with respect to the Lien Challenge.

3. The Oversight Board previously agreed to a stipulation appointing the UCC as co-trustee and co-plaintiff with respect to all PREPA avoidance actions (the "PREPA Stipulation"), with the express exception of the Lien Challenge. The Oversight Board required this exception to respect a material provision of the Definitive Restructuring Support Agreement dated as of May 3, 2019 with a majority of PREPA's bondholders (the "RSA") requiring the order approving the settlement embodied in the RSA to prohibit any party other than the Oversight Board or AAFAF from asserting a Lien Challenge. We now know the UCC is a vocal opponent of the RSA. Conversely, both the Oversight Board as PREPA's Title III representative and AAFAF have interests in preserving the Lien Challenge for use if the RSA fails, and to use vis-à-vis claimants who do not settle the issues in the RSA as did the Supporting Holders. But, the UCC could conceivably attempt to prosecute the Lien Challenge to undo the RSA. The UCC is certainly entitled to try to convince the Court not to grant PREPA's RSA motion, but it should not be armed with the Lien Challenge to use to undo the

3

RSA if its objection to it fails.

4. Nonetheless, the Oversight Board made clear to the UCC that it would take all necessary actions to preserve the Lien Challenge before the statute of limitations expires, either through tolling agreements or filing the Lien Challenge complaint and seeking to stay it pending approval of the RSA and, ultimately, confirmation of a PREPA plan of adjustment, each as contemplated in the RSA. Moreover, the UCC has not provided PREPA with any reason why AAFAF should not be appointed as the trustee. Regardless, the UCC now asserts not only that it must be appointed a plaintiff in the Lien Challenge with the same rights as provided in the general stipulation for pursuit of PREPA avoidance actions, but that it is the only party that can serve in this role. If the UCC is truly concerned about preserving the Lien Challenge, the identity of the requested section 926(a) trustee is immaterial, and the solution offered by the Oversight Board in the Proposed Stipulation and Order should suffice. Otherwise, the UCC's Motion is no more than a thinly-disguised attempt to wrest control of the Lien Challenge away from the Oversight Board, arrogate it to itself, and potentially use it to try to thwart the RSA, which the UCC has already announced it opposes.

5. The UCC's Motion should be granted in part (to the extent it seeks appointment of a co-trustee for the Lien Challenge) and denied in part (to the extent it seeks to appoint the UCC sole trustee, instead of AAFAF as co-trustee, with respect to the Lien Challenge), for a number of reasons.

6. <u>First</u>, the Oversight Board respectfully requests that AAFAF be appointed as a co-trustee, rather than the UCC, solely with respect to the prosecution of the Lien Challenge pursuant to the proposed stipulation and order attached hereto as **Exhibit A** ("<u>Proposed Stipulation and Order</u>"), to avoid any possible negative consequences from the *Aurelius*/*UTIER* decision. The Proposed Stipulation and Order is in a form similar to previous stipulations with the UCC for its appointment as co-trustee to pursue avoidance actions.

4

7. Notably, AAFAF can serve as co-trustee without breaching the RSA, which permits any "Government Parties" (including both the Oversight Board and AAFAF) to bring the Lien Challenge. Granting AAFAF a co-trusteeship in connection with the Lien Challenge is necessary and beneficial, as it allows the Oversight Board and AAFAF to jointly prosecute the Lien Challenge in line with the RSA while still avoiding any potential negative consequences from the *Aurelius*/*UTIER* decision.

8. Moreover, AAFAF is preferable to the UCC because AAFAF's interests are aligned with the Oversight Board's with respect to the RSA and Lien Challenge: AAFAF has an interest in (i) preserving the RSA, which was signed by both the Oversight Board and AAFAF, (ii) fully prosecuting the Lien Challenge as far as it affects entities not party to the RSA, (iii) prosecuting the Lien Challenge against all PREPA bondholders if the RSA is not approved, and (iv) working with the Oversight Board to reach tolling agreements to preserve the Lien Challenge in the interim. The UCC, on the other hand, only has an interest in sinking the RSA (which it has already announced it will oppose), whether it is approved by the Court or not. It is better to appoint AAFAF, a government entity with responsibilities under Puerto Rican law, to act as co-trustee with respect to the Lien Challenge than the UCC, which is only required to act in the interests of one subset of PREPA's creditors. Simply put, the UCC should not be given the authority to prosecute the Lien Challenge as sole trustee when a far better alternative is available.

9. As mentioned above, the Court has broad discretion to appoint a trustee under 926(a). That the UCC brought the Motion does not give it the power under PROMESA or any other statute to direct who the Trustee should be. The Court has authority to designate AAFAF as a co-trustee with respect to the Lien Challenge based on the consensual nature of the appointment. See, *e.g., Commodore International, Ltd. v. Gould (In re Commodore International, Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001) (stating consensual derivative standing can be approved where "necessary and

5

beneficial" for the bankruptcy estate); *see also, e.g., In re Dzierzawski*, 518 B.R. 415, 425 (Bankr. E.D. Mich. 2014) (finding that consensual derivative standing principles would justify appointment of creditor due to trustee's consent). AAFAF is the appropriate party to serve in this role with respect to the Lien Challenge. The UCC's self-serving request to appoint itself should be denied.

