# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-4780-LTS<br><br>**This Court Filing Relates Only to PREPA and Shall Only Be Filed in the Lead Case (Case No. 17-BK-3283-LTS) and PREPA's Title III Case (Case No. 17-BK-4780-LTS)** |

## STIPULATION AND AGREED ORDER BY AND AMONG THE OVERSIGHT BOARD AND THE PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY RELATED TO JOINT PROSECUTION OF LIEN CHALLENGE

This stipulation and consent order (the "Stipulation") is made and entered into by and

among the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

in its capacity as Title III representative of the Puerto Rico Electric Power Authority ("PREPA"

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

or the "Debtor") and the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF" and, together with the Oversight Board, the "Parties"), as the entity authorized to act on behalf of PREPA pursuant to the authority granted to it under the *Enabling Act of the Fiscal Agency and Financial Advisory Authority*, Act 2-2017.  The Parties hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on May 3, 2019, the Oversight Board, PREPA, AAFAF, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and holders of certain of PREPA's uninsured bonds issued and outstanding pursuant to that certain Trust Agreement, dated as of January 1, 1974, as amended and supplemented, between PREPA and U.S. Bank National Association ("Bonds"), entered into a Definitive Restructuring Support Agreement (as amended or supplemented, the "RSA");

WHEREAS, Section 3(i) of the RSA provides that no person or entity (including a person or entity acting on behalf of a Government Party)[2] other than the Government Parties shall have standing or otherwise be permitted to bring a Lien Challenge;[3]

WHEREAS, the Parties have met and conferred to discuss, among other things, PREPA's prosecution of any Lien Challenge before the expiration of any applicable statutes of limitation; and

WHEREAS, the Parties have agreed to a framework to pursue the Lien Challenge;

---

[2] As defined in the RSA.  *See* RSA § 1.a(lv) ("'Government Parties' means collectively AAFAF, FOMB, and PREPA, and each of AAFAF, FOMB, and PREPA is referred to individually as a 'Government Party.'").

[3] As defined in the RSA.  *See* RSA § 1.a(lxvi) ("'Lien Challenge' means any action that a Government Party (including, without limitation, as to FOMB, any future or successor to FOMB and any members thereof) may bring to challenge the liens and claims (including the validity, priority, nature or extent of any liens or security interests) related to the Bonds.").

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND UPON THE COURT'S APPROVAL, IT SHALL BE ORDERED AND BINDING ON ALL PARTIES IN INTEREST, SUBJECT TO THE TERMS HEREOF, AS FOLLOWS:

## STIPULATION

1.     This Stipulation is effective as of the date this Stipulation is entered on the docket as "so ordered" by the Court.  Pending approval of this Stipulation by the Court, each of the Parties shall be bound by this Stipulation and waives any right to object to its approval by the Court.  If this Stipulation is not approved by the Court on or before July 1, 2019, it will be null and void and have no further force or effect whatsoever except as is otherwise agreed in writing by the Parties.

2.     The Oversight Board consents to the appointment, solely to the extent provided in this Stipulation, of AAFAF as co-trustee and co-plaintiff with respect to the Lien Challenge. Upon entry of the Stipulation by the Court, the Court finds that (a) approval of the framework set forth in this Stipulation and the appointment of co-trustees is necessary and appropriate to carry out the provisions of Title III in PREPA's Title III case and (b) the conferral of co-plaintiff status on AAFAF with respect to the Lien Challenge is (i) in the best interests of PREPA and its property and (ii) necessary and beneficial to the efficient resolution of the case.  Accordingly, upon entry of this Stipulation by the Court, the Court appoints the members of the Oversight Board, on the one hand, and AAFAF, on the other hand, as co-trustees and co-plaintiffs with respect to the Lien Challenge.

3.     The co-plaintiffs or co-trustees to the Lien Challenge shall avoid any unnecessary or unreasonable duplication of effort with respect to any incurrence of fees in connection with an adversary proceeding commenced under this Stipulation, as required by PROMESA section 316,

and nothing contained herein limits the Fee Examiner's ability to require that professionals

prepare and submit with their fee applications detailed staffing plans outlining the affirmative

steps taken to eliminate charges for duplicative services.

