# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS |
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>    as representative of<br><br>The Puerto Rico Electric Power Authority,<br><br>    Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

**THE AD HOC GROUP OF PREPA BONDHOLDERS' STATEMENT IN SUPPORT OF THE OBJECTION OF ASSURED GUARANTY CORP. AND ASSURED GUARANTY MUNICIPAL CORP. TO THE URGENT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 926(a), AUTHORIZING COMMITTEE TO PURSUE CERTAIN AVOIDANCE ACTIONS ON BEHALF OF <u>PUERTO RICO ELECTRIC POWER AUTHORITY</u>**

The Ad Hoc Group of PREPA Bondholders (collectively, the "**Ad Hoc Group**")

respectfully submits this statement in support ("**Statement**") of the objection of Assured Guaranty

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Corp. and Assured Guaranty Municipal Corp. ("**Assured**") to the *Urgent Motion of Official Committee of Unsecured Creditors for Order, Pursuant to Bankruptcy Code Section 926(a), Authorizing Committee to Pursue Certain Avoidance Actions on Behalf of Puerto Rico Electric Power Authority* [Case No. 17-4780, Dkt. No. 1354] (the "**Motion**") filed by the Official Committee of Unsecured Creditors (the "**Committee**").  In support of this Statement, the Ad Hoc Group respectfully states as follows:

**STATEMENT**

The Ad Hoc Group supports the solution proposed by the Financial Oversight and Management Board (the "**Oversight Board**") in its opposition to the Motion (the "**Oversight Board Opposition**") [Case No. 17-4780, Dkt. No. 1371] – appointing AAFAF as co-plaintiff for a limited time – and incorporates the arguments Assured made in its objection.  The Ad Hoc Group asserts the following additional reasons why the Motion should be denied.

1.      As the Court is aware, the Ad Hoc Group, PREPA,[2] AAFAF, the Oversight Board, and Assured are party to a Definitive Restructuring Support Agreement (the "**RSA**"), which provides for a settlement of the parties' potential claims.  PREPA's Title III case has been marked by complex and contentious litigation that demonstrated deep disagreements among the parties on the nature, extent, and value of bondholder liens. The RSA settles those claims, thereby avoiding complex and protracted litigation.

2.      The RSA provides that *only* the Government Parties shall have standing or otherwise be permitted to bring a Lien Challenge, *see* RSA § 3(i), and they may only do so in certain limited circumstances. *See* RSA § 3(e).  Even in those limited circumstances, the

---

[2] Capitalized terms not defined herein shall have the meaning given to such term in the Definitive RSA.

Government Parties agreed to seek to have the Lien Challenge stayed.[3]  *See id.* ("If any of the
Government Parties files a [permitted] Lien Challenge . . . the Government Parties shall use
commercially reasonable efforts to *stay any further proceedings in respect of such Lien Challenge
(including extending all relevant deadlines and otherwise forbearing from pursuit of such Lien
Challenge*) if they are able to do so in a manner that does not prejudice their ability to resume or
prosecute the Lien Challenge after expiration or termination of such stay.") (emphasis added).

3.      Granting the Committee standing to pursue a Lien Challenge would disrupt the
hard-fought settlement provided for in the RSA.[4]  Moreover, it is unnecessary, in light of the
Oversight Board's proposal to have AAFAF serve as co-plaintiff for so long as the challenge to
the Oversight Board's authority exists.

4.      Finally, granting the Committee standing would be contrary to this Court's ruling
on the *Urgent Joint Motion for Entry of Order Approving Stipulation and Agreed Order by and
Among Financial Oversight and Management Board, its Special Claims Committee, and Official
Committee of Unsecured Creditors Related to Joint Prosecution of Debtor Causes of Action* [Case
No. 17-3283, Dkt. No. 6305], in which the Court stated the "unique circumstances present a
situation where the Oversight Board has decided to *share its responsibility* to prosecute certain

---

[3]  To the extent that the Government Parties plan to file a Lien Challenge before the July deadline, it would only be
done to preserve the cause of action and not to prosecute the Lien Challenge at such time.  *See* RSA § 3(e) (providing
circumstances where Government Parties are permitted to file a Lien Challenge and their agreement to seek to have
such a Lien Challenge stayed). The Government Parties' ability to file a Lien Challenge in limited circumstances is
expressly contemplated by the RSA, and any decision to do so does not reflect a change in that Government Party's
position to support the RSA and the settlements therein.

[4]  Indeed, in ruling on the Committee's request for an order authorizing it to pursue certain causes of action on behalf
of the Commonwealth, *see Motion of Official Committee of Un-secured Creditors for Order Authorizing Committee
to Pursue Certain Causes of Action on Behalf of Commonwealth and Granting Related Relief* [Case No. 17-3283,
Dkt. No. 6325], the Court observed that appointment of a trustee could disrupt complex negotiations.  *See* Transcript
of Hearing Held on April 24, 2019 ("**Hr'g Tr.**") 162:7–13, relevant portions attached as Exh. A (stating that "Collier
warns that Courts should not permit a motion for a trustee to be used by creditors as a bargaining lever in negotiations
over the plan, and *the process should not be taken out of the debtor's hands by the appointment of a trustee to upset
the delicate balance among competing interests* that must be preserved for successful plan negotiation, formulation
and solicitation.") (emphasis added).

claims, and it has, therefore, effectively refused to pursue the causes of action to the extent that it

has sought . . . to have the Committee share responsibility for prosecution of the causes of action."

Hr'g Tr. 236:21–237:2 (emphasis added).  Here, the Oversight Board has "decided to share its

responsibility" to prosecute the Lien Challenge with AAFAF, and granting the Committee's

Motion would vitiate the Oversight Board's exercise of authority.

## CONCLUSION

For the reasons set forth above, the Ad Hoc Group respectfully requests that the Court

dismiss the Motion and deny the relief sought therein.

*[Remainder of Page Intentionally Left Blank]*

- 5 -

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of

the Court using the CM/ECF system, which will notify the attorneys of record.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, today June 21, 2019.

| | |
|---|---|
| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| */s/ Manuel Fernández-Bared* | */s/ Amy Caton* |
| MANUEL FERNÁNDEZ-BARED | THOMAS MOERS MAYER* |
| USDC-PR No. 204,204 | AMY CATON* |
| Email: mfb@tcm.law | ALICE J. BYOWITZ* |
| | 1177 Avenue of the Americas |
| */s/ Linette Figueroa-Torres* | New York, New York 10036 |
| LINETTE FIGUEROA-TORRES | Tel.: (212) 715-9100 |
| USDC-PR No. 227,104 | Fax: (212) 715-8000 |
| Email: lft@tcm.law | Email: tmayer@kramerlevin.com |
| | acaton@kramerlevin.com |
| */s/ Jane Patricia Van Kirk* | abyowitz@kramerlevin.com |
| JANE PATRICIA VAN KIRK | * (admitted *pro hac vice*) |
| USDC–PR No. 220,510 | |
| Email: jvankirk@tcm.law | |
| P.O. Box 195383 | |
| San Juan, PR 00919-5383 | |
| Tel.: (787) 751-8999 | |
| Fax: (787) 763-7760 | |

*Counsel to the Ad Hoc Group of PREPA Bondholders*