# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In Re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>*as representative of*<br><br>The Commonwealth of Puerto Rico, *et al.*,<br><br>Debtors. | ) | Docket No. 3:17-BK-3283(LTS)<br><br>PROMESA Title III<br><br>(Jointly Administered)<br><br>April 24, 2019 |

---

| | | |
|---|---|---|
| In Re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>*as representative of*<br><br>Employees Retirement System of the Government of the Commonwealth of Puerto Rico,<br><br>Debtor. | ) | Docket No. 3:17-BK-3566(LTS)<br><br>PROMESA Title III<br><br>(Jointly Administered) |

---

---

In Re: | Docket No. 3:17-BK-4780(LTS)

PROMESA Title III

The Financial Oversight and Management Board for Puerto Rico,

(Jointly Administered)

*as representative of*

Puerto Rico Electric Power Authority,

Debtor.

---

Employees Retirement System of the Government of the Commonwealth of Puerto Rico,

Docket No. 3:17-AP-213(LTS)

Re: *3:17-BK-3566(LTS)*

Plaintiff,

v.

Altair Global Credit Opportunities Fund (A), LLC, et al.,

Defendants.

---

OMNIBUS HEARING

BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN

UNITED STATES DISTRICT COURT JUDGE

---

least one Court has held that courts should be loathe to appoint a trustee given that the Court's limited powers in a Chapter Nine case are best understood as operating within the context of constitutional and federalism concerns. *In Re New York City Off-track Betting Corporation*, number 09-17121-MG, 2011, Westlaw 309594, at 1* (Bankr. S.D.N.Y. Jan. 25, 2011).

Moreover, Collier warns that Courts should not permit a motion for a trustee to be used by creditors as a bargaining lever in negotiations over the plan, and the process should not be taken out of the debtor's hands by the appointment of a trustee to upset the delicate balance among competing interests that must be preserved for successful plan negotiation, formulation and solicitation. 7 Collier on Bankruptcy ¶ 926.02.

Here, even the sealed element of the Committee's motion does not proffer specific allegations against the relevant parties and is insufficient to frame colorable claims against the parties that Committee proposes to sue. Moreover, the Committee has also failed to establish that the Oversight Board's decision not to pursue the causes of action is unjustifiable. The Committee has not demonstrated that the potential ability to recover proceeds outweighs the costs and risks to the debtor in the context of these complex Title III restructuring proceedings.

Importantly, unlike commercial bankruptcies, the

stay period provided in that decision will expire on May 16 of 2019.

Accordingly, the Committee and the Oversight Board are faced with a situation where even if the Oversight Board were to commence these actions prior to May 2nd, its authority to continue to prosecute the actions may expire or be interrupted soon thereafter, presenting a risk of detriment to the rights asserted in pending litigation by reason of the Oversight Board's inability to act on behalf of the Commonwealth.

Although Section 926(a)'s terms contemplate a request by a creditor based upon a debtor's refusal to pursue a cause of action, the Court is satisfied that the current circumstances justify granting the Committee the power contemplated by the revised Stipulation. First, although the Committee is not itself a creditor, it is composed of creditors and represents the interests of creditors, and indeed, Commonwealth creditors who are members of the Committee have proffered through counsel that they would make a formal Section 926 request if necessary.

Second, these unique circumstances present a situation where the Oversight Board has decided to share its responsibility to prosecute certain claims, and it has, therefore, effectively refused to pursue the causes of action to the extent that it has sought, by means of the motion, to

have the Committee share responsibility for prosecution of the causes of action. That refusal is a necessary and beneficial refusal in light of the Statutes of Limitations and the potential practical consequences of the end of the 90-day stay of the *Aurelius* decision provided by the First Circuit.

Third, Section 926 contemplates a form of relief, appointment of a trustee for the benefit of creditors and other parties in interest, but does not necessarily provide the only route to reach that form of relief when there is consent. The Court has concluded that the exceptional circumstances that have been presented warrant the appointment of parties who can act as trustees, along with the representatives of the Oversight Board, with respect to matters that are within the scope of Section 926.

The Court further concludes that the Oversight Board can consent to a delegation of the powers it exercises on behalf of the Commonwealth, thus conferring consensual derivative standing under principles similar to those contemplated by the *In Re STN Enterprises* line of cases.

The Oversight Board's determination, reflected in the revised stipulation that co-plaintiff and co-trustee status is necessary and beneficial to the Commonwealth under the current circumstances, is sufficient to surmount the barrier of PROMESA Section 305 and confer such status with the Court's approval as to causes of action in addition to those