# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

## JOINT STATUS REPORT

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

At the June 12, 2019 Omnibus Hearing in the above-captioned matter (the "June 12 Omnibus"), the Court directed the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), the Official Committee of Unsecured Creditors (the "Committee"), and the Ad Hoc Group of General Obligation Bondholders (the "GO Group,"[2] and together with the Oversight Board and the Committee, the "Reporting Parties") to meet and confer regarding their respective positions with respect to the ripeness of certain claims advanced in the adversary proceedings filed by the Oversight Board and the Committee seeking avoidance of certain payments of principal and interest on certain bonds (Adv. Proc. Nos. 19-281 to 19-288, the "Clawback Actions"). In compliance with the Court's direction, the Reporting Parties respectfully submit this Joint Status Report.[3]

I. **BACKGROUND**

1. On January 14, 2019, the Oversight Board and the Committee filed the *Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 4784, the "2012-2014 GO Objection"). In the 2012-2014 GO Objection, the Oversight Board and the Committee challenge the validity of general obligation bonds ("GO Bonds") issued by the Commonwealth of Puerto Rico in 2012 and 2014 and seek to disallow all claims asserted by bondholders in connection with such bonds.

---

[2] Members of the GO Group file this Joint Status Report exclusively on their own behalves and do not assume any fiduciary or other duties to any other creditor or person.

[3] This Joint Status Report is intended to respond to the Court's direction at the June 12 Omnibus and to summarize the Reporting Parties' respective positions with respect to the issues addressed herein. For the avoidance of doubt, any Reporting Party's agreement that another Reporting Party has taken a particular position should not be understood as an endorsement of such position or any of the legal or factual arguments underlying it.

2. On April 2, 2019, the GO Group filed the *Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 6099, the "GO Group Conditional Objection"). In the GO Group Conditional Objection, the GO Group conditionally objected to all claims asserted against the Commonwealth based on or relating to bonds issued by the Puerto Rico Public Buildings Authority (the "PBA," and such bonds, "PBA Bonds") or leases entered into by the PBA, as well as claims based on or relating to GO Bonds issued beginning in fiscal year 2010.

3. Concurrently with the GO Group Conditional Objection, the GO Group filed a motion seeking authorization to proceed with the GO Group Conditional Objection on an omnibus basis and to establish related litigation procedures (Dkt. No. 6104, the "GO Group Procedures Motion").

4. On May 10, 2019, the Court issued its *Memorandum Opinion and Order Denying Motion of the Ad Hoc Group of General Obligation Bondholders for Entry of an Order Establishing Conditional Omnibus Claims Objection Procedures* (Dkt. No. 6891, the "GO Group Procedures Order"). In the GO Group Procedures Order, the Court denied the GO Group Procedures Motion without prejudice.

5. On May 13, 2019, the Court entered its *Order Concerning Omnibus Conditional Objection of the Ad Hoc Group of General Obligation Bondholders to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* (Dkt. No. 6935, the "Show Cause Order"). The Show Cause Order directed the GO Group to address whether, in light of the Court's issuance

2

of the GO Group Procedures Order, the Court should terminate without prejudice the GO Group Conditional Objection.

6. In its response to the Show Cause Order, the GO Group requested that the Oversight Board and the Committee be directed to address whether they have challenged the validity of the GO Bonds and PBA Bonds at issue in the Clawback Actions and to clarify their positions with respect to the ripeness of those actions.

7. At the Court's direction, the Oversight Board included a response to the GO Group's request for clarification in its status report at the June 12 Omnibus. Following a colloquy with counsel for the GO Group, the Court directed the Reporting Parties to meet and confer with one another, with a view to submitting one or more statements of position by June 21, 2019.

8. Since the June 12 Omnibus, counsel for the Reporting Parties have met and conferred. The Reporting Parties have jointly formulated the statement of positions set forth below.

