# EXHIBIT A

```
 1                    UNITED STATES BANKRUPTCY COURT

 2                       DISTRICT OF PUERTO RICO

 3
     In Re:                          )     Docket No. 3:17-BK-3283(LTS)
 4                                   )
                                     )     PROMESA Title III
 5   The Financial Oversight and     )
     Management Board for            )
 6   Puerto Rico,                    )     (Jointly Administered)
                                     )
 7   as representative of            )
                                     )
 8   The Commonwealth of             )
     Puerto Rico, et al.,            )     April 24, 2019
 9                                   )
                  Debtors.           )
10
     _____
11
     In Re:                          )     Docket No. 3:17-BK-3566(LTS)
12                                   )
                                     )     PROMESA Title III
13   The Financial Oversight and     )
     Management Board for            )
14   Puerto Rico,                    )     (Jointly Administered)
                                     )
15   as representative of            )
                                     )
16   Employees Retirement System     )
     of the Government of the        )
17   Commonwealth of                 )
     Puerto Rico,                    )
18                                   )
                  Debtor.            )
19
     _____
20

21

22

23

24

25
```

2

```
 1  _____
 2  In Re:                        )   Docket No. 3:17-BK-4780(LTS)
                                  )
 3                                )   PROMESA Title III
    The Financial Oversight and   )
 4  Management Board for          )
    Puerto Rico,                  )   (Jointly Administered)
 5                                )
    as representative of          )
 6                                )
    Puerto Rico Electric          )
 7  Power Authority,              )
                                  )
 8              Debtor.           )
    _____
 9
10  Employees Retirement          )   Docket No. 3:17-AP-213(LTS)
    System of the Government of   )
11  the Commonwealth of           )
    Puerto Rico,                  )
12                                )   Re: 3:17-BK-3566(LTS)
                Plaintiff,        )
13  v.                            )
                                  )
14  Altair Global Credit          )
    Opportunities Fund (A),       )
15  LLC, et al.,                  )
                                  )
16              Defendants.       )
    _____
17
18                     OMNIBUS HEARING
19     BEFORE THE HONORABLE U.S. DISTRICT JUDGE LAURA TAYLOR SWAIN
20               UNITED STATES DISTRICT COURT JUDGE
21  _____
22
23
24
25
```

1  least one Court has held that courts should be loathe to
2  appoint a trustee given that the Court's limited powers in a
3  Chapter Nine case are best understood as operating within the
4  context of constitutional and federalism concerns.  *In Re New*
5  *York City Off-track Betting Corporation*, number 09-17121-MG,
6  2011, Westlaw 309594, at 1* (Bankr. S.D.N.Y. Jan. 25, 2011).
7          Moreover, Collier warns that Courts should not permit
8  a motion for a trustee to be used by creditors as a bargaining
9  lever in negotiations over the plan, and the process should
10 not be taken out of the debtor's hands by the appointment of a
11 trustee to upset the delicate balance among competing
12 interests that must be preserved for successful plan
13 negotiation, formulation and solicitation.  7 Collier on
14 Bankruptcy ¶ 926.02.
15         Here, even the sealed element of the Committee's
16 motion does not proffer specific allegations against the
17 relevant parties and is insufficient to frame colorable claims
18 against the parties that Committee proposes to sue.  Moreover,
19 the Committee has also failed to establish that the Oversight
20 Board's decision not to pursue the causes of action is
21 unjustifiable.  The Committee has not demonstrated that the
22 potential ability to recover proceeds outweighs the costs and
23 risks to the debtor in the context of these complex Title III
24 restructuring proceedings.
25         Importantly, unlike commercial bankruptcies, the

1  stay period provided in that decision will expire on May 16 of
2  2019.
3       Accordingly, the Committee and the Oversight Board
4  are faced with a situation where even if the Oversight Board
5  were to commence these actions prior to May 2nd, its authority
6  to continue to prosecute the actions may expire or be
7  interrupted soon thereafter, presenting a risk of detriment to
8  the rights asserted in pending litigation by reason of the
9  Oversight Board's inability to act on behalf of the
10 Commonwealth.
11      Although Section 926(a)'s terms contemplate a request
12 by a creditor based upon a debtor's refusal to pursue a cause
13 of action, the Court is satisfied that the current
14 circumstances justify granting the Committee the power
15 contemplated by the revised Stipulation.  First, although the
16 Committee is not itself a creditor, it is composed of
17 creditors and represents the interests of creditors, and
18 indeed, Commonwealth creditors who are members of the
19 Committee have proffered through counsel that they would make
20 a formal Section 926 request if necessary.
21      Second, these unique circumstances present a
22 situation where the Oversight Board has decided to share its
23 responsibility to prosecute certain claims, and it has,
24 therefore, effectively refused to pursue the causes of action
25 to the extent that it has sought, by means of the motion, to

1 have the Committee share responsibility for prosecution of the
2 causes of action. That refusal is a necessary and beneficial
3 refusal in light of the Statutes of Limitations and the
4 potential practical consequences of the end of the 90-day stay
5 of the *Aurelius* decision provided by the First Circuit.
6 Third, Section 926 contemplates a form of relief,
7 appointment of a trustee for the benefit of creditors and
8 other parties in interest, but does not necessarily provide
9 the only route to reach that form of relief when there is
10 consent. The Court has concluded that the exceptional
11 circumstances that have been presented warrant the appointment
12 of parties who can act as trustees, along with the
13 representatives of the Oversight Board, with respect to
14 matters that are within the scope of Section 926.
15 The Court further concludes that the Oversight Board
16 can consent to a delegation of the powers it exercises on
17 behalf of the Commonwealth, thus conferring consensual
18 derivative standing under principles similar to those
19 contemplated by the *In Re STN Enterprises* line of cases.
20 The Oversight Board's determination, reflected in the
21 revised stipulation that co-plaintiff and co-trustee status is
22 necessary and beneficial to the Commonwealth under the current
23 circumstances, is sufficient to surmount the barrier of
24 PROMESA Section 305 and confer such status with the Court's
25 approval as to causes of action in addition to those