# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------ x
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3283 (LTS)
                                                                   :
THE COMMONWEALTH OF PUERTO RICO et al.,                            :  (Jointly Administered)
                                                                   :
         Debtors.¹                                                 :
------------------------------------------------------------------ x
                                                                   :
In re:                                                             :
                                                                   :
THE FINANCIAL OVERSIGHT AND                                        :  PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                  :  Title III
                                                                   :
         as representative of                                      :  Case No. 17-BK-3566 (LTS)
                                                                   :
THE EMPLOYEES RETIREMENT SYSTEM OF THE                             :
GOVERNMENT OF THE COMMONWEALTH OF                                  :
PUERTO RICO,                                                       :
                                                                   :
         Debtor.                                                   :
------------------------------------------------------------------ x
```

---

[1] The Debtors in these title III cases, along with each Debtor's respective title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566(LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747).

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SUPPLEMENTAL OPPOSITION AND LIMITED JOINDER IN SUPPLEMENTAL OPPOSITION OF FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO MOTION OF CERTAIN SECURED CREDITORS OF EMPLOYEES RETIREMENT SYSTEM OF GOVERNMENT OF COMMONWEALTH OF PUERTO RICO FOR <u>RELIEF FROM AUTOMATIC STAY</u>**

The Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA but including ERS) (the "<u>Committee</u>") hereby submits this (i) Supplemental Opposition to the *Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief from the Automatic Stay*, dated July 3, 2018 [Case No. 17-3566, Docket No. 289] (the "<u>Motion,</u>" and the movants thereunder, the "<u>Movants</u>"), and (ii) Limited Joinder in the Supplemental Opposition of the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>") [Case No. 17-3566, Docket No. 579], pursuant to this Court's Order of May 13, 2019.[2]

**<u>PRELIMINARY STATEMENT</u>**

The Committee has filed objections (the "<u>Objections</u>")[3] to the claims of the holders of ERS bonds (the "<u>ERS Bonds</u>," and the holders thereof, the "<u>ERS Bondholders</u>") on the basis that the ERS Bonds are null and void because they were issued *ultra vires*. For this same reason, the Court should deny Movants' request for relief from the automatic stay due to the alleged lack of

---

[2] *See Order Granting Urgent Joint Motion Regarding the Scheduling of Discovery and Briefing in Connection with the Motion of Certain Secured Creditors of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico for Relief From the Automatic Stay.* [Case No. 17-03283-LTS, Docket No. 6915].

[3] *See Omnibus Objection of Official Committee of Unsecured Creditors to Claims Asserted by Holders of Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3566; Docket No. 381] and *Objection of Official Committee of Unsecured Creditors to Claims Asserted by Oaktree Funds That Hold Bonds Issued by Employees Retirement System of Government of Puerto Rico* [Case No. 17-3566; Docket No. 384]. The Official Committee of Retired Employees of the Commonwealth of Puerto Rico also filed an objection to claims arising from the ERS Bonds. *See Omnibus Objection of Official Committee of Retired Employees of the Commonwealth of Puerto Rico, Pursuant to Bankruptcy Code section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of ERS Bonds against ERS and the Commonwealth.* [Case No. 17-3283; Docket No. 6482].

2

adequate protection of their security interests, as such security interests do not exist if the ERS Bonds are null and void. Moreover, even if the Court were inclined to find that the ERS Bondholders lack adequate protection, the Court should not lift the stay or order that payments be made directly to the ERS Bondholders; rather, the Court should require that any and all adequate protection payments be deposited into an escrow account to ensure that ERS can recover such payments in the event the Objections are sustained.

The Committee also joins in certain of the arguments set forth in the supplemental brief of the Oversight Board in opposition to the Motion. [Case No. 17- 3566; Docket No. 579]. Specifically, although the Committee takes no position at this time with respect to the issues relating to the validity (or invalidity) of the so-called "pay go" legislation and system, the Committee otherwise joins the Oversight Board in arguing that the ERS Bondholders do not lack adequate protection and are not entitled to relief from the stay.[4]

## ARGUMENT

### A. ERS Bondholders Are Not Entitled to Relief From Stay or to Adequate Protection.

Movants contend that the ERS Bondholders are entitled to relief from the stay because their claims against ERS are secured by collateral that is decreasing in value.[5] But even assuming the value of their alleged collateral is in jeopardy (it is not), the ERS Bondholders are not entitled to relief from the stay or to adequate protection under sections 361 and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), because they have no valid claims against ERS in the first place.

---

[4] In addition, as indicated by the complaints the Committee and the Oversight Board filed in Adv. Proc. Nos. 19-366 and 19-367, the Committee, unlike the Oversight Board, does not believe the ERS Bondholders have a security interest in the Accounts Receivable (as that term is defined in the Debtors' supplemental brief).

[5] See Motion at 10.

3

As stated by the First Circuit, when ruling on a motion under Bankruptcy Code section 362(d), the court "may take into account any matter . . . that clearly refutes a creditor's claim to the property. For example, if a trustee raises a defense to a creditor's claim at the relief from stay hearing, the court need not ignore this defense, but may consider it when deciding whether to lift the stay." *Grella v. Salem Five Cent Sav. Bank*.[6] Further, the court "should consider whether the objector [to a stay relief motion] has raised a colorable defense that, not merely offsets the movant's claim, but actually would defeat the movant's claim." *G & B Aircraft Mgmt. v. Smoot* (*In re Utah Aircraft All.*).[7]

In this regard, as set forth in the Objections, which are incorporated herein by reference, the Puerto Rico Legislative Assembly has stated that the issuance of the ERS Bonds was "***illegally made***".[8] The Legislative Assembly was correct. ERS had no authority to issue the ERS Bonds, and therefore they are null and void. For this reason and the others set forth in the Objections, there is, at a minimum, substantial doubt as to the validity of the ERS Bonds. The ERS Bondholders are therefore not entitled to relief from the stay or to adequate protection.

