# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
------------------------------------------------------------------------ x
                                                      :
In re:                                                :
                                                      :
THE FINANCIAL OVERSIGHT AND                           :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                     :   Title III
                                                      :
     as representative of                             :   Case No. 17-BK-3283 (LTS)
                                                      :
THE COMMONWEALTH OF PUERTO RICO et al.,               :   (Jointly Administered)
                                                      :
     Debtors.¹                                        :
------------------------------------------------------------------------ x
```

**OMNIBUS REPLY OF (I) FINANCIAL OVERSIGHT AND MANAGEMENT BOARD, ACTING THROUGH ITS SPECIAL CLAIMS COMMITTEE, AND (II) OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502 AND BANKRUPTCY RULE 3007 TO (A) EXTEND DEADLINES AND (B) ESTABLISH REVISED OBJECTION PROCEDURES WITH RESPECT TO OMNIBUS OBJECTIONS TO CLAIMS OF HOLDERS OF CERTAIN COMMONWEALTH GENERAL OBLIGATION BONDS ISSUED IN 2011, 2012 AND 2014, AND FOR RELATED RELIEF**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474), and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747).

**TABLE OF CONTENTS**

Page

REPLY ............................................................................................................................. 2

    I.    Hearing on Revised Procedures Motion Should Be Adjourned to July 24 Omnibus Hearing ................................................................................................. 2

    II.    Mr. Hein's Objection Should Be Overruled .......................................................... 3

        A.    Certain of Mr. Hein's Suggestions Are Acceptable to Objectors .............. 3

        B.    Mr. Hein Lacks Standing to Object on Behalf of Other Parties ................ 3

        C.    Mr. Hein's Other Procedural Proposals Are Unacceptable ....................... 4

    III.    DRA Parties' Limited Objection Has Been Resolved ......................................... 11

    IV.    PSA Parties' Joint Objection Should Be Addressed at July 24 Omnibus Hearing ............................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Statutes**

Bankr. Code
   § 105(a) ........................................................................................................................... 1
   § 502 ................................................................................................................................ 1

**Other Authorities**

Bankr. Rule
   R. 3007 ............................................................................................................................ 1

Local Bankr. Rules
   R. 9037-1 ......................................................................................................................... 5
   R. 9037-1(c) .................................................................................................................... 5

To the Honorable United States Magistrate Judge Judith Gail Dein:

The Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "Commonwealth"), acting through its Special Claims Committee (the "Oversight Board"), and the Official Committee of Unsecured Creditors of all Title III Debtors (other than COFINA) (the "Committee" and, together with the Oversight Board, the "Objectors"), hereby submit this omnibus reply (the "Reply")[2] to (a) the joint objection of the QTCB Noteholder Group and Lawful Constitutional Debt Coalition (the "PSA Parties") [Docket No. 7464], (b) the response of Peter C. Hein [Docket No. 7540], and (c) the limited objection and reservation of rights of AmeriNational Community Services, LLC and Cantor-Katz Collateral Monitor LLC (the "DRA Parties") [Docket No. 7492][3] filed in response to the *Amended Motion of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (A) Extend Deadlines and (B) Establish Revised Objection Procedures with Respect to Omnibus Objections to Claims of Holders of Certain Commonwealth General Obligation Bonds Issued in 2011, 2012 and 2014, and for Related Relief* [Docket No. 7154] (the "Revised Procedures Motion"). In support of this Reply, the Objectors respectfully state as follows:

---

[2] All capitalized terms used but not defined herein have the meanings set forth in the Revised Procedures Motion and exhibits thereto.

[3] In addition to these Responses, the Ad Hoc Group of General Obligation Bondholders (the "GO Group") filed a response [Docket No. 7459] in which it agreed that the relief requested in the Revised Procedures Motion was warranted. Further, Assured Guaranty Corp. and Assured Guaranty Municipal Corp. filed a reservation of rights [Docket No. 7458] that did not interpose any objection to the Revised Procedures Motion or make any other substantive comment thereto.

