**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: Docket No. 7528** |

**OBJECTION OF THE AD HOC GROUP OF CONSTITUTIONAL DEBTHOLDERS, ASSURED GUARANTY CORP., AND ASSURED GUARANTY MUNICIPAL CORP. TO URGENT MOTION TO CONTINUE JUNE 28, 2019 HEARING**

The Ad Hoc Group of Constitutional Debtholders (the "Ad Hoc Group"),[2] Assured Guaranty Corp. ("AGC"), and Assured Guaranty Municipal Corp. (together with AGC, "Assured," and collectively with AGC and the Ad Hoc Group, the "Objectors") submit this objection (the "Objection") to the *Urgent Joint Motion of Financial Oversight and Management Board, Acting Through its Special Claims Committee, and Official Committee of Unsecured Creditors Under Bankruptcy Code Sections 105(a) and 502 and Bankruptcy Rule 3007, to (I) Continue Hearing on Motion to Establish Claims Objection Procedures and (II) Extend Related Deadlines with Respect to Omnibus Objection to Claims of Holders of Certain Commonwealth General Obligation Bonds*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] *See Third Supplemental Verified Statement of the Ad Hoc Group of Constitutional Debtholders Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Docket No. 6067].

ny-1680089

[Docket No. 7528] (the "Urgent Motion").[3] In support of the Objection, the Objectors respectfully state as follows:[4]

## OBJECTION

1.  It appears that the Oversight Board and the Committee have failed to heed the Court's admonishment at the last omnibus hearing not to engage in urgent motion practice that could have been avoided through foresight and proper planning.

2.  The supposed basis for the urgent relief they seek is that a Commonwealth plan of adjustment is upon us. It is not. The Plan Support Agreement (the "PSA") made public on June 16 describes a patently unconfirmable plan that enjoys the limited support of a rump group of bondholders holding less than 15% of the Commonwealth's public debt. The announcement of the PSA should not hold up the other 85% of public debtholders, nor does it justify granting emergency relief. The Urgent Motion should be denied on this basis alone.[5]

3.  In any event, the Oversight Board and the Committee have not demonstrated that the relief they seek is at all necessary or appropriate. The June 28 hearing should proceed to

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Urgent Motion.

[4] In addition, Assured incorporates by reference all of the arguments against delay set forth in the *Objection of Defendant-Intervenors Assured Guaranty Corp. and Assured Guaranty Municipal Corp. to Urgent Motion of Financial Oversight and Management Board to Modify Deadlines in Scheduling Order Pending Consideration of Motion to Stay Adversary Proceeding*, Adv. Pro. No. 18-00149, ECF No. 93.

[5] During the intervening five business days between the announcement of the PSA and the filing of the Urgent Motion, neither the Ad Hoc Group nor the various monoline insurers, who collectively hold or insure in excess of $5 billion of GO Bonds, heard anything of the Oversight Board and the Committee's plans to further forestall the already long-delayed claim objection process for at least another month (and, perhaps, indefinitely). Indeed, the Oversight Board declined to contact any of the major, organized holders of Challenged GO Bonds (other than, apparently, a single ad hoc group of general obligation bondholders) to attempt to resolve the relief requested by the Urgent Motion, as required by the Court's *Order Further Amending Case Management Procedures* [Docket No. 7115] (the "Case Management Order").

resolve the Committee's request to consolidate its objection[6] to certain GO Bonds issued in 2011 with the existing objection[7] to GO Bonds issued in 2012 and 2014 (along with the 2011 GO Bond Objection, the "Debt Limit Objections").

4. That commonsense request is not opposed by any major holder of Challenged GO Bonds, with the exception of those that are contractually obligated by the PSA to do so. Further, under the Court's current briefing schedule, so long as that request remains pending, the Oversight Board, the Committee, and Challenged GO Bondholders will be unable to begin the process of exchanging initial proposals to establish a briefing schedule on the Debt Limit Objections.

5. There has already been too much delay. Initial proposals were originally due to be exchanged on May 7—over six weeks ago—and all parties in interest have had ample time to prepare a proposed briefing schedule. Incredibly, the Oversight Board and the Committee suggest that they need more time still to formulate a proposal that takes into consideration both settling and non-settling parties. That excuse rings hollow. The fact that some parties—*i.e.*, those creditors supporting the PSA, roughly *half of whom are plaintiffs* in the Debt Limit Objection[8]—have apparently chosen to settle the debt limit litigation prematurely does not affect the need to establish litigation procedures for the defendants that remain (nor does it affect the manner in which that litigation should be structured). Unless and until 100% of all Challenged GO Bondholders agree to settle the Debt Limit Objections, the merits of those objections will have to be litigated sooner

---

[6] *See Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted by Holders of Certain 2011 Commonwealth General Obligation Bonds* [Docket No. 7057] (the "2011 GO Bond Objection").