10. <u>Second</u>, the UCC cannot successfully seek to appoint itself trustee without the Oversight Board's consent. Notably, the Oversight Board has not "refused" to bring the Lien Challenge, meaning that one of the basic requirements of section 926(a) has not been met. 11 U.S.C. § 926(a) ("If the debtor **refuses** to pursue a cause of action . . . the court may appoint a trustee to pursue such cause of action.") (emphasis added).[5] Rather, the Oversight Board will either bring the Lien Challenge or enter into appropriate tolling agreements to preserve such actions, each of which is contemplated under the RSA.

11. Moreover, the fact that the Oversight Board has denied the UCC's request to be appointed co-trustee does not amount to a refusal to bring the Lien Challenge. The Oversight Board has acted entirely reasonably in denying the UCC's request to be appointed co-trustee for the Lien Challenge and so relief under section 926(a) is not warranted. The Oversight Board excluded the Lien Challenge from the PREPA Stipulation to comply with an express provision of the RSA and to avoid unnecessary litigation with bondholders with whom the Government Parties have achieved a settlement.

---

[5] The UCC's argument that the existence of a "challenge to the Oversight Board's authority to commence adversary proceedings post-*Aurelius/UTIER* [gives] rise to the requisite refusal for purposes of section 926(a)" (Motion at ¶ 4) is an unjustified attempt to amend section 926(a) to say something it does not say. Section 926(a) requires an actual "refusal" to bring the action, which has not happened here. Moreover, contrary to the UCC's argument, the Court did not say at the April 24, 2019 hearing that the mere fact of the *Aurelius/UTIER* decision would amount to a refusal if the Oversight Board were to bring the action as sole plaintiff. Instead, at that hearing the Court held the Oversight Board's consent to appoint the UCC as co-trustee (and therefore its effective refusal to bring the avoidance actions alone) created the requisite refusal to support the consensual appointment of the UCC as trustee under section 926(a). See Apr. 24, 2019 Hr'g Tr. at 236:21-237:2 ("Second, these unique circumstances present a situation where the Oversight Board has decided to share its responsibility to prosecute certain claims, and it has, therefore, effectively refused to pursue the causes of action to the extent that it has sought, by means of the motion, to have the Committee share responsibility for prosecution of the causes of action."). Here, no such "effective refusal" has occurred, and so the Motion should be dismissed on that basis alone.

6

12. Specifically, section 3(i) of the RSA requires that "no person or entity (including a person or entity acting on behalf of a Government Party) other than the Government Parties shall have standing or otherwise be permitted to bring a Lien Challenge." RSA § 3(i). Any agreement on the Oversight Board's part to appoint the UCC as co-trustee to pursue the Lien Challenge would risk a breach of the RSA (the moment the Court approves the 9019 motion), jeopardizing an agreement that provides significant benefit to all PREPA stakeholders and a potential path of out Title III for PREPA.[6] The reasonableness of the Oversight Board's actions are further confirmed by the fact the Oversight Board did not object to the UCC being appointed co-trustee with respect to **all** other causes of action pursuant to the PREPA Stipulation. Moreover, as discussed above, to the extent there are any risks relating to the *Aurelius*/*UTIER* decision, the Oversight Board's stipulation appointing AAFAF as co-trustee fixes them. As a result, there is no good reason to appoint the UCC as trustee with respect to the Lien Challenge, and instead the Court should grant more narrowly tailored relief appointing AAFAF co-trustee.

[*Remainder of page intentionally left blank*]

---

[6] Appointing the UCC as sole trustee would be even worse. Notably, under the UCC's proposed order, the UCC would be the **only party** entitled to bring the Lien Challenge before the statute of limitations expired. As a result, the argument that the UCC's appointment would be subject to change upon entry of an order approving the 9019 Motion (Motion at ¶ 23) rings hollow, because neither the Oversight Board nor AAFAF would be plaintiffs in the Lien Challenge when the statute of limitations ran and potentially would be barred from asserting or joining the Lien Challenge after entry of the 9019 order, effectively cementing the UCC's role as sole trustee for the Lien Challenge for good.

In any event, the Oversight Board and AAFAF would be in breach of the RSA upon entry of the 9019 order and PREPA's restructuring and transformation would be jeopardized. There is no good reason to risk such consequences when AAFAF can be appointed as co-trustee to mitigate any *Aurelius*/*UTIER* risk. The UCC has not and cannot argue that AAFAF should not be appointed trustee.

## **CONCLUSION**

For the reasons stated herein, the Motion should be denied to the extent it seeks to appoint the UCC as sole trustee of the Lien Challenge, and, instead, the Court should enter the Proposed Stipulation and Order appointing AAFAF as a co-trustee with respect to the Lien Challenge.

Dated: June 21, 2019
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Gregg M. Mashberg
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative of the Debtor*

8

# Exhibit A

**Proposed Stipulation and Order**