4.      The Oversight Board and AAFAF, as co-plaintiffs and co-trustees, shall cooperate

in good faith to prosecute the Lien Challenge; *provided*, *however*, the Oversight Board shall have

sole authority (in its absolute discretion) to add causes of action, arguments, or defendants to the

Lien Challenge and otherwise control the Lien Challenge, after consultation with AAFAF.  The

Oversight Board shall have sole authority (in its absolute discretion) to settle the Lien Challenge,

after consultation with AAFAF.

5.      Both the Oversight Board and AAFAF shall have the benefit of any and all

indemnities and immunities available to a trustee under the Bankruptcy Code and PROMESA

with respect to the Lien Challenge.

6.      Nothing in this Stipulation shall be construed to impact the ability of the Parties to

enter into tolling agreements with respect to the Lien Challenge.

7.      This Stipulation is for the sole benefit of the Parties and nothing expressed or

implied in this Stipulation shall give or be construed to give any person or organization other

than the Parties a beneficial interest in any legal or equitable rights under this Stipulation.

8.      The Parties each represent and warrant that the undersigned is fully authorized

and empowered to enter into this Stipulation on behalf of, and to bind, each Party as applicable,

subject to the Court's approval.  This Stipulation shall constitute the entire agreement by and

among the Parties regarding the matters addressed herein.  No extrinsic or parole evidence may

be used to vary any of the terms herein.   All representations, warranties, inducements, and/or

statements of intention made by the Parties are embodied in this Stipulation, and no Party relied

upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

9.      The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.  The Parties have carefully read this Stipulation, and understand all its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

10.      No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waiver is in writing, has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced, and is thereafter approved by the Court.

11.      This Stipulation may be executed in one or more counterparts and by facsimile or electronic copy, all of which shall be considered effective as an original signature.

12.      The Parties acknowledge this Stipulation is the joint work product of all Parties and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

13.      This Stipulation contains the entire agreement by and among the Parties, and all prior understandings or agreements with respect thereto, if any, are merged into this Stipulation.

14.      This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and the laws of the State of New York, without regard to the conflict of laws principles thereof.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys and representatives.

15.     Each Party can terminate the stipulation at any time with 30 days' notice, without Court approval, if termination will not put PREPA's causes of action relating to the Lien Challenge at risk due to any challenges to the Oversight Board's continuing authority or existence, including relating to the Appointments Clause.  After termination, the Oversight Board shall be the sole plaintiff in any Lien Challenge.

16.     The Court shall retain exclusive jurisdiction to enforce this Stipulation and over any and all disputes arising out of or otherwise relating to this Stipulation.

17.     This Stipulation is without prejudice to any argument, defense, or claim of any defendant in the Lien Challenge or any insurer of bonds subject to such Lien Challenge.

[*SIGNATURE PAGES FOLLOW*]

IT IS SO STIPULATED.

DATED: June 21, 2019

Respectfully Submitted

**O'MELVENY & MYERS LLP**

By: /s/ *Nancy A. Mitchell*
    John J. Rapisardi*
    Nancy A. Mitchell*
    7 Times Square
    New York, NY 10036
    Telephone: (212) 326-2000
    Facsimile: (212) 326-2061
    Email:     jrapisardi@omm.com
                  nmitchell@omm.com

    Peter Friedman*
    1625 Eye Street, NW
    Washington, DC 20006
    Telephone: (202) 383-5300
    Facsimile: (202) 383-5414
    Email:     pfriedman@omm.com

    * admitted pro hac vice

*Attorneys for the Puerto Rico Fiscal
Agency and Financial Advisory
Authority*

**MARINI PIETRANTONI MUNIZ, LLC**

By: /s/ *Luis C. Marini-Biaggi*
    Luis C. Marini-Biaggi
    USDC No. 222301
    MCS Plaza, Suite 500
    255 Ponce de León Ave.
    San Juan, PR 00917
    Telephone: (787) 705-2171
    Facsimile: (787) 936-7494
    Email: lmarini@mpmlawpr.com

*Attorneys for the Puerto Rico Fiscal Agency and
Financial Advisory Authority*

By: _/s/ Martin J. Bienenstock_

Martin J. Bienenstock
Brian S. Rosen
Jeffrey W. Levitan
(*Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management
Board for Puerto Rico as representative for the Debtor*


_/s/  Hermann D. Bauer_

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight and
Management Board as representative of the Debtor*

8

SO ORDERED.


Dated: June ___, 2019


_____
Laura Taylor Swain
United States District Judge