## II. STATEMENT OF POSITIONS

9. The Reporting Parties agree that the Oversight Board and the Committee have objected to the validity of each series of GO Bonds and PBA Bonds encompassed in the category of "Challenged Bonds" as defined in the complaints filed in the Clawback Actions. In particular:

    a. In the 2012-2014 GO Objection, the Oversight Board and the Committee have objected to the validity of the 2012 A GO Bonds, the 2012 B GO Bonds, and the 2014 GO Bonds (as those terms are defined in the complaints filed in the Clawback Actions).

    b. In its *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or*

3

*Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* (Dkt. No. 7057, the "2011 GO Objection"), the Committee has objected to the validity of the 2011 C GO Bonds, the 2011 Public Improvement Bonds, the 2011 D GO Bonds, and the 2011 E GO Bonds (as those terms are defined in the complaints filed in the Clawback Actions).

c. The complaints filed by the Oversight Board and the Committee in the Clawback Actions include an objection to the validity of all bonds encompassed in the category of Challenged Bonds—namely, the 2011 C GO Bonds, the 2011 Public Improvement GO Bonds, the 2011 D GO Bonds, the 2011 E GO Bonds, the 2012 A GO Bonds, the 2012 B GO Bonds, the 2014 GO Bonds, the Series R PBA Bonds, the Series S PBA Bonds, Series T PBA Bonds, and the Series U PBA Bonds (as those terms are defined in the complaints filed in the Clawback Actions).

10. As contemplated in its plan support agreement with certain holders of GO Bonds and PBA Bonds announced on June 16, 2019, the Oversight Board intends to file a motion to stay all litigation relating to the validity of GO Bonds and PBA Bonds, including the 2012-2014 GO Objection, the 2011 GO Objection, and the Clawback Actions, as well as the litigation styled *The Financial Oversight and Management Board for Puerto Rico v. Puerto Rico Building Authority*, Adv. Proc. No. 18-AP-149 (LTS), currently pending in this Court (the "PBA Litigation").

11. The GO Group disagrees with the Oversight Board's position that litigation relating to the validity of GO Bond and PBA Bonds should be stayed.

12. Although the Committee would not oppose a stay of discovery in some of the matters for which the Oversight Board will seek a global stay, the Committee would otherwise oppose the imposition of a global stay because it believes that some threshold legal issues are ripe

4

for determination by the Court, as will be more fully addressed in the Committee's opposition to the Oversight Board's motion.

13. The Reporting Parties agree that issues of sequencing and timing of litigation relating to the validity of GO Bond and PBA Bonds should be addressed by the Court in the context of the Oversight Board's contemplated stay motion. Accordingly, the Reporting Parties agree that no action by the Court in connection with the GO Group Conditional Objection is necessary at this time.

Dated: June 21, 2019

/s/ Edward S. Weisfelner
BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee*

and

/s/ Alberto Estrella
ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

Respectfully submitted,

By: /s/ Luc A. Despins
PAUL HASTINGS LLP
Luc. A. Despins, Esq. (*Pro Hac Vice*)
James R. Bliss, Esq. (*Pro Hac Vice*)
James B. Worthington, Esq. (*Pro Hac Vice*)
G. Alexander Bongartz, Esq. (*Pro Hac Vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: /s/ Juan J. Casillas Ayala
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq.
   (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq.
   (USDC - PR 302710)
Israel Fernández Rodríguez, Esq.
   (USDC - PR 225004)
Juan C. Nieves González, Esq.
   (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq.
   (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075

5

| | |
|---|---|
| *Local Counsel to the Financial Oversight and Management Board, acting by and through the members of the Special Claims Committee* | Tel.: (787) 523-3434 Fax: (787) 523-3433<br>jcasillas@cstlawpr.com<br>aaneses@cstlawpr.com<br>ifernandez@cstlawpr.com<br>jnieves@cstlawpr.com<br>cfernandez@cstlawpr.com<br><br>*Local Counsel to the Official Committee of Unsecured Creditors* |

/s/ Mark T. Stancil
Mark T. Stancil (admitted *pro hac vice*)
Gary A. Orseck (admitted *pro hac vice*)
Kathryn S. Zecca (admitted *pro hac vice*)
Donald Burke (admitted *pro hac vice*)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, N.W., 4th Floor
Washington, DC 20006
Telephone: (202) 775-4500
Email: mstancil@robbinsrussell.com

/s/ Ramón Rivera Morales
J. Ramón Rivera Morales
USDC-PR Bar No. 200701
Andrés F. Picó Ramírez
USDC-PR Bar No. 302114
JIMÉNEZ, GRAFFAM & LAUSELL
P.O. Box 366104
San Juan, PR 00936
Telephone: (787) 767-1030
Facsimile: (787) 751-4068
Email: rrivera@jgl.com

*Counsel to the Ad Hoc Group of General Obligation Bondholders*

6