### B. Even Assuming ERS Bondholders Are Entitled to Adequate Protection, Stay Should Not Be Lifted and Payments Should Not be Made to ERS Bondholders.

Even if the Court were to find that the ERS Bondholders lack adequate protection of their alleged security interests (it should not), there is no requirement under section 361 of the

---

[6] 42 F. 3d 26,34 (1st Cir. 1994) court may consider counterclaims and defenses in context of motion for relief from stay, but ruling is not *res judicata* as to such counterclaims and defenses); *accord* 3 Collier on Bankruptcy P 362.08 (Matthew Bender 16th Ed.) ("[T]he adoption of motion practice in Bankruptcy Rule 4001(a)(1) emphasizes the informal and defensive nature of a request for relief form the stay. Of course, this does not mean that the existence of affirmative defenses and possible counterclaims cannot be raised and considered by the court in deciding whether to vacate the stay, but simply that a *res judicata* determination of the issues at that time would be inappropriate.").

[7] 342 B.R. 327, 332 (B.A.P. 10th Cir. 2006) (bankruptcy court properly exercised its discretion to consider defense raised by trustee regarding the unperfected nature of creditor's lien).

[8] Objection at ¶ 13 [Case No. 17-3566; Docket No. 381] (quoting Act 116-2011 at Statement of Motives (emphasis added)).

4

Bankruptcy Code that the stay be lifted or that the ERS Bondholders be awarded adequate protection in the form of current cash payments. Indeed, "'[a]dequate protection' is a flexible concept to be tailored to the facts and circumstances of each case."[9]

In this case, ERS and its general unsecured creditors would be severely prejudiced if the Court were to lift the stay to allow the ERS Bondholders to pursue costly and distracting litigation against ERS. Severe prejudice would also result if the Court were to order ERS to make cash payments directly to the ERS Bondholders. This is so because there are hundreds of ERS Bondholders, and ERS would have no realistic possibility of recovering the payments made to all of them if the Objections are eventually sustained. Accordingly, if the Court is inclined to order some form of adequate protection payments, it should require that any such payments be deposited into an escrow account for the benefit of the ERS Bondholders, as other courts have done,[10] until there is a final resolution of the Objections.

The only case cited by Movants in support of the proposition that adequate protection payments should be made while a creditor's lien is subject to a challenge, *In re Buehne Farms, Inc.*,[11] is inapposite. In that case, the Court found the debtor's testimony not credible and

---

[9] *In re Smithfield Estates, Inc.*, 48 B.R. 910, 914 (Bankr. D. R.I. 1985); *see also In re Colrud*, 45 B.R. 169, 175 (Bankr. D. Alaska 1984) (§ 361(3) intended to provide flexibility to determine what constitutes adequate protection in light of the facts of a particular case).

[10] *See In re Conroe Forge & Mfg. Corp.*, 82 B.R. 781, 786 (Bankr. W.D. Pa. 1988) (escrow of proceeds of sale of collateral pending plan confirmation adequately protected secured creditor's interest, despite secured creditor's assertion that it would receive a much greater return if it was immediately paid the proceeds and could use them in the ordinary course of business); *In re Isaacson Steel, Inc.*, 2013 Bankr. LEXIS 3900, at *10-11 (Bankr. D.N.H. Sept. 19, 2013) (creation of a reserve fund after the sale of the debtor's assets "served as adequate protection of [creditor's] interests until such time as the Court determined which party was entitled to the reserves"); *Matter of Ed Woods Livestock, Inc.*, 172 B.R. 294, 296 (Bankr. D. Ne. 1994) (creditor secured by lien on portion of debtor's present and future crops adequately protected if secured creditor was paid the proceeds from sale of crops, or if such proceeds were escrowed for its benefit).

[11] No. 04-32052, 2005 WL 2456867 (Bankr. S.D. Ill. Apr. 26, 2005).

determined that it had purposefully dissipated the secured creditor's collateral.[12] In addition, *Buehne Farms* involved only *one* secured creditor, and therefore the debtor would have needed to recover the payments from only one party in the event the court later upheld the challenge to the creditor's lien.[13] The present circumstances are far different given that hundreds of ERS Bondholders would receive adequate protection payments, and thus ERS would have to pursue hundreds of parties in the event the ERS Bonds are held to be invalid.

### C. The Committee Partially Joins in the Oversight Board's Supplemental Opposition to the Motion.

In addition to the foregoing, the Committee also joins in certain of the arguments set forth in the supplemental opposition of the Oversight Board to the Motion. [Case No. 17-3566; Docket No. 579]. Specifically, although the Committee takes no position at this time with respect to the issues relating to the validity (or invalidity) of the so-called "pay go" legislation and system, the Committee otherwise joins the Oversight Board in arguing that the ERS Bondholders do not lack adequate protection and are not entitled to relief from the stay.[14]

*[remainder of page intentionally left blank]*

---

[12] *Id.* at *1.

[13] *Id.* at *2.

[14] As noted above, the Committee, unlike the Oversight Board, further asserts that the ERS Bondholders lack a security interest in the Accounts Receivable.

WHEREFORE, the Committee respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: June 21, 2019 /s/ Luc A. Despins

PAUL HASTINGS LLP
Luc A. Despins, Esq. *(Pro Hac Vice)*
Nicholas A. Bassett, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212)318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*

- and -

s/ Juan J. Casillas Ayala

CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, Puerto Rico 00919-5075
Telephone: (787) 523-3434
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
crernandez@cstlawpr.com

*Local Counsel to Official Committee of Unsecured Creditors for all Title III Debtors (other than COFINA)*