1

**REPLY**

I. **Hearing on Revised Procedures Motion Should Be Adjourned to July 24 Omnibus Hearing**

1. On June 16, 2019, the Oversight Board announced that it had entered into a plan support agreement (the "PSA")[4] that contemplates the restructuring of certain Commonwealth general obligation bonds, bonds issued by the Public Buildings Authority (the "PBA," and such bonds, the "PBA Bonds") and claims against the Commonwealth based upon the Commonwealth's guarantee of payment of the PBA Bonds pursuant to a plan of adjustment (the "Proposed Plan") for the Commonwealth. The Proposed Plan could resolve, in whole or in part, objections to over $6 billion in claims filed by purported holders of 2012 GO Bonds and 2014 GO Bonds.

2. One aspect of the PSA directly implicates the Revised Procedures Motion, namely the Oversight Board's agreement under section 4.1(e) of the PSA to file a motion (the "Stay Motion") to stay the GO Objections (*i.e.*, the Objectors' 2012-2014 GO Bond Objection and the Committee's 2011 GO Objection) and related litigation.[5] Indeed, the Oversight Board intends to file the Stay Motion this week so that it can be heard, on regular notice, at the next omnibus hearing scheduled for July 24, 2019 at 9:30 a.m. (AST) (the "July 24 Omnibus Hearing").

3. The Committee intends to oppose the Stay Motion and the imposition of a global stay for reasons that it will articulate in its objection to the Stay Motion. The Committee has agreed to the Oversight Board's request to defer until the July 24 Omnibus Hearing and to consolidate all its arguments against the requested global stay into a single objection to the Stay

---

[4] The Oversight Board is precluded from joining in this Reply and pursuing the GO Objections pursuant to certain covenants in the PSA. The Oversight Board has posted the PSA at https://drive.google.com/file/d/1gpPPd1gnFjvpQ5aY6ZwdeG42dAvzQggz/view.

[5] The PSA Parties assert in their objection that the Court should deny the Revised Procedures Motion on that basis.

2

Motion. That is also why the Objectors requested [Docket No. 7528] an extension to file this Reply until July 17, 2019.

4. The Oversight Board obviously disagrees with the Committee's position regarding the requested stay, but will similarly defer its argument in support of the Stay Motion until the July 24 Omnibus Hearing and consolidate all its arguments in support of the stay into its Stay Motion. Through this Reply, the Objectors reiterate their request that the Revised Procedures Motion be adjourned to the July 24 Omnibus Hearing, so that this motion can be heard concurrently with the Stay Motion.[6]

## II. Mr. Hein's Objection Should Be Overruled

5. Irrespective of their disagreement with respect to the stay, the Objectors agree that the objection of Mr. Hein should be overruled, except for certain limited modifications that the Objectors are willing to make.

### A. Certain of Mr. Hein's Suggestions Are Acceptable to Objectors

6. As an initial matter, the Objectors are willing to further amend the Revised Objection Procedures to (a) designate one email address for the submission of Initial Proposals, and (b) provide that Participants receive automatic email alerts when documents are posted to the GO Objection Website.[7] Mr. Hein's other suggestions, however, are not acceptable, and the balance of his objection should, accordingly, be overruled.

### B. Mr. Hein Lacks Standing to Object on Behalf of Other Parties

7. Mr. Hein requests a number of changes to the Proposed Objection Procedures, for the purported benefit of *pro se* bondholders generally, on the basis that the Revised Objection

---

[6] The Objectors reserve all their rights with respect to the Stay Motion, including as it relates to the Revised Procedures Motion. To the extent the Oversight Board agrees to any modifications of the Revised Objection Procedures described herein, it does so while reserving its right to file the Stay Motion and otherwise argue that the GO Objections should be stayed.

[7] *See* Hein Resp. ¶ 1, at 2, first bullet.

3

Procedures do not go far enough in facilitating *pro se* bondholder participation in the GO Objections. But Mr. Hein lacks standing to raise these objections, because he represents only himself in this matter and has no fiduciary role with respect to other *pro se* parties. It is also telling that, while the Committee served the Revised Objection Procedures Motion on all the parties that provided an email or mailing address with their Notices of Participation, no *pro se* bondholder, other than Mr. Hein, filed an objection to the Revised Procedures Motion.