[7] *See Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted By Holders of Certain Commonwealth General Obligation Bonds* [Docket No. 4784].

[8] *See Statement of Position of the Lawful Constitutional Debt Coalition regarding Objection to Claims filed or asserted by holders of certain Commonwealth General Obligation Bonds* [Docket No. 6180].

or later. It inures to no one's benefit (except, perhaps, the proponents of those dubious objections) to do so later.

6. At bottom, the Urgent Motion amounts to a request to pause the entire case so that the Oversight Board may proceed with a deeply flawed plan that is supported by less than 15% of the Commonwealth's public debtholders and is premised on an unfavorable settlement of spurious litigation, all before the defendants even have the opportunity to respond on the merits. That the Oversight Board seeks to drag its feet in prosecuting that litigation suggests that the Debt Limit Objections are simply the tactical means to the strategic end of cramdown. In this respect, a prediction made at the last omnibus hearing has proven prescient—despite counsel to the Oversight Board's protestation to the contrary, it seems that the Board's strategy is to indeed use the support of a "small, impaired accepting class" to "steamroll everyone else" and delay the adjudication of every important issue until "a massive confirmation" hearing (or beyond).[9] Respectfully, that is not how consensus is brokered, and the Oversight Board's efforts in this regard should not be endorsed by the Court.[10]

7. Regardless of whether the facts may one day warrant a global stay of all litigation—which, to be clear, the Oversight Board and the Committee have not yet requested—that possibility alone does not absolve the Oversight Board of the duty to prosecute the litigation it commences, nor does it outweigh Challenged GO Bondholders' interest in a timely resolution of the Debt Limit Objections. The Urgent Motion should be denied.

*[Signature page follows]*

---

[9] *See* Hrg. Tr. (Jun. 12, 2019), at 128:10-13.

[10] As the Committee has previously pointed out, the plan settlement in COFINA was only achieved after parties had fully briefed and argued their motions for summary judgment on the merits of the underlying dispute.

Dated: June 25, 2019

| | |
|---|---|
| **G. CARLO-ALTIERI LAW OFFICES, LLC** | **MORRISON & FOERSTER LLP** |
| By: */s/ Gerardo A. Carlo* | By: /s/ *Gary S. Lee* |
| Gerardo A. Carlo | James M. Peck (admitted *pro hac vice*) |
| USDC PR No. 112009 | Gary S. Lee (admitted *pro hac vice*) |
| Telephone: (787) 247-6680 | Grant J. Esposito (admitted *pro hac vice*) |
| gacarlo@carlo-altierilaw.com | David J. Fioccola (admitted *pro hac vice*) |
| | James A. Newton (admitted *pro hac vice*) |
| By: */s/ Kendra Loomis* | Andrew R. Kissner (admitted *pro hac vice*) |
| Kendra Loomis | |
| USDC PR No. 227408 | 250 West 55th Street |
| Telephone: (787) 370-0255 | New York, New York 10019 |
| loomislegal@gmail.com | Telephone: (212) 468-8000 |
| | Facsimile: (212) 468-7900 |
| 254 San Jose St., Third Floor | jpeck@mofo.com |
| San Juan, Puerto Rico 00901 | glee@mofo.com |
| Telephone: (787) 247-6680 | gesposito@mofo.com |
| Facsimile: (787) 919-0527 | dfioccola@mofo.com |
| | jnewton@mofo.com |
| | akissner@mofo.com |

*Counsel for the Ad Hoc Group of Constitutional Debtholders*

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS P.S.C.** | **CADWALADER, WICKERSHAM & TAFT LLP** |
| By: */s/ Heriberto Burgos Pérez* <br> Heriberto Burgos Pérez <br> USDC-PR 204809 <br> Ricardo F. Casellas-Sánchez <br> USDC-PR 203114 <br> Diana Pérez-Seda <br> USDC-PR 232014 <br> P.O. Box 364924 <br> San Juan, PR 00936-4924 <br> Telephone: (787) 756-1400 <br> Facsimile: (787) 756-1401 <br> Email: hburgos@cabprlaw.com <br>      rcasellas@cabprlaw.com <br>      dperez@cabprlaw.com <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* | By: */s/ Mark C. Ellenberg* <br> Howard R. Hawkins, Jr.* <br> Mark C. Ellenberg* <br> William J. Natbony* <br> Ellen M. Halstead* <br> Thomas J. Curtin* <br> Casey J. Servais* <br> 200 Liberty Street <br> New York, NY 10281 <br> Telephone: (212) 504-6000 <br> Facsimile: (212) 406-6666 <br> Email: howard.hawkins@cwt.com <br>      mark.ellenberg@cwt.com <br>      bill.natbony@cwt.com <br>      ellen.halstead@cwt.com <br>      thomas.curtin@cwt.com <br>      casey.servais@cwt.com <br><br> * Admitted *pro hac vice* <br><br> *Attorneys for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.* |

ny-1680089