8. Of course, Mr. Hein is free to make arguments on his own behalf, but he must then explain why **he himself** is entitled to the relief he has requested—a task that Mr. Hein cannot accomplish given that none of the procedural objections he raises have impeded his full participation in this matter.[8] Moreover, Mr. Hein received notice of the 2012-2014 GO Bond Objection, returned a Notice of Participation by the applicable deadline, and is one of the M&C Parties entitled to participation in the initial meet and confer under the Revised Objection Procedures. In short, there is no need to further amend the Revised Objection Procedures to allow Mr. Hein (a seasoned attorney at the prestigious New York law firm of Wachtell, Lipton, Rosen & Katz) to participate in the GO Objections.

C. Mr. Hein's Other Procedural Proposals Are Unacceptable

9. Even assuming he had standing, Mr. Hein's procedural proposals are unacceptable, as they have been previously overruled, would violate the Court's Rules, or are otherwise improper.

---

[8] Mr. Hein has filed numerous pleadings in these Title III cases, including with respect to the 2012-2014 GO Bond Objection and related procedures. *See* April 24, 2019 Tr., at 192: 24-25, a 194: 1-2 (noting that "Mr. Hein can make and has made his voice heard in these cases" and that "Mr. Hein is an attorney and he's active in these cases").

4

10. First, Mr. Hein's proposal that *pro se* litigants be allowed to file documents with the Court electronically or by emailing Prime Clerk[9] was rejected by this Court at the omnibus hearing held in April 2019, when the Court observed that existing court procedures already provide "fair and adequate means of participation"[10] and "a means for all parties to participate in these Title III cases, to protect their interests and ensure that justice is done in a fair and efficient manner."[11] In response to Mr. Hein's previous request, the Court ruled that he had "not demonstrated cause to depart from the ordinary practices of the court,"[12] and this is still the case. The number of Participants was similar in April to what it is now,[13] and the practical issues addressed by the Revised Objection Procedures do not relate to Court filings. Further, the Revised Procedures Motion's website proposal does not provide an "analogous system"[14] to Court filings—the website is intended for communication between the parties, not between the parties and the Court.

11. In the same vein, Mr. Hein's proposal that transcripts be made immediately available to participants is inconsistent with Rule 9037-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"). Local Rule 9037-1(c) establishes a 90-day period in which transcripts are only made available at the clerk's office or from the transcriber upon payment of the applicable fee.[15] This delay allows interested

---

[9] *See* Hein Resp. ¶ 1, at 2, third bullet.

[10] April 24, 2019 Tr., at 193:6-7.

[11] *Id.* at 192:15-17.

[12] *Id.* at 193:8-9.

[13] As of April 16, 2019, approximately 1,656 Participants had submitted Notices of Participation, and as of the date of this Reply, approximately 1,772 Participants had submitted Notices of Participation.

[14] *See* Hein Resp., at 2 n.2.

[15] Local Rule 9037-1(c).

5

parties time to review the transcript and file requests that personal data identifiers be redacted prior to publication of the transcript.[16]

12. Mr. Hein's request to extend all time periods for written submissions in section 3 of the Revised Objection Procedures by seven days for *pro se* Participants is unnecessary and should be rejected. For one thing, Mr. Hein's rationale for this request (that *pro se* parties are not able to file documents with the Court electronically) is inapplicable to the vast majority of the time periods in the Revised Objection Procedures. All but one of the time periods in section 3 deal with Court filings by the Objectors,[17] email and website communications between the parties,[18] and the initial meet and confer between the M&C parties[19]—in other words, situations that do not involve *pro se* parties being required to file documents with the Court. The only relevant time period for Mr. Hein's concerns is the seven-day Response Deadline, but this time period was already in the GO Procedures as approved by this Court in February, and, as discussed above, this Court has already ruled that its current filing rules provide *pro se* parties with a "fair and adequate means of participation."[20] Therefore, Mr. Hein's request for extended deadlines should be denied.[21]

---

[16] *Id.*

[17] *See* Revised Obj. Procedures, § 3, at 4 (establishing five day deadline for Objectors to file initial list of parties that filed Notices of Participation, thirty-day deadline to file updated lists, twenty-one-day deadline for Objectors to file Recommendation, and three-day deadline for Objectors to file replies to responses to Recommendation).

[18] *Id.* at 4 (establishing five-business-day deadline for parties to exchange Initial Proposals by email, five-business-day deadline for objectors to post draft Recommendation to the GO Objection Website, and four business-day deadline for Participants to provide further input on proposed Objection Litigation Procedures by email).

[19] *Id.* (establishing twenty-one-day period following Initial Proposal Exchange Deadline for the M&C Parties to meet and confer).

[20] April 24, 2019 Tr. at 193:6.

[21] Mr. Hein previously complained regarding filing deadlines in his *Response to Docket 5077, Informative Motion of FOMB and UCC Regarding Procedures Order, of Individual Bondholder Residing in the 50 States Who Purchased in 2012 at the Original Offering Price*, filed on February 12, 2019 (the "Hein February Response")

6

13. In addition, Mr. Hein argues that any bondholder who wishes to be treated as an M&C Party should be entitled to participate in the initial meet and confer to formulate the Recommendation in connection with subsequent litigation procedures. Apart from the fact that Mr. Hein is already an M&C Party (and thus cannot raise arguments on behalf of other bondholders who he does not represent), Mr. Hein does not offer any suggestions for handling a meet and confer process with over 1,700 Participants other than to propose again that an official committee be appointed for bondholders, a "solution" this Court has already rejected.

14. Mr. Hein further argues that post-April 16, 2019 Notices of Participation in connection with the 2012-2014 GO Bond Objection should not be considered late, and that holders of such bonds should be expressly advised that they may still file Notices of Participation. He further contends that Participants that have filed Notices of Participation in connection with the 2012-2014 GO Bond Objection should not be required to file an additional form in connection with the 2011 GO Objection to participate as to any challenged bonds they hold.

15. Contrary to Mr. Hein's contentions, however, there is little evidence that the notice process in connection with the 2012-2014 GO Bond Objection has been so unsuccessful as to require the effective abandonment of the Court-approved April 16 deadline—the large numbers of Notices of Participation filed indicate that the notice process has been a success. While it is true that the total number of bondholders is unknown, Mr. Hein has not pointed to any concrete example or other evidence that the notification process failed to reach bondholders.[22] In

---

[Docket No. 5103]. *See* Hein Feb. Resp., at 7 (arguing that "time periods allowed are very short and are not feasible unless individuals without counsel can file papers by sending to an email address").

[22] Mr. Hein raises the fact that he did not initially receive the email from counsel to the Committee circulating the Revised Procedures Motion to Participants who had submitted email addresses. This was due to an inadvertent misspelling of Mr. Hein's email address, and had no connection with the notice process in connection with the GO Objections. Further, to the degree a serious service error does occur that causes a Participant to file a late

7

any event, this issue is premature. The Court can address any issues with late-filers if and when they come forward.

16. Along similar lines, Mr. Hein argues (as he has done previously)[23] that a sixty-day deadline for the return of Notices of Participation is too short and should be extended to eighty days. His argument is belied by the fact that the vast majority of Participants submitted their Notices of Participation within the 60-day period. Moreover, this Court approved the 60-day period and there is no reason to revisit the issue.

17. Mr. Hein also makes several arguments that appear to be the result of simply misreading the Revised Objection Procedures. For example, he argues that certain revised language referencing "bond claims," instead of "bonds" implies that only parties who filed proofs of claim can file Notices of Participation. This is not a correct reading of the text. The language Mr. Hein refers to states that "any person or entity that holds a **GO Bond Claim** . . . that wishes to participate in the litigation of the GO Objections must serve by email and file a notice of its intent to participate in such litigation (a "Notice of Participation")."[24] But the term "GO Bond Claim" merely refers to "claims that have **or may be** asserted against the Commonwealth on account of certain general obligation bonds" issued in 2011 and 2012-2014.[25] There is no mention of or requirement that Participants file **proofs of claim**.

18. Mr. Hein is also mistaken when he argues (as he has done before[26]) that the Revised Objection Procedures suggest that a creditor could lose voting rights in connection with

---

notice, the solution can already be found in the objection procedures, which allow parties that file late Notices of Participation to participate completely in the GO Objections upon obtaining permission from the Court upon a showing of good cause. *See* Revised Obj. Procedures, § 5.

[23] *See* Hein Feb. Resp., at 6.

[24] Revised Obj. Procedures, § 2, at 2.

[25] *Id.* at 2 (defining "GO Bond Claims").

[26] *See* Hein Feb. Resp., at 6.

8

a plan of adjustment based on failing to file a Notice of Participation. This is not true. The Revised Objection Procedures state that voting rights will be lost if the GO Objections are granted in order to advise bondholders that their rights may be affected even if they are not allowed to participate in litigation of the GO Objections based on the failure to file a Notice of Participation.[27] There is no suggestion here that simply not filing the Notice of Participation will itself result in the loss of voting rights. The text is quite clear that the loss of voting rights is a consequence of an adverse result for bondholders in the litigation of the GO Objection, not a consequence of failing to file the Notice of Participation.

19. Next, Mr. Hein repeats a series of objections to the Revised Objection Procedures that he acknowledges are identical to the objections that he raised, and that the Court overruled, when the Court granted the initial GO Procedures Order in February. Mr. Hein claims that because certain Notices of Participation were filed late, these complaints have acquired "even greater cogency" and that there are an "untold number" of individual bondholders "who were confused or were not able to figure out how to timely file a Notice of Participation."[28]

20. Approximately 116 Participants submitted Notices of Participation after April 16, 2019 out of a total of approximately 1,772 Participants that have submitted Notices of Participation in connection with the 2012-2014 GO Bond Objection as of the date of this Reply. Thus, a large number of bondholders have been able to participate in the GO Objections thus far. Moreover, Mr. Hein can present no evidence that there is an "untold number" of confused would-be Participants struggling to return the one-page Notice of Participation form.

---

[27] *See* Revised Obj. Procedures, § 2, at 3 (stating that "if the District Court grants the GO Objections in whole or in part, claimants' recovery on account of the GO Bond Claims will be eliminated in whole or in part, and claimants will be forever barred from asserting such claims against the Commonwealth, from voting on any plan of adjustment filed in this Title III Case, and from participating in any distribution in this Title III Case on account of such claims arising from the GO Bonds and the GO Bond Claims").

[28] Hein Resp., at 9.

9

21. Furthermore, a quick review of Mr. Hein's applicable February 2019 objections demonstrates that they should be overruled again.

- There should be one email address to submit Notices of Participation for filing with the Court.
  - **As mentioned above, this Court has addressed this issue and rejected the contention that *pro se* parties must be allowed to file documents with the Court by email.**

- Notice should be published in the *Wall Street Journal*.
  - **Publication notice is already extensive and there is no evidence that such notification has been insufficient.**

- Filing instructions should be included on the Notice of Participation form.
  - **There already are sufficient instructions on the form to allow a *pro se* Participant to mail the form to the Court.**

- The reference to "exclusive procedures"[29] in the Revised Objection Procedures should be eliminated prior to actual notice being given, because it is not necessary to say this and because the term "exclusive" may "create an unfair obstacle for individuals who may seek relief from the procedures in the future or seek to modify the procedures."[30]
  - **This language merely clarifies that participation in the GO Objections occurs pursuant to these procedures. It does not create or imply any prohibition on seeking relief from or to modify the procedures.**

- The Revised Objection Procedures should not impose the requirement that Respondents "cooperate in good faith to file joint papers" given privilege issues and the large number of Respondents.
  - **This objection is premature at this time. These issues can be addressed in the context of the Initial Proposals and the Recommendation to the Court in connection with litigation procedures.**

- The statement that the Objectors are not precluded from raising new grounds for objection[31] is "one-sided" and not appropriate, because there may be "time

---

[29] Revised Obj. Procedures, § 1, at 2 ("These procedures shall be the exclusive means to participate in the litigation before the District Court of issues relating to the disallowance of GO Bond Claims on the grounds set forth in the GO Objections.").

[30] Hein Resp., at 11.

[31] *See* Revised Obj. Procedures, § 7, at 7 ("The fact that the Objectors have objected to the GO Bond Claims shall not preclude (i) the Objectors or any party in interest from objecting to a GO Bond Claim on any basis not set forth in the GO Objections or to any other claim asserted by the GO Bondholder unrelated to the GO Bonds or

10

bars or other reasons why additional grounds for objections should be precluded."[32]

- **This statement only clarifies that future claim objections are not precluded based on the filing of *these objections*. Nothing prohibits parties from opposing future claim objections on whatever other grounds may be appropriate.**

22. Finally, Mr. Hein argues that bondholders should be given adequate notification of and be allowed to participate fully in settlement discussions. Mr. Hein also attacks the litigation strategy of the Objectors and the merits of the GO Objections. Neither of these points are relevant to the Revised Procedures Motion. The only discussion between parties that the Revised Procedures Motion addresses is the initial meet and confer with respect to the Recommendation regarding litigation procedures that will be presented to the Court; it does not address the structure of substantive settlement discussions. To the degree that Initial Proposals or the Recommendation address the settlement process, Mr. Hein can respond to those documents at the appropriate time. Similarly, substantive legal arguments regarding the merits of the GO Objections are premature.

23. Based on the foregoing, Mr. Hein's objection should be overruled except to the extent the Objectors agree to certain of his proposals, as discussed above.

### III. DRA Parties' Limited Objection Has Been Resolved

24. The DRA Parties' limited objection argues that the Revised Objection Procedures should be amended to add the DRA parties to the list of M&C Parties entitled to participate in the initial meet and confer in connection with the development of the Recommendation concerning proposed objection litigation procedures. The Objectors have agreed to this request. Therefore, the DRA Parties' limited objection has been resolved.

---

(ii) a Title III Party from asserting additional grounds for objecting to the GO Bond Claims pursuant to a Notice of Participation.").

[32] Hein Resp., at 12.

**IV.     PSA Parties' Joint Objection Should Be Addressed at July 24 Omnibus Hearing**

25. The PSA Parties' joint objection asserts that the Revised Procedures Motion should be denied as a result of the PSA and proposed settlement of the GO Objections described therein. As noted above, while the Oversight Board and the Committee disagree as to the imposition of a global stay of the GO Objections, they do agree that the Revised Procedures Motion and Stay Motion should be heard at the same time to permit the parties, and the Court, sufficient time to fully address how the GO Objections could or should proceed in light of the PSA and proposed settlements contemplated thereunder. The Objectors are also informed that the Lawful Constitutional Debt Coalition (one of the PSA Parties) has consented to having its objection heard at the July 24 Omnibus Hearing. Accordingly, the Objectors respectfully assert that the PSA Parties' joint objection should be heard at the July 24 Omnibus Hearing in connection with a hearing to consider the Stay Motion, and, if continued, the Revised Procedures Motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Objectors respectfully request that the Court adjourn the hearing on the Revised Procedures Motion to the omnibus hearing on July 24, 2019, and grant the Objectors such other relief as is just and proper.

Dated: June 24, 2019        By: */s/ Luc A. Despins*

**PAUL HASTINGS LLP**
Luc. A. Despins, Esq. *(Pro Hac Vice)*
James R. Bliss, Esq. *(Pro Hac Vice)*
James B. Worthington, Esq. *(Pro Hac Vice)*
G. Alexander Bongartz, Esq. *(Pro Hac Vice)*
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
jamesbliss@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

By: */s/ Juan J. Casillas Ayala*

**CASILLAS, SANTIAGO & TORRES LLC**
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Alberto J. E. Añeses Negrón, Esq. (USDC - PR 302710)
Israel Fernández Rodríguez, Esq. (USDC - PR 225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR 306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
aaneses@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured Creditors*

13

By:   */s/ Sunni P. Beville*

BROWN RUDNICK LLP
Edward S. Weisfelner, Esq. (*Pro Hac Vice*)
Seven Times Square
New York, NY 10036
Tel: (212) 209-4800
eweisfelner@brownrudnick.com

Sunni P. Beville, Esq. (*Pro Hac Vice*)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
sbeville@brownrudnick.com

*Counsel to the Financial Oversight and Management Board, Acting Through Its Special Claims Committee*

and

ESTRELLA, LLC
Alberto Estrella (USDC-PR 209804)
Kenneth C. Suria (USDC-PR 213302)
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: (787) 977-5050
Fax: (787) 977-5090

*Local Counsel to the Financial Oversight and Management Board, Acting Through Its Special Claims Committee*

14